# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M.B., <br><br> Plaintiff, <br><br> v. <br><br> ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. <br><br> Defendants, <br><br> v. <br><br> DAIQUAN DAVIS and ABDUL LOPEZ <br><br> Additional Defendants. | Case No.: |

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1452**

Defendants Roosevelt Inn, LLC (the "Roosevelt Inn"), Roosevelt Motor Inn, Inc. (the "Roosevelt Motor Inn" and together with the Roosevelt Inn, the "Debtors"), UFVS Management Company, LLC ("UFVS"), and Yagna Patel ("Patel" and together with UFVS, the "Non-Debtor Co-Defendants") (at times the Debtors and the Non-Debtor Co-Defendants are referred to as the "Roosevelt Inn Defendants"), hereby remove the above captioned civil action (the "Action"), and all claims and causes of action therein, from the Court of Common Pleas, Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1334 and 1452(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules").  In support of this Notice of Removal, the Roosevelt Inn Defendants state as follows:

## BACKGROUND

1. The Roosevelt Inn operates a hotel property in Northeast Philadelphia.  The Roosevelt Motor Inn holds title to the hotel property.

2. On March 10, 2017, Plaintiff commenced the Action by filing a Complaint (the "Complaint") in the Court of Common Pleas, Philadelphia County (the "State Court") against the Roosevelt Inn Defendants.  In the Complaint, Plaintiff asserted common law personal injury tort claims and statutory causes of action against the Roosevelt Inn Defendants stemming from the Roosevelt Inn Defendants' alleged failure to prevent Plaintiff from being sex trafficked at the Roosevelt Inn's hotel.  The Action is one of five similar civil actions currently pending against the Debtors, the Non-Defendant Debtors, and various other non-debtor co-defendants and third-party defendants (such claims and cases together, the "Pending Tort Actions").

3. On September 5, 2017, Plaintiff amended her Complaint to name non-debtor co-defendant Alpha-Centurion Security, Inc. ("Alpha") as a defendant in the Action.  Alpha, pursuant to a written contract, provided security services to the Debtors.  Plaintiff claimed that Alpha was also liable to her for her personal injury tort claims.

4. On September 25, 2017, the Roosevelt Inn Defendants asserted cross-claims for contribution and common law indemnity against Alpha.

5. On January 22, 2018, Alpha asserted cross-claims against the Roosevelt Inn Defendants for contribution and indemnification.

6. On August 27, 2018, Plaintiff filed a Second Amended Complaint.

7. On October 18, 2018, the Roosevelt Inn Defendants joined thirty party defendants Abdul Lopez ("Lopez") and Daiquan Davis ("Davis"). Despite being served, neither Lopez nor Davis responded to the Complaint to Join.

8. On October 30, 2018, the Roosevelt Defendants asserted additional cross-claims against Alpha for contractual indemnification and breach of contract. On July 10, 2020, the Roosevelt Defendants amended their cross-claims against Alpha to include claims for negligent hiring, training and supervision and negligence *per se*.

9. The last in time pleading filed by Plaintiff was a Fourth Amended Complaint ("Fourth Amended Complaint") filed on November 8, 2019 where Plaintiff amended her claims against the Roosevelt Inn Defendants to allege only common law tort claims based on constructive knowledge of sex trafficking and limited Plaintiff's time at the Roosevelt Inn to January through June of 2014.

10. On June 16, 2021(the "Petition Date"), the Debtors each filed a Voluntary Petition for Relief Under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

11. The petitions are being jointly administered under the caption *In re: Roosevelt Inn, LLC and Roosevelt Motor Inn, Inc.*, Case No. 21-11697 (AMC) (collectively the "Chapter 11 Cases"). The Chapter 11 Cases are pending before United States Bankruptcy Judge Ashley M. Chan.

