# EXHIBIT 2

## Docket Report

**Case Description**
| | |
|---|---|
| **Case ID:** | 170300712 |
| **Case Caption:** | B. ETAL VS ROOSEVELT INN LLC ETAL |
| **Filing Date:** | Friday , March 10th, 2017 |
| **Location:** | CH - City Hall |
| **Case Type:** | 2O - PERSONAL INJURY - OTHER |
| **Status:** | CLDBR - DEFERRED - BANKRUPTCY |

**Related Cases**

*No related cases were found.*

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 10-MAR-2017 08:41 AM | ACTIV - ACTIVE CASE | | | 10-MAR-2017 09:12 AM |

**Docket Entry:** E-Filing Number: 1703025413

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 10-MAR-2017 08:41 AM | CIVIJ - COMMENCEMENT CIVIL ACTION JURY | BEZAR, NADEEM A | | 10-MAR-2017 09:12 AM |

**Documents:** [Final Cover]

**Docket Entry:** *none.*

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 10-MAR-2017 08:41 AM | CMPLT - COMPLAINT FILED NOTICE GIVEN | BEZAR, NADEEM A | | 10-MAR-2017 09:12 AM |

**Documents:** [COMPLAINT.pdf]

**Docket Entry:** COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED.

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 10-MAR-2017 08:41 AM | SSCG4 - SHERIFF'S SURCHARGE 4 DEFTS | BEZAR, NADEEM A | | 10-MAR-2017 09:12 AM |

**Docket Entry:** *none.*

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 10-MAR-2017 08:41 AM | JURYT - JURY TRIAL PERFECTED | BEZAR, NADEEM A | | 10-MAR-2017 09:12 AM |

**Docket Entry:** 12 JURORS REQUESTED.

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 10-MAR-2017 08:41 AM | CLWCM - WAITING TO LIST CASE MGMT CONF | BEZAR, NADEEM A | | 10-MAR-2017 09:12 AM |

**Docket Entry:** *none.*

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 16-MAR-2017 05:41 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | | | 17-MAR-2017 10:46 AM |

**Documents:** 130671.01_AFFIDAVIT_2EBB2C60-DB7D-0B4A-844F-09397640938E.pdf
130671.02_AFFIDAVIT_CE92631F-83FB-2549-9744-701C5B781C34.pdf
130671.03_AFFIDAVIT_B533EC5D-F861-4646-9F17-95D2CE8DA710.pdf

**Docket Entry:** AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON YAGNA PATEL, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC BY PERSONAL SERVICE ON 03/10/2017 FILED.

| | | | |
|---|---|---|---|
| 23-MAR-2017<br>04:41 PM | AFDVT - AFFIDAVIT OF<br>SERVICE FILED | BEZAR, NADEEM<br>A | 24-MAR-2017<br>02:42 PM |

**Documents:** Affidavit of Service scanned UFVS.pdf

**Docket Entry:** AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON UFVS MANAGEMENT COMPANY LLC BY CERTIFIED MAIL ON 03/20/2017 FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| | | | |
|---|---|---|---|
| 05-APR-2017<br>03:25 PM | ENAPP - ENTRY OF<br>APPEARANCE | BYERS MS.,<br>JUSTINA L | 06-APR-2017<br>09:50 AM |

**Documents:** Entry of Appearance - Roosevelt.pdf

**Docket Entry:** ENTRY OF APPEARANCE OF JUSTINA L BYERS, GRANT S PALMER, DANIEL E OBERDICK AND JAMES J QUINLAN FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 04-MAY-2017<br>04:44 PM | ANCOM - ANSWER TO<br>COMPLAINT FILED | OBERDICK JR.,<br>DANIEL E | 05-MAY-2017<br>09:08 AM |

**Documents:** Answer (FILE).pdf

**Docket Entry:** ANSWER WITH NEW MATTER TO PLAINTIFF'S COMPLAINT FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 23-MAY-2017<br>01:57 PM | RPNMT - REPLY TO NEW<br>MATTER | MARKS, EMILY B | 23-MAY-2017<br>02:09 PM |

**Documents:** Minor Plaintiffs Reply to Defendants New Matter.pdf

**Docket Entry:** REPLY TO NEW MATTER OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| | | | |
|---|---|---|---|
| 30-MAY-2017<br>12:21 PM | CLLCM - LISTED FOR CASE<br>MGMT CONF | | 30-MAY-2017<br>12:21 PM |

**Docket Entry:** *none.*

| | | | |
|---|---|---|---|
| 01-JUN-2017<br>12:30 AM | CLNGV - NOTICE GIVEN | | 01-JUN-2017<br>12:30 AM |

**Docket Entry:** *none.*

| | | | |
|---|---|---|---|
| 20-JUN-2017<br>10:22 AM | CLCCC - CASE MGMT<br>CONFERENCE COMPLETED | GIAMPAOLO,<br>ANTHONY | 20-JUN-2017<br>10:22 AM |

**Docket Entry:** *none.*

| | | |
|---|---|---|
| 20-JUN-2017<br>10:22 AM | CMOIS - CASE MANAGEMENT<br>ORDER ISSUED | 20-JUN-2017<br>10:22 AM |

**Documents:** CMOIS_15.pdf

**Docket Entry:** CASE MANAGEMENT ORDER STANDARD TRACK - AND NOW, 20-JUN-2017, it is Ordered that: 1. The case management and time standards adopted for standard track cases shall be applicable to this case and are hereby incorporated into this Order. 2. All discovery on the above matter shall be completed not later than 01-OCT-2018. 3. Plaintiff shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial to all other parties not later than 01-OCT-2018. 4. Defendant and any additional defendants shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than 05-NOV-2018. 5. All pre-trial motions shall be filed not later than 05-NOV-2018. 6. A settlement conference may be scheduled at any time after 05-NOV-2018. Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;(b) A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount; (c) Defendant shall identify all applicable insurance carriers, together with applicable limits of liability. 7. A pre-trial conference will be scheduled any time after 07-JAN-2019. Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant; (b) A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial; (c) A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial; (d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and (e) Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability; (f) Each counsel shall provide an estimate of the anticipated length of trial. 8. It is expected that the case will be ready for trial 04-FEB-2019, and counsel should anticipate trial to begin expeditiously thereafter. 9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order. ...BY THE COURT: ARNOLD NEW, J.

| | | |
|---|---|---|
| 20-JUN-2017<br>10:22 AM | CLLSC - LISTED FOR<br>SETTLEMENT CONF | 20-JUN-2017<br>10:22 AM |

**Docket Entry:** *none.*

| | | |
|---|---|---|
| 20-JUN-2017<br>10:22 AM | CLLPT - LISTED FOR PRE-<br>TRIAL CONF | 20-JUN-2017<br>10:22 AM |

**Docket Entry:** *none.*

20-JUN-2017          CLLTR - LISTED FOR TRIAL                                          20-JUN-2017
10:22 AM                                                                              10:22 AM

**Docket Entry:** *none.*

20-JUN-2017          ZR236 - NOTICE GIVEN UNDER                                        20-JUN-2017
10:22 AM             RULE 236                                                          04:00 PM

**Docket Entry:** NOTICE GIVEN ON 20-JUN-2017 OF CASE MANAGEMENT ORDER ISSUED ENTERED
ON 20-JUN-2017.

27-JUL-2017          STPLT - STIPULATION FILED         BEZAR, NADEEM                   27-JUL-2017
10:05 AM                                               A                              01:15 PM

   **Documents:** (13) Stipulation.pdf

**Docket Entry:** STIPULATION TO AMEND THE COMPLAINT TO NAME ALPHA-CENTURION
SECURITY, INC., FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

03-AUG-2017          CERTI - CERTIFICATION FILED    MARKS, EMILY B                     03-AUG-2017
05:29 PM                                                                              04-AUG-2017
                                                                                      09:49 AM

   **Documents:** Certificate Prerequisite US Attorney_Phila PD 2nd District.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE
4009.22 FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

09-AUG-2017          CERTI - CERTIFICATION FILED    OBERDICK JR.,                      09-AUG-2017
09:51 AM                                            DANIEL E                          10:05 AM

   **Documents:** Cert Prereq_8 8 17.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE
4009.22 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT
COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

14-AUG-2017          CERTI - CERTIFICATION FILED    OBERDICK JR.,                      14-AUG-2017
06:00 PM                                            DANIEL E                          15-AUG-2017
                                                                                      09:07 AM

   **Documents:** Cert Prereq_7 24 17.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE
4009.22 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT
COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

05-SEP-2017          CMAMD - AMENDED                 BEZAR, NADEEM                     05-SEP-2017
10:39 AM             COMPLAINT FILED                 A                                10:56 AM

   **Documents:** (16) Amended Complaint.pdf

**Docket Entry:** AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY(20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 18-SEP-2017 04:21 PM | CERTI - CERTIFICATION FILED | MARKS, EMILY B | 18-SEP-2017 04:28 PM |
|---|---|---|---|

**Documents:** Certificate Prerequisite Philadelphia DA_SVU.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 25-SEP-2017 04:45 PM | ANCOM - ANSWER TO COMPLAINT FILED | OBERDICK JR., DANIEL E | 26-SEP-2017 09:54 AM |
|---|---|---|---|

**Documents:** Answer NMCC (FILE).pdf

**Docket Entry:** ANSWER WITH NEW MATTER AND CROSSCLAIM TO PLAINTIFF'S AMENDED COMPLAINT FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 27-SEP-2017 03:07 PM | CMREI - PRAECIPE TO REINSTATE CMPLT | BEZAR, NADEEM A | 28-SEP-2017 01:16 PM |
|---|---|---|---|

**Documents:** (18) Praecipe to Reinstate Amended Complaint.pdf

**Docket Entry:** AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 29-SEP-2017 04:45 PM | DSCIM - DISCOVERY MOTION FILED | OBERDICK JR., DANIEL E | 02-OCT-2017 08:30 AM |
|---|---|---|---|

**Documents:** MTC Comp Packet (9-29 FILE).pdf

**Docket Entry:** DISCOVERY HEARING REQUEST FILED IN RE: MOTION FOR MORE SPECIFIC ANSWERS TO INTERROGATORIES. HEARING SCHEDULED FOR: OCTOBER 16, 2017 AT 09:00 IN ROOM 602 CITY HALL. (FILED ON BEHALF OF ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY LLC, YAGNA PATEL AND ALPHA-CENTURION SECURITY, INC.)

| 05-OCT-2017 04:49 PM | ENAPC - ENTRY OF APPEARANCE-CO COUNSEL | NOCHO, KYLE B | 06-OCT-2017 09:02 AM |
|---|---|---|---|

**Documents:** Entry of Appearance.pdf

**Docket Entry:** ENTRY OF APPEARANCE OF KYLE B NOCHO AS CO-COUNSEL FILED. (FILED ON BEHALF OF M. B.)

| 05-OCT-2017 04:58 PM | RPNMT - REPLY TO NEW MATTER | NOCHO, KYLE B | 06-OCT-2017 09:02 AM |
|---|---|---|---|

**Documents:** [Minor-Plaintiff M.B. Reply to New Matter of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management and Yagna Patel.pdf](#)

**Docket Entry:** REPLY TO NEW MATTER OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC FILED. (FILED ON BEHALF OF M. B.)

| | | | |
|---|---|---|---|
| 20-OCT-2017 12:04 PM | OBJCT - OBJECTIONS FILED | MARKS, EMILY B | 23-OCT-2017 09:42 AM |

**Documents:** [Plaintiffs Objections to Subpoena.pdf](#)

**Docket Entry:** OBJECTIONS TO SUBPOENA PURSUANT TO RULE 4009.21 FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| | | | |
|---|---|---|---|
| 30-OCT-2017 12:03 PM | CERTI - CERTIFICATION FILED | OBERDICK JR., DANIEL E | 31-OCT-2017 09:18 AM |

**Documents:** [CERTI_32_001.pdf](#)

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 30-OCT-2017 12:04 PM | CERTI - CERTIFICATION FILED | OBERDICK JR., DANIEL E | 31-OCT-2017 09:18 AM |

**Documents:** [Branham_cert prereq_10 27 17.pdf](#)

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 30-OCT-2017 12:06 PM | CERTI - CERTIFICATION FILED | OBERDICK JR., DANIEL E | 31-OCT-2017 09:18 AM |

**Documents:** [Davis_cert prereq_10 27 17.pdf](#)

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 30-OCT-2017 05:07 PM | CMREI - PRAECIPE TO REINSTATE CMPLT | BEZAR, NADEEM A | 31-OCT-2017 09:19 AM |

**Documents:** [Praecipe to Reinstate Amended Compliant2.pdf](#)

**Docket Entry:** AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF M. B.)

| | | | |
|---|---|---|---|
| 31-OCT-2017 02:20 PM | STPLR - STIPULATION FILED | OBERDICK JR., DANIEL E | 31-OCT-2017 02:46 PM |

**Documents:** Stipulation.pdf

**Docket Entry:** 63-17103863 STIPULATION TO SEAL FILED. AWAITING JUDICIAL APPROVAL (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 31-OCT-2017 02:48 PM | STASN - STIPULATION ASSIGNED | | 31-OCT-2017 02:48 PM |
|---|---|---|---|

**Docket Entry:** 63-17103863 STIPULATION FILED ASSIGNED TO JUDGE: NEW, ARNOLD L. ON DATE: OCTOBER 31, 2017

| 02-NOV-2017 01:08 PM | STPAP - STIPULATION APPROVED | NEW, ARNOLD L | 02-NOV-2017 01:08 PM |
|---|---|---|---|

**Documents:** STPAP_38.pdf

**Docket Entry:** 63-17103863 THE PARTIES STIPULATE TO SEAL THE CERTIFICATE PREREQUISITE TO THE SERVICE OF A SUBPOENA PURSUANT TO PA.R.C.P. 4009.22 ISSUED TO MULTIPLE PROVIDERS, INCLUDING WARREN G. HARDING MIDDLE SCHOOL AND THE WORDSWORTH ACADEMY WHICH WAS FILED ON OCTOBER 30, 2017, E-FILE NO. 171069820. ...SO ORDERED, BY THE COURT; NEW, J. 10-31-17

| 02-NOV-2017 01:08 PM | ZR236 - NOTICE GIVEN UNDER RULE 236 | | 03-NOV-2017 05:38 PM |
|---|---|---|---|

**Docket Entry:** NOTICE GIVEN ON 03-NOV-2017 OF STIPULATION APPROVED ENTERED ON 02-NOV-2017.

| 08-NOV-2017 01:30 PM | CERTI - CERTIFICATION FILED | NOCHO, KYLE B | 08-NOV-2017 01:33 PM |
|---|---|---|---|

**Documents:** Cert Prereq - Keystone First.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 08-NOV-2017 01:32 PM | CERTI - CERTIFICATION FILED | NOCHO, KYLE B | 08-NOV-2017 01:33 PM |
|---|---|---|---|

**Documents:** Cert Prereq - Villa_VisionQuest_JJPI_STOP_New Directions_VNA_Tabor_First Home Care_Phila DHS.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 16-NOV-2017 03:33 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | RAU, LISA M | 16-NOV-2017 03:33 PM |
|---|---|---|---|

**Documents:** ORDER_42.pdf

**Docket Entry:** NOTICE OF STANDING ORDER FOR ALL CASES PENDING BEFORE JUDGE LISA M. RAU AND NOW, THIS 15TH DAY OF NOVEMBER, 2017, ALL PARTIES AND COUNSEL

ARE HEREBY NOTIFIED THAT BECAUSE JUDGE LISA RAU'S SPOUSE, LAWRENCE KRASNER, WAS A CANDIDATE FOR DISTRICT ATTORNEY IN PHILADELPHIA, THERE IS A POSSIBILITY THAT SOMEONE INVOLVED IN THIS CASE (COUNSEL, PARTY, OR WITNESS) MAY HAVE MADE A FINANCIAL CONTRIBUTION TO JUDGE RAU'S SPOUSE'S OR ANOTHER DISTRICT ATTORNEY CANDIDATE'S CAMPAIGN FUND OR PAC. ALL COUNSEL AND PARTIES ARE THEREFORE DIRECTED TO REVIEW JUDGE RAU'S STANDING ORDER, AVAILABLE AT HTTP://WWW.COURTS.PHILA.GOV/PDF/CPCIVIL/RSO.PDF, WHICH DETAILS THE PROCEDURES THAT THE COURT IS IMPLEMENTING TO ALLOW COUNSEL AND LITIGANTS TO RAISE ANY CONCERNS THEY MAY HAVE WHERE SOMEONE INVOLVED IN A CASE ASSIGNED TO JUDGE RAU HAS MADE CONTRIBUTIONS TO JUDGE RAU'S SPOUSE'S CAMPAIGN FUND OR PAC OR THAT OF ANOTHER CANDIDATE WHO RAN FOR DISTRICT ATTORNEY. BY THE COURT: _____ LISA M. RAU, J.

| 16-NOV-2017 03:33 PM | ZR236 - NOTICE GIVEN UNDER RULE 236 | | 21-NOV-2017 05:42 PM |
|---|---|---|---|

**Docket Entry:** NOTICE GIVEN ON 21-NOV-2017 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 16-NOV-2017.

| 29-NOV-2017 11:16 AM | CMREI - PRAECIPE TO REINSTATE CMPLT | BEZAR, NADEEM A | 01-DEC-2017 10:35 AM |
|---|---|---|---|

**Documents:** Reinstated Amended Complaint (3).pdf

**Docket Entry:** AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 04-DEC-2017 05:09 PM | MTSVR - MOTION FOR ALTERNATIVE SERVICE | NOCHO, KYLE B | 06-DEC-2017 11:02 AM |
|---|---|---|---|

**Documents:** Petition for Alternate Service.pdf
Motion CoverSheet Form

**Docket Entry:** 86-17120686 MOTION FOR ALTERNATIVE SERVICE (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 06-DEC-2017 11:05 AM | MTASN - MOTION ASSIGNED | | 06-DEC-2017 11:05 AM |
|---|---|---|---|

**Docket Entry:** 86-17120686 MOTION FOR ALTERNATIVE SERVICE ASSIGNED TO JUDGE: RAU, LISA M. ON DATE: DECEMBER 06, 2017

| 15-DEC-2017 12:27 PM | ENAPP - ENTRY OF APPEARANCE | WAGNER, THOMAS P | 15-DEC-2017 01:28 PM |
|---|---|---|---|

**Documents:** MB v Alpha Centurion - Entry of Appearance.PDF

**Docket Entry:** ENTRY OF APPEARANCE OF MELANIE J FOREMAN, THOMAS P WAGNER AND ROBERT W STANKO FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.)

| | | | |
|---|---|---|---|
| 15-DEC-2017 02:14 PM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 15-DEC-2017 02:17 PM |

**Documents:** MB v Alpha Centurion - Response to Motion for Alternative Service.PDF
Motion CoverSheet Form

**Docket Entry:** 86-17120686 ANSWER IN OPPOSITION OF MOTION FOR ALTERNATIVE SERVICE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.)

| | | | |
|---|---|---|---|
| 22-DEC-2017 09:25 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | RAU, LISA M | 22-DEC-2017 09:25 AM |

**Documents:** ORDER_49.pdf

**Docket Entry:** 86-17120686 AND NOW, THIS 21ST DAY OF DECEMBER, 2017, UPON CONSIDERATION OF PLAINTIFF'S PETITION FOR ALTERNATIVE SERVICE, ANY RESPONSE OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., THERETO, IT IS HEREBY ORDERED AND DECREED THAT PLAINTIFF'S PETITION IS DENIED AS MOOT AND ALPHA-CENTURION SECURITY, INC. IS DEEMED SERVED AS OF THE DATE OF THIS ORDER. BY THE COURT: HON. LISA M. RAU, 12-21-2017.

| | | |
|---|---|---|
| 22-DEC-2017 09:25 AM | ZR236 - NOTICE GIVEN UNDER RULE 236 | 22-DEC-2017 03:05 PM |

**Docket Entry:** NOTICE GIVEN ON 22-DEC-2017 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 22-DEC-2017.

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiffs
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

_____

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| c/o Kline & Specter, P.C. | : | |
| 1525 Locust Street | : | CIVIL TRIAL DIVISION |
| Philadelphia, PA  19102 | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.: |
| | : | |
| V. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| Defendants | : | |

_____

## NOTICE TO DEFEND

Filed and Attested by the
Office of Judicial Records
10 MAR 2017 08:41 am
K. KALOGRIAS

<table>
<tr>
<td>

**NOTICE**

      You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA  19107**
**(215) 238-6333**
**TTY(215) 451-6197**

</td>
<td>

**AVISO**

Le han demandado en corte.  Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted.  Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA  19107**
**Telefono:  (215) 238-6333**
**TTY(215) 451-6197**

</td>
</tr>
</table>

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiffs
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| c/o Kline & Specter, P.C. | : | |
| 1525 Locust Street | : | CIVIL TRIAL DIVISION |
| Philadelphia, PA  19102 | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.: |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| Defendants | : | |

## COMPLAINT

**PRELIMINARY STATEMENT**

1.      Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally.  It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.      Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center.  Over 1200 cases of sex trafficking has been reported for the first six months of 2016 with the vast majority of victims being women and a disproportionate number being minors.

3.      In 2014 the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that directly or indirectly benefits financially from such acts is fully deterred through both criminal and civil prosecution.

**THE PARTIES**

4.      Minor-Plaintiff, M.B. was born on September 3, 1999, and is one of the thousands of victims of human trafficking in the United States.  During 2013 and 2014, Minor-Plaintiff was exploited and was permitted to be exploited by traffickers of commercial sex acts and those who financially benefitted from her exploitation.  Minor-Plaintiff resides in Philadelphia County, Pennsylvania.  Minor-Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.  Minor-Plaintiff's guardian for purposes of this civil action is William A. Calandra, Esquire.

5.      Minor-Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Minor-Plaintiff M.B. who incurred injuries and damages starting when she was fourteen (14) years old.

6.      Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a corporation duly organized and existing under the laws of Delaware.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.      Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.      Defendant UFVS Management Company, LLC, is a corporation duly organized and existing under the laws of the State of New York.  At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.      Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152.  Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.     Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC regularly conduct business in Philadelphia County.

11.     At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and

through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

12.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

13.     At all material times hereto, Defendants Roosevelt Inn  LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur and profited from them.

14.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

15.      At all material times hereto, Defendants Roosevelt, Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel received money and financially profited from the commercial sex acts occurring on the premises of the Roosevelt Inn.

## OPERATIVE FACTS

16.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3001, et. seq., it is a felony to recruit, entice, solicit, harbor or transport a minor which results in the minor being subjected to sexual servitude.

17.     Commencing in 2013, Minor-Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

18.     Defendants Roosevelt Inn  LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided, for their own financial benefit, rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Minor-Plaintiff.

19.     Defendants Roosevelt Inn  LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Minor-Plaintiff for commercial sex acts.

20.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Minor-Plaintiff was being sexually exploited.

21.     Minor-Plaintiff's traffickers put up internet advertisements for the purpose of prostituting Minor-Plaintiff.

22.     The advertisements would include a fake name for Minor-Plaintiff and a phone number to call.

23.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Minor-Plaintiff was at the Roosevelt Inn.

24.     The "John" who negotiated to have sex for cash with Minor-Plaintiff would then speak to the front desk clerk at the Roosevelt Inn.

25.     An individual named "Abdul" would hold himself out as the clerk, staff member or employee at the Roosevelt Inn.  The complete name of "Abdul" is known to Defendants.

26.     "Abdul" would then direct the individual to the floor and room where Minor-Plaintiff and her traffickers were staying.

27.     "Abdul" was fully aware that Minor-Plaintiff and other underage children were compelled to perform sex for money.

28.     Minor-Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

29.     The motel room where Minor-Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

30.     Minor-Plaintiff engaged in numerous commercial sex acts "dates" per day.

31.     Minor-Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

32.     Minor-Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Minor-Plaintiff.

33.     Minor-Plaintiff exhibited fear and anxiety while on the premises of the Roosevelt Inn.

34. Minor-Plaintiff's traffickers paid cash for the motel rooms where Minor-Plaintiff engaged in commercial sex acts.

35. Minor-Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Minor-Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

36. Men and other minors frequently entered and left the rooms where Minor-Plaintiff engaged in commercial sex acts.

37. Men stood in the hallways outside of rooms where Minor-Plaintiff was engaged in commercial sex acts.

38. Minor-Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

39. Minor-Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

40. Housekeepers and front desk staff including "Abdul" at the Roosevelt Inn maintained conversations with Minor-Plaintiff and had knowledge that Minor-Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

41. Minor-Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

42. Minor-Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the motel rooms to the financial profit of all Defendants as owners, operators and managers of the Roosevelt Inn.

43. Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS

Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff.

44.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel financially profited from the continuation of the commercial sex acts committed on the premises of the Roosevelt Inn through both the renting of rooms and the providing of services.

45.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

46.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and  through their actual or apparent agents, servants and employees financially profited from the human sex trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

47.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et. seq.

## M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

48.     The averments of Paragraphs 1 through 47 are incorporated herein by reference.

49.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. §3001 et seq. makes it illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting the minor to be engaged in any commercial sex act.

50.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and  through their actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport the minor Plaintiff permitting her to be exploited and engage in the commercial sex acts.

51.     By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

52.     By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and  through their actual or apparent agents, servants and employees, financially profited from the human trafficking and continued profit by not reporting, intervening, disrupting or otherwise stopping the practice.

53.      By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

WHEREFORE, Minor-Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II – NEGLIGENCE

### M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

54.      The averments of paragraphs 1 through 53 are incorporated herein by reference.

55.      By harboring Minor-Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

56.      As a result of Defendants' negligence, Minor-Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

57.     As a result of Defendants' negligence, Defendants financially profited from the human sex trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

58.     Defendants acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

<u>**COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**</u>

<u>**M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL**</u>

59.     The averments of paragraphs 1 through 58 are incorporated herein by reference.

60.     Defendants negligently committed the acts averred in this Complaint against the Minor-Plaintiff and thereby caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Minor-Plaintiff.

61.     Defendants acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS

### M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

62.     The averments of paragraphs 1 through 61 are incorporated herein by reference.

63.     By harboring Minor-Plaintiff to perform commercial sex acts, Defendants intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

64.     Defendants acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**
*Attorneys for Plaintiff*

BY: _____
THOMAS R. KLINE, ESQUIRE

BY: _____
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

DATED: 3/10/17

**<u>VERIFICATION</u>**

I, William A. Calandra, Esquire, hereby state that I am the Guardian for the Minor-Plaintiff, M.B., in this matter.  I hereby verify that I have reviewed the foregoing Minor-Plaintiff's Complaint, which was prepared with the assistance of counsel, and that while I do not have personal knowledge of all of the facts and representations therein, the averments appear to be true and correct to the best of my knowledge, information and belief.

The undersigned that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
WILLIAM A. CALANDRA, ESQUIRE
Guardian for Minor-Plaintiff M.B.



**B&R**
Services for Professionals Inc.

23 SOUTH 23rd STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

National Association of
Professional Process Servers

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire c/o Kline & Specter, P.C. | **COURT** Court of Common Pleas of Pennsylvania |
| -VS- | Philadelphia County - Civil |
| Roosevelt Inn, LLC dba Roosevelt Inn and Roosevelt Inn Cafe, et al | |

**CASE NUMBER** 1703-0712

*Filed and Attested by the
Office of Judicial Records
16 MAR 2017 05:41 pm
A. SILIGRINI*

# AFFIDAVIT

State of  Pennsylvania
County of  Philadelphia

**B&R Control #**  PS130671.01

**Reference Number**

    Thomas Kenney, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

    On 3/10/2017 we received the **Complaint** and that service was effected upon **Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe** at **7630 Roosevelt Boulevard, Philadelphia, PA 19152**  on **03/10/2017** at **1:37 PM**, in the manner described below:

    **By service upon:** Yagna Patel,  as an agent or person authorized to accept service at usual place of business.

Service Notes:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. RAVENELL, Notary Public
City of Philadelphia, Phila.County
My Commission Expires December 16, 2019

**Sworn to and subscribed before me this**

16th **day of** March 2017

**Process Server/Sheriff** _____

_____
**Notary Public**

ATTEMPTS:

| Client | Phone (215) 772-1000 | : | **Filed Date:** 03/10/2017 | **BR Serve By:** 03/10/2017 |
|---|---|---|---|---|

Thomas R. Kline, Esquire
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102



ORIGINAL



**B&R**
Services for Professionals Inc.

26 SOUTH 21TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

National Association of
Professional Process Servers

M.B., minor by her Guardian, William A. Calandra, Esquire c/o Kline
& Specter, P.C.

-VS-

Roosevelt Inn, LLC dba Roosevelt Inn and Roosevelt Inn Cafe, et al

**COURT** Court of Common Pleas of Pennsylvania
Philadelphia County - Civil

**CASE NUMBER** 1703-0712

Filed and Attested by the
Office of Judicial Records
16 MAR 2017 05:41 pm
A. SILIGRINI

# AFFIDAVIT

State of  Pennsylvania
County of  Philadelphia

**B&R Control #** PS130371.02

**Reference Number**

    Thomas Kenney, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

    On 3/10/2017 we received the **Complaint** and that service was effected upon **Roosevelt Motor Inn, Inc. dba Roosevelt Motor Inn** at **7630 Roosevelt Boulevard, Philadelphia, PA 19152** on **03/10/2017** at **1:37 PM**, in the manner described below:

    **By service upon:** Yagna Patel,  as an agent or person authorized to accept service at usual place of business.

Service Notes:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. RAVENELL, Notary Public
City of Philadelphia, Phila. County
My Commission expires December 16, 2019

**Sworn to and subscribed before me this**

16th day of March 2017

**Process Server/Sheriff** _____

**Notary Public** _____

ATTEMPTS:

Client    Phone (215) 772-1000

| : | | **Filed Date:** 03/10/2017 | **BR Serve By:** 03/10/2017 |

Thomas R. Kline, Esquire
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102



ORIGINAL

  

**B&R**
Services for Professionals Inc.
25 SOUTH 23rd STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

National Association of
Professional Process Servers

M.B., minor by her Guardian, William A. Calandra, Esquire c/o Kline & Specter, P.C.

-VS-

Roosevelt Inn, LLC dba Roosevelt Inn and Roosevelt Inn Cafe, et al

**COURT** Court of Common Pleas of Pennsylvania
Philadelphia County - Civil

**CASE NUMBER** 1703-0712

*Filed and Attested by the Office of Judicial Records 16 MAR 2017 05:41 pm A. SILIGRINI*

## AFFIDAVIT

State of  Pennsylvania
County of  Philadelphia

**B&R Control #** PS130071.03

**Reference Number**

Thomas Kenney, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

On 3/10/2017 we received the **Complaint** and that service was effected upon **Yagna Patel** at **7630 Roosevelt Boulevard, Philadelphia, PA 19152** on **03/10/2017** at **1:37 PM**, in the manner described below:

**By personal service upon:** Yagna Patel

Service Notes:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. RAVENELL, Notary Public
City of Philadelphia, Phila. County
My Commission Expires December 16, 2019

**Sworn to and subscribed before me this**

16th **day of** March 2017

**Process Server/Sheriff** _____

**Notary Public** _____

ATTEMPTS:

| Client | Phone (215) 772-1000 | : | | **Filed Date:** | 03/10/2017 | **BR Serve By:** | 03/10/2017 |
|---|---|---|---|---|---|---|---|

Thomas R. Kline, Esquire
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102



Case ID: 170300712

**KLINE & SPECTER, P.C.**                         Attorneys for Plaintiffs
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Filed and Attested by the
Office of Judicial Records
23 MAR 2017 04:41 pm
D. COTTON

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| c/o Kline & Specter, P.C. | : | |
| 1525 Locust Street | : | CIVIL TRIAL DIVISION |
| Philadelphia, PA  19102 | : | MARCH TERM, 2017 |
|         Plaintiff, | : | NO.:  0712 |
|     v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|     and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|     and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
|     and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|     Defendants | : | |

**AFFIDAVIT OF SERVICE OF COMPLAINT UPON DEFENDANT,
<u>UFVS MANAGEMENT</u>**

Case ID: 170300712

COMMONWEALTH OF PENNSYLVANIA:

COUNTY OF PHILADELPHIA            :

     NADEEM A. BEZAR, ESQUIRE, being duly sworn according to law, deposes and states that a time-stamped copy of Plaintiffs' Complaint and Notice to Defend filed in the above-captioned matter was served via certified mail, return receipt requested upon defendant UFVS Management, 287 Bowman Avenue, Purchase, NY 10577. Your deponent further states that attached hereto and marked as Exhibit "A" are copies of the transmittal letter and signed certified mail return receipt card showing receipt on March 20, 2017.

<div style="text-align:right">

**KLINE & SPECTER, P.C.**

BY: _____

NADEEM A. BEZAR
*Attorney for Plaintiffs*

</div>

Sworn to and subscribed

before me this *23* day of

*March* , 2017.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
TRACY L. LEONARDIS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 23, 2017

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To    _UFVS Management_

Street and No., or PO Box No._287 Bowman Ave_

City, State, ZIP+4®_Purchase  NY 10577_

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

& SPECTER PC
ATTORNEYS AT LAW
25 LOCUST STREET
PHIA, PENNSYLVANIA 19102
W.KLINESPECTER.COM

NADEEM.BEZAR@KLINESPECTER.COM

215-772-0522
FAX: 215-772-1005

March 10, 2017

**VIA REGISTERED MAIL**
**RETURN RECEIPT REQUESTED**
UFVS Management Company, LLC
287 Bowman Avenue
Purchase, NY 10577

Re:   *M.B. v. Roosevelt Inn LLC, et. al.*
      *Court of Common Pleas, Philadelphia County*
      *March Term, 2017, No.00712*

Dear Sir/Madam:

Please be advised that you have been sued in the Philadelphia County Court of Common Pleas of Pennsylvania. If you wish to defend against the claims set forth in the Complaint enclosed herein, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice.

Please be guided accordingly.

Very truly yours,

Nadeem A. Bezar

NAB/cal
Enclosures

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UFVS Management
287 Bowman Ave.
Purchase, NY 10577

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2347 6225 4965 98

2. Article Number (Transfer from service label)

7016 2070 0001 1802 6063

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

PA 19102/19—

MAR 2 0 2017    DESK

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type                          ☐ Priority Mail Express®
☐ Adult Signature                        ☐ Registered Mail™
☐ Adult Signature Restricted Delivery    ☐ Registered Mail Restricted
☐ Certified Mail®                           Delivery
☐ Certified Mail Restricted Delivery     ☒ Return Receipt for
☐ Collect on Delivery                       Merchandise
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation™
☐ _____ Restricted Delivery        ☐ Signature Confirmation
  (over $500)                               Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Case ID: 170300712

USPS TRACKING #

9590 9402 2347 6225 4965 98

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

° Sender: Please print your name, address, and ZIP+4® in this box°

Kline and Specter
Nadeem A. Bezar, Esq
1525 Locust St
Phila, PA 19102

Beason

Case ID: 170300712

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
         quinlan@blankrome.com
         byers@blankrome.com
         doberdick@blankrome.com

*Attorneys for Defendants,*
*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn,*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC, and*
*Yagna Patel*

PROTHONOTARY
Filed and Attested by the
Office of Judicial Records
05 APR 2017 03:25 pm
A. STAMATO
DISTRICT OF PENN

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
|  | : |  |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
|  | : |  |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, | : | JURY TRIAL DEMANDED |
|  | : |  |
| and | : |  |
|  | : |  |
| ROOSEVELT MOTOR INN, INC.<br>d/b/a ROOSEVELT MOTOR INN, | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
| UFVS MANAGEMENT COMPANY, LLC, | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
| YAGNA PATEL, | : |  |
|  | : |  |
| Defendants. | : |  |

999998.90429/105282893v.1

Case ID: 170300712

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter the appearances of the Grant S. Palmer, Esquire LLP, James J. Quinlan,

Esquire, Justina L. Byers, Esquire and Daniel E. Oberdick, Esquire of Blank Rome as counsel on

behalf of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

in the above-captioned matter.

### BLANK ROME LLP

Dated: April 5, 2017          */s/ Grant S. Palmer*
Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686

*/s/ James J. Quinlan*
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944

*/s/ Justina L. Byers*
Justina L. Byers, Esquire
Attorney I.D. No.: 76773

*/s/ Daniel E. Oberdick*
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555

*Attorneys for Defendants,
Roosevelt Inn LLC d/b/a Roosevelt Inn and
Roosevelt Inn Café, Roosevelt Motor Inn, Inc.
d/b/a Roosevelt Motor Inn,
UFVS Management Company, LLC and
Yagna Patel*

2

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Grant S. Palmer, Esquire, hereby certify that, on this 5th day of April 2017, I caused to

be served true and correct copies of the foregoing Entry of Appearance to be served via U.S.

mail, postage prepaid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

GRANT S. PALMER

TO:  **Plaintiff:**  YOU ARE HEREBY NOTIFIED TO
FILE A WRITTEN RESPONSE TO THE ENCLOSED
**NEW MATTER** WITHIN TWENTY (20) DAYS FROM
SERVICE HEREOF OR A JUDGMENT MAY BE
ENTERED AGAINST YOU.

By:  _/s/ Grant S. Palmer_
      Attorney for Defendants Roosevelt Inn, LLC, et al.

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.:  76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.:  309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
       quinlan@blankrome.com
       byers@blankrome.com
       doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | PHILADELPHIA COUNTY |
| | CIVIL TRIAL DIVISION |
| Plaintiff, | |
| | MARCH TERM, 2017 |
| v. | NO.:  00712 |
| | |
| ROOSEVELT INN LLC | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | |
| ROOSEVELT INN CAFÉ, et al., | |

**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S ANSWER**
**TO PLAINTIFF'S COMPLAINT WITH NEW MATTER**

Filed and Attested by the
Office of Judicial Records
04 MAY 2017 04:44 pm
P. MARTIN

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (hereinafter collectively "Defendants"), by and through counsel, Blank Rome LLP, hereby file their Answer with New Matter to minor Plaintiff M.B.'s (hereinafter "Plaintiff") Complaint as follows:

1.      Denied as stated.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

2.      Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

3.      Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

4.      Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

5.      Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

6.      Admitted in part; denied in part.  It is admitted only that Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café is a Delaware corporation with a business at the address alleged. The remaining averments contained in this paragraph are conclusions of law to which no

responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

7.      Admitted in part; denied in part.  It is admitted only that Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn is a Pennsylvania corporation.  The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

8.      Denied.  UFVS Management Company, LLC is a limited liability company, not a corporation.  The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

9.      Admitted in part; denied in part.  It is admitted only that Yagna Patel was involved in the management of the Roosevelt, Inn.  The remaining averments contained in this paragraph are denied.  Strict proof is demanded at time of trial.

10.      Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

11.      Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

12.      Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

150213.00601/105589463v.1

Case ID: 170300712

13.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

14.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

15.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

16.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

17.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

4

Case ID: 170300712

18.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

19.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

20.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

21.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

22.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

23.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are

150213.00601/105589463v.1

Case ID: 170300712

therefore denied and strict proof thereof is demanded at time of trial.

       24.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

       25.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

       26.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

       27.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

       28.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are

150213.00601/105589463v.1

Case ID: 170300712

therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

29.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

30.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

31.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

32.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

150213.00601/105589463v.1

Case ID: 170300712

33.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

34.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

35.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

36.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

37.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that

8

Case ID: 170300712

any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

38.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

39.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

40.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

41.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

150213.00601/105589463v.1

Case ID: 170300712

42.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

43.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

44.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

45.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

46.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or

10

Case ID: 170300712

omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

47.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

### COUNT I – NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 PA.C.S.A. § 3001, ET. SEQ.

### M.B. A MINOR, BY HER GUARDIAN V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

48.     Denied.  To the extent a response is required, Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

49.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

50.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

51.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.

150213.00601/105589463v.1

Case ID: 170300712

Strict proof is demanded at time of trial.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by plaintiff.

52.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

53.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

WHEREFORE, Defendants request judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT II – NEGLIGENCE

### M.B. A MINOR, BY HER GUARDIAN V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

54.    Denied.  To the extent a response is required, Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

55.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or

12

Case ID: 170300712

omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

56.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Defendants were negligent at any time material hereto.  By way of further response, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

57.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Defendants were negligent at any time material hereto.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

58.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Defendants acted outrageously or recklessly at any time material hereto.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

13

Case ID: 170300712

WHEREFORE, Defendants requests judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. A MINOR, BY HER GUARDIAN V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

59.     Denied.  To the extent a response is required, Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

60.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Defendants were negligent at any time material hereto.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

61.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Defendants acted outrageously or recklessly at any time material hereto.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

WHEREFORE, Defendants request judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

14

Case ID: 170300712

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## M.B. A MINOR, BY HER GUARDIAN V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

62.     Denied.  To the extent a response is required, Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

63.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

64.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Defendants acted outrageously or recklessly at any time material hereto.  By way of further response, it is specifically denied that any acts or omissions on the part of Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

WHEREFORE, Defendants request judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## NEW MATTER

65.     Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

66.     Plaintiff's Complaint fails to state any claim against Defendants upon which relief may be granted.

67.     The alleged incident was not caused by the negligence, negligence per se,

150213.00601/105589463v.1

Case ID: 170300712

recklessness, carelessness, or violation of statute, code, regulation or standard of Defendants.

68.     The injuries, losses, or damages suffered by Plaintiff were not proximately caused by Defendants.

69.     Plaintiff's claims of damages, which are specifically denied, were not proximately caused by any acts and/or omissions of Defendants, their employees, servants or agents.

70.     Any harm or injury suffered by Plaintiff was caused by Plaintiff's own actions and/or inactions.

71.     The alleged incident was caused by the negligence, recklessness and/or carelessness of Plaintiff and/or other persons or parties other than Defendants.

72.     Plaintiff's actions and/or inactions were negligent and such negligence was a superseding, intervening cause of the alleged accident that bars or limits all claims by Plaintiff.

73.     Plaintiff's claims are the result of acts or omissions of other individuals or entities whose acts or omissions constituted intervening and/or superseding causes over which Defendants had no control and which Defendants could not foresee.

74.     No conduct, actions, inaction, or omissions on the part of Defendants caused or contributed to Plaintiff's injuries or damages, if any.

75.     Defendants were not negligent, careless and/or reckless at any time material hereto.

76.     Plaintiff has failed to join all indispensable parties.

77.     Plaintiff's Complaint is barred or limited by the appropriate statute of limitations or statute of repose.

78.     Plaintiff's Complaint is barred or limited by the doctrine of waiver, estoppel, res judicata and/or laches.

79.     Plaintiff's claims are barred or limited by the doctrine of spoliation.

16

Case ID: 170300712

80.     Plaintiff's claims are barred or limited by the doctrines of contributory negligence, comparative negligence, and/or assumption of the risk.

81.     Plaintiff's Complaint is barred or limited by Plaintiff's failure to mitigate damages.

82.     The injuries and damages complained of by Plaintiff' pre-existed or are unrelated to the incident or occurrence which is the subject matter of Plaintiff's Complaint.

83.     Plaintiff's claims for damages, if any, are excessive and unsupported and, therefore, must be barred or limited.

84.     Defendants owed no duty of care to Plaintiff.

85.     To the extent that Defendants owed a duty to Plaintiff, which is denied, Defendants did not breach any duty.

86.     A party other than Defendants directed, supervised, and controlled the premises where Plaintiff was allegedly injured.

87.     Any acts or omissions of Defendants were not substantial causes of and did not result in the injuries and/or losses alleged by Plaintiff.

88.     Plaintiff fails to state a claim under Pennsylvania's Human Trafficking Law, 18 Pa.C.S. § 3001, *et seq.*

89.     The alleged causes of action contained in Plaintiff's Complaint are barred by any and all applicable affirmative defenses explicitly set forth in Pa.R.C.P. 1030(a).

WHEREFORE, Defendants request judgment in their favor and against Plaintiff together

150213.00601/105589463v.1

Case ID: 170300712

with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

**BLANK ROME LLP**

_/s/ Grant S. Palmer_
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: May 4, 2017                    (215) 569-5500

## <u>VERIFICATION</u>

I, _YAGNA  PATEL_, hereby verify that I am a party to this action and that the facts
contained in the foregoing Answer with New Matter are true and correct to the best of my
knowledge, information and belief. This verification is made subject to the penalties of 18 P.S.
§4904 relating to unsworn falsifications to authorities.

Dated: ___5|3|12___ , 2017          By: _____
                                            MANAGER

## VERIFICATION

I, _ANTHONY UZZO_, hereby verify that I am authorized to execute this verification on behalf of Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, and the Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, and that the facts contained in the foregoing Answer with New Matter are true and correct to the best of my knowledge, information and belief.  This verification is made subject to the penalties of 18 P.S. §4904 relating to unsworn falsifications to authorities.

Dated: _5/3/17_ , 2017          By: _____

## VERIFICATION

I, _Anthony Uzzo_, hereby verify that I am authorized to execute this verification on behalf of UFVS Management Company, LLC, and that the facts contained in the foregoing Answer with New Matter are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 P.S. §4904 relating to unsworn falsifications to authorities.

Dated: __5/3/17__, 2017          By: _____

150213.00601/105589463v.1

## CERTIFICATE OF SERVICE

I, Grant S. Palmer, Esquire, hereby certify that, on this 4th day of May 2017, I caused to be served true and correct copies of the foregoing Answer with New Matter to be served via the Court's E-Filing system and/or other electronic mail, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

/s/ Grant S. Palmer
GRANT S. PALMER

150213.00601/105589463v.1

Case ID: 170300712

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiffs
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Filed and Attested by the
Office of Judicial Records
23 MAY 2017 01:57 pm
E. HAURIN

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| Defendants | : | |

**MINOR-PLAINTIFF M.B.'S REPLY TO NEW MATTER OF DEFENDANTS
ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT AND YAGNA PATEL**

Minor-Plaintiff, by and through counsel, Kline & Specter, P.C., hereby replies to New

Matter of Defendants, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management

Company, LLC and Yagna Patel (collectively, "Defendants") as follows:

65.    This is an incorporation paragraph to which no response is required.

66.    Denied.  This paragraph is a conclusion of law to which no response is required.

Strict proof is hereby demanded.

67.    Denied.  This paragraph is a conclusion of law to which no response is required.

Strict proof is hereby demanded.

68.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

69.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

70.     Denied.  It is specifically denied that any harm or injury suffered by Minor-Plaintiff was caused by Minor-Plaintiff's own actions and/or inactions.  Strict proof of Defendants' allegations is hereby demanded.

71.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

72.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendant's allegations is hereby demanded.

73.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

74.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

75.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

76.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

77.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

78.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

79.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

80.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

81.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

82.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

83.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

84.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

85.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

86.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the same are denied.  Strict proof of Defendants' allegations is hereby demanded.

87.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

88.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

89.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.


**KLINE & SPECTER, P.C.**


THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE


Dated: ___5/23/17___

Case ID: 170300712

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for the Minor-Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Minor-Plaintiff M.B.'s Reply to New Matter of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
EMILY B. MARKS, ESQUIRE
Attorney for Minor-Plaintiff

Dated: __5/23/17__

Case ID: 170300712

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___23___ day of May, 2017, the foregoing Minor-Plaintiff's Reply to New Matter of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel was electronically filed and upon acceptance electronically served upon the below listed counsel:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

**KLINE & SPECTER, P.C.**

BY: _____
EMILY B. MARKS, ESQUIRE
Attorney for Minor-Plaintiff

Date: ___5/23/17___

| | |
|---|---|
| **From:** | scheduling.notices@courts.phila.gov |
| **To:** | Martinez Perez, Mila |
| **Subject:** | Notice of Court Event |
| **Date:** | Wednesday, May 31, 2017 6:05:43 PM |

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

JUSTINA BYERS
ONE LOGAN SQUARE
PHILADELPHIA, PA 19103

B.  ETAL VS ROOSEVELT INN LLC ETAL
170300712

SCHEDULING ORDER

   AND NOW, MAY 31, 2017, it is hereby Ordered that:

1.  A Case Management Conference is scheduled on June  20,  2017,
at 10:00 A.M., in Courtroom  613,  City  Hall,  Philadelphia,  PA
19107.

2.  Counsel for Plaintiff is directed to  serve  a  copy  of  the
Order on any unrepresented party  or  any  attorney  entering  an
appearance subsequent to the issuance of this Order.

3.  Attendance by all counsel of record and unrepresented parties
is mandatory.

4.  Five (5) days prior to  the  conference,  all  parties  are
required to electronically file with the Court and serve upon all
opposing counsel and/or opposing  parties  not  electronically
served by the court a fully completed Case Management Memorandum.
To electronically file the Case Management Memorandum, access the
"Existing Case" section of the court's electronic filing  system.
Select "Conference Submissions" as the filing  category.   Select
"Management Memorandum" as the filing type.  A hard copy  of  the
electronically filed Memorandum must be presented at the time of
the Conference.

5.  The Conference will be conducted by a Civil Case Manager  who
shall act on behalf of the Honorable ARNOLD NEW.

6.  This case has  been  presumptively  assigned  to  the  MAJOR
JURY-STANDARD Case Management Track.  Accordingly, trial of  this
case will occur on or shortly after 01-OCT-18.

SCHEDULING ORDER - Page 2

B.  ETAL VS ROOSEVELT INN LLC ETAL
170300712

7.  Within sixty (60) days of the commencement of the  action  ,
counsel for the plaintiff(s) and defendant(s)  shall  meet  or
confer for an initial discovery conference, where  the  parties
shall make a good faith effort to agree upon a proposed discovery
plan as well as a  proposed  projected  pretrial  Court  event
schedule.  If service of the Complaint is not effectuated  within
sixty (60) days of commencement of the action, the parties  shall
meet or confer for the initial discovery conference within thirty
(30) days of service thereof, provided that the  discovery
conference is held prior to the scheduled Case  Management
Conference.

8.  At the Case Management Conference, counsel  shall  present  a
mutually agreed upon discovery plan and proposed  pretrial  court
event schedule.  The discovery plan shall not alter or adjust the
projected trial date.  If the parties cannot agree on a  jointly
submitted discovery plan or projected pretrial court event
schedule, the court will impose one  at  the  conclusion  of  the
conference.  Counsel must also be prepared to address  all
relevant issues regarding venue, service of process, pleadings,
discovery, possible joinder of additional  parties,  theories  of
liability or defense and damages claimed.

9.  If the case settles prior to the  conference,  electronically
file a settlement letter.  To  file  the  letter  electronically,
access the "Existing Case" section of the court's electronic
filing system.  Select "Conference  Submissions"  as  the  filing
category.  Select "Settlement Letter" as the doument  tpe.
Questions concerning this Order and its contents  shall  be
referred to 215-686-3710.

Click the following link to access important documents related to the scheduled event.

https://urldefense.proofpoint.com/v2/url?u=http-3A__www.courts.phila.gov_pdf_forms_civil_01-2D105-2Dcmcm.pdf&d=DwIFAg&c=qmgb7o64HbcJ-G-pnw2rSw&r=0BaHENCgTO8JLr4YKF8BSKut_hWe7lK55zgAgv3nRwQ&m=4UzRFlvJKIC0TEna8sr8ZLg7ByMH4zOxWk_CHAdhDZ4&s=wznRe6PV2dAiYc2vkdURYPYJPnGHervLQFgmqYgidJM&e=

OFFICE OF CHIEF DEPUTY
COURT ADMINISTRATOR

D I S C L A I M E R

-------------------------------------------------------------
The First Judicial District will use your electronic mail address and other personal information only for purposes of Electronic Filing as authorized by Pa. R.C.P. 205.4 and Philadelphia Civil *Rule 205.4.

Use of the Electronic Filing System constitutes an acknowledgment that the user has read the Electronic Filing Rules and Disclaimer and agrees to comply with same.

-------------------------------------------------------------

This is an automated e-mail, please do not respond!



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| *B. ETAL* | *March Term 2017*  **DOCKETED**
**CIVIL CASE MANAGEMENT** |
| *VS* | *No. 00712*   JUN **1 9** 2017 |
| *ROOSEVELT INN LLC ETAL* | **A. GIAMPAOLO** |

### CASE MANAGEMENT ORDER
### STANDARD TRACK

B. Etal Vs Roosevelt In-CMOIS

17030071200015

AND NOW, *Tuesday, June 20, 2017,* it is Ordered that:

1. The case management and time standards adopted for standard track cases shall be applicable to this case and are hereby incorporated into this Order.

2. All *discovery* on the above matter shall be completed not later than *01-OCT-2018.*

3. *Plaintiff* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial to all other parties not later than *01-OCT-2018.*

4. *Defendant and any additional defendants* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial not later than *05-NOV-2018.*

5. All *pre-trial motions* shall be filed not later than *05-NOV-2018.*

6. A *settlement conference* may be scheduled at any time after *05-NOV-2018.* Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

   (a). A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

   (b). A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

   (c). Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7. A *pre-trial conference* will be scheduled any time after *07-JAN-2019.* Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

(a).    A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;

(b).    A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;

(c).    A list of all exhibits the party intends to offer into evidence.  All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;

(d).    Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount.  This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

(e).    Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;

(f).    Each counsel shall provide an estimate of the anticipated length of trial.

8.    ***It is expected that the case will be ready for trial 04-FEB-2019,*** and counsel should anticipate trial to begin expeditiously thereafter.

9.    All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.

*BY THE COURT:*

*ARNOLD NEW,   J.*
*TEAM LEADER*

M.B., minor by her Guardian,                    :    PHILADELPHIA COUNTY
WILLIAM A. CALANDRA, ESQUIRE                     :    COURT OF COMMON PLEAS
                              Plaintiff,         :
          V.                                     :    CIVIL TRIAL DIVISION
                                                 :    MARCH TERM, 2017
ROOSEVELT INN LLC                                :    NO.: 00712
d/b/a ROOSEVELT INN and                          :
ROOSEVELT INN CAFE                               :    JURY TRIAL DEMANDED
          and                                    :
ROOSEVELT MOTOR INN, INC.                        :
d/b/a ROOSEVELT MOTOR INN                        :
          and                                    :
UFVS MANAGEMENT COMPANY, LLC                     :
          and                                    :
YAGNA PATEL                                      :
                              Defendants         :

Filed and Attested by the
Office of Judicial Records
07 JUL 2017 10:05 am
C. FORTE

## STIPULATION

**BY WAY OF STIPULATION AND AGREEMENT**, amongst the parties by the

signatures of the undersigned counsel, it is hereby **STIPULATED AND AGREED** by consent

of the parties that Minor-Plaintiff M.B., by and through her Guardian William A. Calandra,

Esquire shall and may amend the Complaint to name Alpha-Centurion Security, Inc., possibly

otherwise known as Alpha Century Security, Inc., as a defendant.

**KLINE & SPECTER, P.C.**                        **BLANK ROME LLP**

THOMAS R. KLINE, ESQUIRE                         GRANT S. PALMER, ESQUIRE
NADEEM A. BEZAR, ESQUIRE                         JAMES J. QUINLAN, ESQUIRE
EMILY B. MARKS, ESQUIRE                          JUSTINA L. BYERS, ESQUIRE
*Attorneys for Minor-Plaintiff M.B.,*            DANIEL E. OBERDICK, ESQUIRE
*Minor by her Guardian, William A.*              *Attorneys for Defendants Roosevelt Inn*
*Calandra, Esquire*                              *LLC d/b/a Roosevelt Inn and Roosevelt Inn*
                                                 *Café, Roosevelt Motor Inn, Inc. d/b/a*
                                                 *Roosevelt Motor Inn, UFVS Management*
                                                 *Company, LLC and Yagna Patel*

Date: 7/7/17                                     Date: 7/17/17

BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Filed and Attested by the
Office of Judicial Records
03 AUG 2017 05:29 pm
K. EDWARDS*

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| Defendants | : | |

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
## PURSUANT TO RULE 4009.21

        As a prerequisite to service of a subpoena for documents and things pursuant to Rule
4009.22, the undersigned certifies the following:

        (1)  a notice of intent to serve the subpoenas with a copy of the subpoenas attached
thereto was mailed or delivered to each party at least twenty days prior to the date on which the
subpoenas are sought to be served,

        (2)  a copy of the notices of intent, including the proposed subpoenas, is attached to this
certificate,

        (3)  no objection to the subpoenas has been received, and

        (4)  the subpoenas which will be served are identical to the subpoenas which are attached
to the notice of intent to serve the subpoenas.

                        **KLINE & SPECTER, P.C.**

                BY:   _____
                        EMILY B. MARKS, ESQUIRE
                        Attorney for Plaintiffs

Date: 8/3/17

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiffs, do hereby certify that a true and correct

copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following

counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Date: 8/3/17

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiffs

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiffs
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| Defendants | : | |

### NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have

twenty (20) days from the date listed below in which to file of record and serve upon the

undersigned any objection to the Subpoenas.  If no objection is made, the Subpoenas may be

served.

- Philadelphia Police Department, 2nd District
- U.S. Attorney's Office, Eastern District of Pennsylvania

                              **KLINE & SPECTER, P.C.**

                       BY: _____
                              EMILY B. MARKS, ESQUIRE
                              Attorney for Plaintiffs

Date: 7/7/17

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiffs, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Date: 7/7/17

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiffs



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, __17__

No._____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _PHILADELPHIA POLICE DEPARTMENT, 2ND DISTRICT_ _____
*(Name of Person or Entity)*

    Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: _Kline & Specter, P.C. 1525 Locust Street   Philadelphia PA 19102_ _____
*(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:   Marks, Emily B

Date: June 30, 2017

Address:   Kline & Specter, P.C.
               1525 Locust Street
               Philadelphia, PA 19102

Subp.#126001388-1

Telephone:   215 772-0524

Supreme Court ID#: 204405

Attorney for:   PLAINTIFF

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL     :     Court of Common Pleas
                                   :
                                   :                  March     Term,   17
                                   :
                                   :     No.      00712

TO:   PHILADELPHIA POLICE DEPARTMENT, 2ND DISTRICT
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                             *(Date of Subpoena)*

Date: _____            _____
                                                 *(Signature of Person Served with Subpoena)*

Case ID: 170300712

ADDENDUM "A"

TO CUSTODIAN OF RECORDS FOR:

**PHILADELPHIA POLICE DEPARTMENT**
**2nd DISTRICT**
Harbison Avenue and Levick Street
Philadelphia, PA 19149

Re:   **ROOSEVELT INN**
      **7630 Roosevelt Boulevard**
      **Philadelphia, PA 19152**

You are to provide all records pertaining to any reports or any investigations of criminal activity, including but not limited to prostitution, solicitation, and human trafficking, at the Roosevelt Inn from 2012 to the present, including any and all related arrest reports, incident reports, reports of telephone calls made from the Roosevelt Inn, witness statements, handwritten notes, typed reports, Affidavits of Probable Cause, information filed, related criminal records, recorded interviews, transcribed statement, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, and any other documents in your file relating to the Roosevelt Inn.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No._____ 00712 _____

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO: U.S. ATTORNEY, EASTERN DISTRICT OF PENNSYLVANIA _____
*(Name of Person or Entity)*

    Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: KLINE & SPECTER, P.C. 1525 Locust Street  PHILADELPHIA PA 19102 _____
*(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: July 07, 2017

Name:   Marks, Emily B

Address:   KLINE & SPECTER, P.C.
          1525 Locust Street
          Philadelphia, PA 19102

Telephone:   215 772-1000

Supreme Court ID#: 204405

Attorney for:   PLAINTIFF

Subp.#126079048-2

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator
Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL            :        Court of Common Pleas
                                             :
                                             :        _____ March _____ Term, 17 ____
                                             :
                                             :        No. _____ 00712 _____

TO: U.S. ATTORNEY, EASTERN DISTRICT OF PENNSYLVANIA _____
                        *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena.  Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                        *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                    *(Date of Subpoena)*

Date: _____         _____
                                    *(Signature of Person Served with Subpoena)*

ADDENDUM "A"

TO:

**U.S. ATTORNEY, EASTERN DISTRICT OF PENNSYLVANIA**
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
**Attn: Custodian of Records**

Re:    **Daiquan Davis;  USA v. Davis, E.D.Pa.   Docket # 2:15-cr-00327**


You are to provide your complete file regarding **Daiquan Davis**, Defendant in U.S.A. v.

Davis, Docket No.  2:15-cr-00327, E.D. Pa., including any and all guilty pleas, dockets, arrest

reports, witness statements, handwritten notes, typed reports, Affidavits of Probable Cause,

information filed, prior criminal records relating to Daiquan Davis, recorded interviews,

transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs,

discovery exchanged, pre-trial memoranda, and any other documents in your file relating to the

above-referenced docket number.

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

M.B., a minor by her Guardian, William A.      Court of Common Pleas
Calandra, Esquire


vs.
                                              Case Number: 170300712

Roosevelt Inn LLC, Roosevelt Motor Inn,
Inc., UFVS Management Co, LLC, and
Yagna Patel



Filed and Attested by the
Office of Judicial Records
09 AUG 2017 09:51 am
K. EDWARDS

CERTIFICATE PREREQUISITE TO THE SERVICE OF A SUBPOENA
PURSUANT TO RULE 4009.22

As a prerequisite to service of a subpoena for documents and things pursuant to Rule
4009.22, Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers, Esquire certifies
that:

(1) A notice of intent to serve the subpoena with a copy of the subpoena attached thereto was
mailed or delivered to each party at least twenty days prior to the date on which the subpoena
is sought to be served;

(2) A copy of the notice of intent, including the proposed subpoena, is attached to this
certificate;

(3) No objection to the subpoena has been received, and;

(4) The subpoena which will be served is identical to the subpoena which is attached to the
notice of intent to serve the subpoena.




Date: 08/08/2017                              Litigation Solutions, LLC on behalf of

                                              Justina Byers, Esquire

                                              Attorney for the Defendant


CC:
Justina Byers, Esquire
Blank Rome LLP
130 North 18th St.
One Logan Square
Philadelphia, PA 19103
215-569-5500

## PENNSYLVANIA COURT OF COMMON PLEAS

## COUNTY OF PHILADELPHIA

| | |
|---|---|
| **M.B., a minor by her Guardian, William A. Calandra, Esquire**<br>**vs.**<br>**Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Co, LLC, and Yagna Patel** | **Court of Common Pleas**<br><br>**170300712** |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

| Provider: | Record Type: |
|---|---|
| Security Tech Specialist 007 | Miscellaneous |

TO: Thomas R. Kline Esquire
note: please see enclosed list of all other interested counsel

Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers Esquire intends to serve a subpoena identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If the twenty day notice period is waived or if no objection is made, then the subpoena may be served.

|  |  |
|---|---|
| Date of Issue: 07/14/2017 | Litigation Solutions, LLC on behalf of: |
| CC: Justina Byers Esquire of Blank Rome LLP - Court of Common Pleas | Justina Byers Esquire<br>Defense |

If you have any questions regarding this matter, please contact:
Litigation Solutions, LLC (412.263.5656)
Brentwood Towne Centre
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227

Case ID: 170300712

**COUNSEL LISTING FOR M.B., A MINOR BY HER GUARDIAN, WILLIAM A. CALANDRA, ESQUIRE VS. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT CO, LLC, AND YAGNA PATEL**

**County of Philadelphia Court of Common Pleas**

| Counsel | Firm | Counsel Type |
|---|---|---|
| Kline, Esquire, Thomas R. | 1525 Locust Street 19th Floor<br>Philadelphia, PA 19102<br>P: 215-772-1000 F: 215-735-0937 | Opposing Counsel |

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, __17__

No.____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Security Tech Specialist 007_____
(Name of Person or Entity)

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____
(Address)

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: July 14, 2017

Name:  Justina Byers, Esquire
Address:   130 North 18th Street
           One Logal Square
           Philadelphia, PA 19103

Telephone:   215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#126182929-2

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

BY THE COURT:
Eric Feder
Deputy Court Administrator
Director, Office of Judicial Records

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Security Tech Specialist 007
P.O. Box 554
Feasterville Trevose PA 19053
Attention: Records Department

Subject: Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe

**Requested Items:**
Please Remit: DVRs or other recording devices that were in use between the years 2013 through 2016 at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152; and Any data, recordings and/or any other information that was stored on the DVRs or recording devices to be sent to **Blank Rome LLP 130 North 18th St. One Logan Square Philadelphia PA 19103****

## COMMONWEALTH OF PENNSYLVANIA
## COUNTY OF PHILADELPHIA

M.B., a minor by her Guardian, William A.        Court of Common Pleas
Calandra, Esquire



Filed and Attested by the
Office of Judicial Records
14 AUG 2017 06:00 pm
P. MARTIN

vs.

Case Number: 170300712

Roosevelt Inn LLC, Roosevelt Motor Inn,
Inc., UFVS Management Co, LLC, and
Yagna Patel

### CERTIFICATE PREREQUISITE TO THE SERVICE OF A SUBPOENA
### PURSUANT TO RULE 4009.22

As a prerequisite to service of a subpoena for documents and things pursuant to Rule
4009.22, Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers, Esquire certifies
that:

(1) A notice of intent to serve the subpoena with a copy of the subpoena attached thereto was
mailed or delivered to each party at least twenty days prior to the date on which the subpoena
is sought to be served;

(2) A copy of the notice of intent, including the proposed subpoena, is attached to this
certificate;

(3) No objection to the subpoena has been received, and;

(4) The subpoena which will be served is identical to the subpoena which is attached to the
notice of intent to serve the subpoena.

Date: 08/14/2017                              Litigation Solutions, LLC on behalf of

                                              Justina Byers, Esquire

                                              Attorney for the Defendant

CC:
Justina Byers, Esquire
Blank Rome LLP
130 North 18th St.
One Logan Square
Philadelphia, PA 19103
215-569-5500

**PENNSYLVANIA COURT OF COMMON PLEAS**

**COUNTY OF PHILADELPHIA**

| | |
|---|---|
| **M.B., a minor by her Guardian, William A. Calandra, Esquire**<br>**vs.**<br>**Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Co, LLC, and Yagna Patel** | **Court of Common Pleas**<br><br>**170300712** |

**NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21**

| Provider: | Record Type: |
|---|---|
| Bensalem Police Department | Miscellaneous |

TO: Thomas R. Kline Esquire
note: please see enclosed list of all other interested counsel

Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers Esquire intends to serve a subpoena identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If the twenty day notice period is waived or if no objection is made, then the subpoena may be served.

Date of Issue: 07/24/2017

CC: Justina Byers Esquire of Blank Rome LLP - Court of Common Pleas

Litigation Solutions, LLC on behalf of:
Justina Byers Esquire
Defense

If you have any questions regarding this matter, please contact:
Litigation Solutions, LLC (412.263.5656)
Brentwood Towne Centre
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227

Case ID: 170300712

**COUNSEL LISTING FOR M.B., A MINOR BY HER GUARDIAN, WILLIAM A. CALANDRA, ESQUIRE VS. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT CO, LLC, AND YAGNA PATEL**

### County of Philadelphia Court of Common Pleas

| Counsel | Firm | Counsel Type |
|---|---|---|
| Kline, Esquire, Thomas R. | 1525 Locust Street 19th Floor<br>Philadelphia, PA 19102<br>P: 215-772-1000 F: 215-735-0937 | Opposing Counsel |



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17__

No.____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Bensalem Police Department_____
*(Name of Person or Entity)*

      Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____
*(Address)*

      You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

      If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: July 24, 2017

Name:     Justina Byers, Esquire
Address:     130 North 18th Street
            One Logal Square
            Philadelphia, PA 19103

Subp.#126288735-1

Telephone:    215 569-5500
Supreme Court ID#:
Attorney for:

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Bensalem Police Department
2400 Byberry Road
Bensalem PA 19020
Attention: Records Department

Subject: Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe

**Requested Items:**
All records pertaining to any reports or any investigation of Daiquan Davis and/or criminal activity, including but not limited to prostitution, solicitation, and human trafficking, at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 from 2012 to the present, including any and all related arrest reports, incident reports, reports of telephone calls made from the Roosevelt Inn, witness statements, handwritten notes, typed reports, Affidavits of Probable Cause, information filed, related criminal records, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, and any other documents in your file relating to the Roosevelt Inn and/or Daiquan Davis.

Case ID: 170300712

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiffs
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

M.B., minor by her Guardian,              :     PHILADELPHIA COUNTY
WILLIAM A. CALANDRA, ESQUIRE              :     COURT OF COMMON PLEAS
c/o Kline & Specter, P.C.                 :
1525 Locust Street                        :     CIVIL TRIAL DIVISION
Philadelphia, PA  19102                   :     MARCH TERM, 2017
                            Plaintiff,    :     NO.: 00712
       V.                                 :
                                          :
ROOSEVELT INN LLC                         :     JURY TRIAL DEMANDED
*d/b/a ROOSEVELT INN and*                 :
*ROOSEVELT INN CAFE*                      :
7630 Roosevelt Boulevard                  :
Philadelphia, PA 19152                    :
                                          :
                                          :
       and                                :
                                          :
ROOSEVELT MOTOR INN, INC.                 :
*d/b/a ROOSEVELT MOTOR INN*               :
7630 Roosevelt Boulevard                  :
Philadelphia, PA 19152                    :
                                          :
                                          :
       and                                :
                                          :
UFVS MANAGEMENT COMPANY, LLC              :
287 Bowman Avenue                         :
Purchase, NY 10577                        :
                                          :
                                          :
       and                                :
                                          :
YAGNA PATEL                               :
7630 Roosevelt Boulevard                  :
Philadelphia, PA 19152                    :
                                          :
                                          :
       and                                :
                                          :
ALPHA-CENTURION SECURITY, INC.            :
*d/b/a ALPHA CENTURY SECURITY, INC.*      :
3720 West Chester Pike                    :

*Filed and Attested by the
Office of Judicial Records
05 SEP 2017 10:39 am
A. STAMATO*

Newtown Square, PA 19073                          :
                     **Defendants**    :

---

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demandado en corte.  Si usted quiere defenderse contra las demandas nonbradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted.  Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted._ |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. |
| THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO. |
| **LAWYERS REFERENCE SERVICE**<br>**One Reading Center**<br>**Philadelphia, PA  19107**<br>**(215) 238-6333**<br>**TTY(215) 451-6197** | **SERVICIO de REFERENCIA LEGAL**<br>**Uno Reading Centro**<br>**Filadelfia, PA  19107**<br>**Telefono:  (215) 238-6333**<br>**TTY(215) 451-6197** |

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiffs
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| c/o Kline & Specter, P.C. | : | |
| 1525 Locust Street | : | CIVIL TRIAL DIVISION |
| Philadelphia, PA  19102 | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.: 00712 |
| V. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| *d/b/a ALPHA CENTURY SECURITY, INC.* | : | |
| 3720 West Chester Pike | : | |

Newtown Square, PA 19073            :
                    Defendants        :

---

## MINOR-PLAINTIFF'S AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally.  It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.      Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center.  Over 1200 cases of sex trafficking has been reported for the first six months of 2016 with the vast majority of victims being women and a disproportionate number being minors.

3.      In 2014 the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that directly or indirectly benefits financially from such acts is fully deterred through both criminal and civil prosecution.

### THE PARTIES

4.      Minor-Plaintiff, M.B. was born on September 3, 1999, and is one of the thousands of victims of human trafficking in the United States.  During 2013 and 2014, Minor-Plaintiff was exploited and was permitted to be exploited by traffickers of commercial sex acts and those who financially benefitted from her exploitation.  Minor-Plaintiff resides in Philadelphia County, Pennsylvania.  Minor-Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.  Minor-Plaintiff's guardian for purposes of this civil

action is William A. Calandra, Esquire.

5.      Minor-Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Minor-Plaintiff M.B. who incurred injuries and damages starting when she was fourteen (14) years old.

6.      Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a corporation duly organized and existing under the laws of Delaware.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.      Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.      Defendant UFVS Management Company, LLC, is a corporation duly organized and existing under the laws of the State of New York.  At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.      Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152.  Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.      Defendant Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. [hereinafter referred to as "Alpha-Centurion Security, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.     Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12.     Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 630 Roosevelt Boulevard, Philadelphia, PA 19152.

13.     Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn and assumed responsibility for ensuring the safety and wellbeing of individuals lawfully on the premises, including Minor-Plaintiff M.B.

14.     Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County.

15.     At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

16.     At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

17.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by their actual or apparent agents, servants and employees, were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

18.     At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

19.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur and profited from them.

20.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

21.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor

Case ID: 170300712

Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

22.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

23.     At all material times hereto, Defendants Roosevelt, Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel received money and financially profited from the commercial sex acts occurring on the premises of the Roosevelt Inn.

24.     At all material times hereto, Defendant Alpha-Centurion Security, Inc. received money and financially profited, while having knowledge of the commercial sex acts occurring on the premises of the Roosevelt Inn.

**OPERATIVE FACTS**

25.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3001, et. seq., it is a felony to recruit, entice, solicit, harbor or transport a minor which results in the minor being subjected to sexual servitude.

26.     Commencing in 2013, Minor-Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

27.     Defendants Roosevelt Inn  LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided, for their own financial benefit, rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts

with Minor-Plaintiff.

28.     Upon information and belief, Defendant Alpha-Centurion Security, Inc.

contracted with the Roosevelt Inn in approximately March 2007 to provide security services.

29.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its

actual or apparent agents, servants and employees, was hired to ensure the safety and wellbeing

of individuals lawfully on the hotel's premises, the hotel's guests, the hotel's employees, and the

hotel's property.

30.     By providing security services, Defendant Alpha-Centurion Security, Inc.

assumed responsibility for ensuring the safety and wellbeing of individuals lawfully present at

the Roosevelt Inn, including Minor-Plaintiff.

31.     It is believed and therefore averred that all of the responsibilities as aforesaid

were well within the scope of the contractual responsibilities promised and undertaken by

Defendant Alpha-Centurion Security, Inc. as part of its agreement to provide security services on

the premises of the Roosevelt Inn.

32.     Defendant Alpha-Centurion Security, Inc. assumed responsibility for protecting

individuals lawfully present at the Roosevelt Inn, including Minor-Plaintiff from foreseeable

harm, including commercial sex exploitation and human sex trafficking.

33.     Having undertaken responsibilities as aforesaid, Defendant Alpha-Centurion

Security owed a duty to Minor-Plaintiff to provide a reasonably safe environment at the

Roosevelt Inn and protect Minor-Plaintiff from dangerous people and conditions on the

premises.

34.     Defendant Alpha-Centurion Security, Inc. provided security services for its own

financial benefit, while traffickers used the rooms at the Roosevelt Inn to engage in commercial

Case ID: 170300712

sex acts with Minor-Plaintiff.

35.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Minor-Plaintiff for commercial sex acts.

36.    Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that rooms and services were being rented or otherwise provided to individuals trafficking Minor-Plaintiff for commercial sex acts, while Alpha-Centurion Security, Inc. had a duty to protect individuals lawfully present at the Roosevelt Inn, like Minor-Plaintiff.

37.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that Minor-Plaintiff was being sexually exploited.

38.    Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that Minor-Plaintiff was being sexually exploited.

39.    Minor-Plaintiff's traffickers put up internet advertisements for the purpose of prostituting Minor-Plaintiff.

40.    The advertisements would include a fake name for Minor-Plaintiff and a phone number to call.

41.    During the phone call, sex for cash was negotiated and the caller "John" would be

informed that Minor-Plaintiff was at the Roosevelt Inn.

42.    The "John" who negotiated to have sex for cash with Minor-Plaintiff would then speak to the front desk clerk at the Roosevelt Inn.

43.    An individual named "Abdul" would hold himself out as the clerk, staff member or employee at the Roosevelt Inn.  The complete name of "Abdul" is known to Defendants.

44.    "Abdul" would then direct the individual to the floor and room where Minor-Plaintiff and her traffickers were staying.

45.    "Abdul" was fully aware that Minor-Plaintiff and other underage children were compelled to perform sex for money.

46.    Minor-Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

47.    The motel room where Minor-Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

48.    Minor-Plaintiff engaged in numerous commercial sex acts "dates" per day.

49.    Minor-Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

50.    Housekeepers and front desk staff including "Abdul" at the Roosevelt Inn maintained conversations with Minor-Plaintiff and had knowledge that Minor-Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

51.    Minor-Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Minor-Plaintiff.

52.    Minor-Plaintiff exhibited fear and anxiety while on the premises of the Roosevelt Inn.

53.    Minor-Plaintiff's traffickers paid cash for the motel rooms where Minor-Plaintiff engaged in commercial sex acts.

54.    Minor-Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Minor-Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

55.    Men and other minors frequently entered and left the rooms where Minor-Plaintiff engaged in commercial sex acts.

56.    Men stood in the hallways outside of rooms where Minor-Plaintiff was engaged in commercial sex acts.

57.    Minor-Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

58.    Minor-Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

59.    Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Minor-Plaintiff at the Roosevelt Inn in her sexually explicit clothing.

60.    Minor-Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

61.    Minor-Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the motel rooms to the financial profit of all Defendants as owners, operators and managers of the Roosevelt Inn.

62.    Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual

or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff.

63.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff.

64.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel financially profited from the continuation of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

65.      Defendant Alpha-Centurion Security, Inc. financially profited from providing security services at the Roosevelt Inn, while having knowledge of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

66.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

67.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Minor-Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of

life's pleasures both in the past and in the future.

68.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and  through their actual or apparent agents, servants and employees, financially profited from the human sex trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

69.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Minor-Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, financially profited from providing security services at the Roosevelt Inn, while having knowledge of the human sex trafficking occurring and failing to report, intervene, disrupt or otherwise stop the practice.

70.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

71.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Minor-Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

## COUNT I  - NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN

Case ID: 170300712

**TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et. seq.**

**M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL**

72.     The averments of Paragraphs 1 through 71 are incorporated herein by reference.

73.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. §3001 et seq. makes it illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting the minor to be engaged in any commercial sex act.

74.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport the minor Plaintiff permitting her to be exploited and engage in the commercial sex acts.

75.     By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

76.     By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, financially profited from the human trafficking and continued profit by not reporting, intervening, disrupting or otherwise stopping the practice.

77.     By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel,

Case ID: 170300712

individually and/or by and through their actual or apparent agents, servants and employees acted

outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff

warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against

Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC,

and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

<div align="center">

**COUNT II – NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN
TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et. seq.**

**M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.**

</div>

78.     The averments of Paragraphs 1 through 77 are incorporated herein by reference.

79.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. §3001 et seq. makes it

illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting

the minor to be engaged in any commercial sex act.

80.     Defendant Alpha-Centurion Security, Inc. assumed a duty to protect the safety

and wellbeing of individuals lawfully present at the Roosevelt Inn, the hotel's employees, and

the hotel's guests.

81.     Yet, Defendant Alpha-Centurion Security, Inc.  harbored Minor-Plaintiff by

helping to provide a place of refuge and shelter for commercial sexual exploitation and sex

trafficking.

82.     Defendant Alpha-Centurion Security, Inc. had knowledge of commercial sex

activity and sex trafficking occurring at the Roosevelt Inn, but failed to report, intervene, disrupt

or otherwise stop the practice.

83.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport the minor Plaintiff permitting her to be exploited and engage in the commercial sex acts.

84.     By harboring the Minor-Plaintiff for commercial sex acts, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

85.     By harboring the Minor-Plaintiff for commercial sex acts, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, financially profited while allowing human trafficking to occur and continued to profit while not reporting, intervening, disrupting or otherwise stopping the practice.

86.     By harboring the Minor-Plaintiff for commercial sex acts, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

87.     **WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III - NEGLIGENCE

**M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL**

88.     The averments of paragraphs 1 through 87 are incorporated herein by reference.

89.     By harboring Minor-Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

90.     As a result of Defendants' Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel negligence, Minor-Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

91.     As a result of Defendants' Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel negligence, Defendants financially profited from the human sex trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

92.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

## COUNT IV – NEGLIGENCE

## M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

93.     The averments of paragraphs 1 through 92 are incorporated herein by reference.

94.     Having undertaken responsibilities as aforesaid and the provision of security services at the Roosevelt Inn, Defendant Alpha-Centurion Security, Inc. owed a duty to protect the safety and wellbeing of individuals lawfully present at the hotel, the hotel's guests, the hotel's employees, and the hotel's property.

95.     Defendant Alpha-Centurion Security, Inc. failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff, although Defendant Alpha-Centurion Security, Inc. had knowledge of commercial sex activity and human trafficking occurring at the Roosevelt Inn.

96.     Defendant Alpha-Centurion Security, Inc., by and through its agents, ostensible agents, officers, servants, and/or employees, was negligent by:

    a.   Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

    b.   Failure to publish post orders at the security posts providing protocols for security personnel to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

    c.   Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

    d.   Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

    e.   Failing to adequately control access to the premises;

    f.   Failing to prevent entry of unauthorized individuals onto the premises;

g.  Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h.  Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i.  Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n.  Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Minor-Plaintiff;

q.  Failing to respond and react to suspicious activity detected on video surveillance;

r.  Failing to maintain surveillance equipment in proper working order;

s.  Failing to test or properly test surveillance equipment to ensure it was in working order;

t.  Failing to utilize appropriate and/or required surveillance equipment;

u.  Failing to adequately monitor activity on video surveillance and promptly react

thereto for the safety of Minor-Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Minor-Plaintiff;

w. Failing to prevent Minor-Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

97. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Minor-Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

98. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. financially profited from providing security services that allowed the existence of human sex trafficking, while not reporting, intervening, disrupting or otherwise stopping the practice.

99. Each of the herein-described tortuous or otherwise culpable acts or omissions by Defendant Alpha-Centurion Security, Inc. increased the likelihood that Minor-Plaintiff would suffer the injuries set forth in this Complaint.

100. Defendant Alpha-Centurion Security, Inc.'s negligence increased the risk of harm to Minor-Plaintiff and was a substantial factor in causing and continuing the harm and damages suffered by Minor-Plaintiff.

101. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

102. **WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and

against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

103.    The averments of paragraphs 1 through 102 are incorporated herein by reference.

104.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel negligently committed the acts averred in this Complaint against the Minor-Plaintiff and thereby caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Minor-Plaintiff.

105.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

106.    The averments of paragraphs 1 through 105 are incorporated herein by reference.

107.     Defendant Alpha-Centurion Security, Inc. negligently committed the acts averred in this Complaint against the Minor-Plaintiff and thereby caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Minor-Plaintiff.

108.     Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VII - INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS

### M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

109.     The averments of paragraphs 1 through 108 are incorporated herein by reference.

110.     By harboring Minor-Plaintiff to perform commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

111.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VIII - INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS
## M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

112.    The averments of paragraphs 1 through 111 are incorporated herein by reference.

113.    By harboring Minor-Plaintiff to perform commercial sex acts, Defendant Alpha-Centurion Security, Inc. intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

114.    By having knowledge of commercial sex activity and failing to intervene, Defendant Alpha-Centurion Security, Inc. intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

115.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**
*Attorneys for Plaintiff*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

DATED: 9/5/17

Case ID: 170300712

## VERIFICATION

I, William A. Calandra, Esquire, hereby state that I am the Guardian for the Minor-Plaintiff, M.B., in this matter.  I hereby verify that I have reviewed the foregoing Minor-Plaintiff's First Amended Complaint, which was prepared with the assistance of counsel, and that while I do not have personal knowledge of all of the facts and representations therein, the averments appear to be true and correct to the best of my knowledge, information and belief.

The undersigned that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

WILLIAM A. CALANDRA, ESQUIRE
Guardian for Minor-Plaintiff M.B.

BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Filed and Attested by the Office of Judicial Records 18 SEP 2017 04:21 pm K. EDWARDS*

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| Defendants | : | |

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
## PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

KLINE & SPECTER, P.C.

BY:   _____
      EMILY B. MARKS, ESQUIRE
      Attorney for Plaintiffs

Date: 9/18/17

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiffs, do hereby certify that a true and correct

copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following

counsel of record via electronic filing on the below date:

<div align="center">

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

</div>

Date: 9/18/17

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiffs

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiffs
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
|               Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
|     and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
|     and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
|     and | : | |
| YAGNA PATEL | : | |
|             Defendants | : | |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE
## DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT
## TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have

twenty (20) days from the date listed below in which to file of record and serve upon the

undersigned any objection to the Subpoenas.  If no objection is made, the Subpoenas may be

served.

- Philadelphia District Attorney's Office
- Philadelphia Police Department Special Victim's Unit

**KLINE & SPECTER, P.C.**

BY:    _____
       EMILY B. MARKS, ESQUIRE
       Attorney for Plaintiffs

Date: _8/25/17_

Case ID: 170300712

## <u>CERTIFICATE OF SERVICE</u>

I, Emily B. Marks, Esquire attorney for Plaintiffs, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

<div align="center">

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

</div>

Date: _01 25/17_                              _____
                                             EMILY B. MARKS, ESQUIRE
                                             Attorney for Plaintiffs

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____March_____ Term, _17___

No._____00712_____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _PHILADELPHIA DISTRICT ATTORNEY'S OFFICE_____
*(Name of Person or Entity)*

     Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: _KLINE & SPECTER, P.C. 1525 Locust Street  Philadelphia PA 19102_____
*(Address)*

     You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

     If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: August 25, 2017

Name:    Marks, Emily B
Address:    Kline & Specter, P.C.
              1525 Locust Street
              Philadelphia, PA 19102

Telephone:    215 772-0524

Supreme Court ID#: 204405

Attorney for:    PLAINTIFF

Subp.#126766262-1

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL     :    Court of Common Pleas

                                            :

                                            :    _____ March _____ Term, _17_

                                            :

                                            :    No. _____ 00712 _____

TO: _PHILADELPHIA DISTRICT ATTORNEY'S OFFICE_____
                         *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena.  Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                          *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have
                                                 *(Date of Subpoena)*

been produced.

Date: _____                 _____

                                                       *(Signature of Person Served with Subpoena)*

Case ID: 170300712

ADDENDUM "A"

TO CUSTODIAN OF RECORDS FOR:

**PHILADELPHIA DISTRICT ATTORNEY'S OFFICE**
3 South Penn Square
Philadelphia, PA 19107


Re:     **Roosevelt Inn**
        **7600 Roosevelt Boulevard**
        **Philadelphia, PA 19152**

        *AND*

        **Daiquan Davis; Date of Birth: 9/15/1993**
        **Aliases:**
        **"Quan"**
        **"Q"**
        **Dai Quan Davis**
        **Dai-Quan Davis**
        **Daiqunan Davis**


You are to provide all records pertaining to any criminal cases involving Daiquan Davis,

DOB 9/15/1993; and all records involving criminal activity, including but not limited to

prostitution, solicitation, and human trafficking, at the Roosevelt Inn from 2012 to the present,

including any cases in which Yagna Patel or any other Roosevelt Inn employee was a witness or

interviewed, including all related arrest reports, incident reports, reports of telephone calls made

from the Roosevelt Inn, witness statements, handwritten notes, typed reports, Affidavits of

Probable Cause, information filed, related criminal records, recorded interviews, transcribed

statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery

exchanged, guilty pleas, dockets, and any other documents in your file relating to the Roosevelt

Inn.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

March   Term, 17

No. 00712

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: PHILA. POLICE DEPARTMENT SPECIAL VICTIM'S UNIT
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: KLINE & SPECTER, P.C. 1525 Locust Street  Philadelphia PA 19102
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: August 25, 2017

Name:   Marks, Emily B
Address:   Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Telephone:   215 772-0524
Supreme Court ID#: 204405
Attorney for:   PLAINTIFF

Subp.#126766262-2

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL          :          Court of Common Pleas
                                            :
                                            :          _____ March _____ Term, _17____
                                            :
                                            :          No. _____ 00712 _____

TO: _PHILA. POLICE DEPARTMENT SPECIAL VICTIM'S UNIT _____
                    *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena.  Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                    *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be produced pursuant to the subpoena issued on _____ have been produced.
                                                        *(Date of Subpoena)*

Date: _____          _____
                                            *(Signature of Person Served with Subpoena)*

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**PHILADELPHIA POLICE DEPARTMENT**
**SPECIAL VICTIM'S UNIT**
300 East Hunting Park Avenue
Philadelphia, PA 19124

Re:   **Roosevelt Inn**
      **7630 Roosevelt Boulevard**
      **Philadelphia, PA 19152**

      *AND*

      **Daiquan Davis; Date of Birth: 9/15/1993**
      **Aliases:**
      **"Quan"**
      **"Q"**
      **Dai Quan Davis**
      **Dai-Quan Davis**
      **Daiqunan Davis**

      You are to provide all records pertaining to any reports or any investigation of Daiquan

Davis and/or criminal activity including, but not limited to, prostitution, solicitation, and human

trafficking, at the Roosevelt Inn, located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152,

from 2012 to the present, including all materials provided to or obtained by SVU from the

Roosevelt Inn including all original files and documents taken during the investigation, any and

all related arrest reports, incident reports, witness statements, handwritten notes, typed reports,

Affidavits of Probable Cause, information filed, related criminal records, recorded interviews,

transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs,

discovery exchanged, and any other documents in your file relating to the Roosevelt Inn or

Daiquan Davis.

TO:  **Plaintiff:**  YOU ARE HEREBY NOTIFIED TO FILE A WRITTEN RESPONSE TO THE ENCLOSED **NEW MATTER** WITHIN TWENTY (20) DAYS FROM SERVICE HEREOF OR A JUDGMENT MAY BE ENTERED AGAINST YOU.

By:  _/s/ Grant S. Palmer_
        Attorney for Defendants Roosevelt Inn, LLC, et al.

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.:  76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.:  309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
            quinlan@blankrome.com
            byers@blankrome.com
            doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | |
| v. | MARCH TERM, 2017<br>NO.:  00712 |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S**
**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**
**WITH NEW MATTER AND NEW MATTER CROSSCLAIMS**

Case ID: 170300712

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(collectively "Answering Defendants"), by and through counsel, Blank Rome LLP, hereby file

their Answer with New Matter and New Matter Crossclaims to minor Plaintiff M.B.'s ("Plaintiff")

Amended Complaint ("Complaint") as follows:

1.      Denied as stated.  Answering Defendants are without knowledge or information

sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said

averments are therefore denied and strict proof thereof is demanded at time of trial.

2.      Denied.  Answering Defendants are without knowledge or information sufficient to

form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments

are therefore denied and strict proof thereof is demanded at time of trial.

3.      Denied.  The averments contained in this paragraph are conclusions of law to which

no responsive pleading is required.

4.      Denied.  Answering Defendants are without knowledge or information sufficient to

form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments

are therefore denied and strict proof thereof is demanded at time of trial.

5.      Denied.  Answering Defendants are without knowledge or information sufficient to

form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments

are therefore denied and strict proof thereof is demanded at time of trial.

6.      Denied.  Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café is a limited

liability company, not a corporation.  The remaining averments contained in this paragraph are

conclusions of law to which no responsive pleading is required.  Said averments are therefore

denied.  Strict proof is demanded at time of trial.

7.      Admitted in part; denied in part.  It is admitted only that Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn is a Pennsylvania corporation.  The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

8.      Denied.  UFVS Management Company, LLC is a limited liability company, not a corporation.  The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

9.      Admitted in part; denied in part.  It is admitted only that Yagna Patel was involved in the management of the Roosevelt Inn.  The remaining averments contained in this paragraph are denied.  Strict proof is demanded at time of trial.

10.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

11.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

12.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

13.     Denied.  The averments contained in this paragraph are conclusions of law to which

no responsive pleading is required.  Strict proof is demanded at time of trial.

14.     The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

15.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

16.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

17.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

18.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

19.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or

4

Case ID: 170300712

omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

20.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

21.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

22.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

23.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

24.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments

5

contained in this paragraph are conclusions of law to which no responsive pleading is required.

25.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

26.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

27.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

28.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

29.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

30.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

31.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

150213.00601/106161808v.1

Case ID: 170300712

32.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

33.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

34.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

35.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

36.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

37.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

38.     Denied.  Answering Defendants are without knowledge or information sufficient to

form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

39.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

40.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

41.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

42.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

43.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

150213.00601/106161808v.1

Case ID: 170300712

44.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

45.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

46.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

47.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

48.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied

9

Case ID: 170300712

that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

49.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

50.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

51.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

52.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

150213.00601/106161808v.1

Case ID: 170300712

53.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

54.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

55.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

56.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

57.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied

11

Case ID: 170300712

that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

58.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

59.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

60.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

61.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

150213.00601/106161808v.1

Case ID: 170300712

62.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

63.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

64.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

65.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

66.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

150213.00601/106161808v.1

Case ID: 170300712

67.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

68.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

69.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

70.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto.  Further, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

71.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

150213.00601/106161808v.1

Case ID: 170300712

## COUNT I – NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 PA.C.S.A. § 3001, ET. SEQ.

## M.B. A MINOR, BY HER GUARDIAN V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

72.     Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

73.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

74.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

75.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff.

76.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or

150213.00601/106161808v.1

Case ID: 170300712

omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

77.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto.  Further, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT II – NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa.C.S.A. § 3001, ET.SEQ.

## M.B., A MINOR, BY HER GUARDIAN V. ALPHA-CENTURION SECURITY, INC.

78.     Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

79. – 87.     Denied.  Paragraphs 79 through 87 are directed to parties other than Answering Defendants and no responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

16

Case ID: 170300712

## COUNT III – NEGLIGENCE

## M.B. A MINOR, BY HER GUARDIAN V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

88.    Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

89.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

90.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Answering Defendants were negligent at any time material hereto.  By way of further response, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

91.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Answering Defendants were negligent at any time material hereto.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

150213.00601/106161808v.1

Case ID: 170300712

92.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT IV – NEGLIGENCE

## M.B., A MINOR, BY HER GUARDIAN V. ALPHA-CENTURION SECURITY, INC.

93.     Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

94. – 102.     Denied.  Paragraphs 94 through 102 are directed to parties other than Answering Defendants and no responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

150213.00601/106161808v.1

Case ID: 170300712

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. A MINOR, BY HER GUARDIAN V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

103.    Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

104.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Answering Defendants were negligent at any time material hereto.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

105.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

150213.00601/106161808v.1

Case ID: 170300712

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B., A MINOR, BY HER GUARDIAN V. ALPHA-CENTURION SECURITY, INC.

106.    Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

107. – 108.    Denied.  Paragraphs 107 through 108 are directed to parties other than Answering Defendants and no responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## M.B. A MINOR, BY HER GUARDIAN V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

109.    Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

110.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

111.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto.  By way of further response, it is specifically denied that

20

Case ID: 170300712

any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT VIII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B., A MINOR, BY HER GUARDIAN V. ALPHA-CENTURION SECURITY, INC.

112.    Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

113. – 115.    Denied.  Paragraphs 113 through 115 are directed to parties other than Answering Defendants and no responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## NEW MATTER

116.    Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

117.    Plaintiff's Complaint fails to state any claim against Answering Defendants upon which relief may be granted.

118.    The alleged incident was not caused by the negligence, negligence per se, recklessness, carelessness, or violation of statute, code, regulation or standard of Answering Defendants.

119.    The injuries, losses, or damages suffered by Plaintiff were not proximately caused by Answering Defendants.

150213.00601/106161808v.1

Case ID: 170300712

120.     Plaintiff's claims of damages, which are specifically denied, were not proximately caused by any acts and/or omissions of Answering Defendants, their employees, servants or agents.

121.     Any harm or injury suffered by Plaintiff was caused by Plaintiff's own actions and/or inactions.

122.     The alleged incident was caused by the negligence, recklessness and/or carelessness of Plaintiff and/or other persons or parties other than Answering Defendants.

123.     Plaintiff's actions and/or inactions were negligent and such negligence was a superseding, intervening cause of the alleged accident that bars or limits all claims by Plaintiff.

124.     Plaintiff's claims are the result of acts or omissions of other individuals or entities whose acts or omissions constituted intervening and/or superseding causes over which Answering Defendants had no control and which Answering Defendants could not foresee.

125.     No conduct, actions, inaction, or omissions on the part of Answering Defendants caused or contributed to Plaintiff's injuries or damages, if any.

126.     Answering Defendants were not negligent, careless and/or reckless at any time material hereto.

127.     Plaintiff has failed to join all indispensable parties.

128.     Plaintiff's Complaint is barred or limited by the appropriate statute of limitations or statute of repose.

129.     Plaintiff's Complaint is barred or limited by the doctrine of waiver, estoppel, res judicata and/or laches.

130.     Plaintiff's claims are barred or limited by the doctrine of spoliation.

131.     Plaintiff's claims are barred or limited by the doctrines of contributory negligence,

22

Case ID: 170300712

comparative negligence, and/or assumption of the risk.

132.    Plaintiff's Complaint is barred or limited by Plaintiff's failure to mitigate damages.

133.    The injuries and damages complained of by Plaintiff' pre-existed or are unrelated to the incident or occurrence which is the subject matter of Plaintiff's Complaint.

134.    Plaintiff's claims for damages, if any, are excessive and unsupported and, therefore, must be barred or limited.

135.    Answering Defendants owed no duty of care to Plaintiff.

136.    To the extent that Answering Defendants owed a duty to Plaintiff, which is denied, Answering Defendants did not breach any duty.

137.    A party other than Answering Defendants directed, supervised, and controlled the premises where Plaintiff was allegedly injured.

138.    Any acts or omissions of Answering Defendants were not substantial causes of and did not result in the injuries and/or losses alleged by Plaintiff.

139.    Plaintiff fails to state a claim under Pennsylvania's Human Trafficking Law, 18 Pa.C.S. § 3001, *et seq.*

140.    The alleged causes of action contained in Plaintiff's Complaint are barred by any and all applicable affirmative defenses explicitly set forth in Pa.R.C.P. 1030(a).

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

23

Case ID: 170300712

## NEW MATTER CROSSCLAIMS

## ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL V. DEFENDANT ALPHA-CENTURION SECURITY, INC.

141.     Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

142.     If the allegations in Plaintiff's Complaint are true, it is averred that Defendant Alpha-Centurion Security, Inc., and any subsequently joined defendants and/or additional defendants are alone liable to Plaintiff, with all liability on the part of Answering Defendants being expressly denied.

143.     In the alternative, if it is judicially determined that Answering Defendants are liable to Plaintiff, the same being expressly denied, then Defendant Alpha-Centurion Security, Inc., and any subsequently joined defendants and/or additional defendants are jointly and severally liable along with Answering Defendants and/or liable over to Answering Defendants for contribution and/or indemnity.

144.     In the event that Plaintiff sustained damages as alleged in the Complaint, said allegations being hereby denied, said damages were a direct result of the acts, omissions, negligence, strict liability, recklessness and/or carelessness of Defendant Alpha-Centurion Security, Inc., and any subsequently joined defendants and/or additional defendants.

150213.00601/106161808v.1

Case ID: 170300712

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

BLANK ROME LLP

_/s/ Grant S. Palmer_

Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: September 25, 2017                    (215) 569-5500

25

Case ID: 170300712

## **VERIFICATION**

I, _YAGNA PATEL_ hereby verify that I am a party to this action and that the facts contained in the foregoing Answer with New Matter and New Matter Crossclaims are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 P.S. §4904 relating to unsworn falsifications to authorities.

Dated: _9 - 25 -_____, 2017          By: _____

                                                          MANAGER

## VERIFICATION

I, _Anthony Uzzo_, hereby verify that I am authorized to execute this verification on behalf of Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, and the Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, and that the facts contained in the foregoing Answer with New Matter and New Matter Crossclaims are true and correct to the best of my knowledge, information and belief.  This verification is made subject to the penalties of 18 P.S. §4904 relating to unsworn falsifications to authorities.

Dated: _September 25_, 2017          By: _____ member/Trustee

150213.00601/106161808v.1

## VERIFICATION

I, _Anthony Uzzo_ , hereby verify that I am authorized to execute this verification on behalf of UFVS Management Company, LLC, and that the facts contained in the foregoing Answer with New Matter and New Matter Crossclaims are true and correct to the best of my knowledge, information and belief.  This verification is made subject to the penalties of 18 P.S. §4904 relating to unsworn falsifications to authorities.

Dated: _September 25_ , 2017          By: _____ member/Trustee

150213.00601/106161808v.1

## <u>CERTIFICATE OF SERVICE</u>

     I, Grant S. Palmer, Esquire, hereby certify that, on this 25th day of September 2017, I caused to be served true and correct copies of the foregoing Answer with New Matter and New Matter Crossclaims to be served via the Court's E-Filing system and/or other electronic mail, upon the following:

<div align="center">

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

</div>

*/s/ Grant S. Palmer*
GRANT S. PALMER

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Minor-Plaintiff

*Filed and Attested by the Office of Judicial Records 27 SEP 2017 03:07 pm K. EDWARDS*

| | |
|---|---|
| M.B., minor by her Guardian, | : PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : COURT OF COMMON PLEAS |
| Plaintiff, | : |
| V. | : CIVIL TRIAL DIVISION |
| | : MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : NO.: 00712 |
| d/b/a ROOSEVELT INN and | : |
| ROOSEVELT INN CAFE | : JURY TRIAL DEMANDED |
| and | : |
| ROOSEVELT MOTOR INN, INC. | : |
| d/b/a ROOSEVELT MOTOR INN | : |
| and | : |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and | : |
| YAGNA PATEL | : |
| and | : |
| ALPHA-CENTURION SECURITY, INC. | : |
| d/b/a ALPHA CENTURY SECURITY, INC. | : |
| Defendants | : |

## PRAECIPE TO REINSTATE AMENDED COMPLAINT

TO THE PROTHONOTARY:

Kindly reinstate the Amended Complaint in the above-captioned matter.

KLINE AND SPECTER

Date: 9/26/17

Nadeem A. Bezar
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26ʰ day of September, **2017** the foregoing

Praecipe to Reinstate Amended Complaint was filed and upon acceptance of the Court mailed

via Regular Mail and/or electronic mail to the below listed Defendants:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18ᵗʰ Street
Philadelphia, PA 19103

Alpha-Centurion Security, Inc.
c/o Joanna M. Small, President
224 Glendale Road
Havertown, PA 19093

KLINE AND SPECTER

Nadeem A. Bezar
Attorney for Plaintiff

**KLINE & SPECTER, P.C.**
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiffs

Filed and Attested by the
Office of Judicial Records
03 SEP 2020 10:07 am
A. GERMANO

| | |
|---|---|
| M.B., minor by her Guardian,<br>WILLIAM A. CALANDRA, ESQUIRE<br>c/o Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA  19102<br><br>                              Plaintiff,<br>     V.<br><br>ROOSEVELT INN LLC<br>*d/b/a ROOSEVELT INN and*<br>*ROOSEVELT INN CAFE*<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>          and<br><br>ROOSEVELT MOTOR INN, INC.<br>*d/b/a ROOSEVELT MOTOR INN*<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>          and<br><br>UFVS MANAGEMENT COMPANY, LLC<br>287 Bowman Avenue<br>Purchase, NY 10577<br><br>          and<br><br>YAGNA PATEL<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>          and<br><br>ALPHA-CENTURION SECURITY, INC.<br>*d/b/a ALPHA CENTURY SECURITY, INC.*<br>3720 West Chester Pike | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>CIVIL TRIAL DIVISION<br>MARCH TERM, 2017<br>NO.: 00712<br><br><br>JURY TRIAL DEMANDED |

Newtown Square, PA 19073

               **Defendants**       :

                                  :

---

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA  19107**
**(215) 238-6333**
**TTY(215) 451-6197**

### AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitadas por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA  19107**
**Telefono:  (215) 238-6333**
**TTY(215) 451-6197**

**KLINE & SPECTER, P.C.**                              Attorneys for Plaintiffs
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | |
|---|---|
| M.B., minor by her Guardian, | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | COURT OF COMMON PLEAS |
| c/o Kline & Specter, P.C. | |
| 1525 Locust Street | CIVIL TRIAL DIVISION |
| Philadelphia, PA  19102 | MARCH TERM, 2017 |
| Plaintiff, | NO.: 00712 |
| V. | |
| | |
| ROOSEVELT INN LLC | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | |
| ROOSEVELT INN CAFE | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| ROOSEVELT MOTOR INN, INC. | |
| d/b/a ROOSEVELT MOTOR INN | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| UFVS MANAGEMENT COMPANY, LLC | |
| 287 Bowman Avenue | |
| Purchase, NY 10577 | |
| | |
| and | |
| | |
| YAGNA PATEL | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| ALPHA-CENTURION SECURITY, INC. | |
| d/b/a ALPHA CENTURY SECURITY, INC. | |
| 3720 West Chester Pike | |

Newtown Square, PA 19073                    :
                          Defendants        :

---

## MINOR-PLAINTIFF'S AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally.  It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.      Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center.  Over 1200 cases of sex trafficking has been reported for the first six months of 2016 with the vast majority of victims being women and a disproportionate number being minors.

3.      In 2014 the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that directly or indirectly benefits financially from such acts is fully deterred through both criminal and civil prosecution.

### THE PARTIES

4.      Minor-Plaintiff, M.B. was born on September 3, 1999, and is one of the thousands of victims of human trafficking in the United States.  During 2013 and 2014, Minor-Plaintiff was exploited and was permitted to be exploited by traffickers of commercial sex acts and those who financially benefitted from her exploitation.  Minor-Plaintiff resides in Philadelphia County, Pennsylvania.  Minor-Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.  Minor-Plaintiff's guardian for purposes of this civil

action is William A. Calandra, Esquire.

5.      Minor-Plaintiff's name and address are not contained in this Complaint so as to

protect the privacy and identity of Minor-Plaintiff M.B. who incurred injuries and damages

starting when she was fourteen (14) years old.

6.      Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe

[hereinafter referred to as "Roosevelt Inn LLC"] is a corporation duly organized and existing

under the laws of Delaware.  At all material times hereto, Defendant Roosevelt Inn LLC owned,

operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152

[hereinafter referred to as the "Roosevelt Inn"].

7.      Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter

referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the

laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Roosevelt

Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.      Defendant UFVS Management Company, LLC, is a corporation duly organized

and existing under the laws of the State of New York.  At all material times hereto, Defendant

UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.      Defendant Yagna Patel is an adult person and resident of Pennsylvania who

resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152.  Based on

information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.      Defendant Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc.

[hereinafter referred to as "Alpha-Centurion Security, Inc."] is a corporation duly organized and

existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto,

Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11. Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12. Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 630 Roosevelt Boulevard, Philadelphia, PA 19152.

13. Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn and assumed responsibility for ensuring the safety and wellbeing of individuals lawfully on the premises, including Minor-Plaintiff M.B.

14. Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County.

15. At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

16.     At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

17.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by their actual or apparent agents, servants and employees, were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

18.     At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

19.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur and profited from them.

20.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

21.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor

Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

22.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

23.     At all material times hereto, Defendants Roosevelt, Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel received money and financially profited from the commercial sex acts occurring on the premises of the Roosevelt Inn.

24.     At all material times hereto, Defendant Alpha-Centurion Security, Inc. received money and financially profited, while having knowledge of the commercial sex acts occurring on the premises of the Roosevelt Inn.

**OPERATIVE FACTS**

25.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3001, et. seq., it is a felony to recruit, entice, solicit, harbor or transport a minor which results in the minor being subjected to sexual servitude.

26.     Commencing in 2013, Minor-Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

27.     Defendants Roosevelt Inn  LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided, for their own financial benefit, rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts

with Minor-Plaintiff.

28.    Upon information and belief, Defendant Alpha-Centurion Security, Inc.
contracted with the Roosevelt Inn in approximately March 2007 to provide security services.

29.    Defendant Alpha-Centurion Security, Inc., individually and/or by and through its
actual or apparent agents, servants and employees, was hired to ensure the safety and wellbeing
of individuals lawfully on the hotel's premises, the hotel's guests, the hotel's employees, and the
hotel's property.

30.    By providing security services, Defendant Alpha-Centurion Security, Inc.
assumed responsibility for ensuring the safety and wellbeing of individuals lawfully present at
the Roosevelt Inn, including Minor-Plaintiff.

31.    It is believed and therefore averred that all of the responsibilities as aforesaid
were well within the scope of the contractual responsibilities promised and undertaken by
Defendant Alpha-Centurion Security, Inc. as part of its agreement to provide security services on
the premises of the Roosevelt Inn.

32.    Defendant Alpha-Centurion Security, Inc. assumed responsibility for protecting
individuals lawfully present at the Roosevelt Inn, including Minor-Plaintiff from foreseeable
harm, including commercial sex exploitation and human sex trafficking.

33.    Having undertaken responsibilities as aforesaid, Defendant Alpha-Centurion
Security owed a duty to Minor-Plaintiff to provide a reasonably safe environment at the
Roosevelt Inn and protect Minor-Plaintiff from dangerous people and conditions on the
premises.

34.    Defendant Alpha-Centurion Security, Inc. provided security services for its own
financial benefit, while traffickers used the rooms at the Roosevelt Inn to engage in commercial

sex acts with Minor-Plaintiff.

35.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Minor-Plaintiff for commercial sex acts.

36.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that rooms and services were being rented or otherwise provided to individuals trafficking Minor-Plaintiff for commercial sex acts, while Alpha-Centurion Security, Inc. had a duty to protect individuals lawfully present at the Roosevelt Inn, like Minor-Plaintiff.

37.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that Minor-Plaintiff was being sexually exploited.

38.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that Minor-Plaintiff was being sexually exploited.

39.     Minor-Plaintiff's traffickers put up internet advertisements for the purpose of prostituting Minor-Plaintiff.

40.     The advertisements would include a fake name for Minor-Plaintiff and a phone number to call.

41.     During the phone call, sex for cash was negotiated and the caller "John" would be

informed that Minor-Plaintiff was at the Roosevelt Inn.

42.    The "John" who negotiated to have sex for cash with Minor-Plaintiff would then speak to the front desk clerk at the Roosevelt Inn.

43.    An individual named "Abdul" would hold himself out as the clerk, staff member or employee at the Roosevelt Inn.  The complete name of "Abdul" is known to Defendants.

44.    "Abdul" would then direct the individual to the floor and room where Minor-Plaintiff and her traffickers were staying.

45.    "Abdul" was fully aware that Minor-Plaintiff and other underage children were compelled to perform sex for money.

46.    Minor-Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

47.    The motel room where Minor-Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

48.    Minor-Plaintiff engaged in numerous commercial sex acts "dates" per day.

49.    Minor-Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

50.    Housekeepers and front desk staff including "Abdul" at the Roosevelt Inn maintained conversations with Minor-Plaintiff and had knowledge that Minor-Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

51.    Minor-Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Minor-Plaintiff.

52.    Minor-Plaintiff exhibited fear and anxiety while on the premises of the Roosevelt Inn.

53.     Minor-Plaintiff's traffickers paid cash for the motel rooms where Minor-Plaintiff engaged in commercial sex acts.

54.     Minor-Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Minor-Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

55.     Men and other minors frequently entered and left the rooms where Minor-Plaintiff engaged in commercial sex acts.

56.     Men stood in the hallways outside of rooms where Minor-Plaintiff was engaged in commercial sex acts.

57.     Minor-Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

58.     Minor-Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

59.     Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Minor-Plaintiff at the Roosevelt Inn in her sexually explicit clothing.

60.     Minor-Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

61.     Minor-Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the motel rooms to the financial profit of all Defendants as owners, operators and managers of the Roosevelt Inn.

62.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual

or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff.

63.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff.

64.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel financially profited from the continuation of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

65.      Defendant Alpha-Centurion Security, Inc. financially profited from providing security services at the Roosevelt Inn, while having knowledge of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

66.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

67.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Minor-Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of

life's pleasures both in the past and in the future.

68.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and  through their actual or apparent agents, servants and employees, financially profited from the human sex trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

69.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Minor-Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, financially profited from providing security services at the Roosevelt Inn, while having knowledge of the human sex trafficking occurring and failing to report, intervene, disrupt or otherwise stop the practice.

70.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

71.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Minor-Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN

## TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et. seq.

## M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

72.     The averments of Paragraphs 1 through 71 are incorporated herein by reference.

73.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. §3001 et seq. makes it illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting the minor to be engaged in any commercial sex act.

74.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and  through their actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport the minor Plaintiff permitting her to be exploited and engage in the commercial sex acts.

75.     By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

76.     By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and  through their actual or apparent agents, servants and employees, financially profited from the human trafficking and continued profit by not reporting, intervening, disrupting or otherwise stopping the practice.

77.     By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel,

individually and/or by and through their actual or apparent agents, servants and employees acted

outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff

warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against

Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC,

and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

<u>**COUNT II – NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN**</u>
<u>**TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et. seq.**</u>

<u>**M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.**</u>

78.     The averments of Paragraphs 1 through 77 are incorporated herein by reference.

79.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. §3001 <u>et seq</u>. makes it

illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting

the minor to be engaged in any commercial sex act.

80.     Defendant Alpha-Centurion Security, Inc. assumed a duty to protect the safety

and wellbeing of individuals lawfully present at the Roosevelt Inn, the hotel's employees, and

the hotel's guests.

81.     Yet, Defendant Alpha-Centurion Security, Inc.  harbored Minor-Plaintiff by

helping to provide a place of refuge and shelter for commercial sexual exploitation and sex

trafficking.

82.     Defendant Alpha-Centurion Security, Inc. had knowledge of commercial sex

activity and sex trafficking occurring at the Roosevelt Inn, but failed to report, intervene, disrupt

or otherwise stop the practice.

83.     Defendant Alpha-Centurion Security, Inc., individually and/or by and  through its actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport the minor Plaintiff permitting her to be exploited and engage in the commercial sex acts.

84.     By harboring the Minor-Plaintiff for commercial sex acts, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

85.     By harboring the Minor-Plaintiff for commercial sex acts, Defendant Alpha-Centurion Security, Inc., individually and/or by and  through its actual or apparent agents, servants and employees, financially profited while allowing human trafficking to occur and continued to profit while not reporting, intervening, disrupting or otherwise stopping the practice.

86.     By harboring the Minor-Plaintiff for commercial sex acts, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

87.     **WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT III - NEGLIGENCE

## M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

88.    The averments of paragraphs 1 through 87 are incorporated herein by reference.

89.    By harboring Minor-Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

90.    As a result of Defendants' Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel negligence, Minor-Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

91.    As a result of Defendants' Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel negligence, Defendants financially profited from the human sex trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

92.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

## COUNT IV – NEGLIGENCE

## M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

93.    The averments of paragraphs 1 through 92 are incorporated herein by reference.

94.    Having undertaken responsibilities as aforesaid and the provision of security services at the Roosevelt Inn, Defendant Alpha-Centurion Security, Inc. owed a duty to protect the safety and wellbeing of individuals lawfully present at the hotel, the hotel's guests, the hotel's employees, and the hotel's property.

95.    Defendant Alpha-Centurion Security, Inc. failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff, although Defendant Alpha-Centurion Security, Inc. had knowledge of commercial sex activity and human trafficking occurring at the Roosevelt Inn.

96.    Defendant Alpha-Centurion Security, Inc., by and through its agents, ostensible agents, officers, servants, and/or employees, was negligent by:

    a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

    b.  Failure to publish post orders at the security posts providing protocols for security personnel to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

    c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

    d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

    e.  Failing to adequately control access to the premises;

    f.  Failing to prevent entry of unauthorized individuals onto the premises;

g.  Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h.  Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i.  Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n.  Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Minor-Plaintiff;

q.  Failing to respond and react to suspicious activity detected on video surveillance;

r.  Failing to maintain surveillance equipment in proper working order;

s.  Failing to test or properly test surveillance equipment to ensure it was in working order;

t.  Failing to utilize appropriate and/or required surveillance equipment;

u.  Failing to adequately monitor activity on video surveillance and promptly react

thereto for the safety of Minor-Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Minor-Plaintiff;

w. Failing to prevent Minor-Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

97.     As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Minor-Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

98.     As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. financially profited from providing security services that allowed the existence of human sex trafficking, while not reporting, intervening, disrupting or otherwise stopping the practice.

99.     Each of the herein-described tortuous or otherwise culpable acts or omissions by Defendant Alpha-Centurion Security, Inc. increased the likelihood that Minor-Plaintiff would suffer the injuries set forth in this Complaint.

100.     Defendant Alpha-Centurion Security, Inc.'s negligence increased the risk of harm to Minor-Plaintiff and was a substantial factor in causing and continuing the harm and damages suffered by Minor-Plaintiff.

101.     Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

102.     **WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and

against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

103.   The averments of paragraphs 1 through 102 are incorporated herein by reference.

104.   Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel negligently committed the acts averred in this Complaint against the Minor-Plaintiff and thereby caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Minor-Plaintiff.

105.   Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

106.   The averments of paragraphs 1 through 105 are incorporated herein by reference.

107.    Defendant Alpha-Centurion Security, Inc. negligently committed the acts averred in this Complaint against the Minor-Plaintiff and thereby caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Minor-Plaintiff.

108.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

   **WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VII - INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS

## M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

109.    The averments of paragraphs 1 through 108 are incorporated herein by reference.

110.    By harboring Minor-Plaintiff to perform commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

111.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VIII - INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS
## M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

112.    The averments of paragraphs 1 through 111 are incorporated herein by reference.

113.    By harboring Minor-Plaintiff to perform commercial sex acts, Defendant Alpha-Centurion Security, Inc. intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

114.    By having knowledge of commercial sex activity and failing to intervene, Defendant Alpha-Centurion Security, Inc. intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

115.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

KLINE & SPECTER, P.C.
*Attorneys for Plaintiff*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

DATED: 9/5/17

**VERIFICATION**

I, William A. Calandra, Esquire, hereby state that I am the Guardian for the Minor-Plaintiff, M.B., in this matter.  I hereby verify that I have reviewed the foregoing Minor-Plaintiff's First Amended Complaint, which was prepared with the assistance of counsel, and that while I do not have personal knowledge of all of the facts and representations therein, the averments appear to be true and correct to the best of my knowledge, information and belief.

The undersigned that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

WILLIAM A. CALANDRA, ESQUIRE
Guardian for Minor-Plaintiff M.B.

M.B., minor by her Guardian,                  :       COURT OF COMMON PLEAS
William A. Calandra, Esquire,                 :       PHILADELPHIA COUNTY
                                              :       CIVIL TRIAL DIVISION
                    Plaintiff,                :
                                              :       MARCH TERM, 2017
             v.                               :       NO.:  00712
                                              :
ROOSEVELT INN LLC                             :       JURY TRIAL DEMANDED
d/b/a ROOSEVELT INN and                       :
ROOSEVELT INN CAFÉ, et al.,                   :
                                              :
                                              :
                                              :

## ORDER

AND NOW, this ___ day of _____ 2017, upon consideration of Defendants

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a

Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Compel

Full and Complete Discovery Responses, and any response thereto, it is hereby **ORDERED** that

Minor Plaintiff M.B. shall serve full and complete responses to Defendants' Interrogatories Sets I

and II and Requests for Production of Documents Sets I and II within twenty (20) days of the date

of this Order or be subject to such sanctions as the Court might impose.

             BY THE COURT:


                                              _____

                                                                               .J


Discovery End Date:  October 1, 2018

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.:  76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.:  309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
         quinlan@blankrome.com
         byers@blankrome.com
         doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

---

| | |
|---|---|
| M.B., minor by her Guardian, | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | PHILADELPHIA COUNTY |
| | CIVIL TRIAL DIVISION |
| Plaintiff, | |
| | MARCH TERM, 2017 |
| v. | NO.:  00712 |
| | |
| ROOSEVELT INN LLC | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | |
| ROOSEVELT INN CAFÉ, et al., | |

**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S
MOTION TO COMPEL FULL AND COMPLETE
DISCOVERY RESPONSES DIRECTED TO PLAINTIFF**

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "Defendants"), by their undersigned counsel, hereby file this Motion to

150213.00601/106172278v.1

Compel Full and Complete Discovery Responses (the "Motion") pursuant to Pa. R. Civ. P. 4019 and, in support therefore, state as follows:

1.      Plaintiff commenced this civil action on March 10, 2017.

2.      On March 18, 2017, Plaintiff was served with Defendants' First Set of Requests for Production of Documents and First Set of Interrogatories.  Then, on June 15, 2017, Plaintiff was served with Defendants' Second Set of Requests for Production of Documents and Second Set of Interrogatories.  *See* Discovery Requests attached collectively as Exhibit "A."

3.      On July 20, 2017, Plaintiff served Defendants with written answers and documents in response to Defendants' Discovery Requests Sets I and II.  *See* Plaintiff's Discovery Responses attached as Exhibit "B."   However, Plaintiff's discovery responses were incomplete and insufficiently responsive.

4.      In Set I Interrogatories Nos. 6, 30, 33, 34 and 44, Defendants sought information known only to Plaintiff regarding her alleged sex trafficking experiences.  More specifically, Defendants requested information related to: a) the dates Plaintiff was at the Roosevelt Inn; b) the circumstances concerning how she was recruited into a human sex trafficking enterprise; c) the facts and contents of any conversations upon which Plaintiff bases her claims that Defendants were aware under age children were being trafficked at the Roosevelt Inn; and d) any medications Plaintiff is currently taking for injuries she alleges she suffered as a result of being trafficked.

5.      However, Plaintiff answered these discovery requests as follows:

      a)  Interrogatory No. 6 – When asked when she stayed at the Roosevelt Inn, Plaintiff listed a timeframe of 730 days during which she ***may*** have stayed at the Roosevelt Inn.  This is deficient as Plaintiff clearly has some knowledge of the

days, weeks, months or seasons and the corresponding years in which she alleges
she stayed at the Roosevelt Inn;

b) Interrogatory No. 30 – After asking Plaintiff to identify the circumstances of
how she became involved with the human trafficking enterprise, Plaintiff
directed Defendants to the contents of her Complaint, noted that she does not
recall exact dates on which she was trafficked and states "[s]ome of this
information" can be ascertained from the records she provided. At no time did
Plaintiff describe how she was recruited, enticed, solicited, harbored or
transported by her traffickers as was requested by this interrogatory;

c) Interrogatories Nos. 33 and 34 – These interrogatories asked Plaintiff to describe
the contents of conversations she had with Roosevelt Inn staff and the facts
supporting her claims that Defendants' employees were aware that trafficking
was taking place at the Roosevelt Inn. In response, Plaintiff again directed
Defendants to the contents of her Complaint and records from the Department
of Human Services (DHS). However, Plaintiff's Complaint contains mere
allegations and the DHS records are devoid of any information to remotely
suggest that Roosevelt Inn employees were aware Plaintiff and other minors
were being trafficked or that Plaintiff had conversations with Roosevelt Inn
employees. Further, Plaintiff is required to supply the requested information and
state the contents of the conversations she ***can*** recall having with Roosevelt Inn
employees;

d) Interrogatory No. 44 – When asked to list what medications she is currently
taking as a result of her alleged trafficking, Plaintiff stated that she "does not

3

recall all of the medication taken or prescribed" and directs Defendants to her document production.  However, the records Plaintiff produced are not up to date.  Further, Plaintiff surely can identify what medications, if any, she is currently taking as a result of the injuries she allegedly sustained.

*See* Exhibits "A" and "B."

6.      Plaintiff's responses to Set I Interrogatories Nos. 14, 32 and 48 are similarly deficient.  Interrogatories Nos. 14, 32 and 48 sought the identities of individuals Plaintiff told and who have information about the allegations contained in her Complaint, including the identity of her family physician.   However, Plaintiff's responses merely stated that her pimps, law enforcement officers, prosecutors and Defendants' employees have the information requested.  Plaintiff's responses failed to identify her family physician, any family members, friends, acquaintances, teachers or any other individuals or treatment providers who have or to whom she disclosed information regarding her alleged human trafficking experience.  Plaintiff's responses to Interrogatories Nos. 14, 32 and 48 are insufficient.  *See* Exhibits "A" and "B."

7.      Likewise, Plaintiff's responses to Set I Interrogatories Nos. 42, 45 and 46 are deficient.  These interrogatories asked Plaintiff to identify the injuries she allegedly suffered, describe Defendants' conduct that allegedly caused her to suffer these injuries and the amount of bills or any expenses she incurred as a result of her alleged injuries.  Plaintiff responded that the information sought by these interrogatories is not currently discoverable because the information is the subject of an expert report.  Contrary to Plaintiff's assertions, this information is discoverable and must be produced.  *See* Exhibits "A" and "B."

8.      Plaintiff's response to Set I Interrogatory No. 54 is similarly deficient.  This interrogatory asked Plaintiff to provide information related to any lawsuit in which she provided

testimony.  Plaintiff responded "none."  However, in Set II Interrogatories, Plaintiff identified that she was involved in the lawsuit *United States v. Daiquan Davis*, Case No. 15-327, in which she gave evidence against her pimp.  Plaintiff's contradictory responses call into question the thoroughness of her answers.  Plaintiff is required to fully respond to this interrogatory and identify any additional lawsuits in which she provided testimony.  *See* Exhibits "A" and "B."

9.      Additionally, Plaintiff's responses to Set II of Defendants' Interrogatories were also deficient.  Set II Interrogatories Nos. 1 and 2 asked Plaintiff to identify all cell phone numbers and carriers for any devices she used during the 2013 through 2014 time period.  Plaintiff responded that her pimp gave her a cell phone but does not recall the number or carrier.  Plaintiff failed to identify her own carrier or cell phone number despite being asked to do so by this interrogatory. *See* Exhibits "A" and "B."

10.     Finally, Set II Interrogatory 6 sought insurance information relating to any injuries Plaintiff allegedly sustained as a result of human trafficking, including applicable coverage, policy exclusions, whether Plaintiff made any claims under the policy, the nature of the claims and whether any recovery was made under the policy.  Plaintiff failed to supply any of this information and merely responded that she has health insurance through Keystone First.  Plaintiff's response to this discovery request is insufficient.  *See* Exhibits "A" and "B."

11.     On August 25, 2017, Defendants wrote to Plaintiff advising that many of her discovery responses were deficient.  *See* Deficiency Letter attached as Exhibit "C."  In the Deficiency Letter, Defendants specifically noted which of Plaintiff's discovery responses were deficient and requested that Plaintiff supplement her responses within 14 days. *See Id.*  To date, Plaintiff has failed to cure her discovery deficiencies or supplement her responses.

12.     On September 13, 2017, Defendants once again wrote Plaintiff asking that she cure the stated deficiencies.  Despite Plaintiff's good faith obligation to supplement her discovery responses, Plaintiff's counsel advised that Defendants must file a motion in order to obtain the discovery to which Defendants are entitled.  *See* E-mail from Plaintiff's counsel attached as Exhibit "D."

13.     The requested discovery concerns matters solely within the knowledge and control of Plaintiff and are essential to Defendants' preparation of the case for trial.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel respectfully request that this Court grant their Motion and enter an Order pursuant to Pa.R.Civ.P. 4019 compelling Plaintiff to supplement her deficient discovery answers and serve full and complete discovery responses within twenty (20) days or suffer such sanctions as the Court may impose.

<div align="center">

**BLANK ROME LLP**

</div>

          */s/ James J. Quinlan*
          Grant S. Palmer (PA ID# 57686)
          James J. Quinlan (PA ID# 200944)
          Justina L. Byers (PA ID# 76773)
          Daniel E. Oberdick (PA ID# 309767)
          BLANK ROME LLP
          One Logan Square
          130 N. 18th Street
          Philadelphia, PA  19103
Dated: September 29, 2017    (215) 569-5500

<div align="center">

6

</div>

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email:  palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com
        doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

---

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
|  | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.:  00712 |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |  |
| ROOSEVELT INN CAFÉ, et al., | : |  |
|  | : |  |
|  | : |  |
|  | : |  |

---

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL FULL AND COMPLETE DISCOVERY RESPONSES DIRECTED TO PLAINTIFF

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "Defendants"), by their undersigned counsel, hereby file this

Memorandum of Law in Support of their Motion to Compel Full and Complete Discovery Responses directed to Plaintiff (the "Motion").

## I.      FACTUAL BACKGROUND

Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against Defendants and Alpha-Centurion Security, Inc.[1]

On March 18, 2017, Plaintiff was served with Defendants' First Set of Requests for Production of Documents and First Set of Interrogatories.  Then, on June 15, 2017, Plaintiff was served with Defendants' Second Set of Requests for Production of Documents and Second Set of Interrogatories.  *See* Discovery Requests attached collectively as Exhibit "A."  On July 20, 2017, Plaintiff supplied written answers and documents in response to Sets I and II of Defendants' Discovery Requests.  *See* Plaintiff's Discovery Responses attached as Exhibit "B."  However, Plaintiff's discovery responses were incomplete and insufficiently responsive.

In Set I Interrogatories Nos. 6, 30, 33, 34 and 44, Defendants sought information known only to Plaintiff regarding her alleged sex trafficking experiences.  More specifically, Defendants requested information related to: a) the dates Plaintiff was at the Roosevelt Inn; b) the circumstances concerning how she was recruited into a human sex trafficking enterprise; c) the facts and contents of any conversations upon which Plaintiff bases her claims that Defendants were aware under age children were being trafficked at the Roosevelt Inn; and d) any medications Plaintiff is currently taking for injuries she alleges she suffered as a result of being trafficked.

However, Plaintiff answered these discovery requests as follows:

> a)  Interrogatory No. 6 – When asked when she stayed at the Roosevelt Inn, Plaintiff listed a timeframe of 730 days during which she ***may*** have stayed at the

---

[1] On September 5, 2017, Plaintiff filed an Amended Complaint naming Alpha-Centurion Security, Inc. as an additional defendant.  To date, Alpha-Centurion Security, Inc. has not been properly served.

Roosevelt Inn.  This is deficient as Plaintiff clearly has some knowledge of the days, weeks, months or seasons and the corresponding years in which she alleges she stayed at the Roosevelt Inn;

b) Interrogatory No. 30 – After asking Plaintiff to identify the circumstances of how she became involved with the human trafficking enterprise, Plaintiff directed Defendants to the contents of her Complaint, noted that she does not recall exact dates on which she was trafficked and states "[s]ome of this information" can be ascertained from the records she provided.  At no time did Plaintiff describe how she was recruited, enticed, solicited, harbored or transported by her traffickers as was requested by this interrogatory;

c) Interrogatories Nos. 33 and 34 – These interrogatories asked Plaintiff to describe the contents of conversations she had with Roosevelt Inn staff and the facts supporting her claims that Defendants' employees were aware that trafficking was taking place at the Roosevelt Inn.  In response, Plaintiff again directed Defendants to the contents of her Complaint and records from the Department of Human Services (DHS).  However, Plaintiff's Complaint contains mere allegations and the DHS records are devoid of any information to remotely suggest that Roosevelt Inn employees were aware Plaintiff and other minors were being trafficked or that Plaintiff had conversations with Roosevelt Inn employees.  Further, Plaintiff is required to supply the requested information and state the contents of the conversations she ***can*** recall having with Roosevelt Inn employees;

d) Interrogatory No. 44 – When asked to list what medications she is currently taking as a result of her alleged trafficking, Plaintiff stated that she "does not recall all of the medication taken or prescribed" and directs Defendants to her document production.  However, the records Plaintiff produced are not up to date.  Further, Plaintiff surely can identify what medications, if any, she is currently taking as a result of the injuries she allegedly sustained.

*See* Exhibits "A" and "B."

Plaintiff's responses to Set I Interrogatories Nos. 14, 32 and 48 are similarly deficient. Interrogatories Nos. 14, 32 and 48 sought the identities of individuals Plaintiff told and who have information about the allegations contained in her Complaint, including the identity of her family physician.  However, Plaintiff's responses merely stated that her pimps, law enforcement officers, prosecutors and Defendants' employees have the information requested.  Plaintiff's responses failed to identify her family physician, any family members, friends, acquaintances, teachers or

3

any other individuals or treatment providers who have or to whom she disclosed information regarding her alleged human trafficking experience.  Plaintiff's responses to Interrogatories Nos. 14, 32 and 48 are insufficient.  *See* Exhibits "A" and "B."

Likewise, Plaintiff's responses to Set I Interrogatories Nos. 42, 45 and 46 are deficient.  These interrogatories asked Plaintiff to identify the injuries she allegedly suffered, describe Defendants' conduct that allegedly caused her to suffer these injuries and the amount of bills or any expenses she incurred as a result of her alleged injuries.  Plaintiff responded that the information sought by these interrogatories is not currently discoverable because the information is the subject of an expert report.  Contrary to Plaintiff's assertions, this information is discoverable and must be produced.  *See* Exhibits "A" and "B."

Plaintiff's response to Set I Interrogatory No. 54 is similarly deficient.  This interrogatory asked Plaintiff to provide information related to any lawsuit in which she provided testimony.  Plaintiff responded "none."  However, in Set II Interrogatories, Plaintiff identified that she was involved in the lawsuit *United States v. Daiquan Davis*, Case No. 15-327, in which she gave evidence against her pimp.  Plaintiff's contradictory responses call into question the thoroughness of her answers.  Plaintiff is required to fully respond to this interrogatory and identify any additional lawsuits in which she provided testimony.  *See* Exhibits "A" and "B."

Additionally, Plaintiff's responses to Set II of Defendants' Interrogatories were also deficient.  Set II Interrogatories Nos. 1 and 2 asked Plaintiff to identify all cell phone numbers and carriers for any devices she used during the 2013 through 2014 time period.  Plaintiff responded that her pimp gave her a cell phone but does not recall the number or carrier.  Plaintiff failed to identify her own carrier or cell phone number despite being asked to do so by this interrogatory.  *See* Exhibits "A" and "B."

4

Finally, Set II Interrogatory 6 sought insurance information relating to any injuries Plaintiff allegedly sustained as a result of human trafficking, including applicable coverage, policy exclusions, whether Plaintiff made any claims under the policy, the nature of the claims and whether any recovery was made under the policy.  Plaintiff failed to supply any of this information and merely responded that she has health insurance through Keystone First.  Plaintiff's response to this discovery request is insufficient.  *See* Exhibits "A" and "B."

By way of letter dated August 25, 2017, Defendants advised Plaintiff that many of her discovery responses were deficient.  *See* Deficiency Letter attached as Exhibit "C."  In the Deficiency Letter, Defendants specifically noted which of Plaintiff's discovery responses were deficient and requested that Plaintiff supplement her responses within 14 days.  *See Id*.  To date, Plaintiff has failed to supplement her responses and cure her deficient responses.

On September 13, 2017, Defendants once again wrote Plaintiff asking that she cure the stated deficiencies.  Despite Plaintiff's good faith obligation to supplement her discovery responses, Plaintiff's counsel advised that Defendants must file a motion in order to obtain the discovery to which Defendants are entitled.  *See* E-mail from Plaintiff's counsel attached as Exhibit "D."

The requested discovery concerns matters solely within the knowledge and control of Plaintiff and are essential to Defendants' preparation of the case for trial.

## II.    ARGUMENT

Rule 4006 of the Pennsylvania Rules of Civil Procedure requires a party to provide full and complete answers to interrogatories, in writing and verified, within thirty (30) days after service thereof.  Additionally, Rule 4009.12 requires a party to serve written responses to Requests for

Production of Documents served pursuant to Pa. R. Civ. P. 4009.11, as well as the requested documents within thirty (30) days of the request.

Plaintiff has failed to serve full and complete written responses to Sets I and II of Defendants' Interrogatories and Requests for Production of Documents and has failed to produce responsive documents, in flagrant disregard of the Rules of Civil Procedure.  Moreover, in response to correspondence from Defendants' counsel, Plaintiff has advised that Defendants must file the instant Motion in order to obtain the discovery to which Defendants are entitled.  Therefore, Defendants have no other recourse other than to seek relief from the Court.

III.    **RELIEF REQUESTED**

In light of the above facts, and pursuant to Pa. R. Civ. P. 4019(a)(1), Plaintiff should be compelled by Order of the Court to supplement their prior discovery and produce full and complete written responses, without objection, and responsive documents, or suffer sanctions as the Court may impose.

                                    BLANK ROME LLP

                                    */s/ James J. Quinlan*
                                    Grant S. Palmer (PA ID# 57686)
                                    James J. Quinlan (PA ID# 200944)
                                    Justina L. Byers (PA ID# 76773)
                                    Daniel E. Oberdick (PA ID# 309767)
                                    BLANK ROME LLP
                                    One Logan Square
                                    130 N. 18th Street
                                    Philadelphia, PA  19103
Dated: September 29, 2017           (215) 569-5500

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18ᵗʰ Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com
        doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, : | |
| v. : | MARCH TERM, 2017 NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., : | JURY TRIAL DEMANDED |

## ATTORNEY CERTIFICATION OF GOOD FAITH

The undersigned counsel for movant hereby certifies and attest that:

☒a.    He or she has had the contacts described below with opposing counsel or unrepresented party regarding discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so without Court intervention.

7

*Defendants' counsel has contacted counsel for Plaintiff several times and requested that Plaintiff cure her discovery deficiencies by providing full and complete discovery responses and documents that are the subject of this Motion.  Counsel for Plaintiff has failed to cure the deficiencies in its prior discovery response and advised that Defendants may only obtain the discovery they seek by way of a discovery motion.*

☐ b.   He or she was unsuccessful in actually contacting opposing counsel or unrepresented party in an attempt to resolve the discovery dispute(s) despite his or her good faith efforts to do so.

CERTIFIED TO THE COURT BY:

**BLANK ROME LLP**

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: September 29, 2017     (215) 569-5500

8

## CERTIFICATE OF SERVICE

I, James J. Quinlan, Esquire, hereby certify that, on this 29th day of September 2017, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Compel Full and Complete Discovery Responses to be served via electronic and first class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

/s/ James J. Quinlan
JAMES J. QUINLAN

# EXHIBIT A

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.:  76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.:  309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com
        doberdick@blankrome.com

*Attorneys for Defendants,*
*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| v. | : | MARCH TERM, 2017<br>NO.:  00712 |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | : | JURY TRIAL DEMANDED |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc.

d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (hereinafter

collectively "Defendants"), by and through their attorneys, hereby serve the following

Interrogatories upon Minor Plaintiff, M.B. ("Plaintiff") to be answered fully and completely, under

1

oath, within thirty (30) days, pursuant to the Pennsylvania Rules of Civil Procedure.  Your answers shall be based upon all information available to you, either directly or through your attorney(s), servant(s), representative(s), or other sources.

## **DEFINITIONS**

The following definitions apply for purposes of these interrogatories:

1.      As used herein, "Plaintiff," means M.B., by her Guardian, William A. Calandra, Esquire, and, unless privilege claimed, each and every attorney, past and present, of Plaintiff.

2.      As used herein, "Plaintiff," "you" and "your" means Plaintiff.

3.      As used herein, "Defendants" means Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, their agents, principals, investigators, consultants, representatives and employees.

4.      As used herein, "incident" means the alleged circumstances set forth in Plaintiff's Complaint concerning Plaintiff's allegations of underage human sex trafficking.

5.      As used herein, the word "person" means natural persons, groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity (*e.g.*, as a committee, board of directors, etc.), corporations, partnerships, joint ventures and any other incorporated or unincorporated business or social entities, and all administrative committees, hearing boards, and/or decision-making bodies.

6.      As used herein, the terms "officers," "agents," "employees" and any other such designation means any person serving at any relevant time in any such capacity even though no longer serving in such capacity.

2

7.     As used herein, the term "document" includes every writing and record of every type and description, whether or not in the possession, custody or control of you, your agents, attorneys, or representatives, including, but not limited to, correspondence, memoranda, interoffice communications (including e-mails), written notes, telegrams, minutes of directors or committee meetings, reports, contracts, deeds, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of account, journals, vouchers, bank checks, charge slips, account reports, receipts, working papers, charts, graphs, indexes, statistical records, stenographers, notebooks, calendars, appointment books, diaries, time sheets, data sheets, statements, papers, articles, news stories, computer printouts, tapes and records of all types, microfilms, studies, books, pamphlets, schedules, and any preliminary draft of any of these categories of documents, photographic prints, transparencies, moving pictures, voice records and every other device or medium on which or through which information of any type is transmitted, recorded or preserved.  The term "document" shall also mean a copy where the original is not in your possession, custody or control and every copy of a document if such copy is not an identical duplicate of the original.

8.     As used herein, the term "communications" means any conversation(s), notice(s), transfer(s) or exchange(s) of information, expression(s) of intent, inquiry(ies), or other direction(s), conveyance(s), or receipt(s) of facts or messages, by verbal, written, electronic, telephonic, or any other medium.

9.     "Knowledge" includes both firsthand and secondary knowledge (including hearsay knowledge).

10.    "State in detail the factual basis for your contention" means you should fully and completely describe every act, event, occurrence, omission, document, or communication of

3

which you know that supports your contention, as well as identify any witnesses whose testimony you expect will support your position.

11.    a.    "Identify," when used with respect to a natural person means to:

    (1)    State his or her name;

    (2)    State his or her current or last known residence, address and telephone number;

    (3)    State his or her business address and telephone number; and

    b.    "Identify," when used with respect to a document or report means to state its:

    (1)    Date;

    (2)    Title or content identifier;

    (3)    Author; and

    (4)    Current location.

    c.    "Identify," when used with respect to a communication, means to state its:

    (1)    Date;

    (2)    Names and titles of persons involved; and

    (3)    The content of the communication.

    d.    "Identify," when used with respect to a transaction, event, incident, incident or occurrence means to:

    (1)    State the date thereof;

    (2)    Identify each person involved;

    (3)    Identify the location of the transaction or event.

## **INSTRUCTIONS**

A.    In each response to these interrogatories, provide all information in your possession, custody or control.  If you are able or willing to provide only part of the information

4

sought, provide that partial information and specify the reason for your inability or unwillingness to provide the remainder.

B.      If any answer to these interrogatories is made upon information and belief, the answering party shall so state, and set forth and identify the sources of such information and belief. If the answering party lacks the knowledge necessary to answer any of these interrogatories, it shall so state.

C.      Whenever appropriate to these interrogatories, the singular shall be interpreted as the plural and vice versa; the present tense shall include the past tense and vice versa; and the neuter shall include both the masculine and feminine.

D.      If you withhold any information or documents covered by these interrogatories by reason of a claim of privilege or confidentiality, furnish a list identifying each such communication or document, together with the following information: (a) the date of the communication or document; (b) the name of its author, authors or preparers and an identification by employment and title of each person; (c) the name, employment, and title of each person (i) to whom the communication or document was sent or furnished, or (ii) who viewed, received or had custody of the communication or document; (d) a brief description of the communication or document sufficient to permit the Court to adjudicate the validity of the claim; (e) a statement of the basis for the claim; and (f) the paragraph of this request to which the information relates.  In case of any communication or document relating in any way to a meeting or to any other conversation, identify all participants in the meeting or conversation.

E.      This request for discovery is a continuing one.  If, after responding to these interrogatories you obtain or become aware of any additional facts or information responsive to these interrogatories, you are requested to supplement your response.

5

## INTERROGATORIES

1.      State the full name, address, and occupation, of the person answering these Interrogatories.

   **ANSWER:**


2.      State Plaintiff's full name, current address, social security number, date and place of birth, marital status, names and ages of any children, occupation, place of employment.

   **ANSWER:**


3.      Set forth all education you have received including name and address of schools attended.

   **ANSWER:**


4.      Set forth the names and addresses of your parents and any siblings.

   **ANSWER:**


5.      Identify the names of your teachers.

   **ANSWER:**


6.      Identify any and all dates that Plaintiff was at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

   **ANSWER:**


6

7.      Identify any other hotels and/or motels where Plaintiff engaged in any commercial sex acts during the time period alleged in the Complaint as well as the dates of Plaintiff's stay.

**ANSWER:**


8.      Identify any other places that Plaintiff engaged in any commercial sex acts during the time period alleged in the Complaint as well as the dates of Plaintiff's stay.

**ANSWER:**


9.      Identify the names and addresses of all friends, relatives or business associates or other persons with whom Plaintiff resided before, during and after the incident described in in the Complaint and provide the dates of such residency.

**ANSWER:**


10.     Identify the names and addresses of all persons with whom Plaintiff had any contact at the Roosevelt Inn and provide a physical description of each such person including age, gender, height, hair color, and any other physical characteristics.

**ANSWER:**

7

11.     Identify the names and addresses of all persons with whom Plaintiff had any contact at any other hotel/motel where Plaintiff engaged in sex acts during the time period alleged in the Complaint.

    **ANSWER:**

12.     Identify the names and addresses of each and every one of Plaintiff's pimps and/or human traffickers involved in the allegations in the Complaint.

    **ANSWER:**

13.     Identify the names of each and every pimp that you observed at the Roosevelt Inn.

    **ANSWER:**

14.     Identify any person by name and address whom you believe has knowledge or information relating to the allegations in the Complaint.

    **ANSWER:**

8

15.     Identify by name and address each person known to "you" or any of "your" agents, investigators or representatives who had any contact with the Defendants and/or Plaintiff's pimps or human traffickers relating to the allegations in the Complaint.

**ANSWER:**

16.     Specify all things provided to you to facilitate the trafficking alleged in the Complaint, including but limited to a laptop computer, credit card number, digital camera and/or cell phone.

**ANSWER:**

17.     Prior to 2013, had Plaintiff ever been to the Roosevelt Inn?  If so, when, for what purpose and on how many occasions?

**ANSWER:**

18.     When is the first date that you ever engaged in commercial sex acts at the Roosevelt Inn?

**ANSWER:**

19.     How many times total have you entered the Roosevelt Inn?

**ANSWER:**

9

20.     For each entrance requested to be identified in the preceding Interrogatory, what entrance or exit did you use when entering or leaving the hotel?

**ANSWER:**

21.     When is the last date that you ever engaged in commercial sex acts at the Roosevelt Inn?

**ANSWER:**

22.     What hours of the day did you generally engage in commercial sex acts at the Roosevelt Inn?

**ANSWER:**

23.     Did you meet any Johns outside your room and bring them back to the room?  If so, identify where you met them and how they contacted you?

**ANSWER:**

24.     Identify the manner of payment utilized by Plaintiff, Plaintiff's pimps or the "Johns" with whom Plaintiff had contact, for any rooms that were rented at the Roosevelt Inn.

10

**ANSWER:**

25.     Identify each and every document referring, relating or reflecting any payment for the sex trafficking alleged in the Complaint.

**ANSWER:**

26.     What name was registered with the Roosevelt Inn for the room(s) you occupied?

**ANSWER:**

27.     Identify any and all rooms, including the room number and floor, Plaintiff stayed in at the Roosevelt Inn.

**ANSWER:**

28.     Identify any and all locations, including the room number and floor, Plaintiff stayed in at any other hotel and/or motel during the time period alleged in the Complaint.

**ANSWER:**

11

29.     Identify by name and address each and every "John" known to "you" or any of "your" agents, investigators or representatives who had any contact with Plaintiff, the Defendants and/or Plaintiff's pimps or human traffickers.

**ANSWER:**

30.     Describe the circumstances of Plaintiff's "recruitment, enticement, solicitation, harboring and/or transporting" for the purposes of engaging in commercial sex acts.  In your response, include date(s), time(s) and the individual(s) involved in the events and circumstances as alleged in the Complaint.

**ANSWER:**

31.     Identify every employee of the Roosevelt Inn with whom you had a conversation. Your answer(s) should include a detailed description of the substance of the conversations with the individuals so identified as well as the date(s) and time(s) said conversations took place.

**ANSWER:**

32.     Identify each and every individual whom you told that you were being kept at the Roosevelt Inn for the purposes of engaging in commercial sexual acts.  Your answer should include the date(s) and time(s) that those discussions took place.

**ANSWER:**

12

33.     Describe all facts supporting your allegation in the Complaint that "Abdul" was fully aware that Plaintiff and other underage children were compelled to perform sex for money.

**ANSWER:**

34.     State and fully describe the content of any and all conversations you had with "Abdul" as alleged in the Complaint.

**ANSWER:**

35.     State and fully describe the content of any and all conversations you had with any other employees of Roosevelt Inn.

**ANSWER:**

36.     State and fully describe the content of any and all conversations you had with security personnel at Roosevelt Inn.

**ANSWER:**

13

37.     Describe the visibly aggressive manner in which you allege you were treated by the traffickers.

**ANSWER:**


38.     Identify each and every government agent, police officer, investigator, prosecutor, or law enforcement personnel with whom you have discussed any of the matters alleged in the Complaint.

**ANSWER:**


39.     Have you pursued or filed any criminal charges against any of the traffickers, pimps or johns included in the allegations in the Complaint.

**ANSWER:**


40.     Describe in detail all action you have taken to pursue or press criminal charges against any traffickers, pimps or johns included in the allegations in the Complaint, including all criminal authorities you have communicated with and all charges filed against any persons.

**ANSWER:**


14

41.     If, at the time of the sex trafficking alleged in the Complaint, you were suffering from, undergoing treatment for, or taking any medications for any injury, illness or condition, state the identity and description of each such injury, illness or condition; any medication you had taken for such injury, illness or condition; and the identity by name, address and telephone number of each physician he consulted regarding such illness, injury or condition.

**ANSWER:**


42.     Identify each and every injury, illness or condition you allege you have suffered as a result of the allegations of the Complaint.

**ANSWER:**


43.     Identify each and every physician, hospital, therapist, counselor or other treatment provider with whom you have treated as a result of the incident set forth in the Complaint.  In your response, identify each provider by name, address, telephone number and the date on which the treatment(s) and/or examination(s) were rendered.

**ANSWER:**


44.     Identify any medications you are taking, have taken or were prescribed for any injuries you allege you suffered as a result of the allegations set forth in the Complaint.

**ANSWER:**

15

45.     Without merely repeating the allegations in your Complaint, state all facts and describe all conduct, if any, upon which you base any contention that each of the Defendants engaged in conduct that caused and/or contributed to matters that are alleged in the Complaint. Specify the particular conduct engaged in by each Defendant and/or their agents, servants or employees.

**ANSWER:**

46.     If you have incurred any losses, bills or expenses in connection with the injuries which you suffered due to the incident in question, and such expenses are not otherwise listed in answer to these interrogatories, set forth the amount of such loss, bill or expense, the service rendered, and the identity of the person or entity who rendered the bill or who was involved with the expense.

**ANSWER:**

47.     If you were undergoing medical care at the time of the alleged incident, state the type of medical care, and give the name, address and telephone number of the provider.

**ANSWER:**

150213.00601/105734260v.1

48.     Identify the names and addresses of all physicians, therapists, counselors, mental health providers, substance abuse professionals, hospitals, clinics or other medical providers you have consulted, seen or been treated by in the ten (10) years before and since this incident, and state the approximate number of visits made in those years and the reasons for such visits.

**ANSWER:**

49.     Have you been convicted of any crimes other than minor traffic violations?  If so, state the nature of the crime(s) and the date(s) of conviction.

**ANSWER:**

50.     If, at any time, an investigation has been conducted on your behalf with respect to any aspect of the incident in question, identify who conducted the investigation, when it was conducted and why it was made.  Produce a copy of any report generated as a result of such an investigation.

**ANSWER:**

17

51.     Have any statements been obtained from any person, including but not limited to a statement or statements from Defendants, Defendants agents or employees, and Plaintiff's pimps or human traffickers, concerning any matter relating to this action?  If so, for each statement indicate the name, address and occupation of the person who made it, the date and time it was obtained, whether written, sound recorded, or oral, and if written or sound recorded, the name and address of the person who has custody of it.   Produce a copy of any such statements.

   **ANSWER:**

52.     Identify by name and address those persons to whom you have given statements concerning the facts of the alleged incident.   Produce a copy of any such statements.

   **ANSWER:**

53.     If you have been involved in a lawsuit other than this one, list the name of each such action, the type of action, when it was filed, the court filed in, the attorneys involved, and the disposition of each such lawsuit.

   **ANSWER:**

18

150213.00601/105734260v.1

54.     If you have given any testimony in a lawsuit other than this one, list the name of each such action, the type of action, when it was filed, the court filed in, the attorneys involved, and the disposition of each lawsuit.

**ANSWER:**

55.     If you have pressed charges or filed a police report against anyone related to the matters alleged in the Complaint, list the names of the officers who prepared the report and the precinct at which they work.  Please produce a copy of any police reports that were filed on your behalf.

**ANSWER:**

56.     If you ever have filed a claim with any insurance company, government or administrative agency concerning any personal injuries suffered by you, state the circumstances of the personal injury claim; when such claim was filed; the insurance company, government or administrative agency involved, and the outcome of each such claim filed by you.

**ANSWER:**

19

57.     Identify all individuals whom you expect to call as expert witnesses regarding any matter at the trial of this case, and for each such individual:

(a)     Set forth the substance of the facts and opinions to which such expert is expected to testify at trial;

(b)     Set forth the qualifications of each such expert;

(c)     Set forth a summary of the grounds for each such opinion; and

(d)     Identify all documents, including, but not limited to, reports or memoranda reflecting, referring or relating to the facts and opinions to which each such expert is expected to testify at trial.

**ANSWER:**


58.     For each expert witness expected to be called in the trial of this matter, state the following:

(a)     His/her occupation;

(b)     Whether he/she specializes in any particular field, and if so, his/her area or areas of specialization;

(c)     If the expert is employed and/or self-employed, identify the employer, the nature of the employment, the dates of the employment, the title, and the date the expert was retained in this matter; and

(d)     If the expert has ever been certified by any agency, board, or group, please identify such certification, the date of certification, the purpose of such certification, and any and all positions the expert currently holds within the certifying body.

**ANSWER:**

150213.00601/105734260v.1

59.     For each expert identified above, set forth his/her qualifications including, but not limited to, the following:

        (a)     The schools or training programs that each has attended including the years in attendance and degrees or certificates, etc., received;

        (b)     Experience in particular fields of endeavor whether related or unrelated to their areas of specialization, including names and address of employers and the years of such employment; and

        (c)      A list of all publications by such persons, including the title of the work, the name of the periodical or book in which it was printed and the date of its publication.

**ANSWER:**

60.     Describe any factual information supplied to each expert including, but not limited to, the following:

        (a)     All documents, objects and materials examined by the expert;

        (b)     The source of each such document, object or material examined by the expert;

        (c)     The date and place of examination of said document, object or material by the expert;

        (d)     A description of all photographs, movies, video tapes, plans, buildings, sketches or other documents reviewed by each such expert; and

        (e)     Any locations sites or facilities visited by the expert for purposes of preparing his opinions.

**ANSWER:**

21

61.     For each such person identified in the answer to the previous interrogatory, set forth his/her qualifications, including, but not limited to, the following:

(a)     The schools or training programs that each has attended, including the years in attendance and degrees or certificates, etc., received;

(b)     Experience in particular fields of endeavor whether related or unrelated to their areas of specialization, including names and address of employers and the years of such employment; and

(c)     A list of all publications by such person, including the title of the work, the name of the periodical or book in which it was printed and the date of its publication.

**ANSWER:**

62.     With respect to each expert identified in response to any interrogatory, identify all cases in which that person has testified in the past five (5) years, including the full caption of all cases and the names and addresses of all parties and their attorneys, the courts in which the cases were tried and approximate dates of trial, and list the full captions of all cases in which any expert identified above testified by way of deposition within the last five years.

**ANSWER:**

22

63.    Identify the manner in which any expert is being compensated in this matter, including:

        (a)    The hourly rate;

        (b)    The flat rate;

        (c)    The flat rates for various services, if they are broken down into costs, depositions, and/or testimony at trial;

        (d)    The amount already paid to the expert for his testimony or opinion in this matter; and

        (e)    Whether or not you have retained the expert on a contingency basis.

**ANSWER:**

64.    State the name and address and the subject of the testimony of all fact witness(es) that you expect to call at the time of trial.

**ANSWER:**

23

65.     Identify each and every person who supplied information or who participated in the preparation of Plaintiff's responses to these interrogatories, and with respect to each such person identified, state separately, specifically, completely and in detail, the substance of that person's contribution to each separate response.

**ANSWER:**


66.     Have you withheld any information from your responses to these interrogatories on the basis of attorney/client privilege, the work product doctrine, or any other privilege or doctrine? If so, set forth a description of the information withheld and set forth in detail the facts that form the basis for "your" claim of privilege.

**ANSWER:**


67.     Have you withheld any documents from your response to the Defendants' Requests for Production of Documents Addressed to Plaintiff on the basis of attorney/client privilege, the work product doctrine, or any other privilege or doctrine?  If so, identify each document withheld and set forth in detail the fact that form the basis of "your" claim of privilege.

**ANSWER:**

24

68.     Please identify each and every document Plaintiff intends to introduce or rely upon at the time of trial of this matter.

**ANSWER:**


**BLANK ROME LLP**

*/s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: May 18, 2017                    (215) 569-5500

25

## <u>CERTIFICATE OF SERVICE</u>

      I, Grant S. Palmer, Esquire, hereby certify that, on this 18th day of May 2017, I caused a true and correct copy of Defendants' Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel First Set of Interrogatories Directed to Plaintiff to be served via electronic and first class mail upon the following:

<div align="center">

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

</div>

                           */s/ Grant S. Palmer*
                           GRANT S. PALMER

150213.00601/105734260v.1

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com
        doberdick@blankrome.com

*Attorneys for Defendants,*
*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| | : | |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS ADDRESSED TO PLAINTIFF

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (hereinafter collectively "Defendants"), by and through their attorneys, hereby serve the following request for production of documents upon Minor Plaintiff, M.B. ("Plaintiff").

All documents requested shall be produced for inspection and copying at the offices of the undersigned within thirty (30) days of the date of service hereof, in accordance with the Pennsylvania Rules of Civil Procedure.  In lieu of producing the requested documents at the offices of the undersigned, true and correct copies of all documents may be sent to the offices of the undersigned within time permitted by the Pennsylvania Rules of Civil Procedure.  Your answers shall be based upon all information available to you, either directly or through your attorney(s), servant(s), representative(s), or other source.

## <u>DEFINITIONS</u>

The following shall apply for purposes of these document requests:

1.     "Document" means every writing and record of every type and description, whether or not in the possession, custody or control of you, your agents, attorneys or representatives, including, but not limited to, correspondence, memoranda, interoffice communications, written notes, telegrams, minutes of directors or committee meetings, reports, contracts, deeds, options, amendments and addenda to contracts and options, licenses, bills, invoices, ledgers, books of account, journals, vouchers, bank checks, charge slips, account reports, receipts, working papers, charts, graphs, indexes, statistical records, stenographers' notebooks, calendars, appointment books, diaries, time sheets, data sheets, statements, papers, articles, news stories, computer printouts, tapes and records of all types, microfilms, studies, books, pamphlets, schedules and any preliminary draft of any of these categories of documents, photographic prints, transparencies, moving pictures, voice records and every other device or medium on which or through which information of any type is transmitted, recorded or preserved.

2.      "Communications" means any conversation, notice, transfer or exchange of information, expression of intent, inquiry or other direction, conveyance or receipt of facts or messages, by verbal, written, electronic, telephonic or any other medium.

3.      The term "documents" does <u>not</u> include:

      a.      any document or portion thereof which contains the mental impressions, conclusions, opinions, memoranda, notes or legal research or legal theories of any attorney for any party of record in this case;

      b.      any document or portion thereof which contains the mental impressions, conclusions or opinions respecting the value or it of any claim or defense pertinent to this case, or respecting strategy or tactics, offered by a representative of any party of record in this case other than that party's attorney; or

      c.      the report of any expert who has been retained or specifically employed by the plaintiff in anticipation of litigation preparation for trial and who is not expected to be called as a witness at trial.

4.      The phrase "documents relating to" is intended to refer to documents which in whole or in part relate to the designated category information described.  Where part of the information in any responsive document is irrelevant, immaterial, or otherwise not included within definition of "documents" as herein above set forth, the balance of material which is or may be relevant should be supplied where appropriate, and other material may be obliterated in any acceptable manner for purposes of copying.

5.      As used herein, "Plaintiff," means M.B., by her Guardian, William A. Calandra Esquire, her heirs, employees, agents, servants, assigns and representatives, past and present, and, unless privilege claimed, each and every attorney, past and present, of Plaintiff.

6.      As used herein, "Plaintiff," "you" and "your" means Plaintiff.

7.      As used herein, "Defendants" means Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management

Company, LLC and Yagna Patel, their agents, principals, investigators, consultants, representatives and employees..

8.      The "incident" shall refer to the events alleged to have occurred as set forth in Plaintiff's Complaint.

9.      "Relating to," "related to" and "relate to" shall mean referring to, describing, evidencing, constituting, reflecting, memorializing, supporting, discussing, explaining, evaluating, reviewing, impinging upon or impacting the subject matter of the request.

## **INSTRUCTIONS**

A.      Plaintiff shall produce original copies of all requested documents, but also copies of any documents which contain marks or notations not present on the original.

B.      Plaintiff shall furnish all known or available documents regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators or by your attorneys or their agents, employees, representatives or investigators.

C.      In producing documents called for herein, Plaintiff shall segregate the documents so as to identify the numbered request to which such document responds.

D.      If any of these documents cannot be produced in full, produce to the next extent possible, and specify in your reasons your inability to produce the remainder, stating whatever information, knowledge or belief you have concerning the unproduced portion.

E.      If you withhold any documents covered by the request by reason of a claim of privilege or confidentiality, furnish a list identifying each such document, together with the following information: (a) the date of the document; (b) the name of its author, authors or preparers and an identification by employment and title of each person; (c) the name, employment and title of each person (i) to whom the document was sent or furnished, or (ii) who viewed, received or

had custody of the document; (d) a brief description of the document sufficient to permit the Court to adjudicate the validity of the claim; (e) a statement of the basis for the claim; and (f) the paragraph of this request to which the document relates.  In case of any document relating in any way to a meeting or to any other conversation, identify all participants in the meeting or conversation.

       F.     This is a continuing request for discovery.  If, after producing documents, you obtain or become aware of any additional documents responsive to this request, you are requested to supplement your response.

## **REQUESTS FOR PRODUCTION**

       1.     Any and all documents relating to or reviewed in compiling your answers to Defendants' Interrogatories.

       2.     A copy of Plaintiff's birth certificate, social security card, driver's license and any other documents that identify Plaintiff's residence.

       3.     A photograph of Plaintiff taken in 2013 or 2014.

       4.     Any and all documents identifying and/or related to the dates of Plaintiff's stay at the Roosevelt Inn.

       5.     Any and all documents related to the Plaintiff's presence at the Roosevelt Inn.

       6.     Any and all documents identifying and/or related to the places Plaintiff stayed when she was not at the Roosevelt Inn.

       7.     Any and all documents related to the recruitment, enticement, solicitation, harboring, and/or transporting of Plaintiff to engage in commercial sex acts at the Roosevelt Inn.

       8.     Any and all documents related to the recruitment, enticement, solicitation, harboring, and/or transporting of Plaintiff to engage in commercial sex acts at any location other than the Roosevelt Inn.

9.      Any and all documents related to the allegation that Defendants rented rooms and provided services to the traffickers that forced Plaintiff to engage in commercial sex acts.

10.     Any and all documents related to the allegation that Defendants knew or had constructive knowledge that they were providing rooms and services to individuals trafficking Plaintiff for commercial sex acts.

11.     Any and all documents related to the allegation that Defendants knew or had constructive knowledge that Plaintiff was being sexually exploited.

12.     Any and all documents and/or internet advertisements placed on the internet for the purposes of prostituting Plaintiff.

13.     Any and all documents related to the allegation that the "Johns" spoke with the front desk clerk at the Roosevelt Inn.

14.     Any and all documents identifying or describing any of Plaintiff's pimps.

15.     Any and all documents identifying or describing any "John" with whom Plaintiff has engaged in commercial sex acts.

16.     Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives were negligent with respect to the incident.

17.     Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives observed human sex trafficking within the Roosevelt Inn.

18.     Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives failed to take any steps to prevent human sex trafficking at the Roosevelt Inn.

19.     Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

20.     Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives financially profited from the commercial sex acts that were allegedly occurring on the premises of the Roosevelt Inn.

21.     Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyment of life and loss of life pleasures.

22.     Any and all documents, including, but not limited to, all expert reports upon which Plaintiff intends to rely at any deposition or trial of this matter.

23.     All documents, demonstrative evidence, and/or exhibits that Plaintiff intends to introduce at any arbitration or trial of this matter.

24.     All documents which support any and all claims for damages made by Plaintiff against Defendants.

25.     Any and all statements (signed or unsigned) of the parties and/or witnesses, including but not limited to Yagna Patel and Plaintiff, relating to the subject matter of this litigation, including statements of any authorized representatives or agents of Plaintiff or Defendants, descriptions of statements and written accounts of investigation and investigation materials, whether in the possession of Plaintiff or her representatives.

26.     Plaintiff's tax returns from 2012 through the present.

27.     Police reports and/or reports from any other governmental entity relating to the Plaintiff or any of the allegations of the Complaint.

28.     A copy of each writing or transcript including but not limited to, all pleadings and deposition testimony and/or trial testimony arising from any civil action, criminal action and/or action of law concerning the allegations of the Complaint and/or events which gave rise to this litigation.

29.     Any release, covenant not to sue or other documents entered into by Plaintiff or which relieves another person, party or entity for liability and/or damages to Plaintiff arising out of the matters giving rise to this litigation.

30.     All documents evidencing any Plaintiff's alleged economic damages related to the allegations of the Complaint.

31.     Any and all medical or other reports related to Plaintiff's alleged physical injuries, psychological injuries, emotional injuries and/or pain and suffering.

32.     Any and all medical reports and records, including hospital and ambulance reports, related to Plaintiff's treatment related to the allegations in the Complaint.

33.     Any and all documents showing the receipt of money or anything of value by Plaintiff relating to the allegations of the Complaint.

34.     Any and allreports of investigations conducted by any person related to the allegations of the Complaint.

35.     All photographs taken or diagrams prepared of Roosevelt Motor Inn or any instrumentality therein, and any and all documents or things depicting the Roosevelt Motor Inn.

36.     Any and all documents relating to your allegations of damages in the Complaint.

37.     Curriculum vitae for all experts whom you expect to call at trial.

38.     Any and all documents identifying and/or relating to individuals who witnessed the allegations of the Complaint.

39.     Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives acted intentionally with respect to the incident.

40.     Any and all documents relating to any of the allegations set forth in Plaintiff's Complaint.

BLANK ROME LLP

*/s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: May 18, 2017          (215) 569-5500

## <u>CERTIFICATE OF SERVICE</u>

       I, Grant S. Palmer, Esquire, hereby certify that, on this 18th day of May 2017, I caused a true and correct copy of Defendants' Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel First Set of Requests for Production of Documents Addressed to Plaintiff to be served via electronic and first class mail upon the following:

<div align="center">

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

</div>

 

                               */s/ Grant S. Palmer*
                               GRANT S. PALMER

# EXHIBIT B

**KLINE & SPECTER, P.C.**                          *Attorneys for Minor-Plaintiff*
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| William A. Calandra, Esquire | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | CIVIL TRIAL DIVISION |
| | : | NOVEMBER TERM, 2016 |
| v. | : | |
| | : | NO. 0259 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |

---

## MINOR-PLAINTIFF M.B.'S ANSWERS TO DEFENDANTS ROOSEVELT INN LLC, ET AL.'S INTERROGATORIES

Minor-Plaintiff M.B., by and through her attorneys, Kline & Specter, hereby answers

Defendants Roosevelt Inn LLC et al.'s (hereinafter "Roosevelt Inn") Interrogatories as follows.

These Interrogatories are being responded to on the basis of information in the possession of

Minor-Plaintiff M.B.'s counsel.

1.      Minor-Plaintiff M.B. answers these interrogatories by and through her counsel,

Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline &

Specter, P.C.

2.
   a.   Name: Madison Beason.

   b.   Current Address: Minor-Plaintiff currently may be contacted through her
        attorneys.

   c.   Social Security Number: Objection. This Interrogatory is unduly burdensome and
        not calculated to lead to the discovery of admissible evidence.

    d.  Date and Place of Birth: 09/03/99; Philadelphia, PA.

    e.  Names and Ages of Any Children: None

    f.  Occupation: Minor-Plaintiff is currently a student.

    g.  Place of Employment: N/A

3.      Upon information and belief, Minor-Plaintiff has attended Sharswood Elementary School, Arthur Street Elementary School, Hazleton Middle School, Pepper Middle School, Harding Middle School, and Wordsworth Academy. Some information regarding the schools attended by Minor-Plaintiff can be found in the records pertaining to Minor-Plaintiff from the following organizations: Philadelphia Department of Human Services, Turning Points for Children Community Umbrella Agency, and Pennsylvania Hospital Hall-Mercer. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

4.

    a.  Mother: Kelly Anne Beason

    b.  Father: Robert Beason

    c.  Half-Brother: Arther Powel, Jr.

    d.  Half-Sisters: Amanda Beason, Gabrielle Beason

5. Minor-Plaintiff does not recall the names of all of her teachers. This information can be ascertained from Minor-Plaintiff's school records, which is not currently in Minor-Plaintiff's possession. Some of Minor-Plaintiff's teachers may be identified in the records pertaining to Minor-Plaintiff from Turning Points for Children Community Umbrella Agency. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

6.     See Minor-Plaintiff's Complaint.  Minor-Plaintiff does not recall the exact dates she was at the Roosevelt Inn.  She was a victim of sex trafficking at the Roosevelt Inn during 2013 to 2014.

7.     None.

8.     Minor-Plaintiff does not recall the exact addresses of additional locations where she engaged in commercial sex acts.  She engaged in commercial sex acts at a house on Comly Street in Philadelphia, PA, and at a house located on Bridge Street in Philadelphia, PA. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

9.     Minor-Plaintiff does not recall all the names and addresses of all friends, relatives or business associates or other persons with whom she has resided.  Some of the names and address of persons she has resided with may be ascertained from the records pertaining to Minor-Plaintiff from the following organizations:  Philadelphia Department of Human Services, Turning Points for Children Community Umbrella Agency, and Pennsylvania Hospital Hall-Mercer.  Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

10.    See Minor-Plaintiff's Complaint.  Minor-Plaintiff does not recall every person that she came into contact with while at the Roosevelt Inn.  Minor-Plaintiff was in contact with her traffickers Daiquan Davis and also a man with the first name "Abdul".  Minor-Plaintiff does not recall Abdul's last name.  Minor-Plaintiff also had contact with the "Johns".  Discovery is continuing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

11.    Not applicable.

12.     See Minor-Plaintiff's Complaint. Minor-Plaintiff was the victim of sex traffickers Daiquan Davis and also "Abdul". Minor-Plaintiff does not know Abdul's last name. Discovery is continuing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

13.     See Minor-Plaintiff's Complaint. Minor-Plaintiff does not recall the names of all pimps she observed the Roosevelt Inn. Minor-Plaintiff observed sex traffickers Daiquan Davis and also "Abdul". Minor-Plaintiff does not know Abdul's last name. Discovery is continuing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

14.     Minor-Plaintiff is aware of the following people who have knowledge or information relating to the incidents described in her Complaint: Minor-Plaintiff, Daiquan Davis, Abdul (last name unknown), Yagna Patel, law enforcement officers and United States Prosecutors who prosecuted Daiquan Davis. Defendants are in possession of the names and address of their employees and/or agents who have information pertaining to the averments contained in Minor-Plaintiff's Complaint, including security guards, other residents, and hotel employees. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

15.     Objection. Defendants would be in possession of information pertaining to who contacted Defendants about the incidents included in Plaintiff's Complaint. Further, Minor-Plaintiff is not in possession of information as to who may have contacted Daiquan Davis and Abdul. Discovery is ongoing and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

16.     Minor-Plaintiff was given a cell phone and a credit card by her traffickers.

17.     No.

18. Minor-Plaintiff does not recall the exact date she first engaged in commercial sex acts at the Roosevelt Inn. Minor-Plaintiff was trafficked at the Roosevelt Inn beginning in approximately the summer of 2013.

19. Objection. Minor-Plaintiff objects to this Interrogatory as vague, because it lacks a temporal scope and the meaning of "enter" is ambiguous. By way of further response, without waiver of objection, see Minor-Plaintiff's Complaint. Minor-Plaintiff engaged in commercial sex acts as a victim of sex trafficking at the Roosevelt Inn in 2013 and 2014. If "enter" means occupied a room at the Roosevelt Inn or came in through one of the entrances to the Roosevelt Inn, Minor-Plaintiff does not recall how many times she entered the Roosevelt Inn.

20. Minor-Plaintiff used the front door entrance by the front desk, the side door entrance, and the back door entrance.

21. See Minor-Plaintiff's Complaint. Minor-Plaintiff does not recall the date of the last time she engaged in commercial sex activity at the Roosevelt Inn. Minor-Plaintiff engaged in commercial sex acts as a victim of sex trafficking at the Roosevelt Inn from 2013 and 2014. Discovery is ongoing and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

22. Minor-Plaintiff did not engage in commercial sex acts during designated hours of the day. Minor-Plaintiff was "on-call" 24/7 while at the Roosevelt Inn.

23. Yes, Minor-Plaintiff met "Johns" by the front, side, or back entrance of the Roosevelt. The "Johns" contacted Minor-Plaintiff by phone.

24. Minor-Plaintiff does not recall the method of payment used by her traffickers to rent rooms at the Roosevelt Inn. Minor-Plaintiff did witness her traffickers Daiquan Davis and "Abdul" pay for the rooms.

25.     Minor-Plaintiff is not currently in possession of any documents responsive to this
Interrogatory.  Documents relating to payment for sex trafficking would be in the possession of
her traffickers Daiquan Davis and "Abdul"; Defendants' employees and/or agents; and law
enforcement.  Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this
response as discovery continues.

26.     Minor-Plaintiff does not know the names registered with the Roosevelt Inn for the
rooms she occupied.  Minor-Plaintiff's sex traffickers, Daiquan Davis and "Abdul", would rent
the rooms and determine the names used to register the rooms.

27.     Minor-Plaintiff does not recall the room numbers or floors of all the rooms that
she occupied while at the Roosevelt Inn.  Minor-Plaintiff occupied approximately half the rooms
at the Roosevelt Inn while she engaged in commercial sex acts at the Roosevelt Inn.

28.     Not applicable.

29.     Minor-Plaintiff does not recall the names of the "Johns".  Discovery is ongoing
and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

30.     See Minor-Plaintiff's Complaint.  Minor-Plaintiff does not recall the exact dates
and times of all the events and circumstances regarding engaging in commercial sex acts at the
Roosevelt Inn.  Minor-Plaintiff also does not recall the names of all individuals involved in the
incidents described in her Complaint.  Some of this information can be ascertained from the
records pertaining to Minor-Plaintiff from the Philadelphia Department of Human Services.
Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as
discovery continues.

31.     See Minor-Plaintiff's Complaint.  Minor-Plaintiff does not recall each
conversation she had with employees of the Roosevelt Inn.  Discovery is ongoing and Minor-

Plaintiff reserves the right to supplement this response as discovery continues.

32. Objection. Minor-Plaintiff objects to this Interrogatory as overly broad and unduly burdensome. By way of further response, without waiver of objection, Minor-Plaintiff does not recall each individual with which she discussed her experience as a victim of sex trafficking at the Roosevelt Inn. Some of this information can be ascertained from the records pertaining to Minor-Plaintiff from the Philadelphia Department of Human Services and Pennsylvania Hospital Hall-Mercer. Discovery is ongoing and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

33. See Minor-Plaintiff's Complaint. Some of this information can also be ascertained from the records pertaining to Minor-Plaintiff from the Department of Human Services. Discovery is ongoing and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

34. See Minor-Plaintiff's Complaint. Minor-Plaintiff does not recall all of the conversations had with "Abdul". Some of this information can be ascertained from the records pertaining to Minor-Plaintiff from the Department of Human Services. Discovery is ongoing and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

35. See response to Interrogatory No. 31.

36. Minor-Plaintiff does not recall the details of conversations she had with security personnel at the Roosevelt Inn. Minor-Plaintiff does recall that security personnel advised girls engaged in commercial sex activity to put more clothing on when walking in the hallways. Discovery is ongoing and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

37. See Minor-Plaintiff's Complaint. Minor-Plaintiff does not recall each incident of

physical abuse she suffered. Beyond verbal name calling and physical handling, Minor-Plaintiff

was constantly warned by the traffickers. Discovery is ongoing and Minor-Plaintiff reserves the

right to supplement this response as discovery continues.

38.    Minor-Plaintiff does not recall the names of the law enforcement personnel with

whom she discussed the incidents of sex trafficking she experienced. Minor-Plaintiff did speak

with a detective named "Rose" and representatives from the U.S. Attorney's office.

39.    No.

40.    See response to Interrogatory No. 39.

41.    Minor-Plaintiff does not recall all of the medical treatment she received at the

time of the sex trafficking she experienced at the Roosevelt Inn. Some of this information can be

ascertained from the records pertaining to Minor-Plaintiff from the following organizations: the

Philadelphia Department of Human Services, Turning Points for Children Community Umbrella

Agency, and Pennsylvania Hospital Hall-Mercer. Discovery is ongoing, and Minor-Plaintiff

reserves the right to supplement this response as discovery continues.

42.    Minor-Plaintiff has suffered physical harm, a sexually transmitted disease, mental

anguish, humiliation, exploitation, degradation, mental distress, loss of enjoyments of life and

loss of life's pleasures. By way of further response, this Interrogatory seeks information that will

be subject of an expert report to be provided in accordance with the Case Management deadlines

in this case.

43.    Minor-Plaintiff does not recall all of her treating providers. Some of the

information can be ascertained from the records pertaining to Minor-Plaintiff from the following

organizations: Philadelphia Department of Human Services, Turning Points for Children

Community Umbrella Agency, and Pennsylvania Hospital Hall-Mercer. Discovery is ongoing,

and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

44.     Minor-Plaintiff does not recall all of the medication taken or prescribed to her as a
result of the emotional, physical, and sexual abuse she suffered as a victim of sex trafficking.
Some of this information can be ascertained from the records pertaining to Minor-Plaintiff from
the following organizations: the Philadelphia Department of Human Services, Turning Points for
Children Community Umbrella Agency, and Pennsylvania Hospital Hall-Mercer.  Discovery is
ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery
continues.

45.     See Minor-Plaintiff's Complaint. This Interrogatory seeks information that will be
subject of an expert report to be provided in accordance with the Case Management deadlines in
this case.

46.     This Interrogatory seeks information that will be subject of an expert report to be
provided in accordance with the Case Management deadlines in this case.

47.     This information can be ascertained from the records pertaining to Minor-Plaintiff
from the following organizations: the Philadelphia Department of Human Services, Turning
Points for Children Community Umbrella Agency, and Pennsylvania Hospital Hall-Mercer.
Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as
discovery continues.

48.     Minor-Plaintiff does not recall all of her treating providers from the last ten years.
Some of this information can be ascertained from the records pertaining to Minor-Plaintiff from
the following organizations: the Philadelphia Department of Human Services, Turning Points for
Children Community Umbrella Agency, and Pennsylvania Hospital Hall-Mercer.  Discovery is
ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery

continues.

49.     No.

50.     None.

51.     Minor-Plaintiff is unaware of statements made.

52.     Minor-Plaintiff does not recall all the statements given regarding the incidents described in the Complaint.  Minor-Plaintiff does recall having conversations with law enforcement regarding the incidents described in the Complaint.

53.     None.

54.     None.

55.     Unknown at this time.  Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

56.     None.

57.     Responses to expert interrogatories and/or expert reports will be produced in accordance with Pa.R.C.P. 4003.5 upon a determination as to the use and identity of expert witnesses and the Case Management deadlines established by the Court.

58.     See response to Interrogatory No. 57.

59.     See response to Interrogatory No. 57.

60.     See response to Interrogatory No. 57.

61.     See response to Interrogatory No. 57.

62.     See response to Interrogatory No. 57.

63.     See response to Interrogatory No. 57.

64.     Minor-Plaintiff has not yet identified which fact witnesses she will use at trial. This information will be provided in accordance with the deadlines established by the Court's

Case Management Order and the Pennsylvania Rules of Civil Procedure.

65.     Minor-Plaintiff provided information in preparation of responses to these

Interrogatories. The information provided can also be ascertained from the records pertaining to

Minor-Plaintiff from the following organizations: the Philadelphia Department of Human

Services, Turning Points for Children Community Umbrella Agency, and Pennsylvania Hospital

Hall-Mercer.

66.     No.

67.     No.

68.     Minor-Plaintiff has not yet identified which documents she will use at trial. This

information will be provided in accordance with the deadlines established by the Court's Case

Management Order and the Pennsylvania Rules of Civil Procedure.


                                        KLINE & SPECTER, P.C.


                                        THOMAS R. KLINE, ESQUIRE
                                        NADEEM A. BEZAR, ESQUIRE
                                        EMILY B. MARKS, ESQUIRE
                                        *Attorneys for Minor-Plaintiff*

Dated: 7/18/17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of a true and correct copy of *Minor-Plaintiff M.B.'s Answers to Defendants Roosevelt Inn LLC, et al.'s Interrogatories and Requests for Production of Documents* was made upon all individuals listed below, by email and first-class U.S. mail, postage prepaid on July 18th, 2017:

Grant S. Palmer, Esq.
palmer@BlankRome.com
James J. Quinlan, Esq.
quinlan@BlankRome.com
Justina L. Byers, Esq.
byers@BlankRome.com
Daniel E. Oberdick, Esq.
doberdick@BlankRome.com
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5500

KLINE & SPECTER, P.C.

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
*Attorneys for Minor-Plaintiff*

**KLINE & SPECTER, P.C.**                                    Attorneys for Minor-Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| William A. Calandra, Esquire | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | CIVIL TRIAL DIVISION |
| | : | NOVEMBER TERM, 2016 |
| v. | : | |
| | : | NO. 0259 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |

## MINOR-PLAINTIFF M.B.'S ANSWERS TO DEFENDANTS ROOSEVELT INN LLC, ET AL.'S REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Objection.  Minor-Plaintiff objects to this Request to the extent it calls for information protected by attorney-client and/or work product privilege.  By way of further response, without waiver of objection, see the following records pertaining to Minor-Plaintiff from the Philadelphia Department of Human Services, Turning Points for Children Community Umbrella Agency, and Pennsylvania Hospital Hall-Mercer.  Public records pertaining to the criminal prosecution of Daiquan Davis are equally accessible to Defendants.

2.     See the records identified in response to Request No. 1.  Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

3.     A search for photographs of Minor-Plaintiff taken in 2013 or 2014 is ongoing and photographs will be produced if and when they are located. Minor-Plaintiff reserves the right to supplement this response as discovery continues.

4.     Objection. The term "stay" is vague and unclear. Minor-Plaintiff is not in possession of any responsive documents. This claim involves the sex trafficking of Minor-Plaintiff and the negligent operation of Defendants' motel. Defendants would be in possession of documents and/or their own security video surveillance pertaining to incidents involving the trafficking of Minor-Plaintiff at the Roosevelt Inn. This information may be contained in records that are in the possession of the United States Attorney's Office or law enforcement agencies that are equally accessible to Defendants.  Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

5.     Objection. See response to Request No. 1.

6.     Objection. Minor-Plaintiff objects to this Request as overly broad, because it lacks a temporal scope. Further, Minor-Plaintiff also objects to this Request as ambiguous as to the meaning of "stay." By way of further response, without waiver of objection, see records identified in response to Request No. 1. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

7.     Minor-Plaintiff is not in possession of any responsive documents. This claim involves the sex trafficking of Minor-Plaintiff and the negligent operation of Defendants' motel. Defendants would be in possession of documents and/or their own security video surveillance pertaining to incidents involving the trafficking of Minor-Plaintiff at the Roosevelt Inn. This information may be contained in records that are in the possession of the United States Attorney's Office or law enforcement agencies that are equally accessible to Defendants. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

8.     Minor-Plaintiff is not currently in possession of any documents responsive to this

Request. Minor-Plaintiff was trafficked only at the Roosevelt Inn.

9.     Minor-Plaintiff is not in possession of any responsive documents. This claim involves the sex trafficking of Minor-Plaintiff and the negligent operation of Defendants' motel. Defendants would be in possession of documents and/or their own security video surveillance pertaining to Defendants' rental of rooms services provided to the traffickers that forced Minor-Plaintiff to engage in commercial sex acts. This information may be contained in records that are in the possession of the United States Attorney's Office or law enforcement agencies that are equally accessible to Defendants. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

10.     Minor-Plaintiff is not in possession of any responsive documents. This claim involves the sex trafficking of Minor-Plaintiff and the negligent operation of Defendants' motel. Defendants would be in possession of documents and/or their own security video surveillance pertaining to Defendants' knowledge or constructive knowledge about Defendants' providing rooms and services to individuals trafficking Minor-Plaintiff for commercial sex acts at the Roosevelt Inn. This information may be contained in records that are in the possession of the United States Attorney's Office or law enforcement agencies that are equally accessible to Defendants. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

11.     Minor-Plaintiff is not in possession of any responsive documents. This claim involves the sex trafficking of Minor-Plaintiff and the negligent operation of Defendants' motel. Defendants would be in possession of documents and/or their own security video surveillance pertaining to Defendants' knowledge or constructive knowledge that Minor-Plaintiff was being sexually exploited at the Roosevelt Inn. This information may be contained in records that are

in the possession of the United States Attorney's Office or law enforcement agencies that are equally accessible to Defendants.   Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

12.     Objection.  Minor-Plaintiff objects to this Request to the extent that it seeks documents that are publicly available and equally accessible to Defendants.  By way of further response, without waiver of objection, Minor-Plaintiff is not currently in possession of any documents responsive to this Request.  Responsive documents may be in possession of the United States Attorney's Office and/or law enforcement agencies.  Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

13.     Minor-Plaintiff is not in possession of any responsive documents. Defendants would be in possession of documents and/or their own security video surveillance related to averments that "Johns" spoke with Defendants' employee and/or the agent who was the front desk clerk at the Roosevelt Inn.  Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

14.     See the Indictment in the matter of the United States of America v. Daiquan Davis, Crime No. 15-327 that is publicly available and equally accessible to Defendants.  As it is security footage of Defendants' premises, Defendants would be in possession of the security video surveillance of the Roosevelt Inn.  Additional responsive documents may be in possession of the United States Attorney's Office or law enforcement agencies that is equally accessible to Defendants.  Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

15.     Minor-Plaintiff is not currently in possession of any documents responsive to this Request.  As it is security footage of Defendants' premises, Defendants would be in possession

of the security video surveillance of the Roosevelt Inn. Additional responsive documents may be in possession of the United States Attorney's Office or law enforcement agencies that are equally accessible to Defendants. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

16. Minor-Plaintiff is not currently in possession of any documents responsive to this Request. Defendants would be in possession of documents and/or their own security video surveillance related to averments that Defendants and/or any of their employees, agents or representatives were negligent with respect to the trafficking incidents involving Minor-Plaintiff at the Roosevelt Inn. Responsive documents may be in possession of the United States Attorney's Office or law enforcement agencies that are equally accessible to Defendants. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

17. Minor-Plaintiff is not currently in possession of any documents responsive to this Request. Defendants would be in possession of documents and/or their own security video surveillance related to averments that Defendants and/or any of their employees, agents or representatives observed human trafficking with the Roosevelt Inn. Responsive documents may be in possession of the United States Attorney's office and/or law enforcement agencies that are equally accessible to Defendants. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

18. Minor-Plaintiff is not currently in possession of any documents responsive to this Request. Defendants would be in possession of documents and/or their own security video surveillance related to observation of human trafficking at the Roosevelt Inn by Defendants and/or any of their employees, agents or representatives. Responsive documents may be in

possession of the United States Attorney's office and/or law enforcement agencies that are equally accessible to Defendants. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

19.     Minor-Plaintiff is not currently in possession of any documents responsive to this Request. Defendants would be in possession of documents and/or their own security video surveillance related to the failure of Defendants and/or any of their employees, agents or representatives to report to authorities that human sex trafficking was occurring at the Roosevelt Inn. Responsive documents may be in possession of the United States Attorney's office and/or law enforcement agencies that are equally accessible to Defendants. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

20.     Minor-Plaintiff is not in possession of any responsive documents. Defendants would be in possession of documents related to the averment that Defendants and/or any of their employees, agents or representatives financially profited from the commercial sex acts that occurred on the premises of the Roosevelt Inn. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

21.     The information sought by this Request can be ascertained from the records pertaining to Minor-Plaintiff from Hall Mercer. Records from Joseph J. Peters Institute and additional medical records will be produced when received. By way of further response, this Request seeks information that will be subject of an expert report to be provided in accordance with the Case Management deadlines in this case.

22.     Objection. The Request seeks information that is not discoverable per Pa. R. Civ. P. 4003.5(a)(3) and is protected by the attorney/work product and/or attorney client privilege. By way of further response, without waiver of objections, reports and curriculum vitae of experts

to be called at trial and evidence to be introduced at trial will be provided in accordance with the

Court's Case Management Order and the Pennsylvania Rules of Civil Procedure.

      23.     See response to Request No. 22.

      24.     See response to Request No. 21.

      25.     Minor-Plaintiff objects to this Request to the extent that it calls for information

protected by the attorney-client and/or attorney work product privilege. By way of further

response, without waiver objection, Minor-Plaintiff is not in possession of any statements as

defined by Pa. R. Civ. P. 4003.4. Discovery is ongoing, and Minor-Plaintiff reserves the right to

supplement this response as discovery continues.

      26.     None.

      27.     Minor-Plaintiff is not currently in possession of any documents responsive to this

Request. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this

response as discovery continues.

      28.     Objection. Minor-Plaintiff objects to this Request to the extent that it seeks

documents that are publicly available and equally accessible to Defendants. By way of further

response, without waiver of objection, Discovery is ongoing, and Minor-Plaintiff reserves the

right to supplement this response as discovery continues.

      29.     Minor-Plaintiff is not currently in possession of any documents responsive to this

Request.

      30.     See response to Request No. 21.

      31.     See response to Request No. 1 and No. 21.

      32.     See response to Request No. 1 and No. 21.

      33.     Minor-Plaintiff is not currently in possession of any documents responsive to this

Request. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

34.     Objection to the extent this Request seeks information protected by the Attorney Work-Product Privilege and also information that is publicly available and equally accessible to Defendants. By way of further response, discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

35.     Objection. Minor-Plaintiff objects to this Request to the extent that it seeks documents that are publicly available and equally accessible to Defendants and also are protected by the Attorney Work-Product Privilege. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

36.     See response to Request No. 1 and 21.

37.     See response to Request No. 22.

38.     Defendants would be in possession of documents and/or their own security video surveillance relating to individuals who witnessed the incidents described in Minor-Plaintiff's Complaint. See also documents in the matter of the United States of America v. Daiquan Davis, Crime No. 15-327 that are publicly available and equally accessible to Defendants. Responsive documents may be in possession of the United States Attorney's Office /or law enforcement agencies. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

39.     Minor-Plaintiff is not currently in possession of any documents responsive to this Request. Defendants would be in possession of documents and/or their own security video surveillance related to intentional acts by Defendants and/or any of their employees, agents or representatives involving the sex trafficking of Minor-Plaintiff at the Roosevelt Inn. Responsive

documents may be in possession of the United States Attorney's office and/or law enforcement agencies that are equally accessible to Defendants.  Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

    40.    See documents and security video surveillance identified in these responses.

KLINE & SPECTER, P.C.

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
*Attorneys for Minor-Plaintiff*

Dated: 7/18/17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of a true and correct copy of *Minor-Plaintiff*

*M.B. 's Answers to Defendants Roosevelt Inn LLC, et al. 's Requests for Production of Documents*

was made upon all individuals listed below, by email and first-class U.S. mail, postage prepaid

on July __, 2017:

Grant S. Palmer, Esq.
palmer@BlankRome.com
James J. Quinlan, Esq.
quinlan@BlankRome.com
Justina L. Byers, Esq.
byers@BlankRome.com
Daniel E. Oberdick, Esq.
doberdick@BlankRome.com
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5500

KLINE & SPECTER, P.C.

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
*Attorneys for Minor-Plaintiff*

**KLINE & SPECTER, P.C.**                        *Attorneys for Minor-Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| William A. Calandra, Esquire | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | CIVIL TRIAL DIVISION |
| | : | NOVEMBER TERM, 2016 |
| v. | : | |
| | : | NO. 0259 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |

## MINOR-PLAINTIFF M.B.'S ANSWERS TO DEFENDANTS
## ROOSEVELT INN LLC, ET AL.'S INTERROGATORIES (SET II)

Minor-Plaintiff M.B., by and through her attorneys, Kline & Specter, hereby answers

Defendants Roosevelt Inn LLC et al.'s (hereinafter "Roosevelt Inn") Interrogatories as follows.

These Interrogatories are being responded to on the basis of information in the possession of

Minor-Plaintiff M.B.'s counsel.

1.      Minor-Plaintiff was given a cell phone to use by her trafficker Daiquan Davis

while she was engaging in commercial sex activity, but she does not recall the telephone number

or carrier.  Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this

response as discovery continues.

2.      See the response to Interrogatory No. 1.  By way of further response, Minor-

Plaintiff does not recall the make and model of the cell phone, and she does not have knowledge

or information regarding who currently possess and/or has control over the phone and the current

location of the phone.

3.     None.  Minor-Plaintiff is a full-time high school student.

4.     Yes, Minor-Plaintiff has suffered an impairment of her earning capacity as a result of being a victim of sex trafficking at the Roosevelt Inn.  By way of further response, this Interrogatory seeks information that will be subject of an expert report to be provided in accordance with the Case Management deadlines in this case.

5.     Yes, this Interrogatory seeks information that will be subject of an expert report to be provided in accordance with the Case Management deadlines in this case.

6.     Yes, Minor-Plaintiff has health insurance through Keystone First.  Information in Minor-Plaintiff's possession regarding her insurance coverage can be found in the records pertaining to Minor-Plaintiff from Turning Points for Children Community Umbrella Agency. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

7.     Objection.  Minor-Plaintiff objects to this Interrogatory, because it seeks information protected by attorney-client privilege, and it is not calculated to lead to the discovery of admissible evidence.

8.     This information may be ascertained from records that are in the possession of the United States Attorney's Office or law enforcement agencies that are equally accessible to Defendants.

> a.  Minor-Plaintiff's father's name is Robert Beason, and he resides at 3479 Emerald Street, Philadelphia, PA 19134.  Minor-Plaintiff does not have knowledge of any conversations between her father and Daiquan Davis.
>
> b.  Minor-Plaintiff does not recall the address of foster homes where she lived.  Some of this information can be ascertained from the records pertaining to Minor-

Plaintiff from the following organizations: Philadelphia Department of Human Services, Turning Points for Children Community Umbrella Agency, and Pennsylvania Hospital Hall-Mercer. Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as discovery continues.

c. See response to Interrogatory 8b.

d. See response to Interrogatory 8b.

e. Minor-Plaintiff does not recall the address of the house on Comly Street where Minor-Plaintiff was prostituted.

f. Minor-Plaintiff recalls that the Comly Street house was owned by the father of a man named "Paul". Minor-Plaintiff does not recall Paul's last name or the name of "Paul's" father.

g. Minor-Plaintiff does not have knowledge or information of all of the individuals who lived at the Comly Street house. Minor-Plaintiff was aware of "Paul" and his girlfriend living at the house.

h. Minor-Plaintiff does not recall all the individuals with which she had conversations at the Comly Street house. Minor-Plaintiff did have conversations with the "Johns" at the Comly Street house.

i. Minor-Plaintiff does not have knowledge or information of all of the individuals who were at the Comly Street house. Minor-Plaintiff was aware of Paul, his girlfriend, and the "Johns".

j. Minor-Plaintiff recalls that "Paul" was paid a fee in exchange for using the house on Comly Street.

9. Minor-Plaintiff used an email address owned by her trafficker Daiquan Davis

while she was a victim of sex trafficking at the Roosevelt Inn.

      10.    Minor-Plaintiff did not own or use any social media accounts during the time

period of the incidents described in her Complaint.

<div align="right">

**KLINE & SPECTER, P.C.**

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
*Attorneys for Minor-Plaintiff*

</div>

Dated: 7/18/17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of a true and correct copy of *Minor-Plaintiff*

*M.B.'s Answers to Defendants Roosevelt Inn LLC, et al.'s Interrogatories (Set II)* was made upon

all individuals listed below, by email and first-class U.S. mail, postage prepaid on July __, 2017:

Grant S. Palmer, Esq.
palmer@BlankRome.com
James J. Quinlan, Esq.
quinlan@BlankRome.com
Justina L. Byers, Esq.
byers@BlankRome.com
Daniel E. Oberdick, Esq.
doberdick@BlankRome.com
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5500

KLINE & SPECTER, P.C.

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
*Attorneys for Minor-Plaintiff*

**KLINE & SPECTER, P.C.**                          Attorneys for Minor-Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| William A. Calandra, Esquire | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | CIVIL TRIAL DIVISION |
| | : | NOVEMBER TERM, 2016 |
| v. | : | |
| | : | NO. 0259 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |

## MINOR-PLAINTIFF M.B.'S ANSWERS TO DEFENDANTS ROOSEVELT INN LLC, ET AL.'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET II)

1.     See the records pertaining to Minor-Plaintiff from Philadelphia Department of

Human Services, Turning Points for Children Community Umbrella Agency, and Pennsylvania

Hospital Hall-Mercer.

2.     Minor-Plaintiff is not in possession of any responsive documents. This

information may be contained in records that are in the possession of the United States

Attorney's Office or law enforcement agencies that are equally accessible to Defendants.

Discovery is ongoing, and Minor-Plaintiff reserves the right to supplement this response as

discovery continues.

KLINE & SPECTER, P.C.

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
*Attorneys for Minor-Plaintiff*

Dated: 7/12/17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of a true and correct copy of *Minor-Plaintiff M.B.'s Answers to Defendants Roosevelt Inn LLC, et al.'s Request for Production of Documents (Set II)* was made upon all individuals listed below, by email and first-class U.S. mail, postage prepaid on July __, 2017:

Grant S. Palmer, Esq.
palmer@BlankRome.com
James J. Quinlan, Esq.
quinlan@BlankRome.com
Justina L. Byers, Esq.
byers@BlankRome.com
Daniel E. Oberdick, Esq.
doberdick@BlankRome.com
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5500

KLINE & SPECTER, P.C.

_____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
*Attorneys for Minor-Plaintiff*

## **VERIFICATION**

I, M.B., hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Plaintiff's Responses to Defendant's Interrogatories and Request for Production of Documents are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

M.B. - PLAINTIFF

## **VERIFICATION**

I, William A. Calandra, Esquire, hereby state that I am the Guardian for the Minor-Plaintiff, M.B., in this matter, and I am authorized to take this Verification on behalf of the Minor-Plaintiff, M.B. I hereby verify that I have reviewed the foregoing Minor-Plaintiff, M.B.'s Answers to Defendants Roosevelt Inn LLC, et al.'s Interrogatories and Request for Production of Documents, which were prepared with the assistance of counsel, and that while I do not have personal knowledge of all of the facts and representations therein, the averments appear to be true and correct to the best of my knowledge, information and belief.

The undersigned that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

WILLIAM A. CALANDRA, ESQUIRE
Guardian

# EXHIBIT C



**BLANK   ROME** LLP
COUNSELORS AT LAW

| | |
|---|---|
| *Phone:* | *(215) 569-5430* |
| *Fax:* | *(215) 832-5430* |
| *Email:* | *quinlan@blankrome.com* |

August 25, 2017

## VIA ELECTRONIC & FIRST CLASS MAIL

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

> Re:  ***M.B. v. Roosevelt Inn LLC et al.,* Philadelphia Court of Common Pleas, March Term, 2017**

Dear Counsel:

I write regarding Plaintiff's responses to the Defendants' Interrogatories Set I and Interrogatories Set II, which we received on July 20, 2017.  As described in detail below, Plaintiff's responses are deficient in numerous respects and I request that you promptly supplement Plaintiff's responses to the following:

## INTERROGATORIES SET I:

Interrogatory No. 6:  This Interrogatory requested that Plaintiff identify "any" dates that she was at the Roosevelt Inn.  Plaintiff responded that she does not recall the exact dates she was at the Roosevelt but that she was a victim of human trafficking at the Roosevelt Inn during 2013 to 2014.  Plaintiff failed to identify a single date, month or season in which she alleges she was at the Roosevelt Inn.  Instead, Plaintiff listed a timeframe of 730 days during which she may have stayed at the Roosevelt Inn.  This is clearly insufficient and merely reiterates Plaintiff's allegations in the Complaint.  Clearly Plaintiff has some knowledge of the days, weeks, months or seasons and the corresponding years in which she alleges she stayed at the Roosevelt Inn.  Please supplement this response.

Interrogatory No. 14:  This interrogatory asked Plaintiff to identify "any person" with knowledge or information related to the allegations in the Complaint.  Plaintiff responded that she is aware that Daiquan Davis, Abdul (last name unknown), law enforcement officers, prosecutors, security guards, residents, defendants and defendants' employees have this information.  Plaintiff has failed to identify any physicians, metal health providers, social workers, friends or family with



BLANK ROME LLP
COUNSELORS AT LAW

August 28, 2017
Page 2

knowledge or information related to these allegations. Plaintiff must identify by name and address of all persons with knowledge, or to whom she communicated information concerning the allegations set forth in her complaint.

Interrogatory No. 30: This interrogatory asks Plaintiff to describe the circumstances of her "recruitment, enticement, [and] solicitation" into the human trafficking enterprise alleged in her Complaint and to describe how she was "harbor[ed] and/or transport[ed]" while she was being trafficked. Plaintiff's response directed Defendants to the contents of her Complaint, noted that she does not recall the exact dates she was trafficked and that "[s]ome of this information" can be ascertained from the records she provided. Plaintiff's answer to this interrogatory is non-responsive. At no time and in no document has Plaintiff identified how she was recruited, enticed or solicited by her human traffickers. Further, Plaintiff has utterly failed to describe how she was harbored at or transported to the locations where she engaged in the commercial sex acts alleged throughout her Complaint. Plaintiff's response to this interrogatory is insufficient and must be supplemented.

Interrogatory No. 32: Similar to Interrogatory No. 14, Plaintiff was asked to identify each and every individual she told that she was being kept at the Roosevelt Inn to engage in commercial sex acts. Plaintiff's response states that this interrogatory is overly broad, she does not recall everyone she told and that some of this information is contained in the documents from the Philadelphia Department of Human Services and Pennsylvania Hospital Hall-Mercer. However, the records Plaintiff references fail to identify family members, friends, acquaintances, teachers, employers or other non-healthcare/social service employees to whom she disclosed that she was being kept at the Roosevelt Inn to engage in sex acts. Again, Plaintiff's response to this interrogatory is deficient and must be supplemented.

Interrogatory No. 33: This interrogatory asks Plaintiff to identify all facts to support her allegations that "Abdul" was fully aware that "Plaintiff and other underage children were compelled to perform sex acts for money." Plaintiff's response directs Defendants to the contents of the Complaint and records from the Department of Human Services. Plaintiff's Complaint contains mere allegations without facts in support thereof. Further, the records from the Department of Human Services is devoid of any information to remotely suggest that Abdul (an alleged employee of the Roosevelt Inn) was aware that Plaintiff and other underage children were being compelled to perform sex acts for money at the Roosevelt Inn. In fact, the only Abdul referenced in the records produced by Plaintiff is the individual whom she alleges was her other human trafficker. Plaintiff's response to this interrogatory is insufficient and falls short of what is required under the Rules of Civil Procedure.

Interrogatory No. 34: Related to Interrogatory No. 33, this interrogatory asks Plaintiff to describe the contents of any conversation she had with Abdul as alleged in the Complaint, whom Plaintiff alleges represented himself as an employee of Defendants. Plaintiff's responded that she

2



August 28, 2017
Page 3

"does not recall all of the conversations had with 'Abdul.'" Plaintiff is required to state the contents of conversations that she *can* recall having with "Abdul." Further, contrary to Plaintiff's assertions, the only Abdul referenced in the records produced by Plaintiff is the individual whom she alleges was her other human trafficker. Plaintiff's response to this interrogatory is once again insufficient and falls short of what is required from her under the Rules of Civil Procedure.

Interrogatory No. 42: This interrogatory asks Plaintiff to identify each and every illness, injury or condition allegedly suffered as a result of the human trafficking allegations contained in her Complaint. Plaintiff's response is that she "suffered physical harm, [and] a sexually transmitted disease," and that this interrogatory seeks information that is the subject of an expert report. Plaintiff has failed to identify exactly what physical harm she suffered or exactly what sexually transmitted disease she contracted. While an expert report may offer opinions on the alleged harm Plaintiff suffered, the Rules of Civil Procedure do not permit Plaintiff withhold facts identifying exactly what sexually transmitted disease she contracted or what physical harm she suffered. This information must be disclosed and Plaintiff is required to supplement her discovery responses.

Interrogatory No. 44: This interrogatory includes a request for Plaintiff to identify any medications she is currently taking for injuries she allegedly suffered resulting from the allegations in her Complaint. Plaintiff's response is that she "does not recall all of the medication taken or prescribed" and directs Defendants to the documents Plaintiff produced. However, the records Plaintiff provided are not up to date. Further, Plaintiff surely can identify what medications, if any, she is *currently* taking as result of the injuries she allegedly sustained. Again, Plaintiff is required to supplement her response to this interrogatory.

Interrogatory No. 45: In this interrogatory, Plaintiff was asked to, without merely restating the allegations in the Complaint, identify all facts and describe Defendants' conduct that she alleges caused/contributed to the matters alleged in the Complaint. Directly contrary to the requirements of this request, Plaintiff states "See Minor-Plaintiff's Complaint." And, much like Interrogatory 42 above, states that this interrogatory seeks information that is the subject of an expert report. Again, while an expert may render opinions on facts contained in the record, the Rules of Civil Procedure do not permit Plaintiff to withhold those same facts from the record. This information must be disclosed and Plaintiff is required to supplement her response to this interrogatory.

Interrogatory No. 46: This interrogatory asks Plaintiff to disclose the amounts of any bills or expenses she incurred as a result of the allegations set forth in her Complaint. Like her answers to Interrogatories 42 and 45, Plaintiff responds that this information is subject of an expert report. The Rules of Civil Procedure do not permit Plaintiff to withhold discoverable information such as medical bills simply because an expert may use that information in his or her report. This information must be produced and Plaintiff is required to supplement this response.

3



BLANK ROME LLP
COUNSELORS AT LAW

August 28, 2017
Page 4

Interrogatory No. 48: This interrogatory asks Plaintiff to identify the names and addresses of "all physicians, therapists, counselors, mental health providers, substance abuse professionals, hospitals, clinics or other medical providers" she has seen in the ten years before her incident. Included in this interrogatory is a request for Plaintiff to identify her family physicians. Plaintiff's response to this interrogatory was that she "does not recall all of her treating providers from the last ten years. Some of this information can be ascertained from the records" that were produced. However, the documents that were produced do not identify Plaintiff's family physicians. This information must be disclosed and Plaintiff is required to supplement her discovery responses.

Interrogatory No. 54: This request asks Plaintiff to provide information related to any lawsuit in which she provided testimony. Plaintiff's response to this interrogatory was "none." However, in Plaintiff's Response to Defendants' Interrogatories Set II, Plaintiff identified that she was involved in the lawsuit *United States of America v. Daiquan Davis*, Case No. 15-327, in which she gave evidence against her pimp. Plaintiff's response to Defendants' Interrogatories Set II directly contradicts the response she provided to Interrogatory No. 54. Plaintiff is required to fully respond to this interrogatory and identify any additional lawsuits in which she provided testimony.

## INTERROGATORIES SET II:

Interrogatories Nos. 1 and 2: These interrogatories ask Plaintiff to identify "any and all cellular telephone numbers and cellular telephone carriers" for devices she used during the 2013-2014 time period. Plaintiff responded that she was given a cell phone by Daiquan Davis but does not recall the telephone number or carrier. However, this interrogatory requires Plaintiff to identify telephone numbers and telephone carriers for "any and all devices" she was using during this time period. At a minimum, this request requires Plaintiff to provide her own personal telephone number and to identify her personal telephone carrier. None of this information was provided and Plaintiff must supplement this response.

Interrogatory No. 6: Interrogatory No. 6 asks Plaintiff to identify information regarding insurance coverage applicable to the injuries Plaintiff allegedly sustained as a result of human trafficking, including whether any exclusions apply to Plaintiff's policy, whether Plaintiff made any claims under the policy, the nature of said claims, the total amount and date of any recovery. Plaintiff has failed to provide any of this information and merely responded that she has health insurance through Keystone First. Plaintiff is required to provide full and complete responses to this interrogatory and must supplement here response.

4



BLANK ROME LLP
COUNSELORS AT LAW

August 28, 2017
Page 5

Please provide the requested information and documents within 14 days so that motion practice can be avoided. I look forward to receipt of your prompt and complete responses.

Very truly yours,

JAMES J. QUINLAN

JJQ/deo

5

# EXHIBIT D

**Oberdick, Daniel**

| | |
|---|---|
| **From:** | Bezar, Nadeem <Nadeem.Bezar@KlineSpecter.com> |
| **Sent:** | Wednesday, September 13, 2017 5:10 PM |
| **To:** | Quinlan, James J. |
| **Cc:** | Marks, Emily; Palmer, Grant; Oberdick, Daniel |
| **Subject:** | Re: MB v Roosevelt |

No. You should not expect to receive responses by the end of this week.

I don't agree that everything you identified was a deficiency. So if you want everything supplemented as requested, you will have to file a Motion.

Nadeem A Bezar
Kline & Specter, PC
1525 Locust Street
Philadelphia, Pa 19102
215-772-0522
Nadeem.Bezar@klinespecter.com
www.klinespecter.com

Sent from my iPhone

> On Sep 13, 2017, at 4:46 PM, Quinlan, James J. <Quinlan@BlankRome.com> wrote:
>
> Hi Nadeem:
>
> We gave your client two weeks to cure various discovery deficiencies. See the attached and below. The two weeks have passed and I have not heard from you.
>
> I would prefer not to have to file a motion. Can I expect supplemental responses curing the stated deficiencies before the end of the week?
>
> Thank you,
> Jim
>
> James J. Quinlan | Blank Rome LLP
> One Logan Square | 130 N. 18th Street | Philadelphia 19103
> Phone: 215.569.5430 | Fax: 215.832.5430 | Cell: 267.243.9331
> Email: Quinlan@BlankRome.com
>
>
> -----Original Message-----
> From: Quinlan, James J.
> Sent: Tuesday, August 29, 2017 10:51 AM
> To: Nadeem.Bezar@KlineSpecter.com
> Subject: MB v Roosevelt
>
> Nadeem-

1

> Please see the attached- also being sent by regular mail.
>
> Thank you,
> Jim
>
>
>
>
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*
>
> This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.
>
>
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*
> <Roosevelt Inn - Discovery Deficiency Letter to P_s Counsel.PDF>
>
>
>
> Sent from my iPhone

2

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Filed and Attested by the
Office of Judicial Records
05 OCT 2017 04:49 pm
K. EDWARDS

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| | : | |
| Defendants | : | |

## ENTRY OF APPEARANCE AS CO-COUNSEL FOR PLAINTIFF

TO THE PROTHONOTARY:

       Kindly enter my appearnace as co-counsel for Minor-Plaintiff M.B. in the above-
captioned matter.


                                          _Kyle Nocho_
                                          KYLE B. NOCHO, ESQUIRE

Dated: October 5, 2017

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | |
|---|---|
| M.B., minor by her Guardian, | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | COURT OF COMMON PLEAS |
|         Plaintiff, | |
|     V. | CIVIL TRIAL DIVISION |
| | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | NO.: 00712 |
| d/b/a ROOSEVELT INN and | |
| ROOSEVELT INN CAFE | JURY TRIAL DEMANDED |
|    and | |
| ROOSEVELT MOTOR INN, INC. | |
| d/b/a ROOSEVELT MOTOR INN | |
|    and | |
| UFVS MANAGEMENT COMPANY, LLC | |
|    and | |
| YAGNA PATEL | |
| | |
|         Defendants | |

---

### MINOR-PLAINTIFF M.B.'S REPLY TO NEW MATTER OF DEFENDANTS ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT AND YAGNA PATEL

Minor-Plaintiff, by and through counsel, Kline & Specter, P.C., hereby replies to New

Matter of Defendants, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management

Company, LLC and Yagna Patel (collectively, "Defendants") as follows:

116.   This is an incorporation paragraph to which no response is required.

117.   Denied.  This paragraph is a conclusion of law to which no response is required.

Strict proof is hereby demanded.

118.   Denied.  This paragraph is a conclusion of law to which no response is required.

Strict proof is hereby demanded.

Case ID: 170300712

119.   Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

120.   Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

121.   Denied.  It is specifically denied that any harm or injury suffered by Minor-Plaintiff was caused by Minor-Plaintiff's own actions and/or inactions.  Strict proof of Defendants' allegations is hereby demanded.

122.   Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

123.   Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendant's allegations is hereby demanded.

124.   Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

125.   Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

126.   Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

127.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

128.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

129.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

130.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

131.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

132.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

133.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

134.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

135.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

136.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

137.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the same are denied.  Strict proof of Defendants' allegations is hereby demanded.

138.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

139.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

140.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## NEW MATTER CROSSCLAIMS

### ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL V. DEFENDANT ALPHA-CENTURION SECURITY, INC.

141.    This is an incorporation paragraph to which no response is required.

142. – 144.    Paragraphs 142 through 144 are directed to a party other than Plaintiff, and no response is required.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against

Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00)

Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.


                          **KLINE & SPECTER, P.C.**


                          THOMAS R. KLINE, ESQUIRE
                          NADEEM A. BEZAR, ESQUIRE
                          EMILY B. MARKS, ESQUIRE
                          KYLE B. NOCHO, ESQUIRE

Dated: 10/5/2017

Case ID: 170300712

## VERIFICATION

I, KYLE B. NOCHO, ESQUIRE, hereby state that I am the attorney for the Minor-Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Minor-Plaintiff M.B.'s Reply to New Matter of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


KYLE B. NOCHO, ESQUIRE
Attorney for Minor-Plaintiff


Dated: 10/5/2017

Case ID: 170300712

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 5th day of October, 2017, the foregoing

Minor-Plaintiff's Reply to New Matter of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn,

Inc., UFVS Management Company, LLC and Yagna Patel was electronically filed and served

upon acceptance electronically the below listed counsel:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

**KLINE & SPECTER, P.C.**

BY: _____
KYLE B. NOCHO, ESQUIRE
Attorney for Minor-Plaintiff

**KLINE & SPECTER, P.C.**
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Minor-Plaintiff

Filed and Attested by the
Office of Judicial Records
30 OCT 2017 05:07 pm
K. EDWARDS

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| d/b/a ALPHA CENTURY SECURITY, INC. | : | |
| Defendants | : | |

## PRAECIPE TO REINSTATE AMENDED COMPLAINT

TO THE PROTHONOTARY:

Kindly reinstate the Amended Complaint in the above-captioned matter.

KLINE AND SPECTER

Date: 10/30/17

Nadeem A. Bezar
Attorney for Plaintiff

Case ID: 170300712

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30$^{h}$ day of October, **2017** the foregoing

Praecipe to Reinstate Amended Complaint was filed and upon acceptance of the Court mailed

via Regular Mail and/or electronic mail to the below listed Defendants:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Alpha-Centurion Security, Inc.
c/o Joanna M. Small, President
224 Glendale Road
Havertown, PA  19093

KLINE AND SPECTER

Nadeem A. Bezar
Attorney for Plaintiff

Case ID: 170300712

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiffs



---

M.B., minor by her Guardian,
WILLIAM A. CALANDRA, ESQUIRE
c/o Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102
                Plaintiff,
   V.

ROOSEVELT INN LLC
*d/b/a ROOSEVELT INN and*
*ROOSEVELT INN CAFE*
7630 Roosevelt Boulevard
Philadelphia, PA 19152

      and

ROOSEVELT MOTOR INN, INC.
*d/b/a ROOSEVELT MOTOR INN*
7630 Roosevelt Boulevard
Philadelphia, PA 19152

      and

UFVS MANAGEMENT COMPANY, LLC
287 Bowman Avenue
Purchase, NY 10577

      and

YAGNA PATEL
7630 Roosevelt Boulevard
Philadelphia, PA 19152

      and

ALPHA-CENTURION SECURITY, INC.
*d/b/a ALPHA CENTURY SECURITY, INC.*
3720 West Chester Pike

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

CIVIL TRIAL DIVISION
MARCH TERM, 2017
NO.: 00712

JURY TRIAL DEMANDED

Case ID: 170300712

Newtown Square, PA 19073 :
Defendants :

---

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY(215) 451-6197

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
Uno Reading Centro
Filadelfia, PA 19107
Telefono: (215) 238-6333
TTY(215) 451-6197

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiffs

Filed and Attested by the Office of Judicial Records 30 OCT 2017 05:07 pm K. EDWARDS

| | |
|---|---|
| M.B., minor by her Guardian,<br>WILLIAM A. CALANDRA, ESQUIRE<br>c/o Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA  19102<br>                  Plaintiff,<br>   v.<br><br>ROOSEVELT INN LLC<br>*d/b/a ROOSEVELT INN and*<br>*ROOSEVELT INN CAFE*<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>   and<br><br>ROOSEVELT MOTOR INN, INC.<br>*d/b/a ROOSEVELT MOTOR INN*<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>   and<br><br>UFVS MANAGEMENT COMPANY, LLC<br>287 Bowman Avenue<br>Purchase, NY 10577<br><br>   and<br><br>YAGNA PATEL<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>   and<br><br>ALPHA-CENTURION SECURITY, INC.<br>*d/b/a ALPHA CENTURY SECURITY, INC.*<br>3720 West Chester Pike | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>CIVIL TRIAL DIVISION<br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

Newtown Square, PA 19073                        :
                                Defendants      :

---

## MINOR-PLAINTIFF'S AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern day slavery that exists throughout the

United States and globally.  It is a form of evil in the abuse and exploitation of the most innocent

and vulnerable.

2.      Since 2007 over 17,000 incidents of sex trafficking in the United States have been

reported to the National Human Trafficking Resources Center.  Over 1200 cases of sex

trafficking has been reported for the first six months of 2016 with the vast majority of victims

being women and a disproportionate number being minors.

3.      In 2014 the Commonwealth of Pennsylvania extensively revised its human

trafficking law to compensate the victims and ensure that anyone or any entity that directly or

indirectly benefits financially from such acts is fully deterred through both criminal and civil

prosecution.

## THE PARTIES

4.      Minor-Plaintiff, M.B. was born on September 3, 1999, and is one of the thousands

of victims of human trafficking in the United States.  During 2013 and 2014, Minor-Plaintiff was

exploited and was permitted to be exploited by traffickers of commercial sex acts and those who

financially benefitted from her exploitation.  Minor-Plaintiff resides in Philadelphia County,

Pennsylvania.  Minor-Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire,

Nadeem A. Bezar, Esquire and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust

Street, Philadelphia, Pennsylvania 19102.  Minor-Plaintiff's guardian for purposes of this civil

action is William A. Calandra, Esquire.

5.      Minor-Plaintiff's name and address are not contained in this Complaint so as to

protect the privacy and identity of Minor-Plaintiff M.B. who incurred injuries and damages

starting when she was fourteen (14) years old.

6.      Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe

[hereinafter referred to as "Roosevelt Inn LLC"] is a corporation duly organized and existing

under the laws of Delaware.  At all material times hereto, Defendant Roosevelt Inn LLC owned,

operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152

[hereinafter referred to as the "Roosevelt Inn"].

7.      Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter

referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the

laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Roosevelt

Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.      Defendant UFVS Management Company, LLC, is a corporation duly organized

and existing under the laws of the State of New York.  At all material times hereto, Defendant

UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.      Defendant Yagna Patel is an adult person and resident of Pennsylvania who

resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152.  Based on

information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.     Defendant Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc.

[hereinafter referred to as "Alpha-Centurion Security, Inc."] is a corporation duly organized and

existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto,

Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.     Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12.     Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 630 Roosevelt Boulevard, Philadelphia, PA 19152.

13.     Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn and assumed responsibility for ensuring the safety and wellbeing of individuals lawfully on the premises, including Minor-Plaintiff M.B.

14.     Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County.

15.     At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

16.     At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

17.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by their actual or apparent agents, servants and employees, were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

18.     At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

19.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur and profited from them.

20.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

21.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor

Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by their

actual or apparent agents, servants and employees, failed to report to authorities that human sex

trafficking was occurring at the Roosevelt Inn.

      22.     At all material times hereto, Defendant Alpha-Centurion Security, Inc.,

individually and/or by its actual or apparent agents, servants and employees, failed to report to

authorities that human sex trafficking was occurring at the Roosevelt Inn.

      23.     At all material times hereto, Defendants Roosevelt, Inn LLC, Roosevelt Motor

Inn, Inc., UFVS Management Company, LLC, and Yagna Patel received money and financially

profited from the commercial sex acts occurring on the premises of the Roosevelt Inn.

      24.     At all material times hereto, Defendant Alpha-Centurion Security, Inc. received

money and financially profited, while having knowledge of the commercial sex acts occurring on

the premises of the Roosevelt Inn.

**OPERATIVE FACTS**

      25.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3001, et. seq., it is a

felony to recruit, entice, solicit, harbor or transport a minor which results in the minor being

subjected to sexual servitude.

      26.     Commencing in 2013, Minor-Plaintiff was recruited, enticed, solicited, harbored

and/or transported to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent

and/or repeated basis.

      27.     Defendants Roosevelt Inn  LLC, Roosevelt Motor Inn, Inc., UFVS Management

Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent

agents, servants and employees, regularly rented or otherwise provided, for their own financial

benefit, rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts

with Minor-Plaintiff.

28.     Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn in approximately March 2007 to provide security services.

29.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired to ensure the safety and wellbeing of individuals lawfully on the hotel's premises, the hotel's guests, the hotel's employees, and the hotel's property.

30.     By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and wellbeing of individuals lawfully present at the Roosevelt Inn, including Minor-Plaintiff.

31.     It is believed and therefore averred that all of the responsibilities as aforesaid were well within the scope of the contractual responsibilities promised and undertaken by Defendant Alpha-Centurion Security, Inc. as part of its agreement to provide security services on the premises of the Roosevelt Inn.

32.     Defendant Alpha-Centurion Security, Inc. assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Minor-Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

33.     Having undertaken responsibilities as aforesaid, Defendant Alpha-Centurion Security owed a duty to Minor-Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Minor-Plaintiff from dangerous people and conditions on the premises.

34.     Defendant Alpha-Centurion Security, Inc. provided security services for its own financial benefit, while traffickers used the rooms at the Roosevelt Inn to engage in commercial

sex acts with Minor-Plaintiff.

35.    Defendants Roosevelt Inn  LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Minor-Plaintiff for commercial sex acts.

36.    Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that rooms and services were being rented or otherwise provided to individuals trafficking Minor-Plaintiff for commercial sex acts, while Alpha-Centurion Security, Inc. had a duty to protect individuals lawfully present at the Roosevelt Inn, like Minor-Plaintiff.

37.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that Minor-Plaintiff was being sexually exploited.

38.    Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that Minor-Plaintiff was being sexually exploited.

39.    Minor-Plaintiff's traffickers put up internet advertisements for the purpose of prostituting Minor-Plaintiff.

40.    The advertisements would include a fake name for Minor-Plaintiff and a phone number to call.

41.    During the phone call, sex for cash was negotiated and the caller "John" would be

informed that Minor-Plaintiff was at the Roosevelt Inn.

42.    The "John" who negotiated to have sex for cash with Minor-Plaintiff would then speak to the front desk clerk at the Roosevelt Inn.

43.    An individual named "Abdul" would hold himself out as the clerk, staff member or employee at the Roosevelt Inn.  The complete name of "Abdul" is known to Defendants.

44.    "Abdul" would then direct the individual to the floor and room where Minor-Plaintiff and her traffickers were staying.

45.    "Abdul" was fully aware that Minor-Plaintiff and other underage children were compelled to perform sex for money.

46.    Minor-Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

47.    The motel room where Minor-Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

48.    Minor-Plaintiff engaged in numerous commercial sex acts "dates" per day.

49.    Minor-Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

50.    Housekeepers and front desk staff including "Abdul" at the Roosevelt Inn maintained conversations with Minor-Plaintiff and had knowledge that Minor-Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

51.    Minor-Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Minor-Plaintiff.

52.    Minor-Plaintiff exhibited fear and anxiety while on the premises of the Roosevelt Inn.



53.    Minor-Plaintiff's traffickers paid cash for the motel rooms where Minor-Plaintiff engaged in commercial sex acts.

54.    Minor-Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Minor-Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

55.    Men and other minors frequently entered and left the rooms where Minor-Plaintiff engaged in commercial sex acts.

56.    Men stood in the hallways outside of rooms where Minor-Plaintiff was engaged in commercial sex acts.

57.    Minor-Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

58.    Minor-Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

59.    Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Minor-Plaintiff at the Roosevelt Inn in her sexually explicit clothing.

60.    Minor-Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

61.    Minor-Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the motel rooms to the financial profit of all Defendants as owners, operators and managers of the Roosevelt Inn.

62.    Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual

or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff.

63.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff.

64.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel financially profited from the continuation of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

65.     Defendant Alpha-Centurion Security, Inc. financially profited from providing security services at the Roosevelt Inn, while having knowledge of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

66.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

67.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Minor-Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of

life's pleasures both in the past and in the future.

68.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and  through their actual or apparent agents, servants and employees, financially profited from the human sex trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

69.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Minor-Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, financially profited from providing security services at the Roosevelt Inn, while having knowledge of the human sex trafficking occurring and failing to report, intervene, disrupt or otherwise stop the practice.

70.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

71.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Minor-Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

## COUNT I  - NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN

## TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et. seq.

## M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

72.    The averments of Paragraphs 1 through 71 are incorporated herein by reference.

73.    Pennsylvania's Human Trafficking Law 18 PA C.S.A. §3001 et seq. makes it illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting the minor to be engaged in any commercial sex act.

74.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and  through their actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport the minor Plaintiff permitting her to be exploited and engage in the commercial sex acts.

75.    By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

76.    By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and  through their actual or apparent agents, servants and employees, financially profited from the human trafficking and continued profit by not reporting, intervening, disrupting or otherwise stopping the practice.

77.    By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel,

individually and/or by and through their actual or apparent agents, servants and employees acted

outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff

warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against

Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC,

and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

## COUNT II – NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et. seq.

## M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

78.    The averments of Paragraphs 1 through 77 are incorporated herein by reference.

79.    Pennsylvania's Human Trafficking Law 18 PA C.S.A. §3001 et seq. makes it

illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting

the minor to be engaged in any commercial sex act.

80.    Defendant Alpha-Centurion Security, Inc. assumed a duty to protect the safety

and wellbeing of individuals lawfully present at the Roosevelt Inn, the hotel's employees, and

the hotel's guests.

81.    Yet, Defendant Alpha-Centurion Security, Inc.  harbored Minor-Plaintiff by

helping to provide a place of refuge and shelter for commercial sexual exploitation and sex

trafficking.

82.    Defendant Alpha-Centurion Security, Inc. had knowledge of commercial sex

activity and sex trafficking occurring at the Roosevelt Inn, but failed to report, intervene, disrupt

or otherwise stop the practice.

83.     Defendant Alpha-Centurion Security, Inc., individually and/or by and  through its actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport the minor Plaintiff permitting her to be exploited and engage in the commercial sex acts.

84.     By harboring the Minor-Plaintiff for commercial sex acts, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

85.     By harboring the Minor-Plaintiff for commercial sex acts, Defendant Alpha-Centurion Security, Inc., individually and/or by and  through its actual or apparent agents, servants and employees, financially profited while allowing human trafficking to occur and continued to profit while not reporting, intervening, disrupting or otherwise stopping the practice.

86.     By harboring the Minor-Plaintiff for commercial sex acts, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

87.     **WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III - NEGLIGENCE

## M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

88.     The averments of paragraphs 1 through 87 are incorporated herein by reference.

89.     By harboring Minor-Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

90.     As a result of Defendants' Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel negligence, Minor-Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

91.     As a result of Defendants' Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel negligence, Defendants financially profited from the human sex trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

92.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

## COUNT IV – NEGLIGENCE

### M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

93.     The averments of paragraphs 1 through 92 are incorporated herein by reference.

94.     Having undertaken responsibilities as aforesaid and the provision of security
services at the Roosevelt Inn, Defendant Alpha-Centurion Security, Inc. owed a duty to protect
the safety and wellbeing of individuals lawfully present at the hotel, the hotel's guests, the
hotel's employees, and the hotel's property.

95.     Defendant Alpha-Centurion Security, Inc. failed to report to authorities, intervene,
disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff, although Defendant
Alpha-Centurion Security, Inc. had knowledge of commercial sex activity and human trafficking
occurring at the Roosevelt Inn.

96.     Defendant Alpha-Centurion Security, Inc., by and through its agents, ostensible
agents, officers, servants, and/or employees, was negligent by:

   a.  Failing to execute and/or implement the established security plan and/or execute
       and/or implement any established security plan;

   b.  Failure to publish post orders at the security posts providing protocols for security
       personnel to follow in circumstances involving commercial sexual activity and/or
       human sex trafficking;

   c.  Failing to adopt, establish, implement, and/or enforce required policies,
       procedures, rules, regulations and/or guidelines concerning protection of
       individuals lawfully on the premises;

   d.  Failing to adopt, establish, implement, and/or enforce required policies,
       procedures, rules, regulations and/or guidelines concerning removal from the
       premises of individuals posing security threats;

   e.  Failing to adequately control access to the premises;

   f.  Failing to prevent entry of unauthorized individuals onto the premises;

g.  Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h.  Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i.  Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n.  Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Minor-Plaintiff;

q.  Failing to respond and react to suspicious activity detected on video surveillance;

r.  Failing to maintain surveillance equipment in proper working order;

s.  Failing to test or properly test surveillance equipment to ensure it was in working order;

t.  Failing to utilize appropriate and/or required surveillance equipment;

u.  Failing to adequately monitor activity on video surveillance and promptly react

thereto for the safety of Minor-Plaintiff;

    v.    Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Minor-Plaintiff;

   w.    Failing to prevent Minor-Plaintiff from being trafficked on the premises; and

    x.    Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

97.    As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Minor-Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

98.    As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. financially profited from providing security services that allowed the existence of human sex trafficking, while not reporting, intervening, disrupting or otherwise stopping the practice.

99.    Each of the herein-described tortuous or otherwise culpable acts or omissions by Defendant Alpha-Centurion Security, Inc. increased the likelihood that Minor-Plaintiff would suffer the injuries set forth in this Complaint.

100.    Defendant Alpha-Centurion Security, Inc.'s negligence increased the risk of harm to Minor-Plaintiff and was a substantial factor in causing and continuing the harm and damages suffered by Minor-Plaintiff.

101.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

102.    **WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and

against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

103.    The averments of paragraphs 1 through 102 are incorporated herein by reference.

104.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel negligently committed the acts averred in this Complaint against the Minor-Plaintiff and thereby caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Minor-Plaintiff.

105.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

106.    The averments of paragraphs 1 through 105 are incorporated herein by reference.

107. Defendant Alpha-Centurion Security, Inc. negligently committed the acts averred in this Complaint against the Minor-Plaintiff and thereby caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Minor-Plaintiff.

108. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VII - INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS

### M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

109. The averments of paragraphs 1 through 108 are incorporated herein by reference.

110. By harboring Minor-Plaintiff to perform commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

111. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VIII - INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS
## M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

112.    The averments of paragraphs 1 through 111 are incorporated herein by reference.

113.    By harboring Minor-Plaintiff to perform commercial sex acts, Defendant Alpha-Centurion Security, Inc. intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

114.    By having knowledge of commercial sex activity and failing to intervene, Defendant Alpha-Centurion Security, Inc. intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

115.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

<div align="center">

**KLINE & SPECTER, P.C.**
*Attorneys for Plaintiff*

</div>

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

DATED: 9/5/17

## VERIFICATION

I, William A. Calandra, Esquire, hereby state that I am the Guardian for the Minor-Plaintiff, M.B., in this matter.  I hereby verify that I have reviewed the foregoing Minor-Plaintiff's First Amended Complaint, which was prepared with the assistance of counsel, and that while I do not have personal knowledge of all of the facts and representations therein, the averments appear to be true and correct to the best of my knowledge, information and belief.

The undersigned that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
WILLIAM A. CALANDRA, ESQUIRE
Guardian for Minor-Plaintiff M.B.

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiff
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| | : | |
| Defendants | : | |

## OBJECTIONS TO SUBPOENA PURSUANT TO Pa.R.C.P. 4009.21

Plaintiff M.B, by her Guardian, William Calandra, Esq., by and through counsel, Kline & Specter, P.C., hereby objects to Defendants' proposed Subpoenas that are attached to these objections for the following reasons:

1.      This lawsuit arises from injuries Plaintiff sustained as a victim of sex trafficking at Defendants' motel.

2.      A Complaint in this matter was filed on March 10, 2017, and on September 5, 2017, Plaintiffs filed an Amended Complaint.

3.      On October 6, 2017, the Roosevelt Inn Defendants issued a Notice of Intent to Serve a Subpoena to produce documents and things, addressed to a total of twenty (20) providers.

Case ID: 170300712

4.      Included among the proposed Subpoenas are three (3) proposed Subpoenas addressed to members of Plaintiff M.B.'s immediate family, including her mother, father and brother who are not parties to this lawsuit.

5.      The three Subpoenas to which Plaintiff objects are addressed to M.B.'s father, R.B., incorrectly identified on the Subpoena as "Dr." R.B.; M.B.'s mother, K.B. and M.B.'s brother, A.P. See Defendants' Notice of Intent with proposed Subpoenas to R.B., K.B. and A.P., attached as Exhibit "A".

6.      Each of the Subpoenas directed to Plaintiff's mother, father and brother contains the identical language below:

Subject:      M.B.

**Requested Items:**
Please Remit: All documents and correspondence including emails, texts, communications of any kind relating to the residence of, custody of, care for, activities of, education of, legal issues of, arrests of, the cellular provider(s) for, exploitation of, assault and sexual assault of      M.B.      from 2012 through present.

7.      The foregoing information sought from Plaintiff's immediate family members is beyond the scope of discovery, pursuant to Pa. R.C.P. 4011 which provides, in pertinent part:

> Rule 4011: Limitation of scope of discovery:
> No discovery, including discovery of electronically stored information, shall be permitted which:
> (a) is sought in bad faith;
> (b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party;
> …
> (e) would require the making of an unreasonable investigation by the deponent or any party or witness.

8.      Here, Defendants' proposed Subpoenas directed to Plaintiff's parents and brother are in violation of Rule 4011.

9.      First, Plaintiff's parents and brother are not parties to this action.

10.     Second, these Subpoenas to Plaintiff's immediate family would serve only to harass, annoy and cause a burden to Plaintiff's family.

11.     Third, the Subpoenas are unclear, unreasonably vague and overbroad, and Plaintiffs object for this reason also.

12.     Accordingly, Plaintiffs object to Defendants' proposed Subpoenas.

13.     Pursuant to Pa. R.C.P. 4009.21(c), any party may object to the subpoena by filing of record written objections and serving a copy of the objections upon every other party to the action.

14.     If objections are received by the party intending to serve the subpoena prior to its service, the subpoena shall not be served.  Pa. R.C.P. 4009.21(d)(1).

15.     For all the above reasons, Plaintiffs object to Defendants' proposed Subpoenas directed to Plaintiff's parents and brother, R.B., K.B. and A.P., attached as Exhibit "A".

WHEREFORE, Plaintiffs file this Objection in accordance with Pa. R.C.P. 4009.21.


Respectfully submitted,


**KLINE & SPECTER, P.C.**

BY: _____

NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
Attorneys for Plaintiffs

Date: 10/20/17

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for the Plaintiffs in this matter and hereby verify that the statements made in the foregoing Plaintiffs' Objections to Subpoena pursuant to Pa. R.C.P. 4009.21 are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiffs

Dated: _10/20/17_

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiffs, do hereby certify that a true and correct copy of Plaintiffs' Objections to Subpoena pursuant to Pa. R.C.P. 4009.21 was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

I do hereby certify that a true and correct copy of the above Plaintiffs' Objections to Subpoena pursuant to Pa.R.C.P. 4009.21 was served by First Class Mail on the following Defendant on the below date:

Alpha-Centurion Security, Inc.
c/o Joanna M. Small, President
224 Glendale Road
Havertown, PA  19093

I do hereby certify that a true and correct copy of the above Plaintiffs' Objections to Subpoena pursuant to Pa.R.C.P. 4009.21 was served by facsimile on the following on the below date:

Litigation Solutions, LLC
Brentwood Towne Center
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227
Phone: 412-253-1091  Fax: 412-226-5054

**KLINE & SPECTER, P.C.**

EMILY B. MARKS, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
Attorney for Plaintiffs

Date  10/20/17

# EXHIBIT A

Case ID: 170300712

PENNSYLVANIA COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

M.B., a minor by her Guardian, William A. Calandra, Esquire
vs.
Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Co, LLC, and Yagna Patel

Court of Common Pleas

March Term, 2017, No. 0712

**NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21**

| Provider: | Record Type: |
|---|---|
| Warren G. Harding Middle School | Scholastic |
| Wordsworth Academy | Scholastic |
| Hazleton Elementary Middle School | Scholastic |
| George W. Sharswood Elementary School | Scholastic |
| Arthur Street Elementary School | Scholastic |
| A.P. | Miscellaneous |
| K.B. | Miscellaneous |
| R.B. | Miscellaneous |
| A Second Chance Inc. - Kinship Care | Medical |
| The Villa - Public Health Management Corporation | Medical |
| David Abel | Medical |
| Joseph J. Peters Institute | Medical |
| David Abel | Medical |
| The Bridge Therapeudic Center at Fox Chase | Medical |
| Lois Harrold | Medical |
| Lois Harrold | Medical |
| Y-HEP Health Center | Medical |
| Patricia H. Morgan MSN CRNP | Medical |
| Pennsylvania Hospital - Hall-Mercer Community Mental Health | Medical |
| Pepper George Middle School | Scholastic |

TO: Thomas R. Kline Esquire

note: please see enclosed list of all other interested counsel

Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers Esquire intends to serve a subpoena identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If the twenty day notice period is waived or if no objection is made, then the subpoena may be served.

Date of Issue: 10/06/2017

Litigation Solutions, LLC on behalf of:

CC: Justina Byers Esquire of Blank Rome LLP - Court of Common Pleas

Justina Byers Esquire
Defense

If you have any questions regarding this matter, please contact:
Litigation Solutions, LLC (412.263.5656)
Brentwood Towne Centre
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March Term, _17_

No._____ 00712

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Dr._  R.B.  _____

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 06, 2017

Name:  Justina Byers, Esquire
Address:  130 North 18th St.
One Logan Square
Philadelphia, PA 19103

Telephone:  215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-5

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

R.B.
[address redacted]

Subject:     M.B.

**Requested Items:**
Please Remit: All documents and correspondence including emails, texts, communications of any kind relating to the residence of, custody of, care for, activities of, education of, legal issues of, arrests of, the cellular provider(s) for, exploitation of, assault and sexual assault of     M.B.     from 2012 through present.

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No._____ 00712 _____

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO: _    K.B.      _____
                              *(Name of Person or Entity)*

      Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: 101 Towne Square Way Suite 251  Pittsburgh PA 15227 _____
                              *(Address)*

      You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

      If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 06, 2017

Name:     Justina Byers, Esquire
Address:        130 North 18th St.
                One Logan Square
                Philadelphia, PA 19103

Telephone:      215 569-5500

Supreme Court ID#:

Attorney for:

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Subp.#127329404-11

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

    K.B.
    [address redacted]

Subject:    M.B.

**Requested Items:**
Please Remit: All documents and correspondence including emails, texts, communications of any kind relating to the residence of, custody of, care for, activities of, education of, legal issues of, arrests of, the cellular provider(s) for, exploitation of, assault and sexual assault of    M.B.    from 2012 through present.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No. _____ 00712 _____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _   A.P. _____

*(Name of Person or Entity)*

     Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: 101 Towne Square Way Suite 251  Pittsburgh PA 15227 _____

*(Address)*

     You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

     If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 06, 2017

Name:    Justina Byers, Esquire
Address:   130 North 18th St.
           One Logan Square
           Philadelphia, PA 19103

Telephone:   215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-15

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

    A.P.

    [address redacted]

Subject:    M.B.

**Requested Items:**
Please Remit: All documents and correspondence including emails, texts, communications of any kind relating to the residence of, custody of, care for, activities of, education of, legal issues of, arrests of, the cellular provider(s) for, exploitation of, assault and sexual assault of    M.B.    from 2012 through present.

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

M.B., a minor by her Guardian, William A.
Calandra, Esquire

Court of Common Pleas

vs.

Case Number: March Term, 2017, No. 0412

Roosevelt Inn LLC, Roosevelt Motor Inn,
Inc., UFVS Management Co, LLC, and
Yagna Patel

CERTIFICATE PREREQUISITE TO THE SERVICE OF A SUBPOENA
PURSUANT TO RULE 4009.22

As a prerequisite to service of a subpoena for documents and things pursuant to Rule
4009.22, Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers, Esquire certifies
that:

(1) A notice of intent to serve the subpoena with a copy of the subpoena attached thereto was
mailed or delivered to each party at least twenty days prior to the date on which the subpoena
is sought to be served;

(2) A copy of the notice of intent, including the proposed subpoena, is attached to this
certificate;

(3) No objection to the subpoena has been received, and;

(4) The subpoena which will be served is identical to the subpoena which is attached to the
notice of intent to serve the subpoena.

Date: 10/27/2017                              Litigation Solutions, LLC on behalf of

                                             Justina Byers, Esquire

                                             Attorney for the Defendant

CC:
Justina Byers, Esquire
Blank Rome LLP
130 North 18th St.
One Logan Square
Philadelphia, PA 19103
215-569-5500

Case ID: 170300712

**PENNSYLVANIA COURT OF COMMON PLEAS**

**COUNTY OF PHILADELPHIA**

**M.B., a minor by her Guardian, William A. Calandra, Esquire**
**vs.**
**Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Co, LLC, and Yagna Patel**

**Court of Common Pleas**

**March Term, 2017, No. 0712**

**NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21**

| Provider: | Record Type: |
| --- | --- |
| Bensalem Police Department | Miscellaneous |

TO: Thomas R. Kline Esquire

note: please see enclosed list of all other interested counsel

Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers Esquire intends to serve a subpoena identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If the twenty day notice period is waived or if no objection is made, then the subpoena may be served.

Date of Issue: 10/06/2017

CC: Justina Byers Esquire of Blank Rome LLP - Court of Common Pleas

Litigation Solutions, LLC on behalf of:

Justina Byers Esquire
Defense

If you have any questions regarding this matter, please contact:
Litigation Solutions, LLC (412.263.5656)
Brentwood Towne Centre
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227

**COUNSEL LISTING FOR M.B., A MINOR BY HER GUARDIAN, WILLIAM A. CALANDRA, ESQUIRE VS. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT CO, LLC, AND YAGNA PATEL**

### County of Philadelphia Court of Common Pleas

| Counsel | Firm | Counsel Type |
|---|---|---|
| Kline, Esquire, Thomas R. | 1525 Locust Street 19th Floor<br>Philadelphia, PA 19102<br>P: 215-772-1000 F: 215-735-0937 | Opposing Counsel |



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, 17 ____

No. _____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Bensalem Police Department_____
(Name of Person or Entity)

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____
(Address)

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 06, 2017

Name:    Justina Byers, Esquire
Address:    130 North 18th St.
            One Logan Square
            Philadelphia, PA 19103

Telephone:    215 569-5500
Supreme Court ID#:
Attorney for:

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Subp.#127329404-21

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

TO: CUSTODIAN OF RECORDS FOR:

Bensalem Police Department
2400 Byberry Road
Bensalem PA 19020
Attention: Records Department

Subject: Branham a/k/a Paul Johnson, Paul

**Requested Items:**
Please Remit: Any and all documents related to Paul Branham a/k/a Paul Johnson and/or Criminal Docket No: CP-09-CR-0002691-2015 and/or Complaint/Incident No. 1502816, including but not limited to prostitution, solicitation, and human trafficking, and human trafficking on 5956-5960 Harbison Avenue, Philadelphia, PA 19135 A/K/A 4220 Comly Street, from 2012 to the present, including any and all related arrest reports, incident reports, reports of telephone calls made, witness statements, handwritten notes, typed reports, affidavits of probable cause, information filed, related criminal records, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, and any other documents in your file relating to Criminal Docket No: CP-09-CR-0002691-2015 and/or Paul Branham a/k/a Paul Johnson.

## COMMONWEALTH OF PENNSYLVANIA
## COUNTY OF PHILADELPHIA

| | |
|---|---|
| M.B., a minor by her Guardian, William A. Calandra, Esquire | Court of Common Pleas |
| vs. | |
| Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Co, LLC, and Yagna Patel | Case Number: March Term, 2017, No. 6112 |

*Filed and Attested by the Office of Judicial Records 30 OCT 2017 12:06 pm K. EDWARDS*

### CERTIFICATE PREREQUISITE TO THE SERVICE OF A SUBPOENA
### PURSUANT TO RULE 4009.22

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers, Esquire certifies that:

(1) A notice of intent to serve the subpoena with a copy of the subpoena attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoena is sought to be served;

(2) A copy of the notice of intent, including the proposed subpoena, is attached to this certificate;

(3) No objection to the subpoena has been received, and;

(4) The subpoena which will be served is identical to the subpoena which is attached to the notice of intent to serve the subpoena.

Date: 10/27/2017

Litigation Solutions, LLC on behalf of

Justina Byers, Esquire

Attorney for the Defendant

CC:
Justina Byers, Esquire
Blank Rome LLP
130 North 18th St.
One Logan Square
Philadelphia, PA 19103
215-569-5500

Case ID: 170300712

PENNSYLVANIA COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

| | |
|---|---|
| M.B., a minor by her Guardian, William A. Calandra, Esquire<br>vs.<br>Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Co, LLC, and Yagna Patel | Court of Common Pleas<br><br>March Term, 2017, No. 0712 |

**NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21**

| Provider: | Record Type: |
|---|---|
| Glen Mills Schools<br>Bucks County District Attorney<br>Philadelphia District Attorneys Office | Scholastic<br>Miscellaneous<br>Miscellaneous |

TO: Thomas R. Kline Esquire

note: please see enclosed list of all other interested counsel

Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers Esquire intends to serve a subpoena identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If the twenty day notice period is waived or if no objection is made, then the subpoena may be served.

Date of Issue: 10/06/2017

CC: Justina Byers Esquire of Blank Rome LLP - Court of Common Pleas

Litigation Solutions, LLC on behalf of:

Justina Byers Esquire
Defense

If you have any questions regarding this matter, please contact:
Litigation Solutions, LLC (412.263.5656)
Brentwood Towne Centre
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227

Case ID: 170300712

**COUNSEL LISTING FOR M.B., A MINOR BY HER GUARDIAN, WILLIAM A. CALANDRA, ESQUIRE VS. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT CO, LLC, AND YAGNA PATEL**

### County of Philadelphia Court of Common Pleas

| Counsel | Firm | Counsel Type |
|---|---|---|
| Kline, Esquire, Thomas R. | 1525 Locust Street 19th Floor<br>Philadelphia, PA 19102<br>P: 215-772-1000 F: 215-735-0937 | Opposing Counsel |



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No.___ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Bucks County District Attorney_____
*(Name of Person or Entity)*

      Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: _101 Towne Square Way Suite 251   Pittsburgh PA 15227_____
*(Address)*

      You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

      If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 06, 2017

Name: Justina Byers, Esquire

Address:     130 North 18th St.
                 One Logan Square
                 Philadelphia, PA 19103

Telephone:    215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-22

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Bucks County District Attorney
55 East Court Street
Doylestown PA 18901
Attention: Records Department

Subject: Davis, Daiquan

**Requested Items:**
Please Remit: Any and all documents relating to Daiquan Davis (D.O.B. 9/1993, SSN 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) including but not limited to prostitution, solicitation and human trafficking at the Roosevelt Inn from 2010 to the present, including any and all related arrest reports, incident reports, reports of telephone calls made from the Roosevelt Inn, witness statements, handwritten notes, typed reports, affidavits, information filed, related criminal records, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, phonographs, discovery exchanged and any other documents in your file relating to Daiquan Davis.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No.____ 00712 _____

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO: _Glen Mills Schools_____
*(Name of Person or Entity)*

   Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____
*(Address)*

   You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

   If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 06, 2017

Name: Justina Byers, Esquire
Address: 130 North 18th St.
One Logan Square
Philadelphia, PA 19103

Telephone: 215 569-5500

Supreme Court ID#:

Attorney for:

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Subp.#127329404-23

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Glen Mills Schools
185 Glen Mills Road
Glen Mills PA 19342
Attention: Office of the Registrar


Subject: Davis, Daiquan


**Requested Items:**
Please Remit: Any and all documents relating to Daiquan Davis (D.O.B. 9/1993, SSN 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), including but not limited to grade reports, transcripts, attendance sheets, counselor evaluations, discipline summaries, for years of attendance at this school.

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No.____ 00712 _____

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO: _Philadelphia District Attorneys Office_____
*(Name of Person or Entity)*

    Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____
*(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:    Justina Byers, Esquire

Date: October 06, 2017

Address:    130 North 18th St.
One Logan Square
Philadelphia, PA 19103

Telephone:    215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-24

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Philadelphia District Attorneys Office
Three South Penn Square
Philadelphia PA 19107
Attention: Records Department

Subject: Davis, Daiquan

**Requested Items:**
Please Remit; Any and all documents relating to Daiquan Davis (D.O.B. 9/1993, SSN 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) including but not limited to prostitution, solicitation and human trafficking at the Roosevelt Inn from 2010 to the present, including any and all related arrest reports, incident reports, reports of telephone calls made from the Roosevelt Inn, witness statements, handwritten notes, typed reports, affidavits, information filed, related criminal records, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, phonographs, discovery exchanged and any other documents in your file relating to Daiquan Davis.

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

M.B., a minor by her Guardian, William A.       Court of Common Pleas
Calandra, Esquire


vs.

                                                Case Number: March Term, 2017, No. 0112

Roosevelt Inn LLC, Roosevelt Motor Inn,
Inc., UFVS Management Co, LLC, and
Yagna Patel


CERTIFICATE PREREQUISITE TO THE SERVICE OF A SUBPOENA
PURSUANT TO RULE 4009.22

As a prerequisite to service of a subpoena for documents and things pursuant to Rule
4009.22, Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers, Esquire certifies
that:


(1) A notice of intent to serve the subpoena with a copy of the subpoena attached thereto was
mailed or delivered to each party at least twenty days prior to the date on which the subpoena
is sought to be served;


(2) A copy of the notice of intent, including the proposed subpoena, is attached to this
certificate;


(3) No objection to the subpoena has been received, and;


(4) The subpoena which will be served is identical to the subpoena which is attached to the
notice of intent to serve the subpoena.



 Date: 10/27/2017                               Litigation Solutions, LLC on behalf of

                                                Justina Byers, Esquire

                                                Attorney for the Defendant


CC:
Justina Byers, Esquire
Blank Rome LLP
130 North 18th St.
One Logan Square
Philadelphia, PA 19103
215-569-5500

**PENNSYLVANIA COURT OF COMMON PLEAS**

**COUNTY OF PHILADELPHIA**

| | |
|---|---|
| **M.B., a minor by her Guardian, William A. Calandra, Esquire**<br>vs.<br>**Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Co, LLC, and Yagna Patel** | **Court of Common Pleas**<br><br>**March Term, 2017, No. 0712** |

**NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21**

| Provider: | Record Type: |
|---|---|
| Warren G. Harding Middle School | Scholastic |
| Wordsworth Academy | Scholastic |
| Hazleton Elementary Middle School | Scholastic |
| George W. Sharswood Elementary School | Scholastic |
| Arthur Street Elementary School | Scholastic |
| Arthur Powell | Miscellaneous |
| Kelly Mahon Beason | Miscellaneous |
| Robert Beason | Miscellaneous |
| A Second Chance Inc. - Kinship Care | Medical |
| The Villa - Public Health Management Corporation | Medical |
| David Abel | Medical |
| Joseph J. Peters Institute | Medical |
| David Abel | Medical |
| The Bridge Therapeudic Center at Fox Chase | Medical |
| Lois Harrold | Medical |
| Lois Harrold | Medical |
| Y-HEP Health Center | Medical |
| Patricia H. Morgan MSN CRNP | Medical |
| Pennsylvania Hospital - Hall-Mercer Community Mental Health | Medical |
| Pepper George Middle School | Scholastic |

TO: Thomas R. Kline Esquire

note: please see enclosed list of all other interested counsel

Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers Esquire intends to serve a subpoena identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If the twenty day notice period is waived or if no objection is made, then the subpoena may be served.

Date of Issue: 10/06/2017

CC: Justina Byers Esquire of Blank Rome LLP - Court of Common Pleas

Litigation Solutions, LLC on behalf of:

Justina Byers Esquire
Defense

If you have any questions regarding this matter, please contact:
Litigation Solutions, LLC (412.263.5656)
Brentwood Towne Centre
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227

**COUNSEL LISTING FOR M.B., A MINOR BY HER GUARDIAN, WILLIAM A. CALANDRA, ESQUIRE VS. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT CO, LLC, AND YAGNA PATEL**

### County of Philadelphia Court of Common Pleas

| Counsel | Firm | Counsel Type |
|---|---|---|
| Kline, Esquire, Thomas R. | 1525 Locust Street 19th Floor<br>Philadelphia, PA 19102<br>P: 215-772-1000 F: 215-735-0937 | Opposing Counsel |



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No. _____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _A Second Chance, Inc. - Kinship Care_____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:     Justina Byers, Esquire

Date: October 06, 2017

Address:     130 North 18th St.
              One Logan Square
              Philadelphia, PA 19103

Telephone:     215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-1

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

A Second Chance, Inc. - Kinship Care
1341 N. Delaware Avenue #101
Philadelphia PA 19125
Attention: Medical Records Correspondence

Subject: Beason, Madison

**Requested Items:**
Please remit: Any and all medical records relating to Madison Beason (D.O.B. 9/03/1999; SSN 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) including but not limited to treatment records.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, 17 _____

No. _____ 00712 _____

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO: Dr. David Abel _____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: 101 Towne Square Way Suite 251  Pittsburgh PA 15227 _____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:   Justina Byers, Esquire

Date: October 06, 2017

Address:   130 North 18th St.
One Logan Square
Philadelphia, PA 19103

Subp.#127329404-2

Telephone:   215 569-5500

Supreme Court ID#:

Attorney for:

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Dr. David Abel
1638 Amity Road
Jenkintown PA 19046
Attention: Medical Records Correspondence

Subject: Beason, Madison

**Requested Items:**
Please remit: Any and all medical records relating to Madison Beason (D.O.B. 9/03/1999; SSN 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) including but not limited to treatment records.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, 17 ____

No. ____ 00712 _____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO:  Dr. David Abel _____

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at:  101 Towne Square Way Suite 251  Pittsburgh PA 15227 _____

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 06, 2017

Name: Justina Byers, Esquire
Address:      130 North 18th St.
              One Logan Square
              Philadelphia, PA 19103

Telephone:     215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-3

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Dr. David Abel
54 East Oakland Avenue
Doylestown PA 18901
Attention: Medical Records Correspondence

Subject: Beason, Madison

**Requested Items:**
Please remit:Any and all medical records relating to Madison Beason (D.O.B. 9/03/1999; SSN 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) including but not limited to treatment records.

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, 17 _____

No. _____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: Arthur Street Elementary School _____
*(Name of Person or Entity)*

     Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: 101 Towne Square Way Suite 251  Pittsburgh PA 15227 _____
*(Address)*

     You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

     If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:   Justina Byers, Esquire

Date: October 06, 2017

Address:     130 North 18th St.
                One Logan Square
                Philadelphia, PA 19103



Telephone:    215 569-5500

Supreme Court ID#:

Attorney for:

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Arthur Street Elementary School
424 E. 9th Street
Hazleton PA 18201
Attention: Office of the Registrar

Subject: Beason, Madison

**Requested Items:**
Please Remit: Any and all records related to Madison Beason (born 9/3/99; SSN 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) including but not limited to academic reports, attendance sheets, report cards, counseling documentation, teacher assessments, nursing records for her years of attendance at this school



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

<u>March</u> Term, <u>17</u>

No. <u>00712</u>

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: <u>George W. Sharswood Elementary School</u>
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: <u>101 Towne Square Way Suite 251   Pittsburgh PA 15227</u>
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:   Justina Byers, Esquire

Date: October 06, 2017

Address:   130 North 18th St.
One Logan Square
Philadelphia, PA 19103

Telephone:      215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-6

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

George W. Sharswood Elementary School
2300 S. Second Street
Philadelphia PA 19148
Attention: Office of the Registrar

Subject: Beason, Madison

**Requested Items:**
Please Remit: Any and all records related to Madison Beason (born 9/3/99; SSN 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) including but not limited to academic reports, attendance sheets, report cards, counseling documentation, teacher assessments, nursing records for her years of attendance at this school

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No._____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO:  Dr. Lois Harrold _____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at:  101 Towne Square Way Suite 251  Pittsburgh PA 15227 _____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 06, 2017

Name:    Justina Byers, Esquire
Address:    130 North 18th St.
            One Logan Square
            Philadelphia, PA 19103

Telephone:    215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-7

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

CRNP Lois Harrold
1421 Highland Avenue
Abington PA 19001
Attention: Medical Records Correspondence


Subject: Beason, Madison


**Requested Items:**
Please remit: Any and all medical records relating to Madison Beason (D.O.B. 9/03/1999; SSN 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) including but not limited to treatment records.

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No._____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Dr. Lois Harrold_____

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name: Justina Byers, Esquire

Date: October 06, 2017

Address: 130 North 18th St.
One Logan Square
Philadelphia, PA 19103

Telephone: 215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-8

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

CRNP Lois Harrold
1109 DeKalb Street
Norristown PA 19401
Attention: Medical Records Correspondence

Subject: Beason, Madison

**Requested Items:**
Please remit: Please remit: Any and all medical records relating to Madison Beason (D.O.B. 9/03/1999; SSN 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) including but not limited to treatment records.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

March Term, 17

No. 00712

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO:  Hazleton Elementary Middle School
*(Name of Person or Entity)*

      Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: 101 Towne Square Way Suite 251  Pittsburgh PA 15227
*(Address)*

      You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

      If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:  Justina Byers, Esquire

Date: October 06, 2017

Address:  130 North 18th St.
One Logan Square
Philadelphia, PA 19103

Telephone:  215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-9

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

<span style="color:red">Case ID: 170300712</span>

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Hazleton Elementary Middle School
700 N. Wyoming Street
Hazleton PA 18201
Attention: Office of the Registrar

Subject: Beason, Madison

**Requested Items:**
Please Remit: Any and all records related to Madison Beason (born 9/3/99; SSN 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) including but not limited to academic reports, attendance sheets, report cards, counseling documentation, teacher assessments, nursing records for her years of attendance at this school



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No._____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Joseph J. Peters Institute_____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: _101 Towne Square Way Suite 251   Pittsburgh PA 15227_____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:    Justina Byers, Esquire

Date: October 06, 2017

Address:    130 North 18th St.
One Logan Square
Philadelphia, PA 19103

Telephone:    215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-10

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Joseph J. Peters Institute
1211 Chestnut Street 5th Floor
Philadelphia PA 19107
Attention: Medical Records Correspondence

Subject: Beason, Madison

**Requested Items:**
Please remit: Any and all medical records relating to Madison Beason (D.O.B. 9/03/1999; SSN 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) including but not
limited to treatment records.

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

<u>            March      </u> Term, <u> 17   </u>

No. <u>    00712             </u>

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: <u>Patricia H. Morgan, MSN, CRNP                   </u>
*(Name of Person or Entity)*

      Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: <u>101 Towne Square Way Suite 251  Pittsburgh PA 15227          </u>
*(Address)*

      You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

      If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:    Justina Byers, Esquire

Date: October 06, 2017

Address:    130 North 18th St.
                  One Logan Square
                  Philadelphia, PA 19103

Telephone:    215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-12

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

<span style="color:red">Case ID: 170300712</span>

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Patricia H. Morgan, MSN, CRNP
1421 Highland Avenue
Abington PA 19001
Attention: Medical Records Correspondence

Subject: Beason, Madison

**Requested Items:**
Please remit: Any and all medical records relating to Madison Beason (D.O.B. 9/03/1999; SSN 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) including but not limited to treatment records.

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_____

No._____ 00712 _____

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO: _Pennsylvania Hospital - Hall-Mercer Community Ment_____
*(Name of Person or Entity)*

     Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____
*(Address)*

     You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

     If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name: Justina Byers, Esquire
Date: October 06, 2017
Address: 130 North 18th St.
One Logan Square
Philadelphia, PA 19103

Telephone: 215 569-5500
Supreme Court ID#:
Attorney for:

Subp.#127329404-13

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Pennsylvania Hospital - Hall-Mercer Community Mental Health
245 S. 8th Street
Philadelphia PA 19106
Attention: Medical Records Correspondence

Subject: Beason, Madison

**Requested Items:**
Please remit: Any and all medical records relating to Madison Beason (D.O.B. 9/03/1999; SSN 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) including but not limited to treatment records.

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March_____ Term,_ 17 ____

No.____ 00712 _____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Pepper George Middle School_____

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 06, 2017

Name:  Justina Byers, Esquire

Address:     130 North 18th St.
              One Logan Square
              Philadelphia, PA 19103

Telephone:     215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-14

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Pepper George Middle School
2901 S. 84th Street
Philadelphia PA 19153
Attention: Office of the Registrar

Subject: Beason, Madison

**Requested Items:**
Please Remit: Any and all records related to Madison Beason (born 9/3/99; SSN 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) including but not limited to academic reports, attendance sheets, report cards, counseling documentation, teacher assessments, nursing records for her years of attendance at this school

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March_____ Term,__ 17 ____

No.____ 00712 _____

**Subpoena to Produce Documents or Things**
**for Discovery Pursuant to Rule 4009.22**

TO:  The Bridge Therapeudic Center at Fox Chase _____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: 101 Towne Square Way Suite 251  Pittsburgh PA 15227 _____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:   Justina Byers, Esquire

Date: October 06, 2017

Address:     130 North 18th St.
One Logan Square
Philadelphia, PA 19103

Telephone:      215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-16

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

The Bridge Therapeudic Center at Fox Chase
1100 Adams Avenue
Philadelphia PA 19124
Attention: Medical Records Correspondence


Subject: Beason, Madison


**Requested Items:**
Please remit: Any and all medical records relating to Madison Beason (D.O.B. 9/03/1999; SSN 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) including but not limited to treatment records.

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No. _____00712_____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _The Villa - Public Health Management Corporation_____
*(Name of Person or Entity)*

      Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____
*(Address)*

      You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

      If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:      Justina Byers, Esquire

Date: October 06, 2017

Address:      130 North 18th St.
                One Logan Square
                Philadelphia, PA 19103

Subp.#127329404-17

Telephone:     215 569-5500

Supreme Court ID#:

Attorney for:

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

The Villa - Public Health Management Corporation
Centre Square East 1500 Market Street, Suite 1500
Philadelphia PA 19102
Attention: Medical Records Correspondence

Subject: Beason, Madison

**Requested Items:**
Please remit: Any and all medical records relating to Madison Beason (D.O.B. 9/03/1999; SSN 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) including but not limited to treatment records.

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17__

No._____ 00712 _____

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO: _Warren G. Harding Middle School_____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 06, 2017

Name:     Justina Byers, Esquire
Address:     130 North 18th St.
                 One Logan Square
                 Philadelphia, PA 19103

Telephone:     215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-18

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Warren G. Harding Middle School
2000 Wakeling Street
Philadelphia PA 19124
Attention: Office of the Registrar

Subject: Beason, Madison

**Requested Items:**
Please Remit: Any and all records related to Madison Beason (born 9/3/99; SSN 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) including but not limited to academic reports, attendance sheets, report cards, counseling documentation, teacher assessments, nursing records for her years of attendance at this school



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_____

No._____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Wordsworth Academy_ _____
*(Name of Person or Entity)*

   Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: _101 Towne Square Way Suite 251   Pittsburgh PA 15227_ _____
*(Address)*

   You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

   If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 06, 2017

| | |
|---|---|
| Name: | Justina Byers, Esquire |
| Address: | 130 North 18th St. |
| | One Logan Square |
| | Philadelphia, PA 19103 |
| Telephone: | 215 569-5500 |
| Supreme Court ID#: | |
| Attorney for: | |

Subp.#127329404-19

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Wordsworth Academy
2101 Pennsylvania Avenue
Fort Washington PA 19034
Attention: Office of the Registrar

Subject: Beason, Madison

**Requested Items:**
Please Remit: Any and all records related to Madison Beason (born 9/3/99; SSN 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) including but not limited to academic reports, attendance sheets, report cards, counseling documentation, teacher assessments, nursing records for her years of attendance at this school

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, __17__

No._____00712_____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: Y-HEP Health Center
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions.

at: 101 Towne Square Way Suite 251  Pittsburgh PA 15227
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 06, 2017

Name:  Justina Byers, Esquire
Address:  130 North 18th St.
          One Logan Square
          Philadelphia, PA 19103

Telephone:  215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#127329404-20

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email:  eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Y-HEP Health Center
1417 Locust Street 2nd Floor
Philadelphia PA 19102
Attention: Medical Records Correspondence

Subject: Beason, Madison

**Requested Items:**
Please remit: Please remit: Any and all medical records relating to Madison Beason (D.O.B. 9/03/1999; SSN 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) including but not limited to treatment records.

Case ID: 170300712

M.B., minor by her Guardian,       :    COURT OF COMMON PLEAS
William A. Calandra, Esquire,       :    PHILADELPHIA COUNTY
                                  :    CIVIL TRIAL DIVISION
                Plaintiff,   :
                                    :    MARCH TERM, 2017
             v.             :    NO.:  00712
                                    :
ROOSEVELT INN LLC            :    JURY TRIAL DEMANDED
d/b/a ROOSEVELT INN and       :
ROOSEVELT INN CAFÉ, et al.,     :
                                    :
                                    :

Filed and Attested by the
Office of Judicial Records
01 OCT 2017 02:20 pm
B. KISIELEWSKI

## STIPULATION

**BY WAY OF STIPULATION AND AGREEMENT**, between the parties by the signatures of the undersigned counsel, it is hereby **STIPULATED AND AGREED,** to **SEAL** the Certificate Prerequisite to the Service of a Subpoena Pursuant to Pa.R.C.P. 4009.22 issued to multiple providers, including Warren G. Harding Middle School and the Wordsworth Academy, which was filed on October 30, 2017, E-File No. 1710069820.

**KLINE & SPECTER, P.C.**                **BLANK ROME LLP**

THOMAS R. KLINE, ESQUIRE         GRANT S. PALMER, ESQUIRE
NADEEM A. BEZAR, ESQUIRE          JAMES J. QUINLAN, ESQUIRE
EMILY B. MARKS, ESQUIRE            JUSTINA A. BYERS, ESQUIRE
KYLE B. NOCHO, ESQUIRE             DANIEL E. OBERDICK, ESQUIRE
*Attorneys for Minor-Plaintiff M.B.,*    *Attorneys for Defendants Roosevelt*
*Minor by her Guardian, William A.*    *Inn LLC d/b/a Roosevelt Inn and*
*Calandra, Esquire*                   *Roosevelt Inn Café, Roosevelt Motor*
                                      *Inn, Inc. d/b/a Roosevelt Motor Inn,*
                                      *UFVS Management Company, LLC*
                                      *and Yagna Patel*

Date: 10/31/2017                Date: 10/31/17

SO ORDERED:

150213.00601/106283331v.1

_____
                                      J.

Case ID: 170300712
Control No.: 17103863

M.B., minor by her Guardian,            :    COURT OF COMMON PLEAS
William A. Calandra, Esquire,            :    PHILADELPHIA COUNTY
                                         :    CIVIL TRIAL DIVISION
                    Plaintiff,           :
                                         :    MARCH TERM, 2017
              v.                         :    NO.: 00712
                                         :
ROOSEVELT INN LLC                        :    JURY TRIAL DEMANDED
d/b/a ROOSEVELT INN and                  :
ROOSEVELT INN CAFÉ, et al.,              :
                                         :
                                         :    B. Etal Vs Roosevelt In-STPAP
                                         :

*Filed and Attested by the Office of Judicial Records 31 OCT 2017 02:20 pm B. KISIELEWSKI*

1703007120003B

## <u>STIPULATION</u>

**BY WAY OF STIPULATION AND AGREEMENT**, between the parties by the signatures of the undersigned counsel, it is hereby **STIPULATED AND AGREED**, to **SEAL** the Certificate Prerequisite to the Service of a Subpoena Pursuant to Pa.R.C.P. 4009.22 issued to multiple providers, including Warren G. Harding Middle School and the Wordsworth Academy, which was filed on October 30, 2017, E-File No. 1710069820.

**KLINE & SPECTER, P.C.**                    **BLANK ROME LLP**



THOMAS R. KLINE, ESQUIRE                     GRANT S. PALMER, ESQUIRE
NADEEM A. BEZAR, ESQUIRE                      JAMES J. QUINLAN, ESQUIRE
EMILY B. MARKS, ESQUIRE                       JUSTINA A. BYERS, ESQUIRE
KYLE B. NOCHO, ESQUIRE                        DANIEL E. OBERDICK, ESQUIRE
*Attorneys for Minor-Plaintiff M.B.,*        *Attorneys for Defendants Roosevelt*
*Minor by her Guardian, William A.*          *Inn LLC d/b/a Roosevelt Inn and*
*Calandra, Esquire*                          *Roosevelt Inn Café, Roosevelt Motor*
                                             *Inn, Inc. d/b/a Roosevelt Motor Inn,*
                                             *UFVS Management Company, LLC*
                                             *and Yagna Patel*

Date: 10/31/2017                             Date: 10/31/17

SO ORDERED:

_____ J.
10-31-17

Case ID: 170300712
Control No.: 17103863

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  N. ERICKSON  11/03/2017

**KLINE & SPECTER, P.C.**
BY:    THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Filed and Attested by the
Office of Judicial Records
08 NOV 2017 01:32 pm
P. MARTIN*

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| Defendants | : | |

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
## PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY:    _Kyle Nocho_
          KYLE B. NOCHO, ESQUIRE
          Attorney for Plaintiffs

Date: 11/8/17

## CERTIFICATE OF SERVICE

I, Kyle B. Nocho, Esquire attorney for Plaintiffs, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Date: 11/8/17

KYLE B. NOCHO, ESQUIRE
Attorney for Plaintiffs

Case ID: 170300712

**KLINE & SPECTER, P.C.**                              Attorneys for Minor-Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>WILLIAM A. CALANDRA, ESQUIRE<br>                              Plaintiff, | : <br> : <br> : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| V. | : <br> : | CIVIL TRIAL DIVISION<br>MARCH TERM, 2017 |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFE<br>       and<br>ROOSEVELT MOTOR INN, INC.<br>d/b/a ROOSEVELT MOTOR INN<br>       and<br>UFVS MANAGEMENT COMPANY, LLC<br>       and<br>YAGNA PATEL<br>                              Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | NO.: 00712<br><br>JURY TRIAL DEMANDED |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

       Minor-Plaintiff intends to serve Subpoenas identical to the ones attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If no objection is made, the subpoena may be served.

- The Villa
- VisionQuest
- Joseph J. Peters Institute
- Sobriety Through Outpatient Philadelphia
- New Directions Treatment Services
- Visiting Nurse Association Community Services
- Tabor Children's Services
- First Home Care
- Asociacion Puertorriquenos en Marcha, Inc. ("APM")
- Philadelphia Department of Human Services

**KLINE & SPECTER, P.C.**

BY:    *Kyle Nocho*
       KYLE B. NOCHO, ESQUIRE
       Attorney for Minor-Plaintiff

Date: 10/5/2017

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Kyle B. Nocho, Esquire attorney for Plaintiff, do hereby certify that a true and correct

copy of Notice of Intent to Serve a Subpoena  was served upon the following counsel of record

via U.S. Mail on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Date: 10/5/2017

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
Attorneys for Minor-Plaintiff



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, __17__

No._____ 00712 _____

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO: __THE VILLA__ _____
*(Name of Person or Entity)*

       Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: __KLINE & SPECTER, P.C. 1525 Locust street 1525 Locust street Philadelphia PA 19102__
*(Address)*

       You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

       If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 05, 2017

Name:    Kyle B. Nocho

Address:    Kline And Specter, P.C.
               1525 Locust Street, 7th Floor
               Philadelphia, PA 19102

Telephone:    215 772-1365

Supreme Court ID#: 319270

Attorney for:    PLAINTIFF

Subp.#127308882-1

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

BY THE COURT:
Eric Feder
**Deputy Court Administrator
Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL          :          Court of Common Pleas
                                           :
                                           :          _____ March _____ Term, 17 _____
                                           :
                                           :          No. _____ 00712 _____

TO: _THE VILLA_____
                                    *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                                    *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have
                                                        *(Date of Subpoena)*

been produced.

Date: _____          _____
                                        *(Signature of Person Served with Subpoena)*

ADDENDUM "A"

**THE VILLA**
**1100 Adams Avenue**
**Philadelphia, PA 19124**
**Attn:  Custodian of Records**

**RECORDS PERTAIN TO:**
M.B.
                DOB: 9/3/1999

    Within twenty (20) days after the service of this subpoena, you are to provide a complete

copy of the entire file pertaining to        M.B.        , and any and all documents you may have

relating to        M.B.        including, but not limited to, all CUA documents, foster care

records, all documents on the Electronic Case Management System, incident reports, medical

records, therapy records, correspondence, memoranda, photographs, statements, interviews

and/or investigative reports, and any other document to consist of your entire file regarding

M.B.

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _ 17 ___

No.____ 00712 _____

**Subpoena to Produce Documents or Things**
**for Discovery Pursuant to Rule 4009.22**

TO: _ VISIONQUEST _____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: _ KLINE & SPECTER, P.C. 1525 Locust street   PHILADELPHIA  19102 _____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 05, 2017

Name:   Kyle B. Nocho

Address:   Kline And Specter, P.C.
1525 Locust Street, 7th Floor
Philadelphia, PA 19102

Telephone:   215 772-1365

Supreme Court ID#: 319270

Attorney for:   PLAINTIFF

Subp.#127308882-2

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL     :     Court of Common Pleas
                                       :
                                       :     _____ March _____ Term, _17_
                                       :
                                       :     No. ____ 00712 _____

TO: _VISIONQUEST_____
                          *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,
or the Certificate of Compliance,
to the Office of Judicial Records.***

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                          *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have
                                                        *(Date of Subpoena)*

been produced.

Date: _____        _____
                                        *(Signature of Person Served with Subpoena)*

ADDENDUM "A"

**VISIONQUEST**
**5201 Old York Road**
**Suite 106**
**Philadelphia, PA 19141**
**Attn:  Custodian of Records**

**RECORDS PERTAIN TO:**

M.B.          **DOB: 9/3/1999**

Within twenty (20) days after the service of this subpoena, you are to provide a complete copy of the entire file pertaining to          M.B.          , and any and all documents you may have relating to          M.B.          including, but not limited to, all CUA documents, foster care records, all documents on the Electronic Case Management System, incident reports, medical records, therapy records, correspondence, memoranda, photographs, statements, interviews and/or investigative reports, and any other document to consist of your entire file regarding M.B.          .



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No._____ 00712 _____

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO: _JOSEPH J. PETERS INSTITUTE_____
*(Name of Person or Entity)*

    Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: _KLINE & SPECTER, P.C. 1525 Locust Street   PHILADELPHIA PA 19102_____
*(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:    Nocho, Kyle B

Date: October 05, 2017

Address:    Kline And Specter, P.C.
              1525 Locust Street, 7th Floor
              Philadelphia, PA 19102

Telephone:    215 772-1365

Subp.#127308882-B

Supreme Court ID#: 319270

Attorney for:    PLAINTIFF

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL          :          Court of Common Pleas
                                           :
                                           :          _____ March _____ Term, _17_
                                           :
                                           :          No. ____ 00712 _____
                                           :

TO: _ JOSEPH J. PETERS INSTITUTE _____
                          *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                          *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                          *(Date of Subpoena)*

Date: _____          _____
                                    *(Signature of Person Served with Subpoena)*

ADDENDUM "A"

**TO CUSTODIAN OF RECORDS FOR:**

**JOSEPH J. PETERS INSTITUTE**
100 South Broad Street, 17th Floor.
Philadelphia, PA 19110
**Attn: Custodian of Records**

M.B.          **DOB: 9/3/1999**

You are to provide any and all records pertaining to          M.B.          , including any and

all medical records, therapy records, counseling records, statements, recordings, videos, DVDs,

forensic interviews and/or investigative reports, and any other document to consist of your entire

file regarding          M.B.          .

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, __17_____

No._____00712_____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO:  SOBRIETY THROUGH OUTPATIENT PHILADELPHIA _____
_____*(Name of Person or Entity)*

     Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: KLINE & SPECTER, P.C. 1525 Locust Street  Philadelphia PA 19102 _____
                             *(Address)*

     You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

     If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 05, 2017

Name:    Nocho, Kyle B

Address:    Kline & Specter, P.C.
                1525 Locust Street
                Philadelphia, PA 19102

Telephone:    215 772-1000

Supreme Court ID#: 319270

Attorney for:    PLAINTIFF

Subp.#127308882-4

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL    :

                                   :

                                   :

                                   :

                                   :

Court of Common Pleas

_____ March _____ Term, _17___

No. ____00712_____

TO: _SOBRIETY THROUGH OUTPATIENT PHILADELPHIA_____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                              *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                    *(Date of Subpoena)*

Date: _____           _____
                                                  *(Signature of Person Served with Subpoena)*

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Sobriety Through Outpatient Philadelphia ("STOP")**
2534-326 N. Broad Street, STE 200
Philadelphia, PA 19132
**Attn: Custodian of Records**

M.B.          **DOB: 9/3/1999**

You are to provide any and all records pertaining to l          M.B.          , including any and all medical records, therapy records, counseling records, statements, recordings, videos, DVDs, forensic interviews and/or investigative reports, and any other document to consist of your entire file regarding          M.B.          .



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No._____00712_____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _NEW DIRECTIONS TREATMENT SERVICES_____
*(Name of Person or Entity)*

    Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: _KLINE & SPECTER, P.C. 1525 Locust Street  Philadelphia PA 19102_____
*(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 05, 2017

Name:   Nocho, Kyle B
Address:   Kline And Specter, P.C.
              1525 Locust Street, 7th Floor
              Philadelphia, PA 19102

Telephone:   215 772-1365

Supreme Court ID#: 319270

Attorney for:   PLAINTIFF

Subp.#127308882-5

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL          :     Court of Common Pleas
                                           :
                                           :     _____ March _____ Term, __17__
                                           :
                                           :     No. _____00712_____

TO: _NEW DIRECTIONS TREATMENT SERVICES_____
                         *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena.  Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                         *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

                                              *(Date of Subpoena)*

been produced.

Date: _____          _____
                                         *(Signature of Person Served with Subpoena)*

Case ID: 170300712

## ADDENDUM "A"

**TO CUSTODIAN OF RECORDS FOR:**

**New Directions Treatment Services**
2442 Broadhead Road
Bethlehem, PA 18020
**Attn: Custodian of Records**

M.B.        **DOB: 9/3/1999**

You are to provide any and all records pertaining to        M.B.        , including any and all medical records, therapy records, counseling records, statements, recordings, videos, DVDs, forensic interviews and/or investigative reports, and any other document to consist of your entire file regarding        M.B.        .



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No._____ 00712 _____

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO: VISITING NURSE ASSOCIATION COMMUNITY SVCS
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: KLINE & SPECTER, P.C. 1525 Locust Street  Philadelphia PA 19102
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 05, 2017

Name:   Nocho, Kyle B

Address:   Kline And Specter, P.C.
1525 Locust Street, 7th Floor
Philadelphia, PA 19102

Telephone:   215 772-1365

Supreme Court ID#: 319270

Attorney for:   PLAINTIFF

Subp.#127308882-6

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator
Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

| | | |
|---|---|---|
| B. ETAL VS ROOSEVELT INN LLC ETAL | : | Court of Common Pleas |
| | : | |
| | : | _____ March _____ Term, 17 _____ |
| | : | |
| | : | No. _____ 00712 _____ |

TO: _VISITING NURSE ASSOCIATION COMMUNITY SVCS_____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

*(Date of Subpoena)*

been produced.

Date: _____          _____
                                   *(Signature of Person Served with Subpoena)*

Case ID: 170300712

## ADDENDUM "A"

**TO CUSTODIAN OF RECORDS FOR:**

**Visiting Nurse Association Community Services, Inc.**
1421 Highland Avenue
Abington, PA 19001
**Attn: Custodian of Records**

M.B.        **DOB: 9/3/1999**

You are to provide any and all records pertaining to         M.B.         , including any and all medical records, therapy records, counseling records, statements, recordings, videos, DVDs, forensic interviews and/or investigative reports, and any other document to consist of your entire file regarding        M.B.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, __17__

No._____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: TABOR CHILDREN'S SERVICES _____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: KLINE & SPECTER, P.C. 1525 Locust Street   Philadelphia PA 19102 _____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 05, 2017

Name:    Nocho, Kyle B

Address:    Kline And Specter, P.C.
1525 Locust Street, 7th Floor
Philadelphia, PA 19102

Telephone:    215 772-1365

Supreme Court ID#: 319270

Attorney for:    PLAINTIFF

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL     :     Court of Common Pleas
                                 :
                                 :             March     Term, 17
                                 :
                                 :     No.      00712

TO: TABOR CHILDREN'S SERVICES
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena.  Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.
                                     *(Date of Subpoena)*

Date: _____             _____
                                             *(Signature of Person Served with Subpoena)*

# ADDENDUM "A"

**TABOR CHILDREN'S SERVICES**
**57 E. Armat Street**
**Philadelphia, PA 19144**
**Attn:  Custodian of Records**

## RECORDS PERTAIN TO:

M.B.    **DOB: 9/3/1999**

Within twenty (20) days after the service of this subpoena, you are to provide a complete copy of the entire file pertaining to          M.B.          and any and all documents you may have relating to        M.B.        including, but not limited to, all CUA documents, all documents on the Electronic Case Management System, incident reports, medical records, therapy records, correspondence, memoranda, photographs, statements, interviews and/or investigative reports, and any other document to consist of your entire file regarding          M.B.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_____

No._____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _FIRST HOME CARE_____
*(Name of Person or Entity)*

     Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: _Kline & Specter, P.C. 1525 Locust Street  Philadelphia PA 19102_____
*(Address)*

     You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

     If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 05, 2017

Name:   Nocho, Kyle B

Address:   Kline And Specter, P.C.
          1525 Locust Street, 7th Floor
          Philadelphia, PA 19102

Telephone:   215 772-1365

Supreme Court ID#: 319270

Attorney for:   PLAINTIFF

Subp.#127308882-B

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL    :    Court of Common Pleas
                                     :
                                     :    _____ March ____ Term, _17_
                                     :
                                     :    No. _____ 00712 _____

TO: _FIRST HOME CARE_____
                        *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena.  Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                        *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                    *(Date of Subpoena)*

Date: _____            _____
                                 *(Signature of Person Served with Subpoena)*

ADDENDUM "A"

**FIRST CARE HOME**
**4641 Roosevelt Boulevard**
**Philadelphia, PA 19124**
**Attn:  Custodian of Records**

**RECORDS PERTAIN TO:**

M.B.        **DOB: 9/3/1999**

Within twenty (20) days after the service of this subpoena, you are to provide a complete copy of the entire file pertaining to    M.B.    , and any and all documents you may have relating to    M.B.    including, but not limited to, all CUA documents, all documents on the Electronic Case Management System, incident reports, medical records, therapy records, correspondence, memoranda, photographs, statements, interviews and/or investigative reports, and any other document to consist of your entire file regarding    M.B.    .



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, __17__

No.___ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _ASOCIACION PUERTORRIQUENOS EN MARCHA INC._____
                         *(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: _KLINE & SPECTER, P.C. 1525 Locust Street   Philadelphia PA 19102_____
                         *(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 05, 2017

Name:   Nocho, Kyle B

Address:   Kline And Specter, P.C.
1525 Locust Street, 7th Floor
Philadelphia, PA 19102

Telephone:   215 772-1365

Supreme Court ID#: 319270

Attorney for:   PLAINTIFF

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL        :      Court of Common Pleas
                                         :
                                         :      _____ March _____ Term, _17___
                                         :
                                         :      No. _____ 00712 _____

TO: _ASOCIACION PUERTORRIQUENOS EN MARCHA INC._____
                    *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                    *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be produced pursuant to the subpoena issued on _____ have been produced.
                                                          *(Date of Subpoena)*

Date: _____          _____
                                        *(Signature of Person Served with Subpoena)*

# ADDENDUM "A"

**APM**
1900 North 9th Street
Philadelphia, PA  19122
**Attn: Custodian of Record**

**RECORDS PERTAIN TO:**

M.B.          **DOB: 9/3/1999**

Within twenty (20) days after the service of this subpoena, you are to provide a complete copy of the entire file pertaining to          M.B.          , and any and all documents you may have relating to          M.B.          including, but not limited to, all CUA documents, all documents on the Electronic Case Management System, incident reports, medical records, therapy records, correspondence, memoranda, photographs, statements, interviews and/or investigative reports, and any other document to consist of your entire file regarding          M.B.

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

March Term, 17

No. 00712

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO: PHILADELPHIA DEPT OF HUMAN SERVICES
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: KLINE & SPECTER, P.C. 1525 Locust Street  PHILADELPHIA PA 19102
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 05, 2017

Name: Nocho, Kyle B
Address: Kline And Specter, P.C.
1525 Locust Street, 7th Floor
Philadelphia, PA 19102

Telephone: 215 772-1365

Supreme Court ID#: 319270

Attorney for: PLAINTIFF

Subp.#127308882-10

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL        :     Court of Common Pleas
                                         :
                                         :     _____ March _____ Term, 17 ____
                                         :
                                         :     No. ____ 00712 _____

TO: _PHILADELPHIA DEPT OF HUMAN SERVICES_____
                        *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

> ***Do not send the documents or things,***
> ***or the Certificate of Compliance,***
> ***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                        *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                    *(Date of Subpoena)*

Date: _____        _____
                                 *(Signature of Person Served with Subpoena)*

ADDENDUM "A"

**PHILADELPHIA DEPARTMENT OF HUMAN SERVICES**
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
**Attn: Custodian of Record**

**RECORDS PERTAIN TO:**

M.B.     **DOB: 9/3/1999**

Within twenty (20) days after the service of this subpoena, you are ordered by the court

to produce the following documents or things: any and all records pertaining to      M.B.         ;

DOB: 9/3/1999, including but not limited to any and all CUA records, correspondence to and/or

from other agencies or individuals, child placement, child permanency plans, case notes, court

orders, investigation reports, medical records including psychiatric treatment records, evaluation

reports and counseling records, and any other document to consist of your entire file regarding

M.B.

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000



*Filed and Attested by the Office of Judicial Records 08 NOV 2017 01:30 pm P. MARTIN*

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| Defendants | : | |

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY:   *Kyle Nocho*
       KYLE B. NOCHO, ESQUIRE
       Attorney for Plaintiffs

Date: 11/8/17

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Kyle B. Nocho, Esquire attorney for Plaintiffs, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel*

Date: 11/8/17

KYLE B. NOCHO, ESQUIRE
Attorney for Plaintiffs

Case ID: 170300712

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiffs
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| Defendants | : | |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE
## DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT
## TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have

twenty (20) days from the date listed below in which to file of record and serve upon the

undersigned any objection to the Subpoenas.  If no objection is made, the Subpoenas may be

served.

- Keystone First

**KLINE & SPECTER, P.C.**

BY:   _Kyle Nocho_____
       KYLE B. NOCHO, ESQUIRE
       Attorney for Plaintiffs

Date: _10/10/2017_

Case ID: 170300712

## <u>CERTIFICATE OF SERVICE</u>

I, Kyle B. Nocho, Esquire attorney for Plaintiffs, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

<div align="center">

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

</div>

Date: 10/10/2017

KYLE B. NOCHO, ESQUIRE
Attorney for Plaintiffs



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No._____ 00712

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO: _KEYSTONE FIRST_____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: _KLINE & SPECTER, P.C. 1525 Locust Street   PHILADELPHIA PA 19102_____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:    Nocho, Kyle B

Date: October 10, 2017                Address:    KLINE & SPECTER, P.C.
                                                   1525 Locust Street
                                                   Philadelphia, PA 19102

                                      Telephone:    215 772-1000

                                      Supreme Court ID#: 319270

                                      Attorney for:    PLAINTIFF

subp.#127375172-1

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator
Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL       :     Court of Common Pleas
                                        :
                                        :     _____ March _____ Term, _17_
                                        :
                                        :     No. _____ 00712 _____

TO: _KEYSTONE FIRST_____
                       *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena.  Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                            *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                    *(Date of Subpoena)*

Date: _____          _____
                                     *(Signature of Person Served with Subpoena)*

Case ID: 170300712

ADDENDUM "A"

**TO CUSTODIAN OF RECORDS FOR:**

**KEYSTONE FIRST**
**200 Stevens Drive**
**Philadelphia, PA 19113**

M.B.       **DOB: 9/3/1999**

    You are to provide any and all records pertaining to       M.B.       including any and

all medical records, therapy records, counseling records, statements, recordings, videos, DVDs,

billing information, medical providers, health insurance information, health insurance policies,

forensic interviews and/or investigative reports, and any other document to consist of your entire

file regarding       M.B.

Case ID: 170300712

## NOTICE OF STANDING ORDER FOR ALL CASES PENDING BEFORE
## JUDGE LISA M. RAU

AND NOW, this **15th** day of **November, 2017**, all parties and counsel are hereby **NOTIFIED** that because Judge Lisa Rau's spouse, Lawrence Krasner, was a candidate for District Attorney in Philadelphia, there is a possibility that someone involved in this case (counsel, party, or witness) may have made a financial contribution to Judge Rau's spouse's or another District Attorney candidate's campaign fund or PAC.

All counsel and parties are therefore **DIRECTED** to review Judge Rau's Standing Order, available at http://www.courts.phila.gov/pdf/cpcivil/rso.pdf, which details the procedures that the Court is implementing to allow counsel and litigants to raise any concerns they may have where someone involved in a case assigned to Judge Rau has made contributions to Judge Rau's spouse's campaign fund or PAC or that of another candidate who ran for District Attorney.

BY THE COURT:

_____

Lisa M. Rau, J.

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Minor-Plaintiff

Filed and Attested by the
Office of Judicial Records
29 NOV 2017 11:16 am
K. EDWARDS

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>WILLIAM A. CALANDRA, ESQUIRE<br>           Plaintiff, | : <br> : <br> : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
|    V. | : <br> : | CIVIL TRIAL DIVISION<br>MARCH TERM, 2017 |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFE<br>    and | : <br> : <br> : | NO.: 00712<br><br>JURY TRIAL DEMANDED |
| ROOSEVELT MOTOR INN, INC.<br>d/b/a ROOSEVELT MOTOR INN<br>    and | : <br> : <br> : | |
| UFVS MANAGEMENT COMPANY, LLC<br>    and | : <br> : | |
| YAGNA PATEL<br>    and | : <br> : | |
| ALPHA-CENTURION SECURITY, INC.<br>d/b/a ALPHA CENTURY SECURITY, INC.<br>         Defendants | : <br> : <br> : | |

## PRAECIPE TO REINSTATE AMENDED COMPLAINT

TO THE PROTHONOTARY:

    Kindly reinstate the Amended Complaint in the above-captioned matter.

                      KLINE AND SPECTER

Date: 11/29/17

                      Nadeem A. Bezar
                      Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of November, **2017** the foregoing

Praecipe to Reinstate Amended Complaint was filed and upon acceptance of the Court mailed

via Regular Mail and/or electronic mail to the below listed Defendants:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Alpha-Centurion Security, Inc.
c/o Joanna M. Small, President
224 Glendale Road
Havertown, PA  19093

KLINE AND SPECTER

Nadeem A. Bezar
Attorney for Plaintiff

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiffs
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Filed and Attested by the
Office of Judicial Records
16 MAR 2017 11:16 am
X. EDWARDS

---

M.B., minor by her Guardian,                    :    PHILADELPHIA COUNTY
WILLIAM A. CALANDRA, ESQUIRE                     :    COURT OF COMMON PLEAS
c/o Kline & Specter, P.C.                        :
1525 Locust Street                               :    CIVIL TRIAL DIVISION
Philadelphia, PA  19102                          :    MARCH TERM, 2017
                            Plaintiff,           :    NO.: 00712
       V.                                        :
                                                 :
ROOSEVELT INN LLC                                :    JURY TRIAL DEMANDED
*d/b/a ROOSEVELT INN and*                        :
*ROOSEVELT INN CAFE*                             :
7630 Roosevelt Boulevard                         :
Philadelphia, PA 19152                           :
                                                 :
                                                 :
       and                                       :
                                                 :
                                                 :
ROOSEVELT MOTOR INN, INC.                        :
*d/b/a ROOSEVELT MOTOR INN*                      :
7630 Roosevelt Boulevard                         :
Philadelphia, PA 19152                           :
                                                 :
                                                 :
       and                                       :
                                                 :
                                                 :
UFVS MANAGEMENT COMPANY, LLC                     :
287 Bowman Avenue                                :
Purchase, NY 10577                               :
                                                 :
                                                 :
       and                                       :
                                                 :
                                                 :
YAGNA PATEL                                      :
7630 Roosevelt Boulevard                         :
Philadelphia, PA 19152                           :
                                                 :
                                                 :
       and                                       :
                                                 :
                                                 :
ALPHA-CENTURION SECURITY, INC.                   :
*d/b/a ALPHA CENTURY SECURITY, INC.*             :
3720 West Chester Pike                           :

Newtown Square, PA 19073                                    :
                                    Defendants              :

---

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. |
| THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO. |
| **LAWYERS REFERENCE SERVICE**<br>One Reading Center<br>Philadelphia, PA 19107<br>(215) 238-6333<br>TTY(215) 451-6197 | **SERVICIO de REFERENCIA LEGAL**<br>Uno Reading Centro<br>Filadelfia, PA 19107<br>Telefono: (215) 238-6333<br>TTY(215) 451-6197 |

**KLINE & SPECTER, P.C.**

Attorneys for Plaintiffs

BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405

1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Filed and Attested by the
Office of Judicial Records
30 OCT 2017 05:07 pm
K. EDWARDS

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| c/o Kline & Specter, P.C. | : | |
| 1525 Locust Street | : | CIVIL TRIAL DIVISION |
| Philadelphia, PA 19102 | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.: 00712 |
| V. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| d/b/a ALPHA CENTURY SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |

Newtown Square, PA 19073          :
                    Defendants       :

## MINOR-PLAINTIFF'S AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.      Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center. Over 1200 cases of sex trafficking has been reported for the first six months of 2016 with the vast majority of victims being women and a disproportionate number being minors.

3.      In 2014 the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that directly or indirectly benefits financially from such acts is fully deterred through both criminal and civil prosecution.

## THE PARTIES

4.      Minor-Plaintiff, M.B. was born on September 3, 1999, and is one of the thousands of victims of human trafficking in the United States. During 2013 and 2014, Minor-Plaintiff was exploited and was permitted to be exploited by traffickers of commercial sex acts and those who financially benefitted from her exploitation. Minor-Plaintiff resides in Philadelphia County, Pennsylvania. Minor-Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102. Minor-Plaintiff's guardian for purposes of this civil



action is William A. Calandra, Esquire.

5.    Minor-Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Minor-Plaintiff M.B. who incurred injuries and damages starting when she was fourteen (14) years old.

6.    Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a corporation duly organized and existing under the laws of Delaware.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.    Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.    Defendant UFVS Management Company, LLC, is a corporation duly organized and existing under the laws of the State of New York.  At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.    Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152.  Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.    Defendant Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. [hereinafter referred to as "Alpha-Centurion Security, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.     Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12.     Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 630 Roosevelt Boulevard, Philadelphia, PA 19152.

13.     Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn and assumed responsibility for ensuring the safety and wellbeing of individuals lawfully on the premises, including Minor-Plaintiff M.B.

14.     Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County.

15.     At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

16.     At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

17.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by their actual or apparent agents, servants and employees, were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

18.     At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

19.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur and profited from them.

20.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

21.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor

Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by their

actual or apparent agents, servants and employees, failed to report to authorities that human sex

trafficking was occurring at the Roosevelt Inn.

22.     At all material times hereto, Defendant Alpha-Centurion Security, Inc.,

individually and/or by its actual or apparent agents, servants and employees, failed to report to

authorities that human sex trafficking was occurring at the Roosevelt Inn.

23.     At all material times hereto, Defendants Roosevelt, Inn LLC, Roosevelt Motor

Inn, Inc., UFVS Management Company, LLC, and Yagna Patel received money and financially

profited from the commercial sex acts occurring on the premises of the Roosevelt Inn.

24.     At all material times hereto, Defendant Alpha-Centurion Security, Inc. received

money and financially profited, while having knowledge of the commercial sex acts occurring on

the premises of the Roosevelt Inn.

## OPERATIVE FACTS

25.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3001, et. seq., it is a

felony to recruit, entice, solicit, harbor or transport a minor which results in the minor being

subjected to sexual servitude.

26.     Commencing in 2013, Minor-Plaintiff was recruited, enticed, solicited, harbored

and/or transported to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent

and/or repeated basis.

27.     Defendants Roosevelt Inn  LLC, Roosevelt Motor Inn, Inc., UFVS Management

Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent

agents, servants and employees, regularly rented or otherwise provided, for their own financial

benefit, rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts

Case ID: 170600112

with Minor-Plaintiff.

28.     Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn in approximately March 2007 to provide security services.

29.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired to ensure the safety and wellbeing of individuals lawfully on the hotel's premises, the hotel's guests, the hotel's employees, and the hotel's property.

30.     By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and wellbeing of individuals lawfully present at the Roosevelt Inn, including Minor-Plaintiff.

31.     It is believed and therefore averred that all of the responsibilities as aforesaid were well within the scope of the contractual responsibilities promised and undertaken by Defendant Alpha-Centurion Security, Inc. as part of its agreement to provide security services on the premises of the Roosevelt Inn.

32.     Defendant Alpha-Centurion Security, Inc. assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Minor-Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

33.     Having undertaken responsibilities as aforesaid, Defendant Alpha-Centurion Security owed a duty to Minor-Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Minor-Plaintiff from dangerous people and conditions on the premises.

34.     Defendant Alpha-Centurion Security, Inc. provided security services for its own financial benefit, while traffickers used the rooms at the Roosevelt Inn to engage in commercial


Case ID: 170900712

sex acts with Minor-Plaintiff.

35.     Defendants Roosevelt Inn  LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Minor-Plaintiff for commercial sex acts.

36.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that rooms and services were being rented or otherwise provided to individuals trafficking Minor-Plaintiff for commercial sex acts, while Alpha-Centurion Security, Inc. had a duty to protect individuals lawfully present at the Roosevelt Inn, like Minor-Plaintiff.

37.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that Minor-Plaintiff was being sexually exploited.

38.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that Minor-Plaintiff was being sexually exploited.

39.     Minor-Plaintiff's traffickers put up internet advertisements for the purpose of prostituting Minor-Plaintiff.

40.     The advertisements would include a fake name for Minor-Plaintiff and a phone number to call.

41.     During the phone call, sex for cash was negotiated and the caller "John" would be

informed that Minor-Plaintiff was at the Roosevelt Inn.

42.   The "John" who negotiated to have sex for cash with Minor-Plaintiff would then speak to the front desk clerk at the Roosevelt Inn.

43.   An individual named "Abdul" would hold himself out as the clerk, staff member or employee at the Roosevelt Inn.  The complete name of "Abdul" is known to Defendants.

44.   "Abdul" would then direct the individual to the floor and room where Minor-Plaintiff and her traffickers were staying.

45.   "Abdul" was fully aware that Minor-Plaintiff and other underage children were compelled to perform sex for money.

46.   Minor-Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

47.   The motel room where Minor-Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

48.   Minor-Plaintiff engaged in numerous commercial sex acts "dates" per day.

49.   Minor-Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

50.   Housekeepers and front desk staff including "Abdul" at the Roosevelt Inn maintained conversations with Minor-Plaintiff and had knowledge that Minor-Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

51.   Minor-Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Minor-Plaintiff.

52.   Minor-Plaintiff exhibited fear and anxiety while on the premises of the Roosevelt Inn.



53.     Minor-Plaintiff's traffickers paid cash for the motel rooms where Minor-Plaintiff engaged in commercial sex acts.

54.     Minor-Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Minor-Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

55.     Men and other minors frequently entered and left the rooms where Minor-Plaintiff engaged in commercial sex acts.

56.     Men stood in the hallways outside of rooms where Minor-Plaintiff was engaged in commercial sex acts.

57.     Minor-Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

58.     Minor-Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

59.     Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Minor-Plaintiff at the Roosevelt Inn in her sexually explicit clothing.

60.     Minor-Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

61.     Minor-Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the motel rooms to the financial profit of all Defendants as owners, operators and managers of the Roosevelt Inn.

62.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual



or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff.

63.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff.

64.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel financially profited from the continuation of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

65.     Defendant Alpha-Centurion Security, Inc. financially profited from providing security services at the Roosevelt Inn, while having knowledge of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

66.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

67.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Minor-Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of

life's pleasures both in the past and in the future.

68.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn

LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel,

individually and/or by and  through their actual or apparent agents, servants and employees,

financially profited from the human sex trafficking and continued to profit by not reporting,

intervening, disrupting or otherwise stopping the practice.

69.     By having knowledge of human sex trafficking at the Roosevelt Inn and

negligently allowing the Minor-Plaintiff's harm to occur, Defendant Alpha-Centurion Security,

Inc., individually and/or by and through its actual or apparent agents, servants and employees,

financially profited from providing security services at the Roosevelt Inn, while having

knowledge of the human sex trafficking occurring and failing to report, intervene, disrupt or

otherwise stop the practice.

70.     By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn

LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel,

individually and/or by and through their actual or apparent agents, servants and employees, acted

outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff

warranting the imposition of punitive damages.

71.     By having knowledge of human sex trafficking at the Roosevelt Inn and

negligently allowing the Minor-Plaintiff's harm to occur, Defendant Alpha-Centurion Security,

Inc., individually and/or by and through its actual or apparent agents, servants and employees,

acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff

warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN

## TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et. seq.

## M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

72. The averments of Paragraphs 1 through 71 are incorporated herein by reference.

73. Pennsylvania's Human Trafficking Law 18 PA C.S.A. §3001 et seq. makes it illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting the minor to be engaged in any commercial sex act.

74. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport the minor Plaintiff permitting her to be exploited and engage in the commercial sex acts.

75. By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

76. By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, financially profited from the human trafficking and continued profit by not reporting, intervening, disrupting or otherwise stopping the practice.

77. By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel,

individually and/or by and through their actual or apparent agents, servants and employees acted

outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff

warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against

Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC,

and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

### COUNT II – NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et. seq.

### M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

78.   The averments of Paragraphs 1 through 77 are incorporated herein by reference.

79.   Pennsylvania's Human Trafficking Law 18 PA C.S.A. §3001 et seq. makes it

illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting

the minor to be engaged in any commercial sex act.

80.   Defendant Alpha-Centurion Security, Inc. assumed a duty to protect the safety

and wellbeing of individuals lawfully present at the Roosevelt Inn, the hotel's employees, and

the hotel's guests.

81.   Yet, Defendant Alpha-Centurion Security, Inc. harbored Minor-Plaintiff by

helping to provide a place of refuge and shelter for commercial sexual exploitation and sex

trafficking.

82.   Defendant Alpha-Centurion Security, Inc. had knowledge of commercial sex

activity and sex trafficking occurring at the Roosevelt Inn, but failed to report, intervene, disrupt

or otherwise stop the practice.

83.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport the minor Plaintiff permitting her to be exploited and engage in the commercial sex acts.

84.     By harboring the Minor-Plaintiff for commercial sex acts, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

85.     By harboring the Minor-Plaintiff for commercial sex acts, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, financially profited while allowing human trafficking to occur and continued to profit while not reporting, intervening, disrupting or otherwise stopping the practice.

86.     By harboring the Minor-Plaintiff for commercial sex acts, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

87.     **WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III - NEGLIGENCE

## M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

88.   The averments of paragraphs 1 through 87 are incorporated herein by reference.

89.   By harboring Minor-Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

90.   As a result of Defendants' Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel negligence, Minor-Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

91.   As a result of Defendants' Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel negligence, Defendants financially profited from the human sex trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

92.   Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

## COUNT IV – NEGLIGENCE

### M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

93.    The averments of paragraphs 1 through 92 are incorporated herein by reference.

94.    Having undertaken responsibilities as aforesaid and the provision of security services at the Roosevelt Inn, Defendant Alpha-Centurion Security, Inc. owed a duty to protect the safety and wellbeing of individuals lawfully present at the hotel, the hotel's guests, the hotel's employees, and the hotel's property.

95.    Defendant Alpha-Centurion Security, Inc. failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff, although Defendant Alpha-Centurion Security, Inc. had knowledge of commercial sex activity and human trafficking occurring at the Roosevelt Inn.

96.    Defendant Alpha-Centurion Security, Inc., by and through its agents, ostensible agents, officers, servants, and/or employees, was negligent by:

   a.   Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

   b.   Failure to publish post orders at the security posts providing protocols for security personnel to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

   c.   Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

   d.   Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

   e.   Failing to adequately control access to the premises;

   f.   Failing to prevent entry of unauthorized individuals onto the premises;

g.  Failing to properly and adequately train and provide ongoing training to its
security personnel including but not limited to ongoing training involving
preventing and responding to commercial sexual activity and human sex
trafficking;

h.  Failing to select and/or retain only personnel competent to provide proper and
adequate security services;

i.  Failing to assign experienced security personnel to provide competent guard
services at the Roosevelt Inn;

j.  Failing to adopt, establish, implement, execute and/or enforce required policies,
procedures, rules, regulations and/or guidelines concerning protection of business
invitees on the premises of the Roosevelt Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies,
procedures, rules, regulations, and/or guidelines concerning proper security
measures in a hotel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies,
procedures, rules, regulations, and/or guidelines concerning proper monitoring,
surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies,
procedures, rules, regulations, and/or guidelines concerning prevention of violent
and/or criminal acts on the premises;

n.  Failing to detect and respond to commercial sex activity and human sex
trafficking at the Roosevelt Inn;

o.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.  Failing to utilize surveillance equipment to monitor suspicious activity and
promptly react thereto for the safety of Minor-Plaintiff;

q.  Failing to respond and react to suspicious activity detected on video surveillance;

r.  Failing to maintain surveillance equipment in proper working order;

s.  Failing to test or properly test surveillance equipment to ensure it was in working
order;

t.  Failing to utilize appropriate and/or required surveillance equipment;

u.  Failing to adequately monitor activity on video surveillance and promptly react



thereto for the safety of Minor-Plaintiff;

    v.   Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Minor-Plaintiff;

   w.   Failing to prevent Minor-Plaintiff from being trafficked on the premises; and

   x.   Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

97.    As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Minor-Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

98.    As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. financially profited from providing security services that allowed the existence of human sex trafficking, while not reporting, intervening, disrupting or otherwise stopping the practice.

99.    Each of the herein-described tortuous or otherwise culpable acts or omissions by Defendant Alpha-Centurion Security, Inc. increased the likelihood that Minor-Plaintiff would suffer the injuries set forth in this Complaint.

100.    Defendant Alpha-Centurion Security, Inc.'s negligence increased the risk of harm to Minor-Plaintiff and was a substantial factor in causing and continuing the harm and damages suffered by Minor-Plaintiff.

101.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

102.    **WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and

against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

103.   The averments of paragraphs 1 through 102 are incorporated herein by reference.

104.   Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel negligently committed the acts averred in this Complaint against the Minor-Plaintiff and thereby caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Minor-Plaintiff.

105.   Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

106.   The averments of paragraphs 1 through 105 are incorporated herein by reference.

107.    Defendant Alpha-Centurion Security, Inc. negligently committed the acts averred in this Complaint against the Minor-Plaintiff and thereby caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Minor-Plaintiff.

108.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VII - INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS

## M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

109.    The averments of paragraphs 1 through 108 are incorporated herein by reference.

110.    By harboring Minor-Plaintiff to perform commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

111.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

WHEREFORE, Minor-Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VIII - INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS
## M.B., A MINOR, BY HER GUARDIAN v. ALPHA-CENTURION SECURITY, INC.

112.    The averments of paragraphs 1 through 111 are incorporated herein by reference.

113.    By harboring Minor-Plaintiff to perform commercial sex acts, Defendant Alpha-Centurion Security, Inc. intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

114.    By having knowledge of commercial sex activity and failing to intervene, Defendant Alpha-Centurion Security, Inc. intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

115.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

KLINE & SPECTER, P.C.
*Attorneys for Plaintiff*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

DATED: 9/5/17

## VERIFICATION

I, William A. Calandra, Esquire, hereby state that I am the Guardian for the Minor-Plaintiff, M.B., in this matter.  I hereby verify that I have reviewed the foregoing Minor-Plaintiff's First Amended Complaint, which was prepared with the assistance of counsel, and that while I do not have personal knowledge of all of the facts and representations therein, the averments appear to be true and correct to the best of my knowledge, information and belief.

The undersigned that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
WILLIAM A. CALANDRA, ESQUIRE
Guardian for Minor-Plaintiff M.B.

PHILADELPHIA COURT OF COMMON PLEAS
**PETITION/MOTION COVER SHEET**

| FOR COURT USE ONLY |
|---|

ASSIGNED TO JUDGE:                    ANSWER/RESPONSE DATE:

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

**CONTROL NUMBER:**

17120686

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

March _____ Term, 2017
*Month*                              *Year*

No. _____ 00712

Name of Filing Party:

M. B.-PMNR
WILLIAM A. CALANDRA-PGRD

B. ETAL VS ROOSEVELT INN LLC ETAL

Has another petition/motion been decided in this case?  ☐ Yes  ☒ No
Is another petition/motion pending?  ☐ Yes  ☒ No

*If the answer to either question is yes, you must identify the judge(s):*

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*   ☒ Motion
☐ Answer to Petition   ☐ Response to Motion

TYPE OF PETITION/MOTION (see list on reverse side)

MOTION FOR ALTERNATIVE SERVICE

PETITION/MOTION CODE
(see list on reverse side)
MTSVR

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

**I.  CASE PROGRAM**

DAY FORWARD/MAJOR JURY PROGRAM

Name of Judicial Team Leader: JUDGE LISA RAU
Applicable Petition/Motion Deadline: N/A
Has deadline been previously extended by the Court: N/A

**II.  PARTIES** *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

NADEEM A BEZAR
  KLINE & SPECTER, P.C. 1525 LOCUST
  STREET , PHILADELPHIA PA 19102
JUSTINA L BYERS
  ONE LOGAN SQUARE , PHILADELPHIA PA
  19103
ALPHA-CENTURION SECURITY, INC.
  3720 WEST CHESTER PIKE , NEWTOWN
  SQUARE PA 19073

**III.  OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

December 4, 2017        KYLE B. NOCHO

_____      _____      _____      _____
*(Attorney Signature/Unrepresented Party)*      *(Date)*      *(Print Name)*      *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

FILED
04 DEC 2017 05:09 pm
Civil Administration
C. KEENAN

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| d/b/a ALPHA CENTURY SECURITY, INC. | : | |
| Defendants | : | |

## ORDER

AND NOW, this _____ day of _____, 2017, upon consideration of

the Petition for Alternate Service pursuant to Pa. R.C.P. 430(a), and any response thereto, it is

hereby ORDERED and DECREED that Minor-Plaintiff's Petition is GRANTED.  Accordingly,

service of the Amended Complaint upon Defendant Alpha-Centurion Security, Inc. shall be

made upon Defendant's owner, Joanna Small, at her home address of 224 Glendale Road,

Havertown, Pennsylvania 19083, as follows:

1. First class mail, or

2. Certified Mail, return receipt requested, or

3. Posting a copy of Plaintiff's Complaint by the Sheriff.

BY THE COURT:

_____
J.

**KLINE & SPECTER, P.C.**                          Attorneys for Minor-Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| d/b/a ALPHA CENTURY SECURITY, INC. | : | |
| Defendants | : | |

## PETITION FOR ALTERNATE SERVICE

Petitioner, Minor-Plaintiff M.B., by and through her attorneys, Kline & Specter, P.C., hereby respectfully petitions this Court for leave, pursuant to Pa. R.C.P. 430(a) to serve Defendant Alpha-Centurion Security, Inc. by service upon its owner, Joanna Small, by first class mail, certified mail return receipt requested, or by posting by the Sheriff at Joanna Small's home, 224 Glendale Road, Havertown, Pennsylvania 19083.

1.    This case involves the human sex trafficking of Minor-Plaintiff M.B. at the Roosevelt Inn at 7600 Roosevelt Boulevard, Philadelphia, PA 19152.

Case ID: 170300712
Control No.: 17120686

2.      Plaintiff initiated suit by Complaint against the owners and operators of the Roosevelt Inn: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

3.      Through the discovery process, Minor-Plaintiff learned the identity of the security company Alpha-Centurion Security, Inc. (hereinafter referred to as "Alpha"), which was employed by the Roosevelt Inn to safeguard the motel at the time the sex trafficking of Minor-Plaintiff occurred.

4.      The parties agreed to a stipulation allowing Minor-Plaintiff to amend the Complaint to add Alpha as a defendant in this case, which was filed with the Court.  *See* the Stipulation attached as Exhibit A.

5.      Service of the Amended Complaint was attempted at the apparent business addresses for Alpha.  But, the business seems to have been closed down and therefore service could not be made.  *See* Affidavit of non-service upon Alpha, attached as Exhibit B.

6.      Joanna Small is the owner of Defendant Alpha.  Small is also the owner of a house located at 224 Glendale Road, Havertown, Pennsylvania 19083, where upon information and belief, Small resides.

7.      The Delaware County Sheriff's Office has attempted to serve the Amended Complaint upon Joanna Small at 224 Glendale Road, Havertown, Pennsylvania 19083 multiple times, at different times of day and weekends.  Each time, Joanna Small has refused to open the door and refused to receive service of the Amended Complaint.  *See* Affidavit of non-service upon Joanna Small, attached as Exhibit C.

Case ID: 170300712
Control No.: 17120686

8.      The Delaware County Sheriff's Office has attempted to serve Joanna Small as a defendant at her residence at 224 Glendale Road, Havertown Pennsylvania 19083, in other lawsuits, and she has refused to accept service in those cases too. *See* Ex. C.

9.      It is submitted that Joanna Small, owner of Defendant Alpha, is evading service of process.

10.     Plaintiff is prejudiced by Joanna Small's failure to accept service of the Complaint for her business, Defendant Alpha.

11.     Plaintiff thus requests that this court allow service either by: 1) first class mail; 2) certified mail, return receipt requested; or 3) posting a copy of Plaintiff's Amended Complaint by the Sheriff.

**WHEREFORE** Petitioner, Minor-Plaintiff M.B., respectfully request that this honorable Court grant the within Petition for Alternate Service, allowing the Amended Complaint to be served at the property owned by Joanna Small, located at 224 Glendale Road, Havertown, Pennsylvania 19083, by first class mail, certified mail return receipt requested, or by posting the Complaint by the Sheriff at 224 Glendale Road, Havertown, Pennsylvania 19083.


Respectfully submitted,

**KLINE & SPECTER, P.C.**


THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Minor-Plaintiff*

Case ID: 170300712
Control No.: 17120686

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4 th day of December, 2017, the foregoing Petition for Alternate Service was electronically filed and upon acceptance electronically served upon the below listed counsel:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*
*Counsel for Defendants Roosevelt Inn, LLC*

I do hereby certify that a true and correct copy of the above Petition for Alternate Service was served by First Class Mail on the following party on the above date:

Alpha-Centurion Security, Inc.
c/o Joanna M. Small, President
224 Glendale Road
Havertown, PA  19093

**KLINE & SPECTER, P.C.**

KYLE B. NOCHO, ESQUIRE
Attorney for Minor-Plaintiff

**KLINE & SPECTER, P.C.**                                    Attorneys for Minor-Plaintiff
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| d/b/a ALPHA CENTURY SECURITY, INC. | : | |
| Defendants | : | |

# A F F I D A V I T

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | SS |
| COUNTY OF PHILADELPHIA | : | |

Kyle B. Nocho, Esquire, being duly sworn according to law, deposes and says he is the

attorney for Minor-Plaintiff M.B. and he has made a good faith investigation to ascertain the

present address of Joanna Small, owner of Defendant Alpha-Centurion Security, Inc.  Counsel

for Minor-Plaintiff further avers to the best of his knowledge, information and belief that the

current address of Joanna Small is 224 Glendale Road, Havertown, Pennsylvania 19083, where

service of the Amended Complaint was attempted multiple times, to no avail.

Case ID: 170300712
Control No.: 17120686

**KLINE & SPECTER, P.C.**

_____
KYLE B. NOCHO, ESQUIRE
*Attorneys for Minor-Plaintiff*

SWORN TO AND SUBSCRIBED
BEFORE ME THIS ___4___
DAY OF _Dec._____ , 2017

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Deana M. Reardon, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires May 7, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

## VERIFICATION

I, KYLE B. NOCHO, hereby state that I am the attorney in the within matter, and as such verify that the statements made in the foregoing are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

KYLE B. NOCHO

DATE: December 4, 2017

# EXHIBIT A

Case ID: 170300712
Control No.: 17120686

M.B., minor by her Guardian,                    :    PHILADELPHIA COUNTY
WILLIAM A. CALANDRA, ESQUIRE                     :    COURT OF COMMON PLEAS
                    Plaintiff,                   :
        V.                                       :    CIVIL TRIAL DIVISION
                                                 :    MARCH TERM, 2017
ROOSEVELT INN LLC                                :    NO.: 00712
d/b/a ROOSEVELT INN and                          :
ROOSEVELT INN CAFE                               :    JURY TRIAL DEMANDED
        and                                      :
ROOSEVELT MOTOR INN, INC.                        :
d/b/a ROOSEVELT MOTOR INN                        :
        and                                      :
UFVS MANAGEMENT COMPANY, LLC                     :
        and                                      :
YAGNA PATEL                                      :
                    Defendants                   :

*Filed and Attested by the
PROTHONOTARY
08 JUL 2017 10:05 am
C. FORTE*

## STIPULATION

**BY WAY OF STIPULATION AND AGREEMENT,** amongst the parties by the

signatures of the undersigned counsel, it is hereby **STIPULATED AND AGREED** by consent

of the parties that Minor-Plaintiff M.B., by and through her Guardian William A. Calandra,

Esquire shall and may amend the Complaint to name Alpha-Centurion Security, Inc., possibly

otherwise known as Alpha Century Security, Inc., as a defendant.

KLINE & SPECTER, P.C.                    BLANK ROME, LLP

THOMAS R. KLINE, ESQUIRE                 GRANT S. PALMER, ESQUIRE
NADEEM A. BEZAR, ESQUIRE                 JAMES J. QUINLAN, ESQUIRE
EMILY B. MARKS, ESQUIRE                  JUSTINA L. BYERS, ESQUIRE
*Attorneys for Minor-Plaintiff M.B.,*    DANIEL E. OBERDICK, ESQUIRE
*Minor by her Guardian, William A.*      *Attorneys for Defendants Roosevelt Inn*
*Calandra, Esquire*                      *LLC d/b/a Roosevelt Inn and Roosevelt Inn*
                                         *Café, Roosevelt Motor Inn, Inc. d/b/a*
                                         *Roosevelt Motor Inn, UFVS Management*
                                         *Company, LLC and Yagna Patel*

Date: 7/7/17                             Date: 7/17/17

# EXHIBIT B

Case ID: 170300712
Control No.: 17120686

SEP. 12. 2017 12:11PM   KLINE & SPECTER P C                                   NO. 322   P. 2

*DC 17-712*

*miller 9/18*

## IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION - CIVIL

*Inv # 381696   52.00*

*9-25-17*   *copy*

|  |  |
|---|---|
| M.B. | March _____ TERM, 20 __17__ |
| **Plaintiff** |  |
| v. | NO. __00712__ |
| Roosevelt Inn, et. al. |  |
| **Defendant** |  |

## RETURN OF SERVICE/AFFIDAVIT

I, _Deputy James R Miller_, hereby certify that I served a true and

correct copy of the Complaint / Notice of Appeal / Rule on _ALPHA-CENTURION SECURITY, INC._
(Insert Name of Party)

1)   By handing a copy to the Defendant / Appellee, _ALPHA-CENTURION SECURITY, INC._

on the ___ day of _____, 20_____, at _____AM/PM, at

_3720 WEST CHESTER PIKE, NEWTOWN SQ, PA 19073_, ~~Philadelphia, PA.~~

2)   By handing a copy to _____, an adult

member of the family/adult person in charge of Defendant's / Appellee's residence,

on the ___ day of _____, 20_____, at _____AM/PM, at

_3720 WEST CHESTER PIKE, NEWTOWN SQ, PA 19073_ ~~Philadelphia, PA.~~

I verify that the statements in this Return of Service are true and correct. I further verify
that I am an adult over the age of 18 and not related to any party in this action.
I understand that this unsworn document contains statements that are made subject to
the penalties of 18 P.C.S. §4904 relating to unsworn falsification to authorities.

*Not served- Bad Address   No Alpha Centurion
at this address Different Company
Info received from owner Patrick Pawetta
9-15-17
11:25 AM*

Sworn to and Affirmed
This _19_ day _Sept._ 20_17_

_____ (Sign)

_James R Miller_ (Print Name)

Notary Public
(SEAL)

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KENDALL F GALLAGHER
Notary Public
MEDIA BORO, DELAWARE COUNTY
My Commission Expires Dec 20, 2019

Return of Service — rev. 4-27-15

Case ID: 170300712
Control No.: 17120686

# EXHIBIT C

Case ID: 170300712
Control No.: 17120686

OC17-712

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

Inv # 382789    52.00
9-27-17    1 copy

M·B
_____
Plaintiff

v.

Roosevelt Inn, et. al.
_____
Defendant

March TERM, 20 17

NO. 00712

---

### RETURN OF SERVICE/AFFIDAVIT

I, _____, hereby certify that I served a true and
correct copy of the Complaint / Notice of Appeal / Rule on *Alpha-Centurion Security, Inc. dba Alpha Century Security, Inc. c/o Joanna M. Small, President*

1)  By handing a copy to the Defendant / Appellee, *c/o Joanna M. Small, President*

on the ___ day of _____, 20____, at _____ AM/PM, at
*224 Glendale Rd, Havertown, PA 19083* ~~Philadelphia, PA.~~

2)  By handing a copy to _____, an adult

member of the family/adult person in charge of Defendant's / Appellee's residence,

on the ___ day of _____, 20____, at _____ AM/PM, at

_____, Philadelphia, PA.

I verify that the statements in this Return of Service are true and correct. I further verify
that I am an adult over the age of 18 and not related to any party in this action.
I understand that this unsworn document contains statements that are made subject to
the penalties of 18 P.C.S. §4904 relating to unsworn falsification to authorities.

Sworn to and Affirmed
This 30 day October 2017

_____
Notary Public
(SEAL)

*Not Served 10/26/17. Made multiple attempts
including weekends. No response. DEF has
refused to open door. Biondi Refused to accept
service before as well*

_____ (Sign)

A. Biondi (Print Name)

MEDIA BORO, DELAWARE
GRACE M SPECK
NOTARY PUBLIC
COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
GRACE M SPECK
Notary Public
MEDIA BORO., DELAWARE COUNTY
My Commission Expires Aug 9, 2018

Return of Service — rev'd 06/19

PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

| FOR COURT USE ONLY |
| --- |

**ASSIGNED TO JUDGE:** | **ANSWER/RESPONSE DATE:**

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

**CONTROL NUMBER:**

17120686

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

<u>B. ETAL VS ROOSEVELT INN LLC ETAL</u>

March _____ Term, 2017
*Month*                          *Year*
No. _____ 00712

Name of Filing Party:
<u>ALPHA-CENTURION SECURITY, INC.-DFT</u>

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*    ☐ Motion
☒ Answer to Petition    ☐ Response to Motion

Has another petition/motion been decided in this case?    ☐ Yes  ☐ No
Is another petition/motion pending?    ☐ Yes  ☐ No

*If the answer to either question is yes, you must identify the judge(s):*

TYPE OF PETITION/MOTION (see list on reverse side)
ANSWER (MOTION/PETITION) FILED

PETITION/MOTION CODE
(see list on reverse side)
MTANS

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):
MTSVR - MOTION FOR ALTERNATIVE SERVICE

**I.  CASE PROGRAM**

DAY FORWARD/MAJOR JURY PROGRAM

Court Type: <u>JUDGE LISA RAU</u>
Applicable Petition/Motion Deadline: <u>N/A</u>
Has deadline been previously extended by the Court: <u>N/A</u>

**II.  PARTIES** *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

NADEEM A BEZAR
  KLINE & SPECTER, P.C. 1525 LOCUST
  STREET , PHILADELPHIA PA 19102
JUSTINA L BYERS
  ONE LOGAN SQUARE , PHILADELPHIA PA
  19103
THOMAS P WAGNER
  MARSHALL DENNEHEY WARNER COLEMAN &
  GOGGIN 2000 MARKET STREET, 23RD FLOOR
  , PHILADELPHIA PA 19103

**III.  OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____      December 15, 2017      THOMAS P. WAGNER      _____
*(Attorney Signature/Unrepresented Party)*          *(Date)*          *(Print Name)*          *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1061B E-File# 1712036483
15-DEC-17 14:17:37

**FILED**
15 DEC 2017 02:14 pm
Civil Administration
C. KEENAN

| | | |
|---|---|---|
| M.B. minor by her Guardian, WILLIAM A. CALANDRA, ESQUIRE | : : : | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| Plaintiff | : : | MARCH TERM, 2017 |
| v. | : : : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN and UFVS MANAGEMENT COMPANY, LLC and YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURY SECURITY, INC. | : : : : : : : : | NO. 00712  JURY TRIAL DEMANDED |
| Defendants | : | |

## ORDER

**AND NOW**, this _____ day of _____ 2017, upon consideration

of Plaintiff's Petition for Alternative Service, and the Response of Defendant, Alpha-Centurion

Security, Inc., in Opposition thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's

Petition is **DENIED as moot and Alpha-Centurion Security, Inc. is deemed served as of the**

**date of this Order**.

BY THE COURT:

_____
J.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:     27145
BY:    Robert W. Stanko, Esquire
Identification No.     208830
BY:    Melanie J. Foreman, Esquire
Identification No.:     317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

Attorneys for Defendant,
Alpha-Centurion Security, Inc. (incorrectly
named as Alpha-Centurion Security, Inc.
d/b/a Alpha Century Security, Inc.)

---

| | |
|---|---|
| M.B. minor by her Guardian,<br>WILLIAM A. CALANDRA, ESQUIRE | :   PHILADELPHIA COUNTY<br>:   COURT OF COMMON PLEAS<br>: |
| Plaintiff | :   MARCH TERM, 2017<br>: |
| v. | :<br>: |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT MOTOR INN, INC.<br>d/b/a ROOSEVELT MOTOR INN and<br>UFVS MANAGEMENT COMPANY, LLC<br>and YAGNA PATEL and ALPHA-<br>CENTURION SECURITY, INC. d/b/a ALPHA<br>CENTURY SECURITY, INC. | :   NO. 00712<br>:<br>:<br>:   <u>JURY TRIAL DEMANDED</u><br>:<br>: |
| Defendants | :<br>: |

---

#### RESPONSE OF DEFENDANT, ALPHA-CENTURION SECURITY, INC. (INCORRECTLY NAMED AS ALPHA-CENTURION SECURITY, INC. D/B/A ALPHA CENTURY SECURITY, INC.), IN OPPOSITION TO PLAINTIFF'S PETITION FOR ALTERNATIVE SERVICE

Pursuant to Pennsylvania Rule of Civil Procedure 430(a), Defendant, Alpha-Centurion

Security, Inc. (incorrectly named as Alpha-Centurion Security, Inc. d/b/a Alpha Century

Security, Inc.) ("Alpha-Centurion"), by and through its counsel, Marshall, Dennehey, Warner,

Coleman & Goggin, hereby objects to Plaintiff's Petition for Alternative Service, and, in support

thereof, avers as follows:

Case ID: 170300712
Control No.: 17120686

1.     On information and belief, admitted only that Plaintiff's Complaint alleges sex trafficking of minor-Plaintiff at the Roosevelt Inn at 7600 Roosevelt Boulevard, Philadelphia, PA 19152. Plaintiff's allegations are denied.

2.     Denied. After reasonable investigation, Alpha-Centurion is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

3.     Admitted in part and denied in part. Admitted only that Alpha-Centurion provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract. As to the remainder of the corresponding allegations, after reasonable investigation, Alpha-Centurion is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

4.     Denied. After reasonable investigation, Alpha-Centurion is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

5.     Denied. After reasonable investigation, Alpha-Centurion is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

6.     Denied. Joanna Small is the President of Alpha-Centurion Security, Inc. To the extent further answer is necessary, after reasonable investigation, Alpha-Centurion is without

Case ID: 170300712
Control No.: 17120686

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

7.      Denied.  After reasonable investigation, Alpha-Centurion is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

8.      Denied.  After reasonable investigation, Alpha-Centurion is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

9.      Denied.  Joanna Small is not the defendant here.  The defendant Alpha-Centurion is not evading service of process. On the contrary, prior to the filing of the instant motion, counsel for Alpha-Centurion agreed to accept service on behalf of Alpha-Centurion. Indeed, counsel for Alpha-Centurion advised Plaintiff's counsel by letter on December 4, 2017, that Alpha-Centurion had authorized counsel to accept service. *See* Letter to Plaintiff's Counsel Dated December 4, 2017 and Accompanying Electronic Mail Receipt, collectively attached hereto as Exhibit A.

10.      Denied. Plaintiff's allegations of prejudice are specifically denied. Prior to Plaintiff's filing of the instant motion, counsel for Alpha-Centurion agreed to accept service on behalf of Alpha-Centurion and thus Plaintiff is not prejudiced in any way.  It is defendant who has been prejudiced by being compelled to respond to this unnecessary motion.  *See* Exhibit A.

11.     Admitted only that Plaintiff seeks the relief as asserted.  Specifically denied that such relief is warranted or necessary, given the undersigned counsel's agreement to accept service on behalf of Alpha-Centurion. *See* Exhibit A.  Plaintiff is not acting in good faith in seeking alternative service and any claims of prejudice are disingenuous. *See, e.g. Century Sur. Co. v. Essington Auto Ctr., LLC*, 140 A.3d 46, 54 (Pa. Super. 2016) (reversing the trial court because Century Surety "did not engage in a good faith attempt to provide [opposing party] actual notice" when it knew that the opposing party was represented by counsel and nevertheless sought alternative service).

**WHEREFORE**, Defendant, Alpha-Centurion Security, Inc. (incorrectly named as Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc.), respectfully requests that this Honorable Court deny Plaintiff's Petition as moot.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.
(incorrectly named as Alpha-Centurion
Security, Inc. d/b/a Alpha Century Security)

Dated: 12/15/17

Case ID: 170300712
Control No.: 17120686

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Response of,

Defendant, Alpha-Centurion Security, Inc. (incorrectly named as Alpha-Centurion Security, Inc.

d/b/a Alpha Century Security, Inc.), in Opposition to Plaintiff's Petition for Alternative Service

was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
*Attorneys for minor-Plaintiff*

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Daniel E. Oberdick, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
*Attorneys for Roosevelt Inn LLC d/b/a*
*Roosevelt Inn and Roosevelt Inn Café,*
*Roosevelt Motor Inn, Inc. d/b/a Roosevelt*
*Motor Inn, UFVS Management Company,*
*LLC and Yagna Patel*

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.
(incorrectly named as Alpha-Centurion
Security, Inc. d/b/a Alpha Century Security)

Dated: ___12/15/17___

LEGAL/113908138.v1

Case ID: 170300712
Control No.: 17120686

# EXHIBIT "A"

Case ID: 170300712
Control No.: 17120686

**Kalin, Monica M.**

| | |
|---|---|
| **From:** | Kalin, Monica M. [MMKalin@MDWCG.com] |
| **Sent:** | Monday, December 04, 2017 11:48 AM |
| **To:** | Nadeem.Bezar@KlineSpecter.com |
| **Cc:** | Quinlan@BlankRome.com; Wagner, Thomas P.; Foreman, Melanie J. |
| **Subject:** | M.B., et al. v. Alpha-Centurion Security, Inc., et al. |
| **Attachments:** | MB - Letter to Bezar re request to accept service of complaint.pdf |

**MARSHALL DENNEHEY**
WARNER COLEMAN & GOGGIN
ATTORNEYS-AT-LAW
PA   NJ   DE   OH   FL   NY

**Monica M. Kalin**
*Administrative Assistant*
e-mail | website

2000 Market St.
Suite 2300
Philadelphia, PA 19103

Direct:   (215) 575-2875
Main:    (215) 575-2600
Fax:      (215) 575-0856

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to MMKalin@MDWCG.com , or by telephone at (215) 575-2875 and then delete the message and its attachments from your computer.

Case ID: 170300712
Control No.: 17120686

# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

**ATTORNEYS-AT-LAW     WWW.MARSHALLDENNEHEY.COM**

A   PROFESSIONAL   CORPORATION
2000 Market Street, Suite 2300, Philadelphia, PA 19103
(215) 575-2600  Fax (215) 575-0856

Direct Dial:  (215) 575-4562
Email:  tpwagner@mdwcg.com

| | |
|---|---|
| **PENNSYLVANIA** | **OHIO** |
| Allentown | Cincinnati |
| Doylestown | Cleveland |
| Erie | **FLORIDA** |
| Harrisburg | Ft. Lauderdale |
| King of Prussia | Jacksonville |
| Philadelphia | Orlando |
| Pittsburgh | Tampa |
| Scranton | |
| **NEW JERSEY** | **NEW YORK** |
| Mount Laurel | Long Island |
| Roseland | New York City |
| | Westchester |
| **DELAWARE** | |
| Wilmington | |

December 4, 2017

**VIA: E-MAIL - Nadeem.Bezar@KlineSpecter.com and U.S. MAIL**

Nadeem A. Bezar, Esquire
Kline & Specter, PC
1525 Locust Street, 19th Floor
Philadelphia, PA  19102

RE:   **M.B., et al. v. Alpha-Centurion Security, Inc., et al.**
      **PCCP; March Term, 2017; No. 00712**
      **Our File No.: 02983.00316**

Dear Mr. Bezar:

As previously discussed, we represent defendant, Alpha-Centurion Security, Inc., in the above-captioned case.  You requested that we accept service of the Complaint on behalf of our client.  As promised, I have discussed this with our client representatives, and I am pleased that advise that we are now authorized to accept service as you requested, subject to certain conditions described below.

In return for our agreement to accept service, we request a period of thirty (30) days in which to answer, plead or otherwise move.  This thirty days will begin on the day that service of process is delivered to our office.

In addition, this agreement to accept service of process shall not constitute a waiver of any defense other than service of process itself.  We also request from you, as previously discussed, copies of all written discovery that has been exchanged between and among the parties to date.

Assuming that these conditions are agreeable to you, please send your Service of Process to us and we will proceed accordingly.  Thank you.

Very truly yours,

Thomas P. Wagner

TPW/mmk

cc:   James J. Quinlan, Esquire (via: e-mail - Quinlan@BlankRome.com and U.S. Mail

Case ID: 170300712
Control No.: 17120686

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire
Identification No.    208830
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

Attorneys for Defendant,
Alpha-Centurion Security, Inc. (incorrectly
named as Alpha-Centurion Security, Inc.
d/b/a Alpha Century Security, Inc.)

PROTHONOTARY
Filed and Attested by the
Office of Judicial Records
15 DEC 2017 12:27 pm
G. EDWARDS
JUDICIAL DISTRICT OF PENN

---

| | |
|---|---|
| M.B. minor by her Guardian,<br>WILLIAM A. CALANDRA, ESQUIRE | : PHILADELPHIA COUNTY<br>: COURT OF COMMON PLEAS<br>: |
| v. | : MARCH TERM, 2017<br>: |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT MOTOR INN, INC.<br>d/b/a ROOSEVELT MOTOR INN and<br>UFVS MANAGEMENT COMPANY, LLC<br>and YAGNA PATEL and ALPHA-<br>CENTURION SECURITY, INC. d/b/a ALPHA<br>CENTURY SECURITY, INC. | :<br>:<br>: NO. 00712<br>:<br>:<br>:<br>: <u>JURY TRIAL DEMANDED</u> |

---

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter our appearance on behalf of Defendant, Alpha-Centurion Security, Inc.

(incorrectly named as Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc.), in the

above-captioned matter.

                    **MARSHALL DENNEHEY WARNER**
                    **COLEMAN & GOGGIN**

                    BY: _____
                         Thomas P. Wagner, Esquire
                         Robert W. Stanko, Esquire
                         Melanie J. Foreman, Esquire
                         Attorneys for Defendant,
                         Alpha-Centurion Security, Inc. (incorrectly
                         named as Alpha-Centurion Security, Inc.
                         d/b/a Alpha Century Security, Inc.)

Dated: __12/15/17__

Case ID: 170300712

M.B. minor by her Guardian,   : PHILADELPHIA COUNTY
WILLIAM A. CALANDRA, ESQUIRE : COURT OF COMMON PLEAS
           :
      Plaintiff  : MARCH TERM, 2017
           :
     v.       :
           :
ROOSEVELT INN LLC d/b/a ROOSEVELT : NO. 00712
INN and ROOSEVELT MOTOR INN, INC. :
d/b/a ROOSEVELT MOTOR INN and  :
UFVS MANAGEMENT COMPANY, LLC :
and YAGNA PATEL and ALPHA-   : JURY TRIAL DEMANDED
CENTURION SECURITY, INC. d/b/a ALPHA :
CENTURY SECURITY, INC.     :
           :
      Defendants :

## ORDER

**AND NOW**, this **21st day of December,** 2017, upon consideration of Plaintiff's Petition for Alternative Service, and the Response of Defendant, Alpha-Centurion Security, Inc., in Opposition thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Petition is **DENIED as moot and Alpha-Centurion Security, Inc. is deemed served as of the date of this Order.**

BY THE COURT:

Lisa M. Rau, J.

B. Etal Vs Roosevelt In-ORDER

17030071200049