# EXHIBIT 4

**Case Description**
Case ID:        170300712
Case Caption:   B. ETAL VS ROOSEVELT INN LLC ETAL
Filing Date:    Friday , March 10th, 2017
Location:       CH - City Hall
Case Type:      2O - PERSONAL INJURY - OTHER
Status:         CLDBR - DEFERRED - BANKRUPTCY

**Related Cases**

*No related cases were found.*

| 06-AUG-2018 03:30 PM | MTANS - ANSWER (MOTION/PETITION) FILED | OBERDICK JR., DANIEL E | 06-AUG-2018 03:31 PM |
|---|---|---|---|

**Documents:** Response to Motion for Extraordinary Relief.pdf
Exhibit A.pdf
Motion CoverSheet Form

**Docket Entry:** 74-18073174 ANSWER IN OPPOSITION OF MOT-FOR EXTRAORDINARY RELIEF FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 06-AUG-2018 04:43 PM | REPLM - MOTION/PETITION REPLY FILED | MARKS, EMILY B | 06-AUG-2018 04:44 PM |
|---|---|---|---|

**Documents:** Pltf Sur Reply to Motion for Extraordinary Relief.pdf
Motion CoverSheet Form

**Docket Entry:** 74-18073174 REPLY IN SUPPORT OF MOT-FOR EXTRAORDINARY RELIEF FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 08-AUG-2018 10:37 AM | CERTI - CERTIFICATION FILED | | 08-AUG-2018 10:45 AM |
|---|---|---|---|

**Documents:** CCLR 18-10394JF.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC. AND ROOSEVELT INN LLC) (FILED BY CENTER CITY LEGAL REPRODUCTIONS, INC.)

| 10-AUG-2018 01:06 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | ROBINS-NEW, SHELLEY | 10-AUG-2018 01:06 PM |
|---|---|---|---|

**Documents:** ORDER_83.pdf

**Docket Entry:** 74-18073174 AND NOW, THIS 10TH DAY OF AUGUST, 2018, UPON CONSIDERATION OF THE MOTION FOR EXTRA RELIEF, ANY RESPONSE THERETO, IT IS HEREBY ORDERED AND DECREED THAT SAID MOTION IS GRANTED, DISCOVERY, EXPERT AND MOTION DEADLINES ARE EXTENDED SIX MONTHS FROM THE CURRENT CASE MANAGEMENT ORDER. A NEW CASE MANGAEMENT ORDER SHALL BE ISSUED ON THE COMPLEX TRACK. BY THE COURT: HON. SHELLEY ROBINS NEW, 8-10-2018.

| 10-AUG-2018 | RVCMO - REVISED CASE MGMT | | 10-AUG-2018 |
| 01:15 PM | ORDER ISSUED | | 12:00 AM |

**Documents:** RVCMO_87.pdf

**Docket Entry:** REVISED CASE MANAGEMENT ORDER - Be advised that the Case Management Order issued for the above-captioned action has been revised as follows: All discovery shall be completed not later than 01-APR-2019. Plaintiff shall submit expert reports not later than 06-MAY-2019. Defendant shall submit expert reports not later than 03-JUN-2019. All pre-trial motions other than motions in limine shall be filed not later than 03-JUN-2019. A settlement conference will be scheduled any time after 01-JUL-2019. A pre-trial conference will be scheduled at any time after 03-SEP-2019. It is expected that this case shall be ready for trial by 07-OCT-2019. All other terms and conditions on the original Case Management Order will remain in full force and effect. ...BY THE COURT: SHELLEY ROBINS-NEW, J.

| 22-AUG-2018 | ORDER - ORDER ENTERED/236 | ROBINS-NEW, SHELLEY | 22-AUG-2018 |
| 12:31 PM | NOTICE GIVEN | | 12:31 PM |

**Documents:** ORDER_94.pdf

**Docket Entry:** 33-18073433 AND NOW, THIS 2OTH DAY OF AUGUST, 2018, IT IS HEREBY ORDERED AND DECREED THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, ANY RESPONSE THERETO, IS HEREBY GRANTED AND PLAINTIFF SHALL FILE AN AMENDED COMPLAINT CONSISTENT WITH THE PROPOSED SECOND AMENDED COMPLAINT, AS ATTACHED TO PLAINTIFF'S MOTION AS EXHIBIT "B" WITHIN TWENTY DAYS FROM THE DATE OF THIS ORDER. BY THE COURT: HON. SHELLEY ROBINS NEW, 8-20-2018.

| 22-AUG-2018 | CERTI - CERTIFICATION FILED | MARKS, EMILY B | 22-AUG-2018 |
| 04:17 PM | | | 04:18 PM |

**Documents:** Cert Prereq - 007.pdf
Cert Prereq - PPD.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 23-AUG-2018 | CERTI - CERTIFICATION FILED | OBERDICK JR., DANIEL | 23-AUG-2018 |
| 03:57 PM | | E | 03:58 PM |

**Documents:** Beason_cert prereq_REDACTED_8 22 18.pdf
Beason_cert prereq_Not Redacted_8 22 18.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 27-AUG-2018 | CMAMD - AMENDED COMPLAINT | BEZAR, NADEEM A | 27-AUG-2018 |
| 10:36 AM | FILED | | 10:48 AM |

**Documents:** Redacted Second Amended Complaint -.pdf
Unredacted Second Amended Complaint.pdf

**Docket Entry:** SECOND AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY(20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 05-SEP-2018<br>05:34 PM | CERTI - CERTIFICATION FILED | OBERDICK JR., DANIEL<br>E | 06-SEP-2018<br>09:02 AM |

**Documents:** [Davis_cert prereq_9 4 18.pdf](#)

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 05-SEP-2018<br>05:37 PM | CERTI - CERTIFICATION FILED | OBERDICK JR., DANIEL<br>E | 06-SEP-2018<br>09:02 AM |

**Documents:** [Lopez_cert prereq_9 4 18.pdf](#)

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 10-SEP-2018<br>03:18 PM | PROBJ - PRELIMINARY OBJECTIONS | OBERDICK JR., DANIEL<br>E | 10-SEP-2018<br>04:02 PM |

**Documents:** [Roosevelt Inn Preliminary Objections to Strike Scandalous and Impertinent Matter.PDF](#)<br>[Exhibit A - Second Amended Complaint.pdf](#)

**Docket Entry:** 93-18090993 PRELIMINARY OBJECTIONS TO TO PLAINTIFF'S SECOND AMENDED COMPLAINT FILED. RESPONSE DATE: 10/01/2018 (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 24-SEP-2018<br>03:52 PM | CERTI - CERTIFICATION FILED | MARKS, EMILY B | 24-SEP-2018<br>03:58 PM |

**Documents:** [Cert Prereq Phila DAs Office.pdf](#)

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 28-SEP-2018<br>12:37 PM | ANPRO - ANSWER TO PRELIMINARY OBJCTNS | BEZAR, NADEEM A | 28-SEP-2018<br>01:57 PM |

**Documents:** [Pltfs Response to Pos Redacted.pdf](#)<br>[Plaintiffs Response to POs unredacted.pdf](#)<br>[Pltfs Response to Pos Redacted.pdf](#)

**Docket Entry:** 93-18090993 ANSWER IN OPPOSITION OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 28-SEP-2018<br>04:12 PM | ANCOM - ANSWER TO COMPLAINT FILED | WAGNER, THOMAS P | 28-SEP-2018<br>04:45 PM |

**Documents:** [M.B. - Answer of Defendant Alpha Centurion Security Inc. to Plaintiff Second Complaint with New Matter and New Matter Cross Claim (118664061_1).PDF](#)

| | | | |
|---|---|---|---|
| **Docket Entry:** | ANSWER WITH NEW MATTER AND CROSSCLAIM TO PLAINTIFF'S SECOND AMENDED COMPLAINT FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.) | | |

| | | | |
|---|---|---|---|
| 05-OCT-2018 01:14 PM | REPPO - REPLY-PRELIM. OBJECT. FILED | OBERDICK JR., DANIEL E | 09-OCT-2018 09:36 AM |

**Documents:** Deft Roosevelt Inn Reply ISO POs to Strike Matter in Plts Second Amended Complaint.pdf

| | |
|---|---|
| **Docket Entry:** | 93-18090993 REPLY IN SUPPORT OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC) |

| | | | |
|---|---|---|---|
| 09-OCT-2018 11:18 AM | PRSBV - PRAECIPE-ATTACH VERIFICATION | WAGNER, THOMAS P | 09-OCT-2018 02:59 PM |

**Documents:** M.B. - Praecipe to Attach Verification (118827977_1).pdf
SIGNED VERIFICATION JOANNA SMALL (118818540_1).PDF

| | |
|---|---|
| **Docket Entry:** | PRAECIPE TO SUBSTITUTE/ATTACH VERIFICATION TO DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.) |

| | | | |
|---|---|---|---|
| 09-OCT-2018 12:35 PM | RPNMT - REPLY TO NEW MATTER | NOCHO, KYLE B | 10-OCT-2018 09:36 AM |

**Documents:** (52) Pltf Reply to New Matter of Def Alpha.pdf

| | |
|---|---|
| **Docket Entry:** | REPLY TO NEW MATTER OF ALPHA-CENTURION SECURITY, INC. FILED. (FILED ON BEHALF OF M. B.) |

| | | | |
|---|---|---|---|
| 09-OCT-2018 03:17 PM | RPCCL - REPLY TO CROSSCLAIM | OBERDICK JR., DANIEL E | 10-OCT-2018 09:36 AM |

**Documents:** Roosevelt - Answer to Alpha Centurion Crossclaims (2nd Amend Comp 10.9.18).pdf

| | |
|---|---|
| **Docket Entry:** | REPLY TO CROSSCLAIM OF ALPHA-CENTURION SECURITY, INC. FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC) |

| | | | |
|---|---|---|---|
| 10-OCT-2018 11:12 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MASSIAH-JACKSON, FREDERICA | 10-OCT-2018 11:12 AM |

**Documents:** ORDER_111.pdf
ORDER_111_001.pdf

| | |
|---|---|
| **Docket Entry:** | 93-18090993 AND NOW, THIS 10TH DAY OF OCTOBER, 2018, UPON CONSIDERATION OF PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS, ROOSEVELT INN, LLC, D/B/A ROOSEVELT, INN AND ROOSEVELT INN CAFE', ROOSEVELT MOTOR, INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANGEMENT COMPANY, LLC AND YAGNA PATE'S (COLLECTIVELY "ROOSEVELT INN DEFENDANTS" OR "MOVING DEFENDANTS") PRELIMINARY OBJECTIONS, ANY RESPONSE THERETO, IT IS HEREBY ORDERED AND DECREED THAT MOVING |

DEFENDANTS' PRELIMINARY OBJECTIONS ARE OVERRULED. MOVING DEFENDANTS SHALL FILE AN ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITHIN TWENTY DAYS FROM THE DATE OF THIS ORDER. BY THE COURT: HON. F. MASSIAH-JACKSON, 10-10-2018.

| 10-OCT-2018<br>04:18 PM | CERTI - CERTIFICATION FILED | OBERDICK JR., DANIEL<br>E | 10-OCT-2018<br>04:32 PM |

**Documents:** Lopez_cert prereq_10 4 18.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 17-OCT-2018<br>04:49 PM | CERTI - CERTIFICATION FILED | MARKS, EMILY B | 17-OCT-2018<br>04:51 PM |

**Documents:** Cert Prereq to BTPD re Lamont Young.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF M. B.)

| 18-OCT-2018<br>02:47 PM | CMPJC - JOINDER COMPLAINT FILED | OBERDICK JR., DANIEL<br>E | 18-OCT-2018<br>03:03 PM |

**Documents:** Roosevelt - Joinder Complaint.pdf<br>Roosevelt - Ex. A to Joinder Complaint.pdf

**Docket Entry:** JOINDER COMPLAINT AGAINST ABDUL LOPEZ AND DAIQUAN DAVIS WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 23-OCT-2018<br>03:50 PM | DSCIM - DISCOVERY MOTION FILED | MARLIER, NOAH | 24-OCT-2018<br>08:46 AM |

**Documents:** Motion for Protective Order (00860959xC305A).pdf

**Docket Entry:** DISCOVERY HEARING REQUEST FILED IN RE: MOTION FOR PROTECTIVE ORDER. HEARING SCHEDULED FOR: NOVEMBER 06, 2018 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF BENSALEM TOWNSHIP POLICE DEPARTMENT)

| 25-OCT-2018<br>01:56 PM | DSCIM - DISCOVERY MOTION FILED | MARLIER, NOAH | 26-OCT-2018<br>07:44 AM |

**Documents:** Motion for Protective Order - March Term 2017, No. 00712 (00863015xC305A).pdf

**Docket Entry:** DISCOVERY HEARING REQUEST FILED IN RE: MOTION FOR PROTECTIVE ORDER. HEARING SCHEDULED FOR: NOVEMBER 06, 2018 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF BENSALEM TOWNSHIP POLICE DEPARTMENT)

| 29-OCT-2018 04:57 PM | CERTI - CERTIFICATION FILED | MARKS, EMILY B | 30-OCT-2018 10:47 AM |
|---|---|---|---|

**Documents:** [Cert Prereq - multiple deponents.pdf](#)

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF M. B.)

| 30-OCT-2018 03:39 PM | ANCOM - ANSWER TO COMPLAINT FILED | OBERDICK JR., DANIEL E | 31-OCT-2018 10:45 AM |
|---|---|---|---|

**Documents:** [Roosevelt - Answer to 2nd Amend Comp.pdf](#)

**Docket Entry:** ANSWER WITH NEW MATTER AND CROSSCLAIM TO PLAINTIFF'S SECOND AMENDED COMPLAINT FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 06-NOV-2018 04:48 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | OBERDICK JR., DANIEL E | 08-NOV-2018 10:59 AM |
|---|---|---|---|

**Documents:** [Affidavit of Service of Joinder Complaint on Daiquan Davis.pdf](#)

**Docket Entry:** AFFIDAVIT OF SERVICE OF JOINDER COMPLAINT UPON DAIQUAN DAVIS BY CERTIFIED MAIL,FIRST CLASS REGULAR MAIL ON 10/22/2018 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 06-NOV-2018 04:52 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | OBERDICK JR., DANIEL E | 08-NOV-2018 11:07 AM |
|---|---|---|---|

**Documents:** [Affidavit of Service of Joinder Complaint on Abdul Lopez.pdf](#)

**Docket Entry:** AFFIDAVIT OF SERVICE OF JOINDER COMPLAINT UPON ABDUL LOPEZ BY CERTIFIED MAIL,FIRST CLASS REGULAR MAIL ON 10/28/2018 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 07-NOV-2018 07:56 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | BUTCHART, ANN | 07-NOV-2018 12:00 AM |
|---|---|---|---|

**Documents:** [ORDER_120.pdf](#)

**Docket Entry:** IT IS HEREBY ORDERED THAT THE TOWNSHIP POLICE DEPARTMENT IS REQUIRED TO TURN OVER THE DISCOVERY SOUGHT IN DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS OR THINGS FOR DISCOVERY PURSUANT TO RULE 4009.22-SPECIFICALLY FOR: "ANY AND ALL RECORDS, IN UNREDACTED FORM, PERTAINING ABDUL LOPEZ(A/K/A DUDU WHO RESIDED AT OR WAS ASSOCIATED WITH AN ADDRESS ON MARLOWE STREET, PHILADELPHIA, PA)INCLUDING BUT NOT LIMITED TO RECORDS INVOLVING PROSTITUTION, SOLICITATION, HUMAN TRAFFICKING AND/OR ANY OTHER CRIMINAL ACTIVITY, FROM 2012 TO THE PRESENT, INCLUDING ANY AND ALL RELATED ARREST REPORTS, INCIDENTS REPORTS, REPORTS OF TELEPHONE CALLS, PHONE RECORDS, WITNESS STATEMENTS, HANDWRITTEN NOTES, TYPED REPORTS, AFFIDAVITS OF PROBABLE CAUSE, INFORMATION FILED, RELATED CRIMINAL RECORDS,

RECORDED INTERVIEWS, TRANSCRIBED STATEMENTS, DEPOSITIONS AND/OR OTHER SWORN TESTIMONY, TRIAL TRANSCRIPTS, PHOTOGRAPHS, DISCOVERY EXCHANGED, AND ANY OTHER DOCUMENTS IN YOUR FILE RELATING TO ABDUL LOPEZ."...........BY THE COURT: BUTCHART, J. 11/06/2018.

| 07-NOV-2018<br>11:45 AM | ORDER - ORDER ENTERED/236<br>NOTICE GIVEN | BUTCHART, ANN | 07-NOV-2018<br>12:00 AM |
|---|---|---|---|

**Documents:** ORDER_121.pdf

**Docket Entry:** AND NOW, THIS 6TH DAY OF NOVEMBER, 2018 UPON CONSIDERATION OF BENSALEM TOWNSHIP'S MOTION FOR PROTECTIVE ORDER, AND ANY RESPONSE THERETO, IT IS HEREBY ORDERED THAT THE TOWNSHIP POLICE DEPARTMENT IS REQUIRED TO TURN OVER THE DISCOVERY SOUGHT IN PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS OR THINGS FOR DISCOVERY PURSUANT TO RULE 4009.22... SEE ATTACHED ORDER FOR FURTHER TERMS.. BY THE COURT: BUTCHART,J. 11/7/18

| 07-NOV-2018<br>12:05 PM | CERTI - CERTIFICATION FILED | BEZAR, NADEEM A | 07-NOV-2018<br>01:20 PM |
|---|---|---|---|

**Documents:** Cert Prereq-Cricket Wireless.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 07-NOV-2018<br>12:07 PM | CERTI - CERTIFICATION FILED | BEZAR, NADEEM A | 07-NOV-2018<br>01:20 PM |
|---|---|---|---|

**Documents:** Cert Prereq-All Counsel for DD and Abdul.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 13-NOV-2018<br>06:04 PM | CERTI - CERTIFICATION FILED | OBERDICK JR., DANIEL E | 14-NOV-2018<br>08:46 AM |
|---|---|---|---|

**Documents:** Certificate PreReq Packet 11 12 2018.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

**CONTROL NUMBER:**

18073174

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

### FOR COURT USE ONLY

| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |
|---|---|

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response. Status may be obtained online at http://courts.phila.gov*

B. ETAL VS ROOSEVELT INN LLC ETAL

_____March_____ Term, 2017
*Month* *Year*
No. _____00712_____

Name of Filing Party:

M. B.-PMNR
WILLIAM A. CALANDRA-PGRD

---

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*  ☐ Motion
☐ Answer to Petition  ☐ Response to Motion

Has another petition/motion been decided in this case?  ☐ Yes ☐ No
Is another petition/motion pending?  ☐ Yes ☐ No

*If the answer to either question is yes, you must identify the judge(s):*

---

| TYPE OF PETITION/MOTION (see list on reverse side) | PETITION/MOTION CODE (see list on reverse side) |
|---|---|
| MOTION/PETITION REPLY FILED | REPLM |

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):
MTEXR - MOT FOR EXTRAORDINARY RELIEF

---

### I. CASE PROGRAM

DAY FORWARD/MAJOR JURY PROGRAM

Court Type: <u>JUDGE SHELLEY ROBINS-NEW</u>
Applicable Petition/Motion Deadline: <u>N/A</u>
Has deadline been previously extended by the Court: <u>N/A</u>

### II. PARTIES *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

NADEEM A BEZAR
  KLINE & SPECTER, P.C. 1525 LOCUST
  STREET , PHILADELPHIA PA 19102
JUSTINA L BYERS
  ONE LOGAN SQUARE , PHILADELPHIA PA
  19103
THOMAS P WAGNER
  MARSHALL DENNEHEY WARNER COLEMAN &
  GOGGIN 2000 MARKET STREET, 23RD FLOOR
  , PHILADELPHIA PA 19103

---

### III. OTHER

---

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

| _____ | August 6, 2018 | EMILY B. MARKS | _____ |
|---|---|---|---|
| *(Attorney Signature/Unrepresented Party)* | *(Date)* | *(Print Name)* | *(Attorney I.D. No.)* |

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| William A. Calandra, Esquire | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| v. | : | |
| | : | NO. 00712 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| Defendant | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| Additional Defendant | : | |

## PLAINTIFF'S SUR REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTRAORDINARY RELIEF

Plaintiff consents to a 120 day extension of the discovery deadline per the agreement of all parties. On July 25, 2018 Plaintiff filed a Motion for Extraordinary Relief seeking a 180 day extension of the standard track case management deadlines in this complicated matter involving human sex trafficking. Counsel for Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café; Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn; UFVS Management Company, LLC; and Yagna Patel (hereinafter Roosevelt Defendants) informed Plaintiff's counsel that Defendants opposed a 180 day extension but would agree to a 120 day extension. In a good faith effort to resolve this issue, Plaintiff agreed to reduce the time requested to 120

Case ID: 170300712
Control No.: 18073174

days. Plaintiff is agreeable to the proposed case management order submitted by the Roosevelt

Defendants also attached hereto as Exhibit "A".

KLINE & SPECTER, P.C.

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

Case ID: 170300712
Control No.: 18073174

# EXHIBIT A

Case ID: 170300712
Control No.: 18073174

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | : | JURY TRIAL DEMANDED |

## PROPOSED ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of the Roosevelt Defendants' Response to Minor-Plaintiff's Motion for Extraordinary Relief and Minor-Plaintiff's modified requested relief of a 120 day extension of all case management deadlines, it is hereby **ORDERED AND DECREED** that Minor-Plaintiff's Motion is **GRANTED in part**. It is further **ORDERED** that the discovery, expert, and motion deadlines are extended consistent with the following revised case management deadlines:

| | |
|---|---|
| DISCOVERY DEADLINE: | 2/1/19 |
| PLAINTIFF EXPERT DEADLINE: | 3/1/19 |
| DEFENDANT EXPERT DEADLINE: | 4/1/19 |
| MOTION DEADLINE: | 4/1/19 |
| SETTLEMENT CONFERENCE: | 4/1/19 |
| PRETRIAL CONFERENCE: | 5/1/19 |
| TRIAL READY DATE: | 6/1/19 |

BY THE COURT:

_____

J.

Case ID: 170300712
Control No.: 18073174

## VERIFICATION

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for the Plaintiffs in this matter and hereby verify that the statements made in the foregoing Plaintiff's Sur Reply to Defendants' Response to Plaintiff's Motion for Extraordinary Relief, is true and correct to the best of my knowledge, information and belief.

The undersigned that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
EMILY B. MARKS, ESQUIRE

Case ID: 170300712
Control No.: 18073174

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Sur Reply to Defendants' Response to Plaintiff's Motion For Extraordinary Relief was filed with the Court on August 6, 2018 and served by electronic filing upon counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Defendant Alpha-Centurion Security, Inc.*

By: _____
EMILY B. MARKS, ESQUIRE
Attorney for Minor-Plaintiff

Case ID: 170300712
Control No.: 18073174

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

**CONTROL NUMBER:**

18073174

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

### FOR COURT USE ONLY

| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |
|---|---|

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

B. ETAL VS ROOSEVELT INN LLC ETAL

March                    Term, 2017
*Month*                        *Year*
No.          00712

Name of Filing Party:
ROOSEVELT INN LLC-DFT
ROOSEVELT MOTOR INN, INC.-DFT
UFVS MANAGEMENT COMPANY LLC-DFT

**INDICATE NATURE OF DOCUMENT FILED:**
- ☐ Petition *(Attach Rule to Show Cause)*   ☐ Motion
- ☒ Answer to Petition   ☐ Response to Motion

**Has another petition/motion been decided in this case?** ☐ Yes ☐ No
**Is another petition/motion pending?** ☐ Yes ☐ No

*If the answer to either question is yes, you must identify the judge(s):*

| TYPE OF PETITION/MOTION (see list on reverse side) | PETITION/MOTION CODE (see list on reverse side) |
|---|---|
| ANSWER (MOTION/PETITION) FILED | MTANS |

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):
MTEXR - MOT-FOR EXTRAORDINARY RELIEF

| I. CASE PROGRAM | II. PARTIES *(required for proof of service)* |
|---|---|
| DAY FORWARD/MAJOR JURY PROGRAM | (Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.) |
| Court Type: <u>JUDGE SHELLEY ROBINS-NEW</u> | NADEEM A BEZAR |
| Applicable Petition/Motion Deadline: <u>N/A</u> | KLINE & SPECTER, P.C. 1525 LOCUST STREET , PHILADELPHIA PA 19102 |
| Has deadline been previously extended by the Court: <u>N/A</u> | JUSTINA L BYERS |
| | ONE LOGAN SQUARE , PHILADELPHIA PA 19103 |
| | THOMAS P WAGNER |
| | MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN 2000 MARKET STREET, 23RD FLOOR , PHILADELPHIA PA 19103 |

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____  August 6, 2018   DANIEL E. OBERDICK   _____
*(Attorney Signature/Unrepresented Party)*          *(Date)*          *(Print Name)*          *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

YAGNA PATEL-DFT

| In the Court of Common Pleas of Philadelphia County<br>**RESPONSE TO MOTION FOR EXTRAORDINARY RELIEF** | *(Check One Program)* |
|---|---|
| | ☐ Commerce ☐ Mass Tort |
| | ☑ Day Forward/MajorJury ☐ Non-Jury |
| | ☐ Arbitration |

CONTROL NUMBER

| CAPTION<br>M.B., a minor by her Guardian, William A. Calandra, Esquire<br><br>vs.<br><br>Roosevelt Inn, LLC, et. al. | COURT TERM AND NUMBER<br># March term, 2017 No. 00712<br><br>NAME OF RESPONDING PARTY AND COUNSEL<br>Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel<br><br>Grant S. Palmer, Esquire<br>James J. Quinlan, Esquire<br>Justina L. Byers, Esquire<br>Daniel E. Oberdick, Esquire<br>BLANK ROME LLP<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, PA 19103-6998 |
|---|---|
| NAME OF PLAINTIFF AND COUNSEL<br>M.B., a minor by her Guardian, William A. Calandra, Esquire<br>Thomas R. Kline, Esquire<br>Nadeem A. Bezar, Esquire<br>Emily B. Marks, Esquire<br>Kyle B. Nocho, Esquire<br>Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102 | NAME OF DEFENDANT AND COUNSEL<br>Alpha-Centurion Security, Inc.<br>Thomas R. Kline, Esquire<br>Robert W. Stanko, Esquire<br>Melanie J. Foreman, Esquire<br>Marshall Dennehey Warner Coleman & Goggin<br>2000 Market Street, Suite 2300 |

SET FORTH YOUR POSITION CONCERNING THE MOVING PARTY'S REQUESTED RELIEF (ATTACH PROPOSED ORDER)

See Exhibit "A" attached.

A COPY OF THE RESPONSE WAS SENT OR WILL BE SENT TO THE FOLLOWING PARTIES AND/OR COUNSEL ON THE DATES SET FORTH BELOW

See attached certificate of service.

I certify the above to be true and correct.

Respectfully submitted,

Date: 8/6/18

## Daniel E. Oberdick, Jr.
*Attorney for Plaintiff/Defendant*

Case ID: 170300712
Control No.: 18073174

FILED
06 AUG 2018 03:30 pm
Civil Administration
E. HAURIN

# EXHIBIT A

Case ID: 170300712
Control No.: 18073174

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com
      doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, | :    COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | :    PHILADELPHIA COUNTY |
| | :    CIVIL TRIAL DIVISION |
| Plaintiff, | : |
| | :    MARCH TERM, 2017 |
| v. | :    NO.: 00712 |
| | : |
| ROOSEVELT INN LLC | :    JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |
| ROOSEVELT INN CAFÉ, et al., | : |
| | : |

## RESPONSE TO MINOR-PLAINTIFF M.B.'S
## MOTION FOR EXTRAORDINARY RELIEF

     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by and through their undersigned attorneys,

respectfully file this Response to Minor-Plaintiff M.B.'s ("Plaintiff") Motion for Extraordinary

Relief ("MER"), which seeks a 6 month extension of all deadlines.

Case ID: 170300712
Control No.: 18073174

Since the filling of this Motion, Counsel for the Roosevelt Defendants along with Counsel for Defendant Alpha-Centurion Security, Inc. have conferred with Plaintiff's Counsel and relayed that the Defendants oppose a six month extension of discovery as unwarranted and unnecessary given the remaining time left under the current Case Management Order and the significant amount of discovery that has already been completed by the parties through the collective diligent efforts of counsel. However, Counsel for the Defendants do recognize some additional time for discovery may be necessary and informed Plaintiff's Counsel that if Plaintiff's Motion for Extraordinary Relief to extend the deadlines sought only 120 days of additional time to current case management deadlines, Defendants would consent to Plaintiff's MER.

**In response thereto, Plaintiff's Counsel agreed to reduce the relief sought in Plaintiff's Motion for Extraordinary Relief to 120 days and further agreed to contemporaneously notify the Court of its amended request for a 120 day extension of case management deadlines in lieu of the previously requested 6 month extension. The undersigned has the permission of all counsel to relay the above and that all parties consent to an extension of all case management deadlines by 120 days.** Therefore, the Roosevelt Defendants respectfully request that the Court deny, in part, Plaintiff's Motion for Extraordinary Relief and enter the attached proposed Order extending the case management deadlines by 120 days.

