# EXHIBIT 5

**Case Description**
**Case ID:**       170300712
**Case Caption:**  B. ETAL VS ROOSEVELT INN LLC ETAL
**Filing Date:**   Friday , March 10th, 2017
**Location:**      CH - City Hall
**Case Type:**     2O - PERSONAL INJURY - OTHER
**Status:**        CLDBR - DEFERRED - BANKRUPTCY

**Related Cases**

No related cases were found.

| 04-JAN-2019 01:33 PM | DSCIM - DISCOVERY MOTION FILED | OBERDICK JR., DANIEL E | 04-JAN-2019 01:44 PM |
|---|---|---|---|

**Documents:**  Roosevelt - Ds MTC Full and Complete Discovery Responses to RPD SET IV.pdf
Exhibit A.pdf
Exhibit B.pdf
Exhibit C.pdf
Exhibit D.pdf
Exhibit E.pdf
Proposed Order MTC.pdf

**Docket Entry:**  DISCOVERY HEARING REQUEST FILED IN RE: MOTION TO COMPEL ANSWERS AND PRODUCTION OF DOCUMENTS. HEARING SCHEDULED FOR: JANUARY 15, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY LLC AND YAGNA PATEL)

| 09-JAN-2019 03:42 PM | DSCIM - DISCOVERY MOTION FILED | MARKS, EMILY B | 10-JAN-2019 07:21 AM |
|---|---|---|---|

**Documents:**  Pltfs MTC Federal Defender Office Resp to Subpoena.pdf

**Docket Entry:**  DISCOVERY HEARING REQUEST FILED IN RE: MTC COMPLIANCE WITH SUBPOENA. HEARING SCHEDULED FOR: JANUARY 22, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF M. B.)

| 09-JAN-2019 03:45 PM | DSCIM - DISCOVERY MOTION FILED | MARKS, EMILY B | 10-JAN-2019 07:21 AM |
|---|---|---|---|

**Documents:**  Pltfs MTC Noah Gorson Resp to Subpoena.pdf

**Docket Entry:**  DISCOVERY HEARING REQUEST FILED IN RE: MTC COMPLIANCE WITH SUBPOENA - NOAH GORSON, ESQUIRE. HEARING SCHEDULED FOR: JANUARY 22, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF M. B.)

| 09-JAN-2019 03:46 PM | DSCIM - DISCOVERY MOTION FILED | MARKS, EMILY B | 10-JAN-2019 07:21 AM |
|---|---|---|---|

**Documents:**  Pltfs MTC Susan Lin Resp to Subpoena.pdf

| | | | |
|---|---|---|---|
| **Docket Entry:** | DISCOVERY HEARING REQUEST FILED IN RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - SUSAN LIN, ESQ. HEARING SCHEDULED FOR: JANUARY 22, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF M. B.) | | |

| | | | |
|---|---|---|---|
| 10-JAN-2019 09:44 AM | DSCIM - DISCOVERY MOTION FILED | MARKS, EMILY B | 10-JAN-2019 02:53 PM |

**Documents:** [MTC Compliance w Subpoena to US Attorney office.pdf](MTC Compliance w Subpoena to US Attorney office.pdf)

| | |
|---|---|
| **Docket Entry:** | DISCOVERY HEARING REQUEST FILED IN RE: MTC COMPLIANCE WITH SUBPOENA - U.S. ATTORNEY'S OFFICE. HEARING SCHEDULED FOR: JANUARY 22, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF M. B.) |

| | | | |
|---|---|---|---|
| 10-JAN-2019 01:01 PM | MTEXR - MOT-FOR EXTRAORDINARY RELIEF | BEZAR, NADEEM A | 10-JAN-2019 01:13 PM |

**Documents:** [(69) Motion for Extraordinary Relief.pdf](69 Motion for Extraordinary Relief.pdf)
[Motion CoverSheet Form](Motion CoverSheet Form)

| | |
|---|---|
| **Docket Entry:** | 76-19011676 RESPONSE DATE 01/22/2019. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.) |

| | | | |
|---|---|---|---|
| 17-JAN-2019 02:55 PM | MTANS - ANSWER (MOTION/PETITION) FILED | OBERDICK JR., DANIEL E | 17-JAN-2019 02:58 PM |

**Documents:** [Roosevelt Response to Motion for Extraordinary Relief.pdf](Roosevelt Response to Motion for Extraordinary Relief.pdf)
[Exhibit A.pdf](Exhibit A.pdf)
[Exhibit B.pdf](Exhibit B.pdf)
[Proposed Order.pdf](Proposed Order.pdf)
[Cert of Service.pdf](Cert of Service.pdf)
[Motion CoverSheet Form](Motion CoverSheet Form)

| | |
|---|---|
| **Docket Entry:** | 74-18073174 ANSWER IN OPPOSITION OF MOT-FOR EXTRAORDINARY RELIEF FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC) |

| | | | |
|---|---|---|---|
| 18-JAN-2019 02:08 PM | REPLM - MOTION/PETITION REPLY FILED | MARKS, EMILY B | 18-JAN-2019 02:08 PM |

**Documents:** [Pltfs Sur Reply to Def Resp to Pltfs MFER.pdf](Pltfs Sur Reply to Def Resp to Pltfs MFER.pdf)
[Motion CoverSheet Form](Motion CoverSheet Form)

| | |
|---|---|
| **Docket Entry:** | 76-19011676 REPLY IN SUPPORT OF MOT-FOR EXTRAORDINARY RELIEF FILED. (FILED ON BEHALF OF M. B.) |

| | | | |
|---|---|---|---|
| 25-JAN-2019 11:21 AM | DSCIM - DISCOVERY MOTION FILED | BEZAR, NADEEM A | 25-JAN-2019 11:34 AM |

**Documents:** [Pltfs MTC Roosevelt Inn Defs to Comply with Inspection.pdf](Pltfs MTC Roosevelt Inn Defs to Comply with Inspection.pdf)

| | |
|---|---|
| **Docket Entry:** | DISCOVERY HEARING REQUEST FILED IN RE: PLTFS MTC ROOSEVELT INN DEFS TO COMPLY WITH INSPECTION. HEARING SCHEDULED FOR: FEBRUARY 05, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF M. B.) |

| 28-JAN-2019 01:58 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | ROBINS-NEW, SHELLEY | 28-JAN-2019 01:58 PM |
|---|---|---|---|

**Documents:** ORDER_139.pdf

**Docket Entry:** 76-19011676 AND NOW, THIS 25TH DAY OF JANUARY, 2019, UPON CONSIDERATION OF THE MOTION FOR EXTRA RELIEF, ANY RESPONSE THERETO, IT IS HEREBY ORDERED AND DECREED THAT SAID MOTION IS GRANTED, DEADLINES EXTENDED SIX MONTHS. A NEW CASE MANAGEMENT ORDER SHALL BE ISSUED. BY THE COURT: HON. SHELLEY ROBINS NEW, 1-25-2019.

| 28-JAN-2019 02:04 PM | RVCMO - REVISED CASE MGMT ORDER ISSUED | | 28-JAN-2019 12:00 AM |
|---|---|---|---|

**Documents:** RVCMO_143.pdf

**Docket Entry:** REVISED CASE MANAGEMENT ORDER - Be advised that the Case Management Order issued for the above-captioned action has been revised as follows: All discovery shall be completed not later than 07-OCT-2019. Plaintiff shall submit expert reports not later than 04-NOV-2019. Defendant shall submit expert reports not later than 03-DEC-2019. All pre-trial motions other than motions in limine shall be filed not later than 03-DEC-2019. A settlement conference will be scheduled any time after 06-JAN-2020. A pre-trial conference will be scheduled at any time after 02-MAR-2020. It is expected that this case shall be ready for trial by 06-APR-2020. All other terms and conditions on the original Case Management Order will remain in full force and effect. ...BY THE COURT: SHELLEY ROBINS-NEW, J.

| 22-FEB-2019 02:48 PM | MAILR - RETURNED MAIL RECEIVED | | 22-FEB-2019 12:00 AM |
|---|---|---|---|

**Documents:** MAILR_149.pdf

**Docket Entry:** RETURNED MAIL ORDER DATED 01/25/19 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: DIAQUAN DAVIS.

| 15-MAR-2019 10:39 AM | CERTI - CERTIFICATION FILED | MARKS, EMILY B | 15-MAR-2019 10:41 AM |
|---|---|---|---|

**Documents:** Cert Prereq - FBI.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF M. B.)

| 19-MAR-2019 03:19 PM | DSCIM - DISCOVERY MOTION FILED | MARKS, EMILY B | 20-MAR-2019 07:35 AM |
|---|---|---|---|

**Documents:** Pltfs MTC Roosevelt Inn Defs to Comply with Discovery.pdf

**Docket Entry:** DISCOVERY HEARING REQUEST FILED IN RE: MTC DEFS TO PROVIDE FULL AND SPECIFIC SUPP RESP TO SET I. HEARING SCHEDULED FOR: APRIL 02, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF M. B.)

| 02-APR-2019<br>09:25 AM | ORDER - ORDER ENTERED/236 NOTICE<br>GIVEN | ROBINS-NEW,<br>SHELLEY | 02-APR-2019<br>12:00 AM |
|---|---|---|---|

**Documents:** ORDER_152.pdf

**Docket Entry:** AND NOW, THIS 2ND DAY OF APRIL,2019, UPON CONSIDERATION OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS ROOSEVELT IN LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY LLC AND YAGNA PATEL TO PROVIDE FULL AND SPECIFIC, SUPPLEMENTAL RESPONSES, WITHOUT OBJECTION, TO PLAINTIFF'S INTERROGATORIES, NOS. 25 THROUGH 30 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14. (SET I), IT IS HEREBY ORDERED AND DECREED THAT PLAINTIFF'S MOTION IS GRANED............SEE ORDER FOR FURTHER TERMS AND CONDITIONS...........BY THE COURT: ROBINS-NEW,J. 4/2/2019

| 28-JUN-2019<br>02:36 PM | DSCIM - DISCOVERY MOTION FILED | BEZAR, NADEEM A | 24-JUL-2019<br>12:00 AM |
|---|---|---|---|

**Documents:** DSCIM_157.pdf

**Docket Entry:** *none.*

| 15-JUL-2019<br>03:14 PM | DSCIM - DISCOVERY MOTION FILED | BEZAR, NADEEM A | 15-JUL-2019<br>12:00 AM |
|---|---|---|---|

**Documents:** DSCIM_154.pdf

**Docket Entry:** DISCOVERY HEARING REQUEST FILED RE: MOTION TO COMPEL. HEARING SCHEDULED FOR JULY 30, 2019 AT 9:00 IN ROOM 625 CITY HALL.

| 16-JUL-2019<br>02:03 PM | ORDER - ORDER ENTERED/236 NOTICE<br>GIVEN | ROBINS-NEW,<br>SHELLEY | 16-JUL-2019<br>12:00 AM |
|---|---|---|---|

**Documents:** ORDER_155.pdf

**Docket Entry:** UPON CONSIDERATION OF PLAINTIFF'S MOTION TO COMPEL THE DEPOSITIONS OF YAGNA PATEL AND BLANCHE BERSCH, AND ANY RESPONSE THERETO, IT IS HEREBY: ORDERED AND DECREED THAT PLAINTIFF'S MOTION IS GRANTED. SEE ORDER FOR DETAILS. ...BY THE COURT: ROBINS-NEW, J. 07/16/2019

| 31-JUL-2019<br>02:51 PM | CERTI - CERTIFICATION FILED | OBERDICK JR.,<br>DANIEL E | 31-JUL-2019<br>03:00 PM |
|---|---|---|---|

**Documents:** Notice of Intent to Serve Subpoena Redacted.pdf<br>Notice of Intent to Serve Subpoena Unredacted.pdf

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 02-AUG-2019<br>03:03 PM | MTMIS - MISCELLANEOUS<br>MOTION/PETITION | MARKS, EMILY B | 02-AUG-2019<br>03:04 PM |
|---|---|---|---|

**Documents:** [(80) Pltf Motion for Leave to File a Third Amended Complaint.pdf](#)
[Motion CoverSheet Form](#)

**Docket Entry:** 12-19080412 RESPONSE DATE 08/22/2019. PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT (FILED ON BEHALF OF M. B.)

| 26-AUG-2019 08:23 AM | CERTI - CERTIFICATION FILED | BEZAR, NADEEM A | 26-AUG-2019 11:18 AM |
|---|---|---|---|

**Documents:** [Cert Prereq-Alpha Century.pdf](#)

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF WILLIAM A. CALANDRA AND M. B.)

| 04-SEP-2019 12:24 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | ROBINS-NEW, SHELLEY | 04-SEP-2019 12:24 PM |
|---|---|---|---|

**Documents:** [ORDER_162.pdf](#)

**Docket Entry:** 12-19080412 AND NOW, THIS 27TH DAY OF AUGUST, 2019, UPON CONSIDERATION OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT, ANY RESPONSE THERETO, IT IS HEREBY ORDERED AND DECREED THAT PLAINTIFF'S MOTION IS GRANTED AND PLAINTIFF MAY FILE A THIRD AMENDED COMPLAINT CONSISTENT WITH THE PROPOSED THIRD AMENDED COMPLAINT, AS ATTACHED TO PLAINTIFF'S MOTION AS EXHIBIT "B". BY THE COURT: HON. SHELLEY ROBINS NEW, 8-27-2019.

| 06-SEP-2019 12:30 PM | CMAMD - AMENDED COMPLAINT FILED | BEZAR, NADEEM A | 06-SEP-2019 12:33 PM |
|---|---|---|---|

**Documents:** [(82) Pltf Third Amended Complaint.pdf](#)
[CMAMD_164_001.pdf](#)

**Docket Entry:** THIRD AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY(20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF M. B.)

| 06-SEP-2019 01:54 PM | ENAPP - ENTRY OF APPEARANCE | KOSTYK, AARON | 06-SEP-2019 02:15 PM |
|---|---|---|---|

**Documents:** [00994199.PDF](#)

**Docket Entry:** ENTRY OF APPEARANCE OF AARON KOSTYK FILED. (FILED ON BEHALF OF BENSALEM TOWNSHIP POLICE DEPARTMENT)

| 12-SEP-2019 12:32 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | KOSTYK, AARON | 12-SEP-2019 12:52 PM |
|---|---|---|---|

**Documents:** [00995814.PDF](#)

**Docket Entry:** AFFIDAVIT OF SERVICE OF ENTRY OF APPEARANCE UPON THOMAS P WAGNER, ROBERT W STANKO, NADEEM A BEZAR, MELANIE J FOREMAN, JUSTINA L BYERS, JAMES J QUINLAN, GRANT S PALMER, EMILY B MARKS AND DANIEL E OBERDICK

BY FIRST CLASS REGULAR MAIL ON 09/12/2019 FILED. (FILED ON BEHALF OF BENSALEM TOWNSHIP)

| 13-SEP-2019 03:25 PM | DSCIM - DISCOVERY MOTION FILED | MARKS, EMILY B | 13-SEP-2019 03:34 PM |
|---|---|---|---|

**Documents:** Pltfs Motion to Strike Obj of Roosevelt Defs to Set VII.pdf

**Docket Entry:** DISCOVERY HEARING REQUEST FILED IN RE: PLTFS MOTION TO STRIKE OBJ OF ROOSEVELT DEFS RESP TO SET VII. HEARING SCHEDULED FOR: SEPTEMBER 24, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF M. B.)

| 16-SEP-2019 09:02 AM | DSCIM - DISCOVERY MOTION FILED | MARKS, EMILY B | 16-SEP-2019 09:28 AM |
|---|---|---|---|

**Documents:** (84) Pltf MTC Compliance with Subpoena (Alpha).pdf

**Docket Entry:** DISCOVERY HEARING REQUEST FILED IN RE: MOTEL TO COMPEL COMPLIANCE WITH A SUBPOENA (ALPHA-CENTURY). HEARING SCHEDULED FOR: OCTOBER 01, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF M. B. AND WILLIAM A. CALANDRA ESQ)

| 16-SEP-2019 09:10 AM | DSCIM - DISCOVERY MOTION FILED | BEZAR, NADEEM A | 16-SEP-2019 09:29 AM |
|---|---|---|---|

**Documents:** (85) Pltf MTC Dep of Mueller and Upadhyay.pdf

**Docket Entry:** DISCOVERY HEARING REQUEST FILED IN RE: MOTION TO COMPEL DEPOSITION. HEARING SCHEDULED FOR: OCTOBER 01, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF M. B. AND WILLIAM A. CALANDRA ESQ)

| 19-SEP-2019 01:03 PM | DSCIM - DISCOVERY MOTION FILED | MARKS, EMILY B | 19-SEP-2019 01:05 PM |
|---|---|---|---|

**Documents:** (86) Pltf MTC Deposition of Howard Allen Richardson.pdf

**Docket Entry:** DISCOVERY HEARING REQUEST FILED IN RE: MOTION TO COMPEL DEPOSITION. HEARING SCHEDULED FOR: OCTOBER 01, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF M. B.)

| 25-SEP-2019 12:59 PM | DSCIM - DISCOVERY MOTION FILED | BEZAR, NADEEM A | 25-SEP-2019 01:34 PM |
|---|---|---|---|

**Documents:** (87) Stipulation to Produce Blanche Bersche.pdf

**Docket Entry:** DISCOVERY HEARING REQUEST FILED IN RE: STIPULATION FOR DEFENDANTS TO PRODUCE DEPOSITION. HEARING SCHEDULED FOR: OCTOBER 08, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF M. B.)

| 26-SEP-2019 01:40 PM | MAILR - RETURNED MAIL RECEIVED | | 26-SEP-2019 12:00 AM |
|---|---|---|---|

**Documents:** [MAILR_172.pdf](MAILR_172.pdf)
[MAILR_172_001.pdf](MAILR_172_001.pdf)

**Docket Entry:** RETURNED MAIL ORDER DATED 08/27/19 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: DIAQUAN DAVIS.

| | | | |
|---|---|---|---|
| 26-SEP-2019 02:33 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | OBERDICK JR., DANIEL E | 26-SEP-2019 02:36 PM |

**Documents:** [Return of Service of Subpoena on Guillermo Salas.pdf](Return of Service of Subpoena on Guillermo Salas.pdf)

**Docket Entry:** AFFIDAVIT OF SERVICE OF SUBPOENA AND NOTICE OF DEPOSITION ON GUILLERMO SALAS UPON BY PERSONAL SERVICE ON 09/22/2019 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 26-SEP-2019 02:36 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | OBERDICK JR., DANIEL E | 26-SEP-2019 02:41 PM |

**Documents:** [Return of Service of Subpoena on Jessica Salas.pdf](Return of Service of Subpoena on Jessica Salas.pdf)

**Docket Entry:** AFFIDAVIT OF SERVICE OF SUBPOENA & NOTICE OF DEPOSITION OF JESSICA SALAS UPON BY PERSONAL SERVICE ON 09/22/2019 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 26-SEP-2019 02:40 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | OBERDICK JR., DANIEL E | 26-SEP-2019 02:42 PM |

**Documents:** [Return of Service of Subpoena on Robert Beason.pdf](Return of Service of Subpoena on Robert Beason.pdf)

**Docket Entry:** AFFIDAVIT OF SERVICE OF SUBPOENA & NOTICE OF DEPOSITION OF ROBERT BEASON UPON BY PERSONAL SERVICE ON 09/22/2019 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 26-SEP-2019 02:42 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | OBERDICK JR., DANIEL E | 26-SEP-2019 02:43 PM |

**Documents:** [Return of Service of Subpoena on Kelly Mahon Beason.pdf](Return of Service of Subpoena on Kelly Mahon Beason.pdf)

**Docket Entry:** AFFIDAVIT OF SERVICE OF SUBPOENA & NOTICE OF DEPOSITION OF KELLY MAHON BEASON UPON BY PERSONAL SERVICE ON 09/22/2019 FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 26-SEP-2019 04:58 PM | ANCOM - ANSWER TO COMPLAINT FILED | OBERDICK JR., DANIEL E | 27-SEP-2019 09:21 AM |

**Documents:** [Roosevelt - Answer with New Matter and New Matter CrossClaims to 3rd Amended Complaint.pdf](Roosevelt - Answer with New Matter and New Matter CrossClaims to 3rd Amended Complaint.pdf)
[Exhibit A - Security Contract.pdf](Exhibit A - Security Contract.pdf)
[Exhibit B - Roosevelt Joinder Complaint.pdf](Exhibit B - Roosevelt Joinder Complaint.pdf)

| | |
|---|---|
| **Docket Entry** | ANSWER WITH NEW MATTER AND CROSSCLAIM TO PLAINTIFF'S THIRD AMENDED COMPLAINT FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC) |

| 27-SEP-2019 02:36 PM | DSCIM - DISCOVERY MOTION FILED | FOREMAN, MELANIE J | 27-SEP-2019 02:45 PM |
|---|---|---|---|

**Documents:** [M.B. - Motion to Compel Plaintiff IME with Dr Ziv.PDF](#)

| | |
|---|---|
| **Docket Entry** | DISCOVERY HEARING REQUEST FILED IN RE: MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION. HEARING SCHEDULED FOR: OCTOBER 08, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.) |

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com
      doberdick@blankrome.com

*Attorneys for Defendants*
*Roosevelt Inn LLC d/b/a Roosevelt Inn,*
*Roosevelt Inn Café, Roosevelt Motor Inn,*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

Filed and Attested by the
Office of Judicial Records
08 JAN 2019 01:33 pm
T. TIERNEY

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
|  | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |  |
| ROOSEVELT INN CAFÉ, et al., | : |  |
|  | : |  |
|  | : |  |
|  | : |  |

## <u>NOTICE OF PRESENTATION</u>

To:

| | |
|---|---|
| Nadeem A. Bezar, Esquire | Thomas P. Wagner, Esquire |
| Emily B. Marks, Esquire | Robert W. Stanko, Esquire |
| Kyle B. Nocho, Esquire | Melanie J. Foreman, Esquire |
| Kline & Specter, P.C. | Marshall Dennehey Warner Coleman & |
| 1525 Locust Street | Goggin |
| Philadelphia, PA 19102 | 2000 Market Street, Suite 2300 |
| | Philadelphia, PA 19103 |

Case ID: 170300712

Daiquan Davis
Register Number 72304-066
FTC Oklahoma City
Federal Transfer Center
P.O. Box 898801
Oklahoma City, OK 73189

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

 

**PLEASE TAKE NOTICE** that the Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, to Compel Plaintiff's Full and Complete Discovery Responses, will be presented to the Court on _____, at _____, in Court Room _____, City Hall, Philadelphia, PA.

**BLANK ROME LLP**

                                  */s/ James J. Quinlan*
                                  Grant S. Palmer (PA ID# 57686)
                                  James J. Quinlan (PA ID# 200944)
                                  Justina L. Byers (PA ID# 76773)
                                  Daniel E. Oberdick (PA ID# 309676)
                                  BLANK ROME LLP
                                  One Logan Square
                                  130 N. 18th Street
                                  Philadelphia, PA  19103

Dated: January 4, 2019              (215) 569-5500

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com
      doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

---

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |
| | : | |
| | : | |

---

**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S**
**MOTION TO COMPEL FULL AND COMPLETE**
**DISCOVERY RESPONSES DIRECTED TO PLAINTIFF**

    Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "Defendants"), by their undersigned counsel, hereby file this Motion to

Compel Full and Complete Discovery Responses (the "Motion") pursuant to Pa. R. Civ. P. 4019 and, in support thereof, state as follows:

1.      Plaintiff commenced this civil action on March 10, 2017.

2.      On October 3, 2018, Plaintiff was served with Defendants' Request for Admissions (Set III) and Defendants' Request for Production of Documents (Set IV). *See* Discovery Requests attached as Exhibit "A."

3.      Defendants' Request for Production of Documents (Set IV) sought information related to a subpoena served by Plaintiff on September 24, 2018 to the Bensalem Township Police Department.

4.      More specifically, Plaintiff's subpoena asked the Bensalem Township Police Department to produce any and all records related to "Lamont Young 'a/k/a Abdul a/k/a Do'." *See* September 24, 2018 Subpoena attached hereto as Exhibit "B."

5.      Prior to Plaintiff issuing the notice of intent for the above referenced subpoena, Defendants had never heard of "Lamont Young," had never seen the name "Lamont Young" associated with the name Abdul nor had Plaintiff identified "Lamont Young" as one of her alleged traffickers.

6.      In fact, Defendants' May 18, 2017 discovery requests directed to Plaintiff specifically asked Plaintiff to identify, among other things, any and all persons that Plaintiff or Plaintiff's lawyers believed possessed knowledge or information related to the allegations in Plaintiff's Complaint.

7.      At no time has Plaintiff identified Lamont Young (a/k/a Abdul a/k/a Do) as an individual who may have knowledge or information related to the allegations in Plaintiff's

2

Complaint nor were Defendants ever provided with information connecting Lamont Young to the instant lawsuit.

8.      After being presented with the name Lamont Young for the first time in this lawsuit, Defendants served Plaintiff with discovery requests seeking "any and all photographs and other documents in [Plaintiff's] possession related to Lamont Young a/k/a Abdul a/k/a Do. *See* Exhibit "A."

9.      On October 29, 2018, Plaintiff served Defendants with written answers to those discovery requests. *See* Plaintiff's Discovery Responses attached as Exhibit "C." However, Plaintiff's responses to Defendants' Request for Production of Documents (Set IV) were incomplete and insufficiently responsive.

10.     As a threshold matter, despite Defendants serving Plaintiff with a document request, Plaintiff provided a "response" (a denial) in the nature of a "Response to Request for Admission #2." Therefore, Plaintiff failed to properly respond to Defendants' discovery request. *Id*.

11.     Moreover, the remainder of Plaintiff's response – that she does not know who Lamont Young is – is unacceptable as this request goes beyond Plaintiff's personal knowledge.

12.     Instead, "Plaintiff," as defined by these discovery requests, includes her counsel, who must be familiar with the name Lamont Young as evidenced by the fact that "Lamont Young" is the very subject of the Subpoena Plaintiff's counsel issued to the Bensalem Township Police Department.

13.     As such, Plaintiff, through her counsel – irrespective of her personal knowledge regarding "Lamont Young" – must produce all photographs and other documents in "Plaintiff's"

3

possession related to Lamont Young a/k/a Abdul a/k/a Do subject to a claim of privilege, which has not been made.

14.     On November 19, 2018, Defendants wrote to Plaintiff advising that her discovery responses were deficient.  *See* Deficiency Letter attached as Exhibit "D."  In the Deficiency Letter, Defendants specifically noted which of Plaintiff's discovery responses were deficient and requested that Plaintiff supplement her responses within 10 days.  *See Id*.  To date, Plaintiff has failed to cure her discovery deficiencies or supplement her responses.

15.     Instead, on November 19, 2018 despite Plaintiff's good faith obligation to supplement her discovery responses, Plaintiff's counsel advised that Defendants must file a motion in order to obtain the discovery to which Defendants are entitled.  *See* E-mail from Plaintiff's counsel attached as Exhibit "E."

16.     The requested discovery concerns matters solely within the knowledge and control of Plaintiff and are essential to Defendants' preparation of the case for trial.

150213.00601/114736506v.1

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel respectfully request that this Court grant their Motion and enter an Order pursuant to Pa.R.Civ.P. 4019 compelling Plaintiff to supplement her deficient discovery answers and serve full and complete discovery responses within ten (10) days or suffer such sanctions as the Court may impose.

BLANK ROME LLP

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: January 3, 2019                (215) 569-5500

5

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com
      doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>                Plaintiff,<br><br>     v.<br><br>ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO COMPEL FULL AND COMPLETE
DISCOVERY RESPONSES DIRECTED TO PLAINTIFF**

     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "Defendants"), by their undersigned counsel, hereby file this

Memorandum of Law in Support of their Motion to Compel Full and Complete Discovery Responses directed to Plaintiff (the "Motion").

## I.    <u>FACTUAL BACKGROUND</u>

Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against Defendants and Alpha-Centurion Security, Inc.

On October 3, 2018, Plaintiff was served with Defendants' Request for Admissions (Set III) and Defendants' Request for Production of Documents (Set IV).  *See* Discovery Requests attached as Exhibit "A."  Defendants' Request for Production of Documents (Set IV) sought information related to a subpoena served by Plaintiff on September 24, 2018 to the Bensalem Township Police Department.   More specifically, Plaintiff's subpoena asked the Bensalem Township Police Department to produce any and all records related to "Lamont Young 'a/k/a Abdul a/k/a Do'."  *See* September 24, 2018 Subpoena attached hereto as Exhibit "B."  Prior to Plaintiff issuing the notice of intent for the above referenced subpoena, Defendants had never heard of "Lamont Young," had never seen the name "Lamont Young" associated with the name Abdul nor had Plaintiff identified "Lamont Young" as one of her alleged traffickers.  In fact, Defendants' May 18, 2017 discovery requests directed to Plaintiff specifically asked Plaintiff to identify, among other things, any and all persons that Plaintiff or Plaintiff's lawyers believed possessed knowledge or information related to the allegations in Plaintiff's Complaint.  At no time has Plaintiff identified Lamont Young (a/k/a Abdul a/k/a Do) as an individual who may have knowledge or information related to the allegations in Plaintiff's Complaint nor were Defendants ever provided with information connecting Lamont Young to the instant lawsuit.

2

After being presented with the name Lamont Young for the first time in this lawsuit, Defendants served Plaintiff with discovery requests seeking "any and all photographs and other documents in [Plaintiff's] possession related to Lamont Young a/k/a Abdul a/k/a Do. *See* Exhibit "A." On October 29, 2018, Plaintiff served Defendants with written answers to those discovery requests. *See* Plaintiff's Discovery Responses attached as Exhibit "C." However, Plaintiff's responses to Defendants' Request for Production of Documents (Set IV) were incomplete and insufficiently responsive.

As a threshold matter, despite Defendants serving Plaintiff with a document request, Plaintiff provided a "response" (a denial) in the nature of a "Response to Request for Admission #2." Therefore, Plaintiff failed to properly respond to Defendants' discovery request. *Id*. Moreover, the remainder of Plaintiff's response – that she does not know who Lamont Young is – is unacceptable as this request goes beyond Plaintiff's personal knowledge. Instead, "Plaintiff," as defined by these discovery requests, includes her counsel, who must be familiar with the name Lamont Young as evidenced by the fact that "Lamont Young" is the very subject of the Subpoena Plaintiff's counsel issued to the Bensalem Township Police Department. As such, Plaintiff, through her counsel – irrespective of her personal knowledge regarding "Lamont Young" – must produce all photographs and other documents in "Plaintiff's" possession related to Lamont Young a/k/a Abdul a/k/a Do subject to a claim of privilege, which has not been made.

On November 19, 2018, Defendants wrote to Plaintiff advising that her discovery responses were deficient. *See* Deficiency Letter attached as Exhibit "D." In the Deficiency Letter, Defendants specifically noted which of Plaintiff's discovery responses were deficient and requested that Plaintiff supplement her responses within 10 days. *See Id*. To date, Plaintiff has failed to cure her discovery deficiencies or supplement her responses. Instead, on November 19,

2018 despite Plaintiff's good faith obligation to supplement her discovery responses, Plaintiff's counsel advised that Defendants must file a motion in order to obtain the discovery to which Defendants are entitled. *See* E-mail from Plaintiff's counsel attached as Exhibit "E."

The requested discovery concerns matters solely within the knowledge and control of Plaintiff and are essential to Defendants' preparation of the case for trial.

## II.   ARGUMENT

Rule 4006 of the Pennsylvania Rules of Civil Procedure requires a party to provide full and complete answers to interrogatories, in writing and verified, within thirty (30) days after service thereof. Additionally, Rule 4009.12 requires a party to serve written responses to Requests for Production of Documents served pursuant to Pa. R. Civ. P. 4009.11, as well as the requested documents within thirty (30) days of the request.

Plaintiff has failed to serve full and complete written responses to Sets IV Defendants' Requests for Production of Documents and has failed to produce responsive documents, in flagrant disregard of the Rules of Civil Procedure. Moreover, in response to correspondence from Defendants' counsel, Plaintiff has advised that Defendants must file the instant Motion in order to obtain the discovery to which Defendants are entitled. Therefore, Defendants have no recourse other than to seek relief from the Court.

150213.00601/114736506v.1

## III. **RELIEF REQUESTED**

In light of the above facts, and pursuant to Pa. R. Civ. P. 4019(a)(1), Plaintiff should be compelled by Order of the Court to supplement their prior discovery and produce full and complete written responses, without objection, and responsive documents, or suffer sanctions as the Court may impose.

**BLANK ROME LLP**

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: January 3, 2019          (215) 569-5500

5

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com
        doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

_____

| | |
|---|---|
| M.B., minor by her Guardian, | :     COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | :     PHILADELPHIA COUNTY |
| | :     CIVIL TRIAL DIVISION |
|          Plaintiff, | : |
| | :     MARCH TERM, 2017 |
|      v. | :     NO.: 00712 |
| | : |
| ROOSEVELT INN LLC | :     JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |
| ROOSEVELT INN CAFÉ, et al., | : |
| | : |
| | : |
| _____ | : |

## <u>ATTORNEY CERTIFICATION OF GOOD FAITH</u>

The undersigned counsel for movant hereby certifies and attest that:

☒a.    He or she has had the contacts described below with opposing counsel or unrepresented party regarding discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so without Court intervention.

6

*Defendants' counsel has contacted counsel for Plaintiff and requested that Plaintiff cure her discovery deficiencies by providing full and complete discovery responses and documents that are the subject of this Motion. Counsel for Plaintiff advised that Defendants may only obtain the discovery they seek by way of a discovery motion.*

☐b.    He or she was unsuccessful in actually contacting opposing counsel or unrepresented party in an attempt to resolve the discovery dispute(s) despite his or her good faith efforts to do so.

CERTIFIED TO THE COURT BY:

**BLANK ROME LLP**

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
(215) 569-5500

Dated: January 3, 2019

7

<u>**CERTIFICATE OF SERVICE**</u>

I, James J. Quinlan, Esquire, hereby certify that, on this 4th day of January 2019, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Compel Full and Complete Discovery Responses to be served via the Court's e-filing system and/or electronic and/or first-class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
FTC Oklahoma City
Federal Transfer Center
P.O. Box 898801
Oklahoma City, OK 73189

*Additional Defendant*

8

And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ James J. Quinlan
JAMES J. QUINLAN

150213.00601/114736506v.1



*Filed and Attested by the
Office of Judicial Records
04 JAN 2019 01:33 pm
M. TIERNEY*

# EXHIBIT A

# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998
blankrome.com

| | |
|---|---|
| *Phone:* | *(215) 569-5436* |
| *Fax:* | *(215) 832-5436* |
| *Email:* | *doberdick@blankrome.com* |

October 3, 2018

**VIA E-MAIL & U.S. FIRST CLASS MAIL**
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle B. Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

> Re:    _M.B. v. Roosevelt Inn LLC et al.,_
>        **Philadelphia Court of Common Pleas, March Term, 2017, No. 00712**

Dear Counsel:

Enclosed, please find the Roosevelt Inn Defendants' Request for Admissions (Set III) and Request for Production of Documents (Set IV) addressed to Plaintiff.

Very truly yours,

_/s/ Daniel E. Oberdick_

DANIEL E. OBERDICK

Encl.

Cc:    Thomas P. Wagner, Esquire (via E-Mail)
       Robert W. Stanko, Esquire (via E-Mail)
       Melanie J. Foreman, Esquire (via E-Mail)

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com
        doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| | : CIVIL TRIAL DIVISION |
| Plaintiff, | : |
| | : MARCH TERM, 2017 |
| v. | : NO.: 00712 |
| | : |
| ROOSEVELT INN LLC | : JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |
| ROOSEVELT INN CAFÉ, et al., | : |
| | : |
| | : |
| | : |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S REQUESTS FOR ADMISSIONS (SET III) AND REQUEST FOR PRODUCTION OF DOCUMENTS (SET IV) DIRECTED TO PLAINTIFF

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc.

d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (hereinafter

collectively "Defendants"), by and through their attorneys, hereby serve the following Requests

for Admissions and Document Requests upon Plaintiff, M.B. ("Plaintiff"). Pursuant to Rule 4014

1

of the Pennsylvania Rules of Civil Procedure, Plaintiff must respond to each request that is not admitted separately and fully in writing under oath within (30) days. Further, all documents requested shall be produced for inspection and copying at the offices of the undersigned within thirty (30) days of the date of service hereof, in accordance with the Pennsylvania Rules of Civil Procedure. In lieu of producing the requested documents at the offices of the undersigned, true and correct copies of all documents may be sent to the offices of the undersigned within time permitted by the Pennsylvania Rules of Civil Procedure.

## DEFINITIONS

The following definitions apply for purposes of these Requests for Admissions and Document Requests:

1.      As used herein, "Plaintiff," means M.B., and, unless privilege claimed, each and every attorney, past and present, of Plaintiff.

2.      As used herein, "Plaintiff," "you" and "your" means Plaintiff.

3.      As used herein, "Defendants" means Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, their agents, principals, investigators, consultants, representatives and employees.

4.      As used herein, "incident" means the alleged circumstances set forth in Plaintiff's Complaint concerning Plaintiff's allegations of underage human sex trafficking.

5.      As used herein, the word "person" means natural persons, groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity (*e.g.*, as a committee, board of directors, etc.), corporations, partnerships, joint ventures and any other incorporated or

unincorporated business or social entities, and all administrative committees, hearing boards, and/or decision-making bodies.

6.     As used herein, the term "document" includes every writing and record of every type and description, whether or not in the possession, custody or control of you, your agents, attorneys, or representatives, including, but not limited to, correspondence, memoranda, interoffice communications (including e-mails), written notes, telegrams, minutes of directors or committee meetings, reports, contracts, deeds, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of account, journals, vouchers, bank checks, charge slips, account reports, receipts, working papers, charts, graphs, indexes, statistical records, stenographers, notebooks, calendars, appointment books, diaries, time sheets, data sheets, statements, papers, articles, news stories, computer printouts, tapes and records of all types, microfilms, studies, books, pamphlets, schedules, and any preliminary draft of any of these categories of documents, photographic prints, transparencies, moving pictures, voice records and every other device or medium on which or through which information of any type is transmitted, recorded or preserved.  The term "document" shall also mean a copy where the original is not in your possession, custody or control and every copy of a document if such copy is not an identical duplicate of the original.

7.     As used herein, the terms "officers," "agents," "employees" and any other such designation means any person serving at any relevant time in any such capacity even though no longer serving in such capacity.

8.     a.     "Identify," when used with respect to a natural person means to:

          (1)     State his or her name;

          (2)     State his or her current or last known residence, address and

telephone number;

(3)     State his or her business address and telephone number; and

b.     "Identify," when used with respect to a document or report means to state its:

(1)     Date;

(2)     Title or content identifier;

(3)     Author; and

(4)     Current location.

c.     "Identify," when used with respect to a communication, means to state its:

(1)     Date;

(2)     Names and titles of persons involved; and

(3)     The content of the communication.

d.     "Identify," when used with respect to a transaction, event, incident, incident or occurrence means to:

(1)     State the date thereof;

(2)     Identify each person involved;

(3)     Identify the location of the transaction or event.

## <u>INSTRUCTIONS</u>

A.     If you do not admit any portion of the requests, then your answer must specifically deny that portion or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

B.     A denial shall fairly meet the substance of the requested admissions, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you should specify so much of it as is true and qualify or deny the remainder.

4

C.     You may not give lack of information or knowledge as a reason for failure to admit or deny, unless you state that you have made reasonable inquiry and that the information known to you or readily obtainable by you is insufficient to enable you to admit or deny.

D.     Plaintiff shall produce original copies of all requested documents, but also copies of any documents which contain marks or notations not present on the original.

E.     Plaintiff shall furnish all known or available documents regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators or by your attorneys or their agents, employees, representatives or investigators.

F.     In producing documents called for herein, Plaintiff shall segregate the documents so as to identify the numbered request to which such document responds.

G.     If any of these documents cannot be produced in full, produce to the next extent possible, and specify in your reasons your inability to produce the remainder, stating whatever information, knowledge or belief you have concerning the unproduced portion.

H.     If you withhold any documents covered by the request by reason of a claim of privilege or confidentiality, furnish a list identifying each such document, together with the following information:  (a) the date of the document; (b) the name of its author, authors or preparers and an identification by employment and title of each person; (c) the name, employment and title of each person (i) to whom the document was sent or furnished, or (ii) who viewed, received or had custody of the document; (d) a brief description of the document sufficient to permit the Court to adjudicate the validity of the claim; (e) a statement of the basis for the claim; and (f) the paragraph of this request to which the document relates.  In case of any document relating in any way to a meeting or to any other conversation, identify all participants in the meeting or conversation.

5

I.      This is a continuing request for discovery.  If, after producing documents, you obtain or become aware of any additional documents responsive to this request, you are requested to supplement your response.

### REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that Lamont Young a/k/a Abdul a/k/a Do, referenced in Plaintiff's September 24, 2018 "Notice of Intent to Serve a Subpoena to Produce Documents and Things for Discovery Pursuant to Rule 4009.21" directed to the Bensalem Township Police Department is the same "Abdul" referenced in paragraphs 48-50 and 55 of Plaintiff's Second Amended Complaint.

**RESPONSE NO. 1:**


If Request for Admission No. 1 is admitted, identify everything you know about Lamont Young a/k/a Abdul a/k/a Do, including but not limited to his current whereabouts and contact information, whether you were trafficked by him and all details about when the trafficking occurred, how often you were trafficked by him, the date you were last trafficked by him, the name of any of his accomplices or any co-trafficker of you, and what locations the trafficking occurred.


If the response to Request for Admission No. 1 is anything other than admitted, identify everything you know about Lamont Young a/k/a Abdul a/k/a Do, including but not limited to his current whereabouts and contact information, whether you were trafficked by him and all details about when the trafficking occurred, how often you were trafficked by him, the date you were last trafficked by him, the name of any of his accomplices or any co-trafficker of you, and what locations the trafficking occurred.

6

<u>**REQUEST FOR PRODUCTION OF DOCUMENTS**</u>

**REQUEST 1:** Produce any and all photographs and other documents in your possession related to Lamont Young a/k/a Abdul a/k/a Do.

**RESPONSE:**

                                  **BLANK ROME LLP**

                                  */s/ Daniel E. Oberdick*
                                  Grant S. Palmer (PA ID# 57686)
                                  James J. Quinlan (PA ID# 200944)
                                  Justina L. Byers (PA ID# 76773)
                                  Daniel E. Oberdick (PA ID# 309676)
                                  BLANK ROME LLP
                                  One Logan Square
                                  130 N. 18th Street
                                  Philadelphia, PA  19103
Dated: October 3, 2018            (215) 569-5500

150213.00601/113056753v.1

## CERTIFICATE OF SERVICE

I, Daniel E. Oberdick, Esquire, hereby certify that, on this 3rd day of October 2018, I caused a true and correct copy of Defendants' Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Requests for Admissions (Set III) and Request for Production of Documents (Set IV) directed to Plaintiff to be served via electronic and/or first class mail upon the following:

Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle B. Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B.*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

/s/ Daniel E. Oberdick
DANIEL E. OBERDICK

8



Filed and Attested by the
Office of Judicial Records
04 JAN 2019 01:33 pm
M. TIERNEY

# EXHIBIT B

**KLINE & SPECTER, P.C.**
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000



*Attorneys for Plaintiff*

Filed and Attested by the
Office of Judicial Records
17 OCT 2018 04:49 pm
C. FORTE

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY: _____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Date: _10/17/18_

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Date: ___10|17|18___  _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have

twenty (20) days from the date listed below in which to file of record and serve upon the

undersigned any objection to the Subpoenas.  If no objection is made, the Subpoena may be

served.

- **Bensalem Township Police Department**


                              **KLINE & SPECTER, P.C.**


                    BY:    _____
                           EMILY B. MARKS, ESQUIRE
Date: ___9/24/18___         *Attorney for Plaintiff*

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*


Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*


Date: 9/24/18

EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

March Term, 17

No. 00712

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: Bensalem Township Police Department
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum

at: Kline & Specter, P.C. 1525 Locust Street  Philadelphia PA 19102
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: September 24, 2018

Name: Emily B. Marks, Esquire
Address: Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Telephone: 215 772-0524

Supreme Court ID#: 204405

Attorney for: Plaintiff

Subp.#13288694231

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL : Court of Common Pleas
:
: _____ March ___ Term, _17___
:
: No. ___00712_____

TO: _Bensalem Township Police Department_____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced. *(Date of Subpoena)*

Date: _____

_____
*(Signature of Person Served with Subpoena)*

Case ID: 170300712

**ADDENDUM "A"**

TO CUSTODIAN OF RECORDS FOR:

**Bensalem Township Police Department**
**2400 Byberry Road**
**Bensalem, PA 19020**

**Attn: Custodian of Records**

**RECORDS PERTAIN TO:**

> **IR# 10-18278**
> **Lamont Young**

Within twenty (20) days after the service of this subpoena, you are to produce *a complete copy of any and all records* pertaining to Incident Report: 10-18278 and Lamont Young including, but not limited to, <u>JNET photographs</u> of Lamont Young "a/k/a Abdul a/k/a Do", police incident reports, arrest reports, investigation reports, video recordings, audio recordings, electronic recordings, handwritten notes, diagrams, drawings, recorded interviews of any kind, witness statements, photographs, press releases, Affidavits of Probable Cause, depositions or other sworn testimony, search warrants, and any other documents.



*Filed and Attested by the
Office of Judicial Records
04 JAN 2019 01:33 pm
M. TIERNEY*

# EXHIBIT C

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS ROOSEVELT INN LLC, ET. AL.'S REQUEST FOR ADMISSIONS (SET III) AND REQUEST FOR PRODUCTION OF DOCUMENTS (SET IV)**

**REQUEST FOR ADMISSION #1:**

Admit that Lamont Young a/k/a Abdul a/k/a Do, referenced in Plaintiff's September 24, 2018 "Notice of Intent to Serve a Subpoena to Produce Documents and Things for Discovery Pursuant to Rule 4009.21" directed to the Bensalem Township Police Department is the same "Abdul" referenced in paragraphs 48-50 and 55 of Plaintiff's Second Amended Complaint.

**RESPONSE TO REQUEST FOR ADMISSION #1:**

Denied. Plaintiff is unfamiliar with the name Lamont Young.

**REQUEST FOR ADMISSION #2:**

Produce any and all photographs and other documents in your possession related to Lamont Young a/k/a Abdul a/k/a Do.

**RESPONSE TO REQUEST FOR ADMISSION #2:**

Denied. Plaintiff is unfamiliar with the name Lamont Young.

**KLINE & SPECTER, P.C.**

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

Dated: _10/29/18_

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of October, 2018, the foregoing

Minor-Plaintiff's Responses to Defendants Roosevelt Inn LLC, et. al.'s Requests for Admission

(Set III) and Request for Production of Documents (Set IV) was electronically filed and served

Upon acceptance electronically the below listed counsel; and:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
*Counsel for Defendant*
*Alpha-Centurion Security, Inc.*
*(incorrectly named as Alpha-Centurion Security, Inc., d/b/a Alpha Century Security)*

**KLINE & SPECTER, P.C.**

BY: _____
NADEEM A. BEZAR, ESQUIRE
Attorney for Minor-Plaintiff



*Filed and Attested by the
Office of Judicial Records
04 JAN 2019 01:33 pm
M. TIERNEY*

# EXHIBIT D



One Logan Square
130 North 18th Street | Philadelphia, PA 19103

| his Phone: | (215) 569-5430 |
| Fax: | (215) 832-5430 |
| Email: | quinlan@blankrome.com |

November 19, 2018

**VIA ELECTRONIC & FIRST CLASS MAIL**

Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle B. Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

> Re: *M.B. v. Roosevelt Inn LLC et al.*, **Philadelphia Court of Common Pleas, March Term, 2017**

Dear Counsel:

This concerns Plaintiff's responses to the Roosevelt Defendants' Request for Admissions (Set III) and Request for Production of Documents (Set IV), which we received on October 29, 2018. As described in detail below, Plaintiff's responses are deficient. We request that you promptly supplement Plaintiff's responses to address the deficiencies and thereby avoid motion practice.

**REQUEST FOR PRODUCTION OF DOCUMENTS (SET IV):**

Request for Production No. 1: This Request for Production requested that Plaintiff[1] produce all photographs and other documents in her possession related to Lamont Young a/k/a Abdul a/k/a Do. As a threshold matter, despite Defendants serving Plaintiff with a document request, Plaintiff provided a "response" (a denial) in the nature of a "Response to Request for Admission #2." Therefore, Plaintiff failed to properly respond to Defendants' discovery request. Moreover, the remainder of Plaintiff's response – that she does not know who Lamont Young is – is unacceptable as this request goes beyond Plaintiff's personal knowledge. Instead, "Plaintiff," as defined by these discovery requests, includes her counsel, who must be familiar with the name Lamont Young as evidenced by the fact that "Lamont Young" is the very subject of the Subpoena Plaintiff's counsel issued to the Bensalem Township Police Department. As such, Plaintiff, through her counsel – irrespective of her personal knowledge regarding "Lamont Young" – must

---

[1] "Plaintiff" is a defined term for these discovery requests: "As used herein, "Plaintiff," means M.B., and, unless privilege claimed, each and every attorney, past and present, of Plaintiff."

# BLANKROME

produce all photographs and other documents in "Plaintiff's" possession related to Lamont Young a/k/a Abdul a/k/a Do subject to a claim of privilege, which has not been made.

Please provide the requested information and documents within 10 days so that motion practice can be avoided.

Very truly yours,

JAMES J. QUINLAN

JJQ/deo

cc:    Thomas P. Wagner, Esquire (via E-mail only)
       Robert W. Stanko, Esquire (via E-Mail only)
       Melanie J. Foreman, Esquire(via E-Mail only)
       Daiquan Davis (via U.S. Mail)
       Abdul Lopez (via U.S. Mail)

150213.00601/114502330v.2



*Filed and Attested by the
Office of Judicial Records
04 JAN 2019 01:33 pm
M. TIERNEY*

# EXHIBIT E

**Oberdick, Daniel**

---

| | |
|---|---|
| **From:** | Bezar, Nadeem <nadeem.bezar@klinespecter.com> |
| **Sent:** | Monday, November 19, 2018 5:24 PM |
| **To:** | Duckenfield, Joyce |
| **Cc:** | Marks, Emily; Nocho, Kyle; TPWagner@MDWCG.com; RWStanko@MDWCG.com; MJForeman@MDWCG.com; Quinlan, James J.; Oberdick, Daniel |
| **Subject:** | Re: M.B. v. Roosevelt Inn LLC, et al. |

James,

I have no idea what your talking about.
File your Motion if you like.

Nadeem A Bezar
Kline & Specter, PC
1525 Locust Street
Philadelphia, Pa 19102
215-772-0522
Nadeem.Bezar@klinespecter.com
www.klinespecter.com


Sent from my iPhone

On Nov 19, 2018, at 5:03 PM, Duckenfield, Joyce <JDuckenfield@blankrome.com> wrote:

> On behalf of James J. Quinlan, please see the attached letter in regard to the above-referenced matter.
>
> Thank you.
>
> Joyce A. Duckenfield,
> On behalf of
> James J. Quinlan
>
> **Joyce A Duckenfield | ARC Resource Specialist** | BLANKROME
> One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
> O: 215.255.3631 | F: 215.569.5555 | jduckenfield@blankrome.com
>
>
>
> ******************************************************************************
> ********************
>
> This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or

reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<Letter to Counsel re Plaintiff_s deficient discovery responses -11.19.18.PDF>

M.B., minor by her Guardian,　　　　　:　COURT OF COMMON PLEAS
William A. Calandra, Esquire,　　　　:　PHILADELPHIA COUNTY
　　　　　　　　　　　　　　　　:　CIVIL TRIAL DIVISION
　　　　　　　　　　Plaintiff,　　　:
　　　　　　　　　　　　　　　　:　MARCH TERM, 2017
　　　　　v.　　　　　　　　　　:　NO.: 00712
　　　　　　　　　　　　　　　　:
ROOSEVELT INN LLC　　　　　　:　JURY TRIAL DEMANDED
d/b/a ROOSEVELT INN and　　　　　:
ROOSEVELT INN CAFÉ, et al.,　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
_____ :

Filed and Attested by the
Office of Judicial Records
06 JAN 2019 01:33 pm
M. TIERNEY

## **ORDER**

　　　　　AND NOW, this ___ day of _____ 2019, upon consideration of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Compel Full and Complete Discovery Responses, and any response thereto, it is hereby **ORDERED** that Plaintiff M.B. shall serve full and complete responses to Requests for Production of Documents Set IV within ten (10) days of the date of this Order or be subject to such sanctions as the Court might impose.

　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　　　　.J

Discovery End Date: April 1, 2019

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

Filed and Attested by the
Office of Judicial Records
09 JAN 2019 03:42 pm
M. TIERNEY

## ORDER

**AND NOW,** this       day of                    , 2019, upon consideration of

Plaintiff's Motion to Compel Compliance with Subpoenas Directed to Felicia Sarner, Esquire

and Mark T. Wilson, Esquire of the Federal Community Defender Office and any response

thereto, it is hereby;

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED** and the Federal

Community Defender's Office shall produce all documents in its possession that are responsive

to Plaintiff's Subpoenas within ten (10) days of the date of this Order.  Failure to comply with

this Order may result in sanctions upon application to the Court.

BY THE COURT:

_____
                                                                    **J.**

**DISCOVERY DEADLINE:  APRIL 1, 2019**

Case ID: 170300712

**KLINE & SPECTER, P.C.**　　　　　　　　　*Attorneys for Plaintiff*
BY:　　THOMAS R. KLINE, ESQUIRE/28895
　　　　NADEEM A. BEZAR, ESQUIRE/63577
　　　　EMILY B. MARKS, ESQUIRE/204405
　　　　KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
|     v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF M.B.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS

1.　　　　Plaintiff M.B., by and through counsel, Kline & Specter, P.C., requests this

Honorable Court compel Federal Community Defender Office to comply with Subpoenas served

upon it and in support thereof states the following:

2.　　　　This case involves the human sex trafficking of Plaintiff M.B. at the Roosevelt

Inn at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

3.　　　　On October 22, 2018, Plaintiff's counsel served defense counsel with a Notice of

Intent to Serve a Subpoena on Felicia Sarner, Esquire and Mark T. Wilson, Esquire of the

Federal Community Defender Office with a copy of the proposed Subpoenas attached.  See

October 22, 2018 letter to defense counsel attached as Exhibit "A", Notice of Intent with

Subpoena and Addendum directed to Felicia Sarner, Esquire, attached as Exhibit "B" and Notice

of Intent with Subpoena and Addendum directed to Mark T. Wilson, Esquire attached as Exhibit

"C".

4. The Subpoenas identically requested "… *a complete copy of any and all records*, with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of ***United States of America v. Abdul Lopez*, Case No. 2:16-cr-00394-BMS** including, but not limited to, indictments, hearing transcripts, deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 18-1676 Third Circuit."   See Exhibits "B" and "C".

5. Defense counsel did not object to the Notice of Intent to Serve a Subpoena on Felicia Sarner, Esquire and Mark T. Wilson, Esquire.

6. On November 7, 2018, Plaintiff filed a Certificate of Prerequisite to Service of a Subpoena Pursuant to Rule 4009.21.  See Certificate Prerequisite, attached as Exhibit "D".

7. The Subpoenas with Addendums were served on Felicia Sarner, Esquire and Mark T. Wilson, Esquire, on November 9, 2018.  See November 9, 2018 letters to Felicia Sarner, Esquire and Mark T. Wilson, Esquire, attached as Exhibits "E" and "F".

8. On November 20, 2018, Plaintiff received a correspondence from Nina C. Spizer, Chief, Trial Unit of the Federal Community Defender Office acknowledging receipt and that she is unable to comply with the subpoena. See November 20, 2018 letter from Nina C. Spizer, attached as Exhibit "G".

9. To date, the Federal Community Defender Office has failed to comply with the Subpoenas.

10.     The Federal Community Defender Office has not filed objections to the

Subpoenas and any objections filed in the future would be untimely.

11.     The requested information is relevant to Plaintiff's case and Plaintiff will be

unfairly prejudiced if the requested documents are not produced.

**WHEREFORE**, Plaintiff respectfully requests this Court enter the attached proposed

Order compelling the Federal Community Defender Office to comply with Plaintiff's Subpoenas.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
Attorneys for Plaintiff

**KLINE & SPECTER, P.C.**                              *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

---

**To:**    Federal Community Defender Office
            For the Eastern District of Pennsylvania
            The Curtis Center, Suite 540
            601 Walnut Street
            Philadelphia, PA 19106
            Attn: Custodian of Records

Please take notice that the following Motion:
☒    Plaintiff's Motion to Compel to Compel Compliance with Subpoenas directed to
        Felicia Sarner, Esquire and Mark T. Wilson, Esquire of the Federal Community
        Defender Office
☐    Defendant's Motion _____

will be presented to the Court on the date and time provided electronically by the Court in the
Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA.  <u>See</u> electronic
confirmation to be provided.


            */s/Emily B. Marks*
By: _____          Date: January  _9_ , 2019
            EMILY B. MARKS, ESQUIRE
            Attorney I.D. No. 204405
            Telephone Number: 215.772-1000
            Address:     Kline & Specter, P.C.
                            1525 Locust Street
                            Philadelphia, PA 19102

## <u>CERTIFICATE OF SERVICE</u>

        I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel to Compel Compliance with Subpoenas directed to Felicia Sarner, Esquire and Mark T. Wilson, Esquire of the Federal Community Defender Office was filed with the Court on January   9  , 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:
Daiquan Davis, Register No. 72304-066
Brooklyn MDC
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

        I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel to Compel Compliance with Subpoenas directed to Felicia Sarner, Esquire and Mark T. Wilson, Esquire of the Federal Community Defender Office was served by Regular and Certified Mail, return receipt mail on the following, upon acceptance of electronic filing:

Federal Community Defender Office
For the Eastern District of Pennsylvania
The Curtis Center, Suite 540
601 Walnut Street
Philadelphia, PA 19106
Attn: Custodian of Records

*/s/Emily B. Marks*

Dated:  January   9  , 2019      By: _____

                                     EMILY B. MARKS, ESQUIRE
                                     Attorney for Plaintiff

# Attorney Certification of Good Faith

Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

**X**   a. He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

The Federal Community Defendant Office advised they would not comply with the subpoena.

☐   b.   He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

**CERTIFIED TO THE COURT BY:**

*/s/Emily B. Marks*

_____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion to Compel to Compel Compliance with Subpoenas directed to Felicia Sarner, Esquire and Mark T. Wilson, Esquire of the Federal Community Defender Office are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

*/s/**Emily B. Marks***

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "A"

# KLINE & SPECTER PC

### ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

October 22, 2018

*Via Electronic & Regular Mail*

James J. Quinlan, Esquire
Blank Rome, LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

*Via Electronic & Regular Mail*

Robert W. Stanko, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

**Re:** **M.B. v. Roosevelt Inn LLC, et al.**
**Philadelphia CCP, March Term, 2017, No. 00712**

Dear Counsel,

Enclosed you will find a Notice of Intent and Subpoenas addressed to the following:

- Mark E. Cedrone, Esquire
- Richard J. Fuschino, Esquire
- Susan M. Lin, Esquire
- William Brennan, Esquire
- Noah Gorson, Esquire
- Felicia Sarner, Esquire
- Mark T. Wilson, Esquire

Please advise if you would agree to waive the 20-day waiting period. Thank you.

Very truly yours,

EMILY B. MARKS

EBM/jp
Enclosures

# EXHIBIT "B"

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |
| | : | |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned any objection to the Subpoenas.  If no objection is made, the Subpoenas may be served.

- Mark E. Cedrone, Esquire
- Richard J. Fuschino, Esquire
- Susan M. Lin, Esquire
- William Brennan, Esquire
- Noah Gorson, Esquire
- Felicia Sarner, Esquire
- Mark T. Wilson, Esquire

**KLINE & SPECTER, P.C.**

BY:   _____
         EMILY B. MARKS, ESQUIRE
         *Attorney for Plaintiff*

Date: 10/22/18

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Date: 10/22/18

EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No. _____00712_____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Felicia Sarner, Esquire_____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: _Kline & Specter, P.C. 1525 Locust Street  Philadelphia PA 19102_____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name: Emily B. Marks, Esquire

Date: October 22, 2018

Address: Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Subp.#13327504?-6

Telephone: 215 772-0524

Supreme Court ID#: 204405

Attorney for: Plaintiff

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL

:
:
:
:
:

Court of Common Pleas

_____ March _____ Term, _17_

No. ____00712_____

TO: _Felicia Sarner, Esquire_____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                              *(Date of Subpoena)*

Date: _____         _____
                                      *(Signature of Person Served with Subpoena)*

Case ID: 170300712

**TO CUSTODIAN OF RECORDS FOR:**

**Felicia Sarner, Esquire**
**Defender Association of Philadelphia**
**Suite 540 W, The Curtis Center**
**601 Walnut Street**
**Philadelphia, PA 19106**
**Attn:  Custodian of Records**

**RECORDS PERTAIN TO:**

*United States of America v. Abdul Lopez*, **Case No. 2:16-cr-00394-BMS and**
**Appeals court case number: 18-1676 Third Circuit**

Within twenty (20) days after the service of this subpoena, you are to produce *a complete copy of any and all records*, with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of *United States of America v. Abdul Lopez*, **Case No. 2:16-cr-00394-BMS** including, but not limited to, indictments, hearing transcripts, deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 18-1676 Third Circuit.

EXHIBIT "C"

**KLINE & SPECTER, P.C.**                          *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |
| | : | |

### NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned any objection to the Subpoenas. If no objection is made, the Subpoenas may be served.

- Mark E. Cedrone, Esquire
- Richard J. Fuschino, Esquire
- Susan M. Lin, Esquire
- William Brennan, Esquire
- Noah Gorson, Esquire
- Felicia Sarner, Esquire
- Mark T. Wilson, Esquire

**KLINE & SPECTER, P.C.**

BY:    _____
       EMILY B. MARKS, ESQUIRE
       *Attorney for Plaintiff*

Date: 10/22/18

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Date: 10/22/18

_____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

March Term, 17

No. 00712

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: Mark T. Wilson, Esquire
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: Kline & Specter, P.C. 1525 Locust Street Philadelphia PA 19102
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name: Emily B. Marks, Esquire

Date: October 22, 2018

Address: Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Telephone: 215 772-0524

Supreme Court ID#: 204405

Attorney for: Plaintiff

Subp.#133275047-1

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL     :    Court of Common Pleas

                     :    _____ March _____ Term, _17_

                     :    No. ____00712_____

TO: _Mark T. Wilson, Esquire_____
                  *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

## Certificate of Compliance with Subpoena to Produce
## Documents or Things Pursuant to Rule 4009.23

I, _____
                     *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                   *(Date of Subpoena)*

Date: _____        _____
                                        *(Signature of Person Served with Subpoena)*

ADDENDUM "A"

**TO CUSTODIAN OF RECORDS FOR:**

**Mark T. Wilson, Esquire**
**Defender Association of Philadelphia**
**Suite 540 W, The Curtis Center**
**601 Walnut Street**
**Philadelphia, PA 19106**
**Attn:   Custodian of Records**

**RECORDS PERTAIN TO:**

*United States of America v. Abdul Lopez*, **Case No. 2:16-cr-00394-BMS and**
**Appeals court case number: 18-1676 Third Circuit**

Within twenty (20) days after the service of this subpoena, you are to produce *a complete copy of any and all records*, with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of *United States of America v. Abdul Lopez*, **Case No. 2:16-cr-00394-BMS** including, but not limited to, indictments, hearing transcripts, deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 18-1676 Third Circuit.

# EXHIBIT "D"

**KLINE & SPECTER, P.C.**
BY:  THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
07 NOV 2018 12:07 pm
C. FORTE

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
### PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1)  a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2)  a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3)  no objection to the subpoenas has been received, and

(4)  the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY:      */s/Emily B. Marks*
_____
EMILY B. MARKS, ESQUIRE
Date:  __11/7/2018__          Attorney for Plaintiff

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct

copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following

counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks, Esquire*

Date: __11/7/2018__

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "E"

### KLINE & SPECTER PC

ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

November 9, 2018

*Via Regular Mail*
*and Certified Mail*
Felicia Sarner, Esquire
Defender Association of Philadelphia
The Curtis Center, Suite 540
601 Walnut Street
Philadelphia, PA 19106

Re: **M.B. v. Roosevelt Inn LLC, et al.**
**Philadelphia CCP, March Term, 2017, No. 00712**

Dear Ms. Sarner:

Enclosed you will find a Subpoena to Produce Documents in connection with the above-captioned matter. We will reimburse you for the reasonable cost of producing the requested records.

Kindly forward these documents to my attention no later than **November 30, 2018**. Please also complete the Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23 and return to me along with the requested records.

Thank you.

Very truly yours,

*/s/Emily B. Marks*

EMILY B. MARKS

EBM/cl
Enclosures

# EXHIBIT "F"

# KLINE & SPECTER PC

ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

November 9, 2018

*Via Regular Mail*
*and Certified Mail*
Mark T. Wilson, Esquire
Defender Association of Philadelphia
The Curtis Center, Suite 540
601 Walnut Street
Philadelphia, PA 19106

   Re: <u>M.B. v. Roosevelt Inn LLC, et al.</u>
     **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Mr. Wilson:

   Enclosed you will find a Subpoena to Produce Documents in connection with the above-captioned matter.  We will reimburse you for the reasonable cost of producing the requested records.

   Kindly forward these documents to my attention no later than **November 30, 2018**.  Please also complete the Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23 and return to me along with the requested records.

   Thank you.

       Very truly yours,

       */s/Emily B. Marks*

       EMILY B. MARKS

EBM/cl
Enclosures

# EXHIBIT "G"

# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### FEDERAL COURT DIVISION - DEFENDER ASSOCIATION OF PHILADELPHIA

### SUITE 540 WEST -- THE CURTIS CENTER
### 601 WALNUT STREET
### PHILADELPHIA, PA 19106

**LEIGH M. SKIPPER**
CHIEF FEDERAL DEFENDER

| PHONE NUMBER | (215) 928-1100 |
| FAX NUMBER | (215) 928-1112 |
| FAX NUMBER | (215) 928-0822 |
| FAX NUMBER | (215) 861-3159 |

**HELEN A. MARINO**
FIRST ASSISTANT FEDERAL DEFENDER

November 20, 2018

Emily Marks,
Kline & Specter, PC
1525 Locust Street
Philadelphia, PA 19102

> **RE:** ***M.B. V. Roosevelt Inn, LLC et al., Philadelphia CCP, March Term, 2017,
> NO. 00712***

Dear Ms. Marks:

My office is in receipt of your subpoena served by certified mail on November 15, 2018 for any and all records pertaining to the criminal prosecution of Mr. Abdul Lopez CR# 16-394 in the Eastern District of Pennsylvania. I have called your office twice in order to discuss this subpoena. We were appointed to represent Mr. Lopez in the above captioned matter on September 29, 2016. Due to an irreconcilable conflict of interest we sought to withdraw as counsel on October 25, 2016. That motion was granted on October 31, 2016. Mr. Noah Gorson was appointed on the same day that we were removed as counsel.

A review of our records indicate that we have very little, if any, of the information that you have requested. This is probably due to the short period of time that we represented Mr. Lopez. Additionally, there is a protective order signed by The Honorable Berle M. Schiller on November 9, 2016 that would prohibit the disclosure of any discovery we may have. I can also assure you that due to the short time we represented Mr. Lopez, anything we have is incomplete. As you know, Mr. Noah Gorson was appointed to represent Mr. Lopez on October 31, 2018, and it is my understanding that he represented Mr. Lopez through the sentencing in this matter. Anything we would have in our file was given to Mr. Gorson in 2016 and Mr. Gorson would have complete copies of what you are seeking. I would also note that several documents that you are seeking are on the criminal docket and can be accessed publicly. Unfortunately, it appears that several items you seek are in fact sealed probably due to the protective order filed in this case. I am aware that we have 20 days to comply with your subpoena. Please contact me with how you wish to proceed since I am unable to comply with your subpoena for the reasons stated above.

I look forward to hearing from you prior to the December deadline set by you. My contact information is above.

Very truly yours,

NINA C. SPIZER
Chief, Trial Unit

NCS/cb

| M.B | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

Filed and Attested by the
Office of Judicial Records
09 JAN 2019 03:45 pm
M. TIERNEY

## ORDER

**AND NOW,** this        day of                           , 2019, upon consideration of

Plaintiff's Motion to Compel Compliance with Subpoena Directed to Noah Gorson, Esquire and

any response thereto, it is hereby;

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED** and Noah Gorson,

Esquire shall produce all documents in its possession that are responsive to Plaintiff's Subpoena

within ten (10) days of the date of this Order.  Failure to comply with this Order may result in

sanctions upon application to the Court.

**BY THE COURT:**

_____
                                                                 **J.**

**DISCOVERY DEADLINE:  APRIL 1, 2019**

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF M.B.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

1.      Plaintiff M.B., by and through counsel, Kline & Specter, P.C., requests this

Honorable Court compel Noah Gorson, Esquire to comply with a Subpoena served upon him and

in support thereof states the following:

2.      This case involves the human sex trafficking of Plaintiff M.B. at the Roosevelt

Inn at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

3.      On October 22, 2018, Plaintiff's counsel served defense counsel with a Notice of

Intent to Serve a Subpoena on Noah Gorson, Esquire with a copy of the proposed Subpoena

attached.  See October 22, 2018 letter to defense counsel attached as Exhibit "A" and Notice of

Intent with Subpoena and Addendum directed to Noah Gorson, Esquire, attached as Exhibit "B".

4.      The Subpoena requested "… *a complete copy of any and all records*, with the

exception of any documents protected by attorney-client privilege and the attorney work-product

doctrine, pertaining to the matter of *United States of America v. Abdul Lopez*, **Case No. 2:16-**

**cr-00394-BMS** including, but not limited to, indictments, hearing transcripts, deposition

transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 18-1676 Third Circuit." <u>See</u> Exhibit "B".

5.     Defense counsel did not object to the Notice of Intent to Serve a Subpoena on Noah Gorson, Esquire.

6.     On November 7, 2018, Plaintiff filed a Certificate of Prerequisite to Service of a Subpoena Pursuant to Rule 4009.21. <u>See</u> Certificate Prerequisite, attached as Exhibit "C".

7.     The Subpoena with Addendum was served on Noah Gorson, Esquire, on November 9, 2018. <u>See</u> November 9, 2018 letter to Noah Gorson, Esquire, attached as Exhibit "D".

8.     On November 12, 2018, Plaintiff received a correspondence from Noah Gorson, Esquire acknowledging receipt and indicating that "the entire contents of [his] file are protected by the attorney client privilege..." <u>See</u> November 12, 2018 letter from Noah Gorson, Esquire, attached as Exhibit "E".

9.     To date, Mr. Gorson has failed to comply with the Subpoena.

10.     In addition, Mr. Gorson has not filed objections to the Subpoena and any objections filed in the future would be untimely.

11.     The requested information is relevant to Plaintiff's case and Plaintiff will be unfairly prejudiced if the requested documents are not produced.

**WHEREFORE**, Plaintiff respectfully requests this Court enter the attached proposed

Order compelling Noah Gorson, Esquire to comply with Plaintiff's Subpoena.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
Attorneys for Plaintiff

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

---

**To:**    Noah Gorson, Esquire
            Gorson & Gorson, P.C.
            1845 Walnut Street, Suite 1300
            Philadelphia, PA 19103
            Attn: Custodian of Records

Please take notice that the following Motion:
☒    Plaintiff's Motion to Compel to Compel Compliance with Subpoena directed to Noah Gorson, Esquire
☐    Defendant's Motion _____

will be presented to the Court on the date and time provided electronically by the Court in the Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA. <u>See</u> electronic confirmation to be provided.

*/s/Emily B. Marks*
By: _____          Date:  January ___9___, 2019
         EMILY B. MARKS, ESQUIRE
         Attorney I.D. No. 204405
         Telephone Number: 215.772-1000
         Address:    Kline & Specter, P.C.
                        1525 Locust Street
                        Philadelphia, PA 19102

## <u>CERTIFICATE OF SERVICE</u>

   I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel to Compel Compliance with Subpoenas directed to Noah Gorson, Esquire was filed with the Court on January  9 , 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
Brooklyn MDC
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

   I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel to Compel Compliance with Subpoenas directed to Noah Gorson, Esquire was served by Regular and Certified Mail, return receipt mail on the following, upon acceptance of electronic filing:

Noah Gorson, Esquire
Gorson & Gorson, P.C.
1845 Walnut Street, Suite 1300
Philadelphia, PA 19103
Attn: Custodian of Records

             ***/s/Emily B. Marks***

Dated: January  9 , 2019    By: _____
              EMILY B. MARKS, ESQUIRE
              Attorney for Plaintiff

# Attorney Certification of Good Faith
Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

   **X**  a. He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

    Mr. Gorson advised he would not comply with the Subpoena.

   ☐  b.  He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

**CERTIFIED TO THE COURT BY:**

*/s/Emily B. Marks*
_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion to Compel to Compel Compliance with Subpoena directed to Noah Gorson, Esquire are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

*Emily B. Marks*

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "A"

# KLINE & SPECTER PC
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

October 22, 2018

*Via Electronic & Regular Mail*

James J. Quinlan, Esquire
Blank Rome, LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

*Via Electronic & Regular Mail*

Robert W. Stanko, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

Re:     **M.B. v. Roosevelt Inn LLC, et al.**
        **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Counsel,

Enclosed you will find a Notice of Intent and Subpoenas addressed to the following:

- Mark E. Cedrone, Esquire
- Richard J. Fuschino, Esquire
- Susan M. Lin, Esquire
- William Brennan, Esquire
- Noah Gorson, Esquire
- Felicia Sarner, Esquire
- Mark T. Wilson, Esquire

Please advise if you would agree to waive the 20-day waiting period. Thank you.

Very truly yours,

EMILY B. MARKS

EBM/jp
Enclosures

# EXHIBIT "B"

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*

| | |
|---|---|
| M.B. | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| V. | CIVIL TRIAL DIVISION MARCH TERM, 2017 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al. | NO.: 00712 |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned any objection to the Subpoenas. If no objection is made, the Subpoenas may be served.

- Mark E. Cedrone, Esquire
- Richard J. Fuschino, Esquire
- Susan M. Lin, Esquire
- William Brennan, Esquire
- Noah Gorson, Esquire
- Felicia Sarner, Esquire
- Mark T. Wilson, Esquire

**KLINE & SPECTER, P.C.**

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Date: 10/22/18

**CERTIFICATE OF SERVICE**

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Date: 10/22/18

EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March ___ Term, _17_

No. ___00712___

## Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Noah Gorson, Esquire_ _____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: _Kline & Specter, P.C. 1525 Locust Street  Philadelphia PA 19102_ _____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 22, 2018

Name:    Emily B. Marks, Esquire

Address:    Kline & Specter, P.C.
            1525 Locust Street
            Philadelphia, PA 19102

Telephone:    215 772-0524

Supreme Court ID#: 204405

Attorney for:    Plaintiff

Subp.#133275047

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL : Court of Common Pleas
:
: _____ March _____ Term, _17_
:
: No. _____00712_____

TO: _Noah Gorson, Esquire_____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. .Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced. *(Date of Subpoena)*

Date: _____          _____
                                     *(Signature of Person Served with Subpoena)*

ADDENDUM "A"

**TO CUSTODIAN OF RECORDS FOR:**

**Noah Gorson, Esquire**
**Gorson & Gorson, P.C.**
**1845 Walnut Street, Suite 1300**
**Philadelphia, PA 19103**
**Attn:** **Custodian of Records**

**RECORDS PERTAIN TO:**

*United States of America v. Abdul Lopez*, Case No. 2:16-cr-00394-BMS and
Appeals court case number: 18-1676 Third Circuit

Within twenty (20) days after the service of this subpoena, you are to produce *a complete copy of any and all records*, with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of *United States of America v. Abdul Lopez*, Case No. 2:16-cr-00394-BMS including, but not limited to, indictments, hearing transcripts, deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 18-1676 Third Circuit.

# EXHIBIT "C"

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff* and Attested by the
Office of Judicial Records
07 NOV 2018 12:07 pm
C. PORTE



| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
### PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY:   */s/Emily B. Marks*
        ——————————————————
        EMILY B. MARKS, ESQUIRE
Date:   11/7/2018            Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct

copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following

counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks, Esquire*

Date: __11/7/2018_____

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "D"

**KLINE & SPECTER** pc
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS                                                    EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

November 9, 2018

*Via Fax 1-215-545-2642*
*and Certified Mail*
Noah Gorson, Esquire
Gorson & Gorson
1845 Walnut Street, Suite 1300
Philadelphia, PA 19103

> Re:  <u>**M.B. v. Roosevelt Inn LLC, et al.**</u>
> **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Mr. Gorson:

Enclosed you will find a Subpoena to Produce Documents in connection with the above-captioned matter. We will reimburse you for the reasonable cost of producing the requested records.

Kindly forward these documents to my attention no later than **November 30, 2018.** Please also complete the Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23 and return to me along with the requested records.

Thank you.

Very truly yours,

*/s/Emily B. Marks*

EMILY B. MARKS

EBM/cl
Enclosures

# EXHIBIT "E"

# GORSON & GORSON, P.C.

ATTORNEYS AT LAW
1845 WALNUT STREET
SUITE 1300
PHILADELPHIA, PENNSYLVANIA 19103
——
(215) 569-4661
——
FAX (215) 545-2642

NOAH GORSON
NG@GORSONLAW.COM
MEMBER PA. & N. J. DARS

MAXWELL P. GORSON
RETIRED 2013

November 12, 2018

Kline & Specter, PC
Emily B. Marks, Esq.
1525 Locust Street
Philadelphia, PA 19102

**RE: Subject: Abdul Lopez**
**Case Number: March Term, 2017 No. 0712**

Dear Ms. Marks:

I am in receipt of your fax correspondence of November 9, 2018 enclosing a subpoena and requesting my file regarding above subject. Be advised that the entire contents of my file are protected by the attorney client privilege, which my client has not waived, attorney work product doctrine and Protective Orders signed by the trial judge, Honorable Berle M. Schiller, Judge United States District Court Eastern District of Pennsylvania. As a result, I am unable to provide you with any of same absent my client's consent and a revised protective order. I understand that the civil division of the USAO has been advised of this litigation and is working with the attorneys to try and accommodate similar requests.

Very truly yours,

NOAH GORSON

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

Filed and Attested by the
Office of Judicial Records
09 JAN 2019 03:46 pm
N. TIERNEY

## **ORDER**

**AND NOW,** this        day of                    , 2019, upon consideration of

Plaintiff's Motion to Compel Compliance with Subpoena Directed to Susan M. Lin, Esquire and

any response thereto, it is hereby;

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED** and Susan M. Lin,

Esquire shall produce all documents in its possession that are responsive to Plaintiff's Subpoena

within ten (10) days of the date of this Order.  Failure to comply with this Order may result in

sanctions upon application to the Court.


**BY THE COURT:**


_____

                                                        **J.**


**DISCOVERY DEADLINE:  APRIL 1, 2019**

**KLINE & SPECTER, P.C.**          *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF M.B.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

1.      Plaintiff M.B., by and through counsel, Kline & Specter, P.C., requests this Honorable Court compel Susan M. Lin, Esquire to comply with a Subpoena served upon her and in support thereof states the following:

2.      This case involves the human sex trafficking of Plaintiff M.B. at the Roosevelt Inn at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

3.      On October 22, 2018, Plaintiff's counsel served defense counsel with a Notice of Intent to Serve a Subpoena on Susan M. Lin, Esquire with a copy of the proposed Subpoena attached.  See October 22, 2018 letter to defense counsel attached as Exhibit "A" and Notice of Intent with Subpoena and Addendum directed to Susan M. Lin, Esquire, attached as Exhibit "B".

4.      The Subpoena requested "… produce *a complete copy of any and all records*, with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of ***United States of America v. Daiquan Davis, Case No 2:15-cr-00327-JD*** including, but not limited to, indictments, hearing transcripts,

deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 17-1332."  See Exhibit "B".

5.     Defense counsel did not object to the Notice of Intent to Serve a Subpoena on Susan M. Lin, Esquire.

6.     On November 7, 2018, Plaintiff filed a Certificate of Prerequisite to Service of a Subpoena Pursuant to Rule 4009.21.  See Certificate Prerequisite, attached as Exhibit "C".

7.     The Subpoena with Addendum was served on Susan M. Lin, Esquire, on November 9, 2018.  See November 9, 2018 letter to Susan M. Lin, Esquire, attached as Exhibit "D".

8.     On November 14, 2018, Plaintiff received an email from Susan M. Lin, Esquire acknowledging receipt and indicating that any responsive document to the Subpoena may be covered by a protective order and therefore she would not be complying with the Subpoena. See November 14, 2018 email from Susan M. Lin, Esquire, attached as Exhibit "E".

9.     To date, Ms. Lin has failed to comply with the Subpoena.

10.    In addition, Ms. Lin has not filed objections to the Subpoena and any objections filed in the future would be untimely.

11.    The requested information is relevant to Plaintiff's case and Plaintiff will be unfairly prejudiced if the requested documents are not produced.

**WHEREFORE**, Plaintiff respectfully requests this Court enter the attached proposed

Order compelling Susan M. Lin, Esquire to comply with Plaintiff's Subpoena.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
Attorneys for Plaintiff

**KLINE & SPECTER, P.C.**                                    *Attorneys for Plaintiff*
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**To:**    Susan M. Lin, Esquire
        Kairys Rudovsky Messing Feinberg & Lin, LLP
        The Cast Iron Building
        718 Arch Street, Suite 501 South
        Philadelphia, PA 19106
        Attn: Custodian of Records

        Please take notice that the following Motion:
        ☒     Plaintiff's Motion to Compel to Compel Compliance with Subpoena directed to
              Susan M. Lin, Esquire
        ☐     Defendant's Motion _____

will be presented to the Court on the date and time provided electronically by the Court in the
Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA.  <u>See</u> electronic
confirmation to be provided.


              */s/Emily B. Marks*
By: _____          Date:  January ___9___, 2019
        EMILY B. MARKS, ESQUIRE
        Attorney I.D. No. 204405
        Telephone Number: 215.772-1000
        Address:    Kline & Specter, P.C.
                    1525 Locust Street
                    Philadelphia, PA 19102

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel to Compel Compliance with Subpoenas directed to Susan M. Lin, Esquire was filed with the Court on January ___9___, 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
Brooklyn MDC
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel to Compel Compliance with Subpoenas directed to Susan M. Lin, Esquire was served by Regular and Certified Mail, return receipt mail on the following, upon acceptance of electronic filing:

Susan M. Lin, Esquire
Kairys Rudovsky Messing Feinberg & Lin, LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
Attn: Custodian of Records

*/s/Emily B. Marks*

Dated: January ___9___, 2019     By: _____
                                     EMILY B. MARKS, ESQUIRE
                                     Attorney for Plaintiff

# Attorney Certification of Good Faith
### Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

    **X**   a. He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

    Ms. Lin advised that she would not be complying with the Subpoena.

    ☐   b.  He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

**CERTIFIED TO THE COURT BY:**

*/s/Emily B. Marks*
_____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion to Compel to Compel Compliance with Subpoena directed to Susan M. Lin, Esquire are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

*/s/Emily B. Marks*

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "A"

**KLINE & SPECTER** PC
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

October 22, 2018

*Via Electronic & Regular Mail*

James J. Quinlan, Esquire
Blank Rome, LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

*Via Electronic & Regular Mail*

Robert W. Stanko, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

Re: **M.B. v. Roosevelt Inn LLC, et al.**
    **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Counsel,

Enclosed you will find a Notice of Intent and Subpoenas addressed to the following:

- Mark E. Cedrone, Esquire
- Richard J. Fuschino, Esquire
- Susan M. Lin, Esquire
- William Brennan, Esquire
- Noah Gorson, Esquire
- Felicia Sarner, Esquire
- Mark T. Wilson, Esquire

Please advise if you would agree to waive the 20-day waiting period. Thank you.

Very truly yours,

EMILY B. MARKS

EBM/jp
Enclosures

# EXHIBIT "B"

**KLINE & SPECTER, P.C.**　　　　　　　　*Attorneys for Plaintiff*
BY:　THOMAS R. KLINE, ESQUIRE/28895
　　　NADEEM A. BEZAR, ESQUIRE/63577
　　　EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |
| | : | |

### NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have

twenty (20) days from the date listed below in which to file of record and serve upon the

undersigned any objection to the Subpoenas. If no objection is made, the Subpoenas may be

served.

- Mark E. Cedrone, Esquire
- Richard J. Fuschino, Esquire
- Susan M. Lin, Esquire
- William Brennan, Esquire
- Noah Gorson, Esquire
- Felicia Sarner, Esquire
- Mark T. Wilson, Esquire

**KLINE & SPECTER, P.C.**

BY:　_____
　　　EMILY B. MARKS, ESQUIRE
　　　*Attorney for Plaintiff*

Date: 10/22/18

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Date: 10/22/18

EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17___

No.____ 00712 _____

## Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Susan M. Lin, Esquire_____

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: _Kline & Specter, P.C. 1525 Locust Street  Philadelphia PA 19102_____

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 22, 2018

Name:    Emily B. Marks, Esquire

Address:    Kline & Specter, P.C.
        1525 Locust Street
        Philadelphia, PA 19102

Telephone:    215 772-0524

Supreme Court ID#: 204405

Attorney for:    Plaintiff

subp.#133275047-3

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL    :    Court of Common Pleas
                                     :
                                     :    _____ March ____ Term, _17_
                                     :
                                     :    No. ___00712_____

TO: _Susan M. Lin, Esquire_____
                    *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                    *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have
                                              *(Date of Subpoena)*

been produced.

Date: _____        _____
                                     *(Signature of Person Served with Subpoena)*

# ADDENDUM "A"

**TO CUSTODIAN OF RECORDS FOR:**

**Susan M. Lin, Esquire**
**Kairys Rudovsky Messing Feinberg & Lin, LLP**
**The Cast Iron Building**
**718 Arch Street, Suite 501 South**
**Philadelphia, PA 19106**
**Attn:** <u>**Custodian of Records**</u>

**RECORDS PERTAIN TO:**

*United States of America v. Daiquan Davis, Case No 2:15-cr-00327-JD and Appeals court case number: 17-1332*

Within twenty (20) days after the service of this subpoena, you are to produce *a complete copy of any and all records,* with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of *United States of America v. Daiquan Davis, Case No 2:15-cr-00327-JD* including, but not limited to, indictments, hearing transcripts, deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 17-1332.

# EXHIBIT "C"

**KLINE & SPECTER, P.C.**
BY:  THOMAS R. KLINE, ESQUIRE/28895
     NADEEM A. BEZAR, ESQUIRE/63577
     EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*

Filed and Attested by the
Office of Judicial Records
07 NOV 2018 12:07 pm
C. PORTE

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
## PURSUANT TO RULE 4009.21

      As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

      (1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

      (2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

      (3) no objection to the subpoenas has been received, and

      (4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

                    **KLINE & SPECTER, P.C.**

BY:  */s/Emily B. Marks*
             _____
             EMILY B. MARKS, ESQUIRE
Date: ___11/7/2018_____    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks, Esquire*

Date: __11/7/2018__

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "D"

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524

FAX: 215-772-1005

November 9, 2018

*Via Fax 1-215-925-5365*
*and Certified Mail*
Susan M. Lin, Esquire
Kairys Rudovsky Messing Feinberg Lin
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106

   Re: <u>M.B. v. Roosevelt Inn LLC, et al.</u>
      **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Ms. Lin:

   Enclosed you will find a Subpoena to Produce Documents in connection with the above-captioned matter. We will reimburse you for the reasonable cost of producing the requested records.

   Kindly forward these documents to my attention no later than **November 30, 2018**. Please also complete the Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23 and return to me along with the requested records.

   Thank you.

       Very truly yours,

       */s/Emily B. Marks*

       EMILY B. MARKS

EBM/cl
Enclosures

# EXHIBIT "E"

## Lawson, Christie

**From:** Susan Lin <slin@krlawphila.com>
**Sent:** Wednesday, November 14, 2018 1:42 PM
**To:** Lawson, Christie; DeBruicker, Lauren (USAPAE); Desiree.Wilkins@usdoj.gov; Marks, Emily
**Subject:** Re: M.B. V. Roosevelt
**Attachments:** image001.png

Dear Ms. Marks and Ms. Lawson,

I write in response to your subpoena for my file in the matter of Daiquan Davis. Any document that may be responsive to your subpoena that is not covered by attorney-client privilege or the work-product doctrine may be covered by a protective order in this matter. I have been in communication with Lauren DeBruicker of the US Attorney's office and with Jim Quinlan of Blank Rome (who also subpoena'd my file). I will be able to turn over documents responsive to your subpoena once I am assured that doing so will not violate the protective orders that were previously put in place by the federal district court who oversaw the criminal case. I believe that Ms. DeBruicker and Mr. Quinlan are working out circumstances under which the documents can be provided to civil litigants while still honoring the federal protective orders.

Please feel free to call me if you wish to discuss this further.

Regards,
Susan


*********************************************************
Susan M. Lin
Kairys, Rudovsky, Messing, Feinberg & Lin LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
Office: 215-925-4400
Cell: 215-915-3147
Fax: 215-925-5365


www.krlawphila.com


On Wed, Nov 14, 2018 at 1:27 PM Lawson, Christie <christie.lawson@klinespecter.com> wrote:

Ms. Lin-


Attached is the Subpoena in this matter.


I have listed below the Certified Mail tracking information. It appears to be in transit still. Thanks.

Christie Lawson,

***Paralegal to Nadeem Bezar, Esq., Emily Marks, Esq,***

***and Kyle Nocho, Esq.***

KLINE & SPECTER, P.C.

1525 Locust Street

Philadelphia, PA 19102

Direct: (215) 772-0527

Facsimile: (215) 772-1005

Christie.Lawson@klinespecter.com

www.klinespecter.com

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

**CONTROL NUMBER:**

19011676

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

### FOR COURT USE ONLY

| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |
|---|---|
| | 01/22/2019 |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response. Status may be obtained online at http://courts.phila.gov*

March Term, 2017
*Month*     *Year*
No.    00712

B. ETAL VS ROOSEVELT INN LLC ETAL

Name of Filing Party:

M. B.-PMNR
WILLIAM A. CALANDRA-PGRD

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*  ☒ Motion
☐ Answer to Petition  ☐ Response to Motion

Has another petition/motion been decided in this case? ☒ Yes ☐ No
Is another petition/motion pending? ☐ Yes ☒ No

*If the answer to either question is yes, you must identify the judge(s):*
J. NEW

TYPE OF PETITION/MOTION *(see list on reverse side)*

MOT-FOR EXTRAORDINARY RELIEF

PETITION/MOTION CODE
*(see list on reverse side)*
MTEXR

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

## I. CASE PROGRAM

DAY FORWARD/MAJOR JURY PROGRAM

Name of Judicial Team Leader: JUDGE SHELLEY ROBINS-NEW
Applicable Petition/Motion Deadline: N/A
Has deadline been previously extended by the Court: YES

## II. PARTIES *(required for proof of service)*

(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

NADEEM A BEZAR
  KLINE & SPECTER, P.C. 1525 LOCUST
  STREET , PHILADELPHIA PA 19102
JUSTINA L BYERS
  ONE LOGAN SQUARE , PHILADELPHIA PA
  19103
THOMAS P WAGNER
  MARSHALL DENNEHEY WARNER COLEMAN &
  GOGGIN 2000 MARKET STREET, 23RD FLOOR
  , PHILADELPHIA PA 19103
DAIQUAN DAVIS
  FEDERAL DETENTION CENTER PO BOX 9000
  72304-66 , BERLIN NH 03570
ABDUL LOPEZ
  TUCSON US PENITENTIARY INMATE
  MAIL/PARCELS 69643-066 PO BOX 24550 ,
  TUCSON AZ 85734

## III. OTHER

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____    January 10, 2019    NADEEM A. BEZAR _____
*(Attorney Signature/Unrepresented Party)*    *(Date)*    *(Print Name)*    *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

NOAH MARLIER
  7 NESHAMINY INTERPLEX SUITE 200 ,
  TREVOSE PA 19053

In the Court of Common Pleas of Philadelphia County
# MOTION FOR EXTRAORDINARY RELIEF

*(Check One Program)*

- ☐ Commerce
- ☑ Day Forward/Major Jury
- ☐ Arbitration Appeal
- ☐ Mass Tort
- ☐ Non-Jury

*CONTROL NUMBER*

| | | |
|---|---|---|
| M.B. | : | March ____ TERM, 2017 |
| Plaintiff(s) | : | *Month*    *Year* |
| | : | |
| vs. | : | |
| | : | |
| Roosevelt Inn LLC, et. al. | : | No.: 00712 |
| Defendant(s) | : | |

Filing of: __M.B.__
*Name of Filing Party*

- ☑ Plaintiff
- ☐ Defendant
- ☐ Movant
- ☐ Respondent

NAME OF PLAINTIFF AND COUNSEL
Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle B. Nocho, Esquire
Kline & Specter PC
1525 Locust Street
Philadelphia, PA
(Counsel for Plaintiff, M.B.)

NAME OF DEFENDANT AND COUNSEL
See attached Certificate of Service

ASSIGNED TRACK (Check one)

- ☐ Expedited
- ☑ Standard
- ☐ Complex
- ☐ Extraordinary

CURRENT APPLICABLE CASE MANAGEMENT DEADLINES *(Complete all dates subsequent to the date you are asking to be extended)*

| | | |
|---|---|---|
| ☑ | Discovery Deadline | April 1, 2019 |
| ☑ | Expert Discovery | May 1, 2019 |
| ☑ | Motion Deadline | June 1, 2019 |
| ☑ | Settlement Conference | June 1, 2019 |
| ☑ | Pretrial Memo | July 1, 2019 |
| ☑ | Trial Date | August 1, 2019 |

NAME OF JUDICIAL TEAM LEADER
# J. Arnold New

SET FORTH DATES OF ISSUANCE OF ORDERS ON PREVIOUSLY FILED MOTIONS FOR EXTRAORDINARY RELIEF - ATTACH COPIES OF THOSE ORDERS

01-5 (Rev.08/13/2014)

Case ID: 170300712
Control No.: 19011676

Set forth the efforts made to comply with the applicable deadlines; specify what needs to be done; set forth all relevant activity which has already been scheduled; and length and reason for the time requested.

This case involves the sex trafficking of Plaintiff M.B. at the Roosevelt Inn Motel when she was 14 years old. Plaintiff has filed this Motion for Extraordinary Relief seeking a six (6) month extension of the case management deadlines. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel (hereinafter Roosevelt Defendants) as the owners, operators and managers of the Roosevelt Inn. Plaintiff's Complaint includes claims against the Roosevelt Defendants for violation of the Pennsylvania Human Trafficking Law, premise liability and negligent security. On September 5, 2017 Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

This case was initially assigned standard track case management deadlines. Plaintiff filed a Motion for Extraordinary Relief which was granted by the Court on August 10, 2018. The case was then placed on a complex track. See 8/10/18 Order. Plaintiff is seeking a 6 (six) month extension of the complex track deadlines which is necessary in order to complete discovery in this complicated matter.

The parties have diligently worked to exchange written discovery. There has been, however, a substantial delay in obtaining critical documents from the U.S. Attorney's Office for the Eastern District of Pennsylvania and the Federal Bureau of Investigation, Philadelphia Field Office. In July 2017, Plaintiff served the U.S. Attorney's Office for the Eastern District of Pennsylvania with a subpoena for the complete file regarding Daiquan Davis, Defendant in U.S. v. Davis, Docket No. 2:15-cr-00327, E.D. Pa 2015. The Roosevelt Defendants joined Daiquan Davis as an additional defendant in this lawsuit and he is one of Plaintiff's traffickers. Defendant Alpha-Centurion served a similar Subpoena and also included a request for documents pertaining to U.S. v. Lopez, Docket No. 2:16-cr-00394, E.D. Pa. 2016. The Roosevelt Defendants joined Abdul Lopez as an additional defendant in this lawsuit and he is also incarcerated for his sex trafficking of Plaintiff. Attempts have been made to take his deposition but he has been relocated on multiple occasions. (continued on Addendum)

A COPY OF THIS MOTION WAS SENT OR WILL BE SENT TO THE FOLLOWING PARTIES OR COUNSEL ON THE FOLLOWING DATES:

(See attached Certificate of Service)

Response due: **January 20, 2019** _____ *(within 10 days of filing of Motion)*

I certify the above to be true and correct.

Respectfully submitted,

Date: **1/10/19**

_____

Nadeem A. Bezar _____, Esquire
*Attorney for Plaintiff/Defendant*

Case ID: 170300712
Control No.: 19011676

# MOTION FOR EXTRAORDINARY RELIEF

Addendum (continued)

The U.S. Attorney's Office responded that they would not respond to the subpoena and Plaintiff must follow federal regulations and send a Touhy request. In February 2018, Plaintiff sent a Touhy request to the U.S. Attorney's Office that a Touhy request for "all non-grand jury material related to the investigation and prosecution of human sex trafficking that occurred at the Roosevelt Inn." Plaintiff sent a similar Touhy request to the FBI, Philadelphia Office and requested to speak to the investigating agents. On April 25, 2018, David Joanson, Chief Division Counsel for the FBI, Philadelphia Office, informed Plaintiff's counsel that Susan Bricklin, AUSA, would be handling the Touhy Request sent to the FBI. On June 7, 2018, Plaintiff's counsel sent an e-mail to Susan Bricklin, AUSA, to follow up on the status of the Touhy requests. Plaintiff's counsel learned that Ms. Bricklin retired and the request was reassigned to AUSA Lauren DeBruicker. On August 14, 2018 Ms. DeBruicker informed Plaintiff's counsel that the "FBI agents are making progress in their review of the material and I am hopeful that they will be through enough of it by August 31 for us to prepare at least a partial production shortly thereafter." See 8/14/18 Email attached as Exhibit "A". On September 21, 2018 Ms. DeBruicker stated that the "agents are nearing the end of their review." See 9/21/18 Email attached as Exhibit "B". As of December 21, 2018, Ms. DeBruicker had no substantial update regarding the production of the documents. See 12/21/18 Email attached as Exhibit "C". These documents may contain critical information regarding the motel involved as well as the traffickers. Plaintiff's counsel has sent approximately a dozen follow-up communications to Ms. DeBruicker for the records which will now be the subject of a motion to compel.

Additionally, Plaintiff's counsel and counsel for the Roosevelt Defendants have served subpoenas on criminal attorneys who represented Daiquan Davis and Abdul Lopez in their criminal cases. Most of the attorneys responded that they would not respond to the subpoenas and deferred to the U.S. Attorney's Office. Plaintiff's counsel has filed several Motions to Compel against these attorneys which are presently pending before the Court.

Plaintiff will be severely prejudiced in her case if she is not permitted more time to conduct discovery to obtain critical documents necessary for proving her case against the Defendants. Plaintiff respectfully requests this Court grant Plaintiff's Motion and enter the attached Order.

# CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion for Extraordinary Relief was filed with the Court on January __10__, 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
Brooklyn MDC
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

*/s/Nadeem A. Bezar*

Dated: January __10__, 2019        By: _____
                                    NADEEM A. BEZAR, ESQUIRE
                                    Attorney for Plaintiff

Case ID: 170300712
Control No.: 19011676

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW,** this _____ day of _____, 2019, upon consideration of Plaintiff's

Motion for Extraordinary Relief, it is hereby **ORDERED** and **DECREED** that the Motion is

**GRANTED**. It is further ORDERED that the discovery, expert and motion deadlines are extended

consistent with the following revised case management deadlines:

| | |
|---|---|
| DISCOVERY DEADLINE: | 10/1/19 |
| PLAINTIFF EXPERT DEADLINE: | 11/1/19 |
| DEFENDANT EXPERT DEADLINE: | 12/1/19 |
| MOTION DEADLINE: | 12/1/19 |
| SETTLEMENT CONFERENCE: | 12/1/19 |
| PRETRIAL CONFERENCE: | 1/1/20 |
| TRIAL READY DATE: | 1/1/20 |

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 19011676

# EXHIBIT A

Case ID: 170300712
Control No.: 19011676

| | |
|---|---|
| **From:** | DeBruicker, Lauren (USAPAE) <Lauren.DeBruicker@usdoj.gov> |
| **Sent:** | Tuesday, August 14, 2018 6:14 PM |
| **To:** | Marks, Emily |
| **Cc:** | Wilkins, Desiree (USAPAE) |
| **Subject:** | RE: Touhy Request to USAO, EDPA, FBI |

Dear Ms. Marks,

Thank you for your message. The FBI agents are making progress in their review of the material and I am hopeful that they will be through enough of it by August 31 for us to prepare at least a partial production shortly thereafter.

As I mentioned when we last spoke, we will need to ensure that an appropriate protective order is in place governing the disclosure of these sensitive materials before any production is made. Once any production has been cleared by the FBI and approved by our office we will provide a proposed order to be submitted to the court. If there is already any such type of order in place in the matter (I note from the docket that certain items have been filed under seal), can you please provide us a copy so that we may compare its terms to the ones we would seek?

Again, I am hopeful that our office will be able to authorize and make a production in response to your request in September. With that said, with the many demands on the FBI agents' time and the additional steps necessary even once they have finished their review before any production can be made, additional time for this aspect of your discovery pursuits may be something you wish to consider.

I am available to discuss at your convenience and am happy to answer any questions you may have.

With our many thanks again for your patience as we work through this process as mandated by federal regulations,

Lauren DeBruicker
Assistant U.S. Attorney | Eastern District of Pennsylvania
615 Chestnut Street | Suite 1250 | Philadelphia, PA 19106
215.861.8492 | Lauren.DeBruicker@usdoj.gov

-----Original Message-----
From: Marks, Emily <emily.marks@klinespecter.com>
Sent: Monday, August 13, 2018 9:59 AM
To: DeBruicker, Lauren (USAPAE) <LDeBruicker@usa.doj.gov>
Cc: Wilkins, Desiree (USAPAE) <DWilkins@usa.doj.gov>
Subject: RE: Touhy Request to USAO, EDPA, FBI

Good Morning Ms. DeBruicker,

I am following up on our conversation from several weeks ago regarding my Touhy requests sent to the FBI, Philadelphia Office and the U.S. Attorney's Office, EDPA. I understand you are working in conjunction with the FBI. As I mentioned previously, I am bound by the Court's discovery deadline and I am trying to get a gauge on whether I need to request additional time for discovery in my case. I appreciate that you are working diligently to provide the responsive documents. Can you please let me know when I can expect your response.

Thank you very much for your assistance.

Emily B. Marks, Esq.

Case ID: 170300712
Control No.: 19011676

# EXHIBIT B

Case ID: 170300712
Control No.: 19011676

| | |
|---|---|
| **From:** | Marks, Emily |
| **Sent:** | Friday, September 21, 2018 2:59 PM |
| **To:** | 'DeBruicker, Lauren (USAPAE)' |
| **Cc:** | Wilkins, Desiree (USAPAE) |
| **Subject:** | RE: Touhy Request to USAO, EDPA, FBI |

Thank you.

-----Original Message-----
From: DeBruicker, Lauren (USAPAE) <Lauren.DeBruicker@usdoj.gov>
Sent: Friday, September 21, 2018 2:45 PM
To: Marks, Emily <emily.marks@klinespecter.com>
Cc: Wilkins, Desiree (USAPAE) <Desiree.Wilkins@usdoj.gov>
Subject: RE: Touhy Request to USAO, EDPA, FBI

Thanks for checking in, Emily. The agents are nearing the end of their review; in the meantime we are determining what of the potential production remains under seal or subject to protective orders still in force in the criminal matters. While I do not yet have a hard date for any production, we are making progress and expect to be in touch in the next few weeks regarding next steps.

Thanks, and have a good weekend,

Lauren

Lauren DeBruicker
215.861.8492 | Lauren.DeBruicker@usdoj.gov

-----Original Message-----
From: Marks, Emily <emily.marks@klinespecter.com>
Sent: Friday, September 21, 2018 2:35 PM
To: DeBruicker, Lauren (USAPAE) <LDeBruicker@usa.doj.gov>
Cc: Wilkins, Desiree (USAPAE) <DWilkins@usa.doj.gov>
Subject: RE: Touhy Request to USAO, EDPA, FBI

Hi Ms. De Bruicker,

I am just following up on the status of my Touhy requests. Per your last email you were hopeful to produce at least a partial production shortly after August 31.

Thank you.
Emily B. Marks, Esq.
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Direct Dial: 215.772.0524
Facsimile: 215.772.1005
www.klinespecter.com

Case ID: 170300712
Control No.: 19011676

# EXHIBIT C

Case ID: 170300712
Control No.: 19011676

**Marks, Emily**

| | |
|---|---|
| **From:** | Marks, Emily |
| **Sent:** | Friday, January 04, 2019 1:38 PM |
| **To:** | 'DeBruicker, Lauren (USAPAE)' |
| **Subject:** | RE: M.B. v. Roosevelt et al.; E.B. v. Motel 6 et al. - subpoenas |

Hi Lauren,

I just called and left you a voicemail message. Can you let me know when I can expect a response to my Touhy requests.
Thank you.

**From:** DeBruicker, Lauren (USAPAE) <Lauren.DeBruicker@usdoj.gov>
**Sent:** Friday, December 21, 2018 1:29 PM
**To:** Marks, Emily <emily.marks@klinespecter.com>
**Subject:** RE: M.B. v. Roosevelt et al.; E.B. v. Motel 6 et al. - subpoenas

Dear Emily,

Thank you for your message. I do not have a substantial update to our last report. I will be in touch the first week of the new year.

Many thanks,

Lauren DeBruicker

Lauren DeBruicker
215.861.8492 | Lauren.DeBruicker@usdoj.gov

**From:** Marks, Emily <emily.marks@klinespecter.com>
**Sent:** Thursday, December 20, 2018 3:39 PM
**To:** DeBruicker, Lauren (USAPAE) <LDeBruicker@usa.doj.gov>
**Subject:** RE: M.B. v. Roosevelt et al.; E.B. v. Motel 6 et al. - subpoenas

Ms. DeBruicker,

I am following up from my phone message from last week and today. Can you please provide an update on the production of the documents I requested.

Thank you,

*Emily B. Marks, Esq.*
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Direct Dial: 215.772.0524
Facsimile: 215.772.1005
www.klinespecter.com

Case ID: 170300712
Control No.: 19011676

| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | JURY TRIAL DEMANDED |
| | : | |

Filed and Attested by the
Office of Judicial Records
10 JAN 2019 09:44 am
M. TIERNEY

## ORDER

**AND NOW,** this _____ day of _____, 2019, upon consideration of

Plaintiff's Motion to the U.S. Attorney's Office, of the Eastern District of Pennsylvania to

comply with Plaintiff's Subpoena and Touhy Requests, and any response thereto, it is hereby;

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED** and U.S. Attorney's

Office, Eastern District of Pennsylvania shall produce all documents in its possession that are

responsive to Plaintiff's Subpoena and Touhy Request directed to the U.S. Attorney's Office and

the Federal Bureau of Investigation within ten (10) days of the date of this Order. Failure to

comply with this Order may result in sanctions upon application to the Court.

**BY THE COURT:**

_____

**J.**

**DISCOVERY DEADLINE: APRIL 1, 2018**

Case ID: 170300712

**KLINE & SPECTER, P.C.**          Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF M.B.'S MOTION TO COMPEL THE U.S. ATTORNEY'S OFFICE OF THE EASTERN DISTRICT OF PENNSYLVANIA TO COMPLY WITH PLAINTIFF'S SUBPOENA AND TOUHY REQUESTS

1.     Plaintiff M.B., by and through counsel, Kline & Specter, P.C., requests this

Honorable Court compel the U.S. Attorney's Office, Eastern District of Pennsylvania to comply

with a Subpoena and Touhy requests served upon it and the Federal Bureau of Investigation in

support thereof, states the following:

2.     This case involves the human sex trafficking of Plaintiff M.B. at the Roosevelt

Inn at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

3.     On July 7, 2017, Plaintiff's counsel served defense counsel with a Notice of Intent

to Serve a Subpoena on U.S. Attorney's Office, Eastern District of Pennsylvania with a copy of

the proposed Subpoena attached.  See July 7, 2017, letter to defense counsel attached as Exhibit

"A", and Notice of Intent attached as Exhibit "B" and a Subpoena with Addendum attached as

Exhibit "C".

4.      The Subpoena requested the "complete file regarding Daiquan Davis, Defendant in U.S.A. v. Davis, Docket No. 2:15-cr-00327, E.D. Pa., including any and all guilty pleas, dockets, arrest reports, witness statements, handwritten notes, typed reports, Affidavits of probable Cause, information filed, prior criminal recordings relating to Daiquan Davis, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, pre-trial memorandum, and any other documents in your file relating to the above-referenced docket number.  See Exhibit "B".

5.      Defense counsel did not object to the Notice of Intent to Serve a Subpoena on U.S. Attorney's Office.

6.      On August 3, 2017, Plaintiff filed a Certificate of Prerequisite to Service of a Subpoena Pursuant to Rule 4009.21.  See Certificate Prerequisite, attached as Exhibit "D".

7.      The Subpoena with Addendum was served on the U.S. Attorney's Office, Eastern District of Pennsylvania.

8.      On August 31, 2017, Plaintiff received a correspondence from Susan Dein Bricklin, Assistant United States Attorney, acknowledging receipt and indicating that Plaintiff must follow federal regulations which govern the production of documents by the Department of Justice.  Those regulations are referred to as Touhy regulations.   See August 31, 2017 correspondence attached as Exhibit "E".

9.      On February 12, 2018, Plaintiff sent a Touhy Request to Louis D. Lappen, Acting United States Attorney for the Eastern District of Pennsylvania.  This Touhy Request specifically requested " all non-grand jury material related to the investigation and prosecution of human sex trafficking that occurred at the Roosevelt Inn located at 7600 Roosevelt Boulevard, Philadelphia, Pennsylvania."  (Plaintiff referenced at least two known cases that were prosecuted and involved

human trafficking incidents at the Roosevelt Inn: U.S. v. Davis, Docket No. 2:15-cr-00327, E.D. Pa., and U.S. v. Lopez, Docket No. 2:16-cr-00394, E.D. Pa. 2016.) See February 12, 2018 correspondence attached as Exhibit "F".

10.     On February 14, 2018, Plaintiff sent a Touhy request to the Federal Bureau of Investigations, Philadelphia field office.  This Touhy request specifically requested "all non-grand jury materials related to any and all FBI investigations of the Roosevelt Inn, located at 7600 Roosevelt Boulevard, Philadelphia, Pennsylvania that were conducted through the FBI Field Office."  Plaintiffs counsel also requested to speak to the agent assigned to the investigation.  See February 14, 2018 correspondence attached as Exhibit "G".

11.     On February 21, 2018, Plaintiff received correspondence from Susan Dein Bricklin, AUSA requesting "the relevance of the requested documents."  Plaintiff responded on March 12, 2018.  See February 21, 2018 correspondence attached as Exhibit "H".  See March 12, 2018 correspondence attached as Exhibit "I".

12.     On April 25, 2018, David Joanson, Chief Division Counsel for the FBI, Philadelphia Field Office, informed Plaintiff's counsel that Susan Bricklin, AUSA, would be handling the Touhy Request sent to the FBI.

13.     On June 7, 2018, Plaintiff's counsel sent an E-mail to Susan Bricklin, AUSA, following up on the status of the Touhy Request.  See June 7, 2018 E-mail attached as Exhibit "J".

14.     On June 7, 2018, Plaintiff's counsel received an E-mail from Susan Bricklin's E-mail account that stated she has retired from Government service and to email her former assistant Desiree Wilkins.   Plaintiff's counsel then sent an E-mail to Desiree Wilkins following

up on the status of the Touhy Request.  <u>See</u> June 7, 2018 E-mail thread attached as Exhibit "K" and "L".

16. On June 7, 2018, Plaintiff's counsel received an E-mail from Desiree Wilkins acknowledging that AUSA Lauren DeBruicker was assigned to the request.  The email also acknowledged that the AUSA reached out to the FBI to find out the status of its document review.  <u>See</u> June 7, 2018 E-mail thread attached as Exhibit "M".

16. On August 14, 2018, Plaintiff's counsel sent an E-mail to Lauren DeBruicker requesting an update as to the Touhy Requests.  Lauren DeBruicker responded to Plaintiff's counsel that the FBI was making progress in their review of the material and she was hopeful they would be through enough of the documents to produce  a partial production shortly after August 31, 2018.  <u>See</u> August 14, 2018 E-mail thread attached as Exhibit "N".

17. On September 21, 2018, Plaintiff's counsel sent an E-mail to Lauren DeBruicker requesting another update as to the Touhy Requests.  Lauren DeBruicker acknowledged the E-mail and indicated that the agents were near the end of their review.  <u>See</u> September 21, 2018 E-mail thread attached as Exhibit "O".

18. On November 29, 2018, Plaintiff's counsel sent an E-mail to Lauren DeBruicker requesting an additional update on the Touhy requests.  <u>See</u> November 29, 2018 E-mail thread attached as Exhibit "P".

19. On November 30, 2018, Lauren DeBruicker sent an E-mail to Plaintiff's counsel that she is continuing her review of the materials and she would advise when that step is complete.  In addition, Ms. DeBruicker requested additional copies of Plaintiff's Subpoenas and Touhy Requests.  Plaintiff's counsel returned the E-mail to Ms. DeBruicker with the attachments requested.  <u>See</u> November 30, 2018 E-mail thread attached as Exhibit "Q".

20.     On December 20, 2018, December 21, 2018 and January 4, 2019, Plaintiff's counsel again E-mailed Lauren DeBruicker as to the status of the Touhy Requests.  Ms. DeBruicker indicated she did not have a substantial update since her last report.  See December 20, 2018 E-mail thread attached as Exhibit "R".

21.     It has been almost one year since Plaintiff sent Touhy requests to the U.S. Attorney's Office, Eastern District of Pennsylvania and the Federal Bureau of Investigation.

22.     To date, the U.S. Attorney's Office, Eastern District of Pennsylvania  and the Federal Bureau of Investigation, Philadelphia office have failed to comply with Plaintiff's Subpoena and Touhy Requests.

23.     The U.S. Attorney's Office, Eastern District of Pennsylvania and the Federal Bureau of Investigation, Philadelphia office have not filed objections to the Subpoena or Touhy Requests and any objections filed in the future would be untimely.

24.     The requested information is relevant to Plaintiff's case and Plaintiff will be unfairly prejudiced if the requested documents are not produced.

**WHEREFORE**, Plaintiff respectfully requests this Court enter the attached proposed Order compelling the U.S. Attorney's Office, Eastern District of Pennsylvania to comply with Plaintiff's Subpoena and Touhy Requests.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
Attorneys for Plaintiff

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

To:    **U.S. Attorney's Office**
         **Eastern District of Pennsylvania**
         **c/o Lauren DeBruicker, AUSA**
         **615 Chestnut Street**
         **Suite 1250**
         **Philadelphia, PA 19106**

Please take notice that the following Motion:
☒    Plaintiff's Motion to Compel to Compel Compliance with Subpoena directed to
        U.S. Attorney's Office
☐    Defendant's Motion _____

will be presented to the Court on the date and time provided electronically by the Court in the
Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA.  See electronic
confirmation to be provided.

                    */s/Emily B. Marks*
By: _____          Date:  January ___10___, 2019
         EMILY B. MARKS, ESQUIRE
         Attorney I.D. No. 204405
         Telephone Number: 215.772-1000
         Address:      Kline & Specter, P.C.
                          1525 Locust Street
                          Philadelphia, PA 19102

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel to Compel Compliance with Subpoenas directed to Susan M. Lin, Esquire was filed with the Court on January   10  , 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
Brooklyn MDC
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel to Compel Compliance with Subpoenas directed to Susan M. Lin, Esquire was served by Regular and Certified Mail, return receipt mail on the following, upon acceptance of electronic filing:

U.S. Attorney's Office
Eastern District of Pennsylvania
c/o Lauren DeBruicker, AUSA
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

*/s/Emily B. Marks*

Dated: January   10  , 2019        By: _____
                                         EMILY B. MARKS, ESQUIRE
                                         Attorney for Plaintiff

# Attorney Certification of Good Faith
## Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

**X**   a. He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

Plaintiff's counsel has not received any records in response to the subpoena from the U.S. Attorney's Office, Eastern District of Pennsylvania and the Federal Bureau of Investigation, Philadelphia office.

☐   b. He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

**CERTIFIED TO THE COURT BY:**

*/s/Emily B. Marks*

_____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion to Compel to Compel Compliance with Subpoena directed to U.S. Attorney's Office are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


*/s/**Emily B. Marks***

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT A

**KLINE & SPECTER, P.C.**
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

July 7, 2017

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

      **Re:**    **M.B. v. Roosevelt Inn LLC, et al.**
              **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Counsel:

      Enclosed please find Plaintiff's Notice of Intent to serve a Subpoena addressed to the following:

- Philadelphia Police Department, 2nd District.
- U.S. Attorney's Office, Eastern District of Pennsylvania

      Please advise if you agree to waive the 20 day waiting period.

      Thank you.

                Very truly yours,

                Emily B. Marks

EBM/dd
Encl.

# EXHIBIT B

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiffs

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| Defendants | : | |

### NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have

twenty (20) days from the date listed below in which to file of record and serve upon the

undersigned any objection to the Subpoenas. If no objection is made, the Subpoenas may be

served.

- Philadelphia Police Department, 2nd District
- U.S. Attorney's Office, Eastern District of Pennsylvania

                                    **KLINE & SPECTER, P.C.**

                           BY:        _____

                                   EMILY B. MARKS, ESQUIRE

Date: 7/7/17                                  Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiffs, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,
UFVS Management Company, LLC and Yagna Patel*

Date: __7/7/17__

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiffs

# EXHIBIT C



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No. _____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _U.S. ATTORNEY, EASTERN DISTRICT OF PENNSYLVANIA_____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: _KLINE & SPECTER, P.C. 1525 Locust Street  PHILADELPHIA PA 19102_____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: July 07, 2017

Name:      Marks, Emily B

Address:      KLINE & SPECTER, P.C.
                  1525 Locust Street
                  Philadelphia, PA 19102

Telephone:      215 772-1000

Supreme Court ID#: 204405

Attorney for:      PLAINTIFF

Subp.#126079048-2

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL    :    Court of Common Pleas

                                     :    _____ March _____ Term, __17__

                                     :    No. _____ 00712 _____

TO: __U.S. ATTORNEY, EASTERN DISTRICT OF PENNSYLVANIA_____
                            *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                            *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be produced pursuant to the subpoena issued on _____ have been produced.                            *(Date of Subpoena)*

Date: _____             _____
                                               *(Signature of Person Served with Subpoena)*

**ADDENDUM "A"**

**TO:**

**U.S. ATTORNEY, EASTERN DISTRICT OF PENNSYLVANIA**
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
**Attn: Custodian of Records**

**Re:  Daiquan Davis; <u>USA v. Davis</u>, E.D.Pa.  Docket # 2:15-cr-00327**

     You are to provide your complete file regarding **Daiquan Davis**, Defendant in <u>U.S.A. v. Davis</u>, Docket No. 2:15-cr-00327, E.D. Pa., including any and all guilty pleas, dockets, arrest reports, witness statements, handwritten notes, typed reports, Affidavits of Probable Cause, information filed, prior criminal records relating to Daiquan Davis, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, pre-trial memoranda, and any other documents in your file relating to the above-referenced docket number.

# EXHIBIT D

BY:  THOMAS R. KLINE, ESQUIRE/28895
     NADEEM A. BEZAR, ESQUIRE/63577
     EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Filed and Attested by the
Office of Judicial Records
03 AUG 2017 05:29 pm
K. EDWARDS*

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| Defendants | : | |

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
## PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

KLINE & SPECTER, P.C.

BY: _____
    EMILY B. MARKS, ESQUIRE
    Attorney for Plaintiffs

Date: 8/3/17

Case ID: 170300712

# CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiffs, do hereby certify that a true and correct

copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following

counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Date: 8/3/17

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiffs

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
     NADEEM A. BEZAR, ESQUIRE/63577
     EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiffs

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
|        Plaintiff, | : | |
|   V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
|   and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
|   and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
|   and | : | |
| YAGNA PATEL | : | |
|      Defendants | : | |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned any objection to the Subpoenas. If no objection is made, the Subpoenas may be served.

- Philadelphia Police Department, 2nd District
- U.S. Attorney's Office, Eastern District of Pennsylvania

**KLINE & SPECTER, P.C.**

BY: _____
     EMILY B. MARKS, ESQUIRE
     Attorney for Plaintiffs

Date: _7/7/17_

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiffs, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Date: 7/7/17

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiffs

# EXHIBIT E



*Susan Dein Bricklin*
*Direct Dial: (215) 861-8318*
*Facsimile: (215) 861-8618*
*E-mail Address: susan.bricklin@usdoj.gov*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

August 31, 2017

**Via First Class Mail and Email**
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102
Emily.Marks@KlineSpecter.com

      RE:    E.B. v. Motel 6 Operating, L.P., et al, May Term 2017, No. 00487
                M.B., a minor v. Roosevelt Inn, LLC, et al., March Term 2017, No. 00712
                <u>Subpoenas Directed to AUSA Michelle Morgan</u>

Dear Ms. Marks:

      I am responding to your two Subpoenas to Assistant U.S. Attorney Michelle Morgan, dated August 3, 2017. In both of your subpoenas, you seek Ms. Morgan's "complete file regarding Daiquan Davis, Defendant in <u>U.S.A. v. Davis</u>, Docket No. 2:15-cr-00327, E.D.Pa..."

      Federal regulations govern the production of documents by the Department of Justice in proceedings to which the United States is not a party. Those regulations, commonly referred to as *Touhy* regulations, are found at 28 C.F.R. § 16.21, *et. seq.* The *Touhy* regulations generally prohibit the production or disclosure of information in federal and state proceedings to which the United States is not a party. *See* 28 C.F.R. § 16.22.

      No present or former employee of the Department of Justice may be authorized to produce any documents without compliance with these regulations and statutory provisions. Similar regulations have been upheld in a number of state and federal cases. *See, e.g., U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Commonwealth v. Smythe*, 369 A.2d 300 (Pa. Super. Ct. 1976); and *Davis Enterprises v. EPA*, 877 F.2d 1181 (3d Cir. 1989). Based upon the *Touhy* doctrine and sovereign immunity principles, state courts generally have no authority to enforce subpoenas directed to federal agencies or federal employees involving their federal duties.

The Department of Justice is therefore precluded from producing documents responsive to the subpoenas unless and until there has been compliance with the above-referenced regulations. In order for your request to be considered, please provide a summary of the information sought and its relevance to the proceedings. *See* 28 C.F.R. § 16.22(d).

Please feel free to contact me with any questions.

Sincerely,

LOUIS D. LAPPEN
Acting United States Attorney

SUSAN DEIN BRICKLIN
Assistant United States Attorney

# EXHIBIT F

# KLINE & SPECTER pc

ATTORNEYS AT LAW

1525 LOCUST STREET

PHILADELPHIA, PENNSYLVANIA 19102

WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524

FAX: 215-772-1005

February 12, 2018

*Via Hand Delivery*
Louis D. Lappen
Acting United States Attorney for the Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Re:     **Touhy Request to the United States Attorney, Eastern District of Pennsylvania, for documents related to human trafficking at the Roosevelt Inn; U.S. v. Davis (Docket No. 2:15-cr-00327) and U.S. v. Lopez (Docket No. 2:16-cr-00394).**

Dear Mr. Lappen:

We are submitting a Touhy Request to obtain critical documents for all non-grand jury material related to the investigation and prosecution of human sex trafficking that occurred at the Roosevelt Inn located at 7600 Roosevelt Boulevard, Philadelphia, Pennsylvania.

This Touhy request is made on behalf of Plaintiff M.B. by her attorneys at Kline & Specter, P.C., in the matter of M.B., minor v. Roosevelt Inn, LLC, et al., Philadelphia CCP, March Term, 2017, No. 00712. This office represents Plaintiff M.B., who as a minor was a victim of human sex trafficking at the Roosevelt Inn. Plaintiff filed a lawsuit against the Roosevelt Inn Defendants on March 10, 2017 for Defendants' violations of the Pennsylvania Human Trafficking Law, 18 Pa. C.S. 3001, et. seq.

We are aware of at least two cases that were prosecuted and involved human trafficking incidents at the Roosevelt Inn: U.S. v. Davis, Docket No. 2:15-cr-00327 (E.D. Pa. 2015) and U.S. v. Lopez, Docket No. 2:16-cr-00394, (E.D. Pa. 2016). The requested documents are necessary to Plaintiff's lawsuit and will allow Plaintiff M.B. to prosecute her case. Indeed, the progress of this entire lawsuit depends on the production of the requested documents.

At this point in time, the requested documents are not reasonably available from any other source. Furthermore, our Touhy Request is permissible under 28 C.F.R. § 16.26 for the following reasons:

a. We have complied with relevant regulations of procedure and substantive law and sought approval as specified in 28 C.F.R. § 16.22(a).

    b.  Compliance with this Touhy Request will not interfere with DOJ policy as outlined in 28 C.F.R. § 16.26(b).  Specifically disclosing the requested materials will not:

        1.   Violate statutes such as the income tax laws, or a rule of procedure, such as the grand jury secrecy rules, in that neither are present in this matter;

        2.   Violate any specific regulations;

        3.   Reveal classified information;

        4.   Reveal a confidential source of informant;

        5.   Reveal investigatory records compiled for law enforcement purposes, interfere with enforcement proceedings or disclose investigative techniques and procedures, as the request specifically excludes all privileged materials, including those subject to deliberative privilege;

        6.   Reveal trade secrets, as none are present in this case.

    This office agrees to pay reasonable costs of duplicating the requested materials if our Touhy Request is granted.

    Thank you in advance for your time and assistance with this matter.  Please do not hesitate to contact me should you have any questions.  We look forward to your reply.

                Very truly yours,

                EMILY B. MARKS

Cc:   Susan Bricklin, Assistant U.S. Attorney
       Michelle Morgan, Assistant U.S. Attorney
       U.S. Attorney's Office, Eastern District of Pennsylvania

EBM/dd
Encl.

# EXHIBIT G

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

February 14, 2018

*Via Federal Express*
Federal Bureau of Investigations, Philadelphia
William J. Green, Jr. Building
600 Arch Street, 8th Floor
Philadelphia, PA 19106
**Attn: Supervisor, Violent Crimes Against Children**

Re:     **Touhy Request - FBI investigation, and the Roosevelt Inn**

Dear Sir/Madam:

    We are submitting a Touhy Request to obtain critical documents and information for all non-grand jury material related to any and all FBI investigations of the Roosevelt Inn, located at 7600 Roosevelt Boulevard, Philadelphia, Pennsylvania, that were conducted through the FBI Philadelphia field office. We are also requesting to speak to the agent assigned to the investigation.

    This Touhy request is made on behalf of Plaintiff M.B. by her attorneys at Kline & Specter, P.C., in the matter of M.B., minor v. Roosevelt Inn, LLC, et al., Philadelphia CCP, March Term, 2017, No. 00712. This office represents Plaintiff M.B., who as a minor, was a victim of human sex trafficking at the Roosevelt Inn. Plaintiff filed a lawsuit against the Roosevelt Inn Defendants on March 10, 2017 for Defendants' violations of the Pennsylvania Human Trafficking Law, 18 Pa. C.S. 3001, et. seq. The United States is not a party to Plaintiff's lawsuit.

    The requested documents and materials are necessary to Plaintiff's lawsuit and will allow Plaintiff M.B. to prosecute her case. Indeed, the progress of this entire lawsuit depends on the production of the requested documents.

    At this point in time, the requested materials are not reasonably available from any other source. Furthermore, our Touhy Request is permissible under 28 C.F.R. § 16.26 for the following reasons:

    a.  We have complied with relevant regulations of procedure and substantive law and sought approval as specified in 28 C.F.R. § 16.22(a).

**KLINE & SPECTER, P.C.**
ATTORNEYS AT LAW

Federal Bureau of Investigations, Philadelphia
Supervisor, Violent Crimes Against Children
February 14, 2018
Page Two

b. Compliance with this Touhy Request will not interfere with DOJ policy as outlined in 28 C.F.R. § 16.26(b). Specifically disclosing the requested materials will not:

1. Violate statutes such as the income tax laws, or a rule of procedure, such as the grand jury secrecy rules, in that neither are present in this matter;
2. Violate any specific regulations;
3. Reveal classified information;
4. Reveal a confidential source of informant;
5. Reveal investigatory records compiled for law enforcement purposes, interfere with enforcement proceedings or disclose investigative techniques and procedures, as the request specifically excludes all privileged materials, including those subject to deliberative privilege;
6. Reveal trade secrets, as none are present in this case.

This office agrees to pay reasonable costs of duplicating the requested materials if our Touhy Request is granted.

Thank you in advance for your time and assistance with this matter. Please do not hesitate to contact me should you have any questions. We look forward to your reply.

Very truly yours,

NADEEM A. BEZAR
EMILY B. MARKS

EBM/dd

# EXHIBIT H



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

*Susan Dein Bricklin*
*Direct Dial: (215) 861-8318*
*Facsimile: (215) 861- 8618*
*E-mail Address: .susan.bricklin@usdoj.gov*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

February 21, 2018

**Via First Class Mail and Email**
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102
Emily.Marks@KlineSpecter.com

RE:  Touhy Request to the United States Attorney, Eastern District of Pennsylvania,
for documents related to human trafficking at the Roosevelt Inn;
U.S. v. Davis (Docket No. 2:15-cr-00327) and U.S. v. Lopez (Docket No. 2:16-cr-00394)

Dear Ms. Marks:

On August 3, 2017, you sent two subpoenas to Assistant U.S. Attorney Michelle Morgan,
dated August 3, 2017. In both of your subpoenas, you seek Ms. Morgan's "complete file regarding
Daiquan Davis, Defendant in U.S.A. v. Davis, Docket No. 2: 15-cr-00327, E.D. Pa..." In response, on
August 31, 2017, we sent you a letter outlining the requirements for obtaining such information under 28
C.F.R. 16.21 *et seq*. We received your response on February 12, 2018. You have now requested "critical
documents for all non-grand jury material related to the investigation and prosecution of human sex
trafficking that occurred at the Roosevelt Inn..." Your response does not comply with the requirements
of 28 C.F.R. 16.22, particularly 16.22(d). You have not submitted a summary of the information sought,
and its (specific) relevance to the proceeding. We are therefore, not in a position to respond to your
February 12, 2018 letter until you let us know what specific information you are seeking, and why that
specific information is relevant to the state court proceeding.

I look forward to reviewing your further submission.

Sincerely,

LOUIS D. LAPPEN
United States Attorney

SUSAN DEIN BRICKLIN
Assistant United States Attorney

cc:  Michelle Morgan, AUSA

# EXHIBIT I

**KLINE & SPECTER** pc
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

March 12, 2018

*Via Email and Regular Mail*
Susan Dein Bricklin
United States Attorney
U.S. Department of Justice
Eastern District Pennsylvania
615 Chestnut Street
Philadelphia, PA 19106

Re:   **Touhy Request - FBI investigation, and the Roosevelt Inn**

Dear Ms. Bricklin,

I am in receipt of your correspondence dated February 21, 2018 wherein you stated that a Touhy Request that I submitted on February 12, 2018 does not comply with the requirements of 28 C.F.R. 16.22, particularly 16.22(d). It is your position that I did not submit a summary of the information sought and its "specific"[1] relevance to the proceeding.

As you know I am submitted a Touhy Request to obtain critical documents for all non-grand jury material related to the investigation and prosecution of human sex trafficking that occurred at the Roosevelt Inn located at 7600 Roosevelt Boulevard, Philadelphia, Pennsylvania. Specifically, I am seeking investigative reports, arrest reports, incident reports, witness statements, handwritten notes, typed reports, Affidavits of probable cause, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, and guilty pleas related to the following cases: U.S. Davis, Docket No. 2:15-cr-00327 (E.D. Pa. 2015) and U.S. v. Lopez, Docket No. 2:16-cr-00394 (E.D. Pa. 2016).

As you know, this office represents Plaintiff M.B., who as a minor, was a victim of human sex trafficking at the Roosevelt Inn. Plaintiff filed a lawsuit against the Roosevelt Inn Defendants on March 10, 2017 for Defendants' violations of the Pennsylvania Human Trafficking Law, 18 Pa.C.S. 3001, et. seq. in the matter of M.B., a minor v. Roosevelt Inn, LLC, et. al., Philadelphia CCP, March Term 2017, No. 00712. The United States is not a party to the lawsuit.

---

[1] 28 C.F.R. § 16.22(d) provides that the responsible U.S. Attorney "shall request a summary of the information sought and its relevance to the proceeding."

As I mentioned, the requested information is necessary to Plaintiff's lawsuit and will allow Plaintiff M.N. to prosecute her case. Specifically, the requested information is relevant to Plaintiff's proceeding as it relates to the occurrence of human sex trafficking at the Roosevelt Inn involving Minor-Plaintiff and other victims. The requested information is also relevant to establish the Roosevelts Defendants knowledge, information and/or involvement in the trafficking of Minor-Plaintiff, and others, at the Roosevelt Inn. Finally, any and all documents pertaining to the guilty pleas or admissions of those involved in trafficking Plaintiff are relevant to proving M.B.'s claim in her civil lawsuit.

Thank you for your assistance with this matter.

Very truly yours,

NADEEM A. BEZAR
EMILY B. MARKS

/EBM

# EXHIBIT J

**Marks, Emily**

| | |
|---|---|
| **From:** | Marks, Emily |
| **Sent:** | Thursday, June 07, 2018 10:07 AM |
| **To:** | Bricklin, Susan (USAPAE) |
| **Cc:** | 'Wilkins, Desiree (USAPAE)' |
| **Subject:** | Touhy Request to USAO, EDPA, FBI |

Ms. Bricklin,

I am following up on the status of my Touhy requests. Can you please let me know when I can expect the records.

Thank you for your assistance.

*Emily B. Marks, Esq.*
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Direct Dial: 215.772.0524
Facsimile: 215.772.1005
www.klinespecter.com

This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system. Thank you. Privileged Attorney-Client Communication/Attorney's Work Product.

# EXHIBIT K

## Marks, Emily

**From:** Bricklin, Susan (USAPAE) <Susan.Bricklin@usdoj.gov>
**Sent:** Thursday, June 07, 2018 10:07 AM
**To:** Marks, Emily
**Subject:** Automatic reply: Touhy Request to USAO, EDPA, FBI

?

Susan Bricklin has retired from Government service. Please email Desiree Wilkins at Desiree.Wilkins@usdoj.gov<mailto:Desiree.Wilkins@usdoj.gov> regarding any case related issues or information. Thank you.

# EXHIBIT L

| | |
|---|---|
| **From:** | Marks, Emily |
| **Sent:** | Thursday, June 07, 2018 10:28 AM |
| **To:** | 'Wilkins, Desiree (USAPAE)' |
| **Subject:** | FW: Touhy Request to USAO, EDPA, FBI |

Hi Ms. Wilkins,

I am following up on my email to Ms. Bricklin regarding the status of my Touhy Requests. Can you please let me know who is now working in the requests since Ms. Bricklin has retired. As you know I have been waiting several months for the requested documents.

I appreciate your assistance with this matter.

Thank you.

Emily B. Marks, Esq.
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Direct Dial: 215.772.0524
Facsimile: 215.772.1005
www.klinespecter.com

This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system. Thank you. Privileged Attorney-Client Communication/Attorney's Work Product.

-----Original Message-----
From: Bricklin, Susan (USAPAE) <Susan.Bricklin@usdoj.gov>
Sent: Thursday, June 07, 2018 10:07 AM
To: Marks, Emily <emily.marks@klinespecter.com>
Subject: Automatic reply: Touhy Request to USAO, EDPA, FBI

?
Susan Bricklin has retired from Government service. Please email Desiree Wilkins at Desiree.Wilkins@usdoj.gov<mailto:Desiree.Wilkins@usdoj.gov> regarding any case related issues or information. Thank you.

# EXHIBIT M

**Marks, Emily**

| | |
|---|---|
| **From:** | Wilkins, Desiree (USAPAE) <Desiree.Wilkins@usdoj.gov> |
| **Sent:** | Thursday, June 07, 2018 2:24 PM |
| **To:** | Marks, Emily |
| **Cc:** | DeBruicker, Lauren (USAPAE) |
| **Subject:** | RE: Touhy Request to USAO, EDPA, FBI |

Hi Ms. Marks,

AUSA Lauren DeBruicker, cc'd here, is now assigned to this Touhy matter. Lauren is getting up to speed on it as Susan had been working on it up until her retirement last week. We have also reached out to FBI counsel to find out the status of their document review. I will remain as the legal assistant on this case to help Lauren so feel free to reach out to both of us and we will be in touch soon after we hear from the FBI.

Thanks!

Desiree Wilkins
Supervisory Legal Assistant, Civil Division U.S. Attorney's Office, EDPA
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
215.861.8375 (phone)
215.861.8618 (fax)
desiree.wilkins@usdoj.gov

-----Original Message-----
From: Marks, Emily <emily.marks@klinespecter.com>
Sent: Thursday, June 07, 2018 10:56 AM
To: Wilkins, Desiree (USAPAE) <DWilkins@usa.doj.gov>
Subject: RE: Touhy Request to USAO, EDPA, FBI

Thank you very much!

-----Original Message-----
From: Wilkins, Desiree (USAPAE) <Desiree.Wilkins@usdoj.gov>
Sent: Thursday, June 07, 2018 10:51 AM
To: Marks, Emily <emily.marks@klinespecter.com>
Subject: RE: Touhy Request to USAO, EDPA, FBI

Hi Ms. Marks,

I am checking on this for you. The case has been reassigned due to Susan's retirement and I'll get you contact information shortly for the newly assigned AUSA.

Desiree Wilkins

**Marks, Emily**

**From:**       Marks, Emily
**Sent:**       Thursday, June 07, 2018 2:58 PM
**To:**        'Wilkins, Desiree (USAPAE)'
**Cc:**        DeBruicker, Lauren (USAPAE)
**Subject:**    RE: Touhy Request to USAO, EDPA, FBI

Thank you Ms. Wilkins and Ms. DeBruicker. Anything you can do to expedite the process at this point would be much appreciated as I am dealing with the discovery deadline in our case.

Thank you again and I look forward to hearing from you.

Emily B. Marks, Esq.
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Direct Dial: 215.772.0524
Facsimile: 215.772.1005
www.klinespecter.com

This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system. Thank you. Privileged Attorney-Client Communication/Attorney's Work Product.

-----Original Message-----
From: Wilkins, Desiree (USAPAE) <Desiree.Wilkins@usdoj.gov>
Sent: Thursday, June 07, 2018 2:24 PM
To: Marks, Emily <emily.marks@klinespecter.com>
Cc: DeBruicker, Lauren (USAPAE) <Lauren.DeBruicker@usdoj.gov>
Subject: RE: Touhy Request to USAO, EDPA, FBI

Hi Ms. Marks,

AUSA Lauren DeBruicker, cc'd here, is now assigned to this Touhy matter. Lauren is getting up to speed on it as Susan had been working on it up until her retirement last week. We have also reached out to FBI counsel to find out the status of their document review. I will remain as the legal assistant on this case to help Lauren so feel free to reach out to both of us and we will be in touch soon after we hear from the FBI.

Thanks!

Desiree Wilkins
Supervisory Legal Assistant, Civil Division U.S. Attorney's Office, EDPA
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
215.861.8375 (phone)
215.861.8618 (fax)
desiree.wilkins@usdoj.gov

# EXHIBIT N

**Marks, Emily**

| | |
|---|---|
| **From:** | DeBruicker, Lauren (USAPAE) <Lauren.DeBruicker@usdoj.gov> |
| **Sent:** | Tuesday, August 14, 2018 6:14 PM |
| **To:** | Marks, Emily |
| **Cc:** | Wilkins, Desiree (USAPAE) |
| **Subject:** | RE: Touhy Request to USAO, EDPA, FBI |

Dear Ms. Marks,

Thank you for your message. The FBI agents are making progress in their review of the material and I am hopeful that they will be through enough of it by August 31 for us to prepare at least a partial production shortly thereafter.

As I mentioned when we last spoke, we will need to ensure that an appropriate protective order is in place governing the disclosure of these sensitive materials before any production is made. Once any production has been cleared by the FBI and approved by our office we will provide a proposed order to be submitted to the court. If there is already any such type of order in place in the matter (I note from the docket that certain items have been filed under seal), can you please provide us a copy so that we may compare its terms to the ones we would seek?

Again, I am hopeful that our office will be able to authorize and make a production in response to your request in September. With that said, with the many demands on the FBI agents' time and the additional steps necessary even once they have finished their review before any production can be made, additional time for this aspect of your discovery pursuits may be something you wish to consider.

I am available to discuss at your convenience and am happy to answer any questions you may have.

With our many thanks again for your patience as we work through this process as mandated by federal regulations,

Lauren DeBruicker
Assistant U.S. Attorney | Eastern District of Pennsylvania
615 Chestnut Street | Suite 1250 | Philadelphia, PA 19106
215.861.8492 | Lauren.DeBruicker@usdoj.gov

-----Original Message-----
From: Marks, Emily <emily.marks@klinespecter.com>
Sent: Monday, August 13, 2018 9:59 AM
To: DeBruicker, Lauren (USAPAE) <LDeBruicker@usa.doj.gov>
Cc: Wilkins, Desiree (USAPAE) <DWilkins@usa.doj.gov>
Subject: RE: Touhy Request to USAO, EDPA, FBI

Good Morning Ms. DeBruicker,

I am following up on our conversation from several weeks ago regarding my Touhy requests sent to the FBI, Philadelphia Office and the U.S. Attorney's Office, EDPA. I understand you are working in conjunction with the FBI. As I mentioned previously, I am bound by the Court's discovery deadline and I am trying to get a gauge on whether I need to request additional time for discovery in my case. I appreciate that you are working diligently to provide the responsive documents. Can you please let me know when I can expect your response.

Thank you very much for your assistance.

Emily B. Marks, Esq.

**Marks, Emily**

From:                Marks, Emily
Sent:                Wednesday, August 15, 2018 5:12 PM
To:                  'DeBruicker, Lauren (USAPAE)'
Cc:                  Wilkins, Desiree (USAPAE)
Subject:             RE: Touhy Request to USAO, EDPA, FBI
Attachments:         (14) Confindentiality Agreement.pdf

Ms. DeBruicker,

Thank you for your response. There is not a protective order in place. Plaintiff and the Roosevelt Defendants did sign a confidentiality agreement regarding personally identifying information for the Plaintiff MB and the Roosevelt Defendants' employees. See attached Confidentiality Agreement. The sealed documents on the docket contain personally identifying information.

If you have any questions or would like to discuss anything further, please do not hesitate to contact me. Otherwise, I will wait to hear from you.

Thank you.
Emily B. Marks, Esq.
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Direct Dial: 215.772.0524
Facsimile: 215.772.1005
www.klinespecter.com

This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system. Thank you. Privileged Attorney-Client Communication/Attorney's Work Product.


-----Original Message-----
From: DeBruicker, Lauren (USAPAE) <Lauren.DeBruicker@usdoj.gov>
Sent: Tuesday, August 14, 2018 6:14 PM
To: Marks, Emily <emily.marks@klinespecter.com>
Cc: Wilkins, Desiree (USAPAE) <Desiree.Wilkins@usdoj.gov>
Subject: RE: Touhy Request to USAO, EDPA, FBI

Dear Ms. Marks,

Thank you for your message. The FBI agents are making progress in their review of the material and I am hopeful that they will be through enough of it by August 31 for us to prepare at least a partial production shortly thereafter.

As I mentioned when we last spoke, we will need to ensure that an appropriate protective order is in place governing the disclosure of these sensitive materials before any production is made. Once any production has been cleared by the FBI and approved by our office we will provide a proposed order to be submitted to the court. If there is already any such type of order in place in the matter (I note from the docket that certain items have been filed under seal), can you please provide us a copy so that we may compare its terms to the ones we would seek?

1

# EXHIBIT O

**Marks, Emily**

Thank you.

-----Original Message-----
From: DeBruicker, Lauren (USAPAE) <Lauren.DeBruicker@usdoj.gov>
Sent: Friday, September 21, 2018 2:45 PM
To: Marks, Emily <emily.marks@klinespecter.com>
Cc: Wilkins, Desiree (USAPAE) <Desiree.Wilkins@usdoj.gov>
Subject: RE: Touhy Request to USAO, EDPA, FBI

Thanks for checking in, Emily. The agents are nearing the end of their review; in the meantime we are determining what of the potential production remains under seal or subject to protective orders still in force in the criminal matters. While I do not yet have a hard date for any production, we are making progress and expect to be in touch in the next few weeks regarding next steps.

Thanks, and have a good weekend,

Lauren

Lauren DeBruicker
215.861.8492 | Lauren.DeBruicker@usdoj.gov

-----Original Message-----
From: Marks, Emily <emily.marks@klinespecter.com>
Sent: Friday, September 21, 2018 2:35 PM
To: DeBruicker, Lauren (USAPAE) <LDeBruicker@usa.doj.gov>
Cc: Wilkins, Desiree (USAPAE) <DWilkins@usa.doj.gov>
Subject: RE: Touhy Request to USAO, EDPA, FBI

Hi Ms. De Bruicker,

I am just following up on the status of my Touhy requests. Per your last email you were hopeful to produce at least a partial production shortly after August 31.

Thank you.
Emily B. Marks, Esq.
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Direct Dial: 215.772.0524
Facsimile: 215.772.1005
www.klinespecter.com

1

# EXHIBIT P

**From:** Marks, Emily <emily.marks@klinespecter.com>
**Sent:** Thursday, November 29, 2018 10:20 AM
**To:** DeBruicker, Lauren (USAPAE) <LDeBruicker@usa.doj.gov>
**Subject:** M.B. v. Roosevelt et al.; E.B. v. Motel 6 et al. - subpoenas

Dear Ms. DeBruicker,

Per our conversation last week, I am following up on the record production in response to Plaintiffs' subpoenas/Touhy requests. Please let me know the status of the production.

Thank you.

*Emily B. Marks, Esq.*
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Direct Dial: 215.772.0524
Facsimile: 215.772.1005
www.klinespecter.com

This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system. Thank you. Privileged Attorney-Client Communication/Attorney's Work Product.

# EXHIBIT Q

This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system. Thank you. Privileged Attorney-Client Communication/Attorney's Work Product.

**From:** Marks, Emily
**Sent:** Friday, November 30, 2018 5:15 PM
**To:** 'DeBruicker, Lauren (USAPAE)' <Lauren.DeBruicker@usdoj.gov>
**Subject:** RE: M.B. v. Roosevelt et al.; E.B. v. Motel 6 et al. - subpoenas

Ms. DeBruicker,

Attached please find the subpoenas served in the MB and EB case. I have also attached the three Touhy Requests. Finally, I did not subpoena materials pertaining to Jerel Jackson. A request was sent to Mr. Jackson's attorney pertaining to the M.B. case.

Thank you.

*Emily B. Marks, Esq.*
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Direct Dial: 215.772.0524
Facsimile: 215.772.1005
www.klinespecter.com

This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system. Thank you. Privileged Attorney-Client Communication/Attorney's Work Product.

**From:** DeBruicker, Lauren (USAPAE) <Lauren.DeBruicker@usdoj.gov>
**Sent:** Friday, November 30, 2018 4:29 PM
**To:** Marks, Emily <emily.marks@klinespecter.com>
**Subject:** RE: M.B. v. Roosevelt et al.; E.B. v. Motel 6 et al. - subpoenas

Dear Emily,

Thank you for checking in. I am continuing my own review of the materials and will let you know when that step is complete.

In the meantime, to help me keep things moving forward:

1. Can you please send me a copy of any formal subpoenas you sent to the FBI? I have a copy of your letter to the FBI dated Feb. 14, 2018 but want to be sure I have a complete set of your requests.
2. I understand that Kline & Specter has subpoenaed materials from counsel to Jerel Jackson. Can you confirm whether such a request is part of the MB or EB case?

Many thanks,

Lauren

Lauren DeBruicker
215.861.8492 | Lauren.DeBruicker@usdoj.gov

2

EXHIBIT R

**Marks, Emily**

| From: | Marks, Emily |
| Sent: | Friday, January 04, 2019 1:38 PM |
| To: | 'DeBruicker, Lauren (USAPAE)' |
| Subject: | RE: M.B. v. Roosevelt et al.; E.B. v. Motel 6 et al. - subpoenas |

Hi Lauren,

I just called and left you a voicemail message. Can you let me know when I can expect a response to my Touhy requests.

Thank you.

**From:** DeBruicker, Lauren (USAPAE) <Lauren.DeBruicker@usdoj.gov>
**Sent:** Friday, December 21, 2018 1:29 PM
**To:** Marks, Emily <emily.marks@klinespecter.com>
**Subject:** RE: M.B. v. Roosevelt et al.; E.B. v. Motel 6 et al. - subpoenas

Dear Emily,

Thank you for your message. I do not have a substantial update to our last report. I will be in touch the first week of the new year.

Many thanks,

Lauren DeBruicker

Lauren DeBruicker
215.861.8492 | Lauren.DeBruicker@usdoj.gov

**From:** Marks, Emily <emily.marks@klinespecter.com>
**Sent:** Thursday, December 20, 2018 3:39 PM
**To:** DeBruicker, Lauren (USAPAE) <LDeBruicker@usa.doj.gov>
**Subject:** RE: M.B. v. Roosevelt et al.; E.B. v. Motel 6 et al. - subpoenas

Ms. DeBruicker,

I am following up from my phone message from last week and today. Can you please provide an update on the production of the documents I requested.

Thank you,

*Emily B. Marks, Esq.*
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Direct Dial: 215.772.0524
Facsimile: 215.772.1005
www.klinespecter.com

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

**CONTROL NUMBER:**

18073174

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

### FOR COURT USE ONLY

ASSIGNED TO JUDGE:

ANSWER/RESPONSE DATE:

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response. Status may be obtained online at http://courts.phila.gov*

March Term, 2017
*Month*     *Year*

No. 00712

B. ETAL VS ROOSEVELT INN LLC ETAL

Name of Filing Party:

ROOSEVELT INN LLC-DFT
ROOSEVELT MOTOR INN, INC.-DFT
UFVS MANAGEMENT COMPANY LLC-DFT

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*  ☐ Motion
☒ Answer to Petition  ☐ Response to Motion

Has another petition/motion been decided in this case? ☐ Yes ☐ No
Is another petition/motion pending? ☐ Yes ☐ No

*If the answer to either question is yes, you must identify the judge(s):*

TYPE OF PETITION/MOTION (see list on reverse side)

ANSWER (MOTION/PETITION) FILED

PETITION/MOTION CODE
(see list on reverse side)
MTANS

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):
MTEXR - MOT-FOR EXTRAORDINARY RELIEF

## I. CASE PROGRAM

DAY FORWARD/MAJOR JURY PROGRAM

Court Type: JUDGE SHELLEY ROBINS-NEW
Applicable Petition/Motion Deadline: N/A
Has deadline been previously extended by the Court: N/A

## II. PARTIES *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

NADEEM A BEZAR
  KLINE & SPECTER, P.C. 1525 LOCUST
  STREET , PHILADELPHIA PA 19102
JUSTINA L BYERS
  ONE LOGAN SQUARE , PHILADELPHIA PA
  19103
THOMAS P WAGNER
  MARSHALL DENNEHEY WARNER COLEMAN &
  GOGGIN 2000 MARKET STREET, 23RD FLOOR
  , PHILADELPHIA PA 19103
DAIQUAN DAVIS
  FEDERAL DETENTION CENTER PO BOX 9000
  72304-66 , BERLIN NH 03570
ABDUL LOPEZ
  TUCSON US PENITENTIARY INMATE
  MAIL/PARCELS 69643-066 PO BOX 24550 ,
  TUCSON AZ 85734

## III. OTHER

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____

*(Attorney Signature/Unrepresented Party)*

January 17, 2019

*(Date)*

DANIEL E. OBERDICK

*(Print Name)*     *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1061B E-File# 1901040454
17-JAN-19 14:58:59

<u>YAGNA PATEL-DFT</u>

NOAH MARLIER
  7 NESHAMINY INTERPLEX SUITE 200 ,
  TREVOSE PA 19053

In the Court of Common Pleas of Philadelphia County

**RESPONSE TO MOTION FOR EXTRAORDINARY RELIEF**

*(Check One Program)*

☐ Commerce      ☐ Mass Tort

☑ Day Forward/MajorJury      ☐ Non-Jury

☐ Arbitration

CONTROL NUMBER

| CAPTION | COURT TERM AND NUMBER |
|---|---|
| M.B., a minor by her Guardian, William A. Calandra, Esquire<br><br>vs.<br><br>Roosevelt Inn, LLC, et. al. | **March term, 2017 No. 00712** |

NAME OF RESPONDING PARTY AND COUNSEL

Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Daniel E. Oberdick, Esquire
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998

NAME OF PLAINTIFF AND COUNSEL

M.B., a minor by her Guardian, William A. Calandra, Esquire
Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle B. Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

NAME OF DEFENDANT AND COUNSEL

| | |
|---|---|
| Alpha-Centurion Security, Inc.<br>Thomas P. Wagner, Esquire<br>Robert W. Stanko, Esquire<br>Melanie J. Foreman, Esquire<br>Marshall Dennehey Warner Coleman & Goggin<br>2000 Market Street, Suite 2300<br><br>Abdul Lopez<br>Register Number 69643-066<br>FCI Tucson<br>Federal Correctional Institution<br>P.O. Box 24550<br>Tucson, AZ 85734 | Daiquan Davis<br>Register Number 72304-066<br>USP Terre Haute<br>U.S. Penitentiary<br>P.O. Box 33<br>Terre Haute, IN 47808 |

SET FORTH YOUR POSITION CONCERNING THE MOVING PARTY'S REQUESTED RELIEF (ATTACH PROPOSED ORDER)

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (hereinafter collectively "the Roosevelt Defendants"), by and through their undersigned attorneys, respectfully file this Response in Opposition to Plaintiff M.B.'s ("Plaintiff") Second Motion for Extraordinary Relief (the "Motion"), which seeks an extension of deadlines without any legitimate basis.

Plaintiff has already been granted an unnecessary 6-month extension of all case management deadlines. Specifically, on July 25, 2018, Plaintiff filed her first Motion for Extraordinary Relief seeking a 6-month extension of the standard track case management deadlines. See Plaintiff's Sur Reply to Defendants' Response to Plaintiff's Motion for Extraordinary Relief attached as Exhibit "A." After Plaintiff submitted her first Motion, the parties conferred and agreed to extend all deadlines by 4-months only. Id. However, on August 10, 2018 the Court granted Plaintiff's initial request and extended all case management deadlines by 6 months despite the parties' agreement. See Order attached as Exhibit "B." Now, after being given more time to prove her case than was requested, Plaintiff filed the instant Motion seeking a second extension of all deadlines by another 6 months. If the instant Motion is granted, Plaintiff will have unnecessarily extended this matter by a full year.

To date, the parties have exchanged a voluminous amount of written discovery and produced thousands of documents. Additionally, the parties have already taken numerous depositions and have even more depositions scheduled which will be completed within the current discovery deadline – including depositions of Plaintiff's alleged trafficker which she recently noticed.

Finally, Plaintiff's reliance on outstanding subpoena requests as a basis to grant her Motion is unconvincing. Plaintiff's four motions to compel compliance with subpoenas are scheduled to be heard on January 22, 2019 and seek the requested documents within ten (10) days of any court order. If granted, Plaintiff will receive the requested documents on February 1, 2019 – two full months before the April 1, 2019 discovery end date. Plaintiff will therefore have sufficient time to obtain and assess any documents she subpoenaed in this case.

Plaintiff has failed to assert any reasonable justification for another lengthy extension of the case management deadlines. Therefore, the Roosevelt Defendants respectfully request that the Court deny Plaintiff's Motion for Extraordinary Relief.

A COPY OF THE RESPONSE WAS SENT OR WILL BE SENT TO THE FOLLOWING PARTIES AND/OR COUNSEL ON THE DATES SET FORTH BELOW

See attached certificate of service.

I certify the above to be true and correct.

Respectfully submitted,

Date: 1/17/19

**Grant S. Palmer**

*Attorney for Plaintiff/Defendant*

Case ID: 170300712
Control No.: 18073174

**FILED**
17 JAN 2019 02:55 pm
Civil Administration
C. KEENAN

# EXHIBIT A

Case ID: 170300712
Control No.: 18073174

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

CONTROL NUMBER:

18073174

(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)

### FOR COURT USE ONLY

ASSIGNED TO JUDGE:

ANSWER/RESPONSE DATE:

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response. Status may be obtained online at http://courts.phila.gov*

March Term, 2017
*Month* *Year*

No. 00712

Name of Filing Party:

M. B.-PMNR
WILLIAM A. CALANDRA-PGRD

B. ETAL VS ROOSEVELT INN LLC ETAL

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*   ☐ Motion
☐ Answer to Petition   ☐ Response to Motion

Has another petition/motion been decided in this case?   ☐ Yes ☐ No
Is another petition/motion pending?   ☐ Yes ☐ No

*If the answer to either question is yes, you must identify the judge(s):*

TYPE OF PETITION/MOTION (see list on reverse side)

MOTION/PETITION REPLY FILED

PETITION/MOTION CODE
(see list on reverse side)
REPLM

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):
MTEXR - MOT-FOR EXTRAORDINARY RELIEF

### I. CASE PROGRAM

DAY FORWARD/MAJOR JURY PROGRAM

Court Type: JUDGE SHELLEY ROBINS-NEW
Applicable Petition/Motion Deadline: N/A
Has deadline been previously extended by the Court: N/A

### II. PARTIES *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

NADEEM A BEZAR
  KLINE & SPECTER, P.C. 1525 LOCUST STREET , PHILADELPHIA PA 19102
JUSTINA L BYERS
  ONE LOGAN SQUARE , PHILADELPHIA PA 19103
THOMAS P WAGNER
  MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN 2000 MARKET STREET, 23RD FLOOR , PHILADELPHIA PA 19103

### III. OTHER

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____   August 6, 2018   EMILY B. MARKS   _____
*(Attorney Signature/Unrepresented Party)*   *(Date)*   *(Print Name)*   *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

Case ID: 170300712
Control No.: 18073174

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| William A. Calandra, Esquire | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| v. | : | |
| | : | NO. 00712 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| Defendant | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| Additional Defendant | : | |

## PLAINTIFF'S SUR REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTRAORDINARY RELIEF

Plaintiff consents to a 120 day extension of the discovery deadline per the agreement of

all parties. On July 25, 2018 Plaintiff filed a Motion for Extraordinary Relief seeking a 180 day

extension of the standard track case management deadlines in this complicated matter involving

human sex trafficking. Counsel for Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and

Roosevelt Inn Café; Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn; UFVS Management

Company, LLC; and Yagna Patel (hereinafter Roosevelt Defendants) informed Plaintiff's

counsel that Defendants opposed a 180 day extension but would agree to a 120 day extension. In

a good faith effort to resolve this issue, Plaintiff agreed to reduce the time requested to 120

days. Plaintiff is agreeable to the proposed case management order submitted by the Roosevelt

Defendants also attached hereto as Exhibit "A".

**KLINE & SPECTER, P.C.**

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

# EXHIBIT A

Case ID: 170300712
Control No.: 18073174

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
|  | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |  |
| ROOSEVELT INN CAFÉ, et al., | : |  |
|  | : |  |

## PROPOSED ORDER

AND NOW, this _____ day of _____, 2018, upon

consideration of the Roosevelt Defendants' Response to Minor-Plaintiff's Motion for

Extraordinary Relief and Minor-Plaintiff's modified requested relief of a 120 day extension of all

case management deadlines, it is hereby **ORDERED AND DECREED** that Minor-Plaintiff's

Motion is **GRANTED in part**. It is further **ORDERED** that the discovery, expert, and motion

deadlines are extended consistent with the following revised case management deadlines:

| | |
|---|---|
| DISCOVERY DEADLINE: | 2/1/19 |
| PLAINTIFF EXPERT DEADLINE: | 3/1/19 |
| DEFENDANT EXPERT DEADLINE: | 4/1/19 |
| MOTION DEADLINE: | 4/1/19 |
| SETTLEMENT CONFERENCE: | 4/1/19 |
| PRETRIAL CONFERENCE: | 5/1/19 |
| TRIAL READY DATE: | 6/1/19 |

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 18073174

## VERIFICATION

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for the Plaintiffs in this matter and hereby verify that the statements made in the foregoing Plaintiff's Sur Reply to Defendants' Response to Plaintiff's Motion for Extraordinary Relief, is true and correct to the best of my knowledge, information and belief.

The undersigned that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
EMILY B. MARKS, ESQUIRE

Case ID: 170300712
Control No.: 18073174

**CERTIFICATE OF SERVICE**

I do hereby certify that service of a true and correct copy of the above Plaintiff's Sur Reply to Defendants' Response to Plaintiff's Motion For Extraordinary Relief was filed with the Court on August 6, 2018 and served by electronic filing upon counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Defendant Alpha-Centurion Security, Inc.*

By: _____
EMILY B. MARKS, ESQUIRE
Attorney for Minor-Plaintiff

FILED
17 JAN 2019 02:55 pm
Civil Administration
C. KEENAN

# EXHIBIT B

Case ID: 170300712
Control No.: 18073174



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| **B. ETAL** | **March Term 2017** |
| **VS** | **No. 00712** |
| **ROOSEVELT INN LLC ETAL** | |

## *REVISED CASE MANAGEMENT ORDER*

Be advised that the Case Management Order issued for the above-captioned action has been revised as follows:

1. All discovery shall be completed not later than 01-APR-2019.

2. Plaintiff shall submit expert reports not later than 06-MAY-2019.

3. Defendant shall submit expert reports not later than 03-JUN-2019.

4. All pre-trial motions other than motions in limine shall be filed not later than 03-JUN-2019.

5. A settlement conference will be scheduled any time after 01-JUL-2019.

6. A pre-trial conference will be scheduled at any time after 03-SEP-2019.

7. It is expected that this case shall be ready for trial by 07-OCT-2019.

All other terms and conditions on the original Case Management Order will remain in full force and effect.

*BY THE COURT:*

_____

**SHELLEY ROBINS-NEW, J.**
10-AUG-2018      **TEAM LEADER**

FJB27282(REV. 5/21/18)

B. Etal Vs Roosevelt In-RVCMO

17030071200087

Case ID: 170300712
Control No.: 18073174

FILED
17 JAN 2019 02:55 pm
Civil Administration
C. KEENAN

M.B., minor by her Guardian,
William A. Calandra, Esquire,

                 Plaintiff,

    v.

ROOSEVELT INN LLC
d/b/a ROOSEVELT INN and
ROOSEVELT INN CAFÉ, et al.,

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CIVIL TRIAL DIVISION

MARCH TERM, 2017
NO.: 00712

JURY TRIAL DEMANDED

## **PROPOSED ORDER**

      AND NOW, this _____ day of _____, 2019, upon consideration of the Roosevelt Defendants' Response in Opposition to Plaintiff's Motion for Extraordinary Relief, it is hereby **ORDERED AND DECREED** that Plaintiff's Motion is **DENIED**.

                      BY THE COURT:

                               _____

                                      J.

Case ID: 170300712
Control No.: 18073174

## CERTIFICATE OF SERVICE

I, Daniel E. Oberdick, Esquire, hereby certify that, on this 17th day of January 2019, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Response in Opposition to Plaintiff's Motion for Extraordinary Relief to be served via the Court's electronic filing system and/or electronic mail and/or first-class mail upon the following:

Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Additional Defendant*

And

Abdul Lopez
Register Number 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

*/s/ Daniel E. Oberdick*
DANIEL E. OBERDICK

Case ID: 170300712
Control No.: 18073174

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

**CONTROL NUMBER:**

19011676

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

### FOR COURT USE ONLY

ASSIGNED TO JUDGE:     ANSWER/RESPONSE DATE:

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

March     Term, 2017
*Month*     *Year*
No.     00712

B. ETAL VS ROOSEVELT INN LLC ETAL

Name of Filing Party:

M. B.-PMNR

**INDICATE NATURE OF DOCUMENT FILED:**
- ☐ Petition *(Attach Rule to Show Cause)*    ☐ Motion
- ☐ Answer to Petition    ☐ Response to Motion

Has another petition/motion been decided in this case?    ☐ Yes ☐ No
Is another petition/motion pending?    ☐ Yes ☐ No
*If the answer to either question is yes, you must identify the judge(s):*

TYPE OF PETITION/MOTION (see list on reverse side)

MOTION/PETITION REPLY FILED

PETITION/MOTION CODE
(see list on reverse side)
REPLM

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):
MTEXR - MOT-FOR EXTRAORDINARY RELIEF

### I. CASE PROGRAM

DAY FORWARD/MAJOR JURY PROGRAM

Court Type: JUDGE SHELLEY ROBINS-NEW
Applicable Petition/Motion Deadline: N/A
Has deadline been previously extended by the Court: N/A

### II. PARTIES *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

NADEEM A BEZAR
   KLINE & SPECTER, P.C. 1525 LOCUST
   STREET , PHILADELPHIA PA 19102
JUSTINA L BYERS
   ONE LOGAN SQUARE , PHILADELPHIA PA
   19103
THOMAS P WAGNER
   MARSHALL DENNEHEY WARNER COLEMAN &
   GOGGIN 2000 MARKET STREET, 23RD FLOOR
   , PHILADELPHIA PA 19103
DAIQUAN DAVIS
   FEDERAL DETENTION CENTER PO BOX 9000
   72304-66 , BERLIN NH 03570
ABDUL LOPEZ
   TUCSON US PENITENTIARY INMATE
   MAIL/PARCELS 69643-066 PO BOX 24550 ,
   TUCSON AZ 85734

### III. OTHER

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____    January 18, 2019    EMILY B. MARKS

*(Attorney Signature/Unrepresented Party)*    *(Date)*    *(Print Name)*    *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

NOAH MARLIER
  7 NESHAMINY INTERPLEX SUITE 200 ,
  TREVOSE PA 19053

In the Court of Common Pleas of Philadelphia County

**RESPONSE TO MOTION FOR EXTRAORDINARY RELIEF**

*(Check One Program)*

☐ Commerce   ☐ Mass Tort
☑ Day Forward/MajorJury   ☐ Non-Jury
☐ Arbitration

CONTROL NUMBER

| CAPTION | COURT TERM AND NUMBER |
|---|---|
| M.B.<br><br>v.<br><br>Roosevelt Inn LLC, et al. | **March Term, 2017; No. 00712**<br><br>NAME OF RESPONDING PARTY AND COUNSEL<br>Plaintiff, M.B., by and through her counsel:<br><br>Nadeem A. Bezar, Esquire<br>Emily B. Marks, Esquire<br>Kyle B. Nocho, Esquire<br>Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102 |

| NAME OF PLAINTIFF AND COUNSEL | NAME OF DEFENDANT AND COUNSEL |
|---|---|
| M.B., by and through her counsel:<br><br>Nadeem A. Bezar, Esquire<br>Emily B. Marks, Esquire<br>Kyle B. Nocho, Esquire<br>Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102 | **See attached List of all Defendants and their respective counsel** |

SET FORTH YOUR POSITION CONCERNING THE MOVING PARTY'S REQUESTED RELIEF (ATTACH PROPOSED ORDER)

This litigation has expansive implications as it involves the trafficking of minors at a local Philadelphia motel. It is in interest of all parties, and our community, that discovery deadlines be extended to allow time for the production and review of the documents and information that are at issue. The Roosevelt Defendants incorrectly assert that there is no justification for the extension of the deadlines. The justification to extend the deadlines by a few months is the search for the truth and to quash any speculation as to what these records may uncover. Plaintiff has been dealing with the Federal Government and requests for information from the U.S. Attorney's Office for the Eastern District of Pennsylvania and the Federal Bureau of Investigation, Philadelphia Office that pertain to sensitive and now protected investigations. The Roosevelt Defendants refer to four motions to compel that Plaintiff filed against the U.S. Attorney's Office and criminal defense attorneys who represented Plaintiff's traffickers in criminal proceedings. The Motions to Compel were scheduled for January 22, 2019. Contrary to the Roosevelt Defendants' position, the issue of the requested documents from the U.S. Attorney's Office, the FBI and the criminal defense attorneys will not be resolved at that time due to federal protective orders in place and the government shutdown. As a result, Plaintiff was required to withdraw her motions and seek intervention from the federal court as explained below.

In response to Plaintiff's Motion to Compel, Assistant United States Attorney Lauren DeBruicker stated that the production of documents Plaintiff seeks is subject to federal regulations and protective orders put in place by the U.S. District Court for the Eastern District of Pennsylvania in the criminal matters with which the U.S. Attorney's office must comply. See 1/10/19 AUSA Correspondence DeBruicker attached as Exhibit "A". She also stated that the "current shutdown of the federal government has brought our response efforts to a virtual halt." See Exhibit "A". (Continued on next page - See Addendum)

A COPY OF THE RESPONSE WAS SENT OR WILL BE SENT TO THE FOLLOWING PARTIES AND/OR COUNSEL ON THE DATES SET FORTH BELOW

**See attached Certificate of Service**

I certify the above to be true and correct.

Respectfully submitted,

Date: 1/18/2019

**Emily B. Marks**

*Attorney for Plaintiff/Defendant*

Case ID: 170300712
Control No.: 19011676

**ADDENDUM to Response to Motion for Extraordinary Relief**

AUSA DeBruicker previously stated that the U.S. Attorney's Office would seek permission for the release of the documents from The Honorable Berle M. Schiller and The Honorable Jan E. Dubois who presided over the criminal matters, but had yet to do so. Therefore, Plaintiff's Counsel wrote to Judge Schiller and Judge DuBois requesting that the protective orders be lifted, which were sealed and unable to be viewed by Plaintiff's counsel. See 1/11/19 Correspondence to Judge Schiller and Judge DuBois attached as Exhibit "B". AUSA DeBruicker opposed a blanket lifting of the protective orders but stated that the "United States will work with plaintiff's counsel to draft and present to the Court a mutually agreeable proposed order governing the term of the production of the requested materials for the Court's consideration in due course." See 1/15/19 Correspondence from AUSA DeBruicker to Judge DuBois and Judge Schiller attached as Exhibit "C". Judge DuBois ordered the U.S. Attorney's Office and Plaintiff's counsel to meet and confer in an effort to resolve the dispute before February 7, 2019. See 1/17/19 Correspondence from Judge DuBois attached as Exhibit "D". If the parties are unable to resolve the dispute, Judge DuBois will conduct a telephone conference for the purpose of determining a procedure to be followed. See Exhibit "D". This means that, after a year of consistent pursuit, documents will be turned over that will undoubtedly contain vital information that both sides in this litigation will want.

Although the issue of how the documents are to be produced may be addressed by early February 2019, it does not guarantee that the documents will be produced at that time given the government shutdown that is beyond the control of Plaintiff's counsel or government employees. Further, all parties will need additional time to review the documents once they are produced and take additional depositions which will likely include potential federal government witnesses in the face of the government shutdown.

The blindfold needs to be removed and an additional six months is not unreasonable to conduct such an investigation. Certainty, truth and facts should prevail over speculation and conjecture. More time would be warranted under these circumstances but Plaintiff has only requested any additional 6 months beyond the current complex case management deadlines.

## NAME OF DEFENDANT AND COUNSEL

*Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*
Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103

*Alpha-Centurion Security, Inc.*
Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Pro Se Defendant*
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Pro Se Defendant*
Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734

Case ID: 170300712
Control No.: 19011676

| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
|---|---|---|
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW,** this        day of                    , 2019, upon consideration of Plaintiff's

Motion for Extraordinary Relief, it is hereby **ORDERED** and **DECREED** that the Motion is

**GRANTED**. It is further ORDERED that the discovery, expert and motion deadlines are extended

consistent with the following revised case management deadlines:


DISCOVERY DEADLINE:                10/1/19

PLAINTIFF EXPERT DEADLINE:         11/1/19

DEFENDANT EXPERT DEADLINE:         12/1/19

MOTION DEADLINE:                   12/1/19

SETTLEMENT CONFERENCE:             12/1/19

PRETRIAL CONFERENCE:               1/1/20

TRIAL READY DATE:                  1/1/20


**BY THE COURT:**


_____

                                                **J.**

Case ID: 170300712
Control No.: 19011676

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the ***Plaintiff's Sur Reply to Defendant, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel's Response to Plaintiff's Motion for Extraordinary Relief*** was filed with the Court on January ⟋⟍ , 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

KLINE & SPECTER, P.C.

***/s/Emily B. Marks***

Dated: January ⟍⟋ , 2019      By: _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712
Control No.: 19011676

# EXHIBIT "A"

Case ID: 170300712
Control No.: 19011676



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

*Lauren DeBruicker, Assistant United States Attorney*
*Direct Dial: (215) 861-8492*
*Facsimile: (215) 861-8618*
*E-mail Address: Lauren.DeBruicker@usdoj.gov*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

January 10, 2019

**Via Email and First Class mail**
Emily B. Marks, Esquire
Nadeem A. Bezar, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Re:   Touhy Request to the U.S. Attorney and Federal Bureau of Investigations for documents related to trafficking at the Roosevelt Inn in the criminal matters of U.S. v. Davis (Docket No. 2:15-cr-00327) and U.S. v. Lopez (Docket No. 2:16-cr-00394)

Dear Counsel:

Our office, in coordination with the Federal Bureau of Investigations and our counterparts in Washington, D.C., continues to work on our response to your requests for documents and information related to the above-listed criminal matters.

As we have discussed, the production you seek is subject to strict federal regulations, as well as the Privacy Act and protective orders put in place by the U.S. District Court for the Eastern District of Pennsylvania in the criminal matters, with which we must comply prior to making any production. We remain in the process of reviewing documents that are potentially responsive to your requests, seeking the necessary approvals for any production, and ensuring all laws, regulations, and court orders are complied with before any requested materials are produced by the federal government or any other source that may be subject to some or all of these same restrictions, including defense counsel in the criminal actions.

The current shutdown of the federal government has brought our response efforts to a virtual hault. Members of our local and Washington offices and the FBI are on furlough and resources are extremely limited. We will provide you with an update on the status of our work and our best estimate of a production date as soon as possible following the reopening of the federal government, but as of this date we do not have any indication as to when that will be.

Case ID: 170300712
Control No.: 19011676

We recognize and regret the imposition this may present to discovery efforts in the civil actions pending in the Court of Common Pleas. We will work as expediently as we can once the government is reopened to get you the responses to your requests you have been waiting on, and are happy to answer any questions you, the Court of Common Pleas, or other parties to the pending civil actions may have in the interim.

Sincerely,

WILLIAM M. McSWAIN
United States Attorney

LAUREN DeBRUICKER
Assistant United States Attorney

Case ID: 170300712
Control No.: 19011676

# EXHIBIT "B"

Case ID: 170300712
Control No.: 19011676

NADEEM A. BEZAR

NADEEM.BEZAR@KLINESPECTER.COM

215-772-0522
FAX: 215-772-1005

January 11, 2019

*Via Fax Only (267)299-5073*
The Honorable Berle M. Schiller
Senior United States District Court Judge
For the Eastern District of Pennsylvania
601 Market Street, Room 13613
Philadelphia, PA 19106-1747

> Re:   **M.B. v. Roosevelt Inn LLC, et al.**
>       **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Judge Schiller,

We represent Plaintiff M.B. in the matter referenced above. This civil case involves the sex trafficking of M.B. at the Roosevelt Inn when she was 14 years old. M.B. was trafficked by Abdul Lopez.

In February 2018, we served the U.S. Attorney's Office for the Eastern District of Pennsylvania and the Federal Bureau of Investigation with Touhy requests for all "non-grand jury material related to the investigation and prosecution of human sex trafficking that occurred at the Roosevelt Inn." These requests included all documents pertaining to the criminal prosecution of Abdul Lopez in the matter of U.S. v. Lopez, 2:16-cr-000394 (E.D. P.A. 2016). These requests are being handled by Assistant United States Attorney Lauren DeBruicker.

Additionally, we served defense counsel for Mr. Lopez with a subpoena for "a completed copy of any and all records, with the exception of any documents protected by attorney-client privilege and the attorney work-product doctrine, pertaining to the matter of United States of America v. Abdul Lopez, Case No. 2:16-cr-00394-BMS including, but not limited to, indictments, hearing transcripts, deposition transcripts, statements, trial memoranda, guilty pleas, sentencing materials, interview transcripts, interview summaries, investigative reports, charging documents, Affidavits of Probable Cause, arrest reports, discovery exchanged, evidence inventory list, photographs, recorded interviews, sworn statements, handwritten notes, transcribed notes, all sworn testimony including grand jury testimony and any all documents associated with Appeals court case number: 18-1676 Third Circuit."

Case ID: 170300712
Control No.: 19011676

In response, Plaintiff's counsel has been informed by Ms. DeBruicker and defense counsel for Mr. Lopez that there are Protective Orders signed by Your Honor that preclude the production of some or all of the information that we requested. Some of the Protective Orders were filed under seal and therefore we are not able to view them.

We respectfully request Your Honor to lift the Protective Orders and permit the release of the information requested by Plaintiff's subpoenas and Touhy requests.

Respectfully submitted,

NADEEM A. BEZAR
EMILY B. MARKS

NAB/jp
cc:    Lauren DeBruicker, AUSA (via email and regular mail)
       Noah Gorson, Esquire (via email and regular mail)
       Felicia Sarner, Esquire (via email and regular mail)
       Mark T. Wilson, Esquire (via email and regular mail)

**KLINE & SPECTER** PC
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

NADEEM A. BEZAR

215-772-0522
FAX: 215-772-1005

NADEEM.BEZAR@KLINESPECTER.COM

January 11, 2019

***Via Fax Only (215)580-2141***
The Honorable Jan E. DuBois
Senior United States District Judge
For the Eastern District of Pennsylvania
601 Market Street, Room 12613
Philadelphia, PA 19106-1766

     **Re:**    **M.B. v. Roosevelt Inn LLC, et al.**
              **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Judge DuBois,

     We represent Plaintiff M.B. in the matter referenced above. This civil case involves the sex trafficking of M.B. at the Roosevelt Inn when she was 14 years old. M.B. was trafficked by Daiquan Davis.

     In July 2017, we served the U.S. Attorney's Office for the Eastern District of Pennsylvania with a subpoena for the complete file regarding Daiquan Davis, Defendant in <u>U.S. v. Davis</u>, Docket No. 2:15-cr-00327, E.D. Pa 2015. Specifically, Plaintiff requested "all guilty pleas, dockets, arrest reports, witness statements, handwritten notes, typed reports, Affidavits of Probable Cause, information filed, prior criminal records relating to Daiquan Davis, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photograph, discovery exchanged, pre-trial memoranda, and any other documents in your file relating to the above-referenced docket number [2:15-cr-00327]." Plaintiff also sent Touhy requests to the U.S. Attorney's Office and the Federal Bureau of Investigation for all "non-grand jury material related to the investigation and prosecution of human sex trafficking that occurred at the Roosevelt." The requests are being handled by Assistant United States Attorney Lauren DeBruicker.

     Plaintiff also served defense counsel for Daiquan Davis with similar subpoenas for records pertaining to the criminal prosecution of Mr. Davis. In response, Plaintiff's counsel has been informed by Ms. DeBruicker and by Ms. Lin that there are Protective Orders signed by Your Honor that the preclude the production of some or all of the information that we requested. Some of the Protective Orders were filed under seal and therefore we are not able to view them.

Case ID: 170300712
Control No.: 19011676

**KLINE & SPECTER** PC
ATTORNEYS AT LAW

We respectfully request Your Honor to lift the Protective Orders and permit the release of the information requested by Plaintiff's subpoenas and Touhy requests.

Respectfully submitted,

NADEEM A. BEZAR
EMILY B. MARKS

NAB/jp

cc:  Lauren DeBruicker, AUSA (via email only)
     Mark E. Cedrone, Esquire (via email only)
     Richard J. Fuschino, Jr., Esquire (via email only)
     Susan M. Lin, Esquire (via email only)
     William Brennan, Esquire (via email only)

# EXHIBIT "C"

Case ID: 170300712
Control No.: 19011676


*Lauren DeBruicker, AUSA*
*Direct Dial: (215) 861-8492*
*Facsimile: (215) 861-8618*
*E-mail Address: Lauren.DeBruicker@usdoj.gov*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

January 15, 2019

*Via Hand Delivery*

The Honorable Jan E. DuBois
Senior Judge, United States District Court
Eastern District of Pennsylvania
601 Market Street, Room 12613
Philadelphia, PA 19106

    **Re:**   *M.B. Roosevelt Inn LLC, et al.,*
              **Philadelphia CCP, March Term, 2017, No. 00712**          —

Dear Judge DuBois,

      We write in response to the letter the Court received in the above-captioned state court matter (the "State Civil Action") dated Friday, January 11, 2019. In that letter, counsel to the plaintiff in the State Civil Action, which is pending in the Philadelphia Court of Common Pleas, requested that the Court lift all protective orders entered in the matter of United States v. Daiquan Davis, E.D. Pa. Dkt. No. 2:15-cr-00327 (the "Federal Criminal Action"). The United States, with whom plaintiff's counsel did not confer prior to making their request, opposes this request.

      As the Court may recall, Mr. Davis was convicted in the Federal Criminal Action of the sex trafficking of minors. Given the highly-charged, sensitive, and explicit nature of discovery in the case, and in order to protect the minors and other victims involved from further potential harm, this Court entered protective orders in the Federal Criminal Action restricting the dissemination of discovery material – including both to the public and to Mr. Davis himself. The government's requests for these orders were unopposed by defense counsel, and the Court found each of them supported by good cause.

      Plaintiff in the State Civil Action alleges she was a victim of the trafficking at issue in the Federal Criminal Action and seeks compensation for damages she alleges she sustained as a result of that conduct. In the course of discovery in the State Civil Action – to which the United States is not a party – plaintiff's counsel has requested documents relating to the Federal Criminal Action from (1) this office, (2) the Federal Bureau of

Case ID: 170300712
Control No.: 19011676

Investigations, and (3) Mr. Davis' defense counsel in Federal Criminal Action. As described by plaintiff's counsel in their January 11, 2019 letter, the requests to each of these entities seek material squarely covered by the protective orders in the Federal Criminal Action.

Importantly, Mr. Davis is a party to the State Civil Action. Any decision to lift the protective orders in the Federal Criminal Action would provide Mr. Davis and other traffickers he may be in contact with direct and unrestricted access to information that could be used to identify, harass, and inflict further harm on minors and other victims. The United States opposes the request to lift the protective orders, as doing so would allow Mr. Davis, through the State Civil Action, access to the same highly sensitive information that this Court determined must be protected in the Federal Criminal Action, while the reasons for those protections remain very much present and valid.

Plaintiff's counsel confirmed by telephone the afternoon of January 14, 2019 that, their blanket request of January 11, 2019 notwithstanding, they do not oppose seeking the entry of an order that would allow for the production of information from the Federal Criminal Action that is responsive to the pending requests while ensuring the information remains subject to the protective measures the Court put in place, including restrictions on the dissemination and use of such information.

For these reasons, the United States opposes plaintiff's counsel's letter request of January 11, 2019 to lift the protective orders in the Federal Criminal Action. The United States will work with plaintiff's counsel to draft and present to the Court a mutually agreeable proposed order governing the terms of the production of the requested materials for the Court's consideration in due course.

We are available to answer any questions the Court may have, and thank the Court for its consideration of this submission.

Very respectfully,

WILLIAM M. McSWAIN
United States Attorney

LAUREN DeBRUICKER
Assistant United States Attorney

cc:    Emily Marks, Esq. (*via email*)
Nadeem Bezar, Esq. (*via email*)
Michelle Morgan, AUSA (*via email*)



*Lauren DeBruicker, AUSA*
*Direct Dial: (215) 861-8492*
*Facsimile: (215) 861-8618*
*E-mail Address: Lauren.DeBruicker@usdoj.gov*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

January 15, 2019

*Via Hand Delivery*

The Honorable Berle M. Schiller
Senior Judge, United States District Court
Eastern District of Pennsylvania
601 Market Street, Room 13613
Philadelphia, PA 19106

> **Re:** ***M.B. Roosevelt Inn LLC, et al.***
> **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Judge Schiller,

    We write in response to the letter the Court received in the above-captioned state court matter (the "State Civil Action") dated Friday, January 11, 2019. In that letter, counsel to the plaintiff in the State Civil Action, which is pending in the Philadelphia Court of Common Pleas, requested that the Court lift all protective orders entered in the matter of United States v. Abdul Lopez, E.D. Pa. Dkt. No. 2:16-cr-00394 (the "Federal Criminal Action"). The United States, with whom plaintiff's counsel did not confer prior to making their request, opposes this request.

    As the Court may recall, Mr. Lopez was convicted in the Federal Criminal Action of the sex trafficking of minors. Given the highly-charged, sensitive, and explicit nature of discovery in the case, and in order to protect the minors and other victims involved from further potential harm, this Court entered protective orders in the Federal Criminal Action restricting the dissemination of discovery material – including both to the public and to Mr. Lopez himself. The government's requests for these orders were unopposed by defense counsel, and the Court found each of them supported by good cause.

    Plaintiff in the State Civil Action alleges she was a victim of the trafficking at issue in the Federal Criminal Action and seeks compensation for damages she alleges she sustained as a result of that conduct. In the course of discovery in the State Civil Action – to which the United States is not a party – plaintiff's counsel has requested documents relating to the Federal Criminal Action from (1) this office, (2) the Federal Bureau of

Investigations, and (3) Mr. Lopez's defense counsel in Federal Criminal Action. As described by plaintiff's counsel in their January 11, 2019 letter, the requests to each of these entities seek material squarely covered by the protective orders in the Federal Criminal Action.

Importantly, Mr. Lopez is a party to the State Civil Action. Any decision to lift the protective orders in the Federal Criminal Action would provide Mr. Lopez and other traffickers he may be in contact with direct and unrestricted access to information that could be used to identify, harass, and inflict further harm on minors and other victims. The United States opposes the request to lift the protective orders, as doing so would allow Mr. Lopez, through the State Civil Action, access to the same highly sensitive information that this Court determined must be protected in the Federal Criminal Action, while the reasons for those protections remain very much present and valid.

Plaintiff's counsel confirmed by telephone the afternoon of January 14, 2019 that, their blanket request of January 11, 2019 notwithstanding, they do not oppose seeking the entry of an order that would allow for the production of information from the Federal Criminal Action that is responsive to the pending requests while ensuring the information remains subject to the protective measures the Court put in place, including restrictions on the dissemination and use of such information.

For these reasons, the United States opposes plaintiff's counsel's letter request of January 11, 2019 to lift the protective orders in the Federal Criminal Action. The United States will work with plaintiff's counsel to draft and present to the Court a mutually agreeable proposed order governing the terms of the production of the requested materials for the Court's consideration in due course.

We are available to answer any questions the Court may have, and thank the Court for its consideration of this submission.

Very respectfully,

WILLIAM M. McSWAIN
United States Attorney

LAUREN DeBRUICKER
Assistant United States Attorney

cc:    Emily Marks, Esq. (*via email*)
       Nadeem Bezar, Esq. (*via email*)
       Michelle Morgan, AUSA (*via email*)

# EXHIBIT "D"

Case ID: 170300712
Control No.: 19011676

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JAN E. DuBOIS
JUDGE

12613 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PENNSYLVANIA 19106
(215) 597-5579

January 17, 2019

**VIA FACSIMILE TRANSMISSION**

Emily A. Marks, Esquire
Nadeem Bezar, Esquire
KLINE & SPECTER, PC
1525 Locust Street
Philadelphia, Pennsylvania 19102

Mark E. Cedrone, Esquire
CEDRONE & MANCANO, LLC
123 South Broad Street, Suite 810
Philadelphia, Pennsylvania 19109

Lauren DeBruicker, Esquire
Michelle Morgan
U.S. ATTORNEY'S OFFICE
615 Chestnut Street
Suite 1250
Philadelphia, Pennsylvania 19106

Re: *M.B. v. Roosevelt Inn, LLC* – Philadelphia CCP, March Term 2017, No. 00712
*United States v. Daiquan Davis* – Criminal No. 15-327

Dear Counsel:

This will serve to acknowledge receipt of the letter dated January 11, 2019, from Mr. Bezar and Ms. Marks relating to release of "the complete file" in the Daiquan Davis case, Criminal No. 15-327, and the Government's response dated January 15, 2019. I direct that you meet and confer in an effort to resolve the dispute and jointly report to me by letter to Chambers with respect to a resolution on or before February 7, 2019. If additional time is required it should be requested before that date. In the event you are unable to resolve the dispute I will conduct a telephone conference for the purpose of determining a procedure to be followed in addressing the issue.

Very truly yours,

Jan E. DuBois

JED/lbc

Case ID: 170300712
Control No.: 19011676

IN THE COURT OF COMMON PLEAS OF PHILADLEPHIA

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| M.B., MINOR BY HER GUARDIAN, | : | MARCH TERM, 2017 |
| WILLIAM A. CALANDRA, ESQUIRE | : | NO: 00712 |
| | : | |
| VS. | : | |
| | : | |
| ROOSEVELT INN, LLC D/B/A ROOSEVELT | : | |
| INN AND ROOSEVELT INN CAFÉ, ET AL | : | |

## ORDER

**AND NOW,** this 25th day of January, 2019, upon consideration of the Motion for Extraordinary

Relief, and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is

**GRANTED**. All case management deadlines are extended for six (6) months from the prior Case

Management Order. A new Case Management Order will follow.

BY THE COURT:

_____
ROBINS NEW, J.

Case ID: 170300712
Control No: 19011676

B. Etal Vs Roosevelt In-ORDER

17030071200139

| M.B | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

Filed and Attested by the
Office of Judicial Records
25 JAN 2019 11:21 am
N. TIERNEY

## ORDER

**AND NOW,** this        day of                          , 2019, upon consideration of

Plaintiff's Motion to Compel Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt

Inn Café to Comply with a Request to Inspect and Photograph the Roosevelt Inn and any

response thereto, it is hereby;

    **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED** and Defendants,

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café shall permit Plaintiff's liability

expert to inspect and photograph the Roosevelt Inn on February 26, 2019.  Failure to comply

with this Order may result in sanctions upon application to the Court.

## BY THE COURT:

_____

                               **J.**

**DISCOVERY DEADLINE:  APRIL 1, 2019**

**KLINE & SPECTER, P.C.**                *Attorneys for Plaintiff*
BY:     THOMAS R. KLINE, ESQUIRE/28895
           NADEEM A. BEZAR, ESQUIRE/63577
           EMILY B. MARKS, ESQUIRE/204405
           KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF M.B.'S MOTION TO COMPEL COMPLIANCE

1.      Plaintiff M.B., by and through counsel, Kline & Specter, P.C., requests this Honorable Court compel Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café (hereinafter "Roosevelt Inn Defendants") to comply with a request to inspect and photograph the Roosevelt Inn on February 26, 2019 and in support thereof states the following:

2.      This case involves the human sex trafficking of Plaintiff M.B. at the Roosevelt Inn at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

3.      On January 10, 2019, Plaintiff's counsel sent a letter to counsel for the Roosevelt Inn Defendants requesting to schedule an inspection and photograph the Roosevelt Inn on either February 26, 27 or 28. See January 10, 2019 letter to defense counsel, attached as Exhibit "A".

4.      A follow-up email was sent to counsel for the Roosevelt Inn Defendants on January 22, 2019. See January 22, 2019 email to defense counsel, attached as Exhibit "B".

5.      On January 24, 2019, Plaintiff's counsel sent another follow-up email inquiring about dates for the inspection. See January 24, 2019 email to defense counsel, attached as Exhibit "C".

6.      Counsel for Roosevelt Inn Defendants sent a reply email to Plaintiff's counsel, on January 24, 2019, requesting a proposed protocol for the inspection and indicating that they will consider it. See January 24, 2019 email from defense counsel, attached as Exhibit "D".

7.      The request to inspect and photograph the Roosevelt Inn is relevant to Plaintiff's case and Plaintiff will be unfairly prejudiced if permission to do so on February 26, 2019 is not granted.

**WHEREFORE**, Plaintiff respectfully requests this Court enter the attached proposed Order compelling the Roosevelt Inn Defendants to comply with a request to inspect and photograph the Roosevelt Inn on February 26, 2019.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
Attorneys for Plaintiff

**KLINE & SPECTER, P.C.**                                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**To:**    Grant S. Palmer, Esq.
           James J. Quinlan, Esq.
           Daniel E. Oberdick, Esq.
           Blank Rome LLP
           One Logan Square, 130 North 18th Street
           Philadelphia, PA 19103
           *Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
           *UFVS Management Company, LLC and Yagna Patel*

Please take notice that the following Motion:
☒    Plaintiff's Motion to Compel Roosevelt Inn Defendants to Comply with a Request
     to Inspect and Photograph the Roosevelt Inn
☐    Defendant's Motion _____

will be presented to the Court on the date and time provided electronically by the Court in the
Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA. <u>See</u> electronic
confirmation to be provided.

By:    _____              Date: January 21, 2019
       NADEEM A. BEZAR, ESQUIRE
       Attorney I.D. No. 63577
       Telephone Number: 215.772-1000
       Address: Kline & Specter, P.C.
                1525 Locust Street
                Philadelphia, PA 19102

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel Roosevelt Inn Defendants to Comply with a Request to Inspect and Photograph the Roosevelt Inn was filed with the Court on January 25 , 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

Dated: January 25 , 2019      By: _____
NADEEM A. BEZAR, ESQUIRE
Attorney for Plaintiff

# Attorney Certification of Good Faith
Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

   **X**  a. He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

   After numerous requests, counsel for the Roosevelt Inn Defendants has failed to confirm a date to inspect and photograph the Roosevelt Inn.

   ☐  b.  He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

              **CERTIFIED TO THE COURT BY:**

              _____

              NADEEM A. BEZAR, ESQUIRE
              Attorney for Plaintiff

## VERIFICATION

I, NADEEM A. BEZAR, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion to Compel Roosevelt Inn Defendants to Comply with a Request to Inspect and Photograph the Roosevelt Inn are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

NADEEM A. BEZAR, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "A"

# KLINE & SPECTER PC
### ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

January 10, 2019

*Via Electronic & Regular Mail*
James J. Quinlan, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

    **Re:**    **M.B. v. Roosevelt Inn LLC, et al.**
              **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Counsel:

    I am writing to schedule a time for Plaintiff's liability expert to inspect and photograph the Roosevelt Inn. I would like to schedule this inspection for either February 26, 27 or 28. Please let me know which date works for you.

    Thank you.

              Very truly yours,

              EMILY B. MARKS

EBM/jp
cc:    Thomas P. Wagner, Esquire (via e-mail and regular mail)
       Robert W. Stanko, Esquire (via e-mail and regular mail)
       Melanie J. Foreman, Esquire (via e-mail and regular mail)

# EXHIBIT "B"

| | |
|---|---|
| **From:** | Marks, Emily |
| **Sent:** | Thursday, January 24, 2019 9:32 AM |
| **To:** | Pagan, Jessica |
| **Subject:** | Fwd: Inspection |

Sent from my iPhone

Begin forwarded message:

> **From:** emily.marks@klinespecter.com
> **Date:** January 22, 2019 at 10:50:19 AM EST
> **To:** Quinlan@BlankRome.com
> **Cc:** Nadeem.Bezar@KlineSpecter.com
> **Subject: Inspection**
>
> Jim, please let me know if February 26, 27 or 28 will work for an inspection of the Roosevelt.  I have asked several times.
>
> Thanks.
>
> Sent from my iPhone

# EXHIBIT "C"

| | |
|---|---|
| **From:** | Marks, Emily |
| **Sent:** | Thursday, January 24, 2019 6:29 PM |
| **To:** | Pagan, Jessica |
| **Subject:** | Fwd: Inspection |

Sent from my iPhone

Begin forwarded message:

> **From:** "Bezar, Nadeem" <nadeem.bezar@klinespecter.com>
> **Date:** January 24, 2019 at 8:55:54 AM CST
> **To:** "Marks, Emily" <emily.marks@klinespecter.com>
> **Cc:** "Quinlan@BlankRome.com" <Quinlan@blankrome.com>
> **Subject: Re: Inspection**
>
> Jim, can we please hear back on these dates ASAP.
>
> Nadeem A Bezar
> Kline & Specter, PC
> 1525 Locust Street
> Philadelphia, Pa 19102
> 215-772-0522
> Nadeem.Bezar@klinespecter.com
> www.klinespecter.com
>
>
> Sent from my iPhone
>
>
> > On Jan 22, 2019, at 10:50 AM, Marks, Emily <emily.marks@klinespecter.com> wrote:
> >
> > Jim, please let me know if February 26, 27 or 28 will work for an inspection of the Roosevelt. I have asked several times.
> >
> > Thanks.
> >
> > Sent from my iPhone

# EXHIBIT "D"

**From:** "Quinlan, James J." <Quinlan@BlankRome.com>
**Date:** January 24, 2019 at 5:18:01 PM EST
**To:** "Bezar, Nadeem" <nadeem.bezar@klinespecter.com>
**Subject: RE: Inspection**

I will do my best to confirm a date tomorrow.

In the meantime, we will need a proposed protocol for the inspection.

Please provide what your expert intends to do while at the Roosevelt.

I am not looking for a dissertation but I would like to know what you propose to do (video, still shots, etc) and where. You have been there now so I believe you can provide those specifics.

We will consider and work toward coming to an agreement before this happens.

Without question, there cannot be and will not be any footage of any guests or any employees, but I assume you anticipated that

Thanks,

James J. Quinlan | Blank Rome LLP
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5430 | F: 215.832.5430 | quinlan@blankrome.com
-----Original Message-----
From: Bezar, Nadeem [mailto:nadeem.bezar@klinespecter.com]
Sent: Thursday, January 24, 2019 9:56 AM
To: Marks, Emily <emily.marks@klinespecter.com>
Cc: Quinlan, James J. <Quinlan@BlankRome.com>
Subject: Re: Inspection

Jim, can we please hear back on these dates ASAP.

Nadeem A Bezar
Kline & Specter, PC
1525 Locust Street
Philadelphia, Pa 19102
215-772-0522
Nadeem.Bezar@klinespecter.com
www.klinespecter.com


Sent from my iPhone


On Jan 22, 2019, at 10:50 AM, Marks, Emily <emily.marks@klinespecter.com> wrote:

Jim, please let me know if February 26, 27 or 28 will work for an inspection of the Roosevelt. I have asked several times.

1

Thanks.

Sent from my iPhone


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*


Jessica Pagán, Paralegal to
*Nadeem A. Bezar, Esq.,*
*Emily B. Marks, Esq., and*
*Kyle B. Nocho, Esq.*
**KLINE & SPECTER, P.C.**
1525 Locust Street
Philadelphia, PA 19102
Direct: (215) 772-0528
Facsimile: (215) 772-1005
Jessica.Pagan@klinespecter.com
www.klinespecter.com

This email message and any attachments are confidential.  If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system.  Thank you.  Privileged Attorney-Client Communication/Attorney's Work Product.



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| **B. ETAL** | **March Term 2017** |
| **VS** | **No. 00712** |
| **ROOSEVELT INN LLC ETAL** | |

## *REVISED CASE MANAGEMENT ORDER*

Be advised that the Case Management Order issued for the above-captioned action has been revised as follows:

1.  All discovery shall be completed not later than 07-OCT-2019.

2.  Plaintiff shall submit expert reports not later than 04-NOV-2019.

3.  Defendant shall submit expert reports not later than 03-DEC-2019.

4.  All pre-trial motions other than motions in limine shall be filed not later than 03-DEC-2019.

5.  A settlement conference will be scheduled any time after 06-JAN-2020.

6.  A pre-trial conference will be scheduled at any time after 02-MAR-2020.

7.  It is expected that this case shall be ready for trial by 06-APR-2020.

All other terms and conditions on the original Case Management Order will remain in full force and effect.

*BY THE COURT:*

_____
**SHELLEY ROBINS-NEW, J.**
28-JAN-2019                                    **TEAM LEADER**

FJB42100(REV. 5/21/18)

B. Etal Vs Roosevelt In-RVCMO

17030071200143

```
DAIQUAN DAVIS
FEDERAL DETENTION CENTER
PO BOX 9000
72304-66
BERLIN, NH 03570

B. ETAL VS ROOSEVELT INN LLC ETAL
170300712
```

B. Etal Vs Roosevelt Inn Llc Etal-MAILR

17030071200149

IN THE COURT OF COMMON PLEAS OF PHILADLEPHIA

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

CIVIL TRIAL DIVISION

M.B., MINOR BY HER GUARDIAN,  :  MARCH TERM, 2017
WILLIAM A. CALANDRA, ESQUIRE  :  NO:  00712
             :
   VS.         :
             :
ROOSEVELT INN, LLC D/B/A ROOSEVELT :
INN AND ROOSEVELT INN CAFÉ, ET AL :

### ORDER

   **AND NOW,** this 25th day of January, 2019, upon consideration of the Motion for Extraordinary

Relief, and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is

**GRANTED**.  All case management deadlines are extended for six (6) months from the prior Case

Management Order.  A new Case Management Order will follow.

           BY THE COURT:

           _____
           ROBINS NEW, J.

              Case ID: 170300712
              Control No: 19011676

B. Etal Vs Roosevelt In-ORDER

17030071200139

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
15 MAR 2019 10:39 am
E. HAURIN

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY:   */s/Emily B. Marks*
           _____
           EMILY B. MARKS, ESQUIRE
Date:   3/15/19          Attorney for Plaintiff

Case ID: 170300712

# CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks, Esquire*

Date:  3/15/19

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |
| | : | |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve a subpoena identical to the one attached to this notice. You have

twenty (20) days from the date listed below in which to file of record and serve upon the

undersigned any objection to the Subpoena.  If no objection is made, the Subpoena may be

served.

- Federal Bureau of Investigation – Philadelphia


**KLINE & SPECTER, P.C.**


BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Date: _2/22/19_

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

Date: 2/22/19

_____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

March Term, 17

No. 00712

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: Federal Bureau of Investigation - Philadelphia
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: Kline & Specter, P.C. 1525 Locust Street   Philadelphia PA 19102
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: February 22, 2019



Subp.#136290631-1

| | |
|---|---|
| Name: | Emily B. Marks, Esquire |
| Address: | Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102 |
| Telephone: | 215 772-0524 |
| Supreme Court ID#: | 204405 |
| Attorney for: | Plaintiff |

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-4251  or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL     :     Court of Common Pleas
:
:    _____ March \_\_\_\_\_ Term, \_17\_
:
:     No. \_\_\_\_ 00712 _____

TO: \_Federal Bureau of Investigation - Philadelphia_____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,
or the Certificate of Compliance,
to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                      *(Date of Subpoena)*

Date: _____          _____
                                         *(Signature of Person Served with Subpoena)*

Case ID: 170300712

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Federal Bureau of Investigation – Philadelphia**
**William J. Green, Jr. Building**
**600 Arch Street, 8th Floor**
**Philadelphia, PA 19106**
**C/O Lauren DeBruicker, Assistant United States Attorney**

**RECORDS PERTAIN TO: Roosevelt Inn, 7600 Roosevelt Blvd., Philadelphia, PA;**
**U.S. v. Davis, Docket No. 2:15-cr-00327 (E.D. Pa. 2015);**
**U.S. v. Lopez, Docket No 2:16-cr-00394, (E.D. Pa. 2016)**

Within twenty (20) days after the service of this subpoena, you are to produce any and all non-grand jury material related to all investigations of human trafficking that occurred at the Roosevelt Inn located at 7600 Roosevelt Boulevard, Philadelphia, Pennsylvania from 2012 through 2017. This request includes, but is not limited to, records pertaining to the matters of U.S. v. Davis, Docket No. 2:15-cr-00327 (E.D. Pa. 2015) and U.S. v. Lopez, Docket No 2:16-cr-00394, (E.D. Pa. 2016). This request includes the identification of the federal agent(s) assigned to these investigations.

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

Filed and Attested by the
Office of Judicial Records
19 MAR 2019 03:19 pm
N. TIERNEY

## ORDER

**AND NOW,** this        day of                    , 2019, upon consideration of Plaintiff's

Motion to Compel Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn,

Inc., UFVS Management Company LLC and Yagna Patel to Provide Full and Specific,

Supplemental Responses, without Objections, to Plaintiff's Interrogatories, Nos. 25 through 30

and Request for Production of Documents No. 14 (Set I), it is hereby,

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED.**  Defendants

Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management

Company LLC and Yagna Patel shall provide full and specific, supplemental responses, without

objections, to Plaintiff's Interrogatories, Nos. 25 through 30 and Request for Production of

Documents No. 14 (Set I) within fifteen (15) days from the date of this Order.  Failure to comply

with this Order may result in sanctions upon application to the Court.

**BY THE COURT:**

_____

**J.**

**DISCOVERY DEADLINE:  OCTOBER 7, 2019**

**KLINE & SPECTER, P.C.**                                     *Attorneys for Plaintiff*
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**PLAINTIFF M.B.'S MOTION TO COMPEL DEFENDANTS ROOSEVELT INN LLC
D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT
COMPANY LLC AND YAGNA PATEL TO PROVIDE FULL AND SPECIFIC,
SUPPLEMENTAL RESPONSES TO
<u>PLAINTIFF'S INTERROGATORIES, NOS. 25 THROUGH 30 AND
REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14 (SET I)</u>**

Plaintiff M.B., by and through counsel, Kline & Specter, P.C., hereby requests this

Honorable Court to compel Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt

Motor Inn, Inc., UFVS Management Company LLC and Yagna Patel (collectively the

"Roosevelt Inn Defendants") to provide full and specific, supplemental responses, without

objections, to Plaintiff's Interrogatories, Nos. 25 through 30 and Request for Production of

Documents No. 14 (Set I), and in support thereof states the following:

1.      This case involves the human sex trafficking of Plaintiff M.B. at the Roosevelt

Inn at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

2.      On May 18, 2017, Plaintiff's counsel sent counsel for the Roosevelt Inn

Defendants a copy of Plaintiff's Interrogatories and Request for Production of Documents (Set

I). <u>See</u> 5/18/17 correspondence to counsel for Roosevelt Inn Defendants, attached as Exhibit

"A"; See Plaintiff's Interrogatories (Set I) addressed to Defendant UFVS Management Company, LLC, attached as Exhibit "B"; See Plaintiff's Request for Production of Documents addressed to UFVS Management Company, LLC, attached as Exhibit "C". Plaintiffs Interrogatories and Request for Production of Documents (Set I) sent to the remaining Roosevelt Inn Defendants are identical to Exhibits "B" and "C".

3. On July 21, 2017, counsel for the Roosevelt Inn Defendants produced their Responses and Objections to Plaintiff's Interrogatories and Request for Production of Documents (Set I). See 7/21/2017 correspondence from James J. Quinlan, Esquire, attached as Exhibit "D" and Defendant UFVS Management Company, LLC's Responses and Objections to Set I, attached as Exhibits "E" and "F". The responses and objections of the remaining Roosevelt Inn Defendants are similar to Exhibits "E" and "F".

4. The Roosevelt Inn Defendants' Responses and Objections to Plaintiff's Interrogatories and Request for Production of Documents (Set I) included objections, specifically to Nos. 25 through 30, which requested insurance coverage information, including excess or umbrella insurance coverage. Counsel for the Roosevelt Inn Defendants objected on the basis that the requests "seek a legal conclusion", were "overly broad, unduly burdensome and not likely to lead to the discovery of relevant information." The Roosevelt Inn Defendants further responded, subject to objections, that responsive documents were being produced by Roosevelt Inn, LLC. See Exhibit "E".

5. There were, however, no excess or umbrella insurance policies produced by any of the Roosevelt Inn Defendants, including the Roosevelt Inn, LLC.

6.      In a random docket search, Plaintiff's counsel came across a Declaration lawsuit filed by an insurer of the Roosevelt Inn Defendants that indicated there was excess or umbrella insurance that covered the Roosevelt Inn Defendants.

7.      On January 31, 2019, Plaintiff's counsel sent a letter to counsel for the Roosevelt Inn Defendants requesting supplemental responses to Plaintiff's discovery requests concerning insurance coverage.  See 1/31/19 correspondence addressed to Grant S. Palmer, Esquire, James J. Quinlan, Esquire and Daniel E. Oberdick, Esquire of Blank Rome LLP, attached as Exhibit "G".

8.      Plaintiff's counsel also requested the Roosevelt Inn Defendants to answer Plaintiff's Request for Production of Documents (Set I) No. 14, which requested "any and all discovery, legal pleadings, or transcripts of testimony regarding any other civil action or other proceeding arising out of the same matter or transaction."  The request clearly covers information pertaining to declaratory actions.  The Roosevelt Inn Defendants objected to the request, failed to respond and never supplemented their response even after the filing of at least two declaratory actions involving the subject matter of this lawsuit.  See Exhibit "F".

9.      On March 8, 2019, counsel for the Roosevelt Inn Defendants forwarded a copy of the Roosevelt Inn's Answer and Third Party Complaint and Counterclaim with exhibits in one of the declaratory actions and stated that a more formal update to discovery requests would be forthcoming.  See 3/8/19 email from counsel for the Roosevelt Inn Defendants, attached as Exhibit "H".

10.      To date, the Roosevelt Inn Defendants have yet to provide written supplemental responses to Plaintiff's Interrogatories, Nos. 25 through 30 and Request for Production of Documents No. 14 (Set I).

11. Plaintiff will be unfairly prejudiced in the preparation of her case if the Roosevelt Inn Defendants do not provide supplemental responses to Plaintiff's discovery requests.

**WHEREFORE**, Plaintiff respectfully requests this Court compel the Roosevelt Inn Defendants to provide full and specific, supplemental responses, without objections, to Plaintiff's Interrogatories, Nos. 25 through 30 and Request for Production of Documents No. 14 (Set I), entering the proposed Order attached.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY: */s/Emily B. Marks*
_____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
Attorneys for Plaintiff

**KLINE & SPECTER, P.C.**                                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**To:**    Grant S. Palmer, Esquire
           James J. Quinlan, Esquire
           Daniel E. Oberdick, Esquire
           Blank Rome, LLP
           One Logan Square, 130 North 18th Street
           Philadelphia, PA 19103
           *Counsel for Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn,*
           *Inc., UFVS Management Company, LLC and Yagna Patel*

Please take notice that the following Motion:

☒    Plaintiff's Motion to Compel Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn,
        Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel
        to provide Full and Specific, Supplemental Responses to Plaintiff's
        Interrogatories, Nos. 25 through 30 and Request for Production of Documents No.
        14 (Set I)


☐    Defendant's Motion _____

will be presented to the Court on the date and time provided electronically by the Court in the
Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA.  <u>See</u> electronic
confirmation to be provided.

          */s/Emily B. Marks*                                    *3/19/19*
By:     _____          Date: _____
          EMILY B. MARKS, ESQUIRE
          Attorney I.D. No. 204405
          Telephone Number: 215.772-0524
          Address:    Kline & Specter, P.C.
                        1525 Locust Street
                        Philadelphia, PA 19102

<u>**CERTIFICATE OF SERVICE**</u>

       I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel to provide Full and Specific, Supplemental Responses to Plaintiff's Interrogatories, Nos. 25 through 30 and Request for Production of Documents No. 14 (Set I) was filed with the Court on March __19__, 2019 and served:

By electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

By: _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

*3/19/19*

Dated: _____

# Attorney Certification of Good Faith
Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

   **X**   a. He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

   Plaintiff's counsel sent follow up correspondence to defense counsel requesting Defendants' written discovery responses, to no avail.

   ☐   b. He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

**CERTIFIED TO THE COURT BY:**

*/s/Emily B. Marks*
_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion to Compel Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel to provide Full and Specific, Supplemental Responses to Plaintiff's Interrogatories, Nos. 25 through 30 and Request for Production of Documents No. 14 (Set I) are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


*/s/Emily B. Marks*

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "A"

# KLINE & SPECTER PC
### ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

NADEEM A. BEZAR

NADEEM.BEZAR@KLINESPECTER.COM

215-772-0522
FAX: 215-772-1005

May 18, 2017

***Via Email and Regular Mail***
Grant S. Palmer, Esq.
Palmer@BlankRome.com
James J. Quinlan, Esq.
Quinlan@BlankRome.com
Justina L. Byers, Esq.
Byers@BlankRome.com
Daniel E. Oberdick, Esq.
DOberdick@BlankRome.com
**BLANK ROME LLP**
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103

> **Re:** **M.B. v. Roosevelt Inn LLC, et. al.**
> **November Term 2016, Number 0259**

Dear Counsel:

Enclosed please find Plaintiff's Interrogatories (Set 1) and Requests for Production directed to your clients, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, Roosevelt Inn, LLC and Yagna Patel.

Kindly provide responses within thirty (30) days as required by the Pennsylvania Rules of Civil Procedure.

Thank you.

Very truly yours,

NADEEM A. BEZAR

NAB/cal
Encl.

# EXHIBIT "B"

**KLINE & SPECTER, P.C.**  Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| William A. Calandra, Esquire | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | CIVIL TRIAL DIVISION |
| | : | NOVEMBER TERM, 2016 |
| v. | : | |
| | : | NO. 0259 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |

## MINOR-PLAINTIFF M.B.'S INTERROGATORIES ADDRESSED TO DEFENDANT UFVS MANAGEMENT COMPANY, LLC (SET I)

Minor-Plaintiff, M.B., by and through counsel, Kline & Specter, P.C., hereby makes demand that Defendant UFVS Management Company, LLC answer the following Interrogatories pursuant to the Pennsylvania Rules of Civil Procedure.  Pennsylvania Rule of Civil Procedure § 4006 requires filing and service of your answers on Minor-Plaintiff's counsel within thirty (30) days after service of these Interrogatories.

These Interrogatories are continuing and any information secured subsequent to the filing of your Answers, which would have been includable in the Answers had it been known or available, are to be supplied by Supplemental Answers, pursuant to Pa. R. Civ. P. § 4007.4.

These Interrogatories are addressed to you as a party in this action.  Your Answers shall be based upon information known to you or in the possession of you, by your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.  These Interrogatories must be answered fully by you in writing and must be signed and verified by you.

# DEFINITIONS AND INSTRUCTIONS

1.  These Interrogatories are to be considered continuing, and therefore Answers should be modified or supplemented as further or different information is obtained.

2.  Where exact information cannot be furnished, estimated information is to be supplied. Where an estimate is used, it should be identified as such, and an explanation given regarding the basis on which the estimate was made, and the reason exact information cannot be furnished.

3.  Where knowledge, information, or the identification of documents are requested, such request includes knowledge, information, or documents in the possession of the party's answering servants, employees, agents, representatives or attorneys.

4.  The conjunctions "and" and "or" shall not be interpreted disjunctively or to exclude any information otherwise within the scope of any interrogatory.

5.  In answering the interrogatories herein, identify for each interrogatory any and all documents and persons consulted in preparing each answer.

6.  The "Complaint" refers to the Complaint filed in this action under the caption set forth above.

7.  "Describe" or "describe in detail" as used herein means to describe fully by reference to underlying facts, nor merely ultimate facts and conclusions of law, and to particularize as to time, place, and manner.

8.  "Document" as used herein refers to, without limitations, the following items in your custody or control, whether printed, recorded, or reproduced by any mechanical processes, or written or produced by hand: agreements, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations or interviews, diaries, graphs, notebooks, manuals charts, deeds, maps, computer records, minutes or meetings, photographs, films, pamphlets, tape records, advertisements, circulars, press releases, drafts, marginal comments appearing on file folders or other documents, and all other writings and records. If multiple copies of a document exist and are not identical in all respects, each non-identical document should be considered a separate document.

9.  The term "identify" when used in reference to a document means to state the date, title and nature of the document (e.g. contract, letter, memorandum, chart, etc.); the name of the author of the document and his or her home and business telephone numbers and home and business addresses; the name, home and business telephone numbers, and home and business addresses of each addressee or recipient; the present location of the document; and the name, home and business telephone numbers, and home and business addresses of any custodian of the document. The identification should be with "reasonable particularity" so as to enable the propounder to request and subpoena the production of the document under the Rules of Civil Procedure. If any such document

was, but is no longer in your control, state what disposition has been made of the document.

10. "Incidents" or "occurrences" refer to the allegations of injuries complained of as a result of the sex trafficking and/or commercial sex acts occurring at the Roosevelt Inn.

11. "Identify" when used in reference to a person means to state the person's full name, address, and telephone number; his or her occupation and the name, address, and telephone numbers of his or her employers, if known; and any family, social, recreational, professional or employment relationship. The term "identity" carries the same connotation.

12. "Including" means including but not limited to.

13. "Inspected" means visual observation and/or physical examinations of the areas in question. "Inspection" carries the same connotation.

14. The term "person" refers to the plural, as well as the singular, of any natural person, firm, corporation, association, group or organization, unless specifically otherwise stated.

15. "State," "state the basis," or "state the manner" means to describe fully all of the facts which you believe support your position or contention, to identify each factor considered by you when arriving at such position or contention, and to state why each such factor was or was not relied upon you in arriving at each such position or contention.

16. "You" refers to the answering party to which these interrogatories are addressed, your agents, servants or employees, including but not limited to any and all agents, servants or employees of Defendants Roosevelt Inn, Roosevelt Motor Inn, UFVS Management Company LLC, and Yagna Patel.

17. If any objection is asserted or document withheld under claim of privilege, please furnish the following:

    (a) Identify the Interrogatory to which an objection is asserted and identify the document withheld;

    (b) State the nature of the asserted privilege and the basis upon which it is claimed; and

    (c) Provide a description of the nature and subject matter of the information requested or the document withheld.

18. No answer is to be left blank. If the answer to an interrogatory is "none" or "unknown," such statement must be written in the answer. If the question is inapplicable, "N/A" must be written in the answer. If an answer is omitted because of the claim of privilege, the basis of the privilege is to be stated.

19. If additional space is required for an answer, attach a supplemental document which clearly identifies the Interrogatory number.

By way of further instruction, Minor-Plaintiff's Interrogatories and Request for

Production of Documents also includes a request to search any and all electronically stored

information in Defendant's possession.

## BACKGROUND AND FACTUAL INFORMATION

1. Is your name correct as it appears in the Complaint? If the answer to this Interrogatory is no, provide the correct name(s) for purposes of litigation.

2. Please identify if you are a corporation or partnership:
   a. If a corporation:
      i. registered corporation name;

      ii. principal place of business;

      iii. registered address at the time of the alleged incidents and currently; and

      iv. your relationship with the other Defendants in this litigation, if any exists.

   b. If a partnership:
      i. registered partnership name;

      ii. principal place of business;

      iii. registered address at the time of the alleged accident and currently;

      iv. the identities and residence addresses of each partner at the time of the alleged incidents and currently; and

      v. your relationship with the other Defendants in this litigation, if any exists.

3. Did you ever perform any videotaping on the premises of the Roosevelt Inn? If so, please identify:
   a. the location of the cameras;

4

     b.   the location of any tapes of video footage or how the video footage is stored; and

     c.   the duration of any videotaping.

     d.   Also please produce any footage of the premises of the Roosevelt Inn from 2013 to the present.

4. State the name and address of the person answering these Interrogatories and his/her relationship to the Defendant.

5. Identify all documents that relate to or reference Minor-Plaintiff. Please consider this a Request to Produce and attach all identified documents hereto.

6. Please identify "Abdul" as referenced in Paragraph 25 of Minor-Plaintiff's Complaint.

7. Please identify all front desk clerks at the Roosevelt Inn from 2013 to the present.

8. Other than the action herein, have you ever been a party to a lawsuit against anyone growing out of any allegations of improper sexual activity and/or commercial sexual activity. If so, for each lawsuit, state:

     a.   the date and place of the alleged incident(s);

     b.   the Court and place of filing;

     c.   the date of filing;

     d.   the names and addresses of all parties and their attorneys;

     e.   the nature and extent of the injuries;

     f.   the present status of each suit; and

g. the Court Term and Number of each such suit.

9. Did you or your representatives, servants, agents and/or employees ever make or give any statement, either verbal or written, to anyone concerning the facts, events, circumstances, conditions, or occurrences surrounding the claims at issue in this lawsuit?  If yes, state:

    a. The name and address of each person to whom such statement was made;

    b. The date of such statement;

    c. The form of each statement, whether oral, in writing, stenographic transcription, or otherwise;

    d. The name and address of each person now having possession or custody of any such statement; and the substance and content of the statement.

10. If you contend that any other party, person and/or entity is responsible for Minor-Plaintiff's injuries, damages and/or losses, then fully and specifically describe upon what conduct, acts, or omission of such party, person and/or entity you base your contention.

11. Have you, or anyone on your behalf, conducted any investigation(s) of the incidents out of which this cause of action arose? If yes, state:

    (a)  The name, address and employer of all persons who conducted any investigation(s);

    (b)  The dates of the investigation(s);

    (c)  The results of the investigation(s);

    (d)  The dates of any reports of any investigation(s) and the identity of the persons who have possession thereof; and

    (e)  Please consider this a Request to Produce your investigation reports.

6

12. State whether, within the five (5) years immediately preceding the incidents, you received any notice (actual, constructive, or inquiry) from any person or entity that sex trafficking and/or commercial sex acts were taking place on the property of the Roosevelt Inn. If yes, state:

  (a)    The date that you received notice;

  (b)    The name of the person or entity that issued the notice;

  (c)    The date the notice was issued;

  (d)    The contents of each notice;

  (e)    Any remedial or corrective measures that were taken as a result of the notice;

  (f)    The name, business address, and title of any person(s) who took the remedial or corrective measures; and

  (g)    Consider this a Request to Produce any and all notices.

13. Please identify any training sessions provided for employees, staff and/or agents of the Roosevelt Inn in regards to preventing sex trafficking or commercial sex activity.

14. Please identify any training sessions provided for employees, staff and/or agents of the Roosevelt Inn in regard to determining when to alert police about the suspicion of illegal activity at the Roosevelt Inn.

15. State the name and address of each person whom you expect to call as an expert witness at trial and state the subject matter on which the expert is expected to testify, including:

  (a)    The substance of the facts and opinions to which the expert is expected to testify and summarize the grounds for each such opinion;

  (b)    The qualifications of each expert, listing the schools attended, years of attendance, degrees received and experience in any particular field of specialization or expertise;

  (c)    The manner in which each such witness became familiar with the facts of this case; and

(d)     A bibliography of the textbooks, treatises, articles, statutes, rules, regulations, standards and other works which he or she regards as authoritative on the subject matter about which he or she will testify.

16. State separately for each person being called as an expert:

    (a)     The name and address of each professional or trade association to which s/he is a member;

    (b)     The date on which s/he became a member; and

    (c)     A description of each office s/he has held in each association.

17. State the name and address of any firm that has employed said expert for the last ten years and a detailed description of all duties at each place of employment. If the expert was self-employed, state specifically and in detail the description of his or her duties and responsibilities.

18. Identify by name, address, and business position each person, other than the experts identified above, employed by you in anticipation of this litigation or in preparation for trial who is not expected to be called by you as a witness at the trial.

19. State whether the expert has testified in court or by way of oral deposition within the past ten years. If yes, describe the court involved, date of testimony and identity of attorney calling expert as a witness.

20. Identify the names and addresses of all persons whom the expert has interviewed in order to prepare her/ his opinion.

21. Identify each person who provided any information, of whatever nature or description, relating to any of your answers to these Interrogatories.

22. State whether each answer to each Interrogatory set forth herein accurately sets forth the sum total of all facts known to you relating to the subject matter of the Interrogatory.

23. State whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only those facts that are within your personal knowledge, but also those facts that are reasonably available to you.

## INSURANCE COVERAGE, POLICIES, AND PROCEDURES

24. At the time of the incidents alleged in the Complaint, were you covered by a policy of insurance for the damages complained of by Minor-Plaintiff? If the answer is in the affirmative, please set forth the following:

    (a)     The name of the insurance company;

    (b)     Policy Number(s);

    (c)     Effective date(s); and,

    (d)     Type of coverage per person and per incident;

    (e)     Amount of coverage per person and per incident;

    (f)     If coverage is subject to an annual cap, the amount of such cap and remaining available coverage amounts.

25. State whether you were covered by or were the subject of any excess or umbrella liability insurance policy for injuries arising out of the instant cause and described in Minor-Plaintiff's Complaint. If so, state the following as to each policy of excess insurance or umbrella insurance:

    (a)     The name of the insured under the policy;

(b)     The period of the policy;

(c)     The amount of coverage provided by the policy for bodily injury liability for each person, for each occurrence and in the aggregate;

(d)     The amount of coverage remaining for satisfaction of judgment in this case;

(e)     The type of policy;

(f)     The name of the carrier by which the policy was issued.

26. State whether any Exclusion under the policy is or may be applicable to any claim presented by Minor-Plaintiff's Complaint.

27. If the Answer to Interrogatory 26 is in the affirmative, state the precise language of each Exclusion which is or may be applicable, and in summary form, the facts on the basis of which is contended each such Exclusion is or may be applicable.

28. State whether this case is being defended by the attorney who has entered his/her appearance on your behalf subject to a Reservation of Rights Agreement between you and your insurance carrier.

29. If the Answer to Interrogatory 28 is in the affirmative, as to each Reservation of Rights Agreement, state the following:

(a)     The name of each party to the Agreement;

(b)     The date the Agreement was entered into; and

(c)     According to your information, what is the stated position of the carrier as to the Reservation of Rights.

30. Identify all insurance policies under which you or any one of your employees or agents is or may be insured for liability with respect to this lawsuit. Please consider this a Request to Produce all copies of insurance policies under which you or any one of your employees or agents is or may be insured for liability with respect to this lawsuit.

31. Identify any plans, policies, and/or procedures used in regards to conducting background checks for employees, staff, and/or agents at the Roosevelt Inn.

32. Identify any plans, policies, and/or procedures used for renting rooms at the Roosevelt Inn.

33. Identify any plans, policies, and/or procedures used for renting rooms when the customer pays in cash.

34. Identify any plans, policies, and/or procedures used when a customer checks out of a room at the Roosevelt Inn.

35. Identify any plans, policies, and/or procedures used for determining when to contact police because of suspicion of illegal activity at the Roosevelt Inn.

36. Identify any plans, policies, and/or procedures used for preventing sex-trafficking or commercial sex activity at the Roosevelt Inn.

37. Identify any plans, policies, and/or procedures for training employees to prevent sex-trafficking or commercial sex activity at the Roosevelt Inn.

38. Identify any plans, policies, and/or procedures for training employees when to alert the police that there is suspicion of illegal activity at the Roosevelt Inn.

**KLINE & SPECTER, P.C.**

By: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of a true and correct copy of *Minor-Plaintiff*

*M.B.'s Interrogatories Directed to UFVS Management Company, LLC (Set I)* was made upon all

individuals listed below, by email and first class U.S. mail, postage prepaid on May 18, 2017:

Grant S. Palmer, Esq.
Palmer@BlankRome.com
James J. Quinlan, Esq.
Quinlan@BlankRome.com
Justina L. Byers, Esq.
Byers@BlankRome.com
Daniel E. Oberdick, Esq.
DOberdick@BlankRome.com
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5500


**KLINE & SPECTER, P.C.**

By: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

*Attorneys for Plaintiff*

13

# EXHIBIT "C"

**KLINE & SPECTER, P.C.**
By:     THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
215-772-1000
Attorneys for Plaintiff

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL TRIAL DIVISION<br>MACRH TERM 2017 |
| | : | |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | NO. 0259 |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |
| Defendants | : | |
| | : | |

## MINOR-PLAINTIFF M.B.'S REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT UVFS MANAGEMENT COMPANY, LLC (Set I)

Pursuant to the Pennsylvania Rules of Procedure, you are hereby requested to produce the below listed documents and/or items for purposes of discovery. Said documents or tangible things are to be produced to the offices of Kline & Specter, P.C., 1525 Locust Street, 19th Floor, Philadelphia, Pennsylvania 19102 within thirty (30) days of the date of service hereof, and supplemented thereafter in accordance with the Pennsylvania Rules of Civil Procedure.

## DEFINITIONS

1.      The word "you," "your," or "answering defendant," as used throughout, is used to indicate the person answering these requests and/or any and all agents, servants, workmen and/or employees of the answering defendant(s).

2.      The term "person" shall refer to any natural person, partnership or corporate entity, including any public agency or religious, fraternal or philanthropic organization.

3. "Defendant(s)" shall mean any officer, director, agent, managing agent, ostensible agent, apparent agent, workman and/or employees of Defendant(s) (persons or entities) who are answering these discovery requests.

4. "Plaintiff(s)," unless otherwise stated, shall refer to Minor-Plaintiff M.B.

5. "Complaint" shall mean Plaintiff's Complaint and any amended versions thereof filed in the above-captioned action.

6. Should the answering defendant(s) claim a privilege, including a claim of confidential, proprietary or peer review information, please specify the following with respect to each such document you assert such privilege:

    a.    the title, heading or caption, if any, of each such document;

    b.    the identifying number, letter or combination thereof of each such document and the significance or meaning of such number, letter or combination;

    c.    the date appearing on each such document, and if such document is not dated, the approximate date upon which such document was prepared;

    d.    the general nature of such document and the number of pages which it contains;

    e.    the name of the person who signed each document, and if any such document is unsigned, the identity of the person who wrote it;

    f.    the name of the person to whom each such document was addressed and the name of each person other than the addressee, to whom each such document or copy thereof was sent;

    g.    the name, address and place of employment of the person who has custody of each such document;

    h.    a general summary of the information contained within the document without revealing the alleged privilege; and

    i.    the name, address and place of employment of any person other than those persons listed above, who has ever seen the document, discussed the document, or to whom the contents of the document have been divulged.

7. In accordance with Rule 4009.1. of the Pennsylvania Rules of Civil Procedure, the answering defendant shall produce all documents within the party's possession, custody or control that are responsive to the individual request and/or that are identified in response to a question.

8. Wherever appropriate in these requests, the plural words herein include their singular counterparts; singular words include their plural counterparts; the present tense shall include the past tense and vice versa; and the neuter shall include both the masculine and the feminine.

9. "And" includes the disjunctive; "or" includes the conjunctive in these requests.

10. When the word "identify" is used when referring to a person or persons, defendants are required to provide the following information, as though the list set forth below is incorporated each time the word "identify" appears:

    a. full name;

    b. present or last known home address; and

    c. present or last known employer and job classification and address of said employer.

11. When the word "identify" is used when referring to a business, institution or other entity, defendants are required to supply the following information as if the list set forth below were incorporated each time the word "identify" appears:

    a. its full name;

    b. the address at the time of the event referred to in the requests;

    c. the present address; and

    d. the business purpose of the business, institution or entity.

3

12.     As used in the requests, the following words and terms shall mean and include the following:

a.      "Document" or "documents" mean the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, of all documents and electronically-stored information within the meaning of R. 4009.1 in native format with metadata, including all reasonably accessible data, such as active data in current databases and offline data or data in storage, as well as unlabelled backup media, data from a computer system where no hardware or software exists the read the data, or "deleted" data that remains in fragmented form but which would require forensic reconstruction specialists, whether written, graphic, pictorial, photographic, mechanical, taped, electronic, computerized, or otherwise, now or formerly in your possession, custody or control.

This includes, but is not limited to: papers; publications; drafts; telex messages; memoranda (whether formal, informal, to file, or otherwise); notes; notations; interviews; synopses of interviews; data; work papers; diaries; agendas; bulletins; notices; announcements; folios; inter-office communications; interdepartmental communications; intra-office and intra-departmental communications, (whether formal, informal, or otherwise); correspondence, books; transcripts; affidavits; statements; summaries; opinions; court pleadings; stenographic notes; indices; analyses; questionnaires; answers to questionnaires; telephone logs; lists; minutes of meetings and other meeting documents; test reports; performance reports and other reports; records; recordings of telephone conversations; interviews; conferences; meetings or other conversations; forms; studies; plans; specifications; evaluation; contracts; agreements; licenses; invoices; checks; drafts; vouchers; bills; receipts; desk calendars; appointment books; calculations; charts; graphs; maps; surveys; renderings; sketches; diagrams; schematics; data sheets; photographs; microfilms; price lists; brochures; pamphlets; manuals; warranties; literature; operations reports; maintenance reports; notebooks; communiques; schedules; job calendars; cash flow studies; computer studies; computer tapes and discs; e-mail; magnetic tapes; punch cards; computer printouts; data processing input and output; computer programs; computer program coding sheets; any retrievable data whether in computer storage, carded, taped, coded, or stored electrostatically, electro-magnetically or otherwise, and all transcripts thereof, programming instructions and other material necessary to understand the above-mentioned computer-related items; all other records kept by electronic, photographic, or mechanical means; all other writing; and all things similar to any of the foregoing, regardless of their author or origin, however denominated.

4

Counsel and defendants are hereby put on notice of their responsibility to preserve all electronically-stored information.

"Documents" also includes voice recordings and reproductions and film impressions of any of the aforementioned writings as well as copies of documents which are not identical duplicates of the originals and copies of documents of which the originals are not in your possession, custody or control. In case originals or original non-identical copies are not available, "document" or "documents" include copies of originals or copies of non-identical copies, as the case may be;

b.   "All documents" means every document, whether an original or a copy as above defined, known to defendants, and every such document which can be located or discovered by reasonable diligent effort; and

c.   "Knowledge" includes both first-hand and secondary knowledge (including hearsay knowledge).

13.   Whenever a request asks defendant(s) to identify or describe any document, it is intended that the answer shall state the date of such document; the general nature and description and the subject matter of such document; the identity of the person who signed or prepared such document; the identity of each person to whom the document was addressed; the fact or facts which would tend to be established by such document; and the identity of the person who has present possession, custody or control of such document.  If such document once was but is no longer in the possession, custody or control of defendant(s) or any of their representatives, state what disposition was made of it.  If an item to be described is a thing rather than a document, the answering party shall supply such information as it can regarding the thing identified.

14.   If any of these requests cannot be answered in full, please answer to the extent possible, specifying the reason for defendant's inability to answer the remainder, and stating whatever information or knowledge defendant(s) have concerning the unanswered portion.

15.   With respect to any of the following requests or parts whereof as to which any defendant, after answering, acquires additional knowledge or information, such defendant shall

5

from time to time serve on the undersigned further answers within thirty (30) days after acquiring such additional knowledge or information.

16.     If any Answer to these requests is made upon information and belief, the answering party should state, set forth and identify the course of such information and belief.

17.     If the answering party lacks the knowledge necessary to answer any of these requests, it should so state.

## INSTRUCTIONS

1.     Each paragraph and subparagraphs of the following requests should be construed independently and answered in accordance with the above definitions.  No other paragraph or subparagraph should be referred to or relied on for the purpose of limiting its scope.

2.     If any request calls for a document or non-written communication which you claim to be privileged, state the ground upon which the claim or privilege is made and identify each such document or non-written communication. In identifying such document or communication you may substitute for a summary of its contents, principal terms or provisions, a statement of the subject matter to which it relates. The fact that a request calls in part for documentation or non-written communications which you claim to be privileged is not a basis for you to fail to identify fully all documents or non-written communications called for by such requests as to which no privilege is claimed.

3.     If you have no information about the subject of a particular request, or if for some other reason you are unable to answer it, the response to that request should specifically so state. No requests should be without some response.  If you have some information responsive to a request, but you believe that further information not now available to you would also be

responsive, you should provide the information you now have and should specifically state when the balance of the information will be provided. The fact that a full answer cannot be given is not a basis for you to fail to provide such information as is available to you at the time of your response to these requests.

4.     If you refer, in your answer, to an earlier answer served by you or on your behalf in this case, refer to such earlier and/or prior answer with specificity as to the answer that is responsive, including the date of such answer, and including by reference to respective sub-parts or page number, and in addition please identify (as defined herein) that answer.

5.     Each request is continuing in nature up to and including the time of trial so as to require supplemental responses and disclosures should additional information be obtained or located such that the answers given herein were incorrect or incomplete when made.

6.     If any document (as defined herein) sought in these requests has been misplaced, destroyed, erased or cannot be located, state the following separately for each such document:

    a.    the requests to which the document is responsive;

    b.    the date of the document;

    c.    the type of document (e.g., letter, memorandum, etc.);

    d.    the subject matter of the document and its title;

    e.    all recipients of the document and the business, legal title, or position of each;

    f.    each person who authored the document and his or her business, legal title, or position;

    g.    the last known location of the document; and

    h.    the reason the document cannot be produced (e.g., misplaced, destroyed, cannot be located, etc.).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  Please provide the entire contents of any investigation file or files and any documentary materials in your possession which purport to relate to the allegations of Plaintiff's Complaint, excluding references to mental impressions, conclusions or opinions representing the value or merit of a claim or defense or respecting strategy or tactics and/or privileged communications from and to counsel.

2.  Please provide all documents which indicate each person or persons who has made a complaint or filed a lawsuit against you based on allegations of sex trafficking, human trafficking, and/or commercial sex activity, including in the jurisdiction in which the lawsuit was filed, the docket number and the disposition of the lawsuit.

3.  Please provide all documents relating to all industry or governmental standards which apply or have applied to preventing customers of the Roosevelt Inn from committing sex trafficking, human trafficking, and/or commercial sex activity, including all standards which are promulgated by local, state or federal governmental agencies, bureaus and commissions, and by all private trader industry groups.

4.  Please provide copies of all written plans, policies, and procedures regarding the prevention of sex trafficking, human trafficking, and/or commercial sex activity at the Roosevelt Inn.

5.  Please provide any documents created as part of training employees, staff, and/or agents in preventing sex trafficking, human trafficking, and/or commercial sex activity at the Roosevelt Inn.

6.  Please provide all plans, policies, and/or procedures for determining when to alert police about possible criminal activity at the Roosevelt Inn.

7. Please provide any documents created as part of training employees, staff, and/or agents in how to determine when to alert police about possible criminal activity at the Roosevelt Inn.

8. Please produce a copy of all statements which have been taken in connection with this litigation.

9. Please produce a copy of all photographs and negatives of photographs, diagrams, plans and graphic representations of the Roosevelt Inn.

10. Please produce a copy of any and all notes, diaries, or other recordings made by defendants, or any other person or entity regarding the incidents here involved as well as those events and circumstances leading up to and subsequent to the incidents as well as the injuries, complaints, conditions and losses alleged to have been sustained.

11. Please produce a copy of all exhibits which defendants intend to introduce at the time of trial in this matter.

12. Please produce any and all documents containing the names and home and business addresses of all individuals contacted as potential witnesses.

13. Please produce any and all insurance agreements which identify the liability insurance coverage applicable to this litigation. Included in this request are all primary and excess/umbrella policies.

14. Please produce any and all discovery, legal pleadings, or transcripts of testimony regarding any other civil action or other proceeding arising out of the same matter or transaction.

15. Any and all documents containing the names and home and business addresses of all individuals who will testify as Defendants' expert witnesses.

16. Please produce any and all expert reports and a copy of all documents submitted to the expert for review (not to include attorney work product), inspection notes, expert photos and calculations.

17. Please provide all reports, manuals, textbooks, policy sheets or other documents, or communications which any said expert witness has consulted in preparation for this litigation.

18. Please provide the resumes and qualification of any and all experts who will testify at trial.

19. Please produce a copy of all films, photographs, videotapes, high speed and/or reel to reel films taken by Defendants on the premises of the Roosevelt Inn from 2013 to the present.

20. Please produce a copy of all reports, studies, tests, and documents of any nature whatsoever from any time whatsoever which you contend support your defense against any of Minor-Plaintiff's claims.

21. Please produce a copy of all purchase orders, purchase receipts, cancelled checks, invoices, credit card receipts, and any document whatsoever which was made or prepared in the process of renting rooms to Minor-Plaintiff or any other person on behalf of Minor-Plaintiff.

22. Please provide any and all documents in your possession to and/or from Minor-Plaintiff.

23. Please provide any and all documents or other tangible materials of any nature whatsoever which you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

24. Please provide any records relating to "Abdul" identified in Paragraph 25 of Minor-Plaintiff's Complaint.

25. Please provide all records relating to all front desk clerks at the Roosevelt Inn from 2013 to the present.

26. Please provide any documents or communications which relate, refer, or pertain to Minor-Plaintiff, excluding references to mental impressions, conclusions or opinions representing the value or merit of the claim or respecting strategy or tactics, and/or privileged communications from and to counsel.

27. Please produce any and all documents identified by the answering defendant in said defendant(s) answers to Plaintiff's First Set of Interrogatories.


**KLINE & SPECTER, P.C.**


By:_____
       THOMAS R. KLINE, ESQUIRE
       NADEEM A. BEZAR, ESQUIRE
       EMILY B. MARKS, ESQUIRE
       Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of a true and correct copy of *Minor-Plaintiff M.B.'s Request for Production of Documents Directed to UFVS Management Company, LLC (Set I)* was made upon all individuals listed below, by email and first-class U.S. mail, postage prepaid on May 18, 2017:

Grant S. Palmer, Esq.
Palmer@BlankRome.com
James J. Quinlan, Esq.
Quinlan@BlankRome.com
Justina L. Byers, Esq.
Byers@BlankRome.com
Daniel E. Oberdick, Esq.
DOberdick@BlankRome.com
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5500


**KLINE & SPECTER, P.C.**


THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

*Attorneys for Plaintiff*

# EXHIBIT "D"



Phone:   (215) 569-5430
Fax:      (215) 832-5430
Email:   quinlan@blankrome.com

July 21, 2017

**VIA EMAIL**

Nadeem A. Bezar, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Re:   ***M.B. v. Roosevelt Inn LLC et al.***
      **Philadelphia Court of Common Pleas, March Term, 2017 No. 0712**

Dear Mr. Bezar:

Please find enclosed:

- Defendant UFVS Management Company, LLC's Objections and Responses to Minor-Plaintiff M. B.'s Interrogatories and Request for Production of Documents (Set I);

- Defendant Roosevelt Inn LLC's Objections and Responses to Minor-Plaintiff M.B.'s Interrogatories and Request for Production of Documents (Set I);

- Defendant Roosevelt Motor Inn, Inc.'s Objections and Responses to Minor-Plaintiff M.B.'s Interrogatories and Request for Production of Documents (Set I); and

- Defendant Yagna Patel's Objections and Responses to Minor-Plaintiff M.B.'s Interrogatories and Request for Production of Documents (Set I), along with Certificate of service

Very truly yours,

*James J. Quinlan*

JAMES J. QUINLAN

JJQ/mlb
Enclosures

150213.00601/105965283v.1

# EXHIBIT "E"

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com
      doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>                    Plaintiff,<br><br>      v.<br><br>ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br>JURY TRIAL DEMANDED |

## DEFENDANT UFVS MANAGEMENT COMPANY, LLC'S OBJECTIONS AND RESPONSES TO MINOR-PLAINTIFF M.B.'S INTERROGATORIES (SET I)

Defendant UFVS Management Company, LLC, as the "Answering Defendant," by and through its attorneys, Blank Rome LLP, hereby answers and objects to Minor Plaintiff M.B.'s Interrogatories as follows:

## GENERAL OBJECTIONS

1.    Answering Defendant objects to any and all Interrogatories to the extent they are overly broad, seek information that is irrelevant, will be inadmissible at trial, and are not reasonably calculated to lead to the discovery of admissible evidence.

2.    Answering Defendant objects to any and all Interrogatories to the extent they are oppressive and are propounded merely to harass or annoy Answering Defendant.

3.    Answering Defendant objects to any and all Interrogatories to the extent they seek the disclosure of material or information that is protected from discovery by the attorney-client privilege or work product doctrine.

4.    Answering Defendant objects to any and all Interrogatories to the extent they are vague and/or ambiguous.

5.    Answering Defendant objects to any and all Interrogatories to the extent they purport to require disclosure of material or information that exceeds the scope of discovery permitted under the Pennsylvania Rules of Civil Procedure.

6.    Answering Defendant objects to any and all Interrogatories to the extent they are unreasonably cumulative or duplicative, or seek material or information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

7.    Answering Defendant objects to any and all Interrogatories to the extent they seek the disclosure of material or information not within the knowledge of Answering Defendant.

8.    Answering Defendant objects to any and all Interrogatories to the extent they seek the disclosure of information already in the knowledge or possession of Plaintiff or already has been disclosed by another party in this case or the related cases.

150213.00601/105774685v.4

9.     Each of these general objections is incorporated within specific responses and objections to the Interrogatories without restatement, and each such specific response and objection is made subject to these general objections without restatement.

10.     Answering Defendant's investigation is ongoing and the answers to the Interrogatories may change, depending upon what is learned in the future. Answering Defendant therefore reserves the right to supplement, correct or amend these responses.

## SPECIFIC OBJECTIONS AND RESPONSES

## BACKGROUND AND FACTUAL INFORMATION

1.     Is your name correct as it appears in the Complaint? If the answer to this Interrogatory is no, provide the correct name(s) for purposes of litigation.

**RESPONSE:**

**Yes.**

2.     Please identify if you are a corporation or partnership:

     a.     If a corporation:

          i.     registered corporation name;

          ii.     principal place of business;

          iii.     registered address at the time of the alleged incidents and currently; and

          iv.     your relationship with the other Defendants in this litigation, if any exists.

     b.     If a partnership:

          i.     registered partnership name;

          ii.     principal place of business;

          iii.     registered address at the time of the alleged accident and currently;

          iv.     the identities and residence addresses of each partner at the time of the alleged incidents and currently; and

          v.     your relationship with the other Defendants in this litigation, if any exists.

**RESPONSE:**

3

Answering Defendant is a New York limited liability company with a business address of 287 Bowman Ave., Purchase, NY 10577. Answering Defendant objects to the undefined term "relationship" as ambiguous. Subject to that objection, Answering Defendant has no relationship to Defendant Patel and/or Defendant Roosevelt Motor Inn, Inc. By way of further response, Answering Defendant provides book keeping, tax and other administrative support services including maintaining the furniture, fixture and equipment and the infrastructure of the Roosevelt Inn Hotel, to Defendant Roosevelt Inn, LLC.

3. Did you ever perform any videotaping on the premises of the Roosevelt Inn? If so, please identify:

   a. the location of the cameras;

   b. the location of any tapes of video footage or how the video footage is stored; and

   c. the duration of any videotaping.

   d. Also please produce any footage of the premises of the Roosevelt Inn from 2013 to the present.

RESPONSE:

Objection. Answering Defendant objects to this interrogatory on the basis that it is overly broad in time and scope. Without waiving said objection, no.

4. State the name and address of the person answering these Interrogatories and his/her relationship to the Defendant.

RESPONSE:

Anthony Uzzo with the assistance of counsel.

5. Identify all documents that relate to or reference Minor-Plaintiff. Please consider this a Request to Produce and attach all identified documents hereto.

RESPONSE:

4

Objection. Answering Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome and seeks information covered by the attorney-client privilege and the work-product doctrine. Without waiving said objections, Answering Defendant is unaware of Minor Plaintiff's identity and is therefore unable to determine whether it is in possession of information responsive to this request.

6.     Please identify "Abdul" as referenced in Paragraph 25 of Minor-Plaintiff's Complaint.

**RESPONSE:**

Answering Defendant cannot meaningfully respond to the vague references in paragraph 25 of the Complaint. By way of further response, an individual named Abdul Azeez is an employee at the Roosevelt Inn. Investigation is ongoing and Answering Defendant reserves the right to supplement these responses.

7.     Please identify all front desk clerks at the Roosevelt Inn from 2013 to the present.

**RESPONSE:**

Without waiving the general objections, this Interrogatory is more appropriately directed to Defendant Roosevelt Inn, LLC.

8.     Other than the action herein, have you ever been a party to a lawsuit against anyone growing out of any allegations of improper sexual activity and/or commercial sexual activity. If so, for each lawsuit, state:

    a.     the date and place of the alleged incident(s);

    b.     the Court and place of filing;

    c.     the date of filing;

5

d.     the names and addresses of all parties and their attorneys;

e.     the nature and extent of the injuries;

f.     the present status of each suit; and

g.     the Court Term and Number of each such suit.

**RESPONSE:**

**Without waiving the general objections, no.**

9.     Did you or your representatives, servants, agents and/or employees ever make or give any statement, either verbal or written, to anyone concerning the facts, events, circumstances, conditions, or occurrences surrounding the claims at issue in this lawsuit? If yes, state:

a.     The name and address of each person to whom such statement was made;

b.     The date of such statement;

c.     The form of each statement, whether oral, in writing, stenographic transcription, or otherwise;

d.     The name and address of each person now having possession or custody of any such statement; and the substance and content of the statement.

**RESPONSE:**

**Objection. Answering Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome and seeks information covered by the attorney-client privilege and the work-product doctrine. Without waiving said objections and the general objections, no. Investigation is ongoing and Answering Defendant reserves the right to supplement these responses.**

10.     If you contend that any other party, person and/or entity is responsible for Minor-Plaintiff's injuries, damages and/or losses, then fully and specifically describe upon what conduct, acts, or omission of such party, person and/or entity you base your contention.

**RESPONSE:**

150213.00601/105774685v.4

Objection. Answering Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome and seeks information covered by the attorney-client privilege and work-product doctrine. Answering Defendant further objects to this interrogatory on the basis that it seeks Answering Defendant's mental impressions and trial strategy. Without waiving said objection, Answering Defendant is unaware of Minor Plaintiff's identity and is therefore unable to determine whether it is in possession of information responsive to this request. By way of further response, upon information and belief, Minor-Plaintiff knows the identity of her alleged traffickers.

11. Have you, or anyone on your behalf, conducted any investigation(s) of the incidents out of which this cause of action arose? If yes, state:

    a.     The name, address and employer of all persons who conducted any investigation(s);

    b.     The dates of the investigation(s);

    c.     The results of the investigation(s);

    d.     The dates of any reports of any investigation(s) and the identity of the persons who have possession thereof; and

    e.     Please consider this a Request to Produce your investigation reports.

**RESPONSE:**

Objection. Answering Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome and seeks information covered by the attorney-client privilege and work-product doctrine. Without waiving said objections, Answering Defendant is unaware of Minor Plaintiff's identity and is therefore unable to determine whether it is in possession of information responsive to this request. By way of further response, no.

150213.00601/105774685v.4

12.   State whether, within the five (5) years immediately preceding the incidents, you received any notice (actual, constructive, or inquiry) from any person or entity that sex trafficking and/or commercial sex acts were taking place on the property of the Roosevelt Inn. If yes, state:

   a.   The date that you received notice;

   b.   The name of the person or entity that issued the notice;

   c.   The date the notice was issued;

   d.   The contents of each notice;

   e.   Any remedial or corrective measures that were taken as a result of the notice;

   f.   The name, business address, and title of any person(s) who took the remedial or corrective measures; and

   g.   Consider this a Request to Produce any and all notices.

**RESPONSE:**

   **Objection. Answering Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome, vague and seeks legal conclusions. Without waiving said objection, none. By way of further response, investigation is ongoing and Answering Defendant reserves the right to supplement these responses.**

13.   Please identify any training sessions provided for employees, staff and/or agents of the Roosevelt Inn in regards to preventing sex trafficking or commercial sex activity.

**RESPONSE:**

   **Objection. Answering Defendant objects to this interrogatory on the basis that it is overly broad and vague in its use of "training sessions," "sex trafficking" and "commercial sex activity." Without waiving said objection, Answering Defendant did not employ any**

individuals that worked at the Roosevelt Inn. Answering Defendant directs Plaintiff to Defendant Roosevelt Inn LLC's discovery responses for potentially relevant information.

14.    Please identify any training sessions provided for employees, staff and/or agents of the Roosevelt Inn in regard to determining when to alert police about the suspicion of illegal activity at the Roosevelt Inn.

**RESPONSE:**

**Objection. Answering Defendant objects to this interrogatory on the basis that it is overly broad and vague in its use of "training sessions," "sex trafficking" and "commercial sex activity." Without waiving said objection, Answering Defendant did not employ any individuals that worked at the Roosevelt Inn. Answering Defendant directs Plaintiff to Defendant Roosevelt Inn LLC's discovery responses for potentially relevant information.**

15.    State the name and address of each person whom you expect to call as an expert witness at trial and state the subject matter on which the expert is expected to testify, including:

    a.    The substance of the facts and opinions to which the expert is expected to testify and summarize the grounds for each such opinion;

    b.    The qualifications of each expert, listing the schools attended, years of attendance, degrees received and experience in any particular field of specialization or expertise;

    c.    The manner in which each such witness became familiar with the facts of this case; and

    d.    A bibliography of the textbooks, treatises, articles, statutes, rules, regulations, standards and other works which he or she regards as authoritative on the subject matter about which he or she will testify.

**RESPONSE:**

**Without waiving the forgoing general objections, Answering Defendant has not yet determined what expert witnesses, if any, it intends to call at trial of this matter and such**

information will be produced in accordance with the Court's scheduling order and the Pennsylvania Rules of Civil Procedure.

16. State separately for each person being called as an expert:

    a.    The name and address of each professional or trade association to which s/he is a member;

    b.    The date on which s/he became a member; and

    c.    A description of each office s/he has held in each association.

**RESPONSE:**

    **Subject to the general objections and without waiving them, see response to no. 15 above.**

17. State the name and address of any firm that has employed said expert for the last ten years and a detailed description of all duties at each place of employment. If the expert was self-employed, state specifically and in detail the description of his or her duties and responsibilities.

**RESPONSE:**

    **Subject to the general objections and without waiving them, see response to no. 15 above.**

18. Identify by name, address, and business position each person, other than the experts identified above, employed by you in anticipation of this litigation or in preparation for trial who is not expected to be called by you as a witness at the trial.

**RESPONSE:**

    **Subject to the general objections and without waiving them, see response to no. 15 above.**

19. State whether the expert has testified in court or by way of oral deposition within the past ten years. If yes, describe the court involved, date of testimony and identity of attorney calling expert as a witness.

**RESPONSE:**

**Subject to the general objections and without waiving them, see response to no. 15 above.**

20. Identify the names and addresses of all persons whom the expert has interviewed in order to prepare her/ his opinion.

**RESPONSE:**

**Subject to the general objections and without waiving them, see response to no. 15 above.**

21. Identify each person who provided any information, of whatever nature or description, relating to any of your answers to these Interrogatories.

**RESPONSE:**

**Without waiving the forgoing general objections, Tony Uzzo with the assistance of counsel.**

22. State whether each answer to each Interrogatory set forth herein accurately sets forth the sum total of all facts known to you relating to the subject matter of the Interrogatory.

**RESPONSE:**

**Without waiving the forgoing general objections, Answering Defendant has complied with the Pennsylvania Rules of Civil Procedure in responding to Minor Plaintiff's discovery**

11

requests.    Investigation is ongoing and Answering Defendant reserves the right to supplement these responses.

23.    State whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only those facts that are within your personal knowledge, but also those facts that are reasonably available to you.

RESPONSE:

Subject to the foregoing general objections, Answering Defendant has complied with the Pennsylvania Rules of Civil Procedure in responding to Minor Plaintiff's discovery requests.    Investigation is ongoing and Answering Defendant reserves the right to supplement these responses.

INSURANCE COVERAGE. POLICIES. AND PROCEDURES

24.    At the time of the incidents alleged in the Complaint, were you covered by a policy of insurance for the damages complained of by Minor-Plaintiff?  If the answer is in the affirmative, please set forth the following:

    a.    The name of the insurance company;

    b.    Policy Number(s);

    c.    Effective date(s); and,

    d.    Type of coverage per person and per incident;

    e.    Amount of coverage per person and per incident;

    f.    If coverage is subject to an annual cap, the amount of such cap and remaining available coverage amounts.

RESPONSE:

Objection.  Answering Defendant objects to this interrogatory on the basis that it seeks a legal conclusion.  Answering Defendant further objects to this interrogatory on the

basis that it is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant information. Subject to the foregoing objections and the general objections, see documents being produced by Roosevelt Inn LLC.

25. State whether you were covered by or were the subject of any excess or umbrella liability insurance policy for injuries arising out of the instant cause and described in Minor-Plaintiff's Complaint. If so, state the following as to each policy of excess insurance or umbrella insurance:

    a.    The name of the insured under the policy;

    b.    The period of the policy;

    c.    The amount of coverage provided by the policy for bodily injury liability for each person, for each occurrence and in the aggregate;

    d.    The amount of coverage remaining for satisfaction of judgment in this case;

    e.    The type of policy;

    f.    The name of the carrier by which the policy was issued.

**RESPONSE:**

Objection. Answering Defendant objects to this interrogatory on the basis that it seeks a legal conclusion. Answering Defendant further objects to this interrogatory on the basis that it is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant information. Subject to the foregoing objections and the general objections, see documents being produced by Roosevelt Inn LLC.

26. State whether any Exclusion under the policy is or may be applicable to any claim presented by Minor-Plaintiff's Complaint.

**RESPONSE:**

150213.00601/105774685v.4

Objection. Answering Defendant objects to this interrogatory on the basis that it seeks a legal conclusion. Answering Defendant further objects to this interrogatory on the basis that it is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant information. Subject to the foregoing objections and the general objections, see documents being produced by Roosevelt Inn LLC.

27.     If the Answer to Interrogatory 26 is in the affirmative, state the precise language of each Exclusion which is or may be applicable, and in summary form, the facts on the basis of which is contended each such Exclusion is or may be applicable.

**RESPONSE:**

Objection. Answering Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant information. Subject to the foregoing objections and the general objections, see documents being produced by Roosevelt Inn LLC.

28.     State whether this case is being defended by the attorney who has entered his/her appearance on your behalf subject to a Reservation of Rights Agreement between you and your insurance carrier.

**RESPONSE:**

Objection. Answering Defendant objects to this interrogatory on the basis that it seeks a legal conclusion. Answering Defendant further objects to this interrogatory on the basis that it is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant information. By way of further response, see documents being produced by Roosevelt Inn LLC.

14

29. If the Answer to Interrogatory 28 is in the affirmative, as to each Reservation of Rights Agreement, state the following:

   a.   The name of each party to the Agreement;

   b.   The date the Agreement was entered into; and

   c.   According to your information, what is the stated position of the carrier as to the Reservation of Rights.

**RESPONSE:**

**See** response to Interrogatory No. 28.

30. Identify all insurance policies under which you or any one of your employees or agents is or may be insured for liability with respect to this lawsuit. Please consider this a Request to Produce all copies of insurance policies under which you or any one of your employees or agents is or may be insured for liability with respect to this lawsuit.

**RESPONSE:**

**Objection. Answering Defendant objects to this interrogatory on the basis that it seeks a legal conclusion. Answering Defendant further objects to this interrogatory on the basis that it is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant information. By way of further response, see documents being produced by Roosevelt Inn LLC.**

31. Identify any plans, policies, and/or procedures used in regards to conducting background checks for employees, staff, and/or agents at the Roosevelt Inn.

**RESPONSE:**

**Objection. This interrogatory is objected to on the basis that it is overly broad, unduly burdensome and seeks information irrelevant to this matter. Without waiving the**

15

forging objections, Answering Defendant has never employed any individuals that have worked at the Roosevelt Inn. Answering Defendant directs Plaintiff to Defendant Roosevelt Inn LLC's discovery responses for potentially relevant information.

32.    Identify any plans, policies, and/or procedures used for renting rooms at the Roosevelt Inn.

RESPONSE:

Objection. This interrogatory is objected to on the basis that it is overly broad and vague. Without waiving the forging objections, Answering Defendant has no information responsive to this request and directs Plaintiff to Defendant Roosevelt Inn LLC's discovery responses for potentially relevant information.

33.    Identify any plans, policies, and/or procedures used for renting rooms when the customer pays in cash.

RESPONSE:

Objection. This interrogatory is objected to on the basis that it is overly broad and vague. Without waiving the forging objections, Answering Defendant has no information responsive to this request and directs Plaintiff to Defendant Roosevelt Inn LLC's discovery responses for potentially relevant information.

34.    Identify any plans, policies, and/or procedures used when a customer checks out of a room at the Roosevelt Inn.

RESPONSE:

Objection. This interrogatory is objected to on the basis that it is overly broad and vague. Without waiving the forging objections, Answering Defendant has no information

150213.00601/105774685v.4

responsive to this request and directs Plaintiff to Defendant Roosevelt Inn LLC's discovery responses for potentially relevant information.

35.     Identify any plans, policies, and/or procedures used for determining when to contact police because of suspicion of illegal activity at the Roosevelt Inn.

**RESPONSE:**

**Objection. This interrogatory is objected to on the basis that it is overly broad and vague. Without waiving the forgoing objections, Answering Defendant has no information responsive to this request and directs Plaintiff to Defendant Roosevelt Inn LLC's discovery responses for potentially relevant information.**

36.     Identify any plans, policies, and/or procedures used for preventing sex-trafficking or commercial sex activity at the Roosevelt Inn.

**RESPONSE:**

**This interrogatory is objected to on the basis that it is overly broad and vague. Without waiving the forgoing objections, Answering Defendant has no information responsive to this request and directs Plaintiff to Defendant Roosevelt Inn LLC's discovery responses for potentially relevant information.**

37.     Identify any plans, policies, and/or procedures for training employees to prevent sex-trafficking or commercial sex activity at the Roosevelt Inn.

**RESPONSE:**

**Objection. This interrogatory is objected to on the basis that it is overly broad and vague. Without waiving the forgoing objections, Answering Defendant has no information**

17

responsive to this request and directs Plaintiff to Defendant Roosevelt Inn LLC's discovery responses for potentially relevant information.

38. Identify any plans, policies, and/or procedures for training employees when to alert the police that there is suspicion of illegal activity at the Roosevelt Inn.

**RESPONSE:**

Objection. This interrogatory is objected to on the basis that it is overly broad and vague. Without waiving the forgoing objections, Answering Defendant has no information responsive to this request and directs Plaintiff to Defendant Roosevelt Inn LLC's discovery responses for potentially relevant information.

BLANK ROME LLP

*/s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5500

Dated: July 19, 2017

150213.00601/105774685v.4

## VERIFICATION

I, ANTHONY P. UZZO, state that I am authorized to make this Verification on behalf of

UFVS Management Corp., LLC. I verify that the statements made in the foregoing Objections

and Responses to Minor Plaintiff's Discovery Requests are true and correct to the best of my

knowledge, information and belief. I understand that the statements herein are made subject to the

penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: July 21, 2017

_____
ANTHONY P. UZZO

# EXHIBIT "F"

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
         quinlan@blankrome.com
         byers@blankrome.com
         doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>Plaintiff,<br>v.<br><br>ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br>JURY TRIAL DEMANDED |

## DEFENDANT UFVS MANAGEMENT COMPANY, LLC'S OBJECTIONS AND RESPONSES TO MINOR-PLAINTIFF M.B.'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET I)

Defendant UFVS Management Company, LLC, as the "Answering Defendant," by and

through its attorneys, Blank Rome LLP, hereby answers and objects to Minor Plaintiff M.B.'s

Document Requests as follows:

## GENERAL OBJECTIONS

1.     Answering Defendant objects to any and all Document Requests to the extent they are overly broad, seek information that is irrelevant, will be inadmissible at trial, and are not reasonably calculated to lead to the discovery of admissible evidence.

2.     Answering Defendant objects to any and all Document Requests to the extent they are oppressive and are propounded merely to harass or annoy Answering Defendant.

3.     Answering Defendant objects to any and all Document Requests to the extent they seek the disclosure of material or information that is protected from discovery by the attorney-client privilege or work product doctrine.

4.     Answering Defendant objects to any and all Document Requests to the extent they are vague and/or ambiguous.

5.     Answering Defendant objects to any and all Document Requests to the extent they purport to require disclosure of material or information that exceeds the scope of discovery permitted under the Pennsylvania Rules of Civil Procedure.

6.     Answering Defendant objects to any and all Document Requests to the extent they are unreasonably cumulative or duplicative, or seek material or information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

7.     Answering Defendant objects to any and all Document Requests to the extent they seek the disclosure of material or information not within the knowledge of Answering Defendant.

8.     Answering Defendant objects to any and all Document Requests to the extent that they request the production of documents that have already been produced in this case or the related cases by one of the other parties or through a subpoena or other similar response.

2

9.    Each of these general objections is incorporated within specific responses and objections to the Document Requests without restatement, and each such specific response and objection is made subject to these general objections without restatement.

## SPECIFIC OBJECTIONS AND RESPONSES

1.    Please provide the entire contents of any investigation file or files and any documentary materials in your possession which purport to relate to the allegations of Plaintiff's Complaint, excluding references to mental impressions, conclusions or opinions representing the value or merit of a claim or defense or respecting strategy or tactics and/or privileged communications from and to counsel.

**RESPONSE:**

**Objection.  This request is objected to on the basis that it is overly broad, unduly burdensome and vague in its use of "investigation file." This request is further objected to on the basis that it seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Without waiving said objections, Answering Defendant has no responsive relevant documents in its possession.**

2.    Please provide all documents which indicate each person or persons who has made a complaint or filed a lawsuit against you based on allegations of sex trafficking, human trafficking, and/or commercial sex activity, including in the jurisdiction in which the lawsuit was filed, the docket number and the disposition of the lawsuit.

**RESPONSE:**

**Objection.  Answering Defendant objects to this request on the basis that it is overly broad, unduly burdensome, vague and seeks information irrelevant to this matter.  Without waiving said objections, none.**

3

3. Please provide all documents relating to all industry or governmental standards which apply or have applied to preventing customers of the Roosevelt Inn from committing sex trafficking, human trafficking, and/or commercial sex activity, including all standards which are promulgated by local, state or federal governmental agencies, bureaus and commissions, and by all private trader industry groups.

**RESPONSE:**

**Objection. This request is objected to on the basis that it is overly broad, unduly burdensome, vague, seeks legal conclusions and seeks information that is as available to Minor Plaintiff as it is to Answering Defendant. Investigation is ongoing and Answering Defendant reserves the right to supplement these responses.**

4. Please provide copies of all written plans, policies, and procedures regarding the prevention of sex trafficking, human trafficking, and/or commercial sex activity at the Roosevelt Inn.

**RESPONSE:**

**Objection. This request is objected to on the basis that it is overly broad, unduly burdensome and vague. Without waiving the forgoing objections, Answering Defendant has no responsive documents in its possession and directs Plaintiff to Defendant Roosevelt LLC's discovery responses for potentially relevant information.**

4

5. Please provide any documents created as part of training employees, staff, and/or agents in preventing sex trafficking, human trafficking, and/or commercial sex activity at the Roosevelt Inn.

**RESPONSE:**

**Objection. This request is objected to on the basis that it is overly broad, unduly burdensome and vague. Without waiving the forgoing objections, Answering Defendant has no responsive documents in its possession and directs Plaintiff to Defendant Roosevelt LLC's discovery responses for potentially relevant information.**

6. Please provide all plans, policies, and/or procedures for determining when to alert police about possible criminal activity at the Roosevelt Inn.

**RESPONSE:**

**Objection. This request is objected to on the basis that it is overly broad, unduly burdensome and vague. Without waiving the forgoing objections, Answering Defendant has no responsive documents in its possession and directs Plaintiff to Defendant Roosevelt LLC's discovery responses for potentially relevant information.**

7. Please provide any documents created as part of training employees, staff, and/or agents in how to determine when to alert police about possible criminal activity at the Roosevelt Inn.

**RESPONSE:**

**Objection. This request is objected to on the basis that it is overly broad, unduly burdensome and vague. Without waiving the forgoing objections, Answering Defendant has**

150213.00601/105774999v.3

no responsive documents in its possession and directs Plaintiff to Defendant Roosevelt LLC's discovery responses for potentially relevant information.

8. Please produce a copy of all statements which have been taken in connection with this litigation.

**RESPONSE:**

Objection. This request is objected to on the basis that it is overly broad, unduly burdensome and seeks information covered by the attorney-client privilege and the attorney-work product doctrine. Without waiving the foregoing objections and the general objections, none. Investigation is ongoing and Answering Defendant reserves the right to supplement these responses.

9. Please produce a copy of all photographs and negatives of photographs, diagrams, plans and graphic representations of the Roosevelt Inn.

**RESPONSE:**

Objection. This request is objected to on the basis that it is overly broad and unduly burdensome. Without waiving the forgoing objections, Answering Defendant has no relevant responsive documents in its possession and directs Plaintiff to Defendant Roosevelt LLC's discovery responses for potentially relevant information. By way of further response, investigation is ongoing and Answering Defendant reserves the right to supplement these responses.

6

10.     Please produce a copy of any and all notes, diaries, or other recordings made by defendants, or any other person or entity regarding the incidents here involved as well as those events and circumstances leading up to and subsequent to the incidents as well as the injuries, complaints, conditions and losses alleged to have been sustained.

**RESPONSE:**

**Objection.  This request is objected to on the basis that it is overly broad, unduly burdensome and seeks information covered by the attorney-client privilege and the work-product doctrine.  Without waiving said objections, Answering Defendant is unaware of Minor Plaintiff's identity and is therefore unable to determine whether it is in possession of information responsive to this request.**

11.     Please produce a copy of all exhibits which defendants intend to introduce at the time of trial in this matter.

**RESPONSE:**

**Objection.  This request is objected to on the basis that it is overly broad and unduly burdensome.  Without waiving said objections, Answering Defendant has not yet determined what exhibits, if any, it intends to introduce at trial of this matter.  Investigation is ongoing and Answering Defendant reserves the right to supplement these responses.**

12.     Please produce any and all documents containing the names and home and business addresses of all individuals contacted as potential witnesses.

7

**RESPONSE:**

Objection. This request is objected to on the basis that it is overly broad, unduly burdensome and seeks information covered by the attorney-client privilege and attorney work-product doctrine. Without waiving said objections, none at this time. Investigation is ongoing and Answering Defendant reserves the right to supplement these responses.

13. Please produce any and all insurance agreements which identify the liability insurance coverage applicable to this litigation. Included in this request are all primary and excess/umbrella policies.

**RESPONSE:**

Objection. This request is objected to on the basis that it is overly broad and unduly burdensome and not likely to lead to the discovery of relevant information. Subject to the foregoing objection and the general objections, see responses and production of Roosevelt Inn LLC.

14. Please produce any and all discovery, legal pleadings, or transcripts of testimony regarding any other civil action or other proceeding arising out of the same matter or transaction.

**RESPONSE:**

Objection. This request is objected to on the basis that it is overly broad, unduly burdensome, vague and seeks information that is equally available to Minor Plaintiff as it is to Answering Defendant. Further, this request is objected to on the basis that Answering Defendant is unaware of Minor Plaintiff's identity and is therefore unable to determine whether it is in possession of information responsive to this request.

15.     Any and all documents containing the names and home and business addresses of all individuals who will testify as Defendants' expert witnesses.

**RESPONSE:**

**Objection.  Answering Defendant objects to this request on the basis that it is overly broad, unduly burdensome and seeks information covered by the attorney-client privilege and work-product doctrine.  Without waiving the forgoing objections, Answering Defendant has not yet determined what expert witnesses, if any, it intends to call at trial of this matter and such information will be produced in accordance with the Court's scheduling order and the Pennsylvania Rules of Civil Procedure.**

16.     Please produce any and all expert reports and a copy of all documents submitted to the expert for review (not to include attorney work product), inspection notes, expert photos and calculations.

**RESPONSE:**

**Objection.  Answering Defendant objects to this request on the basis that it is overly broad and unduly burdensome.  Without waiving the forgoing objections, Answering Defendant has not yet determined what expert witnesses, if any, it intends to retain in this matter and such information will be produced in accordance with the Court's scheduling order and the Pennsylvania Rules of Civil Procedure.**

17.     Please provide all reports, manuals, textbooks, policy sheets or other documents, or communications which any said expert witness has consulted in preparation for this litigation.

150213.00601/105774999v.3

**RESPONSE:**

Objection. Answering Defendant objects to this request on the basis that it is overly broad and unduly burdensome. Without waiving the forgoing objections, see answer to Request 15, above.

18.     Please provide the resumes and qualification of any and all experts who will testify at trial.

**RESPONSE:**

Objection. Answering Defendant objects to this request on the basis that it is overly broad and unduly burdensome. Without waiving the forgoing objections, see answer to Request 15, above.

19.     Please produce a copy of all films, photographs, videotapes, high speed and/or reel to reel films taken by Defendants on the premises of the Roosevelt Inn from 2013 to the present.

**RESPONSE:**

Objection. This request is objected to on the basis that it is overly broad and unduly burdensome. Without waiving the forgoing objections, Answering Defendant has no responsive relevant records in its possession to this request and directs Plaintiff to Defendant Roosevelt Inn, LLC's discovery responses for potentially relevant information. By way of further response, investigation is ongoing and Answering Defendant reserves the right to supplement these responses.

150213.00601/105774999v.3

20.    Please produce a copy of all reports, studies, tests, and documents of any nature whatsoever from any time whatsoever which you contend support your defense against any of Minor-Plaintiff's claims.

**RESPONSE:**

**Objection. This request is objected to on the basis that it is overly broad, unduly burdensome and seeks information covered by the attorney-client privilege and the attorney work-product doctrine. Further, this request is objected to on the basis that it seeks Answering Defendant's mental-impressions and trial strategy. Without waiving the forgoing objections, Answering Defendant is unaware of Minor Plaintiff's identity and is therefore unable to determine whether it is in possession of information responsive to this request.**

21.    Please produce a copy of all purchase orders, purchase receipts, cancelled checks, invoices, credit card receipts, and any document whatsoever which was made or prepared in the process of renting rooms to Minor-Plaintiff or any other person on behalf of Minor-Plaintiff.

**RESPONSE:**

**Objection. This request is objected to on the basis that it is overly broad and unduly burdensome. Without waiving the forgoing objections, Answering Defendant is unaware of Minor Plaintiff's identity and is therefore unable to determine whether it is in possession of information responsive to this request.**

22.    Please provide any and all documents in your possession to and/or from Minor-Plaintiff.

11

**RESPONSE:**

Objection. This request is objected to on the basis that it is overly broad and unduly burdensome. Without waiving the forgoing objections, Answering Defendant is unaware of Minor Plaintiff's identity and is therefore unable to determine whether it is in possession of information responsive to this request, but directs Plaintiff to Defendant Roosevelt Inn, LLC's discovery responses for potentially relevant information.

23.    Please provide any and all documents or other tangible materials of any nature whatsoever which you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

**RESPONSE:**

Objection. This request is objected to on the basis that it is seeks information covered by the attorney-client privilege and the attorney work-product doctrine. Further, this request is objected to on the basis that it seeks Answering Defendant's mental-impressions and trial strategy. Without waiving the forgoing objection and the general objections, Answering Defendant has not yet determined what evidence, if any, it intends to introduce at trial or a deposition in this matter. By way of further response, see documents attached to Answering Defendant's discovery responses. Investigation is ongoing and Answering Defendant reserves the right to supplement these responses.

24.    Please provide any records relating to "Abdul" identified in Paragraph 25 of Minor-Plaintiff's Complaint.

150213.00601/105774999v.3

**RESPONSE:**

Objection. This request is objected to on the basis that it is overly broad and unduly burdensome. Without waiving the forgoing objection, Answering Defendant has no responsive documents in its possession. Investigation is ongoing and Answering Defendant reserves the right to supplement these responses.

25.     Please provide any records relating to all front desk clerks at the Roosevelt Inn from 2013 to the present.

**RESPONSE:**

Objection. This request is objected to on the basis that it is overly broad, unduly burdensome and not likely to lead to the discovery of relevant information. Without waiving the forgoing objection, the only records Answering Defendant would have that are potentially responsive to this Request are copies of payroll records provided to Answering Defendant by Defendant Roosevelt Inn, LLC. As such, Answering Defendant directs Plaintiff to Defendant Roosevelt Inn, LLC's discovery responses for potentially relevant information.

26.     Please provide any documents or communications which relate, refer, or pertain to Minor-Plaintiff, excluding references to mental impressions, conclusions or opinions representing the value or merit of the claim or respecting strategy or tactics, and/or privileged communications from and to counsel.

150213.00601/105774999v.3

**RESPONSE:**

Objection. This request is objected to on the basis that it is overly broad and unduly burdensome. Without waiving the forgoing objection, Answering Defendant is unaware of Minor Plaintiff's identity and is therefore unable to determine whether it is in possession of information responsive to this request.

27.    Please produce any and all documents identified by the answering defendant in said defendant(s) answers to Plaintiffs First Set of Interrogatories.

**RESPONSE:**

**None.**

**BLANK ROME LLP**

*/s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5500

Dated: July 20, 2017

14

# EXHIBIT "G"

**KLINE & SPECTER** PC
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS                                    EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

January 31, 2019

*Via Electronic & Regular Mail*
Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

     **Re:**   **M.B. v. Roosevelt Inn LLC, et al.**
           **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Counsel:

    In response to Plaintiff's discovery requests you stated that applicable excess insurance policies were attached to your client's answers. They were not. See Response to Plaintiff's Interrogatory No. 25 Set 1. Please provide any and all applicable excess insurance policies that pertain to the above-captioned matter. Additionally, please provide all reservation of rights letters and/or denials of coverage involving any excess insurance coverage. This request falls under Plaintiff's Interrogatories 26-29.

    Finally, through a random docket search, I found at least two declaratory actions filed against the Roosevelt Defendants that arise from Plaintiff's lawsuit. Your clients' were required to provide or supplement this information in response to Plaintiff's Request for Production of Documents No. 14. They did not. Please provide supplemental discovery responses accordingly.

    Thank you.

                Very truly yours,

                */s/Emily B. Marks*

                EMILY B. MARKS

EBM/cl

cc:    Thomas P. Wagner, Esquire (via e-mail)
       Robert W. Stanko, Esquire (via e-mail)
       Melanie J. Foreman, Esquire (via e-mail)

# EXHIBIT "H"

# Marks, Emily

| | |
|---|---|
| **From:** | Quinlan, James J. <Quinlan@BlankRome.com> |
| **Sent:** | Friday, March 8, 2019 2:56 PM |
| **To:** | Marks, Emily; Bezar, Nadeem |
| **Cc:** | Oberdick, Daniel |
| **Subject:** | Roosevelt Inn's Answer Third Party Complaint and Counter Claim |
| **Attachments:** | 2018.12.24 004 Roosevelt Inn_s Answer Third Party Complaint and Counter Claim.PDF |

Emily and Nadeem:

Attached is a copy of the Roosevelt's Inn's Answer, Third Party Complaint and Counter Claim in the Samsung/Nationwide and Ace.

The relevant policies for the Roosevelt are attached to this pleading as Exhibits B through F re Sony, Nationwide and Ace policies.

We will respond more formally to update our discovery requests with respect to your letter of January 31, 2019, but in the meantime, I wanted you to have the policies that would be part of the Roosevelt's supplemental responses.

Best regards,
Jim

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*

#4

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

Filed and Attested by the
Office of Judicial Records
19 MAR 2019 03:19 pm
N. TIERNEY

## ORDER

**AND NOW,** this 2nd day of April , 2019, upon consideration of Plaintiff's

Motion to Compel Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn,

Inc., UFVS Management Company LLC and Yagna Patel to Provide Full and Specific,

Supplemental Responses, without Objections, to Plaintiff's Interrogatories, Nos. 25 through 30

and Request for Production of Documents No. 14 (Set I), it is hereby,

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED.** Defendants

Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management

Company LLC and Yagna Patel shall ~~provide full and specific, supplemental responses, without~~ supplement answers to Plaintiff's Interrogatories

No. 25-30 and provide all applicable insurance policies to the extent they ~~objections, to Plaintiff's Interrogatories, Nos. 25 through 30~~ and Request for Production of exist with

a verification signed ~~Documents No. 14 (Set I) within fifteen (15) days from the date of this Order.~~ Failure to comply by the

Defendants within
three (3) weeks from
the date of this Order

with this Order may result in sanctions upon application to the Court.

**BY THE COURT:**

_____ **J.**

**MOTION SUBMITTED**

APR 02 2019

**BY AGREEMENT**

**DISCOVERY DEADLINE: OCTOBER 7, 2019**

DOCKETED
APR - 2 2019
D. STEWART
JUDICIAL RECORDS

B. Etal Vs Roosevelt Inn Llc Etal-ORDER

17030071200152

Case ID: 170300712

FILED GRAIN.
Crim E 25

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW,** this          day of                          , 2019, upon consideration of

Plaintiff's Motion to Compel the Depositions of Yagna Patel and Blanche Bersch, and any

response thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.  Counsel for

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS

Management Company, LLC and Yagna Patel, are hereby **ORDERED** to produce Yagna Patel

for a deposition on Thursday, August 1, 2019 beginning at 10:00 a.m. and Blanche Bersch for a

deposition on Friday, August 2, 2019 beginning at and 10:00 a.m.  The deposition will take place

at the law offices of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, PA 19102.  Failure

to comply with this Order may result in sanctions upon application to the Court.

**BY THE COURT:**

_____

                                                    **J.**

B. Etal Vs Roosevelt Inn Llc Etal-DSCIM

**DISCOVERY DEADLINE: October 7, 2019**

17030071200157

**KLINE & SPECTER, P.C.**                                    *Attorneys for Plaintiff*
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION TO COMPEL THE DEPOSITIONS
## OF YAGNA PATEL AND BLANCHE BERSCH

Plaintiff, by and through her counsel, hereby aver the following:

1.      This case involves the human sex trafficking of Plaintiff M.B. at the Roosevelt

Inn at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

2.      On March 15, 2019, Plaintiff's counsel sent correspondence to counsel for

Defendants requesting available dates to schedule the depositions of Yagna Patel and Blanche

Bersch who were employed by Defendants.  See 3/15/19 correspondence, attached as Exhibit

"A".

3.      On March 22, 2019, Plaintiff's counsel sent a follow-up letter regarding their

request to schedule the depositions of Yagna Patel and Blanche Bersch in March or April 2019.

See 3/22/19 correspondence, attached as Exhibit "B".

4.      On May 3, 2019, Plaintiff's counsel sent a follow-up E-Mail requesting potential

dates for these depositions.  See 5/3/19 E-Mail, attached as Exhibit "C".

5.     On May 17, 2019, Defense counsel offered June 12, 2019 for Mr. Patel's deposition. Plaintiff's counsel was unavailable on June 12, 2019 and requested an alternative date. See 5/22/19 E-Mail, attached as Exhibit "D".

6.     On May 22, 2019, Plaintiff's counsel sent a follow-up E-Mail requesting an alternative date for Mr. Patel's deposition. See 5/22/19 E-Mail, attached as Exhibit "E".

7.     On June 19, 2019, Plaintiff's counsel again sent correspondence to defense asking for dates for the depositions of Mr. Patel and Ms. Bersch. Defense counsel stated he would work on getting dates. See 6/19/19 E-Mails attached as Exhibit "F".

8.     Plaintiff's counsel has been attempting to schedule the depositions of Yagna Patel and Blanche Bersch since March 15, 2019, to no avail.

9.     To date, no dates have been offered for the deposition of Blanche Bersch and only one date has been offered for Mr. Patel's deposition that conflicted with the schedule of Plaintiff's counsel.

10.     Yagna Patel and Blanche Bersch have information that is relevant to Plaintiff's case.

11.     Plaintiff will be severely prejudiced in this matter without these deposition testimonies.

12.     Therefore, Plaintiff seeks a Court Order compelling counsel for Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, to produce Yagna Patel for deposition on Thursday, August 1, 2019 at 10:00 a.m. and Blanche Bersch for a deposition on Friday, August 2, 2019 at 10:00 a.m.

**WHEREFORE**, Plaintiff respectfully request this Honorable Court to enter the attached

Order granting Plaintiffs Motion to Compel the Depositions of Yagna Patel and Blanche Bersch.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

_____
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

**KLINE & SPECTER, P.C.**　　　　　　　　　*Attorneys for Plaintiff*
BY:　　THOMAS R. KLINE, ESQUIRE/28895
　　　　NADEEM A. BEZAR, ESQUIRE/63577
　　　　EMILY B. MARKS, ESQUIRE/204405
　　　　KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**To:**　　Grant S. Palmer, Esquire
　　　　James J. Quinlan, Esquire
　　　　Daniel E. Oberdick, Esquire
　　　　Blank Rome, LLP
　　　　One Logan Square, 130 North 18th Street
　　　　Philadelphia, PA 19103
　　　　*Counsel for Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn,*
　　　　*Inc., UFVS Management Company, LLC and Yagna Patel*

Please take notice that the following Motion:
　　☒　　Plaintiff's Motion to Compel the Depositions of Yagna Patel and Blanche Bersch
　　☐　　Defendant's Motion _____

will be presented to the Court on the date and time provided electronically by the Court in the
Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA. <u>See</u> electronic
confirmation to be provided.

By:　　_____　　　　　　Date: ___6/28/19___
　　　　EMILY B. MARKS, ESQUIRE
　　　　Attorney I.D. No. 204405
　　　　Telephone Number: 215.772-0524
　　　　Address:　　Kline & Specter, P.C.
　　　　　　　　　　1525 Locust Street
　　　　　　　　　　Philadelphia, PA 19102

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel the Depositions of Yagna Patel and Blanche Bersch was filed with the Court on June 28, 2019 and served:

By regular mail upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

KLINE & SPECTER, P.C.

By: _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Dated: _6/28/19_

# Attorney Certification of Good Faith

Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

**X**  a. He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

    Plaintiff's counsel sent follow up correspondence and e-mails to defense counsel requesting the scheduling of the deposition, to no avail.

☐  b. He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

**CERTIFIED TO THE COURT BY:**

_____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

## **VERIFICATION**

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion to Compel the Depositions of Yagna Patel and Blanche Bersch against Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "A"

**KLINE & SPECTER** pc
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

March 15, 2019

*Via Electronic & Regular Mail*
James J. Quinlan, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

> Re:  **M.B. v. Roosevelt Inn LLC, et al.**
> **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Counsel:

I am writing to schedule the depositions of the following individuals:

- Fatana Elmari
- Fred Keller
- Bibi Bogan
- Mr. Rushi
- Frida Hussein
- ▮▮▮▮▮▮▮▮▮
- ▮▮▮▮▮▮▮▮▮

I would also like to schedule the deposition of "Glen" who Thomas Ortiz identified as the other maintenance worker, during his deposition. Finally, I want to schedule the depositions of Nasika, Vesera, Alima and Lalia, as identified by Nancy Hidalgo at her deposition.

I am available on March 22, 25, 26, 29, April 2, 3, and 8, 2019 at 10:00 a.m. Please let me know what dates you are available. Thank you.

Very truly yours,

EMILY B. MARKS

EBM/jp
cc:  Nadeem A. Bezar, Esquire (via e-mail and regular mail)
    Thomas P. Wagner, Esquire (via e-mail and regular mail)
    Robert W. Stanko, Esquire (via e-mail and regular mail)
    Melanie J. Foreman, Esquire (via e-mail and regular mail)
    Daiquan Davis (via regular mail)
    Abdul Lopez (via regular mail)

# EXHIBIT "B"

**KLINE & SPECTER** pc

ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

215-772-0522
FAX: 215-772-1005

NADEEM A. BEZAR

NADEEM.BEZAR@KLINESPECTER.COM

March 22, 2019

*Via Electronic & Regular Mail*
James J. Quinlan, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

> **Re:** **M.B. v. Roosevelt Inn LLC, et al.**
> **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Counsel:

I am following up on our March 15, 2019 correspondence regarding scheduling the depositions of multiple employees of the Roosevelt Inn.

We provided you with dates for late March and early April. Please let me know what dates you are available. Thank you.

Very truly yours,

NADEEM A. BEZAR

NAB/jp
cc:   Thomas P. Wagner, Esquire (via e-mail only)
      Robert W. Stanko, Esquire (via e-mail only)
      Melanie J. Foreman, Esquire (via e-mail only)
      Daiquan Davis (via regular mail)
      Abdul Lopez (via regular mail)

# EXHIBIT "C"

# Lawson, Christie

Good Afternoon Mr. Quinlan:

I am just following up with you on potential dates for the following depositions:
- Glen (maintenance worker)
- ███████████
- Mr. Rushi

Thank you.

Christie A. Lawson
*Paralegal to Nadeem A. Bezar, Emily B. Marks and Kyle B. Nocho*
Kline & Specter, P.C.
1525 Locust Street
7th Floor
Philadelphia, PA 19102
Direct line: 215-772-0527
Fax: 215-772-0527

# EXHIBIT "D"

| | |
|---|---|
| **From:** | Marks, Emily |
| **Sent:** | Monday, May 20, 2019 2:33 PM |
| **To:** | Quinlan, James J.; Bezar, Nadeem |
| **Cc:** | Lawson, Christie |
| **Subject:** | RE: Roosevelt Depositions re June |

Jim,

I can take two of the three witnesses on June 4th.  You can choose the two witnesses, just let me know and I will send out Notices.  The third witness can be scheduled for June 12th.  We need another date for Patel's deposition.

Thank you.

*Emily B. Marks, Esq.*
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Direct Dial: 215.772.0524
Facsimile: 215.772.1005
www.klinespecter.com


**From:** Quinlan, James J. <Quinlan@BlankRome.com>
**Sent:** Friday, May 17, 2019 4:59 PM
**To:** Marks, Emily <emily.marks@klinespecter.com>; Bezar, Nadeem <nadeem.bezar@klinespecter.com>
**Subject:** Roosevelt Depositions re June

I have requests for depositions out to Rushi, Fred, Glenn and Yagna

I would like to do Glenn, Rushi and Fred on June 4 in that order.  Rushi may or may not need an interpreter.

I would like to schedule Yagna for June 12.

Assuming I can confirm (and my goal is to confirm no later than Tuesday)  - are you agreeable to my suggestions.

Thanks
Jim


**James J. Quinlan** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5430 | F: 215.832.5430 | quinlan@blankrome.com


*********************************************************************************************
******

1

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*******************************************************************************************
******

# EXHIBIT "E"

| | |
|---|---|
| **From:** | Lawson, Christie |
| **Sent:** | Wednesday, May 22, 2019 4:00 PM |
| **To:** | Quinlan, James J. |
| **Cc:** | Marks, Emily |
| **Subject:** | M.B. v. Roosevelt Inn |

Good Afternoon Mr. Quinlan:

Please let me know if you were able to confirm the following depositions:
-June 4, 2019 Deposition of 2 of the 3 witnesses (Glenn, Rushi or Fred);
-June 12, 2019 Deposition of the 3rd witness (Glenn, Rushi or Fred);
 lternate date for M

Please advise and I will issue the notices. Thank you.

Christie A. Lawson
*Paralegal to Nadeem A. Bezar, Emily B. Marks and Kyle B. Nocho*
Kline & Specter, P.C.
1525 Locust Street
7th Floor
Philadelphia, PA 19102
Direct line:  215-772-0527
Fax: 215-772-0527

# EXHIBIT "F"

**Marks, Emily**

| | |
|---|---|
| **From:** | Quinlan, James J. <Quinlan@BlankRome.com> |
| **Sent:** | Wednesday, June 19, 2019 2:46 PM |
| **To:** | Marks, Emily |
| **Subject:** | RE: MB v Roosevelt |

Emily
Just so we are on the same page, I am dealing with two former employees and one who elderly and sick. Doing my best to get them to you for a deposition - subject to my calendar as well.

As for Yagna, I did offer him in June (6/12). Your office could not accommodate, which is fine. I will work with Yagna for a July date.

I had not been focused on Blanche, though I recall you asking for the deposition. I will re-engage with her on the request.

Thank you,

Jim

**James J. Quinlan** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5430 | F: 215.832.5430 | quinlan@blankrome.com

**From:** Marks, Emily [mailto:emily.marks@klinespecter.com]
**Sent:** Wednesday, June 19, 2019 1:00 AM
**To:** Quinlan, James J. <Quinlan@BlankRome.com>
**Cc:** Lawson, Christie <christie.lawson@klinespecter.com>
**Subject:** Re: MB v Roosevelt

Jim,

If those dates don't work then I anticipate you will have alternative dates available.

As you know, we have also been asking for dates for Yagna Patel and Blanche Bersche. Can we get these scheduled for July? I am not sure how many more times my office should have to ask for date.
Thanks,
Emily

Sent from my iPhone

On Jun 18, 2019, at 11:33 PM, Quinlan, James J. <Quinlan@blankrome.com> wrote:

> Hi Emily -
> Will try to sure up one way or the other tomorrow.
>
> Jim

1

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW,** this          day of                          , 2019, upon consideration of

Plaintiff's Motion to Compel the Deposition of Kelvin Hanton, and any response thereto, it is

hereby:

   **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.  Counsel for

Defendant Alpha-Centurion Security, Inc., is hereby **ORDERED** to produce Kelvin Hanton for a

deposition on Tuesday, August 6, 2019 beginning at 10:00 a.m. The deposition will take place at

the law offices of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, PA 19102.  Failure to

comply with this Order may result in sanctions upon application to the Court.


                                        **BY THE COURT:**


                                        _____
                                                                        **J.**


**DISCOVERY DEADLINE:  October 7, 2019**

B. Etal Vs Roosevelt Inn Llc Etal-DSCIM

17030071200154

**KLINE & SPECTER, P.C.**                                    *Attorneys for Plaintiff*
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

RECEIVED

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | JUL 1 5 2019 | COURT OF COMMON PLEAS |
| v. | DISPUTE RESOLUTION CENTER | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF KELVIN HANTON

Plaintiff, by and through their counsel, hereby aver the following:

1.       This case involves the sex trafficking of Plaintiff M.B. at the Roosevelt Inn at

7630 Roosevelt Boulevard, Philadelphia, PA 19152.

2.       On May 22, 2019, Plaintiff's counsel sent correspondence to counsel for

Defendant Alpha-Centurion requesting available dates to schedule the deposition of Kelvin

Hanton. Mr. Hanton was a security guard who was employed by Defendant. See 5/22/19

correspondence, attached as Exhibit "A".

3.       On June 5, 2019 counsel for Defendant Alpha-Centurion e-mailed that Mr.

Hanton was available on June 25, 2019 for his deposition. See 6/5/19 e-mail attached as Exhibit

"B".

4.       On June 6, 2019 counsel for Plaintiff noticed the deposition of Kelvin Hanton for

Tuesday, June 25, 2019 at 10:00 a.m. See 6/6/19 correspondence attached as Exhibit "C".

5.       On June 19, 2019 counsel for the Roosevelt Defendants stated that he was

unavailable for the deposition of Alpha-Centurion employee Brian Bowens that was scheduled

for June 27, 2019 and asked for this deposition to be rescheduled. See 6/19/19 e-mail attached as Exhibit "D".

6. Counsel for Defendant Alpha-Centurion, Robert Stanko, Esquire then informed Plaintiff's paralegal, Christie Lawson that he made a mistake. Mr. Stanko would be presenting Mr. Bowen's for a deposition on June 25, 2019 and that Mr. Hanton's deposition that was noticed for Jun 27, 2019 would have to be re-scheduled due to counsel for the Roosevelt Co-defendant's scheduling conflict.

7. Counsel for Defendant Alpha-Centurion stated that Mr. Hanton was available the week of July 15, 2019. See 6/19/19 e-mail attached as Exhibit "E".

8. On June 21, 2019 Plaintiff requested a date that Mr. Hanton was available during the week of July 15, 2019. See 6/21/19 e-mail attached as Exhibit "F".

9. On June 26, 2019 and June 27, 2019 Plaintiff's counsel again e-mailed requesting a date for Mr. Hanton's deposition. See 6/26/19 e-mail attached as Exhibit "G" and 6/27/19 e-mail attached as Exhibit "H".

10. On June 28, 2019 counsel for Plaintiff noticed the deposition of Kelvin Hanton for Thursday, July 18, 2019 at 10:00 a.m. Counsel for Defendant Alpha-Centurion e-mailed that they would be unable to produce Mr. Hanton on July 18, 2019 and requested alternate dates for the week beginning July 22, 2019. See 6/28/19 correspondence attached as Exhibit "I" and e-mail attached as Exhibit "J".

11. Plaintiff's counsel, counsel for the Roosevelt Defendant and counsel for Alpha-Centurion tentatively agreed upon August 6, 2019 for Mr. Hanton's deposition. Ms. Foreman, counsel for Alpha-Centurion, was going to confirm the date with Mr. Hanton.

12.     On July 3, 2019 counsel for Defendant Alpha-Centurion e-mailed that they are working on confirming Mr. Hanton's deposition for August 6, 2019.  See 7/3/19 e-mail attached as Exhibit "K".

13.     On July 11, 2019 counsel for Plaintiff e-mailed asking if Mr. Hanton's deposition was confirmed for August 6, 2019.  Counsel for Defendant Alpha-Centurion replied that they have inquired with their client and have not heard back.  See 7/11/19 e-mail as Exhibit "L".

14.     Plaintiff's counsel has been attempting to schedule the deposition of Mr. Hanton since May 22, 2019.

15.     Kelvin Hanton has information that is relevant to Plaintiff's case.

16.     Plaintiff will be severely prejudiced in this matter without Mr. Hanton's deposition testimony.

17.     Therefore, Plaintiff seeks a Court Order compelling counsel for Defendant Alpha-Centurion to produce Kelvin Hanton for deposition on Tuesday, August 6, 2019 at 10:00 a.m.

**WHEREFORE**, Plaintiff respectfully request this Honorable Court to enter the attached Order granting Plaintiffs Motion to Compel the Deposition of Kelvin Hanton.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

**KLINE & SPECTER, P.C.**                                    *Attorneys for Plaintiff*
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**To:**        Thomas P. Wagner, Esq.
              Robert W. Stanko, Esq.
              Melanie J. Foreman, Esq.
              Marshall Dennehey Warner Coleman & Goggin
              2000 Market Street, Suite 2300
              Philadelphia, PA 19103
              *Counsel for Alpha-Centurion Security, Inc.*

Please take notice that the following Motion:
☒        Plaintiff's Motion to Compel the Deposition of Kelvin Hanton
☐        Defendant's Motion _____

will be presented to the Court on the date and time provided electronically by the Court in the Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA. <u>See</u> electronic confirmation to be provided.

By: _____          Date: _7/15/19_
      EMILY B. MARKS, ESQUIRE
      Attorney I.D. No. 204405
      Telephone Number: 215.772-0524
      Address:    Kline & Specter, P.C.
                  1525 Locust Street
                  Philadelphia, PA 19102

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel the Deposition of Kelvin Hanton was filed with the Court on July _15_, 2019 and served:

By regular mail upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

KLINE & SPECTER, P.C.

By: _____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Dated: _7/15/19_

# Attorney Certification of Good Faith

Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

    **X** a. He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

    Plaintiff's counsel sent follow up correspondence and e-mails to defense counsel requesting the scheduling of the deposition, to no avail.

    ☐ b. He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

**CERTIFIED TO THE COURT BY:**

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# **VERIFICATION**

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion to Compel the Deposition of Kelvin Hanton against Defendant Alpha-Centurion is true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "A"

**KLINE & SPECTER** PC
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

May 22, 2019

*Via Electronic & Regular Mail*
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street
Suite 2300
Philadelphia, PA 19103

      Re:   **M.B. v. Roosevelt Inn LLC, et. al.**
              **Philadelphia CCP, March Term 2017, No. 0712.**

Dear Counsel,

      I would like to take the depositions of Keith Fenneli, Brian Bowens, Michael Walker, Cap. K. Hanton, and the security officer whose name appears on the incident report attached as Exhibit "A". I am available on June 25, 26, 27 or July 9, 10, or 11. Please confirm your availability.

      Thank you.

                  Very truly yours,

                  EMILY B. MARKS

EBM/cl
Enclosures
cc:   Grant S. Palmer, Esquire (Via Electronic Mail)
      James J. Quinlan, Esquire (Via Electronic Mail)
      Daniel E. Oberdick, Esquire (Via Electronic Mail)

# EXHIBIT "B"

| | |
|---|---|
| **From:** | Stanko, Robert W. <RWStanko@MDWCG.com> |
| **Sent:** | Wednesday, June 5, 2019 3:24 PM |
| **To:** | Lawson, Christie |
| **Cc:** | Wagner, Thomas P.; Foreman, Melanie J.; Palmer@BlankRome.com; Quinlan, James J.; doberdick@blankrome.com; Marks, Emily; Bezar, Nadeem; Nocho, Kyle |
| **Subject:** | RE: M.B. v. Roosevelt, et. al. |

Emily, our client has no record of a Keith Fenneli. Michael Walker and Matt Davis (the individual who we believe signed the incident report) were employees of Alpha Centurion. We are attempting to locate them and determine their availability. We will keep you updated.

Hanton and Bowens are available June 25 and June 27. Please confirm these dates still work for you. Thanks very much.



This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to RWStanko@MDWCG.com , or by telephone at (215) 575-2807 and then delete the message and its attachments from your computer.

**From:** Stanko, Robert W.
**Sent:** Wednesday, May 29, 2019 7:45 PM
**To:** Lawson, Christie <christie.lawson@klinespecter.com>
**Cc:** Wagner, Thomas P. <TPWagner@MDWCG.com>; Foreman, Melanie J. <MJForeman@MDWCG.com>; Palmer@BlankRome.com; Quinlan, James J. <Quinlan@blankrome.com>; doberdick@blankrome.com; Marks, Emily <emily.marks@klinespecter.com>; Bezar, Nadeem <nadeem.bezar@klinespecter.com>; Nocho, Kyle <kyle.nocho@klinespecter.com>
**Subject:** Re: M.B. v. Roosevelt, et. al.

Emily, our apologies for not getting back to you on this. We are in touch with our client and will circle back with you to coordinate logistics. Any questions in the meantime, please let us know. Thanks very much.

Robert W. Stanko, Esq.

On May 22, 2019, at 5:12 PM, Lawson, Christie <christie.lawson@klinespecter.com> wrote:

Counsel:

Attached please find correspondence from Emily B. Marks.

# EXHIBIT "C"

**KLINE & SPECTER** PC
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

June 6, 2019

***Via Electronic & Regular Mail***
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street
Suite 2300
Philadelphia, PA 19103

>   Re:   **M.B. v. Roosevelt Inn LLC, et. al.**
>           **Philadelphia CCP, March Term 2017, No. 0712.**

Dear Counsel,

Enclosed are Notices of Depositions for K. Hanton and Brian Bowens on Tuesday, June 25, 2019 and Thursday, June 27, 2019 at 10:00 a.m. These depositions will take place in my office and we will provide the court reporter.

Thank you.

Very truly yours,

EMILY B. MARKS

EBM/cl
Enclosures

cc:   Grant S. Palmer, Esquire (Via Electronic Mail)
       James J. Quinlan, Esquire (Via Electronic Mail)
       Daniel E. Oberdick, Esquire (Via Electronic Mail)

# EXHIBIT "D"

**Lawson, Christie**

| | |
|---|---|
| **From:** | Marks, Emily |
| **Sent:** | Wednesday, June 19, 2019 2:54 PM |
| **To:** | Lawson, Christie |
| **Subject:** | FW: M.B. v. Roosevelt Inn, et. al. |

Fyi.

**From:** Marks, Emily
**Sent:** Wednesday, June 19, 2019 2:53 PM
**To:** Quinlan, James J. <Quinlan@BlankRome.com>; Stanko, Robert W. <RWStanko@MDWCG.com>; Wagner, Thomas P. <TPWagner@MDWCG.com>; Bezar, Nadeem <nadeem.bezar@klinespecter.com>
**Cc:** Pagan, Jessica <jessica.pagan@klinespecter.com>
**Subject:** RE: M.B. v. Roosevelt Inn, et. al.

Yes we can use 7/1 and 7/2 for Rushi/Keller and Hanton. Jim, can you confirm which date you will be producing Rushi/Keller.

Thanks,
Emily

**From:** Quinlan, James J. <Quinlan@BlankRome.com>
**Sent:** Wednesday, June 19, 2019 2:28 PM
**To:** Stanko, Robert W. <RWStanko@MDWCG.com>; Wagner, Thomas P. <TPWagner@MDWCG.com>; Marks, Emily <emily.marks@klinespecter.com>; Bezar, Nadeem <nadeem.bezar@klinespecter.com>
**Cc:** Pagan, Jessica <jessica.pagan@klinespecter.com>
**Subject:** FW: M.B. v. Roosevelt Inn, et. al.

All

I spoke to Rob about this. I now have an unavoidable conflict for the Hanton Deposition on 6/27. I am still good on 6/25 for Bowens.

Can we please reschedule; sorry for any inconvenience.

Separately, I am still attempting to produce Mr. Rushi and Mr. Keller.

Emily noted that she had 7/1 and 7/2 open. Perhaps we can use those two days for Hanton and Rushi/Keller.

Let me know.

Jim

**James J. Quinlan | BLANKROME**
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5430 | F: 215.832.5430 | quinlan@blankrome.com

1

# EXHIBIT "E"

**Lawson, Christie**

| | |
|---|---|
| **From:** | Marks, Emily |
| **Sent:** | Wednesday, June 19, 2019 3:26 PM |
| **To:** | Lawson, Christie |
| **Subject:** | FW: M.B. v. Roosevelt Inn, et. al. |

**From:** Stanko, Robert W. <RWStanko@MDWCG.com>
**Sent:** Wednesday, June 19, 2019 3:25 PM
**To:** Quinlan, James J. <Quinlan@BlankRome.com>; Marks, Emily <emily.marks@klinespecter.com>; Wagner, Thomas P. <TPWagner@MDWCG.com>; Bezar, Nadeem <nadeem.bezar@klinespecter.com>
**Cc:** Pagan, Jessica <jessica.pagan@klinespecter.com>; Foreman, Melanie J. <MJForeman@MDWCG.com>
**Subject:** RE: M.B. v. Roosevelt Inn, et. al.

7/2 does not work for any of us. We can make 7/1 work for the Roosevelt folks. Let us know if that works.

We will need to push Hanton out to the week of 7/15.



MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN
ATTORNEYS AT LAW
PA   NJ   DE   OH   FL   NY

**Robert W. Stanko**
*Attorney at Law*
bio | e-mail | website

2000 Market St.
Suite 2300
Philadelphia, PA 19103
Direct:   (215) 575-2807
Main:     (215) 575-2600
Fax:       (215) 575-0856

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to RWStanko@MDWCG.com , or by telephone at (215) 575-2807 and then delete the message and its attachments from your computer.

**From:** Quinlan, James J. <Quinlan@BlankRome.com>
**Sent:** Wednesday, June 19, 2019 3:19 PM
**To:** Marks, Emily <emily.marks@klinespecter.com>; Stanko, Robert W. <RWStanko@MDWCG.com>; Wagner, Thomas P. <TPWagner@MDWCG.com>; Bezar, Nadeem <nadeem.bezar@klinespecter.com>
**Cc:** Pagan, Jessica <jessica.pagan@klinespecter.com>
**Subject:** RE: M.B. v. Roosevelt Inn, et. al.

I would like to utilize 7/2 for the Roosevelt deps.

**James J. Quinlan | BLANKROME**
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5430 | F: 215.832.5430 | quinlan@blankrome.com

**From:** Marks, Emily [mailto:emily.marks@klinespecter.com]
**Sent:** Wednesday, June 19, 2019 2:53 PM
**To:** Quinlan, James J. <Quinlan@BlankRome.com>; Stanko, Robert W. <RWStanko@MDWCG.com>; Wagner, Thomas P. <TPWagner@MDWCG.com>; Bezar, Nadeem <nadeem.bezar@klinespecter.com>
**Cc:** Pagan, Jessica <jessica.pagan@klinespecter.com>
**Subject:** RE: M.B. v. Roosevelt Inn, et. al.

Yes we can use 7/1 and 7/2 for Rushi/Keller and Hanton. Jim, can you confirm which date you will be producing Rushi/Keller.

Thanks,
Emily

**From:** Quinlan, James J. <Quinlan@BlankRome.com>
**Sent:** Wednesday, June 19, 2019 2:28 PM
**To:** Stanko, Robert W. <RWStanko@MDWCG.com>; Wagner, Thomas P. <TPWagner@MDWCG.com>; Marks, Emily <emily.marks@klinespecter.com>; Bezar, Nadeem <nadeem.bezar@klinespecter.com>
**Cc:** Pagan, Jessica <jessica.pagan@klinespecter.com>
**Subject:** FW: M.B. v. Roosevelt Inn, et. al.

All

I spoke to Rob about this. I now have an unavoidable conflict for the Hanton Deposition on 6/27. I am still good on 6/25 for Bowens.

Can we please reschedule; sorry for any inconvenience.

Separately, I am still attempting to produce Mr. Rushi and Mr. Keller.

Emily noted that she had 7/1 and 7/2 open. Perhaps we can use those two days for Hanton and Rushi/Keller.

Let me know.

Jim

**James J. Quinlan** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5430 | F: 215.832.5430 | quinlan@blankrome.com

**From:** Lawson, Christie [mailto:christie.lawson@klinespecter.com]
**Sent:** Thursday, June 6, 2019 12:03 PM
**To:** TPWagner@MDWCG.com; Stanko, Robert W. <RWStanko@MDWCG.com>; mjforeman@mdwcg.com
**Cc:** Marks, Emily <emily.marks@klinespecter.com>; Bezar, Nadeem <nadeem.bezar@klinespecter.com>; Nocho, Kyle <kyle.nocho@klinespecter.com>; Palmer, Grant <Palmer@BlankRome.com>; Quinlan, James J. <Quinlan@BlankRome.com>; Oberdick, Daniel <DOberdick@BlankRome.com>; Pagan, Jessica <jessica.pagan@klinespecter.com>
**Subject:** M.B. v. Roosevelt Inn, et. al.

Counsel:

# EXHIBIT "F"

**Lawson, Christie**

| | |
|---|---|
| **From:** | Lawson, Christie |
| **Sent:** | Friday, June 21, 2019 8:38 AM |
| **To:** | Stanko, Robert W. |
| **Cc:** | Lawson, Christie |
| **Subject:** | M.B. v. Roosevelt |

Good Morning Mr. Stanko

Can you let me know the availability of Mr. Hanton is for the week of July 15, 2019. Thank you.

Christie A. Lawson
*Paralegal to Nadeem A. Bezar, Emily B. Marks and Kyle B. Nocho*
Kline & Specter, P.C.
1525 Locust Street
7th Floor
Philadelphia, PA 19102
Direct line: 215-772-0527
Fax: 215-772-1005

# EXHIBIT "G"

| | |
|---|---|
| **From:** | Lawson, Christie |
| **Sent:** | Wednesday, June 26, 2019 8:11 AM |
| **To:** | TPWagner@MDWCG.com |
| **Subject:** | MB v. Roosevelt |

Good Morning Mr. Wagner:

Just reaching out to try to get a date on the calendar for Mr. Hanton's deposition. Can you let me know if you are working on that or if I should reach out to Mr. Stanko's assistant. Thank you.

Christie A. Lawson
***Paralegal to Nadeem A. Bezar, Emily B. Marks and Kyle B. Nocho***
Kline & Specter, P.C.
1525 Locust Street
7th Floor
Philadelphia, PA 19102
Direct line: 215-772-0527
Fax: 215-772-1005

# EXHIBIT "H"

| | |
|---|---|
| **From:** | Lawson, Christie |
| **Sent:** | Thursday, June 27, 2019 12:13 PM |
| **To:** | Stanko, Robert W.; TPWagner@MDWCG.com |
| **Cc:** | mjforeman@mdwcg.com |
| **Subject:** | M.B. v. Roosevelt |

Good Afternoon Counsel:

Trying to get a date on the calendar for Mr. Hanton's deposition for the week of July 15.  Thank you.

Christie A. Lawson
*Paralegal to Nadeem A. Bezar, Emily B. Marks and Kyle B. Nocho*
Kline & Specter, P.C.
1525 Locust Street
7th Floor
Philadelphia, PA 19102
Direct line:  215-772-0527
Fax: 215-772-1005

# EXHIBIT I

**KLINE & SPECTER** PC
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

NADEEM A. BEZAR

NADEEM.BEZAR@KLINESPECTER.COM

215-772-0522
FAX: 215-772-1005

June 28, 2019

*Via Electronic & Regular Mail*

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Daniel E. Oberdick, Esquire
Blank Rome, LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

*Via Electronic & Regular Mail*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

Re:  **M.B. v. Roosevelt Inn LLC, et al.**
     **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Counsel,

Enclosed is a Notice of Deposition for K. Hanton scheduled for Thursday, July 18, 2019 beginning at 10:00 a.m.

Also enclosed is a Notice of Deposition for M. Davis, the security guard who completed the 1/1/2013 Incident report enclosed herein. Mr. Davis' deposition will take place on Thursday, July 18, 2019 at 2:00 p.m. Both of these depositions will take place in my office.

Thank you.

Very truly yours,

EMILY B. MARKS

EBM/cl
Enclosures




Alpha-Centurion Security, Inc.
200 - 204 West Chester Pike
Havertown, Pa. 19083
Phone: (610) 449-7840
Fax: (610) 449-2010

# Alpha-Centurion Security, Inc.

## ALPHA SECURITY SERVICES
## INCIDENT REPORT

CLIENT NAME: _Rosevelt Inn_

DATE OF REPORT: _1,4,13_

TIME OF REPORT: _4:20 am_

ADDRESS: _7600 Rosevelt Blvd_

CITY: _Philadelphia_          STATE: _P.A_      ZIP: _19152_

INCIDENT: _Fighting_

LOCATION OF INCIDENT: _2 Floor_

DESCRIPTION OF INCIDENT
WHO, WHAT, WHERE, WHEN, AND HOW ON REPORT: _Was on break from 4:10 am_
_to 4:40 am when I came everybody that was fighting was all gone_
_but management say about six half naked female was fighting on recent floor_

————————IF YOU NEED MORE SPACE USE OTHER SIDE OF PAPER————————

ACTION TAKEN:
WHO INVESTIGATED? WHO WAS NOTIFIED? _Checked all hallways and all exits_
_made sure all was lock and everybody was out hallways and in room_
_and waited in lobby for Police to come._

RECOMMENDATION: _need two S/O here cant be everywhere to big_
_and to much going on for on S/O_

SECURITY OFFICER'S SIGNATURE: _Malik Davis_

SUPERVISOR'S SIGNATURE: _Bowous B.F_
_OPSMGR ACS_
_04 JAN 2013_

**KLINE & SPECTER, P.C.**                                     *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | JURY TRIAL DEMANDED |
| | : | |

## <u>AMENDED NOTICE OF DEPOSITION</u>

**To:**   Grant S. Palmer, Esq.                Thomas P. Wagner, Esq.
       James J. Quinlan, Esq.              Robert W. Stanko, Esq.
       Justina L. Byers, Esq.              Melanie J. Foreman, Esq.
       Daniel E. Oberdick, Esq.            Marshall Dennehey Warner
       **Blank Rome LLP**                      Coleman & Goggin
       One Logan Square                    2000 Market Street, Suite 2300
       130 North 18th Street               Philadelphia, PA 19103
       Philadelphia, PA 19103              *Counsel of Defendant Alpha-*
       *Counsel for Defendants, Roosevelt Inn,*   *Centurion Security, Inc.*
       *LLC, d/b/a Roosevelt Inn and Roosevelt*
       *Inn Café, Roosevelt Motor Inn, Inc. d/b/a*
       *Roosevelt Motor Inn, UFVS Management*
       *Company, LLC and Yagna Patel*

Please take notice that Plaintiff, by and through attorneys, Kline & Specter, P.C.

will take the deposition of

### K. HANTON

on **Thursday, July 18, 2019 at 10:00 a.m.** at Kline & Specter, P.C., 1525 Locust Street,

Philadelphia, Pennsylvania 19102 before a person authorized to administer oaths pursuant to the

Pennsylvania Rules of Civil Procedure.

Pursuant to Pa. R. Civ. P. 4007.1(d)(1), the deponent is instructed to bring with her any and all notes, diagrams, statements, and other records she may have in her possession relative to the incident that occurred which is the subject of this lawsuit, including but not limited to any and all documents, writings or schedules.

The deposition will continue from day to day thereafter until completed. You are invited to attend and examine the witness if you desire.

NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Dated: 6/28/19

# EXHIBIT J

On Jun 28, 2019, at 5:00 PM, Foreman, Melanie J. <MJForeman@mdwcg.com> wrote:

Dear Counsel,

We cannot produce Mr. Hanton until at least the week following July 18.  He is getting married.  Please provide us with some alternate dates, beginning with the week of July 22, and we will find a date to accommodate.



This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to MJForeman@MDWCG.com , or by telephone at (215) 575-2694 and then delete the message and its attachments from your computer.

**From:** Lawson, Christie <christie.lawson@klinespecter.com>
**Sent:** Friday, June 28, 2019 4:47 PM
**To:** Palmer@BlankRome.com; Quinlan, James J. <Quinlan@BlankRome.com>; doberdick@blankrome.com; Wagner, Thomas P. <TPWagner@MDWCG.com>; Stanko, Robert W. <RWStanko@MDWCG.com>; Foreman, Melanie J. <MJForeman@MDWCG.com>
**Cc:** Bezar, Nadeem <nadeem.bezar@klinespecter.com>; Marks, Emily <emily.marks@klinespecter.com>; Pagan, Jessica <jessica.pagan@klinespecter.com>
**Subject:** M.B. v. Roosevelt Inn LLC, et. al.

Counsel:

Attached please find correspondence from Emily B. Marks.  Thank you.

Christie A. Lawson
*Paralegal to Nadeem A. Bezar, Emily B. Marks and Kyle B. Nocho*
Kline & Specter, P.C.
1525 Locust Street
7th Floor
Philadelphia, PA 19102
Direct line:  215-772-0527
Fax: 215-772-1005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

**********************************************************************************************
******

# EXHIBIT K

**From:** Foreman, Melanie J. <MJForeman@MDWCG.com>
**Sent:** Wednesday, July 3, 2019 1:27 PM
**To:** Marks, Emily <emily.marks@klinespecter.com>; Quinlan, James J. <Quinlan@BlankRome.com>
**Subject:** RE: M.B. v. Roosevelt Inn LLC, et. al.

Emily,

We are working to confirm Mr. Hanton for August 6th.



MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

**Melanie J. Foreman**
*Attorney at Law*
bio | e-mail | website

2300 Market St.
Suite 2300
Philadelphia, PA 19103
Direct: (215) 575-2694
Main: (215) 575-2600
Fax: (215) 575-0856

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to MJForeman@MDWCG.com , or by telephone at (215) 575-2694 and then delete the message and its attachments from

# EXHIBIT L

| | |
|---|---|
| **From:** | Stanko, Robert W. <RWStanko@MDWCG.com> |
| **Sent:** | Thursday, July 11, 2019 1:05 PM |
| **To:** | Lawson, Christie |
| **Subject:** | RE: MB v. Roosevelt |

Hi, Christine. I inquired with our client again yesterday and have not heard back. I assure you we are doing everything we can to confirm. I will circle back with all counsel as soon as we know.



This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to RWStanko@MDWCG.com , or by telephone at (215) 575-2807 and then delete the message and its attachments from your computer.

**From:** Lawson, Christie <christie.lawson@klinespecter.com>
**Sent:** Thursday, July 11, 2019 12:01 PM
**To:** Stanko, Robert W. <RWStanko@MDWCG.com>
**Subject:** MB v. Roosevelt

Good Afternoon Mr. Stanko.

Please let me know if we are confirmed for August 6, 2019 for K. Hanton. Thank you.

Christie A. Lawson
*Paralegal to Nadeem A. Bezar, Emily B. Marks and Kyle B. Nocho*
Kline & Specter, P.C.
1525 Locust Street
7th Floor
Philadelphia, PA 19102
Direct line: 215-772-0527
Fax: 215-772-1005

*:16©9AM*

*Rm-625*

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## <u>ORDER</u>

**AND NOW,** this 16 day of July, 2019, upon consideration of

Plaintiff's Motion to Compel the Depositions of Yagna Patel and Blanche Bersch, and any

response thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED.** Counsel for

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS

Management Company, LLC and Yagna Patel, are hereby **ORDERED** to produce Yagna Patel

for a deposition on Thursday, August 8, 2019 beginning at 10:00 a.m. and Blanche Bersch for a

deposition on ~~Friday, August 2, 2019~~ September 11, 2019 beginning at ~~and 10:00 a.m.~~ 12:00 pm EST. of Yagna Patel. The deposition will take place The deposition

at the law offices of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, PA 19102. Failure Blanche Be

to comply with this Order may result in sanctions upon application to the Court. will take place at the Los Angeles office Blank Rome and by video conf

**BY THE COURT:**

_____

**J.**

MOTION SUBMITTED

JUL 16 2019

BY AGREEMENT

**DISCOVERY DEADLINE: October 7, 2019**

B. Etal Vs Roosevelt Inn Llc Etal-ORDER

*17030071200155*

# KLINE & SPECTER PC

ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

NADEEM A. BEZAR

NADEEM.BEZAR@KLINESPECTER.COM

215-772-0522
FAX: 215-772-1005

June 28, 2019

*Via Electronic & Regular Mail*

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Daniel E. Oberdick, Esquire
Blank Rome, LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

> **Re:   M.B. v. Roosevelt Inn LLC, et al.**
> **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Counsel,

Enclosed is a time-stamped Motion to Compel the Depositions of Yagna Patel and Blanche Bersch. The hearing is scheduled for July 16, 2019 at 9:00 a.m. in Courtroom 625.

Thank you.

Very truly yours,

EMILY B. MARKS

EBM/cl
Enclosures


cc:    Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire

PENNSYLVANIA COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
31 JUL 2019 02:51 pm
A. STAMATO

M.B., minor by her Guardian William A Calandra, Esquire
vs.
Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe,
et al.

Court of Common Pleas
170300712

**NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO
RULE 4009.21**

| Provider: | Record Type: |
|---|---|
| Alexandra Schieber | All available |

TO: Nadeem Bezar, Esquire

note: please see enclosed list of all other interested counsel

Litigation Solutions, LLC ('LSLLC') on behalf of Daniel Oberdick intends to serve a subpoena identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If the twenty day notice period is waived or if no objection is made, then the subpoena may be served.

Date of Issue: 07/10/2019
CC: Daniel Oberdick of Blank Rome LLP - Court of Common Pleas

Litigation Solutions, LLC on behalf of:
Daniel Oberdick
Defense

If you have any questions regarding this matter, please contact:
Litigation Solutions, LLC (412.263.5656)
Brentwood Towne Centre
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227

**COUNSEL LISTING FOR M.B., MINOR BY HER GUARDIAN WILLIAM A CALANDRA, ESQUIRE VS. ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFE, ET AL.**

## County of Philadelphia Court of Common Pleas

| Counsel | Firm | Counsel Type |
|---|---|---|
| Bezar, Esquire, Nadeem | 1525 Locust Street<br>Philadelphia, PA 19102<br>P: 215-772-1000 F: 215-772-1005 | Opposing Counsel |
| Wagner, Thomas P. | 2000 Market Street Suite 2300<br>Philadelphia, PA 19103<br>P: 215-575-2600 F: 215 575-0856 | Other |

COUNTY OF PHILADELPHIA

M.B., minor by her Guardian William A Calandra, Esquire
vs.
Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe,
et al.

Court of Common Pleas

170300712

**Request For Records Copies Related To Subpoena Document Request**

| Provider: | Copy Sets Requested: |
|---|---|
| Alexandra Schieber | |

Please return this completed form to Litigation Solutions, LLC. Please be advised that Litigation Solutions, LLC requires prepayment for all requested records above. Therefore, once the requested records are obtained an invoice for prepayment will be generated and sent directly to your attention. This prepayment includes a $5.00 administrative fee. Once payment has been received the records will be promptly forwarded to your attention.

If you should happen to have any questions or concerns regarding this matter, please don't hesitate to contact Beth Benson at 412-253-1099 or fax at 412-246-9106, , 412.882.3477.

Date of Issue: 07/10/2019

M.B., minor by her Guardian William A Calandra, Esquire

*Plaintiff*

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe, et al

*Defendant*

Court of Common Pleas

March _____ Term, 20 17

No. 04725

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: Alexandra Schieber

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things: see attached rider for instructions.

at Litigation Solutions, LLC, 101 Towne Square Way, Suite 251 Pittsburgh, PA 15227

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

This subpoena was issued at the request of the following person:

Date: 7-10-2019

Name: Daniel Oberdick, Esquire
Address: 130 North 18th St., One Logan Square
Philadelphia, PA 19103
Telephone: 215-569-5500
Supreme Court ID#: 309676
Attorney for: Defense

BY THE COURT:
ERIC FEDER

PRO _____

10-238 (Rev. 12/99)

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Alexandra Schieber
1316 W. Ontario Street Jones Hall, 1st Floor
Philadelphia PA 19140
Attention: Records Department

Subject:

**Requested Items:**
Please remit any and all documents for the past 10 years related to M.B., d/o/b 09/03/1999, including but not limited to treatment records, medical records, x-rays, notes and correspondence.

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

**CONTROL NUMBER:**

19080412

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

### FOR COURT USE ONLY

| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |
|---|---|
| | 08/22/2019 |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response. Status may be obtained online at http://courts.phila.gov*

March Term, 2017
*Month*     *Year*
No.    00712

B. ETAL VS ROOSEVELT INN LLC ETAL

Name of Filing Party:

M. B.-PMNR

**INDICATE NATURE OF DOCUMENT FILED:**

- ☐ Petition *(Attach Rule to Show Cause)*  ☒ Motion
- ☐ Answer to Petition  ☐ Response to Motion

Has another petition/motion been decided in this case? ☐ Yes ☐ No
Is another petition/motion pending? ☐ Yes ☒ No

*If the answer to either question is yes, you must identify the judge(s):*

| TYPE OF PETITION/MOTION (see list on reverse side) | PETITION/MOTION CODE (see list on reverse side) |
|---|---|
| MISCELLANEOUS MOTION/PETITION | MTMIS |

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

## I. CASE PROGRAM

DAY FORWARD/MAJOR JURY PROGRAM

Name of Judicial Team Leader: JUDGE SHELLEY ROBINS-NEW

Applicable Petition/Motion Deadline: N/A

Has deadline been previously extended by the Court: YES

## II. PARTIES *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

NADEEM A BEZAR
  KLINE & SPECTER, P.C. 1525 LOCUST
  STREET , PHILADELPHIA PA 19102
JUSTINA L BYERS
  ONE LOGAN SQUARE , PHILADELPHIA PA
  19103
THOMAS P WAGNER
  MARSHALL DENNEHEY WARNER COLEMAN &
  GOGGIN 2000 MARKET STREET, 23RD FLOOR
  , PHILADELPHIA PA 19103
DAIQUAN DAVIS
  FEDERAL DETENTION CENTER PO BOX 9000
  72304-66 , BERLIN NH 03570
ABDUL LOPEZ
  TUCSON US PENITENTIARY INMATE
  MAIL/PARCELS 69643-066 PO BOX 24550 ,
  TUCSON AZ 85734

## III. OTHER

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

August 2, 2019     EMILY B. MARKS

*(Attorney Signature/Unrepresented Party)*    *(Date)*    *(Print Name)*    *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

NOAH MARLIER
  7 NESHAMINY INTERPLEX SUITE 200 ,
  TREVOSE PA 19053

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2019, upon consideration of

Plaintiff's Motion for Leave to File a Third Amended Complaint, and any response thereto, it is

hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.

It is further **ORDERED** that Plaintiff may file a Third Amended Complaint consistent with

the proposed Third Amended Complaint, as attached to Plaintiff's Motion as Exhibit "B".

**BY THE COURT:**

_____
J.

**KLINE & SPECTER, P.C.**          Attorneys for Plaintiff
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

     1.    This case involves the sex trafficking of Plaintiff, M.B. at the Roosevelt Inn motel when she was 14 years-old.

     2.    Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (hereinafter "Roosevelt Defendants") as the owners, operators and managers of the Roosevelt Inn. Plaintiff's Complaint includes claims against the Roosevelt Defendants for violation of the Pennsylvania Human Trafficking Law, premise liability and negligent security.

     3.    During discovery, Plaintiff learned that Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn during the time Plaintiff was trafficked.

     4.    Plaintiff sought to file an Amended Complaint to join Alpha-Centurion Security, Inc. as an additional lawsuit.

     5.    Per Pennsylvania Rule of Civil Procedure 1033 a party, either by filed consent of the adverse party or by leave of court, may amend a pleading.

6.     The Roosevelt Defendants stipulated and consented to Plaintiff filing an Amended Complaint to join Alpha-Centurion Security, Inc. as an additional defendant.

7.     On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

8.     On August 27, 2018, Plaintiff, with leave of court, filed a Second Amended Complaint to: 1) change the caption to remove reference to M.B. as a minor as she turned 18 years old and a Guardian Ad Litem was no longer necessary; 2) add factual averments surrounding Plaintiff being trafficked at the Roosevelt Inn; 3) add additional averments of negligence against the Roosevelt Defendants and; 4) remove a claim against additional Defendant Alpha-Centurion Security, Inc. under the Pennsylvania Human Trafficking Law. See Second Amended Complaint attached as Exhibit "A".

9.     Plaintiff now seek leave to file a Third Amended Complaint simply to remove some factual averments surrounding the sex trafficking of Plaintiff that were included in the Second Amended Complaint.

10.    The revisions in the Third Amended Complaint do not add any parties or theories of liability and will not cause prejudice to any of the parties in this lawsuit. See Proposed Third Amended Complaint attached as Exhibit "B".

11.    Plaintiff therefore, seeks permission from this Court to file a Third Amended Complaint.

12.    Long-standing and well established Pennsylvania law makes clear that this Court should permit the Plaintiffs to amend their Complaint. Specifically, Pennsylvania Rule of Civil Procedure 1033 states:

A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise

amend a pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa. R. Civ. P. 1033.

13.　　In interpreting this Rule, courts in this Commonwealth have long held that leave to amend a pleading should be liberally granted at any stage of the litigation unless the amendment will violate the law or prejudice the opposing party. *See Berman v. Herrick*, 227 A.2d 840 (Pa. 1967); *Capobianchi v. Bic Corp.*, 666 A.2d 344, 345 (Pa. Super. 1995); *Gutierrez v. Pennsylvania Gas & Water Co.*, 507 A.2d 1230, 1232 (Pa. Super. 1986); *Gallo v. Yamaha Motor Corp., U.S.A.*, 335 Pa. Super. 311, 313, 484 A.2d 148, 150 (1984).

14.　　Indeed in *Capobianchi* the Superior Court explained that pursuant to Pa. R. Civ. P. 1033 courts should liberally grant leave to amend "after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom." *Capobianchi* at 345 (*quoting Biglan v. Biglan*, 479 A.2d 1021, 1025-1026 (Pa. Super. 1984).

15.　　Moreover, in *Gutierrez* the Superior Court stated:

It is well-settled that the decision to grant or deny permission to amend a pleading is a matter of judicial discretion. However, this discretion is not unfettered. Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits. Amendments should be allowed with great liberality at any stage of the case unless they violate the law or prejudice the rights of the opposing party.

*Gutierrez*, 507 A.2d at 1232 (internal citations omitted).

Case ID: 170300712
Control No.: 19080412

16. In determining whether the opposing party will be prejudiced by an amendment, Pennsylvania courts have made clear that: "prejudice must be something more than a detriment to the other party, for to make an advantage operate as a bar to amendment would be 'to destroy the right to amend except in cases when the moving party would have no reason to amend.'" *Id.* at 1233 (citing *Tanner v. Allstate Insurance Co.* 467 A.2d 1164 (Pa. Super. 1983); *Sands v. Forrest*, 434 A.2d 122, 125 (Pa. Super 1981)).

17. Moreover, our jurisprudence has made clear that: "the mere fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend . . . ." *Capobianchi,* 666 A.2d at 346 (*quoting James A. Mann, Inc. v. Upper Darby School Dist.*, 513 A.2d 528, 531 (Pa. Commw. Ct. 1986).

18. Furthermore, in *Gutierrez* the Superior Court explained that "a trial court's denial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion." *Gutierrez*, 507 A.2d at 1233.

19. In sum, it is a firmly entrenched principle of Pennsylvania law that: "in the absence of a proper and compelling ground for refusing the amendment, the lower court should grant leave to amend." *Id.*

20. In the instant case, Plaintiff's proposed amendments are clearly within those permitted pursuant to Rule 1033 allowing amendments to a pleading.

21. No party will suffer prejudice by the amendments to the Complaint, and amendment of the Complaint will not violate the law.

22.     The filing of a Third Amended Complaint will not delay trial this case is not expected to be ready for trial until April 6, 2020 nor will the filing impact the discovery deadline which is not set expire until October 7, 2019.

23.     In addition, the statute of limitations has not passed for any of the Plaintiff's claims.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter the attached Order granting Plaintiff leave to file a Third Amended Complaint in the above-captioned matter.


**KLINE & SPECTER, P.C.**

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

**KLINE & SPECTER, P.C.**                              Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

**I.    PRELMINARY STATEMENT**

Plaintiff seeks leave to file a Third Amended Complaint. The Third Amended Complaint does not add any additional defendants nor does it raise any new causes of action. Instead, the Third Amended Complaint merely removes some factual averments surrounding the sex trafficking of Plaintiff at the Roosevelt Inn. There is no prejudice to any of the parties and the filing of an Amended Complaint will not cause any delay of this case. Further, the statute of limitations has not passed for any of Plaintiff's claims.

**II.    QUESTION PRESENTED**

Whether Plaintiff should be permitted to amend her Complaint pursuant to Rule 1033 of the Pennsylvania Rule of Civil Procedure.

**Suggested Answer:** Yes, because Pennsylvania amendments must be freely and liberally permitted at any point during the litigation; and none of the Defendants are prejudiced by the amendments.

Case ID: 170300712
Control No.: 19080412

## III.    BRIEF FACTUAL AND PROCEDURAL HISTORY

This case involves the sex trafficking of Plaintiff, M.B. at the Roosevelt Inn motel when she was 14 years-old. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (hereinafter "Roosevelt Defendants") as the owners, operators and managers of the Roosevelt Inn. Plaintiff's Complaint includes claims against the Roosevelt Defendants for violation of the Pennsylvania Human Trafficking Law, premise liability and negligent security.

During discovery, Plaintiff learned that Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn during the time Plaintiff was trafficked.  Plaintiff sought to file an Amended Complaint to join Alpha-Centurion Security, Inc. as an additional lawsuit.   Per Pennsylvania Rule of Civil Procedure 1033 a party, either by filed consent of the adverse party or by leave of court, may amend a pleading.  The Roosevelt Defendants stipulated and consented to Plaintiff filing an Amended Complaint to join Alpha-Centurion Security, Inc. as an additional defendant.  On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

On August 27, 2018, Plaintiff, with leave of court, filed a Second Amended Complaint to: 1) change the caption to remove reference to M.B. as a minor as she turned 18 years old and a Guardian Ad Litem was no longer necessary; 2) add factual averments surrounding Plaintiff being trafficked at the Roosevelt Inn; 3) add additional averments of negligence against the Roosevelt Defendants and; 4) remove a claim against additional Defendant Alpha-Centurion Security, Inc. under the Pennsylvania Human Trafficking Law.  See Second Amended Complaint attached as Exhibit "A".

Plaintiff now seek leave file a Third Amended Complaint simply to remove some factual averments surrounding the sex trafficking of Plaintiff that were included in the Second Amended Complaint. The revisions in the Third Amended Complaint do not add any parties or theories of liability and will not cause prejudice to any of the parties in this lawsuit. See Proposed Third Amended Complaint attached as Exhibit "B". Plaintiff therefore, seeks permission from this Court to file a Third Amended Complaint.

## III. NONE OF THE DEFENDANTS WILL BE PREJUDICED BY THE FILING OF PLAINTIFF'S SECOND AMENDED COMPLAINT AND AMENDMENTS MUST BE FREELY AND LIBERALLY PERMITTED

Long-standing and well established Pennsylvania law makes clear that this Court should permit the Plaintiffs to amend their Complaint. Specifically, Pennsylvania Rule of Civil Procedure 1033 states:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend a pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa. R. Civ. P. 1033.

In interpreting this Rule, courts in this Commonwealth have long held that leave to amend a pleading should be liberally granted at any stage of the litigation unless the amendment will violate the law or prejudice the opposing party. See Berman v. Herrick, 227 A.2d 840 (Pa. 1967); Capobianchi v. Bic Corp., 666 A.2d 344, 345 (Pa. Super. 1995); Gutierrez v. Pennsylvania Gas & Water Co., 507 A.2d 1230, 1232 (Pa. Super. 1986); Gallo v. Yamaha Motor Corp., U.S.A., 335 Pa. Super. 311, 313, 484 A.2d 148, 150 (1984).

Indeed in Capobianchi the Superior Court explained that pursuant to Pa. R. Civ. P. 1033 courts should liberally grant leave to amend "after pleadings are closed, while a motion for

judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom." *Capobianchi* at 345 (*quoting Biglan v. Biglan*, 479 A.2d 1021, 1025-1026 (Pa. Super. 1984). Moreover, in *Gutierrez* the Superior Court stated:

> It is well-settled that the decision to grant or deny permission to amend a pleading is a matter of judicial discretion. However, this discretion is not unfettered. Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits. Amendments should be allowed with great liberality at any stage of the case unless they violate the law or prejudice the rights of the opposing party.

*Gutierrez*, 507 A.2d at 1232 (internal citations omitted).

In determining whether the opposing party will be prejudiced by an amendment, Pennsylvania courts have made clear that: "prejudice must be something more than a detriment to the other party, for to make an advantage operate as a bar to amendment would be 'to destroy the right to amend except in cases when the moving party would have no reason to amend.'" *Id.* at 1233 (citing *Tanner v. Allstate Insurance Co.* 467 A.2d 1164 (Pa. Super. 1983); *Sands v. Forrest*, 434 A.2d 122, 125 (Pa. Super 1981)).

Moreover, our jurisprudence has made clear that: "the mere fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend . . . ." *Capobianchi*, 666 A.2d at 346 (*quoting James A. Mann, Inc. v. Upper Darby School Dist.*, 513 A.2d 528, 531 (Pa. Commw. Ct. 1986).

Furthermore, in *Gutierrez* the Superior Court explained that "a trial court's denial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion." *Gutierrez*, 507 A.2d at 1233. In sum, it is a firmly entrenched principle of Pennsylvania law that: "in the absence of a proper and compelling ground for refusing the amendment, the lower court should grant leave to amend." *Id.*

Case ID: 170300712
Control No.: 19080412

In the instant case, Plaintiff's proposed amendments are clearly within those permitted pursuant to Rule 1033 allowing amendments to a pleading. No party will suffer prejudice by the amendments to the Complaint, and amendment of the Complaint will not violate the law. Trial will not be delayed since more than three months of discovery remain in this action and there are no new defendants or causes of action being added. In addition, the statute of limitations has not passed for any of Plaintiff's claims.

## IV.    CONCLUSION

For all the aforementioned reasons, Plaintiff respectfully requests this Honorable Court to enter the attached Order granting Plaintiff leave to file a Third Amended Complaint in the above-captioned matter.

**KLINE & SPECTER, P.C.**

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion For Leave to file a Third Amended Complaint was filed with the Court on August 2, 2019 and served:

By regular mail upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

By: _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Dated: _____812/19_____

## **VERIFICATION**

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for the Plaintiff in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion for Leave to File Third Amended Complaint, are true and correct to the best of my knowledge, information and belief.

The undersigned that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
EMILY B. MARKS, ESQUIRE

# EXHIBIT A

Case ID: 170300712
Control No.: 19080412

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
27 AUG 2018 10:36 am
E. HAURIN

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA  19102 | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | MARCH TERM, 2017 |
| | : | NO.: 00712 |
| V. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA  19073 | : | |

Case ID: 170300712
Case ID: 170300712
Control No.: 19080412

Defendants                    :

_____

**<u>NOTICE TO DEFEND</u>**

<table>
<tr><td align="center"><b>NOTICE</b></td><td align="center"><b>AVISO</b></td></tr>
<tr><td>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objection to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

</td><td>

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

</td></tr>
<tr><td>

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

</td><td>

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. <u>ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.</u>

</td></tr>
<tr><td>

<u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.</u>

<u>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u>

</td><td>

<u>SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.</u>

</td></tr>
<tr><td align="center">

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**
**TTY(215) 451-6197**

</td><td align="center">

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA 19107**
**Telefono: (215) 238-6333**
**TTY(215) 451-6197**

</td></tr>
</table>

Case ID: 170300712

Case ID: 170300712
Control No.: 19080412

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiff
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.:00712 |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |

Case ID: 170300712

Case ID: 170300712
Control No.: 19080412

Defendants   :
                                                           

## PLAINTIFF'S SECOND AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1. Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2. Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center. Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3. In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

## THE PARTIES

4. Plaintiff, M.B., was born on September 3, 1999 and is one of the thousands of victims of human trafficking in the United States. In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation. Plaintiff resides in Philadelphia County, Pennsylvania. Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5. Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she

Case ID: 170300712
Case ID: 170300712
Control No.: 19080412

was fourteen (14) years old. See also Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6.   Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware. At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.   Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.   Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.   Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152. Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.   Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.   Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn

located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12.     Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

13.     Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn and assumed responsibility for ensuring the safety and well-being of individuals lawfully on the premises, including Plaintiff, M.B.

14.     Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County.  Venue is also proper in this case because Pennsylvania's human trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to bring suit in the county in which the victim resides.  Plaintiff M.B. resides in Philadelphia County.  Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

15.     At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency,

master-servant, respondent superior and/or right of control.

16. At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

17. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

18. At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

19. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

20. At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

21. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor

Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

22.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

23.     At all material times hereto, Defendants Roosevelt, Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

24.     At all material times hereto, Defendant Alpha-Centurion Security, Inc. knowingly provided its security and related services at the Roosevelt Inn, while having knowledge of the commercial sex acts occurring on the premises of the Roosevelt Inn.

## OPERATIVE FACTS

25.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3011, et. seq. it is a felony to recruit, entice, solicit, harbor, or transport a minor which results in the minor being subjected to sexual servitude.

26.     Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees.  Hotels and motels are a convenient place for customers to purchase sex to avoid detection.  Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

27.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn.  From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

28.     While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

29.     Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

30.     Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

31.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3051, a person or entity can be civilly liable for knowingly marketing or providing its goods or services to a sex trafficker.

32.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

33.     Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

34.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

35.     By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and well-being of individuals lawfully present at the Roosevelt Inn, including Plaintiff.

36..    It is believed and therefore averred that all of the responsibilities as aforesaid were well within the scope of the contractual responsibilities promised and undertaken by Defendant Alpha-Centurion Security, Inc. as part of its agreement to provide security services on the premises of the Roosevelt Inn.

37.     Defendant Alpha-Centurion Security, assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

38.     Having undertaken responsibilities as aforesaid, Defendant Alpha-Centurion Security owed a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

39.     Defendant Alpha-Centurion Security, Inc. provided security services, while traffickers used the rooms at the Roosevelt Inn to engage in commercial sex acts with Plaintiff when she was a minor.

40.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff for commercial sex acts.

41.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that rooms and services were being rented or otherwise provided to individuals trafficking Plaintiff for commercial sex acts, while Alpha-Centurion Security, Inc. had a duty to protect individuals lawfully present at the Roosevelt Inn, like Plaintiff.

42.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

43.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

44.     Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

45.     The advertisements included a fake name for Plaintiff and a phone number to call.

46.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

47.     The "John" who negotiated to have sex for cash with Plaintiff would then speak to

the front desk clerk at the Roosevelt Inn.

48.     An individual named "Abdul" would hold himself out as the clerk, staff member or employee at the Roosevelt Inn. The complete name of "Abdul" is known to Defendants.

49.     "Abdul" would then direct the individual to the floor and room where Plaintiff and her traffickers were staying.

50.     "Abdul" was fully aware that Plaintiff who was a minor and other underage children were compelled to perform sex for money at the Roosevelt Inn.

51.     Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

52.     The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

53.     Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

54.     Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

55.     Housekeepers and front desk staff including "Abdul" at the Roosevelt Inn had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

56.     Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

57.     Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

58.     Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.

59.     Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

60.     Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

61.     Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

62.     Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

63.     Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

64.     Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

65.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

66.     On at least one occasion, Yagna Patel came to the room occupied by the Plaintiff and was handed money by one of her traffickers.

67.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

68.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or

otherwise stop the human sex trafficking of the Plaintiff.

69. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

70. Plaintiff, as a guest at the Roosevelt Inn, was a business invitee of Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel.

71. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, owed a duty to Plaintiff, as motel guest, to exercise reasonable care to protect against criminal conduct.

72. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to persons who were trafficking Plaintiff.

73. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

74. Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff, as a business invitee, from

criminal conduct.

75. Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired or contracted to ensure the safety and well-being of individuals on the motel's premises, the motel's guests, the motel's employees and the motel's property.

76. By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and well-being of individuals on the premises of the Roosevelt Inn, including Plaintiff.

77. Defendant Alpha-Centurion Security, Inc. assumed responsibility for protecting individuals present at the Roosevelt Inn, including Plaintiff, from foreseeable harm including commercial sex exploitation and human sex trafficking.

78. Having undertaken aforesaid responsibilities and contractual obligations, Defendant Alpha Centurion owed a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

79. Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn, while having knowledge of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

80. By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish,

humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

81.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

82.     By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

83.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop the practice.

84.     By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

85.     By having knowledge of human sex trafficking at the Roosevelt Inn and

negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

86.     The averments of Paragraphs 1 through 85 are incorporated herein by reference.

87.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil liability for people or entities who knowingly market or provide their goods and services to sex traffickers.

88.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, did knowingly rent rooms to individuals sex trafficking Plaintiff as minor, which resulted in her being sex trafficked and sexually exploited.

89.     By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

90.     By knowingly renting rooms to individuals sex trafficking the Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC,

and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop sex trafficking on the premises of the Roosevelt Inn.

91. By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II - NEGLIGENCE

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

92. The averments of Paragraphs 1 through 91 are incorporated herein by reference.

93. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons on the premises of the Roosevelt Inn.

94. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent

agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

95. Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

96. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

97. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the

Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

98.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

    a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

    b.  Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

    c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

    d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

    e.  Failing to adequately control access to the premises;

    f.  Failing to prevent entry of unauthorized individuals onto the premises;

    g.  Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

Case ID: 170300712
Case ID: 170300712
Control No.: 19080412

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity detected on video surveillance;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises;

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

y. Failing to exercise care, caution and diligence required under the circumstances.

99. By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

100. As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

101. As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn.

102. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

## M.B. v. ALPHA-CENTURION SECURITY, INC.

103.    The averments of paragraphs 1 through 102 are incorporated herein by reference.

104.    Having undertaken responsibilities as aforesaid and the provision of security services at the Roosevelt Inn, Defendant Alpha-Centurion Security, Inc. owed a duty to protect the safety and well-being of individuals lawfully present at the motel, the motel's guests, the motel's employees, and the motel's property.

105.    Defendant Alpha-Centurion Security, Inc. failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff, although Defendant Alpha-Centurion Security, Inc. had knowledge of criminal activity, commercial sex activity and human trafficking occurring at the Roosevelt Inn.

106.    Defendant Alpha-Centurion Security, Inc., by and through its agents, ostensible agents, officers, servants, and/or employees, was negligent by:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity detected on video surveillance;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

107. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

108. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn including harm to Plaintiff.

109. Each of the herein-described tortuous or otherwise culpable acts or omissions by Defendant Alpha-Centurion Security, Inc. increased the likelihood that Plaintiff would suffer the injuries set forth in this Complaint.

110. Defendant Alpha-Centurion Security, Inc.'s negligence increased the risk of harm to Plaintiff and was a substantial factor in causing and continuing the harm and damages suffered by Plaintiff.

111. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of

Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

112.     The averments of paragraphs 1 through 111 are incorporated herein by reference.

113.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

114.     Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ALPHA-CENTURION SECURITY, INC.

115.     The averments of paragraphs 1 through 114 are incorporated herein by reference.

116.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, negligently committed the acts averred in this

Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

117.     Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

118.     The averments of paragraphs 1 through 117 are incorporated herein by reference.

119.     By knowingly renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

120.     Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

121.    The averments of paragraphs 1 through 120 are incorporated herein by reference.

122.    By failing to report, intervene, disrupt or otherwise stop the trafficking of Plaintiff M.B., Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

123.    By having knowledge of commercial sex activity and failing to intervene, Defendant Alpha-Centurion Security, Inc. intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

124.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

BY: */s/ Nadeem A. Bezar*
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

Case ID: 170300712
Case ID: 170300712
Control No.: 19080412

## **VERIFICATION**

I, Madison Beason, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Second Amended Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_____
Madison Beason

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Second Amended Complaint was filed with the Court on August 27, 2018 and served by electronic filing upon counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Defendant Alpha-Centurion Security, Inc.*

By:     */s/ Nadeem A. Bezar*
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
Attorney for Minor-Plaintiffs

Case ID: 170300712

# EXHIBIT B

Case ID: 170300712
Control No.: 19080412

**KLINE & SPECTER, P.C.**     Attorneys for Plaintiff

BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
|       Plaintiff, | : | MARCH TERM, 2017 |
| | : | NO.: 00712 |
|    V. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|     and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|     and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
|     and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|     and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |

Case ID: 170300712
Control No.: 19080412

Defendants                    :

_____

## **NOTICE TO DEFEND**

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**
**TTY(215) 451-6197**

### AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA 19107**
**Telefono: (215) 238-6333**
**TTY(215) 451-6197**

Case ID: 170300712
Control No.: 19080412

**KLINE & SPECTER, P.C.**                            Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | |
|---|---|
| M.B. | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | COURT OF COMMON PLEAS |
| 1525 Locust Street | |
| Philadelphia, PA 19102 | CIVIL TRIAL DIVISION |
| | MARCH TERM, 2017 |
| Plaintiff, | NO.:00712 |
| v. | |
| | |
| ROOSEVELT INN LLC | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | |
| *ROOSEVELT INN CAFE* | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| ROOSEVELT MOTOR INN, INC. | |
| *d/b/a ROOSEVELT MOTOR INN* | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| UFVS MANAGEMENT COMPANY, LLC | |
| 287 Bowman Avenue | |
| Purchase, NY 10577 | |
| | |
| and | |
| | |
| YAGNA PATEL | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| ALPHA-CENTURION SECURITY, INC. | |
| 3720 West Chester Pike | |
| Newtown Square, PA 19073 | |

Case ID: 170300712
Control No.: 19080412

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

1.      Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally.  It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.      Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center.  Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3.      In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

**THE PARTIES**

4.      Plaintiff, M.B., was born on September 3, 1999 and is one of the thousands of victims of human trafficking in the United States.  In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.  Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5.      Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she was fourteen (14) years old. See also Public Access Policy of the Unified Judicial System of

Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6.    Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware. At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.    Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.    Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.    Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152. Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.    Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.    Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a

Case ID: 170300712
Control No.: 19080412

contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12. Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

13. Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County. Venue is also proper in this case because Pennsylvania's human trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to bring suit in the county in which the victim resides. Plaintiff M.B. resides in Philadelphia County. Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

14. At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

15. At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents,

servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

16.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

17.    At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

18.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

19.    At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

**OPERATIVE FACTS**

20.    Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3011, et. seq. it is a felony to recruit, entice, solicit, harbor, or transport a minor which results in the minor being subjected to sexual servitude.

21.     Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees.  Hotels and motels are a convenient place for customers to purchase sex to avoid detection.  Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

22.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn.  From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

23.     While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

24.     Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

25.     Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

26. Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3051, a person or entity can be civilly liable for knowingly marketing or providing its goods or services to a sex trafficker.

27. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

28. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

29. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

30. Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

31. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, had a duty ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

32.     Defendant Alpha-Centurion Security, Inc., had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

33.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

34.     Defendant Alpha-Centurion Security, Inc., assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

35.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

36.     Defendant Alpha-Centurion Security, Inc., had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

37.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

38.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

39.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that criminal activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

40.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or should have known that criminal activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

41.     Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

42.     The advertisements included a fake name for Plaintiff and a phone number to call.

43.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

44.     Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

45.     The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

46.     Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

47.     Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

48.     Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

49.     Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

50.     Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.

51.     Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

52.     Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

53.     Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

54.     Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

55.     Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

56.     Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

57.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

58.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

59.     Despite the open and obvious signs of criminal activity and human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

60.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and negligently failed to prevent Plaintiff from being sexually exploited.

61.     Despite the open and obvious signs of human trafficking, Defendants Roosevelt Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff from criminal conduct.

62.     Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

63.     Defendant Alpha-Centurion Security, Inc. negligently failed to prevent Plaintiff from being sexually exploited.

64.     Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc. failed to protect Plaintiff from criminal conduct.

65. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

66. By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

67. The negligence of Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

68. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

69.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

### COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

70.     The averments of Paragraphs 1 through 69 are incorporated herein by reference.

71.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil liability for people or entities who knowingly market or provide their goods and services to sex traffickers.

72.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, rented rooms to individuals sex trafficking Plaintiff as minor, which resulted in her being sex trafficked and sexually exploited.

73.     By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

74. By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay

## COUNT II - NEGLIGENCE

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

75. The averments of Paragraphs 1 through 74 are incorporated herein by reference.

76. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

77. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

78.     Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

79.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

80.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

81.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons

on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises;

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

y. Failing to exercise care, caution and diligence required under the circumstances.

82. As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation,

degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

83.     As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff to ensure her safety and well-being and protect her from criminal acts.

84.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

## M.B. v. ALPHA-CENTURION SECURITY, INC.

85.     The averments of paragraphs 1 through 84 are incorporated herein by reference.

86.     Defendant Alpha-Centurion Security, Inc. had a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

87.     Defendant Alpha-Centurion Security, Inc should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

88.     Defendant Alpha-Centurion Security, Inc. had a duty to take precautions against reasonably anticipated criminal conduct by third parties so as not to endanger the welfare and well-being of Plaintiff. Moreover, the Defendant Alpha-Centurion Security, Inc a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

89.     Defendant Alpha-Centurion Security, Inc. breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

90.     Defendant Alpha-Centurion Security, Inc. should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

91.     Defendant Alpha-Centurion Security, Inc. failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence Alpha-Centurion Security, Inc. consisted of the following:

   a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

Case ID: 170300712
Control No.: 19080412

b. Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

Case ID: 170300712
Control No.: 19080412

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity detected on video surveillance;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

92. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

93. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty to ensure Plaintiff's safety and well-being and protect her from criminal acts..

94. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

WHEREFORE, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

95.     The averments of paragraphs 1 through 94 are incorporated herein by reference.

96.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

97.     Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

WHEREFORE, Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

98.     The averments of paragraphs 1 through 97 are incorporated herein by reference.

99.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

100.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

BY: */s/ Nadeem A. Bezar*
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
26 AUG 2019 08:23 am
M. RUSSO

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY:    —————————————————
      EMILY B. MARKS, ESQUIRE
      Attorney for Plaintiff

Date:   8/26/19

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks, Esquire*

Date: ___8/26/19_____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, __17__

No.____00712_____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Alpha-Century Security, Inc._____
*(Name of Person or Entity)*

     Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum A attached

at: _1525 Locust Street    Philadelphia PA 19102_____
*(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: August 06, 2019



Subp.#139145864

Name: Marks, Emily B

Address:

    Kline & Specter, P.C.
    1525 Locust Street

Telephone:    215 772-0524

Supreme Court ID#: 204405

Attorney for:    Plaintiff

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL     :     Court of Common Pleas

                                   :

                                   :                  March      Term,   17

                                   :

                                   :      No.      00712

TO: _Alpha-Century Security, Inc._____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena.  Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce
# Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.
*(Date of Subpoena)*

Date: _____                _____
                                               *(Signature of Person Served with Subpoena)*

Case ID: 170300712

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Alpha-Century Security, Inc.**
**3720 West Chester Pike**
**Newtown Square, PA 19073**
**Attn: Records Department**

     Any and all records pertaining to Kelvin Hanton, including but not limited to personnel file, time cards, incident reports, write-ups, documents, e-mails and disciplinary actions.

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**ORDER**

AND NOW, this _27_ day of _Aug_, 2019, upon consideration of

Plaintiff's Motion for Leave to File a Third Amended Complaint, and any response thereto, it is

hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.

It is further **ORDERED** that Plaintiff may file a Third Amended Complaint consistent with

the proposed Third Amended Complaint, as attached to Plaintiff's Motion as Exhibit "B".

BY THE COURT:

_____ J.

B. Etal Vs Roosevelt In-ORDER

17030071200162

Case ID: 170300712
Control No.: 19080412

**RUDOLPH CLARKE, LLC**
By: Aaron E. Kostyk, Esquire
Identification No. 320463
Seven Neshaminy Interplex, Suite 200
Trevose, PA 19053
(215) 633-1890



*Filed and Attested by the Office of Judicial Records 06 SEP 2019 01:54 pm M. RUSSO*

*Attorney for Bensalem Township*

| | | |
|---|---|---|
| B.H., A Minor | : | |
| Plaintiff, | : | **Court of Common Pleas** |
| | : | **Philadelphia County** |
| v. | : | |
| | : | **March Term 2019** |
| Roosevelt Inn LLC, et. al | : | |
| Defendants. | : | **No. 170300712** |

## ENTRY OF APPEARANCE

Kindly enter the appearance of Aaron Kostyk, Esquire, on behalf of Bensalem

Township in the above referenced matter.

**RUDOLPH CLARKE, LLC**

By: _____

Aaron Kostyk, Esquire
Attorney for Bensalem Township

Date: September 6, 2019

{00990672;v1}

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff



*Filed and Attested by the*
*Office of Judicial Records*
*06 SEP 2019 12:30 pm*
*M. RUSSO*

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA  19102 | : | CIVIL TRIAL DIVISION |
|               Plaintiff, | : | MARCH TERM, 2017 |
| | : | NO.: 00712 |
|          V. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|          and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|          and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
|          and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|          and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA  19073 | : | |

Defendants                    :

_____

## **NOTICE TO DEFEND**

| **NOTICE** | **AVISO** |
|---|---|

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA  19107**
**(215) 238-6333**
**TTY(215) 451-6197**

Le han demandado en corte.  Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted.  Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA  19107**
**Telefono:  (215) 238-6333**
**TTY(215) 451-6197**

Case ID: 170300712

**KLINE & SPECTER, P.C.**                            Attorneys for Plaintiff
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.:00712 |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |

Case ID: 170300712

## PLAINTIFF'S THIRD AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally.  It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.      Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center.  Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3.      In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

### THE PARTIES

4.      Plaintiff, M.B., was born on September 3, 1999 and is one of the thousands of victims of human trafficking in the United States.  In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.  Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5.      Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she was fourteen (14) years old. See also Public Access Policy of the Unified Judicial System of

Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6.      Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.      Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.      Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York.  At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.      Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152.  Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.      Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.      Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a

contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12. Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

13. Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County. Venue is also proper in this case because Pennsylvania's human trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to bring suit in the county in which the victim resides. Plaintiff M.B. resides in Philadelphia County. Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

14. At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

15. At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents,

Case ID: 170300712

servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

16. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

17. At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

18. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

19. At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

**OPERATIVE FACTS**

20. Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3011, et. seq. it is a felony to recruit, entice, solicit, harbor, or transport a minor which results in the minor being subjected to sexual servitude.

21.     Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees.  Hotels and motels are a convenient place for customers to purchase sex to avoid detection.  Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

22.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn.  From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

23.     While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

24.     Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

25.     Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

26. Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3051, a person or entity can be civilly liable for knowingly marketing or providing its goods or services to a sex trafficker.

27. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

28. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

29. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

30. Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

31. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, had a duty ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

Case ID: 170300712

32.     Defendant Alpha-Centurion Security, Inc., had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

33.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

34.     Defendant Alpha-Centurion Security, Inc., assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

35.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

36.     Defendant Alpha-Centurion Security, Inc., had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

37.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

38.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

39.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that criminal activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

40.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or should have known that criminal activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

41.     Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

42.     The advertisements included a fake name for Plaintiff and a phone number to call.

43.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

44.     Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

45.     The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

46.     Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

47.     Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

48.     Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

49.     Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

50.     Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.

51.     Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

52.     Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

53.     Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

54.     Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

55.     Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

56.     Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

57.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

58.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

59.     Despite the open and obvious signs of criminal activity and human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

60.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and negligently failed to prevent Plaintiff from being sexually exploited.

61.     Despite the open and obvious signs of human trafficking, Defendants Roosevelt Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff from criminal conduct.

62.     Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

63.     Defendant Alpha-Centurion Security, Inc. negligently failed to prevent Plaintiff from being sexually exploited.

64.     Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc. failed to protect Plaintiff from criminal conduct.

65. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

66. By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

67. The negligence of Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

68. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

69.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051**

**M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL**

70.     The averments of Paragraphs 1 through 69 are incorporated herein by reference.

71.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil liability for people or entities who knowingly market or provide their goods and services to sex traffickers.

72.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, rented rooms to individuals sex trafficking Plaintiff as minor, which resulted in her being sex trafficked and sexually exploited.

73.     By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

74.     By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay

## COUNT II - NEGLIGENCE

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

75.     The averments of Paragraphs 1 through 74 are incorporated herein by reference.

76.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

77.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

Case ID: 170300712

78.     Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

79.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

80.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

81.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons

on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n.  Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q.  Failing to respond and react to suspicious activity;

r.  Failing to maintain surveillance equipment in proper working order;

s.  Failing to test or properly test surveillance equipment to ensure it was in working order;

t.  Failing to utilize appropriate and/or required surveillance equipment;

u.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v.  Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w.  Failing to prevent Plaintiff from being trafficked on the premises;

x.  Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

y.  Failing to exercise care, caution and diligence required under the circumstances.

82.     As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation,

degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

83.     As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff to ensure her safety and well-being and protect her from criminal acts.

84.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE
## M.B. v. ALPHA-CENTURION SECURITY, INC.

85.     The averments of paragraphs 1 through 84 are incorporated herein by reference.

86.     Defendant Alpha-Centurion Security, Inc. had a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

87.     Defendant Alpha-Centurion Security, Inc should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

88.     Defendant Alpha-Centurion Security, Inc. had a duty to take precautions against reasonably anticipated criminal conduct by third parties so as not to endanger the welfare and well-being of Plaintiff. Moreover, the Defendant Alpha-Centurion Security, Inc a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

89.     Defendant Alpha-Centurion Security, Inc. breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

90.     Defendant Alpha-Centurion Security, Inc. should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

91.     Defendant Alpha-Centurion Security, Inc. failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence Alpha-Centurion Security, Inc. consisted of the following:

a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity detected on video surveillance;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

92. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

93. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty to ensure Plaintiff's safety and well-being and protect her from criminal acts..

94. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

95.     The averments of paragraphs 1 through 94 are incorporated herein by reference.

96.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

97.     Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

98.     The averments of paragraphs 1 through 97 are incorporated herein by reference.

99.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

100.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

Dated: 9/6/19

## **VERIFICATION**

I, M.B., hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Third Amended Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_____
Madison Beason

I do hereby certify that service of a true and correct copy of the ***Plaintiff's Third Amended Complaint*** was filed with the Court on September 6, 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

Via Certified and Regular Mail to:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

KLINE & SPECTER, P.C.

Dated: September 6, 2019          By: _____
NADEEM A. BEZAR, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712

**RUDOLPH CLARKE, LLC**
**BY: Aaron E. Kostyk, Esquire**
**Identification No. 320463**
**Seven Neshaminy Interplex**
**Suite 200**
**Trevose, PA 19053**
**(215) 633-1890**


*Filed and Attested by the*
*Office of Judicial Records*
*12 SEP 2019 12:32 pm*
*C. JONES*

***ATTORNEY FOR BENSALEM TOWNSHIP***

---

| | | |
|---|---|---|
| B.H., A. Minor | : | **COURT OF COMMON PLEAS OF** |
| Plaintiff, | : | **PHILADELPHIA COUNTY** |
| | : | |
| v. | : | |
| | : | **NO.: 170300712** |
| Roosevelt Inn, LLC, et al. | : | |
| Defendants, | : | |
| | : | |

---

## <u>CERTIFICATE OF SERVICE</u>

I, Aaron Kostyk, Attorney for Bensalem Township, Certify that a true, time-stamped copy of my Entry of Appearance was served on the following parties via first class U.S.P.S. mail:

Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Spector
1525 Locust St., 7th Floor
Philadelphia, Pa 19102

Daniel E. Oberdick, Jr.
Blank Rome, LLP
130 N. 18th St.
Philadelphia, Pa 19103

Justina Byers, Esquire
James J. Quinlan, Esquire
Blank Rome, LLP
One Logan Square, 4th Floor
Philadelphia, Pa 19103

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall, Dennehey
2000 Market St., 23rd Floor
Philadelphia, Pa 19103

By: _____

Aaron Kostyk, Esquire
Attorney for Bensalem Township

Date: 9/12/19

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

*Filed and Attested by the Office of Judicial Records 13 SEP 2019 03:25 pm M. TIERNEY*

## ORDER

**AND NOW,** this          day of                    , 2019, upon consideration of Plaintiff's

Motion to Strike the Objections of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn,

Roosevelt Motor Inn, Inc., UFVS Management Company LLC and Yagna Patel to Plaintiff's

Interrogatories and Request for Production of Documents (Set VII) it is hereby,

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED.** The Objections of

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS

Management Company LLC and Yagna Patel to Plaintiff's Interrogatories and Request for

Production of Documents (Set VII) are **stricken**. The Roosevelt Inn Defendants shall provide

full and specific responses, without objections, to Plaintiff's Interrogatories and Request for

Production of Documents (Set VII) within five (5) days from the date of this Order. Failure to

comply with this Order may result in sanctions upon application to the Court.

### BY THE COURT:

_____

                                                        **J.**

**DISCOVERY DEADLINE: OCTOBER 7, 2019**

Case ID: 170300712

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**PLAINTIFF M.B.'S MOTION TO STRIKE THE OBJECTIONS OF DEFENDANTS
ROOSEVELT INN LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY LLC AND YAGNA PATEL TO PLAINTIFF'S
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (SET
VII) AND COMPEL FULL AND SPECIFIC RESPONSES**

Plaintiff M.B., by and through counsel, Kline & Specter, P.C., hereby requests this

Honorable Court to strike the objections of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn,

Roosevelt Motor Inn, Inc., UFVS Management Company LLC and Yagna Patel's (collectively

the "Roosevelt Inn Defendants") to Plaintiff's Interrogatories and Request for Production of

Documents (Set VII), and in support thereof states the following:

1.      This case involves the human sex trafficking of Plaintiff M.B. at the Roosevelt

Inn at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

2.      On August 12, 2019, Plaintiff's counsel sent counsel for the Roosevelt Inn

Defendants a copy of Plaintiff's Interrogatories and Request for Production of Documents (Set

VII).

3.   Plaintiff's Interrogatories and Request for Production of Documents (Set VII) request the following:

**INTERROGATORIES**

1.   Identify the IP address for the Roosevelt Inn during the time period of 2011-2016.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

2.   Any and all documents pertaining to the registration or purchase of a room at the Roosevelt Inn from 2011 through 2016 for the following individuals:

- **Enoch Smith**
- **Vincent Jackson**
- **Daiquan Davis**
- **Abdul Lopez**
- **Jerel Jackson**
- **William Coit "Yayo"**
- **John Guerra**
- **Jason Guerra**
- **Anthony Brooks**
- **Emanuel Banks**
- **Christopher Powell**
- **Darryl Vance**
- **Naeem Johnson**

4.   The Roosevelt Inn Defendants objected on the basis that the requests were overly broad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. See Roosevelt Inn Defendants' Answers to Plaintiff's Interrogatories and Request for Production of Documents Set VII, attached as Exhibit "A".

5.   The Roosevelt Inn Defendants did not provide the IP Address for the motel from 2011-2016 as requested in Interrogatory No. 1.  Instead, Defendants responded as follows: "With respect to the relevant time period of Plaintiff's Third Amended Complaint, the IP address at the Roosevelt Inn was 70.91.1.46".  See Exhibit "A" attached.

6.   Counsel for the Roosevelt Inn Defendants took it upon themselves to carve out a time period that they deemed relevant and did not define the time period they used.

7.    Further, the Roosevelt Inn Defendants refused to provide the motel registration records for known sex traffickers who used the Roosevelt Inn during 2011-2016 as requested by Plaintiff's Request for Production of Documents No. 2.

8.    Plaintiff's request for the motel's IP address and registrations records of known sex traffickers during 2011-2016 is not overly broad and is specifically tailored to elicit information to prove notice in Plaintiff's case.

9.    Throughout this case, the Roosevelt Inn Defendants and their employees have taken the position that there was no known criminal activity, including prostitution and sex trafficking, before, during and after the time that Plaintiff was trafficked at the Roosevelt Inn in 2014.

10.    Defendants' position is contradicted by thousands of pages of police incident reports, calls to and responses by the Philadelphia Police Department to criminal activity at the Roosevelt Inn and statements from numerous victims, traffickers and a security guard who was stationed inside the Roosevelt Inn.

11.    Plaintiff's request for the Roosevelt Inn's IP address and registration records of known sex traffickers during 2011-2016 is limited in time and scope and is relevant, in light of the position taken by Defendants.

12.    Plaintiff will be unfairly prejudiced in the preparation of her case if the Roosevelt Inn Defendants do not provide full and specific responses to Plaintiff's Interrogatories and Request for Production of Documents (Set VII).

**WHEREFORE**, Plaintiff respectfully requests this Court to enter the attached Order striking the Roosevelt Inn Defendants' Objections and compelling the Roosevelt Inn Defendants to provide full and specific Answers to Plaintiff's Interrogatories and Request of Production of Documents (Set VII).

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
Attorneys for Plaintiff

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**To:**   Grant S. Palmer, Esquire
      James J. Quinlan, Esquire
      Daniel E. Oberdick, Esquire
      Blank Rome, LLP
      One Logan Square, 130 North 18th Street
      Philadelphia, PA 19103
      *Counsel for Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn,*
      *Inc., UFVS Management Company, LLC and Yagna Patel*

      Please take notice that the following Motion:

      ☒    Plaintiff's Motion to Strike the Objections of Defendants Roosevelt Inn LLC
            d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management Company
            LLC and Yagna Patel to Plaintiff's Interrogatories and Request for Production of
            Documents (Set VII) and Compel Full and Specific Responses

will be presented to the Court on the date and time provided electronically by the Court in the
Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA. See electronic
confirmation to be provided.

By: _____            Date: _9/13/19_

      EMILY B. MARKS, ESQUIRE
      Attorney I.D. No. 204405
      Telephone Number: 215.772-0524
      Address:   Kline & Specter, P.C.
               1525 Locust Street
               Philadelphia, PA 19102

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's to Plaintiff's Motion to Strike the Objections of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management Company LLC and Yagna Patel to Plaintiff's Interrogatories and Request for Production of Documents (Set VII) and Compel Full and Specific Responses was filed with the Court on September 13, 2019 and served:

By electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

By: _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Dated: ___9/13/19___

# Attorney Certification of Good Faith
Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

    **X**   a. He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

    Plaintiff's counsel sent follow up correspondence to defense counsel stating the responses were inadequate.

    ☐   b. He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

**CERTIFIED TO THE COURT BY:**

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# VERIFICATION

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion to Strike the Objections of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management Company LLC and Yagna Patel to Plaintiff's Interrogatories and Request for Production of Documents (Set VII) and Compel Full and Specific Responses is true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "A"

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18ᵗʰ Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com
        doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire,          Plaintiff,    v. ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION MARCH TERM, 2017 NO.: 00712 JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL'S OBJECTIONS TO PLAINTIFF M.B.'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (SET VII)**

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel,

as the "Answering Defendants," by and through their attorneys, Blank Rome LLP, hereby answer

and object to Minor Plaintiff M.B.'s Discovery Requests (Set VII) as follows:

## GENERAL OBJECTIONS

1.    Answering Defendants object to any and all Interrogatories and Requests to the extent they are overly broad, seek information that is irrelevant, will be inadmissible at trial, and are not reasonably calculated to lead to the discovery of admissible evidence.

2.    Answering Defendants object to any and all Interrogatories and Requests to the extent they are oppressive and are propounded merely to harass or annoy Answering Defendants.

3.    Answering Defendants object to any and all Interrogatories and Requests to the extent they seek the disclosure of material or information that is protected from discovery by the attorney-client privilege or work product doctrine.

4.    Answering Defendants object to any and all Interrogatories and Requests to the extent they are vague and/or ambiguous.

5.    Answering Defendants object to any and all Interrogatories and Requests to the extent they purport to require disclosure of material or information that exceeds the scope of discovery permitted under the Pennsylvania Rules of Civil Procedure.

6.    Answering Defendants object to any and all Interrogatories and Requests to the extent they are unreasonably cumulative or duplicative, or seek material or information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

7.    Answering Defendants object to any and all Interrogatories and Requests to the extent they seek the disclosure of material or information not within the knowledge of Answering Defendants.

8.    Answering Defendants object to any and all Interrogatories and Requests to the extent they seek the disclosure of information already in the knowledge or possession of Plaintiff or already has been disclosed by another party in this case or the related cases.

2

9.    Each of these general objections is incorporated within specific responses and objections to the Interrogatories and Requests without restatement, and each such specific response and objection is made subject to these general objections without restatement.

10.   Answering Defendants' investigation is ongoing and the answers to the Interrogatories and Requests may change, depending upon what is learned in the future. Answering Defendants therefore reserve the right to supplement, correct or amend these responses.

## SPECIFIC OBJECTIONS AND RESPONSES

1.    Identify the IP Address for the Roosevelt Inn during the time period of 2011 - 2016.

**RESPONSE:**

**Objection. Answering Defendants object to this discovery request on the basis that it is overly broad in time and scope and seeks information not reasonably calculated to lead to the discovery of admissible evidence. With respect to the relevant time period of Plaintiff's Third Amended Complaint, the IP address at the Roosevelt Inn was 70.91.1.46.**

2.    Any and all documents pertaining to the registration or purchase of a room at the Roosevelt Inn from 2011 through 2016 for the following individuals:

- Enoch Smith
- Vincent Jackson
- Daiquan Davis
- Abdul Lopez
- Jerel Jackson
- William Coit "Yayo"
- John Guerra
- Jason Guerra
- Anthony Brooks
- Emanuel Banks
- Christopher Powell
- Darryl Vance
- Naeem Johnson

**RESPONSE:**

**Objection. Answering Defendants object to this discovery request on the basis that it is overly broad in time and scope and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Answering Defendants further object to this discovery request as it is propounded to harass or annoy Answering Defendants. This discovery**

3

request is further objected to as previously answered for the relevant time of Plaintiff's Third Amended Complaint with respect to Defendants Daiquan Davis and Abdul Lopez.

BLANK ROME LLP

_/s/ James J. Quinlan_
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: September 12, 2019                    (215) 569-5500

4

## VERIFICATION

I, Yagna Patel, state that the foregoing Objections and Responses to Plaintiff's Discovery Requests (Set VII) are true and correct to the best of my knowledge, information and belief. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 9/12/19

YAGNA PATEL

# CERTIFICATE OF SERVICE

I, Daniel E. Oberdick, Esquire, hereby certify that, on this 9th day of September, 2019, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Responses to Plaintiff's Discovery Requests (Set VII) to be served via electronic and/or first-class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

6

And

Abdul Lopez
Register Number 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ *Daniel E. Oberdick*
DANIEL E. OBERDICK

150213.00601/121833361v.2

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

Filed and Attested by the
Office of Judicial Records
16 SEP 2019 09:02 am
M. TIERNEY

## ORDER

   **AND NOW,** this      day of                    , 2019, upon consideration of

Plaintiff's Motion to Compel Alpha-Century Security, Inc., to comply with Plaintiff's Subpoena,

and any response thereto, it is hereby;

   **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED** and Alpha-Century

Security, Inc., shall produce all documents in its possession that are responsive to Plaintiff's

Subpoena within ten (10) days of the date of this Order.  Failure to comply with this Order may

result in sanctions upon application to the Court.


                    **BY THE COURT:**


                    _____

                                                **J.**


**DISCOVERY DEADLINE:  OCTOBER 7, 2019**

**KLINE & SPECTER, P.C.**
BY: THOMAS R. KLINE, ESQUIRE/28895
NADEEM A. BEZAR, ESQUIRE/63577
EMILY B. MARKS, ESQUIRE/204405
KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF M.B.'S MOTION TO COMPEL ALPHA-CENTURY SECURITY, INC., TO COMPLY WITH PLAINTIFF'S SUBPOENA

1.      Plaintiff M.B., by and through counsel, Kline & Specter, P.C., requests this Honorable Court compel the Alpha-Century Security, Inc., to comply with a Subpoena served upon it and in support thereof, states the following:

2.      This case involves the human sex trafficking of Plaintiff M.B. at the Roosevelt Inn at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

3.      On August 6, 2019, Plaintiff's counsel served defense counsel with a Notice of Intent to Serve a Subpoena on Alpha-Century Security, Inc., with a copy of the proposed Subpoena attached. See August 6, 2019, letter to defense counsel attached as Exhibit "A" and Notice of Intent attached as Exhibit "B" and a Subpoena with Addendum attached as Exhibit "C".

4.     The Subpoena requested "Any and all records pertaining to Kelvin Hanton, including but not limited to personnel file, time cards, incident reports, write-ups, documents, e-mails and disciplinary actions." See Exhibit "C".

5.     Defense counsel did not object to the Notice of Intent to Serve a Subpoena on Alpha-Century Security, Inc.

6.     On August 26, 2019, Plaintiff filed a Certificate of Prerequisite to Service of a Subpoena Pursuant to Rule 4009.21. See Certificate Prerequisite, attached as Exhibit "D".

7.     The Subpoena with Addendum was served on Alpha-Century Security, Inc. See correspondence and certified mail/return receipt card, attached as Exhibit "E".

8.     To date, Alpha-Century Security, Inc., has failed to comply with Plaintiff's Subpoena.

9.     Alpha-Century Security, Inc., has not filed objections to the Subpoena and any objections filed in the future would be untimely.

10.     The requested information is relevant to Plaintiff's case and Plaintiff will be unfairly prejudiced if the requested documents are not produced.

**WHEREFORE**, Plaintiff respectfully requests this Court enter the attached proposed Order compelling the Alpha-Century Security, Inc., to comply with Plaintiff's Subpoena.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
Attorneys for Plaintiff

**KLINE & SPECTER, P.C.**                              *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

To:    **Alpha-Century Security, Inc.**
       **3720 West Chester Pike**
       **Newtown Square, PA 19073**
       **Attn: Records Department**

Please take notice that the following Motion:

☒    Plaintiff's Motion to Compel to Compel Compliance with Subpoena directed to
      Alpha-Century Security, Inc.

☐    Defendant's Motion _____

will be presented to the Court on the date and time provided electronically by the Court in the
Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA.  See electronic
confirmation to be provided.

               */s/Emily B. Marks*

By:    _____          Date:  September 16 , 2019
       EMILY B. MARKS, ESQUIRE
       Attorney I.D. No. 204405
       Telephone Number: 215.772-1000
       Address:    Kline & Specter, P.C.
                   1525 Locust Street
                   Philadelphia, PA 19102

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel to Compel Compliance with Subpoena directed to Alpha-Century Security, Inc., was filed with the Court on September __16__, 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel to Compel Compliance with Subpoena directed to Alpha-Century Security, Inc., was served by Regular and Certified Mail, return receipt mail on the following, upon acceptance of electronic filing:

Alpha-Century Security, Inc.
3720 West Chester Pike
Newtown Square, PA 19073
Attn: Records Department

Dated: September __16__, 2019

*/s/Emily B. Marks*

By: _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# Attorney Certification of Good Faith
Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

&#9633;   a.   He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

X   b. He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

Plaintiff's counsel has not received any records in response to the subpoena from Alpha-Century Security, Inc.

### CERTIFIED TO THE COURT BY:

*/s/Emily B. Marks*

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

## **VERIFICATION**

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion to Compel to Compel Compliance with Subpoena directed to Alpha-Century Security, Inc., are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT A

**KLINE & SPECTER** PC
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

August 6, 2019

*Via E-mail and Regular Mail*
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
2000 Market Street,
Suite 2300
Philadelphia, PA 19103

> **Re:** **M.B. v. Roosevelt Inn LLC, et al.**
> **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Counsel,

Enclosed you will find a Notice of Intent and Subpoena addressed to Alpha-Century Security, Inc. Please advise if you would agree to waive the 20-day waiting period. Please also let me know if you will accept service of the Subpoena on behalf of Alpha-Century Security, Inc.

Thank you.

Very truly yours,

EMILY B. MARKS

EBM/cl
Enclosure

cc:  Grant S. Palmer, Esquire (Via E-mail only)
James J. Quinlan, Esquire (Via E-mail only)
Justina L. Byers, Esquire (Via E-mail only)
Daniel E. Oberdick, Esquire (Via E-mail only)

# EXHIBIT B

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |
| | : | |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned any objection to the Subpoenas. If no objection is made, the Subpoena may be served.

- Alpha-Century Security, Inc.


**KLINE & SPECTER, P.C.**

BY: _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Date: _8/6/19_

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Date: 6/6/19

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT C



**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17____

No._____00712_____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Alpha-Century Security, Inc._____
*(Name of Person or Entity)*

    Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum A attached

at: _1525 Locust Street   Philadelphia PA 19102_____
*(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: August 06, 2019

Name: Marks, Emily B

Address:

    Kline & Specter, P.C.
    1525 Locust Street

Telephone:   215 772-0524

Supreme Court ID#: 204405

Attorney for:   Plaintiff



Subp.#139145864-1

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL      :      Court of Common Pleas
                                        :
                                        :      _____ March _____ Term, _17_
                                        :
                                        :      No. ____ 00712 _____

TO: _Alpha-Century Security, Inc._____
                    *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

**Do not send the documents or things,
or the Certificate of Compliance,
to the Office of Judicial Records.**

# Certificate of Compliance with Subpoena to Produce
# Documents or Things Pursuant to Rule 4009.23

I, _____
                    *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                    *(Date of Subpoena)*

Date: _____          _____
                                        *(Signature of Person Served with Subpoena)*

# ADDENDUM "A"

**TO CUSTODIAN OF RECORDS FOR:**

**Alpha-Century Security, Inc.**
**3720 West Chester Pike**
**Newtown Square, PA 19073**
**Attn: Records Department**

Any and all records pertaining to Kelvin Hanton, including but not limited to personnel file, time cards, incident reports, write-ups, documents, e-mails and disciplinary actions.

# EXHIBIT D

**KLINE & SPECTER, P.C.**
BY:  THOMAS R. KLINE, ESQUIRE/28895
     NADEEM A. BEZAR, ESQUIRE/63577
     EMILY B. MARKS, ESQUIRE/204405
     KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff 

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
## PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY:  */s/Emily B. Marks*
     _____
     EMILY B. MARKS, ESQUIRE
     Attorney for Plaintiff

Date:  8/26/19

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks, Esquire*

Date:  8/26/19

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff



### COMMONWEALTH OF PENNSYLVANIA
### COUNTY OF PHILADELPHIA

#### Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March ____ Term, __17__

No.____00712_____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Alpha-Century Security, Inc._____
*(Name of Person or Entity)*

    Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum A attached

at: _1525 Locust Street   Philadelphia PA 19102_____
*(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: August 06, 2019

Name:   Marks, Emily B

Address:

    Kline & Specter, P.C.
    1525 Locust Street

Telephone:   215 772-0524

Supreme Court ID#: 204405

Attorney for:   Plaintiff



You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL     :    Court of Common Pleas

: _____ March \_\_\_\_\_ Term, \_17\_

:    No. \_\_\_\_ 00712 _____

TO: \_Alpha-Century Security, Inc._____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                  *(Date of Subpoena)*

Date: _____        _____
                                         *(Signature of Person Served with Subpoena)*

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Alpha-Century Security, Inc.**
**3720 West Chester Pike**
**Newtown Square, PA 19073**
**Attn: Records Department**

Any and all records pertaining to Kelvin Hanton, including but not limited to personnel file, time cards, incident reports, write-ups, documents, e-mails and disciplinary actions.

# EXHIBIT E

**KLINE & SPECTER** PC

ATTORNEYS AT LAW

1525 LOCUST STREET

PHILADELPHIA, PENNSYLVANIA 19102

WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524

FAX: 215-772-1005

August 26, 2019

**Via Certified and Regular Mail**
Alpha-Century Security, Inc.
3720 West Chester Pike
Newtown Square, PA 19073
Attn: Records Department

Re:    **M.B. v. Roosevelt Inn LLC, et al.**
       **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Sir/Madam:

     Enclosed you will find a Subpoena to Produce Documents in connection with the above-captioned matter. We will reimburse you for the reasonable cost of producing the requested records.

     Kindly forward these documents to my attention no later than **September 15, 2018**. Please also complete the Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23 and return to me along with the requested records.

     Thank you.

Very truly yours,

EMILY B. MARKS

EBM/cl
Enclosures



USPS TRACKING#

9590 9402 4876 9032 0479 85

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Emily B. Marks
Kline & Specter
1525 Locust St
Phila, PA 19102

MB 314777

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>x _Betsy Reyes_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Alpha-Century Security<br>3720 West Chester Pike<br>Newtown Square, PA 19073 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:   ☐ No |
| 9590 9402 4876 9032 0479 85 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7019 0160 0000 7551 4851 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt

M.B.　　　　　　　　　　　　　　　：　PHILADELPHIA COUNTY
　　　　　　　　　　　　　　　　　：　COURT OF COMMON PLEAS
v.　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　：　CIVIL TRIAL DIVISION
ROOSEVELT INN LLC　　　　　　　：　MARCH TERM, 2017
d/b/a ROOSEVELT INN and　　　　　：　NO.: 00712
ROOSEVELT INN CAFÉ, et al.　　　　：
　　　　　　　　　　　　　　　　　：

Filed and Attested by the
Office of Judicial Records
16 SEP 2019 09:10 am
M. TIERNEY

## ORDER

**AND NOW,** this　　　day of　　　　　　　　　, 2019, upon consideration of

Plaintiff's Motion to Compel the Depositions of Kim Mueller and Alok Upadhyay, and any

response thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Counsel for

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS

Management Company, LLC and Yagna Patel, are hereby **ORDERED** to produce Kim Mueller

and Alok Upadhyay for depositions on October 2, 2019 beginning at 10:00 a.m. and 1:00 p.m.

respectively. The depositions will take place at the law offices of Kline & Specter, P.C., 1525

Locust Street, Philadelphia, PA 19102. Failure to comply with this Order may result in sanctions

upon application to the Court.

**BY THE COURT:**

_____

**J.**

**DISCOVERY DEADLINE: OCTOBER 7, 2019**

Case ID: 170300712

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION TO COMPEL THE DEPOSITIONS
## OF KIM MUELLER AND ALOK UPADHYAY

Plaintiff, by and through their counsel, hereby aver the following:

1.    This case involves the human sex trafficking of Plaintiff M.B. at the Roosevelt Inn at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

2.    On August 22, 2019, Plaintiff's counsel sent correspondence to counsel for Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel (hereinafter collectively "the Roosevelt Inn Defendants") requesting available dates to schedule the depositions of Kim Mueller and Alok Upadhyay. Both Kim Mueller and Alok Upadhyay are former employees of the Roosevelt Inn Defendants.  See 8/22/19 correspondence, attached as Exhibit "A".

3.    Defense counsel agreed to the date September 16, 2019 to conduct the depositions of both witnesses.  See 9/7/19 Email correspondence, attached as Exhibit "B".

4.    On September 9, 2019, Plaintiff's counsel noticed the depositions of Kim Mueller and Alok Upadhyay for September 16, 2019 at 10:00 a.m. and 1:00 p.m. respectively.  See 9/9/19 correspondence, attached as Exhibit "C".

5.      On September 13, 2019, Defense counsel e-mailed Plaintiff's counsel and cancelled the deposition of Mr. Upadhyay stating that Mr. Upadhyay was out of the country for the next three weeks, so counsel would not able to produce him for the deposition as scheduled on September 16, 2019.  See 9/13/19 e-mail attached as Exhibit "D".

6.      On September 13, 2019, defense counsel also informed Plaintiff's counsel that he was unable to confirm the attendance of former employee Kim Mueller for the scheduled deposition on Monday, September 16, 2019.  See Ex. "D".

7.      Plaintiff's counsel has been attempting to schedule the depositions of Kim Mueller and Alok Upadhyay to no avail.

8.      The discovery deadline for this case is October 7, 2019.

9.      Both Kim Mueller and Alok Upadhyay have information that is relevant to Plaintiff's case.

10.     Plaintiff's will be severely prejudiced in this matter without Mr. Upadhyay's and Ms. Mueller's deposition testimony.

14.     Therefore, Plaintiff's seek a Court Order compelling counsel for the Roosevelt Inn Defendants to produce Kim Mueller and Alok Upadhyay for depositions on October 2, 2019 at 10:00 a.m. and 1:00 p.m. respectively.

**WHEREFORE,** Plaintiff respectfully request this Honorable Court to enter the attached Order granting Plaintiffs Motion to Compel the Depositions of Kim Mueller and Alok Upadhyay.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/ Nadeem A. Bezar*
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

**KLINE & SPECTER, P.C.**                                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## <u>NOTICE OF PRESENTATION</u>

**To:**    Grant S. Palmer, Esquire
       James J. Quinlan, Esquire
       Daniel E. Oberdick, Esquire
       Blank Rome, LLP
       One Logan Square, 130 North 18th Street
       Philadelphia, PA 19103
       *Counsel for Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn,*
       *Inc., UFVS Management Company, LLC and Yagna Patel*

Please take notice that the following Motion:
      ☒    Plaintiff's Motion to Compel the Depositions of Kim Mueller and Alok Upadhyay
      ☐    Defendant's Motion _____

will be presented to the Court on the date and time provided electronically by the Court in the
Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA.  <u>See</u> electronic
confirmation to be provided.


By:    */s/ Nadeem A. Bezar*                        Date:  September 16, 2019
       NADEEM A. BEZAR, ESQUIRE
       Attorney I.D. No. 63577
       Telephone Number: 215.772-1000
       Address:    Kline & Specter, P.C.
               1525 Locust Street
               Philadelphia, PA 19102

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel the Depositions of Kim Mueller and Alok Upadhyay was filed with the Court on September 16, 2019 and served:

By electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,
UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

By regular mail upon the following *pro se* parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

By:     */s/ Nadeem A. Bezar*
         NADEEM A. BEZAR, ESQUIRE
         Attorney for Plaintiff

# Attorney Certification of Good Faith
Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

    **X**  a. He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

    Plaintiff's counsel sent follow up correspondence and e-mails to defense counsel requesting the scheduling of the depositions, to no avail.

    ☐  b.  He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

**CERTIFIED TO THE COURT BY:**

*/s/ Nadeem A. Bezar*
NADEEM A. BEZAR, ESQUIRE
Attorney for Plaintiff

## **VERIFICATION**

I, NADEEM A. BEZAR, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion to Compel the Depositions of Kim Mueller and Alok Upadhyay are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

*/s/ Nadeem A. Bezar*
NADEEM A. BEZAR, ESQUIRE
Attorney for Plaintiff

# EXHIBIT A

**KLINE & SPECTER** PC
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

NADEEM A. BEZAR                                              NADEEM.BEZAR@KLINESPECTER.COM

215-772-0522
FAX: 215-772-1005

August 22, 2019

*Via Email and Regular Mail*
James J. Quinlan, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

      **Re:**   **M.B. v. Roosevelt Inn LLC, et al.**
            **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Mr. Quinlan,

    I would like to take the depositions of Elizabeth Reeves, Jackie, Kimberly Mueller, Alok Upadhyay, Michael Shaw, Bart Tur, and Irfran Gill. Please provide available dates at your earliest convenience.

    Thank you.

                        Very truly yours,

                        NADEEM A. BEZAR

NAB/cl

cc:    Thomas P. Wagner, Esq.
      Robert W. Stanko, Esq.
      Melanie J. Foreman, Esq.

# EXHIBIT B

Christie A. Lawson
*Paralegal to Nadeem A. Bezar, Emily B. Marks and Kyle B. Nocho*
Kline & Specter, P.C.
1525 Locust Street
7th Floor
Philadelphia, PA 19102
Direct line: 215-772-0527
Fax: 215-772-1005

**From:** Bezar, Nadeem <nadeem.bezar@klinespecter.com>
**Sent:** Sunday, September 8, 2019 7:48 PM
**To:** Quinlan, James J. <Quinlan@blankrome.com>
**Cc:** Lawson, Christie <christie.lawson@klinespecter.com>; Marks, Emily <emily.marks@klinespecter.com>
**Subject:** Re: MB re Mediation

We will send out NOD on Monday.

Nadeem A. Bezar, Esquire
Kline & Specter, PC
1525 Locust Street
Philadelphia PA 19102
215-772-0522
Nadeem.Bezar@klinespecter.com
www.klinespecter.com

Sent from my iPhone

On Sep 7, 2019, at 5:37 PM, Quinlan, James J. <Quinlan@blankrome.com> wrote:

Okay let's pencil the 16th in for Mueller and Upadhyay.

Sent from my iPhone

On Sep 7, 2019, at 4:28 PM, Bezar, Nadeem <nadeem.bezar@klinespecter.com> wrote:

I am happy to use 9/16 for both witnesses.
Please advise.

Nadeem A. Bezar, Esquire
Kline & Specter, PC
1525 Locust Street
Philadelphia PA 19102
215-772-0522
Nadeem.Bezar@klinespecter.com
www.klinespecter.com

Sent from my iPhone

On Sep 4, 2019, at 6:48 AM, Quinlan, James J. <Quinlan@blankrome.com> wrote:

Hey Nadeem

The primary carrier refused to tender the policy in advance of the mediation. So as we both suspected the mediation is off. I let JAMS know.

As for depositions, we have Yagna tomorrow. I would like to start at 9 am or 930 – instead of 10 am – if that suits you. Let me know.

I had a request into you about the Bertsch deposition next week, which we discussed on 8/22.. I followed up with an email as you asked. You said you would get back to me on it. Could you let me know. Beyond the initial reason for the request, Ms. Bertsch recently had a surgery and has mobility issues. She is

recovering but the extra time will help.

As to the other depositions requested in your letter of 8/22, please note the following

| Requested Deponent | | Start Date | End Date | Reason for leaving |
|---|---|---|---|---|
| Elizabeth | Reeves | 9/28/15 | 6/7/2019 | Heart operation. |
| Jackie | Whitley | 10/25/18 | Present | |
| Kimberly | Muller | 6/1/07 | 8/28/15 | Health reasons |
| Alok | Upadhyay | 1/13/12 | 8/16/2014 | Moved out of state for other job opportunity |
| Michael | Shaw | 6/26/92 | 9/22/08 | Died of heart attack |
| Bart | Tur | 8/7/17 | 3/31/19 | found other job |
| Irfan | Gill | 3/12/19 | Present | |

Given the above, the following former employees are being contacted to attempt to secure their depositions relative to this lawsuit:
Kimberly Mueller
Alok Upadhyay

As I mentioned along ago, Kim Mueller has health issues. That said, I am hoping to speak with her today. Perhaps we should tentatively schedule her for 9/16.
Mr. Upadhyay lives out of state. I am attempting to bring him in. Again, given the 16th is open, let's see if we can't utilize the date.

With the respect to the remainder, they would have no relevant knowledge to this matter and/or are unavailable.

Let me know if you want to further discuss.

Jim

**James J. Quinlan** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5430 | F: 215.832.5430 | quinlan@blankrome.com

# EXHIBIT C

**KLINE & SPECTER** PC
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

NADEEM A. BEZAR

NADEEM.BEZAR@KLINESPECTER.COM

215-772-0522
FAX: 215-772-1005

September 9, 2019

*Via Electronic & Regular Mail*

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Daniel E. Oberdick, Esquire
Blank Rome, LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

      **Re:**    **M.B. v. Roosevelt Inn LLC, et al.**
                **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Counsel,

      Enclosed please find two Videotaped Deposition Notices scheduled for Monday, September 16, 2019. Kimberly Mueller's deposition will take place at 10:00 a.m. and Alok Upadhyay's deposition will take place at 1:00 p.m. These depositions will take place in my office.

      Thank you.

                      Very truly yours,

                      NADEEM A. BEZAR

NAB/cl
Enclosure

cc:     Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire

**KLINE & SPECTER, P.C.**                                   *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | JURY TRIAL DEMANDED |
| | : | |

## <u>NOTICE OF VIDEOTAPED DEPOSITION</u>

<u>To:</u>    Grant S. Palmer, Esq.              Thomas P. Wagner, Esq.
        James J. Quinlan, Esq.             Robert W. Stanko, Esq.
        Justina L. Byers, Esq.             Melanie J. Foreman, Esq.
        Daniel E. Oberdick, Esq.           Marshall Dennehey Warner
        Blank Rome LLP                     Coleman & Goggin
        One Logan Square                   2000 Market Street, Suite 2300
        130 North 18th Street   Philadelphia, PA 19103
        Philadelphia, PA 19103             *Counsel of Defendant Alpha-*
        *Counsel for Defendants, Roosevelt Inn,*   *Centurion Security, Inc.*
        *LLC, d/b/a Roosevelt Inn and Roosevelt*
        *Inn Café, Roosevelt Motor Inn, Inc. d/b/a*
        *Roosevelt Motor Inn, UFVS Management*
        *Company, LLC and Yagna Patel*

        Please take notice that Plaintiff, by and through attorneys, Kline & Specter, P.C.

will take the videotaped deposition of

## ALOK UPADHYAY

on **Monday, September 16, 2019 at 1:00 p.m.** at Kline & Specter, P.C., 1525 Locust Street,

Philadelphia, Pennsylvania 19102 before a person authorized to administer oaths pursuant to the

Pennsylvania Rules of Civil Procedure.

Pursuant to Pa. R. Civ. P. 4007.1(d)(1), the deponent is instructed to bring with him any and all notes, diagrams, statements, and other records he may have in her possession relative to the incident that occurred which is the subject of this lawsuit, including but not limited to any and all documents, writings or schedules.

The deposition will continue from day to day thereafter until completed. You are invited to attend and examine the witness if you desire.

_____
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Dated:_____

**KLINE & SPECTER, P.C.**            *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | JURY TRIAL DEMANDED |
| | : | |

<u>**NOTICE OF VIDEOTAPED DEPOSITION**</u>

<u>**To:**</u>    Grant S. Palmer, Esq.                Thomas P. Wagner, Esq.
          James J. Quinlan, Esq.              Robert W. Stanko, Esq.
          Justina L. Byers, Esq.               Melanie J. Foreman, Esq.
          Daniel E. Oberdick, Esq.          Marshall Dennehey Warner
          Blank Rome LLP                   Coleman & Goggin
          One Logan Square                2000 Market Street, Suite 2300
          130 North 18th Street             Philadelphia, PA 19103
          Philadelphia, PA 19103        *Counsel of Defendant Alpha-*
          *Counsel for Defendants, Roosevelt Inn,*    *Centurion Security, Inc.*
          *LLC, d/b/a Roosevelt Inn and Roosevelt*
          *Inn Café, Roosevelt Motor Inn, Inc. d/b/a*
          *Roosevelt Motor Inn, UFVS Management*
          *Company, LLC and Yagna Patel*

Please take notice that Plaintiff, by and through attorneys, Kline & Specter, P.C.

will take the videotaped deposition of

**KIMBERLY MUELLER**

on <u>**Monday, September 16, 2019 at 10:00 a.m.**</u> at Kline & Specter, P.C., 1525 Locust Street,

Philadelphia, Pennsylvania 19102 before a person authorized to administer oaths pursuant to the

Pennsylvania Rules of Civil Procedure.

Pursuant to Pa. R. Civ. P. 4007.1(d)(1), the deponent is instructed to bring with her any and all notes, diagrams, statements, and other records she may have in her possession relative to the incident that occurred which is the subject of this lawsuit, including but not limited to any and all documents, writings or schedules.

The deposition will continue from day to day thereafter until completed. You are invited to attend and examine the witness if you desire.

_____
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Dated:_____

# EXHIBIT D

Nadeem A. Bezar, Esquire
Kline & Specter, PC
1525 Locust Street
Philadelphia PA 19102
215-772-0522
Nadeem.Bezar@klinespecter.com
www.klinespecter.com

Sent from my iPhone

Begin forwarded message:

> **From:** "Quinlan, James J." <Quinlan@BlankRome.com>
> **Date:** September 13, 2019 at 2:27:31 PM EDT
> **To:** "'Bezar, Nadeem'" <nadeem.bezar@klinespecter.com>
> **Cc:** "Wagner, Thomas P." <TPWagner@mdwcg.com>, "Stanko, Robert W." <RWStanko@mdwcg.com>, "Marks, Emily" <emily.marks@klinespecter.com>
> **Subject: RE: MB v. Roosevelt Matter re Alok Upadhyay and K. Mueller**
>
> Hi Nadeem
> Thanks for the E-mail. Ms. Mueller has not returned my calls yet. I will continue to try her over the weekend and I will email everyone mid-day Sunday (or SOONER) to report where I am.
>
> Sorry I don't have better news to share yet.
>
> Jim
>
>
> **James J. Quinlan** | BLANKROME
> One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
> O: 215.569.5430 | F: 215.832.5430 | quinlan@blankrome.com
>
> **From:** Bezar, Nadeem <nadeem.bezar@klinespecter.com>
> **Sent:** Friday, September 13, 2019 2:10 PM
> **To:** Quinlan, James J. <Quinlan@BlankRome.com>
> **Cc:** Wagner, Thomas P. <TPWagner@mdwcg.com>; Stanko, Robert W. <RWStanko@mdwcg.com>; Marks, Emily <emily.marks@klinespecter.com>
> **Subject:** Re: MB v. Roosevelt Matter re Alok Upadhyay and K. Mueller
>
> Jim,
>
> Looking for confirmation for Monday.
>
> Nadeem A. Bezar, Esquire
> Kline & Specter, PC
> 1525 Locust Street
> Philadelphia PA 19102
> 215-772-0522
> Nadeem.Bezar@klinespecter.com
> www.klinespecter.com
>
> Sent from my iPhone
>
> On Sep 12, 2019, at 11:43 AM, Quinlan, James J. <Quinlan@blankrome.com> wrote:

Nadeem:

With respect to your client's request to depose the Roosevelt's former employee, Alok Upadhyay, we continue in our efforts to have him voluntarily appear.

I am in contact with him and I understand he is out of the country for the next three weeks so I am not in a position to produce him Monday 9/16/19 as we had planned.

I am also including his last known address for your file in the event you decide to serve him with process:

103A Mulberry Cove
Mount Laurel, NJ 08054.

This is a deposition that may need to take place in New Jersey and during non-business hours.

As I mentioned, I am still making efforts to secure the attendance of Kim Mueller, another former Roosevelt employee for Monday 9/16/19. I will report back on my ability to do so tomorrow afternoon and over the weekend if her attendance is not confirmed sooner.

Sincerely,

Jim

**James J. Quinlan** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5430 | F: 215.832.5430 | quinlan@blankrome.com

**********************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

**********************************************************************************

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

Filed and Attested by the
Office of Judicial Records
19 SEP 2019 01:03 pm
M. TIERNEY

## ORDER

**AND NOW,** this        day of                        , 2019, upon consideration of

Plaintiff's Motion to Compel the Deposition of Howard Allen Richardson, and any response

thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.  Counsel for

Defendant Alpha-Centurion Security, Inc., is hereby **ORDERED** to produce Howard Allen

Richardson for a deposition on Wednesday, October 2, 2019 beginning at 10:00 a.m. The

deposition will take place at the law offices of Kline & Specter, P.C., 1525 Locust Street,

Philadelphia, PA 19102.  If counsel for Defendant Alpha-Centurion Security, Inc., is not

producing Mr. Richardson for his deposition then Defendant's counsel shall provide his last

known address and telephone number to Plaintiff's counsel within 5 days from the date of this

Order.  Failure to comply with this Order may result in sanctions upon application to the Court.

**BY THE COURT:**

_____

**J.**

**DISCOVERY DEADLINE:  October 7, 2019**

Case ID: 170300712

**KLINE & SPECTER, P.C.**                                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF HOWARD ALLEN RICHARDSON

Plaintiff, by and through their counsel, hereby aver the following:

1.    This case involves the sex trafficking of Plaintiff M.B. at the Roosevelt Inn at

7630 Roosevelt Boulevard, Philadelphia, PA 19152.

2.    On December 27, 2017 Plaintiff's counsel advised counsel for Defendant Alpha-

Centurion that he wanted to take the deposition of Howard Allen Richardson.  See 12/27/17 e-

mail attached as Exhibit "A".

3.    On December 30, 2017 counsel for Defendant Alpha-Centurion advised he would

track the witness down.  See 12/30/19 e-mail attached as Exhibit "A".

4.    On September 4, 2019, Plaintiff's counsel sent an E-mail to counsel for defendant

Alpha-Centurion requesting available dates to schedule the deposition of Howard Allen

Richardson.  Counsel for defendant responded, "We are following up with our client regarding

Mr. Richardson."  See 9/4/19 e-mail, attached as Exhibit "B".

5. On September 13, 2019 counsel for Plaintiff noticed the deposition of Howard Allen Richardson for Thursday, September 19, 2019 at 10:00 a.m. See 9/13/19 correspondence attached as Exhibit "C".

6. On September 18, 2019 Plaintiff's counsel E-mailed defense counsel inquiring if they would be producing Mr. Richardson on September 19, 2019 for his deposition. Defense counsel responded that they would not be producing Mr. Richardson. See 9/18/19 e-mail attached as Exhibit "D".

7. Howard Allen Richardson has information that is relevant to Plaintiff's case.

8. Plaintiff will be severely prejudiced in this matter without Mr. Richardson's deposition testimony.

9. Therefore, Plaintiff seeks a Court Order compelling counsel for Defendant Alpha-Centurion to produce Howard Allen Richardson for deposition on Wednesday, October 2, 2019 at 10:00 a.m.

10. If Defendant Alpha-Centurion Security, Inc., is not producing Mr. Richardson for his deposition then Plaintiff respectfully requests this Court enter the attached order compelling Defendant's counsel to provide Mr. Richardson's last known contact information.

**WHEREFORE**, Plaintiff respectfully request this Honorable Court to enter the attached Order granting Plaintiffs Motion to Compel the Deposition of Howard Allen Richardson.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

_____
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

---

**To:**      Thomas P. Wagner, Esq.
            Robert W. Stanko, Esq.
            Melanie J. Foreman, Esq.
            Marshall Dennehey Warner Coleman & Goggin
            2000 Market Street, Suite 2300
            Philadelphia, PA 19103
            *Counsel for Alpha-Centurion Security, Inc.*


Please take notice that the following Motion:
        ☒     Plaintiff's Motion to Compel the Deposition of Howard Allen Richardson
        ☐     Defendant's Motion _____

will be presented to the Court on the date and time provided electronically by the Court in the
Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA. <u>See</u> electronic
confirmation to be provided.


            */s/Emily B. Marks*                          *9/19/19*
By:                                               Date: _____
        _____
        EMILY B. MARKS, ESQUIRE
        Attorney I.D. No. 204405
        Telephone Number: 215.772-0524
        Address:    Kline & Specter, P.C.
                    1525 Locust Street
                    Philadelphia, PA 19102

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion to Compel the Deposition of Howard Allen Richardson was filed with the Court on September _19___, 2019 and served:

By regular mail upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

By: _____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

9/19/19

Dated: _____

# Attorney Certification of Good Faith
### Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

    **X**  a. He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

    Plaintiff's counsel sent follow up correspondence and e-mails to defense counsel requesting the scheduling of the deposition, to no avail.

    ☐  b. He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

### CERTIFIED TO THE COURT BY:

*/s/Emily B. Marks*
_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

## VERIFICATION

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion to Compel the Deposition of Howard Allen Richardson against Defendant Alpha-Centurion is true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

*/s/Emily B. Marks*

_____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "A"

-----Original Message-----
From: Wagner, Thomas P. <TPWagner@MDWCG.com>
Sent: Saturday, December 30, 2017 10:27 AM
To: Bezar, Nadeem <nadeem.bezar@klinespecter.com>
Subject: Re:

OK, thank you. We will try to track this down with our client.

Tom Wagner

> On Dec 27, 2017, at 2:24 PM, Bezar, Nadeem <Nadeem.Bezar@KlineSpecter.com> wrote:
>
> Howard Allen Richardson is the name of the person that worked security.
>
> According to his father -who shares the same name, we have never spoken to him.
>
> We are no longer attempting to serve him until we hear back from you.
>
> Nadeem A Bezar
> Kline & Specter, PC
> 1525 Locust Street
> Philadelphia, Pa 19102
> 215-772-0522
> Nadeem.Bezar@klinespecter.com
> www.klinespecter.com
>
>
> Sent from my iPhone

# EXHIBIT "B"

| | |
|---|---|
| **From:** | Foreman, Melanie J. <MJForeman@MDWCG.com> |
| **Sent:** | Wednesday, September 4, 2019 4:22 PM |
| **To:** | Marks, Emily; Wagner, Thomas P. |
| **Cc:** | Quinlan, James J.; Stanko, Robert W.; Lawson, Christie |
| **Subject:** | RE: M.B. v. Roosevelt, et. al. |

Dear Emily,

Mr. Fenwick's last known address is 429 Lafayette Ave. Collingdale, PA 19023.

We are following up with our client regarding Mr. Richardson.



**MARSHALL DENNEHEY**
WARNER COLEMAN & GOGGIN
ATTORNEYS·AT·LAW

PA   NJ   DE   OH   FL   NY

**Melanie J. Foreman**
*Attorney at Law*
bio | e-mail | website

2000 Market St.
Suite 2300
Philadelphia, PA 19103
Direct:   (215) 575-2694
Main:    (215) 575-2600
Fax:      (215) 575-0856

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to MJForeman@MDWCG.com , or by telephone at (215) 575-2694 and then delete the message and its attachments from your computer.

**From:** Marks, Emily <emily.marks@klinespecter.com>
**Sent:** Wednesday, September 4, 2019 11:45 AM
**To:** Foreman, Melanie J. <MJForeman@MDWCG.com>; Wagner, Thomas P. <TPWagner@MDWCG.com>
**Cc:** Quinlan, James J. <Quinlan@blankrome.com>; Stanko, Robert W. <RWStanko@MDWCG.com>; Lawson, Christie <christie.lawson@klinespecter.com>
**Subject:** RE: M.B. v. Roosevelt, et. al.

Melanie,

I am following up on Mr. Fenwick's last known address.  Please provide his last known contact information.

Additionally, as previously discussed, we would like to take the deposition of Howard Allen Richardson.  If you will not be producing Mr. Richardson, please provide his last known contact information.

Thank you,

Emily Marks

**From:** Foreman, Melanie J. <MJForeman@MDWCG.com>
**Sent:** Thursday, August 15, 2019 4:26 PM
**To:** Marks, Emily <emily.marks@klinespecter.com>; Wagner, Thomas P. <TPWagner@MDWCG.com>

# EXHIBIT "C"

**KLINE & SPECTER** PC
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524
FAX: 215-772-1005

September 13, 2019

*Via Electronic & Regular Mail*

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Daniel E. Oberdick, Esquire
Blank Rome, LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

*Via Electronic & Regular Mail*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

> **Re:** **M.B. v. Roosevelt Inn LLC, et al.**
> **Philadelphia CCP, March Term, 2017, No. 00712**

Dear Counsel,

Enclosed is a Notice of Deposition for Howard Allen Richardson scheduled for Thursday, September 19, 2019 beginning at 10:00 a.m. This deposition will take place in my office.

Thank you.

Very truly yours,

EMILY B. MARKS

EBM/cl
Enclosures

**KLINE & SPECTER, P.C.**　　　　　　　　　*Attorneys for Plaintiff*
BY:　THOMAS R. KLINE, ESQUIRE/28895
　　　NADEEM A. BEZAR, ESQUIRE/63577
　　　EMILY B. MARKS, ESQUIRE/204405
　　　KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | JURY TRIAL DEMANDED |
| | : | |

## <u>NOTICE OF DEPOSITION</u>

<u>To:</u>　　　Thomas P. Wagner, Esq.
　　　　　Robert W. Stanko, Esq.
　　　　　Melanie J. Foreman, Esq.
　　　　　Marshall Dennehey Warner Coleman & Goggin
　　　　　2000 Market Street, Suite 2300
　　　　　Philadelphia, PA 19103
　　　　　*Counsel of Defendant Alpha-Centurion Security, Inc.*

　　　　Please take notice that Plaintiff, by and through attorneys, Kline & Specter, P.C.

will take the deposition of

### HOWARD ALLEN RICHARDSON

on <u>**Thursday, September 19, 2019 at 10:00 a.m.**</u> at Kline & Specter, P.C., 1525 Locust Street,

Philadelphia, Pennsylvania 19102 before a person authorized to administer oaths pursuant to the

Pennsylvania Rules of Civil Procedure.

　　　　Pursuant to Pa. R. Civ. P. 4007.1(d)(1), the deponent is instructed to bring with him any

and all notes, diagrams, statements, and other records he may have in her possession relative to

the incident that occurred which is the subject of this lawsuit, including but not limited to any and all documents, writings or schedules.

The deposition will continue from day to day thereafter until completed. You are invited to attend and examine the witness if you desire.

NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Dated: 9/13/19

# EXHIBIT "D"

| | |
|---|---|
| **From:** | Stanko, Robert W. <RWStanko@MDWCG.com> |
| **Sent:** | Wednesday, September 18, 2019 6:01 PM |
| **To:** | Marks, Emily |
| **Cc:** | Bezar, Nadeem; Pagan, Jessica; Wagner, Thomas P.; Foreman, Melanie J.; Palmer, Grant; Quinlan, James J.; Oberdick, Daniel; Nocho, Kyle; Lawson, Christie |
| **Subject:** | RE: M.B. v. Roosevelt Inn LLC, et al. |

No, we will not be producing Mr. Richardson. We have not been in contact with him.



**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
ATTORNEYS AT LAW
PA    NJ    DE    OH    FL    NY

**Robert W. Stanko**
*Attorney at Law*
bio | e-mail | website

2000 Market St.
Suite 2300
Philadelphia, PA 19103
Direct:    (215) 575-2807
Main:     (215) 575-2600
Fax:       (215) 575-0856

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to RWStanko@MDWCG.com , or by telephone at (215) 575-2807 and then delete the message and its attachments from your computer.

**From:** Marks, Emily <emily.marks@klinespecter.com>
**Sent:** Wednesday, September 18, 2019 6:00 PM
**To:** Stanko, Robert W. <RWStanko@MDWCG.com>
**Cc:** Bezar, Nadeem <nadeem.bezar@klinespecter.com>; Pagan, Jessica <jessica.pagan@klinespecter.com>; Wagner, Thomas P. <TPWagner@MDWCG.com>; Foreman, Melanie J. <MJForeman@MDWCG.com>; Palmer, Grant <Palmer@blankrome.com>; Quinlan, James J. <Quinlan@blankrome.com>; Oberdick, Daniel <DOberdick@blankrome.com>; Nocho, Kyle <kyle.nocho@klinespecter.com>; Lawson, Christie <christie.lawson@klinespecter.com>
**Subject:** Re: M.B. v. Roosevelt Inn LLC, et al.

Rob, just following up on your email below. Will you be producing Mr. Richardson tomorrow? I need to confirm with the court reporter.

Thanks
Emily

On Sep 17, 2019, at 9:16 AM, Stanko, Robert W. <RWStanko@mdwcg.com> wrote:

Hi, Nadeem. As of now, no, we have not been in contact with him. If you have, please provide us with his contact information.

1

Filed and Attested by the
Office of Judicial Records
23 SEP 2019 12:59 pm
E. TIERNEY

M.B.                                              :        PHILADELPHIA COUNTY
                                                  :        COURT OF COMMON PLEAS
v.                                                :
                                                  :        CIVIL TRIAL DIVISION
ROOSEVELT INN LLC                                 :        MARCH TERM, 2017
d/b/a ROOSEVELT INN and                           :        NO.: 00712
ROOSEVELT INN CAFÉ, et al.                        :
                                                  :

## ORDER

      AND NOW, on this           day of                  , 2019, upon consideration of the

attached Stipulation for Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn,

Inc., UFVS Management Company, LLC and Yagna Patel (hereinafter collectively "the Roosevelt

Inn Defendants") to produce Blanche Bersche for a deposition on October 22, 2019 via video

conference beginning at 12:00 pm EST. entered into by counsel for all interested parties, this

Honorable Court hereby approves the Stipulation and all interested parties shall abide by its terms

and conditions.


                    BY THE COURT:


                                    _____

                                             J.

Case ID: 170300712

**KLINE & SPECTER, P.C.**                                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## <u>STIPULATION FOR DEFENDANTS ROOSEVELT INN LLC d/b/a ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL TO PRODUCE BLANCHE BERSCHE FOR A DEPOSITION</u>

Counsel for Plaintiff, M.B. and counsel for Defendants Roosevelt Inn LLC d/b/a

Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Inn Defendants") hereby stipulate to the following:

1.     Counsel for the Roosevelt Defendants agree to produce Blanche Bersche for a

deposition on October 22, 2019 via video conference beginning at 12:00 pm EST which was

scheduled for September 11, 2019 per the Court's July 16, 2019 Order attached as Exhibit "A".

2.     Failure to comply with this Stipulation may result in sanctions upon application to

the Court.

3.     This stipulation may be executed in counterparts.


**KLINE & SPECTER, P.C.**                    **BLANK ROME LLP**

_[signature]_                                _[signature]_                    9/24/19

THOMAS R. KLINE, ESQUIRE                     GRANT S. PALMER, ESQUIRE
NADEEM A. BEZAR, ESQUIRE                     JAMES J. QUINLAN, ESQUIRE
EMILY B. MARKS, ESQUIRE                      JUSTINA L. BYERS, ESQUIRE
*Attorneys for Plaintiff*                    DANIEL E. OBERDICK, ESQUIRE
                                             *Attorneys for Defendants Roosevelt Inn*
                                             *LLC d/b/a Roosevelt Inn and Roosevelt Inn*
                                             *Café, Roosevelt Motor Inn, Inc. d/b/a*
Date: _____                        *Roosevelt Motor Inn, UFVS Management*
                                             *Company, LLC and Yagna Patel*

# EXHIBIT "A"

7-16(C)9AM
Rm-625

M.B.                                    :        PHILADELPHIA COUNTY
                                        :        COURT OF COMMON PLEAS
v.                                      :
                                        :        CIVIL TRIAL DIVISION
ROOSEVELT INN LLC                       :        MARCH TERM, 2017
d/b/a ROOSEVELT INN and                 :        NO.: 00712
ROOSEVELT INN CAFÉ, et al.              :
                                        :

## ORDER

**AND NOW**, this 16 day of July, 2019, upon consideration of

Plaintiff's Motion to Compel the Depositions of Yagna Patel and Blanche Bersch, and any

response thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.  Counsel for

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS

Management Company, LLC and Yagna Patel, are hereby **ORDERED** to produce Yagna Patel

for a deposition on Thursday, August ~~8~~ 2019 beginning at 10:00 a.m. and Blanche Bersch for a

deposition on ~~Friday, August 2, 2019~~ September 11, 2019 beginning at ~~and 10:00 a.m.~~ 12:00 pm EST.  The deposition will take place ~~of Yagna Patel the deposition~~

at the law offices of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, PA 19102.  Failure ~~Blanche Be~~

to comply with this Order may result in sanctions upon application to the Court.  will take place at

the Los Angeles office

Blank Rome and by

video cint

BY THE COURT: _____

                                                         J.

MOTION SUBMITTED

JUL 16 2019

BY AGREEMENT

B. Etal Vs Roosevelt Inn Llc Etal-ORDER

**DISCOVERY DEADLINE:**  October 7, 2019



17030071200155

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

*Filed and Attested by the Office of Judicial Records 26 SEP 2019 02:33 pm C. JONES*

In the matter of:

B. ETAL VS ROOSEVELT INN LLC ETAL

Court of Common Pleas

_____ March _____ Term, Yr. 17 _____

No. __00712_____

# Subpoena

To: __Guillermo Salas_____

   (*Name of Witness*)                (*Nombre del Testigo*)

1. YOU ARE ORDERED BY THE COURT TO COME TO (*El tribunal le ordena que venga a*)

Blank Rome, One Logan Square, 130 N. 18th Street_____ , AT PHILADELPHIA, PENNSYLVANIA ON (*En Filadelfia*

*Pensilvania el*) _____ October 03, 2019 _____ , AT (*a las*) 10:00 O'CLOCK __A__.M., TO

TESTIFY ON BEHALF OF (*para atestiguar a favor de*) __ROOSEVELT INN LLC_____ IN THE

ABOVE CASE, AND TO REMAIN UNTIL EXCUSED (*en el caso arriba mencionado y permanecer hasta que le autoricen irse*).

2. AND BRING WITH YOU THE FOLLOWING (*Y traer con usted lo siguiente*):

### Notice

**If you fail to attend or to produce the documents or things required by the subpoena, you may be subject to the sanctions authorized by Rule 234.5 of the Pennsylvania Rules of Civil Procedure, including but not limited to costs, attorney fees and imprisonment.**

### Aviso

**Si usted falla en comparecer o producir los documentos o cosas requeridas por esta cita, usted estara sujeto a las sanciones autorizadas por la regla 234.5 de las reglas de procedimiento civil de Pensilvania incluyendo pero no limitado a los costos, remuneracion de abogados y encarcelamiento.**

INQUIRIES CONCERNING THIS SUBPOENA SHOULD BE ADDRESSED TO (*Las preguntas que tenga acerca de esta Citacion deben ser dirigidas a*):

ISSUED BY:         Oberdick, DanielE
                      Blank Rome Llp

(*Attorney*)          One Logan Square

Address (*Direccion*):     130 N. 18th Street

Telephone No. (*No. de Telefono*):     215 569-5436

Attorney ID # (*Abogado ID#*):     309676

BY THE COURT (*Por El Tribunal*):
**Eric Feder**
Deputy Court Administrator  *(Administrador del Tribunal Adjunto)*
Director, Office of Judicial Records *(Director de la Oficina de Registros Judiciales)*

PRO

(Clerk)                   (*Escribano*)

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

In the matter of:

Court of Common Pleas

_____ March _____ Term, Yr. 17 _____

B. ETAL VS ROOSEVELT INN LLC ETAL

No. 00712 _____

# Return of Service

On the ___22___ day of ___September___, Yr. 2019

I, ___JOSE A. BURGOS___, served with the foregoing subpoena by (described method of service):

___SERVED TO JESSICA SALAS WHO ACCEPTED___
___SERVICE @ 5:32PM___

I verify that the statements in this return of service are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

___9-26-19___
Date

___[signature]___
Signature

___GUILLERMO Salas___
Name of Witness

___JESSICA Salas___
Name of person Served

FREDERICKS & PALMER PROCESS
SERVING
1735 MARKET STREET SUITE A532
PHILADELPHIA PA 19103
215-833-8307



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

*Filed and Attested by the Office of Judicial Records 26 SEP 2019 02:36 pm C. JONES*

In the matter of:

B. ETAL VS ROOSEVELT INN LLC ETAL

Court of Common Pleas

_____ March _____ Term, Yr. 17 _____

No. ___ 00712 _____

# Subpoena

To: __ Jessica Salas _____
    (*Name of Witness*)             (*Nombre del Testigo*)

  1.   YOU ARE ORDERED BY THE COURT TO COME TO (*El tribunal le ordena que venga a*)

__Blank Rome, One Logan Square, 130 N. 18th Street____, AT PHILADELPHIA, PENNSYLVANIA ON (*En Filadelfia*

*Pensilvania el*) _____ October 03, 2019 _____, AT (*a las*) 01:00 O'CLOCK _P_.M., TO

TESTIFY ON BEHALF OF (*para atestiguar a favor de*) __ ROOSEVELT INN LLC _____ IN THE

ABOVE CASE, AND TO REMAIN UNTIL EXCUSED (*en el caso arriba mencionado y permanecer hasta que le autoricen irse*).

  2.   AND BRING WITH YOU THE FOLLOWING (*Y traer con usted lo siguiente*):

<table>
<tr><td>

**Notice**

If you fail to attend or to produce the documents or things required by the subpoena, you may be subject to the sanctions authorized by Rule 234.5 of the Pennsylvania Rules of Civil Procedure, including but not limited to costs, attorney fees and imprisonment.

</td><td>

**Aviso**

Si usted falla en comparecer o producir los documentos o cosas requeridas por esta cita, usted estara sujeto a las sanciones autorizadas por la regla 234.5 de las reglas de procedimiento civil de Pensilvania incluyendo pero no limitado a los costos, remuneracion de abogados y encarcelamiento.

</td></tr>
</table>



INQUIRIES CONCERNING THIS SUBPOENA SHOULD BE ADDRESSED TO (*Las preguntas que tenga acerca de esta Citacion deben ser dirigidas a*):

ISSUED BY:     Oberdick, DanielE
                     Blank Rome Llp

(*Attorney*)             (*Abodagoátbóiguáray*e

Address (*Direccion*):     130 N. 18th Street

Telephone No. (*No. de Telefono*):     215 569-5436

Attorney ID # (*Abogado ID#*):     309676

BY THE COURT (*Por El Tribunal*):
**Eric Feder**
Deputy Court Administrator  (*Administrador del Tribunal Adjunto*)
Director, Office of Judicial Records  (*Director de la Oficina de Registros Judiciales*)

PRO

         (Clerk)                 (*Escribano*)
You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251  or Email: eCommCertSupport@courts.phila.gov



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

In the matter of:

Court of Common Pleas

_____ March _____ Term, Yr. 17 _____

B. ETAL VS ROOSEVELT INN LLC ETAL

No. 00712 _____

# Return of Service

On the ____22____ day of ___SEPTEMBER_____, Yr. 2019,

I, JOSE A. BURGOS _____, served with the foregoing subpoena by (described

method of service):

SERVED TO JESSICA SALAS, PERSONAL IN

HAND @ 5:32PM

I verify that the statements in this return of service are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

9-26-19
*Date*

*Signature*

JESSICA SALAS
*Name of Witness*

JESSICA SALAS
*Name of person Served*

FREDERICKS & PALMER PROCESS
SERVING
1735 MARKET STREET SUITE A532
PHILADELPHIA PA 19103
215-833-8307

Case ID: 170300712

*Filed and Attested by the Office of Judicial Records 26 SEP 2019 02:42 pm C. JONES*

In the matter of:

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, Yr. 17 _____

No. 00712 _____

# Subpoena

To: __Kelly Mahon Beason_____

(*Name of Witness*)                 (*Nombre del Testigo*)

1. YOU ARE ORDERED BY THE COURT TO COME TO (*El tribunal le ordena que venga a*)

Blank Rome, One Logan Square, 130 N. 18th Street_____ , AT PHILADELPHIA, PENNSYLVANIA ON (*En Filadelfia*

*Pensilvania el*) _____October 02, 2019_____ , AT (*a las*) 01:00 O'CLOCK _P_.M., TO

TESTIFY ON BEHALF OF (*para atestiguar a favor de*) __ROOSEVELT INN LLC_____ IN THE

ABOVE CASE, AND TO REMAIN UNTIL EXCUSED (*en el caso arriba mencionado y permanecer hasta que le autoricen irse*).

2. AND BRING WITH YOU THE FOLLOWING (*Y traer con usted lo siguiente*):

### Notice

If you fail to attend or to produce the documents or things required by the subpoena, you may be subject to the sanctions authorized by Rule 234.5 of the Pennsylvania Rules of Civil Procedure, including but not limited to costs, attorney fees and imprisonment.

### Aviso

Si usted falla en comparecer o producir los documentos o cosas requeridas por esta cita, usted estara sujeto a las sanciones autorizadas por la regla 234.5 de las reglas de procedimiento civil de Pensilvania incluyendo pero no limitado a los costos, remuneracion de abogados y encarcelamiento.



INQUIRIES CONCERNING THIS SUBPOENA SHOULD BE ADDRESSED TO (*Las preguntas que tenga acerca de esta Citacion deben ser dirigidas a*):

ISSUED BY:          Oberdick, DanielE
                    Blank Rome Llp
(*Attorney*)        One Logan Square

Address (*Direccion*):     130 N. 18th Street

Telephone No. (*No. de Telefono*):     215 569-5436

Attorney ID # (*Abogado ID#*):     309676

BY THE COURT (*Por El Tribunal*):
**Eric Feder**
Deputy Court Administrator *(Administrador del Tribunal Adjunto)*
Director, Office of Judicial Records *(Director de la Oficina de Registros Judiciales)*

PRO

(Clerk)                          (*Escribano*)

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or Email: eCommCertSupport@courts.phila.gov



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

In the matter of:

Court of Common Pleas

_____ March _____ Term, Yr. _17_____

B. ETAL VS ROOSEVELT INN LLC ETAL

No.___00712_____

# Return of Service

On the ____22____ day of __September_____ , Yr. 201 9

I, __Jose A. Burgos_____ , served with the foregoing subpoena by (described

method of service):

__Served to Joyce Reeves, Person in__

__Charge who Accepted Service @ 5:59pm__

I verify that the statements in this return of service are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

__9-26-19_____
Date

_____
Signature

__Kelly Mahon Beason__
Name of Witness

__Joyce Reeves__
Name of person Served

FREDERICKS & PALMER PROCESS
SERVING
1735 MARKET STREET SUITE A532
PHILADELPHIA PA 19103
215-833-8307

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

*Filed and Attested by the Office of Judicial Records 26 SEP 2019 02:40 pm C. JONES*

In the matter of:

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, Yr. 17 _____

No.__ 00712 _____

# Subpoena

To: __Robert Beason_____

    *(Name of Witness)*                      *(Nombre del Testigo)*

   1.   YOU ARE ORDERED BY THE COURT TO COME TO *(El tribunal le ordena que venga a)*

__Blank Rome, One Logan Square, 130 N. 18th Street_____ , AT PHILADELPHIA, PENNSYLVANIA ON *(En Filadelfia*

*Pensilvania el)* _____ October 02, 2019 _____ , AT *(a las)* 10:00 O'CLOCK _A_.M., TO

TESTIFY ON BEHALF OF *(para atestiguar a favor de)* ___ROOSEVELT INN LLC_____ IN THE

ABOVE CASE, AND TO REMAIN UNTIL EXCUSED *(en el caso arriba mencionado y permanecer hasta que le autoricen irse).*

   2.   AND BRING WITH YOU THE FOLLOWING *(Y traer con usted lo siguiente)*:

| **Notice** | **Aviso** |
|---|---|
| **If you fail to attend or to produce the documents or things required by the subpoena, you may be subject to the sanctions authorized by Rule 234.5 of the Pennsylvania Rules of Civil Procedure, including but not limited to costs, attorney fees and imprisonment.** | **Si usted falla en comparecer o producir los documentos o cosas requeridas por esta cita, usted estara sujeto a las sanciones autorizadas por la regla 234.5 de las reglas de procedimiento civil de Pensilvania incluyendo pero no limitado a los costos, remuneracion de abogados y encarcelamiento.** |



INQUIRIES CONCERNING THIS SUBPOENA SHOULD BE ADDRESSED TO *(Las preguntas que tenga acerca de esta Citacion deben ser dirigidas a)*:

ISSUED BY:     Oberdick, DanielE

                   Blank Rome Llp

*(Attorney)*       One Logan Square

Address *(Direccion)*:     130 N. 18th Street

Telephone No. *(No. de Telefono)*:     215 569-5436

Attorney ID # *(Abogado ID#)*:     309676

BY THE COURT *(Por El Tribunal)*:
**Eric Feder**
Deputy Court Administrator *(Administrador del Tribunal Adjunto)*
Director, Office of Judicial Records *(Director de la Oficina de Registros Judiciales)*

PRO

             (Clerk)               *(Escribano)*

You may contact the Office of Judicial Records to verify that this subpoena
was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or Email: eCommCertSupport@courts.phila.gov

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

In the matter of:

B. ETAL VS ROOSEVELT INN LLC ETAL

Court of Common Pleas

_____ March _____ Term, Yr. _17_____

No. _00712_____

# **Return of Service**

On the _____22_____ day of __September_____, Yr. 2019,
I, __Jose A. Burgos_____, served with the foregoing subpoena by (described method of service):
__Served To Joyce Reeves Person in__
__Charge who Accepted Service @ 5:59 pm__

I verify that the statements in this return of service are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

9-26-19
_____
Date

_____
Signature

Kelly Mahon Beason
_____
Name of Witness

Joyce Reeves
_____
Name of person Served

FREDERICKS & PALMER PROCESS
SERVING
1735 MARKET STREET SUITE A532
PHILADELPHIA PA 19103
215-833-8307

Case ID: 170300712

DAIQUAN DAVIS
FEDERAL DETENTION CENTER
PO BOX 9000
72304-66
BERLIN, NH 03570

B. ETAL VS ROOSEVELT INN LLC ETAL
170300712

B. Etal Vs Roosevelt Inn Llc Etal-MAILR

17030071200172

**FILED**
02 AUG 2019 03:03 pm
Civil Administration
C. KEENAN

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| | : | |
| v. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

AND NOW, this _27_ day of _Aug_____, 2019, upon consideration of

Plaintiff's Motion for Leave to File a Third Amended Complaint, and any response thereto, it is

hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.

It is further **ORDERED** that Plaintiff may file a Third Amended Complaint consistent with

the proposed Third Amended Complaint, as attached to Plaintiff's Motion as Exhibit "B".

BY THE COURT:

_____ J.

B. Etal Vs Roosevelt In-ORDER

17030071200162

Case ID: 170300712
Control No.: 19080412

Filed and Attested by the
Office of Judicial Records
20 SEP 2019 04:55 pm
E. HAURIN

TO PLAINTIFF AND DEFENDANTS, YOU ARE
HEREBY NOTIFIED TO FILE A WRITTEN
RESPONSE TO THE ENCLOSED NEW MATTER
WITH CROSSCLAIMS WITHIN TWENTY (20)
DAYS FROM SERVICE HEREOF OR A JUDGMENT
MAY BE ENTERED AGAINST YOU.


By: _/s/ Grant S. Palmer_____
    Attorney for Defendants Roosevelt Inn, LLC, et al.


**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
       quinlan@blankrome.com
       byers@blankrome.com
       doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

---

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| Defendants. | : | |


**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S**
**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**
**WITH NEW MATTER AND NEW MATTER CROSSCLAIMS**

Case ID: 170300712

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (collectively "Answering Defendants"), by and through counsel, Blank Rome LLP, hereby file their Answer with New Matter and New Matter Crossclaims to minor Plaintiff M.B.'s ("Plaintiff") Third Amended Complaint ("Complaint") as follows:

1.     Denied as stated.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

2.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

3.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

4.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

5.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

6.     Admitted in part; denied in part.  It is admitted only that Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café is a Delaware limited liability company.  The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at trial.

2

Case ID: 170300712

7.     Admitted in part; denied in part.  It is admitted only that Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn is a Pennsylvania corporation.  The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

8.     Admitted in part; denied in part.  It is admitted only that UFVS Management Company, LLC is a New York limited liability company.  The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

9.     Admitted in part; denied in part.  It is admitted only that Yagna Patel was involved in the management of the Roosevelt Inn.  The remaining averments contained in this paragraph are denied.  Strict proof is demanded at time of trial.

10.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

11.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

12.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

150213.00601/121960903v.1

Case ID: 170300712

13.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at time of trial.

14.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at time of trial.

15.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at time of trial.

16.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

17.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

18.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or

4

Case ID: 170300712

omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

19.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

20.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

21.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

22.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

23.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

24.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

150213.00601/121960903v.1

Case ID: 170300712

25. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

26. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

27. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

28. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

29. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

6

Case ID: 170300712

30.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

31.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

32.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

33.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

34.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

35.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

36.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

37.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or

150213.00601/121960903v.1

Case ID: 170300712

omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

38. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

39. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

40. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

41. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

150213.00601/121960903v.1

Case ID: 170300712

42.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

43.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

44.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way cause or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

45.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way cause or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

46.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

47.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way

150213.00601/121960903v.1

Case ID: 170300712

cause or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

48.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

49.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

50.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

51.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

52.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments

150213.00601/121960903v.1

Case ID: 170300712

are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

53. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

54. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

55. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

56. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

150213.00601/121960903v.1

Case ID: 170300712

57.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

58.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

59.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied and strict proof is demanded at trial.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

60.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied and strict proof is demanded at trial.  Further, it is specifically denied that Answering Defendants were negligent at any time material hereto.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

61.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments

150213.00601/121960903v.1

Case ID: 170300712

are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

62. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

63. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

64. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

65. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants were negligent at any time material hereto. Further, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts

13

Case ID: 170300712

or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

66. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. Further, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

67. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

68. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto. Further, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

69. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

150213.00601/121960903v.1

Case ID: 170300712

## COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 PA.C.S.A. § 3051

## M.B. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

70.     Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

71.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at trial.

72.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

73.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.  Further, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff.

74.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto.  Further, it is specifically

15

Case ID: 170300712

denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT II – NEGLIGENCE

### M.B. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

75.     Denied. To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

76.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

77.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

78.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or

16

Case ID: 170300712

omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

79. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

80. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

81. Denied. The averments contained in this paragraph, and its subparagraphs, are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph and its subparagraphs are denied. It is specifically denied that Answering Defendants were negligent at any time material hereto. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

82. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants were negligent at any time material hereto. Further, after reasonable investigation, Answering Defendants are without

17

Case ID: 170300712

knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in anyway caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

83. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants were negligent at any time material hereto. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in anyway caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

84. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT III – NEGLIGENCE

## M.B. V. ALPHA-CENTURION SECURITY, INC.

85. Denied. To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

18

Case ID: 170300712

86. – 94.     Denied.   Paragraphs 86 through 94 are directed to parties other than Answering Defendants and no responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

### COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

95.     Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

96.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Answering Defendants were negligent at any time material hereto.  Further, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

97.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto.  By way of further response, it is specifically denied that

Case ID: 170300712

any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## M.B. V. ALPHA-CENTURION SECURITY, INC.

98. Denied. To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

99. – 100. Denied. Paragraphs 116 through 117 are directed to parties other than Answering Defendants and no responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## NEW MATTER

100. Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

101. Plaintiff's Complaint fails to state any claim against Answering Defendants upon which relief may be granted.

102. The alleged incident was not caused by the negligence, negligence per se, recklessness, carelessness, or violation of statute, code, regulation or standard of Answering Defendants.

103. The injuries, losses, or damages suffered by Plaintiff were not proximately caused

20

Case ID: 170300712

by Answering Defendants.

104. Plaintiff's claims of damages, which are specifically denied, were not proximately caused by any acts and/or omissions of Answering Defendants, their employees, servants or agents.

105. Any harm or injury suffered by Plaintiff was caused by Plaintiff's own actions and/or inactions.

106. The alleged incident was caused by the negligence, recklessness and/or carelessness of Plaintiff and/or other persons or parties other than Answering Defendants.

107. Plaintiff's actions and/or inactions were negligent and such negligence was a superseding, intervening cause of the alleged accident that bars or limits all claims by Plaintiff.

108. Plaintiff's claims are the result of acts or omissions of other individuals or entities whose acts or omissions constituted intervening and/or superseding causes over which Answering Defendants had no control and which Answering Defendants could not foresee.

109. No conduct, actions, inaction, or omissions on the part of Answering Defendants caused or contributed to Plaintiff's injuries or damages, if any.

110. Answering Defendants were not negligent, careless and/or reckless at any time material hereto.

111. Plaintiff has failed to join all indispensable parties.

112. Plaintiff's Complaint is barred or limited by the appropriate statute of limitations or statute of repose.

113. Plaintiff's Complaint is barred or limited by the doctrine of waiver, estoppel, res judicata and/or laches.

114. Plaintiff's claims are barred or limited by the doctrine of spoliation.

150213.00601/121960903v.1

Case ID: 170300712

115. Plaintiff's claims are barred or limited by the doctrines of contributory negligence, comparative negligence, and/or assumption of the risk.

116. Plaintiff's Complaint is barred or limited by Plaintiff's failure to mitigate damages.

117. The injuries and damages complained of by Plaintiff pre-existed or are unrelated to the incident or occurrence which is the subject matter of Plaintiff's Complaint.

118. Plaintiff's claims for damages, if any, are excessive and unsupported and, therefore, must be barred or limited.

119. Answering Defendants owed no duty of care to Plaintiff.

120. To the extent that Answering Defendants owed a duty to Plaintiff, which is denied, Answering Defendants did not breach any duty.

121. A party other than Answering Defendants directed, supervised, and controlled the premises where Plaintiff was allegedly injured.

122. Any acts or omissions of Answering Defendants were not substantial causes of and did not result in the injuries and/or losses alleged by Plaintiff.

123. Plaintiff fails to state a claim under Pennsylvania's Human Trafficking Law, 18 Pa.C.S. § 3001, *et seq*.

124. Plaintiff fails to state a claim under Pennsylvania's Human Trafficking Law, 18 Pa.C.S. § 3051.

125. The alleged causes of action contained in Plaintiff's Complaint are barred by any and all applicable affirmative defenses explicitly set forth in Pa.R.C.P. 1030(a).

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

22

## NEW MATTER CROSSCLAIMS

## ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL V. DEFENDANT ALPHA-CENTURION SECURITY, INC.

126.    Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

127.    If the allegations in Plaintiff's Third Amended Complaint are true, it is averred that Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants are alone liable to Plaintiff, with all liability on the part of Answering Defendants being expressly denied.

128.    In the alternative, if it is judicially determined that Answering Defendants are liable to Plaintiff, the same being expressly denied, then Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants are jointly and severally liable along with Answering Defendants and/or liable over to Answering Defendants for contribution and/or indemnity.

129.    Pursuant to the terms of a March 1, 2007 Security Contract ("Security Contract") between Alpha-Centurion Security, Inc. and Answering Defendants, Alpha-Centurion Security, Inc. was obligated to safeguard individuals at the Roosevelt Inn by identifying criminal activity and taking appropriate responsive action.  *See* Security Contract attached as Exhibit "A."

130.    In the event that the allegations in Plaintiff's Third Amended Complaint are proven true, said allegations being hereby expressly denied, then Alpha-Centurion Security, Inc. breached the Security Contract by failing to identify and take appropriate responsive action to the criminal activities alleged in Plaintiff's Complaint.

150213.00601/121960903v.1

Case ID: 170300712

131. Further, under the terms of the Security Contract, Alpha-Centurion Security, Inc. contracted to indemnify Answering Defendants for "any loss, theft, or damage to property or injury to persons caused solely or in part as a result of intentional or deliberate acts, conduct, omissions and or criminal activities of Alpha-Centurion Security, Inc.'s security officers when committed in the performance of their duties." *See id* at *¶ 8.*

132. Pursuant to the terms of the Security Contract, Alpha-Centurion Security, Inc., is contractually obligated to indemnify and defend Answering Defendants with respect to the allegations in Plaintiff's Third Complaint. *See* Exhibit "A."

133. In the event that Plaintiff sustained damages as alleged in the Complaint, said allegations being hereby denied, said damages were a direct result of the acts, omissions, negligence, strict liability, recklessness and/or carelessness of Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants.

134. In the alternative, if it is judicially determined that Answering Defendants are liable to Plaintiff, the same being expressly denied, then Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants are jointly and severally liable along with Answering Defendants and/or liable over to Answering Defendants by way of contractual contribution and/or indemnity.

## ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL V. ADDITIONAL DEFENDANTS DAIQUAN DAVIS AND ADBUL LOPEZ

135. Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

136. On October 18, 2018 Defendants Roosevelt Inn LLC D/B/A Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc., D/B/A Roosevelt Motor Inn, UFVS Management

150213.00601/121960903v.1

Case ID: 170300712

Company, LLC and Yagna Patel filed a Joinder Complaint against Additional Defendants Daiquan Davis and Abdul Lopez.

137.    Answering Defendants hereby incorporate by reference paragraphs 1 through 30, including Counts I through IV, of the Joinder Complaint as if fully set forth herein and attached hereto as Exhibit B.

138.    If the allegations in Plaintiff's Third Amended Complaint are true, it is averred that Additional Defendants Daiquan Davis and Abdul Lopez, and any additional defendants and/or any subsequently joined defendants are alone liable to Plaintiff, with all liability on the part of Answering Defendants being expressly denied.  In the alternative, if it is judicially determined that Answering Defendants are liable to Plaintiff, the same being expressly denied, then Additional Defendants Daiquan Davis and Abdul Lopez, and any additional defendants and/or any subsequently joined defendants are jointly and severally liable along with Answering Defendants and/or liable over to Answering Defendants for contribution and/or indemnity.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

**BLANK ROME LLP**

 */s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: September 26, 2019                (215) 569-5500

25

Case ID: 170300712

## <u>CERTIFICATE OF SERVICE</u>

I, Grant S. Palmer, Esquire, hereby certify that, on this 26th day of September 2019, I caused to be served true and correct copies of the foregoing Answer with New Matter and New Matter Crossclaims to be served via the Court's E-Filing system and/or other electronic mail and/or First Class Mail, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
FCI Berlin
Federal Correctional Institution
P.O. Box 9000
Berlin, NH 03570

*Additional Defendant*

Case ID: 170300712

And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ Grant S. Palmer
GRANT S. PALMER

150213.00601/121960903v.1

Case ID: 170300712

# EXHIBIT A

Filed and Attested by the
Office of Judicial Records
26 SEP 2019 04:58 pm
E. HAURIN



# Alpha-Centurion Security, Inc.

Joanna Small,
President
WBDCPA-0257

200 – 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax: (610) 449-2010



## SECURITY CONTRACT

This contract made this **1st** day of **March, 2007** by and between **Alpha-Centurion Security, Inc.** herein referred to as Service to _____ **Roosevelt Inn** _____ herein referred to as **Client.**

1.     **Service** will furnish uniformed security officers to assist in the safeguard of **Clients** property and person located at _____ **7600 Roosevelt Blvd., Philadelphia, PA 19152** _____, Both parties will agree upon the number of Security Officers and the Specific Duties of the Officers. The Security Officers will be employees of the service, which will pay all payroll taxes. Service will at all times be an independent contractor and not an agent of the **Client**.

2.     **Client** will compensate the **Service** at the rate of: UN-Armed **$13.25** Armed _____,    **Holidays - Client** will be billed time and one half for seven paid holidays when security officers are required to work on the specified days as follows: (1) Christmas Day- (2) New Years Day- (3) Easter – (4) 4th of July – (5) Memorial Day - -(6) Labor Day – (7) Thanksgiving Day.

   **Court – Client** will be billed straight time for time spent in court on the **Clients** behalf.

   **Emergency or Special Service**, which for the purpose of this contract, is defined as **Additional Security Service**, requested less than **Seventy -Two Hours** prior to the required time. **Client** will assume all Overtime cost associated with emergency or special services.

   **Service** will assume all overtime costs associated to maintain normal, agreed upon staffing levels.

3.     **Payment** will be made within _**14**_ of receipt of Invoice. If payment is not received _**21**_ days after *agreement date, service will be automatically suspended until payment is received.* **Client** *will not offset any claim* against billing. After _**21**_ payment is considered late and subject to **1 ½%** interest, **18% annually**.

4.     Invoiced hours will be considered accepted as **Accurate and Payable** if not contested in writing within **14 Days** of receiving invoice.

5.     **Termination** – This agreement may be terminated prior to its expiration date in the event either party shall default in the performance of its obligations under this proposal and subsequent agreement (including the timely payments of amounts due under it), and the non-defaulting party shall have the right, in addition to such other rights the party may have under this agreement by giving three days written notice by certified mail to the defaulting party. In the event of default resulting in termination of the agreement, if either party brings action against the other to enforce any condition or covenant of this Agreement, the prevailing party in such action shall be entitled to recover the court costs, and reasonable attorney fees.

••••••••••••••••••••••••••••••••••••••••••••••••••

Case ID: 070900212



# Alpha-Centurion Security, Inc.

Joanna Small,
President
WBDCPA-0257

200 – 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax: (610) 449-2010



6.      Upon termination of this agreement, all security officers will be removed from the premises, and all responsibilities of **Service** to perform services, and **Client** to pay for future services will be ended. **Client** will also ensure that all equipment, records, forms, papers belonging to the service will be released to the service.

7.      **Service** is an equal opportunity employer which does not discriminate in hiring, promotion or any condition of employment on the basis of race, color, creed, sex, age, martial status, or natural origin, and complies with all pertinent federal, state, and local laws and regulations. Unarmed Security Officers by law are not allowed to carry Batons, handcuffs, unless they are PA 235 Certified.

8.      **Service** does not guarantee that its service will prevent loss, theft, or damage to **Client's** property or injury to persons. **Service** is not an insurer and the amount the **Client** is paying for Security Guard Service bears no relationship to the value of the property of the **Client** or others, which Service is helping to safeguard. **Service** will not be responsible for any loss, theft or damages to property unless solely caused by the negligence of **Service's** security officers performing their assigned duties and then only to the amount considered replacement value, under no circumstances will **Service** pay retail for replacement, and any cost not to exceed the insurance provided. **Service** shall be responsible for and indemnify **Client** for any loss, theft, or damage to property or injury to persons caused solely or in part as a result of intentional or deliberate acts, conduct, omissions and or criminal activities of **Service's** security officers when committed in the performance of their duties. **Service** and **Client** each waive any right of subrogation against each other for losses due to fire, explosion or other insured against peril.

9.      **Service** will carry comprehensive general liability insurance, issued by insurance companies licensed to do business in the Commonwealth of Pennsylvania and state of New Jersey with a minimum limit of **$1,000,000.00** and **$2,000,000.00** Aggregate, workers' compensation insurance covering its employees while working at **Client's** locations. **Client** shall be furnished with a certificate of insurance. **Client** will be added as additionally insured.

10.     If Service and Client are unable to perform this agreement because of strikes or labor difficulties of any nature involving employees of Service, **Client** or third parties, or because of **Acts of God** such as fire, flood, or national emergency, or due to any other cause beyond **Service's** and **Client's** control. The **Service** and **Client** shall be relieved of any claims, liability, or obligation under this agreement.

11.     This agreement is for a term of **As Needed**. Either party may terminate at the expiration of this term by giving the other **Thirty (30) Days** written notice of intention to do prior to the then current term. If no notice is given, then this agreement will continue on a **Month to Month** Basis.

12.     If during any term of the agreement **Service's** labor costs are increased, **Service** may notify **Client** who agrees to renegotiate Service's **Billing Rate**. If no agreement can be reached, then either party may terminate this agreement **(10) Ten Days** after giving the other written notice by certified or registered mail of its intention to do so at the end of the contract.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

Case ID: 7030600212



# Alpha-Centurion Security, Inc.

Joanna Small,
President
WBDCPA-0257

200 – 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax: (610) 449-2010



13.  **Client** agrees to make available to **Service** at no charge any material or information and to include **Service's** personnel in any training programs necessary to comply with any applicable Federal or State **"Right to Know"** laws or regulations.

14.  **Client** agrees that it will not solicit or make any offer of direct security related employment to any member of the **Service's** staff during current agreement or for a period of **Twelve Months** following the date of termination of this agreement.

15.  The waiver by either party of a breach of violation of any provision of the Agreement shall not operate as, or be construed to be, a waiver of any subsequent breach of this agreement. In the event that any of the provisions or portions thereof, of this agreement are held to be unenforceable or invalid by any court or competent jurisdiction, the validity of enforceability of the remaining provisions or portions of it shall not be effected.

By: _Jayne Peter_ MANAGER

For: _ROOSEVELT INN_

Title: _MANAGER_

By: _Joanna Small_

For: **Alpha Centurion Security Inc.**

Title: _President_

Case ID: 170300212

# EXHIBIT B

Filed and Attested by the
Office of Judicial Records
26 SEP 2019 04:58 pm
E. HAURIN

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com
doberdick@blankrome.com

*Filed and Attested by the Office of Judicial Records 18 OCT 2018 02:47 pm L. MAURIN*

**TO DEFENDANTS: YOU ARE HEREBY NOTIFIED TO FILE A WRITTEN RESPONSE TO THE ENCLOSED VERIFIED JOINDER COMPLAINT WITHIN TWENTY (20) DAYS OF SERVICE HEREOF OR A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU.**

*/s/ Grant S. Palmer*
*Grant S. Palmer, Esquire*
*Attorney for Defendants*
Roosevelt Inn LLC d/b/a Roosevelt Inn and
Roosevelt Inn Café, Roosevelt Motor Inn, Inc.
d/b/a Roosevelt Motor Inn, UFVS Management
Company, LLC and Yagna Patel

| | | |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 |
| v. | : : | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : : | |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Second Amended Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Second Amended Complaint of for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-619

2

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com
doberdick@blankrome.com

**TO DEFENDANTS: YOU ARE HEREBY NOTIFIED TO FILE A WRITTEN RESPONSE TO THE ENCLOSED VERIFIED JOINDER COMPLAINT WITHIN TWENTY (20) DAYS OF SERVICE HEREOF OR A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU.**


*/s/ Grant S. Palmer*
*Grant S. Palmer, Esquire*
*Attorney for Defendants*
Roosevelt Inn LLC d/b/a Roosevelt Inn and
Roosevelt Inn Café, Roosevelt Motor Inn, Inc.
d/b/a Roosevelt Motor Inn, UFVS Management
Company, LLC and Yagna Patel

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | MARCH TERM, 2017 NO.: 00712 |
| v. | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | JURY TRIAL DEMANDED |
| Defendants, | |
| v. | |
| DAIQUAN DAVIS and ABDUL LOPEZ | |
| Additional Defendants. | |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S JOINDER COMPLAINT

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel,

3

by and through their attorneys, Blank Rome LLP, pursuant to Pennsylvania Rule of Civil Procedure 2252, hereby file this Complaint to Join Additional Defendants Daiquan Davis and Abdul Lopez, and in support thereof, aver as follows:

1. On August 27, 2018, Plaintiff filed a Second Amended Complaint against five defendants, including Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel.

2. Plaintiff alleges that, commencing in 2014, when she was fourteen (14) years old, she was recruited, enticed, solicited, harbored, and/or transported by traffickers to engage in commercial sex acts. *See* Plaintiff's Second Amended Complaint at ¶¶5; 30, attached as Exhibit "A."

3. Plaintiff alleges that her traffickers posted internet advertisements for the purpose of prostituting her that would include a fake name for Plaintiff and a phone number to call. *Id*. at ¶¶44-45.

4. Plaintiff alleges that "Johns" would call the phone number listed on these internet advertisements and negotiate sex for cash. *Id.* at ¶46.

5. Plaintiff alleges that during 2014, she was trafficked at the Roosevelt Inn, located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152. *Id*. at ¶¶4; 6; 30.

6. Plaintiff alleges that "Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn." *Id*. at ¶67.

4

Case ID: 170300712

7.      Plaintiff alleges that her traffickers consistently displayed "Do Not Disturb" signs on the doors to the motel rooms and consistently refused housekeeping services. *See* Exhibit "A" at ¶ 59.

8.      Plaintiff claims to have suffered the following as a result of the alleged sex trafficking: "physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future." *See* Ex. A, at ¶ 80.

9.      Plaintiff claims that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel owned, operated and/or managed the Roosevelt Inn, and, individually and/or by and through their actual or apparent agents, servants and employees, "knew or had constructive knowledge" of the signs of human trafficking, knowingly rented rooms to the traffickers and failed to report or otherwise intervene while Plaintiff was allegedly trafficked. *Id.* at ¶¶6-9; 68-69; 72-74.

10.      During the course of discovery, Plaintiff identified Daiquan Davis and Abdul Lopez as the traffickers who allegedly recruited, enticed, solicited, harbored, and/or transported her for the purpose of causing and/or permitting her to be engaged in commercial sex acts at the Roosevelt Inn.

11.      Upon information and belief, Daiquan Davis is an adult male currently incarcerated in the Berlin Federal Detention Center, New Hampshire.

12.      Upon information and belief, Abdul Lopez is currently incarcerated in the United States Penitentiary located in Tucson, Arizona.

150213.00601/113454270v.1

# COUNT I
## NEGLIGENCE
## (AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)

13.     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

14.     If Plaintiff's allegations are true, then Additional Defendants Daiquan Davis and Abdul Lopez breached the standard of reasonable care by recruiting, enticing, soliciting, harboring, and/or transporting Plaintiff for the purpose of causing and/or permitting her to be engaged in commercial sex acts.

15.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

16.     In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the parts of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn,

6

Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendants Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

**COUNT II**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)**

17.     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

18.     If Plaintiff's allegations are true, then by recruiting, enticing, soliciting, harboring, and/or transporting Plaintiff for the purpose of causing and/or permitting her to be engaged in commercial sex acts, Additional Defendants Daiquan Davis and Abdul Lopez negligently caused Plaintiff to suffer fear, depression, humiliation, mental anguish, and severe physical and emotional distress and thereby committed the tort of negligent infliction of emotional distress.

19.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

Case ID: 170300712

20.     In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the part of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendants Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)

21.     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

8

Case ID: 170300712

22.     If Plaintiff's allegations are true, then by recruiting, enticing, soliciting, harboring, and/or transporting Plaintiff for the purpose of causing and/or permitting her to be engaged in commercial sex acts, Additional Defendants Daiquan Davis and Abdul Lopez intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish, and severe physical and emotional distress and thereby committed the tort of intentional infliction of emotional distress.

23.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

24.     In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the part of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendant Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

9

Case ID: 170300712

## COUNT IV
## NEGLIGENCE *PER SE*
## (AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)

25.     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

26.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis and Abdul Lopez violated, themselves or in concert with others, the following criminal statutes, all of which are intended to protect a class of individuals that includes Plaintiff:

    a.   Aggravated Assault, 18 Pa.C.S.A. § 2702;

    b.   Reckless Endangerment, 18 Pa.C.S.A. § 2705;

    c.   Kidnapping, 18 Pa.C.S.A. § 2901;

    d.   Unlawful Restraint, 18 Pa.C.S.A. § 2902;

    e.   False Imprisonment, 18 Pa.C.S.A. § 2903;

    f.   Criminal Coercion, 18 Pa.C.S.A. § 2906;

    g.   Rape, 18 Pa.C.S.A. § 3121;

    h.   Statutory Sexual Assault, 18 Pa.C.S.A. § 3122.1;

    i.   Involuntary Deviate Sexual Intercourse, 18 Pa.C.S. § 3123;

    j.   Sexual Assault, 18 Pa.C.S.A. § 3124.1;

    k.   Promoting Prostitution of a Minor, 18 Pa.C.S.A. § 5902(b);

    l.   Sexual Abuse of a Child, 18 Pa.C.S.A. § 6312;

    m.   Unlawful Contact with a Minor, 18 Pa.C.S.A. § 6318;

150213.00601/113454270v.1

Case ID: 170300712

n.  Sexual Exploitation of a Minor, 18 Pa.C.S.A. § 6320; and

o.  Sex Trafficking of Children by Force, Fraud, or Coercion, 18 U.S.C. § 1591.

27.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's violation of these statutes constitutes negligence *per se*.

28.     If Plaintiff's allegations concerning trafficking are true and the facts demonstrate that Additional Defendants Daiquan Davis and Abdul Lopez trafficked Plaintiff and violated 18 PA C.S.A § 3051 during the applicable statutory time period, then Daiquan Davis' and Abdul Lopez's actions constitute negligence *per se*.

29.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

30.     In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the part of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC

Case ID: 170300712

and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendants Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

**BLANK ROME LLP**

 _/s/ Grant S. Palmer_____
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: October 18, 2018                    (215) 569-5500

150213.00601/113454270v.1

Case ID: 170300712

## VERIFICATION

I, Yagna Patel, state that I am a defendant in the above captioned action, and verify that:

I have read the foregoing Joinder Complaint of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel against Additional Defendants Daiquan Davis and Abdul Lopez which was prepared using information compiled by myself, employees of Defendants and our counsel, and the information set forth herein is true and correct to the best of my knowledge, information and belief.

I understand that this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 10/17/18                              YAGNA PATEL              MANAGER

13

150213,00601/113454270v.1

CaCaseHDD1703000712

## VERIFICATION

I, Anthony P. Uzzo, state that I am authorized to make this Verification on behalf of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, and UFVS Management Company, LLC, defendants in the above captioned action, and verify that:

I have read the foregoing Joinder Complaint of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel against Additional Defendants Daiquan Davis and Abdul Lopez which was prepared using information compiled by myself, employees of Defendants and our counsel, and the information set forth herein is true and correct to the best of my knowledge, information and belief.

I understand that this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 10/17/18

_____
ANTHONY P. UZZO

14

150213.00601/113454270v.1

Case ID: 170300712

## <u>CERTIFICATE OF SERVICE</u>

I, Grant S. Palmer, Esquire, hereby certify that, on this 18th day of October 2018, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Joinder Complaint to be served via the court's electronic filing system and/or first class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*


/s/ Grant S. Palmer
GRANT S. PALMER

15

Case ID: 170300712

# EXHIBIT A

Filed and Attested by the
Office of Judicial Records
18 OCT 2018 02:47 pm
E. HAURIN

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Filed and Attested by the
Office of Judicial Records
27 AUG 2018 10:36 am
E. HAURIN*

---

M.B.                                              :      PHILADELPHIA COUNTY
c/o Kline & Specter, P.C.                         :      COURT OF COMMON PLEAS
1525 Locust Street                                :
Philadelphia, PA  19102                           :      CIVIL TRIAL DIVISION
                              Plaintiff,          :      MARCH TERM, 2017
                                                  :      NO.: 00712
       V.                                         :
                                                  :
ROOSEVELT INN LLC                                 :      JURY TRIAL DEMANDED
*d/b/a ROOSEVELT INN and*                         :
*ROOSEVELT INN CAFE*                              :
7630 Roosevelt Boulevard                          :
Philadelphia, PA 19152                            :
                                                  :
                                                  :
       and                                        :
                                                  :
ROOSEVELT MOTOR INN, INC.                         :
*d/b/a ROOSEVELT MOTOR INN*                       :
7630 Roosevelt Boulevard                          :
Philadelphia, PA 19152                            :
                                                  :
                                                  :
       and                                        :
                                                  :
UFVS MANAGEMENT COMPANY, LLC                      :
287 Bowman Avenue                                 :
Purchase, NY 10577                                :
                                                  :
                                                  :
       and                                        :
                                                  :
YAGNA PATEL                                       :
7630 Roosevelt Boulevard                          :
Philadelphia, PA 19152                            :
                                                  :
                                                  :
       and                                        :
                                                  :
ALPHA-CENTURION SECURITY, INC.                    :
3720 West Chester Pike                            :
Newtown Square, PA  19073                         :

Case ID: 170300712

Defendants       :

---

## **NOTICE TO DEFEND**

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**
**TTY(215) 451-6197**

### AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted._

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA 19107**
**Telefono: (215) 238-6333**
**TTY(215) 451-6197**

Case ID: 070300712

**KLINE & SPECTER, P.C.**                                  Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.:00712 |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |

Case ID: 170300712

# PLAINTIFF'S SECOND AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally.  It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.      Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center.  Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3.      In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

## THE PARTIES

4.      Plaintiff, M.B., was born on September 3, 1999 and is one of the thousands of victims of human trafficking in the United States.  In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.  Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5.      Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she

was fourteen (14) years old. See also Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6.      Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.      Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.      Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York.  At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.      Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152.  Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.     Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.     Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn

located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12.     Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

13.     Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn and assumed responsibility for ensuring the safety and well-being of individuals lawfully on the premises, including Plaintiff, M.B.

14.     Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County.  Venue is also proper in this case because Pennsylvania's human trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to bring suit in the county in which the victim resides.  Plaintiff M.B. resides in Philadelphia County.  Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

15.     At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency,

master-servant, respondent superior and/or right of control.

16.     At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

17.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

18.     At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

19.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

20.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

21.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor

Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

22.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

23.     At all material times hereto, Defendants Roosevelt, Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

24.     At all material times hereto, Defendant Alpha-Centurion Security, Inc. knowingly provided its security and related services at the Roosevelt Inn, while having knowledge of the commercial sex acts occurring on the premises of the Roosevelt Inn.

**OPERATIVE FACTS**

25.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3011, et. seq. it is a felony to recruit, entice, solicit, harbor, or transport a minor which results in the minor being subjected to sexual servitude.

26.     Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees.  Hotels and motels are a convenient place for customers to purchase sex to avoid detection.  Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

27.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn.  From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

28.     While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

29.     Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

30.     Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

31.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3051, a person or entity can be civilly liable for knowingly marketing or providing its goods or services to a sex trafficker.

32.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

33.     Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

34.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

35.     By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and well-being of individuals lawfully present at the Roosevelt Inn, including Plaintiff.

36.     It is believed and therefore averred that all of the responsibilities as aforesaid were well within the scope of the contractual responsibilities promised and undertaken by Defendant Alpha-Centurion Security, Inc. as part of its agreement to provide security services on the premises of the Roosevelt Inn.

37.     Defendant Alpha-Centurion Security, assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

38.     Having undertaken responsibilities as aforesaid, Defendant Alpha-Centurion Security owed a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

39.     Defendant Alpha-Centurion Security, Inc. provided security services, while traffickers used the rooms at the Roosevelt Inn to engage in commercial sex acts with Plaintiff when she was a minor.

40.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff for commercial sex acts.

41.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that rooms and services were being rented or otherwise provided to individuals trafficking Plaintiff for commercial sex acts, while Alpha-Centurion Security, Inc. had a duty to protect individuals lawfully present at the Roosevelt Inn, like Plaintiff.

42.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

43.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

44.     Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

45.     The advertisements included a fake name for Plaintiff and a phone number to call.

46.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

47.     The "John" who negotiated to have sex for cash with Plaintiff would then speak to

the front desk clerk at the Roosevelt Inn.

48. An individual named "Abdul" would hold himself out as the clerk, staff member or employee at the Roosevelt Inn. The complete name of "Abdul" is known to Defendants.

49. "Abdul" would then direct the individual to the floor and room where Plaintiff and her traffickers were staying.

50. "Abdul" was fully aware that Plaintiff who was a minor and other underage children were compelled to perform sex for money at the Roosevelt Inn.

51. Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

52. The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

53. Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

54. Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

55. Housekeepers and front desk staff including "Abdul" at the Roosevelt Inn had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

56. Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

57. Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

58. Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.

59.     Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

60.     Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

61.     Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

62.     Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

63.     Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

64.     Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

65.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

66.     On at least one occasion, Yagna Patel came to the room occupied by the Plaintiff and was handed money by one of her traffickers.

67.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

68.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or

otherwise stop the human sex trafficking of the Plaintiff.

69.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

70.     Plaintiff, as a guest at the Roosevelt Inn, was a business invitee of Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel.

71.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, owed a duty to Plaintiff, as motel guest, to exercise reasonable care to protect against criminal conduct.

72.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to persons who were trafficking Plaintiff.

73.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

74.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff, as a business invitee, from

criminal conduct.

75.     Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.  Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired or contracted to ensure the safety and well-being of individuals on the motel's premises, the motel's guests, the motel's employees and the motel's property.

76.     By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and well-being of individuals on the premises of the Roosevelt Inn, including Plaintiff.

77.     Defendant Alpha-Centurion Security, Inc. assumed responsibility for protecting individuals present at the Roosevelt Inn, including Plaintiff, from foreseeable harm including commercial sex exploitation and human sex trafficking.

78.     Having undertaken aforesaid responsibilities and contractual obligations, Defendant Alpha Centurion owed a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

79.     Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn, while having knowledge of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

80.     By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish,

Case ID: 170300712

humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

81.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

82.     By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

83.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop the practice.

84.     By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

85.     By having knowledge of human sex trafficking at the Roosevelt Inn and

negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

86.     The averments of Paragraphs 1 through 85 are incorporated herein by reference.

87.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil liability for people or entities who knowingly market or provide their goods and services to sex traffickers.

88.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, did knowingly rent rooms to individuals sex trafficking Plaintiff as minor, which resulted in her being sex trafficked and sexually exploited.

89.     By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

90.     By knowingly renting rooms to individuals sex trafficking the Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC,

Case ID: 170300712

and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop sex trafficking on the premises of the Roosevelt Inn.

91. By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II - NEGLIGENCE

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

92. The averments of Paragraphs 1 through 91 are incorporated herein by reference.

93. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons on the premises of the Roosevelt Inn.

94. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent

agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

95.     Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

96.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

97.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the

Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

98.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

  a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

  b.  Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

  c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

  d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

  e.  Failing to adequately control access to the premises;

  f.  Failing to prevent entry of unauthorized individuals onto the premises;

  g.  Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity detected on video surveillance;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w.  Failing to prevent Plaintiff from being trafficked on the premises;

x.  Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

y.  Failing to exercise care, caution and diligence required under the circumstances.

99.    By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

100.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

101.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn.

102.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

### M.B. v. ALPHA-CENTURION SECURITY, INC.

103. The averments of paragraphs 1 through 102 are incorporated herein by reference.

104. Having undertaken responsibilities as aforesaid and the provision of security services at the Roosevelt Inn, Defendant Alpha-Centurion Security, Inc. owed a duty to protect the safety and well-being of individuals lawfully present at the motel, the motel's guests, the motel's employees, and the motel's property.

105. Defendant Alpha-Centurion Security, Inc. failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff, although Defendant Alpha-Centurion Security, Inc. had knowledge of criminal activity, commercial sex activity and human trafficking occurring at the Roosevelt Inn.

106. Defendant Alpha-Centurion Security, Inc., by and through its agents, ostensible agents, officers, servants, and/or employees, was negligent by:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f.   Failing to prevent entry of unauthorized individuals onto the premises;

g.   Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h.   Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i.   Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n.   Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o.   Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.   Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q.   Failing to respond and react to suspicious activity detected on video surveillance;

r.   Failing to maintain surveillance equipment in proper working order;

s.   Failing to test or properly test surveillance equipment to ensure it was in working order;

t.   Failing to utilize appropriate and/or required surveillance equipment;

u.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v.  Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w.  Failing to prevent Plaintiff from being trafficked on the premises; and

x.  Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

107.  As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

108.  As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn including harm to Plaintiff.

109.  Each of the herein-described tortuous or otherwise culpable acts or omissions by Defendant Alpha-Centurion Security, Inc. increased the likelihood that Plaintiff would suffer the injuries set forth in this Complaint.

110.  Defendant Alpha-Centurion Security, Inc.'s negligence increased the risk of harm to Plaintiff and was a substantial factor in causing and continuing the harm and damages suffered by Plaintiff.

111.  Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of

Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

112.    The averments of paragraphs 1 through 111 are incorporated herein by reference.

113.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

114.    Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

115.    The averments of paragraphs 1 through 114 are incorporated herein by reference.

116.    Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, negligently committed the acts averred in this

Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

117.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

118.    The averments of paragraphs 1 through 117 are incorporated herein by reference.

119.    By knowingly renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

120.    Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

121.    The averments of paragraphs 1 through 120 are incorporated herein by reference.

122.    By failing to report, intervene, disrupt or otherwise stop the trafficking of Plaintiff M.B., Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

123.    By having knowledge of commercial sex activity and failing to intervene, Defendant Alpha-Centurion Security, Inc. intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

124.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

BY: */s/ Nadeem A. Bezar*
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

# **VERIFICATION**

I, M███ B████, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Second Amended Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.



M███ B████

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Second Amended Complaint was filed with the Court on August 27, 2018 and served by electronic filing upon counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
<u>Blank Rome LLP</u>
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
<u>Marshall Dennehey Warner Coleman & Goggin</u>
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Defendant Alpha-Centurion Security, Inc.*

By:     */s/ Nadeem A. Bezar*
        THOMAS R. KLINE, ESQUIRE
        NADEEM A. BEZAR, ESQUIRE
        EMILY B. MARKS, ESQUIRE
        Attorney for Minor-Plaintiffs

| | |
|---|---|
| M.B. minor by her Guardian, | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | COURT OF COMMON PLEAS |
| | |
| Plaintiff | MARCH TERM, 2017 |
| | |
| v. | |
| | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT | NO. 00712 |
| INN and ROOSEVELT MOTOR INN, INC. | |
| d/b/a ROOSEVELT MOTOR INN and | |
| UFVS MANAGEMENT COMPANY, LLC | |
| and YAGNA PATEL and ALPHA- | |
| CENTURION SECURITY, INC. | JURY TRIAL DEMANDED |
| | |
| Defendants | |

*Filed and Attested by the Office of Judicial Records 27 SEP 2019 02:36 pm M. TIERNEY*

## ORDER

**AND NOW**, this _____ day of _____ 2019, upon consideration of

the Motion of Defendant Alpha Centurion Security, Inc. to Compel the Independent Medical

Examination of Plaintiff M.B., and any Response thereto, it is hereby **ORDERED** and

**DECREED** that Defendant Alpha Centurion Security, Inc.'s Motion to Compel is **GRANTED**.

Plaintiff M.B. shall appear for an Independent Medical Examination with Dr. Barbara

Ziv, M.D. at 1107 Bethlehem Pike, Suite 101, Flourtown, PA 19031 within twenty (20) days of

the date of this Order or suffer further sanctions upon application to this Court.

It is further **ORDERED** that Plaintiff M.B. will reimburse Defendant $3200.00 for the

"No Show" fee associated with Plaintiff M.B.'s failure to appear for her previously scheduled

Independent Medical Examination with Dr. Ziv on September 27, 2019. Plaintiff M.B. shall

further reimburse Defendant $250.00 for the counsel and filing fees incurred by the filing of the

within Motion to Compel.

**BY THE COURT:**

**Discovery Deadline: October 7, 2019**

_____ **J.**

Case ID: 170300712

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire
Identification No.    208830
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

Attorneys for Defendant,
Alpha-Centurion Security, Inc.

| | |
|---|---|
| M.B. minor by her Guardian,<br>WILLIAM A. CALANDRA, ESQUIRE | : PHILADELPHIA COUNTY<br>: COURT OF COMMON PLEAS<br>: |
| Plaintiff | : MARCH TERM, 2017<br>: |
| v. | : |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT MOTOR INN, INC.<br>d/b/a ROOSEVELT MOTOR INN and<br>UFVS MANAGEMENT COMPANY, LLC<br>and YAGNA PATEL and ALPHA-<br>CENTURION SECURITY, INC.<br>Defendants | : NO. 00712<br>:<br>:<br>:<br>: <u>JURY TRIAL DEMANDED</u><br>:<br>: |

## <u>MOTION OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., TO COMPEL</u>
## <u>THE INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF M.B.</u>

Defendant Alpha-Centurion Security, Inc. (hereinafter "Moving Defendant"), by and

through its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby moves this

Honorable Court to compel Plaintiff M.B. to appear for an Independent Medical Examination

with Dr. Barbara Ziv, M.D., and, in support thereof, avers as follows

1.      Plaintiff M.B. alleges personal and psychological injuries in the instant matter.

2.      Due to the nature of Plaintiff's claimed injuries, and in order to properly defend

this matter, Moving Defendant desires to have Plaintiff examined by Psychiatrist Dr. Barbara

Ziv, M.D.

2

3.     Moving Defendant previously noticed Plaintiff's independent medical examination with Dr. Ziv for September 27, 2019. A true and correct copy of the Notice of Independent Medical Examination and Transmittal Letter are collectively attached hereto as Exhibit A.

4.     Per the Transmittal Letter to Plaintiff, the undersigned counsel stated as follows:

> ***Should your client not be available on the scheduled date and time of the appointment, kindly contact us to coordinate an alternative date and time***; however, please also bear in mind that the discovery deadline is currently October 7, 2019, and thus we must insist that the exam take place prior to that deadline. Please be aware that ***if your client fails to attend the appointment or notify us with 72 hours of the appointment your client will be responsible for a "no show" fee.***

*Id.* Emphasis added.

5.     Plaintiff failed to appear for her independent medical examination with Dr. Ziv on September 27, 2019, and Plaintiff did not notify Moving Defendant that she would be unable to appear in an attempt to secure a different date.

6.     Following Plaintiff's failure to appear, the undersigned counsel spoke with Plaintiff's counsel about this failure to appear; Plaintiff's counsel simply stated that they were unable to confirm the date with their client.

7.     Rather than notify the undersigned counsel that their client would not be appearing, Plaintiff's counsel simply did nothing.

8.     Accordingly, a "No Show" fee of $3200 is due to Dr. Ziv, per her fee schedule, attached hereto as Exhibit B. An invoice will be provided upon receipt of same.

9.     As of the date of this Motion, Plaintiff has yet to be examined.

10.    Pennsylvania Rule of Civil Procedure 4010 provides in pertinent part:

(a)(2) When the mental or physical condition of a party . . . is in

3

> controversy, the court in which the action is pending may order the
> party to submit to a physical or mental examination by an
> examiner . . .
> (a)(3) The order may be made only on motion for good cause
> shown and upon notice to the person to be examined and to all
> parties and shall specify the time, place, manner, conditions and
> scope of the examination and the person or persons by whom it is
> to be made.

*****

11.     As clearly set forth in Plaintiff's Third Amended Complaint, Plaintiff's psychological condition is in controversy in this case, and Moving Defendant is entitled to conduct a medical examination of Plaintiff.

12.     Moving Defendant will be severely prejudiced in its defense of this claim in the event Plaintiff does not appear for an IME.

13.     Furthermore, Moving Defendant has incurred expenses in the amount of $3,200.00 for Plaintiff's failure to appear for the independent medical examination. *See* Exhibit B.

14.     Moving Defendant has further incurred counsel costs and fees by having to file and present the within Motion to Compel.

**WHEREFORE**, Moving Defendant Alpha Centurion Security, Inc. respectfully requests that this Honorable Court grant its Motion and compel the attendance of Plaintiff M.B. at the Independent Medical Examination with Dr. Barbara Ziv, M.D. Moving Defendant further requests that this Honorable Court compel Plaintiff to reimburse Moving Defendant for its costs and fees associated with Plaintiff's failure to appear.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: September 27, 2019

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | |
|---|---|
| M.B. minor by her Guardian, | : PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : COURT OF COMMON PLEAS |
| | : |
| v. | : MARCH TERM, 2017 |
| | : |
| ROOSEVELT INN LLC d/b/a ROOSEVELT | : |
| INN and ROOSEVELT MOTOR INN, INC. | : |
| d/b/a ROOSEVELT MOTOR INN and | : NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and ALPHA- | : |
| CENTURION SECURITY, INC. | : |
| | : JURY TRIAL DEMANDED |

## NOTICE OF PRESENTATION

TO:

Thomas R. Kline, Esquire                Grant S. Palmer, Esquire
Nadeem A. Bezar, Esquire                James J. Quinlan, Esquire
Emily B. Marks, Esquire                 Justina L. Byers, Esquire
Kline & Specter, P.C.                   Daniel E. Oberdick, Esquire
1525 Locust Street                      Blank Rome, LLP
Philadelphia, PA 19101                  130 North 18th Street
                                        Philadelphia, PA 19103


Daiquan Davis, Register No. 72304-066   Abdul Lopez, Register No. 69643-066
USP Terre Haute                         USP Tucson
U.S. Penitentiary                       U.S. Penitentiary
P. O. Box 33                            P. O. Box 24550
Terre Haute, IN 47808                   Tucson, AZ 85734


Please take notice that the Motion of Defendant Alpha Centurion Security, Inc. to
Compel Plaintiff to Appear for an Independent Medical Examination will be presented to the

Court on _____, 2019 at 9:00 a.m., in Courtroom _____, City Hall, Philadelphia, Pennsylvania.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: September 27, 2019

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire                    Attorneys for Defendant,
Identification No.    208830                         Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | |
|---|---|
| M.B. minor by her Guardian, | : PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : COURT OF COMMON PLEAS |
| | : |
| v. | : MARCH TERM, 2017 |
| | : |
| ROOSEVELT INN LLC d/b/a ROOSEVELT | : |
| INN and ROOSEVELT MOTOR INN, INC. | : |
| d/b/a ROOSEVELT MOTOR INN and | : NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and ALPHA- | : |
| CENTURION SECURITY, INC. | : JURY TRIAL DEMANDED |
| | : |

---

### Attorney Certification of Good Faith
### Pursuant to Phila.Civ.R. *208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

☒  a.  He or she has had the contacts described below with opposing counsel or unrepresented party regarding discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*    See attached attempts to obtain Plaintiff's Independent Medical Examination/her failure to appear for Independent Medical Examination on September 27, 2019.

**CERTIFIED TO THE COURT BY:**

*Melanie J. Foreman*

Melanie J. Foreman, Esquire
Attorney for Movants

DATE:   September 27, 2019
*Note: The Signature of Respondent's Counsel Is Not Required*

8

## CERTIFICATE OF SERVICE

I, Melanie J. Foreman, hereby certify that a true and correct copy of the Motion of

Defendant Alpha-Centurion Security, Inc. to Compel Plaintiff to Appear for Independent

Medical Examination was served by electronic filing to all parties listed below on the date set

forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
*Attorneys for Plaintiff*

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Daniel E. Oberdick, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
*Attorneys for Roosevelt Inn LLC d/b/a*
*Roosevelt Inn and Roosevelt Inn Café,*
*Roosevelt Motor Inn, Inc. d/b/a Roosevelt*
*Motor Inn, UFVS Management Company,*
*LLC and Yagna Patel*

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
      Thomas P. Wagner, Esquire
      Robert W. Stanko, Esquire
      Melanie J. Foreman, Esquire
      Attorneys for Defendant,
      Alpha-Centurion Security, Inc.

Dated: September 27, 2019

# EXHIBIT "A"

# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

ATTORNEYS-AT-LAW    WWW.MARSHALLDENNEHEY.COM

A  PROFESSIONAL  CORPORATION
2000 Market Street, Suite 2300, Philadelphia, PA 19103
(215) 575-2600  Fax (215) 575-0856

Direct Dial: (856) 675-3610
Email: amroselli@mdwcg.com

PENNSYLVANIA | OHIO
Allentown | Cincinnati
Doylestown | Cleveland
Erie |
Harrisburg | FLORIDA
King of Prussia | Ft. Lauderdale
Philadelphia | Jacksonville
Pittsburgh | Orlando
Scranton | Tampa

NEW JERSEY | NEW YORK
Mount Laurel | Long Island
Roseland | New York City
| Westchester
DELAWARE |
Wilmington |

September 13, 2019

**VIA EMAIL & REGULAR MAIL**
Nadeem A. Bezar, Esquire
Kline & Specter, PC
1525 Locust Street, 19th Floor
Philadelphia, PA  19102

      RE:    M.B., et al. v. Alpha-Centurion Security, Inc., et al.
          Docket No.:    PCCP; March Term, 2017; No. 00712
          Our File No.:    02983.00316

Dear Mr. Bezar:

On behalf of all Defendants, enclosed please find a Notice of IME, scheduling your client for an examination with Dr. Barbara Ziv on **September 27, 2019, at 11:00 a.m.**, at the location identified below:

1107 Bethlehem Pike, Suite 101
Flourtown, PA  19031

Should your client not be available on the scheduled date and time of the appointment, kindly contact us to coordinate an alternative date and time; however, please also bear in mind that the discovery deadline is currently October 7, 2019, and thus we must insist that the exam take place prior to that deadline. Please be aware that if your client fails to attend the appointment or notify us with 72 hours of the appointment your client will be responsible for a "no show" fee.

Finally, please have your client bring picture identification, such as a driver's license or another form of identification with your client's picture.  Thank you for your cooperation and assistance.

Very truly yours,

/s/ *Angalee M. Roselli*

Angalee M. Roselli, Paralegal

AMR:AMR
cc:    Grant S. Palmer, Esq./James J. Quinlan, Esq./Justina Byers Esq./Daniel E. Oberdick, Esq.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. minor by her Guardian,<br>WILLIAM A. CALANDRA, ESQUIRE | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| | : | |
| Plaintiff | : | MARCH TERM, 2017 |
| | : | |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT MOTOR INN, INC.<br>d/b/a ROOSEVELT MOTOR INN and<br>UFVS MANAGEMENT COMPANY, LLC<br>and YAGNA PATEL and ALPHA-<br>CENTURION SECURITY, INC. d/b/a ALPHA<br>CENTURY SECURITY, INC. | : | NO. 00712 |
| | : | |
| Defendants | : | |

## NOTICE OF INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF

To:    Nadeem A. Bezar, Esquire
       Kline & Specter, PC
       1525 Locust Street, 19th Floor
       Philadelphia, PA  19102

Please take notice that on **Friday, September 27, 2019**, at **11:00 A.M.**, the medical examination of Plaintiff will be performed at the offices of **Dr. Barbara Ziv, 1107 Bethlehem Pike, Suite 101, Flourtown, PA 19031** upon examination pursuant to the rules of Civil Procedure.

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN


By:    ROBERT W. STANKO, ESQUIRE
       Attorney for Defendants

Dated: September 13, 2019

## CERTIFICATE OF SERVICE

I, Robert W. Stanko, Esquire, do hereby certify that a true and correct copy of the Notice of Independent Medical Examination of Plaintiff with Dr. Barbara Ziv was served this date via electronic and regular U. S. mail to the following counsel:

Nadeem A. Bezar, Esquire
Kline & Specter, PC
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Attorney for Plaintiff

**MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

By:     ROBERT W. STANKO, ESQUIRE
         Attorney for Defendants

Dated: September 13, 2019

# EXHIBIT "B"

# Barbara Ziv, M.D.
**1107 Bethlehem Pike, Suite 101**
**Flourtown, PA 19031**
**Tel: (215) 242-4802**
**Cell: (267) 973-9118**
**Fax: (215) 248-1847**
**barbaraziv@comcast.net**

FEE SCHEDULE
Effective January 1, 2018

In accordance with your request, I have listed below the current costs for my services:

| | |
|---|---|
| Review of records and reports (per hour) | $400 |
| Independent Medical Examination (per hour) | $400 |
| Preparation of written reports (per hour) | $400 |
| Court Appearance and Testimony or Deposition | |
| Half day—four hours or less, including travel time | $2500 |
| Full day—four to eight hours, including travel time | $4500 |

If a jurisdiction does not permit a flat fee for testimony, Court or Deposition testimony will be billed at $500/hour.

Travel time will be billed at $400/hour unless special arrangements are made. If an overnight stay is required out of state, the days of travel will be billed at $3200 per day.

A retainer of $2000 is requested at least one week in advance of scheduled IME, deposition or testimony.

A $600 cancellation fee will be charged for IME appointments not cancelled at least 3 business days prior. Cancellations or "no shows" less than 24 hours, or one business day, of the scheduled IME will be charged $3200.

If Court or Deposition testimony is not cancelled within 48 hours of the scheduled appearance, $4500 will be charged.

Sincerely,


Barbara Ziv, M.D.