# EXHIBIT 6

**Case Description**
| | |
|---|---|
| **Case ID:** | 170300712 |
| **Case Caption:** | B. ETAL VS ROOSEVELT INN LLC ETAL |
| **Filing Date:** | Friday , March 10th, 2017 |
| **Location:** | CH - City Hall |
| **Case Type:** | 2O - PERSONAL INJURY - OTHER |
| **Status:** | CLDBR - DEFERRED - BANKRUPTCY |

**Related Cases**

*No related cases were found.*

| | | | |
|---|---|---|---|
| 01-OCT-2019 12:24 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | BUTCHART, ANN | 01-OCT-2019 12:00 AM |

**Documents:** ORDER_179.pdf

| | | | |
|---|---|---|---|
| 03-OCT-2019 11:39 AM | WTAPO - WITHDRAWAL OF APPEARANCE | MARLIER, NOAH | 03-OCT-2019 11:42 AM |

**Documents:** 02707549.PDF

**Docket Entry:** WITHDRAWAL OF APPEARANCE OF NOAH MARLIER FILED. (FILED ON BEHALF OF BENSALEM TOWNSHIP)

| | | | |
|---|---|---|---|
| 04-OCT-2019 05:50 PM | DSCIM - DISCOVERY MOTION FILED | OBERDICK JR., DANIEL E | 07-OCT-2019 08:11 AM |

**Documents:** Roosevelt - MTC Medical Authorization.pdf
Ex. A - ECF 170300712 - RI NOI on Alexandra Scheiber - redacted filed 73119.pdf
Ex. B - Schieber SB Rejection.pdf
Proposed Order.pdf

**Docket Entry:** DISCOVERY HEARING REQUEST FILED IN RE: COMPEL AUTHORIZATION FOR MEDICAL RECORDS & ENFORCE SUBPOENA. HEARING SCHEDULED FOR: OCTOBER 22, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY LLC AND YAGNA PATEL)

| | | | |
|---|---|---|---|
| 04-OCT-2019 05:58 PM | DSCIM - DISCOVERY MOTION FILED | OBERDICK JR., DANIEL E | 07-OCT-2019 08:12 AM |

**Documents:** Roosevelt - Omnibus Mtn to Enforce Deposition Subpoenas.pdf
Ex. A - Returns of Service.pdf
Ex. B - RB Dep 10.02.19.pdf
Ex. C - KB Dep 10.02.19.pdf
Proposed Order.pdf

**Docket Entry:** DISCOVERY HEARING REQUEST FILED IN RE: MOTION TO ENFORCE SUBPOENAS. HEARING SCHEDULED FOR: OCTOBER 22, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY LLC AND YAGNA PATEL)

| 07-OCT-2019 05:17 PM | DSCIM - DISCOVERY MOTION FILED | MARKS, EMILY B | 08-OCT-2019 08:21 AM |
|---|---|---|---|

**Documents:** [(93) Motion for Sanctions.pdf](#)

**Docket Entry:** DISCOVERY HEARING REQUEST FILED IN RE: MOTION FOR SANCTIONS. HEARING SCHEDULED FOR: OCTOBER 22, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF M. B.)

| 08-OCT-2019 08:54 AM | ANCOM - ANSWER TO COMPLAINT FILED | WAGNER, THOMAS P | 08-OCT-2019 09:33 AM |
|---|---|---|---|

**Documents:** [M.B. - Answer to Plaintiff Third Amended Complaint with New Matter and New Matter Cross Claims.PDF](#)

**Docket Entry:** ANSWER WITH NEW MATTER AND CROSSCLAIM TO PLAINTIFF'S THIRD AMENDED COMPLAINT FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.)

| 08-OCT-2019 12:22 PM | RPNMC - REPLY TO NEW MATTER & CROSSCLA | NOCHO, KYLE B | 08-OCT-2019 12:22 PM |
|---|---|---|---|

**Documents:** [(95) Pltf Reply to New Matter and Cross Claim of Third Amended Complaint.pdf](#)

**Docket Entry:** REPLY TO NEW MATTER AND CROSSCLAIM OF ALPHA-CENTURION SECURITY, INC. FILED. (FILED ON BEHALF OF M. B.)

| 08-OCT-2019 01:16 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | ROBINS-NEW, SHELLEY | 08-OCT-2019 12:00 AM |
|---|---|---|---|

**Documents:** [ORDER_187.pdf](#)

**Docket Entry:** AND NOW, THIS 8TH DAY OF OCTOBER, 2019 UPON CONSIDERATION OF THE MOTION OF DEFENDANT ALPHA CENTURION SECURITY, INC. TO COMPEL THE IME OF PLAINTIFF M.B., AND ANY RESPONSE THERETO, IT IS HEREBY ORDERED AND DECREED THAT DEFENDANT ALPHA CENTURION SECURITY, INC.'S MOTION TO COMPEL IS GRANTED... SEE ATTACHED ORDER FOR FURTHER TERMS.. BY THE COURT: ROBINS-NEW,J. 10/8/19

| 08-OCT-2019 01:46 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | ROBINS-NEW, SHELLEY | 08-OCT-2019 12:00 AM |
|---|---|---|---|

**Documents:** [ORDER_188.pdf](#)

**Docket Entry:** AND NOW, THIS 8TH DAY OF OCTOBER, 2019 IT IS HEREBY ORDERED AND AGREED UPON BETWEEN PLAINTIFF'S COUNSEL AND COUNSEL AND COUNSEL FOR DEFENDANTS THAT; COUNSEL FOR DEFENDANT'S, ROOSEVELT INN LLC D/B/A ROOSEVELT CAFE... SEE ATTACHED ORDER FOR FURTHER TERMS.. BY THE COURT: ROBINS-NEW, J. 10/8/19

| 10-OCT-2019 04:54 PM | MTMIS - MISCELLANEOUS MOTION/PETITION | MARKS, EMILY B | 11-OCT-2019 09:11 AM |
|---|---|---|---|

**Documents:** [(98) Pltf Motion for Leave to File Fourth Amended Complaint - Redacted.pdf](#)
[(98) Pltf Motion for Leave to File Fourth Amended Complaint - Redacted.pdf](#)

[(98) Pltf Motion for Leave to File Fourth Amended Complaint.pdf](#)
[Motion CoverSheet Form](#)

**Docket Entry:** 05-19101605 RESPONSE DATE 10/31/2019. PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT (FILED ON BEHALF OF M. B.)

| | | | |
|---|---|---|---|
| 15-OCT-2019 09:50 AM | RPNMC - REPLY TO NEW MATTER & CROSSCLA | WAGNER, THOMAS P | 16-OCT-2019 09:11 AM |

**Documents:** [M.B. Reply of Defendant Alpha Centurion Seceurity Inc. to New Matter Cross Claim of Defendant Roosevelt Inn LLC.PDF](#)

**Docket Entry:** REPLY TO NEW MATTER AND CROSSCLAIM OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.)

| | | | |
|---|---|---|---|
| 17-OCT-2019 09:15 AM | CERTI - CERTIFICATION FILED | MARKS, EMILY B | 17-OCT-2019 10:39 AM |

**Documents:** [Cert Prereq-Alpha (2).pdf](#)

**Docket Entry:** CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF M. B.)

| | | | |
|---|---|---|---|
| 17-OCT-2019 03:44 PM | RPNMT - REPLY TO NEW MATTER | NOCHO, KYLE B | 18-OCT-2019 10:49 AM |

**Documents:** [(100) Pltf Reply to New Matter of third amended complaint of Roosevelt.pdf](#)

**Docket Entry:** REPLY TO NEW MATTER OF ROOSEVELT INN LLC FILED. (FILED ON BEHALF OF M. B.)

| | | | |
|---|---|---|---|
| 23-OCT-2019 11:47 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | ROBINS-NEW, SHELLEY | 23-OCT-2019 12:00 AM |

**Documents:** [ORDER_195.pdf](#)

**Docket Entry:** AND NOW, THIS 22ND DAY OF OCTOBER, 2019, UPON CONSIDERATION OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC AN YAGNA PATEL, IT IS HEREBY ORDERED AND AGREED UPON BETWEEN PLAINTIFF'S COUNSEL AND COUNSEL FOR DEFENDANTS...........SEE ORDER FOR FURTHER TERMS AND CONDITIONS............BY THE COURT: ROBINS-NEW,J. 10/22/2019

| | | | |
|---|---|---|---|
| 23-OCT-2019 11:54 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | ROBINS-NEW, SHELLEY | 23-OCT-2019 12:00 AM |

**Documents:** [ORDER_196.pdf](#)

**Docket Entry:** AND NOW, THIS 22ND DAY OF OCTOBER, 2019, UPON CONSIDERATION OF DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFE, ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL'S MOTION TO COMPEL

AUTHORIZATION AND ENFORCE SUBPOENA, IT IS HEREBY ORDERED THAT SAID MOTION IS GRANTED..........SEE ORDER FOR FURTHER TERMS AND CONDITIONS.........BY THE COURT: ROBINS-NEW,J. 10/22/2019

| 23-OCT-2019 11:56 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | ROBINS-NEW, SHELLEY | 23-OCT-2019 12:00 AM |
|---|---|---|---|

Documents: ORDER_197.pdf

Docket Entry: AND NOW, THIS 22ND DAY OF OCTOBER, 2019, UPON CONSIDERATION OF DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFE, ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL'S MOTION TO COMPEL AUTHORIZATION AND ENFORCE SUBPOENA, IT IS HEREBY ORDERED THAT SAID MOTION IS GRANTED..........SEE ORDER FOR FURTHER TERMS AND CONDITIONS.........BY THE COURT: ROBINS-NEW,J. 10/22/2019

| 06-NOV-2019 03:02 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | ROBINS-NEW, SHELLEY | 06-NOV-2019 03:02 PM |
|---|---|---|---|

Documents: ORDER_202.pdf

Docket Entry: 05-19101605 AND NOW, THIS 5TH DAY OF NOVEMBER, 2019, UPON CONSIDERATION OF PLAINTIFF'S MOTION FOR LEAV TO FILE A FOURTH AMENDED COMPLAINT, ANY RESPONSE THERETO, IT IS HEREBY ORDERED AND DECREED THAT SAID MOTION IS GRANTED AND PLAINTIFF MAY FILE A FOURTH AMENDED COMPLAINT CONSISTENT WITH THE PROPOSED FOURTH AMENDED COMPLAINT, AS ATTACHED TO PLAINTIFF'S MOTION AS EXHIBIT "C". BY THE COURT: HON. SHELLEY ROBINS NEW, 11-5-2019.

| 08-NOV-2019 10:20 AM | CMAMD - AMENDED COMPLAINT FILED | BEZAR, NADEEM A | 08-NOV-2019 11:12 AM |
|---|---|---|---|

Documents: (105) 4th Amended Complaint.pdf
CMAMD_204_001.pdf

Docket Entry: FOURTH AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY(20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF M. B.)

| 22-NOV-2019 01:09 PM | MAILR - RETURNED MAIL RECEIVED | | 22-NOV-2019 12:00 AM |
|---|---|---|---|

Documents: MAILR_208.pdf

Docket Entry: RETURNED MAIL ORDER DATED 11/05/19 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: DAIQUAN DAVIS.

| 22-NOV-2019 03:59 PM | DSCIM - DISCOVERY MOTION FILED | OBERDICK JR., DANIEL E | 22-NOV-2019 03:59 PM |
|---|---|---|---|

Documents: Roosevelt Inn Motion to Re-Enforce Deposition Subpoena.pdf
Exhibit A.pdf

Docket Entry: DISCOVERY HEARING REQUEST FILED IN RE: MOTION TO COMPEL DEPOSITION. HEARING SCHEDULED FOR: DECEMBER 03, 2019 AT 09:00 IN ROOM 625 CITY HALL.

(FILED ON BEHALF OF ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY LLC AND YAGNA PATEL)

| 03-DEC-2019 01:41 PM | MTSJD - MOTION FOR SUMMARY JUDGMENT | WAGNER, THOMAS P | 03-DEC-2019 03:09 PM |
|---|---|---|---|

**Documents:** M.B. - Motion for Summary Judgment of Defendant Alpha Centurion Security Inc.PDF
Motion CoverSheet Form

**Docket Entry:** 23-19120523 RESPONSE DATE 01/02/2020. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.)

| 05-DEC-2019 02:14 PM | ANCOM - ANSWER TO COMPLAINT FILED | WAGNER, THOMAS P | 05-DEC-2019 04:12 PM |
|---|---|---|---|

**Documents:** MB - Answer of Alpha-Centurion Security Inc to Fourth Amended Complaint.PDF

**Docket Entry:** ANSWER WITH NEW MATTER AND CROSSCLAIM TO PLAINTIFF'S FOURTH AMENDED COMPLAINT FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.)

| 12-DEC-2019 12:40 PM | RPCCL - REPLY TO CROSSCLAIM | QUINLAN, JAMES J | 12-DEC-2019 12:45 PM |
|---|---|---|---|

**Documents:** Roosevelt - Answer to Alpha Centurion Crossclaims (4th Amend Comp)-12.12.19.PDF

**Docket Entry:** REPLY TO CROSSCLAIM OF ALPHA-CENTURION SECURITY, INC. FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 13-DEC-2019 10:35 AM | ANCOM - ANSWER TO COMPLAINT FILED | QUINLAN, JAMES J | 13-DEC-2019 10:36 AM |
|---|---|---|---|

**Documents:** Defts Roosevelt Answer to Ps 4th Amended Complaint w-NM.pdf

**Docket Entry:** ANSWER WITH NEW MATTER AND CROSSCLAIM TO PLAINTIFF'S FOURTH AMENDED COMPLAINT FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 13-DEC-2019 03:41 PM | DSCIM - DISCOVERY MOTION FILED | QUINLAN, JAMES J | 13-DEC-2019 03:49 PM |
|---|---|---|---|

**Documents:** (122270449)_(2)_Roosevelt - Mtn to Re-enforce Deposition Subpoenas-12.4.19.pdf

**Docket Entry:** DISCOVERY HEARING REQUEST FILED IN RE: MOTION FOR SANCTIONS. HEARING SCHEDULED FOR: DECEMBER 24, 2019 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY LLC AND YAGNA PATEL)

| 26-DEC-2019 01:59 PM | RPNMT - REPLY TO NEW MATTER | MARKS, EMILY B | 26-DEC-2019 03:27 PM |
|---|---|---|---|

**Documents:** [Pltf Reply to NM of Def Alpha to Fourth Amended Complaint.pdf](#)

**Docket Entry:** REPLY TO NEW MATTER OF ALPHA-CENTURION SECURITY, INC. FILED. (FILED ON BEHALF OF M. B.)

31-DEC-2019 12:49 PM    RPNMT - REPLY TO NEW MATTER    MARKS, EMILY B    02-JAN-2020 09:58 AM

**Documents:** [(114) Pltf Reply to Def Roosevelt 4th Amended Complaint.pdf](#)

**Docket Entry:** REPLY TO NEW MATTER OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC FILED. (FILED ON BEHALF OF M. B.)

M.B.                                          :          PHILADELPHIA COUNTY *Attested by the*
                                              :          COURT OF COMMON PLEAS *Records*
v.                                            :                                    *16 SEP 2013 09:10 am*
                                              :          CIVIL TRIAL DIVISION *M. TIERNEY*
ROOSEVELT INN LLC                             :          MARCH TERM, 2017
d/b/a ROOSEVELT INN and                       :          NO.: 00712
ROOSEVELT INN CAFÉ, et al.                    :
                                              :

### ORDER

**AND NOW**, this \ day of O c t o b e r , 2019, upon consideration of

Plaintiff's Motion to Compel the Depositions of Kim Mueller and Alok Upadhyay, and any

response thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Counsel for

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS

Management Company, LLC and Yagna Patel, are hereby **ORDERED** to produce ~~Kim Mueller~~

~~and~~ Alok Upadhyay for depositions on October 2, 2019 beginning at 10:00 a.m. and 1:00 p.m.

respectively. The depositions will take place at the law offices of Kline & Specter, P.C., 1525

Locust Street, Philadelphia, PA 19102. Failure to comply with this Order may result in sanctions

upon application to the Court.

**BY THE COURT:**

_____

                                                                                            **J.**

B. Etal Vs Roosevelt Inn Llc Etal-ORDER

||||||| *(barcode)* |||||||
17030071200179

**DISCOVERY DEADLINE: OCTOBER 7, 2019**

DOCKETED
OCT 01 2019
D. STEWART
JUDICIAL RECORDS

Case ID: 170300712

NOAH MARLIER, ESQUIRE
IDENTIFICATION NO. 308985
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN**
375 MORRIS ROAD
P.O. BOX 1479                                    ATTORNEY FOR PETITIONER
LANSDALE, PA 19446-0773                          BENSALEM TOWNSHIP
(215) 661-0400
Email: nmarlier@hrmml.com

Filed and Attested by the
Office of Judicial Records
03 OCT 2019 11:39 am
G. IMPERATO

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| M.B., a minor by her Guardian, William A. Calandra, Esquire, | : | NO. 170300712 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT CO., LLC and YAGNA PATEL, | : | |
| Defendants. | : | |

### **WITHDRAWAL OF APPEARANCE**

TO THE PROTHONOTARY:

Kindly withdraw the appearance of Noah Marlier, Esquire on behalf of the Petitioner,

Bensalem Township, in the above-captioned action.

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

By: _____
NOAH MARLIER

Date: October 3, 2019

{02706182;v1 }

M.B., minor by her Guardian,　　　　　:　　COURT OF COMMON PLEAS
William A. Calandra, Esquire,　　　　　:　　PHILADELPHIA COUNTY
　　　　　　　　　　　　　　　　　　　　　　:　　CIVIL TRIAL DIVISION
　　　　　　　　　　Plaintiff,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:　　MARCH TERM, 2017
　　　　　　　　v.　　　　　　　　　　　　:　　NO.:  00712
　　　　　　　　　　　　　　　　　　　　　　:
ROOSEVELT INN LLC　　　　　　　　　:　　JURY TRIAL DEMANDED
d/b/a ROOSEVELT INN and　　　　　　　:
ROOSEVELT INN CAFÉ, et al.,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:

Filed and Attested by the
Office of Judicial Records
03 JUN 2019 05:50 pm
M. TIERNEY

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2019, upon consideration of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Compel Authorization and Enforce Subpoena, it is hereby ORDERED that said Motion is GRANTED.

Plaintiff is hereby commanded to supply the necessary authorization within the next ten (10) days.

Further, Dr. Alexandra Schieber is hereby commanded to produce the documents requested by subpoena, at the offices of Defendants' counsel, Blank Rome LLP, One Logan Square, Philadelphia, PA 19103, within ten (10) days after receiving the necessary authorization, or appropriate sanctions shall be imposed upon Dr. Alexandra Schieber upon application to the Court.

**BY THE COURT:**

_____
　　　　　　　　　　　　　　　　　　　　J.

Discovery deadline:  October 7, 2019

Case ID: 170300712

Filed and Attested by the
Office of Judicial Records
04 OCT 2019 05:50 pm
M. TIERNEY

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.:  76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.:  309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
       quinlan@blankrome.com
       byers@blankrome.com
       doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.:  00712 |
| | : | |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | : | JURY TRIAL DEMANDED |

## NOTICE OF PRESENTATION

TO:
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle B. Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA  19103

Alexandra Schieber
1316 W. Ontario Street
Jones Hall, 1st Floor
Philadelphia, PA 19140

Case ID: 170300712

**PLEASE TAKE NOTICE** that the Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, to Compel Authorization for Medical Records and Enforcement of Subpoena will be presented to the Court on _____, at _____, in Court Room _____, City Hall, Philadelphia, PA.

<div align="center">

**BLANK ROME LLP**

</div>

                              */s/ James J. Quinlan*
                              Grant S. Palmer (PA ID# 57686)
                              James J. Quinlan (PA ID# 200944)
                              Justina L. Byers (PA ID# 76773)
                              Daniel E. Oberdick (PA ID# 309676)
                              BLANK ROME LLP
                              One Logan Square
                              130 N. 18th Street
                              Philadelphia, PA  19103

Dated: October 4, 2019               (215) 569-5500

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.:  76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.:  309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
          quinlan@blankrome.com
          byers@blankrome.com
          doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.:  00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |

## <u>MOTION TO COMPEL AUTHORIZATION AND ENFORCE SUBPOENA</u>

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by and through their undersigned

attorneys, hereby move the Court to enter an Order pursuant to Pa. R. Civ. P. 4019, to compel

Plaintiff to sign an authorization for medical records and enforce the Roosevelt Defendants'

subpoena commanding Dr. Alexandra Schieber to produce the requested documents. In support of this motion, the Roosevelt Defendants aver as follows:

1. The Roosevelt Defendants submit the instant motion in an abundance of caution. Indeed, Plaintiff's counsel indicated that he has no objection to providing a signed authorization from his client for the Dr. Alexandra Schieber records. However, discovery in this matter ends on October 7, 2019 and the Roosevelt Defendants must ensure that they are able to obtain discovery materials to which they are otherwise entitled.

2. Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc.

3. In her Complaint, Plaintiff alleges that from 2013 through 2014, she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises on a "regular, consistent and/or repeated basis." Plaintiff alleges that during this time period, she occupied approximately half of the rooms at the Roosevelt Inn.

4. Plaintiff's allegations place a number of facts at issue, including, but not limited to: 1) whether Plaintiff was trafficked; and, if she was trafficked 2) whether she was trafficked on the Roosevelt Defendants' premises; and, if so 3) when she was trafficked on said premises.

5. Also at issue is the extent of damages, if any, sustained by Plaintiff.

6. During the course of discovery, Dr. Alexandra Schieber was identified as a physician from whom Plaintiff received treatment as a result of those experiences.

7.     On July 31, 2019, the Roosevelt Defendants served the parties with a Notice of Intent to Serve A Subpoena to Produce Documents or Things for Discovery Pursuant to Rule 4009.21 directed to Dr. Schieber (the "Notice), seeking information related to Plaintiff's treatment.  *See* Notice attached as Exhibit "A."

8.     No party objected to the Notice and the subpoena was served on Dr. Schieber.

9.     However, on August 20, 2019, Dr. Schieber advised that she would not comply with the subpoena and required Plaintiff to complete and sign a separate authorization form.  *See* Correspondence from the Roosevelt Defendants' litigation support company, attached as Exhibit "B."

10.    As of the date of this motion, Dr. Schieber has produced no documents.

11.    Counsel for the Roosevelt Defendants spoke with Plaintiff's counsel regarding the required Authorization.  Plaintiff's counsel indicated that he has no objection to the request and that he is attempting to secure the signed authorization from his client.

12.    However, in light of the nearing discovery deadline of October 7, 2019, the Roosevelt Defendants submit the instant motion to ensure they obtain the necessary authorization and medical records to which they are entitled.

13.    Therefore, the Roosevelt Defendants require an Order from this Court pursuant to Pa.R.C.P. 4019 compelling Plaintiff to provide the requested authorization and compelling Dr. Schieber to produce the requested documents.

WHEREFORE, the Roosevelt Defendants respectfully request the Court enter an Order pursuant to Pa.R.C.P. 4019 compelling Plaintiff to execute the medical record authorization

within the next ten (10) days and compel Dr. Schieber to produce the requested documents ten

(10) days after receiving Plaintiff's signed authorization.

**BLANK ROME LLP**

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309676)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: October 4, 2019          (215) 569-5500

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com
      doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 |
| v. | : : | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | : : : : | JURY TRIAL DEMANDED |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL AUTHORIZATION AND ENFORCE SUBPOENA

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by their undersigned attorneys, hereby file

this memorandum of law in support of their motion to compel Plaintiff to sign an authorization for medical records and enforce the Roosevelt Defendants' subpoena, commanding Dr. Alexandra Schieber to produce requested documents..

## I.       FACTUAL AND PROCEDURAL BACKGROUND

The Roosevelt Defendants submit the instant motion in an abundance of caution. Indeed, Plaintiff's counsel indicated that he has no objection to providing a signed authorization from his client for the Dr. Alexandra Schieber records.   However, discovery in this matter ends on October 7, 2019 and Plaintiff has not yet supplied the necessary authorization and the Roosevelt Defendants must ensure that they are able to obtain discovery materials to which they are otherwise entitled.

Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc.   In her Complaint, Plaintiff alleges that from 2013 through 2014, she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises on a "regular, consistent and/or repeated basis."  Plaintiff alleges that during this time period, she occupied approximately half of the rooms at the Roosevelt Inn.

Plaintiff's allegations place a number of facts at issue, including, but not limited to: 1) whether Plaintiff was trafficked; and, if she was trafficked 2) whether she was trafficked on the Roosevelt Defendants' premises; and, if so 3) when she was trafficked on said premises.  Also at issue is the extent of damages, if any, sustained by Plaintiff.  During the course of discovery, Dr.

Alexandra Schieber was identified as a physician from whom Plaintiff received treatment as a result of those experiences.

On July 31, 2019, the Roosevelt Defendants served the parties with a Notice of Intent to Serve A Subpoena to Produce Documents or Things for Discovery Pursuant to Rule 4009.21 directed to Dr. Schieber (the "Notice), seeking information related to Plaintiff's treatment. *See* Notice attached as Exhibit "A." No party objected to the Notice and the subpoena was served on Dr. Schieber. However, on August 20, 2019, Dr. Schieber advised that she would not comply with the subpoena and required Plaintiff to complete and sign a separate authorization form. *See* Correspondence from the Roosevelt Defendants' litigation support company, attached as Exhibit "B." As of the date of this motion, Dr. Schieber has produced no documents.

Counsel for the Roosevelt Defendants spoke with Plaintiff's counsel regarding the required Authorization. Plaintiff's counsel indicated that he has no objection to the request and that he is attempting to secure the signed authorization from his client. However, in light of the nearing discovery deadline of October 7, 2019, the Roosevelt Defendants submit the instant motion to ensure they obtain the necessary authorization and medical records to which they are entitled.

## II.    QUESTION INVOLVED

1.    Should this Honorable Court enter an Order compelling Plaintiff to sign the necessary authorization and enforce the subpoena directed to the Dr. Alexandra Schieber where no party has filed objections to the subpoena and because the Dr. Schieber refuses to produce the requested documents absent Plaintiff's authorization?

**SUGGESTED ANSWER:   Yes.**

III.   **ARGUMENT**

A.   <u>**Legal Standard**</u>

Pa.R.C.P. 4003.1 of the Pennsylvania Rules of Civil Procedure specifically permits a

party to an action to obtain information, documents and things through discovery.  In relevant

part, the rule states:

> (a) … a party may obtain discovery regarding any matter, not
> privileged, which is relevant to the subject matter involved in the
> pending action, whether it relates to the claim or defense of the
> party seeking discovery or to the claim or defense of any other
> party, including the existence, description, nature, content,
> custody, condition and location of any books, documents, or other
> tangible things and the identify and location of persons having
> knowledge of any discoverable matter.

Pa.R.C.P. 4003.1(a).

Significantly, the scope of allowable discovery under Pa.R.C.P. 4003.1 is far reaching.

Pa.R.C.P. 4009.1 articulates how a party may acquire this information from a non-party through

the issuance of subpoenas:

> (a) <u>***Any party may serve … a subpoena upon a person not a party***</u>
> <u>***pursuant to Rules 4009.21 through 4009.27***</u> to produce and permit
> the requesting party, or someone acting on the party's behalf, to
> inspect and copy any designated documents (including writings,
> drawings, graphs, charts, photographs, and electronically stored
> information), or to inspect, copy, test or sample any tangible things
> or electronically stored information, which constitute or contain
> matters within the scope of Rules 4003.1 through 4003.6 inclusive
> and which are in the possession, custody or control of the party or
> person upon whom the request or subpoena is served, and may do
> so one or more times.

Pa.R.C.P. 4009.1(a) (emphasis added).

As discussed, *infra*, the information the Roosevelt Defendants seek to obtain from Dr. Schieber pursuant to the instant subpoena with which she refuses to comply absent the necessary authorization, falls precisely within the definition of obtainable discovery provided by Pa.R.C.P. 4003.1(a). Pursuant to Pa.R.C.P. 4019(a)(1)(vii), the court, in response to a motion, may make an appropriate order where a "party or person otherwise fails to make discovery[.]" Accordingly, the Roosevelt Defendants now file the instant motion seeking an order compelling Plaintiff to execute the needed authorization and enforcing the subpoena compelling Dr. Schieber to produce the requested documents and things.

**B.      An Order Should be Entered Enforcing the Subpoena to Dr. Schieber**

In response to a properly served subpoena to which no party has filed objections, Dr. Schieber advised that she was unwilling to provide the requested discovery requested by the Roosevelt Defendants absent the authorization. Despite the Pennsylvania Rules of Civil Procedure specifically permitting the Roosevelt Defendants to seek the requested discovery and allowing Dr. Shieber to produce said discovery without a Court order, Dr. Schieber has nevertheless refused to comply with the subpoena. In fact, Dr. Schieber has advised that she refuses to comply with the Roosevelt Defendants' subpoena without a specific authorization. *See* Exhibit "B."

As this Court is well aware, a party is entitled to seek information relevant to the subject matter of the lawsuit if the subpoena appears reasonably calculated to lead to the discovery of admissible evidence. *Miller v. Grunfelder*, No. 12726 CIVIL 2008, 2013 Pa. Dist. & Cnty. Dec. Lexis 416, at *7 (Pa. D. & C. July 12, 2013). "It is well established that the fundamental consideration in determining the admissibility of evidence is whether the proffered evidence is

relevant to the fact sought to be proved. Evidence is relevant if it tends to make a fact at issue more or less probable." *Martin v. Soblotney*, 502 Pa. 418, 422 (Pa. 1983) (citation omitted). Further, "Pennsylvania [courts] find[] evidence relevant 'when it tends to establish facts in issue,' or when it 'in some degree advances the inquiry and thus has probative value[.]'" *Whistler Sportswear, Inc. v. Rullo*, 289 Pa. Super. 230, 243 (Pa. Super. 1981).

Here, the Roosevelt Defendants' subpoena should be enforced as the information sought from Dr. Schieber is certainly relevant to the issues being litigated in this case – what damages, if any, Plaintiff suffered as a result of her alleged trafficking experiences. Clearly, the categories of information requested relate to Plaintiff's damages, are germane to the claims asserted in Plaintiff's Complaint and lie precisely within the scope of obtainable discovery articulated in Pa.R.C.P. 4003.1 (a). Certainly, the requests are all probative of Plaintiff's claims and resultant damages. An Order should therefore be entered compelling Plaintiff to execute the requested authorization and enforcing the Roosevelt Defendants' subpoena upon receipt of said authorization, thereby compelling Dr. Schieber to produce the requested discovery.

## IV. RELIEF REQUESTED

In light of the above facts, and pursuant to Pa.R.Civ.P. 40019, the Roosevelt Defendants respectfully request this Court enter the attached Order to Compel Authorization and Enforce Subpoena and compel Dr. Schieber to produce the requested discovery.

**BLANK ROME LLP**

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)

6

Daniel E. Oberdick (PA ID# 309676)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103

Dated: October 4, 2019        (215) 569-5500

# CERTIFICATE OF SERVICE

I, James J. Quinlan, Esquire, hereby certify that, on this 4th day of October 2019, I caused

a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn

Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC

and Yagna Patel's forgoing Motion to Compel Authorization and Enforce Subpoena and

accompanying memorandum of law to be served via the Court's electronic filing system and/or

electronic mail and/or First Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
FCI Berlin
Federal Correctional Institution
P.O. Box 9000
Berlin, NH 03570

*Additional Defendant*


And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*


/s/ James J. Quinlan
JAMES J. QUINAN

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
         quinlan@blankrome.com
         byers@blankrome.com
         doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |

## ATTORNEY CERTIFICATION OF GOOD FAITH

The undersigned counsel for movant hereby certifies and attest that:

☒a.     He or she has had the contacts described below with opposing counsel or unrepresented party regarding discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so without Court intervention.

*Defendants' counsel served a subpoena to produce documents and things on Dr. Alexandra Schieber.  On August 20, 2019, Dr. Schieber advised that she would not produce the requested records without her own completed authorization form.  Defendants' counsel spoke with Plaintiff's counsel who indicated that he has no objection to providing a signed authorization*

*from his client for the Dr. Alexandra Schieber records. However, discovery in this matter ends on October 7, 2019 and the Roosevelt Defendants must file the instant motion to ensure they obtain the materials to which they are otherwise entitled.*

☐ b.   He or she was unsuccessful in actually contacting opposing counsel or unrepresented party in an attempt to resolve the discovery dispute(s) despite his or her good faith efforts to do so.

<div align="center">

CERTIFIED TO THE COURT BY:

**BLANK ROME LLP**
</div>

                                 */s/ Daniel E. Oberdick*
                                 Grant S. Palmer (PA ID# 57686)
                                 James J. Quinlan (PA ID# 200944)
                                 Justina L. Byers (PA ID# 76773)
                                 Daniel E. Oberdick (PA ID# 309676)
                                 BLANK ROME LLP
                                 One Logan Square
                                 130 N. 18th Street
                                 Philadelphia, PA  19103

Dated: October 4, 2019                    (215) 569-5500

# EXHIBIT A



*Filed and Attested by the
Office of Judicial Records
04 OCT 2019 05:50 pm
M. TIERNEY*

PENNSYLVANIA COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

M.B., minor by her Guardian William A Calandra, Esquire

vs.

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe, et al.

Court of Common Pleas

170300712

Filed and Attested by the
Office of Judicial Records
31 JUL 2019 02:51 pm
A. STAMATO

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

| Provider: | Record Type: |
|---|---|
| Alexandra Schieber | All available |

TO: Nadeem Bezar, Esquire

note: please see enclosed list of all other interested counsel

Litigation Solutions, LLC ('LSLLC') on behalf of Daniel Oberdick intends to serve a subpoena identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the subpoena. If the twenty day notice period is waived or if no objection is made, then the subpoena may be served.

Date of Issue: 07/10/2019

CC: Daniel Oberdick of Blank Rome LLP - Court of Common Pleas

Litigation Solutions, LLC on behalf of:

Daniel Oberdick

Defense

If you have any questions regarding this matter, please contact:
Litigation Solutions, LLC (412.263.5656)
Brentwood Towne Centre
101 Towne Square Way, Suite 251
Pittsburgh, PA 15227

Case ID: 170300712

**COUNSEL LISTING FOR M.B., MINOR BY HER GUARDIAN WILLIAM A CALANDRA, ESQUIRE VS. ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFE, ET AL.**

### County of Philadelphia Court of Common Pleas

| Counsel | Firm | Counsel Type |
|---|---|---|
| Bezar, Esquire, Nadeem | 1525 Locust Street<br>Philadelphia, PA 19102<br>P: 215-772-1000 F: 215-772-1005 | Opposing Counsel |
| Wagner, Thomas P. | 2000 Market Street Suite 2300<br>Philadelphia, PA 19103<br>P: 215-575-2600 F: 215 575-0856 | Other |

**COMMONWEALTH OF PENNSYLVANIA**

**COUNTY OF PHILADELPHIA**

M.B., minor by her Guardian William A Calandra, Esquire
vs.
Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe,
et al.

**Court of Common Pleas**

**170300712**

**Request For Records Copies Related To Subpoena Document Request**

Provider:            Copy Sets Requested:

Alexandra Schieber

Please return this completed form to Litigation Solutions, LLC. Please be advised that Litigation Solutions, LLC requires prepayment for all requested records above. Therefore, once the requested records are obtained an invoice for prepayment will be generated and sent directly to your attention. This prepayment includes a $5.00 administrative fee. Once payment has been received the records will be promptly forwarded to your attention.

If you should happen to have any questions or concerns regarding this matter, please don't hesitate to contact Beth Benson at 412-253-1099 or fax at 412-246-9106, , 412.882.3477.

Date of Issue: 07/10/2019

M.B., minor by her Guardian William A Calandra, Esquire

*Plaintiff*

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe, et al

*Defendant*

Court of Common Pleas

March _____ Term, 20 17

No. 04725

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: Alexandra Schieber

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things: see attached rider for instructions.

at Litigation Solutions, LLC, 101 Towne Square Way, Suite 251 Pittsburgh, PA 15227

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

This subpoena was issued at the request of the following person:

Date: 7-10-2019

Name: Daniel Oberdick, Esquire

Address: 130 North 18th St., One Logan Square
Philadelphia, PA 19103

Telephone: 215-569-5500

Supreme Court ID#: 309676

Attorney for: Defense

BY THE COURT:
ERIC FEDER

PRO _____

10-238 (Rev. 12/99)

Case ID: 170300712

**Rider to Subpoena**

**Explanation of Required Documents and Things**

**TO: CUSTODIAN OF RECORDS FOR:**

Alexandra Schieber
1316 W. Ontario Street Jones Hall, 1st Floor
Philadelphia PA 19140
Attention: Records Department

Subject:

**Requested Items:**
Please remit any and all documents for the past 10 years related to M.B., d/o/b 09/03/1999, including but not limited to treatment records, medical records, x-rays, notes and correspondence.


Filed and Attested by the
Office of Judicial Records
04 OCT 2019 05:50 pm
M. TIERNEY

# EXHIBIT B

| | |
|---|---|
| **From:** | Beth Benson <bbenson@litsol.com> |
| **Sent:** | Tuesday, August 20, 2019 11:07 AM |
| **To:** | Hassett, Susan M. |
| **Cc:** | Oberdick, Daniel |
| **Subject:** | B███████ M████████ File 901612-GE |

Good Morning;

Please be advised that Alexandra Schieber has rejected the subpoena, advising that they require that their own authorization be completed and signed. Please advise if you would like for us to procure this authorization from plaintiff's counsel.

Thanks,

**Beth Benson**

*Litigation Solutions, LLC*
a division of ISG
Record Procurement Specialist
101 Town Square Way , Suite 251
Pittsburgh, PA 15227
**Phone: 412-253-1099**
**Fax: 412-246-9106**
**Alt. Fax: 412-882-3477**
<u>**Click here to use our Paperless Portal**</u> *- a secure way to send invoices, records, and other sensitive information directly to Litigation Solutions*

1


*Filed and Attested by the Office of Judicial Records 04 OCT 2019 05:58 pm M. TIERNEY*

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
         quinlan@blankrome.com
         byers@blankrome.com
         doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, | : COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : PHILADELPHIA COUNTY |
| | : CIVIL TRIAL DIVISION |
| Plaintiff, | : |
| | : MARCH TERM, 2017 |
| v. | : NO.: 00712 |
| | : |
| ROOSEVELT INN LLC | : JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |
| ROOSEVELT INN CAFÉ, et al., | : |
| | : |

## <u>NOTICE OF PRESENTATION</u>

TO:

Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle B. Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

Case ID: 170300712

Robert Beason
3479 Emerald Street
Philadelphia, PA 19134

Kelly Mahon Beason
3479 Emerald Street
Philadelphia, PA 19134

**PLEASE TAKE NOTICE** that the Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, to Enforce Subpoenas and Command Attendance at Depositions will be presented to the Court on _____, at _____, in Court Room _____, City Hall, Philadelphia, PA.

**BLANK ROME LLP**

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309676)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: October 4, 2019                      (215) 569-5500

2

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
       quinlan@blankrome.com
       byers@blankrome.com
       doberdick@blankrome.com

|  |  |  |
|---|---|---|
| | : | |
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |

*Attorneys for Defendants,
Roosevelt Inn LLC d/b/a Roosevelt Inn and
Roosevelt Inn Café, Roosevelt Motor Inn, Inc.
d/b/a Roosevelt Motor Inn,
UFVS Management Company, LLC and
Yagna Patel*

## MOTION TO ENFORCE SUBPOENAS

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by and through their undersigned

attorneys, hereby move the Court to enter an Order pursuant to Pa. R. Civ. P. 4019, to enforce

the Roosevelt Defendants' subpoenas and command Robert Beason and Kelly Mahon Beason to

appear for depositions. In support of this motion, the Roosevelt Defendants aver as follows:

1.    Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc.

2.    In her Complaint, Plaintiff alleges that from 2013 through 2014, she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises on a "regular, consistent and/or repeated basis."  Plaintiff alleges that during this time period, she occupied approximately half of the rooms at the Roosevelt Inn.

3.    Plaintiff's allegations place a number of facts at issue, including, but not limited to: 1) whether Plaintiff was trafficked; and, if she was trafficked 2) whether she was trafficked on the Roosevelt Defendants' premises; and, if so 3) when she was trafficked on said premises.

4.    To date, Plaintiff has failed to identify a single calendar day that she was at the Roosevelt Inn.

5.    During the course of discovery, Robert Beason and Kelly Mahon Beason were identified as individuals with knowledge of Plaintiff's alleged trafficking and the impact resulting therefrom.

6.    On September 22, 2019, the Roosevelt Defendants served Robert Beason and Kelly Mahon Beason with Subpoenas to Attend and Testify pursuant to Rule 234.1.  *See* Subpoenas with Returns of Service and Enclosure Letters, attached collectively as Exhibit "A." The subpoenas were personally served at the address associated with Robert and Kelly Mahon Beason, and accepted by Joyce Reeves, who identified herself as the person in charge of residence.  *See* Returns of Service at Exhibit "A."

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire                          *Attorneys for Defendants,*
Attorney Bar I.D. No.: 57686                          *Roosevelt Inn LLC d/b/a Roosevelt Inn and*
James J. Quinlan, Esquire                             *Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
Attorney Bar I.D. No.: 200944                         *d/b/a Roosevelt Motor Inn,*
Justina L. Byers, Esquire                             *UFVS Management Company, LLC and*
Attorney Bar I.D. No.: 76773                          *Yagna Patel*
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
         quinlan@blankrome.com
         byers@blankrome.com
         doberdick@blankrome.com

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |

## MOTION TO ENFORCE SUBPOENAS

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by and through their undersigned

attorneys, hereby move the Court to enter an Order pursuant to Pa. R. Civ. P. 4019, to enforce

the Roosevelt Defendants' subpoenas and command Robert Beason and Kelly Mahon Beason to

appear for depositions. In support of this motion, the Roosevelt Defendants aver as follows:

1. Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc.

2. In her Complaint, Plaintiff alleges that from 2013 through 2014, she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises on a "regular, consistent and/or repeated basis." Plaintiff alleges that during this time period, she occupied approximately half of the rooms at the Roosevelt Inn.

3. Plaintiff's allegations place a number of facts at issue, including, but not limited to: 1) whether Plaintiff was trafficked; and, if she was trafficked 2) whether she was trafficked on the Roosevelt Defendants' premises; and, if so 3) when she was trafficked on said premises.

4. To date, Plaintiff has failed to identify a single calendar day that she was at the Roosevelt Inn.

5. During the course of discovery, Robert Beason and Kelly Mahon Beason were identified as individuals with knowledge of Plaintiff's alleged trafficking and the impact resulting therefrom.

6. On September 22, 2019, the Roosevelt Defendants served Robert Beason and Kelly Mahon Beason with Subpoenas to Attend and Testify pursuant to Rule 234.1. *See* Subpoenas with Returns of Service and Enclosure Letters, attached collectively as Exhibit "A." The subpoenas were personally served at the address associated with Robert and Kelly Mahon Beason, and accepted by Joyce Reeves, who identified herself as the person in charge of residence. *See* Returns of Service at Exhibit "A."

7.     Per the terms of his Subpoenas, Robert Beason was to appear for his deposition at 10:00 am on October 2, 2019 at the offices of the Roosevelt Defendants' counsel. *See id.*

8.     Similarly, the subpoena directed to Kelly Mahon Beason ordered her to appear for her deposition at 1:00 pm on October 2, 2019 at the same location. *Id.*

9.     Counsel for all parties to this action appeared at the scheduled date and times; however, neither Robert Beason nor Kelly Mahon Beason appeared for their depositions, necessitating the filing of the instant Motion. *See* Deposition Transcript for Robert Beason, attached as Exhibit "B"; *see also* Deposition Transcript for Kelly Mahon Beason, attached as Exhibit "C."

10.    Therefore, the Roosevelt Defendants require an Order from this Court pursuant to Pa.R.C.P. 4019 compelling Robert Beason and Kelly Mahon Beason's to appear for depositions.

WHEREFORE, the Roosevelt Defendants respectfully request this Court enter the attached Order to Enforce Subpoena and compel Robert Beason and Kelly Mahon Beason to appear for deposition.

BLANK ROME LLP

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309676)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: October 4, 2019                    (215) 569-5500

3

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com
      doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO ENFORCE SUBPOENA

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by their undersigned attorneys, hereby file

this memorandum of law in support of their motion to enforce subpoenas and command Robert

Beason and Kelly Mahon Beason to appear for depositions (the "Motion).

# I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc.  In her Complaint, Plaintiff alleges that from 2013 through 2014, she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises on a "regular, consistent and/or repeated basis."  Plaintiff alleges that during this time period, she occupied approximately half of the rooms at the Roosevelt Inn.

Plaintiff's allegations place a number of facts at issue, including, but not limited to: 1) whether Plaintiff was trafficked; and, if she was trafficked 2) whether she was trafficked on the Roosevelt Defendants' premises; and, if so 3) when she was trafficked on said premises.  To date, Plaintiff has failed to identify a single calendar day that she was at the Roosevelt Inn. During the course of discovery, Robert Beason and Kelly Mahon Beason were identified as individuals with knowledge of Plaintiff's alleged trafficking and the impact resulting therefrom.

On September 22, 2019, the Roosevelt Defendants served Robert Beason and Kelly Mahon Beason with Subpoenas to Attend and Testify pursuant to Rule 234.1.  *See* Subpoenas with Returns of Service and Enclosure Letters, attached collectively as Exhibit "A."  The subpoenas were personally served at the address associated with Robert and Kelly Mahon Beason, and accepted by Joyce Reeves, who identified herself as the person in charge of residence.  *See* Returns of Service at Exhibit "A."

Per the terms of his Subpoenas, Robert Beason was to appear for his deposition at 10:00 am on October 2, 2019 at the offices of the Roosevelt Defendants' counsel.  Similarly, the

subpoena directed to Kelly Mahon Beason ordered her to appear for her deposition at 1:00 pm on October 2, 2019 at the same location. Counsel for all parties to this action appeared at the scheduled date and times; however, neither Robert Beason nor Kelly Mahon Beason appeared for their depositions, necessitating the filing of the instant Motion. *See* Deposition Transcript for Robert Beason, attached as Exhibit "B"; see also Deposition Transcript for Kelly Mahon Beason, attached as Exhibit "C."

## II.     QUESTION INVOLVED

1.     Should this Honorable Court enter an Order to enforce the subpoenas directed to Robert Beason and Kelly Mahon Beason where the subpoenas were issued by the Court and properly served, but the deponents refused to appear for deposition?

**SUGGESTED ANSWER:   Yes.**

## III.    ARGUMENT

### A.     Legal Standard

Pa.R.C.P. 4003.1 of the Pennsylvania Rules of Civil Procedure specifically permits a party to an action to obtain information, documents and things through discovery. In relevant part, the rule states:

> (a) … a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identify and location of persons having knowledge of any discoverable matter.

Pa.R.C.P. 4003.1(a).

Significantly, the scope of allowable discovery under Pa.R.C.P. 4003.1 is far reaching. Pa.R.C.P. 4007.1 articulates how a party may acquire information from a person through the taking of a deposition. Rule 234.1 empowers the Court to issue a subpoena commanding a person to attend an testify at a particular time and place. Specifically, the rule provides:

> (b) A subpoena may be used to command a person to attend and to produce documents or things only at
>
> (1) a trial or hearing in an action or proceeding pending in the court, or
>
> (2) the taking of a deposition in an action or proceeding pending in the court.

*See* Rule 234.1

As discussed, *infra*, the information the Roosevelt Defendants seek to obtain from Robert Beason and Kelly Mahon Beason pursuant to the instant subpoenas with which they refused to comply, falls precisely within the definition of obtainable discovery provided by Pa.R.C.P. 4003.1(a). Pursuant to Pa.R.C.P. 4019(a)(1)(iv), the court, in response to a motion, may make an appropriate order where a "person designated under Rule 4007.1(e) to be examined, after notice under Rule 4007.1, fails to appear before the person who is to take the deposition[.]" Accordingly, the Roosevelt Defendants now file the instant motion seeking an order enforcing the subpoena directed to Robert Beason and Kelly Mahon Beason to attend their duly noticed depositions.

### B. An Order Should be Entered Enforcing the Subpoenas

Despite proper service of the subpoenas and the Pennsylvania Rules of Civil Procedure specifically permitting the Roosevelt Defendants to seek the requested discovery without a Court

4

order, Robert Beason and Kelly Mahon Beason have nevertheless refused to comply with the subpoena as evidenced by their failure to attend their properly noticed depositions.

As this Court is well aware, a party is entitled to seek information relevant to the subject matter of the lawsuit if the subpoena appears reasonably calculated to lead to the discovery of admissible evidence. *Miller v. Grunfelder*, No. 12726 CIVIL 2008, 2013 Pa. Dist. & Cnty. Dec. Lexis 416, at *7 (Pa. D. & C. July 12, 2013). "It is well established that the fundamental consideration in determining the admissibility of evidence is whether the proffered evidence is relevant to the fact sought to be proved. Evidence is relevant if it tends to make a fact at issue more or less probable." *Martin v. Soblotney*, 502 Pa. 418, 422 (Pa. 1983) (citation omitted). Further, "Pennsylvania [courts] find[] evidence relevant 'when it tends to establish facts in issue,' or when it 'in some degree advances the inquiry and thus has probative value[.]'" *Whistler Sportswear, Inc. v. Rullo*, 289 Pa. Super. 230, 243 (Pa. Super. 1981).

Here, the Roosevelt Defendants' subpoenas should be enforced as the information sought from Robert Beason and Kelly Mahon Beason is certainly relevant to the issues being litigated in this case – whether Plaintiff was trafficked at the Roosevelt Inn and, if so, when Plaintiff was trafficked. And, discovery exchanged to this point only further substantiates the Roosevelt Defendants' entitlement to obtain documents and information concerning Plaintiff's whereabouts during the time period alleged because, to date, Plaintiff has failed to identify a single calendar day that she was allegedly at the Roosevelt Inn. Clearly, all of the categories of information requested relate to Plaintiff's whereabouts, are germane to the claims asserted in Plaintiff's Complaint and lie precisely within the scope of obtainable discovery articulated in Pa.R.C.P. 4003.1(a). Certainly, the requests are all probative of Plaintiff's claims and resultant damages.

An Order should therefore be entered enforcing the Roosevelt Defendants' subpoenas and compelling Robert Beason and Kelly Mahon Beason to appear for depositions.

IV.     **RELIEF REQUESTED**

In light of the above facts, and pursuant to Pa.R.Civ.P. 40019, the Roosevelt Defendants respectfully request this Court enter the attached Order to Enforce Subpoenas and compel Robert Beason and Kelly Mahon Beason to appear for deposition.

<div style="margin-left: 40%">

**BLANK ROME LLP**

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309676)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
(215) 569-5500

</div>

Dated: October 4, 2019

**CERTIFICATE OF SERVICE**

I, James J. Quinlan, Esquire, hereby certify that, on this 4th day of October 2019, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Enforce Subpoenas and accompanying memorandum of law to be served via the Court's electronic filing system and/or electronic mail and/or First Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
FCI Berlin
Federal Correctional Institution
P.O. Box 9000
Berlin, NH 03570

*Additional Defendant*


And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*


/s/ James J. Quinlan
JAMES J. QUINLAN

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
         quinlan@blankrome.com
         byers@blankrome.com
         doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |

## ATTORNEY CERTIFICATION OF GOOD FAITH

The undersigned counsel for movant hereby certifies and attest that:

☒a.    He or she has had the contacts described below with opposing counsel or unrepresented party regarding discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so without Court intervention.

*Defendants' counsel served subpoenas and accompanying notices of deposition to Robert and Kelly Mahon Beason.  On October 2, 2019, Robert and Kelly Mahon Beason failed to appear for their duly noticed depositions.*

☐ b.   He or she was unsuccessful in actually contacting opposing counsel or unrepresented party in an attempt to resolve the discovery dispute(s) despite his or her good faith efforts to do so.

CERTIFIED TO THE COURT BY:

**BLANK ROME LLP**

_/s/ Daniel E. Oberdick_
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309676)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: October 4, 2019            (215) 569-5500

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

*Filed and Attested by the Office of Judicial Records 07 OCT 2019 05:17 pm M. TIERNEY*

## ORDER

**AND NOW,** this        day of                  , 2019, upon consideration of Plaintiff's

Motion for Sanctions Against Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt

Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, it is hereby,

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED.**   Defendants

Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management

Company, LLC and Yagna Patel, shall pay Plaintiff's counsel Five Hundred Dollars ($500.00) in

attorney's fees and costs and shall fully comply with the Court's Order dated October 1, 2019

requiring Defendants to produce Alok Upadhyay  for deposition.

It is further **ORDERED** and **DECREED** that Defendants shall produce Alok Upadhyay

for a deposition on Tuesday, October 29, 2019 at 10:00 a.m. at the law firm of Kline & Specter,

P.C., 1525 Locust Street, Philadelphia, PA 19102.  If Defendants do not produce Alok Upadhyay

for a deposition they will be precluded from presenting his testimony at the time of trial and

suffer additional sanctions as deemed appropriate by the Court.

**BY THE COURT:**

_____
                                            **J.**

**DISCOVERY DEADLINE:  OCTOBER 7, 2019**

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | |
|---|---|
| M.B. : | PHILADELPHIA COUNTY |
| : | COURT OF COMMON PLEAS |
| v. : | |
| : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. : | |
| : | |

---

### PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY LLC AND YAGNA PATEL

Plaintiff M.B., by and through counsel, Kline & Specter, P.C., hereby requests this

Honorable Court to sanction Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt

Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel (hereinafter Roosevelt

Defendants), for failing to comply with the Court's Order dated October 1, 2019, and in support

of the Motion avers as follows:

1.      This case involves the human sex trafficking of Plaintiff M.B. at the Roosevelt

Inn at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

2.      On September 16, 2019, Plaintiff's counsel filed a Motion to Compel Defendants

Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management

Company, LLC and Yagna Patel, to produce Alok Upadhyay for deposition.

3.      On October 1, 2019, Judge Butchart entered an Order compelling the Roosevelt

Defendants to produce Alok Upadhyay for a deposition on October 2, 2019 at 1:00 p.m.. <u>See</u>

10/1/19 Order, attached as Exhibit "A".

4. On October 1, 2019, Plaintiff's counsel received an email from defense counsel stating he is confident that Mr. Upadhyay would not attend the scheduled deposition on October 2, 2019 at 1:00 p.m. See 10/1/19 E-mail attached as Exhibit "B".

5. Alok Upadhyay failed to appear for his deposition schedule on October 2, 2019.

6. Alok Upadhyay has information that is relevant to Plaintiff's case.

7. Plaintiff will be severely prejudiced in this matter without Mr. Upadhyay's deposition testimony.

8. Therefore, Plaintiff seeks a Court Order compelling counsel for Defendants to produce Alok Upadhyay for deposition on Tuesday, October 29, 2019 at 10:00 a.m.

9. If defendant does not produce Alok Upadhyay for his deposition on October 29, 2019 then Plaintiff respectfully requests this Court enter the attached order precluding his testimony at the time of trial.

**WHEREFORE**, Plaintiff respectfully requests this Court to sanction Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, by entering the proposed Order compelling Defendants to pay Plaintiff's counsel Five Hundred Dollars ($500.00) in attorney's fees and costs, and to fully comply with the Court's Order dated October 1, 2019. Plaintiff also requests this Court to preclude defense counsel from presenting his testimony at the time of trial

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

**KLINE & SPECTER, P.C.**                              *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**To:**    Grant S. Palmer, Esquire
        James J. Quinlan, Esquire
        Daniel E. Oberdick, Esquire
        Blank Rome, LLP
        One Logan Square, 130 North 18th Street
        Philadelphia, PA 19103
        *Counsel for Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn,*
        *Inc., UFVS Management Company, LLC and Yagna Patel*

Please take notice that the following Motion:
    ☒    Plaintiff's Motion for Sanctions to Defendants Roosevelt Inn LLC d/b/a
        Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC
        and Yagna Patel.

    ☐    Defendant's Motion _____

will be presented to the Court on the date and time provided electronically by the Court in the
Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA. <u>See</u> electronic
confirmation to be provided.

    */s/Emily B. Marks*                              *10/7/19*
By:    _____    Date: _____
    EMILY B. MARKS, ESQUIRE
    Attorney I.D. No. 204405
    Telephone Number: 215.772-0524
    Address:    Kline & Specter, P.C.
             1525 Locust Street
             Philadelphia, PA 19102

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that service of a true and correct copy of the above Plaintiff's Motion for Sanctions to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel was filed with the Court on October 7, 2019 and served:

By electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

By: _____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

10/7/2019

Dated: _____

# Attorney Certification of Good Faith
Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

    **X**  a.He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

    Plaintiff's counsel sent follow up correspondence to defense counsel requesting Defendants' deposition, to no avail.

    ☐  b.  He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

**CERTIFIED TO THE COURT BY:**

*/s/Emily B. Marks*

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# VERIFICATION

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff's Motion for Sanctions against Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

*/s/Emily B. Marks*

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "A"

#3

M.B.                                    :    PHILADELPHIA COUNTY
                                        :    COURT OF COMMON PLEAS
v.                                      :
                                        :    CIVIL TRIAL DIVISION
ROOSEVELT INN LLC                       :    MARCH TERM, 2017
d/b/a ROOSEVELT INN and                 :    NO.: 00712
ROOSEVELT INN CAFÉ, et al.              :
                                        :

Attested by the Office of Judicial Records 16 SEP 2019 05:10 am E. ATTORNEY DISTRICT OF ...

## ORDER

**AND NOW**, this \ day of   Octob er  , 2019, upon consideration of

Plaintiff's Motion to Compel the Depositions of Kim Mueller and Alok Upadhyay, and any

response thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Counsel for

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UFVS

Management Company, LLC and Yagna Patel, are hereby **ORDERED** to produce ~~Kim Mueller~~

~~and~~ Alok Upadhyay for depositions on October 2, 2019 beginning at 10:00 a.m. and 1:00 p.m.

respectively. The depositions will take place at the law offices of Kline & Specter, P.C., 1525

Locust Street, Philadelphia, PA 19102. Failure to comply with this Order may result in sanctions

upon application to the Court.

**BY THE COURT:**

_____
                                                    J.

B. Etal Vs Roosevelt Inn Llc Etal-ORDER

||||||||||||||||||||||||||||||||
17030071200179

**DISCOVERY DEADLINE: OCTOBER 7, 2019**

DOCKETED
OCT 0 1 2019
D. STEWART
JUDICIAL RECORDS

Case ID: 170300712

# EXHIBIT "B"

| | |
|---|---|
| **From:** | Quinlan, James J. <Quinlan@BlankRome.com> |
| **Sent:** | Tuesday, October 1, 2019 2:12 PM |
| **To:** | Bezar, Nadeem; Foreman, Melanie J. |
| **Cc:** | Lawson, Christie; Palmer, Grant; Oberdick, Daniel; Marks, Emily; Nocho, Kyle; Pagan, Jessica; Wagner, Thomas P.; Stanko, Robert W. |
| **Subject:** | RE: M.B. v. Roosevelt Inn, LLC, et. al. - 10/2/19 Depositions |

Hi Nadeem:

As I told the court today, I have lost contact with Mr. Upadhyay and do not have the ability to force him to attend. Prior to losing contact, I was told he was out of the country for number of weeks and he did not wish to participate in a deposition. Therefore, I am confident the witness will not show up tomorrow.

I am able to provide last known New Jersey contact information. I have no information on an address in India.

I think it would be a waste of time and resources to have a reporter and videographer present for the deposition.

Let me know how you want to proceed.

LKA for Mr. Upadhyay is 103 A Mulberry Cove, Mount Laurel, New Jersey.

Jim

**James J. Quinlan | BLANKROME**
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5430 | F: 215.832.5430 | quinlan@blankrome.com

**From:** Bezar, Nadeem <nadeem.bezar@klinespecter.com>
**Sent:** Tuesday, October 1, 2019 1:55 PM
**To:** Foreman, Melanie J. <MJForeman@mdwcg.com>
**Cc:** Lawson, Christie <christie.lawson@klinespecter.com>; Palmer, Grant <Palmer@BlankRome.com>; Quinlan, James J. <Quinlan@BlankRome.com>; Oberdick, Daniel <DOberdick@BlankRome.com>; Marks, Emily <emily.marks@klinespecter.com>; Nocho, Kyle <kyle.nocho@klinespecter.com>; Pagan, Jessica <jessica.pagan@klinespecter.com>; Wagner, Thomas P. <TPWagner@mdwcg.com>; Stanko, Robert W. <RWStanko@mdwcg.com>
**Subject:** Re: M.B. v. Roosevelt Inn, LLC, et. al. - 10/2/19 Depositions

Yes.
Jim, will your witness show-up?

Nadeem A. Bezar, Esquire
Kline & Specter, PC
1525 Locust Street
Philadelphia PA 19102
215-772-0522
Nadeem.Bezar@klinespecter.com
www.klinespecter.com

1

TO PLAINTIFF AND CO-DEFENDANTS:
YOU ARE HEREBY REQUIRED TO RESPOND TO
THE ENCLOSED NEW MATTER AND/OR
CLAIMS WITHIN 20 DAYS OR A JUDGMENT MAY
BE ENTERED AGAINST YOU.

_Thomas J. Wagner_

Thomas P. Wagner, Esquire
Attorney for Defendant
Alpha-Centurion Security, Inc.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:      27145
BY:    Robert W. Stanko, Esquire
Identification No.    208830
BY:    Melanie J. Foreman, Esquire
Identification No.:      317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

Attorneys for Defendant,
Alpha-Centurion Security, Inc.

| | | |
|---|---|---|
| M.B. minor by her Guardian,<br>WILLIAM A. CALANDRA, ESQUIRE | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| | : | |
| Plaintiff | : | MARCH TERM, 2017 |
| | : | |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT MOTOR INN, INC.<br>d/b/a ROOSEVELT MOTOR INN and<br>UFVS MANAGEMENT COMPANY, LLC<br>and YAGNA PATEL and ALPHA-<br>CENTURION SECURITY, INC. d/b/a ALPHA<br>CENTURY SECURITY, INC. | : | NO. 00712 |
| | : | |
| | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendants | : | |

## ANSWER OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., TO PLAINTIFF'S THIRD AMENDED COMPLAINT WITH NEW MATTER AND NEW MATTER CROSS-CLAIMS

Defendant, Alpha-Centurion Security, Inc. (hereinafter referred to as "Answering

Defendant"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin,

1

hereby files its Answer with New Matter and New Matter Cross-Claims to Plaintiff's Third Amended Complaint as follows:

1. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied. Answering Defendant does not dispute that human sex trafficking exists, but Answering Defendant has no involvement in any such activity, and Answering Defendant has no knowledge of any such activity occurring at the Roosevelt Inn as alleged in Plaintiff's Complaint. It is specifically denied that any act or omission on the part of Answering Defendant in any way caused or contributed to the alleged human sex trafficking outlined in Plaintiff's Complaint.

2. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied. Answering Defendant does not dispute that human sex trafficking exits, but Answering Defendant has not involvement in any such activity, and Answering Defendant has no actual or constructive knowledge of any such activity occurring at the Roosevelt Inn as alleged in Plaintiff's Complaint.

3. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, Pennsylvania's human trafficking law is a writing that speaks for itself, and Plaintiff's characterization thereof is denied.

4. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of

2

Case ID: 170300712

the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

5. Admitted in part and denied in part. It is admitted only that Plaintiff's name and address do not appear in the Third Amended Complaint. The Public Access Policy of the Unified Judicial System of Pennsylvania is a writing that speaks for itself. As to the remainder of the allegations, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

6. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

7. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

8. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

9. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

10. Denied. It is specifically denied that Answering Defendant is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. It is specifically denied that Answering Defendant provided security services at the Roosevelt Inn at all times

3

Case ID: 170300712

material to the allegations contained in Plaintiff's Third Amended Complaint. Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A.

11.     Admitted in part and denied in part.  It is admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied.

12.     Admitted in part and denied in part.  It is admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied. The remaining averments contained in the corresponding paragraph are denied.

13.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

14.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

15.     Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.  To the extent further response is deemed required, the corresponding allegations are denied.

Case ID: 170300712

16.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

17.     Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, the corresponding allegations are denied.

18.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

19.     Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, it is specifically denied that Answering Defendant and/or its actual or apparent agents, servants and/or employees had any knowledge of human sex trafficking at the Roosevelt Inn or in any way caused, permitted, or failed to prevent human sex trafficking at the Roosevelt Inn.

## OPERATIVE FACTS

20.     Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. 18 Pa.C.S.A. § 3011, *et seq.* is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied.

21.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

Case ID: 170300712

22.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

23.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

24.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

25.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

26.    Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. 18 Pa.C.S.A. § 3051 is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied.

27.    Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

28.    Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without

Case ID: 170300712

knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

29. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

30. Admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, the content of which speaks for itself and Plaintiff's characterization thereof is specifically denied. *See* Ex. A. The remaining averments contained in the corresponding paragraph are denied.

31. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

32. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

33. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a

Case ID: 170300712

response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

34. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

35. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

36. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

37. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

Case ID: 170300712

38. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are denied.

39. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

40. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the corresponding allegations are denied.

41. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

42. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

43. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

44. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

Case ID: 170300712

45. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

46. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

47. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

48. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

49. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

50. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

51. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

Case ID: 170300712

52.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

53.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

54.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

55.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

56.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

57.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

58.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

59.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a

Case ID: 170300712

response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

60. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

61. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

62. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are specifically denied.

63. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are specifically denied.

64. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are specifically denied.

Case ID: 170300712

65. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

66. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

67. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent a response is deemed required, the corresponding allegations are denied. It is specifically denied that Answering Defendant individually and/or by its actual or apparent agents, servants, and/or employees, was negligent at any time relevant to Plaintiff's allegations.

68. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

69. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are denied. It is specifically denied that Answering Defendant

Case ID: 170300712

individually and/or by its actual or apparent agents, servants, and/or employees, acted negligently, outrageously, and/or in reckless disregard for the health and welfare of Plaintiff. It is specifically denied that punitive damages are warranted.

### COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A.§ 3051

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

70. Answering Defendant incorporates its Answers to paragraphs 1 through 69 above as if same were set forth fully at length herein.

71. Denied. Pennsylvania's Human Trafficking Law 18 Pa. C.S.A. § 3051 is a statute that speaks for itself and Plaintiff's characterization thereof is specifically denied.

72. - 74. The allegations contained in paragraphs 72 through 74 are addressed to parties other than Answering Defendant, and therefore no response is required. To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

**WHEREFORE,** Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Third Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

Case ID: 170300712

## COUNT II – NEGLIGENCE

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

75.     Answering Defendant incorporates its Answers to paragraphs 1 though 74 above as if same were set forth fully at length herein.

76. - 84. The allegations contained in paragraphs 76 through 84 are addressed to parties other than Answering Defendant, and therefore no response is required. To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Third Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

## COUNT III – NEGLIGENCE

## M.B. v. ALPHA-CENTURION SECURITY, INC.

85.     Answering Defendant incorporates its Answers to paragraphs 1 though 84 above as if same were set forth fully at length herein.

86.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

Case ID: 170300712

87. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, the corresponding allegations are denied.

88. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

89. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, the corresponding allegations are denied.

90. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, the corresponding allegations are denied.

91. Denied. The averments contained in the corresponding paragraph and subparagraphs (a) through (x) are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant, individually and/or by and through its actual or apparent agents, officers, servants and/or employees, was negligent at any time relevant to Plaintiff's allegations set forth in the Third Amended Complaint. The remainder of the allegations in the corresponding paragraph and subparagraphs (a) through (x) are also denied.

92. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed

Case ID: 170300712

required, it is specifically denied that Answering Defendant was negligent at any time relevant to Plaintiff's allegations set forth in the Third Amended Complaint. As to the remainder of the corresponding allegations, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

93. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant was negligent at any time relevant to Plaintiff's allegations set forth in the Third Amended Complaint. It is specifically denied that Answering Defendant breached any alleged duty to Plaintiff.

94. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant acted outrageously and/or in reckless disregard for the health and welfare of Plaintiff. It is specifically denied that punitive damages are warranted.

**WHEREFORE,** Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Third Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

Case ID: 170300712

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

95.     Answering Defendant incorporates its Answers to paragraphs 1 though 94 above as if same were set forth fully at length herein.

96. - 97. The allegations contained in paragraphs 96 through 97 are addressed to parties other than Answering Defendant, and therefore no response is required. To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Third Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

### COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ALPHA-CENTURION SECURITY, INC.

98.     Answering Defendant incorporates its Answers to paragraphs 1 though 97 above as if same were set forth fully at length herein.

99.     Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant, individually and/or by its actual or apparent agents, servants, and/or employees, was negligent at any time relevant to Plaintiff's allegations set forth in the Third Amended Complaint. It is specifically denied that any acts or

18

Case ID: 170300712

omissions on the part of Answering Defendant in any way caused or contributed to Plaintiff's alleged injuries.

100. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant acted outrageously and/or in reckless disregard for the health and welfare of Plaintiff.

**WHEREFORE,** Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Third Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

## NEW MATTER

101. Answering Defendant incorporates its Answers to paragraphs 1 through 100 above as if same were set forth fully at length herein, and asserts the following New Matter:

102. Plaintiff has failed to state a cause of action upon which relief can be granted.

103. Plaintiff's claims are or may be barred by the statute of limitations.

104. The sole and proximate cause of the alleged incident involved in this case, and any injury, damage or loss allegedly sustained by Plaintiff, if any, was the result of the act, conduct, negligence, recklessness, carelessness, breaches of contract, violation of statue, code regulation or standard, and violation of duties and obligations owed by persons or parties other than Answering Defendant or its agents, servants, workers or employees.

105. Answering Defendant breached no duty to Plaintiff.

Case ID: 170300712

106. The property described in Plaintiff's Third Amended Complaint was owned, possessed, and/or controlled by an entity other than Answering Defendant over whom Answering Defendant had no control or right of control.

107. The injuries and damages allegedly sustained by Plaintiff were caused by an intervening cause and/or superseding cause and, therefore, Plaintiff may not recover against Answering Defendant.

108. Plaintiff's claims are barred, limited, or reduced by virtue of the fact that Answering Defendant cannot be held liable for the criminal acts of third parties.

109. If it is determined that Answering Defendant is liable along with any other Defendant or Third Party Defendant, Answering Defendant's respective liabilities shall be determined in accordance with the provisions of 42 Pa. C.S.A. § 7102.

110. Answering Defendant denies that it proximately caused each and every type of injury and/or damages set forth in Plaintiff's Third Amended Complaint.

111. Answering Defendant at all relevant times acted lawfully, prudently and reasonably and in the exercise of good faith.

112. The conduct attributed to Answering Defendant, which has been denied, did not cause or contribute to the injuries and damages in the Third Amended Complaint, and the injuries and damages described in the Third Amended Complaint were not foreseeable to Answering Defendant.

113. Answering Defendant had no notice, actual or constructive, of criminal activity of the kind allegedly perpetrated against Plaintiff.

114. Answering Defendant's alleged conduct was not the legal cause of any harm to Plaintiff.

Case ID: 170300712

115. No conduct, action, inaction, or omissions on the part of Answering Defendant caused or contributed to Plaintiff's injuries or damages, if any.

116. Answering Defendant was not negligent, careless and/or reckless at any time relevant to Plaintiff's allegations.

117. Any acts or omissions of Answering Defendant were not substantial causes of and did not result in the injury and/or damages set forth in Plaintiff's Third Amended Complaint.

118. Plaintiff fails to state a claim under Pennsylvania's Human Trafficking Law, 18 Pa.C.S.A. § 3001, *et seq.*

119. Answering Defendant raises all defenses and immunities available under Pennsylvania's Human Trafficking Law, 18 Pa.C.S.A. § 3001, *et seq.*

120. Answering Defendant denies that it had knowledge, constructive knowledge and/or general awareness that Plaintiff, if proven, was being sexually exploited and/or subjected to involuntary servitude.

121. Answering Defendant denies that it knowingly benefitted financially from the commercial sex acts and/or or involuntary servitude, if any, committed at the Roosevelt Inn.

122. Answering Defendant denies that it knowingly marketed or provided its services to any other Defendant or Third Party Defendant that recruited, profited from or maintained Plaintiff in any sex trade act and/or involuntary servitude.

123. Answering Defendant denies that it supervised or exercised control, or had right of control over any other Defendant or Third Party Defendant that recruited, profited from or maintained Plaintiff in any sex trade act and/or involuntary servitude.

Case ID: 170300712

124. The treble damages and punitive damages provisions of Pennsylvania's Human Trafficking Law, 18 Pa.C.S.A. § 3001, *et seq*. violate the Pennsylvania Constitution and the United States Constitution.

125. Any award of punitive damages would be unjustified under the facts of this case, and would also violate the Pennsylvania Constitution and the United States Constitution.

126. Answering Defendant denies that it is liable pursuant to the Gist of the Action Doctrine.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against Plaintiff together with attorneys' fees, costs, interest and for such other relief as the Court may deem just and proper.

## NEW MATTER CROSS-CLAIM PURSUANT TO PA.R.C.P. 1031.1

## ALPHA-CENTURION SECURITY, INC. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

127. Answering Defendant incorporates its Answer to Plaintiff's Third Amended Complaint and New Matter above as if same were set forth fully at length herein, and asserts the following Cross-Claims:

128. Answering Defendant specifically denies that it bears any liability to Plaintiff for the allegations and circumstances set forth in Plaintiff's Third Amended Complaint. If Plaintiff sustained injuries and damages as alleged, which allegations are herein expressly denied, then said injuries and damages were caused by the actions, omissions, negligence, carelessness and/or recklessness, and other liability producing conduct on the part of the other named Defendants in this action, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, and were caused in no manner whatsoever by Answering Defendant.

Case ID: 170300712

129. In preservation of its prior denials of Plaintiff's Third Amended Complaint, Answering Defendant avers that if Plaintiff sustained injuries and damages as alleged, which allegations are herein expressly denied, then the other named Defendants in this action, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, are alone liable to Plaintiff, jointly and/or severally liable to Plaintiff, and/or liable over to Answering Defendant by way of contractual and/or common law contribution and indemnification, together with interest, costs, and attorneys' fees.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against all other parties together with attorneys' fees, costs, interest and for such other relief as the Court may deem just and proper.

## NEW MATTER CROSS-CLAIM PURSUANT TO PA.R.C.P. 1031.1

## ALPHA-CENTURION SECURITY, INC. v. DAIQUAN DAVIS AND ABDUL LOPEZ

130. Answering Defendant incorporates its Answer to Plaintiff's Third Amended Complaint and New Matter above as if same were set forth fully at length herein, and asserts the following Cross-Claims:

131. Answering Defendant specifically denies that it bears any liability to Plaintiff for the allegations and circumstances set forth in Plaintiff's Third Amended Complaint. If Plaintiff sustained injuries and damages as alleged, which allegations are herein expressly denied, then said injuries and damages were caused by the actions, omissions, negligence, carelessness and/or recklessness, and other liability producing conduct on the part of Additional Defendants Daiquan Davis and/or Abdul Lopez, and were caused in no manner whatsoever by Answering Defendant.

132. In preservation of its prior denials of Plaintiff's Third Amended Complaint, Answering Defendant avers that if Plaintiff sustained injuries and damages as alleged, which

Case ID: 170300712

allegations are herein expressly denied, then Additional Defendants Daiquan Davis and/or Abdul Lopez are alone liable to Plaintiff, jointly and/or severally liable to Plaintiff, and/or liable over to Answering Defendant by way of common law contribution and indemnification, together with interest, costs, and attorneys' fees.

WHEREFORE, Answering Defendant demands judgment in its favor and against all other parties together with attorneys' fees, costs, interest and for such other relief as the Court may deem just and proper.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: October 7, 2019

24

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Answer of

Defendant, Alpha-Centurion Security, Inc., to Plaintiff's Third Amended Complaint was served

by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for Plaintiff***

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Daniel E. Oberdick, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a
Roosevelt Inn and Roosevelt Inn Café,
Roosevelt Motor Inn, Inc. d/b/a Roosevelt
Motor Inn, UFVS Management Company,
LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: October 7, 2019

25

Case ID: 170300712

## **VERIFICATION**

Joanna Small, being duly sworn according to law, deposes and verifies that the statements made in the foregoing Answer of Defendant, Alpha-Centurion Security, Inc., to Plaintiff's Third Amended Complaint are true to the best of her knowledge, information, and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. Cons. Stat. § 4904 relating to unsworn falsification to authorities.

_Joanna Small_
Joanna Small

Date: _9/22/19_



| | |
|---|---|
| M.B. minor by her Guardian, WILLIAM A. CALANDRA, ESQUIRE | : PHILADELPHIA COUNTY Filed and Attested by the COURT OF COMMON PLEAS Office of Judicial Records 27 SEP 2019 02:36 pm M. TIERNEY |
| Plaintiff | : MARCH TERM, 2017 |
| v. | : |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN and UFVS MANAGEMENT COMPANY, LLC and YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. | : NO. 00712 |
| | :  |
| | : JURY TRIAL DEMANDED |
| Defendants | : |

## ORDER

**AND NOW**, this **8** day of **October** 2019, upon consideration of

the Motion of Defendant Alpha Centurion Security, Inc. to Compel the Independent Medical

Examination of Plaintiff M.B., and any Response thereto, it is hereby **ORDERED** and

**DECREED** that Defendant Alpha Centurion Security, Inc.'s Motion to Compel is **GRANTED**.

Plaintiff M.B. shall appear for an Independent Medical Examination with Dr. Barbara

Ziv, M.D. at 1107 Bethlehem Pike, Suite 101, Flourtown, PA 19031 within twenty (20) days of

the date of this Order ~~or suffer further sanctions upon application to this Court.~~ ON a date mutually convenient with the Doctors calendar & π & counsell is avaelabrely

It is further **ORDERED** that Plaintiff M.B. will reimburse Defendant ~~$3200.00~~ #1600 for the

"No Show" fee associated with Plaintiff M.B.'s failure to appear for her previously scheduled

Independent Medical Examination with Dr. Ziv on September 27, 2019. ~~Plaintiff M.B. shall further reimburse Defendant $250.00 for the counsel and filing fees incurred by the filing of the within Motion to Compel.~~

**BY THE COURT:**

_Shelley Robins New_ J.

**Discovery Deadline: October 7, 2019**

**GRANTING THIS MOTION WILL NOT EXTEND ANY EXISTING CASE MANAGEMENT DEADLINES**

Case ID: 170300712

DOCKETED

OCT 0 8 2019

R. POUTT (?)

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW**, this 8 day of OCT. , 2019, it is hereby **ORDERED** and

**AGREED** upon between Plaintiff's counsel and counsel for Defendants that;

Counsel for Defendant's, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Cafe;

Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn; UFVS Management Company, LLC and

Yagna Patel, will produce responses to Plaintiff's Request for Production (*Set VII*) directed to the

Roosevelt defendants without objections on or before November 7, 2019; to include any and all

registration documents from the Roosevelt Inn from 2012 through 2014 for the following

individuals:

- **Enoch Smith**
- **Vincent Jackson**
- **Daiquan Davis**
- **Abdul Lopez**
- **Jerel Jackson**
- **William Coit "Yayo"**
- **John Guerra**
- **Jason Guerra**
- **Anthony Brooks**
- **Emanuel Banks**
- **Christopher Powell**
- **Darryl Vance**
- **Naeem Johnson**

B. Etal Vs Roosevelt Inn Llc Etal-ORDER

17030071200188

It is also **ORDERED** and **AGREED** upon that Counsel for Defendant's, Roosevelt Inn

LLC d/b/a Roosevelt Inn and Roosevelt Cafe; Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn;

UFVS Management Company, LLC and Yagna Patel, will produce responses to Plaintiff's

Request for Production (*Set VIII*) directed to the Roosevelt defendants without objections on or

before November 7, 2019; to include any and all registration documents from the Roosevelt Inn

from 2012 through 2014 for the following individuals:

- **Rashaad McIntyre**
- **Maurice Bailey**
- **Justin Williams**

**BY THE COURT:**

J.

GRANTING THIS MOTION WILL NOT EXTEND
ANY EXISTING CASE MANAGEMENT DEADLINES

**DISCOVERY DEADLINE: OCTOBER 7, 2019**

**KLINE & SPECTER, P.C.**
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff M.B.



Filed and Attested by the
Office of Judicial Records
08 OCT 2019 12:22 pm
E. HAURIN

| M.B | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF M.B.'S REPLY TO NEW MATTER OF
## DEFENDANT ALPHA-CENTURION SECURITY, INC.

Plaintiff M.B., by and through counsel, Kline & Specter, P.C., hereby replies to New

Matter of Defendant Alpha-Centurion Security, Inc. as follows:

101.    This is an incorporation paragraph to which no response is required.

102.    Denied.  This paragraph is a conclusion of law to which no response is required.

Strict proof is hereby demanded.

103.    Denied.  This paragraph is a conclusion of law to which no response is required.

Strict proof is hereby demanded.

104.    Denied.  This paragraph is a conclusion of law to which no response is required.

Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed

factual in nature and a response is required, the allegations are denied.  Strict proof is hereby

demanded.

Case ID: 170300712

105.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

106.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

107.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

108.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

109.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

110.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

111.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

112.     Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed

factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

113. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

114. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

115. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

116. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

117. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

118. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

119. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

120. Denied. This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

121.    Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

122.    Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

123.    Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

124.    Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

125.    Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

126.    Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## NEW MATTER CROSS-CLAIM PURSUANT TO PA.R.C.P. 1031.1

## ALPHA-CENTURION SECURITY, INC. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

127.    This is an incorporation paragraph to which no response is required.

128. – 129.    Paragraphs 128 through 129 are directed to a party other than Plaintiff, and no response is required.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.


## NEW MATTER CROSS-CLAIM PURSUANT TO PA.R.C.P. 1031.1

## ALPHA-CENTURION SECURITY, INC. v. DAIQUAN DAVIS AND ABDUL LOPEZ

130.    This is an incorporation paragraph to which no response is required.

131. – 132.    Paragraphs 131 through 132 are directed to a party other than Plaintiff, and no response is required.


KLINE & SPECTER, P.C.


THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE


Dated: October 8, 2019

## **VERIFICATION**

I, KYLE B. NOCHO, ESQUIRE, hereby state that I am the attorney for the Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff M.B.'s Reply to New Matter of Defendant Alpha-Centurion Security, Inc. are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
KYLE B. NOCHO, ESQUIRE
Attorney for Plaintiff

Dated: October 8 , 2019

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the __8__ day of October, 2019, the foregoing Plaintiff's Reply to New Matter of Defendant Alpha-Centurion Security, Inc. was electronically filed and served upon acceptance electronically the below listed counsel:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By regular mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

BY: _____
KYLE B. NOCHO, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712

**FILED**
10 OCT 2019 04:54 pm
Civil Administration
C. KEENAN

| M.B. | : | PHILADELPHIA COUNTY |
|------|---|---------------------|
|  | : | COURT OF COMMON PLEAS |
| v. | : |  |
|  | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : |  |
|  | : |  |

**ORDER**

AND NOW, this _____ day of _____, 2019, upon consideration of Plaintiff's Motion for Leave to File a Fourth Amended Complaint, and any response thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.

It is further **ORDERED** that Plaintiff may file a Fourth Amended Complaint consistent with the proposed Fourth Amended Complaint, as attached to Plaintiff's Motion as Exhibit "C".

**BY THE COURT:**

_____
                                           J.

Case ID: 170300712
Control No.: 19101605

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT

     1.    This case involves the sex trafficking of Plaintiff, M.B. at the Roosevelt Inn motel when she was 14 years-old.

     2.    Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (hereinafter "Roosevelt Defendants") as the owners, operators and managers of the Roosevelt Inn. Plaintiff's Complaint includes claims against the Roosevelt Defendants for violation of the Pennsylvania Human Trafficking Law 18 Pa. C.S. § 3051, premise liability and negligent security.

     3.    During discovery, Plaintiff learned that Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn during the time Plaintiff was trafficked.

     4.    Plaintiff sought to file an Amended Complaint to join Alpha-Centurion Security, Inc. as an additional lawsuit.

     5.    Per Pennsylvania Rule of Civil Procedure 1033 a party, either by filed consent of the adverse party or by leave of court, may amend a pleading.

Case ID: 170300712
Control No.: 19101605

6.     The Roosevelt Defendants stipulated and consented to Plaintiff filing an Amended Complaint to join Alpha-Centurion Security, Inc. as an additional defendant.

7.     On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

8.     On August 27, 2018, Plaintiff, with leave of court, filed a Second Amended Complaint to: 1) change the caption to remove reference to M.B. as a minor as she turned 18 years old and a Guardian Ad Litem was no longer necessary; 2) add factual averments surrounding Plaintiff being trafficked at the Roosevelt Inn; 3) add additional averments of negligence against the Roosevelt Defendants and; 4) remove a claim against additional Defendant Alpha-Centurion Security, Inc. under the Pennsylvania Human Trafficking Law.

9.     On September 6, 2019, Plaintiff, with leave of Court, filed Third Amended Complaint simply to remove some factual averments surrounding the sex trafficking of Plaintiff that were included in the Second Amended Complaint. See Third Amended Complaint attached as Exhibit "A."

10.     Discovery in this case ended on October 7, 2019.

11.     The effective date of the Pennsylvania Human Trafficking Law, 18 Pa. C.S. § 3051 that creates civil liability is September 2, 2014.

12.     Plaintiff M.B. testified at her deposition, and discovery in this case has revealed, that Plaintiff turned herself into the City of Philadelphia, Department of Human Services on or about June 6, 2014 and that she was not a victim of sex trafficking after June 6, 2014. See NT M.B. P. 114, LL. 9-18; P. 115, LL. 1-5 attached as Exhibit "B."

13.     Plaintiff was a victim of sex trafficking prior to effective date of the Pennsylvania Human Trafficking Law, 18 Pa. C.S. § 3051.

Case ID: 170300712
Control No.: 19101605

14.     Plaintiff, therefore, seeks permission from this Court to file a Fourth Amended Complaint to remove a civil liability claim against the Roosevelt Defendants for violation of 18 Pa. C.S. § 3051. See Proposed Fourth Amended Complaint attached as Exhibit "C".

15.     Long-standing and well established Pennsylvania law makes clear that this Court should permit the Plaintiffs to amend their Complaint. Specifically, Pennsylvania Rule of Civil Procedure 1033 states:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend a pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa. R. Civ. P. 1033.

16.     In interpreting this Rule, courts in this Commonwealth have long held that leave to amend a pleading should be liberally granted at any stage of the litigation unless the amendment will violate the law or prejudice the opposing party. *See Berman v. Herrick*, 227 A.2d 840 (Pa. 1967); *Capobianchi v. Bic Corp.*, 666 A.2d 344, 345 (Pa. Super. 1995); *Gutierrez v. Pennsylvania Gas & Water Co.*, 507 A.2d 1230, 1232 (Pa. Super. 1986); *Gallo v. Yamaha Motor Corp., U.S.A.*, 335 Pa. Super. 311, 313, 484 A.2d 148, 150 (1984).

17.     Indeed in *Capobianchi* the Superior Court explained that pursuant to Pa. R. Civ. P. 1033 courts should liberally grant leave to amend "after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom." *Capobianchi* at 345 (*quoting Biglan v. Biglan*, 479 A.2d 1021, 1025-1026 (Pa. Super. 1984).

18.     Moreover, in *Gutierrez* the Superior Court stated:

It is well-settled that the decision to grant or deny permission to amend a pleading is a

matter of judicial discretion. However, this discretion is not unfettered. Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits. Amendments should be allowed with great liberality at any stage of the case unless they violate the law or prejudice the rights of the opposing party.

*Gutierrez*, 507 A.2d at 1232 (internal citations omitted).

19.     In determining whether the opposing party will be prejudiced by an amendment, Pennsylvania courts have made clear that: "prejudice must be something more than a detriment to the other party, for to make an advantage operate as a bar to amendment would be 'to destroy the right to amend except in cases when the moving party would have no reason to amend.'" *Id.* at 1233 (citing *Tanner v. Allstate Insurance Co.* 467 A.2d 1164 (Pa. Super. 1983); *Sands v. Forrest*, 434 A.2d 122, 125 (Pa. Super 1981)).

20.     Moreover, our jurisprudence has made clear that: "the mere fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend . . . ." *Capobianchi,* 666 A.2d at 346 (*quoting James A. Mann, Inc. v. Upper Darby School Dist.*, 513 A.2d 528, 531 (Pa. Commw. Ct. 1986).

21.     Furthermore, in *Gutierrez* the Superior Court explained that "a trial court's denial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion." *Gutierrez*, 507 A.2d at 1233.

22.     In sum, it is a firmly entrenched principle of Pennsylvania law that: "in the absence of a proper and compelling ground for refusing the amendment, the lower court should grant leave to amend." *Id.*

23.     In the instant case, Plaintiff's proposed amendments are clearly within those permitted pursuant to Rule 1033 allowing amendments to a pleading.

24. No party will suffer prejudice by the amendments to the Complaint, and amendment of the Complaint will not violate the law.

25. The filing of a Fourth Amended Complaint will not delay trial this case is not expected to be ready for trial until April 6, 2020.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter the attached Order granting Plaintiff leave to file a Fourth Amended Complaint in the above-captioned matter.

**KLINE & SPECTER, P.C.**

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

**KLINE & SPECTER, P.C.**          Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT

**I.    PRELMINARY STATEMENT**

Plaintiff testified at her deposition, and discovery has revealed, that she was a victim of sex trafficking prior to the effective date of the Pennsylvania Human Trafficking Law, 18 Pa. C.S. § 3051 which is September 2, 2014.  Plaintiff, therefore, seeks permission from this Court to file a Fourth Amended Complaint to remove a civil liability claim against the Roosevelt Defendants for violation of 18 Pa. C.S. § 3051.

**II.    QUESTION PRESENTED**

Whether Plaintiff should be permitted to amend her Complaint pursuant to Rule 1033 of the Pennsylvania Rule of Civil Procedure.

**Suggested Answer:** Yes, because Pennsylvania amendments must be freely and liberally permitted at any point during the litigation; and none of the Defendants are prejudiced by the amendments.

**III.    BRIEF FACTUAL AND PROCEDURAL HISTORY**

This case involves the sex trafficking of Plaintiff, M.B. at the Roosevelt Inn motel when

Case ID: 170300712
Control No.: 19101605

she was 14 years-old. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (hereinafter "Roosevelt Defendants") as the owners, operators and managers of the Roosevelt Inn. Plaintiff's Complaint includes claims against the Roosevelt Defendants for violation of the Pennsylvania Human Trafficking Law, premise liability and negligent security.

During discovery, Plaintiff learned that Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn during the time Plaintiff was trafficked. Plaintiff sought to file an Amended Complaint to join Alpha-Centurion Security, Inc. as an additional lawsuit. Per Pennsylvania Rule of Civil Procedure 1033 a party, either by filed consent of the adverse party or by leave of court, may amend a pleading. The Roosevelt Defendants stipulated and consented to Plaintiff filing an Amended Complaint to join Alpha-Centurion Security, Inc. as an additional defendant. On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

On August 27, 2018, Plaintiff, with leave of court, filed a Second Amended Complaint to: 1) change the caption to remove reference to M.B. as a minor as she turned 18 years old and a Guardian Ad Litem was no longer necessary; 2) add factual averments surrounding Plaintiff being trafficked at the Roosevelt Inn; 3) add additional averments of negligence against the Roosevelt Defendants and; 4) remove a claim against additional Defendant Alpha-Centurion Security, Inc. under the Pennsylvania Human Trafficking Law.

On September 6, 2019, Plaintiff, with leave of Court, filed Third Amended Complaint simply to remove some factual averments surrounding the sex trafficking of Plaintiff that were included in the Second Amended Complaint. See Plaintiff's Third Amended Complaint attached as Exhibit "A."

Discovery in this case ended on October 7, 2019. The effective date of the Pennsylvania Human Trafficking Law, 18 Pa. C.S. § 3051 that creates civil liability is September 2, 2014.

Plaintiff M.B. testified at her deposition, and discovery in this case has revealed, that Plaintiff turned herself into the City of Philadelphia, Department of Human Services on or about June 6, 2014 and that she was not a victim of sex trafficking after June 6, 2014. See NT M.B. P. 114, LL. 9-18; P. 115, LL. 1-5 attached as Exhibit "B."

Plaintiff was a victim of sex trafficking prior to effective date of the Pennsylvania Human Trafficking Law, 18 Pa. C.S. § 3051. Plaintiff, therefore, seeks permission from this Court to file a Fourth Amended Complaint to remove a civil liability claim against the Roosevelt Defendants for violation of 18 Pa. C.S. § 3051. See Proposed Fourth Amended Complaint attached as Exhibit "C".

## III. NONE OF THE DEFENDANTS WILL BE PREJUDICED BY THE FILING OF PLAINTIFF'S SECOND AMENDED COMPLAINT AND AMENDMENTS MUST BE FREELY AND LIBERALLY PERMITTED

Long-standing and well established Pennsylvania law makes clear that this Court should permit the Plaintiffs to amend their Complaint. Specifically, Pennsylvania Rule of Civil Procedure 1033 states:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend a pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa. R. Civ. P. 1033.

In interpreting this Rule, courts in this Commonwealth have long held that leave to amend a pleading should be liberally granted at any stage of the litigation unless the amendment will

violate the law or prejudice the opposing party. *See Berman v. Herrick*, 227 A.2d 840 (Pa. 1967); *Capobianchi v. Bic Corp.*, 666 A.2d 344, 345 (Pa. Super. 1995); *Gutierrez v. Pennsylvania Gas & Water Co.*, 507 A.2d 1230, 1232 (Pa. Super. 1986); *Gallo v. Yamaha Motor Corp., U.S.A.*, 335 Pa. Super. 311, 313, 484 A.2d 148, 150 (1984).

Indeed in *Capobianchi* the Superior Court explained that pursuant to Pa. R. Civ. P. 1033 courts should liberally grant leave to amend "after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom." *Capobianchi* at 345 (*quoting Biglan v. Biglan*, 479 A.2d 1021, 1025-1026 (Pa. Super. 1984). Moreover, in *Gutierrez* the Superior Court stated:

> It is well-settled that the decision to grant or deny permission to amend a pleading is a matter of judicial discretion. However, this discretion is not unfettered. Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits. Amendments should be allowed with great liberality at any stage of the case unless they violate the law or prejudice the rights of the opposing party.

*Gutierrez*, 507 A.2d at 1232 (internal citations omitted).

In determining whether the opposing party will be prejudiced by an amendment, Pennsylvania courts have made clear that: "prejudice must be something more than a detriment to the other party, for to make an advantage operate as a bar to amendment would be 'to destroy the right to amend except in cases when the moving party would have no reason to amend.'" *Id.* at 1233 (citing *Tanner v. Allstate Insurance Co.* 467 A.2d 1164 (Pa. Super. 1983); *Sands v. Forrest*, 434 A.2d 122, 125 (Pa. Super 1981)).

Moreover, our jurisprudence has made clear that: "the mere fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend . . . ." *Capobianchi*, 666 A.2d at 346 (*quoting James A. Mann, Inc. v. Upper Darby School Dist.*, 513 A.2d 528, 531 (Pa. Commw. Ct.

1986).

Furthermore, in *Gutierrez* the Superior Court explained that "a trial court's denial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion." *Gutierrez*, 507 A.2d at 1233. In sum, it is a firmly entrenched principle of Pennsylvania law that: "in the absence of a proper and compelling ground for refusing the amendment, the lower court should grant leave to amend." *Id.*

In the instant case, Plaintiff's proposed amendments are clearly within those permitted pursuant to Rule 1033 allowing amendments to a pleading. No party will suffer prejudice by the amendments to the Complaint, and amendment of the Complaint will not violate the law.

## IV. CONCLUSION

For all the aforementioned reasons, Plaintiff respectfully requests this Honorable Court to enter the attached Order granting Plaintiff leave to file a Fourth Amended Complaint in the above-captioned matter.

**KLINE & SPECTER, P.C.**

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

**CERTIFICATE OF SERVICE**

I do hereby certify that service of a true and correct copy of the *Plaintiff's Motion for Leave to File a Fourth Amended Complaint* was filed with the Court on October 10, 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

Via Certified and Regular Mail to:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

KLINE & SPECTER, P.C.

*/s/Emily B. Marks*

Dated: 10/10/2019                    By: _____
                                          NADEEM A. BEZAR, ESQUIRE
                                          Attorney for Plaintiff

# EXHIBIT "A"

Case ID: 170300712
Control No.: 19101605

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
06 SEP 2019 12:30 pm
M. RUSSO

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | MARCH TERM, 2017 |
| | : | NO.: 00712 |
| V. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |

Defendants                    :

_____

## **NOTICE TO DEFEND**

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA  19107**
**(215) 238-6333**
**TTY(215) 451-6197**

### AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA  19107**
**Telefono:  (215) 238-6333**
**TTY(215) 451-6197**

Case ID: 170300712

Case ID: 170300712
Control No.: 19101605

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

|  |  |  |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : |  |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
|  | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.:00712 |
|  | : |  |
| v. | : |  |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN* and | : |  |
| *ROOSEVELT INN CAFE* | : |  |
| 7630 Roosevelt Boulevard | : |  |
| Philadelphia, PA 19152 | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
| ROOSEVELT MOTOR INN, INC. | : |  |
| *d/b/a ROOSEVELT MOTOR INN* | : |  |
| 7630 Roosevelt Boulevard | : |  |
| Philadelphia, PA 19152 | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
| UFVS MANAGEMENT COMPANY, LLC | : |  |
| 287 Bowman Avenue | : |  |
| Purchase, NY 10577 | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
| YAGNA PATEL | : |  |
| 7630 Roosevelt Boulevard | : |  |
| Philadelphia, PA 19152 | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
| ALPHA-CENTURION SECURITY, INC. | : |  |
| 3720 West Chester Pike | : |  |
| Newtown Square, PA 19073 | : |  |

Case ID: 170300712
Case ID: 170300712
Control No.: 19101605

## PLAINTIFF'S THIRD AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1. Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2. Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center. Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3. In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

### THE PARTIES

4. Plaintiff, M.B., was born on _____ and is one of the thousands of victims of human trafficking in the United States. In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation. Plaintiff resides in Philadelphia County, Pennsylvania. Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5. Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she was fourteen (14) years old. See also Public Access Policy of the Unified Judicial System of

Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6.     Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware. At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.     Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.     Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.     Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152. Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.     Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.     Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a

contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12.     Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

13.     Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County.  Venue is also proper in this case because Pennsylvania's human trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to bring suit in the county in which the victim resides.  Plaintiff M.B. resides in Philadelphia County.  Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

14.     At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

15.     At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents,

servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

16. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

17. At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

18. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

19. At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

## OPERATIVE FACTS

20. Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3011, et. seq. it is a felony to recruit, entice, solicit, harbor, or transport a minor which results in the minor being subjected to sexual servitude.

21.     Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees.  Hotels and motels are a convenient place for customers to purchase sex to avoid detection.  Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

22.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn.  From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

23.     While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

24.     Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

25.     Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

26. Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3051, a person or entity can be civilly liable for knowingly marketing or providing its goods or services to a sex trafficker.

27. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

28. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

29. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

30. Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

31. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, had a duty ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

32.     Defendant Alpha-Centurion Security, Inc., had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

33.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

34.     Defendant Alpha-Centurion Security, Inc., assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

35.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

36.     Defendant Alpha-Centurion Security, Inc., had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

37.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

38. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

39. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that criminal activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

40. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or should have known that criminal activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

41. Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

42. The advertisements included a fake name for Plaintiff and a phone number to call.

43. During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

44. Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

45. The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

46. Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

47. Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

48. Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

49. Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

50. Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.

51. Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

52. Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

53. Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

54. Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

55. Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

56. Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

57. Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

58. Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

59. Despite the open and obvious signs of criminal activity and human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

60. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and negligently failed to prevent Plaintiff from being sexually exploited.

61. Despite the open and obvious signs of human trafficking, Defendants Roosevelt Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff from criminal conduct.

62. Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

63. Defendant Alpha-Centurion Security, Inc. negligently failed to prevent Plaintiff from being sexually exploited.

64. Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc. failed to protect Plaintiff from criminal conduct.

65.     The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

66.     By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

67.     The negligence of Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

68.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

69.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

70.     The averments of Paragraphs 1 through 69 are incorporated herein by reference.

71.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil liability for people or entities who knowingly market or provide their goods and services to sex traffickers.

72.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, rented rooms to individuals sex trafficking Plaintiff as minor, which resulted in her being sex trafficked and sexually exploited.

73.     By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

74. By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay

## COUNT II - NEGLIGENCE

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

75. The averments of Paragraphs 1 through 74 are incorporated herein by reference.

76. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

77. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

78.    Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

79.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

80.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

81.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons

Case ID: 170300712
Case ID: 170300712
Control No.: 19101605

on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises;

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

y. Failing to exercise care, caution and diligence required under the circumstances.

82. As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation,

degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

83.     As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff to ensure her safety and well-being and protect her from criminal acts.

84.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

<u>**COUNT III – NEGLIGENCE**</u>

<u>**M.B. v. ALPHA-CENTURION SECURITY, INC.**</u>

85.     The averments of paragraphs 1 through 84 are incorporated herein by reference.

86.     Defendant Alpha-Centurion Security, Inc. had a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

87.     Defendant Alpha-Centurion Security, Inc should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

88.     Defendant Alpha-Centurion Security, Inc. had a duty to take precautions against reasonably anticipated criminal conduct by third parties so as not to endanger the welfare and well-being of Plaintiff. Moreover, the Defendant Alpha-Centurion Security, Inc a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

89.     Defendant Alpha-Centurion Security, Inc. breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

90.     Defendant Alpha-Centurion Security, Inc. should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

91.     Defendant Alpha-Centurion Security, Inc. failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence Alpha-Centurion Security, Inc. consisted of the following:

a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

Case ID: 170300712
Case ID: 170300712
Control No.: 19101605

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity detected on video surveillance;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

92. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

93. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty to ensure Plaintiff's safety and well-being and protect her from criminal acts..

94. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

95. The averments of paragraphs 1 through 94 are incorporated herein by reference.

96. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

97. Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

98.    The averments of paragraphs 1 through 97 are incorporated herein by reference.

99.    Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

100.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

Dated: 9/6/19

Case ID: 170300712
Case ID: 170300712
Control No.: 19101605

# **VERIFICATION**

I, M.B., hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Third Amended Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_____
Madison Beason

# CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the ***Plaintiff's Third Amended Complaint*** was filed with the Court on September 6, 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

## Via Certified and Regular Mail to:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

KLINE & SPECTER, P.C.

Dated: September 6, 2019

By: _____
NADEEM A. BEZAR, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "B"

Case ID: 170300712
Control No.: 19101605

IN THE COURT OF COMMON PLEAS

PHILADELPHIA COUNTY, PENNSYLVANIA

MARCH TERM, 2017 - NO. 00712

- - -

M.B., minor by her Guardian,      :
William A. Calandra, Esquire

                                  :

     Plaintiff,

                                  :

  - vs -

                                  :

ROOSEVELT INN, LLC, d/b/a
ROOSEVELT INN and ROOSEVELT       :
INN CAFE, et al.,

                                  :

     Defendants.


- - -

DEPOSITION UPON ORAL EXAMINATION OF
                M.B.
        Philadelphia, Pennsylvania
           July 10, 2018
              - - -
REPORTED BY:  EDWARD J. RUGGERI, RPR, CCR
              - - -


MAGNA LEGAL SERVICES
(866) 624-6221
www.MagnaLS.com



Case ID: 170300712
Control No.: 19101605

1     A.     Yes.

2     Q.     Okay.

3            And one other instruction is

4     you need to wait until I finish the

5     question to answer.

6     A.     Sorry.

7     Q.     It's easier on him.

8     A.     Okay.

9     Q.     And sitting here today, do you

10    believe that that answer is true and

11    correct?

12    A.     Yes.

13    Q.     Okay.

14           How do you remember June 6,

15    2014?  Why did you verify that specific

16    date?

17    A.     That was the date that I turned

18    myself in to DHS.

19    Q.     Okay.

20           And we have records that show

21    that's the date you turned yourself in to

22    DHS, right?

23    A.     Yes.

24    Q.     And after you turned yourself



1    in to DHS, you never went back to

2    prostitution?

3         A.    No.

4         Q.    No, you never went back?

5         A.    No.  I never went back.

6         Q.    Where were you in school at

7    that time, by the way, as of June 6, 2014?

8         A.    June 6th.  I believe I wasn't

9    -- I wasn't in school.

10        Q.    School was over for the year?

11        A.    Yeah, I believe so.

12        Q.    But you would have just

13   finished a year at Harding Middle School?

14        A.    Yes.

15        Q.    Okay.

16              I want to mark as Exhibit-6 a

17   document that is from -- that the

18   government prepared in Daiquan Davis'

19   criminal proceeding.  I want to ask you

20   some questions about it.

21                   - - -

22              (At this time, a document was

23        marked for identification as Exhibit

24        MB-6.)



Case ID: 170300712
Control No.: 19101605

# EXHIBIT "C"

Case ID: 170300712
Control No.: 19101605

**KLINE & SPECTER, P.C.**
Attorneys for Plaintiff

BY:     THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
|        Plaintiff, | : | MARCH TERM, 2017 |
| | : | NO.: 00712 |
|    V. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|     and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|     and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
|     and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
|     and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |

Case ID: 170300712
Control No.: 19101605

Defendants                    :

_____

## **NOTICE TO DEFEND**

<table>
<tr>
<td>

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

<u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.</u>

<u>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u>

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**
**TTY(215) 451-6197**

</td>
<td>

**AVISO**

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted._

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. <u>ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.</u>

<u>SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.</u>

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA 19107**
**Telefono: (215) 238-6333**
**TTY(215) 451-6197**

</td>
</tr>
</table>

Case ID: 170300712
Control No.: 19101605

**KLINE & SPECTER, P.C.**　　　　　　　　　Attorneys for Plaintiff

BY:　　THOMAS R. KLINE, ESQUIRE/28895
　　　　NADEEM A. BEZAR, ESQUIRE/63577
　　　　EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA  19102 | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.:00712 |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA  19073 | : | |

Case ID: 170300712
Control No.: 19101605

## PLAINTIFF'S FOURTH AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1.　　Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.　　Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center. Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3.　　In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

### THE PARTIES

4.　　Plaintiff, M.B., was born on ▮▮▮▮▮▮▮▮▮ and is one of the thousands of victims of human trafficking in the United States. In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation. Plaintiff resides in Philadelphia County, Pennsylvania. Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5.　　Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she was fourteen (14) years old. See also Public Access Policy of the the Unified Judicial System of

Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6.      Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.      Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.      Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York.  At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.      Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152.  Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.      Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.      Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a

Case ID: 170300712
Control No.: 19101605

contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12. Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

13. Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County. Venue is also proper in this case because Pennsylvania's human trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to bring suit in the county in which the victim resides. Plaintiff M.B. resides in Philadelphia County. Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

14. At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

15. At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents,

servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

16.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

17.     At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

18.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

19.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

## OPERATIVE FACTS

20.     Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees.  Hotels and motels are a convenient place for

customers to purchase sex to avoid detection. Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

21.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn. From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

22.     While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

23.     Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

24.     Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

25.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

26. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

27. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

28. Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

29. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, had a duty ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

30. Defendant Alpha-Centurion Security, Inc., had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

31. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

32.     Defendant Alpha-Centurion Security, Inc., assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

33.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

34.     Defendant Alpha-Centurion Security, Inc., had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

35.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

36.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

37.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that criminal activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

38.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or should have known that criminal

activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

39. Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

40. The advertisements included a fake name for Plaintiff and a phone number to call.

41. During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

42. Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

43. The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

44. Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

45. Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

46. Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

47. Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

48. Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.

49. Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

50. Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

51. Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

52. Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

53. Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

54. Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

55. Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

56. Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

57. Despite the open and obvious signs of criminal activity and human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

58. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and negligently failed to prevent Plaintiff from being sexually exploited.

59. Despite the open and obvious signs of human trafficking, Defendants Roosevelt

Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff from criminal conduct.

60. Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

61. Defendant Alpha-Centurion Security, Inc. negligently failed to prevent Plaintiff from being sexually exploited.

62. Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc. failed to protect Plaintiff from criminal conduct.

63. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

64. By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

65. The negligence of Defendant Alpha-Centurion Security, Inc., individually and/or

Case ID: 170300712
Control No.: 19101605

by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

66. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

67. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

68. The averments of Paragraphs 1 through 67 are incorporated herein by reference.

69. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

70. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

Case ID: 170300712
Control No.: 19101605

71.     Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

72.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

73.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

74.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent

agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

   a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

   b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

   c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

   d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

   e. Failing to adequately control access to the premises;

   f. Failing to prevent entry of unauthorized individuals onto the premises;

   g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

   h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

   i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

   j. Failing to adopt, establish, implement, execute and/or enforce required policies,

Case ID: 170300712
Control No.: 19101605

procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity;
r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises;

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

y. Failing to exercise care, caution and diligence required under the circumstances.

75. As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS

Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer

physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

76.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff to ensure her safety and well-being and protect her from criminal acts.

77.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II – NEGLIGENCE

## M.B. v. ALPHA-CENTURION SECURITY, INC.

78.    The averments of paragraphs 1 through 77 are incorporated herein by reference.

79.    Defendant Alpha-Centurion Security, Inc. had a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

80.    Defendant Alpha-Centurion Security, Inc should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

Case ID: 170300712
Control No.: 19101605

81.     Defendant Alpha-Centurion Security, Inc. had a duty to take precautions against reasonably anticipated criminal conduct by third parties so as not to endanger the welfare and well-being of Plaintiff. Moreover, the Defendant Alpha-Centurion Security, Inc a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

82.     Defendant Alpha-Centurion Security, Inc. breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

83.     Defendant Alpha-Centurion Security, Inc. should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

84.     Defendant Alpha-Centurion Security, Inc. failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence Alpha-Centurion Security, Inc. consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

Case ID: 170300712
Control No.: 19101605

b. Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity detected on video surveillance;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

85. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

86. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty to ensure Plaintiff's safety and well-being and protect her from criminal acts..

87. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

88.     The averments of paragraphs 1 through 87 are incorporated herein by reference.

89.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

90.     Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

91.     The averments of paragraphs 1 through 90 are incorporated herein by reference.

92.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

93.     Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**


BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE



Dated:_____

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire
Identification No.    208830
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA 19103
(215) 575-2600


Filed and Attested by the
Office of Judicial Records
15 OCT 2019 09:50 am
M. RUSSO

Attorneys for Defendant,
Alpha-Centurion Security, Inc.

| | |
|---|---|
| M.B. minor by her Guardian, WILLIAM A. CALANDRA, ESQUIRE | : PHILADELPHIA COUNTY : COURT OF COMMON PLEAS : |
| Plaintiff | : MARCH TERM, 2017 : |
| v. | : : |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN and UFVS MANAGEMENT COMPANY, LLC and YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURY SECURITY, INC. | : NO. 00712 : : : : JURY TRIAL DEMANDED : : |
| Defendants | : |

### REPLY OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., TO NEW MATTER CROSS-CLAIMS OF DEFENDANTS, ROOSEVELT INN, LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL

Defendant, Alpha-Centurion Security, Inc., by and through its attorneys, Marshall

Dennehey Warner Coleman & Goggin, hereby files its Reply to the New Matter Cross-Claims of

Defendants, Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor

Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel

(hereinafter collectively referred to as "Roosevelt Inn Defendants") as follows:

1

Case ID: 170300712

126. Alpha-Centurion Security, Inc. incorporates its Answer to Plaintiff's Third Amended Complaint, New Matter, and New Matter Cross-Claims as if same were set forth fully at length herein.

127. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, it is specifically denied that Alpha-Centurion Security, Inc. is liable to Plaintiff.

128. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, it is specifically denied that Alpha-Centurion Security, Inc. is jointly and severally liable to Plaintiff and/or liable over to the Roosevelt Inn Defendants for contribution and/or indemnity.

129. Denied. The contract is a writing that speaks for itself and, after reasonable investigation, Defendants' characterization thereof is denied.

130. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, the contract is a writing that speaks for itself and, after reasonable investigation, Defendants' characterization thereof is specifically denied.

131. Denied. The contract is a writing that speaks for itself and, after reasonable investigation, Defendants' characterization thereof is denied.

132. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, the contract is a writing that speaks for itself and, after reasonable investigation, Defendants' characterization thereof is specifically denied. It is specifically denied that Alpha-Centurion Security, Inc. is

Case ID: 170300712

contractually obligated to indemnify and defend the Roosevelt Inn Defendants regarding the allegations in Plaintiff's Third Amended Complaint.

133. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, it is specifically denied that Plaintiff's alleged damages were the result of any acts, omissions, negligence, strict liability, recklessness, and/or carelessness on the part of Alpha-Centurion Security, Inc. It is specifically denied that Alpha-Centurion Security, Inc. was negligent, strictly liable, reckless, and/or careless at any time relevant to Plaintiff's Third Amended Complaint.

134. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, it is specifically denied that Alpha-Centurion Security, Inc. is jointly and severally liable to Plaintiff and/or liable over to the Roosevelt Inn Defendants by way of contractual contribution and/or indemnity.

**WHEREFORE**, Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court dismiss the Roosevelt Inn Defendants' Cross-Claims with prejudice and award attorneys' costs and fees to Alpha-Centurion Security, Inc. Alpha-Centurion Security, Inc. also requests further relief as may be appropriate under the circumstances.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: ___October 15 , 2019___

3

Case ID: 170300712

## **VERIFICATION**

Thomas P. Wagner, Esquire, deposes and verifies that the statements made in the foregoing Reply of Defendant, Alpha-Centurion Security, Inc., to the New Matter Cross-Claims of Defendants, Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel, are true to the best of his knowledge, information, and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. Cons. Stat. § 4904 relating to unsworn falsification to authorities.

Thomas P. Wagner, Esquire
Attorney for Defendant, Alpha-Centurion Security, Inc.

Dated: <u>October 15, 2019</u>

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Reply of Defendant, Alpha-Centurion Security, Inc., to the New Matter Cross-Claims of Defendants, Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel, was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Daniel E. Oberdick, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a
Roosevelt Inn and Roosevelt Inn Café,
Roosevelt Motor Inn, Inc. d/b/a Roosevelt
Motor Inn, UFVS Management Company,
LLC and Yagna Patel***

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: October 15, 2019

Case ID: 170300712

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
17 OCT 2019 09:15 am
G. IMPERATO

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY:   */s/Emily B. Marks*
        _____
        EMILY B. MARKS, ESQUIRE
        Attorney for Plaintiff

Date:     10/17/19

Case ID: 170300712

<u>**CERTIFICATE OF SERVICE**</u>

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks, Esquire*

Date: __10/17/19_____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, __17___

No._____00712_____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Alpha-Century Security, Inc._____
*(Name of Person or Entity)*

    Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum A attached.

at: _1525 Locust Street   Philadelphia PA 19102_____
*(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: September 27, 2019

Name:   Marks, Emily B
Address:

       Kline & Specter, P.C.
       1525 Locust Street

Telephone:   215 772-0524

Supreme Court ID#: 204405

Attorney for:   Plaintiff



You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL  :  Court of Common Pleas
                                    :
                                    :  _____ March _____ Term, _17__
                                    :
                                    :  No. ____00712_____

TO: _Alpha-Century Security, Inc._____
                            *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                        *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                    *(Date of Subpoena)*

Date: _____          _____
                                   *(Signature of Person Served with Subpoena)*

Case ID: 170300712

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Alpha-Century Security, Inc.**
**3720 West Chester Pike**
**Newtown Square, PA 19073**
**Attn: Records Department**

Any and all records pertaining to Keith Fenwick, including but not limited to personnel file, time cards, pay stubs, incident reports, write-ups, documents, e-mails and disciplinary actions.

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff M.B.



Filed and Attested by the
Office of Judicial Records
17 OCT 2019 03:44 pm
E. HAURIN

| M.B | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF M.B.'S REPLY TO NEW MATTER OF
## DEFENDANTS ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS
## MANAGEMENT COMPANY, LLC, AND YAGNA PATEL

Plaintiff M.B., by and through counsel, Kline & Specter, P.C., hereby replies to New

Matter of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna

Patel (collectively "Defendants" or "the Roosevelt Inn Defendants") as follows:

100.    This is an incorporation paragraph to which no response is required.

101.    Denied.  This paragraph is a conclusion of law to which no response is required.

Strict proof is hereby demanded.

102.    Denied.  This paragraph is a conclusion of law to which no response is required.

Strict proof is hereby demanded.

103.    Denied.  This paragraph is a conclusion of law to which no response is required.

Strict proof is hereby demanded.

Case ID: 170300712

104.	Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

105.	Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

106.	Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

107.	Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

108.	Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

109.	Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

Case ID: 170300712

110.    Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

111.    Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

112.    Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

113.    Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

114.    Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

115.    Denied.  This paragraph is a conclusion of law to which no response is required.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

116.    Denied.  This paragraph is a conclusion of law to which no response is required.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

117.    Denied.  This paragraph is a conclusion of law to which no response is required.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

118.     Denied.  This paragraph is a conclusion of law to which no response is required.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

119.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

120.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

121.     Denied.  This paragraph is a conclusion of law to which no response is required.  To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof of Defendants' allegations is hereby demanded.

122.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

123.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

124.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

125.     Denied.  This paragraph is a conclusion of law to which no response is required.  Strict proof is hereby demanded.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## NEW MATTER CROSSCLAIMS

### ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL V. DEFENDANT ALPHA-CENTURION SECURITY, INC.

126. This is an incorporation paragraph to which no response is required.

127. – 134. Paragraphs 127 through 134 are directed to a party other than Plaintiff, and no response is required.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL V. ADDITIONAL DEFENDANTS DAIQUAN DAVIS AND ABDUL LOPEZ

135. This is an incorporation paragraph to which no response is required.

136. – 138. Paragraphs 136 through 138 are directed to a party other than Plaintiff, and no response is required.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

KLINE & SPECTER, P.C.

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

Dated: October 17, 2019

## **VERIFICATION**

I, KYLE B. NOCHO, ESQUIRE, hereby state that I am the attorney for the Plaintiff

M.B. in this matter and hereby verify that the statements made in the foregoing Plaintiff M.B.'S

Reply to New Matter of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS

Management Company, LLC, and Yagna Patel are true and correct to the best of my knowledge,

information and belief.

The undersigned understands that the statements contained therein are made subject to

the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

KYLE B. NOCHO, ESQUIRE
Attorney for Plaintiff

Dated: October 17, 2019

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of October, 2019, the foregoing Plaintiff M.B.'S Reply to New Matter of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel was electronically filed and served upon acceptance electronically the below listed counsel:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By regular mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

BY: _____
KYLE B. NOCHO, ESQUIRE
Attorney for Plaintiff

11

M.B.

v.

ROOSEVELT INN LLC
d/b/a ROOSEVELT INN and
ROOSEVELT INN CAFÉ, et al.

‖‖‖‖‖‖‖‖‖‖‖‖‖‖
17030071200195

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

CIVIL TRIAL DIVISION
MARCH TERM, 2017
NO.: 00712

:
:
:
:
:
:
:

## ORDER

**AND NOW**, this 22nd day of October, 2019, upon consideration of Plaintiff's Motion for

Sanctions Against Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn,

Inc., UFVS Management Company, LLC and Yagna Patel, it is hereby, **ORDERED** and

**AGREED** upon between Plaintiff's counsel and counsel for Defendants that;

Counsel for Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Cafe;

Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn; UFVS Management Company, LLC and

Yagna Patel, will continue efforts to obtain the deposition of Alok Upadhyay.  The deposition of

Alok Upadhyay may be held anytime prior to the trial date in this matter.  Plaintiff also reserves

the right to supplement her expert reports within a reasonable time thereafter.  Further,

defendants will continue to assist in the efforts to obtain this deposition.

**MOTION SUBMITTED**

OCT 2 2 2019

**BY AGREEMENT**

**BY THE COURT:**

_____ J.

GRANTING THIS MOTION WILL NOT EXTEND
ANY EXISTING CASE MANAGEMENT DEADLINES

**DISCOVERY DEADLINE: OCTOBER 7, 2019**

DOCKETED
OCT 2 3 2019
D. STEWART
JUDICIAL RECORDS

M.B., minor by her Guardian,
William A. Calandra, Esquire,

          Plaintiff,

v.

ROOSEVELT INN LLC
d/b/a ROOSEVELT INN and
ROOSEVELT INN CAFÉ, et al.,

:
:
:
:
:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CIVIL TRIAL DIVISION

MARCH TERM, 2017
NO.: 00712

JURY TRIAL DEMANDED

Filed and Attested by the
Office of Judicial Records
07 OCT 2019 05:58 pm
N. TIERNEY

## ORDER

**AND NOW**, this ___22ND___ day of ___OCT.___, 2019, upon consideration of

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor

Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's

Motion to Enforce Subpoenas, it is hereby ORDERED that said Motion is GRANTED.

~~Robert Beason and~~ Kelly Mahon Beason is hereby commanded to appear for

deposition, at the offices of Defendants' counsel, Blank Rome LLP, One Logan Square,

Philadelphia, PA 19103, ~~on October 23, 2019. Robert Beason shall appear at 10:00 A.M. and~~

Kelly Mahon Beason shall appear at 1:00 P.M. on ~~October 23,~~ November 13, 2019, or appropriate sanctions

may be imposed upon ~~Robert Beason and~~ Kelly Mahon Beason upon application to the Court.

B. Etal Vs Roosevelt Inn Llc Etal-ORDER

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
17030071200197

**BY THE COURT:**

_____ J.

Discovery deadline: October 7, 2019

MOTION SUBMITTED
OCT 22 2019
UNCONTESTED

DOCKETED
OCT 23 2019
R. STEWART
CIVIL ADMINISTRATION

GRANTING THIS MOTION DOES NOT EXTEND
ANY EXISTING CASE MANAGEMENT DEADLINES

Case ID: 170300712

10

Filed and Attested by the
COURT OF COMMON PLEAS ficial Records
PHILADELPHIA COUN OCT 2019 05:50 pm
CIVIL TRIAL DIVISION M. TIERNEY

M.B., minor by her Guardian,
William A. Calandra, Esquire,

                       Plaintiff,

      v.

ROOSEVELT INN LLC
d/b/a ROOSEVELT INN and
ROOSEVELT INN CAFÉ, et al.,

:
:
:
:
:
:
:
:
:
:
:
:
:

MARCH TERM, 2017
NO.: 00712

JURY TRIAL DEMANDED

## ORDER

**AND NOW**, this ___22ND___ day of ___OCT.___, 2019, upon consideration of

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor

Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's

Motion to Compel Authorization and Enforce Subpoena, it is hereby ORDERED that said

Motion is GRANTED.

       Plaintiff is hereby commanded to supply the necessary authorization within the next ~~ten~~ twenty

20

~~(10)~~ days.

       Further, Dr. Alexandra Schieber is hereby commanded to produce the documents

requested by subpoena, at the offices of Defendants' counsel, Blank Rome LLP, One Logan

Square, Philadelphia, PA 19103, within ~~ten~~ twenty (20) days after receiving the necessary authorization,

or appropriate sanctions ~~shall~~ MAY be imposed upon Dr. Alexandra Schieber upon application to the

Court.

**BY THE COURT:**

_____ J.

Discovery deadline: October 7, 2019

GRANTING THIS MOTION WILL NOT EXTEND
ANY EXISTING CASE MANAGEMENT DEADLINES

B. Etal Vs Roosevelt Inn Llc Etal-ORDER

1703007120196

Case ID: 170300712

FILED
10 OCT 2019 04:54 pm
Civil Administration
C. KEENAN

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of

Plaintiff's Motion for Leave to File a Fourth Amended Complaint, and any response thereto, it is

hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.

It is further **ORDERED** that Plaintiff may file a Fourth Amended Complaint consistent

with the proposed Fourth Amended Complaint, as attached to Plaintiff's Motion as Exhibit "C".

BY THE COURT:

_____ J.

B. Etal Vs Roosevelt In-ORDER

17030071200202

Case ID: 170300712
Control No.: 19101605

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) G. SANDERSON 11/07/2019

**KLINE & SPECTER, P.C.**
BY: THOMAS R. KLINE, ESQUIRE/28895
NADEEM A. BEZAR, ESQUIRE/63577
EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff



Filed and Attested by the
Office of Judicial Records
08 NOV 2019 10:20 am
S. RICE

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | MARCH TERM, 2017 |
| | : | NO.: 00712 |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |

Defendants                    :

_____

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**
**TTY(215) 451-6197**

**AVISO**

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted._

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA 19107**
**Telefono: (215) 238-6333**
**TTY(215) 451-6197**

Case ID: 170300712

**KLINE & SPECTER, P.C.**                            Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA  19102 | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.:00712 |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA  19073 | : | |

Case ID: 170300712

Defendants                    :

## **PLAINTIFF'S FOURTH AMENDED COMPLAINT**

## **PRELIMINARY STATEMENT**

1.      Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally.  It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.      Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center.  Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3.      In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

## **THE PARTIES**

4.      Plaintiff, M.B., was born on September 3, 1999 and is one of the thousands of victims of human trafficking in the United States.  In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.  Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5.      Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she was fourteen (14) years old. See also Public Access Policy of the Unified Judicial System of

Case ID: 170300712

Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6. Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware. At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7. Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8. Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9. Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152. Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10. Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11. Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a

contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12.     Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

13.     Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County. Venue is also proper in this case because Pennsylvania's human trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to bring suit in the county in which the victim resides. Plaintiff M.B. resides in Philadelphia County. Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

14.     At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

15.     At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents,

servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

16.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

17.     At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

18.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

19.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

**OPERATIVE FACTS**

20.     Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees.  Hotels and motels are a convenient place for

customers to purchase sex to avoid detection. Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

21.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn. From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

22.     While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

23.     Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

24.     Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

25.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

Case ID: 170300712

26.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

27.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

28.     Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

29.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, had a duty ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

30.     Defendant Alpha-Centurion Security, Inc., had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

31.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

32.     Defendant Alpha-Centurion Security, Inc., assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

33.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

34.     Defendant Alpha-Centurion Security, Inc., had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

35.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

36.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

37.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that criminal activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

38.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or should have known that criminal

Case ID: 170300712

activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

39.    Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

40.    The advertisements included a fake name for Plaintiff and a phone number to call.

41.    During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

42.    Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

43.    The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

44.    Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

45.    Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

46.    Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

47.    Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

48.    Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.

49.    Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

50.     Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

51.     Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

52.     Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

53.     Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

54.     Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

55.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

56.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

57.     Despite the open and obvious signs of criminal activity and human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

58.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and negligently failed to prevent Plaintiff from being sexually exploited.

59.     Despite the open and obvious signs of human trafficking, Defendants Roosevelt

Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff from criminal conduct.

60.     Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

61.     Defendant Alpha-Centurion Security, Inc. negligently failed to prevent Plaintiff from being sexually exploited.

62.     Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc. failed to protect Plaintiff from criminal conduct.

63.     The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

64.     By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

65.     The negligence of Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

66.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

67.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

68.     The averments of Paragraphs 1 through 67 are incorporated herein by reference.

69.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

70.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third

Case ID: 170300712

parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

71.     Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

72.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

73.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

74.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent

agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

    a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

    b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

    c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

    d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

    e. Failing to adequately control access to the premises;

    f. Failing to prevent entry of unauthorized individuals onto the premises;

    g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

    h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

    i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

    j. Failing to adopt, establish, implement, execute and/or enforce required policies,

procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n.  Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q.  Failing to respond and react to suspicious activity;
r.  Failing to maintain surveillance equipment in proper working order;

s.  Failing to test or properly test surveillance equipment to ensure it was in working order;

t.  Failing to utilize appropriate and/or required surveillance equipment;

u.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v.  Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w.  Failing to prevent Plaintiff from being trafficked on the premises;

x.  Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

y.  Failing to exercise care, caution and diligence required under the circumstances.

75.  As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS

Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer

physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

76.     As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff to ensure her safety and well-being and protect her from criminal acts.

77.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II – NEGLIGENCE

## M.B. v. ALPHA-CENTURION SECURITY, INC.

78.     The averments of paragraphs 1 through 77 are incorporated herein by reference.

79.     Defendant Alpha-Centurion Security, Inc. had a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

80.     Defendant Alpha-Centurion Security, Inc should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

81.     Defendant Alpha-Centurion Security, Inc. had a duty to take precautions against reasonably anticipated criminal conduct by third parties so as not to endanger the welfare and well-being of Plaintiff. Moreover, the Defendant Alpha-Centurion Security, Inc a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

82.     Defendant Alpha-Centurion Security, Inc. breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

83.     Defendant Alpha-Centurion Security, Inc. should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

84.     Defendant Alpha-Centurion Security, Inc. failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence Alpha-Centurion Security, Inc. consisted of the following:

a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q.  Failing to respond and react to suspicious activity detected on video surveillance;

r.  Failing to maintain surveillance equipment in proper working order;

s.  Failing to test or properly test surveillance equipment to ensure it was in working order;

t.  Failing to utilize appropriate and/or required surveillance equipment;

u.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v.  Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w.  Failing to prevent Plaintiff from being trafficked on the premises; and

x.  Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

85.     As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

86.     As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty to ensure Plaintiff's safety and well-being and protect her from criminal acts..

87.     Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

88.     The averments of paragraphs 1 through 87 are incorporated herein by reference.

89.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

90.     Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

91.     The averments of paragraphs 1 through 90 are incorporated herein by reference.

92.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

93.     Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

Dated:_____

**CERTIFICATE OF SERVICE**

I do hereby certify that service of a true and correct copy of the ***Plaintiff's Fourth Amended Complaint*** was filed with the Court on _____ and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

Via Certified and Regular Mail to:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

KLINE & SPECTER, P.C.

Dated:                    By: _____
NADEEM A. BEZAR, ESQUIRE
Attorney for Plaintiff

**VERIFICATION**

I, M.B., hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Fourth Amended Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_____
M.B.

DAIQUAN DAVIS
FEDERAL DETENTION CENTER
PO BOX 9000
72304-66

B. ETAL VS ROOSEVELT INN LLC ETAL
170300712

B. Etal Vs Roosevelt Inn Llc Etal-MAILR

17030071200208

**FILED**
10 OCT 2019 04:54 pm
Civil Administration
C. KEENAN

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**ORDER**

AND NOW, this ____ day of _____ *Nov* _____, 2019, upon consideration of

Plaintiff's Motion for Leave to File a Fourth Amended Complaint, and any response thereto, it is

hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.

It is further **ORDERED** that Plaintiff may file a Fourth Amended Complaint consistent

with the proposed Fourth Amended Complaint, as attached to Plaintiff's Motion as Exhibit "C".

BY THE COURT:

_____ J.

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com
        doberdick@blankrome.com

*Attorneys for Defendants*
*Roosevelt Inn LLC d/b/a Roosevelt Inn,*
*Roosevelt Inn Café, Roosevelt Motel,*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

*Filed and Attested by the*
*Office of Judicial Records*
*03 NOV 2019 03:59 pm*
*N. SWEENEY*

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
|  | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |  |
| ROOSEVELT INN CAFÉ, et al., | : |  |
|  | : |  |

## <u>NOTICE OF PRESENTATION</u>

Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle B. Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

Robert Beason
3479 Emerald Street
Philadelphia, PA 19134

Kelly Mahon Beason
3479 Emerald Street
Philadelphia, PA 19134

150213.00601/122235486v.1

Case ID: 170300712

**PLEASE TAKE NOTICE** that the Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, to Re-Enforce Subpoena and Command Attendance at Deposition will be presented to the Court on _____ _____, 20___ at _____, in Court Room _____, City Hall, Philadelphia, PA.

**BLANK ROME LLP**

_/s/ James J. Quinlan_____
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309676)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: November 22, 2019           (215) 569-5500

2

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire          *Attorneys for Defendants,*
Attorney Bar I.D. No.: 57686          *Roosevelt Inn LLC d/b/a Roosevelt Inn and*
James J. Quinlan, Esquire             *Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
Attorney Bar I.D. No.: 200944         *d/b/a Roosevelt Motor Inn,*
Justina L. Byers, Esquire             *UFVS Management Company, LLC and*
Attorney Bar I.D. No.: 76773          *Yagna Patel*
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com
        doberdick@blankrome.com

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |

## MOTION TO RE-ENFORCE SUBPOENAS

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by and through their undersigned

attorneys, hereby move the Court to enter an Order pursuant to Pa. R. Civ. P. 4019, to re-enforce

the Roosevelt Defendants' subpoena and command Kelly Mahon Beason to appear for

depositions. In support of this motion, the Roosevelt Defendants aver as follows:

1.     Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc.

2.     In her Complaint, Plaintiff alleges that from 2013 through 2014, she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises on a "regular, consistent and/or repeated basis."  Plaintiff alleges that during this time period, she occupied approximately half of the rooms at the Roosevelt Inn.

3.     Plaintiff's allegations place a number of facts at issue, including, but not limited to: 1) whether Plaintiff was trafficked; and, if she was trafficked 2) whether she was trafficked on the Roosevelt Defendants' premises; and, if so 3) when she was trafficked on said premises.

4.     To date, Plaintiff has failed to identify a single calendar day that she was at the Roosevelt Inn.

5.     During the course of discovery, Robert Beason and Kelly Mahon Beason were identified as individuals with knowledge of Plaintiff's alleged trafficking and the impact resulting therefrom.

6.     On September 22, 2019, the Roosevelt Defendants served Kelly Mahon Beason with a Subpoena to Attend and Testify pursuant to Rule 234.1.

7.     Kelly Mahon Beason failed to attend the deposition and the Roosevelt Defendants filed a Motion to Enforce the subpoena.  On October 22, 2019, this Court granted the Roosevelt Defendants' motion and ordered Kelly Mahon Beason to appear for deposition on November 13, 2019.  *See* Order, attached as Exhibit "A."

150213.00601/122235486v.1

8.      However, despite their best efforts, the Roosevelt Defendants have been unable to serve Kelly Mahon Beason with this Court's Order and therefore Ms. Beason did not appear for the deposition ordered by this Court.

9.      As a result, the Roosevelt Defendants file the instant Motion to Re-enforce the subpoena and respectfully request a new date for Kelly Mahon Beason's testimony.

10.     Therefore, the Roosevelt Defendants require an Order from this Court pursuant to Pa.R.C.P. 4019 compelling Kelly Mahon Beason's to appear for deposition.

WHEREFORE, the Roosevelt Defendants respectfully request this Court enter the attached Order to Enforce Subpoena and compel Kelly Mahon Beason to appear for deposition.

**BLANK ROME LLP**

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309676)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: November 22, 2019          (215) 569-5500

3

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire      *Attorneys for Defendants,*
Attorney Bar I.D. No.: 57686      *Roosevelt Inn LLC d/b/a Roosevelt Inn and*
James J. Quinlan, Esquire      *Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
Attorney Bar I.D. No.: 200944      *d/b/a Roosevelt Motor Inn,*
Justina L. Byers, Esquire      *UFVS Management Company, LLC and*
Attorney Bar I.D. No.: 76773      *Yagna Patel*
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
       quinlan@blankrome.com
       byers@blankrome.com
       doberdick@blankrome.com

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
|  | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |  |
| ROOSEVELT INN CAFÉ, et al., | : |  |
|  | : |  |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO RE-ENFORCE SUBPOENA

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by their undersigned attorneys, hereby file

this memorandum of law in support of their motion to re-enforce the subpoena and command

Kelly Mahon Beason to appear for deposition (the "Motion").

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc. In her Complaint, Plaintiff alleges that from 2013 through 2014, she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises on a "regular, consistent and/or repeated basis." Plaintiff alleges that during this time period, she occupied approximately half of the rooms at the Roosevelt Inn.

Plaintiff's allegations place a number of facts at issue, including, but not limited to: 1) whether Plaintiff was trafficked; and, if she was trafficked 2) whether she was trafficked on the Roosevelt Defendants' premises; and, if so 3) when she was trafficked on said premises. To date, Plaintiff has failed to identify a single calendar day that she was at the Roosevelt Inn. During the course of discovery, Robert Beason and Kelly Mahon Beason were identified as individuals with knowledge of Plaintiff's alleged trafficking and the impact resulting therefrom.

On September 22, 2019, the Roosevelt Defendants served Kelly Mahon Beason with Subpoena to Attend and Testify pursuant to Rule 234.1. Kelly Mahon Beason failed to attend the deposition and the Roosevelt Defendants filed a Motion to Enforce the subpoena. On October 22, 2019, this Court granted the Roosevelt Defendants' motion and ordered Kelly Mahon Beason to appear for deposition on November 13, 2019. *See* Order, attached as Exhibit "A."

However, despite their best efforts, the Roosevelt Defendants have been unable to serve Kelly Mahon Beason with this Court's Order and therefore Ms. Beason did not appear for the deposition ordered by this Court. As a result, the Roosevelt Defendants file the instant Motion to

2

Re-enforce the subpoena and respectfully request a new date for Kelly Mahon Beason's testimony. Therefore, the Roosevelt Defendants require an Order from this Court pursuant to Pa.R.C.P. 4019 compelling Kelly Mahon Beason's to appear for deposition.

## II.  QUESTION INVOLVED

1.     Should this Honorable Court enter an Order to enforce the subpoena directed to Kelly Mahon Beason where the Roosevelt Defendants were unable to serve the deponent with this Court's order?

**SUGGESTED ANSWER:   Yes.**

## III.  ARGUMENT

### A.  Legal Standard

Pa.R.C.P. 4003.1 of the Pennsylvania Rules of Civil Procedure specifically permits a party to an action to obtain information, documents and things through discovery. In relevant part, the rule states:

> (a) … a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identify and location of persons having knowledge of any discoverable matter.

Pa.R.C.P. 4003.1(a).

Significantly, the scope of allowable discovery under Pa.R.C.P. 4003.1 is far reaching. Pa.R.C.P. 4007.1 articulates how a party may acquire information from a person through the

taking of a deposition.  Rule 234.1 empowers the Court to issue a subpoena commanding a person to attend an testify at a particular time and place.  Specifically, the rule provides:

> (b)      A subpoena may be used to command a person to attend and to produce documents or things only at
>
> > (1) a trial or hearing in an action or proceeding pending in the court, or
> >
> > (2) the taking of a deposition in an action or proceeding pending in the court.

*See* Rule 234.1

As discussed, *infra*, the information the Roosevelt Defendants seek to obtain from Kelly Mahon Beason pursuant to the instant subpoenas with which they refused to comply, falls precisely within the definition of obtainable discovery provided by Pa.R.C.P. 4003.1(a).  Pursuant to Pa.R.C.P. 4019(a)(1)(iv), the court, in response to a motion, may make an appropriate order where a "person designated under Rule 4007.1(e) to be examined, after notice under Rule 4007.1, fails to appear before the person who is to take the deposition[.]"  While this Court has previously ordered Ms. Beason to appear for deposition, the Roosevelt Defendants were unable to serve her with that order despite their diligent efforts to do so.  Now that the Court ordered date for Ms. Beason's deposition has come and gone, the Roosevelt Defendants seek a second order to re-enforce their duly issued subpoena and compelling Ms. Beason to appear for deposition.

4

## IV.  RELIEF REQUESTED

In light of the above facts, and pursuant to Pa.R.Civ.P. 40019, the Roosevelt Defendants respectfully request this Court enter the attached Order to Re-Enforce Subpoena and compel Kelly Mahon Beason to appear for deposition.

**BLANK ROME LLP**

*/s/ James J. Quinlan*

Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309676)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: November 22, 2019          (215) 569-5500

5

# CERTIFICATE OF SERVICE

I, James J. Quinlan, Esquire, hereby certify that, on this 22nd day of November 2019, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Re-Enforce Subpoena and accompanying memorandum of law to be served via the Court's electronic filing system and/or electronic mail and/or First Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff, M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant, Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
FCI Berlin
Federal Correctional Institution
P.O. Box 9000
Berlin, NH 03570

*Additional Defendant*

6

And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

*/s/ James J. Quinlan*
JAMES J. QUINLAN

7

| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2019, upon consideration of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Re-Enforce Subpoenas, it is hereby ORDERED that said Motion is GRANTED.

Kelly Mahon Beason is hereby commanded to appear for depositions, at the offices of Defendants' counsel, Blank Rome LLP, One Logan Square, Philadelphia, PA 19103, on December 19, 2019 at 10:00 A.M. and Kelly Mahon Beason, or appropriate sanctions shall be imposed upon Robert Beason and Kelly Mahon Beason upon application to the Court.

**BY THE COURT:**

_____
                                                                                    J.

Discovery deadline: October 4, 2019

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com
      doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |  |
|---|---|---|
| | : | |
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |

## ATTORNEY CERTIFICATION OF GOOD FAITH

The undersigned counsel for movant hereby certifies and attest that:

☒a.   He or she has had the contacts described below with opposing counsel or unrepresented party regarding discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so without Court intervention.

*Defendants' counsel was unable to serve Kelly Mahon Beason with this Court's order despite their diligent efforts to do so.*

☐b.   He or she was unsuccessful in actually contacting opposing counsel or unrepresented

party in an attempt to resolve the discovery dispute(s) despite his or her good faith efforts to do so.

<div style="text-align: right">

CERTIFIED TO THE COURT BY:

**BLANK ROME LLP**

 /s/ James J. Quinlan
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309676)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
(215) 569-5500

</div>

Dated: November 22, 2019

2

| M.B. minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | MARCH TERM, 2017 |
| | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT | : | |
| INN and ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and ALPHA- | : | |
| CENTURION SECURITY, INC. d/b/a ALPHA | : | |
| CENTURY SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2019, upon consideration of the Motion

for Summary Judgment of Defendant, Alpha-Centurion Security, Inc., it is hereby **ORDERED**

and **DECREED** that:

1.     The Motion for Summary Judgment of Alpha-Centurion Security, Inc. is

**GRANTED**;

2.     Summary judgment is entered in favor of Alpha-Centurion Security, Inc.;

3.     Plaintiffs' Complaint and causes of action against Alpha-Centurion Security, Inc.

are dismissed, with prejudice;

4.     All claims against Alpha-Centurion Security, Inc., including all claims, cross-

claims, and claims for interest, attorneys' fees, costs of litigation, and all other claims for relief,

are dismissed, with prejudice; and

5.     Alpha-Centurion Security, Inc. is dismissed from this action, with prejudice.

**BY THE COURT:**

_____

**J.**

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire
Identification No.    208830
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

Attorneys for Defendant,
Alpha-Centurion Security, Inc.

---

| | | |
|---|---|---|
| M.B. minor by her Guardian, WILLIAM A. CALANDRA, ESQUIRE | : | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| Plaintiff | : | MARCH TERM, 2017 |
| v. | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN and UFVS MANAGEMENT COMPANY, LLC and YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURY SECURITY, INC. | : | NO. 00712 <br><br> JURY TRIAL DEMANDED |
| Defendants | : | |

---

## MOTION FOR SUMMARY JUDGMENT OF
## DEFENDANT, ALPHA-CENTURION SECURITY, INC.

Defendant, Alpha-Centurion Security, Inc., by and through its attorneys, Marshall

Dennehey Warner Coleman & Goggin, hereby moves for Summary Judgment as to all claims

against Alpha-Centurion Security, Inc., and in support thereof, avers as follows:

### FACTUAL BACKGROUND

1.    Plaintiff M.B. ("Plaintiff") alleges that she was the victim of commercial sex

trafficking when she was a minor.  *See* Exhibit A, Plaintiff's Fourth Amended Complaint.

2.    She contends she was trafficked between April 2014 and June 2014, through three

(3) private residences and one commercial property, the Roosevelt Inn, located at 7600

Case ID: 170300712
Control No.: 19120523

Roosevelt Boulevard in Philadelphia, Pennsylvania. *See* Deposition Transcript of Plaintiff M.B. at Page 102, Lines 14 – 16; Page 136, Line 22 – Page 137, Line 2; Page 140, Lines 20 – 24, attached hereto as Exhibit B.

3. Plaintiff identified her traffickers as Abdul Lopez and Daiquan Davis, who were arrested and charged by the United States Attorney for the Eastern District of Pennsylvania with trafficking and related offenses. *Id.* at Page 16, Lines 15 - 19. Both men plead guilty and are currently serving lengthy sentences in federal prison.

4. In 2014, Alpha was under contract with the Roosevelt Inn to provide one unarmed security guard at the hotel, two to three nights per week. A copy of the Contract for Services is attached hereto as Exhibit F.

5. Plaintiff recalls that "[she] was mainly locked in a room 24/7[…]" and had only one, fleeting interaction with a man she *assumed* was a security guard: "The whole time I was there I only seen one security guard, and that was -- I only seen him once and that was it." Exhibit B, Deposition Transcript of Plaintiff M.B. at Page 101, Lines 4 – 5; Page 193, Lines 8 – 16.

6. Plaintiff testified that she encountered this individual as she was walking by herself in the stairwell. She testified that she did not ask him for help. In fact, she testified that she said nothing to him whatsoever. *Id.* at Pages 313-315, generally.

7. Plaintiff acknowledged that she assumed he was a security guard because he was wearing a uniform and she could not recall whether it was in fact an Alpha uniform; she remembered the uniform had a logo, but she could not remember what the logo was. *Id.* at Page 311, Line 9 – Page 312, Line 19.

2

Case ID: 170300712
Control No.: 19120523

8.    Per the terms of the Contract between the Roosevelt Inn and Alpha, the parties
were to agree upon the number of security guards and the specific duties of the guards. *See*
Exhibit F.

9.    The Roosevelt Inn Defendants elected initially to have a security guard on Friday
and Saturday nights, from 10:00 p.m. until 6:00 a.m.

10.    A third shift was added in or around April 2014, per the request of Yagna Patel,
General Manager of the Roosevelt Inn:

> Q.    What was your understanding, by signing this contract, of
> the security that was going to be provided at the Roosevelt?
>
> A.    *To give us a security guard for those nights we needed.*
>
> Q.    And what nights were those?
>
> A.    Friday night and Saturday night.
>
> Q.    At any time, did you suggest having a security guard more
> often than Friday and Saturday night?
>
> A.    No. *We asked for Sunday night after the shooting
> happened.* I told the owner, I said I think we should have --
> because Sunday night is very quiet, nobody at night there,
> and the desk clerk is alone. *So we requested it.* He said,
> Okay, go ahead. We start Friday, Saturday and Sunday.

Deposition Transcript of Yagna Patel, 7/19/18 at Page 53, Line 24 – Page 54, Line 25, attached
hereto as Exhibit G.1. Emphasis added. *See also* Exemplary Security Logs, attached hereto as
Exhibit H.

11.    The specific obligations of the guard on duty were memorialized by Alpha in a set
of Post Orders in accordance with the demands of hotel management. A copy of the operative
Post Orders is attached hereto as Exhibit I. *See also* Deposition Testimony of Patrick Panetta ,
Alpha Director of Operations, at Page 106, Lines 6 – 9, attached hereto as Exhibit J.

3

Case ID: 170300712
Control No.: 19120523

12.     Alpha had no input or involvement in the number of security guards that were placed at the subject property, nor did Alpha have any input or involvement in identifying the obligations of the guard while there. *See, e.g.* Exhibit J, Deposition Testimony of Patrick Panetta at Page 84, Line 24 – Page 85, Line 14.

13.     Indeed, the specific services provided to the hotel were provided in accordance with the demands of hotel management, specifically Yagna Patel, General Manager of the Roosevelt Inn.

14.     Mr. Patel acknowledged this in his deposition:

Q.      There's something called post orders that security officers follow.  Were you involved in the creation of post orders for the security company?

A.      ***Yeah.  We made the rules of what they have to do.***

Q.      Were those rules written, or was there a form created for the rules that needed to be followed?

A.      Yes, sir.

Q.      And were you involved in the written rules that were created?

A.      Yes, sir.

Q.      Who did you create the written rules with?

A.      We just -- the way we feel, *what they should do at our place.*

Q.      Right.

A.      So we made them to walk around every 40, 45 minutes inside the building, outside the parking lot and the bar, also.

Q.      And who did you discuss that with?

A.      The previous owner.

Q.      Who was that?

4

Case ID: 170300712
Control No.: 19120523

A.    Joanna Small.

Q.    Where did you have that discussion?

A.    We have it at the front desk. We just discussed on the
      phone *what we need from the security guard*, and she said
      just tell them and make a paper that every time the new guy
      comes he should read it, what he has to do.

Exhibit G.3, Deposition Transcript of Yagna Patel, 9/5/19 at Page 373, Lines 10 – Page 374,

Line 15.  Emphasis added.

15.    Mr. Patel further testified that the individual Post Orders were his ideas.  Exhibit

G.3, Deposition Transcript of Yagna Patel, 9/5/19 at Page 384, Lines 3 – 7; Page 385, Line 6 –

Page 386, Line 23.

16.    Mr. Patel readily acknowledged that Alpha fulfilled its obligations under the

contract:

Q.    What's listed on those post orders, the security guard
      company did those things, correct?

A.    That's correct.

Q.    If they didn't, you'd go get a new security guard company,
      wouldn't you?

A.    Yes, sir.

Exhibit G.3, Deposition Transcript of Yagna Patel, 9/5/19 at Page 408, Line 21 – Page 409, Line

2.

Q.    I understand that, but the Alpha company, Alpha
      Centurion, they basically gave you what you asked for,
      correct?

***Objection Omitted***

THE WITNESS:    Yeah.

Exhibit G.3, Deposition Transcript of Yagna Patel, 9/5/19 at Page 417, Lines 20 – 24.

Case ID: 170300712
Control No.: 19120523

17.     Plaintiff's Complaint sets forth various theories of negligence against all defendants relating to their failure to provide adequate security, but Alpha's presence at the property was dictated by the terms of its contract with the Roosevelt Inn Defendants.

18.     Given that Alpha fulfilled its obligations under the contract, and because Plaintiff has failed to establish any action or inaction on the part of Alpha that caused her alleged damages, neither Plaintiff nor the Roosevelt Inn Defendants can sustain a cause of action against Alpha.  Accordingly, all claims against Alpha should be dismissed in their entirety.

## LEGAL STANDARD

19.     Summary judgment is proper in cases in which "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to a cause of action or defense in which a jury trial would require the issues be submitted to a jury." *Jones v. SEPTA*, 772 A.2d 435, 438 (Pa. 2001) (interpreting the standard under Pa. R.C.P. 1035.2); *Kerns v. Methodist Hosp.*, 574 A.2d 1068 (Pa. Super. 1990) (same).

20.     Here, all claims against Alpha should be dismissed via summary judgment, as Alpha owed no duty to Plaintiff; Alpha breached no duty to Plaintiff; and Alpha in no way caused or contributed to Plaintiff's alleged damages.

## ARGUMENT

### A.      ALPHA IS NOT LIABLE TO PLAINTIFF BECAUSE ALPHA OWED NO DUTY TO HER UNDER THE CONTRACT BETWEEN ALPHA AND THE ROOSEVELT INN.

21.     To establish a cause of action in negligence, the threshold inquiry is whether the defendant owed a duty of care to the plaintiff.  *See Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 40 (Pa. Super. 2000) (stating that the first element of a negligence action is duty).

22.     "Where there is no duty of care, there can be no negligence." *T.A. v. Allen (Appeal of Allen)*, 669 A.2d 360, 362 (Pa. Super. 1995).

6

Case ID: 170300712
Control No.: 19120523

23.     The existence of a duty is a matter of law for the court, not the jury, to determine. *See Brisbine v. Outside in Sch. of Experiential Educ., Inc.*, 799 A.2d 89, 93 (Pa. Super. 2002) ("To begin with, whether a defendant owes a duty of care to a plaintiff is a question of law.")

24.     Here, Alpha cannot be held liable because Alpha owed no legal duty to Plaintiff.

25.     As set forth above, on March 1, 2007, Alpha and the Roosevelt Inn entered into a contract for Alpha to provide security services at the Roosevelt Inn. *See* Exhibit F.

26.     Plaintiff was not a party to the contract between the Roosevelt Inn and Alpha, and the contract contains no provision naming Plaintiff as third-party beneficiary. *See id.*

27.     As such, Alpha owed no legal duty to Plaintiff under the circumstances, and Plaintiff's claims against Alpha fail as a matter of law.

28.     It is well-settled law in Pennsylvania that for a third party beneficiary to have standing to recover on a contract, both parties to the contract must express an intention that the third party be a beneficiary to whom the promisor's obligation runs in the contract itself.

29.     Pennsylvania has adopted Section 302 of the Second Restatement of Contracts "as to the law... concerning third-party beneficiary rights." *Looby v. Local 13 Prods.*, 751 A.2d 220, 222 (Pa. Super. 2000) (citations omitted).

30.     Section 302, entitled Intended and incidental beneficiaries, states:

> (1) Unless otherwise agreed between promisor and promissee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>> (a) The performance of the promise will satisfy an obligation of the promise to pay money to the beneficiary; or
>> (b) Circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
> (2) An incidental beneficiary is a beneficiary who it not an intended beneficiary.

*Id; Gerace*, 516 A.2d at 357. *See also Guy v. Liederbach*, 459 A.2d 744 (Pa. 1983) (discussing the requirements of Section 302).

7

Case ID: 170300712
Control No.: 19120523

31.     While the comment to Section 302 acknowledges that "[p]erformance of a contract will often benefit a third person . . . *unless the third person is an intended beneficiary as here defined, no duty to him is created . . .*" Comment to Section 302 of Restatement (Second) of Contracts (1981). Emphasis added.

32.     Here, Plaintiff cannot recover as a third party beneficiary, as she can point to no affirmative undertaking within the subject contract to protect her from third party criminal activity at the subject hotel. *See* Exhibit F.

33.     Given that Plaintiff was not a party to the contract between the Roosevelt Inn and Alpha, and because she can point to no affirmative undertaking on behalf of Alpha to protect her specifically, Plaintiff's claims against Alpha fail as a matter of law. *See Gerace*, 516 A.2d at 358 (affirming the trial court's entry of summary judgment where the plaintiffs failed to meet the requirements of Section 302 of the Restatement of Contracts 2d); *Starnes*, 26 Phila. at 125 (granting summary judgment where the plaintiffs failed to establish a duty on the part of the defendant security company).

## B. ALPHA IS NOT LIABLE TO PLAINTIFF BECAUSE PLAINTIFF CANNOT ESTABLISH THAT ALPHA BREACHED ANY PURPORTED DUTY OWED TO HER.

34.     Here, there is no evidence that Alpha was at all negligent with regard to carrying out the security services implemented at the Roosevelt Inn.

35.     Pennsylvania courts have consistently recognized that where a landlord voluntarily provides a program of security, he incurs a duty to carry out the program with reasonable care under the circumstances. *See Kerns v. Methodist Hosp.*, 574 A.2d 1068, 1078 (Pa. Super. 1990), (citing *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)) ("Absent agreement, the landlord cannot be expected to protect [tenants] against the wiles of felony. . .").

8

Case ID: 170300712
Control No.: 19120523

36.     The Court in *Kerns* explained that merely alleging the inadequacy of the existing program is insufficient to sustain a claim for negligence.

37.     Liability can only be imposed where a plaintiff demonstrates negligence within the limited parameters of the security program in place. *See id.,* at 1077 (reasoning that alleging the inadequacy of a program of security "mistakes the type of reasonable care required with respect to the program of security").

38.     Further, under Pennsylvania law, "[o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking." *Seebold v. Prison Health Servs.*, 57 A.3d 1232, 1235 n.1 (Pa. 2012) (quoting Restatement (Second) of Torts § 324A).

39.     Here, Alpha is not the landlord of the subject property; Alpha is a third party, once removed, under contract to provide only <u>one</u> unarmed security guard, two to three nights per week, for a limited amount of time, from 10:00 p.m. to 6:00 a.m.

40.     As courts have consistently recognized, a tenant may only rely on the security program within reasonable expectations and may not anticipate more protection than was originally offered. *See Feld,* 485 A.2d at 747; *Kerns,* 574 A.2d at 1076.

41.     As explained in *Kerns* and *Feld*:

> If, for instance, one guard is offered, he cannot expect the same quality and type of protection that two guards would have provided, nor may he expect the benefits that a different program might have provided. He can only expect the benefits reasonably expected of the program as offered and that that program will be conducted with reasonable care.

9

Case ID: 170300712
Control No.: 19120523

*Kerns,* 574 A.2d at 1077 (quoting *Feld*, 485 A.2d at 747).

42.     The same reasoning applies to the instant case; Plaintiff cannot demonstrate any negligence on the part of Alpha with regard to performing the security services selected and implemented by the Roosevelt.

43.     She can point to no action or inaction on the part of Alpha that contributed to or caused her alleged damages.

44.     Alpha was under contract to provide one security guard, for eight hours, two to three nights per week, and nothing more.

45.     The record is devoid of any evidence that establishes that Alpha was negligent in the performance of the program of security actually offered.

46.     Alpha had no ability to provide security outside of its obligations as defined by the Roosevelt Inn.

47.     It follows, therefore, that Alpha had no duty, nor the ability, to protect Plaintiff from the criminal acts of third parties that allegedly occurred behind closed doors and summary judgment should be entered in its favor. *See Kerns*, 574 A.2d at 1078 (directing that summary judgment on behalf of a security company must be entered where there is no evidence in the record to establish a material fact as to any alleged negligence by the security company with regard to the program of security actually offered).

## C.     ALPHA IS NOT LIABLE TO PLAINTIFF BECAUSE PLAINTIFF CANNOT ESTABLISH THAT ANY ALLEGED ACTION OR INACTION BY ALPHA CAUSED HER ALLEGED DAMAGES.

48.     In order to establish a cause of action for negligent security against a security company, a plaintiff must establish evidence demonstrating that an alleged breach by the security company was a cause in fact of the plaintiff's harm. *See Whitner v. Lojeski*, 263 A.2d 889, 893

Case ID: 170300712
Control No.: 19120523

(Pa. 1970) (finding that a defendant's breach is a cause in fact if "but for such negligence the injury would not have happened")(citation omitted).

49. Here, Plaintiff cannot do so due to the limited nature of Alpha's role at the Roosevelt Inn.

50. Even if Plaintiff's allegation that Alpha failed to protect her from criminal activity is accepted, Plaintiff cannot establish that such alleged negligence was the actual cause of her alleged harm, *i.e.* her trafficking.

51. If Plaintiff's testimony regarding her interaction with Alpha is accepted, for the purposes of this Motion, then, at most, Plaintiff saw a security guard on just one occasion; this limited interaction cannot establish causation.

52. Plaintiff's alleged damages were caused by her traffickers, *not* Alpha. *See, e.g. Mannix v. Commonwealth Sec. Sys.*, 43 Pa. D. & C. 587 (Lanc. Cty. 1986) (rejecting the plaintiff's theory of negligence against a security alarm supplier, reasoning that "[w]hile [the defendant security company] may have been negligent in performance of its contractual duties or in breach thereof, such negligence did not cause the loss. The burglar(s) caused the loss.").

53. In fact, Alpha security guards were not permitted to do more than patrol the hallways of the Roosevelt Inn; they were not permitted to enter individual rooms, and they were not permitted to approach guests. *See* Exhibit G.3, Deposition Transcript of Yagna Patel, 9/5/19 at Page 385, Line 6 – Page 386, Line 23.

54. As Mr. Patel testified, Alpha security guards were "not [to] get involved with hotel business." *Id.* at Page 378, Line 23.

55. In particular, Alpha security guards were not even permitted to monitor footage from security cameras on the hotel premises. Exhibit G.1, Deposition Transcript of Yagna Patel, 7/19/18 at Page 91, Lines 13 – 23.

Case ID: 170300712
Control No.: 19120523

56. Nor were security guards permitted to bar access to the hotel premises:

> Q. I'm trying to understand. Is this correct or not, that security
> officers were not allowed to question hotel patrons on their
> comings and goings unless directed by the hotel staff? Is
> that correct?
>
> A. Yes.

*Id.* at Page 200, Lines 5 – 10.

57. Clearly, Alpha guards at the Roosevelt Inn had a limited job scope; they had limited interactions with guests; they could not monitor security footage; they had no authority to deny access to the hotel; and they could not enter individual hotel rooms.

58. Significantly, there is absolutely no evidence that Alpha was involved with trafficking or any type of criminal activity.

59. Moreover, the idea that Plaintiff would not have been trafficked but for the actions of Alpha is unbelievable, especially where Plaintiff herself admits to having been trafficked at *three other locations*.

60. Indeed, Plaintiff testified that she performed commercial sex acts at three separate residences – 1718 Bridge Street, Comly Street, and Parrish Street. *See* Exhibit B, Deposition Deposition Transcript of Plaintiff M.B. at Page 102, Lines 14 – 16; Page 140, Lines 20 – 24; Page 136, Line 22 – Page 137, Line 2.

61. Alpha was obviously not employed at any of these other locations, and yet Plaintiff was, per her own testimony, trafficked at each of them.

62. Alpha undoubtedly was not a cause in fact of Plaintiff being trafficked.

63. Plaintiff's traffickers alone are the cause in fact of her alleged injuries.

Case ID: 170300712
Control No.: 19120523

64. Finally, as previously set forth in detail, Plaintiff testified that she had just one interaction with a man she *believed* to be a security guard. Exhibit B, Deposition Transcript of Plaintiff M.B. at Page 316, Line 17 – Page 317, Line 6.

65. Even accepting her belief as fact for the purposes of the instant Motion, her claims against Alpha nevertheless fail in light of the complete absence of any evidence whatsoever that Alpha knew or should have known that she was in danger.

66. Plaintiff readily acknowledged that she encountered this individual in a stairwell by herself and did not ask him for help or in any way alert him to the fact that was there against her will; by her own testimony, she ignored him.

67. After the alleged security guard told Plaintiff to put some clothes on she in no way responded. Exhibit B, Deposition Transcript of Plaintiff M.B. at Page 315, Lines 3 – 8; Page 316, Line 17 – Page 318, Line 1. Emphasis added.

68. Absolutely no action or inaction by Alpha caused or facilitated Plaintiff's alleged trafficking in any way.

**WHEREFORE**, in light of the foregoing, and for the reasons more fully set forth in the accompanying Memorandum of Law, it is respectfully submitted that summary judgment should be entered in favor of Defendant, Alpha-Centurion Security, Inc., as to all claims against it.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: _____December 3, 2019_____

13

Case ID: 170300712
Control No.: 19120523

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire
Identification No.    208830
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

Attorneys for Defendant,
Alpha-Centurion Security, Inc.

---

| | | |
|---|---|---|
| M.B. minor by her Guardian,<br>WILLIAM A. CALANDRA, ESQUIRE | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| | : | |
| Plaintiff | : | MARCH TERM, 2017 |
| | : | |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT MOTOR INN, INC.<br>d/b/a ROOSEVELT MOTOR INN and<br>UFVS MANAGEMENT COMPANY, LLC<br>and YAGNA PATEL and ALPHA-<br>CENTURION SECURITY, INC. d/b/a ALPHA<br>CENTURY SECURITY, INC. | : | NO. 00712 |
| | : | |
| | : | |
| | : | |
| | : | <u>JURY TRIAL DEMANDED</u> |
| | : | |
| | : | |
| Defendants | : | |

---

### <u>MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR</u><br><u>SUMMARY JUDGMENT OF DEFENDANT, ALPHA-CENTURION SECURITY, INC.,</u><br><u>AS TO ALL CLAIMS</u>

**I.    <u>MATTER BEFORE THE COURT</u>**

Motion for Summary Judgment of Alpha-Centurion Security, Inc.

**II.    <u>STATEMENT OF QUESTIONS PRESENTED</u>**

1.    Whether Alpha-Centurion Security, Inc. is entitled to summary judgment on
Plaintiff's claims of negligence where it owed no duty to Plaintiff, and reasonably
performed its contractual duties under the terms of its contract with the Roosevelt
Inn, to which Plaintiff was not a party or intended third-party beneficiary.

*Suggested Answer*    ***YES.***

Case ID: 170300712
Control No.: 19120523

2.     Whether Alpha-Centurion Security, Inc. is entitled to summary judgment on Plaintiff's claims of negligence where Plaintiff cannot establish that Alpha-Centurion Security, Inc. acted negligently within the program of security selected and implemented by the Roosevelt Inn.

    *Suggested Answer*    ***YES.***

3.     Whether Alpha-Centurion Security, Inc. is entitled to summary judgment on Plaintiff's claims of negligence where Plaintiff cannot establish that Alpha-Centurion Security, Inc. in any way caused her alleged damages, especially where Plaintiff had only one limited interaction with a man she *believes* may have been a security guard, yet she did not complain to him or request help in any manner, and where Plaintiff admits she was trafficked at three locations other than the Roosevelt Inn.

    *Suggested Answer*    ***YES.***

## III.   PRELIMINARY STATEMENT

This matter arises from alleged human trafficking of a minor at a hotel property in Philadelphia. Plaintiff M.B. ("Plaintiff") contends that she sustained serious and permanent damages as a result of alleged failures on the part of the owner and operator of the hotel to identify and prevent such acts on the subject premises. Plaintiff also sued Alpha-Centurion Security, Inc. ("Alpha"), which, at the time she was allegedly trafficked, was under contract with the hotel to provide one unarmed security guard at the hotel, for eight hours, two to three nights per week.

Plaintiff's claims against Alpha are nearly identical to her claims against the hotel defendants despite Alpha's limited presence at the subject property. Plaintiff contends that Alpha failed to establish a security plan; failed to provide protocol to security regarding trafficking; failed to implement policies regarding removal of individuals from the premises; failed to control access to the premises; failed to properly conduct and monitor video surveillance; failed to detect suspicious activity on video surveillance and promptly react; failed to test surveillance

2

equipment; and, failed to prevent Plaintiff from being trafficked on the premises. *See* Plaintiff's Fourth Amended Complaint, attached as Exhibit A, at ¶84.

Plaintiff's claims against Alpha must fail as the evidentiary record is clear that Alpha had no input or involvement in the creation of the security program at the subject property. The parameters of security were dictated by hotel management and carried out by Alpha. Alpha's obligations did not include overseeing access to the premises or monitoring video surveillance. In fact, Alpha was specifically prohibited by hotel management from entering rooms, interacting with guests, and reviewing surveillance video.

Even assuming, *arguendo*, that Alpha was under a general duty to protect Plaintiff under the circumstances, Plaintiff cannot demonstrate any negligence on the part of Alpha that caused or contributed to her alleged damages. Plaintiff readily admits that she saw a man she believed was a security guard on only one occasion, and described a brief, fleeting interaction with him in a stairwell. She denied alerting him to the human trafficking or requesting help in any way. In fact, she testified that she simply ignored him.

Plaintiff has offered no evidence of any action or inaction on the part of Alpha or its employees that caused or facilitated the alleged human trafficking in any way. The evidence of record is clear in that Alpha was under contract to provide security services at the subject property and it did so to the satisfaction of the Roosevelt Defendants. For that reason, and for the reasons described more fully below, summary judgment should be granted in favor of Alpha and all claims against it dismissed.

## IV.    FACTUAL BACKGROUND

Plaintiff M.B. ("Plaintiff") alleges that she was the victim of commercial sex trafficking when she was a minor. *See* Exhibit A, Plaintiff's Fourth Amended Complaint. She contends she

3

Case ID: 170300712
Control No.: 19120523

was trafficked between April 2014 and June 2014, through three (3) private residences and one commercial property, the Roosevelt Inn, located at 7600 Roosevelt Boulevard in Philadelphia, Pennsylvania. *See* Deposition Transcript of Plaintiff M.B. at Page 102, Lines 14 – 16; Page 136, Line 22 – Page 137, Line 2; Page 140, Lines 20 – 24, attached hereto as Exhibit B.[1]

Plaintiff identified her traffickers as Abdul Lopez and Daiquan Davis, who were arrested and charged by the United States Attorney for the Eastern District of Pennsylvania with trafficking and related offenses. *Id.* at Page 16, Lines 15 - 19. Both men plead guilty and are currently serving lengthy sentences in federal prison.[2]

In addition to Alpha-Centurion Security, Inc. ("Alpha"), Plaintiff filed suit against Roosevelt Inn, LLC; Roosevelt Motor Inn, Inc.; UFVS Management Company, LLC; and Yagna Patel (collectively, "Roosevelt Inn Defendants"). Plaintiff's traffickers were joined by the Roosevelt Inn Defendants as Additional Defendants.

Plaintiff contends she was trafficked from April through June 2014, at which time Alpha was under contract with the Roosevelt Inn to provide one unarmed security guard at the hotel, two to three nights per week. A copy of the Contract for Services is attached hereto as Exhibit F. Plaintiff recalls that "[she] was mainly locked in a room 24/7[…]" and had only one, fleeting interaction with a man she *assumed* was a security guard:

> Q. Okay. Did you see security guards at the Roosevelt Inn?
>
> A. Yes.
>
> Q. How often did you see security guards?

---

[1] Plaintiff went "AWOL" from foster care on April 2, 2014, and turned herself back into the Department of Human Services on June 6, 2014. *See* May 2, 2014 Court Order, attached hereto as Exhibit C; Exhibit B, Deposition Transcript of Plaintiff M.B. at Page 114, Lines 13 – 18.

[2] Notably, Davis denied ever trafficking Plaintiff at the Roosevelt Inn and Lopez contends he attempted to traffic her on only one occasion. Affidavit of Daiquan Davis and Deposition Transcript of Abdul Lopez at Page 46, Lines 13 - 22, attached hereto as Exhibits D and E, respectively.

4

Case ID: 170300712
Control No.: 19120523

A.     The whole time I was there I only seen one security guard, and that was -- I only seen him once and that was it.

Exhibit B, Deposition Transcript of Plaintiff M.B. at Page 101, Lines 4 – 5; Page 193, Lines 8 – 16. Plaintiff testified that she encountered this individual as she was walking by herself in the stairwell. She testified that she did not ask him for help. In fact, she testified that she said nothing to him whatsoever. *Id.* at Pages 313-315, generally.

Plaintiff acknowledged that she assumed he was a security guard because he was wearing a uniform and she could not recall whether it was in fact an Alpha uniform:

Q.     You have clearly testified here that during the entire time you were at the Roosevelt Inn from beginning to end you saw a security guard only once; is that correct?

A.     Yes.

Q.     That's what you testified to and that is, in fact, the truth?

A.     Yes.

Q.     You also described that guard as a short African-American man; am I right?

A.     Yes.

Q.     I want to know a little more about his description. What was he wearing?

A.     It was like black pants and I believe a black jacket.

Q.     Do you think it was a uniform or was it plain clothing?

A.     Uniform.

Q.     Did the uniform have any kind of writing on it anywhere?

A.     On his jacket. There was a -- like a writing on his jacket.

Q.     Kind of a logo on his jacket?

A.     Yeah, a logo.

Q.     What did it say?

Case ID: 170300712
Control No.: 19120523

A.    I can't remember. I'm not sure.

Q.    Was there ever a time when you knew or did you really not
notice what it said?

A.    No.  I didn't know what it said.

*Id.* at Page 311, Line 9 -- Page 312, Line 19.

Alpha had been under contract to provide such services at the property since 2001.[3]  Per the terms of their contract, the parties were to agree upon the number of security guards and the specific duties of the guards.  *See* Exhibit F.  The Roosevelt Inn Defendants elected initially to have a security guard on Friday and Saturday nights, from 10:00 p.m. until 6:00 a.m.  A third shift was added in or around April 2014, per the request of Yagna Patel, General Manager of the Roosevelt Inn:

Q.    What was your understanding, by signing this contract, of
the security that was going to be provided at the Roosevelt?

A.    *To give us a security guard for those nights we needed.*

Q.    And what nights were those?

A.    Friday night and Saturday night.

Q.    At any time, did you suggest having a security guard more
often than Friday and Saturday night?

A.    No.  *We asked for Sunday night after the shooting
happened.*  I told the owner, I said I think we should have --
because Sunday night is very quiet, nobody at night there,
and the desk clerk is alone.  *So we requested it.*  He said,
Okay, go ahead.  We start Friday, Saturday and Sunday.[4]

Q.    So after the shooting -- was this the shooting that you and I
were speaking about a few moments ago?

---

[3] Alpha provided security services beginning in 2001; however, the contract at issue was entered into in 2007.

[4] The shooting referenced in Mr. Patel's testimony occurred on March 31, 2014.

Case ID: 170300712
Control No.: 19120523

A.    Right.  That's correct.

Q.    After the shooting, you asked for a security guard for Friday, Saturday, and now Sunday?

A.    Sunday, right.

Q.    And was that because the front desk clerk was left alone on Sundays?

A.    Right.  Rather have somebody there, you know.

Deposition Transcript of Yagna Patel, 7/19/18 at Page 53, Line 24 – Page 54, Line 25, attached hereto as Exhibit G.1.[5]  Emphasis added.  *See also* Exemplary Security Logs, attached hereto as Exhibit H.

The specific obligations of the guard on duty were memorialized by Alpha in a set of Post Orders in accordance with the demands of hotel management:

 

**Alpha-Centurion Security, Inc.**

200 – 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax: (610) 449-2016

Joanna Small,
President
WBDC7A-0137

ROOSEVELT INN EXPRESS
POST ORDERS

1. All s/o's will report to the site on time and in full uniform.
2. Once on site s/o will report to front desk and report to management for your shift.
3. S/o must make rounds of hotel floors and parking area once an hour.
4. Any unusual activity must be reported to the front desk and recorded on DAR and/or incident report.
5. Any lunch breaks must be taken between 3am and 5am and on the property.
6. No sleeping.  Any s/o caught asleep will be removed from the property and terminated.
7. S/o goes to work on their own they must call in and out from the location.
8. If reporting in civilian clothes get to site early enough to change and be posted by 10p.m.
9. No sitting on lobby sofa.  Stay out of lobby unless doing rounds or requested by management.
10. S/o's are to stay outside in the back of hotel until 11p.m. or midnight.  Hotel management has reason to believe there is a "peeping tom" lurking around the hotel and is to be taken seriously.  This is not a joke.
11. If s/o should encounter this "peeping tom" notify management/police immediately and do a full report on the matter.

If there are any other questions or concerns about s/o duties and responsibilities please contact me at HQ.  Phone # (610) 449 – 7840 or (610) 716 – 3440.  Thank you and have a safe shift.

Sincerely,

Dep. Insp. Walker, Michael L.
Asst. Ops. Mgr.

[5] Yagna Patel was deposed on three separate dates, July 19, 2018; August 8, 2019; and September 5, 2019.  His deposition transcripts are attached hereto as Exhibits G.1: G.2; and G.3, respectively.

Case ID: 170300712
Control No.: 19120523

A copy of the operative Post Orders is attached hereto as Exhibit I. *See also* Deposition Testimony of Patrick Panetta, Alpha Director of Operations, at Page 106, Lines 6 – 9, attached hereto as Exhibit J.

Alpha had no input or involvement in the number of security guards that were placed at the subject property, nor did Alpha have any input or involvement in identifying the obligations of the guard while there. Per Mr. Panetta:

> Q. And it's your testimony that Alpha-Centurion had no input or involvement in the number of security guards that were placed at Alpha-Centurion -- excuse me -- that were placed at the Roosevelt?
>
> A. That's correct, yes, ma 'am.
>
> Q. And it's your testimony that Alpha-Centurion had no input or involvement in the specific duties of the security officers who were stationed at the Roosevelt, is that correct?
>
> A. That's correct, yes, ma 'am.
>
> Q. And this contract states that an unarmed security officer would be stationed at the Roosevelt; is that correct?
>
> A. Yes, ma'am.

Exhibit J, Deposition Testimony of Patrick Panetta at Page 84, Line 24 – Page 85, Line 14.

Indeed, the specific services provided to the hotel were provided in accordance with the demands of hotel management, specifically Yagna Patel, General Manager of the Roosevelt Inn. Mr. Patel acknowledged this in his deposition:

> Q. There's something called post orders that security officers follow. Were you involved in the creation of post orders for the security company?
>
> A. ***Yeah. We made the rules of what they have to do.***
>
> Q. Were those rules written, or was there a form created for the rules that needed to be followed?

8

A.      Yes, sir.

Q.      And were you involved in the written rules that were created?

A.      Yes, sir.

Q.      Who did you create the written rules with?

A.      We just -- the way we feel, *what they should do at our place.*

Q.      Right.

A.      So we made them to walk around every 40, 45 minutes inside the building, outside the parking lot and the bar, also.

Q.      And who did you discuss that with?

A.      The previous owner.

Q.      Who was that?

A.      Joanna Small.

Q.      Where did you have that discussion?

A.      We have it at the front desk. We just discussed on the phone *what we need from the security guard*, and she said just tell them and make a paper that every time the new guy comes he should read it, what he has to do.

Exhibit G.3, Deposition Transcript of Yagna Patel, 9/5/19 at Page 373, Lines 10 – Page 374,

Line 15. Emphasis added. Indeed, Mr. Patel further testified that the individual Post Orders

were his ideas. Addressing various of the Post Orders, Mr. Patel testified:

Q.      Fair enough. On Number 12, it says, If a room is open, please shut the door.

A.      Yes, that's my idea.

Q.      That's your idea?

A.      That's correct.

9

Case ID: 170300712
Control No.: 19120523

Exhibit G.3, Deposition Transcript of Yagna Patel, 9/5/19 at Page 384, Lines 3 – 7.

Q.    It says, Please report all parties in rooms to the front desk.
      Is that something you wanted as well?

A.    That's correct.

Q.    Make sure -- Number 14, Make sure all exit doors are
      closed at all times?

A.    Correct.

Q.    Is that something you wanted as well?

A.    Right.

Q.    Number 15, No fraternization with the guests or Roosevelt
      Inn employees.  Is that something that you wanted?

A.    Yes.

Q.    Why did you want no fraternization?

A.    They use their own word, but I told them not to be friendly
      with the guests.

Q.    Okay. Number 16, If a guest gives you a key, inform them
      that they have to take the key to the front desk themselves?

A.    Correct.

Q.    That's what you wanted?

A.    Right.

Q.    Number 17, Do not open any door to a guest unless you are
      instructed to do so by management?

A.    That's correct.

Q.    Did the security guards ever have a master key to open
      doors?

A.    No, they don't.

Case ID: 170300712
Control No.: 19120523

Q. So how would they open a door for a guest?

A. Like, suppose somebody locked out.

Q. Of their room?

A. Right. And they ask for the key, and then they show us ID and then we send the security guard. Very rare it happen, that we make another key, duplicate key, open the door and bring it back to us.

Q. Number 18, If you see an unlawful entry, call 911 and notify the front desk immediately?

A. That's correct.

Q. That was your idea?

A. That's mine and whoever the officer is there.

Exhibit G.3, Deposition Transcript of Yagna Patel, 9/5/19 at Page 385, Line 6 – Page 386, Line 23. Alpha did not have access to the security cameras on the premises, nor did Alpha or any of its employees have the ability to view the monitors:

Q. Did the security officers look at the monitors for the cameras around the hotel?

A. No. They don't have access.

Q. Was it part of their job responsibility to look at the monitors?

A. Part of security?

Q. Yes.

A. Not the part of it, no. Because the camera is, the monitor is at the front desk. And when they handled the cash, they always keep the door locked. So the security guard cannot come in.

Exhibit G.1, Deposition Transcript of Yagna Patel, 7/19/18 at Page 91, Lines 13 – 23.

Mr. Patel readily acknowledged that Alpha fulfilled its obligations under the contract:

11

Case ID: 170300712
Control No.: 19120523

> Q. What's listed on those post orders, the security guard company did those things, correct?
>
> A. That's correct.
>
> Q. If they didn't, you'd go get a new security guard company, wouldn't you?
>
> A. Yes, sir.

Exhibit G.3, Deposition Transcript of Yagna Patel, 9/5/19 at Page 408, Line 21 – Page 409, Line 2.

> Q. I understand that, but the Alpha company, Alpha Centurion, they basically gave you what you asked for, correct?
>
> ***Objection Omitted***
>
> THE WITNESS: Yeah.

Exhibit G.3, Deposition Transcript of Yagna Patel, 9/5/19 at Page 417, Lines 20 – 24.

Plaintiff's Complaint sets forth various theories of negligence against all defendants relating to their failure to provide adequate security. Alpha's presence at the property was dictated by the terms of its contract with the Roosevelt Inn Defendants. Given that Alpha fulfilled its obligations under the contract, and because Plaintiff has failed to establish any action or inaction on the part of Alpha that caused her alleged damages, neither Plaintiff nor the Roosevelt Inn Defendants can sustain a cause of action against Alpha. Accordingly, all claims against Alpha should be dismissed in their entirety.

## V.     **LEGAL STANDARD**

Summary judgment will be entered where there is no genuine issue as to any material fact. More specifically, summary judgment is proper in cases in which "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to a cause of

Case ID: 170300712
Control No.: 19120523

action or defense in which a jury trial would require the issues be submitted to a jury." *Jones v. SEPTA*, 772 A.2d 435, 438 (Pa. 2001) (interpreting the standard under Pa. R.C.P. 1035.2); *Kerns v. Methodist Hosp.*, 574 A.2d 1068 (Pa. Super. 1990) (same).

Although the evidence must be viewed in the light most favorable to the non-moving party, that party may not rely solely upon controverted allegations in the pleadings to overcome a motion for summary judgment. *See* Pa. R.C.P. 1035.3(a); *Young v. Pennsylvania Dept of Trans.*, 744 A.2d 1276, 1277 (Pa. 2000). Rather, the non-moving party must identify one or more issues of fact arising from the evidence of record facts necessary to set forth the cause of action alleged in the complaint. *See id.* Once a party has moved for summary judgment, the failure of the non-moving party to adduce sufficient admissible evidence on an essential issue establishes that there is no issue of material fact and thus the moving party is entitled to judgment as a matter of law. *See Young*, 744 A.2d at 1277. *See also Ertel v. Patriot-News Co.*, 674 A.2d 1038, 1041-1042 (Pa. 1996).

Here, all claims against Alpha should be dismissed via summary judgment, as Alpha owed no duty to Plaintiff; Alpha breached no duty to Plaintiff; and Alpha in no way caused or contributed to Plaintiff's alleged damages.

## VI.   <u>ARGUMENT</u>

### A.   <u>ALPHA IS NOT LIABLE TO PLAINTIFF BECAUSE ALPHA OWED NO DUTY TO HER UNDER THE CONTRACT BETWEEN ALPHA AND THE ROOSEVELT INN.</u>

To establish a cause of action in negligence, the threshold inquiry is whether the defendant owed a duty of care to the plaintiff. *See Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 40 (Pa. Super. 2000) (stating that the first element of a negligence action is duty). "Where there is no duty of care, there can be no negligence." *T.A. v. Allen (Appeal of Allen)*, 669 A.2d 360, 362 (Pa. Super. 1995); *Tri-County Big Brothers, 692 A.2d 582, 584 (Pa. Super. 1997)*

Case ID: 170300712
Control No.: 19120523

("[U]nless there is a duty upon the defendant in favor of the plaintiff which has been breached, there can be no cause of action based upon negligence."). The existence of a duty is a matter of law for the court, not the jury, to determine. *See Brisbine v. Outside in Sch. of Experiential Educ., Inc.*, 799 A.2d 89, 93 (Pa. Super. 2002) ("To begin with, whether a defendant owes a duty of care to a plaintiff is a question of law."). Where a plaintiff fails to present sufficient evidence to establish the existence of a duty, defendant is entitled to judgment as a matter of law. *See, e.g., Carrender v. Fitterer*, 469 A.2d 120, 124 (Pa. 1983) ("[A]ppellee failed to establish the element of duty essential to a prima facie case of negligence, and appellants were therefore entitled to a judgment notwithstanding the verdict.").

Here, Alpha cannot be held liable because Alpha owed no legal duty to Plaintiff. As set forth above, on March 1, 2007, Alpha and the Roosevelt Inn entered into a contract for Alpha to provide security services at the Roosevelt Inn. *See* Exhibit F. Plaintiff was not a party to the contract between the Roosevelt Inn and Alpha, and the contract contains no provision naming Plaintiff as third-party beneficiary. *See id.* As such, Alpha owed no legal duty to Plaintiff under the circumstances, and Plaintiff's claims against Alpha fail as a matter of law.

Despite the fact that she does not plead it in her Fourth Amended Complaint, Plaintiff will likely argue that she was a third party beneficiary to the contract between Alpha and the Roosevelt Inn. It is well-settled law in Pennsylvania that for a third party beneficiary to have standing to recover on a contract, both parties to the contract must express an intention that the third party be a beneficiary to whom the promisor's obligation runs in the contract itself. Pennsylvania has adopted Section 302 of the Second Restatement of Contracts "as to the law... concerning third-party beneficiary rights." *Looby v. Local 13 Prods.*, 751 A.2d 220, 222 (Pa. Super. 2000) (citing *Clifton v. Suburban Cable TV Co., Inc.*, 642 A.2d 512, 514 (Pa. Super.

14

Case ID: 170300712
Control No.: 19120523

1994)); *Gerace v. Holmes Protection of Phila.*, 516 A.2d 354 (Pa. Super. 1986) (explaining the test under Section 302, specifically what constitutes a third party beneficiary in the context of a case involving allegedly negligent security). *See also Rodriguez v. City of Phila.*, 26 Phila. 634, 645 (Phila. Cnty. 1994) (citing *Deeter v. Dull Corp.*, 420 Pa. Super. 576, 584 (1992) (observing that the determination of intended or incidental beneficiary status is left to the court, and is not a jury question)).

Section 302, entitled Intended and incidental beneficiaries, states:

> (3) Unless otherwise agreed between promisor and promissee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
> > (c) The performance of the promise will satisfy an obligation of the promise to pay money to the beneficiary; or
> >
> > (d) Circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> (4) An incidental beneficiary is a beneficiary who it not an intended beneficiary.

*Id; Gerace*, 516 A.2d at 357. *See also Guy v. Liederbach*, 459 A.2d 744 (Pa. 1983) (discussing the requirements of Section 302). While the comment to Section 302 acknowledges that "[p]erformance of a contract will often benefit a third person . . . *unless the third person is an intended beneficiary as here defined, no duty to him is created . . .*" Comment to Section 302 of Restatement (Second) of Contracts (1981). Emphasis added.

Here, Plaintiff cannot recover as a third party beneficiary, as she can point to no affirmative undertaking within the subject contract to protect her from third party criminal activity at the subject hotel. *See* Exhibit F. Plaintiff readily acknowledges that during her time at the hotel she saw a security guard on only one occasion. She testified that she had a brief,

15

Case ID: 170300712
Control No.: 19120523

fleeting interaction with him and only *assumed* he was a security guard based on the fact he was

wearing a uniform:

> Q. You have clearly testified here that during the entire time you were at the Roosevelt Inn from beginning to end you saw a security guard only once; is that correct?
>
> A. Yes.
>
> Q. That's what you testified to and that is, in fact, the truth?
>
> A. Yes.
>
> Q. You also described that guard as a short African-American man; am I right?
>
> A. Yes.
>
> Q. I want to know a little more about his description. What was he wearing?
>
> A. It was like black pants and I believe a black jacket.
>
> Q. Do you think it was a uniform or was it plain clothing?
>
> A. Uniform.
>
> Q. Did the uniform have any kind of writing on it anywhere?
>
> A. On his jacket. There was a -- like a writing on his jacket.
>
> Q. Kind of a logo on his jacket?
>
> A. Yeah, a logo.
>
> Q. What did it say?
>
> A. I can't remember. I'm not sure.
>
> Q. Was there ever a time when you knew or did you really not notice what it said?
>
> A. No. I didn't know what it said.

Case ID: 170300712
Control No.: 19120523

Exhibit B at Page 311, Line 9 – Page 312, Line 19. *See also id.* at Page 193, Lines 8 – 16. It is unclear from Plaintiff's testimony whether this was an encounter with an Alpha security guard, or with a hotel patron wearing a uniform on his way to/from work. Plaintiff testified she encountered this individual as she was walking by herself in the stairwell. She testified that she did not ask him for help. In fact, she testified that she said nothing to him whatsoever. *Id.* at 313-315, generally.

Even assuming that Alpha and the Roosevelt Inn intended Plaintiff to benefit from the Contract, Plaintiff cannot establish the remaining factors required under Section 302. For instance, there is no obligation under the contract running from Alpha to Plaintiff to pay money for an existing debt when the contract was made. Neither is there any evidence that, at the time the contract was executed, Alpha intended to give the benefit of the promised performance to Plaintiff. *See Starnes v. Bond Security Company*, 26 Phila. 122, 125 (Phila. Cnty. 1993) (finding that a defendant security company owed no duty to the plaintiff because the plaintiff was not a third-party beneficiary to a contract between a merchant and a security company, and that any benefit derived from the contract was "merely incidental").[6]

Given that Plaintiff was not a party to the contract between the Roosevelt Inn and Alpha, and because she can point to no affirmative undertaking on behalf of Alpha to protect her specifically, Plaintiff's claims against Alpha fail as a matter of law. *See Gerace*, 516 A.2d at 358 (affirming the trial court's entry of summary judgment where the plaintiffs failed to meet the requirements of Section 302 of the Restatement of Contracts 2d); *Starnes*, 26 Phila. at 125

---

[6] In *Starnes*, the Court considered whether a property owner and its security contractor had a duty to the plaintiff who suffered injury as a result of an assault on the premises. The Court granted summary judgment in favor of the security company on the plaintiffs' third-party beneficiary claims, finding that the defendant-security company owed no duty to the plaintiff. In support of its holding, the Court reasoned that the plaintiff was not a third-party beneficiary of the contract between the defendants, and any benefit derived from the defendants' contract was "merely incidental." *Id.*

17

Case ID: 170300712
Control No.: 19120523

(granting summary judgment where the plaintiffs failed to establish a duty on the part of the defendant security company).

**B.** **ALPHA IS NOT LIABLE TO PLAINTIFF BECAUSE PLAINTIFF CANNOT ESTABLISH THAT ALPHA BREACHED ANY PURPORTED DUTY OWED TO HER.**

Here, there is no evidence that Alpha was at all negligent with regard to carrying out the security services implemented at the Roosevelt Inn. Pennsylvania courts have consistently recognized that where a landlord voluntarily provides a program of security, he incurs a duty to carry out the program with reasonable care under the circumstances. *See Kerns v. Methodist Hosp.*, 574 A.2d 1068, 1078 (Pa. Super. 1990), (citing *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)) ("Absent agreement, the landlord cannot be expected to protect [tenants] against the wiles of felony. . ."). The Court in *Kerns* explained that merely alleging the inadequacy of the existing program is insufficient to sustain a claim for negligence. Liability can only be imposed where a plaintiff demonstrates negligence within the limited parameters of the security program in place. *See id.,* at 1077 (reasoning that alleging the inadequacy of a program of security "mistakes the type of reasonable care required with respect to the program of security").

Further, under Pennsylvania law, "[o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking." *Seebold v. Prison Health Servs.,* 57 A.3d 1232, 1235 n.1 (Pa. 2012) (quoting Restatement (Second) of Torts § 324A). "Although

18

Case ID: 170300712
Control No.: 19120523

awkwardly worded, the provision expressly circles back to the original undertaking . . . . <u>Section 324A does not say that the service provider must assume additional duties, such as third-party interventions, above and beyond the initial undertaking</u>.   Rather, it merely prescribes for reasonable care to be taken vis-à-vis the original undertaking and establishes liability to certain third-parties where such care is lacking." *Seebold*, 57 A.3d at 1244–1245 (emphasis added).

Here, Alpha is not the landlord of the subject property. Alpha is a third party, once removed, under contract to provide only <u>one</u> unarmed security guard, two to three nights per week, for a limited amount of time, from 10:00 p.m. to 6:00 a.m.  The guard was responsible for following Post Orders prepared by Alpha pursuant to the parameters of the security program selected and implemented by the Roosevelt Inn Defendants.  Those Post Orders provided as follows:

 **Alpha-Centurion Security, Inc.** 

Joanna Small,
President
WBDCPA-0257

200 – 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax: (610) 449-2010

ROOSEVELT INN EXPRESS
POST ORDERS

1. All s/o's will report to the site on time and in full uniform.
2. Once on site s/o will report to front desk and report to management for your shift.
3. S/o must make rounds of hotel floors and parking area once an hour.
4. Any unusual activity must be reported to the front desk and recorded on DAR and/or incident report.
5. Any lunch breaks must be taken between 3am and 5am and on the property.
6. No sleeping. Any s/o caught asleep will be removed from the property and terminated.
7. S/o goes to work on their own they must call in and out from the location.
8. If reporting in civilian clothes get to site early enough to change and be posted by 10p.m.
9. No sitting on lobby sofa. Stay out of lobby unless doing rounds or requested by management.
10. S/o's are to stay outside in the back of hotel until 11p.m. or midnight.  Hotel management has reason to believe there is a "peeping tom" lurking around the hotel and is to be taken seriously. This is not a joke.
11. If s/o should encounter this "peeping tom" notify management/police immediately and do a full report on the matter.

If there are any other questions or concerns about s/o duties and responsibilities please contact me at HQ.  Phone # (610) 449 – 7840  or (610) 716 – 3440.  Thank you and have a safe shift.

Sincerely,

Dep. Insp. Walker, Michael L.
Asst. Ops. Mgr.

*See* Exhibit F.

Case ID: 170300712
Control No.: 19120523

Mr. Patel readily acknowledges that the Post Orders were prepared in accordance with his demands and that Alpha complied with its obligations under the contract. Plaintiff cannot establish liability against Alpha under such circumstances. For instance, Alpha had no input or involvement in setting the parameters of Alpha's presence at the property, and Alpha had no ability to unilaterally change what was demanded by the Roosevelt Inn Defendants.[7] Plaintiff cannot establish liability against Alpha for failing to do more than what it was contracted to do. For instance, Plaintiff claims in her Complaint that Alpha "failed to respond and react to suspicious activity detected on video surveillance[,]" despite the fact that hotel management prohibited Alpha from monitoring the video surveillance. *See* Exhibit A. Plaintiff's Complaint includes several other allegations involving purported failures on the part of Alpha relating to the video surveillance on the premises, despite unequivocal testimony from Mr. Patel that Alpha had no access to the surveillance system and no responsibility for its operation. *See* Exhibit G.1, Deposition Transcript of Yagna Patel, 7/19/18 at Page 91, Lines 13 – 23. *See also* Exhibit A at ¶84. Further to this point, Plaintiff testified that when she was at the Roosevelt Inn, "[she] was mainly locked in a room 24/7." Exhibit B at Page 101, Lines 4 – 5. This is significant in light of the fact that the services provided by Alpha did not include security within the individual guest rooms. In fact, Alpha was not even permitted to enter the individual rooms. *See, e.g.* Exhibit F and Exhibit I.

Moreover, Plaintiff never informed any representative of Alpha that she was in danger or needed help. In fact, on the one occasion Plaintiff believes she saw a security guard, she did not ask for assistance or advise that she needed help:

> Q.    Did you tell him what you were doing there at all?

---

[7] It should be noted that the terms of the contract were changed at some point in 2017, per the request of the Roosevelt Defendants. *See* Exhibit J at Page 38, Lines 21 – 24.

Case ID: 170300712
Control No.: 19120523

A.   No.

Q.   Actually, did you say anything whatsoever to him?

A.   No.

Q.   And you didn't ask him for help then?

A.   No.

Q.   And just to be real clear then, except for that, you had no other contact with any kind of security guard there at all; is that right?

A.   Yes.

Exhibit B, Deposition Transcript of Plaintiff M.B. at Page 316, Line 17 – Page 317, Line 6. By her own testimony, Plaintiff ignored the security guard. *Id.* at Page 315, Lines 3 – 8; Page 316, Line 17 – Page 318, Line 1.

As courts have consistently recognized, a tenant may only rely on the security program within reasonable expectations and may not anticipate more protection than was originally offered. *See Feld,* 485 A.2d at 747; *Kerns,* 574 A.2d at 1076. As explained in *Kerns* and *Feld*:

> If, for instance, one guard is offered, he cannot expect the same quality and type of protection that two guards would have provided, nor may he expect the benefits that a different program might have provided. He can only expect the benefits reasonably expected of the program as offered and that that program will be conducted with reasonable care.

*Kerns,* 574 A.2d at 1077 (quoting *Feld*, 485 A.2d at 747).

The same reasoning applies to the instant case. Plaintiff cannot demonstrate any negligence on the part of Alpha with regard to performing the security services selected and implemented by the Roosevelt. In fact, she can point to no action or inaction on the part of Alpha that contributed to or caused her alleged damages. Alpha was under contract to provide one security guard, for eight hours, two to three nights per week, and nothing more.

21

Case ID: 170300712
Control No.: 19120523

The record is devoid of any evidence that establishes that Alpha was negligent in the performance of the program of security actually offered. Alpha had no ability to provide security outside of its obligations as defined by the Roosevelt Inn. It follows, therefore, that Alpha had no duty, nor the ability, to protect Plaintiff from the criminal acts of third parties that allegedly occurred behind closed doors and summary judgment should be entered in its favor. *See Kerns*, 574 A.2d at 1078 (directing that summary judgment on behalf of a security company must be entered where there is no evidence in the record to establish a material fact as to any alleged negligence by the security company with regard to the program of security actually offered).

### C. ALPHA IS NOT LIABLE TO PLAINTIFF BECAUSE PLAINTIFF CANNOT ESTABLISH THAT ANY ALLEGED ACTION OR INACTION BY ALPHA CAUSED HER ALLEGED DAMAGES.

In order to establish a cause of action for negligent security against a security company, a plaintiff must establish evidence demonstrating that an alleged breach by the security company was a cause in fact of the plaintiff's harm. *See Whitner v. Lojeski*, 263 A.2d 889, 893 (Pa. 1970) (finding that a defendant's breach is a cause in fact if "but for such negligence the injury would not have happened")(citation omitted). Here, Plaintiff cannot do so due to the limited nature of Alpha's role at the Roosevelt Inn.

Even if Plaintiff's allegation that Alpha failed to protect her from criminal activity is accepted, Plaintiff cannot establish that such alleged negligence was the actual cause of her alleged harm, *i.e.* her trafficking. If Plaintiff's testimony regarding her interaction with Alpha is accepted, for the purposes of this Motion, then, at most, Plaintiff saw a security guard on just one occasion. This limited interaction cannot establish causation. Plaintiff's alleged damages were caused by her traffickers, *not* Alpha. *See, e.g. Mannix v. Commonwealth Sec. Sys.*, 43 Pa. D. & C. 587 (Lanc. Cty. 1986) (rejecting the plaintiff's theory of negligence against a security alarm

22

Case ID: 170300712
Control No.: 19120523

supplier, reasoning that "[w]hile [the defendant security company] may have been negligent in performance of its contractual duties or in breach thereof, such negligence did not cause the loss. The burglar(s) caused the loss.").

In fact, Alpha security guards were not permitted to do more than patrol the hallways of the Roosevelt Inn; they were not permitted to enter individual rooms, and they were not permitted to approach guests. *See* Exhibit G.3, Deposition Transcript of Yagna Patel, 9/5/19 at Page 385, Line 6 – Page 386, Line 23. As Mr. Patel testified, Alpha security guards were "not [to] get involved with hotel business." *Id.* at Page 378, Line 23. In particular, Alpha security guards were not even permitted to monitor footage from security cameras on the hotel premises:

> Q.   Did the security officers look at the monitors for the cameras around the hotel?
>
> A.   No. They don't have access.
>
> Q.   Was it part of their job responsibility to look at the monitors?
>
> A.   Part of security?
>
> Q.   Yes.
>
> A.   Not the part of it, no. Because the camera is, the monitor is at the front desk. And when they handled the cash, they always keep the door locked. So the security guard cannot come in.

Exhibit G.1, Deposition Transcript of Yagna Patel, 7/19/18 at Page 91, Lines 13 – 23. Nor were security guards permitted to bar access to the hotel premises:

> Q.   I'm trying to understand. Is this correct or not, that security officers were not allowed to question hotel patrons on their comings and goings unless directed by the hotel staff? Is that correct?
>
> A.   Yes.

Case ID: 170300712
Control No.: 19120523

*Id.* at Page 200, Lines 5 – 10.

Clearly, Alpha guards at the Roosevelt Inn had a limited job scope. They had limited interactions with guests; they could not monitor security footage; they had no authority to deny access to the hotel; and they could not enter individual hotel rooms. Significantly, there is absolutely no evidence that Alpha was involved with trafficking or any type of criminal activity. Indeed, when asked about the role of Alpha at the Roosevelt Inn, Yagna Patel testified to their limited role as follows:

> Q. Any of them from Alpha-Centurion. In other words, what were the guards supposed to do? Tell us that.
>
> A. The security guard supposed to walk around in the building, if anybody get like out of hand at the front desk, should come down and say, Listen, this has to stop, this person doesn't want you, please leave. That's the main thing. Or having a party in the room, if they find out, or any break, if we want to kick them out, they should help us to kick them out or call the cop. That kind of things.

Exhibit G.1, Deposition Transcript of Yagna Patel, 7/19/18 at Page 193, Lines 2 – 13.

> Q. Was the security guard required to walk around the hotel at all times?
>
> A. Yes, sir.
>
> Q. And to look in different rooms, check different areas; not the guest rooms, but I mean, for example, the bar or back corridors or hallways?
>
> A. Yes, sir.
>
> Q. Check the parking lot?
>
> A. Yes, sir.

*Id.* at Page 66, Line 23 – Page 67, Line 6

Case ID: 170300712
Control No.: 19120523

Moreover, the idea that Plaintiff would not have been trafficked but for the actions of Alpha is unbelievable, especially where Plaintiff herself admits to having been trafficked at *three other locations*. Indeed, Plaintiff testified that she performed commercial sex acts at three separate residences – 1718 Bridge Street, Comly Street, and Parrish Street:

> Q. Okay. And so you said earlier that you engaged in commercial sex acts at a house located on Bridge Street?
>
> A. Yes.
>
> Q. That was your mother's house, right?
>
> A. Yes.

Exhibit B, Deposition Deposition Transcript of Plaintiff M.B. at Page 102, Lines 14 – 16.

> Q. Okay. And how many dates with johns did you have at the Comly Street house?
>
> A. We had a lot of dates. Approximately around like 20 dates.
>
> Q. That was your mother's house, right?
>
> A. Yes.

*Id.* at Page 140, Lines 20 – 24.

> Q. Okay. So you also had commercial sex on Parrish Street, correct?
>
> A. Yes. That was [Daiquan Davis's] mother's house.

*Id.* at Page 136, Line 22 – Page 137, Line 2. Alpha was obviously not employed at any of these other locations, and yet Plaintiff was, per her own testimony, trafficked at each of them. Alpha undoubtedly was not a cause in fact of Plaintiff being trafficked.

Thus, even if the Court accepts Plaintiff's allegations that Alpha failed to protect Plaintiff from criminal activities at the Roosevelt Inn, such a failure was not the cause of the subject harm

Case ID: 170300712
Control No.: 19120523

because Plaintiff was trafficked irrespective of Alpha. Plaintiff's traffickers alone are the cause in fact of her alleged injuries.

Finally, as previously set forth in detail, Plaintiff testified that she had just one interaction with a man she *believed* to be a security guard. Exhibit B, Deposition Transcript of Plaintiff M.B. at Page 316, Line 17 – Page 317, Line 6. Even accepting her belief as fact for the purposes of the instant Motion, her claims against Alpha nevertheless fail in light of the complete absence of any evidence whatsoever that Alpha knew or should have known that she was in danger. Plaintiff readily acknowledged that she encountered this individual in a stairwell by herself and did not ask him for help or in any way alert him to the fact that was there against her will. By her own testimony, she ignored him. After the alleged security guard told Plaintiff to put some clothes on she in no way responded:

> Q. Did you do what he said?
>
> A. No.
>
> Q. Did you say anything back to him?
>
> A. *No. I didn't know who he was, so I didn't say anything to him.*
>
> \*\*\*\*\*
>
> Q. Did you tell him what you were doing there at all?
>
> A. No.
>
> Q. Actually, did you say anything whatsoever to him?
>
> A. No.
>
> Q. *And you didn't ask him for help then?*
>
> A. *No.*

26

Case ID: 170300712
Control No.: 19120523

Exhibit B, Deposition Transcript of Plaintiff M.B. at Page 315, Lines 3 – 8; Page 316, Line 17 – Page 318, Line 1. Emphasis added.

Absolutely no action or inaction by Alpha caused or facilitated Plaintiff's alleged trafficking in any way. Because there is not one shred of evidence in this case to establish any causal connection between any act on the part of Alpha and the alleged harm, Plaintiff cannot establish a claim for negligence against Alpha.

## VII.   RELIEF SOUGHT

It is therefore respectfully submitted that summary judgment should be entered in favor of Defendant, Alpha-Centurion Security, Inc., as a matter of law, thereby dismissing all claims and cross-claims against Alpha-Centurion Security, Inc. with prejudice.

<div align="right">

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

</div>

Dated:   _____December 3, 2019_____

Case ID: 170300712
Control No.: 19120523

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Motion for Summary Judgment of Defendant, Alpha-Centurion Security, Inc., was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Daniel E. Oberdick, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: _____December 3, 2019_____

LEGAL/126474330.v1

Case ID: 170300712
Control No.: 19120523

# EXHIBIT "A"

Case ID: 170300712
Control No.: 19120523

**KLINE & SPECTER, P.C.**
BY: THOMAS R. KLINE, ESQUIRE/28895
NADEEM A. BEZAR, ESQUIRE/63577
EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff



Filed and Attested by the
Office of Judicial Records
08 NOV 2019 10:20 am
S. RICE

| | | |
|---|---|---|
| M.B.<br>c/o Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102<br><br>               Plaintiff, | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>CIVIL TRIAL DIVISION<br>MARCH TERM, 2017<br>NO.: 00712 |

M.B.
c/o Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102
            Plaintiff,    :

    V.    :

ROOSEVELT INN LLC    :
*d/b/a ROOSEVELT INN and*
*ROOSEVELT INN CAFE*    :
7630 Roosevelt Boulevard
Philadelphia, PA 19152    :

    and    :

ROOSEVELT MOTOR INN, INC.    :
*d/b/a ROOSEVELT MOTOR INN*
7630 Roosevelt Boulevard    :
Philadelphia, PA 19152    :

    and    :

UFVS MANAGEMENT COMPANY, LLC    :
287 Bowman Avenue
Purchase, NY 10577    :

    and    :

YAGNA PATEL    :
7630 Roosevelt Boulevard
Philadelphia, PA 19152    :

    and    :

ALPHA-CENTURION SECURITY, INC.    :
3720 West Chester Pike
Newtown Square, PA 19073    :

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

CIVIL TRIAL DIVISION
MARCH TERM, 2017
NO.: 00712

JURY TRIAL DEMANDED

Case ID: 170300712

Case ID: 170300712
Control No.: 19120523

Defendants                    :

---

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**
**TTY(215) 451-6197**

### AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA 19107**
**Telefono: (215) 238-6333**
**TTY(215) 451-6197**

Case ID: 170300712

Case ID: 170300712
Control No.: 19120523

**KLINE & SPECTER, P.C.**                Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
           NADEEM A. BEZAR, ESQUIRE/63577
           EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.:00712 |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |

Case ID: 170300712

Case ID: 170300712
Control No.: 19120523

Defendants                :

## PLAINTIFF'S FOURTH AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally.  It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.      Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center.  Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3.      In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

### THE PARTIES

4.      Plaintiff, M.B., was born on September 3, 1999 and is one of the thousands of victims of human trafficking in the United States.  In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.  Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5.      Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she was fourteen (14) years old. See also Public Access Policy of the Unified Judicial System of

Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6.  Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware. At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.  Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.  Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.  Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152. Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.  Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.  Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a

contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12.     Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

13.     Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County.  Venue is also proper in this case because Pennsylvania's human trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to bring suit in the county in which the victim resides.  Plaintiff M.B. resides in Philadelphia County.  Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

14.     At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

15.     At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents,

servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

16. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

17. At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

18. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

19. At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

**OPERATIVE FACTS**

20. Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees. Hotels and motels are a convenient place for

customers to purchase sex to avoid detection. Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

21.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn. From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

22.     While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

23.     Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

24.     Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

25.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

26. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

27. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

28. Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

29. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, had a duty ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

30. Defendant Alpha-Centurion Security, Inc., had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

31. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

32.     Defendant Alpha-Centurion Security, Inc., assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

33.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

34.     Defendant Alpha-Centurion Security, Inc., had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

35.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

36.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

37.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that criminal activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

38.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or should have known that criminal

activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

39.     Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

40.     The advertisements included a fake name for Plaintiff and a phone number to call.

41.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

42.     Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

43.     The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

44.     Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

45.     Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

46.     Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

47.     Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

48.     Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.

49.     Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

50. Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

51. Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

52. Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

53. Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

54. Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

55. Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

56. Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

57. Despite the open and obvious signs of criminal activity and human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

58. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and negligently failed to prevent Plaintiff from being sexually exploited.

59. Despite the open and obvious signs of human trafficking, Defendants Roosevelt

Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff from criminal conduct.

60. Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

61. Defendant Alpha-Centurion Security, Inc. negligently failed to prevent Plaintiff from being sexually exploited.

62. Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc. failed to protect Plaintiff from criminal conduct.

63. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

64. By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

65. The negligence of Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

66. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

67. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

68. The averments of Paragraphs 1 through 67 are incorporated herein by reference.

69. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

70. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third

parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

71.     Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

72.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

73.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

74.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent

agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies,

Case ID: 170300712
Control No.: 19120523

procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity;
r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises;

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

y. Failing to exercise care, caution and diligence required under the circumstances.

75. As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer

physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

76.     As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff to ensure her safety and well-being and protect her from criminal acts.

77.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

<u>**COUNT II – NEGLIGENCE**</u>

<u>**M.B. v. ALPHA-CENTURION SECURITY, INC.**</u>

78.     The averments of paragraphs 1 through 77 are incorporated herein by reference.

79.     Defendant Alpha-Centurion Security, Inc. had a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

80.     Defendant Alpha-Centurion Security, Inc should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

81.    Defendant Alpha-Centurion Security, Inc. had a duty to take precautions against reasonably anticipated criminal conduct by third parties so as not to endanger the welfare and well-being of Plaintiff. Moreover, the Defendant Alpha-Centurion Security, Inc a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

82.    Defendant Alpha-Centurion Security, Inc. breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

83.    Defendant Alpha-Centurion Security, Inc. should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

84.    Defendant Alpha-Centurion Security, Inc. failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence Alpha-Centurion Security, Inc. consisted of the following:

   a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

Case ID: 170300712

Case ID: 170300712
Control No.: 19120523

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity detected on video surveillance;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

85. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

86. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty to ensure Plaintiff's safety and well-being and protect her from criminal acts..

87. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

88. The averments of paragraphs 1 through 87 are incorporated herein by reference.

89. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

90. Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

91.     The averments of paragraphs 1 through 90 are incorporated herein by reference.

92.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its

actual or apparent agents, servants and employees, negligently committed the acts averred in this

Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression,

humiliation, mental anguish and severe physical and emotional distress, directly and proximately

causing harm and damages to the Plaintiff.

93.     Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless

disregard for the health and welfare of the Plaintiff warranting the imposition of punitive

damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant

Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of

Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for

pre-judgment delay.

**KLINE & SPECTER, P.C.**

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

Dated:_____

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that service of a true and correct copy of the ***Plaintiff's Fourth Amended Complaint*** was filed with the Court on _____ and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

<u>Via Certified and Regular Mail to:</u>

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

KLINE & SPECTER, P.C.

Dated:                            By: _____
NADEEM A. BEZAR, ESQUIRE
Attorney for Plaintiff

**VERIFICATION**

I, M.B., hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Fourth Amended Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

                                                                _____
                                                                 M.B.

Case ID: 170300712
Control No.: 19120523

# EXHIBIT "B"

Case ID: 170300712
Control No.: 19120523

IN THE COURT OF COMMON PLEAS

PHILADELPHIA COUNTY, PENNSYLVANIA

MARCH TERM, 2017 - NO. 00712

- - -

M.B., minor by her Guardian,  :
William A. Calandra, Esquire
                                :
     Plaintiff,
                                :
 - vs -
                                :
ROOSEVELT INN, LLC, d/b/a
ROOSEVELT INN and ROOSEVELT  :
INN CAFE, et al.,
                                :
     Defendants.


- - -

DEPOSITION UPON ORAL EXAMINATION OF
M.B.
Philadelphia, Pennsylvania
July 10, 2018
- - -
REPORTED BY:  EDWARD J. RUGGERI, RPR, CCR
- - -

MAGNA LEGAL SERVICES
(866) 624-6221
www.MagnaLS.com



Case ID: 170300712
Control No.: 19120523

Oral Deposition of M.B.,

taken pursuant to notice, was held at

BLANK ROME, LLP, One Logan Square, 130

North 18th Street, Philadelphia,

Pennsylvania, commencing at 9:15 a.m. on

the above date, before Edward J. Ruggeri,

Registered Professional Reporter,

Certified Court Reporter and Notary

Public.

- - -



Case ID: 170300712
Control No.: 19120523

```
 1    A P P E A R A N C E S:
 2
 3
 4    KLINE & SPECTER, P.C.
      BY:  NADEEM A. BEZAR, ESQUIRE
 5         EMILY B. MARKS, ESQUIRE
      1525 Locust Street
 6    Philadelphia, PA 19102
      215.772.0522
 7    nadeem.bezar@klinespecter.com
      emily.marks@klinespecter.com
 8         Counsel for the Plaintiff
 9
      BLANK ROME, LLP
10    BY:  GRANT S. PALMER, ESQUIRE
      One Logan Square
11    130 North 18th Street
      Philadelphia, PA 19103
12    215.569.5500
      palmer@blankrome.com
13         Counsel for the Defendants,
           Roosevelt Inn, LLC, d/b/a Roosevelt
14         Inn and Roosevelt Inn Cafe, Roosevelt
           Motor Inn, Inc., d/b/a Roosevelt Motor
15         Inn, UFVS Management Company, LLC, and
           Yagna Patel
16
17    MARSHALL, DENNEHEY, WARNER, COLEMAN &
      GOGGIN
18    BY:  THOMAS P. WAGNER, ESQUIRE
           MELANIE J. FOREMAN, ESQUIRE
19    2000 Market Street
      Suite 2300
20    Philadelphia, PA 19103
      215.575.4562
21    tpwagner@mdwcg.com
      mjforeman@mdwcg.com
22         Counsel for the Add'l Defendant
23    A L S O  P R E S E N T:
      Kelly Beason
```



Case ID: 170300712
Control No.: 19120523

1        Q.      Okay.

2                So did you have a cell phone

3    when you were at the Roosevelt that

4    belonged to you?

5        A.      No.

6        Q.      Okay.

7                So did you have a cell phone

8    that you used at the Roosevelt that

9    belonged to your pimps?

10       A.      Yes.

11       Q.      Are you okay with me using the

12   word "pimps"?

13       A.      Yes.

14       Q.      Okay.

15               And my understanding is that

16   you had two pimps; is that correct?

17       A.      Yes.

18       Q.      Can you tell me their names?

19       A.      Abdul Lopez and Daiquan Davis.

20       Q.      Okay.

21               So when you filed your

22   Complaint in this matter, you referenced

23   Daiquan Davis and an individual named

24   Abdul, correct?



Case ID: 170300712
Control No.: 19120523

```
 1        for a moment.
 2                Okay.  Go ahead.  You can
 3        answer.
 4                THE WITNESS:  Well, I was
 5        mainly locked in a room 24/7.  The
 6        only time I had access to leave out
 7        the room was to go get the johns from
 8        the side entrance.
 9   BY MR. PALMER:
10        Q.    Okay.
11              Did you ever see Paul Branham
12   at the Roosevelt?
13        A.    No.
14        Q.    In the course of an ordinary
15   day of commercial sex at the Roosevelt
16   Inn, how many times would you leave the
17   room to go to the side entrance to let the
18   johns in?
19        A.    A lot.
20        Q.    Can you give me any more
21   specific than a lot?
22        A.    Every day.
23        Q.    No.  I'm asking how many times
24   in a day.
```



Case ID: 170300712
Control No.: 19120523

```
 1      A.     Gosh, maybe ten.

 2      Q.     Okay.

 3             Outside of the commercial sex

 4  acts that you were forced to do by Daiquan

 5  Davis and Abdul Lopez, have you ever been

 6  paid for sex on any other occasions?

 7      A.     No.

 8      Q.     Were you ever physically

 9  injured or hurt by anyone who you were

10  providing sex to for money?

11      A.     You're talking about the johns?

12      Q.     Yes.

13      A.     No.

14      Q.     When is the first time you

15  engaged in commercial sex for money?

16      A.     I was at 1718 Bridge.

17             MR. BEZAR:  If you need to take

18      a break, let's take it.

19             THE WITNESS:  Yeah.  I'm sorry.

20             MR. PALMER:  No problem.

21                  - - -

22             (At this time, a short break

23      was taken.)

24                  - - -
```



Case ID: 170300712
Control No.: 19120523

```
 1      A.    Yes.

 2      Q.    Okay.

 3            And one other instruction is

 4    you need to wait until I finish the

 5    question to answer.

 6      A.    Sorry.

 7      Q.    It's easier on him.

 8      A.    Okay.

 9      Q.    And sitting here today, do you

10    believe that that answer is true and

11    correct?

12      A.    Yes.

13      Q.    Okay.

14            How do you remember June 6,

15    2014?  Why did you verify that specific

16    date?

17      A.    That was the date that I turned

18    myself in to DHS.

19      Q.    Okay.

20            And we have records that show

21    that's the date you turned yourself in to

22    DHS, right?

23      A.    Yes.

24      Q.    And after you turned yourself
```



Case ID: 170300712
Control No.: 19120523

1    she wasn't around.

2         Q.    Was Daiquan pimping you at the

3    time?

4         A.    Yes.

5         Q.    Okay.

6               And do I understand correctly

7    -- you don't recall where your first

8    commercial sex act took place; is that

9    right?

10        A.    Yes, yes.

11        Q.    Yes, you do not recall?

12        A.    I don't, yes.  I don't know.

13        Q.    Okay.

14              So it could have been Bridge

15   Street?  It could have been Roosevelt?

16        A.    Yes.

17        Q.    Is there anywhere else it could

18   have been?

19        A.    The only place is 1718 Bridge

20   Street, the Roosevelt Inn, and Comly

21   Street.

22        Q.    Okay.

23              So you also had commercial sex

24   on Parrish Street, correct?



Case ID: 170300712
Control No.: 19120523

```
 1        A.      Yes.  That was his mother's
 2   house.
 3        Q.      That was whose mother?
 4        A.      Daiquan's mother's house.
 5        Q.      Okay.
 6                How many times did you have sex
 7   there for money?
 8        A.      Once.
 9        Q.      Okay.
10                And why was that only one time?
11        A.      His mom lived there.  So...
12        Q.      Okay.
13                So when you say one time, does
14   that mean one day with multiple dates or
15   one time --
16        A.      No.
17        Q.      -- with one customer?
18        A.      Just one time with one
19   customer.  That was it.
20        Q.      Okay.
21                So over what period of time did
22   you have dates with johns at the Comly
23   Street house?
24        A.      I believe we got evicted.  I
```



Case ID: 170300712
Control No.: 19120523

1    maybe two months.

2         Q.    Okay.

3         A.    Well, it felt like two months

4    but it could have been maybe a couple

5    weeks.  I'm not sure.  I know we weren't

6    there for long.

7         Q.    Okay.

8               When you say you were there for

9    a couple weeks or a couple months, is that

10   -- were you living there?

11        A.    Yeah, basically.  Because we

12   were sleeping there, showering there, so

13   yeah.

14        Q.    Who's we?

15        A.    Me and Daiquan.

16        Q.    Okay.

17              Daiquan and you were both

18   staying there?

19        A.    Yeah.

20        Q.    Okay.

21              And how many dates with johns

22   did you have at the Comly Street house?

23        A.    We had a lot of dates.

24   Approximately around like 20 dates.



Case ID: 170300712
Control No.: 19120523

1    transportation.  We would take cars, but

2    Abdul would set us up with somebody that

3    he knew had a car.

4         Q.    Do you know who it was?

5         A.    No.  All I know is that he was

6    just fat.  He was African-American and I

7    believe he was from the Frankford area.

8         Q.    Okay.

9               Did you see security guards at

10   the Roosevelt Inn?

11        A.    Yes.

12        Q.    How often did you see security

13   guards?

14        A.    The whole time I was there I

15   only seen one security guard, and that was

16   -- I only seen him once and that was it.

17        Q.    Okay.

18              Did you talk to him?

19        A.    Yes.  We had an interaction

20   where he told me that I had to put clothes

21   on, but I never put the clothes on and I

22   was just continuing to walk around and he

23   never said anything after that.

24        Q.    What were you wearing at the



Case ID: 170300712
Control No.: 19120523

1    I'm also an attorney in this case.  I have

2    a couple of questions for you.  Just a few

3    questions.  I'm going to be very brief,

4    actually, because I think Mr. Palmer was

5    very thorough in his questions of you and

6    I'm not going to ask all the same

7    questions all over again, but I do have a

8    couple of follow-up questions to ask you.

9             You have clearly testified here

10   that during the entire time you were at

11   the Roosevelt Inn from beginning to end

12   you saw a security guard only once; is

13   that correct?

14        A.    Yes.

15        Q.    That's what you testified to

16   and that is, in fact, the truth?

17        A.    Yes.

18        Q.    You also described that guard

19   as a short African-American man; am I

20   right?

21        A.    Yes.

22        Q.    I want to know a little more

23   about his description.

24             What was he wearing?



Case ID: 170300712
Control No.: 19120523

```
 1        A.      It was like black pants and I
 2    believe a black jacket.
 3        Q.      Do you think it was a uniform
 4    or was it plain clothing?
 5        A.      Uniform.
 6        Q.      Did the uniform have any kind
 7    of writing on it anywhere?
 8        A.      On his jacket.  There was a --
 9    like a writing on his jacket.
10        Q.      Kind of a logo on his jacket?
11        A.      Yeah, a logo.
12        Q.      What did it say?
13        A.      I can't remember.  I'm not
14    sure.
15        Q.      Was there ever a time when you
16    knew or did you really not notice what it
17    said?
18        A.      No.  I didn't know what it
19    said.
20        Q.      Okay.
21                Was this man armed as far as
22    you know?
23        A.      No, I don't know.
24        Q.      You don't know one way or the
```



Case ID: 170300712
Control No.: 19120523

1  other?

2      A.    Yeah.  I don't know.

3      Q.    So he might have had a weapon

4  on him that was concealed that you

5  couldn't see?

6      A.    Right, yes.

7      Q.    And on the other hand, he might

8  not have had a weapon?

9      A.    Right, yes.

10     Q.    How about any kind of

11 restraints?  Did you see -- did he have

12 handcuffs with him or anything like that?

13     A.    No.

14     Q.    Was he wearing eyeglasses?

15     A.    No.  I don't think so.

16     Q.    No, he was not?

17     A.    No.

18     Q.    Or, no, you don't remember?

19     A.    I don't remember.

20     Q.    All right.

21           I want to know as clearly as

22 possible where you were and where he was

23 when you saw him and encountered him.

24     A.    I was coming out of my room and



Case ID: 170300712
Control No.: 19120523

1    I was going down the hallway, and then he

2    was by the side door, up steps -- excuse

3    me -- up the steps on the staircase just

4    standing there.

5         Q.    So he was on the staircase?

6         A.    Yes.

7         Q.    He was clearly not inside a

8    hotel room; is that correct?

9         A.    Right, yes.

10        Q.    What I just said is correct?

11        A.    Yes.

12        Q.    All right.

13              And then he said something to

14   you, you said, right?

15        A.    Yes.

16        Q.    Tell us again, what did he say

17   to you?

18        A.    "Can you put some clothes on?"

19        Q.    Say it again.

20        A.    Can I put some clothes on.

21        Q.    Okay.

22              And I think you told us you

23   were only wearing lingerie --

24        A.    Lingerie, yes.



Case ID: 170300712
Control No.: 19120523

1      Q.      -- at the time, right?

2      A.      Yes.

3      Q.      Did you do what he said?

4      A.      No.

5      Q.      Did you say anything back to

6   him?

7      A.      No.  I didn't know who he was,

8   so I didn't say anything to him.

9      Q.      Did he have any kind of a radio

10  that you saw?

11     A.      No.

12     Q.      Or any means at all of

13  communicating with anybody else?

14     A.      No.

15     Q.      Do you know his name?

16     A.      No.

17     Q.      Did you see anyone pay him

18  anything?

19     A.      No.

20     Q.      Did you pay him anything?

21     A.      No.

22     Q.      Did he offer to pay you

23  anything?

24     A.      No.


Case ID: 170300712
Control No.: 19120523

1     Q.   Did he have any way to know

2  what you were doing there or why you were

3  there?

4         MR. BEZAR:  Objection to the

5    form.

6  BY MR. WAGNER:

7     Q.   Do you have any knowledge of

8  that one way or the other?

9     A.   Well, I did have lingerie on,

10  so I would think that he would know what

11  I'm -- you know, what I'm doing.

12     Q.   Okay.

13         Except for that, do you have

14  any other knowledge of what he knew about

15  you?

16     A.   No.

17     Q.   Did you tell him what you were

18  doing there at all?

19     A.   No.

20     Q.   Actually, did you say anything

21  whatsoever to him?

22     A.   No.

23     Q.   And you didn't ask him for help

24  then?



Case ID: 170300712
Control No.: 19120523

```
 1      A.    No.
 2      Q.    And just to be real clear then,
 3  except for that, you had no other contact
 4  with any kind of security guard there at
 5  all; is that right?
 6      A.    Yes.
 7      Q.    Even if you didn't have contact
 8  with another security guard, did you see a
 9  security guard on any other occasion?
10      A.    No.
11      Q.    And I think you've told us most
12  of your time at the Roosevelt Inn was
13  spent inside the room?
14      A.    Yes.
15           MR. WAGNER:  "M," I have no
16      other questions for you.  Thank you
17      for answering my questions so
18      patiently.
19           THE WITNESS:  Thank you.
20           MR. PALMER:  Just two more
21      questions.
22              - - -
23  BY MR. PALMER:
24      Q.    With regard to the individual
```



1   that you referenced as Abdul from the

2   Roosevelt who came to the room four or

3   five times, was he wearing eyeglasses?

4        A.    I don't remember.

5        Q.    And why was your father

6   incarcerated?

7        A.    Well, my father was selling

8   heroin out of the house and we got broken

9   into, and the guys that came in the house

10  had a gun and my dad had a firearm

11  upstairs.  And my dad ran downstairs and

12  starting shooting at them, and then my dad

13  got off the porch and ran around a corner

14  and was just shooting at the people that

15  tried to rob us.

16       Q.    This is in Hazleton?

17       A.    Yes.

18       Q.    How long was your father

19  selling heroin out of the house?

20       A.    I'm not sure.

21       Q.    Did your father sell any other

22  drugs out of the house?

23       A.    No.

24            MR. PALMER:  I have no other



# EXHIBIT "C"

Case ID: 170300712
Control No.: 19120523

City of Philadelphia Law Department
By:
    Theresa M. Italiano
    Attorney ID# 62162
    One Parkway Building – 16th Floor
    1515 Arch Street
    Philadelphia, PA 19102-1595

Counsel for the Philadelphia Department of Human Services

2014 MAY -2 PM 2: 27

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FAMILY COURT DIVISION
## JUVENILE BRANCH

In re: M    B        :        FID#
                              :        Docket# CP-51-DP-
                              :        NCD 6/24/2014 E Court

### ORDER

AND NOW, this _2nd_ day of May, 2014, based on the information provided, the Court hereby ORDERS and DECREES the following:

WHEREAS, on September 6, 2013, an adjudicatory hearing was held regarding M    B     at which time she was adjudicated dependent and DHS was to supervise; and,

WHEAREAS, M     was subsequently placed in a Foster Home through APM; and

WHEREAS, on April 2, 2014, went AWOL from the Foster Home; and;

WHEREFORE, the Child Advocate has been notified; therefore,

IT IS HEREBY ORDERED AND DECREED that the commitment to DHS is discharged retroactive to April 2, 2014 and the petition is to remain open.

BY THE COURT:

Case ID: 070900712
Control No.: 19120523

DHS-0040

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing notice has been served upon the following parties, as set forth below.

Joseph Q. Mirarchi, Esquire
1822 S. Broad Street, 1st floor
Philadelphia, PA 19148

Jennifer Santiago, Esquire
Land Title Building
100 S. Broad Street, Suite 1331
Philadelphia, PA 19110

Date: 5/1/14

Theresa M. Italiano, Esquire
Assistant City Solicitor
Attorney ID # 62162
Attorney for Philadelphia DHS

DHS-0041

Case ID: 170300712
Control No.: 19120523

# EXHIBIT "D"

Case ID: 170300712
Control No.: 19120523

# DECLARATION OF DAIQUAN DAVIS

I, Daiquan Davis, declare as follows:

1.      My name is Daiquan Davis. My date of birth is September 15, 1993. I am currently incarcerated at FCI Berlin. My inmate number is 72304-066.

2.      In the first half of 2014, I worked out of a house located on Comly Street in Philadelphia, which was owned by Paul Branham.

3.      I helped M    B    prepare advertisements for sex on backpage.com and she engaged in sex with the men who responded at the Comly Street house.

4.      I never worked with M    B    in prostitution at the Roosevelt Inn.

5.      I have no personal knowledge or information that M   B    ever engaged in prostitution at the Roosevelt Inn.

6.      I have no personal knowledge or information that M   B    ever engaged in prostitution at any location other than the Comly Street house.

7.      I was unaware M   B    was a minor until her father told me her age. From that point forward, I never worked with M     again in prostitution.

8.      I rented rooms at the Roosevelt Inn after my 21st birthday on September 15, 2014 on a handful of occasions.

9.      I never rented a room at the Roosevelt Inn before my 21st birthday because the Roosevelt would not rent to anyone unless they are 21.

10.     When I stayed at the Roosevelt Inn for prostitution, I kept a low profile and made sure that the females that I worked with also kept a low profile because the Roosevelt Inn management was strict and patrolled the hotel.

Case ID: 170300712
Control No.: 19120523

11. The Roosevelt Inn had a private security guard who was stationed in the lobby and who made rounds in the hotel to insure hotel guests were not breaking rules.

12. I kept a low profile at the Roosevelt Inn to prevent hotel employees from knowing that I was involved in prostitution.

13. If I was not in the room I rented at the Roosevelt Inn, I was constantly moving between stairways and the vending machines to avoid detection by hotel management and the security guard.

14. I did not permit the girls I worked with to allow Johns to hang out in the hallways outside rooms I rented at the Roosevelt Inn because I did not want hotel management or its security guards to know what we were doing in the rooms.

15. I have provided this statement voluntarily and of my own free will.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: 2-5-18

Daiquan Davis

2

Case ID: 170300712
Control No.: 19120523

# EXHIBIT "E"

Case ID: 170300712
Control No.: 19120523

1                  IN THE COURT OF COMMON PLEAS

2                 PHILADELPHIA COUNTY, PENNSYLVANIA

3   M.B., minor by her guardian,      )
    William A. Calandra, Esquire,     )   MARCH TERM, 2017
4                                     )
                Plaintiff,            )
5                                     )   Case No. 00712
         vs.                          )
6                                     )   JURY TRIAL
    ROOSEVELT INN LLC d/b/a           )
7   ROOSEVELT INN and ROOSEVELT INN   )
    CAFE, et al,                      )
8                                     )
                Defendants.           )
9   _____   )

10

11                  VIDEOTAPE DEPOSITION OF

12                    ABDUL RAHIM LOPEZ

13

14                 Tuesday, February 19, 2019

15                 10:29 a.m. to 3:27 p.m.

16

17         Pages 1 through 248, inclusive, Volume I

18                          Held At

19          United States Penitentiary Tucson
                  9300 South Wilmot Road
20                    Tucson, Arizona

21

22
    Reported by:   Carol A. McCue, RMR, CLR
23                 Arizona CR No. 50789
                   Representing Golkow Litigation Services
24

25

Case ID: 170300712
Control No.: 19120523

```
 1                     APPEARANCES

 2      For Plaintiff:
                 NADEEM A. BEZAR, ESQ.
 3               KLINE & SPECTER, P.C.
                 1525 Locust Street, 19th Floor
 4               Philadelphia, Pennsylvania 19102
                 Telephone:  215-772-1359
 5               Email:  Nadeem.Bezar@klinespecter.com

 6      For Defendants Roosevelt Inn and Patel:
                 JAMES J. QUINLAN, ESQ.
 7               BLANK ROME
                 One Logan Square
 8               130 North 18th Street
                 Philadelphia, Pennsylvania 19103
 9               Telephone:  215-569-5430
                 Email:  quinlan@blankrome.com
10
        For Defendant Alpha Centurion Security, Inc.:
11               THOMAS P. WAGNER, ESQ.
                 MARSHALL DENNEHY WARNER COLEMAN & GOGGIN
12               2000 Market Street, Suite 2300
                 Philadelphia, Pennsylvania 19103
13               Telephone:  215-375-4562
                 Email:  tpwagner@mdwcg.com
14
        Also Present:
15               Penitentiary Security Guard
                 CODY WARREN, Videographer
16
        Witness:
17               ABDUL RAHIM LOPEZ
                 February 19, 2019
18
        Reported By:
19               CAROL A. McCUE, RMR, CLR
                 Arizona CR No. 50789
20               Representing Golkow Litigation Services

21

22

23

24

25
```

Case ID: 170300712
Control No.: 19120523

1

2

3          BE IT KNOWN that the deposition of

4   ABDUL RAHIM LOPEZ was taken this date,

5   February 19, 2019, from the hour of 10:29 a.m. to

6   3:27 p.m., in the foregoing action, at United States

7   Penitentiary Tucson, 9300 South Wilmot Road, Tucson,

8   Arizona, before Carol A. McCue, Registered

9   Professional Reporter, Registered Merit Reporter, and

10  Arizona Certified Reporter, No. 50789, within and for

11  the State of Arizona.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case ID: 170300712
Control No.: 19120523

1    Roosevelt?

2         A.   Weed.  Everybody smoked weed.  Yeah.

3         Q.   Do you know if M       worked for another

4    pimp while she was at the Roosevelt?

5         A.   I don't know.  With me, no, she ain't --

6    with me, I didn't see her -- I never seen her.  Man,

7    I'm trying to tell you she was only there for

8    seven days.  What can a person do in seven days?

9              The first two days she was there to sees

10   how it goes.  The other five, she was -- I told you,

11   nobody wanted her.  They was, like, no, she was too

12   ugly, so nobody wanted to have sex with her, so...

13        Q.   Is it your testimony that while M      was

14   there that she worked for you, but nobody had sex

15   with her?

16        A.   Working, for you to work, you have to do

17   something.  She can't do nothing but answer the

18   phone.  That's it.

19        Q.   Is it your testimony that while M      was

20   at the Roosevelt, she -- working for you, she did not

21   have sex for money?

22        A.   Yeah, she did not have sex for money.  No.

23        Q.   Is it your testimony that while at the

24   Roosevelt, working for you, that M       did not have

25   sex for money because people said she was too ugly?

Case ID: 170300712
Control No.: 19120523

# EXHIBIT "F"

Case ID: 170300712
Control No.: 19120523



# Alpha-Centurion Security, Inc.



Joanna Small,
President
WBDCPA-0257

200 ~ 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax: (610) 449-2010

## SECURITY CONTRACT

This contract made this **1st** day of **March, 2007** by and between **Alpha-Centurion Security, Inc.** herein referred to as Service to _____ **Roosevelt Inn** _____ herein referred to as **Client.**

1.    **Service** will furnish uniformed security officers to assist in the safeguard of **Clients** property and person located at _____ **7600 Roosevelt Blvd., Philadelphia, PA 19152** _____. Both parties will agree upon the number of Security Officers and the Specific Duties of the Officers. The Security Officers will be employees of the service, which will pay all payroll taxes. Service will at all times be an independent contractor and not an agent of the **Client**.

2.    **Client** will compensate the **Service** at the rate of: UN-Armed **$13.25** Armed _____. **Holidays - Client** will be billed time and one half for seven paid holidays when security officers are required to work on the specified days as follows: (1) Christmas Day- (2) New Years Day- (3) Easter – (4) 4th of July – (5) Memorial Day - -(6) Labor Day – (7) Thanksgiving Day.

      **Court – Client** will be billed straight time for time spent in court on the **Clients** behalf.

      **Emergency or Special Service**, which for the purpose of this contract, is defined as **Additional Security Service**, requested less than **Seventy -Two Hours** prior to the required time. **Client** will assume all Overtime cost associated with emergency or special services.

      **Service** will assume all overtime costs associated to maintain normal, agreed upon staffing levels.

3.    **Payment** will be made within ___ **14** ___ of receipt of Invoice. If payment is not received ___ **21** ___ days after agreement date, service will be automatically suspended until payment is received. **Client** will not offset any claim against billing. After ___ **21** ___ payment is considered late and subject to 1 ½% interest, **18% annually**.

4.    Invoiced hours will be considered accepted as **Accurate and Payable** if not contested in writing within **14 Days** of receiving invoice.

5.    **Termination** – This agreement may be terminated prior to its expiration date in the event either party shall default in the performance of its obligations under this proposal and subsequent agreement (including the timely payments of amounts due under it), and the non-defaulting party shall have the right, in addition to such other rights the party may have under this agreement by giving three days written notice by certified mail to the defaulting party. In the event of default resulting in termination of the agreement, if either party brings action against the other to enforce any condition or covenant of this Agreement, the prevailing party in such action shall be entitled to recover the court costs, and reasonable attorney fees.

Case ID: 170300712
Control No.: 19120523



# Alpha-Centurion Security, Inc.



Joanna Small,
President
WBDCPA-0257

200 – 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax: (610) 449-2010

6.      Upon termination of this agreement, all security officers will be removed from the premises, and all responsibilities of **Service** to perform services, and **Client** to pay for future services will be ended.  **Client** will also ensure that all equipment, records, forms, papers belonging to the service will be released to the service.

7.      **Service** is an equal opportunity employer which does not discriminate in hiring, promotion or any condition of employment on the basis of race, color, creed, sex, age, martial status, or natural origin, and complies with all pertinent federal, state, and local laws and regulations.  Unarmed Security Officers by law are not allowed to carry Batons, handcuffs, unless they are PA 235 Certified.

8.      **Service** does not guarantee that its service will prevent loss, theft, or damage to **Client's** property or injury to persons.  **Service** is not an insurer and the amount the **Client** is paying for Security Guard Service bears no relationship to the value of the property of the **Client** or others, which Service is helping to safeguard.  **Service** will not be responsible for any loss, theft or damages to property unless solely caused by the negligence of **Service's** security officers performing their assigned duties and then only to the amount considered replacement value, under no circumstances will **Service** pay retail for replacement, and any cost not to exceed the insurance provided.  **Service** shall be responsible for and indemnify **Client** for any loss, theft, or damage to property or injury to persons caused solely or in part as a result of intentional or deliberate acts, conduct, omissions and or criminal activities of **Service's** security officers when committed in the performance of their duties.  **Service and Client** each waive any right of subrogation against each other for losses due to fire, explosion or other insured against peril.

9.      **Service** will carry comprehensive general liability insurance, issued by insurance companies licensed to do business in the Commonwealth of Pennsylvania and state of New Jersey with a minimum limit of **$1,000,000.00** and **$2,000,000.00** Aggregate, workers' compensation insurance covering its employees while working at **Client's** locations.  **Client** shall be furnished with a certificate of insurance.  **Client** will be added as additionally insured.

10.     If Service and Client are unable to perform this agreement because of strikes or labor difficulties of any nature involving employees of Service, **Client** or third parties, or because of **Acts of God** such as fire, flood, or national emergency, or due to any other cause beyond **Service's** and **Client's** control.  The **Service** and **Client** shall be relieved of any claims, liability, or obligation under this agreement.

11.     This agreement is for a term of **As Needed**.  Either party may terminate at the expiration of this term by giving the other **Thirty (30) Days** written notice of intention to do prior to the then current term.  If no notice is given, then this agreement will continue on a **Month to Month** Basis.

12.     If during any term of the agreement **Service's** labor costs are increased, **Service** may notify **Client** who agrees to renegotiate Service's **Billing Rate**.  If no agreement can be reached, then either party may terminate this agreement **(10) Ten Days** after giving the other written notice by certified or registered mail of its intention to do so at the end of the contract.

Case ID: 170300712
Control No.: 19120523




# Alpha-Centurion Security, Inc.



Joanna Small,
President
WBDCPA-0257

200 – 204 West Chester Pike
Havertown, PA 19083
Phone. (610) 449-7840
Fax; (610) 449-2010

13.    **Client** agrees to make available to **Service** at no charge any material or information and to include **Service's** personnel in any training programs necessary to comply with any applicable Federal or State **"Right to Know"** laws or regulations.

14.    **Client** agrees that it will not solicit or make any offer of direct security related employment to any member of the **Service's** staff during current agreement or for a period of **Twelve Months** following the date of termination of this agreement.

15.    The waiver by either party of a breach of violation of any provision of the Agreement shall not operate as, or be construed to be, a waiver of any subsequent breach of this agreement. In the event that any of the provisions or portions thereof, of this agreement are held to be unenforceable or invalid by any court or competent jurisdiction, the validity of enforceability of the remaining provisions or portions of it shall not be effected.

By: _Taylor Williams_          By: _Joanna Small_
         MANAGER

For. _ROOSEVELT INN_          For: **Alpha Centurion Security Inc.**

Title: _MANAGER_          Title: _President_

Case ID: 170300712
Control No.: 19120523

# EXHIBIT "G.1"

Case ID: 170300712
Control No.: 19120523

# In The Matter Of:

*M.B., a minor by Guardian William A. Calandra v.*
*Roosevelt Inn, LLC, et al.*

---

*Yagnakumar R. Patel*
*July 19, 2018*

---



Case ID: 170300712
Control No.: 19120523

1          IN THE COURT OF COMMON PLEAS
          PHILADELPHIA COUNTY, PENNSYLVANIA
2                    - - -

3   M.B., a minor by Guardian:  MARCH TERM, 2017
    WILLIAM A. CALANDRA,      :
4            Plaintiff,       :
                             :
5   vs.                      :
                             :
6   ROOSEVELT INN, LLC,      :
    d/b/a ROOSEVELT INN and  :
7   ROOSEVELT MOTOR INN and  :
    UFVS MANAGEMENT COMPANY, :
8   LLC and YAGNA PATEL and  :
    ALPHA-CENTURION SECURITY,:
9   INC., d/b/a ALPHA CENTURY:
    SECURITY, INC.,          :
10           Defendants.      : NO. 00712

11                   - - -

12

13          Oral deposition of YAGNAKUMAR R. PATEL,

14   taken at Blank Rome LLP, One Logan Square, 130 North

15   18th Street, Philadelphia, Pennsylvania, on

16   Thursday, July 19, 2018, beginning at approximately

17   10:30 a.m., before Maureen E. Broderick, Registered

18   Professional Reporter and Notary Public in and of

19   the Commonwealth of Pennsylvania.

20

21

22

23

24

25

Case ID: 170300712
Control No.: 19120523

```
 1   APPEARANCES

 2   KLINE & SPECTER
     BY:  NADEEM BEZAR, ESQUIRE
 3   BY:  EMILY MARKS, ESQUIRE
     1525 Locust Street
 4   Philadelphia, PA 19102
     (215) 772-1000
 5
     Counsel for Plaintiff
 6

 7   BLANK ROME, LLP
     BY:  JAMES QUINLAN, ESQUIRE
 8   One Logan Square
     130 North 18th Street
 9   Philadelphia, PA 19103
     (215) 569-5500
10
     Counsel for the Roosevelt Defendants and
11   the Witness

12   MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
     BY:  THOMAS P. WAGNER, ESQUIRE
13   2000 Market Street
     Suite 2300
14   Philadelphia, PA 19103
     (215) 575-4562
15
     Counsel for Alpha-Centurion Security, Inc.
16

17

18

19

20

21

22

23

24

25
```

Case ID: 170300712
Control No.: 19120523

1      A      Right.   Joanna Smalls.

2             MR. WAGNER:   I'll just say, I believe it

3      is Joanna.

4             THE WITNESS:   Yeah, Joanna.

5             MR. WAGNER:   The printing on this copy,

6      that I have anyway, is a little bit blurred.   I

7      believe the name is Joanna.

8  BY MR. BEZAR:

9      Q      And it is documents 561 through 575.   Is

10  this the contract that you entered in with

11  Alpha-Centurion Security?

12     A      That's right, sir.

13     Q      Actually, I apologize.   There's several

14  pages attached to it as well.   On page 563, is that

15  your signature?

16     A      That's correct, sir.

17     Q      Is this the first contract you signed with

18  Alpha-Centurion Security?

19     A      Yes, sir.

20     Q      And what was your understanding as to the

21  security that was going to be provided at the

22  Roosevelt?

23     A      Can you repeat again.   I'm sorry.

24     Q      What was your understanding, by signing

25  this contract, of the security that was going to be

Case ID: 170300712
Control No.: 19120523

1 provided at the Roosevelt?

2      A      To give us a security guard for those

3 nights we needed.

4      Q      And what nights were those?

5      A      Friday night and Saturday night.

6      Q      At any time, did you suggest having a

7 security guard more often than Friday and Saturday

8 night?

9      A      No.  We asked for Sunday night after the

10 shooting happened.  I told the owner, I said I think

11 we should have -- because Sunday night is very

12 quiet, nobody at night there, and the desk clerk is

13 alone.  So we requested it.  He said, Okay, go

14 ahead.  We start Friday, Saturday and Sunday.

15      Q      So after the shooting -- was this the

16 shooting that you and I were speaking about a few

17 moments ago?

18      A      Right.  That's correct.

19      Q      After the shooting, you asked for a

20 security guard for Friday, Saturday, and now Sunday?

21      A      Sunday, right.

22      Q      And was that because the front desk clerk

23 was left alone on Sundays?

24      A      Right.  Rather have somebody there, you

25 know.

Case ID: 170300712
Control No.: 19120523

1      Q    Do you know if anybody from

2  Alpha-Centurion Security, Inc., told any of the

3  employees at the Roosevelt, whether it was a front

4  desk manager --

5      A    Right.

6      Q    -- a night manager, or anybody, that they

7  needed multiple security officers on the premises?

8      A    No.

9      Q    Did any of the security officers ever

10  complain that the premises was too large for them to

11  monitor on their own?

12      A    Maybe it's too large for him to walk

13  around, but it's not large for anything else.

14      Q    So the question is, did any of the

15  security officers --

16      A    No.  My answer is no.

17      Q    Who made a decision to hire one security

18  officer at a time?

19      A    I made a decision.

20      Q    Did you think that the Roosevelt Inn was

21  too large to be monitored by one security officer?

22      A    No.  One security guard is enough.

23      Q    Was the security guard required to walk

24  around the hotel at all times?

25      A    Yes, sir.

Case ID: 170300712
Control No.: 19120523

1    I think I did a couple people.

2        Q    Did you ever let somebody go because you

3    thought they were taking money from patrons?

4        A    No.   No.   No.

5        Q    Did you ever let anybody go because you

6    thought they were taking money from guests at the

7    hotel?

8        A    No.

9        Q    Did you ever let anybody go because you

10   thought they were having sex with guests at the

11   hotel?

12       A    No.   No.

13       Q    Did the security officers look at the

14   monitors for the cameras around the hotel?

15       A    No.   They don't have access.

16       Q    Was it part of their job responsibility to

17   look at the monitors?

18       A    Part of security?

19       Q    Yes.

20       A    Not the part of it, no.   Because the

21   camera is, the monitor is at the front desk.   And

22   when they handled the cash, they always keep the

23   door locked.   So the security guard cannot come in.

24       Q    The security guard or any patrons can't,

25   guests can't come around behind the front desk, can

Case ID: 170300712
Control No.: 19120523

1   about?

2       Q    Any of them from Alpha-Centurion.  In

3   other words, what were the guards supposed to do?

4   Tell us that.

5       A    The security guard supposed to walk around

6   in the building, if anybody get like out of hand at

7   the front desk, should come down and say, Listen,

8   this has to stop, this person doesn't want you,

9   please leave.  That's the main thing.

10             Or having a party in the room, if

11   they find out, or any break, if we want to kick them

12   out, they should help us to kick them out or call

13   the cop.  That kind of things.

14       Q    I'm going to ask you to take a look at

15   another document, which we can call Roosevelt-9

16   we're up to.  I'm hoping you have copies of it.

17   It's Roosevelt Inn post orders.

18                  (Exhibit Roosevelt-9 was marked

19                  for identification.)

20   BY MR. WAGNER:

21       Q    Mr. Patel, please take a good look at that

22   document.  It says at the top, Alpha-Centurion

23   Security, Inc.  It has an address for the security

24   company.  And right below that it says, Roosevelt

25   Inn Express Post Orders.

Case ID: 170300712
Control No.: 19120523

1  that kind of stuff.

2      Q    You didn't want them --

3      A    Right.  If it was undesired person walking

4  in the hall or -- I'm sure he has to talk to them.

5      Q    I'm trying to understand.  Is this correct

6  or not, that security officers were not allowed to

7  question hotel patrons on their comings and goings

8  unless directed by the hotel staff?  Is that

9  correct?

10     A    Yes.

11     Q    And finally number 12:  If approached by a

12 patron with a question or complaint, act politely

13 and escort them over to the main hotel staff desk.

14     A    That's 100 percent true.

15     Q    That's what they were supposed to do?

16     A    That's right, sir.

17     Q    It's another company now that also is

18 named Alpha that's providing your security officers

19 even now, correct?

20     A    Right.

21     Q    Was it your understanding that the

22 Alpha-Centurion Security, Inc., changed ownership

23 and got a new name and essentially a new company?

24 Is that right?

25     A    That's right.

Case ID: 170300712
Control No.: 19120523

# EXHIBIT "G.2"

Case ID: 170300712
Control No.: 19120523

# In The Matter Of:

*M.B., minor by her Guardian, William A. Calandra, Esq. vs.*
*Roosevelt Inn LLC, et al*

---

*Yagna Patel*
*August 8, 2019*

---

*B&R Services for Professionals, Inc.*
*235 South 13th Street*
*Philadelphia, PA 19107*
*(215) 546-7400*
*cr@brservices.com*

Original File Yagna Patel 080819.txt

Min-U-Script® with Word Index

Case ID: 170300712
Control No.: 19120523

```
 1            IN THE COURT OF COMMON PLEAS
                OF PHILADELPHIA COUNTY
 2

 3   M.B., a minor,          :   MARCH TERM, 2017
     By her Guardian         :
 4   WILLIAM A. CALANDRA,    :
     ESQUIRE                 :
 5                           :
     -vs.-                   :   NO.: 00712
 6                           :
     ROOSEVELT INN, LLC      :
 7   d/b/a ROOSEVELT INN and :   JURY TRIAL DEMANDED
     ROOSEVELT INN CAFE, et/al:
 8

 9

10                   -   -   -

11              August 8, 2019

12                   -   -   -

13

14

15              Videotape deposition of YAGNA PATEL,
     held in the Law Offices of Kline & Specter, P.C.,
16   1525 Locust Street, Philadelphia, Pennsylvania,
     commencing at 10:09 a.m., on the above date, before
17   Colleen Gallagher, a Court Reporter and Notary
     Public of the Commonwealth of Pennsylvania.
18

19

20

21

22                   -   -   -
            B&R SERVICES FOR PROFESSIONALS, INC.
23                235 SOUTH 13th Street
            Philadelphia, Pennsylvania 19107
24                  (215) 546-7400
```

Case ID: 170300712
Control No.: 19120523

1    APPEARANCES:

2          KLINE & SPECTER, P.C.
            BY: NADEEM BEZAR, ESQUIRE
3          1525 Locust Street
            Philadelphia, Pennsylvania 19102
4          215-722-0524
            Counsel for Plaintiffs

5

6          MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
            BY: THOMAS P. WAGNER, ESQUIRE
7          2000 Market Street, Suite 2300
            Philadelphia, Pennsylvania 19103
8          215-575-2600
            Counsel for Alpha Centurion Security, Inc.

9

10         BLANK ROME, LLP
            BY: JAMES QUINLAN, ESQUIRE
11         One Logan Square
            130 North 18th Street
12         Philadelphia, Pennsylvania 19103
            215-569-5430
13         Counsel for Roosevelt Inn, LLC, d/b/a
            Roosevelt Inn and Roosevelt Inn Cafe,
14         Roosevelt Motor Inn, Inc., d/b/a
            Roosevelt Motor Inn, UFVS Management
15         Company, LLC and Yagna Patel

16

17

18

19   Also Present: Daniel Lawlor, Videographer

20

21

22

23

24

Case ID: 170300712
Control No.: 19120523

# EXHIBIT
# "G.3"

Case ID: 170300712
Control No.: 19120523

# In The Matter Of:

*M.B., minor by her Guardian, William A. Calandra, Esq. vs.*
*Roosevelt Inn LLC, et al*

---

*Yagna Patel continued*
*September 5, 2019*

---

*B&R Services for Professionals, Inc.*
*235 South 13th Street*
*Philadelphia, PA 19107*
*(215) 546-7400*
*cr@brservices.com*

Case ID: 170300712
Control No.: 19120523

1                    IN THE COURT OF COMMON PLEAS
                       OF PHILADELPHIA COUNTY
2

3    M.B., a minor,              :    VOLUME II
     By her Guardian             :
4    WILLIAM A. CALANDRA,        :    MARCH TERM, 2017
     ESQUIRE                     :
5                                :
     -vs.-                       :    NO.: 00712
6                                :
     ROOSEVELT INN, LLC          :
7    d/b/a ROOSEVELT INN and     :    JURY TRIAL DEMANDED
     ROOSEVELT INN CAFE, et/al:
8

9

10                          -    -    -

11                     September 5, 2019

12                          -    -    -

13

14

15              Videotape deposition of YAGNA PATEL,
     held in the Law Offices of Kline & Specter, P.C.,
16   1525 Locust Street, Philadelphia, Pennsylvania,
     commencing at 9:33 a.m., on the above date, before
17   Colleen Gallagher, a Court Reporter and Notary
     Public of the Commonwealth of Pennsylvania.
18

19

20

21

22                          -    -    -
                  B&R SERVICES FOR PROFESSIONALS, INC.
23                     235 SOUTH 13th Street
                  Philadelphia, Pennsylvania 19107
24                       (215) 546-7400

```
1    APPEARANCES:

2         KLINE & SPECTER, P.C.
          BY: NADEEM BEZAR, ESQUIRE
3         1525 Locust Street
          Philadelphia, Pennsylvania 19102
4         215-722-0524
          Counsel for Plaintiffs

5

6         MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
          BY: THOMAS P. WAGNER, ESQUIRE
7         2000 Market Street, Suite 2300
          Philadelphia, Pennsylvania 19103
8         215-575-2600
          Counsel for Alpha Centurion Security, Inc.

9

10        BLANK ROME, LLP
          BY: JAMES QUINLAN, ESQUIRE
11        One Logan Square
          130 North 18th Street
12        Philadelphia, Pennsylvania 19103
          215-569-5430
13        Counsel for Roosevelt Inn, LLC, d/b/a
          Roosevelt Inn and Roosevelt Inn Cafe,
14        Roosevelt Motor Inn, Inc., d/b/a
          Roosevelt Motor Inn, UFVS Management
15        Company, LLC and Yagna Patel

16

17

18

19   Also Present: David Lane, Videographer

20

21

22

23

24
```

1　　you have security?

2　　　　A　　Correct.

3　　　　Q　　At one point, security was with one

4　　company, and then there was a new owner or a new

5　　company created, right?

6　　　　A　　Right.

7　　　　Q　　Both companies were known as Alpha, either

8　　Centurion or Alpha Century; is that right?

9　　　　A　　Correct.

10　　　　Q　　There's something called post orders that

11　　security officers follow.

12　　　　　　　Were you involved in the creation of

13　　post orders for the security company?

14　　　　A　　Yeah.　We made the rules of what they have

15　　to do.

16　　　　Q　　Were those rules written, or was there a

17　　form created for the rules that needed to be

18　　followed?

19　　　　A　　Yes, sir.

20　　　　Q　　And were you involved in the written rules

21　　that were created?

22　　　　A　　Yes, sir.

23　　　　Q　　Who did you create the written rules with?

24　　　　A　　We just -- the way we feel, what they

Case ID: 170300712
Control No.: 19120523

1    should do at our place.

2         Q    Right.

3         A    So we made them to walk around every 40,

4    45 minutes inside the building, outside the parking

5    lot and the bar, also.

6         Q    And who did you discuss that with?

7         A    The previous owner.

8         Q    Who was that?

9         A    Joanna Small.

10        Q    Where did you have that discussion?

11        A    We have it at the front desk.  We just

12   discussed on the phone what we need from the

13   security guard, and she said just tell them and make

14   a paper that every time the new guy comes he should

15   read it, what he has to do.

16        Q    Okay.  At any point, was there a

17   recommendation that the Roosevelt should have

18   multiple security guards during the evening?

19        A    We don't need it.  I don't know who made

20   the recommendation, not to me.

21        Q    So I'm going to start -- I'm going to ask

22   my question again.

23             Did somebody from the Alpha security

24   company make a recommendation that there should be

1    named Kelvin Hanton?

2        A    Yeah.  I heard his name, yes.  That's the

3    guy was collecting -- tried to collect the keys from

4    the guests.

5        Q    Did you think Mr. Hanton was selling rooms

6    to other guests?

7        A    I didn't catch him red handed, but I don't

8    know why he was collecting the keys.  Even when we

9    told him not to do that, he tried to collect the

10   keys, so we had to let him go.

11       Q    Did you ask him why he was collecting the

12   keys?

13       A    I don't discuss with them.  I just discuss

14   direct to the company.

15       Q    Did you ask the company to investigate why

16   he was collecting the keys?

17       A    I don't know if they discussed with him or

18   not, but I did complain with the company.

19       Q    What would be the problem with the

20   security guard collecting the keys from guests?

21       A    You're not supposed to.  We told them very

22   beginning and still we tell every security guard you

23   do not get involved with hotel business.  Their job

24   is to watch, walk around, make the place secure and

Case ID: 170300712
Control No.: 19120523

1         A      Hard to see whether this is my point or

2    the security company did their own.

3         Q      Fair enough.  On Number 12, it says, If a

4    room is open, please shut the door.

5         A      Yes, that's my idea.

6         Q      That's your idea?

7         A      That's correct.

8         Q      Number 13, it says, Please report all

9    parties in rooms to the front desk?

10        A      Yes.

11        Q      By the way, Number 12, if a room is open,

12   please shut the door, why did you want that?

13        A      Because sometimes even if it's guests

14   walked away and leave the door open, the door

15   supposed to shut itself, but if they close the door

16   slowly, it won't shut.  You have to pull the door

17   physically to make sure it's shut.

18               And sometimes people go out to get

19   something and they leave the door open.  It's not

20   safe for the person within the room.  So if you're

21   walking around, he should shut the door.  Or

22   sometimes they check out and they leave the door

23   open for any reason -- I mean not any reason but,

24   like, just walk away and leave the door open.  So we

Case ID: 170300712
Control No.: 19120523

1    have to make sure the door is closed.

2        Q    So if the door is left open, the security

3    guard, at least according to this post order, should

4    close the door?

5        A    Right, for the guests.

6        Q    It says, Please report all parties in

7    rooms to the front desk.

8                    Is that something you wanted as well?

9        A    That's correct.

10       Q    Make sure -- Number 14, Make sure all exit

11   doors are closed at all times?

12       A    Correct.

13       Q    Is that something you wanted as well?

14       A    Right.

15       Q    Number 15, No fraternization with the

16   guests or Roosevelt Inn employees.

17                    Is that something that you wanted?

18       A    Yes.

19       Q    Why did you want no fraternization?

20       A    They use their own word, but I told them

21   not to be friendly with the guests.

22       Q    Okay.   Number 16, If a guest gives you a

23   key, inform them that they have to take the key to

24   the front desk themselves?

Case ID: 170300712
Control No.: 19120523

```
1        A     Correct.

2        Q     That's what you wanted?

3        A     Right.

4        Q     Number 17, Do not open any door to a guest

5    unless you are instructed to do so by management?

6        A     That's correct.

7        Q     Did the security guards ever have a master

8    key to open doors?

9        A     No, they don't.

10       Q     So how would they open a door for a guest?

11       A     Like, suppose somebody locked out.

12       Q     Of their room?

13       A     Right.  And they ask for the key, and then

14   they show us ID and then we send the security guard.

15   Very rare it happen, that we make another key,

16   duplicate key, open the door and bring it back to

17   us.

18       Q     Number 18, If you see an unlawful entry,

19   call 911 and notify the front desk immediately?

20       A     That's correct.

21       Q     That was your idea?

22       A     That's mine and whoever the officer is

23   there.

24       Q     What would be an unlawful entry?
```

Case ID: 170300712
Control No.: 19120523

1        A     No, because I haven't met him for long

2   time because --

3        Q     I'm just asking do you know who that is?

4        A     No.  I don't know the name.  No.

5              MR. WAGNER:  Would you give that to

6        the court reporter, please -- no -- to the

7        court reporter so she can mark it as Patel 100?

8        Thank you.

9   BY MR. WAGNER:

10       Q     Mr. Bezar when he was asking you questions

11  showed you two sets of post orders.

12             Do you remember that?

13       A     That's right, sir.

14       Q     To your knowledge, has the security

15  company done with those post orders said they're

16  supposed to do?

17       A     The next one, talking about the next one,

18  I didn't get it though.  The new one, I never saw.

19       Q     That's not what I'm asking you?

20       A     I'm sorry.

21       Q     What's listed on those post orders, the

22  security guard company did those things, correct?

23       A     That's correct.

24       Q     If they didn't, you'd go get a new

Case ID: 170300712
Control No.: 19120523

```
 1    security guard company, wouldn't you?
 2         A     Yes, sir.
 3         Q     How long have you been the manager at the
 4    Roosevelt Inn in total?
 5         A     32 years.
 6         Q     Was there always a security guard company
 7    there the whole 32 years?
 8         A     Last 25 years.
 9         Q     What made you or the Roosevelt Inn decide
10    to get a security guard company?
11         A     The new management company, they decided
12    to do it.
13         Q     Do you know why?
14         A     Before, it was leased to somebody else,
15    and the present owner, they decided to have a
16    security guard for the safety of the guests and for
17    the employee.
18         Q     Who told you that?
19         A     Who told me what, sir?
20         Q     What you just said, that -- go ahead.
21         A     The present management company, we
22    decide -- we work together, and we decided that --
23    they suggested we should have a security company.
24         Q     Well, were you part of the decision to get
```

Case ID: 170300712
Control No.: 19120523

1                    THE WITNESS:  No.

2    BY MR. WAGNER:

3         Q    Is what I said correct?

4         A    It doesn't last too long.  Right.

5         Q    So if that film ever existed, it's long

6    gone now?

7         A    Right.

8         Q    You testified earlier that you did not

9    receive any recommendation from the security guard

10   company for additional guards, correct?  You said

11   that?

12        A    Right.

13        Q    And you didn't feel yourself that you

14   needed additional guards, correct?

15        A    No.

16        Q    No, that's not correct?

17        A    Only time we ever had additional security

18   guard is, like, New Year's Eve or special holiday.

19   Then we ask two security guards.

20        Q    I understand that, but the Alpha company,

21   Alpha Centurion, they basically gave you what you

22   asked for, correct?

23                    MR. QUINLAN:  Objection to form.

24                    THE WITNESS:  Yeah.

Case ID: 170300712
Control No.: 19120523

# EXHIBIT "H"

Case ID: 170300712
Control No.: 19120523

# ALPHA-CENTURION SECURITY, INC.



### SECURITY OFFICER FRONT DESK LOG

#### ROOSEVELT INN
*7600 Roosevelt Blvd.*
*Philadelphia, Pa.19152*

**WEEKENDING:** *1-24- 2014*

**S/O NAME:** *LT Hunter*

| DAY | TIME | FRONT DESK INITIALS | TIME | FRONT DESK INITIALS |
|---|---|---|---|---|
| Friday | 10: 00 PM | CG | 3: 00 AM | FB |
| | 10: 30 PM | CG | 3: 30 AM | FB |
| | 11: 00 PM | FB | 4: 00 AM | FB |
| | 11: 30 PM | FB | 4: 30 AM | FB |
| | **MIDNIGHT** | FB | 5: 00 AM | FB |
| | 12: 30 AM | FB | 5: 30 AM | FB |
| | 1: 00 AM | FB | 6: 00 AM | FB |
| | 1: 30 AM | FB | | |
| | 2: 00 AM | FB | | |
| | 2: 30 AM | FB | | |

**\*All Security Officer's must have the Front Desk attendant or manager initial every half an hour which should coincide with each round.**

Case ID: 170300712
Control No.: 19120523

# ALPHA-CENTURION SECURITY, INC.



### SECURITY OFFICER FRONT DESK LOG

**ROOSEVELT INN**
*7600 Roosevelt Blvd.*
*Philadelphia, Pa.19152*

26

**WEEKENDING:** 1-25-2014

**S/O NAME:** LT Hunter

| DAY | TIME | FRONT DESK INITIALS | TIME | FRONT DESK INITIALS |
|---|---|---|---|---|
| Saturday | 10: 00 PM | CG | 3: 00 AM | H |
| | 10: 30 PM | CG | 3: 30 AM | H |
| | 11: 00 PM | CG | 4: 00 AM | H |
| | 11: 30 PM | H | 4: 30 AM | H |
| | **MIDNIGHT** | H | 5: 00 AM | H |
| | 12: 30 AM | H | 5: 30 AM | H |
| | 1: 00 AM | H | 6: 00 AM | H |
| | 1: 30 AM | H | | |
| | 2: 00 AM | H | | |
| | 2: 30 AM | H | | |

***All Security Officer's must have the Front Desk attendant or manager initial every half an hour which should coincide with each round.**

Case ID: 170300712
Control No.: 19120523

# ALPHA-CENTURION SECURITY, INC.



### SECURITY OFFICER FRONT DESK LOG

**ROOSEVELT INN**
*7600 Roosevelt Blvd.*
*Philadelphia, Pa.19152*

**WEEKENDING:** 2 - 8 - 2014

**S/O NAME:** LT JOHN MAHSMA

| DAY | TIME | FRONT DESK INITIALS | TIME | FRONT DESK INITIALS |
|---|---|---|---|---|
| Friday | 10: 00 PM | CG | 3: 00 AM | AV |
| | 10: 30 PM | CG | 3: 30 AM | AA |
| | 11: 00 PM | CB | 4: 00 AM | AA |
| | 11: 30 PM | AA | 4: 30 AM | AV |
| | MIDNIGHT | AV | 5: 00 AM | AM |
| | 12: 30 AM | AV | 5: 30 AM | AV |
| | 1: 00 AM | AV | 6: 00 AM | AV |
| | 1: 30 AM | VT | | |
| | 2: 00 AM | AV | | |
| | 2: 30 AM | AV | | |

**\*All Security Officer's must have the Front Desk attendant or manager initial every half an hour which should coincide with each round.**

Case ID: 170300712
Control No.: 19120523

# ALPHA-CENTURION SECURITY, INC.



### SECURITY OFFICER FRONT DESK LOG

**ROOSEVELT INN**
*7600 Roosevelt Blvd.*
*Philadelphia, Pa.19152*

**WEEKENDING:** 2-9-2014

**S/O NAME:** LT John Mausub

| DAY | TIME | FRONT DESK INITIALS | TIME | FRONT DESK INITIALS |
|---|---|---|---|---|
| Saturday | 10: 00 PM | CB | 3: 00 AM | PB |
| | 10: 30 PM | CB | 3: 30 AM | PB |
| | 11: 00 PM | CB | 4: 00 AM | PB |
| | 11: 30 PM | PB | 4: 30 AM | PB |
| | **MIDNIGHT** | PB | 5: 00 AM | PB |
| | 12: 30 AM | PB | 5: 30 AM | PB |
| | 1: 00 AM | PB | 6: 00 AM | PB |
| | 1: 30 AM | PB | | |
| | 2: 00 AM | PB | | |
| | 2: 30 AM | PB | | |

**\*All Security Officer's must have the Front Desk attendant or manager Initial every half an hour which should coincide with each round.**

Case ID: 170300712
Control No.: 19120523

# ALPHA-CENTURION SECURITY, INC.



SECURITY OFFICER FRONT DESK LOG

**ROOSEVELT INN**
*7600 Roosevelt Blvd.*
*Philadelphia, Pa.19152*

**WEEKENDING:** 5-2-14

**S/O NAME:** cap K. Hanton

| DAY | TIME | FRONT DESK INITIALS | TIME | FRONT DESK INITIALS |
|---|---|---|---|---|
| | 10: 00 PM | CG | 3: 00 AM | FB |
| | 10: 30 PM | CG | 3: 30 AM | FB |
| | 11: 00 PM | CG | 4: 00 AM | FB |
| | 11: 30 PM | FB | 4: 30 AM | FB |
| | **MIDNIGHT** | FB | 5: 00 AM | FB |
| | 12: 30 AM | FB | 5: 30 AM | FB |
| | 1: 00 AM | FB | 6: 00 AM | FB |
| | 1: 30 AM | FB | | |
| | 2: 00 AM | FB | | |
| | 2: 30 AM | FB | | |

*All Security Officer's must have the Front Desk attendant or manager initial every half an hour which should coincide with each round.

Case ID: 170300712
Control No.: 19120523

# ALPHA-CENTURION SECURITY, INC.



SECURITY OFFICER FRONT DESK LOG

ROOSEVELT INN
*7600 Roosevelt Blvd.*
*Philadelphia, Pa.19152*

**WEEKENDING:** *5-3-14*

**S/O NAME:** *CapK. Hanton*

| DAY | TIME | FRONT DESK INITIALS | TIME | FRONT DESK INITIALS |
|---|---|---|---|---|
| | 10: 00 PM | *CG* | 3: 00 AM | *BH* |
| | 10: 30 PM | *CG* | 3: 30 AM | *BH* |
| | 11: 00 PM | *CG* | 4: 00 AM | *K* |
| | 11: 30 PM | *BH* | 4: 30 AM | *AH* |
| | **MIDNIGHT** | *RH* | 5: 00 AM | *HA* |
| | 12: 30 AM | *OA* | 5: 30 AM | *RA* |
| | 1: 00 AM | *AH* | 6: 00 AM | *HC* |
| | 1: 30 AM | *BH* | | |
| | 2: 00 AM | *AH* | | |
| | 2: 30 AM | *HH* | | |

*All Security Officer's must have the Front Desk attendant or manager initial every half an hour which should coincide with each round.

Case ID: 170300712
Control No.: 19120523

# ALPHA-CENTURION SECURITY, INC.



SECURITY OFFICER FRONT DESK LOG

**ROOSEVELT INN**
*7600 Roosevelt Blvd.*
*Philadelphia, Pa. 19152*

**WEEKENDING:** 5 - 11 - 14

**S/O NAME:** Cap K. Hanton

| DAY | TIME | FRONT DESK INITIALS | TIME | FRONT DESK INITIALS |
|-----|------|---------------------|------|---------------------|
|  | 10: 00 PM | CG | 3: 00 AM | SR |
|  | 10: 30 PM | SR | 3: 30 AM | SR |
|  | 11: 00 PM | SR | 4: 00 AM | SR |
|  | 11: 30 PM | SR | 4: 30 AM | SR |
|  | **MIDNIGHT** | SR | 5: 00 AM | SR |
|  | 12: 30 AM | SR | 5: 30 AM | SR |
|  | 1: 00 AM | SR | 6: 00 AM | SR |
|  | 1: 30 AM | SR |  |  |
|  | 2: 00 AM | SR |  |  |
|  | 2: 30 AM | SR |  |  |

**\*All Security Officer's must have the Front Desk attendant or manager initial every half an hour which should coincide with each round.**

Case ID: 170300712
Control No.: 19120523

# EXHIBIT "I"

Case ID: 170300712
Control No.: 19120523

 

# Alpha-Centurion Security, Inc.

Joanna Small,
President
WBDCPA-0257

200 – 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax; (610) 449-2010

### ROOSEVELT INN EXPRESS
### POST ORDERS

1. All s/o's will report to the site on time and in full uniform.
2. Once on site s/o will report to front desk and report to management for your shift.
3. S/o must make rounds of hotel floors and parking area once an hour.
4. Any unusual activity must be reported to the front desk and recorded on DAR and/or incident report.
5. Any lunch breaks must be taken between 3am and 5am and on the property.
6. No sleeping. Any s/o caught asleep will be removed from the property and terminated.
7. S/o goes to work on their own they must call in and out from the location.
8. If reporting in civilian clothes get to site early enough to change and be posted by 10p.m.
9. No sitting on lobby sofa. Stay out of lobby unless doing rounds or requested by management.
10. S/o's are to stay outside in the back of hotel until 11p.m. or midnight. Hotel management has reason to believe there is a "peeping tom" lurking around the hotel and is to be taken seriously. This is not a joke.
11. If s/o should encounter this "peeping tom" notify management/police immediately and do a full report on the matter.

If there are any other questions or concerns about s/o duties and responsibilities please contact me at HQ. Phone # (610) 449 – 7840 or (610) 716 – 3440. Thank you and have a safe shift.

Sincerely,

Dep. Insp. Walker, Michael L.
Asst. Ops. Mgr.

Case ID: 170300712
Control No.: 19120523

# EXHIBIT "J"

Case ID: 170300712
Control No.: 19120523

# In The Matter Of:

*M.B., minor by her Guardian, William A. Calandra, Esq. vs. Roosevelt Inn LLC, et al*

---

*Patrick Panetta*
*August 15, 2018*

---

*B&R Services for Professionals, Inc.*
*235 South 13th Street*
*Philadelphia, PA 19107*
*(215) 546-7400*
*cr@brservices.com*

Original File 081518p2.txt
Min-U-Script® with Word Index

Case ID: 170300712
Control No.: 19120523

M.B., minor by her Guardian, William A. Calandra, Esq. vs.
Roosevelt Inn LLC, et al

Patrick Panetta
August 15, 2018

**Page 1**

PATRICK PANETTA

```
 1            IN THE COURT OF COMMON PLEAS
                   PHILADELPHIA COUNTY
 2
                      - - -
 3
 4   M.B., minor by      :  MARCH TERM, 2017
     Her Guardian, WILLIAM A. :
 5   CALANDRA, ESQUIRE   :  NO. 00712
                         :
 6   vs.                 :
                         :
 7   ROOSEVELT INN LLC d/b/a :
     ROOSEVELT INN and   :
 8   ROOSEVELT INN CAFE, et al:
 9
                      - - -
10
11
12        Oral deposition of PATRICK PANETTA,
13   taken pursuant to notice, in the Law Offices of
14   MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, 2000
15   Market Street, Philadelphia, Pennsylvania, on
16   Wednesday, August 15, 2018, commencing at or about
17   10:15 a.m., before Patricia A. Lipski, RPR, CCR,
18   New Jersey, Notary Public.
19
                      - - -
20
21
22        B & R SERVICES FOR PROFESSIONALS, INC.
                235 SOUTH 13th STREET
23          PHILADELPHIA, PENNSYLVANIA 19107
                   (215) 546-7400
24
          B & R Services for Professionals, Inc.
```

**Page 2**

PATRICK PANETTA

```
 1   APPEARANCES:
 2   KLINE & SPECTER, P.C.
     BY:  EMILY B. MARKS, ESQUIRE
 3   1525 Locust Street
     19th Floor
 4   Philadelphia, Pennsylvania 19102
     (215) 772-1000
 5   Emily.Marks@klinespecter.com
     Counsel for Plaintiff
 6
     BLANK ROME
 7   BY:  JAMES J. QUINLAN, ESQUIRE
     One Logan Square
 8   130 North 18th Street
     Philadelphia, Pennsylvania 19103
 9   (215) 569-5430
     Quinlan@blankrome.com
10   Counsel for Defendant, Roosevelt Inn
     LLC d/b/a Roosevelt Inn and
11   Roosevelt Inn Cafe
12   MARSHALL, DENNEHEY, WARNER,
     COLEMAN & GOGGIN
13   BY:  THOMAS P. WAGNER, ESQUIRE
     2000 Market Street
14   Suite 2300
     Philadelphia, Pennsylvania 19103
15   (215) 575-2600
     tpwagner@mdwcg.com
16   Counsel for Defendant,
     Alpha-Centurion Security, Inc.
17
18
19
20
21
22
23
24
```

**Page 3**

PATRICK PANETTA

```
 1                   I N D E X
 2   WITNESS                              PAGE
 3   PATRICK PANETTA
 4   By Ms. Marks                        5, 146
 5   By Mr. Quinlan                      130, 152
 6
 7                 E X H I B I T S
 8   NO.                                  PAGE
 9   Alpha-1   Notice of Deposition of     7
             the Corporate Designee of
10           Defendant, Alpha-Centurion
             Security, Inc.
11
     Alpha-2   Security Contract between    82
12           Alpha-Centurion Security, Inc.,
             and the Roosevelt Inn
13
     Alpha-3   Alpha-Centurion Security,    85
14           Inc., Armed and Unarmed Uniformed
             Security
15
     Alpha-4   Alpha-Centurion Security,    92
16           Inc., Part of Proposal Package
17   Alpha-5   Roosevelt Inn Post Orders    97
18   Alpha-6   Roosevelt Inn Post Orders    97
19   Alpha-7   Security Officer Front      114
             Desk Log
20
     Alpha-8   1/1/2013 Incident Report    122
21
22
23
24
```

**Page 4**

PATRICK PANETTA

```
 1           DEPOSITION SUPPORT INDEX
 2
 3   Direction to the Witness Not to Answer
 4   PAGE                                 LINE
 5   NONE
 6
 7   Request for Production of Documents
 8   PAGE                                 LINE
 9   NONE
10
11   Request for Question or Answer Marked
12   PAGE                                 LINE
13   NONE
14
15   Stipulations
16   PAGE                                 LINE
17   5                                    1
18
19
20
21
22
23
24
```

Case ID: 170300712
Control No.: 19120523

M.B., minor by her Guardian, William A. Calandra, Esq. vs.
Roosevelt Inn LLC, et al

Patrick Panetta
August 15, 2018

1  appears that there are missing clock round forms.
2  For example, there's only one clock round form for
3  a weekend or several weeks are missing. Do you
4  have an explanation for why that is?
5  A.  No, ma'am.
6  Q.  Have you or anyone at Alpha-Centurion or
7  Alpha-Century had any communication with the FBI
8  regarding the Roosevelt?
9  A.  No, ma'am.
10 Q.  Have you or anyone at Alpha-Centurion or
11 Alpha-Century had any communications with local law
12 enforcement regarding the Roosevelt?
13 A.  No, ma'am.
14 Q.  Did you believe that one security guard was
15 enough or adequate to cover the entire premises at
16 the Roosevelt?
17 A.  Again, my security company or Centurion does
18 what the client requests.  They should know their
19 sites better than we do.
20 Q.  By client in this situation or this case it's
21 the Roosevelt, correct?
22 A.  Yes, ma'am.
23 Q.  Have you had a situation where you have made a
24 recommendation that an additional security guard or

1  more security guards were needed at a site?
2  A.  No, ma'am.
3      MR. WAGNER:  You don't mean just at the
4  Roosevelt Inn, you mean generally?
5      BY MS. MARKS:
6  Q.  Generally.
7  A.  Generally, yes, ma'am, when there's numerous
8  incidents or break-ins.  To be recent, the Dale
9  corporation was building a big community on North
10 33rd Street.  There were break-ins every night.
11 One guard couldn't patrol two blocks.
12     So I had my sales manager call them,
13 explain to them what was going on, show them the
14 incident reports, and they added another guard
15 booth, a patrol vehicle, and another guard, and the
16 incidents stopped.
17 Q.  Have you or anyone at Alpha-Centurion or
18 Alpha-Century been informed that one security guard
19 was not enough at the Roosevelt?
20 A.  No, ma'am.
21     MS. MARKS:  I'm going to mark as Alpha-2
22 the contract.
23     _ _ _
24     (Whereupon Exhibit Alpha-2 was marked

1  for identification.)
2
3      BY MS. MARKS:
4  Q.  Mr. Panetta, I've put before you what we've
5  marked as Alpha-2.  It's a security contract.  It's
6  Bates stamped Roosevelt 000561 through 000563, and
7  this document was produced during discovery.
8  A.  Okay.
9  Q.  Have you seen this security contract before?
10 A.  I would say yes, ma'am.
11 Q.  Are you familiar with the -- first of all, is
12 this the security contract that was used by
13 Alpha-Centurion?
14 A.  Yes, ma'am.
15 Q.  Are you familiar with the security contract
16 that Alpha-Centurion used?
17 A.  Generally yes, ma'am.
18 Q.  I just want to direct your attention to some
19 of the language that's contained in the contract.
20 I'm looking at paragraph 1, and we can agree this
21 is a security contract between the Roosevelt Inn
22 and Alpha-Centurion Security; is that correct?
23 A.  Yes, ma'am.
24 Q.  The date of the contract is March 1, 2007; is

1  that correct?
2  A.  Yes, ma'am.
3  Q.  If you turn to the last page of the document,
4  it looks like this contract was signed by Yagna
5  Patel.  Do you see that?
6  A.  Yes, ma'am.
7  Q.  Is that the signature of Joanna Small?
8  A.  Yes, ma'am, it is.
9  Q.  And she was the president of Alpha-Centurion;
10 is that correct?
11 A.  Yes, ma'am.
12 Q.  So looking at paragraph 1, and I'll read it,
13 it states both parties will agree upon the number
14 of security officers and the specific duties of the
15 officers.  Did I read that correctly?
16 A.  Where are you reading that, ma'am?
17     MR. WAGNER:  Here (indicating.)
18     THE WITNESS:  Okay, yes, ma'am.
19     BY MS. MARKS:
20 Q.  Can you tell me what that means?
21 A.  That the client would stipulate to us how many
22 guards he would need, and we would say okay, and
23 provide what he needed.
24 Q.  And it's your testimony that Alpha-Centurion

Case ID: 170300712
Control No.: 19120523

Patrick Panetta
August 15, 2018

M.B., minor by her Guardian, William A. Calandra, Esq. vs.
Roosevelt Inn LLC, et al

PATRICK PANETTA                                    Page 85

1  had no input or involvement in the number of
2  security guards that were placed at
3  Alpha-Centurion -- excuse me -- that were placed at
4  the Roosevelt?
5  A.  That's correct, yes, ma'am.
6  Q.  And it's your testimony that Alpha-Centurion
7  had no input or involvement in the specific duties
8  of the security officers who were stationed at the
9  Roosevelt; is that correct?
10 A.  That's correct, yes, ma'am.
11 Q.  And this contract states that an unarmed
12 security officer would be stationed at the
13 Roosevelt; is that correct?
14 A.  Yes, ma'am.
15     MS. MARKS: I'm going to mark this as
16 Alpha-3.
17     ___
18     (Whereupon Exhibit Alpha-3 was marked
19 for identification.)
20     ___
21 BY MS. MARKS:
22 Q.  Mr. Panetta, I've placed before you what we've
23 marked as Alpha-3, Bates stamped 000572, a document
24 produced by the Roosevelt defendants. It was not

PATRICK PANETTA                                    Page 86

1  produced by Alpha-Centurion.
2     If you can take the opportunity to look
3  at it, and I'm just going to ask you a couple
4  questions.
5  A.  Okay, ma'am, no problem.
6  Q.  Mr. Panetta, can you tell me what Alpha-3 is,
7  the document that you're looking at?
8  A.  It explains what Alpha-Centurion offered in
9  armed and unarmed security guards.
10 Q.  With this document that we've marked as
11 Alpha-3, was this provided to clients?
12 A.  I believe this was part of a proposal to a
13 client, yes, ma'am.
14 Q.  Kind of like a description of services
15 provided by Alpha-Centurion; is that correct?
16 A.  Yes, ma'am.
17 Q.  Were you involved in the preparation of this
18 document?
19 A.  No, ma'am.
20 Q.  Do you know who was?
21 A.  Probably Mrs. Small.
22 Q.  It's -- looking at the bottom of the document
23 it says owned and operated by a former United
24 States Marine military police officer. Did I read

PATRICK PANETTA                                    Page 87

1  that correctly?
2  A.  Yes.
3  Q.  And it also says operated by a former
4  Philadelphia Police Officer. Did I read that
5  correctly?
6  A.  Yes, ma'am.
7  Q.  Who is that referring to?
8  A.  Okay. When the company first started
9  Mrs. Small's cousin, named Frank Nocella (ph), was
10 a Philadelphia Police Officer with the organized
11 crime unit, went to work for the FBI, retired, and
12 he was helping Joanne setting this up.
13 Q.  Was he employed by Alpha-Centurion?
14 A.  Yes, ma'am.
15 Q.  How long was he employed by Alpha-Centurion?
16 A.  About two years.
17 Q.  Do you know why he left?
18 A.  He retired. Now he's in his late eighties.
19 Q.  I'm looking at the first paragraph of this
20 document, midway through, and I'll just read it,
21 and I'm going to ask you a question about it. It
22 says officers then receive extensive instruction on
23 our company policies and procedures.
24     Do you see what I'm reading?

PATRICK PANETTA                                    Page 88

1  A.  Yes, ma'am.
2  Q.  These policies and procedures are written
3  solely to provide for the needs of our clients and
4  to maintain staff discipline. Do you see that?
5  A.  Yes, ma'am.
6  Q.  What are these two sentences referring to as
7  far as company policies and procedures?
8  A.  Policy and procedures are dealing with post
9  orders.
10 Q.  So the instruction that the security officers
11 would receive would be the post orders pertaining
12 to the specific site; is that correct?
13 A.  Yes, ma'am.
14 Q.  Looking at the second paragraph, and I'll read
15 what it states, at the request of the client,
16 Alpha-Centurion will prepare post orders
17 specifically designed to meet the client's security
18 needs. Did I read that correctly?
19 A.  Yes, ma'am, you did.
20 Q.  What does that mean?
21 A.  It means when the client hires Alpha-Centurion
22 or Alpha-Century security they instruct us what
23 they need the security officer to do and provide a
24 list of requirements of what they need us to do.

Case ID: 170300712
Control No.: 19120523

M.B., minor by her Guardian, William A. Calandra, Esq. vs.
Roosevelt Inn LLC, et al

Patrick Panetta
August 15, 2018

PATRICK PANETTA                                    Page 105

1  correctly?
2  A.  Yes, ma'am.
3  Q.  What is security action, what is that
4  referring to?
5  A.  If there's an incident, if the manager said,
6  oh, there's noise coming from room 103, let's go
7  down there and go into room 103, he would document
8  his actions on an incident report that at 9:10 at
9  night the management was notified that there was a
10  report of loud music from room 103, him and Mr. So
11  and So went down to handle it.  They talked to the
12  client.  They talked to the guest and the guest
13  said okay, and that was it.
14  Q.  Number 6, it says all incidents must be
15  reported to a manager when they occur.  Did I read
16  that correctly?
17  A.  Yes, ma'am.
18  Q.  What does that mean?
19  A.  Again, if a guard is walking down the hallway
20  and he hears noise out of room 106 or people
21  hanging in the hallway, he goes to the manager
22  immediately, tells him what he observed, and the
23  manager directs him what to do.
24  Q.  The incident report -- let me go to the second

PATRICK PANETTA                                    Page 106

1  set of post orders that we've marked as Alpha-5
2  that you testified you believed were in effect some
3  time around 2001.  The post orders that I'm
4  referring to, those were signed by who?
5  A.  Deputy Inspector Michael Walker.
6  Q.  This set of post orders would have been in
7  place at the Roosevelt from approximately 2001 to
8  2017 when the third set came into existence?
9  A.  I would say yes, ma'am.
10  Q.  Is Michael Walker -- is he still employed by
11  Alpha-Century?
12  A.  No, ma'am.
13  Q.  How long was he employed at Alpha-Centurion?
14  A.  About four years.
15  Q.  Do you know when he was employed there?
16  A.  Not without looking at his record, no.
17  Q.  What do you mean looking at his record?
18  A.  Looking at his employment record, date of
19  hire, date of termination.
20  Q.  Does Alpha-Century have the personnel folders
21  for individuals or persons who were employed by
22  Alpha -- let me ask it again.
23      Does Alpha-Century have the personnel
24  folders for employees who were employed by

PATRICK PANETTA                                    Page 107

1  Alpha-Centurion?
2  A.  The only employment folders we have are the
3  people that came over to the new company.
4  Q.  So the personnel files of Alpha-Centurion
5  employees who did not make the transition over to
6  Alpha-Century were thrown away?
7  A.  Yes, ma'am.  Not thrown away.  They were
8  destroyed.
9  Q.  Looking at the post orders that were in effect
10  from 2001 to 2017, number 4 says, any unusual
11  activity must be reported to the front desk and
12  reported on DAR and/or incident report.  Did I read
13  that correctly?
14  A.  Yes, ma'am.
15  Q.  The DAR, that's the daily activities report,
16  correct?
17  A.  Yes, ma'am.
18  Q.  And the incident report form, that's separate
19  from the DAR, correct?
20  A.  Yes, ma'am.
21  Q.  Were copies of incident reports and DARs,
22  daily activity reports provided to the Roosevelt?
23  A.  Only upon request.
24  Q.  Are you aware of any times when the Roosevelt

PATRICK PANETTA                                    Page 108

1  requested a copy of a DAR or incident report?
2  A.  No, ma'am.
3  Q.  Going up to number 3 on the post orders that
4  were in effect from 2001 to 2017, it state, number
5  3, security officer must makes round of hotel
6  floors and parking area once an hour.  Did I read
7  that correctly?
8  A.  Yes, ma'am.
9  Q.  What does that mean?
10  A.  It means once an hour he has to take a tour of
11  the hotel, make sure there's no disturbances,
12  nobody partying, nobody sitting in hallways, and
13  then do a round of the parking lot making sure
14  there's nobody sitting in the car doing anything or
15  hanging out or playing loud music, or just
16  suspicious things, and then report them to the
17  manager if he found any.
18  Q.  You said if the security officer found someone
19  like sitting in the stairwell, what is the security
20  officer supposed to do in the situation?
21  A.  He's supposed to report to the manager and
22  say, listen, in stairwell three I see two people
23  sitting there.  What do you want to do about it?
24  And the manager would direct him.

Case ID: 170300712
Control No.: 19120523

TO PLAINTIFF AND CO-DEFENDANTS
YOU ARE HEREBY REQUIRED TO RESPOND by the
THE ENCLOSED NEW MATTER AND CROSS Records
CLAIMS WITHIN 20 DAYS OR Filed 2019-02-14 pm
BE ENTERED AGAINST YOU.

M. RUSSO

Thomas P. Wagner, Esquire
Attorney for Defendant,
Alpha-Centurion Security, Inc.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire
Identification No.    208830
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA 19103
(215) 575-2600

Attorneys for Defendant,
Alpha-Centurion Security, Inc.

| | |
|---|---|
| M.B. minor by her Guardian, WILLIAM A. CALANDRA, ESQUIRE | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| Plaintiff | MARCH TERM, 2017 |
| v. | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN and UFVS MANAGEMENT COMPANY, LLC and YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURY SECURITY, INC. | NO. 00712 |
| | JURY TRIAL DEMANDED |
| Defendants | |

## ANSWER OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., TO PLAINTIFF'S FOURTH AMENDED COMPLAINT WITH NEW MATTER AND NEW MATTER CROSS-CLAIMS

Defendant, Alpha-Centurion Security, Inc. (hereinafter referred to as "Answering

Defendant"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin,

1

Case ID: 170300712

hereby files its Answer with New Matter and New Matter Cross-Claims to Plaintiff's Fourth Amended Complaint as follows:

1. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied. Answering Defendant does not dispute that human sex trafficking exists, but Answering Defendant has no involvement in any such activity, and Answering Defendant has no knowledge of any such activity occurring at the Roosevelt Inn as alleged in Plaintiff's Complaint. It is specifically denied that any act or omission on the part of Answering Defendant in any way caused or contributed to the alleged human sex trafficking outlined in Plaintiff's Complaint.

2. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied. Answering Defendant does not dispute that human sex trafficking exits, but Answering Defendant has not involvement in any such activity, and Answering Defendant has no actual or constructive knowledge of any such activity occurring at the Roosevelt Inn as alleged in Plaintiff's Complaint.

3. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, Pennsylvania's human trafficking law is a writing that speaks for itself, and Plaintiff's characterization thereof is denied.

4. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of

2

the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

5. Admitted in part and denied in part. It is admitted only that Plaintiff's name and address do not appear in the Fourth Amended Complaint. The Public Access Policy of the Unified Judicial System of Pennsylvania is a writing that speaks for itself. As to the remainder of the allegations, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

6. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

7. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

8. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

9. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

10. Denied. It is specifically denied that Answering Defendant is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. It is specifically denied that Answering Defendant provided security services at the Roosevelt Inn at all times

3

Case ID: 170300712

material to the allegations contained in Plaintiff's Fourth Amended Complaint. Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A.

11.     Admitted in part and denied in part. It is admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied.

12.     Admitted in part and denied in part. It is admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied. The remaining averments contained in the corresponding paragraph are denied.

13.     Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

14.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

15.     Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, the corresponding allegations are denied.

Case ID: 170300712

16. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

17. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, the corresponding allegations are denied.

18. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

19. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, it is specifically denied that Answering Defendant and/or its actual or apparent agents, servants and/or employees had any knowledge of human sex trafficking at the Roosevelt Inn or in any way caused, permitted, or failed to prevent human sex trafficking at the Roosevelt Inn.

## OPERATIVE FACTS

20. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

21. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

Case ID: 170300712

22.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

23.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

24.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

25.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

26.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

27.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without

Case ID: 170300712

knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

28. Admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, the content of which speaks for itself and Plaintiff's characterization thereof is specifically denied. *See* Ex. A. The remaining averments contained in the corresponding paragraph are denied.

29. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

30. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

31. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

32. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, Answering

7

Case ID: 170300712

Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

33. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

34. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

35. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

36. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are denied.

37. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a

Case ID: 170300712

response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

38.     Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the corresponding allegations are denied.

39.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

40.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

41.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

42.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

43.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

Case ID: 170300712

44. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

45. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

46. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

47. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

48. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

49. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

50. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

Case ID: 170300712

51.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

52.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

53.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

54.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

55.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

56.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

57.    Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

Case ID: 170300712

58.    Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

59.    Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

60.    Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are specifically denied.

61.    Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are specifically denied.

62.    Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are specifically denied.

63.    Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without

Case ID: 170300712

knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

64. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

65. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent a response is deemed required, the corresponding allegations are denied. It is specifically denied that Answering Defendant individually and/or by its actual or apparent agents, servants, and/or employees, was negligent at any time relevant to Plaintiff's allegations.

66. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

67. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are denied. It is specifically denied that Answering Defendant individually and/or by its actual or apparent agents, servants, and/or employees, acted negligently, outrageously, and/or in reckless disregard for the health and welfare of Plaintiff. It is specifically denied that punitive damages are warranted.

13

Case ID: 170300712

## COUNT I – NEGLIGENCE

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

68.     Answering Defendant incorporates its Answers to paragraphs 1 through 67 above as if same were set forth fully at length herein.

69. - 77. The allegations contained in paragraphs 69 through 77 are addressed to parties other than Answering Defendant, and therefore no response is required. To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Fourth Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

## COUNT II – NEGLIGENCE

## M.B. v. ALPHA-CENTURION SECURITY, INC.

78.     Answering Defendant incorporates its Answers to paragraphs 1 through 77 above as if same were set forth fully at length herein.

79.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

14

80.     Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, the corresponding allegations are denied.

81.     Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

82.     Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, the corresponding allegations are denied.

83.     Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, the corresponding allegations are denied.

84.     Denied. The averments contained in the corresponding paragraph and subparagraphs (a) through (x) are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant, individually and/or by and through its actual or apparent agents, officers, servants and/or employees, was negligent at any time relevant to Plaintiff's allegations set forth in the Fourth Amended Complaint. The remainder of the allegations in the corresponding paragraph and subparagraphs (a) through (x) are also denied.

85.     Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed

Case ID: 170300712

required, it is specifically denied that Answering Defendant was negligent at any time relevant to Plaintiff's allegations set forth in the Fourth Amended Complaint. As to the remainder of the corresponding allegations, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

86. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant was negligent at any time relevant to Plaintiff's allegations set forth in the Fourth Amended Complaint. It is specifically denied that Answering Defendant breached any alleged duty to Plaintiff.

87. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant acted outrageously and/or in reckless disregard for the health and welfare of Plaintiff. It is specifically denied that punitive damages are warranted.

**WHEREFORE,** Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Fourth Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

88. Answering Defendant incorporates its Answers to paragraphs 1 through 87 above as if same were set forth fully at length herein.

Case ID: 170300712

89. - 90. The allegations contained in paragraphs 89 through 90 are addressed to parties other than Answering Defendant, and therefore no response is required. To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Fourth Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## M.B. v. ALPHA-CENTURION SECURITY, INC.

91. Answering Defendant incorporates its Answers to paragraphs 1 through 90 above as if same were set forth fully at length herein.

92. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant, individually and/or by its actual or apparent agents, servants, and/or employees, was negligent at any time relevant to Plaintiff's allegations set forth in the Fourth Amended Complaint. It is specifically denied that any acts or omissions on the part of Answering Defendant in any way caused or contributed to Plaintiff's alleged injuries.

93. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed

17

Case ID: 170300712

required, it is specifically denied that Answering Defendant acted outrageously and/or in reckless disregard for the health and welfare of Plaintiff.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Fourth Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

## NEW MATTER

94.     Answering Defendant incorporates its Answers to paragraphs 1 through 93 above as if same were set forth fully at length herein, and asserts the following New Matter:

95.     Plaintiff has failed to state a cause of action upon which relief can be granted.

96.     Plaintiff's claims are or may be barred by the statute of limitations.

97.     The sole and proximate cause of the alleged incident involved in this case, and any injury, damage or loss allegedly sustained by Plaintiff, if any, was the result of the act, conduct, negligence, recklessness, carelessness, breaches of contract, violation of statue, code regulation or standard, and violation of duties and obligations owed by persons or parties other than Answering Defendant or its agents, servants, workers or employees.

98.     Answering Defendant breached no duty to Plaintiff.

99.     The property described in Plaintiff's Fourth Amended Complaint was owned, possessed, and/or controlled by an entity other than Answering Defendant over whom Answering Defendant had no control or right of control.

100.     The injuries and damages allegedly sustained by Plaintiff were caused by an intervening cause and/or superseding cause and, therefore, Plaintiff may not recover against Answering Defendant.

18

Case ID: 170300712

101.    Plaintiff's claims are barred, limited, or reduced by virtue of the fact that Answering Defendant cannot be held liable for the criminal acts of third parties.

102.    If it is determined that Answering Defendant is liable along with any other Defendant or Third Party Defendant, Answering Defendant's respective liabilities shall be determined in accordance with the provisions of 42 Pa. C.S.A. § 7102.

103.    Answering Defendant denies that it proximately caused each and every type of injury and/or damages set forth in Plaintiff's Fourth Amended Complaint.

104.    Answering Defendant at all relevant times acted lawfully, prudently and reasonably and in the exercise of good faith.

105.    The conduct attributed to Answering Defendant, which has been denied, did not cause or contribute to the injuries and damages in the Fourth Amended Complaint, and the injuries and damages described in the Fourth Amended Complaint were not foreseeable to Answering Defendant.

106.    Answering Defendant had no notice, actual or constructive, of criminal activity of the kind allegedly perpetrated against Plaintiff.

107.    Answering Defendant's alleged conduct was not the legal cause of any harm to Plaintiff.

108.    No conduct, action, inaction, or omissions on the part of Answering Defendant caused or contributed to Plaintiff's injuries or damages, if any.

109.    Answering Defendant was not negligent, careless and/or reckless at any time relevant to Plaintiff's allegations.

110.    Any acts or omissions of Answering Defendant were not substantial causes of and did not result in the injury and/or damages set forth in Plaintiff's Fourth Amended Complaint.

Case ID: 170300712

111. Answering Defendant denies that it had knowledge, constructive knowledge and/or general awareness that Plaintiff, if proven, was being sexually exploited and/or subjected to involuntary servitude.

112. Answering Defendant denies that it knowingly benefitted financially from the commercial sex acts and/or or involuntary servitude, if any, committed at the Roosevelt Inn.

113. Answering Defendant denies that it knowingly marketed or provided its services to any other Defendant or Third Party Defendant that recruited, profited from or maintained Plaintiff in any sex trade act and/or involuntary servitude.

114. Answering Defendant denies that it supervised or exercised control, or had right of control over any other Defendant or Third Party Defendant that recruited, profited from or maintained Plaintiff in any sex trade act and/or involuntary servitude.

115. Any award of punitive damages would be unjustified under the facts of this case, and would also violate the Pennsylvania Constitution and the United States Constitution.

116. Answering Defendant denies that it is liable pursuant to the Gist of the Action Doctrine.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against Plaintiff together with attorneys' fees, costs, interest and for such other relief as the Court may deem just and proper.

## NEW MATTER CROSS-CLAIM PURSUANT TO PA.R.C.P. 1031.1

### ALPHA-CENTURION SECURITY, INC. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

117. Answering Defendant incorporates its Answer to Plaintiff's Fourth Amended Complaint and New Matter above as if same were set forth fully at length herein, and asserts the following Cross-Claims:

20

Case ID: 170300712

118. Answering Defendant specifically denies that it bears any liability to Plaintiff for the allegations and circumstances set forth in Plaintiff's Fourth Amended Complaint. If Plaintiff sustained injuries and damages as alleged, which allegations are herein expressly denied, then said injuries and damages were caused by the actions, omissions, negligence, carelessness and/or recklessness, and other liability producing conduct on the part of the other named Defendants in this action, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, and were caused in no manner whatsoever by Answering Defendant.

119. In preservation of its prior denials of Plaintiff's Fourth Amended Complaint, Answering Defendant avers that if Plaintiff sustained injuries and damages as alleged, which allegations are herein expressly denied, then the other named Defendants in this action, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, are alone liable to Plaintiff, jointly and/or severally liable to Plaintiff, and/or liable over to Answering Defendant by way of contractual and/or common law contribution and indemnification, together with interest, costs, and attorneys' fees.

**WHEREFORE,** Answering Defendant demands judgment in its favor and against all other parties together with attorneys' fees, costs, interest and for such other relief as the Court may deem just and proper.

## NEW MATTER CROSS-CLAIM PURSUANT TO PA.R.C.P. 1031.1

## ALPHA-CENTURION SECURITY, INC. v. DAIQUAN DAVIS AND ABDUL LOPEZ

120. Answering Defendant incorporates its Answer to Plaintiff's Fourth Amended Complaint and New Matter above as if same were set forth fully at length herein, and asserts the following Cross-Claims:

21

Case ID: 170300712

121.    Answering Defendant specifically denies that it bears any liability to Plaintiff for the allegations and circumstances set forth in Plaintiff's Fourth Amended Complaint. If Plaintiff sustained injuries and damages as alleged, which allegations are herein expressly denied, then said injuries and damages were caused by the actions, omissions, negligence, carelessness and/or recklessness, and other liability producing conduct on the part of Additional Defendants Daiquan Davis and/or Abdul Lopez, and were caused in no manner whatsoever by Answering Defendant.

122.    In preservation of its prior denials of Plaintiff's Fourth Amended Complaint, Answering Defendant avers that if Plaintiff sustained injuries and damages as alleged, which allegations are herein expressly denied, then Additional Defendants Daiquan Davis and/or Abdul Lopez are alone liable to Plaintiff, jointly and/or severally liable to Plaintiff, and/or liable over to Answering Defendant by way of common law contribution and indemnification, together with interest, costs, and attorneys' fees.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against all other parties together with attorneys' fees, costs, interest and for such other relief as the Court may deem just and proper.

<div style="margin-left:40%">

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

</div>

Dated: December 5, 2019

22

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Answer of

Defendant, Alpha-Centurion Security, Inc., to Plaintiff's Fourth Amended Complaint was served

by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for Plaintiff***

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Daniel E. Oberdick, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a
Roosevelt Inn and Roosevelt Inn Café,
Roosevelt Motor Inn, Inc. d/b/a Roosevelt
Motor Inn, UFVS Management Company,
LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: <u>December 5, 2019</u>

23

Case ID: 170300712

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
     quinlan@blankrome.com
     byers@blankrome.com

*Attorneys for Defendant*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

*Filed and Attested by the*
*Office of Judicial Records*
*03 JUN 2019 12:40 pm*
*E. HAURIN*

|  |  |  |
|---|---|---|
| M.B | : | COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY |
|  | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |  |
| ROOSEVELT INN CAFÉ, et al., | : |  |
|  | : |  |
|  | : |  |
|  | : |  |

### DEFENDANTS ROOSEVELT INN LLC, ET AL.'S
### ANSWER TO ALPHA-CENTURION SECURITY, INC.'S CROSSCLAIMS

    Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

("Answering Defendants"), by their undersigned counsel, hereby file this Answer to Defendant

Alpha-Centurion Security, Inc.'s crossclaims as follows:

    117.    Denied. This is an incorporation paragraph to which no response is required. To

the extent a response is required, Answering Defendants incorporate by reference their Answer to

<div align="center">1</div>

Case ID: 170300712

Plaintiff's Third Amended Complaint as if fully set forth herein.

118.    Denied.  It is specifically denied that Answering Defendants were negligent, careless and/or reckless at any time material hereto.  By way of further response, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied, and strict proof thereof is demanded at trial.

119.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments are denied, and strict proof thereof is demanded at trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

<div style="margin-left: 40%;">

**BLANK ROME LLP**

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)

BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
(215) 569-5500

</div>

Dated: December 12, 2019

2

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, James J. Quinlan, Esquire, hereby certify that a true and correct copy of the foregoing

Answer to Defendant Alpha-Centurion Security, Inc.'s Crossclaims was served this 12th day of

December, 2019, upon all counsel of record via the Court's E-Filing system and/or other electronic

mail and/or First Class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

3

Case ID: 170300712

And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ James J. Quinlan
JAMES J. QUINLAN

Case ID: 170300712

*Filed and Attested by the*
*Office of Judicial Records*
*13 DEC 2018 10:55 am*
*M. RUSSO*

TO PLAINTIFF AND DEFENDANTS: YOU ARE HEREBY NOTIFIED TO FILE A WRITTEN RESPONSE TO THE ENCLOSED NEW MATTER WITH CROSSCLAIMS WITHIN TWENTY (20) DAYS FROM SERVICE HEREOF OR A JUDGMENT MAY BE ENTERED AGAINST YOU.

By: /s/ Grant S. Palmer
      Attorney for Defendants Roosevelt Inn, LLC, et al.

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
|       Plaintiff, | |
| v. | MARCH TERM, 2017 NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S**
**ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**
**WITH NEW MATTER AND NEW MATTER CROSSCLAIMS**

Case ID: 170300712

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (collectively "Answering Defendants"), by and through counsel, Blank Rome LLP, hereby file their Answer with New Matter and New Matter Crossclaims to minor Plaintiff M.B.'s ("Plaintiff") Third Amended Complaint ("Complaint") as follows:

1. Denied as stated. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

2. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

3. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

4. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

5. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

6. Admitted in part; denied in part. It is admitted only that Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café is a Delaware limited liability company. The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at trial.

2

Case ID: 170300712

7.     Admitted in part; denied in part. It is admitted only that Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn is a Pennsylvania corporation. The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at time of trial.

8.     Admitted in part; denied in part. It is admitted only that UFVS Management Company, LLC is a New York limited liability company. The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at time of trial.

9.     Admitted in part; denied in part. It is admitted only that Yagna Patel was involved in the management of the Roosevelt Inn. The remaining averments contained in this paragraph are denied. Strict proof is demanded at time of trial.

10.    Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

11.    Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

12.    Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

3

Case ID: 170300712

13.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at time of trial.

14.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at time of trial.

15.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at time of trial.

16.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

17.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

18.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or

4

Case ID: 170300712

omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

19.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

20.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

21.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

22.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

23.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

24.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

5

     Case ID: 170300712

25.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

26.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

27.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

28.     Admitted in part; denied in part. It is admitted that Defendant Alpha-Centurion Security, Inc. entered into a contract with Defendant Roosevelt Inn, LLC to provide security services at the Roosevelt Inn hotel on March 1, 2007, which including indemnifying the Roosevelt Inn, LLC. The remainder of the averments in this paragraph are denied.

29.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

30.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

31.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this

6

Case ID: 170300712

paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

32. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

33. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

34. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

35. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

36. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

37. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or

7

Case ID: 170300712

omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

38.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

39.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

40.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

41.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments

8

Case ID: 170300712

are therefore denied and strict proof thereof is demanded at time of trial.

42.    Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

43.    Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

44.    Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way cause or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

45.    Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way cause or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

9

Case ID: 170300712

46.　Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

47.　Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

48.　Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

49.　Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

10

Case ID: 170300712

50.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

51.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

52.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

53.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

54.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied

11

Case ID: 170300712

that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

55.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

56.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

57.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

58.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that

12

          Case ID: 170300712

any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

59.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

60.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

61.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required

62.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

63.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to

13

Case ID: 170300712

which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

64. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

65. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

66. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto. Further, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

67. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

14

Case ID: 170300712

## COUNT I – NEGLIGENCE

## M.B. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

68.     Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

69.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

70.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

71.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

72.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or

15

Case ID: 170300712

omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

73. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

74. Denied. The averments contained in this paragraph, and its subparagraphs, are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph and its subparagraphs are denied. It is specifically denied that Answering Defendants were negligent at any time material hereto. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

75. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants were negligent at any time material hereto. Further, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in anyway caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

16

Case ID: 170300712

76. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants were negligent at any time material hereto. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in anyway caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

77. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT II – NEGLIGENCE

## M.B. V. ALPHA-CENTURION SECURITY, INC.

78. Denied. To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

79. – 87. Denied. Paragraphs 79 through 87 are directed to parties other than Answering Defendants and no responsive pleading is required.

17

Case ID: 170300712

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

88. Denied. To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

89. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants were negligent at any time material hereto. Further, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

90. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

18

Case ID: 170300712

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. V. ALPHA-CENTURION SECURITY, INC.

91.     Denied. To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

92 – 93.     Denied. Paragraphs 92 through 93 are directed to parties other than Answering Defendants and no responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## NEW MATTER

94.     Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

95.     Plaintiff's Complaint fails to state any claim against Answering Defendants upon which relief may be granted.

96.     The alleged incident was not caused by the negligence, negligence per se, recklessness, carelessness, or violation of statute, code, regulation or standard of Answering Defendants.

97.     The injuries, losses, or damages suffered by Plaintiff were not proximately caused by Answering Defendants.

98.     Plaintiff's claims of damages, which are specifically denied, were not proximately

19

Case ID: 170300712

caused by any acts and/or omissions of Answering Defendants, their employees, servants or agents.

99.    Any harm or injury suffered by Plaintiff was caused by Plaintiff's own actions and/or inactions.

100.    The alleged incident was caused by the negligence, recklessness and/or carelessness of Plaintiff and/or other persons or parties other than Answering Defendants.

101.    Plaintiff's actions and/or inactions were negligent and such negligence was a superseding, intervening cause of the alleged accident that bars or limits all claims by Plaintiff.

102.    Plaintiff's claims are the result of acts or omissions of other individuals or entities whose acts or omissions constituted intervening and/or superseding causes over which Answering Defendants had no control and which Answering Defendants could not foresee.

103.    No conduct, actions, inaction, or omissions on the part of Answering Defendants caused or contributed to Plaintiff's injuries or damages, if any.

104.    Answering Defendants were not negligent, careless and/or reckless at any time material hereto.

105.    Plaintiff has failed to join all indispensable parties.

106.    Plaintiff's Complaint is barred or limited by the appropriate statute of limitations or statute of repose.

107.    Plaintiff's Complaint is barred or limited by the doctrine of waiver, estoppel, res judicata and/or laches.

108.    Plaintiff's claims are barred or limited by the doctrine of spoliation.

109.    Plaintiff's claims are barred or limited by the doctrines of contributory negligence, comparative negligence, and/or assumption of the risk.

20

Case ID: 170300712

110. Plaintiff's Complaint is barred or limited by Plaintiff's failure to mitigate damages.

111. The injuries and damages complained of by Plaintiff pre-existed or are unrelated to the incident or occurrence which is the subject matter of Plaintiff's Complaint.

112. Plaintiff's claims for damages, if any, are excessive and unsupported and, therefore, must be barred or limited.

113. Answering Defendants owed no duty of care to Plaintiff.

114. To the extent that Answering Defendants owed a duty to Plaintiff, which is denied, Answering Defendants did not breach any duty.

115. A party other than Answering Defendants directed, supervised, and controlled the premises where Plaintiff was allegedly injured.

116. Any acts or omissions of Answering Defendants were not substantial causes of and did not result in the injuries and/or losses alleged by Plaintiff.

117. Plaintiff fails to state a claim under Pennsylvania's Human Trafficking Law, 18 Pa.C.S. § 3001, *et seq*.

118. Plaintiff fails to state a claim under Pennsylvania's Human Trafficking Law, 18 Pa.C.S. § 3051.

119. The alleged causes of action contained in Plaintiff's Complaint are barred by any and all applicable affirmative defenses explicitly set forth in Pa.R.C.P. 1030(a).

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

21

Case ID: 170300712

## NEW MATTER CROSSCLAIMS

## ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL V. DEFENDANT ALPHA-CENTURION SECURITY, INC.

120. Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

121. If the allegations in Plaintiff's Fourth Amended Complaint are true, it is averred that Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants are alone liable to Plaintiff, with all liability on the part of Answering Defendants being expressly denied.

122. In the alternative, if it is judicially determined that Answering Defendants are liable to Plaintiff, the same being expressly denied, then Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants are jointly and severally liable along with Answering Defendants and/or liable over to Answering Defendants for contribution and/or indemnity.

123. Pursuant to the terms of a March 1, 2007 Security Contract ("Security Contract") between Alpha-Centurion Security, Inc. and Answering Defendants, Alpha-Centurion Security, Inc. was obligated to safeguard individuals at the Roosevelt Inn by identifying criminal activity and taking appropriate responsive action. *See* Security Contract attached as Exhibit "A."

124. In the event that the allegations in Plaintiff's Fourth Amended Complaint are proven true, said allegations being hereby expressly denied, then Alpha-Centurion Security, Inc. breached the Security Contract by failing to identify and take appropriate responsive action to the criminal activities alleged in Plaintiff's Complaint.

22

Case ID: 170300712

125.     Further, under the terms of the Security Contract, Alpha-Centurion Security, Inc. contracted to indemnify Answering Defendants for "any loss, theft, or damage to property or injury to persons caused solely or in part as a result of intentional or deliberate acts, conduct, omissions and or criminal activities of Alpha-Centurion Security, Inc.'s security officers when committed in the performance of their duties." *See id* at *¶ 8.*

126.     Pursuant to the terms of the Security Contract, Alpha-Centurion Security, Inc., is contractually obligated to indemnify and defend Answering Defendants with respect to the allegations in Plaintiff's Fourth Complaint. *See* Exhibit "A."

127.     In the event that Plaintiff sustained damages as alleged in the Complaint, said allegations being hereby denied, said damages were a direct result of the acts, omissions, negligence, strict liability, recklessness and/or carelessness of Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants.

128.     In the alternative, if it is judicially determined that Answering Defendants are liable to Plaintiff, the same being expressly denied, then Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants are jointly and severally liable along with Answering Defendants and/or liable over to Answering Defendants by way of contractual contribution and/or indemnity.

## ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL V. ADDITIONAL DEFENDANTS DAIQUAN DAVIS AND ADBUL LOPEZ

129.     Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

130.     On October 18, 2018 Defendants Roosevelt Inn LLC D/B/A Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc., D/B/A Roosevelt Motor Inn, UFVS Management

23

Company, LLC and Yagna Patel filed a Joinder Complaint against Additional Defendants Daiquan Davis and Abdul Lopez.

131.    Answering Defendants hereby incorporate by reference paragraphs 1 through 30, including Counts I through IV, of the Joinder Complaint as if fully set forth herein and attached hereto as Exhibit B.

132.    If the allegations in Plaintiff's Fourth Amended Complaint are true, it is averred that Additional Defendants Daiquan Davis and Abdul Lopez, and any additional defendants and/or any subsequently joined defendants are alone liable to Plaintiff, with all liability on the part of Answering Defendants being expressly denied. In the alternative, if it is judicially determined that Answering Defendants are liable to Plaintiff, the same being expressly denied, then Additional Defendants Daiquan Davis and Abdul Lopez, and any additional defendants and/or any subsequently joined defendants are jointly and severally liable along with Answering Defendants and/or liable over to Answering Defendants for contribution and/or indemnity.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

**BLANK ROME LLP**

*/s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: December 12, 2019            (215) 569-5500

24

Case ID: 170300712

## VERIFICATION

I, Yagna Patel, hereby verify that I am a party to this action and that the facts contained in the foregoing Answer with New Matter and New Matter Crossclaims are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 P.S. §4904 relating to unsworn falsifications to authorities.

Dated: 12/12/18 , 2019          By: _____

System.Object[]

**VERIFICATION**

I, Anthony Uzzo, hereby verify that I am authorized to execute this verification on behalf of Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, and the Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, and, separately on behalf of UFVS Management Company, LLC, and that the facts contained in the foregoing Answer with New Matter and New Matter Crossclaims are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 P.S. §4904 relating to unsworn falsifications to authorities.

Dated: __12|12|19__, 2019          By: _____

System.Object[]

# CERTIFICATE OF SERVICE

I, Grant S. Palmer, Esquire, hereby certify that, on this 12th day of December 2019, I caused to be served true and correct copies of the foregoing Answer with New Matter and New Matter Crossclaims to be served via the Court's E-Filing system and/or other electronic mail and/or First Class Mail, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
USP Terre Haute
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712

And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

*/s/ Grant S. Palmer*
GRANT S. PALMER

26

Case ID: 170300712

# EXHIBIT A

Case ID: 170300712



# Alpha-Centurion Security, Inc.



Joanna Small,
President
WBDCPA-0257

200 – 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax: (610) 449-2010

## SECURITY CONTRACT

This contract made this **1st** day of **March, 2007** by and between **Alpha-Centurion Security, Inc.** herein referred to as Service to _____ **Roosevelt Inn** _____ herein referred to as **Client.**

1.     **Service** will furnish uniformed security officers to assist in the safeguard of **Clients** property and person located at _____ **7600 Roosevelt Blvd., Philadelphia, PA 19152** _____, Both parties will agree upon the number of Security Officers and the Specific Duties of the Officers. The Security Officers will be employees of the service, which will pay all payroll taxes. Service will at all times be an independent contractor and not an agent of the **Client**.

2.     **Client** will compensate the **Service** at the rate of: UN-Armed **$13.25** Armed _____ . **Holidays - Client** will be billed time and one half for seven paid holidays when security officers are required to work on the specified days as follows: (1) Christmas Day- (2) New Years Day- (3) Easter – (4) 4th of July – (5) Memorial Day - -(6) Labor Day – (7) Thanksgiving Day.

    **Court – Client** will be billed straight time for time spent in court on the **Clients** behalf.

    **Emergency or Special Service**, which for the purpose of this contract, is defined as **Additional Security Service**, requested less than **Seventy -Two Hours** prior to the required time. **Client** will assume all Overtime cost associated with emergency or special services.

    **Service** will assume all overtime costs associated to maintain normal, agreed upon staffing levels.

3.     **Payment** will be made within **14** of receipt of Invoice. If payment is not received **21** days after *agreement date, service will be automatically suspended until payment is received. Client will not offset any claim* against billing. After **21** payment is considered late and subject to **1 ½%** interest, **18% annually**.

4.     Invoiced hours will be considered accepted as **Accurate and Payable** if not contested in writing within **14 Days** of receiving invoice.

5.     **Termination** – This agreement may be terminated prior to its expiration date in the event either party shall default in the performance of its obligations under this proposal and subsequent agreement (including the timely payments of amounts due under it), and the non-defaulting party shall have the right, in addition to such other rights the party may have under this agreement by giving three days written notice by certified mail to the defaulting party. In the event of default resulting in termination of the agreement, if either party brings action against the other to enforce any condition or covenant of this Agreement, the prevailing party in such action shall be entitled to recover the court costs, and reasonable attorney fees.

•••••••••••••••••••••••••••••••••••••••••••••••••••••

Case ID: 170300712



# Alpha-Centurion Security, Inc.

Joanna Small,
President
WBDCPA-0257

200 – 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax: (610) 449-2010



6.  Upon termination of this agreement, all security officers will be removed from the premises, and all responsibilities of **Service** to perform services, and **Client** to pay for future services will be ended. **Client** will also ensure that all equipment, records, forms, papers belonging to the service will be released to the service.

7.  **Service** is an equal opportunity employer which does not discriminate in hiring, promotion or any condition of employment on the basis of race, color, creed, sex, age, martial status, or natural origin, and complies with all pertinent federal, state, and local laws and regulations. Unarmed Security Officers by law are not allowed to carry Batons, handcuffs, unless they are PA 235 Certified.

8.  **Service** does not guarantee that its service will prevent loss, theft, or damage to **Client's** property or injury to persons. **Service** is not an insurer and the amount the **Client** is paying for Security Guard Service bears no relationship to the value of the property of the **Client** or others, which Service is helping to safeguard. **Service** will not be responsible for any loss, theft or damages to property unless solely caused by the negligence of **Service's** security officers performing their assigned duties and then only to the amount considered replacement value, under no circumstances will **Service** pay retail for replacement, and any cost not to exceed the insurance provided. **Service** shall be responsible for and indemnify **Client** for any loss, theft, or damage to property or injury to persons caused solely or in part as a result of intentional or deliberate acts, conduct, omissions and or criminal activities of **Service's** security officers when committed in the performance of their duties. **Service** and **Client** each waive any right of subrogation against each other for losses due to fire, explosion or other insured against peril.

9.  **Service** will carry comprehensive general liability insurance, issued by insurance companies licensed to do business in the Commonwealth of Pennsylvania and state of New Jersey with a minimum limit of **$1,000,000.00** and **$2,000,000.00** Aggregate, workers' compensation insurance covering its employees while working at **Client's** locations. **Client** shall be furnished with a certificate of insurance. **Client** will be added as additionally insured.

10. If Service and Client are unable to perform this agreement because of strikes or labor difficulties of any nature involving employees of Service, **Client** or third parties, or because of **Acts of God** such as fire, flood, or national emergency, or due to any other cause beyond **Service's** and **Client's** control. The **Service** and **Client** shall be relieved of any claims, liability, or obligation under this agreement.

11. This agreement is for a term of **As Needed**. Either party may terminate at the expiration of this term by giving the other **Thirty (30) Days** written notice of intention to do prior to the then current term. If no notice is given, then this agreement will continue on a **Month to Month** Basis.

12. If during any term of the agreement **Service's** labor costs are increased, **Service** may notify **Client** who agrees to renegotiate Service's **Billing Rate**. If no agreement can be reached, then either party may terminate this agreement **(10) Ten Days** after giving the other written notice by certified or registered mail of its intention to do so at the end of the contract.

Case ID: 170300212
Case ID: 170300712



# Alpha-Centurion Security, Inc.



Joanna Small,
President
WBDCPA-0257

200 – 204 West Chester Pike
Havertown, PA 19083
Phone: (610) 449-7840
Fax: (610) 449-2010

13.  **Client** agrees to make available to **Service** at no charge any material or information and to include **Service's** personnel in any training programs necessary to comply with any applicable Federal or State **"Right to Know"** laws or regulations.

14.  **Client** agrees that it will not solicit or make any offer of direct security related employment to any member of the **Service's** staff during current agreement or for a period of **Twelve Months** following the date of termination of this agreement.

15.  The waiver by either party of a breach of violation of any provision of the Agreement shall not operate as, or be construed to be, a waiver of any subsequent breach of this agreement. In the event that any of the provisions or portions thereof, of this agreement are held to be unenforceable or invalid by any court or competent jurisdiction, the validity of enforceability of the remaining provisions or portions of it shall not be effected.

By: _Joyce Peter_ MANAGER

By: _Joanna Small_

For: _ROOSEVELT INN_

For: **Alpha Centurion Security Inc.**

Title: _MANAGER_

Title: _President_

# EXHIBIT B

*Filed and Attested by the
Office of Judicial Records
26 SEP 2019 04:58 pm
E. HAIKINS*

# EXHIBIT B

Case ID: 170300712

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com
doberdick@blankrome.com

Filed and Attested by the
Office of Judicial Records
19 OCT 2018 02:47 pm
E. HAURIN

**TO DEFENDANTS: YOU ARE HEREBY NOTIFIED TO FILE A WRITTEN RESPONSE TO THE ENCLOSED VERIFIED JOINDER COMPLAINT WITHIN TWENTY (20) DAYS OF SERVICE HEREOF OR A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU.**

*/s/ Grant S. Palmer*
*Grant S. Palmer, Esquire*
*Attorney for Defendants*
Roosevelt Inn LLC d/b/a Roosevelt Inn and
Roosevelt Inn Café, Roosevelt Motor Inn, Inc.
d/b/a Roosevelt Motor Inn, UFVS Management
Company, LLC and Yagna Patel

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | |
| v. | MARCH TERM, 2017 NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | JURY TRIAL DEMANDED |
| Defendants, | |
| v. | |
| DAIQUAN DAVIS and ABDUL LOPEZ | |
| Additional Defendants. | |

**NOTICE TO DEFEND**

Case ID: 170300712

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Second Amended Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Second Amended Complaint of for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-619

2

Case ID: 170300712

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com
doberdick@blankrome.com

**TO DEFENDANTS: YOU ARE HEREBY
NOTIFIED TO FILE A WRITTEN
RESPONSE TO THE ENCLOSED
VERIFIED JOINDER COMPLAINT
WITHIN TWENTY (20) DAYS OF
SERVICE HEREOF OR A DEFAULT
JUDGMENT MAY BE ENTERED
AGAINST YOU.**

*/s/ Grant S. Palmer*
*Grant S. Palmer, Esquire*
*Attorney for Defendants*
Roosevelt Inn LLC d/b/a Roosevelt Inn and
Roosevelt Inn Café, Roosevelt Motor Inn, Inc.
d/b/a Roosevelt Motor Inn, UFVS Management
Company, LLC and Yagna Patel

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>Plaintiff,<br><br>v.<br><br>ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al.,<br><br>Defendants,<br>v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S JOINDER COMPLAINT

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel,

3

Case ID: 170300712

by and through their attorneys, Blank Rome LLP, pursuant to Pennsylvania Rule of Civil Procedure 2252, hereby file this Complaint to Join Additional Defendants Daiquan Davis and Abdul Lopez, and in support thereof, aver as follows:

1.        On August 27, 2018, Plaintiff filed a Second Amended Complaint against five defendants, including Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel.

2.        Plaintiff alleges that, commencing in 2014, when she was fourteen (14) years old, she was recruited, enticed, solicited, harbored, and/or transported by traffickers to engage in commercial sex acts. *See* Plaintiff's Second Amended Complaint at ¶¶5; 30, attached as Exhibit "A."

3.        Plaintiff alleges that her traffickers posted internet advertisements for the purpose of prostituting her that would include a fake name for Plaintiff and a phone number to call. *Id.* at ¶¶44-45.

4.        Plaintiff alleges that "Johns" would call the phone number listed on these internet advertisements and negotiate sex for cash. *Id.* at ¶46.

5.        Plaintiff alleges that during 2014, she was trafficked at the Roosevelt Inn, located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152. *Id.* at ¶¶4; 6; 30.

6.        Plaintiff alleges that "Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn." *Id.* at ¶67.

4


Case ID: 170300712

7.      Plaintiff alleges that her traffickers consistently displayed "Do Not Disturb" signs on the doors to the motel rooms and consistently refused housekeeping services. *See* Exhibit "A" at ¶ 59.

8.      Plaintiff claims to have suffered the following as a result of the alleged sex trafficking: "physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future." *See* Ex. A, at ¶ 80.

9.      Plaintiff claims that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel owned, operated and/or managed the Roosevelt Inn, and, individually and/or by and through their actual or apparent agents, servants and employees, "knew or had constructive knowledge" of the signs of human trafficking, knowingly rented rooms to the traffickers and failed to report or otherwise intervene while Plaintiff was allegedly trafficked. *Id.* at ¶¶6-9; 68-69; 72-74.

10.     During the course of discovery, Plaintiff identified Daiquan Davis and Abdul Lopez as the traffickers who allegedly recruited, enticed, solicited, harbored, and/or transported her for the purpose of causing and/or permitting her to be engaged in commercial sex acts at the Roosevelt Inn.

11.     Upon information and belief, Daiquan Davis is an adult male currently incarcerated in the Berlin Federal Detention Center, New Hampshire.

12.     Upon information and belief, Abdul Lopez is currently incarcerated in the United States Penitentiary located in Tucson, Arizona.

5

Case ID: 170300712

<div align="center">

**COUNT I**
**NEGLIGENCE**
**(AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)**

</div>

13. Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

14. If Plaintiff's allegations are true, then Additional Defendants Daiquan Davis and Abdul Lopez breached the standard of reasonable care by recruiting, enticing, soliciting, harboring, and/or transporting Plaintiff for the purpose of causing and/or permitting her to be engaged in commercial sex acts.

15. If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

16. In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the parts of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn,

<div align="center">6</div>

Case ID: 170300712

Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendants Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

<div align="center">

**COUNT II**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)**

</div>

17.     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

18.     If Plaintiff's allegations are true, then by recruiting, enticing, soliciting, harboring, and/or transporting Plaintiff for the purpose of causing and/or permitting her to be engaged in commercial sex acts, Additional Defendants Daiquan Davis and Abdul Lopez negligently caused Plaintiff to suffer fear, depression, humiliation, mental anguish, and severe physical and emotional distress and thereby committed the tort of negligent infliction of emotional distress.

19.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

<div align="center">7</div>

20.     In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the part of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendants Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)

21.     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

8



22.     If Plaintiff's allegations are true, then by recruiting, enticing, soliciting, harboring, and/or transporting Plaintiff for the purpose of causing and/or permitting her to be engaged in commercial sex acts, Additional Defendants Daiquan Davis and Abdul Lopez intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish, and severe physical and emotional distress and thereby committed the tort of intentional infliction of emotional distress.

23.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

24.     In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the part of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendant Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

9

Case ID: 170300712

## COUNT IV
## NEGLIGENCE *PER SE*
## (AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)

25.     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

26.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis and Abdul Lopez violated, themselves or in concert with others, the following criminal statutes, all of which are intended to protect a class of individuals that includes Plaintiff:

        a.   Aggravated Assault, 18 Pa.C.S.A. § 2702;

        b.   Reckless Endangerment, 18 Pa.C.S.A. § 2705;

        c.   Kidnapping, 18 Pa.C.S.A. § 2901;

        d.   Unlawful Restraint, 18 Pa.C.S.A. § 2902;

        e.   False Imprisonment, 18 Pa.C.S.A. § 2903;

        f.   Criminal Coercion, 18 Pa.C.S.A. § 2906;

        g.   Rape, 18 Pa.C.S.A. § 3121;

        h.   Statutory Sexual Assault, 18 Pa.C.S.A. § 3122.1;

        i.   Involuntary Deviate Sexual Intercourse, 18 Pa.C.S. § 3123;

        j.   Sexual Assault, 18 Pa.C.S.A. § 3124.1;

        k.   Promoting Prostitution of a Minor, 18 Pa.C.S.A. § 5902(b);

        l.   Sexual Abuse of a Child, 18 Pa.C.S.A. § 6312;

        m.   Unlawful Contact with a Minor, 18 Pa.C.S.A. § 6318;

10

Case ID: 170300712

n. Sexual Exploitation of a Minor, 18 Pa.C.S.A. § 6320; and

o. Sex Trafficking of Children by Force, Fraud, or Coercion, 18 U.S.C. § 1591.

27.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's violation of these statutes constitutes negligence *per se*.

28.     If Plaintiff's allegations concerning trafficking are true and the facts demonstrate that Additional Defendants Daiquan Davis and Abdul Lopez trafficked Plaintiff and violated 18 PA C.S.A § 3051 during the applicable statutory time period, then Daiquan Davis' and Abdul Lopez's actions constitute negligence *per se*.

29.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

30.     In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the part of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC

11

Case ID: 170300712

and Yagna Patel demand judgment in their favor and against all parties, including contribution

and/or indemnity from Additional Defendants Daiquan Davis and Abdul Lopez, together with

costs and such other relief as the Court deems appropriate.

**BLANK ROME LLP**

*/s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: October 18, 2018                     (215) 569-5500

12

Case ID: 170300712

## VERIFICATION

I, Yagna Patel, state that I am a defendant in the above captioned action, and verify that:

I have read the foregoing Joinder Complaint of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel against Additional Defendants Daiquan Davis and Abdul Lopez which was prepared using information compiled by myself, employees of Defendants and our counsel, and the information set forth herein is true and correct to the best of my knowledge, information and belief.

I understand that this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 10/17/18                                         _____
                                                        YAGNA PATEL        MANAVEL

13

150213.00601/113454270v.1

Case ID: 170300712

<center>**VERIFICATION**</center>

I, Anthony P. Uzzo, state that I am authorized to make this Verification on behalf of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, and UFVS Management Company, LLC, defendants in the above captioned action, and verify that:

I have read the foregoing Joinder Complaint of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel against Additional Defendants Daiquan Davis and Abdul Lopez which was prepared using information compiled by myself, employees of Defendants and our counsel, and the information set forth herein is true and correct to the best of my knowledge, information and belief.

I understand that this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 10/17/18

_____
ANTHONY P. UZZO

14

150213.00601/113454270v.1

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Grant S. Palmer, Esquire, hereby certify that, on this 18th day of October 2018, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Joinder Complaint to be served via the court's electronic filing system and/or first class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

*/s/ Grant S. Palmer*
GRANT S. PALMER

15

Case ID: 170300712

# EXHIBIT A

Filed and Attested by the
Office of Judicial Records
18 OCT 2018 02:47 pm
E. HAURIN

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
27 AUG 2018 10:30 am
M. RUIZ

| | |
|---|---|
| M.B. | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | COURT OF COMMON PLEAS |
| 1525 Locust Street | |
| Philadelphia, PA 19102 | CIVIL TRIAL DIVISION |
|         Plaintiff, | MARCH TERM, 2017 |
| | NO.: 00712 |
|     V. | |
| | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC | |
| *d/b/a ROOSEVELT INN and* | |
| *ROOSEVELT INN CAFE* | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
|     and | |
| | |
| ROOSEVELT MOTOR INN, INC. | |
| *d/b/a ROOSEVELT MOTOR INN* | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
|     and | |
| | |
| UFVS MANAGEMENT COMPANY, LLC | |
| 287 Bowman Avenue | |
| Purchase, NY 10577 | |
| | |
|     and | |
| | |
| YAGNA PATEL | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
|     and | |
| | |
| ALPHA-CENTURION SECURITY, INC. | |
| 3720 West Chester Pike | |
| Newtown Square, PA 19073 | |

Defendants :

## **NOTICE TO DEFEND**

| NOTICE | AVISO |
|---|---|

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**
**TTY(215) 451-6197**

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted._

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA 19107**
**Telefono: (215) 238-6333**
**TTY(215) 451-6197**

**KLINE & SPECTER, P.C.**                              Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.:00712 |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |

---

## PLAINTIFF'S SECOND AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally.  It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.      Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center.  Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3.      In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

### THE PARTIES

4.      Plaintiff, M.B., was born on September 3, 1999 and is one of the thousands of victims of human trafficking in the United States.  In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.  Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5.      Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she



was fourteen (14) years old. See also Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6.    Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.    Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.    Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York.  At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.    Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152.  Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.    Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.    Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn

located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12. Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

13. Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn and assumed responsibility for ensuring the safety and well-being of individuals lawfully on the premises, including Plaintiff, M.B.

14. Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County. Venue is also proper in this case because Pennsylvania's human trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to bring suit in the county in which the victim resides. Plaintiff M.B. resides in Philadelphia County. Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

15. At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency,

master-servant, respondent superior and/or right of control.

16.     At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

17.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

18.     At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

19.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

20.     At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

21.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor



Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

22.    At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

23.    At all material times hereto, Defendants Roosevelt, Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

24.    At all material times hereto, Defendant Alpha-Centurion Security, Inc. knowingly provided its security and related services at the Roosevelt Inn, while having knowledge of the commercial sex acts occurring on the premises of the Roosevelt Inn.

## OPERATIVE FACTS

25.    Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3011, et. seq. it is a felony to recruit, entice, solicit, harbor, or transport a minor which results in the minor being subjected to sexual servitude.

26.    Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees. Hotels and motels are a convenient place for customers to purchase sex to avoid detection. Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

27.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn. From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

28.     While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

29.     Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

30.     Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

31.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3051, a person or entity can be civilly liable for knowingly marketing or providing its goods or services to a sex trafficker.

32.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

33.     Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

34.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

35.     By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and well-being of individuals lawfully present at the Roosevelt Inn, including Plaintiff.

36.     It is believed and therefore averred that all of the responsibilities as aforesaid were well within the scope of the contractual responsibilities promised and undertaken by Defendant Alpha-Centurion Security, Inc. as part of its agreement to provide security services on the premises of the Roosevelt Inn.

37.     Defendant Alpha-Centurion Security, assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

38.     Having undertaken responsibilities as aforesaid, Defendant Alpha-Centurion Security owed a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

39.     Defendant Alpha-Centurion Security, Inc. provided security services, while traffickers used the rooms at the Roosevelt Inn to engage in commercial sex acts with Plaintiff when she was a minor.

40. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff for commercial sex acts.

41. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that rooms and services were being rented or otherwise provided to individuals trafficking Plaintiff for commercial sex acts, while Alpha-Centurion Security, Inc. had a duty to protect individuals lawfully present at the Roosevelt Inn, like Plaintiff.

42. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

43. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

44. Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

45. The advertisements included a fake name for Plaintiff and a phone number to call.

46. During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

47. The "John" who negotiated to have sex for cash with Plaintiff would then speak to

the front desk clerk at the Roosevelt Inn.

48.     An individual named "Abdul" would hold himself out as the clerk, staff member or employee at the Roosevelt Inn. The complete name of "Abdul" is known to Defendants.

49.     "Abdul" would then direct the individual to the floor and room where Plaintiff and her traffickers were staying.

50.     "Abdul" was fully aware that Plaintiff who was a minor and other underage children were compelled to perform sex for money at the Roosevelt Inn.

51.     Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

52.     The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

53.     Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

54.     Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

55.     Housekeepers and front desk staff including "Abdul" at the Roosevelt Inn had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

56.     Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

57.     Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

58.     Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.



59.     Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

60.     Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

61.     Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

62.     Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

63.     Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

64.     Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

65.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

66.     On at least one occasion, Yagna Patel came to the room occupied by the Plaintiff and was handed money by one of her traffickers.

67.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

68.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or



otherwise stop the human sex trafficking of the Plaintiff.

69. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

70. Plaintiff, as a guest at the Roosevelt Inn, was a business invitee of Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel.

71. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, owed a duty to Plaintiff, as motel guest, to excrcise reasonable care to protect against criminal conduct.

72. Defendants Roosevelt Inn, LLC, Rooscvclt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to persons who were trafficking Plaintiff.

73. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

74. Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff, as a business invitee, from

criminal conduct.

75.    Upon information and belief, Defendant Alpha-Centurion Security, Inc.
contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security
services. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its
actual or apparent agents, servants and employees, was hired or contracted to ensure the safety
and well-being of individuals on the motel's premises, the motel's guests, the motel's employees
and the motel's property.

76.    By providing security services, Defendant Alpha-Centurion Security, Inc.
assumed responsibility for ensuring the safety and well-being of individuals on the premises of
the Roosevelt Inn, including Plaintiff.

77.    Defendant Alpha-Centurion Security, Inc. assumed responsibility for protecting
individuals present at the Roosevelt Inn, including Plaintiff, from foreseeable harm including
commercial sex exploitation and human sex trafficking.

78.    Having undertaken aforesaid responsibilities and contractual obligations,
Defendant Alpha Centurion owed a duty to Plaintiff to provide a reasonably safe environment at
the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

79.    Defendant Alpha-Centurion Security, Inc. provided security services at the
Roosevelt Inn, while having knowledge of the commercial sex acts committed on the premises of
the Roosevelt Inn through the renting of rooms.

80.    By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants
Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna
Patel, individually and/or by and through their actual or apparent agents, servants and employees
caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish,

humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

81.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

82.     By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

83.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop the practice.

84.     By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

85.     By having knowledge of human sex trafficking at the Roosevelt Inn and

negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

86. The averments of Paragraphs 1 through 85 are incorporated herein by reference.

87. Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil liability for people or entities who knowingly market or provide their goods and services to sex traffickers.

88. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, did knowingly rent rooms to individuals sex trafficking Plaintiff as minor, which resulted in her being sex trafficked and sexually exploited.

89. By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

90. By knowingly renting rooms to individuals sex trafficking the Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC,

and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop sex trafficking on the premises of the Roosevelt Inn.

91.    By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II - NEGLIGENCE

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

92.    The averments of Paragraphs 1 through 91 are incorporated herein by reference.

93.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons on the premises of the Roosevelt Inn.

94.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent

agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

95.     Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

96.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

97.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the



Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

98.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b.  Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e.  Failing to adequately control access to the premises;

f.  Failing to prevent entry of unauthorized individuals onto the premises;

g.  Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity detected on video surveillance;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises;

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to§§ 302, 318, 321, 323, 324A, and 344; and

y. Failing to exercise care, caution and diligence required under the circumstances.

99.     By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

100.     As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

101.     As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn.

102.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand



($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

## M.B. v. ALPHA-CENTURION SECURITY, INC.

103. The averments of paragraphs 1 through 102 are incorporated herein by reference.

104. Having undertaken responsibilities as aforesaid and the provision of security services at the Roosevelt Inn, Defendant Alpha-Centurion Security, Inc. owed a duty to protect the safety and well-being of individuals lawfully present at the motel, the motel's guests, the motel's employees, and the motel's property.

105. Defendant Alpha-Centurion Security, Inc. failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff, although Defendant Alpha-Centurion Security, Inc. had knowledge of criminal activity, commercial sex activity and human trafficking occurring at the Roosevelt Inn.

106. Defendant Alpha-Centurion Security, Inc., by and through its agents, ostensible agents, officers, servants, and/or employees, was negligent by:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

c. Failing to adequately control access to the premises;

f.  Failing to prevent entry of unauthorized individuals onto the premises;

g.  Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h.  Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i.  Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n.  Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q.  Failing to respond and react to suspicious activity detected on video surveillance;

r.  Failing to maintain surveillance equipment in proper working order;

s.  Failing to test or properly test surveillance equipment to ensure it was in working order;

t.  Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

107. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

108. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn including harm to Plaintiff.

109. Each of the herein-described tortuous or otherwise culpable acts or omissions by Defendant Alpha-Centurion Security, Inc. increased the likelihood that Plaintiff would suffer the injuries set forth in this Complaint.

110. Defendant Alpha-Centurion Security, Inc.'s negligence increased the risk of harm to Plaintiff and was a substantial factor in causing and continuing the harm and damages suffered by Plaintiff.

111. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of



Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

112. The averments of paragraphs 1 through 111 are incorporated herein by reference.

113. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

114. Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

115. The averments of paragraphs 1 through 114 are incorporated herein by reference.

116. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, negligently committed the acts averred in this

Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression,

humiliation, mental anguish and severe physical and emotional distress, directly and proximately

causing harm and damages to the Plaintiff.

117.     Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless

disregard for the health and welfare of the Plaintiff warranting the imposition of punitive

damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendant

Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of

Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for

pre-judgment delay.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

118.     The averments of paragraphs 1 through 117 are incorporated herein by reference.

119.     By knowingly renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt

Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel,

individually and/or by and through their actual or apparent agents, servants and employees,

intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever

physical and emotional distress and proximately causing harm and damage to the Plaintiff.

120.     Defendants acted outrageously and in reckless disregard for the health and

welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against all

Defendants and demands compensatory and punitive damages in excess of Fifty Thousand

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## M.B. v. ALPHA-CENTURION SECURITY, INC.

121. The averments of paragraphs 1 through 120 are incorporated herein by reference.

122. By failing to report, intervene, disrupt or otherwise stop the trafficking of Plaintiff M.B., Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

123. By having knowledge of commercial sex activity and failing to intervene, Defendant Alpha-Centurion Security, Inc. intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

124. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

BY: */s/ Nadeem A. Bezar*
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

## VERIFICATION

I, M████ B████, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Second Amended Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.



M████ B████

**CERTIFICATE OF SERVICE**

I do hereby certify that service of a true and correct copy of the above Plaintiff's Second Amended Complaint was filed with the Court on August 27, 2018 and served by electronic filing upon counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Defendant Alpha-Centurion Security, Inc.*

By:     */s/ Nadeem A. Bezar*
        THOMAS R. KLINE, ESQUIRE
        NADEEM A. BEZAR, ESQUIRE
        EMILY B. MARKS, ESQUIRE
        Attorney for Minor-Plaintiffs

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants*
*Roosevelt Inn LLC d/b/a Roosevelt Inn,*
*Roosevelt Inn Café, Roosevelt Motor Inn*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

Filed and Attested by the
Office of Judicial Records
03 SEP 2019 03:41 pm
A. SWEENEY

|                                               |     |                                |
| --------------------------------------------- | --- | ------------------------------ |
|                                               | :   |                                |
| M.B., minor by her Guardian,                  | :   | COURT OF COMMON PLEAS          |
| William A. Calandra, Esquire,                 | :   | PHILADELPHIA COUNTY            |
|                                               | :   | CIVIL TRIAL DIVISION           |
| Plaintiff,                                    | :   |                                |
|                                               | :   | MARCH TERM, 2017               |
| v.                                            | :   | NO.: 00712                     |
|                                               | :   |                                |
| ROOSEVELT INN LLC                             | :   | JURY TRIAL DEMANDED            |
| d/b/a ROOSEVELT INN and                       | :   |                                |
| ROOSEVELT INN CAFÉ, et al.,                   | :   |                                |
|                                               | :   |                                |

## <u>NOTICE OF PRESENTATION</u>

Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle B. Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

Robert Beason
3479 Emerald Street
Philadelphia, PA 19134

Kelly Mahon Beason
3479 Emerald Street
Philadelphia, PA 19134

Case ID: 170300712

**PLEASE TAKE NOTICE** that the Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, to Re-Enforce Subpoena, Command Attendance at Deposition and for Monetary Sanctions will be presented to the Court on _____ _____, 20____ at _____, in Court Room _____, City Hall, Philadelphia, PA.

**BLANK ROME LLP**

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: December 13, 2019                    (215) 569-5500

2

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

---

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | : <br> : | |
| v. | : <br> : | MARCH TERM, 2017<br>NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |

---

## <u>MOTION TO RE-ENFORCE SUBPOENA, COMMAND ATTENDANCE AT DEPOSITION AND FOR MONETARY SANCTIONS</u>

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by and through their undersigned

attorneys, hereby move the Court to enter an Order pursuant to Pa. R. Civ. P. 4019, to re-enforce

the Roosevelt Defendants' subpoena, command Kelly Mahon Beason to appear for deposition,

and for monetary sanctions for failure to appear. In support of this motion, the Roosevelt

Defendants aver as follows:

1. Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc.

2. In her Complaint, Plaintiff alleges that from 2013 through 2014, she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises on a "regular, consistent and/or repeated basis." Plaintiff alleges that during this time period, she occupied approximately half of the rooms at the Roosevelt Inn.

3. Plaintiff's allegations place a number of facts at issue, including, but not limited to: 1) whether Plaintiff was trafficked; and, if she was trafficked 2) whether she was trafficked on the Roosevelt Defendants' premises; and, if so 3) when she was trafficked on said premises.

4. To date, Plaintiff has failed to identify a single calendar day that she was at the Roosevelt Inn.

5. During the course of discovery, Kelly Mahon Beason was identified as individuals with knowledge of Plaintiff's alleged trafficking and the impact resulting therefrom.

6. On September 22, 2019, prior to the end of discovery, the Roosevelt Defendants served Kelly Mahon Beason with a Subpoena to Attend and Testify pursuant to Rule 234.1.

7. Kelly Mahon Beason failed to attend the deposition and the Roosevelt Defendants filed a Motion to Enforce the subpoena. On October 22, 2019, this Court granted the Roosevelt Defendants' motion and ordered Kelly Mahon Beason to appear for deposition on November 13, 2019. *See* Order, attached as Exhibit "A."

8. However, despite their best efforts, the Roosevelt Defendants have been unable to serve Kelly Mahon Beason with this Court's Order due to her efforts to avoid service.

2

9.      Kelly Mahon Beason's failure to appear for her deposition despite being served with a subpoena and her efforts to avoid service of this Court's October 22, 2019 Order commanding her to appear for her deposition have caused the Roosevelt Defendants to spend fees and costs unnecessarily in excess of $1,000.00.

10.      The Roosevelt Defendants will be prejudiced in their defense of this matter at trial if they are not afforded the opportunity to take Kelly Mahon Beason's deposition.

11.      As a result, the Roosevelt Defendants file the instant Motion to Re-enforce the subpoena and respectfully request a new date for Kelly Mahon Beason's testimony.

12.      Therefore, the Roosevelt Defendants require an Order from this Court pursuant to Pa.R.C.P. 4019 compelling Kelly Mahon Beason's to appear for deposition and awarding sanctions in the amount of $1,000, upon application, if she does not appear.

WHEREFORE, the Roosevelt Defendants respectfully request this Court enter the attached Order to Enforce Subpoena and compel Kelly Mahon Beason to appear for deposition and award sanctions for her failure to do so.

<div align="center">

**BLANK ROME LLP**

</div>

_/s/ James J. Quinlan_____
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: December 13, 2019          (215) 569-5500

150213.00601/122270449v.2

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
         quinlan@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

---

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
|  | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |  |
| ROOSEVELT INN CAFÉ, et al., | : |  |
|  | : |  |

---

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMMAND ATTENDANCE AT DEPOSITIONS AND AWARD SANCTIONS

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by their undersigned attorneys, hereby file

this memorandum of law in support of their motion to re-enforce the subpoena and command

Kelly Mahon Beason to appear for deposition (the "Motion).

# I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc.  In her Complaint, Plaintiff alleges that from 2013 through 2014, she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises on a "regular, consistent and/or repeated basis."  Plaintiff alleges that during this time period, she occupied approximately half of the rooms at the Roosevelt Inn.

Plaintiff's allegations place a number of facts at issue, including, but not limited to: 1) whether Plaintiff was trafficked; and, if she was trafficked 2) whether she was trafficked on the Roosevelt Defendants' premises; and, if so 3) when she was trafficked on said premises.  To date, Plaintiff has failed to identify a single calendar day that she was at the Roosevelt Inn.  During the course of discovery, Robert Beason and Kelly Mahon Beason were identified as individuals with knowledge of Plaintiff's alleged trafficking and the impact resulting therefrom.

On September 22, 2019, prior to the close of discovery, the Roosevelt Defendants served Kelly Mahon Beason with Subpoena to Attend and Testify pursuant to Rule 234.1.  Kelly Mahon Beason failed to attend the deposition and the Roosevelt Defendants filed a Motion to Enforce the subpoena.  On October 22, 2019, this Court granted the Roosevelt Defendants' motion and ordered Kelly Mahon Beason to appear for deposition on November 13, 2019.  *See* Order, attached as Exhibit "A."

However, despite their best efforts, the Roosevelt Defendants have been unable to serve Kelly Mahon Beason with this Court's Order due to Kelly Mahon Beason's efforts to avoid service and therefore Ms. Beason did not appear for the deposition ordered by this Court. As a

2

result, the Roosevelt Defendants file the instant Motion to Re-enforce the subpoena, command

Kelly Mahon Beason to appear and give testimony at a deposition, and for monetary sanctions if

she fails to do so. Therefore, the Roosevelt Defendants require an Order from this Court

pursuant to Pa.R.C.P. 4019 compelling Kelly Mahon Beason's to appear for deposition.

## II.   <u>QUESTION INVOLVED</u>

1.   Should this Honorable Court enter an Order to re-enforce the subpoena directed to

Kelly Mahon Beason and command her to appear for a deposition and to pay sanctions, upon

application, if she fails to do so, where the Roosevelt Defendants were unable to serve the

deponent with this Court's previous order because she avoided service and have therefore been

prejudiced in the expenditure of unnecessary costs and fees.

**SUGGESTED ANSWER:   Yes.**

## III.   **ARGUMENT**

### A.   <u>Legal Standard</u>

Pa.R.C.P. 4003.1 of the Pennsylvania Rules of Civil Procedure specifically permits a

party to an action to obtain information, documents and things through discovery.  In relevant

part, the rule states:

> (a) … a party may obtain discovery regarding any matter, not
> privileged, which is relevant to the subject matter involved in the
> pending action, whether it relates to the claim or defense of the
> party seeking discovery or to the claim or defense of any other
> party, including the existence, description, nature, content,
> custody, condition and location of any books, documents, or other
> tangible things and the identify and location of persons having
> knowledge of any discoverable matter.

3

Pa.R.C.P. 4003.1(a).

Significantly, the scope of allowable discovery under Pa.R.C.P. 4003.1 is far reaching. Pa.R.C.P. 4007.1 articulates how a party may acquire information from a person through the taking of a deposition. Rule 234.1 empowers the Court to issue a subpoena commanding a person to attend an testify at a particular time and place. Specifically, the rule provides:

> (b)    A subpoena may be used to command a person to attend and to produce documents or things only at
>
> (1) a trial or hearing in an action or proceeding pending in the court, or
>
> (2) the taking of a deposition in an action or proceeding pending in the court.

*See* Rule 234.1

As discussed, *infra*, the information the Roosevelt Defendants seek to obtain from Kelly Mahon Beason pursuant to the instant subpoena with which she failed to comply, falls precisely within the definition of obtainable discovery provided by Pa.R.C.P. 4003.1(a). Pursuant to Pa.R.C.P. 4019(a)(1)(iv), the court, in response to a motion, may make an appropriate order where a "person designated under Rule 4007.1(e) to be examined, after notice under Rule 4007.1, fails to appear before the person who is to take the deposition[.]" While this Court has previously ordered Ms. Beason to appear for deposition, the Roosevelt Defendants were unable to serve her with that order despite their diligent efforts to do so because Kelly Mahon Beason was avoiding service. Now that the Court ordered date for Ms. Beason's deposition has come and gone, the Roosevelt Defendants seek a second order to re-enforce their duly issued subpoena

4

and compelling Ms. Beason to appear for deposition, and to award sanctions, upon application, in the amount of $1,000 to the Roosevelt Defendants if Kelly Mahon Beason, violates the Court's Order and fails, again, to appear for her deposition.

## IV. RELIEF REQUESTED

In light of the above facts, and pursuant to Pa.R.Civ.P. 4019, the Roosevelt Defendants respectfully request this Court enter the attached Order to Re-Enforce Subpoena and command Kelly Mahon Beason to appear for deposition and award sanctions in the amount of $1,000, upon application, to the Roosevelt Defendants if she fails to appear.

**BLANK ROME LLP**

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: December 13, 2019        (215) 569-5500

150213.00601/122270449v.2

# CERTIFICATE OF SERVICE

I, James J. Quinlan, Esquire, hereby certify that, on this 13th day of December 2019, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Re-Enforce Subpoena, Command Attendance at a Deposition and Award Sanctions and accompanying memorandum of law to be served via the Court's electronic filing system and/or electronic mail and/or First Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff, M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant, Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

6

*Additional Defendant*


And


Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*


_/s/ James J. Quinlan_
JAMES J. QUINLAN

150213.00601/122270449v.2

| | |
|---|---|
| M.B., minor by her Guardian, | :     COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | :     PHILADELPHIA COUNTY |
| | :     CIVIL TRIAL DIVISION |
|                 Plaintiff, | : |
| | :     MARCH TERM, 2017 |
|         v. | :     NO.: 00712 |
| | : |
| ROOSEVELT INN LLC | :     JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |
| ROOSEVELT INN CAFÉ, et al., | : |
| | : |

### ORDER

       **AND NOW**, this _____ day of _____, 2019, upon consideration of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Re-Enforce Subpoenas, it is hereby ORDERED that said Motion is GRANTED.

       Kelly Mahon Beason is hereby commanded to appear for depositions, at the offices of Defendants' counsel, Blank Rome LLP, One Logan Square, Philadelphia, PA 19103, on January 15, 2020 at 10:00 A.M. or sanctions of $1,000.00 shall be imposed upon Kelly Mahon Beason upon application to the Court.

                                    **BY THE COURT:**

                                             _____
                                                       J.

Discovery deadline: October 4, 2019

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com
        doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
|  | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |  |
| ROOSEVELT INN CAFÉ, et al., | : |  |

## ATTORNEY CERTIFICATION OF GOOD FAITH

The undersigned counsel for movant hereby certifies and attest that:

☒a.    He or she has had the contacts described below with opposing counsel or unrepresented party regarding discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so without Court intervention.

*Defendants' counsel was unable to serve Kelly Mahon Beason with this Court's order despite their diligent efforts to do so as she appears to be avoiding service..*

☐b.    He or she was unsuccessful in actually contacting opposing counsel or unrepresented

party in an attempt to resolve the discovery dispute(s) despite his or her good faith efforts to do so.

CERTIFIED TO THE COURT BY:

**BLANK ROME LLP**

 */s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309676)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
(215) 569-5500

Dated: December 13, 2019

2

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff M.B.



Filed and Attested by the
Office of Judicial Records
26 DEC 2019 01:59 pm
A. STAMATO

| M.B | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

### PLAINTIFF'S REPLY TO NEW MATTER OF DEFENDANT ALPHA-CENTURION SECURITY, INC. TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

Plaintiff M.B., by and through counsel, Kline & Specter, P.C., hereby replies to New

Matter of Defendant Alpha-Centurion Security, Inc., to Plaintiff's Fourth Amended Complaint as

follows:

94.     This is an incorporation paragraph to which no response is required.

95.     Denied.  This paragraph is a conclusion of law to which no response is required.

To the extent that the allegations in this Paragraph are deemed factual in nature and a response is

required, the allegations are denied. Strict proof is hereby demanded.

96.     Denied.  This paragraph is a conclusion of law to which no response is required.

To the extent that the allegations in this Paragraph are deemed factual in nature and a response is

required, the allegations are denied. Strict proof is hereby demanded.

97.     Denied.  This paragraph is a conclusion of law to which no response is required.

To the extent that the allegations in this Paragraph are deemed factual in nature and a response is

required, the allegations are denied. Strict proof is hereby demanded.

98.      Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

99.      Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

100.      Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

101.      Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

102.      Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

103.      Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

104.      Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

105. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

106. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

107. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

108. Denied. This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

109. Denied. This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

110. Denied. This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

111. Denied. This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

112. Denied. This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

113.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

114.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

115.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

116.     Denied.  This paragraph is a conclusion of law to which no response is required. Any defenses not specifically presented, per Pa. R.C.P. 1032(a), have been waived. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C**

*/s/Emily B. Marks*

BY:     _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff in this matter and hereby verify that the statements made in the foregoing *Plaintiff's Reply to New Matter of Defendant Alpha-Centurion Security, Inc., to Plaintiff's Fourth Amended Complaint* are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

*/s/Emily B. Marks*
_____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Date: December 26, 2019

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that service of a true and correct copy of the above ***Plaintiff's Reply to New Matter of Defendant Alpha-Centurion Security, Inc., to Plaintiff's Fourth Amended Complaint*** was filed with this Court on December 26, 2019 and served by electronic and regular mail, upon the following parties:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By regular mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

By: _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Dated: _____12/26/2019_____

**KLINE & SPECTER, P.C.**
BY:  THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff M.B.



Filed and Attested by the
Office of Judicial Records
31 DEC 2019 12:49 pm
M. RUSSO

| M.B | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S REPLY TO NEW MATTER OF DEFENDANTS ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL FOURTH AMENDED COMPLAINT

Plaintiff M.B., by and through counsel, Kline & Specter, P.C., hereby replies to New Matter of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel (collectively "Defendants" or "the Roosevelt Inn Defendants"), to Plaintiff's Fourth Amended Complaint as follows:

94.    This is an incorporation paragraph to which no response is required.

95.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

96.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

97.    Denied.  This paragraph is a conclusion of law to which no response is required.

To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

98. Denied. This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

99. Denied. This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

100. Denied. This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

101. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

102. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

103. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

104. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

105.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

106.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

107.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

108.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

109.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

110.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

111.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

112.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

113.    Denied.  This paragraph is a conclusion of law to which no response is required.
To the extent the allegations in this Paragraph are deemed factual in nature and a response is
required, the allegations are denied.  Strict proof is hereby demanded.

114.    Denied.  This paragraph is a conclusion of law to which no response is required.
To the extent the allegations in this Paragraph are deemed factual in nature and a response is
required, the allegations are denied.  Strict proof is hereby demanded.

115.    Denied.  This paragraph is a conclusion of law to which no response is required.
To the extent the allegations in this Paragraph are deemed factual in nature and a response is
required, the allegations are denied.  Strict proof is hereby demanded.

116.    Denied.  This paragraph is a conclusion of law to which no response is required.
Any defenses not specifically presented, per Pa. R.C.P. 1032(a), have been waived. To the extent
that the allegations in this Paragraph are deemed factual in nature and a response is required, the
allegations are denied.

117.    Denied.  This paragraph is a conclusion of law to which no response is required.
By way of further response, see Plaintiff's 4th Amended Complaint which is a document and
speaks for itself regarding Plaintiff's claims.

118.    Denied.  This paragraph is a conclusion of law to which no response is required.
By way of further response, see Plaintiff's 4th Amended Complaint which is a document and
speaks for itself regarding Plaintiff's claims.

119.    Denied.  This paragraph is a conclusion of law to which no response is required.
Any defenses not specifically presented, per Pa. R.C.P. 1032(a), have been waived. To the extent
that the allegations in this Paragraph are deemed factual in nature and a response is required, the
allegations are denied.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

Case ID: 170300712

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff in this matter and hereby verify that the statements made in the foregoing *Plaintiff's Reply to New Matter of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel to Plaintiff's Fourth Amended Complaint* are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

*/s/Emily B. Marks*

_____

EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Date: December 31, 2019

Case ID: 170300712

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that service of a true and correct copy of the above ***Plaintiff's Reply to New Matter of*** *Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel* ***to Plaintiff's Fourth Amended Complaint*** was filed with this Court on December 31, 2019 and served by electronic and regular mail, upon the following parties:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*


Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*


By regular mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*


Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*


**KLINE & SPECTER, P.C.**

*/s/**Emily B. Marks***

By: _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Dated:    12/31/2019

Case ID: 170300712