# EXHIBIT 7

Net An Official Document

**Case Description**

Case ID:        170300712
Case Caption:   B. ETAL VS ROOSEVELT INN LLC ETAL
Filing Date:    Friday , March 10th, 2017
Location:       CH - City Hall
Case Type:      2O - PERSONAL INJURY - OTHER
Status:         CLDBR - DEFERRED - BANKRUPTCY

**Related Cases**

*No related cases were found.*

| | | | |
|---|---|---|---|
| 02-JAN-2020 02:47 PM | MTANS - ANSWER (MOTION/PETITION) FILED | BYERS MS., JUSTINA L | 02-JAN-2020 03:18 PM |

**Documents:** Roosevelt Defendants Response to Alphas MSJ.pdf
Exhibits 1 - 4.PDF
Exhibits 5 - 8.PDF
Motion CoverSheet Form

**Docket Entry:** 23-19120523 ANSWER IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 02-JAN-2020 04:05 PM | MTANS - ANSWER (MOTION/PETITION) FILED | MARKS, EMILY B | 02-JAN-2020 04:32 PM |

**Documents:** (115) Pltf Response to Def Alpha Motion for Summary Judgment.pdf
Motion CoverSheet Form

**Docket Entry:** 23-19120523 ANSWER IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT FILED. (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| | | | |
|---|---|---|---|
| 08-JAN-2020 02:02 PM | PRATT - PRAECIPE TO SUPPL/ATTACH FILED | BEZAR, NADEEM A | 08-JAN-2020 02:25 PM |

**Documents:** (116) Praecipe to Attach-Exhibit B to Response in Opp of MSJ.pdf

**Docket Entry:** 23-19120523 PRAECIPE TO SUPPLEMENT/ATTACH RE: MOTION FOR SUMMARY JUDGMENT FILED. (FILED ON BEHALF OF M. B.)

| | | | |
|---|---|---|---|
| 05-FEB-2020 10:13 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | ROBINS-NEW, SHELLEY | 05-FEB-2020 12:00 AM |

**Documents:** ORDER_223.pdf

**Docket Entry:** AND NOW, THIS 4TH DAY OF FEBRUARY, 2020, UPON CONSIDERATION OF DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFE', ROOSEVLET MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL'S MOTION TO RE-ENFORCE SUBPOENAS, IT IS HEREBY ORDERED THAT SAID MOTION IS GRANTED... SEE ATTACHED ORDER FOR FURTHER TERMS.. BY THE COURT: ROBINS-NEW,J. 2/5/20

| 18-FEB-2020<br>01:45 PM | MTINV - PETITION TO INTERVENE | KELLY, CAROLYN B | 18-FEB-2020<br>04:22 PM |
|---|---|---|---|

**Documents:** Motion to Intervene.pdf
Motion CoverSheet Form
MTINV_230_001.pdf

**Docket Entry:** 09-20022309 PETITION TO INTERVENE (FILED ON BEHALF OF SAMSUNG FIRE & MARINE INSURANCE CO., LTD. (U.S. BRANCH))

**Documents:** CLNGV_232_001.pdf

**Docket Entry:** PLEASE NOTE: ON THIS DATE, PURSUANT TO NOTICE FROM FILING PARTY, REDACTED VERSIONS OF THE AMENDED COMPLAINTS FILED ON 11-8-19 AND 9-6-19 HAVE BEEN ADDED TO THE RECORD AND THE UN-REDACTED VERSIONS HAVE BEEN SECURED FROM PUBLIC VIEW AS THE DOCUMENTS CONTAINED CONFIDENTIAL INFORMATION PURSUANT TO THE PA PUBLIC ACCESS POLICY. ...SJW-OJR

| 20-FEB-2020<br>09:48 AM | ENAPP - ENTRY OF APPEARANCE | FALLS, JOHN C | 20-FEB-2020<br>09:51 AM |
|---|---|---|---|

**Documents:** EOA JCF 170300712-1.pdf

**Docket Entry:** ENTRY OF APPEARANCE OF JOHN C FALLS FILED. (FILED ON BEHALF OF SAMSUNG FIRE & MARINE INSURANCE CO., LTD. (U.S. BRANCH))

| 20-FEB-2020<br>02:24 PM | CLNGV - NOTICE GIVEN | | 20-FEB-2020<br>12:00 AM |
|---|---|---|---|

**Documents:** CLNGV_235.pdf

**Docket Entry:** 09-20022309 PLEASE NOTE: ON THIS DATE, PURSUANT TO NOTICE FROM FILING PARTY, A REDACTED VERSION OF THE MOTION FILED ON 2-18-20 HAS BEEN ADDED TO THE RECORD AND THE UN-REDACTED VERSION HAS BEEN SECURED FROM PUBLIC VIEW AS THE DOCUMENTS CONTAINED CONFIDENTIAL INFORMATION PURSUANT TO THE PA PUBLIC ACCESS POLICY. ...SJW-OJR

| 25-FEB-2020<br>01:30 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | LACHMAN,<br>MARLENE F | 25-FEB-2020<br>01:30 PM |
|---|---|---|---|

**Documents:** ORDER_237.pdf

**Docket Entry:** 23-19120523 UPON CONSIERATION OF THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT ALPHA-CENTURION SECURITY, INC., AND THE RESPONSES IN OPPOSITION OF DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFE, ROOSEVELT MOTOR INN, INC D/B/A ROOSEVELT MOTOR INN, UFVS MANAGMENT COMPANY , LLC AND YAGNA PATEL AND THE PLAINTIFF, IT IS HEREBY ORDERED AND DECREED THAT SAID MOTION IS DENIED. ...BY THE COURT: LACHMAN, JUDGE 02/24/2020

| 03-MAR-2020<br>01:12 PM | CLPTO - PRE TRIAL ORDER ISSUED | ROBINS-NEW,<br>SHELLEY | 03-MAR-2020<br>01:13 PM |
|---|---|---|---|

**Documents:** CLPTO_239.pdf

**Docket Entry:** AND NOW, THIS 2ND DAY OF MARCH , 2020, IT IS HEREBY ORDERED THAT : THIS MATTER IS SCHEDULED FOR A TRIAL DATE CERTAIN. JURY SELECTION IS HEREBY SCHEDULED TO COMMENCE ON SEPTEMBER 4, 2020 AT 9:30 AM , COURTROOM TO BE ANNOUNCED. TRIAL SHALL COMMENCE ON SEPTEMBER 8TH,2020 AT 9:30 AM. TRIAL IS EXPECTED TO LAST 10 DAYS. THIS CASE SHALL BE TRIED BEFORE A JURY OF 12 +2 PERSONS. ALL COUNSEL OF RECORD ARE HEREBY ATTACHED. SEE ORDER FOR COMPLETE TERMS. ...BY THE COURT:ROBINS-NEW, JUDGE 03/02/2020

---

03-MAR-2020
01:13 PM
CLLTR - LISTED FOR TRIAL
03-MAR-2020
01:13 PM

**Documents:** CLLTR_241.pdf

**Docket Entry:** *none.*

---

09-MAR-2020
04:45 PM
MTANS - ANSWER (MOTION/PETITION) FILED
MARKS, EMILY B
09-MAR-2020
04:48 PM

**Documents:** (132) Pltf Response to Def Motion to Interven.pdf
Motion CoverSheet Form

**Docket Entry:** 09-20022309 ANSWER IN OPPOSITION OF PETITION TO INTERVENE FILED. (FILED ON BEHALF OF M. B.)

---

10-MAR-2020
12:10 PM
BREFM - MOTION/PETITION BRIEF FILED
KELLY, CAROLYN B
10-MAR-2020
12:20 PM

**Documents:** Reply Motion to Intervene.pdf
Motion CoverSheet Form

**Docket Entry:** 09-20022309 BRIEF IN SUPPORT OF PETITION TO INTERVENE FILED. (FILED ON BEHALF OF SAMSUNG FIRE & MARINE INSURANCE CO., LTD. (U.S. BRANCH))

---

30-APR-2020
02:13 PM
ENAPP - ENTRY OF APPEARANCE
COHEN, BENJAMIN F
30-APR-2020
05:29 PM

**Documents:** 01102079.PDF

**Docket Entry:** ENTRY OF APPEARANCE OF BENJAMIN F COHEN FILED. (FILED ON BEHALF OF BENSALEM TOWNSHIP)

---

01-MAY-2020
09:36 AM
WTAPO - WITHDRAWAL OF APPEARANCE
KOSTYK, AARON
01-MAY-2020
09:39 AM

**Documents:** 01105177.PDF

**Docket Entry:** WITHDRAWAL OF APPEARANCE OF AARON KOSTYK FILED. (FILED ON BEHALF OF BENSALEM TOWNSHIP POLICE DEPARTMENT)

| 01-MAY-2020 11:37 AM | ENAPP - ENTRY OF APPEARANCE | KOLLA, RONALD | 01-MAY-2020 11:37 AM |

**Documents:** [01104022.PDF](01104022.PDF)

**Docket Entry:** ENTRY OF APPEARANCE OF RONALD KOLLA FILED. (FILED ON BEHALF OF BENSALEM TOWNSHIP POLICE DEPARTMENT)

| 01-MAY-2020 01:15 PM | WTAPO - WITHDRAWAL OF APPEARANCE | KOLLA, RONALD | 01-MAY-2020 01:37 PM |

**Documents:** [01106144.PDF](01106144.PDF)

**Docket Entry:** WITHDRAWAL OF APPEARANCE OF RONALD KOLLA FILED. (FILED ON BEHALF OF BENSALEM TOWNSHIP POLICE DEPARTMENT)

| 01-MAY-2020 01:21 PM | ENAPP - ENTRY OF APPEARANCE | KOLLA, RONALD | 01-MAY-2020 01:38 PM |

**Documents:** [01106149.PDF](01106149.PDF)

**Docket Entry:** ENTRY OF APPEARANCE OF RONALD KOLLA FILED. (FILED ON BEHALF OF BENSALEM TOWNSHIP POLICE DEPARTMENT)

| 15-MAY-2020 11:36 AM | OBJCT - OBJECTIONS FILED | MARKS, EMILY B | 15-MAY-2020 12:05 PM |

**Documents:** [(136) Pltfs Objections to Roosevelt Defs Subpoena (support center for child advocate).pdf]()

**Docket Entry:** OBJECTIONS TO SUBPOENA PURSUANT TO RULE 4009.21 FILED. (FILED ON BEHALF OF M. B.)

| 01-JUN-2020 03:02 PM | DSCIM - DISCOVERY MOTION FILED | BYERS MS., JUSTINA L | 04-JUN-2020 01:17 PM |

**Documents:** [Motion to Stike Objections to Subpoena.pdf]()
[Exhibit A.pdf]()
[Exhibit B.pdf]()
[Exhibit C.pdf]()
[Exhibit D.pdf]()
[Exhibit E.pdf]()
[Exhibit F.pdf]()

**Docket Entry:** 99-2006D399 DISCOVERY HEARING REQUEST FILED IN RE: MOTION TO OVERRULE OBJECTIONS. HEARING SCHEDULED FOR: JULY 28, 2020 AT 09:00 IN ROOM 625 CITY HALL. (FILED ON BEHALF OF ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY LLC AND YAGNA PATEL)

| 04-JUN-2020 05:32 PM | MTAMD - MOTION TO AMEND | BYERS MS., JUSTINA L | 05-JUN-2020 12:42 PM |

**Documents:** [Roosevelt Defs Motion for Leave to Amend Crossclaims Against Alpha.pdf]()
[Exhibits A - B.pdf]()

Exhibits C - D.pdf
Exhibits E - M.pdf
Motion CoverSheet Form

**Docket Entry:** 09-20060409 RESPONSE DATE 06/25/2020. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 10-JUN-2020 10:19 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | LACHMAN, MARLENE F | 10-JUN-2020 10:19 AM |

**Documents:** ORDER_258.pdf

**Docket Entry:** 09-20022309 IT IS ORDERED THE SAMSUNG FIRE & MARINE INSURANCE CO., LTD'S MOTION TO INTERVENE IS DENIED. ...BY THE COURT; LACHMAN, J. 6-9-20

| | | | |
|---|---|---|---|
| 15-JUN-2020 08:31 AM | OBJCT - OBJECTIONS FILED | BEZAR, NADEEM A | 15-JUN-2020 09:19 AM |

**Documents:** (140) Pltf Response to Def Motion to Strike Objections to Subpoena.pdf

**Docket Entry:** OBJECTIONS TO SUBPOENA PURSUANT TO RULE 4009.21 FILED. (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| | | | |
|---|---|---|---|
| 19-JUN-2020 04:33 PM | DISCT - CERT MOTION IS CONTESTED | BYERS MS., JUSTINA L | 22-JUN-2020 09:57 AM |

**Documents:** Praecipe-Defs Mot to Strike Objections.pdf

**Docket Entry:** IN RE: ROOSEVELT DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OBJECTIONS TO SUBPOENA (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 25-JUN-2020 01:54 PM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 25-JUN-2020 01:57 PM |

**Documents:** M.B. - ALPHA RESPONSE TO ROOSEVELT INN DEFENDANTS MOTION FOR LEAVE TO AMEND NEW MATTER CROSS CLAIMS.PDF
Motion CoverSheet Form

**Docket Entry:** 09-20060409 ANSWER IN OPPOSITION OF MOTION TO AMEND FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.)

| | | | |
|---|---|---|---|
| 25-JUN-2020 01:57 PM | MTAMD - MOTION TO AMEND | WAGNER, THOMAS P | 25-JUN-2020 01:59 PM |

**Documents:** M.B. - ALPHA MOTION FOR LEAVE TO AMEND NEW MATTER CROSS CLAIM.PDF
Motion CoverSheet Form

**Docket Entry:** 93-20061893 RESPONSE DATE 07/15/2020. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.)

| 01-JUL-2020<br>03:14 PM | ORDER - ORDER ENTERED/236 NOTICE<br>GIVEN | ROBINS-NEW,<br>SHELLEY | 01-JUL-2020<br>03:14 PM |
|---|---|---|---|

**Documents:** ORDER_265.pdf

**Docket Entry:** 09-20060409 IT IS ORDERED THAT DEFENDANTS, ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFE, ROOSEVELT MOTOR INN, INC D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL'S MOTION FOR LEAVE TO AMEND IS GRANTED. MOVING DEFENDANTS ARE GRANTED LEAVE OF COURT TO FILE THE AMENDED NEW MATTER CROSSCLAIMS ATTACHED TO THEIR MOTION AS EXHIBIT "B" WITHIN TWENTY (20) DAYS OF THE DATE OF THIS ORDER. ...BY THE COURT; ROBINS-NEW, J. 7-1-20

| 10-JUL-2020<br>03:30 PM | ANCOM - ANSWER TO COMPLAINT<br>FILED | BYERS MS., JUSTINA<br>L | 13-JUL-2020<br>09:14 AM |
|---|---|---|---|

**Documents:** Roosevelt Defendants Answer with Amended NM Crossclaims.pdf
Exhibit A.pdf

**Docket Entry:** ANSWER WITH NEW MATTER AND CROSSCLAIM TO PLAINTIFF'S AMENDED COMPLAINT FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 13-JUL-2020<br>03:57 PM | MTANS - ANSWER (MOTION/PETITION)<br>FILED | MARKS, EMILY B | 13-JUL-2020<br>03:59 PM |
|---|---|---|---|

**Documents:** (140) Pltf Response to Def Motion to Strike Objections to Subpoena.pdf
Motion CoverSheet Form

**Docket Entry:** 99-2006D399 ANSWER IN OPPOSITION OF DISCOVERY HEARING REQST FILED FILED. (FILED ON BEHALF OF M. B.)

| 15-JUL-2020<br>05:31 PM | MTANS - ANSWER (MOTION/PETITION)<br>FILED | BYERS MS., JUSTINA<br>L | 15-JUL-2020<br>05:46 PM |
|---|---|---|---|

**Documents:** Defs Roosevelt Opposition to Alpha Motion to Amend.pdf
Exhibits A - C.pdf
Motion CoverSheet Form

**Docket Entry:** 93-20061893 ANSWER IN OPPOSITION OF MOTION TO AMEND FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 24-JUL-2020<br>01:44 PM | REPLM - MOTION/PETITION REPLY<br>FILED | WAGNER, THOMAS P | 24-JUL-2020<br>02:42 PM |
|---|---|---|---|

**Documents:** M.B. - Sur Reply in Further Support of Motion for Leave to Amend New Matter and Cross Claims.PDF
Motion CoverSheet Form

**Docket Entry:** 93-20061893 REPLY IN SUPPORT OF MOTION TO AMEND FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.)

| 31-JUL-2020 05:26 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | LACHMAN, MARLENE F | 31-JUL-2020 05:26 PM |
|---|---|---|---|

**Documents:** ORDER_274.pdf

**Docket Entry:** 93-20061893 IT IS ORDERED THAT DEFENDANT, ALPHA-CENTURION SECURITY, INC MOTION TO AMEND ITS CROSS-CLAIMS AGAINST ROOSEVELT INN LLD D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFE; ROOSEVELT MOTOR INN, INC D/B/A ROOSEVELT MOTOR INN D/B/A ROOSEVELT MOTOR IN UFVS MANAGEMETN COMPANY LLC AND YAGNA PATEL IS GRANTED. DEFENDANT ALPHA-CENTURION, MAY FILE ITS ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT WITH NEW MATTER AND AMENDED CROSS-CLAIMS FOR THE PURPOSE OF SUPPLEMENTING ITS CROSS-CLAIM AGAINST THE ROOSEVELT INN DEFENDANTS WITHIN TEN (10) DAYS OF THE DATE THIS ORDER IS DOCKETED. ...BY THE COURT; LACHMAN, J. 7-30-20

| 04-AUG-2020 09:31 AM | RPCCL - REPLY TO CROSSCLAIM | WAGNER, THOMAS P | 04-AUG-2020 09:33 AM |
|---|---|---|---|

**Documents:** M.B. - Reply to Amended Cross-Claims of Roosevelt Inn Defendants.4th Amended Complaint.pdf

**Docket Entry:** REPLY TO CROSSCLAIM OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.)

| 04-AUG-2020 01:00 PM | RPNMC - REPLY TO NEW MATTER & CROSSCLA | MARKS, EMILY B | 04-AUG-2020 01:07 PM |
|---|---|---|---|

**Documents:** (150) Pltf Reply to NM of Roosevelt Defs Ans and Am NMCC to 4th AC.pdf

**Docket Entry:** REPLY TO NEW MATTER AND CROSSCLAIM OF ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC FILED. (FILED ON BEHALF OF M. B.)

| 07-AUG-2020 02:32 PM | ANCOM - ANSWER TO COMPLAINT FILED | WAGNER, THOMAS P | 10-AUG-2020 09:47 AM |
|---|---|---|---|

**Documents:** M.B. - Answer of Alpha-Centurion Security to Fourth Amended Complaint with NM and Amended NMCC.PDF

**Docket Entry:** ANSWER WITH NEW MATTER AND CROSSCLAIM TO PLAINTIFF'S FOURTH AMENDED COMPLAINT FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC.)

| 12-AUG-2020 10:42 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | ROBINS-NEW, SHELLEY | 12-AUG-2020 12:00 AM |
|---|---|---|---|

**Documents:** ORDER_279.pdf

**Docket Entry:** AND NOW, THIS 12TH DAY OF DAY OF AUGUST 2020, UPON CONSIDERATION OF THE MOTION OF DEFENDANT ROOSEVELT INN, LLC, AND YAGNA PATEL (ROOSEVELT INN) TO STRIKE OBJECTIONS TO SUBPOENA DIRECTED TO ERIN COLTRERA.... SEE ATTACHED ORDER FOR FURTHER TERMS... BY THE COURT: ROBINS-NEW,J. 8/12/20

| 20-AUG-2020<br>03:04 PM | RPCCL - REPLY TO CROSSCLAIM | BYERS MS., JUSTINA<br>L | 20-AUG-2020<br>03:08 PM |

**Documents:** [Roosevelt Defts Answer to Alpha Centurions Amended Crossclaims (4th AmendComp).pdf](#)

**Docket Entry:** REPLY TO CROSSCLAIM OF ALPHA-CENTURION SECURITY, INC. FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC. AND ROOSEVELT INN LLC)

| 01-SEP-2020<br>02:29 PM | RPNMT - REPLY TO NEW MATTER | MARKS, EMILY B | 01-SEP-2020<br>02:58 PM |

**Documents:** [(154) Pltf Reply to New Matter of Def Alpha to Fourth Amended Complaint.pdf](#)

**Docket Entry:** REPLY TO NEW MATTER OF ALPHA-CENTURION SECURITY, INC. FILED. (FILED ON BEHALF OF M. B.)

| 15-DEC-2020<br>06:01 PM | CLLPT - LISTED FOR PRE-TRIAL CONF | | 15-DEC-2020<br>06:01 PM |

**Documents:** [CLLPT_285.pdf](#)

**Docket Entry:** *none.*

**KLINE & SPECTER, P.C.**                           Attorneys for Plaintiff
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| *Plaintiff* | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN, | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY | : | |
| INC. | : | |
| *Defendants* | : | |

### PRAECIPE TO ATTACH EXHIBITS

TO THE PROTHONOTARY:

Kindly attach photographs to Exhibit "B" of Plaintiff's Response in Opposition to

Defendant Alpha-Centurion Security's Motion for Summary Judgment, which was filed with the

Court on January 2, 2020.

                          **KLINE & SPECTER, P.C.**


                          _____
                          NADEEM A. BEZAR, ESQUIRE
                          Attorney for Plaintiff

Case ID: 170300712
Control No.: 19120523

**CERTIFICATE OF SERVICE**

I do hereby certify that service of a true and correct copy of the above ***Plaintiff's Praecipe to Attach*** was filed with this Court on January 8, 2020 and served by electronic and regular mail, upon the following parties:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By regular mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

By: _____
NADEEM A. BEZAR, ESQUIRE
Attorney for Plaintiff

Dated: ___January 8, 2020___

Case ID: 170300712
Control No.: 19120523



1703007120023

|  |  |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>Plaintiff,<br><br>v.<br><br>ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

## ORDER

**AND NOW**, this _4_ day of _Feb_, 2019, upon consideration of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Re-Enforce Subpoenas, it is hereby ORDERED that said Motion is GRANTED.

Kelly Mahon Beason is hereby commanded to appear for depositions, at the offices of Defendants' counsel, Blank Rome LLP, One Logan Square, Philadelphia, PA 19103, on ~~January~~ _February 25, 2020_ ~~15, 2020~~ at 10:00 A.M. or sanctions of $~~1,000.00~~ shall be imposed upon Kelly Mahon Beason upon application to the Court.

**BY THE COURT:**

_Shelley Robins New_ J.

Discovery deadline: October 4, 2019

150213.00601/122270449v.2

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

CONTROL NUMBER:

20022309

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

### FOR COURT USE ONLY

ASSIGNED TO JUDGE:

ANSWER/RESPONSE DATE:

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

March _____ Term, 2017
*Month* *Year*
No. _____ 00712

Name of Filing Party:

B. ETAL VS ROOSEVELT INN LLC ETAL

---

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*  ☒ Motion
☐ Answer to Petition  ☐ Response to Motion

Has another petition/motion been decided in this case? ☐ Yes ☐ No
Is another petition/motion pending? ☐ Yes ☐ No

*If the answer to either question is yes, you must identify the judge(s):*

---

TYPE OF PETITION/MOTION (see list on reverse side)

PETITION TO INTERVENE

PETITION/MOTION CODE
(see list on reverse side)
MTINV

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

---

## I. CASE PROGRAM

DAY FORWARD/MAJOR JURY PROGRAM

Name of Judicial Team Leader: JUDGE SHELLEY ROBINS-NEW

Applicable Petition/Motion Deadline: N/A

Has deadline been previously extended by the Court: N/A

## II. PARTIES *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

NADEEM A BEZAR
  KLINE & SPECTER, P.C. 1525 LOCUST STREET , PHILADELPHIA PA 19102
THOMAS P WAGNER
  MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN 2000 MARKET STREET, 23RD FLOOR , PHILADELPHIA PA 19103
CAROLYN B KELLY
  KELLY & DEMARCO, P.C. 101 GREENWOOD AVENUE SUITE 300 , JENKINTOWN PA 19046
DAIQUAN DAVIS
  FCI BERLIN #72304-066 FEDERAL CORRECTION INSTITUTE P O BOX 9000 , BERLIN NH 03570
ABDUL LOPEZ
  TUCSON US PENITENTIARY INMATE

## III. OTHER

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____ February 18, 2020  CAROLYN B. KELLY
*(Attorney Signature/Unrepresented Party)*  *(Date)*  *(Print Name)*  *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

```
    MAIL/PARCELS 69643-066 PO BOX 24550 ,
    TUCSON AZ 85734
AARON KOSTYK
    SEVEN NESHAMINY INTERPLEX SUITE 200 ,
    TREVOSE PA 19053
JUSTINA L BYERS
    ONE LOGAN SQUARE , PHILADELPHIA PA
    19103
```

| | | |
|---|---|---|
| M.B. | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **Plaintiff** | : | **CIVIL ACTION – LAW** |
| | : | |
| | : | **No. 170300712** |
| v. | : | |
| | : | |
| **ROOSEVELT INN, LLC, ET AL** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, the ___ day of _____, 2020, upon consideration of Samsung Fire &
Marine Insurance Co., Ltd. (U.S. Branch)'s (hereinafter "Samsung") Motion to Intervene, and
any responses thereto, it is hereby ORDERED that Samsung's Motion is GRANTED. Samsung
is hereby given leave to intervene in this action for the purposes of: (1) participating in the
charging conference; (2) submitting proposed jury instructions; and (3) submitting proposed jury
interrogatories, if it is determined that the jury is to be instructed on the issue of punitive
damages.

**BY THE COURT:**

_____

J.

**KELLY & DEMARCO, P.C.**
**BY: CAROLYN BATES KELLY**
cbkelly@kellydemarco.com
**PA Identification No. 75668**
**BY: JOHN C. FALLS**
jfalls@kellydemarco.com
**PA Identification No. 62390**
**101 GREENWOOD AVENUE**
**JENKINTOWN PLAZA,**
**SUITE 300**
**JENKINTOWN, PA 19046**
**(215) 881-2280**

**Attorneys for Intervenor**
**Samsung Fire & Marine Insurance Co.,**
**Ltd. (U.S. Branch)**

| | | |
|---|---|---|
| **M.B.** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| | : | **CIVIL ACTION – LAW** |
| **Plaintiff** | : | |
| | : | **No. 170300712** |
| **v.** | : | |
| | : | |
| **ROOSEVELT INN, LLC, ET AL** | : | |
| | : | |
| **Defendants** | : | |

### INTERVENOR SAMSUNG FIRE & MARINE INSURANCE CO., LTD (U.S. BRANCH)'S MOTION TO INTERVENE

Samsung Fire & Marine Insurance Co., Ltd. (U.S. Branch) (hereinafter "Samsung"), by and through its undersigned attorneys, respectfully moves this Honorable Court, pursuant to Pa. R. Civ. P. 2326, et seq., for leave to intervene in this action for the purposes of: (1) participating in the charging conference; (2) submitting proposed jury instructions; and (3) submitting proposed jury interrogatories, and, in support thereof, avers as follows:

1.    This case is currently set to be ready for trial by April 6, 2020. See copy of Revised Case Management Order entered January 28, 2019, attached hereto as Exhibit A.

1

Case ID: 170300712
Control No.: 20022309

2. The case arises out of the alleged sex trafficking of Plaintiff M.B. (hereinafter "Plaintiff") at the Roosevelt Inn in Philadelphia, allegedly "commencing in 2014." <u>See</u> copy of Plaintiff's Fourth Amended Complaint, at ¶ 24, attached hereto as Exhibit B.

3. Plaintiff's Fourth Amended Complaint seeks both compensatory and punitive damages. <u>See</u> Exhibit B.

4. Samsung issued two commercial package policies of insurance providing Commercial General Liability ("CGL") insurance to Defendant UFVS Management Company ("UFVS"). Policy CPP 0000842 00 had a policy period of 04/20/2013 through 04/20/2014. Policy CPP 0000842 01 had a policy period of 04/20/2014 through 04/20/2015. Policy CPP 0000842 00 and CPP 0000842 01 are collectively hereinafter referred to as "the Samsung Policies." True and correct copies of the relevant portions of the Samsung Policies are attached hereto as Exhibits C and D, respectively.

5. The insured listed on Policy CPP 0000842 00 is Roosevelt Inn C/O UFVS Management Company. <u>See</u> Exhibit C. The insured listed on Policy CPP 0000842 01 is UFVS Management Company, Roosevelt Inn, LLC. <u>See</u> Exhibit D.

6. Samsung has been providing a defense to Defendants UFVS, Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. and Yagna Patel (collectively referred to as "the Roosevelt Defendants") for the action brought against them on behalf of M.B., subject to a reservation of rights letter.

7. On October 10, 2018, Samsung commenced a declaratory judgment action in the United States District Court, Eastern District of Pennsylvania against the Roosevelt Defendants and others seeking a declaratory judgment as to its rights and obligations under the Samsung

Case ID: 170300712
Control No.: 20022309

Policies in connection with this action.[1] See copy of Samsung's Second Amended Complaint, attached hereto as Exhibit E.

8.    The Samsung declaratory judgment action remains pending.

9.    Under Pennsylvania law, insurance coverage will not be afforded for any punitive damages that are imposed directly upon an insured, because transferring such liability to an insurer would be contrary to public policy. See, Esmond v. Liscio, 224 A.2d 793 (Pa. Super. 1966).

10.    However, coverage for punitive damages may exist, if the punitive damages are vicariously imposed. See, Butterfield v Giuntoli, 670 A.2d 646 (Pa. Super. 1995).

11.    While an employer can be held vicariously liable for the acts of its employee, vicarious liability is only imposed when the acts of the agent were within the course and scope of the employment relationship. See R.A. ex rel. N.A. v. First Church of Christ, 748 A.2d 692, 699 (Pa. Super. 2000).

12.    The conduct of an employee is considered 'within the scope of employment' for purposes of vicarious liability only if: (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; [and] (3) it is actuated, at least in part, by a purpose to serve the employer." Id. at 699.

---

[1] The declaratory judgment action has since been expanded to encompass a determination as to Samsung's rights and obligations under the Samsung Policies in connection with three (3) similar actions related to alleged sex trafficking at the Roosevelt Inn.

Case ID: 170300712
Control No.: 20022309

13.     Under <u>Butterfield</u>, the question of an insurer's obligation to indemnify for punitive damages involves a factual determination of whether the basis for any punitive damages award was direct or vicarious, and it is incumbent upon the insurer to present jury instructions and/or special verdict interrogatories to enable the jury to make that determination at trial.

14.     <u>Butterfield</u> specifically recognized the right of an insurer to intervene in a case for the purposes of submitting such jury instructions or interrogatories, before or after the verdict, in order to properly frame the issues for the jury.

15.     Samsung takes no position on the issue of whether the jury should be instructed regarding awarding punitive damages against the Roosevelt Defendants in this action.

16.     However, pursuant to <u>Butterfield</u>, in the event the Court deems that the jury should be instructed on punitive damages, Samsung seeks leave to intervene for the purposes of: (1) participating in the charging conference; (2) submitting of proposed jury instructions; and (3) submitting proposed jury interrogatories; all in order to frame for the jury's determination the issue of whether any punitive damages that may be awarded against the Roosevelt Defendants are direct or vicarious in nature.

17.     Under Pa .R. Civ. P. 2327, "[a]t any time during the pendency of an action," a person not a party to the action "shall be permitted to intervene" if:

> (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

> (2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

> (3) such person could have joined as an original party in the action or could have been joined therein; or

4

(4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

18.     The determination of M.B.'s action may impose liability upon Samsung to indemnify, in whole or in part, the Roosevelt Defendants and may affect a legally enforceable interest of Samsung, namely coverage for punitive damages.

19.     Therefore, under Pa .R. Civ. P. 2327(1) and (4), if the jury is to be instructed on the issue of punitive damages, Samsung seeks the opportunity to intervene in this case for the purposes of: (1) participating in the charging conference; (2) submitting of proposed jury instructions; and (3) submitting proposed jury interrogatories; all in order to frame for the jury's determination the issue of whether any punitive damages that may be awarded against the Roosevelt Defendants are direct or vicarious in nature.

20.     If intervention is allowed, Samsung would submit jury instructions and jury interrogatories, substantially similar to those attached hereto as Exhibit F.

21.     This motion to intervene is proper and should be granted because the claim of Samsung is subordinate to and in recognition of the propriety of this action. Pa. R. Civ. P. 2329(1)

22.     This motion to intervene is proper and should be granted because the interests of Samsung are not adequately represented by any party to this action. See Vaksman v. Zurich General Accident & Liability Co., 94 A.2d 186 (Pa. Super. 1953); Pa .R. Civ. P. 2329(2).

23.     This motion to intervene is proper and should be granted because Samsung has not unduly delayed making the application to intervene, this case is not set for trial until April 2020 and no pre-trial Order has been entered yet. See Pittsburgh Miracle Mile Town & Country

Case ID: 170300712
Control No.: 20022309

Shopping Ctr..Inc. v. Board of Property Assessment. Appeals & Review of Allegheny County,

294 A.2d 226, 229 (Pa. Cmwlth. 1972); Pa. R. Civ. P. 2329(3).

24.     This motion to intervene is proper and should be granted because Samsung's

intervention will not necessitate any discovery or cause any delay in the trial of this action.  Pa.

R. Civ. P. 2329(3).

25.     There will not be any prejudice in this case as the proposed jury instructions and

interrogatories need not refer to the existence of insurance and the Court can omit any references

to insurance. See Pa. R. Ev. 411; Paxton National Insurance Co. v. Brickailik 522 A.2d 531, 533

(Pa. 1987); Flenke v. Huntington, 111 A.3d 1197, 1204 (Pa. Super. 2015)

WHEREFORE, Samsung Fire & Marine Insurance Co., Ltd. (U.S. Branch) respectfully

requests that this motion to intervene be granted and that it be afforded the opportunity to: (1)

participate in the charging conference; (2) submit proposed jury instructions; and (3) submit

proposed jury interrogatories; all in order to frame for the jury's determination the issue of

whether any punitive damages that may be awarded against the Roosevelt Defendants are direct

or vicarious in nature, if it is determined by the Court that the jury is to be instructed on the issue

of punitive damages.

<div style="margin-left:40%">

**Respectfully submitted**:

**KELLY & DeMARCO, P.C.**

BY:     <u>s/Carolyn Bates Kelly</u>
**CAROLYN BATES KELLY**
**JOHN C. FALLS**
**Attorneys for Intervenor**
**Samsung Fire & Marine Insurance Co., Ltd.**
**(U.S. Branch)**
**101 Greenwood Ave., Ste. 300, Jenkintown Plaza**
**Jenkintown, PA  19046**

</div>

Case ID: 170300712
Control No.: 20022309

215-881-2280
cbkelly@kellydemarco.com
jfalls@kellydemarco.com

**Dated: February 18, 2020**

7

Case ID: 170300712
Control No.: 20022309

## CERTIFICATION OF SERVICE

I, Carolyn Bates Kelly, hereby certify that a true and correct copy of Samsung Fire & Marine Insurance Co., Ltd. (U.S. Branch)'s Motion to Intervene was sent via the Court's electronic filing system to all counsel of record.

**KELLY & DeMARCO, P.C.**

**BY:** **s/Carolyn Bates Kelly**
**CAROLYN BATES KELLY**
**JOHN C. FALLS**
**Attorney for Intervenor**
**Samsung Fire & Marine Insurance Co., Ltd.**
**(U.S. Branch)**
**101 Greenwood Ave., Ste. 300, Jenkintown Plaza**
**Jenkintown, PA 19046**
**215-881-2280**
**cbkelly@kellydemarco.com**
**Dated: February 18, 2020** **jfalls@kellydemarco.com**

8

## **VERIFICATION**

I, Thomas M. Trezise, hereby verify that I am Senior Vice President and Claims Counsel for Catalina U.S. Insurance Services LLC, the authorized claim administrator and representative of Samsung Fire & Marine Company Ltd. for this matter and that the averments or denials of fact made in the attached Motion to Intervene are true and correct to the best of my knowledge, information and belief. I understand that any false statements herein are made subject to the penalties of 18 Pa. C. S. §4904 relating to unsworn falsifications to authorities.

THOMAS M. TREZISE

Dated: 2|18|2020

**KELLY & DEMARCO, P.C.**
**BY: CAROLYN BATES KELLY**
cbkelly@kellydemarco.com
**PA Identification No. 75668**
**BY: JOHN C. FALLS**
jfalls@kellydemarco.com
**PA Identification No. 62390**
**101 GREENWOOD AVENUE**
**JENKINTOWN PLAZA,**
**SUITE 300**
**JENKINTOWN, PA 19046**
**(215) 881-2280**

**Attorneys for Intervenor**
**Samsung Fire & Marine Insurance Co.,**
**Ltd (U.S. Branch)**

|                              |   |                          |
|------------------------------|---|--------------------------|
| **M.B.**                     | : | **COURT OF COMMON PLEAS** |
|                              | : | **PHILADELPHIA COUNTY**  |
|                              | : | **CIVIL ACTION – LAW**   |
| **Plaintiff**                | : |                          |
|                              | : | **No. 170300712**        |
| **v.**                       | : |                          |
|                              | : |                          |
| **ROOSEVELT INN, LLC, ET AL** | : |                          |
|                              | : |                          |
| **Defendants**               | : |                          |

**MEMORANDUM OF LAW IN SUPPORT OF INTERVENOR SAMSUNG FIRE &**
**MARINE INSURANCE CO., LTD'S MOTION TO INTERVENE**

**I.      MATTER BEFORE THE COURT:**

Samsung Fire & Marine Insurance Co., Ltd. (U.S. Branch)'s (hereinafter "Samsung")

motion to intervene pursuant to Pa. R. Civ. P. 2326, et seq., for leave to intervene in this action

for the purposes of: (1) participating in the charging conference; (2) submitting proposed jury

instructions; and (3) submitting proposed jury interrogatories if the jury is to be instructed on the

issue of punitive damages.

**II.     STATEMENT OF QUESTION PRESENTED:**

Should Samsung's motion to intervene be granted when all of the requirements of Pa. R.

Civ. P. 2326, et seq., have been met?

1

Case ID: 170300712
Control No.: 20022309

**Suggested Answer: Yes.**

## III.  FACTS:

This case is currently set to be ready for trial by April 6, 2020.  See copy of Revised Case Management Order entered January 28, 2019, Exhibit A.  The case arises out of the alleged sex trafficking of Plaintiff M.B. (hereinafter "Plaintiff") at the Roosevelt Inn in Philadelphia, allegedly "commencing in 2014."  See copy of Plaintiff's Fourth Amended Complaint, at ¶ 24, Exhibit B.  Plaintiff's Fourth Amended Complaint seeks both compensatory and punitive damages.  See Exhibit B.

Samsung issued two commercial package policies of insurance providing Commercial General Liability ("CGL") insurance to Defendant UFVS Management Company (hereinafter "UFVS").  Policy CPP 0000842 00 had a policy period of 04/20/2013 through 04/20/2014. Policy CPP 0000842 01 had a policy period of 04/20/2014 through 04/20/2015. (Policy CPP 0000842 00 and CPP 0000842 01 are collectively hereinafter referred to as "the Samsung Policies.")  See copies of the relevant portions of the Samsung Policies, Exhibits C and D, respectively.   The insured listed on Policy CPP 0000842 00 is Roosevelt Inn C/O UFVS Management Company. See Exhibit C.  The insured listed on Policy CPP 0000842 01 is UFVS Management Company, Roosevelt Inn, LLC.  See Exhibit D.

Samsung has been providing a defense to Defendants UFVS, Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. and Yagna Patel (collectively referred to as "the Roosevelt Defendants") for the action brought against them on behalf of M.B., subject to a reservation of rights letter.

2

On October 10, 2018, Samsung commenced a declaratory judgment action in the United States District Court, Eastern District of Pennsylvania against the Roosevelt Defendants and others seeking declaratory judgment as to its rights and obligations under the Samsung Policies in connection with this action.[1] See copy of Samsung's Complaint, Exhibit e. The Samsung declaratory judgment action remains pending.

## IV.   ARGUMENT

Under Pennsylvania law, insurance coverage will not be afforded for any punitive damages that are imposed directly upon an insured, because transferring such liability to an insurer would be contrary to public policy. See, Esmond v. Liscio, 224 A.2d 793 (Pa. Super. 1966). However, coverage for punitive damages may exist, if the punitive damages are vicariously imposed. See, Butterfield v Giuntoli, 670 A.2d 646 (Pa. Super. 1995). While an employer can be held vicariously liable for the acts of its employee, vicarious liability is only imposed when the acts of the agent were within the course and scope of the employment relationship. See R.A. ex rel. N.A. v. First Church of Christ, 748 A.2d 692, 699 (Pa. Super. 2000). The conduct of an employee is considered 'within the scope of employment' for purposes of vicarious liability if: (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; [and] (3) it is actuated, at least in part, by a purpose to serve the employer." Id. at 699.

---

[1] The declaratory judgment action has since been expanded to encompass a determination as to Samsung's rights and obligations under the Samsung Policies in connection with three (3) similar actions related to alleged sex trafficking at the Roosevelt Inn.

Case ID: 170300712
Control No.: 20022309

Therefore, under Butterfield, the question of an insurer's obligation to indemnify for punitive damages involves a factual determination of whether the basis for any punitive damages award was direct or vicarious, and it is incumbent upon the insurer to present jury instructions and/or special verdict interrogatories to enable the jury to make that determination at trial. Butterfield specifically recognized the right of an insurer to intervene in a case for the purposes of submitting such jury instructions or interrogatories, before or after the verdict, in order to properly frame the issues for the jury.

Samsung takes no position on the issue of whether the jury should be instructed regarding awarding punitive damages against the Roosevelt Defendants in this action. However, pursuant to Butterfield, in the event the Court deems that the jury in this action should be instructed on punitive damages, Samsung seeks leave to intervene for the purposes of: (1) participating in the charging conference; (2) submitting of proposed jury instructions; and (3) submitting proposed jury interrogatories; all in order to frame for the jury's determination the issue of whether any punitive damages that may be awarded against the Roosevelt Defendants are direct or vicarious in nature.

Under Pa .R. Civ. P. 2327, "[a]t any time during the pendency of an action," a person not a party to the action "shall be permitted to intervene" if:

(1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

(3) such person could have joined as an original party in the action or could have been joined therein; or

4

(4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

The determination of this action may impose liability upon Samsung to indemnify, in whole or in part, the Roosevelt Defendants and may affect a legally enforceable interest of Samsung, namely whether coverage is available for a possible award of punitive damages. Therefore, under Pa. R. Civ. P. 2327(1) and (4), in the event that the Court determines that the jury should be instructed on the issue of punitive damages, Samsung seeks the opportunity to intervene in this case for the purposes of: (1) participating in the charging conference; (2) submitting of proposed jury instructions; and (3) submitting proposed jury interrogatories; all in order to frame for the jury's determination the issue of whether any punitive damages that may be awarded against the Roosevelt Defendants are direct or vicarious in nature. If intervention is allowed, Samsung would submit jury instructions and jury interrogatories, substantially similar to those attached as Exhibit F.

This motion to intervene is proper and should be granted because the claim or defense of Samsung is subordinate to and in recognition of the propriety of this action. Pa. R. Civ. P. 2329(1). In addition, this motion to intervene is proper and should be granted because the interests of Samsung are not adequately represented by any party to this action. See Vaksman v. Zurich General Accident & Liability Co., 94 A.2d 186 (Pa. Super. 1953); Pa .R. Civ. P. 2329(2).

This petition to intervene is also proper and should be granted because Samsung has not unduly delayed making the application to intervene. See Pittsburgh Miracle Mile Town & Country Shopping Ctr..Inc. v. Board of Property Assessment. Appeals & Review of Allegheny County, 294 A.2d 226, 229 (Pa. Cmwlth. 1972); Pa. R. Civ. P. 2329(3). This case will likely be ready for trial by April 6, 2020 and no Pre-Trial Order has been entered yet. See Exhibit A.

Case ID: 170300712
Control No.: 20022309

Furthermore, this motion to intervene is proper and should be granted because Samsung's intervention will not necessitate any discovery or cause any delay in the trial of this action. Pa. R. Civ. P. 2329(3).

Finally, there will not be any prejudice in this case as the proposed jury instructions and interrogatories need not refer to the existence of insurance and the Court can omit any references to insurance. See Pa .R. Ev. 411; Paxton National Insurance Co. v. Brickailik 522 A.2d 531, 533 (Pa. 1987); Flenke v. Huntington, 111 A.3d 1197, 1204 (Pa. Super. 2015). For all of these reasons, this motion to intervene should be granted.

## V.    RELIEF SOUGHT:

Samsung Fire & Marine Insurance Co., Ltd. (U.S. Branch) respectfully requests that this motion to intervene be granted and that, it if is determined that the jury should be instructed on the issue of punitive damages, it be afforded the opportunity to: (1) participate in the charging conference; (2) submit proposed jury instructions; and (3) submit proposed jury interrogatories; all in order to frame for the jury's determination the issue of whether any punitive damages that may be awarded against the Roosevelt Defendants are direct or vicarious in nature.

Respectfully submitted:

**KELLY & DeMARCO, P.C.**

BY:    **s/ Carolyn Bates Kelly**
**CAROLYN BATES KELLY**
**JOHN C. FALLS**
**Attorney for Intervenor**
**Samsung Fire & Marine Insurance Co., Ltd.**
**(U.S. Branch)**
**101 Greenwood Ave., Ste. 300, Jenkintown Plaza**
**Jenkintown, PA  19046**
**215-881-2280**
**cbkelly@kellydemarco.com**
**Dated: February 18, 2020**    **jfalls@kellydemarco.com**

6

1.      If you decide that Yagna Patel's conduct caused the Plaintiff's harm, you must decide whether that conduct justifies an award of punitive damages. The purpose of punitive damages is to punish the wrongdoer for outrageous conduct that harmed the Plaintiff and to discourage similar conduct in the future. A person's conduct is outrageous when it is malicious, wanton, willful, or oppressive, or shows reckless indifference to the interests of others.

You may award punitive damages against Yagna Patel only if you find that his conduct was outrageous.

[Based on Pa.S.S.J.I. (Civ.) § 8.00]

Given: ___      Refused:___

Case ID: 170300712
Control No.: 20022309

2.      There are two bases upon which you may award punitive damages against UFVS Management Company, Roosevelt Motor Inn, Inc., and/or Roosevelt Inn, LLC.   One possible ground for imposing punitive damages upon them would be attributable to any wrong doing that you may find on the part of any employee of theirs.  That is called vicarious liability. The other would be attributable to any wrongdoing that you may find on the part of UFVS Management Company (hereinafter "UFVS"), Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC.'s own acts/inaction.  That is called direct liability.

I will explain the two theories separately.

[Based on <u>Butterfield v. Giuntoli</u>. 448 Pa. Super. 1, 670 A.2d 646 (Pa. Super. 1995)]

Given: ___    Refused: ___

3.      The first possible basis for an award of punitive damages against UFVS Management Company, Roosevelt Motor Inn, Inc., and/or Roosevelt Inn, LLC would be the vicarious liability theory. Under that theory, you may award punitive damages against them, as an employer, only if the Plaintiff proves that the actions of any of their employees:

*First*, were outrageous;

*Second*, occurred during and within the scope of their duties as an employee of UFVS Management Company, Roosevelt Motor Inn, Inc., and/or Roosevelt Inn, LLC.; and

*Third*, were not motivated by the employee's personal ill will, malice, or reckless indifference, but instead were committed with the intent to further the interests of UFVS Management Company, Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC.

[Based on Pa.S.S.J.I. (Civ.) § 8.10]

Given: ___      Refused: ___

Case ID: 170300712
Control No.: 20022309

4.     The second possible basis for an award of punitive damages against UFVS Management Company, Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC. would be the direct liability theory. Under that theory, in order to award punitive damages against UFVS Management Company, Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC, you must decide whether its corporate conduct justifies an award of punitive damages. The purposes of punitive damages are to punish the wrongdoer for outrageous conduct that harmed the plaintiffs and to discourage similar conduct in the future. The conduct of UFVS Management Company, Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC would be outrageous when it is malicious, wanton, willful, or oppressive, or shows reckless indifference to the interests of others.

You may award punitive damages against UFVS Management Company, Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC. only if you find that its conduct was outrageous.

To do this, the Plaintiff must prove:

*First*, that the outrageous conduct was conduct of one or more officers, directors, or managing agents of UFVS Management Company, Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC., who acted on its behalf; or

*Second*, that an officer, a director, or a managing agent of UFVS Management Company, Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC had advance knowledge of the unfitness of their employee(s) and employed him/her/them with a knowing disregard of the rights or safety of others; or

*Third*, that the outrageous conduct was authorized by one or more officers, directors, or managing agents of UFVS Management Company, Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC; or

Case ID: 170300712
Control No.: 20022309

*Fourth*, that one or more officers, directors, or managing agents of UFVS Management Company, Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC knew of the outrageous conduct and adopted or approved that conduct after it occurred.

[Based on Pa.S.S.J.I. (Civ.) § 8.00]

Given: ___     Refused: ___

5.    If you decide that the Plaintiff is entitled to an award of punitive damages, it is your job to fix the amount of such damages. In doing so, you may consider any or all of the following factors:

   **1.** the character of the defendants' acts.

   **2.** the nature and extent of the harm to the Plaintiff that the defendants caused or intended to cause.

   **3.** the wealth of the defendants insofar as it is relevant in fixing an amount that will punish them and deter them and others from and like conduct in the future.

   It is not necessary that you award compensatory damages to the Plaintiff in order to assess punitive damages against the defendants, as long as you find in favor of Plaintiff and against the defendants on the questions of liability.

   You must decide whether punitive damages are to be assessed against each defendant, and the amount of any punitive damages assessed must be measured by your consideration of the factors I have listed as they apply to each particular defendant. When you will return your award of compensatory damages, if any, in one lump sum amount as to all defendants, you must return a separate verdict as to punitive damages, if any, against each of the defendants.

   The amount of punitive damages awarded must not be the result of passion or prejudice against the defendant on the part of the jury. The sole purpose of punitive damages is to punish the defendant's outrageous conduct and to deter the defendant and others from similar acts.

[Based on Pa.S.S.J.I. (Civ.) § 8.20]

   Given:_____   Refused: _____

Case ID: 170300712
Control No.: 20022309

## PROPOSED SPECIAL VERDICT FORM ON PUNITIVE DAMAGES

1     a.    Do you find that the conduct of Yagna Patel was so outrageous as to warrant an award of punitive damages against him?

               Yes: \_\_\_       No: \_\_\_

     b.    Do you find that the conduct of any employee of UFVS Management Company, Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC.) was so outrageous as to warrant an award of punitive damages and that their actions occurred during and within the scope of their duties as an employee of UFVS Management Company, Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC; and that their actions were not motivated by their own personal ill will, malice, or reckless indifference, but instead were committed with the intent to further the interests of UFVS Management Company, Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC.?

               Yes: \_\_\_       No:\_\_\_

     c.    Do you find that the conduct of UFVS Management Company, Roosevelt Motor Inn, Inc. and/or Roosevelt Inn, LLC. directly were so outrageous as to warrant an award of punitive damages?

               Yes: \_\_\_       No:\_\_\_

**If you answered "No" to parts a., b. and c. of question 1, please skip questions 2 through 5, sign the form at the bottom, and return to the Courtroom. If you answered "Yes" to question 1, please answer question 2.**

**If you answered "Yes" to any part of question 1, please proceed to question 2**

Case ID: 170300712
Control No.: 20022309

2.    a.    What amount of punitive damages do you award to the Plaintiff due to the conduct of Yagna Patel? (Note: answer this question only if you answered "Yes" to question 1. (a).

$_____

b.    What amount of punitive damages do you award to the Plaintiff due to the conduct of UFVS Management Company? (Note: answer this question only if you answered "Yes" to question 1(c).

$_____

c.    What amount of punitive damages do you award to the Plaintiff due to the conduct of Roosevelt Motor Inn, Inc.?    (Note: answer this question only if you answered "Yes" to question 1(c).

$_____

b.    What amount of punitive damages do you award to the Plaintiff due to the conduct Roosevelt Inn, LLC? (Note: answer this question only if you answered "Yes" to question 1(c).

$_____

Please sign this form and return to the Courtroom.

_____
FOREPERSON

Case ID: 170300712
Control No.: 20022309

**KLINE & SPECTER** PC
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

215-772-0522
FAX: 215-772-1005

NADEEM A. BEZAR



February 19, 2020

*Via E-mail:  Steven.Wulko@courts.phila.gov;*
**Steven Wulko, Deputy Director of Judicial Records**
City Hall
Philadelphia

Re:  **M.B. v. Roosevelt Inn LLC, et al.**
    **Philadelphia CCP, March Term, 2017, No. 00712;**

Dear Mr. Wulko,

Our office represents the Plaintiff, M.B. in the above matter.  On September 6, 2019 and November 8, 2019 our office filed a Third and Fourth Amended Complaints which I have attached for your reference.  The verifications to these Complaints inadvertently contained our client's full name.  Please replace the original verifications with the redacted one attached on the civil docket.

If you have any questions, please contact me directly at 215-772-0527.

Sincerely,

Christie A. Lawson
Paralegal to Nadeem A. Bezar

NAB/cl
Enc.

Case ID: 170300712

**KELLY & DEMARCO, P.C.**
**BY: JOHN C. FALLS**
**PA Identification No. 62390**
**101 GREENWOOD AVENUE**
**JENKINTOWN PLAZA, SUITE 300**
**JENKINTOWN, PA 19046**
**215-881-2280**
jfalls@kellydemarco.com

**ATTORNEY FOR PETITIONER**
**Samsung Fire & Marine Insurance Co.,**
**Ltd. (U.S. Branch)**

*Filed and Attested by the*
*Office of Judicial Records*
*20 FEB 2020 09:48 am*
*G. IMPERATO*

|  |  |
|---|---|
| **B., et al.** | **COURT OF COMMON PLEAS** |
|  | **PHILADELPHIA COUNTY** |
| **vs.** |  |
|  | **NO. 170300712** |
| **ROOSEVELT INN, et al.** |  |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

    Kindly enter my appearance on behalf of Petitioner, Samsung Fire & Marine Insurance

Co., Ltd. (U.S. Branch), in connection with the above-captioned action.

                         **KELLY & DeMARCO, P.C.**

         **BY:**    **s/John C. Falls**
                 **JOHN C. FALLS**
                 **Attorneys for Petitioner,**
                 **Samsung Fire & Marine Insurance Co., Ltd.**
                 **(U.S. Branch)**

**Dated:**    **2-20-20**

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**DOCKETED**

FEB 2 5 2020

S. HARVEY, JR.
CIVIL TRIAL DIVISION

## ORDER

**AND NOW**, this _24_ day of _February_, 20~~20~~, upon consideration of the Motion for Summary Judgment of Defendant Alpha-Centurion Security, Inc., and the response*s* in opposition of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC *and the plaintiff* and Yagna Patel, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED**.

BY THE COURT:

_____ J.

B. Etal Vs Roosevelt In-ORDER

17030071200237

150213.00601/122365465v.3

Case ID: 170300712
Control No.: 19120523



## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## TRIAL DIVISION – CIVIL

**B. ETAL**

*VS*

**ROOSEVELT INN LLC ETAL**

*March Term 2017*

*No. 00712*

**DOCKETED**

MAR 0 3 2020

S. HARVEY, JR.
CIVIL TRIAL DIVISION

### PRETRIAL ORDER
### DATE CERTAIN ASSIGNMENT

The above matter was conferenced pursuant to Pennsylvania Rule of Civil Procedure 212 on Monday, March 02, 2020.

**AND NOW**, this ___2___ day of ___March___, 2020, it is hereby **ORDERED** that:

This matter is scheduled for a **Trial Date Certain**

Jury selection is hereby scheduled to commence on ___Sept 4___ at 09:30 A.M., Courtroom to be announced.

Trial shall commence on ___Sept 8___ at 9:30 A.M. Trial is expected to last ___10___ days.

This case shall be tried before a jury of ___12+2___ persons.

All counsel of record are hereby attached.

All parties at trial shall be limited to calling those individuals specifically identified by name and address on the party's Pretrial Memorandum.

  (Except for good cause shown, the parties will be precluded from offering evidence through any person not so listed. The listing of a witness does not commit the listing party to have such person available at trial or to offer the testimony of such person. Any party may offer the testimony of a witness listed by any other party.)

All parties shall be limited in direct examination to the use of only those exhibits specifically listed in their Pretrial Memorandum.

  (Except for good cause shown, the parties will be precluded on direct examination from offering in evidence or examining any of their witnesses concerning any exhibit not so identified. The listing of an exhibit does not commit the party to use it.)

All Motions in Limine shall be filed not later than fifteen (15) days prior to jury selection. Responding counsel shall have ten (10) days thereafter to file any response.

Nothing in this Order may be construed to extend any previously imposed deadline applicable to this case.

On the day of jury selection, each party shall provide every other party and the court: Proposed Voir Dire; Points for Charge; Special Interrogatories; and, a designation of all portions of any deposition to be offered in evidence by page and line.

**BY THE COURT:**

_____
**ROBINS-NEW, SHELLEY, J.**

FJD35157PTODC (CREATED 1-6-14)

B. Etal Vs Roosevelt In-CLPTO

17030071200239

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) N. ERICKSON 03/05/2020

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| B. ETAL | March Term 2017 |
| VS | No. 00712 |
| ROOSEVELT INN LLC ETAL | |

**DOCKETED**

MAR **0 3** 2020

S. HARVEY, JR.
CIVIL TRIAL DIVISION

### *NOTICE OF TRIAL ATTACHMENT*

The above captioned matter has been specially listed for trial on Tuesday, September 08, 2020, at 09:30 AM, in CITY HALL COURTROOM 625, Philadelphia, PA 19107.

Jury selection shall take place on Friday, September 04th, 2020.

The following attorneys are attached for trial until the conclusion of this trial:

GRANT S PALMER,ESQ.

JOHN C FALLS,ESQ.

NADEEM A BEZAR,ESQ.

THOMAS P WAGNER,ESQ.

CAROLYN B KELLY,ESQ.

JUSTINA L BYERS,ESQ.

EMILY B MARKS,ESQ.

JAMES J QUINLAN,ESQ.

ROBERT W STANKO,ESQ.

DANIEL E OBERDICK,ESQ.

KYLE B NOCHO,ESQ.

MELANIE J FOREMAN,ESQ.

AARON  KOSTYK,ESQ.

B. Etal Vs Roosevelt Inn Llc Etal-CLLTR



17030071200241

Trial is expected to last 10 days

If an Interpreter is required, Counsel is responsible for ensuring that a Court Certified Interpreter has been ordered.  Failure to obtain and Interpreter for time of trial may result in the imposition of appropriate sanctions.

If you have any questions concerning this matter, please call 215-686-3718.

SHELLEY ROBINS-NEW
Judicial Team Leader


cc:  U.S. District Court – (via e-mail at Paed_caseOpen@paed.uscourts.gov)

SHJ66525SHJ66525\\ (Rev 7/12/17)

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

**CONTROL NUMBER:**

20022309

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

| FOR COURT USE ONLY | |
|---|---|
| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

B. ETAL VS ROOSEVELT INN LLC ETAL

_____March_____ Term, 2017
*Month*                          *Year*
No.                00712

Name of Filing Party:

M. B.-PMNR

---

**INDICATE NATURE OF DOCUMENT FILED:**

- ☐ Petition *(Attach Rule to Show Cause)*   ☐ Motion
- ☒ Answer to Petition   ☐ Response to Motion

Has another petition/motion been decided in this case?   ☐ Yes ☐ No
Is another petition/motion pending?   ☐ Yes ☐ No

*If the answer to either question is yes, you must identify the judge(s):*

_____

| TYPE OF PETITION/MOTION (see list on reverse side) | PETITION/MOTION CODE (see list on reverse side) |
|---|---|
| ANSWER (MOTION/PETITION) FILED | MTANS |

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):
MTINV - PETITION TO INTERVENE

| **I. CASE PROGRAM** | **II. PARTIES** *(required for proof of service)* |
|---|---|
| DAY FORWARD/MAJOR JURY PROGRAM | (Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.) |
| Court Type: JUDGE SHELLEY ROBINS-NEW | JOHN C FALLS |
| Applicable Petition/Motion Deadline: N/A | KELLY & DEMARCO, P.C. 101 GREENWOOD AVE SUITE 300 , JENKINTOWN PA 19046 |
| Has deadline been previously extended by the Court: N/A | NADEEM A BEZAR |
| | KLINE & SPECTER, P.C. 1525 LOCUST STREET , PHILADELPHIA PA 19102 |
| | THOMAS P WAGNER |
| | MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN 2000 MARKET STREET, 23RD FLOOR , PHILADELPHIA PA 19103 |
| | CAROLYN B KELLY |
| | KELLY & DEMARCO, P.C. 101 GREENWOOD AVENUE SUITE 300 , JENKINTOWN PA 19046 |
| | JUSTINA L BYERS |
| | ONE LOGAN SQUARE , PHILADELPHIA PA 19103 |

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

March 9, 2020          EMILY B. MARKS

_____          _____          _____
*(Attorney Signature/Unrepresented Party)*          *(Date)*          *(Print Name)*          *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

DAIQUAN DAVIS
    FCI BERLIN #72304-066 FEDERAL
    CORRECTION INSTITUTE P O BOX 9000 ,
    BERLIN NH 03570
ABDUL LOPEZ
    TUCSON US PENITENTIARY INMATE
    MAIL/PARCELS 69643-066 PO BOX 24550 ,
    TUCSON AZ 85734
AARON KOSTYK
    SEVEN NESHAMINY INTERPLEX SUITE 200 ,
    TREVOSE PA 19053

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**ORDER**

 **AND NOW**, this _____ day of _____, 2020, upon consideration of

Plaintiff's Response and Memorandum of Law in Opposition to Samsung Fire & Marine

Insurance Co., Ltd.'s (hereinafter "Samsung") Motion to Intervene, and any response thereto, it

is hereby:

 **ORDERED** and **DECREED** that Samsung's Petition to Intervene is **DENIED.**

BY THE COURT:

_____
                              J

Case ID: 170300712
Control No.: 20022309

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO SAMSUNG FIRE & MARINE INSURANCE CO., LTD.'S MOTION TO INTERVENE

Plaintiff, by and through counsel, hereby responds in opposition to Samsung Fire & Marine Insurance Co., Ltd.'s (hereinafter "Samsung") Motion to Intervene to Intervene as follows:

1.      Denied as stated.  The Case Management Order in this case is a document that speaks for itself.  Further, trial in this case has been scheduled to commence on September 8, 2020.

2.      Denied as stated.  Plaintiff's Fourth Amended Complaint is a document that speaks for itself. By way of further response, Plaintiff objects to Samsung's use of "alleged sex trafficking."  Plaintiff's traffickers pled guilty to sex trafficking and are currently incarcerated.

3.      Admitted.

4.      Denied as stated.  The insurance policies cited to by Samsung are documents that speak for themselves.

5.      Denied as stated.  The insurance policies cited to by Samsung are documents that speak for themselves.

6.      Denied.  Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph.

7.      Admitted on that Samsung filed a declaratory judgment against the Roosevelt Defendants and others.  Samsung's Second Amended Complaint is a document that speaks for itself.

8.      Admitted.

9-12.   Denied.  This is a legal conclusion to which no response is required.

13.     Denied.  This is a legal conclusion to which no response is required.  By way of further response,  Pa.R.C.P. 2329 provides that intervention may be denied if:

> 1)  the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action;
>
> 2)  the interest of the petitioner is already adequately represented; or
>
> 3)  the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Samsung already has its potential interests adequately represented by the Roosevelt Defendants who dispute liability for Plaintiff's claims.  The Roosevelt Defendants and Samsung's interests are aligned, because Samsung would only potentially have to pay under its policy if the Roosevelt Defendants are found liable.  Samsung's potential interests have also been actively represented from the inception of this suit, through its agreement to provide for the Roosevelt Defendants defense.  The actions or liability of an insurance company like Samsung is wholly irrelevant in this lawsuit.  As such, intervention at time should be denied.

Case ID: 170300712
Control No.: 20022309

14.     Denied.  See response to Paragraph 13.

15.     Denied. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph.

16.     Denied.  See response to Paragraph 13.  By way of further response, if this Court grants Samsung's Motion to Intervene, it would be premature for this Court to rule on which Interrogatories should be submitted to a jury as there has been no evidence submitted to a jury at this juncture. Any rulings on jury interrogatories should be made at the time of trial before the trial judge.

17.     Denied.  This is a legal conclusion to which no response is required.

18.     Denied.  See response to Paragraph 13.

19.     Denied.  See response to Paragraph 13.

20.     Denied. See response to Paragraph 13.  By way of further response, if this Court grants Samsung's Motion to Intervene, it would be premature for this Court to rule on which Interrogatories should be submitted to a jury as there has been no evidence submitted to a jury at this juncture. Any rulings on jury interrogatories should be made at the time of trial before the trial judge.

21.     Denied. See response to Paragraph 13.

22.     Denied.  See response to Paragraph 13.

23.     Denied.  See response to Paragraph 13.  Samsung's Motion to Intervene is untimely as Plaintiff commenced this lawsuit and Samsung was placed on notice of this action almost three years ago.

24.     Denied. See response to Paragraph 13.  By way of further response, if this Court grants Samsung's Motion to Intervene, it would be premature for this Court to rule on which

Interrogatories should be submitted to a jury as there has been no evidence submitted to a jury at this juncture. Any rulings on jury interrogatories should be made at the time of trial before the trial judge.

25.     Denied.  See response to Paragraph 24.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court deny Samsung's Motion to Intervene, entering the proposed Order in the form attached hereto.


Respectfully submitted,

**KLINE & SPECTER, P.C.**

*Emily B. Marks*
_____
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
Attorneys for Plaintiff

**KLINE & SPECTER, P.C.**　　　　　　　　　Attorneys for Plaintiff M.B.
BY:　　THOMAS R. KLINE, ESQUIRE/28895
　　　　NADEEM A. BEZAR, ESQUIRE/63577
　　　　EMILY B. MARKS, ESQUIRE/204405
　　　　KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO SAMSUNG FIRE & MARINE INSURANCE CO. LTD.'S MOTION TO INTERVENE

**I.　PRELIMINARY STATEMENT**

　　Samsung Fire & Marine Insurance Co. LTD. (hereinafter "Samsung"), is insurer for

Defendant UFVS and Roosevelt Inn, LLC.　Samsung has been providing a defense to Defendants

UFVS, Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. and Yagna Patel (hereinafter collectively

referred to as the "Roosevelt Defendants") in this case.　Samsung already has its potential

interests adequately represented by the Roosevelt Defendants who dispute liability for Plaintiff's

claims.　The Roosevelt Defendants and Samsung's interests are aligned, because Samsung would

only potentially have to pay under its policy if the Roosevelt Defendants are found liable.

Samsung's potential interests have also been actively represented from the inception of this suit,

through its agreement to provide for the Roosevelt Defendants defense.　The actions or liability

of an insurance company like Samsung is wholly irrelevant in this lawsuit.　As such, intervention

Case ID: 170300712
Control No.: 20022309

at time should be denied.  In the alternative, if this Court grants Samsung's Motion to Intervene, it would be premature for this Court to rule on which Interrogatories should be submitted to a jury as there has been no evidence submitted to a jury at this juncture. Any rulings on jury interrogatories should be made at the time of trial before the trial judge.

## II.     QUESTION PRESENTED

A.  Should the Court deny Samsung's Motion to Intervene, because it lacks standing and any potential interest Samsung may have in this litigation is already adequately represented in this case by the Roosevelt Defendants?

*Suggested Answer*:     Yes.

## III.     CONCISE STATEMENT OF FACTS

Plaintiff  M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel.  On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

The human trafficking industry exists in the United States due to the complicity of the hospitality industry.  Defendants knew and should have known that sex trafficking of adults and children was occurring at the Roosevelt Inn for years prior to, during and after the time Plaintiff was sex trafficked.  Defendants remained willfully blind to criminal misconduct that was happening at their motel at the expense of human life, human rights and human dignity.  Instead of taking necessary and timely steps to prevent human trafficking, Defendants negligently failed to address the open and obvious presence of human trafficking at the Roosevelt Inn and

Case ID: 170300712
Control No.: 20022309

continued to profit from traffickers by renting rooms for the apparent purpose of human trafficking.

## IV.  <u>LEGAL ARGUMENT</u>

### A.  **Legal Standard**

Intervention is a "matter within the sound discretion of the [trial court] and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review."  *See Wilson v. State Farm Mut. Auto. Ins. Co.*, 512 Pa. 486, 492 (1986).  Pennsylvania Rules of Civil Procedure 2327 and 2329 provide the standards for granting intervention is appropriate.  Under Pa.R.C.P. 2327, a person may intervene if:

1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

3) such person could have joined as an original party in the action or could have been joined therein; or

4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

The court, however, may deny intervention on three different grounds.  Pa.R.C.P. 2329 provides that intervention may be denied if:

4) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action;

5) the interest of the petitioner is already adequately represented; or

6) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass

Case ID: 170300712
Control No.: 20022309

or prejudice the trial or the adjudication of the rights of the
parties.

Whether an application for intervention is timely is a question "singularly within the periphery of
the trial judge's discretionary domain." *Jackson v. Hendrick*, 446 A.2d 226, 228–29 (Pa. 1982).

    **B.  Samsung Lacks Standing and Any Potential Interest Samsung May Have in
       This Litigation is Already Adequately Represented by the Roosevelt
       Defendants.**

      Samsung's Motion to Intervene should be denied, because Samsung lacks standing and
any of its potential interests are already adequately represented in this litigation by the Roosevelt
Defendants.

      Samsung only really gains an interest in this litigation if the Roosevelt Defendants are
held liable and Samsung has to pay a part of the judgment entered against the Roosevelt
Defendants.  Plaintiff has no claims against Samsung.  None of the Defendants have added
Samsung as a party or asserted any cross-claims against Samsung.  This is a personal injury
action brought against the Defendants for their negligence and tortious acts.  Samsung has no
place as a party in this litigation.  A legally enforceable interest for Samsung only arises if the
Court enters a judgment in Plaintiff's favor.  If the jury returns a defense verdict, Plaintiff would
not be able to enforce any judgment against Samsung.  Samsung does not have a ***present*** interest
in this litigation, so Samsung lacks standing to intervene.

      In addition, Samsung's potential interest in this litigation is already adequately
represented by the Roosevelt Defendants.  Under Pa.R.C.P. 2329, a court may deny the
intervention if "the interest of the petitioner is already adequately represented".  *See, e.g.*, *Cherry
Valley Assocs. v. Stroud Twp. Bd. of Supervisors*, 109 Pa. Cmwlth. 246, 250 (1987) (refusing
intervention when by residents and landowners in immediate vicinity of proposed planned unit
development, because their interests were adequately represented by township board of

Case ID: 170300712
Control No.: 20022309

supervisors); *E. Am. Transp. & Warehousing, Inc. v. Evans Conger Broussard & McCrea, Inc.*, No. 2187 JULY TERM 2001, 2002 WL 1803718, at *3 (Pa. Ct. Com. Pl. July 31, 2002) (refusing intervention where petitioner's interests coincided with the interests of entity already a party in the suit).

This lawsuit concerns the negligence and tortious misconduct of the Roosevelt Defendants. The only way Samsung potentially has an interest implicated is if a jury finds the Roosevelt Defendants liable and Samsung had to pay part or all of the judgment entered against the Roosevelt Defendants. This suit is about the Plaintiff, the Roosevelt Defendants and Defendant Alpha-Centurion, not the policy of an insurance company.

Samsung has its potential interests adequately represented by the Roosevelt Defendants who are attempting to prevent any judgment from being entered against them. Samsung's potential interest overlaps with the Roosevelt Defendants' interests, because Samsung would only potentially have to pay pursuant to the insurance policy if the Roosevelt Defendants are found liable.

Intervention is wholly inappropriate at this time, because Samsung has had its potential interests adequately represented in this litigation from its inception. Shortly after Plaintiff filed suit almost three years ago, the Roosevelt Defendants put Samsung on notice of this suit, and Samsung agreed to provide for the Roosevelt Defendants defense. Through its provision of the Roosevelt Defendants defense, it has had access to the documents exchanged in discovery and testimony of witnesses from depositions in this action. Samsung also attended a mediation in this matter on December 10, 2019. To suggest Samsung has not had its potential interests adequately represented would contravene common sense.

In the alternative, if this Court grants Samsung's Motion to Intervene, it would be premature for this Court to rule on which Interrogatories should be submitted to a jury as there has been no evidence submitted to a jury at this juncture. Any rulings on jury interrogatories should be made at the time of trial before the trial judge.

## V.   **CONCLUSION**

For the foregoing reasons, Petitioner Samsung already has its potential interests adequately represented by the Roosevelt Defendants in this action, and Samsung.  Plaintiff M.B. therefore requests this Honorable Court to enter the attached Order denying Samsung's Motion to Intervene.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*Emily B. Marks*
_____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

## **VERIFICATION**

I, Emily B. Marks, Esquire, being duly sworn according to law, verify that the information contained in the following is true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 Pa. C.S.A §4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*Emily B. Marks*
_____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that service of a true and correct copy of the above Plaintiff's Response and Memorandum of Law in Opposition to Samsung Fire & Marine Insurance Co. Ltd.'s was filed with this Court on March 9, 2020 and served by electronic and regular mail, upon the following parties:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

**Via E-mail and Regular mail to the parties listed below:**

John C. Falls, Esquire
Carolyn Bates Kelly, Esquire
Kelly & DeMarco , P.C.
101 Greenwood Avenue
Jenkintown Plaza, Suite 300
Jenkintown, PA 19046
*Counsel for Intervenor Samsung Fire & Marine Insurance Co., Ltd. (U.S. Branch)*

**KLINE & SPECTER, P.C.**

*Emily B. Marks*

By: _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Dated: 3/9/20

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

**CONTROL NUMBER:**

20022309

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

### FOR COURT USE ONLY

ASSIGNED TO JUDGE:

ANSWER/RESPONSE DATE:

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

March Term, 2017
*Month* *Year*

No. 00712

Name of Filing Party:

B. ETAL VS ROOSEVELT INN LLC ETAL

**INDICATE NATURE OF DOCUMENT FILED:**

- ☐ Petition *(Attach Rule to Show Cause)*  ☐ Motion
- ☐ Answer to Petition  ☐ Response to Motion

Has another petition/motion been decided in this case?  ☐ Yes ☐ No
Is another petition/motion pending?  ☐ Yes ☐ No

*If the answer to either question is yes, you must identify the judge(s):*

TYPE OF PETITION/MOTION *(see list on reverse side)*

MOTION/PETITION BRIEF FILED

PETITION/MOTION CODE
*(see list on reverse side)*
BREFM

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

MTINV – PETITION TO INTERVENE

## I. CASE PROGRAM

DAY FORWARD/MAJOR JURY PROGRAM

Court Type: JUDGE SHELLEY ROBINS-NEW

Applicable Petition/Motion Deadline: N/A

Has deadline been previously extended by the Court: N/A

## II. PARTIES *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

JOHN C FALLS
KELLY & DEMARCO, P.C. 101 GREENWOOD AVE SUITE 300 , JENKINTOWN PA 19046

NADEEM A BEZAR
KLINE & SPECTER, P.C. 1525 LOCUST STREET , PHILADELPHIA PA 19102

THOMAS P WAGNER
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN 2000 MARKET STREET, 23RD FLOOR , PHILADELPHIA PA 19103

CAROLYN B KELLY
KELLY & DEMARCO, P.C. 101 GREENWOOD AVENUE SUITE 300 , JENKINTOWN PA 19046

JUSTINA L BYERS
ONE LOGAN SQUARE , PHILADELPHIA PA 19103

## III. OTHER

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

March 10, 2020          CAROLYN B. KELLY

*(Attorney Signature/Unrepresented Party)*          *(Date)*          *(Print Name)*          *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

DAIQUAN DAVIS
    FCI BERLIN #72304-066 FEDERAL
    CORRECTION INSTITUTE P O BOX 9000 ,
    BERLIN NH 03570
ABDUL LOPEZ
    TUCSON US PENITENTIARY INMATE
    MAIL/PARCELS 69643-066 PO BOX 24550 ,
    TUCSON AZ 85734
AARON KOSTYK
    SEVEN NESHAMINY INTERPLEX SUITE 200 ,
    TREVOSE PA 19053

**KELLY & DEMARCO, P.C.**
**BY: CAROLYN BATES KELLY**
cbkelly@kellydemarco.com
**PA Identification No. 75668**
**BY: JOHN C. FALLS**
jfalls@kellydemarco.com
**PA Identification No. 62390**
**101 GREENWOOD AVENUE**
**JENKINTOWN PLAZA,**
**SUITE 300**
**JENKINTOWN, PA 19046**
**(215) 881-2280**

**Attorneys for Intervenor**
**Samsung Fire & Marine Insurance Co.,**
**Ltd (U.S. Branch)**

| | | |
|---|---|---|
| **M.B.** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| | : | **CIVIL ACTION – LAW** |
| **Plaintiff** | : | |
| | : | **No. 170300712** |
| **v.** | : | |
| | : | |
| **ROOSEVELT INN, LLC, ET AL** | : | |
| | : | |
| **Defendants** | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**INTERVENOR SAMSUNG FIRE & MARINE INSURANCE CO., LTD'S**
<u>**MOTION TO INTERVENE**</u>

Intervenor Samsung Fire & Marine Insurance Co., Ltd. (U.S. Branch)'s (hereinafter

"Samsung"), by and through its undersigned counsel, hereby submits this Reply to Plaintiffs'

Opposition to Samsung's Motion to Intervene pursuant to Pa. R. Civ. P. 2326, <u>et seq.</u>

**I.     ARGUMENT**

Samsung seeks leave to intervene in this action solely for the purposes of: (1)

participating in the charging conference; (2) submitting proposed Points for Charge; and (3)

submitting proposed Special Jury Interrogatories if the jury is to be instructed on the issue of

punitive damages. Plaintiffs' Opposition provides absolutely no basis to deny this request.

1

Case ID: 170300712
Control No.: 20022309

Plaintiff appears to miss the point. Samsung is requesting leave to intervene on one issue only, how the jury is to be instructed on the requirements for awarding punitive damages if the Trial Court determines that the jury is to be instructed on that issue. As Samsung's Motion to Intervene points out, the jury's decision on the possible award of punitive damages against the Roosevelt Defendants will have an impact on the issue of whether such an award is insurable or not. Under Pennsylvania law, insurance coverage will not be afforded for any punitive damages that are imposed directly upon an insured, because transferring such liability to an insurer would be contrary to public policy. See, Esmond v. Liscio, 224 A.2d 793 (Pa. Super. 1966). However, coverage for punitive damages may exist, if the punitive damages are vicariously imposed. See, Butterfield v Giuntoli, 670 A.2d 646 (Pa. Super. 1995).

Samsung is not asking for this Court to decide any insurance coverage issues. Samsung merely seeks the opportunity to be heard on how the jury is instructed on the issue of punitive damages so that it can be determined whether any possible award of punitive damages against the Roosevelt Defendants is based on direct or vicarious liability.

Contrary to Plaintiff's contention, Samsung's interest in this issue is not, will not and cannot be represented by the Roosevelt Defendants. In fact, on this one distinct issue, Samsung's and the Roosevelt Defendants' interests do not necessarily align. Therefore it is necessary for Samsung to intervene on this particular issue. The fact that Samsung has been, under a reservation of rights, paying for the defense of the Roosevelt Defendants has absolutely no bearing on this issue. One of the bedrock principles of insurance coverage and defense law is that counsel for the Roosevelt Defendants represents the interests of the Roosevelt Defendants alone. Undersigned counsel participated in the December 10, 2019 Mediation in this matter for

2

Case ID: 170300712
Control No.: 20022309

precisely that reason, counsel for the Roosevelt Defendants does not and cannot represent the interests of Samsung.[1]

Plaintiff's argument that Samsung's Motion to Intervene should be denied because Samsung lacks "standing" is meritless. Pa. R. Civ. P. 2326, et seq. has no "standing" requirement. Moreover, the Superior Court in <u>Butterfield</u> specifically recognized the right of an insurer to intervene in a case for the purposes of submitting jury instructions on the issue of punitive damages in order to properly frame the issues for the jury:

> Moreover, if necessary, Lexington [the insurer] **had the option to intervene.** Yet, Lexington did not pursue any means available to them at the outset of the trial, during the trial, or immediately following the verdict in order to definitively determine its duty to indemnify the Trustees. Lexington's cavalier approach to the legal proceedings was risky because Lexington had the opportunity to resolve the issue by submitting specific instructions, specific interrogatories before or immediately after the verdict, or by seeking intervention, yet declined to do so . . .

670 A.2d at 658 (emphasis added, footnote omitted).

Finally, Samsung's Motion to Intervene does not ask this Court to make any determination on whether the Proposed Points for Charge and Special Interrogatories attached as Exhibit F to the Motion should be used at trial. They were attached as an example of the type of proposed Points for Charge and Special Interrogatories that Samsung would submit to the Trial Court if this Motion is granted. As per the recently entered March 2, 2020 Trial Scheduling Order, Points for Charge and Special Interrogatories are now due on the day of Jury Selection, September 4, 2020.

---

[1] Plaintiff apparently has confused the difference between representing an insured versus representing an insurance company. Undersigned counsel for Samsung does not have access to and is not privy to any of the depositions and/or other discovery taken and/or produced in this action.

Case ID: 170300712
Control No.: 20022309

## II.   CONCLUSION:

Samsung takes no position on the issue of whether the jury should be instructed regarding awarding punitive damages against the Roosevelt Defendants in this action.  Samsung only seeks leave to intervene to (1) participate in the charging conference; (2) submit proposed Points for Charge; and (3) submit proposed Special Jury Interrogatories; all in order to help frame the jury's determination of the issue of whether any punitive damages that may be awarded against the Roosevelt Defendants are direct or vicarious in nature.  Plaintiff's Opposition provides no basis to deny this request.

Respectfully submitted:

**KELLY & DeMARCO, P.C.**

BY:    <u>s/ Carolyn Bates Kelly</u>
          **CAROLYN BATES KELLY**
          **JOHN C. FALLS**
          **Attorney for Intervenor**
          **Samsung Fire & Marine Insurance Co., Ltd.**
          **(U.S. Branch)**
          **101 Greenwood Ave., Ste. 300, Jenkintown Plaza**
          **Jenkintown, PA  19046**
          **215-881-2280**
          **<u>cbkelly@kellydemarco.com</u>**

**Dated: March 10, 2020**      **<u>jfalls@kellydemarco.com</u>**

4

## CERTIFICATION OF SERVICE

I, Carolyn Bates Kelly, hereby certify that a true and correct copy of Samsung Fire &

Marine Insurance Co., Ltd. (U.S. Branch)'s Reply Memorandum of Law in Support of its Motion

to Intervene was sent via the Court's electronic filing system to all counsel of record.

**KELLY & DeMARCO, P.C.**

<div style="margin-left:40%">

**BY:**   <u>**s/Carolyn Bates Kelly**</u>
**CAROLYN BATES KELLY**
**JOHN C. FALLS**
**Attorney for Intervenor**
**Samsung Fire & Marine Insurance Co., Ltd.**
**(U.S. Branch)**
**101 Greenwood Ave., Ste. 300, Jenkintown Plaza**
**Jenkintown, PA  19046**
**215-881-2280**
**cbkelly@kellydemarco.com**
**jfalls@kellydemarco.com**

</div>

**Dated: March 10, 2020**

Case ID: 170300712
Control No.: 20022309

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

**CONTROL NUMBER:**

20022309

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

### FOR COURT USE ONLY

ASSIGNED TO JUDGE:

ANSWER/RESPONSE DATE:

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response. Status may be obtained online at http://courts.phila.gov*

March _____ Term, 2017
*Month*                      *Year*
No. _____ 00712

B. ETAL VS ROOSEVELT INN LLC ETAL

Name of Filing Party:

---

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*   ☐ Motion
☐ Answer to Petition   ☐ Response to Motion

Has another petition/motion been decided in this case?   ☐ Yes  ☐ No
Is another petition/motion pending?   ☐ Yes  ☐ No

*If the answer to either question is yes, you must identify the judge(s):*

---

TYPE OF PETITION/MOTION (see list on reverse side)

MOTION/PETITION BRIEF FILED

PETITION/MOTION CODE
(see list on reverse side)
BREFM

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

MTINV - PETITION TO INTERVENE

---

**I. CASE PROGRAM**

DAY FORWARD/MAJOR JURY PROGRAM

Court Type: JUDGE SHELLEY ROBINS-NEW
Applicable Petition/Motion Deadline: N/A
Has deadline been previously extended by the Court: N/A

**II. PARTIES** *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

JOHN C FALLS
    KELLY & DEMARCO, P.C. 101 GREENWOOD
    AVE SUITE 300 , JENKINTOWN PA 19046
NADEEM A BEZAR
    KLINE & SPECTER, P.C. 1525 LOCUST
    STREET , PHILADELPHIA PA 19102
THOMAS P WAGNER
    MARSHALL DENNEHEY WARNER COLEMAN &
    GOGGIN 2000 MARKET STREET, 23RD FLOOR
    , PHILADELPHIA PA 19103
CAROLYN B KELLY
    KELLY & DEMARCO, P.C. 101 GREENWOOD
    AVENUE SUITE 300 , JENKINTOWN PA
    19046
JUSTINA L BYERS
    ONE LOGAN SQUARE , PHILADELPHIA PA
    19103

---

**III. OTHER**

---

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

March 10, 2020          CAROLYN B. KELLY

_____          _____          _____          _____
*(Attorney Signature/Unrepresented Party)*          *(Date)*          *(Print Name)*          *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

DAIQUAN DAVIS
   FCI BERLIN #72304-066 FEDERAL
   CORRECTION INSTITUTE P O BOX 9000 ,
   BERLIN NH 03570
ABDUL LOPEZ
   TUCSON US PENITENTIARY INMATE
   MAIL/PARCELS 69643-066 PO BOX 24550 ,
   TUCSON AZ 85734
AARON KOSTYK
   SEVEN NESHAMINY INTERPLEX SUITE 200 ,
   TREVOSE PA 19053

**KELLY & DEMARCO, P.C.**
**BY: CAROLYN BATES KELLY**
cbkelly@kellydemarco.com
**PA Identification No. 75668**
**BY: JOHN C. FALLS**
jfalls@kellydemarco.com
**PA Identification No. 62390**
**101 GREENWOOD AVENUE**
**JENKINTOWN PLAZA,**
**SUITE 300**
**JENKINTOWN, PA 19046**
**(215) 881-2280**

**Attorneys for Intervenor**
**Samsung Fire & Marine Insurance Co.,**
**Ltd (U.S. Branch)**

| | | |
|---|---|---|
| **M.B.** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| | : | **CIVIL ACTION – LAW** |
| **Plaintiff** | : | |
| | : | **No. 170300712** |
| **v.** | : | |
| | : | |
| **ROOSEVELT INN, LLC, ET AL** | : | |
| | : | |
| **Defendants** | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**INTERVENOR SAMSUNG FIRE & MARINE INSURANCE CO., LTD'S**
**MOTION TO INTERVENE**

Intervenor Samsung Fire & Marine Insurance Co., Ltd. (U.S. Branch)'s (hereinafter "Samsung"), by and through its undersigned counsel, hereby submits this Reply to Plaintiffs' Opposition to Samsung's Motion to Intervene pursuant to Pa. R. Civ. P. 2326, et seq.

**I. ARGUMENT**

Samsung seeks leave to intervene in this action solely for the purposes of: (1) participating in the charging conference; (2) submitting proposed Points for Charge; and (3) submitting proposed Special Jury Interrogatories if the jury is to be instructed on the issue of punitive damages. Plaintiffs' Opposition provides absolutely no basis to deny this request.

Case ID: 170300712
Control No.: 20022309

Plaintiff appears to miss the point. Samsung is requesting leave to intervene on one issue only, how the jury is to be instructed on the requirements for awarding punitive damages if the Trial Court determines that the jury is to be instructed on that issue. As Samsung's Motion to Intervene points out, the jury's decision on the possible award of punitive damages against the Roosevelt Defendants will have an impact on the issue of whether such an award is insurable or not. Under Pennsylvania law, insurance coverage will not be afforded for any punitive damages that are imposed directly upon an insured, because transferring such liability to an insurer would be contrary to public policy. See, Esmond v. Liscio, 224 A.2d 793 (Pa. Super. 1966). However, coverage for punitive damages may exist, if the punitive damages are vicariously imposed. See, Butterfield v Giuntoli, 670 A.2d 646 (Pa. Super. 1995).

Samsung is not asking for this Court to decide any insurance coverage issues. Samsung merely seeks the opportunity to be heard on how the jury is instructed on the issue of punitive damages so that it can be determined whether any possible award of punitive damages against the Roosevelt Defendants is based on direct or vicarious liability.

Contrary to Plaintiff's contention, Samsung's interest in this issue is not, will not and cannot be represented by the Roosevelt Defendants. In fact, on this one distinct issue, Samsung's and the Roosevelt Defendants' interests do not necessarily align. Therefore it is necessary for Samsung to intervene on this particular issue. The fact that Samsung has been, under a reservation of rights, paying for the defense of the Roosevelt Defendants has absolutely no bearing on this issue. One of the bedrock principles of insurance coverage and defense law is that counsel for the Roosevelt Defendants represents the interests of the Roosevelt Defendants alone. Undersigned counsel participated in the December 10, 2019 Mediation in this matter for

Case ID: 170300712
Control No.: 20022309

precisely that reason, counsel for the Roosevelt Defendants does not and cannot represent the interests of Samsung.[1]

Plaintiff's argument that Samsung's Motion to Intervene should be denied because Samsung lacks "standing" is meritless. Pa. R. Civ. P. 2326, et seq. has no "standing" requirement. Moreover, the Superior Court in Butterfield specifically recognized the right of an insurer to intervene in a case for the purposes of submitting jury instructions on the issue of punitive damages in order to properly frame the issues for the jury:

> Moreover, if necessary, Lexington [the insurer] **had the option to intervene.** Yet, Lexington did not pursue any means available to them at the outset of the trial, during the trial, or immediately following the verdict in order to definitively determine its duty to indemnify the Trustees. Lexington's cavalier approach to the legal proceedings was risky because Lexington had the opportunity to resolve the issue by submitting specific instructions, specific interrogatories before or immediately after the verdict, or by seeking intervention, yet declined to do so . . .

670 A.2d at 658 (emphasis added, footnote omitted).

Finally, Samsung's Motion to Intervene does not ask this Court to make any determination on whether the Proposed Points for Charge and Special Interrogatories attached as Exhibit F to the Motion should be used at trial. They were attached as an example of the type of proposed Points for Charge and Special Interrogatories that Samsung would submit to the Trial Court if this Motion is granted. As per the recently entered March 2, 2020 Trial Scheduling Order, Points for Charge and Special Interrogatories are now due on the day of Jury Selection, September 4, 2020.

---

[1] Plaintiff apparently has confused the difference between representing an insured versus representing an insurance company. Undersigned counsel for Samsung does not have access to and is not privy to any of the depositions and/or other discovery taken and/or produced in this action.

Case ID: 170300712
Control No.: 20022309

## II. CONCLUSION:

Samsung takes no position on the issue of whether the jury should be instructed regarding awarding punitive damages against the Roosevelt Defendants in this action. Samsung only seeks leave to intervene to (1) participate in the charging conference; (2) submit proposed Points for Charge; and (3) submit proposed Special Jury Interrogatories; all in order to help frame the jury's determination of the issue of whether any punitive damages that may be awarded against the Roosevelt Defendants are direct or vicarious in nature. Plaintiff's Opposition provides no basis to deny this request.

Respectfully submitted:

**KELLY & DeMARCO, P.C.**

BY:   **s/ Carolyn Bates Kelly**
         **CAROLYN BATES KELLY**
         **JOHN C. FALLS**
         **Attorney for Intervenor**
         **Samsung Fire & Marine Insurance Co., Ltd.**
         **(U.S. Branch)**
         **101 Greenwood Ave., Ste. 300, Jenkintown Plaza**
         **Jenkintown, PA 19046**
         **215-881-2280**
         **cbkelly@kellydemarco.com**
**Dated: March 10, 2020**    **jfalls@kellydemarco.com**

4

## CERTIFICATION OF SERVICE

I, Carolyn Bates Kelly, hereby certify that a true and correct copy of Samsung Fire &

Marine Insurance Co., Ltd. (U.S. Branch)'s Reply Memorandum of Law in Support of its Motion

to Intervene was sent via the Court's electronic filing system to all counsel of record.

**KELLY & DeMARCO, P.C.**

BY:    <u>s/Carolyn Bates Kelly</u>
        **CAROLYN BATES KELLY**
        **JOHN C. FALLS**
        **Attorney for Intervenor**
        **Samsung Fire & Marine Insurance Co., Ltd.**
        **(U.S. Branch)**
        **101 Greenwood Ave., Ste. 300, Jenkintown Plaza**
        **Jenkintown, PA 19046**
        **215-881-2280**
        **cbkelly@kellydemarco.com**

**Dated: March 10, 2020**    **jfalls@kellydemarco.com**

5

Case ID: 170300712
Control No.: 20022309

**RUDOLPH CLARKE, LLC**
**By:  Benjamin F. Cohen, Esquire**
**Identification No. 327642**
**Seven Neshaminy Interplex**
**Suite 200**
**Trevose, PA 19053**
**(215) 633-1890**



*Filed and Attested by the Office of Judicial Records 30 APR 2020 02:13 pm M. RUSSO*

*Attorney for Bensalem Township*

| | | |
|---|---|---|
| **B.H., A Minor** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **COURT OF COMMON PLEAS** |
| | : | |
| **Roosevelt Inn, et al.** | : | **PHILADELPHIA COUNTY** |
| | : | |
| **Defendants.** | : | **NO: 170300712** |

### ENTRY OF APPEARANCE

      Kindly enter the appearance of Benjamin F. Cohen, Esquire, on behalf of Bensalem Township in the above referenced matter.

                                          **RUDOLPH CLARKE, LLC**

                                          By:    /s/ Benjamin F. Cohen
                                                Benjamin F. Cohen, Esquire
                                                Attorney for Bensalem Township

Date:  April 22, 2020

**RUDOLPH CLARKE, LLC**
**By: Ronald A. Kolla, Esquire**
**Identification No. 325819**
**Seven Neshaminy Interplex, Suite 200**
**Trevose, PA 19053**
**(215) 633-1890**



*Filed and Attested by the Office of Judicial Records 01 MAY 2020 01:21 pm R. SCHREIBER*

*Attorney for Bensalem Township*

| | | | |
|---|---|---|---|
| **M.B., et al.** | | : | |
| | **Plaintiff,** | : | |
| **v.** | | : | **COURT OF COMMON PLEAS** |
| | | : | |
| **ROOSEVELT INN, et al.** | | : | |
| | | : | **PHILADELPHIA COUNTY** |
| | | : | |
| | **Defendants.** | : | **NO: 170300712** |

<u>**ENTRY OF APPEARANCE**</u>

Kindly enter the appearance of Ronald A. Kolla, Esquire, on behalf of Bensalem Township in the above referenced matter.

**RUDOLPH CLARKE, LLC**

By: ____/s/ Ronald A. Kolla____
       Ronald A. Kolla, Esquire
       Attorney for Bensalem Township

Date: May 1, 2020

**RUDOLPH CLARKE, LLC**
By: Ronald A. Kolla, Esquire
Identification No. 325819
Seven Neshaminy Interplex, Suite 200
Trevose, PA 19053
(215) 633-1890



*Filed and Attested by the
Office of Judicial Records
01 MAY 2020 11:37 am
R. SCHREIBER*

*Attorney for Bensalem Township*

---

| | | |
|---|---|---|
| **B.H., A MINOR** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **COURT OF COMMON PLEAS** |
| | : | |
| **ROOSEVELT INN, et al.** | : | |
| | : | **PHILADELPHIA COUNTY** |
| | : | |
| **Defendants.** | : | **NO: 170300712** |

---

## ENTRY OF APPEARANCE

Kindly enter the appearance of Ronald A. Kolla, Esquire, on behalf of Bensalem Township in the above referenced matter.

**RUDOLPH CLARKE, LLC**

By: _____/s/ Ronald A. Kolla_____
Ronald A. Kolla, Esquire
Attorney for Bensalem Township

Date: April 28, 2020

**RUDOLPH CLARKE, LLC**
**By: Aaron E. Kostyk, Esquire**
**Identification No. 320463**
**Seven Neshaminy Interplex, Suite 200**
**Trevose, PA 19053**
**(215) 633-1890**



*Filed and Attested by the Office of Judicial Records 01 MAY 2020 09:36 am M. RUSSO*

*Attorney for Bensalem Township*

| | | | |
|---|---|---|---|
| **B.H., A Minor** | | : | |
| | **Plaintiff,** | : | |
| | | : | |
| **v.** | | : | **COURT OF COMMON PLEAS** |
| | | : | |
| **Roosevelt Inn, et al.** | | : | **PHILADELPHIA COUNTY** |
| | | : | |
| | **Defendants.** | : | **NO: 170300712** |

## WITHDRAW OF APPEARANCE

     Kindly withdraw the appearance of Aaron E. Kostyk, Esquire, on behalf of Bensalem Township in the above referenced matter.

                    **RUDOLPH CLARKE, LLC**

                    By:    /s/ Aaron E. Kostyk
                         Aaron E. Kostyk, Esquire
                         Attorney for Bensalem Township

Date: May 1, 2020

**RUDOLPH CLARKE, LLC**
**By: Ronald A. Kolla, Esquire**
**Identification No. 325819**
**Seven Neshaminy Interplex, Suite 200**
**Trevose, PA 19053**
**(215) 633-1890**



*Filed and Attested by the*
*Office of Judicial Records*
*01 MAY 2020 01:15 pm*
*R. SCHREIBER*

*Attorney for Bensalem Township*

| | | |
|---|---|---|
| **B.H., a minor** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **COURT OF COMMON PLEAS** |
| | : | |
| **Roosevelt Inn, et al.** | : | **PHILADELPHIA COUNTY** |
| | : | |
| **Defendants.** | : | **NO: 170300712** |

## WITHDRAW OF APPEARANCE

Kindly withdraw the appearance of Ronald A. Kolla, Esquire, on behalf of Bensalem Township in the above referenced matter.

**RUDOLPH CLARKE, LLC**

By: ___/s/ Ronald A. Kolla_____
Ronald A. Kolla, Esquire
Attorney for Bensalem Township

Date: May 1, 2020

**KLINE & SPECTER, P.C.**
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*



*Filed and Attested by the Office of Judicial Records 15 MAY 2020 11:36 am E. MEENAN*

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
|     v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

### PLAINTIFF'S OBJECTIONS TO DEFENDANTS ROOSEVELT INN LLC d/b/a ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL'S SUBPOENA TO THE SUPPORT CENTER FOR CHILD ADVOCATES PURSUANT TO Pa.R.C.P. 4009.21

Plaintiff M.B., by and through counsel, Kline & Specter, P.C., hereby objects to

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor

Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's

(hereinafter referred to as the "Roosevelt Defendants") proposed Subpoena directed to "Erin

Coltera", that is attached to these objections:

    1.      This case involves the human sex trafficking of Plaintiff M.B. at the Roosevelt

Inn at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

    2.      On May 5, 2020, Litigation Solutions LLC, on behalf of Justina L. Byers,

Esquire, counsel for the Roosevelt Defendants, issued a Notice of Intent to Serve A Subpoena to

Produce Documents and Things, directed to "Erin Coltera" and the Support Center for Child

Advocates. <u>See</u> Notice of Intent and Subpoena, collectively attached as Exhibit "A".

3.     The proposed Subpoena seeks "*any and all records pertaining and relating to M.B., D.O.B. 9/03/1999 excluding any documents protected by attorney-client privilege.*"  See Exhibit "A".

4.     The Court imposed a Discovery deadline of October 7, 2019.  The Court's Case Management Deadlines have not been extended beyond that date.  See Revised Case Management Order, attached as Exhibit "B".

5.     Therefore, the Roosevelt Defendants' Notice of Intent dated May 5, 2020 is untimely, as the Discovery Deadline expired nearly seven (7) months ago and the deadlines were not extended by the Court.

6.     Additionally, the information the Roosevelt Defendants seek is protected by the Attorney-Client communication privilege.

7.     Accordingly, Plaintiff objects to the Roosevelt Defendants' proposed Subpoena to obtain records from the Support Center for Child Advocates and Erin Coltera.

8.     Pursuant to Pa. R.C.P. 4009.21(c), any party may object to the subpoena by filing of record written objections and serving a copy of the objections upon every other party to the action.

9.     If objections are received by the party intending to serve the subpoena prior to its service, the subpoena shall not be served.  Pa. R.C.P. 4009.21(d)(1).

**WHEREFORE**, Plaintiff files this Objection in accordance with Pa. R.C.P. 4009.21.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Date: __5/15/2020_____

**<u>VERIFICATION</u>**

I, EMILY B. MARKS, hereby state that I am the attorney for the Plaintiff in this matter and hereby verify that the statements made in the foregoing Plaintiff's Objections to Subpoena pursuant to Pa. R.C.P. 4009.21 are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Dated:  5/15/2020

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of Plaintiff's Objections to Subpoena pursuant to Pa. R.C.P. 4009.21 was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

_____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Date: _____5/15/2020_____

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com

*Attorneys for Defendants*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

Filed and Attested by the
Office of Judicial Records
05 JUN 2020 03:02 pm
S. SWEENEY

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
|  | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |  |
| ROOSEVELT INN CAFÉ, et al., | : |  |
|  | : |  |

## NOTICE OF PRESENTATION

TO: Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle B. Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

TO: Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

**PLEASE TAKE NOTICE** that the Motion of Defendants, Roosevelt Inn LLC d/b/a

Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn,

UFVS Management Company, LLC and Yagna Patel, to Strike Objections to the Subpoena for

Records to the Support Center for Child Advocates will be presented to the Court on _____

_____, at ___, in Court Room _____, City Hall, Philadelphia, PA.

**BLANK ROME LLP**

Dated:  June 1, 2020

*/s/ James J. Quinlan*

Grant S. Palmer, Esquire (Pa. I.D. No. 57686)
James J. Quinlan, Esquire (Pa. I.D. No. 200944)
Justina L. Byers, Esquire (Pa. I.D. No. 76773)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
          quinlan@blankrome.com
          byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

---

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |

---

## <u>MOTION TO STRIKE OBJECTIONS TO SUBPOENA</u>

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by and through their undersigned counsel,

hereby move the Court to strike Plaintiff's Objections to a subpoena served by the Roosevelt

Defendants pursuant to Pa. R. Civ. P. 4009.21. In support of this motion, the Roosevelt

Defendants aver as follows:

1.    Plaintiff commenced this civil action on March 10, 2017, alleging violations of

Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt

Defendants and Alpha-Centurion Security, Inc. Plaintiff has amended her Complaint four times, changing her factual allegations regarding the timing and duration of the period she was allegedly trafficked at the Roosevelt Inn. Plaintiff's most recent amendment, which was filed after the close of discovery, omits her initial statutory claim pursuant to the Pennsylvania Human Sex Trafficking Law, 18 Pa. C.S.A. § 3001 *et seq*.

2.    Plaintiff has identified the criminals who trafficked her as Daiquan Davis ("Davis") and Abdul Lopez ("Lopez"), whom the Roosevelt Defendants joined as Additional Defendants to this action. Plaintiff cooperated with federal prosecutors in prosecuting both Davis and Lopez.

3.    During the course of discovery in this case, only after the involvement of two U.S. District Court Judges to conditionally unseal records, criminal defense counsel for both Davis and Lopez provided substantial amounts of material (thousands of pages and hours of recordings) pursuant to subpoena, including documents, hours of audiotapes of recorded phone calls, video tapes and photographs. One document included in the Davis production was a January 10, 2017 letter written by a social worker from the Support Center for Child Advocates ("Support Center") to the Honorable Jan E. Dubois concerning Davis' sentencing. The letter, attached hereto as Exhibit A, advises the judge of trauma experienced by Plaintiff as a result of being trafficked by Davis, her struggle to overcome and the "great strides" she has made in that regard. The letter is signed by Erin Coltrera, LSW, MSW, MSSP, Child Advocate Social Worker, Support Center, and evidences that the Support Center provided social services to Plaintiff in the aftermath of her trafficking experiences.

4.     Plaintiff never identified Coltrera as a provider of social services to Plaintiff despite that defendants' requests for the names of all such providers in discovery requests. Exhibit B, the Roosevelt Defendants' Interrogatories; Exhibit C, Plaintiff's Interrogatory Answers, at 43, 48. Had Plaintiff abided by her discovery obligations and identified Coltrera during the discovery period, the Roosevelt Defendants would have subpoenaed documents from the Support Center and Coltrera during discovery - as soon as the Support Center and Coltrera were identified.

5.     While the Support Center employs and appoints volunteer attorneys to represent minors, Coltrera is not identified as an attorney by her signature or in the body of the letter. As noted, Coltrera identifies herself as a social worker.

6.     On May 1, 2020, Defendants' counsel notified Plaintiff's counsel that they would be issuing a Notice, pursuant to Pa. R. Civ. P. 4009.21 ("Notice"), advising that they intended to serve a subpoena for documents upon Coltrera and the Support Center. The form of subpoena attached to the Notice requested documents pertaining to Plaintiff but explicitly excluded "any documents protected by attorney-client privilege." The May 5, 2020 Notice and attached form of subpoena are attached as Exhibit D.

7.     Plaintiff's counsel responded to the advance notification of the Notice, stating that Plaintiff objected to the subpoena "issued to the Support Centers for Child Advocacy [*sic*] as they were her legal counsel." Exhibit E, May 1, 2020 email from Emily Marks.

8.     Counsel for movants responded that, as the subpoena states, the Roosevelt Defendants were seeking documents excluding documents protected from disclosure by the attorney-client privilege. Movants' counsel provided a copy of the Coltrera letter. Exhibit F.

9.     Plaintiff subsequently filed Objections to the subpoena on the bases that the subpoena seeks attorney-client privileged information, which it clearly does not, and that service of the subpoena was untimely as beyond the discovery period.

10.     Plaintiff's objection that the subpoena seeks privileged information is baffling in light of the subpoena's stated exclusion of privileged material.  Rather, the subpoena seeks documents relating to social work services provided by the Support Center to Plaintiff, records which are clearly relevant and discoverable.

11.     The Roosevelt Defendants acknowledge that they seek to serve the subpoena beyond the discovery period.  During discovery, the Roosevelt Defendants served interrogatories upon Plaintiff seeking the identity of all medical and social services providers and those with knowledge of her damages claims.  See Exhibit B at 43, 48.  Plaintiff failed to identify Coltrera or the Support Center.  See Exhibit C at 43, 48.  Had Plaintiff abided by her discovery obligations in providing full and complete responses to Defendants' interrogatories, Defendants would have been aware of Coltrera's services to Plaintiff long before finding Coltrera's letter to Judge Dubois among the large volume of documents obtained from Davis' criminal counsel.

12.     Prior to the worldwide COVID-19 pandemic, trial in this matter was scheduled to begin on September 8, 2020, with jury selection to begin on September 4, 2020.  In accordance with the May 15, 2020 Administrative Order No. 33 of the First Judicial District of Pennsylvania, "In re:  Resumption of Court Proceedings," all civil trials are suspended through September 8, 2020.

13.     Given that Plaintiff has demanded substantial damages in this litigation, in part for alleged emotional distress, documents from a provider of social services, who treated Plaintiff following her trafficking experience, are highly relevant.  As such, the Roosevelt Defendants have a compelling need to obtain the documents.

14.     Given that the trial will not occur for four months, at the very least, there would be no prejudice to Plaintiff or any other party if the subpoena process were to proceed and documents obtained from the Support Center.

15.     Permitting the subpoena process to proceed is an equitable outcome given that the Roosevelt Defendants' delay in seeking the documents was caused by Plaintiff's discovery misconduct.

WHEREFORE, the Roosevelt Defendants respectfully request that the Court strike Plaintiff's Objections to the subpoena issued to the Support Center for Child Advocates and permit the Roosevelt Defendants to obtain relevant, non-privileged documents.

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 1, 2020

*/s/ James J. Quinlan*
Grant S. Palmer, Esquire (Pa. I.D. No. 57686)
James J. Quinlan, Esquire (Pa. I.D. No. 200944)
Justina L. Byers, Esquire (Pa. I.D. No. 76773)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
          quinlan@blankrome.com
          byers@blankrome.com

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |  |
|---|---|---|
| | : | |
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S
## MEMORANDUM OF LAW IN SUPPORT OF THEIR
## <u>MOTION TO STRIKE PLAINTIFF'S OBJECTIONS TO SUBPOENA</u>

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by their undersigned counsel, hereby file

this memorandum of law in support of their Motion to Strike Plaintiff's Objections to a subpoena

served by the Roosevelt Defendants pursuant to Pa. R. Civ. P. 4009.21.

## I.   QUESTION PRESENTED

Should the Court strike Plaintiff's Objections to a subpoena for relevant, non-privileged documents the Roosevelt Defendants seek to serve upon the Support Center for Child Advocates?

Suggested answer:  Yes.

The Roosevelt Defendants seek *non-privileged* documents from a social worker who provided social services to Plaintiff after and in relation to her trafficking experience.  Plaintiff was obligated to but failed to identify Erin Coltrera in discovery responses.  Had Plaintiff identified Coltrera in discovery responses, the Roosevelt Defendants' subpoena to Coltrera would have been timely.  Nonetheless, no party will be prejudiced by a later production of the highly relevant social service documents, especially given that the trial date for this matter, which had been September 6, 2020, was recently suspended.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc.  Plaintiff amended her Complaint four times, most recently omitting the statutory claim.  Plaintiff alleges that she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises.  She has identified her traffickers as Daiquan Davis and Abdul Lopez, who were convicted and are serving time in federal penitentiaries for their trafficking crimes.  The Roosevelt Defendants joined Davis and Lopez to the litigation as Additional Defendants.

Plaintiff's allegations place a number of facts at issue, relating to, among other things, if and when she was trafficked at the Roosevelt Inn. Also at issue is the extent of damages, if any, sustained by Plaintiff. Following the close of discovery, from a voluminous production provided by Davis' criminal defense attorney, the Roosevelt Defendants located a letter written on Plaintiff's behalf by social worker Erin Coltrera, indicating she was treating Plaintiff relating to her trafficking experience. Coltrera addressed the letter to the federal judge who was to sentence Davis and discussed Plaintiff's trauma and recovery. Coltrera signed the letter as "Erin Coltrera, LSW, MSW, MSSP, Child Advocate Social Worker, Support Center for Child Advocates." Exhibit A. Plaintiff never identified Coltrera as a provider of services to Plaintiff during the course of discovery, despite defendants' interrogatories seeking the names of all social and medical service providers. Exhibits B, C, at 43, 48.

On May 5, 2020, the Roosevelt Defendants issued a Notice pursuant to Pa. R. Civ. P. 4009.21, indicating its intent to subpoena documents from Coltrera at the Support Center for Child Advocates ("Support Center"). The form of subpoena included with the Notice specifically excludes from the subpoena documents protected from disclosure by the attorney-client privilege. Exhibit D. Nonetheless, Plaintiff objected to the subpoena based on the attorney-client privilege. Plaintiff further objects to the subpoena as untimely, served beyond the discovery deadline.

Plaintiff's Objections should be stricken. First, the Roosevelt Defendants' document request to Coltrera specifically excludes privileged documents. Further, had the Roosevelt Defendants been made aware of the existence of Coltrera and her treatment of Plaintiff during the discovery period, their subpoena would have been timely. Plaintiff should not now benefit

from her discovery misconduct in failing to disclose this witness. Finally, no party will be prejudiced should the Roosevelt Defendants be permitted to pursue documents now from a witness Plaintiff should have identified three years ago. Prior to the COVID-19, the trial in this matter was scheduled for September 6, 2020. Pursuant to the May 15, 2020 Administrative Order No. 33, that trial date is now suspended and the trial will be conducted at a later date.

## III. ARGUMENT

### A. Legal Standard

Rule 4003.1 of the Pennsylvania Rules of Civil Procedure specifically permits a party to an action to obtain information, documents and things through discovery. In relevant part, the rule states:

> (a) … a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identify and location of persons having knowledge of any discoverable matter.

Pa. R. Civ. P. 4003.1(a).

Significantly, the scope of allowable discovery under Pa. R. Civ. P. 4003.1 is far reaching. Pa. R. Civ. P. 4009.1 articulates how a party may acquire this information from a non-party through the issuance of subpoenas:

> (a) ***Any party may serve … a subpoena upon a person not a party pursuant to Rules 4009.21 through 4009.27*** to produce and permit the requesting party, or someone acting on the party's behalf, to inspect and copy any designated documents (including writings, drawings, graphs, charts, photographs, and electronically stored information), or to inspect, copy, test or sample any tangible things or electronically stored information, which constitute or contain matters within the scope of Rules 4003.1 through 4003.6 inclusive

4

and which are in the possession, custody or control of the party or
person upon whom the request or subpoena is served, and may do
so one or more times.

Pa. R. Civ. P. 4009.1(a) (emphasis added).

As discussed, *infra*, the information the Roosevelt Defendants seek to obtain from Erin
Coltrera and the Support Center for Child Advocates falls precisely within the definition of
obtainable discovery provided by Pa. R. Civ. P. 4003.1(a).

**B.** **Defendants Have a Compelling Need for the Documents Sought**

A party is entitled to seek information relevant to the subject matter of the lawsuit if the
subpoena appears reasonably calculated to lead to the discovery of admissible evidence. *Miller
v. Grunfelder*, No. 12726 CIVIL 2008, 2013 Pa. Dist. & Cnty. Dec. Lexis 416, at *7 (Pa. D. & C.
July 12, 2013). "It is well established that the fundamental consideration in determining the
admissibility of evidence is whether the proffered evidence is relevant to the fact sought to be
proved. Evidence is relevant if it tends to make a fact at issue more or less probable." *Martin v.
Soblotney*, 502 Pa. 418, 422 (Pa. 1983) (citation omitted). Further, "Pennsylvania [courts] find[]
evidence relevant 'when it tends to establish facts in issue,' or when it 'in some degree advances
the inquiry and thus has probative value[.]'" *Whistler Sportswear, Inc. v. Rullo*, 289 Pa. Super.
230, 243 (Pa. Super. 1981).

Here, the Roosevelt Defendants' subpoena seeks information from Coltrera that is clearly
relevant to the issues being litigated in this case, including what damages, if any, Plaintiff
suffered as a result of her alleged trafficking experiences. Coltrera is a social worker and her
letter to Judge Dubois indicates she provided services to Plaintiff and is familiar with her alleged
trauma and progress since the trauma. Exhibit A.

C.    **Plaintiff's Discovery Misconduct Caused Defendants' Delay in Seeking Documents**

It is Plaintiff's own failure to identify Coltrera during discovery that caused the Roosevelt Defendants to issue a subpoena outside of the discovery period. During discovery, the Roosevelt Defendants sought from Plaintiff the identity of all medical and social services providers and the identity of all witnesses with knowledge of subjects germane to the litigation. Plaintiff had an obligation to identify Coltrera but did not. Exhibits B, C.

Plaintiff should not benefit from her own discovery misconduct – she should not be permitted to lodge objections on the basis of timeliness when she herself caused the delay in defendants' discovery of Coltrera.

IV.    **RELIEF REQUESTED**

In light of the above facts, and pursuant to Pa. R. Civ. P. 4009.21, the Roosevelt Defendants respectfully request this Court strike Plaintiff's Objections to the subpoena to be issued to Erin Coltrera at the Support Center for Child Advocates seeking relevant, non-privileged information, and permit the subpoena process to proceed.

<div align="right">

Respectfully submitted,

**BLANK ROME LLP**

</div>

Dated:  June 1, 2020

<div align="right">

/s/ James J. Quinlan
Grant S. Palmer, Esquire (Pa. I.D. No. 57686)
James J. Quinlan, Esquire (Pa. I.D. No. 200944)
Justina L. Byers, Esquire (Pa. I.D. No. 76773)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com

</div>

## CERTIFICATE OF SERVICE

I, Justina L. Byers, hereby certify that, on this 1st day of June 2020, I caused true and correct copies of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's forgoing Motion to Strike Objections to Subpoena and accompanying memorandum of law to be served via the Court's electronic filing system and/or electronic mail and/or First Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ Justina L. Byers
JUSTINA L. BYERS

|  | : |  |
| --- | --- | --- |
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
|  | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |  |
| ROOSEVELT INN CAFÉ, et al., | : |  |
|  | : |  |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2020, upon consideration of

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor

Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's

Motion to Strike Plaintiff's Objections to Subpoena to "Erin Coltrera, LSW, MSW, MSSP, Child

Advocate Social Worker, Support Center for Child Advocates," it is hereby ORDERED that said

Motion is GRANTED.  Plaintiff's Objections are hereby STRICKEN and defendants may

proceed with service of the subpoena pursuant to Pa. R. Civ. P. 4009.21.

<div align="center"><strong>BY THE COURT:</strong></div>

_____

<div align="right">J.</div>

Discovery deadline:  October 7, 2019

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

---

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
|         *Plaintiff,* | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |

---

## ATTORNEY CERTIFICATION OF GOOD FAITH

The undersigned counsel for movant hereby certifies and attest that:

☒a.    He or she has had the contacts described below with opposing counsel or unrepresented party regarding discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so without Court intervention.

*On May 5, 2020, Defendants' counsel served a Notice pursuant to Pa. R. Civ. P. 4009.21 regarding their intention to serve a subpoena to produce documents and things on Erin Coltrera, LSW, MSW, MSSP, Child Advocate Social Worker, Support Center for Child Advocates. On May 1, 2020, Plaintiff's counsel Emily Marks emailed the Defendants' counsel stating that Plaintiff objected to the subpoena on the basis of attorney-client privilege. Defendants' counsel responded the same day assuring Ms. Marks that the Roosevelt Defendants were seeking only non-privileged material and providing a letter written by Coltrera on Plaintiff's behalf. The letter identified Coltrera as a social worker. Plaintiff's counsel filed Objections to the subpoena on May 15, 2020.*

☐b.  He or she was unsuccessful in actually contacting opposing counsel or unrepresented party in an attempt to resolve the discovery dispute(s) despite his or her good faith efforts to do so.

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 1, 2020

*/s/ Justina L. Byers*

Grant S. Palmer, Esquire (Pa. I.D. No. 57686)
James J. Quinlan, Esquire (Pa. I.D. No. 200944)
Justina L. Byers, Esquire (Pa. I.D. No. 76773)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
             quinlan@blankrome.com
             byers@blankrome.com

FILED
04 JUN 2020 05:32 pm
Civil Administration
T. FOBBS

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
|  | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |  |
| ROOSEVELT INN CAFÉ, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

## ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of the Motion of

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor

Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for

Leave of Court to Amend their New Matter Crossclaims pursuant to Pennsylvania Rule of Civil

Procedure 1033, and any response thereto, it is hereby **ORDERED** and **DECREED** that said

Motion for Leave to Amend is **GRANTED**.  Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn

and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS

Management Company, LLC and Yagna Patel are granted leave of Court to file the Amended

New Matter Crossclaims attached to their Motion as Exhibit "B."

**BY THE COURT:**

_____
                                            J.

Case ID: 170300712
Control No.: 20060409

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>: CIVIL TRIAL DIVISION |
| Plaintiff, | : |
| v. | : MARCH TERM, 2017<br>: NO.: 00712 |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | : JURY TRIAL DEMANDED<br>:<br>: |
| Defendants. | :<br>: |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S
## MOTION FOR LEAVE TO AMEND NEW MATTER CROSSCLAIMS

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

("Moving Defendants" or "Roosevelt Defendants"), by their undersigned counsel, hereby file

this Motion for Leave of Court to Amend their New Matter Crossclaims pursuant to

Pennsylvania Rule of Civil Procedure 1033, in order to assert additional crossclaims for *per se*

negligence and negligent hiring, training and supervision against defendant Alpha-Centurion

Case ID: 170300712
Control No.: 20060409

Security, Inc d/b/a Alpha-Century Security, Inc. ("Alpha"), and in support thereof, aver as follows:[1]

## I.      FACTUAL AND PROCEDURAL BACKGROUND

1.      Plaintiff commenced this civil action on March 10, 2017, alleging that she was the victim of human trafficking and asserting negligence claims against defendants.

2.      Plaintiff amended her claims on September 5, 2017, August 27, 2018, September 6, 2019 and November 8, 2019.

3.      Alpha was named as a defendant in this action because it was contractually obligated to provide security services at the Roosevelt Inn.  The Security Contract between Alpha and Roosevelt Inn LLC required Alpha to "assist in the safeguard" of the hotel and persons located in the hotel.  Exhibit B, Security Contract, at ¶ 1.  The Security Contract also requires Alpha to indemnify the Roosevelt Defendants for "any loss, theft, or damage to property or injury to persons caused solely or in part as a result of intentional or deliberate acts, conduct, omissions and or criminal activities of [Alpha-Centurion Security] Service's security officers when committed in the performance of their duties." *Id*. at ¶ 8.

4.      On December 13, 2019, the Roosevelt Defendants filed an Answer with New Matter to Plaintiff's Fourth Amended Complaint and therein asserted crossclaims against Alpha and Additional Defendants Daiquan Davis and Abdul Lopez.  The Roosevelt Defendants' crossclaims were based on contractual indemnity as well as common law contribution and indemnity.  See Exhibit C, Roosevelt Defendants' Answer to Fourth Amended Complaint with New Matter and New Matter Crossclaims, at 22-23.

---

[1] Moving Defendants' proposed Amended New Matter Crossclaim is attached hereto as Exhibit A.

150213.00601/123222519v.3

Case ID: 170300712
Control No.: 20060409

5.     During the course of discovery in this case, Alpha asserted that many documents requested of it through discovery, by Plaintiff and Moving Defendants, had not been preserved and were no longer available.  See, *e.g.* deposition testimony of Patrick Panetta, Alpha's Director of Operations.  Exhibit D, Panetta deposition, at 22, line 22-24, line 21; 44, line 19-45, line 19.

6.     Alpha has been named as a defendant in three separate and subsequent actions, filed by three different plaintiffs, who also alleged they were victims of human trafficking.  The three subsequent actions are captioned, *C.A. v. Roosevelt Inn, et al., B.H. v. Roosevelt Inn, et al.* *and K.R. v. Roosevelt Inn, et al.*  All three cases are pending in the Court of Common Pleas of Philadelphia County.  Moving Defendants, with the exception of Yagna Patel, are also defendants in the three subsequent actions.

### A.     Alpha's *Per Se* Negligence

7.     During the course of discovery in the three subsequent actions, Alpha produced business records in response to requests for documents served by Plaintiffs, among which were documents requested, but not produced, in this action.  See Exhibit E, Alpha's April 17, 2020 Responses to Requests for Production of Documents.  Among the documents Alpha produced in the separate actions is an employment application completed by Alpha security officer Kelvin Hanton.[2]

8.     Hanton was assigned by Alpha to provide security at the Roosevelt Inn during a majority of the weekends in 2014, which overlaps the relevant time period of Plaintiff's

---

[2] On August 16, 2019, Plaintiff served a subpoena on Alpha Century, LLC, a non-party in this matter. Subsequently, Plaintiff filed a Motion to Compel compliance with said subpoena.  On September 24, 2019, under cover of correspondence to Plaintiff's counsel, counsel for Alpha Century produced some – but not al – of the documents produced by Defendant Alpha Centurion in the subsequent actions.  Alpha Century's counsel's September 24, 2019 letter purports to produce the same records to counsel of record for the Roosevelt Defendants, however, counsel for the Roosevelt Defendants has no record of receiving the Alpha Century subpoena production. Plaintiff's counsel has confirmed that Plaintiff never forwarded the records to counsel for the Roosevelt Defendants. Counsel for Alpha Centurion in the *MB* matter sent the Alpha Century subpoena production to counsel for the Roosevelt Defendants for the first time on May 28, 2020 upon request.

Case ID: 170300712
Control No.: 20060409

identifies in her Fourth Amended Complaint, and documents produced by Moving Defendants evidence Hanton's presence at the Roosevelt Inn during that time period.

9.     The recently produced employment application Hanton submitted to Alpha, dated July 15, 2010, required applicant Hanton to indicate if he had "ever been convicted of a crime," if he had "even been incarcerated in a prison," if he was "presently on probation or parole," and if at the time of the application, he had "any civil/criminal cases pending in court."  See Exhibit F:

150213.00601/123222519v.3

Case ID: 170300712
Control No.: 20060409

10.     As depicted, Hanton failed to answer the first and third questions, but responded that he had been incarcerated and had a case currently pending in court.  *Id.*

11.     Criminal docket searches for Kelvin Hanton reveal that at the time of his application, he had multiple prior convictions—he was convicted in Delaware County in 1999 for charges filed in 1995 for retail theft and receiving stolen property and was sentenced to a year of probation; he was convicted of endangering the welfare of children in Philadelphia County in 2005 and was sentenced to one year of probation; and he was convicted in 2008 in Philadelphia County for carrying firearms without a license, a felony, and carrying firearms in public in Philadelphia.  See Exhibits G, H, I.

12.     In relation to Hanton's 2008 convictions, he was sentenced to 1-2 years of confinement (starting October 14, 2008) and 3 years of probation.  Exhibit I.  At the time of his July 2010 application to work at Alpha, he was likely on probation or parole and quite possibly was still in prison.

13.     Also, as depicted in the application, Hanton indicated that he had been an employee of Alpha-Centurion in the past.  Exhibit F.  In his deposition, Hanton testified that he has worked for Alpha full-time since 1996 and estimated his tenure with Alpha as 18 - 20 years. See Exhibit J, Hanton deposition transcript, at 14, line 19 - 15, line 12.

14.     Hanton's period of incarceration, which began in October 2008, fell in the middle of his professed 18 - 20 year tenure with Alpha, which likely explains why he completed an application in 2010, *i.e.,* Alpha likely required that Hanton reapply for a position following his release from incarceration.

15.     In fact, Hanton may have actually applied to be rehired in 2010 from prison.  As indicated in a document Alpha produced entitled "New Hired," which was purportedly faxed on

5

Case ID: 170300712
Control No.: 20060409

July 10, 2010, five days prior to the date of Hanton's employment application, Hanton's contact information lists his address as 8101 State Road, Philadelphia PA, 19136.



**NEW HIRED**

FULL NAME (include mdd.initial): Kalvin Hanton PP.671694
ADDRESS: 8101 State Road
Phila PA. 19136
SS# ███████████
START DATE: 7/11/09
RATE: ███████████
D.O.B. ███████████
MARITAL STATUS & CLAIMS: ███████████
HOURS WORKED ON HIS FIRST PAY PERIOD: _____
DEDUCTIONS:
    UNIFORM: $_____    PAY ADVANCE: $_____
    OTHER: $_____

*Faxed 7/10/09*

Exhibit K.

A quick internet search of that address reveals it is the location of the Philadelphia Alternative and Special Detention Center. See

https://prisonpath.com/county/pennsylvania/philadelphia-alternative-and-special-detention-center/.

6

Case ID: 170300712
Control No.: 20060409

16.     Alpha's director of operations Panetta testified that during its years in business, Alpha performed in-house criminal background checks on applicants and screened for prior convictions.  Exhibit D, Panetta deposition at 71, line 9-24; 72, line 16-73, line 21; 74, line 3-21. Panetta maintained that if a background check revealed any conviction or guilty plea, Alpha would reject the applicant, "If anybody has pending cases, they're on probation, I don't hire them.  If they did one year in jail, I don't hire them . . . Anything convicted we can't hire them." *Id.* at 73, line 18-22; 74, line 20-21.  Despite Panetta's testimony, in the case of Kelvin Hanton, Alpha disregarded its hiring policy.  In so doing, Alpha violated the law.

17.     In Pennsylvania, the Private Detective Act of 1953, 22 P.S.A. 22, §§ 11-49 (the "Act"), regulates security guard companies as well as private detective agencies. Pa. Stat. Ann. tit. 22, § 12(a)(11); *Mahan v. Am-Gard, Inc.*, 841 A.2d 1052, 1057 n.11 (Pa. Super. 2003).

18.     The Act requires licensed security guard licensees to obtain statements from employees stating they have not been "convicted of a felony, or of any offense involving moral turpitude, or of any of the misdemeanors or offenses described in subsection (a) of this section" of the Act.  22 P.S. § 23.  The disqualifying crimes referenced in the Act crimes are: (1) illegally using, carrying or possessing a pistol or other dangerous weapon; (2) making or possessing burglar's instruments; (3) buying or receiving stolen property; (4) unlawful entry of a building; (5) aiding escape from prison (6) unlawfully possessing or distributing habit forming narcotic drugs; (7) picking pockets or attempting to do so; (8) soliciting any person to commit sodomy or other lewdness; (9) any person whose private detective or investigator's license was revoked or application for such license was denied by the court of common pleas or by the authorities of any other state or territory because of conviction of any of the crimes or offenses specified in this

7

Case ID: 170300712
Control No.: 20060409

section; (10) recklessly endangering another person; (11) terroristic threats; or (12) committing simple assault. 22 P.S.A.§ § 23(a).

19.    **Hanton was convicted of three of the listed crimes— illegally using, carrying or possessing a pistol or other dangerous weapon; endangering another person; and buying or receiving stolen property.  Exhibits G, H, I.**

20.    Pursuant to the Act, Alpha was required to verify the information provided by Hanton in his application, and perform a criminal background check.  22 P.S.A. § 23(c)-(f).

21.    Alpha was on notice of Hanton's criminal background since he admitted, albeit only partially, that he had been incarcerated and that proceedings were still pending.  Exhibit F.  Not only did Alpha fail to obtain complete information about Hanton's past, as required by the Act, Alpha knowingly hired Hanton notwithstanding his record of convictions, his admission that he had a criminal case pending against him and that he apparently applied for a security guard officer position from state prison while finishing a sentence for a preclusive felony conviction.

22.    Moreover, if Hanton's testimony was accurate as to his 1996 start date, his three separate convictions occurred during the time he was working for Alpha.  Exhibits G, H, I.  If Hanton applied for the job initially in 1996 as he testified, he did so with charges pending for criminal conspiracy, retail theft and receiving stolen property.  Exhibit G.  Those pending charges should have disqualified Hanton from being hired in 1996.  The three separate convictions that followed should have precluded his rehiring in 2010.

23.    Beyond knowingly violating its own policies, Alpha flagrantly disregarded the requirements of the Act in hiring Hanton with prior convictions for three of the offenses that disqualify him from obtaining employment as a security guard.

150213.00601/123222519v.3

Case ID: 170300712
Control No.: 20060409

24.     Negligence *per se* is "conduct, whether of action or omission, which may be declared and treated as negligence without any argument or proof as to the particular surrounding circumstances." *Wagner v. Anzon, Inc.*, 684 A.2d 570, 574 (Pa. Super 1996).  Pennsylvania recognizes that a violation of a statute or ordinance may serve as the basis for negligence *per se*.  Alpha's manifest disregard of the Act as evidenced by hiring and employing Hanton in the face of three disqualifying criminal convictions is negligence *per se*.

**B.     Alpha Was Negligent in its Hiring, Training and Supervision**

25.     Alpha's violation of the Act is not only negligence *per se* but is also evidence of its common law negligence in hiring.  Evidence adduced during the litigation also illustrates Alpha's negligence in its hiring, training and supervision of Hanton and his fellow Alpha guards.

26.     Hanton testified he had no prior experience as a security guard prior to working for Alpha.  Exhibit J, Hanton deposition, at 16, line 11-19.  Hanton also testified he received no training from Alpha other than "on the job" training," which consisted of observing security guards with more experience.  *Id.*  Alpha's director of operations confirmed that Alpha did not require newly hired guards to have any experience and that the inexperienced guards' training consisted merely of on the job training.  Exhibit D, Panetta deposition, at 55, line 5-6; 72, line 5-11.

27.     Deposition discovery yielded considerable testimony that, unbeknownst to the Roosevelt Inn and its manager, Mr. Patel, Alpha breached the Security Contract on an ongoing basis through the intentional acts, omissions and misconduct of its guards, illustrating the lack of supervision, *i.e.,* negligent supervision of the guards.  For example, Hanton testified that although he was supposed to report any and all an unusual activity or incidents, he consistently and purposefully failed to do so, despite observing what he believed to be prostitution occurring

9

Case ID: 170300712
Control No.: 20060409

at the Roosevelt Inn. Instead of notifying the Roosevelt Inn staff, Alpha supervisors and/or the police of criminal activity at the Roosevelt Inn, Hanton did nothing. Exhibit J, Hanton deposition, at 64, line 11-18; 57, line 7-10; 108, line 13-15; 109, line 18-110, line 12; 115, line 24-116, line 8. Hanton blatantly ignored the unusual activity he observed: "So basically, I was there to get paid. I was there to receive a check from Alpha . . . I was just showing up to work every day." *Id.* at 64, line 11-18. When he allegedly encountered a naked woman in the hallway at Roosevelt, who refused his instruction to get into a room, he "did nothing.*"* *Id.* at 108, line 3-8. Hanton claimed he told his Alpha shift supervisor about this encounter but the Alpha shift supervisor, though he knew Hanton was not kidding, "laughed it off" and also did nothing. *Id.* at 109, line 18-110, line 12. Hanton admitted that even if a woman had directly told him she was engaging in illegal prostitution at the Roosevelt Inn, he would not have called police or told the Roosevelt staff. *Id.* at 117, line 20-23. Hanton testified he would not have reported to anyone if he thought human sex trafficking was occurring at Roosevelt Inn. *Id.* at 144, line 1-6. Alpha guard Keith Fenwick testified that he observed what he believed was prostitution, saw men physically abuse women and believed some of the women he saw engaging in prostitution were underage, yet he did nothing and reported these observations to no one. Exhibit L, deposition transcript of Keith Fenwick, at 24, line 3-25, line 15; 26, line 3- 22; 28, line 23-29, line 14; 32, line 23-33, line 3. Instead, Fenwick "put a blindfold on to whatever . . . was going on." *Id.* at 34, line 13-20.

28.     Notwithstanding the foregoing, in the time Hanton was assigned to Roosevelt Inn, he did not fill out a single incident report, despite a post order requiring him to document unusual activity in an incident report. Hanton testified he never saw the post orders - described by Alpha as containing the specific obligations of the guard on duty -- and while he was familiar with the

Case ID: 170300712
Control No.: 20060409

first several rules in the post orders, he was not familiar with others and did not follow them. Exhibit J, Hanton deposition, at 79, line 23-80, line 12; 120, line 24-121, line 17.

29.    Another Alpha guard assigned to the Roosevelt testified that while overnight site supervisors from Alpha were supposed to visit the Roosevelt to check on the guards working the overnight shift, the site supervisor's check-ins ceased.  Exhibit M, deposition of H. Hardy, at 117, line 4-13; 119, line 9-13.

30.    The testimony cited above offers glaring examples of Alpha's negligent supervision and demonstrates Alpha's failure to adequately train its guards.

31.    Notwithstanding Hanton's appalling performance, his lack of experience, lack of training and his multiple criminal convictions, he has risen through the ranks at Alpha, from corporal to sergeant to lieutenant to captain to deputy inspector, his current rank.  Exhibit J, Hanton deposition, at 8, line 14-18. He now holds a supervisory position.  *Id.* at 9, line1-12.

32.    Employers in Pennsylvania have a duty to "exercise reasonable care in selecting supervising and controlling employees."  *R.A. ex rel. N.A. v. First Church of Christ*, 748 A.2d 692, 697 (Pa. Super. 2000).  Pennsylvania courts are guided by the Restatement (Second) of Torts § 317 and the Restatement (Second) of Agency § 213 in determining an employer's liability in negligent hiring, training, hiring and supervision cases.  *Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 421 (Pa. 1968) (noting the adoption of § 317 of the Restatement (Second) of Torts); *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 42 (Pa. Super. 2000) (noting that sections 213 and 317 restate the existing tort law in Pennsylvania).  See also *Hutchison ex rel. Hutchison v. Luddy*, 742 A.2d 1052, 1059-60 (Pa. 1999); *Heller v. Patwil Homes, Inc.,* 713 A.2d 105, 107 (Pa. Super. 1998).

150213.00601/123222519v.3

Case ID: 170300712
Control No.: 20060409

33.     Section 213 of the Restatement (Second) of Agency provides that a "person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless . . . in the employment of improper persons or instrumentalities in work involving risk of harm to others."  Restatement (Second) of Agency § 213.  Comment d to section 213 addresses an employer's liability for actions of an employee stemming from the employer's failure to take "the care which a prudent man would take in selecting the person for the business in hand."  Restatement (Second) of Agency § 213 cmt. d.  In the instant case, not only did Hanton's hiring (or rehiring) constitute Alpha's *per se* negligence, it represented a complete lack of care that a prudent person should take in hiring, particularly for the position of security guard.

## II.     **LEGAL ARGUMENT**

34.     By this motion, the Roosevelt Defendants seek leave of Court to amend their New Matter Crossclaims against Alpha-Centurion to add claims of negligence *per se* and negligent hiring, supervision and training, in the form attached as Exhibit A.

35.     Pennsylvania Rule of Civil Procedure 1033 provides in relevant part, "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading."  Pa. R. Civ. P. 1033.

36.     Leave to amend pleadings is a matter of judicial discretion.  Pennsylvania courts hold that amendment of pleadings should be allowed "with great liberality at any stage of the case in order to secure the just, speedy and inexpensive determination of…" the action and that technical difficulties in pleading may be amended at the discretion of the court.  Goodrich-Amram at § 1033:6; s*ee also Robinson Protective Alarm Co. v. Bolger & Picker*, 516 A.2d 299,

150213.00601/123222519v.3

Case ID: 170300712
Control No.: 20060409

302 n.6 (Pa. 1986); *Wm. Penn Parking Garage Inc. v. City of Pittsburgh*, 346 A.2d 269, 279 (Pa. 1975).

37.    Further, leave to amend should be granted at any stage of the proceedings unless there is resulting prejudice to the other party or where the amendment is against a positive rule of law.  *Gallo v. Yamaha Motor Corp., USA*, 484 A.2d 148, 150 (Pa. Super. 1984).

38.    As noted above, Alpha, in a litigation similar to the instant case, produced documents that were not produced herein.  And while a non-party, Alpha Century LLC did produce some of the records in the instant matter to Plaintiff at the end of discovery in late September 2019, the Roosevelt Defendants were not served with those documents.  Those documents, specifically Kelvin Hanton's July 15, 2010 application, unequivocally demonstrate Alpha's utter failure to abide by requirements of the Act and establish Alpha's *per se* negligence. The Hanton application – along with deposition testimony of several Alpha guards and their boss -- also provide evidence of Alpha's negligence in hiring, training and supervision of the security guards Alpha assigned to the Roosevelt Inn.

39.    Though discovery in this matter is closed, the trial date of September 8, 2020 was indefinitely postponed by the Court's Administrative Order of May 15, 2020 relating to the pandemic.  Accordingly, no party would be unfairly prejudiced if the Roosevelt Defendants are permitted to amend their New Matter Crossclaims at this time.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel respectfully request that this Honorable Court grant their Motion for Leave to Amend their New Matter Crossclaims to add crossclaims against Alpha-Centurion Security, Inc. for negligence *per se* and negligent hiring, training and supervision.

<div align="center">13</div>

Case ID: 170300712
Control No.: 20060409

**BLANK ROME LLP**

Dated: June 4, 2020

*/s/ James J. Quinlan*
Grant S. Palmer
James J. Quinlan
Justina Byers
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 832-5555

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

14

Case ID: 170300712
Control No.: 20060409

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
         quinlan@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S**
**MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE**
**TO AMEND NEW MATTER TO ADD CROSSCLAIMS**

**I.      MATTER BEFORE THE COURT**

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, and UFVS Management Company, LLC ("Moving

Defendants" or "the Roosevelt Defendants"), by their undersigned counsel, hereby submit this

Memorandum of Law in Support of their Motion for Leave of Court to Amend their New Matter

Crossclaims against Defendant Alpha-Centurion Security, Inc. ("Alpha") pursuant to

Case ID: 170300712
Control No.: 20060409

Pennsylvania Rule of Civil Procedure 1033. For the reasons set forth below and in Defendants' Motion, the Court should grant the Motion and permit Defendants to file Amended New Matter Crossclaims, in the form of Exhibit A, attached hereto.

## II.  STATEMENT OF QUESTION INVOLVED

Should the Court grant Moving Defendants leave to amend their New Matter Crossclaims against co-defendant Alpha to add claims for negligence *per se* and negligent hiring, training and supervision?

Suggested Answer: Yes.

Alpha, as an organization providing security guard services, is subject to the requirements of the Private Investigator Act of 1953 ("the Act"), which, among other provisions, prohibits a security guard firm from hiring or employing a person who has been convicted of a felony for certain enumerated crimes. Alpha recently produced evidence in a separate litigation that establishes Alpha's violation of the Act, and thereby, its *per se* negligence, in the hiring of Kelvin Hanton, who had been convicted of three of the enumerated disqualifying crimes. Alpha's failure to adequately investigate Hanton's background, and its hiring of Hanton despite his disclosure of a criminal past, among other evidence, also demonstrates Alpha's negligence in the hiring of Hanton. Previously adduced deposition testimony of Alpha's guards assigned to the Roosevelt Inn and their superior add to the evidence of Alpha's negligence in training and supervising its security guards.

Because no party will be unfairly prejudiced by an amendment of Moving Defendants' Crossclaims against Alpha at this time and because of the critical nature of the recently revealed evidence as it relates to Alpha's liability, Moving Defendants seek leave of this Court to amend

2

Case ID: 170300712
Control No.: 20060409

their New Matter Crossclaims against Alpha to add claims of negligence *per se* and negligent hiring, training and supervision.

## III.  **STATEMENT OF FACTS**

Plaintiff commenced this civil action on March 10, 2017, alleging that she was the victim of human trafficking and asserting negligence claims against defendants.   Plaintiff filed four subsequent Amended Complaints, the last as recently as November 2019.   Alpha, a company that provided security services, was hired by defendant Roosevelt Inn LLC to provide security services at the Roosevelt Inn. The Roosevelt Inn and Alpha entered into a contract that required Alpha to "assist in the safeguard" of the hotel and persons located in the hotel.   Exhibit B, Security Contract, at ¶ 1.   The Security Contract also requires Alpha to indemnify the Roosevelt Defendants for "any loss, theft, or damage to property or injury to persons caused solely or in part as a result of intentional or deliberate acts, conduct, omissions and or criminal activities of [Alpha-Centurion Security] Service's security officers when committed in the performance of their duties." *Id*. at ¶ 8.

Based on the Security Contract and common law, the Roosevelt Defendants filed crossclaims against Alpha in their December 13, 2019 Answer with New Matter to Plaintiff's Fourth Amended Complaint.   Exhibit C, Roosevelt Defendants' Answer to Fourth Amended Complaint with New Matter and New Matter Crossclaims, at 22-23.

Deposition and document discovery in this case was robust.   While the Roosevelt Defendants produced documents pertaining to the security services Alpha's provided to the Roosevelt Inn, Alpha produced very few documents, asserting that documents from the relevant time period were not preserved and were no longer available. See Exhibit D, deposition of Patrick Panetta, at 22, line 22-24, line 21; 44, line 19-45, line 19.

3

Case ID: 170300712
Control No.: 20060409

Alpha and several of the Moving Defendants have been named as defendants in three subsequent actions, filed by three different plaintiffs, who also alleged they were victims of human trafficking. The three subsequent actions are captioned, *C.A. v. Roosevelt Inn, et al.*, *B.H. v. Roosevelt Inn, et al.* and *K.R. v. Roosevelt Inn, et al.* All three cases are pending in the Court of Common Pleas of Philadelphia County, at docket nos. March Term 2019, no. 03355, March Term 2019, no. 03356 and November Term, no. 0552, respectively.

During the course of discovery in the three subsequent actions, Alpha produced business records in response to requests for documents served by Plaintiff. See Exhibit E, Alpha's Responses to Requests for Production of Documents. Among the documents Alpha produced is the employment application competed by Alpha security officer Kelvin Hanton, dated July 15, 2010. Exhibit F. Documents produced by the Roosevelt Defendants indicate that Hanton, who was deposed in the instant case, was assigned by Alpha to provide security at the Roosevelt Inn during the first half of 2014, which overlaps the relevant time period of Plaintiff's claims in her Fourth Amended Complaint. Alpha did not produce Hanton's July 15, 2010 application in this case.[3]

Hanton's application was completed on a form that required the applicant to reveal if he had "ever been convicted of a crime," if he had "even been incarcerated in a prison," if he was

---

[3] On August 16, 2019, Plaintiff served a subpoena on Alpha Century, LLC, a non-party in this matter. Subsequently, Plaintiff filed a Motion to Compel compliance with said subpoena. On September 24, 2019, under cover of correspondence to Plaintiff's counsel, counsel for Alpha Century produced some – but not all – of the documents produced by Defendant Alpha Centurion in the subsequent actions. Alpha Century's counsel's September 24, 2019 letter purports to produce the same records to counsel of record for the Roosevelt Defendants, however, counsel for the Roosevelt Defendants has no record of receiving the Alpha Century subpoena production. Plaintiff's counsel has confirmed that Plaintiff never forwarded the records to counsel for the Roosevelt Defendants. Counsel for Alpha Centurion in the *MB* matter sent the Alpha Century subpoena production to counsel for the Roosevelt Defendants for the first time on May 28, 2020 - upon request.

4

Case ID: 170300712
Control No.: 20060409

"presently on probation or parole," and if at the time of the application, he had "any civil/criminal cases pending in court." See Exhibit F:



Hanton apparently chose to answer only two of the four questions, but he disclosed that he had been incarcerated and that he had a civil or criminal case pending at the time of the

Case ID: 170300712
Control No.: 20060409

application. Hanton also indicated on the application that he had been previously employed by Alpha.

Additionally, Hanton apparently applied to be rehired by Alpha in 2010 from prison. As indicated in a document Alpha produced entitled "New Hired," which was purportedly faxed on July 10, 2010, five days prior to the date of Hanton's employment application, Hanton's contact information lists his address as 8101 State Road, Philadelphia PA, 19136:



Exhibit K.

The address Hanton listed on his application is that of the Philadelphia Alternative and Special Detention Center. See https://prisonpath.com/county/pennsylvania/philadelphia-alternative-and-special-detention-center/.

Alpha's director of operations during 2010, Patrick Panetta, testified that all applicants for security officer positions were screened through a criminal background search that Alpha conducted electronically inhouse. Exhibit D, Panetta deposition at 71, line 9-24; 72, line 16-73,

Case ID: 170300712
Control No.: 20060409

line 21. Panetta maintained that Alpha would not hire an applicant who a conviction in the prior ten years, had been incarcerated or was on probation. *Id.* at 74, line 3-21. Panetta testified, "if anybody has pending cases, they're on probation, I don't hire them. If they did one year in jail, I don't hire them . . . Anything convicted we can't hire them." Alpha's policies were clearly ignored in the case of Kelvin Hanton, who disclosed on his application having been incarcerated and a pending case. Alpha either failed to perform a background check on Hanton or it performed a search and ignored the results – three convictions, incarceration and ongoing probation.

A.    **Alpha's *Per Se* Negligence**

In either scenario described above, Alpha violated Pennsylvania's Private Detective Act of 1953, 22 P.S.A. 22, §§ 11-49 (the "Act"), which regulates security guard companies as well as private detective agencies. Pa. Stat. Ann. tit. 22, § 12(a)(11); *Mahan v. Am-Gard, Inc.*, 841 A.2d 1052, 1057 n.11 (Pa. Super. 2003). Pursuant to the Act, security guard companies are required first to obtain statements from employees stating they have not been "convicted of a felony, or of any offense involving moral turpitude, or of any of the misdemeanors or offenses described in subsection (a) of this section" of the Act. 22 P.S. § 23. The disqualifying crimes referenced in described in subsection (a) are:

> (1) illegally using, carrying or possessing a pistol or other dangerous weapon;
> (2) making or possessing burglar's instruments;
> (3) buying or receiving stolen property;
> (4) unlawful entry of a building;
> (5) aiding escape from prison;
> (6) unlawfully possessing or distributing habit forming narcotic drugs;
> (7) picking pockets or attempting to do so;
> (8) soliciting any person to commit sodomy or other lewdness;
> (9) any person whose private detective or investigator's license was revoked or application for such license was denied by the court

7

Case ID: 170300712
Control No.: 20060409

> of common pleas or by the authorities of any other state or
> territory because of conviction of any of the crimes or offenses
> specified in this section;
> (10) recklessly endangering another person;
> (11) terroristic threats; or
> (12) committing simple assault.

22 P.S.A.§ § 23(a).  Hanton was convicted of three of the listed crimes— illegally using, carrying or possessing a pistol or other dangerous weapon; endangering another person; and buying or receiving stolen property.  Exhibits G, H, I.  Pursuant to the Act, and Alpha's policies as per Panetta, Alpha was required to verify the information provided by Hanton in his application, and perform a criminal background check.  22 P.S.A. § 23(c)-(f).

When Hanton provided the application indicating he had been incarcerated and had a pending case, *listing a prison as his home address*, Alpha was on notice of Hanton's criminal background.  Exhibits F, K.  Not only did Alpha fail to obtain complete information about Hanton's past, Alpha hired Hanton notwithstanding his record of convictions, his admission that he had a criminal case pending against him and the fact that he applied for the security guard position while still in prison.  Alpha's conduct clearly violates the Act and is, thereby, *per se* negligence.

Hanton's application and his testimony also reveal that he was an Alpha employee before his 2008 incarceration.  Hanton testified he started with Alpha in 1996 and had been employed full time for 18-20 years.  His incarceration starting in October 2008 would fall in the middle of his 20-year tenure if his 1996 start date is accurate.  Moreover, his three separate convictions in 1999 (relating to two separate 1995 arrests), 2005 and 2008 occurred during the time he was working for Alpha.  Exhibits G, H, I.  At a minimum, the three convictions should have precluded his rehiring in 2010.  Rather than rejecting Hanton as a convicted felon, Alpha has instead promoted him through the ranks at Alpha, from corporal, sergeant, lieutenant, captain to

8

Case ID: 170300712
Control No.: 20060409

deputy inspector, his current rank; Hanton now holds a supervisory position.  Exhibit J, Hanton deposition, at 8, line14-18; 9, line 1-12.

Alpha violated the Act several ways—in failing to obtain full information from Hanton, in failing to investigate his criminal background and in hiring (and perhaps rehiring) him despite his convictions for disqualifying crimes.  Alpha's violations of the Act constitute its *per se* negligence, "conduct, whether of action or omission, which may be declared and treated as negligence without any argument or proof as to the particular surrounding circumstances." *Wagner v. Anzon, Inc.*, 684 A.2d 570, 574 (Pa. Super. 1996).  Pennsylvania recognizes that a violation of a statute or ordinance may serve as the basis for negligence *per se. Id.*

**B.    Alpha's Negligence in Hiring, Training and Supervision**

Alpha's actions and omissions with regard to hiring Hanton, in addition to evidence adduced in discovery, also establishes a claim for negligent hiring, training and supervision. Alpha hired security officers with no experience and provided no training other than "on the job" training, which Hanton described as merely observing more experienced guards.  Exhibit J, Hanton deposition at 16, line 8-19; Exhibit D, Panetta deposition at 55, line 5-6; 72, line 5-11.

The testimony of Alpha guards Hanton and Keith Fenwick illustrate their absolute dereliction of duty and complete lack of supervision from superiors at Alpha.  Hanton testified that although he was supposed to report any and all an unusual activity or incidents, he consistently and deliberately failed to do so despite observing conduct that he believed to be prostitution occurring at the Roosevelt Inn.  Instead of notifying the Roosevelt Inn staff, Alpha supervisors and/or the police of what he believed to be criminal activity, Hanton admitted he did nothing.  Exhibit J, deposition transcript of K. Hanton, at 64, line 11-18; 57, line 7-10; 108, line 13-15; 109, line 18-110, line 12; 115, line 24-116, line 8.  Hanton acknowledged that he

150213.00601/123222519v.3

Case ID: 170300712
Control No.: 20060409

disregarded his duties and blatantly ignored the unusual activity he observed: "So basically, I was there to get paid. I was there to receive a check from Alpha . . . I was just showing up to work every day." *Id*. at 64, line 11-18. In his deposition, Hanton relayed repeated incidents in which he encountered naked women in the hallways at Roosevelt, who refused his instruction to get into a room, yet he admittedly "did nothing." *Id*. at 108, line 3-8. Hanton claimed he told his shift supervisor about such an encounter but the Alpha shift supervisor "laughed it off" and also did nothing. *Id*. at 109, line 18-110, line 12. Hanton went so far as to admit that even if a woman at the hotel had directly told him she was engaging in illegal prostitution, he would not have called police or told the Roosevelt staff. *Id*. at 117, line 20-23. Disturbingly, Hanton testified he would not have reported to anyone if he thought human sex trafficking was occurring at Roosevelt Inn. *Id*. at 144, line 1-6.

Fellow Alpha guard Keith Fenwick's testified similarly. Fenwick testified that he observed what he believed was prostitution at the Roosevelt Inn, saw men physically abuse women and believed some of the women he saw engaging in prostitution were underage, yet he did nothing and reported these observations to no one. Exhibit L, deposition transcript of Keith Fenwick, at 24, line 3-25, line 15; 26, line 3- 22; 28, line 23-29, line 14; 32, line 23-33, line 3. Instead, in his own words, Fenwick "put a blindfold on to whatever . . . was going on." *Id*. at 34, line 13-20.

Hanton testified that he did not complete or turn in a single incident report during the period he was assigned to the Roosevelt Inn, notwithstanding a post order, a set of instructions specific to the location, to do so. Exhibit J, Hanton deposition transcript, at 48, line 15-21; Exhibit 5, Panetta deposition transcript, at 109, line 15-22. While Alpha was supposed to have site supervisors check in on its guards during their overnight shifts, Alpha guard Hailie Hardy

150213.00601/123222519v.3

Case ID: 170300712
Control No.: 20060409

testified the supervisor visits ceased during his tenure at the Roosevelt Inn.  Exhibit M, Hardy deposition, at 117, line 4-13; 119, line 9-13.

The misconduct described is ample basis for Moving Defendants' additional claims against Alpha for *per se* negligence and negligent hiring, training and supervision.

## IV.  <u>ARGUMENT</u>

### A.  <u>Standards for Amended Pleadings</u>

Pennsylvania law permits the liberal amendment of pleadings.  Rule 1033 states in relevant part, "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading."  Pa. R. Civ. P. 1033.  Leave to amend pleadings is a matter of judicial discretion, and courts have held that amendment of pleadings should be allowed "with great liberality at any stage of the case in order to secure the just, speedy and inexpensive determination of…" the action; technical difficulties in pleading may be amended at the discretion of the court.  Goodrich-Amram at § 1033:6.  *See* also *Robinson Protective Alarm Co. v. Bolger & Picker*, 516 A.2d 299, 302 n.6 (Pa. 1986); *Wm. Penn Parking Garage Inc. v. City of Pittsburgh*, 346 A.2d 269, 279 (Pa. 1975). Further, leave to amend should be granted at any stage of the proceedings unless there is resulting prejudice to the other party or where the amendment is against a positive rule of law. *Gallo v. Yamaha Motor Corp., USA*, 484 A.2d 148, 150 (Pa. Super. 1984).

Since no party will be prejudiced by an amendment to their crossclaims at this time, Moving Defendants' motion for leave to amend should be granted.

### B.  <u>Alpha's Misconduct is *Per Se* Negligence</u>

Alpha's utter disregard for the law in hiring and rehiring Kelvin Hanton despite his pending criminal cases and felony convictions establishes its *per se* negligence as its conduct

11

Case ID: 170300712
Control No.: 20060409

clearly violates requirements of the Private Detective Act of 1953, 22 P.S.A. 22, §§ 11-49 (the "Act"); *Mahan v. Am-Gard, Inc.*, 841 A.2d 1052, 1057 n.11 (Pa. Super. 2003).

As outlined above, the Act requires licensed security guard licensees to obtain statements from  employees stating they have not been "convicted of a felony, or of any offense involving moral turpitude, or of any of the misdemeanors or offenses described in subsection (a) of this section" of the Act.  22 P.S. § 23.  The disqualifying crimes referenced in the Act include the three crimes of which Hanton had been convicted prior to his application: illegally using, carrying or possessing a pistol or other dangerous weapon; buying or receiving stolen property; and recklessly endangering another person.  22 P.S.A.§ § 23(a).  Exhibits G, H, I.

The Act required Alpha to verify the information provided by Hanton in his application, and perform a criminal background check.  22 P.S.A. § 23(c)-(f).  In this case, in 2010, Hanton disclosed his incarceration and his probation status:



Exhibit F.  Not only did Alpha fail to obtain complete information about Hanton's past, as required by the Act, Alpha hired Hanton notwithstanding his convictions and pending case. Incredibly, Alpha rehired Hanton based on an application that listed his home address as the prison in which he was incarcerated.  Exhibit K.

Negligence *per se* is "conduct, whether of action or omission, which may be declared and treated as negligence without any argument or proof as to the particular surrounding circumstances."  *Wagner v. Anzon, Inc.*, 684 A.2d 570, 574 (Pa. Super 1996).  Pennsylvania recognizes that a violation of a statute or ordinance may serve as the basis for negligence *per se*. *Id*.  Alpha's misconduct violates the Act in numerous respects and is negligence *per se*.

150213.00601/123222519v.3

Case ID: 170300712
Control No.: 20060409

### C.    Alpha Was Negligent in Hiring, Training and Supervision

Alpha's misconduct with respect to hiring Hanton, considered with other evidence of Alpha's negligence establishes its liability for negligent hiring, training and supervision. Employers in Pennsylvania have a duty to "exercise reasonable care in selecting supervising and controlling employees." *R.A. ex rel. N.A. v. First Church of Christ*, 748 A.2d 692, 697 (Pa. Super. 2000). In determining an employer's liability for negligent hiring, training, hiring and supervision, Pennsylvania courts are guided by the Restatement (Second) of Torts § 317 and the Restatement (Second) of Agency § 213. *Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 421 (Pa. 1968) (noting the adoption of § 317 of the Restatement (Second) of Torts); *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 42 (Pa. Super. 2000) (noting that sections 213 and 317 restate the existing tort law in Pennsylvania). See also *Hutchison ex rel. Hutchison v. Luddy*, 742 A.2d 1052, 1059-60 (Pa. 1999); *Heller v. Patwil Homes, Inc.*, 713 A.2d 105, 107 (Pa. Super. 1998).

Pursuant to section 213 of the Restatement (Second) of Agency, a "person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless . . . in the employment of improper persons or instrumentalities in work involving risk of harm to others." Restatement (Second) of Agency § 213. Moreover, an employer must take "the care which a prudent man would take in selecting the person for the business in hand" in hiring employees. Restatement (Second) of Agency § 213 cmt. d. In the instant case, not only did Hanton's hiring constitute Alpha's *per se* negligence, it represented a complete lack of care that a prudent person should take in hiring, particularly for the position of security guard. Additional evidence of Alpha's failure to train and adequately supervise its employees, detailed above, establish Alpha's liability for negligence in hiring, training and supervision.

150213.00601/123222519v.3

Case ID: 170300712
Control No.: 20060409

While discovery is completed and a trial schedule is in place, an amended crossclaim at this time would not unfairly prejudice any party.[4]  In fact, Plaintiff amended her Complaint a fourth time following the close of discovery.  Moreover, by contrast, Moving Defendants have been prejudiced to this point by Alpha's failure to produce the July 15, 2010 Hanton application in this case, a document that serves substantially as the basis for Moving Defendants' additional crossclaims.  Accordingly, Moving Defendants urge the Court to grant them leave to amend their crossclaims.

## V.  **CONCLUSION**

Because the standards for permitting an amended pleading are liberal and because no party will suffer unfair prejudice from the Moving Defendants' Amended New Matter Crossclaims, in the form of the attached Exhibit A, defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel respectfully request that this Honorable Court grant their Motion for Leave to Amend their New Matter Crossclaims against Alpha-Centurion Security, Inc.

---

[4] As noted in Moving Defendants' Motion, the trial scheduled for September 8, 2020 has been postponed pursuant to the Court's May 15, 2020 Administrative Order no. 33.

14

Case ID: 170300712
Control No.: 20060409

**BLANK ROME LLP**

Dated:  June 4, 2020

/s/ James J. Quinlan
Grant S. Palmer
James J. Quinlan
Justina Byers
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 832-5555

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

15

Case ID: 170300712
Control No.: 20060409

## CERTIFICATE OF SERVICE

I, Justina L. Byers, hereby certify that, on this 4th day of June 2020, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion for Leave to Amend New Matter Crossclaims to be served via electronic court service and email upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by U.S. mail, upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

150213.00601/123222519v.3

And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

<u>*/s/ Justina L. Byers*</u>
JUSTINA L. BYERS

17

Case ID: 170300712
Control No.: 20060409

FILED
09 MAR 2020 04:45 pm
Civil Administration
F. HEWITT

| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of

Plaintiff's Response and Memorandum of Law in Opposition to Samsung Fire & Marine

Insurance Co., Ltd.'s (hereinafter "Samsung") Motion to Intervene, and any response thereto, it

is hereby:

ORDERED and DECREED that Samsung's Petition to Intervene is DENIED.

BY THE COURT:

_____ J

Case ID: 170300712
Control No.: 20022309

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) N. ERICKSON 06/10/2020

**KLINE & SPECTER, P.C.**

*Attorneys for Plaintiff*

BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000



Filed and Attested by the
Office of Judicial Records
15 JUN 2020 08:31 am
M. RUSSO

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## NOTICE OF PRESENTATION

**To:**    Grant S. Palmer, Esquire
      James J. Quinlan, Esquire
      Justina L. Byers, Esquire
      Blank Rome LLP
      One Logan Square, 130 North 18th Street
      Philadelphia, PA 19103
      *Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
      *UFVS Management Company, LLC and Yagna Patel*

Please take notice that the Plaintiff's Response in Opposition to Defendants Roosevelt Inn

LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor

Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Strike Objections to a

Subpoena to Erin Coltera and the Support Center for Child Advocates will be presented to the Court

on July 28, 2020 at 9:00 a.m., in Court Room 625, City Hall, Philadelphia, PA.  A copy of the

Response is attached.

By: _____        Date:  6/12/2020_____
      EMILY B. MARKS, ESQUIRE
      Attorney I.D. No. 204405

Case ID: 170300712

| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of

Plaintiff's Objections and Response in Opposition to Defendants Roosevelt Inn LLC d/b/a

Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS

Management Company, LLC and Yagna Patel's (hereinafter referred to as the "Roosevelt

Defendants") Motion to Strike Objections to the Subpoena to Erin Coltera and the Support Center

for Child Advocates, it is hereby:

**ORDERED** and **DECREED** that the Roosevelt Defendants' Motion to Strike Objections is

**DENIED.**

BY THE COURT:

_____
J

**DISCOVERY DEADLINE:  OCTOBER 7, 2019**

Case ID: 170300712

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANTS, ROOSEVELT INN LLC D/B/A/ ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL'S MOTION TO STRIKE OBJECTIONS TO A SUBPOENA TO ERIN COLTERA AND THE SUPPORT CENTER FOR CHILD ADVOCATES

Plaintiff M.B, by and through counsel, Kline & Specter, P.C., hereby objects to Defendants

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a

Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's (hereinafter referred

to as the "Roosevelt Defendants") proposed Subpoena directed to "Erin Coltera" at the Support

Center for Child Advocates, that is attached to these objections:

1.      This case involves the sex trafficking of Plaintiff, M.B. at the Roosevelt Inn motel

when she was 14 years-old.

2.      On May 5, 2020, Litigation Solutions LLC, on behalf of Justina L. Byers, Esquire,

counsel for the Roosevelt Defendants, issued a Notice of Intent to Serve a Subpoena to Produce

Documents and Things, directed to "Erin Coltera" and the Support Center for Child Advocates.

See Notice of Intent and Subpoena, collectively attached as Exhibit "A".

3.     The proposed Subpoena seeks "*any and all records pertaining and relating to M.B., D.O.B. 9/03/1999 excluding any documents protected by attorney-client privilege.*"  <u>See</u> Exhibit "A".

4.     Plaintiff filed timely objections asserting that the subpoena is untimely as the discovery deadline in this expired seven (7) months ago and that the subpoena seeks privileged communications and material between M.B. and her attorney.

5.     The Court imposed a Discovery deadline of October 7, 2019.  The Court's Case Management Deadlines have not been extended beyond that date.  <u>See</u> Revised Case Management Order, attached as Exhibit "B".

6.     Therefore, the Roosevelt Defendants' Notice of Intent dated May 5, 2020 is untimely, as the Discovery Deadline expired nearly seven (7) months ago and the deadlines were not extended by the Court.

7.     Additionally, this case has been in suit for more than three (3) years.  It has been known to Defendants that M.B. was represented by legal counsel from the Support Center for Child Advocates in dependency court, specifically Judge Dumas' court for sex trafficking victims, through City of Philadelphia Department of Human Services records that Plaintiff's counsel produced to the Roosevelt Defendants during the initial stage of discovery in this case.

8.     The Roosevelt Defendants wrongly suggest that Plaintiff failed to identify Erin Coltera, who was employed by the Support Center for Child Advocates, as one of Plaintiff's therapists.

9.     Ms. Coltera is not a therapist, she is a caseworker who was employed by the Support Center for Child Advocates which provides legal representation for dependent child in the Philadelphia Court of Common Pleas – Family Court Division.

10.     Ms. Coltera was a caseworker who assisted and was an extension of M.B.'s attorney at the Support Center for Child Advocates. Therefore, any communications between Ms. Coltera and M.B. are privileged.  Bousamra v. Excela Health, 167 A.3d 728, 733 (Pa. Sup. Ct. 2017).

11.     Therefore, in addition to being untimely, the Roosevelt Defendants seek information that is protected by the attorney-client communication privilege and attorney-work product privilege.

12.     Accordingly, Plaintiff objects to the Roosevelt Defendants' proposed Subpoena to obtain records from the Support Center for Child Advocates and Erin Coltera.

13.     The Roosevelt Defendants Motion to Strike Plaintiff's Objections should be denied.

14.     In the event the Court determines that the Roosevelt Defendants may serve an untimely subpoena on the Support Center for Child Advocates and Erin Coltera, then Plaintiff respectfully requests the opportunity to review the documents first for any privileged material and Plaintiff will produce a privilege log if necessary. In the alternative, Plaintiff requests that the Court conduct an *in camera* review of the material for privileged documents.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter the attached order denying the Roosevelt Defendants' Motion to Strike to Plaintiff's Objection to the Subpoena to Erin Coltera and the Support Center for Child Advocates.

Respectfully submitted,
**KLINE & SPECTER, P.C.**

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Date:   6/12/2020

## <u>VERIFICATION</u>

I, EMILY B. MARKS, hereby state that I am the attorney for the Plaintiff in this matter and hereby verify that the statements made in the foregoing Plaintiff's Response in Opposition of Defendants Motion to Strike Objections to Subpoena to Erin Coltera and the Support Center for Child Advocates are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff


Dated: ___6/12/2020_____

<u>**CERTIFICATE OF SERVICE**</u>

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of Plaintiff's Response in Opposition to Defendants Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

_____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Date:     6/12/2020

Case ID: 170300712

**NOTICE TO PLEAD**

*Filed and Attested by the Office of Judicial Records 19 JUN 2020 04:33 pm N. SWEENEY*



**TO: Plaintiff**

You are hereby notified to file a written Response to the enclosed Praecipe for Contested Motion, within twenty (20) days from service hereof or a judgment may be entered against you.

_/s/ James J. Quinlan_____

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : COURT OF COMMON PLEAS : PHILADELPHIA COUNTY : CIVIL TRIAL DIVISION |
| Plaintiff, | : |
| v. | : MARCH TERM, 2017 : NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | : : JURY TRIAL DEMANDED : |
| Defendants. | : |

## PRAECIPE FOR CONTESTED DISCOVERY MOTION

To the Office of Judicial Records:

I, JAMES J. QUINLAN, am counsel for the movant in the discovery motion filed on June 1, 2020, E-file number 2006001049, seeking an Order striking Plaintiff's Objections to the subpoena Moving Defendants seek to serve upon social worker Erin Coltrera of the Support Center for Child Advocates for documents relating to counseling or social services provided to Plaintiff. Plaintiff filed a response in opposition to Moving Defendants' discovery motion on June 12, 2020 with E-file number 2006020930.

I certify that I have conferred with opposing counsel for respondent M.B. in an effort to resolve the aforementioned motion. However, despite reasonable and good faith efforts, the parties are unable to resolve this dispute without Court intervention. I make this certification subject to the penalties of 18 Pa.C.S.A. § 4904 regarding unsworn falsifications to authorities.

This Praecipe shall serve as **NOTICE** to respondent to respond to the contested discovery motion within 10 days of the date of this Praecipe.

**BLANK ROME LLP**

Dated: June 19, 2020

/s/ James J. Quinlan
Grant S. Palmer
Attorney Bar I.D. No.: 57686
James J. Quinlan
Attorney Bar I.D. No.: 200944
Justina Byers
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel: (215) 569-5500
Fax: (215) 832-5555

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn and*
*UFVS Management Company, LLC*

2

## CERTIFICATE OF SERVICE

I, Justina L. Byers, hereby certify that, on this 19th day of June 2020, I caused true and correct copies of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Praecipe for Contested Discovery Motion to be served via electronic court service and email upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by U.S. mail, upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ *Justina L. Byers*
JUSTINA L. BYERS

Case ID: 170300712

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2020, upon consideration of the Motion of

Defendant, Alpha-Centurion Security, Inc., to Amend its Cross-Claims against Roosevelt Inn

LLC d/b/a Roosevelt Inn and Roosevelt Inn Café; Roosevelt Motor Inn, Inc. d/b/a Roosevelt

Motor Inn; UFVS Management Company, LLC; and Yagna Patel, and any Response thereto, it is

hereby **ORDERED** and **DECREED** that Alpha-Centurion's Motion is **GRANTED**.

Defendant, Alpha-Centurion, may file its Answer to Plaintiff's Fourth Amended

Complaint with New Matter and Amended Cross-Claims for the purpose of supplementing its

Cross-Claims against the Roosevelt Inn Defendants within ten (10) days of the date of this Order.

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 20061893

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>DEFENDANT, ALPHA-CENTURION SECURITY, INC.'S</u><br><u>MOTION FOR LEAVE TO AMEND NEW MATTER CROSS-CLAIMS</u>

Defendant, Alpha-Centurion Security, Inc. ("Alpha-Centurion"), by and through its

attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby Moves this Honorable Court

for Leave to Amend its Cross-Claims against Defendants, Roosevelt Inn LLC d/b/a Roosevelt

Inn and Roosevelt Inn Café; Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn; UFVS

Management Company, LLC; and Yagna Patel (collectively, "Roosevelt Inn Defendants"), and,

in support thereof, avers as follows:

## PRELIMINARY STATEMENT

Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café; Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn; UFVS Management Company, LLC; and Yagna Patel (collectively, "the Roosevelt Inn Defendants") separately made an eleventh-hour attempt to include additional Cross-Claims against Alpha-Centurion. In a response to the Roosevelt Inn Defendants' Motion, Alpha-Centurion Security, Inc. ("Alpha-Centurion") respectfully requested that this Honorable Court deny the Roosevelt Inn Defendants' Motion. However, if this Honorable Court grants the Roosevelt Inn Defendants' Motion, then Alpha-Centurion should likewise be permitted to amend its Cross-Claims against the Roosevelt Inn Defendants. Accordingly, Alpha-Centurion files the within Motion for Leave to Amend.

1.     Plaintiff M.B. ("Plaintiff") alleges that she was the victim of commercial sex trafficking when she was a minor.

2.     She contends she was trafficked between April 2014 and June 2014 through three (3) private residences and one commercial property, the Roosevelt Inn, located at 7600 Roosevelt Boulevard in Philadelphia, Pennsylvania.

3.     Plaintiff alleges various theories of negligence against the Roosevelt Inn Defendants and Alpha-Centurion relating to their purported failure to prevent sex trafficking. Alpha-Centurion already maintains Cross-Claims against the Roosevelt Inn Defendants.

4.     At all times relevant to Plaintiff's allegations, Alpha-Centurion was under contract with the Roosevelt Inn to provide one unarmed security guard at the hotel, two to three nights per week.

5.     The specific obligations of the guard on duty were memorialized by Alpha-Centurion in a set of Post Orders in accordance with the demands of hotel management.

Case ID: 170300712
Control No.: 20061893

6.     Alpha-Centurion had no input or involvement in the number of security guards that were placed at the subject property, nor did Alpha-Centurion have any input or involvement in identifying the obligations of the guard while there.

7.     Alpha-Centurion did not have access to the security cameras on the premises, nor did Alpha-Centurion or any of its employees have the ability to view the monitors.

8.     Alpha-Centurion's duties were limited to patrolling the hallways and notifying management of any issues.

9.     Throughout the course of this litigation, various discovery was exchanged.

10.    In particular, the Philadelphia District Attorney's Office produced footage in its possession from the Roosevelt Inn relative to a shootout that occurred at the Roosevelt Inn on March 30/31 of 2014.

11.    These videos were produced to all parties via Cover Letter dated December 17, 2018.  A true and correct copy of said Cover Letter is attached hereto as Exhibit A.

12.    Portions of these videos have clearly been removed.

13.    For instance, within footage from March 30, 2014, time lapses range from a few seconds to almost nine (9) minutes.

14.    Individuals can be seen walking in the hallway, and then abruptly disappear.

15.    At other times, individuals appear in the middle of a hallway after minutes of footage have been skipped over.

16.    Unfortunately, Alpha-Centurion has no way of knowing what was captured by the missing footage.

17.    Many relevant possibilities exist.  For example, it is possible that the deleted footage shows elements of prostitution, or hotel employees observing such conduct, or even

3

Case ID: 170300712
Control No.: 20061893

participating in it.  It is also possible that the deleted footage shows security guards properly performing their limited contractual duties.

18.     Any of these possibilities would have an effect upon the litigation of this matter, including Alpha-Centurion's defenses thereto.

19.     Alpha-Centurion has no way of knowing what was captured on the footage due to the Roosevelt Inn Defendants' negligent and/or intentional destruction of this footage.

20.     Discovery has also revealed that the Roosevelt Inn Defendants had knowledge of prostitution activities on the hotel premises that it did not share with Answering Defendant at any relevant time.

21.     Accordingly, Alpha-Centurion hereby requests that it be permitted to amend its Cross-Claims against the Roosevelt Inn Defendants to reflect this egregious spoliation of evidence.  A true and correct copy of Alpha-Centurion's Answer to Plaintiff's Fourth Amended Complaint with New Matter and Amended Cross-Claims is attached hereto as Exhibit B.

22.     Alpha-Centurion should be permitted to file Amended Cross-Claims against the Roosevelt Inn Defendants to reflect the factual information obtained in discovery, as said amendment will not unduly prejudice the Roosevelt Inn Defendants.

23.     Under Pennsylvania Rule of Civil Procedure 1033:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Case ID: 170300712
Control No.: 20061893

24.     While leave to amend pleadings is generally granted liberally, it is not without restriction. *Discover Bank v. Stucka*, 33 A.3d 82, 88 (Pa. Super. 2011) (citing to *Horowitz v. Universal Underwriters Ins.,* 580 A.2d 395, 398-99 (Pa. Super. 1990)).

25.     "It is well-established in this jurisdiction that amendments to pleadings are a matter of judicial discretion and should be liberally allowed except where surprise or prejudice will result or where the amendment is against a positive rule of law." *Pastore v. Anjo Construction Co.*, 578 A.2d 21, 26 (Pa. Super. 1990). *See also Borough of Bedford v. Commonwealth*, 972 A.2d 53, 69 (Pa. Cmwlth. 2009) (*citing to Burger v. Borough of Ingram*, 697 A.2d 1037, 1041 (Pa. Cmwlth. 1997) (same).

26.     Significantly, prejudice must be something more than a detriment to the other party. *Tanner v. Allstate*, 467 A.2d 1164,1167 (Pa. Super. 1983).

27.     A Court, therefore, should grant a motion for leave to amend absent undue prejudice to the non-moving party or a specific law prohibiting the amendment.

28.     Here, neither is present, as Alpha-Centurion's Motion for Leave to Amend Cross-Claims does not seek to add a new cause of action against the Roosevelt Inn Defendants.

29.     Rather, Alpha-Centurion simply requests that it be permitted to amend its Cross-Claims to to more fully reflect the factual information underlying some of the egregious conduct by the Roosevelt Inn Defendants.

30.     The Roosevelt Inn Defendants will not be prejudiced in the slightest by Alpha-Centurion amending their Cross-Claims to reflect the discovery taken in this matter.

31.     The proposed amendment will not add any further causes of actions, but will simply allow the pleadings to reflect more fully the issues in this litigation.

Case ID: 170300712
Control No.: 20061893

**WHEREFORE**, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant, Alpha-Centurion Security, Inc., hereby moves this Honorable Court for Leave to file Amended Cross-Claims against the Roosevelt Inn Defendants.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:_____

        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated:  June 25, 2020

Case ID: 170300712
Control No.: 20061893

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire                Attorneys for Defendant,
Identification No.    208830                     Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

<u>MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT, ALPHA-CENTURION SECURITY, INC.'S
MOTION FOR LEAVE TO AMEND NEW MATTER CROSS-CLAIMS</u>

## I.    <u>MATTER BEFORE THE COURT</u>

Defendant, Alpha-Centurion Security, Inc.'s Motion for Leave to Amend New Matter

Cross-Claims against Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn

Café; Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn; UFVS Management Company, LLC;

and Yagna Patel.

Case ID: 170300712
Control No.: 20061893

## II.    STATEMENT OF QUESTIONS PRESENTED

1.    Whether this Honorable Court should grant Alpha-Centurion Security, Inc.'s Motion for Leave to Amend Cross-Claims against the Roosevelt Inn Defendants where said proposed Amendment will simply allow the Cross-Claims to reflect details obtained through discovery and thus will not prejudice the Roosevelt Inn Defendants.

*Suggested Answer:*    **Yes.**

## III.    PRELIMINARY STATEMENT

Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café; Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn; UFVS Management Company, LLC; and Yagna Patel (collectively, "the Roosevelt Inn Defendants") separately made an eleventh-hour attempt to include additional Cross-Claims against Alpha-Centurion Security, Inc. ("Alpha-Centurion").  In a response to the Roosevelt Inn Defendants' Motion, Alpha-Centurion respectfully requested that this Honorable Court deny the Roosevelt Inn Defendants' Motion.  However, if this Honorable Court grants the Roosevelt Inn Defendants' Motion, then Alpha-Centurion should likewise be permitted to amend its own Cross-Claims against the Roosevelt Inn Defendants.  Accordingly, Alpha-Centurion files the within Motion for Leave to Amend.

## IV.    FACTUAL BACKGROUND

Plaintiff M.B. ("Plaintiff") alleges that she was the victim of commercial sex trafficking when she was a minor.  She contends she was trafficked between April 2014 and June 2014 through three (3) private residences and one commercial property, the Roosevelt Inn, located at 7600 Roosevelt Boulevard in Philadelphia, Pennsylvania.[1]

---

[1] Plaintiff went "AWOL" from foster care on April 2, 2014, and turned herself back into the Department of Human Services on June 6, 2014.

Case ID: 170300712
Control No.: 20061893

Plaintiff alleges various theories of negligence against the Roosevelt Inn Defendants and Alpha-Centurion relating to their purported failure to prevent sex trafficking. Alpha-Centurion already maintains Cross-Claims against the Roosevelt Inn Defendants.

At all times relevant to Plaintiff's allegations, Alpha-Centurion was under contract with the Roosevelt Inn to provide one unarmed security guard at the hotel, two to three nights per week. The specific obligations of the guard on duty were memorialized by Alpha-Centurion in a set of Post Orders in accordance with the demands of hotel management. Alpha-Centurion had no input or involvement in the number of security guards that were placed at the subject property, nor did Alpha-Centurion have any input or involvement in identifying the obligations of the guard while there. Alpha-Centurion did not have access to the security cameras on the premises, nor did Alpha-Centurion or any of its employees have the ability to view the monitors. Alpha-Centurion's duties were limited to patrolling the hallways and notifying management of any issues.

Throughout the course of this litigation, various discovery was exchanged. In particular, the Philadelphia District Attorney's Office produced footage in its possession from the Roosevelt Inn relative to a shootout that occurred at the Roosevelt Inn on March 30/31 of 2014. These videos were produced to all parties via Cover Letter dated December 17, 2018. A true and correct copy of said Cover Letter is attached hereto as Exhibit A. Portions of these videos have clearly been removed. For instance, within footage from March 30, 2014, time lapses range from a few seconds to almost nine (9) minutes. Individuals can be seen walking in the hallway, and then abruptly disappear. At other times, individuals appear in the middle of a hallway after minutes of footage have been skipped over.

Case ID: 170300712
Control No.: 20061893

Unfortunately, Alpha-Centurion has no way of knowing what was captured by the missing footage. Many relevant possibilities exist. For example, it is possible that the deleted footage shows elements of prostitution, or hotel employees observing such conduct, or even participating in it. It is also possible that the deleted footage shows security guards properly performing their limited contractual duties. Any of these possibilities would have an effect upon the litigation of this matter, including Alpha-Centurion's defenses thereto. Alpha-Centurion has no way of knowing what was captured on the footage due to the Roosevelt Inn Defendants' negligent and/or intentional destruction of this footage. Discovery has also revealed that the Roosevelt Inn Defendants had knowledge of prostitution activities on the hotel premises that it did not share with Answering Defendant at any relevant time. Accordingly, Alpha-Centurion hereby requests that it be permitted to amend its Cross-Claims against the Roosevelt Inn Defendants to reflect this egregious spoliation of evidence. A true and correct copy of Alpha-Centurion's Answer to Plaintiff's Fourth Amended Complaint with New Matter and Amended Cross-Claims is attached hereto as Exhibit B.

**V.**     **<u>LEGAL ARGUMENT</u>**

   **A.**    **<u>ALPHA-CENTURION SHOULD BE PERMITTED TO FILE AMENDED CROSS-CLAIMS AGAINST THE ROOSEVELT INN DEFENDANTS TO REFLECT THE FACTUAL INFORMATION OBTAINED IN DISCOVERY, AS SAID AMENDMENT WILL NOT UNDULY PREJUDICE THE ROOSEVELT INN DEFENDANTS.</u>**

Under Pennsylvania Rule of Civil Procedure 1033:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Case ID: 170300712
Control No.: 20061893

While leave to amend pleadings is generally granted liberally, it is not without restriction. *Discover Bank v. Stucka*, 33 A.3d 82, 88 (Pa. Super. 2011) (citing *Horowitz v. Universal Underwriters Ins.,* 580 A.2d 395, 398-99 (Pa. Super. 1990)). "It is well-established in this jurisdiction that amendments to pleadings are a matter of judicial discretion and should be liberally allowed except where surprise or prejudice will result or where the amendment is against a positive rule of law." *Pastore v. Anjo Construction Co.*, 578 A.2d 21, 26 (Pa. Super. 1990). *See also Borough of Bedford v. Commonwealth*, 972 A.2d 53, 69 (Pa. Cmwlth. 2009) (*citing to Burger v. Borough of Ingram*, 697 A.2d 1037, 1041 (Pa. Cmwlth. 1997) (same). Significantly, prejudice must be something more than a detriment to the other party. *Tanner v. Allstate*, 467 A.2d 1164,1167 (Pa. Super. 1983).

A Court, therefore, should grant a motion for leave to amend absent undue prejudice to the non-moving party or a specific law prohibiting the amendment. Here, neither is present, as Alpha-Centurion's Motion for Leave to Amend Cross-Claims does not seek to add a new cause of action against the Roosevelt Inn Defendants. Rather, Alpha-Centurion simply requests that it be permitted to amend its Cross-Claims to to more fully reflect the factual information underlying some of the egregious conduct by the Roosevelt Inn Defendants. The Roosevelt Inn Defendants will not be prejudiced in the slightest by Alpha-Centurion amending their Cross-Claims to reflect the discovery taken in this matter. The proposed amendment will not add any further causes of actions, but will simply allow the pleadings to reflect more fully the issues in this litigation.

Case ID: 170300712
Control No.: 20061893

**VII.    RELIEF SOUGHT**

Defendant, Alpha Centurion Security, Inc., respectfully requests that this Honorable Court grant its Motion for Leave to Amend Cross-Claims against the Roosevelt Inn Defendants to reflect more fully the egregious actions taken by the Roosevelt Inn Defendants.

<div align="right">

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:_____
     Thomas P. Wagner, Esquire
     Robert W. Stanko, Esquire
     Melanie J. Foreman, Esquire
     Attorneys for Defendant,
     Alpha-Centurion Security, Inc.

</div>

Dated:  June 25, 2020

Case ID: 170300712
Control No.: 20061893

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Motion for Leave to Amend of Defendant, Alpha-Centurion Security, Inc., was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Grant S. Palmer, Esquire |
| Nadeem A. Bezar, Esquire | James J. Quinlan, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| ***Attorneys for minor-Plaintiff*** | ***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*** |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN 47808 | Tucson, AZ 85734 |

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:_____

       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated: <u>June 25, 2020</u>

LEGAL/130623435.v1

**WHEREFORE**, Answering Defendant demands judgment in its favor and against all other parties together with attorneys' fees, costs, interest and for such other relief as the Court may deem just and proper.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:_____

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: <u>June 25, 2020</u>

Case ID: 170300712
Control No.: 20061893

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Answer of

Defendant, Alpha-Centurion Security, Inc., to Plaintiff's Fourth Amended Complaint was served

by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Grant S. Palmer, Esquire |
| Nadeem A. Bezar, Esquire | James J. Quinlan, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Daniel E. Oberdick, Esquire |
| 1525 Locust Street | Blank Rome, LLP |
| Philadelphia, PA 19101 | 130 North 18th Street |
| ***Attorneys for Plaintiff*** | Philadelphia, PA 19103 |
| | ***Attorneys for Roosevelt Inn LLC d/b/a*** |
| | ***Roosevelt Inn and Roosevelt Inn Café,*** |
| | ***Roosevelt Motor Inn, Inc. d/b/a Roosevelt*** |
| | ***Motor Inn, UFVS Management Company,*** |
| | ***LLC and Yagna Patel*** |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN  47808 | Tucson, AZ 85734 |


**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**


BY:_____
             Thomas P. Wagner, Esquire
             Robert W. Stanko, Esquire
             Melanie J. Foreman, Esquire
             Attorneys for Defendant,
             Alpha-Centurion Security, Inc.


Dated: _____

Case ID: 170300712
Control No.: 20061893

FILED
25 JUN 2020 01:54 pm
Civil Administration
F. HEWITT

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a *ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a *ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2020, upon consideration of the Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café; Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn; UFVS Management Company, LLC; and Yagna Patel, to Amend their Cross-Claims, and the Response of Defendant, Alpha-Centurion Security, Inc. in Opposition thereto, it is hereby **ORDERED** and **DECREED** that the Roosevelt Inn Defendants' Motion is **DENIED**.

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 20060409

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:     Thomas P. Wagner, Esquire
Identification No.:     27145
BY:     Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.     208830               Alpha-Centurion Security, Inc.
BY:     Melanie J. Foreman, Esquire
Identification No.:     317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

<u>**RESPONSE OF DEFENDANT, ALPHA-CENTURION SECURITY, INC.,**
**TO THE ROOSEVELT INN DEFENDANTS' MOTION FOR LEAVE**
**TO AMEND NEW MATTER CROSS-CLAIMS**</u>

Defendant, Alpha-Centurion Security, Inc. ("Alpha-Centurion"), by and through its

attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby responds to the Motion of

Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café; Roosevelt Motor

Inn, Inc. d/b/a Roosevelt Motor Inn; UFVS Management Company, LLC; and Yagna Patel

(collectively, "Roosevelt Inn Defendants"), for Leave to Amend New Matter Cross-Claims, and

avers as follows:

Case ID: 170300712
Control No.: 20060409

## PRELIMINARY STATEMENT

The Roosevelt Inn Defendants seek Leave of Court to Amend their New Matter Cross-Claims against Alpha-Centurion Security, Inc. ("Alpha-Centurion") based upon materials produced in related litigation that they claim were not produced in this case. In doing so, the Roosevelt Inn Defendants summarily dismiss specific evidence to the contrary, and ignore the fact that the information they claim is "new" was readily available to them throughout the entirety of this litigation.

The self-serving and misleading nature of the Roosevelt Inn Defendants' Motion cannot be overstated. The Motion suggests that the Roosevelt Inn Defendants were somehow kept in the dark regarding the existence of these records, which include employment files for certain security guards stationed at the Roosevelt Inn. This could not be further from the truth. Patrick Panetta, former Director of Operations for Alpha-Centurion, was deposed as the corporate designee for Alpha-Centurion on August 15, 2018 – almost two years ago. Mr. Panetta explained that Alpha-Centurion ceased operations in 2014 and he thereafter created a new company, Alpha Century Security, LLC ("Alpha Century"), *which to this day provides security services at the Roosevelt Inn*. Mr. Panetta was asked specifically whether Alpha Century maintains personnel files for guards who were employed previously by Alpha-Centurion:

> Q.   …Does Alpha-Century have the personnel folders for employees who were employed by Alpha-Centurion?
>
> A.   The only employment folders we have are the people that came over to the new company.
>
> Q.   So the personnel files of Alpha-Centurion employees who did not make the transition over to Alpha-Century were thrown away?
>
> A.   Yes, ma'am. Not thrown away. They were destroyed.

2

Deposition Transcript of Patrick Panetta at Page 106, Line 23 – Page 107, Line 8, attached hereto as Exhibit A.

Plaintiff served a subpoena on the new company, Alpha Century, for the employment records of several guards, including Kelvin Hanton.[1]  The records held by Alpha Century with regard to Mr. Hanton's employment were the subject of a Motion to Compel, scheduled to be heard by this Honorable Court on October 1, 2019.  A true and correct copy of Notice of said Hearing is attached hereto as Exhibit B.  The Roosevelt Inn Defendants were certainly aware of the Subpoena, Motion, and Hearing, and in fact reference it in their Motion.  *See* Roosevelt Inn Defendants' Motion for Leave at Footnotes 2 and 3.

On September 24, 2019, counsel for Alpha Century, Michael LaRosa, Esquire, produced documents in response to this subpoena on behalf of Alpha Century.  *See* Transmittal Letter, attached as Exhibit C.  The Roosevelt Inn Defendants acknowledge the existence of this correspondence *in a footnote* to their Motion, yet simply contend they have no record of receiving the records.  This is a strange phenomenon given that both counsel for Plaintiff and Alpha-Centurion received the production.   In fact, the Hearing scheduled relative to Plaintiff's Motion to Compel these records never proceeded; the Motion was withdrawn, as Alpha Century produced responsive documents.  Again, this information was clearly available to the Roosevelt Inn Defendants.[2]

---

[1] Plaintiff did so after Alpha-Centurion produced verified responses to Plaintiff's Request for Production of Documents, indicating that Alpha-Centurion was not in possession of any materials responsive to Plaintiff's Request.

[2] In fact, a separate hearing for a Motion to Compel depositions of Roosevelt Inn employees was scheduled for the same day.  That hearing did proceed.  *See* Notice of Hearing and resulting Order, collectively attached hereto as Exhibit D.  Any argument by the Roosevelt Inn Defendants that they did not know Alpha Century produced these materials when a discovery hearing did not proceed is unreasonable.

Case ID: 170300712
Control No.: 20060409

Nevertheless, the Roosevelt Inn Defendants suggest that the materials at issue led to the discovery of new information concerning Kelvin Hanton, namely his criminal history. The Roosevelt Inn Defendants ignore the fact that Mr. Hanton's criminal record history is publicly available. They completely disregard the fact that Mr. Hanton was first identified by Alpha-Centurion almost two years ago, when Alpha-Centurion produced security logs for Mr. Hanton in response to Plaintiff's discovery requests. These logs were produced to all counsel on July 18, 2018. A true and correct copy of the July 18, 2018 Transmittal Letter is attached hereto as Exhibit E. The Roosevelt Inn Defendants clearly knew of Mr. Hanton's identity at that time.

In fact, the Roosevelt Inn Defendants also produced security logs in this litigation. Clearly, the Roosevelt Inn Defendants possessed Mr. Hanton's name as a security guard stationed at the Roosevelt Inn, and would have had this information when they received notice of this litigation.

The Roosevelt Inn Defendants also breeze over the fact that Mr. Hanton sat for a deposition nearly one year ago, where counsel for the Roosevelt Inn Defendants was in attendance and questioned Mr. Hanton. The Roosevelt Inn Defendants clearly had the ability to do a docket search for Mr. Hanton prior to or at any time subsequent to Mr. Hanton's deposition. They seek to amend their Cross-Claims now because they finally did so – not because any new information was produced. The suggestion that information regarding Mr. Hanton was not previously available, or that the Roosevelt Inn Defendants were somehow blind-sided by it, is preposterous.

Regardless of the reasoning behind it, the Roosevelt Inn Defendants' abrupt effort to supplement their Cross-Claims against Alpha-Centurion is inexplicable. They seek to amend their Cross-Claims to include claims for Negligence Per Se as to the Private Investigator Act of

4

1953 and Negligent Hiring, Training, and Supervision. Yet the Alpha companies have provided security services at the Roosevelt Inn for the last thirteen (13) years and still do to this day. Now, just three (3) months before this matter is scheduled for Trial, and over three (3) years after this matter began, the Roosevelt Inn Defendants seek to supplement their Cross-Claims against Alpha-Centurion with additional theories of negligence based upon information that has long been known and readily available to them.

This Honorable Court should deny the Roosevelt Inn Defendants' eleventh-hour attempt to include additional Cross-Claims. In the alternative, if this Honorable Court grants the Roosevelt Inn Defendants Motion, then Alpha-Centurion Security, Inc. should likewise be permitted to amend its Cross-Claims against the Roosevelt Inn Defendants. A Motion for Leave to Amend will be filed concurrently herewith.

Regardless of whether the amendment is permitted, the facts remain the same: Alpha-Centurion was obligated to provide one guard on the premises for approximately twenty (20) hours *per week*. Alpha-Centurion had no input or involvement in the number of security guards that were placed at the subject property, nor did Alpha-Centurion have any input or involvement in identifying the obligations of the guard while there. Alpha-Centurion did not have access to the security cameras on the premises, nor did Alpha-Centurion or any of its employees have the ability to view the monitors, or enter the hotel rooms. Alpha-Centurion's duties were limited to patrolling the hallways and notifying management of any issues. Coupled with the plaintiff's admission that she had only one, fleeting interaction with a man she *assumed* was an Alpha-Centurion security guard, the Roosevelt Inn Defendants' allegations against Alpha-Centurion are nothing short of absurd.

Case ID: 170300712
Control No.: 20060409

1.	Admitted only that Plaintiff instituted this lawsuit on March 10, 2017 via the filing of a Civil Action Complaint. The content of Plaintiff's allegations are denied as conclusions of law requiring no further response.

2.	Admitted only that Plaintiff filed Amended Complaints on the dates referenced. The content of Plaintiff's allegations in each Amended Complaint are denied as conclusions of law requiring no further response.

3.	The contract between Alpha-Centurion and the Roosevelt Inn is a writing which speaks for itself. The corresponding allegations are interpretations of said contract, and are therefore denied as conclusions of law.

4.	Admitted only that the Roosevelt Inn Defendants filed an Answer with New Matter and New Matter Cross-Claims in response to Plaintiff's Fourth Amended Complaint. Any interpretation of the claims and denials asserted therein are denied as conclusions of law. To the extent further responsive, Alpha-Centurion incorporates its Reply to the Roosevelt Inn Defendants' Cross-Claims as if fully set forth herein.

5.	Denied that the referenced portions of Patrick Panetta's deposition transcript stand for the allegations asserted. Mr. Panetta's deposition testimony speaks for itself, and any interpretation thereof is denied.

6.	Admitted only that lawsuits have been filed by plaintiffs designated as C.A., B.H., and K.R. Denied that these lawsuits have any bearing on the instant action, including the Roosevelt Inn Defendants' Motion for Leave to Amend. Consequently, no further response is required.

7.	Denied. It is specifically denied that the documents referenced were not produced in the instant lawsuit. Indeed, counsel for Alpha Century provided this particular document via

6

Case ID: 170300712
Control No.: 20060409

cover letter dated September 24, 2019, a fact which the Roosevelt Inn Defendants admit in a footnote. *See* Exhibit C. The Roosevelt Inn Defendants and Alpha Centurion thereby obtained these materials from non-party Alpha Century. The manner in which materials were produced in subsequent actions has no bearing on the current litigation, including the Roosevelt Inn Defendants' Motion for Leave.

8.      Denied as stated. It is admitted only that Kelvin Hanton was assigned to the Roosevelt Inn on various weekends in 2014, as set forth in security logs produced in this matter. Averred that it has not been established that Plaintiff was trafficked at the Roosevelt Inn, or that any time she was allegedly at the Roosevelt Inn corresponded with Mr. Hanton or any other Alpha-Centurion Security guard.

9.      Denied that said document was only "recently produced." This document and others were produced by counsel for non-party Alpha Century on September 24, 2019 to all parties in this litigation, a fact which the Roosevelt Inn Defendants admit in a footnote. *See* Exhibit C. The Roosevelt Inn Defendants and Alpha Centurion thereby obtained these materials from non-party Alpha Century. The manner in which materials were produced in subsequent actions has no bearing on the current litigation, including the Roosevelt Inn Defendants' Motion for Leave. The referenced document is a writing which speaks for itself, and any interpretation thereof is denied. Further, the corresponding allegations are irrelevant to the Roosevelt Inn Defendants' Motion and requires no response.

10.      Said document is a writing which speaks for itself, and any interpretation thereof is denied. Further, the corresponding allegations are irrelevant to the Roosevelt Inn Defendants' Motion and requires no response.

Case ID: 170300712
Control No.: 20060409

11.     The referenced documents are writings which speak for themselves.  The corresponding interpretations of these documents are denied.

12.     The referenced documents are writings which speak for themselves.  The corresponding interpretations of these documents are denied.

13.     The referenced document is a writing which speaks for itself, and any interpretation thereof is denied.  Likewise, the referenced deposition testimony speaks for itself, and any interpretation thereof is denied.  Further, the corresponding allegations are irrelevant to the Roosevelt Inn Defendants' Motion and requires no response.

14.     The referenced documents are writings which speak for themselves.  Any interpretation thereof or inference made in relation thereto are denied.  Further, the corresponding allegations are irrelevant to the Roosevelt Inn Defendants' Motion and requires no response.

15.     The corresponding allegations are irrelevant to the Roosevelt Inn Defendants' Motion and requires no response.

16.     The referenced deposition testimony speaks for itself, and any interpretation thereof is denied.  Further, the corresponding allegations are denied as conclusions of law requiring no further response.

17.     Denied as a conclusion of law to which no response is deemed required.

18.     Denied as a conclusion of law to which no response is deemed required.

19.     The referenced documents are writings which speak for themselves.  The corresponding interpretations of these documents are denied.  Further, the corresponding interpretations of the Private Detective Act are conclusions of law requiring no further response.

20.     Denied as a conclusion of law to which no response is deemed required.

Case ID: 170300712
Control No.: 20060409

21. Denied as a conclusion of law to which no response is deemed required.

22. Denied as a conclusion of law to which no response is deemed required.

23. Denied as a conclusion of law to which no response is deemed required.

24. Denied as a conclusion of law to which no response is deemed required.

25. Denied as a conclusion of law to which no response is deemed required.

26. The referenced deposition testimony speaks for itself, and any interpretation thereof is denied.

27. Denied as a conclusion of law to which no response is deemed required. The referenced deposition testimony speaks for itself, and any interpretation thereof is denied. Further, the corresponding allegations disregard testimony by Alpha-Centurion guards that they reported issues to and "dealt directly with the front desk, and [the front desk] report[ed] directly to Patel." Deposition Testimony of Hailie Hardy at Page 119, Lines 3 – 4, attached hereto as Exhibit F. The corresponding allegations further disregard testimony by Alpha-Centurion guards that front desk clerks knew about prostitution at the Roosevelt Inn. *See id.* at Page 121, Lines 16 – 20.

28. The referenced deposition testimony speaks for itself, and any interpretation thereof is denied.

29. The referenced deposition testimony speaks for itself, and any interpretation thereof is denied. Further, the corresponding allegations are irrelevant to the Roosevelt Inn Defendants' Motion and requires no response.

30. Denied as a conclusion of law to which no response is deemed required.

9

Case ID: 170300712
Control No.: 20060409

31. The referenced deposition testimony speaks for itself, and any interpretation thereof is denied. Further, the corresponding allegations placing valuations on Mr. Hanton's performance are denied.

32. Denied as a conclusion of law to which no response is deemed required.

33. Denied as a conclusion of law to which no response is deemed required.

34. This Honorable Court should deny the Roosevelt Inn Defendants' eleventh-hour attempt to include additional Cross-Claims should be denied. In the alternative, if this Honorable Court grants the Roosevelt Inn Defendants Motion, then Alpha-Centurion Security, Inc. should likewise be permitted to amend its Cross-Claims against the Roosevelt Inn Defendants. A Motion for Leave to Amend will be filed concurrently herewith.

35. Admitted only that Pennsylvania Rule of Civil Procedure 1033 is quoted in part. Denied that the Roosevelt Inn Defendants should be granted leave to amend their Cross-Claims herein.

36. Denied as a conclusion of law to which no response is required. To the extent further response is deemed required, it is further within this Honorable Court's discretion to deny the Roosevelt Inn Defendants' Motion for Leave to Amend. Indeed, leave to amend should be denied when the statute of limitations on the cause of action asserted has run. *See Mountainside Holdings, LLC v. Am. Dynasty Surplus Lines Ins. Co.*, 2014 WL 10047052, at *8 (Pa. Super. 2015) ("An amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant.") (citation omitted).

37. Denied as a conclusion of law to which no response is required. Further, leave to amend should be denied when the statute of limitations on the cause of action asserted has run. *See Mountainside Holdings, LLC v. Am. Dynasty Surplus Lines Ins. Co.*, 2014 WL 10047052, at

Case ID: 170300712
Control No.: 20060409

*8 (Pa. Super. 2015) ("An amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant.") (citation omitted).

38.     Denied.  It is specifically denied that the documents referenced were not produced in the instant lawsuit.  Indeed, counsel for Alpha Century provided this particular document via cover letter dated September 24, 2019, a fact which the Roosevelt Inn Defendants admit in a footnote.  *See* Exhibit C.  The Roosevelt Inn Defendants and Alpha-Centurion obtained these materials from non-party Alpha Century.  The manner in which materials were produced in subsequent actions has no bearing on the current litigation, including the Roosevelt Inn Defendants' Motion for Leave.  The remainder of the corresponding allegations are denied as conclusions of law requiring no further response.

39.     Admitted that discovery is closed and that this Honorable Court's Pre-Trial Order scheduled this matter for Trial beginning on September 8, 2020.  Denied that the Court's Administrative Order dated May 15, 2020 cancels the scheduled Trial of this matter.  Accordingly, it is averred that Alpha-Centurion, Security, Inc. would be unfairly prejudiced if the Roosevelt Inn Defendants are permitted to Amend their New Matter Cross-Claims, especially where the statute of limitations for these Cross-Claims has run.

11

WHEREFORE, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant, Alpha-Centurion Security, Inc., hereby moves this Honorable Court to deny the Roosevelt Inn Defendants' Motion for Leave to Amend. Alternatively, should this Honorable Court grant the Roosevelt Inn Defendants' Motion, Defendant, Alpha-Centurion Security, Inc., respectfully requests that this Honorable Court likewise grant its own Motion for Leave to Amend.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY:_____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated:  June 25, 2020

Case ID: 170300712
Control No.: 20060409

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**DEFENDANT, ALPHA-CENTURION SECURITY, INC.'S**</u>
<u>**RESPONSE TO THE ROOSEVELT INN DEFENDANTS' MOTION**</u>
<u>**FOR LEAVE TO AMEND NEW MATTER CROSS-CLAIMS**</u>

**I.    <u>MATTER BEFORE THE COURT</u>**

Motion for Leave to Amend New Matter Cross-Claims of Defendants, Roosevelt Inn

LLC d/b/a Roosevelt Inn and Roosevelt Inn Café; Roosevelt Motor Inn, Inc. d/b/a Roosevelt

Motor Inn; UFVS Management Company, LLC; and Yagna Patel (collectively, "Roosevelt Inn

Defendants").

## II. STATEMENT OF QUESTIONS PRESENTED

1.  Whether this Honorable Court should deny the Roosevelt Inn Defendants' Motion for Leave to Amend Cross-Claims against Alpha-Centurion Security, Inc. where the Roosevelt Inn Defendants seek to pursue claims for which the statute of limitations have run.

    *Suggested Answer:*      ***Yes.***

2.  Whether this Honorable Court should deny the Roosevelt Inn Defendants' Motion for Leave to Amend Cross-Claims against Alpha-Centurion Security, Inc. where the inclusion of these additional causes of action would cause undue prejudice to Alpha-Centurion, not only because of the impending Trial date, but because the claims are based upon information reasonably known to the Roosevelt Inn Defendants more than two (2) years ago.

    *Suggested Answer:*      ***Yes.***

## III. PRELIMINARY STATEMENT

This Honorable Court should deny the Roosevelt Inn Defendants' eleventh-hour attempt to include additional Cross-Claims. The Roosevelt Inn Defendants seek to amend their Cross-Claims based upon the criminal history of Kelvin Hanton, an Alpha-Centurion Security, Inc. ("Alpha-Centurion") security guard. This is information available to the Roosevelt Inn Defendants for more than two (2) years. Granting their Motion will not only prejudice Alpha-Centurion, but it would furthermore impermissibly permit the Roosevelt Inn Defendants to pursue stale causes of action for which the statute of limitations have long since run.

In the alternative, if this Honorable Court grants the Roosevelt Inn Defendants' Motion, then Alpha-Centurion Security, Inc. should likewise be permitted to amend its Cross-Claims against the Roosevelt Inn Defendants. A Motion for Leave to Amend on behalf of Alpha-Centurion will be filed concurrently herewith.

Case ID: 170300712
Control No.: 20060409

## IV.    FACTUAL BACKGROUND

Plaintiff M.B. ("Plaintiff") alleges that she was the victim of commercial sex trafficking when she was a minor.  She contends she was trafficked between April 2014 and June 2014 through three (3) private residences and one commercial property, the Roosevelt Inn, located at 7600 Roosevelt Boulevard in Philadelphia, Pennsylvania.[3]

Plaintiff alleges various theories of negligence against the Roosevelt Inn Defendants and Alpha-Centurion relating to their purported failure to provide adequate security.  At all times relevant to Plaintiff's allegations, Alpha-Centurion was under contract with the Roosevelt Inn to provide one unarmed security guard at the hotel, two to three nights per week.  The specific obligations of the guard on duty were memorialized by Alpha-Centurion in a set of Post Orders in accordance with the demands of hotel management.  Alpha-Centurion had no input or involvement in the number of security guards that were placed at the subject property, nor did Alpha-Centurion have any input or involvement in identifying the obligations of the guard while there.  Alpha-Centurion did not have access to the security cameras on the premises, nor did Alpha-Centurion or any of its employees have the ability to view the monitors.  Alpha-Centurion's duties were limited to patrolling the hallways and notifying management of any issues.

At the end of 2014, Alpha-Centurion ceased to operate.  A new company, Alpha Century Security, Inc. ("Alpha Century") was created.  Alpha-Centurion destroyed its records, with limited materials passed to the new corporation.  Alpha Century took over the contract for the

---

[3] Plaintiff went "AWOL" from foster care on April 2, 2014, and turned herself back into the Department of Human Services on June 6, 2014.

Case ID: 170300712
Control No.: 20060409

Roosevelt Inn, and continues to provide a single unarmed security guards at the Roosevelt Inn to this day.

Throughout the course of this litigation, written discovery was exchanged. Via cover letter dated July 18, 2018, Alpha-Centurion produced the materials in its possession relevant to this lawsuit. A true and correct copy of the July 18, 2018 Transmittal Letter is attached hereto as Exhibit E. Amongst those materials were a limited amount of security logs from the Roosevelt Inn. Kelvin Hanton's name appeared on some of those logs. Accordingly, Mr. Hanton was identified as a security guard at the Roosevelt Inn almost two (2) years ago. The Roosevelt Inn Defendants clearly knew of Mr. Hanton's identity at that time.

In fact, the Roosevelt Inn Defendants also produced security logs in this litigation. Clearly, the Roosevelt Inn Defendants possessed Mr. Hanton's name as a security guard stationed at the Roosevelt Inn, and would have had this information when they received notice of this litigation.

Mr. Hanton was eventually deposed in this matter on August 6, 2019. Plaintiff sought Mr. Hanton's employment file from Alpha-Centurion. Alpha-Centurion responded to Plaintiff's requests that it did not retain any such files, and directed Plaintiff to subpoena the new company, Alpha Century. Plaintiff did so. The records held by Alpha Century with regard to Mr. Hanton's employment were the subject of a Motion to Compel, scheduled to be heard by this Honorable Court on October 1, 2019. A true and correct copy of Notice of said Hearing is attached hereto as Exhibit B. The Roosevelt Inn Defendants were certainly aware of the Subpoena, Motion, and Hearing, and in fact reference it in their Motion. *See* Roosevelt Inn Defendants' Motion for Leave at Footnotes 2 and 3.

Case ID: 170300712
Control No.: 20060409

In advance of the Hearing date, on September 24, 2019, counsel for Alpha Century, Michael LaRosa, Esquire, produced documents in response to this subpoena on behalf of Alpha Century. *See* Transmittal Letter, attached as Exhibit C. Counsel for the Roosevelt Inn Defendants was clearly copied on the letter. The Roosevelt Inn Defendants acknowledge the existence of this correspondence *in a footnote* to their Motion, yet simply contend they have no record of receiving the records. A strange phenomenon given that both counsel for Plaintiff and Alpha-Centurion received the production. The Hearing scheduled relative to Plaintiff's Motion to Compel never proceeded; the Motion was withdrawn, as Alpha-Century produced responsive documents. Again, information clearly available to the Roosevelt Inn Defendants.[4]

Now, the Roosevelt Inn Defendants claim that they have no record of receiving Mr. Hanton's employment file, and that, therefore, they should be permitted to amend their Cross-Claims against Alpha-Centurion. The factual information their Cross-Claims are based upon is that Mr. Hanton has a criminal record, information the Roosevelt Inn Defendants could have discovered in July 2018 when Mr. Hanton's identify was made known by Alpha-Centurion, or by a review of their own files which clearly included Mr. Hanton's identity. They make this request eight (8) months after the close of discovery, and just three (3) months before this matter is scheduled for Trial. Their Motion should be denied. Alternatively, if the Roosevelt Inn Defendants are permitted to amend their Cross-Claims, Alpha-Centurion should likewise be permitted to amend its own Cross-Claims against the Roosevelt Inn Defendants.

---

[4] In fact, a separate hearing for a Motion to Compel depositions of Roosevelt Inn employees was scheduled for the same day. That hearing did proceed. *See* Notice of Hearing and resulting Order, collectively attached hereto as Exhibit D. Any argument by the Roosevelt Inn Defendants that they did not know Alpha Century produced these materials when a discovery hearing did not proceed is unreasonable.

Case ID: 170300712
Control No.: 20060409

## V.  **LEGAL STANDARD**

Under Pennsylvania Rule of Civil Procedure 1033:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

While leave to amend pleadings is generally granted liberally, it is not without restriction. *Discover Bank v. Stucka*, 33 A.3d 82, 88 (Pa. Super. 2011) (citing to *Horowitz v. Universal Underwriters Ins.,* 580 A.2d 395, 398-99 (Pa. Super. 1990)).  "It is well-established in this jurisdiction that amendments to pleadings are a matter of judicial discretion and should be liberally allowed ***except where surprise or prejudice will result or where the amendment is against a positive rule of law***."  *Pastore v. Anjo Construction Co.*, 578 A.2d 21, 26 (Pa. Super. 1990) (emphasis added).

A motion for leave to amend will be denied if there is a specific law prohibiting the amendment, such as when the statute of limitations of a cause of action has run.  "An amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant."  *Mountainside Holdings, LLC v. Am. Dynasty Surplus Lines Ins. Co.*, 2014 WL 10047052, at *8 (Pa. Super. 2015) (citation omitted).  A new cause of action alters the litigation in an impermissible manner, which the Court should disallow.  "A new cause of action does arise, however, if the amendment proposes a different theory or a different kind of negligence than the one previously raised or if the operative facts supporting the claim are changed."  *Chaney v. Meadville Medical Center*, 912 A.2d 300, 304 (Pa. Super.2006) (*citing to*

6

Case ID: 170300712
Control No.: 20060409

*Reynolds v. Thomas Jefferson University Hospital*, 676 A.2d 1205, 1210 (Pa. Super. 1996) (internal citations omitted)).

Here, the Roosevelt Inn Defendants' attempt to amend its Cross-Claims against Alpha-Centurion is legally impermissible, as it would allow them to pursue claims for which the statute of limitations has run. The Roosevelt Inn Defendants' Motion should furthermore be denied as unduly prejudicial to Alpha-Centurion because the Roosevelt Inn Defendants could have brought such claims more than two (2) years ago, and now, on the eve of Trial, they seek to do so when Alpha-Centurion cannot develop a record via discovery to refute the Roosevelt Inn Defendants' claims.

## V.    ARGUMENT

### A.    THE ROOSEVELT INN DEFENDANTS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED, AS THE STATUTE OF LIMITATIONS FOR THEIR PROPOSED ADDITIONAL CROSS-CLAIMS HAS RUN.

The Roosevelt Inn Defendants seek to amend their Cross-Claims to include new claims for Negligence Per Se as to the Private Investigator Act of 1953 and Negligent Hiring, Training, and Supervision. These claims are entirely distinct from the Roosevelt Inn Defendants' previous Cross-Claims against Alpha-Centurion.

These new claims are based upon these parties' March 2007 Contract. Consequently, these proposed allegations are contractual in nature, with a four-year statute of limitation. *See* 42 Pa.C.S.A. § 5525(a). The statute of limitations runs "from the time the cause of action accrued." 42 Pa.C.S. § 5502(a). Regarding contract claims, the Supreme Court of Pennsylvania has held that, "[i]n construing this language for general contract purposes, we have adopted the view of a majority of jurisdictions that it is the accrual of the right of action that starts a limitations period to run." *Erie Ins. Exch. v. Bristol*, 174 A.3d 578, 585 (Pa. 2017). *See also Ctr. Concrete Co. v.*

7

Case ID: 170300712
Control No.: 20060409

*AGI, Inc.*, 559 A.2d 516, 518 (Pa. 1989) ("Unless a statute provides otherwise, the statute of limitations begins to run at the time when a complete cause or right of action accrues or arises, which occurs as soon as the right to institute and maintain a suit arises.") (citations omitted). That is, the statute of limitations runs from the time the Roosevelt Inn Defendants could have maintained a cause of action against Alpha-Centurion.

Here, the Roosevelt Inn Defendants claim that Alpha-Centurion is liable under the Private Detective Act because it hired Kelvin Hanton in 2010. The statute of limitations has clearly run. Giving the Roosevelt Inn Defendants the benefit of even an additional four (4) years, to the time when Plaintiff alleges she was at the Roosevelt Inn, the statue would have run in 2018. As previously set forth, "[a]n amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant." *Mountainside Holdings, LLC v. Am. Dynasty Surplus Lines Ins. Co.*, 2014 WL 10047052, at *8 (Pa. Super. 2015) (citation omitted). Clearly, the Roosevelt Inn Defendants cannot be permitted to bring these Cross-Claims; they are entirely new claims that are stale.

**B.**       **THE ROOSEVELT INN DEFENDANTS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED, AS THE ADDITION OF THESE CROSS-CLAIMS WOULD BE UNDULY PREJUDICIAL TO ALPHA-CENTURION.**

The Roosevelt Inn Defendants seek to amend their Cross-Claims against Alpha-Centurion on the eve of Trial, after over three (3) years of litigation. Their attempt to bring these new claims is unduly prejudicial to Alpha-Centurion because the Roosevelt Inn Defendants could have brought such claims more than two (2) years ago, yet they now seek to do so when Alpha-Centurion cannot develop a record via discovery to refute the Roosevelt Inn Defendants' claims.

8

In an effort to explain away their failure to bring these claims previously, they argue that their new claims are based upon materials produced in related litigation that they allege were not produced in this case. In doing so, the Roosevelt Inn Defendants summarily dismiss specific evidence to the contrary, and ignore the fact that the information they claim is "new" was readily available to them throughout the entirety of this litigation.

The self-serving and misleading nature of the Roosevelt Inn Defendants' Motion cannot be overstated. The Motion suggests that the Roosevelt Inn Defendants were somehow kept in the dark regarding the existence of these records, which include employment files for certain security guards stationed at the Roosevelt Inn. This could not be further from the truth.

As set forth above, Plaintiff served a subpoena on the new company, Alpha Century, for the employment records of several guards, including Kelvin Hanton. The records held by Alpha Century with regard to Mr. Hanton's employment were the subject of a Motion to Compel, scheduled to be heard by this Honorable Court on October 1, 2019. Exhibit B, Notice of said Hearing. The Roosevelt Inn Defendants were certainly aware of the Subpoena, the Motion, and the Hearing. They were furthermore aware that the Hearing never proceeded, as the Motion was not presented to the Court, on the very same day another Motion against the Roosevelt Inn Defendants was presented. *See* Exhibit D, Notice of Hearing and resulting Order.

The Motion was not presented because Alpha Century produced records in response to the Subpoena. *See* Exhibit C, September 24, 2019 Transmittal Letter. Counsel for the Roosevelt Inn Defendants was clearly copied on this production. *Id.* Any argument by the Roosevelt Inn Defendants that they did not know Alpha Century produced these materials is unreasonable.

Nevertheless, the Roosevelt Inn Defendants suggest that the materials at issue led to the discovery of new information concerning Kelvin Hanton, namely his criminal history. The

Case ID: 170300712
Control No.: 20060409

Roosevelt Inn Defendants ignore the fact that Mr. Hanton's criminal record history is publicly available. They completely disregard the fact that Mr. Hanton was first identified by Alpha-Centurion almost two years ago, when Alpha-Centurion produced security logs for Mr. Hanton in response to Plaintiff's discovery requests. Exhibit E, July 18, 2018 Transmittal Letter. The Roosevelt Inn Defendants clearly knew of Mr. Hanton's identity at that time. The Roosevelt Inn Defendants further disregard the fact that they were in possession of security logs identifying Mr. Hanton throughout the entirety of this litigation. A search of their records would have revealed Mr. Hanton's name; they had this information when they received notice of this litigation. Finally, Mr. Hanton was deposed on August 6, 2019. Counsel for the Roosevelt Inn Defendants was in attendance and questioned Mr. Hanton. The Roosevelt Inn Defendants clearly had the ability to do a docket search for Mr. Hanton prior to or at any time subsequent to Mr. Hanton's deposition. They did not do so at any of these steps in this litigation, but instead waited until the eve of Trial to bring entirely new claims against Alpha-Centurion.

They seek to amend their Cross-Claims now because they finally did so – not because any new information was produced. The suggestion that information regarding Mr. Hanton was not previously available, or that the Roosevelt Inn Defendants were somehow blind-sided by it, is preposterous.

Regardless of the reasoning behind it, the Roosevelt Inn Defendants' abrupt effort to supplement their Cross-Claims against Alpha-Centurion is inexplicable. They seek to amend their Cross-Claims to include claims for Negligence Per Se as to the Private Investigator Act of 1953 and Negligent Hiring, Training, and Supervision. Yet the Alpha companies have provided security services at the Roosevelt Inn for the last thirteen (13) years and still do to this day. Now, just three (3) months before this matter is scheduled for Trial, and over three (3) years after

Case ID: 170300712
Control No.: 20060409

this matter began, the Roosevelt Inn Defendants seek to supplement their Cross-Claims against Alpha-Centurion with additional theories of negligence based upon information that has long been known and readily available to them.

This Honorable Court should deny the Roosevelt Inn Defendants' eleventh-hour attempt to include additional Cross-Claims. In the alternative, if this Honorable Court grants the Roosevelt Inn Defendants Motion, then Alpha-Centurion Security, Inc. should likewise be permitted to amend its Cross-Claims against the Roosevelt Inn Defendants. A Motion for Leave to Amend will be filed concurrently herewith.

## VII. RELIEF SOUGHT

Defendant, Alpha Centurion Security, Inc., respectfully requests that this Honorable Court deny the Roosevelt Inn Defendants' Motion for Leave to Amend. No further claims or cross-claims are warranted in this matter, which has been in litigation for over three (3) years and which is scheduled for Trial in less than three (3) months. However, should this Honorable Court grant the Roosevelt Inn Defendants' Motion, Defendant, Alpha Centurion Security, Inc., respectfully requests that this Honorable Court likewise grant its own Motion for Leave to Amend, filed concurrently herewith.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY:_____
       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated: June 25, 2020

Case ID: 170300712
Control No.: 20060409

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of Alpha-Centurion Security, Inc.'s Response to the Roosevelt Inn Defendants' Motion for Leave to Amend Cross-Claims was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a
Roosevelt Inn and Roosevelt Inn Café,
Roosevelt Motor Inn, Inc. d/b/a Roosevelt
Motor Inn, UFVS Management Company,
LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:_____
       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated: <u>June 25, 2020</u>

LEGAL/130478452.v1

FILED
04 JUN 2020 05:32 pm
Civil Administration
T. FOBBS

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | |
| v. | MARCH TERM, 2017 NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | JURY TRIAL DEMANDED |
| Defendants. | |

**DOCKETED**
JUL 01 2020
N. ERICKSON
DAY FORWARD

## ORDER

AND NOW, this _1_ day of _July_, 2020, upon consideration of the Motion of

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor

Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for

Leave of Court to Amend their New Matter Crossclaims pursuant to Pennsylvania Rule of Civil

Procedure 1033, and any response thereto, it is hereby **ORDERED** and **DECREED** that said

Motion for Leave to Amend is **GRANTED**. Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn

and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS

Management Company, LLC and Yagna Patel are granted leave of Court to file the Amended

New Matter Crossclaims attached to their Motion as Exhibit "B." *within 20 days of*
*the date of this order.*

**BY THE COURT:**

_Shelley Robins New_ J.

B. Etal Vs Roosevelt In-ORDER

17030071200265

Case ID: 170300712
Control No.: 20060409

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) N. ERICKSON 07/01/2020

NOTICE TO DEFEND AND PLEAD


*Filed and Attested by the Office of Judicial Records 10 JUL 2020 03:30 pm M. RUSSO*

TO:     Plaintiff and Defendants

You are hereby notified to file a written response to the enclosed New Matter and New Matter Crossclaims Pursuant to Pa. R. Civ. P. 1031.1, within twenty (20) days from service hereof or a judgment may be entered against you.

By: */s/ James J. Quinlan*
        Attorney for Defendants Roosevelt Inn, LLC, et al.

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | |
| v. | MARCH TERM, 2017 NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | JURY TRIAL DEMANDED |
| Defendants. | |

Case ID: 170300712

**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S
ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT
WITH NEW MATTER AND AMENDED NEW MATTER CROSSCLAIMS**

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (collectively "Answering Defendants"), by and through counsel, Blank Rome LLP, hereby file their Answer with New Matter and Amended New Matter Crossclaims to minor Plaintiff M.B.'s ("Plaintiff") Fourth Amended Complaint ("Complaint") as follows:

1.      Denied as stated.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

2.      Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

3.      Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

4.      Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

5.      Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

6.      Admitted in part; denied in part.  It is admitted only that Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café is a Delaware limited liability company.  The

remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at trial.

7.      Admitted in part; denied in part. It is admitted only that Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn is a Pennsylvania corporation. The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at time of trial.

8.      Admitted in part; denied in part. It is admitted only that UFVS Management Company, LLC is a New York limited liability company. The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at time of trial.

9.      Admitted in part; denied in part. It is admitted only that Yagna Patel was involved in the management of the Roosevelt Inn. The remaining averments contained in this paragraph are denied. Strict proof is demanded at time of trial.

10.      Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

11.      Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

12.      Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said

Case ID: 170300712

averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

13.   Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at time of trial.

14.   Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at time of trial.

15.   Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied. Strict proof is demanded at time of trial.

16.   Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

17.   Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the

4

Case ID: 170300712

averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

18.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

19.    Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

20.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Strict proof is demanded at time of trial.

21.    Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

22.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

5

Case ID: 170300712

23.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

24.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

25.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

26.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

27.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

28.     Admitted in part; denied in part.  It is admitted that Defendant Alpha-Centurion Security, Inc. entered into a contract with Defendant Roosevelt Inn, LLC to provide security services at the Roosevelt Inn hotel on March 1, 2007, which including indemnifying the Roosevelt Inn, LLC.  The remainder of the averments in this paragraph are denied.

6

Case ID: 170300712

29.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

30.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

31.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

32.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

33.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

34.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

35.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

7

Case ID: 170300712

36.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Strict proof is demanded at time of trial.

37.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

38.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

39.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

40.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is

Case ID: 170300712

required.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

41.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

42.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

43.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

44.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way cause or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

9

Case ID: 170300712

45. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way cause or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

46. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

47. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

48. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

150213.00601/123377633v.2

Case ID: 170300712

49. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

50. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

51. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

52. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

53. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is

150213.00601/123377633v.2

Case ID: 170300712

specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

54. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

55. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

56. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. It is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.

57. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

150213.00601/123377633v.2

58.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

59.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

60.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

61.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required

150213.00601/123377633v.2

Case ID: 170300712

62. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

63. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

64. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

65. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial. Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

150213.00601/123377633v.2

Case ID: 170300712

66.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  By way of further response, it is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto.  Further, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

67.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.  Further, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required.

## COUNT I – NEGLIGENCE

### M.B. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

68.     Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

69.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

70.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or

150213.00601/123377633v.2

Case ID: 170300712

omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

71.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

72.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

73.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

74.     Denied.  The averments contained in this paragraph, and its subparagraphs, are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph and its subparagraphs are denied.  It is specifically denied that Answering Defendants were negligent at any time material hereto.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants

16

Case ID: 170300712

in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

75.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants were negligent at any time material hereto. Further, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in anyway caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

76.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants were negligent at any time material hereto. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in anyway caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

77.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto. By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

17

Case ID: 170300712

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

<h2 style="text-align:center">COUNT II – NEGLIGENCE</h2>

<h3 style="text-align:center">M.B. V. ALPHA-CENTURION SECURITY, INC.</h3>

78.     Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

79.     Denied.  This paragraph is directed to parties other than Answering Defendants and no responsive pleading is required.

80.     Denied.  This paragraph is directed to parties other than Answering Defendants and no responsive pleading is required.

81.     Denied.  This paragraph is directed to parties other than Answering Defendants and no responsive pleading is required.

82.     Denied.  This paragraph is directed to parties other than Answering Defendants and no responsive pleading is required.

83.     Denied.  This paragraph is directed to parties other than Answering Defendants and no responsive pleading is required.

84.     Denied.  This paragraph is directed to parties other than Answering Defendants and no responsive pleading is required.

85.     Denied.  This paragraph is directed to parties other than Answering Defendants and no responsive pleading is required.

86.     Denied.  This paragraph is directed to parties other than Answering Defendants and no responsive pleading is required.

150213.00601/123377633v.2

Case ID: 170300712

87.     Denied.  This paragraph is directed to parties other than Answering Defendants and no responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

88.     Denied.  To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

89.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Answering Defendants were negligent at any time material hereto.  Further, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph concerning harms suffered by Plaintiff.  By way of further response, it is specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

90.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  It is specifically denied that Answering Defendants acted outrageously or recklessly at any time material hereto.  By way of further response, it is

19

Case ID: 170300712

specifically denied that any acts or omissions on the part of Answering Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## M.B. V. ALPHA-CENTURION SECURITY, INC.

91.    Denied. To the extent a response is required, Answering Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

92.    Denied. This paragraph is directed to parties other than Answering Defendants and no responsive pleading is required.

93.    Denied. This paragraph is directed to parties other than Answering Defendants and no responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## NEW MATTER

94.    Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

95.    Plaintiff's Complaint fails to state any claim against Answering Defendants upon which relief may be granted.

150213.00601/123377633v.2

96. The alleged incident was not caused by the negligence, negligence per se, recklessness, carelessness, or violation of statute, code, regulation or standard of Answering Defendants.

97. The injuries, losses, or damages suffered by Plaintiff were not proximately caused by Answering Defendants.

98. Plaintiff's claims of damages, which are specifically denied, were not proximately caused by any acts and/or omissions of Answering Defendants, their employees, servants or agents.

99. Any harm or injury suffered by Plaintiff was caused by Plaintiff's own actions and/or inactions.

100. The alleged incident was caused by the negligence, recklessness and/or carelessness of Plaintiff and/or other persons or parties other than Answering Defendants.

101. Plaintiff's actions and/or inactions were negligent and such negligence was a superseding, intervening cause of the alleged accident that bars or limits all claims by Plaintiff.

102. Plaintiff's claims are the result of acts or omissions of other individuals or entities whose acts or omissions constituted intervening and/or superseding causes over which Answering Defendants had no control and which Answering Defendants could not foresee.

103. No conduct, actions, inaction, or omissions on the part of Answering Defendants caused or contributed to Plaintiff's injuries or damages, if any.

104. Answering Defendants were not negligent, careless and/or reckless at any time material hereto.

105. Plaintiff has failed to join all indispensable parties.

150213.00601/123377633v.2

Case ID: 170300712

106. Plaintiff's Complaint is barred or limited by the appropriate statute of limitations or statute of repose.

107. Plaintiff's Complaint is barred or limited by the doctrine of waiver, estoppel, res judicata and/or laches.

108. Plaintiff's claims are barred or limited by the doctrine of spoliation.

109. Plaintiff's claims are barred or limited by the doctrines of contributory negligence, comparative negligence, and/or assumption of the risk.

110. Plaintiff's Complaint is barred or limited by Plaintiff's failure to mitigate damages.

111. The injuries and damages complained of by Plaintiff pre-existed or are unrelated to the incident or occurrence which is the subject matter of Plaintiff's Complaint.

112. Plaintiff's claims for damages, if any, are excessive and unsupported and, therefore, must be barred or limited.

113. Answering Defendants owed no duty of care to Plaintiff.

114. To the extent that Answering Defendants owed a duty to Plaintiff, which is denied, Answering Defendants did not breach any duty.

115. A party other than Answering Defendants directed, supervised, and controlled the premises where Plaintiff was allegedly injured.

116. Any acts or omissions of Answering Defendants were not substantial causes of and did not result in the injuries and/or losses alleged by Plaintiff.

117. Plaintiff fails to state a claim under Pennsylvania's Human Trafficking Law, 18 Pa.C.S. § 3001, *et seq*.

150213.00601/123377633v.2

118. Plaintiff fails to state a claim under Pennsylvania's Human Trafficking Law, 18 Pa.C.S. § 3051.

119. The alleged causes of action contained in Plaintiff's Complaint are barred by any and all applicable affirmative defenses explicitly set forth in Pa.R.C.P. 1030(a).

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## NEW MATTER CROSSCLAIMS

### ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL V. DEFENDANT ALPHA-CENTURION SECURITY, INC.

120. Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

121. If the allegations in Plaintiff's Fourth Amended Complaint are true, it is averred that Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants are alone liable to Plaintiff, with all liability on the part of Answering Defendants being expressly denied.

122. In the alternative, if it is judicially determined that Answering Defendants are liable to Plaintiff, the same being expressly denied, then Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants are jointly and severally liable along with Answering Defendants and/or liable over to Answering Defendants for contribution and/or indemnity.

123. Pursuant to the terms of a March 1, 2007 Security Contract ("Security Contract") between Alpha-Centurion Security, Inc. and Answering Defendants, Alpha-Centurion Security,

23

Case ID: 170300712

Inc. was obligated to safeguard individuals at the Roosevelt Inn by identifying criminal activity and taking appropriate responsive action. *See* Security Contract attached as Exhibit "A."

124. In the event that the allegations in Plaintiff's Fourth Amended Complaint are proven true, said allegations being hereby expressly denied, then Alpha-Centurion Security, Inc. breached the Security Contract by failing to identify and take appropriate responsive action to the criminal activities alleged in Plaintiff's Complaint.

125. Further, under the terms of the Security Contract, Alpha-Centurion Security, Inc. contracted to indemnify Answering Defendants for "any loss, theft, or damage to property or injury to persons caused solely or in part as a result of intentional or deliberate acts, conduct, omissions and or criminal activities of Alpha-Centurion Security, Inc.'s security officers when committed in the performance of their duties." *See id* at ¶ *8.*

126. Pursuant to the terms of the Security Contract and as a result of Plaintiff's alleged injuries caused solely or in part as a result of the intentional or deliberate acts, conduct, and omissions of Alpha-Centurion Security Inc.'s security officers, which were committed in the performance of their duties, Alpha-Centurion Security, Inc is contractually obligated to indemnify and defend Answering Defendants with respect to the allegations in Plaintiff's Fourth Complaint. *See* Exhibit "A."

127. In the event that Plaintiff sustained damages as alleged in the Fourth Amended Complaint, said allegations being hereby denied, said damages were a direct result of the acts, omissions, negligence, strict liability, recklessness and/or carelessness of Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants.

150213.00601/123377633v.2  Case ID: 170300712

128.     In the alternative, if it is judicially determined that Answering Defendants are liable to Plaintiff, the same being expressly denied, then Defendant Alpha-Centurion Security, Inc., and any additional defendants and/or any subsequently joined defendants are jointly and severally liable along with Answering Defendants and/or liable over to Answering Defendants by way of contractual contribution and/or indemnity.

WHEREFORE, Answering Defendants request judgment in their favor and against Defendant Alpha-Centurion Security, Inc., together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

**ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL V. DEFENDANT <u>ALPHA-CENTURION SECURITY, INC.</u>**

### NEGLIGENCE PER SE FOR VIOLATIONS OF THE <u>PRIVATE INVESTIGATOR ACT OF 1953</u>

129.     Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

130.     Alpha-Centurion Security, Inc., as a business providing security services, is governed by the Private Detective Act of 1953, 22 P.S.A. 22, §§ 11-49 (the "Act"), which requires businesses such as Alpha-Centurion Security, Inc. to screen and investigate applicants for security guard positions for truthful statements attesting to the absence of prior criminal convictions, among other things.  The Act also prohibits businesses such as Alpha from hiring as security officers persons who have been convicted of certain enumerated crimes.  22 P.S.A.§ § 23(a).

131.     In 2010, Alpha received an application for a security guard position from Kelvin Hanton, who indicated on the application form that he had been incarcerated and had a pending

Case ID: 170300712

civil or criminal case.  A document accompanying the application listed Hanton's home address as the state prison in which he was then incarcerated.  Pursuant to the Act, Alpha was required to investigate information Hanton provided in his application, which would have revealed convictions in 1999, 2005 and 2008 for multiple crimes that are among the list of disqualifying crimes enumerated in the Act, as well as this then current incarceration.  Pursuant to the Act, Alpha was precluded from hiring Hanton as a security guard.

132.    Alpha's disregard and failure to abide by the requirements of the Act establish Alpha's negligence *per se*.

133.    In the event that Plaintiff sustained damages as alleged in the Complaint, said allegations being hereby denied by Answering Defendants, said damages were a direct and proximate result of the acts, omissions, negligence and *per se* negligence of Alpha-Centurion Security, Inc.

WHEREFORE, Answering Defendants request judgment in their favor and against Defendant Alpha-Centurion Security, Inc., together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

**ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL V. DEFENDANT ALPHA-CENTURION SECURITY, INC.**

**NEGLIGENT HIRING, TRAINING AND SUPERVISION**

134.    Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

135.    Defendant Alpha-Centurion Security, Inc., by and through their agents, servants and employees, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

26

Case ID: 170300712

136.     Defendant Alpha-Centurion Security, Inc., by and through their agents, servants and employees, was under a duty to act reasonably and prudently in its selection of employees in hiring security officers and to take such steps so as to ensure its selection process furthered Alpha's satisfaction of this duty.

137.     Defendant Alpha-Centurion Security, Inc., by and through their agents, servants and employees, was under a duty to hire security officers with proper backgrounds, free of criminal convictions.

138.     Defendant Alpha-Centurion Security, Inc., by and through their agents, servants and employees, knew or should have known that its employees were hired without regard to such duties.

139.     Defendant Alpha-Centurion Security, Inc., by and through their agents, servants and employees, had a duty to provide training to its security officers, which would enable the security officers to provide adequate security to persons at the locations where the security guards were assigned.

140.     Defendant Alpha-Centurion Security, Inc., by and through their agents, servants and employees, had a duty to provide supervision to its security officers to ensure that security officers were providing adequate security to persons at the locations where the security guards were assigned.

141.     Defendant Alpha-Centurion Security, Inc., by and through their agents, servants and employees knew or should have known that failure to hire, train, manage and supervise and/or control their agents and/or employees could lead to injury of persons at the locations where the security guards were assigned.

150213.00601/123377633v.2

Case ID: 170300712

142. Defendant Alpha-Centurion Security, Inc., by and through their agents, servants and employees failed or refused to take adequate precautions to protect persons located where the security guards were assigned, such as the Roosevelt Inn, from the criminal and violent acts of others.

143. In the event that Plaintiff sustained damages as alleged in the Complaint, said allegations being hereby denied by Answering Defendants, said damages were a direct and proximate result of the acts, omissions, negligence of Alpha-Centurion Security, Inc.'s in hiring, training and supervising its agents and/or employees.

WHEREFORE, Answering Defendants request judgment in their favor and against Defendant Alpha-Centurion Security, Inc., together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL V. ADDITIONAL DEFENDANTS DAIQUAN DAVIS AND ADBUL LOPEZ

144. Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

145. On October 18, 2018 Defendants Roosevelt Inn LLC D/B/A Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc., D/B/A Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel filed a Joinder Complaint against Additional Defendants Daiquan Davis and Abdul Lopez.

146. Answering Defendants hereby incorporate by reference paragraphs 1 through 30, including Counts I through IV, of the Joinder Complaint as if fully set forth herein and attached hereto as Exhibit B.

150213.00601/123377633v.2

Case ID: 170300712

147.    If the allegations in Plaintiff's Fourth Amended Complaint are true, it is averred that Additional Defendants Daiquan Davis and Abdul Lopez, and any additional defendants and/or any subsequently joined defendants are alone liable to Plaintiff, with all liability on the part of Answering Defendants being expressly denied.  In the alternative, if it is judicially determined that Answering Defendants are liable to Plaintiff, the same being expressly denied, then Additional Defendants Daiquan Davis and Abdul Lopez, and any additional defendants and/or any subsequently joined defendants are jointly and severally liable along with Answering Defendants and/or liable over to Answering Defendants for contribution and/or indemnity.

WHEREFORE,  Answering Defendants request judgment in  their favor and  against Daiquan Davis and Abdul Lopez together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

<div align="right">

**BLANK ROME LLP**

</div>

Dated:  July 10, 2020

<div align="right">

*/s/ James J. Quinlan*
Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.:  76773
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500/Fax: (215) 569-5555
Email:  palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

</div>

## VERIFICATION

I, Yagnakumar Patel, hereby verify that the statements made in the foregoing Answer to Plaintiff's Complaint with New Matter and New Matter Crossclaims are true and correct to the best of my knowledge, information and belief. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: June ⏷⎯, 2020

_____
YAGNAKUMAR PATEL

## VERIFICATION

I, Anthony Uzzo, state that I am authorized to make this Verification on behalf of defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC. I verify that the statements made in the foregoing Answer to Plaintiff's Complaint with New Matter and New Matter Crossclaims are true and correct to the best of my knowledge, information and belief. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: June **30** , 2020

_____
ANTHONY UZZO

<u>**CERTIFICATE OF SERVICE**</u>

I, Justina L. Byers, hereby certify that, on this 10th day of July 2020, I caused to be

served true and correct copies of the foregoing Answer to Plaintiff's Fourth Amended Complaint

with New Matter and Amended New Matter Crossclaims to be served via the Court's E-Filing

system and/or other electronic mail, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
USP Terre Haute
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ Justina L. Byers
JUSTINA L. BYERS

150213.00601/123377633v.2

Case ID: 170300712

FILED
13 JUL 2020 03:57 pm
Civil Administration
F. HEWITT

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*

Filed and Attested by the
Office of Judicial Records
15 JUN 2020 08:31 am
M. RUSSO

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

<u>**NOTICE OF PRESENTATION**</u>

**To:**   Grant S. Palmer, Esquire
       James J. Quinlan, Esquire
       Justina L. Byers, Esquire
       Blank Rome LLP
       One Logan Square, 130 North 18th Street
       Philadelphia, PA 19103
       *Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
       *UFVS Management Company, LLC and Yagna Patel*

Please take notice that the Plaintiff's Response in Opposition to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Strike Objections to a Subpoena to Erin Coltera and the Support Center for Child Advocates will be presented to the Court on July 28, 2020 at 9:00 a.m., in Court Room 625, City Hall, Philadelphia, PA. A copy of the Response is attached.

By: _____      Date:  <u>6/12/2020</u>
    EMILY B. MARKS, ESQUIRE
    Attorney I.D. No. 204405

Case ID: 170300712
Control No.: 2006D399

| M.B | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of

Plaintiff's Objections and Response in Opposition to Defendants Roosevelt Inn LLC d/b/a

Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS

Management Company, LLC and Yagna Patel's (hereinafter referred to as the "Roosevelt

Defendants") Motion to Strike Objections to the Subpoena to Erin Coltera and the Support Center

for Child Advocates, it is hereby:

**ORDERED** and **DECREED** that the Roosevelt Defendants' Motion to Strike Objections is

**DENIED.**


BY THE COURT:


_____

                           J


**DISCOVERY DEADLINE:  OCTOBER 7, 2019**

Case ID: 170300712
Control No.: 2006D399

**KLINE & SPECTER, P.C.**                          *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANTS, ROOSEVELT INN LLC D/B/A/ ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL'S MOTION TO STRIKE OBJECTIONS TO A SUBPOENA TO ERIN COLTERA AND THE SUPPORT CENTER FOR CHILD ADVOCATES

Plaintiff M.B, by and through counsel, Kline & Specter, P.C., hereby objects to Defendants

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a

Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's (hereinafter referred

to as the "Roosevelt Defendants") proposed Subpoena directed to "Erin Coltera" at the Support

Center for Child Advocates, that is attached to these objections:

1.      This case involves the sex trafficking of Plaintiff, M.B. at the Roosevelt Inn motel

when she was 14 years-old.

2.      On May 5, 2020, Litigation Solutions LLC, on behalf of Justina L. Byers, Esquire,

counsel for the Roosevelt Defendants, issued a Notice of Intent to Serve a Subpoena to Produce

Documents and Things, directed to "Erin Coltera" and the Support Center for Child Advocates.

See Notice of Intent and Subpoena, collectively attached as Exhibit "A".

3. The proposed Subpoena seeks "*any and all records pertaining and relating to M.B., D.O.B. 9/03/1999 excluding any documents protected by attorney-client privilege.*" See Exhibit "A".

4. Plaintiff filed timely objections asserting that the subpoena is untimely as the discovery deadline in this expired seven (7) months ago and that the subpoena seeks privileged communications and material between M.B. and her attorney.

5. The Court imposed a Discovery deadline of October 7, 2019. The Court's Case Management Deadlines have not been extended beyond that date. See Revised Case Management Order, attached as Exhibit "B".

6. Therefore, the Roosevelt Defendants' Notice of Intent dated May 5, 2020 is untimely, as the Discovery Deadline expired nearly seven (7) months ago and the deadlines were not extended by the Court.

7. Additionally, this case has been in suit for more than three (3) years. It has been known to Defendants that M.B. was represented by legal counsel from the Support Center for Child Advocates in dependency court, specifically Judge Dumas' court for sex trafficking victims, through City of Philadelphia Department of Human Services records that Plaintiff's counsel produced to the Roosevelt Defendants during the initial stage of discovery in this case.

8. The Roosevelt Defendants wrongly suggest that Plaintiff failed to identify Erin Coltera, who was employed by the Support Center for Child Advocates, as one of Plaintiff's therapists.

9. Ms. Coltera is not a therapist, she is a caseworker who was employed by the Support Center for Child Advocates which provides legal representation for dependent child in the Philadelphia Court of Common Pleas – Family Court Division.

10. Ms. Coltera was a caseworker who assisted and was an extension of M.B.'s attorney at the Support Center for Child Advocates. Therefore, any communications between Ms. Coltera and M.B. are privileged. Bousamra v. Excela Health, 167 A.3d 728, 733 (Pa. Sup. Ct. 2017).

11. Therefore, in addition to being untimely, the Roosevelt Defendants seek information that is protected by the attorney-client communication privilege and attorney-work product privilege.

12. Accordingly, Plaintiff objects to the Roosevelt Defendants' proposed Subpoena to obtain records from the Support Center for Child Advocates and Erin Coltera.

13. The Roosevelt Defendants Motion to Strike Plaintiff's Objections should be denied.

14. In the event the Court determines that the Roosevelt Defendants may serve an untimely subpoena on the Support Center for Child Advocates and Erin Coltera, then Plaintiff respectfully requests the opportunity to review the documents first for any privileged material and Plaintiff will produce a privilege log if necessary. In the alternative, Plaintiff requests that the Court conduct an *in camera* review of the material for privileged documents.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter the attached order denying the Roosevelt Defendants' Motion to Strike to Plaintiff's Objection to the Subpoena to Erin Coltera and the Support Center for Child Advocates.

Respectfully submitted,
**KLINE & SPECTER, P.C.**

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Date: __6/12/2020_____

## **VERIFICATION**

I, EMILY B. MARKS, hereby state that I am the attorney for the Plaintiff in this matter and hereby verify that the statements made in the foregoing Plaintiff's Response in Opposition of Defendants Motion to Strike Objections to Subpoena to Erin Coltera and the Support Center for Child Advocates are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff


Dated: __6/12/2020_____

## <u>CERTIFICATE OF SERVICE</u>

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of Plaintiff's Response in Opposition to Defendants Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

_____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Date:     6/12/2020

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of the Motion of
Alpha-Centurion Security, Inc. for Leave to Amend New Matter Crossclaims and the Response
in Opposition thereto filed by Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt
Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company,
LLC and Yagna Patel, it is hereby **ORDERED** and **DECREED** that said Motion for Leave to
Amend is **DENIED.**

**BY THE COURT:**

_____
J.

Case ID: 170300712
Control No.: 20061893

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, | : COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : PHILADELPHIA COUNTY |
| | : CIVIL TRIAL DIVISION |
| Plaintiff, | : |
| | : MARCH TERM, 2017 |
| v. | : NO.: 00712 |
| | : |
| ROOSEVELT INN LLC | : JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |
| ROOSEVELT INN CAFÉ, et al., | : |
| | : |
| Defendants. | : |

## RESPONSE IN OPPOSITION OF DEFENDANTS ROOSEVELT INN LLC, ET AL. TO ALPHA-CENTURION, INC.'S MOTION FOR LEAVE TO AMEND NEW MATTER CROSSCLAIMS TO ALLEGE *"EGREGIOUS SPOLIATION"*

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

("Moving Defendants" or "Roosevelt Defendants"), by their undersigned counsel, hereby file

this Response in Opposition to Alpha-Centurion Security, Inc.'s Motion for Leave to Amend

New Matter Crossclaims to allege *"Egregious"* Spoliation."

2

Case ID: 170300712
Control No.: 20061893

Alpha-Centurion Security, Inc. ("Alpha") seeks to amend its crossclaim not to add a cause of action, but purportedly to "allow the pleadings to reflect more fully the issues in this litigation" and specifically to bolster its endeavor to prove "e*gregious* spoliation" against the Roosevelt Defendants. However, the only thing *egregious* about Alpha's motion is the fact that Alpha, its counsel and its insurance carrier decided to waste the court's time and contravene judicial efficiency with such a ridiculous and clearly retaliatory but baseless application.

Specifically, just a few weeks after the Roosevelt Defendants discovered new evidence in another case, which implicated Alpha for negligence *per se* and negligent hiring and training practices in the instant matter, and moved to amend their crossclaims to include additional causes of action against Alpha, Alpha suddenly filed its own Motion to Amend, seeking to add what it describes as "factual allegations" concerning the Roosevelt Defendants to its cross claim against the Roosevelt Defendants.[1] What Alpha describes as "factual allegations," however, are outrageous claims, many of which have been disproven by discovery in this case or which simply lack any factual support, and all of which are denied.

The most outrageous "fact" that Alpha seeks to add to its crossclaim is its completely unfounded claim that the Roosevelt Defendants deliberately destroyed video evidence of a March 2014 incident, which 1) could never be deemed as an act of "*egregious* spoliation" as Alpha alleges; and 2) is not relevant to the claims in this case or to Alpha's defenses. First, the video footage at issue was in the custody of the Philadelphia Police Department and Philadelphia District Attorneys' Office for 4 ½ years - from the time Roosevelt Inn provided it to the Police Department as part of a police investigation in March 2014 until it was obtained via subpoena in this case in October 2018. There is no evidence that the footage was altered in any way from the

_____

[1] The Court granted the Roosevelt Defendants' Motion to Amend over Alpha's opposition.

3

Case ID: 170300712
Control No.: 20061893

time the Roosevelt Defendants turned it over to the Philadelphia Police in 2014 to when it was produced in this litigation in 2018. If the footage was altered, it would have been done so by the Philadelphia Police – not the Roosevelt Defendants – thus undercutting any allegation of spoliation, "*egregious*" or otherwise, by the Roosevelt Defendants. Moreover, the Roosevelt Defendants provided a copy of the same video footage through discovery in this case on September 14, 2018. See Exhibit A hereto, Roosevelt Inn's Responses to Plaintiff's Interrogatories and Requests for Production, at page 7. Alpha, of course, provides **absolutely no** analysis of the footage provided by the Roosevelt Defendants versus what the Philadelphia District Attorney's Office produced. That sort of necessary analysis could possibly have enabled the Court to consider the validity of Alpha's arguments, and the absence of it only further supports that this Motion is nothing more than a thinly veiled reprisal by Alpha.

Of course, there is a reason why Alpha has not provided any analysis or further support for its application: Alpha failed to follow-up on this newly raised faux issue but not newly discovered video. Specifically, Alpha did not depose any custodian of the video, nor has it produced any evidence that it suspected or investigated alleged spoliation. Yagna Patel, the Roosevelt Inn manager who personally and cooperatively provided the video to the Philadelphia Police Department in March 2014, was deposed over three full days in this case. Alpha had ample opportunity to question Patel about any alleged lapses in the footage, but it failed to do so.

Second, the video is not relevant to this matter for number of reasons, but Alpha, as part of this misleading motion, states that the alleged altered parts of the video may have contained footage that would have shown Alpha, through one of its security guards, properly doing its job at the Roosevelt Inn. However, as Alpha is aware, no Alpha guard was on duty the night that the video footage taken on March 30-31, 2014. And it was not until the following weekend, April 6,

4

Case ID: 170300712
Control No.: 20061893

2014, that, for the first time, Alpha was engaged to have a guard on duty on a Sunday night. In short, even if the footage was altered by someone at some time, there still would not be footage of an Alpha guard at the Roosevelt on the night in question, making the video completely irrelevant to Alpha's crossclaim.

In short, Alpha's instant motion is frivolous, was filed for an improper purpose and lacks any evidentiary or factual support.

The Roosevelt Defendants respond to Alpha's Motion as follows:

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Denied in part and admitted in part. The allegations in this paragraph contain conclusions of law to which no response is required. By way of further response, the Roosevelt Defendants admit that Roosevelt Inn LLC entered into a contract with Alpha-Centurion Security, Inc., which is a written document that speaks for itself.

5.     Denied in part and admitted in part. The allegations in this paragraph contain conclusions of law to which no response is required. By way of further response, the Roosevelt Defendants deny that the specific obligations of the guards on duty were limited to the referenced post orders. Rather, the specific obligations of the guards on duty were set forth in the contract between the Roosevelt Inn LLC and Alpha, the post orders, which were prepared by Alpha after consultation with Roosevelt Inn, and policies and procedures of Alpha, which were set forth in internal employee manuals, post orders and other Alpha documents.

6.     Denied. Alpha assigned security guards to the Roosevelt Inn. Alpha's employees were obligated to act in accordance with the contract between the Roosevelt Inn LLC and Alpha,

Case ID: 170300712
Control No.: 20061893

the post orders, which were prepared by Alpha after consultation with Roosevelt Inn, and policies and procedures of Alpha, which were set forth in employee manuals, post orders and other internal documents of Alpha.

7. Denied. To the contrary, Roosevelt Inn manager Yagna Patel testified that if there was a reason for the guard on duty to view the security camera monitor, the guard would be admitted to the (locked) manager's office where the monitors are located. Exhibit B, July 19, 2018 Patel dep., at 91, line 24-92, line 5; 205, line 9-25.

8. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. By way of further response, the specific obligations of the guards on duty were set forth in the contract between the Roosevelt Inn LLC and Alpha, the post orders, which were prepared by Alpha after consultation with Roosevelt Inn, and policies and procedures of Alpha, which were set forth in employee manuals, post orders and other internal documents of Alpha. Additionally, Alpha's director of operations testified Alpha's operations director Patrick Panetta testified that Alpha guards were obligated to complete incident reports to report disturbances, "anything contrary to the normal operation of the hotel." Exhibit C, deposition transcript of Patrick Panetta, at 108, line 15-22. Panetta testified that the guards were required to do more than walk the halls. Panetta explained that post order #3, which requires the guards to make hourly patrols in the hotel and on the grounds, also required the guards to make sure there were no disturbances, and if the guard saw unusual activity or disturbances, report it to the hotel manager and/or call the police. Exhibit C, Panetta dep., at 108, line 9-24. See also, Exhibit B, July 19, 2018 Patel dep., at 193, line 2-13. Panetta and Roosevelt Inn manager Patel testified that the guards were instructed and expected to monitor the premises and report any unusual or

150213.00601/123557096v.1

criminal activity or disturbances to the hotel staff and/or police.  Exhibit B, July 19, 2018 Patel dep., at 193, line 2-13; Exhibit C, Panetta dep., at 108, line 9-24

9.     Admitted.

10.     Admitted in part and denied in part.  The Roosevelt Defendants admit that the Philadelphia District Attorney's Office produced video footage in response to a subpoena served by Plaintiff, and that the footage was relative to a shooting at the Roosevelt Inn on March 30-31, 2014.  The Roosevelt Defendants have no knowledge or information as to whether the footage provided by the Philadelphia District Attorney's Office was altered or differed in any respect from the video footage the Roosevelt Inn provided to the Philadelphia Police Department in March 2014.

11.     Admitted that Plaintiff provided a flash drive purportedly containing footage obtained from the Philadelphia District Attorney's Office under cover letter dated December 18, 2017.  Moving Defendants are without knowledge as to whether all parties received the production.

12.     Denied.  The Roosevelt Defendants specifically deny that they altered the footage in any way, including removing or destroying portions, or spoliated evidence in any way.  The Roosevelt Defendants are without knowledge as to any alterations made after the video footage was provided to the Philadelphia Police Department in March 2014.

13.     Denied.  The Roosevelt Defendants specifically deny that they altered the footage in any way, including removing or destroying portions or spoliated evidence in any way.   The Roosevelt Defendants are without knowledge as to any lapses in the video tape in the custody of the Philadelphia Police Department or the Philadelphia District Attorney's Office.

14.     Denied.  The Roosevelt Defendants specifically deny that they altered the footage in any way, including removing or destroying portions or spoliated evidence in any way.  The Roosevelt Defendants are without knowledge as to any lapses in the video tape in the custody of the Philadelphia Police Department or Philadelphia District Attorney's Office.

15.     Denied.  The Roosevelt Defendants specifically deny that they altered the footage in any way, including removing or destroying portions or spoliated evidence in any way.  The Roosevelt Defendants are without knowledge as to any lapses in the video tape in the custody of the Philadelphia Police Department or Philadelphia District Attorney's Office.

16.     Denied.  The Roosevelt Defendants specifically deny that they altered the footage in any way, including removing or destroying portions or spoliated evidence in any way.  The Roosevelt Defendants are without knowledge as to any lapses in the video tape in the custody of the Philadelphia Police Department or Philadelphia District Attorney's Office.  By way of further response, the Roosevelt Defendants are without knowledge or information as to the allegations in this paragraph.

17.     Denied.  The Roosevelt Defendants specifically deny that they altered the footage in any way, including removing or destroying portions or spoliated evidence in any way.  The Roosevelt Defendants are without knowledge as to any lapses in the video footage in the custody of the Philadelphia Police Department or Philadelphia District Attorney's Office.  By way of further response, no security guard employee of Alpha was assigned or on the premises of the Roosevelt Inn the night of March 30-31, 2014.   Exhibit B, July 19, 2018 Patel deposition, at 54 (Roosevelt Inn did not request a guard from Alpha for Sunday nights until after the March 30-31, 2014 shooting incident).  Alpha's suggestion that "missing" video footage would have portrayed its security guard is preposterous, and demonstrates the folly of its motion.  Further, the

150213.00601/123557096v.1

Case ID: 170300712
Control No.: 20061893

Roosevelt Defendants deny that any video footage from the Roosevelt Inn depicts "elements of prostitution, or hotel employees observing" or participating in such conduct.

18.     Denied.  The Roosevelt Defendants specifically deny that they altered the footage in any way, including removing or destroying portions or spoliated evidence in any way.  The Roosevelt Defendants are without knowledge as to any lapses in the video tape in the custody of the Philadelphia Police Department or Philadelphia District Attorney's Office.  By way of further response, no security guard employee of Alpha was assigned or on the premises of the Roosevelt Inn the night of March 30-31, 2014.   Alpha's suggestion that "missing" video footage would have portrayed its security guard is preposterous.  Further, The March 30-31, 2014 shooting has no relevance to this litigation or to Alpha's defenses in this matter.

19.     Denied.  The Roosevelt Defendants specifically deny that they altered the footage in any way, including removing or destroying portions or spoliated evidence in any way.  By way of further response, no security guard employee of Alpha was assigned or on the premises of the Roosevelt Inn the night of March 30-31, 2014.  Alpha's suggestion that "missing" video footage would have portrayed its security guard is preposterous.  The March 30-31, 2014 shooting has no relevance to this litigation or to Alpha's defenses in this matter.

20.     Denied.  The Roosevelt Defendants specifically deny that they had knowledge of prostitution activities occurring on the premises of the Roosevelt Inn, and deny that discovery has revealed such knowledge.  To the contrary, witnesses from the Roosevelt Inn have testified uniformly that they had no such knowledge.

21.     Denied.  The Roosevelt Defendants specifically deny that they altered the footage in any way, including removing portions, or spoliated evidence in any way.  The Roosevelt Defendants are without knowledge as to any lapses in the video tape in the custody of the

9

Case ID: 170300712
Control No.: 20061893

Philadelphia Police Department or District Attorney's Office, nor are they aware of any "egregious spoliation." By way of further response, no security guard employee of Alpha was assigned or on the premises of the Roosevelt Inn the night of March 30-31, 2014. Alpha's suggestion that "missing" video footage would have portrayed its security guard is preposterous.

22. Denied. Alpha should not be permitted to amend its crossclaim against the Roosevelt Defendants. The "factual information obtained in discovery" is not factual information at all, but rather, are disputed allegations of wrongdoing, which have been refuted by record evidence, and are unfounded, outrageous accusations of spoliation of evidence. Alpha's proposed amendment is an inappropriate attempt to insert false "facts" into the pleadings. The Roosevelt Defendants deny that such an amendment will not prejudice them as having blatant falsehoods added to the pleadings after the close of discovery is surely prejudicial.

23. Denied. This paragraph contains conclusions of law to which no response is required. By way of further response, the Roosevelt Defendants deny that Alpha's proposed amendment is proper pursuant to Pa. R. Civ. P. 1033 and deny that Alpha's proposed amendment conforms its crossclaims to the evidence offered or admitted.

24. Denied. This paragraph contains conclusions of law to which no response is required.

25. Denied. This paragraph contains conclusions of law to which no response is required.

26. Denied. This paragraph contains conclusions of law to which no response is required.

27. Denied. This paragraph contains conclusions of law to which no response is required.

10

Case ID: 170300712
Control No.: 20061893

28.    Denied.  This paragraph contains conclusions of law to which no response is required.  By way of further response, the Roosevelt Defendants deny that such an amendment will not prejudice them as having blatant falsehoods added to the pleadings after the close of discovery is surely prejudicial.

29.    Denied.  The Roosevelt Defendants deny that Alpha's proposed amendment would more fully reflect any factual information, deny that it is proper pursuant to Pa. R. Civ. P. 1033 and deny that Alpha's proposed amendment conforms its crossclaims to the evidence offered or admitted.  Alpha's proposed amendment is an improper and shameful act of gamesmanship, which should not be permitted.

30.    Deny.  The Roosevelt Defendants deny that they will suffer no prejudice from the proposed amendment.  To the contrary, the Roosevelt Defendants would be severely and unduly prejudiced by the insertion of falsehoods into the pleadings after the close of discovery.  Alpha's proposed amendment is improper pursuant to Pa. R. Civ. P. 1033 and would not conform its crossclaims to evidence offered or admitted.

31.    Denied in part and admitted in part.  The Roosevelt Defendants admit that Alpha does not seek to add causes of action to its crossclaims.  The Roosevelt Defendants deny that the proposed amendment would "allow the pleadings to reflect more fully the issues in this litigation" since the proposed amendment contains disproven "facts" and completely unfounded and outrageous allegations.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel respectfully request that the Court deny Alpha-Centurion Security, Inc.'s Motion for Leave to Amend New Matter Crossclaim.

150213.00601/123557096v.1

Case ID: 170300712
Control No.: 20061893

**BLANK ROME LLP**

Dated: July 15, 2020

*/s/ James J. Quinlan*
Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500/Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

12

Case ID: 170300712
Control No.: 20061893

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTION INN, UFVS MANAGEMENT COMPANY LLC AND YAGNA PATEL'S RESPONSE IN OPPOSITION TO DEFENDANT ALPHA- CENTURION SECURITY, INC.'S MOTION FOR LEAVE TO FILE AMENDED NEW MATTER CROSSCLAIM TO ALLEGE "*EGREGIOUS* SPOLIATION"**

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

("Moving Defendants" or "Roosevelt Defendants"), by their undersigned counsel, file this

13

Case ID: 170300712
Control No.: 20061893

Memorandum of Law in Opposition to Alpha-Centurion Security, Inc.'s Motion for Leave to Amend New Matter Crossclaims to allege "*Egregious* Spoliation."

## I.    <u>FACTUAL BACKGROUND</u>

This action was filed in March 2017 and after several extensions of the case management dates, discovery closed on October 7, 2019. Plaintiff's Fourth Amended Complaint sets forth allegations that she was the victim of sex trafficking for several months in 2014 and that the trafficking took place at three locations, including at the Roosevelt Inn. Plaintiff's Fourth Amended Complaint includes negligence claims against the Roosevelt Defendants and defendant Alpha-Centurion Security, Inc. ("Alpha"), which provided security guard services to the Roosevelt Inn.

The Roosevelt Defendants and Alpha filed crossclaims against each other. The Roosevelt Defendants' crossclaims against Alpha include a breach of contract claim, contractual and common law indemnity and contribution. In April 2020, the Roosevelt Defendants obtained in a separate lawsuit (also involving Alpha) evidence that Alpha violated the Private Detective Act of 1953 by, among other things, knowingly hiring a three time convicted felon. The Roosevelt Defendants subsequently moved for leave of court to amend its crossclaims against Alpha to include claims of negligence *per se* (related to statutory violations) and negligent hiring, training and supervision. The Court granted the Roosevelt Defendants' Motion on July 1, 2020. See Control no. 20060409. Alpha opposed the Roosevelt Defendants' Motion and simultaneously, vengefully filed its own Motion for Leave to Amend New Matter Crossclaims, not to add new causes of action, but rather, Alpha claims, to amend its crossclaims to "more fully reflect factual information" purportedly related to the conduct of the Roosevelt Defendants. The proposed amendment focuses mostly on Alpha's outrageous claim that the Roosevelt Defendants

14

Case ID: 170300712
Control No.: 20061893

destroyed video footage from a shooting incident that occurred at the Roosevelt Inn on March 30-31, 2014 in an act of "egregious spoliation." Alpha's claims are outrageous, frivolous, completely lacking in factual or evidentiary basis and were filed for improper purposes. In short, Alpha's motion is egregious because it contravenes judicial efficiency.

The March 30-31, 2014 shooting incident was the subject of a police investigation. As the Roosevelt Defendants stated in their verified discovery responses about the shooting—and as their witnesses testified in depositions -- they cooperated fully with the Philadelphia Police Department in providing all available surveillance video footage in March 2014. Alpha now claims that this footage, which was in the custody of the Philadelphia Police Department and/or the Philadelphia District Attorney's Office from March 2014 until October 2018 (when it was produced to Plaintiff pursuant to subpoena), has been altered, destroyed or had portions removed. And Alpha outrageously accuses the Roosevelt Defendants of "egregious spoliation." Alpha seeks to insert these absurd and completely unfounded claims into its pleadings in this case through an inappropriate use of Pa. R. Civ. P. 1033. Its motion is nothing more than a vengeful reprisal because the Roosevelt Defendants validly, appropriately and successfully amended their crossclaims against Alpha, and it should be denied.

Alpha offers specious grounds for its proposed motion, suggesting the footage the Roosevelt Defendants allegedly destroyed might portray prostitution activities, of which the Roosevelt Defendants testified they were unaware. Alpha's more absurd suggestion is that the destroyed footage might portray its security guards behaving properly. In fact, as discovery has proven, there were no security guards on duty or on the premises the night of the March 30-31, 2014 shooting. The manager of the Roosevelt Inn, Yagna Patel, testified that the Roosevelt Inn decided *after* the shooting to have an Alpha guard on duty on Sunday nights. Exhibit B, July 19,

Case ID: 170300712
Control No.: 20061893

2018 Patel deposition, at 54. Moreover, there is absolutely no fact or even suggestion in the voluminous record in this case that the Roosevelt Defendants ever altered any surveillance footage. As the Roosevelt Defendants have stated under oath and in verified answers, except for footage provided to police authorities, its surveillance footage has always been routinely preserved for approximately 30 days, and subsequently automatically taped over based on memory capacity. Moreover, the footage relating to the March 30-31, 2014 shooting has no relevance to the allegations or crossclaims against Alpha or Alpha's defenses (since no Alpha guard was on duty that night).

Alpha's obtained the video at issue 18 months ago when it was produced by the District Attorney's Office to Plaintiff and thereafter produced by Plaintiff. In addition, the Roosevelt Defendants produced footage of the March 30-31, 2014 shooting incident to all parties in this litigation in September 2018. See Exhibit A. Alpha did not depose any custodian of the video or conduct any discovery as to the integrity of the footage despite ample opportunity. Roosevelt Inn manager Patel was deposed for three full days, but Alpha never questioned him or other Roosevelt witnesses as to purported lapses in the video. Alpha's efforts to insert unfounded accusations of spoliation against the Roosevelt Defendants at this point, eight months after the close of discovery, and 18 months after it received the allegedly altered video is a blatant ploy to harass the Roosevelt Defendants in the wake of their efforts to assert legitimate crossclaims against Alpha. Alpha's obvious misuse of the legal process and this court's procedures should not be permitted.

## II.   <u>LEGAL ARGUMENT</u>

Rule 1033 of the Pennsylvania Rule of Civil Procedure permits a party to amend its pleadings for certain purposes. The rule states:

<div align="center">16</div>

Case ID: 170300712
Control No.: 20061893

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend [his] the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa. R. Civ. P. 1033.

Alpha's Motion to Amend does not seek to add a separate count of spoliation, nor could it since Pennsylvania does not recognize such a cause of action. *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011). Rather, Alpha purports to offer its amended pleading to "more fully reflect factual information," or pursuant to Rule 1033, "conform its crossclaims to the evidence offered or admitted." As discussed above, Alpha's proposed amendment, made in an obvious effort to retaliate against the Roosevelt Defendants for their legitimate amended crossclaims, is an improper use of Rule 1033 and should not be permitted.

## III.   **CONCLUSION**

Alpha-Centurion Security, Inc.'s Motion for Leave to Amend its Crossclaims to add allegations of "*egregious* spoliation" against the Roosevelt Defendants is nothing more than an attempted reprisal for the Roosevelt Defendants' recent valid amendment to their own crossclaims. Alpha's Motion is an improper use of Rule 1033 and should be denied.

17

Case ID: 170300712
Control No.: 20061893

**BLANK ROME LLP**

Dated:  July 15, 2020

*/s/ James J. Quinlan*
Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.:  76773
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500/Fax:  (215) 569-5555
Email:  palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

18

Case ID: 170300712
Control No.: 20061893

## CERTIFICATE OF SERVICE

I, Justina L. Byers, hereby certify that, on this 15th day of July 2020, I caused to be served true and correct copies of the foregoing Response in Opposition to Alpha-Centurion Security, Inc.'s Motion for Leave to Amend New Matter Crossclaims to Allege *"Egregious Spoliation"* to be served via the Court's E-Filing system and/or other electronic mail, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
USP Terre Haute
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

19

Case ID: 170300712
Control No.: 20061893

And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ *Justina L. Byers*
JUSTINA L. BYERS

150213.00601/123557096v.1

Case ID: 170300712
Control No.: 20061893

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

### <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2020, upon consideration of the Motion of

Defendant, Alpha-Centurion Security, Inc., to Amend its Cross-Claims against Roosevelt Inn

LLC d/b/a Roosevelt Inn and Roosevelt Inn Café; Roosevelt Motor Inn, Inc. d/b/a Roosevelt

Motor Inn; UFVS Management Company, LLC; and Yagna Patel, and any Response thereto, it is

hereby **ORDERED** and **DECREED** that Alpha-Centurion's Motion is **GRANTED**.

Defendant, Alpha-Centurion, may file its Answer to Plaintiff's Fourth Amended

Complaint with New Matter and Amended Cross-Claims for the purpose of supplementing its

Cross-Claims against the Roosevelt Inn Defendants within ten (10) days of the date of this Order.

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 20061893

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:     Thomas P. Wagner, Esquire
Identification No.:     27145
BY:     Robert W. Stanko, Esquire                    Attorneys for Defendant,
Identification No.     208830                         Alpha-Centurion Security, Inc.
BY:     Melanie J. Foreman, Esquire
Identification No.:     317951
2000 Market Street, Suite 2300
Philadelphia PA 19103
(215) 575-2600

---

| | |
|---|---|
| M.B. | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| Plaintiff | : |
| | : |
| v. | : |
| | : MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : |
| *d/b/a ROOSEVELT INN and* | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | : |
| *d/b/a ROOSEVELT MOTOR INN* and | : NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | : |
| | : |
| Defendants | : <u>JURY TRIAL DEMANDED</u> |

---

### <u>SUR REPLY OF DEFENDANT, ALPHA-CENTURION SECURITY, INC.,</u><br><u>IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND NEW MATTER</u><br><u>CROSS-CLAIMS</u>

Pending before the Court is the Motion for Leave of Defendant, Alpha-Centurion

Security, Inc., to Amend its New Matter Cross-Claims against Defendants, Roosevelt Inn LLC

d/b/a Roosevelt Inn and Roosevelt Inn Café; Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor

Inn; UFVS Management Company, LLC; and Yagna Patel (hereinafter, "the Roosevelt

Defendants"). On July 15, 2020, the Roosevelt Defendants filed an opposition to Alpha-

Centurion's Motion, and Alpha-Centurion now submits the instant Sur Reply in response.

Importantly, on July 1, 2020, this Honorable Court granted leave of Court to the Roosevelt Defendants to file amended New Matter Crossclaims against Alpha-Centurion. The Roosevelt Defendants sought leave based upon what they contended in their Motion was newly discovered evidence regarding an Alpha-Centurion security guard who worked at the Roosevelt Inn in at certain times in 2014. Alpha-Centurion opposed the Motion on the basis that the information the Roosevelt Defendants referenced was not new information. The Court nevertheless granted the Roosevelt Defendants leave and Alpha-Centurion seeks the same relief here.

The Roosevelt Defendants now challenge Alpha-Centurion's request for leave, going so far as to assert that "Alpha, its counsel and its insurance carrier decided to waste the court's time and contravene judicial efficiency with such a ridiculous and clearly retaliatory but baseless application." Alpha-Centurion takes exception to such caustic assertions, especially in light of the fact that the Roosevelt Defendants fail to provide any substantive explanation for the altered video footage and instead claim only that it is irrelevant.

The Roosevelt Defendants argue that the video is irrelevant because "no Alpha guard was on duty the night that the video footage (sic) taken on March 30-31, 2014." Roosevelt Defendants' Response, at p. 2. More specifically, the Roosevelt Defendants contend "even if the footage was altered by someone at some time, there still would not be footage of an Alpha guard at the Roosevelt on the night in question, making the video completely irrelevant to Alpha's crossclaim." Roosevelt Defendants' Response, at p. 5. Such an argument is absurd. Not only does it summarily dismiss the potential spoliation of evidence, it assumes the only surveillance footage that would be relevant is surveillance footage recorded while an Alpha guard was present. It therefore bears repeating that an Alpha guard was only on the premises at the time for

Case ID: 170300712
Control No.: 20061893

eight hours, two times per week. To label any footage recorded beyond that as irrelevant is non-sensical.

What went on at the hotel when Alpha-Centurion was *not* on the premises is directly relevant to Alpha-Centurion's defenses to Plaintiff's claims and its crossclaims against the Roosevelt Defendants. The Roosevelt Defendants claim no knowledge of prostitution activity at the subject property and it is entirely possible that the missing footage undermined that assertion. Indeed, it is entirely possible that the deleted portions of the video showed the prevalence of prostitution activity at the hotel, or hotel employees acquiescing to or expressly permitting it. Such evidence would bolster Alpha-Centurion's defenses considerably and undermine those of the Roosevelt Defendants.

It is also worth noting that the Roosevelt Defendants' opposition contains curious inconsistencies regarding the alteration of the video footage. For instance, the Roosevelt Defendants deny they altered the footage in any way, yet they specifically state that "[t]here is no evidence that the footage was altered in any way *from the time the Roosevelt defendants turned it over to the Philadelphia Police in 2014 to when it was produced in this litigation in 2018*." Roosevelt Defendants' Response, at pp. 3-4. Regardless of who altered the video or when it was altered, the fact remains that it was not Alpha-Centurion. It is undisputed that Alpha-Centurion had no access to the security cameras or video footage at any time.

Setting aside the caustic tone and vitriolic accusations set forth in their response, the Roosevelt Defendants offer no substantive reason as to why Alpha-Centurion should be denied the same opportunity afforded to the Roosevelt Defendants. Moreover, the Roosevelt Defendants' response is completely devoid of any explanation for the altered security footage

Case ID: 170300712
Control No.: 20061893

produced in connection with this litigation. Under such circumstances, Alpha-Centurion should

not be prejudiced in its ability to supplement its crossclaims against the Roosevelt Defendants.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:_____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated: July 24, 2020

4

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Sur Reply in Further Support for Motion for Leave to Amend of Defendant, Alpha-Centurion Security, Inc., was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a
Roosevelt Inn and Roosevelt Inn Café,
Roosevelt Motor Inn, Inc. d/b/a Roosevelt
Motor Inn, UFVS Management Company,
LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:_____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: July 24, 2020
LEGAL/131545569.v1

M.B.

                         Plaintiff

            v.

ROOSEVELT INN LLC
*d/b/a ROOSEVELT INN and
ROOSEVELT INN CAFE* and
ROOSEVELT MOTOR INN
*d/b/a ROOSEVELT MOTOR INN* and
UFVS MANAGEMENT COMPANY, LLC
and YAGNA PATEL and
ALPHA-CENTURION SECURITY, INC.

                         Defendants

:  PHILADELPHIA COUNTY
:  COURT OF COMMON PLEAS
:
:
:
:  MARCH TERM, 2017
:
:
:
:  NO. 00712
:
:
:
:
:  <u>JURY TRIAL DEMANDED</u>

## ORDER

**AND NOW**, this _30_ day of _July_ 2020, upon consideration of the Motion of

Defendant, Alpha-Centurion Security, Inc., to Amend its Cross-Claims against Roosevelt Inn

LLC d/b/a Roosevelt Inn and Roosevelt Inn Café; Roosevelt Motor Inn, Inc. d/b/a Roosevelt

Motor Inn; UFVS Management Company, LLC; and Yagna Patel, and any Response thereto, it is

hereby **ORDERED** and **DECREED** that Alpha-Centurion's Motion is **GRANTED**.

      Defendant, Alpha-Centurion, may file its Answer to Plaintiff's Fourth Amended

Complaint with New Matter and Amended Cross-Claims for the purpose of supplementing its

Cross-Claims against the Roosevelt Inn Defendants within ten (10) days of the date of this Order

_is docketed_ .

                        **BY THE COURT:**

                        _____ J.

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) N. ERICKSON 08/04/2020

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff M.B.



Filed and Attested by the Office of Judicial Records 04 AUG 2020 01:00 pm S. RICE

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>PLAINTIFF'S REPLY TO NEW MATTER OF DEFENDANTS ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL IN THEIR ANSWER AND *AMENDED* NEW MATTER CROSS CLAIMS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT</u>

Plaintiff M.B., by and through counsel, Kline & Specter, P.C., hereby replies to New Matter of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel (collectively "Defendants" or "the Roosevelt Inn Defendants") in their Answer and *Amended* New Matter Cross Claims to Plaintiff's Fourth Amended Complaint as follows:

94.   This is an incorporation paragraph to which no response is required.

95.   Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

96.   Denied.  This paragraph is a conclusion of law to which no response is required.

To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

97.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

98.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

99.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

100.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

101.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

102.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

103.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

Case ID: 170300712

104.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

105.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

106.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

107.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

108.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

109.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

110.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

Case ID: 170300712

111.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

112.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

113.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

114.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

115.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

116.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.

117.    Denied.  This paragraph is a conclusion of law to which no response is required. By way of further response, see Plaintiff's 4th Amended Complaint which is a document and speaks for itself regarding Plaintiff's claims.

Case ID: 170300712

118.     Denied.  This paragraph is a conclusion of law to which no response is required. By way of further response, see Plaintiff's 4th Amended Complaint which is a document and speaks for itself regarding Plaintiff's claims.

119.     Denied.  This paragraph is a conclusion of law to which no response is required. Any defenses not specifically presented, per Pa. R.C.P. 1032(a), have been waived.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against the Roosevelt Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C**

BY:  _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

Case ID: 170300712

## VERIFICATION

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff in this matter and hereby verify that the statements made in the foregoing ***Plaintiff's Reply to New Matter of Defendants, Roosevelt Inn, LLC and Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc. and UFVS Management Company in their Answer and Amended New Matter Cross Claims to Plaintiff's Fourth Amended Complaint*** are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Date: August 4, 2020

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that service of a true and correct copy of the above *Plaintiff's Reply to New Matter of Defendants, Roosevelt Inn, LLC and Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc. and UFVS Management Company in their Answer and Amended New Matter Cross Claims to Plaintiff's Fourth Amended Complaint* was filed with the Court on August 4, 2020 and served by electronic mail to the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By regular mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

By: _____
    **EMILY B. MARKS, ESQUIRE**
    *Attorney for Plaintiff*

Dated: August 4, 2020

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY: Thomas P. Wagner, Esquire
Identification No.: 27145
BY: Robert W. Stanko, Esquire
Identification No. 208830
BY: Melanie J. Foreman, Esquire
Identification No.: 317951
2000 Market Street, Suite 2300
Philadelphia PA 19103
(215) 575-2600


Filed and Attested by the
Office of Judicial Records
04 AUG 2020 09:31 am
M. RUSSO

Attorneys for Defendant,
Alpha-Centurion Security, Inc.

| | | |
|---|---|---|
| M.B. minor by her Guardian, WILLIAM A. CALANDRA, ESQUIRE | : | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| Plaintiff | : | MARCH TERM, 2017 |
| v. | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN and UFVS MANAGEMENT COMPANY, LLC and YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURY SECURITY, INC. | : | NO. 00712 |
| | : | JURY TRIAL DEMANDED |
| Defendants | : | |

## REPLY OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., TO AMENDED NEW MATTER CROSS-CLAIMS OF DEFENDANTS, ROOSEVELT INN, LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL

Defendant, Alpha-Centurion Security, Inc., by and through its attorneys, Marshall

Dennehey Warner Coleman & Goggin, hereby files its Reply to the Amended New Matter

Cross-Claims of Defendants, Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café,

Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and

Yagna Patel (hereinafter collectively referred to as "Roosevelt Inn Defendants") as follows:

1

## ROOSEVELT INN DEFENDANTS V. ALPHA-CENTURION SECURITY, INC.

120.     Alpha-Centurion Security, Inc. incorporates its Answer to Plaintiff's Fourth Amended Complaint, with New Matter and New Matter Cross-Claims as if same were set forth fully at length herein.

121.     Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.  To the extent further response is deemed required, it is specifically denied that Alpha-Centurion Security, Inc. is liable to Plaintiff.

122.     Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.  To the extent further response is deemed required, it is specifically denied that Alpha-Centurion Security, Inc. is jointly and severally liable to Plaintiff and/or liable over to the Roosevelt Inn Defendants for contribution and/or indemnity.

123.     Denied.  The contract is a writing that speaks for itself and the Roosevelt Inn Defendants' characterization thereof is denied.

124.     Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.  To the extent further response is deemed required, the contract is a writing that speaks for itself and the Roosevelt Inn Defendants' characterization thereof is specifically denied.

125.     Denied.  The contract is a writing that speaks for itself and the Roosevelt Inn Defendants' characterization thereof is denied.

126.     Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.  To the extent further response is deemed required, the contract is a writing that speaks for itself and the Roosevelt Inn Defendants' characterization thereof is specifically denied.  It is specifically denied that Alpha-Centurion Security, Inc. is contractually

Case ID: 170300712

obligated to indemnify and defend the Roosevelt Inn Defendants regarding the allegations in Plaintiff's Fourth Amended Complaint. It is further specifically denied that Plaintiff's alleged injuries were caused in any way by Alpha-Centurion Security, Inc. or any of its security officers.

127. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, it is specifically denied that Plaintiff's alleged damages were the result of any acts, omissions, negligence, strict liability, recklessness, and/or carelessness on the part of Alpha-Centurion Security, Inc. It is specifically denied that Alpha-Centurion Security, Inc. was negligent, strictly liable, reckless, and/or careless at any time relevant to Plaintiff's Fourth Amended Complaint.

128. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, it is specifically denied that Alpha-Centurion Security, Inc. is jointly and severally liable to Plaintiff and/or liable over to the Roosevelt Inn Defendants by way of contractual contribution and/or indemnity.

**WHEREFORE**, Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court dismiss the Roosevelt Inn Defendants' Cross-Claims with prejudice and award attorneys' costs and fees to Alpha-Centurion Security, Inc. Alpha-Centurion Security, Inc. also requests further relief as may be appropriate under the circumstances.

## ROOSEVELT INN DEFENDANTS V. ALPHA-CENTURION SECURITY, INC.

## NEGLIGENCE PER SE – PRIVATE INVESTIGATOR ACT OF 1953

129. Alpha-Centurion Security, Inc. incorporates its Answer to Plaintiff's Fourth Amended Complaint, with New Matter and New Matter Cross-Claims, as well as its above responses to the Roosevelt Inn Defendants' Amended Cross-Claims, as if same were set forth fully at length herein.

Case ID: 170300712

130.    Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.  To the extent further response is deemed required, the corresponding allegations are denied.

131.    Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.  To the extent further response is deemed required, the referenced document is a writing which speaks for itself, and the Roosevelt Inn Defendants' characterization thereof is specifically denied.  The remainder of the allegations are also denied.

132.    Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.  To the extent further response is deemed required, it is specifically denied that Alpha-Centurion Security, Inc. was *per se* negligent at any time relevant to Plaintiff's Fourth Amended Complaint.

133.    Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.  To the extent further response is deemed required, it is specifically denied that Plaintiff's alleged damages were the result of any acts, omissions, negligence, and/or *per se* negligence carelessness on the part of Alpha-Centurion Security, Inc. It is specifically denied that Alpha-Centurion Security, Inc. was negligent and/or *per se* negligent at any time relevant to Plaintiff's Fourth Amended Complaint.

**WHEREFORE**, Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court dismiss the Roosevelt Inn Defendants' Amended Cross-Claims with prejudice and award attorneys' costs and fees to Alpha-Centurion Security, Inc. Alpha-Centurion Security, Inc. also requests further relief as may be appropriate under the circumstances.

Case ID: 170300712

## ROOSEVELT INN DEFENDANTS V. ALPHA-CENTURION SECURITY, INC.

## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

134.    Alpha-Centurion Security, Inc. incorporates its Answer to Plaintiff's Fourth Amended Complaint, with New Matter and New Matter Cross-Claims, as well as its above responses to the Roosevelt Inn Defendants' Amended Cross-Claims, as if same were set forth fully at length herein.

135.    Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.  To the extent further response is deemed required, Alpha-Centurion Security, Inc. provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract is a writing that speaks for itself, and the Roosevelt Inn Defendants' characterization thereof is specifically denied.

136.    Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.

137.    Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.

138.    Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.

139.    Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.

140.    Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.

141.    Denied.  The corresponding allegations are denied as conclusions of law to which

Case ID: 170300712

no response is necessary.

142.　Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.  To the extent further response is deemed required, Alpha-Centurion Security, Inc. provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract is a writing that speaks for itself, and the Roosevelt Inn Defendants' characterization thereof is specifically denied.

143.　Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.  To the extent further response is deemed required, it is specifically denied that Plaintiff's alleged damages were the result of any acts, omissions, and/or negligence on the part of Alpha-Centurion Security, Inc. It is specifically denied that Alpha-Centurion Security, Inc. negligently hired, trained, and or supervised its agents and/or employees at any time relevant to Plaintiff's Fourth Amended Complaint.

**WHEREFORE**, Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court dismiss the Roosevelt Inn Defendants' Amended Cross-Claims with prejudice and award attorneys' costs and fees to Alpha-Centurion Security, Inc. Alpha-Centurion Security, Inc. also requests further relief as may be appropriate under the circumstances.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:_____
　　　　　Thomas P. Wagner, Esquire
　　　　　Robert W. Stanko, Esquire
　　　　　Melanie J. Foreman, Esquire
　　　　　Attorneys for Defendant,
　　　　　Alpha-Centurion Security, Inc.

Dated: _August 4, 2020__

6

Case ID: 170300712

## VERIFICATION

Thomas P. Wagner, Esquire, deposes and verifies that the statements made in the foregoing Reply of Defendant, Alpha-Centurion Security, Inc., to the Amended New Matter Cross-Claims of Defendants, Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel, are true to the best of his knowledge, information, and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. Cons. Stat. § 4904 relating to unsworn falsification to authorities.

_____
Thomas P. Wagner, Esquire
Attorney for Defendant, Alpha-Centurion Security, Inc.

Dated:  August 4, 2020__

Case ID: 170300712

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Reply of

Defendant, Alpha-Centurion Security, Inc., to the Amended New Matter Cross-Claims of

Defendants, Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor

Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel, was

served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Daniel E. Oberdick, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a***
***Roosevelt Inn and Roosevelt Inn Café,***
***Roosevelt Motor Inn, Inc. d/b/a Roosevelt***
***Motor Inn, UFVS Management Company,***
***LLC and Yagna Patel***

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY:_____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated:  <u>August 4, 2020__</u>

8

Case ID: 170300712

Thomas P. Wagner, Esquire
Attorney for Defendant,
Alpha-Centurion Security, Inc.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:      27145
BY:    Robert W. Stanko, Esquire                    Attorneys for Defendant,
Identification No.      208830                        Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:      317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff | : | MARCH TERM, 2017 |
| | : | |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT | : | NO. 00712 |
| INN and ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and ALPHA- | : | JURY TRIAL DEMANDED |
| CENTURION SECURITY, INC. d/b/a ALPHA | : | |
| CENTURY SECURITY, INC. | : | |
| | : | |
| Defendants | : | |

---

## ANSWER OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., TO PLAINTIFF'S FOURTH AMENDED COMPLAINT WITH NEW MATTER AND AMENDED NEW MATTER CROSS-CLAIMS

Defendant, Alpha-Centurion Security, Inc. (hereinafter referred to as "Answering

Defendant"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin,

1

hereby files its Answer with New Matter and New Matter Cross-Claims to Plaintiff's Fourth Amended Complaint as follows:

1. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied. Answering Defendant does not dispute that human sex trafficking exists, but Answering Defendant has no involvement in any such activity, and Answering Defendant has no knowledge of any such activity occurring at the Roosevelt Inn as alleged in Plaintiff's Complaint. It is specifically denied that any act or omission on the part of Answering Defendant in any way caused or contributed to the alleged human sex trafficking outlined in Plaintiff's Complaint.

2. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied. Answering Defendant does not dispute that human sex trafficking exits, but Answering Defendant has not involvement in any such activity, and Answering Defendant has no actual or constructive knowledge of any such activity occurring at the Roosevelt Inn as alleged in Plaintiff's Complaint.

3. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, Pennsylvania's human trafficking law is a writing that speaks for itself, and Plaintiff's characterization thereof is denied.

4. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of

2

Case ID: 170300712

the corresponding paragraph and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

5.     Admitted in part and denied in part.  It is admitted only that Plaintiff's name and address do not appear in the Fourth Amended Complaint. The Public Access Policy of the Unified Judicial System of Pennsylvania is a writing that speaks for itself.  As to the remainder of the allegations, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

6.     Denied.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

7.     Denied.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

8.     Denied.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

9.     Denied.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

10.     Denied. It is specifically denied that Answering Defendant is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.  It is specifically denied that Answering Defendant provided security services at the Roosevelt Inn at all times

Case ID: 170300712

material to the allegations contained in Plaintiff's Fourth Amended Complaint. Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A.

11.     Admitted in part and denied in part.  It is admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied.

12.     Admitted in part and denied in part.  It is admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract is a writing that speaks for itself and Plaintiff's characterization thereof is specifically denied. The remaining averments contained in the corresponding paragraph are denied.

13.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

14.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

15.     Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.  To the extent further response is deemed required, the corresponding allegations are denied.

Case ID: 170300712

16. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

17. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, the corresponding allegations are denied.

18. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

19. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, it is specifically denied that Answering Defendant and/or its actual or apparent agents, servants and/or employees had any knowledge of human sex trafficking at the Roosevelt Inn or in any way caused, permitted, or failed to prevent human sex trafficking at the Roosevelt Inn.

**OPERATIVE FACTS**

20. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

21. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

Case ID: 170300712

22.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

23.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

24.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

25.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

26.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

27.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without

Case ID: 170300712

knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

28.     Admitted only that Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, the content of which speaks for itself and Plaintiff's characterization thereof is specifically denied.   *See* Ex. A. The remaining averments contained in the corresponding paragraph are denied.

29.     Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.   To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

30.     Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.   To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

31.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary.  To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

32.     Denied.  The corresponding allegations are denied as conclusions of law to which no response is necessary.   To the extent further response is deemed required, Answering

7

Case ID: 170300712

Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

33. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

34. Denied. The corresponding allegations are denied as conclusions of law to which no response is necessary. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

35. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

36. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are denied.

37. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a

Case ID: 170300712

response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

38.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the corresponding allegations are denied.

39.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

40.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

41.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

42.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

43.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

Case ID: 170300712

44.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

45.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

46.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

47.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

48.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

49.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

50.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

Case ID: 170300712

51. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

52. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

53. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

54. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

55. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

56. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

57. Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary. To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

Case ID: 170300712

58.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary.  To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

59.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary.  To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

60.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are specifically denied.

61.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are specifically denied.

62.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are specifically denied.

63.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary.  To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without

Case ID: 170300712

knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

64.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary.  To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

65.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent a response is deemed required, the corresponding allegations are denied.  It is specifically denied that Answering Defendant individually and/or by its actual or apparent agents, servants, and/or employees, was negligent at any time relevant to Plaintiff's allegations.

66.     Denied. The allegations contained in the corresponding paragraph are directed to parties other than Answering Defendant, and therefore no response is necessary.  To the extent a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied and strict proof thereof is demanded at trial.

67.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no response is necessary. To the extent further answer is deemed required, the corresponding allegations are denied.  It is specifically denied that Answering Defendant individually and/or by its actual or apparent agents, servants, and/or employees, acted negligently, outrageously, and/or in reckless disregard for the health and welfare of Plaintiff.  It is specifically denied that punitive damages are warranted.

Case ID: 170300712

## COUNT I – NEGLIGENCE

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

68.     Answering Defendant incorporates its Answers to paragraphs 1 through 67 above as if same were set forth fully at length herein.

69. - 77. The allegations contained in paragraphs 69 through 77 are addressed to parties other than Answering Defendant, and therefore no response is required. To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Fourth Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

## COUNT II – NEGLIGENCE

### M.B. v. ALPHA-CENTURION SECURITY, INC.

78.     Answering Defendant incorporates its Answers to paragraphs 1 through 77 above as if same were set forth fully at length herein.

79.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

Case ID: 170300712

80.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, the corresponding allegations are denied.

81.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further response is deemed required, Answering Defendant provided certain services at certain times in the past to the Roosevelt Inn pursuant to a contract, a copy of which is attached hereto as Exhibit A. The contract speaks for itself and Plaintiff's characterization thereof is specifically denied.

82.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, the corresponding allegations are denied.

83.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, the corresponding allegations are denied.

84.     Denied. The averments contained in the corresponding paragraph and subparagraphs (a) through (x) are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant, individually and/or by and through its actual or apparent agents, officers, servants and/or employees, was negligent at any time relevant to Plaintiff's allegations set forth in the Fourth Amended Complaint. The remainder of the allegations in the corresponding paragraph and subparagraphs (a) through (x) are also denied.

85.     Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed

Case ID: 170300712

required, it is specifically denied that Answering Defendant was negligent at any time relevant to Plaintiff's allegations set forth in the Fourth Amended Complaint. As to the remainder of the corresponding allegations, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, the allegations are denied.

86. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant was negligent at any time relevant to Plaintiff's allegations set forth in the Fourth Amended Complaint. It is specifically denied that Answering Defendant breached any alleged duty to Plaintiff.

87. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant acted outrageously and/or in reckless disregard for the health and welfare of Plaintiff. It is specifically denied that punitive damages are warranted.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Fourth Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

88. Answering Defendant incorporates its Answers to paragraphs 1 through 87 above as if same were set forth fully at length herein.

Case ID: 170300712

89. - 90. The allegations contained in paragraphs 89 through 90 are addressed to parties other than Answering Defendant, and therefore no response is required. To the extent further answer is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the corresponding paragraph and, therefore, the allegations are denied.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Fourth Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

91. Answering Defendant incorporates its Answers to paragraphs 1 through 90 above as if same were set forth fully at length herein.

92. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed required, it is specifically denied that Answering Defendant, individually and/or by its actual or apparent agents, servants, and/or employees, was negligent at any time relevant to Plaintiff's allegations set forth in the Fourth Amended Complaint. It is specifically denied that any acts or omissions on the part of Answering Defendant in any way caused or contributed to Plaintiff's alleged injuries.

93. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent further answer is deemed

Case ID: 170300712

required, it is specifically denied that Answering Defendant acted outrageously and/or in reckless disregard for the health and welfare of Plaintiff.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Fourth Amended Complaint with prejudice and award attorneys' costs and fees to Answering Defendant. Answering Defendant also requests further relief as may be appropriate under the circumstances.

### NEW MATTER

94. Answering Defendant incorporates its Answers to paragraphs 1 through 93 above as if same were set forth fully at length herein, and asserts the following New Matter:

95. Plaintiff has failed to state a cause of action upon which relief can be granted.

96. Plaintiff's claims are or may be barred by the statute of limitations.

97. The sole and proximate cause of the alleged incident involved in this case, and any injury, damage or loss allegedly sustained by Plaintiff, if any, was the result of the act, conduct, negligence, recklessness, carelessness, breaches of contract, violation of statue, code regulation or standard, and violation of duties and obligations owed by persons or parties other than Answering Defendant or its agents, servants, workers or employees.

98. Answering Defendant breached no duty to Plaintiff.

99. The property described in Plaintiff's Fourth Amended Complaint was owned, possessed, and/or controlled by an entity other than Answering Defendant over whom Answering Defendant had no control or right of control.

100. The injuries and damages allegedly sustained by Plaintiff were caused by an intervening cause and/or superseding cause and, therefore, Plaintiff may not recover against Answering Defendant.

Case ID: 170300712

101. Plaintiff's claims are barred, limited, or reduced by virtue of the fact that Answering Defendant cannot be held liable for the criminal acts of third parties.

102. If it is determined that Answering Defendant is liable along with any other Defendant or Third Party Defendant, Answering Defendant's respective liabilities shall be determined in accordance with the provisions of 42 Pa. C.S.A. § 7102.

103. Answering Defendant denies that it proximately caused each and every type of injury and/or damages set forth in Plaintiff's Fourth Amended Complaint.

104. Answering Defendant at all relevant times acted lawfully, prudently and reasonably and in the exercise of good faith.

105. The conduct attributed to Answering Defendant, which has been denied, did not cause or contribute to the injuries and damages in the Fourth Amended Complaint, and the injuries and damages described in the Fourth Amended Complaint were not foreseeable to Answering Defendant.

106. Answering Defendant had no notice, actual or constructive, of criminal activity of the kind allegedly perpetrated against Plaintiff.

107. Answering Defendant's alleged conduct was not the legal cause of any harm to Plaintiff.

108. No conduct, action, inaction, or omissions on the part of Answering Defendant caused or contributed to Plaintiff's injuries or damages, if any.

109. Answering Defendant was not negligent, careless and/or reckless at any time relevant to Plaintiff's allegations.

110. Any acts or omissions of Answering Defendant were not substantial causes of and did not result in the injury and/or damages set forth in Plaintiff's Fourth Amended Complaint.

Case ID: 170300712

111.    Answering Defendant denies that it had knowledge, constructive knowledge and/or general awareness that Plaintiff, if proven, was being sexually exploited and/or subjected to involuntary servitude.

112.    Answering Defendant denies that it knowingly benefitted financially from the commercial sex acts and/or or involuntary servitude, if any, committed at the Roosevelt Inn.

113.    Answering Defendant denies that it knowingly marketed or provided its services to any other Defendant or Third Party Defendant that recruited, profited from or maintained Plaintiff in any sex trade act and/or involuntary servitude.

114.    Answering Defendant denies that it supervised or exercised control, or had right of control over any other Defendant or Third Party Defendant that recruited, profited from or maintained Plaintiff in any sex trade act and/or involuntary servitude.

115.    Any award of punitive damages would be unjustified under the facts of this case, and would also violate the Pennsylvania Constitution and the United States Constitution.

116.    Answering Defendant denies that it is liable pursuant to the Gist of the Action Doctrine.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against Plaintiff together with attorneys' fees, costs, interest and for such other relief as the Court may deem just and proper.

## AMENDED NEW MATTER CROSS-CLAIM PURSUANT TO PA.R.C.P. 1031.1

### ALPHA-CENTURION SECURITY, INC. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

117.    Answering Defendant incorporates its Answer to Plaintiff's Fourth Amended Complaint and New Matter  above as if same were set forth fully at length herein, and asserts the following Cross-Claims:

Case ID: 170300712

118.     Answering Defendant specifically denies that it bears any liability to Plaintiff for the allegations and circumstances set forth in Plaintiff's Fourth Amended Complaint.  If Plaintiff sustained injuries and damages as alleged, which allegations are herein expressly denied, then said injuries and damages were caused by the actions, omissions, spoliation, negligence, carelessness and/or recklessness, and other liability producing conduct on the part of the other named Defendants in this action, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, and were caused in no manner whatsoever by Answering Defendant.

119.     At all times relevant to Plaintiff's Fourth Amended Complaint, Alpha-Centurion Security, Inc. provided one unarmed security guard at the Roosevelt Inn, two to three nights per week.

120.     At all times relevant to Plaintiff's Fourth Amended Complaint, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and their respective employees, workmen, representatives, and agents had access to the interior of hotel rooms, while similar access was denied to Answering Defendant and its employees.

121.     At all times relevant to Plaintiff's Fourth Amended Complaint, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and their respective employees, workmen, representatives, and agents were aware that prostitution activities were occurring at the Roosevelt Inn, and did nothing to discourage or prevent these activities.

122.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel were aware of prostitution activities when it first contracted

Case ID: 170300712

with Answering Defendant, and at all times thereafter. Yet, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel did nothing to warn Answering Defendant or to request a higher level of security.

123.    At all times relevant to Plaintiff's Fourth Amended Complaint, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel were in possession of and had access to security cameras and security footage at the Roosevelt Inn, and specifically disallowed Answering Defendant and its employees from accessing, monitoring, and/or viewing said cameras and footage.

124.    At all times relevant to Plaintiff's Fourth Amended Complaint, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel failed to preserve and/or intentionally destroyed security footage from the Roosevelt Inn. Said spoliation is evident, for example, in missing footage from March 30, 2014.

125.    Should Plaintiff succeed in her claim against Answering Defendant, Answering Defendant will have sustained damages which were proximately caused by the aforementioned spoliation of evidence by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel for the amount Answering Defendant has to pay to satisfy this claim, as well as the reasonable attorneys fees and costs expended in defending this claim.

126.    In preservation of its prior denials of Plaintiff's Fourth Amended Complaint, Answering Defendant avers that if Plaintiff sustained injuries and damages as alleged, which allegations are herein expressly denied, then the other named Defendants in this action, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, are alone liable to Plaintiff, jointly and/or severally liable to Plaintiff, and/or liable over to

Case ID: 170300712

Answering Defendant by way of contractual and/or common law contribution and indemnification, together with interest, costs, and attorneys' fees.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against all other parties together with attorneys' fees, costs, interest, sanctions for spoliation, and for such other relief as the Court may deem just and proper.

## NEW MATTER CROSS-CLAIM PURSUANT TO PA.R.C.P. 1031.1

## ALPHA-CENTURION SECURITY, INC. v. DAIQUAN DAVIS AND ABDUL LOPEZ

127.    Answering Defendant incorporates its Answer to Plaintiff's Fourth Amended Complaint and New Matter above as if same were set forth fully at length herein, and asserts the following Cross-Claims:

128.    Answering Defendant specifically denies that it bears any liability to Plaintiff for the allegations and circumstances set forth in Plaintiff's Fourth Amended Complaint. If Plaintiff sustained injuries and damages as alleged, which allegations are herein expressly denied, then said injuries and damages were caused by the actions, omissions, negligence, carelessness and/or recklessness, and other liability producing conduct on the part of Additional Defendants Daiquan Davis and/or Abdul Lopez, and were caused in no manner whatsoever by Answering Defendant.

129.    In preservation of its prior denials of Plaintiff's Fourth Amended Complaint, Answering Defendant avers that if Plaintiff sustained injuries and damages as alleged, which allegations are herein expressly denied, then Additional Defendants Daiquan Davis and/or Abdul Lopez are alone liable to Plaintiff, jointly and/or severally liable to Plaintiff, and/or liable over to Answering Defendant by way of common law contribution and indemnification, together with interest, costs, and attorneys' fees.

23

Case ID: 170300712

WHEREFORE, Answering Defendant demands judgment in its favor and against all other parties together with attorneys' fees, costs, interest and for such other relief as the Court may deem just and proper.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: August 7, 2020

24

## <u>VERIFICATION</u>

Joanna Small, being duly sworn according to law, deposes and verifies that the statements made in the foregoing Answer of Defendant, Alpha-Centurion Security, Inc., to Plaintiff's Fourth Amended Complaint with New Matter and Amended New Matter Cross-Claims are true to the best of her knowledge, information, and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. Cons. Stat. § 4904 relating to unsworn falsification to authorities.

_Joanna Small_
Joanna Small

Date: _8/7/20_

LEGAL/131787916.v1

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Answer of

Defendant, Alpha-Centurion Security, Inc., to Plaintiff's Fourth Amended Complaint with New

Matter and Amended New Matter Cross-Claims was served by electronic filing to all parties

listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for Plaintiff***

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Daniel E. Oberdick, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a***
***Roosevelt Inn and Roosevelt Inn Café,***
***Roosevelt Motor Inn, Inc. d/b/a Roosevelt***
***Motor Inn, UFVS Management Company,***
***LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN  47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated:  August 7, 2020

LEGAL/130812194.v1

Case ID: 170300712

(b)   a detailed privilege log stating how many total pages that the plaintiff obtained, and a description of each document withheld based on privilege (including a page count for each such document).

**BY THE COURT:**

**SHELLEY ROBINS NEW, J.**
**Team Leader 2017**

Case No. 1703-0712
Control No. 2006D339

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
    quinlan@blankrome.com
    byers@blankrome.com

*Filed and Attested by the Office of Judicial Records 06 AUG 2020 08:04 pm S. SILIGRINI*

*Attorneys for Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*

|  |  |  |
|---|---|---|
| M.B | : | COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY |
|  | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : |  |
|  | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
|  | : |  |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| d/b/a ROOSEVELT INN and | : |  |
| ROOSEVELT INN CAFÉ, et al., | : |  |
|  | : |  |
|  | : |  |
| _____ | : |  |

### DEFENDANTS ROOSEVELT INN LLC, ET AL.'S
### ANSWER TO ALPHA-CENTURION SECURITY,
### INC.'S AMENDED CROSSCLAIMS

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

("Answering Defendants"), by their undersigned counsel, hereby file this Answer to Defendant

Alpha-Centurion Security, Inc.'s New Matter Crossclaims as follows:

117.    Denied.  This is an incorporation paragraph to which no response is required.  To

the extent a response is required, Answering Defendants incorporate by reference their Answer

Case ID: 170300712

to Plaintiff's Fourth Amended Complaint with New Matter and Amended New Matter Crossclaims as if fully set forth herein.

118. Denied. It is specifically denied that Answering Defendants were negligent, careless and/or reckless at any time material hereto. By way of further response, the averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied, and strict proof thereof is demanded at trial.

119. Admitted.

120. Denied in part and admitted in part. Answering Defendants admit that its employees had access to interior of hotel rooms in order to perform their duties and responsibilities. It is denied that Alpha-Centurion Security, Inc. was denied access to the rooms. Rather, Answering Defendants directed that Alpha-Centurion Security, Inc. employees should enter hotel rooms only when accompanied by a hotel staff member.

121. Denied. Answering Defendants deny that they and their respective employees, workmen, representatives, and agents were aware that prostitution activities were occurring at the Roosevelt Inn and deny that they did nothing to discourage or prevent these activities.

122. Denied. Answering Defendants deny that they and their respective employees, workmen, representatives, and agents were aware that prostitution activities were occurring at the Roosevelt Inn. Answering Defendants and representatives from Alpha-Centurion Security, Inc. discussed and collaborated with regard to the number of guards Alpha-Centurion Security, Inc. would provide and the number of nights per week the guards would be present, which increased from two nights per week to three nights per week during the relevant time period.

2

Case ID: 170300712

123. Denied in part and admitted in part. Answering Defendants admit that they were in possession of and had access to security cameras and security footage at the Roosevelt Inn. Answering Defendants deny the remaining allegations in this paragraph.

124. Denied. The averments contained in this is paragraph are conclusions of law to which no response is required. By way of further response, Answering Defendants specifically deny that they failed to preserve and/or intentionally destroyed security footage from the Roosevelt Inn. Further, Answering Defendants specifically deny spoliating evidence in any way and have no information or belief as to "missing footage from March 30, 2014."

125. Denied. The averments contained in this paragraph are conclusions of law to which no response is required. By way further response, Answering Defendants specifically deny that they spoliated evidence in any way, are liable for Plaintiff's alleged damages or liable to Alpha-Centurion Security, Inc.

126. Denied. The averments contained in this paragraph are conclusions of law to which no response is required. By way further response, Answering Defendants specifically deny that they liable to Plaintiff, jointly or severally, or are liable to Alpha-Centurion Security, Inc. by way of contractual and/or common law indemnity or contribution.

127. Denied. The averments contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the averments are denied, and strict proof thereof is demanded at trial.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

3

Case ID: 170300712

## NEW MATTER CROSSCLAIM PURSUANT TO PA.R.C.P. 1031.1 ALPHA-CENTURION SECURITY, INC. V. DAIQUAN DAVIS AND ABDUL LOPEZ

128.  This paragraph is an incorporation paragraph to which no response is required.

129.  Denied.  This paragraph is directed to a party or parties other than Answering Defendants and no response of Answering Defendants is required.

130.  Denied.  This paragraph is directed to a party or parties other than Answering Defendants and no response of Answering Defendants is required.

WHEREFORE, Answering Defendants request judgment in their favor and against all parties together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

**BLANK ROME LLP**

Dated:  August 20, 2020

*/s/ James J. Quinlan*
Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.:  76773
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500/Fax: (215) 569-5555
Email:  palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

4

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Justina L. Byers, hereby certify that, on this 20th day of August 2020, I caused to be served true and correct copies of the foregoing Defendants Roosevelt Inn LLC, et al.'s Answer to Alpha-Centurion Security, Inc.'s Amended Crossclaims to be served via the Court's E-Filing system and/or other electronic mail, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
USP Terre Haute
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

5

Case ID: 170300712

And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ Justina L. Byers
JUSTINA L. BYERS

150213.00601/123718213v.1

Case ID: 170300712

**KLINE & SPECTER, P.C.**
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff M.B.


*Filed and Attested by the
Office of Judicial Records
01 SEP 2020 02:29 pm
S. RICE*

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

### PLAINTIFF'S REPLY TO NEW MATTER OF DEFENDANT ALPHA-CENTURION SECURITY, INC. TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

Plaintiff M.B., by and through counsel, Kline & Specter, P.C., hereby replies to New Matter of Defendant Alpha-Centurion Security, Inc., to Plaintiff's Fourth Amended Complaint as follows:

94.     This is an incorporation paragraph to which no response is required.

95.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

96.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

97.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

98. Denied. This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

99. Denied. This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

100. Denied. This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

101. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

102. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

103. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

104. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

105.  Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

106.  Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

107.  Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

108.  Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

109.  Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

110.  Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

111.  Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

112.  Denied.  This paragraph is a conclusion of law to which no response is required. To the extent that the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

113.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

114.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

115.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

116.     Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C**

*/s/Emily B. Marks*

BY:  _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

**<u>VERIFICATION</u>**

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff in this matter and hereby verify that the statements made in the foregoing *Plaintiff's Reply to New Matter of Defendant Alpha-Centurion Security, Inc., to Plaintiff's Fourth Amended Complaint* are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


*/s/Emily B. Marks*

EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Date: September 1, 2020

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that service of a true and correct copy of the above ***Plaintiff's Reply to New Matter of Defendant Alpha-Centurion Security, Inc., to Plaintiff's Fourth Amended Complaint*** was filed with this Court on September 1, 2020 and served by electronic and regular mail, upon the following parties:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By regular mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

***/s/Emily B. Marks***

By: _____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Dated:  9/1/2020



### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION - CIVIL

| | |
|---|---|
| **B. ETAL** | **March Term 2017** |
| **VS** | **No. 00712** |
| **ROOSEVELT INN LLC ETAL** | |

## SUPPLEMENTAL NOTICE AND ORDER FOR PRE-TRIAL CONFERENCE

Pursuant to the Notice to the Bar published on November 25, 2020, the Court is planning for the resumption of in-person jury trials for matters in the Arbitration Appeal, Major Jury, Mass Tort and Commerce programs. Subject to public health guidance, the Court plans to resume in-person trials starting as of January 21, 2021.

This case was previously scheduled for trial in 2020, which did not occur due to the Covid-19 Judicial Emergency. Please take notice that this case has been listed for a Pretrial Conference using Zoom video conferencing services with the **Honorable Shelley Robins-New** on **Thursday, January 21, 2021**, at **10:45 AM**.

It is mandatory that counsel who attends the Pretrial Conference has verified the availability of all witnesses and experts for trial from April 2021 through September 2021, as well as all trial counsel's scheduled attachments and vacations before attending the Pretrial Conference. Furthermore, all trial dates scheduled will not be rescheduled absent extraordinary or unforeseen circumstances. Questions concerning this Notice/Order should be directed to the appropriate program administrator at the phone number listed at the bottom of this Order.

## IT IS FURTHER ORDERED THAT:

1. A Pretrial Conference will be conducted using Advanced Communication Technology as follows:

Counsel may access the Pretrial Conference at:
https://zoom.us/j/93887487923?pwd=TWZnREZKNzNXK3BRYXo4R21aYlhPZz09.

**Meeting ID:** 938 8748 7923
**Passcode:** Q27f4%BHBr
One tap mobile
+12678310333,,93887487923#,,,,,,0#,,3667877485# US (Philadelphia)
8884754499,,93887487923#,,,,,,0#,,3667877485# US Toll-free

**Dial by your location**
+1 267 831 0333 US (Philadelphia)
888 475 4499 US Toll-free
877 853 5257 US Toll-free
Meeting ID: 938 8748 7923
Passcode: 3667877485

B. Etal Vs Roosevelt Inn Llc Etal-CLLPT



17030071200285

Counsel should anticipate a waiting period before their case is called for the Pretrial Conference. All counsel and participants must follow the Court's "Notice to the Bar" Policies and Protocols for Use of Advanced Communication Technology for Court Proceedings in Civil Matters (available http://www.courts.phila.gov/covid-19). Counsel shall provide a copy of this Notice to the Bar to each participant that they intend to invite to the proceeding.

Any participant who does not have access to Zoom technology may request leave of court to participate by audio only. Any participant joining by audio must email the phone number from which they will access the proceeding to email to Judge Robins-New at **robins-new.virtualcourtroom@courts.phila.gov** no less than one hour in advance of the proceeding.

Counsel and any self-represented party should join the Zoom proceeding at least 10 minutes prior to the start of the proceeding in case there are any technical difficulties. Counsel and any self-represented party are advised that if they are not in the Zoom waiting room at least 10 minutes prior to the start of the proceeding (or they have not otherwise contacted Chambers), they risk having the proceeding start in their absence.

Counsel and all self-represented parties must email Judge Robins-New at **robins-new.virtualcourtroom@courts.phila.gov** and provide cell phone numbers prior to the proceeding in the event of an unexpected technology interruption before or during the Zoom proceeding.

All persons are advised that in the event any person's Zoom visual connection fails, the audio function will continue, and the proceeding will continue as planned. Persons are further advised to participate in the proceeding by calling the toll free number in the event that any person's Zoom technology fails in its entirety.

2. Counsel for the plaintiff(s) / defendant(s) are directed to serve a copy of this Notice/Order on any attorney entering an appearance after the issuance of this Order.

3. Counsel shall submit a new Pretrial Memorandum only if the originally filed Pretrial Memorandum needs to be amended. Any such new Pretrial Memorandum shall be filed no later than seven (7) days in advance of the conference. All counsel shall electronically file with the Court and serve all counsel and/or opposing parties not electronically served by the Court a pre-trial settlement memorandum. To file the Pretrial Memorandum electronically, access the "Existing Case" section of the Court's electronic Filing System. Select "Conference Submissions" as the filing category. Select "Pretrial Memorandum" as the document type. A hard copy of the new Pretrial Memorandum shall be delivered to the Judge's chambers upon request.

4. If all parties agree this matter cannot be tried on or before September 2021, the Court will cancel the pretrial conference, and a mandatory settlement conference will be listed with a trial judge at a later date. Counsel shall notify Judge Robins-New of their agreement by sending an email to **robins-new.virtualcourtroom@courts.phila.gov** no later than 7 days before the Pretrial Conference.

5. Counsel appearing at the Pretrial Conference must be prepared to discuss all issues related to the trial of this matter.

6. Counsel must complete and file the attached Courtroom Occupancy Questionnaire no later than 7 days prior to the Pretrial Conference. Instructions on how and where to file this document appear on the Courtroom Occupancy Questionnaire.

7. At the conclusion of the Pretrial Conference, a Pretrial Order controlling the conduct of the trial may be entered. This Pretrial Order may identify with particularity, the witnesses each party will be permitted to call and the exhibits each party will be permitted to offer into evidence. The Pretrial Order may also set deadlines for the filing of Motions in Limine, Points for Charge, and Proposed Special Interrogatories.

8. At the conclusion of the Pretrial Conference, a trial date or trial month may be given. Counsel must be familiar with the calendars of all participants in their case from April 2021 through September 2021.

9. If this case settles prior to the Pretrial Conference, counsel must immediately electronically file a settlement letter. To file the letter electronically, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Settlement Letter" as the document type.

   This Notice/Order is given under Rule 236.


BY THE COURT:

15-DEC-2020

**ROBINS-NEW, SHELLEY, J.**
*Judicial Team Leader*


Major Jury Program Administrators
2020 – Stephen Harvey – Rm. 535 CH. 215-686-4292
2019 – Felicia Brown – Rm. 237 CH – 215-686-3718
2018 & Back – Chris Forte – Rm. 535 CH – 215-686-3774

# COURTROOM OCCUPANCY QUESTIONNAIRE FOR IN-PERSON JURY TRIALS

Counsel must complete this questionnaire, which will assist the Court in identifying which courtroom(s) can be considered for the resumption of in-person jury trials. The fewer number of persons who are required to be physically present in the courtroom during trials, the more courtrooms will be available for trial assignment. Please note that all witnesses must be physically present in the courtroom to testify or be presented through deposition testimony pursuant to Pa.R.C.P. 4020; no witness may testify remotely via Zoom or any other advanced communication technology.

Counsel shall complete and submit this form no later than 5 days prior to the Pretrial Settlement Conference. The form should be filed as a separate submission via the Court's Electronic Filing System. To electronically file this form, access the "existing case" section in the Court's Electronic Filing System. Select "Conference Submissions" as the filing category. Select "Courtroom Occupancy Form" as the document type.

Counsel must submit this form as it pertains their party/case presentation only. Each party is to submit their own form.

*Case Caption & Case ID: B. ETAL VS ROOSEVELT INN LLC ETAL 170300712*

**SUBMITTING PARTY:**                    **SIGNATURE:**

**COUNSEL ARE TO LIST ALL PERSONS THEY ARE REQUESTING TO BE PHYSICALLY PRESENT IN THE COURTROOM AT THE TIME OF TRIAL.**

Number of Counsel*: _____

Number of Staff/Paralegal(s): _____

Number of Parties/Party Representative(s): _____

Number of Fact and Expert Witnesses**: _____

Number of Experts Required To Observe Other Witnesses : _____

Number of Audio/Visual Technicians***: _____

Number of Adjuster(s): _____

Number of Jurors****: _____

Number of Interpreters****: _____

Additional Information:

*Appropriate safety measures will be taken where social distancing cannot be accommodated (i.e. plexiglass at counsel tables).
**Only one witness will be in the courtroom at any time except expert witnesses specifically permitted by the trial judge to be in the courtroom during another witness's testimony.
***Due to courtroom capacity, counsel are strongly encouraged to share a single audio/visual technician.
****Due to Courtroom capacity, the parties are strongly encouraged to agree to 6 or 8 jurors.
*****Counsel are still required to submit an Interpreter Request form, available on the Court's website, www.courts.phila.gov