# EXHIBIT 9

# Docket Report

**Case Description**

**Case ID:** 170300712
**Case Caption:** B. ETAL VS ROOSEVELT INN LLC ETAL
**Filing Date:** Friday , March 10th, 2017
**Location:** CH - City Hall
**Case Type:** 2O - PERSONAL INJURY - OTHER
**Status:** CLDBR - DEFERRED - BANKRUPTCY

| | | | |
|---|---|---|---|
| 11-FEB-2021 08:31 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | COHEN, DENIS P | 11-FEB-2021 08:31 AM |

**Documents:** ORDER_309.pdf

**Docket Entry:** 87-21020787 UPON CONSIDERATION PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DATED JANUARY 29, 2021 GRANTING NON-PARTY CAPITOL SPECIALTY INSURANCE COMPANY'S ("CSIC") PETITION TO INTERVENE, IT IS HEREBY ORDERED AND DECREED THAT SAID MOTION IS GRANTED. THE COURT'S ORDER DATED JANUARY 29, 2021, AND DOCKETED ON FEBRUARY 3, 2021, IS HEREBY VACATED, AND CSIC'S PETITION TO INTERVENE, FILED ON JANUARY 28, 2021, IS HEREBY REINSTATED. IT IS FURTHER ORDERED THAT ANY OPPOSITION TO CSIC'S PETITION TO INTERVENE SHALL BE FILED WITHIN TWENTY (20) DAYS FROM THE DATE OF THIS ORDER. ... BY THE COURT: COHEN, J. 02/10/21

| | | | |
|---|---|---|---|
| 11-FEB-2021 08:31 AM | ZR236 - NOTICE GIVEN UNDER RULE 236 | | 11-FEB-2021 01:10 PM |

**Docket Entry:** NOTICE GIVEN ON 11-FEB-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 11-FEB-2021.

| | | | |
|---|---|---|---|
| 01-MAR-2021 12:50 PM | MTANS - ANSWER (MOTION/PETITION) FILED | MARKS, EMILY B | 01-MAR-2021 01:08 PM |

**Documents:** Plaintiffs Response and Brief in Opposition to Capital Specialty Insurance Companys Petition to Intervene.pdf
Motion CoverSheet Form

**Docket Entry:** 80-21012680 ANSWER IN OPPOSITION OF PETITION TO INTERVENE FILED. (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| | | | |
|---|---|---|---|
| 04-MAR-2021 03:46 PM | MTMIS - MISCELLANEOUS MOTION/PETITION | BYERS MS., JUSTINA L | 05-MAR-2021 12:22 PM |

**Documents:** Motion for Leave to Take Trial Deposition.pdf
Motion CoverSheet Form

**Docket Entry:** 06-21030606 RESPONSE DATE 03/25/2021. MOTION FOR LEAVE TO TAKE TRIAL DEPOSITION (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN, INC AND ROOSEVELT INN LLC)

| 11-MAR-2021 09:28 AM | JOINM - JOINDER-MOTION/PETITION FILED | STANKO, ROBERT W | 11-MAR-2021 09:36 AM |
|---|---|---|---|

**Documents:** M.B. - Joinder to Motion for Leave to Take the Trial Deposition.pdf
Motion CoverSheet Form

**Docket Entry:** 06-21030606 JOINDER TO MISCELLANEOUS MOTION/PETITION FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY, INC)

| 19-MAR-2021 03:53 PM | MTANS - ANSWER (MOTION/PETITION) FILED | MARKS, EMILY B | 19-MAR-2021 03:58 PM |
|---|---|---|---|

**Documents:** (176) Pltfs Response in Opp to Roosevelt Motion for Leave Davis Dep.pdf
Motion CoverSheet Form

**Docket Entry:** 06-21030606 ANSWER IN OPPOSITION OF MISCELLANEOUS MOTION/PETITION FILED. (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| 29-MAR-2021 03:25 PM | BREFM - MOTION/PETITION BRIEF FILED | BYERS MS., JUSTINA L | 29-MAR-2021 03:28 PM |
|---|---|---|---|

**Documents:** Reply Brief iso Motion for Leave to Take Trial Dep.pdf
Motion CoverSheet Form

**Docket Entry:** 06-21030606 BRIEF IN SUPPORT OF MISCELLANEOUS MOTION/PETITION FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 05-APR-2021 10:04 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | COHEN, DENIS P | 05-APR-2021 10:04 AM |
|---|---|---|---|

**Documents:** ORDER_317.pdf

**Docket Entry:** 06-21030606 UPON CONSIDERATION DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL'S MOTION FOR LEAVE TO TAKE THE TRIAL DEPOSITION OF ADDITIONAL DEFENDANT DAIQUAN DAVIS, WHO IS CONFINED IN THE U.S. PENITENTIARY AT TERRE HAUTE, INDIANA, AND ANY RESPONSE(S) AND JOINDER MOTION(S) THERETO, IT IS HEREBY ORDERED AND DECREED THAT SAID MOTION IS GRANTED. THE PARTIES ARE HEREBY GRANTED LEAVE TO TAKE THE TRIAL DEPOSITION OF MR. DAVIS. IT IS FURTHER ORDERED THAT THE PARTIES MAY TAKE THE VIDEOTAPED TRIAL DEPOSITION OF MR. DAVIS IN-PERSON AT USP TERRE HAUTE. ... BY THE COURT: COHEN, J. 04/05/21

| 06-APR-2021 09:35 AM | BREFM - MOTION/PETITION BRIEF FILED | SALTZMAN, MICHAEL S | 06-APR-2021 03:05 PM |
|---|---|---|---|

**Documents:** Reply Brief in Support of Petition to Intervene (Capital).PDF
Motion CoverSheet Form

**Docket Entry:** 80-21012680 BRIEF IN SUPPORT OF PETITION TO INTERVENE FILED. (FILED ON BEHALF OF CAPITAL SPECIALTY INSURANCE COMPANY)

| 06-MAY-2021 12:34 PM | WTAPO - WITHDRAWAL OF APPEARANCE | PALMER, GRANT S | 06-MAY-2021 12:36 PM |
|---|---|---|---|

**Documents:** [Withdrawal of Appearance for Grant Palmer.pdf](Withdrawal of Appearance for Grant Palmer.pdf)

**Docket Entry:** WITHDRAWAL OF APPEARANCE OF GRANT S. PALMER FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 06-MAY-2021 03:26 PM | MTEXR - MOT-FOR EXTRAORDINARY RELIEF | BYERS MS., JUSTINA L | 06-MAY-2021 03:50 PM |
|---|---|---|---|

**Documents:** [Roosevelt Defts Motion for Extraordinary Relief.pdf](Roosevelt Defts Motion for Extraordinary Relief.pdf)
[Motion CoverSheet Form](Motion CoverSheet Form)

**Docket Entry:** 90-21051090 RESPONSE DATE 05/17/2021. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 10-MAY-2021 11:25 AM | WTAPO - WITHDRAWAL OF APPEARANCE | QUINLAN, JAMES J | 10-MAY-2021 11:26 AM |
|---|---|---|---|

**Documents:** [MB Withdrawal of Appearance-Quinlan.pdf](MB Withdrawal of Appearance-Quinlan.pdf)

**Docket Entry:** WITHDRAWAL OF APPEARANCE OF JAMES J. QUINLAN FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 11-MAY-2021 03:45 PM | MTANS - ANSWER (MOTION/PETITION) FILED | NOCHO, KYLE B | 11-MAY-2021 03:53 PM |
|---|---|---|---|

**Documents:** [Plaintiffs Response in Opposition to Roosevelt Defendants Motion for Extraordinary Relief.pdf](Plaintiffs Response in Opposition to Roosevelt Defendants Motion for Extraordinary Relief.pdf)
[Motion CoverSheet Form](Motion CoverSheet Form)

**Docket Entry:** 90-21051090 ANSWER IN OPPOSITION OF MOT-FOR EXTRAORDINARY RELIEF FILED. (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| 20-MAY-2021 03:11 PM | PTEXD - EXTRAORDINARY RELIEF/DENIED | COHEN, DENIS P | 20-MAY-2021 03:11 PM |
|---|---|---|---|

**Documents:** [PTEXD_331.pdf](PTEXD_331.pdf)

**Docket Entry:** 90-21051090 UPON CONSIDERATION OF DEFENDANTS? MOTION FOR EXTRAORDINARY RELIEF, AND ANY RESPONSE(S) THERETO, IT IS HEREBY ORDERED THAT THE MOTION IS DENIED. ...BY THE COURT: COHEN, J. 05/20/21

| 25-MAY-2021 11:02 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | BUTCHART, ANN | 25-MAY-2021 12:00 AM |
|---|---|---|---|

**Documents:** [ORDER_334.pdf](ORDER_334.pdf)

| **Docket Entry:** | IT IS HEREBY ORDERED THAT THIS MATTER IS SCHEDULED FOR A SETTLEMENT CONFERENCE VIA ZOOM VIDEOCONFERENCE TECHNOLOGY ON THURSDAY, MAY 27, 2021, AT 10:00 A.M. SEE ORDER FOR FURTHER DETAILS. ...BY THE COURT; BUTCHART, J. 5-24-21 | | |

| 25-MAY-2021 11:13 AM | ENAPP - ENTRY OF APPEARANCE | EDDY, KEVIN M | 25-MAY-2021 12:22 PM |

**Documents:** Eddy.pdf

| **Docket Entry:** | ENTRY OF APPEARANCE OF KEVIN M EDDY FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC) |

| 01-JUN-2021 04:14 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 01-JUN-2021 04:18 PM |

**Documents:** 1 Exhibits.pdf
1. REDACTED Pltf MIL Invading the Province of the Jury (Bates, Ziv, and Mehlman-Orozco).pdf
1. UNREDACTED Pltf MIL Invading the Province of the Jury (Bates, Ziv, and Mehlman-Orozco).pdf
Motion CoverSheet Form
Confidential Document Form

| **Docket Entry:** | 97-21060197 MOTION IN LIMINE (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.) |

| 01-JUN-2021 04:19 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 01-JUN-2021 04:21 PM |

**Documents:** 2 Exhibits.pdf
2. REDACTED Pltf MIL Self-Serving Testimony to Bolster Roosevelt Inn.pdf
2. UNREDACTED Pltf MIL Self-Serving Testimony to Bolster Roosevelt Inn.pdf
Motion CoverSheet Form
Confidential Document Form

| **Docket Entry:** | 00-21060200 MOTION IN LIMINE (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.) |

| 01-JUN-2021 04:24 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 01-JUN-2021 04:26 PM |

**Documents:** 3 Exhibit.pdf
3. UNREDACTED Pltf MIL Sex Trafficking Force, Fraud or Coercion.pdf
3. REDACTED Pltf MIL Sex Trafficking Force, Fraud or Coercion.pdf
Motion CoverSheet Form
Confidential Document Form

| **Docket Entry:** | 04-21060204 MOTION IN LIMINE (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.) |

| 01-JUN-2021<br>04:28 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 01-JUN-2021<br>04:30 PM |
|---|---|---|---|

**Documents:** 4 Exhibits.pdf
4. REDACTED Pltf MIL to Preclude Cumulative Opinions.pdf
4. UNREDACTED Pltf MIL to Preclude Cumulative Opinions.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket** 05-21060205 MOTION IN LIMINE (FILED ON BEHALF OF WILLIAM A CALANDRA AND
**Entry:** M. B.)

| 01-JUN-2021<br>04:32 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 01-JUN-2021<br>04:35 PM |
|---|---|---|---|

**Documents:** 5 Exhibit.pdf
5. REDACTED Pltf MIL Unverified and Undated Irrelevant Policies of Other Motels
(Bates).pdf
5. UNREDACTED Pltf MIL Unverified and Undated Irrelevant Policies of Other Motels
(Bates).pdf
Motion CoverSheet Form
Confidential Document Form

**Docket** 08-21060208 MOTION IN LIMINE (FILED ON BEHALF OF WILLIAM A CALANDRA AND
**Entry:** M. B.)

| 01-JUN-2021<br>04:35 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 01-JUN-2021<br>04:36 PM |
|---|---|---|---|

**Documents:** 6 Exhibit.pdf
6. REDACTED Pltfs MIL Preculde No Civil Claim under the PAHTL.pdf
6. UNREDACTED Pltfs MIL Preculde No Civil Claim under the PAHTL.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket** 09-21060209 MOTION IN LIMINE (FILED ON BEHALF OF WILLIAM A CALANDRA AND
**Entry:** M. B.)

| 02-JUN-2021<br>03:34 PM | MTLIM - MOTION IN LIMINE | WAGNER,<br>THOMAS P | 02-JUN-2021<br>03:43 PM |
|---|---|---|---|

**Documents:** MB - Confidential Exhibits to Alpha MIL re Extraneous Criminal Activity.PDF
MB - Alpha MIL re Extraneous Criminal Activity.PDF
Motion CoverSheet Form
Confidential Document Form

**Docket** 47-21060447 MOTION IN LIMINE DEFENDANT'S MOTION AS TO EXTRANEOUS
**Entry:** CRIMINAL ACTIVITY (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

|  |  |
|---|---|
| M.B., | : |
| *Plaintiff,* | : March Term 2017 |
| v. | : |
| | : Case No. 170300712 |
| ROOSEVELT INN LCC d/b/a ROOSEVELT | : |
| INN AND ROOSEVELT CAFE, et al., | : Control No. 21020787 |
| *Defendants.* | : |
| | : |

## ORDER

**AND NOW**, this **10th** day of **February**, **2021**, upon consideration Plaintiff's Motion for Reconsideration of the Court's Order dated January 29, 2021 granting non-party Capitol Specialty Insurance Company's ("CSIC") Petition to Intervene, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**. The Court's Order dated January 29, 2021, and docketed on February 3, 2021, is hereby **VACATED**, and CSIC's Petition to Intervene, filed on January 28, 2021, is hereby reinstated. It is **FURTHER ORDERED** that any opposition to CSIC's Petition to Intervene shall be filed within twenty (20) days from the date of this Order.

**BY THE COURT:**

*Denis P. Cohen*

DENIS P. COHEN, J.

B. Etal Vs Roosevelt In-ORDER

17030071200309

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of

Plaintiff's Response and Memorandum of Law in Opposition to Capital Specialty Insurance

Company's Petition to Intervene (hereinafter "CSIC"), and any response thereto, it is hereby:

**ORDERED** and **DECREED** that CSIC's Petition to Intervene is **DENIED.**

BY THE COURT:

_____
                                        J

**KLINE & SPECTER, P.C.**
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff M.B.

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO CAPITAL SPECIALITY INSURANCE
COMPANY'S PETITION TO INTERVENE</u>**

      Petitioner Capital Specialty Insurance Company (hereinafter "CSIC") is the insurer for

Defendant Alpha-Centurion in this case that involves the sex trafficking of the Plaintiff, when

she was a minor, at the Roosevelt Inn hotel.  CSIC does not even dignify the parties in this case

or the Court with any specificity on how it wants to intervene in this case.  CSIC merely argues

that it wants to submit "jury charges, interrogatories to jurors and/or jury verdict forms" however

no jury charges, interrogatories or verdict forms are attached to its Petition.  CSIC's Petition has

no limitation and it is evident CSIC now wants unfettered access in this case, that pertains to the

sex trafficking of a minor and has been litigated for three years, into a declaratory action over

CSIC's insurance obligations. CSIC's Petition should be denied because its potential interests

have already been adequately represented by its insured, Defendant Alpha-Centurion, who has

disputed liability from day one. CSIC and Alpha-Centurion's interests are aligned, because CSIC

would only potentially have to pay under its policy if Alpha-Centurion is found liable.  If the

Case ID: 170300712
Control No.: 21012680

standard to intervene was simply that an insurance company may be on the hook to pay a verdict, as CSIC asserts, then an insurance company would be granted the right to intervene in every case. This is not the standard and insurance companies are not typically granted the right to intervene. CSIC's petition to intervene is entirely void of any specificity and lacks any factual or legal basis to support intervention in this case. As such, intervention should be at this time.

Plaintiff, by and through counsel, hereby responds in opposition to CSIC's Petition to Intervene as follows:

1.      Denied as stated. Plaintiff was the victim of sex trafficking and her traffickers are incarcerated. Plaintiff objects to CSIC's characterization of Plaintiff's injuries as "allegations."

2.      Denied. Plaintiff's Complaint and Amended Complaints are documents that speak for themselves and any characterization of the documents is denied.

3.      Denied as stated. This case was scheduled for a date certain trial to commence on September 8, 2020 but the trial was postponed due to the Covid-19 pandemic. *See* Notice of Trial Attachment as Exhibit "A". This case was re-scheduled for a trial date to commence on June 17, 2021. *See* Notice of Trial Attachment as Exhibit "B". Notably, CSIC did not file its petition to intervene before the September 8, 2020 trial listing and clearly believed its interests were adequately represented.

4.      Denied as stated. This paragraph refers to an insurance policy that speaks for itself. Any characterization of the document is therefore denied.

5.      Denies as stated. This paragraph refers to an insurance policy that speaks for itself. Any characterization of the document is therefore denied.

6.      Denied as stated. Plaintiff is without knowledge or information to respond to this averment.

7.    Denied as stated.  This paragraph refers to an insurance policy that speaks for itself.  Any characterization of the document is therefore denied.

8.    Denied as stated. This paragraph refers to an insurance policy that speaks for itself. Any characterization of the document is therefore denied.

9.    Denied.  This is a legal conclusion to which no response is required.  By way of further response,  Pa. R.C.P. 2329 provides that intervention may be denied if:

1)  the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action;

2)  the interest of the petitioner is already adequately represented; or

3)  the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

10.    Denied. CSIC has presented no factual or legal basis to intervene in Plaintiff's case.  CSIC does not even dignify the parties or the Court with any specificity on how they would like to be involved in the case but merely state they want to be involved in submitting jury charges, interrogatories to jurors and/or jury verdict forms.  CSIC fails to provide the specific jury charges, voir dire or jury verdict forms that it wants to present during trial. CSIC provides no specific information on how it should be allowed to intervene, only that it should be allowed to intervene.  CSIC is not limiting how it wants to intervene.  CSIC's petition to intervene is so broad it leaves open the opportunity for CSIC to question witnesses and present evidence.  CSIC wants the Court to sign an Order granting CSIC open, unfettered access to a case that has been litigated for three (3) years.   CSIC has given this Court no reason why it should be permitted to intervene.

11.     Denied.  There is no permitted basis to intervene pursuant to Pa. R. Civ. P. 2327 because CSIC's interests are adequately represented by counsel for its insured, Alpha-Centurion who disputes liability.

12.     Admitted only that this paragraph refences Pa. R. Civ. P. 2329.

13.     Denied.  CSIC fails to explain how its interest in intervening is "unquestionably in subordination to and in recognition of the propriety of the instant action."

14.     Denied. This case has been pending for 3 ½ years.  Now, after multiple trial scheduling conferences, CSIC wants to sit in the court room and possibly interfere with presentation of Plaintiff's case.  CSIC's Petition lacks any specificity and merely states that it wants a seat at the table.  This case went to mediation where all decision makers were present.  CSIC did not attend.  Clearly, CSIC believed its interest were adequately represented by defense counsel it assigned to represent its insured, Defendant Alpha-Centurion. This case was scheduled to commence trial on a September 8, 2020.  A Notice of Attachment for Trial was circulated.  *See* Notice of Trial Attachment attached as Exhibit "A".  At no point prior to the September 8, 2020 trial date did CSIC seek to intervene.  Defendant Alpha-Centurion has produced three liability expert reports in this case and has disputed liability since the beginning.  It is apparent that CSIC's interests have been adequately represented in this case since day one but now CSIC wants unfettered access at trial to cause confusion, marshal evidence and turn this case into a declaratory action over CSIC's insurance obligations

15.     Denied.  CSIC fails to state with any specificity why its interests are not aligned with the interests of its insured, Alpha-Centurion.

Case ID: 170300712
Control No.: 21012680

16.    Denied.  CSIC has failed to provide any basis or evidence as to why its interests are not adequately represented by counsel for its insured. *See* response to Paragraph 15.

17.    Denied.  CSIC's Petition to Intervene was filed after the *second* January 21, 2021 Pre-Trial Conference in this case.  This case is scheduled to commence trial on June 17, 2021. *See* Notice of Trial Attachment attached as "Exhibit B".  Given that this trial is scheduled to commence during a pandemic, the Court has imposed strict precautionary guidelines and limited the number of people who can attend trial.  The parties were required to submit questionaries with the number of counsel and witnesses who would be appearing on behalf of each party. Counsel tables have been designated.  Therefore, if CSIC is permitted to intervene, then this would likely lead to the delay and disruption of the scheduled trial in this case.

18.     Denied.  This case is scheduled for trial on June 17, 2021.  *See* Notice of Trial Attachment attached as Exhibit "B".

19.    Denied. CSIC does not even dignify the parties or the Court with any specificity on how it wants to get involved in this case.  CSIC merely states it wants to intervene.  The June 17, 2021 trial in this case is not an opportunity for CSIC to litigate a declaratory action on coverage issues. In fact, CSIC is a party to declaratory action filed in United States District Court for the Eastern District of Pennsylvania. CSIC has set forth no legal or factual basis to intervene or why its interests are not adequately represented by the attorneys who have been representing its insured for the past three years and contesting liability.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court deny CSIC's

Petition to Intervene, entering the proposed Order in the form attached hereto.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*Emily B. Marks*
_____
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
Attorneys for Plaintiff

**KLINE & SPECTER, P.C.**          Attorneys for Plaintiff M.B.
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO CAPITAL SPECIALITY INSURANCE COMPANY'S PETITION TO INTERVENE

### I.     PRELIMINARY STATEMENT

Petitioner Capital Specialty Insurance Company (hereinafter "CSIC") is the insurer for

Defendant Alpha-Centurion in this case that involves the sex trafficking of the Plaintiff, when

she was a minor, at the Roosevelt Inn hotel.  CSIC does not even dignify the parties in this case

or the Court with any specificity on how it wants to intervene in this case.  CSIC merely argues

that it wants to submit "jury charges, interrogatories to jurors and/or jury verdict forms,"

however, no jury charges, interrogatories or verdict forms are attached to its Petition.  CSIC's

Petition has no limitation and it is evident CSIC now wants unfettered access in this case, that

pertains to the sex trafficking of a minor and has been litigated for three years, into a declaratory

action over CSIC's insurance obligations. CSIC's Petition should be denied because its potential

interests have already been adequately represented by its insured, Defendant Alpha-Centurion,

who has disputed liability from day one. CSIC and Alpha-Centurion's interests are aligned,

Case ID: 170300712
Control No.: 21012680

because CSIC would only potentially have to pay under its policy if Alpha-Centurion is found liable. If the standard to intervene was simply that an insurance company may be on the hook to pay a verdict, as CSIC asserts, then an insurance company would be granted the right to intervene in every case. This is not the standard and insurance companies are not typically granted the right to intervene. CSIC's petition to intervene is entirely void of any specificity and lacks any factual or legal basis to support intervention in this case. As such, intervention should be at this time.

## II. **QUESTION PRESENTED**

A. Should the Court deny CSIC's Petition Intervene, because CSIC lacks standing to intervene and any potential interest that CSIC may have in this litigation is already adequately represented in this case by its insured, Defendant Alpha-Centurion?

*Suggested Answer*:     Yes.

## III. **CONCISE STATEMENT OF FACTS**

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel. On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

This case has been pending for 3 ½ years. Now, after multiple trial scheduling conferences, CSIC wants to sit in the court room and possibly interfere with presentation of Plaintiff's case. CSIC argues that it wants to intervene to submit "jury charges, interrogatories to

Case ID: 170300712
Control No.: 21012680

jurors and/or jury verdict forms," however, no jury charges, interrogatories or verdict forms are attached to its Petition. There is no indication what "jury charges, interrogatories to jurors and/or jury verdict forms" CSIC wants to submit at trial. CSIC's Petition lacks any specificity and merely states that it wants a seat at the table. This case went to mediation where all decision makers were present. CSIC did not attend. Clearly, CSIC believed its interest were adequately represented by defense counsel it assigned to represent its insured, Defendant Alpha-Centurion.

Further, this case was scheduled to commence trial on a September 8, 2020. A Notice of Attachment for Trial was circulated. *See* Notice of Trial Attachment attached as Exhibit "A". At no point prior to the September 8, 2020 trial date did CSIC petition the court to intervene. Defendant Alpha-Centurion has produced three liability expert reports in this case and has disputed liability since the beginning. The interests of CSIC and Alpha-Centurion are aligned because Alpha-Centurion contests liability. CSIC does not state why its interests are not aligned with its insured. There is a mere suggestion, again without specificity, by CSIC that it wants to intervene in this case to investigate its duty to indemnify its insured and the impositions of liability. *See* Petitioner's Petition to Intervene at P. 13-14. CSIC incorrectly relies upon the Court's decision in *Butterfield v. Giuntoli,* 670 A.2d 646 (Pa. Super. Ct. 1995) to improperly suggest to this court that an insurance company gets unfettered access in Plaintiff's case to investigate its insurance obligations. CSIC is attempting to litigate its insurance obligations in Plaintiff's case which would improperly turn this significant case involving the sex trafficking of a minor into a declaratory action over insurance obligations.

Trial has been rescheduled in this case for June 17, 2021. *See* Notice of Trial Attachment attached as "Exhibit B". Given that this trial is scheduled to commence during a pandemic, the Court has imposed strict precautionary guidelines and limited the number of people who can

Case ID: 170300712
Control No.: 21012680

attend trial.  The parties were required to submit questionaries with the number of counsel and witnesses who would be appearing on behalf of each party.  Counsel tables have been designated and the number of days the parties get to try this case has been set.  Therefore, if CSIC is permitted to intervene, then this would likely lead to the delay and disruption of the scheduled June 17, 2021 trial in this case.

It is apparent that CSIC's interests have been adequately represented in this case since day one but now CSIC wants unfettered access to improperly litigate its insurance obligations in a case that solely involve the sex trafficking of Plaintiff.

As such, Petitioner's Petition should be denied.

## IV.  LEGAL ARGUMENT

### A.  Legal Standard

Intervention is a "matter within the sound discretion of the [trial court] and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review."  *See Wilson v. State Farm Mut. Auto. Ins. Co.*, 512 Pa. 486, 492 (1986).  Pennsylvania Rules of Civil Procedure 2327 and 2329 provide the standards for granting intervention is appropriate.  Under Pa.R.C.P. 2327, a person may intervene if:

1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

3) such person could have joined as an original party in the action or could have been joined therein; or

Case ID: 170300712
Control No.: 21012680

4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

The court, however, may deny intervention on three different grounds. Pa.R.C.P. 2329 provides that intervention may be denied if:

4) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action;

5) the interest of the petitioner is already adequately represented; or

6) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Whether an application for intervention is timely is a question "singularly within the periphery of the trial judge's discretionary domain." *Jackson v. Hendrick*, 446 A.2d 226, 228–29 (Pa. 1982).

### B. CSIC Lacks Standing to Intervene and Any Potential Interest CSIC May Have in This Litigation is Already Adequately Represented by Counsel for Its Insured, Alpha-Centurion

CSIC's Petition to Intervene should be denied, because CSIC lacks standing to intervene and any of its potential interests are already adequately represented in this litigation by its insured, Defendant Alpha-Centurion.

CSIC only really gains an interest in this litigation if Alpha-Centurion is held liable and has to pay a part of the judgment entered against its insured. Plaintiff has no claims against CSIC. None of the Defendants have added CSIC as a party or asserted any cross-claims against CSIC. This is a personal injury action brought against the Defendants for their negligence and tortious acts. CSIC has no place as a party in this litigation. A legally enforceable interest for CSIC only arises if the Court enters a judgment in Plaintiff's favor. If the jury returns a defense

Case ID: 170300712
Control No.: 21012680

verdict, Plaintiff would not be able to enforce any judgment against CSIC. CSIC does not have a **present** interest in this litigation, so CSIC lacks standing to intervene.

