# EXHIBIT 10

# Docket Report

**Case Description**

| | |
|---|---|
| **Case ID:** | 170300712 |
| **Case Caption:** | B. ETAL VS ROOSEVELT INN LLC ETAL |
| **Filing Date:** | Friday , March 10th, 2017 |
| **Location:** | CH - City Hall |
| **Case Type:** | 2O - PERSONAL INJURY - OTHER |
| **Status:** | CLDBR - DEFERRED - BANKRUPTCY |

| | | | |
|---|---|---|---|
| 02-JUN-2021 10:00 AM | MTLIM - MOTION IN LIMINE | WAGNER, THOMAS P | 02-JUN-2021 10:03 AM |

**Documents:**
MB - Confidential C to Alpha MIL re Inadmissible Hearsay.PDF
MB - Confidential D to Alpha MIL re Inadmissible Hearsay.PDF
MB - Alpha MIL re Inadmissible Hearsay.PDF
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 91-21060291 MOTION IN LIMINE AS TO INADMISSIBLE HEARSAY (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| | | | |
|---|---|---|---|
| 02-JUN-2021 09:56 AM | MTLIM - MOTION IN LIMINE | WAGNER, THOMAS P | 02-JUN-2021 09:59 AM |

**Documents:**
MB - Confidential Exhibit A to Alpha MIL re K Hanton Criminal History.PDF
MB - Alpha MIL re K Hanton Criminal History.PDF
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 84-21060284 MOTION IN LIMINE AS TO KELVIN HANTON'S CRIMINAL RECORD (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| | | | |
|---|---|---|---|
| 02-JUN-2021 09:48 AM | MTLIM - MOTION IN LIMINE | WAGNER, THOMAS P | 02-JUN-2021 10:02 AM |

**Documents:**
MB - Confidential Exhibit A to Alpha MIL re Non-Party Alpha Century Security Inc.PDF
MB - Confidential Exhibit B to Alpha MIL re Non-Party Alpha Century Security Inc.PDF
MB - Alpha MIL re Non-Party Alpha Century Security Inc.PDF
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 89-21060289 MOTION IN LIMINE AS TO NON-PARTY ALPHA CENTURY SECURITY, INC. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| | | | |
|---|---|---|---|
| 02-JUN-2021 09:27 AM | MTLIM - MOTION IN LIMINE | WAGNER, THOMAS P | 02-JUN-2021 09:28 AM |

**Documents:**
MB - Alpha MIL re Other Plaintiffs.PDF
Motion CoverSheet Form

**Docket Entry:** 79-21060279 MOTION IN LIMINE RE OTHER PARTIES (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 02-JUN-2021 09:36 AM | MTLIM - MOTION IN LIMINE | WAGNER, THOMAS P | 02-JUN-2021 09:46 AM |

**Documents:** MB - Confidential Exhibit B to Alpha MIL re References to Human Trafficking.PDF
MB - Alpha MIL re References to Human Trafficking.PDF
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 82-21060282 MOTION IN LIMINE TO PRECLUDE REFERENCE TO PA'S HUMAN TRAFFICKING LAWS (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 02-JUN-2021 03:53 PM | MTLIM - MOTION IN LIMINE | WAGNER, THOMAS P | 02-JUN-2021 03:59 PM |

**Documents:** MB - Confidential Exhibits to Alpha MIL to Preclude Plaintiff Expert Richard Hudak.PDF
MB - Alpha MIL to Preclude Plaintiff Expert Richard Hudak.PDF
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 64-21060464 MOTION IN LIMINE DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF'S EXPERT RICHARD HUDAK (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 02-JUN-2021 03:03 PM | MTLIM - MOTION IN LIMINE | WAGNER, THOMAS P | 02-JUN-2021 03:05 PM |

**Documents:** MB - Confidential Exhibits to Alpha MIL to Preclude Records Produced by FBI.PDF
MB - Alpha MIL to Preclude Records Produced by FBI.PDF
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 27-21060427 MOTION IN LIMINE DEFENDANT'S MOTION TO PRECLUDE RECORDS PRODUCED BY FBI (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| | |
|---|---|
| M.B. | : PHILADELPHIA COUNTY |
|         Plaintiff | : COURT OF COMMON PLEAS |
| | : |
|    v. | : |
| | : |
| ROOSEVELT INN LLC | : MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN and* | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | : |
| *d/b/a ROOSEVELT MOTOR INN* and | : |
| UFVS MANAGEMENT COMPANY, LLC | : NO. 00712 |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | : |
| | : JURY TRIAL DEMANDED |
|         Defendants | : |

## ORDER

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. regarding

Inadmissible Hearsay, and any Response thereto, it is hereby **ORDERED** and **DECREED** that

Defendant's Motion is **GRANTED.**

Plaintiff M.B. and the Roosevelt Inn Defendants are hereby **PRECLUDED** from

introducing evidence, testimony, and/or argument that constitutes inadmissible hearsay at the

time of Trial, including, but not limited to:

- Reference to Kelvin Hanton collecting and/or re-selling room keys;
- Reference to a security guard informing guests as to police activity;
- Out of Court Statements of Non-Party Witnesses;
- Trip Advisor, Yelp, and/or Facebook Reviews for the Roosevelt Inn.

**BY THE COURT:**

_____

                                    **J.**

Case ID: 170300712
Control No.: 21060291

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | |
|---|---|
| M.B. | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| Plaintiff | : |
| | : |
| v. | : |
| | : MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : |
| *d/b/a ROOSEVELT INN and* | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | : |
| *d/b/a ROOSEVELT MOTOR INN* and | : NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | : |
| | : |
| Defendants | : JURY TRIAL DEMANDED |

---

## MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC. AS TO INADMISSIBLE HEARSAY

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby moves this Honorable Court to Preclude all

evidence, testimony, and/or argument that constitutes inadmissible hearsay, and, in support

thereof, aver as follows:

1.    Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt

Inn.

Case ID: 170300712
Control No.: 21060291

2. It is anticipated that the opposing parties will seek to admit into evidence various materials that constitute inadmissible hearsay. They should be precluded from doing so.

3. In particular, it is anticipated that the opposing parties will seek to enter into evidence that a security guard informed guests as to police activity and that guard Kelvin Hanton collected and/or re-sold room keys.

4. It is also anticipated that Plaintiff may try to offer evidence internet reviews of the Roosevelt Inn and out of court statements from non-party witnesses.

5. All of these items constitute inadmissible hearsay.

6. Hearsay is an out-of-court statement offered by a party to prove the truth of the matter asserted.

7. It is not admissible, except as provided by the Pennsylvania Rules of Evidence, by the Pennsylvania Supreme Court, or by statute. Pa.R.Evid. 801, 802.

8. Case law in the Commonwealth makes it clear that the reason for this preclusion is due to the untrustworthiness of such statements. *See Commonwealth v. Chamberlain*, 731 A.2D 593, 595 (Pa. 1999) ("The hearsay rule provides that evidence of a declarant's out-of-court statements is generally inadmissible because such evidence lacks guarantees of trustworthiness fundamental to the Anglo-American system of jurisprudence.").

9. While exceptions to the general prohibition against hearsay exist, it is the proponent's burden to identify a reliable hearsay exception. *Heddings v. Steele*, 526 A.2d 349, 352 (Pa. 1987).

10. Here, there are no exceptions that would permit entry of evidence, testimony, and/or argument regarding reference to Kelvin Hanton allegedly collecting and/or re-selling

Case ID: 170300712
Control No.: 21060291

room keys; reference to a security guard informing guests as to police activity; Out of Court Statements of Non-Party Witnesses; and online reviews of the Roosevelt Inn.

11.     Moreover, even if the proponent of these pieces of evidence were to satisfy an exception to the rule against hearsay, they should nevertheless be excluded.

12.     This is because the unfair prejudice that would result to Alpha-Centurion Security, Inc. would far outweigh any potential probative value." *See* Pa. R. Evid. 403.

13.     "Unfair prejudice" is defined as a "tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.Evid. 403, comment-1998.

14.     Pennsylvania case law is clear that evidence which is more likely to direct the jury's attention to matters that are inconsequential to the issues in the present care and which could mislead the jury to make a decision based upon improper grounds should be excluded.

15.     "It is appropriate for a court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury. 'Evidence is prejudicial not where it merely hurts a party's case, but where it tends to fix a decision which has an improper basis in the minds of the jury.'" *Fisher v. N. Hills Passavant Hosp.*, 781 A.2d 1232, 1234 (Pa. Super. Ct. 2001) (*quoting Curran v. Stradley* 521 A.2d 451, 459 (Pa. Super. 1987)).

16.     Furthermore, as hearsay, this evidence would be unreliable; there would be no opportunity for Alpha-Centurion Security, Inc. to cross-examine the sources of this hearsay.

17.     It is highly prejudicial to the defendants, and should be excluded.

18.     The opposing parties should be precluded from presenting evidence, testimony, and/or argument that Kelvin Hanton collected and/or sold room keys.

Case ID: 170300712
Control No.: 21060291

19.　It is anticipated that Plaintiff and/or the Roosevelt Inn Defendants will seek to argue that Kelvin Hanton, a security guard, collected and/or re-sold room keys.

20.　Not only is such an allegation irrelevant to whether Plaintiff M.B. was trafficked at the Roosevelt Inn, it further constitutes inadmissible hearsay.

21.　At the deposition of Roosevelt Inn Manager Yagna Patel, he testified about complaints that a security guard collected room keys from guests. Deposition Transcript of Yagna Patel, 9/5/19, at Page 411, Lines 1 – 8, attached hereto as Exhibit A.

22.　Mr. Patel testified that he received these complaints from "loyal guests" and from a front desk clerk, Candace Giordano. *Id.* at Page 411, Line 18 – Page 413, Line 16.

23.　Significantly, Mr. Patel testified that he never witnessed any such occurrence:

> Q.　Did you ever personally see that happen yourself?
>
> A.　No, sir.

*Id.* at Page 411, Lines 15 – 17.

24.　It is believed that Kelvin Hanton is the security guard in question.

25.　Mr. Hanton testified that he stopped working at the Roosevelt Inn "[b]ecause [he] was accused of selling rooms to people – selling room key cards." Deposition Transcript of Kelvin Hanton at Page 66, Lines 4 – 9, attached hereto as Exhibit B.

26.　Mr. Patel testified that he does not know the names of the guests who made these complaints; that he did not inspect surveillance footage to determine whether this in fact took place; and that he did not speak with the guard to investigate these allegations:

> Q.　So we're agreed though that you never saw this happen, correct?
>
> A.　Right.

4

Case ID: 170300712
Control No.: 21060291

| | |
|---|---|
| Q. | And you can't remember the names of the people who told you that it was happening, right? |
| A. | Right. |
| Q. | And as to your desk clerk, did she tell you the names of any people who told this to her? |
| A. | No. |
| Q. | And you didn't check the surveillance footage to see if you could find any instance of this happening on film, correct? |
| A. | Yes, sir. |
| Q. | That's correct? |
| A. | Right. |
| Q. | Did you speak to the guard yourself about this? |
| A. | No, I didn't. I don't discuss with the security guard. I always call the company. |

Exhibit A, Deposition Transcript of Yagna Patel, 9/5/19, at Page 416, Lines 1 – 19.

27.    In short, Mr. Patel has no personal knowledge regarding whether Kelvin Hanton ever collected or re-sold room keys.

28.    If Mr. Patel were permitted to testify regarding Mr. Hanton allegedly collecting and/or re-selling room keys, he would be testifying about a situation that he did nothing to investigate, and which Alpha-Centurion can do nothing further to refute.

29.    Mr. Patel would simply be recounting information he obtained from others – either guests themselves or the front desk clerk.

30.    Mr. Patel cannot identify the guests, and the front desk clerk has unfortunately passed away.

31.    This is classic hearsay and should not be permitted.

5

Case ID: 170300712
Control No.: 21060291

32.     The opposing parties should be precluded from presenting evidence, testimony, and/or argument that a security guard informed guests as to police activity.

33.     It is anticipated that Plaintiff and/or the Roosevelt Inn Defendants will seek to argue that an unidentified security guard informed a guest as to police activity.

34.     Plaintiff alleges:

> Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

Plaintiff's Fourth Amended Complaint at ¶ 23.

35.     Although this allegation is within Plaintiff's Fourth Amended Complaint, it constitutes inadmissible hearsay which must be excluded.

36.     This allegation stems from a single instance in which a woman relayed this information *while being arrested for prostitution and drug possession.*

37.     Such information is inherently unreliable. On October 31, 2015, the Philadelphia Police Department Vice Squad conducted an undercover operation.

38.     An undercover officer engaged with a woman on Backpage.com and eventually met her at the Roosevelt Inn.

39.     When speaking with the woman, she purportedly told the undercover officer that she was texting "the guard here, he gives me the heads up when something's going on." COPD000902, attached hereto as Exhibit C.

40.     She denied that she paid the guard.

41.     The woman was eventually arrested and charged with prostitution and possession of a controlled substance. *Id.* at COP000909.

6

Case ID: 170300712
Control No.: 21060291

42.     The Police obtained the security guard's name, but no further action was taken. *Id.* at COP000917.

43.     This is the *only* reference to a security guard advising a guest of police activity in 1552 pages of records.

44.     In an attempt to overcome the obvious hearsay of these records, Plaintiff identified two of the undercover police officers, Officers Stanley Kaluza and James Kearney, as Trial Witnesses.  They are identified as Witnesses 36 and 40, respectively, within Plaintiff's Amended Pre-Trial Memorandum.

45.     However, even their testimony does not overcome the objectionable hearsay.

46.     To the extent said policy officers testify, they would merely be testifying to what the guest told them.

47.     "Nothing is more adamantly established in American trial procedure than that no one may testify to what somebody else told him.  He may only relate what is within the sphere of his own memory brought to him by the couriers of his own senses." *Johnson v. Peoples Cab Co.*, 126 A.2d 720, 721 (Pa. 1956).

48.     It is well established that records which lack trustworthiness, like the police records at issue herein, should be excluded.

49.     A record may be excluded under circumstances where the trial court has reason to question its trustworthiness. *Birt v. Firstenergy Corp.*, 891 A.2d 1281, 1291 (Pa. Super. 2006). *See also* Pa.R.Evid. 803(6) (stating that a business record is a hearsay exception "unless the sources or information or other circumstances indicate lack of trustworthiness."); 42 Pa.C.S.A. § 6108(b) (providing a business record is competent evidence "if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.").

Case ID: 170300712
Control No.: 21060291

50.     Here, the information the opposing parties will seek to introduce – that a security guard informed this woman of police activity – came from an individual who was the subject of an undercover operation, and who was arrested for both prostitution and possession of controlled substances when she offered this information.

51.     The information she provided is clearly suspect.

52.     Moreover, it is clear from the police records that no further investigation was taken. *See* Exhibit C.

53.     The police took no steps to investigate whether the security officer was in fact informing the guest. *Id.*

54.     There is no record that the security guard was detained or arrested.

55.     The information in these records is therefore highly suspect, and should not be admitted into evidence.

56.     Plaintiff should be precluded from presenting evidence, testimony, and/or argument as to out of court statements of non-party witnesses.

57.     Throughout the course of discovery, M.B. produced statements by various non-party witnesses.

58.     These include statements by, *inter alia*, K.S.; A.G.; T.C.; and Jerel Jackson.

59.     These statements are listed on Plaintiff's Amended Pre-Trial Memorandum as Exhibits P-58, P-59, P-60, and P-67, respectively.

60.     They are collectively attached hereto as Exhibit D.

61.     Neither K.S.; A.G.; T.C.; nor Jerel Jackson are listed as Trial Witnesses.

62.     Their statements should be precluded for that reason alone.[1]

---

[1] Plaintiff also produced non-party witness statements from K.R.; B.H.; Keith Fenwick; Rashaad McIntyre, and Michael Staub. Those statements also constitute hearsay, and should be excluded. Due to the fact that Plaintiff

Case ID: 170300712
Control No.: 21060291

63.     The statements of these non-party witnesses are recorded recollections; to be admissible, Alpha-Centurion must be given the opportunity to cross examine these witnesses. *See* Pa.R.Evid. 803.1, 803.1(3).

64.     By not including these individuals as Trial Witnesses, Plaintiff M.B. is clearly not providing this opportunity, and these non-party witness statements must be excluded.

65.     Moreover, the introduction of these statements would be highly improper.

66.     The statements by K.S.; A.G.; and T.C. assert they engaged in commercial sex at the Roosevelt Inn.

67.     Jerel Jackson's statement asserts that he was a pimp at the Roosevelt Inn.

68.     The sole reason Plaintiff would seek to introduce these statements would be to bolster the argument that the Roosevelt Inn Defendants and/or Alpha-Centurion are negligent *in this lawsuit*.

69.     Admitting these statements into evidence would permit "an undue tendency to suggest a decision on an improper basis." *Sprague v. Walter*, 656 A.2d 890, 909 (Pa. Super. 1995). *See also Cressman*, 50 A.3d 794, at *13–14 (Pa. Cmwlth. 2012) (citing *Mendenhall v. Dep't of Transp.*, 537 A.2d 951, 953–954 (Pa. Cmwlth. 1988) (emphasizing "judicial concern that the evidence [of other events] may raise collateral issues, confusing both the real issue and the jury")).

70.     Because of this tendency to confuse the jury and suggest a decision on an improper basis, evidence and/or argument regarding other alleged incidents is clearly prejudicial.

---

identifies the individuals who allegedly made these statements, however, these statements, as well as the testimony of these individuals, are the subject of separate Motions *in Limine*. Alpha-Centurion Security, Inc. seeks to preclude the statements of K.R. and B.H. as part of its Motion *in Limine* to Preclude testimony by other plaintiffs, and to preclude the statements and testimony of Keith Fenwick, Rashaad McIntyre, and Michael Staub via its Motion *in Limine* to preclude evidence of extraneous criminal activity.

Case ID: 170300712
Control No.: 21060291

Pa.R.Evid. 403; *Castellani*, 124 A.3d at 1254; *see also Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Pa. 1974), *aff'd* 513 F.2d 626 (3d Cir. 1975) ("Proof of prior accidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to collateral matters.").

71. There are no allegations that Plaintiff M.B. was trafficked with, ever met, or even knew K.S.; A.G.; or T.C.

72. Based upon the statements of these individuals, they were not at the Roosevelt Inn at the time Plaintiff alleges she there.

73. There are no allegations that Plaintiff M.B. ever came into contact with Jerel Jackson, and there is certainly no allegation that he trafficked her.

74. In fact, per his statement, he was not at the Roosevelt Inn when Plaintiff was allegedly there.

75. Seeking to establish negligence herein based upon these out of court statements would be highly prejudicial to the defendants, and should be precluded.

76. Plaintiff should be precluded from presenting evidence, testimony, and/or argument as to online reviews of the Roosevelt Inn.

77. Plaintiff intends to enter into evidence reviews of the Roosevelt Inn from various internet platforms, including Trip Advisor, Yelp, and Facebook.

78. Plaintiff listed "Roosevelt Inn Facebook Reviews" and "Trip Advisor Roosevelt Inn Reviews" as Exhibits P-68 and P-69, respectively, within her Amended Pre-Trial Conference Memorandum.

Case ID: 170300712
Control No.: 21060291

79.     Plaintiff's security expert, Richard Hudak, reviewed "Trip Advisor and Yelp Reviews" and "Facebook Reviews." Richard Hudak Report at Page 2. His report includes recitations of various of these reviews. Richard Hudak Report at Pages 6 – 7.

80.     Another of Plaintiff's experts, Michelle Guelbart, lists "Travel website reviews for the Roosevelt Inn" amongst the materials she reviewed. Michelle Guelbart Report at Page 2.

81.     Thus, it is anticipated that Plaintiff will seek to introduce these reviews into evidence, potentially via the testimony of Mr. Hudak and/or Ms. Guelbart.

82.     Plaintiff should be precluded from doing so, as these materials constitute inadmissible hearsay.

83.     While "a duly qualified expert witness may rely upon accepted published authorities on the subject of his expertise," the reviews at issue are anything but "accepted published authorities." *Kearns by Kearns v. DeHaas*, 546 A.2d 1226, 1233 (Pa. Super. 1988).

84.     Rather, they are un-authenticated, anonymous online musings: the authors of many of these so-called "reviews" are un-identified, and the reviews are not authenticated.

85.     It would be impossible to cross-examine the authors of these posts.

86.     It is unknown what motives the individuals making these posts may have had.

87.     The only possible reason Plaintiff could have for admitting them into evidence is to prove that the Roosevelt Inn was exactly as the declarant espoused.

88.     That is classic hearsay, and should not be permitted. *See, e.g. Mathew Enter., Inc. v. Chrysler Grp. LLC*, 2016 WL 11432038, at *2 (N.D. Cal. 2016) (finding that Yelp! Reviews were inadmissible hearsay because there is no evidence they satisfy the present sense impression exception to hearsay and because "anonymous internet reviews lack the requisite 'circumstantial guarantees of trustworthiness' to fall under the residual exception to the rule against hearsay.");

Case ID: 170300712
Control No.: 21060291

*SolidFX, LLC v. Jeppesen Sanderson, Inc.*, 2014 WL 1319361, at *5 (D. Colo. 2014) ("Significantly, because the iTunes reviews are essentially anonymous online comments, they are inherently unreliable."); *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, 2014 WL 4651643, at *7 (D. Colo. 2014) (finding anonymous online comments are inadmissible, as the Court "[found] it difficult to believe that a qualified expert could credibly testify that anonymous online comments are the type of evidence that is typically relied upon by an expert in their field" and that there was "the possibility that the jury may misuse this otherwise inadmissible evidence outweighs any possible need to admit the evidence to support the expert opinions."); *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 2008 WL 5423191, at *4 (D. Hawai'i 2008) ("[U]nder the cloak of anonymity, people will make outrageous, offensive, and even nonsensical statements.").

**WHEREFORE**, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant Alpha-Centurion Security, Inc. respectfully requests that any and all evidence, testimony, and/or argument by Plaintiff as to: reference to Kelvin Hanton allegedly collecting and/or re-selling room keys; reference to a security guard informing guests as to police activity, as alleged in Plaintiff's Fourth Amended Complaint at Paragraph 23; Out of Court Statements of Non-Party Witnesses; and Trip Advisor, Yelp, and Facebook Reviews of the Roosevelt Inn be precluded at the time of Trial.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 2, 2021

Case ID: 170300712
Control No.: 21060291

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire                    Attorneys for Defendant,
Identification No.    208830                         Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* OF**</u>
<u>**DEFENDANT ALPHA-CENTURION SECURITY, INC.**</u>
<u>**AS TO INADMISSIBLE HEARSAY**</u>

I.    <u>**MATTER BEFORE THE COURT**</u>

Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. as to Inadmissible Hearsay,

including reference to Kelvin Hanton collecting and/or re-selling room keys; reference to a security

guard informing guests as to police activity; Out of Court Statements of Non-Party Witnesses; and

Trip Advisor, Yelp, and Facebook Reviews of the Roosevelt Inn.

## II.    QUESTION PRESENTED

1.  Whether the opposing parties should be precluded from offering evidence, testimony, and/or argument that Kelvin Hanton collected and/or re-sold room keys, where such evidence constitutes inadmissible hearsay.

    *Suggested Answer:*              **YES.**

2.  Whether the opposing parties should be precluded from offering evidence, testimony, and/or argument that a security guard informed guests as to police activity, where such evidence constitutes inadmissible hearsay.

    *Suggested Answer:*              **YES.**

3.  Whether Plaintiff should be precluded from offering Out of Court Statements of Non-Party Witness into evidence where such evidence constitutes inadmissible hearsay.

    *Suggested Answer:*              **YES.**

4.  Whether Plaintiff should be precluded from offering evidence, testimony, and/or argument as to Trip Advisor, Yelp, and Facebook Reviews of the Roosevelt Inn, where such evidence constitutes inadmissible hearsay.

    *Suggested Answer:*              **YES.**

## III.    FACTS

Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn.  It is anticipated that the opposing parties will seek to admit into evidence various materials that constitute inadmissible hearsay.  They should be precluded from doing so.

In particular, it is anticipated that the opposing parties will seek to enter into evidence that a security guard informed guests as to police activity and that guard Kelvin Hanton collected and/or re-sold room keys.  It is also anticipated that Plaintiff may try to offer evidence internet reviews of the Roosevelt Inn and out of court statements from non-party witnesses.  All of these items constitute inadmissible hearsay.

Case ID: 170300712
Control No.: 21060291

## IV.   **ARGUMENT**

Hearsay is an out-of-court statement offered by a party to prove the truth of the matter asserted. It is not admissible, except as provided by the Pennsylvania Rules of Evidence, by the Pennsylvania Supreme Court, or by statute. Pa.R.Evid. 801, 802. Case law in the Commonwealth makes it clear that the reason for this preclusion is due to the untrustworthiness of such statements. *See Commonwealth v. Chamberlain*, 731 A.2D 593, 595 (Pa. 1999) ("The hearsay rule provides that evidence of a declarant's out-of-court statements is generally inadmissible because such evidence lacks guarantees of trustworthiness fundamental to the Anglo-American system of jurisprudence."). While exceptions to the general prohibition against hearsay exist, it is the proponent's burden to identify a reliable hearsay exception. *Heddings v. Steele*, 526 A.2d 349, 352 (Pa. 1987). Here, there are no exceptions that would permit entry of evidence, testimony, and/or argument regarding reference to Kelvin Hanton allegedly collecting and/or re-selling room keys; reference to a security guard informing guests as to police activity; Out of Court Statements of Non-Party Witnesses; and online reviews of the Roosevelt Inn.

Moreover, even if the proponent of these pieces of evidence were to satisfy an exception to the rule against hearsay, they should nevertheless be excluded. This is because the unfair prejudice that would result to Alpha-Centurion Security, Inc. would far outweigh any potential probative value." *See* Pa. R. Evid. 403.

"Unfair prejudice" is defined as a "tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.Evid. 403, comment-1998. Pennsylvania case law is clear that evidence which is more likely to direct the jury's attention to matters that are inconsequential to the issues in the present care and which could mislead the jury to make a decision based upon improper grounds should

3

Case ID: 170300712
Control No.: 21060291

be excluded. "It is appropriate for a court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury. 'Evidence is prejudicial not where it merely hurts a party's case, but where it tends to fix a decision which has an improper basis in the minds of the jury.'" *Fisher v. N. Hills Passavant Hosp.*, 781 A.2d 1232, 1234 (Pa. Super. Ct. 2001) (*quoting Curran v. Stradley* 521 A.2d 451, 459 (Pa. Super. 1987)).

Furthermore, as hearsay, this evidence would be unreliable. There would be no opportunity for Alpha-Centurion Security, Inc. to cross-examine the sources of this hearsay. It is highly prejudicial to the defendants, and should be excluded.

## A. **THE OPPOSING PARTIES SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE, TESTIMONY, AND/OR ARGUMENT THAT KELVIN HANTON COLLECTED AND/OR SOLD ROOM KEYS.**

It is anticipated that Plaintiff and/or the Roosevelt Inn Defendants will seek to argue that Kelvin Hanton, a security guard, collected and/or re-sold room keys. Not only is such an allegation irrelevant to whether Plaintiff M.B. was trafficked at the Roosevelt Inn, it further constitutes inadmissible hearsay. At the deposition of Roosevelt Inn Manager Yagna Patel, he testified about complaints that a security guard collected room keys from guests. Deposition Transcript of Yagna Patel, 9/5/19, at Page 411, Lines 1 – 8, attached hereto as Exhibit A. Mr. Patel testified that he received these complaints from "loyal guests" and from a front desk clerk, Candace Giordano. *Id.* at Page 411, Line 18 – Page 413, Line 16. Significantly, Mr. Patel testified that he never witnessed any such occurrence:

> Q. Did you ever personally see that happen yourself?
>
> A. No, sir.

*Id.* at Page 411, Lines 15 – 17.

Case ID: 170300712
Control No.: 21060291

It is believed that Kelvin Hanton is the security guard in question. Mr. Hanton testified that he stopped working at the Roosevelt Inn "[b]ecause [he] was accused of selling rooms to people – selling room key cards." Deposition Transcript of Kelvin Hanton at Page 66, Lines 4 – 9, attached hereto as Exhibit B.

Mr. Patel testified that he does not know the names of the guests who made these complaints; that he did not inspect surveillance footage to determine whether this in fact took place; and that he did not speak with the guard to investigate these allegations:

Q.    So we're agreed though that you never saw this happen, correct?

A.    Right.

Q.    And you can't remember the names of the people who told you that it was happening, right?

A.    Right.

Q.    And as to your desk clerk, did she tell you the names of any people who told this to her?

A.    No.

Q.    And you didn't check the surveillance footage to see if you could find any instance of this happening on film, correct?

A.    Yes, sir.

Q.    That's correct?

A.    Right.

Q.    Did you speak to the guard yourself about this?

A.    No, I didn't. I don't discuss with the security guard. I always call the company.

Case ID: 170300712
Control No.: 21060291

Exhibit A, Deposition Transcript of Yagna Patel, 9/5/19, at Page 416, Lines 1 – 19. In short, Mr. Patel has no personal knowledge regarding whether Kelvin Hanton ever collected or re-sold room keys.

If Mr. Patel were permitted to testify regarding Mr. Hanton allegedly collecting and/or re-selling room keys, he would be testifying about a situation that he did nothing to investigate, and which Alpha-Centurion can do nothing further to refute. Mr. Patel would simply be recounting information he obtained from others – either guests themselves or the front desk clerk. Mr. Patel cannot identify the guests, and the front desk clerk has unfortunately passed away. This is classic hearsay and should not be permitted.

