# EXHIBIT 12

# Docket Report

**Case Description**

| | |
|---|---|
| **Case ID:** | 170300712 |
| **Case Caption:** | B. ETAL VS ROOSEVELT INN LLC ETAL |
| **Filing Date:** | Friday , March 10th, 2017 |
| **Location:** | CH - City Hall |
| **Case Type:** | 2O - PERSONAL INJURY - OTHER |
| **Status:** | CLDBR - DEFERRED - BANKRUPTCY |

| | | | |
|---|---|---|---|
| 02-JUN-2021 06:54 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 03-JUN-2021 09:15 AM |

**Documents:** Exhibit - MIL to preclude opinions to MB parents.pdf
REDACTED Pltf MIL to preclude opinions on MBs parents criminal history, mental health, and parenting skills.pdf
UNREDACTED Pltf MIL to preclude opinions on MBs parents criminal history, mental health, and parenting skills.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 31-21060531 MOTION IN LIMINE (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| | | | |
|---|---|---|---|
| 02-JUN-2021 03:23 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 02-JUN-2021 03:26 PM |

**Documents:** Exhibit - Opinions regarding the Fourth Amendment and Privacy Rights.pdf
REDACTED Pltf MIL to Preclude Opinions regarding the Fourth Amendment and Privacy Rights.pdf
UNREDACTED Pltf MIL to Preclude Opinions regarding the Fourth Amendment and Privacy Rights.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 33-21060433 MOTION IN LIMINE (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| | | | |
|---|---|---|---|
| 02-JUN-2021 03:30 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 02-JUN-2021 03:31 PM |

**Documents:** Exhibit - MIL to preclude speculative opinions on liability from Defendants psychiatric expert Barbara Ziv.pdf
REDACTED Pltf MIL to preclude speculative opinions on liability from Defendants psychiatric expert Barbara Ziv.pdf
UNREDACTED Pltf MIL to preclude speculative opinions on liability from Defendants psychiatric expert Barbara Ziv.pdf
Motion CoverSheet Form
Confidential Document Form

| | | | |
|---|---|---|---|
| 02-JUN-2021 04:06 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 02-JUN-2021 04:09 PM |

**Documents:** Exhibit - Preclude Testimony, Argument, or Opinion of MB Consent.pdf
REDACTED Pltf MIL to Preclude Testimony, Argument, or Opinion of M.B.s Consent.pdf

UNREDACTED Pltf MIL to Preclude Testimony, Argument, or Opinion of M.B.s Consent.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 69-21060469 MOTION IN LIMINE (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| 02-JUN-2021 05:50 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 03-JUN-2021 09:01 AM |
| --- | --- | --- | --- |

**Documents:** REDACTED Pltf MIL to preclude testimony, argument, or opinion regarding unfounded reports.pdf
UNREDACTED Pltf MIL to preclude testimony, argument, or opinion regarding unfounded reports.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 23-21060523 MOTION IN LIMINE TO PRECLUDE TESTIMONY, ARGUMENT, OR OPINION REGARDING UNFOUNDED REPORTS OF MALTREATMENT (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| 02-JUN-2021 03:43 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 02-JUN-2021 03:48 PM |
| --- | --- | --- | --- |

**Documents:** Exhibit - Pltf MIL to preclude Ziv opinion Re Sexual Maturity and Intellectual Challenges.pdf
REDACTED Pltf MIL to preclude Ziv opinion Re Sexual Maturity and Intellectual Challenges.pdf
UNREDACTED Pltf MIL to preclude Ziv opinion Re Sexual Maturity and Intellectual Challenges.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 55-21060455 MOTION IN LIMINE (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| 02-JUN-2021 06:32 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 03-JUN-2021 09:11 AM |
| --- | --- | --- | --- |

**Documents:** Exhibit Preclude Testimony of David Webb.pdf
REDACTED Pltif MIL Preclude Testimony of David Webb.pdf
UNREDACTED Pltif MIL Preclude Testimony of David Webb.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 29-21060529 MOTION IN LIMINE (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| 03-JUN-2021 08:27 AM | MTLIM - MOTION IN LIMINE | EDDY, KEVIN M | 03-JUN-2021 09:18 AM |
| --- | --- | --- | --- |

**Documents:** Motion in Limine to Exclude Fenwick Statement.pdf
Exhibit to Motion in Limine to Exclude Fenwick Statement (confidential unredacted).pdf
Exhibit to Motion in Limine to Exclude Fenwick Statement (redacted).pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 33-21060533 MOTION IN LIMINE TO EXCLUDE FENWICK STATEMENT (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 03-JUN-2021<br>11:46 AM | MTMIS - MISCELLANEOUS<br>MOTION/PETITION | EDDY, KEVIN M | 03-JUN-2021<br>11:50 AM |

**Documents:** [Motion to Change Venue or in the Alternative Change Venire.pdf](#)
[Exhibits to Motion to Change Venue or Change Venire.pdf](#)
[Motion CoverSheet Form](#)

**Docket Entry:** 32-21060632 RESPONSE DATE 06/23/2021. MOTION FOR CHANGE OF VENUE OR IN THE ALTERNATIVE, CHANGE OF VENIRE (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 03-JUN-2021<br>07:35 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 04-JUN-2021<br>09:22 AM |

**Documents:** [Pltf MIL to Preclude Investigative Material Social Media.pdf](#)
[Motion CoverSheet Form](#)

**Docket Entry:** 75-21060775 PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY, ARGUMENT, OR OPINION REGARDING IRRELEVANT AND UNDULY PREJUDICIAL INVESTIGATIVE MATERIALS OR SOCIAL MEDIA (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| 03-JUN-2021<br>01:00 PM | MTLIM - MOTION IN LIMINE | NOCHO, KYLE B | 03-JUN-2021<br>01:13 PM |

**Documents:** [Exhibit - Past Sexual History.pdf](#)
[REDACTED Pltf MIL to preclude MBs past sexual history.pdf](#)
[UNREDACTED Pltf MIL to preclude MBs past sexual history.pdf](#)
[Motion CoverSheet Form](#)
[Confidential Document Form](#)

**Docket Entry:** 56-21060656 MOTION IN LIMINE (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| 04-JUN-2021<br>05:09 PM | MTPRO - MOTION FOR PROTECTIVE<br>ORDER | BEZAR, NADEEM A | 07-JUN-2021<br>11:10 AM |

**Documents:** [Pltfs Motion for Protective Order re Davis Trial Deposition.pdf](#)
[Motion CoverSheet Form](#)

**Docket Entry:** 03-21061103 EMERGENCY (FILED ON BEHALF OF M. B.)

| 08-JUN-2021<br>08:19 AM | ORDER - ORDER ENTERED/236 NOTICE<br>GIVEN | COHEN, DENIS P | 08-JUN-2021<br>08:19 AM |

**Documents:** [ORDER_420.pdf](#)

**Docket Entry:** 03-21061103 UPON CONSIDERATION PLAINTIFF?S EMERGENCY MOTION FOR PROTECTIVE ORDER TO PROHIBIT THE JUNE 10, 2021 TRIAL DEPOSITION OF DAIQUAN DAVIS, IT IS HEREBY ORDERED AND DECREED THAT SAID MOTION IS DENIED. ... BY THE COURT: COHEN, J. 06/07/21

| 10-JUN-2021<br>10:33 AM | JOINM - JOINDER-MOTION/PETITION<br>FILED | WAGNER, THOMAS<br>P | 10-JUN-2021<br>10:37 AM |

**Documents:** [MB - Alpha Joinder to RI MIL re Plaintiff Expert Michelle Guelbart.PDF](#)
[Motion CoverSheet Form](#)

**Docket Entry:** 25-21060525 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 10-JUN-2021 10:35 AM | JOINM - JOINDER-MOTION/PETITION FILED | WAGNER, THOMAS P | 10-JUN-2021 10:37 AM |
|---|---|---|---|

**Documents:** MB - Alpha Joinder to RI MIL re Plaintiff Expert Richard Hudak.PDF
Motion CoverSheet Form

**Docket Entry:** 22-21060522 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 10-JUN-2021 10:42 AM | JOINM - JOINDER-MOTION/PETITION FILED | WAGNER, THOMAS P | 10-JUN-2021 10:53 AM |
|---|---|---|---|

**Documents:** MB - Alpha Joinder to RI MIL re Other Crimes.PDF
Motion CoverSheet Form

**Docket Entry:** 98-21060498 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 10-JUN-2021 11:19 AM | JOINM - JOINDER-MOTION/PETITION FILED | WAGNER, THOMAS P | 10-JUN-2021 11:24 AM |
|---|---|---|---|

**Documents:** MB - Alpha Joinder to RI MIL re Michael Staub.PDF
Motion CoverSheet Form

**Docket Entry:** 95-21060495 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 10-JUN-2021 11:21 AM | JOINM - JOINDER-MOTION/PETITION FILED | WAGNER, THOMAS P | 10-JUN-2021 11:24 AM |
|---|---|---|---|

**Documents:** MB - Alpha Joinder to RI MIL re Other Traffickers.PDF
Motion CoverSheet Form

**Docket Entry:** 91-21060491 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 10-JUN-2021 11:25 AM | JOINM - JOINDER-MOTION/PETITION FILED | WAGNER, THOMAS P | 10-JUN-2021 11:30 AM |
|---|---|---|---|

**Documents:** MB - Alpha Joinder to RI MIL re Incidents Before and After Time Period.PDF
Motion CoverSheet Form

**Docket Entry:** 93-21060493 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 10-JUN-2021 11:27 AM | JOINM - JOINDER-MOTION/PETITION FILED | WAGNER, THOMAS P | 10-JUN-2021 11:30 AM |
|---|---|---|---|

**Documents:** MB - Alpha Joinder to RI MIL re Other Victims.PDF
Motion CoverSheet Form

**Docket Entry:** 21-21060521 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 10-JUN-2021<br>11:31 AM | JOINM - JOINDER-MOTION/PETITION<br>FILED | WAGNER, THOMAS P | 10-JUN-2021<br>11:34 AM |
|---|---|---|---|

**Documents:** [MB - Alpha Joinder to RI MIL re Fenwick Statement.PDF](#)
[Motion CoverSheet Form](#)

**Docket Entry:** 33-21060533 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 10-JUN-2021<br>11:39 AM | JOINM - JOINDER-MOTION/PETITION<br>FILED | WAGNER, THOMAS P | 10-JUN-2021<br>11:47 AM |
|---|---|---|---|

**Documents:** [MB - Alpha Joinder to RI MIL re News Reports.PDF](#)
[Motion CoverSheet Form](#)

**Docket Entry:** 28-21060528 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 10-JUN-2021<br>11:41 AM | JOINM - JOINDER-MOTION/PETITION<br>FILED | WAGNER, THOMAS P | 10-JUN-2021<br>11:48 AM |
|---|---|---|---|

**Documents:** [MB - Alpha Joinder to RI MIL re FBI Materials.PDF](#)
[Motion CoverSheet Form](#)

**Docket Entry:** 32-21060532 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

FILED
02 JUN 2021 06:54 pm
Civil Administration
E. MEENAN

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude the Irrelevant and Unduly Prejudicial Opinions of Plaintiff M.B.'s Parents by Expert Witness Barbara Ziv, and any response in opposition thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Defendants are precluded from offering testimony or opinions regarding Plaintiff M.B.'s parents' criminal record history, mental health, and parenting skills or that M.B.'s parents were negligent or grossly negligent. Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the Court.

**BY THE COURT**

_____
                                            J.

Case ID: 170300712
Control No.: 21060531

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE IRRELEVANT AND UNDULY PREJUDICIAL OPINIONS OF PLAINTIFF M.B.'S PARENTS BY EXPERT WITNESS BARBARA ZIV

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable Court enter an Order to Preclude Defendants from discussing the details of Plaintiff M.B.'s parents' criminal record history, mental health, and parenting skills.  In support of this Motion, Plaintiff respectfully submits, and incorporates herein, the attached Memorandum of Law.

                              **KLINE & SPECTER, P.C.**

                              */s/Emily B. Marks*
          **BY:** _____
                              THOMAS R. KLINE, ESQUIRE
                              NADEEM A. BEZAR, ESQUIRE
                              EMILY B. MARKS, ESQUIRE
                              KYLE B. NOCHO, ESQUIRE
                              *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060531

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff
BY:     THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE
TO PRECLUDE THE IRRELEVANT AND UNDULY PREJUDICIAL OPINIONS OF
PLAINTIFF M.B.'S PARENTS BY EXPERT WITNESS BARBARA ZIV**

Plaintiff, by her counsel, Kline & Specter, P.C., respectfully submits this Memorandum

of Law in Support of her Motion in Limine to Preclude the Irrelevant and Unduly Prejudicial

Opinions of Plaintiff M.B.'s parents by Defendants' psychiatric expert witness Barbara Ziv.

**I.     PRELIMINARY STATEMENT**

It is anticipated that the Defendants will attempt to introduce opinions from their

psychiatric expert witness Dr. Barbara Ziv who discusses at length in her report irrelevant and

unduly prejudicial matters regarding Plaintiff M.B.'s parents, including their criminal record

history, mental health, and parenting skills.  Dr. Ziv's opinions and testimony regarding the

criminal history of M.B.'s parents and their mental health issues are not relevant and would

unfairly prejudice the jury against M.B.  Further, Dr. Ziv's opinions about the mental health of

M.B.'s parents lacks foundation, because Dr. Ziv has not evaluated M.B.'s parents or reviewed

any mental health treatment records for M.B.'s parents. Dr. Ziv also repeatedly refers to M.B.'s

parents as unconscionable, grossly negligent or negligent which is improper expert testimony

Case ID: 170300712
Control No.: 21060531

from a defense psychiatric expert.  Therefore, the Court should preclude these irrelevant and unduly prejudicial opinions of M.B.'s parents.

## II.    QUESTIONS PRESENTED

1.  Should this Honorable Court preclude Defendants from offering irrelevant and unduly prejudicial, unsupported opinions about the criminal record history, mental health, and parenting skills of Plaintiff M.B.'s parents?

> **SUGGESTED ANSWER:**  *Yes. These opinions and statements have no probative value and would only serve to prejudice the jury against M.B.  The opinions about the mental health of Plaintiff M.B.'s parents also lack proper foundation.*

## II.    BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants").  On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc. (hereinafter "Alpha"), as an additional defendant.

The Defendants have produced a report from their psychiatric expert witness Barbara Ziv, MD.  *See* Dr. Ziv's Expert Report, attached as Exhibit "A".  It is anticipated that the Defendants will attempt to introduce opinions and testimony from Dr. Ziv about Plaintiff M.B.'s parents, including her parents' criminal record history, mental health, and parenting skills.   This testimony has no probative value to the issues involved in this case would unfairly prejudice the jury against M.B.  Dr. Ziv's opinions about the mental health of M.B.'s parents lack foundation,

2

Case ID: 170300712
Control No.: 21060531

because Dr. Ziv has not evaluated M.B.'s parents or reviewed any mental health treatment records for M.B.'s parents. Therefore, the Court should preclude this testimony.

## III. DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING IRRELEVANT AND UNDULY PREJUDICIAL OPINIONS AND TESTIMONY REGARDING THE CRIMINAL RECORD HISTORY, MENTAL HEALTH, AND PARENTING SKILLS OF PLAINTIFF M.B.'S PARENTS

Dr. Ziv offers an extensive critique of the criminal history, mental health, and parenting skills of M.B.'s parents. She also labels M.B.'s parents as unconscionable, negligent and grossly negligent. Dr. Ziv provides a prelude to this improper testimony in her expert report. She details the criminal history of Plaintiff's mother K.M.B., which Dr. Ziv describes as reflective of K.M.B.'s "psychopathology":

- On December 19, 1993, [K.M.B.] was arrested in Delaware County and charged with terroristic threats, harassment/strike, shove, kick, etc., harassment commun/address lewd language, migrated statute, and driving under the influence of alcohol. She pled guilty to the last two charges and was sentenced to two days to 23 months confinement.
- On October 27, 1994, [K.M.B.] was arrested in Delaware County and charged with criminal mischief and criminal trespass-Enter Structure. She pled guilty to the second charge and was sentenced to a year of probation.
- On April 28, 1998, [K.M.B.] was arrested in Philadelphia and charged with two counts of forgery, theft by receiving stolen property, credit cards, theft by deception, and tow counts of securing exec documents by deception. She pled guilty to the credit card charge and was sentenced to two years' probation. Violation of probation was initiated on December 2003, November 4, 2005, and January 11, 2006. A delinquency notice was filed on May24, 2017, [K.M.B.] was 3738 days overdue and on July 10, 2017, her account was referred to a collection agency. She paid $1,487.94 and continues to owe $8,957.50.
- On October 24, 1998, [K.M.B.] was arrested in Philadelphia and charged with aggravated assault, aggravated assault- Conspiracy, carrying firearms without a license, carrying firearms/public street place, possessing instruments of crim, simple assault, and recklessly endangering another person. She pled guilty to aggravated assault, two counts of possessing instruments of crime, and criminal conspiracy. She was sentenced to 20 years probation.
- On August 25, 2003, [K.M.B.] was arrested in Philadelphia and charged with simple assault. She was found guilty and sentenced to 12 months' probation. A Bench Warrant was issued on June 8, 2004. On July 10, 2017, her case was referred to a collection agency.

Case ID: 170300712
Control No.: 21060531

- On December 20, 2006, [K.M.B.] was arrested in Luzerne County and charged with poss/safe/use display documents and driving while operator privileges suspended or revoked. She pled guilty to both and was sentenced to three-12 months confinement.

See Ex. A at page 10 – 11. This list includes several incidents that occurred before M.B. was even born.

Dr. Ziv also lists the criminal history of Plaintiff M.B.'s father R.B., which includes incidents that pre-date the incidents of sex trafficking at issue in this case or even involvement by the child welfare system in Plaintiff M.B.'s life:

- On October 24, 1998, [R.B.] was arrested on Philadelphia and charged with possessing instruments of crime, simple assault, and criminal conspiracy. He pled guilty to all charges and received a minimum of five years' probation.

  On this date, [R.B.] was also charged with aggravated assault, aggravated assault-Conspiracy, carrying firearms without a license, carrying firearms/public street place, possessing instruments of crim, simple assault, and recklessly endangering another person.
- On June 30, 2003, [R.B.] was arrested in Delaware County and charged with unlawful use of computer-destroy data, access device used to obtain or attempt to obtain property/service, and identity theft. He pled guilty to the first two charges and received a migrated disposition to the third.
- On January 28, 2012, [R.B.] was arrested in Luzerne County and charged with manufacture, delivery, or possession with intent to deliver, receiving stolen property, REAP, propulsion of missiles onto roadways, and possession of a controlled substance. He pled guilty to the first two charges and was sentenced to two to four years' confinement.
- On February 16, 2017, [R.B.] was arrested in Delaware County and charged with receiving stolen property, driving while operator privileges were suspended or revoked, operating a vehicle without required financial responsibility, driving an unregistered vehicle, and misuse of plat-card. He pled guilty to all charges except RSP and was sentenced to probation on August 21, 2017.

See Ex. A at page 11.

Similarly, Dr. Ziv discusses the mental health of M.B.'s mother K.M.B., asserting that K.M.B. "carried diagnoses of intermittent explosive disorder and obsessive-compulsive disorder." See Ex. A at page 37. Dr. Ziv also asserts that K.M.B.'s criminal history is reflective of her "psychopathology". See Ex. A at page 10. Dr. Ziv also generally opines on M.B.'s

Case ID: 170300712
Control No.: 21060531

mother K.M.B. and M.B.'s father R.B., writing: "…both have been described as having mental health difficulties." See Ex A at page 10. Dr. Ziv makes these opinions about the mental health status and diagnoses of M.B.'s mother and father without ever conducting a psychiatric evaluation of K.M.B. or having access to any of their mental health treatment records. She simply relies on K.M.B.'s criminal history and the notes of a DHS social worker who allegedly interviewed K.M.B., which is not a medical record completed by a mental health professional. See Ex. A at page 11.

Dr. Ziv's expert report is also littered throughout with editorializing from Dr. Ziv critiquing the parenting skills of M.B.'s parents:

- "For much of [M.B.'s] childhood, [K.M.B.] did not demonstrate even a pretense of meeting her child's needs." See Ex. A at page 16.

- "For a mother not to know that her 12-year-old daughter had not attended school for nearly six weeks is unconscionable and highlights the gross negligence of [K.M.B.]" See Ex. A at page 16.

- "[M.B.'s] unprotected sexual activity and drug use began when she was under the care of her mother, who apparently took no steps to intervene, to get her child help, to remove her from dangerous situations, or to provide even rudimentary supervision." See Ex. A at page 12.

- "That [M.B.'s] parents were complicit in [M.B.'s] absconding from her foster home is testimony to their disregard for their daughter's safety and well-being." See Ex. A at page 17.

- "Even more shocking is the fact that they neglected to get [M.B.] help even though this 14-year-old child came to her parents' residence 'crying and upset claiming that her 19-year-old boyfriend choked her.' It is difficult to imagine any adult ignoring such a plea for help, let alone when the outcry comes from the [K.M.B. and R.B.'s] own child." See Ex. A at page 17.[1]

- "[M.B.] is not to blame for not knowing how to extricate herself from an abusive situation; her parents are." See Ex. A at page 18.

---

[1] This opinion by Dr. Ziv is also the subject of Plaintiff's Motion in Limine to Preclude Testimony, Argument, or Opinion Regarding the Past Sexual History of Plaintiff M.B.

Case ID: 170300712
Control No.: 21060531

- "It is almost impossible to imagine that [K.M.B.] had so little concern for her daughter that she would not use every means at her disposal to get professional help for Madison under these circumstances." See Ex. A at page 20.

- "[K.M.B.]'s failure to ensure [M.B.'s] attendance in therapy is less egregious than her overall lack of basic supervision for this child." See Ex. A at page 20.

Admission of evidence is within the sound discretion of the trial court. American Future Systems, Inc. v. Better Business Bureau, 872 A.2d 1202, 1212 (Pa. Super. Ct. 2005) (citing (Smalls v. Pittsburgh Corning Corp., 843 A.2d 410, 413 (Pa. Super. Ct. 2004)). In determining, the admissibility of evidence, the trial court must decide whether the evidence is relevant and, if so, whether its probative value outweighs its prejudicial effect. Commonwealth v. Cruise, 536 Pa. 508, 604 A.2d 395 (Pa. 1994). The Pennsylvania Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence." Pa. Re. Evid. 401, Commonwealth v. Spiewak, 617 A.2d 696, 699 (Pa. 1993). ("Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or assumption regarding the existence of a material fact"). Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or confusion of the issues. Pa. R. E. 403. Unfair prejudice is a "tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa. R. E. 403, Comment; Sprague v. Walker, 656 A.2d 890 (Pa. Super. 1995).

First, the Court should preclude extension discussion by Dr. Ziv of the criminal history of M.B.'s parents, because the criminal history of M.B.'s parents has no probative value. See Pa. R.E. 403 (stating that "[t]he court may exclude relevant evidence if its probative value is outweighed by … undue prejudice … or needlessly presenting cumulative evidence). Dr. Ziv

6

Case ID: 170300712
Control No.: 21060531

detailing the criminal history of M.B.'s parents serves no purpose other than prejudice the jury against M.B.  Dr. Ziv does not even opine that M.B. was even aware of most of these incidents.

Second, the Court should preclude Dr. Ziv's opinions about the mental health of Plaintiff's parents, because her opinions are not properly supported.  Dr. Ziv asserts in her expert report that M.B.'s mother "carried diagnoses of intermittent explosive disorder and obsessive-compulsive disorder."  See Ex. A at page 37.  Dr. Ziv also asserts that K.M.B.'s criminal history is reflective of her "psychopathology".  See Ex. A at page 10.  Dr. Ziv also generally opines on M.B.'s mother K.M.B. and M.B.'s father R.B., writing: "…both have been described as having mental health difficulties."  See Ex A at page 10.  Dr. Ziv makes these assertions without ever conducting a psychiatric evaluation of M.B.'s mother or even reviewing any medical or mental health treatment records for M.B.'s mother.  Dr. Ziv opines on the mental health diagnoses of M.B.'s mother solely relying on the criminal history of M.B.'s mother and a hearsay note from a DHS social worker who allegedly learned the information about the mental health of M.B.'s mother from a conversation with M.B.'s mother.  This basis is hardly the proper support for an expert opinion from a psychiatrist about a person's mental health condition.  See Gillingham v. Consol Energy, Inc., 2012 PA Super 133, 51 A.3d 841, 849 (2012) ("[E]xpert testimony is incompetent if it lacks an adequate basis in fact.");  Marion v. Bryn Mawr Tr. Co., 2021 PA Super 18 (Feb. 16, 2021), reargument denied (Apr. 28, 2021) (reasoning that the trial court erred by allowing the admission of expert testimony that lacked a factual basis for some of the assumptions made by the expert).  Further, the mental health issues of M.B.'s parents have no bearing on this case or M.B.  It is evident that Dr. Ziv wants to mislead the jury into thinking that M.B.'s mental health sequelae from repeated rapes and being sold for sex is not due to the trauma she suffered but stem from a genetic pre-disposition she inherited.  Such opinions are entirely speculative and should be precluded.

7

Case ID: 170300712
Control No.: 21060531

Third, the Court should preclude Dr. Ziv from editorializing about the parenting skills of M.B.'s mother and father in an attempt to prejudice the jury against M.B. Dr. Ziv's extensive critiques attacking the character of M.B.'s parents have no place in a case that involves M.B, not her parents. Dr. Ziv characterizing the parenting skills of M.B.'s parents as unconscionable, gross negligence, and egregious only serves to enflame the jury against M.B. and deflect attention and liability from the Defendants in this case. In her report, Dr. Ziv even goes so as far to blame M.B.'s parents for M.B. "not knowing how to extricate herself from an abusive situation" of being a victim of sex trafficking. This speculative opinion implies that M.B. would have known how to extricate herself from being a sex trafficking victim, if she had better parents. This opinion implicitly places blame on M.B. for being a sex trafficking victim, along with explicitly asserting M.B.' parents were the cause of M.B. being sold for sex. This offensive assertion is a speculative opinion about the causes of sex trafficking that Dr. Ziv is not qualified to give, even if the opinion was supported.[2] These character attacks have no probative value and are designed to prejudice the jury against M.B. In addition, this type of testimony is not within the proper scope of expert testimony by a psychiatrist. See Pa. R.E. 702 ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: … (b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue …"); Snizavich v. Rohm & Haas Co., 2013 PA Super 315, 83 A.3d 191, 195 (2013) ("Admissible expert testimony that reflects the application of expertise requires more than simply having an expert offer a lay opinion.").

_____

[2] This opinion by Dr. Ziv is also the subject of Plaintiff's Motion in Limine to Preclude the Speculative Opinions on Liability from Defendants' Psychiatric Expert Barbara Ziv.

Case ID: 170300712
Control No.: 21060531

Plaintiff thus respectfully requests that this Honorable Court enter the proposed Order attached to this Motion precluding Dr. Ziv from discussing the details of Plaintiff M.B.'s parents' criminal record history, mental health, and parenting skills.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060531

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

**BY:** _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

  I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Motion in Limine to Preclude Irrelevant and Unduly Prejudicial Opinions and Testimony of Plaintiff M.B.'s Parents by Expert Witness Barbara Ziv*, was filed with the Court on June 2, 2021 and served by electronic filing upon counsel of record:

<div align="center">

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

</div>

         */s/Emily B. Marks*
BY: _____
       EMILY B. MARKS, ESQUIRE
       *Attorney for Plaintiff*

Case ID: 170300712
Control No.: 21060531

# EXHIBIT A

Case ID: 170300712
Control No.: 21060531

# Redacted

Case ID: 170300712
Control No.: 21060531

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

    **AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude the Irrelevant and Misleading Opinions, Testimony or Argument Regarding Fourth Amendment Privacy Rights of Motel Guests, and any response in opposition thereto, it is hereby:

    **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Defendants are precluded from offering testimony or opinions regarding the application of the Fourth Amendment privacy rights to motels or the Roosevelt Inn. Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the court.

BY THE COURT:

_____
                                J.

Case ID: 170300712
Control No.: 21060433

**KLINE & SPECTER, P.C.**          Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE IRRELEVANT AND MISLEADING OPINIONS, TESTIMONY OR ARGUMENT REGARDING THE FOURTH AMENDMENT PRIVACY RIGHTS OF MOTEL GUESTS

    **NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable Court enter an Order to Preclude Defendants from offering evidence, testimony or argument regarding the application of the Fourth Amendment privacy rights to motels or the Roosevelt Inn. In Support of this Motion, Plaintiff respectfully submits, and incorporates herein, the attached Memorandum of Law.

                               **KLINE & SPECTER, P.C.**

                               */s/Emily B. Marks*

             **BY:** _____
                               THOMAS R. KLINE, ESQUIRE
                               NADEEM A. BEZAR, ESQUIRE
                               EMILY B. MARKS, ESQUIRE
                               KYLE B. NOCHO, ESQUIRE
                               *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060433

**KLINE & SPECTER, P.C.**         Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE IRRELEVANT AND MISLEADING OPINIONS, TESTIMONY OR ARGUMENT REGARDING THE FOURTH AMENDMENT PRIVACY RIGHTS OF MOTEL GUESTS

Plaintiff, by her counsel, Kline & Specter, P.C., respectfully submits this Memorandum of Law in Support of her Motion in Limine to Preclude the Irrelevant and Misleading Opinions, Testimony or Argument Regarding the Fourth Amendment Privacy Rights of Motel Guests.

## I.    PRELIMINARY STATEMENT

It is anticipated that the Roosevelt Defendants will attempt to introduce irrelevant and misleading opinions by their liability expert Norman Bates regarding the Fourth Amendment privacy rights of motel guests. Norman Bates' opinions about the privacy rights of guests rests on the faulty presumption that Fourth Amendment privacy rights applies to private motels following up on signs of criminal activity including sex trafficking at the motel. It is black letter law that constitutional provisions such as the Fourth Amendment only apply to government actors, not private businesses like the Roosevelt Inn. Bates' statements to the contrary are an incorrect statement of law and have no relevance to Plaintiff's negligence-based claims against Defendants. Bates incorrectly states that Fourth Amendment prohibits a private motel owner and

Case ID: 170300712
Control No.: 21060433

operator from acting upon suspected criminal activity. These opinions mislead the jury about the law applicable to this case. Therefore, these opinions are not admissible and should be precluded by the Court.

## II.  QUESTIONS PRESENTED

1. Should this Honorable Court preclude Defendants from offering evidence, testimony or argument of the irrelevant and misleading application of Fourth Amendment privacy rights to motel guests, specifically guests of the Roosevelt Inn?

   **SUGGESTED ANSWER:** *Yes.* Any such reference is misleading, irrelevant, is not probative of any issue before this Court and would only mislead and confuse the jury.

## II.  BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (collectively "the Roosevelt Inn Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as a defendant. Daiquan Davis and Abdul Lopez were the individuals who trafficked M.B. and were added by joinder complaint filed October 18, 2018.

The Roosevelt Defendants have produced a report from their liability expert Norman Bates, Esq. See Bates Report attached as Exhibit "A". It is anticipated that the Roosevelt Defendants will attempt to introduce irrelevant and misleading opinions by Norman Bates regarding the Fourth Amendment privacy rights of motel guests. Such alleged statements have no relevance to Plaintiff's negligence-based claims against Defendants and mislead the jury

2

Case ID: 170300712
Control No.: 21060433

about the law applicable to this case.  Therefore, these opinions are not admissible and should be precluded by the Court.

III.    **DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING IRRELEVANT AND MISLEADING OPINIONS, TESTIMONY OR ARGUMENT REGARDING THE FOURTH AMENDMENT PRIVACY RIGHTS OF MOTELS GUESTS AT THE ROOSEVELT INN**

In order for Plaintiff to receive a fair trial, the evidence presented to the jury must be probative of the issues presented by the case.  This is hornbook law in Pennsylvania.  Here, the issues are narrow and focus solely on the Defendants' negligence in allowing and failing to prevent sex trafficking at the Roosevelt Inn.  These issues include:  Did Defendants take reasonable steps to prevent sex trafficking at the Roosevelt Inn when receiving notice that it was occurring at the motel?

It is anticipated that the Roosevelt Defendants will attempt to present irrelevant and misleading opinions from their expert witness Norman Bates regarding the Fourth Amendment privacy rights of motel guests at the Roosevelt Inn.  The improper purpose of such opinion is to suggest that these constitutional rights prevent the Roosevelt Inn from following up on signs of criminal activity, including prostitution and sex trafficking occurring at the motel.  This opinion however misleads the jury about the law that applies to this case and misstates black letter law. The court should thus preclude Defendants' from offering this inadmissible opinion at trial.

