# EXHIBIT 13

# Docket Report

## Case Description

| | |
|---|---|
| **Case ID:** | 170300712 |
| **Case Caption:** | B. ETAL VS ROOSEVELT INN LLC ETAL |
| **Filing Date:** | Friday , March 10th, 2017 |
| **Location:** | CH - City Hall |
| **Case Type:** | 2O - PERSONAL INJURY - OTHER |
| **Status:** | CLDBR - DEFERRED - BANKRUPTCY |

| 10-JUN-2021 10:31 AM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 10-JUN-2021 10:35 AM |
|---|---|---|---|

**Documents:** MB - Alpha Response In Opposition to RI MIL re Kimberly Mueller.PDF
Motion CoverSheet Form

**Docket Entry:** 26-21060526 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 10-JUN-2021 03:06 PM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 10-JUN-2021 03:07 PM |
|---|---|---|---|

**Documents:** MB - Alpha Response in Opposition to Plaintiff MIL re James Francis.PDF
Motion CoverSheet Form

**Docket Entry:** 30-21060530 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 10-JUN-2021 03:08 PM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 10-JUN-2021 03:14 PM |
|---|---|---|---|

**Documents:** MB - Alpha Response in Opposition to Plaintiff MIL re David Webb.PDF
Motion CoverSheet Form

**Docket Entry:** 29-21060529 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 10-JUN-2021 03:48 PM | JOINM - JOINDER-MOTION/PETITION FILED | BYERS MS., JUSTINA L | 10-JUN-2021 03:49 PM |
|---|---|---|---|

**Documents:** Roosevelt Defts Response to Alpha MIL re Word Rape.pdf
Motion CoverSheet Form

**Docket Entry:** 03-21060403 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 10-JUN-2021 03:52 PM | JOINM - JOINDER-MOTION/PETITION FILED | BYERS MS., JUSTINA L | 10-JUN-2021 03:56 PM |
|---|---|---|---|

| **Documents:** | Roosevelt Defts Response to Alpha MIL re PHTL.pdf |
| | Motion CoverSheet Form |
| **Docket Entry:** | 82-21060282 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC) |

| 10-JUN-2021 03:54 PM | JOINM - JOINDER-MOTION/PETITION FILED | BYERS MS., JUSTINA L | 10-JUN-2021 03:56 PM |

| **Documents:** | Roosevelt Defts Response to Alpha MIL as to Preclude FBI Docs.pdf |
| | Motion CoverSheet Form |
| **Docket Entry:** | 27-21060427 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC) |

| 10-JUN-2021 03:55 PM | MTLIM - MOTION IN LIMINE | WAGNER, THOMAS P | 10-JUN-2021 03:56 PM |

| **Documents:** | MB ? Alpha MIL re Letter from Daiquan Davis or Testimony Regarding its Contents.PDF |
| | Motion CoverSheet Form |
| **Docket Entry:** | 11-21062211 MOTION IN LIMINE DEFENDANT'S MOTION TO PRECLUDE LETTER FROM DAIQUAN DAVIS AND TESTIMONY AND ARGUMENT REGARDING ITS CONTENTS (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC) |

| 10-JUN-2021 03:58 PM | JOINM - JOINDER-MOTION/PETITION FILED | BYERS MS., JUSTINA L | 10-JUN-2021 04:18 PM |

| **Documents:** | Roosevelt Defts Response to Alpha MIL as to Other Plaintiffs.pdf |
| | Motion CoverSheet Form |
| **Docket Entry:** | 79-21060279 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC) |

| 11-JUN-2021 09:05 AM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 11-JUN-2021 09:29 AM |

| **Documents:** | MB - Alpha Response in Opposition to Plaintiff MIL re Cumulative Expert Liability Testimony.PDF |
| | Motion CoverSheet Form |
| **Docket Entry:** | 05-21060205 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC) |

| 11-JUN-2021 11:54 AM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 11-JUN-2021 11:55 AM |

| **Documents:** | MB - Alpha Response in Opposition to Plaintiff MIL re Credibility and Veracity.PDF |
| | Motion CoverSheet Form |
| **Docket Entry:** | 97-21060197 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC) |

| 11-JUN-2021 01:13 PM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 11-JUN-2021 01:17 PM |

**Documents:** MB - Alpha Response in Opposition to Plaintiff MIL re force fraud threat or cooercion.PDF
Motion CoverSheet Form

**Docket Entry:** 04-21060204 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 11-JUN-2021 03:30 PM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 11-JUN-2021 03:57 PM |
|---|---|---|---|

**Documents:** MB - Confidential Exhibit A to Alpha Responses.PDF
MB - Alpha Response in Opposition to Plaintiff MIL re Ziv Opions on sexual history.PDF
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 56-21060656 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 11-JUN-2021 03:35 PM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 11-JUN-2021 03:59 PM |
|---|---|---|---|

**Documents:** MB - Confidential Exhibit A to Alpha Responses.PDF
MB - Alpha Response in Opposition to Plaintiff MIL re Testimony and Opinions of Dr Ziv.PDF
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 37-21060437 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 14-JUN-2021 02:37 PM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 14-JUN-2021 02:50 PM |
|---|---|---|---|

**Documents:** MB - Connfidential Exhibit to Alpha Response In Opposition to RI MIL re Jake Stone.PDF
MB - Alpha Response in Opposition to RI MIL re Jake Stone.PDF
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 24-21060524 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 14-JUN-2021 03:51 PM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 14-JUN-2021 04:00 PM |
|---|---|---|---|

**Documents:** MB - Connfidential Exhibit to Alpha Response In Opposition to RI MIL re 1-2-15 video.PDF
MB - Alpha Response In Opposition to RI MIL re 1-2-15 video.PDF
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 90-21060490 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC)

| 11-JUN-2021 01:09 PM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 11-JUN-2021 01:10 PM |
|---|---|---|---|

**Documents:** MB - Confidential Exhibit to Alpha Response in Opposition to Plaintiff MIL re Consent.PDF
MB - Alpha Response in Opposition to Plaintiff MIL re Consent.PDF
Motion CoverSheet Form
Confidential Document Form

|  |  |  |  |
|---|---|---|---|
| **Docket Entry:** | 69-21060469 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC) | | |
| 11-JUN-2021 02:41 PM | MTANS - ANSWER (MOTION/PETITION) FILED | GOLDSTEIN, ANDREW C | 11-JUN-2021 02:47 PM |

**Documents:** [MB - Confidential Exhibit to Alpha Response in Opposition to Plaintiff MIL re Social Media.PDF](#)
[MB - Alpha Response in Opposition to Plaintiff MIL re Social Media.PDF](#)
[Motion CoverSheet Form](#)
[Confidential Document Form](#)

|  |  |  |  |
|---|---|---|---|
| **Docket Entry:** | 75-21060775 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC) | | |
| 11-JUN-2021 02:58 PM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 11-JUN-2021 02:59 PM |

**Documents:** [MB - Confidential Exhibit A to Alpha Responses.PDF](#)
[MB - Alpha Response in Opposition to Plaintiff MIL re criminal record history mental health and parenting skills.PDF](#)
[Motion CoverSheet Form](#)
[Confidential Document Form](#)

|  |  |  |  |
|---|---|---|---|
| **Docket Entry:** | 31-21060531 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC) | | |
| 11-JUN-2021 03:01 PM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 11-JUN-2021 03:03 PM |

**Documents:** [MB - Confidential Exhibit A to Alpha Responses.PDF](#)
[MB - Alpha Response in Opposition to Plaintiff MIL re Maltreatment.PDF](#)
[Motion CoverSheet Form](#)
[Confidential Document Form](#)

|  |  |  |  |
|---|---|---|---|
| **Docket Entry:** | 23-21060523 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC) | | |
| 11-JUN-2021 03:24 PM | MTANS - ANSWER (MOTION/PETITION) FILED | WAGNER, THOMAS P | 11-JUN-2021 03:47 PM |

**Documents:** [MB - Confidential Exhibits to Alpha Response in Opposition to Plaintiff MIL re Ziv Opions on sexual maturity.PDF](#)
[MB - Alpha Response in Opposition to Plaintiff MIL re Ziv Opions on seual maturity.PDF](#)
[Motion CoverSheet Form](#)
[Confidential Document Form](#)

|  |  |  |  |
|---|---|---|---|
| **Docket Entry:** | 55-21060455 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC) | | |
| 11-JUN-2021 08:23 AM | MTLIM - MOTION IN LIMINE | | |

**Documents:** [MB ? Alpha MIL re Anthony Brooks.PDF](#)
[Motion CoverSheet Form](#)

|  |  |  |  |
|---|---|---|---|
| **Docket Entry:** | 48-21062248 MOTION IN LIMINE TO PRECLUDE TESTIMONY OF ANTHONY BROOKS (FILED ON BEHALF OF ALPHA-CENTURION SECURITY INC) | | |

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. to Preclude

introduction of a letter from Daiquan Davis and testimony and argument regarding its contents,

and any Response thereto, it is hereby **ORDERED** and **DECREED** that Defendant's Motion is

**GRANTED.**

    Plaintiff is hereby **PRECLUDED** from introducing a letter from Daiquan Davis and

testimony and/or argument regarding its contents, and that all testimony regarding such letter is

stricken from the record.

**BY THE COURT:**

 

_____

                                                            **J.**

Case ID: 170300712
Control No.: 21062211

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| M.B. | : PHILADELPHIA COUNTY |
|  | : COURT OF COMMON PLEAS |
| Plaintiff | : |
|  | : |
| v. | : |
|  | : MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : |
| *d/b/a ROOSEVELT INN* and | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | : |
| *d/b/a ROOSEVELT MOTOR INN* and | : NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | : |
|  | : |
| Defendants | : <u>JURY TRIAL DEMANDED</u> |

---

### <u>MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC. TO PRECLUDE INTRODUCTION OF A LETTER FROM DAIQUAN DAVIS AND/OR TESTIMONY REGARDING ITS CONTENTS</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall Dennehey

Warner Coleman & Goggin, hereby moves this Honorable Court to Preclude introduction of a

letter from Daiquan Davis and/or testimony regarding its contents at trial, and, in support thereof,

aver as follows:

1.      Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn.

x

Case ID: 170300712
Control No.: 21062211

2.    Plaintiff went "AWOL" from foster care on April 2, 2014 and turned herself back into the Department of Human Services on June 6, 2014.

3.    Daiquan Davis was criminally prosecuted in the Eastern District of Pennsylvania and plead guilty to trafficking Plaintiff out of two private residences.

4.    Davis was joined as an additional defendant in this litigation.

5.    On June 10, 2021, the parties participated in a remote deposition of Defendant Davis, who is currently incarcerated at the United States Penitentiary in Terre Haute, IA.

6.    On May 26, 2021, more than two weeks prior, counsel for the Roosevelt Defendants requested copies of any correspondence between Plaintiff's counsel and Defendant Davis. A copy of this transmittal correspondence is attached as Exhibit "A."

7.    Defendants received no response.

8.    Yet, during the deposition, Plaintiff's counsel introduced a letter purportedly written by Davis to Emily Marks, Esquire, co-counsel for Plaintiff.

9.    Defendants requested whether the letter had been produced in discovery and, after Plaintiff's counsel responded that it had not, objected to counsel's use of the letter with the witness.

10.    Plaintiff's counsel responded that the letter was a "statement from a party," but offered no explanation whatsoever as to why it had not been produced in discovery.

11.    The witness was then asked various questions about the substance of the letter and its relation to Plaintiff's claims in the instant case.

12.    It was revealed during the questioning of Defendant Davis, who is unrepresented in this litigation, that he had intended to send the letter to counsel for the Roosevelt Defendants.

13.    It was also readily apparent from counsel's questioning that the substance of the letter related specifically to Plaintiff's claims at issue.

Case ID: 170300712
Control No.: 21062211

14.     The letter and the envelope it arrived in were briefly published on the video screen during the deposition.

15.     The letter was addressed to Kline & Specter, Plaintiff's counsel's law firm, at its Philadelphia address.

16.     The letter itself began, "Dear Emily," an obvious reference to Emily Marks, Esquire, counsel of record for Plaintiff.

17.     Plaintiff's counsel withheld this letter despite acknowledging on the record that Davis, an unrepresented party in this litigation, had not intended to send it to him.

18.     Plaintiff's counsel withheld this letter despite the fact that it is responsive to a number of discovery requests directed to Plaintiff in this case.

19.     For instance, in Requests for Production of Documents (Set I), the Roosevelt Defendants requested:

> 5. *Any and all documents related to the Plaintiff's presence at the Roosevelt Inn.*
>
> 40. *Any and all documents relating to any of the allegations set forth in Plaintiff's Complaint.*

*See* Request for Production of Documents (Set I), attached as Exhibit "A."

20.     In addition, on May 26, 2021, more than two weeks before the deposition of Defendant Davis, counsel for the Roosevelt Defendants produced correspondence with Davis and requested copies of correspondence between Plaintiff's counsel and Defendant Davis.  A copy of this transmittal correspondence is attached as Exhibit "B."

21.     Despite the discovery requests that clearly encompassed this letter, as well as an express request for correspondence between Defendant Davis and Plaintiff's counsel, Plaintiff failed to produce the letter and instead decided to ambush Defendants with it at the deposition of a party witness a week before jury selection.

3

Case ID: 170300712
Control No.: 21062211

22. Counsel's failure to produce this letter in advance of the trial deposition of a party witness seven days before jury selection is unacceptable and contrary to accepted and professional practice in this Commonwealth. *Sampathkumar v. Chase Home Fin.*, LLC, 241 A.3d 1122, 1142 (Pa. Super. 2020) ("Trial by ambush or surprise . . . is not favored in this Commonwealth.") (citations omitted); *Gregury v. Greguras*, 196 A.3d 619, 628 (Pa. Super. 2018) (explaining that one of the primary purposes of discovery is to prevent the surprise and unfairness of a trial by ambush).

23. The use of the letter and any reference to the letter should therefore be precluded at trial. Moreover, any testimony regarding the letter should be stricken from the record.

24. Defendant is filing the instant Motion at its first opportunity in light of the fact that it only learned of this letter a few hours ago.

**WHEREFORE**, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court preclude introduction of a letter from Daiquan Davis and/or testimony regarding its contents at trial, and that all testimony already recorded be stricken from the record.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 10, 2021

4

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| M.B. | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| v. | : |
| | : |
| ROOSEVELT INN LLC | : MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN and* | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | : NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | : <u>JURY TRIAL DEMANDED</u> |

---

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC.  TO PRECLUDE PRECLUDE INTRODUCTION OF A LETTER FROM DAIQUAN DAVIS AND TESTIMONY REGARDING ITS CONTENTS AT TRIAL</u>

### I.    <u>MATTER BEFORE THE COURT</u>

Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. ("Moving Defendant") to

preclude introduction of a letter from Daiquan Davis and testimony and argument regarding its

contents at trial.

Defendant is filing the instant Motion at its first opportunity in light of the fact that it only

learned of the document at issue a few hours ago.

### II.    <u>QUESTION PRESENTED</u>

Whether Plaintiff should be precluded from introducing a letter from Daiquan

Davis and testimony regarding its contents at trial, where the letter specifically

Case ID: 170300712
Control No.: 21062211

relates to the allegations at issue, is clearly discoverable, and yet Plaintiff failed to produce the letter to all parties and used it over objection during the trial deposition of a party witness seven days before jury selection.

*Suggested Answer:* **YES.**

## III.   FACTS

Plaintiff Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn. Plaintiff went "AWOL" from foster care on April 2, 2014 and turned herself back into the Department of Human Services on June 6, 2014. Daiquan Davis was criminally prosecuted in the Eastern District of Pennsylvania and plead guilty to trafficking Plaintiff out of two private residences. Davis was joined as an additional defendant in this litigation.

On June 10, 2021, the parties participated in a remote deposition of Defendant Davis, who is currently incarcerated at the United States Penitentiary in Terre Haute, IA. On May 26, 2021, more than two weeks prior, counsel for the Roosevelt Defendants requested copies of any correspondence between Plaintiff's counsel and Defendant Davis. A copy of this transmittal correspondence is attached as Exhibit "A." Defendants received nothing in response. Yet, during the deposition, Plaintiff's counsel introduced a letter purportedly written by Davis to Emily Marks, Esquire, co-counsel for Plaintiff. Defendants requested whether the letter had been produced in discovery and, after Plaintiff's counsel responded that it had not, objected to counsel's use of the letter with the witness. Plaintiff's counsel then stated that the letter was a "statement from a party," but offered no explanation whatsoever as to why it had not been produced previously. The witness was then asked various questions about the substance of the letter and its relation to Plaintiff's claims in the instant case.

It was revealed during the questioning of Defendant Davis, who is unrepresented in this litigation, that he had intended to send the letter to counsel for the Roosevelt Defendants. It was also readily apparent from counsel's questioning that the substance of the letter related

2

Case ID: 170300712
Control No.: 21062211

specifically to Plaintiff's claims at issue. The letter and the envelope it arrived in were briefly published on the video screen during the deposition. The letter was addressed to Kline & Specter, Plaintiff's counsel's law firm, at its Philadelphia address. The letter itself began, "Dear Emily," an obvious reference to Emily Marks, Esquire, counsel of record for Plaintiff, though the entire substance of the letter remains unknown to Defendants.

The letter and any testimony or argument regarding its contents must be precluded.

## IV.   ARGUMENT

Counsel's failure to produce this letter in advance of the trial deposition of a party witness seven days before jury selection is unacceptable and contrary to accepted and professional practice in this Commonwealth. *Sampathkumar v. Chase Home Fin.*, LLC, 241 A.3d 1122, 1142 (Pa. Super. 2020) ("Trial by ambush or surprise . . . is not favored in this Commonwealth.") (citations omitted); *Gregury v. Greguras*, 196 A.3d 619, 628 (Pa. Super. 2018) (explaining that one of the primary purposes of discovery is to prevent the surprise and unfairness of a trial by ambush).

Plaintiff's counsel withheld this letter despite acknowledging on the record that Davis, an unrepresented party in this litigation, had not intended to send it to him. Setting that aside, Plaintiff's counsel withheld this letter despite the fact that it had been specifically requested by counsel for the Roosevelt Defendants on May 26, 2021. *See* Ex. A.  Plaintiff's counsel withheld this letter despite the fact that it is responsive to a number of discovery requests directed to Plaintiff in this case. For instance, in Requests for Production of Documents (Set I), the Roosevelt Defendants requested:

> 5.      *Any and all documents related to the Plaintiff's presence at the Roosevelt Inn.*

Case ID: 170300712
Control No.: 21062211

40. *Any and all documents relating to any of the allegations set forth in Plaintiff's Complaint.*

*See* Request for Production of Documents (Set I), attached as Exhibit "B."

Despite the discovery requests that clearly encompassed this letter, as well as an express request for correspondence between Defendant Davis and Plaintiff's counsel, Plaintiff failed to produce the letter and instead decided to ambush Defendants with it at the deposition of a party witness a week before jury selection. The use of the letter and any reference to it should therefore be precluded at trial. Likewise, any testimony regarding the letter or its contents recorded must be stricken from the record.

## V. REQUESTED RELIEF

For the foregoing reasons, Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court grant its Motion *in Limine* and preclude introduction of a letter from Daiquan Davis and/or testimony regarding its contents at trial.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated: June 10, 2021

4

Case ID: 170300712
Control No.: 21062211

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Motion in Limine of Defendant Alpha-Centurion Security, Inc. was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a***
***Roosevelt Inn and Roosevelt Inn Café,***
***Roosevelt Motor Inn, Inc. d/b/a Roosevelt***
***Motor Inn, UFVS Management Company,***
***LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _Thomas P. Wagner_
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: <u>June 10, 2021</u>

LEGAL/138948391.v1

# EXHIBIT "A"

Case ID: 170300712
Control No.: 21062211

| | |
|---|---|
| **From:** | Byers, Justina <byers@blankrome.com> |
| **Sent:** | Wednesday, May 26, 2021 1:47 PM |
| **To:** | Wagner, Thomas P.; Stanko, Robert W.; Foreman, Melanie J. |
| **Cc:** | Bezar, Nadeem; Marion, Charles S.; Eddy, Kevin M. |
| **Subject:** | FW: [EXTERNAL] M.B. v. Roosevelt Inn LLC, et al. |
| **Attachments:** | Ltr. Quinlan to Davis 10-18-19.pdf |

**WARNING: This email originated outside MDWCG**
Please see attached and below.

**Justina L. Byers** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5429 | F: 215.832.5429 | C: 609.790.4685 I byers@blankrome.com

**From:** Byers, Justina
**Sent:** Wednesday, May 26, 2021 1:34 PM
**To:** 'Bezar, Nadeem' <nadeem.bezar@klinespecter.com>
**Cc:** Marion, Charles S. <CMarion@BlankRome.com>; Eddy, Kevin M. <KEddy@BlankRome.com>
**Subject:** RE: [EXTERNAL] M.B. v. Roosevelt Inn LLC, et al.

Nadeem,
The document I sent to you this morning is the only document received from Davis that was not previously produced. I have attached a letter from Jim Quinlan to Davis from October 18, 2019. The only other piece of correspondence from our office was a transmittal letter enclosing the Joinder Complaint in October 2018 and of course, we have served him with documents throughout the litigation.
The Roosevelt Defendants have nothing further to exchange but we would like to receive correspondence between your office and Davis.
I'm attending a deposition in the CA case right now, so am not able to discuss by phone at the moment.

**Justina L. Byers** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5429 | F: 215.832.5429 | C: 609.790.4685 I byers@blankrome.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

Case ID: 170300712
Control No.: 21062211

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*

Case ID: 170300712
Control No.: 21062211

# EXHIBIT "B"

Case ID: 170300712
Control No.: 21062211

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Justina L. Byers, Esquire
Attorney Bar I.D. No.: 76773
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: palmer@blankrome.com
     quinlan@blankrome.com
     byers@blankrome.com
     doberdick@blankrome.com

*Attorneys for Defendants,*
*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>                   Plaintiff,<br><br>        v.<br><br>ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS ADDRESSED TO PLAINTIFF

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (hereinafter collectively "Defendants"), by and through their attorneys, hereby serve the following request for production of documents upon Minor Plaintiff, M.B. ("Plaintiff").

150213.00601/105734506v.1

Case ID: 170300712
Control No.: 21062211

All documents requested shall be produced for inspection and copying at the offices of the undersigned within thirty (30) days of the date of service hereof, in accordance with the Pennsylvania Rules of Civil Procedure. In lieu of producing the requested documents at the offices of the undersigned, true and correct copies of all documents may be sent to the offices of the undersigned within time permitted by the Pennsylvania Rules of Civil Procedure. Your answers shall be based upon all information available to you, either directly or through your attorney(s), servant(s), representative(s), or other source.

## DEFINITIONS

The following shall apply for purposes of these document requests:

1.     "Document" means every writing and record of every type and description, whether or not in the possession, custody or control of you, your agents, attorneys or representatives, including, but not limited to, correspondence, memoranda, interoffice communications, written notes, telegrams, minutes of directors or committee meetings, reports, contracts, deeds, options, amendments and addenda to contracts and options, licenses, bills, invoices, ledgers, books of account, journals, vouchers, bank checks, charge slips, account reports, receipts, working papers, charts, graphs, indexes, statistical records, stenographers' notebooks, calendars, appointment books, diaries, time sheets, data sheets, statements, papers, articles, news stories, computer printouts, tapes and records of all types, microfilms, studies, books, pamphlets, schedules and any preliminary draft of any of these categories of documents, photographic prints, transparencies, moving pictures, voice records and every other device or medium on which or through which information of any type is transmitted, recorded or preserved.

Case ID: 170300712
Control No.: 21062211

2.     "Communications" means any conversation, notice, transfer or exchange of information, expression of intent, inquiry or other direction, conveyance or receipt of facts or messages, by verbal, written, electronic, telephonic or any other medium.

3.     The term "documents" does not include:

a.     any document or portion thereof which contains the mental impressions, conclusions, opinions, memoranda, notes or legal research or legal theories of any attorney for any party of record in this case;

b.     any document or portion thereof which contains the mental impressions, conclusions or opinions respecting the value or it of any claim or defense pertinent to this case, or respecting strategy or tactics, offered by a representative of any party of record in this case other than that party's attorney; or

c.     the report of any expert who has been retained or specifically employed by the plaintiff in anticipation of litigation preparation for trial and who is not expected to be called as a witness at trial.

4.     The phrase "documents relating to" is intended to refer to documents which in whole or in part relate to the designated category information described.  Where part of the information in any responsive document is irrelevant, immaterial, or otherwise not included within definition of "documents" as herein above set forth, the balance of material which is or may be relevant should be supplied where appropriate, and other material may be obliterated in any acceptable manner for purposes of copying.

5.     As used herein, "Plaintiff," means M.B., by her Guardian, William A. Calandra Esquire, her heirs, employees, agents, servants, assigns and representatives, past and present, and, unless privilege claimed, each and every attorney, past and present, of Plaintiff.

6.     As used herein, "Plaintiff," "you" and "your" means Plaintiff.

7.     As used herein, "Defendants" means Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management

Case ID: 170300712
Control No.: 21062211

Company, LLC and Yagna Patel, their agents, principals, investigators, consultants, representatives and employees..

