# EXHIBIT 15

# Docket Report

**Case Description**

| | |
|---|---|
| **Case ID:** | 170300712 |
| **Case Caption:** | B. ETAL VS ROOSEVELT INN LLC ETAL |
| **Filing Date:** | Friday , March 10th, 2017 |
| **Location:** | CH - City Hall |
| **Case Type:** | 2O - PERSONAL INJURY - OTHER |
| **Status:** | CLDBR - DEFERRED - BANKRUPTCY |

| | | | |
|---|---|---|---|
| 11-JUN-2021 10:47 AM | JOINM - JOINDER-MOTION/PETITION FILED | EDDY, KEVIN M | 11-JUN-2021 10:53 AM |

**Documents:** Roosevelt Joinder and Response ISO Alpha MIL Re Davis Letter.pdf
Motion CoverSheet Form

**Docket Entry:** 11-21062211 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 11-JUN-2021 11:24 AM | REPLM - MOTION/PETITION REPLY FILED | BYERS MS., JUSTINA L | 11-JUN-2021 11:27 AM |

**Documents:** Roosevelt Partial Joinder and Partial Opposition Response to Alpha MIL re Inadmissible Hearsay.pdf
Motion CoverSheet Form

**Docket Entry:** 91-21060291 REPLY IN OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 11-JUN-2021 11:39 AM | REPLM - MOTION/PETITION REPLY FILED | BYERS MS., JUSTINA L | 11-JUN-2021 11:42 AM |

**Documents:** Roosevelt Joins and Opposes in Part to Alpha MIL Re Extraneous Criminal Activit.pdf
Motion CoverSheet Form

**Docket Entry:** 47-21060447 REPLY IN OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 11-JUN-2021 02:31 PM | MTANS - ANSWER (MOTION/PETITION) FILED | EDDY, KEVIN M | 11-JUN-2021 02:36 PM |

**Documents:** Roosevelt Defendnats Response in Opposition to PLFFs MIL re PAHTL.pdf
Exhibits to Response to Pltf MIL re PAHTL - Redacted.pdf
Response to Pltf MIL re PAHTL Exhibits - Unredacted.pdf
Roosevelt Defendnats Response in Opposition to PLFFs MIL re PAHTL.pdf
Exhibits to Response to Pltf MIL re PAHTL - Redacted.pdf
Response to Pltf MIL re PAHTL Exhibits - Unredacted.pdf

Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 09-21060209 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 11-JUN-2021 02:41 PM | MTANS - ANSWER (MOTION/PETITION) FILED | EDDY, KEVIN M | 11-JUN-2021 02:47 PM |

**Documents:** Response to Pltf MIL re MBs Parents.pdf
Response to Pltf MIL re MBs Parents EXHIBITS - Redacted.pdf
Response to Pltf MIL re MBs Parents EXHIBITS - Confidential Unredacted.pdf
Response to Pltf MIL re MBs Parents.pdf
Response to Pltf MIL re MBs Parents EXHIBITS - Redacted.pdf
Response to Pltf MIL re MBs Parents EXHIBITS - Confidential Unredacted.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 31-21060531 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 11-JUN-2021 02:54 PM | BREFM - MOTION/PETITION BRIEF FILED | EDDY, KEVIN M | 11-JUN-2021 02:58 PM |

**Documents:** Response to Pltf MIL re consent.pdf
Exhibits to Response to pltf MIL re consent - Redacted.pdf
Exhibits to Response to pltf MIL re consent - Confidential Unredacted.pdf
Response to Pltf MIL re consent.pdf
Exhibits to Response to pltf MIL re consent - Redacted.pdf
Exhibits to Response to pltf MIL re consent - Confidential Unredacted.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 69-21060469 BRIEF IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| | | | |
|---|---|---|---|
| 11-JUN-2021 03:09 PM | JOINM - JOINDER-MOTION/PETITION FILED | EDDY, KEVIN M | 11-JUN-2021 03:11 PM |

**Documents:** Exhibits to Response to Alpha MIL re Brooks - Confidential Unredacted.pdf
Exhibits to Response to Alpha MIL re Brooks - Redacted.pdf
Exhibits to Response to Alpha MIL re Brooks - Confidential Unredacted.pdf
Roosevelt Joinder and Response to Alpha MIL re Brooks.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 48-21062248 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 11-JUN-2021<br>03:24 PM | MTANS - ANSWER (MOTION/PETITION)<br>FILED | EDDY, KEVIN M | 11-JUN-2021<br>03:49 PM |

**Documents:** Roosevelt Response in Opposition to Pltf MIL RE Social Media - Confidential Unredacted.pdf
Exhibits to Response to Pltf MIL re social media - Confidential Unredacted.pdf
Roosevelt Response In Opposition to Pltf MIL Re Social Media - Redacted.pdf
Exhibits to Response to Pltf MIL re social media - Redacted.pdf
Roosevelt Response in Opposition to Pltf MIL RE Social Media - Confidential Unredacted.pdf
Exhibits to Response to Pltf MIL re social media - Confidential Unredacted.pdf
Roosevelt Response In Opposition to Pltf MIL Re Social Media - Redacted.pdf
Exhibits to Response to Pltf MIL re social media - Redacted.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 75-21060775 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 11-JUN-2021<br>03:38 PM | JOINM - JOINDER-MOTION/PETITION<br>FILED | BYERS MS.,<br>JUSTINA L | 11-JUN-2021<br>04:01 PM |

**Documents:** Response to Joinder to Alpha Opp to MIL re Unfounded Reports of Maltreatment.pdf
Motion CoverSheet Form

**Docket Entry:** 23-21060523 JOINDER TO ANSWER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 11-JUN-2021<br>03:44 PM | MTANS - ANSWER (MOTION/PETITION)<br>FILED | BYERS MS.,<br>JUSTINA L | 11-JUN-2021<br>04:02 PM |

**Documents:** Response to Pltf MIL as to opinions re other hotels.pdf
Motion CoverSheet Form

**Docket Entry:** 08-21060208 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 11-JUN-2021<br>03:48 PM | MTANS - ANSWER (MOTION/PETITION)<br>FILED | BYERS MS.,<br>JUSTINA L | 11-JUN-2021<br>04:21 PM |

**Documents:** Response to Pltf MIL cumulative liability testimony.pdf
Motion CoverSheet Form

**Docket Entry:** 04-21060404 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 11-JUN-2021<br>03:51 PM | MTANS - ANSWER (MOTION/PETITION)<br>FILED | BYERS MS.,<br>JUSTINA L | 11-JUN-2021<br>04:27 PM |

**Documents:** [Response to Pltf MIL re Bolstering Reputation.pdf](#)
[Exhibits to Response to Pltf MIL re Bolstering Reputation.pdf](#)
[Motion CoverSheet Form](#)

**Docket Entry:** 00-21060200 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 11-JUN-2021 04:24 PM | MTANS - ANSWER (MOTION/PETITION) FILED | EDDY, KEVIN M | 11-JUN-2021 04:33 PM |
|---|---|---|---|

**Documents:** [Exhibits to Response to Pltf MIL re sex trafficking-force, fraud, coercion - Confidential Unredacted.pdf](#)
[Exhibits to Response to Pltf MIL re sex trafficking-force fraud coercion - Redacted.pdf](#)
[Exhibits to Response to Pltf MIL re sex trafficking-force, fraud, coercion - Confidential Unredacted.pdf](#)
[Roosevelt Opposition Response to Pltf MIL re sex Trafficking-force, fraud, coercion.pdf](#)
[Motion CoverSheet Form](#)
[Confidential Document Form](#)

**Docket Entry:** 04-21060204 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 11-JUN-2021 04:25 PM | JOINM - JOINDER-MOTION/PETITION FILED | BYERS MS., JUSTINA L | 11-JUN-2021 04:34 PM |
|---|---|---|---|

**Documents:** [Response to Joinder to Alpha Opp to MIL re Opinion re Sexual Maturity, Intellectual Challenges.pdf](#)
[Motion CoverSheet Form](#)

**Docket Entry:** 55-21060455 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 11-JUN-2021 04:31 PM | MTANS - ANSWER (MOTION/PETITION) FILED | EDDY, KEVIN M | 11-JUN-2021 04:34 PM |
|---|---|---|---|

**Documents:** [Exhibits to Response to Plft MIL Fourth Amendment - Confidential Unredacted.pdf](#)
[Exhibits to Response to Plft MIL Fourth Amendment - Redacted.pdf](#)
[Exhibits to Response to Plft MIL Fourth Amendment - Confidential Unredacted.pdf](#)
[Roosevelt Response in Opposition to Pltf MIL Fourth Amendment.pdf](#)
[Motion CoverSheet Form](#)
[Confidential Document Form](#)

**Docket Entry:** 33-21060433 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

| 11-JUN-2021 04:38 PM | JOINM - JOINDER-MOTION/PETITION FILED | EDDY, KEVIN M | 11-JUN-2021 04:50 PM |
|---|---|---|---|

**Documents:** [Roosevelt Joinder to Alpha Opposition to MIL Re Past Sexual History.pdf](#)
[Motion CoverSheet Form](#)

| **Docket Entry:** | 56-21060656 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC) |

| 11-JUN-2021 05:00 PM | MTANS - ANSWER (MOTION/PETITION) FILED | BYERS MS., JUSTINA L | 14-JUN-2021 08:29 AM |

**Documents:** Exhibits to Response to Pltf MIL re province of jury-credibility - Confidential Unredacted.pdf
Exhibits to Response to Pltf MIL re province of jury-credibility - Redacted.pdf
Exhibits to Response to Pltf MIL re province of jury-credibility - Confidential Unredacted.pdf
Roosevelt Response in Opposition to Pltf MIL re Province of jury-credibility.pdf
Motion CoverSheet Form
Confidential Document Form

| **Docket Entry:** | 97-21060197 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC) |

| 11-JUN-2021 05:06 PM | JOINM - JOINDER-MOTION/PETITION FILED | BYERS MS., JUSTINA L | 14-JUN-2021 08:29 AM |

**Documents:** Roosevelt Joinder ISO Alpha Opposition MIL Re Speculative Opinion of Dr. Ziv.pdf
Motion CoverSheet Form

| **Docket Entry:** | 37-21060437 JOINDER TO MOTION IN LIMINE FILED. (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC) |

| 13-JUN-2021 01:55 PM | MTANS - ANSWER (MOTION/PETITION) FILED | MARKS, EMILY B | 14-JUN-2021 08:32 AM |

**Documents:** Pltfs Resp to Alpha -Preclude Hudak - Confidential Exhibits.pdf
Pltfs Resp to Alpha -Preclude Hudak.pdf
Motion CoverSheet Form
Confidential Document Form

| **Docket Entry:** | 64-21060464 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF M. B.) |

| 13-JUN-2021 03:22 PM | MTANS - ANSWER (MOTION/PETITION) FILED | MARKS, EMILY B | 14-JUN-2021 08:32 AM |

**Documents:** Pltf Resp to Preclude Hudak (Roosevelt).pdf
Pltf Resp to Preclude Hudak (Roosevelt) - Confidential Exhibits.pdf
Motion CoverSheet Form
Confidential Document Form

| **Docket Entry:** | 22-21060522 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF M. B.) |

| | |
|---|---|
| M.B., minor by her Guardian, | : IN THE COURT OF COMMON PLEAS |
| William A. Calandra, Esquire, | : PHILADELPHIA COUNTY |
| | : |
| Plaintiff, | : CIVIL ACTION – LAW |
| | : |
| v. | : MARCH TERM, 2017 |
| | : Civil Action No.: 00712 |
| ROOSEVELT INN LLC | : |
| d/b/a ROOSEVELT INN and | : |
| ROOSEVELT INN CAFÉ, et al., | : |
| | : |
| Defendants. | : |
| | : |
| v. | : |
| | : |
| DAIQUAN DAVIS AND ABDUL LOPEZ, | : |
| | : |
| Additional Defendants. | : |
| | : |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff's

Motion in Limine to Preclude Opinions, Testimony or Argument as to Plaintiff's "Sexual

Maturity" and Intellectual Challenges, and responses thereto, it is hereby **ORDERED** and

**DECREED** that said Motion is **DENIED.** Defendants **SHALL NOT BE PRECLUDED** from

offering testimony or opinions as to the physical appearance and sexual maturity of Plaintiff and

intellectual challenges of Plaintiff.

BY THE COURT:

_____

J.

Case ID: 170300712
Control No.: 21060455

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
       keddy@blankrome.com
       byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

---

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 NO.: 00712 |
| v. | : : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : : | |

---

Case ID: 170300712
Control No.: 21060455

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S JOINDER IN SUPPORT OF THE RESPONSE OF ALPHA-CENTURION SECURITY, INC. TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE OPINIONS REGARDING PLAINTIFF'S SEXUAL MATURITY AND INTELLECTUAL CHALLENGES**

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby join the Response in Opposition of Alpha-Centurion Security, Inc. to Plaintiff's Motion in Limine to Preclude Opinions Regarding Plaintiff's Sexual Maturity and Intellectual Challenges, filed on June 11, 2021 at Control no. 210455 and in support thereof, avers as follows:

The Roosevelt Defendants hereby incorporate by reference Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude Opinions Regarding Plaintiff's Sexual Maturity and Intellectual Challenges, and supporting Memorandum of Law, as if fully set forth at length herein.

**WHEREFORE,** Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Defendant Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude Opinions Regarding Plaintiff's Sexual Maturity and Intellectual Challenges and respectfully request that this Honorable Court enter an Order in the form attached hereto.

2

Case ID: 170300712
Control No.: 21060455

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060455

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>               Plaintiff,<br><br>      v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>               Defendants,<br><br>      v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>          Additional Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

Case ID: 170300712
Control No.: 21060455

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S JOINDER TO ALPHA-CENTURION SECURITY, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE OPINIONS REGARDING PLAINTIFF'S SEXUAL MATURITY AND INTELLECTUAL CHALLENGES

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby submit the following Memorandum of Law in Support of their Joinder to Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude Opinions Regarding Plaintiff's Sexual Maturity and Intellectual Challenges, filed on June 11, 2021 at Control no. 21060455.

The Roosevelt Defendants hereby join and incorporate by reference Defendant Alpha-Centurion Security, Inc.'s Response in Opposition to said Motion and supporting Memorandum of Law, as if fully set forth at length herein.

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude Opinions Regarding Plaintiff's Sexual Maturity and Intellectual Challenges and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

2

Case ID: 170300712
Control No.: 21060455

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
      keddy@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060455

# CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Joinder to the Response in Opposition of Alpha-Centurion Security, Inc. to Plaintiff's Motion in Limine to Preclude Opinions Regarding Plaintiff's Sexual Maturity and Intellectual Challenges were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN  47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060455

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*


_/s/ Justina L. Byers_
JUSTINA L. BYERS

150213.00601/126130243v.1

Case ID: 170300712
Control No.: 21060455

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff, | CIVIL ACTION – LAW |
| v. | MARCH TERM, 2017<br>Civil Action No.: 00712 |
| ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al., | |
| Defendants. | |
| v. | |
| DAIQUAN DAVIS AND ABDUL LOPEZ, | |
| Additional Defendants. | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff's

Motion in Limine to Preclude Testimony, Argument or Opinion Regarding "Unfounded" Reports

of Maltreatment, and responses thereto, it is hereby **ORDERED** and **DECREED** that said

Motion is **DENIED.** Defendants **SHALL NOT BE PRECLUDED** from offering testimony,

argument or opinions regarding reports of maltreatment relating to Plaintiff's parents.

BY THE COURT:

_____
J.

Case ID: 170300712
Control No.: 21060523

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
         keddy@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>Plaintiff,<br><br>v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>Defendants,<br><br>v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT
MOTOR INN, INC., UFVS MANAGEMENT COMPANY
AND YAGNA PATEL'S JOINDER IN SUPPORT OF THE RESPONSE OF
ALPHA-CENTURION SECURITY, INC. TO PLAINTIFF'S MOTION IN
LIMINE TO PRECLUDE TESTIMONY, ARGUMENT OR OPINION
<u>REGARDING "UNFOUNDED" REPORTS OF MALTREATMENT</u>**

Case ID: 170300712
Control No.: 21060523

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby join the Response in Opposition of Alpha-Centurion Security, Inc. to Plaintiff's Motion in Limine to Preclude Testimony, Argument or Opinion Regarding "Unfounded" Reports of Maltreatment, filed on June 11, 2021 at Control no. 21060523, and in support thereof, avers as follows:

The Roosevelt Defendants hereby incorporate by reference Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude Testimony, Argument or Opinion Regarding "Unfounded" Reports of Maltreatment, and supporting Memorandum of Law, as if fully set forth at length herein.

**WHEREFORE,** Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Defendant Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude Testimony, Argument or Opinion Regarding "Unfounded" Reports of Maltreatment and respectfully request that this Honorable Court enter an Order in the form attached hereto.

150213.00601/126134660v.1

Case ID: 170300712
Control No.: 21060523

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060523

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
         keddy@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>Plaintiff,<br><br>v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>Defendants,<br><br>v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>Additional Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

Case ID: 170300712
Control No.: 21060523

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
JOINDER TO ALPHA-CENTURION
SECURITY, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE TO PRECLUDE TESTIMONY, ARGUMENT OR
OPINION REGARDING "UNFOUNDED" REPORTS OF MALTREATMENT**

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel

(collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP,

hereby submit the following Memorandum of Law in Support of their Joinder to Alpha-

Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude

Testimony, Argument or Opinion Regarding "Unfounded" Reports of Maltreatment, filed on

June 11, 2021 at Control no. 21060523.

The Roosevelt Defendants hereby join and incorporate by reference Defendant Alpha-

Centurion Security, Inc.'s Response in Opposition to said Motion and supporting Memorandum

of Law, as if fully set forth at length herein.

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and

Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management

Company and Yagna Patel join in Alpha-Centurion Security, Inc.'s Response in Opposition to

Plaintiff's Motion in Limine to Preclude Testimony, Argument or Opinion Regarding

"Unfounded" Reports of Maltreatment and respectfully request that this Honorable Court enter

an Order substantially in the form attached hereto.

150213.00601/126134660v.1

Case ID: 170300712
Control No.: 21060523

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060523

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Joinder to the Response in Opposition of Alpha-Centurion Security, Inc. to the Motion in Limine to Preclude Testimony, Argument or Opinion Regarding "Unfounded" Reports of Maltreatment were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060523

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ Justina L. Byers
JUSTINA L. BYERS

150213.00601/126134660v.1

Case ID: 170300712
Control No.: 21060523

M.B., minor by her Guardian,                    :
William A. Calandra, Esquire,                    :       IN THE COURT OF COMMON PLEAS
                                                 :       PHILADELPHIA COUNTY
                        Plaintiff,               :
                                                 :       MARCH TERM, 2017
              v.                                 :
                                                 :       Civil Action No.:  00712
ROOSEVELT INN LLC d/b/a ROOSEVELT                :
INN and ROOSEVELT INN CAFÉ,                      :
ROOSEVELT MOTOR INN, INC. d/b/a                  :
ROOSEVELT MOTOR INN, UFVS                        :
MANAGEMENT COMPANY, LLC,                         :
YAGNA PATEL and ALPHA-CENTURION                  :
SECURITY, INC. d/b/a ALPHA CENTURION             :
SECURITY INC.                                    :
                                                 :
                        Defendants,              :
              v.                                 :
                                                 :
DAIQUAN DAVIS and ABDUL LOPEZ                    :
                                                 :
                Additional Defendants.           :
                                                 :

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff's

M.B's Motion in Limine as to Opinions and Testimony Relating to Policies of Other Motels, and

any responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED**.

Defendants may offer testimony or opinions regarding policies of motels or hotels other than the

Roosevelt Inn.

                              BY THE COURT:


                              _____
                                                                 J.

Case ID: 170300712
Control No.: 21060208

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
         keddy@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 NO.: 00712 |
| v. | : : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : | |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE AS TO OPINIONS AND TESTIMONY REGARDING POLICIES OF OTHER MOTELS**

Case ID: 170300712
Control No.: 21060208

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel

("Roosevelt Defendants"), by their counsel Blank Rome LLP, hereby oppose Plaintiff's Motion

in Limine as to Opinions and Testimony Relating to Policies of Other Motels, and in support of

their opposition, rely on and incorporate the attached Memorandum of Law.

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

2

Case ID: 170300712
Control No.: 21060208

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>Plaintiff,<br><br>v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>Defendants,<br><br>v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>Additional Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROOSEVELT INN, LLC,
ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA
PATEL'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE AS TO OPINIONS
AND TESTIMONY REGARDING POLICIES OF OTHER MOTELS**

Case ID: 170300712
Control No.: 21060208

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel

("Roosevelt Defendants"), by their counsel Blank Rome LLP, respectfully submit this

Memorandum of Law in support of their Response in opposition to Plaintiff's Motion in Limine

as to Opinions and Testimony Relating to Policies of Other Motels.

## I.  PRELIMINARY STATEMENT

Plaintiff seeks to prevent Roosevelt Defendants' expert witness, Norman Bates ("Mr.

Bates") from referring to the guest registration polices of other hotels/motels in his testimony.

Plaintiff specifically wishes to exclude the guest registration policies from Econo Lodge

(Plaintiff's Ex. A, at 19-20) and Hyatt (Ex. A, 20-21) ("the Policies").

## II.  COUNTERSTATEMENT OF THE QUESTIONS INVOLVED

**1.  Should this Honorable Court preclude Defendants from offering evidence, testimony or argument regarding policies of motels or hotels other than the Roosevelt Inn referred to in the expert opinion of Norman Bates?**

     *Suggested answer*: **NO.**

## III.  ARGUMENT

**A.  Norman Bates must be permitted to offer evidence regarding policies of motels or hotels other than the Roosevelt Inn because the evidence in question is of the type usually relied on by experts in the same field, which, under Pennsylvania law, should be disclosed to the trier of fact.**

In her Motion in Limine, Plaintiff seeks to prevent Roosevelt Defendants from offering

any evidence, testimony or argument regarding the Policies. However, the Policies are not being

offered as evidence per se; they are the bases from which Mr. Bates drew conclusions that

formed part of his Preliminary Opinion (Plaintiff's Ex. A, hereinafter "Ex. A").

Mr. Bates was asked to give an opinion as to the adequacy of the Roosevelt Inn's security

program in 2014. Mr. Bates found that the security measures taken were "reasonable and

<div align="center">2</div>

Case ID: 170300712
Control No.: 21060208

appropriate and consistent with those security measures found at other hotels in the U.S." (Ex. A, at 70). "Reasonableness" is a relative concept which is determined through comparison. Mr. Bates is not offering the Policies as evidence; the evidence he is offering is his opinion based on an analysis of the reasonableness of the security measures taken by Roosevelt Defendants, which necessitated a comparison of polices used by other hotels. The Polices are merely the bases upon which Mr. Bates offers his expert evidence. The Policies are the usual type of evidence reasonably relied upon by an expert in Mr. Bates's field. Mr. Bates can testify to that under oath and may be subject to cross-examination on that issue.

In Pennsylvania, an expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. Pa.R.E. 703. Whether the facts or data satisfy this requirement is a preliminary question to be determined by the trial court under Pa.R.E. 104(a). *See also* West's Pa. Prac., Evidence R 703 (4th ed.). This rule is identical to the first two sentences of F.R.E. 703.

Pennsylvania Rule of Evidence 703, however, does not include the third sentence of the Federal Rule that provides that the facts and data that are the bases for the expert's opinion are not admissible unless their probative value substantially outweighs their prejudicial effect. The federal rule is inconsistent with Pennsylvania law, which requires that facts and data that are the bases for the expert's opinion must be disclosed to the trier of fact under Pa.R.E. 705. *See* Comment to Pa.R.E. 703; *Kozak v. Struth*, 531 A.2d 420, 423 (Pa. 1987) (declining to adopt F.R.E. 705).

3

Case ID: 170300712
Control No.: 21060208

When an expert testifies about the underlying facts and data that support the expert's opinion and the evidence would be otherwise inadmissible, the trial judge upon request must, or on the judge's own initiative may, instruct the jury to consider the facts and data only to explain the basis for the expert's opinion, and not as substantive evidence. *See* Pa.R.E. 705 cmt.

Therefore, to exclude the bases for Mr. Bates's evidence directly contravenes Pennsylvania law and runs the risk of prejudicing the jury further; *per* the Court in *Kozak*, permitting Mr. Bates to qualify his opinion with the sources used to reach it "avoids planting in the juror's mind a general statement likely to remain with him in the jury room when the disputed details are lost." *Kozak*, 531 A.2d at 423.

**B. The issue of relevancy regarding the bases for expert evidence is a matter of weight, rather than admissibility; it is not a basis for exclusion.**

Plaintiff further argues that the Policies cited by Mr. Bates are not relevant to the matter in issue. Motion in Limine, at 2. Plaintiff states that "the Econo Lodge referenced by Bates is undated, and the Hyatt policy is allegedly from 2008, while the incidents involving the sex trafficking of M.B. occurred in 2014."[1] *Id.* at 2-3. These are issues which go to the weight, rather than the admissibility of the expert testimony. The basis of an expert's opinion can be impeached and tested on cross-examination and should be dismissed by the jury if unreliable. *See Mitchell v. Shikora*, 209 A.3d 307, 319 (Pa. 2019) (holding that, when weighing the evidence of expert witnesses, the process commands not that evidence be reliable, but that reliability be assessed in a particular manner: by "testing in the crucible of cross-examination") (internal citation omitted). Any purported prejudice can be, and should properly be, addressed through "the crucible of cross examination". Cross-examination, according to Professor John Henry Wigmore, is "beyond any

---

[1] Incidentally, Mr. Bates has addressed this issue in his Preliminary Opinion: "Although it is noteworthy that the hotel industry, through its trade association...did not develop industry-wide training on identifying human trafficking until 2016". Ex. A, at 70.

4

Case ID: 170300712
Control No.: 21060208

doubt the greatest legal engine ever invented for the discovery of truth." *Mitchell v. Shikora*, 209 A.3d 307, 319 (Pa. 2019), citing 5 Wigmore, Evidence, § 1367; *Heddings v. Steele*, 526 A.2d 349, 351 (Pa. 1987). The proper means of addressing any alleged deficiencies in the bases for Mr. Bates's expert evidence is cross-examination, not exclusion.

