# EXHIBIT 16

# Docket Report

**Case Description**

| | |
|---|---|
| **Case ID:** | 170300712 |
| **Case Caption:** | B. ETAL VS ROOSEVELT INN LLC ETAL |
| **Filing Date:** | Friday , March 10th, 2017 |
| **Location:** | CH - City Hall |
| **Case Type:** | 2O - PERSONAL INJURY - OTHER |
| **Status:** | CLDBR - DEFERRED - BANKRUPTCY |

| 13-JUN-2021 | MTANS - ANSWER (MOTION/PETITION) | MARKS, EMILY B | 14-JUN-2021 |
|---|---|---|---|
| 11:00 PM | FILED | | 08:33 AM |

**Documents:** Pltfs Response to RIs MIL re Muellers competence.pdf
Motion CoverSheet Form

**Docket Entry:** 26-21060526 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF M. B.)

| 14-JUN-2021 | MTANS - ANSWER (MOTION/PETITION) | MARKS, EMILY B | 14-JUN-2021 |
|---|---|---|---|
| 11:44 AM | FILED | | 11:49 AM |

**Documents:** Pltfs Response to Alphas MIL re Hantons criminal record.pdf
KH Exhibits.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 84-21060284 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF M. B.)

| 14-JUN-2021 | MTANS - ANSWER (MOTION/PETITION) | NOCHO, KYLE B | 14-JUN-2021 |
|---|---|---|---|
| 12:55 PM | FILED | | 01:54 PM |

**Documents:** Exhibits to Pltf Resp to Exclude Video (Roosevelt).pdf
REDACTED - Pltf Resp to Exclude Video (Roosevelt).pdf
UNREDACTED - Pltf Resp to Exclude Video (Roosevelt).pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 90-21060490 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| 14-JUN-2021 | MTANS - ANSWER (MOTION/PETITION) | NOCHO, KYLE B | 14-JUN-2021 |
|---|---|---|---|
| 01:03 PM | FILED | | 02:19 PM |

**Documents:** Exhibits to Pltf Resp to Exclude Statements - References to Other Traffickers.pdf
REDACTED - Pltf Resp to Exclude Statements - References to Other Traffickers.pdf
UNREDACTED - Pltf Resp to Exclude Statements - References to Other Traffickers.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 91-21060491 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| 14-JUN-2021 01:11 PM | MTANS - ANSWER (MOTION/PETITION) FILED | NOCHO, KYLE B | 14-JUN-2021 02:30 PM |
|---|---|---|---|

**Documents:** Exhibits Pltf Resp to Exclude References to Before-After Relevant Time Period (Roosevelt).pdf
REDACTED - Pltf Resp to Exclude References to Before-After Relevant Time Period (Roosevelt).pdf
UNREDACTED - Pltf Resp to Exclude References to Before-After Relevant Time Period (Roosevelt).pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 93-21060493 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| 14-JUN-2021 02:20 PM | MTANS - ANSWER (MOTION/PETITION) FILED | NOCHO, KYLE B | 14-JUN-2021 02:46 PM |
|---|---|---|---|

**Documents:** Exhibits Pltf Resp to Exclude Evidence of Other Crimes at Roosevelt Inn (Roosevelt).pdf
REDACTED - Pltf Resp to Exclude Evidence of Other Crimes at Roosevelt Inn (Roosevelt).pdf
UNREDACTED - Pltf Resp to Exclude Evidence of Other Crimes at Roosevelt Inn (Roosevelt).pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 98-21060498 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF WILLIAM A CALANDRA AND M. B.)

| 14-JUN-2021 02:23 PM | MTANS - ANSWER (MOTION/PETITION) FILED | MARKS, EMILY B | 14-JUN-2021 02:47 PM |
|---|---|---|---|

**Documents:** FBI - Exhibits.pdf
Pltif Resp to Preclude FBI Records (Alpha) - REDACTED.pdf
Pltif Resp to Preclude FBI Records (Alpha) - UNREDACTED.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket Entry:** 27-21060427 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON BEHALF OF M. B.)

| 14-JUN-2021 02:52 PM | MTANS - ANSWER (MOTION/PETITION) FILED | NOCHO, KYLE B | 14-JUN-2021 02:54 PM |
|---|---|---|---|

**Documents:** Exhibits Pltf Resp to Exclude Statements and References to Other Victims.pdf
REDACTED Pltf Resp to Exclude Statements and References to Other Victims.pdf
UNREDACTED - Pltf Resp to Exclude Statements and References to Other Victims.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket** 21-21060521 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON
**Entry:** BEHALF OF WILLIAM A CALANDRA AND M. B.)


| 14-JUN-2021 | MTANS - ANSWER (MOTION/PETITION) | NOCHO, KYLE B | 14-JUN-2021 |
| 03:42 PM | FILED | | 03:43 PM |

**Documents:** Exhibits Pltf Resp to Exclude Testimony of Other Plaintiffs (Alpha).pdf
REDACTED - Pltf Resp to Exclude Testimony of Other Plaintiffs (Alpha).pdf
UNREDACTED - Pltf Resp to Exclude Testimony of Other Plaintiffs (Alpha).pdf
Motion CoverSheet Form
Confidential Document Form

**Docket** 79-21060279 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON
**Entry:** BEHALF OF WILLIAM A CALANDRA AND M. B.)


| 14-JUN-2021 | MTANS - ANSWER (MOTION/PETITION) | NOCHO, KYLE B | 14-JUN-2021 |
| 03:50 PM | FILED | | 04:00 PM |

**Documents:** Exhibits Pltf Resp to Preclude Inadmissible Hearsay.pdf
REDACTED - Pltf Resp to Preclude Inadmissible Hearsay.pdf
UNREDACTED - Pltf Resp to Preclude Inadmissible Hearsay.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket** 91-21060291 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON
**Entry:** BEHALF OF WILLIAM A CALANDRA AND M. B.)


| 14-JUN-2021 | MTANS - ANSWER (MOTION/PETITION) | NOCHO, KYLE B | 14-JUN-2021 |
| 04:32 PM | FILED | | 04:38 PM |

**Documents:** Exhibits Pltf Resp to Preclude Extraneous Activity (Roosevelt).pdf
REDACTED - Exhibits Pltf Resp to Preclude Extraneous Activity (Roosevelt).pdf
UNREDACTED - Exhibits Pltf Resp to Preclude Extraneous Activity (Roosevelt).pdf
Motion CoverSheet Form
Confidential Document Form

**Docket** 47-21060447 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON
**Entry:** BEHALF OF WILLIAM A CALANDRA AND M. B.)


| 14-JUN-2021 | MTANS - ANSWER (MOTION/PETITION) | MARKS, EMILY B | 14-JUN-2021 |
| 04:42 PM | FILED | | 04:44 PM |

**Documents:** MIL to Exclude Guelbart Report and Testimony.pdf
Motion CoverSheet Form

**Docket** 25-21060525 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON
**Entry:** BEHALF OF M. B.)


| 14-JUN-2021 | MTANS - ANSWER (MOTION/PETITION) | MARKS, EMILY B | 15-JUN-2021 |
| 08:02 PM | FILED | | 08:49 AM |

**Documents:**  Exhibits.pdf
REDACTED.pdf
UNREDACTED.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket**  32-21060532 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON
**Entry:**  BEHALF OF M. B.)


14-JUN-2021   MTANS - ANSWER (MOTION/PETITION)   NOCHO, KYLE B   15-JUN-2021
09:38 PM   FILED   08:50 AM

**Documents:**  Ex A.pdf
Ex C.pdf
Ex D.pdf
Ex B.pdf
Ex E.pdf
REDACTED - Pltfs Resp to Alphas MIL re PAHTL.pdf
Ex A.pdf
Ex B.pdf
Ex C.pdf
Ex D.pdf
Ex E.pdf
Pltfs Resp to Alphas MIL re PAHTL.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket**  82-21060282 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON
**Entry:**  BEHALF OF WILLIAM A CALANDRA AND M. B.)


14-JUN-2021   MTANS - ANSWER (MOTION/PETITION)   MARKS, EMILY B   15-JUN-2021
09:39 PM   FILED   08:50 AM

**Documents:**  Exhibits Pltfs Response to MIL re news reports, TripAdvisor, and Facebook comments.pdf
REDACTED Pltfs Response to MIL re news reports, TripAdvisor, and Facebook comments.pdf
UNREDACTED Pltfs Response to MIL re news reports, TripAdvisor, and Facebook comments.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket**  28-21060528 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON
**Entry:**  BEHALF OF M. B.)


14-JUN-2021   MTANS - ANSWER (MOTION/PETITION)   MARKS, EMILY B   15-JUN-2021
10:24 PM   FILED   08:51 AM

**Documents:**  Pltf Resp to Preclude Non-Party Alpha.pdf
Exhibits- Pltf Resp to Preclude Non-Party Alpha.pdf
REDACTED Pltf Resp to Preclude Non-Party Alpha.pdf
Motion CoverSheet Form
Confidential Document Form

**Docket**  89-21060289 ANSWER IN OPPOSITION OF MOTION IN LIMINE FILED. (FILED ON
**Entry:**  BEHALF OF M. B.)

| | | | |
|---|---|---|---|
| 15-JUN-2021 02:25 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | COHEN, DENIS P | 15-JUN-2021 02:25 PM |

**Documents:**   ORDER_538.pdf

**Docket Entry:**   32-21060632 UPON CONSIDERATION OF DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN, ROOSEVELT INN CAFE, ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL'S (DEFENDANTS) MOTION FOR CHANGE OF VENUE, OR IN THE ALTERNATIVE, CHANGE OF VENIRE, AND ANY RESPONSE(S) THERETO, IT IS HEREBY ORDERED AND DECREED THAT SAID MOTION DENIED WITHOUT PREJUDICE. ... BY THE COURT: COHEN, J. 06/15/21

| | | | |
|---|---|---|---|
| 16-JUN-2021 11:56 AM | CLDBR - DEFERRED - BANKRUPTCY | BYERS MS., JUSTINA L | 17-JUN-2021 09:25 AM |

**Documents:**   Roosevelt Defts Suggestion of Bankruptcy.pdf

**Docket Entry:**   PRAECIPE TO DEFER CASE DUE TO PENDING BANKRUPTCY ACTION UNDER CASE NUMBER: 21-11697 (FILED ON BEHALF OF YAGNA PATEL, UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC)

FILED
13 JUN 2021 11:00 pm
Civil Administration
E. MEENAN

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of June, 2021, upon consideration of Motion in Limine to

Preclude the Trial Testimony and Exclude the Deposition Testimony of Kimberly Mueller, and

any response in opposition thereto, it is hereby:

**ORDERED** and **DECREED** that the Motion in Limine to Preclude the Trial Testimony

and Exclude the Deposition Testimony of Kimberly Mueller is **DENIED**.

**BY THE COURT**

_____

                                  J.

Case ID: 170300712
Control No.: 21060526

**KLINE & SPECTER, P.C.**                        Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S RESPONSE TO MOTION IN LIMINE TO PRECLUDE THE TRIAL TESTIMONY AND EXCLUDE THE DEPOSITION TESTIMONY OF KIMBERLY MUELLER

Plaintiff M.B. ("Plaintiff"), by her counsel, Kline & Specter, P.C, responds in opposition to the Motion in Limine to Preclude the Trial Testimony and Exclude the Deposition Testimony of Kimberly Mueller as follows:

1.      Denied as stated. By way of further explanation, Plaintiff's Complaint is a document that speaks for itself, and thus, any characterizations of the factual or legal claims contained therein are specifically denied.

2.      Admitted.

3.      It is admitted only that Kimberly Mueller was deposed on September 19, 2019. All other averments are denied. By way of further explanation, Mueller's testimony speaks for itself, and characterizations thereof are specifically denied.

4.      Denied as stated. By way of further explanation, Mueller's testimony speaks for itself, and characterizations thereof are specifically denied.

5.      Denied as stated. See response to Paragraph 4.

Case ID: 170300712
Control No.: 21060526

6.       Denied as stated. See response to Paragraph 4.

7.       Denied as stated. See response to Paragraph 4.

8.       Denied as stated. See response to Paragraph 4.

9.       Denied as stated. See response to Paragraph 4.

10.      Denied as stated. See response to Paragraph 4.

11.      Denied as stated. See response to Paragraph 4.

12.      Denied as stated. See response to Paragraph 4.

13.      Denied as stated. See response to Paragraph 4.

14.      Denied as stated. See response to Paragraph 4.

15.      Denied as stated. See response to Paragraph 4. Additionally, this paragraph consists of legal arguments and conclusions of law to which no response is required, and thus, are specifically denied.

16.-20. Denied. These paragraphs consist of legal arguments and conclusions of law for which no response is required, and any factual allegations contained therein are also denied. By way of further explanation, the determination of a witness' credibility is the role of the jury, not defense counsel. *See, e.g., Com. v. Maconeghy*, 171 A.3d 707, 712 (Pa. 2017) ("determining witness credibility is exclusively the function of jurors"). While it is for the Court's to determine whether a witness is incompetent because of "medical condition or immaturity," *see* Pa.R.E. 601(b), witnesses are presumed competent, *see* Pa.R.E. 601(a). Any characterizations of Mueller's testimony by Defendants is inappropriate grounds for finding that Mueller is "incompetent" under Pennsylvania Rule of Evidence 601.

Even if Mueller's testimony is inconsistent or contradictory, that does not make her an incompetent witness. At the same time, Mueller might have given inconsistent testimony, but even inconsistent statements about whether the witness understands perhaps the most

Case ID: 170300712
Control No.: 21060526

fundamental aspect of testifying—the duty to do so truthfully—are insufficient to deem the witness incompetent. Thus, the Court should deny this motion and permit Mueller to testify at trial, if called.

      **WHEREFORE**, Plaintiff requests that this Honorable Court enter an Order denying the Motion in Limine to Preclude the Trial Testimony and Exclude the Deposition Testimony of Kimberly Mueller.

                                   **KLINE & SPECTER, P.C.**

                                   */s/Emily B. Marks*

**BY:** _____

                                   THOMAS R. KLINE, ESQUIRE
                                   NADEEM A. BEZAR, ESQUIRE
                                   EMILY B. MARKS, ESQUIRE
                                   KYLE B. NOCHO, ESQUIRE
                                   *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060526

**KLINE & SPECTER, P.C.**                              Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
          NADEEM A. BEZAR, ESQUIRE/63577
          EMILY B. MARKS, ESQUIRE/204405
          KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER RESPONSE TO THE
MOTION IN LIMINE TO PRECLUDE THE TRIAL TESTIMONY AND EXCLUDE
THE DEPOSITION TESTIMONY OF KIMBERLY MUELLER**

Plaintiff M.B. ("Plaintiff"), by her counsel, Kline & Specter, P.C., respectfully submits

this Memorandum of Law in Support of her Response to the Motion in Limine to Preclude the

Trial Testimony and Exclude the Deposition Testimony of Kimberly Mueller.

**I.     PRELIMINARY STATEMENT**

The Roosevelt Defendants want this Court to believe that their former front desk clerk,

Kimberly Mueller, who they employed for 7 years, is not competent to testify in a court

proceeding.  Ms. Mueller was deemed competent by the Roosevelt Defendants to work as a front

desk clerk at the Roosevelt Inn.  Now, the Roosevelt Defendants claim Ms. Mueller is not

competent without offering any medical proof or support for their allegation. A witness is

presumptively competent and merely contradicting oneself in a deposition is insufficient grounds

to render a witness incompetent.  Any characterizations of Mueller's testimony by Defendants is

inappropriate grounds for finding that Mueller is "incompetent" under Pennsylvania Rule of

Case ID: 170300712
Control No.: 21060526

Evidence 601. Without more than Defendants' unsupported assertions that the Roosevelt

Defendants' former desk clerk is incompetent, the Court should deny their motion.

## II.    QUESTION PRESENTED

1.  Should this Honorable Court permit Mueller to testify at trial?

    **SUGGESTED ANSWER:** *Yes. Mueller is presumptively competent and merely contradicting oneself in a deposition is insufficient grounds to render a witness "incompetent."*

## III.    BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff was the victim of sex trafficking that occurred at the Roosevelt Inn when she

was just fourteen years old from about January 2014 through June 6, 2014.  Plaintiff filed a

Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn,

Inc., as owners of the motel; the motel's management company, UFVS Management Company,

LLC; and the motel's manager, Yagna Patel (collectively, "Roosevelt Defendants"). On

September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha,

as an additional defendant.

Mueller was employed at the Roosevelt Inn as a front desk clerk for about seven years,

including the time period involved in Plaintiff's allegations. Her testimony, including regarding

procedures in place at the front desk, are important to this case. On September 19, 2019, Mueller

gave a deposition in this case, and testified under oath in response to questions by counsel for

Plaintiff and Defendants.

## IV.    THE COURT SHOULD NOT PRECLUDE MS. MUELLER FROM TESTIFYING AT TRIAL OR HER DEPOSITION TESTIMONY

Even if Kimberly Mueller's deposition testimony was inconsistent at times, there is no

evidence to suggest that she is incompetent as a witness. It is Defendants' burden to prove that

Case ID: 170300712
Control No.: 21060526

Mueller is incompetent by "clear and convincing evidence." *See Com. v. Boich*, 982 A.2d 102, 110 (Pa. Super. Ct. 2009). They have not done so.

    As a general rule, every person is competent to be a witness. *See* Pa.R.E. 601(a). A trial court can deem a witness "incompetent," when, based on "a mental condition or immaturity," the person meets one of four conditions: (1) the person is incapable of perceiving accurately; (2) the person is unable to express himself so as to be understood either directly or through an interpreter; (3) the person has an impaired memory; or (4) the person does not sufficiently understand the duty to tell the truth. *See* Pa.R.E. 601(b). This determination is within the discretion of the trial court. *See In Interest of J.R.*, 648 A.2d 28, 31 (Pa. Super. Ct. 1994).   Here, the Roosevelt Defendants have not offered any proof that Ms. Mueller has a medical condition that precludes her from her testifying.

    Merely contradicting oneself is insufficient to render a witness incompetent. *See* In *Interest of J.R.,* 648 A.2d at 32-33; *see also Com. v. Levenson,* 422 A.2d 1355, 1358-59 (Pa. Super. Ct. 1980) ("If a witness has made inconsistent or contradictory statements they may affect his credibility but they do not make him an incompetent witness.") (cleaned up). In *J.R.,* the witness was a four-year-old victim of illegal sexual contact. 648 A.2d at 30. The witness indicated that she would be punished if she lied, but later repeatedly testified that it was "good to lie." Id. at 32-33. Despite this inconsistency, the Superior Court concluded that the trial court did not abuse its discretion in finding that the victim-witness was competent. *Id*  A witness' ability to understand the most fundamental aspect of testifying—the duty to do so truthfully—is sufficient to deem the witness competent. *See J.R.,* 648 A.2d at 32-33.

    Defendants' attempts to forecast Mueller's trial testimony as "confusing, misleading, unnecessarily cumulative and . . . unfairly prejudicial" are meritless as they cite no authority for the proposition of finding a witness incompetent purely based on deposition testimony. *See*

Case ID: 170300712
Control No.: 21060526

Defendants' Motion at 10. Similarly, their concerns that testifying would be detrimental to Mueller's mental health are unsupported by any medical evidence. *See Id.* The remaining determination on Mueller's credibility as a witness is for the jury to make. *See Com. v. Maconeghy*, 171 A.3d 707, 712 (Pa. 2017).   Accordingly, the Court should deny this motion and permit Mueller to testify at trial, if called.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060526

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

<div style="text-align:right">

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

**BY:** _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

</div>

**CERTIFICATE OF SERVICE**

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Response to the Motion in Limine to Preclude the Trial Testimony and Exclude the Deposition Testimony of Kimberly Mueller*** was filed with the Court on June 13, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*
BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

**FILED**
14 JUN 2021 03:51 pm
Civil Administration
F. HEWITT

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a *ROOSEVELT INN* and | : | |
| *ROOSEVELT INN CAFE* and | : | |
| ROOSEVELT MOTOR INN | : | |
| d/b/a *ROOSEVELT MOTOR INN* and | : | NO. 00712 |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | |
| | : | |
| Defendants | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ORDER</u>

**AND NOW**, this _____day of June 2021, upon consideration of the Motion *in Limine* of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, to Exclude Video Footage from January 2, 2015, Control No. 21060490, and any Response thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **DENIED.**

BY THE COURT:

_____
J.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire                   Attorneys for Defendant,
Identification No.    208830                        Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | MARCH TERM, 2017 |
| ROOSEVELT INN LLC | : | |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| d/b/a ROOSEVELT MOTOR INN and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | <u>JURY TRIAL DEMANDED</u> |

---

### <u>RESPONSE OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., IN OPPOSITION TO THE MOTION *IN LIMINE* OF DEFENDANTS, ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL TO EXCLUDE VIDEO FOOTAGE FROM JANUARY 2, 2015</u>

Defendant, Alpha-Centurion Security, Inc. ("Responding Defendant"), by and through its

counsel, Marshall Dennehey Warner Coleman & Goggin, hereby responds to the Motion *in*

*Limine* of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café,

Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and

Yagna Patel, to Exclude Video Footage from January 2, 2015 as follows:

Case ID: 170300712
Control No.: 21060490

1.      Admitted that Plaintiff's allegations have changed considerably over the course of this litigation, and that her claims are for common law negligence.  Plaintiff's allegations against Responding Defendant are denied, as set forth in Responding Defendants' Answer to Plaintiff's Fourth Amended Complaint with New Matter and New Matter Cross-Claims.

2.      Admitted only that a shooting occurred at the Roosevelt Inn on March 31, 2014 and that the shooting itself has no relation to Plaintiff or her claims.  The remainder of the corresponding allegations are denied.

3.      Admitted only that a shooting occurred at the Roosevelt Inn on March 31, 2014, and that it was captured on the Roosevelt Inn Defendants' surveillance footage.  The remainder of the allegations are denied and the video footage speaks for itself.

4.      Admitted that the Roosevelt Defendants filed a separate Motion regarding the March 31, 2014 footage, and that the instant Motion seeks to preclude the January 2, 2015 footage only.  Also admitted that the shooting has no relevance to Plaintiff's claims. The remainder of the allegations are denied and the video footage speaks for itself.

5.      Admitted only that Responding Defendant sought leave to amend its cross-claims, leave was granted, and Responding Defendant amended its Cross Claims accordingly. The nature and substance of Responding Defendant's cross-claims speaks for itself. The remainder of the allegations are denied.

6.      The characterizations in the corresponding paragraph of the Stone Report and Responding Defendant's reasoning for retaining him are denied. The Stone Report is a writing, the content of which speaks for itself.

7.      Admitted only that Responding Defendant produced an expert report from Jake Stone.  The Roosevelt Defendants' characterization of Mr. Stone's Expert Report are denied. The

Case ID: 170300712
Control No.: 21060490

Stone Report is a writing, the content of which speaks for itself. By way of further answer, the corresponding allegations demonstrate precisely why Mr. Stone's analysis and findings should not be precluded.  His report details various deficiencies in the security surveillance system that only the Roosevelt Defendants were able to access and control. Indeed, Mr. Stone's Report clearly details deficiencies of the Roosevelt Defendants' security cameras – cameras to which Responding Defendant had no ability to access let alone control. The Roosevelt Defendants' argument suggests that Mr. Stone's analysis is irrelevant because he did not conclude that portions of the video had been intentionally destroyed, only that the security cameras were poorly configured. This is precisely why Stone's analysis of the video is relevant to the instant case.

8.      Denied.  The January 2, 2015 video footage is relevant.  Together with the March 31, 2014 video footage, it was the *only* video produced in this litigation from the Roosevelt Defendants' security camera system.  Mr. Stone analyzes the January 2, 2015 video in order to provide an expert opinion as to the manner in which the camera system operated.  The Roosevelt Defendants claim they were not negligent because their internal security protocols, including their camera system, were reasonable.  Defendant Yagna Patel testified that the security system at the Roosevelt Inn has been in place for "[t]wenty years." Patel Dep. (7/19/18), 27:2-20, attached as Exhibit A. The Roosevelt Defendants plan to present the testimony of security expert Norman Bates to offer the conclusion that the surveillance system was a component part of the hotel security program. A copy of Mr. Bates' Report is attached as Exhibit B. Mr. Bates champions the existence and operation of the surveillance system in support of his findings that the hotel's security program was reasonable. He points out that "management used the camera system to assist in their control over the premises." Ex. B, at pg. 15. He then goes on to criticize

Case ID: 170300712
Control No.: 21060490

Responding Defendant despite the undisputed fact that Responding Defendant had no access to the surveillance system. To allow the Roosevelt Defendants to champion the existence of the surveillance system but at the same time prohibit Responding Defendant from presenting evidence of deficiencies in its operation is unfair and prejudicial to Responding Defendant.

9.      Admitted that Plaintiff's allegations are as reflected in the corresponding paragraph. Plaintiff's allegations are denied, as set forth in Responding Defendants' Answer to Plaintiff's Fourth Amended Complaint with New Matter and New Matter Cross-Claims. Further, the January 2, 2015 is analyzed by Mr. Stone – and will be introduced into evidence – not for what is on the video but for what is NOT on the video. Mr. Stone will testify to the manner in which the Roosevelt Defendants' security cameras were improperly calibrated and poorly installed. The deficiencies relating to a surveillance system over which the Roosevelt Defendants exercised exclusive control is certainly relevant to the subject litigation, where one of the central issues is whether Responding Defendant was negligent in its execution of its limited security services at the subject property. To allow the Roosevelt Defendants to champion the existence of the surveillance system but at the same time prohibit Responding Defendant from presenting evidence of deficiencies in its operation is unfair and prejudicial to Responding Defendant.

10.      The corresponding paragraph constitutes legal conclusions to which no response is deemed required.

11.      Denied. The January 2, 2015 video footage is relevant to show the configuration and operation of the surveillance system in place at the hotel. Together with the March 31, 2014 video footage, it was the *only* video produced in this litigation from the Roosevelt Defendants' security camera system. Mr. Stone analyzes the January 2, 2015 video in order to provide an

Case ID: 170300712
Control No.: 21060490

expert opinion as to the manner in which the camera system operated.  The deficiencies relating

to a surveillance system over which the Roosevelt Defendants exercised exclusive control is

certainly relevant to the subject litigation, where one of the central issues is whether Responding

Defendant was negligent in its execution of its limited security services at the subject property.

To allow the Roosevelt Defendants to champion the existence of the surveillance system but at

the same time prohibit Responding Defendant from presenting evidence of deficiencies in its

operation is unfair and prejudicial to Responding Defendant. Moreover, Yagna Patel testified

that the surveillance system had not changed in "twenty years." *See* Ex. A.

12.     The corresponding paragraph constitutes legal conclusions to which no response

is deemed required.

**WHEREFORE**, for the foregoing reasons, and for the reasons more fully set forth in the

accompanying Memorandum of Law, Defendant, Alpha-Centurion Security, Inc., respectfully

requests that this Honorable Court deny the Motion *in Limine* of Defendants, Roosevelt Inn LLC

d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn,

UFVS Management Company, LLC and Yagna Patel, to Exclude Video Footage from January 2,

2015, Control No. 21060490.

<div style="text-align:right">

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

</div>

Dated:   June 14, 2021

5

Case ID: 170300712
Control No.: 21060490

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire          Attorneys for Defendant,
Identification No.    208830               Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | |
| ROOSEVELT INN CAFE and | : | |
| ROOSEVELT MOTOR INN | : | NO. 00712 |
| d/b/a ROOSEVELT MOTOR INN and | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| and YAGNA PATEL and | : | |
| ALPHA-CENTURION SECURITY, INC. | : | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE OF
DEFENDANT, ALPHA-CENTURION SECURITY, INC., IN OPPOSITION
TO MOTION *IN LIMINE* OF DEFENDANTS, ROOSEVELT INN LLC D/B/A
ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC.
D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC
AND YAGNA PATEL, TO EXCLUDE VIDEO FOOTAGE FROM JANUARY 2, 2015**

I.    **MATTER BEFORE THE COURT**

Motion *in Limine* of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt

Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company,

LLC and Yagna Patel, to Exclude Video Footage from January 2, 2015, Control No. 21060490.

Case ID: 170300712
Control No.: 21060490

II.     **QUESTION PRESENTED**

Whether the Court should permit Responding Defendant to admit into evidence the January 2, 2015 footage from the Roosevelt Inn where the video evidence is relevant to the operation of the surveillance system generally.

*Suggested Answer:* **YES**.

III.    **FACTS**

Plaintiff alleges she was sexually trafficked at the Roosevelt Inn from approximately April 2014 through early June 6, 2014.  She filed suit against Defendants alleging claims of common law negligence. Plaintiff's claims are very much in dispute.

Responding Defendant produced an Expert Report from Jake Stone, who analyzed surveillance video footage from the Roosevelt Inn for its reliability and completeness.  The *only* videos made available to Responding Defendant in this litigation were from March 31, 2014 and January 2, 2015. Mr. Stone reviewed the videos and found certain deficiencies in the configuration of the security system that resulted in various activity not being recorded at the subject property.[1]

The Roosevelt Defendants seek to preclude evidence and testimony regarding the January 2, 2015 video because the time period is irrelevant to Plaintiff's claims.

IV.    **ARGUMENT**

As a threshold matter, Responding Defendant does not dispute the fact that January 2, 2015 is beyond the time that Plaintiff alleges she was at the hotel. Responding Defendant seeks to introduce the testimony of Mr. Stone and his analysis of the video in effort to defend the Roosevelt Defendants claims against it. The January 2, 2015 is analyzed by Mr. Stone – and will be introduced into evidence – not for what is on the video but for what is NOT on the video. Mr.

---

[1] The timing of the videos has no bearing on their relevance as the actual content of the video is irrelevant to Mr. Stone's analysis. Yagna Patel testified that the surveillance system at the hotel has been in place for "twenty years." Ex. A.

Case ID: 170300712
Control No.: 21060490

Stone will testify to the manner in which the Roosevelt Defendants' security cameras were improperly calibrated and poorly installed.  The deficiencies relating to a surveillance system over which the Roosevelt Defendants exercised exclusive control is certainly relevant to the subject litigation, where one of the central issues is whether Responding Defendant was negligent in its execution of its limited security services at the subject property.

The Roosevelt Defendants plan to present the testimony of Norman Bates to offer the conclusion that the surveillance system was a component part of the hotel security program. Mr. Bates champions the existence and operation of the surveillance system in support of his findings that the hotel's security program was reasonable. He points out that "management used the camera system to assist in their control over the premises." Ex. B, at pg. 15. He then goes on to criticize Responding Defendant despite the undisputed fact that Responding Defendant had no access to the surveillance system. To allow the Roosevelt Defendants to champion the existence of the surveillance system but at the same time prohibit Responding Defendant from presenting evidence of deficiencies in its operation is unfair and prejudicial to Responding Defendant.

One of the central issues in this litigation is whether Responding Defendant was negligent in its execution of its limited security services at the subject property. The evidence of record is clear that the Roosevelt Defendants did not provide Responding Defendant access to the Roosevelt Inn camera system.  Whether the security system operated correctly is therefore very relevant to Responding Defendant's liability defenses. The Roosevelt Defendants' argument that the date of the video alone should preclude admissibility of the video ignores the testimony of Mr. Patel, who confirmed that the surveillance system has been in place for "twenty years." Ex. A.

Case ID: 170300712
Control No.: 21060490

Accordingly, under Pennsylvania Rules of Evidence 401, 402, and 403, the Court should permit Mr. Stone to opine on the January 2, 2015 video.

## V.     REQUESTED RELIEF

For the foregoing reasons, Defendant, Alpha-Centurion Security, Inc., respectfully requests that this Honorable Court deny the Motion *in Limine* of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, to Exclude Video Footage from January 2, 2015, Control No. 21060490.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY:_____
                Thomas P. Wagner, Esquire
                Robert W. Stanko, Esquire
                Melanie J. Foreman, Esquire
                Attorneys for Defendant,
                Alpha-Centurion Security, Inc.

Dated:   June 14, 2021

4

Case ID: 170300712
Control No.: 21060490

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Response of Defendant, Alpha-Centurion Security, Inc., in Opposition to Motion *in Limine* of the Roosevelt Defendants to Exclude Video Footage from January 2, 2015 (Control No. 21060490), was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
**Attorneys for minor-Plaintiff**

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
**Attorneys for Roosevelt Inn LLC d/b/a**
**Roosevelt Inn and Roosevelt Inn Café,**
**Roosevelt Motor Inn, Inc. d/b/a Roosevelt**
**Motor Inn, UFVS Management Company,**
**LLC and Yagna Patel**

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN  47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
    Thomas P. Wagner, Esquire
    Robert W. Stanko, Esquire
    Melanie J. Foreman, Esquire
    Attorneys for Defendant,
    Alpha-Centurion Security, Inc.

Dated:  __June 14, 2021__

LEGAL/138869027.v1

**WHEREFORE**, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Defendant, Alpha-Centurion Security, Inc., respectfully requests that this Honorable Court deny the Motion *in Limine* of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, to Preclude and Exclude the Expert Report and Testimony of Jake Stone, Control No. 21060524.

<div align="right">

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Attorneys for Defendant,
Alpha-Centurion Security, Inc.

</div>

Dated:   June 14, 2021

<div align="center">8</div>

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Thomas P. Wagner, Esquire
Identification No.:    27145
BY:    Robert W. Stanko, Esquire                    Attorneys for Defendant,
Identification No.    208830                        Alpha-Centurion Security, Inc.
BY:    Melanie J. Foreman, Esquire
Identification No.:    317951
2000 Market Street, Suite 2300
Philadelphia PA  19103
(215) 575-2600

---

| | |
|---|---|
| M.B. | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| v. | : |
| | : |
| ROOSEVELT INN LLC | : MARCH TERM, 2017 |
| *d/b/a ROOSEVELT INN* and | : |
| *ROOSEVELT INN CAFE* and | : |
| ROOSEVELT MOTOR INN | : NO. 00712 |
| *d/b/a ROOSEVELT MOTOR INN* and | : |
| UFVS MANAGEMENT COMPANY, LLC | : |
| and YAGNA PATEL and | : |
| ALPHA-CENTURION SECURITY, INC. | : <u>JURY TRIAL DEMANDED</u> |

---

<u>**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE OF DEFENDANT, ALPHA-CENTURION SECURITY, INC., IN OPPOSITION TO MOTION *IN LIMINE* OF DEFENDANTS, ROOSEVELT INN LLC D/B/A ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL, TO PRECLUDE AND EXCLUDE THE EXPERT REPORT AND TESTIMONY OF JAKE STONE**</u>

I.    <u>**MATTER BEFORE THE COURT**</u>

Motion *in Limine* of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt

Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company,

Case ID: 170300712
Control No.: 21060524

LLC and Yagna Patel, Preclude and Exclude the Expert Report and Testimony of Jake Stone, Control No. 21060524.

## II.   **QUESTION PRESENTED**

Whether the Court should permit Responding Defendant to introduce the Expert Report and testimony of Jake Stone, where Mr. Stone's opinions regarding the unreliability and incompleteness of the Roosevelt Defendants' camera system is relevant to facts at issue.

*Suggested Answer:*   **YES.**

## III.   **FACTS**

Plaintiff alleges she was sexually trafficked at the Roosevelt Inn from approximately April 2014 through early June 6, 2014.  She filed suit against Defendants alleging claims of common law negligence. Plaintiff's claims are very much in dispute.

Responding Defendant produced an Expert Report from Jake Stone, who analyzed surveillance video footage from the Roosevelt Inn for its reliability and completeness.  The *only* videos made available to Responding Defendant in this litigation were from March 31, 2014 and January 2, 2015. Mr. Stone reviewed the videos and found certain deficiencies in the configuration of the security system that resulted in various activity not being recorded at the subject property.[1]

The Roosevelt Defendants seek to preclude Mr. Stone's report and testimony because it does not "pass the requirements set forth in Rule 702 and *Frye*" and could confuse or mislead the jury. *Id.*, at ¶14, 17. The Roosevelt Defendants' arguments are misplaced and their motion must be denied.

---

[1] The timing of the videos has no bearing on their relevance as the actual content of the video is irrelevant to Mr. Stone's analysis. Yagna Patel testified that the surveillance system at the hotel has been in place for "twenty years." Ex. A.

2

Case ID: 170300712
Control No.: 21060524

## IV.   ARGUMENT

Importantly, the Roosevelt Defendants motion challenges "neither Stone's qualifications, nor his methodologies." Roosevelt Defendants' Motion, at ¶15.  Rather, they simply argue that Mr. Stone will not assist the trier of fact under Pennsylvania Rule of Evidence 702 because his conclusions do not support Responding Defendant's cross-claim of spoliation. The Roosevelt Defendants' argument is flawed.

The Roosevelt Defendants' argument suggests that Mr. Stone's analysis is irrelevant because he did not conclude that portions of the video had been intentionally destroyed, only that the security cameras were poorly configured. This is precisely why Stone's analysis of the video is relevant to the instant case. The Roosevelt Defendants plan to present the testimony of Mr. Bates to offer the conclusion that the surveillance system was a component part of the hotel security program. Mr. Bates champions the existence and operation of the surveillance system in support of his findings that the hotel's security program was reasonable. He points out that "management used the camera system to assist in their control over the premises." Ex. B, at pg. 15. He then goes on to criticize Responding Defendant despite the undisputed fact that Responding Defendant had no access to the surveillance system. To allow the Roosevelt Defendants to champion the existence of the surveillance system but at the same time prohibit Responding Defendant from presenting evidence of deficiencies in its operation is unfair and prejudicial to Responding Defendant.

One of the central issues in this litigation is whether Responding Defendant was negligent in its execution of its limited security services at the subject property.  The evidence of record is clear that the Roosevelt Defendants did not provide Responding Defendant access to the Roosevelt Inn camera system.  Whether the security system operated correctly is therefore

3

Case ID: 170300712
Control No.: 21060524

very relevant to Responding Defendant's liability defenses. In fact, Responding Defendants' Cross-Claims against the Roosevelt Defendants allege that Plaintiff's alleged injuries/damages "were caused by the actions, omissions, spoliation, negligence, carelessness and/or recklessness, and other liability producing conduct on the part of" the Roosevelt Defendants. *See* Responding Defendants' Answer to Plaintiff's Fourth Amended Complaint with New Matter and New Matter Cross-Claims. An analysis of the Roosevelt Defendants' video surveillance system is certainly relevant to these claims. Mr. Stone's testimony will assist the trier of fact to understand why gaps exist in the security camera footage. The Roosevelt Inn Defendants' Motion should be denied. *See Reardon v. Meehan*, 227 A.2d 667, 670 (Pa. 1967) ("The employment of testimony of an expert rises from necessity, a necessity born of the fact that the subject matter of the inquiry is one involving special skills and training beyond the ken of the ordinary layman…").

## V.   **REQUESTED RELIEF**

For the foregoing reasons, Defendant, Alpha-Centurion Security, Inc., respectfully requests that this Honorable Court deny the Motion *in Limine* of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel, Preclude and Exclude the Expert Report and Testimony of Jake Stone, Control No. 21060524.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
     Thomas P. Wagner, Esquire
     Robert W. Stanko, Esquire
     Melanie J. Foreman, Esquire
     Attorneys for Defendant,
     Alpha-Centurion Security, Inc.

Dated:  _June 14, 2021_____

4

Case ID: 170300712
Control No.: 21060524

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas P. Wagner, hereby certify that a true and correct copy of the Response of Defendant, Alpha-Centurion Security, Inc., in Opposition to Motion *in Limine* of the Roosevelt Inn Defendants to Preclude and Exclude the Expert Report and Testimony of Jake Stone, Control No. 21060524, was served by electronic filing to all parties listed below on the date set forth below:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19101
***Attorneys for minor-Plaintiff***

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome, LLP
130 North 18th Street
Philadelphia, PA 19103
***Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel***

The following parties were served via First Class Mail via the date set forth below:

Daiquan Davis
USP Terre Haute
U.S. Penitentiary
P. O. Box 33
Terre Haute, IN  47808

Abdul Lopez
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, AZ 85734

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
　　　Thomas P. Wagner, Esquire
　　　Robert W. Stanko, Esquire
　　　Melanie J. Foreman, Esquire
　　　Attorneys for Defendant,
　　　Alpha-Centurion Security, Inc.

Dated: ___June 14, 2021_____

LEGAL/138869421.v1

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S ANSWER TO THE ROOSEVELT DEFENDANTS' MOTION IN LIMINE TO PRECLUDE AND EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MICHELLE GUELBART

Plaintiff M.B. ("Plaintiff"), by her counsel, Kline & Specter, P.C, responds to the Motion

in Limine to Preclude and Exclude the Expert Report and Testimony of Michelle Guelbart as

follows:

1.-28.   Denied. These paragraphs consist of legal argument and purported conclusions of law to

which no response is required and therefore all allegations are denied.  All factual averments are

specifically denied.

By way of further response, Plaintiff will not be calling Michelle Guelbart to testify as an

expert witness at trial.  **Therefore, the Roosevelt Defendants' Motion in Limine should be**

**Denied as Moot.**

Case ID: 170300712
Control No.: 21060525

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an Order denying the

Roosevelt Defendants' Motion in Limine as Moot.

<div align="center"></div>

                                  **KLINE & SPECTER, P.C.**

                                  */s/Emily B. Marks*

**BY:** _____

                                  THOMAS R. KLINE, ESQUIRE
                                  NADEEM A. BEZAR, ESQUIRE
                                  EMILY B. MARKS, ESQUIRE
                                  KYLE B. NOCHO, ESQUIRE
                                  *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060525

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiff
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO THE ROOSEVELT DEFENDANTS' MOTION IN LIMINE TO PRECLUDE AND EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MICHELLE GUELBART

Plaintiff will not be calling Michelle Guelbart to testify at trial as an expert witness.

Therefore, Plaintiff respectfully requests this Honorable Court to **DENY** the Roosevelt

Defendants' Motion in Limine as **MOOT**.


Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY:   _____
      THOMAS R. KLINE, ESQUIRE
      NADEEM A. BEZAR, ESQUIRE
      EMILY B. MARKS, ESQUIRE
      KYLE B. NOCHO, ESQUIRE
      *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060525

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

BY: _____/s/Emily B. Marks_____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Response to the Motion in Limine to Exclude the Trial Testimony and Report of Michelle Guelbart*** was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

FILED
14 JUN 2021 08:02 pm
Civil Administration
E. MEENAN

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of upon consideration of

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor

Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's

Motion to Preclude and Exclude FBI Materials, and any response thereto, it is hereby:

**ORDERED** and **DECREED** that Defendants' Motion in Limine is **DENIED**.

BY THE COURT:

_____
J.

Case ID: 170300712
Control No.: 21060532

**KLINE & SPECTER, P.C.**                                  Attorneys for Plaintiff M.B.
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S ANSWER IN OPPOSITION THE ROOSEVELT DEFENDANTS' MOTION IN LIMINE TO PRECLUDE AND EXCLUDE FBI MATERIALS

Plaintiff by and through her attorneys, Kline & Specter, hereby responds in opposition to

the Motion in Limine of the Roosevelt Defendants' Motion to Preclude and Exclude FBI

materials as follows:

1.      Denied.  Plaintiff's Complaint is a document that speaks for itself and any

mischaracterization of the Complaint is denied.

2.      Denied as stated.  Lopez and Davis admitted to trafficking M.B.

3.      Admitted.  No party objected to the Subpoena to the FBI for materials pertaining to the

Roosevelt Inn.

4.      Denied.  8/6/19 Correspondence from United Sates Attorney William McSwain is a

document that speaks for itself and any characterization is denied.

5.      Admitted.

6.      Denied.  The 6.18.20 correspondence from USAO is a document that speaks for itself and

characterization of the letter is denied.

Case ID: 170300712
Control No.: 21060532

7.      Denied.  The 6.18.20 correspondence from USAO is a document that speaks for itself and characterization of the letter is denied.

8.      Denied.  The 11.11.20 correspondence is a document that speaks for itself and any characterization of the letter is denied.  No party objected to the Subpoena to the FBI.

9.      Denied.  The 12.10.20 correspondence from the USAO is a document that speaks for itself and any characterization is denied.

10.     Admitted only that FBI materials were produced on March 19, 2021.

11.     Denied.  Defendants have no legal or factual basis to preclude FBI Special Agent Getson from testifying at trial or the information contained in the records from the FBI that were produced in this case.  The testimony of FBI Special Agent Getson and information in the FBI records are relevant to show the open and obvious commercial sex activity, including prostitution and sex trafficking, that was happening at the Roosevelt Inn.  A formal investigation targeting the owners and operators of the Roosevelt Inn under the White-Slave Traffic Act, also called the Mann Act, for profiting from commercial sex activity was initiated on June 17, 2014.  Preceding events caused the FBI to open the investigation that are described in the records produced by the FBI.  At the time the investigation was open the Philadelphia's Child Exploitation Task Force was conducting approximately 16 investigations into sex trafficking activities which had a connection to the Roosevelt Inn that resulted in the recovery of multiple juveniles. [FBI000002].[1]  The records also discuss multiple investigations in 2013 where children who were being sold for sex were recovered from the Roosevelt Inn.  [FBI00002-3].  Further, Counsel for the Roosevelt Defendants opened the door to evidence of events that occurred after June

---

[1] The FBI records are subject to a protective order.  Therefore, the FBI records are not attached to this Motion in Limine but will be provided to the Court upon request

Case ID: 170300712
Control No.: 21060532

2014 through his own questioning of Co-Defendant Daiquan Davis in this trial.  The Roosevelt

Defendants have introduced evidence in this trial of purported events that occurred after M.B.

left the Roosevelt Inn in June 2014, to support their claim that Roosevelt staff was unaware of

commercial sex activity.  Therefore, Plaintiff should be permitted to introduce evidence and

testimony to the contrary.

12.     Denied. This is not a basis to prelude information contained in the FBI records but may

be the subject matter of cross-examination.

13.     Denied.  See response to Paragraph 11.

14.     Denied.  Plaintiff's counsel is well-aware of the Pennsylvania Rules of Evidence

regarding hearsay. Just because there may be some hearsay statements within the FBI records

does not make all of the information contained in the records in admissible.

15.     Denied. The FBI records detail conversations FBI Special Agent Getson had with a desk

clerk at the Roosevelt Inn who noticed people going in and out of the rooms on the security

cameras. The agent told the desk clerk he was "working the girls " but they would not stay

overnight and the desk clerk stated this was fine.   [FBI000224].  FBI Special Agent Getson

asked a front desk clerk, 30 year-old Indian female, if there were girls available.  The clerk

responded that they were usually there late in the evening or on weekend when many prostitutes

were available [FBI000284].

        There records also indicate Special Agent Getson asked Fred Keller the bartender why it

was so quiet in the bar. Keller stated there was a large disturbance by a lot of the regular

customers at the hotel on Thursday night causing problems for the staff. The guests were known

to be engaging in prostitution. The hotel manager, Patel, kicked them all out for the night.  The

agent asked if his group would have any problems with Patel.  Fred stated that they would not

Case ID: 170300712
Control No.: 21060532

have any problems with Patel and that he knew what was going on at the hotel with prostitution. [FBI000220,224].  The names and identities of Roosevelt Inn staff are clearly described within the records.

16.    Admitted only that Plaintiff has produced a supplemental report from Plaintiff's liability expert, Richard Hudak, who reviewed and relied upon information contained within the FBI records.  Further, Plaintiff intends to call FBI Special Agent Getson to testify at trial.

17.     Denied.  The FBI records are reliable business records. PA. R. Evid. 803(6) - Records of Regularly Conducted Activity.

18.    Denied. Plaintiff is well-aware of the Pennsylvania Rules of Evidence and will not seek to introduce inadmissible evidence that may be contained in the FBI records.  Certainly, Special Agent Getson can testify to his personal observations from investigations concerning the Roosevelt Inn as well as information he learned as the lead FBI Agent for the investigation targeting the owners and operators of the Roosevelt Inn.

19.    Denied.  See response to Paragraph 15.

20.    Denied.  See response to Paragraph 15 and 18.

21.    Denied.  See response to Paragraph 15 and 18.

22.    Denied.  The FBI records are admissible per PA. R. Evid. 803(6) - Records of Regularly Conducted Activity also known as business records.  FBI Special Agent Getson will testify that he either prepared the records or reviewed the records as part of his day to day business overseeing investigations concerning the Roosevelt Inn. Commonwealth v. Schoff, 911 A.2d 147, 157 (Pa. Super. 2006) (finding declarant "had personal knowledge of the allegations contained in the prior report, as she had utilized that report in her own investigations and testified

4

Case ID: 170300712
Control No.: 21060532

extensively on DSS protocol as to preparation, storage, and management of files in a child abuse investigation.") .

23-29.  Denied. There is no evidence to support the Roosevelt Defendants' contention that the FBI records are confusing or not complete because some protected information has been redacted.  The names, identities and descriptions of Roosevelt Inn employees are clearly set forth within the records.  The FBI records are admissible per PA. R. Evid. 803(6) - Records of Regularly Conducted Activity also known as business records.  FBI Special Agent will testify that he either prepared the records or reviewed the records as part of his day to day business overseeing investigations concerning the Roosevelt Inn. Commonwealth v. Schoff, 911 A.2d 147, 157 (Pa. Super. 2006) (finding declarant "had personal knowledge of the allegations contained in the prior report, as she had utilized that report in her own investigations and testified extensively on DSS protocol as to preparation, storage, and management of files in a child abuse investigation.").

There is no evidence to suggest that the FBI records are untrustworthy and FBI Special Agent Getson can testify to their reliability as business records of the FBI.  That there may be other FBI records concerning the Roosevelt Inn that have not been turned over by the FBI is insignificant and such information would only show that there was more criminal activity at the Roosevelt Inn, not less.  Additionally, this is not a valid basis to preclude the records that were produced or the testimony of Special Agent Getson, but may be the subject of cross-examination.

The testimony that FBI Special Agent Getson and the information contained in the FBI records are evidence that there was dangerous/criminal activity at the Roosevelt Inn, specifically sex trafficking of minors and prostitution; that the Roosevelt Defendants' denial of criminal

Case ID: 170300712
Control No.: 21060532

activity, including commercial sex activity, is not credible and that the Roosevelt Defendants and

Defendant Alpha were complicit in allowing criminal activity to occur.

   **WHEREFORE**, Plaintiff respectfully request this Honorable Court deny the Roosevelt

Defendants' *Motion in Limine* to Preclude and Exclude FBI Materials.

                            Respectfully submitted,
                            **KLINE & SPECTER, P.C.**

         **BY:**   */s/Emily B. Marks*
                   _____
                   THOMAS R. KLINE, ESQUIRE
                   NADEEM A. BEZAR, ESQUIRE
                   EMILY B. MARKS, ESQUIRE
                   KYLE B. NOCHO, ESQUIRE
                   *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060532

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE ROOSEVELT DEFENDANTS MOTION IN LIMINE TO PRECLUDE AND EXCLUDE FBI MATERIALS

**I.      PRELIMINARY STATEMENT**

Defendants have no legal or factual basis to preclude FBI Special Agent Getson from

testifying at trial or the information contained in the records from the FBI that were produced in

this case.  The testimony of FBI Special Agent Getson and information in the FBI records are

relevant to show the open and obvious commercial sex activity, including prostitution and sex

trafficking, that was happening at the Roosevelt Inn.  A formal investigation targeting the owners

and operators of the Roosevelt Inn under the White-Slave Traffic Act, also called the Mann Act,

for profiting from commercial sex activity was initiated on June 17, 2014.  Preceding events

caused the FBI to open the investigation that are described in the records produced by the FBI.

At the time the investigation was open the Philadelphia's Child Exploitation Task Force was

conducting approximately 16 investigations into sex trafficking activities which had a connection

Case ID: 170300712
Control No.: 21060532

to the Roosevelt Inn that resulted in the recovery of multiple juveniles. [FBI000002].[2]  The

records also discuss multiple investigations in 2013 where children who were being sold for sex

were recovered from the Roosevelt Inn.  [FBI00002-3].  Further, Counsel for the Roosevelt

Defendants opened the door to evidence of events that occurred after June 2014 through his own

questioning of Co-Defendant Daiquan Davis in this trial.  The Roosevelt Defendants have

introduced evidence in this trial of purported events that occurred after M.B. left the Roosevelt

Inn in June 2014, to support their claim that Roosevelt staff was unaware of commercial sex

activity.  Therefore, Plaintiff should be permitted to introduce evidence and testimony to the

contrary.

## II.     QUESTION PRESENTED

Should Plaintiff be precluded from offering the testimony of FBI Special Agent Brian
Getson and information contained in records from the FBI concerning sex trafficking,
prostitution and commercial sex activity at the Roosevelt Inn?

*Suggested Answer:* No this evidence is relevant because it goes to notice, credibility of
the Defendants' witnesses and burden of proof.

## III.    BRIEF FACTUAL AND PROCEDURAL HISTORY

In 2014, Plaintiff was the victim of sex trafficking and rape at the Roosevelt Inn when

she was just 14 years old.  During discovery in this case, Plaintiff subpoenaed records from the

FBI concerning investigations of sex trafficking at the Roosevelt Inn. No party objected to the

Subpoena.

Defendants are seeking to preclude the testimony of FBI Special Agent Brian Getson

who oversaw and conducted investigations concerning sex trafficking at the Roosevelt Inn as

well as the information contained in the FBI records.  The FBI records described open and

---

[1] The FBI records are subject to a protective order.  Therefore, the FBI records are not attached to
this Motion in Limine but will be provided to the Court upon request

Case ID: 170300712
Control No.: 21060532

obvious commercial sex activity at the Roosevelt Inn.  The testimony of Special Agent Getson

and the information in the FBI records are relevant to proving notice of a dangerous condition, to

rebut the Roosevelt Defendants' employees who testified that they were unaware of any criminal

activity, including sex trafficking and prostitution, and to show that the Roosevelt Defendants

and Defendant Alpha were complicit in allowing commercial sex activity to occur.

## IV.    LEGAL ARGUMENT

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to

ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably

anticipated criminal conduct by third parties.

The duty owed to business invitees is the highest duty owed to any entrant upon

land.  "The landowner is under an affirmative duty to protect a business visitor against known

dangers but also against those which might be discovered with reasonable care." Campis v.

Acme Markets, 915 A.2d 117 (Pa. Super. 2006). Thus, the possessor of land has a duty to

conduct reasonable inspections of the property to discover dangerous conditions and to provide

such warnings or safeguards as may be necessary for the business invitee's protection. Crotty v.

Reading Industries, Inc., 345 A.2d 259 (Pa. Super. 1975); Pa. SSCJI 18.40 Owner of Land Duty

of Care Owed to Invitees Generally.

Pennsylvania has adopted § 344 of the Restatement (Second) of Torts, which lays out the

standard for businesses' liability for third party criminal acts committed against an invitee on the

business premises.  See Moran v. Valley Forge Drive–In Theater, Inc., 431 Pa. 432, 246 A.2d

875, 878 (Pa.1968) (concluding that § 344 applied when deciding whether a busines was liable

for the tortious or negligent acts by third parties).

The Restatement (Second) of Torts § 344 states:

Case ID: 170300712
Control No.: 21060532

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
>    • (a) discover that such acts are being done or are likely to be done, or
>    • (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965); Negligence--Failure to Prevent Intentional Harm to Business Invitees, Pa. SSJI (Civ), §18.120 (2020).

Comment f. to Section 344 provides that businesses may have a duty to police the premises adequately, if the businesses "know or have reason to know, from past experience that there is a likelihood of conduct on the part of the third person in general which is likely to endanger the safety of the visitor, even though he had no reason to expect it on the part of the particular individual." Id. The Comment further states: "If the place or character of his business, or his past experience is such that he should reasonably anticipate a careless or criminal conduct on the part of a third person, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." Id.

Pennsylvania state court decisions have found that a plaintiff can show that a business was on notice of the need to take reasonable precautions against the foreseeable potential harm suffered by the plaintiff when the plaintiff introduced evidence of other crimes previously committed in the area. For instance, the Superior Court determined that a plaintiff who was sexually assaulted at a motel could show the harm that she faced was reasonably foreseeable by introducing evidence of rampant underage drinking at the motel. See Paliometros, 932 A.2d at 135-37. In another case, the Superior Court concluded that the harm experienced by a shooting

4

Case ID: 170300712
Control No.: 21060532

victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of

the motel "coupled with an extensive record of reported crimes in the locale during the previous

twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three

burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false

imprisonments…".  <u>Rabutino</u>, 809 A.2d at 941 n.6.  The Superior Court in <u>Rabutino</u> determined

that the extensive crimes "bore on the foreseeability that the illicit environment permitted at the

[motel] would foster careless, reckless, and/or deliberate conduct causing harm to those present."

<u>Id.</u>; <u>see also</u> <u>Murphy v. Penn Fruit Co.</u>, 274 Pa. Super. 427, 432–33, 418 A.2d 480, 483 (1980)

(plaintiff demonstrated the business' notice of her potential harm through evidence of "instances

of disturbances, car thefts, muggings, purse snatches, drug use" occurring in the area); <u>Young v.</u>

<u>Prizm Asset Mgmt. Co.</u>, 2014 PA Super 195, 100 A.3d 594, 600–02 (2014) (plaintiff met notice

requirement in case involving assault where plaintiff introduced evidence of police calls made

regarding fights, disorderly conduct, trespassing, drug activity, and shoplifting, along with a

prior assault in the area).

   Federal courts interpreting Pennsylvania law have also concluded that plaintiffs can

introduce evidence of crimes in the area, other than the one committed against the plaintiff.  In a

case involving a stabbing victim at a motel, the court reasoned that the frequency of calls to the

police for crimes generally could be a factor considered by the jury whether the motel had

constructive notice of the foreseeable harm experienced by the plaintiff. <u>See</u> <u>Bonilla v. Motel 6</u>

<u>Operating L.P.</u>, No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011).  These

courts have concluded that other crimes can be used to show that the crime suffered by the

plaintiff was reasonably foreseeable.  <u>See</u> <u>Morgan v. Bucks Assocs.</u>, 428 F. Supp. 546, 550–51

(E.D. Pa.1977) (non-violent car thefts occurring on premises put the defendant on constructive

<div align="center">5</div>

Case ID: 170300712
Control No.: 21060532

notice that violent criminal conduct on the part of third persons, such as the assault of the

plaintiff, might occur on the premises); Baker v. Solo Nightclub, LLC, No. CIV.A. 11-2380,

2013 WL 1927052, at *8 (E.D. Pa. May 9, 2013) (Defendants were on notice of potential danger

to plaintiff in case involving plaintiff who was a shooting victim, where the plaintiff showed past

incidents of disorderly conduct and fights occurring in the area, along with a Commonwealth

action to enjoin the business's liquor license and previous gun incidents).

"Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable

than it would be without the evidence; and (b) the fact is of consequence in determining the

action." Pa.R.E. 401; see also Com. v. Spiewak, 617 A.2d 696, 699 (Pa. 1993).  ("Evidence is

relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue

more or less probable, or supports a reasonable inference or assumption regarding the existence

of a material fact"). "All relevant evidence is admissible, except as otherwise provided by law."

Pa.R.E. 402. A court may exclude relevant evidence if its probative value is outweighed by a

danger of one or more of the following: "unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

The testimony that FBI Special Agent Getson and the information contained in the FBI

records are evidence that there was dangerous/criminal activity at the Roosevelt Inn, specifically

sex trafficking of minor and prostitution; that the Roosevelt Defendants' denial of criminal

activity, including commercial sex activity, is not credible and that the Roosevelt Defendants and

Defendant Alpha  were complicit in allowing criminal activity to occur.

Contrary to Defendant Alpha's contention, the FBI records do not only contain

information concerning FBI investigations after Plaintiff left the Roosevelt Inn.  A formal

investigation targeting the owners and operators of the Roosevelt Inn under the White-Slave

6

Case ID: 170300712
Control No.: 21060532

Traffic Act, also called the Mann Act, for profiting from commercial sex activity was initiated on

June 17, 2014.  The investigation was part of a nationwide FBI initiative to target, and shut down

hotels benefitting or participating actively in the prostitution of under-aged girls.  [FBI000186].

There were preceding events that caused the FBI to open the investigation that are described in

the records produced by the FBI.  For example, at the time the investigation was open the

Philadelphia's Child Exploitation Task Force was conducting approximately 16 investigations

into sex trafficking activities which had a connection to the Roosevelt Inn that resulted in the

recovery of multiple juveniles. [FBI000002].  The records also discuss multiple investigations in

2013 where children who were being sold for sex were recovered from the Roosevelt Inn.

[FBI00002-3].[3]  The FBI records indicate that "Philadelphia Police Department provided a report

of all 911 calls related to the Roosevelt Inn, 7600 Roosevelt Boulevard, Philadelphia for the

period of 1/1/2012-7/7/2014. Reflected in the report were 522, 911 calls leading to 36 arrests.  17

arrests for prostitution and related charges."

 According to information contained in the records, FBI Agents learned that a security at

the Roosevelt Inn would protect the "girls" who were selling sex at the Roosevelt Inn.  The

security guard would protect the "girls" if someone came to rob them and would block the door

and no call the police.  [FBI000207].  The security guard also stated he would not interfere with

the FBI undercover agent who was "working girls" and accepted a bribe from the agent.

[FBI000211-212].

 The FBI records also detail conversations FBI Special Agent Getson had with a desk

clerk at the Roosevelt Inn who noticed people going in and out of the rooms on the security

---

[2]The FBI records are subject to a protective order.  Therefore, the FBI records are not attached to this Motion in Limine but will be provided to the Court upon request.

Case ID: 170300712
Control No.: 21060532

cameras. The agent told the desk clerk he was "working the girls " but they would not stay overnight and the desk clerk stated this was fine.   [FBI000224].  FBI Special Agent Getson asked a front desk clerk, 30 year-old Indian female, if there were girls available.  The clerk responded that they were usually there late in the evening or on weekend when many prostitutes were available [FBI000284].

There records also indicate Special Agent Getson asked Fred Keller the bartender why it was so quiet in the bar. Keller stated there was a large disturbance by a lot of the regular customers at the hotel on Thursday night causing problems for the staff. The guests were known to be engaging in prostitution. The hotel manager, Patel, kicked them all out for the night.  The agent asked if his group would have any problems with Patel.  Fred stated that they would not have any problems with Patel and that he knew what was going on at the hotel with prostitution. [FBI000220,224].

The FBI records and testimony are relevant to rebut the Roosevelt Inn witnesses' testimony stating they did not know of any criminal activity, including prostitution or sex trafficking, happening at the Roosevelt Inn at any time. The Roosevelt Defendants' employees have generally denied knowing about criminal activity occurring at the motel.  The motel manager Yagna Patel denied ever seeing anyone committing a crime while watching the live cameras at the motel during his thirty years as manager of the Roosevelt Inn.  See Deposition Transcript of Yagna Patel at page 35 – 36, attached as Exhibit "A".  He denied knowing about any times staff called the police about guests' suspected drug use or prostitution at the motel. See Ex. A at pages 309-310.  He also denied knowledge of any arrests for prostitution at the Roosevelt Inn.  See Ex. A at page 319.  Similarly, the motel employees deposed during discovery denied knowledge of criminal activity occurring at the Roosevelt Inn.

Case ID: 170300712
Control No.: 21060532

Counsel for the Roosevelt Defendants opened the door to evidence of events that occurred after June 2014 through his own questioning of a witness in this trial.  The Roosevelt Defendants have introduced evidence in this trial of purported events that occurred after MB left the Roosevelt Inn in June 2014.   The Roosevelt Defendants' counsel elicited testimony from Co-Defendant Daiquan Davis detailing when he used the Roosevelt Inn for commercial sex work:

> Q:     Mr. Davis, you mentioned that when I asked you where you engaged with commercial sex work and you listed several hotels. One of those hotels listed was the Roosevelt Inn. Are you able to tell me, sir, when you engaged in commercial sex work at the Roosevelt Inn?
>
> A:     Yes … The first date is October 1, 2014.  The second date is October 24, 2014.  The third date is October 23, 2014.  The fourth date is November 24, 2014.

See 6/10/21 Trial Transcript Testimony of Daiquan Davis at page 23, attached as Exhibit "B" (a draft version of the transcript was available at the time this response was filed and a final copy of the transcript will be forthcoming).

Rather than stop questioning about events after June 2014, counsel for the Roosevelt Defendants chose to pursue testimony regarding purported events after June 2014 to support their position that there was no knowledge of criminal activity at the Roosevelt Inn.  The Roosevelt Defendants elicited testimony from Co-Defendant Daiquan Davis that the Roosevelt Inn staff and manager, Yagna Patel, were "rule abiding" and that the staff and hotel manager were unaware of commercial sex activity.  The Roosevelt Defendants' counsel asked Mr. Davis about an interaction that he had with the motel manager Yagna Patel where Mr. Patel allegedly told Mr. Davis to go back to his room when Mr. Patel saw Davis "loitering" in the hallway:

> Q:     Sir, did you ever interact with someone by the name of Yagna Patel?
>
> A:     I had one interaction, yes.

Case ID: 170300712
Control No.: 21060532

Q:    Can you describe for me when that one interaction occurred?

A:    I'm not -- I'm not sure an accurate date, but I was loitering in the hallways and he told me to either leave the hotel or go back to my assigned room.

Q:    What did you do?

A:    I went back to my room.

Q:    Did you tell him you were a guest?

<div align="center">***</div>

A:    Yes.

Q:    Did he ask you if you were a guest?

<div align="center">***</div>

A:    I volunteered that information before he got to ask me.

See Trial Testimony of Daiquan Davis attached as Exhibit "A" page 28 – 29.  Davis confirmed that this incident occurred in October or November 2014.  See Ex. B at page 72.

Counsel for the Roosevelt Defendants specifically asked Daiquan Davis about his stays at the motel after June 2014:

Q: … As part of the commercial sex work at the Roosevelt Inn in October of 2014 was the Roosevelt Inn or anyone that you're aware of at the Roosevelt Inn aware that you were engaging in prostitution?

A   No.

See Ex. B at page 26.  With the Roosevelt Defendants introducing evidence and eliciting testimony about purported events after June 2014 in their defense, Plaintiff certainly should be able to use evidence to rebut the Roosevelt Defendants' claims that their staff and management

Case ID: 170300712
Control No.: 21060532

did not permit illicit activity and were unaware that commercial sex activity occurred at the motel.

Plaintiff is well-aware of the Pennsylvania Rules of Evidence and will not seek to introduce inadmissible evidence that may be contained in the FBI records. Certainly, Special Agent Getson can testify to his personal observations from investigations concerning the Roosevelt Inn as well as information he learned as the lead FBI Agent for the investigation targeting the owners and operators of the Roosevelt Inn.

There is no evidence to support the Roosevelt Defendants' contention that the FBI records are confusing or not complete because some protected information has been redacted. The names, identities and descriptions of Roosevelt Inn employees are clearly set forth within the records. The FBI records are admissible per PA. R. Evid. 803(6) - Records of Regularly Conducted Activity also known as business records. FBI Special Agent will testify that he either prepared the records or reviewed the records as part of his day to day business overseeing investigations concerning the Roosevelt Inn. Commonwealth v. Schoff, 911 A.2d 147, 157 (Pa. Super. 2006) (finding declarant "had personal knowledge of the allegations contained in the prior report, as she had utilized that report in her own investigations and testified extensively on DSS protocol as to preparation, storage, and management of files in a child abuse investigation.").

There is no evidence to suggest that the FBI records are untrustworthy and FBI Special Agent Getson can testify to their reliability as business records of the FBI. That there may be other FBI records concerning the Roosevelt Inn that have not been turned over by the FBI is insignificant and such information would only show that there was more criminal activity at the Roosevelt Inn, not less. Additionally, this is not a valid basis to preclude the records that were produced or the testimony of Special Agent Getson, but may be the subject of cross-examination.

Case ID: 170300712
Control No.: 21060532

The testimony of FBI Special Agent Getson and the information contained in the FBI records are evidence that there was dangerous/criminal activity at the Roosevelt Inn, specifically sex trafficking of minors and prostitution; that the Roosevelt Defendants' denial of criminal activity, including commercial sex activity, is not credible and that the Roosevelt Defendants and Defendant Alpha  were complicit in allowing criminal activity to occur.

## V.    CONCLUSION

For all the aforementioned reasons, Plaintiff respectfully request this Honorable Court deny the Roosevelt Defendants' *Motion in Limine* to Preclude and Exclude FBI Materials.

<div style="text-align:right">

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

</div>

12

Case ID: 170300712
Control No.: 21060532

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

<div style="margin-left: 40%;">

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

</div>

Case ID: 170300712
Control No.: 21060532

## <u>CERTIFICATE OF SERVICE</u>

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Answer and Memorandum of Law in Opposition to the Roosevelt Defendants' Motion in Limine to Preclude and Exclude FBI Materials*, was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*


Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*


By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*


Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**


*/s/Emily B. Marks*
BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

FILED
14 JUN 2021 10:24 pm
Civil Administration
E. MEENAN

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## **ORDER**

    **AND NOW**, this _____ day of June, 2021, upon consideration of the Motion in Limine

of Defendant Alpha-Centurion Security, Inc.'s Motion in Limine as to Non-Party Alpha Century

Security, Inc. and any response in opposition thereto, it is hereby:

    **ORDERED** and **DECREED** that Defendant Alpha-Centurion Security, Inc.'s Motion in

Limine is **DENIED.**

                        BY THE COURT:

                        _____

                                        J.

Case ID: 170300712
Control No.: 21060289

**KLINE & SPECTER, P.C.**                                 Attorneys for Plaintiff M.B.
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

<u>**PLAINTIFF'S ANSWER IN OPPOSITION TO MOTION IN LIMINE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. AS TO NON-PARTY ALPHA CENTURY SECURITY, INC.**</u>

Plaintiff by and through her attorneys, Kline & Specter, hereby responds in opposition to

Defendant Alpha-Centurion Security, Inc.'s Motion in Limine as to Non-Party Alpha Century

Security, Inc. as follows:

1.      Denied.  Plaintiff was the victim of sex trafficking and rape; it is not alleged.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Denied as stated.  Defendant Alpha-Centurion Security, Inc. and Alpha Century Security,

Inc. are intimately intertwined.  Defendant Alpha-Centurion Security Inc.'s successor company

is Alpha Century Security Inc.

6.      Admitted only that Defendant has cited to a portion of Mr. Panetta's testimony.

7.      Admitted only that Defendant has cited to a portion of Mr. Panetta's testimony.

Case ID: 170300712
Control No.: 21060289

8.      Admitted only that Defendant has cited to a portion of Mr. Panetta's testimony.

9.      Denied.

10.-12.  Denied. Defendant Alpha-Centurion Security, Inc. and Alpha Century Security, Inc. are intimately intertwined. Defendant Alpha-Centurion Security Inc.'s successor company is Alpha Century Security Inc. as referred to throughout this case by counsel for Defendant Alpha-Centurion Security, Inc. in court filings.  The succession was only a change in the name of the companies.  Joanna Smalls, President of Defendant Alpha-Centurion, decided to cease operations due to health issues sometime in 2014. See N.T. Panetta at P. 14-15 attached as Exhibit "A".  Mr. Panetta, Ms. Smalls' significant other and Director of Operations for Defendant Alpha-Centurion, wanted to take over operating Defendant Alpha-Centurion but he could not because the company was designated as a Women's Owned Business.  See Exhibit "A" at P. 13-14. Therefore, Mr. Panetta formed Alpha Century Security, Inc. to continue the security contracts Ms. Smalls had with various businesses, including the Roosevelt Inn.  See Exhibit "A" at P. 35. Mr. Panetta claims Alpha-Century started operations on January 1, 2015.  Notably, despite taking over the Roosevelt Inn security contract and retaining the same employees without a gap in service to the Roosevelt Inn, Mr. Panetta claims that Ms. Smalls instructed him to "throw out" all records pertaining to the Roosevelt Inn except for tax records. As such, Alpha-Centurion has failed to produce significant, relevant records in this case, including incident reports, staff sheets and logs.  The only records Defendant Alpha-Centurion produced are what Mr. Panetta claims were mistakenly retained. For example, Defendant Alpha-Centurion produced one incident report from 2013 despite evidence that there were other incident reports and in contradiction to Mr. Panetta's testimony that he was instructed to "throw out" all records pertaining to the Roosevelt Inn.  Additionally, Alpha-Centurion produced some security guard clock forms

Case ID: 170300712
Control No.: 21060289

despite Mr. Panetta testifying that he was instructed to throw out all documentation pertaining to the Roosevelt Inn.

The jury should hear evidence of why Defendant Alpha-Centurion Security, Inc. allegedly failed to produce requested documents in this case which requires reference to Alpha Century.

13.-17.  Denied as legal conclusions to which no response is required.

18.-25. Denied. See response to Paragraphs 10-12.


WHEREFORE, Plaintiff respectfully request this Honorable Court to deny the Motion in Limine of Defendant Alpha-Centurion Security, Inc. as to Non-Party Alpha Century.

<div style="text-align:center">

Respectfully submitted,
**KLINE & SPECTER, P.C.**

</div>

BY:     */s/Emily B. Marks*
_____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

3

Case ID: 170300712
Control No.: 21060289

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
|    v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

<u>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION IN LIMINE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. AS TO NON-PARTY ALPHA CENTURY SECURITY, INC.**</u>

**I.    PRELIMINARY STATEMENT**

Defendant Alpha-Centurion Security, Inc. and Alpha Century Security, Inc. are intimately intertwined. Defendant Alpha-Centurion Security Inc.'s successor company is Alpha Century Security Inc. as referred to throughout this case by counsel for Defendant Alpha-Centurion Security, Inc. in court filings. The succession was only a change in the name of the companies. Joanna Smalls, President of Defendant Alpha-Centurion, decided to cease operations due to health issues sometime in 2014. *See* N.T. Panetta at P. 14-15 attached as Exhibit "A". Mr. Panetta, Ms. Smalls' significant other and Director of Operations for Defendant Alpha-Centurion, wanted to take over operating Defendant Alpha-Centurion but he could not because the company was designated as a Women's Owned Business. See Exhibit "A" at P. 13-14. Therefore, Mr. Panetta formed Alpha Century Security, Inc. to continue the security contracts Ms. Smalls had with various businesses, including the Roosevelt Inn. See Exhibit "A" at P. 35.

Case ID: 170300712
Control No.: 21060289

Mr. Panetta claims Alpha-Century started operations on January 1, 2015.  Notably, despite

taking over the Roosevelt Inn security contract and retaining the same employees without a gap

in service, Mr. Panetta claims that Ms. Smalls instructed him to "throw out" all records

pertaining to the Roosevelt Inn except for tax records when the company transitioned from

Defendant Alpha-Centurion to Alpha Century. As such, Alpha-Centurion has failed to produce

significant, relevant records in this case, including incident reports, staff sheets and logs.  The

only records Defendant Alpha-Centurion produced are what Mr. Panetta claims were mistakenly

retained. For example, Defendant Alpha-Centurion produced one incident report from 2013

despite evidence that there were other incident reports and in contradiction to Mr. Panetta's

testimony that he was instructed to "throw out" all records pertaining to the Roosevelt Inn.

Additionally, Alpha-Centurion produced some security guard clock forms despite Mr. Panetta

testifying that he was instructed to throw out all documentation pertaining to the Roosevelt Inn.

    The jury should hear evidence of why Defendant Alpha-Centurion Security, Inc. failed to

produce requested documents in this case which requires reference to Alpha Century.

## II.    QUESTION PRESENTED

    Should this Honorable Court preclude reference to Defendant Alpha-Centurion Security,
    Inc.'s successor company, Alpha Century Security, Inc.?

    Suggested Answer: No.

## III.    BRIEF FACTUAL AND PROCEDURAL HISTORY

    In 2014, Plaintiff was the victim of sex trafficking and rape at the Roosevelt Inn when

she was just 14 years old.  Defendant Alpha-Centurion Security, Inc. had an agreement with the

Roosevelt Inn Defendants to provide security services at the Roosevelt Inn in 2014.

Case ID: 170300712
Control No.: 21060289

Defendant Alpha-Centurion Security, Inc. is seeking to preclude reference to its successor company, Alpha Century Security, Inc.  Defendant Alpha's Motion should be denied for the following reasons.

## IV.   LEGAL ARGUMENT

"Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401; see also Com. v. Spiewak, 617 A.2d 696, 699 (Pa. 1993).  ("Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or assumption regarding the existence of a material fact"). "All relevant evidence is admissible, except as otherwise provided by law." Pa.R.E. 402.

Mr. Panetta testified that a supervisor from Alpha-Centurion would go to the Roosevelt Inn every Saturday or Sunday to collect the security guard's Daily Activity Reports, timesheets, incident report forms, and the clock round forms.  Exhibit "A" at P. 23.  Mr. Panetta claims that all records pertaining to the Roosevelt Inn were ordered to be thrown away but Ms. Smalls but that he was able to find some records that were retained by "mistake."

> Q.   Have you searched for the employee handbook that was used by Alpha-Centurion?
> A.   Again, everything that was given to me from Alpha-Centurion we went through, and the only thing we came up with was just those records right there.  No other information from Alpha-Centurion involving any other clients, there's only one box came with that.
> Q.   Where was that box of Alpha-Centurion documents located?
> A.   That was only by accident.  It was stored in the basement when they moved the stuff from the old building at 200 West Chester Pike over to the new building. After I had the secretaries check the file room, I said, you know what, check the basement, and they found one box, and there was some different stuff in it, some things  from the Roosevelt Inn, a couple of papers from different clients, different DARs. That's daily activity reports.

3

Case ID: 170300712
Control No.: 21060289

> Q.   Would it be fair to say that you've been unable to locate an employee handbook
> that was used by Alpha-Centurion; is that correct?
>
> A..   That's correct, yes, ma'am.

See Exhibit "A" at P. 23-24.

> Q.   Have you talked to Miss Small about records that were maintained by Alpha-
> Centurion?
>
> A.   No, ma'am.
>
> Q.   Are you still in a relationship with her?
>
> A.   Yes, ma'am.
>
> Q.   Have you ever asked her where she stored records from Alpha Centurion's
> clients?
>
> A.   There's no records that were stored because everything was destroyed in 2014.
>
> Q.   How do you know that?
>
> A.   I was part of throwing the stuff away.

*See* Exhibit "A" at P. 44.

Mr. Panetta's testimony that "everything" was thrown out contradicts the production of a select few documents by Defendant Alpha-Centurion in this case. Panetta's explanation as to why Alpha-Century retained some records pertaining to the Roosevelt Inn despite also testifying that all records were to be thrown out is confusing at best.  See Exhibit "A" P. 116-120.  Plaintiff should be permitted to introduce evidence as to why Defendant Alpha-Centurion Security, Inc. has failed to produce documents in this case which requires referencing Alpha-Century.

4

Case ID: 170300712
Control No.: 21060289

**V.      CONCLUSION**

For all the aforementioned reasons, Plaintiff respectfully request this Honorable Court to deny the Motion in Limine of Defendant Alpha-Centurion Security, Inc. as to Non-Party Alpha Century.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

**BY:**    */s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

5

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

**BY:** _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Plaintiff's Answer and Memorandum of Law in Opposition to Defendant Alpha's Motion Regarding Non-Party Alpha Century***, was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*
BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

# <u>EXHIBIT A</u>

Case ID: 170300712
Control No.: 21060289

# Redacted

Case ID: 170300712
Control No.: 21060289

FILED
14 JUN 2021 11:44 am
Civil Administration
E. MEENAN

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of June, 2021, upon consideration of Motion in Limine of Defendant Alpha-Centurion Security, Inc. Regarding Kelvin Hanton's Criminal Record, and any response in opposition thereto, it is hereby:

**ORDERED** and **DECREED** that Defendant Alpha-Centurion Security, Inc.'s Motion is **DENIED**.

**BY THE COURT**

_____
J.

Case ID: 170300712
Control No.: 21060284

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**PLAINTIFF'S RESPONSE TO MOTION IN LIMINE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. REGARDING KELVIN HANTON'S CRIMINAL RECORD**

Plaintiff M.B. ("Plaintiff"), by her counsel, Kline & Specter, P.C, responds in opposition to the Motion in Limine of Defendant Alpha-Centurion Security, Inc. Regarding Kelvin Hanton's Criminal Record as follows:

1.      Denied as stated. Plaintiff was the victim of rape and sex trafficking. By way of further response, Plaintiff's Complaint is a document that speaks for itself.

2.      Denied as stated. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

3.      Admitted.

4.      Admitted.

5.      Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.  Pennsylvania courts have held that evidence that a defendant violated the Private

Case ID: 170300712
Control No.: 21060284

Detective Act is neither irrelevant nor unfairly prejudicial. See Mahan v. Am-Gard, Inc., 841

A.2d 1052, 1057 (Pa. Super. Ct. 2003). Like in Mahan, Plaintiff contends that Alpha breached its

duty to provide, *inter alia*, "reasonable, *adequate*, and sufficient security personnel." See Pl.

Fourth Amended Complaint (emphasis added). Further, Alpha failed to "select and/or retain only

personnel competent to provide proper and adequate security services" See id. That Alpha failed

to conduct a proper background check when hiring Hanton in 2010—after he served a term of

imprisonment for a felony violation of carrying a firearm without a license, but was still on

probation for that offense—is central to Plaintiff's theory of liability.

      6.     Denied. By way of further explanation, these paragraphs consist of legal argument

and purported conclusions of law to which no response is required, and thus, all allegations are

denied.

      7.     Denied as stated. Plaintiff's Complaint is a document that speaks for its, and thus,

any characterizations of the factual or legal claims therein are specifically denied.

      8.     Denied as stated. Plaintiff's Complaint is a document that speaks for its, and thus,

any characterizations of the factual or legal claims therein are specifically denied.

      9.     Denied as stated. Plaintiff's Complaint is a document that speaks for its, and thus,

any characterizations of the factual or legal claims therein are specifically denied.

      10.    Denied as stated. Plaintiff's deposition is a document that speaks for its, and thus,

any characterizations of the statements therein are specifically denied.

      11.    Denied as stated. Plaintiff's deposition is a document that speaks for its, and thus,

any characterizations of the statements therein are specifically denied.

      12.    Denied as stated. Plaintiff's deposition is a document that speaks for its, and thus,

any characterizations of the statements therein are specifically denied.

Case ID: 170300712
Control No.: 21060284

13.     Denied as stated. Plaintiff's deposition is a document that speaks for its, and thus, any characterizations of the statements therein are specifically denied.

14.     Denied as stated. Plaintiff's deposition is a document that speaks for its, and thus, any characterizations of the statements therein are specifically denied.

15.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

16.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

17.     Denied. See response to Paragraph 5.

18.     Denied. See response to Paragraph 5.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Denied. See response to Paragraph 5.

24.     Denied. See response to Paragraph 5.

25.     Denied. See response to Paragraph 5.

26.     Denied. See response to Paragraph 5.

27.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

Case ID: 170300712
Control No.: 21060284

28.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

29.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

30.     Denied. See response to Paragraph 5.

31.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

32.     Admitted.

33.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

34.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

35.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied. See response to Paragraph 5.

36.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

4

Case ID: 170300712
Control No.: 21060284

37.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

38.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

39.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

40.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

41.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

42.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied. Evidence of a crime, wrong, or other act *may be* admissible for "another purpose." <u>See</u> Pa.R.E. 404(b)(2). Plaintiff's other purpose is proving that Defendants failed to hire and retain properly qualified security officers under their duty to Plaintiff. <u>See</u> Pl. Fourth Amended Complaint.

43.     Admitted.

44.     Denied. See response to Paragraph 42.

45.     Denied. See response to Paragraph 42.

Case ID: 170300712
Control No.: 21060284

46.     Denied. See response to Paragraph 42.

47.     Denied. See response to Paragraph 42.

48.     Denied. See response to Paragraph 42.

49.     Denied. Plaintiff's Complaint is a document that speaks for itself, and any characterizations thereof are specifically denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

50.     Denied. See responses to Paragraphs 5 and 42.

51.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

52.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

53.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

54.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied.

55.     Denied. By way of further explanation, these paragraphs consist of legal argument and purported conclusions of law to which no response is required, and thus, all allegations are denied. See also responses to Paragraphs 5, 42, and 51.

56.     Denied. See response to Paragraph 51.

Case ID: 170300712
Control No.: 21060284

57.     Denied. See responses to Paragraphs 5, 42, and 51.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an Order denying

Motion in Limine of Defendant Alpha-Centurion Security, Inc. Regarding Kelvin Hanton's

Criminal Record.

<div align="center">

**KLINE & SPECTER, P.C.**

</div>

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060284

**KLINE & SPECTER, P.C.**                           Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER RESPONSE TO MOTION IN LIMINE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. REGARDING KELVIN HANTON'S CRIMINAL RECORD

Plaintiff M.B. ("Plaintiff"), by her counsel, Kline & Specter, P.C., respectfully submits

this Memorandum of Law in Support of her Response to the Motion in Limine of Defendant

Alpha-Centurion Security, Inc. Regarding Kelvin Hanton's Criminal Record.

**I.    PRELIMINARY STATEMENT**

In the security industry, specific laws govern who security companies can hire. See

generally Private Detective Act of 1953, 22 Pa. Cons. Stat. § 23. Under the Private Detective

Act, licensed security companies, like Defendant Alpha-Centurion Security, Inc. ("Alpha"), are

barred from employing individuals who have been convicted of a felony or any one of twelve

enumerated offenses, including (1) illegally using, carrying, or possessing a pistol or other

dangerous weapon; (2) buying or receiving stolen property; or (3) recklessly endangering another

person. Kelvin Hanton ("Hanton"), who has been employed by Alpha since about 1995 or 1996

and who was stationed at the Roosevelt Inn during the time Plaintiff was raped and trafficked

there, has been convicted of each of these crimes. Facing claims of negligence (Count II) and

Case ID: 170300712
Control No.: 21060284

negligent infliction of emotional distress (Count IV) by Plaintiff, Hanton's criminal record is both relevant and admissible against Alpha. And given that evidence should not be excluded simply because it is harmful to the defendant, <u>see</u> <u>Commonwealth v. Antidormi</u>, 84 A.3d 736, 750 (Pa. Super. Ct. 2014), the Court should deny Alpha's motion.

## II.    QUESTION PRESENTED

1.  Should this Honorable Court permit Plaintiff to introduce Hanton's criminal record at trial?

   **SUGGESTED ANSWER:**   *Yes. Hanton's criminal record is relevant and admissible given Plaintiff's claims of negligence and negligent infliction of emotional distress. Moreover, evidence is not unfairly prejudicial merely because it is harmful to a defendant.*

## III.    BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff was the victim of sex trafficking that occurred at the Roosevelt Inn when she was just fourteen years old from about January 2014 through June 6, 2014.  Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha, as an additional defendant.

In the operative complaint—Plaintiff's Fourth Amended Complaint—Plaintiff asserted claims against Alpha for negligence (Count II) and negligent infliction of emotional distress (Count IV). Specifically, Plaintiff contends that Alpha breached its duty to provide, *inter alia*, "reasonable, *adequate*, and sufficient security personnel." Alpha also failed to "select and/or retain only personnel competent to provide proper and adequate security services" <u>See</u> <u>Id.</u> Plaintiff's liability expert, Richard Hudak, opines that Defendant Alpha should not have hired Hanton as a security guard and to do so was in violation of not only Pennsylvania law but Defendant Alpha's own policies. <u>See</u> Hudak Supplemental Report attached as Exhibit A.

2

Case ID: 170300712
Control No.: 21060284

**IV.    THE COURT SHOULD PERMIT PLAINTIFF TO INTRODUCE HANTON'S CRIMINAL RECORD AT TRIAL**

Hanton's criminal record is not only relevant to the issues in this case, but also probative of whether Defendants breached any duties owed to Plaintiff.  At the same time, there is no basis to find that his criminal record constitutes impermissible character evidence under Rule 404(b)(1). Finally, Alpha's argument that Hanton's criminal is not admissible as impeachment evidence misses the mark.  The evidence is relevant to show Alpha was negligent in hiring Hanton as a security guard and that Alpha negligently undertook their obligation to provide security at the Roosevelt Inn.

**A.    HANTON'S CRIMINAL RECORD IS RELEVANTAND NOT UNFAIRLY PREJUDICIAL GIVEN PLAINTIFF'S CLAIMS AGAINST ALPHA**

"Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401; see also Com. v. Spiewak, 617 A.2d 696, 699 (Pa. 1993).  ("Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or assumption regarding the existence of a material fact"). "All relevant evidence is admissible, except as otherwise provided by law." Pa.R.E. 402. A court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Under Pennsylvania law, to plead a claim for negligence, a plaintiff must show: "(1) the existence of a duty or obligation recognized by law; (2) a failure on the part of the Defendant to conform to that duty, or breach thereof; (3) a causal connection between the Defendant's breach and the resulting injury; and (4) actual loss or damage suffered by the complainant."  Paliometros v. Loyola, 932 A.2d 128, 134 (Pa. Super. Ct. 2007) (internal citation and quotation marks

<center>3</center>

Case ID: 170300712
Control No.: 21060284

omitted). Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps
to ensure the safety and protection of people at the Roosevelt Inn, including Plaintiff, from
reasonably anticipated criminal conduct by third parties.

In a negligence action, Pennsylvania courts have held a defendant's violation of the
Private Detective Act is neither irrelevant nor unfairly prejudicial. See Mahan v. Am-Gard, Inc.,
841 A.2d 1052, 1057 (Pa. Super. Ct. 2003). In Mahan, a bank teller who was shot by a security
guard during an armed robbery committed by the guard sued the guard's employing security
company and alleged that the company negligently hired the guard without conducting required
criminal background checks. Id. at 1054. Specifically, the plaintiff alleged that the company
violated the Private Detective Act's fingerprinting requirement. Id. at 1056. Given that this
evidence was "central to the exposition of [the plaintiff's] theory of liability," the Superior Court
concluded that the evidence was relevant and not unfairly prejudicial.

Here, Alpha's decision to hire Hanton despite his criminal record neither irrelevant nor
unfairly prejudicial to whether Alpha breached the duties it owed Plaintiff. Like in Mahan,
Plaintiff contends that Alpha breached its duty to provide, *inter alia*, "reasonable, *adequate*, and
sufficient security personnel." Further, Alpha failed to "select and/or retain only personnel
competent to provide proper and adequate security services."  That Alpha failed to conduct a
proper background check when hiring Hanton in 2010—after he served a term of imprisonment
for a felony violation of carrying a firearm without a license, but was still on probation for that
offense—is vital to Plaintiff's theory of liability.

Next, Hanton's own admissions show his incompetence as a security officer at the
Roosevelt Inn. He testified that despite being required to report any unusual activity or incidents,
he chose not to even though he saw conduct that he believed to be prostitution occurring at the
Roosevelt Inn. Instead of notifying the Roosevelt Inn staff, Alpha supervisors, or the police of

4

Case ID: 170300712
Control No.: 21060284

what he believed to be criminal activity, he did nothing. See Hanton's Deposition attached as Exhibit "B" at p., 64, line 11-18; p., 57, line 7-10; p., 108, line 13-15; p., 109, line 18; p., 110, line 12; p., 115, line 24; p., 116, line 8. He added, "So basically, I was there to get paid. I was there to receive a check from Alpha . . . I was just showing up to work every day." Id. at p., 64, line 11-18. He also encountered naked women in the hallways at the Roosevelt Inn, who refused his instruction to get into a room, and again "did nothing." Id. at p., 108, line 3-8. Even if a woman at the hotel had directly told him she was engaging in illegal prostitution, he would not have called police or told the Roosevelt Inn staff. Id. at p., 117, line 20-23. Nor would he have reported to anyone if he thought human sex trafficking was occurring at Roosevelt Inn. Id. at p., 144, line 1-6. These admissions, along with Hanton's criminal record and illegal hiring as a security officer, show that he was incapable of rendering reasonable, adequate, and competent security services for his employer, Alpha. Accordingly, Defendants' argument that Hanton's criminal record "[has] no bearing upon whether [Plaintiff] was trafficked at the Roosevelt Inn, or whether the named defendants herein are liable" is meritless, and the Court should deny Alpha's motion.

### B. HANTON'S CRIMINAL RECORD IS NOT INADMISSIBLE "CHARACTER EVIDENCE" UNDER RULE 404(b)(1)

Defendant Alpha misses the mark. Evidence of Hanton's criminal record is to show that Alpha failed to hire and retain properly qualified security officers and is not being used as inadmissible character evidence.  Although evidence of Hanton's criminal record may not be used as "character evidence," evidence of a crime, wrong, or other act *may be* admissible for "another purpose." See Pa.R.E. 404(b)(2). Plaintiff's purpose for introducing evidence if Hanton's criminal record is to prove that Alpha failed to hire and retain properly qualified security officers, including Hanton who was prohibited from working as a security guard.

Case ID: 170300712
Control No.: 21060284

## C.     A DETERMINATION AS TO WHETHER HANTON'S CRIMINAL RECORD IS PRECLUDED UNDER RULE 609 IS PREMATURE

Again, Defendant Alpha misses the mark.  Defendant Alpha contends that Hanton's criminal record is not admissible for impeachment purposes.  Plaintiff's purpose for introducing evidence if Hanton's criminal record is to prove that Alpha failed to hire and retain properly qualified security officers, including Hanton who was prohibited from working as a security guard.  Further, it is premature to preclude this evidence for impeachment purposes given that it is yet unknown what witnesses will testify to at trial.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter the proposed Order denying Alpha's Motion in Limine Regarding Kelvin Hanton's Criminal Record.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

6

Case ID: 170300712
Control No.: 21060284

## **<u>VERIFICATION</u>**

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

<div style="text-align:center">

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

</div>

**BY:** _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Motion in Limine of Defendant Alpha-Centurion Security, Inc. Regarding Kelvin Hanton's Criminal Record* was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

**FILED**
14 JUN 2021 02:23 pm
Civil Administration
**F. HEWITT**

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
|    v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>ORDER</u>

    **AND NOW**, this _____ day of June, 2021, upon consideration of the Motion in Limine

of Defendant Alpha-Centurion Security, Inc. to the Preclude Records Produced by the FBI and

Testimony Regarding Their Contents at Trial, and any response thereto, it is hereby:

    **ORDERED** and **DECREED** that Defendant Alpha-Centurion Security, Inc.'s Motion in

Limine is **DENIED.**

                    BY THE COURT:

                    _____

                                        J.

Case ID: 170300712
Control No.: 21060427

**KLINE & SPECTER, P.C.**                                        Attorneys for Plaintiff M.B.
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S ANSWER IN OPPOSITION TO DEFENDANT ALPHA-CENTURION SECURITY, INC.'S MOTION IN LIMINE TO PRECLUDE

Plaintiff by and through her attorneys, Kline & Specter, hereby responds in opposition to

the Motion in Limine of Defendant Alpha-Centurion Security, Inc. to the Preclude Records

Produced by the FBI and Testimony Regarding Their Contents at Trial as follows:

1.      Denied.  Plaintiff was the victim of sex trafficking and rape; it is not alleged.

2.      Admitted.

3.      Admitted

4.      Admitted.

5.      Admitted.

6.      Denied. The USAO did not deny the request but stated the same information could be

requested from the attorneys who represented the criminal defendants, Davis and Lopez.

7.      Admitted.

8.      Admitted.  The Subpoena to the FBI was served prior to the discovery deadline and no

party objected to the subpoena.

Case ID: 170300712
Control No.: 21060427

9.      Denied.  The USAO did not reverse course.  The USAO agreed to provide records from the FBI.

10.     Admitted that Plaintiff production from the FBI as soon as counsel received it.

11.     Denied.   Defendants have no legal or factual basis to preclude FBI Special Agent Getson from testifying at trial or the information contained in the records from the FBI that were produced in this case.  The testimony of FBI Special Agent Getson and information in the FBI records are relevant to show the open and obvious commercial sex activity, including prostitution and sex trafficking, that was happening at the Roosevelt Inn.  A formal investigation targeting the owners and operators of the Roosevelt Inn under the White-Slave Traffic Act, also called the Mann Act, for profiting from commercial sex activity was initiated on June 17, 2014.  Preceding events caused the FBI to open the investigation that are described in the records produced by the FBI.  At the time the investigation was open the Philadelphia's Child Exploitation Task Force was conducting approximately 16 investigations into sex trafficking activities which had a connection to the Roosevelt Inn that resulted in the recovery of multiple juveniles. [FBI000002].[1]  The records also discuss multiple investigations in 2013 where children who were being sold for sex were recovered from the Roosevelt Inn.  [FBI00002-3].  Further, Counsel for the Roosevelt Defendants opened the door to evidence of events that occurred after June 2014 through his own questioning of Co-Defendant Daiquan Davis in this trial.  The Roosevelt Defendants have introduced evidence in this trial of purported events that occurred after M.B. left the Roosevelt Inn in June 2014, to support their claim that Roosevelt staff was unaware of

---

[1] The FBI records are subject to a protective order.  Therefore, the FBI records are not attached to this Motion in Limine but will be provided to the Court upon request

2

Case ID: 170300712
Control No.: 21060427

commercial sex activity.  Therefore, Plaintiff should be permitted to introduce evidence and

testimony to the contrary.

12.     Denied.  The records are redacted to protect the identities of other juveniles and victims

as well as to protect any ongoing investigations.  Not all identifying information is redacted.

There are descriptions and names of hotel staff including front desk workers as well as

descriptions of interactions undercover agents hand with a security guard.

13.      Denied.  See response to Paragraph 11.

14.     Admitted only that Plaintiff's traffickers are not identified by name in the FBI records.

Although M.B.'s traffickers are not directly referenced in the records, there are references to

hotel staff and a security guard who knowingly disregarded criminal activity at the Roosevelt

Inn. The records also reference front desk clerks who knowingly disregarded people entering the

Roosevelt Inn through the font lobby and failed to check identification.  The records further

describe an incident involving a security guard who accepted a bribe from an undercover FBI

agent in exchange for providing protection from law enforcement.

15.     Admitted only that Plaintiff intends to call FBI Special Agent Brian Getson to testify at

trial concerning investigations he conducted and oversaw concerning the Roosevelt Inn.

16.      Denied.  FBI Special Agent's testimony and the information contained is the FBI records

are relevant to proving Plaintiff's claims that the Defendants knew or should have known about

criminal activity at the Roosevelt Inn.

17.      Denied.  See response to Paragraph 11. Further, Plaintiff's counsel is well-aware of the

rules of evidence and are mindful of the specific rules on hearsay.  Plaintiff will not seek to

introduce evidence that is not admissible.  The records, however, can be used by the author who

prepared them, to refresh a witness' recollection or if an expert witness reviewed and relied upon

Case ID: 170300712
Control No.: 21060427

them.  Although the records may contain some hearsay this does not mean that the information contained in the records or the testimony of FBI Special Agent Getson should be precluded at trial.

18.     Denied.  Plaintiff's counsel are well-aware of the rules of evidence and are mindful of the specific rules on hearsay.  Plaintiff will not seek to introduce evidence that is not admissible. The records, however, can be used by the author who prepared them, to refresh a witness' recollection or if an expert witness reviewed and relied upon them.  Although the records may contain some hearsay this does not mean that the information contained in the records or the testimony of FBI Special Agent Getson should be precluded at trial.  The information contained in the FBI records is relevant to proving Plaintiff's claims that the Defendants knew or should have known about criminal activity at the Roosevelt Inn and that they failed to take reasonable precautions against foreseeable harm caused by third parties.

        The records reference hotel staff and a security guard who knowingly disregarded criminal activity at the Roosevelt Inn and open and obvious signs of commercial sex activity. The records reference front desk clerks who knowingly disregarded people entering the Roosevelt Inn through the font lobby and failed to check identification.  The records further describe an incident involving a security guard who accepted a bribe from an undercover FBI agent in exchange for providing protection from law enforcement.

        Evidence is not inadmissible because it may be unfavorable to one party.

19.     Denied.   See response to Paragraph 11 and 18.

20.     Denied.  See response to Paragraph 14.

21.     Denied.  The information contained in the FBI records is relevant to proving Plaintiff's claims that the Defendants knew or should have known about criminal activity at the Roosevelt

4

Case ID: 170300712
Control No.: 21060427

Inn and that they failed to take reasonable precautions against foreseeable harm caused by third parties.

The records reference hotel staff and a security guard who knowingly disregarded criminal activity at the Roosevelt Inn and open and obvious signs of commercial sex activity. The records reference front desk clerks who knowingly disregarded people entering the Roosevelt Inn through the font lobby and failed to check identification.  The records further describe an incident involving a security guard who accepted a bribe from an undercover FBI agent in exchange for providing protection from law enforcement.

22.     Denied.  This is a conclusion of law to which no response is required.

23.     Denied.  This is a conclusion of law to which no response is required.

24.     Denied.  Defendants do not get to limit the evidence to only the window of time that Plaintiff was sold for sex.  If this were allowed, Defendants would be the first to argue that Plaintiff failed to meet her burden of proving Defendants knew or should have known about criminal activity at the Roosevelt Inn and that Defendants failed to take reasonable precautions against harm caused third parties. Defendants own experts use a -5 year period to assess the threat or risk of harm.  Therefore, Defendants are disingenuous for arguing that M.B. is limited to presenting evidence from only the time period that she was trafficked.

25.     Denied.  See response to Paragraph 11.

26.     Admitted only that Defendants' cite to a portion of M.B.'s deposition testimony.

27.     Denied.  See response to Paragraph 11.

28.     Denied.  See response to Paragraph 21.

29.     Denied.  See response to Paragraph 21.

30.     Denied. See response to Paragraph 21.

5

Case ID: 170300712
Control No.: 21060427

31.     Denied.  See response to Paragraph 21.  Further, it is premature to argue that some redactions of names in the records will automatically confuse the jury without the benefit of FBI Special Agent's Testimony.

32.     Denied.  See response to Paragraph 21.

33.     Denied.  See response to Paragraph 11.

34.     Denied.  See response to Paragraph 21.

45-74.  Denied.  See response to Paragraph 11.

75-77.  Denied.  Defendants refer to the testimony of one former Roosevelt Inn desk clerk. There has been no other evidence to support this witness' testimony.  Further, this is not a valid basis to preclude the testimony of Special Agent Brian Getson of the information contained in the FBI records.

78.     Admitted only that there has been no evidence that Defendant Alpha provided armed security services at the time M.B. was at the Roosevelt Inn.

79.     Denied. See response to Paragraph 75-77.

80.     Denied. This is a factual determination for the jury to determine.

81.     Denied.  See response to Paragraph 1.

82.     Denied. It is denied Defendant Alpha-Centurion Security, Inc. ceased operations at the Roosevelt Inn in 2014.  Patrick Panetta, Director of Operations for Alpha-Centurion Security, Inc. testified that sometime in 2014. his girlfriend, Joanna Smalls, President of Alpha-Centurion Security, Inc. decided to close the company. As a result, Mr. Pannetta formed Alpha-Century, Inc. and continued the security contract to provide security services at the Roosevelt Inn and that there was no gap in providing services at the Roosevelt Inn.   Mr. Pannetta retained the same security guards from Defendant Alpha to work for the successor company Alpha Century, Inc,

6

Case ID: 170300712
Control No.: 21060427

including Kelvin Hanton who was stationed at the Roosevelt Inn through at least November 2014 according the documentation produced in this case.  The company listed on the Security Desk Logs for the Roosevelt Inn through November 2014 is Defendant Alpha-Centurion Security, Inc. *See* Alpha000091-000147 attached as Exhibit "C".   Defendant Alpha concedes that the successor company Alpha-Century did not being operations until January 1, 2015.  Contrary to Defendant Alpha's position, the evidence in this case indicates that Defendant Alpha continued to provide security services through at least the end of 2014.

84.     Denied as stated.  See response to Paragraph 82.

85-87.  Denied as stated.  See response to Paragraph 18 and 82.

        WHEREFORE, Plaintiff respectfully request this Honorable Court to deny Defendant Alpha-Centurion Security, Inc.'s Motion in Limine to the Preclude Records Produced by the FBI and Testimony Regarding Their Contents at Trial.

                                        Respectfully submitted,
                                        **KLINE & SPECTER, P.C.**

                        **BY:**    ***/s/Emily B. Marks***
                                   _____
                                        THOMAS R. KLINE, ESQUIRE
                                        NADEEM A. BEZAR, ESQUIRE
                                        EMILY B. MARKS, ESQUIRE
                                        KYLE B. NOCHO, ESQUIRE
                                        *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060427

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**PLAINTIFF'S MEMORANUDM OF LAW IN OPPOSITION TO DEFENDANT ALPHA-
CENTURION SECURITY, INC. TO PRECLUDE RECORDS PRODUCED BY THE FBI
AND TESTIMONY REGARDING THEIR CONTENTS AT TRIAL**

**I.      PRELIMINARY STATEMENT**

Defendants have no legal or factual basis to preclude FBI Special Agent Getson from

testifying at trial or the information contained in the records from the FBI that were produced in

this case.  The testimony of FBI Special Agent Getson and information in the FBI records are

relevant to show the open and obvious commercial sex activity, including prostitution and sex

trafficking, that was happening at the Roosevelt Inn.  A formal investigation targeting the owners

and operators of the Roosevelt Inn under the White-Slave Traffic Act, also called the Mann Act,

for profiting from commercial sex activity was initiated on June 17, 2014.  Preceding events

caused the FBI to open the investigation that are described in the records produced by the FBI.

At the time the investigation was open the Philadelphia's Child Exploitation Task Force was

conducting approximately 16 investigations into sex trafficking activities which had a connection

Case ID: 170300712
Control No.: 21060427

to the Roosevelt Inn that resulted in the recovery of multiple juveniles. [FBI000002].[2]   The

records also discuss multiple investigations in 2013 where children who were being sold for sex

were recovered from the Roosevelt Inn.  [FBI00002-3].  Further, Counsel for the Roosevelt

Defendants opened the door to evidence of events that occurred after June 2014 through his own

questioning of Co-Defendant Daiquan Davis in this trial.  The Roosevelt Defendants have

introduced evidence in this trial of purported events that occurred after M.B. left the Roosevelt

Inn in June 2014, to support their claim that Roosevelt staff was unaware of commercial sex

activity.  Therefore, Plaintiff should be permitted to introduce evidence and testimony to the

contrary.

## II.   QUESTION PRESENTED

Should Plaintiff be precluded from offering the testimony of FBI Special Agent Brian
Getson and information contained in records from the FBI concerning sex trafficking,
prostitution and commercial sex activity at the Roosevelt Inn?

*Suggested Answer:* No this evidence is relevant because it goes to notice, credibility of
the Defendants' witnesses and burden of proof.

## III.   BRIEF FACTUAL AND PROCEDURAL HISTORY

In 2014, Plaintiff was the victim of sex trafficking and rape at the Roosevelt Inn when

she was just 14 years old.  During discovery in this case, Plaintiff subpoenaed records from the

FBI concerning investigations of sex trafficking at the Roosevelt Inn. No party objected to the

Subpoena.

Defendants are seeking to preclude the testimony of FBI Special Agent Brian Getson

who oversaw and conducted investigations concerning sex trafficking at the Roosevelt Inn as

well as the information contained in the FBI records.  The FBI records described open and

---

1 The FBI records are subject to a protective order.  Therefore, the FBI records are not attached
to this Motion in Limine but will be provided to the Court upon request

2

Case ID: 170300712
Control No.: 21060427

obvious commercial sex activity at the Roosevelt Inn.  The testimony of Special Agent Getson and the information in the FBI records are relevant to proving notice of a dangerous condition, to rebut the Roosevelt Defendants' employees who testified that they were unaware of any criminal activity, including sex trafficking and prostitution, and to show that the Roosevelt Defendants and Defendant Alpha were complicit in allowing commercial sex activity to occur.

## IV.   LEGAL ARGUMENT

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably anticipated criminal conduct by third parties.

The duty owed to business invitees is the highest duty owed to any entrant upon land.  "The landowner is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care." Campisi v. Acme Markets, 915 A.2d 117 (Pa. Super. 2006). Thus, the possessor of land has a duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as may be necessary for the business invitee's protection. Crotty v. Reading Industries, Inc., 345 A.2d 259 (Pa. Super. 1975); Pa. SSCJI 18.40 Owner of Land Duty of Care Owed to Invitees Generally.

Pennsylvania has adopted § 344 of the Restatement (Second) of Torts, which lays out the standard for businesses' liability for third party criminal acts committed against an invitee on the business premises.  See Moran v. Valley Forge Drive–In Theater, Inc., 431 Pa. 432, 246 A.2d 875, 878 (Pa.1968) (concluding that § 344 applied when deciding whether a busines was liable for the tortious or negligent acts by third parties).

The Restatement (Second) of Torts § 344 states:

Case ID: 170300712
Control No.: 21060427

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
>
> - (a) discover that such acts are being done or are likely to be done, or
> - (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965); Negligence--Failure to Prevent Intentional Harm to Business Invitees, Pa. SSJI (Civ), §18.120 (2020).

Comment f. to Section 344 provides that businesses may have a duty to police the premises adequately, if the businesses "know or have reason to know, from past experience that there is a likelihood of conduct on the part of the third person in general which is likely to endanger the safety of the visitor, even though he had no reason to expect it on the part of the particular individual." Id. The Comment further states: "If the place or character of his business, or his past experience is such that he should reasonably anticipate a careless or criminal conduct on the part of a third person, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." Id.

Pennsylvania state court decisions have found that a plaintiff can show that a business was on notice of the need to take reasonable precautions against the foreseeable potential harm suffered by the plaintiff when the plaintiff introduced evidence of other crimes previously committed in the area. For instance, the Superior Court determined that a plaintiff who was sexually assaulted at a motel could show the harm that she faced was reasonably foreseeable by introducing evidence of rampant underage drinking at the motel. See Paliometros, 932 A.2d at 135-37. In another case, the Superior Court concluded that the harm experienced by a shooting

4

victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of

the motel "coupled with an extensive record of reported crimes in the locale during the previous

twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three

burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false

imprisonments…".  Rabutino, 809 A.2d at 941 n.6.  The Superior Court in Rabutino determined

that the extensive crimes "bore on the foreseeability that the illicit environment permitted at the

[motel] would foster careless, reckless, and/or deliberate conduct causing harm to those present."

Id.; see also Murphy v. Penn Fruit Co., 274 Pa. Super. 427, 432–33, 418 A.2d 480, 483 (1980)

(plaintiff demonstrated the business' notice of her potential harm through evidence of "instances

of disturbances, car thefts, muggings, purse snatches, drug use" occurring in the area); Young v.

Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594, 600–02 (2014) (plaintiff met notice

requirement in case involving assault where plaintiff introduced evidence of police calls made

regarding fights, disorderly conduct, trespassing, drug activity, and shoplifting, along with a

prior assault in the area).

Federal courts interpreting Pennsylvania law have also concluded that plaintiffs can

introduce evidence of crimes in the area, other than the one committed against the plaintiff.  In a

case involving a stabbing victim at a motel, the court reasoned that the frequency of calls to the

police for crimes generally could be a factor considered by the jury whether the motel had

constructive notice of the foreseeable harm experienced by the plaintiff. See Bonilla v. Motel 6

Operating L.P., No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011).  These

courts have concluded that other crimes can be used to show that the crime suffered by the

plaintiff was reasonably foreseeable.  See Morgan v. Bucks Assocs., 428 F. Supp. 546, 550–51

(E.D. Pa.1977) (non-violent car thefts occurring on premises put the defendant on constructive

Case ID: 170300712
Control No.: 21060427

notice that violent criminal conduct on the part of third persons, such as the assault of the

plaintiff, might occur on the premises); Baker v. Solo Nightclub, LLC, No. CIV.A. 11-2380,

2013 WL 1927052, at *8 (E.D. Pa. May 9, 2013) (Defendants were on notice of potential danger

to plaintiff in case involving plaintiff who was a shooting victim, where the plaintiff showed past

incidents of disorderly conduct and fights occurring in the area, along with a Commonwealth

action to enjoin the business's liquor license and previous gun incidents).

"Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable

than it would be without the evidence; and (b) the fact is of consequence in determining the

action." Pa.R.E. 401; see also Com. v. Spiewak, 617 A.2d 696, 699 (Pa. 1993).  ("Evidence is

relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue

more or less probable, or supports a reasonable inference or assumption regarding the existence

of a material fact"). "All relevant evidence is admissible, except as otherwise provided by law."

Pa.R.E. 402. A court may exclude relevant evidence if its probative value is outweighed by a

danger of one or more of the following: "unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

The testimony that FBI Special Agent Getson and the information contained in the FBI

records are evidence that there was dangerous/criminal activity at the Roosevelt Inn, specifically

sex trafficking of minor and prostitution; that the Roosevelt Defendants' denial of criminal

activity, including commercial sex activity, is not credible and that the Roosevelt Defendants and

Defendant Alpha  were complicit in allowing criminal activity to occur.

Contrary to Defendant Alpha's contention, the FBI records do not only contain

information concerning FBI investigations after Plaintiff left the Roosevelt Inn.  A formal

investigation targeting the owners and operators of the Roosevelt Inn under the White-Slave

6

Case ID: 170300712
Control No.: 21060427

Traffic Act, also called the Mann Act, for profiting from commercial sex activity was initiated on

June 17, 2014.  The investigation was part of a nationwide FBI initiative to target, and shut down

hotels benefitting or participating actively in the prostitution of under-aged girls.  [FBI000186]/

There were preceding events that caused the FBI to open the investigation that are described in

the records produced by the FBI.  For example, at the time the investigation was open the

Philadelphia's Child Exploitation Task Force was conducting approximately 16 investigations

into sex trafficking activities which had a connection to the Roosevelt Inn that resulted in the

recovery of multiple juveniles. [FBI000002].  The records also discuss multiple investigations in

2013 where children who were being sold for sex were recovered from the Roosevelt Inn.

[FBI00002-3].[3]  The FBI records indicate that "Philadelphia Police Department provided a report

of all 911 calls related to the Roosevelt Inn, 7600 Roosevelt Boulevard, Philadelphia for the

period of 1/1/2012-7/7/2014. Reflected in the report were 522, 911 calls leading to 36 arrests.  17

arrests for prostitution and related charges."

The specific records that Alpha seeks to preclude deal directly with a security guard who

was observed by undercover FBI agents.  FBI Agents learned that a security at the Roosevelt Inn

would protect the "girls" who were selling sex at the Roosevelt Inn.  The security guard would

protect the "girls" if someone came to rob them and would block the door and no call the police.

[FBI000207].  The security guard also stated he would not interfere with the FBI undercover

agent who was "working girls" and accepted a bribe from the agent.  [FBI000211-212].

The FBI records also detail conversations FBI Special Agent Getson had with a desk

clerk at the Roosevelt Inn who noticed people going in and out of the rooms on the security

---

[2]The FBI records are subject to a protective order.  Therefore, the FBI records are not attached to this Motion in Limine but will be provided to the Court upon request.

Case ID: 170300712
Control No.: 21060427

cameras. The agent told the desk clerk he was "working the girls " but they would not stay overnight and the desk clerk stated this was fine.   [FBI000224].  FBI Special Agent Getson asked a front desk clerk, 30 year-old Indian female, if there were girls available.  The clerk responded that they were usually there late in the evening or on weekend when many prostitutes were available [FBI000284].

There records also indicate Special Agent Getson asked Fred the bartender why it was so quiet in the bar. Keller stated there was a large disturbance by a lot of the regular customers at the hotel on Thursday night causing problems for the staff. The guests were known to be engaging in prostitution. The hotel manager, Patel, kicked them all out for the night.  The agent asked if his group would have any problems with Patel.  Fred stated that they would not have any problems with Patel and that he knew what was going on at the hotel with prostitution. [FBI000220,224].

The FBI records and testimony are relevant to rebut the Roosevelt Inn witnesses' testimony stating they did not know of any criminal activity, including prostitution or sex trafficking, happening at the Roosevelt Inn at any time. The Roosevelt Defendants' employees have generally denied knowing about criminal activity occurring at the motel.  The motel manager Yagna Patel denied ever seeing anyone committing a crime while watching the live cameras at the motel during his thirty years as manager of the Roosevelt Inn.  See Deposition Transcript of Yagna Patel at page 35 – 36, attached as Exhibit "A".  He denied knowing about any times staff called the police about guests' suspected drug use or prostitution at the motel. See Ex. A at pages 309-310.  He also denied knowledge of any arrests for prostitution at the Roosevelt Inn.  See Ex. A at page 319.  Similarly, the motel employees deposed during discovery denied knowledge of criminal activity occurring at the Roosevelt Inn.

Case ID: 170300712
Control No.: 21060427

Counsel for the Roosevelt Defendants opened the door to evidence of events that occurred after June 2014 through his own questioning of a witness in this trial.  The Roosevelt Defendants have introduced evidence in this trial of purported events that occurred after MB left the Roosevelt Inn in June 2014.   The Roosevelt Defendants' counsel elicited testimony from Co-Defendant Daiquan Davis detailing when he used the Roosevelt Inn for commercial sex work:

> Q:      Mr. Davis, you mentioned that when I asked you where you engaged with commercial sex work and you listed several hotels. One of those hotels listed was the Roosevelt Inn. Are you able to tell me, sir, when you engaged in commercial sex work at the Roosevelt Inn?
>
> A:      Yes … The first date is October 1, 2014.  The second date is October 24, 2014.  The third date is October 23, 2014.  The fourth date is November 24, 2014.

See 6/10/21 Trial Transcript Testimony of Daiquan Davis at page 23, attached as Exhibit "B" (a draft version of the transcript was available at the time this response was filed and a final copy of the transcript will be forthcoming).

Rather than stop questioning about events after June 2014, counsel for the Roosevelt Defendants chose to pursue testimony regarding purported events after June 2014 to support their position that there was no knowledge of criminal activity at the Roosevelt Inn.  The Roosevelt Defendants elicited testimony from Co-Defendant Daiquan Davis that the Roosevelt Inn staff and manager, Yagna Patel, were "rule abiding" and that the staff and hotel manager were unaware of commercial sex activity.  The Roosevelt Defendants' counsel asked Mr. Davis about an interaction that he had with the motel manager Yagna Patel where Mr. Patel allegedly told Mr. Davis to go back to his room when Mr. Patel saw Davis "loitering" in the hallway:

> Q:      Sir, did you ever interact with someone by the name of Yagna Patel?
>
> A:      I had one interaction, yes.

Case ID: 170300712
Control No.: 21060427

Q:     Can you describe for me when that one interaction
       occurred?

A:     I'm not -- I'm not sure an accurate date, but I was loitering
       in the hallways and he told me to either leave the hotel or
       go back to my assigned room.

Q:     What did you do?

A:     I went back to my room.

Q:     Did you tell him you were a guest?

                          ***

A:     Yes.

Q:     Did he ask you if you were a guest?

                          ***

A:     I volunteered that information before he got to ask me.

See Trial Testimony of Daiquan Davis attached as Exhibit "A" page 28 – 29.  Davis confirmed

that this incident occurred in October or November 2014.  See Ex. B at page 72.

        Counsel for the Roosevelt Defendants specifically asked Daiquan Davis about his stays at

the motel after June 2014:

        Q: … As part of the commercial sex work at the Roosevelt Inn in
        October of 2014 was the Roosevelt Inn or anyone that you're aware
        of at the Roosevelt Inn aware that you were engaging in
        prostitution?

        A    No.

See Ex. B at page 26.  With the Roosevelt Defendants introducing evidence and eliciting

testimony about purported events after June 2014 in their defense, Plaintiff certainly should be

able to use evidence to rebut the Roosevelt Defendants' claims that their staff and management

Case ID: 170300712
Control No.: 21060427

did not permit illicit activity and were unaware that commercial sex activity occurred at the motel.

**V.     CONCLUSION**

For all the aforementioned reasons, Plaintiff respectfully requests that this Court deny the Motion in Limine of Defendant Alpha-Centurion Security, Inc. to the Preclude Records Produced by the FBI and Testimony Regarding Their Contents at Trial

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

**BY:** _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060427

## **VERIFICATION**

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

**BY:** _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Answer and Memorandum of Law in Opposition to the Motion in Limine of Defendant Alpha-Centurion Security, Inc. to Preclude Records Produced by the FBI and Testimony Regarding their Contents at Trial*, was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
        EMILY B. MARKS, ESQUIRE
        *Attorney for Plaintiff*

Case ID: 170300712
Control No.: 21060427

# **<u>EXHIBIT A</u>**

Case ID: 170300712
Control No.: 21060427

# Redacted

Case ID: 170300712
Control No.: 21060427

# **<u>EXHIBIT B</u>**

Case ID: 170300712
Control No.: 21060427

# Redacted

Case ID: 170300712
Control No.: 21060427

# <u>EXHIBIT C</u>

Case ID: 170300712
Control No.: 21060427

Redacted

Case ID: 170300712
Control No.: 21060427

**FILED**
14 JUN 2021 04:32 pm
Civil Administration
**F. HEWITT**

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of the Motion in Limine

of Defendant Alpha-Centurion Security, Inc. as to Extraneous Criminal Activity, Plaintiff's

Response in Opposition, and any response thereto, it is hereby:

**ORDERED** and **DECREED** that Defendant Alpha-Centurion Security, Inc.'s Motion in

Limine is **DENIED.**

BY THE COURT:

_____
                                                    J.

Case ID: 170300712
Control No.: 21060447

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff M.B.
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION IN LIMINE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. AS TO EXTRANEOUS CRIMINAL ACTIVITY

Plaintiff by and through her attorneys, Kline & Specter, hereby responds in opposition to the Motion in Limine of Defendant Alpha-Centurion Security, Inc. (hereinafter "Alpha") as to Extraneous Criminal Activity, as follows:

1. Denied as stated. Plaintiff M.B. is a victim of sex trafficking, and when she was a minor, she was sold for sex at the Roosevelt Inn. To the extent that this paragraph refers to Plaintiff's Fourth Amended Complaint, that is a written document that speaks for itself. Any characterizations of the document are denied. See Plaintiff's Fourth Amended Complaint, attached as Exhibit "A".

2. Admitted.

3. Denied. Defendant ignores evidence to the contrary that M.B. was sold for sex as a minor out of the Roosevelt Inn.

Case ID: 170300712
Control No.: 21060447

4. – 5.   Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  Defendant Alpha-Centurion Security, Inc. ("Alpha") has filed this Motion in Limine attempting to exclude evidence of extensive criminal activity including violent crimes and commercial sex activity at the Roosevelt Inn.  This evidence includes police testimony, police records, video footage from a shooting at motel, statements from sex traffickers who operated at the Roosevelt Inn, a statement from a neighborhood witness, and generally any evidence of any prostitution or other sex trafficking victims at the Roosevelt Inn.

Contrary to Alpha's argument, evidence of extensive criminal activity crime occurring at the Roosevelt Inn is relevant in showing that the Defendants knew or should have known that there was a likelihood of dangerous criminal activity occurring at the motel.  Evidence that is relevant and admissible cannot be precluded merely because it is unfavorable to Defendants' position.  See Commonwealth v. Dillon, 925 A.2d 131 (Pa. 2007).

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

A landowner "is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care."  Campsis v. Acme Markets, 915 A.2d 117 (Pa. Super. 2006).

Evidence of past incidents of sex trafficking and other criminal activity at the motel can be used to prove that dangerous criminal activity existed at the Roosevelt Inn, requiring the motel to investigate and take reasonable precautions to prevent the foreseeable harm suffered by Plaintiff.  See, e.g., Paliometros v. Loyola, 932 A.2d 128, 135 – 37 (Pa. Super. 2007) (finding that a plaintiff who was sexually assaulted at a motel could show the harm that she faced was

2

Case ID: 170300712
Control No.: 21060447

reasonably foreseeable by introducing evidence of rampant underage drinking at the motel);

Rabutino, 809 A.2d at 941 n.6 (concluding that the harm experienced by a shooting victim at a

motel was reasonably foreseeable based on the "alleged laissez faire reputation" of the motel

"coupled with an extensive record of reported crimes in the locale during the previous twelve

months—170 total calls including 43 disorderly crowds and fighting, twenty three burglaries,

five robberies (including one strong arm), 11 vandalisms, and 2 false imprisonments…"); Young

v. Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594, 600–02 (2014) (finding that

plaintiff met notice requirement in case involving assault where plaintiff introduced evidence of

police calls made regarding fights, disorderly conduct, trespassing, drug activity, and shoplifting,

along with a prior assault in the area); Bonilla v. Motel 6 Operating L.P., No. 2:09CV712, 2011

WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011) (reasoning that the frequency of calls to the

police for crimes generally could be a factor considered by the jury whether the motel had

constructive notice of the foreseeable harm experienced by a plaintiff stabbed at a motel).

 Evidence of crimes occurring at the Roosevelt Inn also rebuts the Roosevelt Defendants'

denial of knowledge of crimes occurring at the motel.  During their depositions, the motel's

manager Yagna Patel and the employees of the motel denied any knowledge about criminal

activities going on at the Roosevelt Inn.  The video footage also rebuts testimony from the

Roosevelt Inn Defendants suggesting that the shooting between men selling minors for sex was

fake.

 In addition, this evidence may be admissible in a number of different ways, including

refreshing a witness's recollection, impeaching a witness, and through expert testimony.  For

instance, this evidence is the type of evidence reasonably relied upon by experts in the field of

security when making their opinions.  See Pa. R.E. 703 ("If experts in the particular field would

Case ID: 170300712
Control No.: 21060447

reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted."). In fact, Defendants' liability experts did rely on the video footage, police records, and witness statements, which they are now trying to exclude. The Court should thus deny Alpha's Motion in Limine.

6. Denied as stated. A shooting occurred at the Roosevelt Inn in March 2014 between two sex traffickers selling minors for sex at the motel.

7. Denied as stated. The videos images speak for themselves. Any characterizations of the videos are denied.

8. Denied as stated. Plaintiff was a victim of sex trafficking during the time that a shooting occurred at the Roosevelt Inn between two sex traffickers selling minors for sex at the motel. By way of further response, this paragraph refers to Plaintiff's Fourth Amended Complaint, which is a written document that speaks for itself. All characterizations of the document are denied. See Ex. A.

9. Admitted.

10. Denied as stated. This paragraph refers to Plaintiff's Fourth Amended Complaint, which is a written document that speaks for itself. Any characterizations of the document are denied. See Ex. A.

11. Denied. The averments in this paragraph are legal conclusions to which no response is required. See the response to paragraphs 4 – 5.

12. Denied as stated. Plaintiff has obtained statements from Keith Fenwick, Rashaad McIntyre, and Michael Staub. See Combined Statements, attached as Exhibit "B". Plaintiff has produced these statements to Defendants in discovery.

13. Admitted.

4

Case ID: 170300712
Control No.: 21060447

14.   Denied as stated.  This paragraph refers to the statements of Keith Fenwick, Rashaad McIntyre, and Michael Staub.  These statements are written documents that speak for themselves.  All characterizations of these documents are denied.  <u>See</u> Ex. B.

15.   Denied as stated.  This paragraph refers to the transcript of the deposition of Plaintiff M.B. and a family court order regarding M.B.  These are written documents that speaks for themselves.  All characterizations of these documents are denied.

16.   Denied as stated.  Rashaad McIntyre and Jerel Jackson sold minors for sex at the Roosevelt for periods from 2011 to 2013.

17.   Denied as stated.  This paragraph refers to the transcript of the deposition of Keith Fenwick, which is a written document that speaks for itself.  All characterizations of this document are denied.

18.   Denied as stated.  This paragraph refers to the statement of Rashaad McIntyre, which is a written document that speaks for itself.  All characterizations of the document are denied. <u>See</u> Ex. B.

19. – 21.   Denied as stated.  These paragraphs refer to the statement of Michael Staub, which is a written document that speaks for itself.  All characterizations of the document are denied.  <u>See</u> Ex. B.

22.   Denied.  Alpha mischaracterizes evidence provided by witnesses to extensive criminal activity at the Roosevelt Inn, which is relevant to Plaintiff M.B.'s claims against Defendant Alpha and the Roosevelt Defendants.  See the response to paragraphs numbers 4 – 5.

23.   Denied.  This paragraph refers to Plaintiff's Fourth Amended Complaint, which is a written document that speaks for itself.  All characterizations of this document are denied.  <u>See</u> Ex. A.

5

Case ID: 170300712
Control No.: 21060447

24. – 50.  Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  See the response to paragraphs 4 – 5.

51. – 61.  Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  See the response to paragraphs 4 – 5.

WHEREFORE, Plaintiff respectfully request this Honorable Court deny Alpha's Motion *in Limine*.  An appropriate form of Order is attached.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY:    */s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

6

Case ID: 170300712
Control No.: 21060447

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION IN LIMINE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. AS TO EXTRANEOUS CRIMINAL ACTIVITY**

**I.    PRELIMINARY STATEMENT**

Defendant Alpha-Centurion Security, Inc. ("Alpha") has filed this Motion in Limine attempting to exclude evidence of extensive criminal activity including violent crimes and commercial sex activity at the Roosevelt Inn around the time that M.B. was a victim of sex trafficking at the motel.  This evidence includes police testimony, police records, video footage from a shooting at motel, statements from sex traffickers who operated at the Roosevelt Inn, a statement from a neighborhood witness, and generally any evidence of any prostitution or other sex trafficking victims at the Roosevelt Inn.

Contrary to Alpha's argument, evidence of extensive criminal activity crime occurring at the Roosevelt Inn is relevant in showing that the Defendants knew or should have known that there was a likelihood of dangerous criminal activity occurring at the motel.  Evidence of crimes other than the one that the Plaintiff suffered can be used to prove that the existence of a

Case ID: 170300712
Control No.: 21060447

dangerous criminal activity, requiring the motel to investigate and take reasonable precautions to prevent the foreseeable future harm suffered by Plaintiff M.B.

This evidence also is relevant in challenging the credibility of witness testimony from the Roosevelt Defendants mischaracterizing the shooting as fake. In addition, this evidence rebuts the testimony from the Roosevelt Inn employees that they were unaware of any criminal activity at the Roosevelt Inn.

Plaintiff's counsel is well-aware of the Pennsylvania Rules of Evidence and the specific rules pertaining to hearsay evidence. It is premature to categorically exclude broad categories of evidence, when this evidence can be used in a number of different ways, including through refreshing a witness' recollection, impeaching a witness, or expert testimony if reviewed and relied upon by an expert. Defendants' own liability experts rely on the video footage, police records, and witness statements in their expert reports. The Court should thus deny Alpha's Motion in Limine.

## II.   QUESTION PRESENTED

A.     Should the Court deny Alpha's Motion to preclude evidence of extensive criminal activity occurring at the Roosevelt Inn?

*Suggested Answer*: Yes. Evidence of crime occurring at the Roosevelt Inn is relevant in showing that the Defendants knew or should have known about the dangers posed to the safety of those at the motel like M.B. This evidence can also rebut the Roosevelt Defendants employees' denial of knowledge of crimes occurring at the motel. In addition, this evidence records may be admissible through s number of different ways, including expert testimony, as security experts reasonably rely on police records, witness statements, and crime video footage when forming their opinions. Defendants' own liability experts rely on this evidence. Thus, it would be premature for the Court to categorically exclude this evidence.

## III.   BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014.

2

Case ID: 170300712
Control No.: 21060447

Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and

Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS

Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively,

"Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding

the security company, Alpha-Centurion Security, Inc., as an additional defendant.  In this action,

Plaintiff has asserted claims under theories of common law Negligence (Counts - I, II) and

Negligent Infliction of Emotional Distress (Counts III, IV).  See Plaintiff's 4th Amended

Complaint attached as Exhibit "A".

Through the instant Motion, Defendant Alpha seeks to preclude the introduction of

evidence of extensive criminal activity at the Roosevelt Inn around the time that Plaintiff M.B.

was a victim of sex trafficking at the motel.  Alpha has sought to preclude broad categories of

evidence, including police testimony, police records, video footage from a shooting at motel,

statements from sex traffickers who operated at the Roosevelt Inn, a statement from a

neighborhood witness, and generally any evidence of any prostitution or other sex trafficking

victims at the Roosevelt Inn.  This evidence is relevant to Plaintiff's claims going to the heart of

the issue of notice to the motel that it needed to take reasonable measures to protect those at the

motel like M.B. from foreseeable criminal activity perpetrated by third parties.  It is premature to

categorically exclude this evidence when it can be admissible in a number of different ways,

including through expert testimony if reviewed and relied upon by an expert.  Defendants' own

liability experts rely on police records, witness statements, and crime video footage in their

expert reports.  The Court should thus deny Alpha's Motion in Limine.

Case ID: 170300712
Control No.: 21060447

## IV.   LEGAL ARGUMENT

### A.   This evidence is relevant to show the existence of dangerous criminal activity at the Roosevelt Inn, requiring the motel to investigate and take reasonable steps to protect those at the motel like M.B.

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

The duty owed to business invitees is the highest duty owed to any entrant upon land.  "The landowner is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care."  Campisi v. Acme Markets, 915 A.2d 117 (Pa. Super. 2006). Thus, the possessor of land has a duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as may be necessary for the business invitee's protection.  Crotty v. Reading Industries, Inc., 345 A.2d 259 (Pa. Super. 1975); Pa. SSCJI 18.40 Owner of Land Duty of Care Owed to Invitees Generally.

Pennsylvania has adopted § 344 of the Restatement (Second) of Torts, which lays out the standard for businesses' liability for third party criminal acts committed against an invitee on the business premises.  See Moran v. Valley Forge Drive–In Theater, Inc., 431 Pa. 432, 246 A.2d 875, 878 (Pa.1968) (reasoning that § 344 applied when deciding whether a busines was liable for the tortious or negligent acts by third parties).

The Restatement (Second) of Torts § 344 states:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

4

Case ID: 170300712
Control No.: 21060447

- (a) discover that such acts are being done or are likely to be
done, or
- (b) give a warning adequate to enable the visitors to avoid
the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965); Negligence--Failure to Prevent Intentional Harm to

Business Invitees, Pa. SSJI (Civ), §18.120 (2020).

Comment f. to Section 344 provides that businesses may have a duty to police the

premises adequately, if the businesses "know or have reason to know, from past experience that

there is a likelihood of conduct on the part of the third person in general which is likely to

endanger the safety of the visitor, even though he had no reason to expect it on the part of the

particular individual." Id.  The Comment further states: "If the place or character of his business,

or his past experience is such that he should reasonably anticipate a careless or criminal conduct

on the part of a third person, either generally or at some particular time, he may be under a duty

to take precautions against it, and to provide a reasonably sufficient number of servants to afford

a reasonable protection." Id.

Various Pennsylvania state court decisions have found that a plaintiff can show that a

business was on notice of the need to take reasonable precautions against the foreseeable

potential harm suffered by the plaintiff when the plaintiff introduced evidence of past criminal

activity in the area.  For instance, the Superior Court has concluded that a plaintiff who was

sexually assaulted at a motel could show the harm that she faced was reasonably foreseeable by

introducing evidence of rampant underage drinking at the motel.  See Paliometros, 932 A.2d at

135-37.  In another case, the Superior Court concluded that the harm experienced by a shooting

victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of

the motel "coupled with an extensive record of reported crimes in the locale during the previous

twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three

5

burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false

imprisonments…".  Rabutino, 809 A.2d at 941 n.6.  The Superior Court in Rabutino found that

the extensive crimes "bore on the foreseeability that the illicit environment permitted at the

[motel] would foster careless, reckless, and/or deliberate conduct causing harm to those present."

Id.; see also Murphy v. Penn Fruit Co., 274 Pa. Super. 427, 432–33, 418 A.2d 480, 483 (1980)

(plaintiff demonstrated the business' notice of her potential harm in case involving assault

through evidence of "instances of disturbances, car thefts, muggings, purse snatches, drug use"

occurring in the area); Young v. Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594,

600–02 (2014) (plaintiff met notice requirement in case involving assault where plaintiff

introduced evidence of police calls made regarding fights, disorderly conduct, trespassing, drug

activity, and shoplifting, along with a prior assault in the area).

Federal courts interpreting Pennsylvania law have also found that plaintiffs can meet the

notice requirement by showing evidence of crimes in the area, other than the one committed

against the plaintiff.  In a case involving a stabbing victim at a motel, the court reasoned that the

frequency of calls to the police for crimes generally could be a factor considered by the jury

whether the motel had constructive notice of the foreseeable harm experienced by the plaintiff.

See Bonilla v. Motel 6 Operating L.P., No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa.

Sept. 15, 2011).  These courts have concluded that other crimes can be used to show that the

crime suffered by the plaintiff was reasonably foreseeable.  See Morgan v. Bucks Assocs., 428 F.

Supp. 546, 550–51 (E.D. Pa.1977) (non-violent car thefts occurring on premises put the

defendant on constructive notice that violent criminal conduct on the part of third persons, such

as the assault of the plaintiff, might occur on the premises); Baker v. Solo Nightclub, LLC, No.

CIV.A. 11-2380, 2013 WL 1927052, at *8 (E.D. Pa. May 9, 2013) (defendants were on notice of

Case ID: 170300712
Control No.: 21060447

potential danger to plaintiff in case involving plaintiff who was a shooting victim, where the plaintiff showed past incidents of disorderly conduct and fights occurring in the area, along with a Commonwealth action to enjoin the business's liquor license and previous gun incidents).

Contrary to Defendant Alpha's argument, the evidence at issue in this motion is relevant to showing the existence of extensive criminal activity, requiring the motel to investigate and take reasonable steps to protect those at the Roosevelt Inn like M.B.  Through discovery, Plaintiff has obtained police records showing the existence of numerous violent crimes and commercial sex activity threating the safety of those at the motel. This evidence includes statements from the sex trafficker Rashaad McIntyre who sold minors for sex at the Roosevelt Inn during the years leading up to when Plaintiff was a victim of sex trafficking at the motel. See Combined Statements, attached as Exhibit "B".  This evidence includes statements from witnesses like a neighbor Michael Staub to the motel and a former security guard at the motel Keith Fenwick who witnessed open and obvious criminal activity at the motel.  See Ex. B.

This evidence also includes a video of a shootout at the Roosevelt Inn during March 2014.  The shootout occurred around the same time that Plaintiff was sold for sex as a minor. Police records of the March 31, 2014 shootout confirm that the incident involved men who were selling underage girls for sex at the Roosevelt Inn, as one underage victim was trapped in her hotel room as the shootout was taking place.  The persons involved in the shootout were criminally convicted for their crimes stemming from the March 31, 2014 shootout.  The footage would help the jury see what the security cameras at the Roosevelt Inn showed and how clear the video depicted violence endangering the lives of all those at the motel.  Without the video, the jury is left to wonder what the cameras would show.  The jury should get to see how clearly motel staff would have seen criminal activity was occurring at the Roosevelt Inn.

Case ID: 170300712
Control No.: 21060447

This evidence can be used to rebut the testimony of the Roosevelt Inn Defendants downplaying and denying that the shooting even happened.  Anthony Uzzo, a trustee for one of the Trusts that owns the Roosevelt Inn who provided management for the Roosevelt Inn testified that he believed the shootout was fake:

> Q:     And what is your understanding of the circumstances surrounding the shootout?
>
> A:     I saw videos of the shootout where two men chasing each other down the corridors firing guns at each other. They seemed to be almost like fake guns because they were smiling and laughing as they were doing it from what I saw. And when I went there, it looked like they were pellet guns because I found no bullets.
>
> ***
>
> Q:     So it's your belief that that the video pertaining to the shootout was put out by your competitors?
>
> A:     Yes.  It looked like a big farce.

See Deposition Transcript of Anthony Uzzo, attached as Exhibit "C" at page 106 – 109.  Mr. Uzzo later went on to testify that no changes were made at the Roosevelt Inn as a result of the shootout, ignoring the dangers that this violent criminal activity posed to others at the motel.  See Ex. C at page 108.  This video footage from the shooting is clearly relevant in rebutting Mr. Uzzo's testimony that the shootout was fake or staged by competitor hotels.

This evidence may also be used to rebut the Roosevelt Inn witnesses' testimony stating they did not know of any criminal activity happening at the Roosevelt Inn.  The Roosevelt Defendants' employees have generally denied knowing about criminal activity occurring at the motel.  The motel manager Yagna Patel denied ever seeing anyone committing a crime while watching the live cameras at the motel during his thirty years as manager of the Roosevelt Inn.  See Deposition Transcript of Yagna Patel at page 35 – 36, attached as Exhibit "D".  He denied knowing about any times staff called the police about guests' suspected drug use or prostitution

8

Case ID: 170300712
Control No.: 21060447

at the motel.  See Ex. D at pages 309-310.  He also denied knowledge of any arrests for prostitution at the Roosevelt Inn.  See Ex. D at page 319.  Similarly, the motel employees deposed during discovery denied knowledge of criminal activity occurring at the Roosevelt Inn. This video footage shows that Roosevelt Inn Defendants denial of knowing about criminal activity at the motel, including commercial sex activity, is not credible.  The Roosevelt Defendants and Alpha's failures to act show they were complicit in allowing criminal activity to occur.

Despite arguing that evidence of this criminal activity is unreliable and inadmissible, Defendants' own experts rely on this evidence when making their opinions.  The Roosevelt Defendants' security expert Norman Bates details how the police records capture crimes occurring at the Roosevelt Inn from 2011 to 2014, such as armed robberies, fire arm violations, thefts, statutory sexual assault, simple assaults, rape, prostitution, assault, attempted rape, and corrupting the morals of a minor.  See Expert Report of Norman Bates at pages 6 – 8, attached as Exhibit "E".   Norman Bates also relies on police call for service reports, which the Roosevelt Defendants are attempting to exclude:

> Based on the CFS [Call for Service] from the Philadelphia Police Department and testimony from representatives of the Roosevelt Inn, there was a problem with prostitution activity in 2013 at the both the Roosevelt Inn and apparently in the northeast section of Philadelphia. In 2013, there were thirteen reports of prostitution, including two  that involved minors.  In the first six months of 2014, there were two reports of prostitution and those occurred in January and February of prior to plaintiff's alleged presence at the hotel.

See Ex. E at page 7.  Norman Bates also discusses a news article about sex traffickers involved in the shooting at the motel in March 2014 and the footage obtained:

Case ID: 170300712
Control No.: 21060447

3/31/14          Gun fire exchanged between two men over a dispute about underage prostitution and mistaken identity at Roosevelt Inn. Vincent Jackson later convicted. *[News Article: "Man Convicted Of Prostituting Underage Girls," Northeast Times; Roosevelt Inn Surveillance Footage Posted on YouTubeby Philadelphia Police]*

See Ex. E at page 4.  Defense liability experts Kimberly Mehlman-Orozco and James Francis also base their opinions on a review of police records.  See Expert Report of Kimberly Mehlman-Orozco, attached as Exhibit "F" at page 23 and Supplemental Expert Report of James Francis at page 11, attached as Exhibit "G".  Norman Bates also relies on witness statements, including the sex traffickers Daiquan Davis, Abdul Lopez, Rashaad McIntyre, and Jerel Jackson.  See Ex. E. Kimberly Mehlman-Orozco also relies on a declaration from the sex trafficker Daiquan Davis and discusses in her report the stories of other victims of sex trafficking and interviews of sex traffickers, other than Daiquan Davis and Abdul Lopez.  See Ex. F at page 19.  If the Defendants can use their experts to discuss other traffickers and other victims of sex trafficking with no history of operating at the motel, Plaintiff certainly should be able to discuss other traffickers who sold minors for sex at the Roosevelt Inn and other minors who were victims of sex trafficking at the motel.

Police records, witness statements, and video footage are the types of evidence that experts can reasonably rely upon in the field of security.  See Pa. R.E. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.").  Along with his expert report, the Roosevelt Defendants' security expert Norman Bates provided a copy of his forensic methodology relied upon when issuing his opinions.  See Bates' Methodology, attached as Exhibit "H".  This methodology was issued as "Best Practices" by the International Association of Professional Security Consultants.  The methodology lists witness statements, police records,

Case ID: 170300712
Control No.: 21060447

and video as the typical evidence reviewed by experts in premises security cases.  <u>See</u> Ex. H at pages 3 – 4.

Although some of this evidence may not be able to be read to the jury on its own, the evidence can be admissible under various circumstances.  The evidence can be admissible through expert testimony as discussed above.  This evidence may also be used by the witness to refresh their recollection.  <u>See</u> Pa. R.E. 612 ("(a) Right to Refresh Memory. A witness may use a writing or other item to refresh memory for the purpose of testifying while testifying, or before testifying.").  The evidence can also be used to impeach the person who made a false statement in that person's testimony.  Pa. R.E. 613 ("(a) Witness's Prior Inconsistent Statement to Impeach. A witness may be examined concerning a prior inconsistent statement made by the witness to impeach the witness's credibility.").  It is premature to categorically exclude this evidence.

The evidence of extensive criminal activity at the Roosevelt Inn is relevant to Plaintiff's claims against the Roosevelt Defendants and Defendant Alpha.  Therefore, it's premature to categorically exclude this evidence.

## V.   CONCLUSION

The Court should deny Alpha's Motion.  An appropriate form of order is respectfully attached hereto for the Court's consideration.

Case ID: 170300712
Control No.: 21060447

Respectfully submitted,

**KLINE & SPECTER, P.C.**


*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060447

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060447

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Response in Opposition to the Motion in Limine of Defendant Alpha-Centurion Security, Inc. as to Extraneous Criminal Activity*, was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

FILED
14 JUN 2021 02:20 pm
Civil Administration
F. HEWITT

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of the Motion in Limine to Preclude and Exclude References to Crimes, Criminal Activity, and Arrests Unrelated to Purported Sex Trafficking filed by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (collectively "Roosevelt Defendants"), Plaintiff's Response in Opposition, and any response thereto, it is hereby:

**ORDERED** and **DECREED** that the Roosevelt Defendants' Motion in Limine is **DENIED.**

BY THE COURT:

_____
                                           J.

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiff M.B.
BY:   THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION IN LIMINE TO PRECLUDE AND EXCLUDE REFERENCES TO CRIMES, CRIMINAL ACTIVITY, AND ARRESTS UNRELATED TO PURPORTED SEX TRAFFICKING FILED BY DEFENDANTS ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL

Plaintiff by and through her attorneys, Kline & Specter, hereby responds in opposition to the Motion in Limine to Preclude and Exclude References to Crimes, Criminal Activity, and Arrests Unrelated to Purported Sex Trafficking filed by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (collectively "Roosevelt Defendants"), as follows:

1. Denied as stated. This paragraph refers to Plaintiff's Complaint and Plaintiff's Amended Complaints, which are written documents that speak for themselves. Any characterizations of these documents are denied. See Plaintiff's Fourth Amended Complaint, attached as Exhibit "A".

2. Denied as stated. Abdul Lopez and Daiquan Davis sex trafficked Plaintiff M.B. at the Roosevelt when she was a minor. Both of these sex traffickers were convicted of the crime sex

Case ID: 170300712
Control No.: 21060498

trafficking of a minor under 18 U.S.C. §§ 1591 and 1594(a).  The Roosevelt Defendants filed a

Joinder Complaint joining Abdul Lopez and Daiquan Davis as Additional Defendants.  All other

averments are denied.

3.  Denied.  The averments in this paragraph are legal conclusions to which no response

is required.

4.  Denied as stated.  This paragraph refers to Plaintiff's Fourth Amended Complaint,

which is a written document that speaks for itself.  Any characterizations of the document are

denied.  See Ex. A.

5.  Denied.  The averments in this paragraph are legal conclusions to which no response

is required.

6.  Denied.  The Roosevelt Defendants attempt to mischaracterize evidence and

manufacture a rationale why relevant evidence should be excluded.  During discovery, Plaintiff

subpoenaed from the District Attorney's Office and obtained from the Roosevelt Defendants

video of shootout at the Roosevelt Inn during March 2014.  The shootout occurred around the

same time that Plaintiff was sold for sex as a minor and is evidence of criminal activity at the

hotel.  Police records of the March 31, 2014 shootout confirm that the incident involved men

who were selling underage girls for sex at the Roosevelt Inn, as one underage victim was trapped

in her hotel room as the shootout was taking place.  The persons involved in the shootout were

criminally convicted for their crimes stemming from the March 31, 2014 shootout.

Anthony Uzzo, a trustee for one of the Trusts that owns the Roosevelt Inn who provided

management for the Roosevelt Inn testified that he believed the shootout was fake.  Video

footage evidence is relevant in rebutting Mr. Uzzo's testimony.  The footage would help the jury

see what the security cameras at the Roosevelt Inn showed and how clear the video depicted

Case ID: 170300712
Control No.: 21060498

violence endangering the lives of all those at the motel.  Without the video, the jury is left to

wonder what the cameras would show.  The jury should get to see how clearly motel staff would

have seen criminal activity was occurring at the Roosevelt Inn.

　　　The video footage from the shooting is also relevant to show that there was dangerous

criminal activity at the Roosevelt Inn.  Defendants knew or should have known there was a

likelihood of criminal activity occurring at the motel and failed to take reasonable steps to

investigate and protect those at the motel like Plaintiff M.B. against it.  See Murphy v. Penn Fruit

Co., 274 Pa. Super. 427, 432–33, 418 A.2d 480, 483 (1980) (plaintiff demonstrated the business'

notice of her potential harm in case involving assault through evidence of "instances of

disturbances, car thefts, muggings, purse snatches, drug use" occurring in the area).  This video

footage shows that Roosevelt Inn Defendants denial of knowing about criminal activity at the

motel, including commercial sex activity, is not credible.  The Roosevelt Defendants and Alpha's

failures to act show they were complicit in allowing criminal activity to occur.

　　　7.  Denied.  This paragraph refers to Defendant Alpha-Centurion Security, Inc.'s Answer

to Plaintiff's Fourth Amended Complaint with New Matter and Amended New Matter Cross-

Claims.  This is a written document that speaks for itself, and all characterizations of the

document are denied.

　　　8. – 22.  Denied.  The averments in these paragraphs are legal conclusions to which no

response is required.  The Roosevelt Defendants have filed this Motion in Limine attempting to

exclude evidence of any criminal activity at the Roosevelt Inn except sex trafficking, while

deeming all other crime unrelated.  Contrary to their assertion, evidence of crime occurring at the

Roosevelt Inn,, not just sex trafficking, is relevant in showing that the Roosevelt Defendants

knew or should have known about the dangers posed to the safety of those at the motel like M.B.

Case ID: 170300712
Control No.: 21060498

Evidence that is relevant and admissible cannot be precluded merely because it is unfavorable to Defendants' position.  See Commonwealth v. Dillon, 925 A.2d 131 (Pa. 2007).

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

A landowner "is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care."  Campsis v. Acme Markets, 915 A.2d 117 (Pa. Super. 2006).

Evidence of crimes other than the one that the Plaintiff suffered can be used to prove that dangerous criminal activity existed at the Roosevelt Inn, requiring the motel to investigate and take reasonable precautions to prevent the foreseeable harm suffered by Plaintiff.  See, e.g., Paliometros v. Loyola, 932 A.2d 128, 135 – 37 (Pa. Super. 2007) (plaintiff who was sexually assaulted at a motel could show the harm that she faced was reasonably foreseeable by introducing evidence of rampant underage drinking at the motel); Rabutino, 809 A.2d at 941 n.6 (finding that the harm experienced by a shooting victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of the motel "coupled with an extensive record of reported crimes in the locale during the previous twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false imprisonments…"); Young v. Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594, 600–02 (2014) (plaintiff met notice requirement in case involving assault where plaintiff introduced evidence of police calls made regarding fights, disorderly conduct, trespassing, drug activity, and shoplifting, along with a prior assault in the area); Bonilla v. Motel 6 Operating L.P., No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept.

Case ID: 170300712
Control No.: 21060498

15, 2011) (reasoning that the frequency of calls to the police for crimes generally could be a factor considered by the jury whether the motel had constructive notice of the foreseeable harm experienced by a plaintiff stabbed at a motel).

Evidence of crimes occurring at the Roosevelt Inn also rebuts the Roosevelt Defendants' denial of knowledge of crimes occurring at the motel.  During their depositions, the motel's manager Yagna Patel and the employees of the motel denied any knowledge about criminal activities going on at the Roosevelt Inn.

In addition, the video footage and the police records are admissible.  This evidence is the type of evidence reasonably relied upon by experts in the field of security when making their opinions.  See Pa. R.E. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.").  In fact, Defendants' liability experts did rely on the video footage, police reports, and police call for services reports, which they are now trying to exclude.  The Court should thus deny the Roosevelt Defendants' Motion in Limine.

WHEREFORE, Plaintiff respectfully request this Honorable Court deny the Roosevelt Defendants' Motion *in Limine*.  An appropriate form of Order is attached.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY:   */s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

5

Case ID: 170300712
Control No.: 21060498

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION IN
LIMINE TO PRECLUDE AND EXCLUDE REFERENCES TO CRIMES, CRIMINAL
ACTIVITY, AND ARRESTS UNRELATED TO PURPORTED SEX TRAFFICKING
FILED BY DEFENDANTS ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC.,
UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL**

**I.    PRELIMINARY STATEMENT**

The Roosevelt Defendants have filed this Motion in Limine attempting to exclude

evidence of any criminal conduct at the Roosevelt Inn except sex trafficking, while deeming all

other crime unrelated.  This includes video footage from the Philadelphia District Attorney's

Office showing a shooting between men selling underage girls for sex at the Roosevelt Inn

during the time that Plaintiff M.B. was a victim of sex trafficking.  This evidence includes

records from the Philadelphia Police Department of extensive criminal activity at the Roosevelt

Inn, including violent crimes and commercial sex activity.  Contrary to the Roosevelt

Defendants' argument, evidence of crime occurring at the Roosevelt Inn is relevant in showing

that the Roosevelt Defendants knew or should have known that there was a likelihood of

dangerous criminal activity occurring at the motel.  Evidence of crimes other than the one that

Case ID: 170300712
Control No.: 21060498

the Plaintiff suffered can be used to prove that the existence of a dangerous criminal activity,

requiring the motel to investigate and take reasonable precautions to prevent the foreseeable

future harm suffered by Plaintiff M.B.

This evidence also is relevant in challenging the credibility of witness testimony from the

Roosevelt Defendants mischaracterizing the shooting as fake.  In addition, this evidence rebuts

the testimony from the Roosevelt Inn employees that they were unaware of any criminal activity

at the Roosevelt Inn.

The police records and video footage are admissible also through expert testimony,

because they are the types of evidence reasonably relied upon by experts in the field of security.

Naturally, Defendants' liability experts have relied on this evidence when making their opinions

in their expert reports.  The Court should thus deny the Roosevelt Defendants' Motion in Limine.

## II.     QUESTION PRESENTED

A.     Should the Court deny the Roosevelt Defendants' Motion to preclude evidence of
criminal activity occurring at the Roosevelt Inn other than sex trafficking?

*Suggested Answer*: Yes.  Evidence of crime occurring at the Roosevelt Inn is relevant in
showing that the Roosevelt Defendants knew or should have known about the dangers
posed to the safety of those at the motel like M.B.

## III.    BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel

when she was just 14 years-old from approximately January 2014 through June 6, 2014.

Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and

Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS

Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively,

"Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding

the security company, Alpha-Centurion Security, Inc., as an additional defendant.  In this action,

Case ID: 170300712
Control No.: 21060498

Plaintiff has asserted claims under theories of common law Negligence (Counts - I, II) and Negligent Infliction of Emotional Distress (Counts III, IV).  See Plaintiff's 4th Amended Complaint attached as Exhibit "A".

Through the instant Motion, the Roosevelt Defendants seek to preclude the introduction of evidence of criminal activity at the Roosevelt Inn, other than sex trafficking.  Defendants seek the preclusion of video footage from the Philadelphia District Attorney's Office from March 2014 relating to a shootout between sex traffickers at the Roosevelt Inn.  They also seek to preclude records from Philadelphia Police Department documents various crimes occurring at the Roosevelt Inn, including records of "drug related crimes, prostitution, thefts, violence, weapon related crimes, shootings, domestic disturbances, police calls, police response and arrests."  This evidence is relevant to Plaintiff's claims, going to the heart of the issue of notice to the motel that it needed to investigate and take reasonable measures to protect those at the motel like M.B. from foreseeable criminal activity perpetrated by third parties.  In addition, the video footage and police records are admissible through expert testimony, because they are the types of evidence reasonably relied upon by experts in the field of security.  Defendants' own liability experts rely on police records and the video footage in their expert reports.  The Court should thus deny the Roosevelt Defendants' Motion in Limine.

## IV.    LEGAL ARGUMENT

### A.  Evidence of criminal conduct at the Roosevelt Inn, other than sex trafficking, is relevant to show the existence of dangerous criminal activity at the Roosevelt Inn, requiring the motel to investigate and take reasonable steps to protect those at the motel like M.B.

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

3

Case ID: 170300712
Control No.: 21060498

The duty owed to business invitees is the highest duty owed to any entrant upon land. "The landowner is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care." Campsis v. Acme Markets, 915 A.2d 117 (Pa. Super. 2006). Thus, the possessor of land has a duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as may be necessary for the business invitee's protection. Crotty v. Reading Industries, Inc., 345 A.2d 259 (Pa. Super. 1975); Pa. SSCJI 18.40 Owner of Land Duty of Care Owed to Invitees Generally.

Pennsylvania has adopted § 344 of the Restatement (Second) of Torts, which lays out the standard for businesses' liability for third party criminal acts committed against an invitee on the business premises. See Moran v. Valley Forge Drive–In Theater, Inc., 431 Pa. 432, 246 A.2d 875, 878 (Pa.1968) (reasoning that § 344 applied when deciding whether a busines was liable for the tortious or negligent acts by third parties).

The Restatement (Second) of Torts § 344 states:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
> - (a) discover that such acts are being done or are likely to be done, or
> - (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965); Negligence--Failure to Prevent Intentional Harm to Business Invitees, Pa. SSJI (Civ), §18.120 (2020).

Comment f. to Section 344 provides that businesses may have a duty to police the premises adequately, if the businesses "know or have reason to know, from past experience that

Case ID: 170300712
Control No.: 21060498

there is a likelihood of conduct on the part of the third person in general which is likely to endanger the safety of the visitor, even though he had no reason to expect it on the part of the particular individual." Id.  The Comment further states: "If the place or character of his business, or his past experience is such that he should reasonably anticipate a careless or criminal conduct on the part of a third person, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." Id.

Various Pennsylvania state court decisions have found that a plaintiff can show that a business was on notice of the need to take reasonable precautions against the foreseeable potential harm suffered by the plaintiff when the plaintiff introduced evidence of past criminal activity in the area.  For instance, the Superior Court has found that a plaintiff who was sexually assaulted at a motel could show the harm that she faced was reasonably foreseeable by introducing evidence of rampant underage drinking at the motel.  See Paliometros, 932 A.2d at 135-37.  In another case, the Superior Court concluded that the harm experienced by a shooting victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of the motel "coupled with an extensive record of reported crimes in the locale during the previous twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false imprisonments…".  Rabutino, 809 A.2d at 941 n.6.  The Superior Court in Rabutino found that the extensive crimes "bore on the foreseeability that the illicit environment permitted at the [motel] would foster careless, reckless, and/or deliberate conduct causing harm to those present." Id.; see also Murphy v. Penn Fruit Co., 274 Pa. Super. 427, 432–33, 418 A.2d 480, 483 (1980) (plaintiff demonstrated the business' notice of her potential harm in case involving assault

Case ID: 170300712
Control No.: 21060498

through evidence of "instances of disturbances, car thefts, muggings, purse snatches, drug use" occurring in the area); Young v. Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594, 600–02 (2014) (plaintiff met notice requirement in case involving assault where plaintiff introduced evidence of police calls made regarding fights, disorderly conduct, trespassing, drug activity, and shoplifting, along with a prior assault in the area).

Federal courts interpreting Pennsylvania law have also found that plaintiffs can meet the notice requirement by showing evidence of crimes in the area, other than the one committed against the plaintiff.  In a case involving a stabbing victim at a motel, the court reasoned that the frequency of calls to the police for crimes generally could be a factor considered by the jury whether the motel had constructive notice of the foreseeable harm experienced by the plaintiff. See Bonilla v. Motel 6 Operating L.P., No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011).  These courts have found that other crimes can be used to show that the crime suffered by the plaintiff was reasonably foreseeable.  See Morgan v. Bucks Assocs., 428 F. Supp. 546, 550–51 (E.D. Pa.1977) (non-violent car thefts occurring on premises put the defendant on constructive notice that violent criminal conduct on the part of third persons, such as the assault of the plaintiff, might occur on the premises); Baker v. Solo Nightclub, LLC, No. CIV.A. 11-2380, 2013 WL 1927052, at *8 (E.D. Pa. May 9, 2013) (defendants were on notice of potential danger to plaintiff in case involving plaintiff who was a shooting victim, where the plaintiff showed past incidents of disorderly conduct and fights occurring in the area, along with a Commonwealth action to enjoin the business's liquor license and previous gun incidents).

The Roosevelt Defendants attempt to mischaracterize evidence and manufacture a rationale why relevant evidence should be excluded.  During discovery, Plaintiff subpoenaed from the District Attorney's Office and obtained from the Roosevelt Defendants video of

6

Case ID: 170300712
Control No.: 21060498

shootout at the Roosevelt Inn during March 2014.  The shootout occurred around the same time

that Plaintiff was sold for sex as a minor and is evidence of criminal activity at the hotel.  Police

records of the March 31, 2014 shootout confirm that the incident involved persons who were

selling underage girls for sex at the Roosevelt Inn, as one underage victim was trapped in her

hotel room as the shootout was taking place.  The persons involved in the shootout were

criminally convicted for their crimes stemming from the March 31, 2014 shootout.  The footage

would help the jury see what the security cameras at the Roosevelt Inn showed and how clear the

video depicted violence endangering the lives of all those at the motel.  Without the video, the

jury is left to wonder what the cameras would show.  The jury should get to see how clearly

motel staff would have seen criminal activity was occurring at the Roosevelt Inn.

      Additionally, Anthony Uzzo, a trustee for one of the Trusts that owns the Roosevelt Inn

who provided management for the Roosevelt Inn testified that he believed the shootout was fake:

> Q:    And what is your understanding of the circumstances
> surrounding the shootout?
>
> A:    I saw videos of the shootout where two men chasing each
> other down the corridors firing guns at each other. They seemed to
> be almost like fake guns because they were smiling and laughing
> as they were doing it from what I saw. And when I went there, it
> looked like they were pellet guns because I found no bullets.
>
>           \*\*\*
>
> Q:    So it's your belief that that the video pertaining to the
> shootout was put out by your competitors?
>
> A:    Yes.  It looked like a big farce.

See Deposition Transcript of Anthony Uzzo, attached as Exhibit "B" at page 106 – 109.  Mr.

Uzzo later went on to testify that no changes were made at the Roosevelt Inn as a result of the

shootout, ignoring the dangers that this violent criminal activity posed to others at the motel.  See

Case ID: 170300712
Control No.: 21060498

Ex. B at page 108.  This video footage from the shooting is clearly relevant in rebutting Mr.

Uzzo's testimony that the shootout was fake or staged by competitor hotels.

This evidence may also be used to rebut the Roosevelt Inn witnesses' testimony stating

they did not know of any criminal activity happening at the Roosevelt Inn.  The Roosevelt

Defendants' employees have generally denied knowing about criminal activity occurring at the

motel.  The motel manager Yagna Patel denied ever seeing anyone committing a crime while

watching the live cameras at the motel during his thirty years as manager of the Roosevelt Inn.

See Deposition Transcript of Yagna Patel at page 35 – 36, attached as Exhibit "C".  He denied

knowing about any times staff called the police about guests' suspected drug use or prostitution

at the motel.  See Ex. C at pages 309-310.  He also denied knowledge of any arrests for

prostitution at the Roosevelt Inn.  See Ex. C at page 319.  Similarly, the motel employees

deposed during discovery denied knowledge of criminal activity occurring at the Roosevelt Inn.

This video footage shows that Roosevelt Inn Defendants denial of knowing about criminal

activity at the motel, including commercial sex activity, is not credible.  The Roosevelt

Defendants and Alpha's failures to act show they were complicit in allowing criminal activity to

occur.

Despite arguing that evidence of other crimes is unreliable and inadmissible, Defendants'

own experts rely on this evidence when making their opinions.  The Roosevelt Defendants'

security expert Norman Bates details how the police records capture crimes occurring at the

Roosevelt Inn, such as armed robberies, fire arm violations, thefts, statutory sexual assault,

simple assaults, rape, prostitution, assault, attempted rape, and corrupting the morals of a minor.

See Expert Report of Norman Bates at pages 6 – 8, attached as Exhibit "D".   Norman Bates also

Case ID: 170300712
Control No.: 21060498

relies on police call for service reports, which the Roosevelt Defendants are attempting to

exclude:

> Based on the CFS [Call for Service] from the Philadelphia Police
> Department and testimony from representatives of the Roosevelt
> Inn, there was a problem with prostitution activity in 2013 at the
> both the Roosevelt Inn and apparently in the northeast section of
> Philadelphia. In 2013, there were thirteen reports of prostitution,
> including two that involved minors. In the first six months of 2014,
> there were two reports of prostitution and those occurred in January
> and February of prior to plaintiff's alleged presence at the hotel.

See Ex. D at page 7. Norman Bates also discusses a news article about sex traffickers involved

in the shooting at the motel in March 2014 and the footage obtained:

3/31/14    Gun fire exchanged between two men over a dispute about underage prostitution
           and mistaken identity at Roosevelt Inn. Vincent Jackson later convicted. *[News
           Article: "Man Convicted Of Prostituting Underage Girls," Northeast Times;
           Roosevelt Inn Surveillance Footage Posted on YouTube by Philadelphia Police]*

See Ex. D at page 4. Defense liability experts Kimberly Mehlman-Orozco and James Francis

also base their opinions on a review of police records. See Expert Report of Kimberly Mehlman-

Orozco, attached as Exhibit "E" at page 23 and Supplemental Expert Report of James Francis at

page 11, attached as Exhibit "F".

Police records can reasonably be relied upon by experts in the field. See Pa. R.E. 703

("If experts in the particular field would reasonably rely on those kinds of facts or data in

forming an opinion on the subject, they need not be admissible for the opinion to be admitted.").

Along with his expert report, the Roosevelt Defendants' security expert Norman Bates provided

a copy of his forensic methodology relied upon when issuing his opinions. See Bates'

Methodology, attached as Exhibit "G". This methodology was issued as "Best Practices" by the

International Association of Professional Security Consultants. The methodology lists in the

records typically reviewed by experts in premises liability cases: "Police Report of the subject

Case ID: 170300712
Control No.: 21060498

incident" and "Site and Immediate Vicinity Crime History, including police and security incident reports". See Ex. G. Police records are naturally relied upon in security cases like this one, evidenced by the liability experts' reliance on them.

The evidence of crimes occurring at the Roosevelt Inn is relevant to Plaintiff's claims against the Roosevelt Defendants and Defendant Alpha. Therefore, it's premature to categorically exclude this evidence.

## V.    CONCLUSION

The Court should deny the Roosevelt Defendants' Motion. An appropriate form of order is respectfully attached hereto for the Court's consideration.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

**BY:** _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

10

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060498

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Response in Opposition to the Motion in Limine to Preclude and Exclude References to Crimes, Criminal Activity, and Arrests Unrelated to Purported Sex Trafficking filed by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel*, was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Case ID: 170300712
Control No.: 21060498

FILED
14 JUN 2021 01:11 pm
Civil Administration
F. HEWITT

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of the Motion in Limine

to Preclude and Exclude References to Incidents Before and After the Relevant Time Period filed

by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company,

LLC, and Yagna Patel (collectively "Roosevelt Defendants"), Plaintiff's Response in

Opposition, and any response thereto, it is hereby:

**ORDERED** and **DECREED** that the Roosevelt Defendants' Motion in Limine is

**DENIED.**

BY THE COURT:

_____

J.

Case ID: 170300712
Control No.: 21060493

**KLINE & SPECTER, P.C.**                           Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION IN LIMINE TO PRECLUDE AND EXCLUDE REFERENCES TO INCIDENTS BEFORE AND AFTER THE RELEVANT TIME PERIOD FILED BY DEFENDANTS ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL

Plaintiff by and through her attorneys, Kline & Specter, hereby responds in opposition to the Motion in Limine to Preclude and Exclude References to Incidents Before and After the Relevant Time Period filed by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (collectively "Roosevelt Defendants"), as follows:

1.    Denied as stated.  This paragraph refers to Plaintiff's Complaint and Plaintiff's Amended Complaints.  These are written documents that speak for themselves.  Any characterizations of these documents are denied.  See Plaintiff's Fourth Amended Complaint, attached as Exhibit "A".  This paragraph also references Plaintiff's testimony from her deposition captured in a transcript, which is a written document that speaks for itself.  Any characterizations of the deposition transcript are denied.

Case ID: 170300712
Control No.: 21060493

2.   Denied as stated.  Abdul Lopez and Daiquan Davis sex trafficked Plaintiff M.B. at the Roosevelt when she was a minor.  Both of these sex traffickers were convicted of the crime sex trafficking of a minor under 18 U.S.C. §§ 1591 and 1594(a).  The Roosevelt Defendants filed a Joinder Complaint joining Abdul Lopez and Daiquan Davis as Additional Defendants.  All other averments are denied.

3. – 17.   Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  By way of further response, the Roosevelt Defendants mischaracterize evidence and testimony in attempt to exclude relevant, admissible evidence, which would be harmful to their case.   Evidence that is relevant and admissible cannot be precluded merely because it is unfavorable to Defendants' position.  See Commonwealth v. Dillon, 925 A.2d 131 (Pa. 2007).  The Roosevelt Defendants are asking to exclude broad categories of evidence obtained in discovery, including evidence of extensive criminal activity, including sex trafficking and commercial sex activity, pertaining to the Roosevelt Inn prior to January 2014 and after June 6, 2014.  Evidence outside of this window of time is relevant to show the Roosevelt Defendants knew or should have known about the dangers posed by criminal activity to the safety of those at the motel like M.B.

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

A landowner "is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care."  Campsis v. Acme Markets, 915 A.2d 117 (Pa. Super. 2006).

2

Case ID: 170300712
Control No.: 21060493

The broad category of evidence that Defendants are attempting to exclude shows extensive criminal activity at the Roosevelt Inn posing a threat to the safety of those at the motel like M.B.  Roosevelt Defendants have a duty to investigate and take reasonable precautions against potential criminal acts of third parties.  Evidence of crimes outside of the time interval defined by the Roosevelt Defendants can be used to prove that the Plaintiff's harm was foreseeable and rebut the Roosevelt Defendants' denial of knowledge of crimes occurring at the motel.  See, e.g., Rabutino, 809 A.2d at 941 n.6 (finding that the harm experienced by a shooting victim at a motel was reasonably foreseeable based on "an extensive record of reported crimes in the locale during the previous twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false imprisonments…"); See Bonilla v. Motel 6 Operating L.P., No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011) (reasoning that the plaintiff could establish notice through calls made to the police regarding crime at the motel for a period of six years prior to the time that he was stabbed at a motel); Young v. Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594, 600–02 (2014) (plaintiff met notice requirement in case involving assault where plaintiff introduced evidence of police calls made for crime in the area for three year period prior to the incident at issue); Moran v. Valley Forge Drive–In Theater, Inc., 431 Pa. 432, 435 – 37 (Pa.1968) (business was put on notice of potential harm experienced by plaintiff through evidence of incidents occurring in two year period prior to plaintiff's harm).

This evidence also rebuts the Roosevelt Defendants' denial of knowledge of crimes occurring at the motel.  During their depositions, the motel's manager Yagna Patel and the employees of the motel denied any knowledge about criminal activities going on at the Roosevelt Inn.

3

Case ID: 170300712
Control No.: 21060493

Counsel for the Roosevelt Defendants' own questioning opened the door for evidence of events that occurred after June 2014.  The Roosevelt Defendants have introduced evidence in this trial of purported events that occurred after MB left the Roosevelt Inn in June 2014.   The Roosevelt Defendants' counsel specifically elicited trial testimony from Daiquan Davis detailing when he used the Roosevelt Inn for commercial sex work after June 2014.[1]  Rather than stop that line of questioning, the Roosevelt Defendants chose to pursue testimony regarding purported events after June 2014 to support their defense.

With the Roosevelt Defendants introducing evidence and eliciting testimony about purported events after June 2014 in their defense, Plaintiff certainly should be able to use evidence to rebut the Roosevelt Defendants' claims that their staff and management did not permit illicit activity and were unaware that commercial sex activity occurred at the motel.

The Court should thus deny the Roosevelt Defendants' Motion in Limine.

WHEREFORE, Plaintiff respectfully request this Honorable Court deny the Roosevelt Defendants' Motion *in Limine*.  An appropriate form of Order is attached.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY:   */s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

---

[1] Trial testimony was taken of Co-Defendant Daiquan Davis on June 10, 2021.  Plaintiff's counsel has received a draft copy of the transcript from the court reporter. A final copy is forthcoming and will be provided upon receipt.

4

Case ID: 170300712
Control No.: 21060493

**KLINE & SPECTER, P.C.**                     Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION IN LIMINE TO PRECLUDE AND EXCLUDE REFERENCES TO INCIDENTS BEFORE AND AFTER THE RELEVANT TIME PERIOD FILED BY DEFENDANTS ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL**

**I.    PRELIMINARY STATEMENT**

The Roosevelt Defendants have filed this Motion in Limine attempting to exclude relevant, admissible evidence of any criminal incidents at the Roosevelt Inn outside of the specific time that Plaintiff M.B. was a victim of sex trafficking: January 1, 2014 to June 6, 2014. Evidence outside of this narrow window defined by Defendants is relevant in showing that the Roosevelt Defendants knew or should have known about the dangers posed by criminal activity to the safety of those at the motel like M.B. and contradicts testimony from Roosevelt Inn staff that they were unaware of any criminal activity occurring at the Roosevelt Inn.

Counsel for the Roosevelt Defendants' own questioning opened the door for evidence of events that occurred after June 2014.  The Roosevelt Defendants have introduced evidence in this trial of purported events that occurred after MB left the Roosevelt Inn in June 2014.   The

Case ID: 170300712
Control No.: 21060493

Roosevelt Defendants' counsel specifically elicited trial testimony from Daiquan Davis detailing

when he used the Roosevelt Inn for commercial sex work after June 2014.  They elicited this

testimony in support of their position that staff and management did not permit illicit activity and

were unaware that commercial sex activity occurred at the motel.

Defendants' own experts also rely on evidence from outside this window of time in their

expert reports.  Plaintiff should certainly be able to use evidence from this time, if Defendants

are going to use evidence from it in their defense.  The Court should thus deny the Roosevelt

Defendants' Motion in Limine.

## II.   QUESTION PRESENTED

A.      Should the Court deny the Roosevelt Defendants' Motion to preclude evidence of
criminal activity occurring at the Roosevelt Inn outside of the time interval January 1,
2014 to June 6, 2014?

*Suggested Answer*: Yes.  Evidence of crime occurring at the Roosevelt Inn outside that
time interval is certainly relevant in showing that the Roosevelt Defendants knew or
should have known about the dangers posed to the safety of those at the motel like M.B.
These incidents also rebut the Roosevelt Defendants employees' denial of knowledge of
crimes occurring at the motel.  In addition, Plaintiff should certainly be able to use
evidence outside this time interval when the Roosevelt Defendants have introduced
evidence of events outside this time window.

## III.   BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel

when she was just 14 years-old from approximately January 2014 through June 6, 2014.

Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and

Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS

Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively,

"Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding

the security company, Alpha-Centurion Security, Inc., as an additional defendant.  In this action,

Plaintiff has asserted claims under theories of common law Negligence (Counts - I, II) and

Case ID: 170300712
Control No.: 21060493

Negligent Infliction of Emotional Distress (Counts III, IV).  See Plaintiff's 4th Amended

Complaint attached as Exhibit "A".

Through the instant Motion, the Roosevelt Defendants seek to preclude the introduction

of relevant evidence of criminal activity at the Roosevelt Inn, outside of the time interval of

January 1, 2014 to June 6, 2014.  Defendants seek the preclusion of numerous records, including

but not limited to police records and even defense witness testimony.  This evidence is relevant

to the showing the existence of extensive criminal activity at the Roosevelt Inn, requiring the

motel to investigate and take reasonable steps to protect those at the motel like M.B.  This

evidence also rebuts the testimony of motel employees who denied any knowledge of criminal

activity occurring at the Roosevelt Inn.  Defendants' own liability experts rely on evidence

outside of this window of time in their expert reports.  In addition, the Roosevelt Defendants

have introduced evidence of events that occurred after June 2014 through their questioning of

Defendant Daiquan Davis during his trial testimony.  The Court should thus deny the Roosevelt

Defendants' Motion in Limine.

## IV.    LEGAL ARGUMENT

### A.   Evidence of criminal conduct at the Roosevelt Inn outside of January 1, 2014 to June 6, 2014 is certainly relevant to the issue of notice and admissible to rebut Defendants' denials of knowing about criminal activity at the motel.

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to

ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably

anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

The duty owed to business invitees is the highest duty owed to any entrant upon

land.  "The landowner is under an affirmative duty to protect a business visitor against known

dangers but also against those which might be discovered with reasonable care."  Campis v.

Case ID: 170300712
Control No.: 21060493

Acme Markets, 915 A.2d 117 (Pa. Super. 2006). Thus, the possessor of land has a duty to

conduct reasonable inspections of the property to discover dangerous conditions and to provide

such warnings or safeguards as may be necessary for the business invitee's protection. Crotty v.

Reading Industries, Inc., 345 A.2d 259 (Pa. Super. 1975); Pa. SSCJI 18.40.

Pennsylvania has adopted § 344 of the Restatement (Second) of Torts, which lays out the

standard for businesses' liability for third party criminal acts committed against an invitee on the

business premises. See Moran v. Valley Forge Drive–In Theater, Inc., 431 Pa. 432, 246 A.2d

875, 878 (Pa.1968) (reasoning that § 344 applied when deciding whether a busines was liable for

the tortious or negligent acts by third parties).

The Restatement (Second) of Torts § 344 states:

> A possessor of land who holds it open to the public for entry for
> his business purposes is subject to liability to members of the
> public while they are upon the land for such a purpose, for physical
> harm caused by the accidental, negligent, or intentionally harmful
> acts of third persons or animals, and by the failure of the possessor
> to exercise reasonable care to
> - (a) discover that such acts are being done or are likely to be
>   done, or
> - (b) give a warning adequate to enable the visitors to avoid
>   the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965).

Comment f. to Section 344 provides that businesses may have a duty to police the

premises adequately, if the businesses "know or have reason to know, from past experience that

there is a likelihood of conduct on the part of the third person in general which is likely to

endanger the safety of the visitor, even though he had no reason to expect it on the part of the

particular individual." Id.  The Comment further states: "If the place or character of his business,

or his past experience is such that he should reasonably anticipate a careless or criminal conduct

on the part of a third person, either generally or at some particular time, he may be under a duty

4

Case ID: 170300712
Control No.: 21060493

to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." Id.

Various Pennsylvania state court decisions have found that a plaintiff can show that a business was on notice of the foreseeable potential harm suffered by the plaintiff when the plaintiff introduced evidence of criminal activity in the area a year or more before the incident at issue. For instance, the Superior Court found that the harm experienced by a shooting victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of the motel "coupled with an extensive record of reported crimes in the locale during the previous twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false imprisonments…". Rabutino, 809 A.2d at 941 n.6. The Superior Court in Rabutino concluded that the extensive crimes "bore on the foreseeability that the illicit environment permitted at the [motel] would foster careless, reckless, and/or deliberate conduct causing harm to those present." Id. See also Young v. Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594, 600–02 (2014) (plaintiff met notice requirement in case involving assault where plaintiff introduced evidence of police calls made for crime in the area for three year period prior to the incident at issue); Moran, 431 Pa. at 435 – 37 (business was put on notice of potential harm experienced by plaintiff through evidence of incidents occurring in two year period prior to plaintiff's harm).

Federal courts interpreting Pennsylvania law have also found that plaintiffs can meet the notice requirement by showing evidence of crimes in the area that occurred years before the criminal incident at issue. In a case involving a stabbing victim plaintiff at a motel, the plaintiff could establish notice through calls made to the police regarding crime at the motel for a period of six years prior to the time that he was stabbed at the motel. See Bonilla v. Motel 6 Operating

5

Case ID: 170300712
Control No.: 21060493

L.P., No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011); see also Morgan

v. Bucks Assocs., 428 F. Supp. 546, 550–51 (E.D. Pa. 1977) (incidents of non-violent car thefts

occurring in a one year period prior to assault of plaintiff put the defendant on constructive

notice); Baker v. Solo Nightclub, LLC, No. CIV.A. 11-2380, 2013 WL 1927052 (E.D. Pa. May

9, 2013) (defendants were on notice of potential danger to plaintiff in case involving plaintiff

who was a shooting victim, where the plaintiff showed past incidents going back two years

before the shooting of disorderly conduct and fights occurring in the area, along with a

Commonwealth action to enjoin the business's liquor license and previous gun incidents).

    The cases cited in support of Defendants' position are inapposite.  See Phyllis Katz v.

Strawbridge & Clothier & its subsidiary S&C Echelon, Inc., No. NO. 3332., 1993 WL 1156061

(Pa. Com. Pl. June 18, 1993); Mazzeo v. Spectaguard Acquisition, LLC, No. 02981, 2008 WL

6400699 (Pa.Com.Pl. June 10, 2008).  Neither of these cases involve claims of a business's

negligence in protecting people from foreseeable criminal activity by third parties.  The first

involves a slip and fall at a department store, and the second involves an alleged assault

committed by the defendant's employee against the plaintiff, while the employee was working as

a security guard at a college dorm.  These cases do not involve the same legal standard needed

for Plaintiff M.B. to prove her case.

    Contrary to the Roosevelt Defendants' argument, evidence of crimes at the motel

occurring outside the time interval of January 1, 2014 to June 6, 2014 are relevant to the issue of

notice and contradict the position taken by the Roosevelt Defendants that they were unaware of

any criminal activity at the motel.  These crimes help to show the existence of extensive criminal

activity at the Roosevelt Inn, requiring the motel to investigate and take precautions against the

reasonably foreseeable harm experienced by Plaintiff M.B.  See Murphy v. Penn Fruit Co., 274

Case ID: 170300712
Control No.: 21060493

Pa. Super. 427, 432–33, 418 A.2d 480, 483 – 84 (1980) ("[A]n examination of past criminal acts in the immediate vicinity of [the defendant's business] leads us to conclude the jury could infer that the occurrence of the instant crime was reasonably foreseeable."); Young, 100 A.3d at 601–02 ("… section 344 does not require for the establishment of liability that closely similar incidents of criminality have occurred at or very near the location at which the later crime occurred."); Rabutino, 809 A.2d at 942 (plaintiff shot at motel could prove notice requirement by showing that defendant motel "perpetuated an atmosphere where it was foreseeable that a harmful confrontation involving one or more of the unruly groups in the crowded hallways could have arisen.").

This evidence may also be used to rebut the Roosevelt Inn witnesses' testimony stating they did not know of any criminal activity happening at the Roosevelt Inn.  The motel employees have generally denied knowing about criminal activity occurring at the motel.  The motel manager Yagna Patel denied ever seeing anyone committing a crime while watching the live cameras at the motel during his thirty years as manager of the Roosevelt Inn.  See Deposition Transcript of Yagna Patel at page 35 – 36, attached as Exhibit "B".  He denied knowing about any times staff called the police about guests' suspected drug use or prostitution at the motel.  See Ex. B at pages 309-310.  He also denied knowledge of any arrests for prostitution at the Roosevelt Inn.  See Ex. B at page 319.  Similarly, the motel employees deposed during discovery denied knowledge of criminal activity occurring at the Roosevelt Inn.

Counsel for the Roosevelt Defendants' own questioning opened the door for evidence of events that occurred after June 2014.  The Roosevelt Defendants have introduced evidence in this trial of purported events that occurred after MB left the Roosevelt Inn in June 2014.   The

Case ID: 170300712
Control No.: 21060493

Roosevelt Defendants' counsel elicited trial testimony from Daiquan Davis detailing when he

used the Roosevelt Inn for commercial sex work:[1]

> Q:      Mr. Davis, you mentioned that when I asked you where you
> engaged with commercial sex work and you listed several hotels.
> One of those hotels listed was the Roosevelt Inn. Are you able to
> tell me, sir, when you engaged in commercial sex work at the
> Roosevelt Inn?
>
> A:      Yes … The first date is October 1, 2014.  The second date
> is October 24, 2014.  The third date is October 23, 2014.  The
> fourth date is November 24, 2014.

See 6/10/21 Trial Transcript Testimony of Daiquan Davis at page 23, attached as Exhibit "C".

Rather than stop that line of questioning, the Roosevelt Defendants chose to pursue

testimony regarding purported events after June 2014 to support their position that there was no

knowledge of criminal activity at the Roosevelt Inn.  The Roosevelt Defendants elicited

testimony from Co-Defendant Daiquan Davis that that Roosevelt Inn staff and manager, Yagna

Patel, were "rule abiding" and that the staff and hotel manager were unaware of commercial sex

activity.  The Roosevelt Defendants' counsel asked Mr. Davis about an interaction that he had

with the motel manager Yagna Patel where Mr. Patel allegedly told Mr. Davis to go back to his

room when Mr. Patel saw Davis "loitering" in the hallway:

> Q:      Sir, did you ever interact with someone by the name of
> Yagna Patel?
>
> A:      I had one interaction, yes.
>
> Q:      Can you describe for me when that one interaction
> occurred?
>
> A:      I'm not -- I'm not sure an accurate date, but I was loitering
> in the hallways and he told me to either leave the hotel or go back
> to my assigned room.

---

[1] Trial testimony was taken of Co-Defendant Daiquan Davis on June 10, 2021.  Plaintiff's counsel has
received a draft copy of the transcript from the court reporter. A final copy is forthcoming and will be
provided upon receipt.

8

Case ID: 170300712
Control No.: 21060493

Q:     What did you do?

A:     I went back to my room.

Q:     Did you tell him you were a guest?

*** 

A:     Yes.

Q:     Did he ask you if you were a guest?

*** 

A:     I volunteered that information before he got to ask me.

<u>See</u> Ex. C at page 28 – 29.  Davis confirmed that this incident occurred in October or November

2014.  <u>See</u> Ex. C at page 72.

During the trial testimony of Co-Defendant Davis, counsel for the Roosevelt Defendants

specifically asked Daiquan Davis about his stays at the motel after June 2014:

> Q: … As part of the commercial sex work at the Roosevelt Inn in
> October of 2014 was the Roosevelt Inn or anyone that you're aware
> of at the Roosevelt Inn aware that you were engaging in
> prostitution?
>
> A   No.

<u>See</u> Ex. C at page 26.

With the Roosevelt Defendants introducing evidence and eliciting testimony about

purported events after June 2014 in their defense, Plaintiff certainly should be able to use

evidence to rebut the Roosevelt Defendants' claims that their staff and management did not

permit illicit activity and were unaware that commercial sex activity occurred at the motel.

The Roosevelt Defendants' security expert Norman Bates also relies on evidence outside

of the "relevant time period" defined by the Roosevelt Defendant.  Norman Bates analyzes in his

expert report police records capturing crimes occurring at the Roosevelt Inn from 2011 to 2015,

Case ID: 170300712
Control No.: 21060493

including a shooting and other crimes, such as armed robberies, fire arm violations, thefts, statutory sexual assault, simple assaults, rape, prostitution, assault, attempted rape, and corrupting the morals of a minor.  <u>See</u> Supplemental Expert Report of Norman Bates, attached as Exhibit "D".

The Roosevelt Defendants' argument for limiting the time interval of admissible evidence is further undermined by the methodology of their expert Norman Bates. Along with his expert report, Norman Bates provided a copy of his forensic methodology.  <u>See</u> Norman Bates' Methodology, attached as Exhibit "E".  This methodology was issued as "Best Practices" by the International Association of Professional Security Consultants.   This methodology states that as part of conducting a threat assessment in a premises liability case, the expert should review "Relevant crimes on the subject property for a **three to five year period prior to the date of the incident**" and "Relevant crimes in the immediate vicinity of the subject property for a **three to five year period prior to the date of the incident**".   <u>See</u> Ex. E at page 4 (emphasis added).

The evidence of crimes outside of the time window defined by the Roosevelt Inn is certainly relevant to Plaintiff's claims against the Roosevelt Defendants and Defendant Alpha. The Court should thus deny Defendants' Motion.

Case ID: 170300712
Control No.: 21060493

## V.    CONCLUSION

The Court should deny the Roosevelt Defendants' Motion.  An appropriate form of order

is respectfully attached hereto for the Court's consideration.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

11

Case ID: 170300712
Control No.: 21060493

## **<u>VERIFICATION</u>**

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

     I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Response in Opposition to the Motion in Limine to Preclude and Exclude References to Incidents Before and After the Relevant Time Period filed by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel*, was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

<div align="center">

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

</div>

BY:   _____

         EMILY B. MARKS, ESQUIRE
         *Attorney for Plaintiff*

FILED
14 JUN 2021 01:03 pm
Civil Administration
F. HEWITT

| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of the Motion in Limine to Preclude Any Reference to Alleged Traffickers Other Than Additional Defendants Davis and Lopez filed by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (collectively "Roosevelt Defendants"), Plaintiff's Response in Opposition, and any response thereto, it is hereby:

**ORDERED** and **DECREED** that the Roosevelt Defendants' Motion in Limine is **DENIED.**

BY THE COURT:

_____

J.

**KLINE & SPECTER, P.C.**                         Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

<u>**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION IN LIMINE TO PRECLUDE ANY REFERENCE TO ALLEGED TRAFFICKERS OTHER THAN ADDITIONAL DEFENDANTS DAVIS AND LOPEZ FILED BY DEFENDANTS ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL**</u>

Plaintiff by and through her attorneys, Kline & Specter, hereby responds in opposition to the Motion in Limine to Preclude Any Reference to Alleged Traffickers Other Than Additional Defendants Davis and Lopez filed by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (collectively "Roosevelt Defendants"), as follows:

1. Denied as stated.  This paragraph refers to Plaintiff's Complaint and Plaintiff's Amended Complaints.  These are written documents that speak for themselves.  Any characterizations of the documents are denied.  <u>See</u> Plaintiff's Fourth Amended Complaint, attached as Exhibit "A".

2. Denied as stated.  Abdul Lopez and Daiquan Davis sex trafficked Plaintiff M.B. at the Roosevelt when she was a minor.  Both of these sex traffickers were convicted of the crime sex

Case ID: 170300712
Control No.: 21060491

trafficking of a minor under 18 U.S.C. §§ 1591 and 1594(a).  The Roosevelt Defendants filed a Joinder Complaint joining Abdul Lopez and Daiquan Davis as Additional Defendants.  All other averments are denied.

3.  Admitted.

4.  Denied as stated.  Plaintiff obtained signed statements from the sex traffickers Rashaad McIntyre and Jerel Jackson who have been convicted of sex trafficking of a minor after selling minors for sex at the Roosevelt Inn.  These men were convicted for sex trafficking during periods from 2011 to 2013.  See Judgment of Jerel Jackson, attached as Exhibit "B", and Judgment of Rashaad McIntyre, attached as Exhibit "C".

5.  Admitted.

6. – 18.  Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  The Roosevelt Defendants have filed this Motion in Limine attempting to exclude any evidence or testimony referencing sex traffickers operating at the Roosevelt Inn, other than Additional Defendants Daiquan Davis and Abdul Lopez.  Among the evidence the Roosevelt Defendants are trying to exclude is incidents of sex trafficking perpetrated by Rashaad McIntyre and Jerel Jackson who sold minors for sex at the Roosevelt Inn for periods from 2011 to 2013.  This time is in the years leading up to when Plaintiff M.B. was a sex trafficking victim in 2014.  Contrary to the Roosevelt Defendants' assertions, evidence of sex traffickers operating at the Roosevelt Inn is certainly relevant in this case.

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

Case ID: 170300712
Control No.: 21060491

A landowner "is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care." Campis v. Acme Markets, 915 A.2d 117 (Pa. Super. 2006).

Evidence of sex traffickers operating at the Roosevelt Inn can be used to prove that dangerous criminal activity existed at the Roosevelt Inn, requiring the motel to investigate and take reasonable precautions to prevent the foreseeable harm suffered by Plaintiff. See, e.g., Paliometros v. Loyola, 932 A.2d 128, 135 – 37 (Pa. Super. 2007) (plaintiff who was sexually assaulted at a motel could show the harm that she faced was reasonably foreseeable by introducing evidence of rampant underage drinking at the motel); Rabutino, 809 A.2d at 941 n.6 (finding that the harm experienced by a shooting victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of the motel "coupled with an extensive record of reported crimes in the locale during the previous twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false imprisonments…"); Young v. Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594, 600–02 (2014) (plaintiff met notice requirement in case involving assault where plaintiff introduced evidence of police calls made regarding fights, disorderly conduct, trespassing, drug activity, and shoplifting, along with a prior assault in the area); Bonilla v. Motel 6 Operating L.P., No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011) (reasoning that the frequency of calls to the police for crimes generally could be a factor considered by the jury whether the motel had constructive notice of the foreseeable harm experienced by a plaintiff stabbed at a motel).

Evidence of other sex traffickers operating at the Roosevelt Inn also rebuts the Roosevelt Defendants' denial of knowledge of crimes occurring at the motel. During their depositions, the

3

Case ID: 170300712
Control No.: 21060491

motel's manager Yagna Patel and the employees of the motel denied any knowledge about criminal activities going on at the Roosevelt Inn.

It also would be premature to categorically exclude other traffickers' statements when they can be admissible in several different ways.  Plaintiff's counsel is well-aware of the Pennsylvania Rules of Evidence and the specific rules pertaining to hearsay evidence.  These statements can be admissible under a number of circumstances, including through expert testimony, refreshing a witness' recollection, and impeachment.  See, e.g., Pa. R.E. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.").  The Roosevelt Defendants' own liability experts rely on witness statements, including the statements of Jerel Jackson and Rashaad McIntyre.  The Court should thus deny the Roosevelt Defendants' Motion in Limine.

WHEREFORE, Plaintiff respectfully request this Honorable Court deny the Roosevelt Defendants' Motion *in Limine*.  An appropriate form of Order is attached.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY:    */s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

4

Case ID: 170300712
Control No.: 21060491

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION IN LIMINE TO PRECLUDE ANY REFERENCE TO ALLEGED TRAFFICKERS OTHER THAN ADDITIONAL DEFENDANTS DAVIS AND LOPEZ FILED BY DEFENDANTS ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL

### I.    PRELIMINARY STATEMENT

The Roosevelt Defendants have filed this Motion in Limine attempting to exclude any evidence or testimony referencing sex traffickers operating at the Roosevelt Inn, other than Additional Defendants Daiquan Davis and Abdul Lopez.  This evidence includes the statements of two sex traffickers named Rashaad McIntyre and Jerel Jackson who sold minors for sex at the Roosevelt for periods from 2011 to 2013.  Evidence of sex traffickers operating at the Roosevelt Inn is certainly relevant in showing that the Roosevelt Defendants knew or should have known that there was a likelihood of dangerous criminal activity occurring at the motel.  Evidence of sex traffickers operating at the Roosevelt Inn can be used to prove that the existence of a dangerous criminal activity, requiring the motel to investigate and take reasonable precautions to

Case ID: 170300712
Control No.: 21060491

prevent the foreseeable future harm suffered by Plaintiff M.B.  This evidence also rebuts the

Roosevelt Defendants' denial of knowledge of crimes occurring at the motel.

Plaintiff's counsel is well-aware of the Pennsylvania Rules of Evidence and the specific

rules pertaining to hearsay evidence.  It is premature to categorically exclude the statements from

sex traffickers operating at the Roosevelt Inn when they can be used in a number of different

ways, including through refreshing a witness' recollection, impeaching a witness, or expert

testimony if reviewed and relied upon by an expert.  The Roosevelt Defendants' own liability

experts rely on witness statements, including the statements from Rashaad McIntyre and Jerel

Jackson.  The Court should thus deny the Roosevelt Defendants' Motion in Limine.

## II.    QUESTION PRESENTED

A.    Should the Court deny the Roosevelt Defendants' Motion to preclude evidence or
testimony referencing sex traffickers operating at the Roosevelt Inn other than Additional
Defendants Abdul Lopez and Daiquan Davis?

*Suggested Answer*: Yes.  Evidence of sex traffickers operating at the Roosevelt Inn is
certainly relevant in showing that the Roosevelt Defendants knew or should have known
about the dangers posed to the safety of those at the motel like M.B.  This evidence can
also rebut the Roosevelt Defendants employees' denial of knowledge of crimes occurring
at the motel.  In addition, the traffickers' statements may be admissible through expert
testimony, as security experts reasonably rely on witness statements when forming their
opinions. Thus, it would be premature for the Court to categorically exclude this
evidence.

## III.    BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel

when she was just 14 years-old from approximately January 2014 through June 6, 2014.

Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and

Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS

Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively,

"Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding

Case ID: 170300712
Control No.: 21060491

the security company, Alpha-Centurion Security, Inc., as an additional defendant.  In this action, Plaintiff has asserted claims under theories of common law Negligence (Counts - I, II) and Negligent Infliction of Emotional Distress (Counts III, IV).  See Plaintiff's 4th Amended Complaint attached as Exhibit "A".

Through the instant Motion, the Roosevelt Defendants seek to preclude the introduction of evidence any references to sex traffickers operating at the Roosevelt Inn, other than Additional Defendants Daiquan Davis and Abdul Lopez.  Defendants seek the preclusion of this broad category of evidence, including statements from convicted sex traffickers Rashaad McIntyre and Jerel Jackson who sold minors for sex at the Roosevelt Inn for periods from 2011 to 2013, which are the years leading up to when M.B. was a minor sold for sex at the motel in 2014.  See Statements, attached as Exhibit "D".  This evidence is relevant to prove the existence of dangerous criminal activity at the Roosevelt Inn, requiring the motel to investigate and take reasonable precautions to protect those at the motel like M.B. from the criminal acts of third parties.  This evidence also rebuts motel employees' testimony denying any knowledge of criminal activity at the Roosevelt Inn.  This evidence is admissible and can be reasonably relied upon by experts, which the Roosevelt Defendants' security expert did.  The Court should thus deny the Roosevelt Defendants' Motion.

## IV.   LEGAL ARGUMENT

### A.   Evidence of sex traffickers operating at the Roosevelt Inn is certainly relevant to show the existence of dangerous criminal activity at the Roosevelt Inn and rebutting motel employees' testimony denying knowledge of any criminal activity at the motel.

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

3

Case ID: 170300712
Control No.: 21060491

The duty owed to business invitees is the highest duty owed to any entrant upon land.  "The landowner is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care." Campsis v. Acme Markets, 915 A.2d 117 (Pa. Super. 2006). Thus, the possessor of land has a duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as may be necessary for the business invitee's protection.  Crotty v. Reading Industries, Inc., 345 A.2d 259 (Pa. Super. 1975); Pa. SSCJI 18.40.

Pennsylvania has adopted § 344 of the Restatement (Second) of Torts, which lays out the standard for businesses' liability for third party criminal acts committed against an invitee on the business premises.  See Moran v. Valley Forge Drive–In Theater, Inc., 431 Pa. 432, 246 A.2d 875, 878 (Pa.1968) (reasoning that § 344 applied when deciding whether a busines was liable for the tortious or negligent acts by third parties).

The Restatement (Second) of Torts § 344 states:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
> - (a) discover that such acts are being done or are likely to be done, or
> - (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965).

Comment f. to Section 344 provides that businesses may have a duty to police the premises adequately, if the businesses "know or have reason to know, from past experience that there is a likelihood of conduct on the part of the third person in general which is likely to endanger the safety of the visitor, even though he had no reason to expect it on the part of the

4

Case ID: 170300712
Control No.: 21060491

particular individual." Id.  The Comment further states: "If the place or character of his business, or his past experience is such that he should reasonably anticipate a careless or criminal conduct on the part of a third person, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." Id.

Various Pennsylvania state court decisions have found that a plaintiff can show that a business was on notice of the need to take reasonable precautions against the foreseeable potential harm suffered by the plaintiff when the plaintiff introduced evidence of previous criminal activity in the area.  For instance, the Superior Court has found that a plaintiff who was sexually assaulted at a motel could show the harm that she faced was reasonably foreseeable by introducing evidence of rampant underage drinking at the motel.  See Paliometros, 932 A.2d at 135-37.  In another case, the Superior Court concluded that the harm experienced by a shooting victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of the motel "coupled with an extensive record of reported crimes in the locale during the previous twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false imprisonments…".  Rabutino, 809 A.2d at 941 n.6.  The Superior Court in Rabutino found that the extensive crimes "bore on the foreseeability that the illicit environment permitted at the [motel] would foster careless, reckless, and/or deliberate conduct causing harm to those present." Id.; see also Murphy v. Penn Fruit Co., 274 Pa. Super. 427, 432–33, 418 A.2d 480, 483 (1980) (plaintiff demonstrated the business' notice of her potential harm in case involving assault through evidence of "instances of disturbances, car thefts, muggings, purse snatches, drug use" occurring in the area); Young v. Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594,

5

Case ID: 170300712
Control No.: 21060491

600–02 (2014) (plaintiff met notice requirement in case involving assault where plaintiff introduced evidence of police calls made regarding fights, disorderly conduct, trespassing, drug activity, and shoplifting, along with a prior assault in the area).

Federal courts interpreting Pennsylvania law have also found that plaintiffs can meet the notice requirement by showing evidence of past criminal activity in the area.  In a case involving a stabbing victim at a motel, the court reasoned that the frequency of calls to the police for crimes generally could be a factor considered by the jury whether the motel had constructive notice of the foreseeable harm experienced by the plaintiff. See Bonilla v. Motel 6 Operating L.P., No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011).  These courts have found that past criminal activity near a business can be used to show that the crime suffered by the plaintiff was reasonably foreseeable.  See Morgan v. Bucks Assocs., 428 F. Supp. 546, 550–51 (E.D. Pa.1977) (non-violent car thefts occurring on premises put the defendant on constructive notice that violent criminal conduct on the part of third persons, such as the assault of the plaintiff, might occur on the premises); Baker v. Solo Nightclub, LLC, No. CIV.A. 11-2380, 2013 WL 1927052, at *8 (E.D. Pa. May 9, 2013) (defendants were on notice of potential danger to plaintiff in case involving plaintiff who was a shooting victim, where the plaintiff showed past incidents of disorderly conduct and fights occurring in the area, along with a Commonwealth action to enjoin the business's liquor license and previous gun incidents).

Contrary to the Roosevelt Defendants' argument, evidence of sex traffickers operating at the Roosevelt Inn is relevant to the issue of notice and contradicts the position taken by the Roosevelt Defendants that they were unaware of any criminal activity at the motel.  This evidence would show that sex traffickers were operating from the Roosevelt Inn in the years leading up to when M.B. was a victim of sex trafficking at the motel.  This evidence shows that

Case ID: 170300712
Control No.: 21060491

the Roosevelt Defendants knew or should have known that there was dangerous criminal activity

at the motel, requiring them to investigate and take reasonable precautions against the criminal

acts of third parties resulting in the foreseeable harm suffered by M.B.  See Murphy, 418 A.2d at

483–84 ("[A]n examination of past criminal acts in the immediate vicinity of [the defendant's

business] leads us to conclude the jury could infer that the occurrence of the instant crime was

reasonably foreseeable."); Young, 100 A.3d at 601–02 ("… section 344 does not require for the

establishment of liability that closely similar incidents of criminality have occurred at or very

near the location at which the later crime occurred."); Rabutino, 809 A.2d at 942 (plaintiff shot at

motel could prove notice requirement by showing that defendant motel  "perpetuated an

atmosphere where it was foreseeable that a harmful confrontation involving one or more of the

unruly groups in the crowded hallways could have arisen.").

  This evidence may also be used to rebut the Roosevelt Inn witnesses' testimony stating

they did not know of any criminal activity happening at the Roosevelt Inn.  The Roosevelt

Defendants' employees have generally denied knowing about criminal activity occurring at the

motel.  The motel manager Yagna Patel denied ever seeing anyone committing a crime while

watching the live cameras at the motel during his thirty years as manager of the Roosevelt Inn.

See Deposition Transcript of Yagna Patel at page 35 – 36, attached as Exhibit "E".  He denied

knowing about any times staff called the police about guests' suspected drug use or prostitution

at the motel.  See Ex. E at pages 309-310.  He also denied knowledge of any arrests for

prostitution at the Roosevelt Inn.  See Ex. E at page 319.  Similarly, the motel employees

deposed during discovery denied knowledge of criminal activity occurring at the Roosevelt Inn.

This testimony is contradicted by multiple other sex traffickers like Rashaad McIntyre and Jerel

Jackson being able to sell minors for sex at the Roosevelt Inn.

Case ID: 170300712
Control No.: 21060491

Witness statements can reasonably be relied upon by experts in the field of security.  See Pa. R.E. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.").  Along with his expert report, the Roosevelt Defendants' security expert Norman Bates provided a copy of his forensic methodology relied upon when issuing his opinions.  See Bates' Methodology, attached as Exhibit "F".  This methodology was issued as "Best Practices" by the International Association of Professional Security Consultants.  The methodology lists witness statements as the typical evidence reviewed by experts in premises security cases.  See Ex. F at pages 3 – 4.  Bates' methodology also states that as part of security experts' review, they typically review "Relevant crimes on the subject property for a three to five year period prior to the date of the incident" and "Relevant crimes in the immediate vicinity of the subject property for a three to five year period prior to date of the incident".  Id.  The incidents of sex trafficking perpetrated by other traffickers occurred during this time window.  Naturally, Norman Bates bases part of his opinions on a review of witness statements, including statements from Jerel Jackson and Rashaad McIntyre.  See Expert Report of Norman Bates, attached as Exhibit "G". The Roosevelt Defendants' other liability expert Kimberly Mehlman-Orozco also bases her opinions on the witness statement of Daiquan Davis.  See Expert Report of Kimberly Mehlman-Orozco at page 21, attached as Exhibit "H".

Kimberly Mehlman-Orozco also discusses in her report sex traffickers other than Daiquan Davis and Abdul Lopez.  She specifically relies on interviews with the sex trafficker Carlos Curtis.  See Ex. H at page 19.  If the Roosevelt Defendants use their expert to discuss other traffickers with no history of operating at the motel, Plaintiffs certainly should be able to discuss other traffickers who sold minors for sex at the Roosevelt Inn.

Case ID: 170300712
Control No.: 21060491

Although these traffickers' statements may not be able to be read to the jury on their own, they can be admissible under various circumstances. The statements can be used by the witness who signed the statement to refresh their recollection. See Pa. R.E. 612 ("(a) Right to Refresh Memory. A witness may use a writing or other item to refresh memory for the purpose of testifying while testifying, or before testifying."). The statements can also be used to impeach the person who made the statement in that person's testimony. Pa. R.E. 613 ("(a) Witness's Prior Inconsistent Statement to Impeach. A witness may be examined concerning a prior inconsistent statement made by the witness to impeach the witness's credibility."). It is premature to categorically exclude this evidence.

The evidence of sex traffickers operating at the Roosevelt Inn in the years before Plaintiff was trafficked at the motel is relevant to Plaintiff's claims against the Roosevelt Defendants and Defendant Alpha. Therefore, it's premature to preclude this evidence.

## V.    CONCLUSION

The Court should deny the Roosevelt Defendants' Motion. An appropriate form of order is respectfully attached hereto for the Court's consideration.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060491

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060491

## <u>CERTIFICATE OF SERVICE</u>

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Response in Opposition to the Motion in Limine to Preclude Any Reference to Alleged Traffickers Other Than Additional Defendants Davis and Lopez filed by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel*, was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,
UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
　　　　EMILY B. MARKS, ESQUIRE
　　　　*Attorney for Plaintiff*

FILED
14 JUN 2021 03:42 pm
Civil Administration
F. HEWITT

| M.B | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of the Motion in Limine

of Defendant Alpha-Centurion Security, Inc. (hereinafter "Alpha") as to Other Plaintiffs,

Plaintiff's Response in Opposition, and any response thereto, it is hereby:

**ORDERED** and **DECREED** that Alpha's Motion in Limine is **DENIED.**

BY THE COURT:

_____

J.

Case ID: 170300712
Control No.: 21060279

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiff M.B.
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION IN LIMINE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. AS TO OTHER PLAINTIFFS

Plaintiff by and through her attorneys, Kline & Specter, hereby responds in opposition to

the Motion in Limine of Defendant Alpha-Centurion Security, Inc. (hereinafter "Alpha") as to

Other Plaintiffs, as follows:

1. Denied as stated. Plaintiff M.B. is a victim of sex trafficking, and when she was a

minor, she was sold for sex at the Roosevelt Inn.

2. Admitted.

3. – 4. Denied as stated. Plaintiff has identified as witnesses four victims of sex

trafficking who were sold for sex as minors at the Roosevelt Inn for periods of time between

2012 and 2014. These victims are identified by their initials in order to protect their identity:

K.R., B.H., C.A., and E.B.

5. – 6. Denied as stated. Abdul Lopez and Daiquan Davis did not sell for sex as minors

K.R., E.B., B.H., and C.A. They were victims of sex trafficking at the Roosevelt Inn for periods

Case ID: 170300712
Control No.: 21060279

between 2012 through 2014.  They have filed suit against various defendants, including the

Roosevelt Inn Defendants and Alpha.

      7. – 9.  Denied as stated.  E.B. was sold for sex as a minor at the Motel 6 Philadelphia in

Essington, the Neshaminy Inn in Trevose, and the Roosevelt Inn starting in approximately

October of 2014.  E.B. has filed suit against the entities that own and manage the Motel 6 and the

Neshaminy Inn.

      10.  – 26.  Denied.  The averments in these paragraphs are legal conclusions to which no

response is required.  Defendant Alpha-Centurion Security, Inc. ("Alpha") has filed this Motion

in Limine attempting to exclude any evidence or testimony referencing other victims of sex

trafficking, including those who were victims of sex trafficking at the Roosevelt Inn.  Alpha

specifically takes issue with four victims who have filed lawsuits of their own seeking justice for

their harm.  These individuals are identified by their initials to protect their identity: K.R., C.A.,

B.H., and E.B.  They were victims of sex trafficking at the Roosevelt Inn for periods from 2012

to 2014.  The potential testimony that they would provide at trial is relevant in showing that

Defendants knew or should have known about the dangers posed by criminal activity to the

safety of those at the motel like M.B.

      Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to

ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably

anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

      A landowner "is under an affirmative duty to protect a business visitor against known

dangers but also against those which might be discovered with reasonable care."  Campis v.

Acme Markets, 915 A.2d 117 (Pa. Super. 2006).

2

Case ID: 170300712
Control No.: 21060279

Evidence of other sex trafficking victims at the Roosevelt Inn can be used to prove that dangerous criminal activity existed at the Roosevelt Inn, requiring the motel to investigate and take reasonable precautions to prevent the foreseeable harm suffered by Plaintiff. See, e.g., Paliometros v. Loyola, 932 A.2d 128, 135 – 37 (Pa. Super. 2007) (plaintiff who was sexually assaulted at a motel could show the harm that she faced was reasonably foreseeable by introducing evidence of rampant underage drinking at the motel); Rabutino, 809 A.2d at 941 n.6 (finding that the harm experienced by a shooting victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of the motel "coupled with an extensive record of reported crimes in the locale during the previous twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false imprisonments…"); Young v. Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594, 600–02 (2014) (plaintiff met notice requirement in case involving assault where plaintiff introduced evidence of police calls made regarding fights, disorderly conduct, trespassing, drug activity, and shoplifting, along with a prior assault in the area); Bonilla v. Motel 6 Operating L.P., No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011) (reasoning that the frequency of calls to the police for crimes generally could be a factor considered by the jury whether the motel had constructive notice of the foreseeable harm experienced by a plaintiff stabbed at a motel).

The cases cited by Alpha in support of its argument are not applicable to this case. None of these cases involve claims of a business's negligence in protecting people from foreseeable criminal activity by third parties. None of these cases involve the standard applicable here for Plaintiff to prove her claims.

Case ID: 170300712
Control No.: 21060279

Evidence of other trafficking victims at the Roosevelt Inn also rebuts the Roosevelt

Defendants' denial of knowledge of crimes occurring at the motel.  During their depositions, the

motel manager Yagna Patel and the employees of the motel denied any knowledge about

criminal activities going on at the Roosevelt Inn.

Along with the issue of notice, one of the trafficking victims, E.B., who was also sold for

sex by Daiquan Davis can speak to Davis's common scheme or plan when selling minors for sex,

in the way that he groomed victims, used violence, and used similar methods to sell them for sex.

See Commonwealth v. Cosby, 2019 PA Super 354, 224 A.3d 372 (2019), appeal granted in

part, 236 A.3d 1045 (Pa. 2020) (reasoning that trial court properly allowed the testimony of five

prior victims of sexual misconduct by the perpetrator, because "victims' testimony established a

distinct, signature pattern" that the perpetrator used when sexually assaulting them, similar to the

complainant).  Daiquan Davis has denied physically assaulting M.B. along with other forms of

violence that she faced from him.  E.B.'s testimony about her experience as Davis' victim would

help to rebut Davis' denials.

Counsel for the Roosevelt Defendants' own questioning opened the door for evidence of

events that occurred after June 2014.  The Roosevelt Defendants have introduced evidence in

this trial of purported events that occurred after M.B. left the Roosevelt Inn in June 2014.   The

Roosevelt Defendants' counsel specifically elicited trial testimony from Daiquan Davis detailing

when he used the Roosevelt Inn for commercial sex work after June 2014.[1]  Rather than stop that

line of questioning, the Roosevelt Defendants chose to pursue testimony regarding purported

events after June 2014 to support their defense.  With the Roosevelt Defendants introducing

---

[1] Trial testimony was taken of Co-Defendant Daiquan Davis on June 10, 2021.  Plaintiff's counsel has
received a draft copy of the transcript from the court reporter. A final copy is forthcoming and will be
provided upon receipt.

4

Case ID: 170300712
Control No.: 21060279

evidence and eliciting testimony about purported events after June 2014 in their defense, Plaintiff certainly should be able to use evidence to rebut the Roosevelt Defendants' claims that their staff and management did not permit illicit activity and were unaware that commercial sex activity occurred at the motel.

Precluding this evidence now is premature given the potential that witnesses may open the door to this evidence through their testimony.  See Com. v. Murphy, 182 A.3d 1002, 1005 (Pa. Super. Ct. 2018) ("A litigant opens the door to inadmissible evidence by presenting proof that creates a false impression refuted by the otherwise prohibited evidence.") (internal citations and quotation marks omitted).

The testimony and evidence from other sex trafficking victims are relevant to plaintiff's claims against the Roosevelt Defendants and Defendant Alpha.  The Court should thus deny Alpha's Motion in Limine.

27. – 28.  Denied as stated.  To the extent this paragraph references Plaintiff's Fourth Amended Complaint, this is a written document that speaks for itself.  All characterizations of the document are denied.  See the response to paragraphs 3 through 4.

29. – 35.  Denied.  The averments in this paragraph are legal conclusions to which no response is required.  See the response to paragraphs 10 through 26.

36.  Denied as stated.  To the extent this paragraph references Plaintiff's Fourth Amended Complaint, this is a written document that speaks for itself.  All characterizations of the document are denied.  See the response to paragraphs 3 through 4.

37. – 48.  Denied.  The averments in this paragraph are legal conclusions to which no response is required.  See the response to paragraphs 10 through 26.

Case ID: 170300712
Control No.: 21060279

WHEREFORE, Plaintiff respectfully request this Honorable Court deny Alpha's Motion *in Limine*. An appropriate form of Order is attached.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY:    */s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

6

Case ID: 170300712
Control No.: 21060279

**KLINE & SPECTER, P.C.**                              Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION IN LIMINE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. AS TO OTHER PLAINTIFFS

I.    **PRELIMINARY STATEMENT**

Defendant Alpha-Centurion Security, Inc. ("Alpha") has filed this Motion in Limine attempting to exclude any evidence or testimony referencing other victims of sex trafficking, including those who were victims of sex trafficking at the Roosevelt Inn.  Alpha specifically takes issue with four victims who have filed lawsuits of their own seeking justice for their harm. These individuals are identified by their initials to protect their identity: K.R., C.A., B.H., and E.B.  They were victims of sex trafficking at the Roosevelt Inn for periods from 2012 to 2014. The potential testimony that they would provide at trial is relevant in showing that Defendants knew or should have known about the dangers posed by criminal activity to the safety of those at the motel like M.B.

This evidence is relevant in showing that the Defendants knew or should have known about the dangers posed by criminal activity to the safety of those at the motel like M.B.

Case ID: 170300712
Control No.: 21060279

Evidence of other sex trafficking victims at the Roosevelt Inn can be used to show dangerous criminal activity occurring at the motel, requiring Defendants to investigate and take reasonable precautions to prevent the foreseeable harm suffered by Plaintiff M.B.  This evidence also rebuts the Roosevelt Defendants' denial of knowledge of crimes occurring at the motel.  This evidence from another trafficking victim of Daiquan Davis also shows Davis' common scheme and plan when grooming minors and selling them for sex.

Counsel for the Roosevelt Defendants' own questioning opened the door for evidence of events that occurred after June 2014.  The Roosevelt Defendants have introduced evidence in this trial of purported events that occurred after MB left the Roosevelt Inn in June 2014.   The Roosevelt Defendants' counsel specifically elicited trial testimony from Daiquan Davis detailing when he used the Roosevelt Inn for commercial sex work after June 2014.  They elicited this testimony in support of their position that staff and management did not permit illicit activity and were unaware that commercial sex activity occurred at the motel.  The Roosevelt Defendants' own security expert relies on evidence from 2015 in his expert report.  Plaintiff should certainly be able to use evidence from this time, if Defendants are going to use evidence from it in their defense.  The Court should thus deny Alpha's Motion in Limine.

## II.     QUESTION PRESENTED

A.      Should the Court deny Alpha's Motion to preclude evidence or testimony referencing other sex trafficking victims, including those at the Roosevelt Inn?

*Suggested Answer*: Yes.  Evidence of other sex trafficking victims at the Roosevelt Inn is relevant in showing that the Defendants knew or should have known about the dangers posed to the safety of those at the motel like M.B. This evidence also shows the common scheme or plan by Plaintiff's sex trafficker Daiquan Davis and rebuts motel employees' position denying knowledge about criminal activity at the Roosevelt Inn.

Case ID: 170300712
Control No.: 21060279

III.     **BRIEF FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel

when she was just 14 years-old from approximately January 2014 through June 6, 2014.

Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and

Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS

Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively,

"Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding

the security company, Alpha-Centurion Security, Inc. ("Alpha"), as an additional defendant.  In

this action, Plaintiff has asserted claims under theories of common law Negligence (Counts - I,

II) and Negligent Infliction of Emotional Distress (Counts III, IV).  See Plaintiff's 4th Amended

Complaint attached as Exhibit "A".

Through the instant Motion, Alpha seeks to preclude the introduction of relevant

evidence of other victims of sex trafficking, including those at the Roosevelt Inn.  These victims

include four women who were sold for sex as minors at the Roosevelt Inn.  These individuals are

identified by their initials to protect their identity: K.R., C.A., B.H., and E.B.  They were victims

of sex trafficking for periods from 2012 to 2014.  They were victims of sex trafficking during the

year before and the year of M.B. being sold for sex as a minor.  This evidence is relevant in

showing dangerous criminal activity occurring at the Roosevelt Inn, requiring Defendants to

investigate and take reasonable precautions to protect those at the motel like M.B.  It shows

Daiquan Davis' common scheme or plan for using violence when selling minors for sex.  It also

rebuts testimony from motel employees denying knowledge of criminal activity at the Roosevelt

Inn.

Case ID: 170300712
Control No.: 21060279

IV.   **LEGAL ARGUMENT**

    **A.   Testimony of other sex trafficking victims at the Roosevelt Inn is relevant to show the existence of dangerous criminal activity at the Roosevelt Inn, requiring the motel to investigate and take reasonable steps to protect those at the motel like M.B.**

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of those at the Roosevelt Inn like M.B. from reasonably anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

The duty owed to business invitees is the highest duty owed to any entrant upon land.  "The landowner is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care." Campsis v. Acme Markets, 915 A.2d 117 (Pa. Super. 2006). Thus, the possessor of land has a duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as may be necessary for the business invitee's protection.  Crotty v. Reading Industries, Inc., 345 A.2d 259 (Pa. Super. 1975); Pa. SSCJI 18.40.

Pennsylvania has adopted § 344 of the Restatement (Second) of Torts, which lays out the standard for businesses' liability for third party criminal acts committed against an invitee on the business premises.  See Moran v. Valley Forge Drive–In Theater, Inc., 431 Pa. 432, 246 A.2d 875, 878 (Pa.1968) (reasoning that § 344 applied when deciding whether a busines was liable for the tortious or negligent acts by third parties).

The Restatement (Second) of Torts § 344 states:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

Case ID: 170300712
Control No.: 21060279

- (a) discover that such acts are being done or are likely to be done, or
- (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965).

Comment f. to Section 344 provides that businesses may have a duty to police the premises adequately, if the businesses "know or have reason to know, from past experience that there is a likelihood of conduct on the part of the third person in general which is likely to endanger the safety of the visitor, even though he had no reason to expect it on the part of the particular individual." Id. The Comment further states: "If the place or character of his business, or his past experience is such that he should reasonably anticipate a careless or criminal conduct on the part of a third person, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." Id.

Various Pennsylvania state court decisions have found that a plaintiff can show that a business was on notice of the need to take reasonable precautions against the foreseeable potential harm suffered by the plaintiff when the plaintiff introduced evidence of past criminal activity in the area. For instance, the Superior Court has found that a plaintiff who was sexually assaulted at a motel could show the harm that she faced was reasonably foreseeable by introducing evidence of rampant underage drinking at the motel. See Paliometros, 932 A.2d at 135-37. In another case, the Superior Court concluded that the harm experienced by a shooting victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of the motel "coupled with an extensive record of reported crimes in the locale during the previous twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false

Case ID: 170300712
Control No.: 21060279

imprisonments…". <u>Rabutino</u>, 809 A.2d at 941 n.6.  The Superior Court in <u>Rabutino</u> found that

the extensive crimes "bore on the foreseeability that the illicit environment permitted at the

[motel] would foster careless, reckless, and/or deliberate conduct causing harm to those present."

<u>Id.</u>; <u>see also</u> <u>Murphy v. Penn Fruit Co.</u>, 274 Pa. Super. 427, 432–33, 418 A.2d 480, 483 (1980)

plaintiff demonstrated the business' notice of her potential harm in case involving assault

through evidence of "instances of disturbances, car thefts, muggings, purse snatches, drug use"

occurring in the area); <u>Young v. Prizm Asset Mgmt. Co.</u>, 2014 PA Super 195, 100 A.3d 594,

600–02 (2014) (plaintiff met notice requirement in case involving assault on business' premises

where plaintiff introduced evidence of police calls made regarding fights, disorderly conduct,

trespassing, drug activity, and shoplifting, along with a prior assault in the area).

　　　　Federal courts interpreting Pennsylvania law have also found that plaintiffs can meet the

notice requirement by showing evidence of past criminal activity in the area.  In a case involving

a stabbing victim at a motel, the court reasoned that the frequency of calls to the police for

crimes generally could be a factor considered by the jury whether the motel had constructive

notice of the foreseeable harm experienced by the plaintiff.  <u>See</u> <u>Bonilla v. Motel 6 Operating</u>

<u>L.P.</u>, No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011).  These courts have

found that past criminal activity near a business can be used to show that the crime suffered by

the plaintiff was reasonably foreseeable.  <u>See</u> <u>Morgan v. Bucks Assocs.</u>, 428 F. Supp. 546, 550–

51 (E.D. Pa.1977) (non-violent car thefts occurring on premises put the defendant on

constructive notice that violent criminal conduct on the part of third persons, such as the assault

of the plaintiff, might occur on the premises); <u>Baker v. Solo Nightclub, LLC</u>, No. CIV.A. 11-

2380, 2013 WL 1927052, at *8 (E.D. Pa. May 9, 2013) (defendants were on notice of potential

danger to plaintiff in case involving plaintiff who was a shooting victim, where the plaintiff

Case ID: 170300712
Control No.: 21060279

showed past incidents of disorderly conduct and fights occurring in the area, along with a

Commonwealth action to enjoin the business's liquor license and previous gun incidents).

Contrary to Alpha's argument, evidence of other sex trafficking victims at the Roosevelt

Inn is relevant to the issue of notice and contradicts the position taken by the Roosevelt

Defendants that they were unaware of any criminal activity at the motel.  This evidence would

show that in the years leading up to and the year when Plaintiff M.B. was sex trafficked at the

Roosevelt Inn, other minors were also being sold for sex at the motel.  These incidents of sex

trafficking help to show the existence of extensive criminal activity, requiring the motel to

investigate and take precautions against the reasonably foreseeable harm experienced by M.B.

while at the motel.  See Murphy, 418 A.2d at 483–84 ("[A]n examination of past criminal acts in

the immediate vicinity of [the defendant's business] leads us to conclude the jury could infer that

the occurrence of the instant crime was reasonably foreseeable."); Rabutino, 809 A.2d at 942

(plaintiff shot at motel could prove notice requirement by showing that defendant motel

"perpetuated an atmosphere where it was foreseeable that a harmful confrontation involving one

or more of the unruly groups in the crowded hallways could have arisen.").  Plaintiffs do not

need to prove their harm was exactly the same as some other prior crime victim at the business,

under the case law defining businesses' liability for failing to take reasonable precautions against

the criminal acts of third parties.  See Young, 100 A.3d at 601–02 ("… section 344 does not

require for the establishment of liability that closely similar incidents of criminality have

occurred at or very near the location at which the later crime occurred.").

The cases cited by Alpha in support of its argument are not applicable to this case.

None of these cases involve claims of a business's negligence in protecting people from

foreseeable criminal activity by third parties.  None of these cases involve claims of a business's

Case ID: 170300712
Control No.: 21060279

negligence in protecting people from foreseeable criminal activity by third parties.  These cases relied upon by Alpha do not involve the same legal standard needed for Plaintiff M.B. to prove her case.

This evidence may also be used to rebut the Roosevelt Inn witnesses' testimony stating they did not know of any criminal activity happening at the Roosevelt Inn. The Roosevelt Defendants' employees have generally denied knowing about criminal activity occurring at the motel.  The motel manager Yagna Patel denied ever seeing anyone committing a crime while watching the live cameras at the motel during his thirty years as manager of the Roosevelt Inn. See Deposition Transcript of Yagna Patel at page 35 – 36, attached as Exhibit "B".  He denied knowing about any times staff called the police about guests' suspected drug use or prostitution at the motel.  See Ex. B at pages 309-310.  He also denied knowledge of any arrests for prostitution at the Roosevelt Inn.  See Ex. B at page 319.  Similarly, the motel employees deposed during discovery denied knowledge of criminal activity occurring at the Roosevelt Inn.

Counsel for the Roosevelt Defendants' own questioning opened the door for evidence of events that occurred after June 2014.  The Roosevelt Defendants have introduced evidence in this trial of purported events that occurred after MB left the Roosevelt Inn in June 2014.   The Roosevelt Defendants' counsel elicited trial testimony from Daiquan Davis detailing when he used the Roosevelt Inn for commercial sex work:[1]

> Q:    Mr. Davis, you mentioned that when I asked you where you engaged with commercial sex work and you listed several hotels. One of those hotels listed was the Roosevelt Inn. Are you able to tell me, sir, when you engaged in commercial sex work at the Roosevelt Inn?

---

[1] Trial testimony was taken of Co-Defendant Daiquan Davis on June 10, 2021.  Plaintiff's counsel has received a draft copy of the transcript from the court reporter. A final copy is forthcoming and will be provided upon receipt.

Case ID: 170300712
Control No.: 21060279

A:      Yes … The first date is October 1, 2014.  The second date is October 24, 2014.  The third date is October 23, 2014.  The fourth date is November 24, 2014.

<u>See</u> 6/10/21 Trial Transcript Testimony of Daiquan Davis at page 23, attached as Exhibit "C".

Rather than stop that line of questioning, the Roosevelt Defendants chose to pursue testimony regarding purported events after June 2014 to support their position that there was no knowledge of criminal activity at the Roosevelt Inn.  The Roosevelt Defendants elicited testimony from Co-Defendant Daiquan Davis that that Roosevelt Inn staff and manager, Yagna Patel, were "rule abiding" and that the staff and hotel manager were unaware of commercial sex activity.  The Roosevelt Defendants' counsel asked Mr. Davis about an interaction that he had with the motel manager Yagna Patel where Mr. Patel allegedly told Mr. Davis to go back to his room when Mr. Patel saw Davis "loitering" in the hallway:

Q:      Sir, did you ever interact with someone by the name of Yagna Patel?

A:      I had one interaction, yes.

Q:      Can you describe for me when that one interaction occurred?

A:      I'm not -- I'm not sure an accurate date, but I was loitering in the hallways and he told me to either leave the hotel or go back to my assigned room.

Q:      What did you do?

A:      I went back to my room.

Q:      Did you tell him you were a guest?

***

A:      Yes.

Q:      Did he ask you if you were a guest?

***

9

A:    I volunteered that information before he got to ask me.

See Ex. C at page 28 – 29.  Davis confirmed that this incident occurred in October or November

2014.  See Ex. C at page 72.

During the trial testimony of Co-Defendant Davis, counsel for the Roosevelt Defendants

specifically asked Daiquan Davis about his stays at the motel after June 2014:

> Q: … As part of the commercial sex work at the Roosevelt Inn in
> October of 2014 was the Roosevelt Inn or anyone that you're aware
> of at the Roosevelt Inn aware that you were engaging in
> prostitution?
>
> A  No.

See Ex. C at page 26.

With the Roosevelt Defendants introducing evidence and eliciting testimony about

purported events after June 2014 in their defense, Plaintiff certainly should be able to use

evidence to rebut the Roosevelt Defendants' claims that their staff and management did not

permit illicit activity and were unaware that commercial sex activity occurred at the motel.

In making opinions, the Roosevelt Defendants' security expert Norman Bates also relies

on evidence after June 2014.  Norman Bates analyzes in his expert report police records

capturing crimes occurring at the Roosevelt Inn from 2011 to 2015, including a shooting and

other crimes, such as armed robberies, fire arm violations, thefts, statutory sexual assault, simple

assaults, rape, prostitution, assault, attempted rape, and corrupting the morals of a minor.  See

Supplemental Expert Report of Norman Bates, attached as Exhibit "D".  Plaintiff should

certainly be able to use evidence from this period if Defendants are going to use evidence from it

in their defense.

Alpha implies that one of the victims E.B. was never sold for sex as a minor at the

Roosevelt Inn.  This simply is not true.  E.B. was also sold for sex as a minor at the Roosevelt

<center>10</center>

Case ID: 170300712
Control No.: 21060279

Inn by Defendant Daiquan Davis.  Her testimony is also relevant to the issue of Davis' common

scheme or plan when selling minors for sex, in the way that he groomed victims, used violence,

and used similar methods to sell them for sex.  See Commonwealth v. Cosby, 2019 PA Super

354, 224 A.3d 372 (2019), appeal granted in part, 236 A.3d 1045 (Pa. 2020) (reasoning that trial

court properly allowed the testimony of five prior victims of sexual misconduct by the

perpetrator, because "victims' testimony established a distinct, signature pattern" that the

perpetrator used when sexually assaulting them, similar to the complainant).  Daiquan Davis has

denied physically assaulting M.B. along with other forms of violence that she faced from him.

E.B.'s testimony about her experience as Davis' victim would help to rebut Davis' denials.

The testimony and evidence of other sex trafficking victims at the Roosevelt Inn is

relevant to Plaintiff's claims against the Roosevelt Defendants and Defendant Alpha.  The Court

should thus deny Alpha's Motion in Limine.

V.      **CONCLUSION**

The Court should deny Alpha's Motion.  An appropriate form of order is respectfully

attached hereto for the Court's consideration.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY:  _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

11

Case ID: 170300712
Control No.: 21060279

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060279

## <u>CERTIFICATE OF SERVICE</u>

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Response in Opposition to the Motion in Limine to Preclude and Exclude References to Alleged Trafficking Victims filed by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel*, was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

<div align="center">

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

</div>

*/s/Emily B. Marks*

BY: _____
       EMILY B. MARKS, ESQUIRE
       *Attorney for Plaintiff*

FILED
14 JUN 2021 12:55 pm
Civil Administration
F. HEWITT

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of the Motion in Limine

to Preclude and Exclude References to and Video Footage from January 2, 2015 filed by

Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC,

and Yagna Patel (collectively "Roosevelt Defendants"), Plaintiff's Response in Opposition, and

any response thereto, it is hereby:

**ORDERED** and **DECREED** that the Roosevelt Defendants' Motion in Limine is

**DENIED.**

BY THE COURT:

_____

                                                        J.

Case ID: 170300712
Control No.: 21060490

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION IN LIMINE TO
PRECLUDE AND EXCLUDE REFERENCES TO AND VIDEO FOOTAGE FROM
JANUARY 2, 2015 FILED BY DEFENDANTS ROOSEVELT INN LLC, ROOSEVELT
MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL**

Plaintiff by and through her attorneys, Kline & Specter, hereby responds in opposition to

the Motion in Limine to Preclude and Exclude References to and Video Footage from January 2,

2015 filed by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management

Company, LLC, and Yagna Patel (collectively "Roosevelt Defendants"), as follows:

1.  Denied as stated.  This paragraph refers to Plaintiff's Complaint and Plaintiff's

Amended Complaints.  These are written documents that speak for themselves.  Any

characterizations of these documents are denied.  See Plaintiff's Fourth Amended Complaint,

attached as Exhibit "A".  This paragraph also references Plaintiff's testimony from her

deposition captured in a transcript, which is a written document that speaks for itself.  Any

characterizations of the deposition transcript are denied.

2.  Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  The shooting incident in March 2014 at the Roosevelt Inn is relevant to Plaintiff's claims, contrary to the argument of the Roosevelt Defendants.  This shooting incident occurred during the same year when M.B. was a victim of sex trafficking at the Roosevelt Inn.  This evidence is relevant to show the Roosevelt Defendants knew or should have known about the dangers posed by criminal activity to the safety of those at the motel like M.B.

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

A landowner "is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care."  Campisi v. Acme Markets, 915 A.2d 117 (Pa. Super. 2006).

This video footage of a shooting between two men selling minors for sex goes to the issue of notice to the Roosevelt Defendants about the dangers posed by crime to the safety of those at the motel like M.B.  These incidents put the Roosevelt Defendants on notice that the motel needed to investigate and take reasonable precautions against potential criminal acts of third parties.  This evidence can be used to prove that the Plaintiff's harm was foreseeable and rebut the Roosevelt Defendants' denial of knowledge of crimes occurring at the motel.  See, e.g., Rabutino, 809 A.2d at 941 n.6 (finding that the harm experienced by a shooting victim at a motel was reasonably foreseeable based on "an extensive record of reported crimes in the locale during the previous twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false imprisonments…"); See Bonilla v. Motel 6 Operating L.P., No. 2:09CV712, 2011 WL 4345786,

Case ID: 170300712
Control No.: 21060490

at *5-*8 (W.D. Pa. Sept. 15, 2011) (reasoning that the plaintiff could establish notice through calls made to the police regarding crime at the motel for a period of six years prior to the time that he was stabbed at a motel); Young v. Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594, 600–02 (2014) (plaintiff met notice requirement in case involving assault where plaintiff introduced evidence of police calls made for crime in the area for three year period prior to the incident at issue); Moran v. Valley Forge Drive–In Theater, Inc., 431 Pa. 432, 435 – 37 (Pa.1968) (business was put on notice of potential harm experienced by plaintiff through evidence of incidents occurring in two year period prior to plaintiff's harm).

The Roosevelt Defendants' own security expert Norman Bates relies on evidence from January 2014 in his expert report when analyzing police records.  He also produced a copy of his methodology, which notes that security experts typically review criminal activity three to five years before the incident at issue in premises security cases.

3.  Denied.  The averments in this paragraph are legal conclusions to which no response is required.  See the response to paragraph 2.  By way of further response, it is admitted only that Plaintiff has obtained video footage from the March 2014 shooting from the Roosevelt Defendants.  Plaintiff also subpoenaed video footage from the Philadelphia District Attorney's Office relating to the Roosevelt Inn and received additional video from January 2015.

4.  Denied.  The averments in this paragraph are legal conclusions to which no response is required.

5.  Denied as stated.  This paragraph refers to Defendant Alpha's Motion to Amend its crossclaims against the Roosevelt Defendants.  This is a written document that speaks for itself. All characterizations of the document are denied.

Case ID: 170300712
Control No.: 21060490

6. – 8.   Denied as stated.  This paragraph refers to the expert report of Jake Stone, which is a written document that speaks for itself.  All characterizations of the document are denied.

9.   Denied.  The averments in this paragraph are legal conclusions to which no response is required.  By way of further response, this paragraph refers to Plaintiff's Fourth Amended Complaint, which is a written document that speaks for itself.  Any characterizations of the document are denied.  See Ex. A.

10. – 12.   Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  The Roosevelt Defendants have filed this Motion in Limine attempting to exclude video footage taken in January 2015 in response to a shooting at the Roosevelt Inn.  This evidence is relevant in rebutting the position taken by employees of the Roosevelt Defendants to deny knowledge of any criminal activity occurring at the Roosevelt Inn.

Counsel for the Roosevelt Defendants' own questioning opened the door for evidence of events that occurred after June 2014.  The Roosevelt Defendants have introduced evidence in this trial of purported events that occurred after M.B. left the Roosevelt Inn in June 2014.   The Roosevelt Defendants' counsel specifically elicited trial testimony from Daiquan Davis detailing when he used the Roosevelt Inn for commercial sex work after June 2014.[1]  Rather than stop that line of questioning, the Roosevelt Defendants chose to pursue testimony regarding purported events after June 2014 to support their defense.  With the Roosevelt Defendants introducing evidence and eliciting testimony about purported events after June 2014 in their defense, Plaintiff certainly should be able to use evidence to rebut the Roosevelt Defendants' claims that their staff

---

[1] Trial testimony was taken of Co-Defendant Daiquan Davis on June 10, 2021.  Plaintiff's counsel has received a draft copy of the transcript from the court reporter. A final copy is forthcoming and will be provided upon receipt.

4

Case ID: 170300712
Control No.: 21060490

and management did not permit illicit activity and were unaware that commercial sex activity occurred at the motel.

Precluding this evidence now is premature given the potential that witnesses may open the door to this evidence through their testimony.  See Com. v. Murphy, 182 A.3d 1002, 1005 (Pa. Super. Ct. 2018) ("A litigant opens the door to inadmissible evidence by presenting proof that creates a false impression refuted by the otherwise prohibited evidence.") (internal citations and quotation marks omitted).  The Court should thus deny the Roosevelt Defendants' Motion in Limine.

WHEREFORE, Plaintiff respectfully request this Honorable Court deny the Roosevelt Defendants' Motion *in Limine*.  An appropriate form of Order is attached.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

**BY:**   ***/s/Emily B. Marks***

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

5

Case ID: 170300712
Control No.: 21060490

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff M.B.
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| M.B | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION IN
LIMINE TO PRECLUDE AND EXCLUDE REFERENCES TO AND VIDEO FOOTAGE
FROM JANUARY 2, 2015 FILED BY DEFENDANTS ROOSEVELT INN LLC,
ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, AND
YAGNA PATEL**

**I.    PRELIMINARY STATEMENT**

    The Roosevelt Defendants have filed this Motion in Limine attempting to exclude video

footage taken in January 2015 in response to a previous shooting at the Roosevelt Inn.  This

evidence is relevant in rebutting the position taken by employees of the Roosevelt Defendants to

deny knowledge of any criminal activity occurring at the Roosevelt Inn.

    Counsel for the Roosevelt Defendants' own questioning opened the door for evidence of

events that occurred after June 2014.  The Roosevelt Defendants have introduced evidence in

this trial of purported events that occurred after M.B. left the Roosevelt Inn in June 2014.   The

Roosevelt Defendants' counsel specifically elicited trial testimony from Daiquan Davis detailing

when he used the Roosevelt Inn for commercial sex work after June 2014.  They elicited this

Case ID: 170300712
Control No.: 21060490

testimony in support of their position that staff and management did not permit illicit activity and were unaware that commercial sex activity occurred at the motel.

The Roosevelt Defendants' own security expert relies on evidence from 2015 in his expert report.  Plaintiff should certainly be able to use evidence from this time, if Defendants are going to use evidence from it in their defense.

Precluding this evidence now is premature given the potential that witnesses may open the door to this evidence through their testimony.  The Court should thus deny the Roosevelt Defendants' Motion in Limine.

## II.   QUESTION PRESENTED

A.     Should the Court deny the Roosevelt Defendants' Motion to preclude the evidence of video footage from January 2015 resulting from a investigation opened into a shooting at the Roosevelt Inn?

*Suggested Answer*: Yes.  This evidence is relevant in rebutting the testimony from motel staff denying knowledge of any criminal activity occurring at the Roosevelt Inn.  This evidence may also be used to rebut the Roosevelt Defendants' use of evidence from after June 2015 in their defense in the trial testimony of Defendant Daiquan Davis and in their expert's opinions.

## III.   BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.  In this action, Plaintiff has asserted claims under theories of common law Negligence (Counts - I, II) and

Case ID: 170300712
Control No.: 21060490

Negligent Infliction of Emotional Distress (Counts III, IV).  See Plaintiff's 4th Amended

Complaint attached as Exhibit "A".

Through the instant Motion, the Roosevelt Defendants seek to preclude the introduction

of relevant evidence of video footage taken in January 2015 in response to a previous shooting at

the Roosevelt Inn.  This evidence is relevant in rebutting the position taken by employees of the

Roosevelt Defendants to deny knowledge of any criminal activity occurring at the Roosevelt Inn.

This evidence may also be used to rebut the Roosevelt Defendants' intention to use in their

defense at trial alleged incidents that occurred after June 2014.  They have previewed this

strategy in the trial testimony of Co-Defendant Daiquan Davis, and the Roosevelt Defendants'

own security expert relies on evidence from 2015 in his expert report.  Plaintiff should certainly

be able to use evidence from this time, if Defendants are going to use evidence from it in their

defense.  The Court should thus deny the Roosevelt Defendants' Motion in Limine.

## IV.   LEGAL ARGUMENT

### A.  The video evidence may be used to rebut denials by motel staff of knowledge about criminal activity at the Roosevelt Inn.  In addition, the evidence may be used, because the Roosevelt Defendants have previewed an intention to use evidence of incidents after June 2014 in their defense.

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to

ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably

anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

This video footage evidence at issue may be used to rebut the Roosevelt Inn witnesses'

testimony stating they did not know of any criminal activity happening at the Roosevelt Inn.  The

Roosevelt Defendants' employees have generally denied knowing about criminal activity

occurring at the motel.  The motel manager Yagna Patel denied ever seeing anyone committing a

crime while watching the live cameras at the motel during his thirty years as manager of the

Case ID: 170300712
Control No.: 21060490

Roosevelt Inn.  See Deposition Transcript of Yagna Patel at page 35 – 36, attached as Exhibit "B".  He denied knowing about any times staff called the police about guests' suspected drug use or prostitution at the motel.  See Ex. B at pages 309-310.  He also denied knowledge of any arrests for prostitution at the Roosevelt Inn.  See Ex. B at page 319.  Similarly, the motel employees deposed during discovery denied knowledge of criminal activity occurring at the Roosevelt Inn.  This testimony is contradicted by video footage taken in response to a shooting at the motel.

Precluding this evidence now is premature given the "opening the door" doctrine.  See Com. v. Murphy, 182 A.3d 1002, 1005 (Pa. Super. Ct. 2018) ("A litigant opens the door to inadmissible evidence by presenting proof that creates a false impression refuted by the otherwise prohibited evidence.") (internal citations and quotation marks omitted).  If motel staff called to testify create a false impression refuted by this evidence, then Plaintiff should be permitted to cross-examine them regarding this evidence.

Counsel for the Roosevelt Defendants' own questioning opened the door for evidence of events that occurred after June 2014.  The Roosevelt Defendants have introduced evidence in this trial of purported events that occurred after M.B. left the Roosevelt Inn in June 2014.   The Roosevelt Defendants' counsel elicited testimony from Daiquan Davis detailing when he used the Roosevelt Inn for commercial sex work:[1]

> Q:     Mr. Davis, you mentioned that when I asked you where you engaged with commercial sex work and you listed several hotels. One of those hotels listed was the Roosevelt Inn. Are you able to tell me, sir, when you engaged in commercial sex work at the Roosevelt Inn?

---

[1] Trial testimony was taken of Co-Defendant Daiquan Davis on June 10, 2021.  Plaintiff's counsel has received a draft copy of the transcript from the court reporter. A final copy is forthcoming and will be provided upon receipt.

4

Case ID: 170300712
Control No.: 21060490

A:       Yes … The first date is October 1, 2014.  The second date is October 24, 2014.  The third date is October 23, 2014.  The fourth date is November 24, 2014.

<u>See</u> 6/10/21 Trial Transcript Testimony of Daiquan Davis at page 23, attached as Exhibit "C".

Rather than stop that line of questioning, the Roosevelt Defendants chose to pursue testimony regarding purported events after June 2014 to support their position that there was no knowledge of criminal activity at the Roosevelt Inn.  The Roosevelt Defendants elicited testimony from Co-Defendant Daiquan Davis that that Roosevelt Inn staff and manager, Yagna Patel, were "rule abiding" and that the staff and hotel manager were unaware of commercial sex activity.  The Roosevelt Defendants' counsel asked Mr. Davis about an interaction that he had with the motel manager Yagna Patel where Mr. Patel allegedly told Mr. Davis to go back to his room when Mr. Patel saw Davis "loitering" in the hallway:

Q:       Sir, did you ever interact with someone by the name of Yagna Patel?

A:       I had one interaction, yes.

Q:       Can you describe for me when that one interaction occurred?

A:       I'm not -- I'm not sure an accurate date, but I was loitering in the hallways and he told me to either leave the hotel or go back to my assigned room.

Q:       What did you do?

A:       I went back to my room.

Q:       Did you tell him you were a guest?

***

A:       Yes.

Q:       Did he ask you if you were a guest?

***

5

Case ID: 170300712
Control No.: 21060490

A:        I volunteered that information before he got to ask me.

See Ex. C at page 28 – 29.  Davis confirmed that this incident occurred in October or November

2014.  See Ex. C at page 72.

During the trial testimony of Co-Defendant Davis, counsel for the Roosevelt Defendants

specifically asked Daiquan Davis about his stays at the motel after June 2014:

> Q: … As part of the commercial sex work at the Roosevelt Inn in
> October of 2014 was the Roosevelt Inn or anyone that you're aware
> of at the Roosevelt Inn aware that you were engaging in
> prostitution?
>
> A   No.

See 6/10/21 Trial Transcript Testimony of Daiquan Davis at page 26, attached as Exhibit "C".

With the Roosevelt Defendants introducing evidence and eliciting testimony about

purported events after June 2014 in their defense, Plaintiff certainly should be able to use

evidence from this time to rebut the Roosevelt Defendants' claims that their staff and

management did not permit illicit activity and were unaware that commercial sex activity

occurred at the motel.

In making opinions, the Roosevelt Defendants' security expert Norman Bates also relies

on evidence after June 2014.  Norman Bates analyzes in his expert report police records

capturing crimes occurring at the Roosevelt Inn from 2011 to 2015, including a shooting and

other crimes, such as armed robberies, fire arm violations, thefts, statutory sexual assault, simple

assaults, rape, prostitution, assault, attempted rape, and corrupting the morals of a minor.  See

Supplemental Expert Report of Norman Bates, attached as Exhibit "D".  Plaintiff should

certainly be able to use evidence from this period if Defendants are going to use evidence from it

in their defense.

6

Case ID: 170300712
Control No.: 21060490

This video evidence of criminal activity at the Roosevelt Inn is relevant to Plaintiff's claims against the Roosevelt Defendants and Defendant Alpha.  The Court should thus deny Defendants' Motion.

## V.     CONCLUSION

The Court should deny the Roosevelt Defendants' Motion.  An appropriate form of order is respectfully attached hereto for the Court's consideration.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

7

Case ID: 170300712
Control No.: 21060490

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Response in Opposition to the Motion in Limine to Preclude and Exclude References to and Video Footage from January 2, 2015 filed by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel*, was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Case ID: 170300712
Control No.: 21060490

FILED
14 JUN 2021 03:50 pm
Civil Administration
F. HEWITT

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## ORDER

  **AND NOW**, this _____ day of June, 2021, upon consideration of the Motion in Limine

of Defendant Alpha-Centurion Security, Inc. as to Inadmissible Hearsay, Plaintiff's Response in

Opposition, and any response thereto, it is hereby:

  **ORDERED** and **DECREED** that Defendant Alpha-Centurion Security, Inc.'s Motion in

Limine is **DENIED.**

       BY THE COURT:


       _____

              J.

Case ID: 170300712
Control No.: 21060291

**KLINE & SPECTER, P.C.**                    Attorneys for Plaintiff M.B.
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION IN LIMINE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. AS TO INADMISSIBLE HEARSAY

Plaintiff by and through her attorneys, Kline & Specter, hereby responds in opposition to the Motion in Limine of Defendant Alpha-Centurion Security, Inc. (hereinafter "Alpha") as to Inadmissible Hearsay, as follows:

1.  Denied as stated.  Plaintiff M.B. is a victim of sex trafficking, and when she was a minor, she was sold for sex at the Roosevelt Inn.  To the extent that this paragraph refers to Plaintiff's Fourth Amended Complaint, that is a written document that speaks for itself.  Any characterizations of the document are denied.  See Plaintiff's Fourth Amended Complaint, attached as Exhibit "A".

2.  Denied.  The averments in this paragraph are legal conclusions to which no response is required.

3.  Denied as stated.  Police records obtained through discovery includes details from an undercover police operation for commercial sex activity at the Roosevelt Inn.  The records note

Case ID: 170300712
Control No.: 21060291

that a person arrested for prostitution reported that a security guard would warn her when police were at the motel.  Also, in discovery, a former security guard at the Roosevelt Inn provided testimony that he was reassigned from his job based on accusations that he sold room keys.

4.  Denied as stated.  During discovery, Plaintiff has obtained online reviews of the Roosevelt with comments providing notice to the motel of customer complaints about criminal activity occurring at the Roosevelt Inn, including commercial sex activity.  Plaintiff has also obtained statements from victims of sex trafficking at the Roosevelt Inn and a convicted sex trafficker who previously sold minors for sex at the Roosevelt Inn.

5. – 20.  Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  Defendant Alpha-Centurion Security, Inc. ("Alpha") has filed this Motion in Limine attempting to exclude evidence of extensive criminal activity at the Roosevelt and negative online reviews of the motel.  This evidence includes: 1) witness testimony regarding a former security guard allegedly selling room keys; 2) police records from an undercover police operation for commercial sex activity at the Roosevelt Inn; 3) statements from sex trafficking victims and a sex trafficker who operated out of the Roosevelt Inn; and 4) online negative reviews of the Roosevelt Inn complaining of criminal activity.

Contrary to Alpha's argument, evidence of security guard malfeasance and extensive criminal activity crime occurring at the Roosevelt Inn is relevant in showing that the Defendants knew or should have known that there was a likelihood of dangerous criminal activity occurring at the motel.

Testimony about a former security guard accused of selling room keys is relevant and admissible to prove Plaintiff's claims and the Roosevelt Defendants' crossclaims against Alpha.  Plaintiff's claims involve how Alpha provided negligent security securities at the Roosevelt Inn,

Case ID: 170300712
Control No.: 21060291

including failing to assign and retain proper security personnel at the motel.  See Ex. A at ¶ 84.

Testimony related to how former security guard Kelvin Hanton was accused of selling room keys

is relevant to these issues and Alpha's failure to meet its contractual obligations to the Roosevelt

Inn to provide competent security services.  Kelvin Hanton worked at the Roosevelt Inn during

the time that Plaintiff was a sex trafficking victim.  He has testified that he was reassigned after

accusations were made against him that he sold room keys.  See Deposition Transcript of Kelvin

Hanton, attached as Exhibit "B" at page 66 – 71 (Q: Why did you stop working at the Roosevelt

Inn?  A: Why did I stop working there? Because I was accused of selling rooms to people –

selling room key cards?).  Mr. Hanton denied ever selling the keys.  See id.

        This accusation explains why Mr. Hanton was reassigned from the Roosevelt Inn, not

that he did in fact sell room keys.  It is the jury's role to determine whether they believe Mr.

Hanton and what weight they would place on this testimony.  See Kauffman v. City of

Philadelphia, 144 Pa. Cmwlth. 444, 451, 601 A.2d 910, 913 (1992) (reasoning that the jury has

he role "to decide the facts, the credibility of witnesses, and the weight to be given the

evidence").

        This evidence may also be used to rebut the Roosevelt Inn witnesses' testimony stating

they did not know of any criminal activity happening at the Roosevelt Inn.  The Roosevelt

Defendants' employees have generally denied knowing about criminal activity occurring at the

motel.  Defendants and Alpha's failures to act show they were complicit in allowing criminal

activity to occur.

        Despite arguing that police records and witness statements are unreliable and

inadmissible, Defendants' own experts rely on this evidence when making their opinions.  The

Roosevelt Defendants' security expert Norman Bates details how the police records capture

Case ID: 170300712
Control No.: 21060291

crimes occurring at the Roosevelt Inn from 2011 to 2014, such as armed robberies, fire arm violations, thefts, statutory sexual assault, simple assaults, rape, prostitution, assault, attempted rape, and corrupting the morals of a minor.  See Expert Report of Norman Bates at pages 6 – 8, attached as Exhibit "C".  The Roosevelt Defendants' other liability expert Kimberly Mehlman-Orozco also bases her opinions off a review of police records.  See Expert Report of Kimberly Mehlman-Orozco, attached as Exhibit "D" at page 23.  Alpha's liability expert James Francis also bases his opinions on a review of police records, reasoning that a review of police records "demonstrates a frequent presence of police at the Roosevelt Inn and an undisputed knowledge by police personnel of commercial sexual activities therein."  See Supplemental Expert Report of James Francis at page 11, attached as Exhibit "E".

Defense liability experts similarly rely on witness statements in their expert reports. Norman Bates relies on witness statements, including the sex traffickers Daiquan Davis, Abdul Lopez, Rashaad McIntyre, and Jerel Jackson.  See Ex. C.  The Roosevelt Defendants' other liability expert Kimberly Mehlman-Orozco also bases her opinions on the declaration of Daiquan Davis.  See Ex. D at page 21.  If Defendants can rely on witness statements in their expert testimony, then Plaintiff certainly should be able to use these statements describing sex trafficking occurring at the Roosevelt Inn in support of her claims.

Police records and witness statements are the types of evidence that experts can reasonably rely upon in the field of security.  See Pa. R.E. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.").  Along with his expert report, the Roosevelt Defendants' security expert Norman Bates provided a copy of his forensic methodology relied upon when issuing his opinions.  See Bates' Methodology, attached as

4

Case ID: 170300712
Control No.: 21060291

Exhibit "F". This methodology was issued as "Best Practices" by the International Association of Professional Security Consultants. The methodology lists witness statements and police records as the typical evidence reviewed by experts in premises security cases. See Ex. F at pages 3 – 4. Although some of this evidence may not be able to be read to the jury on its own, the evidence can be admissible under various circumstances. The evidence can be admissible through expert testimony as discussed above. It is premature to categorically exclude this evidence.

In addition, the evidence of online reviews is relevant and admissible to prove notice. This evidence can be used to prove that the Roosevelt Inn was on notice of the need to investigate and take reasonable precautions against the criminal conduct of third parties. See Castellani v. Scranton Times, L.P., 633 Pa. 230, 254, 124 A.3d 1229, 1244 (2015) ("Out-of-court statements offered to establish notice to a defendant are not hearsay."). Contrary to Alpha's arguments, this evidence is not offered for the truth of the matter asserted, and thus it is not hearsay. See Fernandez v. City of Pittsburgh, 164 Pa. Cmwlth. 662, 673, 643 A.2d 1176, 1182 (1994) ("Out-of-court statements not offered to prove the truth of the matters asserted are not hearsay and are admissible if relevant for other proper purposes.").

The Roosevelt Defendants have openly admitted to monitoring this type of evidence. The manager of the motel Yagna Patel testified that a motel employee named Candace Gordiano would read online reviews and tell him about various customer complaints, including complaints about drug use and prostitution at the Roosevelt Inn. See Ex. D at page 331 – 333. Rather than taking these complaints seriously and reconsidering the motel's security measures, Mr. Patel disregarded the complaints, assuming they were only people mad about getting a refund.

Case ID: 170300712
Control No.: 21060291

This evidence of notice and the extensive criminal activity at the Roosevelt Inn is relevant to Plaintiff's claims against the Roosevelt Defendants and Defendant Alpha. Therefore, it's premature to categorically exclude this evidence

21. – 24.  Denied as stated.  These paragraphs refer to the transcript for the deposition of Yagna Patel, which is a written document that speaks for itself.  Any characterizations of the document are denied.

25.  Denied as stated.  This paragraph refers to the transcript for the deposition of Kelvin Hanton, which is a written document that speaks for itself.  Any characterizations of the document are denied.

26. – 30.  Denied as stated.  These paragraphs refer to the transcript for the deposition of Yagna Patel, which is a written document that speaks for itself.  Any characterizations of the document are denied.

31. – 33.  Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  See the response to paragraphs 5 to 20.

34.  Denied as stated.  This paragraph refers to Plaintiff's Fourth Amended Complaint, which is a written document that speaks for itself.  Any characterizations of this document are denied.  See Ex. A.

35.  Denied.  The averments in this paragraph are legal conclusions to which no response is required.  See the response to paragraphs 5 to 20.

36.  Denied.  This paragraph refers to Philadelphia Police Department records, which are written documents that speak for themselves.  Any characterizations of the documents are denied.

Case ID: 170300712
Control No.: 21060291

37.  Denied.  The averments in this paragraph are legal conclusions to which no response is required.  See the response to paragraphs 5 to 20.

38. – 43.  Denied.  These paragraphs refer to Philadelphia Police Department records, which are written documents that speak for themselves.  Any characterizations of the documents are denied.

44.  Denied.  This paragraph refers to Plaintiff's First Amended Pre-Trial Memorandum, which is a written document that speaks for itself.  Any characterizations of the document are denied.

45. – 51.  Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  See the response to paragraphs 5 to 20.

52. – 54.  Denied.  These paragraphs refer to Philadelphia Police Department records, which are written documents that speak for themselves.  Any characterizations of the documents are denied.

55. – 56.  Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  See the response to paragraphs 5 to 20.

57.  Admitted.

58.  Admitted.

59.  Admitted

60.  Admitted.

61.  Denied as stated.  This paragraph refers to Plaintiff's First Amended Pre-Trial Memorandum, which is a written document that speaks for itself.  Any characterizations of the document are denied.

Case ID: 170300712
Control No.: 21060291

62. – 65.  The averments in these paragraphs are legal conclusions to which no response is required.  See the response to paragraph number 5 to 20.

66.  Denied as stated.  The statements from K.S., A.G., and T.C. discuss the experiences of three victims of sex trafficking who were sold for sex as minors at the Roosevelt Inn.  See Victim Statements, attached as Exhibit "G".

67.  Admitted.  See Statement of Jerel Jackson, attached as Exhibit "H".

68. – 70.  Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  See the response to paragraphs 5 to 20.

71. – 73.  Denied as stated.  These paragraphs refer to the Victim Statements and Plaintiff's Fourth Amended Complaint, which are written documents that speak for themselves. Any characterizations of the documents are denied.  See Exs. A & B.

74.  Denied as stated.  This paragraph refers to the Statement of Jerel Jackson, which is a written document that speaks for itself.  Any characterizations of the document are denied.  See Ex. C.

75. – 77.  Denied.  The averments in these paragraph are legal conclusions to which no response is required.  See the response to paragraphs 5 to 20.

78.  Admitted.

79.  Denied as stated.  This paragraph refers to Richard Hudak's Expert Report, which is a written document that speaks for itself.  Any characterizations of the document are denied.

80.  Denied as stated.  This paragraph refers to Michelle Guelbart's Expert Report, which is a written document that speaks for itself.  Any characterizations of the document are denied.

81. – 88.  Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  See the response to paragraphs 5 to 20.

Case ID: 170300712
Control No.: 21060291

WHEREFORE, Plaintiff respectfully request this Honorable Court deny Alpha's Motion *in Limine*. An appropriate form of Order is attached.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

**BY:**    ***/s/Emily B. Marks***

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

9

Case ID: 170300712
Control No.: 21060291

**KLINE & SPECTER, P.C.**                              Attorneys for Plaintiff M.B.
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION IN LIMINE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. AS TO INADMISSIBLE HEARSAY

### I.      PRELIMINARY STATEMENT

Defendant Alpha-Centurion Security, Inc. ("Alpha") has filed this Motion in Limine

attempting to exclude evidence of extensive criminal activity at the Roosevelt and negative

online reviews of the motel.  This evidence includes: 1) witness testimony regarding a former

security guard allegedly selling room keys; 2) police records from an undercover police

operation for commercial sex activity at the Roosevelt Inn; 3) statements from sex trafficking

victims and a sex trafficker who operated out of the Roosevelt Inn; and 4) online negative

reviews of the Roosevelt Inn complaining of criminal activity.

Contrary to Alpha's argument, evidence of security guard malfeasance and extensive

criminal activity crime occurring at the Roosevelt Inn is relevant in showing that the Defendants

knew or should have known that there was a likelihood of dangerous criminal activity occurring

at the motel threating the safety of those at the motel like M.B.  This evidence can be used to

Case ID: 170300712
Control No.: 21060291

prove that the existence of dangerous criminal activity, requiring the motel to investigate and take reasonable precautions to prevent the foreseeable future harm suffered by Plaintiff M.B.

This evidence also is relevant to rebutting the testimony from the Roosevelt Inn employees that they were unaware of any criminal activity at the Roosevelt Inn.

Online reviews of customer complaints are also admissible and relevant to the issue of notice. These reviews would not be offered for the truth of the matter asserted; rather, the complaints can prove notice to the motel of need to investigate and consider reasonable precautions against the criminal conduct of third parties.

Plaintiff's counsel is well-aware of the Pennsylvania Rules of Evidence and the specific rules pertaining to hearsay evidence. It is premature to categorically exclude broad categories of evidence like witness statements and police records, when this evidence can be used in a number of different ways, including through expert testimony. Defendants' own liability experts rely on police records and witness statements in their expert reports. The Court should thus deny Alpha's Motion in Limine.

## II.   QUESTION PRESENTED

A.     Should the Court deny Alpha's Motion to preclude evidence of criminal activity occurring at the Roosevelt Inn, including testimony that a security guard was fired for accusations of selling room keys, police records of security guards warning guests about police presence, witness statements of sex trafficking at the motel, and online reviews of the motel?

*Suggested Answer*: Yes. Evidence of crime occurring at the Roosevelt Inn is relevant in showing that Defendants knew or should have known about the dangers posed to the safety of those at the motel like M.B. This evidence can also rebut the Roosevelt Defendants employees' denial of knowledge of crimes occurring at the motel. This evidence records may be admissible through a number of different ways, including expert testimony, as security experts reasonably rely on police records and witness statements when forming their opinions. Defendants' own liability experts rely on this type of evidence. In addition, online reviews can be admissible to show notice and not offered for the truth of the matter asserted. It would be premature for the Court to categorically exclude this evidence. The Court should deny Alpha's Motion in Limine.

Case ID: 170300712
Control No.: 21060291

### III.   BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.  In this action, Plaintiff has asserted claims under theories of common law Negligence (Counts - I, II) and Negligent Infliction of Emotional Distress (Counts III, IV).  See Plaintiff's 4th Amended Complaint attached as Exhibit "A".

Defendant Alpha-Centurion Security, Inc. ("Alpha") has filed this Motion in Limine attempting to exclude evidence of extensive criminal activity at the Roosevelt and negative online reviews of the motel.  This evidence includes: 1) witness testimony regarding a former security guard allegedly selling room keys; 2) police records from an undercover police operation for commercial sex activity at the Roosevelt Inn; 3) statements from sex trafficking victims and a sex trafficker who operated out of the Roosevelt Inn; and 4) online negative reviews of the Roosevelt Inn complaining of criminal activity.

This evidence is relevant in showing that the Defendants knew or should have known that there was a likelihood of dangerous criminal activity occurring at the motel.  This evidence can be used to prove the existence of dangerous criminal activity, requiring the motel to investigate and take reasonable precautions to prevent the foreseeable future harm suffered by Plaintiff M.B. This evidence also is relevant to rebutting the testimony from the Roosevelt Inn employees that

Case ID: 170300712
Control No.: 21060291

they were unaware of any criminal activity at the Roosevelt Inn. Online reviews of customer complaints are also admissible and relevant to the issue of notice. These reviews would not be offered for the truth of the matter asserted; rather, the complaints can prove notice to the motel of need to investigate and consider reasonable precautions against the criminal conduct of third parties. It is premature to categorically exclude broad categories of evidence like witness statements and police records, when this evidence can be used in a number of different ways, including through expert testimony. Defendants' own liability experts rely on police records and witness statements in their expert reports. The Court should thus deny Alpha's Motion in Limine.

## IV.    LEGAL ARGUMENT

### A.    This evidence is relevant to show the existence of dangerous criminal activity at the Roosevelt Inn, requiring the motel to investigate and take reasonable steps to protect those at the motel like M.B.

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably anticipated criminal conduct by third parties. See Ex. A at ¶¶ 68 – 87.

The duty owed to business invitees is the highest duty owed to any entrant upon land. "The landowner is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care." Campsis v. Acme Markets, 915 A.2d 117 (Pa. Super. 2006). Thus, the possessor of land has a duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as may be necessary for the business invitee's protection. Crotty v. Reading Industries, Inc., 345 A.2d 259 (Pa. Super. 1975); Pa. SSCJI 18.40 Owner of Land Duty of Care Owed to Invitees Generally.

4

Case ID: 170300712
Control No.: 21060291

Pennsylvania has adopted § 344 of the Restatement (Second) of Torts, which lays out the standard for businesses' liability for third party criminal acts committed against an invitee on the business premises.  See Moran v. Valley Forge Drive–In Theater, Inc., 431 Pa. 432, 246 A.2d 875, 878 (Pa.1968) (reasoning that § 344 applied when deciding whether a busines was liable for the tortious or negligent acts by third parties).

The Restatement (Second) of Torts § 344 states:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
> - (a) discover that such acts are being done or are likely to be done, or
> - (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965); Negligence--Failure to Prevent Intentional Harm to Business Invitees, Pa. SSJI (Civ), §18.120 (2020).

Comment f. to Section 344 provides that businesses may have a duty to police the premises adequately, if the businesses "know or have reason to know, from past experience that there is a likelihood of conduct on the part of the third person in general which is likely to endanger the safety of the visitor, even though he had no reason to expect it on the part of the particular individual."  Id.  The Comment further states: "If the place or character of his business, or his past experience is such that he should reasonably anticipate a careless or criminal conduct on the part of a third person, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection."  Id.

Case ID: 170300712
Control No.: 21060291

Various Pennsylvania state court decisions have found that a plaintiff can show that a business was on notice of the need to take reasonable precautions against the foreseeable potential harm suffered by the plaintiff when the plaintiff introduced evidence of past criminal activity in the area.  For instance, the Superior Court has found that a plaintiff who was sexually assaulted at a motel could show the harm that she faced was reasonably foreseeable by introducing evidence of rampant underage drinking at the motel.  See Paliometros, 932 A.2d at 135-37.  In another case, the Superior Court concluded that the harm experienced by a shooting victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of the motel "coupled with an extensive record of reported crimes in the locale during the previous twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false imprisonments…".  Rabutino, 809 A.2d at 941 n.6.  The Superior Court in Rabutino found that the extensive crimes "bore on the foreseeability that the illicit environment permitted at the [motel] would foster careless, reckless, and/or deliberate conduct causing harm to those present." Id.; see also Murphy v. Penn Fruit Co., 274 Pa. Super. 427, 432–33, 418 A.2d 480, 483 (1980) (plaintiff demonstrated the business' notice of her potential harm in case ionvolv through evidence of "instances of disturbances, car thefts, muggings, purse snatches, drug use" occurring in the area); Young v. Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594, 600–02 (2014) (plaintiff met notice requirement in case involving assault where plaintiff introduced evidence of police calls made regarding fights, disorderly conduct, trespassing, drug activity, and shoplifting, along with a prior assault in the area).

Federal courts interpreting Pennsylvania law have also found that plaintiffs can meet the notice requirement by showing evidence of crimes in the area, other than the one committed

Case ID: 170300712
Control No.: 21060291

against the plaintiff.  In a case involving a stabbing victim at a motel, the court reasoned that the frequency of calls to the police for crimes generally could be a factor considered by the jury whether the motel had constructive notice of the foreseeable harm experienced by the plaintiff. See Bonilla v. Motel 6 Operating L.P., No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011).  These courts have found that other crimes can be used to show that the crime suffered by the plaintiff was reasonably foreseeable.  See Morgan v. Bucks Assocs., 428 F. Supp. 546, 550–51 (E.D. Pa.1977) (non-violent car thefts occurring on premises put the defendant on constructive notice that violent criminal conduct on the part of third persons, such as the assault of the plaintiff, might occur on the premises); Baker v. Solo Nightclub, LLC, No. CIV.A. 11-2380, 2013 WL 1927052, at *8 (E.D. Pa. May 9, 2013) (defendants were on notice of potential danger to plaintiff in case involving plaintiff who was a shooting victim, where the plaintiff showed past incidents of disorderly conduct and fights occurring in the area, along with a Commonwealth action to enjoin the business's liquor license and previous gun incidents).

Contrary to Defendant Alpha's argument, the evidence at issue in this motion is relevant to showing the existence of extensive criminal activity, requiring the motel to investigate and take reasonable steps to protect those at the Roosevelt Inn like M.B.  This evidence includes: 1) witness testimony regarding a former security guard allegedly selling room keys; 2) police records from an undercover police operation for commercial sex activity at the Roosevelt Inn; 3) statements from sex trafficking victims and a sex trafficker who operated out of the Roosevelt Inn; and 4) online negative reviews of the Roosevelt Inn complaining of criminal activity.

Testimony about a former security guard accused of selling room keys is relevant and admissible to prove Plaintiff's claims and the Roosevelt Defendants' crossclaims against Alpha. Plaintiff's claims involve how Alpha provided negligent security securities at the Roosevelt Inn,

7

Case ID: 170300712
Control No.: 21060291

including failing to assign and retain proper security personnel at the motel. <u>See</u> Ex. A at ¶ 84.

Testimony related to how former security guard Kelvin Hanton was accused of selling room keys

is relevant to these issues and Alpha's failure to meet its contractual obligations to the Roosevelt

Inn to provide competent security services. Kelvin Hanton worked at the Roosevelt Inn during

the time that Plaintiff was a sex trafficking victim. He has testified that he was reassigned after

accusations were made against him that he sold room keys:

> Q:      Why did you stop working at the Roosevelt Inn?
>
> A:      Why did I stop working there? Because I was accused of selling rooms to people
> – selling room key cards.  That's what I was initially let go from there for, selling room
> keys.
>
> <div align="center">***</div>
>
> Q:      …after this accusation was made, did you continue to work at the Roosevelt Inn?
>
> A:      No.
>
> Q:      Did you continue to work for Alpha Centurion?
>
> A:      Yes.
>
> Q:      Were you transferred somewhere else?
>
> A:      Yes

<u>See</u> Deposition Transcript of Kelvin Hanton, attached as Exhibit "B" at page 66 – 71.  Mr.

Hanton denied ever selling the keys.  <u>See</u> <u>id.</u>

This accusation explains why Mr. Hanton was reassigned from the Roosevelt Inn, not

that he did in fact sell room keys.  It is the jury's role to determine whether they believe Mr.

Hanton and what weight they would place on this testimony.  <u>See</u> <u>Kauffman v. City of</u>

<u>Philadelphia</u>, 144 Pa. Cmwlth. 444, 451, 601 A.2d 910, 913 (1992) (reasoning that the jury has

he role "to decide the facts, the credibility of witnesses, and the weight to be given the

evidence").

<div align="center">8</div>

Case ID: 170300712
Control No.: 21060291

This evidence may also be used to rebut the Roosevelt Inn witnesses' testimony stating they did not know of any criminal activity happening at the Roosevelt Inn.  The Roosevelt Defendants' employees have generally denied knowing about criminal activity occurring at the motel.  The motel manager Yagna Patel denied ever seeing anyone committing a crime while watching the live cameras at the motel during his thirty years as manager of the Roosevelt Inn. See Deposition Transcript of Yagna Patel at page 35 – 36, attached as Exhibit "I".  He denied knowing about any times staff called the police about guests' suspected drug use or prostitution at the motel.  See Ex. I at pages 309-310.  He also denied knowledge of any arrests for prostitution at the Roosevelt Inn.  See Ex. I at page 319.  Similarly, the motel employees deposed during discovery denied knowledge of criminal activity occurring at the Roosevelt Inn.

Despite arguing that police records and witness statements are unreliable and inadmissible, Defendants' own experts rely on this evidence when making their opinions.  The Roosevelt Defendants' security expert Norman Bates details how the police records capture crimes occurring at the Roosevelt Inn from 2011 to 2014, such as armed robberies, fire arm violations, thefts, statutory sexual assault, simple assaults, rape, prostitution, assault, attempted rape, and corrupting the morals of a minor.  See Expert Report of Norman Bates at pages 6 – 8, attached as Exhibit "C".   Norman Bates also relies on police call for service reports, which the Roosevelt Defendants are attempting to exclude:

> Based on the CFS [Call for Service] from the Philadelphia Police Department and testimony from representatives of the Roosevelt Inn, there was a problem with prostitution activity in 2013 at the both the Roosevelt Inn and apparently in the northeast section of Philadelphia. In 2013, there were thirteen reports of prostitution, including two that involved minors.  In the first six months of 2014, there were two reports of prostitution and those occurred in January and February of prior to plaintiff's alleged presence at the hotel.

See Ex. C at page 7.

9

Case ID: 170300712
Control No.: 21060291

The Roosevelt Defendants' other liability expert Kimberly Mehlman-Orozco also bases her opinions off a review of police records. She opines about the credibility of evidence demonstrating open and obvious commercial sex activity by writing that the reliability of this evidence "is further brought into question, when examined in the context of the police reports originating at the Roosevelt Inn."[1] See Expert Report of Kimberly Mehlman-Orozco, attached as Exhibit "D" at page 23. Alpha's liability expert James Francis also bases his opinions on a review of police records, reasoning that a review of police records "demonstrates a frequent presence of police at the Roosevelt Inn and an undisputed knowledge by police personnel of commercial sexual activities therein." See Supplemental Expert Report of James Francis at page 11, attached as Exhibit "E".

Defense liability experts similarly rely on witness statements in their expert reports. Norman Bates relies on witness statements, including the sex traffickers Daiquan Davis, Abdul Lopez, Rashaad McIntyre, and Jerel Jackson. See Ex. C. The Roosevelt Defendants' other liability expert Kimberly Mehlman-Orozco also bases her opinions on the declaration of Daiquan Davis. See Ex. D at page 21. If Defendants can rely on witness statements in their expert testimony, then Plaintiff certainly should be able to use these statements describing sex trafficking occurring at the Roosevelt Inn in support of her claims.

Police records and witness statements are the types of evidence that experts can reasonably rely upon in the field of security. See Pa. R.E. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted."). Along with his expert report, the

---

[1] This opinion by expert Kimberly Mehlman-Orozco is also the subject of Plaintiff's Motion in Limine to Preclude Defendants from Soliciting Testimony and Opinions Concerning the Credibility of Evidence and Witnesses.

Case ID: 170300712
Control No.: 21060291

Roosevelt Defendants' security expert Norman Bates provided a copy of his forensic methodology relied upon when issuing his opinions.  See Bates' Methodology, attached as Exhibit "F".  This methodology was issued as "Best Practices" by the International Association of Professional Security Consultants.  The methodology lists witness statements and police records as the typical evidence reviewed by experts in premises security cases.  See Ex. F at pages 3 – 4.  Although some of this evidence may not be able to be read to the jury on its own, the evidence can be admissible under various circumstances.  The evidence can be admissible through expert testimony as discussed above.  It is premature to categorically exclude this evidence.

In addition, the evidence of online reviews is relevant and admissible to prove notice. This evidence can be used to prove that the Roosevelt Inn was on notice of the need to investigate and take reasonable precautions against the criminal conduct of third parties.  See, e.g., Castellani v. Scranton Times, L.P., 633 Pa. 230, 254, 124 A.3d 1229, 1244 (2015) ("Out-of-court statements offered to establish notice to a defendant are not hearsay.").  Contrary to Alpha's arguments, this evidence is not offered for the truth of the matter asserted, and thus it is not hearsay.  See Fernandez v. City of Pittsburgh, 164 Pa. Cmwlth. 662, 673, 643 A.2d 1176, 1182 (1994) ("Out-of-court statements not offered to prove the truth of the matters asserted are not hearsay and are admissible if relevant for other proper purposes.").  A limiting instruction could be used to prevent any of Alpha's concerns from arising.  See Castellani, 633 Pa. at 265.

The Roosevelt Defendants have openly admitted to monitoring this type of evidence. The manager of the motel Yagna Patel testified that a motel employee named Candace Gordiano would read online reviews and tell him about various customer complaints, including complaints about drug use and prostitution at the Roosevelt Inn:

11

Case ID: 170300712
Control No.: 21060291

> Q:    What did Ms. Gordiano tell you people were saying on the websites about the Roosevelt?
>
> A:    Some people said good things, but some people – because we don't give them refund or they want money back or something, then they just make excuse and they write anything.
>
> <div align="center">***</div>
>
> Q:    Did she ever tell you that people on reviews noted that there was drug use at the Roosevelt?
>
> A:    Couple times, yes.
>
> Q:    Di she ever tell you that people on the reviews noted that there were  -- that there was prostitution going on at the Roosevelt?
>
> A:    One or two time, yes.

See Ex. I at page 331 – 333.  Rather than taking these complaints seriously and reconsidering the motel's security measures, Mr. Patel disregarded the complaints, assuming they were only people mad about getting a refund.

This evidence of notice and the extensive criminal activity at the Roosevelt Inn is relevant to Plaintiff's claims against the Roosevelt Defendants and Defendant Alpha.  Therefore, it's premature to categorically exclude this evidence.

## V.    CONCLUSION

The Court should deny Alpha's Motion.  An appropriate form of order is respectfully attached hereto for the Court's consideration.

<div align="center">12</div>

Case ID: 170300712
Control No.: 21060291

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060291

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Response in Opposition to the Motion in Limine of Defendant Alpha-Centurion Security, Inc. as to Extraneous Criminal Activity*, was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

FILED
14 JUN 2021 09:38 pm
Civil Administration
E. MEENAN

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of June, 2021, upon consideration of Motion in Limine of Defendant Alpha-Centurion Security, Inc. to Preclude Reference to Pennsylvania's Human Trafficking Laws, and any response in opposition thereto, it is hereby:

**ORDERED** and **DECREED** that Defendant Alpha-Centurion Security, Inc.'s Motion is **DENIED**.

BY THE COURT

_____
                                    J.

**KLINE & SPECTER, P.C.**                                      Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## PLAINTIFF'S RESPONSE TO MOTION IN LIMINE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. TO PRECLUDE REFERENCE TO PENNSYLVANIA'S HUMAN TRAFFICKING LAWS

Plaintiff M.B. ("Plaintiff"), by her counsel, Kline & Specter, P.C, responds in opposition to the Motion in Limine of Defendant Alpha-Centurion Security, Inc. (hereinafter "Alpha") to Preclude Reference to Pennsylvania's Human Trafficking Laws as follows:

1.      Denied as stated.  This paragraph refers to Plaintiff's Fourth Amended Complaint, which is a document that speaks for itself.  Any characterizations of the document are denied.

2.      Denied as stated. This paragraph refers to the transcript of the deposition of Plaintiff M.B.  This transcript is a document that speaks for itself.  Any characterizations of the document are denied.

3.      Denied.  The averments in this paragraph are legal conclusions to which no response is required.

4.      Denied as stated.  This paragraph refers to Plaintiff's Complaint, which is a document that speaks for itself.  Any characterizations of the document are denied.

Case ID: 170300712
Control No.: 21060282

5.      Denied as stated.  This paragraph refers to Plaintiff's Fourth Amended Complaint, which is a document that speaks for itself.  Any characterizations of the document are denied.

6.      Denied as stated.  This paragraph refers to Plaintiff's Motion for Leave to File a Fourth Amended Complaint, which is a document that speaks for itself.  Any characterizations of the document are denied.

7.      Denied as stated.  See response to Paragraph 1.

8. – 26.      Denied.  The averments in these paragraphs are legal conclusions to which no response is required.  In this case, Plaintiff has asserted common law negligence claims against Defendant Alpha and the Roosevelt Defendants arising from her being a minor victim of sex trafficking at the Roosevelt Inn.  She is not asserting any civil claims under the Pennsylvania Human Trafficking Law, 18 Pa. C.S. § 3011, et seq., ("PAHTL").  The Roosevelt Defendants still plan to offer testimony at trial from their liability expert that Plaintiff does not have a civil claim under the PAHTL, which is the subject of a different motion in limine.

Alpha has filed the instant Motion in Limine to preclude Plaintiff's counsel from making any reference to the Pennsylvania Human Trafficking Law, 18 Pa. C.S. § 3011, et seq., ("PAHTL"), which the Roosevelt Defendants have joined in support.  The Court should reject Defendants' attempt to unfairly preclude Plaintiff from referencing the PAHTL's definition of sex trafficking, while using the statute to try to cast doubt on her common law negligence claims.

The Court should deny Alpha's Motion in Limine, because the statute is relevant to define the term "sex trafficking".  Plaintiff is not attempting to assert a civil claim under the PAHTL.  Both Plaintiff and Alpha's liability experts have referenced the statute to define sex trafficking.  Whether it's the PAHTL or the federal Trafficking Victims Protection Act ("TVPA"), 22 U.S.C. § 7102, cited by some of Defendants' experts, both statutes similarly define sex trafficking as selling a minor for sex without the requirement of force, fraud or

2

Case ID: 170300712
Control No.: 21060282

coercion.  The definition is near identical under both the PAHTL and the TVPA.  It's not about the application of the law. It's just a footnote to define sex trafficking.  There is nothing inflammatory or prejudicial in using the statute's definition of sex trafficking.  The Court should deny Alpha's Motion.

     **WHEREFORE**, Plaintiff requests that this Honorable Court enter an Order denying the Motion in Limine of Defendant Alpha-Centurion Security, Inc. to Preclude Reference to Pennsylvania's Human Trafficking Laws.

                  **KLINE & SPECTER, P.C.**

                  */s/Emily B. Marks*

**BY:**  _____
                  THOMAS R. KLINE, ESQUIRE
                  NADEEM A. BEZAR, ESQUIRE
                  EMILY B. MARKS, ESQUIRE
                  KYLE B. NOCHO, ESQUIRE
                  *Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060282

**KLINE & SPECTER, P.C.**                          Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER RESPONSE TO MOTION IN LIMINE OF DEFENDANT ALPHA-CENTURION SECURITY, INC. TO PRECLUDE REFERENCE TO PENNSYLVANIA'S HUMAN TRAFFICKING LAWS**

      Plaintiff M.B. ("Plaintiff"), by her counsel, Kline & Specter, P.C., respectfully submits this Memorandum of Law in Support of her Response to the Motion in Limine of Defendant Alpha-Centurion Security, Inc. (hereinafter "Alpha") to Preclude Reference to Pennsylvania's Human Trafficking Laws.

I.     **PRELIMINARY STATEMENT**

      In this case, Plaintiff has asserted common law negligence claims against Defendant Alpha and the Roosevelt Defendants arising from her being a minor victim of sex trafficking at the Roosevelt Inn.  She is not asserting any civil claims under the Pennsylvania Human Trafficking Law, 18 Pa. C.S. § 3011, et seq., ("PAHTL").  The Roosevelt Defendants still plan to offer testimony at trial from their liability expert that Plaintiff does not have a civil claim under the PAHTL, which is the subject of a different motion in limine.

      Alpha has filed the instant Motion in Limine to preclude Plaintiff's counsel from making any reference to the Pennsylvania Human Trafficking Law, 18 Pa. C.S. § 3011, et seq.,

Case ID: 170300712
Control No.: 21060282

("PAHTL"), which the Roosevelt Defendants have joined in support.  The Court should reject Defendants' attempt to unfairly preclude Plaintiff from referencing the PAHTL's definition of sex trafficking, while using the statute to try to cast doubt on her common law negligence claims.

The Court should deny Alpha's Motion in Limine, because the statute is relevant to define the term "sex trafficking".  Plaintiff is not attempting to assert a civil claim under the PAHTL.  Both Plaintiff and Alpha's liability experts have referenced the statute to define sex trafficking.  Whether using the definition under the PAHTL or the federal Trafficking Victims Protection Act ("TVPA"), 22 U.S.C. § 7102, cited by some of Defendants' experts, both statutes similarly define sex trafficking as selling a minor for sex without the requirement of force, fraud or coercion.  The definition is nearly identical under the TVPA and the PAHTL.  It's not about the application of the law. It's just a footnote to define sex trafficking.  There is nothing inflammatory or prejudicial in using the statute's definition of sex trafficking.  The Court should deny Alpha's Motion.

## II.    QUESTION PRESENTED

1. Should this Honorable Court permit Plaintiff to use the Pennsylvania Human Trafficking Law to define the term "sex trafficking" as Defendants' experts have?

   **SUGGESTED ANSWER:**   *Yes. The Pennsylvania Human Trafficking Law is relevant to defining the term sex trafficking, as both Plaintiff and Defendants' experts have used the statute to define sex trafficking.*

## III.   BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff was the victim of sex trafficking that occurred at the Roosevelt Inn when she was just fourteen years old from about January 2014 through June 6, 2014.  Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants").

2

Case ID: 170300712
Control No.: 21060282

On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha, as an additional defendant.

The Court should deny Alpha's Motion in Limine, because the PAHTL is relevant to define the term "sex trafficking".  Plaintiff is not attempting to assert a civil claim under the PAHTL.  Both Plaintiff and Alpha's liability experts have referenced the statute to define sex trafficking.  Whether using the definition under the PAHTL or under the federal Trafficking Victims Protection Act ("TVPA"), 22 U.S.C. § 7102, cited by some of Defendants' experts, both statutes similarly define sex trafficking as selling a minor for sex without the requirement of force, fraud or coercion.  The definition is nearly identical under both the TVPA and the PAHTL.  It's not about the application of the law. It's just a footnote to define sex trafficking.  There is nothing inflammatory or prejudicial in using the statute's definition of sex trafficking.  The Court should deny Alpha's Motion.

## IV.   THE COURT SHOULD NOT PRECLUDE THE PARTIES FROM USING THE DEFINITION OF SEX TRAFFICKING FROM THE PENNSYLVANIA HUMAN TRAFFICKING LAW.

The Court should deny Alpha's Motion in Limine, because the statute is relevant to define the term "sex trafficking".  Plaintiff is not attempting to assert a civil claim under the PAHTL.  Both Plaintiff and Alpha's liability experts have referenced the statute to define sex trafficking.  Whether using the definition under the PAHTL or under the federal Trafficking Victims Protection Act ("TVPA"), 22 U.S.C. § 7102, cited by some of Defendants' experts, both the TVPA and the PAHTL similarly define sex trafficking as selling a minor for sex without the requirement of force, fraud or coercion.  The definition is nearly identical under both the TVPA and the PAHTL.  It's not about the application of the law. It's just a footnote to define sex trafficking.  There is nothing inflammatory or prejudicial in using the statute's definition of sex trafficking.  The Court should deny Alpha's Motion.

3

Case ID: 170300712
Control No.: 21060282

Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. "All relevant evidence is admissible, except as otherwise provided by law." Pa.R.E. 402. A court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403. Evidence will not be excluded simply because it is harmful to the defendant. Com. v. Antidormi, 84 A.3d 736, 750 (Pa. Super. Ct. 2014).

Here, the Court should not preclude the parties from using the Pennsylvania Human Trafficking Law to define sex trafficking. This case involves a young girl who was a victim of sex trafficking at the Roosevelt Inn where she was sold for sex as a minor. The PAHTL provides a definition of sex trafficking that is useful to the jury.

Naturally, Alpha's own liability expert relies on the PAHTL to define trafficking and relies on the definition when making their opinions. Alpha's liability expert John Shane includes a section of his expert report where he defines various terms, including "human trafficking" where he relies on the definition provided by the PAHTL:

**Human Trafficking**   The State of Pennsylvania defines human trafficking as: a "…felony to recruit, entice, solicit, harbor, or transport a minor which results in the minor being subjected to sexual servitude" (Title 18 Pa. C.S. § 3011, et. seq.).

See Expert Report of Jon Shane at page 13, attached as Exhibit "A". He also uses the statute to define the term "sexual servitude":

**Sexual Servitude**   The State of Pennsylvania defines sexual servitude as: "Any sex act or performance involving a sex act for which anything of value is directly or indirectly given, promised to or received by any individual or which is performed or provided by any individual and is induced or obtained from:
(1) A minor.
(2) Any other individual by any of the means set forth in section 3012(b).

4

Case ID: 170300712
Control No.: 21060282

<u>See</u> <u>id.</u>  In addition, he uses the PAHTL to define the term "involuntary servitude."  <u>See</u> <u>id.</u>   He

relies on these definitions to make his opinions found later in his report when he explains

different types of human trafficking.  <u>See</u> <u>id.</u> at page 14 – 15.

      Plaintiff's liability expert Richard Hudak references the PAHTL in his expert report,

while defining what sex trafficking is.  He writes that sex trafficking involves "any person under

the age of 18 in the sex industry" and "force, fraud or coercion is not needed when a child is

involved."  <u>See</u> Expert Report of Richard Hudak, attached as Exhibit "B" at page 3.

      In addition, Defendants' other liability experts also define sex trafficking using a statute,

under which Plaintiff has not asserted a claim.  The Roosevelt Defendants' expert Norman Bates

relies on the definition from the federal Trafficking Victims Protection Act ("TVPA"). 22 U.S.C.

§ 7102, which has a near identical definition of as the PAHTL.  Norman Bates writes in  his

expert report: "Whereas 'human sex trafficking' is defined under federal law as: 'A commercial

sex act induced by fraud, force, or coercion, or in which the person induced to perform such act

has not attained 18 years of age.' (22 USC Chapter 78. Sec. 7102(8)(2008))."  <u>See</u> Expert Report

of Norman Bates at page 2, attached as Exhibit "C".  The Roosevelt Defendants' expert

Kimberly Mehlman-Orozco and Alpha's expert James Francis also rely on this statute to define

sex trafficking.  <u>See</u> Expert Report of Kimberly Mehlman-Orozco at page 7, attached as Exhibit

"D' and Supplemental Expert Report of James Francis at page 8, attached as Exhibit "E".

Plaintiff is not attempting to assert a civil claim under the PAHTL or the federal Trafficking

Victims Protection Act.  These statutes provide a near identical definition that is useful for the

jury.

      The PAHTL's definition of trafficking is clearly relevant, and it's not prejudicial to use

the PAHTL to define important terms likely to be used at trial, evidenced by the use of the

statute's definition by both Plaintiff and Alpha's liability experts.

Case ID: 170300712
Control No.: 21060282

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter the proposed Order denying Alpha's Motion in Limine to Preclude Reference to Pennsylvania's Human Trafficking Laws.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

6

Case ID: 170300712
Control No.: 21060282

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

<div align="right" style="text-align:center">

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

</div>

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Motion in Limine of Defendant Alpha-Centurion Security, Inc. to Preclude Reference to Pennsylvania's Human Trafficking Laws* was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,
UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Case ID: 170300712
Control No.: 21060282

FILED
14 JUN 2021 02:52 pm
Civil Administration
F. HEWITT

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of June, 2021, upon consideration of the Motion in Limine

to Preclude and Exclude References to Alleged Trafficking Victims filed by Defendants

Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna

Patel (collectively "Roosevelt Defendants"), Plaintiff's Response in Opposition, and any

response thereto, it is hereby:

**ORDERED** and **DECREED** that the Roosevelt Defendants' Motion in Limine is

**DENIED.**

BY THE COURT:

_____
                                    J.

Case ID: 170300712
Control No.: 21060521

**KLINE & SPECTER, P.C.**                                    Attorneys for Plaintiff M.B.
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION IN LIMINE TO PRECLUDE AND EXCLUDE REFERENCES TO ALLEGED TRAFFICKING VICTIMS FILED BY DEFENDANTS ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, AND YAGNA PATEL

Motion in Limine to Preclude and Exclude References to Alleged Trafficking Victims filed by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (collectively "Roosevelt Defendants"), as follows:

1.    Denied as stated.  This paragraph refers to Plaintiff's Complaint and Plaintiff's Amended Complaints, which are written documents that speak for themselves.  Any characterizations of these documents are denied.  See Plaintiff's Fourth Amended Complaint, attached as Exhibit "A".

2.    Denied as stated.  Abdul Lopez and Daiquan Davis sex trafficked Plaintiff M.B. at the Roosevelt when she was a minor.  Both of these sex traffickers were convicted of the crime sex trafficking of a minor under 18 U.S.C. §§ 1591 and 1594(a).  The Roosevelt Defendants filed a

Case ID: 170300712
Control No.: 21060521

Joinder Complaint joining Abdul Lopez and Daiquan Davis as Additional Defendants.  All other averments are denied.

3. – 5.  Denied as stated.  These paragraphs refer to written statements from sex trafficking victims at the Roosevelt Inn.  These statements are written documents that speak for themselves.  Any characterizations of the documents are denied.  See Victim Statements, attached as Exhibit "B".

6.  Denied as stated.  This paragraph refers to the written statements of other victims of sex trafficking and Plaintiff's Fourth Amended Complaint.  These documents are written documents that speak for themselves.  Any characterizations of the documents are denied.  See Exs. A & B.

7. – 20.  Denied.  The averments in this paragraph are legal conclusions to which no response is required.  The Roosevelt Defendants have filed this Motion in Limine attempting to exclude any evidence or testimony referencing other victims of sex trafficking, including those who were victims of sex trafficking at the Roosevelt Inn.  This evidence is relevant in showing that the Roosevelt Defendants knew or should have known about the dangers posed by criminal activity to the safety of those at the motel like M.B.  Evidence that is relevant and admissible cannot be precluded merely because it is unfavorable to Defendants' position.  See Commonwealth v. Dillon, 925 A.2d 131 (Pa. 2007).

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

Case ID: 170300712
Control No.: 21060521

A landowner "is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care." Campsis v. Acme Markets, 915 A.2d 117 (Pa. Super. 2006).

Evidence of other sex trafficking victims at the Roosevelt Inn shows the existence of dangers to the safety of those at the motel like M.B., requiring the motel to investigate and take reasonable precautions against the foreseeable harm suffered by Plaintiff M.B.  See, e.g., Paliometros v. Loyola, 932 A.2d 128, 135 – 37 (Pa. Super. 2007) (plaintiff who was sexually assaulted at a motel could show the harm that she faced was reasonably foreseeable by introducing evidence of rampant underage drinking at the motel); Rabutino, 809 A.2d at 941 n.6 (finding that the harm experienced by a shooting victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of the motel "coupled with an extensive record of reported crimes in the locale during the previous twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false imprisonments…"); Young v. Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594, 600–02 (2014) (plaintiff met notice requirement in case involving assault where plaintiff introduced evidence of police calls made regarding fights, disorderly conduct, trespassing, drug activity, and shoplifting, along with a prior assault in the area); Bonilla v. Motel 6 Operating L.P., No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011) (reasoning that the frequency of calls to the police for crimes generally could be a factor considered by the jury whether the motel had constructive notice of the foreseeable harm experienced by a plaintiff stabbed at a motel).

This evidence can also help to rebut the Roosevelt Defendants' denial of knowledge of crimes occurring at the motel.  During their depositions, the motel manager Yagna Patel and the

3

Case ID: 170300712
Control No.: 21060521

employees of the motel denied any knowledge about criminal activities going on at the Roosevelt Inn.

Counsel for the Roosevelt Defendants' own questioning opened the door for evidence of events that occurred after June 2014.  The Roosevelt Defendants have introduced evidence in this trial of purported events that occurred after M.B. left the Roosevelt Inn in June 2014.   The Roosevelt Defendants' counsel specifically elicited trial testimony from Co-Defendant Daiquan Davis detailing when he used the Roosevelt Inn for commercial sex work after June 2014.[1] Rather than stop that line of questioning, the Roosevelt Defendants chose to pursue testimony regarding purported events after June 2014 to support their defense.  With the Roosevelt Defendants introducing evidence and eliciting testimony about purported events after June 2014 in their defense, Plaintiff certainly should be able to use evidence to rebut the Roosevelt Defendants' claims that their staff and management did not permit illicit activity and were unaware that commercial sex activity occurred at the motel.

Precluding this evidence now is premature given the potential that witnesses may open the door to this evidence through their testimony.  See Com. v. Murphy, 182 A.3d 1002, 1005 (Pa. Super. Ct. 2018) ("A litigant opens the door to inadmissible evidence by presenting proof that creates a false impression refuted by the otherwise prohibited evidence.") (internal citations and quotation marks omitted).  The Court should thus deny the Roosevelt Defendants' Motion in Limine.

It is also premature to categorically exclude the victim statements when they can be admissible in a number of different ways.  Plaintiff's counsel is well aware of the Pennsylvania

---

[1] Trial testimony was taken of Co-Defendant Daiquan Davis on June 10, 2021.  Plaintiff's counsel has received a draft copy of the transcript from the court reporter. A final copy is forthcoming and will be provided upon receipt.

4

Case ID: 170300712
Control No.: 21060521

Rules of Evidence and the specific rules pertaining to hearsay evidence.  The victim statements can be admissible in a number of different ways, including through expert testimony, refreshing a witness' recollection, or through impeachment.  See, e.g., Pa. R.E. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.").  The Roosevelt Defendants' own liability experts rely on witness statements and discus the experiences of other victims of sex trafficking in expert reports.  The Court should thus deny the Roosevelt Defendants' Motion in Limine.

WHEREFORE, Plaintiff respectfully request this Honorable Court deny the Roosevelt Defendants' Motion *in Limine*.  An appropriate form of Order is attached.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY:    */s/Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060521

**KLINE & SPECTER, P.C.**                        Attorneys for Plaintiff M.B.
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION IN
LIMINE TO PRECLUDE AND EXCLUDE REFERENCES TO ALLEGED
TRAFFICKING VICTIMS FILED BY DEFENDANTS ROOSEVELT INN LLC,
ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, AND
YAGNA PATEL**

**I.   PRELIMINARY STATEMENT**

The Roosevelt Defendants have filed this Motion in Limine attempting to exclude any

evidence or testimony referencing other victims of sex trafficking, including those who were

victims of sex trafficking at the Roosevelt Inn.  This evidence is relevant in showing that the

Roosevelt Defendants knew or should have known about the dangers posed by criminal activity

to the safety of those at the motel like M.B.   Evidence of other sex trafficking victims at the

Roosevelt Inn can be used to show dangerous criminal activity occurring at the motel, requiring

the Roosevelt Defendants to investigate and take reasonable precautions to prevent the

foreseeable harm suffered by Plaintiff M.B.  This evidence also rebuts the Roosevelt Defendants'

denial of knowledge of crimes occurring at the motel.

Case ID: 170300712
Control No.: 21060521

Counsel for the Roosevelt Defendants' own questioning opened the door for evidence of events that occurred after June 2014.  The Roosevelt Defendants have introduced evidence in this trial of purported events that occurred after MB left the Roosevelt Inn in June 2014.   The Roosevelt Defendants' counsel specifically elicited testimony from Daiquan Davis detailing when he used the Roosevelt Inn for commercial sex work after June 2014.  They elicited this testimony in support of their position that staff and management did not permit illicit activity and were unaware that commercial sex activity occurred at the motel.  The Roosevelt Defendants' own security expert relies on evidence from 2015 in his expert report.  Plaintiff should certainly be able to use evidence from this time, if Defendants are going to use evidence from it in their defense.

Plaintiff's counsel is well aware of the Pennsylvania Rules of Evidence and the specific rules pertaining to hearsay evidence.  It is premature to categorically exclude the victim statements when they can be admissible in a number of different ways, including through refreshing a witness's recollection, impeaching a witness, or expert testimony if reviewed and relied upon by an expert.  The Roosevelt Defendants' own liability experts rely on witness statements, and the Roosevelt Defendants' expert Kimberly Mehlman-Orozco relies discusses the experiences of other victims of sex trafficking in her expert report.  Precluding this evidence now is premature given the potential that witnesses may open the door to this evidence through their testimony.  The Court should thus deny the Roosevelt Defendants' Motion in Limine.

## II.   QUESTION PRESENTED

A.     Should the Court deny the Roosevelt Defendants' Motion to preclude evidence or testimony referencing other sex trafficking victims at the Roosevelt Inn?

*Suggested Answer*: Yes.  Evidence of other sex trafficking victims at the Roosevelt Inn is relevant in showing that the Roosevelt Defendants knew or should have known about the dangers posed to the safety of those at the motel like M.B.  In addition, this evidence can

Case ID: 170300712
Control No.: 21060521

be used to rebut the testimony of motel employees who have denied knowledge of any criminal activity at the Roosevelt Inn.  The victims' witness statements can also be admissible in different ways, including through expert testimony, as security experts reasonably rely on witness statements when forming their opinions. This, it would be premature to categorically exclude this evidence.

## III.   BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel when she was just 14 years-old from approximately January 2014 through June 6, 2014. Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively, "Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding the security company, Alpha-Centurion Security, Inc., as an additional defendant.  In this action, Plaintiff has asserted claims under theories of common law Negligence (Counts - I, II) and Negligent Infliction of Emotional Distress (Counts III, IV).  See Plaintiff's 4th Amended Complaint attached as Exhibit "A".

Through the instant Motion, the Roosevelt Defendants seek to preclude the introduction of relevant evidence of other victims of sex trafficking at the Roosevelt Inn.  Defendants seek the preclusion of this broad category of evidence, including but not limited to any the victims' "identities, their trafficking experiences, their activities at the Roosevelt Inn, law enforcement activities related to their claims; and all documents related to them, including their purported written statements."   This evidence is relevant to proving Plaintiff's claims going to the issue of notice, and this evidence also rebuts the position taken by the employees of the Roosevelt Inn to deny knowledge of criminal activity occurring at the motel.  The Roosevelt Defendants have also opened the door to this evidence through their questioning eliciting trial testimony from Daiquan

Case ID: 170300712
Control No.: 21060521

Davis for purported events after June 2014 in their defense. The Court should thus deny the Roosevelt Defendants' Motion.

## IV.   LEGAL ARGUMENT

### A.   Evidence of other sex trafficking victims at the Roosevelt Inn is relevant to show the existence of dangerous criminal activity at the Roosevelt Inn, requiring the motel to investigate and take reasonable steps to protect those at the motel like M.B.

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably anticipated criminal conduct by third parties.  See Ex. A at ¶¶ 68 – 87.

The duty owed to business invitees is the highest duty owed to any entrant upon land.  "The landowner is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care." Campsis v. Acme Markets, 915 A.2d 117 (Pa. Super. 2006). Thus, the possessor of land has a duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as may be necessary for the business invitee's protection.  Crotty v. Reading Industries, Inc., 345 A.2d 259 (Pa. Super. 1975); Pa. SSCJI 18.40.

Pennsylvania has adopted § 344 of the Restatement (Second) of Torts, which lays out the standard for businesses' liability for third party criminal acts committed against an invitee on the business premises.  See Moran v. Valley Forge Drive–In Theater, Inc., 431 Pa. 432, 246 A.2d 875, 878 (Pa.1968) (reasoning that § 344 applied when deciding whether a busines was liable for the tortious or negligent acts by third parties).

The Restatement (Second) of Torts § 344 states:

> A possessor of land who holds it open to the public for entry for
> his business purposes is subject to liability to members of the
> public while they are upon the land for such a purpose, for physical

Case ID: 170300712
Control No.: 21060521

harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

- (a) discover that such acts are being done or are likely to be done, or
- (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965).

Comment f. to Section 344 provides that businesses may have a duty to police the premises adequately, if the businesses "know or have reason to know, from past experience that there is a likelihood of conduct on the part of the third person in general which is likely to endanger the safety of the visitor, even though he had no reason to expect it on the part of the particular individual."  Id.  The Comment further states: "If the place or character of his business, or his past experience is such that he should reasonably anticipate a careless or criminal conduct on the part of a third person, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection."  Id.

Various Pennsylvania state court decisions have found that a plaintiff can show that a business was on notice of the need to take reasonable precautions against the foreseeable potential harm suffered by the plaintiff when the plaintiff introduced evidence of past criminal activity in the area.  For instance, the Superior Court has found that a plaintiff who was sexually assaulted at a motel could show the harm that she faced was reasonably foreseeable by introducing evidence of rampant underage drinking at the motel.   See Paliometros, 932 A.2d at 135-37.  In another case, the Superior Court concluded that the harm experienced by a shooting victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of the motel "coupled with an extensive record of reported crimes in the locale during the previous

5

Case ID: 170300712
Control No.: 21060521

twelve months—170 total calls including 43 disorderly crowds and fighting, twenty three burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false imprisonments…". Rabutino, 809 A.2d at 941 n.6. The Superior Court in Rabutino found that the extensive crimes "bore on the foreseeability that the illicit environment permitted at the [motel] would foster careless, reckless, and/or deliberate conduct causing harm to those present." Id.; see also Murphy v. Penn Fruit Co., 274 Pa. Super. 427, 432–33, 418 A.2d 480, 483 (1980) (plaintiff demonstrated the business' notice of her potential harm in case involving assault through evidence of "instances of disturbances, car thefts, muggings, purse snatches, drug use" occurring in the area); Young v. Prizm Asset Mgmt. Co., 2014 PA Super 195, 100 A.3d 594, 600–02 (2014) (plaintiff met notice requirement in case involving assault where plaintiff introduced evidence of police calls made regarding fights, disorderly conduct, trespassing, drug activity, and shoplifting, along with a prior assault in the area).

Federal courts interpreting Pennsylvania law have also found that plaintiffs can meet the notice requirement by showing evidence of past criminal activity in the area. In a case involving a stabbing victim at a motel, the court reasoned that the frequency of calls to the police for crimes generally could be a factor considered by the jury whether the motel had constructive notice of the foreseeable harm experienced by the plaintiff. See Bonilla v. Motel 6 Operating L.P., No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011). Courts have found that past criminal activity near a business can be used to show that the crime suffered by the plaintiff was reasonably foreseeable. See Morgan v. Bucks Assocs., 428 F. Supp. 546, 550–51 (E.D. Pa.1977) (non-violent car thefts occurring on premises put the defendant on constructive notice that violent criminal conduct on the part of third persons, such as the assault of the plaintiff, might occur on the premises); Baker v. Solo Nightclub, LLC, No. CIV.A. 11-

6

Case ID: 170300712
Control No.: 21060521

2380, 2013 WL 1927052, at *8 (E.D. Pa. May 9, 2013) (defendants were on notice of potential danger to plaintiff in case involving plaintiff who was a shooting victim, where the plaintiff showed past incidents of disorderly conduct and fights occurring in the area, along with a Commonwealth action to enjoin the business's liquor license and previous gun incidents).

Contrary to the Roosevelt Defendants' argument, evidence of other sex trafficking victims at the Roosevelt Inn is relevant to the issue of notice and contradicts the position taken by the Roosevelt Defendants that they were unaware of any criminal activity at the motel.  This evidence would show that in the years leading up to when Plaintiff M.B. was sex trafficked at the Roosevelt Inn, other minors were also being sold for sex at the motel.  These incidents of sex trafficking help to show the existence of extensive criminal activity, requiring the motel to investigate and take precautions against the reasonably foreseeable harm experienced by M.B. while at the motel.  See Murphy, 418 A.2d at 483–84 ("[A]n examination of past criminal acts in the immediate vicinity of [the defendant's business] leads us to conclude the jury could infer that the occurrence of the instant crime was reasonably foreseeable."); Young, 100 A.3d at 601–02 ("… section 344 does not require for the establishment of liability that closely similar incidents of criminality have occurred at or very near the location at which the later crime occurred."); Rabutino, 809 A.2d at 942 (plaintiff shot at motel could prove notice requirement by showing that defendant motel  "perpetuated an atmosphere where it was foreseeable that a harmful confrontation involving one or more of the unruly groups in the crowded hallways could have arisen.").

This evidence may also be used to rebut the Roosevelt Inn witnesses' testimony stating they did not know of any criminal activity happening at the Roosevelt Inn.  The Roosevelt Defendants' employees have generally denied knowing about criminal activity occurring at the

Case ID: 170300712
Control No.: 21060521

motel.  The motel manager Yagna Patel denied ever seeing anyone committing a crime while watching the live cameras at the motel during his thirty years as manager of the Roosevelt Inn. See Deposition Transcript of Yagna Patel at page 35 – 36, attached as Exhibit "C".  He denied knowing about any times staff called the police about guests' suspected drug use or prostitution at the motel.  See Ex. C at pages 309-310.  He also denied knowledge of any arrests for prostitution at the Roosevelt Inn.  See Ex. C at page 319.  Similarly, the motel employees deposed during discovery denied knowledge of criminal activity occurring at the Roosevelt Inn.

Precluding this evidence now is premature given the "opening the door" doctrine. See Com. v. Murphy, 182 A.3d 1002, 1005 (Pa. Super. Ct. 2018) ("A litigant opens the door to inadmissible evidence by presenting proof that creates a false impression refuted by the otherwise prohibited evidence.") (internal citations and quotation marks omitted).  If motel staff called to testify create a false impression refuted by this evidence, then Plaintiff should be permitted to cross-examine them regarding this evidence.

Counsel for the Roosevelt Defendants' own questioning opened the door for evidence of events that occurred after June 2014.  The Roosevelt Defendants have introduced evidence in this trial of purported events that occurred after MB left the Roosevelt Inn in June 2014.   The Roosevelt Defendants' counsel elicited trial testimony from Daiquan Davis detailing when he used the Roosevelt Inn for commercial sex work:[1]

> Q:      Mr. Davis, you mentioned that when I asked you where you engaged with commercial sex work and you listed several hotels. One of those hotels listed was the Roosevelt Inn. Are you able to tell me, sir, when you engaged in commercial sex work at the Roosevelt Inn?

---

[1] Trial testimony was taken of Co-Defendant Daiquan Davis on June 10, 2021.  Plaintiff's counsel has received a draft copy of the transcript from the court reporter. A final copy is forthcoming and will be provided upon receipt.

8

Case ID: 170300712
Control No.: 21060521

A:     Yes … The first date is October 1, 2014.  The second date is October 24, 2014.  The third date is October 23, 2014.  The fourth date is November 24, 2014.

<u>See</u> 6/10/21 Trial Transcript Testimony of Daiquan Davis at page 23, attached as Exhibit "D".

Rather than stop that line of questioning, the Roosevelt Defendants chose to pursue testimony regarding purported events after June 2014 to support their position that there was no knowledge of criminal activity at the Roosevelt Inn.  The Roosevelt Defendants elicited testimony from Co-Defendant Daiquan Davis that that Roosevelt Inn staff and manager, Yagna Patel, were "rule abiding" and that the staff and hotel manager were unaware of commercial sex activity.  The Roosevelt Defendants' counsel asked Mr. Davis about an interaction that he had with the motel manager Yagna Patel where Mr. Patel allegedly told Mr. Davis to go back to his room when Mr. Patel saw Davis "loitering" in the hallway:

Q:     Sir, did you ever interact with someone by the name of Yagna Patel?

A:     I had one interaction, yes.

Q:     Can you describe for me when that one interaction occurred?

A:     I'm not -- I'm not sure an accurate date, but I was loitering in the hallways and he told me to either leave the hotel or go back to my assigned room.

Q:     What did you do?

A:     I went back to my room.

Q:     Did you tell him you were a guest?

                    ***

A:     Yes.

Q:     Did he ask you if you were a guest?

                    ***

9

    A:     I volunteered that information before he got to ask me.

See Ex. D at page 28 – 29.  Davis confirmed that this incident occurred in October or November

2014.  See Ex. D at page 72.

       During the trial testimony of Co-Defendant Davis, counsel for the Roosevelt Defendants

specifically asked Daiquan Davis about his stays at the motel after June 2014:

> Q: … As part of the commercial sex work at the Roosevelt Inn in
> October of 2014 was the Roosevelt Inn or anyone that you're aware
> of at the Roosevelt Inn aware that you were engaging in
> prostitution?
>
> A   No.

See Ex. D at page 26.

       With the Roosevelt Defendants introducing evidence and eliciting testimony about

purported events after June 2014 in their defense, Plaintiff certainly should be able to use

evidence to rebut the Roosevelt Defendants' claims that their staff and management did not

permit illicit activity and were unaware that commercial sex activity occurred at the motel.

       Witness statements can reasonably be relied upon by experts in the field of security.  See

Pa. R.E. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or

data in forming an opinion on the subject, they need not be admissible for the opinion to be

admitted.").  Along with his expert report, the Roosevelt Defendants' security expert Norman

Bates provided a copy of his forensic methodology relied upon when issuing his opinions.  See

Norman Bates' Methodology, attached as Exhibit "E".  This methodology was issued as "Best

Practices" by the International Association of Professional Security Consultants.   The

methodology cites witness statements as evidence typically reviewed by security expert

witnesses pursuant to "Best Practices" published by the International Association of Professional

Security Consultants.  See Ex. E.  The defense experts Norman Bates and Kimberly Mehlman-

Case ID: 170300712
Control No.: 21060521

Orozco also base part of their opinions on a review of witness statements.  See Expert Report of Norman Bates at pages 56 – 58, 65, and 67, attached as Exhibit "F" and Expert Report of Kimberly Mehlman-Orozco at pages 21, attached as Exhibit "G".  Mehlman-Orozco also writes extensively in her expert report about the experiences of sex trafficking victims other than M.B. With the Roosevelt Defendants planning to use the experiences of other trafficking victims in their defense, Plaintiff should certainly be able use evidence of other sex trafficking victims at the Roosevelt Inn in support of her claims.

Although the victim statements may not be able to be read to the jury on their own, they can be admissible under various circumstances.  The statements can be used by the witness who signed the statement to refresh their recollection.  See Pa. R.E. 612 ("(a) Right to Refresh Memory. A witness may use a writing or other item to refresh memory for the purpose of testifying while testifying, or before testifying.").  The statements can also be used to impeach the person who made the statement in that person's testimony.  Pa. R.E. 613 ("(a) Witness's Prior Inconsistent Statement to Impeach. A witness may be examined concerning a prior inconsistent statement made by the witness to impeach the witness's credibility.").  It is premature to categorically exclude this evidence.

The evidence of other sex trafficking victims at the Roosevelt Inn is relevant to Plaintiff's claims against the Roosevelt Defendants and the Defendant Alpha.  Therefore, it's premature to preclude this evidence.

Case ID: 170300712
Control No.: 21060521

## V.    CONCLUSION

The Court should deny the Roosevelt Defendants' Motion.  An appropriate form of order is respectfully attached hereto for the Court's consideration.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060521

## <u>VERIFICATION</u>

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

<div align="right">

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

</div>

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above *Plaintiff's Response in Opposition to the Motion in Limine to Preclude and Exclude References to Alleged Trafficking Victims filed by Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel*, was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

<div align="center">

Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*


Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*


By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*


Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

</div>

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
        EMILY B. MARKS, ESQUIRE
        *Attorney for Plaintiff*

Case ID: 170300712
Control No.: 21060521

FILED
14 JUN 2021 09:39 pm
Civil Administration
E. MEENAN

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of June, 2021, upon consideration of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Preclude and Exclude Inadmissible Evidence[1], and any response in opposition thereto, it is hereby:

**ORDERED** and **DECREED** that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion is **DENIED**.

**BY THE COURT**

_____
                                                                J.

---

[1] The motion is only referred to as such for identification purposes.

Case ID: 170300712
Control No.: 21060528

**KLINE & SPECTER, P.C.**                  Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

**PLAINTIFF'S ANSWER IN OPPOSITION TO DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN, ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL'S MOTION TO PRECLUDE AND EXCLUDE INADMISSIBLE EVIDENCE**

Plaintiff M.B. ("Plaintiff"), by and through her undersigned counsel, Kline & Specter, P.C., responds in opposition to the Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Motion to Preclude or Exclude Inadmissible Evidence[1] as follows:

1.    Denied. Defendants have not included a Paragraph "1" in their Motion in Limine and thus, no response is required.

2.    Denied as stated. The operative complaint—Plaintiff's Fourth Amended Complaint—is a document that speaks for itself, and thus, any characterizations of the factual or legal claims contained therein, or in any prior version of a complaint in this matter, are denied.

---

[1] The motion is only referred to as such for identification purposes.

Case ID: 170300712
Control No.: 21060528

3.      Denied as stated. Plaintiff identified Daiquan Davis and Abdul Lopez as her traffickers long before discovery in this lawsuit.  It is also denied that Davis and Lopez were alleged traffickers.

4.      Denied. See response to Paragraph 2.

5.      Denied. See response to Paragraph 2. By way of further explanation, the cited articles or reports are documents that speak for themselves, and thus, any characterizations of Plaintiff's factual or legal claims contained therein are denied.

6.      Denied. See response to Paragraph 5.

7.      Denied. See response to Paragraph 5.

8.      Denied. See response to Paragraph 5.

9.      Denied. See response to Paragraph 5.

10.     Denied. See response to Paragraph 5. By way of further explanation, this paragraph contains legal arguments and conclusions of law to which no response is required. Plaintiff's Pre-Trial Memorandum is a document that speaks for itself, and thus, any characterizations of the factual or legal claims contained therein are denied.

11.-14. Denied. See response to Paragraph 5. By way of further explanation, this paragraph contains legal arguments and conclusions of law to which no response is required. Plaintiff's Pre-Trial Memorandum is a document that speaks for itself, and thus, any characterizations of the factual or legal claims contained therein are denied.

15.-27. Denied. These paragraphs consist of legal arguments and conclusions of law to which no response is required. By way of further explanation, the evidence cited by Defendants is both relevant and admissible. The duty owed to business invitees is the highest duty owed to any entrant upon land.  "The landowner is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable

2

care." <u>Campsis v. Acme Markets</u>, 915 A.2d 117 (Pa. Super. 2006). Thus, the possessor of land

has a duty to conduct reasonable inspections of the property to discover dangerous conditions

and to provide such warnings or safeguards as may be necessary for the business invitee's

protection. <u>Crotty v. Reading Industries, Inc.</u>, 345 A.2d 259 (Pa. Super. 1975); Pa. SSCJI 18.40

Owner of Land Duty of Care Owed to Invitees Generally.

This evidence may also be used to rebut the Roosevelt Inn witnesses' testimony stating

they did not know of any criminal activity happening at the Roosevelt Inn.  The Roosevelt

Defendants' employees have generally denied knowing about criminal activity occurring at the

motel.  The motel manager Yagna Patel denied ever seeing anyone committing a crime while

watching the live cameras at the motel during his thirty years as manager of the Roosevelt Inn.

<u>See</u> Deposition Transcript of Yagna Patel from July 19, 2018 at page 35 – 36, attached as Exhibit

"A".  He denied knowing about any times staff called the police about guests' suspected drug use

or prostitution at the motel.  <u>See</u> Deposition Transcript of Yagna Patel from September 5, 2019 at

pages 309-310, attached as Exhibit "B".  He also denied knowledge of any arrests for

prostitution at the Roosevelt Inn.  <u>See</u> Ex. B at page 319.  Similarly, the motel employees

deposed during discovery denied knowledge of criminal activity occurring at the Roosevelt Inn.

In addition, the evidence of online reviews is not hearsay when offered to prove notice.

<u>See, e.g.</u>, <u>Castellani v. Scranton Times, L.P.</u>, 124 A.3d 1229, 1244 (Pa. 2015) ("Out-of-court

statements offered to establish notice to a defendant are not hearsay.").  Contrary to Defendants'

arguments, this evidence is not offered for the truth of the matter asserted, and thus it is not

hearsay.  <u>See</u> <u>Fernandez v. City of Pittsburgh</u>, 643 A.2d 1176, 1182 (Pa. Cmwlth. Ct. 1994)

("Out-of-court statements not offered to prove the truth of the matters asserted are not hearsay

and are admissible if relevant for other proper purposes.").

Case ID: 170300712
Control No.: 21060528

At the same time, even if the news reports, TripAdvisor reviews, and Facebook comments constitute hearsay, Pennsylvania courts have held that expert opinions based on evidence, such as hearsay, are admissible. See, e.g, Brown v. Halpern, 202 A.3d 687, 707 (Pa. Super. Ct. 2019), re-argument denied (Feb. 27, 2019), appeal denied, 217 A.3d 207 (Pa. 2019), and appeal denied, 217 A.3d 809 (Pa. 2019); Com. v. Brown, 139 A.3d 208, 218 (Pa. Super. Ct. 2016).

Despite arguing that these reports and reviews are inadmissible, Defendants' own experts rely on this evidence when making their opinions.  The Roosevelt Defendants' security expert Norman Bates details news articles of traffickers and drug dealers who were arrested at the Roosevelt Inn.  See Bates Report attached as Exhibit "D" at P. 3-4, 9.  Mr. Bates has an entire section in his report entitled "**PRIOR CRIME AT SITE-BASED ON CCTV SURVEILLANCE FOOTAGE AND NEWS REPORTS.**"  See Exhibit "D" at P. 9.  If Defendants can rely on these news reports and reviews, then Plaintiff should be able to use this news articles describing sex trafficking and criminal activity occurring at the Roosevelt Inn in support of her claims and during cross-examination of witnesses.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter the attached Order denying Defendants' Motion in Limine.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

4

Case ID: 170300712
Control No.: 21060528

**KLINE & SPECTER, P.C.**                              Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| M.B. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | CIVIL TRIAL DIVISION |
| ROOSEVELT INN LLC | : | MARCH TERM, 2017 |
| d/b/a ROOSEVELT INN and | : | NO.: 00712 |
| ROOSEVELT INN CAFÉ, et al. | : | |
| | : | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER RESPONSE TO DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN, ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC. D/B/A ROOSEVELT MOTOR INN, UFVS MANAGEMENT COMPANY, LLC AND YAGNA PATEL'S MOTION TO PRECLUDE AND EXCLUDE INADMISSIBLE EVIDENCE

Plaintiff M.B. ("Plaintiff"), by her counsel, Kline & Specter, P.C., respectfully submits

this Memorandum of Law in Support of her Response to Defendants Roosevelt Inn LLC d/b/a

Roosevelt Inn, Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS

Management Company, LLC and Yagna Patel's ("Defendants") Motion to Preclude and Exclude

Inadmissible Evidence.[1]

### I.    PRELIMINARY STATEMENT

Plaintiff contends that the evidence cited by Defendants is not hearsay and is relevant on

multiple grounds: (1) This evidence is admissible and relevant to the issue of notice. (2) These

reviews would not be offered for the truth of the matter asserted; rather, the complaints can prove

notice to the motel of need to investigate and consider reasonable precautions against the

---

[1] The motion is only referred to as such for identification purposes.

Case ID: 170300712
Control No.: 21060528

criminal conduct of third parties. (3) This evidence also is relevant to rebutting the testimony

from the Roosevelt Inn employees that they were unaware of any criminal activity at the

Roosevelt Inn.

Plaintiff's counsel is aware of the Pennsylvania Rules of Evidence and the specific rules

pertaining to hearsay evidence.  Television, print, and online news reports, TripAdvisor Reviews

and Facebook Comments can be introduced at trial several different ways, including through

expert testimony as Defendants' own liability experts news articles in their expert reports.  The

Court should thus deny Defendants' Motion.

## II.      QUESTION PRESENTED

1.   Should this Honorable Court exclude the news reports, TripAdvisor reviews, and Facebook
     comments as irrelevant and inadmissible hearsay?

     **SUGGESTED ANSWER:**   *No. This evidence is not offered for the truth of the matter
     asserted, but instead to prove that Defendants were on notice of the criminal conduct
     occurring on its premises, including drug use and prostitution.*

## III.     BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff M.B. was the victim of sex trafficking that occurred at the Roosevelt Inn Motel

when she was just 14 years-old from approximately January 2014 through June 6, 2014.

Plaintiff filed a Complaint on March 10, 2017 against Defendants Roosevelt Inn LLC and

Roosevelt Motor Inn, Inc., as owners of the motel; the motel's management company, UFVS

Management Company, LLC; and the motel's manager, Yagna Patel (hereinafter collectively,

"Roosevelt Defendants"). On September 5, 2017, Plaintiff filed an Amended Complaint adding

the security company, Alpha-Centurion Security, Inc., as an additional defendant.  In this action,

Plaintiff has asserted claims under theories of common law Negligence (Counts - I, II) and

Negligent Infliction of Emotional Distress (Counts III, IV).

Case ID: 170300712
Control No.: 21060528

Roosevelt Defendants filed this Motion in Limine attempting to exclude evidence of television, print, and online news reports, the TripAdvisor reviews, and the Facebook comments about the motel.  Their Motion should be denied.

## IV.   THE COURT SHOULD PERMIT PLAINTIFF TO INTRODUCE THE TELEVISION, PRINT, AND ONLINE NEWS REPORTS, THE TRIPADVISOR REVIEWS, AND THE FACEBOOK COMMENTS AT TRIAL

Plaintiff's claims center on Defendants' negligence in failing to take appropriate steps to ensure the safety and protection of people at the Roosevelt Inn including M.B. from reasonably anticipated criminal conduct by third parties.  As explained below, the news articles, TripAdvisor reviews, and Facebook comments are relevant to the issue of notice and likewise, not hearsay. Accordingly, the Court should deny Defendants' motion.

### A.   THE TELEVISION, PRINT, AND ONLINE NEWS REPORTS, THE TRIPADVISOR REVIEWS, AND THE FACEBOOK COMMENTS ARE RELEVANT TO THE ISSUES IN THIS CASE

The duty owed to business invitees is the highest duty owed to any entrant upon land.  "The landowner is under an affirmative duty to protect a business visitor against known dangers but also against those which might be discovered with reasonable care." Campisi v. Acme Markets, 915 A.2d 117 (Pa. Super. Ct. 2006). Thus, the possessor of land has a duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as may be necessary for the business invitee's protection.  Crotty v. Reading Industries, Inc., 345 A.2d 259 (Pa. Super. Ct. 1975); Pa. SSCJI 18.40 Owner of Land Duty of Care Owed to Invitees Generally.

Pennsylvania has adopted § 344 of the Restatement (Second) of Torts, which lays out the standard for businesses' liability for third party criminal acts committed against an invitee on the business premises.  See Moran v. Valley Forge Drive–In Theater, Inc., 246 A.2d 875, 878 (Pa.

3

Case ID: 170300712
Control No.: 21060528

1968) (reasoning that § 344 applied when deciding whether a busines was liable for the tortious or negligent acts by third parties).

The Restatement (Second) of Torts § 344 states:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
> - (a) discover that such acts are being done or are likely to be done, or
> - (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965); Negligence--Failure to Prevent Intentional Harm to Business Invitees, Pa. SSJI (Civ), §18.120 (2020).

Comment f. to Section 344 provides that businesses may have a duty to police the premises adequately, if the businesses "know or have reason to know, from past experience that there is a likelihood of conduct on the part of the third person in general which is likely to endanger the safety of the visitor, even though he had no reason to expect it on the part of the particular individual." Id. The Comment further states: "If the place or character of his business, or his past experience is such that he should reasonably anticipate a careless or criminal conduct on the part of a third person, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." Id.

Pennsylvania state court decisions have found that a plaintiff can show that a business was on notice of the need to take reasonable precautions against the foreseeable potential harm suffered by the plaintiff when the plaintiff introduced evidence of past criminal activity in the area. For instance, the Superior Court has found that a plaintiff who was sexually assaulted at a

4

Case ID: 170300712
Control No.: 21060528

motel could show the harm that she faced was reasonably foreseeable by introducing evidence of rampant underage drinking at the motel.  See Paliometros, 932 A.2d at 135-37.  In another case, the Superior Court concluded that the harm experienced by a shooting victim at a motel was reasonably foreseeable based on the "alleged laissez faire reputation" of the motel "coupled with an extensive record of reported crimes in the locale during the previous twelve months—170 total calls including 43 disorderly crowds and fighting, twenty-three burglaries, five robberies (including one strong arm), 11 vandalisms, and 2 false imprisonments…".  Rabutino, 809 A.2d at 941 n.6.  The Superior Court in Rabutino found that the extensive crimes "bore on the foreseeability that the illicit environment permitted at the [motel] would foster careless, reckless, and/or deliberate conduct causing harm to those present."  Id.; see also Murphy v. Penn Fruit Co., 418 A.2d 480, 483 (Pa. Super. Ct. 1980) (plaintiff demonstrated the business' notice of her potential harm through evidence of "instances of disturbances, car thefts, muggings, purse snatches, drug use" occurring in the area); Young v. Prizm Asset Mgmt. Co., 100 A.3d 594, 600–02 (Pa. Super. Ct. 2014) (plaintiff met notice requirement in case involving assault where plaintiff introduced evidence of police calls made regarding fights, disorderly conduct, trespassing, drug activity, and shoplifting, along with a prior assault in the area).

Federal courts interpreting Pennsylvania law have also found that plaintiffs can meet the notice requirement by showing evidence of crimes in the area, other than the one committed against the plaintiff.  In a case involving a stabbing victim at a motel, the court reasoned that the frequency of calls to the police for crimes generally could be a factor considered by the jury whether the motel had constructive notice of the foreseeable harm experienced by the plaintiff.  See Bonilla v. Motel 6 Operating L.P., No. 2:09CV712, 2011 WL 4345786, at *5-*8 (W.D. Pa. Sept. 15, 2011).  These courts have found that other crimes can be used to show that the crime suffered by the plaintiff was reasonably foreseeable.  See Morgan v. Bucks Assocs., 428 F. Supp.

Case ID: 170300712
Control No.: 21060528

546, 550–51 (E.D. Pa.1977) (non-violent car thefts occurring on premises put the defendant on

constructive notice that violent criminal conduct on the part of third persons, such as the assault

of the plaintiff, might occur on the premises); <u>Baker v. Solo Nightclub, LLC</u>, No. CIV.A. 11-

2380, 2013 WL 1927052, at *8 (E.D. Pa. May 9, 2013) (defendants were on notice of potential

danger to plaintiff in case involving plaintiff who was a shooting victim, where the plaintiff

showed past incidents of disorderly conduct and fights occurring in the area, along with a

Commonwealth action to enjoin the business's liquor license and previous gun incidents).

 This evidence may also be used to rebut the Roosevelt Inn witnesses' testimony stating

they did not know of any criminal activity happening at the Roosevelt Inn.  The Roosevelt

Defendants' employees have generally denied knowing about criminal activity occurring at the

motel.  The motel manager Yagna Patel denied ever seeing anyone committing a crime while

watching the live cameras at the motel during his thirty years as manager of the Roosevelt Inn.

<u>See</u> Deposition Transcript of Yagna Patel from July 19, 2018 at page 35 – 36, attached as Exhibit

"A".  He denied knowing about any times staff called the police about guests' suspected drug use

or prostitution at the motel.  <u>See</u> Deposition Transcript of Yagna Patel from September 5, 2019 at

pages 309-310, attached as Exhibit "B".  He also denied knowledge of any arrests for

prostitution at the Roosevelt Inn. <u>See</u> Ex. B at page 319. Similarly, the motel employees deposed

during discovery denied knowledge of criminal activity occurring at the Roosevelt Inn.

Certainly, Plaintiff can also use the news articles where Mr. Patel is quoted in his capacity as

manager of the Roosevelt Inn.

 Similarly, there is no basis for Defendants' position that these news reports, internet

reviews, and Facebook comments are barred by Rule 404(b)(1) as if offered to prove the

Roosevelt Defendants' character. In essence, Rule 404(b)(2)'s text is instructive: "[Evidence of a

crime, wrong, or other act] may be admissible for another purpose, such as proving motive,

Case ID: 170300712
Control No.: 21060528

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." That this evidence may be admissible for "another purpose" is broad, so long as an impermissible propensity inference does not follow. The listed reasons for such evidence, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," are not exceptions to Rule 404(b)(1), as Defendants argue, but are rather examples of permitted uses. See Pa.R.E. 404, Comment ("Pa.R.E. 404(b)(2) . . . contains a non-exhaustive list of purposes, other than proving character, for which a person's other crimes wrongs or acts may be admissible."). Again, this evidence is offered to show notice, among other things, but not that Defendants had any propensity for criminal conduct.

This evidence is relevant to Plaintiff's claims against the Roosevelt Defendants and Defendant Alpha.

### B. THE TELEVISION, PRINT, AND ONLINE NEWS REPORTS, THE TRIPADVISOR REVIEWS, AND THE FACEBOOK COMMENTS ARE NOT INADMISSIBLE HEARSAY

Where an out-of-court statement is not admitted for the purpose of proving the truth of what was said, the hearsay rule does not bar admission of that statement. See, e.g., Spotts v. Reidell, 497 A.2d 630 (Pa. Super. Ct. 1985); Bachman v. Artinger, 426 A.2d 702 (Pa. Super. Ct. 1981). "Testimony as to an out of court statement, written or oral, is not hearsay if offered to prove, not that the content of the statement was true, but that the statement was made." Artinger, 426 A.2d at 705. "[A] witness may testify to a statement made to him when one of the issues involved is whether or not the statement was, in fact, made." Com. v. Wright, 317 A.2d 271, 273 (Pa. 1974). The above-referenced news reports, TripAdvisor reviews, and Facebook comments are not offered to prove that the statements contained in them are true, but instead to prove that the statements were, in fact, made.

Case ID: 170300712
Control No.: 21060528

Pennsylvania courts permit a party to introduce customer reviews when those reviews are not offered for the truth of the matter asserted. See Am. Future Sys., Inc. v. BBB, 872 A.2d 1202, 1214 (Pa. Super. Ct. 2005), aff'd sub nom. Am. Future Sys., Inc. v. Better Bus. Bureau of E. Pennsylvania, 592 Pa. 66 (2007). In BBB, a defamation action, BBB introduced documentary evidence of 108 customer complaints that it had received, alleging billing for unordered merchandise. Id. The trial court overruled a hearsay objection and found that the complaints were not offered for their truth—that its opponent billed for unordered merchandise—but instead, to show that BBB had received complaints alleging the same. Id. Adding that the trial court properly gave a limiting instruction regarding this evidence, the Superior Court concluded that allowing BBB to introduce this evidence was not an abuse of discretion. Id.

In addition, the evidence of online reviews is not hearsay when offered to prove notice. See, e.g., Castellani v. Scranton Times, L.P., 124 A.3d 1229, 1244 (Pa. 2015) ("Out-of-court statements offered to establish notice to a defendant are not hearsay.").  Contrary to Defendants' arguments, this evidence is not offered for the truth of the matter asserted, and thus it is not hearsay.  See Fernandez v. City of Pittsburgh, 643 A.2d 1176, 1182 (Pa. Cmwlth. Ct. 1994) ("Out-of-court statements not offered to prove the truth of the matters asserted are not hearsay and are admissible if relevant for other proper purposes.").

The Roosevelt Defendants have openly admitted to monitoring this type of evidence. The manager of the motel Yagna Patel, who is quoted in many of the cited news reports, testified that a motel employee named Candace Gordiano would read online reviews and tell him about various customer complaints, including complaints about drug use and prostitution at the Roosevelt Inn:

> Q:   What did Ms. Gordiano tell you people were saying on the websites about the Roosevelt?

8

Case ID: 170300712
Control No.: 21060528

A:      Some people said good things, but some people – because we don't give them refund or they want money back or something, then they just make excuse and they write anything.

*** 

Q:      Did she ever tell you that people on reviews noted that there was drug use at the Roosevelt?

A:      Couple times, yes.

Q:      Did she ever tell you that people on the reviews noted that there were  -- that there was prostitution going on at the Roosevelt?

A:      One or two time, yes.

See Ex. B at page 331 – 333.  Rather than taking these complaints seriously and reconsidering the motel's security measures, Mr. Patel disregarded the complaints, assuming they were only people mad about getting a refund. Roosevelt Defendants' corporate designee, Anthony Uzzo, also testified that he does not review the Roosevelt Inn's online reviews, but his assistants do. See Deposition Transcript of Anthony attached as Exhibit "C" at pages 91-92. Despite his assistants relying on these postings, Uzzo denies seeing reviews about prostitution or drug use at the Roosevelt Inn. Id. at 93. In turn, the reviews also can be offered to impeach Uzzo's credibility.

Defendants' reliance on federal district court decisions and a Colorado state court decision is misplaced. First, in Williams v. Outback Steakhouse of Florida, LLC, No. 2:18-CV-11613, 2019 WL 2539823 (E.D. Mich. June 20, 2019), the plaintiff attempted to show that Outback received constructive notice of slippery floors through internet reviews. Id. at *3. The problem was, as the trial court saw it, that none of the reviews pertained to the location at which the plaintiff fell on an allegedly slippery floor. Id. Instead, these reviews pertained to conditions that purportedly existed at Outback restaurants in four other states. Id. Given this, the court found that the plaintiff failed to show a genuine dispute of material fact that Outback was

9

Case ID: 170300712
Control No.: 21060528

constructively notified of slippery floors at the location at issue. <u>Id.</u>; <u>Mathew Enter., Inc. v. Chrysler Grp. LLC</u>, No. 13-CV-04236-BLF, 2016 WL 11432038, at *3 (N.D. Cal. Sept. 21, 2016) (Yelp! reviews, which when offered as proof of how another party treated its customers, constituted hearsay); <u>De Jongh v. Starbucks Corp.</u>, 2016 Colo. Dist. LEXIS 26, at *2 (Colo. Dist. Sept. 14, 2016) (deeming a Yelp! review inadmissible hearsay when that review was offered to prove the truth of the matter asserted).

At the same time, even if the news reports, TripAdvisor reviews, and Facebook comments constitute hearsay, Pennsylvania courts have held that expert opinions based on evidence, such as hearsay, are admissible. <u>See, e.g</u>, <u>Brown v. Halpern</u>, 202 A.3d 687, 707 (Pa. Super. Ct. 2019), <u>re-argument denied</u> (Feb. 27, 2019), <u>appeal denied</u>, 217 A.3d 207 (Pa. 2019), <u>and appeal denied</u>, 217 A.3d 809 (Pa. 2019); <u>Com. v. Brown</u>, 139 A.3d 208, 218 (Pa. Super. Ct. 2016). Despite arguing that these reports and reviews are inadmissible, Defendants' own experts rely on this evidence when making their opinions. The Roosevelt Defendants' security expert Norman Bates details news articles of traffickers and drug dealers who were arrested at the Roosevelt Inn. <u>See</u> Bates Report attached as Exhibit "D" at P. 3-4, 9. In fact. Mr. Bates has an entire section in his report entitled "**PRIOR CRIME AT SITE-BASED ON CCTV SURVEILLANCE FOOTAGE AND NEWS REPORTS.**" <u>See</u> Exhibit "D" at P. 9. If Defendants can rely on these news reports and reviews, then Plaintiff should be able to use this news articles describing sex trafficking and criminal activity occurring at the Roosevelt Inn in support of her claims and during cross-examination of witnesses.

10

Case ID: 170300712
Control No.: 21060528

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter the proposed Order denying Roosevelt's Motion in Limine.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY: */s/Emily B. Marks*
_____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

Case ID: 170300712
Control No.: 21060528

## **<u>VERIFICATION</u>**

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff M.B. in this matter and hereby verify that the statements made in the foregoing motion are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Emily B. Marks, Esquire attorney for Plaintiff, do hereby certify that service of a true and correct copy of the above ***Defendants' Motion in Limine to Preclude or Exclude Inadmissible Evidence***, was filed with the Court on June 14, 2021 and served by electronic filing upon counsel of record:

<div align="center">

Justina L. Byers, Esquire
Charles S. Marion, Esquire
Kevin M. Eddy, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc.,*
*UFVS Management Company, LLC and Yagna Patel*

Thomas P. Wagner, Esq.
Robert W. Stanko, Esq.
Melanie J. Foreman, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*President of Defendant Alpha-Centurion Security, Inc.*

By first-class mail upon the following parties:

Daiquan Davis, Register No. 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808
*Pro Se Defendant*

Abdul Lopez, Register No. 69643-066
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734
*Pro Se Defendant*

**KLINE & SPECTER, P.C.**

</div>

***/s/Emily B. Marks***

BY: _____
           EMILY B. MARKS, ESQUIRE
           *Attorney for Plaintiff*

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

|  |  |
|---|---|
| M.B., a Minor by her Guardian, WILLIAM A. CALANDRA, ESQ., | : |
| *Plaintiff*, | : March Term 2017 |
| v. | : |
|  | : Case No. 170300712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN and ROOSEVELT INN CAFÉ, et al., | : |
| *Defendants*. | : Control No. 21060632 |

## ORDER

**AND NOW**, this **15th** day of **June, 2021**, upon consideration of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's ("Defendants") Motion for Change of Venue, or in the Alternative, Change of Venire, and any response(s) thereto, it is hereby **ORDERED** and **DECREED** that said Motion **DENIED** without prejudice.[1]

BY THE COURT:

_____
DENIS P. COHEN, J.

170300712-B. Etal Vs Roosevelt Inn Llc Etal



17030071200538

---

[1] Nothing in this Order precludes Defendants from raising the issue of actual prejudice in a motion in limine.

**BLANK ROME LLP**
Charles S. Marion, PA I.D. No. 56509
Kevin M. Eddy, PA I.D. No. 92904
Justina L. Byers, PA ID No. 76773
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
         keddy@blankrome.com
         byers@blankrome.com

*Attorneys for Defendants*
*Roosevelt Inn LLC d/b/a Roosevelt Inn and*
*Roosevelt Inn Café, Roosevelt Motor Inn, Inc.*
*d/b/a Roosevelt Motor Inn,*
*UFVS Management Company, LLC and*
*Yagna Patel*

Filed and Attested by the
Office of Judicial Records
10 JUN 2021 11:56 am
R. SCHREIBER

|  |  |  |
|---|---|---|
| M.B., minor by her Guardian,<br>William A. Calandra, Esquire, | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| v. | : | MARCH TERM, 2017<br>NO.:  00712 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT<br>INN and ROOSEVELT INN CAFÉ, et al.,<br>ROOSEVELT MOTOR INN, INC. d/b/a<br>ROOSEVELT MOTOR INN, UFVS<br>MANAGEMENT COMPANY, LLC,<br>YAGNA PATEL and ALPHA-CENTURION<br>SECURITY, INC. d/b/a ALPHA CENTURION<br>SECURITY INC. | : | JURY TRIAL DEMANDED |
| Defendants, | : | |
| v. | : | |
| DAIQUAN DAVIS and ABDUL LOPEZ | : | |
| Additional Defendants. | : | |

Case ID: 170300712

## SUGGESTION OF BANKRUPTCY

**TO THE COURT, ALL PARTIES AND ATTORNEYS OF RECORD:**

**PLEASE BE ADVISED** that the Defendants Roosevelt Inn, LLC and Roosevelt Inn

LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt

Motor Inn (collectively referred to as the "Debtors") filed for bankruptcy protection pursuant to

Chapter 11 of the United States Bankruptcy Code on June 16, 2021 in the Bankruptcy Court for

the United States Eastern District of Pennsylvania, at Case Nos. 21-11697 and 21-11698.  A

copy of the Notice of Bankruptcy Case Filing for each case is attached hereto as Exhibit A and

Exhibit B.  The Debtors are the title owner and operator of the property that is the subject of the

instant litigation.

**PLEASE BE FURTHER ADVISED** that as a result of the commencement of the

Debtors' Chapter 11 cases, this action is automatically stayed pursuant to section 362 of the

Bankruptcy Code as the filing of a bankruptcy petition automatically stays, "the commencement

or continuation, including the issuance or employment of process, of a judicial, administrative, or

other action or proceeding against the debtor that was or could have been commenced before the

commencement of the case under [chapter 11], or to recover a claim against the debtor that arose

before the commencement of the case under [chapter 11]." *See* 11 U.S.C. § 362(a)(1).  The

Bankruptcy Code further provides that the automatic stay applies to "any act to collect, assess, or

recover a claim against the debtor that arose before the commencement of the [bankruptcy

case]." *See* 11 U.S.C. § 362(a)(6).  Moreover, the automatic stay applies with equal force and

effect to Defendants UFVS Management Company, Yagna Patel and Alpha Centurion Security

Inc. because the continuation of any proceeding against UFVS Management Company, Yagna

150213.00601/126155457v.2

Case ID: 170300712

Patel and Alpha Centurion Security Inc. could impair, impact, damage, or otherwise adversely affect the Debtors' bankruptcy estates and Debtors' reorganization.

<div align="center"><strong>BLANK ROME LLP</strong></div>

_/s/ Charles S. Marion_

Dated:  June 16, 2021

Charles S. Marion (PA ID# 56509)
Kevin M. Eddy (PA ID# 92904)
Justina L. Byers (PA ID# 76773)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
Email:  cmarion@blankrome.com
keddy@blankrome.com
byers@blankrome.com

_Attorneys for Defendants,_
_Roosevelt Inn LLC d/b/a Roosevelt Inn and_
_Roosevelt Inn Café, Roosevelt Motor Inn, Inc._
_d/b/a Roosevelt Motor Inn,_
_UFVS Management Company, LLC and_
_Yagna Patel_

<div align="center">3</div>

Case ID: 170300712

# CERTIFICATE OF SERVICE

I, Justina L. Byers, Esquire, hereby certify that, on this 16th day of June 2021, I caused true and correct of copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Inn Café, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel's Suggestion of Bankruptcy via electronic and/or First Class Mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff,*
*M.B., minor by her Guardian, William A. Calandra, Esquire*

Thomas P. Wagner, Esquire
Robert W. Stanko, Esquire
Melanie J. Foreman, Esquire
Marshall Dennehey Warner
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant,*
*Alpha-Centurion Security, Inc.*

Daiquan Davis
Register Number 72304-066
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN  47808

*Additional Defendant*

4

Case ID: 170300712

Abdul Lopez
Register Number 69643-066
FCI Tucson
Federal Correctional Institution
P.O. Box 24550
Tucson, AZ 85734

*Additional Defendant*

/s/ Justina L. Byers
JUSTINA L. BYERS

150213.00601/126155457v.2

Case ID: 170300712

# EXHIBIT A

Case ID: 170300712

United States Bankruptcy Court
Eastern District of Pennsylvania

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 11 of the United States
Bankruptcy Code, entered on 06/16/2021 at 10:21 AM
and filed on 06/16/2021.



**Roosevelt Inn, LLC**
7600 Roosevelt Boulevard
Philadelphia, PA 19152
Tax ID / EIN: 13-6172404
*dba* **Roosevelt Inn**

The case was filed by the debtor's attorney:

**ARIS J. KARALIS**
Karalis PC
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500

The case was assigned case number 21-11697-amc to Judge Ashely M. Chan.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or
not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a
debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to
determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at
our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, 900 Market Street, Suite 400,
Philadelphia, PA 19107.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Timothy B McGrath**
**Clerk, U.S. Bankruptcy Court**

Case ID: 170300712

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/16/2021 10:36:34 | | | |
| **PACER Login:** | jahysley | **Client Code:** | Roosevelt |
| **Description:** | Notice of Filing | **Search Criteria:** | 21-11697-amc |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

<span style="color:red">Case ID: 170300712</span>

# EXHIBIT B

Case ID: 170300712

United States Bankruptcy Court
Eastern District of Pennsylvania

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 11 of the United States
Bankruptcy Code, entered on 06/16/2021 at 10:31 AM
and filed on 06/16/2021.



**Roosevelt Motor Inn, Inc.**
7600 Roosevelt Boulevard
Philadelphia, PA 19152
Tax ID / EIN: 13-4032918
*dba* **Roosevelt Inn**

The case was filed by the debtor's attorney:

**ARIS J. KARALIS**
Karalis PC
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500

The case was assigned case number 21-11698.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or
not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a
debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to
determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at
our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, 900 Market Street, Suite 400,
Philadelphia, PA 19107.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Timothy B McGrath**
**Clerk, U.S. Bankruptcy Court**

Case ID: 170300712

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/16/2021 10:38:42 | | | |
| **PACER Login:** | jahysley | **Client Code:** | Roosevelt |
| **Description:** | Notice of Filing | **Search Criteria:** | 21-11698 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

Case ID: 170300712