**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **M.B.,** | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **ROOSEVELT INN LLC,** *et. al.,* | : | **No. 21-2984** |
| *Defendants.* | : | |
| | : | |

|  |  |  |
|---|---|---|
| | : | |
| **K.R.,** | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| **ROOSEVELT INN LLC,** *et. al.,* | : | |
| *Defendants.* | : | **No. 21-3218** |

|  |  |  |
|---|---|---|
| | : | |
| **C.A.,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| **v.** | : | |
| **ROOSEVELT INN LLC,** *et. al.,* | : | **No. 21-3222** |
| *Defendants.* | : | |
| | : | |

1

|  | : |  |
|---|---|---|
| **B.H.,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| **v.** | : | |
| **ROOSEVELT INN LLC,** *et. al.,* | : | |
| *Defendants.* | : | **No. 21-3225** |
|  | : | |

|  | : |  |
|---|---|---|
| **A.H.,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| **v.** | : | |
| **ROOSEVELT INN LLC,** *et. al.,* | : | |
| *Defendants.* | : | **No. 21-3277** |
|  | : | |

|  | : |  |
|---|---|---|
| **C.A.,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| **v.** | : | |
| **WYNDHAM WORLDWIDE** | : | |
| **CORORATION,** *et. al.,* | : | **No. 21-3392** |
| *Defendants.* | : | |
|  | : | |

|  | : |  |
|---|---|---|
| **B.H.,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |

|  |  |  |
|---|---|---|
| v. | : |  |
| **WYNDHAM WORLDWIDE** | : |  |
| **CORORATION,** *et. al.,* | : | **No. 21-3396** |
| *Defendants.* | : |  |
|  | : |  |

|  |  |  |
|---|---|---|
|  | : |  |
| **K.R.,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : |  |
| v. | : |  |
| **WYNDHAM WORLDWIDE** | : |  |
| **CORORATION,** *et. al.,* | : | **No. 21-3401** |
| *Defendants.* | : |  |
|  | : |  |

|  |  |  |
|---|---|---|
|  | : |  |
| **A.H.,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : |  |
| v. | : |  |
| **WYNDHAM WORLDWIDE** | : |  |
| **CORORATION,** *et. al.,* | : | **No. 21-3430** |
| *Defendants.* | : |  |

|  |  |  |
|---|---|---|
| **A.H.,** | : |  |
| *Plaintiff,* | : | **CIVIL ACTION** |
| v. | : |  |
| **ROOSEVELT INN, LLC,** *et. al.,* | : |  |

|                     |   |              |
| ------------------- | - | ------------ |
| *Defendants.*       | : |              |
|                     | : | No. 21-3914  |

**PLAINTIFF'S BRIEF IN SUPPORT OF THE MOTION TO VOID REMOVAL OR FOR REMAND PURSUANT TO 28 U.S.C. § 1452(b) OR ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c)(1)**

**SALTZ MONGELUZZI & BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282

ROBERT J. MONGELUZZI   (ID No. 36283)
ARA RICHARD AVRIGIAN (ID No. 67196)
K. ANDREW HEINOLD      (ID No. 319507)
*Attorneys for Plaintiff*

# <u>TABLE OF CONTENTS</u>

I.    **PRELIMINARY STATEMENT** ................................................................................. 1

II.   **PROCEDURAL AND FACTUAL BACKGROUND** ......................................... 4

   A.  **The State Civil Actions** .................................................................................. 4

      1.    **A.H.'s State Civil Action** ................................................................... 5

      2.    **M.B.'s State Civil Action** .................................................................. 7

      3.    **C.A.'s State Civil Action** ................................................................... 8

      4.    **B.H.'s State Civil Action** ................................................................... 9

      5.    **K.R.'s State Civil Action** ................................................................... 9

      6.    **Evidence Developed in the State Civil Actions Implicating the Debtors**............. 10

   B.  **The Bankruptcy Filing** ................................................................................. 12

III.   **RELIEF REQUESTED**................................................................................. 13

IV.   **BASIS FOR RELIEF**................................................................................... 13

   A.  **Standard of Voiding Removal**......................................................................... 13

   B.  **The Removal Should be Deemed Void**........................................................... 14

   C.  **Standard for Remand or Abstention**............................................................... 14

   D.  **Application of the Factors for Remand or Abstention Favors Remand**..................... 18

**Cases**

*Brown v. Jevic*, 575 F.3d 322, 329 (3d. Cir. 2009) ............................................................ 2, 13, 14

*Commonwealth v. John G. Guerra,* Docket No. CP-51-CR-0011956-2014 .................................. 6

*Dieterly v. Boy Scouts of America*, No. 20-902, 2020 WL 3447766 (E.D. Pa. June 24, 2020)

   (Schmehl, J.) ................................................................................... 15, 16, 18, 20, 21

*Doe v. Catholic Archbishop of Seattle*, No. 2:05-cv-00050-LRS, Ckt. 22

(E.D.Wa. April 27, 2005) ................................................................................. 14

*Feld v. Merriam*, 485 A.2d 742 (1984) ........................................................................ 4

*In re Exide Technologies*, 544 F.3d 196 (3rd. Circ. 2008) ............................................. 12

*In re Grace Community, Inc.*, 262 B.R. 625 (Bankr. E.D. Pa. 2001) ..................................... 15, 12