12. Consistent with 28 U.S.C. § 157(a), this Court has issued Standing Order dated July 25, 1984, November 8, 1990, and June 29, 1992 ("Standing Orders of Reference") providing for an "automatic reference" of, *inter alia*, all proceedings related to cases under the Bankruptcy

Code to the Bankruptcy Court, where the Chapter 11 Cases of the Debtors are now pending. *See* 28 U.S.C. § 157(a).

13. However, 28 U.S.C. § 157(b)(2)(B) specifically excludes from the definition of "core proceedings" "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." *See* 28 U.S.C. § 157(b)(2)(B).

14. Pursuant to 28 U.S.C. § 157(b)(5), this Court has the exclusive authority to fix venue of personal injury tort claims, including those asserted in the Action and the Pending Tort Actions, that relate to the Debtors' bankruptcy proceedings. *See* 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."); *see also* 1 Collier on Bankruptcy ¶ 3.06 (Richard Levin & Henry J. Sommer eds. 16 ed.) ("Section 157(b)(5) provides that the venue of the trial is to be determined by the district court in which the title 11 case is pending. This unusual, perhaps unique, provision empowers a court other than that in which the litigation is pending to decide where the trial is to take place.").

15. Consistent with the purpose of 28 U.S.C. § 157(b)(5), the Debtors will seek to consolidate the Pending Tort Actions before this Court, which is the district where the Chapter 11 Cases are pending, to allow for an efficient and equitable resolution of all Pending Tort Actions. *See Coker v. Pan Am. Corp. (In re Pan Am. Corp.),* 950 F.2d 839, 845 (2d Cir. 1991) ("[T]he manifest purpose of section 157(b)(5) was 'to centralize the administration of the estate and to eliminate the multiplicity of forums for the adjudication of parts of the bankruptcy case.'" (quoting *A.H. Robbins Co.,* 788 F.2d 994, 1011(4th Cir. 1986)*; Hopkins,* 342 B.R. 703, 716 (D. Del. 2006)

("The purpose of Section 157(b)(5) is to centralize the administration of the bankruptcy estate and eliminate having multiple forums adjudicate different parts of the bankruptcy case.").

16. By this Notice of Removal, the Debtors and Non-Debtor Co-Defendants hereby remove the Action, and all claims and causes of action therein, from the State Court to this Court.

## GROUNDS FOR REMOVAL

17. Removal of the Action is proper pursuant to 28 U.S.C. §§ 1334 and 1452(a).

18. Section 1452(a), which governs the removal of a civil action related to a bankruptcy case, such as the Action, provides:

> A party may remove any claim or cause of action in a civil action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

19. Section 1334(b), in turn, provides in relevant part that the "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b). In enacting section 1334(b), "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). Jurisdiction over a proceeding that is "related to" a bankruptcy case, such as the Action is to the Debtors' pending bankruptcy cases, is the "broadest of the potential paths to bankruptcy jurisdiction." *Binder v. Price Waterhouse & Co.* (*In re Resorts Int'l, Inc.*), 372 F.3d 154, 163 (3d Cir. 2004); *see also SPV OSUS, Ltd. V. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) ("While 'related-to' jurisdiction is not limitless, it is fairly capacious…". (internal citations omitted); *Coen v. Stutz (In re CDC Corp.)*, 610 F. App'x 918, 921 (11th Cir. 2015) ("This 'related to' jurisdiction is 'extremely broad.' (quotation omitted)); *Boston Regional*

*Med. Ctr., Inc. v. Reynolds (In re Boston Regional Med. Ctr., Inc.)*, 410 F.3d 100, 106 (1st Cir. 2005 ("The statutory grant of 'related to' jurisdiction is quite broad."); *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005) ("A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy." (internal quotations omitted)); *Internal Revenue Serv. V. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F33d 482, 489 (6th Cir. 1996) ([T]he emphatic terms in which the jurisdictional grant is described in the legislative history, and extraordinarily broad wording of the grant itself, leaves us with no doubt that Congress intended to grant district court broad jurisdiction in bankruptcy cases."); *Coffey v. Anderson (In re PSLJ, Inc.)*, 873 F.2d 1440 (table) (4th Cir. 1989) ("We have recognized that a bankruptcy court has broad jurisdiction over proceedings arising in or related to a title 11 case.").