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Daniel E. Oberdick*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309676)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103

2

Dated: August 6, 2018                    (215) 569-5500

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 18073174

| | : | |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |
| | : | |

## PROPOSED ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of the Roosevelt Defendants' Response to Minor-Plaintiff's Motion for Extraordinary Relief and Minor-Plaintiff's modified requested relief of a 120 day extension of all case management deadlines, it is hereby **ORDERED AND DECREED** that Minor-Plaintiff's Motion is **GRANTED in part**. It is further **ORDERED** that the discovery, expert, and motion deadlines are extended consistent with the following revised case management deadlines:

| | |
|---|---|
| DISCOVERY DEADLINE: | 2/1/19 |
| PLAINTIFF EXPERT DEADLINE: | 3/1/19 |
| DEFENDANT EXPERT DEADLINE: | 4/1/19 |
| MOTION DEADLINE: | 4/1/19 |
| SETTLEMENT CONFERENCE: | 4/1/19 |
| PRETRIAL CONFERENCE: | 5/1/19 |
| TRIAL READY DATE: | 6/1/19 |

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 18073174

**CERTIFICATE OF SERVICE**

       I, Daniel E. Oberdick, Esquire, hereby certify that, on this 6th day of August 2018, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Response to Minor-Plaintiff's Motion for Extraordinary Relief to be served via the Court's electronic filing system and/or electronic mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

*/s/ Daniel E. Oberdick*
DANIEL E. OBERDICK

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that requires filing confidential information and documents differently than non-confidential information and documents.

PROTHONOTARY

Filed and Attested by the
Office of Judicial Records
08 AUG 2018 10:37 am
O. MICHAEL

JUDICIAL DISTRICT OF PENN

Submitted by:      MARSHALL, DENNEHEY, WARNER, COLEMAN, GOGGIN

Signature:      *ROBERT STANKO,*

                 *ESQUIRE /S*

Attorney:      ROBERT STANKO, ESQUIRE

Attorney No. (if applicable): _____

Case ID: 170300712

# CERTIFICATE
# PREREQUISITE TO SERVICE OF A SUBPOENA
# PURSUANT TO RULE 4009.22

| | |
|---|---|
| **In the Matter of:** | **Court of Common Pleas** |
| M.B., A MINOR BY HER GUARDIAN, WILLIAM A. CALANDRA, ESQUIRE | Philadelphia County |
| | March Term, 2017 |
| **- VS -** | No.    00712 |
| ROOSEVELT INN, LLC, ALPHA-CENTURION SECURITY, INC., ET AL. | |

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22

## CCLR on behalf of ROBERT STANKO, ESQUIRE

Defendant certifies that

(1) A notice of intent to serve the subpoena(s) with a copy of the subpoena(s) attached thereto was/were mailed or delivered to each party at least twenty days prior to the date on which the subpoena(s) is/are sought to be served.

(2) A copy of the notice of intent, including the proposed subpoena(s), is attached to the certificate.

(3) No objection to the subpoena(s) has been received.

(4) The subpoena(s) which will be served is/are identical to the subpoena(s) which is/are attached to the notice of intent to serve the subpoena(s).

DATE:  8/7/2018

## ROBERT STANKO, ESQUIRE

Counsel for Defendant

Case ID: 170300712



# Center City Legal Reproductions, Inc.
## 1315 Walnut Street, Suite 601, Philadelphia, PA 19107
## (215)732-1177 Fax: See Signature Below
### Online Services    www.cclrinc.com

July 18, 2018

M.B., A MINOR BY HER GUARDIAN,
WILLIAM A. CALANDRA, ESQUIRE

    **vs.**

ROOSEVELT INN, LLC, ALPHA-
CENTURION SECURITY, INC., ET AL.

IN THE COURT OF COMMON PLEAS
PHILADELPHIA County

March Term, 2017

No. 00712

---

**Notice of Intent to Serve a Subpoena to Produce Documents and Things for Discovery Pursuant To Rule 4009.21**

NADEEM A. BEZAR, ESQUIRE
KLINE & SPECTER, P.C.
1525 LOCUST STREET
19TH FLOOR
PHILADELPHIA, PA 19102

CCLR, on behalf of ROBERT STANKO, ESQUIRE, Counsel for the Defendant in the above case, intends to serve a subpoena(s) for production and copying of records.

Please take notice that you have until 8/7/2018 in which to file an objection to any or all of the subpoena(s). If the waiting period is waived or if no objection is made then subpoena(s) will be served.

A copy of this letter will be sent to each provider along with the subpoena as satisfactory assurance that you have been placed on notice and afforded an opportunity to object to the subpoena(s).

Please find enclosed copy (copies) of subpoena(s) to be served on the custodian of records and also a Request for Copies form to be filled out and returned if copies are requested.

Should you have any questions please do not hesitate to contact me.

Sincerely,

*Jackie Fennal*

Jackie Fennal
CCLR Representative
Phone: (215)790-5712
Fax No.: (215)825-7290
Email: jfennal@cclrinc.com



# Center City Legal Reproductions, Inc.
**1315 Walnut Street, Suite 601, Philadelphia, PA 19107**
**(215)732-1177 Fax: See Signature Below**
Online Services     www.cclrinc.com

M.B., A MINOR BY HER GUARDIAN,
WILLIAM A. CALANDRA, ESQUIRE

   **vs.**

ROOSEVELT INN, LLC, ALPHA-
CENTURION SECURITY, INC., ET AL.

July 18, 2018

IN THE COURT OF COMMON PLEAS
PHILADELPHIA County

March Term, 2017

No. 00712

---

**Notice of Intent to Serve a Subpoena to Produce Documents and Things for Discovery Pursuant To Rule 4009.21**

DANIEL OBERDICK, ESQUIRE
BLANK ROME LLP
ONE LOGAN SQUARE - 3RD FLOOR
18TH AND CHERRY STREETS
PHILADELPHIA, PA 19103

CCLR, on behalf of ROBERT STANKO, ESQUIRE, Counsel for the Defendant in the above case, intends to serve a subpoena(s) for production and copying of records.

Please take notice that you have until 8/7/2018 in which to file an objection to any or all of the subpoena(s). If the waiting period is waived or if no objection is made then subpoena(s) will be served.

A copy of this letter will be sent to each provider along with the subpoena as satisfactory assurance that you have been placed on notice and afforded an opportunity to object to the subpoena(s).

Please find enclosed copy (copies) of subpoena(s) to be served on the custodian of records and also a Request for Copies form to be filled out and returned if copies are requested.

Should you have any questions please do not hesitate to contact me.

Sincerely,

*Jackie Fennal*

Jackie Fennal
CCLR Representative
Phone: (215)790-5712
Fax No.: (215)825-7290
Email: jfennal@cclrinc.com

Case ID: 170300712

**COMMONWEALTH OF PENNSYLVANIA**

**COUNTY OF PHILADELPHIA**

M.B., A MINOR BY HER GUARDIAN, WILLIAM A. CALANDRA, ESQUIRE

**Court of Common Pleas**

VS    *Plaintiff*

ROOSEVELT INN, LLC, ALPHA-CENTURION SECURITY, INC., ET AL.

*Defendant*

March Term, 2017

No. 00712

**Subpoena to Produce Documents or Things**
**for Discovery Pursuant to Rule 4009.22**

**To :** TURNING POINTS FOR CHILDREN
      RECORDS DEPARTMENT

*(Name of Person or Entity)*

      Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

ANY AND ALL RECORDS/THINGS CONCERNING M.B., A MINOR, INCLUDING REFERRALS, PLACEMENT RECORDS, ACADEMIC RECORDS, TEACHER ASSESSMENTS, ELECTRONIC CASE MANAGEMENT DOCUMENTS, PSYCHIATRIC, COUNSELING, MEDICAL RECORDS, CASE EVALS, COURT DOCUMENTS, CUA DOCUMENTS, PHOTOGRAPHS, CORRESPONDENCE. **CERTIFICATION PAGE MUST BE SIGNED AND DATED.
At: Center City Legal Reproductions, Inc.

      You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed below. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

      If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

DATE: August 7, 2018

| | |
|---|---|
| **Name:** | ROBERT STANKO, ESQUIRE |
| **Address:** | Center City Legal Reproductions, Inc. |
| | 1315 Walnut Street |
| | Suite 601 |
| | Philadelphia, PA  19107 |
| **Telephone:** | (215)732-1177 |
| **Supreme Court ID#:** | |
| **Attorney for:** | DEFENDANT |

**SEAL**

**BY THE COURT:**
**Eric Feder**
**Director, Office of Judicial Records**

18-10394JF/R
ID: 570874           PRO _____

Case ID: 170300712

| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
|---|---|---|
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW,** this 10 day of Aug , 2018, upon consideration of Minor-Plaintiff's

Motion for Extraordinary Relief, it is hereby **ORDERED** and **DECREED** that the Motion is

**GRANTED.** It is further ORDERED that the discovery, expert and motion deadlines are extended
~~consistent with the following revised case management deadlines:~~

*for 6 months from the current case
management order. A new case management
order shall issue on the complex track.*

DISCOVERY DEADLINE: 4/1/19

PLAINTIFF EXPERT DEADLINE: 5/1/19

DEFENDANT EXPERT DEADLINE: 6/1/19

MOTION DEADLINE: 6/1/19

SETTLEMENT CONFERENCE: 6/1/19

PRETRIAL CONFERENCE: 7/1/19

TRIAL READY DATE: 8/1/19

**BY THE COURT:**

_Shelley Robins New_
J.

B. Etal Vs Roosevelt In-ORDER

17030071200083

Case ID: 170300712

Control No.: 18073174

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  G. SANDERSON  08/13/2018



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| **B. ETAL** | **March Term 2017** |
| **VS** | **No. 00712** |
| **ROOSEVELT INN LLC ETAL** | |

### *REVISED CASE MANAGEMENT ORDER*

Be advised that the Case Management Order issued for the above-captioned action has been revised as follows:

1. All discovery shall be completed not later than 01-APR-2019.

2. Plaintiff shall submit expert reports not later than 06-MAY-2019.

3. Defendant shall submit expert reports not later than 03-JUN-2019.

4. All pre-trial motions other than motions in limine shall be filed not later than 03-JUN-2019.

5. A settlement conference will be scheduled any time after 01-JUL-2019.

6. A pre-trial conference will be scheduled at any time after 03-SEP-2019.

7. It is expected that this case shall be ready for trial by 07-OCT-2019.

All other terms and conditions on the original Case Management Order will remain in full force and effect.

*BY THE COURT:*

_____

**SHELLEY ROBINS-NEW, J.**
**TEAM LEADER**

10-AUG-2018

FJB27282(REV. 5/21/18)

B. Etal Vs Roosevelt In-RVCMO



17030071200087

**FILED**
27 JUL 2018 12:17 pm
Civil Administration
E. MASCUILLI

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| William A. Calandra, Esquire | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| v. | : | |
| | : | NO. 00712 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| Defendant | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| Additional Defendant | : | |

## ORDER

AND NOW, this ___20___ day of ___Auly___, 2018, upon consideration of

Plaintiff's Motion for Leave to File a Second Amended Complaint, and any response thereto, it

is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.

It is further **ORDERED** that Plaintiff may file an Amended Complaint consistent with

the proposed Second Amended Complaint, as attached to Plaintiff's Motion as Exhibit "B". within

ten (10) days from the date of this Order.

**BY THE COURT:**

_____ J.

B. Etal Vs Roosevelt In-ORDER



17030071200094

Case ID: 170300712
Control No.: 18073433

**KLINE & SPECTER, P.C.**                          *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405


*Filed and Attested by the
Office of Judicial Records
22 AUG 2018 04:17 pm
K. EDWARDS*

1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | JURY TRIAL DEMANDED |
| | : | |

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
## PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**


BY:    ***/s/Emily B. Marks***
          _____
          EMILY B. MARKS, ESQUIRE
Date: 8/22/18          Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

*/s/Emily B. Marks*

Date: 8/22/18
_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | JURY TRIAL DEMANDED |
| | : | |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE
## DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT
## TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have

twenty (20) days from the date listed below in which to file of record and serve upon the

undersigned any objection to the Subpoenas.  If no objection is made, the Subpoena may be

served.

- **The Philadelphia Police Department**

**KLINE & SPECTER, P.C.**

BY:   _____
        EMILY B. MARKS, ESQUIRE
        Attorney for Plaintiff

Date: ___8/1/18___

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Date: ___8/1/18___

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No. _____ 00712 _____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Philadelphia Police Department_ _____
*(Name of Person or Entity)*

     Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

*See Addendum

at: _1525 Locust Street   Philadelphia  19102_ _____
*(Address)*

     You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

     If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name: Emily B. Marks, Esquire

Date: August 01, 2018      Address:    Kline & Specter, P.C.
                                          1525 Locust Street

**Subp.#13224417R-1**

Telephone:     215 772-0524

Supreme Court ID#: 204405

Attorney for:    Plaintiff

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Philadelphia Police Department – 2nd District**
**2831 Levick Street**
**Philadelphia, PA 19149**

**Philadelphia Police – Northeast Detective Division**
**2831 Levick Street**
**Philadelphia, PA 19149**

      **RE: <u>DC# 14-02018292</u>**

      The ***complete*** video surveillance of the shootout that occurred at the Roosevelt Inn

located at 7600 Roosevelt Boulevard, Philadelphia, PA 19152, on March 31, 2014 (an

incomplete video can be found on YouTube).



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL     :    Court of Common Pleas
                                                :
                                                :                 March    Term,   17
                                                  :
                                                :    No.     00712

TO:   Philadelphia Police Department
                     *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                              *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be produced pursuant to the subpoena issued on _____ have
                                                  *(Date of Subpoena)*
been produced.

Date: _____

                               _____
                                  *(Signature of Person Served with Subpoena)*

Case ID: 170300712

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*


Filed and Attested by the
Office of Judicial Records
22 AUG 2018 04:17 pm
K. EDWARDS

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | JURY TRIAL DEMANDED |
| | : | |

### CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1)  a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2)  a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3)  no objection to the subpoenas has been received, and

(4)  the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY:   */s/Emily B. Marks*
       _____
       EMILY B. MARKS, ESQUIRE
Date: 8/22/18       Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

*/s/Emily B. Marks*

Date: 8/22/18 _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

**KLINE & SPECTER, P.C.**
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | JURY TRIAL DEMANDED |
| | : | |

### NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned any objection to the Subpoenas. If no objection is made, the Subpoena may be served.

- Security Tech Specialist 007

**KLINE & SPECTER, P.C.**

BY: _____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Date: _7/25/18_

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Date: 7/25/18

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

March Term, 17

No. 00712

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: Security Tech Specialist 007
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

**SEE ADDENDUM

at: 1525 Locust Street   Philadelphia PA 19102
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: July 24, 2018

Name:    Emily B. Marks, Esquire
Address:    Kline & Specter, P.C.
            1525 Locust Street

Telephone:    215 772-0524
Supreme Court ID#: 204405
Attorney for:    Plaintiff

Subp.#132161103-1

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Security Tech Specialist 007 – STS 007 LLC**
**P.O. Box 554**
**Feasterville Trevose, PA 19053**
**Attn: Records Department**


      Any and all records referencing the Roosevelt Inn including but not limited to contracts,

service agreement, emails, invoices and all DVRs or other recording devices that were in use

between the years 2013 through 2016 at the Roosevelt Inn located at 7630 Roosevelt Boulevard,

Philadelphia, PA 19152 and any data, recordings and/or any other information that was stored on

the DVRs or recording devices at the Roosevelt Inn located at 7630 Roosevelt Boulevard,

Philadelphia, PA 19152.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL : Court of Common Pleas
:
: _____ March _____ Term, __17__
:
: No. _____00712_____

TO: _Security Tech Specialist 007_____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                     *(Date of Subpoena)*

Date: _____        _____
                                   *(Signature of Person Served with Subpoena)*

Case ID: 170300712

# COMMONWEALTH OF PENNSYLVANIA
## COUNTY OF PHILADELPHIA



Filed and Attested by the
Office of Judicial Records
23 AUG 2018 03:57 pm
E. HAURIN

M.B., minor by her Guardian William A Calandra, Esquire

Court of Common Pleas

vs.

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe, et al.

Case Number: 170300712

## CERTIFICATE PREREQUISITE TO THE SERVICE OF A SUBPOENA
## PURSUANT TO RULE 4009.22

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, Litigation Solutions, LLC ('LSLLC') on behalf of Daniel Oberdick certifies that:

(1) A notice of intent to serve the subpoena with a copy of the subpoena attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoena is sought to be served;

(2) A copy of the notice of intent, including the proposed subpoena, is attached to this certificate;

(3) No objection to the subpoena has been received, and;

(4) The subpoena which will be served is identical to the subpoena which is attached to the notice of intent to serve the subpoena.

Date: 08/22/2018

Litigation Solutions, LLC on behalf of

Daniel Oberdick

Attorney for the Defendant

CC:
Daniel Oberdick
Blank Rome LLP
130 North 18th St.
One Logan Square
Philadelphia, PA 19103
215-569-5500

Case ID: 170300712

# CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.


Submitted by: <u>Daniel Oberdick                </u>

Signature:

Name: <u>Litigation Solutions,LLC                </u>

Attorney No. (if applicable): <u>                  </u>

PENNSYLVANIA COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

| | |
|---|---|
| M.B., minor by her Guardian William A Calandra, Esquire | Court of Common Pleas |
| vs. | |
| Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe, et al. | 170300712 |

**NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21**

| Provider: | Record Type: |
|---|---|
| Alexa Shebault, MD | All available |

TO: Nadeem Bezar, Esquire

note: please see enclosed list of all other interested counsel

Litigation Solutions, LLC ('LSLLC') on behalf of Daniel Oberdick intends to serve a subpoena identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If the twenty day notice period is waived or if no objection is made, then the subpoena may be served.

Date of Issue: 07/30/2018
CC: Daniel Oberdick of Blank Rome LLP - Court of Common Pleas

Litigation Solutions, LLC on behalf of:
Daniel Oberdick
Defense

If you have any questions regarding this matter, please contact:
Litigation Solutions, LLC (412.263.5656)
Brentwood Towne Centre
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227

**COUNSEL LISTING FOR M.B., MINOR BY HER GUARDIAN WILLIAM A CALANDRA, ESQUIRE VS. ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFE, ET AL.**

**County of Philadelphia Court of Common Pleas**

| Counsel | Firm | Counsel Type |
|---|---|---|
| Bezar, Esquire, Nadeem | 1525 Locust Street<br>Philadelphia, PA 19102<br>P: 215-772-1000 F: 215-772-1005 | Opposing Counsel |
| Wagner, Thomas P. | 2000 Market Street Suite 2300<br>Philadelphia, PA 19103<br>P: 215-575-2600 F: 215 575-0856 | Other |



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

March ____Term, _17___

No.____00712_____ _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Alexa Shebault, MD_____ _____

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions

at: _101 Towne Square Way Suite 251   Pittsburgh PA 15227_____

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: July 30, 2018



Name:     Daniel Oberdick, Esquire

Address:     130 North 18th Street
One Logan Square
Philadelphia, PA 19103

Telephone:     215 569-5500

Supreme Court ID#:

Attorney for:

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Alexa Shebault, MD
3401 N Broad Street
Philadelphia PA 19140
Attention: Records Department

Subject: REDACTED

**Requested Items:**
Please remit any and all documents for the past 10 years including but not limited to treatment records, medical records, x-rays, notes and correspondence.

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Filed and Attested by the*
*Office of Judicial Records*
*27 AUG 2018 10:36 am*
*E. HAURIN*

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA  19102 | : | CIVIL TRIAL DIVISION |
|       Plaintiff, | : | MARCH TERM, 2017 |
| | : | NO.: 00712 |
|     V. | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| | : | |
|     and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|     and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
|     and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|     and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA  19073 | : | |

Defendants                    :

_____

## **NOTICE TO DEFEND**

| NOTICE | AVISO |
|---|---|

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA  19107**
**(215) 238-6333**
**TTY(215) 451-6197**

AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted._

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA  19107**
**Telefono:  (215) 238-6333**
**TTY(215) 451-6197**

Case ID: 170300712

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.:00712 |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |

Case ID: 170300712

# PLAINTIFF'S SECOND AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally.  It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.      Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center.  Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3.      In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

## THE PARTIES

4.      Plaintiff, M.B., was born on September 3, 1999 and is one of the thousands of victims of human trafficking in the United States.  In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.  Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5.      Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she

was fourteen (14) years old. See also Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6.      Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.      Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.      Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York.  At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.      Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152.  Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.      Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.      Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn

Case ID: 170300712

located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12.     Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

13.     Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn and assumed responsibility for ensuring the safety and well-being of individuals lawfully on the premises, including Plaintiff, M.B.

14.     Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County.  Venue is also proper in this case because Pennsylvania's human trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to bring suit in the county in which the victim resides.  Plaintiff M.B. resides in Philadelphia County.  Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

15.     At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency,

Case ID: 170300712

master-servant, respondent superior and/or right of control.

16. At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

17. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

18. At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

19. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

20. At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

21. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor

Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

22.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

23.     At all material times hereto, Defendants Roosevelt, Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

24.     At all material times hereto, Defendant Alpha-Centurion Security, Inc. knowingly provided its security and related services at the Roosevelt Inn, while having knowledge of the commercial sex acts occurring on the premises of the Roosevelt Inn.

## OPERATIVE FACTS

25.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3011, et. seq. it is a felony to recruit, entice, solicit, harbor, or transport a minor which results in the minor being subjected to sexual servitude.

26.     Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees. Hotels and motels are a convenient place for customers to purchase sex to avoid detection. Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

27.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn.  From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

28.     While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

29.     Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

30.     Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

31.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3051, a person or entity can be civilly liable for knowingly marketing or providing its goods or services to a sex trafficker.

32.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

Case ID: 170300712

33.     Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

34.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

35.     By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and well-being of individuals lawfully present at the Roosevelt Inn, including Plaintiff.

36.     It is believed and therefore averred that all of the responsibilities as aforesaid were well within the scope of the contractual responsibilities promised and undertaken by Defendant Alpha-Centurion Security, Inc. as part of its agreement to provide security services on the premises of the Roosevelt Inn.

37.     Defendant Alpha-Centurion Security, assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

38.     Having undertaken responsibilities as aforesaid, Defendant Alpha-Centurion Security owed a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

39.     Defendant Alpha-Centurion Security, Inc. provided security services, while traffickers used the rooms at the Roosevelt Inn to engage in commercial sex acts with Plaintiff when she was a minor.

40.   Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff for commercial sex acts.

41.   Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that rooms and services were being rented or otherwise provided to individuals trafficking Plaintiff for commercial sex acts, while Alpha-Centurion Security, Inc. had a duty to protect individuals lawfully present at the Roosevelt Inn, like Plaintiff.

42.   Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

43.   Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

44.   Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

45.   The advertisements included a fake name for Plaintiff and a phone number to call.

46.   During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

47.   The "John" who negotiated to have sex for cash with Plaintiff would then speak to

the front desk clerk at the Roosevelt Inn.

48.     An individual named "Abdul" would hold himself out as the clerk, staff member or employee at the Roosevelt Inn.  The complete name of "Abdul" is known to Defendants.

49.     "Abdul" would then direct the individual to the floor and room where Plaintiff and her traffickers were staying.

50.     "Abdul" was fully aware that Plaintiff who was a minor and other underage children were compelled to perform sex for money at the Roosevelt Inn.

51.     Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

52.     The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

53.     Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

54.     Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

55.     Housekeepers and front desk staff including "Abdul" at the Roosevelt Inn had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

56.     Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

57.     Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

58.     Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.

59.     Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

60.     Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

61.     Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

62.     Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

63.     Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

64.     Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

65.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

66.     On at least one occasion, Yagna Patel came to the room occupied by the Plaintiff and was handed money by one of her traffickers.

67.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

68.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or

Case ID: 170300712

otherwise stop the human sex trafficking of the Plaintiff.

69.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

70.     Plaintiff, as a guest at the Roosevelt Inn, was a business invitee of Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel.

71.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, owed a duty to Plaintiff, as motel guest, to exercise reasonable care to protect against criminal conduct.

72.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to persons who were trafficking Plaintiff.

73.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

74.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff, as a business invitee, from

Case ID: 170300712

criminal conduct.

75.     Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.  Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired or contracted to ensure the safety and well-being of individuals on the motel's premises, the motel's guests, the motel's employees and the motel's property.

76.     By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and well-being of individuals on the premises of the Roosevelt Inn, including Plaintiff.

77.     Defendant Alpha-Centurion Security, Inc. assumed responsibility for protecting individuals present at the Roosevelt Inn, including Plaintiff, from foreseeable harm including commercial sex exploitation and human sex trafficking.

78.     Having undertaken aforesaid responsibilities and contractual obligations, Defendant Alpha Centurion owed a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

79.     Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn, while having knowledge of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

80.     By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish,

humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

81. By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

82. By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

83. By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop the practice.

84. By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

85. By having knowledge of human sex trafficking at the Roosevelt Inn and

negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

86.     The averments of Paragraphs 1 through 85 are incorporated herein by reference.

87.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil liability for people or entities who knowingly market or provide their goods and services to sex traffickers.

88.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, did knowingly rent rooms to individuals sex trafficking Plaintiff as minor, which resulted in her being sex trafficked and sexually exploited.

89.     By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

90.     By knowingly renting rooms to individuals sex trafficking the Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC,

Case ID: 170300712

and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop sex trafficking on the premises of the Roosevelt Inn.

91.     By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II - NEGLIGENCE

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

92.     The averments of Paragraphs 1 through 91 are incorporated herein by reference.

93.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons on the premises of the Roosevelt Inn.

94.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent

Case ID: 170300712

agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

95.     Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

96.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.  Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

97.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the

Case ID: 170300712

Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

98. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity detected on video surveillance;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises;

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to§§ 302, 318, 321, 323, 324A, and 344; and

y. Failing to exercise care, caution and diligence required under the circumstances.

99.    By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

100.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

101.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn.

102.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

## M.B. v. ALPHA-CENTURION SECURITY, INC.

103. The averments of paragraphs 1 through 102 are incorporated herein by reference.

104. Having undertaken responsibilities as aforesaid and the provision of security services at the Roosevelt Inn, Defendant Alpha-Centurion Security, Inc. owed a duty to protect the safety and well-being of individuals lawfully present at the motel, the motel's guests, the motel's employees, and the motel's property.

105. Defendant Alpha-Centurion Security, Inc. failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff, although Defendant Alpha-Centurion Security, Inc. had knowledge of criminal activity, commercial sex activity and human trafficking occurring at the Roosevelt Inn.

106. Defendant Alpha-Centurion Security, Inc., by and through its agents, ostensible agents, officers, servants, and/or employees, was negligent by:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f.   Failing to prevent entry of unauthorized individuals onto the premises;

g.   Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h.   Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i.   Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n.   Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o.   Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.   Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q.   Failing to respond and react to suspicious activity detected on video surveillance;

r.   Failing to maintain surveillance equipment in proper working order;

s.   Failing to test or properly test surveillance equipment to ensure it was in working order;

t.   Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

107. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

108. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn including harm to Plaintiff.

109. Each of the herein-described tortuous or otherwise culpable acts or omissions by Defendant Alpha-Centurion Security, Inc. increased the likelihood that Plaintiff would suffer the injuries set forth in this Complaint.

110. Defendant Alpha-Centurion Security, Inc.'s negligence increased the risk of harm to Plaintiff and was a substantial factor in causing and continuing the harm and damages suffered by Plaintiff.

111. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of

Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

112.    The averments of paragraphs 1 through 111 are incorporated herein by reference.

113.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

114.    Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ALPHA-CENTURION SECURITY, INC.

115.    The averments of paragraphs 1 through 114 are incorporated herein by reference.

116.    Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, negligently committed the acts averred in this

Case ID: 170300712

Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

117. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

118. The averments of paragraphs 1 through 117 are incorporated herein by reference.

119. By knowingly renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

120. Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

121.   The averments of paragraphs 1 through 120 are incorporated herein by reference.

122.   By failing to report, intervene, disrupt or otherwise stop the trafficking of Plaintiff M.B., Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

123.   By having knowledge of commercial sex activity and failing to intervene, Defendant Alpha-Centurion Security, Inc. intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

124.   Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

BY: */s/ Nadeem A. Bezar*
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

## **VERIFICATION**

I, M███ B███, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Second Amended Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.



M███ B███

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Second Amended Complaint was filed with the Court on August 27, 2018 and served by electronic filing upon counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Defendant Alpha-Centurion Security, Inc.*

By:     */s/ Nadeem A. Bezar*
            THOMAS R. KLINE, ESQUIRE
            NADEEM A. BEZAR, ESQUIRE
            EMILY B. MARKS, ESQUIRE
            Attorney for Minor-Plaintiffs

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

M.B., a minor by her Guardian, William A. Calandra,
Esquire                                          Court of Common Pleas

vs.

Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,        Case Number: March Term, 2017 No. 170300712
UFVS Management Co, LLC, and Yagna Patel

*Filed and Attested by the*
*Office of Judicial Records*
*25 SEP 2018 03:37 pm*
*C. FORTE*

**CERTIFICATE PREREQUISITE TO THE SERVICE OF A SUBPOENA**
**PURSUANT TO RULE 4009.22**

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, Litigation
Solutions, LLC ('LSLLC') on behalf of Justina Byers, Esquire certifies that:

(1) A notice of intent to serve the subpoena with a copy of the subpoena attached thereto was mailed or
delivered to each party at least twenty days prior to the date on which the subpoena is sought to be served;

(2) A copy of the notice of intent, including the proposed subpoena, is attached to this certificate;

(3) No objection to the subpoena has been received, and;

(4) The subpoena which will be served is identical to the subpoena which is attached to the notice of intent to
serve the subpoena.