In addition, CSIC's potential interest in this litigation is already adequately represented by Defendant Alpha-Centurion. Under Pa.R.C.P. 2329, a court may deny the intervention if "the interest of the petitioner is already adequately represented". *See, e.g.*, *Cherry Valley Assocs. v. Stroud Twp. Bd. of Supervisors*, 109 Pa. Cmwlth. 246, 250 (1987) (refusing intervention residents and landowners in immediate vicinity of proposed planned unit development, because their interests were adequately represented by township board of supervisors); *E. Am. Transp. & Warehousing, Inc. v. Evans Conger Broussard & McCrea, Inc.*, No. 2187 JULY TERM 2001, 2002 WL 1803718, at *3 (Pa. Ct. Com. Pl. July 31, 2002) (refusing intervention where petitioner's interests coincided with the interests of entity already a party in the suit).

This lawsuit concerns the negligence and tortious misconduct of Alpha-Centurion and other parties, not CSIC. The only way CSIC potentially has an interest implicated is if a jury finds Alpha-Centurion liable and CSIC has to pay part or all of the judgment entered against the CSIC Defendants. This suit is about the Plaintiff and not the policy of an insurance company.

Intervention is entirely inappropriate at this time. Shortly after Plaintiff filed suit almost three years ago, Alpha-Centurion put CSIC on notice of this suit, and CSIC agreed to provide for Alpha-Centurion's defense. Through its provision of Alpha-Centurion's defense, CSIC has had access to the documents exchanged in discovery and testimony of witnesses from depositions in this action. CSIC also had the opportunity to attend a mediation in this case but chose not to appear. Clearly, CSIC believed its interests were adequately represented. To suggest CSIC has not had its potential interests adequately represented would contravene common sense.

There is a mere suggestion by CSIC, again without specificity, that it wants to intervene in this case to investigate its duty to indemnify Alpha-Centurion and the impositions of liability. *See* Petitioner's Petition to Intervene at P. 13-14. CSIC incorrectly relies upon the Court's decision in *Butterfield v. Giuntoli,* 670 A.2d 646 (Pa. Super. Ct. 1995) to improperly suggest to this court that an insurance company gets unfettered access in Plaintiff's case to investigate its insurance obligations. It is evident that CSIC is attempting to litigate its insurance obligations at the trial which would turn this significant case involving the sex trafficking of a minor into a declaratory action over CSIC's insurance obligations.

Contrary to CSIC's position, the *Butterfield* case does not conclude that intervention in an underlying proceeding is appropriate for an insurer to determine its duty to indemnify and avoid claims of bath faith for failure to investigate. If the holding in *Butterfield* was in fact what CSIC proposes, then every insurance company would seek to intervene in every case and use the trial in the underlying case as essentially a declaratory action to litigate insurance coverage. The two narrow issues presented to the Court in *Butterfield* were whether the insurance policy in that case covered punitive damages and if punitive damages assessed on vicarious liability are insurable as a matter of law. *Butterfield*, 670 A.2d 646, 647.

In *Butterfield*, the plaintiff won a compensatory and punitive damages award at medical malpractice trial. *Id.* at 648. The excess insurance carrier refused to cover the punitive damages award. *Id.* After the verdict, the defendants assigned any claims they had against the excess insurance carrier to the plaintiff (assignee). *Id.* The plaintiff (assignee) filed a writ of execution on the judgement debt. *Id.* The trial court granted the excess insurance carrier's motion for summary judgment because the assignee could not show whether the punitive damages were assessed vicariously for which there may be insurance coverage or assessed directly for which

Case ID: 170300712
Control No.: 21012680

coverage may be precluded.  *Id.* at 50   On appeal, the *Butterfield* Court held that the trial court erred in placing the burden of proof on the assignee (plaintiff) to prove the claim was covered and that summary judgment must be granted in favor of the assignee.  *Id.* at 647, 657.  The *Butterfield* Court did not hold that an insurance company has the right to intervene in an underlying case to litigate insurance obligations.

      The award of compensatory and punitive damages are bifurcated issues at trial.  The issue of punitive damages does not arise until after the jury is asked the threshold question concerning defendants' conduct.  If after completion of the liability and compensatory phase of trial the jury answers affirmatively that the defendants' conduct was of such outrageous nature as to constitute either malice or a willful or reckless indifference, then the trial moves to the punitive damages phase.  At that point, the need for a special interrogatory concerning whether punitive damages are assessed on direct liability, vicarious liability or both, may be raised.  Therefore, Petitioner's Petition to Intervene is at best premature and should be denied.  Further, there is no reason why an interrogatory concerning the assessment of punitive damages cannot be submitted by counsel assigned to represent Alpha-Centurion.

      The June 17, 2021 trial in this case is not an opportunity for CSIC to litigate a declaratory action on coverage issues. In fact, CSIC is a party to declaratory action filed in United States District Court for the Eastern District of Pennsylvania. CSIC has set forth no legal or factual basis to intervene or why its interests are not adequately represented by the attorneys who have been representing its insured for the past three years and contesting liability.

      A similar Petition to Intervene filed by Samsung Fire & Marine Insurance Co., Ltd. (hereinafter "Samsung"), an insurer for the Roosevelt Defendants, was denied by this Court. *See* 6/9/20 Order attached as Exhibit "C".  Samsung filed a Petition to Intervene concerning the

Case ID: 170300712
Control No.: 21012680

assessment of punitive damages at trial.   This Court denied Samsung's Petition to Intervene and should also deny CSIC's Petition to Intervene.  *See* 6/9/20 Order attached as Exhibit "C".

CSIC's Petition to Intervene should be denied.  In the alternative, if this Court grants CSIC's Petition Intervene, it would be premature for this Court to rule on which jury charges or verdict slip should be submitted to a jury as there has been no evidence submitted to a jury at this juncture on punitive damages.  Any rulings on jury charges or a verdict slip concerning punitive damages need only be raised after the liability and compensatory phase of trial.

V.    **CONCLUSION**

For the foregoing reasons, Petitioner CSIC has its potential interests already adequately represented by Alpha-Centurion in this action.  Plaintiff M.B. therefore requests this Honorable Court to enter the attached Order denying CSIC's Petition to Intervene.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*Emily B. Marks*

_____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

**<u>VERIFICATION</u>**

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff in this matter and hereby verify that the statements made in the foregoing *Plaintiff's Response and Brief in Opposition to Capital Specialty Insurance Company's Petition to Intervene* are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712
Control No.: 21012680

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that service of a true and correct copy of Plaintiff's Response and Brief in Opposition to Capital Specialty Insurance Company's Petition to Intervene was made upon all individuals listed below, by electronic filing upon the following counsel of record on March 1, 2021:

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Charles S. Marion, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Defendant Alpha-Centurion Security, Inc.*

Michael S. Saltzman, Esq
Goldberg Segalla LLP
1700 Market Street, Suite 1418
Philadelphia, PA 19101
*Counsel for Petitioner Capital Speciality Insurance Company*

By first-class mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

K**LINE & SPECTER, P.C.**

Dated: _____3/1/2021_____     By: _____

EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

# EXHIBIT A

Case ID: 170300712
Control No.: 21012680

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| B. ETAL | March Term 2017 | **DOCKETED** |
| VS | No. 00712 | MAR **0 3** 2020 |
| ROOSEVELT INN LLC ETAL | | S. HARVEY, JR. CIVIL TRIAL DIVISION |

### *NOTICE OF TRIAL ATTACHMENT*

The above captioned matter has been specially listed for trial on Tuesday, September 08, 2020, at 09:30 AM, in CITY HALL COURTROOM 625, Philadelphia, PA 19107.

Jury selection shall take place on Friday, September 04th, 2020.

The following attorneys are attached for trial until the conclusion of this trial:

GRANT S PALMER,ESQ.

JOHN C FALLS,ESQ.

NADEEM A BEZAR,ESQ.

THOMAS P WAGNER,ESQ.

CAROLYN B KELLY,ESQ.

JUSTINA L BYERS,ESQ.

EMILY B MARKS,ESQ.

JAMES J QUINLAN,ESQ.

ROBERT W STANKO,ESQ.

DANIEL E OBERDICK,ESQ.

KYLE B NOCHO,ESQ.

MELANIE J FOREMAN,ESQ.

AARON  KOSTYK,ESQ.

B. Etal Vs Roosevelt Inn Llc Etal-CLLTR



17030071200241

Trial is expected to last 10 days

Case ID: 170300712
Control No.: 21012680

If an Interpreter is required, Counsel is responsible for ensuring that a Court Certified Interpreter has been ordered. Failure to obtain and Interpreter for time of trial may result in the imposition of appropriate sanctions.

If you have any questions concerning this matter, please call 215-686-3718.

SHELLEY ROBINS-NEW
Judicial Team Leader

cc: U.S. District Court – (via e-mail at Paed_caseOpen@paed.uscourts.gov)

SHJ66525SHJ66525\\ (Rev 7/12/17)

Case ID: 170300712
Control No.: 21012680

# EXHIBIT B

Case ID: 170300712
Control No.: 21012680

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

| | |
|---|---|
| B. ETAL | March Term 2017 |
| VS | No. 00712 |
| ROOSEVELT INN LLC ETAL | |

## *NOTICE OF TRIAL ATTACHMENT*

The above captioned matter has been specially listed for trial on Monday, June 21, 2021, at 09:00 AM, in Courtroom 653, City Hall, Philadelphia, PA 19107.

Jury selection shall take place on Thursday, June 17th, 2021.

The following attorneys are attached for trial until the conclusion of this trial:

GRANT S PALMER,ESQ.

JOHN C FALLS,ESQ.

NADEEM A BEZAR,ESQ.

THOMAS P WAGNER,ESQ.

JUSTINA L BYERS,ESQ.

EMILY B MARKS,ESQ.

JAMES J QUINLAN,ESQ.

ROBERT W STANKO,ESQ.

DANIEL E OBERDICK,ESQ.

KYLE B NOCHO,ESQ.

MELANIE J FOREMAN,ESQ.



B. Etal Vs Roosevelt Inn Llc Etal-CLLTR

17030071200291

Trial is expected to last 10 days

If an Interpreter is required, Counsel is responsible for ensuring that a Court Certified Interpreter has been ordered. Failure to obtain and Interpreter for time of trial may result in the imposition of appropriate sanctions.

If you have any questions concerning this matter, please call 215-686-9530.

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) C. FORTE 01/22/2021

Case ID: 170300712
Control No.: 21012680

DENIS COHEN
Judicial Team Leader


cc: U.S. District Court – (via e-mail at Paed_caseOpen@paed.uscourts.gov)

NOK72449NOK72449\\ (Rev 7/12/17)

Case ID: 170300712
Control No.: 21012680

# EXHIBIT C

Case ID: 170300712
Control No.: 21012680

FILED
09 MAR 2020 04:45 pm
Civil Administration
F. HEWITT

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## ORDER

AND NOW, this ___9th___ day of ___June___, 2020, upon consideration of

Plaintiff's Response and Memorandum of Law in Opposition to Samsung Fire & Marine

Insurance Co., Ltd.'s (hereinafter "Samsung") Motion to Intervene, and any response thereto, it

is hereby:

ORDERED and DECREED that Samsung's Petition to Intervene is DENIED.

BY THE COURT:

_____ J

Case ID: 170300712
Control No.: 20020309712
Control No.: 21012680

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | : | JURY TRIAL DEMANDED |
| | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor

Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's

Motion to for Leave to Take the Trial Deposition of Additional Defendant Daiquan Davis, who

is confined in the U.S. Penitentiary at Terre Haute, Indiana, and any response thereto, it is hereby

ORDERED that said Motion is GRANTED.

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

may take the trial videotaped deposition of inmate Daiquan Davis at USP Terre Haute.

**BY THE COURT:**

_____
                                                                J.

150213.00601/125301632v.1

Case ID: 170300712
Control No.: 21030606

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney I.D. No.: 57686
Charles S. Marion. Esquire
Attorney I.D. No. 56509
James J. Quinlan, Esquire
Attorney I.D. No.: 200944
Justina L. Byers, Esquire
Attorney I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      cmarion@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire,            Plaintiff,    v. ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION MARCH TERM, 2017 NO.: 00712 JURY TRIAL DEMANDED |

### MOTION FOR LEAVE TO TAKE THE TRIAL DEPOSITION OF ADDITIONAL DEFENDANT DAIQUAN DAVIS

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by and through their undersigned

attorneys, pursuant to Pa. R. Civ. P. 4007.2(d), hereby move the Court for leave to take the trial

videotaped deposition of Additional Defendant Daiquan Davis, who is incarcerated at the U.S.

Case ID: 170300712
Control No.: 21030606

Penitentiary at Terre Haute, Indiana ("USP Terre Haute"). In support of this motion, the Roosevelt Defendants aver as follows:

## I. BACKGROUND

1. Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc. ("Alpha"). Plaintiff amended her Complaint multiple times, including revising allegations regarding the length of time and the period of time in which she alleges she was trafficked. Her most recent Amended Complaint, which is based solely on claims of common law negligence, narrows the time period of her alleged trafficking to several months in the first half of 2014.

2. Plaintiff's theory of the instant litigation is that the Roosevelt Defendants were negligent in failing to recognize and prevent her alleged sex trafficking. Plaintiff alleges that the Roosevelt Defendants failed to implement procedures and monitor the hotel premises so as to prevent Plaintiff's alleged trafficking. Plaintiff's Fourth Amended Complaint, at ¶ 74.

3. During the course of discovery, Plaintiff identified two men she alleges acted as her "pimps," *i.e.*, men who allegedly trafficked Plaintiff during the relevant time period. The Roosevelt Defendants joined the two men, Daiquan Davis ("Davis") and Abdul Lopez ("Lopez"), as Additional Defendants to this action. Both Davis and Lopez are in federal prison, serving sentences for sex trafficking. Davis is incarcerated at USP Terre Haute and will not be released until 2034.

4. Lopez is incarcerated at FCI Tucson in Arizona and will not be released until 2042. The parties took the videotaped deposition of Abdul Lopez in this matter on February 19, 2019.

2

Case ID: 170300712
Control No.: 21030606

5. The Roosevelt Defendants seek leave to take an in-person, videotaped trial deposition of Additional Defendant Davis on the premises of USP Terre Haute, on a date in April or May 2021 to be scheduled in coordination with the Bureau of Prisons and USP Terre Haute.

6. As Plaintiff's alleged trafficker, Davis possesses knowledge and information critical to the Roosevelt Defendants' defenses in this litigation, specifically with regard to places and dates of Plaintiff's alleged trafficking. Davis' testimony is necessary to also establish Davis' liability in this action.

7. The Roosevelt Defendants will be prejudiced if they were not permitted to examine Davis under oath and present his testimony at the trial in this matter.

## II.   LEGAL ARGUMENT

### A.   Additional Defendant Davis' Testimony Is Critical Evidence

8. The testimony of Additional Defendant Davis constitutes critical evidence in this case, which the Roosevelt Defendants should be able to obtain, notwithstanding Davis' incarceration. Pennsylvania Rule of Civil Procedure 4007.2(d) requires that a party obtain leave of court to take the deposition of a person confined to prison and must act on such terms as the court prescribes. Pa. R. Civ. P. 4007.2(d).

9. The Roosevelt Defendants seek leave to take a videotaped trial deposition on the premises on USP Terre Haute on a date yet to be determined, to be completed in six hours. The Roosevelt Defendants propose that those in attendance be limited to a court reporter, videographer, Davis, one attorney, respectively, appearing on behalf of Davis, Plaintiff, the Roosevelt Defendants and defendant Alpha-Centurion Security, Inc., and any personnel required by USP Terre Haute.

150213.00601/125301632v.1

Case ID: 170300712
Control No.: 21030606

10.     The Roosevelt Defendants understand that the scheduling of the deposition must be done in coordination with the policies and procedures of USP Terre Haute.

WHEREFORE, the Roosevelt Defendants respectfully request this Court enter the attached Order granting the Roosevelt Defendants leave to take the in-person, videotaped trial deposition of Additional Defendant Daiquan Davis.

Respectfully submitted,

**BLANK ROME LLP**

Dated:  March 4, 2021

_/s/ James J. Quinlan_
Grant S. Palmer (PA ID# 57686)
Charles S. Marion (PA ID# 56509)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
         cmarion@blankrome.com
         quinlan@blankrome.com
         byers@blankrome.com

_Attorneys for Defendants,_
_Roosevelt Inn LLC d/b/a Roosevelt Inn and_
_Roosevelt Inn Café, Roosevelt Motor Inn, Inc._
_d/b/a Roosevelt Motor Inn,_
_UFVS Management Company, LLC and_
_Yagna Patel_

4

Case ID: 170300712
Control No.: 21030606

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney I.D. No.: 57686
Charles S. Marion. Esquire
Attorney I.D. No. 56509
James J. Quinlan, Esquire
Attorney I.D. No.: 200944
Justina L. Byers, Esquire
Attorney I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
         cmarion@blankrome.com
         quinlan@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | MARCH TERM, 2017 NO.: 00712 |
| v. | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | |

**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S MEMORANDUM
OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO TAKE THE TRIAL
DEPOSITION OF ADDITIONAL DEFENDANT DAIQUAN DAVIS**

I.      **MATTER BEFORE THE COURT**

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by their undersigned attorneys, pursuant to

Pa. R. Civ. P. 4007.2(d), hereby file this memorandum of law in support of their motion for leave

Case ID: 170300712
Control No.: 21030606

of court to take the trial deposition of Additional Defendant Daiquan Davis, a federal prisoner who is confined at the U.S. Penitentiary in Terre Haute, Indiana ("USP Terre Haute").

## II.    QUESTION INVOLVED

Should the Court grant the Motion of the Roosevelt Defendants and grant leave to the Roosevelt Defendants to take the in-person, videotaped deposition of Daiquan Davis?

Suggested answer:  Yes.

The Roosevelt Defendants should be permitted to obtain the sworn testimony of Additional Defendant Davis via an in-person, videotaped deposition.  Davis has knowledge and information that is critical to Plaintiff's claims and the Roosevelt Defendants' defenses.  The Roosevelt Defendants will be prejudiced if they are unable to depose Davis and preserve his testimony for trial.

## III.    FACTUAL BACKGROUND

Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc. ("Alpha").  Plaintiff amended her Complaint several times.  Her last Amended Complaint includes solely claims of negligence against the Roosevelt Inn and her factual allegations narrow the time period in which she was alleged trafficked at the Roosevelt Inn to a limited period in the first half of 2014.   Plaintiff claims that she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises on a "regular, consistent and/or repeated basis." She alleges generally that the Roosevelt Defendants were negligent in not recognizing that Plaintiff was being trafficked and not acting to prevent it.

150213.00601/125301632v.1

Case ID: 170300712
Control No.: 21030606

Plaintiff identified two individuals – Daiquan Davis and Abdul Lopez – as her alleged traffickers. According to Plaintiff, Davis and Lopez forced her to engage in commercial sex at various locations, including the Roosevelt Inn. The Roosevelt Defendants joined Davis and Lopez to the litigation as Additional Defendants.[1]

Among the factual disputes in this litigation is whether and when Plaintiff was trafficked at the Roosevelt Inn by Davis. As such, Davis' testimony is critical to discovery the veracity of Plaintiff's claims and to the Roosevelt Defendants' defenses.

The Roosevelt Defendants seek leave of court to obtain critical and necessary evidence that only Davis can provide.

## IV.  <u>LEGAL ARGUMENT</u>

Additional Defendant Davis, though a party, is also a critical witness in this litigation. He alone possesses knowledge and information regarding the details of Plaintiff's experiences. Davis' testimony relating to the time and place of Plaintiff's trafficking is necessary to test and/or establish the veracity of Plaintiff's claims and to establish the Roosevelt Defendants' defenses. Davis' testimony is necessary to also establish Davis' liability in this action.

Pennsylvania Rule of Civil Procedure 4007.2(d) requires that a party obtain leave of court before deposing a person confined in prison. Davis is incarcerated at the USP Terre Haute and is not scheduled for release until 2034. The Roosevelt Defendants, by this motion, seek leave to conduct an in-person, videotaped deposition, not to exceed 6 hours, and propose to limit attendance to one attorney for each party (Plaintiff, Davis, the Roosevelt Defendants and Alpha),

---

[1] Abdul Lopez was deposed by the parties on February 19, 2019 at the Federal Correctional Institute in Tucson, Arizona.

3

Case ID: 170300712
Control No.: 21030606

a court reporter, videographer and whatever personnel USP Terre Haute requires. Davis's videotaped testimony will then be used at trial in this matter in lieu of live testimony.

## V. <u>RELIEF REQUESTED</u>

Pursuant to Pennsylvania Rule of Civil Procedure 4007.2(d), the Roosevelt Defendants respectfully request this Court enter the attached Order granting leave for the Roosevelt Defendants to conduct an in-person, videotaped deposition of Additional Defendant Daiquan Davis at USP Terre Haute.

Respectfully submitted,

**BLANK ROME LLP**

Dated: March 4, 2021

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
Charles S. Marion (PA ID# 56509)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
cmarion@blankrome.com
quinlan@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

4

Case ID: 170300712
Control No.: 21030606

# <u>VERIFICATION</u>

I, JAMES J. QUINLAN, ESQUIRE, hereby state I am the attorney for Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel in this matter and hereby verify that the statements made in the foregoing Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to for Leave to Take the Trial Deposition of Additional Defendant Daiquan Davis pursuant to Pa. R.C.P. 4007.2(d), are true and correct to the best of my knowledge, information and belief.

The undersigned that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4009 relating to unsworn falsification to authorities.

*/s/ James J. Quinlan*
JAMES J. QUINLAN

Case ID: 170300712
Control No.: 21030606

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby certify that, on this 4th day of March 2021, I caused a true and correct copy of the foregoing Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion for Leave to Take the Trial Deposition of Additional Defendant Daiquan Davis and accompanying memorandum of law to be served via the Court's electronic filing system and/or electronic mail and/or First Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Case ID: 170300712
Control No.: 21030606

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN  47808

*Additional Defendant*

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

*/s/ Justina L. Byers*
JUSTINA L. BYERS

150213.00601/125301632v.1

Case ID: 170300712
Control No.: 21030606

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2021, upon consideration of the

Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café,

Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and

Yagna Patel, for Leave to Take the Trial Deposition of Additional Defendant Daiquan Davis,

who is confined in the U.S. Penitentiary at Terre Haute, Indiana, and the response of Defendant,

Alpha-Centurion Security, Inc., joining in said motion and any response thereto, it is hereby

ORDERED that said Motion is GRANTED.

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

and Alpha-Centurion Security, Inc. may take the videotaped trial deposition of inmate Daiquan

Davis at USP Terre Haute.

**BY THE COURT:**

_____

**J.**

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

**<u>JOINDER OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., IN MOTION OF
DEFENDANTS, ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT
INN CAFÉ, ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN,
UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL, FOR LEAVE TO
TAKE THE TRIAL DEPOSITION OF ADDITIONAL DEFENDANT DAIQUAN DAVIS</u>**

Defendant, Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby joins in the Motion of Defendants, Roosevelt Inn

LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt

Motor Inn, UFVS Management Company, LLC and Yagna Patel, for Leave to Take the Trial

Case ID: 170300712
Control No.: 21030606

Deposition of Additional Defendant Daiquan Davis, who is confined in the U.S. Penitentiary at Terre Haute, Indiana, and avers the following in support:

1.-10. Defendant, Alpha-Centurion Security, Inc., hereby joins and incorporates by reference the Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, for Leave to Take the Trial Deposition of Additional Defendant Daiquan Davis, who is confined in the U.S. Penitentiary at Terre Haute, without admission of any liability. Alpha-Centurion Security, Inc. will likewise be prejudiced if it is not permitted to examine Davis under oath and present his testimony at the trial in this matter.

**WHEREFORE**, Defendant, Alpha-Centurion Security, Inc., hereby requests that this Honorable Court grant the Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, for Leave to Take the Trial Deposition of Additional Defendant Daiquan Davis, who is confined in the U.S. Penitentiary at Terre Haute, and enter the proposed Order attached hereto.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY:_____
      Thomas P. Wagner, Esquire
      Robert W. Stanko, Esquire
      Melanie J. Foreman, Esquire
      Attorneys for Defendant,
      Alpha-Centurion Security, Inc.

Dated: March 11, 2021

Case ID: 170300712
Control No.: 21030606

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

<u>**MEMORANDUM OF LAW IN SUPPORT OF THE JOINDER OF DEFENDANT,
ALPHA-CENTURION SECURITY, INC., IN MOTION OF DEFENDANTS,
ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ,
ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS
MANAGEMENT COMPANY, LLC AND YAGNA PATEL, FOR LEAVE TO TAKE THE
TRIAL DEPOSITION OF ADDITIONAL DEFENDANT DAIQUAN DAVIS**</u>

**I.    MATTER BEFORE THE COURT**

Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café,

Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and

Yagna Patel, for Leave to Take the Trial Deposition of Additional Defendant Daiquan Davis,

Case ID: 170300712
Control No.: 21030606

who is confined in the U.S. Penitentiary at Terre Haute, Indiana, and the joinder of such motion by Alpha-Centurion Security, Inc.

## II.     QUESTION PRESENTED

Whether this Honorable Court should grant the Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, for Leave to Take the Trial Deposition of Additional Defendant Daiquan Davis, who is confined in the U.S. Penitentiary at Terre Haute, Indiana, where Additional Defendant Davis is a party to this litigation and has knowledge and information relating to Plaintiff's claims.

*Suggested Answer:     Yes.*

## III.     LEGAL ARGUMENT

Defendant, Alpha-Centurion Security, Inc., hereby joins and incorporates by reference the Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, for Leave to Take the Trial Deposition of Additional Defendant Daiquan Davis, who is confined in the U.S. Penitentiary at Terre Haute, without admission of any liability. Alpha-Centurion Security, Inc. will likewise be prejudiced if it is not permitted to examine Davis under oath and present his testimony at the trial in this matter.

## IV.     RELIEF REQUESTED

Defendant, Alpha-Centurion Security, Inc., respectfully submits that this Honorable Court grant the Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, for Leave to Take the Trial Deposition of Additional Defendant Daiquan Davis,

Case ID: 170300712
Control No.: 21030606

who is confined in the U.S. Penitentiary at Terre Haute, and enter the proposed Order attached hereto.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____

       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated: March 11, 2021

Case ID: 170300712
Control No.: 21030606

## CERTIFICATE OF SERVICE

I, Robert W. Stanko, hereby certify that a true and correct copy of the Joinder of Defendant, Alpha-Centurion Security, Inc., to Motion of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, for Leave to Take the Trial Deposition of Additional Defendant Daiquan Davis, was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Grant S. Palmer, Esquire |
| Nadeem A. Bezar, Esquire | James J. Quinlan, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| *Attorneys for minor-Plaintiff* | *Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel* |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN 47808 | Tucson, AZ 85734 |

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
   Thomas P. Wagner, Esquire
   Robert W. Stanko, Esquire
   Melanie J. Foreman, Esquire
   Attorneys for Defendant,
   Alpha-Centurion Security, Inc.

Dated: March 11, 2021

Case ID: 170300712
Control No.: 21030606

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of the Roosevelt Defendant's Motion of Leave to Take the Trial Deposition of Additional Defendant Daiquan Davis, and any response thereto, it is hereby **ORDERED** and **DECREED** that leave of court is granted to take Davis' deposition. The deposition shall be conducted by all parties via recorded videoconference technology. Each party shall be limited to two (2) hours of questioning of the witness.

BY THE COURT:

_____

J.

Case ID: 170300712
Control No.: 21030606

**KLINE & SPECTER, P.C.**                              Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
|     v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

### PLAINTIFF'S RESPOSNE IN OPPOSITON TO THE ROOSEVELT DEFENDANTS' MOTION FOR LEAVE TO TAKE THE TRIAL DEPOSITON OF ADDITIONAL DEFENDANT DAIQUAN DAVIS

Plaintiff, by and through her attorneys, hereby responds in opposition to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel's (hereinafter collectively the "Roosevelt Defendants") Motion or Leave to Take the Trial Deposition of Additional Defendant Daiquan Davis, who is incarcerated at the U.S. Penitentiary at Terre Haute, Indiana ("USP Terre Haute") as follows:

1.    Denied as stated.  It is admitted only that Plaintiff was the victim of sex trafficking at the Roosevelt Inn when she was 14 years-old in 2014.  Plaintiff's Fourth Amended Complaint is a document that speaks for itself and all characterizations of the Complaint by the Roosevelt Defendants are denied.