**B. THE OPPOSING PARTIES SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE, TESTIMONY, AND/OR ARGUMENT THAT A SECURITY GUARD INFORMED GUESTS AS TO POLICE ACTIVITY.**

It is anticipated that Plaintiff and/or the Roosevelt Inn Defendants will seek to argue that an unidentified security guard informed a guest as to police activity. Plaintiff alleges:

> Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

Plaintiff's Fourth Amended Complaint at ¶ 23. Although this allegation is within Plaintiff's Fourth Amended Complaint, it constitutes inadmissible hearsay which must be excluded.

This allegation stems from a single instance in which a woman relayed this information *while being arrested for prostitution and drug possession.* Such information is inherently unreliable. On October 31, 2015, the Philadelphia Police Department Vice Squad conducted an undercover operation. An undercover officer engaged with a woman on Backpage.com and eventually met her at the Roosevelt Inn. When speaking with the woman, she purportedly told the undercover officer that she was texting "the guard here, he gives me the heads up when

6

Case ID: 170300712
Control No.: 21060291

something's going on." COPD000902, attached hereto as Exhibit C. She denied that she paid the guard. The woman was eventually arrested and charged with prostitution and possession of a controlled substance. *Id.* at COP000909. The Police obtained the security guard's name, but no further action was taken. *Id.* at COP000917. This is the *only* reference to a security guard advising a guest of police activity in 1552 pages of records.

In an attempt to overcome the obvious hearsay of these records, Plaintiff identified two of the undercover police officers, Officers Stanley Kaluza and James Kearney, as Trial Witnesses. They are identified as Witnesses 36 and 40, respectively, within Plaintiff's Amended Pre-Trial Memorandum. However, even their testimony does not overcome the objectionable hearsay. To the extent said policy officers testify, they would merely be testifying to what the guest told them. "Nothing is more adamantly established in American trial procedure than that no one may testify to what somebody else told him. He may only relate what is within the sphere of his own memory brought to him by the couriers of his own senses." *Johnson v. Peoples Cab Co.*, 126 A.2d 720, 721 (Pa. 1956).

It is well established that records which lack trustworthiness, like the police records at issue herein, should be excluded. A record may be excluded under circumstances where the trial court has reason to question its trustworthiness. *Birt v. Firstenergy Corp.*, 891 A.2d 1281, 1291 (Pa. Super. 2006). *See also* Pa.R.Evid. 803(6) (stating that a business record is a hearsay exception "unless the sources or information or other circumstances indicate lack of trustworthiness."); 42 Pa.C.S.A. § 6108(b) (providing a business record is competent evidence "if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission."). Here, the information the opposing parties will seek to introduce – that a security guard informed this woman of police activity – came from an

7

Case ID: 170300712
Control No.: 21060291

individual who was the subject of an undercover operation, and who was arrested for both prostitution and possession of controlled substances when she offered this information. The information she provided is clearly suspect.

Moreover, it is clear from the police records that no further investigation was taken. *See* Exhibit C. The police took no steps to investigate whether the security officer was in fact informing the guest. *Id.* There is no record that the security guard was detained or arrested. The information in these records is therefore highly suspect, and should not be admitted into evidence.

### C. **PLAINTIFF SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE, TESTIMONY, AND/OR ARGUMENT AS TO OUT OF COURT STATEMENTS OF NON-PARTY WITNESSES.**

Throughout the course of discovery, M.B. produced statements by various non-party witnesses. These include statements by, *inter alia*, K.S.; A.G.; T.C.; and Jerel Jackson. These statements are listed on Plaintiff's Amended Pre-Trial Memorandum as Exhibits P-58, P-59, P-60, and P-67, respectively. They are collectively attached hereto as Exhibit D. Neither K.S.; A.G.; T.C.; nor Jerel Jackson are listed as Trial Witnesses. Their statements should be precluded for that reason alone.[2]

The statements of these non-party witnesses are recorded recollections; to be admissible, Alpha-Centurion must be given the opportunity to cross examine these witnesses. *See* Pa.R.Evid. 803.1, 803.1(3). By not including these individuals as Trial Witnesses, Plaintiff M.B.

---

[2] Plaintiff also produced non-party witness statements from K.R.; B.H.; Keith Fenwick; Rashaad McIntyre, and Michael Staub. Those statements also constitute hearsay, and should be excluded. Due to the fact that Plaintiff identifies the individuals who allegedly made these statements, however, these statements, as well as the testimony of these individuals, are the subject of separate Motions *in Limine*. Alpha-Centurion Security, Inc. seeks to preclude the statements of K.R. and B.H. as part of its Motion *in Limine* to Preclude testimony by other plaintiffs, and to preclude the statements and testimony of Keith Fenwick, Rashaad McIntyre, and Michael Staub via its Motion *in Limine* to preclude evidence of extraneous criminal activity.

Case ID: 170300712
Control No.: 21060291

is clearly not providing this opportunity, and these non-party witness statements must be excluded.

Moreover, the introduction of these statements would be highly improper. The statements by K.S.; A.G.; and T.C. assert they engaged in commercial sex at the Roosevelt Inn. Jerel Jackson's statement asserts that he was a pimp at the Roosevelt Inn. The sole reason Plaintiff would seek to introduce these statements would be to bolster the argument that the Roosevelt Inn Defendants and/or Alpha-Centurion are negligent *in this lawsuit*. Admitting these statements into evidence would permit "an undue tendency to suggest a decision on an improper basis." *Sprague v. Walter*, 656 A.2d 890, 909 (Pa. Super. 1995). *See also Cressman*, 50 A.3d 794, at *13–14 (Pa. Cmwlth. 2012) (citing *Mendenhall v. Dep't of Transp.*, 537 A.2d 951, 953–954 (Pa. Cmwlth. 1988) (emphasizing "judicial concern that the evidence [of other events] may raise collateral issues, confusing both the real issue and the jury")). Because of this tendency to confuse the jury and suggest a decision on an improper basis, evidence and/or argument regarding other alleged incidents is clearly prejudicial. Pa.R.Evid. 403; *Castellani*, 124 A.3d at 1254; *see also Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Pa. 1974), *aff'd* 513 F.2d 626 (3d Cir. 1975) ("Proof of prior accidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to collateral matters.").

There are no allegations that Plaintiff M.B. was trafficked with, ever met, or even knew K.S.; A.G.; or T.C. Based upon the statements of these individuals, they were not at the Roosevelt Inn at the time Plaintiff alleges she there. There are no allegations that Plaintiff M.B. ever came into contact with Jerel Jackson, and there is certainly no allegation that he trafficked her. In fact, per his statement, he was not at the Roosevelt Inn when Plaintiff was allegedly

Case ID: 170300712
Control No.: 21060291

there. Seeking to establish negligence herein based upon these out of court statements would be highly prejudicial to the defendants, and should be precluded.

**D.** **PLAINTIFF SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE, TESTIMONY, AND/OR ARGUMENT AS TO ONLINE REVIEWS OF THE ROOSEVELT INN.**

Plaintiff intends to enter into evidence reviews of the Roosevelt Inn from various internet platforms, including Trip Advisor, Yelp, and Facebook. Plaintiff listed "Roosevelt Inn Facebook Reviews" and "Trip Advisor Roosevelt Inn Reviews" as Exhibits P-68 and P-69, respectively, within her Amended Pre-Trial Conference Memorandum. Plaintiff's security expert, Richard Hudak, reviewed "Trip Advisor and Yelp Reviews" and "Facebook Reviews." Richard Hudak Report at Page 2. His report includes recitations of various of these reviews. Richard Hudak Report at Pages 6 – 7. Another of Plaintiff's experts, Michelle Guelbart, lists "Travel website reviews for the Roosevelt Inn" amongst the materials she reviewed. Michelle Guelbart Report at Page 2. Thus, it is anticipated that Plaintiff will seek to introduce these reviews into evidence, potentially via the testimony of Mr. Hudak and/or Ms. Guelbart. Plaintiff should be precluded from doing so, as these materials constitute inadmissible hearsay.

While "a duly qualified expert witness may rely upon accepted published authorities on the subject of his expertise," the reviews at issue are anything but "accepted published authorities." *Kearns by Kearns v. DeHaas*, 546 A.2d 1226, 1233 (Pa. Super. 1988). Rather, they are un-authenticated, anonymous online musings. The authors of many of these so-called "reviews" are un-identified. The reviews are not authenticated. It would be impossible to cross-examine the authors of these posts. It is unknown what motives the individuals making these posts may have had. The only possible reason Plaintiff could have for admitting them into evidence is to prove that the Roosevelt Inn was exactly as the declarant espoused. That is classic

10

Case ID: 170300712
Control No.: 21060291

hearsay, and should not be permitted. *See, e.g. Mathew Enter., Inc. v. Chrysler Grp. LLC*, 2016 WL 11432038, at *2 (N.D. Cal. 2016) (finding that Yelp! Reviews were inadmissible hearsay because there is no evidence they satisfy the present sense impression exception to hearsay and because "anonymous internet reviews lack the requisite 'circumstantial guarantees of trustworthiness' to fall under the residual exception to the rule against hearsay."); *SolidFX, LLC v. Jeppesen Sanderson, Inc.*, 2014 WL 1319361, at *5 (D. Colo. 2014) ("Significantly, because the iTunes reviews are essentially anonymous online comments, they are inherently unreliable."); *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, 2014 WL 4651643, at *7 (D. Colo. 2014) (finding anonymous online comments are inadmissible, as the Court "[found] it difficult to believe that a qualified expert could credibly testify that anonymous online comments are the type of evidence that is typically relied upon by an expert in their field" and that there was "the possibility that the jury may misuse this otherwise inadmissible evidence outweighs any possible need to admit the evidence to support the expert opinions."); *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 2008 WL 5423191, at *4 (D. Hawai'i 2008) ("[U]nder the cloak of anonymity, people will make outrageous, offensive, and even nonsensical statements.").

Case ID: 170300712
Control No.: 21060291

## V. **REQUESTED RELIEF**

For the foregoing reasons, Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court grant its Motion *in Limine*, thereby precluding any evidence, testimony, and/or argument as to inadmissible hearsay at the time of Trial, including reference to Kelvin Hanton collecting and/or re-selling room keys; reference to a security guard tipping off guests as to police activity; Out of Court Statements of Non-Party Witnesses; and Trip Advisor, Yelp, and/or Facebook reviews of the Roosevelt Inn.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
          Thomas P. Wagner, Esquire
          Robert W. Stanko, Esquire
          Melanie J. Foreman, Esquire
          Attorneys for Defendant,
          Alpha-Centurion Security, Inc.

Dated: June 2, 2021

Case ID: 170300712
Control No.: 21060291

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Motion in Limine of Defendant Alpha-Centurion Security, Inc. was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a
Roosevelt Inn and Roosevelt Inn Café,
Roosevelt Motor Inn, Inc. d/b/a Roosevelt
Motor Inn, UFVS Management Company,
LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: <u>June 2, 2021</u>

LEGAL/131616784.v1

Case ID: 170300712
Control No.: 21060291

# EXHIBIT "A"

Case ID: 170300712
Control No.: 21060291

# In The Matter Of:

*M.B., minor by her Guardian, William A. Calandra, Esq. vs.*
*Roosevelt Inn LLC, et al*

---

*Yagna Patel continued*
*September 5, 2019*

---

*B&R Services for Professionals, Inc.*
*235 South 13th Street*
*Philadelphia, PA 19107*
*(215) 546-7400*
*cr@brservices.com*

Original File 090519cg.txt

Min-U-Script® with Word Index

Case ID: 170300712
Control No.: 21060291

1          IN THE COURT OF COMMON PLEAS
               OF PHILADELPHIA COUNTY
2

3   M.B., a minor,              :   VOLUME II
    By her Guardian             :
4   WILLIAM A. CALANDRA,        :   MARCH TERM, 2017
    ESQUIRE                     :
5                               :
    -vs.-                       :   NO.: 00712
6                               :
    ROOSEVELT INN, LLC          :
7   d/b/a ROOSEVELT INN and     :   JURY TRIAL DEMANDED
    ROOSEVELT INN CAFE, et/al:
8

9

10                    -   -   -

11              September 5, 2019

12                    -   -   -

13

14

15              Videotape deposition of YAGNA PATEL,
    held in the Law Offices of Kline & Specter, P.C.,
16   1525 Locust Street, Philadelphia, Pennsylvania,
    commencing at 9:33 a.m., on the above date, before
17   Colleen Gallagher, a Court Reporter and Notary
    Public of the Commonwealth of Pennsylvania.

18

19

20

21

22                    -   -   -
              B&R SERVICES FOR PROFESSIONALS, INC.
23               235 SOUTH 13th Street
              Philadelphia, Pennsylvania 19107
24                  (215) 546-7400

Case ID: 170300712
Control No.: 21060291

1      Q     I beg your pardon.  I stand corrected.

2  You complained that the guard was collecting keys

3  from guests, right?

4      A     People who were checking out.

5      Q     Did you ever figure out why the guard was

6  doing that if he was?

7      A     I have no idea why he was doing it because

8  we instructed him not to do that.

9      Q     So the answer is no?

10      A     No.

11      Q     You have no idea why he was doing that --

12      A     No, sir.

13      Q     -- if he was doing it?

14      A     No.

15      Q     Did you ever personally see that happen

16  yourself?

17      A     No, sir.

18      Q     Who told you that it was happening?

19      A     Our regular guests.

20      Q     What guests?

21      A     Who comes to the hotel.  They used to come

22  to hotel very often.

23      Q     Well, tell me this.

24              Was it one person who told you this

1    or more than one?

2         A     More than one.

3         Q     More than one?

4         A     Right.

5         Q     What were their names?

6         A     I can not disclose their names, sir.

7         Q     Why?

8         A     Because they wouldn't like it.  I have no

9    idea, but they don't come here anymore.  They were

10   the loyal guests we had.

11        Q     Let's do it this way.

12              MR. QUINLAN:  Let's go off the record

13        one second.

14              MR. WAGNER:  Before you do, Jim, if

15        you don't mind.

16              MR. QUINLAN:  Sure.

17   BY MR. WAGNER:

18        Q     Let me just ask this.  Even if you don't

19   want to disclose the names, do you know the names of

20   the people who told you this?

21        A     At that time, yes.

22              MR. WAGNER:  So maybe you should

23        discuss it with Mr. Quinlan then.

24              VIDEOGRAPHER:  Going off the record,

Case ID: 170300712
Control No.: 21060291

1      12:19 p.m.

2                     (Discussion held off the record.)

3                     VIDEOGRAPHER:  We're back on the

4      record at 12:20 p.m.

5    BY MR. WAGNER:

6      Q    I'm going to try again, Mr. Patel.  In the

7    first place to be clear, do you know the names of

8    the people who told you this about the guard

9    supposedly collecting key cards from guests?

10     A    At that time, yes.  I don't recall now.

11     Q    I don't understand your answer.

12     A    They're five or six-year old stories.  So

13   I don't recall now, but my desk clerk said yes.  Her

14   name was Candace Gordiano.

15     Q    That's the desk clerk?

16     A    Yeah.

17     Q    That's not the guest who saw the guard

18   collecting keys?

19     A    No.  They are different people.

20     Q    All right.  So can you tell us now the

21   names of the guests who actually reported to you

22   that a guard was collecting key cards?

23     A    It's five, six years.  I don't recall now.

24     Q    You don't recall the names?

1      Q     So we're agreed though that you never saw

2   this happen, correct?

3      A     Right.

4      Q     And you can't remember the names of the

5   people who told you that it was happening, right?

6      A     Right.

7      Q     And as to your desk clerk, did she tell

8   you the names of any people who told this to her?

9      A     No.

10     Q     And you didn't check the surveillance

11  footage to see if you could find any instance of

12  this happening on film, correct?

13     A     Yes, sir.

14     Q     That's correct?

15     A     Right.

16     Q     Did you speak to the guard yourself about

17  this?

18     A     No, I didn't.  I don't discuss with the

19  security guard.  I always call the company.

20     Q     Mr. Patel, can we agree on this?  If there

21  was film from your surveillance system that showed

22  the guard collecting keys, no one has done anything

23  to save or preserve that film?

24                MR. QUINLAN:  Objection to the form.

Case ID: 170300712
Control No.: 21060291

# EXHIBIT "B"

Case ID: 170300712
Control No.: 21060291

# In The Matter Of:

*M.B., minor by her Guardian, William A. Calandra, Esq. vs.*
*Roosevelt Inn LLC, et al*

---

*Kelvin Hanton*
*August 06, 2019*

---

*B&R Services for Professionals, Inc.*
*235 South 13th Street*
*Philadelphia, PA 19107*
*(215) 546-7400*
*cr@brservices.com*

Original File 080619cg1 Kelvin Hanton.txt
Min-U-Script® with Word Index

Case ID: 170300712
Control No.: 21060291

1     IN THE COURT OF COMMON PLEAS
      OF PHILADELPHIA COUNTY

2

3 M.B., a minor,    : MARCH TERM, 2017
 By her Guardian    :
4 WILLIAM A. CALANDRA,  :
 ESQUIRE       :
5            :
 -vs.-        : NO.: 00712
6            :
 ROOSEVELT INN, LLC   :
7 d/b/a ROOSEVELT INN and : JURY TRIAL DEMANDED
 ROOSEVELT INN CAFE, et/al:

8

9

10        -  -  -

11       August 6, 2019

12        -  -  -

13

14

15      Oral deposition of KELVIN HANTON,
 held in the Law Offices of Kline & Specter, P.C.,
16 1525 Locust Street, Philadelphia, Pennsylvania,
 commencing at 10:30 a.m., on the above date, before
17 Colleen Gallagher, a Court Reporter and Notary
 Public of the Commonwealth of Pennsylvania.

18

19

20

21

22       -  -  -
    B&R SERVICES FOR PROFESSIONALS, INC.
23     235 SOUTH 13th Street
    Philadelphia, Pennsylvania 19107
24      (215) 546-7400

Case ID: 170300712
Control No.: 21060291

1      Q      Have you ever reviewed any security
2   surveillance taken at the Roosevelt Inn?

3      A      No.

4      Q      Why did you stop working at the Roosevelt
5   Inn?

6      A      Why did I stop working there?  Because I
7   was accused of selling rooms to people -- selling
8   room key cards.  That's what I was initially let go
9   from there for, selling room keys.

10     Q      Who accused you?

11     A      Whatever the manager name was that was the
12  manager of the hotel.  When he called my boss and
13  told them that Sunday -- it was on a Sunday -- that
14  I sold somebody a key to a room and they told -- my
15  boss told me that the Roosevelt Inn didn't want me
16  there no more.

17             So I told them -- I asked them do
18  they have any surveillance cameras stating that --
19  they said they saw it on the surveillance camera
20  that I went hand to hand with somebody with a key
21  card to a room.

22             My boss asked me that, so I said show
23  me the surveillance.  They didn't show it.  That's
24  because it was a lie.  For some reason, they didn't

Case ID: 170300712
Control No.: 21060291

# EXHIBIT "C"
## *CONFIDENTIAL*

Case ID: 170300712
Control No.: 21060291

# EXHIBIT "D"
## *CONFIDENTIAL*

Case ID: 170300712
Control No.: 21060291

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2020, upon

consideration of the Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. regarding

Kelvin Hanton's Criminal Record, and any Response thereto, it is hereby **ORDERED** and

**DECREED** that Defendant's Motion is **GRANTED.**

Plaintiff M.B. and the Roosevelt Inn Defendants are hereby **PRECLUDED** from

introducing evidence, testimony, and/or argument regarding Kelvin Hanton's Criminal Record at

the time of Trial.

**BY THE COURT:**

_____

**J.**

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY: Thomas P. Wagner, Esquire
Identification No.: 27145
BY: Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No. 208830               Alpha-Centurion Security, Inc.
BY: Melanie J. Foreman, Esquire
Identification No.: 317951
2000 Market Street, Suite 2300
Philadelphia PA 19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a ROOSEVELT MOTOR INN and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

---

**MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC. AS TO KELVIN HANTON'S CRIMINAL RECORD**

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby moves this Honorable Court to Preclude all

evidence, testimony, and/or argument as to Kelvin Hanton's Criminal Record, and, in support

thereof, aver as follows:

1.      Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt

Inn.

Case ID: 170300712
Control No.: 21060284

2.     It is anticipated that Plaintiff and/or the Roosevelt Inn Defendants will seek to introduce evidence that one of Alpha-Centurion's security guards, Kelvin Hanton, was convicted of or plead guilty to various crimes several years before Plaintiff alleges she was trafficked at the Roosevelt Inn.

3.     Mr. Hanton plead guilty to receipt of stolen property and retail theft in 1995, well over two (2) decades ago.

4.     He also plead guilty to endangerment of child welfare in 2005, a crime for which he received probation, and was found guilty for firearms violations in 2007, well over a decade ago.

5.     This criminal history is irrelevant to the instant lawsuit.

6.     There is no evidence in this case that Mr. Hanton and Plaintiff ever interacted.

7.     There is no evidence in this case that Mr. Hanton ever interacted with any of Plaintiff's traffickers.

8.     Indeed, there is no connection whatsoever between Plaintiff's allegations and Mr. Hanton.

9.     Plaintiff contends she was trafficked from April through June 2014, at which time Alpha was under contract with the Roosevelt Inn to provide one unarmed security guard at the hotel, two to three nights per week.

10.    Plaintiff recalls that "[she] was mainly locked in a room 24/7[…]" and had only one, fleeting interaction with a man she *assumed* was a security guard:

> Q.     Okay.  Did you see security guards at the Roosevelt Inn?
>
> A.     Yes.
>
> Q.     How often did you see security guards?

Case ID: 170300712
Control No.: 21060284

> A. The whole time I was there I only seen one security guard, and that was -- I only seen him once and that was it.

Deposition Transcript of Plaintiff M.B. at Page 101, Lines 4 – 5; Page 193, Lines 8 – 16, attached hereto as Exhibit A.

11.    Plaintiff testified that she encountered this individual as she was walking by herself in the stairwell.

12.    She testified that she did not ask him for help.

13.    In fact, she testified that she said nothing to him whatsoever. *Id.* at Pages 313-315, generally.

14.    Plaintiff acknowledged that she assumed he was a security guard because he was wearing a uniform and she could not recall whether it was in fact an Alpha uniform:

> Q. You have clearly testified here that during the entire time you were at the Roosevelt Inn from beginning to end you saw a security guard only once; is that correct?
>
> A. Yes.
>
> Q. That's what you testified to and that is, in fact, the truth?
>
> A. Yes.
>
> Q. You also described that guard as a short African-American man; am I right?
>
> A. Yes.
>
> Q. I want to know a little more about his description. What was he wearing?
>
> A. It was like black pants and I believe a black jacket.
>
> Q. Do you think it was a uniform or was it plain clothing?
>
> A. Uniform.
>
> Q. Did the uniform have any kind of writing on it anywhere?

3

Case ID: 170300712
Control No.: 21060284

| A. | On his jacket. There was a -- like a writing on his jacket. |
|----|-----|
| Q. | Kind of a logo on his jacket? |
| A. | Yeah, a logo. |
| Q. | What did it say? |
| A. | I can't remember. I'm not sure. |
| Q. | Was there ever a time when you knew or did you really not notice what it said? |
| A. | No. I didn't know what it said. |

*Id.* at Page 311, Line 9 -- Page 312, Line 19.

15. This individual could have just as easily been a hotel guest or a deliveryman.

16. There is no evidence whatsoever that this individual was Mr. Hanton or that Plaintiff encountered Mr. Hanton at any time relevant to her claims.

17. Accordingly, his criminal history should be precluded.

18. Kelvin Hanton's criminal history is irrelevant to this issues in this case.

19. Under the Pennsylvania Rules of Evidence, this Honorable Court has a gate-keeping function with regard to witnesses and evidence.

20. Pursuant to Pennsylvania Rule of Evidence 104, "[p]reliminary questions concerning the qualification of a person to be a witness . . . or the admissibility of evidence shall be determined by the court." Relevance is the threshold for admissibility of evidence. *Commonwealth v. Semenza*, 127 A.3d 1, 7 (Pa. Super. 2015) (citing *Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008)).

21. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.Evid. 401.

4

Case ID: 170300712
Control No.: 21060284

22.     Evidence that is not relevant is not admissible.  Pa.R.Evid. 402.

23.     Here, any evidence, testimony, and/or argument as to Kelvin Hanton's criminal record should be precluded because it is irrelevant and highly prejudicial.

24.     Mr. Hanton's criminal record is irrelevant to whether Plaintiff M.B. was trafficked at the Roosevelt Inn; Mr. Hanton's criminal history has no bearing upon this issue.

25.     Mr. Hanton's criminal history is similarly irrelevant to the alleged liability of any of the named defendants; Mr. Hanton's criminal history has no bearing upon liability.

26.     There is absolutely no record evidence establishing a connection between Plaintiff and Mr. Hanton, as Plaintiff herself admits she had just one encounter with an individual she *assumes* was a security guard.

27.     There is no suggestion this individual was Mr. Hanton, or that Mr. Hanton was even present at the Roosevelt Inn at any time Plaintiff was allegedly present.

28.     The sole reason to admit Mr. Hanton's criminal history into evidence would be to attempt to bias the trier of fact against Alpha-Centurion.

29.     This clearly improper, and should be precluded.

30.     Assuming, *arguendo*, that this evidence is relevant, the probative value of Mr. Hanton's criminal record is far outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury. *See* Pa. R. Evid. 403.

31.     Such information must be ***excluded*** because the probative value is outweighed by the potential for "unfair prejudice."

32.     "Unfair prejudice" is defined as a "tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.Evid. 403, comment-1998.

Case ID: 170300712
Control No.: 21060284

33.     Pennsylvania case law is clear that evidence which is more likely to direct the jury's attention to matters that are inconsequential to the issues in the present care and which could mislead the jury to make a decision based upon improper grounds should be excluded.

34.     "It is appropriate for a court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury. 'Evidence is prejudicial not where it merely hurts a party's case, but where it tends to fix a decision which has an improper basis in the minds of the jury.'" *Fisher v. N. Hills Passavant Hosp.*, 781 A.2d 1232, 1234 (Pa. Super. Ct. 2001) (*quoting Curran v. Stradley* 521 A.2d 451, 459 (Pa. Super. 1987)).

35.     Here, Mr. Hanton's criminal history must be precluded because any purported probative value is significantly outweighed by the prejudice to Alpha-Centurion that would result, as well as confusion of the issues, misleading the jury, and wasting time. *See Cressman*, 50 A.3d 794, at *13–14 (Pa. Cmwlth. 2012) (citing *Mendenhall v. Dep't of Transp.*, 537 A.2d 951, 953–954 (Pa. Cmwlth. 1988) (emphasizing "judicial concern that the evidence [of other events] may raise collateral issues, confusing both the real issue and the jury")).

36.     Permitting evidence regarding Mr. Hanton's criminal history would clearly bring into evidence other events that occurred decades ago, and which have no bearing upon whether Plaintiff M.B. was trafficked at the Roosevelt Inn, or whether the named defendants herein are liable.

37.     Because of this tendency to confuse the jury and suggest a decision on an improper basis, evidence and/or argument regarding Mr. Hanton's criminal history is clearly prejudicial.   Pa.R.E. 403; *Castellani*, 124 A.3d at 1254; *see also Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Pa. 1974), *aff'd* 513 F.2d 626 (3d Cir. 1975) ("Proof of prior

Case ID: 170300712
Control No.: 21060284

accidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to collateral matters.").

38. The sole reason Plaintiff would seek to introduce evidence or testimony Mr. Hanton's criminal history would be to bolster the argument that Alpha-Centurion was negligent *in this lawsuit.*

39. Seeking to establish negligence herein based upon decades-old crimes is highly prejudicial.

40. Permitting such evidence would permit "an undue tendency to suggest a decision on an improper basis." *Sprague v. Walter*, 656 A.2d 890, 909 (Pa. Super. 1995).

41. It is highly prejudicial to Alpha-Centurion, and should be excluded.

42. Kelvin Hanton's criminal history is inadmissible character evidence.

43. Under Pennsylvania Rule of Evidence 404(b)(1), evidence of crimes, wrongs, or other acts are "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

44. Yet that is precisely why Plaintiff and/or the Roosevelt Inn Defendants would seek to enter into evidence Mr. Hanton's criminal history.

45. They will attempt to prove negligence against Alpha Centurion for Plaintiff M.B.'s trafficking because of one security guard's criminal history and his supposed criminal characteristics.

46. This is improper.

47. The only possible avenue for admitting Mr. Hanton's criminal history under Rule 404 would be to prove his "motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of accident." Pa.R.Evid. 404(b)(2).

Case ID: 170300712
Control No.: 21060284

48. None of those reasons are applicable.

49. Mr. Hanton was never convicted of or pled guilty to any crimes related to commercial sex, the crime that underlies Plaintiff M.B.'s claims.

50. Accordingly, Mr. Hanton's decades-old criminal history is inadmissible.

51. Kelvin Hanton's criminal history is inadmissible for impeachment purposes.

52. Moreover, under Pennsylvania Rule of Evidence 609(a), a witness may only be impeached with crimes involving dishonesty or false statement.

53. Under Pennsylvania Rule of Evidence 609(b)(1), evidence of a *crimen falsi* conviction that is over ten (10) years old is only admissible if "its probative value substantially outweighs its prejudicial effect."

54. Here, the only *crimen falsi* convictions against Mr. Hanton – retail theft and receipt of stolen property – occurred well over two (2) decades ago, in 1995.

55. Admitting evidence as to these crimes would clearly be more prejudicial than probative.

56. None of Mr. Hanton's other convictions can be introduced under Pennsylvania Rule of evidence 609 because they are not crimes involving dishonesty. *See Commonwealth v. Williams*, 573 A.2d 536 (Pa. 1990) (finding reversible error to permit impeachment of the defendant's eyewitness through convictions for the non-*crimen falsi* crimes of resisting arrest, assault, and carrying firearms on a public street).

57. Given the decades-old nature of Mr. Hanton's *crimen falsi* history, coupled with the fact that none of his other crimes are at all similar or relevant to the facts in this case, Mr. Hanton's criminal history should be precluded.