Admission of evidence is within the sound discretion of the trial court.  American Future Systems, Inc. v. Better Business Bureau, 872 A.2d 1202, 1212 (Pa. Super. Ct. 2005) (citing (Smalls v. Pittsburgh Corning Corp., 843 A.2d 410, 413 (Pa. Super. Ct. 2004)).  In determining, the admissibility of evidence, the trial court must decide whether the evidence is relevant and, if so, whether its probative value outweighs its prejudicial effect.  Commonwealth v. Cruise, 536 Pa. 508, 604 A.2d 395 (Pa. 1994).  The Pennsylvania Rules of Evidence define "relevant

Case ID: 170300712
Control No.: 21060433

evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence." Pa. Re. Evid. 401, <u>Commonwealth v. Spiewak</u>, 617 A.2d 696, 699 (Pa. 1993). ("Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or assumption regarding the existence of a material fact"). Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or confusion of the issues. Pa. R. E. 403. Unfair prejudice is a "tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa. R. E. 403, Comment; <u>Sprague v. Walker</u>, 656 A.2d 890 (Pa. Super. 1995).

Norman Bates' opinions about the privacy rights of guests rests on the faulty presumption that Fourth Amendment privacy rights applies to private motels following up on signs of criminal activity at the motel. It is black letter law that both the U.S. Constitution and the Pennsylvania Constitution do not apply to the actions of private actors. <u>Maylie v. Nat'l R.R. Passenger Corp.</u>, 411 Pa. Super. 199, 209, 601 A.2d 308, 313 (1991) ("The provisions of the Constitution do not reach the acts of purely private actors"); <u>Manhattan Cmty. Access Corp. v. Halleck</u>, 139 S. Ct. 1921, 204 L. Ed. 2d 405 (2019) (ruling that a private nonprofit corporation that operated a public access cable channel was not a state actor subject to the Constitution). The provisions of these Pennsylvania Constitution and U.S. Constitutions, including the Fourth Amendment, do not apply to private, non-governmental actors, such as motels.

Bates incorrectly states that Fourth Amendment prohibits a private motel owner and operator from acting upon suspected criminal activity. In his report, Bates writes: "Guests in a hotel, motel or inn are entitled to the same rights of privacy they hold in their personal residences." <u>See</u> Ex. A at 10. But, this statement of law has no application to actions taken by

4

Case ID: 170300712
Control No.: 21060433

private motels at their own direction to act upon suspected criminal activity which is what this case is all about.   Bates relies on this misconception to opine further that motel and hotel operators are in a difficult position to try to prevent sex trafficking because "guests have privacy rights that are comparable to their rights of privacy in their personal residence (e.g. searches without a warrant or consent are prohibited and would be considered illegal)…".  <u>See</u> Ex. A at 10 – 11.  Bates' opinion ignores the reality that motels are private business and create their own policies about how they run their business.  For example, Bates discusses in his report how the Roosevelt Inn had the right to refuse service to anyone and could ask guests to leave if the guests were violating motel policies.  <u>See</u> Ex. A at 26 – 27.

Bates does not cite to any sources which support his opinion that the Fourth Amendment prohibits a motel owner and operator from acting upon suspected criminal activity. The authority that Bates relies upon states the opposite and concludes hotel operators are permitted and should evict guests who are engaging in criminal activity.  The article Bates cites is entitled "Guest Room Privacy and the Fourth Amendment", and was written by attorney, Roger L. Hillman.  <u>See</u> Ex. A at 11.  Mr. Hillman practices in the area of healthcare, insurance and aviation law and notably he does not cite to any legal authorities or cases in his article.  <u>See</u> Bio of Mr. Hillman attached as Exhibit "B".  The article that Bates relies upon advises hotel operators should not permit police to search hotel room without a warrant but advises hotel owners, and operators are legally permitted to evict guests participating in illegal activity or activities like raucous behavior or carrying a gun in the motel.

5

Case ID: 170300712
Control No.: 21060433

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter the proposed Order attached to this Motion.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

6

Case ID: 170300712
Control No.: 21060433

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

      I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Plaintiff's Motion in Limine to Preclude Irrelevant and Misleading Opinions, Testimony or Argument Regarding Fourth Amendment Privacy Rights of Motel Guests***, was filed with the Court on June 2 2021 and served by electronic filing upon counsel of record:

<div align="center">

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

</div>

                            ***/s/Emily B. Marks***

BY: _____

                           EMILY B. MARKS, ESQUIRE
                           *Attorney for Plaintiff*

Case ID: 170300712
Control No.: 21060433

# EXHIBIT A

Case ID: 170300712
Control No.: 21060433

# Redacted

Case ID: 170300712
Control No.: 21060433

# EXHIBIT B

Case ID: 170300712
Control No.: 21060433

≡

# Guest Room Privacy and the Fourth Amendment

Legal, Lodging

Case ID: 170300712
Control No.: 21060433



About HL COVID-19 Resources Franchisors & Franchisees Events Converge Blo

# AMENDMENT

HOME / LEGAL / GUEST ROOM PRIVACY AND THE FOURTH AMENDMENT

by Roger Hillman in Legal, Lodging. Posted September 25, 2014

Hotels are faced with a delicate balancing act when it comes to maintaining guest privacy. Hotel staff must comply with police investigations when noncompliance would constitute obstruction of justice. At the same time, hotel employees must recognize their guests' Fourth Amendment right to be protected from unreasonable searches and seizures. If hotel employees comply with an unreasonable search or seizure that results in harm to the guest, the hotel could find itself exposed to civil liability.

Courts have recognized that the Fourth Amendment protection from unreasonable searches and seizures applies to searches and seizures in hotel and motel rooms. Certain exceptions allow for warrantless searches and seizures, including consent. In broad terms, the consent exception means that a party's agreement, actual or implied to a search and/or seizure renders a warrant unnecessary.

In general, during a guest's stay at the hotel, only the guest may consent to a search of his or her room. While hotel staff members may access the room for cleaning and maintenance during the guest's stay, they are not authorized to allow police to enter the room. Thus, during a guest's tenancy at the hotel, employees should not allow police to enter the guest's room without a search warrant.

Fourth Amendment protections do not apply after a guest's tenancy expires, at which point those employees with proper authorization from the hotel may aid the police and consent to a search of the room. While this seems like a straightforward principle, it is not always clear when a tenancy actually expires for the purposes of the Fourth Amendment. When faced with this lack of clarity, hotels can take certain actions to ensure careful compliance with the Fourth Amendment by issuing and consistently following policies regarding (a) guest checkout and (b) eviction of guests.

**I. Checkout Policy and Procedure**

A guest's Fourth Amendment rights expire once the checkout time has passed. However, this may be modified by the hotel's practices and guest communications. Consequently, hotel policies and practices may extend Fourth Amendment protections past the guest's pre-arranged checkout time. For example, if a hotel gives a guest permission to stay until a later checkout time or has a practice of acquiescing when a guest stays past the posted checkout time, Fourth Amendment protections last until that later check-out time. Courts have found that after a hotel provided specific guests with such an allowance, those guests "reasonably believed that the hotels would allow them to do so again, permitting them to retain a privacy interest in their rooms." Courts realize that most hotels have a pattern or practice of allowing guests some leeway regarding the checkout time.

Each Fourth Amendment inquiry concerning guests checking out of hotels hinges on the specific facts of the case. A hotel that has a clear checkout policy and consistent procedures will provide both staff and guests with certainty as to when a guest's Fourth Amendment protections have expired.

Fourth Amendment protections depend on the guest's reasonable expectation of privacy in his or her room, meaning that hotels must state their checkout policies in a manner that would not confuse a reasonable person. An effective communication policy and procedure could involve a notification about the checkout time to the guest upon check-in, the issuance of a reminder to the guest several hours before checkout, and the posting of the checkout time in each room. Further measures may include contacting the guest in the event that checkout time has passed. In these ways, a hotel can unequivocally state that a guest's tenancy and accompanying Fourth Amendment protections expire at a certain time.

Case ID: 170300712
Control No.: 21060433

A hotel should do its best to be consistent in communicating and enforcing its checkout policy.  In the absence of consistency, guests might be considered reasonable in expecting their Fourth Amendment rights to extend beyond checkout time.  If a hotel wants to retain the option to make exceptions to its general checkout time, it should provide a system for staff members to record these extensions so that they know whether or not each guest is protected by the Fourth Amendment.

## II. Eviction Policy and Procedure

A justifiable ejection will also extinguish a guest's Fourth Amendment protections.  A guest's tenancy expires after the hotel has identified grounds for eviction and taken affirmative steps to repossess the room.

Examples of what courts have found to be valid grounds for eviction include:

- Raucous behavior.

- Illegal activity, including storing illegal drugs.

- Failure to pay for the hotel room.

- Intoxication, disorderly conduct, and carrying a gun in the hotel.

- Odors of marijuana and complaints of loud noise.

The hotel must then act to take back possession of the room, which ends the guest's expectation of privacy.  The Fourth Amendment continues to protect a guest until the hotel staff takes action to commence eviction.  The following actions have been identified as sufficient to constitute the commencement of eviction, and thus the extinguishment of Fourth Amendment protections:

- Locking the guest out of his room, as long as it is for the purpose of eviction.

- Contacting the police for their assistance in physically evicting the defendant.

- Removal of the guest's belongings from the room, a note left on the door informing the guest that he/ she had been evicted, the hotel staff telling the guest that he/she was evicted, or some combination of the above.

In order to create and follow an eviction policy that promotes compliance with the Fourth Amendment, a hotel should identify behaviors that justify eviction.  This requires consultation of the law, including any statutes that govern hotel policies.  The hotel should then train its staff to recognize and respond to behavior that triggers eviction.  A hotel should also provide guests with its eviction policy or communicate in some way the types of behavior that could trigger an eviction.  Finally, in the event of an eviction, the hotel must take steps to communicate to the guest that he or she is being evicted.  If the hotel has created any doubt or confusion as to whether the behavior under consideration triggers eviction, or does not clearly communicate that the guest is being evicted, Fourth Amendment protections may continue to apply. Therefore, as with the suggestions for checkout procedures discussed above, consistency and clarity will help to ensure a situation in which hotel employees and guests know when the Fourth Amendment no longer applies to protect guests.

In general, hotel staff should not allow police to enter a guest's room without a warrant.  However, if the guest's tenancy has expired because the checkout time has passed or the guest has been evicted, hotel staff may provide consent for a police search.  Hotels should implement polices and procedures that allow guests and staff to know, with certainty, the circumstances under which a guest's tenancy expires.

Tags       **Garvey Schubert Barer**

Case ID: 170300712
Control No.: 21060433



About HLCOVID-19ResourcesFranchisors & FranchiseesEventsConverge Blo

http://www.gsblaw.com/professionals/roger_l_hillman/



Roger Hillman focuses his practice on litigation and administrative proceedings on behalf of health care providers and medical professionals. His clients include physicians, hospitals, clinical laboratories, extended care providers, alternative healthcare providers such as chiropractors and naturopaths, as well as nonmedical professionals. In addition, Mr. Hillman has represented healthcare and other employers in matters such as wrongful termination, enforcement of covenants not to compete, and wage and hour claims involving extensive class action representation. Roger has spoken on a wide range of healthcare, employment and litigation topics and has conducted seminars on risk management. These include presentations to the International Academy of Cytopathology, the Federation of Defense and Corporate Counsel, the faculty of Bastyr University, the Washington Defense Trial Lawyers and the Washington State Bar Association. In addition to his legal experience, Roger has served as a senior vice president of claims for national insurance carriers. He has also acted as an expert witness consulting on a wide variety of insurance issues.

## Related posts

### Avoiding Pitfalls with Unpaid Internships

September 24, 2013

### What is the OFCCP and Do Hoteliers and Restauranteurs Need to Care?

November 13, 2013

### Increases to Minimum Wage by West Coast States Are On the Up and Up

November 27, 2013

## Leave a Reply

Your email address will not be published. Required fields are marked *

Comment*

Case ID: 170300712
Control No.: 21060433

Name*

Email*

Website

☐ Save my name, email, and website in this browser for the next time I comment.

SUBMIT

Search ...

**CATEGORIES**

| | |
|---|---|
| Coronavirus (COVID-19) | (48) |
| Featured | (10) |
| Food & Beverage | (112) |
| Hotel Development | (55) |
| Human Resources | (183) |
| Insurance & Loss Prevention | (124) |
| Legal | (294) |
| Lodging | (163) |
| Risk Management | (110) |
| Safety & Security | (208) |
| Technology | (109) |
| Travel | (170) |
| Uncategorized | (2) |

Case ID: 170300712
Control No.: 21060433

May 2021 (4)

April 2021 (2)

March 2021 (2)

February 2021 (1)

January 2021 (1)

December 2020 (3)

November 2020 (3)

October 2020 (8)

September 2020 (6)

August 2020 (7)

July 2020 (1)

June 2020 (5)

May 2020 (5)

April 2020 (7)

March 2020 (8)

February 2020 (4)

January 2020 (5)

December 2019 (7)

November 2019 (12)

October 2019 (5)

September 2019 (1)

August 2019 (5)

July 2019 (10)

June 2019 (10)

April 2019 (1)

February 2019 (1)

December 2018 (7)

November 2018 (7)

October 2018 (2)

September 2018 (8)

Case ID: 170300712
Control No.: 21060433

July 2018 (9)

June 2018 (11)

May 2018 (11)

April 2018 (3)

February 2018 (2)

January 2018 (1)

December 2017 (7)

November 2017 (9)

October 2017 (10)

September 2017 (10)

August 2017 (9)

July 2017 (9)

June 2017 (1)

May 2017 (6)

April 2017 (1)

March 2017 (5)

February 2017 (4)

January 2017 (9)

December 2016 (5)

November 2016 (6)

October 2016 (4)

September 2016 (3)

August 2016 (5)

July 2016 (6)

June 2016 (3)

May 2016 (10)

April 2016 (17)

March 2016 (14)

February 2016 (10)

January 2016 (13)

Case ID: 170300712
Control No.: 21060433

November 2015 (15)

October 2015 (12)

September 2015 (12)

August 2015 (53)

July 2015 (22)

June 2015 (57)

May 2015 (16)

April 2015 (6)

March 2015 (5)

February 2015 (2)

January 2015 (2)

December 2014 (4)

November 2014 (5)

October 2014 (10)

September 2014 (5)

August 2014 (5)

July 2014 (9)

June 2014 (6)

May 2014 (8)

April 2014 (4)

March 2014 (11)

February 2014 (5)

January 2014 (10)

December 2013 (8)

November 2013 (10)

October 2013 (8)

September 2013 (5)

August 2013 (2)

July 2013 (7)

February 2013 (1)

Case ID: 170300712
Control No.: 21060433



About HLCOVID-19ResourcesFranchisors & FranchiseesEventsConverge Blo

Is Your Employment...
September 23, 2014

Business Resiliency...
September 29, 2014

**COVID-19 RESOURCES**

Articles on COVID-19
Weekly Conference Call

**IMPORTANT LINKS:**

HospitalityLawyer.com Events
Converge Blog
Privacy Policy
Terms of Use
Accessibility Statement

**CONTACT HL:**

 713-963-8800

 info@hospitalitylawyer.com

 2450 Louisiana, Suite 400-416, Houston, TX 77006

© Copyright 2020 – HospitalityLawyer.com®, All Rights Reserved.

   

Case ID: 170300712
Control No.: 210600433

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

    **AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude the Speculative Opinions on Liability from Defendants' Psychiatric Expert Barbara Ziv, and any response in opposition thereto, it is hereby:

    **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.  Defendants are precluded from offering testimony or opinions from Dr. Barbara Ziv about: 1) the cause of M.B. becoming a victim of sex trafficking; and 2) the ability of staff at the Roosevelt Inn to detect M.B.'s presence at the motel.  Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the Court.

                                **BY THE COURT**

                                  _____

                                              J.

Case ID: 170300712
Control No.: 21060437

**KLINE & SPECTER, P.C.**          Attorneys for Plaintiff
BY:     THOMAS R. KLINE, ESQUIRE/28895
            NADEEM A. BEZAR, ESQUIRE/63577
            EMILY B. MARKS, ESQUIRE/204405
            KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE SPECULATIVE OPINIONS ON LIABILITY FROM DEFENDANTS' PSYCHIATRIC EXPERT BARBARA ZIV

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable Court enter an Order to Preclude Defendants from offering testimony from Dr. Barbara Ziv speculating about: 1) the cause of M.B. becoming a sex trafficking victim; and 2) the ability of staff at the Roosevelt Inn to detect M.B.'s presence at the motel. In support of this Motion, Plaintiff respectfully submits, and incorporates herein, the attached Memorandum of Law.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

**BY:** _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060437

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRECLUDE THE SPECULATIVE OPINIONS ON LIABILITY FROM DEFENDANTS' PSYCHIATRIC EXPERT BARBARA ZIV

Plaintiff, by her counsel, Kline & Specter, P.C., respectfully submits this Memorandum

of Law in Support of her Motion in Limine to Preclude the Speculative Opinions on Liability

from Defendants' Psychiatric Expert Barbara Ziv.

**I.    PRELIMINARY STATEMENT**

It is anticipated that the Roosevelt Defendants will attempt to introduce testimony from

their psychiatric expert Dr. Barbara Ziv where she provides speculative opinions relating to

liability.  Notably, Dr. Ziv is a psychiatrist.  She is not a security expert and has no education,

experience or training in premise liability matters or even sex trafficking.  In her expert report,

Dr. Ziv speculates about: 1) the cause of M.B. becoming a sex trafficking victim; and 2) the

ability of staff at the Roosevelt Inn to detect M.B.'s presence at the motel.  These opinions are

mere conjecture, and Dr. Ziv is not qualified to give these opinions.   Dr. Ziv in her report openly

admits that she cannot opine with any certainty about the cause of M.B. becoming a sex

Case ID: 170300712
Control No.: 21060437

trafficking victim: "The path by which [M.B.] became involved in sex trafficking is not completely known." See Ex. A. at page 12. Therefore, the Court should preclude this testimony.

## II. QUESTIONS PRESENTED

1. Should this Honorable Court preclude Defendants' damages expert Barbara Ziv from giving opinions on liability regarding the cause of Plaintiff M.B. being a sex trafficking victim and the ability of staff at the Roosevelt Inn to detect M.B. at the motel?

   **SUGGESTED ANSWER:** *Yes. These opinions lack proper foundation, and Barbara Ziv is not qualified to give opinions on liability issues.*

## II. BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc. (hereinafter "Alpha"), as an additional defendant.

The Roosevelt Defendants have produced a report from their psychiatric expert Barbara Ziv, MD. See Ziv Expert Report, attached as Exhibit "A". In Dr. Ziv's expert report, she provides speculative opinions on issues related to liability. She includes a section in her report where she speculates about the ability of staff at the Roosevelt Inn to detect M.B.'s presence at the motel based on M.B.'s interactions with the child welfare system. See Ex. A at page 17. Dr. Ziv also concludes the cause of M.B. becoming a sex trafficking victim was parental neglect. See Ex. A at page 48. These opinions are mere conjecture, and Dr. Ziv has no training or

2

Case ID: 170300712
Control No.: 21060437

experience in the areas necessary to be able to give these opinions. Therefore, the Court should preclude this testimony.

**III.    DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING THE SPECULATIVE OPINIONS OF THEIR PSYCHIATRIC EXPERT BARBARA ZIV REGARDING THE CAUSE M.B. BECOMIGN A SEX TRAFFICKING VICTIM AND THE ABILITY OF STAFF AT THE ROOSEVELT INN TO DETECT PLAINTIFF M.B.**

It is anticipated that Defendants will attempt to offer speculative opinions on liability from their psychiatric expert Barbara Ziv. In this potential testimony, Dr. Ziv will speculate about: 1) the cause of M.B. becoming a victim of sex trafficking; and 2) the ability of the staff at the Roosevelt Inn to detect Plaintiff M.B. while she was a victim of sex trafficking at the motel. This testimony is pure conjecture, and Dr. Ziv is not qualified to offer this testimony. The Court should thus preclude Dr. Ziv from offering this improper testimony at trial.

Dr. Ziv provides a prelude to this improper testimony in her expert report, where she writes:

> Setting aside the consideration that it is a parent's responsibility to care for, supervise, discipline, and regulate the behaviors of his/her child, by the time DHS became involved in [M.B.'s] oversight, she was willful and independent enough to circumnavigate the restrictions placed on her by family court judges, skilled social workers, and foster parents. It is therefore not unexcepted that she would evade the detection of staff working at the Roosevelt Inn.

 See Ex. A at page 17.

Dr. Ziv also states as one of her conclusions that "[M.B.'s] involvement in sex trafficking is the direct result of parental neglect." See Ex. A at page 48.

She opines that M.B.'s mother K.M.B. was the person responsible for sex trafficking M.B., not Daiquan Davis who pled guilty to selling M.B. for sex:

> **The path by which [M.B.] became involved in sex trafficking is not completely known.** While Daiquan Davis is the person most frequently held responsible for prostituting [M.B.], on March 20,

3

Case ID: 170300712
Control No.: 21060437

> 2016, [M.B.] told Gina Valenziano that family and friends were
> responsible for getting her involved in sex trafficking. Given this
> statement, in conjunction with K.M.B.'s long history of crack
> cocaine and heroin abuse, K.M.B.'s inability to house or feed her
> children, her persistent financial instability, and her history of
> reckless, illegal behaviors, [M.B.'s] report on August 16, 2015 that
> a year previously her mother made her have sex with numerous
> men for money and crack cocaine cannot be discounted. [M.B.]
> later claimed that she lied about this allegation, but the recantation
> occurred in the context of her concerns that she would be returned
> to the custody of DHS.

See Ex. A at page 12 (emphasis added).

These improper opinions cover areas where Defendants' expert is not qualified to give an opinion. First, Dr. Ziv has no training or experience to be able to provide an opinion about the ability of staff at the motel to detect M.B.'s presence at the motel while she was a victim of sex trafficking at the Roosevelt Inn. Dr. Ziv does not have training or specialized experience in the areas of security, motel security, the hospitality industry generally or even sex trafficking. Second, Dr. Ziv has is not qualified to give an opinion about the cause of M.B. becoming a sex trafficking victim. Dr. Ziv is a psychiatrist and does not have any experience or training in any of the fields necessary to give an opinion about the causes of sex trafficking. Dr. Ziv does not have experience or specialized training in criminology, law enforcement, or the study of sex trafficking generally. Expert witnesses must have specialized experience or training in the area where they are giving their opinion. See Miller v. Brass Rail Tavern, Inc., 541 Pa. 474, 480–81, 664 A.2d 525, 528 (1995) ("The test to be applied when qualifying an expert witness is whether the witness has any reasonable pretension to specialized knowledge on the subject under investigation. If he does, he may testify and the weight to be given to such testimony is for the trier of fact to determine."); see also Int. of L.V., 2019 PA Super 144, 209 A.3d 399, 413 – 14 (2019) (affirming trial court decision to qualify witness as expert in vitamin D deficiency based on witness's research focus in the area, while not qualifying the witness as an expert in the

4

Case ID: 170300712
Control No.: 21060437

field of endocrinology); <u>Wexler v. Hecht</u>, 2004 PA Super 95, ¶ 10, 847 A.2d 95, 98

(2004), <u>aff'd,</u> 593 Pa. 118, 928 A.2d 973 (2007) (reasoning that podiatrist was not qualified to

give expert opinion about the standard of care for orthopedic surgeon); <u>Viguers v. Philip Morris</u>

<u>USA, Inc.</u>, 2003 PA Super 446, ¶ 14, 837 A.2d 534, 539 (2003), <u>aff'd,</u> 584 Pa. 120, 881 A.2d

1262 (2005) (reasoning that medical doctor was not qualified to be an expert opining on the

alleged defective design of cigarette).

     Dr. Ziv's opinions are clearly prohibited by established law prohibiting speculative

opinions by experts.  <u>See</u> <u>Collins v. Hand</u>, 246 A.2d 398, 404 (Pa. 1968) ("No matter how skilled

or experienced the witness may be, he will not be permitted to guess or state a judgment based

on mere conjecture."); <u>Blum v. Merril Dow Pharmaceuticals, Inc.</u>, 705 A. 2d 1314, 1322 (Pa.

Super. Ct. 1997), aff'd 764 A.2d 1 (Pa. 2000) (reasoning that cross examination is not the

appropriate tool to test the speciousness or accuracy of an expert's testimony where the

testimony is not based on reliable methodology).  Dr. Ziv in her report openly admits that she

cannot opine with any certainty about the cause of M.B. becoming a sex trafficking victim: "The

path by which [M.B.] became involved in sex trafficking is not completely known."  <u>See</u> Ex. A.

at page 12.  Yet, she goes on to assert the conclusion that parental neglect was the cause of M.B.

becoming a trafficking victim. <u>See</u> Ex. A at page 48.  Dr. Ziv speculates that M.B.'s mother was

responsible for M.B. becoming a sex trafficking victim, not Daiquan Davis who plead guilty to

selling M.B. for sex.  She basis this opinion on an unfounded report that M.B.'s mother was

involved in selling M.B. for sex based, which a DHS investigation determined to be unfounded.

Dr. Ziv's opinion is clearly mere conjecture, which is not supported by evidence in the record.

     Dr. Ziv also uses M.B.'s involvement with the child welfare system to engage in rank

speculation that M.B.'s ability to evade social workers would naturally lead to her being unable

to be detected by staff at the Roosevelt Inn.  This opinion has no basis in evidence in the record

Case ID: 170300712
Control No.: 21060437

and is not properly supported expert testimony, even if Dr. Ziv were qualified to offer this opinion. See Gillingham v. Consol Energy, Inc., 2012 PA Super 133, 51 A.3d 841, 849 (2012) ("[E]xpert testimony is incompetent if it lacks an adequate basis in fact."); Com. v. Gonzalez, 2015 PA Super 13, 109 A.3d 711, 727 (2015) (ruling that reasoning that an expert opinion based "on mere possibilities" was properly excluded); Com. v. Saylor, No. 2020 MDA 2019, 2021 WL 797187, at *6 – *9 (Pa. Super. Ct. Mar. 2, 2021) (reasoning that expert's opinion based on "pure conjecture" was properly excluded).

Plaintiff thus respectfully requests that this Honorable Court enter the proposed Order attached to this Motion precluding Dr. Ziv from offering speculative opinions about 1) the ability of Roosevelt Inn staff to detect M.B. at the motel; and 2) parental neglect being the cause of M.B. becoming a sex trafficking victim.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

6

Case ID: 170300712
Control No.: 21060437

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

**BY:** _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Plaintiff's Motion in Limine to Preclude the Speculative Opinions on Liability of Expert Witness Barbara Ziv***, was filed with the Court on June 2, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Case ID: 170300712
Control No.: 21060437

# EXHIBIT A

Case ID: 170300712
Control No.: 21060437

# Redacted

Case ID: 170300712
Control No.: 21060437

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude Testimony, Argument, or Opinions that Plaintiff Consented to Being Sold for Sex or that She Consented to Having Sex with an Adult, and any response in opposition thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.  Defendants are precluded from offering testimony, argument, or opinions that while M.B. was a minor, M.B. consented to being sex trafficked or consented to sex with her traffickers or any other adults. Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the Court.

BY THE COURT:

_____

                                    J.

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY, ARGUMENT, OR OPINIONS THAT PLAINTIFF CONSENTED TO BEING SOLD FOR SEX OR THAT SHE CONSENTED TO HAVING SEX WITH AN ADULT

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable Court enter an Order to Preclude Defendants from offering testimony, argument, or opinions that while M.B. was a minor she consented to being sold for sex or consented to sex with her traffickers, or any adults when M.B. was a victim of sex trafficking. In Support of this Motion, Plaintiff respectfully submits, and incorporates herein, the attached Memorandum of Law.

                               **KLINE & SPECTER, P.C.**

                               */s/Emily B. Marks*

          **BY:**  _____
                               THOMAS R. KLINE, ESQUIRE
                               NADEEM A. BEZAR, ESQUIRE
                               EMILY B. MARKS, ESQUIRE
                               KYLE B. NOCHO, ESQUIRE
                               *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060469

**KLINE & SPECTER, P.C.**                        Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**PLAINTIFF' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRECLUDE TESTIMONY, ARGUMENT, OR OPINIONS THAT PLAINTIFF CONSENTED TO BEING SOLD FOR SEX OR THAT SHE CONSENTED TO HAVING SEX WITH AN ADULT**

       Plaintiff, by their counsel, Kline & Specter, P.C., respectfully submits this Memorandum of Law in Support the Motion in Limine to Preclude Testimony, Argument, or Opinions that Plaintiff Consented to Being Sold for Sex or that She Consented to Having Sex with an Adult.

**I.    PRELIMINARY STATEMENT**

       It is anticipated that Defendants will attempt to introduce testimony, argument, or opinions that Plaintiff M.B. consented to being sold for sex or that she consented to having sex with her traffickers, Co-Defendants Daiquan Davis and Abdul Lopez, and men who paid to have sex with her. M.B. was a child, just 14 years-old, when she was a victim of sex trafficking. Both Pennsylvania and federal law has established a bright line rule that a child cannot consent to having sex with an adult and certainly cannot consent to being sold for sex. Defendants thus should be precluded from suggesting or implying that M.B. consented to being sold for sex or consented to sex with any adult while she was a victim of sex trafficking. By law, M.B. as a

Case ID: 170300712
Control No.: 21060469

child lacked the capacity to consent to being sold for sex or to consent to having sex with any adult. Consent is not valid defense to the crime of sex trafficking or statutory sexual assault. Consent is also not a valid defense to M.B.'s civil claims arising from being a child sold for sex. The Court should preclude Defendants from offering any argument, opinion, or testimony that M.B. consented to being sex trafficked or consented to having sex with any adult while she was victim of sex trafficking.

## II. QUESTIONS PRESENTED:

1. Should this Honorable Court preclude Defendants from offering testimony, argument, or opinion that while M.B. was a minor, she consented to being sold for sex or consented to sex with her traffickers, co-defendants Abdul Lopez or Daiquan Davis, or any adults when M.B. was a victim of sex trafficking?

   **SUGGESTED ANSWER:** *Yes.* Both federal and state law have created a bright line rule that a minor like M.B. cannot consent to being sold for sex or consent to sex with an adult. By law, minors lack the capacity to consent. Consent is thus not a valid defense to a M.B.'s civil claims arising being a child sold for sex or rape.

## II. BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc. (hereinafter "Alpha"), as an additional defendant.

In January 2014, Plaintiff M.B. was 14 years old and living in a foster home. It was at around this time, that M.B. met Daiquan Davis, who was over the age of 18. Davis created an

2

initially caring relationship as he groomed and preyed upon M.B. and made her believe that Davis was her boyfriend. Unbeknownst to M.B., Davis would soon act on his ulterior motive to have M.B. sell her body for money. Davis quickly turned violent and beat, slapped, and threatened M.B. and sold her for sex at the Roosevelt Inn. At the Roosevelt Inn, Davis introduced M.B. to another trafficker, Abdul Lopez who began selling M.B. for sex as well. Despondent and scared, on approximately June 6, 2014, M.B. left the Roosevelt Inn and her traffickers under the cover of night to turn herself in to the City of Philadelphia Department of Human Services ("DHS"). Both Daiquan Davis and Abdul Lopez were later federally prosecuted for their activities related to sex trafficking. On October 14, 2016, Davis pleaded guilty to two counts of sex trafficking a minor and attempt in violation of 18 U.S.C. §§ 1591 and 1594(a). On October 2, 2017, Lopez also plead guilty to the crimes of sex trafficking a minor and attempt in violation of 18 U.S.C. §§ 1591 and 1594(a).