8. The "incident" shall refer to the events alleged to have occurred as set forth in Plaintiff's Complaint.

9. "Relating to," "related to" and "relate to" shall mean referring to, describing, evidencing, constituting, reflecting, memorializing, supporting, discussing, explaining, evaluating, reviewing, impinging upon or impacting the subject matter of the request.

## INSTRUCTIONS

A. Plaintiff shall produce original copies of all requested documents, but also copies of any documents which contain marks or notations not present on the original.

B. Plaintiff shall furnish all known or available documents regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators or by your attorneys or their agents, employees, representatives or investigators.

C. In producing documents called for herein, Plaintiff shall segregate the documents so as to identify the numbered request to which such document responds.

D. If any of these documents cannot be produced in full, produce to the next extent possible, and specify in your reasons your inability to produce the remainder, stating whatever information, knowledge or belief you have concerning the unproduced portion.

E. If you withhold any documents covered by the request by reason of a claim of privilege or confidentiality, furnish a list identifying each such document, together with the following information: (a) the date of the document; (b) the name of its author, authors or preparers and an identification by employment and title of each person; (c) the name, employment and title of each person (i) to whom the document was sent or furnished, or (ii) who viewed, received or

150213.00601/105734506v.1

had custody of the document; (d) a brief description of the document sufficient to permit the Court to adjudicate the validity of the claim; (e) a statement of the basis for the claim; and (f) the paragraph of this request to which the document relates. In case of any document relating in any way to a meeting or to any other conversation, identify all participants in the meeting or conversation.

F. This is a continuing request for discovery. If, after producing documents, you obtain or become aware of any additional documents responsive to this request, you are requested to supplement your response.

## REQUESTS FOR PRODUCTION

1. Any and all documents relating to or reviewed in compiling your answers to Defendants' Interrogatories.

2. A copy of Plaintiff's birth certificate, social security card, driver's license and any other documents that identify Plaintiff's residence.

3. A photograph of Plaintiff taken in 2013 or 2014.

4. Any and all documents identifying and/or related to the dates of Plaintiff's stay at the Roosevelt Inn.

5. Any and all documents related to the Plaintiff's presence at the Roosevelt Inn.

6. Any and all documents identifying and/or related to the places Plaintiff stayed when she was not at the Roosevelt Inn.

7. Any and all documents related to the recruitment, enticement, solicitation, harboring, and/or transporting of Plaintiff to engage in commercial sex acts at the Roosevelt Inn.

8. Any and all documents related to the recruitment, enticement, solicitation, harboring, and/or transporting of Plaintiff to engage in commercial sex acts at any location other than the Roosevelt Inn.

Case ID: 170300712
Control No.: 21062211

9.  Any and all documents related to the allegation that Defendants rented rooms and provided services to the traffickers that forced Plaintiff to engage in commercial sex acts.

10.  Any and all documents related to the allegation that Defendants knew or had constructive knowledge that they were providing rooms and services to individuals trafficking Plaintiff for commercial sex acts.

11.  Any and all documents related to the allegation that Defendants knew or had constructive knowledge that Plaintiff was being sexually exploited.

12.  Any and all documents and/or internet advertisements placed on the internet for the purposes of prostituting Plaintiff.

13.  Any and all documents related to the allegation that the "Johns" spoke with the front desk clerk at the Roosevelt Inn.

14.  Any and all documents identifying or describing any of Plaintiff's pimps.

15.  Any and all documents identifying or describing any "John" with whom Plaintiff has engaged in commercial sex acts.

16.  Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives were negligent with respect to the incident.

17.  Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives observed human sex trafficking within the Roosevelt Inn.

18.  Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives failed to take any steps to prevent human sex trafficking at the Roosevelt Inn.

Case ID: 170300712
Control No.: 21062211

19.     Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

20.     Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives financially profited from the commercial sex acts that were allegedly occurring on the premises of the Roosevelt Inn.

21.     Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyment of life and loss of life pleasures.

22.     Any and all documents, including, but not limited to, all expert reports upon which Plaintiff intends to rely at any deposition or trial of this matter.

23.     All documents, demonstrative evidence, and/or exhibits that Plaintiff intends to introduce at any arbitration or trial of this matter.

24.     All documents which support any and all claims for damages made by Plaintiff against Defendants.

25.     Any and all statements (signed or unsigned) of the parties and/or witnesses, including but not limited to Yagna Patel and Plaintiff, relating to the subject matter of this litigation, including statements of any authorized representatives or agents of Plaintiff or Defendants, descriptions of statements and written accounts of investigation and investigation materials, whether in the possession of Plaintiff or her representatives.

26.     Plaintiff's tax returns from 2012 through the present.

Case ID: 170300712
Control No.: 21062211

27. Police reports and/or reports from any other governmental entity relating to the Plaintiff or any of the allegations of the Complaint.

28. A copy of each writing or transcript including but not limited to, all pleadings and deposition testimony and/or trial testimony arising from any civil action, criminal action and/or action of law concerning the allegations of the Complaint and/or events which gave rise to this litigation.

29. Any release, covenant not to sue or other documents entered into by Plaintiff or which relieves another person, party or entity for liability and/or damages to Plaintiff arising out of the matters giving rise to this litigation.

30. All documents evidencing any Plaintiff's alleged economic damages related to the allegations of the Complaint.

31. Any and all medical or other reports related to Plaintiff's alleged physical injuries, psychological injuries, emotional injuries and/or pain and suffering.

32. Any and all medical reports and records, including hospital and ambulance reports, related to Plaintiff's treatment related to the allegations in the Complaint.

33. Any and all documents showing the receipt of money or anything of value by Plaintiff relating to the allegations of the Complaint.

34. Any and all reports of investigations conducted by any person related to the allegations of the Complaint.

35. All photographs taken or diagrams prepared of Roosevelt Motor Inn or any instrumentality therein, and any and all documents or things depicting the Roosevelt Motor Inn.

36. Any and all documents relating to your allegations of damages in the Complaint.

37. Curriculum vitae for all experts whom you expect to call at trial.

Case ID: 170300712
Control No.: 21062211

38.	Any and all documents identifying and/or relating to individuals who witnessed the allegations of the Complaint.

39.	Any and all documents relating to your allegation that Defendants and/or any of their employees, agents or representatives acted intentionally with respect to the incident.

40.	Any and all documents relating to any of the allegations set forth in Plaintiff's Complaint.

**BLANK ROME LLP**

*/s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Justina L. Byers (PA ID# 76773)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Dated: May 18, 2017	(215) 569-5500

Case ID: 170300712
Control No.: 21062211

## CERTIFICATE OF SERVICE

I, Grant S. Palmer, Esquire, hereby certify that, on this 18th day of May 2017, I caused a true and correct copy of Defendants' Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel First Set of Requests for Production of Documents Addressed to Plaintiff to be served via electronic and first class mail upon the following:

<div align="center">

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

</div>

*/s/ Grant S. Palmer*
GRANT S. PALMER

Case ID: 170300712
Control No.: 21062211

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of Plaintiff's Motion *in Limine* to Preclude Testimony and Opinions of David

Webb, Control No. 21060529, and Alpha-Centurion Security, Inc.'s Response thereto, it is

hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **DENIED as MOOT.**

**BY THE COURT:**

_____

**J.**

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:     Thomas P. Wagner, Esquire
Identification No.:     27145
BY:     Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.     208830               Alpha-Centurion Security, Inc.
BY:     Melanie J. Foreman, Esquire
Identification No.:     317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

### <u>RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND OPINIONS OF DAVID WEBB</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby responds in opposition to Plaintiff's Motion *in*

*Limine* to Preclude Testimony and Opinions of David Webb, Control No. 21060529.  By its

Motion *in Limine*, Plaintiff seeks to preclude testimony and opinions of Defendant Alpha-

Centurion Security, Inc.'s liability expert, David Webb.   Alpha-Centurion Security, Inc. hereby

withdraws the report of David Webb.   For the foregoing reasons, Alpha-Centurion Security, Inc.

Case ID: 170300712
Control No.: 21060529

respectfully requests that this Honorable Court Deny Plaintiff's Motion *in Limine*, Control No.

21060529, as moot.

<div style="text-align: right;">

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____

     Thomas P. Wagner, Esquire
     Robert W. Stanko, Esquire
     Melanie J. Foreman, Esquire
     Attorneys for Defendant,
     Alpha-Centurion Security, Inc.

</div>

Dated:  June 10, 2021

2

Case ID: 170300712
Control No.: 21060529

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>DEFENDANT ALPHA-CENTURION SECURITY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND OPINIONS OF DAVID WEBB</u>

### I.    <u>MATTER BEFORE THE COURT</u>

Plaintiff's Motion *in Limine* to Preclude Testimony and Opinions of David Webb,

Control No. 21060529.

### II.    <u>QUESTION PRESENTED</u>

Whether Plaintiff's Motion *in Limine* should be denied as moot where Defendant Alpha-Centurion Security, Inc. hereby withdraws the expert report of David Webb.

*Suggested Answer:*                    **YES.**

### III.  FACTS AND LEGAL ARGUMENT

Defendant Alpha-Centurion Security, Inc. produced an expert report from David Webb, Ph.D.  By this response, Alpha-Centurion Security, Inc. hereby withdraws his expert report.  As the subject of Plaintiff's Motion *in Limine* is no longer at issue, Plaintiff's Motion is moot.

### IV.  REQUESTED RELIEF

Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Deny Plaintiff's Motion *in Limine* as moot.

<div align="right">

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
             Thomas P. Wagner, Esquire
             Robert W. Stanko, Esquire
             Melanie J. Foreman, Esquire
             Attorneys for Defendant,
             Alpha-Centurion Security, Inc.

</div>

Dated:  _June 10, 2021_

2

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response to Plaintiff's Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Charles S. Marion, Esquire |
| Nadeem A. Bezar, Esquire | Kevin M. Eddy, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| ***Attorneys for minor-Plaintiff*** | ***Attorneys for Roosevelt Inn LLC d/b/a*** |
| | ***Roosevelt Inn and Roosevelt Inn Café,*** |
| | ***Roosevelt Motor Inn, Inc. d/b/a Roosevelt*** |
| | ***Motor Inn, UFVS Management Company,*** |
| | ***LLC and Yagna Patel*** |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN  47808 | Tucson, AZ 85734 |

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated:  <u>June 10, 2021</u>

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a *ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a *ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____day of _____ 2021, upon

consideration of Plaintiff's Motion *in Limine* to Preclude Testimony and Opinions of James

Francis, Control No. 21060530, and Alpha-Centurion Security, Inc.'s Response in Opposition

thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **DENIED.**

**BY THE COURT:**

_____
                                                                    **J.**

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:     Thomas P. Wagner, Esquire
Identification No.:     27145
BY:     Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.     208830               Alpha-Centurion Security, Inc.
BY:     Melanie J. Foreman, Esquire
Identification No.:     317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

## <u>RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND OPINIONS OF JAMES FRANCIS</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby responds in opposition to Plaintiff's Motion *in*

*Limine* to Preclude Testimony and Opinions of James Francis, Control No. 21060530.  By its

Motion *in Limine*, Plaintiff seeks to preclude testimony and opinions of Defendant Alpha-

Centurion Security, Inc.'s security expert, James Francis.   For the reasons set forth in the

Case ID: 170300712
Control No.: 21060530

accompanying Memorandum of Law, Alpha-Centurion Security, Inc. respectfully requests that

this Honorable Court Deny Plaintiff's Motion *in Limine*, Control No. 21060530.

<div style="text-align: right;">

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

</div>

Dated: __June 10, 2021_____

2

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>DEFENDANT ALPHA-CENTURION SECURITY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND OPINIONS OF JAMES FRANCIS</u>

### I.    <u>MATTER BEFORE THE COURT</u>

Plaintiff's Motion *in Limine* to Preclude Testimony and Opinions of James Francis,

Control No. 21060530.

### II.    <u>QUESTION PRESENTED</u>

Whether Plaintiff's Motion *in Limine* to preclude testimony and opinions of James Francis regarding his review of the policies and procedures of a Fortune 100

Company should be denied where Defendant Alpha-Centurion Security, Inc. will disclose the identity of said company *in camera*.

*Suggested Answer:* **YES.**

### III. FACTS AND LEGAL ARGUMENT

Defendant Alpha-Centurion Security, Inc. produced an Expert Report and Supplemental Expert Report from its security expert, James Francis. Within Mr. Francis's initial report, dated February 20, 2020, he notes that "during a recent confidential matter, [he] reviewed the policies and procedures of a Fortune 100 company…" James Francis Report Dated February 20, 2020 at Page 11. At no point in the intervening sixteen (16) months has Plaintiff requested the identity of the Fortune 100 company. By her Motion, Plaintiff takes issue with this portion of Mr. Francis's Report. Mr. Francis's work relative to the Fortune 100 company remains confidential. Subject to the requirement that the identity of this company not be disclosed by the parties beyond this litigation, the identity of the Fortune 100 company will be provided *in camera*. Plaintiff will be able to question Mr. Francis via cross examination.

### IV. REQUESTED RELIEF

Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Deny Plaintiff's Motion *in Limine*.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
      Thomas P. Wagner, Esquire
      Robert W. Stanko, Esquire
      Melanie J. Foreman, Esquire
      Attorneys for Defendant,
      Alpha-Centurion Security, Inc.

Dated: __June 10, 2021__

Case ID: 170300712
Control No.: 21060530

# CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Charles S. Marion, Esquire |
| Nadeem A. Bezar, Esquire | Kevin M. Eddy, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| ***Attorneys for minor-Plaintiff*** | ***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*** |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN 47808 | Tucson, AZ 85734 |

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
 Thomas P. Wagner, Esquire
 Robert W. Stanko, Esquire
 Melanie J. Foreman, Esquire
 Attorneys for Defendant,
 Alpha-Centurion Security, Inc.

Dated:   June 10, 2021

Case ID: 170300712
Control No.: 21060530

| M.B. | : | PHILADELPHIA COUNTY |
|------|---|---------------------|
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## **ORDER**

**AND NOW**, this _____day of June 2021, upon consideration of the Motion *in Limine* of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, to Preclude Trial Testimony and Exclude the Deposition Testimony of Kimberly Mueller, Control No. 21060526, and any Response thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **DENIED.**

BY THE COURT:

_____
J.

Case ID: 170300712
Control No.: 21060526

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire                    Attorneys for Defendant,
Identification No.    208830                         Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

---

<u>**RESPONSE OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., IN**</u>
<u>**OPPOSITION TO THE MOTION *IN LIMINE* OF DEFENDANTS, ROOSEVELT INN**</u>
<u>**LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR**</u>
<u>**INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC**</u>
<u>**AND YAGNA PATEL TO PRECLUDE THE TRIAL TESTIMONY AND EXCLUDE**</u>
<u>**THE DEPOSITION TESTIMONY OF KIMBERLY MUELLER**</u>

Defendant, Alpha-Centurion Security, Inc. ("Responding Defendant"), by and through its

counsel, Marshall Dennehey Warner Coleman & Goggin, hereby responds to the Motion *in*

*Limine* of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café,

Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and

Case ID: 170300712
Control No.: 21060526

Yagna Patel, to Preclude Trial Testimony and Exclude the Deposition Testimony of Kimberly Mueller as follows:

1.     Plaintiff's multiple Complaints speak for themselves.  It is admitted that Plaintiff's most recent Amended Complaint is based solely on claims of common law negligence and that her most recent Complaint severely narrows the time period of her alleged trafficking from that alleged in the original Complaint.

2.     It is admitted only that Plaintiff's counsel deposed numerous Roosevelt Inn employees, the hotel's manager, and two of its principals.  After reasonable investigation, Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3.     It is admitted that witness Kimberly Mueller testified that she was a front desk clerk at the Roosevelt Inn from 2007 until 2015.  She clearly explained her reasons for leaving the job at p. 16 lines 1-9 of her deposition and her testimony speaks for itself.

4.     Denied.  Responding Defendant admits that witness Kimberly Mueller was deposed on September 19, 2019.  The remaining allegations of paragraph 4 are denied and are totally unsubstantiated.

5.     Denied.  It is denied that the witness' testimony was "incomprehensible." Witnesses frequently give testimony in depositions that is contradictory to other testimony or that may be difficult to understand, depending upon the knowledge and the interests of the reader.  It is for a jury to determine the credibility of the witness' testimony.  Furthermore, the quoted testimony is not at all incomprehensible.  As paragraph 5 itself states, the witness found that the job of being a front desk clerk had become too demanding because of complicated technology that had to be tended while the employee was simultaneously tending to other duties,

Case ID: 170300712
Control No.: 21060526

such as checking in guests.  Again, the fact that some of the testimony may be considered contradictory by counsel is not a reason to disqualify the witness from testifying.  On the contrary, these contradictions simply present fact issues to be decided by a jury.

6.     Denied.  Responding Defendant denies that the testimony in question is "bizarre and unresponsive."  It may be that counsel doesn't like the testimony.  This does not make it a sound basis for excluding a witness from testifying.

7.     Denied.  Counsel now describes witness Mueller's testimony as "strange."  There is no relevance to an opinion by counsel that the statement of a witness is "strange."  It is for a jury to determine credibility.

8.     Denied.  The testimony of the witness speaks for itself.  It is the province of the jury to determine credibility.

9.     Denied.  The testimony of the witness speaks for itself.  It is the province of the jury to determine credibility.

10.    Denied.  While counsel seems to belittle the witness' testimony as "inexplicable," it was directly responsive to the question and perfectly understandable.  It is the province of the jury to determine credibility.

11.    Denied.  The testimony of the witness speaks for itself.  It is denied that there was anything wrong or incompetent with the testimony.  It is the province of the jury to determine credibility.

12.    Denied.  The only thing that is "replete" in the transcript is the testimony of a witness trying to answer questions of multiple attorneys.  The fact that the witness may have occasionally contradicted herself has no bearing at all on whether or not she is "competent" to testify.  The fact that counsel considers responses to have been "non-responsive and nonsensical"

Case ID: 170300712
Control No.: 21060526

is irrelevant. It is the province of the jury to determine credibility. The jury will determine what value or weight to assign to the testimony of this witness, just as it will all other witnesses.

13. It is admitted that the witness herself denied having been prescribed medication or that she suffered from mental health conditions. *See* deposition testimony of Kimberly Mueller, 9/19/19, at p. 15, lines 5 to 22. The remaining allegations of paragraph 13 are specifically denied.

14. Denied. It is specifically denied that the testimony of Kimberly Mueller is in any way unreliable, and to the contrary, it has the same evidentiary value as the testimony of any other witness. It is the province of the jury to determine credibility.

15. Denied. It is specifically denied that the testimony of Kimberly Mueller would be redundant and unnecessary, "even if it was reliable." To the contrary, her testimony is important since front desk procedures varied from one clerk to another and those procedures are essential to the issues in this case.

16. The allegations in paragraph 16 are conclusions of law to which no response is necessary.

17. Rule 601 of the Pennsylvania Rules of Evidence speaks for itself.

18. Denied. It is specifically denied that the testimony of Kimberly Mueller is in any way bizarre or incoherent or untrustworthy. It is also denied specifically that Ms. Mueller's testimony "bears the taint of mental illness." No expert or medical opinion has been offered to support this broad statement.

19. Pennsylvania Rule of Evidence speaks for itself. This paragraph is a legal conclusion to which no response is required.

Case ID: 170300712
Control No.: 21060526

20.     Denied.  To the contrary, the testimony of Kimberly Mueller fits none of the criteria for exclusion.  Counsel for the co-defendant simply doesn't like the testimony.  It is the province of the jury to determine credibility.  The testimony of this witness would in no way be redundant or cumulative.

21.     Denied.  To the contrary, for all the reasons set forth above, the testimony of Kimberly Mueller is not incompetent or unreliable.  It is the province of the jury to determine credibility.

**WHEREFORE**, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant, Alpha-Centurion Security, Inc., respectfully requests that this Honorable Court deny the Motion *in Limine* of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, to Preclude Trial Testimony and Exclude the Deposition Testimony of Kimberly Mueller (Control No. 21060526).

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
          Thomas P. Wagner, Esquire
          Robert W. Stanko, Esquire
          Melanie J. Foreman, Esquire
          Attorneys for Defendant,
          Alpha-Centurion Security, Inc.

Dated:  June 10, 2021

5

Case ID: 170300712
Control No.: 21060526

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

<u>**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE OF
DEFENDANT, ALPHA-CENTURION SECURITY, INC., IN OPPOSITION
TO MOTION *IN LIMINE* OF DEFENDANTS, ROOSEVELT INN LLC D/B/A
ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC.
D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC
AND YAGNA PATEL, TO PRECLUDE TRIAL TESTIMONY AND EXCLUDE
THE DEPOSITION TESTIMONY OF KIMBERLY MUELLER**</u>

I.      <u>**MATTER BEFORE THE COURT**</u>

This Memorandum is submitted in Opposition to the Motion *in Limine* of Defendants,

Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a

Case ID: 170300712
Control No.: 21060526

Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, to Preclude Trial Testimony and Exclude the Deposition Testimony of Kimberly Mueller.

## II. <u>QUESTION PRESENTED</u>

Whether the Court should preclude or exclude the testimony of Kimberly Mueller simply because counsel for the Roosevelt Inn co-defendants disagrees with the testimony or doesn't like it?

*Suggested Answer:* **NO.**

There has been no effort to determine the mental competency of Kimberly Mueller or to challenge that competency by any legitimate process, particularly including an examination by an expert. There is no basis for excluding the testimony of this witness.

## III. <u>FACTS</u>

This case involves the allegation that Plaintiff was the victim of human sex trafficking at the hotel known as the Roosevelt Inn. Co-Defendant Alpha-Centurion Security, Inc. employed certain individual security guards who worked on Friday and Saturday nights at the hotel.

Witness Kimberly Mueller was employed at the hotel as a front desk clerk. The procedures followed at the front desk are of central importance to this case.

The Roosevelt Inn defendants are seeking at the last minute before trial to preclude the testimony of witness Kimberly Mueller. This witness was employed at the hotel as a front desk clerk for some seven years, including the time period involved in Plaintiff's allegations. Procedures followed at the front desk are important to this case.

## IV. <u>ARGUMENT</u>

Based on nothing other than the unsupported allegations that the witness must be "incompetent" because she occasionally contradicted herself or gave answers that counsel

Case ID: 170300712
Control No.: 21060526

arbitrarily deems unresponsive, the Roosevelt Defendants want to preclude the plaintiff and co-defendant Alpha from utilizing Ms. Mueller's testimony. This Motion should be denied.

The deposition of Kimberly Mueller was taken on September 19, 2019. In the beginning of the deposition, the witness specifically testified that she did not suffer from any health issues "and my health is very good." She also testified "I do not take medication."

Yet, despite this clear and uncontradicted testimony, the Roosevelt Defendants want to convince this Court that the witness is incompetent to testify. Although the deposition was taken a year and nine months ago, there has never been any effort to require a competency examination or any medical evaluation of this witness at all. Instead, the Roosevelt Defendants have simply come to Court saying "we don't like this witness' testimony, and therefore you should exclude it." This is essentially the Roosevelt Defendants' argument. The law says otherwise.

The Roosevelt Defendants' Motion is based on Rule 601 of the Pennsylvania Rules of Evidence. That Rule starts out by saying: "Every person is competent to be a witness except as otherwise provided by statute or in these Rules." The Rule goes on to say that a person can be disqualified as incompetent "if the Court finds that because of a mental condition or immaturity the person:

> (1)    is, or was, at any relevant time, incapable of perceiving accurately;
>
> (2)    is unable to express himself or herself so as to be understood either directly or through an interpreter;
>
> (3)    has an impaired memory; or
>
> (4)    does not sufficiently understand the duty to tell the truth."

The law makes it clear that the party challenging admission of the evidence has a heavy burden to meet. The comment to Rule 601 states as follows: "The party challenging competency bears the burden of proving grounds of incompetency by *clear and convincing* evidence." *Comment* to

Case ID: 170300712
Control No.: 21060526

Rule 601, *citing Commonwealth v. Delbridge*, 578 Pa. 641, 855 A.2d 27 (2003) (emphasis added).  Indeed, the *Delbridge* Court pointed out that there is a *presumption* of competency, and that this presumption is not easily cast aside.  *Delbridge*, *supra*, *citing Rosche v. McCoy*, 397 Pa. 610, 156 A.2d 307, 310 (1959).

The specific factors that the Court should consider in determining the competency of a witness have been enumerated multiple times.  *See*, for example, *Commonwealth v. Baker*, where the Supreme Court of Pennsylvania stated as follows:

> "[T]he relevant inquiry is whether the witness: (1) has the capacity to observe or perceive the occurrence with a substantial degree of accuracy; (2) has the ability to remember the event which was observed or perceived; (3) has the ability to understand questions and communicate intelligent answers about the occurrence; and (4) has a consciousness of the duty to speak the truth.

353 A.2d 454 (1976), *citing* numerous other cases.

The *Baker* Court then reviewed the results of examinations and opinions from qualified psychiatrists.  The Court concluded that the claims of the defendant had no merit, and were in fact "little more than bald assertions in appellant's brief."  *Id.*

"Bald assertions" are exactly what the Court has before it now. Counsel has cited isolated contradictions in the testimony of a witness who was deposed for more than five hours and whose transcript filled 256 pages.  See transcript of deposition of Kimberly Mueller, 9/19/19, page 4 where testimony commenced at 12:17 p.m., and pages 256, where testimony concluded at 5:34 p.m., attached as Exhibit "A."  It would be remarkable if any witness were able to testify for that long without a contradiction here and there.