## IV.    CONCLUSION

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel oppose Plaintiff's Motion in Limine as to Opinions and Testimony Relating to Policies of Other Motels and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
          keddy@blankrome.com
          byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

150213.00601/126119296v.2

Case ID: 170300712
Control No.: 21060208

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Response to Plaintiff's Motion in Limine as to Opinions and Testimony by the Roosevelt Defendants Regarding Other Motels were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by United States First Class Mail, postage prepaid: upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060208

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

_/s/ Justina L. Byers_
JUSTINA L. BYERS

150213.00601/126119296v.2

Case ID: 170300712
Control No.: 21060208

| M.B., minor by her Guardian, | : | |
|---|---|---|
| William A. Calandra, Esquire, | : | IN THE COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | |
| v. | : | MARCH TERM, 2017 |
| | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT | : | Civil Action No.: 00712 |
| INN and ROOSEVELT INN CAFÉ, | : | |
| ROOSEVELT MOTOR INN, INC. d/b/a | : | |
| ROOSEVELT MOTOR INN, UFVS | : | |
| MANAGEMENT COMPANY, LLC, | : | |
| YAGNA PATEL and ALPHA-CENTURION | : | |
| SECURITY, INC. d/b/a ALPHA CENTURION | : | |
| SECURITY INC. | : | |
| | : | |
| Defendants, | : | |
| v. | : | |
| | : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : | |
| | : | |
| Additional Defendants. | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff's

M.B's Motion in Limine to preclude the Roosevelt Defendants from Offering Cumulative

Liability, and any responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is

**DENIED**. Defendants may call more than one liability expert.

BY THE COURT:

_____
J.

150213.00601/126121963v.2

Case ID: 170300712
Control No.: 21060404

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
     keddy@blankrome.com
     byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>       Plaintiff,<br><br>    v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>       Defendants,<br><br>    v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>       Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE ROOSEVELT DEFENDANTS FROM OFFERING CUMULATIVE LIABILITY EXPERT TESTIMONY**

Case ID: 170300712
Control No.: 21060404

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel

("Roosevelt Defendants"), by their counsel Blank Rome LLP, hereby oppose Plaintiff's Motion

in Limine as to Preclude the Roosevelt Defendants from Offering Cumulative Liability Expert

Testimony, and in support of their opposition, rely on and incorporate the attached Memorandum

of Law.

<div style="margin-left:40%">

Respectfully submitted,

**BLANK ROME LLP**

</div>

Dated:  June 11, 2021

<div style="margin-left:40%">

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
         keddy@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

</div>

2

Case ID: 170300712
Control No.: 21060404

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
      keddy@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 NO.: 00712 |
| v. | : : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE ROOSEVELT DEFENDANTS FROM OFFERING CUMULATIVE LIABILITY EXPERT TESTIMONY**

Case ID: 170300712
Control No.: 21060404

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel

("Roosevelt Defendants"), by their counsel Blank Rome LLP, respectfully submit this

Memorandum of Law in support of their Response in opposition to Plaintiff's Motion in Limine

to Preclude the Roosevelt Defendants from Offering Cumulative Liability Expert Testimony.

## I.   PRELIMINARY STATEMENT

Plaintiff seeks to preclude Roosevelt Defendants from offering the testimony of both its

expert witnesses, Kimberly Mehlman-Orozco ("Dr. Mehlman-Orozco") and Norman Bates ("Mr.

Bates") on the grounds that their collective testimony is cumulative.

## II.   COUNTERSTATEMENT OF THE QUESTIONS INVOLVED

> **1.   Should this Honorable Court preclude Roosevelt Defendants from offering the testimony of both Kimberly Mehlman-Orozco and Norman Bates at trial and instead limit Defendant to offering the testimony of just one of the aforementioned experts?**
>
> *Suggested answer*: **NO.**

## III.   ARGUMENT

> **Roosevelt Defendants should be permitted to offer the testimony of both Kimberly Mehlman-Orozco and Norman Bates as evidence because their testimony is corroborative rather than cumulative.**

In her Motion in Limine, Plaintiff seeks to preclude Roosevelt Defendants from offering

the testimony of both its expert witnesses, Dr. Mehlman-Orozco and Mr. Bates on the grounds

that when taken together, their testimony is "overlapping and cumulative"[1]. Motion in Limine, at

---

[1] Plaintiff also makes several oblique criticisms of Dr. Mehlam-Orozco's analysis which do not support the thrust of her principal argument and should be disregarded. For example, Plaintiff states that "Mehlman-Orozco also improperly evaluates the credibility of evidence calling into question her opinion about the difficulty to detect sex trafficking was occurring" (Ex. A at 5). This sort of criticism goes to the weight that the jury should afford this evidence and should properly be made through cross-examination, rather than being slipped into a motion in limine

150213.00601/126121963v.2

Case ID: 170300712
Control No.: 21060404

5. However, the evidence of Dr. Mehlman-Orozco is corroborative rather than cumulative. There is a distinct difference between evidence that is "corroborative'" and evidence that is "cumulative." In the most general sense, corroborative evidence is evidence that differs from but strengthens or confirms what other evidence shows, while cumulative evidence is additional evidence that supports a fact established by the existing evidence. *See Hassel v. Franzi*, 207 A.3d 939, 953 (Pa. Super. 2019), *appeal denied*, 218 A.3d 862 (Pa. 2019) (quoting Black's Law Dictionary. 674, 675 (10th ed. 2014) and citing *Commonwealth v. Small,* 189 A.3d 961, 972 (Pa. 2018)).

Further, if two experts approach the same question from the perspective of their respective (and differing) areas of expertise, their evidence will be held to be corroborative rather than cumulative. *See Hassel*, 207 A.3d 939, 953 (holding that where experts offered opinions from different specialties, and approached the standard of care issue from different clinical perspectives, the evidence was corroborative not cumulative). This is true even where the experts reach the same conclusion. *See Klein v. Aronchick*, 85 A.3d 487, 501 (Pa. Super. 2014) (holding that the testimony of three defense experts, who all concluded that the drug prescribed by a physician did not cause the patient's kidney disease, was not needlessly cumulative to preclude their admission, where the experts approached the issue from different clinical perspectives according to their different medical practices).

Dr. Mehlman-Orozco is an expert in human trafficking (Plaintiff's Exhibit A at 5-6, hereinafter "Ex. A"). Dr. Mehlman-Orozco was instructed to give an opinion on whether various employees of the Roosevelt Defendants could reasonably have identified M.B. as a victim of human trafficking in her capacity as an expert in the hallmarks of, and typical patterns associated

---

to exclude cumulative evidence. Roosevelt Defendants respectfully request that the Court disregard these criticisms.

3

Case ID: 170300712
Control No.: 21060404

with, human trafficking. Mr. Bates is an expert in private security (Plaintiff's Exhibit B at 1, hereinafter "Ex. B"). Mr. Bates was instructed to give an opinion regarding the adequacy and conclusions of the Roosevelt Inn's security program in 2014. The areas of expertise for each expert are clearly divergent. It is quite clear from the content of both reports that Dr. Mehlman-Orozco and Mr. Bates approached their opinions from completely different perspectives.

Plaintiff's Motion stresses the argument that because Dr. Mehlman-Orozco and Mr. Bates reached the same conclusion on one aspect of the nature of human-trafficking, namely that it is a "clandestine" crime (Ex. A at 9, 21) or, as Mr. Bates puts it "generally not open and obvious to others" (Ex. B, at 2, 10), their evidence is "overlapping and cumulative" (Motion in Limine, at 5). This is not only a syllogistic fallacy but, as discussed above, when two experts, approaching the same subject from different perspectives, reach the same conclusion, this does not automatically render the evidence cumulative. *See Klein v. Aronchick*, 85 A.3d 487, 501 (as discussed above). Therefore, Roosevelt Defendants should not be precluded from offering the testimony of both Dr. Mehlman-Orozco and Mr. Bates because their evidence is at most corroborative, rather than cumulative.

## IV.    CONCLUSION

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel oppose Plaintiff's Motion in Limine to Preclude the Roosevelt Defendants from Offering Cumulative Liability Expert Testimony and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

4

Case ID: 170300712
Control No.: 21060404

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

5

Case ID: 170300712
Control No.: 21060404

## <u>CERTIFICATE OF SERVICE</u>

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Response to Plaintiff's Motion in Limine to Preclude the Roosevelt Defendants from Offering Cumulative Liability Expert Testimony were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by United States First Class Mail, postage prepaid: upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060404

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

*/s/ Justina L. Byers*
JUSTINA L. BYERS

150213.00601/126121963v.2

Case ID: 170300712
Control No.: 21060404

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | :    IN THE COURT OF COMMON PLEAS |
| | :    PHILADELPHIA COUNTY |
|          Plaintiff, | : |
|    v. | :    MARCH TERM, 2017 |
| | : |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | :    Civil Action No.: 00712 |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
|          Defendants, | : |
|    v. | : |
| | : |
| DAIQUAN DAVIS and ABDUL LOPEZ | : |
| | : |
|          Additional Defendants. | : |
| | : |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff 's

Motion in Limine to Preclude Evidence to Bolster the Reputation of the Roosevelt Inn and

responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED.**

Defendants **SHALL NOT BE PRECLUDED** from offering evidence, testimony and/or

argument that bolsters the reputation of the Roosevelt Inn.

BY THE COURT:

_____

                               J.

Case ID: 170300712
Control No.: 21060200

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>               Plaintiff,<br><br>     v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>               Defendants,<br><br>     v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>           Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE THAT
BOLSTERS THE REPUTATION OF THE ROOSEVELT INN**

Case ID: 170300712
Control No.: 21060200

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel ("Roosevelt Defendants"), by their counsel Blank Rome LLP, hereby oppose Plaintiff's Motion in Limine to Preclude Defendants from Offering Evidence that Bolsters the Reputation of the Roosevelt Inn, and in support of their opposition, rely on and incorporate the attached Memorandum of Law.

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

2

Case ID: 170300712
Control No.: 21060200

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
      keddy@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 |
| v. | : : | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : | |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE THAT
<u>BOLSTERS THE REPUTATION OF THE ROOSEVELT INN</u>**

Case ID: 170300712
Control No.: 21060200

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby oppose and submit the following Response to Plaintiff's Motion in Limine to Preclude Defendants from Offering Evidence to Bolster the Reputation of the Roosevelt Inn, filed on June 2, 2021 at Control no. 21060200 and in support thereof, avers as follows:

## I.  FACTUAL BACKGROUND

Plaintiff initiated this litigation in March 2017, alleging violations of the violations of Pennsylvania Human Trafficking Law, 18 Pa. C.S.A. § 3001 *et seq*. ("PHTL") and alleging that she was subjected to sex trafficking from 2013 to mid-2014.

Plaintiff's 2017 initial Complaint spurred an onslaught of negative publicity painting the Roosevelt Inn as a hub of human trafficking, drugs and other crimes.  Plaintiff's counsel proclaimed in a press release, interviews about the case and in the media generally that it was the first case to be filed pursuant to Pennsylvania's Human Trafficking statute.  The day the Complaint was filed, headlines proclaimed that a minor was held as a sex slave at the hotel for two years and was forced to have sex with more than 1,000 men.  Numerous articles appeared in local, national and even international print, within a week of the filing of Plaintiff's initial Complaint.  The Philadelphia Inquirer's March 10, 2017 article, headlined, "First of kind lawsuit accuses N.E. Philly hotel of accommodating sex trafficking," referred to the Roosevelt Inn as "the city's "epicenter of human trafficking," and quoted Plaintiff's attorney.

The allegations in Plaintiff's initial Complaint were dramatic—she claimed that the Roosevelt Defendants harbored her for commercial sex acts for a span of two years, and that a hotel employee – known and identified by a first name --  was an integral part of the sex

2

Case ID: 170300712
Control No.: 21060200

trafficking operation. *See* Exhibit A, Complaint, at ¶¶ 4, 25-27, 45-47. The more salacious details – that the victim was held at the hotel for two years and was forced to have sex with 1,000 men at the hotel for example -- were fodder for the media, but those very allegations have since been disproven during the lawsuit.

Plaintiff has amended her Complaint four times. Despite Plaintiff's verified interrogatory responses and deposition testimony asserting that she was trafficked from 2013 to 2014, Plaintiff's Fourth Amended Complaint, filed after the close of discovery in November 2019, alleges a shorter time period, January to June 2014, in which Plaintiff claims to have been trafficked. *See* Exhibit B. The Fourth Amended Complaint no longer alleges the complicity of a hotel employee and she charges defendants with only constructive knowledge. *Id*. Additionally, Plaintiff's Fourth Amended Complaint omits the PHTL claim. *Id*. Plaintiffs' latest version of the alleged "facts" is refuted by evidence that shows that the Plaintiff was in other locations during the time she claims she was being held at the Roosevelt Inn. Evidence also shows that while Plaintiff engaged in commercial sex at various locations in Philadelphia, she did not do so at the Roosevelt Inn. In fact, to date, Plaintiff has failed to identify a single calendar day that she was at the Roosevelt Inn. Nonetheless, the media reports generated by Plaintiff's first Complaint have kept the story –complete with inaccurate but salacious details -- in the press.

A. **Plaintiff Intends to Smear the Roosevelt Inn**

Plaintiff's exhibit and witness lists forecast her intent to engage in a campaign to tarnish the reputation of the Roosevelt Inn. For example, Plaintiff intends to use online reviews – about dirty sheets, alleged prostitution, smelly hallways -- from as far back as 2007 and as late as 2016 to malign the Roosevelt Inn. Plaintiff intends to use hearsay statements from unidentified witnesses referring to their alleged experiences at the Roosevelt Inn from years before and years

3

Case ID: 170300712
Control No.: 21060200

after the relevant time period of Plaintiff's claims. One statement refers to a double suicide in the one of the guest rooms at the hotel. Clearly, this so-called evidence is irrelevant to the issues in this litigation, in addition to being improper hearsay.

Nonetheless, Plaintiff, at every opportunity, has put the reputation of the Roosevelt Inn at issue. The Roosevelt Defendants' witnesses, the owners and long-term manager of the Roosevelt Inn must be permitted to respond to these smear tactics and testify as to the Roosevelt Inn's contributions to it community, its guests and to law enforcement.

## II.   ARGUMENT

### A.  Evidence as to Defendants' Good Character is Relevant and Admissible

Plaintiff has put the character of the Roosevelt Inn, its manager and employees at issue in the this case by alleging that the hotel's staff turned a blind eye to the victimization of Plaintiff. The Roosevelt Inn's owners and defendants Patel must be permitted to respond to Plaintiff's allegations, including by offering evidence of their cooperation with and assistance to law enforcement organizations and also to their good works in the community, such as contributing to funerals and donating hotel space for families displaced by tragedies.

Pennsylvania Rule of Evidence 405 permits evidence of character by specific instances of conduct when the defendant's character is an essential element of a claim or defense.  Plaintiff has indicated her intent to disparage the reputation of the hotel and its staff, as it has done widely in the media, claiming that they "acted outrageously and in reckless disregard for the health and welfare of Plaintiff."  Fourth Amended Complaint at ¶ 67.  Plaintiff's claims render the character of the hotel staff and Mr. Patel relevant.  The Roosevelt Defendants must be able to counter these claims, including by offering evidence as to their good character.  Pa. R. E. 405(b); *Caba v. Weaknecht*, 64 A.2d 39, 47 (Pa. Commw. 2013).

4

Case ID: 170300712
Control No.: 21060200

### B. Expert Testimony and Reports Regarding Assistance to Law Enforcement Are Admissible

Excerpts from the expert report of Dr. Kimberly Mehlman-Orozco relating to the Roosevelt Defendants' cooperation with and assistance to law enforcement are admissible. Dr. Mehlman-Orozco stated in her report that she spoke with Philadelphia Police Lieutenant Gary Ferguson, who told her that the staff from the Roosevelt Inn were the source for anonymous calls made to the police about crimes occurring at the hotel. Ferguson explained that the names and positions of the callers are not recorded in the police department's records, which is purposeful to protect the tipsters' safety. Plaintiff's Motion, at 4.

In Pennsylvania, an expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. Pa.R.E. 703. Whether the facts or data satisfy this requirement is a preliminary question to be determined by the trial court under Pa.R.E. 104(a).

When an expert testifies about the underlying facts and data that support the expert's opinion and the evidence would be otherwise inadmissible, the trial judge upon request must, or on the judge's own initiative may, instruct the jury to consider the facts and data only to explain the basis for the expert's opinion, and not as substantive evidence. *See* Pa.R.E. 705 cmt. Accordingly, Dr. Mehlman-Orozco may base her opinions, and testify as to those opinions, on the statements made by Lt. Ferguson.

### III. CONCLUSION

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management

5

Case ID: 170300712
Control No.: 21060200

Company and Yagna Patel oppose Plaintiff's Motion in Limine to Preclude Evidence Bolstering

the Reputation of the Roosevelt Inn and respectfully request that this Honorable Court enter an

Order in the form attached hereto.

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
                keddy@blankrome.com
                byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

6

Case ID: 170300712
Control No.: 21060200

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Response in Opposition to Plaintiff's Motion in Limine to Preclude Evidence Bolstering the Reputation of the Roosevelt Inn were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by United States First Class Mail, postage prepaid: upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060200

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ Justina L. Byers
JUSTINA L. BYERS

150213.00601/126125639v.1

Case ID: 170300712
Control No.: 21060200

M.B., minor by her Guardian,        :
William A. Calandra, Esquire,      :    IN THE COURT OF COMMON PLEAS
                                      :    PHILADELPHIA COUNTY
                Plaintiff,        :
                                        :    MARCH TERM, 2017
          v.                  :
                                        :    Civil Action No.: 00712
ROOSEVELT INN LLC d/b/a ROOSEVELT   :
INN and ROOSEVELT INN CAFÉ,      :
ROOSEVELT MOTOR INN, INC. d/b/a    :
ROOSEVELT MOTOR INN, UFVS        :
MANAGEMENT COMPANY, LLC,       :
YAGNA PATEL and ALPHA-CENTURION  :
SECURITY, INC. d/b/a ALPHA CENTURION :
SECURITY INC.                   :
                                        :
                    Defendants,   :
          v.                  :
                                        :
DAIQUAN DAVIS and ABDUL LOPEZ    :
                                        :
                Additional Defendants.  :
                                        :

## ORDER

      **AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff 's

Motion in Limine to Preclude Testimony, Argument or Opinions Regarding Plaintiff's Consent

and responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED.**

Defendants **SHALL NOT BE PRECLUDED** from offering testimony, argument or opinions

regarding Plaintiff's consent.

                                    BY THE COURT:

                                  _____
                                                J.

Case ID: 170300712
Control No.: 21060469

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
      keddy@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>                 Plaintiff,<br><br>       v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>             Defendants,<br><br>       v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>          Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE TO PRECLUDE TESTIMONY, ARGUMENT OR OPINIONS
<u>REGARDING PLAINTIFF'S CONSENT</u>**

Case ID: 170300712
Control No.: 21060469

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel

("Roosevelt Defendants"), by their counsel Blank Rome LLP, hereby oppose Plaintiff's Motion

in Limine to Preclude Testimony, Argument or Opinions regarding Plaintiff's Consent, filed on

June 2, 2021 at control no. 21060469, and in support of their opposition, rely on and incorporate

the attached Memorandum of Law.

<div align="center">Respectfully submitted,</div>

<div align="center">**BLANK ROME LLP**</div>

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email:  cmarion@blankrome.com
         keddy@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

<div align="center">2</div>

Case ID: 170300712
Control No.: 21060469

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
      keddy@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | MARCH TERM, 2017 NO.: 00712 |
| v. | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | JURY TRIAL DEMANDED |
| Defendants, | |
| v. | |
| DAIQUAN DAVIS and ABDUL LOPEZ | |
| Additional Defendants. | |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY, ARGUMENT OR OPINIONS <ins>REGARDING PLAINTIFF'S CONSENT</ins>**

Case ID: 170300712
Control No.: 21060469

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby oppose and submit the following Response to Plaintiff's Motion in Limine to Preclude Testimony, Argument or Opinions Regarding Plaintiff Consent, filed on June 2, 2021 at control no. 21060469 and in support thereof, avers as follows:

## I.      FACTUAL BACKGROUND

Plaintiff initiated this litigation in March 2017, alleging violations of the violations of Pennsylvania Human Trafficking Law, 18 Pa. C.S.A. § 3001 *et seq*. ("PHTL") and alleging that she was subjected to sex trafficking from 2013 to mid-2014.

The allegations in Plaintiff's initial Complaint were dramatic—she claimed that the Roosevelt Defendants harbored her for commercial sex acts for a span of two years, and that a hotel employee – known and identified by a first name -- was an integral part of the sex trafficking operation. *See* Exhibit A, Complaint, at ¶¶ 4, 25-27, 45-47. Plaintiff filed her Fourth Amended Complaint in November 2019, which alleges a shorter time period, January to June 2014, in which Plaintiff claims to have been trafficked. *See* Exhibit B. The Fourth Amended Complaint no longer alleges the complicity of a hotel employee and she charges defendants with only constructive knowledge. *Id.* Additionally, Plaintiff's Fourth Amended Complaint omits the PHTL claim. *Id.*

### A.  Plaintiff's Conduct Is Relevant to the Issue of the Roosevelt's Notice Information

The gist of Plaintiff's claims against defendants is that she was victimized by sex traffickers at the Roosevelt Inn, that defendants knew or should have known of her victimization and should have protected her from that harm.

2

Case ID: 170300712
Control No.: 21060469

A central issue to the elements Plaintiff must prove and to the defenses of the Roosevelt Defendants is whether Plaintiff was at the Roosevelt Inn and if so, whether the Roosevelt Inn staff knew or should have known of her presence. It is in this context that her consent becomes significant. Sex trafficking is a clandestine crime. According to expert Dr. Kimberly Mehlman-Orozco, sex traffickers "go to great lengths to conceal their activities from third parties." Exhibit C, Mehlman-Orozco Report, at 21. Traffickers "make the victims believe [they] are consenting participants to their own exploitation." *Id*. at 27. The clandestine nature of the crime and the efforts of traffickers to hide their crimes "inhibit[s] identification and intervention." *Id*. at 24.

Plaintiff testified that while at the Roosevelt Inn, she stayed in the car while her trafficker booked a room and she was kept in a guest room "24/7." Exhibit D, Plaintiff's deposition transcript, at 101, 242. Both of Plaintiff's traffickers, Abdul Lopez and Daiquan Davis, have testified and signed statements attesting to their efforts to keep their trafficking crimes hidden at the Roosevelt Inn. See Exhibit E, Davis Statement; Exhibit F, Lopez Statement.

Defendants proffer this evidence to demonstrate that Plaintiff's willingness to participate in the overt measures the traffickers took to conceal their crimes, which concealment is relevant to the defendants' ignorance as to Plaintiff's presence at the hotel.

## II.   ARGUMENT

### A.  Plaintiff's Conduct is Relevant to the Roosevelt Defendants' Defenses

A central issue to this case is whether the Roosevelt Defendants had notice of Plaintiff's presence at the hotel and had notice of a danger to her. Evidence indicating that Plaintiff was in part cooperative with her traffickers in concealing their activities, appearing to consent to associating with them, traveling with them and other activities directly contradicts that the

3

Case ID: 170300712
Control No.: 21060469

Roosevelt Defendants were negligent in failing to recognize the danger plaintiff was in. Plaintiff's conduct in this regard is, therefore, highly probative to the Roosevelt Defendants' defenses.

### A. Plaintiff's Conduct Is Relevant to Comparative Negligence Claims

Defendants in this case have alleged that Plaintiff was comparatively negligent and is partially responsible for the harms that she suffered. In the years and months before she was trafficked, Plaintiff engaged in excessive truancy, drug use and other high-risk behavior. Her parents could not control her; she fled from a safe foster family placement and in her words, she met Davis when she was smoking and drinking and hanging out with a neighborhood friend. Exhibit D, Plaintiff's deposition, at 131. Her friend told Plaintiff that Davis was "cool to hang out with . . has weed . . and likes to party like us." *Id.* A few days later, she and Davis met up at the house from which her parents had been evicted. *Id.* at 134.

If Plaintiff was at the Roosevelt Inn with Davis, which Davis and the Roosevelt Defendants deny, her conduct in concealing her and her trafficker's activities, which could be construed as consent to participating in the commercial sex operation, is relevant to her claims, the Roosevelt Defendants' defenses and the comparative negligence asserted by defendants. "Minors over the age of fourteen years are presumptively capable of negligence, the burden being placed on such minors to prove their incapacity; minors between the ages of seven and fourteen years are presumed incapable of negligence, but such presumption is rebuttable and grows weaker with each year until the fourteenth year is reached." *Cureton v. Phila. School District*, 798 A.2d 279, 286 (Pa. Commw. 2002) (citing *Kuhns v. Brugger*, 135 A.2d 395 (Pa. 1957)). See also *City of Phila. v. Duda*, 595 A.2d 206, 211 (Pa. Commw. 1991).

4

Case ID: 170300712
Control No.: 21060469

## III.    CONCLUSION

Defendants should not be precluded from introducing evidence of Plaintiff's participation in the activities in which she and the trafficker engaged, which is relevant to and probative of defendants' defenses and Plaintiff's own comparative negligence.  For all the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel oppose Plaintiff's Motion in Limine to Preclude Testimony, Argument or Opinions regarding Plaintiff's Consent and respectfully request that this Honorable Court enter an Order in the form attached hereto.

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

5

Case ID: 170300712
Control No.: 21060469

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Response in Opposition to Plaintiff's Motion in Limine to Preclude Testimony, Argument or Opinions regarding Plaintiff's Consent were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by United States First Class Mail, postage prepaid: upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060469

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ Justina L. Byers
JUSTINA L. BYERS

150213.00601/126133830v.1

Case ID: 170300712
Control No.: 21060469

**FILED**
11 JUN 2021 02:41 pm
Civil Administration
F. HEWITT

M.B., minor by her Guardian,
William A. Calandra, Esquire,

                 Plaintiff,

        v.

ROOSEVELT INN LLC d/b/a ROOSEVELT
INN and ROOSEVELT INN CAFÉ,
ROOSEVELT MOTOR INN, INC. d/b/a
ROOSEVELT MOTOR INN, UFVS
MANAGEMENT COMPANY, LLC,
YAGNA PATEL and ALPHA-CENTURION
SECURITY, INC. d/b/a ALPHA CENTURION
SECURITY INC.

                 Defendants,

        v.

DAIQUAN DAVIS and ABDUL LOPEZ

                Additional Defendants.