*In re Raymark Industries, Inc.*, 238 B.R. 295, 299 (Bankr. E.D. Pa. 1999)) .................................. 15

*In re RBGSC Investment Corp.*, 253 B.R. 369 (E.D. Pa. 2000)........................................ 15, 17, 20

*Kleiner v. Rite Aid Corp*, 604 B.R. 1, 9 (E.D. Pa. 2019) .................................................... 17, 20, 21

*Rabutino v. Freedom State Realty Co.*, 809 A.2d 933, 939 (Pa. Super. Ct. 2002) ........................ 4

*United States v. Daiquan Davis,* E.D. Pa. Dkt. No. 2:15-cr-00237 ................................. 7

*United States v. Jerel Jackson*, E.D. Pa. Dkt. No. 2:13-cr-00622-CDJ ......................................... 9

*United States v. Lopez*, E.D. Pa. Dkt. No. 2:16-cr-00395.............................................. 7

**Statutes**

28 U.S.C. § 1334.......................................................................................... 12, 13

28 U.S.C. § 1334(c) ........................................................................... 1, 2, 3, 13, 14, 22

28 U.S.C. § 1452(a) ............................................................................. 1, 12, 13, 14

28 U.S.C. § 1452(b)............................................................................. 1, 2, 3, 13, 22

28 U.S.C. § 157(b)(2)(B) ......................................................................................... 12

28 U.S.C. §§ 1334 ................................................................................................... 10

28 U.S.C. §1452(b) ............................................................................................ 2, 14

28 U.S.C. §157(b)(5) .............................................................................................. 12

28 U.S.C.§ 1334 ..................................................................................................... 10

Federal Rule of Bankruptcy Procedure 9027 .................................................... 12, 13

Restatement (Second) of Torts § 344 ...................................................................... 4

Restatement (Second) of Torts §323 ....................................................................... 4

Plaintiff A.H. ("Movant") requests that this Honorable Court void the Removal filed by Removing Co-Defendants, or alternatively remand of her state-law based personal injury claims, as set forth herein, to the Court of Common Pleas for Philadelphia County pursuant to 28 U.S.C. § 1452(b) or abstention pursuant to 28 U.S.C. § 1334(c)(1), and in support thereof, states as follows:

## I.        PRELIMINARY STATEMENT

Removing Co-Defendants 4200 Roosevelt LLC, 4200 Rose Hospitality LLC d/b/a Days Inn and Days in (collectively referred to as the "Removing Co-Defendants"/"Days Inn Defendants),have improperly removed Movant's state common-law based personal injury claim action because Movant's personal injury civil action was already removed by Co-Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. (collectively referred as the "Debtors"), UFVS Management Company, LLC and Yagna Patel (UFVS Management Company and Yagna Patel are collectively referred to as the Non-Debtors) (the Non-Debtors are collectively with the Debtors referred to herein as the "Roosevelt Inn Defendants").  The Removing Co-Defendants cannot remove a civil action that has already been removed.

Roosevelt Inn LLC and Roosevelt Motor Inn, Inc. (the "Debtors") are defendants in a lawsuit filed by Saltz Mongeluzzi & Bendesky, P.C. on behalf of Plaintiff A.H. in the Court of Common Pleas of Philadelphia County ("State Civil Action").  The Movant was a victim of human trafficking, sexual assault and sexual exploitation for eight (8) months from 2008 to 2009, when she was a minor, and was sold for sex at the Roosevelt Inn.  Currently, there are four (4) matters with overlapping factual and legal issues with respect to remand or abstention of the State Court Actions to which the law offices of Kline & Specter filed cases on behalf of Plaintiffs M.B. (2:21-cv-02984), K.R. (2:21-cv-03218), C.A. (2:21-cv-03222) and B.H. (2:21-cv-03225) (hereinafter collectively

1

referred to as "the Other Movants")(further, the actions, collectively with A.H.'s action referred to as the "State Civil Actions"[1]) were victims of human sexual assault and sexual exploitation, as minors, when they were sold for sex at the Roosevelt Inn.

While the Roosevelt Defendants attempted to remove "certain claims" in Movant's State Civil Action, a party does not get to pick and choose which claims are removed—the entire lawsuit is removable or it is not. *See Brown v. Jevic*, 575 F.3d 322, 329 (3d. Cir. 2009). ("[u]nder removal practice, the entire lawsuit is removable or not removable, not merely claims against particular defendants."). The case number of the removed action by the Roosevelt Inn Defendants is 2:21-cv-03277. Therefore, when the Roosevelt Inn Defendants filed their Notice of Removal, so too removed were the claims against the other non-removing defendants, including the claims against the Removing Co-Defendants.

On September 1, 2021, the Removing Co-Defendants filed the Notice of Removal in the *A.H.* State Civil Action for the sole reason that the Debtors had filed for bankruptcy. Since the Roosevelt Inn Defendants already removed the State Civil Action, there is no State Civil Action to be removed by Removing Co-Defendants.