20.  An action is "related to" a bankruptcy case where its outcome "could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1994). An action satisfies the "conceivable effect" test "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* The Third Circuit has further clarified that such effects on the bankruptcy estate must be the product of the related action itself, "without the intervention of yet another lawsuit." *See In re Federal-Mogul Glob., Inc.*, 300 F.3d 368, 382 (3d Cir. 2002).[1]

---

[1] Because the Debtors' Chapter 11 Cases are currently pending before the Bankruptcy Court for the Eastern District of Pennsylvania, the Debtors rely principally on the Third Circuit's interpretation of section 1334(b)'s analysis of "related to" jurisdiction. However, the "any conceivable effect" test developed by the Third Circuit in *Pacor* has been endorsed by the United States Supreme Court and adopted by the vast majority of circuits "with little or no variation." *Celotex*, 514 U.S. at 308 n.6 (collecting cases); *see also, e.g., SPV OSUS, Ltd.*, 882 F.3d; *Estate of Jackson v. Schron (In re Fundamental Long Term Care, Inc.)*, 873 F.3d 1325, 1336-37 (11th Cir. 2017); *Fire Eagle L.L.C. v. Bischoff (In re Spillman Dev. Federal Deposit Ins. Corp. (In re George Love Farming, LC)*, 420 F. App'x 788, 792 n.2 (10th Cir. 2011); *GAF Holdings, LLC v. Rinaldi (In re Farmland Indus., Inc.)*, 567 F.3d 1010, 1019 (8th Cir. 2009), *Valley Historic Ltd P'ship v. Bank of N.Y.*, 486 F.3d 1107, 1113 (9th Cir. 2004). Although the Seventh Circuit has articulated

21. The Fourth Amended Complaint arises in, arises under, or is otherwise related to the Debtors' Chapter 11 Cases and is therefore removable under 28 U.S.C. § 1452(a) because, *inter alia*:

  a. The Fourth Amended Complaint seeks damages based upon tortious actions or omissions allegedly committed by the Debtors and any recovery of such damages would diminish the Debtors' estates;

  b. The Debtors and the Non-Debtor Co-Defendants named in the complaint share an identity such that a claim against the Non-Debtor Co-Defendants is, in effect, a claim against the Debtors' estates. *See A.H. Robbins Co. v. Picinnin,* 788 F.2d 994, 999 (4th Cir. 1986);

  c. The Debtors and the Non-Debtor Co-Defendants are parties to shared insurance policies;

  d. In addition, the Roosevelt Inn Defendants are defending cross-claims brought against them by Alpha for indemnification and contribution. If Alpha is successful in such claims against the Roosevelt Inn Defendants, such success will impair and impact the Debtors' bankruptcy estates;

  e. The Roosevelt Inn Defendants are prosecuting claims against Alpha, Lopez, and Davis for indemnification and contribution. If the Roosevelt Inn Defendants are successful in such claims against either Alpha, Lopez, or Davis, then such recovery may impact the Debtors' bankruptcy estates;

  f. The claims and allegations in the Fourth Amended Complaint against the Non-Debtor Co-Defendants are inextricably intertwined with the claims and allegations against the Debtors such that the entire Action is related to the Debtors' Chapter 11 Cases. The claims and allegations in the Fourth Amended Complaint arise out of a common nucleus of operative facts and raise substantially similar questions of law. As one consequence, the Debtors may be compelled to participate in the litigation, notwithstanding the automatic stay, to protect its own interests. *See Union Tr. Phila. LLC v. Singer Equip. Co. (in re Union Tr. Phila., LLC),* 490 B.R. 644, 657 (E.D. Pa. 2011) (finding related to jurisdiction over state law claims against non-debtors where the debtor was at risk of being "bound to critical factual and legal issues determined in those proceedings by operation of collateral estoppel"); and,