Date: 09/04/2018                                 Litigation Solutions, LLC on behalf of

                                                 Justina Byers, Esquire

                                                 Attorney for the Defendant


CC:
Justina Byers, Esquire
Blank Rome LLP
130 North 18th St.
One Logan Square
Philadelphia, PA 19103
215-569-5500


Case ID: 170300712

# CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Justina Byers, Esquire</u>

Signature: *Litigation Solutions, LLC*

Name: <u>Litigation Solutions,LLC</u>

Attorney No. (if applicable): <u>76773</u>

Case ID: 170300712

# PENNSYLVANIA COURT OF COMMON PLEAS

## COUNTY OF PHILADELPHIA

| | |
|---|---|
| M.B., a minor by her Guardian, William A. Calandra, Esquire<br>vs.<br>Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Co, LLC, and Yagna Patel | Court of Common Pleas<br><br>March Term, 2017, No. 0712 |

### NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

| Provider: | Record Type: |
|---|---|
| Noah Gorson | Miscellaneous |

TO: Nadeem Bezar, Esquire

note: please see enclosed list of all other interested counsel

Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers, Esquire intends to serve a subpoena identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If the twenty day notice period is waived or if no objection is made, then the subpoena may be served.

Date of Issue: 08/10/2018

CC: Justina Byers, Esquire of Blank Rome LLP - Court of Common Pleas

Litigation Solutions, LLC on behalf of:

Justina Byers, Esquire
Defense

If you have any questions regarding this matter, please contact:
Litigation Solutions, LLC (412.263.5656)
Brentwood Towne Centre
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227

Case ID: 170300712

**COUNSEL LISTING FOR M.B., A MINOR BY HER GUARDIAN, WILLIAM A. CALANDRA, ESQUIRE VS. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT CO, LLC, AND YAGNA PATEL**

**County of Philadelphia Court of Common Pleas**

| Counsel | Firm | Counsel Type |
|---|---|---|
| Bezar, Esquire, Nadeem | 1525 Locust Street<br>Philadelphia, PA 19102<br>P: 215-772-1000 F: 215-772-1005 | Opposing Counsel |
| Stanko, Esquire, Robert | 2000 Market Street Suite 2300<br>Philadelphia, PA 19103<br>P: 215-575-2600 F: 215-575-0856 | Other |



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No._____00712_____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Noah Gorson_____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: August 10, 2018

Name: Justina Byers, Esquire

Address: 130 North 18th Street
One Logan Square
Philadelphia, PA 19103

Telephone: 215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#132338637-28

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Noah Gorson
1845 Walnut Street Suite 1300
Philadelphia PA 19103
Attention: Records Department


Subject: Lopez, Abdul


**Requested Items:**
PLEASE RUSH!! With the exception of any document protected by the attorney-client privilege and the attorney work-product doctrine, please produce any and all documents related to Abdul Lopez, including your entire file related to the criminal defense and sentencing of Abdul Lopez in the matter of the United States of America v. Abdul Lopez, Case No. 2:16-cr-00394-BMS-1.

Case ID: 170300712

## COMMONWEALTH OF PENNSYLVANIA
## COUNTY OF PHILADELPHIA



M.B., a minor by her Guardian, William A. Calandra,
Esquire

Court of Common Pleas

vs.

Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,
UFVS Management Co, LLC, and Yagna Patel

Case Number: March Term, 2017, No. 0712

### CERTIFICATE PREREQUISITE TO THE SERVICE OF A SUBPOENA
### PURSUANT TO RULE 4009.22

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers, Esquire certifies that:

(1) A notice of intent to serve the subpoena with a copy of the subpoena attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoena is sought to be served;

(2) A copy of the notice of intent, including the proposed subpoena, is attached to this certificate;

(3) No objection to the subpoena has been received, and;

(4) The subpoena which will be served is identical to the subpoena which is attached to the notice of intent to serve the subpoena.

Date: 09/04/2018

Litigation Solutions, LLC on behalf of

Justina Byers, Esquire

Attorney for the Defendant

CC:
Justina Byers, Esquire
Blank Rome LLP
130 North 18th St.
One Logan Square
Philadelphia, PA 19103
215-569-5500

Case ID: 170300712

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Justina Byers, Esquire

Signature:

Name: Litigation Solutions,LLC

Attorney No. (if applicable): 76773

# PENNSYLVANIA COURT OF COMMON PLEAS

## COUNTY OF PHILADELPHIA

M.B., a minor by her Guardian, William A. Calandra, Esquire
vs.
Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS
Management Co, LLC, and Yagna Patel

Court of Common Pleas

March Term, 2017, No. 0712

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

| Provider: | Record Type: |
|---|---|
| Susan Lin | Miscellaneous |

TO: Nadeem Bezar, Esquire

note: please see enclosed list of all other interested counsel

Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers, Esquire intends to serve a subpoena identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If the twenty day notice period is waived or if no objection is made, then the subpoena may be served.

Date of Issue: 08/10/2018
CC: Justina Byers, Esquire of Blank Rome LLP - Court of Common Pleas

Litigation Solutions, LLC on behalf of:
Justina Byers, Esquire
Defense

If you have any questions regarding this matter, please contact:
Litigation Solutions, LLC (412.263.5656)
Brentwood Towne Centre
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227

**COUNSEL LISTING FOR M.B., A MINOR BY HER GUARDIAN, WILLIAM A. CALANDRA, ESQUIRE VS. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT CO, LLC, AND YAGNA PATEL**

**County of Philadelphia Court of Common Pleas**

| Counsel | Firm | Counsel Type |
|---|---|---|
| Bezar, Esquire, Nadeem | 1525 Locust Street<br>Philadelphia, PA 19102<br>P: 215-772-1000 F: 215-772-1005 | Opposing Counsel |
| Stanko, Esquire, Robert | 2000 Market Street Suite 2300<br>Philadelphia, PA 19103<br>P: 215-575-2600 F: 215-575-0856 | Other |



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No._____00712_____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Susan M Lin_____

*(Name of Person or Entity)*

    Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions

at: _101 Towne Square Way Suite 251 Pittsburgh PA 15227_____

*(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:    Justina Byers, Esquire

Date: August 10, 2018

Address:    130 North 18th Street
One Logan Square
Philadelphia, PA 19103

Telephone:    215 569-5500

Supreme Court ID#:

Attorney for:

Subp.#132338637-27

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

Rider to Subpoena

Explanation of Required Documents and Things

**TO: CUSTODIAN OF RECORDS FOR:**

Susan Lin
The Cast Iron Building 718 Arch Street, Suite 501 S
Philadelphia PA 19016
Attention: Records Department


Subject: Davis, Daiquan


**Requested Items:**
PLEASE RUSH!!! With the exception of any document protected by the attorney-client privilege and the attorney work-product doctrine, please produce any and all documents related to Daiquan Davis, including your entire file related to the criminal defense and sentencing of Daiquan Davis in the matter of the United States of America v. Daiquan Davis, Case No. 2:15-cr-00327-JD-1.

Case ID: 170300712

M.B., minor by her Guardian,
William A. Calandra, Esquire,

             Plaintiff,

        v.

ROOSEVELT INN LLC
d/b/a ROOSEVELT INN and
ROOSEVELT INN CAFÉ, et al.,

           :
           :
           :
           :
           :
           :
           :
           :
           :
           :
           :

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CIVIL TRIAL DIVISION

MARCH TERM, 2017
NO.: 00712

JURY TRIAL DEMANDED

Filed and Attested by the
Office of Judicial Records
10 SEP 2018 03:18 pm
M. RUSSO

## ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of Defendants

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a

Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Preliminary

Objection in the Nature of a Motion to Strike and any opposition thereto, it is hereby

**ORDERED AND DECREED** that said Preliminary Objection is **SUSTAINED;** and it is

**FURTHER ORDERED** that Paragraphs 27, 28 and 29 are **STRICKEN** from Plaintiff's Second

Amended Complaint.

**BY THE COURT:**

_____
                                 J.

Case ID: 170300712
Control No.: 18090993

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Philadelphia, PA 19103-6998
Fax: (215) 569-5555
Tel.: (215) 569-5500
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com
doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

*You are hereby notified to file a written response*
*to Defendants Roosevelt Inn LLC d/b/a Roosevelt*
*Inn and Roosevelt Inn Café, Roosevelt Motor Inn,*
*Inc., d/b/a Roosevelt Motor Inn, UFVS*
*Management Company, LLC and Yagna Patel's*
*Preliminary Objection to Plaintiff's Second*
*Amended Complaint within twenty (20) days of*
*service hereof or a judgment may be entered*
*against you.*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | |
| v. | MARCH TERM, 2017 NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | JURY TRIAL DEMANDED |

### DEFENDANTS ROOSEVELT INN LLC, ET AL.'S PRELIMINARY OBJECTION TO STRIKE SCANDALOUS AND IMPERTINENT MATTER IN PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(the "Roosevelt Defendants"), by their undersigned counsel, hereby file the instant Preliminary

Case ID: 170300712
Control No.: 18090993

Objection in the Nature of a Motion to Strike Paragraphs 27, 28 and 29 from Plaintiff M.B.'s ("Plaintiff") Second Amended Complaint.

1.       Plaintiff commenced this civil action on March 10, 2017 alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against Defendants.

2.       On August 27, 2018, Plaintiff filed a Second Amended Complaint revising many of her allegations. *See* Plaintiff's Second Amended Complaint attached as Exhibit "A."

3.       Plaintiff's Second Amended Complaint contains new allegations in Paragraphs 27, 28 and 29 that reference police investigations regarding criminal activity by unrelated third persons including theft, drug offenses, disorderly conduct and other conduct that allegedly took place at the Roosevelt Inn over a period of six years from 2012 to 2017. *Id*. at ¶¶ 27-29.

4.       These paragraphs reference documents, investigations and alleged criminal activity that are completely separate and distinct from the instant civil dispute between the parties.

5.       Plaintiff has no good reason to mention such inflammatory information except to prejudice this Court and the jury against the Roosevelt Defendants and their agents, which is wholly improper and unfair to the Roosevelt Defendants.

6.       References to police records and investigations concerning alleged criminal activity by others not in dispute before this Court are unfairly prejudicial, and the Roosevelt Defendants respectfully request that the Court strike Paragraphs 27, 28 and 29 from Plaintiff's Second Amended Complaint, and disregard those allegations moving forward, as scandalous and impertinent.

150213.00601/112035455v.1

Case ID: 170300712
Control No.: 18090993

7. Pennsylvania Rule of Civil Procedure 1028 permits a party to file preliminary objections when a pleading includes scandalous or impertinent matter. *See* Pa.R.Civ.P. 1028(a)(2).

8. Preliminary objections are properly granted when the pleadings are legally insufficient for one or more of the reasons enumerated in Pa.R.Civ.P. 1028(a). *See Baker v. Cambridge Chase, Inc.*, 725 A.2d 757, 764 (Pa. Super. 1999).

9. Plaintiff's inclusion of Paragraphs 27, 28 and 29 in her Second Amended Complaint is both scandalous and impertinent.

10. Statements in a pleading are scandalous and impertinent if they are "immaterial and inappropriate to the proof of the cause of action" at issue. *Com., Dept. of Environmental Resources v. Peggs Run Coal Co.*, 423 A.2d 765, 769 (Pa. Commw. Ct. 1980).

11. While Plaintiff alleges that she was trafficked during 2014, Paragraphs 27, 28 and 29 of her Second Amended Complaint reference police investigations of activity by third parties from "January 2012 through December, 2017 . . . including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting." *See id.* at ¶ 27.

12. These alleged acts by unknown third parties at separate times are unrelated to Plaintiff's allegations of human trafficking.

13. Any reference to investigations of alleged third party acts is immaterial and inappropriate to the instant dispute at issue in this matter.

14. Plaintiff's allegations reference criminal activity and police investigations that are not even remotely related to Plaintiff's human trafficking claim.

3

Case ID: 170300712
Control No.: 18090993

15. Plaintiff's reference to the police records, police investigations and alleged criminal activity of third parties is irrelevant, highly prejudicial, and entirely inadmissible.

16. Even if this Court found that the police investigations and records of separate activity were relevant—which they are not—their probative value is greatly outweighed by the danger of unfair prejudice. Thus, any references thereto are inadmissible. *See* Pa. R.E. 403; s*ee also Com. v. Shealey*, 471 A.2d 459, 461 (Pa. Super. Ct. 1984) (finding criminal acts inadmissible where the acts involved an unrelated victim and the possible probative value was far outweighed by prejudicial effect).

17. Pennsylvania courts have long recognized the general inadmissibility of other criminal acts evidence where there is no logical connection between that criminal activity and the underlying acts at issue in the case at bar. *See Com. v. Hicks*, 638 Pa. 444, 464 (Pa. 2017).

18. Accordingly, Paragraphs 27, 28 and 29 should be stricken from Plaintiff's Second Amended Complaint.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel respectfully request that this Honorable Court sustain their Preliminary Objection in the Nature of a Motion to Strike and strike Paragraphs 27, 28 and 29 of Plaintiff's Second Amended Complaint.

4

Case ID: 170300712
Control No.: 18090993

Respectfully Submitted,

**BLANK ROME LLP**

*/s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: September 10, 2018                 (215) 569-5500

5

Case ID: 170300712
Control No.: 18090993

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com
        doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | |
| | MARCH TERM, 2017 |
| v. | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | JURY TRIAL DEMANDED |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR PRELIMINARY OBJECTION TO STRIKE SCANDALOUS AND IMPERTINENT MATTER IN PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

("Defendants"), by their undersigned counsel, hereby submit this Memorandum of Law in

Case ID: 170300712
Control No.: 18090993

Support of their Preliminary Objection in the nature of a Motion to Strike Paragraphs from Plaintiff's Second Amended Complaint. ("Motion").

## I.     MATTER BEFORE THE COURT

The matter before the Court is the Roosevelt Defendants' Preliminary Objection in the nature of a Motion to Strike Paragraphs 27, 28 and 29 from Plaintiff's Second Amended Complaint.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this civil action on March 10, 2017 alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against Defendants. On August 27, 2018, Plaintiff filed a Second Amended Complaint ("Complaint") revising many of her allegations. See Plaintiff's Second Amended Complaint attached as Exhibit "A." Plaintiff's Second Amended Complaint included new allegations in Paragraphs 27, 28 and 29 that reference police investigations of alleged criminal activity by third parties at the Roosevelt Inn over a period of six years from 2012 to 2017. *Id.* at ¶¶ 27-29. These documents, investigations and alleged criminal activity have absolutely no relation to the instant civil dispute between the parties. These new allegations in Plaintiff's Second Amended Complaint reference time periods when Plaintiff admits she was not being trafficked at the Roosevelt Inn and have no relation to Plaintiff or her alleged trafficking experience.

Plaintiff's reference to police records and investigations concerning unrelated criminal activity not in dispute before this Court are unfairly prejudicial to the Roosevelt Defendants, and the Roosevelt Defendants respectfully request that the Court strike Paragraphs 27, 28 and 29 from Plaintiff's Second Amended Complaint, and disregard those allegations moving forward, as scandalous and impertinent.

2

Case ID: 170300712
Control No.: 18090993

## III.   QUESTION INVOLVED

Should this Honorable Court strike Paragraphs 27, 28 and 29 of Plaintiff's Second Amended Complaint where the allegations contained in those paragraphs are irrelevant, scandalous, impertinent and highly prejudicial?

Suggested answer: Yes

## IV.   ARGUMENT

Pennsylvania Rule of Civil Procedure 1028 permits a party to file preliminary objections when a pleading includes scandalous or impertinent matter. *See* Pa.R.Civ.P. 1028(a)(2). Preliminary objections are properly granted when the pleadings are legally insufficient for one or more of the reasons enumerated in Pa.R.Civ.P. 1028(a). *See Baker v. Cambridge Chase, Inc.*, 725 A.2d 757, 764 (Pa. Super. 1999).   Thus, the Roosevelt Defendants file the instant Preliminary Objection in the nature of a Motion to Strike the scandalous and impertinent matter that Plaintiff included in her Second Amended Complaint.

Plaintiff's inclusion of Paragraphs 27, 28 and 29 in her Second Amended Complaint is both scandalous and impertinent.   Statements in a pleading are scandalous and impertinent if they are "immaterial and inappropriate to the proof of the cause of action" at issue. *Com., Dept. of Environmental Resources v. Peggs Run Coal Co.*, 423 A.2d 765, 769 (Pa. Commw. Ct. 1980). While Plaintiff alleges that she was only trafficked during 2014, Paragraphs 27, 28 and 29 of her Second Amended Complaint reference a wide range of criminal activity by third parties that allegedly took place at the Roosevelt Inn from "January 2012 through December, 2017 . . . including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting." *See* Exhibit "A" at ¶ 27.   The criminal activities, police investigations and police records referenced in these paragraphs are completely unrelated to this case and Plaintiff's allegations of human trafficking.   Any reference

3

Case ID: 170300712
Control No.: 18090993

to the criminal activities, police investigations and police records of third parties is thus immaterial and inappropriate to the instant dispute at issue in this matter. Accordingly, Paragraphs 27, 28 and 29 should be stricken from Plaintiff's Second Amended Complaint.

Any reference to the police records, police investigations and criminal activity is irrelevant, highly prejudicial, and entirely inadmissible. Even if this Court found that the police records, police investigations and criminal activity were relevant—which they are not—their probative value is greatly outweighed by the danger of unfair prejudice. Thus, any references thereto are inadmissible. *See* Pa. R.E. 403; s*ee also Com. v. Shealey*, 471 A.2d 459, 461 (Pa. Super. Ct. 1984) (finding criminal acts inadmissible where the acts involved an unrelated victim and the possible probative value was far outweighed by prejudicial effect).

Plaintiff's allegations reference criminal activity and police investigations that are not connected to Plaintiff's human trafficking claim. Pennsylvania courts have long recognized the general inadmissibility of other criminal acts evidence where there is no logical connection between that criminal activity and the underlying acts at issue in the case at bar. *See Com. v. Hicks*, 638 Pa. 444, 464 (Pa. 2017). Accordingly, Plaintiff's allegations contained in Paragraphs 27, 28 and 29 of her Second Amended Complaint must be stricken.

## V.     **RELIEF REQUESTED**

The Roosevelt Defendants respectfully request that this Court sustain their Preliminary Objection in the Nature of a Motion to Strike; strike Paragraphs 27, 28 and 29 of Plaintiff's Second Amended Complaint.

150213.00601/112035455v.1

Case ID: 170300712
Control No.: 18090993

Respectfully Submitted,

**BLANK ROME LLP**

*/s/ Grant S. Palmer*

Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
(215) 569-5500

Dated: September 10, 2018

150213.00601/112035455v.1

Case ID: 170300712
Control No.: 18090993

## CERTIFICATE OF SERVICE

I, Grant S. Palmer, Esquire, hereby certify that, on this 10th day of September 2018, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Preliminary Objection in the Nature of a Motion to Strike to be served via electronic and first class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

/s/ Grant S. Palmer
GRANT S. PALMER

Case ID: 170300712
Control No.: 18090993

# EXHIBIT A



Filed and Attested by the
Office of Judicial Records
10 SEP 2018 03:18 pm
M. RUSSO

Case ID: 170300712
Control No.: 18090993

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
27 AUG 2018 10:36 am
E. HAURIN

| | | |
|---|---|---|
| M.B.<br>c/o Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102 | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
|                 Plaintiff, | : | CIVIL TRIAL DIVISION<br>MARCH TERM, 2017<br>NO.: 00712 |
| V. | : | |
| | : | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC<br>*d/b/a ROOSEVELT INN and*<br>*ROOSEVELT INN CAFE*<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152 | : | |
| and | : | |
| ROOSEVELT MOTOR INN, INC.<br>*d/b/a ROOSEVELT MOTOR INN*<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152 | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC<br>287 Bowman Avenue<br>Purchase, NY 10577 | : | |
| and | : | |
| YAGNA PATEL<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152 | : | |
| and | : | |
| ALPHA-CENTURION SECURITY, INC.<br>3720 West Chester Pike<br>Newtown Square, PA 19073 | : | |

Case ID: 170300712
Control No.: 18090993

Defendants          :

_____

## **NOTICE TO DEFEND**

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**
**TTY(215) 451-6197**

### AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas o objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted._

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA 19107**
**Telefono: (215) 238-6333**
**TTY(215) 451-6197**

**KLINE & SPECTER, P.C.**          Attorneys for Plaintiff
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.:00712 |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |

Case ID: 170300712
Control No.: 18090993

## **PLAINTIFF'S SECOND AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

1.     Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.     Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center. Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3.     In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

**THE PARTIES**

4.     Plaintiff, M.B., was born on September 3, 1999 and is one of the thousands of victims of human trafficking in the United States. In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation. Plaintiff resides in Philadelphia County, Pennsylvania. Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5.     Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she

Case ID: 170300712
Control No.: 18090993

was fourteen (14) years old. See also Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6.     Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.     Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.     Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York.  At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.     Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152.  Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.    Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.    Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn

located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12.     Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

13.     Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn and assumed responsibility for ensuring the safety and well-being of individuals lawfully on the premises, including Plaintiff, M.B.

14.     Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County.  Venue is also proper in this case because Pennsylvania's human trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to bring suit in the county in which the victim resides.  Plaintiff M.B. resides in Philadelphia County.  Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

15.     At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency,

master-servant, respondent superior and/or right of control.

16. At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

17. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

18. At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

19. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

20. At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

21. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor

Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

22.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

23.     At all material times hereto, Defendants Roosevelt, Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

24.     At all material times hereto, Defendant Alpha-Centurion Security, Inc. knowingly provided its security and related services at the Roosevelt Inn, while having knowledge of the commercial sex acts occurring on the premises of the Roosevelt Inn.

## OPERATIVE FACTS

25.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3011, et. seq. it is a felony to recruit, entice, solicit, harbor, or transport a minor which results in the minor being subjected to sexual servitude.

26.     Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees. Hotels and motels are a convenient place for customers to purchase sex to avoid detection. Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

27.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn.  From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

28.     While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

29.     Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

30.     Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

31.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3051, a person or entity can be civilly liable for knowingly marketing or providing its goods or services to a sex trafficker.

32.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

33.     Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

34.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

35.     By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and well-being of individuals lawfully present at the Roosevelt Inn, including Plaintiff.

36.     It is believed and therefore averred that all of the responsibilities as aforesaid were well within the scope of the contractual responsibilities promised and undertaken by Defendant Alpha-Centurion Security, Inc. as part of its agreement to provide security services on the premises of the Roosevelt Inn.

37.     Defendant Alpha-Centurion Security, assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

38.     Having undertaken responsibilities as aforesaid, Defendant Alpha-Centurion Security owed a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

39.     Defendant Alpha-Centurion Security, Inc. provided security services, while traffickers used the rooms at the Roosevelt Inn to engage in commercial sex acts with Plaintiff when she was a minor.

40.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff for commercial sex acts.

41.    Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that rooms and services were being rented or otherwise provided to individuals trafficking Plaintiff for commercial sex acts, while Alpha-Centurion Security, Inc. had a duty to protect individuals lawfully present at the Roosevelt Inn, like Plaintiff.

42.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

43.    Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

44.    Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

45.    The advertisements included a fake name for Plaintiff and a phone number to call.

46.    During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

47.    The "John" who negotiated to have sex for cash with Plaintiff would then speak to

the front desk clerk at the Roosevelt Inn.

48.     An individual named "Abdul" would hold himself out as the clerk, staff member or employee at the Roosevelt Inn.  The complete name of "Abdul" is known to Defendants.

49.     "Abdul" would then direct the individual to the floor and room where Plaintiff and her traffickers were staying.

50.     "Abdul" was fully aware that Plaintiff who was a minor and other underage children were compelled to perform sex for money at the Roosevelt Inn.

51.     Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

52.     The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

53.     Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

54.     Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

55.     Housekeepers and front desk staff including "Abdul" at the Roosevelt Inn had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

56.     Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

57.     Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

58.     Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.

59.     Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

60.     Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

61.     Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

62.     Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

63.     Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

64.     Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

65.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

66.     On at least one occasion, Yagna Patel came to the room occupied by the Plaintiff and was handed money by one of her traffickers.

67.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

68.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or

Case ID: 170300712
Control No.: 18090993

otherwise stop the human sex trafficking of the Plaintiff.

69. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

70. Plaintiff, as a guest at the Roosevelt Inn, was a business invitee of Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel.

71. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, owed a duty to Plaintiff, as motel guest, to exercise reasonable care to protect against criminal conduct.

72. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to persons who were trafficking Plaintiff.

73. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

74. Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff, as a business invitee, from

Case ID: 170300712
Control No.: 18090993

criminal conduct.

75. Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired or contracted to ensure the safety and well-being of individuals on the motel's premises, the motel's guests, the motel's employees and the motel's property.

76. By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and well-being of individuals on the premises of the Roosevelt Inn, including Plaintiff.

77. Defendant Alpha-Centurion Security, Inc. assumed responsibility for protecting individuals present at the Roosevelt Inn, including Plaintiff, from foreseeable harm including commercial sex exploitation and human sex trafficking.

78. Having undertaken aforesaid responsibilities and contractual obligations, Defendant Alpha Centurion owed a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

79. Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn, while having knowledge of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

80. By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish,

humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

81.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

82.     By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

83.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop the practice.

84.     By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

85.     By having knowledge of human sex trafficking at the Roosevelt Inn and

negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

86.    The averments of Paragraphs 1 through 85 are incorporated herein by reference.

87.    Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil liability for people or entities who knowingly market or provide their goods and services to sex traffickers.

88.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, did knowingly rent rooms to individuals sex trafficking Plaintiff as minor, which resulted in her being sex trafficked and sexually exploited.

89.    By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

90.    By knowingly renting rooms to individuals sex trafficking the Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC,

and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop sex trafficking on the premises of the Roosevelt Inn.

91.     By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II - NEGLIGENCE

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

92.     The averments of Paragraphs 1 through 91 are incorporated herein by reference.

93.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons on the premises of the Roosevelt Inn.

94.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent

agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

95.    Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

96.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.  Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

97.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the

Case ID: 170300712
Control No.: 18090993

Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

98.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b.  Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e.  Failing to adequately control access to the premises;

f.  Failing to prevent entry of unauthorized individuals onto the premises;

g.  Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h.  Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i.  Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n.  Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q.  Failing to respond and react to suspicious activity detected on video surveillance;

r.  Failing to maintain surveillance equipment in proper working order;

s.  Failing to test or properly test surveillance equipment to ensure it was in working order;

t.  Failing to utilize appropriate and/or required surveillance equipment;

u.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v.  Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises;

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to§§ 302, 318, 321, 323, 324A, and 344; and

y. Failing to exercise care, caution and diligence required under the circumstances.

99. By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

100. As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

101. As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn.

102. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

## M.B. v. ALPHA-CENTURION SECURITY, INC.

103.    The averments of paragraphs 1 through 102 are incorporated herein by reference.

104.    Having undertaken responsibilities as aforesaid and the provision of security services at the Roosevelt Inn, Defendant Alpha-Centurion Security, Inc. owed a duty to protect the safety and well-being of individuals lawfully present at the motel, the motel's guests, the motel's employees, and the motel's property.

105.    Defendant Alpha-Centurion Security, Inc. failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff, although Defendant Alpha-Centurion Security, Inc. had knowledge of criminal activity, commercial sex activity and human trafficking occurring at the Roosevelt Inn.

106.    Defendant Alpha-Centurion Security, Inc., by and through its agents, ostensible agents, officers, servants, and/or employees, was negligent by:

   a.   Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

   b.   Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

   c.   Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

   d.   Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

   e.   Failing to adequately control access to the premises;

Case ID: 170300712
Control No.: 18090993

f.  Failing to prevent entry of unauthorized individuals onto the premises;

g.  Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h.  Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i.  Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n.  Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q.  Failing to respond and react to suspicious activity detected on video surveillance;

r.  Failing to maintain surveillance equipment in proper working order;

s.  Failing to test or properly test surveillance equipment to ensure it was in working order;

t.  Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to§§ 302, 318, 321, 323, 324A, and 344.

107.    As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

108.    As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn including harm to Plaintiff.

109.    Each of the herein-described tortuous or otherwise culpable acts or omissions by Defendant Alpha-Centurion Security, Inc. increased the likelihood that Plaintiff would suffer the injuries set forth in this Complaint.

110.    Defendant Alpha-Centurion Security, Inc.'s negligence increased the risk of harm to Plaintiff and was a substantial factor in causing and continuing the harm and damages suffered by Plaintiff.

111.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc.  and demands compensatory and punitive damages in excess of

Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

112. The averments of paragraphs 1 through 111 are incorporated herein by reference.

113. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

114. Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT V– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ALPHA-CENTURION SECURITY, INC.

115. The averments of paragraphs 1 through 114 are incorporated herein by reference.

116. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, negligently committed the acts averred in this

Case ID: 170300712
Control No.: 18090993

Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

117. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## <u>COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

### <u>M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL</u>

118. The averments of paragraphs 1 through 117 are incorporated herein by reference.

119. By knowingly renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

120. Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

<u>**COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>

<u>**M.B. v. ALPHA-CENTURION SECURITY, INC.**</u>

121.     The averments of paragraphs 1 through 120 are incorporated herein by reference.

122.     By failing to report, intervene, disrupt or otherwise stop the trafficking of Plaintiff M.B., Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

123.     By having knowledge of commercial sex activity and failing to intervene, Defendant Alpha-Centurion Security, Inc. intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

124.     Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

BY: */s/ Nadeem A. Bezar*
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

Case ID: 170300712
Control No.: 18090993

## **VERIFICATION**

I, M███ B███, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Second Amended Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.