Case ID: 170300712
Control No.: 21030606

2. Denied as stated. Plaintiff's Fourth Amended Complaint is a document that speaks for itself and all characterizations of the Complaint by the Roosevelt Defendants are denied.

3. Denied. It is denied that Plaintiff's traffickers allegedly trafficked Plaintiff. Additional Defendants Abdul Lopez and Daiquan Davis are in federal prison serving sentences for sex trafficking *Plaintiff*. It is admitted that Davis is incarcerated at USP Terre Haute and will not be released until 2034.

4. Admitted.

5. Admitted only that the Roosevelt Defendants are seeking leave of court to take the deposition of Additional Defendant Daiquan Davis who is currently incarcerated.

6. Admitted only that Davis was joined by the Roosevelt Defendants as an Additional Defendant. It is denied that Davis' testimony is necessary to establish Davis' liability in this action.

7. Denied as stated. The Roosevelt Defendants are certainly permitted to take Additional Defendant Davis' deposition. However, there is no basis to require that the deposition be conducted in-person at a federal prison during a global health pandemic. It is puzzling that the Roosevelt Defendants objected to the commencement of an in-person trial in this matter on June 21, 2021, but now seek leave to take a deposition in a federal prison in Indiana that can be conducted remotely[1]. There is no reason to expose counsel to such health risks or other people that counsel would come in contact with, including family members. Additionally, there is no reason to risk exposing prison personnel and inmates by proceeding

---

[1] Defendant Alpha-Centurion also objected to starting trial in this case on June 21, 2021 on the basis of health concerns due to the pandemic. Curiously, Defendant Alpha-Centurion has joined the Roosevelt Defendants' Motion for Leave to take Additional Defendant Daiquan Davis' deposition at USP Terre Haute.

Case ID: 170300712
Control No.: 21030606

with an in-person deposition in Indiana that would require attorneys in this case to travel by airplane and then travel directly to the prison. Federal prisons use "bridge" providers such as Connexus Video, Inc. to conduct remote depositions. The videoconference deposition may be recorded. As such, the Defendants would not be prejudiced by the conducting the deposition remotely.

Plaintiff would be unfairly prejudiced in her case if counsel for the Defendants appear in-person and Plaintiff's counsel appeared remotely. Therefore, the equitable remedy is for the deposition of Additional Defendant Davis to be held remotely via videoconference.

8. Admitted in part, denied in part. It is admitted that the Roosevelt Defendants cite to Pa. R. Civ. P. 4007.2(d) and that leave of court is required to take a prisoner's deposition. The remaining averments in this paragraph are denied.

9. Admitted only that Roosevelt Defendants seek leave to take the videotaped trial deposition of Additional Defendant Davis. Additionally, the Roosevelt Defendants advise that the deposition needs to be completed in six hours. Plaintiff assumes that this 6 hour time limit is a requirement of the Terre Haute Prison. Therefore, the Roosevelt Defendants, Defendant Alpha-Centurion, Inc. and Plaintiff should be limited to 2 hours of questioning each so that each party has an equal opportunity to ask questions.

10. Admitted only that per Pa. R. Civ. P. 4007.2(d) "the deposition of a person confined to prison may be taken only be leave of court on such terms as the Court prescribes."

Case ID: 170300712
Control No.: 21030606

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter the attached Order granting leave of court to take the deposition of Additional Defendant Daiquan Davis via recorded videoconference technology and that each party is limited to 2 hours of questioning of the witness.

**KLINE & SPECTER, P.C.**

_____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S BRIEF IN OPPOSITON TO THE ROOSEVELT DEFENDANTS' MOTION FOR LEAVE TO TAKE THE TRIAL DEPOSITON OF ADDITIONAL DEFENDANT DAIQUAN DAVIS

**I.      PRELIMINARY STATEMENT**

Roosevelt Defendants are certainly permitted to take the trial deposition of Additional

Defendant Daiquan Davis. However, there is no basis to require that the deposition be conducted

in-person at a federal prison during a global health pandemic. So that one party is not unfairly

advantaged or disadvantaged, the deposition should be conducted by all parties via recorded

videoconference technology.

**.II.      QUESTION PRESENTED**

Should this Honorable Court grant leave of court so that the parties can take the
deposition of Additional Defendant Daiquan Davis?

Suggested Answer:  Yes. Leave of Court should be granted.  The deposition should be
conducted via recorded videoconference technology so as not to risk the health of those
involved.

Case ID: 170300712
Control No.: 21030606

### III. LEGAL ARGUMENT

The Roosevelt Defendants are certainly permitted to take Additional Defendant Davis' trial deposition. However, there is no basis to require that the deposition be conducted in-person at a federal prison during a global health pandemic. It is puzzling that the Roosevelt Defendant objected to the commencement of an in-person trial in this matter on June 21, 2021, but now seek leave to take a trial deposition in a federal prison in Indiana that can be conducted remotely. Defendant Alpha-Centurion also objected to starting trial in this case on June 21, 2021 on the basis of health concerns due to the pandemic. Curiously, Defendant Alpha-Centurion has joined the Roosevelt Defendants' Motion for Leave to take Additional Defendant Daiquan Davis' deposition at USP Terre Haute.

There is no reason to expose counsel to such health risks or other people that counsel would come in contact with, including family members. Additionally, there is no reason to risk exposing prison personnel and inmates by proceeding with an in-person deposition in Indiana that would require attorneys in this case to travel by airplane and then travel directly to the prison. Federal prisons use "bridge" technology providers such as Connexus Video, Inc. to conduct remote depositions. The videoconference deposition may be recorded. As such, the Defendants would not be prejudiced by the conducting the deposition remotely.

Plaintiff would be unfairly prejudiced in her case if counsel for the Defendants appear in-person and Plaintiff's counsel appeared remotely for the deposition of Additional Defendant Davis. Therefore, the equitable remedy is for the deposition of Additional Defendant Davis to be held remotely via videoconference.

Plaintiff assumes that 6 hour time limit mentioned by the Roosevelt Defendants is a requirement of the Terre Haute Prison. Therefore, the Roosevelt Defendants, Defendant Alpha-

Centurion, Inc., and Plaintiff should be limited to 2 hours of questioning each so that each party has an equal opportunity to ask questions of the witness.

## IV.     CONCLUSION

Plaintiff respectfully requests that this Honorable Court enter the attached Order granting leave of court to take the recorded videoconference trial deposition of Additional Defendant Daiquan Davis and that each party is limited to two (2) hours of questioning of the witness.

**KLINE & SPECTER, P.C.**

_____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney I.D. No.: 57686
Charles S. Marion. Esquire
Attorney I.D. No. 56509
James J. Quinlan, Esquire
Attorney I.D. No.: 200944
Justina L. Byers, Esquire
Attorney I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
        cmarion@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : |
| Plaintiff, | : : : |
| v. | : : |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | : : : : : |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CIVIL TRIAL DIVISION

MARCH TERM, 2017
NO.: 00712

JURY TRIAL DEMANDED

## REPLY BRIEF IN SUPPORT OF MOTION FOR
## LEAVE TO TAKE THE TRIAL DEPOSITION OF
## ADDITIONAL DEFENDANT DAIQUAN DAVIS

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(hereinafter collectively "the Roosevelt Defendants"), by and through their undersigned

attorneys, pursuant to Pa. R. Civ. P. 4007.2(d), hereby file this Reply Brief in support of their

Motion for leave to take the trial videotaped deposition of Additional Defendant Daiquan Davis,

150213.00601/125554504v.1

<span style="color:red">Case ID: 170300712
Control No.: 21030606</span>

who is incarcerated at the U.S. Penitentiary at Terre Haute, Indiana ("USP Terre Haute")

("Motion").

## I. <u>BACKGROUND</u>

On March 4, 2021, the Roosevelt Defendants moved for leave to take the trial deposition of Additional Defendant Daiquan Davis. Defendant Alpha Centurion Security, Inc. joined in the Motion on March 11, 2021. On March 19, 2021, Plaintiff filed a Response in Opposition to the Motion. Plaintiff does not object to the deposition being conducted but opposes the terms requested in the Roosevelt Defendants' Motion, specifically, that the deposition be conducted in person at USP Terre Haute. Plaintiff also seeks a court order apportioning the six hour deposition into equal 2-hour periods of questioning for each party.

## II. <u>ARGUMENT</u>

Plaintiff's opposition to an in-person trial deposition is based on the COVID pandemic. Oddly, Plaintiff's counsel objects to attending an in-person proceeding with 6-7 attendees despite their insistence that an in-person jury trial with 12 jurors, counsel, witnesses and court staff must proceed post haste. In fact, it was Plaintiff's counsel herself, at the Pretrial Conference, who boldly petitioned this Court for an April trial date back in January 2021 long before all the progress that has been made with respect to fighting the pandemic had occurred.

At the Pretrial Conference, in response to numerous concerns about the pandemic, the Court said that it was proceeding as soon as possible with in-person trials, despite the pandemic and the lack of vaccination progress at that time, because its landlord, the City of Philadelphia, in conjunction with the Court, had devised what it thought to be a safe way to conduct in-person jury trials.

150213.00601/125554504v.1

Case ID: 170300712
Control No.: 21030606

Here, the Roosevelt Defendants acknowledge that certain precautions with respect to the pandemic will be necessary to take the in-person trial deposition of Additional Defendant Daiquan Davis, but they have been assured that United States Bureau of Prisons USP Terre Haute's administrators that they are able to and will institute all necessary measures to maintain the safety of participants for the in-person trial deposition in addition to the USP Terre Haute's staff and other inmates. See *Manley v. Bellendir*, No. 18-CV-1220-EFM-TJJ, 2020 WL 2766508, at *2-4 (D. Kan. May 28, 2020), in which the court held that remote depositions were not appropriate where in-person depositions could proceed with adequate safety precautions (personal protective equipment, adequate space to social distance, etc.), where Plaintiff did not contend he had any medical condition that would place him at heightened risk or that the safety precautions were inadequate to protect him. Moreover, Plaintiff's counsel clearly has the option to participate remotely if they do not feel safe attending in-person.

Additional Defendant Daiquan Davis is not only a critical witness but also a party to this case. He has admitted to the trafficking of the Plaintiff; however, Davis denies doing so at the Roosevelt Inn in direct contradiction to Plaintiff's testimony. There is no substitute for assessing a witness and questioning him in person, especially in this situation, where Davis' videotaped deposition will be used in lieu of live testimony at trial because he is unavailable to attend in-person. Removing the in-person interaction will impede counsel's ability to get the most thorough assessment of Davis for the benefit of the jury and the Roosevelt Defendants' defense. Accordingly, the Roosevelt Defendants will be prejudiced if they are not permitted to take Davis' trial deposition in person.

150213.00601/125554504v.1

Case ID: 170300712
Control No.: 21030606

Where the testimony at issue is critical to the case, courts have found that the inherent limitations in remote depositions constitute undue prejudice against the party opposing the remote deposition. See *Davis v. Solaris Oilfield Site Services Operating, LLC*, 2020 U.S. Dist. LEXIS 126091, *18-19 (W.D. Pa. July 17, 2020) (denying protective order and recognizing that "it is understandable that Plaintiff's counsel may insist on taking the deposition of [a witness] in person, despite the risks of travel . . . given the importance of his testimony to the case and the volume of written discovery he would be asked about"). The *Solaris Oilfield* court also noted that a combination of in-person and remote attendance was a "reasonable compromise." *Id.* at *18. See also *In re Fosamax Prods. Liab Litig.*, 2009 WL 539858 at *2 (S.D.N.Y. Mar. 4, 2009) (requiring in-person deposition where "testimony may be critical"); *Birkland v. Courtyards Guest House*, 2011 WL 4738649 at *2 (E.D. La. Oct., 7, 2011) ("The ability to observe a party as he or she answers deposition questions is an important aspect of discovery which the Court will not modify except in cases of extreme hardship."); *Kean v. Board of Trustees of the Three Rivers Reg. Library Sys.*, 321 F.R.D. 448, 453 (S.D. Ga. 2017) (holding party is entitled to in-person deposition where witness is a party rather than a "less important witness."). Here, based particularly on the critical testimony of Additional Defendant Davis, the Court should not prevent the Roosevelt Defendants from seeking in-person testimony of Davis simply because of Plaintiff's *recently* voiced health concerns where the Court has already ordered in-person trials.

In addition, the Roosevelt Defendants intend to mark numerous documents and photographs as exhibits to the deposition. Where a deposition will involve numerous documents, it can be unduly prejudicial for a deposition to proceed remotely, and courts have refused to order remote depositions on this basis. See, *e.g.*, *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 280 (D. Md. 2012) ("Courts have held that the existence of voluminous documents which

4

Case ID: 170300712
Control No.: 21030606

are central to a case, and which the party intends to discuss with the deponent, may preclude a telephonic deposition."); *In re Fosamax Prods. Liab Litig.*, 2009 WL 539858 at \*2 (noting that when a witness is likely to be presented with numerous documents…, anything other than a face-to-face deposition [is] unwieldy."); *Willis v. Mullins*, 2006 WL 894922, at \*3 (E.D. Cal. April 4, 2006) (requiring in-person deposition in light of "unreasonable restraints" of video conferencing, "especially concerning the review and use of documents"); *Silva Run Worldwide, Ltd. v. Gaming Lottery Corp.*, 2003 WL 23009989, at \*2 (S.D.N.Y. Dec. 23, 2003) (rejecting telephonic or video deposition because of importance of testimony and volume of documents).

Plaintiff request that the court limit each party to an equal amount of time – two hours -- to question Davis. Plaintiff fails to state a reason for this inappropriate request. The Roosevelt Defendants are seeking the trial testimony by trial deposition of this otherwise unavailable party and have made the required arrangements with respect to the court reporter, the videographer and videoconferencing platform. While Plaintiff's counsel will be afforded a reasonable amount to question the witness, there is no basis for the court to order the total time of the deposition be divided equally among the parties.

## III.  CONLCUSION

For the foregoing reasons, the Roosevelt Defendants respectfully request leave to take the deposition of defendant Daiquan Davis in person at USP Terre Haute, where Davis is incarcerated. Plaintiff's counsel is welcome to attend remotely or in-person if she so chooses. Moreover, the Roosevelt Defendants respectfully request that the Court deny Plaintiff's request for a division of the total time for the trial deposition. Such a division is neither warranted nor appropriate.

150213.00601/125554504v.1

Case ID: 170300712
Control No.: 21030606

Respectfully submitted,

**BLANK ROME LLP**

Dated:  March 29, 2021

*/s/ James J. Quinlan*
Grant S. Palmer (PA ID# 57686)
Charles S. Marion (PA ID# 56509)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  palmer@blankrome.com
         cmarion@blankrome.com
         quinlan@blankrome.com
         byers@blankrome.com


*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

6

Case ID: 170300712
Control No.: 21030606

**CERTIFICATE OF SERVICE**

I, Justina L. Byers, Esquire, hereby certify that, on this 29th day of March 2021, I caused

a true and correct copy of the foregoing Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and

Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management

Company, LLC and Yagna Patel's Reply Brief in support of Motion for Leave to Take the Trial

Deposition of Additional Defendant Daiquan Davis to be served via the Court's electronic filing

system and/or electronic mail and/or First Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Case ID: 170300712
Control No.: 21030606

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN  47808

*Additional Defendant*

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

*/s/ Justina L. Byers*
JUSTINA L. BYERS

2

Case ID: 170300712
Control No.: 21030606

| | |
|---|---|
| M.B., a Minor by her Guardian, WILLIAM A. CALANDRA, ESQ., | : |
| *Plaintiff*, | : March Term 2017 |
| v. | : Case No. 170300712 |
| ROOSEVELT INN LCC d/b/a ROOSEVELT INN and ROOSEVELTN INN CAFÉ, et al., | : Control No. 21030606 |
| *Defendants*. | : |

## ORDER

**AND NOW**, this **5th** day of **April, 2021**, upon consideration Defendants Roosevelt Inn

LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt

Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion for Leave to Take the

Trial Deposition of Additional Defendant Daiquan Davis, who is confined in the U.S.

Penitentiary at Terre Haute, Indiana, and any response(s) and joinder motion(s) thereto, it is

hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**. The parties are hereby

granted leave to take the trial deposition of Mr. Davis.

It is **FURTHER ORDERED** that the parties may take the videotaped trial deposition of

Mr. Davis **in-person** at USP Terre Haute.

**BY THE COURT:**

B. Etal Vs Roosevelt In-ORDER

||||||||||||||| (barcode)
17030071200317

*Denis P. Cohen* (signature)

_____

DENIS P. COHEN, J.

FILED
06 APR 2021 09:35 am
Civil Administration
D. MCGINNIS

| | | |
|---|---|---|
| M.B., | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff(s), | : | |
| | : | MARCH TERM    2017 |
| V. | : | |
| | : | |
| ROOSEVELT INN LLC D/B/A ROOSEVELT | : | NO.:  00712 |
| INN AND ROOSEVELT CAFE, ET. AL. , | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

### ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of

Capital Specialty Insurance Co.'s Petition to Intervene, and any responses thereto, it is hereby

**ORDERED** that Capital Specialty Insurance Co.' Petition is **GRANTED**. Capital Specialty

Insurance Co. is hereby granted leave to intervene in this action for the purposes of: submitting

proposed jury charges; submitting proposed jury interrogatories, and submitting jury verdict

forms for the limited purpose of determining the extent of its obligations to indemnify Alpha-

Centurion for any liability or obligation imposed as a result of Plaintiff's claims.

**BY THE COURT**:

_____

J.

Case ID: 170300712
Control No.: 21012680

| | | |
|---|---|---|
| **GOLDBERG SEGALLA LLP**<br>**BY: MICHAEL S. SALTZMAN**<br>**ATTORNEY ID NO: 46708**<br>**PO BOX 360, BUFFALO, NY 14201**<br>**1700 MARKET STREET, SUITE 1418**<br>**PHILADELPHIA, PA 19103-3907**<br>T: 267-519-6800<br>F: 267-519-6801<br>Email: msaltzman@goldbergsegalla.com | | *Attorneys for Intervenor, Capital*<br>*Specialty Insurance Company* |
| M.B.,<br><br>Plaintiff(s),<br><br>      V.<br><br>ROOSEVELT INN LLC D/B/A ROOSEVELT<br>INN AND ROOSEVELT CAFE, ET. AL. ,<br><br>Defendant(s). | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MARCH TERM 2017<br><br>NO.: 00712 |

### REPLY BRIEF IN SUPPORT OF INTERVENOR CAPITAL SPECIALTY INSURANCE COMPANY'S PETITION TO INTERVENE

Capital Specialty Insurance Co. (hereinafter "CSIC"), by and through its undersigned counsel of Goldberg Segalla LLP, hereby submits this reply brief in support of its petition for leave to intervene in this action, pursuant to Pennsylvania Rule of Civil Procedure 2326, et. seq., and in response to Plaintiff's Brief in Opposition. As explained more thoroughly below, CSIC's petition should be granted as CSIC demonstrated that it is entitled to the requested relief under the law, and Plaintiff fails to support its bald, conclusory assertions that CSIC's interests are protected with any facts or applicable law.

### I. LEGAL ARGUMENT

#### a. CSIC Qualifies For Intervention Pursuant to Pa.R.C.P. 2737

In the opposition, Plaintiff asserts baldly that: 1) CSIC lacks standing to intervene in the action; and 2) that its "potential interests are already adequately represented in this

Case ID: 170300712<br>Control No.: 21012680

litigation by its insured, Defendant Alpha-Centurion." (*See* Plaintiff's Brief at section IV, B). In so arguing however, Plaintiff ignores the fact that CSIC explicitly qualifies to intervene in accordance with Pa.R.C.P. 2737(1) and 2737(4), which directs that a party "shall be permitted to intervene, if:

> **(1)** the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or
> ...
> **(4)** the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.C.P. 2327(1), (4).

In this matter, Plaintiff acknowledges that CSIC may be liable to indemnify Alpha Centurion and that any determination in the present action may affect CSIC's legally enforceable interest. Accordingly, it is uncontroverted that CSIC qualifies to intervene in accordance with Pa.R.C.P. 2737. Presumably because Plaintiff cannot substantively challenge that fact, Plaintiff argues CSIC does not have a "present interest" in the litigation. Plaintiff does not provide any legal support for its interpretation of Pa.R.C.P. 3737, which Plaintiff implies requires a "present interest." Given that any judgment entered in this action, bears upon the question of CSIC's duty to indemnify Alpha Centurion, CSIC "shall be permitted" to intervene in this action, pursuant to Pa.R.C.P. 2327(1) and (4).

> **b.** **None of the Exceptions in Pa.R.C.P. 2329 Apply as CSIC's Interest Are Not Adequately Represented, And CSIC's Limited Participation Will not Delay or Prejudice the Rights of the Parties to the Action**

Given the apparent weakness in Plaintiff's argument that CSIC does not have standing, Plaintiff primarily focuses on the argument that CSIC's interests are "already adequately represented," and thus intervention should be denied. *Id*. Notably, Plaintiff

Case ID: 170300712
Control No.: 21012680

does not set forth any facts to support the argument. In fact, Plaintiff conveniently ignores the facts asserted by CSIC, and CSIC's reliance on and citation to Pennsylvania cases that specifically states that an insurer's interests are not protected simply by virtue of assigning defense counsel to represent its insured. *See for e.g. Battista v. Buckley*, 49 Pa. D. & C.3d 274, 277-78 (C.P. 1988) (Permitting intervention of an insurer after finding that the insurer's interest were not protected and stating that "[i]t seems very obvious that when counsel represents an insured and his insurance carrier, he is in many instances, such as this one, serving two masters."); *Vaksman v. Zurich Gen. Acci. & Liab. Ins. Co.*, 94 A.2d 186, 188 (Pa. Super. Ct. 1953) ("It was not possible for [t]he company … to defend the insured, and at the same time to protect its own interests.").

In this case, CSIC's interest in obtaining the specific basis for the imposition of any liability upon Alpha Centurion for the purposes of determining its obligations and duty under the aforementioned policies is not adequately represented by any other party of record in this case. CSIC's interest is different in kind and degree from the interest of Alpha Centurion and its defense counsel, which is made evident by the fact that Alpha Centurion's counsel is prohibited from taking any position or making any inquiries that could or would impact Alpha Centurion's insurance coverage. CSIC is currently defending Alpha Centurion subject to the right to deny coverage, to refuse to indemnify, and to recover costs incurred on several grounds, including the right to disclaim the obligation to indemnify Alpha Centurion for, *inter alia*: 1) any liability or legal obligation that it incurs that is not "bodily injury," as defined in the Primary Policy; 2) any liability or legal obligation that it incurs that is not "bodily injury," that results from an "occurrence," as defined in the Primary Policy; 3) any liability or legal obligation that it

Case ID: 170300712
Control No.: 21012680

incurs for damages that did not occur during the policy period, i.e. 8/5/13 -8/5/14; 4) any liability or legal obligation that it incurs for damages that are not covered by the policy, including claims for punitive damages, exemplary damages or statutory damages; and 5) any liability or legal obligation that it incurs for damages that are expected or intended from Alpha Centurion's standpoint. Thus, CSIC has an interest in obtaining the specific basis for any judgment issued against Alpha Centurion and the specific causes of action upon which the jury will be asked to find liability. For example, CSIC has an interest in information regarding the dates of the any alleged actions, whether any actions were deemed intentional or negligent, etc.

Again, rather than address the merits of CSIC's argument as noted above, Plaintiff cherry-picks which arguments to address, and argues that CSIC's reliance on the *Butterfield v. Giuntoli*, 670 A.2d 646 (Pa. Super. Ct. 1995) is "incorrect." In making said argument, Plaintiff misconstrues CSIC's position and the scope of the relief CSIC requests. CSIC is not seeking "unfettered access" in the instant action; rather, CSIC seeks to intervene in this matter for the very limited purpose of submitting interrogatories, charges, and verdict forms, to the jurors at the time of trial in this matter for the purposes of ascertaining the extent of CSIC's obligations to indemnify its insured and named defendant Alpha-Centurion. In *Butterfield*, the Superior Court specifically acknowledged that intervention in an underlying proceeding may be the most appropriate course of action for an insurer to determine its duty to indemnify and avoid claims of bad faith for failure to fully investigate the imposition of liability on its insured. *Id*. at 658.

29571596.v1

Case ID: 170300712
Control No.: 21012680

In addition, Plaintiff focuses its arguments on the issue of punitive damages, and does not address CSIC's interest in obtaining input from the jurors on the other points on which CSIC reserved its rights.

Finally, the third consideration under Pa.R.C.P. 2329 does not apply as CSIC's intervention in this action will not unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties, as CSIC sought to intervene while the action is currently pending in accordance with Pa.R.C.P. 2327, and CSIC seeks to intervene in this action for a very limited purpose, which does not involve any additional discovery or pleadings. Plaintiff cannot assert that CSIC's participation will delay or prejudice the parties in this action when Plaintiff actually argues that CSIC's intervention is "premature," and should be addressed even later.

Accordingly, because CSIC qualifies to intervene under Pa.R.C.P. 2327(1) and (4), and none of the factors to justify refusal of its petition apply, CSIC must be permitted to intervene in this action and afforded the opportunity to: (1) submit proposed jury charges; (2) submit purposed jury interrogatories; and/or (3) submit jury verdict forms for the limited purposes of determining the extent of its obligations to indemnify Alpha-Centurion for any liability or obligation imposed as a result of Plaintiff's claims. See *Larock v. Sugarloaf Twp. Zoning Hearing Bd.*, 740 A.2d 308, 313 (Pa. Commw. Ct. 1999) ("the effect of Rule 2329 is that if the petitioner is a person within one of the classes described in Rule 2327, the allowance of intervention is mandatory, not discretionary, unless one of the grounds for refusal under Rule 2329 is present.").

## II.    RELIEF REQUESTED

Accordingly, as CSIC is an entity within the classes described in Pa.R.C.P. 2327, and the grounds for refusal under Pa.R.C.P. 2329 are not present on the facts in this

29571596.v1

Case ID: 170300712
Control No.: 21012680

matter, this Court must permit CSIC to intervene for the purposes of submitting jury charges, special interrogatories or a jury verdict form that will help eliminate uncertainty about coverage issues for a jury verdict.

**GOLDBERG SEGALLA LLP**

BY: _s/ Michael S. Saltzman_

MICHAEL S. SALTZMAN, ESQ.
Attorneys for Intervenor, Capital Specialty
Insurance Company

Dated: April 6, 2021

29571596.v1

Case ID: 170300712
Control No.: 21012680

**CERTIFICATE OF SERVICE**

I, Michael S. Saltzman, Esq., hereby certify that a true and correct copy of Capital Specialty Insurance Company's Reply Brief in Support of its Petition to Intervene was served on all counsel of record via the Court's e-filing system.

**GOLDBERG SEGALLA LLP**

BY: *s/ Michael S. Saltzman*
     MICHAEL S. SALTZMAN, ESQ.
     Attorneys for Intervenor, Capital Specialty
     Insurance Company

Dated: April 6, 2021

29571596.v1

Case ID: 170300712
Control No.: 21012680

FILED
06 MAY 2021 03:26 pm
Civil Administration
F. HEWITT

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>Plaintiff,<br><br>v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>Defendants,<br><br>v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>Additional Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2021, upon consideration of

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor

Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's

Motion to Continue Trial and any responses thereto, it is hereby ORDERED that said Motion is

GRANTED and the trial date and all other case management dates in this matter shall be

continued by 90 days, in accordance with an Amended Scheduling Order by the Court.

**BY THE COURT:**

_____
                                                                                          J.

Case ID: 170300712
Control No.: 21051090

In the Court of Common Pleas of Philadelphia County

# MOTION FOR EXTRAORDINARY RELIEF

*(Check One Program)*

- [ ] Commerce
- [x] Day Forward/Major Jury
- [ ] Arbitration Appeal
- [ ] Mass Tort
- [ ] Non-Jury

CONTROL NUMBER

M.B.
_____
                    Plaintiff(s)

vs.