Case ID: 170300712
Control No.: 21060284

WHEREFORE, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant Alpha-Centurion Security, Inc. respectfully requests that any and all evidence, testimony, and/or argument by Plaintiff as to Kelvin Hanton's Criminal Record be precluded at the time of Trial.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated: June 2, 2021

Case ID: 170300712
Control No.: 21060284

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | |
|---|---|
| M.B. | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| Plaintiff | : |
| | : |
| v. | : |
| | : MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : |
| *d/b/a ROOSEVELT INN* and | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | : |
| *d/b/a ROOSEVELT MOTOR INN* and | : NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | : |
| | : |
| Defendants | : <u>JURY TRIAL DEMANDED</u> |

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC.  AS TO KELVIN HANTON'S CRIMINAL RECORD</u>

### I.    <u>MATTER BEFORE THE COURT</u>

Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. as to Kelvin Hanton's

Criminal Record.

### II.    <u>QUESTION PRESENTED</u>

Whether Plaintiff should be precluded from offering evidence, testimony, and/or argument as to the criminal record of Kelvin Hanton, where such evidence is irrelevant to Plaintiff's claims and the resulting prejudice to Alpha-Centurion Security, Inc. outweighs any probative value.

Case ID: 170300712
Control No.: 21060284

*Suggested Answer:*     **YES.**

## III.  <u>FACTS</u>

Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn.  It is anticipated that Plaintiff and/or the Roosevelt Inn Defendants will seek to introduce evidence that one of Alpha-Centurion's security guards, Kelvin Hanton, was convicted of or plead guilty to various crimes several years before Plaintiff alleges she was trafficked at the Roosevelt Inn. Mr. Hanton plead guilty to receipt of stolen property and retail theft in 1995, well over two (2) decades ago.  He also plead guilty to endangerment of child welfare in 2005, a crime for which he received probation, and was found guilty for firearms violations in 2007, well over a decade ago.  This criminal history is irrelevant to the instant lawsuit.

There is no evidence in this case that Mr. Hanton and Plaintiff ever interacted. There is no evidence in this case that Mr. Hanton ever interacted with any of Plaintiff's traffickers. Indeed, there is no connection whatsoever between Plaintiff's allegations and Mr. Hanton. Plaintiff contends she was trafficked from April through June 2014, at which time Alpha was under contract with the Roosevelt Inn to provide one unarmed security guard at the hotel,  two to three nights per week.  Plaintiff recalls that "[she] was mainly locked in a room 24/7[…]" and had only one, fleeting interaction with a man she *assumed* was a security guard:

> Q.     Okay.  Did you see security guards at the Roosevelt Inn?
>
> A.     Yes.
>
> Q.     How often did you see security guards?
>
> A.     The whole time I was there I only seen one security guard, and that was -- I only seen him once and that was it.

Deposition Transcript of Plaintiff M.B. at Page 101, Lines 4 – 5; Page 193, Lines 8 – 16, attached hereto as Exhibit A.  Plaintiff testified that she encountered this individual as she was

Case ID: 170300712
Control No.: 21060284

walking by herself in the stairwell. She testified that she did not ask him for help. In fact, she testified that she said nothing to him whatsoever. *Id.* at Pages 313-315, generally.

Plaintiff acknowledged that she assumed he was a security guard because he was wearing a uniform and she could not recall whether it was in fact an Alpha uniform:

> Q. You have clearly testified here that during the entire time you were at the Roosevelt Inn from beginning to end you saw a security guard only once; is that correct?
>
> A. Yes.
>
> Q. That's what you testified to and that is, in fact, the truth?
>
> A. Yes.
>
> Q. You also described that guard as a short African-American man; am I right?
>
> A. Yes.
>
> Q. I want to know a little more about his description. What was he wearing?
>
> A. It was like black pants and I believe a black jacket.
>
> Q. Do you think it was a uniform or was it plain clothing?
>
> A. Uniform.
>
> Q. Did the uniform have any kind of writing on it anywhere?
>
> A. On his jacket. There was a -- like a writing on his jacket.
>
> Q. Kind of a logo on his jacket?
>
> A. Yeah, a logo.
>
> Q. What did it say?
>
> A. I can't remember. I'm not sure.
>
> Q. Was there ever a time when you knew or did you really not notice what it said?
>
> A. No. I didn't know what it said.

Case ID: 170300712
Control No.: 21060284

*Id.* at Page 311, Line 9 – Page 312, Line 19. This individual could have just as easily been a hotel guest or a deliveryman. There is no evidence whatsoever that this individual was Mr. Hanton or that Plaintiff encountered Mr. Hanton at any time relevant to her claims. Accordingly, his criminal history should be precluded.

## IV.    ARGUMENT

### A. KELVIN HANTON'S CRIMINAL HISTORY IS IRRELEVANT TO THE ISSUES IN THIS CASE.

Under the Pennsylvania Rules of Evidence, this Honorable Court has a gate-keeping function with regard to witnesses and evidence. Pursuant to Pennsylvania Rule of Evidence 104, "[p]reliminary questions concerning the qualification of a person to be a witness . . . or the admissibility of evidence shall be determined by the court." Relevance is the threshold for admissibility of evidence. *Commonwealth v. Semenza*, 127 A.3d 1, 7 (Pa. Super. 2015) (citing *Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008)). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.Evid. 401. Evidence that is not relevant is not admissible. Pa.R.Evid. 402.

Here, any evidence, testimony, and/or argument as to Kelvin Hanton's criminal record should be precluded because it is irrelevant and highly prejudicial. Mr. Hanton's criminal record is irrelevant to whether Plaintiff M.B. was trafficked at the Roosevelt Inn; Mr. Hanton's criminal history has no bearing upon this issue. Mr. Hanton's criminal history is similarly irrelevant to the alleged liability of any of the named defendants; Mr. Hanton's criminal history has no bearing upon liability. There is absolutely no record evidence establishing a connection between Plaintiff and Mr. Hanton, as Plaintiff herself admits she had just one encounter with an individual she *assumes* was a security guard. There is no suggestion this individual was Mr. Hanton, or that Mr.

4

Case ID: 170300712
Control No.: 21060284

Hanton was even present at the Roosevelt Inn at any time Plaintiff was allegedly present. The sole reason to admit Mr. Hanton's criminal history into evidence would be to attempt to bias the trier of fact against Alpha-Centurion. This clearly improper, and should be precluded.

Assuming, *arguendo*, that this evidence is relevant, the probative value of Mr. Hanton's criminal record is far outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury. *See* Pa. R. Evid. 403. Such information must be ***excluded*** because the probative value is outweighed by the potential for "unfair prejudice." "Unfair prejudice" is defined as a "tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.Evid. 403, comment-1998. Pennsylvania case law is clear that evidence which is more likely to direct the jury's attention to matters that are inconsequential to the issues in the present care and which could mislead the jury to make a decision based upon improper grounds should be excluded. "It is appropriate for a court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury. 'Evidence is prejudicial not where it merely hurts a party's case, but where it tends to fix a decision which has an improper basis in the minds of the jury.'" *Fisher v. N. Hills Passavant Hosp.*, 781 A.2d 1232, 1234 (Pa. Super. Ct. 2001) (*quoting Curran v. Stradley* 521 A.2d 451, 459 (Pa. Super. 1987)).

Here, Mr. Hanton's criminal history must be precluded because any purported probative value is significantly outweighed by the prejudice to Alpha-Centurion that would result, as well as confusion of the issues, misleading the jury, and wasting time. *See Cressman*, 50 A.3d 794, at *13–14 (Pa. Cmwlth. 2012) (citing *Mendenhall v. Dep't of Transp.*, 537 A.2d 951, 953–954 (Pa. Cmwlth. 1988) (emphasizing "judicial concern that the evidence [of other events] may raise collateral issues, confusing both the real issue and the jury")). Permitting evidence regarding Mr.

5

Case ID: 170300712
Control No.: 21060284

Hanton's criminal history would clearly bring into evidence other events that occurred decades ago, and which have no bearing upon whether Plaintiff M.B. was trafficked at the Roosevelt Inn, or whether the named defendants herein are liable. Because of this tendency to confuse the jury and suggest a decision on an improper basis, evidence and/or argument regarding Mr. Hanton's criminal history is clearly prejudicial. Pa.R.E. 403; *Castellani*, 124 A.3d at 1254; *see also Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Pa. 1974), *aff'd* 513 F.2d 626 (3d Cir. 1975) ("Proof of prior accidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to collateral matters.").

The sole reason Plaintiff would seek to introduce evidence or testimony Mr. Hanton's criminal history would be to bolster the argument that Alpha-Centurion was negligent *in this lawsuit*. Seeking to establish negligence herein based upon decades-old crimes is highly prejudicial. Permitting such evidence would permit "an undue tendency to suggest a decision on an improper basis." *Sprague v. Walter*, 656 A.2d 890, 909 (Pa. Super. 1995). It is highly prejudicial to Alpha-Centurion, and should be excluded.

## B. KELVIN HANTON'S CRIMINAL HISTORY IS INADMISSIBLE CHARACTER EVIDENCE.

Under Pennsylvania Rule of Evidence 404(b)(1), evidence of crimes, wrongs, or other acts are "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Yet that is precisely why Plaintiff and/or the Roosevelt Inn Defendants would seek to enter into evidence Mr. Hanton's criminal history. They will attempt to prove negligence against Alpha Centurion for Plaintiff M.B.'s trafficking because of one security guard's criminal history and his supposed criminal characteristics. This is improper.

6

Case ID: 170300712
Control No.: 21060284

The only possible avenue for admitting Mr. Hanton's criminal history under Rule 404 would be to prove his "motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of accident." Pa.R.Evid. 404(b)(2). None of those reasons are applicable. Mr. Hanton was never convicted of or pled guilty to any crimes related to commercial sex, the crime that underlies Plaintiff M.B.'s claims. Accordingly, Mr. Hanton's decades-old criminal history is inadmissible.

## C. <u>KELVIN HANTON'S CRIMINAL HISTORY IS INADMISSIBLE FOR IMPEACHMENT PURPOSES.</u>

Moreover, under Pennsylvania Rule of Evidence 609(a), a witness may only be impeached with crimes involving dishonesty or false statement. Under Pennsylvania Rule of Evidence 609(b)(1), evidence of a *crimen falsi* conviction that is over ten (10) years old is only admissible if "its probative value substantially outweighs its prejudicial effect." Here, the only *crimen falsi* convictions against Mr. Hanton – retail theft and receipt of stolen property – occurred well over two (2) decades ago, in 1995. Admitting evidence as to these crimes would clearly be more prejudicial than probative. None of Mr. Hanton's other convictions can be introduced under Pennsylvania Rule of evidence 609 because they are not crimes involving dishonesty. *See Commonwealth v. Williams*, 573 A.2d 536 (Pa. 1990) (finding reversible error to permit impeachment of the defendant's eyewitness through convictions for the non-*crimen falsi* crimes of resisting arrest, assault, and carrying firearms on a public street). Given the decades-old nature of Mr. Hanton's *crimen falsi* history, coupled with the fact that none of his other crimes are at all similar or relevant to the facts in this case, Mr. Hanton's criminal history should be precluded.

Case ID: 170300712
Control No.: 21060284

## V. REQUESTED RELIEF

For the foregoing reasons, Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court grant its Motion *in Limine*, thereby precluding any evidence, testimony, and/or argument as to Kelvin Hanton's criminal record at the time of Trial.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
         Thomas P. Wagner, Esquire
         Robert W. Stanko, Esquire
         Melanie J. Foreman, Esquire
         Attorneys for Defendant,
         Alpha-Centurion Security, Inc.

Dated: June 2, 2021

Case ID: 170300712
Control No.: 21060284

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Motion in Limine of Defendant Alpha-Centurion Security, Inc. was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a
Roosevelt Inn and Roosevelt Inn Café,
Roosevelt Motor Inn, Inc. d/b/a Roosevelt
Motor Inn, UFVS Management Company,
LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _Thomas P. Wagner_

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 2, 2021

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____day of _____ 2021, upon

consideration of the Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. regarding

Non-Party Alpha Century Security, Inc., and any Response thereto, it is hereby **ORDERED** and

**DECREED** that Defendant's Motion is **GRANTED.**

Plaintiff M.B. and the Roosevelt Inn Defendants are hereby **PRECLUDED** from

introducing evidence, testimony, and/or argument regarding Non-Party Alpha Century Security,

Inc. at the time of Trial.

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 21060289

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:   Thomas P. Wagner, Esquire
Identification No.:   27145
BY:   Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.   208830               Alpha-Centurion Security, Inc.
BY:   Melanie J. Foreman, Esquire
Identification No.:   317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC. AS TO NON-PARTY ALPHA CENTURY SECURITY, INC.</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby moves this Honorable Court to Preclude all

evidence, testimony, and/or argument as to Non-Party Alpha Century Security, Inc., and, in

support thereof, aver as follows:

1.     Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt

Inn.

Case ID: 170300712
Control No.: 21060289

2. She contends she was trafficked between April 2014 and June 2014.[1]

3. At all times relevant to Plaintiff's claims, Alpha-Centurion Security, Inc. was under contract with the Roosevelt Inn to provide one unarmed security guard at the hotel, two to three nights per week.

4. Alpha-Centurion Security, Inc. is a named defendant in this lawsuit.

5. Almost six (6) months after the allegations at issue herein, Alpha-Centurion Security, Inc. ceased operations and a new company, Alpha Century Security, Inc., was formed.

6. Patrick Panetta, Director of Operations for Alpha-Centurion Security, Inc. testified about the closure of Alpha-Centurion:

> Q. I understand that at some point in 2014 Alpha-Centurion closed its doors, correct?
>
> A. Yes, ma'am.
>
> Q. Shut down its operations, correct?
>
> A. Yes, ma'am.

Deposition Transcript of Patrick Panetta at Page 14, Lines 11 – 15, attached hereto as Exhibit C. *See also id.* at Page 10, Line 7 – Page 16, Line 10.

7. Alpha Century Security, Inc. opened on January 1, 2015. *Id.* at Page 10, Lines 19 – 21.

8. Yagna Patel, General Manager of the Roosevelt Inn, testified that he was aware Alpha-Centurion ceased operations and that Alpha Century assumed its rights and obligations under the operative contract:

---

[1] Plaintiff went "AWOL" from foster care on April 2, 2014, and turned herself back into the Department of Human Services on June 6, 2014. *See* May 2, 2014 Court Order, attached hereto as Exhibit A; Deposition Transcript of Plaintiff M.B. at Page 114, Lines 13 – 18, attached hereto as Exhibit B.

Case ID: 170300712
Control No.: 21060289

> Q. Was it your understanding that the Alpha-Centurion Security, Inc., changed ownership and got a new name and essentially a new company? Is that right?
>
> A. That's right.

Deposition Transcript of Yagna Patel, 7/19/18, at Page 200, Lines 21 – 25, attached hereto as Exhibit D.

9. The distinction between these two entities is well known to the parties in this litigation; it has been referenced in multiple depositions by witnesses and attorneys for all parties.

10. Plaintiff went so far as to subpoena Alpha Century for documents related to guards employed previously by Alpha-Centurion. True and correct copies of Plaintiff's Certificates Prerequisite to Service of a Subpoenas upon Alpha Century Security, Inc. are collectively attached hereto as Exhibit E.

11. Alpha Century Security, Inc. is a separate and distinct company that is not a party to this lawsuit.

12. Consequently, the opposing parties should be precluded from offering any evidence or seeking any damages from Alpha Century Security, Inc. at Trial.

13. Under the Pennsylvania Rules of Evidence, this Honorable Court has a gate-keeping function with regard to witnesses and evidence.

14. Pursuant to Pennsylvania Rule of Evidence 104, "[p]reliminary questions concerning the qualification of a person to be a witness . . . or the admissibility of evidence shall be determined by the court."

Case ID: 170300712
Control No.: 21060289

15. Relevance is the threshold for admissibility of evidence. *Commonwealth v. Semenza*, 127 A.3d 1, 7 (Pa. Super. 2015) (citing *Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008)).

16. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.Evid. 401.

17. Evidence that is not relevant is not admissible. Pa.R.Evid. 402.

18. As set forth above, Alpha-Centurion Security, Inc. and Alpha Century Security, Inc. are separate and distinct entities.

19. Alpha-Centurion Security, Inc. is a named defendant in this lawsuit and was under contract to provide security services at the hotel during the time Plaintiff alleges she was trafficked.

20. Alpha Century Security, Inc. was not formed until *after* Plaintiff M.B. alleges to have been trafficked at the hotel, and thus its existence is entirely irrelevant to the issues in this case.

21. Whether Plaintiff was trafficked at the Roosevelt Inn has nothing to do with Alpha Century Security, Inc.

22. Despite knowledge of the distinction between these entities, neither Plaintiff nor the Roosevelt Inn Defendants ever sought to join Alpha Century Security, Inc. to this lawsuit and yet it is anticipated that they will try to introduce evidence against it.

23. Plaintiff's expert references Alpha Century Security, Inc. and contends it was negligent.

24. The fact remains that Alpha Century Security, Inc. is not a party to this lawsuit.

Case ID: 170300712
Control No.: 21060289

25. Any reference to Alpha Century Security, Inc. is therefore irrelevant to the subject lawsuit, and should be precluded.

**WHEREFORE**, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant Alpha-Centurion Security, Inc. respectfully requests that any and all evidence, testimony, and/or argument by Plaintiff and the Roosevelt Inn Defendants as to Non-Party Alpha Century Security, Inc. be precluded at the time of Trial.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 2, 2021

5

Case ID: 170300712
Control No.: 21060289

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire                    Attorneys for Defendant,
Identification No.    208830                            Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC.  AS TO NON-PARTY ALPHA CENTURY SECURITY, INC.

### I.    MATTER BEFORE THE COURT

Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. as to Non-Party Alpha

Century Security, Inc.

### II.    QUESTION PRESENTED

Whether Plaintiff and the Roosevelt Inn Defendants should be precluded from offering evidence, testimony, and/or argument as to Non-Party Alpha Century Security, Inc., where said entity is not a named party to this lawsuit, and was not in existence when Plaintiff was allegedly trafficked.

Case ID: 170300712
Control No.: 21060289

*Suggested Answer:*        **YES.**

### III.  <u>FACTS</u>

Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn.  She contends she was trafficked between April 2014 and June 2014.[2]  At all times relevant to Plaintiff's claims, Alpha-Centurion Security, Inc. was under contract with the Roosevelt Inn to provide one unarmed security guard at the hotel,  two to three nights per week.  Alpha-Centurion Security, Inc. is a named defendant in this lawsuit.

Almost six (6) months after the allegations at issue herein, Alpha-Centurion Security, Inc. ceased operations and a new company, Alpha Century Security, Inc., was formed.  Patrick Panetta, Director of Operations for Alpha-Centurion Security, Inc. testified about the closure of Alpha-Centurion:

> Q.    I understand that at some point in 2014 Alpha-Centurion
>       closed its doors, correct?
>
> A.    Yes, ma'am.
>
> Q.    Shut down its operations, correct?
>
> A.    Yes, ma'am.

Deposition Transcript of Patrick Panetta at Page 14, Lines 11 – 15, attached hereto as Exhibit C. *See also id.* at Page 10, Line 7 – Page 16, Line 10.  Alpha Century Security, Inc. opened on January 1, 2015.  *Id.* at Page 10, Lines 19 – 21.

---

[2] Plaintiff went "AWOL" from foster care on April 2, 2014, and turned herself back into the Department of Human Services on June 6, 2014.  *See* May 2, 2014 Court Order, attached hereto as Exhibit A; Deposition Transcript of Plaintiff M.B. at Page 114, Lines 13 – 18, attached hereto as Exhibit B.

Case ID: 170300712
Control No.: 21060289

Yagna Patel, General Manager of the Roosevelt Inn, testified that he was aware Alpha-Centurion ceased operations and that Alpha Century assumed its rights and obligations under the operative contract:

> Q.    Was it your understanding that the Alpha-Centurion Security, Inc., changed ownership and got a new name and essentially a new company? Is that right?
>
> A.    That's right.

Deposition Transcript of Yagna Patel, 7/19/18, at Page 200, Lines 21 – 25, attached hereto as Exhibit D.

The distinction between these two entities is well known to the parties in this litigation. It has been referenced in multiple depositions by witnesses and attorneys for all parties. Plaintiff went so far as to subpoena Alpha Century for documents related to guards employed previously by Alpha-Centurion. True and correct copies of Plaintiff's Certificates Prerequisite to Service of a Subpoenas upon Alpha Century Security, Inc. are collectively attached hereto as Exhibit E.

Alpha Century Security, Inc. is a separate and distinct company that is not a party to this lawsuit. Consequently, the opposing parties should be precluded from offering any evidence or seeking any damages from Alpha Century Security, Inc. at Trial.

## IV.    ARGUMENT

Under the Pennsylvania Rules of Evidence, this Honorable Court has a gate-keeping function with regard to witnesses and evidence. Pursuant to Pennsylvania Rule of Evidence 104, "[p]reliminary questions concerning the qualification of a person to be a witness . . . or the admissibility of evidence shall be determined by the court." Relevance is the threshold for admissibility of evidence. *Commonwealth v. Semenza*, 127 A.3d 1, 7 (Pa. Super. 2015) (citing *Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008)). "Evidence is relevant if: (a) it has any

Case ID: 170300712
Control No.: 21060289

tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.Evid. 401. Evidence that is not relevant is not admissible. Pa.R.Evid. 402.

As set forth above, Alpha-Centurion Security, Inc. and Alpha Century Security, Inc. are separate and distinct entities. Alpha-Centurion Security, Inc. is a named defendant in this lawsuit and was under contract to provide security services at the hotel during the time Plaintiff alleges she was trafficked. Alpha Century Security, Inc. was not formed until *after* Plaintiff M.B. alleges to have been trafficked at the hotel, and thus its existence is entirely irrelevant to the issues in this case. Whether Plaintiff was trafficked at the Roosevelt Inn has nothing to do with Alpha Century Security, Inc.

Despite knowledge of the distinction between these entities, neither Plaintiff nor the Roosevelt Inn Defendants ever sought to join Alpha Century Security, Inc. to this lawsuit and yet it is anticipated that they will try to introduce evidence against it. Plaintiff's expert references Alpha Century Security, Inc. and contends it was negligent. The fact remains that Alpha Century Security, Inc. is not a party to this lawsuit. Any reference to Alpha Century Security, Inc. is therefore irrelevant to the subject lawsuit, and should be precluded.

Case ID: 170300712
Control No.: 21060289

## V.  REQUESTED RELIEF

For the foregoing reasons, Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court grant its Motion *in Limine*, thereby precluding any evidence, testimony, and/or argument as to non-party Alpha Century Security, Inc. at the time of Trial.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 2, 2021

5

Case ID: 170300712
Control No.: 21060289

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Motion in Limine of Defendant Alpha-Centurion Security, Inc. was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a
Roosevelt Inn and Roosevelt Inn Café,
Roosevelt Motor Inn, Inc. d/b/a Roosevelt
Motor Inn, UFVS Management Company,
LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 2, 2021

# EXHIBIT "A"
## *CONFIDENTIAL*

Case ID: 170300712
Control No.: 21060289

# EXHIBIT "B"
## *CONFIDENTIAL*

Case ID: 170300712
Control No.: 21060289

# EXHIBIT "C"

Case ID: 170300712
Control No.: 21060289

# In The Matter Of:

*M.B., minor by her Guardian, William A. Calandra, Esq. vs.*
*Roosevelt Inn LLC, et al*

---

*Patrick Panetta*
*August 15, 2018*

---

*B&R Services for Professionals, Inc.*
*235 South 13th Street*
*Philadelphia, PA 19107*
*(215) 546-7400*
*cr@brservices.com*

Original File 081518p2.txt

Min-U-Script® with Word Index

Case ID: 170300712
Control No.: 21060289

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

— — —

| | | |
|---|---|---|
| M.B., minor by | : | MARCH TERM, 2017 |
| Her Guardian, WILLIAM A. | : | |
| CALANDRA, ESQUIRE | : | NO. 00712 |
| | : | |
| vs. | : | |
| | : | |
| ROOSEVELT INN LLC d/b/a | : | |
| ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE, et al: | | |

— — —

Oral deposition of PATRICK PANETTA,

taken pursuant to notice, in the Law Offices of

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, 2000

Market Street, Philadelphia, Pennsylvania, on

Wednesday, August 15, 2018, commencing at or about

10:15 a.m., before Patricia A. Lipski, RPR, CCR,

New Jersey, Notary Public.

— — —

B & R SERVICES FOR PROFESSIONALS, INC.
235 SOUTH 13th STREET
PHILADELPHIA, PENNSYLVANIA 19107
(215) 546-7400

B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060289

1    I found any documents.  There was known to be

2    found.

3              I now checked any other documents that

4    came in boxes that were in the basement involving

5    Centurion, and the only thing I came up with is

6    what I presented to the attorneys.

7    Q.   I'm going to ask you to explain, I understand

8    that Alpha-Centurion has since closed its doors and

9    is no longer operating and there's a new company

10   involved, and I'm going to ask you to explain that,

11   but first can you tell me where you're currently

12   employed?

13   A.   Alpha-Century Security, Incorporated, located

14   at 3720 West Chester Pike, Newtown Square, Pa.,

15   19073.

16   Q.   What is your current job position with

17   Alpha-Century?

18   A.   I'm the president of the corporation.

19   Q.   How long have you been the president of

20   Alpha-Century?

21   A.   January 1, 2015.

22   Q.   Can you tell me any other officers of

23   Alpha-Century?

24   A.   There's none.  I own one hundred percent of

          B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060289

1    the stock.

2    Q.    How many employees does Alpha-Century have?

3    A.    It varies depending on the time of year, the

4    clients we have.  Roughly right now about 85

5    employees at this time right now, about 85

6    employees.

7    Q.    Prior to Alpha-Century, where were you

8    employed?

9    A.    Alpha-Centurion Security.

10   Q.    How long were you employed by Alpha-Centurion?

11   A.    Since the incorporation of 1999 until the year

12   2014.  Two years from 2011 to 2013 I was not

13   employed by them.

14   Q.    Would it be fair to say that Alpha-Centurion

15   came into existence in 1999?

16   A.    Yes, ma'am.

17   Q.    And what was your involvement with

18   Alpha-Centurion in 1999?

19   A.    I was director of operations.

20   Q.    How long were you director of operations for

21   Alpha-Centurion?

22   A.    Until 2011, and then when I came back in 2013

23   to the end.

24   Q.    What did you do as director of operations at

               B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060289

1    Alpha-Centurion from 1999 to 2011?

2    A.    I was in charge of hiring people, terminating

3    people, performing schedulings, interviews,

4    uniforms, car maintenance, and I would say that's

5    it.

6    Q.    Who did you report to?

7    A.    I reported to Mrs. Joanna Small.

8    Q.    And what was Miss Small's position with

9    Alpha-Centurion?

10    A.    She was the president of the company.

11    Q.    Did Miss Small hire you?

12    A.    Yes.

13    Q.    Where was Alpha-Centurion located when you

14    were the director of operations?

15    A.    We started in a one-room office at 8400 West

16    Chester Pike in Upper Darby, then we moved to a

17    two-room office at 1996 West Chester Pike in

18    Havertown, then they moved to a seven-room office

19    at 9138 West Chester Pike in Upper Darby.

20            MR. WAGNER:  Did you say seven room?

21            THE WITNESS:  Seven room.  Then after

22        two years there they moved to the big

23        building at 200 West Chester Pike in

24        Havertown, which had like nine rooms

              B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060289

1          upstairs, a file room in the basement, and

2          enough to park like eleven cars, and they

3          were there from 2000 until 2014, same place.

4     BY MS. MARKS:

5     Q.    Why did you stop working as the director of

6     operations in 2011?

7     A.    I had a personal relationship with Miss Small

8     that was going through a problem and we separated.

9     Q.    How long had you been involved in a personal

10    relationship with Miss Small?

11    A.    1995.

12    Q.    1995 until 2011?

13    A.    Yes.

14    Q.    What did you do after you left Alpha-Centurion

15    as the director of operations?

16    A.    I was working in a company called Lost

17    Treasures.  It was like secondhand stores.  There

18    was like four stores.

19          MR. WAGNER:  Off the record.

20                            — — —

21          (Whereupon a discussion was held off the

22          record.)

23                            — — —

24    BY MS. MARKS:

          B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060289

1    Q.    Can you tell me about how you came to return

2    to Alpha-Centurion in 2013?

3    A.    Sure.  After we resolved our differences, made

4    up, and came back home.

5    Q.    When you returned to Alpha-Centurion in 2013,

6    was your job position as director of operations

7    again?

8    A.    Yes, ma'am.

9    Q.    Was Miss Small still the president in 2013?

10    A.    Yes, ma'am.

11    Q.    I understand that at some point in 2014

12    Alpha-Centurion closed its doors, correct?

13    A.    Yes, ma'am.

14    Q.    Shut down its operations, correct?

15    A.    Yes, ma'am.

16    Q.    Can you tell me about how -- what the

17    transition was or how Alpha-Century came into

18    existence?

19    A.    Yes, ma'am.  Mrs. Small has cancer, and she's

20    going go through treatment and so forth.  She's

21    like a year cancer free.  The trauma of running a

22    business in her condition was too much, so she

23    decided to close.

24               I contacted counsel, and because she was

                    B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060289

1    a private detective, and she was a woman-owned

2    business we felt monetarily it would be easier to

3    get my own license, start my own business, and

4    solicit some clients to start.  And that's what I

5    did.

6    Q.    Did you have -- was there an agreement to

7    purchase Alpha-Centurion?

8    A.    No, ma'am.

9    Q.    Did Miss Small have any -- is she employed or

10   does she have any position with Alpha-Century?

11   A.    No, she's unemployed and she's on, I think

12   social security.