Both federal and Pennsylvania law establishes a bright line rule that a child cannot consent to being sold for sex. The Roosevelt Defendants' expert witness Kimberly Mehlman-Orozco concedes in her expert report: ***"The definition of child sex trafficking implies that juveniles do not have the legal capacity to consent to exploitation and that illicit means are implicit when a juvenile is induced to commit a commercial sex act."*** *See Expert Report of Kimberly Mehlman-Orozco at page 16, attached as Exhibit A.*

### III. A CHILD CANNOT CONSENT TO SEX WITH AN ADULT AND CERTAINLY CANNOT CONSENT TO BEING SOLD FOR SEX. THEREFORE, THE COURT SHOULD PRECLUDE DEFENDANTS FROM OFFERING ANY TESTIMONY, ARGUMENT, OR OPINION THAT M.B. CONSENTED

It is anticipated that at trial Defendants will attempt to introduce testimony, argument, or opinion that when M.B. was a child, she consented to being sex trafficked and consented to sex with her traffickers, Co-Defendants Daiquan Davis and Abdul Lopez, along with the adult men

Case ID: 170300712
Control No.: 21060469

who paid to have sex with her.  Whether directly or indirectly, some of Defendants' experts imply that M.B. consented to being sold for sex and/or that she was not being held against her will and therefore consented to what happened to her.  For example, Defendants experts opine that M.B. could have run away earlier, sought out adults for help, or called the police earlier than when she turned herself into DHS.  Consent, however, is not a valid defense to the crime of selling a minor for sex, and consent is not a valid defense to M.B.'s civil claims arising from being a child sold for sex.  The Court should thus preclude Defendants from offering any testimony, argument, or opinion that suggests M.B. consented to being a minor sold for sex.

The Roosevelt Defendants have previewed their intention to argue M.B. consented to being sold for sex through their psychiatric expert, Barbara Ziv, MD.  In her expert report, Dr. Ziv describes the time M.B. was a victim of sex trafficking in a way that would mislead the jury into thinking M.B. consented to being a victim of sex trafficking:

> [M.B.] said that she remained in a car as Daiquan Davis secured a room at the Roosevelt Inn … [M.B.] never reached out to any adult in the hotel, nor did she use a time when she opened a side door to allow a 'customer' inside, to flee.  According to both her Grand Jury and deposition testimonies, [M.B.] received text messages on Daiquan Davis's phone.  Mr. Davis did not read all the messages sent to [M.B.]; she testified that she went to him to gain information with which to respond to these missives.  [M.B.] could have used the phone to contact 911 or any responsible adult to convey a need for help.

See Expert Report of Dr. Ziv at pages 17 – 18, attached as Exhibit "B".

Dr. Ziv also states: "What did change, however, was the fact that when [M.B.] was at the Roosevelt Inn, she chose to leave to turn herself in to DHS, a choice she could have made at any time since she ran away from the Salas household on April 2, 2014."  See Ex. B at page 40.

The Roosevelt Defendants' liability expert Norman Bates also wrongly implies children need to be forced, defrauded, or coerced to be considered sex trafficking victims and incorrectly

Case ID: 170300712
Control No.: 21060469

suggests that if these elements are not present then the child in effect consented to being sold for sex:

> The major distinction between prostitution and human sex trafficking is that sex worker/prostitute is engaging in sex acts for a fee and is not subject to control, coercion of threats to perform that work. In contrast, while a victim of sex trafficking is engaging in sexual activity, they do so because they are threatened, coerced or otherwise forced into it. The latter is tantamount to human slavery."

See Bates Expert Report, attached as Exhibit C at page 2.

> "As stated previously, the major distinction between prostitution and human sex trafficking is that the sex worker/prostitute is engaging in sex acts for a fee and is not subject to control, coercion or threats to perform that work. In contrast, while a victim of human sex trafficking is engaging in sexual activity, they do so because they are threatened, coerced or otherwise forced into it. The latter is tantamount to human slavery."

See Ex. C at page 10.

> "… human sex trafficking is more insidious. It is criminal activity that is generally not open and obvious to others that the victim is being trafficked against her will and acting under duress, force or coercion. In most instances, the hotel operator would need to be told by the victim or some other person with special knowledge that trafficking was occurring."

See Ex. C at page 10.

Defendant Alpha-Centurion Inc. produced expert reports from James Francis, Jon Shane, and David Webb, who also use the same tactic. In his supplemental report, Mr. Francis quotes directly from the above cited paragraph from Mr. Bates' report to suggest the M.B. would have to be held against her will to be considered a victim of sex trafficking. See Francis Supplemental Report attached as Exhibit D.

Dr. Shane also wrongly states that all sex trafficking "involves non-consensual encounters including, but is not limited to physical assault, threats, coercion, duress or deceit." See Report or Jon M. Shane attached as Exhibit E at page 12. Dr. Shane also states that if "MB was being held there [Roosevelt Inn] against her will, the Alpha Centurion security guards had

5

Case ID: 170300712
Control No.: 21060469

no role in it." <u>See</u> Ex. E. He continues that there "is no reason for anyone at Alpha Centurion Security, Inc. to have known or believed that she [MB] was underage, or being held against her will, or in any kind of distress." See Ex. E at page 17. This implies that M.B. is required to prove she was held at the Roosevelt Inn against her will, which she is not required under federal or state law.

Finally, Alpha's third liability expert, David Webb makes an egregious opinion comparing M.B., a fourteen year old girl, to a prostitute, writing that M.B. "was not seen with a man controlling her, or if she was a prostitute, she was not seen with a client." <u>See</u> Webb Expert Report, attached as Exhibit F at page 3. Mr. Webb concludes the "security guard would have no reason to suspect that the woman he encountered as being trafficked against her will, or that she was underage." <u>See</u> Ex. F at page 3.

Defendants' expert opinions contradict federal and state law that hold children cannot consent to being sold for sex. By law, children are not required to prove that they were forced, frauded, or coerced to be considered victims of sex trafficking. The absence of force, fraud or coercion does not equal consent.[1]

These improper suggestions that M.B. consented to being sold for sex conflict with Pennsylvania Supreme Court precedent, which holds that consent is not a valid defense to civil claims brought on behalf of a child that lacks the capacity to consent to the illegal sexual conduct at issue. <u>See</u> <u>C.C.H. v. Philadelphia Phillies, Inc.</u>, 596 Pa. 23 (2008). In <u>C.C.H.</u>, an 11-year-old girl attending a Phillies baseball game was sexually assaulted by 15- and 16-years old boys working at a concession stand after the girl was separated from her guardian. <u>Id.</u> at 28 – 29. A lawsuit was filed on the girl's behalf against the Phillies and the employees who sexually abused

---

[1] Plaintiffs' traffickers were violent and did use physical force and psychological coercion when trafficking Plaintiff. However, federal and state statutes prohibiting sex trafficking of children do not require that a child be forced or coerced to sell sex. This is the subject of another Motion in Limine filed by Plaintiff.

Case ID: 170300712
Control No.: 21060469

the girl.  Id.  The Pennsylvania Supreme Court ruled that the trial court erred by allowing

evidence offered by the defendants that the girl consented to sex with the employees who

assaulted her.  Id. at 45.   The Pennsylvania Supreme Court reasoned that the legislature had

criminalized sex with someone the minor's age regardless of consent with an intent "to protect

young children as a class from being sexually exploited who, due to their youth or inexperience,

lack the judgment necessary to protect themselves from sexual aggressors."  Id. at 43.  The

legislature intended to deem these children "legally incapable of giving consent."  Id.  The

Supreme Court thus found that it was consistent with the legislative intent "to protect young

children from sexual exploitation" by rejecting "with equal force, in both the criminal and civil

contexts" the application of the defense of consent against a child that lacks "the capacity to

consent to sex."  Id.  The Supreme Court reasoned that "before consent can be asserted as an

affirmative defense, the person purportedly consenting must 'ha[ve] the capacity to consent ...'".

Id. at 43 n.18 (internal citations omitted).

Under C.C.H., consent would also not be a defense to Plaintiff's civil claims arising from

being a minor sold for sex or being sexually assaulted by adults.  Similar to the minor plaintiff in

C.C.H., M.B. was a child who lacked the capacity by law to consent to the crime of sex

trafficking.  As such, consent is not a valid defense to her civil claims arising from being a sex

trafficking victim and rape victim.  Federal law provides a bright line law that prohibits selling a

child for sex regardless of consent.  The federal criminal statute 18 U.S.C. § 1591 provides the

elements of the crime of sex trafficking of children:

> (a) Whoever knowingly—
>
>> (1) in or affecting interstate or foreign commerce, or within
>> the special maritime and territorial jurisdiction of the
>> United States, *recruits, entices, harbors, transports,*
>> *provides, obtains, advertises, maintains, patronizes, or*
>> *solicits by any means a person*; or

Case ID: 170300712
Control No.: 21060469

> (2) **_benefits, financially or by receiving anything of value,
> from participation in a venture_** which has engaged in an
> act described in violation of paragraph (1),
>
> knowing, or … in reckless disregard of the fact … **_that the person
> has not attained the age of 18 years and will be caused to engage
> in a commercial sex act, shall be punished_** …

See 18 U.S.C. § 1591(a) (emphasis added).[2]  In other words, federal law criminalizes the actions of anyone who recruits or sells a minor for sex, regardless of consent.  M.B. was only 14 years old during the time that she was a victim of sex trafficking, so by law, consent would not be a defense to the crime of selling her for sex.  Under C.C.H., consent also would not be a defense to M.B.'s civil claims arising from being a child who was sold for sex, because as a child, she lacked the capacity to consent by law.

Similarly, M.B. as a minor lacked the capacity by law to consent to sex with any adult, so consent cannot be a defense to her claims arising from sexual abuse committed by her traffickers Daiquan Davis and Abdul Lopez, or any of the adult men who were "dates" when she was a trafficking victim.  M.B. was only 14 years old during the time that she was a victim of sex trafficking and met the sex traffickers Daiquan Davis and Abdul Lopez who were both over 18 years old.  By law, M.B. lacked the ability to consent to sex with anyone 18 years or older during the time that she was a trafficking victim under Pennsylvania's statutory sexual assault law.  It would be a crime for anyone 18 years or older to have sex with M.B. who was 14 years old at the time, regardless of consent, under Pennsylvania's statutory sexual assault law.  The Pennsylvania statute 18 Pa. C.S. § 3122.1 defines the first and second degree felony of statutory sexual assault.  A person commits the first-degree felony "when that person engages in sexual intercourse with a

---

[2] The federal statute titled the Trafficking Victims Protection Act ("TVPA") also includes a definition of sex trafficking, which has been adopted by Defendants' experts. The TVPA similarly defines sex trafficking as "A commercial sex act induced by force, fraud, or coercion, or in which the person induced to perform such act has not attained 18 years of age." 22 U.S.C. Chapter 78. Sec. 7102. This definition also does not require force, fraud, or coercion for the sex trafficking of a minor.

Case ID: 170300712
Control No.: 21060469

complainant under the age of 16 years and that person is 11 or more years older than the complainant and the person are not married to each other." 18 Pa. C.S. § 3122.1 (b). Second degree statutory sexual assault is defined by section (a) of the statute:

> **(a) Felony of the second degree.--**Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant to whom the person is not married who is under the age of 16 years and that person is either:
>
>> (1) four years older but less than eight years older than the complainant; or
>>
>> (2) eight years older but less than 11 years older than the complainant.

18 Pa. C.S. § 3122.1 (a). Under either degree of the felony, it would be a crime for anyone 18 years or older to engage in sexual conduct with M.B. when she was 14 years old, regardless of consent.

The Roosevelt Defendants cite these very statutes in a negligence per se count in the Joinder Complaint joining Daiquan Davis and Abdul Lopez as additional defendants in this action:

> 26.   If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis and Abdul Lopez violated, themselves or in concert with others, the following criminal statutes, all of which are intended to protect a class of individuals that includes Plaintiff:
>
> \*\*\*
>
> h. Statutory Sexual Assault, 18 Pa.C.S.A. § 3122.1;
>
> \*\*\*
>
> o. Sex Trafficking of Children or by Force, Fraud, or Coercion, 18 U.S.C. § 1591.
>
> 27.   If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's violation of these statutes constitutes negligence *per se*.

9

Case ID: 170300712
Control No.: 21060469

*See* Joinder Complaint, attached as Exhibit G. Because consent is not a valid defense for these crimes, consent cannot be offered as a defense to civil claims of negligence per se alleging the violation of these criminal statutes under C.C.H.

The Roosevelt Defendants' own expert witness Kimberly Mehlman-Orozco concedes in her expert report: "The definition of child sex trafficking implies that juveniles do not have the legal capacity to consent to exploitation and that illicit means are implicit when a juvenile is induced to commit a commercial sex act." *See* Ex. A at page 16.

The Court should thus preclude Defendants from offering at trial any evidence, testimony, argument, or opinion that M.B. consented to being sex trafficked or consented to sex with her traffickers, Co-Defendants Lopez or Davis, or any of the men who paid to have sex with her.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter the proposed Order attached to this Motion, precluding Defendants from offering any testimony, argument, or opinion that while M.B. was a minor, she consented to being sex trafficked or consented to sex with Co-Defendants Lopez or Davis, or any man who paid to have sex with her.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

10

Case ID: 170300712
Control No.: 21060469

<u>**VERIFICATION**</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
          THOMAS R. KLINE, ESQUIRE
          NADEEM A. BEZAR, ESQUIRE
          EMILY B. MARKS, ESQUIRE
          KYLE B. NOCHO, ESQUIRE
          *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060469

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Motion in Limine to Preclude Testimony, Argument, or Opinions that Plaintiff Consented to Being Sold for Sex or that She Consented to Having Sex with an Adult*, was filed with the Court on June 2, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:
Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Case ID: 170300712
Control No.: 21060469

# EXHIBIT A

Case ID: 170300712
Control No.: 21060469

Redacted

Case ID: 170300712
Control No.: 21060469

# EXHIBIT B

Case ID: 170300712
Control No.: 21060469

# Redacted

Case ID: 170300712
Control No.: 21060469

# EXHIBIT C

Case ID: 170300712
Control No.: 21060469

Redacted

Case ID: 170300712
Control No.: 21060469

# EXHIBIT D

Case ID: 170300712
Control No.: 21060469

# Redacted

Case ID: 170300712
Control No.: 21060469

# EXHIBIT E

Case ID: 170300712
Control No.: 21060469

# Redacted

Case ID: 170300712
Control No.: 21060469

# EXHIBIT F

Case ID: 170300712
Control No.: 21060469

# Redacted

Case ID: 170300712
Control No.: 21060469

# EXHIBIT G

Case ID: 170300712
Control No.: 21060469

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com
doberdick@blankrome.com

*Filed and Attested by the*
*Office of Judicial Records*
*18 OCT 2018 02:47 pm*
*E. HAURIN*

**TO DEFENDANTS: YOU ARE HEREBY**
**NOTIFIED TO FILE A WRITTEN**
**RESPONSE TO THE ENCLOSED**
**VERIFIED JOINDER COMPLAINT**
**WITHIN TWENTY (20) DAYS OF**
**SERVICE HEREOF OR A DEFAULT**
**JUDGMENT MAY BE ENTERED**
**AGAINST YOU.**


*/s/ Grant S. Palmer*
*Grant S. Palmer, Esquire*
*Attorney for Defendants*
Roosevelt Inn LLC d/b/a Roosevelt Inn and
Roosevelt Inn Café, Roosevelt Motor Inn, Inc.
d/b/a Roosevelt Motor Inn, UFVS Management
Company, LLC and Yagna Patel

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | |
| | MARCH TERM, 2017 |
| v. | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | JURY TRIAL DEMANDED |
| Defendants, | |
| v. | |
| DAIQUAN DAVIS and ABDUL LOPEZ | |
| Additional Defendants. | |

## NOTICE TO DEFEND

Case ID: 170300712
Control No.: 21060469

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Second Amended Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Second Amended Complaint of for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-619

150213.00601/113454270v.1

Case ID: 170300712
Control No.: 21060469

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
quinlan@blankrome.com
byers@blankrome.com
doberdick@blankrome.com

**TO DEFENDANTS: YOU ARE HEREBY NOTIFIED TO FILE A WRITTEN RESPONSE TO THE ENCLOSED VERIFIED JOINDER COMPLAINT WITHIN TWENTY (20) DAYS OF SERVICE HEREOF OR A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU.**


*/s/ Grant S. Palmer*
*Grant S. Palmer, Esquire*
*Attorney for Defendants*
Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

| | |
|---|---|
| M.B., a minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | |
| | MARCH TERM, 2017 |
| v. | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | JURY TRIAL DEMANDED |
| Defendants, | |
| v. | |
| DAIQUAN DAVIS and ABDUL LOPEZ | |
| Additional Defendants. | |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S JOINDER COMPLAINT

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel,

3

Case ID: 170300712
Control No.: 21060469

by and through their attorneys, Blank Rome LLP, pursuant to Pennsylvania Rule of Civil Procedure 2252, hereby file this Complaint to Join Additional Defendants Daiquan Davis and Abdul Lopez, and in support thereof, aver as follows:

1.　　On August 27, 2018, Plaintiff filed a Second Amended Complaint against five defendants, including Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel.

2.　　Plaintiff alleges that, commencing in 2014, when she was fourteen (14) years old, she was recruited, enticed, solicited, harbored, and/or transported by traffickers to engage in commercial sex acts. *See* Plaintiff's Second Amended Complaint at ¶¶5; 30, attached as Exhibit "A."

3.　　Plaintiff alleges that her traffickers posted internet advertisements for the purpose of prostituting her that would include a fake name for Plaintiff and a phone number to call. *Id*. at ¶¶44-45.

4.　　Plaintiff alleges that "Johns" would call the phone number listed on these internet advertisements and negotiate sex for cash. *Id.* at ¶46.

5.　　Plaintiff alleges that during 2014, she was trafficked at the Roosevelt Inn, located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152. *Id*. at ¶¶4; 6; 30.

6.　　Plaintiff alleges that "Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn." *Id*. at ¶67.

150213.00601/113454270v.1

Case ID: 170300712
Control No.: 21060469

7.     Plaintiff alleges that her traffickers consistently displayed "Do Not Disturb" signs on the doors to the motel rooms and consistently refused housekeeping services.  *See* Exhibit "A" at ¶ 59.

8.     Plaintiff claims to have suffered the following as a result of the alleged sex trafficking: "physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future."  *See* Ex. A, at ¶ 80.

9.     Plaintiff claims that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel owned, operated and/or managed the Roosevelt Inn, and, individually and/or by and through their actual or apparent agents, servants and employees, "knew or had constructive knowledge" of the signs of human trafficking, knowingly rented rooms to the traffickers and failed to report or otherwise intervene while Plaintiff was allegedly trafficked. *Id.* at ¶¶6-9; 68-69; 72-74.

10.     During the course of discovery, Plaintiff identified Daiquan Davis and Abdul Lopez as the traffickers who allegedly recruited, enticed, solicited, harbored, and/or transported her for the purpose of causing and/or permitting her to be engaged in commercial sex acts at the Roosevelt Inn.

11.     Upon information and belief, Daiquan Davis is an adult male currently incarcerated in the Berlin Federal Detention Center, New Hampshire.

12.     Upon information and belief, Abdul Lopez is currently incarcerated in the United States Penitentiary located in Tucson, Arizona.

5

Case ID: 170300712
Control No.: 21060469

## COUNT I
## NEGLIGENCE
## (AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)

13.    Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

14.    If Plaintiff's allegations are true, then Additional Defendants Daiquan Davis and Abdul Lopez breached the standard of reasonable care by recruiting, enticing, soliciting, harboring, and/or transporting Plaintiff for the purpose of causing and/or permitting her to be engaged in commercial sex acts.

15.    If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

16.    In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the parts of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn,

150213.00601/113454270v.1

Case ID: 170300712
Control No.: 21060469

Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendants Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

### COUNT II
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)

17.     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

18.     If Plaintiff's allegations are true, then by recruiting, enticing, soliciting, harboring, and/or transporting Plaintiff for the purpose of causing and/or permitting her to be engaged in commercial sex acts, Additional Defendants Daiquan Davis and Abdul Lopez negligently caused Plaintiff to suffer fear, depression, humiliation, mental anguish, and severe physical and emotional distress and thereby committed the tort of negligent infliction of emotional distress.

19.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

7

Case ID: 170300712
Control No.: 21060469

20.     In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the part of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendants Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

### COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)

21.     Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

150213.00601/113454270v.1

22.     If Plaintiff's allegations are true, then by recruiting, enticing, soliciting, harboring, and/or transporting Plaintiff for the purpose of causing and/or permitting her to be engaged in commercial sex acts, Additional Defendants Daiquan Davis and Abdul Lopez intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish, and severe physical and emotional distress and thereby committed the tort of intentional infliction of emotional distress.

23.     If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

24.     In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the part of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendant Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

9

Case ID: 170300712
Control No.: 21060469

# COUNT IV
## NEGLIGENCE *PER SE*
### (AGAINST ADDITIONAL DEFENDANTS DAIQUAN DAVIS and ABDUL LOPEZ)

25.      Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel incorporate by reference all of the allegations set forth in the previous paragraphs of this Joinder Complaint, including the above-referenced allegations and the allegations of Plaintiff's Second Amended Complaint without admitting the truth thereof.

26.      If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis and Abdul Lopez violated, themselves or in concert with others, the following criminal statutes, all of which are intended to protect a class of individuals that includes Plaintiff:

      a.  Aggravated Assault, 18 Pa.C.S.A. § 2702;

      b.  Reckless Endangerment, 18 Pa.C.S.A. § 2705;

      c.  Kidnapping, 18 Pa.C.S.A. § 2901;

      d.  Unlawful Restraint, 18 Pa.C.S.A. § 2902;

      e.  False Imprisonment, 18 Pa.C.S.A. § 2903;

      f.  Criminal Coercion, 18 Pa.C.S.A. § 2906;

      g.  Rape, 18 Pa.C.S.A. § 3121;

      h.  Statutory Sexual Assault, 18 Pa.C.S.A. § 3122.1;

      i.  Involuntary Deviate Sexual Intercourse, 18 Pa.C.S. § 3123;

      j.  Sexual Assault, 18 Pa.C.S.A. § 3124.1;

      k.  Promoting Prostitution of a Minor, 18 Pa.C.S.A. § 5902(b);

      l.  Sexual Abuse of a Child, 18 Pa.C.S.A. § 6312;

      m.  Unlawful Contact with a Minor, 18 Pa.C.S.A. § 6318;

150213.00601/113454270v.1

Case ID: 170300712
Control No.: 21060469

n. Sexual Exploitation of a Minor, 18 Pa.C.S.A. § 6320; and

o. Sex Trafficking of Children by Force, Fraud, or Coercion, 18 U.S.C. § 1591.

27. If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's violation of these statutes constitutes negligence *per se*.

28. If Plaintiff's allegations concerning trafficking are true and the facts demonstrate that Additional Defendants Daiquan Davis and Abdul Lopez trafficked Plaintiff and violated 18 PA C.S.A § 3051 during the applicable statutory time period, then Daiquan Davis' and Abdul Lopez's actions constitute negligence *per se*.

29. If Plaintiff's allegations concerning trafficking are true, then Additional Defendants Daiquan Davis' and Abdul Lopez's conduct directly and proximately caused Plaintiff's injuries and damages.

30. In the event that some or all of Plaintiff's allegations are proven at trial, and/or it should be found that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel are liable to Plaintiff, such liability being specifically denied, then any injuries or losses sustained by Plaintiff were caused in whole or in part by acts or failures to act on the part of Additional Defendants Daiquan Davis and Abdul Lopez, and Daiquan Davis and Abdul Lopez are solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel for indemnity and/or contribution.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC

Case ID: 170300712
Control No.: 21060469

and Yagna Patel demand judgment in their favor and against all parties, including contribution and/or indemnity from Additional Defendants Daiquan Davis and Abdul Lopez, together with costs and such other relief as the Court deems appropriate.

**BLANK ROME LLP**

 */s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: October 18, 2018       (215) 569-5500

Case ID: 170300712
Control No.: 21060469

## VERIFICATION

I, Yagna Patel, state that I am a defendant in the above captioned action, and verify that:

I have read the foregoing Joinder Complaint of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel against Additional Defendants Daiquan Davis and Abdul Lopez which was prepared using information compiled by myself, employees of Defendants and our counsel, and the information set forth herein is true and correct to the best of my knowledge, information and belief.

I understand that this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 10/17/18

YAGNA PATEL                    MANAGER

13

150213.00601/113454270v.1

## VERIFICATION

I, Anthony P. Uzzo, state that I am authorized to make this Verification on behalf of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, and UFVS Management Company, LLC, defendants in the above captioned action, and verify that:

I have read the foregoing Joinder Complaint of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel against Additional Defendants Daiquan Davis and Abdul Lopez which was prepared using information compiled by myself, employees of Defendants and our counsel, and the information set forth herein is true and correct to the best of my knowledge, information and belief.

I understand that this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 10/17/18

ANTHONY P. UZZO

14

## CERTIFICATE OF SERVICE

I, Grant S. Palmer, Esquire, hereby certify that, on this 18th day of October 2018, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Joinder Complaint to be served via the court's electronic filing system and/or first class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Marshall Dennehey Warner
Melanie J. Foreman, Esquire
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*


/s/ Grant S. Palmer
GRANT S. PALMER

15

150213.00601/113454270v.1

Case ID: 170300712
Control No.: 21060469

# EXHIBIT A

Filed and Attested by the
Office of Judicial Records
18 OCT 2018 02:47 pm
E. HAURIN

**KLINE & SPECTER, P.C.**
BY:    THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

*Filed and Attested by the Office of Judicial Records 27 AUG 2018 10:36 am E. HAURIN*

| | |
|---|---|
| M.B. | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | COURT OF COMMON PLEAS |
| 1525 Locust Street | |
| Philadelphia, PA 19102 | CIVIL TRIAL DIVISION |
| Plaintiff, | MARCH TERM, 2017 |
| | NO.: 00712 |
| V. | |
| | |
| ROOSEVELT INN LLC | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | |
| *ROOSEVELT INN CAFE* | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| ROOSEVELT MOTOR INN, INC. | |
| *d/b/a ROOSEVELT MOTOR INN* | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| UFVS MANAGEMENT COMPANY, LLC | |
| 287 Bowman Avenue | |
| Purchase, NY 10577 | |
| | |
| and | |
| | |
| YAGNA PATEL | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| ALPHA-CENTURION SECURITY, INC. | |
| 3720 West Chester Pike | |
| Newtown Square, PA 19073 | |

Defendants                    :

_____

## **NOTICE TO DEFEND**

<table>
<tr><td align="center">**NOTICE**</td><td align="center">**AVISO**</td></tr>
<tr><td>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**
**TTY(215) 451-6197**

</td><td>

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted._

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA 19107**
**Telefono: (215) 238-6333**
**TTY(215) 451-6197**

</td></tr>
</table>

Case ID: 170300712
Control No.: 21060469

**KLINE & SPECTER, P.C.**                              Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA  19102 | : | CIVIL TRIAL DIVISION |
| | : | MARCH TERM, 2017 |
| Plaintiff, | : | NO.:00712 |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | JURY TRIAL DEMANDED |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| *d/b/a ROOSEVELT MOTOR INN* | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| YAGNA PATEL | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| 3720 West Chester Pike | : | |
| Newtown Square, PA  19073 | : | |

Case ID: 170300712
Control No.: 21060469

---

## PLAINTIFF'S SECOND AMENDED COMPLAINT

**PRELIMINARY STATEMENT**

1. Human sex trafficking is a form of modern day slavery that exists throughout the United States and globally. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

2. Since 2007 over 17,000 incidents of sex trafficking in the United States have been reported to the National Human Trafficking Resources Center. Over 1,200 cases of sex trafficking has been reported in the first six months of 2016, with the vast majority of victims being women and a disproportionate number being minors.

3. In 2014, the Commonwealth of Pennsylvania extensively revised its human trafficking law to compensate the victims and ensure that anyone or any entity that knowingly markets or provides its goods or services to sex traffickers is civilly liable.

**THE PARTIES**

4. Plaintiff, M.B., was born on September 3, 1999 and is one of the thousands of victims of human trafficking in the United States. In 2014, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation. Plaintiff resides in Philadelphia County, Pennsylvania. Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, and Emily B. Marks, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

5. Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Plaintiff M.B. who incurred injuries and damages starting when she

was fourteen (14) years old. See also Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts § 7.0.

6.    Defendant Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Cafe [hereinafter referred to as "Roosevelt Inn LLC"] is a limited liability company organized and existing under the laws of Delaware. At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed a motel located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter referred to as the "Roosevelt Inn"].

7.    Defendant Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn [hereinafter referred to as "Roosevelt Motor Inn, Inc."] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

8.    Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company LLC owned, operated and/or managed the Roosevelt Inn.

9.    Defendant Yagna Patel is an adult person and resident of Pennsylvania who resides at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania, PA 19152. Based on information and belief, Mr. Patel owned, operated and/or managed the Roosevelt Inn.

10.    Defendant Alpha-Centurion Security, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn.

11.    Upon information and belief, at all times relevant hereto, Defendant Alpha-Centurion Security, Inc. provided paid for security and related services at the Roosevelt Inn

Case ID: 170300712
Control No.: 21060469

located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, incidental to a contractual arrangement as between itself and the owners and operators of the premises: Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel.

12.    Defendant Alpha-Centurion Security, Inc. occupied, controlled, patrolled, monitored and assumed responsibility for security of the premises located at the Roosevelt Inn, 7630 Roosevelt Boulevard, Philadelphia, PA 19152.

13.    Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn and assumed responsibility for ensuring the safety and well-being of individuals lawfully on the premises, including Plaintiff, M.B.

14.    Venue is appropriate in this case because Defendant Yagna Patel resides in Philadelphia County and Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. regularly conduct business in Philadelphia County.  Venue is also proper in this case because Pennsylvania's human trafficking law, 18 Pa. C.S.A. § 3051, permits victims of human trafficking and the sex trade to bring suit in the county in which the victim resides.  Plaintiff M.B. resides in Philadelphia County.  Therefore, venue is proper in the Philadelphia County Court of Common Pleas.

15.    At all times material hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency,

Case ID: 170300712
Control No.: 21060469

master-servant, respondent superior and/or right of control.

16. At all times material hereto, Alpha-Centurion Security, Inc. acted individually and/or by and through its actual or apparent agents, servants and employees, including but not limited to security guards and is therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

17. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

18. At all material times hereto, Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, was uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn.

19. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

20. At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

21. At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor

Inn, Inc., UFVS Management Company, LLC and Yagna Patel individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

22. At all material times hereto, Defendant Alpha-Centurion Security, Inc., individually and/or by its actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

23. At all material times hereto, Defendants Roosevelt, Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

24. At all material times hereto, Defendant Alpha-Centurion Security, Inc. knowingly provided its security and related services at the Roosevelt Inn, while having knowledge of the commercial sex acts occurring on the premises of the Roosevelt Inn.

**OPERATIVE FACTS**

25. Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3011, et. seq. it is a felony to recruit, entice, solicit, harbor, or transport a minor which results in the minor being subjected to sexual servitude.

26. Hotels and motels are common venues for sex trafficking, due to ease of access for buyers and traffickers, ability to pay in cash and maintain financial anonymity, and the avoidance of building and maintenance fees. Hotels and motels are a convenient place for customers to purchase sex to avoid detection. Indeed, since 2007, 1,434 cases of human trafficking in hotels and motels have been reported to the National Human Trafficking Resource Center (NHTRC).

27.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or should have known that sex crimes were occurring at the Roosevelt Inn.  From January 2012 through December 2017, the Philadelphia Police Department documented more than one thousand incidents of criminal activity at and/or near the Roosevelt Inn including aggravated assault, domestic abuse, theft, weapon violations, rape, prostitution, drug offenses, disorderly conduct and a video recorded shooting.

28.     While investigating and making arrests of perpetrators of prostitution at the Roosevelt Inn, the Philadelphia Police Department would regularly collect up to eight key cards from a single guest involved in prostitution.

29.     Philadelphia Police Department records note, on at least one occasion, that a female guest told a police officer that she would receive texts from a security guard at the Roosevelt Inn, warning of any police activity that would expose her to potential arrest.

30.     Commencing in 2014, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

31.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3051, a person or entity can be civilly liable for knowingly marketing or providing its goods or services to a sex trafficker.

32.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

33.     Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services.

34.     Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired to ensure the safety and well-being of individuals lawfully on the motel's premises, the motel's guests, the motel's employees, and the motel's property.

35.     By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and well-being of individuals lawfully present at the Roosevelt Inn, including Plaintiff.

36.     It is believed and therefore averred that all of the responsibilities as aforesaid were well within the scope of the contractual responsibilities promised and undertaken by Defendant Alpha-Centurion Security, Inc. as part of its agreement to provide security services on the premises of the Roosevelt Inn.

37.     Defendant Alpha-Centurion Security, assumed responsibility for protecting individuals lawfully present at the Roosevelt Inn, including Plaintiff from foreseeable harm, including commercial sex exploitation and human sex trafficking.

38.     Having undertaken responsibilities as aforesaid, Defendant Alpha-Centurion Security owed a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

39.     Defendant Alpha-Centurion Security, Inc. provided security services, while traffickers used the rooms at the Roosevelt Inn to engage in commercial sex acts with Plaintiff when she was a minor.

40. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff for commercial sex acts.

41. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that rooms and services were being rented or otherwise provided to individuals trafficking Plaintiff for commercial sex acts, while Alpha-Centurion Security, Inc. had a duty to protect individuals lawfully present at the Roosevelt Inn, like Plaintiff.

42. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

43. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, knew or had constructive knowledge that Plaintiff was being sexually exploited.

44. Plaintiff's traffickers put up internet advertisements for the purpose of sex trafficking Plaintiff as a minor.

45. The advertisements included a fake name for Plaintiff and a phone number to call.

46. During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn.

47. The "John" who negotiated to have sex for cash with Plaintiff would then speak to

Case ID: 170300712
Control No.: 21060469

the front desk clerk at the Roosevelt Inn.

48. An individual named "Abdul" would hold himself out as the clerk, staff member or employee at the Roosevelt Inn. The complete name of "Abdul" is known to Defendants.

49. "Abdul" would then direct the individual to the floor and room where Plaintiff and her traffickers were staying.

50. "Abdul" was fully aware that Plaintiff who was a minor and other underage children were compelled to perform sex for money at the Roosevelt Inn.

51. Plaintiff's traffickers would linger in the halls and on the premises of the Roosevelt Inn.

52. The motel room where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

53. Plaintiff engaged in numerous commercial sex acts and/or "dates" per day.

54. Plaintiff was accompanied by older men while on the premises of the Roosevelt Inn.

55. Housekeepers and front desk staff including "Abdul" at the Roosevelt Inn had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

56. Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn.

57. Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn.

58. Plaintiff's traffickers paid cash for the motel rooms where Plaintiff engaged in commercial sex acts.

59. Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the motel where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

60. Men and other minors frequently entered and left the rooms where Plaintiff engaged in commercial sex acts.

61. Men stood in the hallways outside of rooms where Plaintiff was engaged in commercial sex acts.

62. Plaintiff had extended stays at the Roosevelt Inn with few or no personal possessions and was left in the room for long periods of time.

63. Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn.

64. Security guards and/or employees of Defendant Alpha-Centurion Security, Inc. observed Plaintiff who was a minor at the time at the Roosevelt Inn in sexually explicit clothing.

65. Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn.

66. On at least one occasion, Yagna Patel came to the room occupied by the Plaintiff and was handed money by one of her traffickers.

67. Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash to pay for the motel rooms rented at the Roosevelt Inn.

68. Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or

otherwise stop the human sex trafficking of the Plaintiff.

69. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel knowingly rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

70. Plaintiff, as a guest at the Roosevelt Inn, was a business invitee of Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel.

71. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants, and employees, owed a duty to Plaintiff, as motel guest, to exercise reasonable care to protect against criminal conduct.

72. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to persons who were trafficking Plaintiff.

73. Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

74. Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn, LLC., Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to protect Plaintiff, as a business invitee, from

criminal conduct.

75. Upon information and belief, Defendant Alpha-Centurion Security, Inc. contracted with the Roosevelt Inn beginning in approximately March 2007 to provide security services. Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, was hired or contracted to ensure the safety and well-being of individuals on the motel's premises, the motel's guests, the motel's employees and the motel's property.

76. By providing security services, Defendant Alpha-Centurion Security, Inc. assumed responsibility for ensuring the safety and well-being of individuals on the premises of the Roosevelt Inn, including Plaintiff.

77. Defendant Alpha-Centurion Security, Inc. assumed responsibility for protecting individuals present at the Roosevelt Inn, including Plaintiff, from foreseeable harm including commercial sex exploitation and human sex trafficking.

78. Having undertaken aforesaid responsibilities and contractual obligations, Defendant Alpha Centurion owed a duty to Plaintiff to provide a reasonably safe environment at the Roosevelt Inn and protect Plaintiff from dangerous people and conditions on the premises.

79. Defendant Alpha-Centurion Security, Inc. provided security services at the Roosevelt Inn, while having knowledge of the commercial sex acts committed on the premises of the Roosevelt Inn through the renting of rooms.

80. By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish,

Case ID: 170300712
Control No.: 21060469

humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

81.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

82.     By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

83.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop the practice.

84.     By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

85.     By having knowledge of human sex trafficking at the Roosevelt Inn and

negligently allowing the Plaintiff's harm to occur, Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

86.     The averments of Paragraphs 1 through 85 are incorporated herein by reference.

87.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil liability for people or entities who knowingly market or provide their goods and services to sex traffickers.

88.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, did knowingly rent rooms to individuals sex trafficking Plaintiff as minor, which resulted in her being sex trafficked and sexually exploited.

89.     By knowingly renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

90.     By knowingly renting rooms to individuals sex trafficking the Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC,

and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop sex trafficking on the premises of the Roosevelt Inn.

91.     By knowingly renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II - NEGLIGENCE

## M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

92.     The averments of Paragraphs 1 through 91 are incorporated herein by reference.

93.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons on the premises of the Roosevelt Inn.

94.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent

Case ID: 170300712
Control No.: 21060469

agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

95.     Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

96.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons on the premises of the Roosevelt Inn, including Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.  Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

97.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the

Case ID: 170300712
Control No.: 21060469

Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

98. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

    a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

    b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

    c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

    d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

    e. Failing to adequately control access to the premises;

    f. Failing to prevent entry of unauthorized individuals onto the premises;

    g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a motel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n. Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q. Failing to respond and react to suspicious activity detected on video surveillance;

r. Failing to maintain surveillance equipment in proper working order;

s. Failing to test or properly test surveillance equipment to ensure it was in working order;

t. Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises;

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

y. Failing to exercise care, caution and diligence required under the circumstances.

99. By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

100. As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

101. As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn.

102. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

## M.B. v. ALPHA-CENTURION SECURITY, INC.

103.    The averments of paragraphs 1 through 102 are incorporated herein by reference.

104.    Having undertaken responsibilities as aforesaid and the provision of security services at the Roosevelt Inn, Defendant Alpha-Centurion Security, Inc. owed a duty to protect the safety and well-being of individuals lawfully present at the motel, the motel's guests, the motel's employees, and the motel's property.

105.    Defendant Alpha-Centurion Security, Inc. failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff, although Defendant Alpha-Centurion Security, Inc. had knowledge of criminal activity, commercial sex activity and human trafficking occurring at the Roosevelt Inn.

106.    Defendant Alpha-Centurion Security, Inc., by and through its agents, ostensible agents, officers, servants, and/or employees, was negligent by:

a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b.  Failure to publish and/or post orders at the security posts providing protocols for security personnel to follow in circumstances involving criminal activity, commercial sexual activity and/or human sex trafficking;

c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e.  Failing to adequately control access to the premises;

f.   Failing to prevent entry of unauthorized individuals onto the premises;

g.   Failing to properly and adequately train and provide ongoing training to its security personnel including but not limited to ongoing training involving preventing and responding to commercial sexual activity and human sex trafficking;

h.   Failing to select and/or retain only personnel competent to provide proper and adequate security services;

i.   Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning prevention of violent and/or criminal acts on the premises;

n.   Failing to detect and respond to commercial sex activity and human sex trafficking at the Roosevelt Inn;

o.   Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

p.   Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

q.   Failing to respond and react to suspicious activity detected on video surveillance;

r.   Failing to maintain surveillance equipment in proper working order;

s.   Failing to test or properly test surveillance equipment to ensure it was in working order;

t.   Failing to utilize appropriate and/or required surveillance equipment;

u. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

v. Allowing individuals to come on to the premises for the express purpose of conducting commercial sex acts with Plaintiff;

w. Failing to prevent Plaintiff from being trafficked on the premises; and

x. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to§§ 302, 318, 321, 323, 324A, and 344.

107.    As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradations, mental distress, loss of enjoyment of life and loss of life's pleasures both in the past and in the future.

108.    As a result of Defendant Alpha-Centurion Security, Inc.'s negligence, Defendant Alpha-Centurion Security, Inc. breached its duty in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn including harm to Plaintiff.

109.    Each of the herein-described tortuous or otherwise culpable acts or omissions by Defendant Alpha-Centurion Security, Inc. increased the likelihood that Plaintiff would suffer the injuries set forth in this Complaint.

110.    Defendant Alpha-Centurion Security, Inc.'s negligence increased the risk of harm to Plaintiff and was a substantial factor in causing and continuing the harm and damages suffered by Plaintiff.

111.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc.  and demands compensatory and punitive damages in excess of

Case ID: 170300712
Control No.: 21060469

Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL

112.   The averments of paragraphs 1 through 111 are incorporated herein by reference.

113.   Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

114.   Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### M.B. v. ALPHA-CENTURION SECURITY, INC.

115.   The averments of paragraphs 1 through 114 are incorporated herein by reference.

116.   Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, negligently committed the acts averred in this

Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

117.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

<u>**COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>

<u>**M.B. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL**</u>

118.    The averments of paragraphs 1 through 117 are incorporated herein by reference.

119.    By knowingly renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel, individually and/or by and through their actual or apparent agents, servants and employees, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

120.    Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff M.B. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

Case ID: 170300712
Control No.: 21060469

delay.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## M.B. v. ALPHA-CENTURION SECURITY, INC.

121.    The averments of paragraphs 1 through 120 are incorporated herein by reference.

122.    By failing to report, intervene, disrupt or otherwise stop the trafficking of Plaintiff M.B., Defendant Alpha-Centurion Security, Inc., individually and/or by and through its actual or apparent agents, servants and employees, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

123.    By having knowledge of commercial sex activity and failing to intervene, Defendant Alpha-Centurion Security, Inc. intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and sever physical and emotional distress and proximately causing harm and damage to the Plaintiff.

124.    Defendant Alpha-Centurion Security, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff M.B. demands judgment in her favor and against Defendant Alpha-Centurion Security, Inc. and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**


BY: */s/ Nadeem A. Bezar*
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE

## VERIFICATION

I, M███ B███, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Second Amended Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.



M███ B███

Case ID: 170300712
Control No.: 21060469

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that service of a true and correct copy of the above Plaintiff's Second Amended Complaint was filed with the Court on August 27, 2018 and served by electronic filing upon counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
Daniel E. Oberdick, Esq.
<u>Blank Rome LLP</u>
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
<u>Marshall Dennehey Warner Coleman & Goggin</u>
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Defendant Alpha-Centurion Security, Inc.*

By:    */s/ Nadeem A. Bezar*
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
Attorney for Minor-Plaintiffs

FILED
02 JUN 2021 05:50 pm
Civil Administration
E. MEENAN

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude Testimony, Argument, or Opinion Regarding Unfounded Reports of Maltreatment, and any response in opposition thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Defendants are precluded from offering testimony, argument, or opinions regarding unfounded reports of maltreatment relating to Plaintiff M.B.'s parents. Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the Court.

**BY THE COURT**

_____
                                    J.

Case ID: 170300712
Control No.: 21060523

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY, ARGUMENT, OR OPINION REGARDING UNFOUNDED REPORTS OF MALTREATMENT

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable

Court enter an Order to Preclude Defendants from offering testimony, argument, or opinions

regarding unfounded reports of maltreatment relating to Plaintiff M.B.'s parents.  In support of

this Motion, Plaintiff respectfully submits, and incorporates herein, the attached Memorandum of

Law.

                                    **KLINE & SPECTER, P.C.**

                                    */s/Emily B. Marks*
                    **BY:** _____
                                    THOMAS R. KLINE, ESQUIRE
                                    NADEEM A. BEZAR, ESQUIRE
                                    EMILY B. MARKS, ESQUIRE
                                    KYLE B. NOCHO, ESQUIRE
                                    *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060523

**KLINE & SPECTER, P.C.**          Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY, ARGUMENT, OR OPINION REGARDING UNFOUNDED REPORTS OF MALTREATMENT

Plaintiff, by her counsel, Kline & Specter, P.C., respectfully submits this Memorandum of Law in Support of her Motion in Limine to Preclude Testimony, Argument, or Opinion Regarding Unfounded Reports of Maltreatment.

## I.    PRELIMINARY STATEMENT

It is anticipated that the Defendants will attempt to introduce testimony, argument, or opinion regarding unfounded reports of child neglect or abuse relating to M.B.'s parents. Defendants' psychiatric expert witness Dr. Barbara Ziv references past unfounded reports of child neglect relating to M.B.'s parents, and even references reports made before M.B. was born. It is apparent that Dr. Ziv's motivation to reference inherently unreliable reports that were determined not to be valid is to deflect attention from the Defendants in this case to M.B.'s parents. Dr. Ziv want this Court and Jury to believe that maltreatment occurred with respect to unfounded reports concerning M.B.'s parents even though an independent investigator determined that there was no evidentiary support for the allegations. By law, unfounded reports

Case ID: 170300712
Control No.: 21060523

are unexpunged after one year, so they cannot be used against those who are accused but ultimately cleared of the allegations made against them. As such, Dr. Ziv should be precluded from referencing or offering opinion based on unfounded reports.

## II.  QUESTIONS PRESENTED

1.  Should this Honorable Court preclude Defendants from soliciting testimony, opinions or argument regarding unfounded reports of maltreatment relating to M.B.'s parents?

> **SUGGESTED ANSWER:** *Yes. An unfounded report means there is no evidentiary for the allegation of maltreatment. It defies common logic for Ziv to opine that maltreatment occurred although a report was determined to be not valid and Ziv has no information about the facts and circumstances concerning the report.*

## II.  BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc. (hereinafter "Alpha"), as an additional defendant.

The Defendants have produced a report from their psychiatric expert witness Barbara Ziv, MD. <u>See</u> Dr. Ziv's Expert Report, attached as Exhibit "A". It is anticipated that the Defendants will attempt to introduce testimony from Dr. Ziv where she discusses unfounded reports of child abuse or neglect relating to M.B.'s parents. She makes entirely speculative opinions when she espouses that maltreatment occurred even though an independent investigator determined that there was no evidentiary support for the accusations. Further, Dr. Ziv was not

Case ID: 170300712
Control No.: 21060523

privy to the information or circumstances concerning the reports but now merely speculates that maltreatment must have occurred despite conclusions to the contrary from those involved in the investigations. Dr. Ziv's opinions that maltreatment occurred despite the report being unfounded is entirely speculative and would unfairly prejudice the jury against M.B. Therefore, the Court should preclude Defendants from soliciting this testimony.

III. **DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING THE UNQUALIFED, SPECULATIVE, AND UNDULY PREJUDICIAL OPINIONS OF THEIR EXPERT WITNESS BARBARA ZIV REGARDING UNFOUNDED REPORTS OF ALLEGED MALTREATMENT**

It is anticipated that Defendants will attempt to solicit improper testimony from their psychiatric expert witness Barbara Ziv, MD, where she discusses unfounded reports of maltreatment involving M.B.'s parents. Dr. Ziv refers to reports where M.B's parents were accused of not providing their children with proper clothing or housing: "[K.M.B.] came to the attention of the Philadelphia Department of Human Services before [M.B.] was born; in 1997, a case alleging neglect and abuse was founded." <u>See</u> Ex. A at page 9. This report is not relevant to any of the issues present in this case.

Dr. Ziv continues: "Between 2003 and 2006, multiple referrals to DHS were made, alleging that the children in [K.M.B.'s] household were inadequately supervised, attended, and lacked appropriate clothes and/or shelter." <u>See</u> Ex. A at page 9. Dr. Ziv admits that these reports were determined to be unfounded, but she uses them to opine on the lives of M.B.'s parents K.M.B. and R.B.: "Although these cases were unfounded, both [K.M.B.] and [R.B.] lived unstable lives." <u>See</u> Ex. A at page 9.

Despite that these reports were unfounded and the fact that Dr. Ziv was not involved in the investigations, Dr. Ziv offers speculative and baseless opinions on the "legitimacy" of the circumstances that led to the report being made: "That DHS did not substantiate the many

3

Case ID: 170300712
Control No.: 21060523

allegations of neglect/abuse reported regarding [M.B.] has little, if any, bearing on either their

legitimacy or the negative consequences for [M.B.]." <u>See</u> Ex. A at page 10. Dr. Ziv then parrots

the opinions of another person to erroneously conclude that unfounded reports are evidence of

maltreatment despite a finding of no maltreatment:

> In fact, the children with unsubstantiated reports differed from children with no maltreatment reports on more dimensions than did children with substantiated reports. These results lend support to the argument that many reports are unfounded because the amount of available information is not sufficient to meet evidentiary requirements or because of other systemic issues rather than the absence of maltreatment. Although certainly there are some reports that are filed erroneously with no basis of validity, there are also many reports that reflect legitimate concerns for children's well-being that may not cross the threshold to warrant state intervention. Drake et al. (2003) have demonstrated high rates of recidivism in the CPS system for unsubstantiated reports, and the authors report that "clearly . . . these cases are not simply erroneous reports made against families unlikely to engage in child maltreatment" (p. 257). Evidence that children who receive unsubstantiated reports are functioning as maladaptively as children with substantiated reports has tremendous social policy implications. The reports that are unsubstantiated may, nevertheless, reflect dysfunction in families who could benefit from support and therapeutic preventive programming. A better understanding of the issues that contribute to increased behavior problems, depressive symptoms, traumatic stress, and dissociative symptoms for these children could target preventive programs to assist these children in developing more positive coping skills and the families to avoid the Child Welfare system.

<u>See</u> Ex. A at page 10.

Dr. Ziv refers to a report where M.B.'s mother was said to have made M.B. have sex with

men which was ultimately denied by M.B. and determined to be unfounded:

> The path by which [M.B.] became involved in sex trafficking is not completely known. While Daiquan Davis is the person most frequently held responsible for prostituting [M.B.], on March 20, 2016, [M.B.] told Gina Valenziano that family and friends were responsible for getting her involved in sex trafficking. Given this statement, in conjunction with K.M.B.'s long history of crack cocaine and heroin abuse, K.M.B.'s inability to house or feed her children, her persistent financial instability, and her history of reckless, illegal behaviors, [M.B.'s] report on August 16, 2015 that a year previously her mother made her have sex with numerous men for money and crack cocaine cannot be discounted. [M.B.] later claimed that she lied about this allegation, but the recantation occurred in the context of her concerns that she would be returned to the custody of DHS.

<div align="center">4</div>

Case ID: 170300712
Control No.: 21060523

<u>See</u> Ex. A at page 12.[1]  Dr. Ziv relies on a report determined by DHS to be unfounded to speculate that M.B.'s mother was responsible for her becoming the victim of sex trafficking. Dr. Ziv's opinions are not based in fact and are inherently unreliable as she relies upon unfounded reports.  Dr. Ziv concedes that she does not know the cause of how M.B. became a victim of sex trafficking: "The path which [M.B] became involved in sex trafficking is not completely not completely known."  Dr. Ziv should be precluded from relying upon unfounded reports to speculate that M.B.'s mother made her have sex with men because this report was ultimately unfounded and denied by M.B.

Admission of evidence is within the sound discretion of the trial court.  <u>American Future Systems, Inc. v. Better Business Bureau</u>, 872 A.2d 1202, 1212 (Pa. Super. Ct. 2005) (citing (<u>Smalls v. Pittsburgh Corning Corp.</u>, 843 A.2d 410, 413 (Pa. Super. Ct. 2004)).  In determining, the admissibility of evidence, the trial court must decide whether the evidence is relevant and, if so, whether its probative value outweighs its prejudicial effect.  <u>Commonwealth v. Cruise</u>, 536 Pa. 508, 604 A.2d 395 (Pa. 1994).  The Pennsylvania Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence."  Pa. Re. Evid. 401, <u>Commonwealth v. Spiewak</u>, 617 A.2d 696, 699 (Pa. 1993).  ("Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or assumption regarding the existence of a material fact").  Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or confusion of the issues.  Pa. R. E. 403.  Unfair prejudice is a "tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of

---

[1] This opinion by Dr. Ziv is also the subject of Plaintiff's Motion in Limine to Preclude Speculative Opinions on Liability by Defendants' Psychiatric Expert Barbara Ziv.

5

Case ID: 170300712
Control No.: 21060523

weighing the evidence impartially." Pa. R. E. 403, Comment; <u>Sprague v. Walker</u>, 656 A.2d 890 (Pa. Super. 1995).

First, the Court should preclude Defendants from offering opinions from Dr. Ziv about the alleged "legitimacy" of unfounded reports of alleged maltreatment, because such opinions are entirely speculative and not based on any reliable fact. Further, Dr. Ziv has no specialized training or experience to give an opinion about the "legitimacy or the negative consequences" of unfounded reports of child abuse or neglect. She is a psychiatric expert. She has no experience or specialized training in the fields of social work, the child welfare system, or generally the investigation of reports of child maltreatment in Philadelphia.

The Court should preclude Defendants from offering speculative and unduly prejudicial opinions from Dr. Ziv regarding unfounded reports of child abuse or neglect relating to M.B.'s parents. Dr. Ziv's references to unfounded reports include highly prejudicial statements about M.B.'s mother, which DHS determined to be not valid after conducting an investigation. She also references unfounded allegations that M.B.'s parents failed to supervise their children and did not provide them with appropriate clothes and/or shelter reports of maltreatment that were made before M.B. was even born with no apparent connection to M.B. Such statements have a "tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa. R. E. 403, Comment.

An unfounded report means that there is no evidentiary support for the accusation of maltreatment. 23 Pa. C.S. § 6303. Unfounded reports are inherently unreliable and highly prejudicial, which is why Pennsylvania's Child Protective Services Law mandates the expungement of unfounded reports from the statewide database after one year from the date that the report was determined to be unfounded. <u>See</u> 23 Pa. C.S. 6337 ("Following the expiration of one year after the date the report was received by the department, the report shall be expunged

6

Case ID: 170300712
Control No.: 21060523

from the Statewide database, as soon as possible … The expunction shall be mandated and guaranteed by the department."). By law, these unfounded reports regarding M.B.'s parents should have been expunged. Defendants should not get to use or refer to unfounded reports simply because they appear in M.B.'s DHS records.

Dr. Ziv's opinions that she bases on unfounded reports should clearly be prohibited, because she relies on inherently unreliable evidence and focuses on unduly prejudicial facts to smear M.B. and her parents. See Collins v. Hand, 246 A.2d 398, 404 (Pa. 1968) ("No matter how skilled or experienced the witness may be, he will not be permitted to guess or state a judgment based on mere conjecture."); Blum v. Merril Dow Pharmaceuticals, Inc., 705 A. 2d 1314, 1322 (Pa. Super. Ct. 1997), aff'd 764 A.2d 1 (Pa. 2000) (reasoning that cross examination is not the appropriate tool to test the speciousness or accuracy of an expert's testimony where the testimony is not based on reliable methodology).

Dr. Ziv's opinion is mere conjecture and not properly supported expert testimony in relying on unfounded reports and making unqualified opinions about the legitimacy of unfounded reports. See Gillingham v. Consol Energy, Inc., 2012 PA Super 133, 51 A.3d 841, 849 (2012) ("[E]xpert testimony is incompetent if it lacks an adequate basis in fact. While an expert's opinion need not be based on absolute certainty, an opinion based on mere possibilities is not competent evidence."); Com. v. Gonzalez, 2015 PA Super 13, 109 A.3d 711, 727 (2015) (ruling that reasoning that an expert opinion based "on mere possibilities" was properly excluded); Com. v. Saylor, No. 2020 MDA 2019, 2021 WL 797187, at *6 – *9 (Pa. Super. Ct. Mar. 2, 2021) (reasoning that expert's opinion based on "pure conjecture" was properly excluded).

Case ID: 170300712
Control No.: 21060523

Plaintiff this asks the Court to grant Plaintiff's Motion, entering the attached order precluding unqualified, speculative, and unduly prejudicial opinions relying on unfounded reports of alleged maltreatment.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

8

Case ID: 170300712
Control No.: 21060523

<u>**VERIFICATION**</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Plaintiff's Motion in Limine to Preclude Testimony, Argument, or Opinion Regarding Unfounded Maltreatment*** was filed with the Court on June 2, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

# EXHIBIT A

Case ID: 170300712
Control No.: 21060523

# Redacted

Case ID: 170300712
Control No.: 21060523

FILED
02 JUN 2021 03:43 pm
Civil Administration
F. HEWITT

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude the Unqualified and Speculative Opinions, Testimony or Argument that M.B. was "Sexually Mature" and that M.B.'s Intellectual Challenges were Caused by Parental Neglect, and any response in opposition thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Defendants are precluded from offering testimony, argument, or opinions from expert witness Barbara Ziv speculating about M.B.'s "sexual maturity" or that M.B.'s parents caused M.B.'s intellectual changes. Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the Court.

**BY THE COURT**

_____
J.

Case ID: 170300712
Control No.: 21060455

**KLINE & SPECTER, P.C.**         Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE UNQUALIFIED AND SPECULATIVE OPINIONS THAT M.B. WAS 'SEXUALLY MATURE" AND THAT M.B.'S INTELLECTUAL CHALLENGES WERE CAUSED BY PARENTAL NEGLECT

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable

Court enter an Order to Preclude Defendants from offering testimony, argument, or opinion from

expert witness Dr. Barbara Ziv speculating about the physical appearance and the sexual

maturity of Plaintiff M.B. at the time that she was a victim of sex trafficking as well as the cause

of M.B.'s intellectual challenges.  In support of this Motion, Plaintiff respectfully submits, and

incorporates herein, the attached Memorandum of Law.

                         **KLINE & SPECTER, P.C.**

                         */s/Emily B. Marks*
**BY:** _____
                         THOMAS R. KLINE, ESQUIRE
                         NADEEM A. BEZAR, ESQUIRE
                         EMILY B. MARKS, ESQUIRE
                         KYLE B. NOCHO, ESQUIRE
                         *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060455

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRECLUDE UNQUALIFIED AND SPECULATIVE OPINIONS, TESTIMONY OR ARGUMENT THAT M.B. WAS "SEXUALLY MATURE" AND THAT M.B.'s INTELLECTUAL CHALLENGES WERE CAUSED BY PARENTAL NEGLECT

Plaintiff, by her counsel, Kline & Specter, P.C., respectfully submits this Memorandum of Law in Support of her Motion in Limine to Preclude Defendants from offering unqualified and speculative opinions, testimony, argument, concerning M.B.'s sexual maturity or the cause of intellectual challenges.

## I.    PRELIMINARY STATEMENT

It is anticipated that the Defendants will attempt to introduce testimony from their expert witness Dr. Barbara Ziv regarding opinions made by Dr. Ziv that M.B. "was sexually mature" at the time M.B. was a victim of sex trafficking and that "it could not be determined by her physical appearance" that she was under 18 years old.  See Ex. A at page 17 and 48.  This opinion is mere conjecture and improper expert opinion lacking foundation.  As a psychiatrist, Dr. Ziv is unqualified to give this opinion as she has no training, experience, or experience treating patients

in the field of pediatrics, obstetrics, or gynecology.  Therefore, the Court should preclude this potential testimony.

It is also expected that Defendants will solicit opinions from Dr. Ziv who opines that M.B. has "intellectual challenges" caused from parental neglect, despite also opining the causes of M.B.'s intellectual challenges cannot be known.  Dr. Ziv is not qualified to offer opinions on the cause of M.B.'s intellectual challenges that she recklessly and without any basis or support attributes to M.B.'s parents.

Therefore, the Court should preclude any such speculative opinions, testimony or argument concerning M.B.'s sexual maturity or the cause of M.B.'s intellectual challenges.

## II.     QUESTIONS PRESENTED

1. Should this Honorable Court preclude Defendants from soliciting speculative opinions or testimony about M.B.'s "sexual maturity" and that M.B.'s intellectual challenges were caused by parental neglect?

    **SUGGESTED ANSWER:**    *Yes. Expert opinions cannot be speculative and based on mere conjecture and Dr. Ziv is not qualified to offer such opinions.*

## II.     BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc. (hereinafter "Alpha"), as an additional defendant.

Case ID: 170300712
Control No.: 21060455

The Roosevelt Defendants have produced a report from expert witness Barbara Ziv, MD. See Expert Report of Barbara Ziv, attached as Exhibit "A". It is anticipated that the Roosevelt Defendants will attempt to introduce testimony from Dr. Ziv regarding opinions made by Dr. Ziv that M.B. "was sexually mature" at the time M.B. was a victim of sex trafficking and that "it could not be determined by her physical appearance" that she was under 18 years old. See Ex. A at page 17 and 48. This opinion is mere conjecture and improper expert opinion lacking foundation. As a psychiatrist, Dr. Ziv is unqualified to give this opinion as she has no training, experience, or experience treating patients in the field of pediatrics, obstetrics, or gynecology.

Further, Dr. Ziv opines that the causes of M.B.'s intellectual challenges can never be fully known, yet she then goes on to speculate that M.B.'s intellectual challenges stem from parental neglect. See Ex. A at page 15. This type of opinion is speculative and mere conjecture, which is not proper expert testimony. Therefore, the Court should preclude it.

## III. DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING IMPROPER, UNQUALIFIED AND SPECULATIVE OPINIONS ABOUT M.B.'S "SEXUAL MATURITY" AND THAT M.B.'S PARENTS CAUSED M.B.'S INTELLECTUAL CHALLENGES

It is anticipated that Defendants will attempt to offer improper testimony from expert witness Barbara Ziv, MD, where she opines on the sexual maturity of Plaintiff M.B. and speculates about how old M.B. would have appeared at the time that she was a victim of sex trafficking.

Dr. Ziv provides a prelude to this improper testimony in her expert report, where she writes:

> [M.B.] went through puberty early, either at age eight, according to one record, or age ten, according to other medical records. That [M.B.] reached menarche at such a young age means that by the age of 11 or 12, she would have developed all secondary sexual characteristics. Even most pediatricians would not be able to tell

Case ID: 170300712
Control No.: 21060455

the difference between a sexually mature 13-year-old and an 18-year-old.

 See Ex. A at page 17.

Dr. Ziv continues: "[M.B.] was sexually mature at the time she was engaging in commercial sex acts at the Roosevelt Inn. That she was under the age of 18 could not be determined by her physical appearance." See Ex. A at page 48.

This type of testimony is improper on a number of grounds. First, Dr. Ziv cites to no authority for her contention that M.B. developed all secondary sexual characteristic at age 11 or 12. Dr. Ziv's opinion is outrageous, not based in fact and shockingly implies that M.B.'s traffickers were justified in selling her for sex because she looked older. See Kravinsky v. Glover, 263 Pa. Super. 8, 19, 396 A.2d 1349, 1355 (1979) ("Expert testimony is incompetent if it lacks an adequate basis in fact or if the manner in which it is expressed is deficient."); Blum v. Merril Dow Pharmaceuticals, Inc., 705 A. 2d 1314, 1322 (Pa. Super. Ct. 1997), aff'd 764 A.2d 1 (Pa. 2000) (reasoning that cross examination is not the appropriate tool to test the speciousness or accuracy of an expert's testimony where the testimony is not based on reliable methodology); Marion v. Bryn Mawr Tr. Co., 2021 PA Super 18 (Feb. 16, 2021), reargument denied (Apr. 28, 2021) (reasoning that the trial court erred by allowing the admission of expert testimony that lacked a factual basis for some of the assumptions made by the expert).

Second, Dr. Ziv's opinion about M.B.'s sexual maturity is also improper, because Dr. Ziv is a psychiatrist lacking training or experience regularly treating patients in the fields of pediatrics, obstetrics, or gynecology. Testimony about when a child reaches sexual maturity, a child's development of secondary sexual characteristics, and what pediatricians would be able to notice are not opinions that a psychiatrist is qualified to provide. Dr. Ziv has no specialized training or experience in the medical fields necessary to be able provide expert testimony in this

4

Case ID: 170300712
Control No.: 21060455

area, even if the testimony were supported by evidence in the record, which it is not.  See Miller v. Brass Rail Tavern, Inc., 541 Pa. 474, 480–81, 664 A.2d 525, 528 (1995) ("The test to be applied when qualifying an expert witness is whether the witness has any reasonable pretension to specialized knowledge on the subject under investigation. If he does, he may testify and the weight to be given to such testimony is for the trier of fact to determine."); see also Int. of L.V., 2019 PA Super 144, 209 A.3d 399, 413 – 14 (2019) (affirming trial court decision to qualify witness as expert in vitamin D deficiency based on witness's research focus in the area, while not qualifying the witness as an expert in the field of endocrinology); Wexler v. Hecht, 2004 PA Super 95, ¶ 10, 847 A.2d 95, 98 (2004), aff'd, 593 Pa. 118, 928 A.2d 973 (2007) (reasoning that podiatrist was not qualified to give expert opinion about the standard of care for orthopedic surgeon); Viguers v. Philip Morris USA, Inc., 2003 PA Super 446, ¶ 14, 837 A.2d 534, 539 (2003), aff'd, 584 Pa. 120, 881 A.2d 1262 (2005) (reasoning that medical doctor was not qualified to be an expert opining on the alleged defective design of cigarette).