All the more remarkable is the request that has been made to the Court without any expert opinion whatsoever, and without any finding by any Court of competent jurisdiction that there is anything wrong with this witness.  As noted above, the deposition was taken in September of

4

Case ID: 170300712
Control No.: 21060526

2019.  Surely, if there was a serious challenge to the mental health of the witness, counsel had ample opportunity to develop an expert opinion on the subject.  Instead, all the Court has are the "bald assertions" of counsel claiming that the witness is incompetent with no factual, or medical, or scientific basis to support it.  The Court has been offered nothing to overcome the presumption of competency.

This Motion should be denied.

## V.    <u>REQUESTED RELIEF</u>

For the foregoing reasons, Defendant, Alpha-Centurion Security, Inc., respectfully requests that this Honorable Court deny the Motion *in Limine* of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, to Preclude Trial Testimony and Exclude the Deposition Testimony of Kimberly Mueller (Control No. 21060526).

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated:   June 10, 2021

Case ID: 170300712
Control No.: 21060526

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Response of Defendant, Alpha-Centurion Security, Inc., in Opposition to Motion *in Limine* of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, to Preclude Trial Testimony and Exclude the Deposition Testimony of Kimberly Mueller (Control No. 21060526), was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Charles S. Marion, Esquire |
| Nadeem A. Bezar, Esquire | Kevin M. Eddy, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| ***Attorneys for minor-Plaintiff*** | ***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*** |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN 47808 | Tucson, AZ 85734 |

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _Thomas P. Wagner_

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: __June 10, 2021__

Case ID: 170300712
Control No.: 21060526

# EXHIBIT "A"

Case ID: 170300712
Control No.: 21060526

**In The Matter Of:**

*M.B., minor by her Guardian, William A. Calandra, Esq. vs.*
*Roosevelt Inn LLC, et al*

---

*Kimberly Mueller*
*September 19, 2019*

---

*B&R Services for Professionals, Inc.*
*235 South 13th Street*
*Philadelphia, PA 19107*
*(215) 546-7400*
*cr@brservices.com*

Original File Kimberly Mueller 091919.txt
Min-U-Script® with Word Index

Case ID: 170300712
Control No.: 21060526

```
 1                    (It is hereby stipulated and agreed by
 2       and between counsel for the respective parties that
 3       sealing, certification, and filing are waived; and
 4       that all objections, except as to the form of the
 5       question, are reserved until the time of trial.)
 6                    VIDEOGRAPHER:  We are now on the
 7            record.  My name is Dan Lawlor.  I'm the
 8            videographer with Golkow Litigation Services.
 9            Today's date is September 19, 2019, and the
10            time is 12:17 p.m.
11                    This video deposition is being held
12            in Philadelphia, Pennsylvania in the matter of
13            M.B. versus Roosevelt Inn, LLC, et/al.  The
14            deponent is Kimberly Mueller.  Counsel will be
15            noted on the stenographic record.  The court
16            reporter is Colleen Gallagher, who will now
17            swear in the witness.
18                             -  -  -
19                    KIMBERLY MUELLER, after having been
20       first duly sworn, was examined and testified as
21       follows:
22                             -  -  -
23       BY MR. BEZAR:
24            Q    Good afternoon, Ms. Mueller.
```

Case ID: 170300712
Control No.: 21060526

1  Roosevelt?

2     A    I'm not sure if he did.  He worked with

3  Faneeza.  I'm not sure.  He never worked at the

4  front desk when I was there.

5     Q    Did you have to punch in or check in when

6  you got to work?

7     A    We had to punch in the clock.

8     Q    Is that, like, an old fashion -- like, you

9  put your time card in?

10    A    Yes.

11    Q    And it made that loud noise?

12    A    Yes.

13    Q    And then you punched out when you left?

14    A    Yes.

15         MR. BEZAR:  Those are all the

16    questions I have.  Ms. Foreman may have some

17    questions.

18         MS. FOREMAN:  No questions.

19         MR. QUINLAN:  We're good.  We'll read

20    and sign.

21         VIDEOGRAPHER:  This concludes today's

22    deposition.  Going off record.  Time 5:34.

23         (Deposition concluded at 5:34 p.m.)

24

M.B., minor by her Guardian,                    :
William A. Calandra, Esquire,                   :      IN THE COURT OF COMMON PLEAS
                                                :      PHILADELPHIA COUNTY
                        Plaintiff,              :
                                                :      MARCH TERM, 2017
            v.                                  :
                                                :      Civil Action No.:  00712
ROOSEVELT INN LLC d/b/a ROOSEVELT               :
INN and ROOSEVELT INN CAFÉ,                     :
ROOSEVELT MOTOR INN, INC. d/b/a                 :
ROOSEVELT MOTOR INN, UFVS                       :
MANAGEMENT COMPANY, LLC,                        :
YAGNA PATEL and ALPHA-CENTURION                 :
SECURITY, INC. d/b/a ALPHA CENTURION            :
SECURITY INC.                                   :
                                                :
                        Defendants,             :
            v.                                  :
                                                :
DAIQUAN DAVIS and ABDUL LOPEZ                   :
                                                :
                    Additional Defendants.      :
                                                :
                                                :

## ORDER

**AND NOW**, this _____ day of _____, 2019, upon consideration of Defendant

Alpha-Centurion Security, Inc.'s Motion in Limine as to Other Plaintiffs, and any responses

thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED.**

                            BY THE COURT:


                            _____
                                                          J.

Case ID: 170300712
Control No.: 21060279

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
         keddy@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | MARCH TERM, 2017 NO.: 00712 |
| v. | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | JURY TRIAL DEMANDED |
| Defendants, | |
| v. | |
| DAIQUAN DAVIS and ABDUL LOPEZ | |
| Additional Defendants. | |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S JOINDER
AND RESPONSE IN SUPPORT OF THE MOTION IN LIMINE AS TO OTHER
<u>PLAINTIFFS OF ALPHA-CENTURION SECURITY, INC.</u>**

Case ID: 170300712
Control No.: 21060279

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby join in and submit the following Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine as to Other Plaintiffs, filed on June 2, 2021 at Control no. 21060279 and in support thereof, avers as follows:

1-48. Admitted. The Roosevelt Defendants hereby incorporate by reference Alpha-Centurion Security, Inc.'s Motion in Limine as to Other Plaintiffs, filed on June 2, 2021 at Control no. 21060279, and supporting Memorandum of Law, as if fully set forth at length herein, and join in said Motion to Preclude.

**WHEREFORE,** Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Defendant Alpha-Centurion Security, Inc.'s Motion in Limine as to Other Plaintiffs and respectfully request that this Honorable Court enter an Order in the form attached hereto.

150213.00601/126085779v.1

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 10, 2021

_/s/ Charles S. Marion_
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

_Attorneys for Defendants,_
_Roosevelt Inn LLC d/b/a Roosevelt Inn and_
_Roosevelt Inn Café, Roosevelt Motor Inn, Inc._
_d/b/a Roosevelt Motor Inn,_
_UFVS Management Company, LLC and_
_Yagna Patel_

3

Case ID: 170300712
Control No.: 21060279

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
      keddy@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>               Plaintiff,<br><br>     v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>               Defendants,<br><br>     v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>            Additional Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROOSEVELT INN, LLC,
ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S JOINDER
AND RESPONSE IN SUPPORT OF THE MOTION IN LIMINE AS TO OTHER
<u>PLAINTIFFS OF ALPHA-CENTURION SECURITY, INC.</u>**

Case ID: 170300712
Control No.: 21060279

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby submit the following Memorandum of Law in Support of their Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine as to Other Plaintiffs, filed on June 2, 2021 at Control no. 21060279..

The Roosevelt Defendants hereby incorporate by reference Defendant Alpha-Centurion Security, Inc.'s Motion in Limine as to Other Plaintiffs, as if fully set forth at length herein and join in said Motion to Preclude.

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Alpha-Centurion Security, Inc.'s Motion in Limine as to Other Plaintiffs, and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

150213.00601/126085779v.1

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 10, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
       keddy@blankrome.com
       byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060279

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 10th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Joinder and Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine as to Other Plaintiffs were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060279

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ Justina L. Byers
JUSTINA L. BYERS

150213.00601/126085779v.1

Case ID: 170300712
Control No.: 21060279

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | :    IN THE COURT OF COMMON PLEAS<br>:    PHILADELPHIA COUNTY<br>: |
|         Plaintiff, | :    CIVIL ACTION – LAW<br>: |
|         v. | :    MARCH TERM, 2017<br>:    Civil Action No.:  00712 |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | :<br>:<br>:<br>: |
|         Defendants. | :<br>: |
|         v. | :<br>: |
| DAIQUAN DAVIS AND ABDUL LOPEZ, | :<br>: |
|         Additional Defendants. | :<br>: |

## ORDER

      **AND NOW**, this _____ day of _____, 2021, upon consideration of Defendant

Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Records Produced by the FBI

and Trial Testimony Regarding Their Contents, and any responses thereto, it is hereby

**ORDERED** and **DECREED** that said Motion is **GRANTED.**

                BY THE COURT:

                                                 J.

150213.00601/126108685v.1

Case ID: 170300712
Control No.: 21060427

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>Plaintiff,<br><br>v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>Defendants,<br><br>v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>Additional Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S JOINDER
AND RESPONSE IN SUPPORT OF ALPHA-CENTURION SECURITY, INC.'S
MOTION IN LIMINE TO PRECLUDE RECORDS PRODUCED BY THE FBI AND
<u>TESTIMONY REGARDING THEIR CONTENTS AT TRIAL</u>**

Case ID: 170300712
Control No.: 21060427

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby join in and submit the following Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Records Produced by the FBI and Testimony Regarding Their Contents at Trial, filed on June 2, 2021 at Control no. 21060427 and in support thereof, avers as follows:

1-74. Admitted. The Roosevelt Defendants hereby incorporate by reference paragraphs 1 through 74 of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Records Produced by the FBI and Testimony Regarding Their Contents at Trial, filed on June 2, 2021 at Control no. 21060427, and supporting Memorandum of Law, as if fully set forth at length herein, and join in said Motion to Preclude.

75-77. Admitted in part and denied in part. Admitted that deposition testimony referenced in paragraphs 75, 76, 77 was provided. Denied as to the accuracy of such testimony.[1]

78. Admitted.

79. Denied.

80.-87. Admitted. The Roosevelt Defendants hereby incorporate by reference paragraphs 1 through 74, 78, 80-87 of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Records Produced by the FBI and Testimony Regarding Their Contents at Trial, filed on June 2, 2021 at Control no. 21060427, and supporting Memorandum of Law, as if fully set forth at length herein, and join in said Motion to Preclude.

---

[1] The Roosevelt Defendants have filed a separate Motion in Limine to exclude the testimony of the referenced witness as incompetent.

150213.00601/126108685v.1

Case ID: 170300712
Control No.: 21060427

**WHEREFORE,** Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Defendant Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Records Produced by the FBI and Testimony Regarding Their Contents at Trial and respectfully request that this Honorable Court enter an Order in the form attached hereto.

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 10, 2021

*/s/ Charles S. Marion*
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060427

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
     keddy@blankrome.com
     byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>           Plaintiff,<br><br>     v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>           Defendants,<br><br>     v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>           Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROOSEVELT INN,
LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND
YAGNA PATEL'S JOINDER AND RESPONSE IN SUPPORT OF ALPHA-CENTURION
SECURITY, INC.'S MOTION IN LIMINE TO PRECLUDE RECORDS PRODUCED BY
THE FBI AND TESTIMONY REGARDING THEIR CONTENTS AT TRIAL**

Case ID: 170300712
Control No.: 21060427

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby submit the following Memorandum of Law in Support of their Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Records Produced by the FBI and Testimony Regarding Their Contents at Trial, filed on June 2, 2021 at Control no. 21060427.

The Roosevelt Defendants hereby incorporate by reference Defendant Alpha-Centurion Security, Inc.'s Motion in Limine, as if fully set forth at length herein and join in said Motion to Preclude.

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Records Produced by the FBI and Testimony Regarding Their Contents at Trial, and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

2

Case ID: 170300712
Control No.: 21060427

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 10, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060427

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 10th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Joinder and Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Records Produced by the FBI and Testimony Regarding Their Contents at Trial were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060427

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ Justina L. Byers
JUSTINA L. BYERS

150213.00601/126108685v.1

Case ID: 170300712
Control No.: 21060427

| | |
|---|---|
| M.B., minor by her Guardian, | :    IN THE COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | :    PHILADELPHIA COUNTY |
| | : |
| Plaintiff, | :    CIVIL ACTION – LAW |
| | : |
| v. | :    MARCH TERM, 2017 |
| | :    Civil Action No.: 00712 |
| ROOSEVELT INN LLC | : |
| d/b/a ROOSEVELT INN and | : |
| ROOSEVELT INN CAFÉ, et al., | : |
| | : |
| Defendants. | : |
| | : |
| v. | : |
| | : |
| DAIQUAN DAVIS AND ABDUL LOPEZ, | : |
| | : |
| Additional Defendants. | : |
| | : |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Defendant

Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to Pennsylvania's

Human Trafficking Laws, 18 Pa.C.S.A. § 3001 *et seq*., and any responses thereto, it is hereby

**ORDERED** and **DECREED** that said Motion is **GRANTED.**

BY THE COURT:

_____
                                              J.

Case ID: 170300712
Control No.: 21060282

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
       keddy@blankrome.com
       byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, <br> William A. Calandra, Esquire, <br><br>          Plaintiff, <br><br>     v. <br><br> ROOSEVELT INN LLC d/b/a ROOSEVELT <br> INN and ROOSEVELT INN CAFÉ, et al., <br> ROOSEVELT MOTOR INN, INC. d/b/a <br> ROOSEVELT MOTOR INN, UFVS <br> MANAGEMENT COMPANY, LLC, <br> YAGNA PATEL and ALPHA-CENTURION <br> SECURITY, INC. d/b/a ALPHA CENTURION <br> SECURITY INC. <br><br>          Defendants, <br><br>     v. <br><br> DAIQUAN DAVIS and ABDUL LOPEZ <br><br>          Additional Defendants. | COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY <br> CIVIL TRIAL DIVISION <br><br> MARCH TERM, 2017 <br> NO.: 00712 <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S JOINDER AND RESPONSE IN SUPPORT OF ALPHA-CENTURION SECURITY, INC.'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO PENNSYLVANIA'S HUMAN TRAFFICKING LAWS, 18 PA. C.S.A. § 3001, *ET SEQ.***

Case ID: 170300712
Control No.: 21060282

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby join in and submit the following Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to Pennsylvania's Human Trafficking Laws, 18 Pa. C.S. A. § 3001, *et seq.*, filed on June 2, 2021 at Control no. 21060282 and in support thereof, avers as follows:

1-26. Admitted. The Roosevelt Defendants hereby incorporate by reference Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to Pennsylvania's Human Trafficking Laws, 18 Pa. C.S. A. § 3001, *et seq.*, filed on June 2, 2021 at Control no. 21060282, and supporting Memorandum of Law, as if fully set forth at length herein, and join in said Motion to Preclude.

**WHEREFORE,** Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Defendant Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to Pennsylvania's Human Trafficking Laws, 18 Pa. C.S. A. § 3001, *et seq.* and respectfully request that this Honorable Court enter an Order in the form attached hereto.

150213.00601/126108653v.1

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 10, 2021

_/s/ Charles S. Marion_
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
         keddy@blankrome.com
         byers@blankrome.com

_Attorneys for Defendants,_
_Roosevelt Inn LLC d/b/a Roosevelt Inn and_
_Roosevelt Inn Café, Roosevelt Motor Inn, Inc._
_d/b/a Roosevelt Motor Inn,_
_UFVS Management Company, LLC and_
_Yagna Patel_

3

Case ID: 170300712
Control No.: 21060282

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
    keddy@blankrome.com
    byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 NO.: 00712 |
| v. | : : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S JOINDER AND RESPONSE IN SUPPORT OF ALPHA-CENTURION SECURITY, INC.'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO PENNSYLVANIA'S HUMAN TRAFFICKING LAWS, 18 PA. C.S. A. § 3001, *ET SEQ.*

Case ID: 170300712
Control No.: 21060282

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby submit the following Memorandum of Law in Support of their Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to Pennsylvania's Human Trafficking Laws, 18 Pa. C.S.A. § 3001, *et seq.*, filed on June 2, 2021 at Control no. 21060282.

The Roosevelt Defendants hereby incorporate by reference Defendant Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to Pennsylvania's Human Trafficking Laws, 18 Pa. C.S.A. § 3001, *et seq.*, as if fully set forth at length herein and join in said Motion to Preclude.

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to Pennsylvania's Human Trafficking Laws, 18 Pa. C.S.A. § 3001, *et seq.*, and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

150213.00601/126108653v.1

Case ID: 170300712
Control No.: 21060282

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 10, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060282

# CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 10th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Joinder and Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to Pennsylvania's Human Trafficking Laws, 18 Pa. C.S. A. § 3001, *et seq*. were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060282

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*


_/s/ Justina L. Byers_
JUSTINA L. BYERS

150213.00601/126108653v.1

Case ID: 170300712
Control No.: 21060282

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff, | CIVIL ACTION – LAW |
| v. | MARCH TERM, 2017<br>Civil Action No.: 00712 |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | |
| Defendants. | |
| v. | |
| DAIQUAN DAVIS AND ABDUL LOPEZ, | |
| Additional Defendants. | |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Defendant

Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to the Word "Rape" at

Trial, and any responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is

**GRANTED.**

BY THE COURT:

_____

J.

150213.00601/126108654v.1

Case ID: 170300712
Control No.: 21060403

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>               Plaintiff,<br><br>v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>               Defendants,<br><br>v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>         Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT
MOTOR INN, INC., UFVS MANAGEMENT COMPANY
AND YAGNA PATEL'S JOINDER AND RESPONSE IN
SUPPORT OF ALPHA-CENTURION SECURITY, INC.'S MOTION IN
<u>LIMINE TO PRECLUDE REFERENCE TO THE WORD "RAPE" AT TRIAL</u>**

Case ID: 170300712
Control No.: 21060403

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby join in and submit the following Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to the Word "Rape" at Trial, filed on June 2, 2021 at Control no. 21060403 and in support thereof, avers as follows:

1-20.  Admitted.  The Roosevelt Defendants hereby incorporate by reference Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to the Word "Rape" at Trial, filed on June 2, 2021 at Control no. 21060403, and supporting Memorandum of Law, as if fully set forth at length herein, and join in said Motion to Preclude.

**WHEREFORE,** Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Defendant Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to the Word "Rape" at Trial and respectfully request that this Honorable Court enter an Order in the form attached hereto.

150213.00601/126108654v.1

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 10, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060403

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 |
| v. | : : | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
JOINDER AND RESPONSE IN SUPPORT OF ALPHA-CENTURION
SECURITY, INC.'S MOTION IN LIMINE TO PRECLUDE
<u>REFERENCE TO THE WORD "RAPE" AT TRIAL</u>**

Case ID: 170300712
Control No.: 21060403

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby submit the following Memorandum of Law in Support of their Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to the Word "Rape" at Trial, filed on June 2, 2021 at Control no. 21060403.

The Roosevelt Defendants hereby incorporate by reference Defendant Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to the Word "Rape" at Trial as if fully set forth at length herein and join in said Motion to Preclude.

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to the Word "Rape" at Trial and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

150213.00601/126108654v.1

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 10, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060403

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 10th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Joinder and Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Reference to the Word Rape at Trial were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060403

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*


*/s/ Justina L. Byers*
JUSTINA L. BYERS

150213.00601/126108654v.1

Case ID: 170300712
Control No.: 21060403

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a *ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a *ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of Plaintiff's Motion *in Limine* to Preclude Plaintiff's Consent, Control No.

21060469, and Alpha-Centurion Security, Inc.'s Response in Opposition thereto, it is hereby

**ORDERED** and **DECREED** that Plaintiff's Motion is **DENIED.**

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 21060469

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire                  Attorneys for Defendant,
Identification No.    208830                       Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

<u>**RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN
OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE PLAINTIFF'S CONSENT**</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby responds in Opposition to Plaintiff's Motion *in*

*Limine* to Preclude Plaintiff's Consent, Control No. 21060469.  For the reasons further set forth

in the accompanying Memorandum of Law, Alpha-Centurion Security, Inc. respectfully requests

Case ID: 170300712
Control No.: 21060469

that this Honorable Court Deny Plaintiff's Motion *in Limine*, thereby permitting evidence

regarding Plaintiff's consensual sexual encounters at Trial.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated: __June 11, 2021_____

3

Case ID: 170300712
Control No.: 21060469

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:     Thomas P. Wagner, Esquire
Identification No.:     27145
BY:     Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.     208830               Alpha-Centurion Security, Inc.
BY:     Melanie J. Foreman, Esquire
Identification No.:     317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

---

### DEFENDANT ALPHA-CENTURION SECURITY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF'S CONSENT

### I.     MATTER BEFORE THE COURT

Plaintiff's Motion *in Limine* to Preclude Plaintiff's Consent, Control No. 21060469.

### II.     QUESTION PRESENTED

Whether Defendants should be permitted to offer evidence that Plaintiff consented to sexual encounters prior to being trafficked when such evidence is directly relevant to Plaintiff's claims and is based upon her own testimony, and where Defendants are not arguing that Plaintiff consented to being trafficked.

Case ID: 170300712
Control No.: 21060469

*Suggested Answer:* **YES.**

### III. <u>FACTS</u>

Plaintiff alleges she was sexually trafficked at the Roosevelt Inn from approximately April 2014 through early June 6, 2014. Plaintiff identified her traffickers as Daiquan Davis and Abdul Lopez. Plaintiff testified that she had consensual sex with both Davis and Lopez:

> Q.      … Did you have sexual relations with Abdul Lopez?
>
> A.      Yes, once.
>
> Q.      When was that?
>
> A.      I can't remember. I know it was in the hotel room though.
>
> Q.      Was that consensual?
>
> A.      Yes.
>
> Q.      Was the sex with Daiquan Davis consensual?
>
> A.      Yes.
>
> Q.      Was the sex with Abdul Lopez consensual?
>
> A.      Yes.

Plaintiff's Deposition, attached as Exhibit A, at 161:14 – 162:3. Plaintiff also acknowledged having consensual sex with others prior to the time she alleges she was trafficked:

> Q.      … Can you tell me when you first became sexually active, at what age?
>
> A.      13.
>
> <center>*****</center>
>
> Q.      … So do you know how many different sexual partners you had before you engaged in sex for money?
>
> A.      No, but I believe that it was a lot.
>
> Q.      Okay.

Case ID: 170300712
Control No.: 21060469

A.     Yeah.

Q.     Can you give me like a ballpark of what a lot is?

A.     Maybe ten.

*Id.* at 91:17-19, 92:10-19.

Plaintiff now seeks to preclude the fact that she was sexually active as a thirteen year-old based on the premise that a minor cannot consent to sex as a matter of law. Plaintiff argues that because she was a minor, by definition she could not consent to sexual encounters of any kind, and thus any evidence to the contrary must be precluded. Plaintiff's argument mischaracterizes the evidence at issue and the purpose for which Defendant intends to present it. Accordingly, Plaintiff's motion must be denied.

## IV.   ARGUMENT

Plaintiff filed suit against Defendants alleging claims of common law negligence. Plaintiff filed suit alleging claims of common law negligence against Responding Defendant relating to security services provided at the Roosevelt Inn. Indeed, this is not a criminal action. Plaintiff's traffickers pled guilty to trafficking her inside a private residence and Plaintiff has no claim under federal law nor any claim under Pennsylvania's version of the anti-trafficking statute. Plaintiff withdrew her claim under the latter statute and has actually gone so far as to request the Court enter an order precluding evidence or testimony regarding the fact that she has no claim under the Pennsylvania Anti-Human Trafficking law. In that Motion (Control No. 21060209), Plaintiff readily acknowledges that her "claims are based on common law negligence" and argues to the Court that reference to the statute would only "mislead and confuse the jury."

Case ID: 170300712
Control No.: 21060469

As Plaintiff admits, this matter is a civil negligence claim. Yet Plaintiff seeks to impose a blanket prohibition of evidence directly relevant to her claims. A central issue in this case is Plaintiff's background, tumultuous childhood and lack of parental oversight. Evidence in the form of her own sworn testimony regarding consensual sexual relations at thirteen years-old goes directly to the environment to which Plaintiff was exposed as a young girl. Whether she could consent to sexual relations as a matter of law distracts from that entirely. The fact of the matter is she had consensual sex with as many as ten men before ever encountering her traffickers, both of whom she also had consensual relations. Responding Defendant has no intention of offering this evidence to suggest Plaintiff consented to trafficking; rather, Defendant intends to offer this evidence in support of its defense as to why Plaintiff was ever in the situation to be trafficked in the first place.

Moreover, the case cited by Plaintiff for the premise that consent is invalid as a defense in a civil case, *C.C.H. v. Philadelphia Phillies, Inc.*, 940 A.2d 336 (Pa. 2008), is completely inapposite to the case at issue. In that case, the Court reversed a trial court's decision to allow evidence and argument that an 11-year old girl had consented to inappropriate contact while at a Phillies game. The girl had sued the Phillies and other defendants alleging assault, battery and other claims in relation to alleged sexual contact. The defendants offered evidence at the trial that the plaintiff had consented to such contact. The Supreme Court ruled the trial court had erred in doing so, finding that a "[W]here the victim is a minor less than 13 years of age, evidence of the victim's consent to sexual contact, like in criminal proceedings, *is not an available defense in determining civil liability for such contact*." *C.C.H. v. Philadelphia Phillies, Inc.*, 940 A.2d 336, 347 (Pa. 2008) (emphasis added).