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

MARCH TERM, 2017

Civil Action No.:  00712

## ORDER

    **AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff 's

Motion in Limine to Preclude the Opinions of M.B.'s Parents by Expert Witness Barbara Ziv,

and responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED.**

Defendants **ARE PERMITTED TO** offer the opinions of Barbara Ziv regarding M.B.'s parents.

                BY THE COURT:

                _____

                                         J.

Case ID: 170300712
Control No.: 21060531

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
      keddy@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, <br> William A. Calandra, Esquire, <br><br>                Plaintiff, <br><br>     v. <br><br> ROOSEVELT INN LLC d/b/a ROOSEVELT <br> INN and ROOSEVELT INN CAFÉ, et al., <br> ROOSEVELT MOTOR INN, INC. d/b/a <br> ROOSEVELT MOTOR INN, UFVS <br> MANAGEMENT COMPANY, LLC, <br> YAGNA PATEL and ALPHA-CENTURION <br> SECURITY, INC. d/b/a ALPHA CENTURION <br> SECURITY INC. <br><br>              Defendants, <br><br>     v. <br><br> DAIQUAN DAVIS and ABDUL LOPEZ <br><br>           Additional Defendants. | COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY <br> CIVIL TRIAL DIVISION <br><br> MARCH TERM, 2017 <br> NO.: 00712 <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,**
**UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S**
**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN**
**LIMINE TO PRECLUDE OPINIONS OF PLAINTIFF M.B.'S PARENTS**
**BY EXPERT WITNESS BARBARA ZIV**

Case ID: 170300712
Control No.: 21060531

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel

("Roosevelt Defendants"), by their counsel Blank Rome LLP, hereby oppose Plaintiff's Motion

in Limine as to Preclude Opinions of Plaintiff M.B.'s Parents by Expert Witness Barbara Ziv,

and in support of their opposition, rely on and incorporate the attached Memorandum of Law.

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
          keddy@blankrome.com
          byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

2

Case ID: 170300712
Control No.: 21060531

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
         keddy@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>                Plaintiff,<br><br>     v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>                Defendants,<br><br>     v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>              Additional Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE TO PRECLUDE OPINIONS OF PLAINTIFF M.B.'S PARENTS
BY EXPERT WITNESS BARBARA ZIV**

Case ID: 170300712
Control No.: 21060531

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby oppose and submit the following Response to Plaintiff's Motion in Limine to Preclude Opinions of Plaintiff M.B.'s Parents by Expert Witness Barbara Ziv, filed on June 2, 2021 at Control no. 21060531 and in support thereof, avers as follows:

## I.    FACTUAL BACKGROUND

Plaintiff initiated this litigation in March 2017, alleging violations of the violations of Pennsylvania Human Trafficking Law, 18 Pa. C.S.A. § 3001 *et seq*. ("PHTL") and alleging that she was subjected to sex trafficking from 2013 to mid-2014.

Plaintiff amended her complaint numerous times. Plaintiff's Fourth Amended Complaint, filed in November 2019, alleges a shorter time period, January to June 2014, in which Plaintiff claims to have been trafficked.

On January 27, 2020, Plaintiff was examined by psychiatrist Barbara Ziv. In addition to performing an evaluation of Plaintiff, Dr. Ziv evaluated hundreds of pages of documents from DHS, social service agencies, medical providers, therapists, schools and other discovery documents.

### A.  Plaintiff Provided Dr. Ziv with Information

Dr. Ziv's report recounts the information Plaintiff provided to Dr. Ziv during the evaluation, including information relating to her parents' habitual unemployment, her father's involvement in drug dealing and subsequent incarceration for shooting someone who was trying to steal drugs and her mother's longstanding addiction to heroin and crack. Plaintiff told Dr. Ziv that she, her brother and mother "were hanging out with the wrong people" and Plaintiff "barely

2

Case ID: 170300712
Control No.: 21060531

went to school." Plaintiff told Dr. Ziv that during the time her father was incarcerated, her mother "was using all the time" and that "she had somebody living with us." *See* Exhibit A, Report of Dr. Ziv, at 4. Plaintiff also told Dr. Ziv that her mother was incarcerated while pregnant with Plaintiff for shooting at the father of Plaintiff's brother. *Id*. at 6. Plaintiff reported to Dr. Ziv that she and her brother often observed her mother injecting heroin and "nodding out." *Id*. at 12.

### B. Dr. Ziv Reviewed Hundreds of Pages of Social Service, Medical, Education and other Records

Dr. Ziv's report also restates information from records provided. For example, Dr. Ziv's report recounts the respective criminal histories of Plaintiff's parents and the history of Plaintiff with DHS, including referrals to DHS in 1997, several between 2003 and 2006 and in 2013, when Plaintiff was declared dependent. *Id*. at 9-11. Dr. Ziv recounts a May 24, 2013 interview of Plaintiff's mother with social worker Paul Grace, in which Plaintiff's mother self-reported Percocet and Valium abuse and a history of intermittent explosive disorder and obsessive-compulsive disorder. *Id*. at 11.

The references and citations in the preceding paragraphs are not opinions of Dr. Ziv, but rather, are items that Dr. Ziv learned directly from Plaintiff or through social service, educational and other records. Plaintiff's parents criminal history, her mother's drug use and her father's incarceration are facts, not opinions.

## II. ARGUMENT

### A. Dr. Ziv Did Not Diagnose Plaintiff's Parents

Dr. Ziv did not diagnose Plaintiff's parents, but rather explained how the factual history of Plaintiff's childhood could have and has affected her. Dr. Ziv's comment that Plaintiff's mother "carries diagnoses of intermittent explosive disorder and obsessive compulsive disorder"

3

Case ID: 170300712
Control No.: 21060531

was not a diagnosis Dr. Ziv made of Plaintiff's mother, but rather was a report of in a May 24, 2013 report produced by DHS.

Plaintiff's childhood family history, as Plaintiff herself reported, was fraught with negative influences or adverse experiences, such as drug abuse, criminal activity, incarceration, excessive truancy, high risk behaviors – these are facts, not opinions. As Dr. Ziv opines, "Long before [Plaintiff] was involved in sex trafficking, she was exposed to numerous, ongoing adverse childhood experiences ("ACEs"). These factual experiences were cited by Dr. Ziv as being statistically relevant to the resultant health of the child who grows up with them: "Individuals who are exposed to multiple ACEs have a higher incidence of substance abuse, violent behavior, verbal aggression and impulsiveness." *See* Exhibit A at 14. Dr. Ziv found that Plaintiff "demonstrated virtually all of the symptoms of children who experience multiple adverse childhood experiences long before she was placed in foster care. As noted previously, she had multiple sex partners, engaged in unsafe sex and acquired multiple sexually transmitted diseases, smoked marijuana, and associated with drug dealers by the time she was 13 years old – all while in the custody of her mother." *Id.* As demonstrated, the factual information Dr. Ziv cited related to Plaintiff's parents was cited to inform as to Plaintiff's childhood history.

**B. Dr. Ziv's Comments Are Not Prejudicial and are Relevant to Plaintiff's Claims**

Dr. Ziv does not recount the criminal and social service histories of Plaintiff's parents to prejudice the jury against M.B. Indeed, the misdeeds of her parents are not imputed to Plaintiff. Rather, Dr. Ziv uses the criminal and social history of Plaintiff's family to better understand and explain the mental health condition of M.B. in the years and months before she was trafficked, a period marked by excessive truancy, drug use and other high-risk behavior by Plaintiff. M.B.'s mental health condition is directly relevant to defendants' claims of comparative negligence and

4

Case ID: 170300712
Control No.: 21060531

Plaintiff's capacity for contributory negligence. "Minors over the age of fourteen years are presumptively capable of negligence, the burden being placed on such minors to prove their incapacity; minors between the ages of seven and fourteen years are presumed incapable of negligence, but such presumption is rebuttable and grows weaker with each year until the fourteenth year is reached." *Cureton v. Phila. School District*, 798 A.2d 279, 286 (Pa. Commw. 2002) (citing *Kuhns v. Brugger*, 135 A.2d 395 (Pa. 1957)). See also *City of Phila. v. Duda*, 595 A.2d 206, 211 (Pa. Commw. 1991).

Dr. Ziv's expertise is in evaluating and diagnosing Plaintiff. Her citation to M.B.'s parents' criminal records, incarceration and drug use are not "character attacks" or opinions as to Plaintiff's parents. Dr. Ziv's report cites factual information relating to Plaintiff's parents to provide a relevant historical background.

Moreover, Dr. Ziv is permitted to rely on source material in developing her opinions and is required to identify the data on which she relies. *Commonwealth v. Hairston*, 2021 Pa. LEXIS 1876, *47-48 (Pa. April 29, 2021); Pa.R.E. 705 ("If an expert states an opinion the expert must state the facts or data on which the opinion is based.").

## III.    CONCLUSION

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel oppose Plaintiff's Motion in Limine to Preclude Opinions of Plaintiff M.B.'s Parents by Expert Witness Barbara Ziv and respectfully request that this Honorable Court enter an Order in the form attached hereto.

5

Case ID: 170300712
Control No.: 21060531

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

6

Case ID: 170300712
Control No.: 21060531

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Response in Opposition to Plaintiff's Motion in Limine to Preclude Opinions of Plaintiff M.B.'s Parents by Expert Witness Barbara Ziv were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by United States First Class Mail, postage prepaid: upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060531

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

*/s/ Justina L. Byers*
JUSTINA L. BYERS

150213.00601/126119809v.1

M.B., minor by her Guardian,                          :
William A. Calandra, Esquire,                         :     IN THE COURT OF COMMON PLEAS
                                                     :     PHILADELPHIA COUNTY
                        Plaintiff,                    :
        v.                                            :     MARCH TERM, 2017
                                                     :
ROOSEVELT INN LLC d/b/a ROOSEVELT                     :     Civil Action No.:  00712
INN and ROOSEVELT INN CAFÉ,                           :
ROOSEVELT MOTOR INN, INC. d/b/a                       :
ROOSEVELT MOTOR INN, UFVS                             :
MANAGEMENT COMPANY, LLC,                              :
YAGNA PATEL and ALPHA-CENTURION                       :
SECURITY, INC. d/b/a ALPHA CENTURION                  :
SECURITY INC.                                         :
                                                     :
                        Defendants,                   :
        v.                                            :
                                                     :
DAIQUAN DAVIS and ABDUL LOPEZ                         :
                                                     :
                Additional Defendants.               :
                                                     :

## ORDER

    **AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff 's

Motion in Limine to Preclude Any Evidence, Testimony or Argument that Plaintiff Does Not

Have a Viable Civil Claim Pursuant to the Pennsylvania Anti-Human Trafficking Law, and

responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED.**

Defendants shall not be precluded from offering evidence, testimony and/or argument that

Plaintiff does not have a civil claim under the Pennsylvania Anti-Human Trafficking Law.


                                                      BY THE COURT:


                                                _____
                                                       J.

Case ID: 170300712
Control No.: 21060209

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
       keddy@blankrome.com
       byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC. | : | JURY TRIAL DEMANDED |
| Defendants, | : | |
| v. | : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : | |
| Additional Defendants. | : | |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE TO PRECLUDE EVIDENCE, TESTIMONY OR ARGUMENT THAT
PLAINTIFF DOES NOT HAVE A CLAIM PURSUANT TO THE PENNSYLVANIA
<u>ANTI-HUMAN TRAFFICKING LAW</u>**

Case ID: 170300712
Control No.: 21060209

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel

("Roosevelt Defendants"), by their counsel Blank Rome LLP, hereby oppose Plaintiff's Motion

in Limine to Preclude Evidence, Testimony or Argument that Plaintiff Does Not Have a Claim

Pursuant to the Pennsylvania Anti-Human Trafficking Law, and in support of their opposition,

rely on and incorporate the attached Memorandum of Law.

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

2

Case ID: 170300712
Control No.: 21060209

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC. | : | JURY TRIAL DEMANDED |
| Defendants, | : | |
| v. | : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : | |
| Additional Defendants. | : | |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE TO PRECLUDE EVIDENCE, TESTIMONY OR ARGUMENT THAT
PLAINTIFF DOES NOT HAVE A CLAIM PURSUANT TO THE PENNSYLVANIA
<u>ANTI-HUMAN TRAFFICKING LAW</u>**

Case ID: 170300712
Control No.: 21060209

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby oppose and submit the following Response to Plaintiff's Motion in Limine to Preclude Evidence, Testimony or Argument that Plaintiff Does Not Have a Claim Pursuant to the Pennsylvania Anti-Human Trafficking Law, filed on June 2, 2021 at Control no. 21060209 and in support thereof, avers as follows:

## I.     FACTUAL BACKGROUND

Plaintiff initiated this litigation in March 2017, alleging violations of the violations of Pennsylvania Human Trafficking Law, 18 Pa. C.S.A. § 3001 *et seq*. ("PHTL") and alleging that she was subjected to sex trafficking from 2013 to mid-2014. The statute on which Plaintiff based this claim permits a victim of sex trafficking to bring a private cause of action against a person(s) who subjected the victim to trafficking. *See* 18 Pa. C.S.A. § 3051. The PHTL was enacted on July 2, 2014, P.L.945, No.105, and became effective 60 days thereafter, or September 2, 2014. *See* 18 Pa. C.S.A. § 3001 *et seq*.

Plaintiff's 2017 initial Complaint spurred an onslaught of negative publicity painting the Roosevelt Inn as a hub of human trafficking, drugs and other crimes. Plaintiff's counsel proclaimed in a press release, interviews about the case and in the media generally that it was the first case to be filed pursuant to Pennsylvania's Human Trafficking statute. The day the Complaint was filed, headlines proclaimed that a minor was held as a sex slave at the hotel for two years and was forced to have sex with more than 1,000 men. Numerous articles appeared in local, national and even international print, within a week of the filing of Plaintiff's initial Complaint. The Philadelphia Inquirer's March 10, 2017 article, headlined, "First of kind lawsuit

2

Case ID: 170300712
Control No.: 21060209

accuses N.E. Philly hotel of accommodating sex trafficking," referred to the Roosevelt Inn as

"the city's "epicenter of human trafficking," and quoted Plaintiff's attorney.

> During 2013 and 2014, said Bezar, M.B. sometime spent weeks or months living at the motel at 7630 Roosevelt Blvd., was barred from leaving, and was forced to commit sex acts with about 1,000 men "double, triple and quadruple her age. . . . Bezar said the girl managed to get out once during the two years but was forced to return until she finally broke free and reestablished contact with her family and city child-welfare workers.

*See* Exhibit A.

Plaintiff's counsel website biography continues to promote this case as the first ever filed under the PHTL. It states:

> [I]n 2017, in a highly publicized case, Bezar filed the first civil lawsuit under Pennsylvania's 2014 human trafficking statute against a Philadelphia motel owner and operator on behalf of a teenage girl who was enslaved and forced to perform sexual acts with men over a nearly two-year period.

*See* Exhibit B, screen shot of Klinespecter.com/nadeem-bezar. Bezar's biography on the CSE Institute's website touts his work on the M.B. case, still describing it as the first of its kind (based on the 2014 statute) even though Plaintiff subsequently and voluntarily dropped the statutory claim 18 months ago:

> In March of 2017, Mr. Bezar filed the first civil lawsuit under Pennsylvania's 2014 human trafficking statute against a Philadelphia motel owner and operator on behalf of a teenage girl who was forced to perform sexual acts with men over a nearly two-year period.

*See* Exhibit C, screen shot of https://cseinstitute.org/board/nadeem-bezar/

The allegations in Plaintiff's initial Complaint were dramatic—she claimed that the Roosevelt Defendants harbored her for commercial sex acts for a span of two years, and that a hotel employee – known and identified by a first name -- was an integral part of the sex trafficking operation. *See* Exhibit D, Complaint, at ¶¶ 4, 25-27, 45-47. Plaintiff continued to

3

Case ID: 170300712
Control No.: 21060209

assert in her verified interrogatory answers and sworn deposition testimony that she was trafficked from 2013 to 2014. *See* Exhibit E and F, Plaintiff's deposition transcript, at 105. Yet, as the only person who could provide the time when she was allegedly trafficked, Plaintiff filed her Fourth Amended Complaint in November 2019, which alleges a shorter time period, January to June 2014, in which Plaintiff claims to have been trafficked. *See* Exhibit G. The Fourth Amended Complaint no longer alleges the complicity of a hotel employee and she charges defendants with only constructive knowledge. *Id.* Additionally, Plaintiff's Fourth Amended Complaint omits the PHTL claim. *Id.*

The allegations contained in Plaintiff's Fourth Amended Complaint are further refuted by the documentary evidence and her deposition admissions that Plaintiff was in other locations during the time she claims she was being held at the Roosevelt Inn. To date, Plaintiff has failed to identify a single calendar day that she was at the Roosevelt Inn.

The fact that Plaintiff's factual allegations have changed via pleading amendments, when she is the only person with such factual knowledge, (including with respect to the timing of her alleged victimization), coupled with her nebulous answers to discovery and deposition testimony, Plaintiff's credibility is now called into question. Plaintiff's counsel has never retracted the outrageous allegations he made in 2017, when he filed the first case of its kind under the PHTL. In other words, he continues to promote the case as being filed under the PHTL, yet he seeks an order from the Court precluding defendants from correctly stating that the PHTL does not apply in this case.

Defendants do not intend to confuse or mislead the jury. Rather, they intend to identify the changing landscape of this litigation from 2017 to now, to explain how and why the claims

150213.00601/126115374v.2

Case ID: 170300712
Control No.: 21060209

have changed. Evidence related to the credibility of a witness is always relevant. *Commonwealth v. Brown*, 212 A.2d 1076, 1087 (Pa. Super. 2019).

## II.      CONCLUSION

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel oppose Plaintiff's Motion in Limine to Preclude Evidence, Testimony or Argument that Plaintiff Does Not Have a Claim Pursuant to the Pennsylvania Anti-Human Trafficking Law and respectfully request that this Honorable Court enter an Order in the form attached hereto.

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

5

Case ID: 170300712
Control No.: 21060209

<u>**CERTIFICATE OF SERVICE**</u>

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Response in Opposition to Plaintiff's Motion in Limine to Preclude Evidence, Testimony or Argument that Plaintiff Does Not Have a Claim Pursuant to the Pennsylvania Anti-Human Trafficking Law were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by United States First Class Mail, postage prepaid: upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060209

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*


/s/ Justina L. Byers
JUSTINA L. BYERS

150213.00601/126115374v.2

Case ID: 170300712
Control No.: 21060209

M.B., minor by her Guardian,
William A. Calandra, Esquire,

               Plaintiff,

     v.

ROOSEVELT INN LLC d/b/a ROOSEVELT
INN and ROOSEVELT INN CAFÉ,
ROOSEVELT MOTOR INN, INC. d/b/a
ROOSEVELT MOTOR INN, UFVS
MANAGEMENT COMPANY, LLC,
YAGNA PATEL and ALPHA-CENTURION
SECURITY, INC. d/b/a ALPHA CENTURION
SECURITY INC.

               Defendants,

     v.

DAIQUAN DAVIS and ABDUL LOPEZ

               Additional Defendants.

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

MARCH TERM, 2017

Civil Action No.: 00712

## ORDER

    **AND NOW**, this \_\_\_\_\_ day of _____, 2021, upon consideration of Defendant

Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Introduction of Letter from

Daiquan Davis and/or Testimony Regarding its Contents, and any responses thereto, it is hereby

**ORDERED** and **DECREED** that said Motion is **GRANTED.** Plaintiff is hereby

**PRECLUDED** from introducing a letter from Daiquan Davis and testimony and/or argument

regarding its contents, and all testimony regarding such letter be stricken from the record.

               BY THE COURT:

               _____

                                           J.

Case ID: 170300712
Control No.: 21062211

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
       keddy@blankrome.com
       byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>         Plaintiff,<br><br>      v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>         Defendants,<br><br>      v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>         Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR
INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
JOINDER AND RESPONSE IN SUPPORT OF THE MOTION IN LIMINE TO
PRECLUDE INTRODUCTION OF A LETTER FROM DAIQUAN DAVIS AND/OR
<u>TESTIMONY REGARDING ITS CONTENTS</u>**

Case ID: 170300712
Control No.: 21062211

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby join in and submit the following Joinder and Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Introduction of Letter from Daiquan Davis and/or Testimony Regarding its Contents, filed on June 10, 2021 at Control no. 21062211, and in support thereof, avers as follows:

1-6.  Admitted.  The Roosevelt Defendants hereby incorporate by reference paragraphs 1-6 of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Introduction of Letter from Daiquan Davis and/or Testimony Regarding its Contents as if set forth at length herein.

7.  Denied.  Counsel for the Roosevelts did receive a response from Plaintiff's counsel to their request for any correspondence between Plaintiff's counsel and Defendant Davis.  In response to the Roosevelt Defendants' transmission of a handwritten letter Davis sent to the Roosevelt Inn, Plaintiff's counsel wrote that Davis **"never sent us anything"**:

> In the MB case, we sent Davis a letter -maybe two, asking him to speak with us.  He never sent us anything.  We did speak on the phone and he indicated he was represented by counsel so I stopped the call immediately.  No substantive information was exchanged or revealed.  I suspended additional efforts to contact him after I received his Statement from your office.  The only other correspondence possible is writing to him and asking would he like documents produced during discovery.

Exhibit 1.  Counsel for the Roosevelt Defendants responded:

> Nadeem,
> The document I sent to you this morning is the only document received from Davis that was not previously produced.  I have attached a letter from Jim Quinlan to Davis from October 18, 2019.  The only other piece of correspondence from our office  was a transmittal letter enclosing the Joinder Complaint in October 2018 and of course, we have served him with documents throughout the litigation.
> The Roosevelt Defendants have nothing further to exchange but we would like to receive correspondence between your office and Davis.

Exhibit A to Alpha's Motion.  Despite the Roosevelt Defendants' request, Plaintiff did not produce the letters he acknowledged and described in his email.

Case ID: 170300712
Control No.: 21062211

8.-24. Admitted. The Roosevelt Defendants hereby incorporate by reference paragraphs 8-24 of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Introduction of Letter from Daiquan Davis and/or Testimony Regarding its Contents as if set forth at length herein. By way of further response, not only did Plaintiff's counsel fail to produce the requested correspondence that he acknowledged, he denied that his office ever received correspondence from Davis. See Exhibit 1 ("He [Davis] never sent us anything.").

**WHEREFORE,** Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Defendant Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Introduction of Letter from Daiquan Davis and/or Testimony Regarding its Contents and respectfully request that this Honorable Court enter an Order in the form attached hereto.

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

*/s/ Charles S. Marion*
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*

Case ID: 170300712
Control No.: 21062211

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
     keddy@blankrome.com
     byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

---

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>          Plaintiff,<br><br>       v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>        Defendants,<br><br>       v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>      Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROOSEVELT INN, LLC,
ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA
PATEL'S JOINDER AND RESPONSE IN SUPPORT OF ALPHA-CENTURION
SECURITY, INC.'S MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF
<u>LETTER FROM DAIQUAN DAVIS AND/OR TESTIMONY REGARDING ITS</u>**

Case ID: 170300712
Control No.: 21062211

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby submit the following Memorandum of Law in Support of their Joinder and Response in Support of Alpha-Centurion Security, Inc.'s  Motion in Limine to Preclude Introduction of Letter from Daiquan Davis and/or Testimony Regarding its Contents, filed on June 10, 2021 at Control no. 21062211.

The Roosevelt Defendants hereby incorporate by reference Defendant Alpha-Centurion Security, Inc.'s Memorandum of Law in Support of its Limine to Preclude Introduction of Letter from Daiquan Davis and/or Testimony Regarding its Contents, as if fully set forth at length herein and join in said Motion to Preclude.

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Introduction of Letter from Daiquan Davis and/or Testimony Regarding its Contents, and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

2

Case ID: 170300712
Control No.: 21062211

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*

Case ID: 170300712
Control No.: 21062211

<u>**CERTIFICATE OF SERVICE**</u>

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Joinder and Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Introduction of Letter from Daiquan Davis and/or Testimony Regarding its Contents were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN  47808

*Additional Defendant*

126134125v.1

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

_/s/ Justina L. Byers_
JUSTINA L. BYERS

126134125v.1

Case ID: 170300712
Control No.: 21062211

# EXHIBIT 1

Case ID: 170300712
Control No.: 21062211

**Byers, Justina**

| | |
|---|---|
| **From:** | Bezar, Nadeem <nadeem.bezar@klinespecter.com> |
| **Sent:** | Wednesday, May 26, 2021 12:02 PM |
| **To:** | Byers, Justina; Marion, Charles S. |
| **Cc:** | Marks, Emily |
| **Subject:** | FW: [EXTERNAL] M.B. v. Roosevelt Inn LLC, et al. |
| **Attachments:** | Ltr to N. Bezar encl. Roos 005910-005913 - 5-26-21.pdf |

Justina,

Thank you for turning the information over. Given the first page, I find it hard to believe that other letters and/or enclosures weren't sent. Shouldn't this have been turned over when it was received? In either case, I would like everything sent to you by Davis. If you believe its not discoverable or that you don't have to turn it over I am happy to hear why.

In the MB case, we sent Davis a letter -maybe two, asking him to speak with us. He never sent us anything. We did speak on the phone and he indicated he was represented by counsel so I stopped the call immediately. No substantive information was exchanged or revealed. I suspended additional efforts to contact him after I received his Statement from your office. The only other correspondence possible is writing to him and asking would he like documents produced during discovery.

Perhaps we should exchange all correspondence sent to Davis in the MB case. Thoughts? As he is scheduled to testify next week we should make some quick decisions.

If I don't hear back today, I will file a Motion for a Protective Order by the end of the week.

I have tried to call several times and phone always works well for me as it is easier to hash these issues out during a dialogue rather than the 'start and stop' of email exchanges.

Nadeem

---

**From:** Smith, Antoinette <Smith@BlankRome.com>
**Sent:** Wednesday, May 26, 2021 11:15 AM
**To:** Bezar, Nadeem <nadeem.bezar@klinespecter.com>; Marks, Emily <emily.marks@klinespecter.com>
**Cc:** TPWagner <TPWagner@mdwcg.com>; Stanko, Robert W. <RWStanko@mdwcg.com>; Foreman, Melanie J. <mjforeman@mdwcg.com>; Byers, Justina <byers@blankrome.com>; cmarion <cmarion@blankrome.com>; Eddy, Kevin M. <KEddy@BlankRome.com>
**Subject:** [EXTERNAL] M.B. v. Roosevelt Inn LLC, et al.