Assuming *arguendo*, this Honorable Court finds that the Removing Co-Defendants' subsequent removal was proper, as stated herein and within A.H.'s Motion for Remand pursuant to 28 U.S.C. §1452(b) or Abstention pursuant to 28 U.S.C. §1334(c)(1), the remove of the State Civil Actions are an attempt to halt litigation in the State Civil Actions and deprive Movants of their choice of forum.[2] All the factors for remand or abstention, as set forth herein, in A.H.'s Motion to Remand

---

[1] Pursuant to the Amended Order dated September 22, 2021, Doc 6 of Case 2:21-cv-03914-GEKP, all related matters, as seen in the caption above, have been consolidated under Civil Action No. 21-2984 for pretrial purposes
[2] As stated in footnote 1 of Exhibit "A", "Due to the substantial overlap in the factual and legal issues presented with respect to remand or abstention of the State Civil Actions, the [Other] Movants have filed for Motions for Remand

or Abstention, and the Motions to Remand filed against Debtors and Removing Co-Defendants by M.B., C.A. B.H. and K.R., favor remand.

The Movant's claim is a personal injury matter and arises solely under Pennsylvania common law negligence theories. Movant does not asset a single federal claim nor is there jurisdiction based on diversity of citizenship. Therefore, the State Civil Actions could not have been brought in federal court at all without Debtors' filing bankruptcy which was done on the eve of the M.B. trial, halting the trial, delaying the State Civil Actions and forum shopping. The citizens of Philadelphia County have a strong interest in the outcome of the State Civil Actions which involve the sexual exploitation of children from Philadelphia County at the Roosevelt Inn, a well-known Philadelphia fixture located along the Roosevelt Boulevard in Northeast Philadelphia, one of Philadelphia's main and best-known highways and a well-known epicenter of human trafficking.

Additionally, the Other Movants have already filed Motions to Remand of their State Civil Actions to the Court of Common Pleas for Philadelphia County pursuant to 28 U.S.C. §1452(b) or abstention pursuant to 28 U.S.C. § 1334(c)(1) and C.A., B.H. and K.R. have filed Motions to Void Removal or for Remand Pursuant to 28 U.S.C. §1452(b) or abstention pursuant to 28 U.S.C. §1334 (c)(1). As these five actions share substantially similar factual and legal issues, the factual and legal averments and arguments made in the Other Movants' Motions to Remand and Motions to Void are relevant to the averments and arguments herein and support the basis of the relief requested herein, A.H. has attached a copy of the Motion to Void Removal in the *B.H.* matter. (See B.H.'s Motion to Void Removal, attached hereto as Exhibit "A"). Plaintiff incorporates the averments and arguments raised by each of the Other Movants as if raised herein.

---

or Abstention which are identical except for the title of each Motion", Plaintiff has attached only the Motion of M.B. but incorporates the arguments of all four Motions.

II.    **PROCEDURAL AND FACTUAL BACKGROUND**

    A.  **The State Civil Actions**

The Debtors, and the Removing Co-Defendants, knew or should have known that sexual exploitation of adults and children was occurring at the Roosevelt Inn, Days Inn and/or the Ramada Inn, for years prior to, during, and after the time Movant was sexually exploited.  For their part in the State Civil Action, the Debtors failed to take reasonable precautions against crime despite an open and obvious presence of criminal activity, including prostitution, commercial sex activity, and human trafficking of adults and minors at the Roosevelt Inn. A possessor of land who holds it open to the public for entry for business purposes owes a duty to investigate and to take reasonable precautions against physical harm caused to members of the public by accidental, negligent, or harmful acts by third parties. *See* Restatement (Second) of Torts § 344; *Rabutino v. Freedom State Realty Co.*, 809 A.2d 933, 939 (Pa. Super. Ct. 2002); *See also* Restatement (Second) of Torts §323; *Feld v. Merriam*, 485 A.2d 742 (1984).

Each State Civil Action has been litigated in the Court of Common Pleas for Philadelphia County since at least January 2020, and since 2017 in M.B.'s case. Extensive progress has been developed in each State Civil Action with Judges of the Philadelphia Court of Common Pleas expending countless hours adjudicating a variety of discovery disputes.  As averred in the Motion to Remand by M.B., jury selection in the M.B. case was scheduled to commence on June 17, 2021, just hours before the Debtors filed for Bankruptcy, with trial set to commence on July 21, 2021. (See *M.B. v. Roosevelt Inn, LLC* et al. Case No. 2:21-cv-02984 at ECF DocNo. 15.)  The Honorable Stella M. Tsai was assigned to preside over the trial; a courtroom was designated; the parties filed approximately forty Motions *in Limine* and responses; counsel for the parties and court personnel conducted an in-person walk-through surveying the courtroom in City Hall; and trial had in fact

commenced with the trial testimony of Additional Defendant Daiquan Davis that was videotaped just a few days earlier on June 10, 2021, per a Notice served by the Debtors. The Debtors failed to provide any level of professional courtesy to Movant and failed to disclose they would be filing for bankruptcy despite seeing Movant's counsel during a tour of courtroom for trial, just prior the bankruptcy filing.  The Debtors in the State Court Actions have been represented by a revolving door of attorneys from Blank Rome. The newly assigned attorneys from Blank Rome have tried frantically to postpone trial in the M.B. State Civil Action.

On May 6, 2021, the Debtors filed a Motion to Continue Trial in the M.B. State Civil Action which was denied by The Honorable Denis P. Cohen on May 20, 2021.  On June 3, 2021, the Debtors filed a Motion to Change Venue which was also denied by the Honorable Denis P. Cohen on June 15, 2021.