---

a slightly different test for "related to" jurisdiction, a recent decision from that circuit indicates close alignment with the *Pacor* test. *See Bush v. United States*, 939 F.3d 839, 846 (7th Cir. 2019) ([T]he related-to jurisdiction must be assessed at the outset of the dispute, and it is satisfied when the resolution has a potential effect on other creditors.").

g. Moreover, the continuation of the Action, even if stayed against the Debtors, would likely require the Debtors or their employees to expend time and resources in responding to discovery requests and participating in depositions. *See Nevada Power Co. v. Calpine Corp. (In re Calpine Corp.),* 365 B.R. 401, 412 (S.D.N.Y. 2007) (enjoining actions against a non-debtor where the debtor "would suffer irreparable harm if [a key employee] were distracted from his responsibilities in order to participate" in ongoing litigation).

22. Accordingly, the entire Action, and not just the claims against the Roosevelt Inn Defendants, is appropriately removed to this Court.

**PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

23. Removal of the Action is timely pursuant to Bankruptcy Rule 9027(a)(2). No order has been entered in the Chapter 11 Cases terminating the automatic stay with respect to any claim against the Debtors.

24. Venue in this Court is proper pursuant to Bankruptcy Rule 9027(a)(1). The State Court is located in this district and in the division of the Bankruptcy Court.

25. Pursuant to Rule 9027(a)(1) of the Bankruptcy Code, the removal is to the District Court where the Action is pending. *See* Fed. R. Bankr. P. 9027(a)(1).

26. This Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. § 1334(b) because the Action arises in and is related to the Chapter 11 Cases.

27. The Action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), as it arises in and relates to matters which relate to property of the Debtors' estates under section 541 of the Bankruptcy Code and effects the administration of the estates. However, the liquidation of the underlying personal injury tort claims against the estate are not core proceedings.[2]

---

[2] Section 157(b)(2)(B) specifically excludes from the definition of "core proceedings" "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." *See* 28 U.S.C. § 157b(2)(B).

28. Section 157(b)(5) states that "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5). However, to extent this Court determines that section 157(b)(5) does not apply, the Debtors consent to the entry of final orders or judgment by the Bankruptcy Court in connection with the liquidation of the personal injury tort claims.

29. In accordance with Bankruptcy Rule 9027(a)(1), filed with this Notice of Removal are copies of the State Court docket, the process and the pleadings of the State Court case filed for this Action.  *See* Exhibits 1 through 16.

30. Promptly after the filing of this Notice of Removal, the Debtors will serve on all parties to the Action and file with the clerk of the State Court a copy of this Notice of Removal in accordance with Bankruptcy Rules 9027(b) and (c).

31. The Debtors and the Non-Debtor Co-Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove the Action.

Respectfully submitted,

BLANK ROME LLP

Dated:  July 2, 2021

*/s/ Charles S. Marion*
Charles S. Marion (PA ID# 56509)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
byers@blankrome.com

*Attorneys for Roosevelt Inn LLC d/b/a
Roosevelt Inn and
Roosevelt Inn Café, Roosevelt Motor Inn, Inc.
d/b/a Roosevelt Motor Inn,
UFVS Management Company, LLC and
Yagna Patel*

## **VERIFICATION**

I, Charles S. Marion, hereby verify that the facts contained in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of perjury relating to unsworn falsifications to authorities.

Dated: July 2, 2021                               By: *[signature: Charles S. Marion]*

## **CERTIFICATE OF SERVICE**

    I, Justina L. Byers, Esquire, hereby certify that, on this 2nd day of July 2021, I caused a true and correct of copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Notice of Removal via electronic and First Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN  47808

*Additional Defendant*

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

      /s/  Justina L. Byers