M███ B███

Case ID: 170300712
Control No.: 18090993

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Second Amended Complaint was filed with the Court on August 27, 2018 and served by electronic filing upon counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Defendant Alpha-Centurion Security, Inc.*

By:     */s/ Nadeem A. Bezar*
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
Attorney for Minor-Plaintiffs

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*

Filed and Attested by the
Office of Judicial Records
24 SEP 2018 03:52 pm
C. FORTE



| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | JURY TRIAL DEMANDED |
| | : | |

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
## PURSUANT TO RULE 4009.21

     As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

     (1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

     (2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

     (3) no objection to the subpoenas has been received, and

     (4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

                              **KLINE & SPECTER, P.C.**

                         BY:         _____

Date: ___9/24/18___            EMILY B. MARKS, ESQUIRE
                                 Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Date: 9/24/18

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have

twenty (20) days from the date listed below in which to file of record and serve upon the

undersigned any objection to the Subpoenas.  If no objection is made, the Subpoena may be

served.

- ▪ **Philadelphia District Attorney's Office**


                              **KLINE & SPECTER, P.C.**

                        BY: _____

                              EMILY B. MARKS, ESQUIRE
Date: ___8/30/18___        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*


Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*


Date: _____6/31/18_____          _____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, 17 _____

No._____00712_____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Philadelphia District Attorney's Office_____
*(Name of Person or Entity)*

　　　Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum

at: _Kline & Specter  1525 Locust Street    Philadelphia PA 19102_____
*(Address)*

　　　You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

　　　If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: August 30, 2018

Name:　Emily B. Marks, Esquire
Address:　Kline & Specter, P.C.
　　　　　　1525 Locust Street

Telephone:　215 772-0524
Supreme Court ID#: 204405
Attorney for:　Plaintiff

Subp.#132567657-1

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL          :     Court of Common Pleas
                                           :
                                           :     _____ March ___ Term, 17 ___
                                           :
                                           :     No. ___ 00712 _____

TO: _Philadelphia District Attorney's Office_____
                    *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                    *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                    *(Date of Subpoena)*

Date: _____          _____
                                   *(Signature of Person Served with Subpoena)*

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Philadelphia District Attorney's Office**
**Three South Penn Square**
**Philadelphia, PA 19107-3499**

    **RE: <u>DC# 14-02018292</u>**

    The *complete* video surveillance of the shootout that occurred at the Roosevelt Inn

located at 7600 Roosevelt Boulevard, Philadelphia, PA 19152, on March 31, 2014 (an

incomplete video can be found on YouTube).

TO PLAINTIFF AND CO-DEFENDANTS:
YOU ARE HEREBY REQUIRED TO DEFEND TO
THE ENCLOSED NEW MATTER AND CROSS
CLAIMS WITHIN 20 DAYS OR A JUDGMENT MAY
BE ENTERED AGAINST YOU.

Thomas P. Wagner, Esquire
Attorney for Defendant
Alpha-Centurion Security, Inc.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:     27145
BY:    Robert W. Stanko, Esquire
Identification No.     208830
BY:    Melanie J. Foreman, Esquire
Identification No.:     317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

Attorneys for Defendant,
Alpha-Centurion Security, Inc.

| | |
|---|---|
| M.B. minor by her Guardian,<br>WILLIAM A. CALANDRA, ESQUIRE | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| Plaintiff | MARCH TERM, 2017 |
| v. | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT MOTOR INN, INC.<br>d/b/a ROOSEVELT MOTOR INN and<br>UFVS MANAGEMENT COMPANY, LLC<br>and YAGNA PATEL and ALPHA-<br>CENTURION SECURITY, INC. d/b/a ALPHA<br>CENTURY SECURITY, INC. | NO. 00712<br><br>JURY TRIAL DEMANDED |
| Defendants | |

## ANSWER OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH NEW MATTER AND NEW MATTER CROSS-CLAIMS

Defendant, Alpha-Centurion Security, Inc. (hereinafter referred to as "Answering

Defendant"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin,

1

hereby files its Answer with New Matter and New Matter Cross-Claims to Plaintiff's Second Amended Complaint as follows:

1.    Denied.    After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.    Answering Defendant does not dispute that human sex trafficking exists, but Answering Defendant has no involvement in any such activity, and Answering Defendant has no knowledge of any such activity occurring at the Roosevelt Inn as alleged in Plaintiff's Complaint.    It is specifically denied that any act or omission on the part of Answering Defendant in any way caused or contributed to the alleged human sex trafficking outlined in Plaintiff's Complaint.

2.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.    Answering Defendant does not dispute that human sex trafficking exits, but Answering Defendant has not involvement in any such activity, and Answering Defendant has no actual or constructive knowledge of any such activity occurring at the Roosevelt Inn as alleged in Plaintiff's Complaint.

3.    Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, Pennsylvania's human trafficking law is a writing that speaks for itself, and Plaintiff's characterization thereof is denied.

4.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of

2

the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

5.    Admitted in part and denied in part.  It is admitted only that minor-Plaintiff's name and address do not appear in the Amended Complaint. The Public Access Policy of the Unified Judicial System of Pennsylvania is a writing that speaks for itself.  As to the remainder of the allegations, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

6.    Denied.    After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

7.    Denied.    After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

8.    Denied.    After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

9.    Denied.    After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of

3

Case ID: 170300712

the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

10.     Denied. It is specifically denied that Answering Defendant is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. It is specifically denied that Answering Defendant provided security services at the Roosevelt Inn at all times material to the allegations contained in Plaintiff's Second Amended Complaint. Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A.

11.     Admitted in part and denied in part. It is admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied.

12.     Admitted in part and denied in part. It is admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied. The remaining averments contained in the corresponding paragraph are denied.

13.     Admitted in part and denied in part. It is admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied. The remaining averments contained in the corresponding paragraph are denied.

4

14.     Admitted to the extent the corresponding paragraph is directed to Answering Defendant. To the extent the allegations in the corresponding paragraph are directed to parties other than Answering Defendant, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

15.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

16.     Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, it is specifically denied that Answering Defendant is liable herein.

17.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

18.     Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, the corresponding allegations are denied.

19.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

Case ID: 170300712

20.     Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, it is specifically denied that Answering Defendant and/or its actual or apparent agents, servants and/or employees had any knowledge of human sex trafficking at the Roosevelt Inn or in any way caused or permitted human sex trafficking to occur at the Roosevelt Inn.

21.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

22.     Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, it is specifically denied that Answering Defendant and/or its actual or apparent agents, servants and/or employees had any knowledge of human sex trafficking at the Roosevelt Inn or in any way failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

23.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

24.     Denied. The allegations contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, it is specifically denied that Answering Defendant had knowledge of any alleged commercial sex

6

Case ID: 170300712

acts on the premises of the Roosevelt Inn, and/or that Answering Defendant provided its services while having such knowledge.

25.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required.  18 Pa.C.S.A. § 3011, *et seq*. is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied.

26.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

27.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

28.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

29.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

30.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of

Case ID: 170300712

the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

31.     Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. 18 Pa.C.S.A. § 3051 is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied.

32.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

33.     Admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, the content of which speaks for itself and Plaintiff's characterization thereof is specifically denied.   See Ex. A. The remaining averments contained in the corresponding paragraph are denied.

34.     Denied. Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, the content of which speaks for itself and Plaintiff's characterization thereof is specifically denied.   See Ex. A.

35.     Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary.   To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

36.     Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary.   To the extent further response is deemed required, Answering

8

Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

37. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

38. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, the corresponding allegations are denied.

39. Denied. Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied. The remaining averments contained in the corresponding paragraph are also denied.

40. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

41. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the corresponding allegations are denied. It is specifically denied that Answering Defendant, individually and/or by and through its actual or apparent agents, servants and/or employees,

9

Case ID: 170300712

knew or had knowledge, constructive knowledge and/or general awareness that rooms and services were being rented or otherwise provided to individuals trafficking minor-Plaintiff for commercial sex acts.

42. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

43. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the corresponding allegations are denied. It is specifically denied that Answering Defendant, individually and/or by and through its actual or apparent agents, servants and/or employees, knew or had knowledge, constructive knowledge and/or general awareness that minor-Plaintiff was being sexually exploited.

44. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

45. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

46. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of

Case ID: 170300712

the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

47.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

48.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

49.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

50.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

51.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

Case ID: 170300712

52.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

53.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

54.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

55.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

56.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

57.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of

Case ID: 170300712

the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

58. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

59. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

60. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

61. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

62. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

Case ID: 170300712

63.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

64.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

65.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

66.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

67.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

68.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of

Case ID: 170300712

the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

69. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

70. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

71. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

72. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

73. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

Case ID: 170300712

74. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

75. Admitted in part and denied in part. It is admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied. The remaining averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the averments are denied.

76. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

77. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

78. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a

16

Case ID: 170300712

contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

79.     Admitted in part and denied in part. It is admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied. The remaining averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the averments are denied.

80.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

81.     Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the corresponding allegations are denied. It is specifically denied that Answering Defendant individually and/or by its actual or apparent agents, servants, and/or employees, was negligent at any time relevant to minor-Plaintiff's allegations.

82.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

Case ID: 170300712

83.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, it is specifically denied that Answering Defendant individually and/or by its actual or apparent agents, servants, and/or employees, failed to report, intervene, disrupt, and/or otherwise stop the practice.  It is specifically denied that Answering Defendant had knowledge of any alleged human sex trafficking on the premises of the Roosevelt Inn, and/or that Answering Defendant was negligent at any time relevant to minor-Plaintiff's allegations.  The remainder of the corresponding allegations are also denied.

84.     Denied.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

85.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, it is specifically denied that Answering Defendant individually and/or by its actual or apparent agents, servants, and/or employees acted negligently, outrageously, and/or in reckless disregard for the health and welfare of minor-Plaintiff.  The remainder of the corresponding allegations are also denied.

Case ID: 170300712

## COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A.§ 3051

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

86.     Answering Defendant incorporates its Answers to paragraphs 1 through 85 above as if same were set forth fully at length herein.

87.     Denied. Pennsylvania's Human Trafficking Law 18 Pa. C.S.A. § 3051 is a statute that speaks for itself and Plaintiff's characterization thereof is specifically denied.

88. - 91. The allegations contained in paragraphs 88 through 91 are addressed to parties other than Answering Defendant, and therefore no response is required. To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Second Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

Case ID: 170300712

## COUNT II – NEGLIGENCE

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

92.     Answering Defendant incorporates its Answers to paragraphs 1 though 91 above as if same were set forth fully at length herein.

93. - 102. The allegations contained in paragraphs 93 through 102 are addressed to parties other than Answering Defendant, and therefore no response is required. To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Second Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

### COUNT III – NEGLIGENCE

### M.B. v. ALPHA-CENTURION SECURITY, INC.

103.     Answering Defendant incorporates its Answers to paragraphs 1 though 102 above as if same were set forth fully at length herein

104.     Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, the corresponding allegations are denied.

105.     Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed

20

Case ID: 170300712

required, it is specifically denied that Answering Defendant, individually and/or by and through its actual or apparent agents, servants and/or employees, had knowledge, constructive knowledge and/or general awareness of any alleged signs of criminal activity, commercial sex activity, and/or human trafficking. The remainder of the corresponding allegations are also denied.

106. Denied. The averments contained in the corresponding paragraph and subparagraphs (a) through (x) are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant, individually and/or by and through its actual or apparent agents, officers, servants and/or employees, was negligent at any time relevant to minor-Plaintiff's allegations set forth in the Second Amended Complaint. The remainder of the allegations in the corresponding paragraph and subparagraphs (a) through (x) are also denied and strict proof thereof is demanded at trial.

107. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant was negligent at any time relevant to minor-Plaintiff's allegations set forth in the Second Amended Complaint. As to the remainder of the corresponding allegations, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

108. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant was negligent at any time relevant to minor-Plaintiff's allegations set forth in the Second Amended Complaint. It is specifically

21

Case ID: 170300712

denied that Answering Defendant had knowledge of any alleged sex trafficking on the premises of the Roosevelt Inn, and/or that Answering Defendant breached any alleged duty in relation thereto.

109. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that any acts or omissions on the part of Answering Defendant in any way caused or contributed to minor-Plaintiff's alleged injuries.

110. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant was negligent at any time relevant to minor-Plaintiff's allegations set forth in the Second Amended Complaint. It is specifically denied that any acts or omissions on the part of Answering Defendant in any way caused or contributed to minor-Plaintiff's alleged injuries.

111. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant acted outrageously and/or in reckless disregard for the health and welfare of minor-Plaintiff.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Second Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

Case ID: 170300712

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

112.     Answering Defendant incorporates its Answers to paragraphs 1 though 111 above as if same were set forth fully at length herein.

113. - 114. The allegations contained in paragraphs 113 through 114 are addressed to parties other than Answering Defendant, and therefore no response is required. To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Second Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant.  Answering Defendant also requests further relief as may be appropriate under the circumstances.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

115.     Answering Defendant incorporates its Answers to paragraphs 1 though 114 above as if same were set forth fully at length herein.

116.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant, individually and/or by its actual or apparent agents, servants, and/or employees, was  negligent at any time relevant to minor-Plaintiff's allegations set forth in the Second Amended Complaint.  It is specifically denied that

Case ID: 170300712

any acts or omissions on the part of Answering Defendant in any way caused or contributed to minor-Plaintiff's alleged injuries.

117.    Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant acted outrageously and/or in reckless disregard for the health and welfare of minor-Plaintiff.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Second Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

118.    Answering Defendant incorporates its Answers to paragraphs 1 though 117 above as if same were set forth fully at length herein.

119.    - 120.  The allegations contained in paragraphs 119 through 120 are addressed to parties other than Answering Defendant, and therefore no response is required.  To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Second Amended Complaint with prejudice and award attorneys' costs and

24

Case ID: 170300712

fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## M.B. v. ALPHA-CENTURION SECURITY, INC.

121.    Answering Defendant incorporates its Answers to paragraphs 1 though 120 above as if same were set forth fully at length herein.

122.    Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish, and/or severe physical and emotion distress. It is specifically denied that any acts or omissions on the part of Answering Defendant, individually and/or by and through its actual or apparent agents, servants and/or employees, in any way caused or contributed to Plaintiff's alleged injuries, and/or that any acts or omissions on the part of Answering Defendant in any way caused or permitted human sex trafficking to occur at the Roosevelt Inn. The remainder of the corresponding allegations are also denied.

123.    Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required,  it is specifically denied that Answering Defendant intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish, and/or severe physical and emotion distress. It is specifically denied that any acts or omissions on the part of Answering Defendant in any way caused or contributed to minor-Plaintiff's alleged injuries, and/or that Answering Defendant had knowledge of any alleged commercial sex acts on the premises of the Roosevelt Inn.

Case ID: 170300712

124.    Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant acted outrageously and/or in reckless disregard for the health and welfare of minor-Plaintiff.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Second Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant.  Answering Defendant also requests further relief as may be appropriate under the circumstances.

## NEW MATTER

125.    Answering Defendant incorporates its Answers to paragraphs 1 through 124 above as if same were set forth fully at length herein, and asserts the following New Matter:

126.    Minor-Plaintiff has failed to state a cause of action upon which relief can be granted.

127.    Minor-Plaintiff's claims are or may be barred by the statute of limitations.

128.    The sole and proximate cause of the alleged incident involved in this case, and any injury, damage or loss allegedly sustained by minor-Plaintiff, if any, was the result of the act, conduct, negligence, recklessness, carelessness, breaches of contract, violation of statue, code regulation or standard, and violation of duties and obligations owed by persons or parties other than Answering Defendant or its agents, servants, workers or employees.

129.    Answering Defendant breached no duty to minor-Plaintiff.

130.    The property described in Plaintiff's Second Amended Complaint was owned, possessed, and/or controlled by an entity other than Answering Defendant over whom Answering Defendant had no control or right of control.

Case ID: 170300712

131. The injuries and damages allegedly sustained by minor-Plaintiff were caused by an intervening cause and/or superseding cause and, therefore, minor-Plaintiff may not recover against Answering Defendant.

132. Minor-Plaintiff's claims are barred, limited, or reduced by virtue of the fact that Answering Defendant cannot be held liable for the criminal acts of third parties.

133. If it is determined that Answering Defendant is liable along with any other Defendant or Third Party Defendant, Answering Defendant's respective liabilities shall be determined in accordance with the provisions of 42 Pa. C.S.A. § 7102.

134. Answering Defendant denies that it proximately caused each and every type of injury and/or damages set forth in Plaintiff's Second Amended Complaint.

135. Answering Defendant at all relevant times acted lawfully, prudently and reasonably and in the exercise of good faith.

136. The conduct attributed to Answering Defendant, which has been denied, did not cause or contribute to the injuries and damages in the Second Amended Complaint, and the injuries and damages described in the Second Amended Complaint were not foreseeable to Answering Defendant.

137. Answering Defendant had no notice, actual or constructive, of criminal activity of the kind allegedly perpetrated against minor-Plaintiff.

138. Answering Defendant's alleged conduct was not the legal cause of any harm to minor-Plaintiff.

139. No conduct, action, inaction, or omissions on the part of Answering Defendant caused or contributed to minor-Plaintiff's injuries or damages, if any.

Case ID: 170300712

140.    Answering Defendant was not negligent, careless and/or reckless at any time relevant to minor-Plaintiff's allegations.

141.    Any acts or omissions of Answering Defendant were not substantial causes of and did not result in the injury and/or damages set forth in Plaintiff's Second Amended Complaint.

142.    Minor-Plaintiff fails to state a claim under Pennsylvania's Human Trafficking Law, 18 Pa.C.S.A. § 3001, *et seq.*

143.    Answering Defendant raises all defenses and immunities available under Pennsylvania's Human Trafficking Law, 18 Pa.C.S.A. § 3001, *et seq.*

144.    Answering Defendant denies that it had knowledge, constructive knowledge and/or general awareness that minor-Plaintiff, if proven, was being sexually exploited and/or subjected to involuntary servitude.

145.    Answering Defendant denies that it knowingly benefitted financially from the commercial sex acts and/or or involuntary servitude, if any, committed at the Roosevelt Inn.

146.    Answering Defendant denies that it knowingly marketed or provided its services to any other Defendant or Third Party Defendant that recruited, profited from or maintained minor-Plaintiff in any sex trade act and/or involuntary servitude.

147.    Answering Defendant denies that it supervised or exercised control, or had right of control over any other Defendant or Third Party Defendant that recruited, profited from or maintained minor-Plaintiff in any sex trade act and/or involuntary servitude.

148.    The treble damages and punitive damages provisions of Pennsylvania's Human Trafficking Law, 18 Pa.C.S.A. § 3001, *et seq.* violate the Pennsylvania Constitution and the United States Constitution.

Case ID: 170300712

149. Any award of punitive damages would be unjustified under the facts of this case, and would also violate the Pennsylvania Constitution and the United States Constitution.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against all Plaintiff together with attorneys' fees, costs, interest and for such other relief as the Court may deem just and proper.

## NEW MATTER CROSS-CLAIM PURSUANT TO PA.R.C.P. 1031.1

### ALPHA-CENTURION SECURITY, INC. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

150. Answering Defendant incorporates its Answer to Plaintiff's Second Amended Complaint and New Matter above as if same were set forth fully at length herein, and asserts the following Cross-Claims:

151. Answering Defendant specifically denies that it bears any liability to minor-Plaintiff for the allegations and circumstances set forth in Plaintiff's Second Amended Complaint. If minor-Plaintiff sustained injuries and damages as alleged, which allegations are herein expressly denied, then said injuries and damages were caused by the actions, omissions, negligence, carelessness and/or recklessness, and other liability producing conduct on the part of the other named Co-Defendants in this action, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, and were caused in no manner whatsoever by Answering Defendant.

152. In preservation of its prior denials of Plaintiff's Second Amended Complaint, Answering Defendant avers that if minor-Plaintiff receives, by verdict, settlement, or otherwise, any payment related to this matter, then the other named Co-Defendants in this action, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, are

29

Case ID: 170300712

alone liable to minor-Plaintiff and/or primarily liable over to Answering Defendant by way of contribution and common law indemnification, together with interest, costs, and attorneys' fees.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against all other parties together with attorneys' fees, costs, interest and for such other relief as the Court may deem just and proper.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:_____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: __September 28, 2018__

30

Case ID: 170300712

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:      27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.      208830             Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:      317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | |
|---|---|
| M.B. minor by her Guardian, | : PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : COURT OF COMMON PLEAS |
| | : |
| v. | : MARCH TERM, 2017 |
| | : |
| ROOSEVELT INN LLC d/b/a ROOSEVELT | : |
| INN and ROOSEVELT MOTOR INN, INC. | : |
| d/b/a ROOSEVELT MOTOR INN and | : NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and ALPHA- | : |
| CENTURION SECURITY, INC. d/b/a ALPHA | : |
| CENTURY SECURITY, INC. | : <u>JURY TRIAL DEMANDED</u> |

---

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the*

*Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that

require filing confidential information and documents differently than non-confidential

information and documents.

> **MARSHALL DENNEHEY WARNER**
> **COLEMAN & GOGGIN**
>
> BY: _____
> Thomas P. Wagner, Esquire
> Robert W. Stanko, Esquire
> Melanie J. Foreman, Esquire
> Attorneys for Defendant,
> Alpha-Centurion Security, Inc.

Dated: ___September 28, 2018___

Case ID: 170300712

## **VERIFICATION**

Thomas P. Wagner, Esquire, deposes and verifies that the statements made in the foregoing Answer of Defendant, Alpha-Centurion Security, Inc., to Plaintiff's Second Amended Complaint are true to the best of his knowledge, information, and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. Cons. Stat. § 4904 relating to unsworn falsification to authorities.

_____
Thomas P. Wagner, Esquire
Attorney for Defendant, Alpha-Centurion Security, Inc.

Date: __September 28, 2018__

32

Case ID: 170300712

**CERTIFICATE OF SERVICE**

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Answer of

Defendant, Alpha-Centurion Security, Inc., to Plaintiff's Second Amended Complaint was served

by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
*Attorneys for minor-Plaintiff*

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Daniel E. Oberdick, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
*Attorneys for Roosevelt Inn LLC d/b/a*
*Roosevelt Inn and Roosevelt Inn Café,*
*Roosevelt Motor Inn, Inc. d/b/a Roosevelt*
*Motor Inn, UFVS Management Company,*
*LLC and Yagna Patel*


**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.


Dated__September 28, 2018__

33

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| William A. Calandra, Esquire | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| v. | : | |
| | : | NO. 00712 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of

Plaintiff's Response and Memorandum of Law in Opposition to Defendants Roosevelt Inn LLC

d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn,

UFVS Management Company, LLC and Yagna Patel's (collectively "Roosevelt Inn Defendants"

or "Moving Defendants") Preliminary objections, and any response thereto, it is hereby:

**ORDERED** and **DECREED** that Moving Defendants' Preliminary Objections are

**OVERRULED.** Moving Defendants shall file an Answer to Plaintiff's Second Amended

Complaint within 20 (twenty) days from the date of this Order.

**BY THE COURT:**

_____
J.

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| William A. Calandra, Esquire | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| v. | : | |
| | : | NO. 00712 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## <u>PLAINTIFF'S RESPONSE IN OPPOSITION TO MOVING DEFENDANTS'</u>
## <u>PRELIMINARY OBJECTIONS</u>

This case involves the sex trafficking of Plaintiff, M.B. at the Roosevelt Inn motel when she was 14 years-old. Plaintiff has filed suit against the owners, operators and managers of the Roosevelt Inn: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (collectively "Roosevelt Defendants" or "Moving Defendants"). Plaintiff later added as a defendant Alpha-Centurion Security, Inc., which provided security services at the Roosevelt Inn during the time Plaintiff was trafficked. Plaintiff's Second Amended Complaint details the misconduct of the Defendants, which allowed Plaintiff to be a victim of sex trafficking at the Roosevelt Inn. <u>See</u> Plaintiff's Second Amended Complaint, attached as Exhibit "A". Plaintiff's Second Amended Complaint includes negligence-based claims against the Defendants and a claim under the Pennsylvania Human Trafficking Law, 18 Pa. C.S.A. § 3051, against the Roosevelt Inn Defendants.

The Roosevelt Inn Defendants have filed meritless Preliminary Objections to Plaintiff's

Case ID: 170300712

Control No.: 18090993

Second Amended Complaint, which this Court should overrule. The Roosevelt Inn Defendants argue Plaintiff included "impertinent and inappropriate" material in the Second Amended Complaint, where Plaintiff outlines the Roosevelt Inn Defendants' knowledge of pervasive criminal activity occurring at the Roosevelt Inn. These references are not merely scandalous and impertinent. Rather, they are directly related to proving the claims at issue in this lawsuit. Plaintiff's Second Amended Complaint complies with all of the requirements of Pennsylvania law, including Pennsylvania's Rules of Civil Procedure. As such, Moving Defendants' Preliminary Objections should be overruled.

Plaintiff, by and through her attorneys, responds in opposition to Moving Defendants' Preliminary Objections as follows:

1. Denied as stated. This paragraph references Plaintiff's Complaint, which is a written document that speaks for itself. Any characterizations of the Complaint are denied.

2. Denied as stated. This paragraph references Plaintiff's Second Amended Complaint, which is a written document that speaks for itself. Any characterizations of the Second Amended Complaint are denied. See Plaintiff's Second Amended Complaint, attached as Exhibit "A".

3.-6. Denied. The averments in this paragraph are legal conclusions to which no response is required. The referenced sections of Plaintiff's Second Amended Complaint are not scandalous or impertinent, because the facts averred are directly related to Plaintiff's causes of action in this lawsuit. The Court should thus overrule the Roosevelt Inn Defendants' Preliminary Objections.

7.-8. Denied. The averments in these paragraphs are legal conclusions to which no response is required.

9.-15. Denied. The averments in this paragraph are legal conclusions to which no response is required. The referenced sections of Plaintiff's Second Amended Complaint are not merely scandalous or impertinent under Pa. R.C.P. 1028(a)(2). In Paragraphs 27 to 29, Plaintiff outlines the Roosevelt Inn Defendants' knowledge of pervasive criminal activity occurring at the motel:

> 27. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn. From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.
>
> 28. While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.
>
> 29. Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

See Ex. A.

Moving Defendants attempt to argue that the Second Amended Complaint's references to criminal activity are "immaterial and inappropriate," but these facts are directly related to Plaintiff's causes of action in this lawsuit. Averments in a complaint can only be scandalous and impertinent, if the averments are "immaterial and inappropriate to the proof of the cause of action." Bonson v. Diocese of Altoona-Johnstown, 67 Pa. D. & C.4th 419, 442 (Com. Pl. 2004). The

Case ID: 170300712

Control No.: 18090993

references to criminal activity at the Roosevelt Inn are relevant, because they help to show different examples of the Roosevelt Inn Defendants' knowledge of the risk of harm to Plaintiff. Awareness of this risk relates directly to Plaintiff's claim under Pennsylvania's Human Trafficking Law, 18 Pa. C.S.A. § 3051 and her negligence claims against all of the Defendants. Under Pennsylvania law, hotels and inns owe a duty to take reasonable precaution to protect guests against "harmful third party conduct that might be reasonably anticipated." Rabutino v. Freedom State Realty Co., Inc., 932 A.2d 933, 939 (Pa. Super. 2002); see also Paliometros v. Loyola, 932 A.2d 128, 135-37 (Pa. Super. 2007) (reasoning that a motel owed a duty to supervise and protect a guest who was sexually assaulted at the motel, because the motel had knowledge of known dangers to her safety). Similarly, the Pennsylvania Human Trafficking Law creates civil liability for business entities that knowingly provide goods or services to sex traffickers. See 18 Pa. C.S.A. § 3051(b).

The referenced sections of Plaintiff's Second Amended Complaint outline how the Roosevelt Inn Defendants were aware of sex traffickers operating at the Roosevelt Inn, and the Roosevelt Inn knowingly rented rooms at the motel to these individuals. Plaintiff's Second Amended Complaint also states that the Roosevelt Inn Defendants "knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis." See Ex. A at ¶ 96. The references to criminal activity and the Roosevelt Inn's knowledge of that activity help to prove Plaintiff's claims for negligence and liability under Pennsylvania's Human Trafficking Law. The Court should thus overrule Moving Defendant's Preliminary Objections.

16.-17. Denied. The averments in these paragraphs are legal conclusions to which no response is required. The Court should dismiss Moving Defendant's Preliminary Objections, because Plaintiff's Second Amended Complaint is not "scandalous and impertinent". Plaintiff's

Case ID: 170300712

Control No.: 18090993

Complaint complies with the Pennsylvania Rules of Civil Procedure. Moving Defendants attempt to create additional requirements arguing that the Complaint must also comply with the Pennsylvania's Rules of Evidence. This argument wholly lacks merit.

The Pennsylvania Rules of Civil Procedure set the requirements for a complaint. See, e.g., Pa. R.C.P. 1017-1025, 1028. The Pennsylvania Rules of Evidence govern the admissibility of evidence in court proceedings. See Pa. R.E. 101. At this stage of the litigation, it is improper to consider whether potential evidence referenced in the Second Amended Complaint would be overly prejudicial to a party or admissible at trial. Plaintiff's Second Amended Complaint just needs to provide sufficient facts to put the defendant on notice of her claims and provide the material facts that support those claims. Pa. R.C.P. 1019(a). Considerations of admissibility and the prejudicial effect of certain evidence are made in response to motions in limine or objections at trial, not preliminary objections. The cases cited by the Roosevelt Inn Defendants are thus inapposite, and the Court should overrule Moving Defendants' Preliminary Objections.