ROOSEVELT INN LLC d/b/a ROOSEVELT INN, et al.
_____
                    Defendant(s)

: March _____ TERM, 2017
:       *Month*              *Year*
:
:
:
:
: No.: 00712
:

Filing of: ROOSEVELT INN LLC d/b/a ROOSEVELT INN, et al.
_____
           *Name of Filing Party*

- [ ] Plaintiff
- [x] Defendant
- [ ] Movant
- [ ] Respondent

| NAME OF PLAINTIFF AND COUNSEL | NAME OF DEFENDANT AND COUNSEL |
|---|---|
| M.B.<br>Thomas R. Kline, Esquire<br>Nadeem A. Bezar, Esquire<br>Emily B. Marks, Esquire<br>Kyle Nocho, Esquire<br>Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102 | Roosevelt Inn LLC d/b/a Roosevelt Inn and<br>Roosevelt Inn Café, Roosevelt Motor Inn, Inc.<br>UFVS Management Company, LLC and<br>Yagna Patel<br>Charles S. Marion, James J. Quinlan, Justina L. Byers, Blank Rome LLP<br>One Logan Square<br>Philadelphia, PA 19103 |

ASSIGNED TRACK *(Check one)*

- [ ] Expedited
- [ ] Standard
- [x] Complex
- [ ] Extraordinary

CURRENT APPLICABLE CASE MANAGEMENT DEADLINES *(Complete all dates subsequent to the date you are asking to be extended)*

- [ ] Discovery Deadline _____
- [ ] Expert Discovery _____
- [ ] Motion Deadline _____
- [ ] Settlement Conference   May 27, 2021
- [ ] Pretrial Memo _____
- [ ] Trial Date   June 21, 2021

NAME OF JUDICIAL TEAM LEADER

# Denis Cohen

SET FORTH DATES OF ISSUANCE OF ORDERS ON PREVIOUSLY FILED MOTIONS FOR EXTRAORDINARY RELIEF - ATTACH COPIES OF THOSE ORDERS

Plaintiff filed two Motions for Extraordinary Relief, on July 25, 2018, granted on Aug. 10, 2018 and on January 10, 2019, granted on January 28, 2019. Defendants have not filed prior Motions for Extraordinary Relief.

01-5 (Rev.08/13/2014)

Case ID: 170300712
Control No.: 21051090

Set forth the efforts made to comply with the applicable deadlines; specify what needs to be done; set forth all relevant activity which has already been scheduled; and length and reason for the time requested.

The parties have complied with previous deadlines to date. Trial in this matter is scheduled for June 21, 2021 with jury selection scheduled for June 17, 2021. Plaintiff's claims against defendants arise from allegations of sex trafficking. Plaintiff's initial Complaint was hailed as the first of its kind in Pennsylvania and garnered significant media attention. Sicne the case was filed in March 2017, defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (collectively the "Roosevelt Defendants") have been represented primarily by James J. Quinlan of Blank Rome LLP. Attorney Quinlan unexpectedly announced his resignation and will be leaving Blank Rome LLP on May 6, 2021 to take a position as Chief Legal Officer, General Counsel and Secretary of an emerging technology company.

Attorney Quinlan was the primary counsel involved in every aspect of the litigation on behalf of the Roosevelt Defendants. He interviewed every witness. He took or defended almost every deposition. He reviewed every page of material produced by the Roosevelt Defendants, Plaintiff and many non-parties. He participated in every phase of discovery, investigation, analysis and strategy. He was the primary contact for the owners, manager and employees of the Roosevelt Inn, as well as the insurance carriers and expert witnesses. He also has been the primary contact with Plaintiff's counsel and counsel for co-defendant Alpha-Centurion Security Co.

The Roosevelt Defendants will be severely prejudiced if replacement counsel for Attorney Quinlan is not afforded an adequate period of time to learn the case, including reviewing thousands of pages of documents, more than 30 deposition transcripts, meeting the clients, expert witnesses and key fact witnesses.

In addition, the respective primary and excess liability carriers for the Roosevelt Defendants have disclaimed coverage. The coverage dispute is the subject of a litigation pending in federal court in the Eastern District of Pennsylvania, which involves seven different insurance carriers and third, fourth and fifth party claims. Motions to dismiss and motions for judgment on the pleadings remain pending, some for more than a year. The Roosevelt Defendants, hampered in their ability to identify available insurance coverage, are at a deficit in terms of engaging in meaningful settlement negotiations.

A COPY OF THIS MOTION WAS SENT OR WILL BE SENT TO THE FOLLOWING PARTIES OR COUNSEL ON THE FOLLOWING DATES:

Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter - counsel for Plaintiff
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner Coleman & Goggin- counsel for Alpha Centurion Security Co.
Princon Drux and Abdul Lasus - Additional Defendants, pro se - All served and notice to be served May 6, 2021

Response due: __May 16, 2021__ *(within10 days of filing of Motion)*

I certify the above to be true and correct.

Respectfully submitted,

Date: __May 6, 2021__

*Charles S. Marion*
_____
Charles S. Marion , Esquire
*Attorney for Defendant*

01-5 (Reverse)

| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW,** this _10_ day of _Aug_ , 2018, upon consideration of Minor-Plaintiff's

Motion for Extraordinary Relief, it is hereby **ORDERED** and **DECREED** that the Motion is

**GRANTED.** It is further ORDERED that the discovery, expert and motion deadlines are extended

~~consistent with the following revised case management deadlines:~~

_for 6 months from the current case management order. A New case management order shall issue on the complex track._

DISCOVERY DEADLINE: 4/1/19

PLAINTIFF EXPERT DEADLINE: 5/1/19

DEFENDANT EXPERT DEADLINE: 6/1/19

MOTION DEADLINE: 6/1/19

SETTLEMENT CONFERENCE: 6/1/19

PRETRIAL CONFERENCE: 7/1/19

TRIAL READY DATE: 8/1/19

**BY THE COURT:**

_Shelley Robins New_

_____ J.

B. Etal Vs Roosevelt In-ORDER


17030071200083

Case ID: 170300712
Control No.: 18070511090

IN THE COURT OF COMMON PLEAS OF PHILADLEPHIA

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

CIVIL TRIAL DIVISION

M.B., MINOR BY HER GUARDIAN, : **MARCH TERM, 2017**
WILLIAM A. CALANDRA, ESQUIRE : NO:  00712
 :
VS. :
 :
ROOSEVELT INN, LLC D/B/A ROOSEVELT :
INN AND ROOSEVELT INN CAFÉ, ET AL :

## ORDER

  **AND NOW,** this 25th day of January, 2019, upon consideration of the Motion for Extraordinary

Relief, and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is

**GRANTED**.  All case management deadlines are extended for six (6) months from the prior Case

Management Order.  A new Case Management Order will follow.

BY THE COURT:

_____
ROBINS NEW, J.

Case ID: 170300712
Control No: 19011676

B. Etal Vs Roosevelt In-ORDER

17030071200139

Case ID: 170300712
Control No.: 21051090

**BLANK ROME LLP**
Charles S. Marion, Esquire
PA I.D. No. 56509
James J. Quinlan, Esquire
PA I.D. No. 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
          quinlan@blankrome.com
          byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | |
| | : | MARCH TERM, 2017 |
| v. | : : | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : : | |

### MOTION TO CONTINUE TRIAL

Case ID: 170300712
Control No.: 21051090

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (hereinafter collectively "the Roosevelt Defendants"), by and through their undersigned counsel, hereby move the Court for a short continuance of the trial date in this matter. In support of this motion, the Roosevelt Defendants aver as follows:

1. This matter is currently scheduled for a two-week trial beginning on June 21, 2021 with jury selection scheduled for June 17, 2021.

2. Plaintiff asserts claims for negligence and negligent infliction of emotional distress against the Roosevelt Defendants and Alpha-Centurion Security, Inc. Plaintiff's initial Complaint was hailed as the first of its kind in Pennsylvania, filed pursuant to Pennsylvania's Human Trafficking Law, and it garnered a fair amount of publicity.[1]

3. Discovery in this matter was robust. The Roosevelt Defendants produced more than 5,000 pages of documents. The parties served more than 50 subpoenas on non-parties, obtaining thousands of pages of documents, and took approximately 30 depositions.

4. Throughout the entire course of this litigation, the Roosevelt Defendants have been defended in this action by Blank Rome LLP, and principally by attorney James J. Quinlan of that firm ("Attorney Quinlan"). Attorney Quinlan entered his appearance in the case shortly after it was filed. However, approximately two weeks ago, Attorney Quinlan submitted his resignation to Blank Rome LLP to accept a position as Chief Legal Officer, General Counsel and Secretary of LifeBrand, an emerging technology company. His final day at Blank Rome is May 7, 2021. See Affidavit of James J. Quinlan, attached hereto as Exhibit A.

---

[1] Plaintiff has amended her Complaint multiple times (the operative Complaint is Plaintiff's Fourth Amended Complaint) and no longer pursues any statutory claims.

2

Case ID: 170300712
Control No.: 21051090

5.     Attorney Quinlan has been the primary attorney working on the matter and has been personally and very actively involved in every aspect of the litigation, from discovery to trial preparation.[2] Attorney Quinlan has been the primary contact for the owners, manager, staff and insurance carriers of the Roosevelt Defendants, as well as the primary contact for opposing and co-defense counsel and the Roosevelt Defendants' expert witnesses. Attorney Quinlan has taken or defended almost every deposition, and has spearheaded the Roosevelt Defendants' litigation strategy and activities. His departure from Blank Rome LLP just six weeks prior to the trial in this matter presents a serious challenge for the Roosevelt Defendants' counsel in preparing adequately for trial, which preparation will necessarily involve new counsel reviewing tens of thousands of pages of documents produced by the parties by non-parties, more than 30 deposition transcripts, multiple expert reports, numerous evidentiary and other legal issues, in addition to attending to numerous other trial preparation tasks. Attorney Quinlan has also been fully engaged, and effectively serving as lead counsel for the Roosevelt Defendants, in the ongoing and robust discovery proceedings in the four separate cases referenced above.

6.     The Roosevelt Defendants submitted claims pursuant to multiple liability insurance policies it purchased for the carriers to defend and indemnify them in this action. Two of those carriers, the Roosevelt Defendants' primary and excess carriers, Samsung Fire and Marine Ins. Co., Ltd. and ACE Insurance Co. have disclaimed coverage under their respective policies. The coverage dispute, which involves third, fourth and fifth party claims and several additional carriers as well, is the subject of litigation pending in the United States

---

[2] Attorney Quinlan has also been the primary attorney representing the Roosevelt Defendants in four other matters involving allegations of sex trafficking pending in this court, captioned C.A., v. Roosevelt Inn, et al., B.H. v. Roosevelt Inn, et al., K.R. v. Roosevelt Inn, et al. and A.H. v. Roosevelt Inn et al.

Case ID: 170300712
Control No.: 21051090

District Court for the Eastern District of Pennsylvania, *Samsung Fire and Marine Ins. Co. v. UFVS Management Company, LLC, Roosevelt Motor Inn, Inc., Roosevelt Inn, LLC and Yagna Patel v. Ace Property and Casualty Ins. Co., Harleysville Preferred Ins. Co., and Nationwide Mutual Ins. Co.*, Case no. 2:18-cv-04365-CDJ (the "Coverage Action").[3] Multiple motions have been filed and fully briefed but remain pending in the Coverage Action, including motions for judgment on the pleadings and motions to dismiss various direct claims and crossclaims. Determination of those motions, and of the Coverage Action as a whole, would greatly increase the possibility of the parties exploring and negotiating a possible resolution of this case prior to trial.

7. However, with the Coverage Action and motions filed in that action still pending, and the coverage issues and disputes as to the applicability of the Roosevelt Defendants' primary and excess liability policies unresolved, the Roosevelt Defendants are unable to engage fully in meaningful settlement negotiations and are therefore at a significant disadvantage going into a trial.

8. In consideration of Attorney Quinlan's longstanding and prominent role as primary/lead counsel for the Roosevelt Defendants in this matter and his unexpected and imminent departure from Blank Rome and withdrawal as attorney of record for the Roosevelt Defendants in this case, the complexity of the litigation and the enormity of the task for Attorney Quinlan's replacement counsel to be prepared to try the case, and to allow more time for the federal court to determine and resolve the outstanding insurance coverage issues

---

[3] In addition to those identified in the caption, the litigation also involves Philadelphia Indemnity Ins. Co. and Capitol Specialty Ins. Co. as fourth and fifth party defendants, respectively.

Case ID: 170300712
Control No.: 21051090

impacting the Roosevelt Defendants' ability to engage in meaningful and productive settlement discussions in this case, the Roosevelt Defendants seek a 90-day continuance of the trial.

The requested brief continuance will not prejudice any of the other parties.

WHEREFORE, the Roosevelt Defendants respectfully request that the Court grant the motion of the Roosevelt Defendants and continue the trial date and all other case management dates by 90 days.

Respectfully submitted,

**BLANK ROME LLP**

Dated: May 6, 2021

*/s/ Charles S. Marion*
Charles S. Marion, Esquire (Pa. I.D. No. 56509
James J. Quinlan, Esquire (Pa. I.D. No. 200944)
Justina L. Byers, Esquire (Pa. I.D. No. 76773)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com

5

Case ID: 170300712
Control No.: 21051090

**BLANK ROME LLP**
Charles S. Marion, Esquire
PA I.D. No. 56509
James J. Quinlan, Esquire
PA I.D. No. 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
quinlan@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 |
| v. | : : | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : : | |

**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S
MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO CONTINUE TRIAL</u>**

Case ID: 170300712
Control No.: 21051090

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (hereinafter collectively "the Roosevelt Defendants"), by their undersigned counsel, hereby file this memorandum of law in support of their Motion to Continue the Trial Date.

## I.   **QUESTION PRESENTED**

Should the Court grant the Motion of the Roosevelt Defendants and continue the trial date and all other case management dates by 90 days?

Suggested answer:  Yes.

The Roosevelt Defendants' primary counsel since the inception of this matter, which is scheduled for a two-week trial beginning June 21, 2021, has been Attorney James J. Quinlan ("Attorney Quinlan") of Blank Rome LLP.  Attorney Quinlan recently announced his resignation from Blank Rome LLP; his final  day at Blank Rome LLP is May 7, 2021.  Attorney Quinlan has been personally and very actively involved in every phase of the litigation, including documentary and deposition discovery, investigation, motion practice, client contact, expert witness contact, and to this point, trial preparation.  The Roosevelt Defendants will be prejudiced if replacement counsel is not afforded the time necessary to learn the case and prepare an able defense at trial.   In addition, the Roosevelt Defendants primary and excess insurance carriers have disclaimed coverage and are currently involved in a coverage dispute litigation in federal court involving seven different carriers and third, fourth and fifth party claims, with multiple dispositive motions pending.  Accordingly, the Roosevelt Defendants seek a 90-day continuance of the trial in this matter.

Case ID: 170300712
Control No.: 21051090

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this civil action, initially alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc.  Plaintiff amended her Complaint four times, most recently omitting the statutory claim.  Plaintiff alleges that she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises.  She has identified her traffickers as Daiquan Davis and Abdul Lopez, who were convicted and are serving time in federal penitentiaries for their trafficking crimes.  The Roosevelt Defendants joined Davis and Lopez to the litigation as Additional Defendants.  The Complaint, when filed, was hailed as the first of its kind to be filed in Pennsylvania and garnered significant media attention.

Plaintiff's allegations place a number of facts at issue, relating to, among other things, if and when she was trafficked at the Roosevelt Inn.  Also at issue is the extent of damages, if any, sustained by Plaintiff.

The nature of Plaintiff's claims and the factual questions they raised resulted in a robust discovery period, which involved the exchange of thousands of pages of documents, interviews and depositions of more than 30 witnesses, investigation, motion practice and the service of subpoenas upon more than 50 non-parties.

Since the time of Plaintiff's initial Complaint, Attorney Quinlan has been the primary counsel involved in every aspect of the litigation on behalf of the Roosevelt Defendants.  He interviewed every witness.  He took or defended almost every deposition.  He reviewed every

Case ID: 170300712
Control No.: 21051090

page of material produced by the Roosevelt Defendants, Plaintiff and many non-parties. He participated in every phase of discovery, investigation, analysis and strategy. He was the primary contact for the owners, manager and employees of the Roosevelt Inn, as well as the insurance carriers and expert witnesses. He also has been the primary contact with Plaintiff's counsel and counsel for co-defendant Alpha-Centurion Security Co.[4]

The Roosevelt Defendants will be severely prejudiced if replacement counsel for Attorney Quinlan is not afforded an adequate period of time to learn the case, including reviewing thousands of pages of documents, more than 30 deposition transcripts, meeting the clients, expert witnesses and key fact witnesses. By contrast, a brief 90-day continuance will not prejudice any party.

In addition, the respective primary and excess liability carriers for the Roosevelt Defendants have disclaimed coverage. The coverage dispute is the subject of a litigation pending in federal court in the Eastern District of Pennsylvania, which involves seven different insurance carriers and third, fourth and fifth party claims (the "Coverage Action"). Motions to dismiss and motions for judgment on the pleadings remain pending, some for more than a year. Determination of those motions, and of the Coverage Action as a whole, would greatly increase the possibility of the parties exploring and negotiating a possible resolution of this case prior to trial

---

[4] Attorney Quinlan has also been the primary attorney representing the Roosevelt Defendants in four other matters involving allegations of sex trafficking pending in this court, captioned C.A., v. Roosevelt Inn, et al., B.H. v. Roosevelt Inn, et al., K.R. v. Roosevelt Inn, et al. and A.H. v. Roosevelt Inn et al. Attorney Quinlan has been fully engaged in the current robust discovery proceedings in those four matters.

4

Case ID: 170300712
Control No.: 21051090

## III.    RELIEF REQUESTED

In consideration of the above facts, the Roosevelt Defendants respectfully request this Court grant a 90-day continuance of the trial in this matter, with a corresponding 90-day continuance of all pre-trial case management dates.

Respectfully submitted,

**BLANK ROME LLP**

Dated:  May 6, 2021

_/s/ Charles S. Marion_

Charles S. Marion, Esquire (Pa. I.D. No. 56509)
James J. Quinlan, Esquire (Pa. I.D. No. 200944)
Justina L. Byers, Esquire (Pa. I.D. No. 76773)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
quinlan@blankrome.com
byers@blankrome.com

Case ID: 170300712
Control No.: 21051090

## CERTIFICATE OF SERVICE

I, Justina L. Byers, hereby certify that, on this 6th day of May 2021, I caused true and correct copies of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's forgoing Motion to Continue Trial and accompanying memorandum of law to be served via the Court's electronic filing system and/or electronic mail and/or First Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21051090

And

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ *Justina L. Byers*
JUSTINA L. BYERS

2

Case ID: 170300712
Control No.: 21051090

# EXHIBIT A

Case ID: 170300712
Control No.: 21051090

**BLANK ROME LLP**
Charles S. Marion, Esquire
PA I.D. No. 56509
James J. Quinlan, Esquire
PA I.D. No. 200944
Justina L. Byers, Esquire
PA I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        quinlan@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | |
| v. | MARCH TERM, 2017<br>NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC. | JURY TRIAL DEMANDED |
| Defendants, | |
| v. | |
| DAIQUAN DAVIS and ABDUL LOPEZ | |
| Additional Defendants. | |

## AFFIDAVIT OF JAMES J. QUINLAN

Case ID: 170300712
Control No.: 21051090

1. My name is James J. Quinlan. I have been licensed to practice law in Pennsylvania since 2006 and I have been employed with Blank Rome since 2007, being named a Partner to the Firm on January 1, 2017.

2. From the inception of the MB Litigation, I have been intricately involved in all aspects of the lawsuit including serving as the primary contact for the client and all of its employees and the insurers and its representative and the client's experts.

3. I have also played a leading and/or and most often the lead role in all strategic defense decisions for our clients as the matter progressed through discovery and now in this pretrial phase.

4. The file is one of the largest in size that I have been challenged to handle during my 15 year plus legal career and I have spent significant time over the last four years developing sufficient knowledge and subject matter expertise to defense our clients at trial.

5. On April 15, 2021, I provide notice of my resignation from my Partnership with Blank Rome, LLP having accepted a position to serve as the first Chief Legal Officer, General Counsel and Secretary for LifeBrand, LLC, a tech start-up company located in West Chester, PA.

6. My final day of work at Blank Rome, LLP is May 7, 2021.

7. In my view, a trial continuance is appropriate and necessary to give my Partners and colleagues the opportunity to analyze and digest significant volume of information that has been produced and develop during all phases of this matter.

*/s/ James J. Quinlan*
JAMES J. QUINLAN

May 6, 2021

Case ID: 170300712
Control No.: 21051090

**BLANK ROME LLP**
Grant S. Palmer
PA I.D. No. 57686
Charles S. Marion, Esquire
PA I.D. No. 56509
James J. Quinlan, Esquire
PA I.D. No. 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      cmarion@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC, and*
*Yagna Patel*

Filed and Attested by the
Office of Judicial Records
06 MAY 2021 12:34 pm
M. RUSSO

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 |
| v. | : : | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : : : | |

Case ID: 170300712

**WITHDRAWL OF APPEARANCE**

TO THE PROTHONOTARY:

Kindly withdraw my appearance as co-counsel on behalf of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel in the above captioned matter.

Respectfully submitted,

Dated: May 6, 2020

*/s/ Grant S. Palmer*

Grant S. Palmer, Esquire (Pa. I.D. No. 57686)
**BLANK ROME LLP**
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500

*Attorney for Defendants*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*UFVS Management Company, LLC and*
*Yagna Patel*

2

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, Justina L. Byers, hereby certify that, on this 6th day of May 2021, I served a copy of the foregoing Withdrawal of Appearance via the Court's electronic filing system and/or First Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

And

Abdul Lopez

Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

*/s/ Justina L. Byers*
JUSTINA L. BYERS

Case ID: 170300712

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>           Plaintiff,<br><br>     v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>         Defendants,<br><br>     v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>        Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

*Filed and Attested by the Office of Judicial Records 10 MAY 2021 11:25 am E. HAURIN*

## <u>WITHDRAWL OF APPEARANCE</u>

TO THE PROTHONOTARY:

    Kindly withdraw my appearance on behalf of the Roosevelt Defendants, UFVS

Management Company, LLC and Yagna Patel in the above captioned matter.

                        Respectfully submitted,

Dated:  May 10, 2021               */s/ James J. Quinlan*

                                James J. Quinlan, Esquire (Pa. I.D. No. 200944)
                                **BLANK ROME LLP**
                                One Logan Square
                                130 North 18th Street
                                Philadelphia, PA 19103-6998
                                Tel.: (215) 569-5500

                                *Attorney for Defendants*
                                *Roosevelt Inn LLC d/b/a Roosevelt Inn and*
                                *Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
                                *UFVS Management Company, LLC and*
                                  *Yagna Patel*

Case ID: 170300712

## CERTIFICATE OF SERVICE

I, James J. Quinlan, hereby certify that, on this 10th day of May 2021, I served a copy of

the foregoing Withdrawal of Appearance via the Court's electronic filing system and/or First

Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

And

Abdul Lopez

Case ID: 170300712

Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*


                                    */s/ James J. Quinlan*
                                    JAMES J. QUINLAN

150213.00601/125835541v.1

Case ID: 170300712

In the Court of Common Pleas of Philadelphia County

**RESPONSE TO MOTION FOR EXTRAORDINARY RELIEF**

*(Check One Program)*

☐ Commerce ☐ Mass Tort

☑ Day Forward/MajorJury ☐ Non-Jury

☐ Arbitration

CONTROL NUMBER

| CAPTION | COURT TERM AND NUMBER |
|---|---|
| M.B. (Plaintiff)<br><br>v.<br><br>Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, et al. (Defendants) | **March Term, 2017 No. 00712**<br><br>NAME OF RESPONDING PARTY AND COUNSEL<br>M.B.<br>Nadeem A. Bezar, Esquire<br>Emily B. Marks, Esquire<br>Kyle B. Nocho, Esquire<br>Kline & Specter P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102 |
| NAME OF PLAINTIFF AND COUNSEL<br>M.B.<br>Counsel: Nadeem A. Bezar, Esquire, Emily B. Marks, Esquire, and Kyle B. Nocho, Esquire<br>Kline & Specter P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102 | NAME OF DEFENDANT AND COUNSEL<br>Defendants: Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel<br>Counsel: James J. Quinlan, Esq., Charles S. Marion, Esq., Justina L. Byers, Esq., Blank Rome LLP<br>Defendant: Alpha-Centurion Security, Inc.<br>Counsel:Thomas P. Wagner, Esq., Robert W. Stanko, Esq., Melanie J. Foreman, Esq., Marshall Dennehey Warner Coleman & Goggin<br>Defendant: Daiquan Davis, pro se<br>Defendant: Abdul Lopez, pro se |

SET FORTH YOUR POSITION CONCERNING THE MOVING PARTY'S REQUESTED RELIEF (ATTACH PROPOSED ORDER)

See attached for Plaintiff's Response in Opposition to the Motion for Extraordinary Relief.

A COPY OF THE RESPONSE WAS SENT OR WILL BE SENT TO THE FOLLOWING PARTIES AND/OR COUNSEL ON THE DATES SET FORTH BELOW

James J. Quinlan, Esq., Charles S. Marion, Esq., and Justina L. Byers, Esq., (Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel), Thomas P. Wagner, Esq., Robert W. Stanko, Esq., and Melanie J. Foreman, Esq., (Counsel for Defendant Alpha-Centurion Security, Inc.), Defendant Daiquan Davis (Pro se), and Defendant Abdul Lopez (Pro se) on 05/11/2021.

I certify the above to be true and correct.

Respectfully submitted,

Date: 05/11/2021

Kyle B. Nocho, Esquire

*Attorney for Plaintiff/Defendant*

01-004 (Rev. 08/2014)

Case ID: 170300712
Control No.: 21051090

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2021, upon consideration of the Motion for Extraordinary Relief of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn Café, Roosevelt Motor Inn, Inc., d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel (collectively "the Roosevelt Inn Defendants"), Plaintiff's Response in Opposition, and any additional response thereto, it is hereby **ORDERED** and **DECREED** that the Roosevelt Inn Defendants' Motion for Extraordinary Relief is **DENIED**.

**BY THE COURT:**

_____
                                    J.

Case ID: 170300712
Control No.: 21051090

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION FOR EXTRAORDINARY RELIEF BY DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL

Plaintiff M.B., by and through her attorneys, hereby responds in opposition to the Motion for Extraordinary Relief by Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel (hereinafter collectively "the Roosevelt Inn Defendants").

The Roosevelt Inn Defendants premise their request to delay trial on the withdrawal of one of their attorneys when there are already two other attorneys capably representing the Roosevelt Inn Defendants.[1]  The Roosevelt Inn Defendants ask for a delay of trial by 90 days without a date certain.  Finding a new trial date in this litigation in September when all counsel in this litigation are available is extremely unlikely, based on all of the counsels' busy schedules.

---

[1] Hours before the Roosevelt Inn Defendants filed their Motion for Extraordinary Relief, another one of their counsel Grant Palmer withdrew from the case, which still leaves the counsel Charles Marion and Justina Byers representing the Roosevelt Inn Defendants.

Case ID: 170300712
Control No.: 21051090

In their request to delay trial, the Roosevelt Inn Defendants also point to separate ongoing litigation in federal court involving their insurers' coverage obligations. There's no guarantee that this coverage litigation will be decided in next 90 days, and all parties to that litigation are entitled to appeal any judgment reached. There will be no guaranteed resolution of coverage issues any time soon, even if the federal court issued a decision tomorrow.