13   Q.    When you started the Alpha-Century business,

14   did you move into a different office building than

15   where Alpha-Centurion had been located?

16   A.    Yes, ma'am.

17   Q.    Was there any down time between the operation

18   of Alpha-Centurion and Alpha-Century?

19   A.    No, ma'am.

20   Q.    When you began Alpha-Centurion did you have to

21   hire new employees?

22   A.    No, ma'am.

23   Q.    I'm sorry.  I think I messed that question up.

24          When you started Alpha-Century, did you

              B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060289

1    have to hire new employees?

2    A.    No, ma'am.

3    Q.    How did you get your employees for your

4    company Alpha-Century?

5    A.    When the decision was made to close down, I

6    went out looking for a building in October of 2014.

7    Once I secured the building, then the complete

8    staff of headquarters when we closed -- when Mrs.

9    Small closed down in December, they just came with

10   me over to Alpha-Century.

11   Q.    Mr. Panetta, I'm going to ask you some

12   questions regarding your education.

13   A.    Yes, ma'am.

14   Q.    Can you tell me about your educational

15   background?

16   A.    I'm a high school graduate.

17   Q.    When did you graduate from high school?

18   A.    1969.

19   Q.    Where did you graduate from?

20   A.    Utrech High School, Brooklyn, New York.

21   Q.    Can you spell that?

22   A.    It's been a while.  U-T-R-E-C-H, New Utrech.

23   Q.    Any further education?

24   A.    No, ma'am, just in the Marine Corps.

                B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060289

# EXHIBIT "D"

Case ID: 170300712
Control No.: 21060289

# In The Matter Of:

*M.B., a minor by Guardian William A. Calandra v.*
*Roosevelt Inn, LLC, et al.*

---

*Yagnakumar R. Patel*
*July 19, 2018*

---



Case ID: 170300712
Control No.: 21060289

```
 1            IN THE COURT OF COMMON PLEAS
            PHILADELPHIA COUNTY, PENNSYLVANIA
 2                     - - -

 3  M.B., a minor by Guardian:  MARCH TERM, 2017
    WILLIAM A. CALANDRA,      :
 4            Plaintiff,      :
                             :
 5  vs.                      :
                             :
 6  ROOSEVELT INN, LLC,      :
    d/b/a ROOSEVELT INN and  :
 7  ROOSEVELT MOTOR INN and  :
    UFVS MANAGEMENT COMPANY, :
 8  LLC and YAGNA PATEL and  :
    ALPHA-CENTURION SECURITY,:
 9  INC., d/b/a ALPHA CENTURY:
    SECURITY, INC.,          :
10            Defendants.    : NO. 00712

11                     - - -

12

13          Oral deposition of YAGNAKUMAR R. PATEL,

14  taken at Blank Rome LLP, One Logan Square, 130 North

15  18th Street, Philadelphia, Pennsylvania, on

16  Thursday, July 19, 2018, beginning at approximately

17  10:30 a.m., before Maureen E. Broderick, Registered

18  Professional Reporter and Notary Public in and of

19  the Commonwealth of Pennsylvania.

20

21

22

23

24

25
```

Case ID: 170300712
Control No.: 21060289

1   that kind of stuff.

2        Q    You didn't want them --

3        A    Right.  If it was undesired person walking

4   in the hall or -- I'm sure he has to talk to them.

5        Q    I'm trying to understand.  Is this correct

6   or not, that security officers were not allowed to

7   question hotel patrons on their comings and goings

8   unless directed by the hotel staff?  Is that

9   correct?

10       A    Yes.

11       Q    And finally number 12:  If approached by a

12   patron with a question or complaint, act politely

13   and escort them over to the main hotel staff desk.

14       A    That's 100 percent true.

15       Q    That's what they were supposed to do?

16       A    That's right, sir.

17       Q    It's another company now that also is

18   named Alpha that's providing your security officers

19   even now, correct?

20       A    Right.

21       Q    Was it your understanding that the

22   Alpha-Centurion Security, Inc., changed ownership

23   and got a new name and essentially a new company?

24   Is that right?

25       A    That's right.

Case ID: 170300712
Control No.: 21060289

# EXHIBIT "E"

Case ID: 170300712
Control No.: 21060289

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000



*Attorneys for Plaintiff*

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY:   */s/Emily B. Marks*
      ──────────────────────────────
      EMILY B. MARKS, ESQUIRE
      Attorney for Plaintiff

Date:   8/26/19

Case ID: 170300712

Case ID: 170300712
Control No.: 21060289

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks, Esquire*

Date: __8/26/19__

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712

Case ID: 170300712
Control No.: 21060289



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No.____ 00712 _____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: _Alpha-Century Security, Inc._____
*(Name of Person or Entity)*

    Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum A attached

at: _1525 Locust Street   Philadelphia PA 19102_____
*(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: August 06, 2019

Name:  Marks, Emily B
Address:

      Kline & Specter, P.C.
      1525 Locust Street

Telephone:  215 772-0524

Supreme Court ID#: 204405

Attorney for:  Plaintiff

Subp.#13914586-1

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas,
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

Case ID: 170300712
Control No.: 21060289



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

| B. ETAL VS ROOSEVELT INN LLC ETAL | : | Court of Common Pleas |

: 

March    Term, 17

: 

No.    00712

TO: _Alpha-Century Security, Inc._
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                    *(Date of Subpoena)*

Date: _____          _____
                                        *(Signature of Person Served with Subpoena)*

Case ID: 170300712
Case ID: 170300712
Control No.: 21060289

## ADDENDUM "A"

**TO CUSTODIAN OF RECORDS FOR:**

**Alpha-Century Security, Inc.**
**3720 West Chester Pike**
**Newtown Square, PA 19073**
**Attn: Records Department**

Any and all records pertaining to Kelvin Hanton, including but not limited to personnel

file, time cards, incident reports, write-ups, documents, e-mails and disciplinary actions.

Case ID: 170300712
Control No.: 21060289

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000



*Attorneys for Plaintiff*
Filed and Attested by the
Office of Judicial Records
17 OCT 2019 09:15 am
G. IMPERATO

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE 4009.21

    As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

    (1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

    (2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

    (3) no objection to the subpoenas has been received, and

    (4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY:    */s/Emily B. Marks*
       —————————————————
       EMILY B. MARKS, ESQUIRE
Date:  10/17/19      Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks, Esquire*

Date: __10/17/19__

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712

Case ID: 170300712
Control No.: 21060289



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No._ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Alpha-Century Security, Inc._____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum A attached.

at: _1525 Locust Street    Philadelphia PA 19102_____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: September 27, 2019

Name:     Marks, Emily B
Address:



Kline & Specter, P.C.
1525 Locust Street

Telephone:     215 772-0524

Supreme Court ID#: 204405

Attorney for:     Plaintiff

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712

Case ID: 170300712
Control No.: 21060289



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL    :    Court of Common Pleas

: 

:    _____ March _____ Term, _17_

:

:    No. _____ 00712 _____

TO: _Alpha-Century Security, Inc._____
               *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
               *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be produced pursuant to the subpoena issued on _____ have been produced.
                                        *(Date of Subpoena)*

Date: _____           _____
                                   *(Signature of Person Served with Subpoena)*

Case ID: 170300712
Case ID: 170300712
Control No.: 21060289

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Alpha-Century Security, Inc.**
**3720 West Chester Pike**
**Newtown Square, PA 19073**
**Attn: Records Department**


     Any and all records pertaining to Keith Fenwick, including but not limited to personnel file, time cards, pay stubs, incident reports, write-ups, documents, e-mails and disciplinary actions.

| | |
|---|---|
| M.B. | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| Plaintiff | : |
| | : |
| v. | : |
| | : MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : |
| *d/b/a ROOSEVELT INN* and | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | : |
| *d/b/a ROOSEVELT MOTOR INN* and | : NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | : |
| | : |
| Defendants | : <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. regarding

Plaintiffs in Other Lawsuits, and any Response thereto, it is hereby **ORDERED** and **DECREED**

that Defendant's Motion is **GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from offering the testimony of B.H.; K.R.; C.A.;

and E.B., as well as any and all evidence, testimony, and/or argument as to their alleged

trafficking and their respective civil lawsuits at the time of Trial.

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 21060279

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | |
|---|---|
| M.B. | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| Plaintiff | : |
| | : |
| v. | : |
| | : MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : |
| *d/b/a ROOSEVELT INN and* | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | : |
| *d/b/a ROOSEVELT MOTOR INN* and | : NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | : |
| | : |
| Defendants | : <u>JURY TRIAL DEMANDED</u> |

---

### <u>MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC.<br>AS TO OTHER PLAINTIFFS</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby moves this Honorable Court to Preclude the

testimony of B.H.; K.R.; C.A.; and E.B., as well as any and all evidence, testimony, and/or

argument as to their alleged trafficking and their respective civil lawsuits, and, in support

thereof, avers as follows:

Case ID: 170300712
Control No.: 21060279

1.      Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn.

2.      Other women have also filed lawsuits against hotels in the Philadelphia region, including the Roosevelt Inn, alleging they were trafficked at these hotels.

3.      Within her Pre-Trial Memorandum, Plaintiff identified four (4) of these individual as Trial Witnesses.  To protect their identities, Plaintiff identified these individuals by their initials, B.H.; K.R.; C.A.; and E.B.[1]  *See* Plaintiff's Pre-Trial Memorandum at Witness 30 – 33.

4.      Plaintiffs B.H.; K.R.; and C.A. claim they were trafficked at the Roosevelt Inn at various times in 2013, before Plaintiff M.B. claims to have been at the Roosevelt Inn.

5.      They claim to have been trafficked by individuals other than Plaintiff M.B.'s traffickers, Daiquan Davis and Abdul Lopez.

6.      They each filed lawsuits against, *inter alia*, the Roosevelt Inn Defendants and Alpha-Centurion, but claim to have been trafficked at different times than Plaintiff M.B. and by different traffickers than Plaintiff M.B.

7.      Plaintiff E.B. alleges she was trafficked at the Motel 6 in Essington, Pennsylvania and the Neshaminy Inn in Trevose, Pennsylvania beginning in 2014.

8.      E.B. has not filed suit against the Roosevelt Inn Defendants or Alpha-Centurion.

9.      E.B. claims to have been trafficked by Daiquan Davis, but *after* Plaintiff M.B. claims to have been trafficked.

---

[1] Plaintiff M.B.'s counsel represents these other plaintiffs in litigation pending in the Philadelphia County Court of Common Pleas, docketed at:  *E.B. v. Motel 6 Operating L.P., et al.,* May Term 2017, Case No. 00487; *C.A. v. Roosevelt Inn LLC, et al.,* March Term 2019, Case No. 03355; *B.H. v. Roosevelt Inn, LLC, et al.,* March Term 2019, Case No. 03356; and *K.R. v. Roosevelt Inn LLC, et al.,* November Term 2019, Case No. 00552.

Case ID: 170300712
Control No.: 21060279

10.     The testimony of these other plaintiffs, as well as any and all evidence, testimony, and/or argument as to their alleged trafficking and their respective civil lawsuits, should be precluded.

11.     The alleged trafficking of B.H.; K.R.; C.A.; and E.B – or any other individuals – is irrelevant to whether Plaintiff M.B. was trafficked at the Roosevelt Inn, and whether the defendants herein are liable to her.

12.     B.H.; K.R.; C.A.; and E.B should be precluded from testifying.  Likewise, any reference to their respective civil lawsuits should be precluded.

13.     The alleged trafficking of B.H.; K.R.; C.A.; and E.B. is irrelevant; it is not substantially similar to the alleged trafficking of Plaintiff M.B.

14.     Under the Pennsylvania Rules of Evidence, this Honorable Court has a gate-keeping function with regard to witnesses and evidence.

15.     Pursuant to Pennsylvania Rule of Evidence 104, "[p]reliminary questions concerning the qualification of a person to be a witness . . . or the admissibility of evidence shall be determined by the court."

16.     Relevance is the threshold for admissibility of evidence.  *Commonwealth v. Semenza*, 127 A.3d 1, 7 (Pa. Super. 2015) (citing *Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008)).

17.     "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.Evid. 401.

18.     Evidence that is not relevant is not admissible.  Pa.R.Evid. 402.

Case ID: 170300712
Control No.: 21060279

19.     Applying this definition of relevance, Pennsylvania courts have consistently held that evidence of prior incidents are "admissible *only* if the prior accident is sufficiently similar to the incident involving the plaintiff which occurred under sufficiently similar circumstances.

20.     The burden is on the party introducing the evidence to establish this similarity before the evidence is admitted." *Parr v. Ford Motor Co.*, 109 A.3d 682, 699 (Pa. Super. 2014) (citing *Lockley v. CSX Transp., Inc.*, 5 A.3d 383, 395 (Pa. Super. 2010) (additional citation omitted; emphasis added)).

21.     Thus, "for 'other accident' evidence to be admissible, the plaintiff must first establish that there is a 'substantial similarity of conditions' between the other accidents and the accident that injured the plaintiff." *Hutchinson v. Penske Truck Leasing Co.*, 876 A.2d 978, 983 (Pa. Super. 2005).

22.     "This limited exception, permitting the introduction of evidence of similar accidents, is tempered by judicial concern that the evidence may raise collateral issues, confusing both the real issue and the jury." *Morgan v. SEPTA*, 145 A.3d 825, at *7  9 (Pa. Cmwlth. 2015) (citing *Whitman v. Riddell*, 471 A.2d 521, 523 (Pa. Super. 1984)).

23.     Where a plaintiff has not met the burden of showing substantial similarity, other alleged incidents must be precluded. *See Morgan*, 145 A.3d at *10 ("In light of this lack of information, we cannot conclude that the trial court abused its discretion in precluding Morgan from introducing into evidence the Hood incident."); *see also Parr*, 109 A.3d at 700 ("It is clear that the Parrs were compelled to satisfy the substantial similarity test, and because they did not, the statistical compilations properly were excluded."); *Harkins v. Calumet Realty Co.*, 614 A.2d 699, 704 (Pa. Super. 1992) (affirming preclusion of other incidents where there was a "lack of detail presented surrounding the other prior incidents."); *Lynch v. McStome & Lincoln Plaza*

Case ID: 170300712
Control No.: 21060279

*Associates*, 548 A.2d 1276, 1279 (Pa. Super. 1988) (affirming the preclusion of prior accidents listed in a computer printout where the plaintiff was injured in an elevator when it abruptly stopped; although the printout contained phrases like "escalator stopped abrupt," there was no indication in the printout "of the circumstances of or causes for the reported incidents").

24. Moreover, "[e]vidence of other accidents that occur subsequent to that upon which the litigation is brought is not admissible to show knowledge of a condition prior to an accident.

25. Such evidence is not relevant to the issue of whether the defendant knew, ***at the time of the accident***, that the accident could occur and serves to prejudice the jury by informing them that the defendant was careless not only once but several times." *Hoffmaster v. County of Allegheny*, 550 A.2d 1023, 1028 (Pa. Cmwlth. 1988) (emphasis in original) (citing *Crance v. Sohanic*, 496 A.2d 1230 (Pa. Super. 1985); *Cressman v. Pa. Tpk. Comm'n*, 50 A.3d 794, at *15 (Pa. Cmwlth. 2012) ("The trial court did not abuse its discretion in . . . precluding evidence of accidents occurring over the following two years. . . . [A]s the trial court concluded, subsequent accidents cannot be used to establish notice of a dangerous condition[.]"); MCCORMICK ON EVIDENCE §200 (Kenneth S. Brown et al. eds., 6th ed. 1992) (comparing the probative values of prior and subsequent accidents and deeming the latter inadmissible).

26. Here, any evidence, testimony, and/or argument as to the alleged trafficking of B.H.; K.R.; C.A.; and E.B. and their respective civil lawsuits is inadmissible because there has not been any showing that such alleged incidents were substantially similar to the events at issue in this case.

27. The alleged trafficking of these other plaintiffs occurred under different circumstances and at different times than Plaintiff M.B.

Case ID: 170300712
Control No.: 21060279

28.     Plaintiff M.B. does not allege that she was trafficked with B.H.; K.R.; C.A.; or E.B., and she does not allege that the circumstances leading to their trafficking were at all similar to her own.

29.     Though each of their stories may be similar in their tragic-ness, their stories are unique; they are not substantially similar such that these other plaintiffs can be permitted to testify herein.

30.     Even if the alleged trafficking of B.H.; K.R.; C.A.; and E.B. is relevant, it should be precluded because it would permit a decision based upon improper grounds.

31.     Finally, pursuant to Pennsylvania Rule of Evidence 403, the court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Pa.R.Evid. 403.

32.     Here, Plaintiff M.B. will attempt to present testimony by B.H.; K.R.; C.A.; and E.B. in an effort to establish liability relative to Plaintiff M.B.

33.     This will cause the trier of fact to infer the defendants herein are liable for Plaintiff M.B.'s alleged trafficking, at least in part, because other individuals were allegedly trafficked at the Roosevelt Inn.

34.     This is clearly improper:  It is irrelevant to the issue of whether Plaintiff M.B. was trafficked at the Roosevelt Inn; it is irrelevant to whether Alpha-Centurion is liable to Plaintiff M.B.; and it is irrelevant to whether the Roosevelt Inn Defendants are liable to Plaintiff M.B.

35.     Plaintiff M.B.'s claims are independent of those of B.H.; K.R.; C.A.; and E.B.

Case ID: 170300712
Control No.: 21060279

36.     Plaintiff M.B. does not allege that she was trafficked with any of these other plaintiffs, and she does not allege that she was trafficked by the same individuals who trafficked B.H.; K.R.; or C.A.

37.     Assuming, *arguendo*, that this evidence is relevant, the probative value of this testimony is far outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury. *See* Pa. R. Evid. 403.

38.     Permitting testimony by these other Plaintiffs will merely serve to admit evidence regarding trafficking that is entirely independent of this case.

39.     Such information must be ***excluded*** because the probative value is outweighed by the potential for "unfair prejudice."

40.     "Unfair prejudice" is defined as a "tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.Evid. 403, comment-1998.

41.     Pennsylvania case law is clear that evidence which is more likely to direct the jury's attention to matters that are inconsequential to the issues in the present care and which could mislead the jury to make a decision based upon improper grounds should be excluded.

42.     "It is appropriate for a court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury. 'Evidence is prejudicial not where it merely hurts a party's case, but where it tends to fix a decision which has an improper basis in the minds of the jury.'" *Fisher v. N. Hills Passavant Hosp.*, 781 A.2d 1232, 1234 (Pa. Super. Ct. 2001) (*quoting Curran v. Stradley* 521 A.2d 451, 459 (Pa. Super. 1987)).

Case ID: 170300712
Control No.: 21060279

43.     Here, even putting aside the lack of evidence establishing substantial similarity, testimony, evidence, and/or argument regarding the alleged trafficking of B.H.; K.R.; C.A.; and/or E.B. is inadmissible because its probative value, if any, would be outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and wasting time. *See Cressman*, 50 A.3d 794, at *13–14 (Pa. Cmwlth. 2012) (citing *Mendenhall v. Dep't of Transp.*, 537 A.2d 951, 953–954 (Pa. Cmwlth. 1988) (emphasizing "judicial concern that the evidence [of other events] may raise collateral issues, confusing both the real issue and the jury")).

44.     Because of this tendency to confuse the jury and suggest a decision on an improper basis, evidence and/or argument regarding other alleged incidents is clearly prejudicial. Pa.R.Evid. 403; *Castellani*, 124 A.3d at 1254; *see also Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Pa. 1974), *aff'd* 513 F.2d 626 (3d Cir. 1975) ("Proof of prior accidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to collateral matters.").

45.     The sole reason Plaintiff would seek to introduce evidence or testimony of the trafficking of B.H.; K.R.; C.A.; and/or E.B. would be to bolster the argument that the Roosevelt Inn Defendants and/or Alpha-Centurion are negligent *in this lawsuit*.

46.     Seeking to establish negligence herein based upon other alleged negligence is unduly prejudicial.

47.     Permitting the testimony of B.H.; K.R.; C.A.; and/or E.B. would permit "an undue tendency to suggest a decision on an improper basis." *Sprague v. Walter*, 656 A.2d 890, 909 (Pa. Super. 1995).

48.     It is highly prejudicial to the defendants, and should be excluded.

Case ID: 170300712
Control No.: 21060279

WHEREFORE, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant Alpha-Centurion Security, Inc. respectfully requests that this the testimony of B.H.; K.R.; C.A.; and E.B., as well as any and all evidence, testimony, and/or argument as to their alleged trafficking and their respective civil lawsuits be precluded at the time of Trial.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY:_____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 2, 2021

9

Case ID: 170300712
Control No.: 21060279

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| Plaintiff | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |
| | : | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* OF DEFENDANT
ALPHA-CENTURION SECURITY, INC.  AS TO OTHER PLAINTIFFS**</u>

### I.    <u>MATTER BEFORE THE COURT</u>

Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. as to other Plaintiffs,

including B.H.; K.R.; C.A.; and E.B.

### II.    <u>QUESTION PRESENTED</u>

Whether Plaintiff should be precluded from offering the testimony of B.H.; K.R.;
C.A.; and E.B., as well as any and all evidence, testimony, and/or argument as to
their alleged trafficking and their respective civil lawsuits, where their alleged
trafficking is not substantially similar to that of Plaintiff M.B.

*Suggested Answer:*          **YES.**

Case ID: 170300712
Control No.: 21060279

Whether Plaintiff should be precluded from offering the testimony of B.H.; K.R.; C.A.; and E.B., as well as any and all evidence, testimony, and/or argument as to their alleged trafficking and their respective civil lawsuits, where any such testimony would be irrelevant, overly prejudicial, and designed to permit the trier of fact to find a verdict in this case based upon improper grounds, namely, the alleged trafficking of *other* plaintiffs.

*Suggested Answer:*       **YES.**

## III.   FACTS

Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn. Other women have also filed lawsuits against hotels in the Philadelphia region, including the Roosevelt Inn, alleging they were trafficked at these hotels. Within her Pre-Trial Memorandum, Plaintiff identified four (4) of these individual as Trial Witnesses. To protect their identities, Plaintiff identified these individuals by their initials, B.H.; K.R.; C.A.; and E.B.[2] *See* Plaintiff's Pre-Trial Memorandum at Witness 30 – 33.

Plaintiffs B.H.; K.R.; and C.A. claim they were trafficked at the Roosevelt Inn at various times in 2013, before Plaintiff M.B. claims to have been at the Roosevelt Inn. They claim to have been trafficked by individuals other than Plaintiff M.B.'s traffickers, Daiquan Davis and Abdul Lopez. They each filed lawsuits against, *inter alia*, the Roosevelt Inn Defendants and Alpha-Centurion, but claim to have been trafficked at different times than Plaintiff M.B. and by different traffickers than Plaintiff M.B. Plaintiff E.B. alleges she was trafficked at the Motel 6 in Essington, Pennsylvania and the Neshaminy Inn in Trevose, Pennsylvania beginning in 2014. E.B. has not filed suit against the Roosevelt Inn Defendants or Alpha-Centurion. E.B. claims to have been trafficked by Daiquan Davis, but *after* Plaintiff M.B. claims to have been trafficked.

---

[2] Plaintiff M.B.'s counsel represents these other plaintiffs in litigation pending in the Philadelphia County Court of Common Pleas, docketed at: *E.B. v. Motel 6 Operating L.P., et al.*, May Term 2017, Case No. 00487; *C.A. v. Roosevelt Inn LLC, et al.*, March Term 2019, Case No. 03355; *B.H. v. Roosevelt Inn, LLC, et al.*, March Term 2019, Case No. 03356; and *K.R. v. Roosevelt Inn LLC, et al.*, November Term 2019, Case No. 00552.

Case ID: 170300712
Control No.: 21060279

The testimony of these other plaintiffs, as well as any and all evidence, testimony, and/or argument as to their alleged trafficking and their respective civil lawsuits, should be precluded.

## IV.  ARGUMENT

The alleged trafficking of B.H.; K.R.; C.A.; and E.B – or any other individuals – is irrelevant to whether Plaintiff M.B. was trafficked at the Roosevelt Inn, and whether the defendants herein are liable to her.  B.H.; K.R.; C.A.; and E.B should be precluded from testifying.  Likewise, any reference to their respective civil lawsuits should be precluded.

### A.  THE ALLEGED TRAFFICKING OF B.H.; K.R.; C.A.; AND E.B. IS IRRELEVANT; IT IS NOT SUBSTANTIALLY SIMILAR TO THE ALLEGED TRAFFICKING OF PLAINTIFF M.B.

Under the Pennsylvania Rules of Evidence, this Honorable Court has a gate-keeping function with regard to witnesses and evidence.  Pursuant to Pennsylvania Rule of Evidence 104, "[p]reliminary questions concerning the qualification of a person to be a witness . . . or the admissibility of evidence shall be determined by the court."  Relevance is the threshold for admissibility of evidence. *Commonwealth v. Semenza*, 127 A.3d 1, 7 (Pa. Super. 2015) (citing *Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008)).  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.Evid. 401.  Evidence that is not relevant is not admissible.  Pa.R.Evid. 402.

Applying this definition of relevance, Pennsylvania courts have consistently held that evidence of prior incidents are "admissible *only* if the prior accident is sufficiently similar to the incident involving the plaintiff which occurred under sufficiently similar circumstances.  The burden is on the party introducing the evidence to establish this similarity before the evidence is

3

Case ID: 170300712
Control No.: 21060279

admitted." *Parr v. Ford Motor Co.*, 109 A.3d 682, 699 (Pa. Super. 2014) (citing *Lockley v. CSX Transp., Inc.*, 5 A.3d 383, 395 (Pa. Super. 2010) (additional citation omitted; emphasis added)).

Thus, "for 'other accident' evidence to be admissible, the plaintiff must first establish that there is a 'substantial similarity of conditions' between the other accidents and the accident that injured the plaintiff." *Hutchinson v. Penske Truck Leasing Co.*, 876 A.2d 978, 983 (Pa. Super. 2005). "This limited exception, permitting the introduction of evidence of similar accidents, is tempered by judicial concern that the evidence may raise collateral issues, confusing both the real issue and the jury." *Morgan v. SEPTA*, 145 A.3d 825, at *7–9 (Pa. Cmwlth. 2015) (citing *Whitman v. Riddell*, 471 A.2d 521, 523 (Pa. Super. 1984)).

Where a plaintiff has not met the burden of showing substantial similarity, other alleged incidents must be precluded. *See Morgan*, 145 A.3d at *10 ("In light of this lack of information, we cannot conclude that the trial court abused its discretion in precluding Morgan from introducing into evidence the Hood incident."); *see also Parr*, 109 A.3d at 700 ("It is clear that the Parrs were compelled to satisfy the substantial similarity test, and because they did not, the statistical compilations properly were excluded."); *Harkins v. Calumet Realty Co.*, 614 A.2d 699, 704 (Pa. Super. 1992) (affirming preclusion of other incidents where there was a "lack of detail presented surrounding the other prior incidents."); *Lynch v. McStome & Lincoln Plaza Associates*, 548 A.2d 1276, 1279 (Pa. Super. 1988) (affirming the preclusion of prior accidents listed in a computer printout where the plaintiff was injured in an elevator when it abruptly stopped; although the printout contained phrases like "escalator stopped abrupt," there was no indication in the printout "of the circumstances of or causes for the reported incidents").

Moreover, "[e]vidence of other accidents that occur subsequent to that upon which the litigation is brought is not admissible to show knowledge of a condition prior to an accident. Such

4

Case ID: 170300712
Control No.: 21060279

evidence is not relevant to the issue of whether the defendant knew, *at the time of the accident,* that the accident could occur and serves to prejudice the jury by informing them that the defendant was careless not only once but several times." *Hoffmaster v. County of Allegheny,* 550 A.2d 1023, 1028 (Pa. Cmwlth. 1988) (emphasis in original) (citing *Crance v. Sohanic,* 496 A.2d 1230 (Pa. Super. 1985); *Cressman v. Pa. Tpk. Comm'n,* 50 A.3d 794, at *15 (Pa. Cmwlth. 2012) ("The trial court did not abuse its discretion in . . . precluding evidence of accidents occurring over the following two years. . . . [A]s the trial court concluded, subsequent accidents cannot be used to establish notice of a dangerous condition[.]"); MCCORMICK ON EVIDENCE §200 (Kenneth S. Brown et al. eds., 6th ed. 1992) (comparing the probative values of prior and subsequent accidents and deeming the latter inadmissible).

Here, any evidence, testimony, and/or argument as to the alleged trafficking of B.H.; K.R.; C.A.; and E.B. and their respective civil lawsuits is inadmissible because there has not been any showing that such alleged incidents were substantially similar to the events at issue in this case. The alleged trafficking of these other plaintiffs occurred under different circumstances and at different times than Plaintiff M.B. Plaintiff M.B. does not allege that she was trafficked with B.H.; K.R.; C.A.; or E.B., and she does not allege that the circumstances leading to their trafficking were at all similar to her own. Though each of their stories may be similar in their tragic-ness, their stories are unique. They are not substantially similar such that these other plaintiffs can be permitted to testify herein.

**B. EVEN IF THE ALLEGED TRAFFICKING OF B.H.; K.R.; C.A.; AND E.B. IS RELEVANT, IT SHOULD BE PRECLUDED BECAUSE IT WOULD PERMIT A DECISION BASED UPON IMPROPER GROUNDS.**

Finally, pursuant to Pennsylvania Rule of Evidence 403, the court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair

Case ID: 170300712
Control No.: 21060279

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Pa.R.Evid. 403.