It is anticipated that Defendants will attempt to offer improper testimony from Dr. Ziv who speculates that the cause of M.B.'s intellectual challenges is parental neglect.

Dr. Ziv provides the following opinion:

> Early childhood neglect can result in brain changes that impair learning, reasoning, and other cognitive skills.  ***Although the causes of [M.B.'s] intellectual challenges can never be fully known,*** it is likely that parental neglect/abuse contributed to her difficulties.  Not only was [M.B.] tragically behind her peers academically as a result of her mother's neglect, [M.B.'s mother's] non-existent parenting prevented teachers from identifying these early and offering supports to [M.B.]

See Ex. A at page 15.  Contrary to Dr. Ziv's unqualified and speculative opinions, according to M.B.'s school records, M.B. had a learning disability that went undetected for years. Nowhere in

Case ID: 170300712
Control No.: 21060455

M.B.'s school records does it state that M.B.'s intellectual challenges were caused by parental neglect.

Dr. Ziv is a psychiatrist. She has no training, experience or knowledge in the field of childhood education or with regard to the cause of learning disabilities or challenges. Quite simply, Dr. Ziv is not qualified to offer such opinions and she concedes her opinions are mere conjecture. Dr. Ziv provides no support or authority for her speculative opinions. The Court should thus preclude Dr. Ziv from offering this improper testimony at trial.

Plaintiff thus respectfully requests that this Honorable Court enter the proposed Order attached to this Motion precluding Dr. Ziv from offering unqualified, unsupported opinions about Plaintiff M.B.'s sexual maturity and that M.B.'s intellectual disabilities were caused by parental neglect.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060455

<u>**VERIFICATION**</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

<div style="margin-left:40%;">

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

</div>

Case ID: 170300712
Control No.: 21060455

<u>**CERTIFICATE OF SERVICE**</u>

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Motion in Limine to Preclude Unqualified and Speculative Opinions, Testimony, or Argument that M.B. was "Sexually Mature" and that M.B's Intellectual Challenges were Caused by Parental Neglect*, was filed with the Court on June 2, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Case ID: 170300712
Control No.: 21060455

# EXHIBIT A

Case ID: 170300712
Control No.: 21060455

# Redacted

Case ID: 170300712
Control No.: 21060455

FILED
02 JUN 2021 06:32 pm
Civil Administration
E. MEENAN

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude the Testimony and Opinions of Expert Witness David Webb Regarding Irrelevant Statistics, and any response in opposition thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.  Expert Witness David Webb is precluded from offering testimony and opinions regarding irrelevant statistics, not applicable to the relevant time at issue in this case.

**BY THE COURT**

_____
                                                            J.

Case ID: 170300712
Control No.: 21060529

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY AND OPINIONS OF EXPERT WITNESS DAVID WEBB REGARDING IRRELEVANT STATISTICS

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable

Court enter an Order to Preclude Defendants from offering testimony or opinions from the expert

witness David Webb regarding irrelevant statistics, not applicable to the relevant time at issue in

this case.  In Support of this Motion, Plaintiff respectfully submits, and incorporates herein, the

attached Memorandum of Law.

                                        **KLINE & SPECTER, P.C.**

                                        */s/Emily B. Marks*
                            **BY:** _____
                                        THOMAS R. KLINE, ESQUIRE
                                        NADEEM A. BEZAR, ESQUIRE
                                        EMILY B. MARKS, ESQUIRE
                                        KYLE B. NOCHO, ESQUIRE
                                        *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060529

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRECLUDE THE TESTIMONY AND OPINIONS OF EXPERT WITNESS DAVID WEBB REGARDING IRRELEVANT STATISTICS

Plaintiff M.B., by her counsel, Kline & Specter, P.C., respectfully submits this

Memorandum of Law in Support of her Motion to Preclude the Testimony and Opinions of

Expert Witness David Webb.

**I.      PRELIMINARY STATEMENT**

It is anticipated that Defendant Alpha-Centurion Security, Inc. ("Alpha") will attempt to

offer improper testimony from expert witness David Webb, which is relies upon irrelevant

statistics not applicable to the relevant time at issue in this case. The Court should deny this

attempt by this witness to provide inappropriate expert testimony, which is not reliable and

would mislead the jury.

**II.     QUESTIONS PRESENTED**

1. Should this Honorable Court preclude expert witness David Webb's testimony and
   opinions regarding irrelevant statistics about human trafficking from a time not
   applicable to this case?

Case ID: 170300712
Control No.: 21060529

**SUGGESTED ANSWER:** *Yes. His opinions lack the proper foundation required for expert testimony.*

## II. BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc. (hereinafter "Alpha"), as an additional defendant.

Defendant Alpha retained the expert witness David Webb PhD who produced two expert reports. On May 26th, 2020, Defendant provided a report by David Webb and then provided a "revised expert report" from David Webb on May 27th, 2020. See David Webb's Expert Reports attached as Exhibit A and B. The only difference between the reports is that the second report states that the report's opinions were "stated within a reasonable degree of certainty in my field." See Ex. B at page 3.

## III. DEFENDANT ALPHA SHOULD BE PRECLUDED FROM OFFERING THE TESTIMONY AND OPINIONS OF EXPERT WITNESS DAVID WEBB REGARDING IRRELEVANT STATISTICS NOT APPLICABLE TO THE TIME AT ISSUE IN THIS CASE

It is anticipated that Defendant Alpha will attempt to offer improper testimony from expert witness David Webb regarding statistics relating to human trafficking not applicable to the time at issue in this case. This opinion misleads the jury from considering relevant evidence in determining whether Defendants' actions and omissions fell below the standard of care. The Court should therefore preclude Defendants from offering this testimony at trial.

2

Case ID: 170300712
Control No.: 21060529

In David Webb's reports, he provides a prelude to this improper testimony where he writes:

> The Federal 2018 Human Trafficking Report [5] identifies that within the State of Pennsylvania 11 new cases were initiated, there were 42 active cases, and that 10 defendants were convicted. Of the active cases 92.9% were for sex trafficking. I am unable to say whether these cases were for domestic or international trafficking.
>
> However, the State prosecuted 1143 defendants for prostitution in 2017.
>
> What does this mean? If, due to the length of time it takes for trafficking cases to be resolved, generally over 12 months, and we add together the new and active cases (53), comparing them to the number of arrests for prostitution (1143), we have a percentage of 4.6%. Therefore 95.4% of arrests were for prostitution, not for trafficked females under the age of 18.

See Exhibits A & B at page 2.

"No matter how skilled or experienced the witness may be, he will not be permitted to guess or state a judgment based on mere conjecture." Collins v. Hand, 246 A.2d 398, 404 (Pa. 1968). The trial court acts as gatekeeper to preclude the presentation to the jury of unreliable and untrustworthy expert conclusions. Blum v. Merril Dow Pharmaceuticals, Inc., 705 A. 2d 1314, 1322 (Pa. Super. Ct. 1997), aff'd 764 A.2d 1 (Pa. 2000). Cross Examination is not the appropriate tool to test the speciousness or accuracy of an expert's testimony where the testimony is not based on reliable methodology. Id.

The Federal 2018 Human Trafficking Report cited by David Webb is an improper basis for Mr. Webb's opinions. Plaintiff M.B. was a victim of sex trafficking when she was a minor from approximately January 2014 through June 6, 2014. The report relied upon by David Webb cites information related to criminal prosecutions of sex trafficking in 2018, not 2014. Webb is relying on this data about prosecutions from 2018 to opine about the frequency of sex trafficking occurring in 2014, which is speculative and not properly supported as is required for expert testimony. See Gillingham v. Consol Energy, Inc., 2012 PA Super 133, 51 A.3d 841, 849 (2012) ("[E]xpert testimony is incompetent if it lacks an adequate basis in fact. While an expert's

Case ID: 170300712
Control No.: 21060529

opinion need not be based on absolute certainty, an opinion based on mere possibilities is not competent evidence."); <u>Com. v. Gonzalez</u>, 2015 PA Super 13, 109 A.3d 711, 727 (2015) (ruling that reasoning that an expert opinion based "on mere possibilities" was properly excluded); <u>Com. v. Saylor</u>, No. 2020 MDA 2019, 2021 WL 797187, at *6 – *9 (Pa. Super. Ct. Mar. 2, 2021) (reasoning that expert's opinion based on "pure conjecture" was properly excluded).

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter the proposed Order precluding David Webb's improper expert testimony regarding irrelevant statistics not applicable to the time at issue in this case.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060529

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

**BY:** _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Motion in Limine to Preclude the Testimony and Opinions of Expert Witness David Webb Regarding Irrelevant Statistics*, was filed with the Court on June 2, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

# EXHIBIT A

Case ID: 170300712
Control No.: 21060529

Redacted

Case ID: 170300712
Control No.: 21060529

# EXHIBIT B

Case ID: 170300712
Control No.: 21060529

# Redacted

Case ID: 170300712
Control No.: 21060529

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| | : | |
| Plaintiff, | : | CIVIL ACTION – LAW |
| | : | |
| v. | : | MARCH TERM, 2017 |
| | : | Civil Action No.: 00712 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| v. | : | |
| | : | |
| DAIQUAN DAVIS AND ABDUL LOPEZ, | : | |
| | : | |
| Additional Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion in Limine to Exclude Hearsay Statement, it is hereby ORDERED that said Motion is GRANTED. Plaintiff is PRECLUDED from proffering the hearsay "statement" of Keith Fenwick.

**BY THE COURT:**

_____
                                                    J.

150213.00601/124246811v.1

Case ID: 170300712
Control No.: 21060533

**BLANK ROME LLP**
BY: Charles S. Marion. Esquire
Attorney I.D. No. 56509
Kevin M. Eddy, Esquire
Attorney I.D. No. 92904
Justina L. Byers, Esquire
Attorney I.D. No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn, UFVS*
*Management Company, LLC and Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | |
| v. | MARCH TERM, 2017 NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | JURY TRIAL DEMANDED |
| Defendants, | |
| v. | |
| DAIQUAN DAVIS and ABDUL LOPEZ | |
| Additional Defendants. | |

## MOTION IN LIMINE TO PRECLUDE AND EXCLUDE
## HEARSAY SUMMARY OF INTERVIEW OF KEITH FENWICK

Case ID: 170300712
Control No.: 21060533

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (hereinafter collectively "the Roosevelt Defendants"), by and through their undersigned attorneys, hereby move the Court to enter an Order excluding and precluding Plaintiff from introducing a document purporting to be a summary of an interview with witness Keith Fenwick ("Fenwick"), misidentified by Plaintiff as a "statement" of Keith Fenwick. The so-called "statement" is a handwritten document prepared by someone other than Fenwick and is inadmissible hearsay. In support of this motion, the Roosevelt Defendants aver as follows:

1. Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc. Plaintiff amended her Complaint multiple times. Her most recent Amended Complaint is based solely on claims of common law negligence. In addition, Plaintiff's most recent Complaint narrows the time period of her alleged trafficking to several months in the first half of 2014. Plaintiff alleges she was the victim of sex trafficking at numerous locations, including the Roosevelt Inn.

2. Since 2007, the Roosevelt Inn has contracted with security firm Alpha to provide for security officers to be posted at the hotel during the overnight hours. From 2007 to 2014, the Roosevelt Inn had an Alpha security officer on duty during the overnight hours on Friday and Saturday nights. In March 2014, the Roosevelt Inn requested that Alpha supply a security officer for the overnight hours on Sunday nights as well.

3. During discovery in this matter, the parties deposed Keith Fenwick, a former security officer employee of Alpha. Fenwick testified he was assigned to the Roosevelt Inn for a year and two months in 2013 and early 2014.

2

Case ID: 170300712
Control No.: 21060533

4.      Shortly before his September 26, 2019 deposition, Fenwick apparently was interviewed by an investigator working on behalf of Plaintiff.  Plaintiff produced a photocopy of a handwritten summary purportedly of the investigator's interview with Fenwick.  Exhibit A. This summary is identified in Plaintiff's Pretrial Memorandum as a trial exhibit and is named "Statement of K.F."

5.      The summary is written in the third person and contains information about Keith Fenwick.  For example, the summary states that "Keith learned about Backpage from working at the hotel."  Moreover, the handwriting of the summary is not the same as Fenwick's purported signature at the bottom of the last page.

6.      The summary is clearly inadmissible hearsay and must be excluded from the trial in this matter.

7.      Fenwick was deposed on September 26, 2019.  Accordingly, the parties had the opportunity to question Fenwick and he had the opportunity to provide information directly while under oath.

8.      Because the purported summary of an investigator's interview with Fenwick is inadmissible hearsay, Plaintiff must be precluded from offering the "Statement of K.F." as evidence at the trial in this matter.

## LEGAL ARGUMENT

### A.      The Purported Interview Summary is Inadmissible Hearsay

9.      The written statement of Plaintiff's counsel's investigators misnamed as "Statement of K.F." is inadmissible hearsay.  "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement." *Commonwealth v. Begley*, 780 A.2d 605, 623 (Pa. 2001); Pa. R. E. 801.  A hearsay statement is inadmissible unless it falls into one of the

3

Case ID: 170300712
Control No.: 21060533

enumerated exceptions set forth in the Pennsylvania Rules of Evidence. See Pa. R. E. 802. None of the exceptions set forth in P. R.E. 803 applies to unauthenticated handwritten purported summary of an interview.

10.    Hearsay "evidence" is not admissible at trial because it is considered unreliable given that the speaker was not under oath and not subject to the opposing party's cross examination.

11.    Decisions on admissibility are within the sound discretion of the trial court. *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 391 (Pa. Super. 2015) (citing *Phillips v. Lock*, 86 A.3d 906, 920 (Pa. Super. 2014)). See also *Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa. 2015); *Sprague v. Walter*, 656 A.2d 890, 909 (Pa. Super. 1995).

12.    The document in question was not written by the would-be declarant and does not contain a first person account of information provided under oath and subject to cross examination. It is inherently unreliable and must be excluded.

WHEREFORE, the Roosevelt Defendants respectfully request this Court enter the attached Order to exclude as inadmissible hearsay the purported summary of an interview with Keith Fenwick, misidentified by Plaintiff as "Statement of K.F."

4

Case ID: 170300712
Control No.: 21060533

**BLANK ROME LLP**

Dated: June 2, 2021

<u>/s/ Charles S. Marion</u>
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

5

Case ID: 170300712
Control No.: 21060533

**BLANK ROME LLP**
BY: Charles S. Marion. Esquire
Attorney I.D. No. 56509
Kevin M. Eddy, Esquire
Attorney I.D. No. 92904
Justina L. Byers, Esquire
Attorney I.D. No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn, UFVS*
*Management Company, LLC and Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | |
| v. | MARCH TERM, 2017 NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | JURY TRIAL DEMANDED |
| Defendants, | |
| v. | |
| DAIQUAN DAVIS and ABDUL LOPEZ | |
| Additional Defendants. | |

**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO PRECLUDE AND EXCLUDE
HEARSAY SUMMARY OF INTERVIEW OF KEITH FENWICK**

Case ID: 170300712
Control No.: 21060533

## I.     MATTER BEFORE THE COURT

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (hereinafter collectively "the Roosevelt Defendants"), by their undersigned attorneys, hereby file this memorandum of law in support of their motion to preclude and exclude a document purporting to contain a summary of an interview with witness Keith Fenwick, a former employee of defendant Alpha-Centurion Security, Inc. ("Alpha") (the "Motion).

## II.    QUESTION INVOLVED

Should the Court grant the Motion of the Roosevelt Defendants and exclude the hearsay purported interview summary?

Suggested answer:  Yes.

Plaintiff has indicated her intent to introduce at trial a document that is clearly inadmissible hearsay.  Plaintiff misidentifies the document as a statement of a witness, Keith Fenwick ("Fenwick").  The document, written by hand by an unknown person, purportedly summarizing an interview with Fenwick is rank hearsay and should be excluded from the trial in this matter.

## III.   FACTUAL BACKGROUND

Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc. ("Alpha").  In her Complaint, Plaintiff alleges that over a time period in 2014, she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises on a "regular, consistent and/or repeated basis."

2

Case ID: 170300712
Control No.: 21060533

Plaintiff produced in discovery a photocopy of a handwritten document bearing two dates, September 16, 2019 and September 18, 2019. Exhibit A. The first and fourth pages of the document contain the name and address of Keith Fenwick. Fenwick was identified as a former employee of defendant Alpha, who had been assigned to work as a security officer at the Roosevelt Inn in 2013 and early 2014. Though Plaintiff has labeled the subject document as "Statement of K.F.," the document refers to Fenwick in the third person and was clearly written by someone else, whose identity is unknown. In the third page of the document, the author notes that he or she told Fenwick that he or she works for "Kline & Specter, att. Emily Marks, who has filed a civil suit against the Roosevelt Inn."

Fenwick was deposed in this matter on September 26, 2019. Accordingly, he provided testimony under oath and was subject to cross examination by all parties. The purported summary document, however, is a second hand account of another declarant's "statement." The summary clearly is inadmissible hearsay, which must be excluded.

## IV.    ARGUMENT

### A.    <u>The Purported Summary Document is Inadmissible Hearsay</u>

The summary document Plaintiff has mislabeled as a "Statement of K.F." is hearsay and must be excluded. "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement." *Commonwealth v. Begley*, 780 A.2d 605, 623 (Pa. 2001); Pa. R. E. 801. Even if the summary document were to be considered a statement of Keith Fenwick, it nonetheless falls squarely within the definition of hearsay; *i.e.*, it is a "statement" that a declarant made not while testifying and which a party seeks to offer as evidence to prove the truth of the matter asserted. Pa. R. E. 801(c).

3

Case ID: 170300712
Control No.: 21060533

A hearsay statement is inadmissible unless it falls into one of the enumerated exceptions set forth in the Pennsylvania Rules of Evidence. See Pa. R. E. 802. None of the exceptions set forth in P. R. E. 803 applies to the handwritten summary mistagged by Plaintiff as a "Statement of K.F." Accordingly, the document must be excluded from the trial in this matter.

## V.    **RELIEF REQUESTED**

Pursuant to Pennsylvania Rule of Evidence 801, the Roosevelt Defendants respectfully request this Court enter the attached Order excluding from the trial the summary document misidentified by Plaintiff as "Statement of K.F."

**BLANK ROME LLP**

Dated: June 2, 2021

*/s/ Charles S. Marion*
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
      keddy@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

4

Case ID: 170300712
Control No.: 21060533

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby certify that, on this 2nd day of June 2021, I caused true and correct copies of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion in Limine to Exclude the Hearsay Summary of Interview with Keith Fenwick and accompanying memorandum of law to be served via the Court's electronic filing system and/or electronic mail and/or First Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Case ID: 170300712
Control No.: 21060533

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN  47808

*Additional Defendant*

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

*/s/ Justina L. Byers*
JUSTINA L. BYERS

150213.00601/124246811v.1

Case ID: 170300712
Control No.: 21060533

|                                                                  |   |                                  |
|------------------------------------------------------------------|---|----------------------------------|
| M.B., minor by her Guardian,                                     | : | IN THE COURT OF COMMON PLEAS     |
| William A. Calandra, Esquire,                                    | : | PHILADELPHIA COUNTY              |
|                                                                  | : |                                  |
| Plaintiff,                                                       | : | CIVIL ACTION – LAW               |
|                                                                  | : |                                  |
| v.                                                               | : | MARCH TERM, 2017                 |
|                                                                  | : | Civil Action No.:  00712         |
| ROOSEVELT INN LLC d/b/a ROOSEVELT                                | : |                                  |
| INN and ROOSEVELT INN CAFÉ,                                      | : |                                  |
| ROOSEVELT MOTOR INN, INC. d/b/a                                  | : |                                  |
| ROOSEVELT MOTOR INN, UFVS                                        | : |                                  |
| MANAGEMENT COMPANY, LLC, YAGNA                                   | : |                                  |
| PATEL and ALPHA-CENTURION                                        | : |                                  |
| SECURITY, INC. d/b/a ALPHA CENTURION                             | : |                                  |
| SECURITY INC.                                                    | : |                                  |
|                                                                  | : |                                  |
| Defendants.                                                      | : |                                  |
|                                                                  | : |                                  |
| v.                                                               | : |                                  |
|                                                                  | : |                                  |
| DAIQUAN DAVIS AND ABDUL LOPEZ,                                   | : |                                  |
|                                                                  | : |                                  |
| Additional Defendants.                                           | : |                                  |
|                                                                  | : |                                  |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2021, upon consideration of
Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor
Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's
Motion to Change Venue or in the Alternative, Change Venire, and any response thereto, it is
hereby ORDERED that said Motion is GRANTED.

**BY THE COURT:**

_____
J.

Case ID: 170300712
Control No.: 21060632

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500

*Attorneys for Defendants, Roosevelt Inn*
*LLC d/b/a Roosevelt Inn and Roosevelt*
*Inn Café, Roosevelt Motor Inn, Inc. UFVS*
*Management Company, LLC and Yagna*
*Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| | : | |
| Plaintiff, | : | CIVIL ACTION – LAW |
| | : | |
| v. | : | MARCH TERM, 2017<br>Civil Action No.:  00712 |
| | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC, YAGNA<br>PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC. | : | |
| | : | |
| Defendants. | : | |
| | : | |
| v. | : | |
| | : | |
| DAIQUAN DAVIS AND ABDUL LOPEZ, | : | |
| | : | |
| Additional Defendants. | : | |

## MOTION FOR CHANGE OF VENUE OR IN THE
## ALTERNATIVE, CHANGE OF VENIRE

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(collectively, "Moving Defendants"), by and through their undersigned counsel, pursuant to Pa.

R. Civ. P. 1006(d)(2), petition the Court for an Order transferring venue of the trial of the instant

126086021

Case ID: 170300712
Control No.: 21060632

action to a county outside of Philadelphia County to be designated by the Pennsylvania Supreme Court.  In the alternative, Moving Defendants petition the Court for an Order requiring that the jury deciding the instant case be empaneled from citizens residing outside Philadelphia County. In support of their motion, Moving Defendants aver as follows:

## I.  **BACKGROUND**

1.     Plaintiff commenced this civil action on March 10, 2017, initially alleging violations of Pennsylvania's Human Trafficking statute, 18 Pa. C.S.A. Sect. 3001, *et seq*., for civil liability against a longstanding Philadelphia hotel, the Roosevelt Inn, and its longtime general manager, Mr. Yagna Patel.   Plaintiff's initial Complaint alleged that the Moving Defendants were complicit in the alleged human trafficking of a minor 14-year old female.  The allegations Plaintiff made in her initial Complaint were dramatic—she claimed that Moving Defendants harbored her for commercial sex acts for a period of two years, and that a hotel employee – known and identified by a first name --  was an integral part of the sex trafficking operation.  See Exhibit A, Complaint, at ¶¶ 4, 25-27, 45-47.

2.     Plaintiff's allegations have changed significantly over the course of three years and four amendments to her Complaint.  As of her most recent amended pleading, in November 2019,  the case is now a common law negligence action (with the statutory claim removed), in which Plaintiff claims she was involved in sex trafficking at the Roosevelt Inn for a period of time in 2014.  (She testified that she left the hotel and turned herself into to DHS on June 6, 2014).  Her Complaint no longer alleges the complicity of a hotel employee.  Notwithstanding that the current pleading is arguably less inflammatory, Plaintiff's 2017 initial Complaint spurred an onslaught of negative publicity painting the Roosevelt Inn as a hub of human trafficking, drugs and other crimes.  Plaintiff's initial Complaint, replete with inaccuracies, opened the barn

Case ID: 170300712
Control No.: 21060632

door, and the horses – the continued sensational reporting – cannot be put back in the barn, notwithstanding the facts.

3.     The Complaint filed in March 2017 garnered a significant amount of publicity, as Plaintiff's counsel proclaimed in a press release, interviews about the case and in the media generally that it was the first case to be filed pursuant to Pennsylvania's Human Trafficking statute, enacted in 2014.  For example, the day the Complaint was filed, headlines proclaimed that a minor was held as a sex slave at the hotel for two years and was forced to have sex with more than 1,000 men.  Below is a sampling of headlines for articles printed locally, nationally and even internationally, within a week of the filing of Plaintiff's initial Complaint:

- March 10, 2017, "Suit:  Philadelphia motel gave rooms to human traffickers," Associated Press;

- March 11, 2017, "Suit: Motel gave rooms to human traffickers in Northeast Philadelphia," 6abc.com;

- March 11, 2017, "First of its kind lawsuit accuses NE Philly hotel of accommodating sex trafficking," Philadelphia Inquirer;

- March 12, 2017, "Pa. hotel sued for providing rooms for prostitution, human trafficking," www.pennlive.com;

- March 13, 2017, "Teenage girl was forced to have sex with 1,000 men at Phila. motel while being held against her will for two years," Mail Online;

- March 13, 2017, "Philadelphia Teen Claims Motel Knew She Was Being Sex Trafficked but Did Nothing," people.com;

- March 14, 2017, "Motel Accused of Turning a Blind Eye to Child Sex-Trafficking," www.courthousenews.com;

- March 14, 2017, "Motel Turned Blind Eye To Child Sex Traffickers For Profit, Suit Claims," Huffington Post;

- March 14, 2017, "Teen 'sex slave' sues motel where alleged abuse took place," www.nypost.com;

- March 14, 2017, "Forced to have sex with 1000 men, a girl is now suing the motel," www.WashingtonPost.com;

Case ID: 170300712
Control No.: 21060632

- March 14, 2017, "Girl, 14, who was 'forced to have sex with over 1,000 men in 2 YEARS' is suing the hotel that 'let it happen,'" Mirror (UK);

- March 15, 2017, "Sex trafficking victim sues U.S. motel in landmark case," www.reuters.com;

- March 15, 2017, "14-year-old Philadelphia girl sues motel for being forced into sex trade with 1,000 men," International Business Times India;

- March 16, 2017, "Sex trafficking victim sues motel in key case," The Nelson Mail (New Zealand);

- March 17, 2017, "Victim Brands PA motel as sex den," South Asian Times;

See Exhibit A, a sampling of some of the above listed articles.

That was just the beginning. Articles continued to appear after March 2017. For example:

- July 15, 2017, "Philadelphia Teen Claims Motel Knew She Was Being Sex Trafficked but Did Nothing," www.foxnews.com;

- October 14, 2018, "Human Trafficking happens here: Brainwashing, fear drug addiction used to control victims," York Daily Record;

4. The Philadelphia Inquirer's March 10, 2017 article, headlined, "First of kind lawsuit accuses N.E. Philly hotel of accommodating sex trafficking," referred to the Roosevelt Inn as "the city's "epicenter of human trafficking," a phrase that has been repeated in the press numerous times, and quoted Plaintiff's attorneys as stating that Plaintiff had been "sold into sexual slavery at the Roosevelt Motel." The article continued to quote Plaintiff's attorney, Nadeem Bezar ("Bezar"):

> During 2013 and 2014, said Bezar, M.B. sometime spent weeks or months living at the motel at 7630 Roosevelt Blvd., was barred from leaving, and was forced to commit sex acts with about 1,000 men "double, triple and quadruple her age. . . . Bezar said the girl managed to get out once during the two years but was forced to return until she finally broke free and reestablished contact with her family and city child-welfare workers.

Exhibit B.

5.    The more salacious details – that the victim was held at the hotel for two years and was forced to have sex with 1,000 men at the hotel for example -- were fodder for the media, but those very allegations have since been disproven during the lawsuit.  Plaintiff has amended her Complaint four times. For example, the most recent amendment, filed in November 2019, omits any allegation of violations of or liability under the Human Trafficking statute.  Plaintiff now claims that the alleged trafficking at the Roosevelt Inn took place over a couple of months in 2014 and with only the "constructive knowledge" of the Roosevelt Defendants.  Moreover, Plaintiffs' latest version of the alleged "facts" is refuted by evidence that shows that the Plaintiff was in other locations during the time she claims she was being held at the Roosevelt Inn.  Evidence also shows that while Plaintiff engaged in commercial sex at various locations in Philadelphia, she did not do so at the Roosevelt Inn.  In fact, to date, Plaintiff has failed to identify a single calendar day that she was at the Roosevelt Inn.  Nonetheless, the media reports generated by Plaintiff's first Complaint, and her attorney's willingness to continue to discuss in the media now disproven "facts" have kept the story –complete with inaccurate but salacious details -- in the press.

6.    Notwithstanding that some of Plaintiff's more dramatic statements from her 2017 Complaint have been disproven, from the inception of the case, Moving Defendants have continued to be the subject of widespread and pervasive negative publicity, in no small measure due to Plaintiff's counsel's active engagement with the media and similar efforts.

7.    Plaintiff's counsel Bezar, has never retracted statements made in the press in support of earlier versions of Plaintiff's Complaint.  For example, Bezar's website bio states:

> [I]n 2017, in a highly publicized case, Bezar filed the first civil lawsuit under Pennsylvania's 2014 human trafficking statute against a Philadelphia motel owner and operator on behalf of a

Case ID: 170300712
Control No.: 21060632

teenage girl who was enslaved and forced to perform sexual acts with men over a nearly two-year period.

Klinespecter.com/nadeem-bezar.

8.   Bezar's website bio links to a list of articles, some of the same referenced above in paragraph 3.  Despite that the Kline & Specter website clearly has been updated to add more recent articles, the site fails to retract or correct misstatements and inaccuracies from Plaintiff's initial Complaint that have been revealed through the litigation.  All of the articles listed in this section of Bezar's bio reference the Roosevelt Inn. [1]

9.   Bezar also publicized the initial, statutorily based lawsuit in his bio page as a member of the CSE Institute's Board of Advisors.  The mission of the CSE Institute is to "educate and provide technical assistance to those who respond to commercial sexual exploitation in Pennsylvania, the United States and beyond, promoting victim-centered, trauma-informed multidisciplinary collaboration."  Bezar's bio on the CSE Institute's website touts his work on the M.B. case, still describing it as the first of its kind (based on the 2014 statute) even though Plaintiff subsequently and voluntarily dropped the statutory claim 18 months ago. Bezar's bio page boasts:

---

[1] Sex Trafficking Awareness, A 2-part series by Max Mitchell of The Legal Intelligencer. Part 1: Sex Trafficking Awareness Is Increasing and So Are Civil Claims, 7/22/19; Part 2: Sex Trafficking Litigation Can Be Risky, for Both Attorneys and Accusers, 7/30/19; Bezar comments on suit filed in sex trafficking case against 3 Philly hotels; CBS 3, 3/27/18; NBC 10, 3/27/19; KYW Radio, 3/28/19; Philly.com 3/27/19; Philadelphia Business Journal, 3/28/19; Kline-Bezar comments on suit filed in sex trafficking case against 3 Philly hotels, Fox 29 3/27/19; Nadeem Bezar Comments On Human Trafficking Case, Canada Radio, 3/24/17; Kline-Bezar comment on lawsuit filed in human trafficking case, WPMT, 3/11/17; Fox 29 3/10/17; ABC 6 3/10/17; NBC 10 3/10/17-5PM; NBC 10 3/10/17-4PM; CBS 3 3/10/17; WNEP, 3/11/17; Motel Turned Blind Eye To Child Sex Traffickers For Profit, Suit Claims, The Huffington Post, 3/14/17; Forced to have sex with 1,000 men, a girl is now suing the motel that she says let it happen, The Washington Post, 3/14/17; Teen 'sex slave' sues motel where alleged abuse took place, New York Post, 3/14/17; Philadelphia Teen Claims Motel Knew She Was Being Sex Trafficked But Did Nothing, People, 3/13/17; Sex trafficking victim sues U.S. motel in landmark case, Thomson Reuters, 3/15/17; Philly motel sued in first reported human-trafficking lawsuit under Pa. statute, The Philadelphia Inquirer, 3/10/17.

Case ID: 170300712
Control No.: 21060632

> In March of 2017, Mr. Bezar filed the first civil lawsuit under
> Pennsylvania's 2014 human trafficking statute against a
> Philadelphia motel owner and operator on behalf of a teenage girl
> who was forced to perform sexual acts with men over a nearly two-
> year period.

https://cseinstitute.org/board/nadeem-bezar/

10.     Clearly, while the landscape of this case has changed dramatically since March 2017, the negative attention the Roosevelt Inn has received in the press –much of it from Plaintiff's counsel, has not.