Case ID: 170300712
Control No.: 21060469

The Court's opinion in *C.C.H.* is instructive yet also demonstrates precisely why the Court's holding does not govern here. First, the obvious distinction that Plaintiff is not under thirteen. Second, and more importantly, the issue before the jury here has nothing to do with evaluating whether Plaintiff was inappropriately touched and/or consented to contact with any of the defendants. There is no claim against any of the defendants for assault or battery. This is a premises liability case. The jury is not determining civil liability for sexual contact; the issue here is whether Responding Defendant was negligent in its execution of its limited security services at the subject property. There is no allegation that anyone from Responding Defendant touched Plaintiff inappropriately, let alone any evidence that anyone from Responding Defendant had any interaction with her whatsoever. *C.C.H.* stands for the principal that a defendant accused of inappropriate contact cannot argue in response that the contact was consensual. That is simply not the issue here and thus the case has no relevance to the Court's analysis.

The fact that Plaintiff was sexually active at thirteen years-old is directly relevant to her allegations in the instant case. Plaintiff contends that she was forced to engage in prostitution by Defendant Davis and Defendant Lopez, yet readily acknowledged in her deposition that she had consensual sex with both of them. These were her own words and a jury is entitled to hear them in order to weigh her credibility in this case. Moreover, Responding Defendant is not offering this evidence to suggest Plaintiff consented to commercial sex; rather, Responding Defendant is offering this evidence as it is critical to presenting the jury with an accurate portrayal of Plaintiff's conduct during the relevant time period and the ongoing parental neglect.

As detailed by defense expert Dr. Barbara Ziv, the fact that Plaintiff was sexually active at such a young age demonstrates the lack of parental oversight. This is essential to Responding Defendant's defenses in this case. Plaintiff readily acknowledged that she was sexually active

5

Case ID: 170300712
Control No.: 21060469

outside of and prior to the time she contends she was trafficked. To preclude this fact largely undercuts Responding Defendant's ability to present an accurate portrayal of Plaintiff's behavior around the time she was allegedly trafficked.

Civil law in the Commonwealth of Pennsylvania provides for a presumption of contributory negligence for anyone age fourteen (14) and older:

> A determination of the negligence of a minor defendant begins with the application of three presumptions: (1) minors under the age of seven years are conclusively presumed incapable of negligence; (2) **minors over the age of fourteen years are presumptively capable of neglige**nce; (3) minors between the ages of seven and fourteen years are presumed incapable of negligence; however, such presumption is rebuttable and grows weaker as the fourteenth year grows closer. Although these presumptions were initially applied only to minor defendant, later decisional law found them **applicable to a determination of contributory negligence also.**

*Berman By Berman v. Philadelphia Bd. of Educ.*, 456 A.2d 545, 549 (Pa. Super. 1983) (citations omitted) (emphasis added). Whether Plaintiff was legally capable of consenting to sexual relations under criminal statutes is therefore immaterial to whether she was contributorily negligent in placing herself in a situation where she could be trafficked in the first place.

Plaintiff wants to argue that the alleged commercial sex she had was not consensual, but exclude relevant facts that she had consensual sex with others during the same time period. Plaintiff herself testified that she had consensual sex with her traffickers. Whether Plaintiff had consensual sex prior to being trafficked is relevant to the issues in this lawsuit because it provides background as to how she allegedly came to be trafficked. This evidence must be permitted.

Case ID: 170300712
Control No.: 21060469

## V.   **REQUESTED RELIEF**

Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Deny Plaintiff's Motion *in Limine*, thereby permitting evidence regarding Plaintiff's consensual sexual encounters at Trial.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____

    Thomas P. Wagner, Esquire
    Robert W. Stanko, Esquire
    Melanie J. Foreman, Esquire
    Attorneys for Defendant,
    Alpha-Centurion Security, Inc.

Dated:  June 11, 2021

Case ID: 170300712
Control No.: 21060469

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN  47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated:  June 11, 2021

FILED

11 JUN 2021 11:54 am

Civil Administration

E. MEENAN

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of Plaintiff to Preclude Defendants from Soliciting

Testimony and Opinions Concerning the Credibility and Veracity of Evidence or Witnesses,

Control No. 21060197, and any Response thereto, it is hereby **ORDERED** and **DECREED** that

said Motion is **DENIED.**

BY THE COURT:

_____

J.

Case ID: 170300712
Control No.: 21060197

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire               Attorneys for Defendant,
Identification No.    208830                   Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| d/b/a ROOSEVELT MOTOR INN and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

---

### <u>RESPONSE OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM SOLICITING TESTIMONY AND OPINIONS CONCERNING THE CREDIBILITY AND VERACITY OF EVIDENCE OR WITNESSES</u>

Defendant, Alpha-Centurion Security, Inc. ("Responding Defendant"), by and through its

counsel, Marshall Dennehey Warner Coleman & Goggin, hereby moves this Honorable Court to

deny Plaintiff's Motion *in Limine* to Preclude Defendants from Soliciting Testimony and

Opinions Concerning the Credibility and Veracity of Evidence or Witnesses.  By the instant

Motion, Plaintiff improperly attempts to characterize established facts and statements she made

Case ID: 170300712
Control No.: 21060197

about herself as credibility determinations offered by defense expert Dr. Barbara Ziv. For the reasons more fully set forth in the accompanying Memorandum of Law, Plaintiff's argument is flawed as it mischaracterizes evidence and Plaintiff's motion should be denied.

**WHEREFORE**, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant, Alpha-Centurion Security, Inc., respectfully requests that this Honorable Court deny Plaintiff's Motion *in Limine* to Preclude Defendants from Soliciting Testimony and Opinions Concerning the Credibility and Veracity of Evidence or Witnesses.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:_____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: _June 11, 2021_____

2

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:     27145
BY:    Robert W. Stanko, Esquire            Attorneys for Defendant,
Identification No.    208830                 Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:     317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a *ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| d/b/a *ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

---

<u>**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE OF DEFENDANT,
ALPHA-CENTURION SECURITY, INC., IN OPPOSITION TO PLAINTIFF'S
MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM SOLICITING
TESTIMONY AND OPINIONS CONCERNING THE CREDIBILITY AND VERACITY
OF EVIDENCE OR WITNESSES**</u>

**I.      <u>MATTER BEFORE THE COURT</u>**

Motion *in Limine* of Plaintiff to Preclude Defendants from Soliciting Testimony and
Opinions Concerning the Credibility and Veracity of Evidence or Witnesses.

The instant Motion is one of ***seven*** separate motions filed by Plaintiff to preclude, at least
in whole or in part, testimony of Forensic Psychiatrist Dr. Barbara Ziv. Plaintiff seeks to preclude

Case ID: 170300712
Control No.: 21060197

Dr. Ziv's testimony regarding central issues in this case based on nothing more than fundamentally flawed arguments and misrepresentations of the evidence. Plaintiff's Motion must be denied.

## II.  **QUESTION PRESENTED**

Whether Plaintiff's Motion *in Limine* as to Dr. Barbara Ziv should be denied where Dr. Ziv is merely setting forth established facts and reiterating statements made by Plaintiff herself in order to lay the foundation for her conclusions.

*Suggested Answer:*  **YES.**

## III.  **FACTS**

Responding Defendant retained Dr. Barbara Ziv to perform a psychiatric assessment of Plaintiff. On January 27, 2020, Dr. Ziv evaluated M.B over a period of hours, with Plaintiff's counsel present. As a Forensic Psychiatrist, Certified by the American Board of Psychiatry and Neurology, Dr. Ziv routinely relies upon an individual's familial history, school performance, mental health records, and medical history in order to opine on an individual's psychiatric assessment and prognosis. In conjunction with her extensive review of records, Dr. Ziv's opinions are based upon medical literature, her decades-long history treating patients, and her interview of the subject individual. Dr. Ziv followed this methodology in writing her report on Plaintiff.

By the instant Motion, Plaintiff is attempting to attack Dr. Ziv's report by characterizing established facts and statements made by Plaintiff herself as credibility determinations. This attempt must fail.

## **ARGUMENT**

Pennsylvania Rule of Evidence 703 states:

An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

Case ID: 170300712
Control No.: 21060197

Here, in addition to interviewing and evaluating Plaintiff, Dr. Ziv reviewed a voluminous amount of material, including, among other materials, the pleadings, written discovery exchanged by the parties, documents exchanged by the parties, medical records, therapy records, school records, family court records, DHS records, criminal court records, and deposition transcripts. All of these materials are expressly referenced within guidelines cited by Dr. Ziv governing forensic assessments in psychiatry.

Dr. Ziv cites to many references found within Plaintiff's records, including assessments of Plaintiff by other professionals and assessments rendered by Plaintiff herself. Again, these are precisely the type of records and information a psychiatrist relies on when evaluating a subject in a forensic setting. Dr. Ziv incorporates specific reference to various portions of these records, which include facts obtained in therapy records, school records, DHS records, and more. These references include statements made by Plaintiff herself to social workers and other professionals.

By way of example, the instant Motion seeks to preclude Dr. Ziv from stating that Plaintiff is aware that she "obfuscates and dissembles." Plaintiff characterizes that statement as an improper credibility determination despite the fact that Dr. Ziv supports the statement with specific references within the records that ***Plaintiff herself*** acknowledged such behavior to a social worker in 2015. Indeed, Dr. Ziv is not rendering any sort of credibility determination; she is parroting a statement made by the plaintiff acknowledging her propensity for being untruthful. The record itself, which Plaintiff oddly quotes in her motion, states specifically that Plaintiff admitted to lying "all the time" and referred to herself as a "good liar" and "elaborated that she lies so convincingly that she believes her own lies." Ziv Report, at pg. 16.

Plaintiff taking issue with Dr. Ziv's statement that Plaintiff is aware that she "habitually obfuscates and dissembles" is playing semantics. Dr. Ziv is simply reiterating the contents of a record, the accuracy of which is not in dispute. Moreover, the records at issue are precisely the

Case ID: 170300712
Control No.: 21060197

type of record that forensic psychiatrists are to consider per the multitude of sources cited by Dr. Ziv.

Plaintiff's attempt to characterize Dr. Ziv's reiteration of information found within her own records as a credibility determination fails to appreciate a key distinction. Plaintiff is absolutely correct that judging a witness's credibility is a role reserved exclusively for the jury. *See Commonwealth v. David*, 541 A.2d 315, 317 (Pa. 1988). Plaintiff is also correct that "expert testimony is not permissible as to the question of witness credibility." *Commonwealth v. Alicia*, 92 A.3d 753, 760 (Pa. 2014). But, Dr. Ziv does no such thing in her report. Nowhere does Dr. Ziv call into question the credibility of Plaintiff, or any other witness. Rather, in accordance with Pa. R.E. 703, Dr. Ziv cites established facts, many of which are found within Plaintiff's own records, in order to lay the foundation for her conclusions. Not only is this proper, but it is necessary under Pa. R.E. 703.

The remainder of statements cited by Plaintiff as constituting credibility determinations are likewise only references to facts found in the record. Merely calling a fact a credibility determination does not make it any less a fact. In coming to her conclusions, Dr. Ziv lays a foundation by properly relying on her interview with Plaintiff and materials commonly relied upon by experts in her field. If Plaintiff wishes to challenge the foundation of Dr. Ziv's conclusions, the proper way to do so is through cross-examination, not through a thinly veiled attempt to characterize facts as improper credibility determinations.

## IV.    **REQUESTED RELIEF**

For the foregoing reasons, Defendant, Alpha-Centurion Security, Inc., respectfully requests that this Honorable Court deny Plaintiff's Motion *in Limine* to Preclude Defendants

Case ID: 170300712
Control No.: 21060197

from Soliciting Testimony and Opinions Concerning the Credibility and Veracity of Evidence or Witnesses.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated:   June 11, 2021

Case ID: 170300712
Control No.: 21060197

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Response of Defendant, Alpha-Centurion Security, Inc., in Opposition to Plaintiff's Motion *in Limine* to Preclude Defendants from Soliciting Testimony and Opinions Concerning the Credibility and Veracity of Evidence or Witnesses, Control No. 21060197, was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Charles S. Marion, Esquire |
| Nadeem A. Bezar, Esquire | Kevin M. Eddy, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| ***Attorneys for minor-Plaintiff*** | ***Attorneys for Roosevelt Inn LLC d/b/a*** |
| | ***Roosevelt Inn and Roosevelt Inn Café,*** |
| | ***Roosevelt Motor Inn, Inc. d/b/a Roosevelt*** |
| | ***Motor Inn, UFVS Management Company,*** |
| | ***LLC and Yagna Patel*** |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN  47808 | Tucson, AZ 85734 |

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated: _ June 11, 2021 _____

LEGAL/138923295.v1

Case ID: 170300712
Control No.: 21060197

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____day of _____ 2021, upon

consideration of Plaintiff's Motion *in Limine* to Preclude testimony or opinions regarding

Plaintiff's parents' criminal record history, mental health, and parenting skills or that Plaintiff's

parents were negligent or grossly negligent, Control No. 21060531, and Alpha-Centurion

Security, Inc.'s Response in Opposition thereto, it is hereby **ORDERED** and **DECREED** that

Plaintiff's Motion is **DENIED.**


                            **BY THE COURT:**


                           _____

                                              **J.**

Case ID: 170300712
Control No.: 21060531

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | |
|---|---|
| M.B. | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| Plaintiff | : |
| | : |
| v. | : |
| | : MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : |
| *d/b/a ROOSEVELT INN and* | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | : |
| *d/b/a ROOSEVELT MOTOR INN* and | : NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | : |
| | : |
| Defendants | : <u>JURY TRIAL DEMANDED</u> |

---

### <u>RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OR OPINION REGARDING PLAINTIFF'S PARENTS' CRIMINAL RECORD HISTORY, MENTAL HEALTH, AND PARENTING SKILLS OR THAT PLAINTIFF'S PARENTS WERE NEGLIGENT OR GROSSLY NEGLIGENT</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, and for the reasons set forth in the attached Brief in

Opposition, hereby requests this Honorable Court deny Plaintiff's Motion *in Limine* to Preclude

testimony or opinion regarding Plaintiff's parents' criminal record history, mental health, and

Case ID: 170300712
Control No.: 21060531

parenting skills or that Plaintiff's parents were negligent or grossly negligent (Control No. 21060531).

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated:  June 11, 2021

2

Case ID: 170300712
Control No.: 21060531

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

---

**<u>DEFENDANT ALPHA-CENTURION SECURITY, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN
LIMINE* TO TESTIMONY OR OPINION REGARDING PLAINTIFF'S PARENTS'
CRIMINAL RECORD HISTORY, MENTAL HEALTH, AND PARENTING SKILLS OR
THAT PLAINTIFF'S PARENTS WERE NEGLIGENT OR GROSSLY NEGLIGENT</u>**

I.     **<u>MATTER BEFORE THE COURT</u>**

Plaintiff's Motion *in Limine* to Preclude testimony or opinion regarding Plaintiff's

parents' criminal record history, mental health, and parenting skills or that Plaintiff's parents

were negligent or grossly negligent (Control No. 21060531).

The instant Motion is one of *seven* separate motions filed by Plaintiff to preclude, at least

in whole or in part, testimony of Forensic Psychiatrist Dr. Barbara Ziv. Plaintiff seeks to

preclude Dr. Ziv's testimony regarding central issues in this case based on nothing more than

Case ID: 170300712
Control No.: 21060531

fundamentally flawed arguments and misrepresentations of the evidence. Plaintiff's Motion must be denied.

## II.    <u>QUESTION PRESENTED</u>

Whether Plaintiff's Motion *in Limine* to preclude parents' criminal record history, mental health, and parenting skills should be denied where such evidence is documented within Plaintiff's own records, Plaintiff herself acknowledges the effect of such evidence on her life generally, and the evidence is considered by Dr. Ziv in accordance with medical literature and guidelines applicable to adolescent psychiatry.

*Suggested Answer:*        **YES.**

## III.    <u>FACTS</u>

Plaintiff alleges she was the victim of human trafficking at the Roosevelt Inn. Yet, at the core of this case is the fact that Plaintiff prior to the time she contends she was trafficked at the Roosevelt Inn, she was prostituted out of *the home she shared with her mother*:

Q.     Okay. And so you said earlier that you engaged in commercial sex acts at a house located on Bridge Street?

A.     Yes.

Q.     That was your mother's house, right?

A.     Yes.

Plaintiff Dep., at 134:17-24, attached Exhibit A. The evidence of record demonstrates that Plaintiff's father was incarcerated at or around the time leading up to the alleged trafficking and her mother, a heroin and crack cocaine addict, was struggling with drug abuse. In fact, Plaintiff and her traffickers only left the home because Plaintiff's family was eventually evicted. *See id.*, at 134:6 – 139:7.

The evidence of parental neglect and reckless behavior by Plaintiff's parents is overwhelming. As explained further by Dr. Ziv in her report, Plaintiff's background and upbringing are central to the issues in this case. For Plaintiff to argue that this information is

Case ID: 170300712
Control No.: 21060531

irrelevant is absurd. It also ignores the reasons and extensive sources cited by Dr. Ziv in her report as to why the information is a fundamental part of her analysis and forensic evaluation.

As a Forensic Psychiatrist, Certified by the American Board of Psychiatry and Neurology, Dr. Ziv routinely relies upon an individual's familial history, school performance, mental health records, medical history, etc. to come to an opinion regarding an individual's psychiatric assessment and prognosis. In conjunction with her extensive review of Plaintiff's records, her opinions are based upon medical literature; her decades-long history treating patients, hundreds of whom have been adolescents like Plaintiff was when she was trafficked; her medical training; her review of Plaintiff's records; and her interview of Plaintiff. Her opinions are neither lacking in foundation nor speculative.

## IV.  ARGUMENT

Plaintiff seeks to preclude testimony from Dr. Ziv regarding Plaintiff's parents' (1) criminal records; (2) mental health; and (3) parenting skills. Plaintiff contends that testimony from Dr. Ziv on these topic areas is irrelevant, lacks probative value and proper foundation. Notably, she does not challenge the accuracy or reliability of any of the information.

Plaintiff's arguments are flawed and ignore the multitude of sources cited by Dr. Ziv in her report that demonstrate why the information at issue constitutes a fundamental part of a forensic evaluation.

### A.  Criminal Records

Plaintiff contends that the criminal history of her parents is irrelevant and cites specifically to the timing of the criminal conduct as reason to preclude it. Plaintiff makes the argument that this information includes "incidents that pre-date the incidents of sex trafficking . . .or even involvement by the child welfare system in Plaintiff M.B.'s life[.]" Plaintiff's Motion, at 4. The fact that Plaintiff's parents were engaged in criminal conduct and spent time in prison just

Case ID: 170300712
Control No.: 21060531

prior to and in the midst of raising Plaintiff is precisely why the information is relevant to the claims and damages at issue in this case. Moreover, Dr. Ziv's use and consideration of such information is supported by multiple citations to medical journals and guidelines cited within her report.

### B. Mental Health

 Plaintiff challenges Dr. Ziv's testimony largely on the basis that she never conducted a psychiatric evaluation of Plaintiff's parents or had access to their medical records as if that were even an option. Dr. Ziv's testimony is offered in the context of a forensic evaluation performed in connection with this lawsuit filed by Plaintiff. This is and never was a clinical setting with Plaintiff's parents having been willing participants. Plaintiff was accompanied by her attorney to the evaluation with Dr. Ziv.

Dr. Ziv makes no attempt to render a diagnosis of Plaintiff's parents. She simply offers comment and her opinion on the substance of Plaintiff's records produced responsive to a subpoena to the Department of Human Services. Dr. Ziv's consideration of such information is not only consistent with her background and experience as a forensic psychiatrist, it is also in strict accordance with several of the medical journals and guidelines cited within her report.

### C. Parenting Skills

Plaintiff makes the argument that Dr. Ziv's critiques of Plaintiff's parents "have no place in a case that involves [Plaintiff], not her parents." To suggest that this case does not involve Plaintiff's parents is remarkably self-serving. Before she ever stepped foot in the Roosevelt Inn, Plaintiff by her own admission was prostituted out of the home she shared with her mother. This followed years and years of documented neglect, open and obvious intravenous drug use in the home, and documented evidence that at one point Plaintiff's mother forced her to have sex with numerous men for money and crack cocaine.

4

Dr. Ziv routinely relies upon an individual's familial history, school performance, mental health records, medical history, among many other things. Her opinions are informed by medical literature and her decades-long history treating patients, hundreds of whom were adolescents. Here, she performed an in-person evaluation and an extensive review of Plaintiff's records, which contain significant details regarding her parents and the environment to which Plaintiff was exposed.  Dr. Ziv's opinions are neither speculative nor lacking in foundation. Rather, her report is replete with citations to medical literature detailing the relevance of the information reviewed.

## V.      REQUESTED RELIEF

Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court deny Plaintiff's Motion *in Limine* to preclude testimony or opinion regarding Plaintiff's parents' criminal record history, mental health, and parenting skills or that Plaintiff's parents were negligent or grossly negligent (Control No. 21060531).

<div align="right">

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

</div>

Dated:   June 11, 2021

Case ID: 170300712
Control No.: 21060531

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Charles S. Marion, Esquire |
| Nadeem A. Bezar, Esquire | Kevin M. Eddy, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| ***Attorneys for minor-Plaintiff*** | ***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*** |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN  47808 | Tucson, AZ 85734 |

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
    Thomas P. Wagner, Esquire
    Robert W. Stanko, Esquire
    Melanie J. Foreman, Esquire
    Attorneys for Defendant,
    Alpha-Centurion Security, Inc.

Dated:  June 11, 2021

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____day of _____ 2021, upon

consideration of the Plaintiff's Motion *in Limine* to Preclude Defendant Alpha-Centurion

Security, Inc. from Offering Cumulative Expert Liability Testimony, Control No. 21060205, and

any Response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED.**

BY THE COURT:

_____

J.

Case ID: 170300712
Control No.: 21060205

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

---

### <u>RESPONSE OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT ALPHA-CENTURION SECURITY, INC. FROM OFFERING CUMULATIVE LIABILITY EXPERT TESTIMONY</u>

Defendant, Alpha-Centurion Security, Inc. ("Responding Defendant"), by and through its

counsel, Marshall Dennehey Warner Coleman & Goggin, hereby moves this Honorable Court to

deny Plaintiff's Motion *in Limine* to Preclude Defendant Alpha-Centurion Security, Inc. from

Case ID: 170300712
Control No.: 21060205

Offering Cumulative Expert Liability Testimony, as its two proffered liability experts have different qualifications and offer distinctly different opinions.[1]

WHEREFORE, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant, Alpha-Centurion Security, Inc., respectfully requests that this Honorable Court deny Plaintiff's Motion *in Limine* to Preclude Defendant Alpha-Centurion Security, Inc. from Offering Cumulative Expert Liability Testimony.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated: _June 11, 2021_____

---

[1] Responding Defendant originally retained three liability experts: Dr. Jon M. Shane, James A. Francis, and David Webb, Ph.D. Responding Defendant has withdrawn Dr. Webb and intends only to call Dr. Shane and Mr. Francis at the trial of this matter.

Case ID: 170300712
Control No.: 21060205

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| d/b/a ROOSEVELT MOTOR INN and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

---

<u>**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE OF DEFENDANT,
ALPHA-CENTURION SECURITY, INC., IN OPPOSITION TO PLAINTIFF'S
MOTION *IN LIMINE* TO PRECLUDE DEFENDANT ALPHA-CENTURION
SECURITY, INC. FROM OFFERING CUMULATIVE LIABILITY EXPERT
TESTIMONY**</u>

I.     <u>**MATTER BEFORE THE COURT**</u>

        Plaintiff's Motion *in Limine* to Preclude Defendant Alpha-Centurion Security, Inc. from

Offering Cumulative Liability Expert Testimony.

Case ID: 170300712
Control No.: 21060205

## II.  QUESTION PRESENTED

Whether Plaintiff's Motion *in Limine* should be denied when Responding Defendant's two proffered lability experts, Dr. Jon M. Shane and and James A. Francis, have different qualifications and offer distinctly different opinions.

*Suggested Answer:*          **YES.**

## III.  FACTS

Responding Defendant originally retained three liability experts: Dr. Jon M. Shane, James A. Francis, and David Webb, Ph.D.  Responding Defendant has withdrawn Dr. Webb as an expert and intends only to call Dr. Shane and Mr. Francis at the trial of this matter.

Dr. Shane and Mr. Francis have different training, experience, and qualifications.  In addition, their reports offer distinctly different opinions, with the former distinguishing between prostitution and human trafficking on an academic level and the latter analyzing the general duties owed by a private security contractor and the applicable industry standards of care.  In broader terms, Responding Defendant is offering a human trafficking expert and a private security expert.  Both disciplines are critical to Responding Defendant's defense.

## IV.  ARGUMENT

As a threshold matter, the instant Motion should fail in its hypocrisy, as Plaintiff has retained two liability experts: one in human trafficking and the other in private security.  Plaintiff cannot have it both ways.