Dear Counsel:

I am forwarding the attached to you on behalf of Justina Byers.

Thank you.
Toni

Case ID: 170300712
Control No.: 21062211

**Toni Smith | Professional Assistant |** BLANK<span style="color:red">ROME</span>
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.255.3190 | F: 215.569.5555 | smith@blankrome.com

*********************************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*********************************************************************************************
****** CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Case ID: 170300712
Control No.: 21062211

M.B., minor by her Guardian,
William A. Calandra, Esquire,

        Plaintiff,

      v.

ROOSEVELT INN LLC d/b/a ROOSEVELT
INN and ROOSEVELT INN CAFÉ,
ROOSEVELT MOTOR INN, INC. d/b/a
ROOSEVELT MOTOR INN, UFVS
MANAGEMENT COMPANY, LLC,
YAGNA PATEL and ALPHA-CENTURION
SECURITY, INC. d/b/a ALPHA CENTURION
SECURITY INC.

        Defendants,

      v.

DAIQUAN DAVIS and ABDUL LOPEZ

        Additional Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

MARCH TERM, 2017

Civil Action No.: 00712

## ORDER

    **AND NOW**, this _____ day of _____, 2021, upon consideration of Defendant

Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Anthony Brooks, and responses

thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED.**  Plaintiff is

hereby **PRECLUDED** from introducing the testimony of Anthony Brooks.

               BY THE COURT:

                                         J.

Case ID: 170300712
Control No.: 21062248

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
      keddy@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>        Plaintiff,<br><br>v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC.<br><br>        Defendants,<br><br>v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>        Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

### DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S JOINDER AND RESPONSE IN SUPPORT OF THE MOTION IN LIMINE TO PRECLUDE ANTHONY BROOKS

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Case ID: 170300712
Control No.: 21062248

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby join in and submit the following Joinder and Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Testimony of Anthony Brooks, filed on June 11, 2021 at Control no. 21062248, and in support thereof, avers as follows:

1-20. Admitted. The Roosevelt Defendants hereby incorporate by reference paragraphs 1-20 of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude the Testimony of Anthony Brooks, as if set forth at length herein. By way of further response, Anthony Brooks is an Additional Defendant in a case captioned, *B.H. v. Roosevelt Inn LLC and Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc. and UFVS Management Company LLC, Alpha-Centurion Security, Inc., 4200 Roosevelt LLC and 4200 Roosevelt d/b/a Days Inn and 4200 Hospitality LLC and 4200 Hospitality d/b/a Days Inn and Days Inn, Surati Management Group, Days Inn By Wyndham d/b/a Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC and Wyndham Hotels and Resorts LLC and Wyndham Hotel Management, Inc., Wyndham Destinations, Inc. Wyndham Hotels and Resorts, Inc., Days Inn Worldwide, Inc. and North American Motor Inns, Inc. d/b/a North American Motor Inns and Ramara, Inc. and Ashoka Investments & Management Services, Ritz Hotel Group, Inc. American Motor Inns, Inc., Anthony Brooks and Maurice Bailey,* Philadelphia Court of Common Pleas, March Term 2019 C.A. No. 03356. Brooks in currently incarcerated in a Pennsylvania prison and was deposed remotely on May 24, 2021. During Brooks' deposition, Plaintiff's counsel emailed counsel for the Roosevelt Defendants his intention to add Brooks to Plaintiff's witness list in this case.

Brooks testified he was at the Roosevelt Inn in 2012 and perhaps January 2013, and that after his February 5, 2013, he did not return to the Roosevelt Inn. *See* Exhibit A, Brooks

2

Case ID: 170300712
Control No.: 21062248

deposition transcript, at 18, 53, 54. He testified he did not know Daiquan Davis; he was not questioned about Plaintiff or Abdul Lopez. *Id*. at 110-111. According to his testimony, Brooks was last at the Roosevelt Inn December 2012 or January 2013, more than a year prior to the relevant time period in the instant case. *Id*. His testimony, therefore, is not relevant to the claims and defenses in this case.

**WHEREFORE,** Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Defendant Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Testimony of Anthony Brooks, and respectfully request that this Honorable Court enter an Order in the form attached hereto.

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

*/s/ Charles S. Marion*
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
         keddy@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21062248

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
         keddy@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 NO.: 00712 |
| v. | : : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S JOINDER AND RESPONSE IN SUPPORT OF ALPHA-CENTURION SECURITY, INC.'S MOTION IN LIMINE TO <u>PRECLUDE TESTIMONY OF ANTHONY BROOKS</u>**

Case ID: 170300712
Control No.: 21062248

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby submit the following Memorandum of Law in Support of their Joinder and Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Testimony of Anthony Brooks, filed on June 11, 2021 at Control no. 21062248.

The Roosevelt Defendants hereby incorporate by reference Defendant Alpha-Centurion Security, Inc.'s Motion and Memorandum of Law in Support of its Limine to Preclude Testimony of Anthony Brooks, as if fully set forth at length herein and join in said Motion to Preclude.

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Testimony of Anthony Brooks, and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

150213.00601/126137454v.1

Case ID: 170300712
Control No.: 21062248

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21062248

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Joinder and Response in Support of Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Testimony of Anthony Brooks were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21062248

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*


*/s/ Justina L. Byers*
JUSTINA L. BYERS

150213.00601/126137454v.1

Case ID: 170300712
Control No.: 21062248

|  |  |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>        Plaintiff,<br><br>        v.<br><br>ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN and<br>ROOSEVELT INN CAFÉ, et al.,<br><br>        Defendants.<br><br>        v.<br><br>DAIQUAN DAVIS AND ABDUL LOPEZ,<br><br>        Additional Defendants. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CIVIL ACTION – LAW<br><br>MARCH TERM, 2017<br>Civil Action No.:  00712 |

## ORDER

    **AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff's

Motion in Limine to Preclude Speculative Opinions on Liability from Defendants' Psychiatric

Expert Barbara Ziv, and responses thereto, it is hereby **ORDERED** and **DECREED** that said

Motion is **DENIED.**  Defendants **SHALL NOT BE PRECLUDED** from offering testimony or

opinions by Dr. Ziv about 1) the cause of Plaintiff's becoming a victim of sex trafficking; and 2)

the ability of staff at the Roosevelt Inn to detect Plaintiff's presence at the hotel.

                BY THE COURT:

                _____ J.

Case ID: 170300712
Control No.: 21060437

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
       keddy@blankrome.com
       byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : | MARCH TERM, 2017 NO.: 00712 |
| v. | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : | JURY TRIAL DEMANDED |
| Defendants, | : | |
| v. | : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : | |
| Additional Defendants. | : | |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S JOINDER IN SUPPORT OF THE RESPONSE OF ALPHA-CENTURION SECURITY, INC. TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DR. ZIV'S TESTIMONY AND OPINIONS**

126130238

Case ID: 170300712
Control No.: 21060437

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby join the Response in Opposition of Alpha-Centurion Security, Inc. to Plaintiff's Motion in Limine to Preclude Dr. Barbara Ziv's Testimony and Opinions, filed on June 11, 2021 at Control no. 21060437 and in support thereof, avers as follows:

The Roosevelt Defendants hereby incorporate by reference Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude Dr. Barbara Ziv's Testimony and Opinions, and supporting Memorandum of Law, as if fully set forth at length herein.

**WHEREFORE,** Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Defendant Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude Dr. Barbara Ziv's Testimony and Opinions and respectfully request that this Honorable Court enter an Order in the form attached hereto.

126130238

Case ID: 170300712
Control No.: 21060437

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
         keddy@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060437

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 |
| v. | : : | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : : | |

126130238

Case ID: 170300712
Control No.: 21060437

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
JOINDER TO ALPHA-CENTURION SECURITY, INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
DR. ZIV'S TESTIMONY AND OPINIONS**

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel

(collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP,

hereby submit the following Memorandum of Law in Support of their Joinder to Alpha-

Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude

Dr. Barbara Ziv's Testimony and Opinions, filed on June 11, 2021 at Control no. 21060437.

The Roosevelt Defendants hereby join and incorporate by reference Defendant Alpha-

Centurion Security, Inc.'s Response in Opposition to said Motion and supporting Memorandum

of Law, as if fully set forth at length herein.

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and

Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management

Company and Yagna Patel join in Alpha-Centurion Security, Inc.'s Response in Opposition to

Plaintiff's Motion in Limine to Preclude Dr. Barbara Ziv's Testimony and Opinions and

respectfully request that this Honorable Court enter an Order substantially in the form attached

hereto.

126130238

Case ID: 170300712
Control No.: 21060437

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060437

## <u>CERTIFICATE OF SERVICE</u>

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Joinder to the Response in Opposition of Alpha-Centurion Security, Inc. to the Motion in Limine to Preclude Dr. Ziv's Testimony and Opinions were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN  47808

*Additional Defendant*

126130238

Case ID: 170300712
Control No.: 21060437

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

_/s/ Justina L. Byers_
JUSTINA L. BYERS

126130238

Case ID: 170300712
Control No.: 21060437

M.B., minor by her Guardian,
William A. Calandra, Esquire,

                      Plaintiff,

        v.

ROOSEVELT INN LLC
d/b/a ROOSEVELT INN and
ROOSEVELT INN CAFÉ, et al.,

                  Defendants.

        v.

DAIQUAN DAVIS AND ABDUL LOPEZ,

               Additional Defendants.

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

CIVIL ACTION – LAW

MARCH TERM, 2017
Civil Action No.: 00712

## ORDER

      **AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff's

Motion in Limine to Preclude Testimony, Argument or Opinion Regarding the Past Sexual

History of Plaintiff, and responses thereto, it is hereby **ORDERED** and **DECREED** that said

Motion is **DENIED.**  Defendants **SHALL NOT BE PRECLUDED** from offering testimony,

argument or opinions regarding the past sexual history of Plaintiff predating the incidents of sex

trafficking.

                    BY THE COURT:

                    _____

                                        J.

Case ID: 170300712
Control No.: 21060656

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
      keddy@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 |
| v. | : : : | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : : | |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT
MOTOR INN, INC., UFVS MANAGEMENT COMPANY
AND YAGNA PATEL'S JOINDER IN SUPPORT OF THE RESPONSE OF
ALPHA-CENTURION SECURITY, INC. TO PLAINTIFF'S MOTION IN
LIMINE TO PRECLUDE TESTIMONY, ARGUMENT OR OPINION
<u>REGARDING THE PAST SEXUAL HISTORY OF PLAINTIFF</u>**

126134701

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby join the Response in Opposition of Alpha-Centurion Security, Inc. to Plaintiff's Motion in Limine to Preclude Testimony, Argument or Opinion Regarding the Past Sexual History of Plaintiff, filed on June 11, 2021 at Control no. 21060656 and in support thereof, avers as follows:

The Roosevelt Defendants hereby incorporate by reference Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude Testimony, Argument or Opinion Regarding the Past Sexual History of Plaintiff, and supporting Memorandum of Law, as if fully set forth at length herein.

**WHEREFORE,** Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Defendant Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude Testimony, Argument or Opinion Regarding the Past Sexual History of Plaintiff and respectfully request that this Honorable Court enter an Order in the form attached hereto.

126134701

Case ID: 170300712
Control No.: 21060656

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
            keddy@blankrome.com
            byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

126134701

Case ID: 170300712
Control No.: 21060656

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | MARCH TERM, 2017 NO.: 00712 |
| v. | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | JURY TRIAL DEMANDED |
| Defendants, | |
| v. | |
| DAIQUAN DAVIS and ABDUL LOPEZ | |
| Additional Defendants. | |

126134701

Case ID: 170300712
Control No.: 21060656

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
JOINDER TO ALPHA-CENTURION
SECURITY, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE TO PRECLUDE TESTIMONY, ARGUMENT OR
OPINION REGARDING THE PAST SEXUAL HISTORY OF PLAINTIFF**

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby submit the following Memorandum of Law in Support of their Joinder to Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude Testimony, Argument or Opinion Regarding the Past Sexual History of Plaintiff, filed on June 11, 2021 at Control no. 21060656.

The Roosevelt Defendants hereby join and incorporate by reference Defendant Alpha-Centurion Security, Inc.'s Response in Opposition to said Motion and supporting Memorandum of Law, as if fully set forth at length herein.

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in Alpha-Centurion Security, Inc.'s Response in Opposition to Plaintiff's Motion in Limine to Preclude Testimony, Argument or Opinion Regarding the Past Sexual History of Plaintiff and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

2

Case ID: 170300712
Control No.: 21060656

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
         keddy@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060656

## <u>CERTIFICATE OF SERVICE</u>

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Joinder to the Response in Opposition of Alpha-Centurion Security, Inc. to the Motion in Limine to Preclude Testimony, Argument or Opinion Regarding the Past Sexual History of Plaintiff were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN  47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060656

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*


/s/ Justina L. Byers
JUSTINA L. BYERS

126134701

M.B., minor by her Guardian,
William A. Calandra, Esquire,

        Plaintiff,

  v.

ROOSEVELT INN LLC d/b/a ROOSEVELT
INN and ROOSEVELT INN CAFÉ,
ROOSEVELT MOTOR INN, INC. d/b/a
ROOSEVELT MOTOR INN, UFVS
MANAGEMENT COMPANY, LLC,
YAGNA PATEL and ALPHA-CENTURION
SECURITY, INC. d/b/a ALPHA CENTURION
SECURITY INC.

        Defendants,

  v.

DAIQUAN DAVIS and ABDUL LOPEZ

        Additional Defendants.

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

MARCH TERM, 2017

Civil Action No.:  00712

## ORDER

    **AND NOW**, this _____ day of _____, 2021, upon consideration of Defendant

Alpha-Centurion Security, Inc.'s Motion in Limine as to Extraneous Crime, and any responses

thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED in part and**

**DENIED in part.**  Plaintiff M.B. is **PRECLUDED** from providing evidence, testimony and/or

argument regarding Extraneous Criminal Activity at Trial, including:

    Statements of Keith Fenwick, Rashaad McIntyre and Michael Staub;

    City of Philadelphia Police Records and Testimony by Philadelphia Police Officers;

    The March 31, 2014 Shooting at the Roosevelt Inn; and

126109571

Prostitution by and Trafficking of Individuals other than Plaintiff M.B.

BY THE COURT:

_____
                                                            J.

126109571

Case ID: 170300712
Control No.: 21060447

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
      keddy@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>               Plaintiff,<br><br>      v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>             Defendants,<br><br>      v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>           Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
RESPONSE TO ALPHA-CENTURION SECURITY, INC.'S MOTION IN
<u>LIMINE AS TO EXTRANEOUS CRIMINAL ACTIVITY</u>**

126109571

Case ID: 170300712
Control No.: 21060447

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby joins in part and opposes in part Alpha-Centurion Security, Inc.'s Motion in Limine as to Extraneous Criminal Activity, filed on June 2, 2021 at Control no. 21060447 and in support thereof, avers as follows:

1-61. Admitted. The Roosevelt Defendants hereby incorporate by reference paragraphs 1 through 61 of Alpha-Centurion Security, Inc.'s Motion in Limine as to Extraneous Crime, filed on June 2, 2021 at Control no. 21060447, and supporting Memorandum of Law, as if fully set forth at length herein, and join in said Motion to Preclude, except to the extent that Alpha-Centurion Security, Inc. seeks to preclude the testimony of its former employee Keith Fenwick, a request which the Roosevelt Defendants hereby oppose. Keith Fenwick testified in his deposition that he was assigned to Roosevelt Inn up to "right after the shooting," a reference to a March 31, 2014 shooting incident. *See* Alpha-Centurion's Motion in Limine as to Extraneous Criminal Activity, at ¶ 17. Fenwick's testimony establishes that he might have been at the Roosevelt Inn during the relevant time period of Plaintiff's claims. Additionally, Fenwick testified in his deposition that he observed what he believed was prostitution, saw men physically abuse women and believed some of the women he saw engaging in prostitution were under age, yet he did nothing and reported these observations to no one. *See* Exhibit A, deposition transcript of Keith Fenwick, at 24, line 3-25, line 15; 26, line 3- 22; 28, line 23-29, line 14; 32, line 23-33, line 3. Instead, Fenwick "put a blindfold on to whatever . . . was going on." *Id*. at 34, line 13-20. His testimony, therefore, is highly probative to the Roosevelt Defendants' crossclaims against Alpha-Centurion Security, Inc.

126109571

The Roosevelt Defendants join in Alpha-Centurion's Motion to preclude and exclude:

- Statements of Keith Fenwick, Rashaad McIntyre and Michael Staub;

- City of Philadelphia Police Records and Testimony by Philadelphia Police Officers;

- The March 31, 2014 Shooting at the Roosevelt Inn; and,

- Prostitution by and Trafficking of Individuals other than Plaintiff M.B.

**WHEREFORE,** Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in part and oppose in part Defendant Alpha-Centurion Security, Inc.'s Motion in Limine as to Extraneous Criminal Activity. The Roosevelt Defendants join in Alpha-Centurion Security, Inc.'s Motion, except as to the exclusion of the deposition testimony of former Alpha-Centurion employee Keith Fenwick, which the Roosevelt Defendants oppose, and respectfully request that this Honorable Court enter an Order in the form attached hereto.

126109571

Case ID: 170300712
Control No.: 21060447

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

126109571

Case ID: 170300712
Control No.: 21060447

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | |
| | MARCH TERM, 2017 |
| v. | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | JURY TRIAL DEMANDED |
| Defendants, | |
| v. | |
| DAIQUAN DAVIS and ABDUL LOPEZ | |
| Additional Defendants. | |

126109571

Case ID: 170300712
Control No.: 21060447

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S RESPONSE TO ALPHA-CENTURION SECURITY, INC.'S MOTION IN LIMINE AS TO EXTRANEOUS CRIMINAL ACTIVITY**

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby join in part and oppose in part and submit the following Memorandum of Law in Support of their Response to Alpha-Centurion Security, Inc.'s Motion in Limine as to Extraneous Criminal Activity, filed on June 2, 2021 at Control no. 21060447.

The Roosevelt Defendants hereby incorporate by reference Defendant Alpha-Centurion Security, Inc.'s Motion in Limine, as if fully set forth at length herein and join in part in said Motion to Preclude, except as to the exclusion of the deposition testimony of Alpha-Centurion former employee Keith Fenwick, which exclusion the Roosevelt Defendants oppose.

Fenwick testified in his deposition that he was assigned to Roosevelt Inn up to "right after the shooting," a reference to a March 31, 2014 shooting incident. *See* Alpha-Centurion's Motion in Limine as to Extraneous Criminal Activity, at ¶ 17. Fenwick's testimony establishes that he might have been at the Roosevelt Inn during the relevant time period of Plaintiff's claims. Additionally, Fenwick testified in his deposition that he observed what he believed was prostitution, saw men physically abuse women and believed some of the women he saw engaging in prostitution were under age, yet he did nothing and reported these observations to no one. *See* Exhibit A, deposition transcript of Keith Fenwick, at 24, line 3-25, line 15; 26, line 3-22; 28, line 23-29, line 14; 32, line 23-33, line 3. Instead, Fenwick "put a blindfold on to whatever . . . was going on." *Id*. at 34, line 13-20.

126109571

Case ID: 170300712
Control No.: 21060447

The Roosevelt Defendants join in Alpha-Centurion's Motion to preclude and exclude the following:

- Statements of Keith Fenwick, Rashaad McIntyre and Michael Staub;

- City of Philadelphia Police Records and Testimony by Philadelphia Police Officers;

- The March 31, 2014 Shooting at the Roosevelt Inn; and,

- Prostitution by and Trafficking of Individuals other than Plaintiff M.B.

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in part and oppose in part Alpha-Centurion Security, Inc.'s Motion in Limine as to Extraneous Criminal Activity and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion

Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*

126109571

Case ID: 170300712
Control No.: 21060447

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Response to Alpha-Centurion Security, Inc.'s Motion in Limine as to Extraneous Criminal Activity were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by United States First Class Mail, postage prepaid: upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

126109571

Case ID: 170300712
Control No.: 21060447

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*


/s/ *Justina L. Byers*
JUSTINA L. BYERS

126109571

Case ID: 170300712
Control No.: 21060447

# EXHIBIT A

Case ID: 170300712
Control No.: 21060447

# In The Matter Of:

*M.B., minor by her Guardian, William A. Calandra, Esq. vs.*
*Roosevelt Inn LLC, et al*

---

*Keith Fenwick*
*September 26, 2019*

---

*B&R Services for Professionals, Inc.*
*235 South 13th Street*
*Philadelphia, PA 19107*
*(215) 546-7400*
*cr@brservices.com*

Original File Keith Fenwick 092619.txt
Min-U-Script® with Word Index

Case ID: 170300712
Control No.: 21060447

M.B., minor by her Guardian, William A. Calandra, Esq. vs.
Roosevelt Inn LLC, et al

Keith Fenwick
September 26, 2019

Page 1

```
 1        IN THE COURT OF COMMON PLEAS
             OF PHILADELPHIA COUNTY
 2
 3  M.B., a minor,          :
    By her Guardian         :
 4  WILLIAM A. CALANDRA,    :  MARCH TERM, 2017
    ESQUIRE                 :
 5                          :
    -vs.-                   :  NO.: 00712
 6                          :
    ROOSEVELT INN, LLC      :
 7  d/b/a ROOSEVELT INN and :  JURY TRIAL DEMANDED
    ROOSEVELT INN CAFE, et/al:
 8
 9
10              -  -  -
11        September 26, 2019
12              -  -  -
13
14
15        Videotape deposition of KEITH
    FENWICK, held in the Law Offices of Kline & Specter,
16  P.C., 1525 Locust Street, Philadelphia,
    Pennsylvania, commencing at 4:54 p.m., on the above
17  date, before Colleen Gallagher, a Court Reporter and
    Notary Public of the Commonwealth of Pennsylvania.
18
19
20
21
22              -  -  -
23     B&R SERVICES FOR PROFESSIONALS, INC.
            235 SOUTH 13th Street
24       Philadelphia, Pennsylvania 19107
                (215) 546-7400
```

Page 2

```
 1  APPEARANCES:
 2       KLINE & SPECTER, P.C.
         BY: NADEEM BEZAR, ESQUIRE
 3       1525 Locust Street
         Philadelphia, Pennsylvania 19102
 4       215-722-0524
         Counsel for Plaintiffs
 5
 6       MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
         BY: THOMAS WAGNER, ESQUIRE
 7       2000 Market Street, Suite 2300
         Philadelphia, Pennsylvania 19103
 8       215-575-2600
         Counsel for Alpha Centurion Security, Inc.
 9
10       BLANK ROME, LLP
         BY: DANIEL OBERDICK, ESQUIRE
11       One Logan Square
         130 North 18th Street
12       Philadelphia, Pennsylvania 19103
         215-569-5430
13       Counsel for Roosevelt Inn, LLC, d/b/a
         Roosevelt Inn and Roosevelt Inn Cafe,
14       Roosevelt Motor Inn, Inc., d/b/a
         Roosevelt Motor Inn, UFVS Management
15       Company, LLC and Yagna Patel
16
17
18
19  Also Present: Daniel Burke, Videographer
20
21
22
23
24
```

Page 3

KEITH FENWICK

```
 1        -  -  -
 2        INDEX
 3        -  -  -
 4  Testimony of:  KEITH FENWICK
 5  By Mr. Bezar              4
 6  By Mr. Wagner            57, 106
 7  By Mr. Oberdick           86
 8        -  -  -
 9        EXHIBITS
10        -  -  -
11  NUMBER        DESCRIPTION        PAGE NO.
12  Fenwick 1     Judgment             67
13
14
15
16
17
18
19
20
21
22
23
24
```

Page 4

KEITH FENWICK

1    (It is hereby stipulated and agreed by
2  and between counsel for the respective parties that
3  signing, sealing, certification, and filing are
4  waived; and that all objections, except as to the
5  form of the question, are reserved until the time of
6  trial.)
7    VIDEOGRAPHER: Today's date is
8  September 26, 2019. We are now on the record.
9  The deponent is Keith Fenwick. All counsel
10  will be noted on the stenographic record.
11    Will the court reporter please swear
12  in the witness?
13    -  -  -
14    KEITH FENWICK, after having been
15  first duly sworn, was examined and testified as
16  follows:
17    -  -  -
18    VIDEOGRAPHER: You may proceed.
19    BY MR. BEZAR:
20  Q.  Good afternoon, Mr. Fenwick. My name is
21  Nadeem Bezar, and I represent a woman who has been
22  identified as M.B. in this case. Those are her
23  initials. She's chosen to remain anonymous. I'm
24  going to be asking you some questions today about

Case ID: 170300712
Control No.: 19060447

Keith Fenwick
September 26, 2019

M.B., minor by her Guardian, William A. Calandra, Esq. vs.
Roosevelt Inn LLC, et al

KEITH FENWICK                                                Page 21

1  A.  Brian Bowens.
2  Q.  Did you ever ask or request that
3  additional security should be brought in at the
4  Roosevelt?
5  A.  No.
6  Q.  You talked about paperwork.
7      What type of paperwork did you have
8  to fill out?
9  A.  Basically just checking my rounds and
10  putting the times down that I made my rounds and
11  basically any disturbances.
12  Q.  Who would you give that paperwork to?
13  A.  It would go in the log.
14  Q.  Did you ever have to complete any incident
15  reports?
16  A.  Yes.
17  Q.  And did you complete those incident
18  reports?
19  A.  Yes.
20  Q.  And where were those incident reports
21  kept?
22  A.  In the log.
23  Q.  While you worked at the Roosevelt, could
24  you estimate the number of incident reports you

KEITH FENWICK                                                Page 22

1  completed?
2  A.  About -- I believe about 40.  That's a
3  mild estimate.
4  Q.  Were there security cameras at the
5  Roosevelt?
6  A.  Yes, sir.
7  Q.  Do you know where the cameras were
8  located?
9  A.  Yes, sir.
10  Q.  Were there cameras in the hallways?
11  A.  Yes, sir.
12  Q.  Cameras on the back doors or on the doors?
13  A.  A few.  Two doors, I believe, had cameras.
14  The other ones, I don't think they worked.
15  Q.  Were there monitors to watch what was
16  going on on these cameras?
17  A.  I believe, yeah, monitors where the clerk
18  was.
19  Q.  The clerk, is that the front desk person?
20  A.  Yes.
21  Q.  Do you recall the names of anybody that
22  worked at the front desk?
23  A.  It's been so long ago.  I can only recall
24  one person's name or what they used to call him.