### 1. A.H.'s State Civil Action

A.H. was sold for sex, sexually assaulted and raped at the Roosevelt Inn, and two other hotels identified in her lawsuit, the Days Inn on Roosevelt Boulevard and the Ramada Inn on Roosevelt Boulevard when she was seventeen (17) from approximately August 2008 through February 2009.  A.H. filed her Complaint on January 24, 2020 in the Court of Common Pleas Philadelphia County.  The Defendants named, among other parties, are Debtors, Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., Non-Debtors UFVS Management Company, LLC ("UFVS"), Yagna Patel ("Patel"), and Alpha-Centurion Security, Inc. (hereinafter "Alpha")(. (See Plaintiff's Complaint attached hereto as Exhibit "B")(See also The Court of Common Pleas Docket Sheet for the instant matter, attached hereto as Exhibit "C").

Plaintiff's claims are rooted in common law negligence, as a property owner has an affirmative duty to conduct reasonable inspections of the property to discover dangerous

conditions and to provide such warnings or safeguards as necessary for the protection of those on the property from harm by third parties. Plaintiff brings claims against Debtors and the associated non-debtors for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and negligent hiring, training and/or supervision. See Exhibit B. The Debtors propounded extensive written discovery to Plaintiff and were overdue in providing discovery responses by over one and a half months. Upon request from Debtors on June 6, 2021, Plaintiff had granted a thirty (30) day to respond to discovery. However, despite making the request only (10) days prior to the filing for bankruptcy, Debtors' attorney provided no indication of the impending bankruptcy, therefore, extending the timeline past the filing of bankruptcy and subsequent stay and removal, depriving Plaintiff of relevant and necessary discovery.

While being trafficked and subjected to sexual assault and sexual exploitation, Plaintiff would be contacted by individuals for sex at the subject hotels, including Roosevelt Inn, including through advertisements on Craigslist, Crawler and Backpage.com. Individuals would pay for or trade something of value for sexual acts at various locations including the hotel rooms at Roosevelt Inn. Non-Debtor, owner and/or employee of Roosevelt Inn, Yagna Patel, would have sexual intercourse in exchange for providing Plaintiff with a private room at the Roosevelt Inn. Further, Additional Defendant John G. Guerra was found guilty of sex trafficking minors in *Commonwealth v. John G. Guerra,* Docket No. CP-51-CR-0011956-2014.

A.H. is a citizen of Pennsylvania as are the Debtors and other non-Debtor parties including the entities that own and operate the Days Inn and Ramada Inn, and as such there is no diversity jurisdiction in federal court. Nor is there a basis for any of A.H.'s claims to qualify for "federal question" jurisdiction. See Exhibit "B".

2.    **M.B.'s State Civil Action**

M.B. was sold for sex, sexually assaulted and raped at the Roosevelt Inn when she was just fourteen (14) years old, from approximately January 2014 through June 6, 2014.  M.B. filed her initial Complaint on March 10, 2017 in the Court of Common Pleas of Philadelphia County. The Defendants in the Common Pleas Action include the Debtors, UFVS Management Company, LLC, Yagna Patel, Alpha-Centurion, and Additional Defendants Daiquan Davis and Abdul Lopez. M.B.'s initial Complaint included not only Pennsylvania common law negligence claims but also claims for intentional infliction of emotional distress and claims under the Pennsylvania Anti-Human Trafficking Law, 18 Pa. C.S. § 3001, et seq. Plaintiff's Complaint was subsequently amended to join Defendant Alpha-Centurion Security, Inc. as an additional defendant and to remove claims under the state Pennsylvania Anti-Human Trafficking Law which was not in effect at the time M.B. was sold for sex at the Roosevelt Inn. The operative Complaint is the Fourth Amended Complaint. *See* M.B. Fourth Amended Complaint attached as Exhibit "D".

M.B.'s claims under the Fourth Amended Complaint arise under common law negligence and negligent infliction of emotional distress, as property owners have an affirmative duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as necessary for the protection of those on the property from harm by third-parties under Pennsylvania state law. See Exhibit "D"  M.B. was sexually assaulted and exploited at the Roosevelt Inn by convicted sex traffickers Daiquan Davis, *United States v. Daiquan Davis,* E.D. Pa. Dkt. No. 2:15-cr-00237 and *United States v. Lopez*, E.D. Pa. Dkt. No. 2:16-cr-00395.  M.B. testified she was beaten and intimidated by her traffickers.  Davis admitted during his trial testimony that he "moved up" to selling girls at hotels like the Roosevelt Inn. M.B.'s traffickers photographed her and advertised her on Backpage.com.

7

M.B. is a citizen of Pennsylvania as are the Debtors and other non-Debtor parties including Defendant Alpha-Centurion Security, Inc., and as such there is no diversity jurisdiction in federal court. Nor is there any basis for "federal question" jurisdiction over M.B.'s state law personal injury claims. <u>See</u> Exhibit "D."

### 3. <u>C.A.'s State Civil Action</u>

C.A. filed her initial Complaint on March 27, 2019 in the Court of Common Pleas of Philadelphia County and named as defendants, among other parties, Roosevelt Inn LLC, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn., Inc., UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. The operative complaint is Plaintiff's Second Amended Complaint. <u>See</u> C.A.'s Second Amended Complaint, attached as Exhibit "E."  Like M.B., C.A.'s claims are rooted in common law negligence, as property owners have an affirmative duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as necessary for the protection of those on the property from harm by third parties.