18.     Denied. The averments in this paragraph are legal conclusions to which no response is required. The referenced sections of Plaintiff's Second Amended Complaint are not scandalous or impertinent, because the facts averred are directly related to Plaintiff's causes of action in this lawsuit. The Court should overrule the Roosevelt Inn Defendants' Preliminary Objections.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter the attached

Order overruling Moving Defendants' Preliminary Objections.


                              **KLINE & SPECTER, P.C.**

                              BY: _____
                              THOMAS R. KLINE, ESQUIRE
                              NADEEM A. BEZAR, ESQUIRE
                              EMILY B. MARKS, ESQUIRE
                              KYLE B. NOCHO, ESQUIRE
                              *Attorneys for Plaintiff*

**KLINE & SPECTER, P.C.**                                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| William A. Calandra, Esquire | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| v. | : | |
| | : | NO. 00712 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| Defendant | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| Additional Defendant | : | |

---

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOVING DEFENDANTS' PRELIMINARY OBJECTIONS

**I.    PRELMINARY STATEMENT**

This case involves the sex trafficking of Plaintiff, M.B. at the Roosevelt Inn motel when she was 14 years-old.  Plaintiff has filed suit against the owners, operators and managers of the Roosevelt: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (collectively "Roosevelt Defendants" or "Moving Defendants").  Plaintiff later added as a defendant Alpha-Centurion Security, Inc., which provided security services at the Roosevelt Inn during the time Plaintiff was trafficked.  Plaintiff's Second Amended Complaint details the misconduct of the Defendants, which allowed Plaintiff to be a victim of sex

Case ID: 170300712

Control No.: 18090993

trafficking at the Roosevelt Inn. See Plaintiff's Second Amended Complaint, attached as Exhibit "A". Plaintiff's Second Amended Complaint includes negligence-based claims against the Defendants and a claim under the Pennsylvania Human Trafficking Law, 18 Pa. C.S.A. § 3051, against the Roosevelt Inn Defendants.

The Roosevelt Inn Defendants have filed meritless Preliminary Objections to Plaintiff's Second Amended Complaint, which this Court should overrule. The Roosevelt Inn Defendants argue Plaintiff included "impertinent and inappropriate" material in the Second Amended Complaint, where Plaintiff outlines the Roosevelt Inn Defendants' knowledge of pervasive criminal activity occurring at the Roosevelt Inn. These references are not merely scandalous and impertinent. Rather, they are directly related to proving the claims at issue in this lawsuit. Plaintiff's Second Amended Complaint complies with all of the requirements of Pennsylvania law, including Pennsylvania's Rules of Civil Procedure. As such, Moving Defendants' Preliminary Objections should be overruled.

## II. QUESTION PRESENTED

Should the Court overrule the Roosevelt Inn Defendants Preliminary Objections, because Plaintiff's Second Complaint is not scandalous or impertinent?

*Suggested Answer*: Yes, because Plaintiff's allegations relate directly to her claims against the Roosevelt Inn Defendants.

## III. BRIEF FACTUAL AND PROCEDURAL HISTORY

This case involves the sex trafficking of Plaintiff, M.B. at the Roosevelt Inn motel when she was 14 years-old. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (hereinafter "Roosevelt Defendants") as the owners, operators and managers of the Roosevelt Inn. Plaintiff's Complaint includes, among other claims, claims against the Roosevelt Defendants for

negligence and liability under the Pennsylvania Human Trafficking Law.

During discovery, Plaintiff learned that Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn during the time Plaintiff was trafficked. The Roosevelt Defendants stipulated and consented to Plaintiff filing an Amended Complaint to join Alpha-Centurion Security, Inc. as an additional defendant. On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

On July 27, 2018, Plaintiff filed a Motion for Leave to File the Second Amended Complaint, after the Roosevelt Inn Defendants refused to provide their consent to allow Plaintiff to amend her Complaint. The Court later granted Plaintiff's Motion on August 20, 2018, and Plaintiff filed her Second Amended Complaint on August 27, 2018.

On September 10, 2018, the Roosevelt Defendants filed Preliminary Objections to Plaintiff's Second Amended Complaint.

## IV. LEGAL ARGUMENT

### A. The Allegations in Plaintiff's Second Amended Complaint Are Not Scandalous or Impertinent, Because They Directly Relate to Plaintiff's Claims.

Plaintiff's Second Amended Complaint is not scandalous or impertinent under Pa. R.C.P. 1028(a)(2). The referenced sections of Plaintiff's Second Amended Complaint are directly related to the causes of action at issue in this lawsuit.

In Paragraphs 27 to 29 of the Second Amended Complaint, Plaintiff outlines the Roosevelt Inn Defendants' knowledge of pervasive criminal activity occurring at the motel:

27.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn. From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

28.    While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

29.    Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

See Ex. A.

Moving Defendants attempt to argue that the Second Amended Complaint's references to criminal activity are "immaterial and inappropriate," but these facts are directly related to Plaintiff's causes of action in this lawsuit. Averments in a complaint can only be scandalous and impertinent, if the averments are "immaterial and inappropriate to the proof of the cause of action." Bonson v. Diocese of Altoona-Johnstown, 67 Pa. D. & C.4th 419, 442 (Com. Pl. 2004). The references to criminal activity at the Roosevelt Inn are relevant, because they help to show different examples of the Roosevelt Inn Defendants' knowledge of the risk of harm to Plaintiff. Awareness of this risk relates directly to Plaintiff's claim under Pennsylvania's Human Trafficking Law, 18 Pa. C.S.A. § 3051 and her negligence claims against all of the Defendants. Under Pennsylvania law, hotels and inns owe a duty to take reasonable precaution to protect guests against "harmful

third party conduct that might be reasonably anticipated." <u>Rabutino v. Freedom State Realty Co., Inc.</u>, 932 A.2d 933, 939 (Pa. Super. 2002); <u>see also</u> <u>Paliometros v. Loyola</u>, 932 A.2d 128, 135-37 (Pa. Super. 2007) (reasoning that a motel owed a duty to supervise and protect a guest who was sexually assaulted at the motel, because the motel had knowledge of known dangers to her safety). Similarly, the Pennsylvania Human Trafficking Law creates civil liability for business entities that knowingly provide goods or services to sex traffickers. <u>See</u> 18 Pa. C.S.A. § 3051(b).

The referenced sections of Plaintiff's Second Amended Complaint outline how the Roosevelt Inn Defendants were aware of sex traffickers operating at the Roosevelt Inn, and the Roosevelt Inn knowingly rented rooms at the motel to these individuals. Plaintiff's Second Amended Complaint also states that the Roosevelt Inn Defendants "knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis." <u>See</u> Ex. A at ¶ 96. The references to criminal activity and the Roosevelt Inn's knowledge of that activity help to prove Plaintiff's claims for negligence and liability under Pennsylvania's Human Trafficking Law. The Court should thus overrule Moving Defendant's Preliminary Objections.

The cases cited by the Roosevelt Inn Defendants are not on point in this instance. Moving Defendants attempt to create additional requirements for a complaint by arguing that a complaint must comply with the Pennsylvania's Rules of Evidence. This argument wholly lacks merit. The Pennsylvania Rules of Civil Procedure set the requirements for a complaint. <u>See, e.g.</u>, Pa. R.C.P. 1017-1025, 1028. The Pennsylvania Rules of Evidence govern the admissibility of evidence in court proceedings. <u>See</u> Pa. R.E. 101. At this stage of the litigation, it is improper to consider whether potential evidence referenced in the Second Amended Complaint would be overly prejudicial to a party or admissible at trial. Plaintiff's Second Amended Complaint just needs to

provide sufficient facts to put the defendant on notice of her claims and provide the material facts that support those claims. Pa. R.C.P. 1019(a). Considerations of admissibility and the prejudicial effect of certain evidence are reserved for motions in limine or objections at trial, not in preliminary objections. The cases cited by the Roosevelt Inn Defendants are thus inapposite, and the Court should overrule Moving Defendants' Preliminary Objections.

## V. CONCLUSION

For all of the aforementioned reasons, Minor-Plaintiff respectfully requests this Honorable Court to enter the attached Order overruling Moving Defendants' Preliminary Objections.

KLINE & SPECTER, P.C.

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that on September 28, 2018, service of a true and correct copy of the above Plaintiff's Response in Opposition to Moving Defendants' Preliminary Objections was electronically filed and upon acceptance electronically served upon the below listed counsel:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*


Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Defendant Alpha-Centurion Security, Inc.*


By: _____
KYLE B. NOCHO, ESQUIRE
*Attorney for Plaintiff*

Case ID: 170300712

Control No.: 18090993

## **VERIFICATION**

I, KYLE B. NOCHO, ESQUIRE, hereby state that I am the attorney for Plaintiff in this matter and hereby verify that the statements made in the foregoing Plaintiff's Response in Opposition to Moving Defendants' Preliminary Objections, are true and correct to the best of my knowledge, information and belief.

The undersigned that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

KYLE B. NOCHO, ESQUIRE
*Attorney for Plaintiff*

Date: September 28, 2018

# EXHIBIT A

Case ID: 170300712

Control No.: 18090993

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff



Filed and Attested by the
Office of Judicial Records
27 AUG 2018 10:36 am
E. HAURIN

| | |
|---|---|
| M.B. | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | COURT OF COMMON PLEAS |
| 1525 Locust Street | |
| Philadelphia, PA 19102 | CIVIL TRIAL DIVISION |
|           Plaintiff, | MARCH TERM, 2017 |
| | NO.: 00712 |
|    V. | |
| | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC | |
| *d/b/a ROOSEVELT INN and* | |
| *ROOSEVELT INN CAFE* | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
|      and | |
| | |
| ROOSEVELT MOTOR INN, INC. | |
| *d/b/a ROOSEVELT MOTOR INN* | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
|      and | |
| | |
| UFVS MANAGEMENT COMPANY, LLC | |
| 287 Bowman Avenue | |
| Purchase, NY 10577 | |
| | |
|      and | |
| | |
| YAGNA PATEL | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
|      and | |
| | |
| ALPHA-CENTURION SECURITY, INC. | |
| 3720 West Chester Pike | |
| Newtown Square, PA 19073 | |

Case ID: 170300712
Case ID: 170300712

Control No.: 18090993

Defendants                    :

_____

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**
**TTY(215) 451-6197**

### AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA 19107**
**Telefono: (215) 238-6333**
**TTY(215) 451-6197**

Case ID: 170300712

Case ID: 170300712

Control No.: 18090993

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

| | |
|---|---|
| M.B.<br>c/o Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>CIVIL TRIAL DIVISION<br>MARCH TERM, 2017<br>NO.:00712 |

              Plaintiff,
     v.

ROOSEVELT INN LLC
*d/b/a ROOSEVELT INN and*
*ROOSEVELT INN CAFE*
7630 Roosevelt Boulevard
Philadelphia, PA 19152

      and

ROOSEVELT MOTOR INN, INC.
*d/b/a ROOSEVELT MOTOR INN*
7630 Roosevelt Boulevard
Philadelphia, PA 19152

      and

UFVS MANAGEMENT COMPANY, LLC
287 Bowman Avenue
Purchase, NY 10577

      and

YAGNA PATEL
7630 Roosevelt Boulevard
Philadelphia, PA 19152

      and

ALPHA-CENTURION SECURITY, INC.
3720 West Chester Pike
Newtown Square, PA 19073

JURY TRIAL DEMANDED

Case ID: 170300712

Case ID: 170300712

Control No.: 18090993

## PLAINTIFF'S SECOND AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1.     Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally.  It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.     Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center.  Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3.     In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

### THE PARTIES

4.     Plaintiff, M.B., was born on September 3, 1999 and is one of the thousands of victims of human trafficking in the United States.  In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.  Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5.     Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she

Case ID: 170300712

was fourteen (14) years old. See also Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6. Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware. At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7. Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8. Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9. Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152. Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10. Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11. Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn

located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a

contractual arrangement as between itself and the owners and operators of the premises:

Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC,

and Yagna Patel.

   12.    Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled,

monitored and assumed responsibility for security of the premises located at the Roosevelt Inn,

7630 Roosevelt Boulevard, Philadelphia, PA 19152.

   13.    Defendant Alpha-Centurion Security, Inc. provided security services at the

Roosevelt Inn and assumed responsibility for ensuring the safety and well-being of individuals

lawfully on the premises, including Plaintiff, M.B.

   14.    Venue is appropriate in this case because Defendant Yagna Patel resides in

Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS

Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in

Philadelphia County. Venue is also proper in this case because Pennsylvania's human

trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to

bring suit in the county in which the victim resides. Plaintiff M.B. resides in Philadelphia

County. Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

   15.    At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor

Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and

through their actual or apparent agents, servants and employees, including but not limited to

front desk staff, back room staff, housekeepers, custodians, maintenance workers, food

preparation workers, doorman, concierges and security guards and are therefore liable for the

acts and/or omissions of their agents, servants and/or employees under theories of agency,

master-servant, respondent superior and/or right of control.

16. At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

17. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

18. At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

19. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

20. At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

21. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor

Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

22.    At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

23.    At all material times hereto, Defendants Roosevelt, Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

24.    At all material times hereto, Defendant Alpha-Centurion Security, Inc. knowingly provided its security and related services at the Roosevelt Inn, while having knowledge of the commercial sex acts occurring on the premises of the Roosevelt Inn.

**OPERATIVE FACTS**

25.    Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3011, et. seq. it is a felony to recruit, entice, solicit, harbor, or transport a minor which results in the minor being subjected to sexual servitude.

26.    Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees.  Hotels and motels are a convenient place for customers to purchase sex to avoid detection.  Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

27.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn.  From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

28.     While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

29.     Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

30.     Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

31.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3051, a person or entity can be civilly liable for knowingly marketing or providing its goods or services to a sex trafficker.

32.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

33. Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

34. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

35. By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and well-being of individuals lawfully present at the Roosevelt Inn, including Plaintiff.

36. It is believed and therefore averred that all of the responsibilities as aforesaid were well within the scope of the contractual responsibilities promised and undertaken by Defendant Alpha-Centurion Security, Inc. as part of its agreement to provide security services on the premises of the Roosevelt Inn.

37. Defendant Alpha-Centurion Security, assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

38. Having undertaken responsibilities as aforesaid, Defendant Alpha-Centurion Security owed a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

39. Defendant Alpha-Centurion Security, Inc. provided security services, while traffickers used the rooms at the Roosevelt Inn to engage in commercial sex acts with Plaintiff when she was a minor.

40.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff for commercial sex acts.

41.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that rooms and services were being rented or otherwise provided to individuals trafficking Plaintiff for commercial sex acts, while Alpha-Centurion Security, Inc. had a duty to protect individuals lawfully present at the Roosevelt Inn, like Plaintiff.

42.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

43.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

44.     Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

45.     The advertisements included a fake name for Plaintiff and a phone number to call.

46.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

47.     The "John" who negotiated to have sex for cash with Plaintiff would then speak to

the front desk clerk at the Roosevelt Inn.

48. An individual named "Abdul" would hold himself out as the clerk, staff member or employee at the Roosevelt Inn. The complete name of "Abdul" is known to Defendants.

49. "Abdul" would then direct the individual to the floor and room where Plaintiff and her traffickers were staying.

50. "Abdul" was fully aware that Plaintiff who was a minor and other underage children were compelled to perform sex for money at the Roosevelt Inn.

51. Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

52. The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

53. Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

54. Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

55. Housekeepers and front desk staff including "Abdul" at the Roosevelt Inn had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

56. Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

57. Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

58. Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.

59. Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

60. Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

61. Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

62. Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

63. Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

64. Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

65. Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

66. On at least one occasion, Yagna Patel came to the room occupied by the Plaintiff and was handed money by one of her traffickers.

67. Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

68. Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or

otherwise stop the human sex trafficking of the Plaintiff.

69.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

70.     Plaintiff, as a guest at the Roosevelt Inn, was a business invitee of Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel.

71.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, owed a duty to Plaintiff, as motel guest, to exercise reasonable care to protect against criminal conduct.

72.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to persons who were trafficking Plaintiff.

73.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

74.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff, as a business invitee, from

criminal conduct.

75. Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired or contracted to ensure the safety and well-being of individuals on the motel's premises, the motel's guests, the motel's employees and the motel's property.

76. By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and well-being of individuals on the premises of the Roosevelt Inn, including Plaintiff.

77. Defendant Alpha-Centurion Security, Inc. assumed responsibility for protecting individuals present at the Roosevelt Inn, including Plaintiff, from foreseeable harm including commercial sex exploitation and human sex trafficking.

78. Having undertaken aforesaid responsibilities and contractual obligations, Defendant Alpha Centurion owed a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

79. Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn, while having knowledge of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

80. By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish,

humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

81. By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

82. By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

83. By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop the practice.

84. By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

85. By having knowledge of human sex trafficking at the Roosevelt Inn and

negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

86.     The averments of Paragraphs 1 through 85 are incorporated herein by reference.

87.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil liability for people or entities who knowingly market or provide their goods and services to sex traffickers.

88.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, did knowingly rent rooms to individuals sex trafficking Plaintiff as minor, which resulted in her being sex trafficked and sexually exploited.

89.     By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

90.     By knowingly renting rooms to individuals sex trafficking the Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC,

and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop sex trafficking on the premises of the Roosevelt Inn.

91.     By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II - NEGLIGENCE

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

92.     The averments of Paragraphs 1 through 91 are incorporated herein by reference.

93.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons on the premises of the Roosevelt Inn.

94.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent

agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

95. Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

96. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

97. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the

Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

98.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

   a.   Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

   b.   Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

   c.   Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

   d.   Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

   e.   Failing to adequately control access to the premises;

   f.   Failing to prevent entry of unauthorized individuals onto the premises;

   g.   Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity detected on video surveillance;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises;

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

y. Failing to exercise care, caution and diligence required under the circumstances.

99.     By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

100.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

101.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn.

102.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

## M.B. v. ALPHA-CENTURION SECURITY, INC.

103.    The averments of paragraphs 1 through 102 are incorporated herein by reference.

104.    Having undertaken responsibilities as aforesaid and the provision of security services at the Roosevelt Inn, Defendant Alpha-Centurion Security, Inc. owed a duty to protect the safety and well-being of individuals lawfully present at the motel, the motel's guests, the motel's employees, and the motel's property.

105.    Defendant Alpha-Centurion Security, Inc. failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff, although Defendant Alpha-Centurion Security, Inc. had knowledge of criminal activity, commercial sex activity and human trafficking occurring at the Roosevelt Inn.

106.    Defendant Alpha-Centurion Security, Inc., by and through its agents, ostensible agents, officers, servants, and/or employees, was negligent by:

a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b.  Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e.  Failing to adequately control access to the premises;

f.  Failing to prevent entry of unauthorized individuals onto the premises;

g.  Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h.  Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i.  Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n.  Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q.  Failing to respond and react to suspicious activity detected on video surveillance;

r.  Failing to maintain surveillance equipment in proper working order;

s.  Failing to test or properly test surveillance equipment to ensure it was in working order;

t.  Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

107. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

108. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn including harm to Plaintiff.

109. Each of the herein-described tortuous or otherwise culpable acts or omissions by Defendant Alpha-Centurion Security, Inc. increased the likelihood that Plaintiff would suffer the injuries set forth in this Complaint.

110. Defendant Alpha-Centurion Security, Inc.'s negligence increased the risk of harm to Plaintiff and was a substantial factor in causing and continuing the harm and damages suffered by Plaintiff.

111. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of

Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

112.  The averments of paragraphs 1 through 111 are incorporated herein by reference.

113.  Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

114.  Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ALPHA-CENTURION SECURITY, INC.

115.  The averments of paragraphs 1 through 114 are incorporated herein by reference.

116.  Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, negligently committed the acts averred in this

Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

117. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

118. The averments of paragraphs 1 through 117 are incorporated herein by reference.

119. By knowingly renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

120. Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

121.    The averments of paragraphs 1 through 120 are incorporated herein by reference.

122.    By failing to report, intervene, disrupt or otherwise stop the trafficking of Plaintiff M.B., Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

123.    By having knowledge of commercial sex activity and failing to intervene, Defendant Alpha-Centurion Security, Inc. intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

124.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**


BY: */s/ Nadeem A. Bezar*
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

## **VERIFICATION**

I, M███ B███, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Second Amended Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.



M███ B███

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Second Amended Complaint was filed with the Court on August 27, 2018 and served by electronic filing upon counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Defendant Alpha-Centurion Security, Inc.*

By:    */s/ Nadeem A. Bezar*
       THOMAS R. KLINE, ESQUIRE
       NADEEM A. BEZAR, ESQUIRE
       EMILY B. MARKS, ESQUIRE
       Attorney for Minor-Plaintiffs

Case ID: 170300712

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com
      doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |
| | : | |
| | : | |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S REPLY IN SUPPORT OF THEIR PRELIMINARY OBJECTION TO STRIKE SCANDALOUS AND IMPERTINENT MATTER IN PLAINTIFF'S SECOND AMENDED COMPLAINT

The central tenet of Defendants' Preliminary Objection is that Paragraphs 27, 28 and 29

contain no support for Plaintiff's human sex trafficking claims and must therefore be stricken as

scandalous and impertinent matter. Specifically, the allegations in these paragraphs fail to

demonstrate that Defendants "knew" or were "aware" that Plaintiff was allegedly being

150213.00601/113038169v.1

trafficked at the Roosevelt Inn.  Plaintiff's Opposition contains no support to suggest otherwise.  In fact, the Opposition fails to explain how allegations of "aggravated assault, domestic abuse, theft, weapon violations, rape, [] drug offenses, disorderly conduct and a video recorded shooting" – committed by unrelated third parties during a five (5) year period when Plaintiff admits she was not at the Roosevelt Inn – support the "knowledge" requirement of her human trafficking claims.

Instead, Plaintiff's Opposition presumes what she seeks to prove.  Rather than explain the relevance of her allegations, Plaintiff argues that Defendants owed a duty to protect Plaintiff from foreseeable third party conduct and summarily concludes that Paragraphs 27, 28 and 29 "outline how the Roosevelt Inn Defendants were aware of sex traffickers operating at the Roosevelt Inn, and the Roosevelt Inn knowingly rented rooms at the motel to these individuals." However, Paragraphs 27, 28 and 29 do not mention "sex traffickers."  Further, a plain reading of these paragraphs fails to reveal how allegations of non-sex related criminal activity at a time when Plaintiff was not at the Roosevelt Inn demonstrate that "the Roosevelt Inn Defendants were aware of sex traffickers operating at the Roosevelt Inn."  Plaintiff's circular argument must be disregarded.

Plaintiff's allegations of unrelated criminal activity and resulting police investigations have no bearing on her human trafficking claims.   Said allegations do not demonstrate "knowledge" or "awareness" that sex trafficking was allegedly occurring at the Roosevelt Inn or that Plaintiff was allegedly a sex trafficking victim.  Paragraphs 27, 28 and 29 are therefore immaterial and unnecessary to prove Plaintiff's claims and must be stricken from the Second Amended Complaint as scandalous and impertinent matter.

150213.00601/113038169v.1

Case ID: 170300712

Control No.: 18090993

Respectfully Submitted,

**BLANK ROME LLP**

*/s/ Grant S. Palmer*

Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: October 5, 2018                (215) 569-5500

3

Case ID: 170300712

Control No.: 18090993

## <u>CERTIFICATE OF SERVICE</u>

I, Grant S. Palmer, Esquire, hereby certify that, on this 5th day of October 2018, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Reply in Support of Preliminary Objection in the Nature of a Motion to Strike to be served via electronic and/or first class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

/s/ Grant S. Palmer
GRANT S. PALMER

Case ID: 170300712
Control No.: 18090993

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
     NADEEM A. BEZAR, ESQUIRE/63577
     EMILY B. MARKS, ESQUIRE/204405
     KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff and Attested by the Office of Judicial Records 09 OCT 2018 12:35 pm A. SILIGRINI

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF M.B.'S REPLY TO NEW MATTER OF DEFENDANT ALPHA-CENTURION SECURITY, INC.

Plaintiff, by and through counsel, Kline & Specter, P.C., hereby replies to New Matter of Defendant Alpha-Centurion Security, Inc. as follows:

125.    This is an incorporation paragraph to which no response is required.

126.    Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

127.    Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

128.    Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

129.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

130.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

131.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

132.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

133.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

134.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

135.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

136.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed

Case ID: 170300712

factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

137. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

138. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

139. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

140. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

141. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

142. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

143. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

144. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

145.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

146.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

147.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

148.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

149.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**ALPHA-CENTURION SECURITY, INC. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL**

150.    This is an incorporation paragraph to which no response is required.

151. – 152.    Paragraphs 151 through 152 are directed to a party other than Plaintiff, and no response is required.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

Dated: October 9, 2018

## **VERIFICATION**

I, KYLE B. NOCHO, ESQUIRE, hereby state that I am the attorney for the Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff M.B.'s Reply to New Matter of Defendant Alpha-Centurion Security, Inc. are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
KYLE B. NOCHO, ESQUIRE
Attorney for Plaintiff

Dated: October ___, 2018

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of October, 2018, the foregoing

Plaintiff's Reply to New Matter of Defendant Alpha-Centurion Security, Inc. was electronically

filed and served upon acceptance electronically the below listed counsel:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

**KLINE & SPECTER, P.C.**

BY: _____
KYLE B. NOCHO, ESQUIRE
Attorney for Plaintiff

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:     Thomas P. Wagner, Esquire
Identification No.:        27145
BY:     Robert W. Stanko, Esquire
Identification No.        208830
BY:     Melanie J. Foreman, Esquire
Identification No.:       317951
2000 Market Street, Suite 2300
Philadelphia PA 19103
(215) 575-2600

*Filed and Attested by the*
*Office of Judicial Records*
*09 OCT 2018 11:18 am*
*C. FORTE*

Attorneys for Defendant,
Alpha-Centurion Security, Inc (incorrectly
named as Alpha-Centurion Security, Inc.
d/b/a Alpha Century Security, Inc.)

|  |  |  |
|---|---|---|
| M.B. minor by her Guardian, WILLIAM A. CALANDRA, ESQUIRE | : : : | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| Plaintiff | : : : | MARCH TERM, 2017 |
| v. | : : : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN and UFVS MANAGEMENT COMPANY, LLC and YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURY SECURITY, INC. | : : : : : : : : : | NO. 00712   <u>JURY TRIAL DEMANDED</u> |
| Defendants | : : | |

## <u>PRAECIPE TO ATTACH</u>

**TO THE PROTHONOTARY:**

Kindly attach the herein Verification of Joanna Small to Defendant, Alpha-Centurion Security, Inc.'s Answer to Plaintiff's Second Amended Complaint with New Matter and New Matter Cross Claims, filed of record with the Court on September 29, 2018.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY:_____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc. (incorrectly
        named as Alpha-Centurion Security, Inc.
        d/b/a Alpha Century Security, Inc.)

Dated:  <u>October 9, 2018</u>

LEGAL/118827977.v1

## <u>VERIFICATION</u>

Filed and Attested by the
Office of Judicial Records
03 OCT 2018 11:18 am
C. FORTE

Joanna Small, being duly sworn according to law, deposes and verifies that the

statements made in the foregoing Answer of Defendant, Alpha-Centurion Security, Inc. to

Plaintiff's Second Amended Complaint are true to the best of her knowledge, information, and

belief. The undersigned understands that the statements therein are made subject to the penalties

of 18 Pa. Cons. Stat. § 4904 relating to unsworn falsification to authorities.

Joanna Small

Date: 10/1/18

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.:  76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.:  309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com
      doberdick@blankrome.com

*Attorneys for Defendants*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

*Filed and Attested by the
Office of Judicial Records
09 OCT 2018 03:17 pm
S. RUTKOWSKI*

|  |  |  |
|---|---|---|
| M.B | : | COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY |
|  | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.:  00712 |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |  |
| ROOSEVELT INN CAFÉ, et al., | : |  |
|  | : |  |
| Defendnats. | : |  |
|  | : |  |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S
## ANSWER TO ALPHA-CENTURION SECURITY, INC.'S CROSSCLAIMS

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

("Answering Defendants"), by their undersigned counsel, hereby file this Answer to Defendant

Alpha-Centurion Security, Inc.'s crossclaims as follows:

1

Case ID: 170300712

150.    Denied.  This is an incorporation paragraph to which no response is required.  To the extent a response is required, Answering Defendants incorporate by reference their Answer to Plaintiff's Second Amended Complaint as if fully set forth herein.

151.    Denied.  It is specifically denied that Answering Defendants were negligent, careless and/or reckless at any time material hereto.  By way of further response, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments are denied, and strict proof thereof is demanded at trial.

152.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments are denied, and strict proof thereof is demanded at trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

BLANK ROME LLP

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: October 9, 2018                          (215) 569-5500

2

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, James J. Quinlan, Esquire, hereby certify that a true and correct copy of the foregoing Answer to Defendant Alpha-Centurion Security, Inc.'s Crossclaims was served this 9th day of October, 2018, upon all counsel of record via the Court's E-Filing system and/or other electronic mail.

*/s/ James J. Quinlan*
JAMES J. QUINLAN

3

# COMMONWEALTH OF PENNSYLVANIA
## COUNTY OF PHILADELPHIA

*Filed and Attested by the
Office of Judicial Records
10 OCT 2018 04:18 pm
C. FORTE*

M.B., a minor by her Guardian, William A. Calandra,
Esquire

Court of Common Pleas

vs.

Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,
UFVS Management Co, LLC, and Yagna Patel

Case Number: 170300712

## CERTIFICATE PREREQUISITE TO THE SERVICE OF A SUBPOENA
## PURSUANT TO RULE 4009.22

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers, Esquire certifies that:

(1) A notice of intent to serve the subpoena with a copy of the subpoena attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoena is sought to be served;

(2) A copy of the notice of intent, including the proposed subpoena, is attached to this certificate;

(3) No objection to the subpoena has been received, and;

(4) The subpoena which will be served is identical to the subpoena which is attached to the notice of intent to serve the subpoena.

Date: 10/04/2018

Litigation Solutions, LLC on behalf of

Justina Byers, Esquire

Attorney for the Defendant

CC:
Justina Byers, Esquire
Blank Rome LLP
130 North 18th St.
One Logan Square
Philadelphia, PA 19103
215-569-5500

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Justina Byers, Esquire

Signature:

Name: Litigation Solutions,LLC

Attorney No. (if applicable): 76773

## PENNSYLVANIA COURT OF COMMON PLEAS

### COUNTY OF PHILADELPHIA

| | |
|---|---|
| M.B., a minor by her Guardian, William A. Calandra, Esquire<br>vs.<br>Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Co, LLC, and Yagna Patel | Court of Common Pleas<br><br>170300712 |

### NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

| Provider: | Record Type: |
|---|---|
| Bensalem Police Department | Miscellaneous |

TO: Nadeem Bezar, Esquire

note: please see enclosed list of all other interested counsel

Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers, Esquire intends to serve a subpoena identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If the twenty day notice period is waived or if no objection is made, then the subpoena may be served.

Date of Issue: 09/07/2018

CC: Justina Byers, Esquire of Blank Rome LLP - Court of Common Pleas

Litigation Solutions, LLC on behalf of:
Justina Byers, Esquire
Defense

If you have any questions regarding this matter, please contact:
Litigation Solutions, LLC (412.263.5656)
Brentwood Towne Centre
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227

**COUNSEL LISTING FOR M.B., A MINOR BY HER GUARDIAN, WILLIAM A. CALANDRA, ESQUIRE VS. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT CO, LLC, AND YAGNA PATEL**

### County of Philadelphia Court of Common Pleas

| Counsel | Firm | Counsel Type |
|---|---|---|
| Bezar, Esquire, Nadeem | 1525 Locust Street<br>Philadelphia, PA 19102<br>P: 215-772-1000 F: 215-772-1005 | Opposing Counsel |
| Stanko, Esquire, Robert | 2000 Market Street Suite 2300<br>Philadelphia, PA 19103<br>P: 215-575-2600 F: 215-575-0856 | Other |



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No.____00712_____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Bensalem Police Department_____

*(Name of Person or Entity)*

     Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____

*(Address)*

     You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

     If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:    Justina Byers, Esquire

Date: September 07, 2018

Address:   130 North 18th Street
             One Logan Square
             Philadelphia, PA 19103

Subp.#132648321-S

Telephone:    215 569-5500

Supreme Court ID#:

Attorney for:

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Bensalem Police Department
2400 Byberry Road
Bensalem PA 19020
Attention: Records Department

Subject: Lopez, Abdul

**Requested Items:**
Please Remit: Any and all records, in unredacted form, pertaining Abdul Lopez (a/k/a Dudu who resided at or was associated with an address on Marlowe Street, Philadelphia, PA) including but not limited to records involving prostitution, solicitation, human trafficking and/or any other criminal activity, from 2012 to the present, including any and all related arrest reports, incident reports, reports of telephone calls, phone records, witness statements, handwritten notes, typed reports, Affidavits of Probable Cause, information filed, related criminal records, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, and any other documents in your file relating to Abdul Lopez.

**FILED**

28 SEP 2018 12:37 pm

**Civil Administration**

C. KEENAN

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| William A. Calandra, Esquire | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| v. | : | |
| | : | NO. 00712 |
| ROOSEVELT INN LLC | : | **DOCKETED** |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | OCT 1 0 2018 |
| | : | |

F. BROWN
DAY FORWARD

## ORDER

AND NOW, this _10th_ day of _October_, 2018, upon consideration of

Plaintiff's Response and Memorandum of Law in Opposition to Defendants Roosevelt Inn LLC

d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn,

UFVS Management Company, LLC and Yagna Patel's (collectively "Roosevelt Inn Defendants"

or "Moving Defendants") Preliminary objections, and any response thereto, it is hereby:

**ORDERED** and **DECREED** that Moving Defendants' Preliminary Objections are

**OVERRULED.** Moving Defendants shall file an Answer to Plaintiff's Second Amended

Complaint within 20 (twenty) days from the date of this Order.

BY THE COURT:

_Quassiah Jackson_ J.

B. Etal Vs Roosevelt Inn Llc Etal-ORDER

17030071200111

Case ID: 170300712

Control No.: 18090993

**KLINE & SPECTER, P.C.**
BY:  THOMAS R. KLINE, ESQUIRE/28895
NADEEM A. BEZAR, ESQUIRE/63577
EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
17 OCT 2018 04:49 pm
C. FORTE

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY: _____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Date: 10/17/18

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Date: 10|17|18

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

**KLINE & SPECTER, P.C.**          *Attorneys for Plaintiff*
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have

twenty (20) days from the date listed below in which to file of record and serve upon the

undersigned any objection to the Subpoenas.  If no objection is made, the Subpoena may be

served.

- ▪ **Bensalem Township Police Department**



**KLINE & SPECTER, P.C.**


BY:   _____
         EMILY B. MARKS, ESQUIRE
         *Attorney for Plaintiff*

Date: ___9/24/18___

Case ID: 170300712

**CERTIFICATE OF SERVICE**

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Date: 9/24/18

EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17____

No.____00712_____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Bensalem Township Police Department_____
*(Name of Person or Entity)*

    Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum

at: _Kline & Specter, P.C. 1525 Locust Street  Philadelphia PA 19102_____
*(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:     Emily B. Marks, Esquire

Date: September 24, 2018     Address:     Kline & Specter, P.C.
                                   1525 Locust Street
                                   Philadelphia, PA 19102

Subp.#132886942-1

Telephone:     215 772-0524

Supreme Court ID#: 204405

Attorney for:     Plaintiff

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL     :     Court of Common Pleas
                                         :
                                         :                  March     Term,   17
                                         :
                                         :       No.     00712

TO:   Bensalem Township Police Department
                    *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena.  Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,
or the Certificate of Compliance,
to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                              *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be produced pursuant to the subpoena issued on _____ have been produced.
                                                    *(Date of Subpoena)*

Date: _____

                              _____
                                  *(Signature of Person Served with Subpoena)*

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Bensalem Township Police Department**
**2400 Byberry Road**
**Bensalem, PA 19020**

**Attn: Custodian of Records**

**RECORDS PERTAIN TO:**

> **IR# 10-18278**
> **Lamont Young**

Within twenty (20) days after the service of this subpoena, you are to produce ***a complete***
***copy of any and all records*** pertaining to Incident Report: 10-18278 and Lamont Young
including, but not limited to, <u>JNET photographs</u> of Lamont Young "a/k/a Abdul a/k/a Do",
police incident reports, arrest reports, investigation reports, video recordings, audio recordings,
electronic recordings, handwritten notes, diagrams, drawings, recorded interviews of any kind,
witness statements, photographs, press releases, Affidavits of Probable Cause, depositions or
other sworn testimony, search warrants, and any other documents.

**KLINE & SPECTER, P.C.**
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
17 OCT 2018 04:49 pm
C. FORTE

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
## PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY: _____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Date: __10/17/18__

**CERTIFICATE OF SERVICE**

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Date: 10|17|18

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

**KLINE & SPECTER, P.C.**　　　　　　　　　*Attorneys for Plaintiff*
BY:　THOMAS R. KLINE, ESQUIRE/28895
　　　NADEEM A. BEZAR, ESQUIRE/63577
　　　EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

　　　Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned any objection to the Subpoenas. If no objection is made, the Subpoena may be served.

- ▪ **Bensalem Township Police Department**


　　　　　　　　　　　　　　　　**KLINE & SPECTER, P.C.**

　　　　　　　　　　BY:　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　EMILY B. MARKS, ESQUIRE
Date: ＿9/24/18＿　　　　　　*Attorney for Plaintiff*

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and

correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of

record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*


Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*


Date: ___9/24/18___      _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_____

No._____00712_____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Bensalem Township Police Department_____
*(Name of Person or Entity)*

     Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum

at: _Kline & Specter, P.C. 1525 Locust Street  Philadelphia PA 19102_____
*(Address)*

     You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

     If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: September 24, 2018

Name:     Emily B. Marks, Esquire

Address:     Kline & Specter, P.C.
                1525 Locust Street
                Philadelphia, PA 19102

Telephone:     215 772-0524

Supreme Court ID#: 204405

Attorney for:     Plaintiff

Subp.#13288694211

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL    :    Court of Common Pleas

                   :

                   :               March     Term, _17_

                   :

                   :    No. ___00712___

TO: _Bensalem Township Police Department_
            *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                 *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                       *(Date of Subpoena)*

Date: _____

                     _____
                     *(Signature of Person Served with Subpoena)*

Case ID: 170300712

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Bensalem Township Police Department**
**2400 Byberry Road**
**Bensalem, PA 19020**

**Attn:  Custodian of Records**

**RECORDS PERTAIN TO:**

> **IR# 10-18278**
> **Lamont Young**

     Within twenty (20) days after the service of this subpoena, you are to produce *a complete copy of any and all records* pertaining to Incident Report: 10-18278 and Lamont Young including, but not limited to, <u>JNET photographs</u> of Lamont Young "a/k/a Abdul a/k/a Do", police incident reports, arrest reports, investigation reports, video recordings, audio recordings, electronic recordings, handwritten notes, diagrams, drawings, recorded interviews of any kind, witness statements, photographs, press releases, Affidavits of Probable Cause, depositions or other sworn testimony, search warrants, and any other documents.

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com
doberdick@blankrome.com

**TO DEFENDANTS: YOU ARE HEREBY NOTIFIED TO FILE A WRITTEN RESPONSE TO THE ENCLOSED VERIFIED JOINDER COMPLAINT WITHIN TWENTY (20) DAYS OF SERVICE HEREOF OR A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU.**

*/s/ Grant S. Palmer*
*Grant S. Palmer, Esquire*
*Attorney for Defendants*
Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

| | | |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| v. | : | MARCH TERM, 2017 NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | : | JURY TRIAL DEMANDED |
| Defendants, | : | |
| v. | : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : | |
| Additional Defendants. | : | |

**NOTICE TO DEFEND**

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Second Amended Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Second Amended Complaint of for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-619

150213.00601/113454270v.1

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com
doberdick@blankrome.com

**TO DEFENDANTS: YOU ARE HEREBY NOTIFIED TO FILE A WRITTEN RESPONSE TO THE ENCLOSED VERIFIED JOINDER COMPLAINT WITHIN TWENTY (20) DAYS OF SERVICE HEREOF OR A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU.**

*/s/ Grant S. Palmer*
*Grant S. Palmer, Esquire*
*Attorney for Defendants*
Roosevelt Inn LLC d/b/a Roosevelt Inn and
Roosevelt Inn Café, Roosevelt Motor Inn, Inc.
d/b/a Roosevelt Motor Inn, UFVS Management
Company, LLC and Yagna Patel

| | | |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| v. | : | MARCH TERM, 2017 NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | : | JURY TRIAL DEMANDED |
| Defendants, | : | |
| v. | : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : | |
| Additional Defendants. | : | |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S JOINDER COMPLAINT

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel,

3

by and through their attorneys, Blank Rome LLP, pursuant to Pennsylvania Rule of Civil Procedure 2252, hereby file this Complaint to Join Additional Defendants Daiquan Davis and Abdul Lopez, and in support thereof, aver as follows:

1.  On August 27, 2018, Plaintiff filed a Second Amended Complaint against five defendants, including Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel.

2.  Plaintiff alleges that, commencing in 2014, when she was fourteen (14) years old, she was recruited, enticed, solicited, harbored, and/or transported by traffickers to engage in commercial sex acts. *See* Plaintiff's Second Amended Complaint at ¶¶5; 30, attached as Exhibit "A."

3.  Plaintiff alleges that her traffickers posted internet advertisements for the purpose of prostituting her that would include a fake name for Plaintiff and a phone number to call. *Id*. at ¶¶44-45.

4.  Plaintiff alleges that "Johns" would call the phone number listed on these internet advertisements and negotiate sex for cash. *Id.* at ¶46.

5.  Plaintiff alleges that during 2014, she was trafficked at the Roosevelt Inn, located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152. *Id*. at ¶¶4; 6; 30.

6.  Plaintiff alleges that "Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn." *Id*. at ¶67.

150213.00601/113454270v.1

7.     Plaintiff alleges that her traffickers consistently displayed "Do Not Disturb" signs on the doors to the motel rooms and consistently refused housekeeping services.  *See* Exhibit "A" at ¶ 59.

8.     Plaintiff claims to have suffered the following as a result of the alleged sex trafficking: "physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future."  *See* Ex. A, at ¶ 80.

9.     Plaintiff claims that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel owned, operated and/or managed the Roosevelt Inn, and, individually and/or by and through their actual or apparent agents, servants and employees, "knew or had constructive knowledge" of the signs of human trafficking, knowingly rented rooms to the traffickers and failed to report or otherwise intervene while Plaintiff was allegedly trafficked. *Id.* at ¶¶6-9; 68-69; 72-74.

10.     During the course of discovery, Plaintiff identified Daiquan Davis and Abdul Lopez as the traffickers who allegedly recruited, enticed, solicited, harbored, and/or transported her for the purpose of causing and/or permitting her to be engaged in commercial sex acts at the Roosevelt Inn.

11.     Upon information and belief, Daiquan Davis is an adult male currently incarcerated in the Berlin Federal Detention Center, New Hampshire.

12.     Upon information and belief, Abdul Lopez is currently incarcerated in the United States Penitentiary located in Tucson, Arizona.

## COUNT I
## NEGLIGENCE
## (AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)

13.     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

14.     If Plaintiff's allegations are true, then Additional Defendants Daiquan Davis and Abdul Lopez breached the standard of reasonable care by recruiting, enticing, soliciting, harboring, and/or transporting Plaintiff for the purpose of causing and/or permitting her to be engaged in commercial sex acts.

15.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

16.     In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the parts of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn,

6

Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendants Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

**COUNT II**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)**

17.      Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

18.      If Plaintiff's allegations are true, then by recruiting, enticing, soliciting, harboring, and/or transporting Plaintiff for the purpose of causing and/or permitting her to be engaged in commercial sex acts, Additional Defendants Daiquan Davis and Abdul Lopez negligently caused Plaintiff to suffer fear, depression, humiliation, mental anguish, and severe physical and emotional distress and thereby committed the tort of negligent infliction of emotional distress.

19.      If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

7

20.     In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the part of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendants Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)

21.     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

8

22.    If Plaintiff's allegations are true, then by recruiting, enticing, soliciting, harboring, and/or transporting Plaintiff for the purpose of causing and/or permitting her to be engaged in commercial sex acts, Additional Defendants Daiquan Davis and Abdul Lopez intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish, and severe physical and emotional distress and thereby committed the tort of intentional infliction of emotional distress.

23.    If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

24.    In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the part of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendant Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

9

**COUNT IV**
**NEGLIGENCE *PER SE***
**(AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)**

25.     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

26.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis and Abdul Lopez violated, themselves or in concert with others, the following criminal statutes, all of which are intended to protect a class of individuals that includes Plaintiff:

      a.   Aggravated Assault, 18 Pa.C.S.A. § 2702;

      b.   Reckless Endangerment, 18 Pa.C.S.A. § 2705;

      c.   Kidnapping, 18 Pa.C.S.A. § 2901;

      d.   Unlawful Restraint, 18 Pa.C.S.A. § 2902;

      e.   False Imprisonment, 18 Pa.C.S.A. § 2903;

      f.   Criminal Coercion, 18 Pa.C.S.A. § 2906;

      g.   Rape, 18 Pa.C.S.A. § 3121;

      h.   Statutory Sexual Assault, 18 Pa.C.S.A. § 3122.1;

      i.   Involuntary Deviate Sexual Intercourse, 18 Pa.C.S. § 3123;

      j.   Sexual Assault, 18 Pa.C.S.A. § 3124.1;

      k.   Promoting Prostitution of a Minor, 18 Pa.C.S.A. § 5902(b);

      l.   Sexual Abuse of a Child, 18 Pa.C.S.A. § 6312;

      m.   Unlawful Contact with a Minor, 18 Pa.C.S.A. § 6318;

n. Sexual Exploitation of a Minor, 18 Pa.C.S.A. § 6320; and

o. Sex Trafficking of Children by Force, Fraud, or Coercion, 18 U.S.C. § 1591.

27. If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's violation of these statutes constitutes negligence *per se*.

28. If Plaintiff's allegations concerning trafficking are true and the facts demonstrate that Additional Defendants Daiquan Davis and Abdul Lopez trafficked Plaintiff and violated 18 PA C.S.A § 3051 during the applicable statutory time period, then Daiquan Davis' and Abdul Lopez's actions constitute negligence *per se*.

29. If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

30. In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the part of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC

150213.00601/113454270v.1

and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendants Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

BLANK ROME LLP

_/s/ Grant S. Palmer_
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: October 18, 2018                                    (215) 569-5500

12

## VERIFICATION

I, Yagna Patel, state that I am a defendant in the above captioned action, and verify that:

I have read the foregoing Joinder Complaint of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel against Additional Defendants Daiquan Davis and Abdul Lopez which was prepared using information compiled by myself, employees of Defendants and our counsel, and the information set forth herein is true and correct to the best of my knowledge, information and belief.

I understand that this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 10/17/18

_____
YAGNA PATEL          MANAGER

13

150213,00601/113454270v.1

## VERIFICATION

I, Anthony P. Uzzo, state that I am authorized to make this Verification on behalf of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, and UFVS Management Company, LLC, defendants in the above captioned action, and verify that:

I have read the foregoing Joinder Complaint of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel against Additional Defendants Daiquan Davis and Abdul Lopez which was prepared using information compiled by myself, employees of Defendants and our counsel, and the information set forth herein is true and correct to the best of my knowledge, information and belief.

I understand that this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 10/17/18

_____
ANTHONY P. UZZO

150213.00601/113454270v.1

## <u>CERTIFICATE OF SERVICE</u>

I, Grant S. Palmer, Esquire, hereby certify that, on this 18th day of October 2018, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Joinder Complaint to be served via the court's electronic filing system and/or first class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

*/s/ Grant S. Palmer*
GRANT S. PALMER

15

Filed and Attested by the
Office of Judicial Records
23 OCT 2018 03:50 pm
M. TIERNEY

M.B., a minor by her Guardian, William  :
A. Calandra, Esquire               :
               Plaintiff,  :
                       :
     v.                 :
                       :
Roosevelt Inn LLC, Roosevelt Motor Inn, :
Inc., UFVS Management Co, LLC, and  :
Yagna Patel                 :
            Defendants.  :
                       :

**Court of Common Pleas**
**Philadelphia County**

**March Term 2017**

**No. 00712**

## ORDER

**AND NOW**, this _____ day of _____, 2018 upon consideration of Bensalem Township's Motion for Protective Order, and any response thereto, it is hereby **ORDERED** that the Township Police Department is **not** required to turn over the discovery sought in Defendants' Subpoena to Produce Documents or Things for Discovery Pursuant to Rule 4009.22 – specifically for: "Any and all records, in unredacted form, pertaining Abdul Lopez (a/k/a Dudu who resided at or was associated with an address on Marlowe Street, Philadelphia, PA) including but not limited to records involving prostitution, solicitation, human trafficking and/or any other criminal activity, from 2012 to the present, including any and all related arrest reports, incident reports, reports of telephone calls, phone records, witness statements, handwritten notes, typed reports, Affidavits of Probable Cause, information filed, related criminal records, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, and any other documents in your file relating to Abdul Lopez."

{00860257;v1}

BY THE COURT:

_____

J.

**RUDOLPH CLARKE, LLC**
BY: **Michael L. Barbiero, Esquire**
**Attorney I.D. No. 82933**
BY: **Noah Marlier, Esquire**
**Attorney I.D. No. 308985**
**Seven Neshaminy Interplex**
**Suite 200**
**Trevose, PA 19053**          ***ATTORNEYS FOR BENSALEM TOWNSHIP***
**(215) 633-1890**

---

|  |  |  |
|---|---|---|
| **M.B., a minor by her Guardian, William A. Calandra, Esquire** | : : : | |
| **Plaintiff,** | : : | **Court of Common Pleas Philadelphia County** |
| **v.** | : : | **March Term 2017** |
| **Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Co, LLC, and Yagna Patel** | : : : | **No. 00712** |
| **Defendants.** | : : | |

---

## MOTION FOR PROTECTIVE ORDER

Bensalem Township ("Township"), by and through its attorneys Michael L. Barbiero, Esquire, and Noah Marlier, Esquire, and per Pennsylvania Rule of Civil Procedure 4012(a), respectfully requests that this Honorable Court issue an Order that the Township Police Department ("Department") is not required to turn over the documents requested in Defendants' subpoena dated September 7, 2018 to the Department regarding the above referenced case, and in support thereof, alleges the following:

1. Justina Byers, Esquire, counsel for the Defendants, sent the Department a "Subpoena to Produce Document or Things for Discovery Pursuant to Rule 4009.22" dated September 7, 2018. A true and accurate copy of the subpoena along with an

accompanying cover letter is attached hereto, incorporated herein, and collectively labeled as Exhibit 1.

2. The subpoena requests, "Any and all records, in unredacted form, pertaining Abdul Lopez (a/ka/a Dudu who resided at or was associated with an address on Marlowe Street, Philadelphia, PA) including but not limited to records involving prostitution, solicitation, human trafficking and/or any other criminal activity, from 2012 to the present, including any and all related arrest reports, incident reports, reports of telephone calls, phone records, witness statements, handwritten notes, typed reports, Affidavits of Probable Cause, information filed, related criminal records, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, and any other documents in your file relating to Abdul Lopez." See Exhibit 1.

3. Upon information and belief, the Defendants are seeking police investigatory information relative to a criminal matter.

4. The Criminal History Record Information Act ("CHRIA") regulates the manner in which a criminal justice agency retains and disseminates protected information. 18 Pa.C.S. §9106(b-c).

5. "Protected information" is comprised of, among other things, "investigative information." 18 Pa.C.S. §9106(b).

6. "Investigative information" is, among other things, police incident reports that contain "information assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing[.]" 18 Pa.C.S. §9102.

7. CHRIA clearly states, "Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic." 18 Pa.C.S. § 9106(c)(4).

8. The Commonwealth Court defined "investigative information" broadly, holding that information on sexual offenders kept with the Pennsylvania State Police ("State Police") was information used as an "investigatory tool," and thus was "investigative information" that the State Police could not turn over even to the Pennsylvania Auditor General. Dep't of the Auditor Gen. v. Pa. State Police, 844 A.2d 78, 82 (Pa. Commw. Ct. 2004) (Auditor General).

9. The Commonwealth Court has further clarified that "investigative content…would include activities such as taking measurements, collecting evidence, or physically inspecting or analyzing an accident scene." Pa. State Police v. Grove, 119 A.3d 1102, 1109 (Pa. Commw. Ct. 2015), aff'd by Pa. State Police v. Grove, WL 2645401 (Pa. 2017).

10. Even when documents contain some information that a criminal justice agency may release, when said documents also contain protected investigative information, said documents shall not be turned over to a non-criminal justice agency. In re Pittsburgh Citizen Police Review Bd., 36 A.3d 631 (Pa. Commw. Ct. 2011).

11. Like the information the Commonwealth Court deemed investigative in Auditor General, the information sought in the instant case is investigative information.

12. CHRIA prohibits the Department from turning over the investigative information requested by the Defendants in the subpoena dated September 7, 2018, as the Defendants are not an "authorized member" or a "criminal justice agency."

13. Rule 4012(a) of the Pennsylvania Rules of Civil Procedure provides that a court may enter a protective order "upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown." Pa.R.C.P. 4012(a).

14. The court is empowered to "make any order which justice requires to protect …[the] person from unreasonable annoyance, embarrassment, oppression, burden or expense[.]" Pa.R.C.P. 4012(a).

15. Among the court's enumerated powers under Rule 4012(a) is the court's ability to enter an order "that the discovery … shall be prohibited." Pa.R.C.P. 4012(a)(1).

16. Furthermore, the contours of discovery are not boundless. A party may only obtain discovery regarding matters that are not privileged. Pa.R.C.P. 4003.1.

**WHEREFORE**, for the foregoing reasons, Bensalem Township respectfully requests that This Honorable Court issue a protective order stating that the Department does not have to turn over the investigatory information sought in Defendants' subpoena to the Department dated September 7, 2018.

Respectfully submitted,

Rudolph Clarke, LLC

By: _____
Michael L. Barbiero, Esquire
Noah Marlier, Esquire
*Attorneys for Bensalem Township*

Date: _10/23/18_

**RUDOLPH CLARKE, LLC**
BY:  **Michael L. Barbiero, Esquire**
**Attorney I.D. No. 82933**
BY:  **Noah Marlier, Esquire**
**Attorney I.D. No. 308985**
**Seven Neshaminy Interplex**
**Suite 200**
**Trevose, PA  19053**          *ATTORNEYS FOR BENSALEM TOWNSHIP*
**(215) 633-1890**

---

|  |  |  |
|---|---|---|
| | : | |
| **M.B., a minor by her Guardian, William** | : | |
| **A. Calandra, Esquire** | : | |
| **Plaintiff,** | : | **Court of Common Pleas** |
| | : | **Philadelphia County** |
| **v.** | : | |
| | : | **March Term 2017** |
| **Roosevelt Inn LLC, Roosevelt Motor Inn,** | : | |
| **Inc., UFVS Management Co, LLC, and** | : | **No. 00712** |
| **Yagna Patel** | : | |
| **Defendants.** | : | |
| | : | |

---

## CERTIFICATE OF SERVICE

I, Noah Marlier, Esquire hereby certify that on October __23__, 2018, I served the

within Motion for Protective Order upon the following:

Justina Byers, Esquire
Blank Rome LLP
130 North 18th Street
One Logan Street
Philadelphia, PA 19103

Nadeem Bezar, Esquire
1525 Locust Street
Philadelphia, PA 19102

Robert Stanko, Esquire
2000 Market Street
Suite 2300
Philadelphia, PA 19103

Noah Marlier, Esquire
*Attorney for Bensalem Township*

Date: October 23 , 2018

## VERIFICATION

Noah Marlier, Esquire verifies that he is the attorney for the party filing the foregoing document, that he is empowered to sign this Verification on behalf of the party filing the foregoing document, and he further verifies that he has sufficient knowledge or information based upon his own investigation of the matters set forth in the foregoing document, to make this Verification; and that the facts set forth in the foregoing document are true and correct to the best of his knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

Noah Marlier, Esquire
*Attorney for Bensalem Township*

# EXHIBIT "A"



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No._ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Bensalem Police Department_____
*(Name of Person or Entity)*

     Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____
*(Address)*

     You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

     If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: September 07, 2018

Name:    Justina Byers, Esquire
Address:   130 North 18th Street
          One Logan Square
          Philadelphia, PA 19103

Telephone:   215 569-5500
Supreme Court ID#:
Attorney for:

Subp.#13264832

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Bensalem Police Department
2400 Byberry Road
Bensalem PA 19020
Attention: Records Department

Subject: Lopez, Abdul
SS#:
Date of Birth:

**Requested Items:**
Please Remit: Any and all records, in unredacted form, pertaining Abdul Lopez (a/k/a Dudu who resided at or was associated with an address on Marlowe Street, Philadelphia, PA) including but not limited to records involving prostitution, solicitation, human trafficking and/or any other criminal activity, from 2012 to the present, including any and all related arrest reports, incident reports, reports of telephone calls, phone records, witness statements, handwritten notes, typed reports, Affidavits of Probable Cause, information filed, related criminal records, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, and any other documents in your file relating to Abdul Lopez.

M.B., a minor by her Guardian, William  :
A. Calandra, Esquire  :
            Plaintiff,  :
  :
      v.  :
  :
Roosevelt Inn LLC, Roosevelt Motor Inn,  :
Inc., UFVS Management Co, LLC, and  :
Yagna Patel  :
          Defendants.  :
  :

**Court of Common Pleas**
**Philadelphia County**

**March Term 2017**

**No. 00712**

*Filed and Attested by the*
*Office of Judicial Records*
*23 OCT 2018 03:50 pm*
*M. TIERNEY*

## ORDER

    **AND NOW**, this _____ day of _____, 2018 upon consideration of Bensalem Township's Motion for Protective Order, and any response thereto, it is hereby **ORDERED** that the Township Police Department is **not** required to turn over the discovery sought in Defendants' Subpoena to Produce Documents or Things for Discovery Pursuant to Rule 4009.22 – specifically for: "Any and all records, in unredacted form, pertaining Abdul Lopez (a/k/a Dudu who resided at or was associated with an address on Marlowe Street, Philadelphia, PA) including but not limited to records involving prostitution, solicitation, human trafficking and/or any other criminal activity, from 2012 to the present, including any and all related arrest reports, incident reports, reports of telephone calls, phone records, witness statements, handwritten notes, typed reports, Affidavits of Probable Cause, information filed, related criminal records, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, and any other documents in your file relating to Abdul Lopez."