Both the Pennsylvania Rules of Civil Procedure and the Philadelphia Court of Common Pleas Local Rules ("Local Rules") greatly disfavor the delay of trial or proceedings based only on a change of counsel. Pa. R.C.P. 4012 provides that a lawyer can only withdraw without leave of court "if another attorney (i) has previously entered or (ii) is simultaneously entering an appearance on behalf of the party, and **the change of attorneys does not delay any stage of the litigation**." Pa. R.C.P. 4012 (emphasis added). An Explanatory Comment to Pa. R.C.P. 1012 further notes: "The change of attorneys without leave of court in both of these instances is conditioned on the requirement that the change not delay the litigation." Id. Similarly, Phila. Civ. R. *4012 adds that any attorney who enters an appearance "shall be deemed to be available and ready to try the case on the assigned hearing or trial date" so that it would "prevent delay of the litigation…". Phila. Civ R *1012(A). The Note to Phila. Civ. R. *1012 stresses that change of counsel cannot justify delaying trial:

> *Note:* Pennsylvania Rule of Civil Procedure No. 1012 authorizes the entry, or change, of attorneys on behalf of a party provided that the change of attorneys does not delay any stage of the litigation.
> Consistently with this Rule, the Board of Judges has determined that entry of new counsel in an action shall not delay the litigation. Thus, attorneys are placed on notice that by entering an appearance, they will be deemed to be ready to proceed to trial as scheduled. The mere fact of the entry of appearance shall not be sufficient cause to postpone the previously scheduled hearing or trial. Similarly, an attorney who seeks leave of court to withdraw must establish compliance with applicable deadlines and rules.

Id. Both the Local Rules and the Pennsylvania Rules of Civil Procedure emphasize that a change in counsel does not justify delaying trial, especially when there is continuity in the attorneys representing the party like with the Roosevelt Inn Defendants.

Interpreting these rules, the Pennsylvania Superior Court has affirmed the denial of the extension of court deadlines when a party made the request based in part on a change in trial counsel. See Lewis v. Toyota Motor Corp., No. 1642 EDA 2013, 2014 WL 10788911, at *10 (Pa. Super. Ct. Oct. 2, 2014) (affirming the trial court's order denying an extension of court deadlines based on a change of counsel and reasoning that under "the Pennsylvania Rules of Civil Procedure, a party's change of counsel shall not 'delay any stage of litigation.'") (internal citations omitted); see also Lewis v. Philly Car Share, Inc., No. 01119, 2013 WL 4502733, at *7 (Pa.Com.Pl. July 23, 2013).

Even with the withdrawal of their counsel James Quinlan, the Roosevelt Inn Defendants are still represented by the counsel Charles Marion and Justina Byers, which is why Mr. Quinlan did not need to seek court approval to withdraw as counsel. See Pa. R.C.P. 1012; Phila. Civ. R. *4012. Charles Marion entered his appearance on behalf of the Roosevelt Inn Defendants on January 20, 2021, and Justina Byers entered her appearance on the Roosevelt Inn Defendants' behalf on April 5, 2017. See Entry of Appearance of Charles Marion, attached as Exhibit "A" and Entry of Appearance of Justina Byers, attached as Exhibit "B". Both of these attorneys have had more than a sufficient amount of time to follow all of the details of this litigation and familiarize themselves with all of aspects of this litigation. Ms. Byers has been involved in this litigation since the filing of the Complaint. In fact, both of these attorneys have been representing the Roosevelt Inn Defendants longer than the three months that Defendants have requested to delay trial for new counsel to familiarize themselves with the litigation.

Both Mr. Marion and Ms. Byers detail their extensive experience in litigation on the website for their law firm Blank Rome LLP. Per the website of Blank Rome LLP, Charles Marion has "tried several cases to verdict, both jury and non-jury, in federal and state courts

Case ID: 170300712
Control No.: 21051090

located throughout the country, and also handled several domestic and international arbitrations",
including representing defendants in the hospitality industry like the Roosevelt Inn Defendants.
See https://www.blankrome.com/people/charles-s-marion (Accessed May 10, 2021). Justina
Byers's web page notes that she "has more than 25 years of experience handling general
commercial litigation matters, including in the specific areas of construction, life sciences,
products liability, healthcare, insurance, and personal injury", including representing clients who
were "hospitality companies". See https://www.blankrome.com/people/justina-l-byers
(Accessed May 10, 2021). Both of these counsel can capably represent the interests of the
Roosevelt Inn Defendants at trial as currently scheduled. The Court should thus deny the
Roosevelt Inn Defendants' Motion for Extraordinary Relief to delay a trial, which has already
been delayed by the COVID-19 pandemic.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter the
attached Order denying the Roosevelt Inn Defendants' Motion for Extraordinary Relief.


**KLINE & SPECTER, P.C.**


THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff M.B.*

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above *Plaintiff's Response in Opposition to the Motion for Extraordinary Relief by Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel* was filed with this Court on May 11, 2021 and served by electronic and regular mail, upon the following parties:

James J. Quinlan, Esq.
Charles S. Marion, Esq.
Justina L. Byers, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,
UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

By: _____
KYLE B. NOCHO, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712
Control No.: 21051090

## <u>VERIFICATION</u>

I, KYLE B. NOCHO, ESQUIRE, hereby state that I am the attorney for the Plaintiff in this matter and hereby verify that the statements made in the foregoing Plaintiff's Response in Opposition to the Motion for Extraordinary Relief by Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, and Yagna Patel are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
KYLE B. NOCHO, ESQUIRE
Attorney for Plaintiff

# EXHIBIT A

Case ID: 170300712
Control No.: 21051090

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney I.D. No. 57686
Charles S. Marion, Esquire
Attorney I.D. No. 56509
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
cmarion@blankrome.com
quinlan@blankrome.com
byers@blankrome.com

*Attorneys for Defendants*
*Attorneys for Defendants*
*Roosevelt Inn LLC d/b/a Roosevelt Inn &*
*Roosevelt Inn Café, Roosevelt Motor Inn,*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

Filed and Attested by the
Office of Judicial Records
00 JAN 2024 04:50 pm
A. STAMATO

|  |  |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, <br><br> Plaintiff, <br><br> v. <br><br> ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, <br><br> and <br><br> ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, <br><br> and <br><br> UFVS MANAGEMENT COMPANY, LLC, <br><br> and <br><br> YAGNA PATEL, <br><br> Defendants. | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION <br><br> MARCH TERM, 2017 NO.: 00712 <br><br> JURY TRIAL DEMANDED |

150213.00601/125086518v.1

Case ID: 170300712
Control No.: 21051090

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter the appearance of Charles S. Marion Esquire of Blank Rome LLP as counsel on behalf of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel in the above-captioned matter.

**BLANK ROME LLP**

Dated:  January 20, 2021

/s/ Charles S. Marion
Charles S. Marion, Esquire
Attorney I.D. No. 56509
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

2

Case ID: 170300712
Control No.: 21051090

## CERTIFICATE OF SERVICE

I, Justina L. Byers, hereby certify that, on this 20th day of January 2021, I caused to be served true and correct copies of the foregoing Entry of Appearance to be served via the Court's E-filing system upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by U.S. mail, postage prepaid upon:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN  47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21051090

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ Justina L. Byers
JUSTINA L. BYERS

2

Case ID: 170300712
Control No.: 21051090

# EXHIBIT B

Case ID: 170300712
Control No.: 21051090

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
      quinlan@blankrome.com
      byers@blankrome.com
      doberdick@blankrome.com

*Attorneys for Defendants,*
*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn*
*Roosevelt Inn Café, Roosevelt Motor Inn,*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC, and*
*Yagna Patel*

Filed and Attested by the
Office of Judicial Records
05 APR 2017 03:25 pm
A. STAMATO

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
|     Plaintiff, | MARCH TERM, 2017 |
| v. | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, | JURY TRIAL DEMANDED |
| and | |
| ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, | |
| and | |
| UFVS MANAGEMENT COMPANY, LLC, | |
| and | |
| YAGNA PATEL, | |
|     Defendants. | |

Case ID: 170300712
Control No.: 21051090

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter the appearances of the Grant S. Palmer, Esquire LLP, James J. Quinlan, Esquire, Justina L. Byers, Esquire and Daniel E. Oberdick, Esquire of Blank Rome as counsel on behalf of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel in the above-captioned matter.

### BLANK ROME LLP

Dated: April 5, 2017

/s/ Grant S. Palmer
Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686

/s/ James J. Quinlan
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944

/s/ Justina L. Byers
Justina L. Byers, Esquire
Attorney I.D. No.: 76773

/s/ Daniel E. Oberdick
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

2

Case ID: 170300712
Control No.: 21051090

**CERTIFICATE OF SERVICE**

I, Grant S. Palmer, Esquire, hereby certify that, on this 5th day of April 2017, I caused to

be served true and correct copies of the foregoing Entry of Appearance to be served via U.S.

mail, postage prepaid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

_____
GRANT S. PALMER

Case ID: 170300712
Control No.: 21051090

| | | |
|---|---|---|
| M.B., | : | March Term 2017 |
| *Plaintiff,* | : | |
| v. | : | Case No. 170300712 |
| | : | |
| ROOSEVELT INN LLC, et al., | : | Control No. 21051090 |
| *Defendants.* | : | |
| | : | |

## ORDER

**AND NOW**, this **20th** day of **May, 2021**, upon consideration of Defendants' Motion for

Extraordinary Relief, and any response(s) thereto, it is hereby **ORDERED** that the Motion is

**DENIED.**

BY THE COURT:

_____
DENIS P. COHEN, J.

170300712-B. Etal Vs Roosevelt Inn Llc Etal



17030071200331

[Eddy.pdf](Eddy.pdf)

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| **M.B., a Minor by her Guardian,** **WILLIAM A. CALANDRA, ESQ.,** *Plaintiff,* | **MARCH TERM, 2017** |
| **v.** | **NO. 00712** |
| **ROOSEVELT INN LLC d/b/a** **ROOSEVELT INN and ROOSEVELT** **INN CAFÉ, et al.,** *Defendants.* | |

<u>**ORDER**</u>

**AND NOW**, this 24th day of May 2021, it is hereby **ORDERED** that this matter is scheduled for a settlement conference via Zoom videoconference technology on **Thursday, May 27, 2021, at 10:00 a.m.**

**IT IS FURTHER ORDERED** as follows:

1. The settlement conference will be conducted using Advanced Communication Technology. Counsel and all participants shall access the conference by using the Zoom link posted on the following website under "Remote Hearing Information by Judge." https://www.courts.phila.gov/livestreams/civil/hearings/.

   Please note that the Zoom link may be updated from time to time so you should access the Zoom link on the day of the settlement conference.

2. All counsel and participants must follow the Court's "Notice to the Bar" Policies and Protocols for Use of Advanced Communication Technology for Court Proceedings in Civil Matters (available http://www.courts.phila.gov/covid-19). Counsel shall provide a copy of this Notice to the Bar to each participant that they intend to invite to the conference.

3. Any questions regarding this Order shall be emailed to (Butchart.virtualcourtroom@courts.phila.gov) with a copy to all counsel and any unrepresented parties.

**BY THE COURT**:

ORDER-B. Etal Vs Roosevelt Inn Llc Etal

**BUTCHART, J.**

17030071200334

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) C. FORTE 05/25/2021

| M.B | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude Defendant Alpha-Centurion Security, Inc. from Offering Cumulative Liability Expert Testimony, and any response thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Defendant Alpha-Centurion Security, Inc. is precluded from offering cumulative liability expert testimony at the time of trial. Defendant shall be limited to one liability expert. Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the court.

BY THE COURT:

_____

J.

Case ID: 170300712
Control No.: 21060205

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT ALPHA-CENTURION SECURITY, INC. FROM OFFERING CUMULATIVE LIABILITY EXPERT TESTIMONY

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable

Court enter an Order to Preclude Defendant Alpha Centurion Security, Inc. from offering

cumulative liability expert testimony at the time of trial  The bases for this motion are set forth in

the attached Brief.

Respectfully submitted,
**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY:  _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060205

**KLINE & SPECTER, P.C.**                 Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION *IN LIMINE* TO PRECLUDE DEFENDANT ALPHA-CENTURION SECURITY, INC. FROM OFFERING CUMULATIVE LIABILITY EXPERT TESTIMONY

Plaintiff, M.B., by and through the undersigned attorneys, hereby files this Motion *in Limine* to Preclude Defendant Alpha-Centurion Security, Inc. from offering cumulative liability expert testimony. For the reasons cited below, Defendant Alpha-Centurion Security, Inc. should be limited to one liability expert at the time of trial.

## I.    PRELIMINARY STATEMENT

Defendant Alpha-Centurion Security, Inc. has produced three liability expert reports that are virtually identical. Cumulative evidence is prejudicial on its face because it misleads the jury to wrongly believe that because Defendants have multiple experts rendering the same opinions their opinions must be correct and hold more weight. Permitting Defendant to present more than one liability expert with virtually identical opinions would be prejudicial to Plaintiff as well as an inefficient use of the Court and jury's time

Case ID: 170300712
Control No.: 21060205

II.   **QUESTION PRESENTED**:

Should this Honorable Court preclude Defendant from offering cumulative liability expert testimony at trial?

***SUGGESTED ANSWER:*** *Yes.* Cumulative testimony would be unfairly prejudicial to Plaintiff and a waste of the Court's time and resources.

III.   **BRIEF FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant (hereinafter "Defendant Alpha").

Defendant Alpha has produced three liability expert reports from James A. Francis, Dr. Jon M. Shane, and David Webb, PhD. *See* Francis Report attached as Exhibit "A"; Supplemental Francis Report attached as Exhibit "B"; Shane Report attached as Exhibit "C" and Webb Report attached as Exhibit "D".[1]

The opinions Mr. Francis, Dr. Shane and Mr. Webb are substantially similar and their reports overlap concerning what they believe to be the factual circumstances of M.B.'s trafficking and the actions of Defendant Alpha.

IV.   **DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING CUMULATIVE LIABILITY EXPERT TESTIMONY**

---

[1]Defendant Alpha's liability expert, David Webb produced two reports. The only difference is that the second report includes that Mr. Webb's opinions are "stated within a reasonable degree of certainty in my field." For purposes of this Motion, Plaintiff will attach and refer to Mr. Webb's second report.

Case ID: 170300712
Control No.: 21060205

Pennsylvania trial judges enjoy broad discretion regarding the admissibility of potentially misleading and confusing evidence. <u>Daset Mining Corp. v. Industrial Fuels Corp.</u>, 473 A.2d 584, 588 (Pa. Super. 1984). A trial court may properly exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice. <u>Id.</u>; see also Pa. R. Evid. 403. Generally, "prejudice" means an undue tendency to suggest a decision based on an improper basis. <u>Id.</u>

A court may preclude evidence which is irrelevant or merely cumulative of other evidence. <u>Burch v. Sears, Roebuck, and Co.</u>, 467 A.2d 615 (Pa. 1983). In order to promote judicial economy and efficiency, trial courts may preclude multiple experts from testifying on the same issues for the same parties. <u>See</u> <u>MacDonald v. Chestnut Hill Hosp.</u>, 2005 Phila. Ct. Com. Pl. LEXIS 273 (Phila. 2005), *aff'd without opinion*, 903 A.2d 61 (Pa. Super. 2006). <u>See</u> <u>also</u> <u>Johnson v. Romy</u>, 1996 Pa. Super. LEXIS 2116 *10 (Pa. Super. 1996), <u>Ries v. Ries' Estate</u>, 185 A. 288 (Pa. 1936).

Here, Defendant Alpha produced a liability expert report from James Francis. *See* Francis Report attached as Exhibit "B". Mr. Francis purports to have extensive experience in the in the security profession and consults on the implementation of security and crisis management planning. *See* Exhibit "B" at P. 6. He is a Certified Protection Professional and Certified Facility Security Officer and started his security profession as a Special Agent with the U.S. Air Force Office of Special Investigations. *Id.* In his Supplemental Report, Mr. Francis defines prostitution and sex trafficking. See Exhibit "B" at P. 8. He also discusses that he reviewed the report of the Roosevelt Defendants' expert, Norman Bates and quotes directly from Mr. Bates' report:

Case ID: 170300712
Control No.: 21060205

> As was stated by Mr. Bates in his report, . . . ."human sex trafficking is more insidious. It is criminal activity that is generally not open to others that the victim is being trafficked against her will and acting under duress, force or coercions. In most instances, the hotel operator would need to be told by the victim or some other person with special knowledge that trafficking was occurring."[2]

*See* Exhibit "B" at P. 8. Mr. Francis concludes that "no person, regardless of position or training, would be able to deduce that M.B. may have been a victim of sex trafficking." See Exhibit "B" at P. 3. Mr. Francis also concludes that "Alpha-Centurion (AC) Security Officers acted in compliance with the duties and responsibilities defined in both the contract and Post Orders." See Exhibit "A" at P. 4.

Defendant Alpha also produced a report from Dr. Jon M. Shane. *See* Exhibit "C". Dr. Shane is an associate professor of criminal justice at John Jay College of Criminal Justice and previously had a career in law enforcement. *See* Exhibit "C" at P. 1. Dr. Shane, like Mr. Francis, distinguishes between prostitution and human trafficking. According to Dr. Shane "[a]dults who engage in sex work, such as prostitution, are able to grant and without sexual consent. Absent consent, a crime other than prostitution may occur (e.g., sexual assault, human trafficking)." *See* Exhibit "C" at P. 12. Further, Dr. Shane wrote "human trafficking may involve prostitution, but prostitution does not necessarily imply human trafficking. To imply that because human trafficking exists because prostitution also exists suffers from the ecological fallacy, which is an error in reasoning and is inappropriate." *Se*e Exhibit "C" at P. 16.

Dr. Shane concludes "it is not logical" to imply Alpha security guards knew or should have known that M.B. or other girls were being trafficked at the Roosevelt Inn. *See* Exhibit "C" at P. 14. He also states that "Alpha-Centurion was not retained to identify or control human

---

[2] Mr. Bates and Mr. Francis wrongly state a child needs to show that she was forced, defrauded or coerced to be considered a victim of sex trafficking. This is a subject of another Motion in Limine filed by Plaintiff.

Case ID: 170300712
Control No.: 21060205

trafficking at the Roosevelt Inn." *See* Exhibit "C" at P. 16. Dr. Shane opines that Alpha did not

cause M.B. to be at the Roosevelt Inn and there is no evidence that "anything Alpha Centurion

Security Company did or failed to do had any impact whatsoever on any aspect of M.B.'s

experience at the Roosevelt Inn." *See* Exhibit "C" at P. 17.

Defendant Alpha also produced an expert report from David Webb. *See* Exhibit "D".

Mr. Wedd is the Director of the Office of International Criminal Justice and Security, Henry C

Lee College of Criminal Justice and Forensic Sciences at the University of New Haven,

Connecticut. Prior to his career in academia, Mr. Webb was a police officer in the United

Kingdom. See Exhibit "D" at P. 1. Like, Mr. Francis and Dr. Shane, Mr. Webb distinguishes

between prostitution and sex trafficking and concludes that sex trafficking does not always

appear when there is prostitution. See Exhibit "D" at P. 2. According to Mr. Webb, M.B. "was

not seen with a man controlling her, or if she was a prostitute[3], she was not seen with a client."

Mr. Webb concludes the "security guard would have no reason to suspect that the woman he

encountered as being trafficked against her will, or that she was underage." Mr. Webb does not

agree "where there is prostitution there is automatically sex trafficking." See Exhibit "D" at p. 3.

It is fully proper to preclude evidence that is virtually identical to proper testimony given

by other witnesses at trial because it would be "merely cumulative to [evidence] already

presented." Schecter v. Watkins, 577 A.2d 585 (594-595) (Pa. 1990).

The opinions and conclusions of Mr. Francis, Dr. Shane and Mr. Webb are virtually

identical. Cumulative evidence is prejudicial on its face because it instills in the jury the notion

---

[3] It is egregious for Mr. Webb to claim that MB, a 14 year-old child, was a sex worker or prostitute. MB could not consent to having sex with an adult and she certainly could not consent to being sold for sex. For Mr. Webb to state, whether directly or indirectly, that MB could consent to being sold for sex is contrary to federal and state law. This is the subject of another Motion in Limine filed by Plaintiff.

Case ID: 170300712
Control No.: 21060205

of veracity and the idea that because Defendants have multiple experts rendering the same opinions their opinions must be correct and hold more weight.

Permitting Defendants to present more than one liability expert with virtually identical opinions would be prejudicial to Plaintiff well as an inefficient use of the Court and jury's time.

## V.  <u>CONCLUSION</u>

For reasons set forth above, Plaintiff respectfully request this Honorable Court grant Plaintiff's *Motion in Limine* to Preclude Defendant Alpha-Centurion Security, Inc. from offering cumulative liability expert testimony at trial.

Respectfully submitted,
**KLINE & SPECTER, P.C.**

BY:　　*/s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

6

Case ID: 170300712
Control No.: 21060205

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060205

<u>**CERTIFICATE OF SERVICE**</u>

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Plaintiff's Motion in Limine to Preclude Defendant Alpha-Centurion Security, Inc. from Offering Cumulative Liability Expert Testimony***, was filed with the Court on June 1, 2021 and served by electronic filing upon counsel of record:

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*


Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*


Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

***/s/Emily B. Marks***
BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

# EXHIBIT A

Case ID: 170300712
Control No.: 21060205

# Redacted

Case ID: 170300712
Control No.: 21060205

# EXHIBIT B

Case ID: 170300712
Control No.: 21060205

# Redacted

Case ID: 170300712
Control No.: 21060205

# EXHIBIT C

Case ID: 170300712
Control No.: 21060205

# Redacted

Case ID: 170300712
Control No.: 21060205

# EXHIBIT D

Case ID: 170300712
Control No.: 21060205

# Redacted

Case ID: 170300712
Control No.: 21060205

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude Defendants from Soliciting Testimony and Opinions Concerning the Credibility and Veracity of Evidence or Witnesses and, and any response in opposition thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Defendants are precluded from soliciting testimony or opinions concerning the credibility or veracity of evidence and witnesses. Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the Court.

**BY THE COURT**

_____

J.

Case ID: 170300712
Control No.: 21060197

**KLINE & SPECTER, P.C.**                        Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM SOLICITING TESTIMONY AND OPINIONS CONCERNING THE CREDIBILITY AND VERACITY OF EVIDENCE OR WITNESSES

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable

Court enter an Order to Preclude Defendants from Soliciting Testimony and Opinions

Concerning the Credibility and Veracity of Evidence or Witnesses.  In support of this Motion,

Plaintiff respectfully submits, and incorporates herein, the attached Memorandum of Law.

                              **KLINE & SPECTER, P.C.**

                              */s/Emily B. Marks*
                    **BY:** _____
                              THOMAS R. KLINE, ESQUIRE
                              NADEEM A. BEZAR, ESQUIRE
                              EMILY B. MARKS, ESQUIRE
                              KYLE B. NOCHO, ESQUIRE
                              *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060197

**KLINE & SPECTER, P.C.**                              Attorneys for Plaintiff
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM SOLICITING TESTIMONY AND OPINIONS CONCERNING THE CREDIBILITY AND VERACITY OF EVIDENCE AND WITNESSES

Plaintiff, by her counsel, Kline & Specter, P.C., respectfully submits this Memorandum of Law in Support of her Motion in Limine to Preclude Defendants from Soliciting Testimony and Opinions Concerning the Credibility and Veracity of Evidence and Witnesses.

### I.    PRELIMINARY STATEMENT

It is anticipated that the Roosevelt Defendants will attempt to solicit testimony and opinions concerning the credibility and veracity of evidence and witnesses.  These determinations are within the exclusive role of the jury therefore the solicitation of such testimony improperly invades upon the purview of the jury in telling the jury how to evaluate the credibility and veracity of evidence and witness testimony.

### II.    QUESTIONS PRESENTED

1.  Should this Honorable Court preclude Defendants from soliciting testimony and opinions concerning the credibility and veracity of evidence and witnesses?

Case ID: 170300712
Control No.: 21060197

> **SUGGESTED ANSWER:** *Yes.* Such testimony or opinions improperly invades upon the province of the jury to evaluate the credibility of witness testimony and evidence.

## II.    BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc. (hereinafter "Alpha"), as an additional defendant.

The Roosevelt Defendants have produced reports from the expert witnesses Kimberly Mehlman-Orozco, Norman Bates, and Barbara Ziv. See Mehlman-Orozco Report, attached as Exhibit "A"; Bates Report, attached as Exhibit "B"; and Ziv Report, attached as Exhibit "C". It is anticipated that the Roosevelt Defendants will attempt to solicit testimony from Ms. Mehlman-Orozco, Dr. Ziv, and Mr. Bates that improperly invades upon the purview of the jury by telling the jury how evaluate the credibility and veracity of evidence and witnesses. This improper testimony should be precluded by the Court.

## III.   DEFENDANTS SHOULD BE PRECLUDED FROM SOLICITING TESTIMONY OR OPINIONS CONCERNING THE CREDIBILITY AND VERACITY OF EVIDENCE AND WITNESSES BECAUSE SUCH DETERMINATIONS ARE WITHIN THE EXCLUSIVE ROLE OF THE JURY

It is anticipated that Defendants will attempt to solicit testimony from expert witnesses Norman Bates, Barbara Ziv, and Kimberly Mehlman-Orozco concerning the evaluation of a witness' credibility and the veracity of witness testimony. The evaluation of the credibility of

Case ID: 170300712
Control No.: 21060197

testimony and evidence is the exclusive role of the jury. The Court should deny this attempt by Defendants' expert witnesses to usurp the role of the jury.

Mr. Bates provides a prelude to this improper testimony in his expert report, where he writes:

> Ultimately, a jury will decide the veracity of the conflicting testimony/evidence. However, it is my opinion that for the defendant hotel to be liable for the sex trafficking of the plaintiff, there must be more than an inference that such trafficking was taking place.

See Expert Report of Norman Bates, attached as Exhibit B at 71.

Ms. Mehlman-Orozco also opines on the veracity and reliability of evidence and testimony:

> Testimony contradicting the clandestine nature of sex trafficking crimes is of questionable veracity and should be treated accordingly in developing conclusions. The reliability of these statements is further brought into question, when examined in the context of the police reports originating at the Roosevelt Inn.

See Ex. A at page 23.

Mehlman-Orozco openly evaluates the credibility of witness Kelvin Hanton who was formerly a security guard at the Roosevelt Inn. She notes how Mr. Hanton testified at his deposition that he stopped working at the Roosevelt Inn for selling a room key. She then opined: "This should bring into question the veracity of Mr. Hanton's testimony". See Ex. A at page 46.

Mehlman-Orozco also evaluates the credibility of Plaintiff's expert witness Michelle Guelbart. In her report, Mehlman-Orozco states: "Ms. Guelbart's opinions appear to be biased by her conflict of interest in peddling her organization's anti-trafficking training for hotels, which has not been adequately evaluated." See Ex. A at page 60.

Dr. Barbara Ziv also openly evaluates the credibility of Plaintiff M.B., where Dr. Ziv writes: "[M.B] is aware of the fact that she habitually obfuscates and dissembles." See Ex. C at

3

Case ID: 170300712
Control No.: 21060197

page 16.  In making this opinion, Dr. Ziv relies on an unduly prejudicial therapy note from the

therapy provider Joseph J. Peters Institute dated September 11, 2015, which she quotes:

> [M.B.] recalled that she has been lying 'all the time' over the past
> few months.  [M.B.] acknowledged that she tells lies about
> important things.  [M.B.] stated, 'I'm a good liar,' and elaborated
> that she lies so convincingly that she believes her own lies.

See Ex. C at page 16.  Dr. Ziv also quotes from this therapy note in the Addendum summarizing

M.B.'s mental health treatment, highlighting the portions of the record that discuss alleged

statements made by M.B. about lying.  See Addendum to Dr. Ziv's Report, attached as Exhibit D

at page 2.