Here, Plaintiff M.B. will attempt to present testimony by B.H.; K.R.; C.A.; and E.B. in an effort to establish liability relative to Plaintiff M.B. This will cause the trier of fact to infer the defendants herein are liable for Plaintiff M.B.'s alleged trafficking, at least in part, because other individuals were allegedly trafficked at the Roosevelt Inn. This is clearly improper. It is irrelevant to the issue of whether Plaintiff M.B. was trafficked at the Roosevelt Inn. It is irrelevant to whether Alpha-Centurion is liable to Plaintiff M.B. It is irrelevant to whether the Roosevelt Inn Defendants are liable to Plaintiff M.B. Plaintiff M.B.'s claims are independent of those of B.H.; K.R.; C.A.; and E.B. Plaintiff M.B. does not allege that she was trafficked with any of these other plaintiffs, and she does not allege that she was trafficked by the same individuals who trafficked B.H.; K.R.; or C.A.

Assuming, *arguendo*, that this evidence is relevant, the probative value of this testimony is far outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury. *See* Pa. R. Evid. 403. Permitting testimony by these other Plaintiffs will merely serve to admit evidence regarding trafficking that is entirely independent of this case. Such information must be ***excluded*** because the probative value is outweighed by the potential for "unfair prejudice." "Unfair prejudice" is defined as a "tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.Evid. 403, comment-1998. Pennsylvania case law is clear that evidence which is more likely to direct the jury's attention to matters that are inconsequential to the issues in the present care and which could mislead the jury to make a decision based upon improper grounds should be excluded. "It is appropriate for a court to exclude evidence if its probative value is substantially outweighed by

6

Case ID: 170300712
Control No.: 21060279

the danger of unfair prejudice, confusion of issues or misleading the jury. 'Evidence is prejudicial not where it merely hurts a party's case, but where it tends to fix a decision which has an improper basis in the minds of the jury.'" *Fisher v. N. Hills Passavant Hosp.*, 781 A.2d 1232, 1234 (Pa. Super. Ct. 2001) (*quoting Curran v. Stradley* 521 A.2d 451, 459 (Pa. Super. 1987)).

Here, even putting aside the lack of evidence establishing substantial similarity, testimony, evidence, and/or argument regarding the alleged trafficking of B.H.; K.R.; C.A.; and/or E.B. is inadmissible because its probative value, if any, would be outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and wasting time. *See Cressman*, 50 A.3d 794, at *13–14 (Pa. Cmwlth. 2012) (citing *Mendenhall v. Dep't of Transp.*, 537 A.2d 951, 953–954 (Pa. Cmwlth. 1988) (emphasizing "judicial concern that the evidence [of other events] may raise collateral issues, confusing both the real issue and the jury")). Because of this tendency to confuse the jury and suggest a decision on an improper basis, evidence and/or argument regarding other alleged incidents is clearly prejudicial. Pa.R.Evid. 403; *Castellani*, 124 A.3d at 1254; *see also Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Pa. 1974), *aff'd* 513 F.2d 626 (3d Cir. 1975) ("Proof of prior accidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to collateral matters.").

The sole reason Plaintiff would seek to introduce evidence or testimony of the trafficking of B.H.; K.R.; C.A.; and/or E.B. would be to bolster the argument that the Roosevelt Inn Defendants and/or Alpha-Centurion are negligent *in this lawsuit*. Seeking to establish negligence herein based upon other alleged negligence is unduly prejudicial. Permitting the testimony of B.H.; K.R.; C.A.; and/or E.B. would permit "an undue tendency to suggest a

Case ID: 170300712
Control No.: 21060279

decision on an improper basis." *Sprague v. Walter*, 656 A.2d 890, 909 (Pa. Super. 1995). It is highly prejudicial to the defendants, and should be excluded.

## V.  REQUESTED RELIEF

For the foregoing reasons, Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court grant its Motion *in Limine*, thereby precluding the testimony of B.H.; K.R.; C.A.; and E.B., as well as any and all evidence, testimony, and/or argument as to their alleged trafficking and their respective civil lawsuits, at the time of Trial.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY:_____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated: June 2, 2021

8

Case ID: 170300712
Control No.: 21060279

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Motion in Limine of Defendant Alpha-Centurion Security, Inc. was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a
Roosevelt Inn and Roosevelt Inn Café,
Roosevelt Motor Inn, Inc. d/b/a Roosevelt
Motor Inn, UFVS Management Company,
LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 2, 2021

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. regarding the

preclusion of any reference to Pennsylvania's Human Trafficking Laws, 18 Pa.C.S. § 3001, *et*

*seq.*, and any Response thereto, it is hereby **ORDERED** and **DECREED** that Defendant's

Motion is **GRANTED.**

    Plaintiff M.B. is hereby **PRECLUDED** from introducing evidence, testimony, and/or

argument regarding the Pennsylvania Human Trafficking Statute 18 Pa.C.S. § 3001 at the time of

Trial.

                             **BY THE COURT:**

                              _____

                                         **J.**

Case ID: 170300712
Control No.: 21060282

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA 19103
(215) 575-2600

---

| | |
|---|---|
| M.B. | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| Plaintiff | : |
| | : |
| v. | : |
| | : MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : |
| *d/b/a ROOSEVELT INN* and | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | : |
| *d/b/a ROOSEVELT MOTOR INN* and | : NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | : |
| | : |
| Defendants | : <u>JURY TRIAL DEMANDED</u> |

---

## <u>MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC. TO PRECLUDE REFERENCE TO PENNSYLVANIA'S HUMAN TRAFFICKING LAWS, 18 Pa.C.S.A. § 3001, *ET SEQ.*</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall Dennehey

Warner Coleman & Goggin, hereby moves this Honorable Court to preclude all reference,

evidence, testimony, and/or argument as to Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A.

§ 3001, *et seq.*, and, in support thereof, aver as follows:

1.      Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn

in 2014. *See* Plaintiff's Fourth Amended Complaint, attached hereto as **Exhibit "A,"** ¶ 4.

Case ID: 170300712
Control No.: 21060282

2. On June 6, 2014, Plaintiff M.B. turned herself in to the Department of Human Services at which time she no longer engaged in commercial sexual acts at the Roosevelt Inn. *See* Plaintiff's Deposition Transcript, attached hereto as **Exhibit "B,"** at 113:10-19, 114:14-18.

3. On July 2, 2014, Pennsylvania's Human Trafficking Laws, 18 Pa.C.S. § 3001, were amended to create potential civil liability in relation to human trafficking.

4. Plaintiff M.B. filed her Initial Complaint on March 10, 2017 alleging violations of Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* along with claims of negligence. *See* Plaintiff's Initial Complaint, attached hereto as **Exhibit "C,"** ¶¶ 48-53.

5. In Plaintiff's Fourth Amended Complaint, allegations under Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.*, were removed. *See* **Ex. A.**

6. In seeking Leave of Court to file her Fourth Amended Complaint, Plaintiff specifically advised the Court that she was allegedly trafficked "prior to [the] effective date of the Pennsylvania Human Trafficking Law, 18 Pa.C.S. § 3051," and that she was seeking to amend her Complaint "to remove a civil liability claim" under this statute. *See* Plaintiff's Motion for leave to File Fourth Amended Complaint, attached hereto as **Exhibit "D,"** at ¶¶ 14, 15.

7. Plaintiff M.B. is therefore not making a claim under Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* and is merely alleging claims of negligence.

8. Notwithstanding this fact, Pennsylvania's Human Trafficking Laws were amended *after* June 6, 2014, when Plaintiff M.B. turned herself in to the Department of Human Services.

9. Given this fact, Plaintiff M.B. has no civil claim under Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.*, as the amended portion providing a civil cause of action cannot be applied retroactively.

Case ID: 170300712
Control No.: 21060282

10. Therefore, Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.*, have no relevance to this case and would be unfairly prejudicial.

11. The fundamental consideration in determining the admissibility of evidence is whether the evidence is relevant to a fact to be proved. Evidence is relevant only if it tends to make a fact at issue more or less probable. Pa.R.E. 401.

12. Evidence that is not relevant is inadmissible. Pa.R.E. 402.

13. Here, Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* is irrelevant to the case at bar, as Plaintiff M.B. is not making a claim under the statute and Plaintiff M.B.'s alleged injury occurred prior to the statute being amended.

14. If the Court deems Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* relevant to the case at bar, reference to the statute should still be precluded due to its prejudicial effect.

15. Relevant evidence may be excluded if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Pa.R.E. 403.

16. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa. 2002).

17. "Although a court may find that evidence is relevant, the court may nevertheless conclude that such evidence is inadmissible on account of its prejudicial impact." *Commonwealth v. Reid*, 811 A.2d 538, 550 (Pa. 2002).

Case ID: 170300712
Control No.: 21060282

18.    "Evidence is prejudicial not where it merely hurts a party's case, but where it tends to fix a decision which has an improper basis in the minds of the jury. *Fisher v. N. Hills Passavant Hosp.*, 701 A.2d 1231 (Pa. Super. 2001) (quoting *Curran v. Stradley*, 521 A.2d 451 (Pa. Super. 1987)).

19.    One kind of prejudicial impact contemplated by Rule 403 is unfair prejudice, which is defined as "a tendency to suggest a decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially. Comment to Pa.R.E. 403.

20.    Here, allowing reference to Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* would be severely prejudicial to Moving Defendant's case and would do nothing more than inflame the jury.

21.    Plaintiff M.B. has had the opportunity to reflect on whether a claim under Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* was warranted and decided such a claim was not viable and therefore removed any reference to the statute from her Fourth Amended Complaint.

22.    The only purpose of referencing Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* at trial would be to inflame the the jury with laws related to sex trafficking and divert attention away from evidence presented.

23.    Introduction of Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* at trial may prompt a jury to confuse the actual claims made by Plaintiff M.B. and believe that she is bringing claims under the statute.

24.    This could lead to Moving Defendants to be held liable on an improper basis.

25.    Thus, there is no probative value in allowing reference to Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* at trial.

Case ID: 170300712
Control No.: 21060282

26.     Accordingly, this Honorable Court should preclude any reference to Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* at trial.

**WHEREFORE**, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant Alpha-Centurion Security, Inc. respectfully requests that any and all reference, evidence, testimony, and/or argument by Plaintiff as to Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* be precluded at the time of Trial.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated: June 2, 2021

5

Case ID: 170300712
Control No.: 21060282

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a *ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a *ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* OF DEFENDANT**</u>
<u>**ALPHA-CENTURION SECURITY, INC. TO PRECLUDE REFERENCE TO**</u>
<u>**PENNSYLVANIA'S HUMAN TRAFFICKING LAWS, 18 Pa.C.S.A. § 3001, *ET SEQ.***</u>

**I.    <u>MATTER BEFORE THE COURT</u>**

Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. to preclude all reference,

evidence, testimony, and/or argument as to Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A.

§ 3001, *et seq.*

Case ID: 170300712
Control No.: 21060282

## II.   QUESTION PRESENTED

Whether Plaintiff should be precluded from offering evidence, testimony, and/or argument as to Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.*, where her alleged injuries occurred prior to the statute being amended and she is not making a claim under the statute.

*Suggested Answer:*          **YES.**

## III.   FACTS

Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn in 2014. *See* Plaintiff's Fourth Amended Complaint, attached hereto as **Exhibit "A,"** ¶ 4.  On June 6, 2014, Plaintiff M.B. turned herself in to the Department of Human Services at which time she no longer engaged in commercial sexual acts at the Roosevelt Inn.  *See* Plaintiff's Deposition Transcript, attached hereto as **Exhibit "B,"** at 113:10-19, 114:14-18.  On July 2, 2014, Pennsylvania's Human Trafficking Laws, 18 Pa.C.S. § 3001, *et seq.* were amended to create potential civil liability in relation to human trafficking.

Plaintiff M.B. filed her Initial Complaint on March 10, 2017 alleging, amongst other things, violations of Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* along with claims of negligence.  *See* Plaintiff's Initial Complaint, attached hereto as **Exhibit "C,"** ¶¶ 48-53. In Plaintiff's Fourth Amended Complaint, allegations under Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.*, were removed.  *See* **Ex. A**.  In seeking Leave of Court to file her Fourth Amended Complaint, Plaintiff specifically advised the Court that she was allegedly trafficked "prior to [the] effective date of the Pennsylvania Human Trafficking Law, 18 Pa.C.S. § 3051," and that she was seeking to amend her Complaint "to remove a civil liability claim" under this statute.  *See* Plaintiff's Motion for leave to File Fourth Amended Complaint, attached hereto as **Exhibit "D,"** at ¶¶ 14, 15.  Plaintiff M.B. is therefore not making a claim under Pennsylvania's

Case ID: 170300712
Control No.: 21060282

Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* and any reference to Pennsylvania's Human Trafficking laws have no relevance to this case and is merely making negligence claims.

## IV.    **ARGUMENT**

Any reference to Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* at trial has no relevance to this case and would be unduly prejudice to Moving Defendants. Plaintiff M.B.'s injuries occurred prior to the law being amended to include a civil cause of action and she is not even bringing a claim under the statute.

The fundamental consideration in determining the admissibility of evidence is whether the evidence is relevant to a fact to be proved. Evidence is relevant only if it tends to make a fact at issue more or less probable. Pa.R.E. 401. Evidence that is not relevant is inadmissible. Pa.R.E. 402. Here, Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* is irrelevant to the case at bar as Plaintiff M.B. is not making a claim under the statute and Plaintiff M.B.'s alleged injury occurred prior to the statute being amended to create a civil cause of action.

If the Court deems Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* relevant to the case at bar, reference to the statute should still be precluded due to its prejudicial effect. Relevant evidence may be excluded if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Pa.R.E. 403. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa. 2002).

"Although a court may find that evidence is relevant, the court may nevertheless conclude that such evidence is inadmissible on account of its prejudicial impact." *Commonwealth v. Reid*,

3

Case ID: 170300712
Control No.: 21060282

811 A.2d 538, 550 (Pa. 2002). "Evidence is prejudicial not where it merely hurts a party's case, but where it tends to fix a decision which has an improper basis in the minds of the jury. *Fisher v. N. Hills Passavant Hosp.*, 701 A.2d 1231 (Pa. Super. 2001) (quoting *Curran v. Stradley*, 521 A.2d 451 (Pa. Super. 1987)). One kind of prejudicial impact contemplated by Rule 403 is unfair prejudice, which is defined as "a tendency to suggest a decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially. Comment to Pa.R.E. 403.

Here, allowing reference to Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* would be severely prejudicial to Moving Defendant's case and would do nothing more than inflame the jury. Plaintiff M.B. has had the opportunity to reflect on whether a claim under Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* was warranted and decided such a claim was not viable and therefore removed any reference to the statute from her Fourth Amended Complaint.

The only purpose of referencing Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* at trial would be to inflame the the jury with laws related to sex trafficking and divert attention away from evidence presented. Introduction of Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* at trial may prompt a jury to confuse the actual claims made by Plaintiff M.B. and believe that she is bringing claims under the statute. This could lead to Moving Defendants to be held liable on an improper basis. Thus, there is no probative value in allowing reference to Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* at trial.

Accordingly, this Honorable Court should preclude any reference to Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* at trial.

Case ID: 170300712
Control No.: 21060282

## V.  <u>REQUESTED RELIEF</u>

For the foregoing reasons, Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court grant its Motion *in Limine*, thereby precluding any evidence, testimony, and/or argument as to Pennsylvania's Human Trafficking Laws, 18 Pa.C.S.A. § 3001, *et seq.* at the time of Trial.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY:_____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 2, 2021

5

Case ID: 170300712
Control No.: 21060282

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Motion in Limine of Defendant Alpha-Centurion Security, Inc. was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a***
***Roosevelt Inn and Roosevelt Inn Café,***
***Roosevelt Motor Inn, Inc. d/b/a Roosevelt***
***Motor Inn, UFVS Management Company,***
***LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 2, 2021

# EXHIBIT "A"

Case ID: 170300712
Control No.: 21060282

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff



Filed and Attested by the
Office of Judicial Records
08 NOV 2019 10:20 am
S. RICE

| | |
|---|---|
| M.B. | : PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : COURT OF COMMON PLEAS |
| 1525 Locust Street | : |
| Philadelphia, PA 19102 | : CIVIL TRIAL DIVISION |
|             Plaintiff, | : MARCH TERM, 2017 |
| | : NO.: 00712 |
|     V. | : |
| | : |
| ROOSEVELT INN LLC | : JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : |
| *ROOSEVELT INN CAFE* | : |
| 7630 Roosevelt Boulevard | : |
| Philadelphia, PA 19152 | : |
| | : |
|     and | : |
| | : |
| ROOSEVELT MOTOR INN, INC. | : |
| *d/b/a ROOSEVELT MOTOR INN* | : |
| 7630 Roosevelt Boulevard | : |
| Philadelphia, PA 19152 | : |
| | : |
|     and | : |
| | : |
| UFVS MANAGEMENT COMPANY, LLC | : |
| 287 Bowman Avenue | : |
| Purchase, NY 10577 | : |
| | : |
|     and | : |
| | : |
| YAGNA PATEL | : |
| 7630 Roosevelt Boulevard | : |
| Philadelphia, PA 19152 | : |
| | : |
|     and | : |
| | : |
| ALPHA-CENTURION SECURITY, INC. | : |
| 3720 West Chester Pike | : |
| Newtown Square, PA 19073 | : |

Case ID: 170300712

Case ID: 170300712
Control No.: 21060282

Defendants                    :

---

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**
**TTY(215) 451-6197**

### AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA 19107**
**Telefono: (215) 238-6333**
**TTY(215) 451-6197**

Case ID: 170300712
Case ID: 170300712
Control No.: 21060282

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.:00712 |
| | : | |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |

Defendants            :

---

## PLAINTIFF'S FOURTH AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally.  It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.      Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center.  Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3.      In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

### THE PARTIES

4.      Plaintiff, M.B., was born on September 3, 1999 and is one of the thousands of victims of human trafficking in the United States.  In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.  Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5.      Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she was fourteen (14) years old. See also Public Access Policy of the Unified Judicial System of

Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6. Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware. At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7. Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8. Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9. Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152. Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10. Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11. Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a

Case ID: 170300712
Control No.: 21060282

contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12. Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

13. Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County. Venue is also proper in this case because Pennsylvania's human trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to bring suit in the county in which the victim resides. Plaintiff M.B. resides in Philadelphia County. Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

14. At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

15. At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents,

Case ID: 170300712
Control No.: 21060282

servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

16.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

17.    At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

18.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

19.    At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent criminal activity, including sex trafficking, at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

## OPERATIVE FACTS

20.    Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees. Hotels and motels are a convenient place for

Case ID: 170300712
Case ID: 170300712
Control No.: 21060282

customers to purchase sex to avoid detection. Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

21. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn. From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

22. While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

23. Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

24. Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

25. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

26. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

27. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

28. Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

29. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, had a duty ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

30. Defendant Alpha-Centurion Security, Inc., had a duty to ensure the safety and well-being of Plaintiff while she was at the Roosevelt Inn and protect her from criminal conduct.

31. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

32. Defendant Alpha-Centurion Security, Inc., assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

33. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

34. Defendant Alpha-Centurion Security, Inc., had a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

35. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

36. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to take any steps to protect Plaintiff from criminal acts including sex trafficking.

37. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that criminal activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

38. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or should have known that criminal

activity and sex trafficking that occurred at the Roosevelt Inn put plaintiff at risk of being harmed.

39.     Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

40.     The advertisements included a fake name for Plaintiff and a phone number to call.

41.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

42.     Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

43.     The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

44.     Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

45.     Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

46.     Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

47.     Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

48.     Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.

49.     Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

50. Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

51. Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

52. Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

53. Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

54. Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

55. Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

56. Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

57. Despite the open and obvious signs of criminal activity and human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

58. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and negligently failed to prevent Plaintiff from being sexually exploited.

59. Despite the open and obvious signs of human trafficking, Defendants Roosevelt

Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff from criminal conduct.

60. Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc failed to take reasonable steps to prevent the sex trafficking of the Plaintiff and failed to ensure her safety and well-being.

61. Defendant Alpha-Centurion Security, Inc. negligently failed to prevent Plaintiff from being sexually exploited.

62. Despite the open and obvious signs of human trafficking, Defendant Alpha-Centurion Security, Inc. failed to protect Plaintiff from criminal conduct.

63. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

64. By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

65. The negligence of Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

66. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

67. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

68. The averments of Paragraphs 1 through 67 are incorporated herein by reference.

69. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

70. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third

parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

71.    Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

72.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

73.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

74.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent

agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

    a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

    b.  Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

    c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

    d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

    e.  Failing to adequately control access to the premises;

    f.  Failing to prevent entry of unauthorized individuals onto the premises;

    g.  Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

    h.  Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

    i.  Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

    j.  Failing to adopt, establish, implement, execute and/or enforce required policies,

Case ID: 170300712
Control No.: 21060282

procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises;

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

y. Failing to exercise care, caution and diligence required under the circumstances.

75.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS

Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer

physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

76.　　As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff to ensure her safety and well-being and protect her from criminal acts.

77.　　Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II – NEGLIGENCE

## M.B. v. ALPHA-CENTURION SECURITY, INC.

78.　　The averments of paragraphs 1 through 77 are incorporated herein by reference.

79.　　Defendant Alpha-Centurion Security, Inc. had a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons, including Plaintiff, on the premises of the Roosevelt Inn.

80.　　Defendant Alpha-Centurion Security, Inc should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

81.     Defendant Alpha-Centurion Security, Inc. had a duty to take precautions against reasonably anticipated criminal conduct by third parties so as not to endanger the welfare and well-being of Plaintiff. Moreover, the Defendant Alpha-Centurion Security, Inc a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

82.     Defendant Alpha-Centurion Security, Inc. breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.

83.     Defendant Alpha-Centurion Security, Inc. should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

84.     Defendant Alpha-Centurion Security, Inc. failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence Alpha-Centurion Security, Inc. consisted of the following:

a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

Case ID: 170300712
Case ID: 170300712
Control No.: 21060282

b. Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

Case ID: 170300712
Control No.: 21060282

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity detected on video surveillance;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344.

85. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

86. As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty to ensure Plaintiff's safety and well-being and protect her from criminal acts..

87. Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

88.     The averments of paragraphs 1 through 87 are incorporated herein by reference.

89.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

90.     Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

91.    The averments of paragraphs 1 through 90 are incorporated herein by reference.

92.    Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

93.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

Dated:_____

**CERTIFICATE OF SERVICE**

I do hereby certify that service of a true and correct copy of the *Plaintiff's Fourth Amended Complaint* was filed with the Court on _____ and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

Via Certified and Regular Mail to:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

KLINE & SPECTER, P.C.

Dated:                    By: _____
                                NADEEM A. BEZAR, ESQUIRE
                                Attorney for Plaintiff

## VERIFICATION

I, M.B., hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Fourth Amended Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_____
M.B.

# EXHIBIT "B"
## *CONFIDENTIAL*

Case ID: 170300712
Control No.: 21060282

# EXHIBIT "C"

Case ID: 170300712
Control No.: 21060282

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiffs



Filed and Attested by the
Office of Judicial Records
10 MAR 2017 08:11 am
K. KALOGERAS

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>WILLIAM A. CALANDRA, ESQUIRE<br>c/o Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA  19102 | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>CIVIL TRIAL DIVISION<br>MARCH TERM, 2017 |

M.B., minor by her Guardian,
WILLIAM A. CALANDRA, ESQUIRE
c/o Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102
                                    Plaintiff,
        V.

ROOSEVELT INN LLC
*d/b/a ROOSEVELT INN and*
*ROOSEVELT INN CAFE*
7630 Roosevelt Boulevard
Philadelphia, PA 19152

        and

ROOSEVELT MOTOR INN, INC.
*d/b/a ROOSEVELT MOTOR INN*
7630 Roosevelt Boulevard
Philadelphia, PA 19152

        and

UFVS MANAGEMENT COMPANY, LLC
287 Bowman Avenue
Purchase, NY 10577

        and

YAGNA PATEL
7630 Roosevelt Boulevard
Philadelphia, PA 19152

                        Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

CIVIL TRIAL DIVISION
MARCH TERM, 2017
NO.:

JURY TRIAL DEMANDED

---

## NOTICE TO DEFEND

Case ID: 170300712
Case ID: 170300712
Control No.: 21060282

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYERS REFERENCE SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY(215) 451-6197

## AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

SERVICIO de REFERENCIA LEGAL
Uno Reading Centro
Filadelfia, PA 19107
Telefono: (215) 238-6333
TTY(215) 451-6197

Case ID: 170300712

Case ID: 170300712
Control No.: 21060282

**KLINE & SPECTER, P.C.**
BY:　THOMAS R. KLINE, ESQUIRE/28895
　　　NADEEM A. BEZAR, ESQUIRE/63577
　　　EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiffs

---

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| c/o Kline & Specter, P.C. | : | |
| 1525 Locust Street | : | CIVIL TRIAL DIVISION |
| Philadelphia, PA 19102 | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.: |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| Defendants | : | |

---

Case ID: 170300712
Control No.: 21060282

**COMPLAINT**

**PRELIMINARY STATEMENT**

1.    Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2.    Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center. Over 1200 cases of sex trafficking has been reported for the first six months of 2016 with the vast majority of victims being women and a disproportionate number being minors.

3.    In 2014 the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that directly or indirectly benefits financially from such acts is fully deterred through both criminal and civil prosecution.

**THE PARTIES**

4.    Minor-Plaintiff, M.B. was born on September 3, 1999, and is one of the thousands of victims of human trafficking in the United States. During 2013 and 2014, Minor-Plaintiff was exploited and was permitted to be exploited by traffickers of commercial sex acts and those who financially benefitted from her exploitation. Minor-Plaintiff resides in Philadelphia County, Pennsylvania. Minor-Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102. Minor-Plaintiff's guardian for purposes of this civil action is William A. Calandra, Esquire.

5. Minor-Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Minor-Plaintiff M.B. who incurred injuries and damages starting when she was fourteen (14) years old.

6. Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a corporation duly organized and existing under the laws of Delaware. At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7. Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8. Defendant UFVS Management Company, LLC, is a corporation duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9. Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152. Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10. Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC regularly conduct business in Philadelphia County.

11. At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and

through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

12. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

13. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur and profited from them.

14. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

15. At all material times hereto, Defendants Roosevelt, Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel received money and financially profited from the commercial sex acts occurring on the premises of the Roosevelt Inn.

## OPERATIVE FACTS

16.  Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3001, et. seq., it is a felony to recruit, entice, solicit, harbor or transport a minor which results in the minor being subjected to sexual servitude.

17.  Commencing in 2013, Minor-Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

18.  Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided, for their own financial benefit, rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Minor-Plaintiff.

19.  Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Minor-Plaintiff for commercial sex acts.

20.  Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Minor-Plaintiff was being sexually exploited.

21.  Minor-Plaintiff's traffickers put up internet advertisements for the purpose of prostituting Minor-Plaintiff.

Case ID: 170300712
Case ID: 170300712
Control No.: 21060282

22. The advertisements would include a fake name for Minor-Plaintiff and a phone number to call.

23. During the phone call, sex for cash was negotiated and the caller "John" would be informed that Minor-Plaintiff was at the Roosevelt Inn.

24. The "John" who negotiated to have sex for cash with Minor-Plaintiff would then speak to the front desk clerk at the Roosevelt Inn.

25. An individual named "Abdul" would hold himself out as the clerk, staff member or employee at the Roosevelt Inn. The complete name of "Abdul" is known to Defendants.

26. "Abdul" would then direct the individual to the floor and room where Minor-Plaintiff and her traffickers were staying.

27. "Abdul" was fully aware that Minor-Plaintiff and other underage children were compelled to perform sex for money.

28. Minor-Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

29. The motel room where Minor-Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

30. Minor-Plaintiff engaged in numerous commercial sex acts "dates" per day.

31. Minor-Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

32. Minor-Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Minor-Plaintiff.

33. Minor-Plaintiff exhibited fear and anxiety while on the premises of the Roosevelt Inn.

34.     Minor-Plaintiff's traffickers paid cash for the motel rooms where Minor-Plaintiff engaged in commercial sex acts.

35.     Minor-Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Minor-Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

36.     Men and other minors frequently entered and left the rooms where Minor-Plaintiff engaged in commercial sex acts.

37.     Men stood in the hallways outside of rooms where Minor-Plaintiff was engaged in commercial sex acts.

38.     Minor-Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

39.     Minor-Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

40.     Housekeepers and front desk staff including "Abdul" at the Roosevelt Inn maintained conversations with Minor-Plaintiff and had knowledge that Minor-Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

41.     Minor-Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

42.     Minor-Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the motel rooms to the financial profit of all Defendants as owners, operators and managers of the Roosevelt Inn.

43.     Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS

Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Minor-Plaintiff.

44. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel financially profited from the continuation of the commercial sex acts committed on the premises of the Roosevelt Inn through both the renting of rooms and the providing of services.

45. By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

46. By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees financially profited from the human sex trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

47. By harboring Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et. seq.

## M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

48.     The averments of Paragraphs 1 through 47 are incorporated herein by reference.

49.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. §3001 et seq. makes it illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting the minor to be engaged in any commercial sex act.

50.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport the minor Plaintiff permitting her to be exploited and engage in the commercial sex acts.

51.     By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Minor-Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

52.     By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and  through their actual or apparent agents, servants and employees, financially profited from the human trafficking and continued profit by not reporting, intervening, disrupting or otherwise stopping the practice.

53.     By harboring the Minor-Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT II – NEGLIGENCE

### M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

54.     The averments of paragraphs 1 through 53 are incorporated herein by reference.

55.     By harboring Minor-Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

56.     As a result of Defendants' negligence, Minor-Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

57. As a result of Defendants' negligence, Defendants financially profited from the human sex trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

58. Defendants acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

59. The averments of paragraphs 1 through 58 are incorporated herein by reference.

60. Defendants negligently committed the acts averred in this Complaint against the Minor-Plaintiff and thereby caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Minor-Plaintiff.

61. Defendants acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS

### M.B., A MINOR, BY HER GUARDIAN v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

62.     The averments of paragraphs 1 through 61 are incorporated herein by reference.

63.     By harboring Minor-Plaintiff to perform commercial sex acts, Defendants intentionally caused Minor-Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Minor-Plaintiff.