11.     In March 2019, Plaintiff's counsel filed two additional lawsuits on behalf of alleged trafficking victims, again naming Moving Defendants as defendants.  Plaintiff's counsel filed a fourth action in November 2019 naming Moving Defendants as defendants.  Like the instant action, the subsequently filed cases generated additional negative media coverage of the Roosevelt Inn:

- March 28, 2019, "Lawsuits: 3 hotels ignored sex slavery:  the actions, filed on behalf of two young women, say the businesses let the human trafficking take place," Philadelphia Inquirer;

- March 28, 2019, "3 hotels sued in sex trafficking case," Philadelphia Business Journal;

- April 2, 2019, "Roosevelt Inn, Days Inn named in sex trafficking lawsuits," Northeast Times;

- April 2, 2019, "Groundbreaking sex trafficking lawsuits serve as a warning to Hotel Owners and Operators," JD Supra;

- October 2, 2019, "No options left in fight against Woodhaven Road hotel," Northeast Times. See also paragraph 9, n.1.

Exhibit A.

Case ID: 170300712
Control No.: 21060632

12.     While the 2019 actions involve different plaintiffs and additional defendants, they have served to keep the names of Moving Defendants, and the allegations against them, in the news.

13.     The media's insistence on connecting the Roosevelt Inn to sex trafficking is evident in news stories that do not even involve such conduct. For example, several months ago, news stories reported about a man involved in a domestic dispute, who stole an ambulance, led police on an extended chase through Northeast Philadelphia, and was eventually shot multiple times by police. According to reports, the domestic dispute between the man and his wife began at the Roosevelt Inn. Despite the fact that the hotel had no further connection to the incident, the hotel was mentioned in the press, "The motel at 7600 Roosevelt Blvd. has been linked to sex trafficking on more than one occasion." February 29, 2020, "This map shows the wild, 24-mile ambulance police chase through Northeast Philly," https://billypenn.com, Exhibit C.

14.     The local media's consistent themes that the Roosevelt Inn is a hub of prostitution, human trafficking and other illegal conduct are readily apparent from the Moving Defendants' representative examples of pretrial publicity that has permeated the Philadelphia region for more than three years. [2] The local media coverage has exposed the potential jury pool in Philadelphia to prejudicial, inadmissible "news" about the Roosevelt Inn and its owners and staff.

15.     As the trial in this case draws nearer, Moving Defendants reasonably anticipate publication of more of the same type of salacious, attention-grabbing headlines, which taint the jury pool and prevent Moving Defendants from receiving a fair trial in this county. Prejudiced

---

[2] The pretrial publicity detailed in the Petition is a mere sampling of a much larger universe too vast to comprehensively cover in a motion, including radio and television reports as well as additional print and digital publications.

Case ID: 170300712
Control No.: 21060632

by this onslaught of persistent media coverage patently biased against them, Moving Defendants now seek a change of venue.

# I.    LEGAL ARGUMENT

### A.    The Pervasive Negative Publicity Concerning Moving Defendants Will Deprive them of a Fair Trial Absent a Change in Venue

16.    The Pennsylvania Rules of Civil Procedure provide for a change of venue where a party will be unable to obtain a fair and impartial trial in the county in which the case is pending.

Rule 1006(d)(2) provides:

> Where, upon petition and hearing thereon, the court finds that a fair and impartial trial cannot be held in a county for reasons stated of record, the court may order that the action be transferred. The order changing venue shall be certified forthwith to the Supreme Court, which shall designate the county to which the case is to be transferred.

Pa. R. Civ. P. 1006(d)(2).

17.    The Pennsylvania Constitution provides the Courts with the authority to change venue in criminal and civil cases:

> § Change of venue
>
> The power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided by law.

Pa. Const. Art. 3, § 23; *see also Dranzo v. Winterhalter*, 577 A.2d 1349, 1353 (Pa. Super. 1990), *app. denied*, 585 A.2d 468 (Pa. 1991); *Pennsylvania Power & Light Co. v. Gulf Oil Corp.*, 411 A.2d 1203, 1210 (Pa. Super. 1979), *allocator refused, cert. denied*, 446 U.S. 966 (1980).

18.    The Pennsylvania Supreme Court consistently has held that "the right to trial by an impartial jury is enshrined in the Pennsylvania Constitution, see Pa. Const. art. I, § 6, which guarantees that 'trial by jury shall be as heretofore, and the right thereof remain inviolate.'"

Case ID: 170300712
Control No.: 21060632

*Bruckshaw v. Frankford Hospital of Phila.*, 58 A. 3d 102 (Pa. 2014) (citing *Commonwealth v. Eckert*, 242 A.2d 271, 272-73 (Pa. 1968)).

19.     The Courts' authority to change venue is also granted by section 5106 of the Judicial Code, which provides: "The power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided or prescribed by law." 42 Pa.C.S. § 5106 (2016).

20.     An order for a change of venue is within the sound discretion of the trial court. *Pennsylvania Power & Light*, 411 A.2d at 1211. "The  constitutional standard of fairness [under the due process clause] requires that a defendant have 'a panel of impartial, indifferent jurors,'" *Id*. at 1218 (quoting *Murphy v. Florida*, 421 U.S. 794, 799, (1975), quoting *Irvin v. Dowd*, 366 U.S. 717, 722, (1961)).  "Legal trial are not like elections, to be won through the use of the meeting-hall, the radio and the newspaper."  *Sheppard v. Maxwell*, 384 U.S. 333, 350 (1966) (quoting *Bridges v. California*, 314 U.S. 252, 271 (1941)).

21.     Indeed, "[t]he theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print."  *Commonwealth v. Harkins*, 328 A.2d 156, 157 (Pa. 1974) (quoting *Patterson v. Colorado*, 205 U.S. 454, 462 (1907)).

22.     The sensational, inflammatory and slanted pretrial publicity has been sustained, extensive, and pervasive such that it is not possible for Moving Defendants to achieve a fair trial in Philadelphia County.

23.     Pennsylvania law requires that change of venue be granted "whenever it is determined that because of the dissemination of potentially prejudicial material, there is a substantial likelihood that in the absence of such relief, a fair trial cannot be had."

Case ID: 170300712
Control No.: 21060632

*Commonwealth v. Cohen*, 413 A.2d 1066, 1072 (Pa.), *cert. denied*, 449 U.S. 840 (1980) (internal quotations omitted).

24.     Where pretrial publicity is sensational, inflammatory, and slanted toward judgment against defendant, as opposed to purely factual and objective reporting, and it is so sustained, extensive, and pervasive that the community must be deemed to have been saturated with it, courts presume that the defendant cannot receive a fair and impartial trial absent a change of venue, and actual prejudice need not be shown. *Commonwealth v. Karenbauer*, 715 A.2d 1086, 1092 (Pa. 1998), *cert. denied,* 526 U.S. 1021 (1999); *Salameh v. Spossey*, 731 A.2d 649, 656-57 (Pa. Commw. 1999).

25.     Moving Defendants have demonstrated the sustained, extensive, and pervasive local pretrial publicity that has been inflammatory, sensational, and slanted toward judgment against them.  As discussed above, the more salacious details from Plaintiff's initial Complaint – that she was held against her will and forced to have sex at the Roosevelt Inn for two years, with the active participation of a hotel employee – have been disproven and do not appear in her most recent allegations and operative pleading.  These inflammatory allegations, however, have never been retracted in the press, and were instead, reprinted and repeated time and time again, including in media reports generated by Plaintiff's counsel.

26.     Moving Defendants have attached numerous examples of print and digital articles, editorials and headlines, maligning the Roosevelt Inn, describing it as the city's "epicenter of human trafficking."  See Exhibits A, B, C.

27.     Exacerbating this already inflammatory call by the local media for Moving Defendants to be held accountable for all sex trafficking in the city is Plaintiff's counsel's uncorrected statements in sources such as the website of his law firm and the CSE Institute.  Like

Case ID: 170300712
Control No.: 21060632

Plaintiff's counsel's website bio, the CSE website was never revised or updated to correct the patently false allegations included in Plaintiff's initial pleadings.

28.     Based on statements made by Plaintiff's counsel, the media has told readers -- potential jurors – that monetary damages in the instant civil action are a means to remedy a hotel's perceived wrongdoing.  Plaintiff's counsel Tom Kline was quoted as saying this lawsuit "is a message to the entire motel and hotel industry" and that "jury verdicts will resonate with owners and operators of motels and hotels."  Exhibit B.

29.     Because of this media bias and resultant jury pool contamination, the odds are much too high that absent a change of venue, Moving Defendants will be denied their due process right to trial before a fair and impartial jury.

30.     It is not sufficient to say that actual prejudice can be determined at *voir dire*. Prejudice is presumed where the pretrial publicity is inflammatory and widespread with no cooling off period precisely because this type of publicity "can create such a presumption of prejudice in a community that the jurors' claims that they can be impartial should not be believed." *Patton v. Yount*, 467 U.S. 1025, 1031 (1984); *see also Commonwealth v. Brando*, 368 A.2d 643, 645 (Pa. 1977) (holding that jurors' statements during *voir dire* that they would not be influenced by prejudicial article was not sufficient and prejudice had to be presumed); *Cohen*, 413 A.2d at 1073 (reversing trial court order denying change of venue despite trial court's conclusion that jury selected after *voir dire* was not affected by pretrial publicity where prejudicial material was widely disseminated at the time of trial).

31.     Although a party who claims that he has been denied a fair trial because of prejudicial pre-trial publicity usually must show actual prejudice in the empaneling of the jury (*Commonwealth v. Pierce*, 303 A.2d 209, 212 (Pa.), *cert. denied*, 414 U.S. 878 (1973)), this

Case ID: 170300712
Control No.: 21060632

general rule is subject to an important exception when pre-trial publicity is so pervasive and prejudicial that it becomes presumed that a party cannot obtain a fair and impartial trial absent a change of venue. *Commonwealth v. Brado*, 368 A.2d 643, 645 (Pa. 1977). Because of the inherently prejudicial nature of the widely disseminated, unabated publicity at issue here, Moving Defendants must not be held to the higher burden of demonstrating actual prejudice. *Id*. ("[W]here the nature of the publicity is determined to be inherently prejudicial, the defendant is not required to show a nexus between the publicity and actual jury prejudice and he does not have the burden of showing identifiable prejudice.").

**B.     Alternatively, Moving Defendants Seek a Change in Venire**

32.     Should the Court be unwilling to find that Moving Defendants are unable to obtain a fair and impartial trial in Philadelphia County, Moving Defendants seek, in the alternative, that the Court exercise its equitable and common law powers to require that the jurors who will decide this case be selected from a county other than Philadelphia County.

33.     As demonstrated above, the citizens of Philadelphia County have been inundated with negative and inflammatory publicity concerning the Roosevelt Inn. Moving Defendants will not be able to obtain a fair trial with Philadelphia jurors whose local news has been saturated with slanted and salacious – but untrue – allegations and accusations.

34.     Therefore, should the Court deny Moving Defendants' Petition for Change of Venue, in the interests of justice and a fair trial, Moving Defendants alternatively request that a jury be selected from another Pennsylvania county far removed from Philadelphia.

35.     Moving Defendants' Petition shows that for approximately four years, the local media has consistently disseminated to its Philadelphia-area audience slanted and inflammatory articles, reports and editorials vilifying the Roosevelt Inn as a hub of sex trafficking, drugs and violence. The danger is that as a result of this adverse pretrial publicity, potential jurors have

Case ID: 170300712
Control No.: 21060632

already determined Moving Defendants' liability and Moving Defendants will have been denied their right to a fair trial.

WHEREFORE, Moving Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel respectfully request that the Court grant their petition to change the venue of the trial in this case, or in the alternative, change the venire, to a impanel a jury from a county far removed from Philadelphia County.

Respectfully submitted,

**BLANK ROME LLP**


Dated:  June 2, 2021

/s/   Charles S. Marion
Charles S. Marion, Esquire
Attorney ID No. 56509
Kevin M. Eddy, Esquire
Attorney ID No.:  92904
Justina L. Byers, Esquire
Attorney ID No.:  76773
One Logan Square
Philadelphia, PA 19103
Tel.:  (215) 569-5500
Fax:  (215) 832-5578
E-mail:  keddy@blankrome.com
              byers@blankrome.com

*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn,*
*Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

Case ID: 170300712
Control No.: 21060632

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500

*Attorneys for Defendants, Roosevelt Inn
LLC d/b/a Roosevelt Inn and Roosevelt
Inn Café, Roosevelt Motor Inn, Inc. UFVS
Management Company, LLC and Yagna
Patel*

---

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire,     *Plaintiff,* v. ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC.     *Defendants,* v. DAIQUAN DAVIS and ABDUL LOPEZ     *Additional Defendants.* | COURT OF COMMON PLEAS PHILADELPHIA COUNTY   MARCH TERM, 2017 NO.: 00712 |

---

**MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR
CHANGE OF VENUE OF DEFENDANTS ROOSEVELT INN LLC
D/B/A ROOSEVELT INN, ROOSEVELT INN CAFÉ, ROOSEVELT
MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN,
UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL**

## I.    MATTER BEFORE THE COURT

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel

(collectively, "Moving Defendants"), by and through their undersigned counsel, pursuant to Rule

Case ID: 170300712
Control No.: 21060632

of Civil Procedure 1006(d)(2) and in accordance with principles of justice and fairness, hereby petition the Court for an Order to change the venue for the upcoming trial in this case. Moving Defendants' Petition demonstrates that a fair and impartial trial cannot be had in Philadelphia County due to prejudicial pretrial publicity casting Moving Defendants in a negative light. In the alternative, Moving Defendants respectfully request that the Court change the venire for this matter, and impanel a jury from citizens of a different Pennsylvania County, far removed from Philadelphia.

## II.    <u>STATEMENT OF QUESTIONS INVOLVED</u>

Should the Court grant Moving Defendants' Petition for Change of Venue?

Suggested answer: Yes. Because negative, inflammatory and sensational media reporting concerning Moving Defendants has been extensive, sustained, and pervasive, there is a substantial likelihood a fair and impartial trial cannot be had in Philadelphia County.

## III.    <u>STATEMENT OF FACTS</u>

Plaintiff M.B. filed this action on March 10, 2017. The lawsuit was touted as the first of its kind, pursuant to a new anti-trafficking statute and seeking civil damages from a hotel to compensate an alleged victim of sex trafficking. Plaintiff's initial Complaint alleged Moving Defendants' violations of Pennsylvania's Human Trafficking statute, 18 Pa. C.S.A. Sect. 3001, *et seq.*. Specifically, the Complaint alleged that the longstanding Roosevelt Inn, and its manager of more than 30 years, Yagna Patel, were complicit in the sex trafficking of a 14 year old girl, allegedly held against her will at the hotel for a two year period. The allegations Plaintiff made in her initial Complaint were inflammatory—she claimed that Moving Defendants harbored her for commercial sex acts for a period of two years, and that a hotel employee – known only by a first name, Abdul -- was an integral part of the sex trafficking operation. See Exhibit A, Complaint, at ¶¶ 4, 25-27, 45-47.

126086021

Case ID: 170300712
Control No.: 21060632

Plaintiff has amended her Complaint four times and the latest iteration, filed in November 2019, omits any claim pursuant to the Human Trafficking statute and omits claims of participation by the hotel employee Abdul. In Plaintiff's most recent amendment, she alleges common law negligence action and claims she was involved in sex trafficking at the Roosevelt Inn for a period of time in 2014. (She testified that she left the hotel and turned herself into to DHS on June 6, 2014). Notwithstanding that the current pleading is arguably less salacious than her initial Compliant, the 2017 Complaint spurred an onslaught of negative publicity painting the Roosevelt Inn as a hub of human trafficking, drugs and other crimes. The inflammatory and slanted portrayal of the Roosevelt Inn has continued over the last three years, undaunted by Plaintiff's amended pleadings or the actual truth concerning her experiences.

Plaintiff's March 2017 Complaint garnered a great deal of sensationalistic publicity, as Plaintiff's counsel proclaimed in press releases, interviews about the case and in the media generally, that it was the first case to be filed pursuant to Pennsylvania's Human Trafficking statute. Within a week of Plaintiff's filing, headlines proclaimed that the hotel harbored a minor as a sex slave for two years. Below is a sampling of headlines for articles printed locally, nationally and even internationally, within a week of the filing of Plaintiff's initial Complaint:

- March 10, 2017, "Suit: Philadelphia motel gave rooms to human traffickers," Associated Press;

- March 11, 2017, "Suit: Motel gave rooms to human traffickers in Northeast Philadelphia," 6abc.com;

- March 11, 2017, "First of its kind lawsuit accuses NE Philly hotel of accommodating sex trafficking," Philadelphia Inquirer;

- March 12, 2017, "Pa. hotel sued for providing rooms for prostitution, human trafficking," www.pennlive.com;

- March 13, 2017, "Teenage girl was forced to have sex with 1,000 men at Phila. motel while being held against her will for two years," Mail Online;

126086021

Case ID: 170300712
Control No.: 21060632

- March 13, 2017, "Philadelphia Teen Claims Motel Knew She Was Being Sex Trafficked but Did Nothing," people.com;

- March 14, 2017, "Motel Accused of Turning a Blind Eye to Child Sex-Trafficking," www.courthousenews.com;

- March 14, 2017, "Motel Turned Blind Eye To Child Sex Traffickers For Profit, Suit Claims," Huffington Post;

- March 14, 2017, "Teen 'sex slave' sues motel where alleged abuse took place," www.nypost.com,;

- March 14, 2017, "Forced to have sex with 1000 men, a girl is now suing the motel," www.WashingtonPost.com;

- March 14, 2017, "Girl, 14, who was 'forced to have sex with over 1,000 men in 2 YEARS' is suing the hotel that 'let it happen,'" Mirror (UK);

- March 15, 2017, "Sex trafficking victim sues U.S. motel in landmark case," www.reuters.com;

- March 15, 2017, "14-year-old Philadelphia girl sues motel for being forced into sex trade with 1,000 men," International Business Times India;

- March 16, 2017, "Sex trafficking victim sues motel in key case," The Nelson Mail (New Zealand);

- March 17, 2017, "Victim Brands PA motel as sex den," South Asian Times;

- July 15, 2017, "Philadelphia Teen Claims Motel Knew She Was Being Sex Trafficked but Did Nothing," www.foxnews.com;

- October 14, 2018, "Human Trafficking happens here: Brainwashing, fear drug addiction used to control victims," York Daily Record.

Exhibit A, a sampling of the articles mentioned above.

Citing Plaintiff's counsel as its source, the Philadelphia Inquirer dubbed the Roosevelt Inn, "the city's "epicenter of human trafficking," a phrase that has been repeated in the press numerous times. See Exhibit B, March 10, 2017 Philadelphia Inquirer article, "First of kind lawsuit accuses N.E. Philly hotel of accommodating sex trafficking." This article quoted

Case ID: 170300712
Control No.: 21060632

Plaintiff's attorneys as stating that Plaintiff had been "sold into sexual slavery at the Roosevelt

Motel."  The article continued to quote Plaintiff's attorney, Nadeem Bezar ("Bezar"):

> During 2013 and 2014, said Bezar, M.B. sometime spent weeks or months living at the motel at 7630 Roosevelt Blvd., was barred from leaving, and was forced to commit sex acts with about 1,000 men "double, triple and quadruple her age. . . . Bezar said the girl managed to get out once during the two years but was forced to return until she finally broke free and reestablished contact with her family and city child-welfare workers.

Exhibit B.

As mentioned, Plaintiff's current pleading no longer claims she was held at the Roosevelt

Inn for two years.  She now claims she was trafficked for some period during 2014 and with only

the "constructive knowledge" of the Roosevelt Defendants.  Moreover, Plaintiffs' latest version

of the alleged "facts" is refuted by evidence that shows that the Plaintiff was in other locations

during the time she claims she was being held at the Roosevelt Inn.  Discovery has revealed that

while Plaintiff was trafficked by convicted felons during several months in the first half of 2014,

this conduct took place at several homes in Philadelphia.  Plaintiff has failed to identify a single

calendar day that she was at the Roosevelt Inn.  The more salacious details of Plaintiff's initial

Complaint and early media reports– that Plaintiff was held at the hotel for two years and was

forced to have sex with 1,000 men at the hotel – made for sensational news, but those very

allegations have been disproven during the lawsuit.  Nonetheless, the media reports generated by

Plaintiff's first Complaint, and her attorney's willingness to continue to discuss now disproven

"facts" have kept the story –complete with inflammatory but inaccurate details -- in the press.

Plaintiff's counsel Bezar, has never attempted to "set the record straight" in the press.  He

has never retracted statements made in support of the initial version of Plaintiff's Complaint.  For

example, Bezar's website bio states:

126086021

> [I]n 2017, in a highly publicized case, Bezar filed the first civil lawsuit under Pennsylvania's 2014 human trafficking statute against a Philadelphia motel owner and operator on behalf of a teenage girl who was enslaved and forced to perform sexual acts with men over a nearly two-year period.

Klinespecter.com/nadeem-bezar.

While Bezar's website bio was updated to add links to additional articles mentioning his efforts on behalf of alleged sex trafficking victims, the bio did not remove inaccuracies removed from Plaintiff's pleadings. *Id.*

Bezar's outdated and inaccurate description of Plaintiff's claims against Moving Defendants appears in other web-based locations. For example, Bezar's bio page as a member of the Board of Advisors to the CSE Institute's Board of Advisors includes the outdated, inaccurate portrayal of Plaintiff's claims:

> In March of 2017, Mr. Bezar filed the first civil lawsuit under Pennsylvania's 2014 human trafficking statute against a Philadelphia motel owner and operator on behalf of a teenage girl who was forced to perform sexual acts with men over a nearly two-year period.

https://cseinstitute.org/board/nadeem-bezar/.

The negative press cloaking the Roosevelt Inn gained even more momentum in March 2019, when Plaintiff's counsel filed two additional lawsuits on behalf of alleged trafficking victims, naming Moving Defendants as defendants. Plaintiff's counsel filed a fourth action in November 2019, again naming Moving Defendants as defendants. Like the instant action, the subsequently filed cases generated inflammatory and sensational media coverage of the Roosevelt Inn:

- March 27, 2019, "Bezar comments on suit filed in sex trafficking case against 3 Philly hotels; CBS 3;

- March 27, 2019, "Kline-Bezar comments on suit filed in sex trafficking case against 3 Philly hotels," Fox 29;

Case ID: 170300712
Control No.: 21060632

- March 27, 2019, "Nadeem Bezar Comments On Human Trafficking Case," Canada Radio;

- March 28, 2019, "Lawsuits: 3 hotels ignored sex slavery: the actions, filed on behalf of two young women, say the businesses let the human trafficking take place," Philadelphia Inquirer;

- March 28, 2019, "3 hotels sued in sex trafficking case," Philadelphia Business Journal;

- April 2, 2019, "Roosevelt Inn, Days Inn named in sex trafficking lawsuits," Northeast Times;

- April 2, 2019, "Groundbreaking sex trafficking lawsuits serve as a warning to Hotel Owners and Operators," JD Supra;

- July 22, 2019 and July 30, 2019, "Sex Trafficking Awareness, A 2-part series by Max Mitchell of The Legal Intelligencer. Part 1: Sex Trafficking Awareness Is Increasing and So Are Civil Claims; Part 2: Sex Trafficking Litigation Can Be Risky, for Both Attorneys and Accusers," The Legal Intelligencer.

- October 2, 2019, "No options left in fight against Woodhaven Road hotel," Northeast Times. See also paragraph 9, n.1.

While the 2019 actions involve different plaintiffs and additional defendants, these lawsuits have served to keep the names of Moving Defendants, and the inflammatory allegations against them, in the forefront of local media and of jurors' minds.

Potential jurors are reminded of the taint the lawsuits and the press have given the Roosevelt Inn at every turn as news stories having nothing to do with sex trafficking still reference such allegations against the Roosevelt Inn. For example, s sensational story developed in February 2020 when a Roosevelt Inn hotel guest became involved in a domestic dispute, stole an ambulance, led police on an extended chase through Northeast Philadelphia, and was eventually multiple times by police. Despite that the hotel had no further connection to the incident, and that the story had nothing to do with sex trafficking, the press reported, "The motel at 7600 Roosevelt Blvd. has been linked to sex trafficking on more than one occasion."

126086021

Case ID: 170300712
Control No.: 21060632

February 29, 2020, "This map shows the wild, 24-mile ambulance police chase through Northeast Philly," https://billypenn.com, Exhibit C.

The extensive and pervasive negative press that the Roosevelt Inn receives in and around Philadelphia has contaminated the pool of potential jurors with negative, prejudicial, inadmissible "facts." As the trial in this case draws nearer, Moving Defendants reasonable anticipate more of the same inflammatory, sensational headlines, will flood the region's news. Prejudiced by this onslaught of persistent negative media coverage patently biased against them, Moving Defendants now seek a change of venue to ensure they receive a fair trial.

## IV.    LEGAL ARGUMENT

### A.    A Change of Venue is Necessary to Ensure Moving Defendants' Right to a Fair Trial

The Pennsylvania Constitution guarantees an "inviolate" right to a trial by jury in both civil and criminal cases. Pa. Const., Art. 1, § 6 ("Trial by jury shall be as heretofore, and the right thereof remain inviolate."). Endemic to that inviolate right is the guarantee of a fair trial by an impartial and indifferent jury. *Pennsylvania Power & Light Co. v. Gulf Oil Corp.*, 411 A.2d 1203, 1218 (Pa. Super. 1979) ("[T]he constitutional standard of fairness [under the due process clause] requires that a defendant have 'a panel of impartial, indifferent jurors.'" (alteration in original)); *see also Bruckshaw v. Frankford Hosp. of Phila.*, 58 A.3d 102, 109 (Pa. 2012).

Pennsylvania Rule of Civil Procedure 1006(d)(2) provides:

> Where, upon petition and hearing thereon, the court finds that a fair and impartial trial cannot be held in a county for reasons stated of record, the court may order that the action be transferred. The order changing venue shall be certified forthwith to the Supreme Court, which shall designate the county to which the case is to be transferred.

Pa. R. Civ. P. 1006(d)(2). Thus, a "motion for change of venue . . . shall be granted whenever it is determined that because of the dissemination of potentially prejudicial material, there is a

126086021

Case ID: 170300712
Control No.: 21060632

substantial likelihood that in the absence of such relief, a fair trial cannot be had." *Commonwealth v. Cohen*, 413 A.2d 1066, 1072 (Pa. 1980) (internal quotations omitted) (alteration in original).

Where the pretrial publicity was sensational, inflammatory, and slanted toward judgment against defendant, as opposed to purely factual and objective reporting, and it is so sustained, extensive, and pervasive that the community must be deemed to have been saturated with it, courts presume that the defendant cannot receive a fair and impartial trial absent a change of venue, and actual prejudice need not be shown. *Commonwealth v. Karenbauer*, 715 A.2d 1086, 1092 (Pa. 1998), *cert. denied,* 526 U.S. 1021 (1999); *Salameh v. Spossey*, 731 A.2d 649, 656-57 (Pa. Commw. Ct. 1999).

The standard applies to civil cases as well as criminal. As the Pennsylvania Supreme Court made clear in *Bruckshaw*, the "the constitutional right to a jury trial, as set forth in PA. CONST., art. 1, § 6, does not differentiate between civil cases and criminal cases" and that "the fairness and impartiality of a jury are as scrupulously protected in a civil case as in a criminal case." 58 A.3d at 108-09. See also *Salameh*, a civil case, in which prejudice was presumed because of pervasive pretrial publicity, warranting a change of venue. *Salameh*, 731 A.2d at 656-57 (providing that a change of venue is warranted if "it is shown that the publicity was so extensive, sustained, and pervasive that the community must be deemed to have been saturated with it and that there was insufficient time between the publicity and the trial for any prejudice to have dissipated.")

Moving Defendants have demonstrated the sensational, inflammatory, and slanted pretrial publicity that has been so sustained, extensive, and pervasive that it must be presumed Moving Defendants cannot receive a fair trial in Philadelphia.

Case ID: 170300712
Control No.: 21060632

Moving Defendants' Motion included numerous examples of print and digital articles, editorials, headlines and reports on Plaintiff's Complaint, despite that some of the more salacious content of the Complaint has been removed from Plaintiff's amended pleadings. The press has repeated maligned the Roosevelt Inn, labeling it "the epicenter of human trafficking." See Motion, at ¶¶ 3,4,8.

Exacerbating the already salacious nature of the publicity impugning Moving Defendants, Plaintiff's counsel has, through the press, advised the area's residents – potential jurors – that damage awards paid by hotel defendants can aid in removing the societal scourge of human trafficking. See B. Plaintiff's attorneys have not seen fit to revise or retract some of the more scandalous claims that were made in Plaintiff's initial Complaint, but do not appear in her current pleadings. Rather, Moving Defendants will proceed to trial under a cloud of inflammatory headlines proclaiming that a 14-year-old girl was held as a sex slave for two years in the Roosevelt Inn.

Significantly, much of the media coverage outlined in Moving Defendants' Petition was not from marginal or obscure sources but from Philadelphia's main print and digital news outlets—*The Philadelphia Inquirer*, *The Philadelphia Business Journal* and *Philly.com*—as well as the popular *Philadelphia Magazine.* The Petition evidences that the local media has not only attempted to ensure that Moving Defendants and their alleged role in the Plaintiff's tragic circumstances have remained in the consciousness of area residents for the last three-plus years, but these popular and trusted local news sources have put their hands on the scale, tipping it decidedly against Moving Defendants and jeopardizing their ability to receive a fair trial in Philadelphia County. Because of this media bias and resultant jury pool contamination, the odds

126086021

Case ID: 170300712
Control No.: 21060632

are much too high that absent a change of venue, Moving Defendants will be denied their due process right to trial before a fair and impartial jury.

Before the trial gets underway, this Court has the opportunity to ensure that Moving Defendants are not deprived of a fair and impartial jury, untainted by the salacious media coverage.

**B.**     **Alternatively, the Court Should Grant Moving Defendants'**
           **Request for Change of Venire**

Should the Court be unwilling to find that Moving Defendants are unable to obtain a fair and impartial trial in Philadelphia County, Moving Defendants seek, in the alternative, that the Court exercise its equitable and common law powers to require that the jurors who will decide this case be selected from outside Philadelphia.    The contamination of the jury pool by an overzealous press interested more in sensational headlines than truth and justice, can be remedied in part by empaneling a jury from a Pennsylvania county far removed from Philadelphia.

As demonstrated by Moving Defendants' Petition, the citizens of Philadelphia County and surrounding counties have been inundated with negative and inflammatory publicity concerning the Roosevelt Inn as the press has repeated Plaintiff's initial allegations in salacious terms.  Moving Defendants will not be able to obtain a fair trial with Philadelphia jurors whose local news has been saturated with slanted and salacious – but untrue – allegations and accusations.

Therefore, should the Court deny Moving Defendants' Petition for Change of Venue, in the interests of justice and a fair trial, Moving Defendants alternatively request that a jury be selected from another Pennsylvania county far removed from Philadelphia.

126086021

Case ID: 170300712
Control No.: 21060632

## V.    **CONCLUSION**

As demonstrated by this Petition, Moving Defendants, for the past three years, have been subjected to slanted and inflammatory articles, reports and editorials vilifying the Roosevelt Inn as a hub of sex trafficking, drugs and violence.  A change of venue is necessary to ensure that Moving Defendants receive a fair trial, in which potential jurors have not already determined their liability.

<div style="margin-left: 40%;">

Respectfully submitted,

**BLANK ROME LLP**

</div>

Dated:  June 2, 2021

<div style="margin-left: 45%;">

*/s/ Charles S. Marion*
Charles S. Marion,
Attorney ID No. 56509
Kevin M. Eddy, Esquire
Attorney ID No. 92904
Justina L. Byers, Esquire
Attorney ID No. 76773
One Logan Square
Philadelphia, PA 19103
Tel.:  (215) 569-5500
Fax:  (215) 832-5578
E-mail:  keddy@blankrome.com
           byers@blankrome.com

*Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and Yagna Patel*

</div>

126086021

Case ID: 170300712
Control No.: 21060632

## CERTIFICATE OF SERVICE

  I, Justina L. Byers, Esquire, hereby certify that true and correct copies of the foregoing Petition to Change Venue of defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel were served on the 2nd day of June 2021, upon all counsel of record via email:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

And

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And
Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

And

13

Case ID: 170300712
Control No.: 21060632

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

_/s/ Justina L. Byers_
JUSTINA L. BYERS

126086021

Case ID: 170300712
Control No.: 21060632

FILED
03 JUN 2021 07:35 pm
Civil Administration
E. MEENAN

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude Testimony, Argument, or Opinion Regarding Irrelevant and Unduly Prejudicial Investigative Materials or Social Media, and any response in opposition thereto, it is hereby:

**ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Defendants are precluded from offering testimony, argument, or opinions regarding any purported social media posts or investigative materials, including materials from Capital Investigating SmartStart Investigations. Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the Court.