Pennsylvania Rule of Evidence states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson;

Case ID: 170300712
Control No.: 21060205

(b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and

(c) the expert's methodology is generally accepted in the relevant field.

In support of its defense, Responding Defendant retained two expert witnesses on liability: Dr. Jon M. Shane and James A. Francis. In the instant Motion, Plaintiff argues that the opinions of these experts are "substantially similar" and, therefore, Responding Defendant should not be permitted to call both at trial. This argument is misplaced, as Dr. Shane and Mr. Francis have different training, experience, and qualifications. In addition, their reports offer distinctly different opinions.

## A.   QUALIFICATIONS

A simple comparison of the qualifications of Dr. Shane and Mr. Francis bears out the fact that they are experts in different fields.

Without rehashing the entirety of each expert's respective curriculum vitae, Dr. Shane is an associate professor of criminal justice at John Jay College of Criminal Justice. He has a doctorate in criminal justice and has been researching and teaching since 2005. Overall, his expertise is in "police policy and practice and the theoretical underpinnings of the police." *See* page 1 of Dr. Shane's report dated May 26, 2020.

Mr. Francis, on the other hand, is experienced in private security. He is a Certified Protection Professional and a Certified Facility Security Officer. He has over 45 years-experience in the private security profession, including in areas of facility vulnerability analysis, facility planning, guard force management, and information security, among other specialties.

The qualifications of Dr. Shane and Mr. Francis are clearly distinct from one another, which is evident in their respect reports.

Case ID: 170300712
Control No.: 21060205

## B. <u>OPINIONS</u>

The thrust of Dr. Shane's opinion lies in his academic discussion on the distinction between prostitution and human trafficking. For instance, at page 12 of his report dated May 26, 2020, Dr. Shane states: "I conclude that the presence of prostitution is not tantamount to human trafficking for prostitution. These two social conditions have distinguishing characteristics and correlating the two requires a criminal investigation." Dr. Shane ultimately concludes at page 16: "Restated, human trafficking may involve prostitution, but prostitution does not necessarily imply human trafficking. To imply that because human trafficking exists because prostitution also exists suffers from the ecological fallacy, which is an error in reasoning and is inappropriate."

Mr. Francis, on the other hand, opines on the duties owed by a private security contractor, such as Responding Defendant, and the applicable industry standards of care. To wit, Mr. Francis offers the following opinions at page 11 of his report dated February 20, 2020:

- In my experience in both developing Request-for-Proposal (RFPs) for security guard services and in reviewing contracts for such services, I have found that the **industry norm** is for the client to define the level of services required and the expected **duties and responsibilities** of the officers assigned.

- The Alpha-Centurion (AC) Security Officers acted in compliance wit the **duties and responsibilities** as defined in both the contract and Post Orders. My review of the depositions, Roosevelt Inn contract and the associated Post Orders indicate that AC was originally contracted to provide unarmed Security Officers primary for anticipated periods of higher occupancy (i.e., Fridays and Saturday evenings) to assist in maintaining order at the hotel and in enforcing House Rules.

(emphasis added).

The opinions of Dr. Shane and Mr. Francis are clearly different, and both are essential to the defense of Responding Defendant. Precluding Responding Defendant from offering both

Case ID: 170300712
Control No.: 21060205

experts at trial would severely prejudice Responding Defendant and preclude Responding Defendant from putting on a complete defense.

V.     **REQUESTED RELIEF**

       For the foregoing reasons, Defendant, Alpha-Centurion Security, Inc., respectfully requests that this Honorable Court deny Plaintiff's Motion *in Limine* to Preclude Defendant Alpha-Centurion Security, Inc. from Offering Cumulative Liability Expert Testimony.

                                 **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

                     BY: _____
                                  Thomas P. Wagner, Esquire
                                  Robert W. Stanko, Esquire
                                  Melanie J. Foreman, Esquire
                                  Attorneys for Defendant,
                                  Alpha-Centurion Security, Inc.

Dated:   June 11, 2021 _____

Case ID: 170300712
Control No.: 21060205

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Response of Defendant, Alpha-Centurion Security, Inc., in Opposition to Plaintiff's Motion *in Limine* to Preclude Defendant Alpha-Centurion Security, Inc. from Offering Cumulative Liability Expert Testimony, Control No. 21060205, was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Charles S. Marion, Esquire |
| Nadeem A. Bezar, Esquire | Kevin M. Eddy, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| ***Attorneys for minor-Plaintiff*** | ***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*** |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN 47808 | Tucson, AZ 85734 |

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
    Thomas P. Wagner, Esquire
    Robert W. Stanko, Esquire
    Melanie J. Foreman, Esquire
    Attorneys for Defendant,
    Alpha-Centurion Security, Inc.

Dated: __June 11, 2021__

Case ID: 170300712
Control No.: 21060205

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____day of _____ 2021, upon

consideration of the Motion *in Limine* of Plaintiff to Preclude evidence, testimony, or argument

that sex trafficking of a child requires force, fraud, threat or coercion (Control No. 21060204),

and Defendant Alpha-Centurion Security, Inc.'s Response in Opposition thereto, it is hereby

**ORDERED** and **DECREED** that Plaintiff's Motion is **DENIED.**

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 21060204

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| d/b/a ROOSEVELT MOTOR INN and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | JURY TRIAL DEMANDED |

---

**RESPONSE OF DEFENDANT, ALPHA-CENTURION SECURITY, INC.,
IN OPPOSITION TO PLAINTIFF'S MOTION IN *LIMINE* TO PRECLUDE EVIDENCE,
TESTIMONY, OR ARGUMENT THAT SEX TRAFFICKING OF A CHILD REQUIRES
FORCE, FRAUD, THREAT OR COERCION**

Defendant, Alpha-Centurion Security, Inc. ("Responding Defendant"), by and through its

counsel, Marshall Dennehey Warner Coleman & Goggin, and for the reasons set forth in the

attached Brief in Opposition, hereby moves this Honorable Court to deny the Motion *in Limine*

Case ID: 170300712
Control No.: 21060204

of Plaintiff to Preclude evidence, testimony, or argument that sex trafficking of a child requires

force, fraud, threat or coercion (Control No. 21060204).

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____

       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated: _June 11, 2021_____

2

Case ID: 170300712
Control No.: 21060204

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:      27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.      208830            Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:      317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| d/b/a ROOSEVELT MOTOR INN and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | JURY TRIAL DEMANDED |

### <u>MEMORANDUM OF LAW IN SUPPORT OF RESPONSE OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., IN OPPOSITION TO PLAINTIFF'S MOTION IN *LIMINE* TO PRECLUDE EVIDENCE, TESTIMONY, OR ARGUMENT THAT SEX TRAFFICKING OF A CHILD REQUIRES FORCE, FRAUD, THREAT OR COERCION</u>

### I.    <u>MATTER BEFORE THE COURT</u>

Motion *in Limine* of Plaintiff to Preclude evidence, testimony, or argument that sex trafficking of a child requires force, fraud, threat or coercion (Control No. 21060204).

II.    **QUESTION PRESENTED**

Whether Defendants should be permitted to offer evidence that Plaintiff was never held against her will when such evidence is directly relevant to Plaintiff's claims and includes her own testimony and that of another party.

*Suggested Answer:*    **YES**.

III.    **FACTS**

Plaintiff alleges she was sexually trafficked at the Roosevelt Inn from approximately April 2014 through early June 6, 2014. She filed suit against Defendants alleging claims of common law negligence. Plaintiff's claims are very much in dispute.

IV.    **ARGUMENT**

Plaintiff moves to preclude the evidence at issue because she believes Defendants will attempt to argue that Plaintiff was not held against her will. That is because the evidence in this case, including but not limited to her own sworn testimony and that of another party, demonstrates overwhelmingly that she was not held against her will at any time relevant to her claims and was free to leave the property at any time. She readily acknowledges she left the property under her own free will and granting Plaintiff's motion would effectively preclude that evidence. Defendants submit that the jury should be free to consider any and all factual evidence that Plaintiff was not held against her will as that fact is central to the issues in this case.

Plaintiff argues that because she was a minor she was by definition "trafficked" per the Trafficking Victims Protection Act ("TVPA") and that any evidence to the contrary must be precluded. Plaintiff's argument relies on the statutory construction of a federal criminal law on sex trafficking despite the fact that this is a civil case in state court involving claims of negligence. Plaintiff has no claim under federal law and withdrew her claim under Pennsylvania's version of the anti-trafficking statute. She has actually gone so far as to request

2

Case ID: 170300712
Control No.: 21060204

the Court enter an order precluding evidence or testimony regarding the fact that she has no claim under the Pennsylvania Anti-Human Trafficking law. In that motion (Control No. 21060209), Plaintiff readily acknowledges that her "claims are based on common law negligence" and argues to the Court that reference to the statute would only "mislead and confuse the jury."

In essence, Plaintiff is arguing that because a minor need not prove force or coercion to be considered a trafficking victim in the criminal context, then Defendants should be precluded from offering evidence in this case that Plaintiff was not in fact forced or coerced. Plaintiff's argument is as creative as it is overreaching. Essentially Plaintiff is seeking a presumption that because she was by definition trafficked under federal law, Defendants should be precluded from offering facts into evidence that she was never held against her will. Prohibiting Defendants from offering such evidence, including sworn testimony from both of the individuals who pled guilty to trafficking, is wholly improper as it would eliminate evidence of disputed facts central to the case. Both Davis and Lopez, named defendants in this case, testified that they never held Plaintiff against her will and that she was never forced into anything, let alone ever prostituted out of the hotel.

Plaintiff accuses Defendants of seeking to confuse or mislead the jury.[1] Yet, Plaintiff herself is the one seeking to impose a standard applicable in a criminal prosecution of sex traffickers in a civil case involving claims of common law negligence. Plaintiff is effectively requesting that the Court preclude critical evidence that Plaintiff was not forced, coerced or held against her will because the criminal statute does not require it. Whether the criminal statute does

---

[1] Plaintiff's argue that Defendants will "try confuse (sic) the standard for sex trafficking of a minor and an adult to mislead the jury to believe that force, fraud and coercion were required for [her] to be the victim of sex trafficking." Plaintiff's Brief, at p. 7.

Case ID: 170300712
Control No.: 21060204

not require that is an irrelevant consideration to her claims in this case. Defendants submit that preclusion of critical evidence such as Plaintiff's own testimony regarding her ability to leave the premises is improper and unfairly prejudicial.

## V.  REQUESTED RELIEF

For the foregoing reasons, Defendant, Alpha-Centurion Security, Inc., respectfully requests that this Honorable Court deny Plaintiff's Motion *in Limine* to Preclude evidence, testimony, or argument that sex trafficking of a child requires force, fraud, threat or coercion (Control No. 21060204).

<div style="margin-left:40%">

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
      Thomas P. Wagner, Esquire
      Robert W. Stanko, Esquire
      Melanie J. Foreman, Esquire
      Attorneys for Defendant,
      Alpha-Centurion Security, Inc.

</div>

Dated:  June 11, 2021

4

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Response of Defendant, Alpha-Centurion Security, Inc., in Opposition to Plaintiff's Motion *in Limine* to Preclude evidence, testimony, or argument that sex trafficking of a child requires force, fraud, threat or coercion was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: __June 11, 2021__

LEGAL/138849524.v1

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a *ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a *ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of Plaintiff's Motion *in Limine* to Preclude testimony and opinion regarding

reports of maltreatment, Control No. 21060523, and Alpha-Centurion Security, Inc.'s Response

in Opposition thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is

**DENIED.**

**BY THE COURT:**

_____

**J.**

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:   Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.     208830             Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

---

### RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND OPINIONS REGARDING UNFOUNDED REPORTS OF MALTREATMENT

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, and for the reasons set forth in the attached Brief in

Opposition, hereby requests this Honorable Court deny Plaintiff's Motion *in Limine* to Preclude

testimony and/or opinions regarding unfounded reports of maltreatment (Control No. 21060523).

> **MARSHALL DENNEHEY WARNER**
> **COLEMAN & GOGGIN**
>
> BY: _____
>         Thomas P. Wagner, Esquire
>         Robert W. Stanko, Esquire
>         Melanie J. Foreman, Esquire
>         Attorneys for Defendant,
> Dated:  June 11, 2021          Alpha-Centurion Security, Inc.

Case ID: 170300712
Control No.: 21060523

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a ROOSEVELT MOTOR INN and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**DEFENDANT ALPHA-CENTURION SECURITY, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN
LIMINE* TO PRECLUDE TESTIMONY AND OPINIONS REGARDING UNFOUNDED
REPORTS OF MALTREATMENT**

**I.    MATTER BEFORE THE COURT**

Plaintiff's Motion *in Limine* to Preclude testimony and/or opinion regarding unfounded

reports of maltreatment (Control No. 21060523).

The instant Motion is one of *seven* separate motions filed by Plaintiff to preclude, at least

in whole or in part, testimony of Forensic Psychiatrist Dr. Barbara Ziv. Plaintiff seeks to

preclude Dr. Ziv's testimony regarding central issues in this case based on nothing more than

Case ID: 170300712
Control No.: 21060523

fundamentally flawed arguments and misrepresentations of the evidence.  Plaintiff's Motion

must be denied.

## II. <u>QUESTION PRESENTED</u>

Whether Plaintiff's Motion *in Limine* to preclude testimony and opinions regarding unfounded reports of maltreatment deemed unfounded should be denied where the reports derived from Plaintiff herself and Dr. Ziv supports her consideration of such evidence with medical literature detailing the approved use of unfounded reports of child abuse and neglect.

*Suggested Answer:*          **YES.**

## III. <u>FACTS</u>

Plaintiff alleges she was the victim of human trafficking at the Roosevelt Inn.  Yet, at the

core of this case is the fact that Plaintiff prior to the time she contends she was trafficked at the

Roosevelt Inn, she was prostituted out of *the home she shared with her mother*:

> Q.      Okay.   And so you said earlier that you engaged in commercial sex acts at a house located on Bridge Street?
>
> A.      Yes.
>
> Q.      That was your mother's house, right?
>
> A.      Yes.

Plaintiff Dep., at 134:17-24, attached Exhibit A. The evidence of record demonstrates that

Plaintiff's father was incarcerated at or around the time leading up to the alleged trafficking and

her mother, a heroin and crack cocaine addict, was struggling with drug abuse. In fact, Plaintiff

and her traffickers only left the home because Plaintiff's family was eventually evicted. *See id.*,

at 134:6 – 139:7.

The evidence of parental neglect and reckless behavior by Plaintiff's parents is

overwhelming. Plaintiff herself told Dr. Ziv, "Me and my mother and my brother were hanging

around the wrong people…"  Dr. Ziv's Report, pg. 4.  Plaintiff elaborated:

2

Case ID: 170300712
Control No.: 21060523

> And instead of going to school I would go stay with my mom. I started spending the nights, not staying home, running away… I guess I missed my mom. I remember just running away and staying with my mom. I would go back to the Salas's to get clothes, take a shower, whatever. And then I was hanging around the wrong people. That's when the sex trafficking started happening.

*Id.* In Plaintiff's own words, parental neglect led her to be truant, which led her to being in foster care, which led her to run away, which eventually led her to those who trafficked her out of her own home.

As explained further by Dr. Ziv in her report, Plaintiff's background and upbringing are central to the issues in this case. Nevertheless, Plaintiff now seeks to preclude Dr. Ziv from referencing reports of maltreatment that Plaintiff contends are unreliable because they were deemed unfounded by the Department of Human Services. Plaintiff's argument is flawed because it not only ignores Dr. Ziv's explanation of why unfounded reports are relevant but also summarily dismisses the study upon which she relied in support of her analysis.

## IV.   ARGUMENT

Plaintiff is effectively arguing that because a report of maltreatment is deemed unfounded it must be precluded. This argument is fundamentally flawed and contrary to the objective medical literature on which Dr. Ziv relies. Dr. Ziv, who has performed hundreds of forensic assessments of adolescents as a medical doctor, cites specifically to a scholarly article that addresses why unfounded reports should be considered when assessing issues of child abuse and neglect.  Plaintiff summarily dismisses Dr. Ziv's assessment and rejects the study she cites because it contains "the opinions of another person…" Plaintiff's Motion, at 4. Plaintiff cites to no other medical journal or comparable study to support her argument. Moreover, Plaintiff fails to provide any basis to support her claim that unfounded reports are "inherently unreliable." She

Case ID: 170300712
Control No.: 21060523

repeats only generic arguments and fails to identify a single case to support her argument that the evidence at issue should be precluded in the context of this case.

The fact is that Plaintiff's background and upbringing is riddled with evidence of shocking and saddening examples of parental neglect that even Plaintiff's own expert readily acknowledges. The reason these reports are documented in the first place is because Plaintiff was placed with the Department of Human Services as a result of parental neglect. Plaintiff wants to preclude this evidence not because it is unreliable but because it is bad for her case. As detailed by Dr. Ziv and supported by independent studies, the fact that a report of maltreatment is deemed unfounded does not negate its relevance to consideration of assessing evidence of abuse and neglect.

In sum, Dr. Ziv should *not* be precluded from testifying regarding unfounded reports of maltreatment and neglect. The significance and relevance of these reports, unfounded or not, is addressed by Dr. Ziv at length in her report and Plaintiff is free to cross-examine her. The Court should not preclude the jury from hearing the evidence and weighing the information accordingly.

## V.    <u>REQUESTED RELIEF</u>

Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court deny Plaintiff's Motion *in Limine* precluding testimony and/or opinion regarding unfounded reports of maltreatment (Control No. 21060523).

<div style="text-align:right">

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____

        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,

</div>

Dated:  __June 11, 2021__                  Alpha-Centurion Security, Inc.

Case ID: 170300712
Control No.: 21060523

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

| | |
|---|---|
| Thomas R. Kline, Esquire | Charles S. Marion, Esquire |
| Nadeem A. Bezar, Esquire | Kevin M. Eddy, Esquire |
| Emily B. Marks, Esquire | Justina L. Byers, Esquire |
| Kline & Specter, P.C. | Blank Rome, LLP |
| 1525 Locust Street | 130 North 18th Street |
| Philadelphia, PA 19101 | Philadelphia, PA 19103 |
| ***Attorneys for minor-Plaintiff*** | ***Attorneys for Roosevelt Inn LLC d/b/a*** |
| | ***Roosevelt Inn and Roosevelt Inn Café,*** |
| | ***Roosevelt Motor Inn, Inc. d/b/a Roosevelt*** |
| | ***Motor Inn, UFVS Management Company,*** |
| | ***LLC and Yagna Patel*** |

The following parties were served via First Class Mail via the date set forth below:

| | |
|---|---|
| Daiquan Davis | Abdul Lopez |
| USP Terre Haute | USP Tucson |
| U.S. Penitentiary | U.S. Penitentiary |
| P. O. Box 33 | P. O. Box 24550 |
| Terre Haute, IN 47808 | Tucson, AZ 85734 |

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
    Thomas P. Wagner, Esquire
    Robert W. Stanko, Esquire
    Melanie J. Foreman, Esquire
    Attorneys for Defendant,
    Alpha-Centurion Security, Inc.

Dated:  June 11, 2021

Case ID: 170300712
Control No.: 21060523

**FILED**
11 JUN 2021 02:41 pm
Civil Administration
F. HEWITT

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon consideration of the Motion *in Limine* of Plaintiff, to Preclude Testimony, Argument, or Opinion Regarding Investigative Materials and/or Social Media, Control No. 21060775, and any Response thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **DENIED.**

BY THE COURT:

_____
J.

Case ID: 170300712
Control No.: 21060775

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:   Thomas P. Wagner, Esquire
Identification No.:      27145
BY:   Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.      208830          Alpha-Centurion Security, Inc.
BY:   Melanie J. Foreman, Esquire
Identification No.:      317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

<u>**RESPONSE OF DEFENDANT, ALPHA-CENTURION SECURITY, INC.,**
**IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE**
**TESTIMONY, ARGUMENT, OR OPINION REGARDING**
**INVESTIGATIVE MATERIALS AND/OR SOCIAL MEDIA**</u>

Defendant, Alpha-Centurion Security, Inc. ("Responding Defendant"), by and through its

counsel, Marshall Dennehey Warner Coleman & Goggin, hereby responds in Opposition to

Plaintiff's Motion in *Limine* to Preclude Testimony, Argument, or Opinion Regarding

Investigative Materials and/or Social Media, Control No. 21060775.  For the reasons further set

forth in the accompanying Memorandum of Law, Alpha-Centurion Security, Inc. respectfully

requests that this Honorable Court Deny Plaintiff's Motion *in Limine*, thereby permitting

evidence of investigations and Plaintiff's social media at Trial.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____

       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated: _June 11, 2021_____

2

Case ID: 170300712
Control No.: 21060775

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:      27145
BY:     Robert W. Stanko, Esquire                Attorneys for Defendant,
Identification No.      208830                      Alpha-Centurion Security, Inc.
BY:     Melanie J. Foreman, Esquire
Identification No.:      317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| d/b/a ROOSEVELT MOTOR INN and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

<u>**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE OF DEFENDANT,
ALPHA-CENTURION SECURITY, INC., IN OPPOSITION TO PLAINTIFF'S
MOTION *IN LIMINE* TO PRECLUDE TESTIMONY, ARGUMENT, OR OPINION
REGARDING INVESTIGATIVE MATERIALS AND/OR SOCIAL MEDIA**</u>

**I.      <u>MATTER BEFORE THE COURT</u>**

Motion *in Limine* of Plaintiff to Preclude Testimony, Argument, or Opinion Regarding

Investigative Materials and/or Social Media, Control No. 21060775.

## II. __QUESTION PRESENTED__

Whether Plaintiff's Motion to preclude social media posts should be denied where Plaintiff's argument regarding authenticity is premature and the evidence at issue is relevant to Plaintiff's claims and its probative value outweighs any danger of unfair prejudice.

*Suggested Answer:* __YES.__

## III. __FACTS__

Plaintiff alleges she was the victim of human trafficking at the Roosevelt Inn. Daiquan Davis and Abdul Lopez were prosecuted and pled guilty to trafficking offenses. Both Davis and Lopez deny trafficking Plaintiff at the Roosevelt Inn.

During the course of the litigation, investigative materials from Capital Investigation were obtained by Defendants that include Plaintiff's social media accounts. More specifically, the materials include Plaintiff's Facebook posts, photographs of Plaintiff, and correspondence between Plaintiff and known associates of hers, among other things. A copy of the records at issue is attached hereto as Exhibit A. These materials relate directly to the allegations at issue in this case, including Plaintiff's whereabouts, her state of mind, and interaction with others. Plaintiff nevertheless seeks to preclude them because they have not been authenticated, are irrelevant, inflammatory and prejudicial.

## IV. __ARGUMENT__

Plaintiff's arguments are premature and otherwise unfounded. Plaintiff first seeks to preclude the materials at issue because they have not been authenticated. This argument is entirely premature as trial has yet to begin. Plaintiff argues that Defendant did not present Plaintiff with these materials at her deposition as if that was the only opportunity Defendant had to authenticate the records. That argument is misplaced. Defendant will have the same opportunity at trial to

Case ID: 170300712
Control No.: 21060775

question Plaintiff regarding the content of the records and Plaintiff can certainly authenticate the records at that time. *See Com. v. Danzey*, 210 A.3d 333, 338 (Pa. Super. 2019) (explaining ways in which social media records can be authenticated).

To the extent Plaintiff claims the postings are not hers, Defendant should be free to cross-examine her regarding her basis for such testimony as well as use the records for impeachment purposes. *See* Pa. R.E. 607(b) ("[t]he credibility of a witness may be impeached by any evidence relevant to that issue…").

Plaintiff's secondary argument regarding the relevancy of the records is dubious, at best. Plaintiff argues that the records are "not related to the factual circumstances" at issue in this case. This is inaccurate and mischaracterizes the records at issue. Some of the central issues in this case involve Plaintiff's whereabouts and the individuals she was surrounding herself with at the time she contends she was trafficked. These records contain specific reference to her with other people, including her own father, during the time she contends she was being held against her will at the Roosevelt Inn.

The records also demonstrate that Plaintiff had access to a phone or a computer on a regular if not daily basis, and that she was using that phone or computer to engage in casual banter across a social media platform. She was in frequent communication with many others, including some family members and her foster family, and never complained to anyone even though it was during this same time period that she contends she was being held against her will at the Roosevelt Inn. To suggest these records are "not related to the factual circumstances" is absurd.

Plaintiff also argues that this evidence could mislead or incite the jury if it is admitted, yet she offers no specific examples or reasoning. She simply contends that the social media is inflammatory and would be prejudicial. The Court cannot accept Plaintiff's generic argument that

Case ID: 170300712
Control No.: 21060775

is nothing more than an attempt to preclude evidence that she does not like. The jury should hear this evidence as it goes directly to Plaintiff's credibility and her claims at issue in this case. At the very least, Defendant should be permitted to use these materials to impeach Plaintiff.

## V.    REQUESTED RELIEF

For the foregoing reasons, Defendant, Alpha-Centurion Security, Inc., respectfully requests that this Honorable Court deny Plaintiff's Motion in *Limine* to preclude investigative materials and/or social media posts.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
         Thomas P. Wagner, Esquire
         Robert W. Stanko, Esquire
         Melanie J. Foreman, Esquire
         Attorneys for Defendant,
         Alpha-Centurion Security, Inc.