KEITH FENWICK                                                Page 23

1  Q.  Right.
2  A.  He was the cleaning guy at night.  He was
3  an older gentleman, and they used to call him Farooq
4  or something like that.  I'm not -- I don't know if
5  that was his actual name, but that's what they used
6  to call him.
7  Q.  Okay.  Were you present during the
8  shootout at the Roosevelt?
9  A.  No.  I left before the shootout.  I recall
10  seeing it on the news, and I'm like I left just in
11  time.
12  Q.  Right.
13  A.  Because, I mean...
14  Q.  Did you think to yourself, wow, I used to
15  work there?
16  A.  Yeah.
17  Q.  And do you know how long before the
18  shootout you left the Roosevelt roughly?
19  A.  I went to the Eastern State Penitentiary,
20  I'd say, roughly about three weeks.
21  Q.  Did you ever see young girls at the
22  Roosevelt?
23  A.  Yes.
24  Q.  Did you ever see girls in rooms at the

KEITH FENWICK                                                Page 24

1  Roosevelt?
2  A.  Yes.
3  Q.  Did you ever see girls selling sex at the
4  Roosevelt?
5  A.  Yes.
6  Q.  Who were they selling -- who were these
7  girls selling sex to?
8  A.  Your everyday ordinary just Joe that came
9  off the street.  I mean, they look -- they had
10  business attire on, and you know, it's just your
11  everyday person.
12  Q.  There's a term that refers to men
13  sometimes that buy sex as Johns?
14  A.  Yes.
15  Q.  Is it okay if I use that term, Johns?
16  A.  Yes.
17  Q.  Did you see Johns at the Roosevelt?
18  A.  Yes, sir.
19  Q.  Did you see Johns regularly at the
20  Roosevelt?
21  A.  Yes, sir.
22  Q.  How did you know they were Johns?
23  A.  Because they would -- they would frequent
24  the rooms -- I call them Backpage rooms -- and you

Case ID: 170300712
Control No.: 23060443

M.B., minor by her Guardian, William A. Calandra, Esq. vs.
Roosevelt Inn LLC, et al

Keith Fenwick
September 26, 2019

1  know, be in there for an hour and then leave. And
2  then another person would come in after that and go
3  to that same exact room. So I basically knew what
4  was going on, but --
5  Q. Okay. So these Johns would come to rooms,
6  come for a period of time, like an hour?
7  A. Uh-huh.
8  Q. And then leave that room?
9  A. Yes, sir.
10 Q. And leave the hotel?
11 A. Yes, sir.
12 Q. And then another John would come to that
13 same room, stay for about an hour, and leave as
14 well?
15 A. Yes, sir.
16 Q. Were there many rooms that had Johns going
17 in and out?
18 A. Yes, sir.
19 Q. Do you know how many rooms are at the
20 Roosevelt roughly?
21 A. Roughly 200.
22 Q. I think somebody once estimated about 110
23 rooms?
24 A. No. It's more than that.

1  Q. You think it's more than that?
2  A. Yes, sir.
3  Q. What percentage -- in your opinion, what
4  percentage of the rooms were occupied by women
5  selling sex?
6      MR. WAGNER: Objection to the form.
7      BY MR. BEZAR:
8  Q. You can answer.
9  A. On the weekends, 75 percent at least.
10 Q. And did you -- did you see -- do you
11 understand what the term "pimp" is?
12 A. Yes.
13 Q. Did you see anybody that you thought was a
14 pimp while you worked at the Roosevelt?
15 A. Absolutely.
16 Q. Why would you think that they were a pimp?
17 A. Because they would -- after a John would
18 leave, they would come to the room and obviously
19 collect money from the prostitutes and leave out and
20 go back into the parking lot and another John would
21 come in. And he would do the same thing over and
22 over again.
23 Q. Did you think that pimps were getting guys
24 who were waiting -- Johns who were waiting in the

1  parking lot and bring them into the hotel into the
2  rooms?
3  A. Well, when I sit in the lobby and do my
4  paperwork after I do my hourly row, there would --
5  you could hear conversations of the pimps talking in
6  the lobby. They would get a phone call from the
7  John, and the John would say I'm outside and he
8  would bring him in straight past the clerk.
9  Q. So pimps spent time in the lobby?
10 A. Yes.
11 Q. Men taking phone calls from Johns spent
12 time in the lobby?
13 A. Yes.
14 Q. And you could hear the phone calls while
15 you were sitting there?
16 A. Yes, sir.
17 Q. And this was done in front of the front
18 desk clerk?
19 A. Yes. The front desk clerk couldn't hear
20 because the glass is real thick, but she couldn't
21 hear the conversation. But I was sitting there and
22 I used to hear all of it.
23 Q. Would the front desk clerk see the pimps
24 go out of the hotel and bring somebody in?

1  A. Yes.
2  Q. Was it unusual for pimps to congregate in
3  the lobby area?
4  A. Well, they tried to stay out of the lobby
5  area, but the one that I saw in actuality -- the
6  main shooter for that video, he was a pimp, and I
7  used to see him all the time. He frequented that
8  hotel almost every day -- I mean -- at least every
9  weekend.
10     And the other two, they were also
11 pimps with the dreadlocks and the other guy that was
12 holding the coffee and stuff. They were also pimps,
13 so I used to see them all the time.
14 Q. Is it your testimony that the three people
15 involved in the Roosevelt shooting were pimps that
16 frequented the Roosevelt while you were working
17 security?
18 A. Yes.
19 Q. Does the name Vincent Jackson mean
20 anything?
21 A. No. I never knew their names, just the
22 faces.
23 Q. Did you ever see a pimp get aggressive
24 with any of the girls?

Case ID: 170300712
Control No.: 19060447

Keith Fenwick
September 26, 2019

M.B., minor by her Guardian, William A. Calandra, Esq. vs.
Roosevelt Inn LLC, et al

KEITH FENWICK                                Page 29

1  A.  Yes.
2  Q.  Did you ever see the pimp put his hands on
3  any of the girls?
4  A.  Yes.
5  Q.  Did you ever see a pimp strike any of the
6  girls?
7  A.  Yes.
8  Q.  Did this happen on more than one occasion?
9  A.  Yes.
10  Q.  Were there multiple men or pimps that did
11  what you just described?
12  A.  No, not multiple.  There were -- I can
13  think of at least two that I actually saw get
14  physical with a female in the hallway.
15  Q.  Over your time at the Roosevelt, how many
16  pimps do you think you saw there?
17  A.  I can guesstimate because it's a lot.  I'm
18  going to say over 100 at my time, my time being
19  there.
20      MR. WAGNER: Objection to that if
21  it's merely a guess.
22      BY MR. BEZAR:
23  Q.  Is 100 your best estimate of the number of
24  pimps that you might have seen working at the

KEITH FENWICK                                Page 30

1  Roosevelt while you were there?
2  A.  My total best, yeah.
3      MR. WAGNER: Same objection.
4      BY MR. BEZAR:
5  Q.  How many different girls do you think you
6  saw selling sex at the Roosevelt during your time
7  there, the total time that you were there roughly?
8  A.  Roughly 150.
9  Q.  Did you ever see drug use at the
10  Roosevelt?
11  A.  As far as marijuana, yes.
12  Q.  Did the staff at the Roosevelt, were they
13  aware that prostitution was going on at the
14  Roosevelt?
15      MR. WAGNER: Objection.
16      BY MR. BEZAR:
17  Q.  You can answer.
18  A.  There's no way that you can't be aware of
19  a situation like that.
20  Q.  Why is that?
21  A.  The gentleman that used to -- the Indian
22  gentleman that used to work as the cleaner at night,
23  older gentleman, he used to complain about it, all
24  these hookers and whores and pimps in here.  He was

KEITH FENWICK                                Page 31

1  basically sick about it or he appeared to be.
2  Q.  How about the people at the front desk?
3  Do you think that they knew --
4  A.  Yes.
5  Q.  -- that there was prostitution?
6  A.  They knew, but they're not -- they
7  basically didn't say anything about it, not to me at
8  least.
9      MR. WAGNER: Same objection.
10      MR. OBERDICK: Joint objection.
11      MR. WAGNER: Are you asking this man
12  to tell us what someone else knew or thought?
13      MR. BEZAR: Yep.
14      BY MR. BEZAR:
15  Q.  Why do you think they knew?  Let's start
16  with this.  You mentioned monitors --
17  A.  Yes.
18  Q.  -- in the front desk area?
19  A.  Uh-huh.
20  Q.  Do you know if the cameras from the
21  hallways appeared on those monitors?
22  A.  Yes, they did.
23  Q.  Why do you think that the front desk
24  clerks knew or had to know that prostitution was

KEITH FENWICK                                Page 32

1  going on at the Roosevelt other than what you just
2  told us?
3  A.  Because basically, they could see the same
4  thing I see when I walk.  They could see different
5  people going in and out of rooms.  They basically
6  saw what I saw.
7  Q.  Was there ever any nudity at the
8  Roosevelt, girls walking around without clothes?
9  A.  In one instance, yes.
10  Q.  How about girls walking around with little
11  clothing?
12  A.  Yes, a lot.  Yes.
13  Q.  A lot?
14  A.  Yes.
15  Q.  Did that happen on every night?
16  A.  I wouldn't say every night.  Most nights.
17  Q.  Most nights there were girls walking
18  around with little clothing?
19  A.  Yes.  They would leave their rooms to come
20  out to the vending machine or come to the front desk
21  or something of that nature, and they would have
22  lingerie and inappropriate clothing.
23  Q.  Did any of the girls that were involved in
24  selling sex seem young to you?

Case ID: 170300712
Control No.: 23060447

M.B., minor by her Guardian, William A. Calandra, Esq. vs.
Roosevelt Inn LLC, et al

Keith Fenwick
September 26, 2019

1  A.  Yes.
2  Q.  Did any of them seem under the age of 18?
3  A.  Yes.
4  Q.  At any time, did you ask any of these
5  girls if they needed help?
6  A.  Yes.
7  Q.  Can you remember instances of actually
8  doing that?
9  A.  Yes.  It was a female, young female on the
10 far side steps near the exit crying, and I walked
11 down to see if she was okay.  And she actually had a
12 busted lip, and in actuality, her boyfriend -- her
13 actual boyfriend was her pimp.  He was a Muslim guy,
14 young Muslim guy, had to be 18, 19, and I asked her
15 if she needed help.  And she said she would be okay,
16 so there's nothing I could do after.
17 Q.  Did you ever tell anybody at Alpha that
18 there was prostitution going on at the Roosevelt?
19 A.  Basically, everybody knew what was going
20 on.  Not -- I'm not -- not higher management, not
21 Pat Panetta, Brian Bowens.  The roving supervisors,
22 we used to, you know -- it was, like, a general
23 conversation.
24 Q.  Tell me about that conversation?

1  A.  Basically, I would tell them how nasty it
2  is, and I wanted to wear gloves to walk around
3  because there's so much prostitution and stuff going
4  on and germs and all that stuff.  And they would,
5  you know, just do your job, get out of there, do
6  your job, do your hours, and get out of there.
7      So there's no way they didn't know
8  about it.  I mean, Patrick Panetta and Brian Bowens,
9  the management, there's a good chance they didn't
10 know about it, but the roving supervisors that
11 reported back to the office every day and then
12 picked up the logs, I know for a fact they knew.
13 Q.  When you -- you said the conversation they
14 said, just do your job and get out of there --
15 A.  Yeah.
16 Q.  -- what did you understand that to mean?
17 A.  No matter discussing what I thought it
18 was, I didn't want to lose my job.  So I just had to
19 basically, you know, do my jobs and put a blindfold
20 on to whatever else was going on.
21 Q.  Did you think something should be done
22 about the prostitution?
23 A.  Absolutely, yeah.  I mean, that's one of
24 the reasons I wanted to get out of there because

1  nothing was being done about it.  And truthfully, if
2  I can put it bluntly.
3  Q.  Please.
4  A.  The owner of the Roosevelt Inn, I think --
5  I know he knew about it, but he was making so much
6  money on turnovers of the rooms that he basically
7  wouldn't do anything about it, you know what I mean,
8  if he wanted to.
9      MR. WAGNER: Objection.  All this is
10 utter speculation, Counsel, and I think you
11 know it.
12     MR. OBERDICK: Join the objection.
13     MR. BEZAR: Do you want to put
14 anything else on the record?
15     MR. WAGNER: Not for now.
16     BY MR. BEZAR:
17 Q.  The owner that you're referring to of the
18 Roosevelt?
19 A.  Yes.
20 Q.  Who is that?
21 A.  I never -- I saw him in the morning, but
22 that's it but in passing.
23 Q.  Was he an older gentleman?  Why don't you
24 describe him to me?

1  A.  Back then, he was -- he looked like to be
2  late 40s, early 50s.  Like I said, I just saw him in
3  passing when he walked in his office.
4  Q.  He had an office there?
5  A.  Yes.  He used to -- as soon as you come
6  in, there was an office to the side he used to go
7  in.  I don't know if it's an office, but it was a
8  place he used to go into.  Yeah, it was an office
9  because he had a desk and a chair, but I never
10 really spoke to him or anything like that.
11 Q.  Did you ever see the pimps paying for
12 rooms?
13 A.  Yes.
14 Q.  Where would they pay for rooms?
15 A.  The front desk.
16 Q.  Did you ever see men who you thought were
17 pimps using more than one room?
18 A.  I couldn't -- I couldn't be clear on that,
19 so I'm not going to, you know --
20 Q.  You don't know?
21 A.  Usually -- basically when I do my rounds,
22 they would basically have two girls per room, most
23 of them, you know.  15, 20 percent of the rooms were
24 filled with two girls, two beds, two girls, and they

Case ID: 170300712
Control No.: 19080343

M.B., minor by her Guardian,                    :
William A. Calandra, Esquire,                    :       IN THE COURT OF COMMON PLEAS
                                                 :       PHILADELPHIA COUNTY
                    Plaintiff,                   :
           v.                                    :       MARCH TERM, 2017
                                                 :
ROOSEVELT INN LLC d/b/a ROOSEVELT               :       Civil Action No.:  00712
INN and ROOSEVELT INN CAFÉ,                      :
ROOSEVELT MOTOR INN, INC. d/b/a                  :
ROOSEVELT MOTOR INN, UFVS                        :
MANAGEMENT COMPANY, LLC,                         :
YAGNA PATEL and ALPHA-CENTURION                  :
SECURITY, INC. d/b/a ALPHA CENTURION             :
SECURITY INC.                                    :
                                                 :
                    Defendants,                  :
           v.                                    :
                                                 :
DAIQUAN DAVIS and ABDUL LOPEZ                    :
                                                 :
                    Additional Defendants.       :
                                                 :

## ORDER

    **AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff 's

Motion in Limine to Preclude Any Evidence, Testimony or Argument that Sex Trafficking of

Child Requires Force, Fraud or Coercion, and responses thereto, it is hereby **ORDERED** and

**DECREED** that said Motion is **DENIED.**  Defendants **SHALL NOT BE PRECLUDED** from

offering evidence, testimony and/or argument that Plaintiff was not subjected to force, fraud or

coercion at trial.

                          BY THE COURT:

                                  _____
                                                J.

Case ID: 170300712
Control No.: 21060204

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC. | : | JURY TRIAL DEMANDED |
| Defendants, | : | |
| v. | : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : | |
| Additional Defendants. | : | |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE TO PRECLUDE EVIDENCE, TESTIMONY OR ARGUMENT THAT SEX
<u>TRAFFICKING OF A CHILD REQUIRES FORCE, FRAUD OR COERCION</u>**

Case ID: 170300712
Control No.: 21060204

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel

("Roosevelt Defendants"), by their counsel Blank Rome LLP, hereby oppose Plaintiff's Motion

in Limine to Preclude Evidence, Testimony or Argument that Sex Trafficking of a Child

Requires Force, Fraud or Coercion, and in support of their opposition, rely on and incorporate

the attached Memorandum of Law.

<div align="center">
Respectfully submitted,

**BLANK ROME LLP**
</div>

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email:  cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

<div align="center">
2
</div>

Case ID: 170300712
Control No.: 21060204

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
          keddy@blankrome.com
          byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 |
| v. | : : | NO.: 00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : | |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE TO PRECLUDE EVIDENCE, TESTIMONY OR ARGUMENT THAT SEX
<u>TRAFFICKING OF A CHILD REQUIRES FORCE, FRAUD OR COERCION</u>**

Case ID: 170300712
Control No.: 21060204

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby oppose and submit the following Response to Plaintiff's Motion in Limine to Preclude Evidence, Testimony or Argument that Sex Trafficking of a Child Requires Force, Fraud or Coercion, filed on June 2, 2021 at Control no. 21060204 and in support thereof, avers as follows:

## I.    FACTUAL BACKGROUND

Plaintiff initiated this litigation in March 2017, alleging violations of the violations of Pennsylvania Human Trafficking Law, 18 Pa. C.S.A. § 3001 *et seq*. ("PHTL") and alleging that she was subjected to sex trafficking from 2013 to mid-2014.

Plaintiff's 2017 initial Complaint spurred an onslaught of negative publicity painting the Roosevelt Inn as a hub of human trafficking, drugs and other crimes. The day the Complaint was filed, headlines proclaimed that a minor was held as a sex slave at the hotel for two years and was forced to have sex with more than 1,000 men.

> During 2013 and 2014, said Bezar, M.B. sometime spent weeks or months living at the motel at 7630 Roosevelt Blvd., was barred from leaving, and was forced to commit sex acts with about 1,000 men "double, triple and quadruple her age. . . . Bezar said the girl managed to get out once during the two years but was forced to return until she finally broke free and reestablished contact with her family and city child-welfare workers.

*See* Exhibit A.

The allegations in Plaintiff's initial Complaint were dramatic—she claimed that the Roosevelt Defendants harbored her for commercial sex acts for a span of two years, and that a hotel employee – known and identified by a first name -- was an integral part of the sex trafficking operation. *See* Exhibit B, Complaint, at ¶¶ 4, 25-27, 45-47. Plaintiff amended her

2

Case ID: 170300712
Control No.: 21060204

complaint numerous times. Plaintiff's Fourth Amended Complaint, filed in November 2019, alleges a shorter time period, January to June 2014, in which Plaintiff claims to have been trafficked. *See* Exhibit C. The Fourth Amended Complaint no longer alleges the complicity of a hotel employee and she charges defendants with only constructive knowledge. *Id.* The Fourth Amendment Complaint also *omits the statutory claim based on the PHTL.* Hence, this case is based solely on Plaintiff's claims of negligence.

## II.    ARGUMENT

The statutory definition of sex trafficking is not at issue in this litigation. Plaintiff does not allege a statutory claim. Plaintiff, however, has alleged elements of force and coercion in her negligence claims against the Roosevelt Defendants. All versions of Plaintiff's Complaint allege that Plaintiff was "visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn" and that she "exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn." See, e.g., Fourth Amended Complaint, at ¶¶ 46-47. Such allegations, listed as Plaintiff's "operative facts," raise the issue of force and coercion, and allegations that the Roosevelt Defendants witnessed or were aware of force or coercion are clearly sensational and require a response. The Roosevelt Defendants must be permitted to present evidence that refutes Plaintiff's "operative facts" that acts of force and coercion took place in the hotel lobby and other public areas of the hotel.

Plaintiff testified that during the time she was at the Roosevelt Inn, she was locked in a room 24/7 and left the room only to walk to a side door, not to or through the lobby or any other public area. Exhibit D, Plaintiff's deposition transcript, at 101. Plaintiff also testified that Davis struck her on three occasions but that no one observed the assaults. *Id.* at 185. Evidence that directly contradicts Plaintiff's pleadings is relevant and probative. The analysis is neither

3

Case ID: 170300712
Control No.: 21060204

misleading nor confusing. The Roosevelt Defendants must present evidence to refute the claims that Plaintiff was subjected to force or coercion in the public places of the hotel.

Plaintiff alleges that the Roosevelt Defendants knew or should have known that Plaintiff was in the hotel and was being victimized in the hotel. Whether Plaintiff was subject to force or coercion at the Roosevelt Inn, observable by Roosevelt Inn employees, goes to the core of Plaintiff's claims. Defendants do not intend to confuse or mislead the jury. Rather, they intend to defend against Plaintiff's claims by introducing evidence that they were not on notice and had no cause to be on notice to Plaintiff's victimization. The Roosevelt Defendants defense also involves identifying the changing landscape of this litigation from 2017 to now, to explain how and why Plaintiff's claims have changed and how evidence adduced during discovery has proven Plaintiff's pleadings to be untruthful. Such evidence is proper and relevant. *Commonwealth v. Brown*, 212 A.2d 1076, 1087 (Pa. Super. 2019). Because Plaintiff herself raised the issue of force and coercion in her negligence claims against defendants, she cannot now try to prevent defendants from defending those claims.

## III.    CONCLUSION

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel oppose Plaintiff's Motion in Limine to Preclude Evidence, Testimony or Argument that that Sex Trafficking of a Child Requires Force, Fraud or Coercion and respectfully request that this Honorable Court enter an Order in the form attached hereto.

4

Case ID: 170300712
Control No.: 21060204

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

150213.00601/126119003v.1

Case ID: 170300712
Control No.: 21060204

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Response in Opposition to Plaintiff's Motion in Limine to Preclude Evidence, Testimony or Argument that that that Sex Trafficking of a Child Requires Force, Fraud or Coercion were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by United States First Class Mail, postage prepaid: upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060204

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*


/s/ Justina L. Byers
JUSTINA L. BYERS

150213.00601/126119003v.1

Case ID: 170300712
Control No.: 21060204

M.B., minor by her Guardian,
William A. Calandra, Esquire,

                Plaintiff,

    v.

ROOSEVELT INN LLC d/b/a ROOSEVELT
INN and ROOSEVELT INN CAFÉ,
ROOSEVELT MOTOR INN, INC. d/b/a
ROOSEVELT MOTOR INN, UFVS
MANAGEMENT COMPANY, LLC,
YAGNA PATEL and ALPHA-CENTURION
SECURITY, INC. d/b/a ALPHA CENTURION
SECURITY INC.

                Defendants,

    v.

DAIQUAN DAVIS and ABDUL LOPEZ

              Additional Defendants.

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

MARCH TERM, 2017

Civil Action No.:  00712

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Defendant

Alpha-Centurion Security, Inc.'s Motion in Limine as to Inadmissible Hearsay, and any

responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** in

part and **DENIED** in part.  Plaintiff M.B. is **PRECLUDED** from providing inadmissible

hearsay, including:

    Police records containing hearsay and double hearsay;

    Testimony of police officers constituting hearsay and double hearsay;

126109716v.1

Case ID: 170300712
Control No.: 21060291

Out of court statements of non-party witnesses; and

Trip Advisor, Yelp and/or Facebook Reviews for the Roosevelt Inn.

BY THE COURT:

_____
J.

126109716v.1

Case ID: 170300712
Control No.: 21060291

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>Plaintiff,<br><br>v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>Defendants,<br><br>v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
RESPONSE TO ALPHA-CENTURION SECURITY, INC.'S MOTION IN
<u>LIMINE AS TO INADMISSIBLE HEARSAY</u>**

126109716v.1

Case ID: 170300712
Control No.: 21060291

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby joins in part and opposes in part Alpha-Centurion Security, Inc.'s Motion in Limine as to Inadmissible Hearsay, filed on June 2, 2021 at Control no. 21060291 and in support thereof, avers as follows:

1-4.    Admitted.

5.    Denied.  Yagna Patel testified regarding reports that Alpha-Centurion employee Kelvin Hanton collected and/or resold room keys.  Patel will appear at trial and should be permitted to testify as to his knowledge on the subject.  Hanton and Alpha Centurion witnesses should also be permitted to testify as to their knowledge on the subject.  Such testimony is not hearsay and is highly probative of the Roosevelt Defendants' crossclaims against Alpha-Centurion Security, Inc.

6. – 9.  Denied.  The averments in paragraphs 6 to 9 are conclusions of law to which no response is required.  The Roosevelt Defendants deny that testimony based on personal knowledge regarding Hanton's conduct is hearsay.

10.    Denied.  The averments in paragraph 10 contain conclusions of law to which no response is required.  By way of further response, the Roosevelt Defendants deny that testimony relating to Hanton's collection and/or reselling room keys is hearsay to which no exception applies.

11.    Admitted in part and denied in part.  The averments in paragraph 11 contain conclusions of law to which no response is required.  By way of further response, the Roosevelt Defendants deny that testimony relating to Hanton's collection and/or reselling room keys should

2

Case ID: 170300712
Control No.: 21060291

be excluded. The Roosevelt Defendants admit that police records and testimony of police officers constituting hearsay and double hearsay, out of court statements of non-party witnesses and online reviews are inadmissible hearsay and should be excluded.

12. Denied. The averments in paragraph 12 contain conclusions of law to which no response is required. By way of further response, the Roosevelt Defendants deny that testimony relating to Hanton's collection and/or reselling room keys should be excluded.

13.-15. Denied. The averments in paragraphs 13-15 contain conclusions of law to which no response is required. By way of further response, the Roosevelt Defendants deny that testimony relating to Hanton's collection and/or reselling room keys should be excluded.

16.-17. Admitted in part and denied in part. The Roosevelt Defendants admit that out of court statements of non-party witnesses and online reviews are inadmissible hearsay and should be excluded. The Roosevelt Defendants deny that testimony of direct knowledge of Hanton's collection and reselling of room keys is inadmissible and should be excluded. By way of further response, Alpha-Centurion will have the opportunity to cross examine witnesses as to their direct knowledge of Hanton's collection and/or reselling of room keys.

18. Denied. The averments in paragraph 18 contain conclusions of law to which no response is required. By way of further response, the Roosevelt Defendants deny that testimony relating to Hanton's collection and/or reselling room keys should be excluded.

19. Denied. The Roosevelt Defendants have no knowledge as to Plaintiff's anticipated arguments at trial.

20. Denied. The averments in paragraph 20 contain conclusions of law to which no response is required. By way of further response, the Roosevelt Defendants deny that testimony

3

Case ID: 170300712
Control No.: 21060291

relating to Hanton's collection and/or reselling room keys is inadmissible hearsay and deny that it should be excluded.

22.-25. Admitted.

26. Admitted in part and denied in part. Admitted as to the transcription of Mr. Patel's testimony. Denied as to the conclusion that the testimony cited represents the full extent of Mr. Patel's personal knowledge on the subject.