In 2012 through 2013, C.A. was sold for sex, sexually assaulted and raped at the Roosevelt Inn Motel, and two other hotels identified in her lawsuit, the Days Inn on Roosevelt Boulevard in Philadelphia County and the North American Motors Inns, also located in Philadelphia County, when she was just sixteen (16) years old.  The Debtors took C.A.'s deposition over two (2) days. C.A. testified she was compelled to stay at the Roosevelt Inn for long periods of time. C.A. recalls initially staying at the Roosevelt Inn for two (2) to three (3) months before she was moved the Days Inn on Roosevelt Boulevard.  C.A. was sold at the Roosevelt Inn and sexually exploited by Additional Defendants Jerel Jackson and William Coit who would beat her and burn her with cigarettes.  C.A. was forced to have sex with men until she met her "daily quota," including the

manager of the hotel, Yagna Patel.  Additional Defendant Jerel Jackson was convicted of sex

trafficking minors in *United States v. Jerel Jackson*, E.D. Pa. Dkt. No. 2:13-cr-00622-CDJ..

CA. is a citizen of Pennsylvania as are the Debtors and other non-Debtor parties including

the entities that own and operate the Days Inn and North American Motor Inns, and as such there

is no diversity jurisdiction in federal court. Nor is there a basis for any of C.A.'s claims to qualify

for "federal question" jurisdiction. See Exhibit "E".

### 4.     B.H.'s State Civil Action

B. H. was sold for sex, sexually assaulted and raped at the Roosevelt Inn, the Days

Inn on Roosevelt Boulevard and the North American Motor Inn from approximately January 2013

through May 2013, when she was seventeen (17) years old.  B.H. filed her initial Complaint on

March 27, 2019 in the Court of Common Pleas of Philadelphia County and named as defendants,

among other parties, Roosevelt Inn LLC, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor

Inn., Inc., UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. The operative

complaint is Plaintiff's Second Amended Complaint. See B.H.'s Second Amended Complaint,

attached as Exhibit "F".  B.H.'s deposition was conducted over two (2) days. B.H. testified that she

was sold for sex by Anthony Brooks and Maurice Bailey at the Roosevelt Inn.  B.H testified that

she observed other traffickers at the Roosevelt Inn, including Jerel Jackson, and that the commercial

sexual exploitation of women and girls at the Roosevelt Inn was open and obvious.

B.H.'s claims could not have been brought in federal court at all without the Debtors'

bankruptcy filing that was done to delay the M.B. trial, State Civil Action and to forum shop.

### 5.     K.R.'s State Civil Action

In approximately March 2013 through October 2013, K.R. was sold for sex, sexually

assaulted and raped at the Roosevelt Inn Motel beginning she was just sixteen (16) years old.

K.R.'s experiences at the Roosevelt Inn are similar to the experiences of M.B., C.A., B.H., and A.H._K.R. filed her initial and operative Complaint on November 15, 2019 in the Court of Common Pleas of Philadelphia County and named as defendants, among other parties, Roosevelt Inn LLC, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn., Inc., UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. See Plaintiff's Complaint, attached as Exhibit "G". And the discovery deadline, as imposed by the Court of Common Pleas, will expire in about four months, on December 6, 2021. See K.R.'s Complaint attached as Exhibit "G". K.R.'s claims could not have been brought in federal district court as there was no basis for subject matter jurisdiction.

**6.** **Evidence Developed in the State Civil Actions Implicating the Debtors**

In addition to the information which will be independently elicited in A.H., an abundance of relevant evidence implicating the Debtors has been developed in the Other State Civil Actions. (*see* Exhibit "A"). In the Debtors' declaration in support of their first day motions in the Bankruptcy Court, which was attested to under perjury of law by Anthony Uzzo, the Debtors assert that: Debtors' personnel cooperated with the FBI; no charges were filed against any employee or owner of the Roosevelt Inn; and traffickers consistently testified they went out of their way to conceal their activities.

It is anticipated that the Debtors will argue that they had no notice or awareness that sex trafficking was or could be occurring at the Roosevelt Inn. The Debtors' position is not credible and is refuted by insurmountable evidence the contrary including statements from traffickers and victims that the Roosevelt Inn was overrun with "girls" and "pimps," police incident reports reflecting arrests for prostitution and trafficking of minors, testimony from the Debtors' own security guards who confirmed the open and obvious presence of criminal sex activity, and a call

to service report reflecting over 1,000 calls and responses by the Philadelphia Police Department for incidents and criminal activity involving the Roosevelt Inn.

Additional Defendant Lopez testified in the M.B. State Civil Action that Roosevelt Inn employees were aware that prostitution and commercial sex activity were occurring at the motel; that he would stay at the Roosevelt Inn for months at a time; and he had "much love" for the manager, Yagna Patel.  Additional Defendant Jackson provided a statement that was produced in the State Court Actions and disclosed that he learned to sell women and girls at the Roosevelt Inn; staff at the Roosevelt Inn were aware that he was working as a "pimp"; prostitution was open and obvious; and he would use the money he made from selling girls and women to rent rooms at the Roosevelt Inn.  Additional Defendant Brooks testified at his deposition in the B.H. State Civil Action that there were "girls running up and down the hallways," at the Roosevelt Inn; criminal activity was open and obvious to everyone including the people who worked there; and ID was not required to get a room; and he learned to sell girls for sell at the Roosevelt Inn.