Case ID: 170300712

BY THE COURT:

_____
J.

**RUDOLPH CLARKE, LLC**
BY: **Michael L. Barbiero, Esquire**
**Attorney I.D. No. 82933**
BY: **Noah Marlier, Esquire**
**Attorney I.D. No. 308985**
**Seven Neshaminy Interplex**
**Suite 200**
**Trevose, PA 19053**　　　　*ATTORNEYS FOR BENSALEM TOWNSHIP*
**(215) 633-1890**

---

|  |  |  |
|---|---|---|
| **M.B., a minor by her Guardian, William A. Calandra, Esquire** | : | |
| **Plaintiff,** | : | **Court of Common Pleas Philadelphia County** |
| **v.** | : | **March Term 2017** |
| **Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Co, LLC, and Yagna Patel** | : | **No. 00712** |
| **Defendants.** | : | |

---

## MOTION FOR PROTECTIVE ORDER

Bensalem Township ("Township"), by and through its attorneys Michael L. Barbiero, Esquire, and Noah Marlier, Esquire, and per Pennsylvania Rule of Civil Procedure 4012(a), respectfully requests that this Honorable Court issue an Order that the Township Police Department ("Department") is not required to turn over the documents requested in Defendants' subpoena dated September 7, 2018 to the Department regarding the above referenced case, and in support thereof, alleges the following:

1. Justina Byers, Esquire, counsel for the Defendants, sent the Department a "Subpoena to Produce Document or Things for Discovery Pursuant to Rule 4009.22" dated September 7, 2018. A true and accurate copy of the subpoena along with an

accompanying cover letter is attached hereto, incorporated herein, and collectively labeled as Exhibit 1.

2. The subpoena requests, "Any and all records, in unredacted form, pertaining Abdul Lopez (a/ka/a Dudu who resided at or was associated with an address on Marlowe Street, Philadelphia, PA) including but not limited to records involving prostitution, solicitation, human trafficking and/or any other criminal activity, from 2012 to the present, including any and all related arrest reports, incident reports, reports of telephone calls, phone records, witness statements, handwritten notes, typed reports, Affidavits of Probable Cause, information filed, related criminal records, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, and any other documents in your file relating to Abdul Lopez." See Exhibit 1.

3. Upon information and belief, the Defendants are seeking police investigatory information relative to a criminal matter.

4. The Criminal History Record Information Act ("CHRIA") regulates the manner in which a criminal justice agency retains and disseminates protected information. 18 Pa.C.S. §9106(b-c).

5. "Protected information" is comprised of, among other things, "investigative information." 18 Pa.C.S. §9106(b).

6. "Investigative information" is, among other things, police incident reports that contain "information assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing[.]" 18 Pa.C.S. §9102.

7. CHRIA clearly states, "Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic." 18 Pa.C.S. § 9106(c)(4).

8. The Commonwealth Court defined "investigative information" broadly, holding that information on sexual offenders kept with the Pennsylvania State Police ("State Police") was information used as an "investigatory tool," and thus was "investigative information" that the State Police could not turn over even to the Pennsylvania Auditor General. Dep't of the Auditor Gen. v. Pa. State Police, 844 A.2d 78, 82 (Pa. Commw. Ct. 2004) (Auditor General).

9. The Commonwealth Court has further clarified that "investigative content…would include activities such as taking measurements, collecting evidence, or physically inspecting or analyzing an accident scene." Pa. State Police v. Grove, 119 A.3d 1102, 1109 (Pa. Commw. Ct. 2015), aff'd by Pa. State Police v. Grove, WL 2645401 (Pa. 2017).

10. Even when documents contain some information that a criminal justice agency may release, when said documents also contain protected investigative information, said documents shall not be turned over to a non-criminal justice agency. In re Pittsburgh Citizen Police Review Bd., 36 A.3d 631 (Pa. Commw. Ct. 2011).

11. Like the information the Commonwealth Court deemed investigative in Auditor General, the information sought in the instant case is investigative information.

12. CHRIA prohibits the Department from turning over the investigative information requested by the Defendants in the subpoena dated September 7, 2018, as the Defendants are not an "authorized member" or a "criminal justice agency."

13. Rule 4012(a) of the Pennsylvania Rules of Civil Procedure provides that a court may enter a protective order "upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown." Pa.R.C.P. 4012(a).

14. The court is empowered to "make any order which justice requires to protect …[the] person from unreasonable annoyance, embarrassment, oppression, burden or expense[.]" Pa.R.C.P. 4012(a).

15. Among the court's enumerated powers under Rule 4012(a) is the court's ability to enter an order "that the discovery … shall be prohibited." Pa.R.C.P. 4012(a)(1).

16. Furthermore, the contours of discovery are not boundless. A party may only obtain discovery regarding matters that are not privileged. Pa.R.C.P. 4003.1.

**WHEREFORE**, for the foregoing reasons, Bensalem Township respectfully requests that This Honorable Court issue a protective order stating that the Department does not have to turn over the investigatory information sought in Defendants' subpoena to the Department dated September 7, 2018.

Respectfully submitted,

Rudolph Clarke, LLC

By: _____
Michael L. Barbiero, Esquire
Noah Marlier, Esquire
*Attorneys for Bensalem Township*

Date: __10/23/18__

**RUDOLPH CLARKE, LLC**
BY: **Michael L. Barbiero, Esquire**
**Attorney I.D. No. 82933**
BY: **Noah Marlier, Esquire**
**Attorney I.D. No. 308985**
**Seven Neshaminy Interplex**
**Suite 200**
**Trevose, PA 19053**          *ATTORNEYS FOR BENSALEM TOWNSHIP*
**(215) 633-1890**

---

| | |
|---|---|
| **M.B., a minor by her Guardian, William A. Calandra, Esquire** : | |
| **Plaintiff,** : | **Court of Common Pleas** |
| : | **Philadelphia County** |
| **v.** : | |
| : | **March Term 2017** |
| **Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Co, LLC, and Yagna Patel** : | **No. 00712** |
| **Defendants.** : | |
| : | |

---

## CERTIFICATE OF SERVICE

I, Noah Marlier, Esquire hereby certify that on October 23 , 2018, I served the

within Motion for Protective Order upon the following:

Justina Byers, Esquire
Blank Rome LLP
130 North 18th Street
One Logan Street
Philadelphia, PA 19103

Nadeem Bezar, Esquire
1525 Locust Street
Philadelphia, PA 19102

Robert Stanko, Esquire
2000 Market Street
Suite 2300
Philadelphia, PA 19103

Noah Marlier, Esquire
*Attorney for Bensalem Township*

Date: October 23, 2018

## **VERIFICATION**

Noah Marlier, Esquire verifies that he is the attorney for the party filing the foregoing document, that he is empowered to sign this Verification on behalf of the party filing the foregoing document, and he further verifies that he has sufficient knowledge or information based upon his own investigation of the matters set forth in the foregoing document, to make this Verification; and that the facts set forth in the foregoing document are true and correct to the best of his knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

Noah Marlier, Esquire
*Attorney for Bensalem Township*

# EXHIBIT "A"



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No._____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Bensalem Police Department_____

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions

at: _101 Towne Square Way Suite 251  Pittsburgh PA 15227_____

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: September 07, 2018

Name:     Justina Byers, Esquire
Address:      130 North 18th Street
              One Logan Square
              Philadelphia, PA 19103

Telephone:      215 569-5500

Supreme Court ID#:

Attorney for:

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

## Rider to Subpoena

### Explanation of Required Documents and Things

**TO: CUSTODIAN OF RECORDS FOR:**

Bensalem Police Department
2400 Byberry Road
Bensalem PA 19020
Attention: Records Department

Subject: Lopez, Abdul
SS#:
Date of Birth:

**Requested Items:**
Please Remit: Any and all records, in unredacted form, pertaining Abdul Lopez (a/k/a Dudu who resided at or was associated with an address on Marlowe Street, Philadelphia, PA) including but not limited to records involving prostitution, solicitation, human trafficking and/or any other criminal activity, from 2012 to the present, including any and all related arrest reports, incident reports, reports of telephone calls, phone records, witness statements, handwritten notes, typed reports, Affidavits of Probable Cause, information filed, related criminal records, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, and any other documents in your file relating to Abdul Lopez.

TO PLAINTIFF AND DEFENDANTS: YOU ARE
HEREBY NOTIFIED TO FILE A WRITTEN
RESPONSE TO THE ENCLOSED NEW MATTER
WITH CROSSCLAIMS WITHIN TWENTY (20)
DAYS FROM SERVICE HEREOF OR A JUDGMENT
MAY BE ENTERED AGAINST YOU.

Filed and Attested by the
Office of Judicial Records
10 OCT 2018 03:33 pm
M. RUSSO

By:  */s/ Grant S. Palmer*
        Attorney for Defendants Roosevelt Inn, LLC, et al.

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.:  76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.:  309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
            quinlan@blankrome.com
            byers@blankrome.com
            doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>Plaintiff,<br><br>v.<br><br>ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.:  00712<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

## WITH NEW MATTER AND NEW MATTER CROSSCLAIMS

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (collectively "Answering Defendants"), by and through counsel, Blank Rome LLP, hereby file their Answer with New Matter and New Matter Crossclaims to minor Plaintiff M.B.'s ("Plaintiff") Second Amended Complaint ("Complaint") as follows:

1.      Denied as stated.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

2.      Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

3.      Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

4.      Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

5.      Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

6.      Admitted in part; denied in part.  It is admitted only that Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café is a Delaware limited liability company.  The remaining averments contained in this paragraph are conclusions of law to which no responsive

150213.00601/113631687v.1

Case ID: 170300712

pleading is required.  Said averments are therefore denied.  Strict proof is demanded at trial.

7.  Admitted in part; denied in part.  It is admitted only that Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn is a Pennsylvania corporation.  The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

8.  Admitted in part; denied in part.  It is admitted only that UFVS Management Company, LLC is a New York limited liability company.  The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

9.  Admitted in part; denied in part.  It is admitted only that Yagna Patel was involved in the management of the Roosevelt Inn.  The remaining averments contained in this paragraph are denied.  Strict proof is demanded at time of trial.

10.  Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

11.  Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

12.  Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

150213.00601/113631687v.1

Case ID: 170300712

13.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

14.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

15.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

16.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

17.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

18.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

4

Case ID: 170300712

19.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

20.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

21.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

22.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

23.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

150213.00601/113631687v.1

24.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

25.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

26.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

27.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

28.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

29.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

30.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Answering Defendants

6

Case ID: 170300712

are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

31.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

32.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

33.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

34.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

35.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

36.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

37.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

38.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

150213.00601/113631687v.1

Case ID: 170300712

39. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

40. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

41. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

42. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

43. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments

150213.00601/113631687v.1

Case ID: 170300712

are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

44.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

45.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

46.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

47.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way cause or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

48.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way cause or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

49.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. To the extent a

150213.00601/113631687v.1

Case ID: 170300712

response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way cause or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

50. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. To the extent a response is required, the averments in this paragraph are denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way cause or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

51. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way cause or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

52. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way cause or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

53. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments

150213.00601/113631687v.1

Case ID: 170300712

contained in this paragraph are conclusions of law to which no responsive pleading is required.

54.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way cause or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

55.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

56.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

57.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

11

Case ID: 170300712

58. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

59. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

60. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

61. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

62. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied

Case ID: 170300712

that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

63.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

64.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

65.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

66.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

150213.00601/113631687v.1

Case ID: 170300712

67. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

68. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

69. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

70. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied and strict proof is demanded at time of trial.

71. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied and strict proof is demanded at trial. By way of further response, it is

14

Case ID: 170300712

specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

72. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

73. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

74. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

75. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

15

Case ID: 170300712

76.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

77.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

78.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

79.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

80.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  Further, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

16

Case ID: 170300712

81.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

82.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

83.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

84.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  By way of further response, it is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto.  Further, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

85.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

150213.00601/113631687v.1

Case ID: 170300712

## COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 PA.C.S.A. § 3051

## M.B. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

86.     Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

87.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at trial.

88.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

89.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff.

90.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or

150213.00601/113631687v.1

Case ID: 170300712

omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

91.      Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto. Further, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT II – NEGLIGENCE

### M.B. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

92.      Denied. To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

93.      Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

94.      Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this

150213.00601/113631687v.1

Case ID: 170300712

paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

95.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

96.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

97.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

98.     Denied. The averments contained in this paragraph, and its subparagraphs, are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph and its subparagraphs are denied. It is specifically denied that Answering Defendants were negligent at any time material hereto. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants

20

Case ID: 170300712

in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

99. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

100. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants were negligent at any time material hereto. Further, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in anyway caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

101. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants were negligent at any time material hereto. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in anyway caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

102. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this

150213.00601/113631687v.1

Case ID: 170300712

paragraph are denied.  It is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT III – NEGLIGENCE

## M.B. V. ALPHA-CENTURION SECURITY, INC.

103.    Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

104. – 111.    Denied.  Paragraphs 104 through 111 are directed to parties other than Answering Defendants and no responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

112.    Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

113.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Answering Defendants were negligent at any

22

Case ID: 170300712

time material hereto. Further, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

114.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## M.B. V. ALPHA-CENTURION SECURITY, INC.

115.    Denied. To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

116. – 117.    Denied. Paragraphs 116 through 117 are directed to parties other than Answering Defendants and no responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

23

Case ID: 170300712

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## M.B. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

118.     Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

119.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  Further, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

120.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

150213.00601/113631687v.1

Case ID: 170300712

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## M.B. V. ALPHA-CENTURION SECURITY, INC.

121.     Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

122. – 124.     Denied.  Paragraphs 122 through 124 are directed to parties other than Answering Defendants and no responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## NEW MATTER

125.     Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

126.     Plaintiff's Complaint fails to state any claim against Answering Defendants upon which relief may be granted.

127.     The alleged incident was not caused by the negligence, negligence per se, recklessness, carelessness, or violation of statute, code, regulation or standard of Answering Defendants.

128.     The injuries, losses, or damages suffered by Plaintiff were not proximately caused by Answering Defendants.

129.     Plaintiff's claims of damages, which are specifically denied, were not proximately caused by any acts and/or omissions of Answering Defendants, their employees, servants or agents.

130.     Any harm or injury suffered by Plaintiff was caused by Plaintiff's own actions

150213.00601/113631687v.1

Case ID: 170300712

and/or inactions.

131.    The alleged incident was caused by the negligence, recklessness and/or carelessness of Plaintiff and/or other persons or parties other than Answering Defendants.

132.    Plaintiff's actions and/or inactions were negligent and such negligence was a superseding, intervening cause of the alleged accident that bars or limits all claims by Plaintiff.

133.    Plaintiff's claims are the result of acts or omissions of other individuals or entities whose acts or omissions constituted intervening and/or superseding causes over which Answering Defendants had no control and which Answering Defendants could not foresee.

134.    No conduct, actions, inaction, or omissions on the part of Answering Defendants caused or contributed to Plaintiff's injuries or damages, if any.

135.    Answering Defendants were not negligent, careless and/or reckless at any time material hereto.

136.    Plaintiff has failed to join all indispensable parties.

137.    Plaintiff's Complaint is barred or limited by the appropriate statute of limitations or statute of repose.

138.    Plaintiff's Complaint is barred or limited by the doctrine of waiver, estoppel, res judicata and/or laches.

139.    Plaintiff's claims are barred or limited by the doctrine of spoliation.

140.    Plaintiff's claims are barred or limited by the doctrines of contributory negligence, comparative negligence, and/or assumption of the risk.

141.    Plaintiff's Complaint is barred or limited by Plaintiff's failure to mitigate damages.

142.    The injuries and damages complained of by Plaintiff pre-existed or are unrelated to the incident or occurrence which is the subject matter of Plaintiff's Complaint.

150213.00601/113631687v.1

Case ID: 170300712

143. Plaintiff's claims for damages, if any, are excessive and unsupported and, therefore, must be barred or limited.

144. Answering Defendants owed no duty of care to Plaintiff.

145. To the extent that Answering Defendants owed a duty to Plaintiff, which is denied, Answering Defendants did not breach any duty.

146. A party other than Answering Defendants directed, supervised, and controlled the premises where Plaintiff was allegedly injured.

147. Any acts or omissions of Answering Defendants were not substantial causes of and did not result in the injuries and/or losses alleged by Plaintiff.

148. Plaintiff fails to state a claim under Pennsylvania's Human Trafficking Law, 18 Pa.C.S. § 3001, *et seq*.

149. Plaintiff fails to state a claim under Pennsylvania's Human Trafficking Law, 18 Pa.C.S. § 3051.

150. The alleged causes of action contained in Plaintiff's Complaint are barred by any and all applicable affirmative defenses explicitly set forth in Pa.R.C.P. 1030(a).

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

150213.00601/113631687v.1

Case ID: 170300712

## NEW MATTER CROSSCLAIMS

## ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL V. DEFENDANT ALPHA-CENTURION SECURITY, INC.

151.    Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

152.    If the allegations in Plaintiff's Complaint are true, it is averred that Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants are alone liable to Plaintiff, with all liability on the part of Answering Defendants being expressly denied.

153.    In the alternative, if it is judicially determined that Answering Defendants are liable to Plaintiff, the same being expressly denied, then Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants are jointly and severally liable along with Answering Defendants and/or liable over to Answering Defendants for contribution and/or indemnity.

154.    Pursuant to the terms of a March 1, 2007 Security Contract ("Security Contract") between Alpha-Centurion Security, Inc. and Answering Defendants, Alpha-Centurion Security, Inc. was obligated to safeguard individuals at the Roosevelt Inn by identifying criminal activity and taking appropriate responsive action.  *See* Security Contract attached as Exhibit "A."

155.    In the event that the allegations in Plaintiff's Complaint are proven true, said allegations being hereby expressly denied, then Alpha-Centurion Security, Inc. breached the Security Contract by failing to identify and take appropriate responsive action to the criminal activities alleged in Plaintiff's Complaint.

150213.00601/113631687v.1

Case ID: 170300712

156.     Further, under the terms of the Security Contract, Alpha-Centurion Security, Inc. contracted to indemnify Answering Defendants for "any loss, theft, or damage to property or injury to persons caused solely or in part as a result of intentional or deliberate acts, conduct, omissions and or criminal activities of **[Alpha-Centurion Security, Inc.'s]** security officers when committed in the performance of their duties." *See id* at *¶ 8.*

157.     Pursuant to the terms of the Security Contract, Alpha-Centurion Security, Inc., is contractually obligated to indemnify and defend Answering Defendants with respect to the allegations in Plaintiff's Complaint. *See* Exhibit "A."

158.     In the event that Plaintiff sustained damages as alleged in the Complaint, said allegations being hereby denied, said damages were a direct result of the acts, omissions, negligence, strict liability, recklessness and/or carelessness of Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants.

159.     In the alternative, if it is judicially determined that Answering Defendants are liable to Plaintiff, the same being expressly denied, then Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants are jointly and severally liable along with Answering Defendants and/or liable over to Answering Defendants by way of contractual contribution and/or indemnity.

150213.00601/113631687v.1

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

BLANK ROME LLP

 /s/ Grant S. Palmer
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103

Dated: October 30, 2018          (215) 569-5500

30

Case ID: 170300712

## VERIFICATION

I, _Anthony Uzzo_, hereby verify that I am authorized to execute this verification on behalf of Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, and the Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, and that the facts contained in the foregoing Answer with New Matter and New Matter Crossclaims are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 P.S. §4904 relating to unsworn falsifications to authorities.

Dated: _October 26_, 2018          By: _____

Case ID: 170300712

**VERIFICATION**

I, Anthony Uzzo, hereby verify that I am authorized to execute this verification on behalf of UFVS Management Company, LLC, and that the facts contained in the foregoing Answer with New Matter and New Matter Crossclaims are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 P.S. §4904 relating to unsworn falsifications to authorities.

Dated: October 26, 2018       By: _____

Case ID: 170300712

## VERIFICATION

I, <u>Yagna Patel</u>, hereby verify that I am a party to this action and that the facts contained in the foregoing Answer with New Matter and New Matter Crossclaims are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 P.S. §4904 relating to unsworn falsifications to authorities.

Dated: 10/25/18, 2018          By: _____

## <u>CERTIFICATE OF SERVICE</u>

I, Grant S. Palmer, Esquire, hereby certify that, on this 30th day of October 2018, I caused to be served true and correct copies of the foregoing Answer with New Matter and New Matter Crossclaims to be served via the Court's E-Filing system and/or other electronic mail and/or First Class Mail, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
FCI Berlin
Federal Correctional Institution
P.O. Box 9000
Berlin, NH 03570

*Additional Defendant*

And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ Grant S. Palmer
GRANT S. PALMER

150213.00601/113631687v.1

Case ID: 170300712

# Exhibit A



# Alpha-Centurion Security, Inc.



Joanna Small,
President
WBDCPA-0257

200 – 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax: (610) 449-2010

## SECURITY CONTRACT

This contract made this **1st** day of **March, 2007** by and between **Alpha-Centurion Security, Inc.** herein referred to as Service to **Roosevelt Inn** herein referred to as **Client.**

1.  **Service** will furnish uniformed security officers to assist in the safeguard of **Clients** property and person located at **7600 Roosevelt Blvd., Philadelphia, PA 19152** . Both parties will agree upon the number of Security Officers and the Specific Duties of the Officers. The Security Officers will be employees of the service, which will pay all payroll taxes. Service will at all times be an independent contractor and not an agent of the **Client**.

2.  **Client** will compensate the **Service** at the rate of: UN-Armed **$13.25** Armed _____ . **Holidays - Client** will be billed time and one half for seven paid holidays when security officers are required to work on the specified days as follows: (1) Christmas Day- (2) New Years Day- (3) Easter – (4) 4th of July – (5) Memorial Day - -(6) Labor Day – (7) Thanksgiving Day.

    **Court – Client** will be billed straight time for time spent in court on the **Clients** behalf.

    **Emergency or Special Service**, which for the purpose of this contract, is defined as **Additional Security Service**, requested less than **Seventy -Two Hours** prior to the required time. **Client** will assume all Overtime cost associated with emergency or special services.

    **Service** will assume all overtime costs associated to maintain normal, agreed upon staffing levels.

3.  **Payment** will be made within **14** of receipt of Invoice. If payment is not received **21** days after agreement date, service will be automatically suspended until payment is received. **Client** will not offset any claim against billing. After **21** payment is considered late and subject to **1 ½%** interest, **18% annually**.

4.  Invoiced hours will be considered accepted as **Accurate and Payable** if not contested in writing within **14 Days** of receiving invoice.

5.  **Termination** – This agreement may be terminated prior to its expiration date in the event either party shall default in the performance of its obligations under this proposal and subsequent agreement (including the timely payments of amounts due under it), and the non-defaulting party shall have the right, in addition to such other rights the party may have under this agreement by giving three days written notice by certified mail to the defaulting party. In the event of default resulting in termination of the agreement, if either party brings action against the other to enforce any condition or covenant of this Agreement, the prevailing party in such action shall be entitled to recover the court costs, and reasonable attorney fees.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

Case ID: 170300712



# Alpha-Centurion Security, Inc.



Joanna Small,
President
WBDCPA-0257

200 – 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax: (610) 449-2010

6.　　Upon termination of this agreement, all security officers will be removed from the premises, and all responsibilities of **Service** to perform services, and **Client** to pay for future services will be ended. **Client** will also ensure that all equipment, records, forms, papers belonging to the service will be released to the service.

7.　　**Service** is an equal opportunity employer which does not discriminate in hiring, promotion or any condition of employment on the basis of race, color, creed, sex, age, martial status, or natural origin, and complies with all pertinent federal, state, and local laws and regulations. Unarmed Security Officers by law are not allowed to carry Batons, handcuffs, unless they are PA 235 Certified.

8.　　**Service** does not guarantee that its service will prevent loss, theft, or damage to **Client's** property or injury to persons. **Service** is not an insurer and the amount the **Client** is paying for Security Guard Service bears no relationship to the value of the property of the **Client** or others, which Service is helping to safeguard. **Service** will not be responsible for any loss, theft or damages to property unless solely caused by the negligence of **Service's** security officers performing their assigned duties and then only to the amount considered replacement value, under no circumstances will **Service** pay retail for replacement, and any cost not to exceed the insurance provided. **Service** shall be responsible for and indemnify **Client** for any loss, theft, or damage to property or injury to persons caused solely or in part as a result of intentional or deliberate acts, conduct, omissions and or criminal activities of **Service's** security officers when committed in the performance of their duties. **Service** and **Client** each waive any right of subrogation against each other for losses due to fire, explosion or other insured against peril.

9.　　**Service** will carry comprehensive general liability insurance, issued by insurance companies licensed to do business in the Commonwealth of Pennsylvania and state of New Jersey with a minimum limit of **$1,000,000.00** and **$2,000,000.00** Aggregate, workers' compensation insurance covering its employees while working at **Client's** locations. **Client** shall be furnished with a certificate of insurance. **Client** will be added as additionally insured.

10.　　If Service and Client are unable to perform this agreement because of strikes or labor difficulties of any nature involving employees of Service, **Client** or third parties, or because of **Acts of God** such as fire, flood, or national emergency, or due to any other cause beyond **Service's** and **Client's** control. The **Service** and **Client** shall be relieved of any claims, liability, or obligation under this agreement.

11.　　This agreement is for a term of **As Needed**. Either party may terminate at the expiration of this term by giving the other **Thirty (30) Days** written notice of intention to do prior to the then current term. If no notice is given, then this agreement will continue on a **Month to Month** Basis.

12.　　If during any term of the agreement **Service's** labor costs are increased, **Service** may notify **Client** who agrees to renegotiate Service's **Billing Rate**. If no agreement can be reached, then either party may terminate this agreement **(10) Ten Days** after giving the other written notice by certified or registered mail of its intention to do so at the end of the contract.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •



# Alpha-Centurion Security, Inc.



Joanna Small,
President
WBDCPA-0257

200 – 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax: (610) 449-2010

13. **Client** agrees to make available to **Service** at no charge any material or information and to include **Service's** personnel in any training programs necessary to comply with any applicable Federal or State **"Right to Know"** laws or regulations.

14. **Client** agrees that it will not solicit or make any offer of direct security related employment to any member of the **Service's** staff during current agreement or for a period of **Twelve Months** following the date of termination of this agreement.

15. The waiver by either party of a breach of violation of any provision of the Agreement shall not operate as, or be construed to be, a waiver of any subsequent breach of this agreement. In the event that any of the provisions or portions thereof, of this agreement are held to be unenforceable or invalid by any court or competent jurisdiction, the validity of enforceability of the remaining provisions or portions of it shall not be effected.

By: _____        By: _____

For: ROOSEVELT Z\_N        For: **Alpha Centurion Security Inc.**

Title: MANAGER        Title: President

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Philadelphia, PA 19103-6998
Fax:  (215) 569-5555
Tel.:  (215) 569-5500
Email:  palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com
doberdick@blankrome.com

*Attorneys for Defendants*
*Roosevelt Inn LLC d/b/a Roosevelt Inn,*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

*Filed and Attested by the*
*Office of Judicial Records*
*08 NOV 2018 04:52 pm*
*R. KELLY*

---

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>             Plaintiff,<br><br>       v.<br><br>ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

---

### AFFIDAVIT OF SERVICE OF JOINDER COMPLAINT ON ABDUL LOPEZ

COMMONWEALTH OF PENNSYLVANIA:
                            : SS

COUNTY OF PHILADLPHIA      :

      I, Daniel E. Oberdick, Jr., Esquire, being duly sworn according to law, depose and say as

follows:

      1.   On October 28, 2018, Abdul Lopez, Register Number 69643-066, was served with a copy

          of the Joinder Complaint of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and

          Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS

Case ID: 170300712

Management Company, LLC and Yagna Patel via Certified Mail, Return Receipt Requested at FCI Tucson, Federal Correctional Institution, P.O. Box 24550, Tucson, Arizona, 85734. The Joinder Complaint was placed in an envelope marked:

"Attorney-At-Law; Open in Presence of Inmate; Legal Document." *See* attached certified receipt with green card, along with USPS Tracking Results, attached as Exhibit A.

2. On October 19, 2018, a copy of the foregoing Joinder Complaint was also served via First Class, United States Mail, postage prepaid, on Abdul Lopez, Register Number 69643-066, FCI Tucson, Federal Correctional Institution, P.O. Box 24550, Tucson, Arizona, 85734. *See* Exhibit B. These copies were not returned within 15 days after mailing.

_____

Daniel E. Oberdick, Jr.

Sworn to and subscribed

Before me this 6th day

of November, 2018.

Notary Public

Commonwealth of Pennsylvania - Notary Seal
Catherine A. Van Arsdale, Notary Public
Philadelphia County
My commission expires November 25, 2021
Commission number 1170588
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Case ID: 170300712

# EXHIBIT A

Case ID: 170300712

# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998
blankrome.com

| Phone: | (215) 569-5436 |
| Fax: | (215) 231-0040 |
| Email: | doberdick@blankrome.com |

October 19, 2018

<span style="font-variant: small-caps">CERTIFIED MAIL- RETURN RECEIPT REQUESTED</span>
Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

     Re: *M.B. v. Roosevelt Inn LLC et al.,*
       **Philadelphia Court of Common Pleas, March Term, 2017, No. 00712**

Dear Mr. Lopez:

  Enclosed, please find the following:

1. Joinder Complaint of Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel against Additional Defendants Daiquan Davis and Abdul Lopez;

2. Case Management Order.

       Very truly yours,

       DANIEL E. OBERDICK

Encl.