     Throughout Dr. Ziv's report, she includes numerous opinions evaluating the credibility of

statements made in the past by M.B. and her parents K.M.B. and R.B.:

> "Because none of the central figures in [M.B.]'s life, including
> [M.B.] herself, are reliable historians, the facts surrounding
> [M.B.]'s childhood are difficult to parse out with certainly." See
> Ex. C at page 9.
>
> ***
>
> "Rather than accepting [M.B.] needed help, [K.M.B.] lied to allow
> her daughter to continue down a path of physical, psychological,
> and cognitive destruction.  For example, on October 22, 2013,
> [K.M.B.] falsely told DHS staff that '[M.B.] had a medical
> condition that prevented her from attending school.'" See Ex. C at
> page 16
>
> ***
>
> "…[K.M.B.] manufactured excuses for why she could not reinstate
> [M.B.] in school, asserting that she lost her pocketbook and had to
> leave because of a doctor's appointment." See Ex. C at page 16.
>
> ***
>
> "Not only did [M.B.]'s mother have a habit of lying, [R.B.] was
> also dishonest with [M.B.]'s treatment providers. Despite
> overwhelming evidence to the contrary, when [R.B.] was
> interviewed by staff at JJPI, he denied that [M.B.] was ever
> neglected, or exposed to community or family violence.  In
> addition, he told JJPI stff that she performed well at school in the
> past, a claim that is simply refuted by reviewing [M.B.]'s school
> records." See Ex. C at page 16.
>
> ***

Case ID: 170300712
Control No.: 21060197

> "Given her parents' reliance on fabrication to extricate themselves from difficult situations, it is hardly surprising that [M.B.] learned to use this priminitve coping strategy as well. [M.B.]'s inability to recount a consistent narrative is evident throughout her many interviews. [M.B.] is aware of the fact that she habitually obfuscates and dissembles." <u>See</u> Ex. C at page 16

***

> "Lying is a relatively trivial result of the failure of [M.B.]'s parents to privide even the most baisc care for this child." <u>See</u> Ex. C at page 16

***

> "Despite the fact that [M.B.]'s foster mother, Mireya Salas, attmepted to provide structure and support, [M.B.] coninuted to miss school, evade adult supervision, and lie to cover her actions." <u>See</u> Ex. C at page 17.

Dr. Ziv also evaluates the credibility of statements made by M.B. relating to her unqualified opinion about how M.B. became involved in sex trafficking. Dr. Ziv:

> The path by which [M.B.] became involved in sex trafficking is not completely known. While Daiquan Davis is the person most frequently held responsible for prostituting [M.B.], on March 20, 2016, [M.B.] told Gina Valenziano that family and friends were responsible for getting her involved in sex trafficking. Given this statement, in conjunction with [K.M.B.'s] long history of crack cocaine and heroin abuse, [K.M.B.'s] inability to house or feed her children, her persistent financial instability, and her history of reckless, illegal behaviors, [M.B.'s] report on August 16, 2015 that a year previously her mother made her have sex with numerous men for money and crack cocaine cannot be discounted. [M.B.] later claimed that she lied about this allegation, but the recantation occurred in the context of her concerns that she would be returned to the custody of DHS.

<u>See</u> Ex. C at page 12.[1] Dr. Ziv, in essence, advises the jury to disbelieve the statements of M.B. based on other factors relating to M.B.'s mother.

---

[1] This opinion from Defendants' damages expert Dr. Barbara Ziv is also the subject of two other motions in limine: 1) a motion to preclude Dr. Ziv from making speculative, unqualified opinions regarding liability; and 2) a motion to preclude Dr. Ziv from making speculative opinions based on an unfounded report of child abuse relating to M.B.'s mother.

Case ID: 170300712
Control No.: 21060197

This type of testimony at trial by Defendants' experts would improperly intrude on the jury's role to determine the facts, evaluating witnesses' credibility and bias. Only the jury has the power "to decide the facts, the credibility of witnesses, and the weight to be given the evidence." Kauffman v. City of Philadelphia, 144 Pa. Cmwlth. 444, 451, 601 A.2d 910, 913 (1992). The jury is "capable of determining whether a witness is lying, and thus expert testimony is not permissible as to the question of witness credibility". Com. v. Alicia, 92 A.3d 753, 760 (Pa. 2014). See also Kozak v. Struth, 515 Pa. 554, 559, 531 A.2d 420, 422 (1987) ("For over a century, we have consistently held that an expert's comment on the totality of the evidence, where the evidence is in conflict, improperly impinges upon the jury's exclusive province."); Moritz v. Horace Mann Prop. & Cas. Ins. Co., No. 13 CV 544, 2014 WL 12864193, at *4–5 (Pa. Com. Pl. Nov. 5, 2014) (ruling that it was improper for expert witness to evaluate the credibility of the plaintiff's statements).

Dr. Ziv patently evaluates the credibility of Plaintiff M.B. and her parents' statements, which is clearly prohibited under Pennsylvania law. She explicitly states multiples times that M.B. and her parents are lying, dishonest, obfuscating, dissembling, relying on fabrication, and manufacturing untruths. She also implies that their statements cannot be believed, saying they are not "reliable historians." She relies on portions of an unduly prejudicial therapy note attempting to suggest to the jury that M.B. has a habit for lying, which would have a "tendency to suggest a decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially." Pa. R.E. 403, Comment. These opinions from Dr. Ziv are not proper expert testimony and invade the jury's sole role of determining the credibility of testimony and evidence. Dr. Ziv's opinions are also unduly prejudicial in painting M.B. and her parents as habitual liars who cannot be believed.

Case ID: 170300712
Control No.: 21060197

Defense expert Mehlman-Orozco also interjects improper opinions evaluating the credibility of multiple lay witnesses, evidence, and Plaintiff's expert witness, which should be precluded. She openly asserts that the testimony of Kelvin Hanton has questionable veracity, along with witness testimony that does not describe as clandestine the sex trafficking occurring at the Roosevelt Inn. She also opines that another expert witness is biased. Her opinions clearly intrude upon the role of the jury to determine the veracity and potential biases of witness testimony.

Bates also should be precluded from telling the jury how to evaluate the credibility of witness testimony and evidence. His assertion in his expert report that there was only "an inference that [sex] trafficking was taking place" improperly usurps the jury's role in determining the facts in this case. See Ex. B at 71. His opinion makes the factual judgment that there was only an "inference" of sex trafficking occurring at the Roosevelt Inn, when other witnesses have testified that employees of the Roosevelt and the security company Alpha-Centurion Security, Inc. were aware of the open and obvious signs of sex trafficking and prostitution at the motel. Bates' opinion implicitly makes the factual determination that those witnesses were not credible, and only the witnesses who denied knowledge of sex trafficking occurring should be believed.

He makes the further factual determination and muddles the issues for the jury when he asserts:

> There is no evidence of any complicit behavior on the part of the defendants in this case. Simply renting a room to a person who engages in human sex trafficking without evidence that the hotel operator actively participated in the illegal activity would result in hotels being held liable for
>
> every instance of illegal activity (e.g., illegal gambling, illicit drug deals, illicit sale of weapons, adultery, etc., etc.) taking place at their properties.

Case ID: 170300712
Control No.: 21060197

<u>See</u> Ex. B at 71 – 72.  First, he continues to invade the province of the jury by making the factual determination that there is "no evidence of any complicit behavior on the part of the defendants". <u>Id.</u>  He could only make this determination by evaluating the credibility of witnesses and discrediting the testimony of witnesses who testified otherwise.  Second, Plaintiff's claims in this action are negligence based, which require only that the defendant failed to take reasonable steps to prevent sex trafficking at the Roosevelt Inn upon notice that sex trafficking was occurring.  Bates claim that implies that a "hotel operator" must be "actively participating in the illegal activity" to be held liable, which is an incorrect statement of law.  The Court should thus prohibit this improper evaluation of the credibility of the witness testimony and preclude Norman Bates from offering these opinions at trial.

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter the proposed Order attached to this Motion.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060197

<u>**VERIFICATION**</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

 

 

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

**BY:**   _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Motion in Limine to Preclude the Defendants from Soliciting Testimony and Opinions Concerning the Credibility and Veracity of Evidence or Witnesses*, was filed with the Court on June 1, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*
BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

<span style="color:red">Case ID: 170300712</span>
<span style="color:red">Control No.: 21060197</span>

# EXHIBIT A

Case ID: 170300712
Control No.: 21060197

# Redacted

Case ID: 170300712
Control No.: 21060197

# EXHIBIT B

Case ID: 170300712
Control No.: 21060197

Redacted

Case ID: 170300712
Control No.: 21060197

# EXHIBIT C

Case ID: 170300712
Control No.: 21060197

Redacted

Case ID: 170300712
Control No.: 21060197

# EXHIBIT D

Case ID: 170300712
Control No.: 21060197

# Redacted

Case ID: 170300712
Control No.: 21060197

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude Defendants from Offering Self-Serving Hearsay and Irrelevant Evidence to Bolster the Reputation of the Roosevelt Inn, and any response thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Defendants are precluded from offering evidence or testimony regarding: 1) any donation given by the Roosevelt Defendants to families of crime victims and 2) alleged hearsay statements made by a Philadelphia Police lieutenant regarding the source of anonymous calls from the Roosevelt Inn. Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the Court.

BY THE COURT:

_____
                                              J.

Case ID: 170300712
Control No.: 21060200

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM OFFERING SELF-SERVING HEARSAY AND IRRELEVANT EVIDENCE TO BOLSTER THE REPUTATION OF THE ROOSEVELT INN

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable Court enter an Order to Preclude Defendants from offering self-serving hearsay and irrelevant evidence to bolster the reputation of the Roosevelt Inn.  The bases for this motion are set forth in the attached Brief.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060200

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff M.B.

BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
|     v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM OFFERING SELF-SERVING HEARSAY AND IRRELEVANT EVIDENCE TO BOLSTER THE REPUTATION OF THE ROOSEVELT INN

Plaintiff, M.B., by and through the undersigned attorneys, hereby files this Motion in Limine to Preclude Defendants from Offering Self-Serving Hearsay and Irrelevant Evidence to Bolster the Reputation of the Roosevelt Inn. For the reasons cited below, the requested testimony or evidence should be precluded.

## I.    PRELIMINARY STATEMENT

It is anticipated that the Roosevelt Defendants will attempt to introduce evidence or testimony regarding self-serving hearsay and irrelevant evidence to bolster the reputation of the Roosevelt Inn. This evidence includes testimony regarding: 1) alleged donations given by Roosevelt Inn to families of crime victims and 2) alleged hearsay statements made by a Philadelphia Police lieutenant regarding the source of anonymous calls from the Roosevelt Inn. Evidence of alleged donations given by the Roosevelt Inn to the families of crime victims is not relevant to the issues at stake in the trial regarding Defendants' liability for the sex trafficking of

Case ID: 170300712
Control No.: 21060200

Plaintiff M.B. at the Roosevelt Inn when she was a child. In addition, alleged statements from a Philadelphia Police lieutenant to purportedly bolster the reputation of the Roosevelt Inn are hearsay that do not qualify for an exception to the rule against hearsay. The Court should thus preclude the introduction of this hearsay and irrelevant evidence.

## II.  <u>QUESTION PRESENTED</u>:

Should this Honorable Court preclude Defendants from offering self-serving hearsay statements and irrelevant evidence to bolster the reputation of the Roosevelt Inn and donations allegedly given     by the Roosevelt Inn to families of crime victims?

***SUGGESTED ANSWER:*** *Yes.* Presenting such evidence would be irrelevant, and misleading to the jury. The hearsay statements also do not qualify for an exception to the rule against hearsay.

## III.  <u>BRIEF FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

During discovery in this case, the deposition was taken of Blanche Bersch who is the trustee of one of the ownership entities of the Roosevelt Inn: The Joseph Cion Irrevocable Trust of 1989. She testified in her deposition about two women found dead in a room at the Roosevelt Inn:

Case ID: 170300712
Control No.: 21060200

But they were found dead in the room, and they were
ex-army people, I believe, ex -- veterans.  They were
veterans, I believe.  And apparently -- well, that's the
first -- well, that isn't the first.  It was very
upsetting to me when I heard about it, and I suggested
to Tony that we make a contribution to their funerals,
that we really felt badly about it because it seemed to
me like, I don't know, they were just two women who, you
know, just couldn't go face the future for whatever
reason.  I think probably they were a lesbian couple who

were -- I heard they were a lesbian couple who one of
their families, you know, wouldn't talk to them.

        I just -- it just -- what I had heard was very
sad, so I suggested to Tony that we send money for their
funerals, and we sent -- and we decided to send $2,000,
$1,000 to each.  And this check is for the first woman,
and the second woman, I don't think they ever found
her -- her family never -- never claimed her, so we
never sent the second check.  So that's what this is
about.  I don't know if it was criminal.  I brought it
because I thought maybe it was a murder-suicide, so I
should bring it as a potential criminal, but it may not
have been a criminal issue.

<u>See</u>  Deposition Transcript of Blanche Bersch, attached as Exhibit "A" at page 78.

3

After the completion of discovery, the Roosevelt Defendants have also produced a report from their expert witness Kimberly Mehlman-Orozco.  <u>See</u> Mehlman-Orozco Report attached as Exhibit "B".  In her report, Mehlman-Orozco includes her summary of a phone call that she allegedly had with the Philadelphia Police Lieutenant Gary Ferguson:

> Moreover, it is important to note that multiple prostitution arrests that occurred at the Roosevelt Inn originated from "anonymous" complaints. On April 24, 2020, I called Lieutenant Gary Ferguson—the supervising officer over the Philadelphia Police Department staff involved in many of the Roosevelt Inn commercial sex arrests—and I asked him who the complainant was in the calls involving the Roosevelt Inn. In response, Lt. Ferguson stated the, "Complainant is the hotel staff. I am 99% sure it is going to be the hotel staff." When I asked why there was no record of the complainant in the police report Lt. Ferguson went on to explain, "We don't keep that stuff. We don't put that in the police report for the safety of the complainant. In court, it will be discoverable cause you can see or figure out who called the police on them. We don't put it in there for their safety." This was a standard practice in policing at the time.

<u>See</u> Ex. B at page 23.

## IV. DEFENDANTS SHOULD BE PRECLUDED FROM INFORMING THE JURY ABOUT AN IRRELEVANT DONATION TO THE FAMILIES OF CRIME VICTIMS AND SELF-SERVING HEARSAY TO BOLSTER THE REPUTATION OF THE ROOSEVELT INN

It is anticipated that the Roosevelt Defendants will attempt to inform the jury about irrelevant evidence and self-serving hearsay to bolster the reputation of the Roosevelt Inn. This evidence includes a donation allegedly made to the families of crime victims and a conversation that the Roosevelt Defendants' expert, Mehlman-Orozco allegedly had with a Philadelphia Police lieutenant.  Mehlman-Orozoco claims that she cold-called a Philadelphia Police lieutenant who told her that the staff from the Roosevelt Inn were the source for anonymous calls made to the police about crimes occurring at the motel.  It is anticipated that the Roosevelt Defendants will attempt to present this self-serving hearsay and irrelevant evidence for the purpose of

4

Case ID: 170300712
Control No.: 21060200

painting themselves as caring actors in the best light possible.  The Court should reject this attempt to introduce improper evidence at trial.

Admission of evidence is within the sound discretion of the trial court.  <u>American Future Systems, Inc. v. Better Business Bureau</u>, 872 A.2d 1202, 1212 (Pa. Supe. Ct. 2005) citing (<u>Smalls v. Pittsburgh Corning Corp.</u>, 843 A.2d 410, 413 (Pa. Super. Ct. 2004)).  In determining the admissibility of evidence, the trial court must decide whether the evidence is relevant and, if so, whether its probative value outweighs its prejudicial effect.  <u>Commonwealth v. Cruise</u>, 536 Pa. 508, 604 A.2d 395 (Pa. 1994).The Pennsylvania Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence."  Pa. Re. Evid. 401, <u>Commonwealth v. Spiewak</u>, 617 A.2d 696, 699 (Pa. 1993).  ("Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or assumption regarding the existence of a material fact").  Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or confusion of the issues.  Pa. R. E. 403.  Unfair prejudice is a "tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially."  Pa. R. E. 403, Comment; <u>Sprague v. Walker</u>, 656 A.2d 890 (Pa. Super. 1995).

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Pa. R. E. 801(c).  Hearsay is inadmissible at trial as it is inherently unreliable.  Pennsylvania courts have long held that "use of hearsay evidence is to be discouraged, and policy against its use is generally recognized as particularly strong."  <u>Heddings v. Steele</u>, 526

Case ID: 170300712
Control No.: 21060200

A.2d 349. 351 (Pa. 1987). Hearsay testimony is generally prohibited because of its inherent lack

of trustworthiness. Hearsay is assumed to be unreliable because the declarant from which the

statement originates is not before the trier of fact and therefore cannot be challenged as to the

accuracy of the information sought to be conveyed. Gunter v. Constitution State Service Co.,

638 A.2d 233, 235 (Pa. Super. 1994). As such, "to insure a party the guarantees of

trustworthiness resulting from a declarant's presence in court, a proponent of hearsay evidence

must point to a reliable hearsay exception before such testimony will be admitted." Heddings,

526 A.2d at 352.

First, any donation allegedly given to the families of crime victims is clearly irrelevant in

this case. Whether the Roosevelt Inn Defendants gave a donation to the families of crime

victims is irrelevant when it comes to the motel's actions and omissions with respect to the

Roosevelt Inn's failure to meet the standard of care in preventing criminal activity from

occurring at the Roosevelt Inn. One has nothing to do with the other. This testimony does not

go toward proving or disproving any material fact at issue in the trial. This testimony would be

misleading to a jury "to suggest a decision on an improper basis or to divert the jury's attention

away from its duty of weighing the evidence impartially." Pa. R. E. 403, Comment. Defendant

should be precluded from presenting testimony or evidence of any donation given by the

Roosevelt Inn to the families of crime victims.

Second, the self-serving hearsay statements allegedly made by Philadelphia Police

Lieutenant, offered through Defendants' expert witness, are inherently unreliable and not

trustworthy. Plaintiff is unable to test the veracity of the statement with this police lieutenant not

being listed as a witness at trial by the Roosevelt Defendants. This alleged statement was also not

made by a witness sworn to tell the truth or under the penalty of perjury. While there are

6

Case ID: 170300712
Control No.: 21060200

exceptions to hearsay, none apply here. Although experts may rely on inadmissible evidence in forming their opinions, the evidence must be the type of evidence experts in the particular field would reasonably rely. See Pa. R.E. 703; see also Ives v. Bureau of Pro. & Occupational Affs., 204 A.3d 564, 578 (Pa. Commw. Ct. 2019) (reasoning that hearsay statements included in expert report were properly excluded because the hearsay relied upon was not established as evidence regularly relied upon in the field). An alleged, isolated call with a single police lieutenant is hardly sufficient to base a broadly sweeping opinion that the anonymous reports of crime at the Roosevelt Inn originated from motel staff. There is no evidence that this lieutenant would have knowledge of this type of information, other than through the testimony of the Roosevelt Defendants' expert witness. See Andrews v. Jackson, 211 Pa. Super. 166, 169–70, 235 A.2d 452, 454 (1967) (reasoning that report and testimony from police officer about the cause of an accident was properly excluded when the officer did not witness the accident at issue in the litigation). The Court should thus preclude the self-serving hearsay statements allegedly made by a Philadelphia Police lieutenant, which would be prejudicial to Plaintiff.

**V.      CONCLUSION**

For reasons set forth above, Plaintiff respectfully request this Honorable Court grant The Motion in Limine to Preclude Defendants from Offering Self-Serving Hearsay and Irrelevant Evidence to Bolster the Reputation of the Roosevelt Inn.

Respectfully submitted,
**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY:      _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

7

Case ID: 170300712
Control No.: 21060200

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060200

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Plaintiff's Motion in Limine to Preclude Defendants from Offering Self-Serving Hearsay and Irrelevant Evidence to Bolster the Reputation of the Roosevelt Inn***, was filed with the Court on June 1, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*


Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*


By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*


Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

# EXHIBIT A

Case ID: 170300712
Control No.: 21060200

# Redacted

Case ID: 170300712
Control No.: 21060200

# EXHIBIT B

Case ID: 170300712
Control No.: 21060200

# Redacted

Case ID: 170300712
Control No.: 21060200

FILED
01 JUN 2021 04:24 pm
Civil Administration
F. HEWITT

| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## ORDER

**AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude Any Evidence, Testimony Or Argument That Sex Trafficking Of A Child Requires Force, Fraud, or Coercion, and any response thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Defendants are precluded from offering evidence, testimony or argument that sex trafficking of a child requires force, fraud, threat or coercion. Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the court.

BY THE COURT:

_____
                                          J.

Case ID: 170300712
Control No.: 21060204

**KLINE & SPECTER, P.C.**  Attorneys for Plaintiff M.B.
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE, TESTIMONY OR ARGUMENT THAT SEX TRAFFICKING OF A CHILD REQUIRES FORCE, FRAUD, THREAT OR COERCION

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable

Court enter an Order to Preclude Defendants from offering evidence, testimony or argument that

sex trafficking of a child requires force, fraud, threat or coercion. The bases for this motion are

set forth in the attached Brief.

Respectfully submitted,
**KLINE & SPECTER, P.C.**
*/s/Emily B. Marks*
BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060204

**KLINE & SPECTER, P.C.**          Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE, TESTIMONY OR ARGUMENT THAT SEX TRAFFICKING OF A CHILD REQUIRES FORCE, FRAUD OR COERCION

Plaintiff, M.B., by and through the undersigned attorneys, hereby files this Motion *in Limine* to Preclude Any Evidence, Testimony or Argument that sex trafficking of a child requires force, fraud or coercion.  For the reasons cited below, the requested testimony, evidence or argument should be precluded.

## I.    PRELIMINARY STATEMENT

Any person under the age of 18 in the sex industry is, by definition a of victim of human sex trafficking.  A minor cannot consent to selling herself for sex.  A showing a force, fraud or coercion is not required when a child is involved.  All of the Defendants' liability experts agree with this definition.  However, some of Defendants' experts suggest that M.B. was not forced or coerced to sell sex despite acknowledging that a child is automatically considered a victim of sex trafficking even without the absence of force, fraud or coercion.  It is anticipated that at trial Defendants will attempt to argue that the Plaintiff was not "held against her will" while she was a victim of sex trafficking and that she was selling sex "voluntarily."   Defendants misstate the

Case ID: 170300712
Control No.: 21060204

law and such argument will only mislead and confuse the jury to wrongly believe that M.B. is required to prove that force, fraud and coercion were used against her.  Prohibitions against sex trafficking of a child do not require fraud, force or coercion and therefore such evidence, testimony or argument by the Defendants should be precluded. [1]

## II.  <u>QUESTION PRESENTED</u>:

Should this Honorable Court preclude any evidence, testimony or argument that sex trafficking of a minor requires force, fraud or coercion?

***SUGGESTED ANSWER:***   *Yes.* Force, fraud, or coercion are not required for a minor to be a victim of sex trafficking.

## III.  <u>BRIEF FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

Defendants' experts concede that children do not need to be forced, defrauded or coerced to be considered victims of sex trafficking.  The following are excerpts from the Defendants' expert reports:

"According to Section 103, 8A of the Trafficking Victims Protection Act (TVPA) of 2000 **children do not need to be forced, defrauded or coerced to be considered victims of sex trafficking.  The definition of child sex trafficking implies that juveniles do not have the legal capacity to consent to exploitation and that illicit means are implicit when a juvenile is induced to commit a commercial sex act..**"

---

[1] Plaintiffs' traffickers were violent, and did use physical force and psychological coercion when trafficking Plaintiff, however federal and state statutes prohibiting sex trafficking of children do not require that a child be forced or coerced to sell sex.

Case ID: 170300712
Control No.: 21060204

*See* Report of Roosevelt Defendants' expert Mehlman-Orozco attached as Exhibit "A" at P 16.

"The requirement to show that there was coercion, fear, force or fraud by the pimp was dispensed with where the victims were under the age of 18 years of age. **If the victim is a minor, force, fraud or coercion do not need to be established, therefore their sexual exploitation is automatically sex trafficking."** *See* Report of Defendant Alpha's liability expert David Webb attached as Exhibit "A" at P. 2.

As Dr. Mehlman Orzoco illustrates, as victims of human trafficking, commercially sexually exploited children are afforded numerous protections under the TVPA, namely sex trafficked juveniles shall:

1. Not be detained in facilities inappropriate to their status as crime victims;
2. Receive necessary medical care and other assistance;
3. Be provided protection if a victim's safety is at risk or if there is danger or additional harm by recapture of the victim by a trafficker.

*See* Exhibit "A" at P. 16. According to the Roosevelt Defendants' expert Dr. Mehlman Orzoco, the provisions of the TVPA are to "generally safeguard juvenile sex trafficking survivors." See Exhibit "A" at P. 16.

The Roosevelt Defendants have also produced a report from their liability expert Norman Bates, Esq. *See* Bates Report attached as Exhibit "B". In his report, Bates state also relies upon the definition of the sex trafficking as set forth in the TVPA:

"Prostitution is generally defined as "The act of engaging in sexual activity for money or its equivalent" (Black's Law Dictionary, 8th Ed. 2004). Whereas "human sex trafficking" is defined under federal law as: "A commercial sex act induced by force, fraud, or coercion, or in which the person induced to perform such act has not attained 18 years of age." (22 USC Chapter 78. Sec. 7102 (8) (2008) (sic).

*See* Exhibit "B" at P. 2. Bates cites to the definition of sex trafficking per the TVPA that does not require children to be forced, defrauded or coerced to be considered victims of sex trafficking but then wrongly implies that sex trafficking always requires fraud, force or coercion. Mr. Bates

Case ID: 170300712
Control No.: 21060204

wrongly implies children need to be forced, defrauded or coerced to be considered sex

trafficking victims throughout his report:

> The major distinction between prostitution and human sex trafficking is that sex worker/prostitute is engaging in sex acts for a fee and is not subject to control, coercion of threats to perform that work. In contrast, while a victim of sex trafficking is engaging in sexual activity, they do so because they are threatened, coerced or otherwise forced into it. The latter is tantamount to human slavery."

See Exhibit "B" at P. 2.

> "As stated previously, the major distinction between prostitution and human sex trafficking is that the sex worker/prostitute is engaging in sex acts for a fee and is not subject to control, coercion or threats to perform that work. In contrast, while a victim of human sex trafficking is engaging in sexual activity, they do so because they are threatened, coerced or otherwise forced into it. The latter is tantamount to human slavery."

See Exhibit "B" at P. 10.

> "human sex trafficking is more insidious. It is criminal activity that is generally not open and obvious to others that the victim is being trafficked against her will and acting under duress, force or coercion. In most instances, the hotel operator would need to be told by the victim or some other person with special knowledge that trafficking was occurring."

See Exhibit "B" at P. 10.

Defendant Alpha-Centurion Inc. has produced expert reports from James Francis, Jon M.

Shane and David Webb. In his supplemental report, Mr. Francis quotes directly from Mr. Bates'

report to suggest the M.B. was held against her will to be considered a victim of sex trafficking "

. . . human sex trafficking is more insidious. It is criminal activity that generally not open and

obvious to others that the victim is being trafficked against her will and acting under duress,

force or coercions." *See* Francis Supplemental Report attached as Exhibit "C".

Mr. Shane cites to the definition of sex trafficking per the Pennsylvania Anti-Human

Trafficking Law, 18 Pa. C.S.A. § 3001, et. seq. (PAHTL) which like the TVPA, does not require

children to show that they were forced, defrauded or coerced to be considered victims of sex

4

Case ID: 170300712
Control No.: 21060204

trafficking. Dr. Shane then wrongly states that all sex trafficking " involves non-consensual encounters including, but is not limited to physical assault, threats, coercion, duress or deceit .*See* Report or Jon M. Shane attached as Exhibit "D" at p. 12. Dr. Shane also states that if "MB was being held there [Roosevelt Inn] against her will, the Alpha Centurion security guards had no role in it." *See* Exhibit "D". He continues that there "is no reason for anyone at Alpha Centurion Security, Inc. to have known or believed that she [MB] was underage, or being held against her will, or in any kind of distress." See Exhibit "D" at P. 17. This implies that M.B. is required to prove she was held at the Roosevelt Inn against her will, which she is not pursuant to either definition of sex trafficking as set forth under the TVPA or PAHTL.

Finally, Alpha's third liability expert, David Webb concludes MB "was not seen with a man controlling her, or if she was a prostitute[2], she was not seen with a client." See Exhibit "E" at P. 3. Mr. Webb concludes the "security guard would have no reason to suspect that the woman he encountered as being trafficked against her will, or that she was underage." See Exhibit "E" at P. 3.

Mr. Bates, Mr. Francis, Dr. Shane and Mr. Webb fail to acknowledge that children are not required to prove that they were forced, defrauded or coerced to be considered victims of trafficking whether under the definition set forth under the TPVA or the PAHTL and therefore such misleading argument or testimony should be precluded.