64.     Defendants acted outrageously and in reckless disregard for the health and welfare of the Minor-Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Minor-Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**
*Attorneys for Plaintiff*

BY: _____
THOMAS R. KLINE, ESQUIRE

BY: _____
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

DATED: _3/10/17_

Case ID: 170300712
Case ID: 170300712
Control No.: 21060282

## **VERIFICATION**

I, William A. Calandra, Esquire, hereby state that I am the Guardian for the Minor-Plaintiff, M.B., in this matter. I hereby verify that I have reviewed the foregoing Minor-Plaintiff's Complaint, which was prepared with the assistance of counsel, and that while I do not have personal knowledge of all of the facts and representations therein, the averments appear to be true and correct to the best of my knowledge, information and belief.

The undersigned that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


_____
WILLIAM A. CALANDRA, ESQUIRE
Guardian for Minor-Plaintiff M.B.

Case ID: 170300712
Case ID: 170300712
Control No.: 21060282

# EXHIBIT "D"

Case ID: 170300712
Control No.: 21060282

**FILED**
10 OCT 2019 04:54 pm
Civil Administration
C. KEENAN

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of

Plaintiff's Motion for Leave to File a Fourth Amended Complaint, and any response thereto, it is

hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.

It is further **ORDERED** that Plaintiff may file a Fourth Amended Complaint consistent

with the proposed Fourth Amended Complaint, as attached to Plaintiff's Motion as Exhibit "C".

**BY THE COURT:**

_____

J.

Case ID: 170300712
Control No.: 21060282

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT

1.    This case involves the sex trafficking of Plaintiff, M.B. at the Roosevelt Inn motel when she was 14 years-old.

2.    Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (hereinafter "Roosevelt Defendants") as the owners, operators and managers of the Roosevelt Inn. Plaintiff's Complaint includes claims against the Roosevelt Defendants for violation of the Pennsylvania Human Trafficking Law 18 Pa. C.S. § 3051, premise liability and negligent security.

3.    During discovery, Plaintiff learned that Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn during the time Plaintiff was trafficked.

4.    Plaintiff sought to file an Amended Complaint to join Alpha-Centurion Security, Inc. as an additional lawsuit.

5.    Per Pennsylvania Rule of Civil Procedure 1033 a party, either by filed consent of the adverse party or by leave of court, may amend a pleading.

Case ID: 170300712
Control No.: 21060282

6.     The Roosevelt Defendants stipulated and consented to Plaintiff filing an Amended Complaint to join Alpha-Centurion Security, Inc. as an additional defendant.

7.     On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

8.     On August 27, 2018, Plaintiff, with leave of court, filed a Second Amended Complaint to: 1) change the caption to remove reference to M.B. as a minor as she turned 18 years old and a Guardian Ad Litem was no longer necessary; 2) add factual averments surrounding Plaintiff being trafficked at the Roosevelt Inn; 3) add additional averments of negligence against the Roosevelt Defendants and; 4) remove a claim against additional Defendant Alpha-Centurion Security, Inc. under the Pennsylvania Human Trafficking Law.

9.     On September 6, 2019, Plaintiff, with leave of Court, filed Third Amended Complaint simply to remove some factual averments surrounding the sex trafficking of Plaintiff that were included in the Second Amended Complaint.  See Third Amended Complaint attached as Exhibit "A."

10.     Discovery in this case ended on October 7, 2019.

11.     The effective date of the Pennsylvania Human Trafficking Law, 18 Pa. C.S. § 3051 that creates civil liability is September 2, 2014.

12.     Plaintiff M.B. testified at her deposition, and discovery in this case has revealed, that Plaintiff turned herself into the City of Philadelphia, Department of Human Services on or about June 6, 2014 and that she was not a victim of sex trafficking after June 6, 2014.  See NT M.B. P. 114, LL. 9-18; P. 115, LL. 1-5 attached as Exhibit "B."

13.     Plaintiff was a victim of sex trafficking prior to effective date of the Pennsylvania Human Trafficking Law, 18 Pa. C.S. § 3051.

14.	Plaintiff, therefore, seeks permission from this Court to file a Fourth Amended Complaint to remove a civil liability claim against the Roosevelt Defendants for violation of 18 Pa. C.S. § 3051.  See Proposed Fourth Amended Complaint attached as Exhibit "C".

15.	Long-standing and well established Pennsylvania law makes clear that this Court should permit the Plaintiffs to amend their Complaint.  Specifically, Pennsylvania Rule of Civil Procedure 1033 states:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend a pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa. R. Civ. P. 1033.

16.	In interpreting this Rule, courts in this Commonwealth have long held that leave to amend a pleading should be liberally granted at any stage of the litigation unless the amendment will violate the law or prejudice the opposing party.  *See Berman v. Herrick,* 227 A.2d 840 (Pa. 1967); *Capobianchi v. Bic Corp.,* 666 A.2d 344, 345 (Pa. Super. 1995); *Gutierrez v. Pennsylvania Gas & Water Co.,* 507 A.2d 1230, 1232 (Pa. Super. 1986); *Gallo v. Yamaha Motor Corp., U.S.A.,* 335 Pa. Super. 311, 313, 484 A.2d 148, 150 (1984).

17.	Indeed in *Capobianchi* the Superior Court explained that pursuant to Pa. R. Civ. P. 1033 courts should liberally grant leave to amend "after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom." *Capobianchi* at 345 (*quoting Biglan v. Biglan,* 479 A.2d 1021, 1025-1026 (Pa. Super. 1984).

18.	Moreover, in *Gutierrez* the Superior Court stated:

It is well-settled that the decision to grant or deny permission to amend a pleading is a

matter of judicial discretion. However, this discretion is not unfettered. Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits. Amendments should be allowed with great liberality at any stage of the case unless they violate the law or prejudice the rights of the opposing party.

*Gutierrez*, 507 A.2d at 1232 (internal citations omitted).

19.  In determining whether the opposing party will be prejudiced by an amendment, Pennsylvania courts have made clear that: "prejudice must be something more than a detriment to the other party, for to make an advantage operate as a bar to amendment would be 'to destroy the right to amend except in cases when the moving party would have no reason to amend.'" *Id.* at 1233 (citing *Tanner v. Allstate Insurance Co.* 467 A.2d 1164 (Pa. Super. 1983); *Sands v. Forrest*, 434 A.2d 122, 125 (Pa. Super 1981)).

20.  Moreover, our jurisprudence has made clear that: "the mere fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend . . . ." *Capobianchi*, 666 A.2d at 346 (*quoting James A. Mann, Inc. v. Upper Darby School Dist.*, 513 A.2d 528, 531 (Pa. Commw. Ct. 1986).

21.  Furthermore, in *Gutierrez* the Superior Court explained that "a trial court's denial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion." *Gutierrez*, 507 A.2d at 1233.

22.  In sum, it is a firmly entrenched principle of Pennsylvania law that: "in the absence of a proper and compelling ground for refusing the amendment, the lower court should grant leave to amend." *Id.*

23.  In the instant case, Plaintiff's proposed amendments are clearly within those permitted pursuant to Rule 1033 allowing amendments to a pleading.

24.     No party will suffer prejudice by the amendments to the Complaint, and amendment of the Complaint will not violate the law.

25.     The filing of a Fourth Amended Complaint will not delay trial this case is not expected to be ready for trial until April 6, 2020.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter the attached Order granting Plaintiff leave to file a Fourth Amended Complaint in the above-captioned matter.

**KLINE & SPECTER, P.C.**

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT

### I.     PRELMINARY STATEMENT

Plaintiff testified at her deposition, and discovery has revealed, that she was a victim of sex

trafficking prior to the effective date of the Pennsylvania Human Trafficking Law, 18 Pa. C.S. §

3051 which is September 2, 2014. Plaintiff, therefore, seeks permission from this Court to file a

Fourth Amended Complaint to remove a civil liability claim against the Roosevelt Defendants for

violation of 18 Pa. C.S. § 3051.

### II.    QUESTION PRESENTED

Whether Plaintiff should be permitted to amend her Complaint pursuant to Rule 1033 of
the Pennsylvania Rule of Civil Procedure.

**Suggested Answer:** Yes, because Pennsylvania amendments must be freely and liberally
permitted at any point during the litigation; and none of the Defendants are prejudiced by
the amendments.

### III.   BRIEF FACTUAL AND PROCEDURAL HISTORY

This case involves the sex trafficking of Plaintiff, M.B. at the Roosevelt Inn motel when

Control No.: 170300712
Case ID: 170300712
Control No.: 21060282

she was 14 years-old. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (hereinafter "Roosevelt Defendants") as the owners, operators and managers of the Roosevelt Inn. Plaintiff's Complaint includes claims against the Roosevelt Defendants for violation of the Pennsylvania Human Trafficking Law, premise liability and negligent security.

During discovery, Plaintiff learned that Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn during the time Plaintiff was trafficked. Plaintiff sought to file an Amended Complaint to join Alpha-Centurion Security, Inc. as an additional lawsuit. Per Pennsylvania Rule of Civil Procedure 1033 a party, either by filed consent of the adverse party or by leave of court, may amend a pleading. The Roosevelt Defendants stipulated and consented to Plaintiff filing an Amended Complaint to join Alpha-Centurion Security, Inc. as an additional defendant. On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

On August 27, 2018, Plaintiff, with leave of court, filed a Second Amended Complaint to: 1) change the caption to remove reference to M.B. as a minor as she turned 18 years old and a Guardian Ad Litem was no longer necessary; 2) add factual averments surrounding Plaintiff being trafficked at the Roosevelt Inn; 3) add additional averments of negligence against the Roosevelt Defendants and; 4) remove a claim against additional Defendant Alpha-Centurion Security, Inc. under the Pennsylvania Human Trafficking Law.

On September 6, 2019, Plaintiff, with leave of Court, filed Third Amended Complaint simply to remove some factual averments surrounding the sex trafficking of Plaintiff that were included in the Second Amended Complaint. See Plaintiff's Third Amended Complaint attached as Exhibit "A."

Discovery in this case ended on October 7, 2019. The effective date of the Pennsylvania Human Trafficking Law, 18 Pa. C.S. § 3051 that creates civil liability is September 2, 2014.

Plaintiff M.B. testified at her deposition, and discovery in this case has revealed, that Plaintiff turned herself into the City of Philadelphia, Department of Human Services on or about June 6, 2014 and that she was not a victim of sex trafficking after June 6, 2014. See NT M.B. P. 114, LL. 9-18; P. 115, LL. 1-5 attached as Exhibit "B."

Plaintiff was a victim of sex trafficking prior to effective date of the Pennsylvania Human Trafficking Law, 18 Pa. C.S. § 3051. Plaintiff, therefore, seeks permission from this Court to file a Fourth Amended Complaint to remove a civil liability claim against the Roosevelt Defendants for violation of 18 Pa. C.S. § 3051. See Proposed Fourth Amended Complaint attached as Exhibit "C".

## III. NONE OF THE DEFENDANTS WILL BE PREJUDICED BY THE FILING OF PLAINTIFF'S SECOND AMENDED COMPLAINT AND AMENDMENTS MUST BE FREELY AND LIBERALLY PERMITTED

Long-standing and well established Pennsylvania law makes clear that this Court should permit the Plaintiffs to amend their Complaint. Specifically, Pennsylvania Rule of Civil Procedure 1033 states:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend a pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa. R. Civ. P. 1033.

In interpreting this Rule, courts in this Commonwealth have long held that leave to amend a pleading should be liberally granted at any stage of the litigation unless the amendment will

violate the law or prejudice the opposing party. *See Berman v. Herrick*, 227 A.2d 840 (Pa. 1967); *Capobianchi v. Bic Corp.*, 666 A.2d 344, 345 (Pa. Super. 1995); *Gutierrez v. Pennsylvania Gas & Water Co.*, 507 A.2d 1230, 1232 (Pa. Super. 1986); *Gallo v. Yamaha Motor Corp., U.S.A.*, 335 Pa. Super. 311, 313, 484 A.2d 148, 150 (1984).

Indeed in *Capobianchi* the Superior Court explained that pursuant to Pa. R. Civ. P. 1033 courts should liberally grant leave to amend "after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom." *Capobianchi* at 345 (*quoting Biglan v. Biglan*, 479 A.2d 1021, 1025-1026 (Pa. Super. 1984). Moreover, in *Gutierrez* the Superior Court stated:

> It is well-settled that the decision to grant or deny permission to amend a pleading is a matter of judicial discretion. However, this discretion is not unfettered. Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits. Amendments should be allowed with great liberality at any stage of the case unless they violate the law or prejudice the rights of the opposing party.

*Gutierrez*, 507 A.2d at 1232 (internal citations omitted).

In determining whether the opposing party will be prejudiced by an amendment, Pennsylvania courts have made clear that: "prejudice must be something more than a detriment to the other party, for to make an advantage operate as a bar to amendment would be 'to destroy the right to amend except in cases when the moving party would have no reason to amend.'" *Id.* at 1233 (citing *Tanner v. Allstate Insurance Co.* 467 A.2d 1164 (Pa. Super. 1983); *Sands v. Forrest*, 434 A.2d 122, 125 (Pa. Super 1981)).

Moreover, our jurisprudence has made clear that: "the mere fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend . . . ." *Capobianchi*, 666 A.2d at 346 (*quoting James A. Mann, Inc. v. Upper Darby School Dist.*, 513 A.2d 528, 531 (Pa. Commw. Ct.

1986).

Furthermore, in *Gutierrez* the Superior Court explained that "a trial court's denial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion." *Gutierrez*, 507 A.2d at 1233. In sum, it is a firmly entrenched principle of Pennsylvania law that: "in the absence of a proper and compelling ground for refusing the amendment, the lower court should grant leave to amend." *Id.*

In the instant case, Plaintiff's proposed amendments are clearly within those permitted pursuant to Rule 1033 allowing amendments to a pleading. No party will suffer prejudice by the amendments to the Complaint, and amendment of the Complaint will not violate the law.

## IV.   CONCLUSION

For all the aforementioned reasons, Plaintiff respectfully requests this Honorable Court to enter the attached Order granting Plaintiff leave to file a Fourth Amended Complaint in the above-captioned matter.

KLINE & SPECTER, P.C.

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

**CERTIFICATE OF SERVICE**

I do hereby certify that service of a true and correct copy of the *Plaintiff's Motion for Leave to File a Fourth Amended Complaint* was filed with the Court on October 10, 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Alpha-Centurion Security, Inc.*

Via Certified and Regular Mail to:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

KLINE & SPECTER, P.C.

*/s/Emily B. Marks*

Dated: 10/10/2019          By: _____
                              NADEEM A. BEZAR, ESQUIRE
                              Attorney for Plaintiff

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____day of _____ 2021, upon

consideration of the Motion *in Limine* of Defendant, Alpha-Centurion Security, Inc., to Preclude

Plaintiff's Expert Richard G. Hudak, and any Response thereto, it is hereby **ORDERED** and

**DECREED** that Defendant's Motion is **GRANTED.**

Richard G. Hudak is hereby precluded from offering any testimony and/or opinions as to

Defendant, Alpha-Centurion Security, Inc., at the trial of this matter.

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 21060464

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:   Thomas P. Wagner, Esquire
Identification No.:    27145
BY:   Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:   Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

## <u>MOTION *IN LIMINE* OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., TO PRECLUDE PLAINTIFF'S EXPERT RICHARD G. HUDAK</u>

Defendant, Alpha-Centurion Security, Inc. ("Moving Defendant"), by and through its

counsel, Marshall Dennehey Warner Coleman & Goggin, hereby moves this Honorable Court to

preclude Richard G. Hudak from offering any testimony and/or opinions as to Defendant, Alpha-

Centurion Security, Inc., at the trial of this matter:

Case ID: 170300712
Control No.: 21060464

1. Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn.

2. At all times relevant to Plaintiff's claims, Alpha-Centurion Security, Inc. was under contract with the Roosevelt Inn to provide one unarmed security guard at the hotel, two to three nights per week.[1]

3. Plaintiff has produced two expert reports authored by Richard G. Hudak, a purported security expert. A true and correct copy of Mr. Hudak's December 30, 2019 report is attached hereto as Exhibit "A." A true and correct copy of Mr. Hudak's May 10, 2021 supplemental report is attached hereto as Exhibit "B."

4. Both reports consist of a cherry-picked list of facts followed by what are described as "opinions."

5. Both reports are fatally flawed, as Mr. Hudak wholly fails to articulate any methodology to support his opinions.

6. He cites no authoritative standards, principals, rules, or guidelines employed in generating his reports.

7. Instead, Mr. Hudak comes to the sweeping conclusion: "As a result of the above breached best practices, procedures and customary protocols, Defendants were responsible for the physical harm and emotional harm suffered by M.B. while she remained at the Roosevelt Inn." *See* Ex. A, Page 21.

---

[1] Moving Defendant hereby incorporates by reference its *Motion* in Limine as to Non-Party Alpha Century Security, Inc., seeking preclusion of evidence as to Alpha Century Security, Inc., where said entity is not a named party to this lawsuit and was not in existence when Plaintiff was allegedly trafficked. In the event that this Court denies the instant Motion, Moving Defendant hereby requests an Order precluding Richard G. Hudak from offering any opinions as to Alpha Century Security, Inc.

8. Pennsylvania Rule of Evidence 702 sets for the requirements for the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson;
>
> (b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and
>
> **(c) the expert's methodology is generally accepted in the relevant field.**

Pa. R.E. 702 (emphasis added).

9. Pennsylvania courts follow the *Frye* test for determining the admissibility of expert testimony. *Grady v. Frito-Lay, Inc.*, 839 A.2d 1038, 1043 (Pa. 2003).

10. "[I]n applying the *Frye* rule, we have required and continue to require that the proponent of the evidence prove that the methodology an expert used is generally accepted by scientists in the relevant field as a method for arriving at the conclusion the expert will testify to at trial." *Id.* at 1045.

11. Here, Mr. Hudak's opinions as to Moving Defendant must be precluded, as he has completely failed to articulate any methodology used to arrive at his opinions.

12. While he states that Moving Defendant breached "best practices, procedures and customary protocols," he fails to identify and describe those practices, procedures, and protocols, in violation of Pa. R.E. 702 and *Frye*.

13. Instead of articulating a methodology and explaining his reasoning, Mr. Hudak merely reels off a list of purported deficiencies in security and makes the baseless and conclusory pronouncement that Moving Defendant's actions were the cause of M.B.'s injuries.

14. Such testimony is improper and must be precluded. *See Collins v. Hand*, 246 A.2d 398, 404 (Pa. 1968) ("The basis of the conclusion cannot be deduced or inferred from the conclusion itself. In other words, the opinion of the expert does not constitute proof of the existence of the facts necessary to support the opinion.").

15. Mr. Hudak's opinions as to the conduct of Moving Defendant being a causal factor in bringing about M.B.'s harm are essentially *ipse dixit* opinions, which are improper. *See Walsh Est. of Walsh v. BASF Corp.*, 234 A.3d 446, 466 (Pa. 2020) (Wecht, J., concurring) (citing *Elec. Co. v. Joiner*, 522 U.S. 136, 146, (1997)) (agreeing "with the United States Supreme Court that, in assessing the admissibility of an expert's testimony, a court should not turn a blind eye when an expert connects his method to his conclusion only by the because-I-said-so of his '*ipse dixit*.'").

16. It is not for Mr. Hudak to make the ultimate liability determination.

17. It is for the jury to listen to the facts of the case and apply the facts to the law, as instructed by the Court. *See Renninger v. A & R Mach. Shop*, A.3d 988, 995 (Pa. Super. Ct. 2017) (quoting *Rohm & Haas Co. v. Cont'l Cas. Co.*, 732 A.2d 1236, 1248 (Pa. Super. Ct. 1999)) ("[W]hen there is a question of fact to be resolved, it is within the sole purview of the jury.").

18. As Mr. Hudak's report is entirely devoid of any methodological basis, his opinions as to Moving Defendant must be precluded in their entirety under Pa. R.E. 702(c).

**WHEREFORE**, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant, Alpha-Centurion Security, Inc., respectfully requests that Richard G. Hudak be precluded from offering any testimony and/or opinions as to

Defendant, Alpha-Centurion Security, Inc., at the trial of this matter.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated:   June 2, 2021

Case ID: 170300712
Control No.: 21060464

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:   Thomas P. Wagner, Esquire
Identification No.:     27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**MOTION *IN LIMINE* OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., TO**</u>
<u>**PRECLUDE PLAINTIFF'S EXPERT RICHARD G. HUDAK**</u>

**I.      MATTER BEFORE THE COURT**

Motion *in Limine* of Defendant, Alpha-Centurion Security, Inc. ("Moving Defendant"), to

Preclude Plaintiff's Expert Richard G. Hudak.

## II.    **QUESTION PRESENTED**

Whether Richard G. Hudak should be precluded from offering any testimony and/or opinions as to Defendant, Alpha-Centurion Security, Inc., at the trial of this matter when his reports wholly fail to articulate any methodology to support his opinions.

*Suggested Answer:*    **YES.**

## III.    **FACTS**

Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn. At all times relevant to Plaintiff's claims, Alpha-Centurion Security, Inc. was under contract with the Roosevelt Inn to provide one unarmed security guard at the hotel, two to three nights per week.[2]  Plaintiff has produced two expert reports authored by Richard G. Hudak, a purported security expert. A true and correct copy of Mr. Hudak's December 30, 2019 report is attached hereto as Exhibit "A." A true and correct copy of Mr. Hudak's May 10, 2021 supplemental report is attached hereto as Exhibit "B."

Both reports consist of a cherry-picked list of facts followed by what are described as "opinions." Both reports are fatally flawed, as Mr. Hudak wholly fails to articulate any methodology to support his opinions. He cites no authoritative standards, principals, rules, or guidelines employed in generating his reports. Instead, Mr. Hudak comes to the sweeping conclusion: "As a result of the above breached best practices, procedures and customary protocols, Defendants were responsible for the physical harm and emotional harm suffered by M.B. while she remained at the Roosevelt Inn." *See* Ex. A, Page 21.

---

[2] Moving Defendant hereby incorporates by reference its *Motion* in Limine as to Non-Party Alpha Century Security, Inc., seeking preclusion of evidence as to Alpha Century Security, Inc., where said entity is not a named party to this lawsuit and was not in existence when Plaintiff was allegedly trafficked. In the event that this Court denies the instant Motion, Moving Defendant hereby requests an Order precluding Richard G. Hudak from offering any opinions as to Alpha Century Security, Inc.

Moving Defendant now files the instant motion to preclude Mr. Hudak's opinions as to Moving Defendant.

## IV.    ARGUMENT

Pennsylvania Rule of Evidence 702 sets for the requirements for the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson;
>
> (b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and
>
> **(c) the expert's methodology is generally accepted in the relevant field.**

Pa. R.E. 702 (emphasis added). *See also* Pa. R.E. 702, *cmt.* ("The rule applies the 'general acceptance' test for the admissibility of scientific, technical, or other specialized knowledge testimony.").

Pennsylvania courts follow the *Frye* test for determining the admissibility of expert testimony. *Grady v. Frito-Lay, Inc.*, 839 A.2d 1038, 1043 (Pa. 2003). "Under *Frye*, novel scientific evidence is admissible if the methodology that underlies the evidence has general acceptance in the relevant scientific community." *Id.* at 1044-45. The term "novel" should be ascribed a "reasonably broad meaning." *Betz v. Pneumo Abex, LLC*, 44 A.3d 27, 53 (Pa. 2021). Importantly, "in applying the *Frye* rule, we have required and continue to require that the proponent of the evidence prove that the methodology an expert used is generally accepted by scientists in the relevant field as a method for arriving at the conclusion the expert will testify to at trial." *Grady*, 839 A.2d at 1045.

Case ID: 170300712
Control No.: 21060464

Here, Mr. Hudak's opinions as to Moving Defendant must be precluded, as he has completely failed to articulate any methodology used to arrive at his opinions. While he states that Moving Defendant breached "best practices, procedures and customary protocols," he fails to identify and describe those practices, procedures, and protocols, in violation of Pa. R.E. 702 and *Frye*. Instead of articulating a methodology and explaining his reasoning, Mr. Hudak merely reels off a list of purported deficiencies in security and makes the baseless and conclusory pronouncement that Moving Defendant's actions were the cause of M.B.'s injuries.

Such testimony is improper and must be precluded. *See Collins v. Hand*, 246 A.2d 398, 404 (Pa. 1968) ("The basis of the conclusion cannot be deduced or inferred from the conclusion itself. In other words, the opinion of the expert does not constitute proof of the existence of the facts necessary to support the opinion."). Indeed, Mr. Hudak's opinions as to the conduct of Moving Defendant being a causal factor in bringing about M.B.'s harm are essentially *ipse dixit* opinions, which are improper. *See Walsh Est. of Walsh v. BASF Corp.*, 234 A.3d 446, 466 (Pa. 2020) (Wecht, J., concurring) (citing. *Elec. Co. v. Joiner*, 522 U.S. 136, 146, (1997)) (agreeing "with the United States Supreme Court that, in assessing the admissibility of an expert's testimony, a court should not turn a blind eye when an expert connects his method to his conclusion only by the because-I-said-so of his '*ipse dixit*.'").

It is not for Mr. Hudak to make the ultimate liability determination. It is for the jury to listen to the facts of the case and apply the facts to the law, as instructed by the Court. *See Renninger v. A & R Mach. Shop*, 163 A.3d 988, 995 (Pa. Super. Ct. 2017) (quoting *Rohm & Haas Co. v. Cont'l Cas. Co.*, 732 A.2d 1236, 1248 (Pa. Super. Ct. 1999)) ("[W]hen there is a question of fact to be resolved, it is within the sole purview of the jury."). As Mr. Hudak's

Case ID: 170300712
Control No.: 21060464

report is entirely devoid of any methodological basis, his opinions as to Moving Defendant must be precluded in their entirety under Pa. R.E. 702(c).

Two federal court cases on point provide further guidance.[3] In *Murray v. Marina Dist. Development Co.*, 311 Fed. Appx. 521(3d. Cir. 2008), the court analyzed whether the trial court abused its discretion in excluding the appellant's casino security expert. Before reaching its conclusion, the court observed: "While Sutor's report cited multiple deficiencies in the Borgata's security system as contributing factors to the assault on Murray and Martin, there was no identification of applicable industry standards for casino security or discussion of the methodology employed in formulating his opinion." *Id.* at 522. Ultimately, the court found no abuse of discretion, finding that **the expert's report failed to demonstrate "any methodology, let alone peer-reviewed or generally accepted methodology, underling his opinion."** *Id.* at 524 (emphasis added).

Similarly, in *Jordan v. Yum Brands, Inc.,* No. CIV.A. 10-5458, 2013 WL 3819377, (E.D. Pa. July 24, 2013), the court analyzed the defendants' motion to exclude the plaintiff's security expert, who provided opinions within the context of an altercation that occurred outside of a fast-food restaurant. After analyzing the contents of the expert's report, the court excluded the expert's opinions on the basis that he "did not state in his report that he relied on industry standards for security needs of fast-food restaurants in reaching his opinions, and there is no evidence that he did so. Moreover, he does not explain how he reached his opinions. **In short, he has provided no methodology.** Such lack of methodology renders Mr. Gordon's opinions unreliable under *Daubert*." *Id.* at *4 (emphasis added).

---

[3] Moving Defendant recognizes that there is a distinction in the standards offered under *Frye* and *Daubert*; however, the distinction is inapplicable here. *See Buttaccio v. American Premier Underwriters, Inc.*, 175 A.3d 311, 317 n.3 (Pa. Super. Ct. 2017) (recognizing that both *Frye* and *Daubert* use the criteria of whether the proffered expert's methodology has gained general acceptance in the expert's field).

Case ID: 170300712
Control No.: 21060464

Moving Defendant submits that the foregoing cases are directly on point and further support Moving Defendant's position that Mr. Hudak's opinions should be precluded for failure to articulate any methodology used to arrive at his opinions.

## V.  REQUESTED RELIEF

For the foregoing reasons, Defendant, Alpha-Centurion Security, Inc., respectfully requests that this Honorable Court grant its Motion *in Limine* and preclude Richard G. Hudak from offering any testimony and/or opinions as to Defendant, Alpha-Centurion Security, Inc., at the trial of this matter.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
          Thomas P. Wagner, Esquire
          Robert W. Stanko, Esquire
          Melanie J. Foreman, Esquire
          Attorneys for Defendant,
          Alpha-Centurion Security, Inc.

Dated:  June 2, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Motion in Limine of Defendant Alpha-Centurion Security, Inc. was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Grant S. Palmer, Esquire |
| Nadeem A. Bezar, Esquire | James J. Quinlan, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| *Attorneys for minor-Plaintiff* | *Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel* |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN 47808 | Tucson, AZ 85734 |

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: *Thomas P Wagner*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: __June 2, 2021__

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## ORDER

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. to preclude

records produced by the FBI and testimony regarding their contents, and any Response thereto, it

is hereby **ORDERED** and **DECREED** that Defendant's Motion is **GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from introducing evidence, testimony, and/or

argument regarding records produced by the FBI at the time of Trial.

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 21060427

| M.B. | : | PHILADELPHIA COUNTY |
| Plaintiff | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants | : | |

## ALTERNATIVE ORDER

**AND NOW**, this _____day of _____ 2021, upon

consideration of the Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. to preclude

records produced by the FBI and testimony regarding their contents, and any Response thereto, it

is hereby **ORDERED** and **DECREED** that Defendant's Motion is **GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from introducing evidence, testimony, and/or

argument regarding:

- FBI Records Bates Stamped FBI000207, FBI000211-FBI000212;
- FBI Record Bates Stamped FBI000214;
- FBI Record Bates Stamped FBI000222;
- FBI Record Bates Stamped FBI000228; and
- FBI Record Bates Stamped FBI000287.