**BY THE COURT**

_____

                                        J.

Case ID: 170300712
Control No.: 21060775

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY, ARGUMENT, OR OPINION REGARDING IRRELEVANT AND UNDULY PREJUDICIAL INVESTIGATIVE MATERIALS AND/OR SOCIAL MEDIA

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable

Court enter an Order to Preclude Defendants from offering testimony, argument, or opinions

regarding irrelevant and unduly prejudicial investigative material and/or social media.  In support

of this Motion, Plaintiff respectfully submits, and incorporates herein, the attached Memorandum

of Law.

                              **KLINE & SPECTER, P.C.**

                              */s/Emily B. Marks*

                    **BY:** _____
                              THOMAS R. KLINE, ESQUIRE
                              NADEEM A. BEZAR, ESQUIRE
                              EMILY B. MARKS, ESQUIRE
                              KYLE B. NOCHO, ESQUIRE
                              *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060775

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff
BY:     THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRECLUDE TESTIMONY, ARGUMENT, OR OPINION REGARDING IRRELEVANT AND UNDULY PREJUDICIAL INVESTIGATIVE MATERIALS OR SOCIAL MEDIA

Plaintiff, by her counsel, Kline & Specter, P.C., respectfully submits this Memorandum of Law in Support of her Motion in Limine to Preclude Testimony, Argument, or Opinion Regarding Irrelevant and Unduly Prejudicial Investigative Materials or Social Media.

## I.    PRELIMINARY STATEMENT

It is anticipated that the Defendants will attempt to introduce at trial investigative materials, including social media, that they allege concern M.B. The Defendants obtained these materials from a third-party company, Capital Investigation, that were provided to the Roosevelt Defendants in December 2017. These investigative materials were not produced during discovery. Plaintiff's counsel learned about the investigative materials from reviewing one of Defendants' expert reports that referenced the material. Plaintiff's counsel then requested Defendants to produce the information which was eventually turned over months later in October 2020.

Case ID: 170300712
Control No.: 21060775

Notably, M.B. was not presented with the materials either before, during, or after her deposition. Plaintiff is not complaining about the timeliness of the production; however, the investigative materials and social media were never authenticated by M.B. Without concession that the investigative materials are M.B.'s social media, the posts are not relevant to whether she was trafficked, and some of the language used is inflammatory and prejudicial. Therefore, the investigative materials, including social media, should be precluded at trial.

II.    QUESTIONS PRESENTED

1.  Should this Honorable Court preclude the introduction of investigative materials and social media that the Defendants will likely allege are the Plaintiff's when these materials have not been presented to M.B., have not been authenticated, are not relevant and are prejudicial?

    **SUGGESTED ANSWER:**   *Yes. The investigative material, including purported social media, should be precluded.*

II.    BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc. (hereinafter "Alpha"), as an additional defendant.

Defendants produced investigate material from Capital Investigation well after the close of discovery. It is anticipated that Defendants will allege that the investigative material, which includes social media, is the Plaintiff's. However, despite Defendants obtaining these investigative materials prior to M.B.'s deposition, Defendants did not present her with the

Case ID: 170300712
Control No.: 21060775

documents at her deposition on July 10, 2018. The investigative materials, including alleged social media, have not been authenticated. The investigative materials are not relevant to M.B. being sold of sex or sexually assaulted at the Roosevelt Inn and include language that is inflammatory and prejudicial. The investigative materials are not probative and should be precluded from being introduced to the jury.

### a. DEFENDANTS SHOULD BE PRECLDUED FROM PRESENTING TO THE JURY INVESTIGATIVE MATERIALS AND SOCIAL MEDIA THAT HAVE NOT BEEN AUTHENTICATED, ARE NOT RELEVANT, AND ARE INFLAMMATORY AND PREJUDICIAL

Evidence is relevant if "(a) it has any tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence is determining the action." Pa. R. Evid. 401. Evidence that is not relevant is not admissible. Pa. R. Evid. 402.

Defendants chose not to present the investigative materials at M.B.'s deposition. Therefore, the materials have not been authenticated by M.B. and should not be admissible. Pa. R. Evid. 901; *See Commonwealth v. Mangel,* 181 A.3d 1154, 1163 (Pa. Super. 2018) (reasoning that social media account bearing defendant's name, hometown, and high school was insufficient to authenticate the online and mobile device chat messages as having been authored by defendant). As such, the investigative materials are inherently untrustworthy and not reliable, because they have not been authenticated and therefore, they should not be presented to a jury.

As previously mentioned, the materials are also irrelevant as they are not related to the factual circumstances of M.B. being sold for sex or sexually assaulted. Evidence that is not relevant is not admissible.

The sole reason to admit the investigative materials would be to incite the jury, because some of the language used in the social media is inflammatory and would be prejudicial to M.B. Unfair prejudice is defined as a "tendency to suggest a decision on an improper basis or to divert

3

Case ID: 170300712
Control No.: 21060775

the jury's attention away from its duty of weight the evidence impartially."  Pa. R. Evid. 403,

Comment.  Evidence should be excluded, if it would direct the jury's attention to matters that are

inconsequential to the issues presented in the case and could mislead the jury to make a decision

on improper grounds. This situation is present here. The investigative materials, including

alleged social media, should be precluded at trial.

### III.      CONCLUSION

For all of the aforementioned reasons, Plaintiff thus respectfully requests that this

Honorable Court enter the proposed Order attached to this Motion precluding Defendants from

introducing investigative materials and/or social media posts.

> Respectfully submitted,
>
> **KLINE & SPECTER, P.C.**
>
> */s/Emily B. Marks*

BY:  _____

> THOMAS R. KLINE, ESQUIRE
> NADEEM A. BEZAR, ESQUIRE
> EMILY B. MARKS, ESQUIRE
> KYLE B. NOCHO, ESQUIRE
> *Attorneys for Plaintiff*

4

<u>**VERIFICATION**</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Plaintiff's Motion in Limine to Preclude Testimony, Argument, or Opinion Regarding Irrelevant and Unduly Prejudicial Investigative Materials or Social Media,*** was filed with the Court on June 3, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*
BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

    **AND NOW**, this _____ day of June, 2021, upon consideration of Plaintiff's Motion in Limine to Preclude Testimony, Argument, or Opinion Regarding the Past Sexual History of Plaintiff M.B., and any response in opposition thereto, it is hereby:

    **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.  Defendants are precluded from offering testimony, argument, or opinions regarding Plaintiff M.B.'s sexual history predating the incidents of sex trafficking.  Defense counsel shall instruct all defense witnesses to abide by this and all Orders entered by the Court.

                                 **BY THE COURT**

                                   _____

                                               J.

Case ID: 170300712
Control No.: 21060656

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY, ARGUMENT, OR OPINION REGARDING THE PAST SEXUAL HISTORY OF PLAINTIFF M.B.

**NOW COMES** Plaintiff, outside the presence of the Jury, requesting that this Honorable

Court enter an Order to Preclude Defendants from offering testimony, argument, or opinions

regarding Plaintiff M.B.'s sexual history predating the incidents of sex trafficking.  In support of

this Motion, Plaintiff respectfully submits, and incorporates herein, the attached Memorandum of

Law.

                                        **KLINE & SPECTER, P.C.**

                                        */s/Emily B. Marks*
                         **BY:** _____
                                        THOMAS R. KLINE, ESQUIRE
                                        NADEEM A. BEZAR, ESQUIRE
                                        EMILY B. MARKS, ESQUIRE
                                        KYLE B. NOCHO, ESQUIRE
                                        *Attorneys for Plaintiff*

**KLINE & SPECTER, P.C.**　　　　　　　　Attorneys for Plaintiff
BY:　　THOMAS R. KLINE, ESQUIRE/28895
　　　　NADEEM A. BEZAR, ESQUIRE/63577
　　　　EMILY B. MARKS, ESQUIRE/204405
　　　　KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRECLUDE TESTIMONY, ARGUMENT, OR OPINION REGARDING THE PAST SEXUAL HISTORY OF PLAINTIFF M.B.**

Plaintiff, by her counsel, Kline & Specter, P.C., respectfully submits this Memorandum of Law in Support of her Motion in Limine to Preclude Testimony, Argument, or Opinion Regarding the Past Sexual History of Plaintiff M.B.

**I.　PRELIMINARY STATEMENT**

It is anticipated that the Roosevelt Defendants will attempt to introduce testimony, argument, or opinion regarding the past sexual history of Plaintiff M.B. predating the time that she was a victim of sex trafficking. Defendants' expert witness Dr. Barbara Ziv has produced a report where she details M.B.'s past sexual partners, sexually transmitted diseases, and even an alleged abortion. In the same vein, Dr. Ziv also refers to M.B. as a "feral child." These incidents are not relevant to Defendants' actions and omissions leading to M.B. being sex trafficked at the Roosevelt Inn. M.B.'s past sexual history is also not relevant to any permissible defense that Defendants may raise. Defendants' attempt to introduce M.B.'s past sexual history predating the incidents of sex trafficking demonstrates their attempt to attack M.B.'s character. Defendants are

Case ID: 170300712
Control No.: 21060656

attempting to introduce irrelevant evidence of M.B.'s sexual encounters prior to being trafficked to suggest that she was sexually promiscuous. Defendants are using M.B.'s past sexual history to suggest that she consented to being a child sold for sex or that it was no big deal for M.B. to become a sex trafficking victim because she had sex prior to being a trafficking victim. The fact that MB had sex with peers of similar age prior to being trafficked has nothing to do with the factual circumstances of her being trafficked. The introduction of information concerning M.B.'s sexual history is designed merely to shame and embarrass M.B. and should be precluded at trial.

## II.     QUESTIONS PRESENTED

1.  Should this Honorable Court preclude Defendants from allowing Defendants to offer testimony, argument, or opinion regarding the past sexual history of Plaintiff M.B. predating the incidents of sex trafficking at issue in this litigation?

    **SUGGESTED ANSWER:**  *Yes. These opinions and statements have no probative value and would only serve to prejudice the jury against M.B. in an attempt to shame M.B. and smear her as sexually promiscuous.*

## II.     BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc. (hereinafter "Alpha"), as an additional defendant.

Case ID: 170300712
Control No.: 21060656

The Roosevelt Defendants have produced a report from their expert witness Barbara Ziv, MD. See Dr. Ziv's Expert Report, attached as Exhibit "A". It is anticipated that the Roosevelt Defendants will attempt to introduce testimony from Dr. Ziv where she characterizes M.B. as a "feral child" and discusses M.B.'s past sexual history. Defendants attempt to introduce irrelevant evidence of M.B.'s sexual encounters prior to being trafficked to suggest that she was sexually promiscuous. The fact that MB had sex with peers of similar age prior to being trafficked has nothing to do with the factual circumstances of her being trafficked. The introduction of information concerning M.B.'s sexual history is designed merely to shame and embarrass M.B. and should be precluded at trial.

**III.     THE PAST SEXUAL HISTORY OF M.B. PREDATING THE INCIDENTS OF TRAFFICKING LACKS ANY PROBATIVE VALUE AND IS UNDULY PREJUDICIAL. THE COURT SHOULD PRECLUDE THIS EVIDENCE AT TRIAL AND REJECT DEFENDANTS' ATTEMPT TO SMEAR M.B., SUGGESTING SHE CONSENTED TO BEING SOLD FOR SEX OR IT WAS NOT A BIG DEAL THAT SHE WAS SOLD FOR SEX, BECAUSE SHE WAS ALLEGEDLY SEXUALLY PROMISCUOUS.**

It is anticipated that the Roosevelt Defendants will attempt to introduce testimony, argument, or opinion regarding the past sexual history of Plaintiff M.B. predating the time that she was a victim of sex trafficking. Defendants' expert witness Dr. Barbara Ziv has produced a report where she details M.B.'s past sexual partners, sexually transmitted diseases, and even an alleged abortion. In the same vein, Dr. Ziv also refers to M.B. as a "feral child." These incidents lack probative value. Defendants' attempt to introduce M.B.'s past sexual history predating the incidents of sex trafficking demonstrates their attempt to attack M.B.'s character. Defendants are attempting to introduce irrelevant evidence of M.B.'s sexual encounters prior to being trafficked to suggest that she was sexually promiscuous. Defendants use M.B.'s past sexual history to suggest that she consented to being a child sold for sex or that it was no big deal for M.B. to become a sex trafficking victim, because she had sex prior to being a trafficking victim. The fact

3

Case ID: 170300712
Control No.: 21060656

that MB had sex with peers of similar age prior to being trafficked has nothing to do with the factual circumstances of her being trafficked. The introduction of information concerning M.B.'s sexual history is designed merely to shame and embarrass M.B. and should be precluded at trial.

Dr. Ziv provides a prelude to this improper testimony in her expert report, where she discusses at length the past sexual history of M.B. In her expert report, Dr. Ziv repeats and reinforces prejudicial statements about M.B.'s past sexual history relating to incidents predating M.B. becoming a victim of sex trafficking:

- Dr. Ziv characterized statements from M.B. writing that M.B. "noted that she had been sexually active before she met" the sex trafficker Daiquan Davis. See Ex. A at page 5.

- Dr. Ziv also wrote that M.B. "had multiple sexual partners and contracted a sexually transmitted disease at least twice by age 13." Id. at page 12.

- Dr. Ziv continued that M.B.'s "unprotected sexual activity and drug use began when she was under the care of her mother…". Id.

- Dr. Ziv wrote again that "before [M.B.] was taken into foster care, she had multiple sexual partners." Id. at page 13.

- Dr. Ziv continued to reinforce the theme of repeating this prejudicial information throughout her report writing: "As previously noted, [M.B.] had multiple sexual partners, engaged in unsafe sex and acquired multiple sexually transmitted diseases … by the time she was 13 years old…" Id. at page 14.

- Dr. Ziv wrote about M.B.'s time in foster care including the statement that M.B. was "engaging in high risk sexual behaviors that have resulted in [M.B.] needing medical attention." Id. at page 17.

- Dr. Ziv discussed sexually transmitted diseases obtained by M.B. through a relationship with a boyfriend, which was unconnected to her being a victim of sex trafficking: "Shortly thereafter, on September 17, 2015, [M.B.] was seen at the Y-Hep Health Center to be tested for a sexually transmitted infection after learning that her boyfriend tested positive for gonorrhea and chlamydia. At the time of this visit, [M.B.] reported that she had a history of pregnancy and an induced abortion in the past." Id. at 20.

- Dr. Ziv writes: "As noted previously, by age 13, [M.B.] was using drugs, having sex with 19 year old…". Id. at page 39.

4

Case ID: 170300712
Control No.: 21060656

In the same vein, Dr. Ziv writes: "Until DHS assumed the care of [M.B.] in December 2013, she was raised as a feral child." See Expert Report of Barbara Ziv, MD, attached as Exhibit A at page 16.

Admission of evidence is within the sound discretion of the trial court. American Future Systems, Inc. v. Better Business Bureau, 872 A.2d 1202, 1212 (Pa. Super. Ct. 2005) (citing (Smalls v. Pittsburgh Corning Corp., 843 A.2d 410, 413 (Pa. Super. Ct. 2004)). In determining, the admissibility of evidence, the trial court must decide whether the evidence is relevant and, if so, whether its probative value outweighs its prejudicial effect. Commonwealth v. Cruise, 536 Pa. 508, 604 A.2d 395 (Pa. 1994). The Pennsylvania Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence." Pa. Re. Evid. 401, Commonwealth v. Spiewak, 617 A.2d 696, 699 (Pa. 1993). ("Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or assumption regarding the existence of a material fact"). Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or confusion of the issues. Pa. R. E. 403. Unfair prejudice is a "tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa. R. E. 403, Comment; Sprague v. Walker, 656 A.2d 890 (Pa. Super. 1995).

The Court should reject Defendants' attempt to attack the character of M.B. by suggesting that she was sexually promiscuous through the introduction of irrelevant evidence relating to M.B.'s sexual encounters prior to being sex trafficked. The fact that MB had sex with peers of similar age prior to being trafficked has nothing to do with the factual circumstances of

Case ID: 170300712
Control No.: 21060656

her being trafficked. The introduction of information concerning M.B.'s sexual history is designed merely to shame and embarrass M.B. This potential testimony has no probative value and poses a high likelihood of unfairly prejudicing the jury against M.B. In her expert report, Dr. Ziv includes numerous references to prejudicial facts in M.B.'s sexual history predating the incidents of sex trafficking at issue in this case. Dr. Ziv discusses M.B.'s past sexual partners, sexual transmitted diseases contracted, and even a reference to a report of M.B. allegedly having an abortion. In the same vein, Dr. Ziv also editorializes describing M.B. as a "feral child" without any evidentiary support to make such an extreme characterization of a human being.

These references to M.B.'s past sexual history predating her becoming a sex trafficking victim would not be probative of any issues at stake in the trial. Her past sexual history has no relevance to Defendants' actions and omissions that led to her being sex trafficked at the Roosevelt Inn. M.B.'s past sexual history also has no relevance to any permissible defense that Defendants may assert. Because evidence of M.B.'s past sexual history has no probative value, discussion of it can only serve to attack M.B.'s character. The evidence's purpose is to suggest to the jury that M.B. asked for it, or it was not a big deal that M.B. was a child sold for sex, because she was already sexually active before the incidents of sex trafficking occurred. This argument improperly plays on stereotypes about victims of sexual abuse to discredit M.B.'s claims, which this Court should reject.

For this reason, Pennsylvania has enshrined protections to eliminate this type of victim shaming through the enactment of the Rape Shield Law that prohibits the introduction of evidence of a sexual assault victim's past sexual history in the prosecution of certain sexually based offenses. See Commonwealth v. Rogers, No. 8 EAP 2020, 2021 WL 1975272, at *7 (Pa. May 18, 2021) ("The shield law reflects the General Assembly's judgment that, in relation to the issue of consent with the defendant, a complainant's sexual history with third parties should not

Case ID: 170300712
Control No.: 21060656

be aired."); <u>Commonwealth v. Jones</u>, 826 A.2d 900, 909 (Pa. Super. 2003) (reasoning that the Rape Shield Law reflects the legislative intent of the "minimal probative value of a complainant's sexual history").

References to M.B.'s past sexual history have no probative value while possessing a high "tendency to suggest a decision on an improper basis." Pa. R.E. 403, Comment. As a result, Pennsylvania courts have also excluded evidence of sexual abuse victims' past sexual history, that was unconnected to the sexual offenses at issue in the case, reasoning that the evidence's highly prejudicial effect outweighed its limited probative value. <u>See</u> <u>Commonwealth v. Anderson</u>, No. 1425 EDA 2015, 2016 WL 5188745, at *8 (Pa. Super. Ct. July 12, 2016) (reasoning that a minor's past sexual history was highly prejudicial effect, while only having "conjectural probative value" of the evidence); <u>Commonwealth v. Rogers</u>, No. 8 EAP 2020, 2021 WL 1975272, at *8-*9 (Pa. May 18, 2021) (reasoning that the prejudicial effect outweighed the probative value of evidence that victims had engaged in prostitution with third parties in same geographic area on other occasions).

Similarly, many federal courts of appeal have upheld the exclusion of evidence of victims' past sexual history on the grounds that it was not relevant and/or it was unduly prejudicial. <u>See, e.g.,</u> <u>United States v. Anderson</u>, 139 F.3d 291, 302-03 (1st Cir. 1998) (reasoning that evidence of juvenile witness commercial sexual activities before and after relevant time period would not have any probative value and would "embody a particularly offensive form of stereotyping to which we are loath to give credence"); <u>United States v. Griffith</u>, 284 F.3d 338, 351-52 (2d Cir. 2002) (reasoning that evidence of victim's sexual history, drug use, and relationship with her father was not relevant in transportation of minors for purposes of prostitution case); <u>United States v. Bittner</u>, 728 F.2d 1038, 1042 (8th Cir. 1984) (affirming trial court's reasoning that cross-examination of witness regarding prior sexual

Case ID: 170300712
Control No.: 21060656

incident with boyfriend would not be relevant and would be more prejudicial than probative);

United States v. Ramone, 218 F.3d 1229, 1238 (10th Cir. 2000) (affirming trial court's refusal to allow defendant to cross-examine minor victim as to unrelated encounter with another man and prior unusual sexual practices as irrelevant and more prejudicial than probative).

Plaintiff thus respectfully requests that this Honorable Court enter the proposed Order attached to this Motion precluding Defendants offering testimony, argument, or opinion regarding the past sexual history of M.B. predating the incidents of sex trafficking at issue in this case.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

8

Case ID: 170300712
Control No.: 21060656

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Plaintiff's Motion in Limine to Preclude Testimony, Argument, or Opinion Regarding the Past Sexual History of Plaintiff M.B.,***, was filed with the Court on June 2, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

# EXHIBIT A

Case ID: 170300712
Control No.: 21060656

# Redacted

Case ID: 170300712
Control No.: 21060656

**FILED**
04 JUN 2021 05:09 pm
Civil Administration
E. MEENAN

**KLINE & SPECTER, P.C.**                   *Attorneys for Plaintiff M.B.*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## NOTICE OF PRESENTATION

**To:**   Grant S. Palmer, Esquire            Thomas P. Wagner, Esquire
        James J. Quinlan, Esquire           Robert W. Stanko, Esquire
        Justina Byers, Esquire              Melanie J. Foreman, Esquire
        Blank Rome, LLP                     MDWC&G
        One Logan Square, 130 North 18th Street   2000 Market Street, Suite 2300
        Philadelphia, PA 19103              Philadelphia, PA 19103

Please take notice that the following Motion:
   ☒    Plaintiff's Emergency Motion for Protective Order Prohibiting the June 10, 2021
        Trial Deposition of Defendant Daiquan Davis

   ☐    Defendant's Motion _____

will be presented to the Court on the date and time provided electronically by the Court in the
Court Room listed on the electronic confirmation, City Hall, Philadelphia, PA.  See electronic
confirmation to be provided.

*/s/Nadeem A. Bezar*                        *6/4/2021*
By: _____        Date: _____
   NADEEM A. BEZAR, ESQUIRE
   Attorney I.D. No. 63577
   Telephone Number: 215.772-0524
   Address:    Kline & Specter, P.C.
               1525 Locust Street
               Philadelphia, PA 19102

1

Case ID: 170300712
Control No.: 21061103

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff M.B.*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| *Plaintiff* | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN, | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al., | : | |
| | : | |
| and | : | |
| | : | |
| ALPHA-CENTURION SECURITY | : | |
| INC. | : | |
| *Defendants* | : | |

### PLAINTIFF M.B.'S EMERGENCY MOTION FOR PROTECTIVE ORDER PROHIBITING THE JUNE 10, 2021 TRIAL DEPOSITION OF DEFENDANT DAIQUAN DAVIS

Plaintiff M.B. ("Plaintiff"), by and through her undersigned counsel, Kline & Specter,

P.C., respectfully requests that this Honorable Court enter the attached Protective Order, and in

support thereof avers as follows:

**I.      Factual Background of the Case**

1.   Plaintiff was the victim of sex trafficking that occurred at the Roosevelt Inn when

     she was just fourteen years old from approximately January 2014 through June 6,

     2014.

2.   Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn

     LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's

2

Case ID: 170300712
Control No.: 21061103

management company, UFVS Management Company, LLC3; and the motel's manager, Yagna Patel (collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.

3. Defendants knew and should have known that sex trafficking of adults and children was occurring at the Roosevelt Inn for years prior to, during and after the time Plaintiff was sex trafficked by Defendants Daiquan Davis ("Davis") and Abdul Lopez. Defendants remained willfully blind to criminal misconduct that was happening at their motel at the expense of human life, human rights and human dignity. Instead of taking necessary and timely steps to prevent human trafficking, Defendants failed to address the open and obvious presence of human trafficking at the Roosevelt Inn and continued to profit from traffickers by renting rooms for the apparent purpose of human trafficking.

4. At all times relevant hereto, Davis has been incarcerated for sex trafficking of minors at USP Terre Haute in Terre Haute, Indiana, and he will continue to be incarcerated until at least 2034.

5. Per this Honorable Court's January 21, 2021 Supplemental Pretrial Order, jury selection in the above-captioned action shall begin on June 17, 2021, and trial shall begin on June 21, 2021.

II.    **Motion-Specific Facts**

6. Plaintiff files this Emergency Motion for Protective Order, under Pennsylvania Rule of Civil Procedure 4012, to protect Plaintiff from unreasonably annoying,

Case ID: 170300712
Control No.: 21061103

embarrassing, oppressive, and burdensome trial deposition tactics employed by Roosevelt Defendants.

7. Roosevelt Defendants announced their desire to schedule the in-person video trial deposition of Davis on February 9, 2021. *See* February 9, 2021 Email attached as "Exhibit A."

8. After some effort, Roosevelt Defendants confirmed that Davis' deposition could proceed on June 3, 2021 via a remote video conferencing platform. *See* May 20, 2021 Email attached as "Exhibit B."

9. The deposition, however, was tentatively rescheduled for June 10, 2021, and subsequently confirmed by the prison counselor at USP Terre Haute. *See* June 1, 2021 Email attached as "Exhibit C."

10. In confirming the now-June 10, 2021 trial deposition, Roosevelt Defendants' counsel represented that "[USP Terre Haute] uses a Webex format, compatible for document sharing." *See* Exhibit C.

11. Plaintiff specifically relied on the representation that the video conferencing platform would be "compatible for document sharing" in preparing for Davis' trial deposition, which is being taken in lieu of Davis' physical, in-person appearance during trial.

12. Yet less than one week before Davis' deposition is scheduled to occur, Roosevelt Defendants' counsel participated in a "test" with the "prison tech person" and the "court reporting firm." *See* June 3, 2021 Email attached as Exhibit D.

13. Plaintiff's counsel was neither included in, invited to, aware of, nor asked for any input regarding this "test."

4

Case ID: 170300712
Control No.: 21061103

14. After Roosevelt Defendants' test, its counsel suggested, without proof, that, "Sight and sound worked well but document sharing did not work." *See* Exhibit D.

15. One day after the test, and only six days before the rescheduled trial deposition, Plaintiff learned about how this test occurred through a telephone call with "Megan" from the court reporting agency:

    a. A representative from the court reporting agency and a technology representative from the USP Terre Haute scheduled a phone call to discuss the logistics of Davis' trial deposition.

    b. Roosevelt Defendants' counsel became a party to this conversation.

    c. The technology representative from USP Terre Haute suggested a video conference instead of a phone call.

    d. All parties to the conversation – Roosevelt Defendants' counsel, the representative from the court reporting agency, and the technology representative from USP Terre Haute – agreed with this suggestion.

    e. USP Terre Haute has a screen to allow the witness to view electronic exhibits.

    f. The video conference ensued, and what was intended to be a simple technology test became a full-scale walk through piloted by Roosevelt Defendants' counsel.

    g. During the walk through, Roosevelt Defendants' counsel had difficulties with the audio and visual presentation.

5

16.  Roosevelt Defendants' counsel's suggestion that "document sharing did not work" strikes Plaintiff's counsel as odd for a few reasons:

    a.  Plaintiff's counsel frequently conducts remote video conference depositions of prisoners, including federal prisoners, who are incarcerated across the United States.

    b.  Plaintiff's counsel will be conducting a remote video deposition of another federal prisoner in another civil matter soon.

    c.  The above-mentioned federal prisoner is incarcerated in a prison that *has* document sharing capability and permits the prisoner-witness to use a screen to view electronic exhibits.

    d.  This above-mentioned federal prisoner's deposition even involves the same court reporting agency as Davis' trial deposition.

## III.   Legal Argument

17. Pennsylvania Rule of Civil Procedure 4012 governs the scope of protective orders:

    (a) Upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense, including one or more of the following:

        (1) that the discovery or deposition shall be prohibited;

        (2) that the discovery or deposition shall be only on specified terms and conditions, including a designation of the time and place;

        (3) that the discovery or deposition shall be only by a method of discovery or deposition other than that selected by the party seeking discovery or deposition . . . .

Case ID: 170300712
Control No.: 21061103

18. Pennsylvania courts have held that discovery rules are designed to "encourage a fair trial on the merits, and to discourage unfair surprise." *See Eigen v. Textron Lycoming Reciprocating Engine Div.*, 874 A.2d 1179, 1189 (Pa. Super. Ct. 2005) (citing *Duncan v. Mercy Catholic Med. Ctr. of Southeastern Pa.*, 813 A.2d 6, 10 (Pa. Super. Ct. 2002)).

19. Fairness at trial is paramount. *See, e.g.*, *Jamestown Condominium v. Sofayov*, 1459-CD-2014, 2015 WL 5458373, at *3 (Pa. Comm. Ct. July 30, 2015) (quoting *Bailey v. Systems Innovation, Inc.*, 852 F.2d 93, 97-98 (3d Cir. 1988) ("fairness in a jury trial, whether criminal or civil in nature, is a vital constitutional right").

20. Protective orders are necessary to shield "parties and deponents from gross inconvenience." *See J.A. Reinhardt & Co., Inc. v. Stettz*, 35 Pa. D. & C. 4th 558, 562 (Monroe Co. Ct. C. P. 1996).

21. Plaintiff suffered "gross inconvenience" when Roosevelt Defendants left no viable alternative for presenting individual electronic exhibits to Davis, who is not only a witness but a party to this action, in a way that would allow the jury to best understand the material facts of this case and evaluate the veracity of Davis' testimony.

22. There was no legal or factual basis for Roosevelt Defendants to exclude Plaintiff's counsel from participating in the June 3, 2021 test with USP Terre Haute and the court reporting agency.

23. In turn, Plaintiff has been deprived of (1) the opportunity to participate in the June 3, 2021 test, (2) the opportunity to confer with Defendants, the prison officials, and the court reporting agency to propose, evaluate, and accept or reject the

7

Case ID: 170300712
Control No.: 21061103

remote video conferencing platform or a suitable alternative, and (3) the

opportunity to appropriately develop relevant evidence for the rapidly

approaching trial.

24. Plaintiff will be unfairly prejudiced in her case if the Roosevelt Defendants are

permitted to impair both access to relevant evidence and Plaintiff's right to cross-

examine a party-witness on what Plaintiff can only imagine are critical issues

without the ability to use a document sharing feature on a remote video

conferencing platform.

25. While emergency relief is disfavored and will be entered only under the most

compelling of circumstances, Plaintiff's resulting harm cannot be remedied by

damages, and in the meantime, Plaintiff's counsel contacted Roosevelt

Defendants' counsel, but Roosevelt Defendants' counsel was unable to speak

regarding this matter. *See In re: Emergency Petitions and Motions for*

*Preliminary Relief*, Administrative Docket 04 of 2005; Exhibit D.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter the attached

Order granting Plaintiff's Emergency Motion to for a Protective Order Prohibiting the June 10,

2021 Trial Deposition of Defendant Daiquan Davis.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY:   **s/ Nadeem A. Bezar**

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21061103

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

AND NOW, this      day of                              , 2021, upon consideration of the

attached Plaintiff's Emergency Motion for a Protective Order Prohibiting the June 10, 2021 Trial

Deposition of Defendant Daiquan Davis, and any response thereto,  it is hereby **ORDERED** and

**DECREED** that Plaintiff's Motion is **GRANTED**.

BY THE COURT:

_____
                                                    J.

Case ID: 170300712
Control No.: 21061103

# Attorney Certification of Good Faith

Pursuant to Phila.Civ.R. * 208.2(e)

The undersigned counsel for Movant hereby certifies and attests that:

  **X**  a. He or she has had the contacts described below with opposing counsel about the subject matter of the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

*Description:*

    Plaintiff's counsel conferred with counsel for the Roosevelt Defendants, to no avail.

☐  b. He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute(s).

**CERTIFIED TO THE COURT BY:**

*/s/Nadeem A. Bezar*

_____

 Nadeem A. Bezar, ESQUIRE
Attorney for Plaintiff

Case ID: 170300712
Control No.: 21061103

# EXHIBIT A

Case ID: 170300712
Control No.: 21061103

**From:** Quinlan, James J. <Quinlan@BlankRome.com>
**Sent:** Tuesday, February 9, 2021 4:12 PM
**To:** Bezar, Nadeem <nadeem.bezar@klinespecter.com>; Marks, Emily <emily.marks@klinespecter.com>; Wagner, Thomas P. <TPWagner@mdwcg.com>; Stanko, Robert W. <RWStanko@MDWCG.com>; Foreman, Melanie J. <mjforeman@mdwcg.com>; Marion, Charles S. <CMarion@BlankRome.com>
**Subject:** [EXTERNAL] MB re Trial Deposition of Additional Defendant Davis

All:

We would like to schedule the in-person video recorded trial deposition of Daiquan Davis for April 2021.  In order to pull this off, I think the deposition will have to be set up now or at least the process must start now.