Dated:  _June 11, 2021_____

4

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Response of Defendant, Alpha-Centurion Security, Inc., in Opposition to Plaintiff's Motion in Limine to Preclude Testimony, Argument, or Opinion Regarding Irrelevant and Unduly Prejudicial Investigative Materials and/or Social Media of was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Grant S. Palmer, Esquire
James J. Quinlan, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
      Thomas P. Wagner, Esquire
      Robert W. Stanko, Esquire
      Melanie J. Foreman, Esquire
      Attorneys for Defendant,
      Alpha-Centurion Security, Inc.

Dated: __June 11, 2021__

Case ID: 170300712
Control No.: 21060775

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of Plaintiff's Motion *in Limine* to Preclude Dr. Barbara Ziv's Testimony and

Opinions, Control No. 21060437, and Alpha-Centurion Security, Inc.'s Response in Opposition

thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **DENIED.**

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 21060437

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a ROOSEVELT MOTOR INN and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

## <u>RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DR. BARBARA ZIV'S TESTIMONY AND OPINIONS</u>

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby responds in Opposition to Plaintiff's Motion *in*

*Limine* to Preclude Dr. Barbara Ziv from providing testimony and/or opinions, Control No.

21060437.  For the reasons further set forth in the accompanying Memorandum of Law, Alpha-

Case ID: 170300712
Control No.: 21060437

Centurion Security, Inc. respectfully requests that this Honorable Court Deny Plaintiff's Motion

*in Limine*, thereby permitting Dr. Barbara Ziv to provide testimony and opinion at Trial.

> **MARSHALL DENNEHEY WARNER**
> **COLEMAN & GOGGIN**
>
> BY: _____
>      Thomas P. Wagner, Esquire
>      Robert W. Stanko, Esquire
>      Melanie J. Foreman, Esquire
>      Attorneys for Defendant,
>      Alpha-Centurion Security, Inc.

Dated:  June 11, 2021

Case ID: 170300712
Control No.: 21060437

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:  Thomas P. Wagner, Esquire
Identification No.:  27145
BY:  Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.  208830              Alpha-Centurion Security, Inc.
BY:  Melanie J. Foreman, Esquire
Identification No.:  317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

## <u>DEFENDANT ALPHA-CENTURION SECURITY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DR. BARBARA ZIV'S TESTIMONY AND OPINIONS</u>

### I.      <u>MATTER BEFORE THE COURT</u>

Plaintiff's Motion *in Limine* to Preclude Dr. Barbara Ziv from providing Testimony

and/or Opinions, Control No. 21060437.

The instant Motion is one of *seven* separate motions filed by Plaintiff to preclude, at least

in whole or in part, testimony of Forensic Psychiatrist Dr. Barbara Ziv. Plaintiff seeks to

preclude Dr. Ziv's testimony regarding central issues in this case based on nothing more than

Case ID: 170300712
Control No.: 21060437

fundamentally flawed arguments and misrepresentations of the evidence. Plaintiff's Motion must be denied.

## II. **QUESTION PRESENTED**

Whether Plaintiff's Motion *in Limine* should be denied where Dr. Ziv provides no opinions on liability, but rather provides a psychiatric assessment of Plaintiff, which clearly has a proper foundation in Plaintiff's own medical records, Plaintiff's own recounting of her past, and the medical literature and guidelines applicable to adolescent psychiatry, and where Plaintiff's own expert, Dr. Mollie Gordon, relies upon the very same facts to make her own assessment of Plaintiff.

*Suggested Answer:*                    **YES.**

## III. **FACTS**

Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn. Yet, at the core of this case is the fact that M.B. was trafficked well before she set foot in the Roosevelt Inn. Plaintiff, by her own testimony, admits that she was prostituted out of *her own home*:

> Q.     Okay.  And so you said earlier that you engaged in commercial sex acts at a house located on Bridge Street?
>
> A.     Yes.
>
> Q.     That was your mother's house, right?
>
> A.     Yes.

Deposition Transcript of Plaintiff M.B. at Page 134, Lines 17 – 24, Exhibit A. She and her traffickers only left M.B.'s home because they were evicted:

> Q.     Okay.  So when you say you got evicted, you got evicted from Bridge Street, correct?
>
> A.     Yeah.
>
> Q.     Okay. That means your family could no longer go to the Bridge Street property –

2

A.      Right.

Q.      -- correct?

A.      Yeah. They changed the locks and everything.

Q.      So were you using the Bridge Street property for a few weeks before you went to Comly Street?

A.      Yeah.

Q.      Okay. You told me previously that you spent a couple weeks at Bridge Street alone when your mother wasn't there, correct?

A.      Yeah.

Q.      Is that the time when you were engaged in commercial sex acts at Bridge Street?

A.      Yes.

*Id.*, Deposition Transcript of Plaintiff M.B. at Page 134, Line 6 – Page 139, Line 7.  At the time, Plaintiff's mother, a heroin and crack cocaine addict, was struggling with drug abuse.  These facts are central to M.B.'s tragic history, as well as Dr. Ziv's opinions regarding same.

As a Forensic Psychiatrist, Certified by the American Board of Psychiatry and Neurology, Dr. Ziv routinely relies upon an individual's familial history, school performance, mental health records, medical history, etc. to come to an opinion regarding an individual's psychiatric assessment and prognosis.  In conjunction with her extensive review of Plaintiff's records, her opinions are based upon medical literature; her decades-long history treating patients, hundreds of whom have been adolescents like Plaintiff was when she was trafficked; her medical training; her review of Plaintiff's records; and her interview of Plaintiff.  Her opinions are neither lacking in foundation nor speculative.  Nor does she seek to introduce an opinion regarding liability.  Plaintiff's psychiatric assessment cannot be restricted to her

Case ID: 170300712
Control No.: 21060437

trafficking alone. She did not exist in a vacuum up until that time. Yet that is precisely what Plaintiff wants the trier of fact to believe when Dr. Ziv testifies.

## IV. LEGAL ARGUMENT

Plaintiff M.B. mischaracterizes Dr. Ziv's opinions in an attempt to call them into question. In doing so, she objects to portions of Dr. Ziv's report merely because Dr. Ziv comes to a conclusion that Plaintiff does not like. Indeed, if Plaintiff's Motion *in Limine* were granted, then by her own arguments, her own expert, Dr. Mollie Gordon, would likewise need to be precluded. Dr. Gordon relies upon the same records and same facts as Dr. Ziv, but comes to a different assessment. Dr. Ziv should *not* be precluded from testifying. Rather, the trier of fact should be given the opportunity to evaluate these respective expert opinions and come to a conclusion of its own. Plaintiff can cross examine Dr. Ziv on her psychiatric assessment of Plaintiff, and how she came to her assessment.

### A. DR. ZIV SHOULD BE PERMITTED TO TESTIFY AS TO PLAINTIFF'S FAMILIAL HISTORY.

Plaintiff styles her arguments in an attempt to mislead the Court into thinking that Dr. Ziv's opinions relate to liability and are therefore improper. In seeking to preclude Dr. Ziv from testifying regarding the supposed cause of Plaintiff becoming a victim of sex trafficking, Plaintiff is really attempting to preclude Dr. Ziv from testifying regarding a foundational portion of any psychiatric assessment – Plaintiff's familial history.

In reviewing and remarking upon Plaintiff's familial history, Dr. Ziv is not making any conclusion as to the cause of Plaintiff's trafficking. Rather, she is remarking upon the path that led Plaintiff to that point. Plaintiff herself told Dr. Ziv, "Me and my mother and my brother were hanging around the wrong people…" Dr. Ziv's Report at Page 4. Plaintiff elaborated:

4

Case ID: 170300712
Control No.: 21060437

> And instead of going to school I would go stay with my mom. I
> started spending the nights, not staying home, running away… I
> guess I missed my mom. I remember just running away and staying
> with my mom. I would go back to the Salas's to get clothes, take a
> shower, whatever. And then I was hanging around the wrong people.
> That's when the sex trafficking started happening.

*Id.* Plaintiff's parental neglect led her to be truant, which led her to being in foster care, which led her to run away, which led her to trafficking. Plaintiff's path to trafficking is separate and distinct from the *cause* of her being trafficked. Dr. Ziv makes no conclusions regarding the cause of Plaintiff's trafficking. Dr. Ziv should be permitted to testify as to these foundational facts and her assessment thereof.

In fact, Dr. Ziv's report is replete with citations to medical literature upon which Dr. Ziv relies. The foundation for Dr. Ziv's opinions is readily apparent. Dr. Ziv's opinions are further based upon her interview of Plaintiff and Plaintiff's extensive records. Plaintiff can further explore the manner in which these factors effect Plaintiff's psychiatric assessment on cross examination of Dr. Ziv.

Indeed, Dr. Gordon, Plaintiff's own expert, includes references to Plaintiff's familial history in her report. Dr. Gordon specifically notes that Plaintiff's mother was a drug addict and suffers from a bipolar illness, which was diagnosed after "interpersonal conflict" with a partner; Plaintiff's father was incarcerated; that Plaintiff had a cognitive impairment; etc. Dr. Gordon likewise describes these facts as factors that must be taken into account in providing an assessment of Plaintiff:

> MB had biological predisposing risks including a family history of
> mood disorder and a family history of substance use disorder….

> MB had psychological predisposing risks including her young
> developmental age. Psychological precipitating and perpetuating
> factors included the loss of her father to prison, and her perceived
> lack of support by her mother due to her mother's substance use

5

Case ID: 170300712
Control No.: 21060437

> disorder, and her mother's chronic illness including strokes and
> seizures…. Social risk factors included lack of structured education
> due to truancy, moving homes often, lack of stable income to
> provide for basic needs such as food and clothes, and access to drugs
> of abuse at a young age.

Dr. Gordon's Report at Page 16. The only difference is that Dr. Ziv places different emphasis on these factors within her psychiatric assessment of Plaintiff. Dr. Ziv's opinions are not speculative; Plaintiff just does not like them.

Plaintiff is trying to redirect the Court's attention from the fact that Dr. Ziv comments upon Plaintiff's familial history – the normal process of a forensic psychiatrist – and how Plaintiff, at the age of fourteen (14) was vulnerable to predators like Abdul Lopez and Daiquan Davis. Dr. Ziv neither opines on the cause of Plaintiff becoming a victim of sex trafficking, nor does she make any conclusions regarding liability. Rather, Dr. Ziv simply recounts Plaintiff's familial history. The fact that Plaintiff's father was imprisoned during Plaintiff's formative years; that Plaintiff's mother was a heroin and crack cocaine addict who Plaintiff would witness slumped over after shooting up; that her family was investigated by DHS on multiple occasions over a series of years; that Plaintiff's parents did not even try to get their daughter assessed for a potential learning disability; that Plaintiff was essentially living on her own at the age of fourteen (14) with absolutely no parental supervision; etc. are all basic familial factors that a psychiatrist takes into account in providing a forensic psychiatric assessment. Dr. Gordon does so. Dr. Ziv should be permitted to do so as well.

**B. DR. ZIV SHOULD BE PERMITTED TO TESTIFY AS TO PLAINTIFF'S SOCIAL HISTORY.**

Plaintiff seeks to preclude Dr. Ziv from testifying regarding Plaintiff's social history, as set forth in her extensive school, foster care, and court intervention records. Again, Plaintiff styles her arguments in an attempt to mislead the Court into thinking that Dr. Ziv's opinions are

Case ID: 170300712
Control No.: 21060437

somehow improper. In seeking to preclude Dr. Ziv from testifying regarding the ability of staff to detect Plaintiff's presence, Plaintiff is really attempting to preclude Dr. Ziv from commenting upon Plaintiff's medical and social history, factors that are foundational to any psychiatric assessment.

Dr. Ziv comments upon the fact that Plaintiff went through puberty by the age of ten (10), and that it would thus be difficult for anyone – let alone staff at the Roosevelt Inn – to deduce Plaintiff's true age. Dr. Ziv's Report at Page 17. This is a medical and social factor that any psychiatrist would take into account. It is established in the medical literature that women who undergo puberty at a very early age develop quickly, and are virtually indistinguishable from young adults. Again, Plaintiff can cross examine Dr. Ziv on this. Even Plaintiff's own expert, Dr. Gordon, comments upon Plaintiff's early puberty as a factor in her assessment. Dr. Gordon notes: "MB had psychological predisposing risks *including her young developmental age*." Dr. Gordon's Report at Page 16. Dr. Ziv's opinions are well founded in the medical literature. Plaintiff can cross examine Dr. Ziv as to her opinions.

Moreover, Plaintiff's school and Department of Human Services (DHS) records are replete with instances of Plaintiff evading authority. Dr. Ziv's opinions do not enter the realm of the security or hospitality industry. Instead, Dr. Ziv comments upon the fact that, at the age of fourteen (14), Plaintiff was able to evade the supervision of school, her parents, her foster care family, and the courts. Plaintiff's ability to evade authority is one of the reasons she was taken into DHS custody. Once in DHS custody, she continued to evade authority and ran away. Tragically, this is when she was trafficked. This is certainly relevant to a psychiatric assessment of an adolescent who was trafficked.

Case ID: 170300712
Control No.: 21060437

## V.    REQUESTED RELIEF

Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Deny Plaintiff's Motion *in Limine*, thereby permitting Dr. Barbara Ziv to provide testimony and opinion at Trial.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____

        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated:  June 11, 2021

Case ID: 170300712
Control No.: 21060437

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN  47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated:  June 11, 2021

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a *ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a *ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of Plaintiff's Motion *in Limine* to Preclude Dr. Barbara Ziv's Testimony and

Opinions regarding Plaintiff's Sexual Maturity and Intellectual Challenges, Control No.

21060455, and Alpha-Centurion Security, Inc.'s Response in Opposition thereto, it is hereby

**ORDERED** and **DECREED** that Plaintiff's Motion is **DENIED.**

**BY THE COURT:**

_____

**J.**

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

**<u>RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN
OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DR. BARBARA
ZIV'S TESTIMONY AND OPINIONS REGARDING PLAINTIFF'S SEXUAL
MATURITY AND INTELLECTUAL CHALLENGES</u>**

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby responds in Opposition to Plaintiff's Motion *in*

*Limine* to Preclude Dr. Barbara Ziv from providing testimony and/or opinions regarding

Plaintiff's Sexual Maturity and Intellectual Challenges, Control No. 21060455.  For the reasons

further set forth in the accompanying Memorandum of Law, Alpha-Centurion Security, Inc.

respectfully requests that this Honorable Court Deny Plaintiff's Motion *in Limine*, thereby

permitting Dr. Barbara Ziv to provide testimony and opinion at Trial.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
       Thomas P. Wagner, Esquire
       Robert W. Stanko, Esquire
       Melanie J. Foreman, Esquire
       Attorneys for Defendant,
       Alpha-Centurion Security, Inc.

Dated:   June 11, 2021

Case ID: 170300712
Control No.: 21060455

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

### <u>DEFENDANT ALPHA-CENTURION SECURITY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DR. BARBARA ZIV'S TESTIMONY AND OPINIONS AS TO PLAINTIFF'S SEXUAL MATURITY AND INTELLECTUAL CHALLENGES</u>

### I.    <u>MATTER BEFORE THE COURT</u>

Plaintiff's Motion *in Limine* to Preclude Dr. Barbara Ziv from providing testimony and/or

opinions as to Plaintiff's Sexual Maturity and Intellectual Challenges, Control No. 21060455.

The instant Motion is one of *seven* separate motions filed by Plaintiff to preclude, at least

in whole or in part, testimony of Forensic Psychiatrist Dr. Barbara Ziv. Plaintiff seeks to

preclude Dr. Ziv's testimony regarding central issues in this case based on nothing more than fundamentally flawed arguments and misrepresentations of the evidence. Plaintiff's Motion must be denied.

## II.   QUESTION PRESENTED

Whether Plaintiff's Motion *in Limine* to preclude Plaintiff's sexual maturity and intellectual challenges should be denied where Dr. Ziv is a Forensic Psychiatrist whose opinions clearly have proper foundation in Plaintiff's own medical records, Plaintiff's own recounting of her past, and the medical literature and guidelines applicable to adolescent psychiatry; where said opinions are within the proper scope of a forensic psychiatric assessment; and where Plaintiff's own expert, Dr. Mollie Gordon, relies upon the very same facts to make her own assessment of Plaintiff.

*Suggested Answer:*          **YES.**

## III.  FACTS

Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn. Yet, at the core of this case is the fact that M.B. was trafficked well before she set foot in the Roosevelt Inn. Plaintiff, by her own testimony, admits that she was prostituted out of *her own home*:

> Q.     Okay.   And so you said earlier that you engaged in commercial sex acts at a house located on Bridge Street?
>
> A.     Yes.
>
> Q.     That was your mother's house, right?
>
> A.     Yes.

Deposition Transcript of Plaintiff M.B. at Page 134, Lines 17 – 24, Exhibit A. She and her traffickers only left M.B.'s home because they were evicted:

> Q.     Okay.   So when you say you got evicted, you got evicted from Bridge Street, correct?
>
> A.     Yeah.

2

Case ID: 170300712
Control No.: 21060455

Q.  Okay. That means your family could no longer go to the Bridge Street property –

A.  Right.

Q.  -- correct?

A.  Yeah. They changed the locks and everything.

Q.  So were you using the Bridge Street property for a few weeks before you went to Comly Street?

A.  Yeah.

Q.  Okay. You told me previously that you spent a couple weeks at Bridge Street alone when your mother wasn't there, correct?

A.  Yeah.

Q.  Is that the time when you were engaged in commercial sex acts at Bridge Street?

A.  Yes.

*Id.*, Deposition Transcript of Plaintiff M.B. at Page 134, Line 6 – Page 139, Line 7.  At the time, Plaintiff's mother, a heroin and crack cocaine addict, was struggling with drug abuse.  These facts are central to M.B.'s tragic history, as well as Dr. Ziv's opinions regarding same.

As a Forensic Psychiatrist, Certified by the American Board of Psychiatry and Neurology, Dr. Ziv routinely relies upon an individual's familial history, school performance, mental health records, medical history, etc. to come to an opinion regarding an individual's psychiatric assessment and prognosis.  In conjunction with her extensive review of Plaintiff's records, her opinions are based upon medical literature; her decades-long history treating patients, hundreds of whom have been adolescents like Plaintiff was when she was trafficked; her medical training; her review of Plaintiff's records; and her interview of Plaintiff.  Her opinions are neither lacking in foundation nor speculative.  Plaintiff's psychiatric assessment

Case ID: 170300712
Control No.: 21060455

cannot be restricted to her trafficking alone. She did not exist in a vacuum up until that time. Yet that is precisely what Plaintiff wants the trier of fact to believe when Dr. Ziv testifies.

## IV. LEGAL ARGUMENT

Plaintiff M.B. mischaracterizes Dr. Ziv's opinions in an attempt to call them into question. In doing so, she objects to portions of Dr. Ziv's report merely because Dr. Ziv comes to a conclusion that Plaintiff does not like. Indeed, if Plaintiff's Motion *in Limine* were granted, then by her own arguments, her own expert, Dr. Mollie Gordon, would likewise need to be precluded. Dr. Gordon relies upon the same records and same facts as Dr. Ziv, but comes to a different assessment. Dr. Ziv should *not* be precluded from testifying, as her opinions have proper foundation and she is exceedingly qualified to testify to them. The trier of fact should be given the opportunity to evaluate these respective expert opinions and come to a conclusion of its own. Plaintiff can cross examine Dr. Ziv on her psychiatric assessment of Plaintiff, and how she came to her assessment.

### A. DR. ZIV SHOULD BE PERMITTED TO TESTIFY AS TO PLAINTIFF'S INTELLECTUAL CHALLENGES.

Plaintiff styles her arguments in an attempt to mislead the Court into thinking that Dr. Ziv's opinions are somehow improper. In seeking to preclude Dr. Ziv from testifying regarding Plaintiff's intellectual challenges, and how they effected her development, Plaintiff is really attempting to preclude Dr. Ziv from testifying regarding a foundational portion of any psychiatric assessment – Plaintiff's familial and social history.

Dr. Ziv reviews Plaintiff's intellectual challenges because they directly effect the psychiatric manner in which Plaintiff experienced and copes with her trauma. Dr. Ziv's opinions in this regard are based upon the medical literature. In fact, Dr. Ziv's report is replete with citations to medical literature upon which Dr. Ziv relies. The foundation for Dr. Ziv's opinions



Case ID: 170300712
Control No.: 21060455

is readily apparent. Dr. Ziv's opinions are further based upon her interview of Plaintiff and Plaintiff's extensive records. Plaintiff can further explore the manner in which these factors effect Plaintiff's psychiatric assessment on cross examination of Dr. Ziv.

Indeed, Dr. Gordon, Plaintiff's own expert, includes references to Plaintiff's intellectual challenges in her report. Dr. Gordon specifically notes that "[Plaintiff] had a cognitive impairment." Mollie Gordon Report at Page 16. Emphasis added. This is the very fact that Plaintiff seeks to preclude Dr. Ziv from testifying about. Dr. Gordon references Plaintiff's intellectual challenges as a biological predisposing risk in the same vein as she comments upon Plaintiff's familial history:

> MB had biological predisposing risks including a family history of mood disorder and a family history of substance use disorder. These were non modifiable risk factors. Additionally, she had a cognitive impairment.

*Id.* Clearly, even Plaintiff's own expert relates Plaintiff's familial history and cognitive issues.

Moreover, Plaintiff's own records make it clear that her parents did nothing to assist her in obtaining the help she needed to cope with her intellectual challenges. For instance, Plaintiff's records form Warren G. Harding Middle School note that, in September of 2012, the school wanted to assess Plaintiff's psychological functioning, as well as her literacy and math achievements. Although a request was sent to Plaintiff's parents so that the testing could be performed, there is no documentation to indicate that Plaintiff's mother signed the form. [Plaintiff's father was incarcerated.] *See* Warren G. Harding Middle School Records, attached hereto as Exhibit B. Again, this is information within Plaintiff's own records. It is well within the purview of a forensic psychiatrist to review these records to make a psychiatric assessment. According to Appendix A to Dr. Gordon's Report, she also reviewed these records. The only

Case ID: 170300712
Control No.: 21060455

difference is that Plaintiff simply does not like the assessment that is made by Dr. Ziv. This is not a reason to preclude her testimony.

Plaintiff is trying to redirect the Court's attention from the fact that Dr. Ziv comments upon Plaintiff's familial and social history – the normal process of a forensic psychiatrist – and how Plaintiff, at the age of fourteen (14) was vulnerable to predators like Abdul Lopez and Daiquan Davis and how she copes with her trauma. That Plaintiff had intellectual challenges, that her parents did not take the necessary steps to get Plaintiff help, etc. are all basic familial and social factors that a psychiatrist takes into account in providing a psychiatric assessment. Dr. Gordon does so. Dr. Ziv should be permitted to do so as well.

**B. DR. ZIV SHOULD BE PERMITTED TO TESTIFY AS TO PLAINTIFF'S SEXUAL MATURITY.**

Plaintiff seeks to preclude Dr. Ziv from testifying regarding Plaintiff's sexual maturity. Again, Plaintiff styles her arguments in an attempt to mislead the Court into thinking that Dr. Ziv's opinions are somehow improper. In seeking to preclude Dr. Ziv from testifying regarding the fact that Plaintiff went through puberty at a young age, Plaintiff is really attempting to preclude Dr. Ziv from commenting upon Plaintiff's medical and social history, factors that are foundational to any psychiatric assessment.

Dr. Ziv comments upon the fact that Plaintiff went through puberty by the age of ten (10). Dr. Ziv's Report at Page 17. This is a medical and social factor that any psychiatrist would take into account. It is established in the medical literature that women who undergo puberty at a very early age develop quickly, and are virtually indistinguishable from young adults. It does not take a pediatrician or gynecologist to interpret this well-known fact. Most women, even without medical degrees, are well aware of this. Again, Plaintiff can cross examine Dr. Ziv on this. Even Plaintiff's own expert, Dr. Gordon, comments upon Plaintiff's early puberty as a

6

Case ID: 170300712
Control No.: 21060455

factor in her assessment. Dr. Gordon notes: "MB had psychological predisposing risks *including her young developmental age*." Dr. Gordon's Report at Page 16. Dr. Ziv's opinions are well founded in the medical literature. Plaintiff can cross examine Dr. Ziv as to her opinions. When Plaintiff went through puberty is clearly relevant to the case herein, and is more probative than prejudicial. Even Plaintiff's expert thinks so.

## V.    REQUESTED RELIEF

Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Deny Plaintiff's Motion *in Limine*, thereby permitting Dr. Barbara Ziv to provide testimony and opinion regarding Plaintiff's Intellectual Challenges and Sexual Maturity at Trial.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated:   June 11, 2021

7

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
        Thomas P. Wagner, Esquire
        Robert W. Stanko, Esquire
        Melanie J. Foreman, Esquire
        Attorneys for Defendant,
        Alpha-Centurion Security, Inc.

Dated:  June 11, 2021

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____day of _____ 2021, upon

consideration of Plaintiff's Motion *in Limine* to Preclude Dr. Barbara Ziv's Testimony and

Opinions Regarding Plaintiff's Sexual History, Control No. 21060656, and Alpha-Centurion

Security, Inc.'s Response in Opposition thereto, it is hereby **ORDERED** and **DECREED** that

Plaintiff's Motion is **DENIED.**

**BY THE COURT:**

_____

**J.**

Case ID: 170300712
Control No.: 21060656

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

**<u>RESPONSE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. IN
OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DR. BARBARA
ZIV'S TESTIMONY AND OPINIONS REGARDING PLAINTIFF'S SEXUAL HISTORY</u>**

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall

Dennehey Warner Coleman & Goggin, hereby responds in Opposition to Plaintiff's Motion *in*

*Limine* to Preclude Dr. Barbara Ziv from providing testimony and/or opinions, Control No.