27. Denied. Mr. Patel's deposition testimony was in direct response to specific questions. The Roosevelt Defendants deny the conclusion that the testimony cited represents the full extent of Mr. Patel's personal knowledge on the subject.

28. Denied. Mr. Patel's deposition testimony was in direct response to specific questions. The Roosevelt Defendants deny the conclusion that the testimony cited represents the full extent of Mr. Patel's personal knowledge on the subject. If Mr. Patel testifies at trial on the subject, Alpha-Centurion will have the opportunity to examine him.

29. Denied. Mr. Patel's deposition testimony was in direct response to specific questions. The Roosevelt Defendants deny the conclusion that the testimony cited represents the full extent of Mr. Patel's personal knowledge on the subject.

30. Denied. Mr. Patel's deposition testimony was in direct response to specific questions. The Roosevelt Defendants deny the conclusion that the testimony cited represents the full extent of Mr. Patel's personal knowledge on the subject.

31. Denied. Mr. Patel's deposition testimony was in direct response to specific questions. The Roosevelt Defendants deny the conclusion that the testimony cited represents the full extent of Mr. Patel's personal knowledge on the subject.

126109716v.1

Case ID: 170300712
Control No.: 21060291

32.  Denied.  Admissible evidence on this subject is probative of the Roosevelt Defendants' crossclaims against Alpha-Centurion.

33.  Denied.  The Roosevelt Defendants have no knowledge as to what evidence Plaintiff intends to introduce at trial.

34.  Denied.  Plaintiff's Fourth Amended Complaint is a written document that speaks for itself.

35.-46.   Admitted in part and denied in part.  Denied as to the Roosevelt Defendants' knowledge as to the alleged events referenced in paragraphs 35 to 46.  Admitted as to the inadmissibility of police records which contain hearsay statements and double hearsay statements and admitted as to the inadmissibility of testimony from police officers consisting of hearsay.

47. -88.  Admitted.  Hearsay and double hearsay statements contained in police reports and in the testimony of police officers is inadmissible.

**WHEREFORE,** Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in part and oppose in part Defendant Alpha-Centurion Security, Inc.'s Motion in Limine as to Inadmissible Hearsay.  The Roosevelt Defendants join in Alpha-Centurion Security, Inc.'s Motion, except as to the exclusion of the deposition testimony relating to Kelvin Hanton's collection and or reselling of room keys, which the Roosevelt Defendants oppose, and respectfully request that this Honorable Court enter an Order in the form attached hereto.

Case ID: 170300712
Control No.: 21060291

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

6

Case ID: 170300712
Control No.: 21060291

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC. | : | JURY TRIAL DEMANDED |
| Defendants, | : | |
| v. | : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : | |
| Additional Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROOSEVELT INN,
LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND
YAGNA PATEL'S RESPONSE TO ALPHA-CENTURION SECURITY, INC.'S MOTION
IN LIMINE AS TO INDADMISSIBLE HEARSAY**

Case ID: 170300712
Control No.: 21060291

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby join in part and oppose in part Alpha-Centurion Security, Inc.'s Motion in Limine as to Inadmissible Hearsay, filed on June 2, 2021 at Control no. 21060291.

The Roosevelt Defendants hereby incorporate by reference Defendant Alpha-Centurion Security, Inc.'s Motion in Limine, as if fully set forth at length herein and join in part in said Motion to Preclude, except as to the exclusion of the deposition testimony relating to Kelvin Hanton's collection and his resale of room keys at the Roosevelt Inn. Such evidence is highly probative to the Roosevelt Defendants' crossclaims against Alpha-Centurion and testimony of knowledge of such occurrences is admissible and should be permitted.

The Roosevelt Defendants join in Alpha-Centurion's Motion to preclude and exclude the following:

Police records containing hearsay and double hearsay;

Testimony of police officers constituting hearsay and double hearsay;

Out of Court Statements of Non-Party Witnesses; and

Trip Advisor, Yelp and/or Facebook Reviews for the Roosevelt Inn.

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel join in part and oppose in part Alpha-Centurion Security, Inc.'s Motion in Limine as to Inadmissible Hearsay and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

2

Case ID: 170300712
Control No.: 21060291

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

3

Case ID: 170300712
Control No.: 21060291

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Response to Alpha-Centurion Security, Inc.'s Motion in Limine as to Extraneous Criminal Activity were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by United States First Class Mail, postage prepaid: upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060291

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

_/s/ Justina L. Byers_
JUSTINA L. BYERS

126109716v.1

Case ID: 170300712
Control No.: 21060291

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>        Plaintiff,<br><br>      v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>        Defendants,<br><br>      v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>        Additional Defendants. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MARCH TERM, 2017<br><br>Civil Action No.: 00712 |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff's M.B's Motion in Limine to preclude the Roosevelt Defendants from Offering Evidence, Testimony or Argument Regarding the Application of the Fourth Amendment Privacy Rights to Motels or the Roosevelt Inn, and any responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED**. Defendants may offer evidence, testimony or argument regarding the application of the Fourth Amendment privacy rights to motels or the Roosevelt Inn.

BY THE COURT:

_____
                                                 J.

Case ID: 170300712
Control No.: 21060433

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
     keddy@blankrome.com
     byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>        Plaintiff,<br><br>     v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC.<br><br>        Defendants,<br><br>     v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>        Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE ROOSEVELT DEFENDANTS FROM OFFERING EVIDENCE, TESTIMONY OR ARGUMENT REGARDING THE FOURTH AMENDMENT <u>PRIVACY RIGHTS OF MOTEL GUESTS</u>**

Case ID: 170300712<br>Control No.: 21060433

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel ("Roosevelt Defendants"), by their counsel Blank Rome LLP, hereby oppose Plaintiff's Motion in Limine to Preclude the Roosevelt Defendants from Offering Evidence, Testimony Regarding the Fourth Amendment Privacy Rights of Hotel Guests, and in support of their opposition, rely on and incorporate the attached Memorandum of Law.

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

2

Case ID: 170300712
Control No.: 21060433

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
      keddy@blankrome.com
      byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire,<br><br>          Plaintiff,<br><br>      v.<br><br>ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC.<br><br>          Defendants,<br><br>      v.<br><br>DAIQUAN DAVIS and ABDUL LOPEZ<br><br>          Additional Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2017<br>NO.: 00712<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROOSEVELT INN, LLC,
ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA
PATEL'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE
ROOSEVELT DEFENDANTS FROM OFFERING EVIDENCE, TESTIMONY OR
ARGUMENT REGARDING THE FOURTH AMENDMENT
<u>PRIVACY RIGHTS OF MOTEL GUESTS</u>**

Case ID: 170300712
Control No.: 21060433

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel

("Roosevelt Defendants"), by their counsel Blank Rome LLP, respectfully submit this

Memorandum of Law in support of their Response in opposition to Plaintiff's Motion in Limine

to Preclude the Roosevelt Defendants from Offering Evidence, Testimony or Argument

Regarding the Application of the Fourth Amendment Privacy Rights to Motels or the Roosevelt

Inn.

## I.     PRELIMINARY STATEMENT

Plaintiff seeks to preclude Roosevelt Defendants from offering evidence, testimony or

argument regarding the application of the Fourth Amendment privacy rights to hotels/motels or

the Roosevelt Inn. Plaintiff specifically seeks to preclude Roosevelt Defendants from offering

testimony from their liability expert witness, Norman Bates ("Mr. Bates") regarding the Fourth

Amendment privacy rights of hotel guests. Motion in Limine at 1.

## II.    COUNTERSTATEMENT OF THE QUESTIONS INVOLVED

**1.  Should this Honorable Court preclude Defendants from offering evidence, testimony or argument regarding the application of the Fourth Amendment privacy rights to motels or the Roosevelt Inn?**

*Suggested answer*: **NO.**

## III.   ARGUMENT

**A.  A private citizen's actions may in some instances be considered state action which in turn may implicate a person's Fourth Amendment rights. Evidence, testimony or argument regarding the application of the Fourth Amendment privacy rights to hotels is directly relevant to the matter in issue.**

Plaintiff has incorrectly stated the law with respect to the protection afforded by the

Fourth Amendment to hotel or motel rooms. Plaintiff argues that "it is black letter law that both

150213.00601/126123754v.2

Case ID: 170300712
Control No.: 21060433

the U.S. Constitution and the Pennsylvania Constitution do not apply to the actions of private actors". Motion in Limine at 4. A more accurate restatement of the law would be to say that although a wrongful search or seizure conducted by a private party does not violate the Fourth Amendment, a private citizen's actions may in some instances be considered state action. *See Coolidge v. New Hampshire*, 403 U.S. 443, 487 (1971). Determining the existence of an agency relationship between the Government and the private party conducting the search turns on the degree of the Government's involvement in the private party's activities. This is done on a case-by-case basis, viewing the totality of circumstances. *See Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 614-15 (1989). Therefore, Plaintiff is incorrect to state that "such alleged statements have no relevance to Plaintiff's negligence-based claims against Defendants and mislead the jury about the law applicable to this case". Motion in Limine at 2.

Further, the matter in issue, according to Plaintiff, is whether Roosevelt Defendants took reasonable steps to prevent sex trafficking at the Roosevelt Inn when receiving notice that it was occurring at the hotel. Motion in Limine at 3. In assessing the reasonableness of Roosevelt Defendants' actions, Mr. Bates sets out factors that an innkeeper (in his expert opinion) would take into consideration, which includes the patrons' privacy rights. *See* Bates Report, Ex. A at 10-11. Therefore, on Plaintiff's own characterization of the case, whether Roosevelt Defendants, through their employees or agents, were entitled to assess the Fourth Amendment implications of acting as agents of the Government with respect to preventing sex trafficking at the Roosevelt Inn is an entirely appropriate and relevant consideration for Mr. Bates to have included in his Preliminary Opinion. Roosevelt Defendants should not be precluded from offering evidence, argument or testimony with respect to this issue.

150213.00601/126123754v.2

Case ID: 170300712
Control No.: 21060433

**B. Plaintiff has mischaracterized Mr. Bates's observations and conclusions with respect to Fourth Amendment considerations for hotel owners. Mr. Bates's observations are entirely within the remit of his instructions and Roosevelt Defendants should not be precluded from presenting these to the jury.**

Plaintiff argues that Mr. Bates has cited the law incorrectly in his Preliminary Opinion, (Ex. A at 4-5). Mr. Bates does not purport to be an expert on constitutional law in his Preliminary Opinion, nor is he being presented as such by Roosevelt Defendants. Mr. Bates is an expert in private security. His Preliminary Opinion is confined to the parameters of whether the Roosevelt Inn's security program in 2014 was adequate. Plaintiff states that Mr. Bates only cites one authority, and that this authority "concludes hotel operators are permitted and should evict guests who are engaging in criminal activity". Motion in Limine at 5. However, Mr. Bates cited "*Erin Andrews v. Nashville Marriott at Vanderbilt*, et al., case No. 11c4831, 2015" [sic] (Ex. A at 11) purely to illustrate the possible ramifications for hotel owners for failing to protect the privacy rights of their guests, which may have some bearing on the reasonableness of Roosevelt Defendants' actions.

Further, if Roosevelt Defendants are permitted to offer evidence on this issue, there will be no prejudice to Plaintiff in the eyes of the jury. The Court will be able to address the legal issues underpinning the instant case in its charge to the jury. *See Rettger v. UPMC Shadyside*, 991 A.2d 915, 931 (Pa. Super. Ct. 2010), citing *Ettinger v. Triangle–Pacific Corp.*, 799 A.2d 95, 106 (Pa.Super.2002) ("The court is vested with substantial discretion in fashioning the charge and may select its own language cognizant of the need to adequately apprise the jury of the law as it applies to the evidence adduced at trial."). If Mr. Bates, when giving his evidence, should stray into areas of law on which he is not an expert, he is not only likely to be subject to cross-examination on this issue, but the Court will inform the jury of the correct applicable law. The jury should be permitted to consider Mr. Bates's evidence relating to the privacy considerations of hotel owners.

150213.00601/126123754v.2

Case ID: 170300712
Control No.: 21060433

## IV.  CONCLUSION

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel oppose Plaintiff's Motion in Limine to Preclude the Roosevelt Defendants from Offering Evidence, Testimony or Argument Regarding the Application of the Fourth Amendment Privacy Rights to Motels or the Roosevelt Inn, and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

Respectfully submitted,

**BLANK ROME LLP**

Dated:  June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

5

Case ID: 170300712
Control No.: 21060433

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Response to Plaintiff's Motion in Limine to Preclude the Roosevelt Defendants from Offering Evidence, Testimony or Argument Regarding the Application of the Fourth Amendment Privacy Rights to Motels or the Roosevelt Inn were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by United States First Class Mail, postage prepaid: upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060433

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

_/s/ Justina L. Byers_
JUSTINA L. BYERS

150213.00601/126123754v.2

Case ID: 170300712
Control No.: 21060433

| | |
|---|---|
| M.B., minor by her Guardian, <br> William A. Calandra, Esquire, : | IN THE COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY |
| Plaintiff, : | |
| v. : | MARCH TERM, 2017 |
| : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT : <br> INN and ROOSEVELT INN CAFÉ, : <br> ROOSEVELT MOTOR INN, INC. d/b/a : <br> ROOSEVELT MOTOR INN, UFVS : <br> MANAGEMENT COMPANY, LLC, : <br> YAGNA PATEL and ALPHA-CENTURION : <br> SECURITY, INC. d/b/a ALPHA CENTURION : <br> SECURITY INC. : | Civil Action No.:  00712 |
| : | |
| Defendants, : | |
| v. : | |
| DAIQUAN DAVIS and ABDUL LOPEZ : | |
| Additional Defendants. : | |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff's

M.B's Motion in Limine to Preclude Defendants from Soliciting Testimony and Opinions

Concerning the Credibility and Veracity of Evidence and Witnesses, and responses thereto, it is

hereby **ORDERED** and **DECREED** that said Motion is **DENIED**.


BY THE COURT:


_____

                                                                              J.

Case ID: 170300712
Control No.: 21060197

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
       keddy@blankrome.com
       byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | |
|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | MARCH TERM, 2017 NO.: 00712 |
| v. | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | JURY TRIAL DEMANDED |
| Defendants, | |
| v. | |
| DAIQUAN DAVIS and ABDUL LOPEZ | |
| Additional Defendants. | |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM SOLICITNG TESTIMONY AND OPINIONS CONCERNING THE CREDIBILITY AND VERACITY OF EVIDENCE AND WITNESSES**

Case ID: 170300712
Control No.: 21060197

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel

("Roosevelt Defendants"), by their counsel Blank Rome LLP, hereby oppose Plaintiff's Motion

in Limine as to Preclude Defendants from Soliciting Testimony and Opinions Concerning the

Credibility and Veracity of Evidence and Witnesses (filed June 2, 2012 at control no. 21060197),

and in support of their opposition, rely on and incorporate the attached Memorandum of Law.

<div align="center">

Respectfully submitted,

**BLANK ROME LLP**

</div>

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

<div align="center">

2

</div>

Case ID: 170300712
Control No.: 21060197

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| | : | MARCH TERM, 2017 |
| v. | : | NO.: 00712 |
| | : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC. | : | JURY TRIAL DEMANDED |
| Defendants, | : | |
| v. | : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : | |
| Additional Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM SOLICITING TESTIMONY AND EVIDENCE CONCERNING THE CREDIBILITY AND VERACITY OF EVIDENCE AND WITNESSES**

Case ID: 170300712
Control No.: 21060197

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel ("Roosevelt Defendants"), by their counsel Blank Rome LLP, respectfully submit this Memorandum of Law in support of their Response in Opposition to Plaintiff's Motion in Limine to Preclude Defendants from Soliciting Testimony and Evidence Concerning the Credibility and Veracity of Evidence and Witnesses.

## I.  PRELIMINARY STATEMENT

Plaintiff seeks to preclude Defendants from soliciting testimony and evidence from their expert witnesses regarding the credibility and veracity of witnesses and evidence, asserting that such testimony and evidence invades the province of the jury.

## II.  ARGUMENT

While Plaintiff correctly states that issues of credibility are within the exclusive province of the jury, her motion erroneously cloaks expert opinion and discussions of source material as credibility determinations.

### Norman Bates

Plaintiff describes the following paragraph from the expert report of security expert Norman Bates as making a credibility determination:

> Ultimately, a jury will decide the veracity of the conflicting testimony/evidence.  However, it is my opinion that for the defendant hotel to be liable for the sex trafficking of the plaintiff, there must be more than an inference that such trafficking was taking place.

Plaintiff's Motion at 3 (citing the Report of defense expert Norman Bates, at 71).  Mr. Bates' comment did not name or identify a witness or a witness's statement nor did he state a point of

2

Case ID: 170300712
Control No.: 21060197

law inaccurately. To the contrary, Mr. Bates correctly stated that it is the jury's role to determine the veracity of conflicting evidence. *Estate of Hicks v. Dana Cos., LLC*, 904 A.2d 943, 960 (Pa. Super. 2009). Mr. Bates merely opined that there was insufficient support for the claim that the Roosevelt Defendants were aware or should have been aware of the presence of sex trafficking. That is clearly not an opinion on a witness's credibility.

### Kimberly Mehlman-Orozco

Plaintiff takes issue with excerpts from the expert report of Dr. Kimberly Mehlman-Orozco, who wrote:

> Testimony contradicting the clandestine nature of sex trafficking crimes is of questionable veracity and should be treated accordingly in developing conclusions. The reliability of these statements is further brought into question, when examined in the context of police reports originating at the Roosevelt Inn.

Plaintiff's Motion at 3 (citing Dr. Mehlman-Orozco's Report, at 23). Dr. Mehlman's comments do not question the testimony a specific witness or the veracity of a specific statement. Her comment generally addresses the clandestine nature of sex trafficking, the subject of her expertise. Moreover, the point of this comment is to explain that Plaintiff's testimony, which Dr. Mehlman-Orozco's report cites in a preceding paragraph, is consistent with her opinion that sex trafficking is clandestine in nature.

The paragraphs preceding Dr. Mehlman-Orozco's above quoted comment state that:

> Despite being a minor victim of sex trafficking, M.B. was conditioned to perceive herself as a consenting sex worker, which made her victimization difficult to identify. . . . As a result of this manipulation and conditioning, M.B. admitted that she never tried to escape her traffickers, never asked for help from the hotel staff and did not disclose[] her victimization to family.

Exhibit A, Report of Dr. Mehlman-Orozco, at 23 (internal citations omitted). Dr. Mehlman-Orozco is not questioning the veracity of Plaintiff's testimony; rather, she is explaining how

3

Case ID: 170300712
Control No.: 21060197

Plaintiff's own testimony is consistent with her expert opinion as to the covert nature of sex trafficking.

Plaintiff also criticizes Dr. Mehlman-Orozco for noting the factual foundation for the impeachment of Alpha Centurion employee Kelvin Hanton. She did not opine that Hanton was untruthful. Rather, she identified evidence that she relied up on in reaching her conclusions. Rule of Evidence 705 provides that an expert witness is permitted and, in fact, must testify regarding the source materials utilized to develop her conclusions and opinions. *Commonwealth v. Hairston*, 2021 Pa. LEXIS 1876, *47-48 (Pa. April 29, 2021); Pa.R.E. 705 ("If an expert states an opinion the expert must state the facts or data on which the opinion is based."). In *Hairston*, the defendant challenged an expert's comments that he "had great difficulty believing anything [defendant] said to [him]." *Hairston*, 2021 Pa. LEXIS 1876 at *47. The Supreme Court agreed with the lower court's determination that the expert's comment was permissible since experts may testify regarding the facts and data that the expert considered in forming his opinion. *Id.* at 48. The expert's statement was not a credibility determination but rather was made in the context of explaining his expert conclusion to the jury.

Likewise, in providing information to support her statement that the veracity of Hanton's testimony is questionable, Dr. Mehlman-Orozco, like the expert in *Hairston*, is identifying the source material used to develop her opinions and explaining those opinions.

Plaintiff further takes issue with Dr. Mehlman-Orozco's comment that Plaintiff's expert Michelle Guelbart's opinions "appear to be biased by her conflict of interest in peddling her organization's anti-trafficking training for hotels, which has not yet been adequately evaluated." Plaintiff's Motion, at 3 (quoting Dr. Mehlman-Orozco's Report, at 60. Dr. Mehlman-Orozco does not challenge the truthfulness of a statement made by Guelbart. Rather, she legitimately

150213.00601/126130103v.1

Case ID: 170300712
Control No.: 21060197

brings to light a potential conflict of interest and the potential bias of an expert witness by stating certain facts: that Guelbart's opinion promoted the training programs of her former employer ECPAT and that the ECPAT training program Guelbart promotes has never been empirically evaluated. These statements are far afield of invading the province of the jury.

**Barbara Ziv**

Throughout her report, Dr. Ziv comments on Plaintiff's credibility. Dr. Ziv is a psychiatrist, an expert in the field of evaluating the credibility of a patient. Her report identifies many examples of conflicting information contained in the source material she reviewed. She also identified source material that directly discussed Plaintiff's truthfulness. For example, Dr. Ziv identified medical records that recorded Plaintiff's self-report that "has been lying 'all the time' over the past few months," "lies about important things" and described herself as "a good liar" and lies so convincingly that she belies her own lies. Plaintiff's Motion at 4 (citing Dr. Ziv's Report at 16). Dr. Ziv similarly identifies source documents and information she relied upon that identified and described instances of Plaintiff's mother's having lied. Plaintiff's Motion at 4 (citing Dr. Ziv's Report at 16).

Dr. Ziv is a medical expert, who not surprisingly, reviewed medical, social service and educational records in preparation of her evaluation and report. Her referenced comments identify the material upon which she based her expert conclusions, in accordance with Pa. R. E. 705. There is nothing improper in identifying the cited source material upon which she relied even where that source material in itself calls into question a witness's credibility.

Dr. Ziv's own opinions as to Plaintiff's truthfulness are likewise properly set forth. Like the medical expert in *Hairston,* Dr. Ziv "must testify to the basis for reaching her opinion." *Hairston*, 2021 Pa. LEXIS 1876 at *47.

150213.00601/126130103v.1

Case ID: 170300712
Control No.: 21060197

### III.  CONCLUSION

Defense experts Bates, Mehlman-Orozco and Ziv properly set forth their opinions and properly identified the content of the source material upon which they relied in developing those opinions.  Their respective opinions not only do not invade the province of the jury, but are in compliance with the requirements of Pa.R.E. 705.

For the foregoing reasons, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel oppose Plaintiff's Motion in Limine to Preclude Defendants from Soliciting Testimony and Evidence Concerning the Credibility and Veracity of Evidence and Witnesses and respectfully request that this Honorable Court enter an Order substantially in the form attached hereto.

<div align="center">

Respectfully submitted,

**BLANK ROME LLP**

</div>

Dated:  June __, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

<div align="center">6</div>

Case ID: 170300712
Control No.: 21060197

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Response to Plaintiff's Motion in Limine to Preclude the Roosevelt Defendants from Offering Cumulative Liability Expert Testimony were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by United States First Class Mail, postage prepaid: upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060197

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ Justina L. Byers
JUSTINA L. BYERS

150213.00601/126130103v.1

Case ID: 170300712
Control No.: 21060197

M.B., minor by her Guardian,　　　　　:
William A. Calandra, Esquire,　　　　　:　　IN THE COURT OF COMMON PLEAS
　　　　　　　　　　　　　　　　　　:　　PHILADELPHIA COUNTY
　　　　　　　　Plaintiff,　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　:　　MARCH TERM, 2017
　　　　　　　　　　　　　　　　　　:
ROOSEVELT INN LLC d/b/a ROOSEVELT　:　　Civil Action No.:  00712
INN and ROOSEVELT INN CAFÉ,　　　　　:
ROOSEVELT MOTOR INN, INC. d/b/a　　　:
ROOSEVELT MOTOR INN, UFVS　　　　　:
MANAGEMENT COMPANY, LLC,　　　　　:
YAGNA PATEL and ALPHA-CENTURION　:
SECURITY, INC. d/b/a ALPHA CENTURION　:
SECURITY INC.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendants,　　　　　:
　　　v.　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
DAIQUAN DAVIS and ABDUL LOPEZ　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　Additional Defendants.　:
　　　　　　　　　　　　　　　　　　:

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff's

Motion in Limine to Preclude Any Evidence, Testimony, Argument or Opinion Regarding

Investigative Materials and/or Social Media, and responses thereto, it is hereby **ORDERED** and

**DECREED** that said Motion is **DENIED.**  Defendants **ARE NOT BE PRECLUDED** from

offering evidence, testimony, argument and/or opinion regarding Investigative Materials and/or

Social Media.

BY THE COURT:

_____
　　　　　　　　　　　　　　　　　　　　　　　　　J.

150213.00601/126121412v.1

Case ID: 170300712
Control No.: 21060775

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

| | | |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : : | MARCH TERM, 2017 NO.: 00712 |
| v. | : : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : : | |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE TO PRECLUDE EVIDENCE, TESTIMONY, ARGUMENT OR OPINION
REGARDING INVESTIGATIVE MATERIALS AND/OR SOCIAL MEDIA**

Case ID: 170300712
Control No.: 21060775

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt

Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel

("Roosevelt Defendants"), by their counsel Blank Rome LLP, hereby oppose Plaintiff's Motion

in Limine to Preclude Evidence, Testimony, Argument or Opinion Regarding Investigative

Materials and/or Social Media, and in support of their opposition, rely on and incorporate the

attached Memorandum of Law.

<div align="right">

Respectfully submitted,

**BLANK ROME LLP**

</div>

Dated: June 11, 2021

*/s/ Charles S. Marion*
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
            keddy@blankrome.com
            byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

2


Case ID: 170300712
Control No.: 21060775

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
        keddy@blankrome.com
        byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian, William A. Calandra, Esquire, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| Plaintiff, | : : | MARCH TERM, 2017 NO.: 00712 |
| v. | : : | |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., ROOSEVELT MOTOR INN, INC. d/b/a ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL and ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURION SECURITY INC. | : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants, | : : | |
| v. | : : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : : | |
| Additional Defendants. | : | |

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY AND YAGNA PATEL'S MEMORANDUM OF LAW IN IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE, TESTIMONY, ARGUMENT OR OPINION <u>REGARDING INVESTIGATIVE MATERIALS AND/OR SOCIAL MEDIA</u>**

Case ID: 170300712
Control No.: 21060775

Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel (collectively, the "Roosevelt Defendants"), by and through their attorneys, Blank Rome LLP, hereby oppose and submit the following Response to Plaintiff's Motion in Limine to Preclude Evidence, Testimony, Argument or Opinion Regarding Investigative Materials or Social Media, filed on June 2, 2021 at Control no. 21060775 and in support thereof, avers as follows:

## I.      FACTUAL BACKGROUND

Plaintiff initiated this litigation in March 2017, alleging violations of the violations of Pennsylvania Human Trafficking Law, 18 Pa. C.S.A. § 3001 *et seq*. ("PHTL") and alleging that she was subjected to sex trafficking from 2013 to mid-2014.