Further, the Debtor's declaration in support of their first day motions in the Bankruptcy Court is also refuted by information and records produced by the Federal Bureau of Investigation concerning investigations of sexual exploitation and trafficking at the Roosevelt Inn that directly implicate the Debtors, as owners and operators of the Roosevelt Inn. An FBI Special Agent was subpoenaed and is expected to testify at trial in the M.B. State Court Action against the Debtors and contradict the representations of the Debtors.

The Debtors failed in their responsibility to take reasonable precautions against crime at the Roosevelt Inn, allowed an environment of commercial sex activity to continue for years, and provided a location for Movants to be sexually assaulted and exploited. The Debtors failed to provide adequate security that resulted in Movants being sold for sex, sexually assaulted, and raped

at the Roosevelt Inn. Ultimately, the Debtors were negligent for failing to take reasonable precautions against criminal activities from occurring during the time periods at issue in the State Civil Actions at the Roosevelt Inn, and by failing to alert law enforcement authorities when suspicious activity was observed.

### B. The Bankruptcy Filing

Debtors filed their Chapter 11 Bankruptcy Petitions in the United States Bankruptcy Court for the Eastern District of Pennsylvania on June 16, 2021, less than one full day before jury selection in the M.B. State Civil Action was to commence. Because the State Civil Actions assert personal injury claims, those claims cannot be adjudicated by the Bankruptcy Court. *See* 28 U.S.C. § 157(b)(2)(B), 28 U.S.C. §157(b)(5).

On July 2, 2021, the Debtors filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1452(a), purporting to remove the M.B. State Civil Action (Case No. 17030071) pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 1452(a), and Federal Rule of Bankruptcy Procedure 9027, based on the allegation that jurisdiction exists over the Common Pleas Action pursuant to 28 U.S.C.§ 1334. On or about July 20, 2021, the Debtors filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1334 and 1452(a) and Rule 9027 of the Bankruptcy Rules, purporting to have a valid basis to remove the Commons Pleas actions filed by C.A., B.H. and K.R. to the United States District Court for the Eastern District of Pennsylvania. The case numbers for the removed actions are as follows: C.A - 2:21-CV-03222; B.H. - 2:21-CV-03225; K.R. – 2:21-CV-03218.

On or about July 22, 2021, the Debtors filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1334 and 1452(a) and Rule 9027 of the Bankruptcy Rules, purporting to have a valid basis to remove the Common

Pleas actions filed by A.H. to the United States District Court for the Eastern District of Pennsylvania.

It is therefore apparent that the bankruptcy cases were filed to halt the Common Pleas Action as to the Debtors, literally on the eve of trial, and/or to engage in forum shopping. Based on the bankruptcy filings by the Debtors, the Court of Common Pleas halted the trial of the M.B. State Civil Action and the proceedings of the other State Civil Actions, not just as to the Debtors, but as to all defendants in the action.

III.    **RELIEF REQUESTED**

Movant respectfully requests that this Court enter an Order (1) voiding the Removing Co-Defendants' Removal, or in the alternative (2) remand of the Common Pleas Action pursuant to 28 U.S.C. § 1452(b) or, in the alternative, abstention pursuant to 28 U.S.C. § 1334(c)(1), so that the State Civil Actions will be determined by the Court of Common Pleas for Philadelphia County, where the cases commenced and where Movant chose to have their cases heard by citizens of Philadelphia County.

IV.    **BASIS FOR RELIEF**

A.    **Standard of Voiding Removal**

Under removal practice, the entire action is either removable or not. *See Brown v. Jevic*, 55 F.3d 322, 329 (3d Cir. 2009)("[u]nder removal practice, the entire lawsuit is removable or not removable, not merely claims against particular defendants."). A party may not remove individual claims against particular defendants. *Id.* So long as the initial removal was valid, any subsequent notice of removal is rendered void because no cause of action remains in state court. *See See Doe v. Catholic Archbishop of Seattle*, No. 2:05-cv-00050-LRS, Dkt. 22 (E.D.Wa. April 27, 2005) – Order Granting Plaintiff's Motion to Void Removal attached as Exhibit "H".

**B.**     **The Removal Should be Deemed Void**

The Roosevelt Inn Defendants, per their Notice of Removal, removed "certain claims" in the *A.H.* State Civil Action.  However, a party does not get to pick and choose which claims are removed-the entire lawsuit is removable or it is not. *See Brown v. Jevic*, 575 F.3d 322, 329 (3d Cir. 2009).

When the Roosevelt Inn Defendants filed their Notice of Removal, so too removed were the claims against the other non-debtors, including those claims against Removing Defendants. The Roosevelt Inn Defendants could not remove only the claims asserted against them or by them. Thus, the proper remedy is for this Court to find that the Removing Co-Defendants subsequent Notice of Removal is void.

**C.**     **Standard for Remand or Abstention**

The State Civil Action was removed to this Court pursuant to 28 U.S.C. §1452(a).  28 U.S.C. § 1452(b) provides that "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  Further, 28 U.S.C. § 1334(c)(1) provides as follows:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

Abstention under § 1334(c)(1) is commonly referred to as permissive abstention.  Courts have broad discretion in remanding cases. See *In re Grace Community, Inc.*, 262 B.R. 625 (Bankr. E.D. Pa. 2001).