Case ID: 170300712



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total

Sent

Street

City

Postmark Here

7017 0660 0001 1181 6397

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550, Tucson, AZ 85734



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1.
Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550, Tucson, AZ 85734

9590 9402 3477 7275 9441 97

2. Article Number *(Transfer from service label)*

7017 0660 0001 1181 6397

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

OCT 24 2018

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053
Domestic Return Receipt

Case ID: 170300712

# USPS Tracking®

FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

**Tracking Number:** 70170660000111816397                    Remove ✕

Your item has been delivered to an agent at 2:08 pm on October 22, 2018 in TUCSON, AZ 85734.



## ✓ Delivered

October 22, 2018 at 2:08 pm
Delivered, To Agent
TUCSON, AZ 85734

**Get Updates** ⌄

---

Feedback

### Text & Email Updates                                                              ⌄

---

### Tracking History                                                                   ⌃

October 22, 2018, 2:08 pm
Delivered, To Agent
TUCSON, AZ 85734
Your item has been delivered to an agent at 2:08 pm on October 22, 2018 in TUCSON, AZ 85734.

October 22, 2018, 2:01 pm
Arrived at Unit
TUCSON, AZ 85706

October 22, 2018, 10:04 am
Departed USPS Regional Facility
TUCSON AZ DISTRIBUTION CENTER

Case ID: 170300712

October 21, 2018, 3:31 pm
Arrived at USPS Regional Facility
TUCSON AZ DISTRIBUTION CENTER

October 21, 2018
In Transit to Next Facility

October 20, 2018, 12:49 am
Arrived at USPS Regional Facility
PHILADELPHIA PA DISTRIBUTION CENTER

## Product Information ⌄

See Less ⌃

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Case ID: 170300712

# EXHIBIT B

Case ID: 170300712

# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998
blankrome.com

Phone:   (215) 569-5436
Fax:     (215) 231-0040
Email:   doberdick@blankrome.com

October 19, 2018

**U.S. FIRST CLASS MAIL**
Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

> **Re:**   ***M.B. v. Roosevelt Inn LLC et al.,***
> **Philadelphia Court of Common Pleas, March Term, 2017, No. 00712**

Dear Mr. Lopez:

Enclosed, please find the following:

1. Joinder Complaint of Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel against Additional Defendants Daiquan Davis and Abdul Lopez;

2. Case Management Order.

Very truly yours,

DANIEL E. OBERDICK

Encl.

150213.00601/113585739v.1

Case ID: 170300712

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Philadelphia, PA 19103-6998
Fax: (215) 569-5555
Tel.: (215) 569-5500
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com
doberdick@blankrome.com

*Attorneys for Defendants*
*Roosevelt Inn LLC d/b/a Roosevelt Inn,*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

*Filed and Attested by the Office of Judicial Records 08 NOV 2018 04:48 pm E. MASCUILLI*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | |
| v. | MARCH TERM, 2017 NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | JURY TRIAL DEMANDED |

## AFFIDAVIT OF SERVICE OF JOINDER COMPLAINT ON DAIQUAN DAVIS

COMMONWEALTH OF PENNSYLVANIA:
                            : SS
COUNTY OF PHILADLPHIA       :

    I, Daniel E. Oberdick, Jr., Esquire, being duly sworn according to law, depose and say as follows:

1. On October 22, 2018, Daiquan Davis, Register Number 72304-066, was served with a copy of the Joinder Complaint of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS

150213.00601/113581634v.1

Case ID: 170300712

Management Company, LLC and Yagna Patel via Certified Mail, Return Receipt Requested at FCI Berlin, Federal Correctional Institution, P.O. Box 9000, Berlin, New Hampshire, 03570. The Joinder Complaint was placed in an envelope marked: "Attorney-At-Law; Open in Presence of Inmate; Legal Document." *See* attached certified receipt with green card, along with USPS Tracking Results, attached as Exhibit A.

2. On October 18, 2018, a copy of the foregoing Joinder Complaint was also served via First Class, United States Mail, postage prepaid, on Daiquan Davis, Register Number 72304-066, FCI Berlin, Federal Correctional Institute, P.O. Box 9000, Berlin, New Hampshire, 03570. *See* Exhibit B. These copies were not returned within 15 days after mailing.

_____

Daniel E. Oberdick, Jr.

Sworn to and subscribed

Before me this ___ day

of _____, 2018.

_____

Notary Public

Commonwealth of Pennsylvania - Notary Seal
Catherine A. Van Arsdale, Notary Public
Philadelphia County
My commission expires November 25, 2021
Commission number 1170588
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

2

Case ID: 170300712

# EXHIBIT A

Case ID: 170300712

# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998
blankrome.com

| Phone: | (215) 569-5436 |
| Fax: | (215) 231-0040 |
| Email: | doberdick@blankrome.com |

October 18, 2018

**CERTIFIED MAIL- RETURN RECEIPT REQUESTED**
Daiquan Davis
Register Number 72304-066
FCI Berlin
Federal Correctional Institution
P.O. Box 9000
Berlin, NH 03570

Re: *M.B. v. Roosevelt Inn LLC et al.,*
**Philadelphia Court of Common Pleas, March Term, 2017, No. 00712**

Dear Mr. Davis:

Enclosed, please find the following:

1. Joinder Complaint of Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel against Additional Defendants Daiquan Davis and Abdul Lopez;

2. Case Management Order.

Very truly yours,

DANIEL E. OBERDICK

Encl.

Case ID: 170300712



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total

Sent To    Daiquan Davis
           Register Number 72304-066
Street     FCI Berlin
           Federal Correctional Institution
City,      P.O. Box 9000, Berlin, NH 03570

7017 0660 0001 1181 6380

OCT 18 2019    Postmark Here

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Daiquan Davis
   Register Number 72304-066
   FCI Berlin
   Federal Correctional Institution
   P.O. Box 9000, Berlin, NH 03570

   9590 9402 3477 7275 9442 03

2. Article Number *(Transfer from service label)*

   7017 0660 0001 1181 6380

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X    Dr                        ☐ Agent
                                  ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
   Dro                            10-22-14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Case ID: 170300712

# USPS Tracking®

FAQs  >  (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package  +

**Tracking Number:** 70170660000111816380                    Remove ✕

Your item was picked up at the post office at 8:27 am on October 22, 2018 in BERLIN, NH 03570.

## ✅ Delivered

October 22, 2018 at 8:27 am
Delivered, Individual Picked Up at Post Office
BERLIN, NH 03570

**Get Updates** ∨

Feedback

---

**Text & Email Updates**                    ∨

---

**Tracking History**                    ∧

October 22, 2018, 8:27 am
Delivered, Individual Picked Up at Post Office
BERLIN, NH 03570
Your item was picked up at the post office at 8:27 am on October 22, 2018 in BERLIN, NH 03570.

October 20, 2018, 8:24 am
Available for Pickup
BERLIN, NH 03570

October 20, 2018, 7:40 am
Sorting Complete
BERLIN, NH 03570

Case ID: 170300712

October 20, 2018, 7:14 am
Arrived at Unit
BERLIN, NH 03570

October 20, 2018, 3:39 am
Departed USPS Regional Facility
WHITE RIVER JUNCTION VT DISTRIBUTION CENTER

October 20, 2018, 1:54 am
Arrived at USPS Regional Facility
WHITE RIVER JUNCTION VT DISTRIBUTION CENTER

October 19, 2018, 11:39 pm
Departed USPS Regional Facility
NASHUA NH DISTRIBUTION CENTER

October 19, 2018, 1:52 pm
Arrived at USPS Regional Facility
NASHUA NH DISTRIBUTION CENTER

October 19, 2018, 1:45 am
Arrived at USPS Regional Facility
PHILADELPHIA PA NETWORK DISTRIBUTION CENTER

Feedback

**Product Information**                                               ∨

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Case ID: 170300712

# EXHIBIT B

Case ID: 170300712

# BLANKROME

One Logan Square
130 North 18th Street |Philadelphia, PA 19103-6998
blankrome.com

| Phone: | (215) 569-5436 |
| Fax: | (215) 231-0040 |
| Email: | doberdick@blankrome.com |

October 18, 2018

**U.S. FIRST CLASS MAIL**
Daiquan Davis
Register Number 72304-066
FCI Berlin
Federal Correctional Institution
P.O. Box 9000
Berlin, NH 03570

> Re: *M.B. v. Roosevelt Inn LLC et al.,*
> **Philadelphia Court of Common Pleas, March Term, 2017, No. 00712**

Dear Mr. Davis:

Enclosed, please find the following:

1. Joinder Complaint of Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel against Additional Defendants Daiquan Davis and Abdul Lopez;

2. Case Management Order.

Very truly yours,

DANIEL E. OBERDICK

Encl.

Case ID: 170300712

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff* ~~Filed and Attested by the~~
Office of Judicial Records
07 NOV 2018 12:07 pm
C. FORTE

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
### PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

### KLINE & SPECTER, P.C.

*/s/Emily B. Marks*

BY: _____

Date:   11/7/2018

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct

copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following

counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,
UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

### KLINE & SPECTER, P.C.

*/s/Emily B. Marks, Esquire*

Date: __11/7/2018_____          _____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

**KLINE & SPECTER, P.C.**                          *Attorneys for Plaintiff*
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |
| | : | |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE
## DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT
## TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have

twenty (20) days from the date listed below in which to file of record and serve upon the

undersigned any objection to the Subpoenas. If no objection is made, the Subpoenas may be

served.

- Mark E. Cedrone, Esquire
- Richard J. Fuschino, Esquire
- Susan M. Lin, Esquire
- William Brennan, Esquire
- Noah Gorson, Esquire
- Felicia Sarner, Esquire
- Mark T. Wilson, Esquire

**KLINE & SPECTER, P.C.**

BY: _____

EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Date: 10/22/18

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,
UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Date: 10/22/18

EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No._____ 00712

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Mark E. Cedrone, Esquire_
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: _Kline & Specter, P.C. 1525 Locust Street 1525 Locust Street Philadelphia PA 19102_
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name: Emily B. Marks, Esquire

Date: October 22, 2018

Address: Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Telephone: 215 772-0524

Supreme Court ID#: 204405

Attorney for: Plaintiff

Subp. #13327504 -1-

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL   :   Court of Common Pleas
                                     :
                                     :         _____ March _____ Term, _17_____
                                     :
                                     :   No. _____ 00712 _____

TO: _Mark E. Cedrone, Esquire_____
                        *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,
or the Certificate of Compliance,
to the Office of Judicial Records.***

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                        *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                    *(Date of Subpoena)*

Date: _____          _____
                                   *(Signature of Person Served with Subpoena)*

## ADDENDUM "A"

### TO CUSTODIAN OF RECORDS FOR:

**Mark E. Cedrone, Esquire**
**Cedrone & Mancano, LLC**
**123 South Broad Street, Suite 810**
**Philadelphia, PA 19109**
**Attn:  Custodian of Records**

### RECORDS PERTAIN TO:

> *United States of America v. Daiquan Davis, Case No 2:15-cr-00327-JD and Appeals court case number: 17-1332*

Within twenty (20) days after the service of this subpoena, you are to produce *a **complete** copy of any and all records*, with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of ***United States of America v. Daiquan Davis, Case No 2:15-cr-00327-JD*** including, but not limited to, indictments, hearing transcripts, deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 17-1332.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No._____ 00712 _____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Richard J. Fuschino, Esquire_____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: _Kline & Specter, P.C. 1525 Locust Street  Philadelphia PA 19102_____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name: Emily B. Marks, Esquire

Date: October 22, 2018

Address: Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Telephone: 215 772-0524

Supreme Court ID#: 204405

Attorney for: Plaintiff

Subp.#133275047-2

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL          :     Court of Common Pleas
                                           :
                                           :     _____ March _____ Term, _17___
                                           :
                                           :     No. _____ 00712 _____

TO: _Richard J. Fuschino, Esquire_____
    *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                        *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be produced pursuant to the subpoena issued on _____ have been produced.                                        *(Date of Subpoena)*

Date: _____          _____
                                      *(Signature of Person Served with Subpoena)*

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Richard J. Fuschino, Jr., Esquire**
**Law Office of Richard J. Fuschino**
**1600 Locust Street**
**Philadelphia, PA 19103**
**Attn: Custodian of Records**

**RECORDS PERTAIN TO:**

> *United States of America v. Daiquan Davis, Case No 2:15-cr-00327-JD and Appeals court case number: 17-1332*

Within twenty (20) days after the service of this subpoena, you are to produce *a complete copy of any and all records*, with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of *United States of America v. Daiquan Davis, Case No 2:15-cr-00327-JD* including, but not limited to, indictments, hearing transcripts, deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 17-1332.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No.____00712_____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Susan M. Lin, Esquire_____

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: _Kline & Specter, P.C. 1525 Locust Street   Philadelphia PA 19102_____

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:  Emily B. Marks, Esquire

Date: October 22, 2018

Address:  Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Subp.#133275047-2

Telephone:  215 772-0524

Supreme Court ID#: 204405

Attorney for:  Plaintiff

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL   :   Court of Common Pleas

                                 :

                                 :            March    Term, 17

                                 :

                                 :     No. _____ 00712

TO: _Susan M. Lin, Esquire_____
                  *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                      *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                             *(Date of Subpoena)*

Date: _____           _____
                                     *(Signature of Person Served with Subpoena)*

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Susan M. Lin, Esquire**
**Kairys Rudovsky Messing Feinberg & Lin, LLP**
**The Cast Iron Building**
**718 Arch Street, Suite 501 South**
**Philadelphia, PA 19106**
**Attn:** **Custodian of Records**

**RECORDS PERTAIN TO:**

> *United States of America v. Daiquan Davis, Case No 2:15-cr-00327-JD and Appeals court case number: 17-1332*

Within twenty (20) days after the service of this subpoena, you are to produce *a complete copy of any and all records*, with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of *United States of America v. Daiquan Davis, Case No 2:15-cr-00327-JD* including, but not limited to, indictments, hearing transcripts, deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 17-1332.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

<u>        March   </u> Term, <u>  17  </u>

No. <u>    00712    </u>

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: <u>William Brennan, Esquire                                    </u>
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: <u>Kline & Specter, P.C. 1525 Locust Street  Philadelphia PA 19102                </u>
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 22, 2018

Name:       Emily B. Marks, Esquire
Address:       Kline & Specter, P.C.
               1525 Locust Street
               Philadelphia, PA 19102

Telephone:       215 772-0524

Supreme Court ID#: 204405

Attorney for:      Plaintiff

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL   :   Court of Common Pleas

                       :

                       :             March    Term, 17

                       :

                       :    No. \_\_\_\_ 00712

TO: \_William Brennan, Esquire_____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be produced pursuant to the subpoena issued on _____ have been produced.                       *(Date of Subpoena)*

Date: _____          _____
                                     *(Signature of Person Served with Subpoena)*

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**William Brennan, Esquire**
**Law Offices of William J. Brennan**
**1600 Locust Street**
**Philadelphia, PA 19103**
**Attn: Custodian of Records**

**RECORDS PERTAIN TO:**

> *United States of America v. Daiquan Davis, Case No 2:15-cr-00327-JD and Appeals court case number: 17-1332*

Within twenty (20) days after the service of this subpoena, you are to produce *a complete copy of any and all records*, with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of *United States of America v. Daiquan Davis, Case No 2:15-cr-00327-JD* including, but not limited to, indictments, hearing transcripts, deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 17-1332.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March ___ Term, _17___

No. ___00712_____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Noah Gorson, Esquire_____

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: _Kline & Specter, P.C. 1525 Locust Street  Philadelphia PA 19102_____

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 22, 2018

Name:    Emily B. Marks, Esquire
Address:    Kline & Specter, P.C.
            1525 Locust Street
            Philadelphia, PA 19102

Telephone:    215 772-0524

Supreme Court ID#: 204405

Attorney for:    Plaintiff

Subp.#133275047-5

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL   :   Court of Common Pleas
                                   :
                                   :              March    Term, 17
                                   :
                                   :    No.    00712

TO: _Noah Gorson, Esquire_____

*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. .Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____

*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                  *(Date of Subpoena)*

Date: _____          _____

                                              *(Signature of Person Served with Subpoena)*

**TO CUSTODIAN OF RECORDS FOR:**

**Noah Gorson, Esquire**
**Gorson & Gorson, P.C.**
**1845 Walnut Street, Suite 1300**
**Philadelphia, PA 19103**
**Attn: Custodian of Records**

**RECORDS PERTAIN TO:**

> *United States of America v. Abdul Lopez,* **Case No. 2:16-cr-00394-BMS and**
> **Appeals court case number: 18-1676 Third Circuit**

Within twenty (20) days after the service of this subpoena, you are to produce *a complete copy of any and all records*, with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of *United States of America v. Abdul Lopez,* **Case No. 2:16-cr-00394-BMS** including, but not limited to, indictments, hearing transcripts, deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 18-1676 Third Circuit.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

March Term, 17

No. 00712

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: Felicia Sarner, Esquire

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: Kline & Specter, P.C. 1525 Locust Street   Philadelphia PA 19102

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name:     Emily B. Marks, Esquire

Date: October 22, 2018

Address:  Kline & Specter, P.C.
          1525 Locust Street
          Philadelphia, PA 19102

Telephone:     215 772-0524

Supreme Court ID#: 204405

Attorney for:   Plaintiff

Subp. #133275047-6

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL     :     Court of Common Pleas
                                      :
                                      :     _____ March _____ Term, _17_
                                      :
                                      :     No. _____ 00712 _____

TO: _Felicia Sarner, Esquire_____
                            *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                            *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                          *(Date of Subpoena)*

Date: _____          _____
                                     *(Signature of Person Served with Subpoena)*

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Felicia Sarner, Esquire**
**Defender Association of Philadelphia**
**Suite 540 W, The Curtis Center**
**601 Walnut Street**
**Philadelphia, PA 19106**
**Attn:  Custodian of Records**

**RECORDS PERTAIN TO:**

> *United States of America v. Abdul Lopez*, **Case No. 2:16-cr-00394-BMS and**
> **Appeals court case number: 18-1676 Third Circuit**

Within twenty (20) days after the service of this subpoena, you are to produce *a complete copy of any and all records*, with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of ***United States of America v. Abdul Lopez***, **Case No. 2:16-cr-00394-BMS** including, but not limited to, indictments, hearing transcripts, deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 18-1676 Third Circuit.



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No.____00712_____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Mark T. Wilson, Esquire_____

*(Name of Person or Entity)*

　　　　Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: _Kline & Specter, P.C. 1525 Locust Street  Philadelphia PA 19102_____

*(Address)*

　　　　You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

　　　　If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 22, 2018

Name: Emily B. Marks, Esquire

Address: Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Telephone: 215 772-0524

Supreme Court ID#: 204405

Attorney for: Plaintiff

Subp.#133275047

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL    :    Court of Common Pleas

:

:                  March     Term, 17

:

:    No.    00712

TO: _Mark T. Wilson, Esquire_
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be
produced pursuant to the subpoena issued on _____ have
been produced.                         *(Date of Subpoena)*

Date: _____

_____
*(Signature of Person Served with Subpoena)*

## ADDENDUM "A"

**TO CUSTODIAN OF RECORDS FOR:**

**Mark T. Wilson, Esquire**
**Defender Association of Philadelphia**
**Suite 540 W, The Curtis Center**
**601 Walnut Street**
**Philadelphia, PA 19106**
**Attn: Custodian of Records**

**RECORDS PERTAIN TO:**

*United States of America v. Abdul Lopez,* **Case No. 2:16-cr-00394-BMS and**
**Appeals court case number: 18-1676 Third Circuit**

Within twenty (20) days after the service of this subpoena, you are to produce *a complete copy of any and all records,* with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of *United States of America v. Abdul Lopez,* **Case No. 2:16-cr-00394-BMS** including, but not limited to, indictments, hearing transcripts, deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 18-1676 Third Circuit.

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff* and Attested by the
Office of Judicial Records
07 NOV 2018 12:05 pm
C. FORTE

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

#### KLINE & SPECTER, P.C.

*/s/Emily B. Marks*

BY:         _____
            EMILY B. MARKS, ESQUIRE
Date:   11/7/2018         Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct

copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following

counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

### KLINE & SPECTER, P.C.

*/s/Emily B. Marks, Esquire*

Date:  11/7/2018

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

**KLINE & SPECTER, P.C.**
BY:    THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*

---

|  |  |  |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
|  | : | COURT OF COMMON PLEAS |
| V. | : |  |
|  | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : |  |
|  | : |  |

---

### NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve a subpoena identical to the one attached to this notice. You have

twenty (20) days from the date listed below in which to file of record and serve upon the

undersigned any objection to the Subpoena. If no objection is made, the Subpoena may be

served.

- Cricket Communications c/o AT&T Wireless

**KLINE & SPECTER, P.C.**

BY:                                     
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Date: 10/23/18

**CERTIFICATE OF SERVICE**

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and
correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of
record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

**KLINE & SPECTER, P.C.**

Date: _10/23/18_

EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

March Term, 17

No. 00712

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: Cricket Communications c/o AT&T Wireless
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: Kline & Specter, P.C. 1525 Locust Street Philadelphia PA 19102
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 23, 2018

Name: Emily B. Marks, Esquire
Address: Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Telephone: 215 772-0524
Supreme Court ID#: 204405
Attorney for: Plaintiff

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas. Phone: (215) 686-4251 or Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL : Court of Common Pleas
                                            :

                                            :                     March    Term, 17

                                            :

                                            :  No. _____ 00712

TO: Cricket Communications c/o AT&T Wireless
                    *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                      *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                             *(Date of Subpoena)*

Date: _____            _____
                                      *(Signature of Person Served with Subpoena)*

## ADDENDUM "A"

**TO CUSTODIAN OF RECORDS FOR:**

**Cricket Communications c/o AT&T Wireless**
**Subpoena Compliance Center**
**11760 US Highway 1, Suite 600**
**North Palm Beach, FL 22408**

**Attn: Custodian of Records**

**RECORDS PERTAIN TO: (267)650-0897**

Within twenty (20) days after the service of this subpoena, you are to produce any and all records concerning cellular phone number (267)650-0897 including, but not limited to, cell phone calls, voice mail messages, text messages, multi-media messages, call log data of incoming, outgoing and missed calls, photographs, videos and any other images stored electronically, digitally or in any other format for the time period of January 1, 2013 through January 31, 2015.

9

| | : | |
|---|---|---|
| M.B., a minor by her Guardian, William A. Calandra, Esquire | : | |
| Plaintiff, | : | **Court of Common Pleas** |
| | : | **Philadelphia County** |
| v. | : | |
| | : | **March Term 2017** |
| Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Co, LLC, and Yagna Patel | : | **No. 00712** |
| Defendants. | : | |
| | : | |

DOCKETED

NOV 07 2018

L. PACETTI

## ORDER

**AND NOW**, this _6th_ day of _November_, 2018 upon consideration of Bensalem Township's Motion for Protective Order, and any response thereto, it is hereby **ORDERED** that the Township Police Department is ~~not~~ required to turn over the discovery sought in Plaintiff's Subpoena to Produce Documents or Things for Discovery Pursuant to Rule 4009.22 – specifically for: "A complete copy of any and all records pertaining to Incident Report 10:18278 and Lamont Young including, but not limited to, JNET photographs of Lamont Young 'a/k/a Abdul a/k/a Do", police incident reports, arrest reports, investigation reports, video recordings, audio recordings, electronic recordings, handwritten notes, diagrams, drawings, recorded interviews of any kind, witness statements, photographs, press releases, Affidavit of Probable Cause, depositions or other sworn testimony, search warrants and any other documents."

BY THE COURT:

_(signature)_

J. _____

B. Etal Vs Roosevelt Inn Llc Etal-ORDER



17030071200121

{00860897;v1}

/ 0

| M.B., a minor by her Guardian, William | : | |
| A. Calandra, Esquire | : | |
| Plaintiff, | : | **Court of Common Pleas** |
| | : | **Philadelphia County** |
| v. | : | |
| | : | **March Term 2017**   **DOCKETED** |
| Roosevelt Inn LLC, Roosevelt Motor Inn, | : | |
| Inc., UFVS Management Co, LLC, and | : | **No. 00712**        NOV **0 7** 2018 |
| Yagna Patel | : | |
| Defendants. | : | **MICHAEL TERRY** |
| | : | **JUDICIAL RECORDS** |

## ORDER

AND NOW, this **6th** day of **November**, 2018 upon consideration of

Bensalem Township's Motion for Protective Order, and any response thereto, it is hereby

**ORDERED** that the Township Police Department is ~~not~~ required to turn over the

discovery sought in Defendants' Subpoena to Produce Documents or Things for

Discovery Pursuant to Rule 4009.22 – specifically for: "Any and all records, in

unredacted form, pertaining Abdul Lopez (a/k/a Dudu who resided at or was associated

with an address on Marlowe Street, Philadelphia, PA) including but not limited to records

involving prostitution, solicitation, human trafficking and/or any other criminal activity,

from 2012 to the present, including any and all related arrest reports, incident reports,

reports of telephone calls, phone records, witness statements, handwritten notes, typed

reports, Affidavits of Probable Cause, information filed, related criminal records,

recorded interviews, transcribed statements, depositions and/or other sworn testimony,

trial transcripts, photographs, discovery exchanged, and any other documents in your file

relating to Abdul Lopez."

BY THE COURT:

B. Etal Vs Roosevelt Inn Llc Etal-ORDER

{00860257;v1}



17030071200120

J.

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
13 NOV 2018 06:04 pm
C. FORTE

M.B., a minor by her Guardian, William A. Calandra,
Esquire

               Court of Common Pleas

vs.

Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,
             Case Number: 170300712
UFVS Management Co, LLC, and Yagna Patel

CERTIFICATE PREREQUISITE TO THE SERVICE OF A SUBPOENA
PURSUANT TO RULE 4009.22

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers, Esquire certifies that:

(1) A notice of intent to serve the subpoena with a copy of the subpoena attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoena is sought to be served;

(2) A copy of the notice of intent, including the proposed subpoena, is attached to this certificate;

(3) No objection to the subpoena has been received, and;

(4) The subpoena which will be served is identical to the subpoena which is attached to the notice of intent to serve the subpoena.

Date: 11/12/2018

             Litigation Solutions, LLC on behalf of

             Justina Byers, Esquire

             Attorney for the Defendant

CC:
Justina Byers, Esquire
Blank Rome LLP
130 North 18th St.
One Logan Square
Philadelphia, PA 19103
215-569-5500

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Justina Byers, Esquire</u>

Signature: *Litigation Solutions, LLC*

Name: <u>Litigation Solutions,LLC</u>

Attorney No. (if applicable): <u>76773</u>

PENNSYLVANIA COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

M.B., a minor by her Guardian, William A. Calandra, Esquire
vs.
Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS
Management Co, LLC, and Yagna Patel

Court of Common Pleas

170300712

NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO
RULE 4009.21

| Provider: | Record Type: |
|---|---|
| Mark Cedrone | Miscellaneous |

TO: Nadeem Bezar, Esquire

note: please see enclosed list of all other interested counsel

Litigation Solutions, LLC ('LSLLC') on behalf of Justina Byers, Esquire intends to serve a subpoena identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If the twenty day notice period is waived or if no objection is made, then the subpoena may be served.

Date of Issue: 10/22/2018

CC: Justina Byers, Esquire of Blank Rome LLP - Court of Common Pleas

Litigation Solutions, LLC on behalf of:
Justina Byers, Esquire
Defense

If you have any questions regarding this matter, please contact:
Litigation Solutions, LLC (412.263.5656)
Brentwood Towne Centre
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227

**COUNSEL LISTING FOR M.B., A MINOR BY HER GUARDIAN, WILLIAM A. CALANDRA, ESQUIRE VS. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT CO, LLC, AND YAGNA PATEL**

### County of Philadelphia Court of Common Pleas

| Counsel | Firm | Counsel Type |
|---|---|---|
| Bezar, Esquire, Nadeem | 1525 Locust Street<br>Philadelphia, PA 19102<br>P: 215-772-1000 F: 215-772-1005 | Opposing Counsel |
| Stanko, Esquire, Robert | 2000 Market Street Suite 2300<br>Philadelphia, PA 19103<br>P: 215-575-2600 F: 215-575-0856 | Other |



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

March Term, 17

No. 00712

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: Mark Cedrone

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached rider for instructions

at: 101 Towne Square Way Suite 251  Pittsburgh PA 15227

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name: Justina Byers, Esquire

Date: October 22, 2018

Address: 130 North 18th Street
One Logan Square
Philadelphia, PA 19103



Telephone: 215 569-5500

Supreme Court ID#:

Attorney for:

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

Rider to Subpoena

Explanation of Required Documents and Things

TO: CUSTODIAN OF RECORDS FOR:

Mark Cedrone
123 South Broad St, Ste 810
Philadelphia PA 19109
Attention: Records Department


Subject: Davis, Daiquan


**Requested Items:**
Please Remit: With the exception of any document protected by the attorney-client privilege and the attorney work-product doctrine, please produce any and all documents related to Daiquan Davis, including your entire file related to the criminal defense and sentencing of Daiquan Davis in the matter of the United States of America v. Daiquan Davis, Case No. 2:15-cr-00327-JD-1.

Case ID: 170300712