## IV. PROHIBITIONS AGAINST SEX TRAFFICKING OF A CHILD DO NOT REQUIRE FORCE, FRAUD OR COERCION

---

[2] It is egregious for Mr. Webb to claim that MB, a 14 year-old child, was a sex worker or prostitute. MB could not consent to having sex with an adult and she certainly could not consent to being sold for sex. For Mr. Webb to state, whether directly or indirectly, that MB could consent to being sold for sex is contrary to federal and state law. This is the subject of another Motion in Limine filed by Plaintiff.

Case ID: 170300712
Control No.: 21060204

Admission of evidence is within the sound discretion of the trial court. American Future Systems, Inc. v. Better Business Bureau, 872 A.2d 1202, 1212 (Pa. Supe. Ct. 2005) citing (Smalls v. Pittsburgh Corning Corp., 843 A.2d 410, 413 (Pa. Super. Ct. 2004)). In determining the admissibility of evidence, the trial court must decide whether the evidence is relevant and, if so, whether its probative value outweighs its prejudicial effect. Commonwealth v. Cruise, 536 Pa. 508, 604 A.2d 395 (Pa. 1994).The Pennsylvania Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence." Pa. Re. Evid. 401, Commonwealth v. Spiewak, 617 A.2d 696, 699 (Pa. 1993). ("Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or assumption regarding the existence of a material fact"). Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or confusion of the issues. Pa. R. E. 403. Unfair prejudice is a "tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa. R. E. 403, Comment; Sprague v. Walker, 656 A.2d 890 (Pa. Super. 1995).

Pursuant to the Federal Trafficking Victims Protection Act, Title 22 Chapter 78, 7101 et. seq., human sex trafficking is defined as a "commercial sex act induced by force, fraud or coercion, or in which the person induced to perform such act has not attained eighteen years of age. 22 USC Chapter 78. Sec. 7102. A "commercial sex act" means any sex act on account of which anything of value is given to or received by any person. 22 U.S.C. Chapter 78, Sec. 7012(4). Under the TVPA, a showing of fraud, force or coercion is not required for a minor to be a victim of sex trafficking.

Case ID: 170300712
Control No.: 21060204

Similarly, force, fraud, or coercion are not required under the PAHTL. Under the PAHTL, human trafficking includes recruiting, harboring, transporting, providing, obtaining or maintaining an individual for "sexual servitude." 18 Pa. C.S. § 3001, 3011. Sexual servitude is defined as follows:

> **"Sexual Servitude."** Any sex act or performance involving a sex act for which anything of value is directly or indirectly given, promised to or received by any individual or which is performed or provided by any individual and is induced or obtained from:
>
> (1) A minor.
> (2) Any other individual by any of the means set forth in section 3012(b) [involuntary servitude].

18 Pa. C.S.A. § 3001.

Pursuant to the PAHTL, "sexual servitude of a minor occurs whenever any sexual conduct or performance involving sexual conduct of a minor occurs, regardless of the presence of force, fraud or coercion on the part of the person inducing or receiving the conduct." Comment, 18 Pa. C.S. § 3011.

Under either the TVPA or PAHTL, children need not prove that they were forced, defrauded or coerced to be considered sex trafficking victims. It is anticipated that Defendants will try confuse the standard for sex trafficking of a minor and an adult to mislead the jury to believe that force, fraud and coercion were required for M.B. to be the victim of sex trafficking. Defendants should be precluded from offering such misleading and confusing argument or testimony which is contrary to the TVPA and PAHTL as relied upon by the Defendants' experts.

**V.     CONCLUSION**

For reasons set forth above, Plaintiff respectfully request this Honorable Court grant Plaintiff's *Motion in Limine* to Preclude Evidence, Testimony and/or Argument that Force, Fraud or Coercion were required for M.B. to prove that she was a victim of sex trafficking.

Case ID: 170300712
Control No.: 21060204

Respectfully submitted,
**KLINE & SPECTER, P.C.**
*/s/Emily B. Marks*

**BY:** _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

8

Case ID: 170300712
Control No.: 21060204

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

**BY:** */s/Emily B. Marks*
_____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Plaintiff's Motion in Limine to Preclude Any Evidence, Testimony Or Argument That Sex Trafficking Of A Child Requires Force, Fraud, Threat or Coercion***, was filed with the Court on June 1, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*
BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Case ID: 170300712
Control No.: 21060204

# EXHIBIT A

Case ID: 170300712
Control No.: 21060204

# Redacted

Case ID: 170300712
Control No.: 21060204

# EXHIBIT B

Case ID: 170300712
Control No.: 21060204

# Redacted

Case ID: 170300712
Control No.: 21060204

# EXHIBIT C

Case ID: 170300712
Control No.: 21060204

# Redacted

Case ID: 170300712
Control No.: 21060204

# EXHIBIT D

Case ID: 170300712
Control No.: 21060204

Redacted

Case ID: 170300712
Control No.: 21060204

# EXHIBIT E

Case ID: 170300712
Control No.: 21060204

# Redacted

Case ID: 170300712
Control No.: 21060204

FILED
01 JUN 2021 04:32 pm
Civil Administration
F. HEWITT

| M.B. | : | PHILADELPHIA COUNTY |
|------|---|---------------------|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude Opinions and Testimony by the Roosevelt Defendants Regarding Undated, Unverifiable, and Irrelevant Policies of Other Motels, and any response in opposition thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Defendants are precluded from offering testimony or opinions regarding undated, unverifiable and irrelevant policies of motels or hotels other than the Roosevelt Inn. Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the Court.

BY THE COURT:

_____

J.

Case ID: 170300712
Control No.: 21060208

**KLINE & SPECTER, P.C.**                     Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE OPINIONS AND TESTIMONY BY THE ROOSEVELT DEFENDANTS REGARDING UNDATED, UNVERIFIABLE, AND IRRELEVANT POLICIES OF OTHER MOTELS

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable Court enter an Order to Preclude Defendants from offering evidence, testimony or argument of unverifiable, undated, and irrelevant policies of motels or hotels other than the Roosevelt Inn.  In support of this Motion, Plaintiff respectfully submits, and incorporates herein, the attached Memorandum of Law.

                              **KLINE & SPECTER, P.C.**

                              */s/Emily B. Marks*
                    **BY:** _____
                              THOMAS R. KLINE, ESQUIRE
                              NADEEM A. BEZAR, ESQUIRE
                              EMILY B. MARKS, ESQUIRE
                              KYLE B. NOCHO, ESQUIRE
                              *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060208

**KLINE & SPECTER, P.C.**          Attorneys for Plaintiff
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### PLAINTIFF' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRECLUDE OPINIONS AND TESTIMONY BY THE ROOSEVELT DEFENDANTS REGARDING UNDATED, UNVERIFIABLE AND IRRELEVANT POLICIES OF OTHER MOTELS

Plaintiff, by her counsel, Kline & Specter, P.C., respectfully submit this Memorandum of

Law in Support of the Motion in Limine to Preclude Opinions and Testimony by the Roosevelt

Defendants Regarding Undated, Unverifiable and Irrelevant Policies of Other Motels.

### I.      PRELIMINARY STATEMENT

It is anticipated that the Roosevelt Defendants will attempt to introduce testimony and

opinions from their liability expert witness Norman Bates regarding purported guest registration

policies from other motels and hotels.  The Roosevelt Defendants failed to produce the policies

that Bates references in his expert report and as such Plaintiff has no way of knowing or

verifying the information that is included in these purported policies and/or when the policies

were in effect. The solicitation of testimony concerning evidence that cannot be verified is

contrary to the hallmark of a fair trial.  Moreover, the purported policies referenced by Bates are

not relevant to the issue of the Roosevelt Inn Defendants' actions and omissions that led to M.B.

Case ID: 170300712
Control No.: 21060208

being a victim of sex trafficking at the motel.  The Court should thus preclude any testimony, evidence or argument concerning undated, unverifiable and irrelevant policies of other motels.

## II.    QUESTIONS PRESENTED

1. Should this Honorable Court preclude Defendants from offering evidence, testimony or argument regarding unverifiable, undated, and irrelevant policies of motels or hotels other than the Roosevelt Inn?

    **SUGGESTED ANSWER:**  *Yes.* Any such reference is misleading, irrelevant, is not probative of any issue before this Court and would only mislead and confuse the jury.

## II.    BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc. (hereinafter "Alpha"), as an additional defendant.

The Roosevelt Defendants have produced a report from their liability expert witness Norman Bates.  See Bates Expert Report, attached as Exhibit "A.  It is anticipated that the Roosevelt Defendants will attempt to introduce testimony from Norman Bates regarding guest registration policies allegedly from other motels and hotels, including from the Econo Lodge and Hyatt.  See Ex. A at pages 19 – 21.  Notably, the Roosevelt Defendants failed to produce the policies from the Econo Lodge or they Hyatt that Bates references in his report.  Therefore, Plaintiff has no way of knowing or verifying the information that is included in these purported policies. The Econo Lodge policy referenced by Bates is undated, and the Hyatt policy is

Case ID: 170300712
Control No.: 21060208

allegedly from 2008, while the incidents involving the sex trafficking of M.B. occurred in 2014. The solicitation of opinions and testimony regarding undated, unverifiable and irrelevant policies of other motels should therefore be precluded a trial.

### III. DEFENDANTS SHOULD BE PRECLUDED FROM SOLICITATING OPINIONS OR TESTIMONY REGARDING UNDATED, UNVERIFIABLE AND IRRELEVANT POLICIES OF OTHER MOTELS

In order for Plaintiffs to receive a fair trial, the evidence presented to the jury must verifiable and probative of the issues presented by the case. This is hornbook law in Pennsylvania. Evidence that cannot be substantiated is inherently unreliable and untrustworthy.

Here, the issues are narrow and focus solely on the Defendants' negligence in allowing and failing to prevent sex trafficking at the Roosevelt Inn. These issues include: Did Defendants take reasonable steps to prevent sex trafficking at the Roosevelt Inn when receiving notice that it was occurring at the motel?

In cases such as this one, however, it can reasonably be anticipated that Defendant will attempt to present irrelevant evidence of unverifiable, undated, and irrelevant policies of other motels and hotels, which are not the Roosevelt Inn. The improper purpose of such evidence is to direct the jury's attention away from the real issues in the case and the direct the jury's attention away from Defendants' failures. The court should thus preclude Defendants' from offering this inadmissible evidence at trial.

Admission of evidence is within the sound discretion of the trial court. American Future Systems, Inc. v. Better Business Bureau, 872 A.2d 1202, 1212 (Pa. Super. Ct. 2005) (citing (Smalls v. Pittsburgh Corning Corp., 843 A.2d 410, 413 (Pa. Super. Ct. 2004)). In determining, the admissibility of evidence, the trial court must decide whether the evidence is relevant and, if so, whether its probative value outweighs its prejudicial effect. Commonwealth v. Cruise, 536 Pa. 508, 604 A.2d 395 (Pa. 1994). The Pennsylvania Rules of Evidence define "relevant

3

Case ID: 170300712
Control No.: 21060208

evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence." Pa. Re. Evid. 401, <u>Commonwealth v. Spiewak</u>, 617 A.2d 696, 699 (Pa. 1993). ("Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or assumption regarding the existence of a material fact"). Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or confusion of the issues. Pa. R. E. 403. Unfair prejudice is a "tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa. R. E. 403, Comment; <u>Sprague v. Walker</u>, 656 A.2d 890 (Pa. Super. 1995).

The purported policies for motels other than the Roosevelt Inn referenced by Norman Bates in his report are unverifiable and irrelevant. Bates' report lists the purported front desk and check-in policies for the "Econo Lodge of America".

Case ID: 170300712
Control No.: 21060208

Econo Lodge of America's front desk procedures include the following:

- Greet the guests: A warm welcome and friendliness are essential for a positive first impression.
- Ask if they have a reservation.
  1. If they don't, register them - if possible, try to up sell two-bedded room-DD, where there are two people.
  2. If they have a reservation, pull it and show arrival, and register.
  3. If you cannot find the reservation and you are the only Econo Lodge in that city, and rooms are available, register immediately without making a big deal that you cannot find the reservation.
  4. When there are other Econo Lodges in the city, politely question the guest, to prevent a Guaranteed No Show Billing from another property. If they insist on staying with you, and it is before 6 p.m., then assist them in cancelling the other reservation. It is essential to have a positive working relationship with the other Econo Lodges.
- Have the guest fill in the reservation card or registration portion of folio. Please ask them to make it legible, because this is a contract between the Motel and the guest. The registration must be signed by the guest to make it a valid contact.
- Once completed, go over this information to make sure it's complete and legible. If you cannot read it, ask the guest and print in what is necessary.
- Fill in the information that you are responsible to complete. Assign the room as per the guests request. If possible, review this with the guest as you are filling it in:
  1. Room Number
  2. Length of stay
  3. Rate per night, plus tax, plus any other charges that you may have, i.e. local phone.
- When the registration has been completed, it is time to get proper credit <u>before</u> you give out the room key.

 

1. CASH - Collect full payment for one nights stay, and if possible, collect for total stay if more than one night. <u>Collect daily.</u>
   Inform guest in a very nice way that if any Long Distance calls are made, to please come to the front desk and update their account upon completion of the call. If you have a call accounting telephone system, inform the guest that charges will be incurred for each local call and it is necessary to update their account when using the telephone.
2. CREDIT CARD
   a. If possible, suggest VISA or Master Card because this saves your property money and can be converted into instant cash at the bank.
   b. Compare signature on back of Credit Card with the one on the Registration Card.
   c. Verify Expiration Date.
   d. Run Credit Card with blank voucher through your imprinter.
   e. Check Warning List put out by Credit Card Companies to make sure the card is good. The date of the Warning List should be <u>No More Than</u> two weeks old.

*[Econo Lodge of America-Front Desk Procedures (undated)]*

<u>See</u> Ex. A at 19 – 20.

Bates also includes in his report the alleged policies from Hyatt, which are dated 2008:

5

Case ID: 170300712
Control No.: 21060208

Hyatt's Checking in a guest procedures include:

- Expected Outcome: In this task you will learn how to check in a guest. The guest's satisfaction with the check-in process is a major determining factor of whether he or she will return to the hotel
- Activity Breakdown:
  - Step 1. Greet the guest. Standard: When greeting a guest, make sure to maintain good eye contact. Always look up at the guest when talking. Greet the guest with time of day and offer assistance.
  - Step 2. Obtain the guest's name and welcome him/her to the hotel. Standard: After the guest informs you they are here to check-in, obtain the guest's name. For example "May I have your last name please?"
  - Step 3. Confirm reservation information. Standard: Confirm length of stay, room preference, and rate plan.
  - Step 4. Assign a guest room. Standard: Assign the guest the appropriate room.
  - Step 5. Obtain a method of payment. Standard: Ask the guest what method of payment they will be using for their account. For example, "Mr. Jones, how would you like to settle your account?"
    Common methods of payment include but are not limited to:
    - Credit Cards
    - Cash
    - Checks
    - Travelers Checks
  - Step 7. Obtain the guest's address. Standard: If the guest has an address

    attached to his/her profile, verify that it is correct. For example, "Mr. Jones, I have your address as 123 Main St. in Boston, MA. Is that correct?"
    If the guest does not have an address attached to his/her profile, obtain one from the guest. For example, "Mr. Jones may I have your business card or driver's license so that we can update your address on file?"
  - Step 8. Inform the guest of the early departure fee. Standard: Explain to the guest that the hotel requires twenty-four hour notice to avoid an early departure fee. For example, "Mr. Jones, should your departing plans change, please inform us at least one day prior to departure in order to avoid an early departure fee in the amount of one night's room and tax."
  - Step 9. Issue the guestroom key. Standard: Ask how many keys the guest would like.

*[Hyatt-Checking in a Guest (5/22/08)]*

<u>See</u> Ex. A at 20 – 21.

These policies have no relation to the Roosevelt Inn. These policies have not been produced to Plaintiff. The policy from Econo Lodge is undated, while the policy from Hyatt includes the date provided by Bates of 5/22/08. The Roosevelt Defendants have not produced these purported guest registration polices and therefore Plaintiff is be unable to challenge anything that Defendants may attempt to introduce at trial about the policies. In addition, the focus in this case is on the Roosevelt Inn Defendants and whether they took reasonable steps to prevent sex trafficking from occurring at the motel. The policies of other hotels or motels have no application here, especially when the policies are undated or from a time well prior to the

6

incidents of sex trafficking at issue in this case. Plaintiff M.B. was trafficked at the Roosevelt Inn in 2014. Plaintiff has no way to tell whether these policies were even in force when the sex trafficking of M.B. occurred. These policies will only divert the jury's attention away from the Roosevelt Inn and serve to confuse the issues at trial. The Court should thus preclude Defendants' expert witness Norman Bates from opining on undated and unverifiable policies of hotels and motels other than the Roosevelt Inn.

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter the proposed Order attached to this Motion.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060208

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060208

<u>**CERTIFICATE OF SERVICE**</u>

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Plaintiff's Motion in Limine Preclude Opinions and Testimony by the Roosevelt Inn Defendants Regarding Undated, Unverifiable and Irrelevant Policies of Other Motels***, was filed with the Court on June 1, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*
BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Case ID: 170300712
Control No.: 21060208

# EXHIBIT A

Case ID: 170300712
Control No.: 21060208

# Redacted

Case ID: 170300712
Control No.: 21060208

| M.B | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude Any Evidence, Testimony Or Argument That Plaintiff Does Not Have A Viable Civil Claim Pursuant to the Pennsylvania Anti-Human Trafficking Law, and any response thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.  Defendants are precluded from offering evidence, testimony or argument that Plaintiff does not have a civil claim under the Pennsylvania Anti-Human Trafficking Law.  Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the court.

BY THE COURT:

_____
J.

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE, TESTIMONY OR ARGUMENT THAT PLAINTIFF DOES NOT HAVE A CLAIM PURSUANT TO THE PENNSYLVANIA ANTI-HUMAN TRAFFICKING LAW

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable

Court enter an Order to Preclude Defendants from offering evidence, testimony or argument that

Plaintiff does not have a civil claim under the Pennsylvania Anti-Human Trafficking Law.  The

bases for this motion are set forth in the attached Brief.


                                    Respectfully submitted,
                                    **KLINE & SPECTER, P.C.**
                                    */s/Emily B. Marks*
                          BY: _____
                                    THOMAS R. KLINE, ESQUIRE
                                    NADEEM A. BEZAR, ESQUIRE
                                    EMILY B. MARKS, ESQUIRE
                                    KYLE B. NOCHO, ESQUIRE
                                    *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060209

**KLINE & SPECTER, P.C.**         Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE, TESTIMONY OR ARGUMENT THAT PLAINTIFF DOES NOT HAVE A CIVIL CLAIM UNDER THE PENNSYLVANIA ANTI-HUMAN TRAFFICKING LAW

Plaintiff, M.B., by and through the undersigned attorneys, hereby files this Motion *in Limine* to Preclude Any Evidence, Testimony or Argument that Plaintiff does not have a viable civil claim under the Pennsylvania Anti-Human Trafficking Law. For the reasons cited below, the requested testimony, evidence or argument should be precluded.

## I. PRELIMINARY STATEMENT

Plaintiff's Fourth Amended Complaint includes claims under theories of common law Negligence (Counts - I,II) and Negligent Infliction of Emotional Distress (Counts III, IV). *See* Plaintiff's 4th Amended Complaint attached as Exhibit "A". It is anticipated that Defendants will attempt to argue that Plaintiff's Initial Complaint filed March in 2017 included civil claim pursuant the Pennsylvania Anti-Trafficking Law (PAHTL),18 Pa. C.S.A. § 3051, for civil remedies as a victim of sex trafficking but this civil claim is not included in her Fourth Amended Complaint. The civil remedy for victims of sex trafficking pursuant to PAHTL came into effect

Case ID: 170300712
Control No.: 21060209

on September 2, 2014. Plaintiff was a victim of sex trafficking prior to September 2, 2014. References to Plaintiff not bringing a civil claim under the PAHTL are not relevant and are merely an attempt to mislead and confuse the jury regarding the viability of Plaintiff's claims that are set forth in her Fourth Amended Complaint under common law negligence theories and therefore should be precluded. Defendants would not be able to introduce testimony or argument that M.B. is not pursing a medical malpractice claim and therefore they should not be able argue that she is not pursuing a claim under the PAHTL.

## II.   QUESTION PRESENTED:

Should this Honorable Court preclude any evidence, testimony or argument that Plaintiff does not have a civil claim under the Pennsylvania Anti-Human Trafficking Law?

***SUGGESTED ANSWER:***   *Yes.*  Any evidence, testimony or argument that Plaintiff is not pursuing a civil claim under the Pennsylvania Anti-Human Trafficking Law would mislead and confuse the jury.

## III.   BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

The Roosevelt Defendants have produced a report from their liability expert Norman Bates, Esq.  See Bates Report attached as Exhibit "B".  In his report, Bates states:

 "[t]here is a Pennsylvania statute also prohibiting human sex trafficking and one that provides civil penalties for anyone deriving an economic benefit from the "enterprise" of human trafficking.  However, this statute was not in effect during the time period the plaintiff is alleging she was being victimized."

Case ID: 170300712
Control No.: 21060209

*See* Exhibit "B" at P. 2. Bates does not cite to the Pennsylvania Anti-Human Trafficking Law but makes a general reference to a "Pennsylvania statute." Plaintiff acknowledges that she was a victim of sex trafficking and sexual assault prior to the September 2014 enactment of the civil remedy for victims of sex trafficking set forth in the PAHTL. The civil remedy per the PAHTL for victims of sex trafficking is not the exclusive remedy for victims of sex trafficking or victims like M.B. who have been harmed at a hotel.

 Plaintiff's initial Complaint in this case included a civil claim pursuant to the PAHTL in addition to theories of common law negligence as Pennsylvania law supports liberal pleadings. Plaintiff's Fourth Amended Complaint, however, does not include a claim under the PAHTL because the PAHTL does not appear to apply to claims that occurred prior to September 2014. As such, Plaintiff's Fourth Amended Complaint includes claims under theories of common law Negligence (Counts - I,II) and Negligent Infliction of Emotional Distress (Counts III, IV). <u>See</u> Plaintiff's 4th Amended Complaint attached as Exhibit "A".

It is anticipated that the Defendants will attempt to introduce that Plaintiff does not have a viable claim under the Pennsylvania Anti-Human Trafficking Statute to mislead or confuse the jury regarding the viability of Plaintiff's claims under common law theories of negligence as pled in her Fourth Amended Complaint. There is no reason for Defendants to introduce evidence, testimony or argument pertaining to civil remedies under the PAHTL. As such any evidence, testimony or argument regarding claims or the viability of claims pursuant to PAHTL should be precluded.

## IV.   **PLAINTIFF'S CLAIMS ARE BASED ON COMMON LAW NEGLIGENCE THEORIES, THEREFORE ANY REFERENCE TO CIVIL REMEDIES UNDER THE PAHTL WOULD ONLY MISLEAD AND CONFUSE THE JURY**

Case ID: 170300712
Control No.: 21060209

Admission of evidence is within the sound discretion of the trial court.  American Future Systems, Inc. v. Better Business Bureau, 872 A.2d 1202, 1212 (Pa. Supe. Ct. 2005) citing (Smalls v. Pittsburgh Corning Corp., 843 A.2d 410, 413 (Pa. Super. Ct. 2004)).  In determining the admissibility of evidence, the trial court must decide whether the evidence is relevant and, if so, whether its probative value outweighs its prejudicial effect.  Commonwealth v. Cruise, 536 Pa. 508, 604 A.2d 395 (Pa. 1994).

The Pennsylvania Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence."  Pa. Re. Evid. 401, Commonwealth v. Spiewak, 617 A.2d 696, 699 (Pa. 1993).  ("Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or assumption regarding the existence of a material fact").  Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or confusion of the issues.  Pa. R. E. 403.  Unfair prejudice is a "tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially."  Pa. R. E. 403, Comment; Sprague v. Walker, 656 A.2d 890 (Pa. Super. 1995).

Plaintiff was the victim of sex trafficking and sexual assault that occurred at the Defendants' motel.  Plaintiff's claims arise from common law negligence theories as a result of her being harmed at Defendants' hotel.  This is a premise liability action and Plaintiff is not required to bring her lawsuit pursuant to the PAHTL.

Further, the civil remedy for victims of sex trafficking is not the exclusive remedy for victims of sex trafficking. The PAHTL includes a non-exclusivity clause that provides:

4

Case ID: 170300712
Control No.: 21060209

"Remedies under this chapter are **not exclusive and shall be in addition to other procedures or remedies for a violation or conduct provided for in other law.** 18 Pa. C.S. § 3072.

References to Plaintiff not being able to bring a claim under the PAHTL are not relevant and merely an attempt to mislead and confuse the jury regarding the viability of Plaintiff's claims that are set forth in her Fourth Amended Complaint under common law negligence theories and therefore should be precluded.

## V.    <u>CONCLUSION</u>

For reasons set forth above, Plaintiff respectfully request this Honorable Court grant Plaintiff's *Motion in Limine* to Preclude Evidence, Testimony and/or Argument regarding civil remedies under the PAHTL should be precluded.

Respectfully submitted,
**KLINE & SPECTER, P.C.**
*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060209

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060209

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Plaintiff's Motion in Limine to Preclude Any Evidence, Testimony Or Argument That Plaintiff Does Not Have A Civil Claim Pursuant to the Pennsylvania Anti-Human Trafficking Law***, was filed with the Court on June 1, 2021 and served by electronic filing upon counsel of record:

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
      EMILY B. MARKS, ESQUIRE
      *Attorney for Plaintiff*

# EXHIBIT A

Case ID: 170300712
Control No.: 21060209

Redacted

Case ID: 170300712
Control No.: 21060209

# EXHIBIT B

Case ID: 170300712
Control No.: 21060209

# Redacted

Case ID: 170300712
Control No.: 21060209

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| Plaintiff | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | <u>JURY TRIAL DEMANDED</u> |
| ALPHA-CENTURION SECURITY, INC. | : | |
| Defendants | : | |

## <u>ORDER</u>

**AND NOW**, this _____day of _____ 2021, upon

consideration of the Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. regarding

Extraneous Criminal Activity, and any Response thereto, it is hereby **ORDERED** and

**DECREED** that Defendant's Motion is **GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from providing evidence, testimony, and/or

argument regarding Extraneous Criminal Activity at Trial, including, but not limited to:

- Statements and Testimony of Keith Fenwick, Rashaad McIntyre, and Michael Staub;
- City of Philadelphia Police Records and Testimony by Philadelphia Police Officers;
- The March 31, 2014 Shooting at the Roosevelt Inn; and
- Prostitution by and Trafficking of Individuals other than Plaintiff M.B.

**BY THE COURT:**

_____

**J.**

<span style="color:red">Case ID: 170300712
Control No.: 21060447</span>

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire                    Attorneys for Defendant,
Identification No.    208830                         Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

---

## MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC. AS TO EXTRANEOUS CRIMINAL ACTIVITY

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby moves this Honorable Court to Preclude all

evidence, testimony, and/or argument as to Extraneous Criminal Activity, and, in support

thereof, aver as follows:

1.      Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt

Inn.

Case ID: 170300712
Control No.: 21060447

2. Her traffickers were Daiquan Davis and Abdul Lopez; both pled guilty to federal human trafficking charges and agreed they engaged in certain conduct.

3. Both deny they trafficked Plaintiff at the Roosevelt Inn.

4. Their conduct is the only criminal activity at issue in the instant case.

5. Nevertheless, it is anticipated that Plaintiff will seek to enter into evidence criminal activity at the Roosevelt Inn that has no relevance to her own alleged trafficking.

6. For instance, on March 31, 2014, a shooting took place at the Roosevelt Inn.

7. Videos of the shooting were subpoenaed from and produced by the Philadelphia District Attorney's Office. The videos show individuals running down the corridors of the Roosevelt Inn, shooting at each other.

8. Neither of Plaintiff's traffickers were involved in this shooting, and Plaintiff does not argue that she was at the Roosevelt Inn at the time of the shooting.