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 21060427

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | |
|---|---|
| M.B. | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| Plaintiff | : |
| | : |
| v. | : |
| | : MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : |
| *d/b/a ROOSEVELT INN and* | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | : |
| *d/b/a ROOSEVELT MOTOR INN* and | : NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | : |
| | : |
| Defendants | : <u>JURY TRIAL DEMANDED</u> |

---

## <u>MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC. TO PRECLUDE RECORDS PRODUCED BY THE FBI AND TESTIMONY REGARDING THEIR CONTENTS AT TRIAL</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, hereby moves this Honorable Court to Preclude all evidence, testimony, and/or argument as to records produced by the FBI, and, in support thereof, aver as follows:

1.     Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn.

Case ID: 170300712
Control No.: 21060427

2. She claims to have been trafficked from approximately April 2014 through early June 6, 2014.[1]

3. Plaintiff's traffickers, Daiquan Davis and Abdul Lopez, were criminally prosecuted in the Eastern District of Pennsylvania and pled guilty to various crimes.

4. Plaintiff subpoenaed the United States Attorney's Office for the Eastern District of Pennsylvania ("USAO") for information relating to these prosecutions on July 7, 2017. Plaintiff's Subpoena to the USAO is attached hereto as Exhibit C.

5. Alpha-Centurion also subpoenaed the USAO on July 27, 2018. Alpha-Centurion's Subpoenas are collectively attached hereto as Exhibit D.

6. On August 6, 2019, United States Attorney William McSwain wrote to the parties to deny the production of any records by the USAO.

7. Plaintiff later subpoenaed the Federal Bureau of Investigations ("FBI") on February 22, 2019. Plaintiff's Subpoena to the FBI is attached hereto as Exhibit E.

8. ***Discovery concluded on October 7, 2019.***

9. On June 18, 2020, the USAO reversed course from its initial denial and advised that the FBI would "provide information that it believes may substantially relate to the allegations in the State Civil Actions."

10. On March 19, 2021, Plaintiff provided "the document production received from the Federal Bureau of Investigations and United States Attorney's Office for the Eastern District of Pennsylvania Bates Stamped as (FBI000001-000338)." *See* March 19, 2021 Letter, attached hereto as Exhibit F.

---

[1] Plaintiff went "AWOL" from foster care on April 2, 2014 and turned herself back into the Department of Human Services on June 6, 2014. *See* Plaintiff's Deposition Transcript, attached hereto as Exhibit A, at Page 114, Lines 13 – 18; *see also* May 2, 2014 Court Order, attached hereto as Exhibit B.

Case ID: 170300712
Control No.: 21060427

11.    These records contain information regarding FBI investigations conducted *after* Plaintiff had left the Roosevelt Inn and turned herself into the Department of Human Services. *See* FBI Production, portions of which are attached hereto as Exhibit G.

12.    The records are also heavily redacted, leaving only portions of reports with almost all names and identifying information of individuals removed.

13.    According to the records, the investigation into the Roosevelt Inn was only initiated by the FBI on June 17, 2014, two (2) weeks *after* Plaintiff left the hotel. *See* Exhibit G at FBI000001-FBI000005. As she was not even at the hotel at any point during the duration of their investigation, none of the records relate to Plaintiff.

14.    Likewise, the records contain no reference to either of the individuals subsequently prosecuted for trafficking Plaintiff.

15.    Nevertheless, Plaintiff intends to introduce the records as well as testimony from retired FBI Agent Brian Getson regarding their contents.

16.    Plaintiff should be precluded from doing so because these records, and any testimony regarding their contents, are entirely irrelevant to Plaintiff's claims.

17.    The records produced by the FBI, including any testimony regarding their contents, should be precluded from evidence at Trial, as all of the records post-date the time period during which Plaintiff alleges she was trafficked at the Roosevelt Inn and because they are replete with inadmissible hearsay.

18.    The records produced by the FBI constitute inadmissible hearsay, have no relevance to the case at bar, and their entry into evidence would be incredibly prejudicial to Moving Defendant.

3

Case ID: 170300712
Control No.: 21060427

19.     These documents contain no mention of Plaintiff or her activities at the Roosevelt Inn, as they all post-date the time period during which Plaintiff alleges she was trafficked at the Roosevelt Inn.

20.     There is no reference to Plaintiff or either of her traffickers.

21.     Simply put, these records and the anticipated testimony from Mr. Getson have no bearing on the claims in this case.

22.     The fundamental consideration in determining the admissibility of evidence is whether the evidence is relevant to a fact to be proved.

23.     Evidence is relevant only if it tends to make a fact at issue more or less probable. Pa.R.E. 401.  Evidence that is not relevant is inadmissible.  Pa.R.E. 402.

24.     Here, Plaintiff's allegations are specifically confined to the time period in which she contends she was trafficked.

25.     According to the records at issue, the FBI's investigation into the Roosevelt Inn did not commence until June 17, 2014, *after* Plaintiff had left the hotel.  *See* Exhibit G at FBI000001-FBI000005.

26.     Plaintiff left the Roosevelt Inn on June 6, 2014.  *See* Exhibit B at Page 114, Lines 13 – 18.

27.     The reports, undercover operations, interactions, and interviews referenced in the FBI records occurred after Plaintiff left the Roosevelt Inn.

28.     Therefore, even ignoring the multiple levels of hearsay that exist within the records, and the absence of any exception, these records contain no information about Plaintiff, her actions, or the alleged actions of anyone on the premises during her stay there.

Case ID: 170300712
Control No.: 21060427

29.     Furthermore, the probative value of these records is vastly outweighed by the risk of confusing the jury.

30.     Countless names are redacted throughout all three hundred forty-six (346) pages produced. *See* Exhibit G.

31.     This will confuse jurors and lead them to speculate regarding the full extent of the records, which has never been revealed.

32.     There are also numerous other redactions, including entire pages which may cause jurors to infer or make unreasonable assumptions as to what information is contained behind each redaction. *Id.*

33.     In short, no information contained in these records or testimony by Mr. Getson regarding their contents can shed any light on the alleged actions of Plaintiff at the Roosevelt Inn or any of the Defendants during that time period.

34.     Thus, because the records contain multiple levels of hearsay, incomplete information, and relate to a time period beyond that at issue in this case, the entirety of the records produced by the FBI should be precluded at Trial.

35.     If the Court declines to preclude the FBI records in their entirety, then FBI records Bates Stamped FBI000207; FBI000211-FBI000212; FBI000214; FBI000222; FBI000228; and FBI000287 should be precluded, included any testimony regarding their contents, as they are irrelevant, contain inadmissible hearsay statements, and are unreliable.

36.     Indeed, none of these records are from the time period during which Plaintiff alleges she was at the Roosevelt Inn.

37.     As set forth above, these records detail interactions, interviews, and other undercover operations that occurred after Plaintiff left the Roosevelt Inn.

Case ID: 170300712
Control No.: 21060427

38.     However, these records are also inadmissible because they are further irrelevant, contain inadmissible hearsay statements, and are unreliable.

39.     FBI records Bates Stamped FBI000207; FBI000211-FBI000212; FBI000214; FBI000222; FBI000228; and FBI000287 should be precluded because they contain inadmissible hearsay statements and are unreliable.

40.     FBI records Bates Stamped FBI000207; FBI000211-FBI000212; FBI000222; FBI000228; and FBI000287 contain statements and interactions from undercover operations; interviews with informants; etc.

41.     The reports are not in the form of sworn testimony; they are merely notes taken by undercover agent(s), who are also not identified.

42.     Further, the interviewees, informants, and targets of the investigation are not identified. In fact, all identifying information has been redacted from the reports.

43.     For instance, in FBI000287, an unidentified female allegedly told the undercover FBI agent that "she was aware that the security personnel who worked at the Roosevelt Inn knew what was going on and would help pimps and prostitutes avoid contact with the Police and trouble with unruly customers." *See* Exhibit G.

44.     There is no way to test the credibility of the source of this information, or to cross-examine her in any way.

45.     This is an incendiary statement with no context or information to support the statement made.

46.     In FBI000214, the interviewee claims that "[t]he security guard that worked there prior to being fired called and told [REDACTED] hat[sic] the 'Feds' asked him who [REDACTED] was." *See* Exhibit G.

6

Case ID: 170300712
Control No.: 21060427

47.     Not only is all identifying information redacted to the point that the sentence is almost non-sensical, but it also includes *multiple* levels of hearsay.

48.     These records are rife with hearsay statements, and no exceptions apply.

49.     Hearsay is an assertion by an out-of-court declarant to prove the truth of the matter asserted. *See Carney v. PA R. Co.*, 240 A.2d 71, 73 (Pa. 1968).

50.     The proponent of a hearsay statement statement must show that it fits within an exception. Otherwise, it is inadmissible. *Id.*; *see also* Pa.R.E. 802.

51.     In *Carney*, the Pennsylvania Supreme Court ruled that a statement from an unidentified bystander, referenced by a police officer at trial, was a hearsay declaration that should not have been admitted into evidence. *Carney* 240 A.2d at 75.

52.     The Court indicated that the party seeking the admission of such evidence would require "persuasively and convincingly demonstrating by the use of other corroborating evidence that the declarant actually viewed the event of which he speaks." *Id.*

53.     It is well established that records which lack trustworthiness, like the records at issue herein, should be excluded.

54.     A record may be excluded under circumstances where the trial court has reason to question its trustworthiness. *Birt v. Firstenergy Corp.*, 891 A.2d 1281, 1291 (Pa. Super. 2006). *See also* Pa.R.Evid. 803(6) (stating that a business record is a hearsay exception "unless the sources or information or other circumstances indicate lack of trustworthiness."); 42 Pa.C.S.A. § 6108(b) (providing a business record is competent evidence "if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.").

Case ID: 170300712
Control No.: 21060427

55.     Here, the information the opposing parties will seek to introduce comes from individuals who are the subjects of an undercover FBI operation; the individuals providing the information on the supposed security guards are pimps, drug dealers, and prostitutes.

56.     The information they provided is clearly suspect and unreliable.

57.     Here, Plaintiff will seek to offer these documents to prove that the alleged security guards referenced in these reports are in fact an Alpha-Centurion security guards, despite the complete lack of evidence to support that.

58.     Moreover, there is evidence in this case that the Roosevelt Inn Defendants retained another security company during the time period in question.

59.     Similar to *Carney*, FBI records Bates Stamped FBI000207; FBI000211-FBI000212; FBI000222; FBI000228; and FBI000287 include statements made by unidentified individuals that cannot be corroborated.

60.     Given the sources of the information and the vague description provided in these reports, Plaintiff should not be allowed to enter these reports into evidence for the truth of the matter asserted.

61.     Further, counsel for Alpha-Centurion will not have the opportunity to cross-examine the unidentified individuals who allegedly suggested security guards took various actions.

62.     Allowing these reports into evidence would cause severe prejudice to Moving Defendant and mislead the jury into believing the alleged security guards in these reports were in fact Alpha-Centurion guards.

63.     There is no evidence the referenced guards were in fact security guards, let alone Alpha-Centurion security guards.

8

Case ID: 170300712
Control No.: 21060427

64. Therefore, the contents of these FBI records are inadmissible hearsay and should be precluded from evidence.

65. FBI records Bates Stamped FBI000207; FBI000211-FBI000212; FBI000214; FBI000222; FBI000228; and FBI000287 should be precluded because there is no evidence the referenced security guard was employed by Alpha-Centurion.

66. In addition to the fact that these records constitute inadmissible hearsay, FBI records Bates Stamped FBI000207; FBI000211-FBI000212; FBI000214; FBI000222; FBI000228; and FBI000287 are inadmissible because they are even further unreliable.

67. They contain vague references to a "security guard" or "security personnel."

68. The supposed security guard(s) referenced in these records are not identified with any further detail, and there is no description such that the security guard could be identified.

69. The records merely describe the guard(s) as:

   o "[A] black male in a security guard uniform;"

   o "A black/male wearing a security guard uninform with a badge on his chest;"

   o "The security guard that worked there prior to being fired;"

   o "[A] black male security guard" "wearing a sweater with a badge sewn into the sweater;"

   o "Security Guard, [REDACTED] (Last Name Unknown (LNU);"

   o Generic reference to "security personnel"

*See* Exhibit G at FBI000207; FBI000211-FBI000212; FBI000214; FBI000222; FBI000228; and FBI000287, respectively.

70. It is virtually impossible to deduce who these supposed security guards are, let alone whether they worked for Alpha-Centurion.

Case ID: 170300712
Control No.: 21060427

71.     The individual security guards are not identified, nor is the company for whom they allegedly worked.

72.     There is no further identifying information provided and therefore it is unclear how the undercover FBI Agent(s) and/or informants determined these were security guards working at the Roosevelt Inn.

73.     Plaintiff will assuredly offer these records for the purpose of trying to establish that the security guards referenced in these reports are Alpha-Centurion security guards, yet there is absolutely no evidence of that.

74.     Given the vague descriptions provided in the reports, Plaintiff should not be allowed to enter these records into evidence.

75.     In fact, one of the Roosevelt Inn desk clerks testified that a *different company*, Pearl Securities, provided security at the Roosevelt Inn during the time to which the FBI records relate.

76.     Kim Mueller was a front desk clerk at the Roosevelt Inn from June 2007 through August 2015. Deposition Transcript of Kim Mueller at Page 9, Lines 2 – 7, attached hereto as Exhibit H.

77.     She testified that from 2014 through 2015, a security company *other than* Alpha-Centurion provided security at the Roosevelt Inn:

> Q.     Did [the security guards] have guns?
>
> A.     No.  Oh, the one was from Pearl, Pearl Securities.  He was hired to sit there in the lobby.
>
> Q.     So there was a security guard from Pearl Securities –
>
> A.     Yes.
>
> Q.     -- who was hired to sit in the lobby?
>
> A.     Yes.

Case ID: 170300712
Control No.: 21060427

Q.     When was that?

A.     That was about six months before I left or maybe a year
       before I left, and that was -- he wasn't there for too long,
       maybe about six months.

**Q.     So someone from Pearl Security worked in roughly
       2014 through 2015, a six-month period?**

**A.     Right.**
                              *****
Q.     Would you see him then during your Saturday shift and
       when you picked up other peoples' shifts?

A.     Well, he wasn't there on Saturday. He was there only on
       Friday and Saturday between 10:30 or 10:00 at night and
       6:00 in the morning.

Q.     Okay. So how do you know he was there if you didn't work
       those hours?

A.     Well, as I said, I did fill in for the weekend crew.

**Q.     Okay. The gentleman from Pearl, you said he had a
       gun?**

**A.     Yes.**

*Id.*, Deposition Transcript of Kim Mueller at Page 110, Lines 7 – 21; Page 112, Lines 5 - 17.

Emphasis added.

78.    Alpha-Centurion never provided armed security guards at the Roosevelt Inn.

79.    Accordingly, there is evidence that the guard(s) referenced in these records could

be from a company other than Alpha-Centurion.

80.    It is sheer speculation that the guard(s) referenced in FBI records Bates Stamped

FBI000207; FBI000211-FBI000212; FBI000222; FBI000228; and FBI000287 were from Alpha-

Centurion.

Case ID: 170300712
Control No.: 21060427

81. Permitting Plaintiff to introduce evidence based upon this speculation is improper, and should be precluded.

82. FBI records Bates Stamped FBI000222; FBI000228; and FBI000287 should be precluded because they are unreliable; they concern events that occurred in 2015, after Alpha-Centurion Security ceased operations at the Roosevelt Inn.

83. In fact, another entity took over security operations as of January 1, 2015.

84. Patrick Panetta, Director of Operations for Alpha-Centurion Security, Inc. testified that Alpha-Centurion ceased operations in 2014:

> Q.    I understand that at some point in 2014 Alpha-Centurion
>        closed its doors, correct?
>
> A.    Yes, ma'am.
>
> Q.    Shut down its operations, correct?
>
> A.    Yes, ma'am.

Deposition Transcript of Patrick Panetta at Page 14, Lines 11 – 15, attached hereto as Exhibit I. *See also id.* at Page 10, Line 7 – Page 16, Line 10.

85. Alpha Century Security, Inc. opened on January 1, 2015. *Id.* at Page 10, Lines 19 – 21.

86. Thus, even if the alleged security guard was in fact a security guard, he could not have been an Alpha-Centurion security guard given the timing of these reports.[2]

87. Therefore, FBI record Bates Stamped FBI000222; FBI000228; and FBI000287 should be precluded at Trial.

**WHEREFORE**, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant Alpha-Centurion Security, Inc. respectfully

---

[2] Moving Defendant is filing a separate Motion *in Limine* regarding Alpha Century Security, Inc.

Case ID: 170300712
Control No.: 21060427

requests that any and all evidence, testimony, and/or argument by Plaintiff as to records produced

by the FBI be precluded at the time of Trial.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated: June 2, 2021

Case ID: 170300712
Control No.: 21060427

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire
Identification No.    208830
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

Attorneys for Defendant,
Alpha-Centurion Security, Inc.

| | |
|---|---|
| M.B. | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| Plaintiff | : |
| | : |
| v. | : |
| | : MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : |
| *d/b/a ROOSEVELT INN* and | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | : |
| *d/b/a ROOSEVELT MOTOR INN* and | : NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | : |
| | : |
| Defendants | : <u>JURY TRIAL DEMANDED</u> |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* OF
DEFENDANT ALPHA-CENTURION SECURITY, INC. TO PRECLUDE
REFERENCE TO RECORDS PRODUCED BY THE FBI AND
TESTIMONY REGARDING THEIR CONTENTS AT TRIAL**</u>

**I.    <u>MATTER BEFORE THE COURT</u>**

Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. ("Moving Defendant") to preclude records produced by the FBI responsive to Plaintiff's subpoena and testimony regarding their contents at Trial.

## II.    QUESTION PRESENTED

Whether Plaintiff should be precluded from offering evidence, testimony, and/or argument as to records produced by the FBI, where the records post-date the time during which Plaintiff alleges she was at the Roosevelt Inn, and where said records are irrelevant, rife with inadmissible hearsay statements, and unreliable.

*Suggested Answer:*        **YES.**

## III.    FACTS

Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn. She claims to have been trafficked from approximately April 2014 through early June 6, 2014.[1] Plaintiff's traffickers, Daiquan Davis and Abdul Lopez, were criminally prosecuted in the Eastern District of Pennsylvania and pled guilty to various crimes.

Plaintiff subpoenaed the United States Attorney's Office for the Eastern District of Pennsylvania ("USAO") for information relating to these prosecutions on July 7, 2017. Plaintiff's Subpoena to the USAO is attached hereto as Exhibit C. Alpha-Centurion also subpoenaed the USAO on July 27, 2018. Alpha-Centurion's Subpoenas are collectively attached hereto as Exhibit D. On August 6, 2019, United States Attorney William McSwain wrote to the parties to deny the production of any records by the USAO.

Plaintiff later subpoenaed the Federal Bureau of Investigations ("FBI") on February 22, 2019. Plaintiff's Subpoena to the FBI is attached hereto as Exhibit E. ***Discovery concluded on October 7, 2019.*** On June 18, 2020, the USAO reversed course from its initial denial and advised that the FBI would "provide information that it believes may substantially relate to the allegations in the State Civil Actions." On March 19, 2021, Plaintiff provided "the document production

---

[1] Plaintiff went "AWOL" from foster care on April 2, 2014 and turned herself back into the Department of Human Services on June 6, 2014. *See* Plaintiff's Deposition Transcript, attached hereto as Exhibit A, at Page 114, Lines 13 – 18; *see also* May 2, 2014 Court Order, attached hereto as Exhibit B.

Case ID: 170300712
Control No.: 21060427

received from the Federal Bureau of Investigations and United States Attorney's Office for the Eastern District of Pennsylvania Bates Stamped as (FBI000001-000338)." *See* March 19, 2021 Letter, attached hereto as Exhibit F. These records contain information regarding FBI investigations conducted *after* Plaintiff had left the Roosevelt Inn and turned herself into the Department of Human Services. *See* FBI Production, portions of which are attached hereto as Exhibit G. The records are also heavily redacted, leaving only portions of reports with almost all names and identifying information of individuals removed.

According to the records, the investigation into the Roosevelt Inn was only initiated by the FBI on June 17, 2014, two (2) weeks *after* Plaintiff left the hotel. *See* Exhibit G at FBI000001-FBI000005. As she was not even at the hotel at any point during the duration of their investigation, none of the records relate to Plaintiff. Likewise, the records contain no reference to either of the individuals subsequently prosecuted for trafficking Plaintiff.

Nevertheless, Plaintiff intends to introduce the records as well as testimony from retired FBI Agent Brian Getson regarding their contents. Plaintiff should be precluded from doing so because these records, and any testimony regarding their contents, are entirely irrelevant to Plaintiff's claims.

## IV. ARGUMENT

### A. THE RECORDS PRODUCED BY THE FBI, INCLUDING ANY TESTIMONY REGARDING THEIR CONTENTS, SHOULD BE PRECLUDED FROM EVIDENCE AT TRIAL, AS ALL OF THE RECORDS POST-DATE THE TIME PERIOD DURING WHICH PLAINTIFF ALLEGES SHE WAS TRAFFICKED AT THE ROOSEVELT INN AND BECAUSE THEY ARE REPLETE WITH INADMISSIBLE HEARSAY.

The records produced by the FBI constitute inadmissible hearsay, have no relevance to the case at bar, and their entry into evidence would be incredibly prejudicial to Moving Defendant. These documents contain no mention of Plaintiff or her activities at the Roosevelt Inn, as they all

3

Case ID: 170300712
Control No.: 21060427

post-date the time period during which Plaintiff alleges she was trafficked at the Roosevelt Inn. There is no reference to Plaintiff or either of her traffickers. Simply put, these records and the anticipated testimony from Mr. Getson have no bearing on the claims in this case.

The fundamental consideration in determining the admissibility of evidence is whether the evidence is relevant to a fact to be proved. Evidence is relevant only if it tends to make a fact at issue more or less probable. Pa.R.E. 401. Evidence that is not relevant is inadmissible. Pa.R.E. 402. Here, Plaintiff's allegations are specifically confined to the time period in which she contends she was trafficked. According to the records at issue, the FBI's investigation into the Roosevelt Inn did not commence until June 17, 2014, *after* Plaintiff had left the hotel. *See* Exhibit G at FBI000001-FBI000005. Plaintiff left the Roosevelt Inn on June 6, 2014. *See* Exhibit B at Page 114, Lines 13 – 18. The reports, undercover operations, interactions, and interviews referenced in the FBI records occurred after Plaintiff left the Roosevelt Inn. Therefore, even ignoring the multiple levels of hearsay that exist within the records, and the absence of any exception, these records contain no information about Plaintiff, her actions, or the alleged actions of anyone on the premises during her stay there.

Furthermore, the probative value of these records is vastly outweighed by the risk of confusing the jury. Countless names are redacted throughout all three hundred forty-six (346) pages produced. *See* Exhibit G. This will confuse jurors and lead them to speculate regarding the full extent of the records, which has never been revealed. There are also numerous other redactions, including entire pages which may cause jurors to infer or make unreasonable assumptions as to what information is contained behind each redaction. In short, no information contained in these records or testimony by Mr. Getson regarding their contents can shed any light on the alleged actions of Plaintiff at the Roosevelt Inn or any of the Defendants during that time

4

Case ID: 170300712
Control No.: 21060427

period. Thus, because the records contain multiple levels of hearsay, incomplete information, and relate to a time period beyond that at issue in this case, the entirety of the records produced by the FBI should be precluded at Trial.

**B.**   **IF THE COURT DECLINES TO PRECLUDE THE FBI RECORDS IN THEIR ENTIRETY, THEN RECORDS BATES STAMPED FBI000207, FBI000211-FBI000212, FBI000214, FBI000222, FBI000228, and FBI000287 SHOULD BE PRECLUDED, INCLUDING ANY TESTIMONY REGARDING THEIR CONTENTS, AS THEY ARE IRRELEVANT, CONTAIN INADMISSIBLE HEARSAY STATEMENTS, AND ARE UNRELIABLE.**

If the Court declines to preclude the FBI records in their entirety, then the following records should nevertheless be precluded: FBI records Bates Stamped FBI000207; FBI000211-FBI000212; FBI000214; FBI000222; FBI000228; and FBI000287. Indeed, none of these records are from the time period during which Plaintiff alleges she was at the Roosevelt Inn. As set forth above, these records detail interactions, interviews, and other undercover operations that occurred after Plaintiff left the Roosevelt Inn. However, these records are also inadmissible because they are further irrelevant, contain inadmissible hearsay statements, and are unreliable.

**1.**   **FBI RECORDS BATES STAMPED FBI000207; FBI000211-FBI000212; FBI000214; FBI000222; FBI000228; FBI000287 SHOULD BE PRECLUDED BECAUSE THEY CONTAIN INADMISSIBLE HEARSAY STATEMENTS AND ARE UNRELIABLE.**

FBI records Bates Stamped FBI000207; FBI000211-FBI000212; FBI000222; FBI000228; and FBI000287 contain statements and interactions from undercover operations; interviews with informants; etc. The reports are not in the form of sworn testimony; they are merely notes taken by undercover agent(s), who are also not identified. Further, the interviewees, informants, and targets of the investigation are not identified. In fact, all identifying information has been redacted from the reports. For instance, in FBI000287, an unidentified female allegedly told the undercover FBI agent that "she was aware that the security personnel who worked at the Roosevelt Inn knew

5

Case ID: 170300712
Control No.: 21060427

what was going on and would help pimps and prostitutes avoid contact with the Police and trouble with unruly customers." *See* Exhibit G. There is no way to test the credibility of the source of this information, or to cross-examine her in any way. This is an incendiary statement with no context or information to support the statement made. In FBI000214, the interviewee claims that "[t]he security guard that worked there prior to being fired called and told [REDACTED] hat[sic] the 'Feds' asked him who [REDACTED] was." *See* Exhibit G. Not only is all identifying information redacted to the point that the sentence is almost non-sensical, but it also includes *multiple* levels of hearsay.

These records are rife with hearsay statements, and no exceptions apply. Hearsay is an assertion by an out-of-court declarant to prove the truth of the matter asserted. *See Carney v. PA R. Co.*, 240 A.2d 71, 73 (Pa. 1968). The proponent of a hearsay statement statement must show that it fits within an exception. Otherwise, it is inadmissible. *Id.*; *see also* Pa.R.E. 802. In *Carney*, the Pennsylvania Supreme Court ruled that a statement from an <u>unidentified bystander</u>, referenced by a police officer at trial, was a hearsay declaration that should not have been admitted into evidence. *Carney* 240 A.2d at 75. The Court indicated that the party seeking the admission of such evidence would require "persuasively and convincingly demonstrating by the use of other corroborating evidence that the declarant actually viewed the event of which he speaks." *Id.*

It is well established that records which lack trustworthiness, like the records at issue herein, should be excluded. A record may be excluded under circumstances where the trial court has reason to question its trustworthiness. *Birt v. Firstenergy Corp.*, 891 A.2d 1281, 1291 (Pa. Super. 2006). *See also* Pa.R.Evid. 803(6) (stating that a business record is a hearsay exception "unless the sources or information or other circumstances indicate lack of trustworthiness."); 42 Pa.C.S.A. § 6108(b) (providing a business record is competent evidence "if, in the opinion of the

6

Case ID: 170300712
Control No.: 21060427

tribunal, the sources of information, method and time of preparation were such as to justify its admission."). Here, the information the opposing parties will seek to introduce comes from individuals who are the subjects of an undercover FBI operation; the individuals providing the information on the supposed security guards are pimps, drug dealers, and prostitutes. The information they provided is clearly suspect and unreliable.

Here, Plaintiff will seek to offer these documents to prove that the alleged security guards referenced in these reports are in fact an Alpha-Centurion security guards, despite the complete lack of evidence to support that. Moreover, there is evidence in this case that the Roosevelt Inn Defendants retained another security company during the time period in question. Similar to *Carney*, FBI records Bates Stamped FBI000207; FBI000211-FBI000212; FBI000222; FBI000228; and FBI000287 include statements made by <u>unidentified individuals</u> that cannot be corroborated. Given the sources of the information and the vague description provided in these reports, Plaintiff should not be allowed to enter these reports into evidence for the truth of the matter asserted. Further, counsel for Alpha-Centurion will not have the opportunity to cross-examine the <u>unidentified individuals</u> who allegedly suggested security guards took various actions. Allowing these reports into evidence would cause severe prejudice to Moving Defendant and mislead the jury into believing the alleged security guards in these reports were in fact Alpha-Centurion guards. There is no evidence the referenced guards were in fact security guards, let alone Alpha-Centurion security guards. Therefore, the contents of these FBI records are inadmissible hearsay and should be precluded from evidence.

Case ID: 170300712
Control No.: 21060427

## 2. FBI RECORDS BATES STAMPED FBI000207; FBI000211-FBI000212; FBI000214; FBI000222; FBI000228; AND FBI000287 SHOULD BE PRECLUDED BECAUSE THERE IS NO EVIDENCE THE REFERENCED SECURITY GUARD WAS EMPLOYED BY ALPHA-CENTURION.

In addition to the fact that these records constitute inadmissible hearsay, FBI records Bates Stamped FBI000207; FBI000211-FBI000212; FBI000214; FBI000222; FBI000228; and FBI000287 are inadmissible because they are even further unreliable. They contain vague references to a "security guard" or "security personnel." The supposed security guard(s) referenced in these records are not identified with any further detail, and there is no description such that the security guard could be identified. The records merely describe the guard(s) as:

- "[A] black male in a security guard uniform;"

- "A black/male wearing a security guard uninform with a badge on his chest;"

- "The security guard that worked there prior to being fired;"

- "[A] black male security guard" "wearing a sweater with a badge sewn into the sweater;"

- "Security Guard, [REDACTED] (Last Name Unknown (LNU);"

- Generic reference to "security personnel"

*See* Exhibit G at FBI000207; FBI000211-FBI000212; FBI000214; FBI000222; FBI000228; and FBI000287, respectively. It is virtually impossible to deduce who these supposed security guards are, let alone whether they worked for Alpha-Centurion. The individual security guards are not identified, nor is the company for whom they allegedly worked. There is no further identifying information provided and therefore it is unclear how the undercover FBI Agent(s) and/or informants determined these were security guards working at the Roosevelt Inn.