Below is the message that we received from the Warden's Office for USP Terre Haute when we inquired about how to make this happen:

"Good Afternoon, I will need a list of all the people attending, full legal names, Social Security numbers ( so we can run a NCIC ) whom they work for, bar numbers to include the state they practice in, a detailed list of the equipment they wish to bring in. Once I get this information I will forward it on and attempt to get a date as soon as possible.  Thank you"

I have no interest in receiving your personal information and I am not asking for it.  Instead, what we will do is send a letter in response copying you indicating that the three law firms will responding individually with respect the requested information due to the confidential nature of certain details sought.  I will be retaining the reporter and videographer and I will have those individuals submit their info.

Before I send that letter, assuming USP Terre Haute is agreeable, please let me know if an attorney from you Firm for your respective clients is agreeable to attending in person at that time frame.  If the answer is, no or maybe, please let me know that as well.

Thank you,
Jim

Case ID: 170300712
Control No.: 21061103

**James J. Quinlan** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5430 | F: 215.832.5430 | quinlan@blankrome.com

************************************************************************************************
*************************

This message and any attachments may contain confidential or privileged information and are only
for the use of the intended recipient of this message. If you are not the intended recipient, please
notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and
delete or destroy this and all copies of this message and all attachments. Any unauthorized
disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and
may be unlawful.

************************************************************************************************
*********************** CAUTION: This email originated from outside of the organization. Do
not click links or open attachments unless you recognize the sender and know the content is safe.

Case ID: 170300712
Control No.: 21061103

# EXHIBIT B

Case ID: 170300712
Control No.: 21061103

**From:** Byers, Justina <byers@blankrome.com>
**Sent:** Thursday, May 20, 2021 12:14 PM
**To:** Foreman, Melanie J. <mjforeman@mdwcg.com>; Bezar, Nadeem
<nadeem.bezar@klinespecter.com>
**Cc:** cmarion <cmarion@blankrome.com>; Marks, Emily <emily.marks@klinespecter.com>;
TPWagner <TPWagner@mdwcg.com>; Stanko, Robert W. <RWStanko@mdwcg.com>
**Subject:** [EXTERNAL] Deposition of Daiquan Davis

Counsel,
USP Terre Haute has confirmed that Daiquan Davis' deposition can proceed on June 3. We'll serve a
notice and update you with information regarding the link/format as soon as possible.


**Justina L. Byers** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5429 | F: 215.832.5429 | C: 609.790.4685 l byers@blankrome.com

*********************************************************************************************************

This message and any attachments may contain confidential or privileged information and are only
for the use of the intended recipient of this message. If you are not the intended recipient, please
notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and
delete or destroy this and all copies of this message and all attachments. Any unauthorized
disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and
may be unlawful.

************************************************************************************************** CAUTION: This email originated from outside of the organization. Do
not click links or open attachments unless you recognize the sender and know the content is safe.

Case ID: 170300712
Control No.: 21061103

# EXHIBIT C

13

Case ID: 170300712
Control No.: 21061103

**Marks, Emily**

| | |
|---|---|
| **From:** | Byers, Justina <byers@blankrome.com> |
| **Sent:** | Tuesday, June 1, 2021 5:50 PM |
| **To:** | Bezar, Nadeem; TPWagner; Stanko, Robert W. |
| **Cc:** | Eddy, Kevin M.; cmarion; Marks, Emily |
| **Subject:** | [EXTERNAL] Davis dep |

All-

I have had confirmation from the prison counselor that June 10 will work. My understanding from speaking with the prison tech department is that the prison uses a Webex format, compatible for document sharing. The prison will initiate the link. I'll continue to keep you posted as we refine this process.

**Justina L. Byers** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5429 | F: 215.832.5429 | C: 609.790.4685 l byers@blankrome.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\* CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Case ID: 170300712
Control No.: 21061103

# EXHIBIT D

Case ID: 170300712
Control No.: 21061103

| | |
|---|---|
| **From:** | Bezar, Nadeem |
| **Sent:** | Friday, June 4, 2021 10:31 AM |
| **To:** | Byers, Justina |
| **Cc:** | TPWagner; Stanko, Robert W.; Marks, Emily; Foreman, Melanie J.; Eddy, Kevin M. |
| **Subject:** | Re: [EXTERNAL] Davis deposition |

Justina,

Can we speak.
I think I understand the logistics but am bothered that I cannot use an exhibit with the witness and broadcast/display it for the jury simultaneously.
Why are we limited and do we have other options.
I would have liked to participate in the 'run through' with the prison.
Can you you provide the counselors contact information, ie telephone number?
What will be videotaped?
We should speak today.

Nadeem A. Bezar, Esquire
Kline & Specter, PC
1525 Locust Street
Philadelphia PA 19102
215-772-0522
Nadeem.Bezar@klinespecter.com
www.klinespecter.com

Sent from my iPhone

On Jun 3, 2021, at 3:44 PM, Byers, Justina <byers@blankrome.com> wrote:

All,
The Davis deposition is confirmed for June 10, 10:00 am to 3:30. You may have received a Webex link/invite from USP Terre Haute already.
I participated in a test today with the prison tech person and the court reporting firm. The prison will not allow the witness to have a laptop with internet so he'll have videoconferencing capability only. Sight and sound worked well but document sharing did not work.
We will need to provide paper copies of any exhibits we want to use in advance of the deposition. The prison counselor, Bradley Klink, will retain custody and control of the exhibits until we ask him during the deposition to show Davis an exhibit. I suggest we each send the exhibits by Federal Express, separating them into clearly marked folders, e.g., "Plaintiff Exhibits 1, Plaintiff Exhibit 2, Alpha Exhibit 1, Roosevelt Exhibit 1, etc." We can have the court reporter mark them differently for the deposition, but the counselor needs to have a method to keep three collections separately identifiable.
The Fed Ex packages should be directed to:
COUNSELOR BRADLEY KLINK
US PENITENTIARY TERRE HAUTE
4700 BUREAU ROAD SOUTH
TERRE HAUTE, IN 47802

Case ID: 170300712
Control No.: 21061103

I've asked Counselor Klink to confirm his receipt of the exhibits.  Thank you for your patience.

**Justina L. Byers** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5429 | F: 215.832.5429 | C:  609.790.4685 | byers@blankrome.com

*************************************************************************************
********************

This message and any attachments may contain confidential or privileged information and are only for
the use of the intended recipient of this message. If you are not the intended recipient, please notify the
Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy
this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or
reproduction of this message or any attachments is prohibited and may be unlawful.

*************************************************************************************
******************** CAUTION: This email originated from outside of the organization. Do not click
links or open attachments unless you recognize the sender and know the content is safe.

Case ID: 170300712
Control No.: 21061103

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

| | |
|---|---|
| M.B., a Minor by her Guardian, WILLIAM A. CALANDRA, ESQ., <br> *Plaintiff,* <br> v. <br> ROOSEVELT INN LCC d/b/a ROOSEVELT INN and ROOSEVELTN INN CAFÉ, et al., <br> *Defendants.* | March Term 2017 <br><br> Case No. 170300712 <br><br> Control No. 21061103 |

## ORDER

**AND NOW**, this **7**th day of **June, 2021**, upon consideration Plaintiff's Emergency

Motion for Protective Order to Prohibit the June 10, 2021 Trial Deposition of Daiquan Davis, it

is hereby **ORDERED** and **DECREED** that said Motion is **DENIED**.

**BY THE COURT:**

_Denis P. Cohen_
DENIS P. COHEN, J.

170300712-B. Etal Vs Roosevelt Inn Llc Etal



17030071200420

| M.B. | : | PHILADELPHIA COUNTY |
|------|---|---------------------|
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____day of _____ 2021, upon

consideration of the Motion *in Limine* of the Roosevelt Inn Defendants regarding FBI Materials,

Control No. 21060532, and Alpha-Centurion Security, Inc.'s Joinder thereto, it is hereby

**ORDERED** and **DECREED** that Defendants' Motion is **GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from introducing evidence, testimony, and/or

argument regarding the Federal Bureau of Investigation Materials Produced by the U.S.

Attorney's Office for the Eastern District of Pennsylvania.

**BY THE COURT:**

_____

**J.**

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire
Identification No.    208830
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

Attorneys for Defendant,
Alpha-Centurion Security, Inc.

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN SUPPORT OF THE ROOSEVELT INN DEFENDANTS' MOTION *IN LIMINE* AS TO FBI MATERIALS</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby joins the Roosevelt Inn Defendants' Motion *in*

*Limine* regarding FBI Materials, Control No. 21060532, and responds as follows:

1. – 29.  By its Motion *in Limine*, the Roosevelt Inn Defendants seek to preclude Plaintiff

from introducing evidence, testimony, and/or argument regarding the Federal Bureau of

Investigation Materials Produced by the U.S. Attorney's Office for the Eastern District of

Pennsylvania.[1]  Alpha-Centurion Security, Inc. supports the Roosevelt Inn Defendants' Motion and hereby joins in said Motion.

      **WHEREFORE**, for the foregoing reasons, and for the reasons further set forth in Defendant Alpha-Centurion Security, Inc.'s Motion *in Limine*, Control No. 21060427, Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Grant the Roosevelt Inn Defendants' Motion *in Limine*, thereby precluding the FBI materials and and testimony regarding their contents at Trial.

                                           **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
                                     Thomas P. Wagner, Esquire
                                     Robert W. Stanko, Esquire
                                     Melanie J. Foreman, Esquire
                                     Attorneys for Defendant,
                                     Alpha-Centurion Security, Inc.

Dated:  _June 10, 2021_____

---

[1] Defendant Alpha-Centurion Security, Inc. filed a similar Motion, Control No., 21060427, which seeks to preclude the FBI materials and testimony regarding their contents.

Case ID: 170300712
Control No.: 21060532

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Support of the Roosevelt Inn Defendants' Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN  47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _Thomas P Wagner_
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated:  June 10, 2021

FILED
10 JUN 2021 11:31 am
Civil Administration
E. MEENAN

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a *ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a *ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____day of _____ 2021, upon

consideration of the Motion *in Limine* of the Roosevelt Inn Defendants regarding Statement of

Keith Fenwick, Control No. 21060533, and Alpha-Centurion Security, Inc.'s Joinder thereto, it is

hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from introducing evidence, testimony, and/or

argument regarding Keith Fenwick's "Statement" at Trial.

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 21060533

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

### <u>RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN SUPPORT OF THE ROOSEVELT INN DEFENDANTS' MOTION *IN LIMINE* AS TO STATEMENT OF KEITH FENWICK</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby joins the Roosevelt Inn Defendants' Motion *in*

*Limine* regarding the Statement of Keith Fenwick, Control No. 21060533, and responds as

follows:

Case ID: 170300712
Control No.: 21060533

1. – 12.  By its Motion *in Limine*, the Roosevelt Inn Defendants seek to preclude Plaintiff from introducing the "statement" of Keith Fenwick at Trial.[1]  Alpha-Centurion Security, Inc. supports the Roosevelt Inn Defendants' Motion and hereby joins in said Motion.

**WHEREFORE**, for the foregoing reasons, and for the reasons further set forth in Defendant Alpha-Centurion Security, Inc.'s Motion *in Limine*, Control No. 21060447, Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Grant the Roosevelt Inn Defendants' Motion *in Limine*, thereby precluding any and all evidence, testimony, and/or argument by Plaintiff as to the "statement" of Keith Fenwick at Trial.

<div style="text-align:right">

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
      Thomas P. Wagner, Esquire
      Robert W. Stanko, Esquire
      Melanie J. Foreman, Esquire
      Attorneys for Defendant,
      Alpha-Centurion Security, Inc.

</div>

Dated:  June 10, 2021

---

[1] Defendant Alpha-Centurion Security, Inc. filed a Motion, Control No., 21060447, which seeks to preclude the "statement" and testimony of Keith Fenwick.

Case ID: 170300712
Control No.: 21060533

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Support of the Roosevelt Inn Defendants' Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Charles S. Marion, Esquire |
| Nadeem A. Bezar, Esquire | Kevin M. Eddy, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| ***Attorneys for minor-Plaintiff*** | ***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*** |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN 47808 | Tucson, AZ 85734 |

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated:  June 10, 2021

FILED
10 JUN 2021 11:25 am
Civil Administration
E. MEENAN

| M.B. | | : | PHILADELPHIA COUNTY |
|---|---|---|---|
| | Plaintiff | : | COURT OF COMMON PLEAS |
| | | : | |
| v. | | : | |
| | | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | | : | |
| *d/b/a ROOSEVELT INN* and | | : | |
| *ROOSEVELT INN CAFE* and | | : | |
| ROOSEVELT MOTOR INN | | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | | : | |
| UFVS MANAGEMENT COMPANY, LLC | | : | |
| and YAGNA PATEL and | | : | |
| ALPHA-CENTURION SECURITY, INC. | | : | <u>JURY TRIAL DEMANDED</u> |
| | Defendants | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of the Roosevelt Inn Defendants regarding Incidents Prior

to and After the Relevant Time Period, Control No. 21060493, and Alpha-Centurion Security,

Inc.'s Joinder thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is

**GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from introducing evidence, testimony, and/or

argument regarding any alleged incidents or conditions at the Roosevelt Inn prior to or following

the relevant time period at Trial.

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 21060493

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

### <u>RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN SUPPORT OF THE ROOSEVELT INN DEFENDANTS' MOTION *IN LIMINE* AS TO INCIDENTS PRIOR TO AND AFTER THE RELEVANT TIME PERIOD</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby joins the Roosevelt Inn Defendants' Motion *in*

*Limine* regarding Incidents Prior to and After the Relevant Time Period, Control No. 21060493,

and responds as follows:

1. – 17.  By its Motion *in Limine*, the Roosevelt Inn Defendants seek to preclude Plaintiff

from introducing evidence, testimony, and/or argument regarding Incidents Prior to and After the

Case ID: 170300712
Control No.: 21060493

Relevant Time Period.[1]  Alpha-Centurion Security, Inc. supports the Roosevelt Inn Defendants'

Motion and hereby joins in said Motion.

**WHEREFORE**, for the foregoing reasons, Alpha-Centurion Security, Inc. respectfully

requests that this Honorable Court Grant the Roosevelt Inn Defendants' Motion *in Limine*, thereby

precluding any and all evidence, testimony, and/or argument by Plaintiff regarding any alleged

incidents or conditions at the Roosevelt Inn prior to or following the relevant time period at Trial.

<div align="right">

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____

       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

</div>

Dated:  June 10, 2021

---

[1] Defendant Alpha-Centurion Security, Inc. filed the following Motions, which similarly seek to preclude evidence, testimony, and argument regarding incidents prior to and following Plaintiff's alleged trafficking at the Roosevelt Inn:  Motion to Exclude Other Plaintiffs, Control No., 21060279, which seeks to preclude evidence, testimony, and/or argument regarding other plaintiffs, who were allegedly trafficking at time before or after Plaintiff; Motion to Preclude FBI Materials, Control No., 21060427, which seeks to preclude said materials because they involve an investigation after Plaintiff's alleged trafficking at the Roosevelt Inn; and Motion to Preclude Extraneous Criminal Activity, Control No., 21060447, which seeks to preclude evidence, testimony, and/or argument regarding extraneous criminal activity, including, *inter alia*, other activity that occurred prior to and after Plaintiff's alleged trafficking at the Roosevelt Inn.

2

Case ID: 170300712
Control No.: 21060493

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Support of the Roosevelt Inn Defendants' Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: __June 10, 2021__

FILED
10 JUN 2021 11:19 am
Civil Administration
E. MEENAN

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a *ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a *ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

<u>**ORDER**</u>

**AND NOW**, this _____day of _____ 2021, upon

consideration of the Motion *in Limine* of the Roosevelt Inn Defendants regarding Statement and

Testimony of Michael Staub, Control No. 21060495, and Alpha-Centurion Security, Inc.'s

Joinder thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is

**GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from introducing the statement and testimony of

Michael Staub at the time of Trial.

**BY THE COURT:**

_____
                                  **J.**

Case ID: 170300712
Control No.: 21060495

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830                    Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

### <u>RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN SUPPORT OF THE ROOSEVELT INN DEFENDANTS' MOTION *IN LIMINE* AS TO STATEMENT AND TESTIMONY OF MICHAEL STAUB</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby joins the Roosevelt Inn Defendants' Motion *in*

*Limine* regarding Statement and Testimony of Michael Staub, Control No. 21060495, and

responds as follows:

2

Case ID: 170300712
Control No.: 21060495

1. – 25.  By its Motion *in Limine*, the Roosevelt Inn Defendants seek to preclude Plaintiff from introducing the "statement" and testimony of Michael Staub.[1]  Alpha-Centurion Security, Inc. supports the Roosevelt Inn Defendants' Motion and hereby joins in said Motion.

**WHEREFORE**, for the foregoing reasons, and for the reasons further set forth in Defendant Alpha-Centurion Security, Inc.'s Motion *in Limine*, Control No. 21060447, Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Grant the Roosevelt Inn Defendants' Motion *in Limine*, thereby precluding the "statement" and testimony of Michael Staub at Trial.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated:   June 10, 2021

---

[1] Defendant Alpha-Centurion Security, Inc. also sought to preclude Michael Staub's statement and testimony via its Motion, Control No., 21060447, which seeks to preclude evidence, testimony, and/or argument regarding extraneous criminal activity.

Case ID: 170300712
Control No.: 21060495

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Support of the Roosevelt Inn Defendants' Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: __June 10, 2021__

4

Case ID: 170300712
Control No.: 21060495

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of the Roosevelt Inn Defendants regarding News Stories,

Trip Advisor Reviews, and Social Media Posts about the Roosevelt Inn, Control No. 21060528,

and Alpha-Centurion Security, Inc.'s Joinder thereto, it is hereby **ORDERED** and **DECREED**

that Defendants' Motion is **GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from introducing evidence, testimony, and/or

argument as to news stories, trip advisor reviews, and/or social media posts about the Roosevelt

Inn at Trial.

**BY THE COURT:**

_____

**J.**

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire                    Attorneys for Defendant,
Identification No.    208830                             Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

### <u>RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN SUPPORT OF THE ROOSEVELT INN DEFENDANTS' MOTION *IN LIMINE* AS TO NEWS STORIES, TRIP ADVISOR REVIEWS, AND SOCIAL MEDIA POSTS ABOUT THE ROOSEVELT INN</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby joins the Roosevelt Inn Defendants' Motion *in*

*Limine* regarding News Stories, Trip Advisor Reviews, and Social Media Posts about the

Roosevelt Inn, Control No. 21060528, and responds as follows:

Case ID: 170300712
Control No.: 21060528

1. – 27.  By its Motion *in Limine*, the Roosevelt Inn Defendants seek to preclude Plaintiff from introducing evidence, testimony, and/or argument regarding News Stories, Trip Advisor Reviews, and Social Media Posts about the Roosevelt Inn.[1]  Alpha-Centurion Security, Inc. supports the Roosevelt Inn Defendants' Motion and hereby joins in said Motion.

**WHEREFORE**, for the foregoing reasons, and for the reasons further set forth in Defendant Alpha-Centurion Security, Inc.'s Motion *in Limine*, Control No. 21060291, Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Grant the Roosevelt Inn Defendants' Motion *in Limine*, thereby precluding any and all evidence, testimony, and/or argument by Plaintiff regarding News Stories, Trip Advisor Reviews, and Social Media Posts about the Roosevelt Inn at Trial.

<div style="text-align: right;">

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

</div>

Dated:  June 10, 2021

---

[1] Defendant Alpha-Centurion Security, Inc. filed a Motion, Control No., 21060291, which seeks to preclude evidence, testimony, and/or argument regarding, inter alia, Trip Advisor, Yelp, and/or Facebook Reviews for the Roosevelt Inn.

Case ID: 170300712
Control No.: 21060528

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Support of the Roosevelt Inn Defendants' Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Charles S. Marion, Esquire |
| Nadeem A. Bezar, Esquire | Kevin M. Eddy, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| ***Attorneys for minor-Plaintiff*** | ***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*** |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN 47808 | Tucson, AZ 85734 |

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: __June 10, 2021__

Case ID: 170300712
Control No.: 21060528

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of the Roosevelt Inn Defendants regarding Crimes,

Criminal Activity, and Arrests Unrelated to Sex Trafficking, Control No. 21060498, and Alpha-

Centurion Security, Inc.'s Joinder thereto, it is hereby **ORDERED** and **DECREED** that

Defendants' Motion is **GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from introducing evidence, testimony, and/or

argument regarding any crimes or criminal activity at the Roosevelt other than alleged sex

trafficking.

**BY THE COURT:**

_____

**J.**

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
BY:   Thomas P. Wagner, Esquire
Identification No.:   27145
BY:   Robert W. Stanko, Esquire
Identification No.   208830
BY:   Melanie J. Foreman, Esquire
Identification No.:   317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

Attorneys for Defendant,
Alpha-Centurion Security, Inc.

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a ROOSEVELT MOTOR INN and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

<u>**RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN SUPPORT OF THE ROOSEVELT INN DEFENDANTS' MOTION *IN LIMINE* AS TO CRIMES, CRIMINAL ACTIVITY, AND ARRESTS UNRELATED TO SEX TRAFFICKING**</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby joins the Roosevelt Inn Defendants' Motion *in*

*Limine* regarding Crimes, Criminal Activity, and Arrests Unrelated to Sex Trafficking, Control

No. 21060498, and responds as follows:

1. – 22.  By its Motion *in Limine*, the Roosevelt Inn Defendants seek to preclude Plaintiff

from introducing evidence, testimony, and/or argument regarding crimes, criminal activity, and

Case ID: 170300712
Control No.: 21060498

arrests unrelated to sex trafficking.[1]  Alpha-Centurion Security, Inc. supports the Roosevelt Inn Defendants' Motion and hereby joins in said Motion.

WHEREFORE, for the foregoing reasons, and for the reasons further set forth in Defendant Alpha-Centurion Security, Inc.'s Motion *in Limine*, Control No. 21060447, Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Grant the Roosevelt Inn Defendants' Motion *in Limine*, thereby precluding any and all evidence, testimony, and/or argument by Plaintiff as to crimes, criminal activity, and arrests unrelated to sex trafficking at Trial.

<div align="right">

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

</div>

Dated:  June 10, 2021

---

[1] Defendant Alpha-Centurion Security, Inc. filed a similar Motion, Control No., 21060447, which seeks to preclude evidence, testimony, and/or argument regarding extraneous criminal activity.

Case ID: 170300712
Control No.: 21060498

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Support of the Roosevelt Inn Defendants' Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Charles S. Marion, Esquire |
| Nadeem A. Bezar, Esquire | Kevin M. Eddy, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| ***Attorneys for minor-Plaintiff*** | ***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*** |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN  47808 | Tucson, AZ 85734 |

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _Thomas P. Wagner_

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated:  June 10, 2021

4

Case ID: 170300712
Control No.: 21060498

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a *ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a *ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of the Roosevelt Inn Defendants regarding Alleged

Traffickers other than Daiquan Davis and Abdul Lopez, Control No. 21060491, and Alpha-

Centurion Security, Inc.'s Joinder thereto, it is hereby **ORDERED** and **DECREED** that

Defendants' Motion is **GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from introducing evidence, testimony, and/or

argument regarding any alleged traffickers other than Daiquan Davis and Abdul Lopez at Trial.

**BY THE COURT:**

_____

**J.**

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a ROOSEVELT MOTOR INN and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

<u>**RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN SUPPORT OF THE ROOSEVELT INN DEFENDANTS' MOTION *IN LIMINE* AS TO ALLEGED TRAFFICKERS OTHER THAN DAIQUAN DAVIS AND ABDUL LOPEZ**</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby joins the Roosevelt Inn Defendants' Motion *in*

*Limine* regarding alleged traffickers other than Daiquan Davis and Abdul Lopez, Control No.

21060491, and responds as follows:

1. – 18.  By its Motion *in Limine*, the Roosevelt Inn Defendants seek to preclude Plaintiff

from introducing evidence, testimony, and/or argument regarding any alleged traffickers other

Case ID: 170300712
Control No.: 21060491

than Daiquan Davis and Abdul Lopez at Trial.[1]  Alpha-Centurion Security, Inc. supports the Roosevelt Inn Defendants' Motion and hereby joins in said Motion.

WHEREFORE, for the foregoing reasons, and for the reasons further set forth in Defendant Alpha-Centurion Security, Inc.'s Motion *in Limine*, Control No. 21060447, Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Grant the Roosevelt Inn Defendants' Motion *in Limine*, thereby precluding any and all evidence, testimony, and/or argument by Plaintiff as to alleged traffickers other than Daiquan Davis and Abdul Lopez at Trial.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
　　　Thomas P. Wagner, Esquire
　　　Robert W. Stanko, Esquire
　　　Melanie J. Foreman, Esquire
　　　Attorneys for Defendant,
　　　Alpha-Centurion Security, Inc.

Dated: __June 10, 2021__

---

[1] Defendant Alpha-Centurion Security, Inc. filed a similar Motion, Control No., 21060447, which seeks to preclude evidence, testimony, and/or argument regarding extraneous criminal activity.

2

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Support of the Roosevelt Inn Defendants' Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: __June 10, 2021__

Case ID: 170300712
Control No.: 21060491

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| Plaintiff | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |
| Defendants | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of the Roosevelt Inn Defendants regarding Alleged

Trafficking Victims other than Plaintiff, Control No. 21060521, and Alpha-Centurion Security,

Inc.'s Joinder thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is

**GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from introducing evidence, testimony, and/or

argument regarding any alleged trafficking victims other than Plaintiff, including but not limited

to their identities, their trafficking experiences, their activities at the Roosevelt Inn, law

enforcement activities related to their claims, and all documents related to them, including their

purported written statements, at Trial.

**BY THE COURT:**

_____

**J.**

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

### <u>RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN SUPPORT OF THE ROOSEVELT INN DEFENDANTS' MOTION *IN LIMINE* AS TO ALLEGED TRAFFICKING VICTIMS OTHER THAN PLAINTIFF</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby joins the Roosevelt Inn Defendants' Motion *in*

*Limine* regarding alleged trafficking victims other than Plaintiff, Control No. 21060521, and

responds as follows:

1. – 20.  By its Motion *in Limine*, the Roosevelt Inn Defendants seek to preclude Plaintiff

from introducing evidence, testimony, and/or argument regarding any alleged trafficking victims

Case ID: 170300712
Control No.: 21060521

other than Plaintiff, including but not limited to their identities, their trafficking experiences, their activities at the Roosevelt Inn, law enforcement activities related to their claims, and all documents related to them, including their purported written statements.[1] Alpha-Centurion Security, Inc. supports the Roosevelt Inn Defendants' Motion and hereby joins in said Motion.

**WHEREFORE**, for the foregoing reasons, and for the reasons further set forth in Defendant Alpha-Centurion Security, Inc.'s Motions *in Limine*, Control Nos. 21060279, 21060291, and 21060447, Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Grant the Roosevelt Inn Defendants' Motion *in Limine*, thereby precluding any and all evidence, testimony, and/or argument by Plaintiff regarding any alleged trafficking victims other than Plaintiff, including but not limited to their identities, their trafficking experiences, their activities at the Roosevelt Inn, law enforcement activities related to their claims, and all documents related to them, including their purported written statements, at Trial.

> MARSHALL DENNEHEY WARNER
> COLEMAN & GOGGIN
>
> BY: _____
>
>        Thomas P. Wagner, Esquire
>        Robert W. Stanko, Esquire
>        Melanie J. Foreman, Esquire
>        Attorneys for Defendant,
>        Alpha-Centurion Security, Inc.

Dated:  June 10, 2021

---

[1] Defendant Alpha-Centurion Security, Inc. filed the following Motions, which seek to preclude similar evidence, testimony, and argument:  Motion to Exclude Other Plaintiffs, Control No., 21060279, which seeks to preclude evidence, testimony, and/or argument regarding other plaintiffs, including their alleged trafficking and their respective lawsuits; Motion to Preclude Inadmissible Hearsay, Control No., 21060291, which seeks to preclude evidence, testimony, and/or argument regarding, *inter alia*, out of court statements of non-party witnesses; and Motion to Extraneous Criminal Activity; Motion to Preclude Extraneous Criminal Activity, Control No., 21060447, which seeks to preclude evidence, testimony, and/or argument regarding extraneous criminal activity, including, *inter alia*, prostitution by and trafficking of individuals other than Plaintiff.

2

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Support of the Roosevelt Inn Defendants' Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _Thomas P. Wagner_
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: __June 10, 2021__

Case ID: 170300712
Control No.: 21060521

FILED
10 JUN 2021 10:33 am
Civil Administration
E. MEENAN

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of the Roosevelt Inn Defendants regarding Plaintiff's

Expert, Michelle Guelbart, Control No. 21060525, and Alpha-Centurion Security, Inc.'s Joinder

thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from introducing the report, opinions, and

testimony of Michelle Guelbart at Trial.

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 21060525

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

**<u>RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN SUPPORT
OF THE ROOSEVELT INN DEFENDANTS' MOTION *IN LIMINE*
AS TO PLAINTIFF'S EXPERT, MICHELLE GUELBART</u>**

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby joins the Roosevelt Inn Defendants' Motion *in*

*Limine* regarding Plaintiff's Expert, Michelle Guelbart, Control No. 21060525, and responds as

follows:

Case ID: 170300712
Control No.: 21060525

1. – 28.  By its Motion *in Limine*, the Roosevelt Inn Defendants seek to preclude Plaintiff from introducing Michelle Guelbart's report and testimony.  Alpha-Centurion Security, Inc. supports the Roosevelt Inn Defendants' Motion and hereby joins in said Motion.

**WHEREFORE**, for the foregoing reasons, Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Grant the Roosevelt Inn Defendants' Motion *in Limine*, thereby precluding Michelle Guelbart's report, opinions, and testimony at Trial.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated:  June 10, 2021

3

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Support of the Roosevelt Inn Defendants' Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Charles S. Marion, Esquire |
| Nadeem A. Bezar, Esquire | Kevin M. Eddy, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| ***Attorneys for minor-Plaintiff*** | ***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*** |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN  47808 | Tucson, AZ 85734 |

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _Thomas P Wagner_

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated:  June 10, 2021

4

Case ID: 170300712
Control No.: 21060525

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a *ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a *ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of the Roosevelt Inn Defendants regarding Plaintiff's

Expert, Richard Hudak, Control No. 21060522, and Alpha-Centurion Security, Inc.'s Joinder

thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED.**

Plaintiff M.B. is hereby **PRECLUDED** from introducing the report, opinions, and

testimony of Richard Hudak at Trial.

**BY THE COURT:**

_____
**J.**

Case ID: 170300712
Control No.: 21060522

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

<u>**RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN SUPPORT OF THE ROOSEVELT INN DEFENDANTS' MOTION *IN LIMINE* AS TO PLAINTIFF'S EXPERT RICHARD HUDAK**</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, hereby joins the Roosevelt Inn Defendants' Motion *in Limine* regarding Plaintiff's Expert, Richard Hudak, Control No. 21060522, and responds as follows:

2

Case ID: 170300712
Control No.: 21060522

1. – 28.  By its Motion *in Limine*, the Roosevelt Inn Defendants seek to preclude Plaintiff from introducing Richard Hudak's report and testimony.[1]  Alpha-Centurion Security, Inc. supports the Roosevelt Inn Defendants' Motion and hereby joins in said Motion.

**WHEREFORE**, for the foregoing reasons, and for the reasons further set forth in Defendant Alpha-Centurion Security, Inc.'s Motion *in Limine*, Control No. 21060464, Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Grant the Roosevelt Inn Defendants' Motion *in Limine*, thereby precluding Richard Hudak's report, opinions, and testimony at Trial.

> **MARSHALL DENNEHEY WARNER**
> **COLEMAN & GOGGIN**
>
> BY: _____
>       Thomas P. Wagner, Esquire
>       Robert W. Stanko, Esquire
>       Melanie J. Foreman, Esquire
>       Attorneys for Defendant,
>       Alpha-Centurion Security, Inc.

Dated:  June 10, 2021

---

[1] Defendant Alpha-Centurion Security, Inc. filed a similar Motion, Control No., 21060464, which seeks to preclude the testimony and opinions of Mr. Hudak.

Case ID: 170300712
Control No.: 21060522

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Support of the Roosevelt Inn Defendants' Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN  47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated:  June 10, 2021

4

Case ID: 170300712
Control No.: 21060522