21060656.  For the reasons further set forth in the accompanying Memorandum of Law, Alpha-

Centurion Security, Inc. respectfully requests that this Honorable Court Deny Plaintiff's Motion

*in Limine*, thereby permitting Dr. Barbara Ziv to provide testimony and opinion regarding

Plaintiff's sexual history at Trial.

                                **MARSHALL DENNEHEY WARNER**
                                **COLEMAN & GOGGIN**

BY: _____

                                Thomas P. Wagner, Esquire
                                Robert W. Stanko, Esquire
                                Melanie J. Foreman, Esquire
                                Attorneys for Defendant,
                                Alpha-Centurion Security, Inc.

Dated: _June 11, 2021_____

Case ID: 170300712
Control No.: 21060656

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830              Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

**<u>DEFENDANT ALPHA-CENTURION SECURITY, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN
LIMINE* TO PRECLUDE DR. BARBARA ZIV'S TESTIMONY AND OPINIONS
REGARDING PLAINTIFF'S SEXUAL HISTORY</u>**

### I.     <u>MATTER BEFORE THE COURT</u>

Plaintiff's Motion *in Limine* to Preclude Dr. Barbara Ziv from providing testimony and/or

opinions regarding Plaintiff's sexual history, Control No. 21060656.

The instant Motion is one of ***seven*** separate motions filed by Plaintiff to preclude, at least

in whole or in part, testimony of Forensic Psychiatrist Dr. Barbara Ziv. Plaintiff seeks to

preclude Dr. Ziv's testimony regarding central issues in this case based on nothing more than fundamentally flawed arguments and misrepresentations of the evidence. Plaintiff's Motion must be denied.

## II. QUESTION PRESENTED

Whether Plaintiff's Motion *in Limine* should be denied where Dr. Ziv is a Forensic Psychiatrist whose opinions clearly have proper foundation in Plaintiff's own medical records, Plaintiff's own recounting of her past, and the medical literature, and where Plaintiff's own expert, Dr. Mollie Gordon, relies upon the very same facts to make her own assessment of Plaintiff.

*Suggested Answer:*          **YES.**

## III. FACTS

Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn. Yet, at the core of this case is the fact that M.B. was trafficked well before she set foot in the Roosevelt Inn. Plaintiff, by her own testimony, admits that she was prostituted out of *her own home*:

> Q.     Okay.  And so you said earlier that you engaged in commercial sex acts at a house located on Bridge Street?
>
> A.     Yes.
>
> Q.     That was your mother's house, right?
>
> A.     Yes.

Deposition Transcript of Plaintiff M.B. at Page 134, Lines 17 – 24, Exhibit A. She and her traffickers only left M.B.'s home because they were evicted:

> Q.     Okay.  So when you say you got evicted, you got evicted from Bridge Street, correct?
>
> A.     Yeah.
>
> Q.     Okay. That means your family could no longer go to the Bridge Street property –

2

Case ID: 170300712
Control No.: 21060656

| | |
|---|---|
| A. | Right. |
| Q. | -- correct? |
| A. | Yeah. They changed the locks and everything. |
| Q. | So were you using the Bridge Street property for a few weeks before you went to Comly Street? |
| A. | Yeah. |
| Q. | Okay. You told me previously that you spent a couple weeks at Bridge Street alone when your mother wasn't there, correct? |
| A. | Yeah. |
| Q. | Is that the time when you were engaged in commercial sex acts at Bridge Street? |
| A. | Yes. |

*Id.*, Deposition Transcript of Plaintiff M.B. at Page 134, Line 6 – Page 139, Line 7. At the time, Plaintiff's mother, a heroin and crack cocaine addict, was struggling with drug abuse. These facts are central to M.B.'s tragic history, as well as Dr. Ziv's opinions regarding same.

As a Forensic Psychiatrist, Certified by the American Board of Psychiatry and Neurology, Dr. Ziv routinely relies upon an individual's familial history, school performance, mental health records, medical history, sexual history, etc. to come to an opinion regarding an individual's psychiatric assessment and prognosis. In conjunction with her extensive review of Plaintiff's records, her opinions are based upon medical literature; her decades-long history treating patients, hundreds of whom have been adolescents like Plaintiff was when she was trafficked; her medical training; her review of Plaintiff's records; and her interview of Plaintiff. Her opinions are neither lacking in foundation nor speculative. Plaintiff's psychiatric assessment

Case ID: 170300712
Control No.: 21060656

cannot be restricted to her trafficking alone. She did not exist in a vacuum up until that time. Yet that is precisely what Plaintiff wants the trier of fact to believe when Dr. Ziv testifies.

## IV.    LEGAL ARGUMENT

Plaintiff M.B. mischaracterizes Dr. Ziv's opinions in an attempt to call them into question. In doing so, she objects to portions of Dr. Ziv's report merely because Dr. Ziv comes to a conclusion that Plaintiff does not like. Indeed, if Plaintiff's Motion *in Limine* were granted, then by her own arguments, her own expert, Dr. Mollie Gordon, would likewise need to be precluded. Dr. Gordon relies upon the same records and same facts as Dr. Ziv, but comes to a different assessment. Dr. Ziv should *not* be precluded from testifying. Rather, the trier of fact should be given the opportunity to evaluate these respective expert opinions and come to a conclusion of its own. Plaintiff can cross examine Dr. Ziv on her psychiatric assessment of Plaintiff, and how she came to her assessment.

### A.    DR. ZIV SHOULD BE PERMITTED TO TESTIFY AS TO PLAINTIFF'S SEXUAL HISTORY.

Plaintiff styles her arguments in an attempt to mislead the Court into thinking that Dr. Ziv's opinions are somehow improper. In seeking to preclude Dr. Ziv from testifying regarding Plaintiff's sexual history prior to being trafficked, Plaintiff is really attempting to preclude Dr. Ziv from commenting upon Plaintiff's social and medical history, factors that are foundational to any psychiatric assessment.

Although Plaintiff seeks to preclude Dr. Ziv from testifying about Plaintiff's sexual history prior to being trafficked, Dr. Mollie Gordon, Plaintiff's own expert, specifically comments upon the fact that Plaintiff engaged in "consensual, voluntarily [sic] sexual experiences" prior to being trafficked. This is because this is a normal part of one's medical and social history that a psychiatrist takes into account, especially where one has become the victim

4

Case ID: 170300712
Control No.: 21060656

of sex trafficking. Yet Plaintiff seeks to preclude Dr. Ziv from taking these facts into account by invoking the Rape Shield Law. Plaintiff cannot have it both ways.

Moreover, the Rape Shield Law, per Plaintiff's own Motion, is meant to prohibit the introduction of a sexual assault victim's past sexual history in the prosecution of certain sexually-based offenses. This is not a criminal trial. This is a civil negligence case. *See In re M.K.*, 636 A.2d 198, 203 (Pa. Super. 1994) (stating that "[t]he scope of the [Rape Shield Law's] application is limited to criminal prosecutions relating to sexual offenses."). Indeed, in the case Plaintiff cites as support for the Rape Shield Law, *Commonwealth v. Rogers*, 2021 WL 1975272 (Pa. 2021), the Supreme Court ruled: "[C]ourts have found the law unconstitutional as applied in circumstances where the defendant seeks to introduce evidence for reasons *unrelated to impugning the complainant's character*, and the probative value of that evidence outweighs the danger of unfair prejudice." *Commonwealth v. Rogers*, 2021 WL 1975272, at *5 (Pa. 2021). The Court further noted that, "[i]n some limited situations, prostitution evidence may be germane to these other issues." *Id.* at *8. Clearly, even in criminal trials, past sexual history is sometimes admissible. *See also Fedio v. Cir. City*, 1998 WL 966000, at *5 (E.D. Pa. 1998) (finding that evidence offered to prove the sexual behavior or disposition of an alleged victim can be admissible in civil cases under an exception to Federal Rule of Evidence 412(b)(2)).

Here, in addition to the fact that this is not a criminal matter, Plaintiff's sexual history is being referenced not to portray her as promiscuous, but rather as a fact critical to an accurate forensic psychiatric assessment. Plaintiff's sexual history underscores how Plaintiff, at the age of fourteen (14), was susceptible to predators like Abdul Lopez and Daiquan Davis. By Plaintiff's own testimony, she was engaging in sexual acts right under her mother's "watch."

5

Case ID: 170300712
Control No.: 21060656

She was unsupervised, and essentially living independently at a young age.[1]  These factors are entirely relevant to Dr. Ziv's psychiatric assessment of Plaintiff, and they are certainly more probative than prejudicial.  Even Plaintiff's expert thinks so.

## V.      REQUESTED RELIEF

Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court Deny Plaintiff's Motion *in Limine*, thereby permitting Dr. Barbara Ziv to provide testimony and opinion regarding Plaintiff's sexual history at Trial.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
          Thomas P. Wagner, Esquire
          Robert W. Stanko, Esquire
          Melanie J. Foreman, Esquire
          Attorneys for Defendant,
          Alpha-Centurion Security, Inc.

Dated:   June 11, 2021

---

[1] Dr. Ziv's portrayal of Plaintiff as "feral" is meant to describe the manner in which Plaintiff was raised, as she was essentially unsupervised and permitted to run wild.  Plaintiff's objection to the term is nothing more than semantics.

Case ID: 170300712
Control No.: 21060656

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of Defendant Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion *in Limine* was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 11, 2021

| M.B. | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____ 2021, upon

consideration of the Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. to Preclude

Anthony Brooks Testimony, and any Response thereto, it is hereby **ORDERED** and **DECREED**

that Defendant's Motion is **GRANTED.**

Plaintiff is hereby **PRECLUDED** from introducing testimony of Anthony Brooks.

**BY THE COURT:**

_____

**J.**

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| *d/b/a ROOSEVELT INN and* | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| *d/b/a ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

---

## MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC. TO PRECLUDE ANTHONY BROOKS

Defendant Alpha-Centurion Security, Inc., by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, hereby moves this Honorable Court to Preclude Testimony of Anthony Brooks, and, in support thereof, aver as follows:

1.      Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn.

2.      On June 10, 2021, Plaintiff advised she "will be amending [her] Pre-Trial witness list to include Mr. Brooks." *See* E-mail Correspondence attached hereto as Exhibit A.

Case ID: 170300712
Control No.: 21062248

3.     Within the same correspondence, Plaintiff advises that she previously told the Roosevelt Inn Defendants of her intentions.

4.     This correspondence was the first notice to Moving Defendant of Plaintiff's intentions.

5.     Apparently, Mr. Brooks was recently deposed in connection with another matter involving the Roosevelt Defendants and Alpha-Centurion Security, Inc.

6.     The undersigned counsel received no notice of the deposition and was not in attendance.

7.     Plaintiff was aware of these facts, as well as the impending Trial of the instant matter.

8.     Mr. Brooks's testimony must be precluded.

9.     The Parties in this matter were required to file Amended Pre-Trial Memoranda by January 14, 2021.  A true and correct copy of the Court Supplemental Notice and Order for Pre-Trial Conference is attached hereto as Exhibit B.

10.     Plaintiff eventually filed her Amended Pre-Trial Memorandum on April 2, 2021. Anthony Brooks was not included as a Trial Witness.

11.     Nevertheless, just seven (7) days before jury selection, Plaintiff seeks to add Mr. Brooks as a Trial Witness. *See* Exhibit A.

12.     Plaintiff's failure to identify Mr. Brooks as a Trial Witness until one (1) week before jury selection is unacceptable and contrary to accepted and professional practice in this Commonwealth. *Sampathkumar v. Chase Home Fin.*, LLC, 241 A.3d 1122, 1142 (Pa. Super. 2020) ("Trial by ambush or surprise . . . is not favored in this Commonwealth.") (citations omitted); *Gregury v. Greguras,* 196 A.3d 619, 628 (Pa. Super. 2018) (explaining that one of the primary purposes of discovery is to prevent the surprise and unfairness of a trial by ambush).

Case ID: 170300712
Control No.: 21062248

13.     Plaintiff contends she advised the Roosevelt Inn Defendants' lawyer of her intention at Mr. Brooks's deposition.

14.     The undersigned, counsel for Moving Defendant, was not present during said conversation *or* at the deposition.

15.     Moving Defendant is therefore severely prejudiced by Plaintiff's late addition to her Trial Witnesses.

16.     It is believed that Mr. Brooks is currently incarcerated and that Plaintiff seeks to use Mr. Brooks's deposition testimony from another matter.

17.     Consequently, Mr. Brooks will be unavailable for Trial, and the undersigned will be unable to cross examine Mr. Brooks.

18.     This is clearly prejudicial to Moving Defendant.

19.     Moving Defendant further suspects that Mr. Brooks's testimony is otherwise objectionable based upon reasons set forth in its other Motions *in Limine*, such as those set forth in its Motion *in Limine* to Preclude Extraneous Criminal Activity, Control No. 21060447.

20.     Having not participated in Mr. Brooks's deposition, the full extent of the objectionable nature of his testimony is unknown.

Case ID: 170300712
Control No.: 21062248

WHEREFORE, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court preclude the testimony of Anthony Brooks at Trial.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 11, 2021

4

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:   Thomas P. Wagner, Esquire
Identification No.:   27145
BY:   Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.   208830               Alpha-Centurion Security, Inc.
BY:   Melanie J. Foreman, Esquire
Identification No.:   317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | |
|---|---|
| M.B. | :   PHILADELPHIA COUNTY |
| | :   COURT OF COMMON PLEAS |
| v. | : |
| | : |
| ROOSEVELT INN LLC | :   MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN* and | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | :   NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | :   <u>JURY TRIAL DEMANDED</u> |

---

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* OF DEFENDANT ALPHA-CENTURION SECURITY, INC. TO PRECLUDE ANTHONY BROOKS</u>

### I.    <u>MATTER BEFORE THE COURT</u>

Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. ("Moving Defendant") to

preclude introduction of testimony of Anthony Brooks at Trial.

Defendant is filing the instant Motion at its first opportunity in light of the fact that it only

learned of Plaintiff's intention to call Mr. Brooks as a Trial Witness a few hours ago.

### II.    <u>QUESTION PRESENTED</u>

Whether Plaintiff should be precluded from introducing the testimony of Anthony
Brooks at Trial, where Plaintiff failed to identify Mr. Brooks as a Trial Witness
until June 10, 2021, just one (1) week before jury selection.

*Suggested Answer:*          **YES.**

Case ID: 170300712
Control No.: 21062248

### III.    FACTS

Plaintiff M.B. alleges she was the victim of human trafficking at the Roosevelt Inn.  On June 10, 2021, Plaintiff advised she "will be amending [her] Pre-Trial witness list to include Mr. Brooks." *See* E-mail Correspondence attached hereto as Exhibit A.  Within the same correspondence, Plaintiff advises that she previously told the Roosevelt Inn Defendants of her intentions.  This correspondence was the first notice to Moving Defendant of Plaintiff's intentions.

Apparently, Mr. Brooks was recently deposed in connection with another matter involving the Roosevelt Defendants and Alpha-Centurion Security, Inc.  The undersigned counsel received no notice of the deposition and was not in attendance.  Plaintiff was aware of these facts, as well as the impending Trial of the instant matter.  Mr. Brooks's testimony must be precluded.

### IV.    ARGUMENT

The Parties in this matter were required to file Amended Pre-Trial Memoranda by January 14, 2021.  A true and correct copy of the Court Supplemental Notice and Order for Pre-Trial Conference is attached hereto as Exhibit B.  Plaintiff eventually filed her Amended Pre-Trial Memorandum on April 2, 2021.  Anthony Brooks was not included as a Trial Witness.  Nevertheless, just seven (7) days before jury selection, Plaintiff seeks to add Mr. Brooks as a Trial Witness.  *See* Exhibit A.  Plaintiff's failure to identify Mr. Brooks as a Trial Witness until one (1) week before jury selection is unacceptable and contrary to accepted and professional practice in this Commonwealth. *Sampathkumar v. Chase Home Fin.*, LLC, 241 A.3d 1122, 1142 (Pa. Super. 2020) ("Trial by ambush or surprise . . . is not favored in this Commonwealth.") (citations omitted); *Gregury v. Greguras*, 196 A.3d 619, 628 (Pa. Super. 2018) (explaining that

2

Case ID: 170300712
Control No.: 21062248

one of the primary purposes of discovery is to prevent the surprise and unfairness of a trial by ambush).

Plaintiff contends she advised the Roosevelt Inn Defendants' lawyer of her intention at Mr. Brooks's deposition. The undersigned, counsel for Moving Defendant, was not present during said conversation *or* at the deposition. Moving Defendant is therefore severely prejudiced by Plaintiff's late joinder. It is believed that Mr. Brooks is currently incarcerated and that Plaintiff seeks to use Mr. Brooks's deposition testimony from another matter. Consequently, Mr. Brooks will be unavailable for Trial, and the undersigned will be unable to cross examine Mr. Brooks. This is clearly prejudicial to Moving Defendant.

Moving Defendant further suspects that Mr. Brooks's testimony is otherwise objectionable based upon reasons set forth in its other Motions *in Limine,* such as those set forth in its Motion *in Limine* to Preclude Extraneous Criminal Activity, Control No. 21060447. Having not participated in Mr. Brooks's deposition, the full extent of the objectionable nature of his testimony is unknown.

## V.   **REQUESTED RELIEF**

For the foregoing reasons, Defendant Alpha-Centurion Security, Inc. respectfully requests that this Honorable Court grant its Motion *in Limine* and preclude the testimony of Anthony Brooks at Trial.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
　　　Thomas P. Wagner, Esquire
　　　Robert W. Stanko, Esquire
　　　Melanie J. Foreman, Esquire
　　　Attorneys for Defendant,
　　　Alpha-Centurion Security, Inc.

Dated: June 11, 2021

3

Case ID: 170300712
Control No.: 21062248

## CERTIFICATE OF SERVICE

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Motion *in Limine* of Defendant Alpha-Centurion Security, Inc. was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a***
***Roosevelt Inn and Roosevelt Inn Café,***
***Roosevelt Motor Inn, Inc. d/b/a Roosevelt***
***Motor Inn, UFVS Management Company,***
***LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN 47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

Dated: June 11, 2021

LEGAL/138956720.v1

Case ID: 170300712
Control No.: 21062248

# EXHIBIT "A"

Case ID: 170300712
Control No.: 21062248

| | |
|---|---|
| **From:** | Marks, Emily <emily.marks@klinespecter.com> |
| **Sent:** | Thursday, June 10, 2021 8:50 AM |
| **To:** | Byers, Justina; cmarion; Stanko, Robert W.; Foreman, Melanie J.; Eddy, Kevin M.; Wagner, Thomas P. |
| **Cc:** | Bezar, Nadeem |
| **Subject:** | Amended Pre-Trial |

**WARNING: This email originated outside MDWCG**
Dear Counsel,

As we advised Ms. Byers at the deposition of Anthony Brooks, we will be amending our Pre-Trial witness list to include Mr. Brooks.

Thank you,

*Emily B. Marks, Esq.*
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Direct Dial: 215.772.0524
Facsimile: 215.772.1005
www.klinespecter.com

Case ID: 170300712
Control No.: 21062248

# EXHIBIT "B"

Case ID: 170300712
Control No.: 21062248



### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION - CIVIL

| | |
|---|---|
| **B. ETAL** | **March Term 2017** |
| **VS** | **No. 00712** |
| **ROOSEVELT INN LLC ETAL** | |

## SUPPLEMENTAL NOTICE AND ORDER FOR PRE-TRIAL CONFERENCE

Pursuant to the Notice to the Bar published on November 25, 2020, the Court is planning for the resumption of in-person jury trials for matters in the Arbitration Appeal, Major Jury, Mass Tort and Commerce programs. Subject to public health guidance, the Court plans to resume in-person trials starting as of January 21, 2021.

This case was previously scheduled for trial in 2020, which did not occur due to the Covid-19 Judicial Emergency. Please take notice that this case has been listed for a Pretrial Conference using Zoom video conferencing services with the **Honorable Shelley Robins-New** on **Thursday, January 21, 2021, at 10:45 AM.**

It is mandatory that counsel who attends the Pretrial Conference has verified the availability of all witnesses and experts for trial from April 2021 through September 2021, as well as all trial counsel's scheduled attachments and vacations before attending the Pretrial Conference. Furthermore, all trial dates scheduled will not be rescheduled absent extraordinary or unforeseen circumstances. Questions concerning this Notice/Order should be directed to the appropriate program administrator at the phone number listed at the bottom of this Order.

## IT IS FURTHER ORDERED THAT:

1. A Pretrial Conference will be conducted using Advanced Communication Technology as follows:

Counsel may access the Pretrial Conference at:
https://zoom.us/j/93887487923?pwd=TWZnREZKNzNXK3BRYXo4R21aYlhPZz09.

**Meeting ID:** 938 8748 7923
**Passcode:** Q27f4%BHBr
One tap mobile
+12678310333,,93887487923#,,,,,,0#,,3667877485# US (Philadelphia)
8884754499,,93887487923#,,,,,,0#,,3667877485# US Toll-free

**Dial by your location**
+1 267 831 0333 US (Philadelphia)
888 475 4499 US Toll-free
877 853 5257 US Toll-free
Meeting ID: 938 8748 7923
Passcode: 3667877485

B. Etal Vs Roosevelt Inn Llc Etal-CLLPT



17030071200285

Case ID: 170300712
Control No.: 21062248

Counsel should anticipate a waiting period before their case is called for the Pretrial Conference. All counsel and participants must follow the Court's "Notice to the Bar" Policies and Protocols for Use of Advanced Communication Technology for Court Proceedings in Civil Matters (available http://www.courts.phila.gov/covid-19). Counsel shall provide a copy of this Notice to the Bar to each participant that they intend to invite to the proceeding.

Any participant who does not have access to Zoom technology may request leave of court to participate by audio only. Any participant joining by audio must email the phone number from which they will access the proceeding to email to Judge Robins-New at **robins-new.virtualcourtroom@courts.phila.gov** no less than one hour in advance of the proceeding.

Counsel and any self-represented party should join the Zoom proceeding at least 10 minutes prior to the start of the proceeding in case there are any technical difficulties. Counsel and any self-represented party are advised that if they are not in the Zoom waiting room at least 10 minutes prior to the start of the proceeding (or they have not otherwise contacted Chambers), they risk having the proceeding start in their absence.

Counsel and all self-represented parties must email Judge Robins-New at **robins-new.virtualcourtroom@courts.phila.gov** and provide cell phone numbers prior to the proceeding in the event of an unexpected technology interruption before or during the Zoom proceeding.

All persons are advised that in the event any person's Zoom visual connection fails, the audio function will continue, and the proceeding will continue as planned. Persons are further advised to participate in the proceeding by calling the toll free number in the event that any person's Zoom technology fails in its entirety.

2. Counsel for the plaintiff(s) / defendant(s) are directed to serve a copy of this Notice/Order on any attorney entering an appearance after the issuance of this Order.

3. Counsel shall submit a new Pretrial Memorandum only if the originally filed Pretrial Memorandum needs to be amended. Any such new Pretrial Memorandum shall be filed no later than seven (7) days in advance of the conference. All counsel shall electronically file with the Court and serve all counsel and/or opposing parties not electronically served by the Court a pre-trial settlement memorandum. To file the Pretrial Memorandum electronically, access the "Existing Case" section of the Court's electronic Filing System. Select "Conference Submissions" as the filing category. Select "Pretrial Memorandum" as the document type. A hard copy of the new Pretrial Memorandum shall be delivered to the Judge's chambers upon request.

4. If all parties agree this matter cannot be tried on or before September 2021, the Court will cancel the pretrial conference, and a mandatory settlement conference will be listed with a trial judge at a later date. Counsel shall notify Judge Robins-New of their agreement by sending an email to **robins-new.virtualcourtroom@courts.phila.gov** no later than 7 days before the Pretrial Conference.

5. Counsel appearing at the Pretrial Conference must be prepared to discuss all issues related to the trial of this matter.

6. Counsel must complete and file the attached Courtroom Occupancy Questionnaire no later than 7 days prior to the Pretrial Conference. Instructions on how and where to file this document appear on the Courtroom Occupancy Questionnaire.

7. At the conclusion of the Pretrial Conference, a Pretrial Order controlling the conduct of the trial may be entered. This Pretrial Order may identify with particularity, the witnesses each party will be permitted to call and the exhibits each party will be permitted to offer into evidence. The Pretrial Order may also set deadlines for the filing of Motions in Limine, Points for Charge, and Proposed Special Interrogatories.

8. At the conclusion of the Pretrial Conference, a trial date or trial month may be given. Counsel must be familiar with the calendars of all participants in their case from April 2021 through September 2021.

9. If this case settles prior to the Pretrial Conference, counsel must immediately electronically file a settlement letter. To file the letter electronically, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Settlement Letter" as the document type.

This Notice/Order is given under Rule 236.