Plaintiff's 2017 initial Complaint spurred an onslaught of negative publicity painting the Roosevelt Inn as a hub of human trafficking, drugs and other crimes. Plaintiff's counsel proclaimed in a press release, interviews about the case and in the media generally that it was the first case to be filed pursuant to Pennsylvania's Human Trafficking statute. The day the Complaint was filed, headlines proclaimed that a minor was held as a sex slave at the hotel for two years and was forced to have sex with more than 1,000 men.

The allegations in Plaintiff's initial Complaint were dramatic—she claimed that the Roosevelt Defendants harbored her for commercial sex acts for a span of two years, and that a hotel employee – known and identified by a first name -- was an integral part of the sex trafficking operation. *See* Exhibit 1 Complaint, at ¶¶ 4, 25-27, 45-47. Plaintiff continued to assert in her verified interrogatory answers and sworn deposition testimony that she was trafficked from 2013 to 2014. *See* Exhibit 2, Plaintiff's Interrogatory responses, at no. 6 and Exhibit 3, Plaintiff's deposition transcript, at 105. Yet, as the only person who could provide the

2

Case ID: 170300712
Control No.: 21060775

time when she was allegedly trafficked, Plaintiff filed her Fourth Amended Complaint in November 2019, which alleges a shorter time period, January to June 2014, in which Plaintiff claims to have been trafficked. *See* Exhibit 4. The Fourth Amended Complaint no longer alleges the complicity of a hotel employee and she charges defendants with only constructive knowledge. *Id.* Additionally, Plaintiff's Fourth Amended Complaint omits the PHTL claim. *Id.*

The allegations contained in Plaintiff's Fourth Amended Complaint are further refuted by the documentary evidence and her deposition admissions that Plaintiff was in other locations during the time she claims she was being held at the Roosevelt Inn. To date, Plaintiff has failed to identify a single calendar day that she was at the Roosevelt Inn. Because the timing of Plaintiff's period of alleged trafficking has been subject to change through pleadings and discovery and because of evidence that refutes her allegations, Plaintiff's credibility is question.

She testified in her deposition and elsewhere that she met her alleged trafficker, Daiquan Davis, after she fled the foster home to which she was assigned, the home of the Salas family. Documents produced by DHS and Asociación Puertorriqueños en Marcha ("APM"), the agency with which the Salas family works, state that Plaintiff fled the Salas home on April 2, 2014. DHS records and Plaintiff confirmed that Plaintiff turned herself in to DHS custody on June 10, 2014. According to DHS records, during the period between April 2, 2014 and June 10, 2014, Plaintiff was reported as a missing person, but "came and went from [her parents'] home as she pleased." Exhibit 5, June 13, 2014 DHS Petition. She "refused to comply with the rules of the home" and her parents "were unable to control her behavior." *Id.*

The Roosevelt Defendants hired an investigative firm, Capital Investigations, to "capture" Plaintiff's social media posts during 2013 and 2014. The Facebook posts between April 2 and June 10, 2014, at a minimum, confirm that Plaintiff was not being held against her

150213.00601/126121412v.1

Case ID: 170300712
Control No.: 21060775

will at the Roosevelt Inn on the days she posted she was "home," going to Frankford, going to get a tattoo, looking for someone to hang out with, with her boyfriend and with her father. The following are just a few examples of these posts:



Exhibit 6.

During the period from April 2 to June 10, 2014, Plaintiff posted on Facebook on April 3, 4, 5, 7, 8, 9, 11, 12, 13, 16, 17, 18, 20, 21, 22, 25, 26, 27, 28, 29, 30, May 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 30, June 6, 7, 8 and 9. *Id.*

150213.00601/126121412v.1

Case ID: 170300712
Control No.: 21060775

On May 30, 2014, Plaintiff had an exchange with her foster-sister, Jessica Salas about turning herself into DHS:



*Id.*

Plaintiff argues in her motion that the investigative report, the Facebook screen capture, is not relevant to Plaintiff's claims in this case. This is absolutely not the case, since the Facebook posts evidence Plaintiff's own words indicating her whereabouts and activities during the relevant time period. Plaintiff's posts about her whereabouts and activities directly contradict her verified allegations and testimony under oath in this litigation. Plaintiff's motion describes the material as inflammatory. The language of the Facebook posts, while sometimes off-color, are Plaintiff's own words. She can testify as to their meaning or interpretation.

Plaintiff's claims that she was sold for sex and assaulted at the Roosevelt Inn during this period of time are directly contradicted by the Facebook screen capture. Plaintiff is seeking millions of dollars in damages from defendants. They must not be precluded from offering evidence that impeaches Plaintiff's claims.

5

Case ID: 170300712
Control No.: 21060775

## II.    ARGUMENT

### A.    The Investigative Report Is Relevant

The investigative report containing Plaintiff's Facebook posts during the relevant time period are clearly relevant to her claims.  The posts, on an almost daily basis, state, in Plaintiff's own words where she was, what she was doing and who she was with.  The posts call into question Plaintiff's credibility since they contradict her testimony under oath, her verified pleadings and her verified discovery responses.  If the posts are subject to interpretation, Plaintiff can testify and explain them.  The credibility of a plaintiff, and all witnesses, is always relevant. *Commonwealth v. Brown*, 212 A.2d 1076, 1087 (Pa. Super. 2019).  Additionally, the credibility of a witness may be impeached by any evidence relevant to that issue. *Am. Future Sys. v. Better Business Bureau*, 872 A.2d 1202, 1213 (Pa. Super. 2004); Pa.R.E. 607.

Impeachment evidence is always relevant.  Rule 607 of the Pennsylvania Rules of Evidence proves that the "credibility of a witness may be impeached by any evidence relevant to that issue, except as otherwise provided by statute or these rules."  Pa. R. E. 607(b); *Polett v. Public Communs., Inc*. 126 A.3d 895, 914 (Pa. 2014).  Where "evidence goes to the impeachment of [an] opponent's witness, it is admissible as a matter of right." *Am Future Sys*., 872 A.2d at 12-13.  In this case, the evidence impeaches Plaintiff's claims as to her location and activities during the relevant time period.  It is absurd that Plaintiff suggests that such information is not relevant.

### B.    The Facebook Posts Are Highly Probative

Plaintiff contends that Plaintiff's Facebook posts should be excluded because they are inflammatory and their prejudicial nature outweighs their probative value.  First, the probative value of evidence that directly impeaches Plaintiff's sworn testimony and pleadings cannot be

6

Case ID: 170300712
Control No.: 21060775

questioned. *Commonwealth v. Cascardo*, 981 A.2d 245, 255 (Pa. Super. 2008) (holding impeachment evidence properly admitted when its probative value outweighed any prejudice). See *Dickson v. Trinity Mgmt. Assocs.*, 2016 P. Dist. & Cnty. Dec. LEXIS 18942, *9-19 (Lancaster Cty. March 1, 2016) (denying motion to exclude social media as evidence at trial, holding any prejudice "created by Plaintiff's social media is outweighed by their probative value for impeachment purposes. Further, the defendant will be required to lay a proper[] evidentiary foundation before the introduction of any social media.").

Plaintiff describes the material as inflammatory and prejudicial but does not explain why he describes it that way. Plaintiff must do more than apply a label in attempting to exclude relevant evidence. If he feels the Facebook posts will be misinterpreted, he will have the opportunity to examine Plaintiff about the material. His motion offers no valid for the exclusion of this evidence.

### C. The Investigative Report Will be Authenticated at Trial

The Facebook posts from Plaintiff will be authenticated at trial. In 2020, the Pennsylvania Rules of Evidence were amended to Pa. R. E. 901(b)(11) to specifically address authenticating digital information. The rule provides two avenues to authentication: 1) direct testimonial evidence; and 2) circumstantial evidence, such as identifying content; proof of ownership, possession, control, or access to a device or account. The comments to the rule explicitly reference social media postings and provide for identifying content by distinctive characteristics. "Circumstantial evidence of content may be sufficient to connect the digital evidence to its author." Pa R.E. 901(b) cmt.

The sole case cited by plaintiff, *Commonwealth v. Mangel*, 181 A.3d 1154 (Pa. Super. 2018), was decided before Rule 901(b)(11) was adopted. Nonetheless, the court noted that

150213.00601/126121412v.1

Case ID: 170300712
Control No.: 21060775

authentication of digital content such as social media posts should be evaluated on a case by case basis. *Id.* at 1162. In this case, there is ample extrinsic evidence to authenticate the Facebook posts, should Plaintiff refuse to do so. See *U.S. v. Browne*, 834 F.3d 403 (3d Cir. 2016) (holding the government provided more than adequate extrinsic evidence to support that the defendant participated in the disputed Facebook conversations. *Id.* at 413 (affirming admission of social media posts and chat logs).

## III.   CONCLUSION

Plaintiff claims she was victimized at the Roosevelt Inn during a certain time period. Her Facebook posts that indicate otherwise are directly relevant to her claims and the defenses of the Roosevelt Inn. This evidence, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company and Yagna Patel oppose Plaintiff's Motion in Limine to Preclude Evidence, Testimony or Argument that Plaintiff Does Not Have a Claim Pursuant to the Pennsylvania Anti-Human Trafficking Law and respectfully request that this Honorable Court enter an Order in the form attached hereto.

150213.00601/126121412v.1

Respectfully submitted,

**BLANK ROME LLP**

Dated: June 11, 2021

/s/ Charles S. Marion
Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

9

Case ID: 170300712
Control No.: 21060775

## CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby state that on this 11th day of June 2021, true and correct copies of the foregoing Roosevelt Defendants' Response in Opposition to Plaintiff's Motion in Limine to Preclude Evidence, Testimony, Argument and/or Opinion regarding Investigative Materials and/or Social Media Evidence were served via email and U.S. mail, postage pre-paid, upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

And by United States First Class Mail, postage prepaid: upon the following:

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

*Additional Defendant*

Case ID: 170300712
Control No.: 21060775

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ *Justina L. Byers*
JUSTINA L. BYERS

150213.00601/126121412v.1

Case ID: 170300712
Control No.: 21060775

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Preclude and Exclude the Expert Report and Testimony of Richard Hudak, and any response thereto, it is hereby:

**ORDERED** and **DECREED** that Defendants' Motion in Limine is **DENIED**.

BY THE COURT:

_____
J.

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

<u>**PLAINTIFF'S ANSWER IN OPPOSITION TO ROOSEVELT DEFENDANTS' MOTION
TO PRECLUDE THE EXPERT REPORT AND TESTIMONY
OF RICHARD G. HUDAK**</u>

Plaintiff by and through her attorneys, Kline & Specter, hereby responds in opposition to

the Roosevelt Defendants' Motion in Limine to Preclude Plaintiff's Expert Richard G. Hudak as

follows:

1.      Denied as stated.  Plaintiff's Complaints are documents that speak for themselves and

therefore any characterization of the Complaints are denied.  The Roosevelt Defendants wrongly

suggest that because Plaintiff has amended her Complaint or because her present claims are

bases in common law negligence, her claims are not valid.  This is not true. Plaintiff's pleadings

are based on the evidence and conform with Pennsylvania law.

2.      Denied.

3.      Denied.  The Roosevelt Defendants' mischaracterization of the report of Plaintiff's

liability expert, Richard Hudak, as inaccurate, misleading and irrelevant is not a proper basis to

prelude expert testimony per Pa. R. Evid.  702.  It is for the jury to decide whether an expert's

Case ID: 170300712
Control No.: 21060522

testimony is credible and it is for the defendant to prove through cross-examination that it was not. *Trach v. Fellin*, 817 A.2d 1102, 1118-19. (Pa. Super. 2003). Without question, Mr. Hudak qualifies as an expert in hotel and private security and can speak to issues surrounding liability of the Roosevelt Inn Defendants and Defendant Alpha. *See* 12.30.19 Report attached as Exhibit "A" and 5.10.21 Report attached as Exhibit "B" and Hudak CV attached as Exhibit "C".

4.    Denied. The Roosevelt Defendants' own liability expert, Norman Bates, relies upon and discusses the same Call to Service date that the Roosevelt Defendants now claim has de minimus value. According to Defendant's expert:

> Based on the CFS [Call for Service] from the Philadelphia Police Department and testimony from representatives of the Roosevelt Inn, there was a problem with prostitution activity in 2013 at the both the Roosevelt Inn and apparently in the northeast section of Philadelphia. In 2013, there were thirteen reports of prostitution, including two that involved minors. In the first six months of 2014, there were two reports of prostitution and those occurred in January and February of prior to plaintiff's alleged presence at the hotel.

*See* Roosevelt Defendants' expert report of Norman Bates attached as Exhibit "D" at P. 7. Even if the Call to Service data has de minimus value, which it does not, this is not a basis to preclude the expert report and testimony of Plaintiff's liability expert Richard G. Hudak. Importantly, Pennsylvania law leaves the testing of weight and credibility to cross-examination and allows the jury to decide the persuasive value of an expert's reasoning. Thus, in *Trach v. Fellin,* this Court reinstated a jury verdict after the trial court decided post-trial that the testimony of plaintiffs' causation expert should have been precluded on *Frye* grounds. *Trach v. Fellin*, 817 A.2d 1102 (Pa. Super. 2003). The Court explained that "it was for the jury" to decide whether an expert's testimony was credible, and "it was for [defendant], through vigorous cross-examination, to prove that it was not." *Trach*, 817 A.2d at 1118-19. In *Haney v. Pagnanelli*, 830 A.3d 978 (Pa. Super. 2003), the Court reversed the grant of summary judgment in defendants' favor where the

2

Case ID: 170300712
Control No.: 21060522

trial court had precluded expert testimony on *Frye* grounds. The Court reasoned the expert's methodology was generally accepted, and that the defendant's criticisms were simply "a basis for cross-examination, not preclusion of the testimony under *Frye*." *Id*. at 982.

5.      Denied. See response to Paragraph 4.

6.      Denied. See response to Paragraph 3 and 4.

7.      Denied. The video of the March 31, 2014 shootout at the Roosevelt Inn is relevant to Plaintiff's claims because it occurred around the same time that Plaintiff was sold for sex at the hotel and is evidence of criminal activity at the hotel. Additionally, police records of the March 31, 2014 shootout confirm that the incident involved persons who were selling underage girls for sex at the Roosevelt Inn, as one underage victim was trapped in her hotel room as the shootout was taking place. The persons involved in the shootout were criminally convicted for their crimes stemming from the March 31, 2014 shootout. Additionally, Anthony Uzzo, a trustee for one of the Trusts that owns the Roosevelt Inn who provided management for the Roosevelt Inn testified that he believed the shootout was fake. Simply because the evidence may be unfavorable to the Roosevelt Defendants does not make the evidence irrelevant.

8.      Denied. See response to Paragraph 3.

9.      Denied. See response to Paragraph 3 and 4.

10.     Denied. See response to Paragraph 3 and 4.

11.     Denied. See response to Paragraph 3 and 4.

12.     Denied. It is for the jury to decide whether an expert's testimony is credible and it is for the defendant to prove through cross-examination that it was not. *Trach v. Fellin*, 817 A.2d 1102, 1118-19. (Pa. Super. 2003). The Roosevelt Defendants disagree with Mr. Hudak's opinions. This is not a valid basis to move to preclude his testimony or report.

Case ID: 170300712
Control No.: 21060522

13.   Denied.  See response to Paragraph 12.

14.   Denied.  See response to Paragraph 12.

15.   Denied. See response to Paragraph 12.

16.   Denied.  In sum, the Roosevelt Defendant are seeking to preclude Mr. Hudak from testifying on the basis that his opinions and conclusions are different the opinions and conclusions of the Roosevelt Defendants' purported expert Mehlman-Orozoco.  This is not a valid basis to preclude Mr. Hudak from testifying at trial.

17.   Denied.  See response to Paragraphs 3, 4, and 12.

18.   Denied.  This is a legal conclusion to which no response is required. Mr. Hudak's methodology that is outlined in his report is comparable to the same methodology used by the Defendants' experts; review of the materials and deposition transcripts produced during the litigation, an assessment of risk of harm to Plaintiff and other guests, a review of security plans, or lack thereof, and an explanation of the expert's opinions and conclusions that are based on the expert's education, training and experience.

19.   Denied.  This is a legal conclusion to which no response is required.  By way of further response, under Pennsylvania law, the standard for qualifying an expert is a liberal one.  *Feed v. Geisinger Medical Center*, 5 A.3d 212 (Pa. 2010).  The test to be applied when qualifying an expert witness is whether the witness has any reasonable pretension to specialized knowledge on the subject under investigation.  If he does, he may testify and the weight to be given to such testimony is for the trier of fact to determine.  *Miller v. Brass Rail Tavern, Inc.,* 664 A.2d 585 (Pa. 1995).  Without question, Mr. Hudak qualifies as an expert in hotel and private security and can speak to issues surrounding the liability of the Roosevelt Inn Defendants and Defendant Alpha that will assist the trier of fac in understanding the evidence.

Case ID: 170300712
Control No.: 21060522

20.     Denied.  This is a legal conclusion to which no response is required.  By way of further response, see response to Paragraphs 18 and 19.

21.     Denied.  This is a legal conclusion to which no response is required.  By way of further response, see response to Paragraphs 3, 18 and 19.

22.     Denied.   This is a legal conclusion to which no response is required.  By way of further response, Mr. Hudak, at the very least, has a reasonable pretension to specialized knowledge on the subject matter at issue in this case which includes hotel and private security, and therefore he should be permitted to testify at trial..

23.     Denied.  See response to Paragraph 18 and 19. Further, Pennsylvania law leaves the testing of weight and credibility to cross-examination and allows the jury to decide the persuasive value of an expert's reasoning.  Thus, in *Trach v. Fellin,* this Court reinstated a jury verdict after the trial court decided post-trial that the testimony of plaintiffs' causation expert should have been precluded on *Frye* grounds.  *Trach v. Fellin*, 817 A.2d 1102 (Pa. Super. 2003). The Court explained that "it was for the jury" to decide whether an expert's testimony was credible, and "it was for [defendant], through vigorous cross-examination, to prove that it was not." *Trach*, 817 A.2d at 1118-19.

24.     Denied. See response to Paragraphs 3, 18 and 19.

25.      Denied. See response to Paragraphs 3, 18 and 19.

26.     Denied.   Pennsylvania law leaves the testing of weight and credibility to cross-examination and allows the jury to decide the persuasive value of an expert's reasoning.

27.     Denied.  See response to Paragraph 26.

28.     Denied. See response to Paragraphs 3, 18 and 19.

Case ID: 170300712
Control No.: 21060522

WHEREFORE, Plaintiff respectfully request this Honorable Court deny the Roosevelt

Defendants' Motion in Limine to Richard Hudak from testifying at trial.

Respectfully submitted,
**KLINE & SPECTER, P.C.**

BY: */s/Emily B. Marks*
_____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060522

**KLINE & SPECTER, P.C.**     Attorneys for Plaintiff M.B.
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
|  v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE ROOSEVELT DEFENDANTS' MOTION TO PRECLUDE THE EXPERT REPORT AND TESTIMONY OF RICHARD G. HUDAK

**I.     PRELIMINARY STATEMENT**

  The Roosevelt Defendants' Motion literally throws every argument (regardless of validity) up against a wall to see which will stick to try and preclude Plaintiff's Expert Richard Hudak from testifying.  Without any basis, Defendants claim Mr. Hudak's opinions are speculative, not supported by the evidence and not relevant.  As discussed below, Mr. Hudak's credentials, as well as his opinions, meet all Pennsylvania expert witness standards. As such, Defendants' Motion should be denied.

**II.**  Should Plaintiff's liability expert, Richard G. Hudak, be precluded from testifying when his credentials, as well as his opinions, meet all Pennsylvania expert witness standards?

  *Suggested Answer:* No.  Mr. Hudak's credentials, as well as his opinions, meet all Pennsylvania expert witness standards.

Case ID: 170300712
Control No.: 21060522

## III. BRIEF FACTUAL AND PROCEDURAL HISTORY

In 2014, Plaintiff was the victim of sex trafficking and rape at the Roosevelt Inn when she was just 14 years old.

Plaintiff produced a report and supplemental report from Plaintiff's liability expert Richard G. Hudak.  *See* 12.30.19 and 5.10.21 reports attached as Exhibit "A", "B" and Hudak CV attached as Exhibit "C"., Mr. Hudak is amply qualified to testify at trial.  Mr. Hudak spent 11 years as an FBI Agent and received his education at Harvard, InterAmerican School of Law and the FBI Academy where he was trained as a Sex Crimes Instructor.  *See* Hudak CV attached as Exhibit "C". For over 25 years he worked as a Director of Corporate Security for ITT Sheraton and Lowes Corporation.  He has been qualified to testify as an expert in the field of private and hospitality security and was even retained to serve as an expert by the law firm that is presently representing Defendant Alpha.

Mr. Hudak deduces his opinion that M.B.'s harm was caused by the negligence and reckless indifference of the Roosevelt Defendants and Defendant Alpha from the facts, information and testimony developed and obtained during the litigation.

The Roosevelt Defendants' mischaracterization of the report of Plaintiff's liability expert, Richard Hudak, as inaccurate, misleading and irrelevant is not only wrong, but the mischaracterization of an expert report is not a proper basis to prelude expert testimony per Pa. R. Evid.  702.  It is for the jury to decide whether an expert's testimony is credible and it is for the defendant to prove through cross-examination that it was not.  *Trach v. Fellin*, 817 A.2d 1102, 1118-19.  (Pa. Super. 2003).  Without question, Mr. Hudak qualifies as an expert in hotel and private security and can speak to issues surrounding liability of the Roosevelt Inn Defendants and Defendant Alpha that will assist the trier of fact in understanding the evidence.

Case ID: 170300712
Control No.: 21060522

*See* 12.30.19 Report attached as Exhibit "A" and 5.10.21 Report attached as Exhibit "B" and Hudak CV attached as Exhibit "C". Therefore, the Roosevelt Defendants' Motion in Limine Preclude Mr. Hudak from testifying at trial should be denied.

## IV.  LEGAL ARGUMENT

Under Pennsylvania law, the standard for qualifying an expert is a liberal one. *Feed v. Geisinger Medical Center*, 5 A.3d 212 (Pa. 2010). The test to be applied when qualifying an expert witness is whether the witness has any reasonable pretension to specialized knowledge on the subject under investigation. If he does, he may testify and the weight to be given to such testimony is for the trier of fact to determine. *Miller v. Brass Rail Tavern, Inc., 664 A.2d 585 (Pa. 1995)*. Without question, Mr. Hudak qualifies as an expert in hotel and private security and can speak to issues surrounding liability of the Roosevelt Inn Defendants and Defendant Alpha.

The Roosevelt Defendants take issue with Mr. Hudak's opinions and allege he relies upon inaccurate information. For example, the Roosevelt Defendants criticize Mr. Hudak for relying upon Call to Service data in his consideration of the risk of harm to guests and patrons of the Roosevelt Inn. Defendants' own expert, Norman Bates, relies upon this same information. . According to Defendant's expert:

> Based on the CFS [Call for Service] from the Philadelphia Police Department and testimony from representatives of the Roosevelt Inn, there was a problem with prostitution activity in 2013 at the both the Roosevelt Inn and apparently in the northeast section of Philadelphia. In 2013, there were thirteen reports of prostitution, including two that involved minors. In the first six months of 2014, there were two reports of prostitution and those occurred in January and February of prior to plaintiff's alleged presence at the hotel.

*See* Roosevelt Defendants' expert report of Norman Bates attached as Exhibit "D" at P. 7. Even if the Call to Service data has de minimus value, which it does not, this is not a basis to preclude the expert report and testimony of Mr. Hudak as it goes to the weight of the testimony.

3

Case ID: 170300712
Control No.: 21060522

Importantly, Pennsylvania law leaves the testing of weight and credibility to cross-examination and allows the jury to decide the persuasive value of an expert's reasoning. Thus, in *Trach*, this Court reinstated a jury verdict after the trial court decided post-trial that the testimony of plaintiffs' causation expert should have been precluded on *Frye* grounds. *Trach v. Fellin*, 817 A.2d 1102 (Pa. Super. 2003). The Court explained that "it was for the jury" to decide whether an expert's testimony was credible, and "it was for [defendant], through vigorous cross-examination, to prove that it was not." *Trach*, 817 A.2d at 1118-19. In *Haney v. Pagnanelli*, 830 A.3d 978 (Pa. Super. 2003), the Court reversed the grant of summary judgment in defendants' favor where the trial court had precluded expert testimony on *Frye* grounds. The Court reasoned the expert's methodology was generally accepted, and that the defendant's criticisms were simply "a basis for cross-examination, not preclusion of the testimony under *Frye*." *Id*. at 982.

The Roosevelt Defendants also criticize Mr. Hudak for his discussion of a March 31, 2014 shootout at the Roosevelt Inn as well his review of travel website reviews. The video of the March 31, 2014 shootout at the Roosevelt Inn is relevant to Plaintiff's claims because it occurred around the same time that Plaintiff was sold for sex at the hotel and is evidence of criminal activity at the hotel. Additionally, police records of the March 31, 2014 shootout confirm that the incident involved persons who were selling underage girls for sex at the Roosevelt Inn, as one underage victim was trapped in her hotel room as the shootout was taking place. The persons involved in the shootout were criminally convicted for their crimes stemming from the March 31, 2014 shootout. Additionally, Anthony Uzzo, a trustee for one of the Trusts that owns the Roosevelt Inn who provided management for the Roosevelt Inn testified that he believed the shootout was fake. Simply because the evidence may be unfavorable to the Roosevelt

4

Case ID: 170300712
Control No.: 21060522

Defendants does not make the evidence irrelevant. Evidence that is relevant and admissible cannot be precluded merely because it is unfavorable to Defendant's position. *Commonwealth v. Dillon,* 925 A.2d 131 (Pa. 2007).

The Roosevelt Defendants contend that Mr. Hudak's Report does not pass the *Frye* but offer no support for their position.