14

In *Dieterly v. Boy Scouts of America*, No. 20-902, 2020 WL 3447766 (E.D. Pa. June 24, 2020) (Schmehl, J.), the District Court for the Eastern District of Pennsylvania observed that the analysis for permissive abstention under 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b) is "essentially the same." *Id.* at *3; see also *In re RBGSC Investment Corp.*, 253 B.R. 369 (E.D. Pa. 2000) (not expressly stating that the analysis for permissive abstention and remand is the same, but addressing the same factors for each doctrine), *overruled on other grounds, In re Exide Technologies*, 544 F.3d 196 (3rd. Circ. 2008).  Further, in determining whether to grant remand on any equitable ground, most courts have been guided by the same seven-factor test employed in *Dieterly*:

> (1)   the effect on the efficient administration of the bankruptcy estate,
>
> (2)   the extent to which issues of state law predominate,
>
> (3)   the difficulty or unsettled nature of the applicable state law,
>
> (4)   comity,
>
> (5)   the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
>
> (6)   the existence of a right to a jury trial, and
>
> (7)   prejudice to the involuntarily removed [parties],

2020 WL 3447766 at *4 (citing *Grace Community*, 262 B.R. 625, at n.6; *In re RBGSC Inv. Corp.*, 253 B.R. at 381-82; *In re Raymark Industries, Inc.*, 238 B.R. 295, 299 (Bankr. E.D. Pa. 1999)).

In *Dieterly*, the District Court considered a plaintiff's request for permissive abstention and/or equitable remand following a bankruptcy filing by the Boy Scouts and removal of the plaintiff's state court action.  The plaintiff in *Dieterly* had asserted seven state law claims in the Court of Common Pleas for Philadelphia County arising from allegations that the plaintiff, as a

minor, was the victim of sexual assault by a Boy Scout leader, and that the other defendants knew

about the leader's propensity for sexually abusing children but intentionally concealed it from the

plaintiff and others. *Dieterly,* 2020 WL 3447766 at *1.   The District Court concluded that

permissive abstention and/or equitable remand was appropriate based on the following:

> As noted above, all seven of Plaintiffs claim in this action arise under
> Pennsylvania law. None are federal or bankruptcy claims. Nor is there
> complete diversity between the parties. Indeed, this case could not
> have been brought in federal court at all were it not for BSA's
> bankruptcy filing. BSA has stated in its filings with the Common Pleas
> Court that there are novel issues of Pennsylvania state law involved in
> this case, namely whether Boy Scout volunteers such as Defendant
> Michael Forbes are employees, agents or servants of the SBA and
> CLC. The Common Pleas Court has greater expertise than this Court
> in resolving these types of issues. Therefore, consideration of comity
> dictates that the case belongs in the Common Pleas Court. Moreover,
> the litigation has been pending in the Common Pleas Court for
> approximately six months before its removal. The state court has
> already ruled on several motions and has set a case management order.
> As a result, the Common Pleas Court is more familiar with the
> numerous legal and factual disputes implicated in the litigation than is
> this Court. Also significant is the fact that Plaintiff chose the Common
> Pleas Court as her forum. Finally, the Chapter 11 case has only
> recently commenced. Abstention/remand in favor of the Common
> Pleas Court would have limited effect upon the administration of the
> bankruptcy case. There is no indication that, aside from designating
> the case as complex, the Common Pleas Court will not be able to
> dispose of this matter in a timely fashion or that its disposition of this
> case will cause any disruption to the orderly administration of the
> estate.

*Dieterly,* 2020 WL 3447766 at *4.

   While many courts have employed the seven-factor test set forth in *Dieterly* and *In*

*re RBGSC*, other Courts, including Courts in this District, have employed the following twelve-

factor test with respect to permissive abstention:

> (1)   the effect on the efficient administration of the estate;

(2)    the extent to which state law issues predominate over bankruptcy issues;

(3)    the difficulty or unsettled nature of applicable state law;

(4)    the presence of a related proceeding commenced in state court or other non-Bankruptcy Court;

(5)    the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6)    the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7)    the substance rather than the form of an asserted "core" proceedings;

(8)    the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the Bankruptcy Court;

(9)    the burden on the court's docket;

(10)   the likelihood that the commencement of the proceeding in the Bankruptcy Court involves forum shopping by one of the parties;

(11)   the existence of a right to a jury trial; and

(12)   the presence of non-debtor parties.

*Kleiner v. Rite Aid Corp*, 604 B.R. 1, 9 (E.D. Pa. 2019).

In *Kleiner*, the District Court concluded that jurisdiction over a product liability action against Johnson & Johnson did not exist in the Bankruptcy Court based on the filing of an entity who was not a party to the product liability action, but even if it did, the Court would exercise permissive abstention to remand the products liability action to the Philadelphia Court of Common Pleas.

D.     **Application of the Factors for Remand or Abstention Favors Remand**

There are striking similarities between the recently decided *Dieterly* case and the instant case. Indeed, all the factors and reasoning present in *Dieterly* exist here, as are the other State Civil Actions:

(1)     Abstention or remand would have little or no effect on the administration of the bankruptcy cases. Indeed, because the claims are personal injury claims which cannot be decided by the Bankruptcy Court, they must be decided either in this Court or in the Common Pleas Court of Philadelphia County. There is no indication that the Common Pleas Court will not be able to dispose of the State Civil Actions. To the contrary, the State Civil Actions were progressing in the litigation and the M.B. State Civil Action was just hours from jury selection. Further, the Debtors' bankruptcy cases were only recently commenced in mid-June 2021.