9. Records from the Philadelphia Police Department were also exchanged in discovery, and Plaintiff identified five (5) Philadelphia Police Officers as Trial Witnesses. *See* Plaintiff's Amended Pre-Trial Memorandum at Witnesses 36 – 40.

10. Indeed, Plaintiff's Fourth Amended Complaint makes an issue of general police activity at the Roosevelt Inn:

> From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

Plaintiff's Fourth Amended Complaint at ¶21.

Case ID: 170300712
Control No.: 21060447

11. There are no specific instances involving or references to Plaintiff M.B. being trafficked within these records; the specific records themselves have no bearing on Plaintiff's alleged trafficking at the Roosevelt Inn.

12. Plaintiff also produced out-of-court statements of Keith Fenwick, Rashaad McIntyre, and Michael Staub. Said statements are collectively attached hereto as Exhibit A.

13. These individuals are identified in Plaintiff's Amended Pre-Trial Memorandum as Trial Witness 27, 34, and 35, respectively.[1]

14. Keith Fenwick and Rashaad McIntyre's statements focus upon prostitution – not human trafficking. Moreover, neither Keith Fenwick nor Rashaad McIntyre were present at the Roosevelt Inn at any time Plaintiff claims to have been at the Roosevelt Inn.

15. Plaintiff claims to have been trafficked from April 2014 through June 6, 2014. Plaintiff went "AWOL" from foster care on April 2, 2014, and turned herself back into the Department of Human Services on June 6, 2014. *See* May 2, 2014 Court Order, attached hereto as Exhibit B; Deposition Transcript of Plaintiff M.B. at Page 114, Lines 13 – 18, attached hereto as Exhibit C.

16. Both Keith Fenwick and Rashaad McIntyre were at the Roosevelt before this time period.

17. Keith Fenwick testified:

> Q. Did you work -- do you recall the time period you were at the Roosevelt Inn?

---

[1] Alpha-Centurion Security, Inc. seeks to preclude the testimony of B.H.; K.R.; C.A.; and E.B., individuals who also allege they were trafficked, as part of its Motion *in Limine* to Preclude testimony by other plaintiffs, to preclude out-of-court statements of non-party witnesses regarding prostitution at the Roosevelt Inn via its Motion *in Limine* on hearsay; and to preclude FBI materials via another Motion *in Limine*. These other areas also constitute evidence of extraneous criminal activity, and further underscores Plaintiff's motive in seeking to establish her claims based upon other, irrelevant criminal activity.

Case ID: 170300712
Control No.: 21060447

> A.  Yes, the beginning of 2013 until 2014, about two weeks
> into 2014. I left right after the shooting.

Deposition Testimony of Keith Fenwick at Page 10, Lines 4 – 8, attached hereto as Exhibit D.

18.  Rashaad McIntyre claims to have "worked at several hotels from 2008 (or 2009) to 2012." *See* Exhibit A. This is well before Plaintiff claims to have been trafficked.

19.  Michael Staub claims to have resided at 7629 Leonard Street, Philadelphia, PA 19152, "directly behind the Roosevelt Inn" from 2002 until 2017. *See* Exhibit A.

20.  Mr. Staub's "statement" focuses upon supposed "open air drug sales;" fights; and suicides that occurred in the parking lot of the Roosevelt Inn. He also claims to have witnessed individuals having sex through the windows of the hotel.

21.  And although he claims that there was "open prostitution," his statement makes clear that this is based upon circumstantial evidence.

22.  None of these individuals have any firsthand knowledge regarding Plaintiff M.B.

23.  Plaintiff M.B. does not claim to have ever come into contact with any of them, at the Roosevelt Inn or otherwise.

24.  Plaintiff's intent in presenting these witnesses and the associated documentation is simply to incite the jury and confuse the issues before it.

25.  In so doing, she will seek to prove negligence herein based upon extraneous criminal activity that has no bearing upon whether she was trafficked at the Roosevelt Inn, and whether the named defendants are negligent. This is improper.

26.  Not only is such other extraneous criminal activity irrelevant to the within matter, it is overly prejudicial and would lead to confusion of the issues or a decision based upon an improper basis. It furthermore constitutes inadmissible hearsay for which there is no exception.

Case ID: 170300712
Control No.: 21060447

27.     Under the Pennsylvania Rules of Evidence, this Honorable Court has a gate-keeping function with regard to witnesses and evidence.

28.     Pursuant to Pennsylvania Rule of Evidence 104, "[p]reliminary questions concerning the qualification of a person to be a witness . . . or the admissibility of evidence shall be determined by the court."

29.     It is anticipated that Plaintiff M.B. will seek to prove her own case by introducing into evidence a plethora of extraneous criminal activity.

30.     Plaintiff will attempt to prove negligence against the named defendants by presenting the following:

- Statements and Testimony of Keith Fenwick, Rashaad McIntyre, and Michael Staub;
- City of Philadelphia Police Records and Testimony by Philadelphia Police Officers;
- The March 31, 2014 Shooting at the Roosevelt Inn; and
- Prostitution by and Trafficking of Individuals other than Plaintiff M.B.

31.     The Court must use its gate-keeping function to preclude any such evidence, as it is both irrelevant and overly prejudicial.

32.     Relevance is the threshold for admissibility of evidence. *Commonwealth v. Semenza*, 127 A.3d 1, 7 (Pa. Super. 2015) (citing *Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008)).

33.     "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.Evid. 401.

34.     Evidence that is not relevant is not admissible.  Pa.R.Evid. 402.

35.     Here, any evidence, testimony, and/or argument as to extraneous criminal activity should be precluded because it is irrelevant and highly prejudicial.

5

Case ID: 170300712
Control No.: 21060447

36.     The only relevant criminal activity in this case are the crimes of Daiquan Davis and Abdul Lopez.

37.     Whether a shooting, drug sales, thefts, aggravated assaults, disorderly conduct, domestic abuse, or even trafficking of individuals other than Plaintiff occurred at the Roosevelt Inn is irrelevant to whether Plaintiff M.B. was herself trafficked at the Roosevelt Inn.

38.     There is absolutely no record evidence establishing a connection between Plaintiff and any of these other instances of extraneous criminal activity.

39.     The sole reason to admit these instances of extraneous criminal activity into evidence would be to incite the jury and confuse the issues before it.

40.     In so doing, she will attempt to bias the trier of fact against Alpha-Centurion and the Roosevelt Inn, and create the impression that they must be negligent herein due to these other, irrelevant crimes.  This clearly improper, and should be precluded.

41.     Assuming, *arguendo*, that this evidence is relevant, the probative value of extraneous criminal activity at the Roosevelt Inn is far outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury. *See* Pa. R. Evid. 403.

42.     Such information must be *excluded* because the probative value is outweighed by the potential for "unfair prejudice."

43.     "Unfair prejudice" is defined as a "tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.Evid. 403, comment-1998.

44.     Pennsylvania case law is clear that evidence which is more likely to direct the jury's attention to matters that are inconsequential to the issues in the present care and which could mislead the jury to make a decision based upon improper grounds should be excluded.

6

Case ID: 170300712
Control No.: 21060447

45.     "It is appropriate for a court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury. 'Evidence is prejudicial not where it merely hurts a party's case, but where it tends to fix a decision which has an improper basis in the minds of the jury.'" *Fisher v. N. Hills Passavant Hosp.*, 781 A.2d 1232, 1234 (Pa. Super. Ct. 2001) (*quoting Curran v. Stradley* 521 A.2d 451, 459 (Pa. Super. 1987)).

46.     Here, evidence of extraneous criminal activity must be precluded because any purported probative value is significantly outweighed by the prejudice to Alpha-Centurion that would result, as well as confusion of the issues, misleading the jury, and wasting time. *See Cressman*, 50 A.3d 794, at \*13–14 (Pa. Cmwlth. 2012) (citing *Mendenhall v. Dep't of Transp.*, 537 A.2d 951, 953–954 (Pa. Cmwlth. 1988) (emphasizing "judicial concern that the evidence [of other events] may raise collateral issues, confusing both the real issue and the jury")).

47.     Permitting evidence regarding a shooting, drug deals, domestic abuse, aggravated assaults, weapons violations, disorderly conduct, etc. would clearly bring into evidence other events that have no bearing upon whether Plaintiff M.B. was trafficked at the Roosevelt Inn, or whether the named defendants herein are liable.

48.     The sole reason Plaintiff would seek to introduce evidence of extraneous criminal activity would be to paint an image of the Roosevelt Inn as a haven of criminal activity, in order to argue that criminal activity, in itself, establishes negligence on the part of Defendants.

49.     This would permit "an undue tendency to suggest a decision on an improper basis." *Sprague v. Walter*, 656 A.2d 890, 909 (Pa. Super. 1995). *See also Cressman, supra.*

50.     Because of this tendency to confuse the jury and suggest a decision on an improper basis, evidence and/or argument regarding other alleged incidents is clearly prejudicial.

Case ID: 170300712
Control No.: 21060447

Pa.R.E. 403; *Castellani*, 124 A.3d at 1254; *see also Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Pa. 1974), *aff'd* 513 F.2d 626 (3d Cir. 1975) ("Proof of prior accidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to collateral matters.").

51.     Finally, evidence of extraneous criminal activity constitutes inadmissible hearsay that does not meet any exception.

52.     The introduction of such evidence requires reliance upon inadmissible hearsay that does not meet any exception.

53.     Hearsay is an out-of-court statement offered by a party to prove the truth of the matter asserted. It is not admissible, except as provided by the Pennsylvania Rules of Evidence, by the Pennsylvania Supreme Court, or by statute. Pa.R.Evid. 801, 802.

54.     Case law in the Commonwealth makes it clear that the reason for this preclusion is due to the untrustworthiness of such statements. *See Commonwealth v. Chamberlain*, 731 A.2D 593, 595 (Pa. 1999) ("The hearsay rule provides that evidence of a declarant's out-of-court statements is generally inadmissible because such evidence lacks guarantees of trustworthiness fundamental to the Anglo-American system of jurisprudence.").

55.     While exceptions to the general prohibition against hearsay exist, it is the proponent's burden to identify a reliable hearsay exception. *Heddings v. Steele*, 526 A.2d 349, 352 (Pa. 1987).

56.     Here, there are no exceptions that would permit entry of evidence, testimony, and/or argument regarding extraneous criminal activity.

Case ID: 170300712
Control No.: 21060447

57.     Indeed, the records of this extraneous criminal activity come largely from police records, statements of pimps, etc. Such information is inherently unreliable because of the source of the information.

58.     It is well established that records which lack trustworthiness, like the police records at issue herein, should be excluded.

59.     A record may be excluded under circumstances where the trial court has reason to question its trustworthiness. *Birt v. Firstenergy Corp.*, 891 A.2d 1281, 1291 (Pa. Super. 2006). *See also* Pa.R.Evid. 803(6) (stating that a business record is a hearsay exception "unless the sources or information or other circumstances indicate lack of trustworthiness."); 42 Pa.C.S.A. § 6108(b) (providing a business record is competent evidence "if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.").

60.     Moreover, the statements at issue, in particular the "statement" of Michael Staub, are rife with multiple levels of hearsay.

61.     The information Plaintiff will seek to introduce – evidence regarding a shooting, drug deals, domestic abuse, aggravated assaults, weapons violations, disorderly conduct, etc. – should be precluded as inadmissible hearsay.

9

Case ID: 170300712
Control No.: 21060447

**WHEREFORE**, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant Alpha-Centurion Security, Inc. respectfully requests that any and all evidence, testimony, and/or argument by Plaintiff as to Extraneous Criminal Activity be precluded at the time of Trial.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:_____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 2, 2021

Case ID: 170300712
Control No.: 21060447

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a ROOSEVELT MOTOR INN and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC.  AS TO EXTRANEOUS CRIMINAL ACTIVITY**</u>

### I.    <u>MATTER BEFORE THE COURT</u>

Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. as to Extraneous Criminal

Activity.

### II.    <u>QUESTION PRESENTED</u>

Whether Plaintiff should be precluded from offering evidence, testimony, and/or argument as to extraneous criminal activity, where such evidence constitutes inadmissible hearsay, is irrelevant to Plaintiff's claims, and the resulting prejudice to Alpha-Centurion Security, Inc. outweighs any probative value.

*Suggested Answer:*     **YES.**

### III.   **FACTS**

Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn. Her traffickers were Daiquan Davis and Abdul Lopez; both pled guilty to federal human trafficking charges and agreed they engaged in certain conduct. Both deny they trafficked Plaintiff at the Roosevelt Inn. Their conduct is the only criminal activity at issue in the instant case.

Nevertheless, it is anticipated that Plaintiff will seek to enter into evidence criminal activity at the Roosevelt Inn that has no relevance to her own alleged trafficking. For instance, on March 31, 2014, a shooting took place at the Roosevelt Inn. Videos of the shooting were subpoenaed from and produced by the Philadelphia District Attorney's Office. The videos show individuals running down the corridors of the Roosevelt Inn, shooting at each other. Neither of Plaintiff's traffickers were involved in this shooting, and Plaintiff does not argue that she was at the Roosevelt Inn at the time of the shooting.

Records from the Philadelphia Police Department were also exchanged in discovery, and Plaintiff identified five (5) Philadelphia Police Officers as Trial Witnesses. *See* Plaintiff's Amended Pre-Trial Memorandum at Witnesses 36 – 40. Indeed, Plaintiff's Fourth Amended Complaint makes an issue of general police activity at the Roosevelt Inn:

> From January 2012 through December 2017, the Philadelphia
> Police Department documented more than one thousand incidents
> of criminal activity at and/or near the Roosevelt Inn including
> aggravated assault, domestic abuse, theft, weapon violations, rape,
> prostitution, drug offenses, disorderly conduct and a video
> recorded shooting.

Case ID: 170300712
Control No.: 21060447

Plaintiff's Fourth Amended Complaint at ¶21. There are no specific instances involving or references to Plaintiff M.B. being trafficked within these records; the specific records themselves have no bearing on Plaintiff's alleged trafficking at the Roosevelt Inn.

Plaintiff also produced out-of-court statements of Keith Fenwick, Rashaad McIntyre, and Michael Staub. Said statements are collectively attached hereto as Exhibit A. These individuals are identified in Plaintiff's Amended Pre-Trial Memorandum as Trial Witness 27, 34, and 35, respectively.[1] Keith Fenwick and Rashaad McIntyre's statements focus upon prostitution – not human trafficking. Moreover, neither Keith Fenwick nor Rashaad McIntyre were present at the Roosevelt Inn at any time Plaintiff claims to have been at the Roosevelt Inn. Plaintiff claims to have been trafficked from April 2014 through June 6, 2014. Plaintiff went "AWOL" from foster care on April 2, 2014, and turned herself back into the Department of Human Services on June 6, 2014. *See* May 2, 2014 Court Order, attached hereto as Exhibit B; Deposition Transcript of Plaintiff M.B. at Page 114, Lines 13 – 18, attached hereto as Exhibit C. Both Keith Fenwick and Rashaad McIntyre were at the Roosevelt before this time period. Keith Fenwick testified:

> Q. Did you work -- do you recall the time period you were at the Roosevelt Inn?
>
> A. Yes, the beginning of 2013 until 2014, about two weeks into 2014. I left right after the shooting.

Deposition Testimony of Keith Fenwick at Page 10, Lines 4 – 8, attached hereto as Exhibit D. Rashaad McIntyre claims to have "worked at several hotels from 2008 (or 2009) to 2012." *See* Exhibit A. This is well before Plaintiff claims to have been trafficked.

---

[1] Alpha-Centurion Security, Inc. seeks to preclude the testimony of B.H.; K.R.; C.A.; and E.B., individuals who also allege they were trafficked, as part of its Motion *in Limine* to Preclude testimony by other plaintiffs, to preclude out-of-court statements of non-party witnesses regarding prostitution at the Roosevelt Inn via its Motion *in Limine* on hearsay; and to preclude FBI materials via another Motion *in Limine*. These other areas also constitute evidence of extraneous criminal activity, and further underscores Plaintiff's motive in seeking to establish her claims based upon other, irrelevant criminal activity.

Case ID: 170300712
Control No.: 21060447

Michael Staub claims to have resided at 7629 Leonard Street, Philadelphia, PA 19152, "directly behind the Roosevelt Inn" from 2002 until 2017. *See* Exhibit A. Mr. Staub's "statement" focuses upon supposed "open air drug sales;" fights; and suicides that occurred in the parking lot of the Roosevelt Inn. He also claims to have witnessed individuals having sex through the windows of the hotel. And although he claims that there was "open prostitution," his statement makes clear that this is based upon circumstantial evidence.

None of these individuals have any firsthand knowledge regarding Plaintiff M.B. Plaintiff M.B. does not claim to have ever come into contact with any of them, at the Roosevelt Inn or otherwise. Plaintiff's intent in presenting these witnesses and the associated documentation is simply to incite the jury and confuse the issues before it. In so doing, she will seek to prove negligence herein based upon extraneous criminal activity that has no bearing upon whether she was trafficked at the Roosevelt Inn, and whether the named defendants are negligent. This is improper. Not only is such other extraneous criminal activity irrelevant to the within matter, it is overly prejudicial and would lead to confusion of the issues or a decision based upon an improper basis.

## IV.   ARGUMENT

Under the Pennsylvania Rules of Evidence, this Honorable Court has a gate-keeping function with regard to witnesses and evidence. Pursuant to Pennsylvania Rule of Evidence 104, "[p]reliminary questions concerning the qualification of a person to be a witness . . . or the admissibility of evidence shall be determined by the court." It is anticipated that Plaintiff M.B. will seek to prove her own case by introducing into evidence a plethora of extraneous criminal activity. Plaintiff will attempt to prove negligence against the named defendants by presenting the following:

4

Case ID: 170300712
Control No.: 21060447

- Statements and Testimony of Keith Fenwick, Rashaad McIntyre, and Michael Staub;

- City of Philadelphia Police Records and Testimony by Philadelphia Police Officers;

- The March 31, 2014 Shooting at the Roosevelt Inn; and

- Prostitution by and Trafficking of Individuals other than Plaintiff M.B.

The Court must use its gate-keeping function to preclude any such evidence, as it is both irrelevant and overly prejudicial.

## A. EVIDENCE OF EXTRANEOUS CRIMINAL ACTIVITY IS IRRELEVANT TO THE ISSUES IN THIS CASE.

Relevance is the threshold for admissibility of evidence. *Commonwealth v. Semenza*, 127 A.3d 1, 7 (Pa. Super. 2015) (citing *Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008)). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.Evid. 401. Evidence that is not relevant is not admissible. Pa.R.Evid. 402.

Here, any evidence, testimony, and/or argument as to extraneous criminal activity should be precluded because it is irrelevant and highly prejudicial. The only relevant criminal activity in this case are the crimes of Daiquan Davis and Abdul Lopez. Whether a shooting, drug sales, thefts, aggravated assaults, disorderly conduct, domestic abuse, or even trafficking of individuals other than Plaintiff occurred at the Roosevelt Inn is irrelevant to whether Plaintiff M.B. was herself trafficked at the Roosevelt Inn. There is absolutely no record evidence establishing a connection between Plaintiff and any of these other instances of extraneous criminal activity. The sole reason to admit these instances of extraneous criminal activity into evidence would be to incite the jury and confuse the issues before it. In so doing, she will attempt to bias the trier of fact against Alpha-Centurion and the Roosevelt Inn, and create the impression that they must be negligent herein due

Case ID: 170300712
Control No.: 21060447

to these other, irrelevant crimes.  This clearly improper, and should be precluded.

**B.  EVIDENCE OF EXTRANEOUS CRIMINAL ACTIVITY IS OVERLY PREJUDICIAL, AND WOULD PERMIT A DECISION UPON AN IMPROPER BASIS.**

Assuming, *arguendo*, that this evidence is relevant, the probative value of extraneous criminal activity at the Roosevelt Inn is far outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury. *See* Pa. R. Evid. 403.  Such information must be *excluded* because the probative value is outweighed by the potential for "unfair prejudice." "Unfair prejudice" is defined as a "tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially."  Pa.R.Evid. 403, comment-1998.  Pennsylvania case law is clear that evidence which is more likely to direct the jury's attention to matters that are inconsequential to the issues in the present care and which could mislead the jury to make a decision based upon improper grounds should be excluded.  "It is appropriate for a court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice,  confusion of issues or misleading the jury.  'Evidence is prejudicial not where it merely hurts a party's case, but where it tends to fix a decision which has an improper basis in the minds of the jury.'" *Fisher v. N. Hills Passavant Hosp.*, 781 A.2d 1232, 1234 (Pa. Super. Ct. 2001) (*quoting Curran v. Stradley* 521 A.2d 451, 459 (Pa. Super. 1987)).

Here, evidence of extraneous criminal activity must be precluded because any purported probative value is significantly outweighed by the prejudice to Alpha-Centurion that would result, as well as confusion of the issues, misleading the jury, and wasting time. *See Cressman*, 50 A.3d 794, at *13–14 (Pa. Cmwlth. 2012) (citing *Mendenhall v. Dep't of Transp.*, 537 A.2d 951, 953–954 (Pa. Cmwlth. 1988) (emphasizing "judicial concern that the evidence [of other events] may raise collateral issues, confusing both the real issue and the jury")).  Permitting

6

Case ID: 170300712
Control No.: 21060447

evidence regarding a shooting, drug deals, domestic abuse, aggravated assaults, weapons violations, disorderly conduct, etc. would clearly bring into evidence other events that have no bearing upon whether Plaintiff M.B. was trafficked at the Roosevelt Inn, or whether the named defendants herein are liable.

The sole reason Plaintiff would seek to introduce evidence of extraneous criminal activity would be to paint an image of the Roosevelt Inn as a haven of criminal activity, in order to argue that criminal activity, in itself, establishes negligence on the part of Defendants. This would permit "an undue tendency to suggest a decision on an improper basis." *Sprague v. Walter*, 656 A.2d 890, 909 (Pa. Super. 1995). *See also Cressman*, 50 A.3d 794, at *13–14 (Pa. Cmwlth. 2012) (citing *Mendenhall v. Dep't of Transp.*, 537 A.2d 951, 953–954 (Pa. Cmwlth. 1988) (emphasizing "judicial concern that the evidence [of other events] may raise collateral issues, confusing both the real issue and the jury")). Because of this tendency to confuse the jury and suggest a decision on an improper basis, evidence and/or argument regarding other alleged incidents is clearly prejudicial. Pa.R.E. 403; *Castellani*, 124 A.3d at 1254; *see also Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Pa. 1974), *aff'd* 513 F.2d 626 (3d Cir. 1975) ("Proof of prior accidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to collateral matters.").

### C. EVIDENCE OF EXTRANEOUS CRIMINAL ACTIVITY CONSTITUTES INADMISSIBLE HEARSAY THAT DOES NOT MEET ANY EXCEPTION.

The introduction of such evidence requires reliance upon inadmissible hearsay that does not meet any exception. Hearsay is an out-of-court statement offered by a party to prove the truth of the matter asserted. It is not admissible, except as provided by the Pennsylvania Rules of

Case ID: 170300712
Control No.: 21060447

Evidence, by the Pennsylvania Supreme Court, or by statute. Pa.R.Evid. 801, 802. Case law in the Commonwealth makes it clear that the reason for this preclusion is due to the untrustworthiness of such statements. *See Commonwealth v. Chamberlain*, 731 A.2D 593, 595 (Pa. 1999) ("The hearsay rule provides that evidence of a declarant's out-of-court statements is generally inadmissible because such evidence lacks guarantees of trustworthiness fundamental to the Anglo-American system of jurisprudence."). While exceptions to the general prohibition against hearsay exist, it is the proponent's burden to identify a reliable hearsay exception. *Heddings v. Steele*, 526 A.2d 349, 352 (Pa. 1987). Here, there are no exceptions that would permit entry of evidence, testimony, and/or argument regarding extraneous criminal activity.

Indeed, the records of this extraneous criminal activity come largely from police records, statements of pimps, etc. Such information is inherently unreliable because of the source of the information. It is well established that records which lack trustworthiness, like the police records at issue herein, should be excluded. A record may be excluded under circumstances where the trial court has reason to question its trustworthiness. *Birt v. Firstenergy Corp.*, 891 A.2d 1281, 1291 (Pa. Super. 2006). *See also* Pa.R.Evid. 803(6) (stating that a business record is a hearsay exception "unless the sources or information or other circumstances indicate lack of trustworthiness."); 42 Pa.C.S.A. § 6108(b) (providing a business record is competent evidence "if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.").

Moreover, the statements at issue, in particular the "statement" of Michael Staub, are rife with multiple levels of hearsay. The information Plaintiff will seek to introduce – evidence regarding a shooting, drug deals, domestic abuse, aggravated assaults, weapons violations, disorderly conduct, etc. – should be precluded as inadmissible hearsay.

Case ID: 170300712
Control No.: 21060447

## V. **REQUESTED RELIEF**

For the foregoing reasons, Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court grant its Motion *in Limine*, thereby precluding any evidence, testimony, and/or argument as to Extraneous Criminal Activity at the time of Trial.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 2, 2021

Case ID: 170300712
Control No.: 21060447

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Motion in Limine of Defendant Alpha-Centurion Security, Inc. was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: <u>June 2, 2021</u>

Case ID: 170300712
Control No.: 21060447

# EXHIBIT "A"
## *CONFIDENTIAL*

Case ID: 170300712
Control No.: 21060447

# EXHIBIT "B"
## *CONFIDENTIAL*

Case ID: 170300712
Control No.: 21060447

# EXHIBIT "C"
## *CONFIDENTIAL*

Case ID: 170300712
Control No.: 21060447

# EXHIBIT "D"

Case ID: 170300712
Control No.: 21060447

# In The Matter Of:

*M.B., minor by her Guardian, William A. Calandra, Esq. vs.*
*Roosevelt Inn LLC, et al*

---

*Keith Fenwick*
*September 26, 2019*

---

*B&R Services for Professionals, Inc.*
*235 South 13th Street*
*Philadelphia, PA 19107*
*(215) 546-7400*
*cr@brservices.com*

Case ID: 170300712
Control No.: 21060447

```
 1              IN THE COURT OF COMMON PLEAS
                 OF PHILADELPHIA COUNTY
 2

 3   M.B., a minor,             :
     By her Guardian            :
 4   WILLIAM A. CALANDRA,       :    MARCH TERM, 2017
     ESQUIRE                    :
 5                              :
     -vs.-                      :    NO.: 00712
 6                              :
     ROOSEVELT INN, LLC         :
 7   d/b/a ROOSEVELT INN and    :    JURY TRIAL DEMANDED
     ROOSEVELT INN CAFE, et/al: :
 8

 9

10                   -   -   -

11             September 26, 2019

12                   -   -   -

13

14

15              Videotape deposition of KEITH
     FENWICK, held in the Law Offices of Kline & Specter,
16   P.C., 1525 Locust Street, Philadelphia,
     Pennsylvania, commencing at 4:54 p.m., on the above
17   date, before Colleen Gallagher, a Court Reporter and
     Notary Public of the Commonwealth of Pennsylvania.
18

19

20

21

22                   -   -   -
             B&R SERVICES FOR PROFESSIONALS, INC.
23                235 SOUTH 13th Street
             Philadelphia, Pennsylvania 19107
24                   (215) 546-7400
```

Case ID: 170300712
Control No.: 21060447

1      Q     When did you stop working for Alpha?

2   Roughly, what year?

3      A     About 2016, I'm pretty sure.

4      Q     Did you work -- do you recall the time

5   period you were at the Roosevelt Inn?

6      A     Yes, the beginning of 2013 until 2014,

7   about two weeks into 2014.  I left right after the

8   shooting.

9      Q     If I tell you the shooting was

10  approximately March 31, 2014, are you saying that

11  you left --

12     A     I left before that.  I was transferred to

13  another site before that.

14     Q     Do you know why you were transferred?

15     A     I was needed at the -- a place called --

16  well, you know, Eastern State Penitentiary.

17     Q     Were you providing security at Eastern

18  State Penitentiary?

19     A     Yes.

20     Q     And this was through Alpha?

21     A     Yes.

22     Q     Who hired you at Alpha?

23     A     Inspector Brian Bowens.

24     Q     I think you mentioned before he was one of

Case ID: 170300712
Control No.: 21060447