Plaintiff will assuredly offer these records for the purpose of trying to establish that the security guards referenced in these reports are Alpha-Centurion security guards, yet there is

8

absolutely no evidence of that. Given the vague descriptions provided in the reports, Plaintiff should not be allowed to enter these records into evidence.

In fact, one of the Roosevelt Inn desk clerks testified that a *different company*, Pearl Securities, provided security at the Roosevelt Inn during the time to which the FBI records relate. Kim Mueller was a front desk clerk at the Roosevelt Inn from June 2007 through August 2015. Deposition Transcript of Kim Mueller at Page 9, Lines 2 – 7, attached hereto as Exhibit H. She testified that from 2014 through 2015, a security company *other than* Alpha-Centurion provided security at the Roosevelt Inn:

> Q.    Did [the security guards] have guns?
>
> A.    No. Oh, the one was from Pearl, Pearl Securities. He was hired to sit there in the lobby.
>
> Q.    So there was a security guard from Pearl Securities –
>
> A.    Yes.
>
> Q.    -- who was hired to sit in the lobby?
>
> A.    Yes.
>
> Q.    When was that?
>
> A.    That was about six months before I left or maybe a year before I left, and that was -- he wasn't there for too long, maybe about six months.
>
> **Q.    So someone from Pearl Security worked in roughly 2014 through 2015, a six-month period?**
>
> **A.    Right.**
>
> *****
>
> Q.    Would you see him then during your Saturday shift and when you picked up other peoples' shifts?
>
> A.    Well, he wasn't there on Saturday. He was there only on Friday and Saturday between 10:30 or 10:00 at night and 6:00 in the morning.

9

Case ID: 170300712
Control No.: 21060427

Q.      Okay. So how do you know he was there if you didn't work
        those hours?

A.      Well, as I said, I did fill in for the weekend crew.

**Q.      Okay. The gentleman from Pearl, you said he had a
        gun?**

**A.      Yes.**

Exhibit H, Deposition Transcript of Kim Mueller at Page 110, Lines 7 – 21; Page 112, Lines 5 -

17. Emphasis added. Alpha-Centurion never provided armed security guards at the Roosevelt

Inn. Accordingly, there is evidence that the guard(s) referenced in these records could be from a

company other than Alpha-Centurion. It is sheer speculation that the guard(s) referenced in FBI

records Bates Stamped FBI000207; FBI000211-FBI000212; FBI000222; FBI000228; and

FBI000287 were from Alpha-Centurion. Permitting Plaintiff to introduce evidence based upon

this speculation is improper, and should be precluded.

3.  **FBI RECORDS BATES STAMPED FBI000222; FBI000228; AND
    FBI000287 SHOULD BE PRECLUDED BECAUSE THEY ARE
    UNRELIABLE; THEY CONCERN EVENTS THAT OCCURRED IN
    2015, AFTER ALPHA-CENTURION SECURITY, INC. CEASED
    OPERATIONS.**

FBI records Bates Stamped FBI000222; FBI000228; and FBI000287 should be precluded

because they contain information obtained in 2015, after Alpha-Centurion ceased operations at the

Roosevelt Inn. In fact, another entity took over security operations as of January 1, 2015. Patrick

Panetta, Director of Operations for Alpha-Centurion Security, Inc. testified that Alpha-Centurion

ceased operations in 2014:

Q.      I understand that at some point in 2014 Alpha-Centurion
        closed its doors, correct?

A.      Yes, ma'am.

Case ID: 170300712
Control No.: 21060427

Q. Shut down its operations, correct?

A. Yes, ma'am.

*See* Panetta Deposition Transcript, attached hereto as Exhibit I, at 114:11-15; *see also Id.* at 10:7-16. Alpha Century Security, Inc. opened on January 1, 2015. *Id.* at 10:19-21. Thus, even if the alleged security guard was in fact a security guard, he could not have been an Alpha-Centurion security guard given the timing of these reports.[2] Therefore, FBI record Bates Stamped FBI000222; FBI000228; and FBI000287 should be precluded at Trial.

## V. **REQUESTED RELIEF**

For the foregoing reasons, Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court grant its Motion *in Limine*, thereby precluding any evidence, testimony, and/or argument as to the records produced by the FBI at the time of Trial.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 2, 2021

---

[2] Moving Defendant is filing a separate Motion *in Limine* regarding Alpha Century Security, Inc.

11

Case ID: 170300712
Control No.: 21060427

# CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Motion in Limine of Defendant Alpha-Centurion Security, Inc. was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 2, 2021

# EXHIBIT "A"
## *CONFIDENTIAL*

Case ID: 170300712
Control No.: 21060427

# EXHIBIT "B"
## *CONFIDENTIAL*

Case ID: 170300712
Control No.: 21060427

# EXHIBIT "C"

Case ID: 170300712
Control No.: 21060427

BY: THOMAS R. KLINE, ESQUIRE/28895
NADEEM A. BEZAR, ESQUIRE/63577
EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000



Filed and Attested by the
Office of Judicial Records
03 AUG 2017 04:29 pm
K. EDWARDS

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| Defendants | : | |

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
## PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

KLINE & SPECTER, P.C.

BY: _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiffs

Date: 8/3/17

Case ID: 170300712

Case ID: 170300712
Control No.: 21060427

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiffs, do hereby certify that a true and correct

copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following

counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Date: 8/3/17

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiffs

Case ID: 170300712

Case ID: 170300712
Control No.: 21060427

**KLINE & SPECTER, P.C.**          Attorneys for Plaintiffs
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B., minor by her Guardian, | : | PHILADELPHIA COUNTY |
| WILLIAM A. CALANDRA, ESQUIRE | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| V. | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | NO.: 00712 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| d/b/a ROOSEVELT MOTOR INN | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and | : | |
| YAGNA PATEL | : | |
| Defendants | : | |

## NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiffs intend to serve subpoenas identical to the ones attached to this notice. You have

twenty (20) days from the date listed below in which to file of record and serve upon the

undersigned any objection to the Subpoenas. If no objection is made, the Subpoenas may be

served.

- Philadelphia Police Department, 2nd District
- U.S. Attorney's Office, Eastern District of Pennsylvania

**KLINE & SPECTER, P.C.**

BY: _____

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiffs

Date: 7/7/17

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiffs, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Date: 2/7/17

_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiffs



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No. _____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _U.S. ATTORNEY, EASTERN DISTRICT OF PENNSYLVANIA_
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A", attached.

at: _KLINE & SPECTER, P.C. 1525 Locust Street   PHILADELPHIA PA 19102_
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: July 07, 2017

Name:   Marks, Emily B

Address:   KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102

Telephone:   215 772-1000

Supreme Court ID#: 204405

Attorney for:   PLAINTIFF

Subp.#126079048-2

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

Case ID: 170300712
Case ID: 170300712
Control No.: 21060427



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL     :     Court of Common Pleas
                                       :
                                       :     _____ March _____ Term, __17__
                                       :
                                       :     No. ___00712_____

TO: _U.S. ATTORNEY, EASTERN DISTRICT OF PENNSYLVANIA_____  _____
                    *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                    *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                              *(Date of Subpoena)*

Date: _____          _____
                                     *(Signature of Person Served with Subpoena)*

Case ID: 170300712
Case ID: 170300712
Control No.: 21060427

**ADDENDUM "A"**

**TO:**

**U.S. ATTORNEY, EASTERN DISTRICT OF PENNSYLVANIA**
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
**Attn: Custodian of Records**

**Re:** **Daiquan Davis;** <u>USA v. Davis</u>, E.D.Pa. **Docket # 2:15-cr-00327**

  You are to provide your complete file regarding **Daiquan Davis**, Defendant in <u>U.S.A. v. Davis</u>, Docket No. 2:15-cr-00327, E.D. Pa., including any and all guilty pleas, dockets, arrest reports, witness statements, handwritten notes, typed reports, Affidavits of Probable Cause, information filed, prior criminal records relating to Daiquan Davis, recorded interviews, transcribed statements, depositions and/or other sworn testimony, trial transcripts, photographs, discovery exchanged, pre-trial memoranda, and any other documents in your file relating to the above-referenced docket number.

# EXHIBIT "D"

Case ID: 170300712
Control No.: 21060427



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No._____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _U.S. Attorney for Eastern District of Pennsylvania_____
*(Name of Person or Entity)*

    Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached addendum regarding case captioned, U.S. v. Daiquan Davis.

at: _2000 Market Street Suite 2300  Philadelphia PA 19103_____
*(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: July 27, 2018

Name: Stanko, Robert W.
Address: 2000 Market Street
23rd Floor
Philadelphia, PA 19103

Telephone: 215 575-2807
Supreme Court ID#: 208830
Attorney for: Defendant

Supp.#132190551-1

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

BY THE COURT:
Eric Feder
Deputy Court Administrator
Director, Office of Judicial Records

Case ID: 170300712
Control No.: 21060427

# ADDENDUM TO SUBPOENA DIRECTED TO
## OFFICE OF U.S. ATTORNEY FOR THE EASTERN DISTRICT OF PENNSYLVANIA

The complete file, stored electronically or otherwise, regarding U.S. v. Daiquan Davis, Docket No. 2:15-cr-00327, E.D.Pa., including, but not limited to, the following:

1. Indictments

2. Hearing Transcripts

3. Deposition Transcripts

4. Statements

5. Trial Memoranda

6. Guilty Pleas

7. Sentencing Materials

8. Interview Transcripts

9. Interview Summaries

10. Investigative Reports

11. Charging Documents

12. Affidavits Of Probable Cause

13. Arrest Reports

14. Discovery Exchanged

15. Evidence Inventory List

16. Photographs

17. Recorded Interviews

18. Sworn Statements

19. Handwritten Notes

20. Transcribed Notes

21. All Sworn Testimony Including But Not Limited To Grand Jury Testimony

Case ID: 170300712
Control No.: 21060427



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March _____ Term, _17_

No._____ 00712 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _U.S. Attorney for Eastern District of Pennsylvania_
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See attached addendum regarding case captioned, U.S. v. Abdul Lopez.

at: _2000 Market Street Suite 2300  Philadelphia PA 19103_____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name: Stanko, Robert W.

Date: July 27, 2018          Address:       2000 Market Street
                                            23rd Floor
                                            Philadelphia, PA 19103

Telephone:     215 575-2807

Supreme Court ID#: 208830

Attorney for:    Defendant

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

Case ID: 170300712
Control No.: 21060427

# ADDENDUM TO SUBPOENA DIRECTED TO
## OFFICE OF U.S. ATTORNEY FOR THE EASTERN DISTRICT OF PENNSYLVANIA

The complete file, stored electronically or otherwise, regarding U.S. v. Abdul Lopez, Docket No. 2:16-cr-00394, E.D. Pa., including, but not limited to, the following:

1. Indictments

2. Hearing Transcripts

3. Deposition Transcripts

4. Statements

5. Trial Memoranda

6. Guilty Pleas

7. Sentencing Materials

8. Interview Transcripts

9. Interview Summaries

10. Investigative Reports

11. Charging Documents

12. Affidavits Of Probable Cause

13. Arrest Reports

14. Discovery Exchanged

15. Evidence Inventory List

16. Photographs

17. Recorded Interviews

18. Sworn Statements

19. Handwritten Notes

20. Transcribed Notes

21. All Sworn Testimony Including But Not Limited To Grand Jury Testimony

Case ID: 170300712
Control No.: 21060427

# EXHIBIT "E"

Case ID: 170300712
Control No.: 21060427

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000



*Attorneys for Plaintiff* Filed and Attested by the
Office of Judicial Records
15 MAR 2019 10:39 am
E. HAURIN

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
### PURSUANT TO RULE 4009.21

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22, the undersigned certifies the following:

(1) a notice of intent to serve the subpoenas with a copy of the subpoenas attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoenas are sought to be served,

(2) a copy of the notices of intent, including the proposed subpoenas, is attached to this certificate,

(3) no objection to the subpoenas has been received, and

(4) the subpoenas which will be served are identical to the subpoenas which are attached to the notice of intent to serve the subpoenas.

**KLINE & SPECTER, P.C.**

BY:   */s/Emily B. Marks*
        _____
        EMILY B. MARKS, ESQUIRE
Date:   __3/15/19__        Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, attorney for Plaintiff, do hereby certify that a true and correct copy of a Certificate Prerequisite to Service of a Subpoena was served upon the following counsel of record via electronic filing on the below date:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks, Esquire*

Date:  3/15/19

EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

**KLINE & SPECTER, P.C.**　　　　　　　　　*Attorneys for Plaintiff*
BY:　　THOMAS R. KLINE, ESQUIRE/28895
　　　　NADEEM A. BEZAR, ESQUIRE/63577
　　　　EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |
| | : | |

### NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

　　　　Plaintiffs intend to serve a subpoena identical to the one attached to this notice. You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned any objection to the Subpoena. If no objection is made, the Subpoena may be served.

- Federal Bureau of Investigation – Philadelphia

**KLINE & SPECTER, P.C.**

BY: _____
　　　　EMILY B. MARKS, ESQUIRE
　　　　*Attorney for Plaintiff*

Date: __2/22/19__

Case ID: 170300712
Case ID: 170300712
Control No.: 21060427

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, Attorney for Plaintiff, do hereby certify that a true and correct copy of Notice of Intent to Serve a Subpoena was served upon the following counsel of record via First Class Mail on the date below:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

Date: ___2/22/19___          _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

B. ETAL VS ROOSEVELT INN LLC ETAL

_____ March ___ Term, _17_

No. ___00712___

**Subpoena to Produce Documents or Things
for Discovery Pursuant to Rule 4009.22**

TO: _Federal Bureau of Investigation – Philadelphia_____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Addendum "A"

at: _Kline & Specter, P.C. 1525 Locust Street   Philadelphia PA 19102_____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: February 22, 2019

Name: Emily B. Marks, Esquire

Address: Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102



Telephone: 215 772-0524

Supreme Court ID#: 204405

Attorney for: Plaintiff

Subp.#136290631-1

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-4251 or
Email: eCommCertSupport@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator
Director, Office of Judicial Records**

Case ID: 170300712
Case ID: 170300712
Control No.: 21060427



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

B. ETAL VS ROOSEVELT INN LLC ETAL    :    Court of Common Pleas
:
: _____ March _____ Term, _17_
:
: No. ____00712_____

TO: _Federal Bureau of Investigation - Philadelphia_____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

*Do not send the documents or things,*
*or the Certificate of Compliance,*
*to the Office of Judicial Records.*

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                         *(Date of Subpoena)*

Date: _____           _____
                                            *(Signature of Person Served with Subpoena)*

Case ID: 170300712
Control No.: 21060427

**ADDENDUM "A"**

**TO CUSTODIAN OF RECORDS FOR:**

**Federal Bureau of Investigation – Philadelphia**
**William J. Green, Jr. Building**
**600 Arch Street, 8ᵗʰ Floor**
**Philadelphia, PA 19106**
**C/O Lauren DeBruicker, Assistant United States Attorney**

**RECORDS PERTAIN TO: Roosevelt Inn, 7600 Roosevelt Blvd., Philadelphia, PA;**
<u>**U.S. v. Davis,**</u> **Docket No. 2:15-cr-00327 (E.D. Pa. 2015);**
<u>**U.S. v. Lopez,**</u> **Docket No 2:16-cr-00394, (E.D. Pa. 2016)**

Within twenty (20) days after the service of this subpoena, you are to produce any and all non-grand jury material related to all investigations of human trafficking that occurred at the Roosevelt Inn located at 7600 Roosevelt Boulevard, Philadelphia, Pennsylvania from 2012 through 2017. This request includes, but is not limited to, records pertaining to the matters of <u>U.S. v. Davis,</u> Docket No. 2:15-cr-00327 (E.D. Pa. 2015) and <u>U.S. v. Lopez,</u> Docket No 2:16-cr-00394, (E.D. Pa. 2016). This request includes the identification of the federal agent(s) assigned to these investigations.

# EXHIBIT "F"

Case ID: 170300712
Control No.: 21060427

**KLINE & SPECTER** PC

ATTORNEYS AT LAW

1525 LOCUST STREET

PHILADELPHIA, PENNSYLVANIA 19102

WWW.KLINESPECTER.COM

EMILY B. MARKS

EMILY.MARKS@KLINESPECTER.COM

215-772-0524

FAX: 215-772-1005

March 19, 2021

***Via Electronic Mail***

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Charles Marion, Esquire
Blank Rome, LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

> Re:   **M.B. v. Roosevelt Inn LLC,** *et al.*
>        **Philadelphia CCP, March Term 2017, No.: 00712**

Dear Counsel,

Enclosed please find the document production received from the Federal Bureau of Investigations and United States Attorney's Office for the Eastern District of Pennsylvania Bates Stamped as (FBI000001-000338). Please allow this production to supplement Plaintiff's previous document productions.

Thank you.

Very truly yours,

EMILY B. MARKS

EBM/cl
Enc.

Case ID: 170300712
Control No.: 21060427

# EXHIBIT "G"
## *CONFIDENTIAL*

Case ID: 170300712
Control No.: 21060427

# EXHIBIT "H"

Case ID: 170300712
Control No.: 21060427

# In The Matter Of:

*M.B., minor by her Guardian, William A. Calandra, Esq. vs.*
*Roosevelt Inn LLC, et al*

---

*Patrick Panetta*
*August 15, 2018*

---

*B&R Services for Professionals, Inc.*
*235 South 13th Street*
*Philadelphia, PA 19107*
*(215) 546-7400*
*cr@brservices.com*

Original File 081518p2.txt

Min-U-Script® with Word Index

Case ID: 170300712
Control No.: 21060427

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

— — —

M.B., minor by      :   MARCH TERM, 2017
Her Guardian, WILLIAM A. :
CALANDRA, ESQUIRE    :   NO. 00712
                   :
vs.                 :
                   :
ROOSEVELT INN LLC d/b/a :
ROOSEVELT INN and     :
ROOSEVELT INN CAFE, et al:

— — —

Oral deposition of PATRICK PANETTA,
taken pursuant to notice, in the Law Offices of
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, 2000
Market Street, Philadelphia, Pennsylvania, on
Wednesday, August 15, 2018, commencing at or about
10:15 a.m., before Patricia A. Lipski, RPR, CCR,
New Jersey, Notary Public.

— — —

B & R SERVICES FOR PROFESSIONALS, INC.
235 SOUTH 13th STREET
PHILADELPHIA, PENNSYLVANIA 19107
(215) 546-7400

B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060427

1    I found any documents.  There was known to be

2    found.

3            I now checked any other documents that

4    came in boxes that were in the basement involving

5    Centurion, and the only thing I came up with is

6    what I presented to the attorneys.

7    Q.   I'm going to ask you to explain, I understand

8    that Alpha-Centurion has since closed its doors and

9    is no longer operating and there's a new company

10   involved, and I'm going to ask you to explain that,

11   but first can you tell me where you're currently

12   employed?

13   A.   Alpha-Century Security, Incorporated, located

14   at 3720 West Chester Pike, Newtown Square, Pa.,

15   19073.

16   Q.   What is your current job position with

17   Alpha-Century?

18   A.   I'm the president of the corporation.

19   Q.   How long have you been the president of

20   Alpha-Century?

21   A.   January 1, 2015.

22   Q.   Can you tell me any other officers of

23   Alpha-Century?

24   A.   There's none.  I own one hundred percent of

             B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060427

1   the stock.

2   Q.    How many employees does Alpha-Century have?

3   A.    It varies depending on the time of year, the

4   clients we have.  Roughly right now about 85

5   employees at this time right now, about 85

6   employees.

7   Q.    Prior to Alpha-Century, where were you

8   employed?

9   A.    Alpha-Centurion Security.

10  Q.    How long were you employed by Alpha-Centurion?

11  A.    Since the incorporation of 1999 until the year

12  2014.  Two years from 2011 to 2013 I was not

13  employed by them.

14  Q.    Would it be fair to say that Alpha-Centurion

15  came into existence in 1999?

16  A.    Yes, ma'am.

17  Q.    And what was your involvement with

18  Alpha-Centurion in 1999?

19  A.    I was director of operations.

20  Q.    How long were you director of operations for

21  Alpha-Centurion?

22  A.    Until 2011, and then when I came back in 2013

23  to the end.

24  Q.    What did you do as director of operations at

               B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060427

1   Alpha-Centurion from 1999 to 2011?

2   A.   I was in charge of hiring people, terminating

3   people, performing schedulings, interviews,

4   uniforms, car maintenance, and I would say that's

5   it.

6   Q.   Who did you report to?

7   A.   I reported to Mrs. Joanna Small.

8   Q.   And what was Miss Small's position with

9   Alpha-Centurion?

10  A.   She was the president of the company.

11  Q.   Did Miss Small hire you?

12  A.   Yes.

13  Q.   Where was Alpha-Centurion located when you

14  were the director of operations?

15  A.   We started in a one-room office at 8400 West

16  Chester Pike in Upper Darby, then we moved to a

17  two-room office at 1996 West Chester Pike in

18  Havertown, then they moved to a seven-room office

19  at 9138 West Chester Pike in Upper Darby.

20        MR. WAGNER:  Did you say seven room?

21        THE WITNESS:  Seven room.  Then after

22     two years there they moved to the big

23     building at 200 West Chester Pike in

24     Havertown, which had like nine rooms

              B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060427

```
 1          upstairs, a file room in the basement, and
 2          enough to park like eleven cars, and they
 3          were there from 2000 until 2014, same place.
 4   BY MS. MARKS:
 5   Q.    Why did you stop working as the director of
 6   operations in 2011?
 7   A.    I had a personal relationship with Miss Small
 8   that was going through a problem and we separated.
 9   Q.    How long had you been involved in a personal
10   relationship with Miss Small?
11   A.    1995.
12   Q.    1995 until 2011?
13   A.    Yes.
14   Q.    What did you do after you left Alpha-Centurion
15   as the director of operations?
16   A.    I was working in a company called Lost
17   Treasures.  It was like secondhand stores.   There
18   was like four stores.
19               MR. WAGNER:  Off the record.
20                    — — —
21          (Whereupon a discussion was held off the
22          record.)
23                    — — —
24   BY MS. MARKS:
             B & R Services for Professionals, Inc.
```

Case ID: 170300712
Control No.: 21060427

1    Q.    Can you tell me about how you came to return

2    to Alpha-Centurion in 2013?

3    A.    Sure.  After we resolved our differences, made

4    up, and came back home.

5    Q.    When you returned to Alpha-Centurion in 2013,

6    was your job position as director of operations

7    again?

8    A.    Yes, ma'am.

9    Q.    Was Miss Small still the president in 2013?

10   A.    Yes, ma'am.

11   Q.    I understand that at some point in 2014

12   Alpha-Centurion closed its doors, correct?

13   A.    Yes, ma'am.

14   Q.    Shut down its operations, correct?

15   A.    Yes, ma'am.

16   Q.    Can you tell me about how -- what the

17   transition was or how Alpha-Century came into

18   existence?

19   A.    Yes, ma'am.  Mrs. Small has cancer, and she's

20   going go through treatment and so forth.  She's

21   like a year cancer free.  The trauma of running a

22   business in her condition was too much, so she

23   decided to close.

24              I contacted counsel, and because she was

                B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060427

1   a private detective, and she was a woman-owned

2   business we felt monetarily it would be easier to

3   get my own license, start my own business, and

4   solicit some clients to start. And that's what I

5   did.

6   Q.   Did you have -- was there an agreement to

7   purchase Alpha-Centurion?

8   A.   No, ma'am.

9   Q.   Did Miss Small have any -- is she employed or

10   does she have any position with Alpha-Century?

11   A.   No, she's unemployed and she's on, I think

12   social security.

13   Q.   When you started the Alpha-Century business,

14   did you move into a different office building than

15   where Alpha-Centurion had been located?

16   A.   Yes, ma'am.

17   Q.   Was there any down time between the operation

18   of Alpha-Centurion and Alpha-Century?

19   A.   No, ma'am.

20   Q.   When you began Alpha-Centurion did you have to

21   hire new employees?

22   A.   No, ma'am.

23   Q.   I'm sorry. I think I messed that question up.

24          When you started Alpha-Century, did you

            B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060427

1  have to hire new employees?

2  A.   No, ma'am.

3  Q.   How did you get your employees for your

4  company Alpha-Century?

5  A.   When the decision was made to close down, I

6  went out looking for a building in October of 2014.

7  Once I secured the building, then the complete

8  staff of headquarters when we closed -- when Mrs.

9  Small closed down in December, they just came with

10 me over to Alpha-Century.

11 Q.   Mr. Panetta, I'm going to ask you some

12 questions regarding your education.

13 A.   Yes, ma'am.

14 Q.   Can you tell me about your educational

15 background?

16 A.   I'm a high school graduate.

17 Q.   When did you graduate from high school?

18 A.   1969.

19 Q.   Where did you graduate from?

20 A.   Utrech High School, Brooklyn, New York.

21 Q.   Can you spell that?

22 A.   It's been a while.  U-T-R-E-C-H, New Utrech.

23 Q.   Any further education?

24 A.   No, ma'am, just in the Marine Corps.

B & R Services for Professionals, Inc.

Case ID: 170300712
Control No.: 21060427

# EXHIBIT "I"

Case ID: 170300712
Control No.: 21060427

## In The Matter Of:

*M.B., minor by her Guardian, William A. Calandra, Esq. vs. Roosevelt Inn LLC, et al*

---

*Kimberly Mueller*
*September 19, 2019*

---

*B&R Services for Professionals, Inc.*
*235 South 13th Street*
*Philadelphia, PA 19107*
*(215) 546-7400*
*cr@brservices.com*

Case ID: 170300712
Control No.: 21060427

1              IN THE COURT OF COMMON PLEAS
                  OF PHILADELPHIA COUNTY
2

3   M.B., a minor,            :
    By her Guardian           :
4   WILLIAM A. CALANDRA,      :   MARCH TERM, 2017
    ESQUIRE                   :
5                             :
    -vs.-                     :   NO.: 00712
6                             :
    ROOSEVELT INN, LLC        :
7   d/b/a ROOSEVELT INN and   :   JURY TRIAL DEMANDED
    ROOSEVELT INN CAFE, et/al :
8

9

10                   -   -   -

11              September 19, 2019

12                   -   -   -

13

14

15              Videotape deposition of KIMBERLY
    MUELLER, held in the Law Offices of Kline & Specter,
16  P.C., 1525 Locust Street, Philadelphia,
    Pennsylvania, commencing at 12:17 p.m., on the above
17  date, before Colleen Gallagher, a Court Reporter and
    Notary Public of the Commonwealth of Pennsylvania.
18

19

20

21

22                   -   -   -
              B&R SERVICES FOR PROFESSIONALS, INC.
23                 235 SOUTH 13th Street
              Philadelphia, Pennsylvania 19107
24                    (215) 546-7400

Case ID: 170300712
Control No.: 21060427

1        A       Yes, I did.

2        Q       Do you remember the years or dates that

3    you worked at the Roosevelt Inn?

4        A       Yes.  I started in June, and that was the

5    year of 2007.  And then I ended my stay as an

6    employee there at the Roosevelt Inn in August of

7    2015.

8        Q       Do you remember just generally working at

9    the Roosevelt Inn?

10       A       Do I remember generally?

11       Q       Yes.

12       A       Yes, I do remember.

13       Q       Prior to today's deposition and maybe in

14   preparation for today's deposition, did you review

15   any records regarding the M.B. verse Roosevelt Inn

16   case?

17       A       I've spoken to their lawyer, Jim Quinlan.

18       Q       Okay.  Have you spoken to anyone else

19   besides Mr. Quinlan about this litigation?

20       A       No.

21       Q       Have you seen any paperwork or reviewed

22   any records regarding this litigation?

23       A       Not without Mr. Quinlan, no.

24       Q       What -- and I don't want you to tell me

Case ID: 170300712
Control No.: 21060427

```
1       Q     Did they wear uniforms?

2       A     Yes.

3       Q     Did they have --

4       A     Always.

5       Q     Say it again, please.

6       A     Always.

7       Q     Did they have guns?

8       A     No.  Oh, the one was from Pearl, Pearl

9  Securities.  He was hired to sit there in the lobby.

10      Q     So there was a security guard from Pearl

11 Securities --

12      A     Yes.

13      Q     -- who was hired to sit in the lobby?

14      A     Yes.

15      Q     When was that?

16      A     That was about six months before I left or

17 maybe a year before I left, and that was -- he

18 wasn't there for too long, maybe about six months.

19      Q     So someone from Pearl Security worked in

20 roughly 2014 through 2015, a six-month period?

21      A     Right.

22      Q     And wasn't there for too long, and did he

23 leave before you left?

24      A     He was there for his full shift, but as
```

Case ID: 170300712
Control No.: 21060427

1   or a woman?

2       A    It was a man.

3       Q    How often was he there?

4       A    He was there every weekend.

5       Q    Would you see him then during your

6   Saturday shift and when you picked up other peoples'

7   shifts?

8       A    Well, he wasn't there on Saturday.  He was

9   there only on Friday and Saturday between 10:30 or

10  10:00 at night and 6:00 in the morning.

11      Q    Okay.  So how do you know he was there if

12  you didn't work those hours?

13      A    Well, as I said, I did fill in for the

14  weekend crew.

15      Q    Okay.  The gentleman from Pearl, you said

16  he had a gun?

17      A    Yes.

18      Q    Did he have a taser as well?

19      A    I don't know.

20      Q    Did he have a nightstick?

21      A    I don't know that either.

22      Q    Did he have a uniform that said Pearl?

23      A    He had a uniform on and it was a very nice

24  one, but I don't know whether it said Pearl.

Case ID: 170300712
Control No.: 21060427