BY THE COURT:

15-DEC-2020

**ROBINS-NEW, SHELLEY, J.**
*Judicial Team Leader*

Major Jury Program Administrators
2020 – Stephen Harvey – Rm. 535 CH. 215-686-4292
2019 – Felicia Brown – Rm. 237 CH – 215-686-3718
2018 & Back – Chris Forte – Rm. 535 CH – 215-686-3774

Case ID: 170300712
Control No.: 21062248

# COURTROOM OCCUPANCY QUESTIONNAIRE FOR IN-PERSON JURY TRIALS

Counsel must complete this questionnaire, which will assist the Court in identifying which courtroom(s) can be considered for the resumption of in-person jury trials. The fewer number of persons who are required to be physically present in the courtroom during trials, the more courtrooms will be available for trial assignment. Please note that all witnesses must be physically present in the courtroom to testify or be presented through deposition testimony pursuant to Pa.R.C.P. 4020; no witness may testify remotely via Zoom or any other advanced communication technology.

Counsel shall complete and submit this form no later than 5 days prior to the Pretrial Settlement Conference. The form should be filed as a separate submission via the Court's Electronic Filing System. To electronically file this form, access the "existing case" section in the Court's Electronic Filing System. Select "Conference Submissions" as the filing category. Select "Courtroom Occupancy Form" as the document type.

Counsel must submit this form as it pertains their party/case presentation only. Each party is to submit their own form.

*Case Caption & Case ID:* **B. ETAL VS ROOSEVELT INN LLC ETAL 170300712**

**SUBMITTING PARTY:**                           **SIGNATURE:**

COUNSEL ARE TO LIST ALL PERSONS THEY ARE REQUESTING TO BE PHYSICALLY PRESENT IN THE COURTROOM AT THE TIME OF TRIAL.

Number of Counsel*: _____

Number of Staff/Paralegal(s): _____

Number of Parties/Party Representative(s): _____

Number of Fact and Expert Witnesses**: _____

Number of Experts Required To Observe Other Witnesses : _____

Number of Audio/Visual Technicians***: _____

Number of Adjuster(s): _____

Number of Jurors****: _____

Number of Interpreters****: _____

Additional Information:

*Appropriate safety measures will be taken where social distancing cannot be accommodated (i.e. plexiglass at counsel tables).
**Only one witness will be in the courtroom at any time except expert witnesses specifically permitted by the trial judge to be in the courtroom during another witness's testimony.
***Due to courtroom capacity, counsel are strongly encouraged to share a single audio/visual technician.
****Due to Courtroom capacity, the parties are strongly encouraged to agree to 6 or 8 jurors.
*****Counsel are still required to submit an Interpreter Request form, available on the Court's website, www.courts.phila.gov

|                                                           |     |                                    |
|-----------------------------------------------------------|-----|------------------------------------|
| M.B., minor by her Guardian,                              | :   | IN THE COURT OF COMMON PLEAS       |
| William A. Calandra, Esquire,                             | :   | PHILADELPHIA COUNTY                |
|                                                           | :   |                                    |
| Plaintiff,                                                | :   | CIVIL ACTION – LAW                 |
|                                                           | :   |                                    |
| v.                                                        | :   | MARCH TERM, 2017                   |
|                                                           | :   | Civil Action No.: 00712            |
| ROOSEVELT INN LLC                                         | :   |                                    |
| d/b/a ROOSEVELT INN and                                   | :   |                                    |
| ROOSEVELT INN CAFÉ, et al.,                               | :   |                                    |
|                                                           | :   |                                    |
| Defendants.                                               | :   |                                    |
|                                                           | :   |                                    |
| v.                                                        | :   |                                    |
|                                                           | :   |                                    |
| DAIQUAN DAVIS AND ABDUL LOPEZ,                            | :   |                                    |
|                                                           | :   |                                    |
| Additional Defendants.                                    | :   |                                    |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor

Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's

Motion to Preclude and Exclude References to Alleged Trafficking Victims and any response

thereto, it is hereby ORDERED that said Motion is GRANTED.

At the trial in this matter, the parties shall be precluded from introducing evidence of or

referencing any alleged sex trafficking victims other than Plaintiff, including but not limited to

their identities, their trafficking experiences, their activities at the Roosevelt Inn, law

150213.00601/123337925v.1

Case ID: 170300712
Control No.: 21060521

enforcement activities related to their claims; and all documents related to them, including their

purported written statements.

**BY THE COURT:**

 

_____ J.

150213.00601/123337925v.1

Case ID: 170300712
Control No.: 21060521

**BLANK ROME LLP**
BY: Charles S. Marion. Esquire
Attorney I.D. No. 56509
Kevin M. Eddy, Esquire
Attorney I.D. No. 92904
Justina L. Byers, Esquire
Attorney I.D. No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn, UFVS*
*Management Company, LLC and Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | |
| v. | MARCH TERM, 2017 NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | JURY TRIAL DEMANDED |
| Defendants, | |
| v. | |
| DAIQUAN DAVIS and ABDUL LOPEZ | |
| Additional Defendants. | |

## MOTION TO PRECLUDE AND EXCLUDE REFERENCES TO ALLEGED TRAFFICKING VICTIMS

Case ID: 170300712
Control No.: 21060521

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (hereinafter collectively "the Roosevelt Defendants"), by and through their undersigned attorneys, hereby move the Court to enter an Order precluding any reference at trial to alleged victims of sex trafficking other than Plaintiff, including unauthenticated statements allegedly made by such persons. In support of this motion, the Roosevelt Defendants aver as follows:

1.     Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc. Plaintiff amended her Complaint multiple times. Her most recent Amended Complaint is based solely on claims of common law negligence.

2.     During the course of discovery, Plaintiff identified two men she alleges acted as her traffickers during the relevant time period. The Roosevelt Defendants joined the two men, Daiquan Davis ("Davis") and Abdul Lopez ("Lopez"), as Additional Defendants to this action. Both Davis and Lopez are in federal prison, serving sentences for sex trafficking.

3.     During the course of discovery in this litigation, Plaintiff produced photocopies of handwritten statements allegedly written by victims of sex trafficking, other than Plaintiff. The statements, designated by the initials of the purported witnesses, refer to the witnesses' alleged experiences at the Roosevelt Inn. It is not known whether the statements were handwritten by the signers or by someone else. Exhibit A, purported witness statements of A.G., K.R., K.S., B.H. and T.C.

150213.00601/123337925v.1

Case ID: 170300712
Control No.: 21060521

4. The identities of the persons making these statements are unknown to the Roosevelt Defendants.[1]

5. The statements do not purport to provide information regarding M.B. or her allegations. None of the witnesses claim to have been trafficked by Davis or Lopez.

6. In Plaintiff's most recent Amended Complaint, filed in November 2019, Plaintiff alleges she was trafficked at the Roosevelt for a period of months during 2014. None of the handwritten witness statements refer to alleged trafficking or prostitution in 2014. Rather, the persons purportedly providing the statements claim to have been at the Roosevelt Inn in 2012-2013 and 2016.

7. These so-called witness statements have no relevance to Plaintiff, her claims or her alleged traffickers and pertain to a different time period that that at issue in this case.

8. Because the statements provided by Plaintiff are hearsay, irrelevant and highly prejudicial, Plaintiff should be precluded from offering the statements as evidence at trial and should be precluded from offering any reference to any alleged trafficking victims other than Plaintiff, including but not limited to their identity, details of their victimization or trafficking experiences, their activities at the Roosevelt Inn, law enforcement investigations of their claims and all documents related to these subjects.

## **LEGAL ARGUMENT**

The Statements and Information Relating to Alleged Trafficking Victims Other than Plaintiff Are Not Relevant, are Highly Prejudicial and Are Inadmissible Hearsay

---

[1] Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn and UFVS Management Company, LLC have been named in separate actions by Plaintiff B.H. and K.R, *B.H. v. Roosevelt Inn, et al.* March 2019 Term, C.A. No. 003356 and *K.R. v. Roosevelt Inn, et al.*, November 2019 Term C.A. No. 00552, in which the identities of B.H. and K.R. have been disclosed.

3

Case ID: 170300712
Control No.: 21060521

**A.** <u>**Evidence Concerning Alleged Trafficking Victims is Not Relevant**</u>

9. Pennsylvania Rule of Evidence sets forth the standard for relevant evidence: "relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa. R. E. 401. If the evidence does not raise an inference concerning a fact of consequence in the litigation or does not tend to prove the fact that it is offered to prove, then such evidence is irrelevant, and evidence that is not relevant is not admissible at trial. Pa. R. E. 402.

10. The unauthenticated statements of unidentified, non-party alleged trafficking victims have no relevance to this litigation. They allege occurrences in different years, under different circumstances involving different persons than those at issue in the instant case. One of the "witnesses," K.S., claims she was present at the Roosevelt Inn in 2016, at least two years after Plaintiff claims she was trafficking at the Roosevelt Inn. A.G., K.R. and T.C. claim they were present at the Roosevelt in 2012 and 2013. None of the witnesses who purportedly provided these statements claims to have been at the Roosevelt Inn in 2014, as Plaintiff alleges. None of the witnesses who purportedly provided these statements claim to have been trafficked by Davis or Lopez. None of the statements references any knowledge of Plaintiff. As such, the information provided in the purported witness statements is not relevant to the matters in this litigation. If the statements are true, they provide no relevant information to Plaintiff's claims.

**B.** **Evidence Concerning Other Alleged Trafficking Victims Is Unfairly Prejudicial**

11. Pursuant to the Pennsylvania Rules of Evidence, even relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Pa. R. E. 403. In deciding an evidentiary issue, courts balance

4

Case ID: 170300712
Control No.: 21060521

the probative value of the evidence with the prejudicial impact the evidence could have on the party against whom it is offered. See Pa. R. E. 403; *Sprague v. Walter*, 656 A.2d 890, 909 (Pa. Super. 1995).

12.    The statements purportedly provided by alleged trafficking victims regarding the Roosevelt Inn do not provide probative value to these proceedings. They do, however, have the potential to unfairly prejudice the Roosevelt Defendants. The unauthenticated statements proffered by Plaintiff would be introduced as "evidence" of the Roosevelt Defendants' prior bad acts. Because of the highly prejudicial nature of character evidence, evidence of a party's prior acts is irrelevant and inadmissible. Pa. R. E. 404(b)(1) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to should action in conformity therewith." The exceptions to the rule, provided in Rule 404(b)(2), do not apply.

13.    Alleged observations of unrelated persons concerning activities at the Roosevelt Inn cannot be admitted into evidence to suggest that the Roosevelt Defendants conducted themselves in any manner during the relevant time period with respect to the relevant parties in this action. This is precisely the type of evidence that Rule 404 precludes. See *U.S. v. Morley*, 199 F.3d 129, 134 (3d Cir. 1999) (holding that admission of prior acts introduced to imply that defendant was guilty "merely because he had previously engaged in 'similar' impropriety … is the very evil that F.R.E. 404(b) seeks to prevent").

14.    Even if the Court found some probative value in testimony regarding the alleged experiences of non-parties at the Roosevelt Inn, this evidence must nonetheless be precluded pursuant to Rule 403. Such testimony is unfairly prejudicial because it may mislead the jury to conclude that the Roosevelt Defendants were negligent as to Plaintiff.

5

Case ID: 170300712
Control No.: 21060521

15.     Decisions on admissibility are within the sound discretion of the trial court.  *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 391 (Pa. Super. 2015) (citing *Phillips v. Lock*, 86 A.3d 906, 920 (Pa. Super. 2014)).  See also *Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa. 2015); *Sprague v. Walter*, 656 A.2d 890, 909 (Pa. Super. 1995).  The instant litigation is not the appropriate forum to dissect criminal cases involving alleged trafficking victims completely unconnected to Plaintiff and alleged traffickers other than Davis and Lopez, conducting a trial within the trial for each non-party alleged victim and trafficker, which would be necessary if the alleged victims' statements were to be considered.   Evidence of the conduct of unidentified, non-party alleged victims and traffickers would be not only prejudicial to defendants but would also be misleading to the jury, confusing the issues and evidence the jury needs to consider.  "[I]t is the duty of the trial judge, . . . to determine whether evidence . . . .may [] be excluded because its general effect on the trial will be to confuse the issue by distracting the attention of the jury from the primary to collateral issues." *Geesey v. Albee Pa. Homes, Inc.*, 235 A.2d 176, 180 (Pa. Super. 19967); *Commonwealth v. Hicks,* 91 A.3d 47, 54 (Pa. 2014) (noting Rule 403's balancing inquiry is "fact and context-specific").

16.     Examining the cases of other victims and other traffickers within the trial of M.B. will not only confuse and mislead the jury but will also be a waste of valuable trial time and cause undue delay in these proceedings.  Rule of Evidence 403 permits the court to exclude evidence on these very grounds.

17.     Testimony by any witness concerning alleged acts or omissions of the Roosevelt Defendants on occasions other than those raised by Plaintiff's Complaint is irrelevant, improper character evidence, highly prejudicial, and must be precluded.

6

150213.00601/123337925v.1

Case ID: 170300712
Control No.: 21060521

**C.** **Statements of Non-Party Alleged Trafficking Victims Are Inadmissible Hearsay**

18.     The unauthenticated written statements of unidentified alleged trafficking victims are inadmissible hearsay. "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement." *Commonwealth v. Begley*, 780 A.2d 605, 623 (Pa. 2001); Pa. R. E. 801. A hearsay statement is inadmissible unless it falls into one of the enumerated exceptions set forth in the Pennsylvania Rules of Evidence. See Pa. R. E. 802. None of the exceptions set forth in P. R. E. 803 applies to unauthenticated, handwritten statements made by unidentified, absent non-parties.

In addition, the statements Plaintiff proffers of alleged trafficking victims are not authenticated and as such, cannot be admitted into evidence. Pennsylvania Rule of Evidence 901 requires authentication:

> Unless stipulated, to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

19.     Not only are the statements hearsay, the identity of the would-be declarants is not known. Pursuant to Pa. R. Civ. P. 212.2(a)(3), a party must list the names and addresses of all persons who may be called as witnesses in her pretrial statement. Pursuant to Rule 212.2, the trial judge may preclude any witness whose identity has not been disclosed in a pretrial statement. Pa. R. Civ. P. 212.2(c)(1)(i).

20.     For the foregoing reasons, the Court should exclude all information regarding any alleged trafficking victims, including any evidence disclosing: their identities, details relating to their trafficking experiences, their activities at the Roosevelt Inn, law enforcement activities related to their claims; and all documents related to them, including their purported statements.

7

Case ID: 170300712
Control No.: 21060521

WHEREFORE, the Roosevelt Defendants respectfully request this Court enter the attached Order to Preclude the admission of any evidence pertaining to alleged trafficking victims other than Plaintiff and all documents related thereto, including purported statements.

**BLANK ROME LLP**

Dated:  June 2, 2021

*/s/ Charles S. Marion*
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn,*
*Inc. d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

8

Case ID: 170300712
Control No.: 21060521

**BLANK ROME LLP**
BY: Charles S. Marion. Esquire
Attorney I.D. No. 56509
Kevin M. Eddy, Esquire
Attorney I.D. No. 92904
Justina L. Byers, Esquire
Attorney I.D. No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn, UFVS*
*Management Company, LLC and Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 |
| v. | : : | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : : | |
| Additional Defendants. | : : | |

**DEFENDANTS ROOSEVELT INN LLC, ET AL.'S MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO PRECLUDE AND EXCLUDE REFERENCES TO
ALLEGED TRAFFICKING VICTIMS**

Case ID: 170300712
Control No.: 21060521

## I. MATTER BEFORE THE COURT

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel (hereinafter collectively "the Roosevelt Defendants"), by their undersigned attorneys, hereby file this memorandum of law in support of their motion to preclude any reference at trial to alleged sex victims of sex trafficking other than Plaintiff M.B., including unauthenticated statements allegedly made by such persons (the "Motion).

## II. QUESTION INVOLVED

Should the Court grant the Motion of the Roosevelt Defendants and preclude all reference at trial to other alleged sex trafficking victims?

Suggested answer: Yes.

The Roosevelt Defendants anticipate that Plaintiff will attempt to introduce evidence at trial relating to alleged sex trafficking victims other than Plaintiff, including written statements allegedly prepared by such persons. Such evidence-which involves circumstances entirely different from those of the instant litigation – is not relevant to this case. The evidence is also highly prejudicial and constitutes inadmissible hearsay.

## III. FACTUAL BACKGROUND

Plaintiff commenced this civil action on March 10, 2017, alleging violations of Pennsylvania's Human Trafficking Law and asserting negligence claims against the Roosevelt Defendants and Alpha-Centurion Security, Inc. In her Complaint, Plaintiff alleges that from 2013 through 2014, she was "recruited, enticed, solicited, harbored, and/or transported to engage in commercial sex acts" on the Roosevelt Defendants' premises on a "regular, consistent and/or repeated basis." Plaintiff amended her Complaint several times. Her last Amended Complaint

150213.00601/123337925v.1

Case ID: 170300712
Control No.: 21060521

includes solely claims of negligence against the Roosevelt Inn and her factual allegations narrow the time period in which she was alleged trafficked at the Roosevelt Inn to a limited period in the first half of 2014. In discovery, Plaintiff disclosed the names of her alleged traffickers – Daiquan Davis and Abdul Lopez.

Plaintiff produced in discovery handwritten statements allegedly provided by other individuals purportedly with knowledge of commercial sex activity at the Roosevelt Inn. The statements were purportedly provided by females, identified by their initials, who allegedly had been victims of sex trafficking at the Roosevelt Inn.

The so-called statements – given by K.S., A.G., T.C., B.H and K.R. reference experiences at the Roosevelt Inn *in different years, under different circumstances and involving different persons* than those at issue in the instant case. One of the "witnesses," K.S., claims in her "statement" that she was present at the Roosevelt Inn in 2016, at least two years after Plaintiff claims she was trafficking at the Roosevelt Inn. The three others -- A.G., K.R. and T.C. -- claim they were present at the Roosevelt in 2012 and 2013, before M.B. None of the witnesses who purportedly provided these statements claims to have been at the Roosevelt Inn during the relevant time period, in the first half of 2014. None of the witnesses who purportedly provided these statements claims to have been trafficked by Davis or Lopez. As such, the information provided in the purported witness statements is not relevant to the matters in this litigation. If the statements are true, they provide no information relevant to Plaintiff's claims.

## IV. ARGUMENT

### A. Information Pertaining to Other Alleged Sex Trafficking Victims Is not Relevant

Information pertaining to alleged victims of sex trafficking other than M.B. is not relevant to Plaintiff's claims in this case. Plaintiff has proffered statements of unidentified



Case ID: 170300712
Control No.: 21060521

females in which they claim they were trafficked at the Roosevelt Inn, all in different years than the time period relevant to Plaintiff's claims. These so-called witnesses do not claim to know of Plaintiff or her alleged experiences, nor do they claim to have knowledge of her alleged traffickers. Rather, their "statements" reference their own alleged experiences at the Roosevelt Inn in 2012-2013 and 2016, two years before and two years after, respectively, the relevant time period of Plaintiff's claims.

Pennsylvania Rule of Evidence sets forth the standard for relevant evidence: "relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa. R. E. 401. If the evidence does not raise an inference concerning a fact of consequence in the litigation or does not tend to prove the fact that it is offered to prove, then such evidence is irrelevant, and evidence that is not relevant is not admissible at trial. Pa. R. E. 402. Here, Plaintiff seeks to admit evidence related to two convicted felons, who were both in federal custody before the events giving rise to her claims took place. The information pertaining to the experiences of other individuals, and the statements they purportedly made, will be offered by Plaintiff as evidence of the acts or failure to act on the part of the Roosevelt Defendants. But such evidence is clearly not relevant. Information regarding or statements from other alleged trafficking victims, who were not identified by Plaintiff as being witness to her experiences and whom Plaintiff never encountered are not relevant to Plaintiff's claims against the Roosevelt Defendants and should be excluded.

**B.  Evidence at Trial of Other Alleged Victims Would Be Unfairly Prejudicial to the Roosevelt Defendants**

Pursuant to the Pennsylvania Rules of Evidence, even relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or

4

Case ID: 170300712
Control No.: 21060521

misleading the jury, undue delay or wasting time. Pa. R. E. 403. The Court must balance the probative value with the prejudicial impact the proffered evidence could have against whom it is offered. See Pa. R. E. 403; *Sprague v. Walter*, 656 A.2d 890, 909 (Pa. Super. 1995).

Here, the statements, actions, and experiences relating to other alleged sex trafficking victims – having no connection to Plaintiff, her alleged traffickers or events of the relevant time frame -- provide no probative value to these proceedings, while they clearly have the potential to unfairly prejudice the Roosevelt Defendants. The association of the Roosevelt Defendants to other alleged sex trafficking would be offered merely to prejudice the jury against the Roosevelt Defendants. As discussed above, such evidence is not relevant to Plaintiff's claims but would be offered merely as part of Plaintiff's smear campaign against the Roosevelt Defendants. The probative v. prejudicial balance clearly tips in favor of excluding any evidence related to the other traffickers.

Moreover, since the information pertaining to the other alleged trafficking will surely be challenged by defendants, along with the credibility of the witnesses to such claims, the court will become a forum for trials within trials to examine each the circumstances of the other alleged victims, their traffickers and their claims. The mini trials on such collateral issues will be a waste of the court's time and cause undue delay in the adjudication of the matters truly at issue in the instant case. Rule of Evidence 403 mandates that in such cases, even relevant information should be excluded.

C. **Evidence of Prior Bad Acts Is Inadmissible**

In addition to being irrelevant and unduly prejudicial, evidence related to the alleged trafficking of females having no connection to Plaintiff and her claims would be introduced merely to suggest prior bad acts on the part of the Roosevelt Defendants. Because of the highly

5

Case ID: 170300712
Control No.: 21060521

prejudicial nature of such evidence, information pertaining to or suggesting a party's prior bad acts is inadmissible. Rule 404(b)(1) of the Pennsylvania Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to should action in conformity therewith." The exceptions to the rule, provided in Rule 404(b)(2), do not apply here.

Accordingly, Plaintiff may not offer evidence of non-party, unrelated actors or their alleged observations relating to other time periods to suggest that the Roosevelt Defendants conducted themselves in a certain manner *as to Plaintiff* and during the relevant time period in this action. This is precisely the type of evidence that Rule 404 precludes. See *U.S. v. Morley*, 199 F.3d 129, 134 (3d Cir. 1999) (holding that admission of prior acts introduced to imply that defendant was guilty "merely because he had previously engaged in 'similar' impropriety ... is the very evil that [the equivalent] F.R.E. 404(b) seeks to prevent").

### D. The Purported Statements of A.G., K.S., T.C. and K.R. are Inadmissible Hearsay

The "statements" of A.G., K.S., T.C. and K.R. that Plaintiff will seek to admit into evidence are unauthenticated hearsay. "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement." *Commonwealth v. Begley*, 780 A.2d 605, 623 (Pa. 2001); Pa. R. E. 801. A hearsay statement is inadmissible unless it falls into one of the enumerated exceptions set forth in the Pennsylvania Rules of Evidence. See Pa. R. E. 802. None of the exceptions set forth in P. R. E. 803 applies to unauthenticated handwritten statements made by absent non-parties A.G., K.S., T.C., B.H. and K.R. Accordingly, they must be excluded.

6

Case ID: 170300712
Control No.: 21060521

In addition, the statements Plaintiff proffers of alleged trafficking victims are not authenticated and as such, cannot be admitted into evidence. Pennsylvania Rule of Evidence 901 requires authentication:

> Unless stipulated, to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

Pa. R. E. 901.

Additionally, the identities of the would-be declarants of these statements have not been disclosed and are unknown to the Roosevelt Defendants. Rule 212.2(a)(3) of the Pennsylvania Rules of Civil Procedure require a party to list the names and addresses of all persons who may be called as witnesses in her pretrial statement. The trial judge may preclude any witness whose identity has not been disclosed in a pretrial statement. Pa. R. Civ. P. 212.2(c)(1)(i).

This Court has the discretion to exclude evidence that:

- is irrelevant;

- pertains to prior bad acts and is offered merely to sully a defendant's character;

- has no probative value but would be unfairly prejudicial, confusing, misleading, will cause undue delay and waste time; and

- is inadmissible hearsay; and

- is offered by unidentified witnesses.

All of the above bases for exclusion are present here and require that all reference to and information pertaining to any alleged victims of trafficking other than Plaintiff be excluded.

## V.  RELIEF REQUESTED

Pursuant to Pennsylvania Rules of Evidence 401, 402, 403, 404, 801, 901 and Pa. R. Civ. P. 212.2(c)(1)(i), the Roosevelt Defendants respectfully request this Court enter the attached

7

Case ID: 170300712
Control No.: 21060521

Order Excluding all references to alleged victims of sex trafficking, other than Plaintiff, including their identities, their trafficking experiences, their activities at the Roosevelt Inn, law enforcement activities related to their claims; and all documents related to them, including their purported written statements.

**BLANK ROME LLP**

Dated: June 2, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn,*
*Inc. d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

8

Case ID: 170300712
Control No.: 21060521

# CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby certify that, on this 2nd day of June 2021, I caused a true and correct copy of the foregoing Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Exclude Evidence and accompanying memorandum of law to be served via the Court's electronic filing system and/or electronic mail and/or First Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Case ID: 170300712
Control No.: 21060521

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN  47808

*Additional Defendant*

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

*/s/ Justina L. Byers*
JUSTINA L. BYERS

150213.00601/123337925v.1

Case ID: 170300712
Control No.: 21060521