Pennsylvania law regarding the admissibility of expert opinion testimony is well-established. Pa.R.E. 702 governs the admissibility of expert testimony where scientific, technical, or other specialized knowledge beyond that possessed by a layperson will assist the trier of fact to understand the evidence or to determine a fact in dispute. Pa.R.E. 702.

The *Frye* test is also a component of Rule 702. But, *Frye* scrutiny is not triggered every time an expert testifies and it is certainly not triggered here. *Frye* applies only to proffered expert testimony involving "novel" scientific evidence. *Commonwealth v. Dengler*, 890 A.2d 372, 382 (Pa. 2005); Pa.R.C.P. 207.1; Pa.R.E. 702 (comment). The opposing party bears the burden of proving that the scientific evidence is "novel". See *Commonwealth v. Nevels,* 203 A.2d 229, 238 (Pa. Super. Ct. 2019) (scientific evidence concerning historical cell-site analysis was not novel, and thus is admissibility was not subject to requirements of *Frye* general acceptance test).

When novel scientific evidence is presented, the *Frye* test examines whether the expert's methodology "is generally accepted by scientists in the relevant field as a method for arriving at the conclusion the expert will testify to at trial." *Grady v. Frito-Lay, Inc.*, 839 A.2d 1038, 1045 (Pa. 2003). The focus of the "general acceptance" inquiry lies strictly on the expert's methodology. The proponent of the testimony need not prove that the expert's conclusion is also generally accepted. *Id.*

Case ID: 170300712
Control No.: 21060522

*Frye* does not "require an optimal methodology, just an accepted one." *Cassell v. Lancaster Mennonite Conference*, 834 A.2d 1185, 1190 (Pa. 2003). This approach is consistent with a basic principle of *Frye* jurisprudence: because *Frye* is an exclusionary rule of evidence, "it must be construed narrowly so as not to impede admissibility of evidence that will aid the trier of fact in the search for truth." *Trach v. Fellin*, 817 A.2d 1102, 1104 (Pa. Super. 2003). Thus, when conducting *Frye* review, the trial court's inquiry is simply whether the proffered opinion stems from "scientific research which has been conducted in a fashion that is generally recognized as being sound, and is not the fanciful creation of a renegade researcher." *Id*. at 1111.

Trial courts applying *Frye* grant considerable deference to experts on the methodology underlying their reasoning. *Grady*, 839 A.2d at 1044. Importantly, Pennsylvania law leaves the testing of weight and credibility to cross-examination and allows the jury to decide the persuasive value of an expert's reasoning. Thus, in *Trach*, this Court reinstated a jury verdict after the trial court decided post-trial that the testimony of plaintiffs' causation expert should have been precluded on *Frye* grounds. The Court explained that "it was for the jury" to decide whether an expert's testimony was credible, and "it was for [defendant], through vigorous cross-examination, to prove that it was not." *Trach*, 817 A.2d at 1118-19. In *Haney v. Pagnanelli*, 830 A.3d 978 (Pa. Super. 2003), the Court reversed the grant of summary judgment in defendants' favor where the trial court had precluded expert testimony on *Frye* grounds. The Court reasoned the expert's methodology was generally accepted, and that the defendant's criticisms were simply "a basis for cross-examination, not preclusion of the testimony under *Frye*." *Id*. at 982.

Mr. Hudak deduces his opinion that M.B.'s harm was caused by the negligence and reckless indifference of the Roosevelt Defendants and Defendant Alpha from the facts,

Case ID: 170300712
Control No.: 21060522

information and testimony developed and obtained during the litigation in addition to his education, training, experience and a site inspection.  His conclusions and opinions are not "novel" science as discussed in *Frye*.  Based on his review of the materials and deposition transcripts produced during discovery Mr. Hudak found that:

1. Alpha-Centurion Security, Inc. security officers patrolled and monitored activity at the Roosevelt Inn and were positioned to observe and report suspicious activity. Human sex trafficking, abuse of narcotics, and other crimes at the hotel, were open and obvious. But,  there is no evidence the security officers reported their observations to the Roosevelt Inn or law enforcement;

2. Defendant Yagna Patel General Manager of the Roosevelt Inn, had access to the hotel's security monitoring system, and often reviewed the video to check on the security officers and employees.

3. The hotel has 48 cameras viewed on three monitors.  The Front Desk also viewed the cameras on monitors but cannot operate the system.  There are 6 cameras covering the parking lot, 4 cameras on the front desk, 3 in the lobby.  There are 32 cameras on the second and ground floors.  One camera each in the laundry and kitchen, two in the bar area. The System overwrites images every three weeks;

4. Security Expert viewed the images taken from the Roosevelt Inn camera system for March 31, 2014, the day of the shootout, as well as from the Fugitive Watch YouTube version. The amount of pedestrian traffic in the hallway at or about 12:28 am was remarkable;

5. During the period of January 2011 through January 2016, there were 1487 calls to the Philadelphia Police Department concerning suspected criminal activity at or near 7600 E. Roosevelt Boulevard (address of the Roosevelt Inn) and 91 arrests.

. . . .

7. The Philadelphia Police Department produced 38 criminal files involving arrests at the Roosevelt Inn for commercial sex activity including rape from 2012-2016. There were at least 6 victims under the age of 18.

Mr. Hudak also reviewed travel websites pertaining to the Roosevelt Inn and the deposition testimony of approximately 30 witnesses.  Notably, the Roosevelt Inn employees denied any knowledge of criminal activity in contradiction to the Call to Service Reports, Police Incident Reports and the testimony of Defendant's Alpha's own security guards who testified

7

Case ID: 170300712
Control No.: 21060522

that criminal activity was open, obvious and ignored. Mr. Hudak also reviewed and relied upon records from the FBI concerning investigations of commercial sex activity at the Roosevelt Inn. See Exhibit "B". Mr. Hudak concludes:

> Finally, its my expert opinion, having eleven years' experience as an FBI Agent, and twenty nine years as security executive with Sheraton Hotels Worldwide and Lowes Hotels, Defendants Roosevelt Inn LLC, UFVS Management Company, LLC, Yagna Patel and Alpha-Centurion Security Inc. had a duty to protect M.B. and other patrons against harmful third-party conduct and criminal activity. Defendants Roosevelt Inn LLC, UFVS Management Company, LLC, Yagna Patel and Alpha-Centurion Security, Inc. were negligent by not intervening, deterring, or preventing the above human trafficking and criminal activities from occurring during the period of 2014 at the Roosevelt Inn, and by failing to alert law enforcement authorities when suspicious activity was observed. Defendants Roosevelt Inn LLC, UFVS Management Company, LLC, Yagna Patel and Alpha-Centurion Security Inc. failed to provide security that resulted in M.B. being sex trafficked at the Roosevelt Inn and caused her harm. Defendants Roosevelt Inn LLC, UFVS Management Company, LLC, Yagna Patel and Alpha-Centurion Security Inc. allowed an environment of commercial sex activity to continue for years and provided a location for M.B. and numerous other to be sex trafficked.

*See* Exhibit "A" at P. 22.

Mr. Hudak's methodology is comparable to the same methodology used by the Defendants' experts; review of the materials and deposition transcripts produced during the litigation in combination with the expert's education, training and experience. Mr. Hudak's credentials, as well as his opinions, meet all Pennsylvania expert witness standards. As such, Defendants' Motion should be denied.

Case ID: 170300712
Control No.: 21060522

# V. CONCLUSION

For all the aforementioned reasons, Plaintiff respectfully request this Honorable Court to deny the Motion in Limine of the Roosevelt Defendants to Preclude Plaintiff's Expert Richard G. Hudak.

Respectfully submitted,
**KLINE & SPECTER, P.C.**

BY: ***/s/Emily B. Marks***

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

9

Case ID: 170300712
Control No.: 21060522

<u>**VERIFICATION**</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

**BY:** _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Plaintiff's Answer and Brief in Opposition to the Roosevelt Defendants' Motion in Limine to Preclude Plaintiff's Expert Richard G. Hudak,*** was filed with the Court on June 13, 2021 and served by electronic filing upon counsel of record:

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

**FILED**
13 JUN 2021 01:55 pm
Civil Administration
E. MEENAN

| M.B | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## ORDER

**AND NOW**, this _____ day of June, 2021, upon consideration of Defendant Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Plaintiff's Expert Richard G. Hudak, and any response in opposition thereto, it is hereby:

**ORDERED** and **DECREED** that Defendant Alpha-Centurion Security, Inc.'s Motion in Limine is **DENIED.**

BY THE COURT:

_____
J.

Case ID: 170300712
Control No.: 21060464

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff M.B.

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S ANSWER IN OPPOSITION TO DEFENDANT ALPHA-CENTURION SECURITY, INC.'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S EXPERT RICHARD G. HUDAK

Plaintiff by and through her attorneys, Kline & Specter, hereby responds in opposition to Defendant Alpha-Centurion Security, Inc.'s Motion in Limine to Preclude Plaintiff's Expert Richard G. Hudak as follows:

1.    Denied.  Plaintiff was the victim of sex trafficking and rape; it is not alleged.

2.    Admitted.

3.    Denied.  The December 30, 2019 and May 10, 2021 reports from Plaintiff's security expert Richard G. Hudak are written documents that speak for themselves. Any characterization of the documents are denied. *See* 12.30.19 Report attached as Exhibit "A" and 5.10.21 Report attached as Exhibit "B".

4.    Denied.  See response to Paragraph 3.

5.    Denied.  Mr. Hudak identifies his methodology throughout his report.  There is no Pennsylvania law that requires an expert to label his methodology or to use any magic words, as

Case ID: 170300712
Control No.: 21060464

in this case, when Mr. Hudak's methodology is clearly articulated throughout his report and Defendants are on notice of how he reached his opinions. Defendant Alpha has failed to satisfy its burden of a *Frye* challenge in this straightforward premise liability case where there is no application of any novel science.

6.  Denied. Mr. Hudak's December 30, 2019 report is a document that speaks for itself. Therefore, any characterization of the report is denied.

7.  Denied. Mr. Hudak's December 30, 2019 report is a document that speaks for itself. Therefore, any characterization of the report is denied.

8.  Admitted only that this paragraph cites to Pa. R. Evid. 702.

9.  Denied as a legal conclusion to which no response is required. By way of further response, Mr. Hudak articulates his methodology throughout his report.

10.  Denied as a legal conclusion to which no response is required. Mr. Hudak articulates his methodology throughout his report.

11.  Denied. See response to Paragraph 5.

12.  Denied. See response to Paragraph 5.

13.  Denied. Mr. Hudak's methodology includes formulating his opinions and conclusions based on his education, training, experience and the documents, information and deposition transcripts produced during the litigation

14.  Denied.

15.  Denied. None of the cases cited to by Defendant Alpha supports the contention that Mr. Hudak cannot opine on the cause of M.B.'s harm.

2

Case ID: 170300712
Control No.: 21060464

16.     Denied.  An expert can certainly opine on whether defendants breached the standard of care and whether that breached caused the plaintiff harm as Mr. Hudak sets forth in his expert reports.  *See* Exhibits "A" and "B".

17.     Denied as a legal conclusion to which no response is required.

18.     Denied.  See response to Paragraph 5.

WHEREFORE, Plaintiff respectfully request this Honorable Court to deny the Motion in Limine of Defendant Alpha-Centurion Security, Inc. to Preclude Plaintiff's Expert Richard G. Hudak.

Respectfully submitted,
**KLINE & SPECTER, P.C.**

BY:     */s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060464

**KLINE & SPECTER, P.C.**                                     Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

<u>**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT ALPHA-CENTURION SECURITY, INC.'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S EXPERT RICHARD G. HUDAK**</u>

## I.    PRELIMINARY STATEMENT

Defendant Alpha-Security Centurion, Inc. (Defendant Alpha) wrongly contends that Plaintiff's liability expert, Richard G. Hudak, does not articulate his methodology for formulating his opinions and conclusions.  Mr. Hudak's methodology for reaching his opinions and conclusions is explained throughout his report and includes review of the materials and deposition transcripts produced during the litigation, an analysis of the potential for risk of harm or threat to M.B. and other patrons of the Roosevelt Inn, a review of security measures or security plans in place or lack thereof and an explanation of his opinions and conclusions which are based on his education, training and experience.  *See* 12.30.19 Hudak Report attached as Exhibit "A.  There is no Pennsylvania law that requires an expert to label his methodology or to use any magic words, as in this case, when Mr. Hudak's methodology is clearly articulated throughout his report and Defendants are on notice of how he reached his opinions.  Defendant

Case ID: 170300712
Control No.: 21060464

Alpha has failed to satisfy its burden of a *Frye* challenge in this straightforward premise liability case where there is no application of any novel science. As such, Defendant Alpha's Motion in Limine to Preclude Plaintiff's Expert Richard G. Hudak from testifying at trial should be denied.

## II.  QUESTION PRESENTED

Should Plaintiff's liability expert, Richard G. Hudak, be precluded from testifying when he clearly articulates the methodology for how he reaches his opinions and conclusions throughout the report?

*Suggested Answer:* No. Mr. Hudak clearly sets forth the basis for his opinions and conclusions in his report and he has a reasonable pretension to specialized knowledge that will assist the trier of fact in understanding the evidence in this case.

## III.  BRIEF FACTUAL AND PROCEDURAL HISTORY

In 2014, Plaintiff was the victim of sex trafficking and rape at the Roosevelt Inn when she was just 14 years old. Defendant Alpha-Centurion Security, Inc. had an agreement with the Roosevelt Inn Defendants to provide security services at the Roosevelt Inn in 2014.

Plaintiff produced a report and supplemental report from Plaintiff's liability expert Richard G. Hudak. *See* 12.30.19 and 5.10.21 reports attached as Exhibit "A", "B" and Hudak CV attached as Exhibit "C".

Defendant Alpha disingenuously contends that Plaintiff's liability expert Mr. Hudak does not articulate his methodology for reaching his opinions and conclusions and therefore he should be precluded from testifying at trial.

Mr. Hudak's outlines his methodology throughout his 22 page report. His methodology includes review of the materials and deposition transcripts produced during the litigation, an analysis of the potential for risk of harm or threat to M.B. and other patrons of the Roosevelt Inn, a review of security measures or security plans in place or lack thereof and an explanation of his

Case ID: 170300712
Control No.: 21060464

opinions and conclusions, which are based on his extensive education, training and experience.

As such, Defendant Alpha's Motion in Limine should be denied.

**IV.     PLAINTIFF'S LIABILITY EXPERT, RICAHRD G. HUDAK DOES NOT USE NOVEL SCIENCE TO FORUMULATE HIS CONCLUSIONS IN THIS PREMISE/SECURITY LIABILITY CASE AND THEREFORE THE *FRYE* TEST IS NOT TRIGGERED**

Pennsylvania law regarding the admissibility of expert opinion testimony is well-established.  Pa.R.E. 702 governs the admissibility of expert testimony where scientific, technical, or other specialized knowledge beyond that possessed by a layperson will assist the trier of fact to understand the evidence or to determine a fact in dispute.

Under Pennsylvania law, the standard for qualifying an expert is a liberal one.  *Feed v. Geisinger Medical Center,* 5 A.3d 212 (Pa. 2010).  The test to be applied when qualifying an expert witness is whether the witness has any reasonable pretension to specialized knowledge on the subject under investigation.  If he does, he may testify and the weight to be given to such testimony is for the trier of fact to determine.  *Miller v. Brass Rail Tavern, Inc,, 664 A.2d 585 (Pa. 1995).*  Without question, Mr. Hudak qualifies as an expert in hotel and private security and will assist the tries of fact with understanding the issues surrounding the liability of the Roosevelt Inn Defendants and Defendant Alpha.

The *Frye* test is also a component of Rule 702.  But, *Frye* scrutiny is not triggered every time an expert testifies and it is certainly not triggered here.  *Frye* applies only to proffered expert testimony involving "novel" scientific evidence.  *Commonwealth v. Dengler*, 890 A.2d 372, 382 (Pa. 2005); Pa.R.C.P. 207.1; Pa.R.E. 702 (comment). The opposing party bears the burden of proving that the scientific evidence is "novel".  See *Commonwealth v. Nevels,* 203 A.2d 229, 238 (Pa. Super. Ct. 2019) (scientific evidence concerning historical cell-site analysis

3

Case ID: 170300712
Control No.: 21060464

was not novel, and thus is admissibility was not subject to requirements of *Frye* general acceptance test).

When novel scientific evidence is presented, the *Frye* test examines whether the expert's methodology "is generally accepted by scientists in the relevant field as a method for arriving at the conclusion the expert will testify to at trial." *Grady v. Frito-Lay, Inc.*, 839 A.2d 1038, 1045 (Pa. 2003). The focus of the "general acceptance" inquiry lies strictly on the expert's methodology. The proponent of the testimony need not prove that the expert's conclusion is also generally accepted. *Id.*

*Frye* does not "require an optimal methodology, just an accepted one." *Cassell v. Lancaster Mennonite Conference*, 834 A.2d 1185, 1190 (Pa. 2003). This approach is consistent with a basic principle of *Frye* jurisprudence: because *Frye* is an exclusionary rule of evidence, "it must be construed narrowly so as not to impede admissibility of evidence that will aid the trier of fact in the search for truth." *Trach v. Fellin*, 817 A.2d 1102, 1104 (Pa. Super. 2003). Thus, when conducting *Frye* review, the trial court's inquiry is simply whether the proffered opinion stems from "scientific research which has been conducted in a fashion that is generally recognized as being sound, and is not the fanciful creation of a renegade researcher." *Id.* at 1111.

Trial courts applying *Frye* grant considerable deference to experts on the methodology underlying their reasoning. *Grady*, 839 A.2d at 1044. Importantly, Pennsylvania law leaves the testing of weight and credibility to cross-examination and allows the jury to decide the persuasive value of an expert's reasoning. Thus, in *Trach*, this Court reinstated a jury verdict after the trial court decided post-trial that the testimony of plaintiffs' causation expert should have been precluded on *Frye* grounds. The Court explained that "it was for the jury" to decide whether an expert's testimony was credible, and "it was for [defendant], through vigorous cross-

4

Case ID: 170300712
Control No.: 21060464

examination, to prove that it was not." *Trach*, 817 A.2d at 1118-19. In *Haney v. Pagnanelli*, 830 A.3d 978 (Pa. Super. 2003), the Court reversed the grant of summary judgment in defendants' favor where the trial court had precluded expert testimony on *Frye* grounds. The Court reasoned the expert's methodology was generally accepted, and that the defendant's criticisms were simply "a basis for cross-examination, not preclusion of the testimony under *Frye*." *Id.* at 982.

Against that backdrop, Mr. Hudak is amply qualified to testify at trial. Mr. Hudak spent 11 years as an FBI Agent and received his education at Harvard, InterAmerican School of Law and the FBI Academy where he was trained as a Sex Crimes Instructor. *See* Hudak CV attached as Exhibit "C". For over 25 years he worked as a Director of Corporate Security for ITT Sheraton and Lowes Corporation. He has been qualified to testify as an expert in the field of private and hospitality security and was even retained to serve as an expert by the law firm that is presently representing Defendant Alpha.

In his report, Mr. Hudak identifies:

All of my opinions are rendered to a reasonable degree of professional certainty in the area of hospitality security and private security and are based on my education, training and experience and documents and information listed in references.

*See* 12/30/19 Hudak Report attached as Exhibit "A". Mr. Hudak reviewed the materials, documents and deposition transcripts exchanged during this case that were also available to the Defendants' experts for review. Mr. Hudak also conducted a site inspection of the Roosevelt Inn.

Mr. Hudak deduces his opinion that M.B.'s harm was caused by the negligence and reckless indifference of the Roosevelt Defendants and Defendant Alpha from the facts, information and testimony developed and obtained during the litigation. His conclusions and

Case ID: 170300712
Control No.: 21060464

opinions are not "novel" science as discussed in *Frye*. Based on his review of the materials and deposition transcripts produced during discovery Mr. Hudak found that:

1. Alpha-Centurion Security, Inc. security officers patrolled and monitored activity at the Roosevelt Inn and were positioned to observe and report suspicious activity. Human sex trafficking, abuse of narcotics, and other crimes at the hotel, were open and obvious. But, there is no evidence the security officers reported their observations to the Roosevelt Inn or law enforcement;

2. Defendant Yagna Patel General Manager of the Roosevelt Inn, had access to the hotel's security monitoring system, and often reviewed the video to check on the security officers and employees.

3. The hotel has 48 cameras viewed on three monitors. The Front Desk also viewed the cameras on monitors but cannot operate the system. There are 6 cameras covering the parking lot, 4 cameras on the front desk, 3 in the lobby. There are 32 cameras on the second and ground floors. One camera each in the laundry and kitchen, two in the bar area. The System overwrites images every three weeks;

4. Security Expert viewed the images taken from the Roosevelt Inn camera system for March 31, 2014, the day of the shootout, as well as from the Fugitive Watch YouTube version. The amount of pedestrian traffic in the hallway at or about 12:28 am was remarkable;

5. During the period of January 2011 through January 2016, there were 1487 calls to the Philadelphia Police Department concerning suspected criminal activity at or near 7600 E. Roosevelt Boulevard (address of the Roosevelt Inn) and 91 arrests.

. . . .

7. The Philadelphia Police Department produced 38 criminal files involving arrests at the Roosevelt Inn for commercial sex activity including rape from 2012-2016. There were at least 6 victims under the age of 18.

Mr. Hudak also reviewed travel websites pertaining to the Roosevelt Inn and the deposition testimony of approximately 30 witnesses. Notably, the Roosevelt Inn employees denied any knowledge of criminal activity in contradiction to the Call to Service Reports, Police Incident Reports and the testimony of Defendant's Alpha's own security guards who testified that criminal activity was open, obvious and ignored. Mr. Hudak also reviewed and relied upon

Case ID: 170300712
Control No.: 21060464

records from the FBI concerning investigations of commercial sex activity at the Roosevelt Inn.

See Exhibit "B". Mr. Hudak concludes:

> Finally, it's my expert opinion, having eleven years' experience as an FBI Agent, and twenty nine years as security executive with Sheraton Hotels Worldwide and Lowes Hotels, Defendants Roosevelt Inn LLC, UFVS Management Company, LLC, Yagna Patel and Alpha-Centurion Security Inc. had a duty to protect M.B. and other patrons against harmful third-party conduct and criminal activity. Defendants Roosevelt Inn LLC, UFVS Management Company, LLC, Yagna Patel and Alpha-Centurion Security, Inc. were negligent by not intervening, deterring, or preventing the above human trafficking and criminal activities from occurring during the period of 2014 at the Roosevelt Inn, and by failing to alert law enforcement authorities when suspicious activity was observed. Defendants Roosevelt Inn LLC, UFVS Management Company, LLC, Yagna Patel and Alpha-Centurion Security Inc. failed to provide security that resulted in M.B. being sex trafficked at the Roosevelt Inn and caused her harm. Defendants Roosevelt Inn LLC, UFVS Management Company, LLC, Yagna Patel and Alpha-Centurion Security Inc. allowed an environment of commercial sex activity to continue for years and provided a location for M.B. and numerous others to be sex trafficked.

*See* Exhibit "A" at P. 22.

Mr. Hudak's methodology is comparable to the same methodology used by the

Defendants' experts; review of the materials and deposition transcripts produced during the

litigation in combination with the expert's education, training and experience. Defendant Alpha's

expert, Jon M. Shane states:

> In preparing this report and expressing my opinion, I relied upon the knowledge I have acquired through research, teaching, education, and professional development that other experts in my field would consider reliable.
>
> ….
>
> In addition to the aforementioned experience, I also relied upon the data presented in the documents that are listed under exhibits in this report and the documents listed in the references section to formulate my opinion.

*See* Shane Report at P. 6 and 10 attached as Exhibit "D". It appears Mr. Shane did not conduct a

site inspection of the Roosevelt Inn. Like Mr. Hudak, Mr. Shane relied upon his education and

professional experience in addition to deposition transcripts and information included in

7

Case ID: 170300712
Control No.: 21060464

documents exchanged during discovery. Unlike Mr. Hudak, it appears Mr. Shane did not conduct a site inspection of the Roosevelt Inn.

Defendant Alpha also produced a report from James A. Francis. Mr. Francis also reviewed materials provided to him and according to Mr. Francis "[a]ll information reviewed and developed was evaluated against my years of practical experience in the security industry to produce the findings and opinions contained in this report." *See* 2.20.20 Francis Report attached as Exhibit "E". Like Defendant Alpha's other expert Mr. Shane, it appears Mr. Francis also did conduct a site inspection of the Roosevelt Inn.

Defendant Alpha's third liability expert[1], David Webb Ph.D relies upon his purported 20 years of experience studying human trafficking and review of depositions in this litigation and the report of Plaintiff's expert Michelle Guelbart. *See* Undated Webb Report attached as Exhibit "F".

It is disingenuous for Defendant Alpha to argue that Mr. Hudak does not articulate his methodology which is clearly set forth in his report. Mr. Hudak relies upon the materials produced in this case, deposition transcripts of over 30 witnesses and his education, eleven years' experience as an FBI Agent, and twenty nine years as security executive with Sheraton Hotels Worldwide and Lowes Hotels. There is no Pennsylvania law that requires an expert to label his methodology or to use any magic words, as in this case, when Mr. Hudak's methodology is clearly articulated through his report and Defendants are on notice of how he reached his opinions. Defendant Alpha has failed to satisfy its burden of a *Frye* challenge in this straightforward premise liability case where there is no application of any novel science.

---

[1] Plaintiff has filed a Motion in Limine to limit Defendant Alpha to one liability expert as the opinions and conclusions of Mr. Shane, Mr. Francis and Mr. Webb are cumulative.

8

Case ID: 170300712
Control No.: 21060464

As such, Defendant Alpha's Motion in Limine to Preclude Plaintiff's Expert Richard G

.Hudak from testifying at trial should be denied.

## V.     CONCLUSION

For all the aforementioned reasons, Plaintiff respectfully request this Honorable Court to

deny the Motion in Limine of Defendant Alpha-Centurion Security, Inc. to Preclude Plaintiff's

Expert Richard G. Hudak.

Respectfully submitted,
**KLINE & SPECTER, P.C.**

BY:     */s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060464

# VERIFICATION

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Answer to Defendant Alpha's Motion in Limine to Preclude Richard Hudak*, was filed with the Court on June 13, 2021 and served by electronic filing upon counsel of record:

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*


Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*


By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*


Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

### KLINE & SPECTER, P.C.


*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*