(2)     All of the claims in the State Civil Actions arise under Pennsylvania common law. There is no federal question of law involved in any of the Movants' claims.

(3)     The State Civil Actions involve the application of Pennsylvania state law, namely the liability of an innkeeper for the sexual assault and exploitation of children occurring on the premises in these complex matters, as to which the Common Pleas Court is extensively familiar with given that the Common Pleas Court has been presiding over the legal and factual disputes of the instant matter and the Other State Civil Actions for several years, all of which with common factual and legal issues.

18

(4)   Considerations of comity further compel the conclusion that the State Civil Actions belong in Common Pleas Court given that that Common Pleas Court has expended countless hours and resources presiding over these matters that involve citizens of Philadelphia County. Further, trial in the M.B. State Civil Action had already commenced, not just with the filings of Motions in Limine and an assignment to a Judge, but there was a ruling on a Motion in Limine to Change Venue and the testimony of one of the defendants had been completed.

(5)   There is no connection between the State Civil Actions and the administration of the Debtors' bankruptcy cases. The Debtors' bankruptcy cases were only recently commenced in Mid-June 2021.

(6)   While this Court and the Common Pleas Court similarly afford the parties a right to a jury trial, Movant chose the Common Pleas Court of Philadelphia County as the forum for her case to be tried before citizen of Philadelphia County.

(7)   Movant would be unfairly prejudiced by allowing the Debtors to engage in forum shopping in any capacity. The citizens of Philadelphia County have a very strong interest in the outcome of the case; the Roosevelt Inn is a well-known hotel in Northeast Philadelphia on one of Philadelphia's busiest roads, Roosevelt Boulevard; all defendants, including Debtor, regularly conduct business in Philadelphia County. Absent remand or abstention, the Court risks providing a road map for defendants to negate a plaintiff's choice of forum by declaring bankruptcy in bad faith, removing the

litigation to federal court, and seeking to have the dispute resolved there, instead of state court – as Movants chose here.

While factors 4, 5, 7, 8, 9, and 10 identified above by the *Kleiner* Court with respect to permissive abstention were not identified as relevant factors by *Dieterly* or *In re RBGSC*, these factors also support remand or abstention, for the following reasons:

(4)     Movant commenced an action in the Common Pleas Court of Philadelphia County, and this action has been pending since January 2020.  Further the related Other State Civil Actions were also commenced in the Common Pleas Court of Philadelphia County and have been litigating for several years.

(5)     There is no basis for federal court jurisdiction other than 28 U.S.C. § 1334, as there is no federal question jurisdiction in any of the State Civil Actions, and there is no diversity of citizenship in any of the State Civil Actions.

(7)     The State Civil Actions are not "core" proceedings. By definition, under 28 U.S.C. § 157(b)(2)(B), the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate are not core proceedings. The State Civil Actions are proceedings to liquidate personal injury tort claims which are presently unliquidated.

(8)     There are no matters asserted in the State Court Actions which are "core" bankruptcy jurisdiction matters, as all claims are personal injury claims. Further, it is entirely feasible to have any judgments entered in state court against Debtors with enforcement left to the Bankruptcy Court.

20

(9)     If the State Court Actions are not remanded, each will add a burden to this Court's docket, in the form of a proceeding which was commenced in state court and properly belongs in state court.

(10)    The Debtors filed for bankruptcy just hours before the commencement of jury selection in the M.B. State Civil Action and frantically tried to postpone trial with a Motion to Continue Trial and a Motion to Change Venue, both of which were denied by the Court of Common Pleas of Philadelphia County. The Roosevelt Inn had no real estate mortgage or other real estate liens, a very small amount of unsecured debt, and no other factors that would cause a bankruptcy filing other than five lawsuits involving the sexual exploitation of children – the instant Action and the four Other State Court Actions. The bankruptcy filing was followed in short order by the removal of the State Civil Actions. It is therefore apparent that the Debtors filed the bankruptcy case for sole purpose of delaying the State Civil Actions and forum shopping to move the State Civil Actions into federal court.

Since abstention and remand are overwhelmingly supported under the seven-factor test identified in *Dieterly* and the twelve-factor test identified in *Kleiner*, this Court should remand the State Court Actions so that they may be determined by the Court of Common Pleas of Philadelphia County. That is the forum the Movant chose when filing her State Civil Actions, the forum with familiarity with both the factual and legal issues involved, and the forum where citizens of Philadelphia have a strong interest to determine liability under Pennsylvania state law for the

sexual exploitation of Philadelphia children at the Roosevelt Inn – a Philadelphia fixture regarded as the epicenter of human trafficking.

      WHEREFORE, Movant respectfully requests that the Court enter an Order in the form proposed voiding the Removing Co-Defendants' Removal or remanding the Common Pleas Action to Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1452(b) and/or abstaining pursuant to 28 U.S.C. § 1334(c)(1), and that the Court grant such other and further relief as the Court deems just and proper.

*Respectfully Submitted,*

SALTZ MONGELUZZI & BENDESKY, P.C.

BY:   */s/ ARA7886*
     ROBERT J. MONGELUZZI
     ARA RICHARD AVRIGIAN
     *Attorneys for Plaintiff*

Date:   09/27/2021

22